UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| This Document Relates to: *Lyndon T. Wright v.* | | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

**************************************************************************

## FOREST RIVER, INC.'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY CHARGES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Forest River Inc. ("Forest River"), which, pursuant to the Court's Order, respectfully objects to the following jury charges contained in Plaintiff Lyndon Wright's Requested Jury Charges (Rec. Doc. 12399)[1]:

I. Plaintiff's Requested Jury Charge 3

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge substitutes "defective" for "unreasonably dangerous." Forest River respectfully suggests that if the requested legal principle contained in this charge is deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.54.

---

[1] Forest River notes that the vast majority of these proposed jury charges are identical to those filed by plaintiffs in the *Alexander* matter (Rec. Doc. 2045) and, accordingly, the Court has already ruled on a number of these issues.

II.     Plaintiff's Requested Jury Charge 5

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge incorrectly states that an unreasonable dangerous characteristic can result from reasonably anticipated alteration or modification of a product and excludes qualifying language contained in the definitions enumerated in La. Rev. Stat. § 9:2800.53. Forest River respectfully suggests that if the requested legal principles contained in this charge is deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.54© and La. Rev. Stat. § 9:2800.53(8).

III.     Plaintiff's Requested Jury Charge 6

Objection. The charge, in general principle, is duplicative of the express language of La. Rev. Stat. § 9:2800.54(A). Moreover, Forest River respectfully suggests that as specifically stated in the cited opinion, the charge incorrectly characterizes the express "unreasonably dangerous" language of the Louisiana Products Liability Act ("LPLA") as "safe." Forest River respectfully suggests that if the requested legal principle contained in this charge is deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.54(A).

IV.     Plaintiff's Requested Jury Charge 8

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.02.

V.     Plaintiff's Requested Jury Charge 9

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.02.

VI.     Plaintiff's Requested Jury Charge 10

Objection. The charge is an incomplete recitation of the law. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary,

the language should track the express language of La. Rev. Stat. § 9:2800.57 and/or Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

VII.  Plaintiff's Requested Jury Charge 11

Objection. The charge is an incomplete recitation of the law. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.57 and/or Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

VIII.  Plaintiff's Requested Jury Charge 12

Objection. The charge is an incomplete recitation of the law. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of La. Rev. Stat. § 9:2800.57 and/or Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

IX.  Plaintiff's Requested Jury Charge 13

Objection. The charge is an incomplete recitation of the law. Specifically, the requested charge cites pre-LPLA law. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

X.  Plaintiff's Requested Jury Charge 14

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

XI.  Plaintiff's Requested Jury Charge 16

Objection. The charge is duplicative of several of Plaintiff's other requested charges on his warnings claims under the LPLA. Moreover, Forest River respectfully suggests that the charge is an incorrect recitation of the law. Forest River respectfully suggests that if the requested legal principle contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

XII. Plaintiff's Requested Jury Charge 17

Objection. The charge is an incorrect recitation of the law. Specifically, the requested charge cites pre-LPLA law (*Halphen v. Johns-Manville Sales Corp.*, 484 So.2d 110, 114-15 (La. 1986)). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 11.03.

XIII. Plaintiff's Requested Jury Charge 19

Objection. The charge is an incomplete recitation of the law and superfluous in light of Plaintiff's requested Jury Charge No. 1. Specifically, the requested charge excludes qualifying language contained in the definitions enumerated in La. Rev. Stat. § 9:2800.53. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § § 11.08 and 11.09. The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA. This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate. Finally, Forest River objects for the reasons contained in Gulf Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XIV. Plaintiff's Requested Jury Charge 20

Objection. Specifically, the requested charge is not relevant to any of Plaintiff's claims. The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA. This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate. Finally, Forest River objects for the reasons contained in Gulf Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XV. Plaintiff's Requested Jury Charge 21

Objection. Specifically, the requested charge is not relevant to any of Plaintiff's claims and it is an inaccurate recitation of the law. The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA. This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate. Finally, Forest River objects for the reasons contained in Gulf

Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XVI.  Plaintiff's Requested Jury Charge 22

Objection.  Specifically, the requested charge is not relevant to any of Plaintiff's claims and it is an inaccurate recitation of the law.   The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA.  This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate.  Finally, Forest River objects for the reasons contained in Gulf Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XVII. Plaintiff's Requested Jury Charge 23

Objection.  Specifically, the requested charge is not relevant to any of Plaintiff's claims and it is an inaccurate recitation of the law.   The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA.  This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate.  Finally, Forest River objects for the reasons contained in Gulf Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XVIII. Plaintiff's Requested Jury Charge 24

