UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S OBJECTIONS TO
PLAINTIFF'S PROPOSED JURY CHARGES AND JURY VERDICT FORM**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Shaw Environmental, Inc. ("Shaw"), and pursuant to the Court's Order, respectfully objects to the following jury charges contained in Plaintiff, Lyndon Wright's Requested Special Jury Charges:

I.  Plaintiff's Requested Jury Charge Nos. 1 and 2

Objection.  Shaw objects to each and every one of Plaintiff's Requested Jury Charges that impermissibly applies the Louisiana Products Liability Act to Shaw.  Shaw is not a "manufacturer" and specifically objects to Plaintiff's Requested Jury Charge Nos. 1 and 2, which directly refer to Shaw as such.  In fact, Plaintiff has "dismisse[d] with prejudice any and all claims against Shaw Environmental, Inc. under the Louisiana Products Liability Act." [Rec. Doc. 11240 and 11342].

II.  Plaintiff's Requested Jury Charge Nos. 3 through 27

Objection.  Shaw objects to Plaintiff's Requested Jury Charge Nos. 3 through 27, to the extent they impermissibly apply the Louisiana Products Liability Act to Shaw.  Plaintiff has "dismisse[d] with prejudice any and all claims against Shaw Environmental, Inc. under the Louisiana Products Liability Act." [Rec. Doc. 11240 and 11342].

III.    Plaintiff's Requested Jury Charge No. 28

Objection.  Shaw objects to Plaintiff's Requested Jury Charge No. 28 because it incorrectly states the law.  Among other things, Plaintiff's proposal wholly omits the duty element, which is essential to any negligence case.  In any event, negligence and the elements thereof are already covered by the charges read to the *Alexander* jury, and those charges have not been objected to by Plaintiff in this matter.  Shaw submits that the Court should charge the jury on negligence using the same language as was used in *Alexander*.

IV.    Plaintiff's Requested Jury Charge No. 29

Objection.  The requested charge is an inaccurate statement of law today.  In Louisiana, only if a special relationship exists between the parties does the law consider a failure to look out for the safety of others in evaluating liability.  Such a relationship does not exist in this case.  Moreover, this proposed charge was requested by Plaintiffs in the *Alexander* case, considered, and rejected.  Shaw respectfully submits that the same result is appropriate here.

V.    Plaintiff's Requested Jury Charge No. 30

Objection.  The statement of law in this charge is not relevant to the facts of this case.  Moreover, this proposed charge was requested by Plaintiffs in the *Alexander* case, considered, and rejected.  Shaw respectfully submits that the same result is appropriate here.

VI.    Plaintiff's Requested Jury Charge No. 31

Objection.  The requested charge is not an accurate statement of the law.  Moreover, this proposed charge was requested by Plaintiffs in the *Alexander* case, considered, and rejected.  Shaw respectfully submits that the same result is appropriate here.

VII.    Plaintiff's Requested Jury Charge No. 32

Objection.  The requested charge is not an accurate statement of the law.  Moreover, this proposed charge was requested by Plaintiffs in the *Alexander* case, considered, and rejected.  Shaw respectfully submits that the same result is appropriate here.

VIII .    Plaintiff's Requested Jury Charge Nos. 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, 53, and 54

Objection.  Shaw adopts Forest River, Inc.'s Objections to Plaintiff's Requested Jury Charge Nos. 33, 34, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, 53, and 54.

IX.     Plaintiff's Requested Jury Charge Nos. 35 and 45

Objection.  Shaw adopts Forest River, Inc.'s Objections to Plaintiff's Requested Jury Charge Nos. 35 and 45, except those portions which reference the applicability of the LPLA. Insofar as the LPLA is concerned, Shaw reasserts its objections as set forth in Section I. above.

**SHAW'S RESPONSES TO PLAINTIFF'S PROPOSED REVISIONS TO THE JURY CHARGES USED IN THE *ALEXANDER* CASE:**

On March 4, 2010, Plaintiff submitted to the Court a proposed revised version of the Jury Charges used in the *Alexander* case, giving no reason for his requested changes other than "not applicable to the facts of this case." Shaw maintains that this is not accurate, and, therefore, objects to plaintiff's proposed substantive changes to the *Alexander* charge. Shaw recognizes that the charges require modification to account for the differences in the parties, and it does not object to appropriate modifications to account for those changes.

In addition to its general objections to Plaintiff's proposed changes to the *Alexander* charge, Shaw adopts Forest River's specific objections. Additionally, with regard to the "Independent Contractor Defense," Shaw submits that this charge should not be struck, but rather, modified to account for the differences in the parties, as set forth in Shaw's Proposed Jury Instructions.

**SHAW'S RESPONSE TO PLAINTIFF'S PROPOSED JURY VERDICT FORM:**

Shaw objects to Plaintiff's proposed verdict form in that it fails to provide for the negligence of Plaintiff, the allocation of fault to FEMA or any third person or entity, and the immunity of defendants under the government contractor defense.

Respectfully submitted,<br>
**BAKER DONELSON BEARMAN**<br>
**CALDWELL & BERKOWITZ, PC**

 /s/ M. David Kurtz<br>
ROY C. CHEATWOOD (#04010)<br>
M. DAVID KURTZ, T.A. (#23821)<br>
KAREN KALER WHITFIELD (#19350)<br>
CATHERINE N. THIGPEN (#30001)<br>
201 St. Charles Avenue, Suite 3600<br>
New Orleans, Louisiana  70170<br>
Telephone:  (504) 566-5200<br>
Facsimile:  (504) 636-4000<br>

**ATTORNEYS FOR DEFENDANT,**<br>
**SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

 /s/ M. David Kurtz

4