UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright v. Forest River, Inc., et al*, Docket No. 09-2977 | | * * * | JUDGE ENGELHARDT: MAG: CHASEZ |

*************************************************************************

### FOREST RIVER, INC.'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY VERDICT FORM

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Forest River Inc. ("Forest River"), which, pursuant to the Court's Order, respectfully objects to the Jury Verdict Form proposed by plaintiff (Rec. Doc. 12400).

Forest River objects to plaintiff's proposed form as it fails to include portions for the allocation of fault for the following parties:

1. FEMA.  Although FEMA was dismissed as a party to the lawsuit, FEMA's actions will nevertheless be considered by the jury.  FEMA's decisions regarding temporary housing and their

response to formaldehyde concerns, combined with FEMA's role in maintenance responsibilities of Wright's unit, require the verdict form to include a separate section dealing with FEMA.

2. Other third parties. Numerous third parties were also responsible for maintaining the Wright unit. Testimony will be presented regarding the actions and responsibilities of maintenance contractors, installer subcontractors and others. A separate entry for these entities would not be confusing and would provide a more precise approach than that offer by plaintiff.

The verdict form should contain an additional section to address the negligence of plaintiff Lyndon Wright. As discussed in numerous motions, plaintiff admitted in deposition that he believed the trailer was "making him sick," yet he continued to reside in the unit. The Court has also considered the issue of Wright's mitigation of damages via the Motion in Limine regarding the financial matters of Bobbie Wright (Rec. Doc. 11416). The parties will present testimony on Lyndon Wright's negligence at trial, and, accordingly, the verdict form should include a separate section to address this issue.

Furthermore, plaintiff failed to include a portion related to the government contractor defense. For the reasons outlined in Forest River's Motion for Summary Judgment on the government contractor defense (Rec. Doc. 10936), Forest River maintains that it is appropriate to include a specific portion to address this issue, as detailed in the proposed Verdict Form filed by Shaw Environmental, Inc.

Finally, Question No. 9 includes an award for damages related to "past, present and future medical expenses for Lyndon Wright." Plaintiff has dismissed his claim for past and present medical expenses, and the verdict form must be revised to reflect this change.

Forest River respectfully requests that the Court strike the jury verdict form proposed by plaintiff.

Respectfully submitted,

/s/ Carson W. Strickland
Ernest P. Gieger, Jr. (Bar Roll No. 6154)
Jason D. Bone (Bar Roll No. 28315)
Carson W. Strickland (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

## **C E R T I F I C A T E**

I hereby certify that on the 8th day of March, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the Court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Carson W. Strickland
CARSON W. STRICKLAND
