UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 09-2977

## **ORDER AND REASONS**

Before the Court is Forest River, Inc.'s Motion to Exclude Expert Testimony of Paul J. LaGrange (Rec. Doc. 11380). This motion is opposed by Plaintiff. (See Rec. Doc. 11746). The Court has considered the memoranda of the parties and the applicable law. Accordingly,

**IT IS ORDERED** that **Forest River, Inc.'s Motion to Exclude Expert Testimony of Paul J. LaGrange (Rec. Doc. 11380)** is **DENIED**. First, as for Forest River's argument that LaGrange's testimony is duplicative, this motion is denied. The Court agrees with Plaintiff that, at this juncture, such an argument is premature. However, the Court reiterates that "[m]ultiple opinions on the same subject will generally not be admitted, absent prior consent of the Court based on a showing of compelling reasons." (Rec. Doc. 2062, p. 1). To the extent that LaGrange is called on to offer opinions as to certain subjects, it is expected of Plaintiff that Mallet will not be called on to testify

1

as to those same subjects. Again, the undersigned urges all counsel to refrain from offering duplicative testimony; doing so wastes valuable time and will result in an admonishment before the jury.

Second, this Court has previously ruled that no reference to building codes shall be admissible at trial. (See Rec. Doc. 12260). Thus, this motion is **DENIED as MOOT** in this regard. However, should Plaintiff choose to pursue the building codes admissibility issue further by filing a supplemental memorandum by the date given in the Court's previous Order (See Rec. Doc. 12260), then this specific issue is **REFERRED** to trial.

Last, to the extent that Forest River asserts that LaGrange should be prohibited from offering any testimony as to indoor air quality, the motion is denied. LaGrange may testify as to the blower door and duct blaster tests (done to determine the air leakage rates in parts of Plaintiff's EHU), and he may draw conclusions as to the indoor air quality to the extent the interpretation of those test results allows him to do so. However, Forest River may vigorously cross examine him on other, arguably more effective ways to examine air quality.

New Orleans, Louisiana, this 9th day of March, 2009.

**KURT D. ENGELHARDT**
**United States District Court**