UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 09-2977

# **ORDER AND REASONS**

Before the Court is Forest River, Inc.'s Motion to Exclude Expert Testimony of Ervin L. Ritter (Rec. Doc. 11393), which motion is opposed by Plaintiff.

As an initial matter, the Court again reiterates that repetitive or duplicative testimony from experts will not be allowed. Forest River contends that Ritter's expert testimony is merely duplicative of others, including Mr. Mallet. Counsel for Plaintiff is urged, and strongly cautioned, that the undersigned expects that an evaluation of expert opinions should occur pre-trial such that the jury hears the opinion one time, from the expert Plaintiff chooses to offer such opinion.

With regard to Forest River's objection to Ritter's testimony on grounds that it includes opinions relative to "code compliance" and "mold," the Court refers counsel to its prior rulings on these issues at Rec. Docs. 12049 and 12260). Those rulings are incorporated herein by reference, and are dispositive of these issues. Ritter's testimony shall be elicited only in

accordance.

Plaintiff asserts that Ritter is being tendered "as an expert in HVAC systems only" (statement of counsel for Plaintiff at Ritter's deposition, pages 148-149). Although Ritter can offer expert opinion testimony regarding the performance of the HVAC system within the subject trailer, his testimony must relate, in some material way, to the existence of formaldehyde in the unit. In other words, any short-comings in the HVAC system are not relevant unless they somehow tend to prove or disprove the existence and/or level of formaldehyde present in the EHU. Forest River claims that Ritter failed to equate any HVAC short-comings to increased temperature, humidity, and air quality; and, in fact, that Ritter opined only at a theoretical level, ignoring air quality testing data from the Wright trailer. Although the Court finds Ritter's opinion to be admissible, its infirmities as described by Defendants are surely grist for the cross-examination mill. In fact, if such data exists for the Wright trailer, Ritter will be expected to explain why he chose to ignore such data in favor of a "theoretical" approach.

Defendant Forest River also objects to any testimony regarding "alternative designs" of the trailer's HVAC and ventilation systems. The Court overrules this objection also, finding that the criticisms offered by Forest River of this expert testimony are valid, but nonetheless are appropriate for vigorous cross-examination.

For the above stated reasons, **IT IS ORDERED** that **Forest River, Inc.'s Motion to Exclude Expert Testimony of Ervin L. Ritter (Rec. Doc. 11393)** is **GRANTED IN PART AND DENIED IN PART**. It is granted to the extent that Ritter's testimony might be repetitive or duplicative of any other expert, and to the extent that his testimony includes opinions relating to code compliance and mold that are inconsistent with the Court's prior rulings; and denied in

the other respects discussed herein.

New Orleans, Louisiana, this 9th day of March, 2010.

                                       **KURT D. ENGELHARDT**
                                       **United States District Court**