UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                              MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

## **ORDER AND REASONS**

Before the Court is Forest River, Inc.'s Motion to Exclude Expert Testimony of Dr. Stephen Smulski (Rec. Doc. 11403). Plaintiff opposes this motion.

As Defendant states, this Court has previously ruled on similar opinions of Dr. Smulski offered in connection with the Alexander trial. (See Rec. Docs. 2800 and 7683). The undersigned sees no reason to revisit those orders, and they are incorporated by reference herein. To the extent those orders pertain to paragraphs 18, 21, 33 and 35, the motion is granted. Moreover, insofar as Dr. Smulski recites results from various testing reports on levels of formaldehyde, which tests he considered in formulating his opinion for this case, it must be made clear to the jury that those tests were not performed by him and he is not offering them as his own opinion, but rather as a basis for his ultimate opinion.

The parties have filed a Joint Stipulation of Fact wherein they agree that "the unit occupied by Lyndon Wright was manufactured by Forest River using only low-formaldehyde

emitting ["LFE"] wood products." (See Rec. Doc. 8334).  Although Dr. Smulski can explain the difference between LFE and regular wood, this explanation should be very brief and informative only.  Reference to any "regular" wood in the Wright trailer serves only to confuse the issues in this case, is contrary to facts which have been the subject of stipulation by counsel, and is not admissible.

Forest River also objects to Dr. Smulski's opinion regarding the intrusion of water into the trailer.  To the extent that Dr. Smulski sites water intrusion as the source of mold fungi growth, this Court has already ruled with regard to any claim arising out of alleged mold.  (See Rec. Doc. 12049).  Dr. Smulski can, however, testify as to water intrusion **only** insofar as it might affect the existence and/or levels of formaldehyde in the trailer, if any affect at all.

Likewise any discussion of rotten wood inside the trailer is excluded, since Dr. Smulski cannot identify the time frame when this damage occurred, or if it even existed during the time Plaintiff resided in the subject EHU.

With regard to paragraph 17, Forest River's motion is denied insofar as he may testify as to the types of wood in use at the time of the construction of this EHU, as well as any hazards, potential or real, existing with regard to the use of certain wood.  Moreover, although Dr. Smulski notes that a warning existed in the owner's manual of this EHU, he may not testify as to the adequacy of any such warning, as such issue is ultimately resolved by the jury.

As to paragraph 29, regarding CARB standards which became effective on January 1 2009, Forest River's motion is granted.  Regarding paragraphs 31, 33 and 35, wherein Dr. Smulski offers opinions on alternative designs that should have been adopted by Forest River, the motion is denied to the extent that Dr. Smulski can testify as to types of wood productions

available for use in the construction of the EHU, but granted to the extent that Dr. Smulski is not an expert in HVAC, in travel trailer design, or on installation/blocking of travel trailers.

For the foregoing reasons and the above-stated particulars, **IT IS ORDERED** that **Forest River, Inc.'s Motion to Exclude Expert Testimony of Dr. Stephen Smulski (Rec. Doc. 11403)** is **GRANTED IN PART and DENIED IN PART**. Counsel are instructed that their examinations of Dr. Smulski shall be guided accordingly.

New Orleans, Louisiana, this 9<u>th</u> day of <u>March</u>, 2010.

                                        **KURT D. ENGELHARDT**
                                        **United States District Court**