UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Lyndon T. Wright v. Forest River, Inc., et al*, | | * | |
| Docket No. 09-2977; | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING SHAW ENVIRONMENTAL, INC.'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO BUILDING CODES**

Plaintiff Lyndon T. Wright ("Plaintiff") respectfully submits this memorandum in response to the Order issued by this Court on March 3, 2010 (Document 12260), and in opposition to Shaw Environmental, Inc.'s ("Shaw" or "Defendant") Motion *in Limine* to Exclude References to Building Codes. For the reasons set forth herein, Plaintiff respectfully requests that the Court reconsider its Order of March 3, 2010, and that Shaw's motion be denied.

**I.   Building Codes are Relevant and Applicable to Issues Material to the Claims Asserted by Plaintiff**

The relevancy and applicability of the building codes, including the New Orleans Building Code, the International Building Code ("IBC"), and the International Residential Code ("IRC"), to the causes of action asserted by the Plaintiff in this case is demonstrated by the following evidence:

- Under the terms of its contract with FEMA, Shaw was obligated to follow state and local codes, including applicable building codes.[1] There was no waiver of the building codes in the ITAC contract signed by Shaw, according to the city of New Orleans' Chief Building Inspector Johnny Odom. *See* (Mallet Depo., Jan. 12, 2010, pp. 19-23 and Exhibit 3). Mr. Odom stated, "We did not waive code requirements, we did allow FEMA to have their own inspections." Thus, the city of New Orleans did not waive the code requirements but allowed the contractors to do their own inspections to insure compliance.

- The IRC, IBC, and New Orleans Building Code are applicable because the travel trailers,

---

[1] All documents and deposition testimony cited herein are available upon request *See,* ITAC Contract, at Attachment 7 (Travel Trailer Section); *see also*, Deposition of Al Mallett, Jr., Jan. 12, 2010, pp. 176-77; Deposition of Geoffrey Compeau, Jan. 7, 2010, pp. 69-70.

once set on a foundation, hard-wired, hard-plumbed, etc., were converted from travel trailers to temporary residences to which the building codes apply.[2]

- The building codes expressly apply to temporary structures and "dwellings". The intended use of the FEMA trailer was to serve as a "dwelling unit" for Plaintiff and, therefore, the temporary housing unit ("THU") fell within the purview of the New Orleans Building Code, along with the applicable sections of the IRC and the IBC.[3]

- A November 18, 2005 email from Mike Nobel (Shaw) to Andrew Burgess (Shaw - FEMA IA-TAC Contract Administrator) discusses Parish Permit issues and what is required, including building permits and certificate of Occupancy. Therefore, at least in November 2005, these parties were considering "permit" requirements that have to do with "permanent housing" of a travel trailer.

- James Brixius and Geoffrey Compeau, Shaw's 30 (b) 6 representatives who are most knowledgeable about the ITAC contract, admitted that Shaw was required to comply with local codes and ordinances and that they could not be waived pursuant to the contract.[4]

## II. Defendants Failed to Comply with the Building Codes

- Defendants failed to meet the IRC's and New Orleans Building Code's express requirement that, "Temporary structures and uses shall conform to the structural strength, fire safety, means of egress, light, ventilation and sanitary requirements of this code as necessary to ensure the public health, safety and general welfare." *IRC 2000*, R107.2; *Bldg. Code of the City of New Orleans, 2003*, 107.2; *see also*, (LaGrange Report, pp. 3-4); (Moore, p. 109).

- Defendants failed to comply with the building code requirements concerning items such as HVAC, insulation, water leakage, and loading levels.[5] For example, the air-conditioning unit was insufficient to meet standards because it uses recycled air and it does not have a ventilation system or outside air damper that draws fresh air in from the outside, and all building codes that were applicable during the relevant time require the introduction of outside air into the air conditioning system.[6] The floor, wall and ceiling insulation in the THU violated the IRC because the thickness of the insulation did not meet minimum code requirements and the resistance factor was far too low for the hot, humid climate in New Orleans. *Id.* at 131; *see also,* LaGrange Report, p. 4. Additionally, the air sealing in the THU was inadequate to meet the IRC 2000 or the New Orleans 2003 Building Code requirements. LaGrange Report, p. 4.

