UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Nunnery, et al v. Keystone RV Industries., et al,*
E.D. La. Case No. 09-3871

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH SUBPOENA

MAY IT PLEASE COURT:

The Subpoena issued by defendant, Keystone RV Company (Keystone), to J.P. Morgan Chase seeking all financial records of plaintiff, David McGraw, must be quashed as it represents an abuse of the discovery process. The Subpoena is unduly burdensome and seeks information irrelevant to present litigation.

I. **Background**

On February 26, 2010, Keystone RV Company issued a Subpoena to J.P. Morgan Chase Bank, pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure seeking,

> "Any and all documents pertaining to all checking and/or savings accounts (individual and joint), all investment accounts (CDs, IRAs, and any and all investment accounts), safety deposit accounts, and any credit cards, advances, loans, or mortgages extended, including, but not limited to, all applications, statements (monthly, quarterly or otherwise), canceled checks, electronic or automatic payments and debits, information regarding direct and/or manual deposits, withdrawals, safety deposit sign-in logs, interest accrued or paid, and all other information regarding any and all accounts, of

any nature whatsoever, opened in the name of David L. McGraw, SSN XXX-XX-4771, DOB XX/XX/1963, residing at 5212 Dauphine St., New Orleans, LA 70017."[1]

## II.  Law and Argument

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is <u>relevant</u> to any party's claim or defense." (emphasis added) The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1971). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

A subpoena issued pursuant to Fed. R. Civ. P. 45 must fall within the scope of proper discovery as outlined by Rule 26(b)(1). *See generally Terwillegar v. Offshore Energy Services, Inc., et al*, 2008 WL 2277879 (E.D.La. 2008). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon motion by the party served, or as here, by the party claiming a privacy interest in the records sought. *Id.*[2] In addition, Rule 45(c)(3)(A)(iv)

---

[1] Keystone's Subpoena, attached as Exhibit A, p. 5.

[2] A motion to quash or modify a subpoena under Rule 45(c)(3) may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. *Kiger v. Plaisance Dragline*, Civ. A. 04-3453, 2006 WL 3228289, at * 1 (E.D.La. Nov.2, 2006) (Roby, J.). However, a party, though not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have standing if he or she has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. *Id.* Here, it cannot be disputed that Mr. McGraw enjoys a significant interest in the privacy of his financial information.

provides that the Court may quash or modify a subpoena if that subpoena subject a person to an undue burden.

In the case at bar, Keystone's subpoena subjects Mr. McGraw to an undue burden. A subpoena is considered unduly burdensome when the Court finds that it is "unreasonable or oppressive." *Schmulovich v. 1161 Rt. 9 LLC*, et al., 2007 WL 2362598, *4 (D. N.J. 2007) (*citing Northrop Corp. v. McDonnell Douglas Corp.*, 752 F.3d 395, 403 (D.C.Cir. 1984)). In order to determine if a subpoena is unreasonable or oppressive Courts have utilized the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request of the production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed entity. *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 495 (E.D.Pa.2005).

Here, the above enumerated factors weigh in clear favor of quashing Keystone's third-party subpoena seeking any and all financial documents of any nature whatsoever, opened in the name of or on behalf of David McGraw. *See* Exhibit A. First, there is no legitimate, relevant need for Mr. McGraw's personal financial data in the present litigation. Mr. McGraw is not making any claim for economic loss for which the defendant may have needed his prior financial records. Second, the subpoena as issued requests all financial documents pertinent to Mr. McGraw has no time period limitation. As Mr. McGraw is forty-seven years old, the defendant is effectively seeking forty-seven years of financial records. Third, the particularity with which the documents sought are described is in fact so broad and expansive, that Keystone's subpoena cannot be seen as anything other than a fishing expedition into Mr. McGraw's financial history, an arena where Mr. McGraw clearly

maintains a reasonable expectation of privacy. *See e.g. Plaquemines Parish Commission Council v. Delta Development Co., Inc.*, 472 So.2d 560, 568 (La. 1985).

### III. Conclusion

The Subpoena issued by Keystone seeking the financial records of David McGraw should be quashed as it is unduly burdensome and seeks information irrelevant to the litigation at hand. Clearly, Keystone's request for this private information is overbroad, vexatious and harassing. Accordingly, plaintiff respectfully requests this Court quash the Subpoena issued to J.P. Morgan Chase.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on March 9, 2010.

/s/ Justin I. Woods
JUSTIN I. WOODS