AO 88 (Rev. 11/94) Subpoena in a Civil Case

## Issued by the
# United States District Court

### EASTERN DISTRICT OF LOUISIANA

## SUBPOENA IN A CIVIL CASE

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION,
NO. 07-MD-1873

(USDC, Eastern District of
Louisiana Suit No. 09-3871)

Applies to: Nunnery v. Keystone Industries,
Inc., No. 09-3871

To: Custodian of Records for J.P. Morgan Chase Bank,
N.A.
Care of C T Corporation System
5615 Corporate Blvd, Suite 400 B
Baton Rouge, 70808

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE EXHIBIT "A"

| PLACE | DATE AND TIME |
|---|---|
| Jones Walker Law Firm,<br>8555 United Plaza Boulevard, 5th Floor<br>Baton Rouge, LA 70809 | March, 15, 2010<br>10:00 A.M. |

| ☐ YOU ARE COMMANDED to permit inspection of the following remises at the date and time specified below. | |
|---|---|
| PREMISES: | DATE AND TIME: |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| Ryan E. Johnson<br>Attorney for Defendant<br>Keystone RV Company | February 26, 2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

{B0646540.1}



PLAINTIFF'S EXHIBIT
tabbies
A

Ryan E. Johnson
Attorney for Defendant Keystone RV
Company
Jones Walker
8555 United Plaza Blvd.
Building IV, 5th Floor
Baton Rouge, LA 70809-7000
225-248-2000
rjohnson@joneswalker.com

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

{B0646540.1}

## PROOF OF SERVICE

| SERVED<br>Subpoena for<br>Deposition &<br>Production of<br>Documents | Date<br>02/26/2010 | Place<br>5615 Corporate Blvd, Suite 400 B<br>Baton Rouge, 70808 |
|---|---|---|

| Served on (Print Name)<br>Custodian of Records for J.P. Morgan Chase Bank, N.A., care of<br>C T Corporation System, Inc. | Manner of Service<br>Hand Delivery |
|---|---|
| served by (Print Name) | Title:<br>Courier |

### DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

                      Date

                                              Signature of Server

                                              8555 United Plaza Blvd., Baton Rouge, LA  70809
                                              Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c)      PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

        (1)      A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

        (2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

           (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

        (3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

               (i)      fails to allow reasonable time for compliance;

               (ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

applies, or

         (iii)    requires disclosure or privileged or other protected matter and no exception or waiver

         (iv)    subjects a person to undue burden.

      (B) If a subpoena

         (i)    requires disclosure of a trade secret or other confidential research, development, or commercial information, or

         (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

         (iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)      DUTIES IN RESPONDING TO SUBPOENA.

      (1)      A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

      (2)      When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## EXHIBIT "A"

## DEFINITIONS

A.    "Documents" means the original and any non-identical copy of all "writings," "recordings," and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence.    Furthermore "documents" means any hand written, printed, non-printed, typed, photocopied, photographic, reproduced and graphic matter of any kind.  This includes, but is not limited to, letters, telegrams, cablegrams, telexes, e-mail messages, electronic bulletin board messages, calendars, computer files, correspondence, desk pads, interim or tentative drafts, conversations or communications, statements, computer files, information stored on computer back up tapes, memoranda, hand written notes, electronic notes, records, reports, studies,    diaries, agenda, minutes, books, pamphlets, periodicals, newspaper clippings, graphs, indices, charts, tabulations, statistical accumulations, ledgers, financial statements, accounting entries, press releases, financial statements, accounting entries, contracts, affidavits, transcripts, legal documents, records of meetings and conferences, records of conversations and telephone calls, still photographs, videotapes, motion pictures, tape recordings, microfilms, punch cards, computer programs, printouts, lie detector examination records, recordings made through data processing techniques, photographs, videos, and the written information necessary to understand and use such films and records.

B.    A document that is "pertaining to" any given subject means any document that in whole or in part constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject, including without limitation, documents concerning the preparation of other documents.

## YOUR ARE COMMANDED TO PRODUCE THE FOLLOWING:

1.    Any and all documents pertaining to all checking and/or savings accounts (individual and joint), all investment accounts (CDs, IRAs, and any and all investment accounts), safety deposit accounts, and any credit cards, advances, loans, or mortgages extended, including, but not limited to, all applications, statements (monthly, quarterly or otherwise), canceled checks, electronic or automatic payments and debits, information regarding direct and/or manual deposits, withdrawals, safety deposit sign-in logs, interest accrued or paid, and all other information regarding any and all accounts, of any nature whatsoever, opened in the name of or on behalf of David L. McGraw, SSN XXX-XX-4771, DOB XX/XX/1963, residing at 5212 Dauphine St., New Orleans, La 70117.