UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF JOHN D. OSTERAAS, PH.D., P.E.

**STATE OF CALIFORNIA**

**COUNTY OF SAN MATEO**

BEFORE ME, the undersigned Notary Public, personally came and appeared:

**John D. Osteraas, Ph.D., P.E.**

who, after being first duly sworn, did depose and state the following:

1. My name is John D. Osteraas, Ph.D., P.E.

2. I am a Group Vice President and Principal Engineer with Exponent Failure Analysis Associates. ("Exponent").

**Exhibit A**

3. Exponent routinely engages in testing of exemplars, ranging from nuts and bolts, to full scale replication of automobile accidents.

4. Challenges to our exemplar analyses are rare and are never predicated on a lack of an invitation for opposing parties to observe them.

5. ASTM has a relevant standard[1] that recommends notification of interested parties only if testing of **actual evidence** may alter the condition of the evidence.

6. This ASTM standard is applicable only to "**actual items** or systems (hereinafter termed evidence) that may have been involved in a specific incident that are or may be reasonably expected to be **the subject of** civil or criminal **litigation**."[2]

7. No such recommendation for notification of interested parties is associated with testing of exemplars.

8. It is not the common practice of Exponent or, in my experience, the practice of any other organization doing similar work to notify opposing parties of testing of non-evidence exemplar items.

9. Exponent's report in the captioned matter fully describes the exemplar instrumentation and test procedures, including route traveled and vehicle speed at every second of the testing, in sufficient detail that the testing could be repeated by any competent technician. All electronic data recorded during the test were produced on DVDs as part of my

---

[1] ASTM E860 - 07 Standard Practice for Examining And Preparing Items That Are Or May Become Involved In Criminal or Civil Litigation.

[2] *Id.* at ¶ 1.1 (emphasis added).

document production. These are essential elements of any scientifically based testing and they were satisfied in our report and document production.

10. The exemplar trailer purchased for testing was one of several available for purchase on the open market.

11. During Exponent's exemplar testing there was nothing for plaintiff to observe that was not fully documented and photographed. Exponent instrumented the trailer in the same manner as the Wright unit (which the plaintiff's experts observed), hooked instruments up to a computer to record data, hooked the trailer up to a truck, and towed the trailer from Phoenix Arizona to Menlo Park California, where it is now parked.

12. In addition, while not generally considered necessary, we have preserved the exemplar vehicle and test instrumentation, all of which have been available for inspection upon request since the time of our testing.

JOHN D. OSTERAAS, PH.D., P.E.

Subscribed and sworn to before me this 8th day of March, in the year 2010.

Notary Public

My commission expires: April 11, 2010