UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                         SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member case No. 09-2977

Member Case No. 07-9228

# ORDER AND REASONS

Before the Court is Forest River, Inc.'s Motion to Exclude Expert testimony of Dr. Patricia Williams (Rec. Doc. No. 11404).  This motion is opposed.  The Court notes that Dr. Williams appeared in the first bellwether trial in this multi-district litigation, *Alexander v. Gulf Stream, et al*, No. 09-2892, and was set to appear in the December bellwether trial, before that matter settled. To the extent that any issues in the instant motion are identical to those previously argued, the Court's previous Orders (including the Order and Reasons at Rec. Doc. 8053) control.  To the extent that this motion raises new issues, the Court rules as follows:

(1)      **Dr. Williams' Opinions Regarding Associations**: Denied, to the extent that such opinions are clearly offered as evidence of the reasonableness of Plaintiff's fear of cancer and NOT as proof

of medical causation .

(2)     **Dr. Williams' Opinions on the Cause-Effect Relationship between Formaldehyde and Other Medical Conditions:** Dr. Williams asserts that a cause-effect relationship exists between formaldehyde and (1) upper respiratory tract damage and cancer, (2) bronchoconstriction/asthma and (3) eczema.  Forest River argues that none of Plaintiff's medical experts offer any specific causation testimony on any of these issues.[1] Specifically, Forest River contends that no expert in this case has diagnosed Plaintiff with eczema. Further, it claims that no expert has ever diagnosed Plaintiff with cancer. Last, while Forest River admits that Plaintiff has been diagnosed as an asthmatic by experts in this case, it asserts that no expert has opined that such condition was caused or exacerbated by Plaintiff's alleged exposure to formaldehyde and/or mold.[2]

First, it should be made known that Plaintiff has not been diagnosed with cancer; no expert should testify to the contrary.  Further, any testimony relating to an alleged link between formaldehyde exposure and cancer is relevant only to the reasonableness of Plaintiff's alleged fear of cancer claim.

Second, Dr. Miller concluded, "within a reasonable degree of medical probability, the exposure to formaldehyde emissions during [Plaintiff's] approximately 28 months of residence

---

[1]     In a toxic tort case, a plaintiff must prove both general causation and specific causation -- and must do so with competent expert testimony. *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007).

[2]     This Court has already dismissed any claim arising out of alleged mold exposure. (See Rec. Doc. 12049).

in the FEMA trailer significantly exacerbated [Plaintiff]'s rhinosinusitis", which is an upper respiratory ailment. (Exhibit F to Rec. Doc. [Order for 11824]), pp. 4-7).

Third, while Dr. Smith ultimately concluded that "[t]here is no objective evidence that exposure to formaldehyde . . . in the FEMA-provided travel trailer has caused or will cause any permanent injury", the following testimony of Dr. Smith is enough to justify denial of the instant motion as to any asthma -related claims: Wright had "rhinitis, conjunctivitis, and headaches possibly on the basis of an irritating substance in the travel trailer" and his "cough that he experienced while living in the trailer was mild, historically, but may have been worse than it might have otherwise have been because of underlying asthma." (See Exhibit A to Rec. Doc. 11919, p. 3). Thus, the motion is denied in this regard.

Last, as for any alleged claims relating to eczema, the motion is granted as Plaintiff failed to respond to Forest River's argument. Such testimony shall be excluded.

Considering the foregoing, **IT IS ORDERED** that **Forest River, Inc.'s Motion to Exclude Expert testimony of Dr. Patricia Williams (Rec. Doc. No. 11404)** is **GRANTED IN PART and DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 10th day of March, 2010.

**KURT D. ENGELHARDT**
**United States District Judge**

3