UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
*Lyndon Wright v. Forest River, Inc., et al*
*Case No. 09-2977 (E.D. La.)*

## ORDER AND REASONS

Before the Court is Shaw Environmental, Inc.'s ("Shaw") Motion in Limine to Exclude Expert Testimony of Paul Hewett, Ph.D ("Hewett") (Rec. Doc. No. 11415). This motion is opposed by plaintiff. The Court has reviewed the memoranda submitted, and considered the issues raised therein.

The Court initially notes that Hewett's expert testimony has been the subject of prior motion practice in the two previous bellwether trials held in this MDL. The Court's ruling herein in no way departs from those prior rulings, and they are specifically incorporated herein by reference.

Shaw contends that Hewett improperly relied upon a data set compiled, at least in part, by DeVany, and that the DeVany data came from a statistically different population, thus affecting his calculations of the average formaldehyde concentration in Forest River trailers. Shaw further notes

1

that the DeVany data was compiled on Forest River units that were enclosed and unventilated, thus skewing the results to be more favorable to plaintiff than would be if measured under actual living conditions. This Court previously ruled that, while Hewett may not be in a position to vouch for the accuracy or reliability of the data provided to him, such will not be his task at trial. The Court further noted that Hewett's opinion may only be as good as the underlying data which was supplied to him, or which he chose to utilize, which is a common method of scrutinizing the opinion of a testifying expert under cross examination. To the extent that use of the DeVany data (or any other underlying data upon which Hewett relies) might be fertile grounds for attacking the statistical infirmities of Hewett's opinion, Shaw (and Forest River) certainly may do so.

Shaw also objects to Hewett's testimony on grounds that he was asked by plaintiff's counsel to use regulatory risk assessment variables set forth pursuant to the standards of the National Institute for Occupational Safety and Health (NIOSH) and the Agency for Toxic Substances and Disease Registry (ATSDR). Shaw states that those levels are not established as the appropriate levels upon which its liability is contingent. The Court fully expects that plaintiff's counsel, in his direct examination of Hewett, will make it clear to the jury where those levels came from, and that those levels do not necessarily establish Forest River's or Shaw's liability in this case. The Court is also willing to give an appropriate instruction to the jury when Hewett testifies as to his analysis of the formaldehyde levels comparative to these two particular measurement standards, i.e., that failure to meet either of those two standards does not necessarily establish grounds for liability in this case. To be clear, ambient formaldehyde levels established for a variety of regulatory purposes will **not** be conveyed to the jury as the benchmark or threshold for the establishment of legal liability.

Shaw further attacks Hewett's report on several other grounds inherent in his analysis of the data, and claims that those alleged infirmities cannot be sufficiently demonstrated to the jury for the jurors to evaluate. The Court disagrees, and finds that Hewett's analysis is otherwise admissible. Again, whether the jury finds Hewett's analysis acceptable, probative and/or convincing in this case, even after the scrutiny of cross examination, is another question.

It is noted that, in this Court's prior Order (Rec. Doc. No. 12450), defendants are advised that attacks on Hewett's expert work on grounds that his analysis was incomplete are fair game, except that if Hewett performed further analysis that was not timely submitted to the Court and thus excluded on motion of the defendants, defendants should not elicit on cross examination that such work was never done (when in truth and in fact it was done, but was not timely submitted). In the event defendants suggest to the jury that Hewett's work was incomplete in that the information in the Supplemental Report was not provided to the jury, Hewett will be allowed to explain what work he did do.

For the above stated reasons, the Motion in Limine filed herein by Shaw is **DENIED**.

New Orleans, Louisiana, this 10th day of March, 2010.

_____
**KURT D. ENGELHARDT
United States District Judge**