UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
*Lyndon Wright v. Forest River, Inc., et al*  
*Case No. 09-2977 (E.D. La.)*

## **ORDER AND REASONS**

Before the Court is the defendant Forest River, Inc.'s Motion to Limit/Exclude the Testimony of Alexis Mallet ("Mallet")(Rec. Doc. No. 11383), one of plaintiff's experts. The motion is opposed by plaintiff.

The Court notes, as a threshold matter, that many, if not most, of Mallet's opinions are set forth in the expert reports of other experts plaintiff intends to call at trial. The Court agrees that these opinions are duplicative, and again cautions plaintiff that elicitation of the same opinions from different experts will result in admonishment before the jury, and exclusion of any such duplicative opinions.

Also, plaintiff's claim based upon the presence of mold has been dismissed (Rec. Doc. No. 12049), and the Court has already ruled with regard to issues surrounding building code enforcement (Rec. Doc. No. 12260).

With regard to Mallet's specific opinions in this case, the Court finds that Mallet is qualified generally as an expert in the field in which he is offered. Nonetheless, many of the opinions Mallet issues in this case are either inconclusive or irrelevant to the issues to be presented to the jury. For instance, Mallet is not an expert in HVAC in particular, nor is he a wood products expert; he is not an expert in jacking of travel trailers and installation for use by an occupant. Although Mallet does have a wide range of experience in building in general, these areas of expertise are potentially the subject of other experts at trial, and thus his opinions in this regard are excluded if offered by those other experts. In fact, after reviewing the submissions of counsel, the only opinion which Mallet offers relates to the provision and functionality of the vapor barrier in the EHU. Even this testimony, however, is undercut by the fact that Mallet testified that he did not observe any vapor damage between the wall board and vinyl covering nor did he capture the depiction of any such moisture damage by way of photograph or other recordation.

At this juncture, the undersigned urges counsel for the plaintiff to reconsider the utility of Mallet's testimony, given that it will indeed be quite limited in scope, and will not be inclusive of any opinions offered by other of plaintiff's experts which the Court has indicated are permissible.

New Orleans, Louisiana, this 10th day of March, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**