UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*<br>No. 09-2977 | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING MOTION *IN LIMINE* TO EXCLUDE BUILDING CODES

Plaintiff's "Memorandum for Reconsideration" (R. Doc. 12644) of this Court's Order excluding references to building codes (R. Doc. 12260; the "Order") does little more than illustrate why the Order was correct in the first place.  Despite clear instructions from the Court, Plaintiff has still failed to identify any specific evidence that building codes are applicable, or any specific conditions resulting from violations of those codes that affected Plaintiff's alleged injuries.  Rather, Plaintiff presents three pages of argument, mostly single spaced,[1] and all of which rehash Plaintiff's prior brief.  The Order should not be disturbed.

### I.    Building Codes Are Not Applicable to the Wright Trailer.

Plaintiff claims that building codes apply because they are not waived.  This bizarre argument suggests that it is incumbent on the defendants to obtain waivers of laws that do not apply in the first instance.  There was no waiver of New Orleans' ordinances regulating the distribution of alcoholic beverages, either, but that does not make them applicable, much less relevant, to this litigation.

---

[1]    This evasion of the Court's three-page limit hardly seems appropriate.

The specific argument that there was no waiver of codes in the IA/TAC also makes no sense. The "support" for this proposition is an email from Johnny Odom, who clearly lacks foundation to say what is or is not in Shaw's contract with FEMA. Shaw acknowledges that the IA/TAC does not "waive" building codes. That is because no waiver was necessary. Travel trailers are vehicles with vehicle identification numbers. They are not buildings merely because FEMA decided to use them as emergency housing and place them on blocks. Plaintiff has presented no evidence to support the idea that building codes apply to these trailers, particularly since New Orleans code officials were aware that tens of thousands of them were installed in the city and did not apply the codes to them.

Plaintiff also makes a spurious argument about a Shaw email.[2] Plaintiff cites to this discussion of permit requirements as if it had something to do with the trailer that Plaintiff occupied. However, Plaintiff fails to point out that this email related only to group sites – not private sites, on which the Wright Trailer was installed. Shaw's corporate representative, Geoff Compeau, testified about this,[3] and yet, Plaintiff disingenuously refers the Court to this email suggesting that it supports the application of building codes to the Trailer, without informing the Court that Shaw had already explained differently.

Plaintiff's argument that defendants failed to comply with building codes is encapsulated in his third bullet point on page 3: "Defendants improperly supplied *a vehicle that is exempt from residential building codes* to be used as a house...." It is telling that Plaintiff's real complaint is that he wanted a house and got a trailer. To accept Plaintiff's argument would mean that the defendants were required to build Plaintiff a house, rather than manufacture and install a

---

[2] The email, which Plaintiff did not supply to the Court, is attached as Exhibit "A." The Court will note that the phrase "permanent housing," which appears in quotation marks in Plaintiff's brief as if it came from the email, does not actually appear in the email.

[3] Compeau Deposition, pp. 358-59. A copy of this excerpt is attached hereto as Exhibit "B."

trailer that FEMA specified, purchased, and mandated be installed on concrete blocks at Plaintiff's residence. That is absurd. FEMA selected trailers as the means of providing emergency housing. For Forest River to have supplied, and for Shaw to have installed, something else, would have violated their contracts with FEMA. Indeed, the government contractor defense immunizes both Forest River and Shaw against any liability arising from their supply/installation of a trailer as specified.

**II.     There Is No Specific Evidence Linking a Building Code Violation to an Injury.**

A main point of Shaw's motion in limine was that, even if building codes applied to trailers, they are still irrelevant because there is no evidence that any violation caused Plaintiff's injuries. The Court agreed in the Order, and it invited further briefing only to the extent that Plaintiff could show "specific conditions" that resulted from building code violations and affected Plaintiff's injuries. Plaintiff's memorandum, however, does no such thing; rather, it presents the same generalities that Plaintiff advanced in his opposition to Shaw's motion.

Indeed, Plaintiff included three bullet points to respond to the Court's request for "specific conditions," none of which are linked to injuries. The first point is simply a claim that Plaintiff was injured; it does not even refer to the building code. The second point merely declares, as if by fiat, that unspecified "violations" of the codes "have a direct affect on off-gassing levels." The third point again refers generically to "duct leakage and numerous infiltration points" – not specific conditions. Moreover, the statement that these things "contributed" to formaldehyde exposure is wholly unsupported by evidence. Plaintiff claims that this "can and will be shown by numerous experts at trial," but the absence of specific evidence – as requested by the Court – speaks volumes. Plaintiff's improper attempt to insert irrelevant arguments of building code violations into the trial of this matter should not be permitted as the potential for unfair prejudice and confusion is too great. The Court's Order should stand.

3

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.


  /s/ M. David Kurtz

4