# Transcript of the Testimony of
# Videotaped Deposition of Kenneth B. Smith, M.D.

## Date taken: December 4, 2009

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Wright)

**\*\*Note\*\***
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a
**Username** and **Password**.

# Professional Shorthand Reporters, Inc.
Phone:   504-529-5255
Fax:   504-529-5257
Email:   reporters@psrdocs.com
Internet:   www.psrdocs.com

Case 2:07-md-01873-KDE-MBN   Document 12741-11   Filed 03/10/10   Page 2 of 3

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Wright)    Videotaped Deposition of Kenneth B. Smith, M.D.

## Page 1

```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

        IN RE:  FEMA TRAILER        MDL NO. 1873
        FORMALDEHYDE PRODUCTS       SECTION "N"(4)
        LIABILITY LITIGATION        JUDGE ENGELHARDT

        This document relates to:  Lyndon T. Wright
                      v. Forest River, Inc., et al
                      Docket No. 09-2977
                              *  *  *
             Videotaped Deposition of KENNETH
        B. SMITH, M.D., 4200 Houma Boulevard,
        Respiratory Care Department, Metairie,
        Louisiana 70006, taken at the offices of
        Gieger, Laborde & Laperouse, L.L.C., One
        Shell Square, 701 Poydras Street, Suite
        4800, New Orleans, Louisiana 70139, on
        Friday, the 4th day of December, 2009.

        REPORTED BY:
             JAMES T. BRADLE, CCR
             PROFESSIONAL SHORTHAND REPORTERS
             (504)529-5255
        VIDEOGRAPHER:
             BRIAN SOILEAU
             PROFESSIONAL SHORTHAND REPORTERS
             (504)529-5255
```

## Page 2

```
 1    APPEARANCES:
 2         THE LAW OFFICES OF FRANK
             J. D'AMICO, JR.
 3         (BY: FRANK J. D'AMICO, JR., ESQUIRE)
           622 BARONNE STREET
 4         NEW ORLEANS, LOUISIANA 70113
 5         REICH & BINSTOCK
           (BY: DENNIS C. REICH, ESQUIRE)
 6         4265 SAN FELIPE, SUITE 1000
           HOUSTON, TEXAS 77027
 7
             ATTORNEYS FOR THE PLAINTIFFS
 8
           U.S. DEPARTMENT OF JUSTICE
 9         (BY: JONATHAN R. WALDRON, ESQUIRE -
             VIA TELEPHONE)
10         CIVIL DIVISION, ENVIRONMENTAL TORTS
             SECTION
11         1331 PENNSYLVANIA AVENUE, N.W.
           WASHINGTON, D.C. 20004
12
             ATTORNEYS FOR DEFENDANT, UNITED
13           STATES OF AMERICA
14         BAKER DONELSON
           (BY: KAREN KALER WHITFIELD, ESQUIRE)
15         201 ST. CHARLES AVENUE, SUITE 3600
           NEW ORLEANS, LOUISIANA 70170
16
             ATTORNEYS FOR DEFENDANTS,
17           CH2M HILL CONSTRUCTORS, INC. AND
             SHAW ENVIRONMENTAL, INC.
18
           GIEGER, LABORDE & LAPEROUSE, LLC
19         (BY: ERNEST P. GIEGER, JR., ESQUIRE
             JASON D. BONE, ESQUIRE AND
20           CARSON W. STRICKLAND, ESQUIRE)
           701 POYDRAS STREET
21         SUITE 4800
           NEW ORLEANS, LOUISIANA 70139
22
             ATTORNEYS FOR DEFENDANT, FOREST
23           RIVER, INC.
24
25
```

## Page 3

```
 1    APPEARANCES CONTINUED:
 2         WILLINGHAM, FULTZ & COUGILL
           (BY: THOMAS L. COUGILL, ESQUIRE -
 3           VIA TELEPHONE)
           NIELS ESPERSON BUILDING
 4         808 TRAVIS, SUITE 1608
           HOUSTON, TEXAS 77002
 5
             ATTORNEYS FOR DEFENDANTS,
 6           JAYCO, INC. AND STARCRAFT
             RV, INC.
 7
           LUGENBUHL, WHEATON, PECK,
 8           RANKIN & HUBBARD
           (BY: KRISTOPHER M. REDMANN, ESQUIRE -
 9           VIA TELEPHONE)
           601 POYDRAS STREET, SUITE 2775
10         NEW ORLEANS, LOUISIANA 70130
11           ATTORNEYS FOR DEFENDANT,
             LIBERTY MUTUAL INSURANCE
12           CORPORATION
13         MIDDLEBERG, RIDDLE & GIANNA
           (BY: TANYA HENKELS FIELDS, ESQUIRE -
14           VIA TELEPHONE)
           717 NORTH HARWOOD, SUITE 2400
15         DALLAS, TEXAS 75201
16           ATTORNEYS FOR FLUOR ENTERPRISES,
             INC.
17
18              *  *  *
19              EXAMINATION INDEX
20                              Page
21    EXAMINATION BY MR. D'AMICO ............7
22
23
24
25
```

