UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| This Document Relates to: *Lyndon T. Wright v.* | | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
PROPOSED *VOIR DIRE* QUESTIONS**

**NOW INTO COURT,** through undersigned counsel, come Defendants Forest River Inc. ("Forest River") and Shaw Environmental, Inc. ("Shaw"), who, pursuant to the Court's Order, respectfully object to **all** of the *vior dire* questions proposed by plaintiff (Rec. Doc. 12737).

As the Court is well aware, the parties engaged in extensive discussions regarding the content of the Jury Questionnaire. Plaintiff's proposed *vior dire* questions are unnecessary, as they deal with issues already covered by the Questionnaire. If allowed, these questions would lengthen the *vior dire* process and complicate and/or delay an already full trial plan.

Furthermore, to the extent that plaintiff seeks to cover new ground, these questions are entirely too fact specific and, as a result, force the jurors to pre-judge the case. They are improper and should not be read to jurors.

Finally, some of the questions are biased in favor of the plaintiff and should not be allowed due to the potential prejudice to Forest River and Shaw. However, should the Court allow some or all of plaintiff's proposed questions to be posed to jurors, defendants request that the Court provide additional questions to counter any plaintiff bias. In particular, defendants propose the following questions in response:

**Plaintiff's Question 1:** In this trial, the jury may be asked to assess the fault (if any) of entities other than the defendant Forest River, as well as the plaintiff himself. If the jury concludes there is evidence of fault on the part of a non-party entity or the plaintiff, it then will be required to divide by percentages the total fault in the case among the defendant, the plaintiff, and/or one or more non-parties. Would anyone have difficulty deciding percentages of fault, if any, to be assigned to different parties and non-parties, with the total of these percentages adding up to 100%?

**Defendants' Question in Response:** If the jury concludes there is evidence of fault on the part of a non-party entity or the plaintiff, it then will be required to divide by percentages the total fault in the case among the defendant, the plaintiff, and/or one or more non-parties. Is there anyone who feels they would be unable to find a manufacturer alleged to have provided a dangerous product 0% responsible? [Please note that Shaw does not request any question in response to Plaintiff's Question 1.]

**Plaintiff's Question 4:** In this case, the defendant will assert that formaldehyde is a substance commonly found in everyday life. How many of you, because of this, will have difficulty fairly considering the plaintiff's claim that he was harmed by the levels of formaldehyde in a trailer trailers (sic)?

**Defendants' Question in Response:** In this case, the defendant will assert that formaldehyde is a substance commonly found in everyday life. Would anyone have difficulty fairly considering the defense position that formaldehyde did not cause harm to the plaintiff?

**Plaintiff's Question 5:** Do any of you feel that, since the federal government (FEMA) provided the travel trailer in this case to the plaintiff Lyndon Wright as emergency housing, this must mean that the trailer was safely designed and made by the manufacturer Forest River?

**Defendants' Question in Response:** Do you feel that, since the federal government (FEMA) provided the travel trailer in this case to the plaintiff Lyndon Wright as emergency housing, this must mean that the trailer was not safely designed and made by the manufacturer Forest River?

## CONCLUSION

Defendants respectfully request that the Court strike the *vior dire* questions proposed by plaintiff. In the alternative, defendants ask that, should those questions be read, the Court also provide those questions designated by defendants in response.

Respectfully submitted,

/s/ Carson W. Strickland
Ernest P. Gieger, Jr. (Bar Roll No. 6154)
Jason D. Bone (Bar Roll No. 28315)
Carson W. Strickland (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ David Kurtz
Roy C. Cheatwood (Bar Roll No. 4010)
David Kurtz (Bar Roll No. 23821)
Karen K. Whitfield (Bar Roll No. 19350)
Catherine N. Thigpen (Bar Roll No. 30001)
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
*ATTORNEYS FOR SHAW ENVIRONMENTAL, INC*

**C E R T I F I C A T E**

I hereby certify that on the 11th day of March, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the Court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Carson W. Strickland
CARSON W. STRICKLAND