UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

# **ORDER AND REASONS**

Before the Court is Forest River, Inc.'s Motion to Exclude Expert testimony of Dr. Lawrence Miller (Rec. Doc. No. 11385), which is opposed by Plaintiff.

Forest River, Inc. ("Forest River") initially moves to exclude Dr. Miller's testimony on grounds that he does not have sufficient expertise and thus is not qualified to offer the exacerbation opinions regarding formaldehyde and Plaintiff's claimed condition of rhinosinusitis. Forest River asserts that, although Dr. Miller is board certified in Internal Medicine, Pulmonary Disease, and Clinical Pharmacology, he no longer sees patients or publishes regularly and is involved in a venture company which is involved in biotech investments. Dr. Miller is a Harvard-trained physician, holds a Masters in Public Health from the Boston University School of Public Health, has served as the director of the Environmental and Occupational Health Service of the LSU Medical Center, has

taught medical students since 1965, and with regard to internal medicine, he has been trained in the study of dermatological illnesses. The Court finds that Dr. Miller is qualified to opine in this case.

Forest River next asserts that Dr. Miller uses an improper methodology, as he failed to rule out other potential causes of Plaintiff's current symptomology. Also, Forest River contends that Dr. Miller's testimony is not relevant. While Dr. Wright offers specific causation for Plaintiff's claims of exacerbated rhinosinusitis, Forest River asserts that Dr. Williams failed to offer general causation for such claim.[1] This Court disagrees with this assertion. While not specifically referencing rhinosinusitis, Dr. Williams found a cause-effect relationship between formaldehyde and upper respiratory tract damage. (Exhibit B-3 to Rec. Doc. 11404, p. 13 of 26). Further, Dr. Miller considers rhinosinusitis an upper respiratory ailment resulting from damage to respiratory epithelium. (See Exhibit F to Rec. Doc. 11755, p. 5). Thus, there appears to be both specific and general causation for a claim of rhinosinusitis.

Further, if Dr. Miller's opinions relating to rashes, nocturnal dyspnea, and blood in sputum is elicited for a valid reason, it shall be made known to the jury that Dr. Miller failed to specifically find a causal connection between those conditions and formaldehyde.

On the showing made, the Court cannot agree with Forest River's position that Dr. Miller's opinion should be excluded. Although Forest River highlights certain issues in which the Court is interested, it is difficult to determine whether those issues are merely strong lines of questioning for cross examination, or should be the subject of a *Daubert* hearing outside the presence of the jury. Thus, the Court is willing to hear argument, and conduct a *Daubert* hearing, should Forest River so

---

[1] In a toxic tort case, a plaintiff must prove both general causation and specific causation -- and must do so with competent expert testimony. *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007).

desire, to be held one evening during the course of the trial. At this stage, however, it appears unlikely that Dr. Miller's testimony will be excluded.

It should be noted that any of Dr. Miller's opinions relating to alleged mold exposure are inadmissible as this Court has dismissed such claims. (See Rec. Doc. 12049).

Considering the foregoing, **IT IS ORDERED** that **Forest River, Inc.'s Motion to Exclude Expert testimony of Dr. Lawrence Miller (Rec. Doc. No. 11385)** is **GRANTED IN PART and DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 10th day of March, 2010.

**KURT D. ENGELHARDT**
**United States District Judge**