UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to: *Lyndon T. Wright v.* | | * | JUDGE: ENGELHARDT |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT STIPULATIONS THAT WILL NOT BE READ TO THE JURY

**I.**       **Joint stipulations on certain evidentiary issues.**

1.    Forest River shall not be allowed to characterize a later-filed second suit

based on the subsequent development of cancer as a "second bite at the

apple."  Any suggestion that Plaintiff can be compensated twice for the same

damages is prohibited.  (Rec. Doc. 11181, referencing Rec. Doc. 8373).

2.    Plaintiff will be precluded from offering evidence or testimony of the claims

of MDL litigants if those claims arose after the manufacture of Plaintiff's

emergency housing unit.  (Rec. Doc. 11181, referencing Rec. Doc. 8171).

3.    Any Rule 702 "expert opinions" provided by Dr. Chris DeRosa that were

formulated specifically for this litigation are excluded.  Dr. DeRosa will be

allowed to testify as a fact witness to the extent that he, in the past, performed

certain work related to formaldehyde while acting as the Director of the

Division of Toxicology and Environmental Medicine of the Agency for Toxic

Substances and Disease Registry ("ATSDR"). (Rec. Doc. 11181, referencing Rec. Doc. 3067).

4. No reference to any formaldehyde regulations or guidelines that were established after Plaintiff vacated the trailer. (Rec. Doc. 11181, referencing Rec. Doc. 3069).

5. No reference to any facts, opinions, or analysis offered as a result of Congressional hearings or investigations. However, to the extent sworn testimony was given by one or more persons who might also testify during the course of this trial, transcripts of such testimony constitute prior statements by any such witness, and thus can be used for impeachment purposes, assuming that a proper foundation is laid in order that such witness' testimony is subject to impeachment. In the event such testimony might be referenced, counsel are cautioned that the witness should be directed to testimony given on a certain date, without stating that such testimony was offered before a Congressional committee or subcommittee, or other tribunal, in order to refresh the witness' memory as to the testimony given on the prior date. (Rec. Doc. 11181, referencing Rec. Doc. 3029).

6. No references to trailers as "Chinese Quality" or "Chinese Grade."

7. No inflammatory racial commentary. (Rec. Doc. 11181, referencing Rec. Doc. 3018).

8. No reference to counsel of Forest River and other EHU manufacturers as "Formaldehyde Counsel, Inc." (Rec. Doc. 11181, referencing Rec. Doc. 3018).

9.     No references to Forest River's income related to its production of EHUs. (Rec. Doc. 11181, referencing Rec. Doc. 3018).

10.    No reference to any witnesses not previously identified or documents not previously produced in discovery response by any party.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

11.    No reference that any pleadings were amended before trial or any additions or deletions were made to such pleadings.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

12.    No reference to the fee arrangement between Plaintiff and his attorneys, including but not limited to any reference to Plaintiff's attorneys as "contingency fee lawyers" or "damage-suit lawyers," "lawsuit lottery" or any arguments regarding lawsuit abuse or frivolous lawsuits.  (This stipulation is not meant to preclude any party from a comprehensive voir dire regarding potential jurors' attitudes regarding lawsuit abuse).  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

13.    No reference, during voir dire, of any evidence that will be inadmissible at trial.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

14.    No reference to the fact that an annuity could be purchased with any amount awarded to Plaintiff by the jury or the availability and cost of annuity contracts with respect to Plaintiff's damages.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

15.     No reference to the non-taxability of certain investments that Plaintiffs could make with a lump sum recovery.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

16.     No testimony by any witness that any other witness or person or testimony by any other witness is credible or not credible.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

17.     No statements or attempts by counsel to attempt to personally vouch for any witness put on the stand, such as an expert.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

18.     No reading any excerpts from any text, journal, article, treatise, or manual in connection with the examination of any witness or to exhibit same to the jury, without first obtaining leave of court or having laid a proper evidentiary predicate.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

19.     No party may request the other to stipulate to the admissibility of any evidence or to any facts in front of the jury.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

20.     No reference to the absence of any citation or fine issued by a governmental entity for violations of regulations, codes, or standards as evidence that Defendants appropriately designed, manufactured, and installed the Wright trailer.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

21.     No reference to the contents of any pleadings which have been superseded by the current pleadings on file in this case.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

22.   No claim or statement that the nation's court systems are overloaded due to cases such as this or similar cases or references or statement like "there are too many lawsuits" or "too much litigation."  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

23.   No reference that anyone throughout the trial, including parties, attorneys or witnesses, is using a jury consultant or that there are persons advising them in any way about the venire panel or the jury actually chosen in this litigation. Similarly, that no one refer to, suggest or imply that a gallery or mock jury was appointed or present in the courtroom.  (Rec. Doc. 11181, referencing Rec. Doc. 3030).

24.   No reference that a party has ever had any judgment rendered against him/it. (Rec. Doc. 11181, referencing Rec. Doc. 3030).

25.   No reference of any prior claims and/or causes of action asserted by Plaintiff in this lawsuit that have been abandoned. (Rec. Doc. 11181, referencing Rec. Doc. 3030).

