UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright v. Forest River, Inc., et al*, Docket No. 09-2977 | | * * * | JUDGE ENGELHARDT: MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOREST RIVER'S OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW EXPERTS TO UTILIZE AND EXPLAIN THE DEMONSTRATIVE COMPUTER-GENERATED VIDEO EVIDENCE DURING THEIR TESTIMONY IN THE INTEREST OF CLARITY AND JUDICIAL ECONOMY**

**MAY IT PLEASE THE COURT:**

As the Court is aware, plaintiff has prepared a computer-generated animation that depicts the trailer and various aspects of plaintiff's theories in this case. On February 9, 2010, Forest River, Inc. ("Forest River") filed a motion *in limine* to exclude this animation[1] at trial. *See* Rec. Doc. 11355. Forest River argued that it is highly prejudicial, duplicative of the photographs and videos of the actual unit, and will mislead and/or confuse the jury. In particular, Forest River argued that

---

[1] The animation, which purportedly depicts various aspects of the Forest River trailer at issue in this suit, can be broken down into three segments. First, the animation displays the basic layout and construction of the trailer and identifies the various component parts, particularly the wood products that contain formaldehyde. Next, the animation describes the process by which formaldehyde off-gasses and allegedly enters the trailer's living area. Finally, the animation demonstrates how gaseous formaldehyde was allegedly re-circulated by the trailer's air-conditioning system.

plaintiff's animation does not contain a sufficient factual foundation (*i.e.,* is not "substantially similar" to the events that actually occurred).

Although the Court denied Forest River's motion, it did provide an important caveat. Specifically, the Court stated, "In order to show a demonstrative aid, there must be an evidentiary basis therefor." (See Rec. Doc. 12586, p. 1). Thus, while the Court may have prevented the defendants from precluding the use of this demonstrative aid, it did not automatically allow it to be used at trial.

In the instant motion, plaintiff seeks to shirk his requirement to provide an evidentiary basis for the animation; instead, he asks the Court to rule without the benefit of any evidence that this animation may be used at trial before trial has even begun. Plaintiff's motion must be denied. **As the Court itself recognized, a proper evidentiary foundation must first be provided prior to playing a computer-generated animation such as this one**. This foundation can obviously only be laid by his witnesses **at trial.** Accordingly, plaintiff's motion is entirely premature and should be denied on that basis alone.

Forest River would also note that plaintiff proposes using the animation in a manner different from that of plaintiffs in the Gulf Stream bellwether. Rather than play the animation once in a single, uninterrupted showing, plaintiff apparently aims to divide this animation into multiple portions for commentary by different experts.[2] Some clips may even be played multiple times. This maneuver would obviously necessitate a ruling on the use of the animation clip on an expert by expert basis. Regardless, the uncertainty over the way plaintiff will utilize the animation underscores the need for

---

[2] Plaintiff has entitled these segments "Smulski Short Animation," "Ritter Short Animation," and "Short Trailer Animation," the last of which presumably illustrates Mallet's testimony.

the Court to deny the instant motion. Plaintiff should not be allowed to circumvent his evidentiary burden via this pre-trial motion practice.

Finally, with plaintiff's recent decision to split the originally produced animation into three segments, Forest River again voices the concerns raised in its prior motion *in limine*. *See* Rec. Docs. 11355 & 11911, incorporated herein *in extenso*. Plaintiff now seeks to edit the animation into multiple portions, with many of those portions containing segments played in other clips. In doing so, he has transformed the animation into an even more duplicative[3] – and outright prejudicial – demonstration. Not one but **three** of plaintiff's animation segments feature animation that shows the trailer's air-conditioning system recirculating formaldehyde within the trailer.[4] Perhaps most egregiously, the final scenes of the animations for Ritter and Mallet depict the cabin engulfed in a thick red fog. The close of Smulski's segment shows the interior of the trailer engulfed in red fog as well. This repetitive, highly prejudicial imagery is clearly inappropriate and should be excluded. At a minimum, plaintiff should be forced to provide an appropriate foundation for this evidence.

## CONCLUSION

A ruling on the admissibility of these animations is inappropriate at this time as Plaintiff has not laid the proper evidentiary foundation for admissibility of these segments. Additionally, these

---

[3] As this Court has noted and reiterated on multiple occasions, no duplicative testimony will be allowed. *See* Rec. Doc. 2062, p. 1. Indeed, as the Court cautioned in a recent Order, "Counsel for Plaintiff is urged, and strongly cautioned, that the undersigned expects that an evaluation of expert opinions should occur pretrial such that the jury hears the opinion one time, from the expert Plaintiff chooses to offer such opinion." *See* Rec. Doc. 12640.

[4] *See* "Smulski Short Animation" at 2:36, "Short Trailer Animation" at 2:46 and "Ritter Short Animation" in its entirety.

segments are being used as a vehicle to show display prejudicial images to the jury on multiple occasions. Accordingly, Forest River requests that the Court deny plaintiff's motion.

                                      Respectfully submitted,

                                      /s/ Jason D. Bone
                                      ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
                                      JASON D. BONE (Bar Roll No. 28315)
                                      CARSON W. STRICKLAND (Bar Roll No. 31336)
                                      GIEGER, LABORDE & LAPEROUSE, L.L.C.
                                      One Shell Square
                                      701 Poydras Street, Suite 4800
                                      New Orleans, Louisiana 70139-4800
                                      Telephone: (504) 561-0400
                                      Facsimile: (504) 561-1011
                                      *ATTORNEYS FOR FOREST RIVER, INC.*

## **C E R T I F I C A T E**

I hereby certify that on the 12th day of March, 2010, a copy of the foregoing Opposition was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                      /s/ Jason D. Bone
                                      JASON D. BONE