UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wrightt v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS EXPEDITED MOTION
FOR RECONSIDERATION OF THE RULING ON OBJECTIONS TO
DEPOSITION TESTIMONY OF CHRISTOPHER DEROSA, Ph. D.**

Plaintiff moves this Court to reconsider certain parts of its ruling on the objections to the deposition testimony of Christopher DeRosa, Ph.D., and in support would show as follows:

**I.
EVIDENCE**

Exhibit A        Order, September 8, 2009

Exhibit B        Ruling on Objection on Deposition Testimony at Trial

Exhibit C        Dr. Dr. Rosa deposition excerpts

**II.
ARGUMENT AND AUTHORITIES**

The Ruling on Objection on Deposition Testimony at Trial included the exclusion of several of Dr. DeRosa's excerpts. Plaintiffs request reconsideration of certain of those exclusions.

1

Deposition pp. 99:03-101:11, 101:06-101:12, 101:17-101:18

The text that the Ruling excluded reads as follows:

Q   And there is reference in the last full paragraph to a ATSDR industrial hygienist by the name of Lynn Wilder. Do you know Ms. Wilder?
A.   I do.
Q.   Were you aware in early August of '07, she also outlined her concerns about the Health Consultation in an e-mail after seeing it for the first time?
A.   I was not.
Q.   Do you see where this report references her criticism of the .3 ppm reference used in that analysis?
    MR. WEINSTOCK: Object to the form.
    MR. MILLER: Objection, foundation.
A.   I don't see --
BY MR. MEUNIER:
Q.   Well, let me reference exactly what I'm speaking of. About the middle of the paragraph the quote from Ms. Wilder is "even with the doors and windows open, formaldehyde levels exceed all three ATSDR MRLs", minimum risk levels, "NIOSH, OSHA, and other standards. I'm extremely concerned that we have compared the air sampling results with an occupational exposure level of 300 parts per billion .3 ppm. Residents are exposed up to 24 hours a day and may reside in these homes for years. This exposure should not be compared to a 15-minute occupational value." I mean --
    MR. WEINSTOCK: Object to the form.
BY MR. MEUNIER:
Q.   -- referring you to that, my question is do you share Ms. Wilder's concerns about the analysis being referenced to a .3 ppm for the reason she mentioned?
A.   Yeah. I totally agree with the statements that are made here that .3 was an inappropriate value to use. I don't think there is any question about that. And that I also recall even some reports from FEMA correspondence indicating that people at FEMA felt that the value would be challenged because it was so high.
    So I think that there is general agreement that this is a indefensible level to have been used.

2

This testimony, however, conforms to the September 8, 2009 Order as it addresses an opinion formed contemporaneously with Dr. DeRosa's past work. *See* Exhibit A.

The reference to which this text refers is found in the Majority Staff Report to Congress, a report with which Dr. DeRosa testified he was familiar. *See* Exhibit C, p. 64. The Majority Report had criticized the ATSDR Health Consultation's use of .3 ppm as the level of concern for formaldehyde concentrations. *See* De Rosa Deposition, pp. 95-96. Within the scope of his position as Director of the ATSDR's Division of Toxicology and Environmental Medicine, Dr. DeRosa reviewed the Majority Report on February 27, 2007. *See* Exhibit C, pp. 16-17, 97. He even remembered correspondence from FEMA relating to the ATSDR's level of concern. *See* Exhibit C, p. 101. It is clear that the excluded testimony related to opinions originated contemporaneously with Dr. DeRosa's review of the Majority Report as part of his duties at the ATSDR.

Further, the passage is not hearsay. "Hearsay" is defined by Federal Rules of Evidence 801(c) as "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." U.S. v. Lopez-Moreno, 420 F.3d 420 436 (5th Cir. 2005). The excluded text was not offered to prove either that Ms. Wilder made the statement, or that the statement she made was true. The passage merely formed the background for Dr. DeRosa's testimony as to his agreement or disagreement with Ms. Wilder's statement. The passage, therefore, is not hearsay. *See* Id.

The above-quoted passage entirely comports with the Court's previous Order, and because it is not hearsay, Plaintiffs respectfully request the Court to reconsider its March 10, 2010 Ruling as regards this passage. *See* Exhibit B.

3

Deposition p. 290:03-290:14

The text of the excluded lines reads as follows:

> Q. Can you identify the most recent study that you are referencing with respect to cancer risk from formaldehyde?
> A. Yes. It was the NCI study. It had a group of high exposed workers versus low exposed workers, and as I mentioned earlier, there was a threefold increase in cancers of the blood, blood-forming tissues, in the high exposed versus the low exposed workers, which address the issue of the healthy worker effect that was associated with the CIIT-sponsored study by industry in which the Formaldehyde Council was instrumental in funding.

This testimony conforms to the Court's September 8, 2009 Order because it refers to a scientific study Dr. DeRosa during his past employment. *See* Exhibit A.

While Dr. DeRosa was the director of the Division of Toxicology and Environmental Medicine of the ATSDR, he was responsible for a two-year review of the scientific literature on the toxicology and epidemiology of formaldehyde. *See* Exhibit C, pp. 16-17, 24. Included in his responsibilities for that project was the final approval of all the conclusions, both qualitative and quantitative. *See* Exhibit C, p. 25. Knowledge of the underlying studies, such as the NCI study discussed in the excluded passage, would necessarily have been a prerequisite to that duty. Further, as a member of the Executive Committee of the National Toxicology Program, Dr. DeRosa was intimately involved with the science of formaldehyde, including studies such as the NCI study, underlying regulatory decisions and classifications. *See* Exhibit C, pp. 288-89. His discussion of the NCI study was thus an opinion formed contemporaneously with his past duties. This passage, therefore, should not have been excluded. *See* Exhibit B.

Deposition pp. 300:05-08, 12-25; 301:1-11

Part of the excluded passage reads as follows:

> Q. By 2007, was it your view that the science on formaldehyde, at least with respect to short term effects, was fairly well established?
> A. Yes.
> Q. Okay. And with respect to chronic effects by 2007, was it well-recognized that formaldehyde does present a carcinogenic risk?
> A. Yes.

This passage should not be excluded because it conforms to the Court's September 8, 2009 Order. *See* Exhibit A.

Dr. DeRosa directed the ATSDR's Division of Toxicology and Environmental Medicine for sixteen years, until October of 2007. *See* Exhibit C, p, 16-17. His work with the ATSDR and as a member of the Executive Committee of the National Toxicology Program, required him to become intimately familiar with the toxicology, epidemiology, and regulatory classifications relating to formaldehyde. *See* Exhibit C, pp. 16-17, 288-89. The question addressed to Dr. DeRosa was directed specifically to the time frame during his employment with the ATSDR. The opinions expressed in the above-quoted passage were thus necessarily formed during his career, and should therefore be included as conforming to the September, 2009 Order. *See* Exhibit A.

### III.
### CONCLUSION

Certain of the deposition testimony of Dr. DeRosa that the Court's Ruling excluded conformed to its previous Order, and were otherwise unobjectionable. Plaintiff therefore requests the Court to reconsider its Ruling, and admit the passages at trial.

Respectfully submitted:
**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier

GERALD E. MEUNIER, #9471