UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER AND REASONS

Before the Court is the Motion in Limine to Exclude Expert Testimony of Christopher DeRosa, Ph.D. (Rec. Doc. 2872). In this motion, Defendant Gulf Stream Coach, Inc. ("Gulf Stream") seeks to exclude the testimony of Christopher DeRosa, Ph.D ("Dr. DeRosa"), Plaintiff's expert in the field of environmental health science with specific expertise as to the human health effects and exposure risks associated with formaldehyde. Specifically, Gulf Stream asserts that Dr. DeRosa's opinions are not based on reliable scientific methodology, are not relevant and would not assist a trier of fact. After considering the memoranda of the parties and the applicable law, the Court grants this motion, as expressed herein.

Any Rule 702 "expert opinions" provided by Dr. DeRosa that were formulated specifically for this litigation are excluded. Regardless of whether he was hired/retained as an expert by a party, it was made clear by this Court that any party who intended to call an individual as an expert witness to elicit an expert opinion was still obligated to obtain and


EXHIBIT A

Case 2:07-md-01873-KDE-ALC Document 3067 Filed 09/08/09 Page 2 of 2

produce an expert report of all such opinions for trial. If this were not the case, the potential for abuse of this rule would be great as attorneys might then wait until the last minute to list a "non-retained expert" who has not produced an expert report and to whom the opposing party has had little-to-no chance to review and analyze in order to assess the need to produce a countervailing expert.

However, this conclusion is likely of no moment as Dr. DeRosa will be allowed to testify as a **fact witness** to the extent that he, in the past, performed certain work related to formaldehyde while acting as the Director of the Division of Toxicology and Environmental Medicine of the Agency for Toxic Substances and Disease Registry ("ATSDR"). In that regard, to the extent that he had communications with other government agencies at a time relevant to the chronology set forth in this litigation and formed contemporaneously stated opinions as a result of his past work/communications, such testimony will likely be admissible. Thus, while Dr. DeRosa shall not be asked, and shall not recite, any opinions[1] formulated for this litigation, he will be allowed testify as a fact witness as described herein.

Considering the foregoing, **IT IS ORDERED Motion in Limine to Exclude Expert Testimony of Christopher DeRosa, Ph.D. (Rec. Doc. 2872) is GRANTED.**

New Orleans, Louisiana, this 8th day of September, 2009.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[1] For instance, if Dr. DeRosa was asked by counsel to opine on something he had not previously offered to others during the relevant time period, or offered a previously unstated opinion at his deposition, those are not admissible at this bellwether trial.

2