UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
*Lyndon Wright v. Forest River, Inc., et al*
Case No. 09-2977 (E.D. La.)

## RULINGS ON OBJECTIONS ON DEPOSITION TESTIMONY[1] AT TRIAL

Pursuant to the Court's previous Order, various deposition transcripts have been provided to the Court of witnesses whose testimony will be presented to the jury by way of those transcripts, in lieu of live appearance. To the extent that the submitted transcripts have objections by counsel on the selected portions for trial, the Court has also obtained from counsel their respective positions regarding such objections. With regard to the witnesses listed below, these objections are resolved as follows: **to the extent that the Court makes no mention of an objection in this Order, such objection is hereby OVERRULED**. As for each other objection, the following are **SUSTAINED**:[2]

---

[1] This Order pertains to the following witnesses: Christopher DeRosa, Ph.D., Dr. Charles S. Field, David Garratt, Michael J. Lapinski, Joseph D. Little, Brian McCreary, Martin E. McNeese, Mark J. Polk, Coreen Robbins, Kevin Souza, and Edith R. Young.

[2] When the Court sustains an objection, counsel presenting such testimony shall be responsible for editing the witnesses' videotape testimony accordingly.

1


EXHIBIT 13

## I. Testimony of Christopher DeRosa, Ph.D.

The Court has ruled on various objections with regard to Dr. Christopher DeRosa's testimony in connection with the first bellwether matter. The Court's rulings and instructions with regard to Dr. DeRosa's testimony are applicable herein, and that ruling is incorporated by reference.

Objection at 82:10-83:04 - Sustained. Irrelevant to the specific facts of this case.

Objection at 99:03-100:11, 101:06-101:12, 101:17, 101:18 - Sustained. Hearsay, and also this testimony is subject to the Court's prior ruling with regard to Dr. DeRosa's testimony.

Objection at 253:01-253:18 - Sustained. This passage appears to be eliciting expert testimony from the witness, as opposed to information/opinion provided contemporaneous with the underlying events.

Objection at 290:03-291:01 - Sustained as to 290:03-290:14, as it appears to be eliciting expert testimony which has been the subject of the Court's prior ruling.

Objection at 300:05-08, 12-25; 301:1-11 - Sustained. This passage elicits testimony about events of which the witness has indicated he has no involvement, and thus has no personal firsthand knowledge; hearsay; also calls for the witness to speculate.

## II. Testimony of Dr. Charles S. Field

No objections sustained.

## III. Testimony of David Garratt

Objection at 50:21-51:12, 52:02-54:05 - Sustained. Irrelevant.

Objection at 71:05-71:08, 72:02-72:05, 72:11-72:13, 77:05-79:20 - Sustained. Irrelevant and relates to subsequent remedial measures.

2

Objection at 81:06-82:17 - Sustained. Irrelevant and relates to subsequent remedial measures.

Objection at 134:16-138:14 - The objection is sustained as to 137:11-14, and is otherwise overruled.

Objection at 153:17-156:10 - Sustained. Irrelevant and relates to subsequent remedial measures.

Objection at 157:05-157:08 - Sustained. Irrelevant.

Objection at 158:05-159:18 - Sustained. Irrelevant and relates to subsequent remedial measures.

Objection at 184:05-185:04 - This passage was not provided in the transcript submitted to the Court. Therefore, the objection is sustained.

Objection at 198:18-199:14, 200:14-202:22 - Sustained. Irrelevant and relates to subsequent remedial measures.

Objection at 238:18-239:15 - Sustained. Hearsay.

### IV.   Testimony of Michael J. Lapinski

No objections sustained.

### V.   Testimony of Joseph D. Little

Objection at 97:04-97:05, 97:07-97:14, 97:16-97:21, 98:08 - Sustained as to 97:18-97:21, 98:08, in that the question is improperly leading, and the answer is purely speculative. The objection is overruled as to the other passages.

### VI. Testimony of Brian McCreary

Objection at 34:13-35:11 - The objection set forth is incomprehensible. First of all, only 34:13-34:22 of this passage is provided to the Court. (The passage at 34:23-35:11 apparently was not designated.) Moreover, the passage which was provided is a natural follow-up to the question propounded at 34:06-34:12, which is not the subject of the objection, and therefore the Court sees no reason to sustain the objection made.

### VII. Testimony of Martin E. McNeese

No objections sustained.

### VIII. Testimony of Mark J. Polk

No objections sustained.

### IX. Testimony of Coreen Robbins

Objection at 90:01-90:05 - Sustained, for reasons stated by defendant.

Objection at 114:25-115:18 - Sustained, question is argumentative and potentially misleading.

Objection at 153:24-154:05 - Sustained, the improperly phrased question is argumentative and inappropriate in its wording.

Objection at 177:05-177:10 - Overruled, with the caveat set forth by plaintiff: "If defendants are willing to strike their designations on the HUDD standard, including those on page 89, then plaintiffs are willing to likewise do the same."

Objection at 239:06-239:08 - Sustained, subject to the conditions set forth by defendant regarding the inclusion of lines 9-12.

### X. Testimony of Kevin Souza

Objection at 37:12-37:14, 37:21-37:22 - Sustained. The question relates to maintenance obligations of defendant Shaw as a contractor. Claims arising out of failure to properly maintain the EHU in question have been dismissed, and thus the testimony is not relevant.

### XI. Testimony of Edith R. Young

Objection at 35:04-35:15 - Sustained. Irrelevant.

Objection at 47:11-48:06 - Sustained. Irrelevant.

Objection at 68:20-70:07 - Sustained. This testimony begins with hearsay, and questions/answers thereafter appear to be based upon the initial hearsay testimony.

Objection at 88:24-89:03 - Sustained. Irrelevant.

Objection at 93:17-94:15 - Sustained. Irrelevant.

Objection at 96:02-100:18 - Sustained. Irrelevant.

Objection at 113:08-116:18 - Sustained. Irrelevant.

New Orleans, Louisiana, this 12th day of March, 2010.

KURT D. ENGELHARDT
United States District Court

5