UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                          MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                          SECTION N(5)

                                              JUDGE ENGELHARDT

THIS DOCUMENT RELATES TO:
*Lyndon Wright v. Forest River, Inc., et al.,*      MAGISTRATE CHASEZ
No. 09-2977 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
SHAW ENVIRONMENTAL, INC.'S MOTION *IN LIMINE*
TO EXCLUDE TESTIMONY OF EXPERT PAUL HEWETT, PH.D.**

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. ("Shaw") moves for an order excluding the testimony of Dr.

Paul Hewett ("Hewett") for the reasons expressed by the Court in its order excluding references

to the exemplar trailer[1] – that no party may use, through their experts, the results of tests

conducted for litigation purposes without prior notice to opposing counsel.   Dr. Hewett's

testimony is just that.   His statistical analyses are predicated on formaldehyde readings that

include the results of tests that were conducted at the request of the PSC, by occupants who had

hired lawyers or by experts that the PSC had hired, without notice to the defense.   Mindful of the

---

[1]      R. Doc. 12447.

Court's directives that it is well familiar with the issues presented, Shaw will focus briefly on the data supporting Shaw's assertion that Dr. Hewett's dataset contains the results of tests conducted without notice.

Early in the MDL, there was a great deal of discussion about units that had been tested. After a few months of requesting this material, on June 11, 2008, the PSC provided a spreadsheet identifying 1181 occupied units that had been tested for formaldehyde.[2]  The undersigned has redacted that spreadsheet to remove Privacy Act information such as names and addresses, and further filtered the spreadsheet so that only test results from Forest River EHUs are shown.[3] There are sixty-five such test results shown.  Notably, the spreadsheet confirms the identity of the lawyer who represents the plaintiff who resided in each such EHU, and the columns for "sampler" and "data provider" reflect that, other than occupants, the samplers and data providers were PSC experts and consultants such as DeVany Industrial, Technical Environmental Services (TES) and W.D. Scott Group.  And the sample dates show that they were taken after putative class actions were pending.  There is little doubt that the tests were for litigation purposes, and it is also clear that the defense did not know they had occurred – much less receive advance notice – until June 11, 2008.

These data comprise a significant subset of the data upon which Dr. Hewett relied. Attached hereto as Exhibit "C" is a reformatted version of the spreadsheet that Dr. Hewett used as his data source; this version was discussed at his deposition.  Given time constraints, it was impossible to check to see whether all of the results from the no-prior-notice list in fact appeared

---

[2]       A copy of Linda Nelson's email to Andy Weinstock is attached as Exhibit "A."

[3]       A copy of the redacted / filtered spreadsheet is attached hereto as Exhibit "B."

among the dataset that Dr. Hewett used.  Using the first twenty of the no-prior-test results, however, it can be seen that sixteen of them, or 80%, in fact were included in Dr. Hewett's dataset.  (Interestingly, they constitute twenty of the entries in Dr. Hewett's dataset, since four of the results appear twice.)  For the Court's convenience, the entries in Dr. Hewett's dataset that have been found to be derived from tests conducted without notice are highlighted in green on Exhibit "C."

Being a statistical analysis, Dr. Hewett's findings necessarily depend on all of the data comprising the dataset. [4]  It is clear that some of those data were collected without notice to the defense.  As such, Shaw moves for the entry of an order excluding Dr. Hewett's findings.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


   /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

---

[4]     The effect of the inclusion of these data in Dr. Hewett's dataset is irrelevant because of the manner in which they were collected.  However, it bears noting that the majority of them exceed the level actually at issue in this bellwether trial.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

<u>    /s/ M. David Kurtz                            </u>