UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
*Case No. 09-2977 (E.D. La.)*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S OPPOSITION TO SHAW'S MOTION TO EXCLUDE EXPERT PAUL HEWETT'S TESTIMONY

**MAY IT PLEASE THE COURT:**

Plaintiff Lyndon Wright, through undersigned counsel, offers this brief opposition to the Motion in Limine to Exclude the Testimony of Paul Hewett based upon some of the testing data being gathered in the furtherance of litigation. Shaw's Motion clearly must fail for a number of reasons, most of which preclude even the consideration of the Motion on its face. The argument that this testing database is somehow unfair to the defendants, specifically in light of this Court's ruling regarding Shaw's testing of the exemplar trailer, is an attempt to compare apples to oranges.

Initially, Shaw's motion must fail because the time for limine motions has come and gone. As this Court is aware, the limine motion deadline was over a month ago. This Court has

1

also consistently dismissed efforts to file pleadings beyond the deadlines, as was made very clear to the Plaintiff in his efforts to file supplemental Expert Reports, that it is expected for parties to timely file objections, corrections and supplementations.  In this instance, Shaw had two months to develop questions for Dr. Hewett as to his testing methodology, particularly along the lines of this motion to exclude.[1]  Further, if this issue was of concern to Shaw, there were over two months between the deposition and the deadline for Motions in Limine during which time it could have raised this concern in a Motion to exclude.  It is also interesting to note that Dr. Hewett attempted to file a supplemental and correcting report addressing many of the very questions raised by Shaw at deposition, to which Shaw objected vigorously, and which was stricken by this honorable Court.  Shaw cannot now expect that it can just waltz in at the eleventh hour and raise a motion in limine against an expert witness, based upon an argument that holds no water and makes no sense, when taken in the context of the database used in Dr. Hewett's report.  As such, and without even looking at the merits of Shaw's argument, it must fail.

Even when examining Shaw's argument, it is misleading and mischaracterizes Dr. Hewett's analysis.  Dr. Hewett's report is based upon an analysis of a number of different data sets.  On page two of his report, Dr. Hewett lists the following sources of data incorporated into his analysis: (1) data collected from the Sierra Club, (2) data collected from the CDC for FEMA, (3) data collected by Bureau Veritas at the request of FEMA and CDC, (4) data collected by Texas Parks and Wildlife Department, (5) DeVany Industrial Consultants, (6) Boston Chemical Data, (7) Technical Environmental Services (testing done by defense expert Tony Watson), (8) WD Scott Group, and (9) testing done by occupants of the trailers themselves.

---

[1] Dr. Hewett's expert report was submitted on October 2, 2009, and his deposition was taken on or about December 2, 2009.

Clearly this range of data sources shows that the data included in Dr. Hewett's analysis, and segregated by him, is not solely driven by plaintiff request, but rather includes not-for profit organizations, occupants, and state and federal governmental testing, as well as defendant testing. Further, as this Court is well aware, testing was conducted in anticipation of the sale or destruction of these units, and the parties and Court understood the need for the creation of such a database in the context of 90,000+ plaintiffs in the MDL. It is interesting that Shaw now voices opposition to this testing at the conclusion of the first day of trial. Shaw has objected to the databases analyzed by Dr. Hewett as being Plaintiff driven. This is simply not the case.

Finally, it must be stated that the testing was not undertaken in the context of 09-2977 Wright v. Forest River, et al. Much of this testing was completed well in advance of the onset of this bellwether trial. There was no injury to Shaw or any party to the instant litigation, even if no attorney was present to observe.

Plaintiff prays that this honorable Court deny the Motion in Limine filed by Shaw to exclude Dr. Hewett, as the motion is filed significantly after the deadline to file such motions, it mischaracterizes Dr. Hewett's testimony, Shaw's argument makes no sense, and finally, that Shaw offers no explanation why it waited so long to file this motion in the first place.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304

Facsimile:	504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:	504/522-2304
Facsimile:	504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on March 15, 2010.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471