UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"
JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO:
*Nunnery, et al v. Keystone RV Industries, et al*
E.D. La Case No. 09-3871
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS
THE CLAIMS OF PLAINTIFF DAVID MCGRAW'S FTCA
FOR LACK OF SUBJECT MATTER JURISDICTION

MAY IT PLEASE THE COURT:

## INTRODUCTION

In its Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(3), or alternatively, Fed. R. Civ. P. 56(b) the defendant United States of America ("United States" or "Government") avers that the Federal Tort Claim Act's ("FTCA") two-year statute of limitations, 28 U.S.C. §2401(b), bars plaintiff David McGraw's claims in this action, mandating a dismissal for lack of subject matter jurisdiction. Plaintiff respectfully submits, however, that in all respects the instant motion is without merit.

David McGraw, on June 1, 2009, submitted an administrative claim against the United States. The FTCA provides that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §2401(b). David McGraw respectfully asserts that he properly filed the administrative claim within two years of the accrual of his claim.

1

## ARGUMENT

### I. David McGraw Filed His Claim Within the Statute of Limitations As Set Forth in the FTCA and Guidelines of *Kubrick*.

Plaintiff agrees that generally, a tort action under the FTCA accrues at the time of a plaintiff's injury. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). However, federal courts have not hesitated to impose a less stringent standard – the "discovery rule" of accrual – in instances of medical malpractice, latent injuries, or toxic exposure. *See e.g., Johnson v. United States*, 460 F.3d 616, 622 (5th Cir. 2006); *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983); *Stoleson v. United States*, 629 F.2d 1265 (7th Cir. 1980). Accordingly, the defendant's statute of limitations argument can be simply stated that upon the onset of his first headache, the plaintiff should have made himself aware of a potential connection to the air contamination inside his travel trailer, a connection which the defendant, if allowed to proceed to trial, will likely claim is non-existent or medically obscure.

*a. The Discovery Rule is Not Restricted to Medical Malpractice Cases.*

Though defendant intimates that the discovery rule may only apply to medical malpractice cases, the history of the rule suggests otherwise. The Fifth Circuit has recognized that the United States Supreme Court's decision in *Urie v. Thompson*, 337 U.S. 163 (1949), served as a precursor to the application of the discovery rule to FTCA claims. *See Quinton v. United States*, 304 F.2d 234, 240-41 (5th Cir. 1962). *Urie* did not involve a medical malpractice claim, but rather a railroad fireman who claimed he contracted silicosis after long-term exposure to silica dust. 337 U.S. at 165-66. The Supreme Court held that the plaintiff's claim did not accrue until after he discovered the existence and *the cause* of his ailment. *Id.* at 170. As has been noted by the Seventh Circuit, "*Urie*

2

teaches that it is the nature of the problems faced by a plaintiff in discovering his injury and its cause, and not the occupation [i.e., whether the case sounds in malpractice against a physician] of the defendant, that governs the applicability of the discovery rule." *Stoleson*, 629 F.2d at 1269. From the facts pertinent herein, it is clear that David McGraw faced understandable obstacles in learning about the existence *and cause* of his injuries, so that this Court now should afford him every benefit of application of the discovery rule in determining the legal "accrual" date of his injuries.

*b. David McGraw Did Not Have Sufficient Notice to Start Accrual of His Claim until 2008.*

In the wake of Hurricane Katrina, David McGraw was displaced from his home and did not return to New Orleans until January 2006. Roughly three to four weeks after taking residency in the unit at issue, David McGraw began to suffer breathing and sinus problems. *See* Deposition of David McGraw, pp. 63-64, attached as Exhibit 1 to Defendant's Motion. However, Mr. McGraw, at that time, did not associate his symptoms with formaldehyde emissions present or with the travel trailer itself, and neither did he have any cause or reason to do so. In fact, David McGraw did not even know about formaldehyde or potential health risks at that time.

