# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE:    FEMA TRAILER                      MDL NO. 1873
          FORMALDEHYDE
          PRODUCTS LIABILITY
          LITIGATION

                                            JUDGE: ENGELHARDT
This Document Relates to:

                                            MAG: CHASEZ
*Keith Nunnery, et al. vs. Keystone*
*Industries, Inc., et al.* No. 09-3871
(David McGraw)

_____

## KEYSTONE'S MEMORANDUM IN OPPOSITION TO
## MOTION TO QUASH SUBPOENA FILED BY DAVID MCGRAW

Defendant, Keystone RV Company ("Keystone") submits this memorandum in opposition to the Motion to Quash filed by plaintiff, David McGraw.[1]  As more fully explained below, the Court should deny the motion to quash and permit J.P. Morgan Chase Bank, N.A. to comply with Keystone's subpoena.

## SUMMARY OF ARGUMENT

In its written discovery, Keystone asked Mr. McGraw to produce copies of his bank and credit card records.  McGraw refused to produce the records.  He objected and asserted that the records were not relevant and that Keystone's discovery requests were intended to harass him.  When Keystone issued a subpoena to Chase Bank for these same records, Mr. McGraw filed the instant motion to quash.

_____

[1] Rec. Doc. No. 12670.

{B0648753.1}

McGraw alleges that he had sinus and other medical problems while he lived in his FEMA trailer and after he moved out.  In his deposition, McGraw testified that he used his bank ATM card and credit card to purchase over the counter medications for these symptoms.  Even if McGraw had produced sales receipts for these purchases (which he has refused to do), Keystone is entitled to discovery of the bank and credit card records to determine the truthfulness of McGraw's statements and evaluate the extent of Mr. McGraw's use of these medications and their relationship to McGraw's alleged injuries.

During his deposition, McGraw also testified that during the time frame relevant to his claims, he paid for repairs to his mother's house.  The materials purchased for those repairs, some of which may have been purchased with his bank ATM or credit card, may contain formaldehyde or other substances that could impact Mr. McGraw's alleged medical conditions and could be used as evidence of other exposures to formaldehyde.  This provides another reason why Keystone is entitled to the records it has sought from Chase.

## PROCEDURAL BACKGROUND

McGraw claims to have suffered a broad range of damages because of allegedly unhealthy levels of formaldehyde in his FEMA travel trailer, which was manufactured by Keystone.  The Court selected McGraw as a bellwether plaintiff, and his claims are set for trial on July 19, 2010.[2]

---

[2] The parties are required to complete discovery by June 15, 2010 and the defendant's expert reports (for which the records sought by Keystone are likely

Keystone issued written discovery to Mr. McGraw asking him to identify his bank accounts and credit cards and produce copies of the records relating to each.[3] McGraw refused to respond to the discovery requests.  Instead, he objected, stating the discovery was irrelevant and meant to harass him.[4]

Keystone took Mr. McGraw's deposition on February 22, 2010.  As discussed below, Mr. McGraw's testimony showed that he used his bank ATM card and credit card to purchase medicines to treat his symptoms.  In addition, he purchased building materials to repair his mother's house after Hurricane Katrina and presumably used his bank ATM or credit card to do so.

On February 26, 2010, Keystone issued a subpoena to J.P. Morgan Chase Bank, N.A. seeking McGraw's bank and credit card records.[5]   Mr. McGraw filed a motion to quash the subpoena.

## LAW AND ARGUMENT

**1.     This Court should construe the discovery rules broadly.**

Fed. R. Civ. Pro. 26(b)(1) establishes the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense. … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  It is well established in

---

relevant) are due by May 1, 2010.  *See* Rec. Doc. Nos. 9600 and 9716 (Court's scheduling orders related to July 19, 2010 trial).

[3] *See* Exhibit "1."  (David McGraw's Revised Responses to Keystone's First Set Discovery Requests to Plaintiff).

[4] *Id*. at Interrogatories 15 and 16.

[5] A copy of Keystone's subpoena is attached to Mr. McGraw's motion as Exhibit "A."

