UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Earline Castanel, et al v. Recreation by Design LLC, et al*, Docket No. 09-3251; | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION FOR AN AWARD OF COSTS

Plaintiff Earline Castanel ("Ms. Castanel" or "Plaintiff"), responds to Defendant United States of America's (the "United States") Motion for an Award of Costs (Doc. 11949), and, in support, would show:

### BACKGROUND

On April 8, 2009, Plaintiff filed suit against several parties, including the United States. (Case No. 09-3251, Doc. 1.)

On November 5, 2009, Plaintiff was selected by the Court to replace Carrie Smith as the Bellwether plaintiff in the "Recreation by Design trial." (Doc. 6433.)

On December 7, 2009, five days after deposing Plaintiff, the United States filed a motion to dismiss her claims under the Federal Tort Claims Act ("FTCA") pursuant to Rules 12(b)(1) and 12(h)(1). (Doc. 8629.)

On January 22, 2010, this Court granted the United States' motion and dismissed all of Plaintiff's FTCA claims for lack of subject matter jurisdiction. (Doc. 11949.)

On February 26, 2010, the United States filed its present motion seeking an award of

costs against a retired seventy-nine year old woman whose sole source of income is her monthly social security check.

## ARGUMENT AND AUTHORITIES

**I.      The Costs Sought By The United States Are Excessive And Unnecessary**

Pursuant to FED. R. CIV. P. 54(d)(1), costs are generally to be awarded as a matter of course, unless the Court directs otherwise. The types of costs awardable under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co., v. J.T. Gibbons, Inc*. 482 U.S. 437, 441-442 (1987). Section 1920 permits the following recoverable costs:

(1)     Fees of the clerk and marshal;

(2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and copies of papers necessarily used for use in the case;

(5)     Docket fees under section 1923 of this title;

(6)     Compensation of court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

28 U.S.C. § 1920.

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford*, 482 U.S. at 440. Costs not listed in Section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. *Id.;* see also *Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d. 877, 891 (5th Cir.1993) ("A district court may decline to award the costs listed in the statute but may not

2

award costs omitted from the list"). "Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Cooper Liquor, Inc. v. Adolph Coors Company*, 684 F.2d 1087, 1099 (5th Cir). In order to obtain

> costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.

*Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995); *see Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).

The United States is seeking an award of costs in the amount of $1,463.76 for the transcripts of depositions taken in the course of this case. However, in order to be awarded costs under § 1920(2), these transcripts must be "necessarily obtained for use in the case" and not just for convenience of the attorneys. As noted above, the United States filed its motion to dismiss on December 7, 2009. The United States ordered transcripts for three of the depositions that were taken over a month after it filed its motion. While Plaintiff does not contend that these deposition transcripts may have ultimately proved to be used for trial or trial preparation, they were clearly not necessary to the United States' motion to dismiss. Further, the United States was not required to order copies of these transcripts prior to having its motion to dismiss ruled on. Trial was not set to begin until May 17, 2010 and copies of deposition transcripts may always be ordered after the deposition. Therefore, the United States should not be awarded costs for the deposition transcripts of Alan Bowers, Carter Paddock and Joseph Gautreaux.

**II.   Costs Should Not Be Awarded Against Ms. Castanel**

For the reasons cited above, costs should not be awarded against Ms. Castanel. Despite the United States' implications, it cannot be said that Ms. Castanel brought her claims against the

3

United States in bad faith.  *White & White, Inc.*, 786 F.2d at 733.  At the time Ms. Castanel filed suit, this Court had not yet ruled on a motion to dismiss the FTCA claims of any claimant in the MDL for lack of subject matter jurisdiction.  Further, when Ms. Castanel was selected as a bellwether plaintiff, this Court had ruled on only one motion to dismiss FTCA claims for lack of subject matter jurisdiction.  (*See* Doc. 2789.)  Further, the PSC has asked the Court to reconsider that ruling in the *Alexander* Motion for New Trial, and will continue to challenge that ruling, if necessary, when the *Alexander* matter is ripe for appellate for review.  Therefore, even if Plaintiff's Counsel "should have known" that this Court lacked subject matter jurisdiction over Ms. Castanel's FTCA claims based on this Court's prior ruling, it was still necessary to bring this claim to preserve appellate review.

