## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * MDL NO. 1873 <br> * <br> * SECTION "N" (5) <br> * <br> * JUDGE ENGELHARDT <br> * MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * |
| *Lyndon Wright, et al v. Forest River, Inc., et al.*; Docket No. 09-2977; | * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION FOR AN AWARD OF COSTS

Plaintiff Lyndon Wright ("Mr. Wright" or "Plaintiff"), responds to Defendant United States of America's (the "United States") Motion for an Award of Costs (Doc. 11936), and, in support, would show:

### BACKGROUND

On March 2, 2009, Plaintiff filed suit against several parties, including the United States. (Case No. 09-2977, Doc. 1.)

On April 6, 2009, the Court designated Plaintiff as the Bellwether plaintiff in the "Forest River trial." (Doc. 1299.)

On July 10, 2009, Plaintiff was deposed.

On July 18, 2009, the Court allowed Plaintiff to amend his complaint to allege damages related to mold exposure. (Doc. 2201).

On November 17, 2009, the United States filed a motion to dismiss Plaintiff's claims under the Federal Tort Claims Act ("FTCA") pursuant to Rules 12(b)(1) and 12(h)(1). (Doc. 7368.)

On January 21, 2010, this Court granted the United States' motion and dismissed all of Mr. Wright's FTCA claims for lack of subject matter jurisdiction. (Doc. 10493.)

On February 25, 2010, the United States filed this motion, seeking an award of $156,673.13 in costs.

After the United States filed its motion, the Court, in an order signed on March 2, 2010, granted Defendants Forest River and Shaw's motion for summary judgment in regard to all claims arising from mold exposure in the trailer. (Doc. 12049, at p. 2). The Court also:

> award[ed] Defendants the cost of all expert fees related to mold testing and analysis, as well as the fees for the expert reports that were generated based on such testing and analysis.

*Id*.

## SUMMARY OF RESPONSE

The United States seeks costs, not only for those costs specifically listed in 28 U.S.C. § 1920 as those that may be awarded in favor of a prevailing party, but also thousands of dollars in costs which fall outside of the statute. The only basis to award costs, outside of those enumerated under 28 U.S.C. § 1920, are when there is a finding of specific "bad" behavior. The United States has failed to meet its burden. All that Plaintiff has done here is assert a claim that the Court has dismissed. If parties are exposed to the other sides' costs (aside from those enumerated in Section 1920) in every instance in which the parties lose an argument, this will result in an avalanche of costs motions after each unsuccessful motion.

As to those costs which are proper under 28 U.S.C. § 1920, Plaintiff respectfully requests that the Court exercise its discretion to decline to award such costs.

## ARGUMENT AND AUTHORITIES

I.  **Background on Costs Allowed**

Pursuant to FED. R. CIV. P. 54(d)(1), costs are generally to be awarded as a matter of course, unless the Court directs otherwise.  The types of costs awardable under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co., v. J.T. Gibbons, Inc*. 482 U.S. 437, 441-442 (1987).   Section 1920 permits the following recoverable costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily used for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

28 U.S.C. § 1920.

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party."  *Crawford*, 482 U.S. at 440.  Costs not listed in Section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract.  *Id.; see also Mota v. University of Texas Houston Health Science Ctr*., 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp*., 5 F.3d. 877, 891 (5th Cir.1993) ("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list").  "Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting."  *Cooper Liquor, Inc. v. Adolph Coors*

3

*Company*, 684 F.2d 1087, 1099 (5th Cir).  In order to obtain costs under Rule 54(d), "the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920."  *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995); *Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).

A substantial portion of the United States sought costs are for expert fees.  Looking to the express wording of Section 1920, it refers to "court-appointed experts."  The expert at issue here was not court-appointed.  Generally, the recovery of expert witness fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920.  *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995).  Under 28 U.S.C. § 1821, "a witness shall be paid an attendance fee of $40.00 per day for each day's attendance."

**II.    Exceptions when Additional Costs May be Awarded.**

In limited circumstances, a court may award costs in excess of what is allowed under Section 1920.

    A.    The *Alyeska* Exceptions

"'[F]ees in excess of that amount may be taxed when expressly authorized by Congress or when one of three narrow equitable exceptions recognized by *Alyeska*[1] apply.'"  *U.S. for use of Wallace v. Flintco Inc.*, 143 F.3d 955, 972 (5th Cir. 1998), *quoting International Woodworkers of Am. V. Champion Int'l Group*, F.2d 1174, 1175-76 (5th Cir. 1986) (en banc), *aff'd sub nom. Crawford*, 482 U.S. 473.  These narrow exceptions apply in the following scenarios:

---

[1] *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975).

