ATTORNEY'S NAME: Munoz, John   09830
AND ADDRESS: Ste 3000, 1010 Common St
New Orleans   LA 70112-2411

RECEIVED JAN 19 2010

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:   2009 – 12800   1                                   SECTION:   8 – N

ANDREWS, KAREN   ETAL versus GULF STREAM COACH, INC.

## CITATION

TO: GULF STREAM COACH, INC.
THROUGH: THE LOUISIANA LONG ARM STATUTE
THRU ITS AGENT FOR SERVICE OF PROCESS: KENNETH C. BRINKER
503 SOUTH OAKLAND
NAPPANEE                    IN

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
FOR DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within thirty (30) days after the service hereof under penalty of default

************************************************************************
*                         ADDITIONAL INFORMATION                         *
* Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer *
* Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association. *
* If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp.; you *
* may call 529 - 1000 for more information. *
* COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE *
************************************************************************

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA   January 7, 2010

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS, Clerk of
421 Loyola Avenue                                          The Civil District Court
New Orleans, LA                                            for the Parish of Orleans
                                                           State of LA
                                                           by _____
                                                                       Deputy Clerk

---

SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ <br> _____ served a copy of the w/i petition <br> FOR DAMAGES | On this _____ day of _____ <br> _____ served a copy of the w/i petition <br> FOR DAMAGES |
| On <br> GULF STREAM COACH, INC. | On <br> GULF STREAM COACH, INC. |
| THROUGH: THE LOUISIANA LONG ARM STATUTE | THROUGH: THE LOUISIANA LONG ARM STATUTE <br> by leaving same at the dwelling house, or usual place of abode, in the hands of _____ |
| Returned same day <br> _____ No. _____ | a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM / HER the said _____ |
| Deputy Sheriff of _____ <br> Mileage: $ _____ | GULF STREAM COACH, INC. |
| _____ / ENTERED / _____ <br> PAPER               RETURN <br> _____ / _____ / _____ <br> SERIAL NO.   DEPUTY   PARISH | being absent from the domicile at time of said service. <br> Returned same day <br> No. _____ <br> Deputy Sheriff of _____ |

RECEIVED JAN 19 2010

FILED

[illegible date stamp] -8 P 3: 19

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

09-12800

NO: _____    DIVISION "N"-8    DOCKET NO.

KAREN ANDREWS, together with all individuals whose names appear in paragraph "I",

versus

GULF STREAM COACH, INC.

FILED: _____    _____
                                                                                DOCKET CLERK

## PETITION FOR DAMAGES

THE PETITION of KAREN ANDREWS and all individuals listed in paragraph "I" below, persons of full age of majority, on behalf of themselves and, in some instances, on behalf of individuals who lack the capacity to sue individually (hereinafter, "Plaintiffs"), through undersigned counsel, respectfully represent that:

I.

Plaintiffs are residents of and domiciled in the parishes below:

a. Karen Andrews, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

b. Willie K. Brown, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

c. Willie Calhoun, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

d. Manuel Gilbert, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

e. Rhonda Gilbert, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

f. Karen Gustave, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

g. Alicia Hayes, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

h. Charnell Haymond, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

i. Gillion Haymond, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

j. Marc Haymond, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

k. Jerome Jones, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

l. Donald Roberts, Sr., a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

m. Zella Roberts, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

n. Keenan Shields, individually and on behalf of minor Taylor Shields, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

o. Audrey Scott, a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

p. James Scott, Sr., a person of full age of majority, and is a resident of and domiciled in the Parish of Orleans, State of Louisiana.

II.

Made Defendant is:

a. Gulf Stream Coach, Inc. (hereinafter "Gulf Stream") is a corporation organized under the laws of the State of Indiana, which conducts business in the State of Louisiana and within the jurisdiction of this Honorable Court.

III.

Venue is proper in Orleans as it is the parish where the plaintiffs' injuries occurred.

IV.

