UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.,*<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## SHAW ENVIRONMENTAL, INC.'S MOTION TO EXCLUDE
## DR. PATRICIA WILLIAMS' DEMONSTRATIVE EXHIBIT

**MAY IT PLEASE THE COURT:**

Plaintiff Lyndon Wright's expert toxicologist, Dr. Patricia Williams, intends to use a **66-slide** PowerPoint presentation as a demonstrative exhibit during the trial of this matter.[1] Shaw Environmental, Inc. ("Shaw") moves for an order to exclude Dr. Williams' demonstrative exhibit because it contains information that (1) has been previously excluded by this Court's orders; (2) is highly inflammatory and unfairly prejudicial to the defendants, and would be misleading and confusing to the jury under Rule 403 of the Federal Rules of Evidence; and (3) is outside the scope of Dr. Williams' expert report.

---

[1] A copy of Dr. Williams' PowerPoint presentation is attached as Exhibit "A."

**ARGUMENT**

**A.      The Legal Standard for Demonstrative Exhibits**

Under the Federal Rules of Evidence, any evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See* Fed. R. Evid. 403.  Demonstrative aids are governed by this rule. *U.S. v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003).  Accordingly, "demonstrative evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Tritek Technologies, Inc. v. U.S.*, 67 Fed.Cl. 727, 729 (Fed. Cl. 2005); *Young Dental Mfg. Co. v. Q3 Special Products, Inc.*, 112 F.3d 1137, 1145-46 (Fed. Cir. 1997).

Neither may a demonstrative exhibit contain opinions that are beyond the scope of the expert's report.  Under the Federal Code of Civil Procedure, an expert's report must contain a complete statement of all opinions the expert witness will express and the basis and reasons for them.  *See* Fed. R. Civ. P. 26(a)(2)(B)(i).  If a party fails to disclose such expert information as required by Rule 26(a), that party may not use the undisclosed information at trial unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1).  This Court has excluded expert opinions that are not in a timely filed expert report.  *See, e.g.*, Court's Order and Reasons (Feb. 10, 2010; Doc. 11464); Court's Order and Reasons (March 5, 2010; Doc. 12450).

Obviously, demonstrative exhibits may not include information excluded by the Court through its pretrial orders. Furthermore, demonstrative aids must have an evidentiary basis for them. *See* Court's Order and Reasons (March 8, 2010; Doc. 12586).

**B.     Many Slides from Dr. Williams' PowerPoint Presentation Must Be Excluded**

**1.     Slides 48-50**

Slides 48-50 of Dr. Williams' PowerPoint presentation consist of grotesque and disturbing photographs of unidentified individuals (including apparently a child on Slide 49) with nasal cavity cancer, nasopharyngeal cancer, and cancer of the oropharynx.[2] These photographs are highly inflammatory and unfairly prejudicial to Shaw, and would be misleading and confusing to the jury under Rule 403 of the Federal Rules of Evidence.

Shaw notes further that in response to Forest River's motion to exclude Dr. Williams' testimony, the Court ruled that at trial "it should be made known that Plaintiff has not been diagnosed with cancer; no expert should testify to the contrary. Further, any testimony relating to an alleged link between formaldehyde exposure and cancer is relevant only to the reasonableness of Plaintiff's alleged fear of cancer claim." Court's Order and Reasons (March 10, 2010; Doc. 12723), at 2. Although Dr. Williams may testify about the alleged carcinogenicity of formaldehyde, these inflammatory and prejudicial photographs go way beyond what is reasonable to address Mr. Wright's alleged fear of cancer.

Accordingly, Slides 48-50 should be excluded from Dr. Williams' PowerPoint presentation.

---

[2]     Dr. Williams' PowerPoint presentation (Exh. "A"), at 48-50.

**2.     Slide 53**

Slide 53 of Dr. Williams' PowerPoint presentation is entitled "Causal evidence for concentrations of exposure to Formaldehyde (Hauptmann, 2009)", and includes the following reference: "Formaldehyde exposure level: Myeloid Leukemia."[3] This reference to the alleged connection between formaldehyde and myeloid leukemia directly contravenes the Court's February 10, 2010 and March 5, 2010 Orders and Reasons (Docs. 11464 and 12450), which excluded such testimony.

