UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * | MDL NO. 1873 <br><br> SECTION "N" (5) <br><br> JUDGE ENGELHARDT <br> MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO<br><br>*Betty Alleman, et al v. Gulf Stream Coach Inc., et al*, Docket No. 09-5390; | * <br> * <br> * <br> * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SECOND SUPPLEMENTAL AND AMENDED COMPLAINT

Plaintiff Daniel Porter ("Plaintiff"), pursuant to Fed. R. Civ. P. 15, respectfully amends and supplements the First Amended and Restated Complaint for Damages (the "Complaint"), as follows:

1.

Plaintiff is included among the plaintiffs enumerated in Exhibit A to the Complaint.

2.

The allegations of the Complaint, with respect to the identification of the Parties (paragraphs 1 to 5 of the Complaint) and Jurisdiction/Venue (paragraphs 6 to 12 of the Complaint) are reiterated and incorporated herein.

3.

The allegations in the Complaint dealing with general factual information (paragraphs 13 to 79) are also reiterated and incorporated herein.

4.

EXHIBIT A

Plaintiff was displaced from his permanent home as a result of Hurricane Katrina. Since his home was rendered inhabitable as a result of Hurricane Katrina, Plaintiff was deemed eligible to receive emergency housing assistance from the Federal Emergency Management Agency ("FEMA"), pursuant to the Stafford Act and applicable federal regulations.

5.

The emergency housing assistance provided to Plaintiff was in the form of a travel trailer manufactured by Defendant Gulf Stream Coach, Inc. ("Gulf Stream"), with Vehicle Identification Number (VIN) 1NL1GTR2661053336.

6.

The travel trailer was manufactured by Gulf Stream in or around February 2006.

7.

The travel trailer was delivered to Plaintiff for occupancy in Bridge City, Louisiana, at 235 Fourth Street.

8.

The travel trailer was installed at the above location and hooked to utilities for residential purposes by Defendant Shaw, pursuant to a contract between Gulf Stream and FEMA.

9.

Plaintiff began living in the travel trailer in or around June 2006 and stopped living in the travel trailer in or around January 2008. Plaintiff resided in the travel trailer continuously during this period of time.

10.

Plaintiff respectfully reiterates and incorporates all allegations set forth in the Complaint

with respect to the cause of action against defendant FEMA (paragraphs 80 to 85 of the Complaint).  In addition, and more specifically, Plaintiff avers that defendant FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to Plaintiff, with respect to safety and health risks and concerns related to formaldehyde exposure in the travel trailer, even though FEMA became aware of such risks and concerns generally, as early as the Fall/Winter of 2005.  As a result of FEMA's negligence, Plaintiff was unnecessarily exposed to unsafe and dangerous levels of formaldehyde in the travel trailer, prior to the time Plaintiff became aware of the need to vacate the travel trailer.

11.

Plaintiff respectfully reiterates and incorporates all of the allegations set forth in the Complaint with respect to the cause of action against Gulf Stream under the Louisiana Product Liability Act (paragraphs 97 to 102 of the Complaint).  Additionally, and more specifically, Plaintiff alleges that Gulf Stream had a continuing duty to warn Plaintiff about the dangers and risks of formaldehyde in the travel trailer and this duty was owed to Plaintiff during the entirety of Plaintiff's residency in the travel trailer.

12.

Plaintiff respectfully reiterates and incorporates all of the allegations in the Complaint with respect to the causes of action against the defendant Shaw under the Louisiana Products Liability Act (paragraphs 103 to 109 of the Complaint) and for negligence (paragraphs 110 to 116 of the Complaint).

13.

Plaintiff respectfully amends the allegations with respect to damages in paragraphs 117

and 118 of the Complaint, as well as the allegations in subparagraph 2 under the Caption "Prayer for Relief" in the Complaint, to clarify that Plaintiff seeks compensatory damages against Defendants, as follows:

    a. Plaintiff's physical pain and suffering;

    b. Plaintiff's mental anguish and emotional distress, including the fear of an increased risk of future serious disease; and

    c. Plaintiff's past, continuing and future medical expenses which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, surveillance, medical monitoring costs, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which are currently manifest.

14.

Plaintiff specifically reiterates his request for trial by jury of all claims herein, to the extent permitted by law.

WHEREFORE, Plaintiff respectfully supplements the Complaint in the foregoing respects and otherwise reiterates and re-avers all of the allegations and prayers for relief contained therein.

Respectfully submitted:
**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 167396

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                            s/Gerald E. Meunier
                                                            GERALD E. MEUNIER, #9471