UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
Case No. 09-2977 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OPPOSITION TO SHAW'S MOTION TO EXCLUDE DEMONSTRATIVE EXHIBIT OF PATRICIA WILLIAMS, Ph.D., DABT

**MAY IT PLEASE THE COURT:**

Plaintiff Lyndon Wright, through undersigned counsel, offers this brief opposition to the Shaw's Motion in Limine to Exclude the demonstrative powerpoint of Dr. Patricia Williams based upon the assertion that several of the slides are inherently prejudicial and thus must be excluded. Plaintiff argues that the probative value of the slides in question is significant for creating a framework to improve the jury's understanding of medical issues central to this case. Further, the issue areas are not only covered in Dr. Williams' report, but this Court has already ruled in favor of allowing one of the studies that Shaw now argues is prejudicial. Further, and at a very base level, it must be noted, that while Shaw's Motion is styled a Motion to Exclude the demonstrative exhibit, it is in reality a Motion to Exclude only certain slides, rather than the

1

exhibit in its entirety, and Plaintiff argues that this Court's consideration should be limited to those specific slides which are discussed by Shaw in its Motion to Exclude.

I.     **Legal Argument and Standard**

It is axiomatic that a Court has wide discretion when examining issues relating to relevancy, prejudice and probative value of exhibits and demonstrative aids.  District court has broad discretion in assessing admissibility under rule providing for exclusion of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues or misleading jury. *U.S. v. Morris*, 79 F.3d 1996 (5th Cir. 1996).  As this Court has previously stated, argument itself is inherently prejudicial.

It must also be noted, that the issue at hand relates to a demonstrative aid.  A demonstrative aid has been discussed as:

> Demonstrative aids are appropriately and widely used in trials to help illustrate for the jury matters that might otherwise be less than fully understood.  Such aids can take various forms, including, *inter alia*, diagrams, maps, computer animations or…mock-ups.  And regardless of the particular form, all demonstrative aids generally serve the same purpose, namely to explain or clarify a complex principle or concept, or to aid in the understanding of complicated witness testimony, particularly expert testimony.  In other words, the primary purpose of a demonstrative aid is "to illustrate other admitted evidence and thus to render it more comprehensible to the trier of fact." 2 McCormick on Evidence § 214 (6th ed. 2006).

*Colgan Air, Inc. v. Raytheon Aircraft, Co.*, 535 F.Supp.2d 580 (E.D. VA 2008).

II.    **Argument**

Prior to individually addressing the slides at issue in Shaw's Motion to Exclude, it is necessary to note that Dr. Williams is a general causation expert toxicologist addressing highly complicated and technical medical affects of formaldehyde exposure.  The nature of the injury mechanism and resulting affects, in many cases are highly complicated, as are the studies which

develop these various effects. As such, there is a clear benefit derived by the trier of fact, comprised of lay jurors, to see these concepts demonstrated through the charts, illustrations and photos contained in Dr. Williams' demonstrative aid. While Shaw argues that the contents of the slides in question are inherently prejudicial and outside the scope of Dr. Williams' report, Plaintiff asserts that neither of these arguments are correct. Further, as has been established through testimony already in front of the jury, there exists a clear foundation to discuss the contents of these slides (i.e., fear of cancer is clearly at issue at this point through the testimony of both Wright and Dr. Spector regarding uncertainty as to the tumor in at the base of his tongue).

### A.     Slides 48-50

Shaw moves to strike the series of three photos illustrating the appearance of nasal cavity cancer, nasopharyngeal cancer, and cancer of the oropharynx (respectively) as prejudicial. The issue of nasopharyngeal and related cancers connection to formaldehyde is most certainly a central focus of the litigation, as all parties are aware that prior to late 2009, these were the only cancers causally linked to formaldehyde exposure by the International Agency for the Research of Cancer (IARC). Particularly in light of the growth at the base of Mr. Wright's tongue, it is necessary to contextualize fear that he is experiencing relating specifically to the potential carcinogenic effects of the chemical exposure. He has stated that he doesn't know what will happen to him, and he worries that the tumor in his throat will turn into cancer. It is illustrative and probative that the jury sees and understands what the cancer he fears looks like.

Further, discussion of this is central to Dr. Williams' report, as she discusses the carcinogenicity of formaldehyde, as well as nasopharyngeal cancer and leukemia in her report at pages 49-56. This is perfectly consistent with the Court's Order and Reasons on the Motion in

Limine regarding Dr. Williams' discussion going to the reasonableness of the Plaintiff's fear of cancer.  As such, these exhibits are of a highly probative value, and if there is some prejudice, Plaintiff has made no claim that he in fact has cancer, and Shaw is more than capable of establishing that through testimony in advance of Dr. Williams' taking the stand (as Shaw has not cross-examined the Plaintiff yet).  Plaintiff prays that the Court deny Shaw's motion to exclude these slides.

      B.      **Slide 53**

Shaw in its Motion to Exclude seeks to exclude Slide 53 from her powerpoint.  This slide relates comes directly from the 2009 Hauptmann addressed by the Court's Order of March 5, 2010.  Plaintiff would argue that this again goes to the discussion of carcinogenicity made by Dr. Williams on pps. 49-56 of her report.  Again, as this Court instructed in its Order and Reasons of March 10, 2010, Dr. Williams may discuss associations and cancer to the extent it goes to the reasonableness of his fear of cancer and not medical causation.  This is clearly the context in which any Hauptmann 2009 reference is brought.  Further, this is a demonstrative aid to assist the trier of fact in its efforts to fully understand the toxicology and general causation issues relating to formaldehyde.  Finally, the Hauptmann, 2009 article (at least as a demonstrative, and Plaintiff would argue as an exhibit) is demonstrative because it relates to her previous general causation discussion of cancer as discussed above, and because the Court invited defendant to set a brief deposition to discuss the issues raised in the Hauptmann and Zhang articles, but defendants failed to do so.  Plaintiff should not be punished for this failure.

### C. Slides 57-59

The argument to exclude slides 57-59 is misplaced and must fail. First, Dr. Williams use of the Cogliano excerpts goes specifically to mechanisms of injury an toxicokinetics, which are clearly covered in her report at extensive length. Further, any discussion of associations are clearly allowed by this Court's March 10, 2010 Order and Reasons to the extent that they go to support the reasonableness of the Plaintiff's fear of cancer, not to establish general causation of cancer itself. Again, Defendants were given the opportunity to take a supplemental deposition of Dr. Williams but failed to take advantage of that opportunity, and Plaintiff should not be punished for defendants' failure to do so. Finally, these are demonstrative aids to assist the jury in understanding aspects of the principles of toxicokinetics and mechanisms of injury relating to Formaldehyde from IARC, which is also discussed at some length by Dr. Williams in her report. As such, these slides should be allowed as highly probative, and Shaw's Motion to exclude should be denied.

### D. Slide 15

It must first be noted that the slide objected to by Shaw was taken directly from Dr. Williams' class certification powerpoint, which was allowed by the Court. This slide relates directly to the issues discussed in Dr. Williams' report relating to the reactive nature of Formaldehdye as a contact electrophyle. It is important for the jury, as trier of fact, to understand the mechanistic aspects of formaldehyde, and what happens when it comes into contact with the human body. This is an illustrative demonstrative, and while there is high probative value, there is very little, if any, prejudice which Shaw would suffer by its inclusion. This is not new opinion, it is merely to assist the jury in understanding where the formaldehyde goes. Shaw even acknowledges that Dr. Williams' report touches on the content of this slide

(albeit, without going into percentage breakdown).  As such, Plaintiff also prays that Shaw's Motion to Exclude relating to Slide 15 must be denied.

**III.    Conclusion**

Plaintiff asserts that Shaw has failed to show why these specific slides should not be allowed as demonstrative aids.  They are not offered as exhibits, rather to assist the triers of fact in their efforts more clearly understand what is very complex expert testimony relating to the toxicokinetics and mechanisms of injury, as well as to assist in a showing of reasonableness to the fear of cancer that is clearly at issue in this litigation, and which is already been suggested to this jury.  Plaintiff also asserts that this Court offered defendants an opportunity to depose Dr. Williams a second time on the issues which they now bring objections.  Their failure to take advantage of the Court's offer should not penalize the Plaintiff.  Plaintiff prays that any decision by this honorable Court be limited to the specific slides discussed by Shaw in its Motion to Exclude.  Finally, Plaintiff pray that this Court deny the Motion to Exclude in its entirety.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:      504/528-9973
          gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on March 18, 2010.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471

7