UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO | * | |
| ALL CASES | | MAG. JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 15 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC"), Individual Assistance/Technical Assistance Contractor Defendants' Liaison Counsel ("IALC"), U.S. Government Counsel ("GC"), and Insurer Liaison Counsel ("ILC") subject to a full reservation of rights and defenses, respectfully submit this Joint Report No. 15.

**I.    REPORT OF CLAIMS AND CASE INVENTORY:**

PLC and MDLC report that an estimated 2,800 actions now have been filed, or transferred into this MDL. The attached appendix lists the complaints that were filed or transferred into the MDL since the last Joint Report.

**II.    PLAINTIFF FACT SHEETS (PFS)**

The PSC still operates a central claims office located at 4731 Canal Street, New Orleans, Louisiana. PLC advises that it has delivered 14,316 completed PFS (which include duly executed privacy act waivers) to the Defendants to date.

The PSC to date has cured 1,635 deficiencies cited by Defendants pursuant to PreTrial Order No. 2 (Doc No. 87). Pre-Trial Order No. 32 (Rec Doc. 1180) was entered on March 18,

1

2009 amending specific instructions and deadlines as found in Pre-Trial Order No. 2 (Rec. Doc. 87).

### III. MOTION PRACTICE

The following Motions are pending:

| | |
|---|---|
| Rec. Doc. 5722 | PSC's Motion for Relief from Judgment. Taken under advisement on November 18, 2009. |
| Rec. Doc. 6082 | Bechtel National, Inc.'s Motion to Certify for Interlocutory Review Pursuant to 28 U.S.C. 1292(B) The Court's October 1, 2009 Order |
| Rec. Doc. 6970 | United States' Motion to Dismiss for Lack of Jurisdiction Claims All "Louisiana Plaintiffs' Based Upon No Analogous Private Liability. Taken under advisement on December 30, 2009. |
| Rec. Doc. 7690 | United States of America's Motion to Dismiss for Lack of Jurisdiction Claims of "Mississippi Plaintiffs" Based Upon No Analogous Private Liability or, in the Alternative, Motion for Judgment as a Matter of Law. Taken under advisement December 30, 2009. |
| Rec. Doc. 7792 | Morgan's Motion to Dismiss Pursuant to 12(b)(1), 12(b)(2) and 12(b)(6) of the Third and Fourth Supplemental and Amended Administrative Master Complaints |
| Rec. Doc. 9721 | Recreation by Design Rule 12(b)(6) Motion to Dismiss in *Castanel* |
| Rec. Doc. 9722 | Recreation by Design Motion for Summary Judgment Regarding Prescription |
| Rec. Doc. 9781 | Shaw's Motion for Summary Judgment Regarding Prescription in *Castanel* |
| Rec. Doc. 10038 | North American Catastrophe Services, Inc.'s Motion for Partial Summary Judgment on the Duty to Defend |
| Rec. Doc. 10341 | Gulf Stream Coach, Inc.'s Motion to Adopt Trial Scheduling Order |
| Rec. Doc. 10656 | USA's Motion to Dismiss the FTCA Claims of All "Alabama Plaintiffs" for Lack of Subject Matter Jurisdiction Based Upon no Analogous Private Liability. Taken under advisement on February 22, 2010. |

2

| | |
|---|---|
| Rec. Doc. 10874 | Plaintiffs' Motion for Extension of Time to Match Plaintiffs Pursuant to Pre-Trial Order Nos. 40 and 49 |
| Rec. Doc. 10926 | Plaintiffs' Motion to Retax Costs |
| Rec. Doc. 11302 | Plaintiffs' Motion for Extension of Time to File Match Plaintiffs Pursuant to Pretrial Order No. 53 |
| Rec. Doc. 11579 | Northfield Insurance Company Cross-Motion for Summary Judgment Regarding Defense and Indemnity |
| Rec. Doc. 11858 | USA Motion to Strike Venue Allegations in Plaintiffs' Third and Fourth Supplemental and Amended Administrative master Complaints |
| Rec. Doc. 11936 | USA Motion for Taxation of Costs, Including Costs for Expert Witness Who Addressed Plaintiff's Mold Claims in *Wright* |
| Rec. Doc. 11949 | USA Motion for Taxation of Costs in *Castanel* |
| Rec. Doc. 11973 | Keystone Motion to Compel Discovery Regarding Jonah Stevenson |
| Rec. Doc. 11990 | Plaintiffs' Motion to Remand in *Michelle Abrams* |
| Rec. Doc. 11991 | Plaintiffs' Motion to Remand in *Karen Andrews* |
| Rec. Doc. 11992 | Plaintiffs' Motion to Remand in *Pamela Floyd* |
| Rec. Doc. 11993 | Plaintiffs' Motion to Remand in *Pearl Lewis* |
| Rec. Doc. 11994 | Plaintiffs' Motion to Remand in *Eugene Robertson* |
| Rec. Doc. 12264 | Motion to Dismiss McGraw's FTCA Claims |

## IV.  MANUFACTURED HOUSING UNIT MANUFACTURERS/NON-LITIGATION"TRACK"

On January 14, 2010 the Court entered an Order (Rec. Doc. 10291) extending the non-litigation track for a period of forty-two days, requiring the parties to agree on a bellwether defendant and a bellwether plaintiff on or before March 1, 2010 for a seventh bellwether trial to

begin on October 18, 2010. The prior Order required that the agreed upon bellwether plaintiff be matched to a specific manufactured home defendant and to have a FEMA-ripe claim. That Order also required the parties to submit a jointly proposed scheduling order for the sixth bellwether trial on or before March 15, 2010.

On March 1, 2010, a Joint Unopposed Motion for Extension (Rec. Doc. 12006) was filed, seeking to move the deadline for an agreement on a bellwether plaintiff and defendant to April 1, 2010, and the deadline for submission of the proposed scheduling order to April 15, 2010.

## V.   MATCHING PLAINTIFF TO DEFENDANT MANUFACTURER AND FEMA CONTRACTOR

The PSC has issued written discovery requesting that the United States disclose the vehicle identification numbers of the emergency housing units ("EHUs") provided to these Plaintiffs by FEMA. PLC has instructed all Plaintiffs' counsel that, in order to have their clients matched, the request for matching should: (1) be submitted in groups of approximately 500 claimants (or a lesser amount if the plaintiff counsel represents less than 500 persons); (2) include a list containing necessary search information in an Excel and PDF spreadsheet format; and (3) for each family of occupants, provide only the name of the head of household or adult family members – no children or other minors should be included. Information that the Plaintiffs' counsel should provide to the United States is the claimant's (a) full name; (b) FEMA ID Number; (c) social security number; (d) date of birth; (e) and address/State where EHU was installed. If a claimant resided in more than one EHU that should be noted and claimant should provide the address/State where each EHU they occupied was located. To the extent Plaintiffs are aware of the bar code number assigned to their issued unit, this information also should be provided to FEMA.

4

For plaintiffs who do not remember their FEMA ID, and have not retained any of their correspondence with FEMA (which would have their FEMA identification number on it), and require their FEMA ID number for matching purposes (only those claimants who FEMA actually issued an EHU) may call FEMA to request their FEMA ID. Only persons who applied to FEMA for aid in response to Hurricanes Katrina and Rita will have a FEMA ID number, and the Privacy Act of 1974 only allows FEMA to provide the FEMA ID number over the telephone to the actual aid applicant or co-applicant. Counsel should advise that any aid applicant or co-applicant who was issued a FEMA EHU and requires their FEMA ID number may take following action to obtain their FEMA ID number :

1. Call (800) 621-FEMA and press # to speak with a FEMA agent representative.

2. Inform the FEMA agent that they applied for and received FEMA assistance in the form of an emergency housing unit (trailer) following Hurricane Katrina/Rita.

3. Inform the FEMA agent that they cannot find their FEMA ID and no longer have any of their correspondence containing their FEMA ID.

4. Inform the FEMA agent that they would like to obtain their FEMA ID number for their records.

5. Provide the following personal information to the FEMA agent so that the caller's identity may be verified and the FEMA ID may be provided:

    a. Their first and last name.
    b. Their Social Security Number.
    c. Their damaged dwelling address.
    d. Their damaged dwelling telephone number.
    e. Their current mailing address (on file with FEMA).
    f. Their current telephone number (on file with FEMA).
    g. Date of birth.

5

*See also* Notice by Defendant United States of America Regarding How An Applicant or Co-Applicant Who Applied For and Received A FEMA EHU May Call To Obtain His Or Her FEMA Identification Number For Matching Purposes (Rec. Doc. 10795). (http://www.laed.uscourts.gov/FEMA07md1873/Orders/notice10795.pdf).

The United States received from PSC more than 140 Client Lists seeking matching information for approximately 80,000 persons. To date, the United States has provided responsive information for all but two requests within thirty days of receipt of the requests, and will continue to process those requests.

Based upon recent discussions with counsel as well as review of various motions filed by parties to extend the deadline to match, the United States believes that some counsel may not understand the matching process and what actions that they must take to identify the manufacturer of the EHU that their client occupied and IA/TAC contractor that installed the unit.

In response to a matching request, the United States produces information obtained from the FEMA FRRATS database. The key information produced to a claimant is the VIN number and FEMA barcode number of the EHU or EHUs issued to a disaster victim. Using the VIN number, a claimant can determine the identity of the manufacturer of the unit that they occupied. To do this, the claimant must take the VIN number identified and compare it with the "Prefix Key" produced by the Manufacturers' Liaison Counsel in Spring 2008. Each manufacturer has a unique prefix number that is contained in the VIN, thereby allowing a claimant using the VIN number to determine the manufacturer of the unit that he or she occupied. In addition, a claimant using the VIN number can also determine the identity of the manufacturer by accessing the link on the following internet page and inputting the VIN number:
http://www.nhtsa.dot.gov/cars/rules/manufacture/

For purposes of identifying the IA/TAC contractor, the claimant must search the Excel spreadsheet produced by the Government to Liaison Counsel in January 2009. That searchable spreadsheet lists each of the EHUs that the IA/TAC contractors installed by VIN number.

Further, claimants should be aware that the matching process identifies the VIN number of the EHU that FEMA issued to a disaster victim. FEMA does not retain information regarding the identity of persons who occupied or resided in an EHU. Generally, the reason why the Government is unable to provide a match for a claimant is because: (1) the personal data provided is inaccurate (incorrect name, FEMA identification number, social security number, address where unit was installed, dates of occupancy), or (2) the claimant occupied an EHU that had been issued to some other person. A claimant who is not matched should not submit a second request for matching information without first interviewing their client to ensure that they submitted correct personal data and/or a unit was issued to the client, and consulting with PLC/PSC, and if necessary having PLC/PSC meet and confer with Government Counsel.

At the January 15, 2010 status conference, the Court agreed to Plaintiffs' Steering Committee's request to establish a "Matching Committee," and Court appointed Mr. Justin Woods, Mr. Mikal Watts as the Plaintiff Representatives and Mr. Henry T. Miller as the United States' representative. Plaintiffs' Representatives agreed to provide a proposal identifying actions that they thought would facilitate ongoing matching efforts. As of March 2, 2010, no proposal has been proffered.

## VI. DEFENDANT PROFILE FORMS

The PSC isssued a proposed Defendant Profile Form to Liaison and Government Counsel that it proposes should be completed by all named defendants (i.e., manufacturers, contractors and the United States (FEMA)).

On January 22, 2010, the Manufacturing Defendant Liaison Counsel informed parties that it agrees to the PSC's proposed Profile Form as it relates to Manufacturers. On January 23, 2010, the United States informed the parties that it does not agree to the proposed Profile Form because the portion of the form applicable to the Government only seeks information from the Government (as opposed to multiple entities) and Plaintiffs may seek such information through formal discovery requests directed at the Government. On January 24, 2010, the Government Contractor Liaison Counsel informed the parties that the proposed Profile Form is too broad and agreed to work with PSC in an effort to reach an agreement on acceptable language. If no agreement can be reached, the PSC will present a motion on this issue for the Court's consideration.

## VII. BELLWETHER TRIALS

A. A total of five Bellwether cases are set for trial at this time. They are as follows:

1. *Lyndon Wright v. Forest River, Shaw and United States* is scheduled for March 15, 2010.

2. *Earline Castanel, et al v. Recreation by Design, LLC and Shaw* is scheduled for May 17, 2010.

3. *McGraw v. Keystone RV, CH2MHill and the United States* is scheduled for trial on July 19, 2010. On January 14, 2010, Mr. McGraw filed an Amended Complaint adding the United States as a Defendant. On February 2, 2010, replacement Bellwether Plaintiff Kennth Risch filed a motion to dismiss with prejudice his claims against Keystone, CH2M Hill and the United States (Rec. Doc. 10948). Risch's claims were dismissed the following day (Rec. Doc. 11120). On February 8, 2010, replacement

8

          Bellwether Plaintiff Paul Lastrapes filed a motion to dismiss with prejudice his claims against Keystone, CH2M Hill and the United States (Rec. Doc. 11346). The Court has not yet granted the Lastrapes dismissal. Should the Court grant Lastrapes' voluntary dismissal, the last remaining backup bellwether plaintiff will be Jonah Stevenson.

    4. *Robin Lewis v. Gulf Stream Coach, Inc.* is scheduled for September 13, 2010. If Mr. Lewis is rendered unable to serve as bellwether plaintiff, the backup will be Easton Charles, Jr. If Mr. Charles is rendered unable to serve as bellwether plaintiff, the back up will be Daniel Porter.

    5. October 18, 2010, is the trial date for a bellwether trial involving a plaintiff who occupied a manufactured home. The parties will provide the Court with their nominees on April 1, 2010.

  B. The PSC has filed amending complaints in one of the bellwether plaintiffs' cases in order to set forth allegations specific to the selected bellwether plaintiffs in these cases, and will file amending complaints for the remaining bellwether cases in the near future.

## VIII. SEVERANCE OF BELLWETHER PLAINTIFFS UNDER FRCP RULE 21

  A. Defendants in all bellwether plaintiff cases request the Court sever the individual bellwether claims from their existing Petitions where necessary.

## IX. MASTER DISCOVERY

  A. General Discovery

    1. The Court has ordered PSC to provide to the United States the following information for up to 200 plaintiffs each month: (1) the claimant's full

name, (2) claimant's FEMA identification number ("FEMA ID"), (3) the disaster at issue, i.e., Hurricane Katrina or Rita, (4) claimant's social security number, (5) the location where the trailer which claimant received was installed, and (6) a Privacy Act waiver. In response, the United States must produce within thirty (30) days a receipt of such a request a copy of the plaintiffs' FEMA Individual Assistance ("IA") File.

B. Insurance Discovery

Primarily through 30(b)(6) depositions, the PSC will conduct discovery of the defendants' relevant information concerning insurance coverage for the matters at issue in this litigation. The PSC contemplates that such discovery will proceed as a separate "Insurance Coverage Discovery Track" simultaneously with the General Discovery Track.

C. Inspection and Testing Of Temporary Emergency Housing Units.

On January 10, 2010, the United States, consistent with Court's Order, filed a Notice of the Government's Intent to Dispose of 91,891 Temporary Emergency Housing Units located at thirteen (13) FEMA storage facilities. All of the units identified in that Notice have been sold and those units, are no longer available for inspection and testing.

D. Discovery Other Bellwether Trials

   1. **Forest River Bellwether Trial.** Discovery is concluded. Dispositive motions and Motions in Limine have been filed and fully briefed. All parties have completed their inspection and destruction/component part testing of the travel trailer unit at issue in the Forest River Bellwether trial.

10

All parties have issued their Rule 26 expert reports. PSC and the Defendants have completed all discovery depositions. The parties have filed their final witness and exhibit lists. Trial is set for March 15th and the parties are actively preparing for trial on that date.

2. **Recreation By Design, LLC Bellwether Trial.** The parties have completed inspections and testing of the Castanel unit. Numerous depositions have gone forward including depositions of plaintiff, Recreation By Design, LLC, and plaintiff experts. Plaintiff and defendants have exchanged expert reports. Presently, the parties are actively conducting discovery.

3. **Keystone Bellwether Trial.** On November 16, 2009, the Court selected David McGraw as the Keystone Bellwether Plaintiff. In the event that Mr. McGraw's claims are dismissed prior to trial, the Court has also selected as replacement Bellwether Plaintiffs (1) Paul Lastrapes; (2) Kenneth Risch; and (3) Jonah Stevenson. The Court has entered a Scheduling Order requiring the parties to prepare all four Plaintiffs actions for trial on July 15, 2010. On February 2, 2010, replacement Bellwether Plaintiff Kennth Risch filed a motion to dismiss with prejudice his claims against Keystone, CH2M Hill and the United States (Rec. Doc. 10948). Risch's claims were dismissed the following day (Rec. Doc. 11120). On February 8, 2010, replacement Bellwether Plaintiff Paul Lastrapes filed a motion to dismiss with prejudice his claims against Keystone, CH2M Hill and the United States (Rec. Doc. 11346). The Court has not yet granted the

11

Lastrapes dismissal. Should Lestrapes be granted voluntary dismissal, the last remaining backup bellwether plaintiff will be Jonah Stevenson.

The United States does not have the travel trailer that was occupied by Mr. McGraw, and PSC has represented that they intend to use a statistical model to demonstrate that Mr. McGraw was exposed to excessive levels of formaldehyde. PSC has tested at least 5 Keystone travel trailers that are the same model as the unit occupied by Mr. McGraw, and conducted a detailed visual inspection of one of those units on January 14, 2010.

The parties have exchanged written discovery and the United States has placed a litigation hold on the travel trailer occupied by Mr. Stevenson. A FRCP 30(b)(6) deposition of the defendant manufacturer, Keystone, has been scheduled for March 31, 2010. The United States has requested the PSC's testing protocol in anticipation of testing which should take place in the near future.

4. **Gulf Stream Coach, Inc. Trial.** On February 26, 2010, the Court selected Robin Lewis as the bellwether plaintiff for the September 13, 2010 trial. If Robin Lewis cannot serve, he will be replaced by Easton Charles, Jr. and Daniel Porter in that order. Mr. Lewis has not filed suit against the United States. Discovery will commence in all three cases. A Joint Scheduling Order will be submitted by the parties, with the sole disputed item being the number of experts available for use by each side [Rec. Doc. 10341].

5. **Manufactured Housing Bellwether Trial.** The Court has set April 1, 2010 as the deadline for the parties' nominations for bellwether plaintiff and defendant. The parties envision that discovery will commence soon after the Court selects the bellwether plaintiff and defendant and enters a Scheduling Order.

## X. SUMMARY JURY TRIALS

In Pretrial Order No. 47 (Doc. 6201) entered on 11/2/09, the Court appointed certain counsel to serve as members of a committee "tasked with developing rules and procedures for future summary trials in this MDL." This committee now has met on several occasions and with the Court to discuss various issues and approaches relevant to its task. On March 2, 2010, the Committee provided to the Court two draft Case Management Orders to govern future summary jury trials. The first proposed order governs the proocedure for the actual summary trial itself. The second proposed order governs the pre-trial procedure subject to modification by consent of all parties. The Court will discuss with the Committee the two proposed orders.

Generally, Committee members agree that given applicable Eastern District of Louisiana Local Rules, the Court may not compel a party to participate in ADR SJTs, and that absent agreement of all parties participating in an ADR SJT proceeding, the proceeding and results constitutes confidential settlement negotiations.

## XI. SETTLEMENT CLAIMS AGAINST FLEETWOOD ENTERPRISES, INC.

Representatives for the Plaintiffs' Steering Committee ("PSC") and Fleetwood Enterprises, Inc. ("Fleetwood") and its liability insurers have reached a full and final settlement. It is agreed that all plaintiffs and related claimants will release and dismiss, with prejudice, any and all claims made against Fleetwood, its manufacturing plants or assembly facilities, Gibraltar

13

Insurance Company, Ltd., Chartis Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Company), Starr Excess Liability Insurance Company, Ltd. and any and all other Fleetwood insurers, and alleged insurers, including but not limited to American International Group, Inc. arising out of alleged formaldehyde exposure in emergency housing units manufactured by Fleetwood companies and provided by FEMA to individuals displaced by Hurricanes Katrina or Rita, to include all Fleetwood travel trailers, mobile homes, manufactured housing units and/or park models used as emergency housing units in this regard.

The claims to be released specifically include (a) any and all claims, suits or actions against Fleetwood currently or to be filed in or transferred into the case of *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*, MDL No. 1873, before the United States District Court, E.D. Louisiana ("MDL"), as well as any and all other claims, causes of actions and lawsuits against Fleetwood arising out of the travel trailer, mobile home, manufactured housing units and/or park models used as emergency or FEMA housing or arising out of related claims of formaldehyde exposure, which have not been transferred to the MDL, including those which are subject to the automatic stay order entered in Fleetwood's bankruptcy proceedings; (b) any and all claims, suits or actions filed against Fleetwood's insurers under the Louisiana Direct Action Statute ("Direct Action Cases") or similar statute, and either currently pending in the MDL or to be filed in or transferred to MDL, as well as any and all other Direct Action Cases arising out of the FEMA/Formaldehyde Travel Trailer use as emergency housing, filed or to be filed within the prescription period against Fleetwood's insurers, which have not been transferred to the MDL; (c) all claims filed in the federal bankruptcy proceedings entitled *In Re: Fleetwood Enterprises, Inc., et al*, Case No. 09-14254-MJ, pending in the U.S. Bankruptcy Court, Central District of California, Riverside Division; and (d) the claims asserted in the case of *Elisha Dubuclet, et al v.*

14

*Fleetwood Enterprises, Inc.*, USDC No. 07-9228. The Fleetwood manufacturing subsidiaries include but are not limited to Fleetwood Canada, Ltd., Fleetwood Homes of North Carolina, Inc., Fleetwood Homes of Georgia, Inc. and Fleetwood Travel Trailers of Maryland, Inc.

The parties agree that for the settlement to be effective they must execute the necessary settlement documents, including releases and dismissals in a form to be acceptable to representatives of Fleetwood Enterprises, Inc. and its liability insurers in their sole respective discretion. The parties have also agreed to keep the terms, conditions and amount of consideration confidential. It is understood and agreed that the finalization of the settlement is predicated upon Bankruptcy Court approval in the above-referenced bankruptcy proceedings in California.

As part of the settlement agreement, plaintiffs and claimants also will dismiss any and all claims against Morgan Buildings and Spas, Inc. ("Morgan") which are filed and pending in the MDL, and which may be filed in or transferred to the MDL as well as any and all other claims, causes of actions, direct actions and lawsuits against Morgan arising out of travel trailer, mobile home, manufactured housing, and/or park model used as emergency/FEMA housing or arising out of related claims of formaldehyde exposure, which have not been transferred to the MDL, to the extent such claims assert fault on the part of Morgan which is purely vicarious as to, and derivative of, the fault of Fleetwood. However, the claims of plaintiffs against Morgan which are based upon Morgan's independent fault (under the Louisiana Product Liability Act, theories of negligence, etc.) are not released and are fully preserved.

Fleetwood and its insurers have agreed to deposit the global settlement funds in an escrow account within 21 days of the approval of the settlement by the Bankruptcy Court.

Thereafter, all claimants included in the settlement will participate in a binding process for the allocation of the net settlement proceeds, with the authority to assure a fair and objective allocation being vested in an independent tribunal (the Bankruptcy Court and/or a Magistrate or Special Master appointed in the MDL). Certain motion practice and factual findings may become necessary in this process in order to address and satisfy recent legal requirements related to Medicare reimbursement.

The motion of Fleetwood to approve the settlement has been filed and will be heard by the bankruptcy court on March 10, 2010. The PSC, through its bankruptcy counsel, is presently working with Fleetwood and its bankruptcy counsel to fashion an order that will be presented to the bankruptcy court approving the settlement.

## XII.  MISCELLANEOUS

    A.    All persons seeking to access a FEMA Storage Facility to inspect and/or test an EHU must coordinate such a visit through their Liaison Counsel. Prior to being allowed onto a FEMA facility, any person attempting to inspected and/or test an EHU must completed and provide to the Government a signed/dated Indemnity /Hold Harmless Agreement. Further, any such persons must review the Inspection/Testing Protocol, and, by signing the Indemnity/Hold Harmless Agreement, agree to comply with terms and conditions set forth therein. It is imperative that persons accessing the FEMA Storage Facility be familiar with and comply with the terms and conditions in the Inspection/Testing Protocol because failure to do so may result in confiscation of equipment and/or removal from the facility.

B.    Based upon a facial review of various retainer agreements between Plaintiffs and Plaintiffs' counsel that have been attached to administrative claims presented to FEMA in connection with this matter, the United States has become aware that a number of Plaintiffs' counsel could potentially prove to be in violation of 28 U.S.C. § 2678 ("Attorney fees; penalty"). Counsel should be aware that under this provision of the Federal Tort Claims Act ("FTCA"):

> No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1364 (b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title.

As such, Plaintiffs' counsel should be aware, that if a plaintiff were to succeed in attaining a judgment against the United States pursuant to the FTCA, any counsel who "charges, demands, receives, or collects" a fee in excess of 25 percent "in connection with such claim" could be "fined not more than $2,000 or imprisoned not more than one year, or both." 28 U.S.C. § 2678.

C.    Liaison counsel has interviewed certain individuals about the possibility of serving as a court-appointed mediator/Special Master in the MDL. The parties have agreed upon a nominee. A Joint Motion and Order will be submitted nominating John Perry to serve in this capacity.

### XIII. MATTERS LIAISON COUNSEL, STEERING COMMITTEE MEMBERS OF GOVERNEMNT COUNSEL INTEND TO DISCUSS WITH COURT DURING THE CHAMBERS CONFERENCE.

A. Interpretation of Pre-Trial Orders 36 and 44: While it appears certain that insurers are fully protected (pending further Orders of the Court) by the "Preservations of

17

Defenses" they have filed with regard to individual lawsuits, are insurers expected or required to file answers in response to the Administrative Master Complaint and its amendments?

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK, #18495
**DEFENDANTS' LIAISON COUNSEL**
Duplass, Zwain, Bourgeois,
Pfister & Weinstock
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone:  504/832-3700
Facsimile:   504/837-3119
andreww@duplass.com

s/ Henry T. Miller

HENRY T. MILLER
ADAM BAIN
Senior Trial Counsel
ADAM M. DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys
**ATTORNEYS FOR THE UNITED STATES OF AMERICA**
United States Department of Justice
Civil Division - Torts Branch
1331 Penn. Ave., NW, Rm. 8203-N
Washington, D.C. 20004
Telephone:   202/616-4449
Henry.Miller@usdoj.gov
Adam.Dinnell@usdoj.gov
Jonathan.Waldron@usdoj.gov

s/David Kurtz
DAVID KURTZ
**CONTRACTOR LIAISON COUNSEL**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone:  566-5259
Facsimile: 636-5259
dkurtz@bakerdonelson.com

s/Ralph S. Hubbard, III
RALPH S. HUBBARD, III
**CO-LIAISON COUNSEL FOR INSURERS**
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
27th Floor, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130
phone: 504 568 1990
fax: (504) 310-9195
email: rhubbard@lawla.com

s/Charles E. Leche
CHARLES E. LECHE
**CO-LIAISON COUNSEL FOR INSURERS**
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, LA 70130
phone: 504 593 0790
fax: 504 566 4078
email: cleche@dkslaw.com