UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCT LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO | * | |
| | * | JUDGE ENGELHARDT |
| *Lyndon T. Wright v. Forest River, Inc., et al* | * | |
| Docket No. 09-2977 | * | |
| | * | MAG. JUDGE CHASEZ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO DEFENDANTS DESIGNATIONS OF TYSHONE MARSH TESTIMONY BEYOND THE NARROW SCOPE OF ORDER NO. 11934**

Plaintiff, Lyndon Wright, respectfully submits the following Memorandum in support of Plaintiff's Objections to Defendants Designations of Tyshone Marsh Testimony Beyond the Narrow Scope of Order No. 11934, and hereto states:

**BACKGROUND**

Plaintiff brings this Objection to Defendants Designations of Tyshone Marsh testimony beyond the narrow scope of Order No. 11934. As this Court so adamantly and irrefutably held in Order No. 11934 (see attached Exhibit 1):

> "*information and evidence regarding Plaintiff Wright's current co-habitation with a __smoker__ is admissible. This information is the __only__ remotely admissible information relating to Ms. Tyshone Marsh, and even then, it is __only__ admissible/relevant if it can be shown that Plaintiff Wright is in some way directly affected by such smoke (i.e., is present while Ms. Marsh smokes). Any other information/evidence relating to the personal history of Ms. Marsh is irrelevant and inadmissible.*"

In an effort to streamline the trial process, and with the belief that such a narrowly tailored order would significantly limit the actual testimony the Defendants could evoke from

1

Ms. Marsh, Plaintiff requested that Defendants provided deposition cuts to play at trial, rather than call her live. In fact, it was represented to the Court and counsel the designations would be very short (20 minutes).

In response, Plaintiff received from defense counsel a deposition transcript of Tyshone Marsh on March 18, 2010 (see attached Exhibit 2) which designated a considerable portion of the deposition to be played at trial. In fact, Defendants marked many passages from the video deposition outside the narrow scope of Order No. 11934. This leaves significant portions of testimony which the defendants would like to play, which are incredibly prejudicial, designed to collaterally impeach the Plaintiff, cumulative of prior testimony, and completely irrelevant to the issues at hand.

Out of a 128 page deposition, the Defendants have designated the following passages to be played to the jury:

| **Defendant Designations** | **Objections** |
| --- | --- |
| P. 9, L. 21 - P. 10, L. 18 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 10, L. 21 - P. 10, L. 22 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 11, L. 2 - P. 11, L. 7 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 11, L. 9 - P. 11, L. 10 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 31, L. 4 - P. 31, L. 10 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 31, L. 19 - P. 31, L. 21 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue |

| | |
|---|---|
| | delay; waste of time |
| P. 39, L. 1  -  P. 39, L. 22 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 53, L. 23 -  P. 54, L. 4 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 57, L. 9  -  P. 58, L. 2 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **P. 73, L. 20 -  P. 73, L. 23** | **discusses Ms. Marsh smoking only, <u>not</u> in context with Plaintiff Wright; excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time** |
| **P. 74, L. 20 -  P. 74, L. 24** | **discusses Ms. Marsh smoking only, not in context with Plaintiff Wright; excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time** |
| P. 82, L. 12 -  P. 82, L. 18 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 84, L. 2  -  P. 84, L. 13 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 85, L. 10 -  P. 85, L. 22 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 88, L. 3  -  P. 88, L. 4 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 89, L. 25 -  P. 90, L. 7 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 91, L. 1  -  P. 91, L. 19 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 98, L. 5  -  P. 99, L. 2 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P. 99, L. 8  -  P.100,L. 3 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P.100,L. 10 -  P.100,L. 13 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue |

|   | delay; waste of time |
|---|---|
| P.100,L. 21 -  P.101,L. 4 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P.113,L. 5  -  P.113,L. 17 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P.117,L. 21 -  P.119,L. 5 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| P.119,L. 11 -  P.119,L. 22 | excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |

Plaintiff believes these portions that defense counsel plans to offer to the jury are absurd and flies in the face of Order No. 11934. The **only** pages in the entire depositions referencing the smoking habits of Tyshone Marsh can be found on Page 73, Line 20 through Page 79, Line 11 (see Exhibit No. 3). Furthermore, **only parts** of these seven pages are admissible as only portions of these deposition pages relate to Ms. Tyshone Marsh's smoking directly affecting Plaintiff Wright (i.e. present while Ms. Marsh smokes) as granted in Order No. 11934. Defendants have selected only two portions of the deposition related to smoking issues (**P. 73, L. 20 - P. 73, L. 23 and P. 74, L. 20 - P. 74, L. 24**)**.** Furthermore, these two portions **do not** relate to any smoking by Tyshone Marsh in the presence of Plaintiff Mr. Wright.

Plaintiff believes the following Counter designations are in line with the narrow scope of the Court's Order No. 11934, all of which reflect Ms. Marsh smoking in some way directly affecting Plaintiff Wright:

| **Plaintiff Designations** | **Description related to Ms. Marsh Smoking around Plaintiff as per Order No 11934** |
|---|---|
| **P. 74, L. 25 – P. 75, L. 9** | **Ms. Marsh is asked if she smokes around Plaintiff Wright and if she smokes inside the apartment.** |

4

| P. 75, L. 16 – P. 76, L. 16 | **Ms. Marsh is asked if she sits outside and smokes around Plaintiff Wright and if she smokes in Plaintiff Wright's car.** |
|---|---|
| P. 76, L. 19 – P. 77, L. 5 | **Ms. Marsh is asked to confirm she never smokes in Plaintiff Wright's apartment, standing outside with Plaintiff and in his car.** |
| P. 77, L. 13 – P. 78, L. 12 | **Ms. Marsh is asked if she only smokes two packs a day while walking outside while Lyndon is not around, no smoking around the trailer and why Plaintiff Wright does not like her smoking around him.** |
| P. 78, L. 17 – P. 79, L. 11 | **Ms. Marsh is asked if she smokes in Regina's apartment and if Plaintiff Wright ever visited Regina's apartment while Regina and her were smoking** |

## ARGUMENT AND AUTHORITIES

**I.      STANDARD OF ADMISSIBILITY ALREADY APPLIED IN ORDER NO. 11934.**

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. In addition, under Rule 403 of the Federal Rules of Evidence, a district judge is permitted to exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." FED R. EVID. 403.

Here, in Order No. 11934, the Court has already determined that FED R. EVID. 402 applies to the Tyshone Marsh deposition testimony. Ms. Marsh's testimony is irrelevant. The Court ruled to admit only information regarding Ms. Marsh's smoking, and even then, only if it can be shown that Plaintiff is present while Ms. Marsh smokes or is in some way directly affected by such smoke. The only portions of Ms. Marsh's deposition relating to smoking are

from Page 73, Line 20 through Page 79, Line 11 and therefore, are the only portions that Defendant may designate as per Order No. 11934. Tyshone Marsh is not a Plaintiff in this matter, and Plaintiff does not seek to call her as a witness. Ms. Marsh and Plaintiff Wright have been living together, but they did not begin living together until the Summer of 2009, after Lyndon moved out of the trailer and while he was living in an apartment.

Defense counsel has designated the following portions related to smoking:

**P. 73, L. 20 -  P. 73, L. 23:**
**Q. Ms. Marsh, do you smoke?**
**A. Yes**
**Q. How much? About a pack a day?**
**A. Two packs**

**P. 74, L. 20 – P. 74, L. 24:**
**Q. Right. You have been smoking for**
**a long time?**
**A. Yes**
**Q. Since a teenager?**
**A. Yes**

These designations regarding Ms. Marsh's smoking are not in context to smoking directly affecting Plaintiff Wright (i.e. in the presence of Mr. Wright) and thus completely disregard the Court's Order No. 11934. Such evidence is not relevant as it does not have the tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. FED. R. EVID. 401.

**II.   DEFENDANT TESTIMONY DESIGNATIONS FAIL THE RULE 403 BALANCING TEST.**

It is Plaintiff's position that any testimony beyond the narrow scope of the Court's Order No. 11934 set forth above is irrelevant. However, if the Court finds such evidence is relevant,

6

then it should be excluded because it fails the balancing test set forth in Rule 403 of the Federal Rules of Evidence. This Court may exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or waste of time. FED R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir 1989).

Here, because evidence with regard to all of the defendant designations are outside the narrow scope of the Court's Order No. 11934 and **are not** related to any smoking by Ms. Marsh directly affecting Plaintiff Wright and would raise issues of prejudice wholly unrelated to any relevant issue, such evidence should be excluded as unfairly prejudicial. Moreover, such evidence would confuse and or mislead the jury since it is related to the smoking of Ms. Marsh with no indication of affecting Plaintiff Wright.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully requests that this Court exclude the above described irrelevant, misleading, confusing and prejudicial evidence relating to any Tyshone Marsh testimony beyond the narrow scope of Order No. 11934 and grant Plaintiff's Objections to Defendants Designations of Tyshone Marsh Testimony Beyond the Narrow Scope of Order No. 11934.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on March 21, 2010.

      /s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471