UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: N(5) |
| | | * | |
| This Document Relates to: *Lyndon T. Wright v.* | | * | JUDGE ENGELHARDT: |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

**************************************************************************

### DEFENDANT FOREST RIVER, INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DESIGNATIONS OF TYSHONE MARSH TESTIMONY BEYOND THE NARROW SCOPE OF ORDER NO. 11934

NOW INTO COURT, through undersigned counsel, comes Forest River, Inc. ("Forest River"), who, in response to the objections raised by plaintiff (Rec. Doc.13062) to Forest River's deposition designations, responds as follows, to-wit:

### BACKGROUND

Forest River will address each of plaintiff's objections individually; however, a brief background on both Ms. Marsh and the issues surrounding her deposition designations is instructive.

First, although plaintiff's past and current motion practice related to Ms. Marsh's testimony does not make this point entirely clear, it should be noted that Ms. Marsh has known Mr. Wright **since 2001** and **visited Wright regularly while he resided in the travel trailer** – indeed, by her own estimation, she visited him every two weeks beginning in August of 2006 and continuing through July of 2008. *See* Ex. A, Deposition Clips of T. Marsh, p. 31:4-10; 57:9-58:02. Plaintiff repeatedly emphasizes that Mr. Wright only began dating Ms. Marsh in early 2009, with the

implication being that Ms. Marsh has no pertinent information to offer at trial outside of the smoking issue.  As the attached deposition clips reveal, however, Ms. Marsh is not just a "current girlfriend," and her testimony about both Mr. Wright's and her own time in the Forest River travel trailer is exceedingly relevant.

As the Court is well aware, plaintiff filed a Motion *in limine* in early February regarding Ms. Marsh's testimony.  *See* Rec. Doc. 11360.  In that motion, plaintiff asked that the Court to prohibit "any reference to **certain unrelated matters in the personal history and background** of Tyshone Marsh, Lyndon Wright's girlfriend."  *Id.* at p. 1 (emphasis added).  Plaintiff did **not** request that Ms. Marsh's testimony be excluded in its entirety but instead identified several distinct areas of inquiry to exclude:  criminal history, drug use, rehabilitation, food stamps, smoking and former boyfriends. *Id.* at p. 5.

The Court ultimately granted plaintiff's motion in part and stated that, while information concerning Wright's co-habitation with a smoker is admissible, the other areas **identified in plaintiff's motion** were irrelevant and inadmissible.  In other words, while certain aspects of Ms. Marsh's smoking habits could be discussed, the remaining topics specified in plaintiff's motion were excluded.

Plaintiff now seeks to remove all context from the prior motion practice and instead maintains that the Court's Order excluded **all** testimony from Ms. Marsh except for that relating to smoking.  Plaintiff cites the following language from the Court's Order:

> "information and evidence regarding Plaintiff Wright's current co-habitation with a smoker is admissible.  This information is the only remotely admissible information relating to Ms. Tyshone Marsh, and even then, it is only admissible/relevant if it can be shown that Plaintiff Wright is in some way directly affected by such smoker (i.e., is present while Ms. Marsh smokes).  Any other information/evidence relating to the

personal history of Ms. Marsh is irrelevant and inadmissible for the same reasons
stated by Plaintiff in his motion and reply thereto."  Rec. Doc. 11934, p. 1-2.

Twisting the scope of the Order, plaintiff asserts that the Court's statement that "any other
information/evidence relating to Ms. Marsh . . . is irrelevant and inadmissible" somehow extends
to all other areas of her testimony.  Of course, plaintiff fails to mention that his prior motion
addressed only a few areas; therefore, the "other information" mentioned by the Court referred to
those discrete topics only.  Plaintiff's argument in the instant motion is completely without merit
and is merely an attempt to expand the Court's prior ruling into areas never even addressed in the
prior motion *in limine.*

The deposition designations selected by Forest River are an attempt to streamline Ms.
Marsh's testimony and provide the salient points as directly as possible.  Despite plaintiff's
representations to the contrary, these clips, which are **less than thirteen** minutes long, do not run
afoul of any of the Court's prior Orders.  They include brief background information and touch on
issues related to ventilation, warnings, health concerns, and smoking.  Rather than concede that any
of the portions are admissible, plaintiff has objected to every single designation provided by Forest
River – even the portion where Ms. Marsh simply identifies herself on page 9:21-25.  These overly
broad, groundless objections must be overruled.

Forest River's response to each objection is listed below:

**TYSHONE MARSH**

| OBJECTION | 9:21 - 10:18 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
|---|---|

| | |
|---|---|
| **RESPONSE** | In this portion, Ms. Marsh is simply identifying herself for the record and providing background on her current address and family members.  This testimony provides a factual foundation for her subsequent testimony and is in no way prejudicial, misleading, or a waste of time. |
| **OBJECTION** | 10:21 - 10:22 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | In this portion, Ms. Marsh is providing background information on her family.  This testimony provides a factual foundation for her subsequent testimony and is in no way prejudicial, misleading, or a waste of time. |
| **OBJECTION** | 11:02 - 11:07 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | In this portion, Ms. Marsh provides information on her marital status and children.  This testimony provides a factual foundation for her subsequent testimony and is in no way prejudicial, misleading, or a waste of time. |
| **OBJECTION** | 11:09 - 11:10 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | In this portion, Ms. Marsh provides her date of birth.  This testimony provides a factual foundation for her subsequent testimony and is in no way prejudicial, misleading, or a waste of time. |
| **OBJECTION** | 31:04 - 31:10 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | In this portion, Ms. Marsh notes that she has known Mr. Wright since 2001.  Again, this testimony provides a factual foundation for her subsequent testimony and is in no way prejudicial, misleading, or a waste of time. |
| **OBJECTION** | 31:19 - 31:21 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | In this portion, Ms. Marsh notes that she has known Mr. Wright since 2001 and that he was living on Seminole Lane at that time.  This testimony provides a factual foundation for her subsequent testimony and is in no way prejudicial, misleading, or a waste of time. |
| **OBJECTION** | 39:01 - 39:22 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |

| RESPONSE | Ms. Marsh provides information on her social interactions with Mr. Wright. This testimony is relevant to Mr. Wright's claims for loss of enjoyment of life as well as  mental anguish damages.  The question of alcohol use and depression was addressed by Dr. Thompson at trial, and this evidence bears directly on that issue.  This testimony is also relevant to Wright's alternate exposure to cigarette smoke at bars on Bourbon Street. |
|---|---|
| OBJECTION | 53:23 - 54:04 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| RESPONSE | Here, Ms. Marsh confirms that she was aware that Mr. Wright lived in a travel trailer post Katrina and that she visited him there.  This testimony is certainly relevant and provides the factual background for later questioning.  It is in no way prejudicial or misleading, nor is it a waste of time. |
| OBJECTION | 57:09 - 58:02 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| RESPONSE | In this portion, Ms. Marsh comments on how frequently she saw Mr. Wright in the trailer.  This testimony is certainly relevant and provides the factual background for later questioning.  It is in no way prejudicial or misleading, nor is it a waste of time. |
| OBJECTION | 73:20 - 73:23 **discusses Ms. Marsh smoking only, <u>not</u> in context with Plaintiff Wright; excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time** |
| RESPONSE | As the Court is aware, Mr. Wright testified at trial that Ms. Marsh smokes in his car.  The designated portion provides information on the frequency of Ms. Marsh's smoking habits and is therefore directly related to alternate sources of formaldehyde exposure for Mr. Wright.  Per the Court's Order (Rec. Doc. 11934), a sufficient factual foundation has been provided, such that this testimony is relevant.  Ms. Marsh is in the best position to describe her own smoking habits, and the testimony is neither prejudicial nor a waste of time. |
| OBJECTION | 74:20 - 74:24 **discusses Ms. Marsh smoking only, not in context with Plaintiff Wright; excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time** |

| | |
|---|---|
| **RESPONSE** | As the Court is aware, Mr. Wright testified at trial that Ms. Marsh smokes in his car. The designated portion provides information on when Ms. Marsh began smoking. Because Ms. Marsh has known Mr. Wright since 2001 and visited him regularly in the trailer, this testimony on Marsh's smoking habits is directly relevant to the question of alternate sources of formaldehyde exposure. Per the Court's Order (Rec. Doc. 11934), a sufficient factual foundation has been provided, such that this testimony is admissible. |
| **OBJECTION** | 82:02 - 82:18 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Ms. Marsh is describing ventilation practices in Wright's unit. This portion is obviously relevant in light of the testimony on the effects of ventilation on formaldehyde levels. Moreover, Ms. Marsh visited Wright in the trailer regularly throughout 2006, 2007 and 2008, and her testimony regarding ventilation practices encompasses time periods not addressed by other witnesses. The testimony is relevant, not prejudicial, and should be admitted. |
| **OBJECTION** | 84:02 - 84:13 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Ms. Marsh is describing ventilation practices in Wright's unit. This portion is obviously relevant in light of the testimony on the effects of ventilation on formaldehyde levels. Moreover, Ms. Marsh visited Wright in the trailer regularly throughout 2006, 2007 and 2008, and her testimony regarding ventilation practices encompasses time periods not addressed by other witnesses. The testimony is relevant, not prejudicial, and should be admitted. |
| **OBJECTION** | 85:10 - 85:22 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Ms. Marsh is describing ventilation practices in Wright's unit. This portion is obviously relevant in light of the testimony on the effects of ventilation on formaldehyde levels. Moreover, Ms. Marsh visited Wright in the trailer regularly throughout 2006, 2007 and 2008, and her testimony regarding ventilation practices encompasses time periods not addressed by other witnesses. The testimony is relevant, not prejudicial, and should be admitted. |
| **OBJECTION** | 88:03 - 88:04 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Forest River withdraws this designation. |

| **OBJECTION** | 89:25 - 90:07 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
|---|---|
| **RESPONSE** | In this portion, Ms. Marsh is describing her discussions with Mr. Wright about his fear of cancer.  Plaintiff has put his mental anguish/fear of cancer at issue in this litigation, and this testimony is directly relevant to that issue. The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 91:01 - 91:19 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | In this portion, Ms. Marsh is describing her discussions with Mr. Wright about his fear of cancer.  Plaintiff has put his mental anguish/fear of cancer at issue in this litigation, and this testimony is directly relevant to that issue. The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 98:05 - 99:02 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Here, Ms. Marsh discusses her knowledge of formaldehyde warnings that were located in the trailer.  Numerous witnesses have discussed formaldehyde warnings provided to trailer residents, and this testimony is directly relevant to the question of whether Mr. Wright received such a warning.  The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 99:08 - 100:03 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Here, Ms. Marsh discusses her knowledge of formaldehyde warnings that were located in the trailer.  Numerous witnesses have discussed formaldehyde warnings provided to trailer residents, and this testimony is directly relevant to the question of whether Mr. Wright received such a warning.  The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 100:10 - 100:13 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |

| | |
|---|---|
| **RESPONSE** | Here, Ms. Marsh discusses her knowledge of media reports in connection with media reports related to formaldehyde. Numerous witnesses have discussed formaldehyde warnings provided to trailer residents, and this testimony is directly relevant to the question of whether Mr. Wright received such a warning. The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 100:21 - 101:04 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Here, Ms. Marsh discusses her knowledge of media reports in connection with formaldehyde warnings. Numerous witnesses have discussed formaldehyde warnings provided to trailer residents, and this testimony is directly relevant to the question of whether Mr. Wright received such a warning. The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 113:05 - 113:17 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | In this portion, Ms. Marsh discusses whether Wright ever contacted FEMA regarding his concerns about odors in the unit. The testimony is relevant and must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 117:21 - 119:05 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Here, Ms. Marsh discusses conversations that she had with Mr. Wright about his health concerns. These questions are clearly relevant to Wright's claims about the health effects of formaldehyde. The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |
| **OBJECTION** | 119:11 - 119:22 excluded by Order No. 11934; irrelevant; prejudicial; confusion of the issues; misleading the jury; undue delay; waste of time |
| **RESPONSE** | Here, Ms. Marsh discusses conversations that she had with Mr. Wright about his health concerns. These questions are clearly relevant to Wright's claims about the health effects of formaldehyde. The testimony must be admitted, as it is neither overly prejudicial nor a waste of time. |

**PLAINTIFF'S COUNTER DESIGNATIONS**

Forest River objects to the following clips identified by Mr. Wright:

| | |
|---|---|
| **DESIGNATION** | 74:25 - 75:09 Ms. Marsh is asked if she smokes around Plaintiff Wright and if she smokes inside the apartment. |
| **RESPONSE** | No objection. |
| **DESIGNATION** | 75:16 - 76:16 Ms. Marsh is asked if she sits outside and smokes around Plaintiff Wright and if she smokes in Plaintiff Wright's car. |
| **RESPONSE** | No objection. |
| **DESIGNATION** | 76:19 - 77:05 Ms. Marsh is asked to confirm she never smokes in Plaintiff Wright's apartment, standing outside with Plaintiff and in his car. |
| **RESPONSE** | No objection. |
| **DESIGNATION** | 77:13 - 78:12 Ms. Marsh is asked if she only smokes two packs a day while walking outside while Lyndon is not around, no smoking around the trailer and why Plaintiff Wright does not like her smoking around him. |
| **RESPONSE** | No objection. |
| **DESIGNATION** | 78:17 - 79:11 Ms. Marsh is asked if she smokes in Regina's apartment and if Plaintiff Wright ever visited Regina's apartment while Regina and her were smoking. |
| **RESPONSE** | Objection.  This testimony lacks the appropriate factual foundation and fails to identify "Regina."  Moreover, Ms. Marsh concedes that Mr. Wright never visited Regina's apartment, and this line of questioning is entirely irrelevant. |

Respectfully submitted,

/s/ Carson W. Strickland
ERNEST P. GIEGER, JR. (Bar Roll No. 6154)
JASON D. BONE (Bar Roll No. 28315)
CARSON W. STRICKLAND (Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

## C E R T I F I C A T E

I hereby certify that on the 22nd day of March, 2010, a copy of the foregoing Memorandum in Support was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

/s/ Carson W. Strickland
CARSON W. STRICKLAND