## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  **FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION** | **MDL NO. 1873** |
| **This Document Relates to:** | **JUDGE: ENGELHARDT** |
| ***Alvarado vs. Keystone Industries, Inc. et al.** No. 09-4105* (Jonah Stevenson) | **MAG: CHASEZ** |

## KEYSTONE'S MEMORANDUM IN SUPPORT OF MOTION TO ALTER OR AMEND ORDER DISMISSING BELLWETHER PLAINTIFF JONAH STEVENSON

Defendant, Keystone RV Company ("Keystone"), submits this memorandum in support of its motion to alter or amend the order granting bellwether plaintiff Jonah Stevenson's motion to voluntarily dismiss his claims.

### SUMMARY OF ARGUMENT

Mr. Stevenson's Rule 41(a)(2) motion to dismiss states that the dismissal of his claims will be *with* prejudice. The motion is consistent with the Court's prior instructions in this MDL -- if a bellwether plaintiff chooses to dismiss his or her claims, the dismissal must be *with* prejudice. The proposed order submitted by Mr. Stevenson and signed by this Court is silent regarding whether the dismissal is with prejudice, despite the language of Mr. Stevenson's motion. Thus, pursuant to

Federal Rule 59(e), the Court should amend the previously entered order to clarify that the dismissal of Mr. Stevenson as a bellwether plaintiff is *with* prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 15, 2010, Mr. Stevenson moved, pursuant to Federal Rule 41(a)(2), to voluntarily dismiss his claims against the defendants in this bellwether.[1]  On March 16, 2010, this Court granted Mr. Stevenson's motion.[2]

Mr. Stevenson's motion to dismiss expressly states that the dismissal of his claims will be *with* prejudice.  This tracks the Court's previous instruction in this MDL that a bellwether plaintiff may only voluntarily dismiss his or her claims if the dismissal is with prejudice.  Nonetheless, both the proposed order submitted by Mr. Stevenson and the order signed by the Court are silent regarding whether the dismissal of Mr. Stevenson's claims is with prejudice.  The order's silence on this issue is critical.

## LAW AND ARGUMENT

Federal Rule 41(a)(2) provides that "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  Thus, under the rule, the dismissal of Mr. Stevenson would appear to be without prejudice.  Such a result, however, is inconsistent with Mr. Stevenson's own motion to dismiss and this Court's prior instruction regarding the voluntary dismissal of a bellwether plaintiff's claims.

---

[1] Rec. Doc. No. 12873.

[2] Rec. Doc. No. 12999.

This Court can and should alter or amend the order granting Mr. Stevenson's voluntary dismissal in order to clarify that Mr. Stevenson's claims are dismissed with prejudice.  Under Federal Rule 59(e), a party can seek to have a District Court alter or amend a judgment.  Keystone has timely moved for such relief under the rule.[3]

Indeed, the situation presented by this motion is precisely why Rule 59(e) was written.  As explained in the Advisory Note to the 1946 Amendment of Rule 59, subdivision (e) was "added to care for a situation such as that arising in *Boaz v. Mutial Life Ins. Co. of New York,* C.C.A.8, 1944, 146 F.2d 321, and makes it clear that the district court possesses the power asserted in that case to alter or amend a judgment after its entry."  In *Boaz*, the plaintiff moved to dismiss her claims without prejudice.  The District Court initially granted the plaintiff's motion.[4]  But, on motion of the defendant, the District Court altered its judgment so that the plaintiff's claims were dismissed with prejudice.[5]  The Court of Appeal affirmed the District Court; and, as mentioned, Rule 59(e) was codified to make it clear that the District Court retains such power to alter or amend a judgment.  Another example is *Maxus Energy Corp. and Subsidiaries v. United States of America*.[6]  In that case,

---

[3] Rule 59(e) now requires that a party file a motion to alter or amend the judgment no later than 28 days after the entry of the Court's order or judgment. Keystone has filed this motion only 3 days after the entry of the order at issue, well within the 28 day deadline.

[4] *Boaz*, 146 F.2d at 321.

[5] *Id*. at 321-322.

[6] 31 F.3d 1135 (Fed. Cir. 1994).

the parties filed a motion to dismiss requesting that one of plaintiff's claims be dismissed without prejudice and that the remainder of plaintiff's claims be dismissed with prejudice.[7]  The Federal Court of Claims order, however, was silent regarding whether plaintiff's claims were dismissed with or without prejudice.[8]  The parties, therefore, moved the Court to alter its judgment to reflect that all but one of plaintiff's claims would be dismissed with prejudice.  The Court of Appeal held that the Federal Court of Claims had the authority to alter the judgment under Rule 59(d) of the Rules of the United States Court of Federal Claims, which is identical to Rule 59(e) of the Federal Rules of Civil Procedure.[9]

It is clear, then, that this Court retains the power to alter or amend the order on Mr. Stevenson's dismissal to clarify that the dismissal is *with* prejudice.  Such a clarification is needed, under Rule 41(a)(2), to ensure that the effect of the Court's order conforms with the obvious intent of the plaintiff and this Court's prior instructions that the voluntary dismissal of a bellwether plaintiff's claims will be with prejudice.

## CONCLUSION

For the reasons explained in this memorandum, Keystone respectfully requests that this Court grant its motion and alter the March 16, 2010 order on Mr.

---

[7] *Maxus*, 31 F.3d at 1138.

[8] *Id*. at 1138-1139.

[9] *Id*. at 1139.

Stevenson's motion to dismiss to clarify that the dismissal of Mr. Stevenson's claims is with prejudice.[10]

<div style="margin-left: 40%;">

Respectfully submitted,

s/Ryan E. Johnson
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT,**
**CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

   -and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Keystone RV Company***

</div>

---

[10] Keystone has submitted a proposed order in connection with its motion that (a) grants the request to amend; and (b) amends the previously entered order to state that the dismissal is with prejudice.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the CM/ECF system and served on all counsel of record via that system.

Baton Rouge, Louisiana, this 23rd day of March, 2010.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson