**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

**IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION**

**MDL NO. 07-1873**

**SECTION N-5**
**JUDGE ENGELHARDT**
**MAG. JUDGE CHASEZ**

**THIS DOCUMENT IS RELATED TO:**

***Earline Castanel v. Recreation By Design, LLC, et al.*, No. 09-3251**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**UNITED STATES OF AMERICA'S REPLY MEMORANDUM IN SUPPORT OF "UNITED STATES OF AMERICA'S MOTION FOR AN AWARD OF COSTS" (Rec. Doc. 11949)**

In their Opposition to the United States of America's ("United States") Motion for an Award of Costs (Rec. Doc. 12962) ("PSC Memo."), Plaintiffs' Steering Committee ("PSC") concedes that the United States, as a prevailing party under Fed. R. Civ. P. 54, is presumptively entitled to costs incurred in defending against Earline Castanel's FTCA claims. Nevertheless, they argue: (1) that the expenses claimed by the United States are improper in this case; and (2) that, despite the United States' prevailing party status under Rule 54, special factors counsel against a cost award in this case. For the following reasons, PSC's arguments lack merit.

## ARGUMENT

### I. The Costs The United States Seeks Are Reasonable And Appropriate In This Case.

PSC argues that the United States is not entitled to reimbursement for deposition costs incurred after it filed its Motion to Dismiss, claiming that the depositions "were not necessary to the United States' motion to dismiss." PSC Memo. at 3. PSC misstates the legal standard for reimbursement of deposition costs under 28 U.S.C. § 1920, which is whether, at the time the

deposition was taken, it could reasonably have been expected to be used for trial preparation. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth.*, 133 F.R.D. 481 (E.D. La. 1990). PSC suggests that the United States should have simply abandoned its trial preparation efforts once it filed its Motion to Dismiss Ms. Castanel's FTCA claims. PSC Memo. at 3. PSC's argument in this regard is nonsensical. Given the aggressive Scheduling Order in this case and the fact that PSC opposed the United States' Motion to Dismiss, it was impossible for the United States to simply abandon trial preparation and assume that the Court would grant the Government's Motion. Accordingly, the United States seeks deposition costs in this case in the amount of **$1,463.76**.

**II. The United States As a Prevailing Party Is Entitled to Costs in This Case.**

Under Rule 54, there is a "strong presumption" that costs are to be awarded to a prevailing party, and the failure to award them is "in the nature of a penalty." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985); *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977). Therefore, a court must provide reasons for failing to award costs to a prevailing party. *Walters*, 557 F.2d at 526; *Hall v. State Farm Fire & Casualty Co.*, 937 F.2d 210, 216-17 (5th Cir. 1991).

Despite this strong presumption, PSC argues that special factors counsel against a cost award in this case. PSC Memo. at 3-5. Specifically, PSC argues that the Court should not award costs because Ms. Castanel cannot afford to pay them. However, the authority relied upon by PSC (*see* PSC Memo. at 4-5) does not support their argument. In *Chapman v. AI Transport*, the court stated:

> when awarding costs a district court should not consider the relative wealth of the parties. [Doing so] would unduly prejudice parties with assets and undermine "the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and . . . the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." ***Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all.***

229 F.3d 1012, 1039 (11th Cir. 2000) (internal citations omitted) (emphasis added). Even where courts have considered a losing party's financial resources in deciding whether to award costs to the prevailing party, that consideration was simply one of several other factors in the decision, none of which applies in this case.[1] For these reasons, Ms. Castanel's financial position should not bear on the Court's consideration of a cost award in this case.[2]

PSC also argues that it should not pay costs because of the importance of this case. PSC Memo. at 5. However, the case upon which PSC relies in support of their argument, *AMAE*, is inapplicable because it involved a class action. 231 F.3d 572. The *AMAE* litigation was held to be "extraordinarily important" because "tens of thousands of Californians," the class members,

---

[1] In *Association of Mexican-American Educators (AMAE) v. California*, 231 F.3d 572 (9th Cir. 2000), the Court stated it was not "attempting to create an exhaustive list of 'good reasons' for declining to award costs" in light of the "presumption in favor of awarding costs to prevailing parties." *Id.* at 593. Instead, it simply held that "the reasons that the district court gave for refusing to award costs in this case were appropriate," which included the parties' relative wealth in light of other factors such as the importance of the case and the closeness and complexity of its issues. *Id.* Similarly, in *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926 (7th Cir. 1997), the court's statement regarding the ability to pay was merely *dictum*, where the court affirmed the district court's cost award to the prevailing party. *Id.* at 945-46.

[2] As noted above, it is dubious whether a losing party's financial resources may play a role in courts' consideration of cost awards under Rule 54. Additionally, in this case, it appears that PSC may have a private, contractual agreement with Ms. Castanel providing that she will not ultimately bear the costs of her litigation if it is unsuccessful. *See, e.g.*, Exh. 1, Contingent Fee Retainer agreement between plaintiff Earline Castanel and her Counsel. If so, then PSC's arguments in this regard are disingenuous (*see* PSC Memo. at 4-5) and should not prevent this Court from entering a cost award against Ms. Castanel and in favor of the United States, the prevailing party in this case, under Rule 54.

would be affected by its outcome. *Id.* at 593. By contrast, in the instant case the Court denied class certification, and although Ms. Castanel's trial is designated as a "bellwether" trial, it is a single personal injury case that adjudicated her individual claims against the United States, and had no legal effect upon the claims of any other plaintiff who has filed suit against the United States. *See* Order and Reasons, Rec. Doc. 1015.

PSC further argues that it should not pay costs because the issues in this case were "close and complex." PSC Memo. at 4. However, PSC's authority in this regard is distinguishable. *See White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732-733 (6th Cir. 1986) ("In its memorandum opinion denying costs to [the prevailing party], the district court observed that the case involved complex issues requiring protracted litigation. Indeed, the matter consumed 80 trial days, required 43 witnesses, produced 800 exhibits, generated almost 15,000 pages of transcript, and begat a 95 page opinion."). By contrast, this case involved the straightforward application of the FTCA's statute of limitations provision, which had previously been addressed in this litigation. *See* Order and Reasons at 4-7 (Rec. Doc. 10626); *see also In re FEMA Trailer Formaldehyde Prod. Liab. Lit.*, 2009 WL 2599195, *3 (E.D. La. Aug. 21, 2009) (ruling that Chris Cooper's claim is barred by the FTCA two-year statute of limitations). Accordingly, the special factors advanced by PSC as justification to deny a cost award to the United States as the prevailing party under Rule 54, despite the strong presumption to award those costs, simply do not apply here.[3]

---

[3] To the extent PSC argues that Ms. Castanel should not be required to pay costs because she did not bring her claim in "bad faith" (*see* PSC Memo. at 3-4), the United States notes that a prevailing party is entitled to a cost award under Rule 54 regardless of whether the losing party's claim was brought in good faith. *See Brown v. Wilson County*, 2003 WL 1524563, *1 (5th Cir. 2003) (district court erred in refusing to award costs because the plaintiffs' action was not frivolous). A contrary result would eviscerate Rule 54's presumption in favor of awarding costs to prevailing parties. Moreover, PSC and

Finally, PSC requests that any cost award should be apportioned among all plaintiffs in this litigation. PSC Memo. at 5-6. In response, the United States notes that under Rule 54, it is the losing party who is responsible for paying costs to the prevailing party. Accordingly, the United States believes that costs should be awarded against Ms. Castanel. The United States should not be required to expend resources attempting to recover the costs from the numerous plaintiffs who have filed suit, some of whom may not even be aware that their counsel have brought actions against the United States.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court award it costs in the amount of **$1,463.76**.

---

other Plaintiffs' counsel have been well aware of the FTCA's jurisdictional requirements, *i.e.*, what they must do in order to sue the United States in tort, long before the *Castanel* case began. *See* Joint Report No. 1, § 5, p. 2. PSC's desire to prosecute Ms. Castanel's claim, and/or preserve appellate review of that claim (*see* PSC Memo. at 3-4), despite information indicating the claim would be unsuccessful, should not serve as a basis to deny the cost award the United States seeks.

Dated: March 23, 2010.

Respectfully Submitted,

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

DAVID S. FISHBACK
Assistant Director

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel

JANICE WILLIAMS-JONES
Senior Trial Attorney
Federal Emergency Management Agency
Department of Homeland Security
Washington, D.C. 20472

ADAM BAIN
HENRY T. MILLER
Senior Trial Counsel

ADAM DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys

*//S// Michelle Boyle*
MICHELLE BOYLE (Va. Bar No. 73710)
Trial Attorney
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No: (202) 616-4447
E-mail: Michelle.Boyle@USDOJ.Gov

Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Michelle Boyle*
MICHELLE BOYLE (Va. Bar No. 73710)