# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:    FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | JUDGE: ENGELHARDT |
| **This Document Relates to:** | MAG: CHASEZ |
| *Keith Nunnery, et al. vs. Keystone Industries, Inc., et al.* No. 09-3871 (David McGraw) | |

_____

## KEYSTONE'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO QUASH SUBPOENA FILED BY DAVID MCGRAW

Defendant, Keystone RV Company ("Keystone") submits this supplemental memorandum in opposition to the Motion to Quash filed by plaintiff, David McGraw.[1]   Keystone's memorandum addresses the arguments raised by Mr. McGraw in his March 22, 2010 memorandum.[2]   The Court has set the Motion to Quash for Argument on March 24, 2010.[3]

Mr. McGraw has gone to great lengths to avoid producing information sought by Keystone's subpoena.  He has now obtained an affidavit from Chase Bank and contends that the records could not possibly contain specific information about Mr. McGraw's medication purchases and therefore should not be produced.  Of course,

---

[1] Rec. Doc. No. 12670.

[2] Rec. Doc. No. 13073 (Plaintiff's Reply Memorandum in Response to Keystone's Opposition to Plaintiff's Motion to Quash Subpoena).

[3] *See* Rec. Doc. No. 12758.

neither Keystone nor the Court can confirm what the records contain because McGraw has refused to provide them in discovery and has instructed Chase not to produce the records.

Mr. McGraw's arguments miss the point for several important reasons:

- The question is whether the discovery will *lead to the discovery* of admissible evidence, not whether the so called "point of sale" records themselves show exactly what medications Mr. McGraw purchased.

- In his deposition, McGraw testified that he purchased medications at various drug stores, using his ATM and credit cards which were issued by Chase. At a minimum, the records will reveal whether Mr. McGraw made (or did not make) purchases at various drug stores as he testified and confirm the veracity of McGraw's statements. For that reason alone, the records sought are discoverable.

- In addition, plaintiff's own argument shows why the records sought are discoverable. He admits that the records will show where he made purchases of prescriptions. With that piece of information, Keystone can obtain additional information from a particular pharmacy or clinic regarding the type of medications purchased by McGraw. Thus, the very reason that McGraw gives for why the records are not discoverable, is the reason why the records <u>are</u> discoverable.

{B0651427.1}

- The records will also allow Keystone to evaluate how frequently McGraw made drug store purchases for his alleged symptoms caused by formaldehyde exposure. The number of purchases itself will be relevant to Mr. McGraw's alleged symptoms and claims.

- The records will likely show the nature of the purchase (i.e., medication, pharmacy purchase, etc.) on a particular date, even if the particular type of medication is not indicated.

- Lyndon Wright, another plaintiff in this litigation, has already provided bank and credit records just like the ones at issue here.

- The records may reveal or lead to the discovery of information about additional purchases that are relevant to his claims. For example, McGraw was a smoker during the time he lived in his trailer. His purchases may reveal information about his smoking habits and the frequency of his cigarette purchases. The records may also reveal information about the materials McGraw purchased to renovate his mother's home. Those materials could contain formaldehyde or other chemicals that could contribute to his alleged health problems.

For all these reasons, and the reasons set forth in Keystone's prior memorandum opposing the motion to quash, Keystone requests that the Court deny the motion and order Chase Bank to produce the records sought.

Keystone also requests that the Court award it reasonable attorney's fees and costs in connection with opposing the plaintiff's motion.

{B0651427.1}

Respectfully submitted,

*s/Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

***Counsel for Keystone RV Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing notice of subpoena has been served on all counsel of record in this matter, via email and U.S. Mail.

Baton Rouge, Louisiana, this 23rd day of March, 2010.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson

{B0651427.1}