UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Lyndon Wright v. Forest River, Inc., et al.*,<br>No. 09-2977 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW AS TO USE
OF THE INDEPENDENT CONTRACTOR DEFENSE**

Defendant Shaw Environmental, Inc. ("Shaw") submits this memorandum in opposition to Plaintiff's Motion for Judgment as a Matter of Law As to the Use of the Independent Contractor Defense (Rec. Doc. No.___).

As a general rule, under Louisiana law, a general contractor cannot be held liable for the negligence of an independent contractor who performs work for the general contractor.[1]  An "Independent Contractor" is one who renders a service in the course of an occupation representing the will of his employer *only* as to the *result of his work*, and not as to the *means* by

---

[1] *Villaronga v. Gelpi Partnership No. 3*, 536 So.2d 1307, 1310 (La. App. 5th Cir. 1988), writs denied, 540 So.2d 327 (La. 1989).

which it is accomplished.[2]  In deciding whether the person performing the work is an employee or an independent contractor, courts will look at the following factors: "(1) the existence of a contract for the performance of a specific job, (2) payment of a fixed price for the work, (3) employment by the contractor of assistants who are under his control, and (4) the furnishing of tools and materials and the right to control the conduct of the work while in progress."[3]

Plaintiff's motion suggests that Shaw's independent contractor defense should be dismissed as a matter of law because Shaw "has failed to provide any evidence that its contractual relationship with RCG Enterprises, Inc. ("RCG") is that of an independent contractor."  To the contrary, Shaw has presented sufficient evidence to maintain this affirmative defense.  Specifically, the contract between Shaw and RCG (which has been admitted into evidence, Trial Exhibit No. 516) reveals that except for the actual travel trailers, RCG "shall furnish at its expense all labor, services, equipment, tools, facilities, and materials necessary to commence and complete said work."[4]  More importantly, the contract clearly indicates:

> It is expressly understood that [RCG] is an independent contractor and that neither it nor its employees are servants, agents or employees of SHAW ENVIRONMENTAL, INC."  The actual performance and superintendence of all work hereunder shall be by [RCG], and under the control and direction of [RCG] as to the details of the work; provided, however, SHAW ENVIRONMENTAL, INC., being interested in the results to be obtained, is authorized to designate a representative, who shall at times have access to the locations where the work it to be performed for the purpose of observing and inspecting same, and provided further that such work shall be performed in accordance with this Agreement."[5]

---

[2] *Johnson v. Dabbs,* 194 So.2d 816, 819 (La. Ct. App. 1 Cir. 1967) (emphasis added).

[3] *Villaronga*, 536 So.2d at 1311.

[4] RCG's representative, Edith Young, confirmed the signature of Robert Guillot on the contract between RCG and Shaw.  Ms. Young stated that as co-owner of RCG, Mr. Guillot had the authority to sign the contract on behalf of the entity.  Trial Transcript p. 631:25-632:21 (3/17/2010).

[5] Trial Exhibit 516, ¶ 10.

Shaw recognizes that two exceptions to the above general proposition may apply to shift liability to an employer/general contractor. Under the first exception, a principal (general contractor in this case) may not avoid liability for injuries resulting from an ultra hazardous activity by hiring out work to an independent contractor.[6] Under the second exception, a general contractor incurs liability for the negligent acts of an independent contractor over which the general contractor retained "operational control" over the work.[7] However, "operational control exists only if the principal has direct supervision over the step-by-step process of accomplishing the work such that the contractor is not entirely free to do the work in his own way."[8] Further, it is not enough that an entity merely has a general right "to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations."[9] There must be such retention of right of supervision that the independent contractor is not entirely free to do the work in his own way.[10]

In his Motion, Plaintiff argues that Shaw has presented evidence to negate the independent contractor defense. Specifically, Plaintiff asserts that "Shaw's corporate representative, Mr. Compeau, testified that during the contractual period, Shaw actively

---

[6] *Boutwell v. Chevron U.S.A., Inc*., 864 F.2d 406, 407 (5th Cir. 1989) (It should be noted that this exception should not apply to this case. There are no reported Louisiana decisions holding that installation of travel trailers on blocks is an ultrahazardous activity.

[7] *Id*.

[8] *Fruge v. Parker Drilling Co*., 337 F.3d 558, 564 (5th Cir. 2003).

[9] *McCormac v. Noble Drilling Corp*., 608 F.2d 169, 175 (fn 9) (5th Cir. 1979).

[10] *Id.*

supervised and inspected RCG's EHU installations, and took full responsibility for the actions of its subcontractors." However, this testimony in no way proves that Shaw directly supervised or controlled the "step-by-step process" or the method for installing the units. It did not. This Court has previously held that the specifications in how the units were to be placed and/or "jacked" onto the blocks was not clearly set out in Shaw's contract with FEMA.[11] Shaw did not specifically tell RCG how to place the units onto concrete blocks. Instead, Shaw simply gave RCG the specifications for blocking (Exhibit 7) contained in the FEMA IA/TAC and left the method of this aspect of the work up to RCG. This fact is further supported by the testimony of Edith Young.

In ascertaining the level of control retained by the general contractor, the actual control exercised is not as important as the right to control.[12] As discussed above, the contract between Shaw and RCG clearly indicates that Shaw did not retain the right to control the method and manner in which RCG installed the Trailer. Because the distinction between an employee and independent contractor is a factual determination,[13] this issue should be determined by the jury.

---

[11] Shaw continues to respectfully disagree with the Court's opinion in this regard. However, it would be illogical to suggest that the specification leaves discretion over means and methods to Shaw, but that the same specification leaves RCG with no discretion.

[12] *Crews v. Blalock*, 1999-311 (La.App. 3 Cir. 11/3/99), 746 So.2d 761, 763.

[13] *Hughes v. Goodreau*, 2001-2107 (La.App. 1 Cir. 12/31/02), 836 So.2d 649, 656 writ denied 2003-0232 (La. 4/21/03), 841 So.2d 793.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz