UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                   MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

## ORDER AND REASONS

The Court has considered the arguments made by counsel in Court on March 25, 2010 and the briefing they submitted thereafter.

As for the issue relating to the government contractor defense, the Court has reviewed the cases of *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed.2d 442 (1988); *Trevino v. General Dynamic Corp.*, 865 F.2d 1474 (5th Cir. 1989); and *Kerstetter v. Pacific Scientific Company*, 210 F.3d 431 (5th Cir. 2000). The Court denies Plaintiff's Rule 50 motion as it relates to the government contractor defense. The Court concludes that sufficient evidence has been presented as to both Forest River, Inc. ("Forest River") and Shaw Environmental, Inc. ("Shaw") to allow this defense to be presented to the jury. Further, the Court has reviewed its instruction on this defense and finds them to be legally correct and sufficient, such that no changes shall be made to them.

1

As for the issue relating to the "sophisticated purchaser" doctrine, the Court has also specifically taken into account the following cases: *Mozeke v. International Paper Co.*, 933 F.2d 1293 (5th Cir. 1991); *Davis v. Avondale Industries, Inc.*, 975 F.2d 129 (5th Cir. 1992); and *Lambert v. B.P. Products North America*, 2006 WL 924988 (S.D. Ill. Apr. 6, 2006). While the Court denies Plaintiff's Rule 50 motion as it relates to the sophisticated purchaser defense, it has re-worded the applicable jury instruction as follows:

> SOPHISTICATED PURCHASER
>
> IN THIS CASE, FOREST RIVER HAS ASSERTED THE SOPHISTICATED PURCHASER DEFENSE IN RELATION TO THE LPLA CLAIMS ASSERTED AGAINST IT BY PLAINTIFF. WHETHER A MANUFACTURER HAS ADEQUATELY DISCHARGED ITS DUTY TO WARN TO QUALIFY FOR THE SOPHISTICATED PURCHASER DEFENSE IS A QUESTION FOR YOU, THE JURY.
>
> FOREST RIVER ASSERTS THAT FEMA IS A "SOPHISTICATED PURCHASER." A "SOPHISTICATED PURCHASER" IS ONE WHO BY EXPERIENCE AND EXPERTISE IS AWARE OF THE POSSIBLE HAZARDS ASSOCIATED WITH THE USE OF THE PRODUCT, AND WHO HAS AN OBLIGATION TO INFORM END USERS OF SUCH POTENTIAL HEALTH HAZARDS.
>
> IT IS THE PROVINCE OF YOU, THE JURY, TO DECIDE WHAT MEASURES, IF ANY, FOREST RIVER COULD HAVE OR SHOULD HAVE TAKEN TO PROTECT/WARN END-USERS, SUCH AS PLAINTIFF, FROM ANY ALLEGED PRODUCT DEFICIENCIES IN THE TRAILER IT MANUFACTURED.

Next, the Court has also reviewed the Supplemental Opposition submitted after oral argument by Shaw. For the reasons stated by the Court at the hearing, the Court grants Plaintiff's Rule 50 motion in this regard. The "independent contractor" charge will not be given to the jury.

Last, of the Forest River's post-trial motion relative to the adequacy of the warning, the Court has reviewed the testimony of Plaintiff, cited by Forest River, as well as the cases cited by

Plaintiff *(Black v. Gorman-Rupp*, 94-1494 (La. App. 4 Cir., 5/16/95), 655 So.2d 717; and *Yaeger v. Automotive Cas. Ins. Co.*, 95-2448 (La. App. 4 Cir. 10/9/96), 682 So.2d 292) and denies Forest River's motion in this regard.

Accordingly, **IT IS ORDERED** that the remaining portions of Plaintiff's Rule 50 motion are **GRANTED IN PART and DENIED IN PART**, as expressed herein and in open Court on March 25, 2010.

**IT IS FURTHER ORDERED** that the remaining portion of Forest River's post-trial motion is **DENIED**, as expressed herein and in open Court on March 25, 2010.

New Orleans, Louisiana, this 26th day of March, 2010.

_____
**KURT D. ENGELHARDT
United States District Court**