## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Michelle Abram, et al v. Gulf Stream Coach* | * | |
| *Inc., et al*, Docket No. 10-00196 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiffs submit this reply brief in support of their Motion for Remand (Docket Entry No. 11990), to respond to some of the arguments presented in the Opposition brief filed by Gulf Stream Coach, Inc. ("Defendant" or "Gulf Stream") (Docket Entry No. 13013) and, in support, would show the following:

**I.     No Plaintiff Is Seeking More Than $75,000.00 In Damages, Exclusive of Costs and Interest**

Not including a stipulation with the state court petition that damages sought do not exceed $75,000 does not create federal jurisdiction in and of itself.  *Berthelot v. Scottsdale Ins. Co.*, 2007 WL 716126, at *2 (E.D. La. Mar. 6, 2007); s*ee also Moore*, 2010 WL 565383, at *2; *Lilly v. Big E Drilling Co.*, 2007 WL 2407254, at *2 (W.D. La Aug. 20, 2007).

Also,

[m]erely citing an extreme case with an award of stratospheric damages, however, does not satisfy defendants' burden of proving by a preponderance of the evidence that the actual amount in controversy exceeds $75,000.

*Butler v. Carolina Nat. Transp. Co.*, 2001 WL 111191, at *2 (E.D. La. Feb. 8, 2001).  Further, comparisons to other cases are insufficient when there is no "suggestion that the chemicals involved or the exposure to them were the same."  *Id*.

All of the conversations in which a Plaintiff directed The Buzbee Law Firm that they were not seeking more than $75,000 in damages, exclusive of costs and interest, took place prior to suit being filed.  *See* Exhibits C and D to Plaintiffs' Motion to Remand.  Therefore, these affidavits and declarations are relevant because, while they are post-petition, they reflect the jurisdictional facts at the time of removal.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## II.   Gulf Stream Did Not Act Under The Color Of Federal Authority When Manufacturing The Travel Trailers

Plaintiffs hereby incorporate and adopt the arguments set forth by the United States of America in its Response to Gulf Stream Coach, Inc.'s Oppositions to Plaintiffs' Motions to Remand.  (Docket Entry No. 13101).

And, as Judge Fallon noted in *Joseph v. Fluor Corp.*, compliance with the FEMA Model Travel Trailer Procurement Specifications alone is insufficient to demonstrate the necessary control to satisfy the color of federal authority prong of the *Mesa*[1] test.  513 F. Supp.2d 664, 672-73 (E.D. La. 2007).  Selling a product to the federal government does not entitle one to removal under the Federal Officer Removal statute.  *Id*.  The specifications do not dictate what types of materials (e.g. lauan, OSB, hardwoods) are to be used in the trailer, a maximum acceptable ambient level of formaldehyde (or any other gas), or even exact dimensions.  (Docket Entry No. 13101-3).  Far from exercising direct control, "[t]he specifications establish the minimum standards for travel trailer construction and outfitting to meet FEMA contract requirements" and

---

[1] *Mesa v. California*, 489 U.S. 121 (1989)

many of the specifications are simply listed as "industry standard."  *Id*.  In fact, FEMA relied on the "manufacturer and their expertise with construction and manufacture of EHUs, to ensure that units FEMA received were safe and habitable units."  (Docket Entry No. 13101-1, at ¶ 5).

**III.    The Court Does Not Have Jurisdiction Under the Class Action Fairness Act**

The Class Action Fairness Act, 28 U.S.C. § 1332(d), does not apply to this case.  Under Section 1332(d)(11), the jurisdictional rules applicable to class actions also apply to "mass actions" in certain situations.  However, the Act also states that

the term "mass action" shall not include any civil action in which –

(I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;

*Id*. at § 1332(d)(11)(B)(ii)(I).  In the instant case, all of the Plaintiffs resided in trailers in Orleans Parish, Louisiana that were manufactured by Defendant; all of their claims and injuries arise from formaldehyde exposure that took place in Louisiana.  Therefore, the Class Action Fairness Act and the Sixth Circuit's holding in *Freeman v. Blueridge Paper Products, Inc.*, 551 F.3d 405 (6th Cir. 2008), which was also only addressing true class actions, are inapplicable to this case.

Respectfully submitted:

## THE BUZBEE LAW FIRM

*/s/ Anthony G. Buzbee*

_____

Anthony G. Buzbee
Texas Bar No. 24001820
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel.:    (713) 223-5393
Fax.:    (713) 223-5909

OF COUNSEL:
## THE BUZBEE LAW FIRM
Peter K. Taaffe
Texas Bar No. 24003029

John Munoz (#9830)
GARNER & MUNOZ
1010 Common Street, Suite 3000
New Orleans, LA 70112-2411
Tel.:    (504) 581-7070
Fax.:    (504) 581-7083

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s/ John Munoz*_____
JOHN MUNOZ, #9830