UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:    FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | JUDGE: ENGELHARDT |
| This Document Relates to: | MAG: CHASEZ |
| *Keith Nunnery, et al. vs. Keystone Industries, Inc., et al.* No. 09-3871 (David McGraw) | |

_____

**KEYSTONE'S MEMORANDUM IN SUPPORT OF OBJECTIONS TO MAGISTRATE
JUDGE'S MARCH 24, 2010 RULING QUASHING SUBPOENA**

Defendant, Keystone RV Company ("Keystone") has filed an objection to the Magistrate Judge's March 24, 2010 order quashing Keystone's subpoena to JP Morgan Chase Bank ("Chase"). [1] Keystone submits this memorandum in support of its objection.

Keystone's subpoena seeks copies of plaintiff David McGraw's ATM and credit card records showing his purchases of over the counter medications and other products which may contain formaldehyde or other substances related to plaintiff's medical problems. Thus, those purchases are directly related to the plaintiff's claims of formaldehyde exposure.

---

[1] Rec. Doc. No. 13109.

{B0651892.1}

The plaintiff filed a motion to quash the subpoena.[2]   Keystone opposed the motion.   After a telephone conference with the parties on March 24, 2010, the Magistrate issued an order quashing the subpoena.[3]

This Court should reverse the Magistrate's ruling and require that Chase respond to the instant subpoena for the following reasons:

- In his deposition, Mr. McGraw testified that he used his Chase ATM and credit card to purchase various over the counter medications for treating his symptoms allegedly caused by formaldehyde exposure, including purchases made during the time when he lived in his FEMA trailer.[4]

- By unequivocally testifying that he used the Chase ATM and credit card to purchase these medications, plaintiff has put these records at issue and demonstrated they are highly relevant to his claims.

- In his written discovery responses, plaintiff has flatly refused to provide any ATM, credit card or bank records, citing privacy concerns, forcing Keystone to attempt to get the records through other sources, including Chase.

- Even if McGraw's ATM and credit card records do not contain specific information about what medications he purchased, the mere fact, date and location of the purchase is relevant and is reasonably calculated to lead to the discovery of additional information related to his claims.   For example, McGraw asserts that his sinus problems were worse while he lived in his FEMA trailer and that he treated those symptoms with various over the counter medications.  If McGraw made few or no purchases from pharmacies or other stores during that time period, the absence of records would be highly relevant to his claims and his credibility as a witness.  Or, if he only made a handful of purchases during that time, that information would be relevant as well.

---

[2] Rec. Doc. No. 12670. *See also* Rec. Doc. No. 13073 (Plaintiff's Reply Memorandum).

[3] Rec. Doc. No. 13109.

[4] In its briefs to the Magistrate, Keystone identified the specific deposition excerpts that are relevant, and provided a copy of the excerpts.  *See* Rec. Doc. No. 12961, Exhibit 2.

{B0651892.1}

- McGraw testified that he spent time repairing his mother's house adjacent to him and presumably, he paid for some of those repairs using his Chase ATM card and/or credit card.  Those purchases (and the frequency of them) may reveal information about other sources of exposure to formaldehyde or other chemicals which may have an impact on McGraw's alleged symptoms and claims.

- The question of admissibility of the ATM and bank records—apparently a part of McGraw argument—is premature and irrelevant to the issue of whether the subpoena should be quashed.   The question is, instead, whether the records sought are discoverable.  McGraw's own deposition testimony demonstrates the records are discoverable and the subpoena is reasonably calculated to lead to the discovery of admissible evidence.

- Based on the vague declaration from Chase submitted by McGraw from (*See* Rec. Doc. No. 13073-1) the Magistrate Judge suggested that Keystone should take a deposition of Chase, which is located in New York, to first determine what level of detail is contained in their records.  That step is unnecessary, unfair and prejudicial to Keystone.  Plaintiff and Chase have acknowledged that the Chase records may reveal information about McGraw's purchases.  If provided, this information would allow Keystone to conduct follow up discovery to the third parties identified in the records regarding the extent and nature of these purchases.   Keystone should not be required to go to the additional expense and inconvenience of taking depositions of Chase, when the records are available and could be provided easily by the bank.

- Any privacy concerns can easily be addressed through the Court's existing protective order limiting the disclosure of the documents.  In addition, to the extent that McGraw believes information contained in the documents should not be admitted at trial, he can file an evidentiary motion before trial.

Rather than reiterate its arguments and burden the Court with additional briefing, Keystone incorporates by reference its prior arguments in opposition to the plaintiff's motion to quash.  Those are set forth in Rec. Doc. Nos. 12961 (Keystone's Memorandum in Opposition to Motion to Quash) and 13086-2 (Keystone's Supplemental Memorandum in Opposition to Motion to Quash Subpoena).

{B0651892.1}

Respectfully submitted,

*s/Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Keystone RV Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of this pleading was filed via the Court's CM/ECF system, and that all counsel will be served via that system.

Baton Rouge, Louisiana, this 29th day of March, 2010.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson

{B0651892.1}