UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | Section: N(4) |
| | * | Judge Engelhardt |
| THIS DOCUMENT RELATES TO | * | Magistrate Judge Roby |
| CIVIL ACTION NO. 09-6217 | * | |
| Joseph and Mary Klein | * | |
| v. | * | |
| Teiseler Press, et al | * | |
| | * | |

**************************************************

## MAD DAWG INC. OF NORTH CAROLINA'S ANSWER TO JACQUET CONSTRUCTION SERVICES THIRD PARTY DEMAND

Comes now, through undersigned counsel, Mad Dawg Inc. of North Carolina, who answers Jacquet Construction Services Third Party Demand as follows:

I.

Mad Dawg admits its status in paragraph 1.

II.

Mad Dawg admits the allegations in paragraphs 2 and 3 that it entered into a contact with Jacquet. The terms, conditions and limitations of the contract are plead herein as if copied *in extenso*.

III.

Mad Dawg denies the allegations in paragraphs 4,5, and 6.

**AFFIRMATIVE DEFENSES**

1.

Defendants aver that the damages alleged by Plaintiff and Third Party Defendant was caused exclusively by the negligence and/or fault of Plaintiff or others, which is plead in bar or diminution of recovery herein.

2.

Any losses or damages that Plaintiff has sustained, which are denied by Defendant, were solely and proximately caused by the Plaintiff.

3.

Defendant avers that the losses alleged by Plaintiff, which are specifically denied, were caused or contributed to by other parties for whom Defendant is not legally responsible.

4.

Alternatively, Defendant avers that Plaintiff or others failed to properly mitigate their alleged damages and losses, if any.

5.

Defendant acted in full compliance with all applicable statutes, directions, and regulations and acted reasonably under the circumstances.

6.

Plaintiffs' claims are barred by prescription and/or the applicable statute of limitations.

7.

If Plaintiffs' claims concerning Jacquets's knowledge are true, then any indemnity agreement between Jacquet and Mad Dawg is void for lack of cause and/or consent.

9.

Defendants plead the doctrine of set-off and/or compensation.

10.

Defendants reserve the right to assert all additional affirmative defenses that may become available during discovery or trial.

**WHEREFORE,** defendant, Mad Dawg Inc. of North Carolina prays that this Answer be deemed good and sufficient, and that after due proceedings are had herein, there be judgment in favor of defendant, Mad Dawg Inc. of North Carolina, dismissing the claims of Plaintiff and Third Party Defendant, with prejudice and casting Plaintiff and Third Party Defendant with all costs of these proceedings and for all general and equitable relief awardable under the facts and premises.

Respectfully Submitted:
__s/Jake Airey_____
JAKE A. AIREY (#27933)
S. MICHELE BLANCHARD (#27966)
**AIREY & BLANCHARD, L.C.**
303 South Military Road, Suite 3
Slidell, LA 70461
(985) 641-4010
(985) 605-5010 fax
jake@aireyblanchard.com
*Attorneys for Mad Dawg Inc. of North Carolina*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served upon all counsel of record to this proceeding by ECF, facsimile, or mailing the same by first class United States mail, postage prepaid, on the 29th day of March, 2010.

_s/Jake Airey_____
Jake Airey