## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION "N-5"
                                       JUDGE ENGELHARDT
                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Nunnery, et al v. Keystone Industries, Inc., et al.,*
*E.D. La. No. 09-3871*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*\*\*

### UNITED STATES OF AMERICA'S ANSWER TO "FIRST
### SUPPLEMENTAL AND AMENDING COMPLAINT" (Doc. Rec. 10274)

Defendant United States of America ("United States") hereby answers the First

Supplemental and Amending Complaint for Damages (Doc. Rec. 10274) filed by Plaintiffs'

Liaison Counsel ("PLC").  The United States Answers this First Supplemental and Amending

Complaint because it sets forth claims that are at issue for the fourth bellwether trial that is

scheduled to commence on July 19, 2010.

### 1.

Admitted.  *See Nunnery v. Keystone Industries, Inc. et al.*, No. 09-0371 (Doc. Rec. 1, 1-

2).

### 2.a.

Paragraph 2.a. is an introductory sentence to which a responsive pleading is not required.

### 2.b.

Paragraph 1 of the Original Complaint is denied because the United States lacks

sufficient information to admit or deny.

Paragraph 2 of the Original Complaint is an introductory sentence to which a responsive

pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 3 of the Original Complaint, the United States denies that Keystone supplied FEMA with trailers for use in the State of Louisiana pursuant to contracts with FEMA.  As to the remainder of Paragraph 3 of the Original Complaint, the United States lacks sufficient information to admit or deny.

Paragraph 4 of the Original Complaint, as to the phrase "CH2M Hill Constructors, Inc. ("CH2M"), a Delaware corporation with its principal place of business in Colorado, licensed to do business in the State of Mississippi and in good standing," is denied because the United States lacks sufficient information to admit or deny.  The remainder of Paragraph 4 is denied.

3.a.

Paragraph 3.a. sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

3.b.

Paragraph 5 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 6 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 7 of the Original Complaint sets forth legal conclusions to which a responsive

pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 8 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 9 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

4.

Paragraph 4.a. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.b. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.c. is admitted in part and denied in part.  The United States admits that the Department of Labor, Occupational Safety and Health Agency ("OSHA") tested approximately 150 unoccupied temporary emergency housing units that had not been made ready for occupancy between October 11, 2005 and January 2006.  The remainder of Paragraph 4.c. sets forth legal conclusions and argument because ATSDR minimum risk levels are not intended as regulatory action levels and are not used by OSHA and as such no responsive pleading is required.  To the extent a response is required, however, any factual allegations contained therein are denied.

3

Paragraph 4.d. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.e. is denied.

Paragraph 4.f. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required the United States lacks sufficient information to admit or deny, and any factual allegations contained therein are denied.

Paragraph 4.g. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.h. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.i. is denied.

Paragraph 4.j. is admitted in part and denied in part.  The United States admits that it had some contact with manufacturers regarding the validity of concerns about formaldehyde in temporary emergency housing units voiced by some occupants, the media, and other entities, and determining what, if any, is an appropriate response to concerns about formaldehyde.  The remainder of any factual allegations contained in Paragraph 4.j. are denied.

Paragraph 4.k. is admitted in part and denied in part.  The United States admits that several conference calls involving representatives from FEMA, the United States Environmental Protection Agency ("EPA"), and Centers for Disease Control and Prevention/Agency for Toxic

Substances and Disease Registry ("CDC/ATSDR") took place commencing on or about in June 2006.  The remainder of any factual allegations contained in Paragraph 4.k. are denied.

Paragraph 4.l. is denied.

Paragraph 4.m. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied..

Paragraph 4.n. is denied.

Paragraph 4.o. is denied.

Paragraph 4.p. is denied.

Paragraph 4.q sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.r. of the Original Complaint is admitted in part and denied in part.  The United States admits that on or about March 17, 2007, Dr. Mark Klein sent FEMA a letter relating to ATSDR's February 2, 2007, Health Consultation Report.  As to remainder of Paragraph 4.r., any factual allegations contained therein are denied because the allegation mis-characterize the March 17, 2007, letter.

Paragraph 4.s. is admitted in part and denied in part.  The United States admits that in October 2007, CDC/ATSDR issued a revised Health Consultation Report.  As to the remainder of the allegations set forth in Paragraph 4.s., any factual allegations contained therein are denied.

Paragraph 4.t. is denied.

Paragraph 4.u. is admitted in part and denied in part.  The United States admits that

testing of approximately 519 occupied temporary emergency housing units as part of a study to investigated formaldehyde levels such units commenced on or about December 2007.  As to the remainder of the allegations set forth in Paragraph 4.u., any factual allegations contained therein are denied.

Paragraph 4.v. sets forth legal conclusions and argument as such no responsive pleading is required; however, to the extent a response is required, the United States lacks sufficient information to admit or deny, and any factual allegations contained therein are denied.

Paragraph 4.w. is admitted in part and denied in part.  The United States admits that on or about February 2008, the CDC issued press releases reporting the preliminary or interim results of its testing of 519 occupied units and those news releases may have contained or recommended certain courses of action that should be taken in response to concerns about formaldehyde in temporary emergency housing units.  As to the remainder of the allegations set forth in Paragraph 4.w., the United States lacks sufficient information to admit or deny, and any factual allegations contained therein are denied.

Paragraph 4.x. is denied.

Paragraph 4.y. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.z. sets forth legal conclusions and argument as such no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 4.aa. sets forth legal conclusions and argument as such no responsive pleading

is required; however, to the extent a response is required, any factual allegations contained therein are denied.

5.

Paragraph 10 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 11 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny Plaintiffs' characterization of "Mobile Homes."

Paragraph 12 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny Plaintiffs' characterization of "travel trailers."

Paragraph 13 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny Plaintiffs' characterization of "park models."

Paragraph 14 of the Original Complaint is denied.

Paragraph 15 of the Original Complaint is denied.

Paragraph 16 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 17 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 18 of the Original Complaint is denied.

Paragraph 19 of the Original Complaint asserts that "each of the housing units at issue, both those which were manufactured prior to the hurricanes and those later manufactured, and purchased by FEMA, contained dangerous levels of formaldehyde due to Keystone's use of certain materials in their construction and/or posed the threat of producing dangerous levels of

formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months. . ."  This claim is denied because the United States lacks sufficient information to admit or deny.

Paragraph 19 of the Original Complaint further asserts that "Keystone failed to warn the Federal Government about these dangers . . ."  The United States admits that Keystone never issued any warning to FEMA about such dangers.

Paragraph 19 of the Original Complaint further asserts that these dangers "initially were not known to the Federal Government."  The United States admits that such dangers were not initially known to the Federal Government, and denies such dangers were subsequently discovered by FEMA.

Paragraph 20 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 21 of the Original Complaint is denied.

Paragraph 22 of the Original Complaint, the first sentence is denied because the United States lacks sufficient information to admit or deny.

Paragraph 22 of the Original Complaint, the second sentence sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 23 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 24 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 25 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 26 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 27 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 28 of the Original Complaint sets forth legal conclusions to which a responsive pleading is not required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 29 of the Original Complaint relates to FEMA's contract with CH2M.  The United States admits that FEMA contracted with CH2M, and that pursuant to that contract, CH2M performed various activities in response to Hurricanes Katrina and Rita.  The remainder of Paragraph 29 sets forth legal conclusions or Plaintiffs' characterization of the terms and conditions of FEMA's contract with CH2M, or that contract, to which a responsive pleading is not required; however, to the extent a response is required, any such facts and/or factual characterization of the contract, or any other factual allegations contained therein are denied.

Paragraph 30 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked with pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained

therein are denied.

Paragraph 31 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 32 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 33 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 34 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government and as such no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 35 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 36 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 37 of the Original Complaint is denied because the United States lacks

sufficient information to admit or deny.

Paragraph 38 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 39 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 40 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.  Paragraph 40 of the Original Complaint also asserts that CH2M failed to comply with certain contractual tasks or obligations, and those allegations are denied because the United States lacks sufficient information to admit or deny.

Paragraph 41 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 42 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 43 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, the United States lacks sufficient information to admit or deny, and any factual allegations contained therein are denied.

11

Paragraph 44 of the Original Complaint sets forth legal conclusions as to what CH2M was tasked or obligated to do pursuant to a contract with the government, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 45 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 46 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 47 of the Original Complaint is denied because the United States lacks sufficient information to admit or deny.

Paragraph 48 of the Original Complaint sets forth legal conclusions and argument, as such no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 49 of the Original Complaint sets forth legal conclusions and argument, as such no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

6.

Paragraph 6.a. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 6.b. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations

contained therein are denied.

Paragraph 6.c. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 6.d. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 6.e. sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

Paragraph 6.f. and its subparts sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

7.

Paragraph 7 sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

8.

Paragraph 8 sets forth legal conclusions and argument, and as such, no responsive pleading is required; however, to the extent a response is required, any factual allegations contained therein are denied.

9.

Paragraph 9 of the First Supplemental and Amending Complaint is admitted in part and denied in part. The United States admits that documents show that plaintiff David McGraw received emergency housing assistance from FEMA. As to the remainder of any further factual allegations contained in Paragraph 9 of the First Supplemental and Amending Complaint, the United States lacks sufficient information to admit or deny, and any such factual allegations are denied.

10.

Paragraph 10 of the First Supplemental and Amending Complaint, the United States admits that documents show that plaintiff David McGraw was issued a Keystone RV Co. travel trailer (VIN# 4YDT260226N132486).

11.

The United States lacks sufficient information to admit or deny Paragraph 11 of the First Supplemental and Amending Complaint, and as such, any factual allegations contained therein are denied.

12.

Paragraph 12 of the First Supplemental and Amending Complaint is admitted in part and denied in part. The United States admits that documents show that a travel trailer was delivered to 5212 Dauphine Street, New Orleans, La. As to the remainder of any factual allegations contained in Paragraph 12, the United States lacks sufficient information to admit or deny, and any such factual allegations are therefore denied.

13.

The United States lacks sufficient information to admit or deny Paragraph 13 of the First

14

Supplemental and Amending Complaint, and as such, any factual allegations contained therein are denied.

14.

The United States lacks sufficient information to admit or deny Paragraph 14 of the First Supplemental and Amending Complaint, and as such, any factual allegations contained therein are denied.

15.

Paragraph 15 of the First Supplemental and Amending Complaint is denied.

16.

Paragraph 16 of the First Supplemental and Amending Complaint incorporates by reference allegations regrading a cause of action against defendant FEMA, purportedly found at Paragraphs 79 through 85 of the Original Complaint.  The United States denies that the Original Complaint contains allegations with respect to a cause of action against FEMA.

17.

Paragraph 17 of the First Supplemental and Amending Complaint sets forth claims against Keystone under the Louisiana Products Liability Act, and as such, does not require an answer from the United States; however, to the extent a response is required, any factual allegations contained therein are denied.

18.

Paragraph 18 of the First Supplemental and Amending Complaint sets forth claims against CH2M under the Louisiana Products Liability Act, and as such, does not require an answer from the United States; however, to the extent a response is required, any factual

allegations contained therein are denied.

19.

Paragraph 19 of the First Supplemental and Amending Complaint sets forth negligence claims against CH2M under Louisiana law, and as such, does not require an answer from the United States; however, to the extent a response is required, any factual allegations contained therein are denied

20.

Paragraph 20 of the First Supplemental and Amending Complaint sets forth legal conclusions and argument as such no responsive pleading is required; however, to the extent a response is required any factual allegations contained therein are denied.

**FTCA Jurisdiction Exceptions Bar Some Or All
Of Plaintiff's Claims Against The United States**.

1.      The Court lacks subject matter jurisdiction over plaintiff David McGraw's FTCA
claims because.

    a.      Plaintiff's FTCA claims are barred by the discretionary function exception to the
FTCA waiver of sovereign immunity.  28 U.S.C. § 2680(a).

    b.      Plaintiff's FTCA claims are barred by the contractor exception to the FTCA's of
sovereign immunity.  28 U.S.C. §§ 1346(b), 2671.

    c.      Plaintiff's FTCA claims are barred because he failed to properly exhaust his
administrative remedies prior to filing suit.  28 U.S.C. § 2675(a); 28 C.F.R. §
14.2.

    d.      Plaintiff's FTCA claims are barred because he failed to present his administrative
claim to the appropriate federal agency in a timely manner.  28 U.S.C. §2401(b).

    e.      Plaintiff's FTCA claims are barred because he failed to file suit and commence an
action in a timely manner.  28 U.S.C. § 2401(b).

    f.      Plaintiff's FTCA claims are barred by the misrepresentation exception to the
FTCA's waiver of sovereign immunity.  28 U.S.C. § 2680(h).

    g.      Plaintiff's FTCA claims based upon strict, no-fault or absolute liability theories
are barred because the FTCA only waives sovereign immunity for injury or loss
of property, or personal injury or death caused by a negligent or wrongful act or
omission.  28 U.S.C. § 1346(b)(1).

    i.      Plaintiff's FTCA claims based upon the FEMA's providing of Stafford Act
temporary emergency housing are barred because there is no analagous private

17

liability under applicable state tort law for the provision of temporary emergency response housing.  28 U.S.C. §§ 1346(b), 2674.

j.     Plaintiff's FTCA claims are barred because they seek to impose liability upon the United States for negligent or wrongful acts or omissions by persons or entities other then Federal employees acting within the scope of their employment.  28 U.S.C. §§ 1346(b)(1), 2671.

k.     Plaintiff's FTCA claims for medical monitoring and any equitable relief are barred because the FTCA only waives sovereign immunity for money damages for injury or loss of property, or personal injury or death.  28 U.S.C. § 1346(b)(1).

l.     The Court lacks subject matter jurisdiction over Plaintiff's FTCA claims for money damages in excess of the "sum certain" set forth Plaintiff's FTCA administrative claim.  28 U.S.C. § 2675(b).  Plaintiff David McGraw sets forth as the sum certain in his administrative claim $36,000 property damage and $140,000 personal injuries.  *See* May 26, 2009, McGraw SF 95 Administrative Claim (FEMA-001014 to FEMA-001016).

m.     Plaintiff's claims for punitive damages are barred because the FTCA does not waive sovereign immunity for such claims.  28 U.S.C. § 2674.

n.     Plaintiff's claims for pre-judgment interest are barred because the FTCA does not waive sovereign immunity for such claims.  28 U.S.C. § 2674.

o.     Plaintiff's claims for attorneys' fees are barred because the FTCA does not waive sovereign immunity and authorize recovery of attorneys fees.  28 U.S.C. § 2678.

p.     The Court lacks subject-matter jurisdiction over Plaintiff's claims that FEMA

18

breached an implied and/or express contracts arising out of their alleged lease of temporary emergency housing from FEMA.  28 U.S.C. § 1346(a)(2) (Little Tucker Act); 28 U.S.C. § 1491(a) (Tucker Act)

**AFFIRMATIVE DEFENSE**

1.      Plaintiff's Complaint, and each and every cause of action, allegation, and claim therein, fails to state a claim upon which relief may be granted.

2.      The United States owed no actionable duty to Plaintiff in this case.

3.      If it is found that the United States owed an actionable duty to Plaintiff, which it denies, the United States did not breach that duty.

4.      The injuries, damages, or losses alleged by Plaintiff were not caused by any negligent or wrongful act or omission of any officer, agent, servant, or employee of the United States.

5.      No negligent, wrongful act or omission of the United States, was the cause in fact, or in any way contributed to, Plaintiff's alleged injuries, damages, or losses.

6.      No negligent, wrongful act or omission of the United States, was the proximate or legal cause, or in any way contributed to, Plaintiff's alleged injuries, damages, or losses.

7.      Any alleged injuries, damages, or losses sustained by Plaintiff were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by occurrences and conditions prior, or subsequent.

8.      Any alleged injuries, damages, or losses sustained by Plaintiff were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by the negligence of third parties.

9.     Any alleged injuries, damages, or losses sustained by Plaintiff were not caused by acts or omissions on the part of the United States, but were caused, in whole or in part, by an intervening or superseding cause or event.

10.     Any alleged injuries, damages, or losses sustained by Plaintiff were not caused by an act or omission on the part of the United States, but were caused, in whole or in part, by Plaintiff's own negligence or were the product of a voluntary assumption of risk.

11.     The liability, if any, of the United States, which is expressly denied, and responsible parties, named or unnamed, should be proportionately reduced and apportioned based on their respective degrees of fault, and the liability of the United States, if any, should be reduced, in accordance with law.

12.     Plaintiff has not suffered any compensable damages.

13.     Plaintiff has failed to mitigate damages.

14.     If it is found that the United States is liable, which it expressly denies, the United States is entitled to an offset against damages, if any, for all amounts received by Plaintiff from the United States and its agencies, and also from all collateral sources.

15.     All future damages, if any, must be reduced to present value.

16.     Income taxes must be deducted from all alleged past and future lost earnings.

17.     Plaintiff fails to state a claim for medical monitoring damages because they have not alleged a specific or manifest injury.

18.     Plaintiff's claims are barred by the Good Samaritan doctrine.

19.     Plaintiff's claims are barred, in whole or in part, by the principles of res judicata

and/or collateral estoppel.

20.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

laches, estoppel, release, unclean hands, and/or ratification.

21.     The United States asserts any affirmative defenses available under state law.

22.     Plaintiff's claims are barred by Section 733.1 of the Louisiana Homeland Security

and Emergency Assistance and Disaster Act, La. R.S. 29:721-738, and by Section 771 of the

Louisiana Health Emergency Powers Act, La. R.S. 29:760-772.


Dated:  April 6, 2010                          Respectfully Submitted,

                                               HENRY T. MILLER
TONY WEST                                      ADAM BAIN
Assistant Attorney General, Civil Division     Senior Trial Counsel

J. PATRICK GLYNN                               MICHELLE BOYLE
Director, Torts Branch, Civil Division         ADAM DINNELL
                                               JONATHAN WALDRON
DAVID S. FISHBACK                              Trial Attorneys
Assistant Director
                                               /s/ Michele S. Greif
                                               MICHELE S. GREIF
OF COUNSEL:                                    Trial Attorney
JORDAN FRIED                                   United States Department of Justice
Associate Chief Counsel                        Civil Division – Torts Branch
                                               P.O. Box 340, Ben Franklin Station
JANICE WILLIAM-JONES                           Washington, D.C. 20004
Trial Attorney                                       Telephone No:  (202) 353-2492
FEMA/DHS                                       E-mail: michele.greif@usdoj.gov
Department of Homeland Security
Washington, D.C. 20472                         Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2010, the foregoing document was filed via the U.S.

District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison

Counsel.

*/s/ Michele S. Greif*_____
MICHELE S. GREIF
