UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                              MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                     SECTION "N-5"

                                                 JUDGE ENGELHARDT
                                                 MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Nunnery, et al v. Keystone RV Industries., et al,*
E.D. La. Case No. 09-3871

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF PLANITIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE

MAY IT PLEASE THE COURT:

   Plaintiff, David McGraw, through undersigned counsel, moves this Court to exclude any reference to Plaintiff's prior arrest and related information on the grounds that such evidence is highly prejudicial to Plaintiff and is not relevant to the issues to be presented at trial

   **I. Introduction and Background**

   Plaintiff, David McGraw's lawsuit against Keystone RV Company, CH2M Hill Constructors, Inc., and the United States of America (collectively referred to as "defendants"), alleges that the defendants negligently exposed him to formaldehyde, a known human carcinogen, through the manufacture, installation, maintenance of the travel trailer provided to him by FEMA in the wake of Hurricane Katrina. Mr. McGraw has reason to believe that Defendants will attempt to introduce at trial an arrest in 1992 for possession of cocaine and related information. At Mr. McGraw's deposition, Counsel for Keystone questioned Mr. McGraw about prior arrests or convictions. *See* Deposition of David McGraw, at p. 282-284. Mr.

McGraw testified that he had not been convicted for 1992 arrest. *Id* at p. 283. Upon further questioned, Mr. McGraw testified that he had been arrested for possession of cocaine when police arrested everyone present in his neighborhood after finding cocaine in a nearby house. *Id.*

Mr. McGraw now moves the Court to exclude all reference to Mr. McGraw's prior arrest and related information on the grounds that such evidence is highly prejudicial to plaintiff and is not relevant to the issues to be presented at trial.

**II. Argument**

    *a. Legal Standard*

The Court may exclude evidence under the standard set out in Federal Rule of Evidence 403, which provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The trial judge has wide discretion in rendering Rule 403 rulings. *Buford v. Howe,* 10 F.3d 1184, 1189 (5th Cir. 1994). Rule 403 is designed to exclude evidence that has an undue tendency to suggest decision on an improper basis. *See* Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860.  It is the trial court's function to exclude evidence that would confuse issues and distract the attention of the jury from the primary to collateral issues. *Smith v. Executive Club, Ltd.*, 458 A.2d 32, 41 (D.C. 1983). Furthermore, evidence of acts which some jurors may find socially offensive would unfairly influence jury deliberations. *Aetna Cas. And Sur. Co. v. Gosdin*, 803 F.2d 1153, 1159 (11th Cir. 1986).

Federal Rule 404(b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Fifth Circuit has set forth a two-part test for determining the admissibility of evidence under Rule 404(b). *Smith v. State Farm Fire and Cas. Co.*, 633 F.2d 401, 403 (5th Cir. 1980); *U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978) (en banc). First, the evidence must be relevant to an issue other than character. *Smith*, p. 403. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403. *Id.* Furthermore, there must be evidence showing that the act in fact occurred and that the person accused of committing the act in fact did so. *Id.* In this case, the defendants cannot show that Mr. McGraw's prior arrest is relevant to anything other than a remote inference concerning character. Finally, even if the arrest was relevant, the prejudice that would result from its use would substantially outweigh any probative value it would have. Accordingly, Plaintiff's Motion *in Limine* should be granted.

## III. The Court Should Exclude At Trial All References to Plaintiff's Prior Arrest Because Such Evidence Is Highly Prejudicial to Plaintiff and Is Not Relevant to the Issues to Be Presented at Trial.

In the case at bar, Mr. McGraw believes counsel for the defendants will attempt to introduce evidence of Mr. McGraw's 1992 arrest for possession of cocaine and related information. The arrest is highly prejudicial to Mr. McGraw in that it has no probative value to the claims in this case and it would only lead to inferences regarding his character, for which it is not admissible. In addition, the prior arrest occurred eighteen (18) years ago and is too remote in time. The possession of an illegal drug has no relevance to claims based on products liability.

Therefore, the only use defendants could make of the prior arrest is to attempt to disgrace Mr. McGraw's character, which is impermissible.

> *a. Evidence of Plaintiff's Prior Arrest is Inadmissible Because it Is Highly Prejudicial to Plaintiff.*

In determining if prejudice outweighs the probative value of evidence, the Court must keep out evidence that would necessarily confuse the jury and waste time on issues outside the scope of the disputed issues in the case. Fed. R. Evid. 403. Evidence of Mr. McGraw's prior arrest would have little probative value but a great potential to prejudice the jury against Mr. McGraw. Presumably, defendants would seek to introduce the 1992 arrest to show Mr. McGraw has a problem with drug use. However, this evidence would have no probative value as to whether Mr. McGraw was negligently exposed to formaldehyde and caused injury by this exposure.

> *b. Evidence of Plaintiff's Prior Arrest is Inadmissible Because it is Irrelevant.*

Evidence is relevant and admissible it tends to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would have been without the evidence. Fed. R. Evid. 401. Mr. McGraw's 1992 arrest and related information are not relevant to the case. Mr. McGraw's claims center around a product's defect and the harm it caused him. Evidence of Mr. McGraw's prior arrest does not tend to make the existence or nonexistence of any fact of this case more or less probable that it would be the case without such evidence. Further, there is no relation between Mr. McGraw's prior arrest and any matter provable in the case.

### IV. Conclusion

Based on the foregoing, David McGraw respectfully requests that his present motion be granted, that this Court exclude all reference to Mr. McGraw's prior arrest and related information at trial this matter and grant any further relief deemed necessary.

                      Respectfully submitted:

                      **FEMA TRAILER FORMALDEHYDE**
                      **PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:    504/528-9973
          gmeunier@gainsben.com

          s/Justin I. Woods
          JUSTIN I. WOODS, #24713
          **PLAINTIFFS' CO-LIAISON COUNSEL**
          Gainsburgh, Benjamin, David, Meunier &
          Warshauer, L.L.C.
          2800 Energy Centre, 1100 Poydras Street
          New Orleans, Louisiana 70163
          Telephone:    504/522-2304
          Facsimile:    504/528-9973
          jwoods@gainsben.com

          **COURT-APPOINTED PLAINTIFFS'**
          **STEERING COMMITTEE**
          ANTHONY BUZBEE, Texas # 24001820
          ROBERT BECNEL, #14072
          RAUL BENCOMO, #2932
          FRANK D'AMICO, #17519
          MATT MORELAND, #24567
          LINDA NELSON, #9938
          DENNIS REICH, Texas #16739600

MIKAL WATTS, Texas # 20981820

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 7, 2010.

/s/Gerald E. Meunier
GERALD E. MEUNIER