**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Nunnery, et al v. Keystone RV Industries., et al,*
E.D. La. Case No. 09-3871

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO KEYSTONE'S OBJECTIONS
TO MAGISTRATE JUDGE'S MARCH 24, 2010 RULING QUASHING SUBPOENA**

MAY IT PLEASE COURT:

Magistrate Judge Chasez's ruling of March 24, 2010, quashing the Subpoena issued by defendant, Keystone RV Company (Keystone), to J.P. Morgan Chase seeking all financial records of plaintiff, David McGraw, must be affirmed as it was not an abuse of the wide discretion afforded Magistrate Judges in determining pretrial matters involving discovery, and as the Subpoena represented an abuse of the discovery process.

**I.     Background**

On February 26, 2010, Keystone RV Company issued a Subpoena to J.P. Morgan Chase Bank, pursuant to Rule 45(b)(1) of the Federal Rules of Civil Procedure seeking,

> "Any and all documents pertaining to all checking and/or savings accounts (individual and joint), all investment accounts (CDs, IRAs, and any and all investment accounts), safety deposit accounts, and any credit cards, advances, loans, or mortgages extended, including, but not limited to, all applications, statements (monthly, quarterly or otherwise), canceled checks, electronic or automatic payments and debits, information regarding direct and/or manual deposits, withdrawals, safety deposit sign-

in logs, interest accrued or paid, and all other information regarding any and all accounts, of any nature whatsoever, opened in the name of David L. McGraw, SSN XXX-XX-4771, DOB XX/XX/1963, residing at 5212 Dauphine St., New Orleans, LA 70017."[1]

After consideration of memoranda and argument of both parties, Magistrate Judge Chasez correctly ruled against Keystone and quashed the subpoena.[1]

## II.    Law and Argument

### a.    Standard of Review

A pretrial discovery motion is non-dispositive and is subject to a clearly erroneous or contrary to law standard of review by the district court. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). Civil discovery motions are automatically referred to the Magistrate Judge pursuant to Local Rule 72.1 of the Local Rules of the Eastern District under the authority of 28 U.S.C. §636(b)(1)(A), which provides in pertinent part that: "[A] judge may designate a magistrate to hear and determine any pretrial matter pending before the court... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. §363(b)(1)(A).

The Supreme Court has recognized that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948). Pursuant to this highly deferential standard of review in resolving discovery disputes, reversal is appropriate only if the discretion is abused. *In re: Central Gulf Lines*, 2001 WL 476060, *1 (E.D.La. 2001) (*citing Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994)).

---

[1] Keystone's Subpoena, attached as Exhibit A, p. 5.
[1] Rec. Doc. No. 13109

  *b.* *Magistrate Judge Chasez's Ruling Was Neither Clearly*
    *Erroneous Nor an Abuse of Discretion*

  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery

regarding any non-privileged matter that is <u>relevant</u> to any party's claim or defense." (emphasis

added) The discovery rules are accorded a broad and liberal treatment to achieve their purpose of

adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635,

60 L.Ed.2d 115 (1971). Nevertheless, discovery does have "ultimate and necessary boundaries."

*Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

  A subpoena issued pursuant to Fed. R. Civ. P. 45 must fall within the scope of proper

discovery as outlined by Rule 26(b)(1). *See generally Terwillegar v. Offshore Energy Services,*

*Inc., et al,* 2008 WL 2277879 (E.D.La. 2008). If a subpoena falls outside the scope of

permissible discovery, the Court has authority to quash or modify it upon motion by the party

served, or as here, by the party claiming a privacy interest in the records sought. *Id.*[2] In addition,

Rule 45(c)(3)(A)(iv) provides that the Court may quash or modify a subpoena if that subpoena

subjects a person to an undue burden.

  In the case at bar, Keystone's subpoena subjected Mr. McGraw to an undue burden. A

subpoena is considered unduly burdensome when the Court finds that it is "unreasonable or

oppressive." *Schmulovich v. 1161 Rt. 9 LLC*, et al., 2007 WL 2362598, *4 (D. N.J. 2007) (*citing*

---

[2] A motion to quash or modify a subpoena under <u>Rule 45(c)(3)</u> may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. <u>*Kiger v. Plaisance Dragline*, Civ. A. 04-3453, 2006 WL 3228289, at * 1 (E.D.La. Nov.2, 2006)</u> (Roby, J.). However, a party, though not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have standing if he or she has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. *Id.* Here, it cannot be disputed that Mr. McGraw enjoys a significant interest in the privacy of his financial information.

*Northrop Corp. v. McDonnell Douglas Corp.*, 752 F.3d 395, 403 (D.C.Cir. 1984)). In order to determine if a subpoena is unreasonable or oppressive Courts have utilized the following factors in evaluating the reasonableness of a subpoena: (1) the party's need for the production; (2) the nature and importance of the litigation; (3) relevance; (4) the breadth of the request of the production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed entity. *In re Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 495 (E.D.Pa.2005).

Here, the above enumerated factors weighed in clear favor of quashing Keystone's third-party subpoena seeking any and all financial documents of any nature whatsoever, opened in the name of or on behalf of David McGraw. *See* Exhibit A. First, there is no legitimate, relevant need for Mr. McGraw's personal financial data in the present litigation. Mr. McGraw is not making any claim for economic loss for which the defendant may have needed his prior financial records. Second, the subpoena as issued requests all financial documents pertinent to Mr. McGraw has no time period limitation. As Mr. McGraw is forty-seven years old, the defendant is effectively seeking forty-seven years of financial records. Third, the particularity with which the documents sought are described is in fact so broad and expansive, that Keystone's subpoena cannot be seen as anything other than a fishing expedition into Mr. McGraw's financial history, an arena where Mr. McGraw clearly maintains a reasonable expectation of privacy. *See e.g. Plaquemines Parish Commission Council v. Delta Development Co., Inc.,* 472 So.2d 560, 568 (La. 1985).

Furthermore, Judge Chasez correctly determined that Keystone will not be able to obtain the information it seeks through its subpoena to J.P. Morgan Chase. As stated by Keystone in its Memorandum in Opposition, Rec. Doc. 12961, the defendant is in search of documents and/or

information that will not be revealed by such an intrusive search into Mr. McGraw's financial background. The defendant, by its own admission, is seeking to confirm the truth of Mr. McGraw's statements concerning the items he purchased to treat his medical injuries, as well as the identification of other over-the-counter medications he may have taken during the time frame when he lived in his FEMA trailer and afterwards, and materials he may have purchased that might contain formaldehyde or other chemicals. *See* Keystone's Memorandum in Opposition, Rec. Doc. 12961, p. 5-6. However, the financial records that would be disclosed if the subpoena is allowed to proceed will not reveal the information Keystone is looking to discover.

Keystone's subpoena is pursuing information that would reveal the specific items Mr. McGraw purchased from each point of sale location during his residency in his FEMA trailer and after he moved out. Yet, the financial records maintained by JPMC will not reveal that information. The attached declaration of Linda Coribello, a legal specialist with JPMC, attests that JPMC only maintains non-specific records of point of sale regarding purchases. *See* Declaration of Linda Coribello, attached as Exhibit B. The JPMC records sought by Keystone do not provide detailed information regarding specific items purchased at POS locations. *Id.* Keystone's Subpoena must be quashed as the documents requested will not provide the information sought. Accordingly, to allow such a subpoena to proceed would represent an unjustified intrusion into Mr. McGraw's financial history and would be an abuse of the discovery process.

### III.   Conclusion

Magistrate Judge Chasez's ruling quashing Keystone's subpoena of Mr. McGraw's financial records must be upheld as the decision was well within her discretionary function

pursuant to the Local Rules. In addition, Keystone's subpoena served as an unwarranted intrusion into Mr. McGraw's personal financial history. Accordingly, the plaintiff respectfully requests this Court affirm the ruling of Magistrate Judge Chasez quashing Keystone's Subpoena issued to J.P. Morgan Chase.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:    504/522-2304
      Facsimile:    504/528-9973
      jwoods@gainsben.com


      **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      ROBERT BECNEL, #14072
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      DENNIS REICH, Texas #16739600

MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 7, 2010.

/s/   Justin I. Woods
JUSTIN I. WOODS