UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL.* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL.*, DOCKET NO. 09-3251 | * | |

**************************************************************************

### DEFENDANTS' MEMORANDUM OF LAW IN
### SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGEMENT
### AS TO MEDICAL MONITORING AND PUNITIVE DAMAGES CLAIMS

Defendants Recreation By Design, LLC ("RBD") and Shaw Environmental, Inc. ("Shaw") move for partial summary judgment based on Plaintiff's failure to show that there is any genuine issue of material fact as to certain damages claimed by Plaintiff, specifically: damages for medical monitoring and punitive damages.

First, for her claim of medical monitoring damages, Plaintiff has not presented any type of medical monitoring plan for any type of latent disease. Plaintiff has not even identified any latent disease for which she could possibly be monitored. Without such a plan, damages are not recoverable for medical monitoring, and summary judgment should be granted in Defendants' favor

on this element of damages.

Defendants bring this motion in the alternative to its motion for summary judgment on causation. As explained in that motion, because Plaintiff has failed to meet her burden on causation, her medical monitoring claim fails as well. Damages for medical monitoring are only permitted when the monitoring procedures are "directly related to a manifest physical or mental injury or disease."[1] When the underlying claims fail as a matter of law, there is nothing left to base medical monitoring damages on, so that claim should be dismissed as well.[2] But if the Court does not grant summary judgment on causation, then summary judgment on the medical monitoring claims should still be granted on these independent grounds.

Second, punitive damages are not permitted under the Louisiana Product Liability Act. Therefore, no such damage should be allowed in this action.

## I. STATEMENT OF FACTS

### A. Plaintiff's Claims

Plaintiff, Earline Castanel, in addition to other claims, has brought claims for medical monitoring and surveillance and punitive damages.[3] Though not defined by the Plaintiff, based on the opinions of Plaintiff's Expert Witnesses as well as the deposition testimony of the experts and the Plaintiff, her claims have been narrowed to exacerbation of rhinosinusitis and mental anguish

---

[1] La. Civ. Code Ann. Art. 2315(B) (2009).

[2] *See, e.g., Anderson v. Dow Chem., Co.,* No. 06-30445, 2007 WL 1879170, at *5 (5th Cir. June 28, 2007) (affirming grant of summary judgment, including medical monitoring claim, when claims for mental anguish and increased risk of future disease were dismissed).

[3] See par. 15 (c) of Plaintiff's First Supplemental and Amending Complaint for Damages wherein the Plaintiff request damages for "...cost for future medical treatment, services, and/or procedures to address physical and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest...", R. Doc. 9401. See also par. 5 of the Prayer for Relief in the Administrative Master Complaint wherein the Plaintiffs' request punitive damages, R. Doc. 109.

2

claims of anxiety and fear of cancer.

### B.     Medical monitoring claim: No latent disease identified

Plaintiff has made a mental anguish claim for fear of cancer and anxiety. Plaintiff has not provided the necessary specific and general causation testimony required to support a claim for mental anguish and fear of cancer.[4] Additionally, Plaintiff's treating physician, Dr. Alan Bowers, testified at his deposition that Plaintiff has had ongoing anxiety problems for several years.[5] Further, Plaintiff's treating physician, Dr. Gautreaux, testified that throughout the course of his treatment of Castanel from 2002 to present, she suffered from sinusitis and that he did not see any changes in her diagnosis after Hurricane Katrina.[6] Finally, no expert has identified a latent disease that requires monitoring.

### C.     Medical monitoring claim: No medical monitoring plan

Plaintiff has not presented any monitoring procedure plan, nor has Plaintiff identified a latent disease that is in need of monitoring. While Defendants speculate that Plaintiff may attempt to use Dr. Patricia M. Williams's opinions regarding alleged DNA damages related to formaldehyde exposure to support some medical monitoring claim,[7] Dr. Williams did not identify any monitoring plan or procedure that would make early detection of any (unidentified) latent disease possible.[8]

---

[4] Defendants have filed a separate Motion for Summary Judgment on Causation and incorporate that motion and memorandum of law herein.

[5] Bowers Depo. at 32:1-25, excerpts attached as Ex. A.

[6] Gautreaux Depo. at 54:6-14, excerpts attached as Ex. B.

[7] Williams Affidavit pgs. 49-53, excerpts attached as Ex. C.

[8] Plaintiff's expert witness, Dr. Shwery did recommend that she undergo short term counseling for anxiety. However, that proposed plan of treatment is for a current condition and not for a latent disease. See Shwery depo. att 131:19-25 and 132:1-20, attached as Ex. D.

### D.  Punitive damages

Plaintiff did not seek punitive damages in either her Original or First Supplemental and Amending Complaints for Damages. However, Plaintiffs did request punitive damages in the Original Administrative Master Complaint.[9] Defendant is seeking an order clarifying that if punitive damages are being sought, it is entitled to summary judgment on this issue.

## II.  LAW AND ARGUMENT

### A.  Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law.[10] The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.[11] A fact is material if it "might affect the outcome of the suit under the governing law."[12] Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate."[13]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the

---

[9] See par. 5 of the prayer for relief in the Original Administrative Master Complaint, R. Doc. 109.

[10] Fed. R. Civ. P. 56(c).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[12] *Id.*

[13] *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).

evidence in the records contains insufficient proof concerning an essential element of the nonmoving party's claim.[14]  Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on the file and designate specific facts showing that there is a genuine issue for trial.[15]

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party[16], and draws all reasonable inferences in favor of that party.[17] Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[18]  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[19]

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment.  "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, the evidence is not

---

[14]*See Celotex Corp. V. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990).

[15]*Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F. 3d 400, 402 (5th Cir. 2001).

[16]*Gillis v. Louisiana,* 294 F. 3d 755, 758 (5th Cir. 2002).

[17]*Hunt v. Rapides Healthcare System, L.L.C.*, 277 F. 3d 757, 764 (2001).

[18]*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[19]*Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

properly before the district court."[20]  Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[21]

The nonmovant's burden of demonstrating a genuine issue is not satisfied by merely creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[22]  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[23]

    **B.**    **Plaintiff cannot establish the requirements to recover damages for medical monitoring, and summary judgment should be entered in favor of Defendants.**

Louisiana law imposes seven requirements before medical monitoring costs are compensable as damages.  Because Plaintiff has failed to provide any evidence, much less competent expert testimony that details the medical monitoring plan or identifies the latent disease to monitor, there is no genuine issue of material fact as to whether this type of damages is recoverable.[24]  The seven requirements are:

1. Significant exposure to proven hazardous substance;[25]
2. Plaintiff suffers increased risk of contracting serious latent disease;
3. Risk of contracting disease is greater than (a) the risk had there been no exposure and

---

[20] *Malacara v. Garber*, 353 F. 3d 393, 405 (5th Cir. 2003).

[21] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. Denied*, 513 U.S. 871 (1994).

[22] *Little*, 37 F.3d at 1075.

[23] *Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

[24] *Scott v. Am. Tobacco Co., Inc.*, 949 So. 2d 1266, 1282-83 (La. Ct. App. 2007).

[25] Defendants anticipate filing motions for summary judgment or Daubert motions that, if any one were granted, this requirement would not be met.  But, in any case, the other criteria cannot be satisfied.

>   (b) risk to members of the general public;
>
> 4.   A monitoring procedure that makes early detection possible exists;
> 5.   A physician prescribed monitoring procedure that was reasonably necessary;
>
> 6.   A prescribed monitoring regime is different from that normally recommended in the absence of exposure; and
>
> 7.   Clinical value in early detection and diagnosis.[26]

Each of these criteria must be proven with competent expert testimony.[27]

Plaintiff is unable to establish these criteria. First, no expert has identified any latent disease that should be monitored. Without any disease identified, it is impossible to meet the second and third criteria. Second, no expert has identified any medical monitoring plan or procedure. Therefore, the fourth criterion fails. Consequently, because no expert has proposed a monitoring plan, it is not possible for Plaintiff to meet her burden of proof as to the fifth, sixth, and seventh criteria. Because Plaintiff has not presented any evidence upon which a jury could reasonably find in favor of Plaintiff, summary judgment should be granted on the medical monitoring claim in favor of Defendants.

**C.   Punitive damages are not permitted under the Louisiana Products Liability Act, and summary judgment should be granted in favor of Defendants on this element of damages.**

As stated above, Plaintiff did not seek punitive damages in either her Original or First Supplemental and Amending Complaints for Damages. However, Plaintiffs did request punitive damages in the Original Administrative Master Complaint.[28] Therefore, out of an abundance of caution, Defendants are seeking an order clarifying that if punitive damages are being sought, it is

---

[26] *Id.*

[27] *Id.* at 1282.

[28] See par. 5 of the prayer for relief in the Original Administrative Master Complaint, R. Doc. 109.

entitled to summary judgment on this issue.

Punitive damages are not authorized by the Louisiana Products Liability Act, and so the Plaintiff cannot recover them in this action. Exemplary or punitive damages are not recoverable under Louisiana law unless expressly provided for by statute.[29] While there are two specific circumstances in which exemplary damages are permitted under Louisiana law, this action does not implicate either of those circumstances.[30] This action arises under the LPLA, which specifically limits those claims that can be made against a manufacturer for use of its product by a consumer, and it does not authorize punitive damages.[31] Therefore, to the extent that Plaintiff is still seeking punitive damages, no recovery for punitive damages is permitted under Louisiana law, and summary judgment should be granted in Defendants' favor for this element of damages.

### III. CONCLUSION

Defendants request that summary judgment be entered in their favor on these two elements of damages. Medical monitoring damages are not recoverable with no plan and no latent disease identified and punitive damages are not allowed under the LPLA. For these reasons, Defendants request summary judgment in their favor on these elements of damages.

---

[29] *Albert v. Farm Bureau Inc.,* 940 So. 2d 620, 622 (La. 2006) (citation omitted).

[30] *See* La. Civ. Code Art. 2315.4 (exemplary damages may be awarded if defendant's intoxication while operating a motor vehicle caused injury); *Id.* Art. 2315.7 (exemplary damages may be awarded if injuries caused through criminal sexual activity when victim was seventeen years old or younger).

[31] *Bladen v. C.B. Fleet Holding Co.,* 487 F. Supp. 2d 759, 770 (W.D. La. 2007).

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT,
FORTE & MULCAHY, LLC
909 Poydras Street, Ste. 1800
New Orleans, LA 70130
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation by Design, LLC*
Email: rmulcahy@garrisonyount.com

*/s/ M. David Kurtz*
ROY C. CHEATWOOD, Bar No. 4010
DAVID KURTZ, Bar No. 23821
KAREN K. WHITFIELD, Bar No. 19350
CATHERINE N. THIGPEN, Bar No. 30001
Baker Donelson Bearman Caldwell
& Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Attorneys for defendant,
Shaw Environmental, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436