UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL, DOCKET NO. 09-3251* | * | |

**************************************************************************

**DEFENDANT RECREATION BY DESIGN, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO
EXPRESS WARRANTY CLAIM**

Defendant, Recreation By Design, LLC ("RBD"), moves for partial summary judgment based on Plaintiff's express warranty claim under the Louisiana Products Liability Act ("LPLA"). Plaintiff cannot show that she relied on any express warranty from RBD and thus, cannot carry her burden of proving RBD breached any express warranty. Indeed, Plaintiff has not pointed to any express warranty that she believes has been breached, much less any warranty that she relied on.

1

## I.   STATEMENT OF FACTS

### A. Plaintiff's Claims

Plaintiff, Earline Castanel, in addition to other claims, asserted allegations for breach of express warranty against RBD. She claims that the RBD travel trailer did not conform to the express warranties regarding the reasonably anticipated use of the unit.[1] Plaintiff also claims that her RBD travel trailer did not adhere to express warranties of fitness and safety.[2] These allegations are vague and not specific as to what the alleged warranty is and how RBD breached this unidentified warranty. Because Plaintiff does not present any evidence regarding what RBD warranty she relied on, her express warranty claim must fail.

## II.   LAW AND ARGUMENT

### A. Summary Judgment Standard

Pursuant to Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[3] The materiality of facts is determined by the substantive law's identification of which facts are critical and which fats are irrelevant.[4] A fact is materials if it "might affect the outcome of the suit under the governing law."[5] Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate."[6]

---

[1] See Plaintiff's Complaint for Damages, Par. 90(iv), R. Doc. 1, Docket No. 09-cv-3251.
[2] See Plaintiff's Complaint for Damages, Par. 90(ix), R. Doc. 1, Docket No. 09-cv-3251.
[3] Fed. R. Civ. P. 56(c).
[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[5] *Id.*
[6] *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).

If the dispositive issues is one in which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the records contains insufficient proof concerning an essential element of the nonmoving party's claim.[7] Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on file and designate specific facts showing that there is a genuine issue for trial.[8]

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party[9], and draws all reasonable inferences in favor of that party.[10] Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[11] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[12]

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, the evidence is not

---

[7] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F. 2d 167, 178 (5th Cir. 1990).
[8] *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F. 3d 400, 402 (5th Cir. 2001).
[9] *Gillis v. Louisiana,* 294 F. 3d 755, 758 (5th Cir. 2002).
[10] *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F. 3d 757, 764 (2001).
[11] *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994).
[12] *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

properly before the district court."[13]  Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[14]

The nonmovant's burden of demonstrating a genuine issue is not satisfied by merely creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[15]  Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[16]

**B. Plaintiff's express warranty claim fails when there is no warranty that Plaintiff relied on and summary judgment should be granted in favor of RBD on this claim.**

Under Louisiana law, a manufacturer is liable for damage caused by a characteristic of the product that renders the product unreasonably dangerous.[17]  A product is considered "unreasonably dangerous" when it does not conform to an express warranty made at any time by the manufacturer about the product if (i) the express warranty had induced the claimant or another person or entity to use the product and (ii) the claimant's damage was proximately caused because the express warranty was untrue.[18]  To survive summary judgment on the express warranty issue, a plaintiff is required to provide evidence that: (1) the manufacturer made an express warranty regarding the product, (2) the plaintiff was induced to use the product because of the warranty, (3) the product failed to conform to that express warranty, and (4) the plaintiff's damage was proximately caused because the express warranty was untrue.[19]

---

[13] *Malacara v. Garber,* 353 F. 3d 393, 405 (5th Cir. 2003)
[14] *Forsyth v. Barr*, 19 F. 3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).
[15] *Little,* 37 F. 3d at 1075.
[16] *Smith v. Amedisys,* 298 F. 3d 434, 440 (5th Cir. 2002).
[17] La. Rev. Stat. § 9:2800.54(A) (2009).
[18] *Id.* § 9:2800.58(A).
[19] *Caboni v. Gen. Motors Corp.*, 278 F. 3d 448, 452 (5th Cir. 2002).

As this Court has already recognized, a central component of proving a breach of express warranty claim under LPLA is establishing that the Plaintiff was induced to use the product because of the express warranty.[20] Couching the issue in slightly different terms, this Court has said, "Section 2800.58 requires [the] plaintiff to prove that the user of the product relied on the warranty in using the product."[21]

Here, Plaintiff has not pointed to any warranty that she relied on. Plaintiff's complaint failed to even reference the warranty she relied on. Likewise, Plaintiff failed to provide the necessary factual allegations to prove that a RBD warranty was a deciding factor in her decision to reside in the RBD travel trailer and that her damages were caused because the express warranty was not true. Finally, Plaintiff testified at her February 2, 2010, deposition that she never received or reviewed the RBD owner's manual for her FEMA travel trailer and that she while she was residing in the travel trailer, she did not know that RBD was the manufacturer of the trailer.[22]

### III.   CONCLUSION

Without reliance on any express warranty from RBD, Plaintiff cannot prove each element of her breach of express warranty claim. Therefore, summary judgment on the breach of express warranty claim should be granted.

---

[20] Order dated Dec. 12, 2008 (R. Doc. 984) at 19-21.
[21] *Traina v. Nationsbank of Texas, N.A.*, 2001 WL 1041773, at *7 (E.D. La. Sept. 7, 2001) (emphasis added).
[22] Castanel Depo. dated February 2, 2010, at 129:16-25 and 130:1, excerpts attached as Ex. A.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436