UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v.*<br>*RECREATION BY*<br>*DESIGN, LLC, SHAW*<br>*ENVIRONMENTAL, INC.,*<br>and *UNITED STATES OF AMERICA*<br>*THROUGH THE FEDERAL*<br>*EMERGENCY MANAGEMENT*<br>*AGENCY,* NO. 09-3251 | * * * * * * * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF PARTIAL
MOTION FOR SUMMARY JUDGMENT
ON EXCLUSION OF CLAIMS**

**MAY IT PLEASE THE COURT:**

Defendants Recreation By Design, LLC ("RBD") and Shaw Environmental, Inc. ("Shaw") move for summary judgment based on Plaintiff's failure to provide any evidence, including expert opinion or expert testimony, in support of certain claims advanced in her Plaintiff Fact Sheet, Original Compliant for Damages, and First Supplemental and Amending Complaint for Damages. Defendants assert that there exists no issue of material fact regarding claims made by Plaintiff that

are not related to her claims of exacerbation of rhinosinusitis, mental anguish and fear of cancer claims, and as a matter of law, any additional claims should be dismissed.

## I. BACKGROUND

Plaintiff, Earline Castanel, has advanced the following general claims in her Original Complaint for Damages and First Supplemental and Amending Complaint for Damages:[1]

- Past and future physical injuries;

- Past and future mental and physical pain and suffering;

- Past and future impairments and disability;

- Past and future reasonable and necessary medical expenses of plaintiff which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest;

- Past and future loss of earning capacity;

- Past and future loss of enjoyment and quality of life and other damages and injuries;

- Loss of consortium and/or society;

- Loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster;

- Compensable out-of-pocket expenses related to defendants' wrongdoing;

- Mental anguish and emotion (sic) distress, including the fear of an increased risk of future serious disease;

---

[1] See Plaintiff's Original Complaint for Damages, R. Doc. 1, Docket No. 09-3251, pgs. 31-32; Plaintiff's First Supplemental and Amended Complaint, R. Doc. 9401, pg. 4.

2

Plaintiff also lists the following claims/symptoms in her Amended Plaintiff Fact Sheet:[2]

- Irritation to eyes;

- Tearing of eyes;

- Irritation or itching of skin;

- Rashes on skin;

- Drying or scaling of skin;

- Nausea;

- Abdominal pain;

- Diarrhea;

- Tightness of the chest;

- Throat irritation;

- Hoarseness;

- Dizziness;

- Hypothermia (low body temperatures);

- Medical Monitoring;

- Headaches.

Most of the above listed claims are broad and undefined, leaving Defendants unsure of the actual nature of the claims Plaintiff intends to advance against it. However, based on the evidence Plaintiff has thus far produced in the discovery phase, including expert opinions and expert deposition testimony, Plaintiff's claims appear to be limited to allegations of the exacerbation of her rhinosinusitis, and mental anguish claims of anxiety and fear of cancer. As will be shown below,

---

[2]See Plaintiff's Amended Plaintiff Fact Sheet, excerpts attached as Ex. A.

with the exception of those three claims, all of Plaintiff's remaining claims should be dismissed.

## II.  LAW AND ARGUMENT

### A.  Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[3] The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.[4] A fact is material if it "might affect the outcome of the suit under the governing law."[5] Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate."[6]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the records contains insufficient proof concerning an essential element of the nonmoving party's claim.[7] Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories,

---

[3] Fed. R. Civ. P. 56(c).

[4] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[5] *Id.*

[6] *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.,* 538 F.2d 1116, 1119 (5th Cir. 1976).

[7] *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.,* 910 F.2d 167, 178 (5th Cir. 1990).

and admissions on file and designate specific facts showing that there is a genuine issue for trial.[8]

When considering a motion for summary judgement, the Court views the evidence in the light most favorable to the nonmoving party[9], and draws all reasonable inferences in favor of that party.[10] Factual controversies are to be resolved in favor or the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[11] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[12]

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, the evidence is not properly before the district court."[13] Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[14]

The nonmovant's burden of demonstrating a genuine issue is not satisfied by merely creating

---

[8] *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

[9] *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002).

[10] *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001).

[11] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

[12] *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990)).

[13] *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir. 2003).

[14] *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied,* 513 U.S. 871 (1994).

"some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[15] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[16]

> **B.   Plaintiff has only provided evidence, expert opinions, and expert testimony regarding claims of exacerbation of her rhinosinusitis and mental anguish claims of anxiety and fear of cancer**

On January 29, 2010, Plaintiff submitted her Designation of Expert Witnesses on which she designated a total of thirteen expert witnesses.[17] To date, Plaintiff has not supplemented this list and no expert has supplemented and/or amended his/her report regarding Plaintiff's alleged injuries. Additionally, the depositions of twelve Plaintiff Expert Witnesses have gone forward and all discovery propounded to the Plaintiff has been answered. Likewise, five of Plaintiff's primary treating physicians have been deposed.[18] Lastly, Plaintiff has been deposed.

Based on all reports and deposition testimony of Plaintiff's designated expert witnesses, as well as Plaintiff's responses to discovery and deposition testimony, Defendants assert that Plaintiff has only produced evidence regarding her claims of exacerbation of her rhinosinusitis, and mental anguish claims of anxiety/ fear of cancer.

---

[15]*Little,* 37 F.3d at 1075.

[16]*Smith v. Amedisys,* 298 F.3d 434, 440 (5th Cir. 2002).

[17]Plaintiff Earline Castanel's Designation of Expert Witness, attached as Ex. B.

[18]Plaintiff's treating physicians are: Alan Bowers, MD, Carter Paddock, MD, Sanjeeva Reddy, MD, Marilu O'Byrne, MD, and Joseph Gautreaux, III, MD.

### i. Exacerbation of Rhinosinusitis

Plaintiff's expert witness, Dr. Lawrence Miller, is a Board Certified Physician in the areas of Internal Medicine, Pulmonary Disease and Clinical Pharmacology.  Dr. Miller has opined that Plaintiff suffered an exacerbation of rhinosinusitis as a result of her alleged exposure to formaldehyde while residing in her FEMA travel trailer.  Dr. Miller has concluded in his report that "within a reasonable degree of medical probability, that the exposure to formaldehyde emissions during her residence in the FEMA trailer significantly exacerbated Ms. Castanel's rhinosinusitis."[19] Dr. Miller also testified at his deposition that Plaintiff suffered from an exacerbation of rhinosinusitis.[20]  Note that Dr. Miller relied largely on the medical history given to him by Castanel in reaching this conclusion and testified he would have to revisit this opinion based of of the deposition testimony of Dr. Alan Bowers.[21]  Additionally, Castanel also testified that her sinus problems worsened while she resided in the FEMA travel trailer.[22]

### ii. Mental anguish claims of anxiety and fear of cancer

Edward Shwery, Ph.D., who is a Clinical Psychologist, opined in his Expert Report that Plaintiff is suffering from "anxiety disorder due to sinus and breathing problems". [23]  Dr. Shwery

---

[19] Expert Affidavit of Dr. Lawrence Miller, dated Jan. 28, 2010, at pg. 6, attached as Ex. C.

[20] Miller depo. at 40:19-24, 41:1-13, excerpts attached at Ex. D.

[21] Miller depo. at. 104:1-23, excerpts attached as Ex. D.

[22] Castanel depo, dated Feb. 2, 2010, at 89:7-19, 137:2-7, excerpts attached as Ex. E.

[23] See Expert Report of Dr. Edward Shwery, dated Jan. 26. 2010, at pg. 8, Ex. 3 to his 3/2/2010 deposition, attached as Ex. F.

also testified at his deposition that Plaintiff has a fear of cancer.[24]  It is Dr. Shwery's opinion that both conditions are related to the Plaintiff's sinus and breathing problems during the time Plaintiff resided in the FEMA travel trailer.[25]

Dr. Lawrence Miller also offered an opinion that Plaintiff has a fear cancer. Dr. Miller stated in his report, "based on Ms. Castanel's known exposure to formaldehyde...and the evidence summarized by Dr. Williams, it is also my opinion, within a reasonable degree of medical probability, that Ms. Castanel's fear of cancer, after her exposure to formaldehyde, are rationally based."[26] Dr. Miller testified that he is of the opinion that Castanel's injuries related to her FEMA travel trailer are an exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer.[27] Finally, Castanel testified that she had a fear of cancer as a result of residing in her FEMA travel trailer.[28]

### C.   Plaintiff has not provided any evidence in support of any other claim.

Although Defendants dispute that, as a result of residing in her FEMA travel trailer, Plaintiff suffered any injury, including an exacerbation of rhinosinusitis and mental anguish in the form of anxiety and fear of cancer, these are the only claims that Plaintiff has put forth any evidence to date.

Defendants make this distinction, as Plaintiff has advanced several claims for which she has

---

[24]Shwery depo. at 145:2-7, 146:9-12, excerpts attached as Ex. G.

[25]Shwery depo. at 123:20-25, 124:1-17, excerpts attached as Ex. G.

[26]Expert Affidavit of Dr. Lawrence Miller, dated Jan. 28, 2010, at pg. 6, attached as Ex. C.

[27]Miller depo, at 40:19-24, 41:1-13, excerpts attached at Ex. D

[28]Castanel depo, dated Feb. 2, 2010, at 88:25, 89:7-19, 137:2-7, excerpts attached as Ex. E.

not supplied any supporting evidence during this discovery process. Under Louisiana law, a plaintiff is required to present specific causation evidence of medical injury to prevail on a claim.[29] Plaintiff has set forth the below general allegations:

> Past and future physical injuries;
> Past and future mental and physical pain and suffering;
> Past and future impairments and disability;
> Past and future reasonable and necessary medical expenses of plaintiff which have been necessitated by the injuries sustained herein, including costs for future medical treatment, services, and/or procedures to address physical and/or mental injuries from formaldehyde exposure which currently are manifest;
> Past and future loss of earning capacity;
> Past and future loss of enjoyment and quality of life and other damages and injuries;
> Loss of consortium and/or society;
> Loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster;
> Compensable out-of-pocket expenses related to defendants' wrongdoing; and
> Mental anguish and emotion (sic) distress, including the fear of an increased risk of future serious disease.[30]

Plaintiff has also claimed to have suffered:

> Irritation to eyes;
> Tearing of eyes;
> Irritation or itching of skin;
> Rashes on skin;
> Drying or scaling of skin'
> Nausea;
> Abdominal pain;
> Diarrhea;
> Tightness of the chest;

---

[29]See *David v. Odeco, Inc.,* Not Reported in F. Supp., 1992 WL 40880, E.D. La., February 20, 1992 and *Benson v. Police Jury of Union Parish,* NoY Reported in F. Supp. 2d, 2006 WL 3488918, W.D. La., November 30, 2006.

[30]See Plaintiff's Original Complaint for Damages, R. Doc. 1, Docket No. 09-3251, pgs. 31-32; Plaintiff's First Supplemental and Amended Complaint, R. Doc. 9401, pg. 4.

>Throat irritation;
>Hoarseness;
>Dizziness;
>Hypothermia (low body temperatures);
>Headaches; and
>Medical Monitoring.[31]

Although Plaintiff makes these basic allegations and lists other symptoms, to date, no expert witness has provided an expert opinion or provided testimony in a deposition to support any other alleged injuries to Ms. Castanel. Simply put, there is no medical evidence to support any of the Plaintiff's claims other than exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer. There is no medical evidence to support the need for medical monitoring (to the extent it is alleged in the vague allegations), loss of consortium, loss of use,[32] and loss of earning capacity. Further, Castanel did not provide any testimony in support of any of the above enumerated symptoms/injuries. Ms. Castanel did, however, offer self serving, vague testimony about itching, headaches, puffy eyes, nausea, abdominal pain, diarrhea, and other vague complaints after moving in the trailer, but Ms. Castanel could not state what caused these alleged symptoms and there is absolutely no medical evidence to suggest that the above symptoms were caused or exacerbated by the trailer.[33]

Defendants therefore submit to this Court that there "is no genuine issue of material fact"

---

[31] See Plaintiff's Amended Plaintiff fact Sheet, excerpts attached as Ex. A.

[32] RBD has previously filed a 12(b) Motion seeking exclusion of Plaintiff's loss of consortium and loss of use allegations which has yet to be ruled upon. However, it appears from Plaintiff's reply to that Motion that there is no opposition regarding dismissal of these claims, but Defendants are including these claims in this current motion out of an abundance of caution since there has been no ruling to date on the 12(b) Motion. See R. Docs. 9721 and 10351.

[33] Castanel depo, dated Dec. 2, 2009, at pgs. 32 - 40, excerpts attached as Ex. H.

10

regarding whether Plaintiff has evidence in support of any claim other than her alleged claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer, and requests that any other unsupported claims and alleged injuries be dismissed.

### III.   CONCLUSION

The Plaintiff has simply failed to provide any evidence in her pleadings, discovery responses, expert opinions, expert deposition testimony, and in her own deposition testimony to support any additional claims other than exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer. Accordingly, Defendants request that the Court grant summary judgment in their favor, dismissing Plaintiff's claims of past and future injuries, pain and suffering, impairment and disability, medical expenses, loss of enjoyment of life and quality of life, mental anguish and emotional distress, which are not related to Plaintiff's claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer. Additionally, Defendants seek a dismissal, with prejudice, of Plaintiff's claims of: (a) irritation to the eyes; (b) tearing of eyes; (c) irritation or itching of skin; (d) rashes on skin; (e) drying or scaling of skin; (f) nausea; (g) abdominal pain; (h) diarrhea; (i) tightness of chest; (j) throat irritation; (k) hoarseness; (l) dizziness; (m) hypothermia (low body temperatures); (n) headaches; (o) loss of earning capacity; (p) loss of use; (q) loss of consortium; and (r) medical monitoring.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

*/s/ M. David Kurtz*
ROY C. CHEATWOOD, Bar No. 4010
M. DAVID KURTZ, Bar No. 23821
KAREN K. WHITFIELD, Bar No. 19350
CATHERINE N. THIGPEN, Bar No. 30001
Baker Donelson Bearman Caldwell
& Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
Attorneys for defendant,
Shaw Environmental, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436

12