# In the Matter of:

In re: FEMA Trailer Formaldehyde Products Liability Litigation

Earline M. Castanel, et al.

vs.

Recreation By Design, LLC, et al.

---

Lawrence G. Miller, M.D., M.P.H.
Vol. I, March 11, 2010

---

*Doris O. Wong Associates, Inc.*
*Professional Court Reporters*
*Videoconference Center*
*50 Franklin Street*
*Boston, MA 02110*
*(617) 426-2432*
*www.doriswong.com*



EXHIBIT D

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 40

1   Q.   Have you ever been excluded from testifying
2   by a judge?
3   A.   Not to my knowledge.
4   Q.   Have you ever been offered as an expert in
5   cancer in front of a court?
6   A.   I don't believe so. I believe I've been
7   offered as an expert in pharmacology, in toxicology,
8   in pulmonary disease, internal medicine. Obviously
9   within some of those specialties, for example,
10  cancers occur.
11  Q.   Let's go to your report. It's marked as
12  Exhibit 6. I want to talk generally about your
13  report, and then we'll go through the details, if
14  that's okay?
15  A.   That's fine.
16  Q.   And that way we'll set some parameters.
17  And I can't promise, but maybe we'll streamline
18  this.
19       As I read your report, you offered
20  opinions, several opinions, but your two opinions
21  regarding Ms. Castanel's condition or conditions
22  are, one, you indicated an exacerbation of
23  rhinosinusitis; is that right?
24  A.   Rhinosinusitis.

Doris O. Wong Associates, Inc.        Professional Court Reporters        617-426-2432
50 Franklin Street, Boston, MA 02110      Videoconference Center         www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)     2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13232-5   Filed 04/08/10   Page 3 of 4

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 41

```
 1      Q.   I have a bad habit of abbreviating that
 2   word.  And the other opinion you offered had to do
 3   with depression, correct?
 4      A.   No.  It concerned fear of cancer.  There's
 5   a typo in my report, and I apologize for that.
 6      Q.   Well, we can fix that.  So you described
 7   the mental state of Ms. Castanel that you described
 8   in your report as a fear of cancer?
 9      A.   That's correct.
10      Q.   Those two conditions, are those the only
11   two conditions that you're offering opinions on in
12   your report regarding Ms. Castanel?
13      A.   Up to this point, yes.
14      Q.   Have you been asked to offer any other
15   opinions relative to Ms. Castanel?
16      A.   I have not.
17      Q.   You briefly referenced Dr. Paddock's
18   report, but you don't go into any of the issues
19   regarding the cause of Ms. Castanel's dermatitis?
20      A.   I haven't offered any opinions on that.
21      Q.   And today you don't have any opinions on
22   the cause of Ms. Castanel's dermatitis?
23      A.   I do not.
24      Q.   Now, when you got involved in the case,
```

Doris O. Wong Associates, Inc.          Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA 02110    Videoconference Center                  www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                   2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13232-5   Filed 04/08/10   Page 4 of 4

In re: FEMA Trailer Formaldehyde Products Liability Litigation  Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.  March 11, 2010

Page 104

1    A.    It doesn't make sense.  It's counterfactual
2    to information I have.  So I don't think I can
3    answer you.
4    Q.    That's fine.  Let's put the facts that you
5    got from Ms. Castanel on the side, just for purposes
6    of this question.
7    A.    Are we talking about a hypothetical
8    patient, some other patient?
9    Q.    We're talking about a hypothetical
10   question.
11   A.    I'm not sure I understand that at this
12   point.
13   Q.    Let's just go through it.  You're an
14   expert, or they're going to attempt to qualify you
15   as an expert.  Putting the history given by Ms.
16   Castanel on the side, if Ms. Castanel did not have
17   any increase in her sinus symptoms after Hurricane
18   Katrina or while living in the FEMA unit or after
19   the FEMA unit, would you still opine that Ms.
20   Castanel had an exacerbation of her sinusitis as a
21   result of formaldehyde?
22         MR. TORRY:  Objection to the form.
23   A.    I would revisit that conclusion.  I'm not
24   sure I can give you that exact answer as we sit

Doris O. Wong Associates, Inc.           Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA  02110    Videoconference Center                  www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                    2f9201d0-8f99-44ec-a553-0e6737375bda