UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:
*Earline Castanel v. Recreation by Design,
L.L.C., et al.*, No. 09-3251 (E.D. La.)

MDL NO. 07-1873

SECTION N(5)

JUDGE ENGELHARDT

MAGISTRATE CHASEZ

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF SHAW ENVIRONMENTAL, INC.'S
MOTION FOR SUMMARY JUDGMENT ON CAUSATION**

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the

following statement of uncontested material facts in connection with its Motion for Summary

Judgment on Causation.

1.      Shaw had a contract with FEMA known as the Individual Assistance/Technical

Assistance Contract ("IA/TAC"), which required Shaw, among other things, to assist in

providing emergency housing to disaster victims as directed by task order, for example, through

the delivery and installation of FEMA travel trailers, park models, and mobile homes for

purposes of providing emergency housing units ("EHUs") to citizens displaced by Hurricanes

Katrina and Rita.[1]

---

[1] Affidavit of Geoffrey C. Compeau, ¶¶ 2, 4-5, attached as Exhibit "A" to Memorandum In Support of Shaw
Environmental, Inc.'s Motion for Summary Judgment on Causation (the "Compeau Affidavit").

2.     The Contract between Shaw and FEMA set forth precise specifications directing the exact manner for Shaw to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer line, water line, electrical wiring), steps, winterization, handicap ramps/platform steps, and numerous other minor tasks to make the trailer trailers ready for occupancy ("RFO").[2]

3.     In the course of performing its contractual obligations under the IA/TAC, Shaw (through its subcontractor) installed a travel trailer selected by FEMA and manufactured by Recreation by Design, L.L.C. bearing VIN number 5CZ200R2461125294, at 2261 Urquhart Street, New Orleans, Louisiana, on or about December 8, 2005, to serve as emergency housing for Earline Castanel ("the Trailer").[3]

4.     Due to the difficulties that Entergy experienced in restoring electrical power to the area where the Trailer was located, the EHU could not be powered up and made ready for occupancy until March 2006.[4]

5.     On March 11, 2006, Plaintiff conducted a "lease-in" process with Shaw, through its subcontractor.  During that process, Plaintiff conducted an inspection of the Trailer and found nothing wrong with it, as indicated by her signature on the lease-in forms.[5]

---

[2]  Compeau Affidavit, ¶¶ 6-7, 9-10 (Exh. "A" to Memorandum in Support) and Exhibits "2" and "3" thereto.

[3]  Compeau Affidavit, ¶¶ 13, 16-17 (Exh. "A" to Memorandum in Support) and Exhibits "7"-"9" thereto.

[4]  Compeau Affidavit, ¶ 18 (Exh. "A" to Memorandum in Support).

[5]  Compeau Affidavit, ¶¶ 21-22 (Exh. "A" to Memorandum in Support) and Exhibits "11," "13" thereto.

6.    Plaintiff moved into the Trailer in mid-March 2006.

7.    After Plaintiff moved into the Trailer, Shaw maintained it for less than three months, until June 1, 2006, when C. Martin Company assumed maintenance responsibility.[6]

8.    During the period of Shaw's maintenance, Plaintiff lodged no formaldehyde or other odor-related complaints; indeed, she reported one maintenance issue – a broken air conditioner that was repaired by one of Shaw's subcontractors.[7]

9.    There is no evidence that the haul and install process, by which the trailer occupied by Earline Castanel was installed on six concrete block piers as directed by FEMA, damaged the frame or structure of the Trailer in any way so as to permit excess moisture intrusion or enhanced formaldehyde off-gassing.

10.   Plaintiff has offered no proof, expert opinions or otherwise, that Shaw actually increased the level of formaldehyde in the Trailer and/or caused or exacerbated Plaintiff's exposure to formaldehyde.

---

[6] Affidavit of Allison Hansen, ¶ 11, attached as Exhibit "C" to Memorandum in Support.

[7] Compeau Affidavit, ¶¶ 23-25 (Exh. "A" to Memorandum in Support) and Exhibits "14" and "15" thereto.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


　　/s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.


　　/s/ M. David Kurtz