UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Earline Castanel v. Recreation by Design,<br>L.L.C., et al.*, No. 09-3251 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING FAILURE TO WARN

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the following statement of uncontested material facts in connection with its motion for partial summary judgment regarding failure to warn.

1. Following Hurricane Katrina, Plaintiff Earline Castanel received emergency housing assistance from FEMA.[1]

2. FEMA provided a travel trailer manufactured by Recreation by Design, L.L.C.,[2] bearing VIN No. 5CZ200R2461125294, to Plaintiff as emergency housing ("the Trailer").[3]

---

[1] R. Doc. 1, ¶¶ 13, 17, C.A. No. 09-3251 (Castanel).

[2] *Id.*, ¶ 24.

[3] Affidavit of Geoffrey C. Compeau, ¶ 17, attached as Exhibit "A" to Shaw Environmental, Inc.'s Memorandum in

3. On September 30, 2005, FEMA and Shaw executed the Individual Assistance/Technical Assistance Contract ("IA/TAC") under which Shaw would provide certain services for disaster relief anywhere in the United States, pursuant to individual task orders issued by FEMA.[4]

4. In response to Hurricane Katrina, FEMA issued Task Order 15 to Shaw to provide services related to, the installation and maintenance of emergency housing units ("EHUs") to citizens displaced by the hurricane.[5]

5. Exhibit 7 to the Performance Work Statement, which is attached to the IA/TAC as Attachment A ("Exhibit 7") sets forth precise specifications directing the exact manner for Shaw to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer, water, and electrical), steps, winterization, handicap ramps/platform steps, and numerous other minor tasks to make the trailer trailers ready for occupancy ("RFO").[6]

6. Exhibit 10 to the Performance Work Statement, which is attached to the IA/TAC as Attachment A ("Exhibit 10") provided detailed instructions regarding maintenance of the Trailer.[7]

---

Support of Motion for Summary Judgment Regarding Failure to Warn (the "Compeau Affidavit") and Exhibits "8" and "9" thereto.

[4] Compeau Affidavit, ¶¶ 2, 4-5 (Exh. "A" to Memorandum in Support) and Exhibit "1" thereto.

[5] Compeau Affidavit, ¶¶ 6-7 (Exh. " "to Memorandum in Support) and Exhibit "2" thereto.

[6] Compeau Affidavit, ¶¶ 9-10 (Exh. "A" to Memorandum in Support) and Exhibit "3" thereto.

[7] Compeau Affidavit, ¶ 12 (Exh. "A" to Memorandum in Support) and Exhibit "5" thereto.

7. The IA/TAC imposed no testing or warning obligation upon Shaw during the maintenance period.

8. Shaw had no role in developing, testing or engineering any aspect of Exhibits 7 and 10.[8]

9. Shaw was assigned the task of delivering, installing, making ready for use, and maintaining the Trailer.[9]

10. The Trailer was picked up at FEMA's designated staging area and installed at 2261 Urquhart Street, New Orleans, Louisiana, on or about December 8, 2005, by one of Shaw's subcontractors.[10]

11. The RFO Checklist indicates that the Trailer was installed in accordance with Exhibit 7.[11]

12. Plaintiff's signature on the FEMA Temporary Housing Unit Inspection Report and her initials on the Trailer Lease Check In List, confirm that she participated in an inspection of the Trailer with Shaw (or its subcontractor) and found nothing to be wrong with the Trailer.[12]

13. Plaintiff signed off on the Trailer and was leased-in on March 11, 2006.[13]

---

[8] Compeau Affidavit, ¶¶ 10, 12 (Exh. "A" to Memorandum in Support).

[9] Compeau Affidavit, ¶ 13 (Exh. "A" to Memorandum in Support).

[10] Compeau Affidavit, ¶ 16 (Exh. "A" to Memorandum in Support) and Exhibit "7" thereto.

[11] Compeau Affidavit, ¶ 20 (Exh. "A" to Memorandum in Support) and Exhibit "10" thereto.

[12] Compeau Affidavit, ¶¶ 20-22 (Exh. "A" to Memorandum in Support) and Exhibits "11," "13" thereto.

[13] Compeau Affidavit, ¶ 21 (Exh. "A" to Memorandum in Support) and Exhibit "13" thereto.

14. After Plaintiff moved into the Trailer, Shaw maintained it for less than three months, until June 1, 2006, when C. Martin Company assumed maintenance responsibility.[14]

15. During the period of Shaw's maintenance, Plaintiff reported only one maintenance issue -- a broken air conditioner that was repaired by one of Shaw's subcontractors.[15]

16. Plaintiff never lodged any complaints of formaldehyde or other odor-related issues in the Trailer during this period.[16]

17. FEMA knew that travel trailers were built with products that used urea-formaldehyde before Katrina.[17]

18. On March 20, 2006, FEMA asked Shaw (and other contractors) what they were doing to air out trailers to handle formaldehyde. Shaw responded promptly with its protocol for airing out trailers, and FEMA was satisfied with that response.[18]

19. During the period when Shaw maintained the Trailer, FEMA did not tell Shaw (or the other contractors) that it ought to be warning occupants about formaldehyde, or that the levels of formaldehyde in travel trailers were potentially dangerous.

---

[14] Affidavit of Allison Hansen, ¶¶ 4-11, attached as Exhibit "E" to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn (the "Hansen Affidavit") and Exhibits "1" and "2" thereto.

[15] Compeau Affidavit, ¶¶ 23-24, (Exh. "A" to Memorandum in Support) and Exhibits "14" and "15" thereto.

[16] Compeau Affidavit, ¶ 25, (Exh. "A" to Memorandum in Support)

[17] Deposition of Martin McNeese, pp. 107:18—108:5, attached hereto as Exhibit "C" to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn.

[18] Email from William Deane to Brian Boyle, dated March 21, 2006, attached hereto as Exhibit "D" Shaw Environmental, Inc.'s Memorandum in Support of Motion for Partial Summary Judgment Regarding Failure to Warn.

20. There is no evidence that Shaw became aware of a dangerous condition in the Trailer.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT, SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz