UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Earline Castanel v. Recreation by Design,*<br>*L.L.C., et al.*, No. 09-3251 (E.D. La.) | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
CLAIMS UNDER THE LOUISIANA PRODUCTS LIABILITY ACT**

This memorandum is submitted on behalf of Shaw Environmental, Inc. ("Shaw") in support of its motion for partial summary judgment with respect to Earline Castanel's cause of action against Shaw under the Louisiana Products Liability Act ("LPLA").

**BACKGROUND**

Following Hurricane Katrina, the Federal Emergency Management Agency ("FEMA") purchased travel trailers, park models and manufactured homes for use as emergency housing units ("EHUs") for displaced residents. FEMA entered into a contract with Shaw commonly known as the "Individual Assistance/Technical Assistance Contract" ("IA/TAC"). Among the services provided to FEMA under this contract was the management of the hauling and installation of EHUs. The contract did **not** require Shaw to manufacture or produce any of the

EHUs.  Nor did the contract provide that Shaw ever took title to any of the EHUs.  Instead, the contract required Shaw (or one its sub-contractors) to transport and deliver an EHU, place the EHU upon concrete blocks, and ready the unit for use by the displaced occupant(s).

Solely because Shaw performed these contractually mandated services, Plaintiff Earline Castanel seeks to hold Shaw liable as a manufacturer under the LPLA.[1]  However, the process by which Shaw conducted its tasks and performed its contractual obligations in general, and particularly with respect to the EHU at issue in this litigation, simply do not meet the definition of a "manufacturer" under the LPLA.  Shaw is not the manufacturer of the EHU at issue in this litigation, and Plaintiff has not developed any facts to prove otherwise.  Given these circumstances and based on the reasons set forth in this Court's Orders in *Charlie Age, et al., v. Gulf Stream Coach, Inc., et al.*[2] and *Aldridge, et al. v. Gulf Stream Coach, Inc., et al.* (*Elisha Dubuclet o/b/o T.D.*),[3] Shaw submits that the dismissal of all claims against it under the LPLA is warranted as a matter of law under Rule 56 of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

FEMA and Shaw executed the IA/TAC on September 30, 2005, under which Shaw would provide services for disaster relief, pursuant to individual task orders issued by FEMA.[4]

---

[1]  R. Doc. 1, Count 3, ¶¶ 91-97, C.A. No. 09-3215 (Castanel).

[2]  R. Doc. 3217.

[3]  R. Doc. 7440.

[4] Affidavit of Geoffrey C. Compeau, ¶¶ 2, 4-7, attached hereto as Exhibit "A."  Exhibit "1" to that Affidavit is a copy of certain relevant portions of the IA/TAC between FEMA and Shaw; Exhibit "2" is a true and correct copy of Task Order 15; and Exhibit "3" is a true and correct copy of Exhibit 7 ("Travel Trailer Installation ") to Section J, Attachment A – Performance Work Statement, of the IA/TAC.

Exhibit 7 to Section J, Attachment A – Performance Work Statement, of the IA/TAC ("Exhibit 7") sets forth the precise specifications dictating the exact manner for Shaw to install the travel trailers, including detailed requirements for how the units were to be delivered, blocked, leveled, anchored, attached to utilities, outfitted with steps or handicap ramps/platform steps, winterized, and otherwise made ready for occupancy.[5]

Following Hurricane Katrina, Plaintiff applied for and received emergency housing assistance from FEMA. It is undisputed that FEMA selected and provided her with a travel trailer (the "Trailer") manufactured by Recreation by Design, L.L.C. ("Recreation by Design").[6] In accordance with the IA/TAC, and at FEMA's direction, Shaw picked up the Trailer at a FEMA designated staging area, and Shaw's subcontractor installed it at 2261 Urquhart Street, New Orleans, Louisiana, on or about December 8, 2005.[7] Due to difficulties that Entergy experienced in restoring electrical power to the area where the Trailer was located, it could not be powered up and made ready for occupancy until March 2006.[8]

At that time, Plaintiff and Shaw's subcontractor performed a "lease-in" inspection, and Plaintiff acknowledged that the Trailer was in good condition by signing the appropriate forms.[9]

---

[5] Compeau Affidavit, ¶¶ 9-10, Exh. "A" and Exhibit "3" thereto.

[6] R. Doc. 1, ¶ 24, C.A. No. 09-3251 (Castanel).

[7] Compeau Affidavit, ¶¶ 13, 16-17, Exh. "A" and Exhibits "7"-"9" thereto (Manhattan Site Trailer Delivery List; Haul Install-Applicant Information form; and Unit Delivery Ticket).

[8] Compeau Affidavit, ¶ 18, Exh. "A."

[9] Compeau Affidavit, ¶¶ 20-22, Exh. "A" and Exhibit "10"-"13" thereto (RFO Checklist, Trailer Lease Check In List; Earline Castanel RFO Checklist; and FEMA Temporary Housing Unit Inspection Report).

These were the only tasks that Shaw performed with respect to delivering, installing, and making the Trailer ready for use.

Shaw did not produce, construct or manufacture the Trailer.[10] Shaw did not label any of the EHUs, including the Trailer, as its own or otherwise hold itself out to be the manufacturer of the EHUs.[11] Shaw did not exercise control over, or influence a characteristic of, the design, construction or quality of any of the EHUs, including the Trailer.[12] Shaw never took title to any of the EHUs that FEMA utilized as temporary housing following Hurricanes Katrina and Rita, including the Trailer.[13]

## THE COURT'S PRIOR DISMISSALS OF LPLA CLAIMS

This Court has already ruled on this precise legal issue, granting identical motions for summary judgment filed by Fluor Enterprises, Inc. ("Fluor") in the *Alexander* case[14] and the *Dubuclet* matter,[15] and dismissing those plaintiffs' claims as a matter of law.[16] Shaw's role as a government contractor with regard to the Trailer was in all relevant aspects identical to the role

---

[10] Compeau Affidavit, ¶ 27, Exh. "A."

[11] Compeau Affidavit, ¶¶ 28-29, Exh. "A. "

[12] Compeau Affidavit, ¶ 29, Exh. "A."

[13] Compeau Affidavit, ¶ 32, Exh. "A."

[14] R. Doc. 3217.

[15] R. Doc. 7440.

[16] Additionally, in the *Lyndon T. Wright v. Forest River, Inc., et al.* case, after Shaw filed a Motion for Partial Summary Judgment on plaintiff's LPLA claims, plaintiff dismissed those claims with prejudice (R. Doc. 11240), and the Court denied Shaw's Motion as moot. [R. Doc. 11342].

that Fluor played. This compels the same result – dismissal of Plaintiff's LPLA claims against Shaw.

Specifically, Alana Alexander and her minor son, C.C., were bellwether plaintiffs in the first trial held in September 2009.[17] In dismissing the *Alexander* plaintiffs' LPLA claims against Fluor, this Court concluded that:

> Fluor simply does not meet the definition of 'manufacturer' found in the LPLA. . . . [Fluor] was merely a contract service provider, which provided the services of delivering, setting up and readying for use the EHU assigned to the bellwether plaintiffs. It did not manufacturer Plaintiffs' EHU, nor did it assemble it or use it as a component part. Moreover, Fluor did not purchase the EHU that was assigned to Plaintiffs, nor did it create a new product by setting up the EHU. It readied the EHU for use; it did not create a new product.[18]
>
> * * *
>
> Fluor did not 'refurbish', 'recondition' or 'remanufacturer' the EHU or any of its parts. It merely placed an EHU, which was manufactured by another entity (which is a party to this lawsuit), placed it on blocks and connected local utilities to it. Based on the Rule 56 evidence before the Court, Fluor simply is not a 'manufacturer' of this EHU within the meaning of the LPLA.[19]

Based on this reasoning, the Court also dismissed the LPLA claims of the bellwether plaintiffs in the *Dubuclet* case.[20] Like the *Alexander* and *Dubuclet* cases, this is purely a legal issue for the Court to decide. There is nothing unique to the *Castanel* case that would warrant this Court's departure from its well-reasoned decision in *Alexander* and *Dubuclet*. Like Fluor, Shaw was hired to place the Castanel Trailer, "which was manufactured by another entity (which

---

[17] The *Alexander* plaintiffs joined the MDL in *Age, et al. v. Gulf Stream Coach, Inc., et al.*, 09-2892, R. Doc. 1, and their claims were later severed for trial.

[18] Court's Order and Reasons, R. Doc. 3217, p. 5.

[19] *Id.* at p. 6.

[20] Court's Order, R. Doc. 7440.

is a party to this lawsuit),"[21] on concrete blocks and connect it to local utilities. Shaw did not manufacture the Trailer, nor "assemble" the EHU.[22] Moreover, Shaw did not purchase the Trailer that was assigned to Plaintiff, nor did it create a new product by setting up the Trailer. Accordingly, summary judgment is appropriate dismissing Plaintiff's LPLA claims against Shaw in conformity with this Court's prior rulings in *Alexander* and *Dubuclet*.

## CONCLUSION

Based on the Court's prior rulings, Shaw (a government contractor defendant, like Fluor) is not a "manufacturer" of any product. Likewise, the process by which Shaw conducted its tasks and performed its contractual obligations with regard to the Trailer did not result in the creation of a "product" whereby Shaw could be liable as a "manufacturer" under the LPLA. Accordingly, Shaw's Motion for Partial Summary Judgment should be granted, dismissing Plaintiff's LPLA claims against it in this action.

---

[21] Court's Order and Reasons, R. Doc. 3217, p. 6.

[22] *Id.* at p. 5.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz