UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Earline Castanel v. Recreation by Design,<br>L.L.C., et al.*, No. 09-3251 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SHAW ENVIRONMENTAL, INC.'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING "BLOCKING"

Defendant, Shaw Environmental, Inc. (hereinafter referred to as "Shaw"), submits the following statement of uncontested material facts in connection with its motion for partial summary judgment with respect to "blocking."

1.  Following Hurricane Katrina, Plaintiff Earline Castanel, received emergency housing assistance from FEMA.[1]

2.  FEMA provided a travel trailer manufactured by Recreation by Design, L.L.C.,[2] bearing VIN No. 5CZ200R2461125294, to Plaintiff as emergency housing ("the Trailer").[3]

---

[1] R. Doc. 1, ¶¶ 13, 17, C.A. No. 09-3251 (Castanel).

[2] *Id.*, ¶ 24.

[3] Affidavit of Geoffrey C. Compeau, ¶ 17, attached as Exhibit "A" to Shaw Environmental, Inc.'s Memorandum in Support of Motion for Summary Judgment Regarding "Blocking" (the "Compeau Affidavit").

3. On September 30, 2005, FEMA and Shaw executed the Individual Assistance/Technical Assistance Contract ("IA/TAC") under which Shaw would provide certain services for disaster relief anywhere in the United States, pursuant to individual task orders issued by FEMA.[4]

4. In response to Hurricane Katrina, FEMA issued Task Order 15 to Shaw to provide services related to, among other things, the installation of emergency housing units ("EHUs") to citizens displaced by the hurricane.[5]

5. Exhibit 7 to the Performance Work Statement, which is attached to the IA/TAC as Attachment A ("Exhibit 7") sets forth precise specifications directing the exact manner for Shaw to install the travel trailers, including detailed requirements for delivery, blocking and leveling, anchoring and straps, utilities hook-ups (including sewer, water, and electrical), steps, winterization, handicap ramps/platform steps, and numerous other minor tasks to make the trailer trailers ready for occupancy (RFO).[6]

6. In Exhibit 7, FEMA directed Shaw to install the travel trailers on concrete piers constructed in a precise fashion.[7]

7. Shaw had no role in developing, testing or engineering any aspect of Exhibit 7 or any other aspect of FEMA's instructions to place the travel trailers on concrete blocks.[8]

---

[4] Compeau Affidavit, ¶¶ 2, 4-5 (Exh. "A" to Memorandum in Support) and Exhibit "1" thereto.

[5] Compeau Affidavit, ¶¶ 6-7 (Exh. "A" to Memorandum in Support) and Exhibit "2" thereto.

[6] Compeau Affidavit, ¶¶ 9-10 (Exh. "A" to Memorandum in Support) and Exhibit "3" thereto.

[7] Compeau Affidavit, ¶ 10 (Exh. "A" to Memorandum in Support) and Exhibit "3" thereto.

[8] *Id.*

8. Additionally, FEMA provided Shaw with a pier diagram prepared by Terry Zien of the U.S. Army Corps of Engineers. Shaw was never directed or asked to, and therefore never undertook, to perform any engineering services concerning this diagram.[9]

9. Shaw was assigned the task of delivering, installing and making ready for use the EHU assigned to Plaintiff Earline Castanel.[10]

10. Shaw maintains records relating to the installation of the Trailer.[11]

11. The Trailer was picked up at FEMA's designated staging area and installed at 2261 Urquhart Street, New Orleans, Louisiana, on or about December 8, 2005, by one of Shaw's subcontractors.[12]

12. Shaw retained qualified and experienced subcontractors to perform the actual installation of travel trailers, including the Trailer. Shaw utilized a rigorous quality control program that checked each trailer to ensure that it met the requirements of Exhibit 7 precisely.[13]

13. Specifically, Shaw had a construction lead who worked with each subcontractor and who checked the work of that subcontractor. Additionally, Shaw separately inspected, or had one of its subcontractors inspect, every single installation during the "Ready for Occupancy"

---

[9] Compeau Affidavit, ¶ 11 (Exh. "A" to Memorandum in Support) and Exhibit "4" thereto.

[10] Compeau Affidavit, ¶ 13 (Exh. "A" to Memorandum in Support).

[11] Compeau Affidavit, ¶ 14 (Exh. "A" to Memorandum in Support).

[12] Compeau Affidavit, ¶¶ 16-17 (Exh. "A" to Memorandum in Support) and Exhibits "7"-"9" thereto.

[13] Compeau Affidavit, ¶ 19 (Exh. "A" to Memorandum in Support).

(or, "RFO") process.  Finally, during the "lease-in" process, Shaw or its subcontractor would check the trailer again, this time with the occupant present.[14]

14. The RFO Checklist indicates that the Trailer was blocked on concrete piers, anchored with the required straps, and utilities installed (i.e. sewer, water, and electricity) as well as propane tanks, battery and steps.  This document confirms that the Trailer had been installed in accordance with Exhibit 7.[15]

15. Plaintiff's signature on the FEMA Temporary Housing Unit Inspection Report, and her initials on the Trailer Lease In Checklist, confirm that she participated in an inspection of the Trailer with Shaw (or its subcontractor) and found nothing to be wrong with the Trailer.[16]

16. Plaintiff signed off on the Trailer and was leased-in on March 11, 2006.[17]

17. Plaintiff began living in the Trailer sometime in March 2006.

18. After Plaintiff moved into the Trailer, Shaw maintained it for less than three months, until June 1, 2006, when C. Martin Company assumed maintenance responsibility.[18]

---

[14] Compeau Affidavit, ¶¶ 20, 22 (Exh. "A". to Memorandum in Support) and Exhibits "10"-"12" thereto.

[15] Compeau Affidavit, ¶¶ 20, 22 (Exh. "A" to Memorandum in Support) and Exhibit "10" thereto.

[16] Compeau Affidavit, ¶¶ 21-22 (Exh. "A" to Memorandum in Support) and Exhibits "11," "13" thereto.

[17] *Id.*

[18] Affidavit of Allison Hansen, ¶¶ 4-11, attached as Exhibit "D" to Memorandum in Support (the "Hansen Affidavit") and Exhibits "1" and "2" thereto.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ M. David Kurtz

5