UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Earline Castanel v. Recreation by Design,*<br>*L.L.C., et al.*, 09-3251 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF SHAW ENVIRONMENTAL, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>REGARDING PLAINTIFF'S MAINTENANCE CLAIMS</u>**

**MAY IT PLEASE THE COURT:**

Shaw Environmental, Inc. ("Shaw") respectfully submits this memorandum in support of its motion for partial summary judgment on all of Plaintiff's claims related to improper or negligent maintenance of the emergency housing unit ("EHU") occupied by Earline Castanel (the "Trailer"). These allegations are wholly unsupported by the evidence, and are even contradicted by Plaintiff's own sworn testimony, and should be dismissed as a matter of law.

**STATEMENT OF FACTS**

On September 30, 2005, FEMA and Shaw executed an Individual Assistance/Technical Assistance Contract ("IA/TAC"), No. HSFEHQ-05-D-0573.[1]  This contract contemplated that Shaw would assist FEMA in its mission to provide assistance to disaster victims, pursuant to individual task orders issued by FEMA.[2]  One of the ways in which Shaw assisted FEMA following Hurricane Katrina was to provide maintenance services for EHUs, including the trailer occupied by Plaintiff.[3]

As an initial matter, Plaintiff moved into the Trailer mid-March 2006, and Shaw's maintenance responsibilities ended on June 1, 2006, when C. Martin (another contractor) assumed these responsibilities.[4]  During the period of Shaw's maintenance, Plaintiff made one maintenance call – regarding a broken air conditioner first noticed during a monthly inspection – which was repaired by one of Shaw's subcontractors,[5] and Shaw made two monthly inspections, which the Trailer passed.[6]

---

[1] Affidavit of Geoffrey C. Compeau, ¶¶ 2, 4, attached hereto as Exhibit "A."  Exhibit "1" to that Affidavit is a copy of certain relevant portions of the IA/TAC between FEMA and Shaw; Exhibit "2" to the Affidavit is a copy of Task Order 15; and Exhibit "5" to the Affidavit is a true and correct copy of Exhibit 10 ("Maintenance-Temporary Housing Units") to Section J, Attachment A-Performance Work Statement, of the IA/TAC.

[2] Compeau Affidavit, ¶ 4, Exh. "A" and Exhibit "1" thereto (the IA/TAC).

[3] Compeau Affidavit, ¶ 12, Exh. "A" and Exhibit "5" thereto (the IA/TAC).

[4] Affidavit of Allison Hansen, ¶¶ 4-11, attached hereto as Exhibit "B" and Exhibits "1" and "2" thereto (June 2, 2006 Email from C. Martin's Robyn Williams; and C. Martin's MDC Turnover Spreadsheet).

[5] Compeau Affidavit, ¶¶ 23-25, Exh. "A" and Exhibits "14" and "15" thereto (FEMA Maintenance Transition Report and Call Center Maintenance Request Form, date May 16, 2006 and May 17, 2006); *see also* Deposition of Earline Castanel, February 10, 2010, p. 220:1-20, attached hereto as Exhibit "C."

[6] Compeau Affidavit, ¶ 23, Exh. "A" and Exhibit "14" thereto (FEMA Maintenance Transition Report).

Nevertheless, Plaintiff claims, among other things, that during the initial two and one-half month period, Shaw failed to adequately perform its contractual duty to maintain and repair the Trailer, which somehow caused and/or contributed to unsafe conditions in the unit. Specifically, Plaintiff alleges that:

> Upon information and belief, Shaw failed to adequately manage, maintain and repair the temporary housing units which enabled and contributed to the unsafe and hazardous conditions that led to adverse health effects amongst the plaintiffs. Parallel to their duty to manage, maintain and repair each temporary housing unit Shaw failed to undertake appropriate action, maintenance or repair in response to numerous complaints made by the plaintiff-occupant(s) of the temporary housing units to various adverse health effects caused by exposure to elevated levels of formaldehyde.[7]

This is hardly a specific allegation as to this Plaintiff or this case, but Shaw anticipates that Plaintiff will claim that Shaw was negligent in its maintenance. In accordance with Rule 56(b) of the Federal Rules of Civil Procedure, Shaw seeks a judgment dismissing Plaintiff's claims of improper maintenance on the basis that Shaw never failed to maintain the Trailer, and Plaintiff has no evidence to the contrary.

## LAW AND ARGUMENT

### I. Summary Judgment Standard

Summary judgment is proper when there is "no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law."[8] "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[9]

---

[7] R. Doc. 1, ¶¶ 44-45, C.A. No. 09-3251 (Castanel).

[8] Fed. R. Civ. P. 56(c).

[9] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).

Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."[10]

The moving party must initially demonstrate that no genuine issue of material fact exists and identify those portions of the record which it believes show the absence of a genuine issue of material fact.[11]  However, once the movant meets this burden, the burden shifts to the non-movant "to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."[12]  To satisfy this burden, the non-movant must proffer *sufficient* evidence to show that a reasonable jury could find in its favor – that is, that "reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict."[13]  Of course, unsubstantiated assertions do not constitute competent summary judgment evidence.[14]

---

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citations and internal quotations omitted); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.") (citations omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248.

[11] *Celotex Corp.,* 477 U.S. at 323; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

[12] *Id.* at 322.

[13] *Anderson,* 477 U.S. at 249-50, 252.  *See also Frakes v. Crete Carrier Corp.,* 579 F.3d 426, 430-431 (5th Cir. 2009) ("[P]laintiff has the burden to put forth sufficient evidence to create a genuine dispute" as to a material fact); *Florida Dep't of Ins. v. Chase Bank of Texas Nat'l Ass'n,* 274 F.3d 924, 928 (5th Cir. 2001) ("After a defendant properly moves for summary judgment, the non-movant plaintiff must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists on every element of a claim."); *Ginsberg 1985 Real Estate P'ship v. Cadle Co.,* 39 F.3d 528, 531 (5th Cir. 1994) (citation omitted) ("An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party.").

[14] *Abbott v. Equity Group, Inc.* 2 F.3d 613, 619 (5th Cir. 1993) (citing Celotex Corp., 477 U.S. at 324).

## II.     Plaintiff Has No Evidence That Shaw Breached Its Maintenance Duties.

Under Louisiana law, a tortfeasor is generally liable for any damage caused by his or her fault.[15] Louisiana has adopted a duty-risk analysis in determining whether to impose liability under a particular set of facts. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to the plaintiff to conform defendant's conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element).[16]

Under this analysis, the plaintiff must affirmatively prove each element of the duty-risk approach.[17] A negative answer to any one of these inquiries results in a determination of no liability.[18] Courts routinely grant summary judgment and dismiss plaintiffs' actions in cases where plaintiffs are unable to show that any one element of the duty-risk analysis is met.[19]

---

[15] LA. CIV. CODE art. 2315.

[16] *Pinsonneault v. Merchants & Farmers Bank*, 01-2217 (La. 4/3/02), 816 So.2d 270, 276; *Barasich v. Columbia Gulf Transmission Co.*, 467 F. Supp. 2d 676, 691, (E.D. La. 2006).

[17] *Sciacca v. Rite Aid Corp.,* 2003 WL 282362 (E.D. La. 2003).

[18] *Hanks v. Entergy Corp.*, 06-0477 (La. 12/18/06), 944 So.2d 564, 579; and *Joseph v. Dickerson*, 99-1046, 99-1188 (La. 1/19/2000), 754 So.2d 912, 916.

[19] *Lane v. State Farm Mut. Auto. Liability Ins. Co.*, 2003-2099 (La.App. 4 Cir. 8/25/04), 883 So.2d 5.

Plaintiff's claim for negligent or improper maintenance incorrectly assumes that Shaw's maintenance duties were owed to Plaintiff. This is wrong; clearly, Shaw's maintenance duties arose out of its contract with FEMA, and Shaw's maintenance activities were performed on FEMA's property. This is important because, even if one were to assume that Shaw's duties in this regard extended to Plaintiff, clearly those duties arose out of, and were defined and limited by, Shaw's contract with FEMA. Plaintiff will present no evidence that FEMA – the entity with the most knowledge of whether Shaw was living up to the maintenance responsibilities of the IA/TAC – ever rejected or even complained about Shaw's maintenance work with respect to the Trailer.

Leaving aside the duty element, Plaintiff cannot present evidence of breach. Plaintiff alleges that Shaw repeatedly failed to respond and/or ignored her many complaints for maintenance, but this is merely allegation. Plaintiff has offered no evidence to support this notion. To the contrary, Shaw's records reveal that, during the less than three months Shaw maintained the Trailer, the only "maintenance" that Plaintiff ever requested was to repair a broken air conditioner, which Shaw did, [20] as acknowledged by Plaintiff:

> Q. Ms. Castanel, when the maintenance folks came out to repair your air conditioner, every time they came out to repair it, they did, in fact fix it and it worked for awhile after they left?
>
> A. Yes.
>
> Q. And that was true every time, right?
>
> A. Every time they come, they would fix it. And then like I stated, the second time they came and they fixed it, and they said they was going to bring a new unit, but they never did. And then the third time when it broke

---

[20] Compeau Affidavit, ¶¶ 23-25, Exh. "A" and Exhibits "14" and "15" thereto (FEMA Maintenance Transmission Report and Call Center Maintenance Request Form, dated May 16, 2006 and May 17, 2006).

> Q. down, they came there and did the same thing that they did before, just fixed it.
>
> Q. And after the third time, the air conditioner worked until you left the trailer right?
>
> A. Until I left. That's it.[21]

Plaintiff lodged no other complaints, formaldehyde-related or otherwise, during the remainder of Shaw's maintenance responsibilities. In sum, the records reveal that Shaw adequately maintained the Trailer during this period, and Plaintiff has provided no evidence to rebut these facts.

There is simply no evidence of problems with Shaw's maintenance services prior to June 1, 2006. Based on these undisputed facts, there is no basis for a negligent maintenance claim against Shaw.

## **CONCLUSION**

Shaw's motion for partial summary judgment regarding maintenance claims is a simple one: Plaintiff has a complete lack of evidence to suggest that Shaw failed to maintain the Trailer. Rule 56 is clear that such claims should be dismissed prior to trial. Shaw respectfully urges the Court to do so.

---

[21] Castanel Depo., p, 220:1-20, Exh. "C."

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


　/s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**


## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

　/s/ M. David Kurtz