UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright. v. Forest River, Inc., et al*, Docket No. 09-2977 | | * * * | JUDGE: ENGELHARDT MAG: CHASEZ |

*****************************************************************************

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendants Forest River, Inc. and Shaw Environmental, Inc. (collectively "defendants") respectfully submit the following Memorandum in Support of their Motion for Entry of Judgment:

### BACKGROUND

The instant action stems from plaintiff's claims of injury relating to alleged exposure to formaldehyde while residing in an emergency housing unit provided to him by the Federal Emergency Management Agency in the wake of Hurricane Katrina. The matter proceeded to trial before a jury on March 15, 2010. On March 29, 2010, after a lengthy trial, the jury returned a verdict in favor of Forest River, Inc. and Shaw Environmental, Inc. on all claims.

Following the verdict, the Court instructed the undersigned to confer with oppposing counsel and submit a proposed judgment to the Court. Following the Court's directive, defendants jointly drafted a proposed judgment and submitted same to opposing counsel for their review and

comment.[1]  Defendants' proposed judgment essentially mirrors that previously agreed to by Plaintiffs' Steering Committee ("PSC") and entered by this Honorable Court in the *Alexander* matter.  After review of the proposed judgment, PSC has raised an objection to the language referencing the taxation of costs against the plaintiff.  Despite the fact that the identical language was agreed to in the *Alexander* case, PSC now takes the position that any statement regarding costs is somehow objectionable and has refused to consent to the proposed judgment; nor has the PSC submitted any alternate language regarding the imposition of costs.

As the parties have been unable to reach agreement on the language of the judgment, Defendants respectfully move this Honorable Court to adopt the jury's verdict as the Judgment of the Court, dismissing all claims asserted by plaintiff with prejudice, with plaintiff to bear defendants' taxable costs.  Defendants have additionally submitted a proposed judgment which encompasses these rulings and have submitted same herewith for the Court's consideration.  As PSC has expressed no objection with respect to the language related to the dismissal of plaintiff's claims with prejudice,[2] defendants will address the sole contested issue, that relating to the imposition of costs.

## LAW & ARGUMENT

A prevailing party in civil litigation is entitled to recover the costs incurred in the course of such litigation.  Rule 54 of the Federal Rules of Civil Procedure provides that costs should be allowed to the prevailing party.  Fed. Rule Civ. Pro. 54(d).  There is a strong presumption under the law that a prevailing party should receive costs associated with the litigation.  *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006).  Indeed, the Fifth Circuit has recognized that a prevailing

---

[1]  *See* "Exhibit A."

[2]  *See* Email of Aaron Ahlquist dated April 6, 2010 attached hereto as "Exhibit B."

party is prima facie entitled to costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

It is undisputed that, after a lengthy trial, defendants prevailed in the instant litigation. As such, Forest River and Shaw are entitled to recover their respective costs resulting from this litigation. The language of defendants' proposed judgment merely acknowledges this well-established right. Defendants recognize the breadth and scope of such an award will be the subject of motion practice. The inclusion of the language relating to costs is included simply to preserve the defendants' ability to seek recovery of such taxable costs via subsequent motion practice. Further, essentially identical language was previously agreed to by PSC in the *Alexander* case and entered as the Judgment of the Court in that matter. Costs are routinely awarded to the prevailing party in civil litigation, as they were in the *Alexander* matter, and language regarding the imposition of costs is included in judgments as a matter of course. As such, PSC has failed to demonstrate a good faith basis for their continued objection to the language of the proposed judgment nor any basis why the judgment should not be adopted as the ruling of this Court.

Indeed, this Honorable Court has already explicitly recognized these defendants' rights to recover costs and included such language in the Court's ruling on plaintiff's failed mold claim. [Rec. Doc. 12049]. As the prevailing parties on the remainder of plaintiff's claims, defendants should likewise be entitled to recover their respective costs. Accordingly, defendants respectfully submit that the final judgment of the Court should reflect the fact that costs are to be taxed against the plaintiff.

Further, the inclusion of language relating to the taxation of costs against the plaintiff will not deprive Wright of his ability to challenge the *amount* of costs which will be awarded. The

inclusion of the language relating to the taxation of costs simply acknowledges defendants' rights to costs, not the extent of costs to which defendants may be entitled. To the extent plaintiff wishes to assail the quantum of any cost award, his counsel may make such arguments at the appropriate time via motion practice. As such, there is no undue prejudice to the plaintiff by the inclusion of such language in the judgment, since the judgment, as proposed, merely establishes defendants' rights to seek costs and does not impose a specific amount of the costs to be awarded.

## CONCLUSION

In light of the above and foregoing, defendants, Forest River and Shaw, are entitled to and respectfully request this Honorable Court adopt the verdict of the jury as the Judgment of the Court, dismissing the entirety of plaintiff's claims with prejudice, with plaintiff to bear defendants' respective costs. Defendants have included a proposed judgment, submitted contemporaneously herewith, for the Court's consideration and would respectfully move that it be entered as the Judgment of the Court.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (La. Bar Roll No. 6154)
JASON D. BONE (La. Bar Roll No. 28315)
CARSON W. STRICKLAND (La. Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
Baker Donelson Bearman Caldwell & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
*ATTORNEYS FOR SHAW ENVIRONMENTAL, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of April, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/ Jason D. Bone
JASON D. BONE