UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                            MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

Before the Court is Morgan's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) With Respect to the Third and Fourth Supplemental and Amended Administrative Master Complaints (R. Docs. 4486 and 7688) (Rec. Doc. 7792), which was opposed by Plaintiffs. After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

**I.    BACKGROUND**

Plaintiffs have filed Third and Fourth Supplemental and Amended Administrative Master Complaints ("AMC"s) (Rec. Docs. 4486 and 7688, respectively) in this multidistrict litigation and named Morgan Building & Spas, Inc. ("Morgan Buildings") and Morgan Building Systems, Inc. ("Morgan Systems") (collectively, "Morgan") as a defendant. Specifically, the AMC names Morgan as a "manufacturing defendant" with regard to the Louisiana law claims because it allegedly labeled or otherwise held itself out as the manufacturer of temporary housing units.

(Rec. Doc. 4486, ¶¶ 68-69). Plaintiffs therefore allege a cause of action pursuant to the Louisiana Products Liability Act ("LPLA"). (Rec. Doc. 4486, ¶¶ 210-216). The AMC also names Morgan as a "procurement defendant" (Rec. Doc. 4486, ¶¶ 68-69) and asserts a negligence claim against the procurement defendants under the laws of Louisiana, Mississippi, Alabama and Texas. (Rec. Doc. 4486, ¶¶ 343-352).

Morgan now seeks dismissal of the claims asserted against it in these amended AMCs on grounds that this Court lacks subject matter jurisdiction over these claims.[1] Second, Morgan asserts that the Court has no *in personam* jurisdiction over it with respect to the claims asserted under Texas law. Last, Morgan moves to dismiss the claims for breach of express warranty under Louisiana law, arguing that Plaintiffs have failed to allege that they were induced to use the temporary housing units at issue because they relied upon an alleged express warranty by Morgan.

## II. DISCUSSION

### A. *In Personam* Jurisdiction over Morgan for Alleged Texas Law Claims

The AMC purports to allege claims against Morgan as a procurement defendant under Texas negligence law. Morgan notes and Plaintiffs admit that Morgan is not a defendant in any underlying Texas suit. Plaintiffs, however, oppose this argument by contending that Morgan's motion is premature. Essentially, Plaintiffs argue that because the statute of limitations under Texas law has not yet run, Morgan may become a defendant in a Texas lawsuit at some point in the future. This Court agrees with Morgan that the fact that Morgan may have minimum

---

[1] As acknowledged in Morgan's Reply (Rec. Doc. 9165), this part of its motion is and should be denied as moot based on Pre-trial Order No. 49. Thus, this argument will not be addressed further.

contacts in Texas is of no moment if Morgan has not been named as a defendant in any Texas lawsuit. As the Fourth Circuit has noted, a transferee court's jurisdiction is limited to persons who are proper parties in the transferred case. *In re Showa Denko, K.K. L-Tryptophan Products Liability Litigation – II*, 953 F.2d 162, 165 (4th Cir. 1992), citing *Hartland v. Alaska Airlines*, 544 F.2d 992, 1002 (9th Cir. 1976). Thus, because Morgan has not been named as a defendant in any Texas suit, this Court lacks personal jurisdiction over Morgan with respect to any alleged Texas plaintiff's claims. To the extent that this is still the case and Morgan has not yet been named as a defendant in any Texas suit, Morgan's motion is granted in this regard. Therefore, Plaintiffs' claims under Texas law against Morgan in the third and fourth amended AMC's are hereby dismissed.[2]

### B. Plaintiffs' Claims Against Morgan for Breach of Express Warranty Under the LPLA

Plaintiffs have asserted a claim under the LPLA for breach of express warranty. (Rec. Doc. 4486, ¶¶ 216(d) and (I)). In order to assert such a claim, a plaintiff must show that he "was induced to use the product because of [the express] warranty." *Caboni v. General Motors Corp.*, 278 F.3d 448, 453-55 (5th Cir. 2002). Morgan argues that Plaintiffs have failed to allege that a Louisiana plaintiff relied upon an alleged warranty in deciding to use its trailers, and in neglecting to do so, have failed to state a claim for breach of express warranty under Louisiana law.

---

[2] This result may, however, be a short-lived victory for Morgan, because such claims may be added against Morgan when and if any case naming Morgan and asserting claims by Texas plaintiffs becomes transferred to this Court and consolidated into this MDL.

In opposition, Plaintiffs argue that they have averred a claim for breach of express warranty under the LPLA and referenced all of the necessary elements that are required to prevail thereupon. In the AMC, Plaintiffs alleged as follows:

> Manufacturing Defendants…concealed and/or condoned the concealment of, the fact that each and all of the housing units at issue contained dangerous levels of formaldehyde due to the Manufacturing Defendants' use of certain materials in their construction, and/or posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residence for at least 18 months, all in order to sell the Manufacturing Defendants' products…

(Rec. Doc. 4486, ¶134). Plaintiffs assert that this allegation states a claim for breach of express warranty. This Court disagrees.

Most importantly, this allegation fails to state that Morgan made any *express* warranty concerning its trailers. In asserting that Morgan allegedly ignored or concealed information about its trailers, Plaintiffs have notably *not* claimed that Morgan made *any* express warranty. In their opposition, Plaintiffs state that if the Court is to find that they did not properly establish such a claim for breach of an express warranty, they request an opportunity to amend the AMC to assert this element, instead of allowing dismissal of that claim pursuant to Morgan's 12(b)(6) motion. Morgan takes issue with this request, asserting that Plaintiffs have had ample opportunities to successfully state such a claim.

This Court agrees with Morgan in part. Plaintiffs have filed several amended AMCs, and this litigation has been pending for over two years. In its Reply, Morgan notes that it has been deposed twice concerning its involvement in FEMA's distribution of trailers following Hurricanes Katrina and Rita. (Rec. Doc. 9165, p. 5). Plaintiffs have had ample time to formulate claims against Morgan, and have, in this instance, failed to state a claim for breach of express

warranty. However, this Court will grant this portion of Morgan's motion, *without* prejudice to Plaintiffs' right to seek leave to amend at a later date if/when they are able to clearly identify a specific, documented express warranty allegedly made by Morgan.

### III. CONCLUSION

Considering the foregoing, **IT IS ORDERED** that **Morgan's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(2) and 12 (b)(6) With Respect to the Third and Fourth Supplemental and Amended Administrative Master Complaints (R. Docs. 4486 and 7688) (Rec. Doc. 7792)** is **GRANTED IN PART and DENIED IN PART**, as stated herein.

New Orleans, Louisiana, this 12th day of April, 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**