UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCT LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO | * | |
| *EARLINE CASTANEL, ET AL* | * | JUDGE ENGELHARDT |
| *V. RECREATION BY DESIGN, LLC,* | * | |
| *ET AL, DOCKET NO. 09-3251* | * | MAG. JUDGE CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT**

MAY IT PLEASE THE COURT:

Pursuant to the provisions of Rule 60 of the Federal Rules of Civil Procedure (FRCP), plaintiff, Earline Castanel, respectfully moves for relief from judgment as to the dismissal of all claims against defendant United States of America ("United States") under the Federal Tort Claims Act ("FTCA"). The instant motion is necessary and appropriate in response to this Honorable Court's decision under FRCP 54(b) rendered on January 22, 2010. (Doc. No. 09-3251, Rec. Doc. 3).

**I. Background**

On August 7, 2008, Earline Castanel submitted an administrative claim against the United States. The FTCA provides that a "tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. §2401(b). Additionally, "the limitations period is not tolled during the minority of the putative plaintiff; rather 'his parent's knowledge of the injuries is imputed to him.'" *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995)(citing *Zavala v. United States*, 876 F. 2d 780, 782 (9th Cir. 1989)). Therefore, the Court shoulder consider

Earline Castanel's knowledge, reasonableness, and diligence in response to her injuries to determined the date on which her FTCA claim accrued. Plaintiff respectfully asserts that Earline Castanel properly filed the required administrative claim within two years of the accrual of this claim.

## II. Grounds for Post-Judgment Relief

FRCP 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding" for a number of reasons, including "any other reason that justifies relief."[1] Federal courts repeatedly have held that "errors of law are cognizable under Rule 60(b)."[2] Accordingly, since the wrongful dismissal of Earline Castanel's claims against the United States constitutes legal error, plaintiff is entitled to Relief from Judgment pursuant to FRCP 60(b)(6).

## III. Earline Castanel Did Not Have Sufficient Information to Start Accrual until March 2007

Plaintiffs agree that generally, a tort action under the FTCA accrues at the time of a plaintiff's injury. *United States v. Kubrick*, 444 U.S. 111, 120 (1979). However, federal courts have not hesitated to impose a less stringent standard - the "discovery rule" of accrual - in instances of medical malpractice, latent injuries, or toxic exposure. See e.g. *Johnson v. United States*, 460 F. 3d 616, 622 (5th Circ. 2006); *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983); *Stoleson v. United States*, 629 F. 2d 1265 (7th Circ. 1980). Under this rule, time begins to run for accrual purposes when a plaintiff has acquired the information needed to

---

[1] Fed.R.. Civ.P. 60(b)(6).

[2] *In Re International Fibercom, Inc.*, 503 F.3d. 933, 940 (C.A.9 Ariz. 2007) (citing *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 441 [9th Cir. 1982].

discover both the injury suffered and its cause. See *U.S. v. Kubrick*, 444 U.S. 111, 120, 100 S. Ct. 352 (1979).

The purpose of the discovery rule is to ensure that where a plaintiff's injury or its cause may not be initially manifested to the plaintiff, the tort action should not accrue for statute of limitations purposes until the plaintiff is put on notice of the wrong. See *Waits v. United States*, 611 F. 2d 550, 552 (5th Cir. 1980). In such cases, the limitations period begins to run then when the plaintiff has knowledge of facts that would lead to a reasonable person (a) to conclude that there was a causal connection between the negligence and injury, or (b) to seek and obtain professional advice upon which it may be concluded that there was a connection, between the cause and the injury. See *Johnson v. U.S.*, 460 F. 3d 616, 621 (5th Cir. 2006).

Here, Earline Castanel did not possess any knowledge of facts pertaining to her injuries - until March 2007. Further, Ms. Castanel did not have sufficient knowledge of the potential cause of those injuries - formaldehyde exposure - until the summer of 2007, when she moved out of the trailer. It is respectfully submitted that the dismissal of Ms. Castanel's FTCA claims against the United States, therefore, was a legal error, and the plaintiff requests the Honorable Court grant the relief requested herein, because her filing of the administrative claim in August 2008 occurred within two years of her discovery of her FTCA cause of action.

In the wake of Hurricane Katrina, Earline Castanel was displaced from her home, and did not return to New Orleans until March 2006. Soon thereafter, she moved into a FEMA trailer. Within weeks, Ms. Castanel noticed a "new car" smell in the unit. She also experienced difficulty breathing, eye irritation and skin rashes. *See* Deposition of Earline Castanel, December 2, 2009, attached in its entirety as Exhibit A, p. 35-38. However, Earline Castanel did not associate - and had no reason to associate - such physical sensation with formaldehyde

emissions present in the temporary residence. In fact, Ms. Castanel did not even know about formaldehyde or potential health risks at the time.

The Fifth Circuit held in *MacMillan v. United States* that the key inquiry under the discovery rule of injury accrual is whether - and when - the plaintiff knew, or in the exercise of reasonable diligence should have discovered, the cause of the plaintiff's injuries. *MacMillan v. United States,* 46 F.3d 377, 381 (5th Cir. 1995). Ms. Castanel testified in her deposition that the first time she discovered that formaldehyde emissions in the trailers could lead to respiratory and asthma problems was after overhearing a conversation after she had moved out of the trailer. See Exhibit A, pp. 56; 92-93. It is clear from this testimony that the first time she associated her symptoms and injuries with the formaldehyde emissions was after moving out of the trailer in 2007. The August 2008 filing date of Ms. Castanel's administrative claim against the United States was well within the applicable two-year limitations period, commencing at the earliest, March 2007.

In the seminal FTCA claim accrual case of *United States vs. Kubrick*, the Supreme Court held that:

> a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should [not] receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation maybe in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter.

444 U.S. 111, 122 (1979). Here, the plaintiff, Earline Castanel clearly was not "in possession of the critical facts" that she was injured by formaldehyde exposure and did not know who "inflicted the injury" until March 2007, at the earliest. Prior to that time, Ms. Castanel was "at

the mercy" of the United States, as the Government withheld information from her about the danger and health risks of formaldehyde in federally provided travel trailers.

## CONCLUSION

For the foregoing reasons, the plaintiff respectfully submits that this Court's dismissal of Earline Castanel's FTCA claims against the United States was a miscarriage of justice and requests that the instant Motion for Relief from Judgment be granted.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/Gerald E. Meunier
GERALD E. MEUNIER, #9471