**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER** | **MDL NO. 07-1873** |
| **FORMALDEHYDE PRODUCTS** | |
| **LIABILITY LITIGATION** | **SECTION "N" (5)** |
| | |
| | **JUDGE ENGELHARDT** |
| | **MAG. JUDGE CHASEZ** |

**THIS DOCUMENT RELATES TO:**

08-5031, 09-6940, 09-4708, 09-6941, 09-4709, 09-7536, 09-6942, 09-4710, 09-5989, 09-7532, 09-6943, 09-6957, 09-6955, 09-6956, 09-4711, 09-4712, 09-6162, 09-6496, 09-6504, 09-6505, 09-6502, 09-6503, 09-4713, 09-6719, 09-4714, 09-6642, 09-4715, 09-6395, 10-0534, 09-6949, 09-6951, 09-6944, 09-6945, 09-6947, 09-4716, 09-4717, 09-4718, 09-4719, 09-6720, 09-4720, 09-6965, 09-6157, 09-6964, 09-4721, 09-6171, 09-7533, 09-6966, 09-6958, 09-4722, 09-6960, 09-4723, 09-6961, 09-4724, 09-6169, 09-6962, 09-4725, 09-6946, 09-4726, 09-7531, 09-6948, 09-4727, 09-5990, 09-6950, 09-4728, 09-6954, 09-4729, 09-5991, 09-7530, 09-6959, 09-6916, 09-4730, 09-6417, 09-4731, 09-6938, 09-4732, 09-5983, 09-7535, 09-6939, 09-4733, 09-7534, 09-6937, 09-4734, 09-6935, 09-4735, 09-6936, 09-4736, 09-5985, 09-6933, 09-4737, 09-6155, 09-6932, 09-4738, 09-6641, 09-4739, 09-6931, 09-4740, 09-6167, 09-6930, 09-4741, 09-6640, 09-6639, 09-4742, 09-5987, 09-6929, 09-4743, 09-6159, 09-6718, 09-4744, 09-6638, 09-6164, 09-6928, 09-4745, 09-6927, 09-4746, 09-6926, 09-4747, 09-6925, 09-4748, 09-6924, 09-4749, 09-6418, 09-4750, 09-6923, 09-4751, 09-6160, 09-6635, 09-6637, 09-4752, 09-5988, 09-6922, 09-4753, 09-6921, 09-6920, 09-4754, 09-6919, 09-4755, 09-5986, 09-4756, 09-5984, 09-6918, 09-4757, 09-6917, 09-4758, 09-4759, 09-4676, 09-4677, 09-4678, 09-4679, 09-4680, 09-4681, 09-4685, 09-4686, 09-4684, 09-4683, 09-4682, 09-4687, 09-4697, 09-4698, 09-4696, 09-4699, 09-4700, 09-4688, 09-4689, 09-4690, 09-4691, 09-4692, 09-4693, 09-4694, 09-4695, 09-4701, 09-4702, 09-4703, 09-4704, 09-4705, 09-4706, 09-4707, 09-7062, 09-7063, 09-7064, 09-7065, 09-7066, 09-7067, 09-7068, 09-7069, 09-7070, 09-7072, 09-7073, 09-7074, 09-7075, 09-7076, 09-7078, 09-7079, 09-7081, 09-7082, 09-7083, 09-7085, 09-7086, 09-7088, 09-7089, 09-7091, 09-7093, 09-7094, 09-7096, 09-7101, 09-7102, 09-7103, 09-7104, 09-7106, 09-7080, 09-7084, 09-7087, 09-7090, 09-7092, 09-7095, 09-7098, 09-7099, 09-7100, 09-7117, 09-7118, 09-7119, 09-7120, 09-7114, 09-7107, 09-7108, 09-7115, 09-7116, 09-7110, 09-7111, 09-7112, 09-7113, 09-7121, 09-7122, 09-7123, 09-7124, 09-7109, 09-7404, 09-7403, 09-7405, 09-7406, 09-7419, 09-7420, 09-7421, 09-7411, 09-7412, 09-7413, 09-7414, 09-7415, 09-7423, 09-7425, 09-7402, 09-7401, 09-7400, 09-7399, 09-7398, 09-7416, 09-7417, 09-7418, 09-7426, 09-7427, 09-7439, 09-7428, 09-7430, 09-7429, 09-7422, 09-7852, 09-7854, 09-7838, 09-7841, 09-7843, 09-7973, 09-7828, 09-7857, 09-7855, 09-7827, 09-7856, 09-7833, 09-7831, 09-7963, 09-7799, 09-7804, 09-7798, 09-7803, 09-7842, 09-7840, 09-7794, 09-7821, 09-7809, 09-7808, 09-7807, 09-7806, 09-7805, 09-7814, 09-7845, 09-7826, 09-7823, 09-7837, 09-7839, 09-7802, 09-7820, 09-7812, 09-7811, 09-7810, 09-7813, 09-7983, 09-7984, 09-7987, 09-7974, 09-7991, 09-7977, 09-7965, 09-7961, 09-7960, 09-7972, 09-7971, 09-7966, 09-7800, 09-7962, 09-7801, 09-7797, 09-7980, 09-7978, 09-7922, 09-7921, 09-7819, 09-7824, 09-7818, 09-7816, 09-7889, 09-7892, 09-7835, 09-7897, 09-7898, 09-7890, 09-7891, 09-7894, 09-7893, 09-7904, 09-7903, 09-7899, 09-7895, 09-7896, 09-7793, 09-7887, 09-7792, 09-7817, 09-7908, 09-7907, 09-7906, 09-7905, 09-7815, 09-7911, 09-7910, 09-7909, 09-7795, 09-7796, 09-7822, 09-7917, 09-7912, 09-7913, 09-7918, 09-7919, 09-7920, 09-7916, 09-7914, 09-7829, 09-7830, 09-7832, 09-7834, 09-7858, 09-7859, 09-7967, 09-7964, 09-7990, 09-7825, 09-7836, 09-7849, 09-7846, 09-7848, 09-7851, 09-7853, 09-7844, 09-7847, 09-7850, 09-7924, 09-7925.

*******************************************************************************

**DEFENDANT UNITED STATES' RESPONSE IN OPPOSITION TO "PLAINTIFFS' MOTION FOR LEAVE TO FILE AN ORIGINAL COMPLAINT AGAINST THE UNITED STATES OF AMERICA" (Rec. Doc. 13106)**

**INTRODUCTION**

Defendant United States of America ("United States") hereby submits this memorandum in opposition to "Plaintiffs' Motion for Leave to File an Original Complaint Against the United States of America" (Rec. Doc. 13106). Certain plaintiffs in this Multi-District Litigation ("MDL") – totaling 30,113 persons ("Plaintiffs") – seek to be excused from the requirement this Court set forth in Pretrial Order No. 38 (Rec. Doc. 1596) that "No Complaint shall contain more than 300 plaintiffs," so they may en masse file a "temporary" and single "placeholder" suit against the United States of America.[1] *See* Pls.' Memo. at 3 (Rec. Doc. 13106-1). Although these putative Federal Tort Claims Act ("FTCA") Plaintiffs have already collectively filed 385 separate lawsuits (listed above) against non-governmental defendants (manufacturers and contractors), they assert that a special exception is needed whereby all 30,113 persons would be allowed to assert their FTCA claims against the United States through the filing of a single "placeholder" suit directly into this MDL.[2] Plaintiffs argue that this would be the most reasonable and appropriate way for them to commence their suits against the United States.

The Court should deny Plaintiffs' request for the following reasons: (1) the filing of a single "placeholder" suit will require the parties and the Court to expend substantially greater resources beyond those that would be required if Plaintiffs were to simply file individual motions

---

[1] The fact that one firm has undertaken the representation of 30,113 persons should not give rise to any equities that weigh in favor of this Court crafting a special procedure that departs from the limitations set forth in Pretrial Order No. 38 (Rec. Doc. 1596).

[2] Although Plaintiffs allege that all 30,113 persons have presented administrative claims to the Federal Emergency Management Agency ("FEMA"), the United States has not attempted to confirm whether this is correct or not. *See* Pls.' Oppo. at 3 (Rec. Doc. 13106-1).

to amend and add the United States as a defendant in the preexisting 385 actions; (2) as this Court ruled in its March 20, 2009, Order and Reasons (Rec. Doc. 1186) (denying a motion for direct filing), the FTCA venue requirements in conjunction with MDL procedures do not allow Plaintiffs to directly file suit into this MDL; (3) based upon the facts alleged in Plaintiffs' motion, at least 7,735 of the 30,113 persons who seek to bring claims against the United States through this "placeholder" suit are not currently eligible to file suit against the United States because they have failed to exhaust their administrative remedies (thus, even if these Plaintiffs were allowed to commence suit in the requested manner, their claims would not be properly before the Court and would be subject to immediate dismissal for lack of subject-matter jurisdiction),[3] *see* 28 U.S.C. § 2675; and (4) Plaintiffs have failed to attach the proposed "placeholder" filing they seek leave to file, making it impossible for both the United States and the Court to identify, assess, and assert all potential objections to the proposed filing.

## ARGUMENT

I.  **Plaintiffs' Proposal to File a Single "Placeholder" Suit and at Some Later Time File Motions to Transfer/Consolidate Their Claims Against the United States with the 385 Already Pending Actions will Require the Parties and the Court to Expend More Resources Than Would be Required if Plaintiffs Were to Simply Comply with Pretrial Order No. 38.**

Contrary to Plaintiffs' assertion, the filing of a special "placeholder" suit against the United States by the 30,113 putative FTCA plaintiffs (many of whom are not yet eligible to sue the United States) will require the parties and the Court to expend substantially greater resources than would be required by the filing of motions to amend the 385 preexisting actions that have

---

[3] In addition, it appears likely that some, if not all, of these 7,735 putative FTCA Plaintiffs' claims would be jurisdictionally barred because they failed to present their administrative claims to FEMA in a timely manner. *See* 28 U.S.C. § 2401(b). Similar jurisdictional flaws are also likely to exist among the remaining 22,378 putative FTCA Plaintiffs.

already been brought by Plaintiffs against other non-governmental defendants.[4] Although Plaintiffs seek to file the "placeholder" suit in an effort to avoid multiple motions for leave to amend Plaintiffs' 385 underlying Complaints and to ensure that "limitations do not occur against their claims," Pls.' Oppo. at 4 (Rec. Doc. 13106-1), this argument reflects a fundamental misunderstanding of the FTCA's statute of limitations. *See* 28 U.S.C. § 2401(b). According to Plaintiffs, if they are not allowed to file a "placeholder" suit against the United States, they will be forced to amend and re-amend the 385 underlying Complaints as different waves of Plaintiffs become eligible to sue the United States. First, no procedural device can circumvent the FTCA's requirement that a plaintiff must fully exhaust his or her administrative remedies before filing suit against the United States. Second, just because different Plaintiffs may become "eligible" (having exhausted the administrative process) to sue the United States at different times does not mean that these Plaintiffs ordinarily have to file suit against the United States at different times.

Specifically, Plaintiffs confuse the FTCA's administrative presentment/exhaustion requirement, set forth at 28 U.S.C. § 2675(a) – specifying the requirements a claimant must satisfy to be *eligible* to file suit in federal district court – with the FTCA's six-month limitation provision, set forth at 28 U.S.C. § 2401(b) – specifying how long a claimant may wait to commence an action after an agency has denied an administrative claim. *Compare* 28 U.S.C. § 2401(b) (limitation provision) *with* 28 U.S.C. § 2675(a) (administrative presentment/exhaustion requirement). Plaintiffs seek to bring a special "placeholder" suit against the United States so they will not have to amend and re-amend the 385 underlying Complaints at various intervals as different named Plaintiffs become eligible to sue the United States. The procedural quandary

---

[4] As Plaintiffs admit, thousands of persons they seek to name in the "placeholder" suit against the United States cannot currently sue the United States because they have not exhausted their administrative remedies. *See* Pls.' Oppo. at 4 (Rec. Doc. 13106-1).

4

they cite simply does not currently exist. As long as a putative FTCA Plaintiff's administrative claim has not yet been denied by the administrative agency, the claim remains pending with the administrative agency until it has been denied (even if the claim has been pending for longer than six months), and the six month time limit for actually commencing an action against the United States in federal district court does not begin.[5/]

The FTCA confers exclusive jurisdiction to adjudicate, settle and compromise a claim to the Federal agency until either: (1) the agency issues a final denial and the claimant disagrees with that decision and institutes an action in district court, or (2) the administrative claim has been pending before the agency in excess of six-months *and* the claimant exercises the option to forego the administrative process and institutes a claim in district court. *See* 28 U.S.C. § 2675(a). The pertinent portion of § 2675(a) provides that:

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The Federal agency is the exclusive arbiter of the claim until it affirmatively denies the claim, or, if the agency fails to resolve or deny the claim within six months, the claimant affirmatively divests the agency of jurisdiction by exercising his or her option under § 2675(a) and files suit in district court. *Id.*[6/]

---

[5/] This time limit for commencing an action in federal district court should not be confused with the requirement that a claimant must present an administrative claim in writing to the appropriate Federal agency within two years after such claim accrues.

[6/] Congress created the FTCA administrative claim process to: (1) reduce the burden placed on federal courts by creating a process that promotes and facilitates settlement of FTCA claims at the

5

In contrast, the six-month limitations period to file suit in district court begins to run on the date the Federal agency issues a written notice of final denial. 28 U.S.C. § 2401(b). The pertinent portion of the six-month limitation provides:

> A tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). *See Arigo v. United States*, 980 F.2d 1159, 1161 (8th Cir. 1992) (only a final denial letter from the agency triggers the six-month limitations period to file suit); *McCallister v. United States*, 925 F.2d 841, 843-44 (5th Cir. 1991) (there is no time limit for filing an FTCA action in district court unless the agency issues a final denial).[7]

To date, FEMA has only issued final denial letters to a limited number of claimants under limited circumstances.[8] In addition, Plaintiffs have not alleged they have been mailed final

---

administrative level; (2) decrease the government's cost of processing tort claims; and (3) promote fair and equitable treatment of claimants. H. Rep. No. 132, 89th Cong., 2d Sess. 6 (1966); S. Rep. No. 1327, 89th Cong., 2d Sess. 11, *reprinted in* 1966 U.S. Code Cong. & Ad. News 2515, 2524. *See generally Tucker v. United States Postal Serv.*, 676 F.2d 954, 958-59 (3d Cir. 1982); *Dondero v. United States*, 775 F. Supp. 144, 147 (D. Del. 1991). Consistent with Congress' purpose, courts have refused to disrupt or allow a claimant to carve out exceptions to the administrative claims process, even when strict compliance may be futile. *See Indus. Constr. Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 967 (10th Cir. 1994) (bringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive; and the assertion that the administrative claim process is futile does not excuse this jurisdictional requirement); *Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987) (the administrative claim process contains no exception for futility, and for a court to carve out such an exception would disrupt the administrative claims procedure created by Congress).

[7] To encourage administrative resolution of the claim, even after an agency denies a claim, the district court does not possess jurisdiction until the claimant institutes and commences an action because, after receipt of the agency's final denial any claimant who is dissatisfied with the agency's decision may either institute an action and commence suit in district court, or may continue to pursue an administrative resolution of the claim by requesting that the agency reconsider its decision. *See* 28 U.S.C. §§ 2401, 2675(a); 28 C.F.R. § 14.9(a-b) (after an agency affirmatively denies an administrative claim, but prior to the claimants institution of an action and expiration of the six-month period for instituting an action, the claimant may file a written request with the agency for reconsideration of the final denial of the claim).

[8] This is always subject to change pending administrative action from FEMA.

6

administrative denials from FEMA. Thus, at this time, assuming that none of the 30,117 putative FTCA Plaintiffs have been mailed administrative denials from FEMA, the six-month limitations period for commencing an action against the United States in federal district court has not yet begun (nor will it begin until these claims are affirmatively denied).[9/] *See* 28 U.S.C. §2401(b); *see also McCallister*, 925 F.2d at 843-44. There simply is no need for a special "placeholder" suit under these circumstances.[10/] Plaintiffs do not actually face the claimed scenario where approximately 30,000 different putative FTCA Plaintiffs are required to move to amend and add the United States in 385 underlying Complaints multiple times at completely different, yet specified, intervals. Assuming their administrative claims have not yet been denied, Plaintiffs who are eligible to sue the United States in federal district court may wait to amend their underlying Complaints at the same time (regardless of whether the eligible Plaintiffs' administrative claims have been pending with FEMA for 6 months, 9 months, 12 months, etc.). Just because a Plaintiff becomes eligible to sue the United States does not automatically mean that the Plaintiff's six-month limitations period for commencing an action against the United States has started.

Moreover, proceeding in this manner – in the absence of a special "placeholder" procedure – will conserve the resources of the parties and the Court. If the Plaintiffs were to be allowed to file a single "placeholder" suit against the United States, the United States would face a "temporary" suit from over 30,000 persons without knowing which Plaintiffs match up with

---

[9/] By describing the proper application of the FTCA's six-month limitations period, the United States does not concede that any of these claims would fall within the Court's subject-matter jurisdiction.

[10/] Even had Plaintiffs' administrative claims been affirmatively denied by FEMA, the proposed "placeholder" suit would not conserve the parties' and the Court's resources and would remain an unsuitable special procedure for the various reasons outlined below.

7

which 385 underlying Complaints against the non-governmental defendants. The "temporary" suit could also potentially remain in existence for an indeterminable period of time, thus, significantly affecting the rights of the parties in the event of remand. Further, upon the completion of the unspecified life span of this placeholder Complaint, either the United States or Plaintiffs would still be required to transfer and consolidate the Plaintiffs' claims against the United States with their claims against the non-governmental defendants (already set forth in the preexisting 385 underlying Complaints). At a minimum, this will require 385 separate motions to transfer and consolidate. Though Plaintiffs argue that a "placeholder" Complaint would aid the efficiency of the parties and the Court and reduce the burden associated with making the United States a defendant in the 385 underlying actions already pending against the non-governmental defendants, the proposed procedure would actually increase this burden and potentially prejudice the United States in a number of substantive ways.

## II.  In Accord with this Court's Prior Ruling, Plaintiffs Are Not Allowed to File a Complaint Directly into this MDL.

As described in their memorandum, the 30,113 putative FTCA Plaintiffs seek to have this Court enter an order allowing them to directly file a single action against the United States into this MDL, ignoring the FTCA's venue requirements and potentially bypassing the Multi-District Litigation Panel. *See* Pls.' Memo. at 4. This Court has already ruled that Plaintiffs may not file a substantive Complaint directly into this MDL proceeding because it contravenes the FTCA's venue provision, 28 U.S.C. § 1402(b), and ignores MDL procedures, 28 U.S.C. § 1407. *See* March 20, 2009, Order and Reasons (Rec. Doc. 1186) (denying a motion for direct filing based upon reasons cited in the Government's opposition, Rec. Doc. 1111). The Supreme Court made clear in *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35-36 (1998), that the

transferee court presiding over an MDL (the "MDL Court"), is a court of limited authority, particularly as it relates to matters of venue. *Id*. at 40 (limiting an MDL Court's ability to transfer cases because remand by and through the MDL Panel is a statutory imperative); *see also* 28 U.S.C. § 1407 (enabling the MDL process and defining the role of the MDL Panel and an MDL Court).

The proper venue for claims against the United States is set forth at 28 U.S.C. § 1402(b). This section must serve as the starting point for any discussion regarding where a putative FTCA Plaintiff may file his or her FTCA claims against the United States. Congress has provided:

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title [the FTCA] may be prosecuted *only* in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. § 1402(b) (emphasis added). These two authorized judicial districts – (1) where the plaintiff resides and (2) where the act or omission at issue occurred – are the only two places where an FTCA plaintiff may commence and file an FTCA action against the United States. *Id*. In the instant case, the venue "where the act or omission at issue complained of occurred" is presumed to be the judicial district where the plaintiff resided in a FEMA-provided housing unit (*e.g.*, travel trailer), because that is where the plaintiff was allegedly injured by exposure to formaldehyde and where the plaintiff's remaining allegations regarding negligent acts/omissions on the part of FEMA are likely to have taken place (*i.e*., where FEMA allegedly failed to respond to formaldehyde concerns surrounding a particular occupant's FEMA-provided housing unit). *See* August 13, 2009, Order and Reasons (Rec. Doc. 2621) at 2-3, n. 2, 3; December 29, 2008, Order and Reasons (Rec. Doc. 1014) at 45-46; October 3, 2008, Order and Reasons (Rec. Doc. 717) at 42-43.

It is the United States' statutory right to insist on compliance with this venue provision. *See* Fed. R. Civ. P. 82 (stating that the Federal Rules of Civil Procedure cannot be used to extend or limit the venue of actions); Fed. R. Civ. P. 83(b) (stating that practice must be regulated in a manner consistent with federal law). Granting the putative FTCA Plaintiffs' motion to file a single "placeholder" Complaint directly into this MDL action will impermissibly authorize the Plaintiffs to sue the Government in violation of the FTCA's venue provision, will burden the United States with the costs and expenses associated with determining the appropriate venue for each of the 30,113 persons, and will potentially require the Court to make 30,113 venue transfer decisions.

Moreover, an MDL Court may not override the mandatory MDL procedures set forth in 28 U.S.C. § 1407. *See Lexecon*, 523 U.S. at 40. This framework is not optional. In the words of another court that has addressed direct filing:

> This direct filing strategy not only bypasses the multidistrict litigation statute providing transfer and later remand, but also threatens to burden this court with unnecessary transfer decisions under 28 U.S.C. § 1404(a).

*In re: Norplant Contraceptive Prod. Liab. Litig.*, 946 F. Supp. 3, 3-4 (E.D. Tex. 1996). The MDL enabling statute (which authorizes MDL Courts to preside over cases for consolidated and coordinated pretrial discovery) provides that it is the MDL Panel, not the MDL Court, that is to decide when suits should be sent to the MDL Court and whether they should be remanded to their proper judicial districts for trial. Allowing Plaintiffs to commence a "placeholder" action against the United States in the manner proposed by Plaintiffs contravenes the MDL enabling statute and the Supreme Court's ruling in *Lexecon* by allowing these putative FTCA Plaintiffs to potentially by-pass the MDL procedures set forth in 28 U.S.C. § 1407. In accordance with these principals and the FTCA's venue provision, each Plaintiff may only commence his or her action

against the United States in a federal district court of proper venue.  There is no procedural device that can override this statutory requirement.

**III.    The Relief Sought by Plaintiffs Will Unnecessarily Burden the Court with the Issue of Whether no Less Than 7,735 Plaintiffs Suing the United States Through the "Placeholder" Complaint Have Failed to Exhaust Their Administrative Remedies Prior to Filing Suit.**

Given the facts alleged in Plaintiffs' memorandum, it appears that even if the Court were to grant Plaintiffs' motion, the Court would continue to lack subject-matter jurisdiction over no less than 7,735 of the 30,113 putative FTCA Plaintiffs.  In support of their motion, Plaintiffs admit that nearly one-third of the Plaintiffs they seek to name in the "placeholder" suit they seek to file against the United States have not yet exhausted their administrative remedies because they have not yet presented an administrative claim to the appropriate Federal agency *and* allowed the agency the requisite opportunity to consider the claim.  *See* Pls.' Memo. at 4.  The FTCA strictly mandates that:

> An action shall not be instituted . . . against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

Any suit filed prior to the exhaustion of a claimant's administrative remedies (such as the suit proposed by Plaintiffs where at least 7,735 persons have not yet exhausted their administrative remedies) is considered premature and must be dismissed as a matter of law.  *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Reynolds v. United States*, 748 F.2d 291, 292-93 (5th Cir. 1984).  In *McNeil*, the Supreme Court explicitly rejected the argument that a

11

failure to exhaust administrative remedies can be cured by the exhaustion of such remedies during the pendency of a prematurely filed FTCA suit in district court.  The Court explained that "the statute . . . require[s] complete exhaustion of Executive remedies before invocation of the judicial process."  *Id*. at 112.  The Court reasoned that allowing exceptions to § 2675(a)'s proscription of premature actions would "undermine the orderly administration" of FTCA litigation and unduly "burden . . . the judicial system and . . . the Department of Justice."  *Id*.  The Court concluded that "the FTCA bars claimants from bringing claims under the FTCA in federal court until they have exhausted their administrative remedies."  *Id*. at 113.

Consistent with *McNeil*, the Fifth Circuit strictly applies § 2675(a).  In *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir. 1981) the claimant argued that the six-month administrative pendency requirement had become meaningless because the period had already run following the filing of his suit.  *Id*. at 204. The court rejected this argument and ruled that "§ 2675 is more than a mere statement of procedural niceties," and it "requires that jurisdiction exist at the time the complaint is filed."  *Id*.; *see also* July 24, 2009, Order and Reasons at 2 (dismissing a bellwether plaintiff's FTCA claims because she filed suit against the United States prematurely and prior to the exhaustion of her administrative remedies) (Rec. Doc. 2323).

Here, Plaintiffs acknowledge that at least 7,735 of the putative FTCA Plaintiffs have not yet exhausted their administrative remedies.  *See* Pls.' Memo. at 4.  Accordingly, if Plaintiffs are granted the requested relief and allowed to file a single "placeholder" Complaint, the United States will then be forced to seek the immediate dismissal of all 7,735 claims for lack of subject-matter jurisdiction.  Contrary to the benefits advocated by Plaintiffs, such an outcome does not aid the efficiency of those involved in this litigation and does not reduce the burden upon the parties and the Court.

12

**IV.    The Court Should Deny Plaintiffs' Motion Because Plaintiffs' Failure to Attach the Proposed "Placeholder" Pleading to Their Motion Has Made it Impossible for the United States to Fully Ascertain the Relief Being Sought and to Identify Other Potential Objections to the Contemplated Pleading.**

The Court should deny Plaintiffs' motion for leave to file a "placeholder" Complaint because neither the United States, nor the Court, have had a chance to review exactly what it is that Plaintiffs seek to file. In the abstract, there is no way to actually assess the relief sought by Plaintiffs. The actual "placeholder" pleading Plaintiffs seek to propose will almost certainly lead to additional objections regarding its content. Such a procedural device intended to actively commence claims against the United States on behalf of over 30,000 persons will likely present issues similar to those addressed in the United States' pending "Motion to Strike Venue Allegations in Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints" (Rec. Doc. 11858). Unlike the Administrative Master Complaint – strictly a procedural device – the proposed "placeholder" Complaint would invoke numerous additional problems because it would actually serve as the initial active pleading for tens of thousands of persons. Although the FTCA claims of these persons would all be brought through this same pleading, the procedural postures of these claims are likely to vary widely. Although none of these claims may be filed directly into the MDL, it is likely that a number of these claims may belong in different courts of proper venue pursuant to the FTCA's venue provision. In summary, the kind of pleading sought by Plaintiffs, requiring a special exception to the requirements this Court set forth in Pretrial No. 38, will not promote the efficiency of the parties and the Court and presents a number of substantive problems under the jurisdictional provisions of the FTCA.

## CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiffs' motion.

Dated: April 14, 2010.                                   Respectfully Submitted,

TONY WEST                                                HENRY T. MILLER
Assistant Attorney General, Civil Division               ADAM BAIN
                                                         Senior Trial Counsel

J. PATRICK GLYNN
Director, Torts Branch, Civil Division                   MICHELLE BOYLE
                                                         MICHELE GREIF
DAVID S. FISHBACK                                        JONATHAN WALDRON
Assistant Director                                       Trial Attorneys

OF COUNSEL:                                              *//S// Adam M. Dinnell*
                                                         ADAM M. DINNELL
JORDAN FRIED                                             Trial Attorney
JANICE WILLIAMS-JONES                                    United States Department of Justice
                                                         Civil Division – Torts Branch
                                                         P.O. Box 340, Ben Franklin Station
                                                         Washington, D.C. 20004
                                                         Telephone No: (202) 616-4211
                                                         E-mail: Adam.Dinnell@usdoj.gov

                                                         Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Adam M. Dinnell*
ADAM M. DINNELL