UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | **FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION** | **MDL NO. 1873** |
| | | **JUDGE: ENGELHARDT** |
| **This Document Relates to:** | | **MAG: CHASEZ** |
| *Keith Nunnery, et al. vs. Keystone Industries, Inc., et al.* No. 09-3871 (David McGraw) | | |

_____

**MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL DISCOVERY**

Defendant, Keystone RV Company ("Keystone") has filed a motion to compel a complete response to Request for Production No. 3 contained in its November 20, 2009 written discovery to plaintiff David L. McGraw.

**SUMMARY OF ARGUMENT**

In Request for Production No. 3, Keystone asked Mr. McGraw to produce copies of his federal and state tax returns and any attachments to them.  McGraw refused to produce the tax documents.  Instead, he objected on relevance grounds because he is not asserting a claim for lost wages.  McGraw's objections are without merit.

The Court should compel production for at least three important reasons. First, despite his discovery objections, in Paragraph 70 of his Complaint, McGraw has asserted a claim for lost wages.  Consequently, the tax records are relevant and

discoverable as to those claims.  Second, the tax records will allow Keystone to analyze, based on the income McGraw earned, how much time McGraw was at work and how much time McGraw was in (or could potentially have been in) his FEMA trailer.  The length of McGraw's alleged exposure to formaldehyde in his trailer and at work is critical to his claims asserted in this litigation.  Third, McGraw's tax records will show whether he worked at other jobs that could have exposed him to formaldehyde or other chemicals.

## PROCEDURAL BACKGROUND

Mr. McGraw was selected as one of four bellwether plaintiffs for the July 19, 2010 trial involving Keystone and defendants CH2M HILL Constructors, Inc. and the United States of America.[1]  The Court directed the parties to conduct discovery as to each of these four individual plaintiffs and prepare each of their cases for trial.  Three of the four individuals have now dismissed their claims, leaving Mr. McGraw as the lone plaintiff for the July 2010 trial.

On November 18, 2009, Keystone propounded its first set of interrogatories and document requests to McGraw.  Mr. McGraw responded to that discovery on January 19, 2010, but many of his responses were incomplete and/or non-responsive.  Counsel for Keystone conferred with plaintiff's counsel regarding the responses, and, as a consequence of that discussion, McGraw supplemented some of his responses on February 3, 2010.

---

[1] *See* Rec. Doc. No. 9072 (Pre-Trial Order No. 52).

{B0652163.2}                                               2

## LAW AND ARGUMENT

**1.      This Court should construe the discovery rules broadly and McGraw has the burden of proving the information sought by Keystone is not discoverable.**

Fed. R. Civ. Pro. 26(b)(1) outlines the scope of discovery as "any non-privileged matter that is relevant to any party's claim or defense. … Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  It is well established in the Fifth Circuit that the "discovery rules are to be accorded a broad and liberal treatment." [2] It is also well established in the Eastern District that "[r]elevancy is broadly construed and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the subject matter in the action or if there is *any possibility* that the information sought may lead to the discovery of admissible evidence."[3]

If a party resists discovery of apparently relevant information, then he has "the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad

---

[2] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977), *quoting Hickman v. Taylor*, 329 U.S. 495 U.S. 495, 507 (1947).

[3] *Kiln Underwriting Ltd. v. Jesuit High School of New Orleans*, 2008 WL 4286491, *3 (E.D. La., 2008), *citing Estate of Monroe v. Bottle Rock Power Corp.*,2005 WL 119883, *4 (E.D. La. 2005) (emphasis added).

disclosure."[4]

## 2. McGraw failed to provide responsive documents to Request for Production No. 3.

In Request for Production No. 3, Keystone asked Mr. McGraw to produce copies of his federal and state tax returns from 2001 through the present. McGraw refused to produce any documents, stating the following in his written responses: "[a]s plaintiff is not asserting a wage/economic loss claim, he objects to his request as it is not calculated to lead to relevant information."[5] McGraw's objection and response to Request for Production No. 3 was the same in his original and revised set of responses.

While tax returns are often provided in connection with lost wage claims,[6] there is no rule stating that tax returns are relevant *only* in lost wage claims. This Court has recognized that "a party requesting tax returns must demonstrate both relevance and a compelling need."[7] A compelling

---

[4] *Somerset Marine, Inc. v. Briese Schiffahrts GMBH & Co.*, 2002 WL 1933723, *4 (E.D. La. 2002).

[5] *See* Exhibit "1" and "2" (Excerpts from plaintiff's January 19, 2010 and February 3, 2010 discovery responses).

[6] *E.g. Butler v. Exxon Mobil Refining and Supply Co.*, 2008 WL 4059867, *2, note 5 (M.D. La. 2008) ("It has also been recognized by numerous courts that tax return information is relevant where a plaintiff has placed the subject of his income/earning capacity at issue in litigation.")

[7] *Tardo v. State Farm Ins. Co.*, 2009 WL 1804226, *1 (E.D. La. 2008), *citing Natural Gas Pipeline Co. of America v. Energy Gathering Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

need is often found when the party seeking discovery has no other way of obtaining the information.

For example, in *Butler*, the Court found a compelling need when the plaintiff indicated in his deposition testimony that he was uncertain about his income and the contents of his tax returns and when he failed to produce complete tax information. The court concluded that, "it appears that accurate information concerning Butler's income is not 'readily obtainable' from other sources and that copies of his actual, signed tax returns (and related documents and attachments) from the IRS, for at least a limited time period, are the best source of complete and competent information as to his income."[8] Similarly, in *Tardo*, this Court found a compelling need when the plaintiffs were not "able to furnish any documentation on the rental income for the properties" at issue.[9]

Here, McGraw's tax returns are discoverable and the Court should order production for a number of reasons, including the following:

- Despite what Mr. McGraw stated in his discovery responses, his complaint clearly asserts a claim for lost wages.[10] Consequently, under the rulings issued previously by this Court, the tax returns are both relevant and discoverable as to claims presently alleged against Keystone.

---

[8] *Butler,* 2008 WL 405987 at *3.

[9] *Tardo*, 2009 WL 1804226 at *1.

[10] *See* Complaint, ¶70 (Suit No. 09-3871, Rec. Doc. No. 1).

{B0652163.2}  5

- McGraw's income and other disclosures in his tax records will show how much time he spent working in the kitchen at Galatoire's Restaurant (a potential source of occupational exposure to formaldehyde and other chemicals) and how much time he spent (or could have possibly spent) in his FEMA trailer. This amount of alleged exposure is highly relevant to McGraw's claims in this lawsuit.

- McGraw's tax records will also show any other jobs or employment locations where McGraw may have been exposed to formaldehyde or other chemicals before and during the time he lived in his FEMA trailer. Although McGraw has provided some information in his deposition and plaintiff fact sheet regarding other employment, the tax records will permit Keystone to determine whether McGraw has provided accurate and complete information.

3. **Keystone is entitled to reasonable attorney's fees accrued in connection with this motion to compel.**

Fed.R.Civ.P. 37(a)(4)(A) states that, if a motion to compel is granted, the "court *shall* … require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." This Court has recognized that Rule 37 "requires the award of reasonable expenses, including attorney's fees, unless the motion to compel discovery was

unjustified or other circumstances make the award unjust."[11]  Here, the motion to compel is justified, so this Court should award Keystone its reasonable attorney's fees.

## CONCLUSION

For the reasons explained above, Keystone requests that the Court grant its motion and enter an order that:

(a)   Compels Mr. McGraw to respond to Request for Production No. 3 contained in Keystone's November 20, 2009 interrogatories and requests for production of documents by a date certain; and

(b)   Awards Keystone its reasonable attorneys fees incurred in connection with this motion.

Respectfully submitted,

*s/Ryan E. Johnson*

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Nan Roberts Eitel (La. Bar No. 19910)

---

[11] *Deltatech Construction, LLC v. Sherwin-Williams Co.*, 2005 WL 3542906, *2 (E.D. La. 2005) (awarding $360.00 for 1.8 hours of work for a motion to compel discovery).

>Jones, Walker, Waechter, Poitevent,
>   Carrère & Denègre, L.L.P.
>201 St. Charles Avenue, 49th floor
>New Orleans, LA   70170
>Telephone:  (504) 582-8000
>Facsimile:  (504) 589-8208
>
>*Attorneys for Defendant,*
>*Keystone RV Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I also certify that I have mailed a copy of this filing to any non-CM/ECF participants by U.S. Mail, postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 14th day of April, 2010.

>*s/Ryan E. Johnson*
>_____
>Ryan E. Johnson