UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N(5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| **Easton Charles, Jr., plaintiff in Charlie Age,** | * | MAG: CHASEZ |
| **et al. v. Gulf Stream Coach, Inc.,** | * | |
| **Docket No. 09-2892** | * | |

*****************************************************************************

## ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), who answers the Complaint for Damages, as supplemented and amended, of Easton Charles, Jr. ("Plaintiff"), as follows:

### I.

Gulf Stream has previously answered the allegations made in Plaintiff's original, first supplemental and amending, second supplemental and amending and third supplemental and amended complaints (Rec. Doc. 2532), and it hereby reavers and reasserts its answers contained in Paragraphs I through CXXXII, as if copied herein, *in extenso*.

### II.

Gulf Stream has previously asserted various affirmative defenses to Plaintiff's original, first supplemental and amending, second supplemental and amending and third supplemental and amended complaints (Rec. Doc. 2532), and it hereby reavers and reasserts those 28 affirmative defenses, as if copied herein, *in extenso*.

**III.**

The allegations contained in paragraph 1 require no response on the part of Gulf Stream Coach, Inc.  To the extent that a response is required, Gulf Stream Coach, Inc. respectfully submits that Exhibit "A" is its own best evidence of the contents contained therein.

**IV.**

The allegations contained in paragraph 2, which incorporate paragraphs1 through 12 of the original complaint, have previously been answered by Gulf Stream in its Answer to Complaint for Damages to the plaintiff's original complaint (Rec. Doc. 2532).  Gulf Stream hereby reavers and reasserts its answers contained in paragraphs I through CXXXII, as if copied herein, *in extenso*.

**V.**

The allegations contained in paragraph 3, which incorporate paragraphs 13 through 79 of the original complaint, have previously been answered by Gulf Stream in its answer to complaint for damages to the plaintiff's original complaint (Rec. Doc. 2532).  Gulf Stream here by reavers and reasserts its answers contained in paragraphs I through CXXXII, as if copied herein, *in extenso*.

**VI.**

The allegations contained in paragraph 4 are denied for lack of sufficient information to justify a belief therein.

**VII.**

The allegations contained in paragraph 5 are denied for lack of sufficient information to justify a belief therein.

## VIII.

The allegations contained in paragraph 6 are denied for lack of sufficient information to justify a belief therein.

## IX.

The allegations contained in paragraph 7 are denied for lack of sufficient information to justify a belief therein.

## X.

The allegations contained in paragraph 8 are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations contained in paragraph 9 are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations contained in paragraph 10 require no response on the part of Gulf Stream. To the extent one is required, the allegations of paragraph 10 are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations contained in paragraph 11 are denied.

## XIV.

The allegations contained in paragraph 12 require no response on the part of Gulf Stream. To the extent one is required, the allegations of paragraph 12 are denied for lack of sufficient information to justify a belief therein.

## XV.

In response to the allegations contained in paragraph 13, Gulf Stream asserts that the plaintiff is not entitled to the damages asserted and hereby reavers and reasserts all answers previously provided to paragraph 117 of the original complaint, as well as the allegations in subparagraph 2 under the caption "Prayer for Relief" in the original complaint.

## XVI.

In response to the allegations contained in paragraph 14, Gulf Stream asserts that it is entitled to a trial by jury on all issues herein.

## XVII.

In response to the allegations contained in the Wherefore paragraph, Gulf Stream asserts that the plaintiff is not entitled to the relief requested and hereby reavers and reasserts all answers contained in paragraph I through CXXXII (Rec. Doc. 2532), as if copied herein, *in extenso*.

**AND NOW, FURTHER ANSWERING,** Gulf Stream supplements the following affirmative defenses listed in its original Answer as follows:

## TWENTY-SIXTH DEFENSE

Pursuant to Federal Rule of Civil Procedure Rule 9, Gulf Stream Coach, Inc. specifically asserts that Easton Charles, Jr. lacks procedural capacity to sue.

## TWENTY-SEVENTH DEFENSE

Easton Charles, Jr.'s claims are improperly joined with the claims of numerous other individuals and the joinder does not comply with Federal Rule of Civil Procedure 20. Thus, his claims must be severed from the claims of the other named plaintiffs.

**AND NOW, FURTHER ANSWERING,** Gulf Stream avers:

## TWENTY-NINTH DEFENSE

Gulf Stream Coach specifically denies liability under the Louisiana Products Liability Act, LSA – R.S.9:2800.51 et seq., on the basis that it was absolved of any and all duties to warn pursuant to the sophisticated purchaser defense listed in LSA – R.S. 9:2800.57(B)(2).

**WHEREFORE,** the above premises considered, defendant, Gulf Stream Coach, Inc., respectfully prays that this answer be deemed good and sufficient; that, after due proceedings had, there be judgment rendered herein in favor of this defendant, dismissing plaintiff's complaint for damages, as supplemented and amended, with prejudice; and defendant respectfully prays for all other general, special and equitable relief that law, equity or the nature of the case may permit, and for all costs of these proceedings.  Finally, defendant requests a trial by jury on all issues herein.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## <u>C E R T I F I C A T E</u>

I hereby certify that on the 15TH day of April, 2010, a copy of the foregoing Answer to Complaint for Damages was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495