UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO | * | JUDGE ENGLEHARDT |
| ALL CASES | * | |
| | * | MAG. JUDGE CHASEZ |

**************************************************************************

**PSC REPORT ON PALM HARBOR BELLWETHER TRIAL CANDIDATES**

    **NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs' Steering Committee (PSC), which respectfully objects to the bellwether trial candidates proposed by Palm Harbor and Fluor Enterprises, Inc., to serve as plaintiffs in the Palm Harbor trial to be held on October 18, 2010, and proposes Keith Andrews, III, as a bellwether nominee.

    The Manual for Complex Litigation gives some guidance on the selection of bellwether trial participants. The Manual states that "…if individual trials, sometimes referred to as bellwether trials or test cases, are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases…the more representative the test cases, the more reliable the information about similar cases will be." *Manual for Complex Litigation, Fourth Edition, §22.315.*

  **I.   KEITH ANDREWS, III**[1]

---

[1] *See* Plaintiff Fact Sheet of Keith Andrews, III, attached as Exhibit A.

The PSC respectfully submits that a bellwether trial of Keith Andrews, III, represented by his father, Keith Andrews, Jr., would be instructive and meaningful because of his status as a minor and his physical symptoms.

As this Court is well aware the claims of minors in this litigation are numerous. However, out of the six bellwether plaintiffs who will proceed to trial, only one has thus far been a minor, Christopher Cooper. In order for all parties to obtain the goal of instructiveness of bellwether trials it is imperative that the claims of minors be tried. The Court is also aware that the bellwether trials that have proceeded thus far have been at great expense to both plaintiffs and defendants, therefore, it is prudent to try a bellwether case of an individual whose symptoms are common among all plaintiffs. Accordingly, the PSC proposes that the claims of Keith Andrews, III, should be tried in the October trial against Palm Harbor. Keith Andrews, III, is a minor child, who resided with his family in a Palm Harbor unit for approximately one year. During this time, the child was treated for symptoms of bronchitis and asthma, two injuries exceedingly common among other plaintiffs, especially children.

## II. PALM HARBOR NOMINEES

### a. Kenneth Woods[2]

The PSC respectfully objects to the selection of Kenneth Woods as a plaintiff in the October 18, 2010, bellwether trial against Palm Harbor, Fluor Enterprises, and the Federal Government. Mr. Woods cannot be instructive as to any other Mobile Home plaintiff.

First, a trial of Mr. Woods' case at this stage of the litigation would not be representative of plaintiffs who resided in mobile homes because Mr. Woods was the sole occupant of his unit. Mobile homes were provided to applicants, as opposed to travel trailers, largely due to the size of

---

[2] *See* Plaintiff Fact Sheet of Kenneth Woods, attached as Exhibit B.

the family. Here, Mr. Woods was a single occupant and therefore, cannot be instructive as to other plaintiffs who were provided mobile homes.

Secondly, Mr. Woods will not be instructive due to his health. As apparent from his Plaintiff Fact Sheet (PFS), Mr. Wood suffers from morbid obesity. Morbid obesity presents a clear and undisputed confounding health factor for Mr. Woods, rendering his candidacy as a bellwether plaintiff unrepresentative.

Third, Mr. Woods' PFS also includes inconsistencies as to his alleged injuries. Mr. Woods asserts that he has both suffered asthma for the first time since living in the mobile home and that the asthma is recurrent of childhood asthma. Such inconsistency may be indicative of other inconsistencies or inaccuracies in Mr. Woods' PFS. As such, Mr. Woods' cannot be relied upon at this time to represent other plaintiffs in this case.

Lastly, Mr. Woods also states that he is both a current and a past smoker. While this Court has previously indicated that a smoker would be instructive as to certain plaintiffs, there is already a "smoker" bellwether trial underway, that of David McGraw against Keystone, CH2M Hill and the Federal Government. Because smoking is a significant confounding factor to this litigation, the selection of another smoker as a bellwether plaintiff is unnecessary and renders Mr. Woods unrepresentative.

The selection of Kenneth Woods as a bellwether plaintiff would force both defendants and the PSC to squander enormous resources and this Court's time on a trial that would present no meaningful result. Accordingly, the PSC respectfully objects to the nomination of Kenneth Woods as a bellwether plaintiff, and instead requests this Court to allow his claims to be tried upon the conclusion of the MDL.

b.  **Tonya Washington**[3]

The PSC respectfully objects to the selection of Tonya Washington as a plaintiff in the October 18, 2010, bellwether trial against Palm Harbor, Fluor Enterprises, and the Federal Government. Ms. Washington's mobile home was located in Greensburg, Louisiana, which is located in the Middle District of Louisiana, and Ms. Washington has not yet filed suit against the Federal Government, thus making her an inappropriate selection to serve as a bellwether plaintiff.

In the alternative, Ms. Washington cannot be instructive as to any other Mobile Home plaintiff for several reasons:

First, Ms. Washington's PFS also contains numerous inconsistencies and omissions that make the determination of whether she could truly be representative too difficult to determine. Ms. Washington's PFS includes no "move-out" date as to when she evacuated the mobile home, a fact that indicates she is still currently residing in the mobile home. Ms. Washington's responses as to her current and prior employment are nonspecific and unintelligible. In addition, Ms. Washington's PFS indicates that she has three sons who have suffered from prior medical conditions, but no condition is listed. Ms. Washington's PFS also indicates that she lived in another location for four to five days each week, and yet does not disclose that location. Without this information, it is impossible to deem Ms. Washington representative of other plaintiffs who resided in mobile homes.

Second, Ms. Washington will not be instructive due to her health. As apparent from her Plaintiff Fact Sheet (PFS), Ms. Washington suffers from morbid obesity. Morbid obesity

---

[3] *See* Plaintiff Fact Sheet of Tonya Washington, attached as Exhibit C.

presents a clear and undisputed confounding health factor for Ms. Washington rendering her candidacy as a bellwether plaintiff unrepresentative.

Third, the number and identity of other occupants of this particular mobile home remains unclear after examination of Ms. Washington's PFS and the PFS's of her family members. Ms. Washington's identification of other residents of this unit contradicts those of her family members.

Lastly, Ms. Washington has indicated on her PFS that she has suffered no mental or emotional damage as a result of residing in the subject mobile home. This factor is unrepresentative of the vast majority of plaintiffs in this litigation.

The selection of Tonya Washington as a bellwether plaintiff would force both defendants and the PSC to squander enormous resources and this Court's time on a trial that would present no meaningful result. Accordingly, the PSC respectfully objects to the nomination of Tonya Washington as a bellwether plaintiff, and instead requests this Court to allow her claims to be tried upon the conclusion of the MDL.

### c. Shakita Brumfield[4]

The PSC respectfully objects to the selection of Shakita Brumfield as a plaintiff in the October 18, 2010, bellwether trial against Palm Harbor, Fluor Enterprises, and the Federal Government. Ms. Brumfield's mobile home was located in Greensburg, Louisiana, which is located the Middle District of Louisiana, and Ms. Brumfield has not yet filed suit against the Federal Government, thus making her an inappropriate selection to serve as a bellwether plaintiff.

---

[4] *See* Plaintiff Fact Sheet of Shakita Brumfield, attached as Exhibit D.

In the alternative, Ms. Brumfield cannot be instructive as to any other Mobile Home plaintiff for several reasons. Ms. Brumfield's nomination as a representative candidate for bellwether purposes must be denied as Ms. Brumfield has provided the absolute minimum of information upon which to determine whether her claim is representative. Ms. Brumfield has provided no information concerning her prior residencies, education, height or weight, or employment history. Ms. Brumfield's PFS includes no "move-out" date as to when she evacuated the mobile home, a fact that indicates she is still currently residing there. Ms. Brumfield has also failed to identify any other occupant of the mobile home, although it is clear from other Plaintiff Fact Sheets that she was one of many occupants. Ms. Brumfield has also failed to indicate whether she has received any medical treatment in response to her alleged injuries. Lastly, Ms. Brumfield has indicated on her PFS that she has suffered no mental or emotional damage as a result of residing in the subject mobile home, a factor unrepresentative of other plaintiffs.

The selection of Shakita Brumfield as a bellwether plaintiff would force both defendants and the PSC to squander enormous resources and this Court's time on a trial that would present no meaningful result. Accordingly, the PSC respectfully objects to the nomination of Shakita Brumfield as a bellwether plaintiff, and instead requests this Court to allow her claims to be tried upon the conclusion of the MDL.

### d.  Eric Washington[5]

The PSC respectfully objects to the selection of Eric Washington as a plaintiff in the October 18, 2010, bellwether trial against Palm Harbor, Fluor Enterprises, and the Federal Government. Mr. Washington's mobile home was located in Greensburg, Louisiana, which is

---

[5] *See* Plaintiff Fact Sheet of Eric Washington, attached as Exhibit E.

located in the Middle District of Louisiana, and Mr. Washington has not yet filed suit against the Federal Government, thus making him an inappropriate selection to serve as a bellwether plaintiff.

In the alternative, Mr. Washington cannot be instructive as to any other Mobile Home plaintiff for several reasons: Mr. Washington's PFS includes no "move-out" date as to when he evacuated the mobile home, a fact that indicates he is still currently residing there. Mr. Washington has also failed to identify any other occupant of the mobile home, although it is clear from other Plaintiff Fact Sheets that he was one of several occupants. Mr. Washington's PFS also indicates that he lived in another location for five days each week, and yet does not disclose that location.

e.  Ericka Franklin[6]

The PSC respectfully objects to the selection of Ericka Frankling as a plaintiff in the October 18, 2010, bellwether trial against Palm Harbor, Fluor Enterprises, and the Federal Government. Ms. Franklin's mobile home was located in Greensburg, Louisiana, which is located in the Middle District of Louisiana, and Ms. Franklin has not yet filed suit against the Federal Government, thus making her an inappropriate selection to serve as a bellwether plaintiff.

In the alternative, Ms. Franklin cannot be instructive as to any other Mobile Home plaintiff for several reasons: Ms. Franklin's PFS contains numerous inconsistencies and omissions that make the determination of whether she could truly be representative too difficult to determine. Ms. Franklin's responses as to her current and prior employment are nonspecific

---

[6] *See* Plaintiff Fact Sheet of Ericka Franklin, attached as Exhibit F.

and unintelligible. In addition, Ms. Franklin's PFS also indicates that she lived in another location for five days each week, and yet does not disclose that location.

The number and identity of other occupants of this particular mobile home also remains unclear after examination of Ms. Franklin's PFS and the PFS's of her family members. Ms. Franklin's identification of other residents of this unit contradicts those of her family members.

The selection of Ericka Franklin as a bellwether plaintiff would force both defendants and the PSC to squander enormous resources and this Court's time on a trial that would present no meaningful result. Accordingly, the PSC respectfully objects to the nomination of Ericka Franklin as a bellwether plaintiff, and instead requests this Court to allow her claims to be tried upon the conclusion of the MDL.

### III. CONCLUSION

A successful bellwether trial requires the selection of meaningful, representative, and typical persons to serve as bellwether plaintiffs. The PSC submits that the inconsistency of information provided, confounding health factors, and the jurisdictional location of Palm Harbor's nominees are problematic in any effort to make the trial of their cases instructive and cost-efficient as a bellwether trial. The PSC suggest that a bellwether trial of the claims of Keith Andrews, III, represented by his father, Keith Andrews, Jr., would produce meaningful insight and information that would serve to facilitate the resolution of all claims.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**

        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone: 504/522-2304
        Facsimile: 504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone: 504/522-2304
        Facsimile: 504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        ROBERT BECNEL, #14072
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        DENNIS REICH, Texas #16739600
        MIKAL WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 15, 2010.

        /s/Justin I. Woods
        JUSTIN I. WOODS