# In the Matter of:

In re: FEMA Trailer Formaldehyde Products Liability Litigation

Earline M. Castanel, et al.

vs.

Recreation By Design, LLC, et al.

---

Lawrence G. Miller, M.D., M.P.H.
Vol. I, March 11, 2010

---

*Doris O. Wong Associates, Inc.*
*Professional Court Reporters*
*Videoconference Center*
*50 Franklin Street*
*Boston, MA 02110*
*(617) 426-2432*
*www.doriswong.com*



EXHIBIT C

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.
Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 26

```
 1      A.   I believe the information in the medical
 2   records gave me the medical information I needed,
 3   yes.
 4      Q.   That's fair.
 5           We have your CV, and I'm going to attach
 6   it.
 7           MR. GARRISON:  This would be 7, I believe.
 8                (Document marked as Miller
 9                Exhibit 7 for identification)
10      Q.   You have been asked about your CV, and my
11   only focus here is to ask some questions that have
12   not been asked, to maybe ask by way of a little more
13   detail.  So I'm not going to sit here and go through
14   your CV.
15           I do want to find out a little more about
16   your practice of medicine.  Now, as I recall your
17   testimony given in other depositions, you no longer
18   practice medicine; is that correct?
19      A.   I no longer see patients.  I have a valid
20   medical license.
21      Q.   That's a good way to put it.  You no longer
22   see patients.  When is the last time that you saw
23   patients?
24      A.   About five years ago.
```

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110    Videoconference Center               www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                 2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.
Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 28

1    Q.   Now, you've already been asked questions
2    about Mediphase, but I still had some questions in
3    my mind.  Are you familiar with the website for
4    Mediphase?
5    A.   I am.
6    Q.   Do you need to see this (indicating)?
7    A.   I don't believe so.
8    Q.   You're the founding partner of Mediphase,
9    right?
10   A.   One of the two, yes.
11   Q.   Who is the other partner?
12   A.   Paul Howard.
13   Q.   And, again, I've read, but I'm going to get
14   some dates wrong, so I would just rather ask you.
15   When did you start Mediphase?
16   A.   At the end of 1999.
17   Q.   And it looks like Mediphase was the
18   successor company of some other venture capitalist
19   entity that you had started -- or was it brand new?
20   A.   It was new.
21   Q.   But you had been involved in other venture
22   capitalist companies before that, correct?
23   A.   That's correct.
24   Q.   We all think we know what a venture capital

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA 02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 4 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.
Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 32

```
 1   researching?
 2       A.   I think that's fair, yes.
 3       Q.   Do you do the actual research?
 4       A.   With others, yes.
 5       Q.   So you're part of the research team as
 6   well?
 7       A.   Correct.
 8       Q.   And you give investment advice?
 9       A.   That's correct.
10       Q.   Have you ever been sued relative to your
11   involvement with Mediphase?
12       A.   No.
13       Q.   When you were still seeing patients, up
14   until five years ago -- let's go from 1999 to 2005;
15   let's look at that time period -- what percentage of
16   your work was involved in seeing patients?
17       A.   A small percentage.  Probably no more than
18   10 percent.
19       Q.   Was there any specialty that you had?
20       A.   Internal medicine.
21       Q.   And did you treat particular types of
22   patients?
23       A.   No.  I think broadly within internal
24   medicine.
```

Doris O. Wong Associates, Inc.   Professional Court Reporters   617-426-2432
50 Franklin Street, Boston, MA  02110   Videoconference Center   www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)   2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 5 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.
Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 36

1   do a good job.
2       Q.   And they asked you to get involved in these
3   FEMA litigation cases?
4       A.   Correct.
5       Q.   Now, you testified to this already, and I
6   assume your testimony is the same.  Prior to working
7   as an expert in these FEMA trailer litigations, you
8   had never treated a patient who had been exposed to
9   formaldehyde; is that correct?
10      A.   Not that I recall, no.  It's possible, but
11  I don't recall it.
12      Q.   Are you an oncologist?
13      A.   I am not.
14      Q.   Are you a pathologist?
15      A.   No.
16      Q.   Have you ever treated patients for cancer?
17      A.   Oh, yes.
18      Q.   Now, let me ask a better question.  I
19  assume that you've seen patients who have cancer,
20  correct?
21      A.   I have.
22      Q.   If a patient in the past came to you and
23  they had cancer, did you refer that patient to an
24  oncologist for cancer treatment?

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)
Professional Court Reporters
Videoconference Center
617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 6 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation  
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I  
March 11, 2010

Page 40

1  Q.  Have you ever been excluded from testifying
2  by a judge?
3  A.  Not to my knowledge.
4  Q.  Have you ever been offered as an expert in
5  cancer in front of a court?
6  A.  I don't believe so.  I believe I've been
7  offered as an expert in pharmacology, in toxicology,
8  in pulmonary disease, internal medicine.  Obviously
9  within some of those specialties, for example,
10  cancers occur.
11  Q.  Let's go to your report.  It's marked as
12  Exhibit 6.  I want to talk generally about your
13  report, and then we'll go through the details, if
14  that's okay?
15  A.  That's fine.
16  Q.  And that way we'll set some parameters.
17  And I can't promise, but maybe we'll streamline
18  this.
19       As I read your report, you offered
20  opinions, several opinions, but your two opinions
21  regarding Ms. Castanel's condition or conditions
22  are, one, you indicated an exacerbation of
23  rhinosinusitis; is that right?
24  A.  Rhinosinusitis.

Doris O. Wong Associates, Inc.  
50 Franklin Street, Boston, MA 02110  
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters  
Videoconference Center

617-426-2432  
www.doriswong.com  
2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 7 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.
Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 57

```
 1      Q.   Did you think that testing was unnecessary?
 2      A.   It depends on the your specialty.  For a
 3   psychologist.  For an internist, that's not what we
 4   do.
 5      Q.   So as an internist, you don't administer
 6   psychological tests?
 7      A.   I think I mentioned that several times now.
 8      Q.   Yes, and I'm just trying to understand.  So
 9   as an internist, when you're doing that mental
10   status exam, would it be fair to say you just size
11   up the patient, based on observations and a few
12   questions?
13      A.   No.  It's a little bit different.  You
14   initially size up a patient and decide whether you
15   need to do a mental status exam.  I didn't believe
16   -- it was very clear to me that Ms. Castanel was
17   alert and well oriented and cognitively intact.  So
18   no reason to perform a mental status exam, from my
19   point of view.
20      Q.   So you did not perform a mental status exam
21   on Ms. Castanel because you didn't think it was
22   necessary?
23      A.   Right.  I use that in appropriate stations.
24      Q.   Well, how did you come to find that Ms.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)
Professional Court Reporters
Videoconference Center
617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 8 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 58

1  Castanel had a fear of cancer?
2     A.  She mentioned it. Then we discussed it, of
3  course.
4     Q.  So your finding that Ms. Castanel had a
5  fear of cancer, that was based on Ms. Castanel's
6  comments to you?
7     A.  Yes. I'm not sure how else you would find
8  it.
9     Q.  That's fair. I'm just trying to find out.
10 Did Ms. Castanel tell you when she started worrying
11 about cancer?
12    A.  She wasn't completely clear about it, and I
13 don't think she recalled exactly, but it was
14 certainly related to her time in the FEMA trailer.
15    Q.  You're very clear on that; Ms. Castanel's
16 fear of cancer, in your opinion, was based on her
17 time in the FEMA trailer?
18    A.  That's what she told me.
19    Q.  Did Ms. Castanel tell you that her fear of
20 cancer was related to anything else?
21    A.  She did not.
22    Q.  So as we sit here today, it would be your
23 opinion that Ms. Castanel's fear of cancer was
24 related to her time in the FEMA trail?

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA 02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 9 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation  Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.  March 11, 2010

Page 59

1  A.  That's what the patient told me.
2  Q.  And there was no other specific information
3  provided by Ms. Castanel regarding fear of cancer?
4  A.  Not that I recall, no.
5  Q.  Well, you did a report.  Is everything
6  reflected in your report relative to the basis of
7  your diagnosis of Ms. Castanel's conditions?
8  A.  Yes.
9  Q.  Would you defer to Dr. Shwery, a
10  psychologist, on Ms. Castanel's fear of cancer?
11      MR. TORRY:  Objection to form.
12  A.  I don't think I would use the word "defer."
13  Certainly that's -- his examination and his report
14  is useful information, but we come at it from
15  different angles.  I'm a physician.  He's a
16  psychologist.
17  Q.  Would you think that Dr. Shwery, as a
18  psychologist, would be in a better position to
19  comment on Ms. Castanel's psychological issues?
20      MR. TORRY:  Objection to form.
21  A.  No.
22  Q.  You would agree that you didn't see any
23  need for Ms. Castanel to have any future
24  psychological treatment, based on the fact that you

Doris O. Wong Associates, Inc.    Professional Court Reporters    617-426-2432
50 Franklin Street, Boston, MA  02110    Videoconference Center    www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)    2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 10 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation          Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.                                March 11, 2010

Page 90

```
 1      Q.   Do you know the level of formaldehyde that
 2   was in Ms. Castanel's trailer?
 3      A.   I do not.
 4      Q.   And as you testified earlier, you don't
 5   feel like you need any additional information to
 6   provide opinions in this case?
 7           MR. TORRY:  Objection to the form.
 8      A.   If I said that, that's certainly not what I
 9   intended.  I would, again -- if more information
10   becomes available, I would certainly want to review
11   it.
12      Q.   As you sit here today, you don't know what
13   the level of formaldehyde was in Ms. Castanel's
14   trailer?
15           MR. TORRY:  Objection to the form.
16      A.   Again, what I -- specifically, no.  I've
17   discussed the level in FEMA trailers in general in
18   this report.
19      Q.   And you offered opinions in your report
20   regarding Ms. Castanel's condition and its
21   relationship to formaldehyde in her trailer without
22   knowing the level of formaldehyde in her trailer,
23   correct?
24      A.   Correct.
```

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110      Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)      2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.
Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 102

1    Q.   I have a question.  The question is, would
2   you disagree with this testimony -- this is Dr.
3   Bowers -- referring to Page 58, 13:  "Question:
4   With respect to Ms. Castanel's overall health, how
5   would you describe her health?  Answer:  I think her
6   health is good.
7        "Question:  The office notes we just went
8   through from October of 2003 until last week, Ms.
9   Castanel was treated on a consistent basis; would
10  that be fair to say?  Answer:  Yes, sir.
11       "Question:  Did you see any changes in Ms.
12  Castanel's condition, significant changes, during
13  that time period from 2003 to last week?"  And just
14  so you'll know, "last week" was in January of 2010.
15  "Answer:  No, I can't say that I did.
16       "Question:  Would you say that her health
17  and her symptoms remained relatively consistent
18  during the time period, that six-and-a-half, almost
19  seven-year time period?  Answer:  Yes.
20       "Question:  Actually a little more than six
21  years.  Based on a review of your medical notes and
22  your records, it appears as though Ms. Castanel
23  treated consistently for sinus problems before
24  Hurricane Katrina; is that correct?  Answer:  Yes,

Doris O. Wong Associates, Inc.            Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA  02110     Videoconference Center                  www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                     2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 12 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation  Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.  March 11, 2010

Page 103

1   sir.
2             "Question: Would it be fair to say -- did
3   you not sense or note any increase in Ms. Castanel's
4   sinus problems after Hurricane Katrina?" And Dr.
5   Bowers testified, "No."
6             Would you have any reason to disagree with
7   that testimony?
8        A.   The testimony is what it is.  It's not my
9   job to agree or disagree.  In terms of Ms.
10  Castanel's sinus problems, obviously she gave me
11  different information.
12       Q.   If the information given to Dr. Bowers is
13  accurate, and that is that Ms. Castanel did not have
14  any increase in sinus problems after Hurricane
15  Katrina or after living in a FEMA unit, would you
16  still stand by your opinions regarding the fact that
17  you believe Ms. Castanel had an exacerbation of her
18  sinusitis?
19       A.   I can't answer your question.  That's not
20  the information I received, so I can't give you an
21  answer.
22       Q.   I want you to assume -- you're an expert.
23  I want you to make an assumption.
24            MR. TORRY:  Objection to the form.

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110   Videoconference Center                www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                 2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 13 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation	Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.	March 11, 2010

Page 104

1    A.   It doesn't make sense.  It's counterfactual
2    to information I have.  So I don't think I can
3    answer you.
4    Q.   That's fine.  Let's put the facts that you
5    got from Ms. Castanel on the side, just for purposes
6    of this question.
7    A.   Are we talking about a hypothetical
8    patient, some other patient?
9    Q.   We're talking about a hypothetical
10   question.
11   A.   I'm not sure I understand that at this
12   point.
13   Q.   Let's just go through it.  You're an
14   expert, or they're going to attempt to qualify you
15   as an expert.  Putting the history given by Ms.
16   Castanel on the side, if Ms. Castanel did not have
17   any increase in her sinus symptoms after Hurricane
18   Katrina or while living in the FEMA unit or after
19   the FEMA unit, would you still opine that Ms.
20   Castanel had an exacerbation of her sinusitis as a
21   result of formaldehyde?
22        MR. TORRY:  Objection to the form.
23   A.   I would revisit that conclusion.  I'm not
24   sure I can give you that exact answer as we sit

Doris O. Wong Associates, Inc.	Professional Court Reporters	617-426-2432
50 Franklin Street, Boston, MA  02110	Videoconference Center	www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)	2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 14 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation  Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.  March 11, 2010

Page 105

1   here.
2       Q.   So you can't answer that hypothetical?
3       A.   I can't.
4       Q.   What more information would you need to
5   answer that hypothetical?
6       A.   I think you would want to know in detail --
7   you'd really have to go into detail exactly what the
8   symptoms were.  To talk about -- at such a high
9   level, I don't believe I can give you a very
10  specific answer.
11      Q.   So is it true you can't give an opinion on
12  the causal connection between Ms. Castanel's living
13  in a FEMA unit, exposure to formaldehyde, and her
14  present sinus symptoms?
15           MR. TORRY:  Object to the form.
16      A.   That's not what you asked me.  You asked me
17  would I change my conclusions.
18      Q.   I'm asking you a new question.
19      A.   All right.  Let's try again.  Can you
20  repeat it again.
21      Q.   Can you give us an opinion regarding the
22  causal connection between Ms. Castanel living in a
23  FEMA unit and her present sinus condition?
24      A.   I did in my report, as you know.  I'm a

Doris O. Wong Associates, Inc.                Professional Court Reporters              617-426-2432
50 Franklin Street, Boston, MA  02110         Videoconference Center                    www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                           2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13298-4   Filed 04/16/10   Page 15 of 15

In re: FEMA Trailer Formaldehyde Products Liability Litigation　　　Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.　　　March 11, 2010

Page 110

```
 1      Q.   Isn't it true that your opinions regarding
 2   causation, specifically that Ms. Castanel's sinus
 3   condition was exacerbated, that opinion is based on
 4   the history given by Ms. Castanel?
 5           MR. TORRY:  Objection to the form.
 6      A.   That's certainly part of what my opinion is
 7   based on, yes.
 8      Q.   If Ms. Castanel gave you an inaccurate
 9   history regarding her symptoms and the occurrence of
10   those symptoms in relation to living in the FEMA
11   trailer, that would change your opinion on
12   causation?
13           MR. TORRY:  Objection to the form.
14      A.   It might.  It depends on what the
15   inaccuracy was.  Again, your questions are so broad,
16   I can't give you specific answers.
17      Q.   At the time you did an examination of Ms.
18   Castanel, other than the skin conditions, you did
19   not see any objective signs of injury; is that
20   correct?
21      A.   I'm not sure what you mean by objective
22   signs of injury, but -- maybe you could explain that
23   to me.
24      Q.   Sure.  Any objective medical signs of
```

Doris O. Wong Associates, Inc.　　Professional Court Reporters　　617-426-2432
50 Franklin Street, Boston, MA  02110　　Videoconference Center　　www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)　　2f9201d0-8f99-44ec-a553-0e6737375bda