UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v.  RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, *DOCKET NO. 09-3251* | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE ANY REFERENCE TO TL INDUSTRIES, INC. AND PRECLUDE
ANY REFERENCE TO NEWS MEDIA COVERAGE RELATING TO
TL INDUSTRIES, INC.**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Recreation By

Design, LLC, who offers the following memorandum in support of its Motion *in Limine* to exclude

any reference by plaintiff to TL Industries, Inc., and, to preclude any reference to news media

coverage related to TL Industries, Inc., and hereto states:

**BACKGROUND**

As the Court and parties are familiar with the factual/procedural background of this matter,

reference is made here to the background as set forth in Recreation by Design, LLC's Memorandum

in Support of Motion for Summary Judgment Regarding Prescription (Rec. Doc. 9722).

Defendant Recreation By Design, LLC ("RBD"),  seeks an order excluding any reference by plaintiff to TL Industries, Inc. ("TL Industries") and precluding any reference by plaintiff to news media coverage regarding TL Industries.  RBD anticipates that plaintiff may attempt to introduce evidence or testimony regarding the activities, conduct,  and/or manufacturing practices of non-party TL Industries, an Indiana corporation[1] owned by RBD owner Randall K. Rush,[2] as a way to impute knowledge of any alleged product defect(s) to RBD.[3]  Any evidence on this subject should be excluded as irrelevant, because the only manufacturer defendant named in this bellwether trial is RBD, a completely separate and distinct legal entity from TL Industries.[4]  TL Industries is also a separate defendant in these MDL proceedings.  Moreover, a manufacturer's  knowledge of any alleged defect(s) is presumed under the Louisiana Products Liability Act ("LPLA"), and thus is not an element of the plaintiff's claim.[5]  Any reference by plaintiff to TL Industries and/or Mr. Rush's involvement in the management of that business, therefore, is wholly irrelevant to the instant dispute and would only serve to mislead and confuse the jury.

RBD also anticipates that plaintiff may attempt to introduce evidence or testimony regarding

---

[1] *See* Certificate of Incorporation of TL Industries, Inc., attached hereto as Exhibit "A."

[2] Selected pages of the deposition transcript of Randall K. Rush are attached hereto as Exhibit "B."  *See* Exhibit "B" at pp. 8, 11-12, 17-18, 51-52, 75, 101-105, 158, and 190-191.

[3] *See* Exhibit "B" at pp. 101-105, 158, and 190-191.

[4] *See* Exhibit "A" and Certificate of Organization of Recreation by Design, LLC, attached hereto as Exhibit "C."

[5] *See, e.g., Bearly v. Brunswick Mercury Marine Div.*, 888 So.2d 309, 313 (La. App. 2d Cir.2004).

news media coverage of TL Industries, particularly coverage relating to the 2009 federal government

contract awarded to TL Industries by the U.S. Department of Homeland Security's Federal

Emergency Management Agency ("FEMA") as part of a program to develop new disaster housing

solutions for FEMA.[6]   Once again, any reference by plaintiff to news media coverage of TL

Industries is completely irrelevant to the instant lawsuit.  Moreover, any reference by plaintiff to

news media coverage of TL Industries, specifically in regard to any contract that it may have entered

into with FEMA after the commencement of the *Hilliard* suit, would only incite the jury's passion

or prejudice at trial.  As such, the Court should preclude plaintiff from offering evidence or

testimony of any news media coverage relating to TL Industries because it is irrelevant and would

be unduly prejudicial to RBD.

**ARGUMENT AND AUTHORITIES**

I.      **STANDARD OF ADMISSIBILITY**

As defined by Federal Rule of Evidence 401, relevant evidence is "evidence, having any

tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence."[7]  To sustain the relevancy

standard, the Fifth Circuit has noted that proposed evidence must go beyond mere surmise or

suspicion and be "sufficiently tied to the facts of the case that it will aid the jury in resolving a

---

[6] *See, e.g*, "FEMA Unveils New, 'Safer' Disaster Housing" (May 19, 2009); "Frontier RV Looks to Expand with FEMA Contract" (May 4, 2009); and "FEMA Awards Contracts to Four Trailer Makers" (April 8, 2009), http://www.rvbusiness.com/tag/tl-industries/ (accessed 02/23/2010) attached hereto as Exhibit "D."  *See also* selected pages of "Inspection Report" (First General Services of the South, Inc.), p. 29, attached hereto as Exhibit "E;" and Plaintiff's Initial Exhibit List, p. 7 (exhibit numbers 42, 43, 46) (Rec. Doc. 13276).

[7] Fed. R. Evid. 401.

factual dispute."[8]  As such, Federal Rule of Evidence 403 permits a district judge to exclude relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[9]  Here, any reference to TL Industries or news media coverage relating to TL Industries should be excluded under Rule 401 and Rule 403.

II.     **ANY REFERENCE TO TL INDUSTRIES, INC., INCLUDING ANY REFERENCE TO NEWS MEDIA COVERAGE RELATING TO TL INDUSTRIES, INC., IS INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 401**

The relevance of evidence is determined by the elements of the parties' claims and defenses. Here, plaintiff's claims are governed by the Louisiana Products Liability Act[10] ("LPLA"),which establishes the "exclusive theories of liability for manufacturers for damage caused by their products."[11]  The LPLA relieves a claimant of the burden of proving that a manufacturer knew of unreasonably dangerous characteristics or "defects" when the product left the manufacturer's control, for such knowledge is *presumed*.[12]  Thus, a manufacturer's knowledge of any alleged defect is not an element of the plaintiff's case under the LPLA.[13]

---

[8] *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003).

[9]  Fed. R. Evid. 403.

[10] *See* Complaint for Damages (Rec. Doc. 1, ¶¶ 85-90) and First Supplemental and Amended Complaint (Rec. Doc. 9401, ¶ 12).

[11] La. R.S. 9:2800.52; *see also*, *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261-62 (5th Cir. 2002); *Kelley v. Hanover Ins. Co.*, 98-506 (La. App. 5th Cir. 11/25/98), 722 So. 2d 1133, 1137, *writ denied*, 98-3168 (La.2/12/99), 738 So.2d 576.

[12] *Bearly*, 888 So.2d at 313; *see also Grenier v. Medical Engineering Corp.*, 99 F.Supp.2d 759, 763 (W.D. La. 2000).

[13] *Id*.

Unlike the law in many other states, under the LPLA "the product is on trial, not the knowledge or conduct of the manufacturer."[14]  Although a manufacturer may, as part of its case in chief, offer evidence rebutting the presumption of knowledge, unless and until the manufacturer does so, evidence of what the manufacturer "knew" is not relevant to establish any element of plaintiff's claims under the LPLA.[15]   Therefore, any reference or allusions by plaintiff as to either manufacturer's purported "knowledge" of any alleged defect, imputed or otherwise, should be excluded under Rule 401 because it is irrelevant to the case at hand.

At the deposition of Randall K. Rush, plaintiff's counsel attempted to elicit testimony regarding the manufacturing practices of TL Industries, presumably as a way to impute knowledge of any alleged product defect(s) to RBD.[16]  Despite the fact that the temporary housing unit ("THU") at issue in this lawsuit was manufactured by RBD in 2005,[17] plaintiff's counsel nevertheless questioned Mr. Rush about subsequent THU's made by TL Industries that meet the *new* FEMA guidelines.[18] Specifically, plaintiff's counsel questioned Mr. Rush about travel trailers manufactured by TL Industries with forced air ventilation systems having formaldehyde levels below .016 parts

---

[14] *Adams v. Owens-Corning Fiberglass Corp.*, 04-1589 (La. App.4 Cir. 9/23/05), 923 So.2d 118, 122.

[15] Lack of knowledge is an affirmative defense that becomes relevant only if the manufacturer asserts that it did not know and/or could not have known of the allegedly unreasonably dangerous condition at issue.  RBD does not intend to assert this defense. Consequently, plaintiff may not introduce evidence that RBD knew or should have known of a defect.

[16] *See* Exhibit "B" at p. 104.

[17] *See* Exhibit "B" at p. 75.

[18] *See* Exhibit "B" at p. 158.

per million,[19] in accordance with recently implemented government standards for temporary housing intended for emergency use.  These guidelines, however, were not in effect in 2005.[20]  Aside from the obvious temporal irrelevance of this line of questioning to the claims presently at issue, as previously stated, any attempt by plaintiff to impute knowledge of an allegedly defective condition to RBD via TL Industries is irrelevant to plaintiff's claims under the LPLA.  Plaintiff, therefore, should be excluded from offering any such evidence or testimony under Rule 401.

For substantially the same reasons cited above, plaintiff's counsel should also be precluded from making any reference to news media coverage of TL Industries' 2009 contract with FEMA under Rule 401.  Although plaintiff's counsel did not specifically question Mr. Rush about news media coverage pertaining to this government contract at his deposition, RBD anticipates that plaintiff may attempt to refer to said news media coverage at trial.  As such, RBD seeks an order precluding plaintiff from introducing any such evidence or testimony as irrelevant under Rule 401.

### III.   ANY REFERENCE TO TL INDUSTRIES, INC., INCLUDING ANY REFERENCE TO NEWS MEDIA COVERAGE RELATING TO TL INDUSTRIES, INC., IS INADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 403

In addition to violating Rule 401 based on relevancy, any reference by plaintiff to TL Industries and/or news media coverage related to TL Industries should be excluded under Rule 403 because it lacks sufficient probative value to outweigh the extreme prejudice, delay, and confusion that its admission would engender.  Under the well-established principles of Article 403, any

---

[19] *See* Exhibit "B" at pp. 103-4.

[20] This Court has previously excluded references to standards which were not in effect in 2005 in this MDL.  *See* Order and Reasons on Forest River Inc.'s Motion to Exclude Expert Testimony of Dr. Stephen Smulski (Rec. Doc. 12642, p. 2) ("As to paragraph 29, regarding CARB standards which became effective on January 1, 2009, Forest River's Motion is granted.").

evidence having scant probative force should not be admitted due to its prejudicial effect.  Here, any reference by plaintiff to TL Industries and/or Mr. Rush's involvement in the management of that business as a means of imputing knowledge of an alleged product defect(s) to RBD would be unduly prejudicial to RBD.  Moreover, the admission of such evidence would only create time-consuming and distracting digressions from the issues, thus far outweighing any probative value.

Similarly, any reference by plaintiff to news media coverage regarding TL Industries, particularly its 2009 contract with FEMA, would only serve to incite the jury's passion or prejudice at trial.  Because vast amounts of time would be required for RBD to present a meaningful defense and impeach or refute the evidence, the prejudice-probative value balance under Article 403 clearly tips toward the prohibition of any such evidence in this case.

IV.     CONCLUSION

For the foregoing reasons, defendant Recreation By Design, LLC, respectfully requests that this Court grant its Motion *in Limine* and issue and an order excluding any reference by plaintiff to TL Industries, Inc., and, precluding any reference by plaintiff to news media coverage regarding TL Industries.

Respectfully submitted,


*/s/ Randall C. Mulchay*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for defendant,*
*Recreation By Design, LLC*
Email: rmulcahy@garrisonyoung.com


## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436