## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | * * * * * * * * | **MDL NO. 1873** <br><br> **SECTION "N-5"** <br><br><br> **JUDGE ENGELHARDT** <br> **MAG. JUDGE CHASEZ** |
| **THIS DOCUMENT RELATES TO:** *EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC.,* and *UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY,* **NO. 09-3251** | * * * * * * * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RECREATION BY DESIGN, LLC'S MOTION IN LIMINE TO EXCLUDE OR LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT, PATRICIA WILLIAMS

NOW INTO COURT, through undersigned counsel, comes Defendant, Recreation by Design, LLC ("RBD"), which moves this court for an Order excluding plaintiff's expert toxicologist, Patricia Williams, from testifying at the trial of this case on the ground that her expert report was a sham and does not comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure. Alternatively,

RBD submits that those portions of her "Preliminary Affidavit" dated January 27, 2010, that discuss medical conditions not at issue in this case, namely Sections 3.2 (asthma), 4.0 (acute symptoms), 7.2 (eczema), 7.3 (nosebleeds), 7.4 (vascular tissue death), 8 (mold and fungi), 9.7 (mold), 10 (fungi), and 19.1 (children), should be stricken from her report and that Williams should be prohibited from testifying concerning her opinions that there is (a) a cause and effect relationship between formaldehyde and bronchoconstriction/asthma; (b) a cause and effect relationship between formaldehyde and eczema; (c) an association exists between formaldehyde and eczema; and (d) an association exists between mold exposure and nonallergic rhinitis.[1]

**I. Williams' Affidavit is a sham and does not comply with the rules governing expert reports.**

Rule 26(a)(B) of the Federal Rules of Civil Procedure requires an expert to submit a report which includes, among other things, a complete statement of all opinions the witness will express at trial. Williams did not prepare such a report here. Instead, she took her prior reports prepared for other formaldehyde cases, added a few sections, regardless of relevancy, and submitted it.[2] Williams has no information on this plaintiff. She does not recall reading plaintiff's Complaint, her Fact Information Sheets[3], or any medical records. She does not know plaintiff's age, race, her medical

---

[1] Williams' report in the *Castanel* case is attached as Exhibit A. In light of the court's prior rulings on Dr. Williams' opinions on cancer, as they relate to plaintiff's "fear of cancer" claim, RBD does not seek to exclude that testimony from Williams. RBD has a pending Motion for Partial Summary Judgment on Castanel's "fear of cancer" claim and will seek to exclude all testimony about cancer in the event that motion is granted. RBD notes, however, that this court has granted a similar motion with respect to Williams as to her testimony on medical conditions not at issue in the Forest River Bellwether case, Rec. Doc. No. 12723.

[2] See Deposition of Williams taken 2/24/10, pp. 9-10, Exhibit B.

[3] Exhibit B, pp. 15-16.

2

condition, any cancer diagnosis, or whether plaintiff was a smoker.[4] Williams does not know what portions of her "Affidavit" are in any way relevant to the Castanel case, and she candidly conceded that she will not have that information until she is told as much by plaintiff's counsel.[5] Williams testified as follows:

> Q: [O]nce you finally get the reports from the medical doctors or other experts on the specifics, and the lawyers give you those, then that will let you know what issues are relevant out of your report?
>
> A: "Issues" is the word. Yes. Once I know what the issues are, then I will certainly not bother to present issues that have no relevance to the particular case at hand.[6]

By submitting a prophylactic expert report, Williams has significantly prejudiced the defendant. Neither RBD, nor Williams, for that matter, have any idea what opinions she intends to offer at trial. By allowing this practice, the court would be condoning "trial by ambush" which is exactly what Rule 26 is designed to prohibit. Williams is doing nothing but playing games. She submits an 83 page expert report, states at her deposition that the report is the same as in previous cases except that she added in a few paragraphs, some of which may (or may not) be relevant – she doesn't know yet – and then offers to answer questions on the new wording of the report while refusing to answer questions about the rest, even though some of that might be relevant to Castanel. Williams should be stricken as plaintiff's expert witness for failing to submit a proper relevant expert report.

---

[4] *Id.*, pp. 13-15.

[5] *Id.*, pp. 14, 95-98.

[6] *Id.*, p. 97.

**II. Those portions of Williams' "Affidavit" that are not relevant should be stricken, and she should be prohibited from offering "expert" testimony on those issues.**

This court has previously entered an Order directed to Williams prohibiting her from testifying to those injuries, illnesses and diseases for which there is no medical diagnosis in the particular case.[7] In this case, the following portions of Williams' expert report should be stricken, and Williams should be prohibited from testifying about, due to the fact that plaintiff has not been diagnosed with the condition Williams places at issue, or because they relate to mold or children: Sections 3.2 (asthma), 4.0 (acute symptoms), 7.2 (eczema), 7.3 (nosebleeds), 7.4 (vascular tissue death), 8 (mold and fungi), 9.7 (mold), 10 (fungi), and 19.1 (children). Moreover, of the seven (7) "general causation opinions" contained on p. 70 of her report (CAST002071), the following opinions should be excluded due to relevancy: (a) a cause and effect relationship between formaldehyde and bronchoconstriction/asthma; (b) a cause and effect relationship between formaldehyde and eczema; (c) an association exists between formaldehyde and eczema; and (d) an association exists between mold exposure and nonallergic rhinitis. Plaintiff's only medical doctor who is of the opinion that Castanel has sustained an injury due to formaldehyde exposure, Dr. Miller, opines that Castanel's only injuries are exacerbation of rhinosinusitis (a stuffy and runny nose) and fear of cancer as a result of formaldehyde exposure. Consistent with this court's prior rulings, and in accordance with Rules 402, 403, 702 and 703 of the Federal Rules of Evidence, Williams should be prohibited from offering testimony concerning the issues identified above.

---

[7] *See* Rec. Doc. No. 12723.

Respectfully submitted,

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591

5