UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE § | MDL No. 1873 | |
| PRODUCTS LIABILITY LITIGATION § | | |
| § | SECTION N(5) | |
| § | | |
| THIS DOCUMENT IS RELATED TO ALL § | JUDGE ENGELHARDT | |
| CASES § | | |
| § | MAGISTRATE CHASEZ | |
| § | | |

FLUOR ENTERPRISES, INC.'S MEMORANDUM
ON MANUFACTURED HOUSING DEFENDANT
BELLWETHER PLAINTIFF NOMINEES

FEI Enterprises, Inc. (FEI) objects to the Plaintiffs Steering Committee's nomination of a bellwether plaintiff who will be four years old at the time of the manufactured housing defendant bellwether trial in October of this year. [See R. Doc. 13293]. Rather, FEI believes that the PSC's initial proposed nominee—proposed to defendant Palm Harbor Homes, Inc. (Palm Harbor) and FEI just before the original nomination date of April 1, 2010[1]—is one of many acceptable bellwether plaintiffs who are superior to the PSC's present nominee, a very young child.

---

[1] *See* Exhibit "A" to this Memorandum (March 30, 2010 Email of Plaintiffs' Liaison Counsel Proposing Kenneth Woods as a bellwether plaintiff).

### Objection to the PSC's Sole Candidate, K.A.[2]

The manufactured housing bellwether trial will be unique for a reason that is very well-known to the Court: the preemption defense of the manufacturer. As to Palm Harbor, the major focus of the case will be whether plaintiffs can overcome the Palm Harbor preemption defense. As to the installation contractor FEI[3], the question will be whether the theories of liability asserted as to travel trailers[4], tenuous as they are in the travel trailer cases, have any legitimacy whatsoever with respect to manufactured housing. Consequently, the instructive value of this bellwether case is unlikely to extend much beyond the pool of manufactured housing cases pending against the sole non-settling manufactured housing defendant, Palm Harbor. Therefore, with respect to this bellwether trial, a representative bellwether plaintiff would be a plaintiff whose case would assist the PSC and Palm Harbor in valuing the unsettled cases pending against Palm Harbor.

The very young child proposed by the PSC as a plaintiff, K.A.[5], is not representative of the 68 plaintiffs who have sued Palm Harbor, if for no other reason than his extraordinarily young age. Less than 4% of the 68 plaintiffs who sued Palm Harbor are under six years of age. The PSC's selection of such a young child can only be seen for what it is: a blatant attempt to appeal to sympathy. This is plainly apparent when viewed in light of the PSC's initial

---

[2] Interestingly, the PSC chose to include the minor child's full name in its publicly-filed memorandum, despite the provisions of the E-Government Act of 2002 that require use of only the child's initials. FEI points this out not to be critical of the PSC, but to point out one of the unique issues that arises when litigating with a young child as a party. Use of initials in publicly-filed electronic documents is an admittedly minor issue. One of the larger points of this memorandum, however, is that the unique challenges of having a young child as a plaintiff militate against the choice of K.A. as a bellwether plaintiff. The PSC's failure to comply with the E-Government Act of 2002 is likely a symptom of failure to think about these unique challenges.
[3] Almost all of the Palm Harbor mobile homes involved in pending suits against Palm Harbor were installed by FEI.
[4] The allegations as to the installation contractors in the manufactured housing cases are identical to those in the travel trailer cases.
[5] According to K.A.'s fact sheet, he was born on May XX, 2006. *See* Exhibit A to the PSC's memorandum [R. Doc. 13293-1].

nomination of Kenneth Woods on March 30th, a plaintiff whom the PSC now finds utterly unacceptable and unrepresentative, and whose veracity is supposedly subject to question based on the answers to his fact sheet (the very same fact sheet that the PSC had when they first proposed him as a plaintiff two weeks ago).

In addition to being unrepresentative of the relevant population of plaintiffs, a very young child like K.A. will not be able to participate meaningfully in the prosecution of his case. For example, K.A.'s fact sheet states that he has bronchitis, headaches and a fear of cancer.[6] The symptoms K.A. allegedly experienced while residing in the trailer were: irritation to eyes, burning of eyes, tearing of eyes, irritation or itching of skin, burning of skin, rashes on skin, headaches and persistent cough and bronchitis.[7] Is the Court going to permit a four-year-old to take the stand and be cross-examined about his fear of cancer, or about the burning and irritating sensations he allegedly experienced while living in the trailer?

PSC argues that K.A. is representative because there are many claims of children in the pool of 80,000 plaintiffs[8], although the PSC offers the Court no evidence of what those numbers really are. But how many of those children are of a very young age, so young that they cannot meaningfully participate in the proceedings?[9] In the pool of 68 plaintiffs suing Palm Harbor, they represent fewer than 4% of claimants. Additionally, assuming that the three bellwether cases scheduled between now and the Palm Harbor trial actually proceed to trial as planned, the Palm

---

[6] The PSC spends most of its memorandum questioning the veracity of its own clients' fact sheets, a curious strategy to be sure. But if veracity is the issue, it is hard to understand how a three-year-old suffers from a fear of cancer. Three-year-olds may be afraid of clowns or of monsters in the closet or of the dark, but it is only the incredibly precocious three-year-old who could have developed a fear of cancer from living in manufactured housing. Will the Court permit K.A. to take the stand to testify about this fear? Is defense counsel to be permitted to cross-examine him about it?

[7] Plaintiff K.A.'s fact sheet submitted as Exhibit A to the PSC's memorandum [R. Doc. 13293-1].

[8] Joint Report No. 15 at p.6, refers to 80,000 matching claims having been submitted to FEMA [R.Doc. 13042].

[9] In the State of Louisiana, children under the age of 5 represent only 7% of the population. *See* Exhibit "B" hereto (from U.S. Census Bureau, *The 2010 Statistical Abstract*, available on-line at http://www.census.gov/compendia/statab/cats/population.html, Table 16 (last visited April 15, 2010)) (311/4,411 = 7%).

Harbor trial will be the seventh bellwether case to be litigated:  1. Alexander v. Gulf Stream; 2. Dubuclet v. Fleetwood; 3. Wright v. Forest River; 4. Castanel v. Recreation by Design; 5. McGraw vs. Keystone; 6. Lewis/Charles/Porter v. Gulf Stream. Of the seven bellwether cases, if K.A. serves as the plaintiff in the Palm Harbor case, three out of seven bellwether plaintiffs will have been children or minors:  C.C., E.D. and K.A.  That's 43% of the bellwether plaintiffs. FEI does not know the precise percentage of minors among plaintiffs' 80,000 claimants or among the approximately 14,000 claimants who have submitted fact sheets to date[10]. However, according to the *Statistical Abstract of the United States*, as of 2008, only 23% of the population of the metropolitan statistical area encompassing New Orleans-Metairie-Kenner consisted of children under the age of 18.[11]

Finally, in their memorandum, the PSC makes much of Palm Harbor nominees who have not sued FEMA. The relevant Court order refers to FEMA-ripe claims, but it can hardly go without notice that to date, plaintiffs have never been able to take FEMA to trial. That will remain true after the Recreation by Design trial, FEMA having been dismissed there too.  And in the second Gulf Stream trial, none of the plaintiffs has a pending claim against FEMA. Not surprisingly, K.A. also does not have a pending case against the United States.[12] It is hard to understand why that fact disqualifies certain Palm Harbor nominees, but not the one and only nominee acceptable to the PSC.

---

[10] Joint Status Report No. 15 at p. 1 reports that plaintiff have submitted a little over 14,000 PFSs. [R.Doc. 13042]
[11]  See Exhibit "C" hereto (from U.S. Census Bureau, *The 2010 Statistical Abstract*, available on-line at http://www.census.gov/compendia/statab/cats/population.html, Table 22 (last visited April 15, 2010).
[12] Keith Andrews, Jr. on behalf of minor K.A. filed two separate claims entitled *Andrews, et al v. Champion Home Builders, et a,* 09-1587 and *Andrews, et al v. Palm Harbor Homes, Inc.,* 09-7586. In neither suit is FEMA named as a defendant.

## KENNETH WOODS

The PSC initially nominated Kenneth Woods as the proposed bellwether plaintiff on March 30, 2010.[13] Palm Harbor also found Woods acceptable.[14] Subsequently, the PSC withdrew Mr. Woods as their nominee and have submitted K.A. in his stead. Palm Harbor and FEI has advised plaintiff that Kenneth Woods would be acceptable as a candidate, however, plaintiff refused to resubmit his name.

Mr. Woods is a past smoker, 55 years of age, who alleges a variety of symptoms that make up the acute, short-term upper respiratory problems that are consistent with the majority of plaintiffs in this litigation who have brought suit. Woods' complaints include drying of skin, headaches, bloody vomiting, abdominal pain, diarrhea, difficulty in breathing, shortness of breath, wheezing, persistent cough, tightness in chest, bronchitis, throat irritation, upper respiratory tract infections, asthma for the first time, worsening of allergies, dizziness and low blood pressure. Mr. Woods sought treatment for these symptoms.

## TONYA AND ERIC WASHINGTON, SHAKITA BRUMFIELD AND EUJOHN AND TRESSIE MOSES

These five nominees are more representative of the plaintiffs who have claims in this MDL than the minor, K.A., but yet amazingly, the PSC finds not one of them acceptable.

Eujohn Moses is a 31-year-old male smoker who alleges various upper respiratory complaints, as well as emphysema and irritation to the nasal membranes and sinusitis. Mr. Moses also sought emotional and medical treatment for his complaints.

---

[13] *See* Exhibit "A" hereto.
[14] *See* Exhibit "D" hereto (Emails of E. Lindstrom and C.Penot for Palm Harbor and FEI, respectively).

Tressie Moses is 54-year-old female, who alleges a host of problems including upper respiratory complaints and skin conditions. Ms. Moses also sought medical and psychiatric treatment for the injuries she allegedly sustained while living in the Palm Harbor home.

Tonya Washington is age 39, a current smoker and has a host of complaints including shortness of breath, sinusitis, emphysema, persistent cough, nausea, eye irritation, burning eyes, worsening of allergies and upper respiratory symptoms. These complaints are representative of the alleged illnesses of the thousands of plaintiffs who have brought suit.

Eric Washington is 23 years of age, self-employed and alleges a host of complaints similar to those raised by the majority of plaintiffs. Washington states that he sought treatment for these complaints. Mr. Washington is a non-smoker.

Shakita Brumfield is a 27-year-old female non-smoker who complains of headaches, nausea, sinusitis, eye irritation, excessive tears, nosebleeds and foot swelling as a result of her exposure to formaldehyde. These symptoms are also consistent with the upper respiratory symptoms of many plaintiffs in the MDL.

All of these candidates have symptoms that a majority of the plaintiffs in this litigation experience. Some are smokers, some are not. The outright refusal of the PSC to accept a nominee from this broad selection of plaintiffs is telling. The candidates proposed by Palm Harbor are far more representative of the 68 persons who have sued Palm Harbor than the very young plaintiff proposed by the PSC, who is representative of only a small fraction of those with claims.

Eric and Tonya Washington and Shakita Brumfield all resided in one mobile home manufactured by Palm Harbor. Eujohn and Tressie Moses also resided in another single mobile home manufactured by Palm Harbor. Should the Court stack plaintiffs, significant economies can

be realized in that fewer mobile homes would have to be tested than if the Court were to select plaintiffs who resided in different units.

## VENUE NON-ISSUES

The PSC attempts to muddy the waters by alluding to supposed venue issues. There is no *Lexecon* issue here preventing one of Palm Harbor's nominees from serving as a bellwether candidate because the three nominees with respect to whom the PSC raises this vague issue each filed their Original and Amended Complaints in the Eastern District of Louisiana.

Plaintiff Tonya Washington filed an Amended Complaint in the United States District Court for the Eastern District of Louisiana entitled, *Denyer Garrett, et al v. Palm Harbor Homes, Inc., et al,* No. 09-7821, on December 23, 2009.[15]

Palm Harbor nominee Eric Washington also filed suit originally in this Court. The Original Complaint entitled, V*anessa Ware, et. al v. Gulf Stream Coach, Inc.,* et al, 09-4686, dated July 31, 2009, was filed in the Eastern District of Louisiana. His Amended Complaint is entitled, *Willis Stephenson, et al v. Palm Harbor Homes, Inc., et al*, Docket No. 09-7094 filed on October 28, 2009.

Finally, Palm Harbor nominee Shakita Brumfield filed an amended Complaint in the United States District Court for the Eastern District of Louisiana, with the case entitled *Orlando Douglas, et al v. Palm Harbor Homes, Inc., et al,* Docket No. 09-7911 on December 23, 2009. [16]

Bellwether plaintiff selection is about finding a representative claimant, not a game of "gotcha." In this case, the three-year-old K.A. is not representative of most of those with claims against Palm Harbor, or any other defendant for that matter. Additionally, the special problems

---

[15] The Complaint filed by Tonya Washington, as amended is entitled *Belinda H. Bauer, et al. v. Liberty Homes, Inc.,* 09-4686 was filed on September 17, 2009 in the Eastern District of Louisiana. [See 3437].

[16] Ms. Brumfield filed an Original Complaint in the Eastern District, entitled "*Vanessa Ware, et. al v. Gulf Stream Coach, Inc., et al*" , 09-4686.

attendant to litigating a case with a young child as plaintiff militates against selecting K.A. Palm Harbor has submitted the names of six additional candidates of varying ages (from 23 to 54), smoker and non-smokers, one of whom should serve as the bellwether plaintiff in the Palm Harbor, manufactured-housing trial.

        Respectfully submitted,

        **MIDDLEBERG, RIDDLE & GIANNA**

BY:   */s/ Charles R. Penot, Jr.*
        Charles R. Penot, Jr. (La. Bar No. 1530 &
        Tx. Bar No. 24062455)
        717 North Harwood, Suite 2400
        Dallas, Texas 75201
        Tel: (214) 220-6334; Fax: (214) 220-6807
        cpenot@midrid.com

        -and-

        Dominic J. Gianna, La. Bar No. 6063
        Sarah A. Lowman, La. Bar No. 18311
        201 St. Charles Avenue, Suite 3100
        New Orleans, Louisiana 70170
        Telephone: (504) 525-7200
        Facsimile: (504) 581-5983
        dgianna@midrid.com
        slowman@midrid.com

        -and-

        Richard A. Sherburne, Jr., La. Bar No. 2106
        450 Laurel Street, Suite 1101
        Baton Rouge, Louisiana 70801
        Telephone: (225) 381-7700
        Facsimile: (225) 381-7730
        rsherburne@midrid.com

        **ATTORNEYS FOR FEI ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

  I hereby certify that on April 16, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

            */s/ Charles R. Penot, Jr.*

ND: 4819-4663-1685, v. 3