**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | **MDL NO. 1873** |
| **FORMALDEHYDE** | * | |
| **PRODUCT LIABILITY** | * | **SECTION "N-5"** |
| **LITIGATION** | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **THIS DOCUMENT RELATES TO** | * | **MAG. JUDGE CHASEZ** |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL, DOCKET NO. 09-3251* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE REFERENCES TO BUILDING CODES**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who offers the following memorandum in support of its motion *in limine* to exclude at trial any testimony or evidence relating to building codes, including the Building Code of the City of New Orleans ("New Orleans Building Code"), the International Building Code ("IBC"), and the International Residential Code ("IRC"), because they are not relevant to the subject of this action and would pose a significant danger of jury confusion and unfair prejudice to defendant RBD:

1

## **BACKGROUND**[1]

As part of plaintiff's efforts to address construction and design issues related to the Castanel travel trailer[2], plaintiff retained various experts to investigate and test the subject unit in January of 2010. One of these proffered experts is Alexis "Al" Mallet, Jr.[3] of First General Services of the South, Inc. ("First General Services"), a self-styled "construction specialist."[4] Mallet testified that, with regard to plaintiff's other construction and design experts, his primary role in this case was to "coordinate all of the individuals in the data gathering phase and put the work together."[5] It is evident from Mallet's deposition testimony, as well as the written reports and deposition testimony of Paul LaGrange[6] and Ervin Ritter, P.E.,[7] *inter alia*, that Mallet was the driving force behind plaintiff's decision to use irrelevant building codes as source(s) for these expert witnesses' observations and conclusions.[8]

RBD anticipates that plaintiff will attempt to introduce testimony at trial of alleged building code violations in an effort to support her various theories of recovery. Aside from pointing out the obvious—that travel trailers are not buildings—there is absolutely no evidence in the record of a causal connection between alleged violations of building codes and plaintiff's alleged injuries. As such, any references to building codes should be excluded because they are

---

[1] As the Court and parties are familiar with the factual/procedural background of this matter, reference is made here to the general background as set forth in Recreation By Design, LLC's Memorandum in Support of Motion for Summary Judgment Regarding Prescription (Rec. Doc. 9722).

[2] Throughout this memorandum, RBD refers to plaintiff's travel trailer as a "FEMA unit" and/or "Emergency Housing Unit" (EHU") and/or "Temporary Housing Unit" ("THU") interchangeably.

[3] For a detailed analysis of the insufficiency of Mallet's testimony on various building codes under *Daubert*, please see RBD's Memorandum in Support of Defendant's Motion *in Limine* to Exclude the Opinions and Testimony of Alexis Mallet.

[4] Selected pages of the deposition transcript of Alexis Mallet, Jr., dated March 2, 2010, are attached hereto as Exhibit "A." *See* Ex. A at p. 60.

[5] Ex. A at pp. 15-16.

[6] For a detailed analysis of the insufficiency of LaGrange's testimony on various building codes under *Daubert*, please see RBD's Memorandum in Support of Defendant's Motion *in Limine* to Exclude the Opinions and Testimony of Paul LaGrange.

[7] Likewise, for a detailed analysis of the insufficiency of Ritter's testimony on various building codes under *Daubert*, please see RBD's Memorandum in Support of Defendant's Motion *in Limine* to Exclude the Opinions and Testimony of Ervin Ritter, P.E.

[8] *See, e.g.,* RBD's motions *in limine* to exclude Mallet, LaGrange, and Ritter.

irrelevant and have no proper bearing on an issue in this case. Further, reference to building codes at trial will most certainly confuse the jury, prejudice defendants, and cause unnecessary delays in the trial of this case.

## **LAW AND ARGUMENT**

It is a basic precept of the Federal Rules of Evidence that in order to be admissible, evidence must first be relevant.[9] To meet the relevancy standard, evidence must have a "tendency to make some fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[10] Further, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[11]

RBD contends that plaintiff should not be permitted to offer any testimony asserting that (1) certain building codes applied to the Castanel trailer, or (2) that the Castanel trailer failed to comply with those codes, in that such testimony is wholly irrelevant to the ultimate issues that must be decided in the present case. Indeed, this Court has already ruled that:

> On the showing made, the Court is not in the least bit convinced that the building codes are relevant. Even assuming that the codes are applicable, there seems to be little to no actual evidence that Defendants' failure to comply with such codes relates in any way to Plaintiff's grievance(s). For this reason alone, the Court grants both of these motions now, such that no reference to building codes shall be admissible at trial.[12]

Although this Court's ruling should pertain to the same arguments regarding non-applicability of building codes in the Castanel matter, out of an abundance of caution, RBD seeks to adopt, as if

---

[9] Fed. R. Evid. 402.
[10] Fed. R. Evid. 401.
[11] Fed. R. Evid. 403.
[12] *See* Order dated March 3, 2010, pp. 1-2 (Rec. Doc. 12260).

3

set forth herein, the arguments and defenses previously raised in this MDL by defendants Shaw Environmental, Inc. and Forest River, Inc. regarding the inapplicability of building codes and standards to travel trailers. Specifically, RBD seeks to adopt the arguments and defenses raised in Shaw Environmental, Inc.'s Motion in Limine to Exclude References to Building Codes (Rec. Doc. 11414), Forest River, Inc.'s Motion in Limine to Exclude the Testimony of Ervin L. Ritter (Rec. Doc. 11393), and Forest River Inc.'s Motion to Exclude Certain Comments to the Jury (Rec. Doc. 11389), along with all supporting memoranda, as if copied herein.

## CONCLUSION

Thus, pursuant to the Court's Order dated March 3, 2010 (Rec. Doc. 12260), and Rules 401, 402, and 403 of the Federal Rules of Evidence, Recreation By Design, LLC, respectfully requests the Court to enter an order excluding evidence of building codes, and any testimony or argument regarding them, from the trial of this matter.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
**GARRISON, YOUNT, FORTE**
**& MULCAHY, LLC**
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16th, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                                */s/ Randall C. Mulcahy*
                                                RANDALL C. MULCAHY, Bar No. 26436