UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873 <br><br> SECTION "N-5" <br><br> JUDGE ENGELHARDT <br> MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO: *EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC.,* and *UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY,* NO. 09-3251 | * * * * * * * * * | |

**************************************************************************

**RECREATION BY DESIGN, LLC'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT, GERALD McGWIN, Ph.D.**

NOW INTO COURT, through undersigned counsel, comes Defendant, Recreation by Design, LLC ("RBD"), which moves this court for an Order excluding plaintiff's expert epidemiologist on "general causation", Gerald McGwin, from testifying at the trial of this matter.

As evidenced by his expert report[1] and his deposition testimony[2], Dr. McGwin's testimony is not relevant and is potentially unfairly prejudicial to the defendant and should be excluded under Rules 402 and 403 of the Federal Rules of Evidence.

Considering this court's familiarity with the issues in this litigation in general, and Dr. McGwin's testimony specifically, RBD will not repeat the voluminous arguments previously made in this and other cases. As this court is well aware, the critical issue in this case are (1) the amount, or the exposure level of formaldehyde in Earline Castanel's trailer to which she was exposed while living there, and (2) what injuries Ms. Castanel may have sustained which was caused by the formaldehyde exposure. The prior cases before the court have demonstrated differing opinions on whether formaldehyde exposures at a particular level can cause a particular disease, if at all. Typically, plaintiff's expert, Dr. McGwin, cites to published literature supporting his opinion that a particular disease process can be caused by a particular level of exposure. This case is different, however, as even Dr. McGwin agrees that the published literature does not support the conclusion that Earline Castanel's alleged injuries, from a "general causation" standpoint, could have been caused by a particular level of formaldehyde exposure. Indeed, McGwin concedes that the epidemiological support for his causation opinion is much weaker than in the *Alexander* case that involved allegations of formaldehyde induced exacerbation of asthma.

Earline Castanel claims to have sustained exacerbation of rhinosinusitis (a stuffy and runny nose) and fear of cancer as a result of formaldehyde exposure.[3] There are no other relevant diseases

---

[1] McGwin report, Exhibit A.

[2] McGwin deposition, Exhibit B.

[3] See Report of Lawrence G. Miller, M.D., Exhibit C.

or injuries at issue. Dr. McGwin, to support Castanel's case from the standpoint of an epidemiological expert providing testimony on "general causation," issued his report opining that "the results of these [epidemiologic] studies support the existence of a causal relationship between residential formaldehyde exposure and respiratory symptoms."[4] However, when questioned about the *levels* of formaldehyde exposure required to have such a causal relationship between residential formaldehyde exposure and respiratory symptoms, Dr. McGwin testified that while he recognizes the importance of dose-response information in this case, the evidence in the literature simply does not exist that would allow him to give an opinion as to whether a particular dose of formaldehyde could cause respiratory illness:

> Q: Are you able to identify at what level of exposure this causal relationship [between residential formaldehyde exposure and respiratory symptoms] exists?
>
> A: No, sir.

\* \* \*

> Q: As we sit here today, you are unable to give an opinion on the level of formaldehyde exposure it would take to have a causal relationship between residential formaldehyde exposure and respiratory symptoms; is that correct?
>
> A: If you wanted and exact number, I would answer "yes."...

\* \* \*

> Q: Let's talk hypotheticals. You have a hypothetical exposure of 100 parts per billion.
>
> A: Okay.
>
> Q: In your opinion, does the literature support a causal relationship between that exposure and any respiratory health effect?

---

[4] Exhibit A, page 8 (CAST002236).

>   Mr. Reich:   Objection, form. The question is too vague to be answered, but you can go ahead and answer if you can.
>
>   A:   I don't think I can answer that question.[5]

Toxicologists uniformly agree that too much of any substance can cause damage. What is relevant in the case of an exposure case is the dose, or the amount of the exposure. Here, Dr. McGwin, while he believes the literature supports a causal link between formaldehyde and respiratory illness, has no idea at what exposure levels this causal connection is triggered. As such, his testimony is entirely irrelevant to the issues in this case. Because his testimony is not relevant, it should be excluded from evidence under Rule 402 of the Federal Rules of Evidence. Alternatively, the testimony should be excluded under Rule 403 as it would be prejudicial to the defendant to allow testimony that formaldehyde can cause injury when the testifying expert has no idea the exposure levels necessary to cause injury.

---

[5] Deposition of McGwin, Exhibit B, pp. 81-86.

Respectfully submitted,

   */s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

   */s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591