UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v.*<br>*RECREATION BY*<br>*DESIGN, LLC, SHAW*<br>*ENVIRONMENTAL, INC.,*<br>*and UNITED STATES OF AMERICA*<br>*THROUGH THE FEDERAL*<br>*EMERGENCY MANAGEMENT*<br>*AGENCY,* NO. 09-3251 | * * * * * * * * * | |

**************************************************************************

**RECREATION BY DESIGN, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION
IN LIMINE REQUESTING THAT THE COURT ENTER ITS PRIOR RULINGS MADE
IN THE *WRIGHT* TRIAL AS TO CERTAIN SIMILAR EVIDENTIARY ISSUES
RELEVANT TO THIS MATTER**

**MAY IT PLEASE THE COURT:**

Recreation By Design, LLC ("RBD"), move, this Court to enter in the *Castanel* matter its

prior rulings made in the *Wright* bellwether trail as to the following evidentiary issues which are also

issues present in the *Castanel* matter:

I. **References to (1) jurors', or others', status as taxpayers in connection with (2) FEMA's use of federal tax funds in purchasing, distributing, or storing FEMA EHUs in response to Hurricanes Katrina and Rita, as set out in Order 12448.**

In *Wright,* the Court granted Forest River's motion, excluding references to (1) jurors', or others', status as taxpayers in connection with (2) FEMA's use of federal tax funds in purchasing, distributing, or storing FEMA EHUs in response to Hurricanes Katrina and Rita.[1]

The same issues are present in the *Castanel* case. RBD requests that the Court enter its prior ruling on these issues in the *Castanel* case.

II. **References to the residents of FEMA EHUs as "victims",  as set out in Order 12448.**

In *Wright,* the Court granted Forest River's request that residents of FEMA EHUs not be referred to as "victims".

The same issues are present in the *Castanel* case. RBD requests that the Court enter its prior ruling on this issue in the *Castanel* case.[2]

III. **References to shortages or substitutions of construction materials relating to units procured by FEMA, as set out in Order 12448.**

In *Wright,* the Court granted Forest River's request that the Plaintiff not be allowed to make references to shortages or substitutions of construction materials relating to units procured by FEMA.

In the instant matter, RBD did not have difficulty obtaining wood products when manufacturing the EHUs which were procured by FEMA. See deposition testimony of Randall Rush, RBB's president as follows:

> Q.   Back in 2005 and 2006, did Recreation By Design ever suffer

---

[1] The Court granted this motion as expressly unopposed.

[2] The Court granted this motion as expressly unopposed.

>    from any kind of material shortages when you were trying to make
>    The 2600 emergency housing units for Morgan?
>
> A. Materials were hard to get. I think everybody was involved in
>    building at that time. I've been in the industry for 40 years, I
>    know my vendors well. They pretty much took care of us. I've
>    always paid my bills, always been a good customer to them.
>
> Q. And you were able to deal with any material shortages you had
>    to meet the terms of the contract with Morgan, right?
>
> A. That's correct. I think one of the rough ones was ranges at one time and it
>    held us up.
>
> Q. Was wood product ever a material that was in short supply?
>
> A. No.[3]

As the same issues regarding references to shortages or substitutions of construction materials relating to units procured by FEMA are present in the *Castanel* case, RBD requests that the Court enter its prior ruling on this issue in the *Castanel* case.

**IV.  References that the travel trailer industry was "plagued" with formaldehyde problems in the 1970s, as set out in Order 12448.**

In *Wright*, the Court denied Forest River's request that it exclude all references to "the travel trailer industry was "plagued" with formaldehyde problems in the 1970s. However, the Court did order that if such "evidence/testimony is elicited from Dr. Smulski for historical purposes at trial, it must be made clear to the jury that (a) travel trailers are different from manufactured housing, and (b) Forest River was not in existence in the 1970s and 1980s."[4] In this instant matter, RBD was also not in existence in the 1970s and 1980s. At RBD's 30(b)(6) deposition, Randall Rush, RBD's

---

[3] RBD 30(b)(6) depo. at 254:3-20, excerpts attached as Ex. A.

[4] See R. Doc. 12448.

president, testified that RBD was created in 1999.[5]

As RBD, like Forest River, was not in existence in the 1970s and the 1980s, the same issues are present in the *Castanel* case. RBD, therefore, requests that the Court enter its prior ruling regarding notification being made to the jury regarding the difference between manufactured housing and travel trailers and the fact that the manufacturer was not in existence in the 1970s and 1980s, be entered in the *Castanel* matter.

**V.     References to Dr. Wedner practicing medicine without a medical license, as set out in Order 12448.**

In *Wright,* the Court granted Forest River's request that no references be made regarding Dr. Wender practicing without a medical license. The Court, did however, state that if Plaintiff wishes to make a proffer on this issue, it can be addressed at the appropriate time outside of the presence of the jury.

The same issues are present in the *Castanel* case. RBD requests that the Court enter its prior ruling on this issue in the *Castanel* case.

**VI.    Any references to building codes, as set out in Orders 12448 and 12260.**

In *Wright,* the court initially granted Shaw Environmental, Inc.'s request to exclude references to building codes.[6] The Plaintiff's subsequent request that the Court to re-consider its ruling was denied.[7] The Court noted that it was not "in the least bit convinced that the building codes

---

[5] RBD 30(b)(6) depo. at 12:19-21, excerpts attached as Ex. A.

[6] See R. Doc. 12260.

[7] See. R. Docs. 12644 and 12779.

4

are relevant."[8]

The same issues are present in the *Castanel* case. RBD requests that the Court enter its prior ruling on this issue in the *Castanel* case.[9]

## VII. References to the November 2008 report by the Lawrence Berkeley National Laboratory, as set out in Order 12448.

In *Wright,* the court granted Forest River's request that no reference to the November 2008 report by the Lawrence Berkeley National Laboratory be allowed at trial of this matter. Just as in the Forest River case, none of the travel trailers examined by Lawrence Berkeley National Laboratory were manufactured by RBD.

The same issues are present in the *Castanel* case. RBD requests that the Court enter its prior ruling on this issue in the *Castanel* case.

## VIII. CONCLUSION

For the foregoing reasons, RBD respectfully requests that the Court enter its prior rulings made in the *Wright* case on these issues.

---

[8] See R. Doc. 12260.

[9] To the extent that plaintiff's conclusions regarding the applicability of building codes to the Castanel trailer differ from those in previous bellwether trials, however, a thorough analysis of this issue is the subject of a separate motion *in limine* filed by defendant Shaw Environmental, Inc. RBD hereby incorporates the arguments and defenses raised in that motion, along with all supporting memoranda.

Respectfully submitted,

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591