274-12292

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO.  07-1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO:
*TAMMY REEVES THOMAS V.*
*SUNNYBROOK RV, INC., ET AL*
*NO. 10-757*

*************************************************************************

## RESPONSES OF JACQUET CONSTRUCTION SERVICES, LLC TO PLAINTIFFS' AMENDING COMPLAINT FOR DAMAGES AND THIRD PARTY DEMAND

### RESPONSES TO AMENDING COMPLAINT FOR DAMAGES

Jacquet Construction Services, LLC responds to the Amending Complaint for

Damages, representing:

### FIRST DEFENSE

The Complaints fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The claims are time barred

## THIRD DEFENSE

Respondent had no duty to plaintiffs.

## FOURTH DEFENSE

Any and all damages complained of are a result of the fault of plaintiffs and/or

third parties.

## FIFTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## SIXTH DEFENSE

Any and all damages complained of by plaintiffs are the result of pre-existing

conditions.

## SEVENTH DEFENSE

Any liability of respondent is limited according to its contract with FEMA.

## EIGHTH DEFENSE

Any liability of respondent is precluded by its contract with FEMA since it acted

prudently in accordance with its contract and within its scope.

## NINTH DEFENSE

Any liability of respondent is precluded by its contract with FEMA since it

followed instructions, guidelines or information issued by FEMA employees or agents who were

authorized under the contract to issue such instructions, guidelines or information.

## TENTH DEFENSE

No action may be maintained against respondent since it performed its work

according to specifications and instructions furnished to it by FEMA, which respondent did not

make or cause to be made.

## ELEVENTH DEFENSE

The claims are barred pursuant to the *Spearin* doctrine.

## TWELFTH DEFENSE

The claims are barred pursuant to the federal contractor doctrine.

## THIRTEENTH DEFENSE

The claims are barred pursuant to the independent contractor doctrine.

## FOURTEENTH DEFENSE

The claims are barred by estoppel, release or waiver.

## FIFTEENTH DEFENSE

Respondent is not a manufacturer.

## SIXTEENTH DEFENSE

The claims are barred pursuant to the sophisticated purchaser/user doctrine.

## SEVENTEENTH DEFENSE

The trailer was not unreasonably dangerous under the Louisiana Products Liability Act.

## EIGHTEENTH DEFENSE

If there was a defect in the trailer, which is specifically denied, said defect was apparent and obvious.

## NINETEENTH DEFENSE

Respondent pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act.

## TWENTIETH DEFENSE

To the extent economic damages are claimed, they are barred pursuant to the economic loss doctrine.

## TWENTY-FIRST DEFENSE

Any damages were caused by superseding or intervening events.

## TWENTY-SECOND DEFENSE

The claims are barred as a result of FEMA's acceptance of the work.

## TWENTY-THIRD DEFENSE

It adopts the defenses of other defendants to the extent they are not inconsistent with its interests.

## TWENTY-FOURTH DEFENSE

And now, answering each and every allegation of the Amending Complaint for Damages, Jacquet Construction Services, LLC represents:

1.

It admits, upon information and belief, the allegations of paragraph 1.

2.

It admits the allegations of paragraph 2.

3.

It denies the allegations of paragraph 3.

4.

It admits the allegations of paragraph 4.

5.

It denies the allegations of paragraph 5.

6.

It admits its status as set forth in paragraph 6; otherwise, it denies the allegations

of that paragraph.

7. - 9.

It denies the allegations of paragraphs 7 through 9.

10.

It admits the allegations of paragraph 10.

11.

In response to paragraph 11, it admits each plaintiff alleges damages in excess of

$75,000.00, exclusive of interest and costs, but denies any plaintiff suffered damages in that

amount.

12.

It admits the allegations of paragraph 12, subject to its response to paragraph 11.

13.

It admits the allegations of paragraph 13.

14.

It admits, upon information and belief, the allegations of paragraph 14.

15.

It admits the allegations of paragraph 15.

16. - 128.

It denies the allegations of paragraphs 16 through 128.

129.

It denies any remaining and all unnumbered and misnumbered allegations and paragraphs.

## **THIRD PARTY DEMAND**

Now for its Third Party Demand against Mad Dawg, Inc. of North Carolina, Jacquet Construction Services, LLC respectfully avers:

1.

Mad Dawg, Inc. of North Carolina ("Mad Dawg") is a foreign corporation domiciled in North Carolina.

2.

Mad Dawg entered into a subcontract with Jacquet to perform work on the FEMA housing unit occupied by Tammy Reeves Thomas, including, but limited to, relocation and maintenance and deactivation of the housing unit.

3.

Jacquet subcontracted all of the work assigned to it by FEMA regarding the housing unit occupied by Tammy Reeves Thomas to Mad Dawg.

4.

If the work performed by Mad Dawg was performed improperly or below the standard of care for such work, it was due to the fault and neglect of Mad Dawg.

5.

If the work performed by Mad Dawg was performed improperly or below the standard of care for such work, this constitutes a breach of the subcontract between Mad Dawg and Jacquet for which Jacquet is entitled to damages.

6.

If the Court finds plaintiffs are entitled to damages from Jacquet, Jacquet is entitled to judgment against Mad Dawg for contribution, indemnity, breach of contract, cost of defense, court cost, attorney fees and interest.

WHEREFORE, Jacquet Construction Services, LLC prays that all claims against it be dismissed with prejudice and at the cost of plaintiffs. Alternatively, it prays for a judgment over and against Mad Dawg, Inc. of North Carolina for contribution and/or indemnity, costs, attorney fees and interest.

*//S// John A. Stewart, Jr.*
JOHN A. STEWART, JR. (#8164)
HULSE & WANEK
1010 Common Street, Suite 2800
New Orleans, LA 70112
(504) 524-6221   Fax (504) 529-4106
*(jas@hulsewanek.com)*
*Attorney for Jacquet Construction Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record.

*//S// John A. Stewart, Jr.*

JOHN A. STEWART, JR. (#8164)
HULSE & WANEK
1010 Common Street, Suite 2800
New Orleans, LA 70112
(504) 524-6221   Fax: (504) 529-4106
*Attorney for Jacquet Construction Services, LLC*
*jas@hulsewanek.com*