UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873 <br><br> SECTION "N-5" <br><br><br> JUDGE ENGELHARDT <br> MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO: <br> *EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC., and UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY,* NO. 09-3251 | * * * * * * * * * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF RECREATION BY DESIGN, LLC'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF CHARLES DAVID MOORE**

**MAY IT PLEASE THE COURT:**

    **NOW INTO COURT,** through undersigned counsel, comes defendant Recreation By Design, LLC ("RBD"), who offers the following memorandum in support of its *Motion in Limine*

to Exclude the Opinions and Testimony of Charles David Moore ("Moore").[1]

## I.  FACTUAL BACKGROUND

The instant action stems from Plaintiff's alleged exposure to formaldehyde while residing in a travel trailer supplied by FEMA as emergency housing.  Moore was retained to perform a "structural condition assessment of the trailer for trailer."[2]

In preparing his findings regarding his assessment of the units, Moore consulted several building codes.  Those codes are: "City of New Orleans Ordinances No. 11,625, M.C.S., The International Building Code (2000 edition), and the International Residential Code (2000 edition)."[3] Moore reliance on the referenced codes are in direct contradiction to this Court's previous Order regarding the relevancy of building codes to the matters at issue in this MDL Litigation.  The Court has ruled as follows regarding building codes:

> On the showing made, the Court is not in the least bit convinced that the building codes are relevant.  Even assuming that the codes are applicable, there seems to be little to no actual evidence that Defendants' failure to comply with such codes relates in any way to Plaintiff's grievance(s).  For this reason alone, the Court grants both of these motions now, such that no reference to building codes shall be admissible at trial.[4]

Although this Court's ruling should pertain to the same arguments regarding the inapplicability of building codes in the Castanel matter, out of an abundance of caution, RBD seeks

---

[1] As the Court and parties are familiar with the factual/procedural background of this matter, reference is made here to the background as set forth in Recreation by Design, LLC's Memorandum in Support of Motion for Summary Judgment Regarding Prescription (R. Doc. 9722).

[2] See Moore report, attached as Ex. A.

[3] *Id*. at pg. 5.

[4] *See* Order dated March 3, 2010, pp. 1-2 (Rec. Doc. 12260).

2

to adopt, as if set forth herein, the arguments and defenses previously raised in this MDL by defendants Shaw Environmental, Inc. and Forest River, Inc. regarding the inapplicability of building codes and standards to travel trailers. Specifically, RBD seeks to adopt the arguments and defenses raised in Shaw Environmental, Inc.'s Motion in Limine to Exclude References to Building Codes (Rec. Doc. 11414), Forest River, Inc.'s Motion in Limine to Exclude the Testimony of Ervin L. Ritter (Rec. Doc. 11393), and Forest River Inc.'s Motion to Exclude Certain Comments to the Jury (Rec. Doc. 11389), along with all supporting memoranda, as if copied herein.[5]

RBD briefly directs the Court to Moore's deposition testimony wherein he essentially testifies that no specific portion of the building codes he relied on in rendering his opinions were applicable to the Castanel travel trailer. Moore testified:

> Q. Mr. Moore, are there any parts of the New Orleans building code, the International Building Code or the International Residential Code specifically related to a travel trailer?
>
> A. No, sir, not that I know of.
>
> ****
>
> Q. Do you have any evidence that the Castanel unit sustained any type of damage due to not meeting local building codes, as you opine.
>
> A. I'm not sure. Ask that again.
>
> Q. Do you have any evidence that the Castanel unit sustained any type of damage due to it not meeting the local codes that you believe are applicable?

---

[5] The inapplicability of building codes to the Castanel trailer is also discussed further in RBD's Motion *in Limine* to Exclude References to Building Codes.

   A. I do not have any specific.[6]

The above excerpt from Moore's testimony is further support of this Court's prior ruling that building codes are not relevant to this matters at issue in the instant MDL.

## CONCLUSION

  This Court has previously ruled that building codes were not relevant and where, therefore, inadmissable at trial. Despite this Court's clear ruling, Moore again relied on the excluded building codes when rendering his expert opinion in the Castanel matter. For this reason alone, Moore's testimony should be excluded. RBD, therefore, respectfully requests that the Court exclude the testimony of Moore.

         Respectfully submitted,

         ***/s/ Lyon H. Garrison***
         LYON H. GARRISON, Bar No. 19591
         SCOTT P. YOUNT, Bar No. 22679
         RANDALL C. MULCAHY, Bar No. 26436
         DARRIN L. FORTE, Bar No. 26885
         KELLY M. MORTON, Bar No. 30645
         GARRISON, YOUNT, FORTE
         & MULCAHY, LLC
         909 Poydras Street, Suite 1800
         New Orleans, Louisiana 70112
         Telephone: (504) 527-0680
         Facsimile: (504) 527-0686
         Attorneys for defendant,
         Recreation By Design, LLC
         Email: lgarrison@garrisonyount.com

---

[6]Moore depo. at 159:2-25 and 160:1-5, excerpts attached as Ex. B.

## CERTIFICATE OF SERVICE

      I hereby certify that on April 16, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                  */s/ Lyon H. Garrison*
                                  LYON H. GARRISON, Bar No. 19591