UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                    MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                    SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2892

## ORDER

       Before the Court is Plaintiff's Opposed Motion to Re-Tax Costs (Rec. Doc. 10926). This motion was opposed by both Gulf Stream Coach, Inc. ("Gulf Steam") (See Rec. Doc. 11580) and Fluor Enterprises, Inc. ("Fluor") (See Rec. Doc. 11699). After considering the memoranda filed by the parties and the applicable law,

       **IT IS ORDERED** that the **Plaintiff's Opposed Motion to Re-Tax Costs (Rec. Doc. 10926)** is **GRANTED IN PART and DENIED IN PART**. It is granted only to the extent that the amount of Gulf Stream's deposition costs is reduced by $323.50, which Gulf Stream admits was erroneously requested and awarded. (Thus, Gulf Steam is entitled to $75, 207.84 in costs, and Fluor is entitled to $116,543.07 in costs, as previously awarded by the Clerk of Court). The motion is denied in all other respects.

       In making this determination as to the substantive issues raised by Plaintiff, the Court notes that the Clerk of Court has many years of experience and is extremely well-versed to consider what are/are not taxable costs.

To address the equitable issues asserted by Plaintiff, the Court recognizes that this was an expensive piece of litigation. However, if Plaintiff had prevailed, Defendant(s) would no doubt have been responsible for paying costs of a similar amount and magnitude, perhaps even more. Thus, the Court will not relieve any non-prevailing party in this litigation of the responsibility to pay costs after trial.

However, the Court recognizes that this was a bellwether trial, which by definition is designed to be illustrative of similar claims asserted in the MDL. Given this, the Court encourages Plaintiff's counsel to devise and pursue any and all appropriate alternatives to spread these costs amongst more individuals than only Ms. Alexander (i.e., amongst Plaintiff's counsel and/or other claimants). Indeed, Ms. Alexander should not be solely financially responsible for bringing her lawsuit to trial, the result of which was meant to provide information to many other claimants who, as a result of this trial, may not be burdened with incurring such costs, for whatever reason.[1]

New Orleans, Louisiana, this 16th day of April, 2010.

                                              **KURT D. ENGELHARDT**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] Bellwether trials, by design, are meant to be instructive in so far as how/if future trials should be conducted. The benefits to other plaintiffs are many, including review of trial strategy, evaluation of witnesses for later use, jury selection and post-trial interviewing, settlement evaluation, and subsequent motion practice.