**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO** | | * | |
| | | * | |
| *Earline Castanel et al. v. Recreation by* | | * | |
| *Design, LLC, et al*, Docket No. 09-3251; | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S STATEMENT OF THE MATERIAL FACTS AS TO WHICH
THERE EXIST A GENUINE ISSUE TO BE TRIED**

Pursuant to Local Rule 56.2, Plaintiff Earline Castanel sets forth the following statement of material facts as to which there exist a genuine issue to be tried, with respect to Defendant Recreation By Design LLC's ("RBD") Partial Motion for Summary Judgment as to Plaintiff's Surgery-Related Claims (Document No. 13233).

**I.    MATERIAL FACTS AS TO WHICH THERE EXIST A GENUINE ISSUE TO BE TRIED.**

1.     It *is disputed* that the plaintiff's treating physician, Dr. Alan Bowers, a board certified doctor of internal medicine, is the most appropriate and qualified physician and/or expert to opine upon Ms. Castanel sinus/upper airway condition. As RBD is well aware, Dr. Joseph Gautreaux, a board certified Ear, Nose and Throat specialist, has treated Ms. Castanel for sinus/upper airway complaints. RBD has misconstrued Dr. Gautreaux's testimony regarding a lack of change in Ms. Castanel's sinusitis diagnosis as indicating a lack of worsening of her condition. Even if Ms. Castanel's sinusitis had a bacterial component in 2009, as Dr. Gautreaux has testified, it

would not mean that she could not or did not have sinusitis from another cause at an earlier point. Moreover, the testimony cited on pp. 8-10 of RBD's Memorandum does not inquire into Dr. Gautreaux's opinions on whether Ms. Castanel's condition may have been exacerbated by the trailer. Lack of change in diagnosis is properly interpreted as meaning that Ms. Castanel may have been diagnosed with sinusitis before Hurricane Katrina, which diagnosis has persisted to the present time.

2.   It is *disputed* that any failure by the plaintiff to tell her treating physicians that she thought formaldehyde was causing any of her symptoms should be interpreted as a lack of medical evidence in this case. Ms. Castanel is not a doctor and is not required to diagnose her own condition nor qualified to present medical testimony. Moreover, one of the doctors involved in Ms. Castanel's treatment, Dr. Shwery, testified as to his doubt that Ms. Castanel would even know what formaldehyde is in order to make such a statement. Shwery Deposition, p. 84, lines 4-7, attached as Ex. A.

3.   It is *disputed* that the plaintiff needs an opinion from either Dr. Bowers or Dr. Gautreaux that her rhinosinusitis and/or nasal surgery were caused and/or exacerbated by any alleged exposure to formaldehyde to establish her prima facie case of medical causation. Ms. Castanel has produced the professional opinion of medical expert Lawrence G. Miller, M.D., M.P.H. that, "within a reasonable degree of medical probability, the exposure to formaldehyde emissions during Ms. Castanel's residence in the FEMA trailer significantly exacerbated Ms. Castanel's rhinosinusitis." Miller Affidavit, p. 6, attached as Ex. B. Being triple board certified and having an additional graduate degree in Environmental Health, Dr. Miller is unquestionably qualified to render

such an opinion based on his review of scientific literature, Ms. Castanel's medical records, and his own physical examination.

As Dr. Miller has testified, acute and chronic exposure to formaldehyde is known to produce irritation in the eyes and upper respiratory tract. *See* Ex. B, p. 4. He has further testified that rhinosinusitis is clearly associated with formaldehyde exposure in humans. Ex. B, p. 5. Finally, it is his testimony that scientific data strongly supports the correlation between formaldehyde exposure in the development of rhinosinusitis in humans and that the cytotxic effects of formaldehyde on the nasal and respiratory epithelium is well-described and widely accepted. *Id.* Dr. Miller's testimony is clearly sufficient to establish the plaintiff's prima facie case of medical causation.

4.      RBD's assertion that Dr. Miller has no opinion on the level of alleged formaldehyde exposure experienced by Ms. Castanel is ***disputed***. It is absurd to insist that air sampling of Ms. Castanel's trailer performed in the winter time four years after Ms. Castanel lived in it could yield a significant and reliable assessment of the possible levels of formaldehyde that Ms. Castanel might have been exposed to when she lived in the trailer. Moreover, Dr. Miller has testified as to air sampling performed by the Centers of Disease Control which determined a mean formaldehyde level of 77 ppb in occupied trailers in July 2008. *See* Ex. B, p. 4. He has also testified as to his opinion that levels would likely have been higher when the trailers were first placed into use. *Id.* Finally, he has testified that evidence supports that Ms. Castanel was more sensitive to the effects of formaldehyde on her upper respiratory tract, including her nasal passages and sinuses, due to her history of allergies. *See* Ex. B, p. 6.

5. It is ***disputed*** that Dr. Miller has no opinion as to whether the plaintiff's sinus surgery is related to any alleged exposure to formaldehyde in her travel trailer. Dr. Miller did not assert any opinion regarding the surgery in his Affidavit and was not asked to express any opinion on it during his deposition because the surgery had not happened before either of these events.

The date for the plaintiff's surgery was not chosen for any strategy but rather was dictated by the examination of the plaintiff's sinuses, which began with plain film x-rays on December 28, 2009 ordered by Dr. Gautreaux to investigate complaints of chest congestion and cough. *See* History / Physical Examination Report attached as Ex. C. That x-ray was interpreted to require further evaluation with CT. *See* Radiology Results of December 28, 2009, attached as Ex. D. Consequently, a CT maxiofacial without contrast [dye] was performed on February 22, 2010. *See* Radiology Results of February 22, 2010, attached as Ex. E. Surgery was scheduled as a result of the interpretation of the results of this study, which advised correlation with direct visual inspection. *See* Ex. E (second page).

It is illogical for RBD to criticize Dr. Miller, or any of the plaintiff's experts for that matter, for not commenting upon an event that had not occurred at the time he formulated his opinions, particularly in light of the fact that RBD is now moving to prevent Dr. Miller from expressing whatever opinions he may have on the surgery at prior to or at the trial. Dr. Miller and the plaintiff's other experts can provide opinions on the plaintiff's sinus surgery if and when they are asked to do so.

Respectfully Submitted,

**FEMA TRAILER FORMALDEHYDE**

4

**PRODUCT LIABILITY LITIGATION**

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
Dennis Reich, Texas #16739600

6

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on April 16, 2010.

          s/Gerald E. Meunier
          GERALD E. MEUNIER, #9471