UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER          *     MDL NO. 1873
         FORMALDEHYDE PRODUCTS *
         LIABILITY LITIGATION  *     SECTION "N-5"
                               *
                               *      JUDGE ENGELHARDT
                               *     MAGISTRATE CHASEZ
THIS DOCUMENT RELATES TO:      *
                               *
*Earline Castanel, et al. vs. Recreation By Design,*    *
*LLC, Shaw Environmental, Inc., and FEMA*;    *
Docket No. 09-3251             *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
RECREATION BY DESIGN, LLC AND SHAW ENVIRONMENTAL, INC.
MOTION FOR SUMMARY JUDGMENT ON EXCLUSION OF CLAIMS**

**MAY IT PLEASE THE COURT:**

Plaintiff Earline Castanel, through undersigned counsel, respectfully submits this response to Defendants Recreation By Design, LLC ("RBD") and Shaw Environmental, Inc.'s ("Shaw") Motion for Summary Judgment regarding exclusion of claims, and, in support, would show:

**SUMMARY OF ARGUMENT**

In the Motion for Summary Judgment on exclusion of claims filed by both RBD and Shaw (hereinafter "Defendants"), Defendants argue that Plaintiff fails to present specific causation evidence of medical injury to Ms. Castanel. Not only is this untrue, but also Defendants' arguments show a fundamental misunderstanding of the difference between the evidence supporting a medical injury or claim and the claimed injuries themselves. In her Plaintiff Fact Sheet, Original Complaint for Damages, First Supplemental and Amending Complaint, and depositions, Ms. Castanel testified about her symptoms after moving into her

trailer, including the following: eye irritation, tearing of eyes, skin irritation, skin rashes, drying or scaling or skin, nausea, abdominal pain, diarrhea, tightness of the chest, throat irritation, hoarseness, headaches, and sinus problems. Ms. Castanel is not a physician and does not have sufficient medical training with which to diagnose her medical condition. Thus, these testified to symptoms are evidence of her condition, and are not "claims" as Defendants wrongly construe them. Summary Judgment must fail on exclusion of these symptoms, which are evidence of Ms. Castanel's claims of exacerbated rhinosinusitis and mental anguish (anxiety and fear of cancer) and which are relied upon by experts and treating physicians to diagnose both her medical conditions and the specific cause(s) of her medical conditions to a reasonable medical certainty.

In addition to the claims of exacerbated rhinosinusitis and mental anguish, there exists ample support in the record for Ms. Castanel's claims for past and future injuries, pain and suffering, impairment and disability, medical expenses, loss of enjoyment of life and quality of life, metal anguish and emotional distress, which are related to Plaintiff's claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer and are evidenced by the above-mentioned symptoms. As to Ms. Castanel's previous claims for loss of consortium and medical monitoring, the Plaintiff presents no opposition. However, Ms. Castanel has incurred medical expenses, including the cost of hospital and doctor visits and medications, as a result of injuries caused by formaldehyde exposure while living in the trailer. The deterioration of Ms. Castanel's medical condition, evidenced by her deposition testimony of symptoms during her residence in the trailer, supports her claim for pain and suffering, mental anguish and emotional distress.

**FACTUAL BACKGROUND**

In February 2006, Plaintiff Earline Castanel moved into a trailer that was manufactured

by RBD and installed by Shaw. She lived in the trailer continuously until about March 2007.[1] Approximately five weeks after moving into the trailer, Ms. Castanel began to suffer breathing problems, sinus problems, eye irritation, and swelling or puffiness around her eyes.[2] She began to develop nausea, abdominal pain, diarrhea, dry skin, itchy skin, and spots and/or rashes about three months after moving into the trailer.[3] Three or four months after moving into the trailer, Ms. Castanel began to suffer tightness of the chest, throat irritation, and hoarseness.[4] Ms. Castanel testified that her sinus condition was "much worse" than before she had moved into the trailer.[5] She testified that she "just would feel bad" and would get "nauseated" when living in the trailer.[6] Ms. Castanel averred that her headaches were more severe than those she had experienced before living in the trailer.[7] However, even though Ms. Castanel could recall these symptoms and the timing of their arrival to the best of her knowledge, Ms. Castanel stated: "I don't know what it was being caused by, I just know I felt it."[8] It was not until after moving out of her trailer that Ms. Castanel linked her symptoms to formaldehyde in the trailers.[9]

While she was living in the trailer, and after moving out of the trailer, Ms. Castanel has received medical treatment on numerous occasions for chest pain, hypertension, eye irritation, throat and sinus problems.[10] Ms. Castanel was "admitted to the Ochsner Emergency Room in August of 2009 for near scope, and described sinus congestion at the time."[11] Dr. Lawrence Miller noted in his affidavit that Ms. Castanel was prescribed fourteen (14) medications as of

---

[1] See Deposition of Earline Castanel taken on December 2, 2009, excerpts attached as Exhibit "A", at p. 25.
[2] See *Id.* at p.32-33,37.
[3] See *Id.* at p.36-39.
[4] See *Id.* at p.40.
[5] *Id.* at p.69.
[6] *Id.* at p.34-35.
[7] See *Id.* at p.38.
[8] *Id.* at p.35.
[9] See *Id.* at p.56,92-93.
[10] Affidavit of Lawrence G. Miller, CAST002312, Jan. 28, 2010, attached hereto as Exhibit "B", at p.3
[11] *Id.*

October 2008.[12] On March 31, 2010 Ms. Castanel underwent sinus surgery, performed by Dr. Joseph Gautreaux, III.

## ARGUMENT AND AUTHORITIES

**I.     SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only where "there is no issue as to any material fact . . . the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir. 1991); Fed R. Civ. P. 56(c). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (5th Cir. 2001). A factual dispute where the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

Evidence that exists in the record and that is referenced in the nonmovant's response to the motion for summary judgment is properly before the district court. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Confronted with such a motion, the nonmoving party must direct the court's attention to evidence in the record which demonstrates that it can satisfy a "fair-minded jury" that it is entitled to verdict in its favor." *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)). This can be accomplished by tendering affidavits, depositions, and other materials which provide evidentiary support for its claim. *International Shortstop*, 939 F.2d at 1263.

Relevant evidence is generally admissible at trial. Fed. R. Evid. 802. In determining

---

[12] *Id.*

whether evidence is relevant, a court should ask: "[d]oes the item of evidence tend to prove the matter sought to proved?" Fed. R. Evid. 802, Adv. Comm. Note (1972).

## II. MEDICAL SYMPTOMS ARE BOTH EVIDENCE OF EXPOSURE RELIED UPON BY EXPERTS AND SUPPORT FOR THE PLAINTIFF'S CLAIMS

Defendants argue that certain medical symptoms suffered by Earline Castanel, should be excluded.[13] Plaintiff concedes that medical monitoring should be excluded. However, Ms. Castanel specifically testified in her depositions to the following symptoms: irritation to eyes; swelling or puffiness around eyes; irritation/itching of skin; rashes on skin; drying or scaling of skin; nausea; abdominal pain; diarrhea; tightness of the chest; throat irritation; hoarseness; breathing problems; headaches; and sinus problems. These symptoms should not be excluded because they are evidence of exposure to formaldehyde, which experts relied upon to determine the specific causation of Ms. Castanel's exacerbated rhinosinusitis. Furthermore, these symptoms will provide the ultimate finder of fact with relevant evidence of sworn to testimony by Ms. Castanel as to her medical symptoms while living in the trailer.

    A.    *Ms. Castanel's Eye, Skin and Throat Symptoms*

Ms. Castanel's medical symptoms directly support her claims of injury. "Symptoms from acute exposure to formaldehyde commonly manifest as irritation of the throat, nose, eyes, skin, and upper respiratory tract. This upper respiratory tract irritation can exacerbate symptoms of asthma and other respiratory illnesses."[14] Dr. Patricia Williams has testified that concentrations of formaldehyde as low as 8 ppb can cause eye irritation; "prolonged exposure to low concentrations of [formaldehyde] vapor can result in irritation of the eyes, inflammation of

---

[13] *See* Defendants' Memorandum in Support of Motion for Summary Judgment at p.3.
[14] CDC Final Report on Formaldehyde Levels in FEMA-Supplied Travel Trailers, Park Models, and Mobile Homes, PSC002203, July 2, 2008, excerpts attached as Exhibit "C", at p.4. The CDC"[t]he geometric mean level of formaldehyde in sampled trailers was 77 ppb."

the eyelids, and sensitive persons might develop an allergic skin rash."[15] The threshold level of formaldehyde exposure for throat irritation as low as 81 ppb.[16] Eye irritation, swelling and puffing around the eyes for approximately one year are evidence of Ms. Castanel's past physical injuries and past physical pain and suffering, as a result of exposure to formaldehyde. Ms. Castanel's throat irritation and skin irritation, including rashes, dry skin, and itching, over a period of approximately nine months are evidence of the past physical pain and injury suffered by Ms. Castanel.

B.  *Ms. Castanel's Symptoms Related to Exacerbated Rhinosinusitis*

Defendants concede that Dr. Miller took into account Ms. Castanel's medical history in formulating his expert opinion that Ms. Castanel suffered an exacerbation of rhinosinusitis as a result of exposure to formaldehyde emissions. Indeed, Dr. Miller looked at medical symptoms, which Ms. Castanel testified that she experienced, including rashes, chest pain, breathing problems, severe headaches, and general sinus problems.[17] It is Dr. Miller's opinion that "the exposure to formaldehyde emissions during her residence in the FEMA trailer significantly exacerbated Ms. Castanel's rhinosinusitis."[18] These symptoms are also support for Ms. Castanel's claims of past and future physical injury, past and future mental and physical pain and suffering, past and future impairment and disability, decreased enjoyment and quality of life, and mental anguish and emotional distress, including the fear of an increased risk of future serious disease.

C.  *Ms. Castanel's Nausea, Abdominal Pain, and Diarrhea*

In her deposition, Ms. Castanel testified to suffering nausea, abdominal pain, and

---

[15] *See* Preliminary Affidavit of Patricia M. Williams, CAST002002, Jan. 27, 2010, excerpts attached as Exhibit "D" at p.11.
[16] *Id.*
[17] Exhibit "B" at p.2-3.
[18] *Id.* at p.6.

diarrhea.[19] Headaches, nausea, vomiting, and diarrhea have been reported by people exposed to concentrations of formaldehyde as low as 0.02 ppm.[20] Testimony as to these medical symptoms are relevant and admissible at trial as they are medical symptoms which are direct evidence of the severity of Ms. Castanel's physical pain and suffering caused by her exposure to formaldehyde. Accordingly, evidence and testimony of Ms. Castanel's symptoms are relevant and should not be excluded.

### III.  MS. CASTANEL'S MEDICAL TREATMENT IS EVIDENCE IN SUPPORT FOR HER CLAIM FOR MEDICAL EXPENSES.

Ms. Castanel's numerous visits to her treating physicians, from the onset of symptoms in March 2006 until the present and the hospitalization, doctor visits, surgery, and prescribed medications likely necessitated by the approximate thirteen (13) months of exposure to elevated levels of formaldehyde are evidence in support of her claim against Defendants for medical expenses.

### CONCLUSION

Ms. Castanel has been diagnosed with exacerbated rhinosinusitis caused by exposure to formaldehyde. Ms. Castanel has also experienced skin, eye, and throat irritation while in the trailer and these symptoms are supported by Dr. Williams Affidavit on General Causation. Ms. Castanel's chest pain, breathing, sinus, and rash symptoms are medical symptoms that Dr. Miller relied upon in formulating his opinion that the formaldehyde exposure caused exacerbation of Ms. Castanel's rhinosinusitis. Ms. Castanel's general malaise and nauseated feelings, including abdominal pains and diarrhea, are symptoms related to her claims of pain and suffering caused by the formaldehyde exposure.

---

[19] See Exhibit "A" at p.38-39.
[20] See Exhibit "D" at p.11.

Accordingly, Plaintiff requests this Honorable Court deny summary judgment on exclusion of Plaintiff's claims of past and future injuries, pain and suffering, impairment and disability, medical expenses, loss of enjoyment of life and quality of life, mental anguish and emotional distress, which are mostly intertwined with Plaintiff's claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer. Additionally, Plaintiffs request that this Court deny exclusion of Plaintiff's testimony concerning medical symptoms of: (a) irritation to the eyes; (b) tearing of eyes; (c) irritation or itching of skin; (d) rashes on skin; (e) drying or scaling of skin; (f) nausea; (g) abdominal pain; (h) diarrhea; (i) tightness of chest; (j) throat irritation; (k) hoarseness; and (l) headaches.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973

jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 16, 2010.

/s/Gerald E. Meunier
GERALD E. MEUNIER