UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel, et. al. v Recreation by Design, LLC, et. al* | * | |
| Docket No. 09-3251 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
REFERENCES TO CERTAIN INCIDENTS RELATING TO DR. MILLER**

Plaintiff Earline Castanel submits this memorandum in support of her Motion *in Limine* to exclude references to certain historical incidents relating to Dr. Miller, and would show as follows:

**I.
FACTUAL BACKGROUND**

Dr. Lawrence Miller is an M.D., board certified in internal medicine, pulmonary disease, and clinical pharmacology, with an M.P.H. in environmental health.  He will testify as to the specific causation of the exacerbation of Ms. Castanel's rhinosinusitis and related symptoms associated with formaldehyde exposure.  As Plaintiff's specific causation expert, Dr. Miller will present evidence relating to Ms. Castanel's medical and psychological history, her medical and psychological signs and symptoms, the standards concerning the exposure levels at which formaldehyde is harmful, the levels of formaldehyde to which Ms. Castanel was exposed, and his medical opinion concerning the specific causation of her physical and emotional injuries.

1

During his distinguished career, Dr. Miller has conducted scientific research in numerous areas of basic and applied science, including biochemistry immunology, pharmacology, neurochemistry and toxicology; and has published prolifically in these areas. *See* Exhibit B. Because of his uniquely appropriate credentials, he has frequently served as an expert witness in toxic exposure litigation.

Over twenty-five (25) years ago, when Dr. Miller was in fellowship training at Harvard Medical School, one of his research papers relating to asthma was faulted by the school, and as a result, was withdrawn from consideration for publication. More than twenty (20) years ago, Dr. Miller served as an expert witness in *Christophersen v. Allied-Signal Corp.,* a toxic exposure case in which his testimony was ultimately excluded under the now-abrogated *Frye* rule. *See* Christophersen v. Allied-Signal Corp., 939 F.2d 1106 (5th Cir. 1991). Neither of these events bears any relevance to Ms. Castanel's case, and therefore, any mention of them should be excluded.

## II.
## EVIDENCE

Exhibit A    Affidavit of Dr. Miller

Exhibit B    CV of Dr. Miller

## III.
## ARGUMENT & AUTHORITIES

Relevance is the essential prerequisite of admissibility under Rule 402 of the Federal Rules of Evidence. U.S. v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981). Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." Id.  Under Rule 403, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. U.S. v. Fields, 483 F.3d 313, 354 (5th Cir. 2007).  Dr. Miller's past publication and litigation history have no relevance to any fact issue in Ms. Castanel's case, and would unduly prejudice the jury if discussed.  Any mention of these incidents should therefore be excluded. *See* Id.; Hall, 653 F.2d at 1005.

    A.  <u>Dr. Miller's historical publication and litigation events are not relevant.</u>

As Plaintiff's specific causation exert, the primary fact issues Dr. Miller will address are (1) whether Ms. Castanel's rhinosinusitis was exacerbated as a result of her exposure to formaldehyde; (2) the level of formaldehyde to which she was exposed; and (3) the level of formaldehyde exposure that is harmful to humans. *See* Exhibit A.  *Christophersen v. Allied-Signal Corp.*, the 1991 case in which Dr. Miller's testimony was excluded, dealt with a rare form of cancer allegedly arising from exposure to nickel and cadmium.  Since Ms. Castanel's case and *Christophersen* involved entirely different chemicals and entirely different diseases, *Christophersen* could not possibly either positively or negatively impact the resolution of any of the fact issues addressed by Dr. Miller in Ms. Castanel's case. *See* Christophersen, 939 F.2d at 1108.  The *Christophersen* ruling, therefore, is not relevant to Ms. Castanel's case. *See* Hall, 653 F.2d at 1005.

Dr. Miller's unpublished research article likewise has no relevance to Ms. Castanel's case.  The subject of Dr. Miller's article was asthma, a disease totally unrelated to Ms. Castanel's rhinosinusitis.  Nothing concerning the circumstances surrounding the article would make any fact issue addressed by Dr. Miller in this case more or less probable.   Dr. Miller's unpublished article, therefore, is not relevant to Ms. Casatnel's case. *See* Id.

B. <u>Mention of either *Christophersen* or Dr. Miller's unpublished article would be unduly prejudicial.</u>

Especially in the face of their blatant irrelevance to Ms. Castanel's case, Defendant's only conceivable purpose for injecting *Christophersen* or Dr. Miller's unpublished paper into the present litigation would be to unfairly discredit Dr. Miller and unduly prejudice the jury against Ms. Castanel. Since the major function of Rule 403 is to exclude "matter(s) of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect," any mention of circumstances surrounding either the *Christophersen* case or Dr. Miller's unpublished paper should be excluded. *See* <u>Fields</u>, 483 F.3d at 354.

## IV.
## CONCLUSION

The facts of the *Christophersen* case are so different from those of Ms. Castanel's as to be totally irrelevant. Similarly, nothing about the circumstances of Dr. Miller's unpublished research article could possibly have any impact on any fact issue in the Castanel case. The only reason to introduce either of these subjects would be their prejudicial effect on the jury. Any mention of either subject should therefore be excluded.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

4

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas # 16739600

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier
                                                GERALD E. MEUNIER, #9471