UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel, et. al. v Recreation by Design, LLC, et. al* | * | |
| Docket No. 09-3251 | * | |
| | * | |

* * * * * * * * * * * * * * * *  * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCE TO THE FINANCIAL MATTERS OF EARLINE CASTANEL

Plaintiff, Earline Castanel, respectfully submits this memorandum in support of her Motion *in Limine* to Prohibit References to the Financial Matters of Earline Castanel and hereto states:

### FACTUAL BACKGROUND

Plaintiff brings this Motion in *Limine* to prohibit any reference to certain unrelated financial data of the plaintiff, Earline Castanel. Plaintiff has produced her Social Security/Disability record regardless of whether it contains pertinent health

1

related information. However, as Plaintiff is not making a claim for lost wages or future income, her financial data is not relevant. Even if such evidence were relevant, evidence of Ms. Castanel's financial affairs should be excluded as its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.

## ARGUMENT & AUTHORITIES

Only relevant evidence is admissible. FED. R. EVID. 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, this Court is permitted to exclude relevant evidence if the Court finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Here, any testimony or reference to Earline Castanel's financial matters is wholly irrelevant to any issue at hand.

Ms. Castanel has made no claim for lost wages, nor has she made any claim relating to income. Thus, evidence relating to Ms. Castanel's financial matters is irrelevant, as such evidence does not tend to prove the existence of a consequential fact. FED. R. EVID. 401. Further, even if this Court finds such evidence is relevant, it should be excluded because it fails the balancing test set forth in Rule 403 of the Federal Rules

2

of Evidence. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, or a waste of time. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989). Notably, in neither of Castanel's depositions did she testify as to any financial matters other than the amount of her monthly income derived from Social Security, and whether she received Government assistance in response to Hurricane Katrina. Because evidence with regard to Earline Castanel's receipt and use of funds from the Government would raise issues of prejudice wholly unrelated to any relevant issue, any such evidence should be excluded as prejudicial. Evidence as to the financial affairs of Earline Castanel would confuse the issues, and would mislead the jury. Such evidence concerns matters wholly unrelated to the issues at bar, its prejudice would clearly outweigh any probative value. Defendant should be precluded from referencing, soliciting testimony or arguing Ms. Castanel's financial affairs.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court exclude any evidence relating to the financial matters of Earline Castanel, and grant Plaintiff's

3

Motion *in Limine* to Prohibit Reference to the Financial Matters of Earline Castanel.

        Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier
                                                GERALD E. MEUNIER, #9471