**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:    FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILLITY LITIGATION | MDL NO. 1873 |
| | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: *Bellwether Trial against Palm Harbor Homes, Inc. et al* | JUDGE ENGELHARDT MAGISTRATE CHASEZ |

**TRIAL SCHEDULING ORDER**
**(Palm Harbor Bellwether Trial)**

Considering the Court's February 26, 2010 Order (R. Doc. 11953), the following deadlines are entered as it relates to the bellwether trial proceeding against Palm Harbor Homes, Inc., Fluor Enterprises, Inc. and The United States of America, through the Federal Emergency Management Agency ("FEMA"):

All pre-trial motions, including dispositive motions, shall be filed and served in sufficient time to permit hearing thereon no later than **August 16, 2010** (60 days prior to the Trial Date). Any motions filed in violation of this order shall be deemed waived unless good cause is shown.

All *Daubert* motions shall be filed no later than the day the pre-trial order is due: **August 31, 2010 (30** days prior to Final Pre-trial Conference Date).

All motions *in limine* shall be filed no later than **August 27, 2010.**

Requests for oral argument shall be submitted and handled in accordance with Local Rule 78.1E.

Counsel shall complete all disclosure of information as follows:

All parties have stipulated that initial disclosures pursuant to Fed. R.Civ. P. 26 (a)(1) will not be conducted in this case.

Depositions for use at trial use shall be taken and all discovery shall be completed no later than **August 3, 2010** (75 days prior to the Trial Date).

Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than **April 22, 2010**. The deadline to file responses to any pleadings filed on or before April 22, 2010 shall be **May 6, 1010.**

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

The Court has previously entered Pre-Trial Orders authorizing parties to conduct discovery, including issuance of written discovery and taking of depositions.

Testing of the subject unit (if the unit is available) may take place at any time after the entry of this Order. However, Plaintiff must complete testing of subject unit (if the unit is able to be located) no later than **May 28, 2010.** Defendants must complete testing of the subject unit (if the unit is able to be located) no later than **June 30, 2010.** All parties, through designated representatives, are permitted to attend any testing conducted, assuming that the parties comply with all waiver and indemnity requirements previously established by the United States Government.

Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), and including treating physicians, who may be witnesses for plaintiff fully setting forth all maters about which they will testify and the basis therefor shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **July 14, 2010** (77 days prior to Final Pre-trial Conference Date).

Written reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), and including treating physicians, who may be witnesses for defendant fully setting forth all maters about which they will testify and the basis therefor shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **July 28, 2010** (63 days prior to Final Pre-trial Conference Date).

Counsel for the parties shall file in the record and serve upon their opponents an *initial* list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **June 15, 2010.**

Counsel for the parties shall file in the record and serve upon their opponents a *final* list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **July 15, 2010.**

Any party offering deposition testimony in lieu of live testimony at the trial of this matter must submit to opposing counsel by **September 7, 2010** (40 days before trial) designations of the portions of the deposition transcripts to be offered. By **September 22, 2010** (25 days before trial), opposing counsel must submit counter-designations to the offering party.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Minute Entry as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

Settlement possibilities were discussed. A further settlement conference will be scheduled at any time at the request of any party.

This case **does** involve extensive documentary evidence, depositions or other discovery.

A final pre-trial conference will be held before the District Judge on **September 30, 2010 at 10:00am.** Counsel will be prepared in accordance with the final Pre-Trial Notice attached.

**THE PRETRIAL ORDER SUBMITTED TO THE COURT MUST BE DOUBLE SPACED, PAGINATED, AND SIGNED BY ALL COUNSEL.**

Trial will commence during the week beginning **October 18, 2010 at 8:30am.** before the District Judge **with** a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last **fourteen** day(s).

Plaintiff's claims against the non-governmental private defendants will be tried before a jury. Plaintiff's claims against the United States will be tried by the Court, and pursuant to the Court's previous Order in this Multi-District Litigation, the Court in resolving Plaintiff's claims against the United States may use the jury in an advisory capacity.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause. Trial will not be continued, even on a joint motion, absent good cause or compelling reason. If, however, a continuance is granted, deadlines and cut off dates will not be extended automatically, unless otherwise ordered by the Court.

It shall be assumed that <u>all</u> attorneys listed as counsel of record are, at all times, informed and conversant about the case, and have authority to discuss this matter with the Court.

**No cell phones, pages, beepers, or other audible communication devices are allowed in Section "N" courtroom and chambers. Any audible electronic communication devices brought in to the Section "N" courtroom or chambers are subject to permanent confiscation, and/or sanction of the violator of this policy.** You may turn such devices into Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N".

**All communication with Court Staff is equivalent to communication directly with the undersigned, and shall be courteous and professional. Any conduct toward Court staff in deviation of this standard shall be promptly reported to the undersigned.**

New Orleans, Louisiana, this 16th day of April, 2010.

                                                     _____
                                                     **KURT D. ENGELHARDT**
                                                     **UNITED STATES DISTRICT JUDGE**