UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE        MDL NO. 07-1873
PRODUCTS LIABILITY LITIGATION

                                        SECTION N(5)

THIS DOCUMENT RELATES TO:               JUDGE ENGELHARDT

ALL CASES                               MAGISTRATE CHASEZ

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**AMERICAN RADIATION SERVICES, INC.'S
ANSWER  AND AFFIRMATIVE DEFENSES TO THIRD AND FOURTH
SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT**

NOW INTO COURT comes Defendant, American Radiation Services, Inc. ("ARS"),

who pursuant to Pre-Trial Order No. 36 answers and asserts the following defenses to the

Plaintiffs' Third Supplemental and Amended Administrative Master Complaint (Rec. Doc. 4486)

and Fourth Supplemental and Amended Administrative Master Complaint (Rec. Doc. No.

7688)(Collectively referred to as the "Master Complaint")[1]:

---

[1]    Through this pleading, ARS answers, responds and asserts defenses to Plaintiffs' Original Master Complaint
(Rec. Doc. No. 109), First Supplemental and Amended Master Complaint (Rec. Doc. No. 379) and Second
Supplemental and Amended Master Complaint (Rec. Doc. No. 722).  Although Plaintiffs have not styled their Third
Supplemental and Amended Administrative Master Complaint as a restated complaint, in paragraph 2 of that
pleading, they make clear their intent to restate and supersede the allegations in the first three versions of their
complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action against ARS which relief can be granted.

### SECOND DEFENSE

The claims against ARS have prescribed.

### THIRD DEFENSE

ARS is immune from liability under the government contractor defense because it performed all work at issue according to reasonably precise specifications and had no knowledge of dangers that ARS did not share with the government.

### FOURTH DEFENSE

ARS denies that it is a "manufacturer" within the meaning of the Louisiana Products Liability Act.  ARS further denies the existence of any defect that would render ARS' work unreasonably dangerous under the LPLA.

### FIFTH DEFENSE

ARS denies that it was negligent in any way that caused harm to Plaintiffs.

### SIXTH DEFENSE

ARS reasserts as affirmative defenses each and every one of the defenses raised in its preservation list (R. Doc. 13334).

### SEVENTH DEFENSE

Plaintiffs' injuries, if any, were due to their own fault or comparative fault through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow

instructions for use, failure to heed applicable warnings, and/or through acts or omissions which will be shown more fully at the trial of this matter.

### EIGHTH DEFENSE

All damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third persons for whom ARS is not responsible, including non-parties and parties immune by statute and, including without limitation, possibly subcontractors, lower-tier subcontractors.

### NINTH DEFENSE

All of the claims asserted against ARS are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the Plaintiffs' lease agreement with FEMA.

### TENTH DEFENSE

To the extent ARS is found to be a manufacturer, which is denied, ARS specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et seq.* and/or other Louisiana law.

### ELEVENTH DEFENSE

In the event ARS is found to be a manufacturer, which is denied, ARS specifically pleads that the subject trailer, including all component parts thereof, was properly installed in accordance with the state of the art at the time; and, therefore, there is no legal basis for any assessment of fault against ARS.

## TWELFTH DEFENSE

ARS further pleads that Plaintiffs' claims are, or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984).

## THIRTEENTH DEFENSE

All claims against ARS are barred in whole or in part by the doctrines of estoppel, release or waiver.

## FOURTEENTH DEFENSE

ARS owes no warranty obligations to Plaintiffs.

## FIFTEENTH DEFENSE

Upon information and belief, Plaintiffs have failed to mitigate their damages.

## SIXTEENTH DEFENSE

ARS specifically pleads that any alleged fault, negligence and/or strict liability attributed to ARS, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein, and that Louisiana duty-risk analysis precludes Plaintiffs' claims against ARS.

## SEVENTEENTH DEFENSE

Alternatively, ARS affirmatively avers that in the event it is found liable in any way to Plaintiffs, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

## EIGTHTEENTH DEFENSE

ARS is not liable under La. R.S. 9:2771 because its work conformed to FEMA's plans and specifications.

**NINETEENTH DEFENSE**

ARS had no duty to warn Plaintiffs of any alleged harmful conditions of the trailer.

**TWENTIETH DEFENSE**

The injuries alleged by Plaintiffs, if they exist at all, were legally or proximately caused by intervening and superseding causes and circumstances.

**TWENTY-FIRST DEFENSE**

Plaintiffs' alleged injuries are the result of pre-existing conditions or acts/omissions that occurred after ARS was no longer responsible for the trailers at issue.

**TWENTY-SECOND DEFENSE**

ARS is immune from liability because FEMA accepted its work.

**TWENTY-THIRD DEFENSE**

The Complaints filed herein fail to state facts which would support the jurisdiction of this Court or that the Court is the proper venue for the action filed.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims are, or may be barred, in whole or in part, to the extent that any award of punitive damages to the extent they are even pled in the Administrative Master Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

**TWENTY-FIFTH DEFENSE**

The exact damages/losses claimed by Plaintiffs are unknown to Defendant, and thus Defendant cannot adequately determine all defenses that may be applicable to Plaintiffs' claims. Therefore, Defendant expressly reserves by this reference the right to raise additional defenses to

the extent that additional defenses become applicable under State and Federal law, additional defenses are established as discovery proceeds and additional defenses are available and are subsequently asserted theories of recovery.

## TWENTY-SIXTH DEFENSE

The Administrative Master Complaint, as amended and supplemented, and the complaints filed in each one of the underlying actions that are part of this multi-district litigation, have improperly joined parties (both Plaintiffs and Defendants) in this action in violation of Rule 19 of the Federal Rules of Civil Procedure, requiring severance of parties as required by Rule 21 of the Federal Rules of Civil Procedure.

## TWENTY-SEVENTH DEFENSE

The Administrative Master Complaint, as amended and supplemented, and the complaints filed in each one of the underlying actions that are part of this multi-district litigation, have improperly joined claims under Rule 18 of the Federal Rules of Civil Procedure requiring severance of claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

## TWENTY-EIGHTH DEFENSE

Upon information and belief, all injuries and damages of which Plaintiffs complain were caused by misuse, abuse, modification and/or alteration of the product in question and serve as a bar to Plaintiffs' recovery.

## TWENTY-NINTH DEFENSE

Upon information and belief, all risks and damages connected with the incident made the subject of Plaintiffs' Complaint were, obvious, apparent, and known to Plaintiffs who assumed the risks of their injuries.

## THIRTIETH DEFENSE

Defendant cannot be held liable for the negligence of an independent contractor who performs work for the general contractor.

## THIRTY-FIRST DEFENSE

Defendant avers that FEMA and its procurement contractors were "sophisticated users/purchasers" as that term is defined under the applicable state or federal law with regard to their purchase of any temporary housing units.

AND NOW FURTHER ANSWERING the Third Supplemental and Amended Administrative Master Complaint, ARS avers:

### I.

The allegations contained in Paragraph 1 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of ARS. To the extent that a response is required, ARS submits that the Court's record is its own best evidence of the contents contained therein.

### II.

The allegations contained in Paragraph 2 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint does not require a response on the part of ARS. To the extent that a response is required, ARS concurs with Plaintiffs' statement that class certification was denied.

### III.

The allegations contained in Paragraph 3 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint does not require a response on the part of ARS. To the extent

that a response is required, ARS submits that the Court's record is its own best evidence of the contents contained therein.

## IV.

The allegations contained in Paragraph 4 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint does not require a response on the part of ARS. To the extent that a response is required, ARS submits that Pre-Trial Order No. 36 (Rec. Doc. No. 1386), as amended (Rec. Doc. No. 2760), is its own best evidence of the contents contained therein.

## V.

The allegations contained in Paragraph 5 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response from ARS. To the extent that a response is required, the allegations in Paragraph 5 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## VI.

The allegations contained in Paragraphs 6 and 7 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, the allegations in Paragraphs 6 and 7 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

## VII.

The allegations contained in Paragraphs 8 and 9 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraphs 10 through 110 of the Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

IX.

As to the allegations contained in Paragraph 111 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, ARS admits it is a Louisiana Corporation.  All other allegations contained in Paragraph 111 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraphs 112 through 115 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraphs 116 through 120 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS.

XII.

The allegations contained in Paragraph 121 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS.  To the extent that a response is required, the allegations are denied.

XIII.

The allegations contained in Paragraphs 122 and 123 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS.  To the extent that a response is required, the allegations are denied.

XIV.

The allegations contained in Paragraphs 124 through 135 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XV.

The allegations contained in Paragraph 136 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS.  To the extent that a response is required, ARS submits that 24 C.F.R. §3280.309 is the best evidence of its contents.

XVI.

The allegations contained in Paragraphs 137 through 138 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XVII.

The allegations contained in Paragraph 139 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS. To the extent that a response is required, ARS submits that 24 C.F.R. §3280.308 is the best evidence of its contents.

XVIII.

The allegations contained in Paragraph 140 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS. To the extent that a response is required, ARS submits that 44 C.F.R. §206.110(e) is the best evidence of its contents.

XIX.

The allegations contained in Paragraph 141 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XX.

The allegations contained in Paragraph 142 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS. To the extent that a response is required, ARS submits that 42 C.F.R. §4121; Public Law 93-288, Title IV, §408 (1988); and 42 C.F.R. §5174(c)(1)(A) are the best evidence of their contents.

XXI.

The allegations contained in Paragraphs 143 through 148 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXII.

To the extent that the allegations contained in Paragraph 149 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to ARS, the allegations are denied as written.  The remaining allegations contained in Paragraph 149 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 150 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS.  To the extent that a response is required, the allegations are denied.

XXIV.

To the extent that the allegations contained in Paragraphs 151 through 171 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to ARS, the allegations are denied; otherwise, they are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 172 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations contained in Paragraph 173 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response on the part of ARS.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXVII.

The allegations contained in Paragraphs 174 through 176 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXVIII.

The allegations contained in Paragraph 177 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

XXIX.

The allegations contained in Paragraphs 178 through 182 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXX.

To the extent that the allegations contained in Paragraph 183 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint apply to ARS, the allegations are denied; otherwise, they are denied for lack of sufficient information to justify a belief therein.

XXXI.

The allegations contained in Paragraphs 184 through 188 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXII.

The allegations contained in Paragraph 189 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

XXXIII.

The allegations contained in Paragraphs 190 through 199 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXIV.

The allegations contained in Paragraph 200 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

XXXV.

The allegations contained in Paragraphs 201 through 206 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS.  To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXVI.

The allegations contained in Paragraph 207 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied for lack of sufficient information to justify a belief therein.

XXXVII.

The allegations contained in Paragraph 208 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXVIII.

The allegations contained in Paragraph 209, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS. To the extent that a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XXXIX.

The allegations contained in Paragraph 210 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer. To the extent an answer is required, ARS denies the allegations in this paragraph.

XL.

The allegations contained in Paragraphs 211 and 212 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint constitute legal conclusions to which no response is required on the part of ARS. To the extent that a response is required, the allegations are denied.

XLI.

The allegations contained in Paragraphs 213 through 215 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

XLII.

The allegations contained in Paragraph 216, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

XLIII.

The allegations contained in Paragraphs 217 through 228 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

XLIV.

The allegations contained in Paragraph 229 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

XLV.

The allegations contained in Paragraphs 230 through 233 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a

response from defendant; however, to the extent a response is required, the allegations are denied.

## XLVI.

The allegations contained in Paragraphs 234 through 239 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## XLVII.

The allegations contained in Paragraph 240 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer. To the extent an answer is required, ARS denies the allegations in this paragraph.

## XLVIII.

The allegations contained in Paragraph 241 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

## XLIX.

The allegations contained in Paragraph 242 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer. To the extent an answer is required, ARS denies the allegations in this paragraph.

## L.

The allegations contained in Paragraph 243 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LI.

The allegations contained in Paragraph 244 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

LII.

The allegations contained in Paragraphs 245 through 247, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LIII.

The allegations contained in Paragraph 248 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

LIV.

The allegations contained in Paragraphs 249 through 259 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LV.

The allegations contained in Paragraph 260 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

LVI.

The allegations contained in Paragraph 261 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LVII.

The allegations contained in Paragraph 262 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

LVIII.

The allegations contained in Paragraph 263 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LIX.

The allegations contained in Paragraph 264 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

LX.

The allegations contained in Paragraphs 265 through 274, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LXI.

The allegations contained in Paragraph 275 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

LXII.

The allegations contained in Paragraphs 276 through 280, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LXIII.

The allegations contained in Paragraph 281 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

LXIV.

The allegations contained in Paragraphs 282 through 286 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LXV.

The allegations contained in Paragraph 287 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are not directed at ARS and do not require an answer.  To the extent an answer is required, ARS denies the allegations in this paragraph.

## LXVI.

The allegations contained in Paragraphs 288 through 292 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

## LXVII.

The allegations contained in Paragraph 293 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## LXVIII.

The allegations contained in Paragraphs 294 through 311, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## LXIX.

The allegations contained in Paragraphs 312 through 328 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## LXX.

The allegations contained in Paragraphs 329 through 342, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.

## LXXI.

The allegations contained in Paragraphs 343 through 352, and each of its subparts, of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied.

LXXII.

The allegations contained in Paragraphs 353 through 363 of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint are denied.  ARS specifically denies that Plaintiffs are entitled to any damages.

LXXIII.

In response to the allegations contained in the paragraph captioned "Request for Jury Trial" of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, ARS pleads that it is entitled to and requests a trial by jury on all issues herein.

LXXIV.

In response to the allegations contained in the paragraph captioned "Prayer for Relief" of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, ARS specifically asserts that Plaintiffs are not entitled to the relief requested.

LXXV.

The allegations contained in the "WHEREFORE" paragraph of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint do not require a response from ARS.  However to the extent that an answer is required, ARS states that Plaintiffs are not entitled to the relief requested.   Moreover, in response to the allegations contained in the "WHEREFORE" paragraph of Plaintiffs' Third Supplemental and Amended Administrative Master Complaint, ARS reavers and reasserts its answers contained in Paragraphs I through LXXIV, as if copied herein, *in extenso*.

AND NOW FURTHER ANSWERING the Fourth Supplemental and Amended Administrative Master Complaint, ARS avers:

LXXVI.

The allegations contained in Paragraphs 1 through 6, including all subparts thereto, of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint do not appear to require a response from defendant; however, to the extent a response is required, the allegations are denied for lack of sufficient present information to justify a belief therein.

LXXVII.

The allegations contained in the "WHEREFORE" paragraph of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint do not require a response from ARS.   However to the extent that a response is required, ARS states that Plaintiffs are not entitled to the relief requested.   Moreover, in response to the allegations contained in the "WHEREFORE" paragraph of Plaintiffs' Fourth Supplemental and Amended Administrative Master Complaint, ARS reavers and reasserts its answers contained in Paragraphs I through LXXVII, as if copied herein, *in extenso.*

WHEREFORE, Defendant, ARS, respectfully prays that this Answer be deemed good and sufficient; that after due proceedings are had there be judgment rendered in favor of ARS, dismissing all of Plaintiffs' claims with prejudice; and ARS respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit and all costs of these proceedings.   Finally, ARS requests a jury trial on all issues herein.

Respectfully submitted,

**FRILOT, L.L.C.**

/s/ *Peter R. Tafaro*
JOHN J. HAINKEL, III – La. Bar No. 18246
JOSEPH N. MOLE – La. Bar No. 09538
PETER R. TAFARO – La. Bar No. 28776
MEREDITH K. KEENAN – La. Bar No. 29287

3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
T: (504) 599-8000; F: (504) 599-8100
E-Mail: ptafaro@frilot.com

**ATTORNEYS FOR DEFENDANT:**
**AMERICAN RADIATION SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have emailed a copy of this filing to any non-CM/ECF participants on this the 19th day of April, 2010.

*/s/ Peter R. Tafaro*
PETER R. TAFARO
E-mail: ptafaro@frilot.com