UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO | * | JUDGE ENGLEHARDT |
| ALL CASES | * | |
| | * | MAG. JUDGE CHASEZ |

**************************************************************************

## PSC SUPPLEMENTAL REPORT ON
## PALM HARBOR BELLWETHER TRIAL CANDIDATES

**NOW INTO COURT,** through undersigned counsel, comes the Plaintiffs' Steering Committee (PSC), which respectfully supplements its original Report on Palm Harbor Bellwether Trial Candidates to include objections to Palm Harbor's nomination of Tessie Moses and Eujohn Moses to serve as plaintiffs in the Palm Harbor trial to be held on October 18, 2010.

1. Tessie Moses

The PSC respectfully objects to the selection of Tessie Moses as a plaintiff in the October 18, 2010, bellwether trial against Palm Harbor. Ms. Moses cannot be instructive as to any other Mobile Home plaintiff.

Ms. Moses stated in her Plaintiff Fact Sheet that she is both a current and a past smoker. While this Court has previously indicated that a smoker would be instructive as to certain plaintiffs, there is already a "smoker" bellwether trial underway, that of David McGraw against Keystone, CH2M Hill and the Federal Government. Because smoking is a significant

confounding factor to this litigation, the selection of another smoker as a bellwether plaintiff is unnecessary and renders Ms. Moses unrepresentative.

Ms. Moses also stated in her Plaintiff Fact Sheet that she currently works in the "laundry" at "Ascseen Oaks." Ms. Moses' employment clearly renders her unrepresentative as she, unlike the other Manufactured Home plaintiffs, has been exposed to other chemicals, potentially containing formaldehyde during her work day. Ms. Moses potential exposure to other harmful chemicals, including but not limited to formaldehyde, is a confounding factor dissimilar to other plaintiffs.

The selection of Tessie Moses as a bellwether plaintiff would force both defendants and the PSC to squander enormous resources and this Court's time on a trial that would present no meaningful result. Accordingly, the PSC respectfully objects to the nomination of Tessie Moses as a bellwether plaintiff, and instead requests this Court to allow her claims to be tried upon the conclusion of the MDL.

    2. Eujohn Moses

The PSC respectfully objects to the selection of Eujohn Moses as a plaintiff in the October 18, 2010, bellwether trial against Palm Harbor. Mr. Moses cannot be instructive as to other Mobile Home plaintiffs.

Mr. Moses stated in his Plaintiff Fact Sheet that he is a current smoker. While this Court has previously indicated that a smoker would be instructive as to certain plaintiffs, there is already a "smoker" bellwether trial underway, that of David McGraw against Keystone, CH2M Hill and the Federal Government. Because smoking is a significant confounding factor to this litigation, the selection of another smoker as a bellwether plaintiff is unnecessary and renders Mr. Moses unrepresentative.

The selection of Eujohn Moses as a bellwether plaintiff would force both defendants and the PSC to squander enormous resources and this Court's time on a trial that would present no meaningful result. Accordingly, the PSC respectfully objects to the nomination of Eujohn Moses as a bellwether plaintiff, and instead requests this Court to allow his claims to be tried upon the conclusion of the MDL.

A successful bellwether trial requires the selection of meaningful, representative, and typical persons to serve as bellwether plaintiffs. The PSC submits that confounding health factors and potential exposure to other chemicals of Palm Harbor's nominees are problematic in any effort to make the trial of their cases instructive and cost-efficient as a bellwether trial.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 19, 2010.

                                               /s/Justin I. Woods           _

                                               JUSTIN I. WOODS