UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE     MDL NO. 1873
PRODUCTS LIABILITY LITIGATION

SECTION N(5)

JUDGE ENGELHARDT

MAGISTRATE CHASEZ

THIS DOCUMENT RELATES TO: All Cases

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# EXHIBIT N

**ORDER AND REASONS (REC. DOC. 4366)**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                          MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-3943 and 09-3944

## ORDER AND REASONS

Before the Court is Bechtel National, Inc.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 2796). After reviewing the memoranda of the parties and the applicable law, the Court finds that this motion should be granted in part and denied in part for much the same reasons as stated in its September 10, 2009 Order and Reasons. (Rec. Doc. 3205).

The instant motion is brought by Defendant Bechtel National, Inc. ("Bechtel"), one of four Individual Assistance/Technical Assistance Contract ("IA/TAC") contractors who was hired by the Government to haul, install, maintain, and deactivate emergency housing units ("EHUs") after hurricanes Katrina and Rita. In this motion, Bechtel claims it is entitled to a dismissal under Rule 12(b)(6) of the Rules of Civil Procedure[1], because Plaintiffs fail to state a claim upon which relief can be granted, based on the alleged applicability of the government contractor defense.

---

[1] This Court's conclusion as to the disposition of this motion remains unchanged regardless of whether this motion is addressed under a Rule 12(b)(6) or Rule 56 standard. However, for the reasons explained by Bechtel on pages 9-10 of its Reply (Rec. Doc. 3001), the Court determines that this motion and the attached exhibits may properly be considered on a 12(b)(6) standard, without converting it to a Rule 56 motion.

For many of the same reasons the undersigned detailed in the September 10, 2009 Order and Reasons (Rec. Doc. 3205), the Court concludes that the first element in the *Boyle* test, regarding the Government's approval of "reasonably precise specifications," is not satisfied. While the Government gave Bechtel (and the other IA-TAC contractors) detailed specifications on the EHU "blocking" procedure, one critically important aspect of that procedure that was left to their discretion was the means and method for "jacking up" the EHUs (i.e., for lifting the EHU from the ground up onto concrete blocks). While the Court recognizes that the "reasonably precise specifications" requirement does not translate to "exactly" precise specifications, the problem here is that a crucial part of the blocking process was left entirely to the discretion of Bechtel (i.e., how to raise the EHU off the ground onto the concrete blocks). Further, it is this specific process that Plaintiffs assert caused or substantially contributed to the increased release of formaldehyde emissions. (See Member Case no. 09-3943, Complaint, ¶¶ 41-42; Member Case No. 09-3944, Complaint, ¶¶ 34-35). As noted in its September 10, 2009 Order and Reasons (Rec. Doc. 3205), there are likely many different ways to go about lifting the EHU from the ground to the concrete blocks and many different tools, machines and mechanisms that can be utilized to accomplish this - some likely better than others.

Because the Government left this procedure entirely to the discretion of Bechtel, the government contractor defense seemingly is unavailable to Bechtel with regard to Plaintiffs' claims of improper installation.[2] Thus, this motion , which seeks dismissal of Plaintiffs' claims based on

---

[2] Plaintiffs' claims against Bechtel also include allegations that it failed to properly maintain and inspect EHUs. (See Member Case No. 09-3944, Complaint, ¶¶ 38-39; Member Case No. 09-3943, Complaint, ¶¶ 45-46). Bechtel addresses the issue of maintenance and inspection on pages 7-10 of its memorandum in support of this motion. (See Rec. Doc. 2796-3). Because Plaintiffs' opposition fails to address its claims regarding maintenance and inspection, the Court finds that this aspect of Bechtel's motion is unopposed and should be granted for the reasons expressed by Bechtel in its Memorandum in Support of its motion. (See Rec. Doc. 2796-3).

the application of this defense, is denied.

Considering the foregoing, **IT IS ORDERED** that **Bechtel National, Inc.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 2796)** is **GRANTED IN PART and DENIED IN PART.** The motion is granted only to the extent that Plaintiffs' maintenance and inspections claims against Bechtel are dismissed with prejudice. It is denied in all other respects.

New Orleans, Louisiana, this 1st day of October, 2009.

                                          **KURT D. ENGELHARDT**
                                          **UNITED STATES DISTRICT JUDGE**