UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | | JUDGE: ENGELHARDT |
| **This Document Relates to:** | | MAG: CHASEZ |
| *Keith Nunnery, et al. vs. Keystone Industries, Inc., et al.* No. 09-3871 (David McGraw) | | |

_____

## DEFENDANT KEYSTONE RV COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Defendant Keystone RV Company ("Keystone") submits this memorandum in opposition to the *Motion in Limine* filed by plaintiff, David McGraw.[1] The motion apparently seeks to exclude evidence of McGraw's 1992 arrest for cocaine possession. However, to the extent that the motion attempts to exclude evidence about McGraw's two guilty pleas for possession of crack cocaine, the motion should be denied.

### SUMMARY OF ARGUMENT

Keystone does not intend to introduce evidence relating to McGraw's arrest history. However, evidence concerning McGraw's <u>two</u> guilty pleas for possession of crack cocaine is admissible because the evidence directly contradicts McGraw's sworn deposition testimony.

---

[1] Rec. Doc. No. 13210. This motion is noticed for hearing on April 28, 2010.

{B0654751.2}

The guilty pleas are also admissible because they relate directly to Mr. McGraw's claims for formaldehyde exposure. According to the plaintiff's own experts, smoking can be a significant source of formaldehyde. Smoking can also cause other health problems similar to those McGraw suffers and blames on his FEMA trailer. Thus, evidence regarding McGraw's history of smoking, whether it be cigarettes, marijuana, crack, or other substances, is directly relevant to Mr. McGraw's claims. And, because it is reasonable to assume that McGraw smoked crack cocaine when he possessed it, evidence regarding these guilty pleas is admissible into evidence.

In addition, evidence of the guilty pleas is admissible under Federal Rule of Evidence 609 because McGraw's credibility as a witness is a central issue in this case. His testimony will be the only first-hand evidence of his alleged symptoms, living conditions and exposure to formaldehyde. This is because McGraw's trailer is missing and cannot be tested or inspected and because McGraw never saw a doctor while he lived in the trailer.

Given the unique situation in this case, the probative value of the guilty plea evidence will far outweigh any prejudice McGraw might suffer. However, if necessary the Court can minimize any minimal prejudice to McGraw with proper jury instructions.

## PROCEDURAL BACKGROUND

McGraw claims to have suffered a broad range of damages because of allegedly unhealthy levels of formaldehyde in his FEMA travel trailer, which was

manufactured by Keystone. The Court selected McGraw as a bellwether plaintiff and set his trial date for July 19, 2010.[2]

On April 7, 2010, McGraw filed a *Motion in Limine* to Exclude Evidence.[3] He seeks to keep out of evidence "any reference to Plaintiff's prior arrest and related information."[4] McGraw claims that he has "reason to believe that Defendants will attempt to introduce at trial an arrest in 1992 for possession of crack cocaine and related information."[5]

## LAW AND ARGUMENT

The Court should deny the plaintiff's motion, at least in part, for the reasons discussed below.

**1. Keystone has no present intention to introduce evidence about McGraw's arrests for crack cocaine possession.**

Keystone does not intend to introduce or attempt to introduce evidence of McGraw's arrest record. However, to the extent that the pending motion is intended to prevent Keystone from introducing evidence of Mr. McGraw's guilty pleas for possession of crack, the Court should deny the motion.

---

[2] The parties are required to complete discovery by June 15, 2010 and the defendant's expert reports (for which the records sought by Keystone are likely relevant) are due by May 1, 2010. *See* Rec. Doc. Nos. 9600 and 9716 (Court's scheduling orders related to July 19, 2010 trial).

[3] Rec. Doc. No. 13210.

[4] Rec. Doc. No. 13210-1, p.1

[5] *Id.*

2.   **Keystone and the other defendants are entitled to introduce evidence of McGraw's <u>two</u> guilty pleas for crack cocaine possession because the evidence contradicts his deposition testimony.**

The Fifth Circuit has ruled that guilty pleas and prior convictions are admissible when they directly contradict a statement made by the witness under oath.[6] This is based on the general principle that extrinsic evidence, which includes prior convictions, is admissible under Federal Rules of Evidence Rules 402 and 403 to contradict specific testimony. This type of evidence is admissible so long as it is relevant and its probative value is not substantially outweighed by the danger of unfair prejudice.[7]

During his deposition, counsel for the government asked McGraw a direct question about whether he had ever been convicted of a crime. Without hesitation, Mr. McGraw said that he had not. The following exchange from his deposition shows this clearly:

    Question:   Have you ever been arrested?
    Answer:     Yes.

    Question:   Have you ever been convicted of any crimes?
    Answer:     No.

    Question:   What were you arrested for?
    Answer:     Crack cocaine.

    Question:   And have you ever smoked crack cocaine?
    Answer:     No.

---

[6] *U.S. v. Johnson*, 542 F.2d 230, 235 (C.A.5 (La.), 1976 (Evidence of prior conviction properly admitted by district court because it contradicted statement by the witness.)

[7] *United States v. Carter*, 953 F.2d 1449, 1458 (5th Cir.1992), *cert. denied sub nom. Hammack v. United States*, --- U.S. ----, 112 S.Ct. 2980, 119 L.Ed.2d 598.

    Question:    What are the circumstances in which you were arrested?
    Answer:    Possession.

    Question:    Did you have crack cocaine on you at that time?
    Answer:    No.

    Question:    And when was this arrest?
    Answer:    Somewhere in 2002. No, '92.[8]

McGraw falsely testified when he answered "no" to the question about his criminal history and past convictions. McGraw's criminal records show that he was arrested *twice* in Orleans Parish for possession of crack cocaine: once in 1990 and again in 1992.[9] And, more importantly, the records show that he plead guilty both times to that offense.[10] McGraw was sentenced to serve three years at hard labor for possession of crack cocaine. He received credit for time served and the state court placed him on probation. Mr. McGraw also had to pay a fine in connection with his sentence.

McGraw's deposition testimony was false in at least two respects:

- McGraw testified he was only arrested *once* for crack cocaine possession. His criminal records show he was actually arrested <u>three</u> times in Orleans Parish—twice for cocaine possession and once for simple criminal damage.[11]

---

[8] *See* Exhibit No. "1" (McGraw Deposition, p. 282:24-25, p. 283:1-16).

[9] Exhibit "2," p.1 (David L. McGraw Orleans Parish criminal records). .

[10] *Id*. at p. 1-6.

[11] *Id*., at p. 2.

{B0654751.2}      - 5 -

- McGraw testified that he was never convicted of any crime. The records show he plead guilty twice to crack cocaine possession and sentenced for both crimes.

Consequently, given Mr. McGraw's false testimony in his deposition, evidence regarding his guilty pleas is admissible.

## 3. McGraw's crack possession is directly relevant to the claims in this lawsuit.

Although McGraw will deny having smoked crack cocaine, a reasonable inference is that he smoked the cocaine in addition to possessing it. According to plaintiff's own expert witnesses, smoking and combustion can be significant sources of formaldehyde exposure.[12] In addition, smoking can cause health problems that are similar to or interrelated with the symptoms McGraw attributes to formaldehyde exposure in his trailer. He primarily complains of sinus and breathing difficulties. Thus, McGraw's history of smoking cigarettes and other substances (including crack cocaine) will be directly relevant to McGraw's claims, and, should be admissible evidence as to those claims.

## 4. The guilty pleas are also admissible because McGraw's credibility is a central issue in the case.

Evidence of prior convictions is also admissible as impeachment evidence when witness credibility is a central issue to the case.[13] For example, in *Eugene v.*

---

[12] *See* Report of Patricia Williams, PhD, p. 8 (MCGRAW 001760).

[13] Weinstein & Berger, *Evidence* ¶ 609.06[1] ("trial courts have the discretion to admit old convictions when the credibility of the witness is a central issue and the prior convictions have significant impeachment value."); 28 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6136 (1st Ed.)("On the

*Mormac Marine Transport, Inc.*[14], the Fifth Circuit found no error where the trial court admitted evidence of a recent cocaine conviction because the "resolution of this case depended largely on [the plaintiff's] credibility."[15]  Similarly, in *Mene v. Boland Marine & Mfg. Co.*, this Court admitted evidence of a crime over ten years old in part because "credibility determinations w[ould] be paramount" to the disposition of the case.[16]

McGraw's testimony and his credibility will be "paramount" to the case for at least two reasons:

- Unlike other bellwether trials, the parties have be unable to locate Mr. McGraw's trailer.  Thus, the parties were not able to test or even inspect McGraw's trailer. In addition, McGraw has admitted in his deposition that he never complained to FEMA or any of the contractors about problems with his trailer.  Consequently, McGraw's testimony will likely be the only first-hand evidence of alleged problems which form the basis of his claims.

- McGraw also admitted that did not visit a single doctor while he lived in his trailer.  In fact, other than a doctor visit for cut on his hand in 2008, McGraw waited until February 2010 to see a doctor.  Thus,

---

other hand, the courts have admitted conviction evidence under subdivision (b) with some frequency.  Admission of this evidence has been justified on the grounds its probative value was high because …. the credibility of the witness was crucial …).

[14] 48 F.3d 529, (5th Cir. 1995) (unpublished), 1995 WL 84079.

[15] 1995 WL 84079 at *2.

[16] 2000 WL 913779 (E.D. La. 2000).

>McGraw's testimony will be the only source of first-hand evidence regarding his alleged symptoms while he lived in the trailer and the medical problems that he now blames on the trailer.

**5. Any prejudicial effect caused by admission of the guilty pleas can be minimized through a proper instruction to the jury.**

Federal Rule of Evidence Rule 609 recognizes that a conviction is admissible if "in the interests of justice, …the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." McGraw's credibility as a witness is critical to the jury's assessment of his claims.

McGraw will likely argue that he will be prejudiced if the guilty pleas are admitted. As discussed above, any prejudice that McGraw might suffer is clearly outweighed by the probative value of the evidence. Admittedly, the guilty pleas are not recent. But, the circumstances of this case and McGraw's own deposition testimony demonstrate the probative value of the guilty pleas. There is no absolute rule that older convictions must be excluded. In fact, Federal Rule 609 (unlike its counter part in the Louisiana Code of Evidence) gives the Court flexibility and wide discretion to admit older convictions when appropriate.

Any prejudice McGraw might suffer can be can be dealt with through proper jury instructions. Here, if necessary, the Court could instruct the jury that the evidence of Mr. McGraw's guilty pleas is only admissible as to McGraw's credibility as a witness and that it should not suggest he engaged in any wrongful or criminal behavior. That type of instruction would minimize, if not eliminate, any prejudice McGraw might suffer.

## CONCLUSION

For the reasons discussed in this memorandum, this Court should deny McGraw's *Motion in Limine* and allow the Keystone and the other defendants to introduce evidence concerning McGraw's two previous guilty pleas for the purposes described above.

    Respectfully submitted,

    *s/Ryan E. Johnson*
    _____
    James C. Percy (La. Bar No. 10413)
    Ryan E. Johnson (La. Bar No. 26352)
    **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
    Four United Plaza
    5th Floor
    8555 United Plaza Boulevard
    Baton Rouge, LA  70809
    Telephone: (225) 248-2080
    Facsimile:  (225) 248-3080

       -and-

    Madeleine Fischer (La. Bar No. 5575)
    Jones, Walker, Waechter, Poitevent,
    Carrère & Denègre, L.L.P.
    201 St. Charles Avenue, 49th floor
    New Orleans, LA   70170
    Telephone:  (504) 582-8000
    Facsimile:  (504) 589-8208

    ***Counsel for Keystone RV Company***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of April, 2010, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to liaison counsel by operation of the court's electronic filing system.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson