UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO<br>ALL CASES | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
CH2M HILL CONSTRUCTOR, INC'S AND SHAW ENVIRONMENTAL, INC.'S
JOINT RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFFS' LOUISIANA PRODUCT LIABILITY CLAIMS
IN THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED
<u>ADMINISTRATIVE MASTER COMPLAINTS</u>**

In support of defendants CH2M HILL Constructors, Inc. ("CH2M HILL") and Shaw Environmental, Inc. ("Shaw") (collectively "Contractor Defendants) joint Rule 12(b)(6) motion to dismiss all of plaintiffs' claims against the Contractor Defendants under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51 *et seq.*, in all cases consolidated in this multi-district litigation as set forth in the Third and Fourth Supplemental and Amended Administrative Master Complaints ("AMC") (Rec. Docs. 4486 & 7688), the Contractor Defendants hereby adopt and incorporate by reference Fluor Enterprises, Inc.'s ("Fluor") Memorandum in Support of its Motion For Partial Judgment on the Pleadings to Dismiss Louisiana Products Liability Claims in the Third and Fourth Supplemental and Amended

Administrative Master Complaints (Rec. Doc. 13423). The Contractor Defendants also incorporate by reference this Court's prior rulings on this precise issue under the LPLA in *Alexander* and *Dubuclet*, dismissing those bellwether plaintiffs' LPLA claims as a matter of law. *See* Court's Order and Reasons (Sept. 11, 2009) (Rec. Doc. 3217); Court's Order (Nov. 17, 2009) (Rec. Doc. 7440).

## ARGUMENT

As set forth in the AMC, plaintiffs claim to have been exposed to formaldehyde contained in emergency housing units ("EHUs") provided by the Federal Emergency Management Agency ("FEMA") following Hurricanes Katrina and Rita, and to have suffered damages as a result of such alleged exposure. Plaintiffs have sued the manufacturers of the EHUs, the United States government, and government contractors, like Fluor, CH2M HILL, and Shaw, who delivered and set up the EHUs. As against these three government contractor defendants (Fluor, CH2M HILL, and Shaw), plaintiffs assert claims under the LPLA and, alternatively, state law negligence claims.[1]

In support of their LPLA cause of action, plaintiffs assert in the AMC the exact same conclusory factual allegations and legal conclusion against the three government contractor defendants (Fluor, CH2M HILL, and Shaw).[2] Thus, in the interests of judicial economy and efficiency, the Contractor Defendants adopt in its entirety Fluor's Memorandum in Support of its

---

[1] *See* AMC Count 10, ¶¶ 293-299 (LPLA cause of action against the contractor defendants); Count 11 (negligence claim against the contractor defendants under Louisiana law), ¶¶ 298-304; Count 12 (negligence claim against the contractor defendants under Mississippi law), ¶¶ 305-311; and Count 16 (negligence claim against the contractor defendants under Alabama law), ¶¶ 329-335. Plaintiffs' negligence claims are addressed in Contractor Defendants' separate Rule 12(b)(6) motion to dismiss plaintiffs' negligence claims in the Third and Fourth Supplemental and Amended Administrative Master Complaint.

[2] *See* AMC, Count 10, ¶¶ 293-299 (LPLA cause of action against the contractor defendants, including Fluor, CH2M HILL, and Shaw); *id.* ¶¶ 148-171 (general allegations against the contractor defendants, including Fluor, CH2M HILL and Shaw); *see also id.*, ¶ 114 (collectively referring to Fluor, CH2M HILL, and Shaw as the so-called "No-Bid Defendants").

Motion For Partial Judgment on the Pleadings to Dismiss Louisiana Products Liability Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Rec. Doc. 13423), which addresses the same LPLA cause of action in the AMC.[3]

Furthermore, the factual allegations and legal conclusions supporting plaintiffs' LPLA claims against the government contractors in the AMC are the same as those asserted against Fluor in *Alexander* and *Dubuclet*. This Court has already ruled on this identical LPLA issue in *Alexander* and *Dubuclet*. In *Alexander*, this Court dismissed the bellwether plaintiff's LPLA claims as a matter of law, concluding that the contractor defendant, Fluor, was not a "manufacturer" under the LPLA:

> Fluor simply does not meet the definition of 'manufacturer' found in the LPLA. . . . [Fluor] was merely a contract service provider, which provided the services of delivering, setting up and readying for use the EHU assigned to the bellwether plaintiffs. It did not manufacturer Plaintiffs' EHU, nor did it assemble it or use it as a component part. Moreover, Fluor did not purchase the EHU that was assigned to Plaintiffs, nor did it create a new product by setting up the EHU. It readied the EHU for use; it did not create a new product.[4]

In *Dubuclet*, this Court similarly dismissed the bellwether plaintiffs' LPLA claims after the plaintiffs admitted that the material facts were identical to those in the *Alexander* case (concerning the same issue of whether the contractor defendant is a LPLA "manufacturer") and, thus, they could not articulate any factual or legal basis for the Court to reach a different decision.[5] These dispositive LPLA rulings by the Court in *Alexander* and *Dubuclet* compel the

---

[3] Although Fluor's motion is filed as a Rule 12(c) motion for judgment on the pleadings, the standard under Rule 12(b)(6) is substantially the same. *See* Fluor's Memorandum in Support of its Motion for Partial Judgment on the Pleadings on Negligence Claims, at 5-9 (Rec. Doc. 13423).

[4] Court's Order and Reasons (Sept. 11, 2009) (Rec. Doc. 3217), at 5.

[5] Court's Order (Nov. 17, 2009) (Rec. Doc. 7440); Plaintiffs' Response (Nov. 16, 2009) (Rec. Doc. 7261). ¶ 2.

same result for the Contractor Defendants here – dismissal of plaintiffs' LPLA claims against the Contractor Defendants.[6]

## CONCLUSION

For the reasons set forth in this Court's prior rulings in *Alexander* and *Dubuclet* dismissing the bellwether plaintiffs' LPLA claims as a matter of law (Rec. Doc. 3217; Rec. Doc. 7440) and Fluor's Memorandum in Support of its Motion For Partial Judgment on the Pleadings to Dismiss Louisiana Products Liability Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Rec. Doc. 13423), plaintiffs' LPLA claims against the Contractor Defendants in the AMC are insufficient and fail to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the Contractor Defendants respectfully submit that their joint Rule 12(b)(6) motion to dismiss plaintiffs' LPLA claims in all cases consolidated in this multi-district litigation should be granted.

---

[6] The factual allegations and legal conclusions supporting plaintiffs' LPLA claims against the contractors in the AMC are also the same as those asserted against Shaw in *Wright*. Based on this Court's LPLA rulings in *Alexander* and *Dubuclet*, the bellwether plaintiff in *Wright* agreed to waive and dismiss with prejudice his LPLA claims against Shaw, and this Court ruled accordingly. *See* Joint Stipulation (Feb. 4, 2010) (Rec. Doc. 11240); Court's Order (Feb. 8, 2010) (Rec. Doc. 11342).

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**

  /s/  Gerardo R. Barrios
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
SANDRA VARNADO (La. Bar No. 30775)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com
svarnado@bakerdonelson.com

**ATTORNEYS FOR**
**CH2M HILL CONSTRUCTORS, INC.**


**BAKER DONELSON BEARMAN**
**CALDWELL & BERKOWITZ, PC**

   /s/ M. David Kurtz
ROY C. CHEATWOOD (La. Bar No. 4010)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
CATHERINE N. THIGPEN (La. Bar 30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
rcheatwood@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
cthigpen@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT,**
**SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

                                                              /s/ Gerardo R. Barrios
                                                           GERARDO R. BARRIOS