## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER FORMALDEHYDE | § | **MDL No. 1873** |
| **PRODUCTS LIABILITY LITIGATION** | § | |
| | § | **SECTION N(5)** |
| | § | |
| **THIS DOCUMENT IS RELATED TO:** | § | **JUDGE ENGELHARDT** |
| | § | |
| *All Cases* | § | **MAGISTRATE CHASEZ** |
| | § | |

_____

## MEMORANDUM IN SUPPORT OF FLUOR ENTERPRISES, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON NEGLIGENCE CLAIMS IN THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS

This memorandum is submitted on behalf of Fluor Enterprises, Inc. (**FEI**) in support of its partial motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), to dismiss all of plaintiffs' negligence claims[1] against FEI in all cases consolidated in this multi-district litigation.

## BACKGROUND

This multi-district litigation (MDL) was created to administer several state and federal toxic tort suits in which plaintiffs claim to have inhabited travel trailers, mobile homes and park model homes (EHUs) that were provided to them by FEMA, because their residences were

_____

[1]  This motion addresses all of plaintiffs' negligence claims except plaintiffs' negligent failure to warn claims, which will be addressed by a separate motion.

rendered uninhabitable by Hurricanes Katrina and Rita.[2]  After selecting and purchasing these EHUs, FEMA provided them to plaintiffs by contracting with certain companies, like FEI, to deliver the EHUs, set them up, and make them ready for occupancy.[3]  Plaintiffs generally claim to have been exposed to formaldehyde contained in these EHUs and to have suffered damages as a result.  Plaintiffs sued the manufacturers of the EHUs, the United States Government and the government contractors, like FEI, who delivered and set up these EHUs.

Plaintiffs claim injuries due to formaldehyde exposure emitted from products used in construction by defendant manufacturers of the EHUs provided to them by the federal government following Hurricane Katrina.  Plaintiffs claim that FEI's negligence in installing and maintaining their travel trailers caused their injuries by elevating the levels of formaldehyde in the travel trailers in which they lived.  The plaintiffs allege that the process used by FEI to jack, block, and maintain their trailers caused openings in the seams and cracks in the shell of the trailers, allowing the infiltration of moisture into the shell of the trailers, thereby increasing the amount of formaldehyde emitted by the wood components of the trailers.  The plaintiffs allege this excess formaldehyde was drawn into the interior of the trailers, where they were exposed to elevated levels of formaldehyde.  Plaintiffs make the same conclusory negligence allegations against FEI under Louisiana, Mississippi and Alabama law.[4]

The negligence allegations in plaintiffs' complaints are insufficient to establish the necessary elements of their state law negligence claims—that FEI breached any duty owed to

---

[2]  FEI was not named as a defendant until the Third Supplemental and Amended Administrative Master Complaint, referred to here as the "AMC," or "the Complaint."  Although plaintiffs did not style their Third Supplemental and Amended Administrative Master Complaint as a restated complaint, in paragraph 2 they make clear their intent to restate and supersede the allegations in the first two versions of their complaint.  This motion references allegations made against FEI in the AMC.  See the AMC, pars. 124 and 128.

[3]  The Complaint, pars. 124, 129, 143 & 148.

[4]  The Complaint, Counts 11 (Louisiana), 12 (Mississippi) and 16 (Alabama). FEI installed and maintained no trailers in Mississippi and did minimal work in Alabama.  FEI will be seeking dismissal of those claims voluntarily, or if voluntarily dismissals are not forthcoming, may file to dismiss Mississippi and Alabama claims by other appropriate motion practice.

them—and thus each of their claims fail as a matter of law, rendering dismissal appropriate pursuant to Fed. R. Civ. P. 12(c).

## FACTUAL BASIS FOR MOTION

The facts on which this motion is based are simple, few in number and appear on the face of the AMC.

1.  FEI had a contract with FEMA that required it to haul, install and maintain for a time various types of EHUs manufactured by others that FEMA had selected to provide as emergency housing to people displaced as a result of Hurricanes Katrina and Rita.[5]

2.  In the course of performing its contractual obligations to FEMA, FEI had subcontractors haul and install travel trailers manufactured by others and selected by FEMA to serve as emergency housing for plaintiffs.[6]

## LAW AND ARGUMENT

### I.      RULES 12(c) AND 12(b)(6) LEGAL STANDARDS

Fed. R. Civ. P. 12(c) permits a party to move for judgment after the complaints and answer have been filed by the parties.  Martino v. Western & Southern Financial Group, No. 3:08-CV-308-TS, 2009 U.S. Dist. Lexis 98593, *8 (N.D. In. 2009); see Rule 12(c).  The standard for reviewing a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.  See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007); Stewart v. Irene Alonzo, No. C-08-347, 2009 U.S. Dist. Lexis 5362, *5 (S.D. Tx 2009).[7]

---

[5]  The Complaint, pars. 107, 148, 152 & 154.
[6]  See the Complaint, par. 155.
[7]  See also Martino, 2009 U.S. Dist. Lexis at *8.

### A.    Rule 12(c) Motions For Judgment On The Pleadings

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Judgment on the pleadings is intended to dispose of cases in which the material facts are not in dispute and when the district court may render judgment by looking to the substance of the pleadings and any judicially noticed facts.  Turner v. Murphy Oil USA, Inc., No. 05-4206, 2005 U.S. Dist. Lexis 45123, *8 (citing Herbert Abstract Co. v. Touchstone Props., Ltd. 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)); Bouttee v. ERA Helicopters, LLC, No. 06-0775, 2007 U.S. Dist. Lexis 59149, *14 (W.D. La. 2007).  Similar to a Rule 12(b)(6) motion, the court must accept all well pleaded facts as true and construe the complaint in the light most favorable to the plaintiff.  Turner, 2005 U.S. Dist. Lexis at *8 (citing Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam).  Such a motion may be granted if the moving party clearly establishes that no issue of material fact remains to be resolved and that it is entitled to judgment as a matter of law.  Stewart, 2009 U.S. Dist. Lexis at *4.  Thus, judgment on the pleadings is appropriate where material facts are not disputed and the only issues are questions of law.  Bouttee, 2007 U.S. Dist. Lexis at *15.  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  Stewart, 2009 U.S. Dist. Lexis at *5 (citing In re Katrina Canal Breaches Litigation, 495 F.3d at 205).

### B.    Rule 12(b)(6) Motions to Dismiss For Failure To State A Claim

A corollary to Rule 12 is Fed. R. Civ. P. 8, which requires that a plaintiff provide a short and plain statement of the claim showing that the plaintiff is entitled to relief.  As this Court explained, compliance with Fed. R. Civ. P. 8 requires that the complaint provide the defendant

with "fair notice of what the plaintiffs' claim is and the grounds upon which its rests."  Order and

reasons (Rec. doc. 984) (citing Bishop v. Shell Oil Co., No. 07-2832, 2008 WL 2079944, *1-2

(E.D. La. 2008); Yount v. Research Specialists, Inc., No. 07-1218, 2008 WL 4470189, *1-2

(E.D. La. 2008); Swierkiewicz v. Sorema, 534 U.S. 506, 511, 122 S.Ct. 992, 998 (2002); see also

Christopher v. Harbury, 536 U.S. 403, 416, 122 S.Ct. 2179, 2187 (2002)(the elements of the

plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair

notice to a defendant").

       Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint that fails to state a

claim upon which relief can be granted.   Under Rule 12(b)(6), a claim may be dismissed either

because it asserts a legal theory that is not cognizable as a matter of law or because it fails to

allege sufficient facts to support a cognizable claim.  The purpose of Rule 12(b)(6) is to permit a

defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything

alleged in the complaint is true.  Eastwood v. U.S., No. 2:06-CV-164, 2007 U.S. Dist. Lexis

71892 *4 (E.D. Tn. 2007).  A complaint should be dismissed if "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitled him to relief."

Turner, 2005 U.S. Dist. Lexis at *7 (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99,

2 L.Ed 2d 80 (1957)).  To survive a motion to dismiss under 12(b)(6), a complaint must contain

"enough facts to state a claim to relief that is plausible on its face."  Eastwood, 2007 U.S. Dist.

Lexis at *4 (citing Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (2007)).

"The complaint must contain either 'direct or inferential allegations respecting all the material

elements to sustain a recovery ... .'"  Id. (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859

F.2d 434, 436 (6th Cir. 1988)).

In evaluating motions to dismiss under Rule 12(b)(6), the court "must accept well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." Order and reasons (Rec. doc. 984, p. 5) (citing Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279 (1986)). "However, complaints must provide more than labels and conclusions, formulaic recitations of the elements of causes of action, and facts that do not raise a right to relief above the speculative level." Martino, 2009 U.S. Dist. Lexis at *6 (citing Bell Atl. Corp., 550 U.S. at 555). See also this court's recitation of the legal standards for a Rule 12(b)(6) motion in its order and reasons (Rec. doc. 984, p. 4). Thus, the plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" (Rec. doc. 984) (citing In re Katrina Canal Breaches Lit., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Twombly, 127 S.Ct. at 1974)).[8] "In other words, the '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact).'" (Rec. doc. 984, p.4) (quoting Twombly, 127 S.Ct. at 1965).[9] The degree of required specificity, however, depends on the context, i.e., the type of claim at issue." (Rec. doc. 984, p. 4) (citing Robbins, 519 F.3d at 1247). The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. Twombly, 550 U.S. at 544.

"While the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." Delhomme v. Caremark Prescription, Inc., No. 3:05-cv-505-R, 2005 U.S. Dist. Lexis 26131, *10 (citing Kansa

---

[8] See also Martino, 2009 U.S. Dist. Lexis at *6 (a plaintiff's allegations must show that his entitlement to relief is plausible rather than merely speculative) (citing Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)).
[9] This Court noted the Third Circuit recently described Twombly as "seek[ing] to find a middle ground between 'heightened fact pleading,' which is expressly rejected [relative to Rule 8] . . . and allowing complaints that are not more than 'labels and conclusions' or a 'formulaic recitation of the elements of the cause of action' which the Court stated 'will not do'." Rec. doc. 984, p. 4, n. 3 (citing Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965).

Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1366 (5ᵗʰ Cir. 1994)).  "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Delhomme, 2005 U.S. Dist. Lexis 26131, *11 (citing Blackburn v. City of Marshall, 42 F.3d 25, 931 (5ᵗʰ Cir. 1995)(quotation omitted); see also Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (cited by this Court in Rec. doc. 984, p. 4); see also Eastwood, 2007 U.S. Dist. Lexis at *5 (the court need not accept as true mere legal conclusions or unwarranted factual inferences); Stewart, 2009 U.S. Dist. Lexis at *4 (citing Cent. Laborers' Pension Fund v. Integrated Elec. Servs., 497 F.3d 546, 550 (5ᵗʰ Cir. 2007) ("nevertheless, '[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions'").

Taking the facts as true, a court may grant a motion to dismiss when "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," as here.  See Marshall v. Bd. of Education v. Marshall City. Gas Dist. 992 F.2d 1171, 1174 (11ᵗʰ Cir. 1993).  Thus, "when the allegations in the complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Stewart, 2009 U.S. Dist. Lexis at *3 (citing Cuvillier v. Sullivan, 503 F.3d 397, 401 (5ᵗʰ Cir. 2007) (citing Twombly, 127 S.Ct. at 1966).

## II.   PLAINTIFFS' NEGLIGENCE CLAIMS FAIL TO MEET THE FEDERAL PLEADING STANDARDS UNDER RULES 12(c) AND 12(b)(6) AND SHOULD BE DISMISSED

Plaintiffs' negligence claims against FEI under Louisiana, Mississippi and Alabama law[10] fail as matter of law and should be dismissed pursuant to Rule 12(c).  Plaintiffs assert the same negligence allegations against the contractor defendants under Louisiana, Mississippi and Alabama law.[11]  Plaintiffs' negligence claims contain nothing more than a recitation of the bare elements of a negligence cause of action.  Plaintiffs' negligence claims are premised upon a legal conclusion without any basis in fact or law, namely, that the contractor defendants "owed a duty to each Named Plaintiff to provide, transport, install, inspect, maintain, repair, refurbish, recondition and restore safe temporary housing units that did not emit hazardous levels of formaldehyde."[12]  Plaintiffs contend that the contractor defendants knew or should have known the actual and intended use of the temporary housing units by plaintiffs.[13]  Plaintiffs jump to the conclusory allegation that the contractor defendants breached their duties to plaintiffs in performing these services by:

> (a)    failure to sufficiently warn the plaintiffs of the inherently dangerous properties or the foreseeable conditions of the temporary housing units when used for long term occupancy;[14] and
>
> (b)     failing to adhere to the manufacturers' warnings against jacking the temporary housing units off the wheel base by 'blocking' the units.

---

[10]   Addressing the manufacturing defendants' choice of law analysis, this court analyzed plaintiffs' claims against those defendants under the applicable law of each state in question. (Rec. doc. 984, p. 5).  Without taking any position on the choice of law issue, FEI follows the Court's lead of analyzing plaintiffs' negligence claims against the contractor defendants under the applicable law of each state in question.
[11]   The Complaint, Counts 11 (Louisiana), 12 (Mississippi) and 16 (Alabama).
[12]   The Complaint, Count 11, art. 300, Count 12, art. 307 and Count 16, art. 331.
[13]   The Complaint, Count 11, art. 301, Count 12, art. 308 and Count 16, art. 332.
[14]   The Complaint, Count 11, art. 302, Count 12, art. 309 and Count 16, art. 333.  Plaintiffs' negligent failure to warn claims will be addressed by separate motion practice.

Plaintiffs also postulate the legal conclusion that the contractor defendants' "actions were the proximate cause of the increased exposure of formaldehyde to" plaintiffs, contributing to and exacerbating the adverse health impacts upon them.[15]   This court need not accept as true this unsupported legal conclusion.

These negligence counts are clearly nothing more than a formulaic recitation of the elements of a negligence claim.  Plaintiffs completely fail to allege any specific facts that would form the basis for a legal duty that FEI owed to plaintiffs.  As such, Counts 11, 12 and 16 contain nothing more than labels and unsupported legal conclusions that are inadequate to withstand a motion to dismiss.

### A.    Plaintiff's Negligence Claims Fail Under Louisiana Law

Failure to establish a legal duty on FEI's part, the first element in a negligence claim, warrants a dismissal of the plaintiffs' claim.  FEI was a contractor working for FEMA and in that capacity had a *contractual obligation to FEMA* to haul and install travel trailers that FEMA was providing to persons displaced due to Hurricanes Katrina and Rita.   In performing those contractual duties owed *to FEMA*, FEI had a subcontractor haul, install and make ready for occupancy the travel trailer in which plaintiffs resided.  Plaintiffs claim that by virtue of that act (hauling and installing a travel trailer manufactured by another and selected by the federal government to serve as emergency housing for a U.S. citizen after the largest civil engineering disaster in the history of the United States), FEI had a duty to provide plaintiffs with a travel trailer that was free of a volatile organic compound known as formaldehyde.  But the AMC contains no allegation sufficient to warrant that legal conclusion of duty *to the plaintiffs*.

Although judgment as a matter of law is appropriate based on failure to plead a cognizable legal duty alone, dismissal is *also* warranted because the plaintiffs fail to establish a

---

[15]  The Complaint, Count 11, arts. 303 & 304, Count 12, arts. 310 & 311, and Count 16, arts. 334 & 335.

second essential element in the duty-risk analysis of Louisiana tort law.  Even assuming that FEI owed a duty *to the plaintiffs* in fulfilling its contractual obligations to the Government, and assuming <u>arguendo</u> that FEI breached that duty, the plaintiffs' injuries are outside the scope of any duty that FEI may have owed to the plaintiffs. Said otherwise, while FEI may have owed a duty *to plaintiffs* to exercise due care in the hauling and installation of the travel trailer provided to plaintiffs by the federal government, that duty, whatever its scope, did not extend so far as to oblige FEI to ensure that a travel trailer manufactured and selected as shelter by others was free from formaldehyde.  This key element is also necessary to succeed on plaintiffs' negligence claim; without a sound basis in law or fact for supporting this element of their claim, the negligence claim must fail.

### 1.   <u>FEI did not owe a duty to the plaintiffs</u>

Under Louisiana law, a tortfeasor is generally liable for any damage caused by his or her fault.  La. Civ. Code, art. 2315.  Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under a particular set of facts.  For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements:  (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4)  the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element).  <u>Pinsonneault v. Merchants & Farmers Bank</u>, 816 So.2d 270, 276 (La. 2003); <u>Barasich v. Columbia Gulf Transmission Co.</u>, 467 F.Supp.2d 676, 691 (E.D. La. 2006).  These elements take into consideration each party's conduct and the particular circumstances of each case.

Joseph v. Dickerson, 754 So.2d 912, 916 (La. 2000).  Under this analysis, the plaintiffs must affirmatively prove the first four elements of the duty risk approach.  Sciacca v. Rite Aid Corp., 2003 U.S. Dist. Lexis 1919, *10 (E.D. La. 2003).  A negative answer to any one of these inquiries results in a determination of no liability.  Hanks v. Entergy Corp., 944 So.2d 564, 579. (La. 2006); Joseph, 754 So.2d at 916.

Plaintiffs claim that FEI owed them a duty to "provide, transport, install, inspect … temporary housing units that did not emit hazardous levels of formaldehyde."[16] The plaintiffs assert that FEI breached this duty by blocking the housing units rather than leaving them on their wheel base and by not warning the plaintiffs of the formaldehyde emissions.[17]  The deficiency in the plaintiffs' negligence claims is that the plaintiffs have presupposed, without any basis in law, fact or reason, that FEI, simply because it contracted with FEMA to haul and install trailers, somehow became responsible for providing a trailer free from hazardous levels of formaldehyde. The threshold question in any duty-risk analysis is whether the defendant owed a duty to the plaintiff.  Pinsonneault, 816 So.2d at 276; see also Lazard, 859 So.2d at 659. Whether a duty is owed is a question of law.  Pinsonneault, 816 So.2d at 276.  Because there is no legal basis for imposing a duty on FEI to provide the plaintiffs with a formaldehyde-free housing unit, the negligence claim should be dismissed as a matter of law.

To establish that a duty exists, the inquiry is whether the plaintiffs have any law, statutory or jurisprudential, to support their claim.  Lazard, 859 So.2d at 659; Roberts v. Benoit, 605 So.2d 1032, 1043 (La. 1991).  For instance, in Lazard, the duty the defendant owed the plaintiff was imposed by statute. (Pursuant to article 822 of the Children's Code, the sheriff had a duty to house the minor in a juvenile detention facility, not the adult prison).  In Joseph, supra, the duty

---

[16]  The Complaint, Count 11, art. 300.
[17]  The Complaint, Count 11, art. 302.  Plaintiffs' negligent failure to warn claims will be addressed separately.

was established by the Restatement Second of Torts. (§ 390 of the Restatement imposed a duty on a lending car owner not to entrust the car to one who the owner knew would present an unreasonable risk of harm due to the borrower's youth, inexperience, intoxication, or incompetence). In Roberts, the duty was jurisprudentially created. (Governmental employer had a duty to exercise reasonable care in hiring and training police officers).

In the Complaint, the plaintiffs state that FEI owed them a duty to "provide, transport, install, inspect … temporary housing units that did not emit hazardous levels of formaldehyde." This is the fundamental duty allegation upon which plaintiffs' claims hang. But the plaintiffs have not articulated any statutory or jurisprudential basis for claiming that FEI owed them this duty. No provision in the contract charged FEI with the duty to ensure that the trailer was free from excessive levels of formaldehyde,[18] and Louisiana law simply does not impose upon FEI, a hauler and installer, the duty to provide the plaintiffs with a trailer free from formaldehyde.[19]

To see why this is so requires a close analysis of plaintiffs' contention as to why and how the alleged duty arose. Plaintiffs necessarily contend that the duty that FEI owed the plaintiffs had its origin in FEI's contractual work done for FEMA, because presumably not even plaintiffs are arguing that complete strangers owe them a duty to ensure that their post-Katrina emergency housing was free of formaldehyde. Plaintiffs are essentially claiming that FEI's undertaking of a contractual obligation to FEMA to haul and install EHUs somehow also gave rise to a tort-based

---

[18]   The Court has reviewed FEI's IA/TAC with FEMA in the Alexander bellwether case; Rec. doc. 2802-4, 5 & 6. The Court may properly consider orders and pleadings filed in this MDL and the contract upon which Plaintiffs' claims rely. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (court may consider exhibits attached to a motion to dismiss that the complaint references and that are central to the Plaintiffs' claims); Xavier v. Belfor USA Group, Inc., Civ. A Nos. 06-491, 06-7084, 2007 WL 4224320, *1-2 (E.D. La. 2007) (court may take judicial notice of pleadings because they are matters of public record); Nabors Drilling U.S.A. L.P. v. Twister Exploration, L.L.C., Civ. A. Nos. 01-2109, 2002 WL 287728, *1 (E.D. La. 2002) ("the court may take into account matters of public record, orders, items appearing on the record of the case").
[19]   If such a duty was owed to the plaintiffs, it may have been owed by others, but not by the hauler and installer of the units.

duty to plaintiffs.  Simply stated, FEI is sued because it did haul and install work with respect to the trailers under contract with FEMA.

That said, while it could possibly be argued that FEI had a responsibility ***to plaintiffs*** to use reasonable care in connection with hauling and installing their trailers, that duty would reasonably extend only to things such as ensuring that the electricity was properly connected, that the plumbing was connected properly, or that the trailer was safely secured to the ground. At least that argument would make some sense, as those standards of conduct are all at least arguably implicated by FEI's contract with FEMA or by a tort-based standard of reasonable care in hauling and installing trailers. But there is no reasonable interpretation of the contract or, more importantly, the work that FEI undertook vis-à-vis the plaintiffs, that could be understood as obligating FEI to provide a housing unit free from excessive levels of formaldehyde.  There was simply no duty ***on FEI's part*** to ensure that the plaintiffs would not be exposed to hazardous levels of formaldehyde.  If that were so, every small business that installs mobile homes (not just for Hurricanes Katrina and Rita) under a contract with a third party would be open to the same liability, as plaintiffs have made the same allegations against FEI with respect to mobile homes.

Accordingly, plaintiffs' allegations fail to establish that FEI owed this duty to them. Without facts alleged to support the notion that FEI owed a duty to plaintiffs, the negligence claim fails and judgment as a matter of law should be granted on the negligence claim.

### 2.   The injuries were outside the scope of any duty that FEI might have had

Assuming FEI owed a duty ***to FEMA*** to exercise ordinary care in performing its obligations as specified in the contract, those duties did not extend to plaintiffs.  But even assuming <u>arguendo</u> that these duties extended to the plaintiffs, the injuries plaintiffs claim to have incurred (exposure to excessive levels of formaldehyde) are not within the ambit of risks

addressed by FEI's duties.  In other words, the risk of the plaintiffs' harm was not within the scope of protection afforded by any such duty owed to the plaintiffs.  As the Louisiana Supreme Court notes, rules of conduct are designed to protect *some* persons under *some* circumstances against *some* risks.  Roberts, 605 So.2d at 1044 (citation omitted).  Seldom does a rule protect all persons against every risk encountered simply because the rule's violation played a part in producing the injury.  Id. (citation omitted).  Simply put, a violation of a duty does not impose liability in every situation.

The essence of a scope-of-duty inquiry is whether the risk of harm encountered by the plaintiff falls within the scope of protection of the statute (or jurisprudential rule) creating the duty.  Lazard, 859 So.2d at 660.[20]  A risk may be found outside the scope of a duty where the circumstances of that injury to the plaintiff could not reasonably be foreseen or anticipated.  Stated differently, a risk is outside the duty's scope when there is no ease of association between the risk of that injury and the legal duty.  Id. at 661.

As noted in part A(1) of this memorandum above, if FEI owed the plaintiffs a duty at all, FEI's duty was to use reasonable care in delivering the trailer and making it operational and ready for occupancy.  Thus, if FEI owed any duty to the plaintiffs, it might be to ensure that the plumbing and electricity worked properly, that the trailer was properly anchored to the ground or that the steps were in place, *i.e.* the types of things ordinarily associated with careful installation services.  Assuming for purposes of argument that these duties were owed and breached, the injuries of which the plaintiffs complain (injuries caused by exposure to excessive levels of formaldehyde) are beyond the scope of these duties.

---

[20]  This element (the scope of protection element), like the duty element, is a question of law.  Barasich, 467 F.Supp.2d at 691.

For example, had injuries been sustained due to FEI's electrical wiring (*i.e.*, the trailer burned down due to Fluor's subcontractor somehow negligently making the connection to electrical service) or due to substandard anchoring to the ground (*i.e.*, trailer being blown over by winds that, if the anchoring system were installed properly, would not have occurred), these injuries may have been within the scope of the duty owed.   But here, the plaintiffs theorize that FEI's subcontractor's actions in jacking and "blocking" the trailer accelerated the release of formaldehyde causing them injuries.  Plaintiffs' "haul and install" claim rests upon an attenuated chain of theoretical causation: the trailer frame was flexed during blocking and jacking, which damaged the shell by opening seams and cracks, which in turn let excess moisture into the shell of the trailer, which thereby caused the wood products to emit more formaldehyde gas than the wood products otherwise would have emitted, and which gas entered the interior of the trailer and harmed plaintiffs.

Plaintiffs cannot and do not allege that FEI knew that this theoretical, questionable chain of causation would injure the plaintiffs.   A risk is outside the duty's scope when the circumstances surrounding the injury cannot be anticipated.  See Lazard, supra.  The inquiry is how easily can the plaintiffs' risk of injury be associated with the duty imposed.  Roberts, 605 So.2d at 1045.   Considering the duties that FEI may have owed the plaintiffs, the risk that an individual may be injured when exposed to excessive levels of formaldehyde fumes, could not be foreseen or anticipated.

The risk that an individual would be exposed to excessive levels of formaldehyde, when FEI placed the trailer on blocks as FEMA required in its contract, is clearly outside the protection contemplated by a duty to exercise reasonable care in delivering the trailer and making it operational and ready for occupancy.   There is no ease of association between

breathing formaldehyde emissions and the duties created by FEI's contract with FEMA.  Without evidence to establish this element of the duty-risk analysis, the plaintiffs' negligence claim against FEI fails.

### B.    Plaintiffs' Negligence Claims Fail Under Mississippi Law

In their complaint, plaintiffs' negligence allegations under Mississippi law[21] are identical to their negligence allegations under Louisiana law against FEI and the contractor defendants.[22] Plaintiffs' negligence claims under Mississippi law fail for the same reasons they are deficient under Louisiana law.  Under Mississippi law, the elements of negligence are: (1) duty, (2) breach of duty, (3) causation, and (4) injury.  Clark v. EPCO, Inc., No. 2:08-cv-103KS-MTP, 2009 U.S. Dist. Lexis 67359, *14, 19-21 (S.D. Ms., Hattiesburg Div. 2009) (citing Miss. Dept't of Transp. v. Cargill, 847 So.2d 258, 262 (Miss. 2003)).  Plaintiffs must prove these elements by a preponderance of the evidence.  Id.  To recover, plaintiffs must prove causation in fact and proximate cause.  Id. (citing Jackson v. Swinney, 140 So.2d 555, 557 (1962)).  The Supreme Court of Mississippi has emphasized that "[d]uty and breach of duty are essential to finding negligence and must be demonstrated first."  Id. at *12-13 (citing Rein v. Benchmark Construction Co., 865 So.2d 1134 (Miss. 2004)).[23]  Likewise, the Mississippi Court held in Southland Management Co. v. Brown, 730 So.2d 43, 45 (Miss. 1998), that "[a] claim based on negligence must begin with the existence of a duty owed by the defendant to the plaintiff and a breach of that duty."  Id.  (also citing Skelton v. Twin County Rural Electrical Assoc., 611 So.2d 931, 936 (Miss. 1992)).  The Supreme Court in Mississippi has repeatedly held that both the

---

[21]  In fact, FEI did not haul or install any EHU's in Mississippi.  See note 4 above.
[22]  The Complaint, Count 12, p. 82-83 (negligence of contractor defendants under Mississippi law); Count 11, p. 81-82  (negligence of contractor defendants under Louisiana law).
[23]  See also Strantz v. Pinion, 652 So.2d 738, 742 (Miss. 1995).

existence <u>vel</u> <u>non</u> of a duty and its scope (including the "foreseeability" component of a duty) are pure issues of law to be decided by the court:

> [A] plaintiff must establish not merely that a duty was breached but that the duty breached was owed to the plaintiffs . . . and that these are questions of law, not fact questions for the plaintiffs or their opinion witnesses.

<u>Id</u>.  (citing <u>see</u> <u>e.g.</u>, <u>Rein</u>, 865 So.2d at 1143); <u>see also</u> <u>Warren, ex rel Warren v. Glascoe</u>, 880 So.2d 1034, 1037 (Miss. 2004) ("Whether a duty exists is a question of law").  "Only when the first items are shown is it possible to proceed to a consideration of proximate cause since a duty and breach of that duty are essential to a finding of negligence under the traditional and accepted formula." <u>Id</u>. at *19.  (quoting <u>Moss v. Batesville Casket Co., Inc</u>., 935 So.2d 393 (Miss. 2006)).

Again, assuming <u>arguendo</u>, that FEI owed a duty *to plaintiffs* to exercise due care in the hauling and installation of the travel trailer provided to them by FEMA, that duty cannot be stretched to oblige FEI to ensure that a travel trailer manufactured and selected as shelter by others was free from formaldehyde.   Causation is yet another problem with the plaintiffs' theory of recovery as stated in their complaint.  They confuse causation with duty and blur the lines of distinction between them.  Yet, "[t]he Mississippi Supreme Court has clearly held that the issue of causation is not reached until the foundational elements of duty and breach thereof is resolved in favor of liability." <u>Clark</u>, 2009 U.S. Dist. Lexis at *19 (citing <u>Moss</u>, 935 So.2d at 393; <u>May v. V.F.W. Post 2539</u>, 577 So.2d 372, 375 (Miss. 1991)).

Plaintiffs postulate that the contractor defendants "knew or should have known" "the actual and intended use of the [EHU] by each plaintiff ... ."[24]  This allegation is woefully insufficient to establish foreseeability as required by Mississippi law.  "Foreseeability is, as the Mississippi Supreme Court declares, not merely a part of the subsequent and separate causation

---

[24]  The Complaint, Count 12, p. 308.

analysis but is first a part of the legal determination of a duty and the scope of the group to which a duty is owed." Id. at *21 (citing Patterson v. Liberty Assoc. L.P., 910 So.2d 1014 (Miss. 2004)). Regarding "foreseeability," the Mississippi courts have declared that for one to be liable for an act that causes injury, "'the act must be of such a character and done in such a situation, that the person doing it should have reasonably anticipated that some injury to another will probably result therefrom.'" Id. (citation omitted). The allegations in plaintiffs' complaint fail to establish or even suggest foreseeability. FEI could not have reasonably anticipated that the "blocking" procedure mandated by the FEMA contract would accelerate the release of excessive levels of formaldehyde and injure plaintiffs. Plaintiffs' fantastic and convoluted theoretical chain of causation taken to its extreme would create almost endless liability for government contractors from the simple tasks of hauling and installing travel trailers.

Under Mississippi law, "[f]oreseeability is an essential element to both duty and causation." Id. (citing Delahoussaye v. Mary Maloney's Inc., 783 So.2d 666, 671 (Miss. 2001)). The Mississippi Supreme Court has also held numerous times that causation can be a question of law to be addressed in the first instance by the court. Id. at *22 (citing Causey v. Sanders, 998 So.2d 393 (Miss. 2008)). In conducting a causation analysis in Clark, 2009 U.S. Dist. Lexis at *22-27, the court recognized that "a defendant is chargeable only with anticipating reasonable probability; therefore a person is not bound to anticipate the unusual, improbable or extraordinary occurrence, although such happening is within the range of possibilities." Id. at *24 (citing Pargas of Taylorsville, Inc. v. Craft, 249 So.2d 403, 408 (Miss. 1971)). Further, "even though the defendant may have created a dangerous situation, danger alone is not negligence and, '[e]ven when the negligence is shown that fact alone affords no basis for the recovery of damages unless it further appears from direct evidence or reasonable inference that

such negligence proximately contributed to the damage.'"  Id. at *26 (citing Tombigbee Electric Power Assoc. v. Gandy, 62 So.2d 567, 569 (1953)).  After resolving all favorable inferences in favor of the plaintiffs, this court should reach the inescapable conclusion that FEI owed no duty to plaintiffs to ensure that a travel trailer manufactured and selected as shelter by others was free from formaldehyde.  As a result, the negligence claim against FEI under Mississippi law should be dismissed.

      C.      **Plaintiffs' Negligence Claims Fail Under Alabama Law**

Plaintiffs' negligence claims against FEI fail under Alabama law for the same reasons they fail under Louisiana and Mississippi law.  Since a similar negligence analysis obtains under Alabama law, a detailed analysis of plaintiffs' allegations under Alabama negligence law is not undertaken here, and FEI refers the court to its more detailed analysis under Louisiana and Mississippi law.  Plaintiffs' negligence allegations under Alabama law are identical to their negligence allegations under Louisiana and Mississippi law against FEI and the contractor defendants.[25]

Under Alabama law, "[n]egligence means 'the failure to discharge or perform a legal duty owed to the other party.'" "Therefore, it is 'the failure to do what a reasonably prudent person would have done under the same or similar circumstances, or, the doing of something which a reasonably prudent person would not have done under the same or similar circumstances.'" Prickett v. U.S., 111 F.Supp. 2d 1191, 1195 (M.D. Ala. 2000) (citing Alabama Pattern Jury Instructions, Civil 28.01 (1993)).  To prevail on a negligence claim, plaintiffs must prove the following elements: (1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury.  Id.; see Davis v. Wal-Mart Stores, Inc., 64 F.Supp. 2d 1176, 1178 (M.D. Ala. 1999).  The plaintiffs bear the burden of proving the existence of those

---

[25]  See the Complaint, Counts 11, 12 and 16.

elements. <u>Riley v. Fairbanks Capt. Corp.</u>, No. 2:04-CV-797-T, 2006 U.S. Dist. Lexis 8209, *13 (M.D. Ala. 2006)[26].

"'It is settled that for one to maintain a negligence action, the defendant must have been subject to a legal duty.'" <u>Prickett</u>, 11 F.Supp.2d at 1195 (citing <u>Thompson v. Mindis Metals, Inc.</u>, 692 So.2d 805, 807 (La. 1997)). Just like Louisiana and Mississippi law, under Alabama law, whether a duty arises in a particular case is typically a question of law. <u>Id</u>. (citing <u>Garner v. Covington Cty.</u>, 624 So.2d 1346, 1350 (Ala. 1993)). Once it is shown that a defendant owes a duty to a plaintiff, the plaintiff must show that the defendant breached that duty. <u>Id</u>. (whether a breach of duty has occurred is generally a question for the trier of fact).

The Alabama Supreme Court has held:

> Negligence alone does not afford a cause of action. Liability will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury.

<u>Davis</u>, 64 F.Supp. 2d at 1179 (citing <u>Gilmore v. Shell Oil Co.</u>, 613 So.2d 1272, 1274-75 (Ala. 1993)). "That is, 'however negligent a party may have been in some particular [instance], he is accountable only to those injured as a proximate result of such negligence.'" <u>Id</u>. <u>See also Riley</u>, 2006 U.S. Dist. Lexis at *14. For plaintiffs to recover under a negligence theory, all four elements must be proven; the absence of any one element requires a verdict for the defendants. <u>See Clements v. Lanley Heat Processing Equip.</u>, 548 So.2d 1345, 1347 (Ala. 1989).

## <u>CONCLUSION</u>

Partial judgment on the pleadings should be granted dismissing the plaintiffs' state law negligence claims. Plaintiffs' conclusory allegations in their complaint lack sufficient factual support to give rise to a right to relief for negligence against FEI. As drafted, the allegations are

---

[26] <u>Vacated and remanded on other grounds</u>, 222 Fed. Appx. 897 (11th Cir. 2007).

conclusory and speculative, and they fail to support the requisite elements of a negligence claim under Louisiana, Mississippi or Alabama law.  Plaintiffs completely fail to allege any specific facts that would form the basis for a legal duty that FEI owed to plaintiffs to ensure that a travel trailer manufactured and selected as shelter by others was free from formaldehyde.  Even assuming that FEI owed a duty *to the plaintiffs* in fulfilling its contractual obligations to the Government and assuming <u>arguendo</u> that FEI breached that duty when it blocked the trailer, the risk of injury that the plaintiffs encountered did not fall within the scope of that duty.  Under no construction of the factual allegations could the plaintiffs' alleged injury have been reasonably foreseen or anticipated.  There is no ease of association between the risk that the plaintiffs would be injured by excessive levels of formaldehyde and FEI's duty to prepare the trailer for occupancy as the contract specified.

Because plaintiffs fail to allege sufficient facts to support these two crucial elements of a negligence cause of action under Louisiana, Mississippi, or Alabama law, their negligence claims against FEI fail as a matter of law and should be dismissed pursuant to Rule 12(c) in all cases consolidated in this MDL.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:     */s/ Charles R. Penot, Jr.*
         Charles R. Penot, Jr. (La. Bar No. 1530 &
         Tx. Bar No. 24062455)
         717 North Harwood, Suite 2400
         Dallas, Texas 75201
         Tel: (214) 220-6334; Fax: (214) 220-6807
         cpenot@midrid.com

         *-and-*

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

-and-

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2009, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all necessary counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

*/s/ Charles R. Penot, Jr.*

ND: 4816-3059-4053, v. 3