UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

**This Document Relates to:**

*Keith Nunnery, et al. vs. Keystone Industries, Inc., et al.,* **Case No. 09-3871 (McGraw)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Defendant United States of America's Response/Memorandum in Opposition
To Plaintiff's "Motion *In Limine* to Exclude Evidence" (Rec. Doc. 13210)**

Defendant United States of America files this response in opposition to plaintiff David McGraw's "Motion *In Limine* to Exclude Evidence" (Rec. Doc. 13210), and hereby adopts and incorporates by reference all arguments and supporting materials asserted and submitted to the Court by Defendant Keystone RV Company ("Keystone") (Rec. Doc. 13424).

The United States further asserts in opposition to Mr. McGraw's motion that as to his Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80 claims against the Government, the motion must be denied because the Court, not a jury, is the trier of fact, *see* 28 U.S.C. § 2402, and it is well established that in the context of a bench trial, evidence should not be excluded on the ground that it is unfairly prejudicial. As the Fifth Circuit explained in *Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517 (5th Cir. 1981), the part of Rule 403 that authorizes exclusion of evidence because of its unfair prejudicial impact "has no logical application to bench trials . . . Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and

then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision." *Id*. at 519. *See also United States v. Kienlen*, 349 Fed.Appx. 349 (10th Cir. 2009) ("excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'"); *Schultz v. Butcher*, 24 F.3d 626, 631-32 (4th Cir. 1994) ("in the context of a bench trial, evidence should not be excluded . . . on the ground that it is unfairly prejudicial . . . admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor").

In the instant case, as this Court explained in its July 2, 2009, Order and Reasons, granting in part and denying in part the United States' Motion to Strike Jury Trial Request, the Court in resolving plaintiff's claims against the United States will "render a finding that is entirely independent of any factual findings that such an advisory jury might make relating to the Government's liability." Order and Reasons at 3-4 (Rec. Doc. 2034). This Court as the finder of fact is more than able to restrict and limit its consideration of Mr. McGraw's false deposition testimony that he has only been arrested one time for possession of crack cocaine, his false deposition testimony that he has never been convicted of any crime, and his two convictions for crack cocaine, to determine whether Mr. McGraw is a credible witness. Further, Mr. McGraw's two convictions for crack cocaine are also relevant, assuming *arguendo* that the Court were to find that Mr. McGraw suffered a sinus problem while occupying the trailer (a contested issue given Mr. McGraw's failure to seek any medical treatment between November 2005 and January 2010 for alleged sinus problems). The evidence is relevant to determination of the cause of a sinus problem. Specifically whether the sinus problem was caused by

2

formaldehyde emitted by the trailer or whether it was caused by Mr. McGraw's use and the inhalation crack cocaine into his sinus cavities. The United States respectfully suggests that crack cocaine is a more plausible explanation for any alleged sinus problem Mr. McGraw may have given the fact that he sought medical treatment for sinus problems in November 2005, over six-months before he moved into the trailer, never sought medical treatment for sinus problems while occupying the trailer, and has allegedly continued to have sinus problems since vacating the trailer in Summer or Fall of 2007.

The alleged prejudice Mr. McGraw raises as a concern does not exist as to his claims against the Government because the Court, not the jury, is the trier of fact.[1] *See Gulf States Utilities Co.,* 635 F.2d at 519; *Kienlen*, 349 Fed.Appx. at 349; *Schultz,* 24 F.3d at 631-32. Accordingly, for these additional reasons evidence of Mr. McGraw's false deposition testimony as well as his two convictions for crack cocaine should be admitted and considered by the Court for purposes of resolving Mr. McGraw's FTCA claims against the United States.

---

[1] In the unlikely event that the Court were to preclude the jury from considering the evidence of Mr. McGraw's false deposition testimony and two convictions for crack cocaine because such evidence is unduly prejudicial, the Court as the trier of fact as to Mr. McGraw's FTCA claims should nevertheless consider that evidence.

Dated: April 19, 2010.                                    Respectfully Submitted,

TONY WEST                                                 ADAM BAIN
Assistant Attorney General, Civil Division                Senior Trial Counsel

J. PATRICK GLYNN                                          MICHELLE BOYLE
Director, Torts Branch, Civil Division                    ADAM DINNELL
                                                          MICHELE GREIF
DAVID S. FISHBACK                                         JONATHAN WALDRON
Assistant Director                                        Trial Attorneys

OF COUNSEL:                                               //S// *Henry T. Miller*
                                                          HENRY T. MILLER (D.C. Bar No. 411885)
JORDAN FRIED                                              Senior Trial Counsel
Associate Chief Counsel                                   U.S. Dept. of Justice, Civil Division
JANICE WILLIAMS-JONES                                     P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                                     Washington, D.C. 20004
Federal Emergency Management Agency                       Telephone No: (202) 616-4223
Department of Homeland Security                           E-mail: Henry.Miller@USDOJ.Gov
                                                          Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                          //S// *Henry T. Miller*
                                                        HENRY T. MILLER (D.C. Bar No. 411885)