## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE | § | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | SECTION N(5) |
| | § | |
| | § | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | § | |
| | § | MAGISTRATE CHASEZ |
| ALL CASES | § | |
| | | JURY TRIAL REQUESTED |

_____

## ANSWER OF FLUOR ENTERPRISES, INC. TO THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS

Defendant, Fluor Enterprises, Inc. (**FEI**), answers the third and fourth supplemental and amended administrative master complaints (collectively, "the complaints") of plaintiffs[1], as follows:

FEI readopts, realleges and reaffirms all contentions, answers and affirmative defenses made in previously filed responsive pleadings in all cases consolidated in this multi-district litigation, including all affirmative defenses raised in its master preservation list filed in this matter, as if pled here in extenso.

---

[1] FEI was not named as a defendant in the first and second administrative master complaints.  Also, pursuant to pre-trial order 36, this answer "… shall constitute an answer in each action now pending or subsequently added to this proceeding."  (Rec. doc. 1386, p. 4).

The complaints mix factual allegations and legal arguments, often making straight forward admissions or denials impossible.  All allegations, unless specifically admitted, are denied by FEI.  To the extent that the allegations in the complaints refer generally to "defendants," or a collective group of defendants, rendering the complaints vague and ambiguous, FEI responds to these allegations only on behalf of itself.

## FIRST DEFENSE

The administrative master complaint, as supplemented and amended, fails to state a claim against FEI upon which relief may be granted.

## SECOND DEFENSE

AND NOW, in answer to the specific allegations of the administrative master complaint, as supplemented and amended, FEI avers:

## ANSWER TO THIRD SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT

AND NOW, responding to the specific allegations of the third supplemental and amended administrative master complaint of plaintiffs, FEI avers:

## I. INTRODUCTION

### 1.

The allegations in paragraph 1 constitute introductory statements that do not appear to require a response from FEI.  To the extent that a response is deemed necessary, FEI avers that the previously filed complaints that have been transferred into this MDL are the best evidence of their contents.  Any remaining allegations are denied for lack of sufficient information upon which to justify a belief.

2.

The allegations in paragraph 2, deleting all class action allegations from the administrative master complaint, as amended, do not appear to require a response by FEI. To the extent that a response is deemed necessary, FEI admits only that class action certification is inappropriate and that class action certification was denied by the court (Rec. doc. 1014).

3.

Paragraphs 3 and 4 constitute introductory statements that do not appear to require a response by FEI. To the extent that a response is deemed necessary, FEI admits only that the court ordered the plaintiffs to file a consolidated master complaint.

4.

Paragraphs 5, 6, and 7 constitute introductory statements that do not appear to require a response by FEI. To the extent that a response is deemed necessary, FEI denies paragraphs 5, 6, and 7 as written, stating instead, that the nature of the master complaint is defined by the court's pre-trial order 36 (Rec. doc. 1386), as amended by the court's order (Rec. doc. 2760).

## II. **PARTIES**

5.

The allegations of paragraph 8 are denied for lack of sufficient information upon which to justify a belief. In further response, FEI admits that the jurisdictional requirements of this court are satisfied.

6.

The allegations of paragraph 9 are denied for lack of sufficient information upon which to justify a belief. Further, FEI avers that the complaints in all cases consolidated in this MDL are

the best evidence of their contents, including the identities of the plaintiffs named in those complaints.

7.

Paragraphs 10 through 106, 108 through 113, and 115 are directed to defendants other than FEI and do not require a response from FEI. To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

8.

FEI denies all of the allegations in paragraph 107, except to admit that FEI, for purposes of diversity jurisdiction, is a citizen of a state other than Louisiana, and that it had a contractual relationship with FEMA that required it to, among other things, perform certain services with respect to transportation, delivery, installation, maintenance, repair and deinstallation of temporary housing units for a period of time. FEI specifically denies that it provided any contractual services for any temporary housing units provided by FEMA to plaintiffs in the States of Mississippi or Texas, and denies that it provided any "significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing which was provided by FEMA" in Alabama.

9.

Paragraph 114 pertains primarily to Bechtel National, Inc. and does not appear to require a response from FEI. To the extent that a response is necessary because a portion of that paragraph may relate to FEI and defendants other than Bechtel, FEI denies the parenthetical allegations purporting to classify FEI as a "no-bid defendant," and denies the remaining

allegations as they pertain to any other defendant for lack of sufficient information upon which to justify a belief.

### III.  JURISDICTION AND VENUE

10.

Paragraph 116 states conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, FEI admits that the jurisdictional requirements of this court are satisfied.

11

Paragraph 117 states conclusions of law that do not appear to require a response from FEI.  To the extent that a response is deemed necessary, FEI denies that any individual plaintiff suffered damages.  In further response, FEI, however, admits that the jurisdictional requirements of this court are satisfied, including the jurisdictional amount required for diversity jurisdiction.

12.

Paragraphs 118 and 119 state conclusions of law that do not require a response from FEI. To the extent that a response is deemed necessary, FEI admits that the jurisdictional requirements of this court are satisfied.

13.

Paragraph 120 states conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, FEI denies the allegations for lack of sufficient information upon which to justify a belief.

14.

Paragraph 121 states conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, FEI denies the allegations for lack of sufficient information upon which to justify a belief therein.  FEI specifically denies that it committed any "negligent and wrongful actions" as alleged in paragraph 121.  FEI admits that it hauled and installed EHUs in the Eastern District of Louisiana.

15.

Paragraph 122 states conclusions of law that do not require a response from FEI.  Further, the allegations are directed to a defendant other than FEI and, therefore, do not require a response from FEI.  To the extent that a response may be deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

16.

Paragraph 123 state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, FEI admits that the United States Jurisdictional Panel on Multi-District Litigation entered an order on October 24, 2007, describing the transfer of certain actions to the Eastern District of Louisiana, which order is the best evidence of its contents.  FEI denies any remaining allegations in paragraph 123 for lack of sufficient information upon which to justify a belief.

## IV.  FACTS AND GENERAL ALLEGATIONS

17.

The allegations of paragraphs 124, 125, 126, 127, 128 and 129 are denied for lack of sufficient information upon which to justify a belief therein.

18.

The allegations of paragraphs 130 through 135 appear to be directed to the Manufacturing Defendants and do not appear to require a response from FEI. To the extent that the allegations may apply to temporary housing units that FEI was directed to haul and install, FEI denies the allegation that the units contained dangerous levels of formaldehyde. The remaining allegations in paragraphs 130 through 135 are denied for lack of sufficient information upon which to justify a belief.

19.

FEI denies the allegations in the first sentence of paragraph 136 for lack of sufficient information upon which to justify a belief therein. The remaining allegations state conclusions of law that do not require a response from FEI. To the extent that a response is deemed necessary, FEI submits that 24 C.F.R. § 3280.309 is the best evidence of its terms.

20.

Paragraphs 137 and 138 are denied for lack of sufficient information upon which to justify a belief therein.

21.

Paragraph 139 states conclusions of law that do not require a response from FEI. To the extent that a response is deemed necessary, FEI submits that 24 C.F.R. § 3280.308 is its own best evidence.

22.

Paragraph 140 states conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, FEI submits that 44 C.F.R. § 206.110(e) is its own best evidence.

23.

Paragraph 141 is directed to the Manufacturing Defendants and does not appear to require a response from FEI.  To the extent that a response may be deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

24.

Paragraph 142 states conclusions of law that do not appear to require a response from FEI.  To the extent that a response may be deemed necessary, FEI submits that 42 U.S.C. § 4121, et seq. (the "Stafford Act"), Public Law 93-288, Title IV, § 408 (1988) and 42 U.S.C.A. § 5174 are their own best evidence of their terms.

25.

Paragraphs 143 through 147 are directed to the Procurement Defendants and do not appear to require a response from FEI.  To the extent that a response may be deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

26.

Paragraph 148 is denied to the extent it pertains to FEI, except to admit that FEI had an Individual Assistance – Technical Assistance Contract (IA/TAC) with FEMA, relating to FEMA's disaster response obligations. The remaining allegations as they may pertain to any other defendant are denied for lack of sufficient information upon which to justify a belief therein.

27.

Paragraph 149 is denied as it may pertain to FEI, except to admit that FEI had an IA/TAC with FEMA, relating to FEMA's disaster response obligations. The remaining allegations as they may pertain to any other defendant are denied for lack of sufficient information upon which to justify a belief therein.

28.

Paragraph 150 states conclusions of law that do not require a response from FEI. To the extent that the allegations may apply to trailers that FEI was directed to haul and install, FEI denies the allegations. To the extent that the allegations may pertain to any other defendant, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

29.

FEI denies the allegations in paragraph 151 as they may pertain to FEI, except to admit that FEI had an IA/TAC with FEMA relating to FEMA's disaster response obligations, and denies the allegations for lack of sufficient information upon which to justify a belief therein as they may pertain to any other defendant. In further response, FEI specifically denies that it provided any contractual services for any temporary housing units provided by FEMA to plaintiffs in the states of Mississippi or Texas, and provided only very limited services  Alabama.

30.

The allegations of paragraph 152 are denied as written. To the extent that the allegations may pertain to FEI, FEI submits that the best evidence of the terms of the tasks assigned to FEI by FEMA are described in the IA/TAC, related tasks orders, work orders and contract documents.

31.

The allegations of paragraph 153 are denied as they may pertain to FEI, denied for lack of sufficient information upon to justify a belief therein, as they may pertain to any other defendant, and denied to the extent that the allegations state conclusions of law.  FEI further avers that the IA/TAC is a written document that is the best evidence of its terms.

32.

The allegations of paragraph 154 are denied as written.  To the extent that the allegations may pertain to FEI, FEI submits that the best evidence of the terms of the tasks assigned to it by FEMA are set forth in the IA/TAC, related tasks orders, work orders and contract documents. Further, the allegations are denied for lack of sufficient information upon which to justify a belief therein, as they may pertain to any other defendant.

33.

Paragraph 155 states conclusions of law that do not appear to require a response from FEI.  To the extent that the allegations may pertain to FEI, they are denied, except to admit that FEI subcontracted for some of the work called for by the IA/TAC, and denied for lack of sufficient information upon which to justify a belief as they may pertain to any other defendant. FEI submits that the best evidence of the terms of its subcontracts is contained in the subcontracts themselves and related subcontract documents.

34.

The allegations of the first two sentences of paragraph 156 are denied as written.  To the extent that these allegations may pertain to FEI, FEI submits that the best evidence of the terms of the tasks assigned to it by FEMA are contained in the IA/TAC, related tasks orders, work orders and contract documents.  FEI denies the allegations in the last sentence of paragraph 156.

35.

FEI denies the allegations in the first two sentences of paragraph 157 as written.  To the extent that these allegations may pertain to FEI, FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are contained in the IA/TAC, related tasks orders, work orders, contract documents and technical directions received from FEMA.  FEI denies the allegations in the last sentence of paragraph 157.

36.

The allegations of paragraphs of 158 and 159 are denied.

37.

The allegations of the first three sentences of Paragraph 160 are denied for lack of sufficient information upon which to justify a belief therein.  The allegations of the last sentence of paragraph 160 are denied.

38.

To the extent the allegations of Paragraph 161 apply to FEI, the allegations are denied.  They are denied for lack of sufficient information upon which to justify a belief therein, to the extent the allegations apply to any other defendant.

39.

The allegations in the first sentence Paragraph of 162 are denied as written.  To the extent that these allegations may pertain to FEI, FEI avers that the best evidence of the terms of the tasks assigned to it by FEMA are contained in the IA/TAC, related tasks orders, work orders, contract documents and technical directions received from FEMA.  FEI denies the allegations in the last two sentences of paragraph 162.

40.

The allegations in the first sentence of paragraph 163 are denied as written.  To the extent that the allegations may pertain to FEI, FEI avers that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC, related tasks orders, work orders, contract documents and technical directions received from FEMA, and that the best evidence of the terms of its relationships with its subcontractors are contained in the subcontracts and related documents.  The allegations in the last sentence of paragraph 163 are denied.

41.

Paragraph 164 is denied.

42.

The allegations of the first sentence of paragraph 165 are denied as written.  To the extent that the allegations may pertain to FEI, FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC, related tasks orders, work orders, contract documents and technical directions received from FEMA.  The allegations in the last sentence of paragraph 165 are denied.

43.

The allegations of the first sentence of paragraph 166 are denied as written.  To the extent that these allegations may pertain to FEI, FEI states that the best evidence of the terms of the tasks assigned to it by FEMA are described in the IA/TAC, related tasks orders, work orders, contract documents and technical directions received from FEMA.  FEI denies all  remaining allegations of paragraph 166.

44.

FEI denies all allegations of Paragraphs 167 through 171.

45.

Paragraph 172, which is directed to the Procurement Defendants, does not appear to require a response from FEI.  To the extent that a response may be deemed necessary, the allegations are denied.

46.

FEI admits the allegations of Paragraph 173.

47.

FEI admits the allegation contained in Paragraph 174 that "FEMA has long been aware of the presence of formaldehyde in certain construction materials used in manufactured housing, including these housing units," denies that there was any danger associated with any trailers or other units installed by it, and denies all remaining allegations of Paragraph 174 for lack of sufficient information upon which to justify a belief therein.

48.

FEI denies the allegations of Paragraph 175 for lack of sufficient information upon which to justify a belief therein.

49.

FEI denies the allegations of Paragraph 176 for lack of sufficient information upon which to justify a belief therein.

50.

Paragraphs 177 through 199 appear to be directed to defendants other than FEI and do not appear to require a response from FEI.  To the extent that a response may be deemed necessary, the allegations related to any other defendant are denied for lack of sufficient information upon which to justify a belief therein.  To the extent the allegations purport to cast

liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, FEI denies the allegations.

## V.  CLAIMS ASSERTED AGAINST THE FEDERAL GOVERNMENT:  ALL STATES

### COUNT 1

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT

51.

In response to Paragraph 200, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs, as if pled here in extenso.

52.

Paragraphs 201 through 209 pertain solely to the Federal Government and state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations, including all subparts, are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

**[Remainder of page intentionally left blank.]**

## VI.  CLAIMS ASSERTED AGAINST MANUFACTURER DEFENDANTS

## A.  LOUISIANA STATE BASED CLAIMS

### COUNT 2:

### CAUSE OF ACTION AGAINST THE MANUFACTURING DEFENDANTS UNDER LOUISIANA PRODUCTS LIABILITY ACT

53.

In response to Paragraph 210, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

54.

Paragraphs 211 through 216 pertain solely to the Manufacturing Defendants and state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, FEI denies the allegations, including all subparts, for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

55.

Paragraphs 217 through 228 are directed to defendants other than FEI and do not require a response from FEI.  To the extent that a response may be deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein .

**B.**     **MISSISSIPPI STATE-BASED CLAIMS**

### COUNT 3:

### STRICT PRODUCTS LIABILITY
### MS CODE ANNOTATED § 11-1-63

### PRODUCTS LIABILITY:  DEFECTIVE MANUFACTURING AND DESIGN

56.

In response to Paragraph 229, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

57.

Paragraphs 230 through 239 are directed to defendants other than FEI and do not appear to require a response from FEI.  To the extent that a response is deemed necessary, FEI denies the allegations for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

### PRODUCTS LIABILITY:  FAILURE TO WARN

58.

In response to Paragraph 240, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

59.

Paragraph 241 is directed to defendants other than FEI and the allegations constitute legal conclusions, to which no response is required from FEI.  To the extent that a response may be deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or

indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

## PRODUCTS LIABILITY:  BREACH OF EXPRESS WARRANTY

### 60.

In response to Paragraph 242, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

### 61.

Paragraph 243 is directed to defendants other than FEI and the allegations constitute legal conclusions, which do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

## COUNT 4:

## STRICT LIABILITY AND NEGLIGENCE

### 62.

In response to Paragraph 244, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

### 63.

Paragraphs 245 through 247, including all subparts, are directed to defendants other than FEI and the allegations state conclusions of law, which do not require a response from FEI.  To the extent that a response is deemed necessary, FEI denies the allegations for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to

cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

## C.   ALABAMA STATE-BASED CLAIMS

### COUNT 5:

### EXTENDED MANUFACTURER'S LIABILITY DOCTRINE
### Code of Ala. § 6-5-521

### PRODUCTS LIABILITY:  DEFECTIVE MANUFACTURING AND DESIGN

#### 64.

In response to Paragraph 248, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

#### 65.

Paragraphs 249 through 259 are directed to defendants other than FEI and the allegations state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

### PRODUCTS LIABILITY:  FAILURE TO WARN

#### 66.

In response to Paragraph 260, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

67.

Paragraph 261 is directed to defendants other than FEI and the allegations state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, FEI denies the allegations for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

## PRODUCTS LIABILITY:  BREACH OF EXPRESS AND IMPLIED WARRANT OF MERCHANTABILITY

68.

In response to Paragraph 262, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

69.

Paragraph 263 is directed to defendants other than FEI and the allegations states conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

**D.    TEXAS STATE-BASED CLAIMS**

**COUNT 6:**

**CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS UNDER
TEXAS PRODUCTS LIABILITY LAW**

70.

In response to Paragraph 264, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

71.

Paragraphs 265 through 274, including all subparts, are directed to defendants other than FEI and the allegations state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations. FEI specifically denies that any plaintiffs sustained any damages or losses as alleged.

**COUNT 7:**

**CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS
FOR NEGLIGENCE**

72.

In response to Paragraph 275, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

73.

Paragraphs 276 through 280, including all subparts, are directed to defendants other than FEI and the allegations state conclusions of law that do no require a response from FEI.  To the

extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations. FEI specifically denies that any plaintiffs sustained injuries or damages as alleged.

## COUNT 8:

### CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR BREACH OF IMPLIED WARRANTY

74.

In response to Paragraph 281, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

75.

Paragraphs 282 through 286 are directed to defendants other than FEI and the allegations state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

## COUNT 9:

### CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR BREACH OF IMPLIED WARRANTIES UNDER THE UCC AND COMMON LAW AND EXPRESS WARRANTIES:  ALL ATATES

76.

In response to Paragraph 287, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

77.

Paragraphs 288 through 289 are directed to defendants other than FEI and do not appear to require a response from FEI.  To the extent that a response may be deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

78.

Paragraphs 290 through 292 are directed to defendants other than FEI and the allegations state conclusions of law that do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

**VII.  CLAIMS ASSERTED AGAINST THE NO-BID CONTRACTOR DEFENDANTS**

**A.      LOUISIANA STATE-BASED CLAIMS**

**COUNT 10:**

**CAUSE OF ACTION AGAINST THE
NO-BID DEFENDANTS UNDER THE LOUISIANA PRODUCTS LIABILITY ACT**

79.

In response to paragraph 293, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

80.

FEI denies each and every allegation of Paragraphs 294 through 299.

## COUNT 11:

## NEGLIGENCE OF NO-BID DEFENDANTS UNDER LOUISIANA LAW

### 81.

In response to Paragraph 298 (which should be 300, resulting in the misnumbering of all subsequent Paragraphs), FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

### 82.

FEI denies each and every allegation contained Paragraphs 299 through 304, including all subparts.

**B.**   **MISSISSIPPI STATE-BASED CLAIMS**

## COUNT 12:

## NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER MISSISSIPPI LAW

### 83.

In response to Paragraph 305, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso

### 84.

FEI denies each and every allegation contained in Paragraphs 306 through 311, including all subparts.  FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Mississippi.

**COUNT 13:**

**STRICT PRODUCTS LIABILITY**
**MS. CODE ANNOTED § 11-1-63**

85.

In response to paragraph 312, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso .

86.

FEI denies each and every allegation contained in Paragraphs 313 through 322.  Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Mississippi.

**COUNT 14:**

**FAILURE TO WARN**

87.

In response to paragraph 323, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso

88.

FEI denies each and every allegation contained in Paragraphs 324 through 326.  Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Mississippi.

## COUNT 15:

## BREACH OF IMPLIED WARRANTY

### 89.

In response to paragraph 327, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

### 90.

FEI denies each and every allegation contained in Paragraph 328. Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Mississippi.

## C.    ALABAMA STATE-BASED CLAIMS

## COUNT 16

## NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER ALABAMA LAW

### 91.

In response to paragraph 329, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

### 92.

FEI denies each and every allegation contained in Paragraphs 330 through 335.

**D.**     **TEXAS STATE-BASED CLAIMS**

**COUNT 17:**

**NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER TEXAS LAW**

93.

In response to paragraph 336, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

94.

FEI denies each and every allegation contained in Paragraphs 337 through 342. Further, FEI specifically denies that it performed any services in connection with hauling and installing any temporary housing units in Texas.

**VIII.  CLAIMS ASSERTED AGAINST THE PROCUREMENT DEFENDANTS:**

**ALL STATES**

**COUNT 18:**

**NEGLIGENCE OF PROCUREMENT DEFENDANTS**

95.

In response to paragraph 343, FEI incorporates by reference its responses to the allegations in each of the preceding paragraphs as if pled here in extenso.

96.

Paragraphs 344 to 352 are directed to defendants other than FEI and do not appear to require a response from FEI.  To the extent that a response may be deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein, except to the extent the allegations purport to cast liability directly or indirectly upon FEI, or to

the extent that the allegations imply that any trailer or other unit installed by FEI was defective or dangerous, in which cases FEI denies the allegations.

## IX.  DAMAGES ASSERTED

**A.**   **DAMAGES FOR LOUISIANA STATE-BASED CLAIMS**

### COMPENSATORY DAMAGES

97.

FEI denies each and every allegation contained in Paragraphs 353 and 354.

**B.**   **DAMAGES FOR MISSISSIPPI STATE-BASED CLAIMS**

### COMPENSATORY DAMAGES

98.

FEI denies each and every allegation contained in Paragraph 355. Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Mississippi.

99.

FEI denies each and every allegation contained in Paragraph 356. Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Mississippi.

### PUNITIVE / EXEMPLARY DAMAGES

100.

FEI denied each and every allegation contained in Paragraph 357. FEI further avers that plaintiffs' complaint fails to state a cause of action or a right of action for any punitive or exemplary damages against FEI.  Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Mississippi.

C.     **DAMAGES FOR ALABAMA STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

101.

.     FEI denies the allegations of Paragraph 358 and 359.

**CODE OF ALABAMA § 6-11-23 PUNITIVE / EXEMPLARY DAMAGES**

102.

FEI denies the allegations of Paragraph 360.  FEI further avers that plaintiffs' complaint fails to state a cause of action or a right of action for any punitive or exemplary damages against FEI.

D.     **DAMAGES FOR TEXAS STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

103.

FEI denies the allegations of Paragraphs 361-362. Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Texas.

**PUNITIVE DAMAGES**

104.

FEI denies the allegations of Paragraph 363. FEI further avers that plaintiffs' complaint fails to state a cause of action or a right of action for any punitive or exemplary damages against FEI.  Further, FEI specifically denies that it performed any services in connection with hauling or installing any temporary housing units in Texas.

## REQUEST FOR JURY TRIAL

### 105.

The unnumbered paragraph captioned "Request for Jury Trial" constitutes a request for trial by jury to which no answer is required by FEI.  To the extent that a response is deemed necessary, FEI asserts that it is entitled to a trial by jury of all issues of fact herein.

## PRAYER FOR RELIEF

### 106.

In response the allegations in the paragraph captioned "Prayer for Relief," FEI denies that plaintiffs are entitled to any of the relief requested.

### 107.

FEI further denies the allegations contained in any and all remaining unnumbered or misnumbered paragraphs of the third supplemental and amended administrative master complaint.

## ANSWER TO FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT

AND NOW, responding to the specific allegations of the fourth supplemental and amended administrative master complaint of plaintiffs, FEI avers:

### 108.

Paragraphs 1 through 4 pertain to defendants other than FEI and do not require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

109.

Paragraph 5, which purports to add certain defendants to those listed in the third supplemental and amended administrative master complaint, by adding article 113, subparts (a) through (g), does not appear to require a response from FEI.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to justify a belief therein.

110.

Paragraph 6, which purports to amend paragraph 114 of the third supplemental and amended administrative master complaint, pertains to Bechtel National, Inc. and does not appear to require a response from FEI.  To the extent that a response is necessary, FEI denies the parenthetical allegations purporting to classify FEI as a "no-bid defendant," and denies the remaining allegations as they pertain to any other defendant for lack of sufficient information upon which to justify a belief therein.

111.

The unnumbered paragraph sequentially following paragraph 6, which purportedly reiterates all matters contained in the original and amended master complaints, does not appear to require a response from FEI.  To the extent that a response is deemed necessary, those allegations are denied as they may pertain to FEI, and denied for lack of sufficient information upon which to justify a belief as they may pertain to any other defendant. FEI denies that plaintiffs are entitled to any damages or relief asserted.  Further, FEI reavers and reasserts all of its responses to the above allegations, paragraphs and articles in the third and fourth supplemental and amended administrative master complaints, as if pled here in extenso.

112.

FEI denies all allegations in all complaints that have not been previously admitted, qualified or denied.

## ADDITIONAL AFFIRMATIVE DEFENSES

NOW FURTHER ANSWERING, FEI respectfully asserts the following additional defenses and affirmative defenses:

## THIRD DEFENSE

FEI reasserts as affirmative defenses each and every one of the defenses raised in its master preservation list filed in this matter.

## FOURTH DEFENSE

The claims against FEI are, or may be, barred in whole or in part by plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to institute suit within the period of time required by the applicable prescriptive periods and/or limitations of actions contained in any applicable contracts.  Plaintiffs' claims are barred by prescription on the face of the complaints.  Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period against FEI during the pendency of the putative class action.

## FIFTH DEFENSE

Upon information and belief, all named plaintiffs lack standing to proceed with the complaints and/or causes of action set forth therein because they are not the purchasers or buyers of the unit(s) at issue.

**SIXTH DEFENSE**

Any or all plaintiffs domiciled in Mississippi, Texas and Alabama lack standing to proceed with the complaints and/or causes of action set forth therein against FEI, since FEI did not provide any contractual services for any temporary housing units provided by FEMA to plaintiffs in the states of Mississippi or Texas, or any but the most minimal services in Alabama, none of which could give rise to a cause of action against FEI.

**SEVENTH DEFENSE**

FEI is a government contractor that performed its work, through subcontractors, in full compliance with reasonably precise specifications provided and mandated by the U.S. government through FEMA for hauling and installation of all travel trailers, including those provided to plaintiffs by FEMA, and FEI had no actual knowledge not otherwise known to FEMA about alleged formaldehyde dangers.   Any alleged defect claimed herein, which is specifically denied, is the result of the standards mandated by the U.S. government over which FEI had no control.  Accordingly, FEI is immunized from liability by the government contractor defense.

**EIGHTH DEFENSE**

Plaintiffs' claims against FEI are barred by La. Rev. Stat. 9:2771 because FEI is a government contractor that performed its work according to and in compliance with the plans and specifications provided and mandated by the U.S. government through FEMA and, therefore, FEI is immune from suit.

## NINTH DEFENSE

FEI denies that it is a "manufacturer" within the meaning of the Louisiana Products Liability Act (LPLA). FEI references and incorporates the court's orders and reasons in the Alexander and Dubuclet suits dismissing plaintiffs' claims against FEI under the LPLA, holding that FEI does not meet the definition of "manufacturer" found in the LPLA (Rec. docs. 3217 and 7740, respectively).

## TENTH DEFENSE

Solely in the event that FEI is found to be a manufacturer, which is denied, FEI specifically denies the existence of any defect or defects that would render the trailer unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

## ELEVENTH DEFENSE

Solely in the alternative, in the event this court determines there was any defect in any travel trailer or other unit installed by FEI, which is denied, said defect was apparent and obvious and could be easily avoided or remedied precluding any recovery by plaintiffs.

## TWELFTH DEFENSE

Alternatively, in the event FEI is found to be a manufacturer, which is denied, and in the event that discovery reveals the following, FEI specifically pleads that the accident and/or injuries sued upon occurred solely due to the substantial alteration and/or modification of the product, which alternation and/or modification was not foreseeable, after it had been installed by FEI.

## THIRTEENTH DEFENSE

In the event FEI is found to be a manufacturer, which is denied, FEI specifically pleads to the extent applicable, all defenses allowed by the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51, et seq., and/or other Louisiana law.

## FOURTEENTH DEFENSE

To the extent FEI is found to be a manufacturer, which is denied, in the event that discovery reveals the following, FEI specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against FEI.

## FIFTEENTH DEFENSE

To the extent FEI is found to be a manufacturer, which is denied, in the event that discovery reveals the following, FEI specifically pleads that the product sued upon was not in a reasonably anticipated use at any relevant time.

## SIXTEENTH DEFENSE

In the event FEI is found to be a manufacturer, which is denied, FEI specifically pleads that the subject trailer, including all component parts thereof, was properly installed in accordance with the state of the art at the time and, therefore, there is no legal basis for any assessment of fault against FEI.

## SEVENTEENTH DEFENSE

In the event FEI is found to be a manufacturer, which is denied, FEI avers that at the time the product was installed, the installation met all relevant FEMA and FEI specifications and performance standards for the installation of other similar trailers.

## EIGHTEENTH DEFENSE

To the extent FEI is found to be a manufacturer, which is denied, FEI specifically pleads that the trailer, as installed, was reasonably fit for ordinary use.

## NINETEENTH DEFENSE

FEI owes no warranty obligations to plaintiffs.

## TWENTIETH DEFENSE

FEI specifically denies liability under Mississippi law and pleads any and all defenses applicable and available to it under any controlling Mississippi statutes including, but not limited to, the Mississippi Products Liability Act, M.C.A. § 11-1-63.

## TWENTY-FIRST DEFENSE

FEI pleads any and all defenses applicable and available to it under any controlling Texas statutes.

## TWENTY-SECOND DEFENSE

FEI pleads any and all defenses applicable and available to it under any controlling Alabama statutes.

## TWENTY-THIRD DEFENSE

Pursuant to Days v. National Radiator Corp., 128 So.2d 660 (La. 1961), FEI's duties and obligations are limited to what is defined in the relevant IA/TAC between FEI and FEMA.

## TWENTY-FOURTH DEFENSE

FEI denies that it was negligent in any way that caused harm to plaintiffs.

## TWENTY-FIFTH DEFENSE

FEI owed no duty to plaintiffs to provide them with trailers free from alleged excessive levels of formaldehyde.

## TWENTY-SIXTH DEFENSE

FEI had no duty to warn plaintiffs of any alleged harmful conditions of the trailer(s).

## TWENTY-SEVENTH DEFENSE

FEI's actions or in-actions are not a cause-in-fact of plaintiffs' damages.

## TWENTY-EIGHTH DEFENSE

FEI specifically pleads that any alleged fault, negligence and/or strict liability attributed to FEI, which is denied, was not the proximate or legal cause of the injuries sued upon herein, and that duty-risk analysis or proximate cause analysis precludes plaintiffs' claims against FEI under Louisiana, Mississippi, Texas and/or Alabama law.

## TWENTY-NINTH DEFENSE

Any alleged "subcontractors" of FEI were independent contractors and, thus, FEI is not vicariously liable for the actions of any subcontractors under La. Civ. Code art. 2320, the respondeat superior statute, as FEI had no control over the work of any such subcontractor.

## THIRTIETH DEFENSE

Solely in the alternative, in the event the court finds the plaintiffs have suffered any damages whatsoever, which is denied, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to

heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiffs or reduce any recovery by their respective percentages of fault.

### THIRTY-FIRST DEFENSE

FEI avers that the sole and proximate cause of any injuries or damages about which the plaintiffs complain was the fault and/or negligence of the plaintiffs including, but not limited to, the failure to read and/or follow the instructions to vent out the trailer, and any and all other acts and/or omissions which may be adduced at or before the time of trail, which stand as a complete bar to plaintiffs' claims.

### THIRTY-SECOND DEFENSE

In the further alternative, FEI pleads that plaintiffs have failed to mitigate their damages and, thus, their recovery should be reduced accordingly.

### THIRTY-THIRD DEFENSE

In the alternative, FEI avers that plaintiffs assumed the risks of their injuries.

### THIRTY-FOURTH DEFENSE

In the further alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third persons for whom FEI is not responsible, including non-parties and parties immune by statute and, including without limitation, possibly subcontractors, lower-tier subcontractors and MDC contractors.

### THIRTY-FIFTH DEFENSE

The injuries alleged by plaintiffs were legally or proximately caused, if they exist at all, by unforeseeable intervening or superceding causes and circumstances.

## THIRTY-SIXTH DEFENSE

Pursuant to Fed. R. Civ. P. 9, to the extent that no court has established the statutory status of plaintiffs to assert survival and/or wrongful death actions on behalf of any decedents, FEI asserts that those plaintiffs lack procedural capacity to assert wrongful death and/or survival actions.

## THIRTY-SEVENTH DEFENSE

Pursuant to Fed. R. Civ. P. 9, to the extent that no court has established plaintiffs' authority to act in a representative capacity on behalf of minors, FEI asserts that those plaintiffs lack procedural capacity to sue on behalf of the respective minors.

## THIRTY-EIGHTH DEFENSE

All of the claims asserted against FEI are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

## THIRTY-NINTH DEFENSE

FEI pleads to the extent applicable all defenses allowed under the Louisiana Health Emergency Powers Act, La. Rev. Stat. 29:771, and/or other Louisiana law.

## FORTIETH DEFENSE

FEI further pleads that Plaintiffs' claims are, or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates the court's order and reasons (Rec. doc. 984).

### FORTY-FIRST DEFENSE

Plaintiffs' claims for medical monitoring under the laws of Louisiana, Mississippi, Texas and Alabama cannot be maintained because plaintiffs have not sustained a present manifestation of injury or disease.

### FORTY-SECOND DEFENSE

Plaintiffs' claims against FEI are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

### FORTY-THIRD DEFENSE

FEI asserts that any inferences or references in the complaints to FEI as a "no bid" contractor or to FEI's IA/TAC with the government as a "no bid" contract are false, misleading and irrelevant to this case and should be stricken from the complaints. FEI references and incorporates the court's order in <u>Alexander</u>, No. 09-2892 (Rec. doc. 3019), granting FEI's motion in limine specifically "exclud[ing] reference to Fluor as a 'no bid' contractor, or the IA/TAC as a 'no bid' contract."

### FORTY-FOURTH DEFENSE

FEI affirmatively avers that in the event it is found liable in any way to plaintiffs, which liability is denied, any liability on its part is merely joint liability and not joint and several, nor <u>in solido</u>, with the liability of other parties for whom it is not responsible.

### FORTY-FIFTH DEFENSE

Plaintiffs' claims are improperly joined with the claims of numerous other individuals and the joinder does not comply with Federal Rule of Civil Procedure 20. Thus, their claims must be severed from the claims of the other named plaintiffs, pursuant to Fed. R. Civ. P. 21.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims against FEI are improperly joined with the claims made against the other defendants, and FEI should be dismissed as a party pursuant to Federal Rules of Civil Procedure 20 and 21.

## FORTY-SEVENTH DEFENSE

Plaintiffs have failed to join all parties needed for just resolution of this lawsuit.

## FORTY-EIGHTH DEFENSE

The individual suits consolidated in this matter, which were improperly served upon FEI, should be dismissed against FEI, based on insufficiency of service of process and/or insufficiency of citation.

## FORTY-NINTH DEFENSE

FEI avers that it is entitled to a set-off, release, recoupment, accord and satisfaction, extinguishment and/or credit for the liability of any and all individuals, companies, parties, entities and/or defendants with whom the plaintiffs have made any form of recovery by settlement, judgment or otherwise.

## FIFIETH DEFENSE

Alternatively, plaintiffs' injuries or damages, if any, were solely and/or proximity caused by substances other than formaldehyde and/or causes other than exposure to formaldehyde.

## FIFTY-FIRST DEFENSE

Alternatively, plaintiffs' alleged injuries occurred as a result of pre-existing medical conditions, causes, or injuries of body or coincidental exposure, which are completely unrelated to any alleged accident or omissions on the part of FEI, and the existence of said pre-existing and other medical conditions, causes or injuries or several events including, but not limited to, pre-

existing medical conditions, lifestyles, causes or injuries of the body or coincidental exposures, is specifically and affirmatively pled, and legally and factually imputable to the plaintiffs to bar any recovery herein.

### FIFTY-SECOND DEFENSE

Plaintiffs' damages, if any, were the result of an act of God or any unavoidable accident, for which FEI is not responsible.

### FIFTY-THIRD DEFENSE

FEI avers that it is not legally responsible to the plaintiffs under any theory of strict liability for any injury, loss or damages as a result of plaintiffs' contact with, exposure to, or use of, any formaldehyde containing product.

### FIFTY-FOURTH DEFENSE

Plaintiffs' demands are barred to the extent that any other defendant including, but not limited to, the U.S. government, was a sophisticated user and/or purchaser or owner of any travel trailer.

### FIFTY-FIFTH DEFENSE

There was no reliance by plaintiffs upon any alleged misrepresentations or omissions of pertinent facts or information by FEI.

### FIFTY-SIXTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled by the plaintiffs, would be unconstitutional because the standards utilized to allow the imposition of such damages that are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled by the plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants.

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7. The standards of conduct upon which punitive damages are sought are vague.

## FIFTY-EIGHTH DEFENSE

FEI demands a bifurcation of plaintiffs' claims for actual and putative damages, where applicable.

## FIFTY-NINTH DEFENSE

Neither the Administrative Master Complaint, as supplemental and amended, as a whole nor any purported claim therein, states facts sufficient to support an award of punitive or exemplary damages against FEI.

### SIXTIETH DEFENSE

To the extent that plaintiffs seek to recover attorneys' fees, such fees are not recoverable against FEI under Louisiana law, or the laws of Mississippi, Texas or Alabama, and plaintiffs have not alleged any other theory of liability through which they can recover attorneys' fees against FEI.

### SIXTY-FIRST DEFENSE

To the extent that it is determined plaintiffs previously filed, and have pending, another federal lawsuit arising out of the same operative facts and circumstances made the subject of this law suit, plaintiffs' claims against FEI in this suit should be dismissed.

### SIXTY-SECOND DEFENSE

The exact damages/losses claimed by plaintiffs are unknown to FEI, and thus FEI cannot adequately determine all defenses that may be applicable to plaintiffs' claims.  Therefore, FEI expressly reserves by this reference the right to raise additional defenses to the extent that:

a.      Additional defenses become applicable under state and federal law;

b.      Additional defenses are established as discovery proceeds; and

c.      Additional defenses are available under subsequently asserted theories of recovery.

### SIXTY-THIRD DEFENSE

Venue is improper as to any plaintiff who resides outside of the Eastern District of Louisiana, and FEI reserves and maintains its right to have these underlying actions remanded to their district court of origin after completion of pre-trial proceedings, for adjudication on the merits, in accordance with 28 U.S.C. § 1407.

## SIXTY-FOURTH DEFENSE

FEI further adopts by reference all separate defenses heretofore or hereinafter pled by other defendants, to the extent such defenses are not inconsistent with FEI's defenses, and except such separate defenses as may make any allegations of fault against FEI.

## SIXTY-FIFTH DEFENSE

FEI requests a trial by jury of all issues of fact herein.

WHEREFORE, defendant, Fluor Enterprises, Inc., prays that this answer be deemed good and sufficient, and that after due proceedings had, there be judgment rendered herein in its favor and against plaintiffs, dismissing plaintiffs' Administrative Master Complaint, as supplemented and amended, with prejudice, at plaintiffs' cost, and for such other general, special and equitable relief that law, equity or the nature of the case may permit and for all costs of these proceedings. Finally, Fluor Enterprises, Inc. requests a trial by jury on all issues herein.

Dated:  April 19, 2010.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY:      _/s/ Charles R. Penot, Jr._
Charles R. Penot, Jr. (La. Bar No. 1530 & Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Tel: (214) 220-6334; Fax: (214) 220-6807
cpenot@midrid.com

*-and-*

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

*-and-*

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all necessary counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

*/s/ Charles R. Penot, Jr.*
**CHARLES R. PENOT, JR.**

ND: 4825-8499-0213, v. 1