UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | **MDL NO. 1873** |
| **FORMALDEHYDE** | * | |
| **PRODUCT LIABILITY** | * | **SECTION "N-5"** |
| **LITIGATION** | * | |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAG. JUDGE CHASEZ** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| *EARLINE CASTANEL, ET AL v.* | * | |
| *RECREATION BY* | * | |
| *DESIGN, LLC, SHAW* | * | |
| *ENVIRONMENTAL, INC.,* | * | |
| *and UNITED STATES OF AMERICA* | * | |
| *THROUGH THE FEDERAL* | * | |
| *EMERGENCY MANAGEMENT* | * | |
| *AGENCY,* **NO. 09-3251** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT RECREATION BY DESIGN, LLC'S OPPOSITION TO THIRD
PARTY ALBERT JARRELL'S MOTION TO QUASH SUBPOENA
AND MOTION TO STRIKE ALBERT JARRELL**

**MAY IT PLEASE THE COURT:**

Defendant, Recreation By Design, LLC ("RBD"), submits the following Opposition to Third Party Albert Jarrell's Motion to Quash Subpoena (Rec. Doc. 13446):

**BACKGROUND**

Pursuant to the Court's Order of March 31, 2010, the discovery deadline for this bellwether trial was extended from April 2, 2010 to April 21, 2010, and the deadline for Final Witness and Exhibit Lists was extended from April 7, 2010 to April 14, 2010.[1]

Plaintiff's Initial Witness List, filed March 12, 2010, does not list Mr. Jarrell as a possible fact witness.[2] Rather, RBD was not notified that Mr. Jarrell would possibly be called as a witness in this trial until April 14, 2010, when plaintiff filed its final witness list in accordance with the Court's extended deadline.[3]

On Friday, April 16, 2010, counsel for RBD contacted plaintiff's counsel via email to confirm that it was plaintiff's intention to call Mr. Jarrell as a witness at trial, and to inform counsel that RBD would need to depose Mr. Jarrell before the Court's discovery deadline of April 21, 2010.[4] Counsel for plaintiff responded to this email and stated that "we may be calling Jarrell, to which RBD's counsel responded "[w]e are going to schedule his deposition."[5] Counsel for plaintiff confirmed, and wrote "ok...let me know when so we can try to cover it before you subpoena him."[6]

Shortly thereafter, a paralegal for RBD contacted plaintiff's paralegal and counsel via email

---

[1] *See* Rec. Doc. 13188.

[2] *See* Rec. Doc. 12849.

[3] *See* Plaintiff's Initial Witness List (Rec. Doc. 13277), filed April 14, 2010. RBD presumes that plaintiff meant to title this pleading as "Plaintiff's Final Witness List."

[4] *See* Email Correspondence between Mr. Mulcahy and Ms. Nelson, dated April 16, 2010, attached hereto as Exhibit "A."

[5] Ex. A.

[6] Ex. A.

2

to ascertain available dates/times for Mr. Jarrell's deposition prior to the discovery deadline.[7] After receiving no response to the aforementioned correspondence, and mindful of the Court's fast-approaching discovery cut-off date, on April 16, 2010, RBD issued a subpoena to Mr. Jarrell to appear for a deposition, scheduled for April 21, 2010 at 11:00 a.m., at the office of Garrison, Yount, Forte & Mulcahy. Mr. Jarrell was personally served with the subpoena on or about April 16 or April 17, 2010.

## ARGUMENT AND AUTHORITIES

As a preliminary matter, RBD points out that counsel for plaintiff failed to attach a copy of the subpoena at issue for the Court's review. Therefore, the motion does not comply with Local Rule 7.4, which expressly provides "[i]f the motion requires the consideration of facts not appearing of record, the movant shall also file with the clerk and serve upon opposing counsel a copy of all documentary evidence he or she intends to submit in support of the motion."[8] As such, the motion is procedurally deficient and should be denied on this ground alone.

Mr. Jarrell's Motion to Quash lists four arguments, and RBD will address the substantive problems with each of these arguments in turn:

**A.  The Subpoena is not Overly Burdensome on Mr. Jarrell**

Counsel for plaintiff argues that the subpoena "subjects Mr. Jarrell to an undue burden" because the deposition coincides with Mr. Jarrell's part-time work schedule and a doctor's

---

[7] *See* Email Correspondence between Ms. Marshall and Ms. Nelson/Ms. Ennis, dated April 16, 2010, attached hereto as Exhibit "B."

[8] L.R. 7.4.

appointment.[9]  Further, counsel for plaintiff argues that "Defendant never contacted Mr. Jarrell's attorney or Castanel's attorneys to inquire as to his availability" and that RBD did not "offer to provide Mr. Jarrell with a witness fee."[10]

It should be noted that Mr. Jarrell's alleged scheduling conflicts are not supported by an affidavit.  Moreover, Mr. Jarrell resides in the New Orleans area.[11]  As discussed *supra*, RBD contacted plaintiff's attorneys to inquire as to Mr. Jarrell's availability for deposition immediately following confirmation that he might be called as a witness in the Castanel trial.[12]  RBD contends that it could have scheduled the deposition on April 21, 2010 for a time that did not coincide with Mr. Jarrell's appointments had plaintiff's counsel responded to RBD's correspondence.  Finally, while RBD concedes that Mr. Jarrell was not provided with a witness fee on the date he was served with the subpoena, the accepted protocol in this bellwether trial has been that a witness receives this fee upon his/her appearance at the deposition.  RBD will gladly furnish Mr. Jarrell with a witness fee at his deposition.

**B.    Mr. Jarrell's Prior Deposition has no Bearing on the Case at Hand**

Plaintiff's counsel states that "Mr. Jarrell was previously deposed in this Multi District Litigation on January 25, 2010, for approximately three hours."[13]  RBD contends, however, that Mr. Jarrell's previous deposition had no bearing on the instant case at the time it was noticed.  There was

---

[9] Rec. Doc. 13446 at p. 2.

[10] *Id*.

[11] *See* Deposition Subpoena dated April 16, 2010, attached hereto as Exhibit "C."

[12] *See* Ex. A and Ex. B.

[13] Rec. Doc. 13446 at p. 2.

no reason to question Mr. Jarrell and/or otherwise participate in his earlier deposition because there was no indication that he would be called as a witness in the Castanel trial. Now, RBD must assume that the inclusion of Mr. Jarrell on plaintiff's final witness list so close to the discovery cut-off date means that he has knowledge of facts reasonably calculated to lead to the discovery of admissible evidence specific to this case. However, that being said, it is RBD's understanding based upon recent representations by plaintiff's counsel that Mr. Jarrell is a general fact witness with no first hand knowledge of Ms. Castanel's unit or the Castanel case. If Mr. Jarrell does indeed lack of any knowledge relevant to this case, RBD is puzzled as to the rationale behind plaintiff's vehement opposition to his deposition. Plaintiff's counsel should not be permitted to just call any fact witness not specifically associated with a particular bellwether trial, without first granting the defendant(s) an opportunity to question that witness under oath. As such, Mr. Jarrell should be stricken from plaintiff's witness list and he should not be permitted to testify at trial.

**C.   Defendant Provided as Much Notice to Mr. Jarrell as Plaintiff's Counsel Provided to RBD**

Once again, Mr. Jarrell's status as a possible witness in this trial was not confirmed until April 16, 2010, the same day that RBD issued the subpoena for his deposition.[14] As such, RBD afforded the same level of notice to Mr. Jarrell that plaintiff's counsel provided to RBD.[15] Counsel for plaintiff argues that the subpoena at issue "does not allow reasonable time for compliance" because Mr. Jarrell was "provided with just four or five days notice for his deposition."[16] While this

---

[14] *See* Ex. A, Ex. B, and Rec. Doc. 13277.

[15] *See* Ex. A, Ex. B, and Rec. Doc. 13277.

[16] Rec. Doc. 13446 at p. 2.

may be true, Mr. Jarrell lives in the New Orleans area. And, as stated previously, RBD could have scheduled his deposition at a mutually convenient time if plaintiff's counsel had listed Mr. Jarrell on its Initial Witness List and/or timely responded to RBD's correspondence.

**D.  RBD Contacted Plaintiff's Counsel Regarding Mr. Jarrell's Availability**

Finally, the attached email correspondence proves that RBD contacted plaintiff's attorneys to inquire as to Mr. Jarrell's availability for deposition immediately following confirmation that he might be called as a witness in the Castanel trial.[17] Therefore, this argument is without merit.

### PRAYER

**WHEREFORE**, Defendant, Recreation By Design, LLC, respectfully requests that the Court deny Third Party Albert Jarrel's Motion to Quash Subpoena.

Respectfully submitted,

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

---

[17] *See* Ex. A and Ex. B.

6

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                        */s/ Lyon H. Garrison*
                                      LYON H. GARRISON, Bar No. 19591