UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC.,* and UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY, NO. 09-3251 | * * * * * * * * * * | |

*******************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT ON EXCLUSION OF CLAIMS**

**MAY IT PLEASE THE COURT:**

Defendant Recreation By Design, LLC ("RBD")[1], submits this memorandum in support of

---

[1] Shaw Environmental, Inc. is no longer a defendant in this suit. *See* Order dated April 15, 2010 (Rec. Doc. 13286).

its motion for partial summary judgment relating to exclusion of claims (Rec. Doc. 13232) and in response to Plaintiff's Opposition to Defendants' Recreation by Design and Shaw Environmental, Inc. Motion for Summary Judgment on Exclusion of Claims (Rec. Doc. 13328) (the "Opposition"). The Opposition confirms RBD's point, in that plaintiff fails to introduce sufficient evidence in support of her numerous purported causes of action. Accordingly, RBD's motion should be granted.

I.   **PLAINTIFF'S OPPOSITION MISCONSTRUES RBD'S POSITION**

As a preliminary matter, it should be noted that plaintiff's Opposition is styled as an opposition to a motion *in limine* on evidentiary matters, and not as an opposition to a motion for partial summary judgment. Plaintiff misconstrues RBD's position entirely, and asserts that "Defendants argue that certain medical symptoms suffered by Earline Castanel should be excluded."[2] This, however, is not the case–RBD incorporates the aforementioned symptoms listed in the Amended Plaintiff Fact Sheet[3] as "symptoms/claims" because plaintiff's Original Complaint for Damages[4] and Plaintiff's First Supplemental and Amended Complaint[5] are ambiguous with regard to plaintiff's alleged cause(s) of action in relation to those alleged symptoms.[6] These self-reported symptoms demonstrate that neither plaintiff's general nor specific causation expert witnesses have

---

[2] *See* Plaintiff's Opposition to Defendants' Recreation By Design, LLC and Shaw Environmental, Inc. Motion for Summary Judgment on Exclusion of Claims (Rec. Doc. 13328) at p. 5.

[3] *See* Exhibit "A" to Defendants' Motion for Partial Summary Judgment on Exclusion of Claims (Rec. Doc. 13232).

[4] Rec. Doc. 09-3251 at pp. 31-32.

[5] Rec. Doc. 9401 at p. 4.

[6] *See* Rec. Doc. 13328 at p. 3.

2

related those symptoms to formaldehyde exposure, save for tenuous (at best) association(s) to plaintiff's claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety/fear of cancer.[7]

The Opposition also lists various symptoms that plaintiff discussed in her deposition testimony. Plaintiff states that "[t]hese symptoms should not be excluded because they are evidence of exposure to formaldehyde, which experts relied upon to determine the specific causation of Ms. Castanel's exacerbated rhinosinusitis."[8] Plaintiff goes on to argue that these symptoms "will provide the ultimate finder of fact with relevant evidence of sworn to testimony by Ms. Castanel as to her medical symptoms while living in the trailer."[9] Once again, the purpose of RBD's motion is not to exclude Ms. Castanel's medical records or deposition testimony–rather, RBD seeks dismissal of plaintiff's cause(s) of action that are unsupported by requisite evidence as per the law on summary judgment.[10]

## II.   PLAINTIFF'S CAUSE(S) OF ACTION ARE UNSUPPORTED BY EVIDENCE

A grant of summary judgment is proper when the plaintiff fails to establish causation. Louisiana law requires a personal injury plaintiff, including suits under the Louisiana Products Liability Act ("LPLA"), to prove through medical testimony that it is more probable than not that

---

[7] For a thorough discussion of this issue, please refer to RBD's Motion for Summary Judgment as to Causation (Rec. Doc. 13243).

[8] *See* Rec. Doc. 13328 at p. 5.

[9] *See* Rec. Doc. 13328 at p. 5.

[10] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990).

the alleged injuries were caused by the incident/product at issue.[11] In a toxic tort case, the plaintiff must prove both general and specific causation with competent medical expert testimony.[12] Because both specific and general causation are required, "[a]n inability to establish specific causation is fatal to Plaintiff's claim."[13]

Plaintiff concedes her medical monitoring claims should be excluded, as well as her claim for loss of consortium.[14] Additionally, because plaintiff's Opposition does *not* address "past and future loss of earning capacity" or "loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster," RBD's motion should be granted with regard to those purported causes of action.[15] As for the remainder of plaintiff's numerous causes of action, these too must fail because she cannot establish specific causation with competent medical evidence.

Plaintiff's Opposition addresses Ms. Castanel's "symptoms" in three categories. RBD will address them in the order in which they appear.

---

[11] *See Kemp v. Metabolife Int'l, Inc.*, 2004 WL 2095618, *3 (E.D. La. 2004) (citing *Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759). For a thorough discussion of this issue, please refer to RBD's Motion for Summary Judgment as to Causation (Rec. Doc. 13243).

[12] *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007); *see also* Rec. Doc. 13243.

[13] *Pick,* 958 F. Supp. at 1163 (granting summary judgment as to specific causation); *see also Leija v. Penn Maritime, Inc.,* No. 06-10489, 2009 WL 211723, at *3 (E.D. La. Jan. 23, 2009) (granting summary judgment in favor of defendant when proposed expert testimony was insufficient to create an issue of fact as to specific causation); *Babin v. Ecolab, Inc.,* No. 2:04-CV-1595, 2005 WL 1629947, at *5 (W.D. La. July 5, 2005) (granting summary judgment when plaintiffs failed to establish that there is a genuine issue of material fact as to general causation).

[14] *See* Rec. Doc. 13328 at pp. 2, 5.

[15] *See* Rec. Doc. 13232 at p. 9.

### A. Ms. Castanel's Eye, Skin, and Throat Symptoms

Although plaintiff argues that her eye, skin, and throat symptoms "directly support her claims of injury," she offers no expert testimony proving this contention. While plaintiff cites to her general causation expert (Dr. Patricia Williams), she offers no expert testimony proving specific causation between formaldehyde exposure and her symptoms.[16] Plaintiff even goes so far as to cite to a report issued by the CDC as evidence of general causation.[17] Yet, plaintiff cannot point to any evidence from Dr. Lawrence Miller, her sole specific causation expert, in support of her claims. Because plaintiff fails to establish specific causation with competent medical evidence, her claims regarding eye, skin, and throat irritation should be dismissed.

### B. Ms. Castanel's Symptoms Related to Exacerbated Rhinosinusitis

Plaintiff relies on Dr. Miller for the proposition that Plaintiff suffered an exacerbation of rhinosinusitis as a result of her alleged exposure to formaldehyde while residing in her FEMA travel trailer.[18] Interestingly, plaintiff concedes that Dr. Miller took plaintiff's entire medical history into account in forming this opinion, even though he testified he would have to revisit this opinion based off of the deposition testimony of Dr. Alan Bowers.[19] At any rate, the Opposition summarily concludes that plaintiff's claims of past and future injuries, pain and suffering, impairment and disability, medical expenses, loss of enjoyment of life and quality of life, and, mental anguish and

---

[16] *See* Rec. Doc. 13328 at pp. 5-6.

[17] *See* Rec. Doc. 13328 at pp. 5-6.

[18] *See* Rec. Doc. 13328 at p. 6.

[19] *See* Ex. E to Rec. Doc. 13232; *see also* RBD's Motion *in Limine* to Exclude the Testimony of Plaintiff's Expert, Dr. Lawrence Miller (Rec. Doc. 13298).

emotional distress are "mostly intertwined with Plaintiff's claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer."[20] Even assuming that Dr. Miller could provide the requisite specific causation evidence to prove that plaintiff's exacerbation of rhinosinusitis and mental anguish claims are the result of exposure to formaldehyde (which he cannot), his testimony certainly does not support any independent cause(s) of action outside of those claims. As such, those claims should be dismissed.

### C. Ms. Castanel's Nausea, Abdominal Pain, and Diarrhea

Once again, plaintiff does not provide any competent medical evidence from any of its expert witnesses proving specific causation between exposure to formaldehyde and her symptoms of nausea, abdominal pain, and/or diarrhea. Indeed, the Opposition is devoid of any evidence in support of this claim, save for the same CDC report that plaintiff used in her attempt to prove general causation between formaldehyde exposure and eye, skin, and/or throat irritation.[21] Plaintiff fails to establish specific causation regarding her alleged symptoms of nausea, abdominal pain, and/or diarrhea with competent medical evidence–therefore, these claims should be dismissed.

## III. CONCLUSION

Simply put, there is no competent medical evidence relevant to any of plaintiff's cause(s) or action other than tenuous (at best) association(s) to plaintiff's alleged claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety/fear of cancer. Accordingly, RBD requests that the Court grant summary judgment in its favor, dismissing plaintiff's claims of past and future injuries, pain and suffering, impairment and disability, medical expenses, loss of enjoyment of life

---

[20] *See* Rec. Doc. 13328 at p. 6.

[21] *See* Rec. Doc. 13328 at pp 6-7.

and quality of life, mental anguish and emotional distress, which are not related to plaintiff's alleged claims of exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer.

Respectfully submitted,

   */s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

   */s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436