UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| | * | |
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| *EARLINE CASTANEL, ET AL v.* | * | |
| *RECREATION BY* | * | |
| *DESIGN, LLC, SHAW* | * | |
| *ENVIRONMENTAL, INC.,* | * | |
| *and UNITED STATES OF AMERICA* | * | |
| *THROUGH THE FEDERAL* | * | |
| *EMERGENCY MANAGEMENT* | * | |
| *AGENCY,* NO. 09-3251 | * | |

**************************************************************************

RECREATION BY DESIGN, LLC'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION FOR SUMMARY JUDGMENT
REGARDING MENTAL ANGUISH CLAIMS

Defendant Recreation By Design, LLC ("RBD")[1], submits the following memorandum in

response to Plaintiff's Opposition to its Motion for Summary Judgment regarding Mental Anguish

Claims.

---

[1]Shaw Environmental, Inc. is no longer a defendant in this suit.  *See* Order dated April 15,
2010 (R. Doc. 13286).

**ARGUMENT**

**A.    The medical evidence does not support Plaintiff's claim that she experienced increased anxiety as a result of an exacerbation of rhinosinusitis.**

Dr. Shwery, Plaintiff's expert psychologist, opined that she has a "circumscribed problem" wherein her anxiety and distress are related to her sinus problems from living in the RBD trailer and that when those increase, her fear and anxiety increase.[2]  However, there is no medical evidence to support  Plaintiff's claim that she suffered an exacerbation of rhinosinusitis as a result of alleged formaldehyde exposure while residing in her FEMA trailer.    In fact, during the time she was residing in her FEMA trailer, Castanel reported to her long term treating physician, Dr. Alan Bowers, that her sinus problem was not any worse than usual.[3]  Further, Dr. Gautreaux, Plaintiff's treating ENT, testified that he had treated Castanel since 2002 for sinusitis and that he did not see any changes in her diagnosis after Hurricane Katrina.[4]

When confronted with the medical evidence regarding Plaintiff's unchanged  rhinosinusitis condition, Plaintiff's expert, Dr. Miller, conceded that he may have to "revisit" his opinion regarding Plaintiff's exacerbation of rhinosinusitis.  Dr. Miller testified in part:[5]

---

[2]Shwery's report, attached as Ex. A

[3]See Medical Records from October 19, 2006 visit with Dr. Alan Bowers which were attached as Exhibit #3 to his deposition, excerpts attached as Ex. B.

[4]Dr. Gautreaux depo , at p. 54, excerpt attached as Ex. C.

[5]For the entirety of Dr. Miller's testimony regarding this issue, RBD refers the Court to its Memorandum in Support of Motion for Summary Judgment regarding Mental Anguish Claims, R. Doc. 13234-1.

Q.          Let's just go through it.  You're an expert, or they're going to attempt
            to qualify you as an expert.  Putting the history given by Ms. Castanel
            on the side, if Ms. Castanel did not have any increase in her sinus
            symptoms after Hurricane Katrina or while living in the FEMA unit
            or after the FEMA unit, would you still opine that Ms. Castanel had
            an exacerbation of her sinusitis as a result of formaldehyde?

            ****

A.          I would revisit that conclusion.  I'm not sure I can give you that exact
            answer as we sit here.[6]

The medical evidence is clear, Plaintiff did not suffer an exacerbation of rhinosinusitis as a result

of residing in the FEMA trailer.

**B.     Claims for Mental Anguish, Including Anxiety and Fear of Cancer cannot be
        sustained.**

        Mental anguish claims, which include a fear of cancer, must be causally related to a

defendant's actions.[7]  The plaintiff must prove causation through medical testimony that it is more

probable than not that the subsequent injuries were caused by the product.[8]  Without causation, the

plaintiff's claims fail.[9]  Finally, damages for mental anguish are only recoverable when the mental

---

[6]Miller depo. at pg. 104, excerpt attached as Ex. D.

[7]*Smith v. A.C. &S., Inc.,* 843 F.2d 854,857-58 (5th Cir. 1988) (quoting *Hagerty v. L. & L Marine Svcs., Inc.,* 788 F.2d 315, 318 (5th Cir. 1986)).  "'[C]ancerphobia' is merely a specific type of compensable mental anguish or emotional distress."*Id.* at 858.

[8]*Kemp v. Metabolife Int'l, Inc.,* No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004); *see also Hutchinson v. Shah,* 648 So.2d 451, 452 (La. Ct. App. 1994) ("[w]hen the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required").

[9]*Leija v. Penn Maritime, Inc.,* No. 06-10489, 2009 WL 211723, at *3 (E.D. La. Jan 23, 2009) (granting summary judgment in favor of defendant when proposed expert testimony was insufficient to create an issue of fact as to specific causation); *Babin v. Ecolab, Inc.,* No.  2:04-CV–1595, 2005 WL 1629947, at *5 (W.D. La. July 5, 2005) (granting summary judgment when plaintiffs failed to establish that there is a genuine issue of material fact as to general causation).

anguish results from the fear of developing a condition "as a result of *a present injury.*"[10]

As discussed above, the medical evidence shows that the Plaintiff did not suffer an exacerbation of rhinosinusitis as a result of residing in the FEMA trailer.  In turn, because there is no medical evidence that Plaintiff experienced an exacerbation of rhinosinusitis as a result of residing in her FEMA trailer, there is also no causal link between her mental anguish claim and fear of cancer claims and any action by RBD.  Without this causal link, Plaintiff cannot sustain her mental anguish, anxiety, and fear of cancer claims.  Further, because Plaintiff did not suffer an exacerbation of rhinosinusitis as a result of residing in the FEMA trailer, she does not have a present injury, which is also required for her to recover damages for mental anguish.

### C.     RBD did not acknowledge support for Plaintiff's Claims.

Plaintiff argues that in its Motion for Summary Judgment for Exclusion of Certain Claims, RBD indicates that the Plaintiff had at least met the threshold to defeat a summary judgment on her Mental Anguish Claims.[11]  This is simply not the case.  RBD simply called to the Court's attention that of all her alleged claims, Plaintiff had only provided an initial report regarding an exacerbation of rhinosinusitis and mental anguish claims.  At no point in its memorandum did RBD state that the evidence and testimony presented by the Plaintiff was sufficient to maintain these claims. In fact, in its memorandum, RBD specifically states that it "disputes that, as a result of residing in her FEMA travel trailer, Plaintiff suffered any injury, including an exacerbation of rhinosinusitis and mental anguish in the form of anxiety and fear of cancer..."[12]

---

[10]*Smith,* 843 F.2d at 857-858 (emphasis added).

[11]See R. Doc. 13326, at pg. 5.

[12]See R. Doc. 13232-1, at pg. 8.

Plaintiff wants to rely on Dr. Miller's conclusory report to argue that it is a medical opinion that the Plaintiff sustained an exacerbation of her rhinosinusitis condition, but Dr. Miller moved away from that opinion in his deposition.  Again, Dr. Miller's report was only referenced because it lists the initial opinions of alleged injury.  As illustrated by the above cited  testimony, Dr. Miller did not stand by these opinions in his deposition.

## CONCLUSION

Plaintiff has clearly failed to provide the medical evidence required to support her claim of exacerbation of rhinosinusitis.  As such, Plaintiff does not have the requisite present injury required to recover damages for mental anguish nor is she able to show a causal link between her mental anguish, anxiety and fear of cancer claims and any action by RBD.  For these reasons, and those arguments included in its Memorandum in Support of Motion for Summary Judgment Regarding Mental Anguish Claims, RBD respectfully requests that the Court grant summary judgment in its favor, dismissing Plaintiff's Mental Anguish Claims.

Respectfully submitted,


*/s/ Randall C. Mulcahy*

LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com


## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*

RANDALL C. MULCAHY, Bar No. 26436

6