UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

|  |  |  |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v.*<br>*RECREATION BY*<br>*DESIGN, LLC, SHAW*<br>*ENVIRONMENTAL, INC.,*<br>and *UNITED STATES OF AMERICA*<br>*THROUGH THE FEDERAL*<br>*EMERGENCY MANAGEMENT*<br>*AGENCY,* NO. 09-3251 | * * * * * * * * * * | |

**************************************************************************

### RECREATION BY DESIGN, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT REGARDING SURGERY-RELATED CLAIMS

Defendant Recreation By Design, LLC ("RBD")[1], submits the following memorandum in response to Plaintiff's Opposition to its Motion for Summary Judgment Regarding Surgery-Related Claims.

---

[1] Shaw Environmental, Inc. is no longer a defendant in this suit. *See* Order dated April 15, 2010 (R. Doc. 13286).

## I. PLAINTIFF HAS NOT PRODUCED MEDICAL TESTIMONY REGARDING NASAL SURGERY

Contrary to Plaintiff's statement in her response to RBD's Motion for Summary Judgment Regarding Surgery-Related Claims, Plaintiff has not produced any expert medical testimony causally relating her nasal surgery to formaldehyde exposure. Plaintiff quotes extensively from Dr. Miller's affidavit and deposition testimony, quoting what she states is "medical testimony" regarding the connection between her nasal surgery and alleged formaldehyde exposure. However, RBD presents to the Court that there is nothing in Dr. Miller's affidavit or deposition testimony that remotely addresses Plaintiff's need for nasal surgery. Indeed, a thorough review of Dr. Miller's affidavit reveals that the word surgery does not appear at all in the document.[2] As for Dr. Miller's deposition transcript, the word surgery is only used during defense counsel's line of questioning regarding Dr. Miller's experience treating cancer patients.[3]

Additionally, at page 5 of her response memorandum, Plaintiff makes the false assertion that Dr. Miller opined that Castanel's nasal surgery was causally related to formaldehyde exposure. Plaintiff follows this statement with a quote from Dr. Miller's affidavit.[4] As stated above, Dr. Miller does not use the word surgery or even a synonym for the word surgery in his report. How is it that the Plaintiff can state that Dr. Miller causally relates her nasal surgery to formaldehyde exposure when he does not even make use of the word surgery, or any related word, in his report? Further, one only need read the excerpted affidavit language to discern that Dr. Miller offers absolutely no

---

[2] See Miller Aff. attached as Ex. A.

[3] See Miller Deposition transcript, attached as Ex. B.

[4] See R. Doc. 13324.

opinion that Castanel's nasal surgery was causally related to formaldehyde exposure. Dr. Miller testified at the outset of his deposition that he was offering only two opinions in this matter, specifically, that Castanel experienced an exacerbation of rhinosinusitis and developed a fear of cancer, as a result of alleged formaldehyde exposure while residing in her travel trailer.[5] Dr. Miller made no statement in his deposition expressing an opinion that Castanel required nasal surgery. In fact, Dr. Miller never once mentioned nasal surgery in his deposition.

Morever, RBD asserts that it did not criticize treating physicians Dr. Bowers and Dr. Gautreaux for not testifying as to a causal link between Castanel's nasal surgery and her alleged formaldehyde exposure, nor did it misconstrue the physicians' testimony.[6] Rather, RBD simply quoted Drs. Bowers and Gautreaux's testimony in support of its assertion that Castanel did not suffer an exacerbation of rhinosinusitis while residing in her FEMA unit.[7] Further, RBD included the testimony of Drs. Bowers and Gautreaux to illustrate that Plaintiff's treating physicians, who have treated Castanel through the years and who are certainly familiar with her medical history, did not testify that Castanel required nasal surgery as a result of her alleged exacerbation of rhinosinusits.

## II. CONCLUSION

For the above reasons, it is apparent that Plaintiff has presented no medical testimony linking her recent nasal surgery to her alleged exposure to formaldehyde while residing in her FEMA trailer some 3 years ago. RBD has thus demonstrated the absence of a genuine issue of material fact regarding this issue. For these reasons, and those arguments included in its Memorandum in Support

---

[5]Miller depo. at 40:19-24 and 41:1-16, attached as Ex. B.

[6]See R. Doc. 13324, at pgs. 7 - 8.

[7]See R. Doc. 13233-1, pgs. 7-10.

of Motion for Summary Judgment on Surgery-Related Claims, RBD respectfully requests that this Court grant its Motion for Summary Judgement dismissing Plaintiff's Surgery-Related Claims.

>Respectfully submitted,
>
>   */s/ Randall C. Mulcahy*
>LYON H. GARRISON, Bar No. 19591
>SCOTT P. YOUNT, Bar No. 22679
>RANDALL C. MULCAHY, Bar No. 26436
>DARRIN L. FORTE, Bar No. 26885
>KELLY M. MORTON, Bar No. 30645
>GARRISON, YOUNT, FORTE
>& MULCAHY, LLC
>909 Poydras Street, Suite 1800
>New Orleans, Louisiana 70112
>Telephone: (504) 527-0680
>Facsimile: (504) 527-0686
>Attorneys for defendant,
>Recreation By Design, LLC
>Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

    I hereby certify that on April 21, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

>   */s/ Randall C. Mulcahy*
>RANDALL C. MULCAHY, Bar No. 26436