# In the Matter of:

In re: FEMA Trailer Formaldehyde Products Liability Litigation

Earline M. Castanel, et al.

vs.

Recreation By Design, LLC, et al.

---

Lawrence G. Miller, M.D., M.P.H.
Vol. I, March 11, 2010

---

*Doris O. Wong Associates, Inc.*
*Professional Court Reporters*
*Videoconference Center*
*50 Franklin Street*
*Boston, MA 02110*
*(617) 426-2432*
*www.doriswong.com*



EXHIBIT
B-1

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 1

                        Volume I
                        Pages 1 to 135
                        Exhibits 1 - 8

              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
                 NEW ORLEANS DIVISION

- - - - - - - - - - - - - - - - -x
IN RE: FEMA TRAILER          :
       FORMALDEHYDE          :   MDL No. 1873
       PRODUCTS LIABILITY    :   Section: N(5)
       LITIGATION            :   Judge: Engelhardt
                             :   Mag: Chasez
EARLINE M. CASTANEL, ET AL., :
          Plaintiffs,        :
                             :
     vs.                     :   Docket No. 09-3251
                             :
RECREATION BY DESIGN, LLC,   :
ET AL.,                      :
          Defendants.        :
- - - - - - - - - - - - - - - - -x

          DEPOSITION OF LAWRENCE G. MILLER, M.D.,
M.P.H., a witness called on behalf of the Defendant
Recreation By Design, LLC, TL Industries, Inc.,
Frontier RV, Inc., and Play-Mor Trailers, Inc.,
taken pursuant to the Federal Rules of Civil
Procedure before Carol H. Kusinitz, Registered
Professional Reporter and Notary Public in and for
the Commonwealth of Massachusetts, at the Offices of
Seegel, Lipshutz & Wilchins, LLP, 20 William Street,
Wellesley, Massachusetts, on Thursday, March 11,
2010, commencing at 9:18 a.m.

PRESENT:

    Reich & Binstock, LLP (by Jordan M. Torry, Esq.)
         4265 San Felipe, Suite 1000, Houston, TX
         77027     - and -
    (By Speakerphone)
    Reich & Binstock, LLP (by Dennis C. Reich, Esq.)
         4265 San Felipe, Suite 1000, Houston, TX
         77027, for the Plaintiffs.

    (Continued on Page 2)

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA 02110       Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                 2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 2

PRESENT (Continued):

Garrison, Yount, Forte & Mulcahy, L.L.C.
        (by Lyon Garrison, Esq.)
        909 Poydras Street, Suite 1800, New
        Orleans, LA  70112, for Recreation By
        Design, LLC, TL Industries, Inc., Frontier
        RV, Inc., and Play-Mor Trailers, Inc.

(By Speakerphone)
Baker Donelson (by Karen Whitfield, Esq.)
        201 St. Charles Avenue, Suite 3600, New
        Orleans, LA  70170, for CH2M Hill
        Constructors, Inc., and Shaw Environmental,
        Inc.

(By Speakerphone)
Middleberg, Riddle & Gianna (by Tanya Henkels
        Fields, Esq.) 717 North Harwood, Dallas, TX
        75201, for Fluor Enterprises, Inc.

(By Speakerphone)
Willingham, Fultz & Cougill (by Thomas L.
        Cougill, Esq.) Niels Esperson Building,
        808 Travis, Suite 1608, Houston, TX  77002,

        for Jayco, Inc., and Starcraft RV, Inc.


(By Speakerphone)

Lugenbuhl, Wheaton, Peck, Rankin & Hubbard

        (by Kristopher M. Redmann, Esq.)

        601 Poydras Street, Suite 2775, New

        Orleans, LA  70130, for Liberty Mutual

        Insurance Corporation.



*    *    *    *    *

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 3

1                    I N D E X

2

WITNESS                DIRECT   CROSS    REDIRECT   RECROSS

3

Lawrence G. Miller, M.D., M.P.H.

4

by Mr. Garrison          5

5

6

                        * * * *

7

              E X H I B I T S

8

NO.                DESCRIPTION              PAGE

9

    1      Amended Re-Notice of Dr. Miller's      5
10         deposition

11  2      Lambert & Nelson CD, labeled "FEMA     11
           Trailer Formaldehyde Products
12         Liability Litigation,
           Castanel/Recreation By Design, LLC,
13         Trial 4, Medical Records, as of
           December 17, 2009"

14
    3      Lambert & Nelson CD labeled "In Re:    15
15         FEMA Trailer Formaldehyde Products
           Liability Litigation, Expert
16         Reliance File, Lawrence Miller,
           Bates CAST-MILLER-000001 through
17         CAST-MILLER-002003, 2-25-10"

18  4      Lambert & Nelson CD labeled, "FEMA     15
           Trailer Formaldehyde Products
19         Liability Litigation,
           Castanel/Recreation By Design, Trial
20         4, Expert Reports, Etc., From
           Defendants, Recreation By Design and
21         Shaw"

22  5      Dr. Miller's handwritten notes re      17
           articles in reliance file, 14 pages
23

24

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA 02110    Videoconference Center                www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                 2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 4

1                  E X H I B I T S, Continued

2     NO.                 DESCRIPTION                      PAGE

3      6     Mr. Garrison's version of Dr.              22
             Miller's report, "Affidavit of
4            Lawrence G. Miller, M.D., M.P.H., In
             the Trial of Earline M. Castanel"
5
       7     Dr. Miller's Curriculum Vitae              26
6
       8     Dr. Miller's version of his report,       87
7            "Affidavit of Lawrence G. Miller,
             M.D., M.P.H. In the Trial of Earline
8            M. Castanel"

9

10                          *  *  *  *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110        Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                  2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 5

```
 1                P R O C E E D I N G S

 2              LAWRENCE G. MILLER, M.D., M.P.H.

 3    a witness called for examination by counsel for the

 4    Defendants Recreation By Design, LLC, TL Industries,

 5    Inc., Frontier RV, Inc., and Play-Mor Trailers,

 6    Inc., having been satisfactorily identified by the

 7    production of his driver's license and being first

 8    duly sworn by the Notary Public, was examined and

 9    testified as follows:

10                    DIRECT EXAMINATION

11       BY MR. GARRISON:

12       Q.   Good morning, Doctor.  My name is Lyon

13    Garrison.  I represent a company called Recreation

14    By Design.

15            MR. GARRISON:  Usual stipulations?

16            MR. TORRY:  Yes.

17            MR. GARRISON:  This matter has been noticed

18    pursuant to the Federal Rules of Civil Procedure.

19    As Exhibit 1, I will attach the Amended Re-Notice of

20    Deposition.

21                 (Document marked as Miller

22                 Exhibit 1 for identification)

23       Q.   Let's proceed.  Thanks for being here

24    today, Doctor.
```

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110        Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                         2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 6

```
 1        A.    Thank you.

 2        Q.    I know you've given depositions before, so

 3   you're familiar with the format, correct?

 4        A.    I am.

 5        Q.    You have the right to read and sign.

 6   That's up to you.

 7        A.    I would do that.

 8        Q.    All right.  I know that in the course of

 9   your practice, you had occasion to see Ms. Earline

10   Castanel; is that correct?

11        A.    I did.

12        Q.    Do you have the Notice of Deposition that

13   we sent to you?

14        A.    I believe a copy of it is right here.

15        Q.    Do you see a list of items requesting

16   documents as part of that Notice?

17        A.    Yes.  It's on the Notice.

18        Q.    Do you have the documents that are

19   requested?

20        A.    Well, I have electronic versions.

21        Q.    Whatever you have is fine.  You don't have

22   to start a computer.  If you have a disk --

23        A.    I have some disks.

24        Q.    -- you can just describe for me what's on
```

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center          www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 7

1    it.

2         A.    Well, these are actually summaries prepared

3    by Lambert & Nelson of all my reliance materials and

4    of the various expert reports in this case.

5         Q.    Well, let's take a look at it.  I would

6    like to find out what's on the disks.  Do you have

7    any kind of notes that reflect what's on the disks?

8         A.    I do not.

9         Q.    Do you have a computer with you?

10        A.    I do not.

11        Q.    I actually have a computer.  Are you

12   proficient with computers, as far as just putting in

13   these disks and finding out what's on there?

14        A.    Opening up a CD shouldn't be too hard.

15        Q.    All right.  Now, what I want to do is, I

16   want to identify what records are on these disks.

17   If you think you can do that without using the

18   computer, that's fine.

19        A.    I believe I can.

20        Q.    Because I'm familiar with most of the

21   records.  I just want to find out what you looked

22   at.

23        A.    I believe you are.

24        Q.    I think I'm familiar.  All right.  Let's

Doris O. Wong Associates, Inc.        Professional Court Reporters        617-426-2432
50 Franklin Street, Boston, MA  02110        Videoconference Center        www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)        2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 8

1    start.

2           MR. GARRISON:  And what we're going to do

3    for purposes of exhibits, Ms. Court Reporter, I

4    would like to just copy each disk, and that will be

5    an exhibit.  And then we'll run through what's on

6    the disk.

7           Is that okay with everybody?

8           MR. TORRY:  That's fine.

9           MR. GARRISON:  The first disk I have, it's

10   entitled "Lambert & Nelson," with that firm's street

11   address and telephone number, and it's got,

12   "Castanel/Recreation By Design, Trial 4, Medical

13   Records as of December 17, 2009."

14       Q.   And, Doctor, is it your understanding that

15   this disk was prepared for you by the attorneys at

16   Lambert & Nelson?

17       A.   That's correct.

18       Q.   So the attorneys at Lambert & Nelson

19   decided what medical records you should look at?

20       A.   To my knowledge, it's all the medical

21   records I received.

22       Q.   But you didn't request any additional

23   records?

24       A.   Well, let me be clear.  Since I've seen Ms.

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 9

```
 1    Castanel, I believe there are additional records.  I

 2    haven't seen them yet.  I would like to see records

 3    up to the moment.

 4        Q.   As we sit here today, the records that you

 5    have seen -- and we'll mark this disk as Exhibit

 6    2 -- are all contained on Exhibit 2 from the Lambert

 7    & Nelson firm?

 8        A.   That's correct.

 9        Q.   And the Lambert & Nelson firm decided what

10    records you should look at?

11        A.   I asked for all the records, and I believe

12    that's -- hopefully that's what was sent to me.

13        Q.   Why don't you tell me what records are on

14    this disk, Exhibit 2.

15        A.   Well, I can't describe page by page, but

16    all her medical records, again, that were available,

17    including her physician visits, the pharmacy

18    records, her hospital records.  And those -- I've

19    certainly looked at those.

20        Q.   Well, and I would like to kind of go with

21    your report, but at this point, it seems like we

22    might have to move around.  If I jump around, excuse

23    me.  Your report references some specific records?

24        A.   Correct.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 10

1     Q.    Are you aware of that?  Your report

2   references records from Dr. Alan Bowers, Dr. Joseph

3   Gautraux and Dr. Carter Paddock; is that right?

4     A.    That's correct.

5     Q.    Your report does not reference any other

6   specific records; is that correct?

7     A.    Well, it mentions records from her

8   hospitalization, for example.  I believe that's

9   mentioned here.  And those are on the disk as well.

10    Q.    Yes, Ochsner Hospital, there is a reference

11  to a visit to the emergency room.  Are there any

12  other records that were on that disk that you looked

13  at besides those specifically mentioned in your

14  report?

15    A.    I don't believe so, no.

16    Q.    So the only records you looked at, provided

17  by Plaintiffs' counsel, were records from Dr.

18  Bowers, Dr. Gautraux, Dr. Paddock and Ochsner

19  Hospital?

20    A.    I believe that's correct.

21    Q.    And as we sit here today, those are the

22  only medical records that you reviewed?

23    A.    I believe that's right.

24

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 11

```
 1                    (Disk marked as Miller

 2                  Exhibit 2 for identification)

 3       Q.    What other disks do you have?

 4       A.    This disk has my reliance file on it.

 5             MR. GARRISON:  We'll mark this disk as

 6    Exhibit 3.  The title on this disk is, "Lambert &

 7    Nelson, PLC, 701 Magazine Street, New Orleans, LA

 8    70130, Area Code 504-581-1750."  The title is, "In

 9    Re:  FEMA Trailer Formaldehyde Products Liability

10    Litigation, Expert Reliance File," and it references

11    "Lawrence Miller."  The Bates stamped documents on

12    this disk go from -- it's CAST-MILLER, starting with

13    1 through 2003.

14       Q.    So it appears as though this disk has 2003

15    pages of documents?

16       A.    I wouldn't know the number.

17       Q.    Who prepared this disk?

18       A.    Lambert & Nelson.

19       Q.    What are the contents of this disk marked

20    as Exhibit 3?

21       A.    The literature that I relied on in my

22    report.

23       Q.    Did you rely on any other literature in

24    rendering your report?
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 12

```
 1        A.    There are a few papers that I've seen since

 2    that was prepared, yes.

 3        Q.    Were they three papers that were recently

 4    sent to you by Mr. Dennis Reich?

 5        A.    That's correct.

 6        Q.    And those were three articles that Dennis

 7    sent directly to you?

 8        A.    Correct.

 9        Q.    Just in the last week?

10        A.    I think in the last week, yes.  Recently,

11    certainly.

12        Q.    All right.  And we'll talk about those in

13    just a minute.  Have you seen any other literature

14    that you have relied on in rendering your opinions

15    in this case?

16        A.    I don't believe so, no.

17        Q.    Have you done any of your own research to

18    obtain literature relative to your opinions in this

19    case?

20        A.    Well, that's how those references were

21    obtained to begin with.  I did the research, and

22    then they were kind enough to put them on the disk

23    for me.

24        Q.    So let me understand this.  You actually
```

Doris O. Wong Associates, Inc.            Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                        2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 13

```
 1    did the research that resulted in the literature

 2    that is on the disk as Exhibit 3?

 3        A.   That's correct.

 4        Q.   So you did the research, and you sent the

 5    literature or the articles to the Plaintiffs'

 6    attorneys, and they packaged it on a disk for you?

 7        A.   They did.

 8        Q.   Why did you do that?

 9        A.   They're better at putting them on a disk

10    than I am.

11        Q.   And you sent the literature directly to the

12    Plaintiffs' attorneys for the sole purpose of having

13    them put it on a disk?

14        A.   Well, they wanted my reliance files, so I

15    sent it to them.  And, again, they were kind enough

16    to put it on a disk for me.

17        Q.   The three articles that you received in the

18    last week, who did that research?

19        A.   I don't know the answer.

20        Q.   Did you receive those articles from Dennis

21    Reich?

22        A.   I did.

23        Q.   Had you seen those articles before Dennis

24    sent them to you?
```

Doris O. Wong Associates, Inc.            Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 14

```
 1      A.    I had seen one or two, but not all three of

 2   them.

 3      Q.    Do you recall doing research which resulted

 4   in finding the three articles that Dennis sent to

 5   you?

 6      A.    Sure.  Again, you pick them up on usual

 7   literature searches.

 8      Q.    Do you know why Dennis sent you the three

 9   articles, if you had already seen those articles?

10      A.    To make sure that I had access to them and

11   that I had looked at them.

12      Q.    So you had seen all three articles before

13   Dennis sent them to you?

14      A.    I believe -- one of them I believe I had

15   not.  I can't remember which of the three.

16      Q.    Did Dennis suggest that you look at the one

17   that you had not seen?

18      A.    I don't think there was a suggestion made.

19   They were just sent to me.

20      Q.    Do you know why Dennis sent you that

21   article?

22      A.    I don't.

23      Q.    The three articles that you recently

24   received, have those articles changed your opinions
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 15

1    that appear in your report?

2        A.    No, they have not.

3                    (Disk marked as Miller

4                Exhibit 3 for identification)

5        Q.    Let me see that other disk.

6                MR. GARRISON:  This is another disk.  We'll

7    label this one as Exhibit 4.  "Lambert & Nelson, 701

8    Magazine Street, New Orleans, Louisiana 70130."

9    It's got the telephone number.  And this is

10   "Castanel/Recreation By Design, Trail 4, Expert

11   Reports, Etc., From Defendants, Recreation By Design

12   and Shaw."

13                   (Disk marked as Miller

14               Exhibit 4 for identification)

15       Q.    Are you familiar with this disk, Doctor?

16       A.    I am.

17       Q.    Do you know what expert reports are on this

18   disk?

19       A.    To my knowledge, all the expert reports

20   provided by the Defense.

21       Q.    Can you name any of the experts that the

22   Defense retained in this matter?

23       A.    There are probably a dozen of them on

24   there.  There's a Dr. French and a Dr. Smith and a

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 16

1    Dr. James, et cetera.  I don't remember the whole

2    list.

3         Q.   Did you read all the documents on Exhibit

4    4?

5         A.   I did.

6         Q.   Do you have notes from your review of the

7    documents on Exhibit 4?

8         A.   I do not.

9         Q.   Do you have any notes from your review of

10   the documents on Exhibit 3?

11        A.   3 is my -- that's my reliance file?

12        Q.   Yes.

13        A.   I do have some notes on some of those

14   articles, yes.

15        Q.   May I see your notes.

16             (Documents handed to Mr. Garrison by the

17              witness)

18             MR. GARRISON:  The doctor has handed me

19   handwritten notes.  I'm counting the pages.  He's

20   got 14 pages, with some notes, handwritten notes, on

21   the top.

22        Q.   Do these notes reflect notes from specific

23   articles?

24        A.   They do.

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center          www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 17

```
 1      Q.   And would it be fair to say, at the top of
 2  each page of notes is some of title of an article?
 3      A.   That's correct.
 4           MR. GARRISON:  We'll attach these notes as
 5  Exhibit 5.
 6                (Documents marked as Miller
 7                Exhibit 5 for identification)
 8      Q.   Do you have any other reliance materials?
 9      A.   No.  I think that's everything.
10      Q.   Do you have any notes from your examination
11  of Ms. Castanel?
12      A.   There is a sheet of handwritten notes,
13  which we were not able to find in my office.  We
14  will find it eventually, but I'm not sure where it
15  is.
16      Q.   So the notes regarding Ms. Castanel's
17  examination are lost?
18      A.   We moved into a new office the first of
19  February, so I suspect I'll find it soon, but I
20  wasn't able to find it when I looked yesterday.
21      Q.   Do you have any billing records for this
22  case of Ms. Castanel?
23      A.   I did submit bills to the attorneys, but I
24  do not have those records with me.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 18

 1      Q.   That's something you have at your office?

 2      A.   Correct.

 3      Q.   Do you have any other documents related to

 4    your examination of Ms. Castanel?

 5      A.   I do not.

 6      Q.   Have you reviewed any depositions regarding

 7    Ms. Castanel or the physicians that treated Ms.

 8    Castanel?

 9      A.   Yes.  I've certainly reviewed Ms.

10    Castanel's deposition.  I reviewed Dr. Gautraux's

11    deposition.  Those are the ones I recall as we sit

12    here.

13      Q.   Do you have those deposition transcripts as

14    part of your file?

15      A.   I don't have them here, no.

16      Q.   Where are those deposition transcripts?

17      A.   Probably on my hard drive.

18      Q.   Can you recall any other deposition

19    transcripts that you have reviewed relative to Ms.

20    Castanel?

21      A.   I cannot.

22      Q.   We've covered the expert reports.  Did you

23    review the expert reports of some of the other

24    experts, including Drs. Dyson and Ginevin and Dr.

Doris O. Wong Associates, Inc.            Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA  02110       Videoconference Center              www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                    2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 19

```
 1    James?

 2        A.    Well, I believe they're on that one disk,

 3    the expert report disk.

 4        Q.    So if we look at the disk with the expert

 5    reports, that would be all the expert reports that

 6    you reviewed?

 7        A.    To my knowledge, yes.

 8        Q.    When you were rendering opinions in this

 9    case, did you feel the need to see any other expert

10    reports?

11        A.    I asked for all the expert reports that

12    were available.

13        Q.    And those satisfied your needs as far as

14    opinions?

15        A.    Well, again, you use what you have

16    available.  So hopefully I received everything that

17    was available.

18        Q.    But, for example, if you felt like you

19    needed more information about toxicology and

20    formaldehyde, did you request any additional expert

21    reports on those issues?

22        A.    Again, hopefully I had all of them.

23        Q.    Hopefully, or do you know you did?

24        A.    Well, again, I can't know what I don't
```

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center          www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 20

 1   have.  I certainly asked for all the expert reports

 2   that were available.

 3        Q.   Any materials that we haven't discussed

 4   here this morning that you may have relied on, such

 5   as some research on the Internet, where you didn't

 6   copy an article or any other materials?

 7        A.   No, I don't believe so.

 8        Q.   And as far as the selection of the expert

 9   reports, the Plaintiffs' attorneys put those

10   together for you and sent them over to you; is that

11   correct?

12        A.   That's correct.

13        Q.   Do I have all your notes -- I realize you

14   have some notes from the examination of Ms. Castanel

15   that you can't find.  Do I have all your notes that

16   you made in the preparation of your report regarding

17   Ms. Castanel?

18        A.   Yes, you do.

19        Q.   Now, I know you've been deposed before, and

20   there have been some background questions asked.  My

21   focus is not to rehash those areas, but I have to

22   ask questions relative to this case, and in looking

23   at the other depositions that were taken, I do have

24   some additional questions.  But we'll move through

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 21

```
 1    that pretty quickly, and then we'll get to your

 2    examination of Ms. Castanel, okay?

 3         A.    That's fine.

 4              MR. GARRISON:  So I'm attaching the notes

 5    of the Doctor as Exhibit 5.  I think that's

 6    everything.  But I want to attach Dr. Miller's

 7    report, and (to the stenographer) I'll get you a

 8    copy.  I have a copy I'm going to use during the

 9    deposition, and remind me to give it to you after

10    the deposition.

11         Q.    I'll have you identify your report first,

12    Doctor.  Do you have a copy of your report?

13         A.    I do.

14         Q.    And is that the only report that you've

15    rendered in this case?

16         A.    It is.

17         Q.    Do you have any rough drafts of that

18    report?

19         A.    I do not.

20         Q.    Do you have any copies of the report with

21    any handwritten notes on it?

22         A.    I do not.

23              MR. GARRISON:  We'll attach Dr. Miller's

24    report as Exhibit 6.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 22

```
 1              (Document marked as Miller

 2          Exhibit 6 for identification)

 3      Q.    Doctor, your report that we attached as

 4  Exhibit 6, does that report contain all of the

 5  opinions you have regarding Ms. Castanel in this

 6  case?

 7      A.    It does thus far.

 8      Q.    Do you plan on changing your opinions?

 9      A.    I've asked for additional medical records,

10  if they exist.  It's conceivable that it might

11  change my opinions.

12      Q.    Do you have any specific plans at this

13  point to change your opinions?

14      A.    I do not.

15      Q.    Do you have any specific plans at this

16  point to offer any additional opinions?

17      A.    Not unless I'm asked to do so, no.

18      Q.    At this time you have not been asked to

19  offer any opinions in addition to those in your

20  report?

21      A.    I have not.

22      Q.    Now, let's talk about that.  Who asked you

23  to get involved in this case?

24      A.    You know, I don't remember whether it was
```

Doris O. Wong Associates, Inc.              Professional Court Reporters                     617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center                        www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                                2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 23

```
 1    Mr. Reich or the attorneys at Lambert & Nelson.   It

 2   was one or the other, but I don't recall which.

 3        Q.    Do your notes reflect who it was?

 4        A.    They do not.

 5        Q.    Do you know who asked you to get involved

 6   in the Dubuclet case?

 7        A.    Again, I don't recall which of the

 8   attorneys it was at this point.

 9        Q.    Do you know who asked you to get involved

10   in the Wright case?

11        A.    I believe that was Mr. D'Amico, but I'm not

12   certain.

13        Q.    Have you worked with Mr. D'Amico in the

14   past?

15        A.    I have.

16        Q.    What other cases have you worked on with

17   Mr. D'Amico?

18        A.    Well, it's been quite some time, but we

19   worked together on a case in New Orleans involving

20   exposure to butadiene.

21        Q.    What was the result of that case?

22        A.    I believe it was decided in favor of the

23   plaintiffs, but I don't know any details on that.

24        Q.    Do you know if the case went to trial?
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation          Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.                                      March 11, 2010

Page 24

```
 1        A.    I believe it did.

 2        Q.    And did you testify in New Orleans?

 3        A.    I think so.  It's probably been all of -- a

 4   good dozen years or more, so I believe I testified.

 5        Q.    Have you worked on any other cases with Mr.

 6   D'Amico?

 7        A.    That's the one I recall.

 8        Q.    So as we sit here today, you only recall

 9   two cases that you've worked on with Mr. D'Amico:

10   the one down in New Orleans about a dozen years ago

11   and the Wright matter?

12        A.    Those are the ones I recall as we sit here.

13        Q.    How about Mr. Reich?  Have you worked on

14   any other cases with him?

15        A.    I've worked on a number of cases with Mr.

16   Reich over the course of quite some time, most of

17   them during -- through the 1990s.  So it's been a

18   while.

19        Q.    In the last 20 years, how many cases have

20   you worked on with Mr. Reich?

21        A.    I'm not sure I could give you an exact

22   number.  I would say half a dozen, perhaps.

23        Q.    In the last 20 years, how many cases have

24   you worked on with Mr. Reich or his law partners?
```

Doris O. Wong Associates, Inc.                    Professional Court Reporters                      617-426-2432
50 Franklin Street, Boston, MA  02110                  Videoconference Center                       www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                                       2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 25

1    A.    Maybe one or two more with other partners

2    in his office.

3    Q.    Would it be fair to say that you have a

4    working relationship with Mr. Reich?

5    A.    I certainly did through the '90s.   I

6    haven't worked with him for quite a number of years,

7    until this case.

8    Q.    Do you know if you have worked with any

9    other plaintiffs' attorneys involved in the

10   formaldehyde litigation?

11   A.    I don't believe so, no.

12   Q.    Are you paid by the hour?

13   A.    I am.

14   Q.    And did you execute a contract with the

15   attorney that hired you in this case?

16   A.    I don't believe I have a contract, no.

17   Q.    Are you paid regardless of the outcome of

18   the case?

19   A.    I am.

20   Q.    Have you spoken to any treating physicians

21   for Ms. Castanel?

22   A.    I have not.

23   Q.    So it would be true that you didn't feel

24   the need to speak to any of the treating physicians?

Doris O. Wong Associates, Inc.        Professional Court Reporters        617-426-2432
50 Franklin Street, Boston, MA 02110        Videoconference Center        www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)        2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 26

```
 1        A.    I believe the information in the medical

 2   records gave me the medical information I needed,

 3   yes.

 4        Q.    That's fair.

 5              We have your CV, and I'm going to attach

 6   it.

 7              MR. GARRISON:  This would be 7, I believe.

 8                   (Document marked as Miller

 9                    Exhibit 7 for identification)

10        Q.    You have been asked about your CV, and my

11   only focus here is to ask some questions that have

12   not been asked, to maybe ask by way of a little more

13   detail.  So I'm not going to sit here and go through

14   your CV.

15              I do want to find out a little more about

16   your practice of medicine.  Now, as I recall your

17   testimony given in other depositions, you no longer

18   practice medicine; is that correct?

19        A.    I no longer see patients.  I have a valid

20   medical license.

21        Q.    That's a good way to put it.  You no longer

22   see patients.  When is the last time that you saw

23   patients?

24        A.    About five years ago.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 27

```
 1        Q.    Why did you get out of seeing patients?

 2        A.    I just got too busy with my other work.

 3        Q.    So presently you don't have a medical

 4   office where patients come for treatment?

 5        A.    That's correct.

 6        Q.    Based on your CV, you had an affiliation

 7   with a hospital, Massachusetts General Hospital,

 8   correct?

 9        A.    That's correct.  I still do.

10        Q.    You still do?  Do you have any other

11   affiliations with any other hospitals?

12        A.    I do not.

13        Q.    In the last ten years, have you had any

14   affiliations with any other hospitals?

15        A.    No.

16        Q.    Your affiliation with Massachusetts

17   General, was that for purposes of seeing and

18   treating patients?

19        A.    Yes.  I've stayed on the medical staff

20   there.

21        Q.    But did you have other duties or

22   involvement at Massachusetts General as part of that

23   hospital?

24        A.    No.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 28

 1       Q.   Now, you've already been asked questions

 2   about Mediphase, but I still had some questions in

 3   my mind.  Are you familiar with the website for

 4   Mediphase?

 5       A.   I am.

 6       Q.   Do you need to see this (indicating)?

 7       A.   I don't believe so.

 8       Q.   You're the founding partner of Mediphase,

 9   right?

10       A.   One of the two, yes.

11       Q.   Who is the other partner?

12       A.   Paul Howard.

13       Q.   And, again, I've read, but I'm going to get

14   some dates wrong, so I would just rather ask you.

15   When did you start Mediphase?

16       A.   At the end of 1999.

17       Q.   And it looks like Mediphase was the

18   successor company of some other venture capitalist

19   entity that you had started -- or was it brand new?

20       A.   It was new.

21       Q.   But you had been involved in other venture

22   capitalist companies before that, correct?

23       A.   That's correct.

24       Q.   We all think we know what a venture capital

Doris O. Wong Associates, Inc.                Professional Court Reporters                617-426-2432
50 Franklin Street, Boston, MA  02110              Videoconference Center                  www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 29

```
 1    firm does, but, quite honestly, I don't like to
 2    assume.  What is it that Mediphase does?
 3        A.   We invest in health care companies and try
 4    to support those companies to make them successful.
 5        Q.   And when you say invest, obviously that
 6    means you put money into health care companies; is
 7    that correct?
 8        A.   That's correct.
 9        Q.   Do you and your partner invest just your
10    own money, or do you solicit money from other
11    investors?
12        A.   This is primarily money from other
13    institutional investors.
14        Q.   So do you manage money from other
15    institutional investors?
16        A.   I guess "manage" is a pretty broad term,
17    but that's correct.
18        Q.   You give advice to institutional investors
19    as to what health care companies they should invest
20    in?
21        A.   We actually do the investing.
22        Q.   The actual trading?
23        A.   No, it's not trading, because these are
24    private companies.  So they're not traded.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 30

```
 1        Q.    I see.  That's fair.  So you actually do
 2   the investing.  You go in and you make the
 3   investment and you finalize the investment; is that
 4   correct?
 5        A.    That's correct.
 6        Q.    Does your company, Mediphase, have any
 7   reporting requirements?
 8        A.    In terms of the Securities & Exchange
 9   Commission, you mean?
10        Q.    No.  And that's a good follow-up question.
11   In terms of reporting to its clients?
12        A.    We report to our investors, yes.
13        Q.    So your company, Mediphase, actually sends
14   out statements to its investors?
15        A.    We do.
16        Q.    So you have a staff that prepares these
17   statements and sends them out on a regular basis?
18        A.    That's correct.
19        Q.    Do you go out and solicit investors to
20   become involved in your ventures?
21        A.    Occasionally.
22        Q.    So you have a set group of investors that
23   you have invested for over, what, ten, eleven years?
24        A.    That's correct.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 31

```
 1        Q.    And they just -- I guess they return to you

 2   if they like the results?

 3        A.    We hope so.

 4        Q.    Would this be a hedge fund?

 5        A.    No, it's not a hedge fund.

 6        Q.    Okay.  And I'm still just trying to grasp

 7   it.  So I have a better appreciation of what it is.

 8   Your involvement with Mediphase, it must be very

 9   demanding?

10        A.    It often is, yes.

11        Q.    How many hours a week do you work for

12   Mediphase at this point?

13        A.    You know, I don't count them.  Pretty much

14   all my time.

15        Q.    Ten years ago, was Mediphase taking all of

16   your time?

17        A.    A little bit less.  It's gotten busier over

18   the years.

19        Q.    Has your role with Mediphase changed since

20   you started in 1999?

21        A.    It has not.

22        Q.    When you make recommendations to ongoing or

23   regular institutional investors, would it be fair to

24   say you really have to spend a lot of time
```

Doris O. Wong Associates, Inc.                Professional Court Reporters                617-426-2432
50 Franklin Street, Boston, MA  02110         Videoconference Center                      www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                             2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 32

```
 1    researching?

 2         A.    I think that's fair, yes.

 3         Q.    Do you do the actual research?

 4         A.    With others, yes.

 5         Q.    So you're part of the research team as

 6    well?

 7         A.    Correct.

 8         Q.    And you give investment advice?

 9         A.    That's correct.

10         Q.    Have you ever been sued relative to your

11    involvement with Mediphase?

12         A.    No.

13         Q.    When you were still seeing patients, up

14    until five years ago -- let's go from 1999 to 2005;

15    let's look at that time period -- what percentage of

16    your work was involved in seeing patients?

17         A.    A small percentage.  Probably no more than

18    10 percent.

19         Q.    Was there any specialty that you had?

20         A.    Internal medicine.

21         Q.    And did you treat particular types of

22    patients?

23         A.    No.  I think broadly within internal

24    medicine.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 33

```
 1      Q.    Did you have your own practice, or were you
 2   partners with somebody?
 3      A.    It was a practice at Massachusetts General
 4   Hospital.
 5      Q.    And I see also from your CV that you are on
 6   several boards of directors with corporations; is
 7   that correct?
 8      A.    That's correct.
 9      Q.    Are you still on those boards?
10      A.    They change a bit.  I don't recall which
11   ones are listed there.  Current board --
12      Q.    We don't need to go through it.  Do you
13   still serve on several boards?
14      A.    Three, yes.
15      Q.    And do you get compensated for that?
16      A.    No.  That compensation goes to Mediphase.
17      Q.    So you're compensated, but the payments
18   actually go to Mediphase?
19      A.    Correct.
20      Q.    How much time does your participation on
21   the boards take?
22      A.    A small percentage of my time.
23      Q.    And I see that you also teach.  Do you
24   still teach?
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 34

1      A.   I do a little teaching these days, yes.

2      Q.   Are you presently teaching this semester?

3      A.   No.

4      Q.   What do you typically teach?  What class?

5      A.   It varies a bit, but it's usually around

6   effects of drugs and chemicals on the body.

7      Q.   Any other classes that you teach?

8      A.   No.

9      Q.   Now, you have been hired as an expert in

10  this case involving Ms. Castanel, and you've been

11  hired as an expert in two other cases relative to

12  FEMA trailers.  Do you have any special interest in

13  this type of litigation or FEMA trailers?

14     A.   I'm trained in toxicology, so this is an

15  area, in terms of exposure to chemicals, that I

16  know -- I have some expertise in.

17     Q.   Do you have -- presently do you have any

18  other cases where you're serving as an expert?

19     A.   I do not.

20     Q.   When is the last time that you served as an

21  expert in a case outside of a FEMA trailer case?

22     A.   Oh, probably -- certainly within the last

23  couple of years.

24     Q.   Can you state when the last time it was

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 35

```
 1    that you served as an expert in a case outside of a

 2    FEMA trailer litigation case?

 3        A.    It would have been last year.  It would

 4    have been earlier in 2009.

 5        Q.    On how many cases did you serve as an

 6    expert, aside from FEMA trailer litigation, in the

 7    last five years?

 8        A.    I can't give you an exact number, but it's

 9    certainly no more than a handful.

10        Q.    Did your friendship or relationship with

11    any of the attorneys representing the Plaintiffs

12    have any influence on you becoming involved in this

13    case?

14        A.    I wouldn't say -- you used the term

15    "friendship," but the fact that -- I prefer to work

16    with individuals I've worked with before, whether

17    that's plaintiff or defense -- it doesn't matter to

18    me -- because I know I can work with those people.

19        Q.    Would you say your relationship with the

20    Plaintiffs' attorneys influenced you to become

21    involved in these cases?

22        A.    I guess -- I'm not sure what you mean by

23    that.  I would simply say, these are people I've

24    worked with before, and I think they're careful and
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 36

```
 1    do a good job.

 2        Q.    And they asked you to get involved in these

 3    FEMA litigation cases?

 4        A.    Correct.

 5        Q.    Now, you testified to this already, and I

 6    assume your testimony is the same.  Prior to working

 7    as an expert in these FEMA trailer litigations, you

 8    had never treated a patient who had been exposed to

 9    formaldehyde; is that correct?

10        A.    Not that I recall, no.  It's possible, but

11    I don't recall it.

12        Q.    Are you an oncologist?

13        A.    I am not.

14        Q.    Are you a pathologist?

15        A.    No.

16        Q.    Have you ever treated patients for cancer?

17        A.    Oh, yes.

18        Q.    Now, let me ask a better question.  I

19    assume that you've seen patients who have cancer,

20    correct?

21        A.    I have.

22        Q.    If a patient in the past came to you and

23    they had cancer, did you refer that patient to an

24    oncologist for cancer treatment?
```

Doris O. Wong Associates, Inc.          Professional Court Reporters                    617-426-2432
50 Franklin Street, Boston, MA  02110    Videoconference Center                         www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 37

1      A.    Generally, but we often participated in the
2   treatment as well.  As you know, there are often
3   multiple physicians treating a given patient.
4      Q.    Sure.  And as an internist, a doctor in
5   internal medicine, would it be fair to say that for
6   patients with cancer, you maintain the treatment for
7   the patient overall, while a patient with cancer
8   would see an oncologist for the specific treatment
9   of cancer?
10     A.    Well, it's a little more -- it depends on
11  the type of cancer.  It's a little more complicated
12  than that.  If it's a type of cancer where I have
13  substantial experience, then I'll often be an
14  important part of the treatment team.
15     Q.    With an oncologist?
16     A.    Almost always with an oncologist these
17  days, sometimes with a surgeon.  It depends on the
18  cancer.
19     Q.    If there can be a surgery to cut out the
20  cancer, then you might treat -- in the past you may
21  have treated a patient with some type of cancer with
22  a surgeon?
23     A.    Correct.
24     Q.    But you don't try and treat or heal people

Doris O. Wong Associates, Inc.          Professional Court Reporters                  617-426-2432
50 Franklin Street, Boston, MA  02110     Videoconference Center                      www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 38

```
 1    with cancer without an oncologist or a surgeon?

 2        A.   I would say that's generally correct, yes.

 3        Q.   You would defer to an oncologist regarding

 4    the treatment of cancer, correct?

 5             MR. TORRY:  Objection to the form.

 6        A.   Probably with regard to the exact choice of

 7    medications in general, yes.

 8        Q.   You would defer to an oncologist with

 9    respect to someone's propensities to contract

10    cancer?

11             MR. TORRY:  Same objection.

12        A.   No, I would disagree with you there.

13        Q.   You would feel comfortable talking about

14    the propensities of someone to get cancer?

15             MR. TORRY:  Same objection.

16        A.   I would, yes.

17        Q.   Over an oncologist who specifically treats

18    patients for cancer?

19             MR. TORRY:  Objection to form.

20        A.   It depends on the cancer.  There are some

21    cancers where I believe I have expertise and others

22    where I do not.

23        Q.   Have you ever treated a patient who had

24    some form of cancer related to formaldehyde
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 39

1    exposure?

2        A.    Not to my knowledge.  But the vast majority

3    of times, virtually always, patients come to you

4    with the illness, and you don't know necessarily

5    what the cause of the cancer was.  They just present

6    with cancer.

7        Q.    And my question was, have you ever treated

8    a patient with cancer as a result of formaldehyde

9    exposure?

10       A.    I have to tell you, I don't know the

11   answer.

12       Q.    As far as you know, you haven't treated any

13   patients who had cancer as a result of formaldehyde

14   exposure?

15       A.    I don't know that I have.  I can't give you

16   an answer one way or the other.

17       Q.    And I read in one of the depositions, since

18   the early '90s, 80 to 90 percent of your work has

19   been on the business side of medicine, correct?

20       A.    That's correct.

21       Q.    And for the last five years, 100 percent of

22   your work has been on the business side of medicine?

23       A.    Well, not quite.  I still do a little bit

24   of teaching, but the vast majority, yes.

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 40

1      Q.    Have you ever been excluded from testifying

2   by a judge?

3      A.    Not to my knowledge.

4      Q.    Have you ever been offered as an expert in

5   cancer in front of a court?

6      A.    I don't believe so.  I believe I've been

7   offered as an expert in pharmacology, in toxicology,

8   in pulmonary disease, internal medicine.  Obviously

9   within some of those specialties, for example,

10  cancers occur.

11     Q.    Let's go to your report.  It's marked as

12  Exhibit 6.  I want to talk generally about your

13  report, and then we'll go through the details, if

14  that's okay?

15     A.    That's fine.

16     Q.    And that way we'll set some parameters.

17  And I can't promise, but maybe we'll streamline

18  this.

19          As I read your report, you offered

20  opinions, several opinions, but your two opinions

21  regarding Ms. Castanel's condition or conditions

22  are, one, you indicated an exacerbation of

23  rhinosinusitis; is that right?

24     A.    Rhinosinusitis.

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center          www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 41

```
 1        Q.   I have a bad habit of abbreviating that
 2   word.  And the other opinion you offered had to do
 3   with depression, correct?
 4        A.   No.  It concerned fear of cancer.  There's
 5   a typo in my report, and I apologize for that.
 6        Q.   Well, we can fix that.  So you described
 7   the mental state of Ms. Castanel that you described
 8   in your report as a fear of cancer?
 9        A.   That's correct.
10        Q.   Those two conditions, are those the only
11   two conditions that you're offering opinions on in
12   your report regarding Ms. Castanel?
13        A.   Up to this point, yes.
14        Q.   Have you been asked to offer any other
15   opinions relative to Ms. Castanel?
16        A.   I have not.
17        Q.   You briefly referenced Dr. Paddock's
18   report, but you don't go into any of the issues
19   regarding the cause of Ms. Castanel's dermatitis?
20        A.   I haven't offered any opinions on that.
21        Q.   And today you don't have any opinions on
22   the cause of Ms. Castanel's dermatitis?
23        A.   I do not.
24        Q.   Now, when you got involved in the case,
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 42

 1    specifically what were you asked to do?

 2         A.    I was asked to review Ms. Castanel's

 3    medical records, to exam Ms. Castanel, and to

 4    discuss the relationship between her potential

 5    exposure in the FEMA trailer with her current

 6    illnesses.

 7         Q.    So you were specifically asked to address

 8    Ms. Castanel's exposure to the FEMA trailers and her

 9    illnesses?

10         A.    That's correct.

11         Q.    Were you asked to address Ms. Castanel's

12    exposure to other contaminants or substances and her

13    present illnesses?

14         A.    Yes.

15         Q.    Specifically what were you asked in that

16    regard?

17         A.    You don't necessarily get a list of

18    specifics.  When you're considering someone's

19    illnesses, you consider the potential causes of

20    them.  It's essentially creating a differential

21    diagnosis.

22         Q.    And you went through all the different

23    potential causes of Ms. Castanel's conditions?

24         A.    I believe I did.

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA 02110          Videoconference Center          www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 43

```
 1      Q.   We'll get to that in just a minute.  I do

 2  jump around.  Let's see.  So the plan, based on your

 3  assignment, was to find out if living in a FEMA

 4  trailer caused some of Ms. Castanel's conditions?

 5      A.   I think that puts it -- broadly stated,

 6  yes.

 7      Q.   Now, are you Ms. Castanel's treating

 8  physician?

 9      A.   I am not.

10      Q.   Does Ms. Castanel have a patient-physician

11  relationship with you?

12      A.   She does not.

13      Q.   Do any of the Plaintiffs' attorneys

14  involved in this case, do they have any investments

15  with any of your companies?

16      A.   They do not.

17      Q.   I think you testified that you reviewed Ms.

18  Castanel's deposition transcript; is that right?

19      A.   I did.

20      Q.   Is that on one of the disks?

21      A.   I believe so, yes.

22      Q.   And any other deposition transcripts you

23  received, they are on those disks?

24      A.   Right.  I know I received Dr. Gautraux's
```

Doris O. Wong Associates, Inc.                Professional Court Reporters                        617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center                            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                                   2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 44

```
 1    deposition, for example.

 2        Q.    And you don't remember any of the other

 3    deposition transcripts?

 4        A.    I do not.

 5        Q.    And at this point you haven't requested any

 6    other deposition transcripts?

 7        A.    I have not.

 8        Q.    Now, the meeting with Ms. Castanel took

 9    place -- it was in January, January 13th, correct?

10        A.    Correct.

11        Q.    Did you go down to New Orleans for that

12    meeting?

13        A.    I did.

14        Q.    And where did you meet with Ms. Castanel?

15        A.    At the dermatologist's office.  I think

16    that's Dr. Paddock.

17        Q.    How long did that meeting take?

18        A.    Oh, I would say roughly an hour and a half,

19    but I don't know the exact time.

20        Q.    That was the total length of the meeting?

21        A.    Correct.

22        Q.    How long did you -- did that include the

23    examination part of the meeting?

24        A.    It did.
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA 02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 45

1     Q.   How long did you sit and talk with Ms.

2   Castanel?

3     A.   Most of that time.  You know, examinations

4   are pretty quick, but taking histories takes a

5   while.

6     Q.   And, again, you can't find your notes from

7   that meeting?

8     A.   I cannot.

9     Q.   I guess everybody's got different styles.

10  Do you take a lot of notes when you meet with a

11  patient?

12    A.   I would say about in the middle.  A fair

13  number, but not as many as some people.

14    Q.   Did you include all of the information from

15  your notes in your narrative report?

16    A.   I believe so, yes.

17    Q.   So if we can't find your notes, everything

18  that's important in your notes is contained in this

19  report?

20    A.   I believe so, yes.

21    Q.   How did the meeting with Ms. Castanel start

22  out?  I mean, what did you ask?

23    A.   It's a typical history and physical.  You

24  would start asking the patient about their current

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 46

```
 1    state of health, and then you move to their prior

 2    state of health, their prior experience in

 3    hospitals, et cetera.  After the history of the

 4    patient, you ask about family history, social

 5    history, occupational history.  These are all very

 6    standard, as you know.  Then you perform a physical

 7    exam, and then I'll usually come back to some

 8    aspects of the history that I would like to focus on

 9    in a little more detail.

10         Q.   Did Ms. Castanel seem open to you?

11         A.   She was very -- I believe very cooperative.

12    She was very pleasant with me.

13         Q.   But did she seem interested in telling you

14    what she thought might be wrong with her?

15         A.   Well, she talked at length, which usually

16    means that someone is interested in discussing

17    things.

18         Q.   She didn't hold back?

19         A.   Not that I can tell.

20         Q.   And you can tell; I mean, you're a doctor,

21    right?

22         A.   Right.  Sometimes patients are reticent for

23    whatever reason.  She didn't appear to be at all.

24         Q.   In your report, at the outset, you note
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 47

 1    that Ms. Castanel appeared to be in good health?

 2        A.    For her stated age, yes.  That's a very

 3    broad statement, though.

 4        Q.    Sure.  But it's good to be in good health,

 5    wouldn't you agree?

 6        A.    It beats the alternative when you're 80.

 7        Q.    Now, when you were talking to Ms. Castanel,

 8    did you just ask general questions and let her tell

 9    you what's wrong, or did you ask specific questions?

10        A.    Again, most -- in my experience, the most

11    effective way to take a history is to start with

12    general questions and let the patient talk and just

13    do a lot of listening.  And then based on what you

14    hear, then you can focus on specific areas.

15        Q.    Well, you had a plan, before you met with

16    Ms. Castanel, to try and find out if the FEMA

17    trailer had anything to do with the present

18    conditions, correct?

19        A.    Well, I would put it the other way, and

20    maybe I wasn't clear with you before.  I had a plan

21    to understand her current illnesses and then to see

22    whether the FEMA trailer might have contributed to

23    that, as opposed to -- you put it the other way.

24        Q.    That's fine.  Did you ask any specific

Doris O. Wong Associates, Inc.            Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA  02110            Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)            2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 48

```
 1    questions to Ms. Castanel about her FEMA trailer?

 2        A.   I did.

 3        Q.   And did she offer you any information about

 4    the FEMA trailer before you asked specific questions

 5    about the FEMA trailer?

 6        A.   You know, I don't exactly recall.  I don't

 7    believe so.

 8        Q.   So you had to ask Ms. Castanel specifically

 9    about the FEMA trailer for her to comment on that?

10        A.   I believe so.

11        Q.   Did Ms. Castanel tell you that she had

12    sinus problems before she moved into the FEMA

13    trailer?

14        A.   She did.

15        Q.   She provided a description of her sinus

16    problems before moving into the FEMA trailer?

17        A.   We did discuss that, yes.

18        Q.   Did Ms. Castanel tell you that she had

19    anxiety and depression before moving into the FEMA

20    trailer?

21        A.   She did.  I don't believe -- I don't recall

22    whether she used the word "depression" specifically,

23    but essentially that, yes.

24        Q.   Did she tell you that she took medication
```

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110          Videoconference Center          www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 49

1    for those conditions before moving into the FEMA

2    trailer?

3        A.    She did.

4        Q.    I need to take a step back, because we went

5    through your qualifications, and I wanted to ask you

6    about your expertise or training in the area of

7    psychological medicine or treating mental

8    conditions.  We've looked at your curriculum vitae,

9    and I'll look through it.  Is anything on this

10   curriculum vitae regarding the treatment of patients

11   for psychological issues?

12       A.    Part of -- that's a major part of internal

13   medicine.  Most of our patients have minds and

14   bodies, and we've got to treat the mind as well as

15   the body.

16       Q.    When you were still seeing patients, did

17   you treat patients for psychological problems?

18       A.    Absolutely.  I think every internist does.

19       Q.    Did you treat patients for psychological

20   problems when those problems were associated with

21   some physical ailments for which you were treating

22   the patient?

23       A.    That's often the case.

24       Q.    When you were seeing patients, did you see

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA 02110          Videoconference Center          www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)          2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 50

1    or treat patients that just had psychological

2    problems with no physical problems?

3        A.    That's not unusual; a patient whom you may

4    have seen for years comes in with more -- with a

5    psychological issue one day, and you treat that.

6        Q.    Tell me about your training in psychology

7    or psychiatry.

8        A.    Again, I'm not a psychiatrist, per se, but

9    again, in internal medicine, that's a significant

10   part of what you train in, is understanding

11   psychological illnesses and situations.

12       Q.    You were an intern from 1978 to 1979,

13   correct?

14       A.    Correct.

15       Q.    And that was in internal medicine?

16       A.    Correct.

17       Q.    And you were a resident from 1979 to 1981,

18   correct?

19       A.    Yes.

20       Q.    And that was in internal medicine?

21       A.    Yes.

22       Q.    Have you ever done a residency for

23   psychology or psychiatry?

24       A.    No.   There isn't a psychology residency for

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 51

 1    physicians, only psychiatry.

 2         Q.    You're right.  A psychiatrist is an M.D.

 3    Have you ever done an internship or residency for

 4    psychiatry?

 5         A.    I did not.

 6         Q.    Have you ever undergone any training for

 7    psychology?

 8         A.    Again, as I mentioned, that's part of what

 9    internists do and part of your training in internal

10    medicine.

11         Q.    So as an internist, you received some

12    specific training relative to psychology?

13         A.    Oh, yes.

14         Q.    What specifically did you receive in the

15    way of training?

16         A.    That's 30 years ago, so it's going to be a

17    little hard for me to give you a lot of detail.  But

18    certainly we -- in a typical -- as you know, we

19    train using case methodology.  So you would always

20    discuss the psychological issues that face patients.

21    We would meet with psychiatrists.  In fact -- I'm

22    starting to remember a little bit more.  I remember,

23    in one of our patient services, we had a

24    psychiatrist permanently attached to the team on our

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110    Videoconference Center                 www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                   2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 52

```
 1   rounds, to help give us -- to help give additional

 2   training in psychiatric issues.

 3       Q.   So you actually had a psychologist --

 4       A.   A psychiatrist.

 5       Q.   -- a psychiatrist that was part of the

 6   group in the residency and participated in the

 7   treatment of patients in the rounds; is that

 8   correct?

 9       A.   That's correct.

10       Q.   So you actually had a psychiatrist to offer

11   that assistance, someone who specialized in that

12   area, correct?

13       A.   I still see him sometimes.

14       Q.   After your residency, did you ever receive

15   any type of certification in psychiatry?

16       A.   No.

17       Q.   After your residency, did you ever receive

18   any type of certification in psychology?

19       A.   No.

20       Q.   Have you ever attended any CLEs on

21   psychiatry?

22       A.   You mean CMEs.

23       Q.   Right.

24       A.   But, sure.  If I look at my CME history
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 53

```
 1    over the years, some of them deal with psychological

 2    issues.

 3        Q.   Have you ever received any type of

 4    accreditation in treating patients on psychological

 5    issues?

 6        A.   I'm not aware there is such a thing.

 7        Q.   When you had privileges at Massachusetts

 8    General Hospital, did you ever treat any patients

 9    for psychiatric issues?

10        A.   Just to be clear, I still have my

11    affiliation there.  And, yes, I treated -- again,

12    just to say it again, it's a major part of internal

13    medicine.

14        Q.   And you treated patients for psychiatric

15    issues when those patients didn't have physical

16    problems or physical complaints?

17        A.   Sure.  Again, if it's one of your patients,

18    you take care of them, regardless of what their

19    problem is.

20        Q.   Let's talk about your practice -- or seeing

21    patients.  I think that's a better way to put it.

22    When you were seeing patients, you said your

23    practice was in internal medicine?

24        A.   More -- recently, yes.  In the past it was
```

Doris O. Wong Associates, Inc.
50 Franklin Street, Boston, MA  02110
Electronically signed by Carol H. Kusinitz (601-252-684-5046)

Professional Court Reporters
Videoconference Center

617-426-2432
www.doriswong.com
2f9201d0-8f99-44ec-a553-0e6737375bda