UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v.*<br>*RECREATION BY*<br>*DESIGN, LLC, SHAW*<br>*ENVIRONMENTAL, INC.,*<br>and UNITED STATES OF AMERICA<br>THROUGH THE FEDERAL<br>EMERGENCY MANAGEMENT<br>AGENCY,* NO. 09-3251 | * * * * * * * * * | |

**************************************************************************

**RECREATION BY DESIGN, LLC'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION FOR SUMMARY JUDGMENT
REGARDING CAUSATION**

Defendant Recreation By Design, LLC ("RBD")[1], submits the following memorandum in response to Plaintiff's Opposition to its Motion for Summary Judgment regarding Causation.

---

[1] Shaw Environmental, Inc. is no longer a defendant in this suit. *See* Order dated April 15, 2010 (R. Doc. 13286).

## I. PLAINTIFF DID NOT PRESENT EVIDENCE TO PROVE SPECIFIC CAUSATION IN THIS TOXIC TORT CASE

In a toxic tort case, a plaintiff must present evidence of the harmful level of exposure to the chemical, and knowledge that plaintiff was exposed to that level.[2] Plaintiff relied on Dr. Lawrence Miller, her only specific causation expert, to provide this evidence. Dr. Miller subsequently opined that as a result of Plaintiff's alleged exposure to formaldehyde while residing in her FEMA trailer, Plaintiff experienced an exacerbation of rhinosinusitis and developed a fear of cancer.[3] Interestingly, Dr. Miller rendered these opinions without knowing the level of formaldehyde, tested or otherwise, in the Castanel unit. Also, according to Dr. Miller, Castanel told him that she did not notice any odd smells in the trailer.[4] Castanel also did not report any eye irritation.[5] Dr. Miller had no information about formaldehyde levels in the unit at issue when he rendered his opinion.

Plaintiff's FEMA unit was tested by experts for Plaintiff and RBD in early January 2010. Both sets of testing produced reliable results that were available to Dr. Miller. Despite the availability of these test results, which are specific to the Castanel unit-the only unit at issue in this matter- Dr. Miller did not consider these results in rendering his expert opinion. In fact, when questioned regarding the level of formaldehyde in Castanel's FEMA travel trailer, Dr. Miller testified that he did not know the level of formaldehyde in the Castanel unit. In an effort to find some basis

---

[2] *Allen v. Pa. Eng'g Corp.,* 102 F.3d 197, 199 (5th Cir. 1996); *see also Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 279 n.10 (5th Cir. 1996) (noting importance of the expert knowing the level of exposure to support his causation opinion).

[3] Miller depo. at 40:19-24 and 41:1-16, excerpts attached as Ex. A.

[4] Miller depo. at 61:8-11, excerpts attached as Ex. A.

[5] Miller depo. at 62:10-19, excerpts attached as Ex. A.

for his conclusions, Dr. Miller referred generally to the average of test results contained in a Centers for Disease Control (CDC) report issued in 2008 and which reported the results of formaldehyde sampling of 519 randomly selected FEMA units.[6] Further, Dr. Miller testified as follows:

> Q. As you sit here today, you don't know what the level of formaldehyde was in Ms. Castanel's trailer?
>
> ****
>
> A. Again, what I specifically, no. I've discussed the level in FEMA trailers **in general** in this report.
>
> Q. And you offered opinions in your report regarding Ms. Castanel's condition and its relationship to formaldehyde in her trailer without knowing the level of formaldehyde in her trailer, correct?
>
> A. Correct.[7]

Dr. Miller's testimony is undisputed, he did not know the tested level of formaldehyde in the Castanel unit. Instead, Dr. Miller relied on the levels of formaldehyde in FEMA trailers **in general** in rendering his opinion. Given Dr. Miller's reliance on this general information, it is clear that Dr. Miller can provide no specific testimony regarding whether Plaintiff was exposed to a requisite level of formaldehyde which is harmful to humans.[8] Without this information, Plaintiff cannot satisfy the requirements to establish specific causation in this toxic tort case. Plaintiff has therefore failed to provide the requisite specific causation testimony linking her alleged exacerbation of rhinosinusitis

---

[6] See Miller Affidavit, attached as Ex. B.

[7] Miller depo. at 90:12 - 24, excerpts attached as Ex. A.

[8] See *Allen v. Pa. Eng'g Corp.,* 102 F.3d 197, 199 (5th Cir. 1996); *see also Moore v. Ashland Chem. Inc.,* 151 F.3d 269, 279 n.10 (5th Cir. 1996) (noting importance of the expert knowing the level of exposure to support his causation opinion).

claim to her alleged formaldehyde exposure. Plaintiff is required to prove both general and specific causation in a toxic tort case,[9] Plaintiff's failure to prove specific causation should result in the dismissal of all claims advanced against RBD.

## CONCLUSION

Plaintiff has plainly failed to provide the requisite specific causation testimony as required under the LPLA and Louisiana negligence law. For this reason, and those arguments included in its Memorandum in Support of Motion for Summary Judgment on Causation, RBD respectfully requests that the Court grant summary judgment in its favor, dismissing all of Plaintiff's claims, with prejudice, and assessing the costs of these proceedings against Plaintiff.

Respectfully submitted,

　　*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

---

[9] *Knight v. Kirby Inland Marine Inc.,* 483 F.3d 347, 351 (5th Cir. 2007).

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                      */s/ Randall C. Mulcahy*
                                   RANDALL C. MULCAHY, Bar No. 26436