Objection.  Specifically, the requested charge is not relevant to any of Plaintiff's claims and it is an inaccurate recitation of the law.   The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA.  This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate.  Finally, Forest River objects for the reasons contained in Gulf Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XIX.  Plaintiff's Requested Jury Charge 25

Objection.  Specifically, the requested charge is not relevant to any of Plaintiff's claims and it is an inaccurate recitation of the law.   The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA.  This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate.  Finally, Forest River objects for the reasons contained in Gulf

Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XX. Plaintiff's Requested Jury Charge 26

Objection. Specifically, the requested charge is not relevant to any of Plaintiff's claims and it is an inaccurate recitation of the law. The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA. This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate. Finally, Forest River objects for the reasons contained in Gulf Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XXI. Plaintiff's Requested Jury Charge 27

Objection. Specifically, the requested charge is not relevant to any of Plaintiff's claims and it is an inaccurate recitation of the law. The charge is also inappropriate, as plaintiff's requested charges 19 through 27 incorrectly presume that Forest River sold the travel trailer at issue directly to FEMA. This presumption is factually incorrect, and therefore charges 19 through 27 are inappropriate. Finally, Forest River objects for the reasons contained in Gulf Stream's Memorandum in Support of Motion to Dismiss, as supplemented (Rec. Doc. Nos. 1811-2 and 2187, incorporated here *in extenso*).

XXII. Plaintiff's Requested Jury Charge 28

Objection. The requested charge is not applicable to Forest River. Specifically, the requested charge impermissibly applies general negligence claims against Forest River in contravention of the exclusivity provisions of the LPLA.

XXIII. Plaintiff's Requested Jury Charge 29

Objection. The requested charge is not applicable to Forest River. Specifically, the requested charge impermissibly applies general negligence claims against Forest River in contravention of the exclusivity provisions of the LPLA.

XXIV. Plaintiff's Requested Jury Charge 30

Objection. The requested charge is not applicable to Forest River. Specifically, the requested charge impermissibly applies general negligence claims against Forest River in contravention of the exclusivity provisions of the LPLA.

XXV.  Plaintiff's Requested Jury Charge 31

Objection.  The requested charge is not applicable to Forest River.  Specifically, the requested charge impermissibly applies general negligence claims against Forest River in contravention of the exclusivity provisions of the LPLA.

XXVI.  Plaintiff's Requested Jury Charge 32

Objection.  The requested charge is not applicable to Forest River.  Specifically, the requested charge impermissibly applies general negligence claims against Forest River in contravention of the exclusivity provisions of the LPLA.

XXVII.  Plaintiff's Requested Jury Charge 33

Objection.  The charge is an incomplete and inaccurate recitation of the law.  Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §§ 11.01, 11.02 and 11.03.

XXVIII.  Plaintiff's Requested Jury Charge 34

Objection.  The requested charge is an incomplete and inaccurate recitation of the law.  Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.14 (2006).

XXIX.  Plaintiff's Requested Jury Charge 35

Objection.  The requested charge is not applicable to Forest River.  Specifically, the requested charge impermissibly applies general negligence principles against Forest River in contravention of the exclusivity provisions of the LPLA.  Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.14 (2006).

XXX.  Plaintiff's Requested Jury Charge 36

Objection.  The requested charge is an incomplete and inaccurate recitation of the law, as to Forest River.  Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express

language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), §§ 11.01, 11.02 and 11.03.

XXXI. Plaintiff's Requested Jury Charge 37

Objection. The requested charge is an incomplete and inaccurate recitation of the law, as to Forest River. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.14 (2006).

XXXII. Plaintiff's Requested Jury Charge 38

Objection. The requested charge is an incomplete and inaccurate recitation of the law, as to Forest River. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 5.01.

XXXIII. Plaintiff's Requested Jury Charge 39

Objection. The requested charge is duplicative of Plaintiff's Requested Jury Charge 37 and it is an incomplete and inaccurate recitation of the law, as to Forest River. Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatise (2d ed.), § 5.01.

XXXIV. Plaintiff's Requested Jury Charge 40

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXV. Plaintiff's Requested Jury Charge 41

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXVI.  Plaintiff's Requested Jury Charge 42

Objection.  The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006).  Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXVII.  Plaintiff's Requested Jury Charge 43

Objection.  The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006).  Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XXXVIII.  Plaintiff's Requested Jury Charge 44

Objection.  The requested charge is an incomplete recitation of the law.  Forest River respectfully suggests that if th requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 18.10.

XXXIX.  Plaintiff's Requested Jury Charge 45

Objection.  The requested charge is an incomplete and inaccurate recitation of the law.  Additionally, the requested charge impermissibly applies general negligence principles against Forest River in contravention of the exclusivity provisions of the LPLA.  Forest River respectfully suggests that if th requested legal principles contained in this charge are deemed necessary, the language should track the express language of Johnson, "Civil Jury Instructions," vo. 18 Louisiana Civil Law Treatise (2d ed.), § 18.10.

XL.  Plaintiff's Requested Jury Charge 47

Objection.  The requested charge is an incomplete and inaccurate recitation of the law, and duplicative of Plaintiff's Requested Jury Charge 28.  Forest River respectfully suggests that if the requested legal principles contained int his charge are deemed necessary, the language should track the express language of Fifty Circuit Pattern Jury Instructions - Civil 2.20 (2006) and/or Johnson, "Civil Jury Instructions," vol. 18 Louisiana Civil Law Treatises (2d ed.), § 18.01.

XLI.   Plaintiff's Requested Jury Charge 48

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 2.18 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 2.18 (2006).

XLII.  Plaintiff's Requested Jury Charge 49

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006).

XLIII. Plaintiff's Requested Jury Charge 50

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Furthermore, plaintiff has waived his right to recover past medical expenses, and the charge should reference this distinction expressly.

XLIV.  Plaintiff's Requested Jury Charge 51

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Furthermore, plaintiff has waived his right to recover past medical expenses, and the charge should not include any references to those expenses.

XLV.   Plaintiff's Requested Jury Charge 52

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Furthermore, plaintiff has dismissed his claim for loss of

earning capacity, and any references to that claim in this charge or any other charge should be omitted.

XLVI. Plaintiff's Requested Jury Charge 53

Objection. The requested charge is duplicative of Plaintiff's Requested Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Forest River respectfully suggests that if the requested legal principles contained in this charge are deemed necessary, the language should track the express language of Fifth Circuit Pattern Jury Instructions - Civil, 15.2, 15.3, 15.4 and 15.6 (2006). Furthermore, plaintiff has dismissed his claim for loss of earning capacity, and any references to that claim in this charge or any other charge should be omitted. The term "economic loss" should also be defined with greater precision due to plaintiff's dismissal of his claims for past medical expenses and loss of future earning capacity.

XLVII. Plaintiff's Requested Jury Charge 54

Objection. The requested charge is irrelevant, as plaintiff has never alleged that he suffered mental anguish or emotional stress as a result of witnessing something that causes injury to another person or as a result of coming on the scene of the event soon thereafter. While this charge may have been proposed in prior bellwether cases, it is not applicable in the instant case and must not be included.

**REVISIONS TO THE JURY CHARGES USED IN THE *ALEXANDER* CASE**

On March 4, 2010, Plaintiff submitted to the Court a revised version of the Jury Charges used in the *Alexander* case (Bellwether Trial I). In general, Forest River objects to plaintiff's proposed substantive changes to the charges. Forest River recognizes that the charges require modification to account for the differences in the parties, and it does not object to appropriate modifications to account for these changes.

In addition to its general objections, Forest River specifically objects to a number of revisions, as follows:

1. **CERTAIN CIRCUMSTANCES, HOWEVER, UNDER WHICH A MANUFACTURER DOES NOT HAVE TO PROVIDE AN ADEQUATE WARNING (P. 14-15)**

   Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

   Forest River submits that this charge is appropriate, as the jury should be allowed to consider whether the alleged danger is one which would be contemplated by the ordinary user, or whether the user knows or should be reasonably be expected to know of the danger. Formaldehyde is not an odorless substance, and Wright admitted that he thought the trailer was "making him sick." There is a sufficient factual basis to justify this charge.

2. **INADEQUATE WARNING - STATE OF THE ART DEFENSE (P.15)**

   Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

   This charge is appropriate in light of testimony from Forest River employees who described that Forest River never received any health complaints related to formaldehyde in the component parts of its travel trailers. The jury should be allowed to consider whether "reasonably available scientific and technical knowledge" existed that would support this defense raised by Forest River.

3. **MANUFACTURER - NO DUTY TO DESIGN PERFECT PRODUCT (P. 16)**

   Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

   Forest River questions how the "facts of the case" are different from those in the Gulf Stream bellwether, such that this charge is not appropriate. As in the *Alexander* matter, Louisiana law does not require that Forest River design products which will never wear out, regardless of the nature of use or maintenance of the product. Moreover, the maintenance of the trailer is of critical importance in this case, as plaintiff has alleged that numerous maintenance issues – including a leak at the door – existed while he resided in the trailer.

4. **UNREASONABLY DANGEROUS IN DESIGN - STATE OF THE ART DEFENSE (P. 16)**

   Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

   Forest River is certainly entitled to raise this defense. Plaintiff's experts have offered testimony regarding alternative designs of the trailer, and this charge allows jurors to determine whether these alternatives were feasible in light of the reasonably available scientific and technological knowledge that existed at the time. As discussed above, the question of whether Forest

River knew of the alleged danger has also been addressed by fact witnesses in the case, and the charge should not be modified.

**5.     SOPHISTICATED PURCHASER/USER (P. 17)**

Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

Forest River refers the Court to its Motion for Partial Summary Judgment on Failure to Warn (Rec. Doc. 10937) for a complete recitation of the reasons that Forest River is entitled to assert this defense. As noted in that Motion, Forest River provided numerous travel trailers to FEMA prior to Hurricane Katrina, and FEMA's Dave Porter personally inspected a prototype FEMA spec unit and had significant interactions with Forest River personnel regarding changes to the design. There are sufficient facts to justify this charge, and, in light of the fact that plaintiff never filed a Motion for Summary Judgment to exclude this defense, Forest River maintains that it should not be altered.

6.     **COMPARATIVE FAULT AND/OR NEGLIGENCE (P. 21-23)**

Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

Plaintiff's request to alter this portion should be denied. Plaintiff has raised allegations of negligence in this case, and Forest River maintains that the negligence of Wright should be considered by the jury as, *inter alia,* he failed to mitigate his damages by remaining in the trailer after he thought it was "making him sick." This charge is appropriate, as it addresses the negligence of both parties and non-parties alike.

**7.     INDEPENDENT CONTRACTOR DEFENSE (P. 23)**

Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

Forest River adopts the reasons raised by Shaw in its Objections to the edits proposed by plaintiff.

**8.     GOVERNMENT CONTRACTOR DEFENSE AND ITS SUBPARTS (P. 24-26)**

Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

Forest River refers the Court to its Motion for Summary Judgment on the government contractor defense (Rec. Doc. 10936) for a complete recitation of the reasons that Forest River is entitled to assert this defense. As noted in that Motion, Forest River built its travel trailers according to the design criteria set forth by FEMA. FEMA's Dave Porter personally inspected a prototype FEMA spec unit and had significant interactions with Forest River personnel regarding changes to

the design. There are sufficient facts to demonstrate that the government contractor defense should be allowed in this case, and, in light of the fact that plaintiff never filed a Motion for Summary Judgment to exclude this defense, Forest River maintains that the charge should not be altered.

9. **NON-LIABILITY OF CONTRACTOR FOR DESTRUCTION OR DETERIORATION OF WORK (P. 26)**

   Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

   For an explanation of the facts related to Forest River's role as a contractor, Forest River refers the Court to its Motion for Summary Judgment on the government contractor defense (Rec. Doc. 10936). There are sufficient facts to demonstrate that this charge is appropriate and should not be struck.

10. **FAULT ALLOCATED TO FEMA (P. 27)**

    Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

    Although FEMA was dismissed as a party to the lawsuit, FEMA's actions will still be considered by the jury. FEMA's decisions regarding temporary housing as well as their maintenance activities for the Wright unit involve questions of fault, and this charge should not be struck.

11. **MEDICAL EXPENSES (P. 32)**

    Plaintiff's change/reason for change: Strike/"Not Applicable to the Facts of this Case"

    Plaintiff's section on medical expenses references both "past or future" medical expenses. Plaintiff has dismissed his claim for past medical expenses, and the charge should be altered to reflect that fact.

12. **NO DAMAGES FOR FUTURE DISEASE (P. 38)**

    Plaintiff's change: Add line "However, this case is Lyndon Wrights only opportunity to recover damages for the mental distress and anguish associate (sic) with fear of cancer."

    Forest River asserts that plaintiff's proposed change is confusing and misleading. Should Wright file a future lawsuit related to the subsequent onset of cancer, he can recover for his past mental anguish damages, and plaintiff's proposed change suggests that Wright would not be able to recover these damages. The same charge used in the *Alexander* case should be used here as well.

Respectfully submitted,

/s/ Jason D. Bone
Ernest P. Gieger, Jr. (Bar Roll No. 6154)
Jason D. Bone (Bar Roll No. 28315)
Carson W. Strickland (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

# C E R T I F I C A T E

I hereby certify that on the 8th day of March, 2010, a copy of the foregoing *Objections to Plaintiff's Proposed Jury Charges* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the Court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Jason D. Bone
JASON D. BONE