---

[2] *See e.g.*, Mallet Depo., Jan. 12, 2010, pp. 176-177, 457-58; Charles Moore Deposition, Oct. 27, 2009, pp. 34-35, 90, 107-109 (concluding that when the trailers are stacked on blocks and converted to immobile living structures, as they were in this case, they are temporary structures that fall within the purview of the IRC, the IBC and the NOBC); LaGrange Expert Report, pp. 3-4; Mallet Expert Report, p. 128; Ritter Expert Report, p. 22.

[3] As defined in the IRC, the term "dwelling" encompasses the THU at issue. *See*, *IRC 2000*, R202.

[4] *See*, Deposition of James Brixius, Aug. 20, 2008, pp. 17-18,49-50, 60-61, 72-73, 119-120, 204-205; *see also,* Compeau Depo., pp. 69-70).

[5] As examined in detail in the LaGrange Report, the THUs did not satisfy the building code requirements concerning insulation, air leaks, air conditioning and ductwork. *See generally*, LaGrange Report; *See also*, Ritter Report, pp. 7-8; Mallet Report, pp. 127-130.

[6] Ritter Report, p. 7; Deposition of Al Mallett, Jr., Oct. 28, 2009, p. 127.

2

- The construction means and methods used for the THU were not sufficient to meet code requirements for a long-term residence because of "the heat gain condition, the lack of insulation in the wall, the lack of ventilation without having to open windows and doors in the hot humid temperatures in Louisiana, the lack of insulation increased both the temperature inside of the building, but also in the wall and ceiling cavities, increasing the release of the formaldehyde materials that those panels were made of or made with." (Deposition of Al Mallett, Jr., July 17, 2009, pp. 458-59).

- The ductwork system in the THU was improperly installed and the materials used were insufficient to prevent leakage, and the vapor barrier was installed on the wrong side of the THU. (Deposition of Al Mallett, Jr., Oct. 28, 2009, p. 127). The ductwork in the THU also violated the building codes because none of the materials used to create the ductwork were *UL labeled*. (LaGrange Report, pp. 3-4).

- Defendants improperly supplied a vehicle that is exempt from residential building codes to be used as a house that is otherwise subject to residential building codes. The building codes mandate that a certain amount of ventilation be provided that could not be achieved in the trailer by natural air leakage alone. Therefore, Defendants had a duty to provide alternative means in the THU to meet the ventilation requirements set forth in the building codes. They failed to do so. The ventilation system in Plaintiff's THU did not have the capacity to bring fresh air from outside into the trailer. According to Forest River's Mr. Burian, Forest River did offer as an option the Fantastic Fan, a powered roof vent. (Jeff Burian Deposition, November 4, 2009, pp. 142-44). However, neither the Fantastic Fan nor any similar system was installed in Plaintiff's THU.

### III. Defendants' Failures to Comply with Building Codes Resulted in Conditions that Affected Plaintiff's Injuries.

- Lyndon Wright suffered injury as a result of long-term exposure to moderate levels of formaldehyde by living in the trailer for over 2 years.

- Defendants' violations of building code requirements regarding items such as HVAC, insulation, water leakage, and loading levels have a direct affect on off-gassing levels and can cause or contribute to the emission of formaldehyde gases in the temporary housing units, thereby causing Plaintiff injury.

- Defendants' failure to meet building code requirements led to duct leakage and numerous infiltration points from the exterior; both of which resulted in heat gain, increased relative humidity and moisture and contributed to the formaldehyde exposure suffered by the Plaintiff, both directly – in the case of the leaky ductwork – and indirectly –by the leaky ductwork and the THU generally, as can and will be shown by numerous experts at trial.

For all the foregoing reasons, Plaintiff respectfully request that the Court reconsider its Order of March 3, 2010, and deny Shaw's Motion *in Limine* to exclude any references to the building codes.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        Dennis Reich, Texas #16739600

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on March 9, 2010.

                s/Gerald E. Meunier
                GERALD E. MEUNIER, #9471