## Page 4

```
 1              *  *  *
 2              INDEX OF EXHIBITS
 3                              Page
 4    Exhibit No. 1 ......................8
 5    Notice of Videotaped Deposition of Dr.
 6    Kenneth Smith
 7    Exhibit No. 2 ......................79
 8    Report by Kenneth B. Smith, M.D. to Ernest
 9    P. Gieger, Jr., dated November 1, 2009, with
10    various other documents (LTW-EXP07-000292
11    through 000334)
12    Exhibit No. 3 ......................121
13    Memorial Medical Center Radiology
14    Consultation Report dated 5-2-02
15    Exhibit No. 4 ......................122
16    Touro Imaging Center Final Report by John P.
17    Hamide, M.D., dated July 22, 2009
18    (LWFR-EXP14-000037)
19    Exhibit No. 5 ......................127
20    Group of various documents produced at the
21    deposition
22
23
24
25
```

Case 2:07-md-01873-KDE-MBN   Document 12741-11   Filed 03/10/10   Page 3 of 3

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Wright)    Videotaped Deposition of Kenneth B. Smith, M.D.

**Page 109**

1 worse while living in the travel trailer.
2 Q Let's talk about that, because I
3 found that interesting. I have obviously
4 looked at the medical records as well. Can
5 you point to me anywhere in the medical
6 records where a diagnosis of asthma
7 preexisted his stay in the travel trailer?
8 A No. Now --
9 Q Okay. Does that explain why he
10 was surprised to hear it from you?
11 MR. GIEGER:
12 I object to the form of the
13 question. I don't know how -- That would be
14 pure speculation on his part.
15 EXAMINATION BY MR. D'AMICO:
16 Q Well, in fact, he did tell you
17 that he had never known that before?
18 A That's correct. He told me he was
19 surprised that he had asthma, that he had a
20 positive test, and probably said something
21 to the effect that he had never been told
22 that before. Whether or not that's true, I
23 don't know. But I couldn't find anything in
24 the medical record where he was told that he
25 had asthma.

**Page 110**

1 Q And that's where I'm getting at.
2 You didn't find in the medical records where
3 a diagnosis of asthma had been made
4 pre-living in the travel trailer?
5 A Not the diagnosis, that's correct.
6 Q Okay. And so if he told you that
7 he had never been told that before, you were
8 not able to find any evidence of it in the
9 medical records?
10 A Any evidence that he had been told
11 that?
12 Q Yes.
13 A That's correct.
14 Q So that would support at least
15 from an objective point of view from the
16 medical records that nobody had told him
17 that before?
18 A That's correct.
19 Q Okay. Continue, please.
20 A No. 3, other diagnoses include
21 congenital hearing loss, mild thoracic
22 scoliosis and mild hypertension, which
23 appears to be well controlled on Ramipril.
24 Q Okay. In looking at your opinions
25 that you have expressed in your November

**Page 111**

1 1st, 2009 letter report to Mr. Gieger, it
2 appears that items 1 and 2 are contained in
3 your impressions in this history and
4 physical?
5 MR. GIEGER:
6 Object to the form of the
7 question.
8 MR. D'AMICO:
9 Well, okay. I will rephrase the
10 question. Thank you, Ernie.
11 MR. GIEGER:
12 Thank you.
13 MR. D'AMICO:
14 Sustained.
15 EXAMINATION BY MR. D'AMICO:
16 Q Let's see. Your first opinion,
17 let's just read it into the record.
18 A Sure.
19 Q You believe the evidence in this
20 case supports the following conclusions.
21 A No. 1, that Mr. Wright had
22 rhinitis, conjunctivitis and headaches
23 possibly on the basis of an exposure to an
24 irritating substance while living in the
25 FEMA-provided travel trailer from March of

**Page 112**

1 2006 until July of 2008. These symptoms
2 have resolved since moving out of the
3 trailer in July of 2008 and have not
4 recurred.
5 Q Let's stop there. Is that opinion
6 contained in your history and physical as
7 you just read to us?
8 A Yes.
9 Q History, physical and impressions
10 that you just read to us previously?
11 A Yes.
12 Q "Yes." Okay. Continue, please.
13 A Let's see. Review of the medical
14 records demonstrates that he was treated for
15 and improved on treatment for bacterial
16 conjunctivitis in May of 2006.
17 Q Okay. And you testified earlier
18 that he gave you a history of that and you
19 found proof of it in the medical records?
20 A Right. He said he thought he had
21 pink eye and thought the physician said he
22 thought he had allergic conjunctivitis.
23 Q Conjunctivitis, right.
24 A Right.
25 Q But, in fact, the medical records,