26.   If a party believes any area which is affected by these stipulations or any areas which by their nature are not admissible under the Rules of Evidence or Rules of Civil Procedure such as privileged communications, collateral source, prior settlement offer, etc. or if a party believes "a door has been opened", that it must, before saying or presenting or exhibiting anything in the jury's presence regarding same, approach the bench and make inquiry at side bar without the jury being able to hear same, in a voice designed so that the jury will not hear same. This particular limine subpart is to be followed regardless

of when during the trial the inadmissible evidence is presented. (Rec. Doc. 11181, referencing Rec. Doc. 3030).

27.     The parties not attempt to testify about medical evidence or expert opinions as they are not a witness in this case and are not doctors. While counsel may argue the medical evidence presented at trial, they are not permitted to "testify" as to their "medical" opinions, as this is the province of experts. (Rec. Doc. 11181, referencing Rec. Doc. 3030).

28.     No party may suggest to the jury, by argument or otherwise, that a party has sought to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit. (Rec. Doc. 11181, referencing Rec. Doc. 3030).

29.     No reference to Shaw's financial condition or money paid to Shaw under the IA/TAC. (Rec. Doc. 11181, referencing Rec. Doc. 3019).

30.     No reference to Shaw as a "no bid" contractor, or the IA/TAC as a "no bid" contract. (Rec. Doc. 11181, referencing Rec. Doc. 3019).

31.     No reference to the Department of Homeland Security, Office of Inspector's report: "Hurricane Katrina temporary housing technical assistance contracts" dated August, 2008. (Rec. Doc. 11181, referencing Rec. Doc. 3019).

32.     Forest River is limited from making references and/or seeking testimony or evidence related to its "heroic or altruistic response to hurricanes Katrina or Rita." (Rec. Doc. 11181, referencing Rec. Doc. 7684).

33.     The Court will limit testimony related to plaintiff's Hurricane Katrina Evacuation Experience. (Rec. Doc. 11181, referencing Rec. Doc. 3018).

34.     The parties joint stipulate to the authenticity, accuracy and admissibility at trial of (1) any and all photographs taken by FEMA employee Darrian Griffin of the trailer bearing VIN 4X4TSMH296C008992, identified with bates label FEMA 165-000001-FEMA 165-0000187 and (2) the affidavit of Darrian Griffin, dated January 25, 2010, and any statements contained therein.  (Rec. Doc. 11604).

35.     The unit occupied by Lyndon Wright was manufactured by Forest River using only low formaldehdye emitting wood products. (Rec. Doc. 8334).  For a list of those wood products containing urea-formaldehyde resin, please refer to Exhibit A of Rec. Doc. 833.

36.     Stipulations regarding formaldehyde sampling and other data can be located at Rec. Doc. 11730.

37.     Stipulations regarding the vent cap on the Wright trailer can be located at Rec. Doc. 11608.

II.     **Joint stipulations dismissing claims**.

1.      Plaintiff waives and dismisses with prejudice any and all claims that were or could have been asserted against Forest River Inc. for breach of express warranty.  (Rec. Doc. 10346).

2.      Plaintiff waives and dismisses with prejudice any and all claims that were or could have been asserted against Forest River Inc. for punitive damages. (Rec. Doc. 10346).

3.    Plaintiff waives and dismisses with prejudice any and all claims that were or could have been asserted against Forest River Inc. for damages related to loss of consortium.  (Rec. Doc. 10346).

4.    Plaintiff waives and dismisses with prejudice any and all claims that were or could have been asserted against Forest River Inc. or Shaw Environmental, Inc. for damages related to medical monitoring.  (Rec. Doc. 11240).

5.    Plaintiff waives and dismisses with prejudice any and all claims that were or could have been asserted against Forest River, Inc. and Shaw Environmental, Inc. for damages related to loss of future earning capacity.  (Rec. Doc. 11240).

**III.    Joint stipulations regarding authenticity of certain documents.**

1.    Please refer to Rec. Doc. 10347.

**IV.    Joint stipulations regarding the inadmissibility of certain documents**.

1.    Any other documents or data produced by Kenner Dermatology or George Farber, including but not limited to and of Farber's expert reports and any opinions contained therein, are inadmissible.  No other expert may rely on these documents of reference them at trial.  (Rec. Doc. 11729.)

Respectfully submitted,


 /s/ Aaron Z. Ahlquist
FRANK J. D'AMICO, JR. (Bar Roll No. 17519)
AARON Z. AHLQUIST (Bar Roll No. 29063)
FRANK J. D'AMICO, JR., APLC
622 Baronne Street
New Orleans, LA 70113
Telephone: (504) 525-7272
Fax: (504) 525-9522
*ATTORNEYS FOR LYNDON T. WRIGHT*


  /s/ Carson W. Strickland
ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
JASON D. BONE (Bar Roll No. 28315)
CARSON W. STRICKLAND (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*


 /s/ David Kurtz
ROY C. CHEATWOOD (Bar Roll No. 4010)
DAVID KURTZ (Bar Roll No. 23821)
KAREN K. WHITFIELD (Bar Roll No. 19350)
CATHERINE N. THIGPEN (Bar Roll No. 30001)
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
*ATTORNEYS FOR SHAW ENVIRONMENTAL, INC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of March, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/  Carson W. Strickland
CARSON W. STRICKLAND