The Fifth Circuit held in *MacMillan v. United States* that the key inquiry under the discovery rule of injury accrual is whether – and when – the plaintiff knew, or in the exercise of reasonable diligence should have discovered *the cause* of the plaintiff's injuries. 46 F.3d 377, 381 (5th Cir. 1995) (emphasis added). Mr. McGraw repeatedly testified in his deposition that he did not know the cause of his injuries while he was living in the travel trailer at issue. When asked by counsel for the Government to confirm that he never complained to FEMA that the trailer was causing him headaches, burning eyes, or sinus problems, Mr. McGraw answered, "What am I going to call FEMA for, when I don't even know what's causing the problem?" *See* Exhibit A, Deposition testimony of

3

David McGraw, p. 247. Again, when asked by counsel for the Government to confirm that he never informed FEMA that there was any defect in the unit that he thought might be causing his sinus problems, Mr. McGraw testified, "Well, how could I know that the trailer is causing my sinus or why I'm going to call FEMA for it? I don't even know that the trailer is causing my sinus...I still ain't never put two and two together, because I was just – Like I said, I was busy doing work on the housing, going to work, so I didn't have time to try to put two and two or is the trailer making me sick or none of that." *Id.*, p. 262-263. Furthermore, when questioned about his request for an extension of time to live in the trailer, Mr. McGraw again testified that he didn't know that the trailer was causing him problems. *Id.*, p. 367. From the testimony presented at Mr. MCGRAW's deposition it is abundantly clear that Mr. McGraw never knew that it was the trailer that was causing him injury. It was not until Mr. McGraw saw a television advertisement in 2008 concerning the present litigation did he know the trailer may have been the cause of his injuries. It was not until 2008 that Mr. McGraw first became aware of the presence of formaldehyde and that it could have been causing his injuries. *Id.*, p. 107-108.

Upon consideration of the nature of Mr. McGraw's illness, FEMA's withholding of pertinent information and its avoidance of effective notification of exposure, this Court must find Mr. McGraw's claims did not accrue until 2008. The facts as to the causal relationship between formaldehyde exposure and his injuries in this housing unit were in the control of the defendant United States and were unavailable, to him or at least very difficult for him to obtain. In the seminal FTCA claim accrual case, *United States v. Kubrick*, the Supreme Court held that:

> a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should [not] receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about

4

> causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter.

444 U.S. 111, 122 (1979). Here, plaintiff David McGraw clearly was not "in possession of the critical facts" that he was injured by formaldehyde exposure, and did not know who "inflicted the injury" until after he had moved out of the travel trailer. Prior to that time, David McGraw was "at the mercy" of the United States, as the Government withheld information from him about the danger and health risks of formaldehyde in federally provided travel trailers.

By the defendant's own admission in support of the instant motion, "[t]he crux of the FTCA's accrual rule is that once there is sufficient information that would lead a reasonable person to inquire further into the facts to ascertain whether there is a cause of action, that person then has two years to determine whether to file an administrative claim." *See* Defendant's Motion to Dismiss, No. 07-1873, Rec. Doc. 12264-1, p. 16-17 (E.D. La. March 4, 2010). Contrary to the United States' contention, Mr. McGraw did not have sufficient information in June of 2006 or October 2006 that would prompt a reasonable person to inquire further into the facts to ascertain whether there was a cause of action for his injuries. Mr. McGraw's injuries mimicked those suffered through the normal course of life, thus making them difficult to raise suspicion as to the infliction of injury caused by the defendant. It was not until after Mr. McGraw vacated his trailer, that he learned about dangerous formaldehyde emissions in the trailers such as his. Consequently, Mr. McGraw's claims against the United States could not have accrued until 2008 when Mr. McGraw first suspected that the illnesses he suffered might have been caused by the travel trailer and the formaldehyde emissions therein. David McGraw's administrative filing in July 2009 is within the two-year statute of limitations

5

imposed by the FTCA. Accordingly, plaintiff asks the Court to deny the instant motion to dismiss, as the Court has subject matter jurisdiction over all of David McGraw's claims.

### c. *The Present Case is Easily Distinguishable From the Prior Bellwether Cases.*

In support of its Motion to Dismiss the Government relies on this Court's rulings in the previous bellwether trials as support for their contention that Mr. McGraw had sufficient notice of his injuries and their cause to begin the accrual of his claim. However, each of the prior bellwether cases can be easily distinguished from the case at bar. In this Court's ruling dismissing the FTCA claims of bellwether plaintiff Lyndon Wright this Court found specifically that the FTCA's statute of limitations began to run when he first associated his symptoms to conditions in the EHU and that Mr. Wright reported to his mother that he thought the trailer was making him sick. *See* Order and Reasons, MDL No. 07-1873, Doc. No. 10493, p. 7-8. Similarly, in this Court's ruling dismissing the FTCA claims of Earline Castanel, this Court relied upon the fact that Ms. Castanel testified that she would stand by the door of her trailer to obtain relief from her injuries. *See* Order and Reasons, Case No. 09-3251, Doc. No. 3, p. 6. In the case at bar, Mr. McGraw testified repeatedly that he was never able to link his injuries to being present in the travel trailer. Mr. McGraw never reported to anyone that he believed the trailer was making him ill nor did he seek relief from the trailer. Accordingly, the prior bellwether cases must be factually distinguished from the case at bar. The plaintiff therefore asks this Court to deny the instant motion to dismiss, as this Court has subject matter jurisdiction over all of David McGraw's claims.

### II. David McGraw Suffered Injury until He Moved Out of the Travel Trailer in July 2007, At Which Point His Claim Accrued.

Even if the Court chooses to apply the general rule that a tort action under the FTCA accrues

at the time of a plaintiff's injury, the nature of the injury claimed herein is such that David McGraw still filed the administrative claim within the two-year statute of limitations provided by 28 U.S.C. §2401(b). Plaintiff submits, and intends to prove at trial, that David McGraw sustained an ongoing and continuous injury caused by formaldehyde exposure during the period he lived in the unit at issue. Because David McGraw filed his claim within two years of July 2007, his alleged move-out date, this Court has subject matter jurisdiction over his claims.

In *Albertson v. T.J. Stevensen & Co., Inc.*, the Fifth Circuit applied the "time of event" rule of accrual to a toxic exposure case. 749 F.2d 223, 232-33 (5th Cir. 1984). The plaintiff, Albert Albertson, worked as an electrician aboard a ship for a four-month period between November 1968 and February 1969. *Id.* at 226. Albertson claimed that he used an undiluted toxic chemical to clean electrical equipment on the ship, which caused headaches on five or six occasions. *Id.* at 226-27. Later, however, Albertson suffered severe physical and psychiatric problems that he attributed to the toxic exposure. *Id.* at 227-28. In determining the appropriate trigger date for the statute of limitations, the Fifth Circuit found that "Albertson possessed the critical facts of his injury and its cause *at the time he endured the last exposure* to the [chemical]," and he "either possessed or had a reasonable opportunity to discover the critical facts of his injury and its cause *at the time of his last exposure* to the [chemical]." *Id.* at 233 (emphasis added). The Fifth Circuit therefore found that his "cause of action accrued at that time," in 1969. *Id.*

Upon information and belief, David McGraw was last exposed to the formaldehyde fumes in July 2007. Under the law applicable to continuous toxic exposure claims under the FTCA, and independent of the discovery rule, David McGraw's claim did not accrue until the time he endured the last exposure to formaldehyde. Consequently, his claims against the United States did not accrue

7

until the July 2007 exposure to formaldehyde emissions in the trailer. Assuming *arguendo*, therefore, that David McGraw possessed or had a reasonable opportunity to discover the critical facts of his injury while he resided in the trailer, he still has filed an administrative claim against the defendant within the two year statute of limitations under the FTCA. On this additional basis, plaintiff respectfully submits that the Court should deny the instant motion to dismiss under Fed R. Civ. P. 12(b)(1), 12(h)(3), or alternatively, Fed R. Civ. P. 56(b).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that the defendant's 12(b)(1), 12(h)(3) or alternatively, Fed. R. Civ. P. 56(b) motion should be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
**GERALD E. MEUNIER, #9471
PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com


s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street