{B0648753.1}

the Fifth Circuit that the "discovery rules are to be accorded a broad and liberal

treatment.   No longer can the time-honored cry of 'fishing expedition' serve to

preclude a party from inquiring into the facts underlying his opponent's case." [6] It is

also well established in the Eastern District that "[r]elevancy is broadly construed

and a request for discovery should be considered relevant if there is *any possibility*

that the information sought may be relevant to the subject matter in the action or if

there is *any possibility* that the information sought may lead to the discovery of

admissible evidence."[7]

The party moving to quash the subpoena "has the burden of proof to

demonstrate that compliance with the subpoena would be 'unreasonable and

oppressive.'"[8]   Courts consider the following factors when determining whether a

subpoena is unduly burdensome: "(1) relevance of the information requested; (2) the

need of the party for the documents; (3) the breadth of the document request; (4) the

time period covered by the request; (5) the particularity with which the party

describes the requested documents; and (6) the burden imposed."[9]   The court can

also consider the burden and expense to the non-party subject to the subpoena.

Moreover, the Fifth Circuit has stated that "modification of a subpoena is preferable

---

[6] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977), *quoting Hickman v. Taylor*, 329 U.S. 495 U.S. 495, 507 (1947).

[7] *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, 2008 WL 4286491, *3 (E.D. La., 2008), *citing Estate of Monroe v. Bottle Rock Power Corp.*, 2005 WL 119883, *4 (E.D. La. 2005) (emphasis added).

[8] *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citations omitted).

[9] *Id.*

to quashing it outright."[10]

## 2. McGraw's deposition testimony establishes that the bank and credit card records sought by Keystone are relevant and within the scope of discovery.

During his February 22, 2010 deposition, Keystone asked Mr. McGraw about

his use of his ATM card and credit cards.  Keystone also asked McGraw to identify

which bank he used.  McGraw's attorneys did not object to any of those questions

during the deposition.

McGraw's testimony confirmed the following:

- McGraw has a checking account, bank ATM card and credit card issued by JP Morgan Chase Bank.  McGraw uses a Chase branch on Royal Street in the French Quarter.[11]

- McGraw has used his Chase ATM card to purchase Mucinex, a medicine McGraw used to treat his sinus problems, a problem that he associates with living in his FEMA trailer.[12]

- McGraw used his credit card <u>and</u> Chase ATM card to purchase other over-the-counter medications which he took during the time frame when he lived in his FEMA trailer and afterwards.[13]

- McGraw was involved in repairing his mother's house and he paid for the repairs himself.[14]  Presumably, McGraw used ATM and/or credit cards to make these purchases.  The repairs were extensive and required gutting his mother's house, using materials that may contain formaldehyde or other chemicals that could affect Mr. McGraw's health and his claims in this litigation.[15]

---

[10] *Id.*

[11] McGraw Deposition, 41: 11-25, 42: 1-12.   A copy of the relevant portions of Mr. McGraw's deposition are attached as Exhibit "2."

[12] *Id*. at p. 66:12-25, p. 67:1-6, p. 395: 10-15; p. 396:  1-2.

[13] *Id*. at p. 395-396, 397:1-9.

[14] *Id*. at 156: 9-14, p. 157: 23-25.

[15] *Id*. at 187:22-25; 188: 1-12.

{B0648753.1}

The information and documents sought through Keystone's subpoena (and its discovery to Mr. McGraw) are within the broad scope of discovery permitted under the Federal Rules.  As this court has previously explained, "a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter in the action or if there is *any possibility* that the information sought may lead to the discovery of admissible evidence."[16] Certainly, Mr. McGraw's own deposition testimony confirms that the requested discovery is appropriate and proper under this standard.

Through his testimony, McGraw has demonstrated that the financial records are not only likely to lead to the discovery of admissible evidence, but the records themselves likely constitute admissible evidence.  Quite simply, he has put his financial records at issue in this litigation.  Keystone is entitled to review the records to confirm the truth of Mr. McGraw's own statements regarding his use of his Chase ATM card and credit card.  Keystone is also entitled to examine the records sought to evaluate how frequently McGraw purchased over the counter medicines for his alleged symptoms and whether he purchased other medicines or products which may be related to his alleged health problems.  Keystone is also entitled to examine the records to determine what other potential sources of formaldehyde to which Mr. McGraw may have been exposed.

---

[16] *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, 2008 WL 4286491, *3 (E.D. La., 2008), *citing Estate of Monroe v. Bottle Rock Power Corp.* 2005 WL 119883, *4 (E.D. La. 2005) (emphasis added).

3. **Even if McGraw is not making a loss wages claim, the records sought are relevant and within the scope of permissible discovery and the subpoena should not be quashed.**

McGraw argues that the Chase subpoena should be quashed because the subpoena is unreasonable and oppressive.  McGraw identifies three specific areas that supposedly weigh in favor of quashing the subpoena.[17]  In reality, none of these factors support McGraw's position:

> ➢ **Need for the documents**:  McGraw's own deposition testimony confirms why the Chase records are relevant and necessary to Mr. McGraw's claims.  As discussed above, the testimony shows that the records are directly related to Mr. McGraw's medical claims, the veracity of his own statements under oath, and the potential sources of formaldehyde or other chemicals to which he was exposed.

> ➢ **Lack of Time Limitation**:  McGraw argues that the subpoena is overbroad because it lacks any time limitation.   In his brief, he makes the absurd argument that because he is forty-seven years old, Chase could be required to produce forty-seven years of records.[18]  Certainly, Keystone is not seeking forty-seven years worth of records and has no expectation that Mr. McGraw has been a customer of Chase since the day he was born.  But, if Mr. McGraw would provide information to the Court and to Keystone regarding the time period he has been a Chase customer, Keystone would likely be able to restrict the subpoena to that

---

[17] Rec. Doc. No. 12670-1, p. 3-4.

[18] Rec. Doc. No. 12670-1, p. 3.

time period.  For example, if Mr. McGraw has only been a customer of

Chase since 2005, then the subpoena would be restricted to that time

frame.

 ➢ **Scope of the Request**:  Keystone's subpoena is narrowly focused.  It

 contains a single request and seeks documents related to any accounts

 or credit cards held by Mr. McGraw at Chase.  McGraw has now

 confirmed that he has a checking account, ATM and credit card issued

 by Chase.  Thus, despite McGraw's suggestions to the contrary, the

 subpoena is limited by the nature of the accounts Mr. McGraw

 supposedly has at Chase. [19]

It is also important to note that any burden of production would fall on

Chase, not Mr. McGraw.  And, Chase has not raised any concerns or objections to

Keystone's subpoena or the burdensomeness of responding.

McGraw also asserts that, because he is not asserting a claim for lost wages,

the bank and credit card records sought by Keystone are not discoverable.  This

argument misses the point.  The bank records sought by Keystone are relevant and

discoverable because they relate to Mr. McGraw's alleged medical injuries along

---

[19] McGraw also argues he has a reasonable expectation of privacy as to the bank records.  He cites the Court to decision from the Louisiana Supreme Court, *Plaquemines Parish Commission Council v. Delta Development, Inc*. 472 So.2d 560 (1985).  Even a cursory review shows this case is not on point.  The case, which involved the Perez family in Plaquemines Parish, involved First Amendment issues and the ability of a public official to disclose (or not disclose) financial information regarding affairs while in office.  It did not involve discovery issues under the Federal Rules of Civil Procedure such as those presented here. However, to the extent Mr. McGraw has legitimate privacy concerns, Keystone will agree to make any disclosed documents subject to the Court's existing protective order.

with his potential exposure to formaldehyde from other sources.   More importantly, McGraw's statements are not consistent with McGraw's own complaint.  In paragraph 70, McGraw asserts a claim for loss of past and future earnings.[20]

### CONCLUSION

For all the reasons explained in this memorandum, Keystone requests that the Court deny the pending motion to quash and permit Chase Bank to respond to Keystone's subpoena directed to JP Morgan Chase Bank, NA.  In addition, given Mr. McGraw's deposition testimony which clearly demonstrated the relevance and discoverability of the records sought, Keystone requests that the Court also award it reasonable attorney's fees and costs in connection with opposing this motion.

Respectfully submitted,

s/Ryan E. Johnson
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.

---

[20] *See* Docket No. 09-3871, Rec. Doc. No. 1, p.17 (*Nunnery* Complaint). McGraw did indicate in his Plaintiff Fact Sheet that he was not making a claim for lost wages, but that position is at odds with the plain wording of his complaint.

201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

**_Counsel for Keystone RV Company_**

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing notice of subpoena has been served on all counsel of record in this matter, via email and U.S. Mail.

Baton Rouge, Louisiana, this 16th day of March, 2010.

_s/Ryan E. Johnson_
_____
Ryan E. Johnson

{B0648753.1}