    Additionally, the following factors all support a denial of United States' motion.

    A.  <u>This Was A Close And Complex Case</u>.

    Denial of costs is proper in cases that are close and complex.  *See Association of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 593 (9th Cir. 2000); *White & White, Inc.*, 786 F.2d at 732-33.  This is the third of the bellwether trials in this case.  In light of the purposes of this trial, it qualifies as a complex case.

    B.  <u>Plaintiff Is Financially Unable To Pay This Award</u>.

    A court may deny or reduce costs based upon the losing party's inability to pay the full measure of costs.  *See Association of Mexican-American Educators*, 231 F.3d at 592-93; *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997).  Plaintiff is a 79 year old woman who has been retired for several years.  *See* Declaration of Earline Castanel, at ¶ 1, attached as **Exhibit A**.  Her sole

source of income is her comes from Social Security and she subsides on just $596.00 per month. *Id*. at ¶¶ 1 & 2.  Out of this monthly check, Plaintiff spends approximately $395 per month on utilities and property insurance.  *Id*. at ¶ 5.  This leaves her with roughly $201 per month for "discretionary" purchases, including groceries.  Further, Plaintiff has just a minimal amount of money in her bank accounts and very few assets other than her home.  *Id*. at ¶¶ 3 & 4.

      C.      This Was An "Extraordinary" Case With Broad Implications.

This case is an "extraordinary" case.  *See Association of Mexican-American Educators*, 231 F.3d at 593; S*tanley v. University of So. Calif.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).  Ms. Castanel was one of more than one hundred thousand people who resided in FEMA trailers in Louisiana, Mississippi, Alabama and Texas as a result of Hurricanes Katrina and Rita.  At least partially as a result of this litigation, FEMA has changed its procurement policies for temporary housing units and set new requirements for temporary housing units used in the aftermath of future disasters.  To award costs against Ms. Castanel would have the chilling effect of discouraging future bellwether plaintiffs in this litigation and future cases.  *See, e.g., Association of Mexican-American Educators*, 231 F.3d at 593.

For these foregoing reasons, it would be inequitable and unjust to award costs against Ms. Castanel.

**III.**    **Costs Should Be Apportioned Against All Plaintiffs In The MDL**

In the alternative, costs should be apportioned against all claimants of the MDL on a *pro rata* basis.  As noted above, Ms. Castanel's case directly and indirectly affects the cases of tens of thousands of individuals.  In *White v. Sunderstrand Corp.*, the court held that the costs could not be shared amongst all putative class members because they were not given notice and did not

have a chance to opt out of the class.  256 F.3d 580, 586 (7th Cir. 2001).  However, all of the tens of thousands of claimants in this MDL have participated in this litigation to varying degrees and are on notice that this litigation exists.  As such, it is neither unreasonable nor unfair nor a violation of the due process clause to apportion costs amongst all claimants of the MDL, or, in the very least, amongst all members with a claim against the United States.

## PRAYER

WHEREFORE, Plaintiff Earline Castanel respectfully requests that the Court decline the award of costs because of Plaintiff's indigency and the extraordinary and complex nature of this case or, in the alternative, that the Court not award costs for the deposition transcripts of Alan Bowers, Carter Praddock and Joseph Gautreaux, and that any costs be assessed against each claimant in this MDL, on a *pro rata* basis.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:    504/528-9973
          gmeunier@gainsben.com

          s/Justin I. Woods
          JUSTIN I. WOODS, #24713
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:    504/528-9973
          jwoods@gainsben.com

          **COURT-APPOINTED PLAINTIFFS'
          STEERING COMMITTEE**
          ANTHONY BUZBEE, Texas # 24001820
          RAUL BENCOMO, #2932
          FRANK D'AMICO, #17519
          MATT MORELAND, #24567
          LINDA NELSON, #9938
          MIKAL WATTS, Texas # 20981820
          DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 16, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                       s/Gerald E. Meunier
                                       GERALD E. MEUNIER, #9471