(1) the trustee of a fund or property, or a party in interest, preserved or recovered the fund for the benefit of others in addition to himself;[2]

(2) a party acted in willful disobedience of a court order; or

(3) the losing party had acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

*U.S. for use of Wallace*, 143 F.3d at 972 n. 14, *citing International Woodworkers*, 790 F.2d at 1177.

    B.    <u>28 U.S.C. § 1927</u>

Section 1927 states that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. The Fifth Circuit has held that:

> [p]unishment under this statute is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense. We therefore require a detailed finding that the proceedings were both 'unreasonable' and 'vexatious'.

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996), *quoting F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). The Fifth circuit "has determined that a finding of 'unreasonable' and 'vexatious' multiplicative proceedings necessitates 'evidence of bad faith, improper motive, or reckless disregard of a duty owed to the court.'" M*ercury Air Group v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001), *quoting Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). However, § 1927 "does not apply when an attorney has

---

[2] This exception does not apply here.

5

represented her client 'with vigor.'" *Mercury Air Group*, 237 F.3d at 549.

    C.    <u>The "discovery rule", FED. R. CIV. P. 26(b)(4)(C).</u>

The discovery rule provides that:

[u]nless manifest injustice would result, the court must require that the party seeking discovery:

>  (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and
>  (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

FED. R. CIV. PRO. 26(b)(4)(C).

**III.    There is No Basis to Award Costs Above and Beyond Those Enumerated in Section 1920.**

    A.    <u>Plaintiff did not Willfully Disobey a Court Order</u>.

There is no evidence that Plaintiff or his counsel ever disobeyed a court order, much less did so willfully.

    B.    <u>No Evidence of Plaintiff's or his Counsel's Bad Faith, or that they Multiplied Proceedings Vexatiously, Wantonly or for Oppressive Reasons.</u>

There is no evidence that Plaintiff or his counsel brought Plaintiff's claims against FEMA or his mold claim against Defendants in bad faith or for inappropriate reasons. There is no evidence that Plaintiff's counsel acted with bad faith, improper motive or with reckless disregard to a duty owed to this Court. With respect to the mold claim, at least one of the defendants stated they intended to introduce evidence that exposure to mold, among other things, was a confounding factor that may have affected Plaintiff's health. (Doc. 2625-2, pp. 5 & 10-12). There were legitimate reasons to bring the mold claim, as Plaintiff's trailer contained mold and

his health problems were consistent with symptoms associated with exposure to mold.

Plaintiff did not bring his claims against the United States in bad faith.  At the time Plaintiff filed suit and when he was selected to serve as a bellwether plaintiff, this Court had not yet ruled on a motion to dismiss the FTCA claims of any claimant in the MDL for lack of subject matter jurisdiction.  The Court has since found that plaintiffs in this MDL must have submitted a Form 95 notice of claims to FEMA within two years of encountering any symptoms, regardless of whether they attributed the symptoms to their housing unit.  The PSC has asked the Court to reconsider that ruling in the *Alexander* Motion for New Trial, and will continue to challenge that ruling, if necessary, when the *Alexander* matter is ripe for appellate for review.

Also, as noted in his response to the United States' motion to dismiss, Plaintiff and Plaintiff's counsel had reason to believe that his Form 95 had been sent to FEMA within two years of the accrual of his cause of action.  (Doc. 8670, pp. 2-6.)

Further, to punish Plaintiff, or any party, for bringing a claim in good faith creates a slippery slope.  As the Court is well aware, the defendants have flooded the Court with numerous motions for summary judgment, motions in limine and motions to exclude.  Many have been denied in their entirety, only to be re-urged in other bellwether litigation.  If costs are to be awarded for simply failing to prove a claim or a defense, this Court will be flooded with costs motions from all sides.   An award of costs above and beyond those enumerated in Section 1920 is only for rare and egregious exceptions, none of which apply here.

    4. <u>The discovery rule does not apply</u>.

It is unclear how the "discovery rule" applies here.  The United States seeks costs well in excess of what the discovery rule allows.  Also, it has been the standard practice in this litigation

7

for the opposing parties to pay an opposing expert's deposition "sitting" fee. If the PSC has not done that with Dr. Kellman, it will do so.

As for the remaining sought fees, again, this creates a slippery slope. If all parties are permitted to seek the costs associated with their expert's opinions, this will dramatically change the face of this litigation.

Also, any such fees, both the rate and the time expended need to be <u>reasonable</u>. *Id*. Several factors to be considered when determining the reasonableness of fees are:

> (1) the witness's area of expertise;
> (2) the education and training that is required to provide the expert insight which is sought;
> (3) the prevailing rates of other comparably respected available experts;
> (4) the nature, quality and complexity of the discovery responses provided;
> (5) the fee actually being charged to the party who retained the expert;
> (6) fees traditionally charged by the expert on related matters; and
> (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Williams v. M-I, LLC*, No. Civ. A. 05-0404, 2006 WL 2604672, at *1 (W.D. La Sep. 8, 2006). If each party may seek all of their expert costs under the "discovery rule", the Court will be faced with numerous mini-litigations over the experts' time and expenses.

Finally, a party seeking compensation under Rule 26(b)(4)(C) should segregate time that is compensable from time that is not compensable. *Rogers v. Penland*, 232 F.R.D. 581, 582 (E.D. Tex. 2005). The United States did not do that in this case.

**IV.    Allowable Costs Under Section 1920.**

Turning to costs that are allowed under Section 1920, the United States seeks costs of <u>$25,675.26</u> under Section 1920(2) for the transcripts of depositions taken in the course of this case. However, in order to be awarded costs under Section 1920(2), these transcripts must be

"necessarily obtained for use in the case" and not just for convenience of the attorneys. The United States filed its motion to dismiss on December 7, 2009 and all claims against it were dismissed on January 21, 2010.

First, the United States is seeking the costs for transcripts of depositions that were taken after it was dismissed from this case:

| Name of Deponent | Date of Deposition | Total Costs Incurred |
|---|---|---|
| Jarrell, Albert | 1/25/2010 | $350.45 |
| Smulski, Stephen | 1/29/2010 | $395.55 |
| Young, Edith | 1/22/2010 | $462.00 |
| **TOTAL COSTS** | | **$1208.00** |

As the United States was not even a party to the litigation on these dates, it should not be awarded costs for obtaining copies of the above deposition transcripts.

Second, most of the depositions in this matter were taken after the United States filed its motion to dismiss. However, the United States ordered transcripts for the following depositions, the vast majority of which were taken over a month after it filed its motion:

| Name of Deponent | Date of Deposition | Total Costs Incurred |
|---|---|---|
| Albrecht, James | 1/20/2010 | $421.92 |
| Allan, Graham | 12/17/2009 | $707.80 |
| Compeau, Geoffrey | 1/7/2009 | $1,294.65 |
| Coy, Mike | 1/19/2010 | $239.20 |
| Dison, Nicole | 1/14/2010 | $350.10 |
| Dorris, Nathan | 1/4/2010 | $939.00 |
| Dyson, William | 12/21/2009 | $187.98 |
| Foltz, James | 1/19/2010 | $243.37 |
| Fribley, Thomas | 1/15/2010 | $1,588.05 |
| Hewett, Paul | 12/2/2009 | $642.45 |
| James, Robert | 1/14/2010 | $606.56 |
| Kelman, Bruce | 12/15/2009 | $1,310.55 |
| Mallet, Al | 1/12/2010 | $588.55 |
| Marsh, Tyshone | 1/14/2010 | $287.05 |
| Morris, Travis | 12/19/2009 | $238.05 |

| Nelson, Norm | 12/23/2009 | $282.18 |
|---|---|---|
| Osteraas, John | 12/16/2009 | $919.85 |
| Polk, Mark | 12/22/2009 | $573.05 |
| Ritter, Ervin | 12/9/2009 | $473.75 |
| Robbins, Coreen | 12/14/2009 | $2,127.50 |
| Smith, Kenneth | 12/4/2009 | $411.60 |
| Snell, Donald | 12/22/2009 | $724.88 |
| Thompson, John | 1/8/2010 | $337.70 |
| Watson, Tony | 12/21/2009 | $197.38 |
| Williams, Patricia | 12/3/2009 | $845.65 |
| Wright, Bobbie | 1/5/2010 | $668.80 |
| Wright, Michelle | 1/5/2010 | $158.90 |
| **TOTAL COSTS** | | **$17,366.52** |

These depositions were not necessary to the United States' motion to dismiss. Further, the United States was not required to order copies of these transcripts prior to having its motion to dismiss ruled on. Trial was not set to begin until March 15, 2010 and copies of deposition transcripts may always be ordered after the deposition. Therefore, the United States should not be awarded costs for the deposition transcripts of the above individuals.

The United States also seeks costs of $80.00 under Section 1920(3) for witness fees incurred in making Brian Boyle and Mark Polk available to be deposed. Mark Polk was designated as an expert by and, as noted above, it has been the standard practice in this litigation for the opposing parties to pay an opposing expert's deposition "sitting" fee. If the PSC has not done that with Mark Polk, it will do so but the United States should not be allowed to also recover a $40 witness fee for this deposition. The United States is also seeking an award for $40 for making Brian Boyle available to be deposed on February 12, 2010. However, this deposition was noticed by Shaw; therefore the United States is not entitled to recover a witness fee under 28 U.S.C. § 1821(a)(1) & (b) from Plaintiff.

10

V.     **Costs Should Not Be Awarded Against Plaintiff**

For those limited costs which may be properly awarded to the United States under Section 1920, Plaintiff respectfully requests that the Court exercise its discretion to eliminate or reduce costs, or alternatively, tax appropriate costs on all claimants in the MDL, for the following reasons.

   A.     This Is A Close And Complex Case.

Denial of costs is proper in cases that are close and complex. *See Association of Mexican-American Educators v. State of Calif.*, 231 F.3d 572, 593 (9th Cir. 2000); *White & White, Inc.*, 786 F.2d at 732-33. This is the second of the bellwether trials in this case. In light of the purposes of this trial, it qualifies as a complex case.

   B.     Mr. Wright Is Financially Unable To Pay This Award.

A court may deny or reduce costs based upon the losing party's inability to pay the full measure of costs. *See Association of Mexican-American Educators*, 231 F.3d at 592-93; *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000); *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Plaintiff's gross pay is approximately $64,000 a year, and he is an hourly worker that works two jobs. *See* Declaration of Lyndon Wright, at ¶¶ 1 & 2, attached as **Exhibit A**. The United States seeks costs of approximately two times his gross annual earnings. He has no other source of income other than his wages. *Id*. at ¶ 3. Additionally, Plaintiff has under $1,000 in cash or in his bank accounts. *Id*. at ¶¶ 3 & 4. His only assets of note are an account with T. Rowe Price worth approximately $2,500 and his 2006 Mitsubishi Galant, the latter of which is subject to a loan agreement. *Id*. at ¶ 5. Plaintiff's monthly expenses total approximately $1,884. *Id*. at ¶ 6. Further, as with many victims of

11

Katrina, Plaintiff is in the process of paying off roughly $4,500 in credit card debt and another roughly $3,100 in debt from Rooms to Go and Bill Me Later.  *Id*.

        C.      <u>This Was An "Extraordinary" Case With Broad Implications</u>.

As previously noted, this case is the second bellwether trial and an "extraordinary" case. *See Association of Mexican-American Educators*, 231 F.3d at 593; S*tanley v. University of So. Calif.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).  Plaintiff is one of over one hundred thousand people who resided in FEMA trailers in Louisiana, Mississippi, Alabama and Texas as a result of Hurricanes Katrina and Rita.  At least partially as a result of this litigation, FEMA has changed its procurement policies for temporary housing units and set new requirements for temporary housing units used in the aftermath of future disasters.  To award costs against Plaintiff would have the chilling effect of discouraging future bellwether plaintiffs in this litigation and future cases.  *See, e.g., Association of Mexican-American Educators*, 231 F.3d at 593.

For these foregoing reasons, it would be inequitable and unjust to award costs against Mr. Wright.

**VI.**    **Alternatively, Costs Should Be Apportioned Against All Claimants In The MDL**

In the alternative, costs should be apportioned against all claimants of the MDL on a *pro rata* basis.  As noted above, Plaintiff's case directly and indirectly affects the cases of tens of thousands of individuals.  In *White v. Sunderstrand Corp.*, the court held that the costs could not be shared amongst all putative class members because they were not given notice and did not have a chance to opt out of the class.  256 F.3d 580, 586 (7th Cir. 2001).  However, all of the tens of thousands of claimants in this MDL have participated in this litigation to varying degrees and are on notice that this litigation exists.  As such, it is neither unreasonable nor unfair nor a

violation of the due process clause to apportion costs amongst all claimants of the MDL, or, in the very least, amongst all MDL members with a claim against the United States.

## **PRAYER**

WHEREFORE, Plaintiff Lyndon Wright respectfully requests that the Court decline the award of costs because of the extraordinary and complex nature of this case and Plaintiff's comparative lack of resources or, in the alternative, that the Court not award costs for any expert and witness fees or for the deposition transcripts of the aforementioned individuals, and that any costs be assessed against each claimant in this MDL, on a *pro rata* basis.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                        s/Gerald E. Meunier
                                        GERALD E. MEUNIER, #9471