At all pertinent times hereto, Gulf Stream was engaged by the Federal Emergency Management Agency, hereinafter "FEMA", to sell temporary housing units for provision to the Plaintiffs as temporary housing following Hurricane Katrina.

V.

On information and belief, Gulf Stream expedited production of these housing units, and, on information and belief, resorted to using substandard materials and/or employing irregular practices during the manufacturing process, all of which resulted in the housing units occupied by each Plaintiff containing higher than normal levels of formaldehyde.

VI.

On information and belief, the housing unit of each Plaintiff, including those units which were manufactured prior to the hurricanes and those later manufactured and purchased by FEMA, deviated from Government specifications pertaining to the safety of the unit as a residence.

VII.

Plaintiffs submit that each and all of the housing units which are at issue herein, both those which were manufactured prior to the hurricanes and those later manufactured and purchased by FEMA, did not conform to any Government-imposed specifications which addressed the design and/or construction of the housing units pertinent to formaldehyde levels.

VIII.

Plaintiffs submit that each of the housing units at issue, both those which were manufactured prior to the hurricanes and those later manufactured, and purchased by FEMA, contained dangerous levels of formaldehyde due to Gulf Stream's use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, but that Gulf Stream failed to warn the Federal Government about these dangers, which initially were not known to the Federal Government.

IX.

Plaintiffs submit that Gulf Stream ignored, or concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde due to Gulf Stream's use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months, all in order to sell Gulf Stream's products, and/or avoid the costs of safety precautions/inspections, and/or avoid litigation by persons injured by formaldehyde emissions.

X.

Each and all of the Plaintiffs spent significant time in the FEMA-provided housing units manufactured by Gulf Stream and provided to Plaintiffs by the Federal Government. As a result, the Plaintiffs unwittingly were exposed to dangerously high concentrations of the formaldehyde emitted from products used in the manufacture of the subject housing units.

XI.

Gulf Stream knew or should have known of the health hazards inherent in the products it constructed, by familiarity with industry standards and published medical studies.

XII.

As a result of the foregoing, Plaintiffs were caused to sustain injuries including, but not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven.

XIII.

Plaintiffs' injuries and resulting damages were proximately caused by the fault of Defendants and their officers, agents, employees, and those for whom they are legally responsible.

## XIV.

Gulf Stream, under all applicable laws, including but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq.*, is strictly liable unto Plaintiffs for all injuries and damages for designing, manufacturing, distributing and/or selling of temporary housing units described above, that were defective, unsafe, and unreasonably dangerous in design, composition, manufacture, and/or construction and/or due to its lack of and/or inadequate warnings and due to its non-conformity to the express warranties of fitness of said product.

## XV.

Plaintiffs assert their claims against Gulf Stream under the laws of the State of Louisiana and under any other state and federal statutes which may be applicable.

## XVI.

Plaintiffs are entitled to a trial by jury.

WHEREFORE, Plaintiffs pray that Gulf Stream Coach, Inc. be served with a copy of this Petition for Damages and that after due proceedings are had, Plaintiffs pray for judgment in their favor and against Defendant, Gulf Stream, in an amount reasonable under the premises, together with legal interest thereon from the date of judicial demand, and for all costs of these proceedings, and for all appropriate legal and equitable relief, and for trial by jury.

Respectfully submitted,

*[signature]*

John Munoz (#9830)
Garner & Munoz
1010 Common Street, Suite 3000
New Orleans, LA 70112-2411
Tel.:   (504) 581-7070
Fax.:   (504) 581-7083

## THE BUZBEE LAW FIRM

Anthony G. Buzbee
Texas Bar No. 24001820
Peter K. Taaffe
Texas Bar No. 24003029
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel.:   (713) 223-5393
Fax.:   (713) 223-5909

ATTORNEYS FOR PLAINTIFFS

**PLEASE SERVE:**

Gulf Stream Coach, Inc.
**through its Agent for Service of Process:**
Kenneth C. Brinker
503 South Oakland
Nappanee, Indiana 46550

A TRUE COPY
*[signature]*
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.