The 2009 Hauptmann study cited by Dr. Williams was a case control study of deceased funeral industry workers allegedly finding that embalming was significantly associated with an increased risk for myeloid leukemia. As this Court will recall, on January 27, 2010, Dr. Williams submitted an untimely supplemental expert report – three months after the final expert report deadline, nearly two months after her deposition, and two days before the close of discovery. In this supplemental expert report, Dr. Williams concluded for the first time that there is an alleged cause-effect relationship between formaldehyde and leukemia. (This conclusion was notably absent from Dr. Williams' prior expert reports timely submitted in this matter.) Dr. Williams' supplemental expert report was based, in part, on the 2009 Hauptmann study.

Shaw and Forest River filed a joint motion to strike Dr. Williams' supplemental report. This Court granted the motion, ruling that "Any and all opinions expressed for the first time in the supplemental reports of Williams . . . [is] hereby excluded." Court's Order and Reasons (Feb. 10, 2010; Doc. 11464). On Mr. Wright's motion to reconsider, the Court granted in part and denied in part, ruling that Dr. Williams may discuss the 2009 Hauptmann study only "*to the*

---

[3]     *Id.* (Exh. "A"), at 53.

*extent that they relate to a prior opinion on general causation that was timely rendered*. No additional opinions based on such articles will be permitted." Court's Order and Reasons (March 5, 2010; Doc. 12450), at 1 (emphasis in original). Accordingly, Dr. Williams may not testify about the alleged cause-effect relationship between formaldehyde and leukemia, and certainly cannot use as a demonstrative exhibit a slide that addresses that purported cause-effect relationship.

### 3. Slides 57-59

Slides 57-59 of Dr. Williams' PowerPoint presentation consist of excerpts of a letter from V.J. Cogliano, IARC Monographs Programme, IARC, entitled "Identifying tumour sites in the *IARC Monographs*," published in *Occupational and Environmental Medicine* (July 2009, Vol. 66, No. 7).[4] However, this letter is neither cited in Dr. Williams' expert report[5] nor contained in the reliance files produced by Dr. Williams. Furthermore, the excerpt from the letter at Slide 57 addresses alleged statistically significant associations between formaldehyde and myeloid leukemia, which, as discussed above, has been excluded by this Court. *See* Court's Order and Reasons (Feb. 10, 2010; Doc. 11464); Orders and Reasons (March 5, 2010; Doc. 12450). Accordingly, Slides 57-59 should be excluded.

### 4. Slide 15

Slide 15 of Dr. Williams' PowerPoint presentation is entitled "When formaldehyde is inhaled", and sets forth specific percentages of inhaled formaldehyde that is absorbed in the nasal passages and metabolized, eliminated as $CO_2$ through expiration from the lungs,

---

[4] *Id.* (Exh. "A"), at 57-59.

[5] A copy of Dr. Williams' expert report is attached as Exhibit "B."

eliminated as formic acid in urine and feces, and which remain in the tissues.[6] No citation, support or attribution is given for these percentages, particularly the 35-39% of formaldehyde that allegedly remains in the tissues. These percentage figures do not appear in Dr. Williams' expert report.[7] Therefore, Dr. Williams should be permitted to display or testify about the figures on Slide 15 during her trial testimony.

## CONCLUSION

For the foregoing reasons, Shaw respectfully requests this Court to enter an order excluding Slides 15, 48-50, 53, and 57-59 from Dr. Williams' demonstrative exhibit because they contain information that (1) has been previously excluded by this Court's express orders; (2) are highly inflammatory and unfairly prejudicial to the defendants, and would be misleading and confusing to the jury under Rule 403 of the Federal Rules of Evidence; and (3) are outside the scope of Dr. Williams' expert report.

---

[6] Dr. Williams' PowerPoint presentation (Exh. "A"), at 15.

[7] Although Dr. Williams' expert report states that "[f]ormaldehyde is readily absorbed in the respiratory and gastrointestinal tracts" and that "[t]he absorption of inhaled gases takes place mainly in the lungs" (Exh. "B", at 8), her report does not reflect the percentage figures on Slide 15.

- 7 -

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz