UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC.,* and UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY, NO. 09-3251 | * * * * * * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AS TO THE FAILURE TO WARN CLAIM**

**MAY IT PLEASE THE COURT:**

Defendant Recreation By Design, LLC ("RBD") submits this memorandum in support of its Motion for Partial Summary Judgment as to the Failure to Warn Claim (Rec. Doc. 13241) and in response to Plaintiff's Response to Defendant Recreation by Design, LLC's Motion for Partial

Summary Judgment as to the Failure to Warn Claim (Rec. Doc. 13327) (the "Opposition"). The Opposition raises several defenses: that FEMA was not a sophisticated user/purchaser of travel trailers, that Morgan was not a sophisticated user of travel trailers, and that RBD owed a continuing duty to warn. As detailed below, these contentions lack merit, and RBD is entitled to summary judgment as a matter of law.

## I.    FEMA Was a Sophisticated User of Travel Trailers

Plaintiff first alleges that FEMA is not a sophisticated user because FEMA it did not have constructive knowledge of regulations regarding formaldehyde levels in manufactured housing.[1] The cases cited by plaintiff in the Opposition are all distinguishable, as they stand for the proposition that knowledge of particular facts known by the members of one agency cannot be imputed to other agencies. However, a well-known tenet of law is that citizens are presumed to know the laws of the municipality, state, and federal government. By analogy, when a regulation is published by a governmental agency, other governmental agencies, including FEMA, should be presumed to have knowledge of that regulation just like ordinary citizens.

Further, the standard for a sophisticated user is not actual knowledge, but constructive knowledge.[2] In this case, FEMA clearly had constructive knowledge due to its experience with the use of travel trailers for disaster response. FEMA has used travel trailers as part of its disaster

---

[1] *See* Rec. Doc. 13327 at pp. 4-7.

[2] *See Mallery v. International Harvester Co.,* 690 So.2d 765, 768 (La. App. 3. Cir. 1996) ("to be relieved of the duty to warn, the manufacturer need not show that the user had actual knowledge of the danger; the manufacturer need show only that the user should have known of the danger.").

response efforts since Hurricane Andrew, which made landfall in 1992.[3] Moreover, it was FEMA who, in 2004, prepared the specifications for emergency housing units that were ultimately used for post-Katrina temporary housing.

FEMA also demonstrated its status as a sophisticated purchaser in the way it handled complaints related to formaldehyde post-Katrina. FEMA enlisted the help of other federal agencies such as the EPA, CDC, and the ATSDR to test and evaluate these trailers. FEMA also handled the formaldehyde-related complaints, and was proactive in distributing formaldehyde warning and notices to trailer residents. FEMA never directly contacted RBD with regard to a formaldehyde problem. By taking responsibility for the response effort, FEMA underscored its role as a sophisticated purchaser.

Thus, FEMA's imputed knowledge of issues related to formaldehyde, combined with its direct involvement in the design and purchase of THU's for disaster relief and its primary role in responding to formaldehyde-related complaints, all support RBD's contention that FEMA was a sophisticated user of the THU's. As such, RBD's motion should be granted with regard to this issue.

## II.    Morgan Was a Sophisticated User of Travel Trailers

RBD did not contract directly with FEMA, nor did it have any contact with a FEMA representative. Rather, in late September of 2005, RBD and Morgan reached an agreement wherein RBD would manufacture 2600 travel trailers for Morgan.[4] It was Morgan that contracted to sell those trailers to FEMA, not RBD.[5] Morgan supplied RBD with its requirements and specifications

---

[3] *See* Ex. "A" to Rec. Doc. 13241 at p. 22.

[4] *See* Ex. D to Rec. Doc. 13241.

[5] *See* Ex. D to Rec. Doc. 13241 at p. 24.

for the travel trailers, and RBD built a unit according to those instructions.[6] That unit was approved by Morgan as being in compliance with those specifications, and RBD subsequently moved forward with production.[7] Finally, FEMA accepted the units manufactured by RBD as compliant with its contract with Morgan.[8]

In the Opposition, plaintiff cites to *Swope v. Columbian Chemicals Co.*–that case, however, is distinguishable from the case at hand.[9] *Swope* involved claims related to hazardous exposure to ozone from an ozone generator.[10] There, the Fifth Circuit noted that the sophisticated purchaser never had any occasion to delve into the intricacies of the generator's internal operation.[11] It was "undisputed" that the purchaser in *Swope* had never dismantled or performed major internal maintenance on the generators.[12] Additionally, the generator in question was the first generator of that kind bought by that purchaser.[13]

Here, Morgan had previously procured travel trailers on behalf of FEMA and was familiar with that agency's specifications.[14] Morgan accepted the units built by RBD as meeting Morgan's,

---

[6] *See* Ex. E to Rec. Doc. 13241 at p. 36.

[7] *See* Ex. E to Rec. Doc. 13241 at p. 250.

[8] *See* Ex. D to Rec. Doc. 13241 at pp. 131-32, 133.

[9] 281 F. 3d 185 (5th Cir. 2002).

[10] 281 F. 3d 185 (5th Cir. 2002).

[11] *Id.* at 209-10.

[12] *Id.* at 210.

[13] *Id.* at 209.

[14] *See* Ex. D to Rec. Doc. 13241 at pp. 68-69.

and thereby, FEMA's specifications.[15] The RBD units were then shipped to a FEMA staging area for inspection by both FEMA and Morgan.[16] Because Morgan is an entity with experience in procuring units on behalf of FEMA, had the opportunity to inspect, accept, and/or reject a unit, and was familiar with the industry practices of travel trailer manufacturing, *Swope* should not apply to the facts of this case. Accordingly, RBD asserts that both FEMA and Morgan were sophisticated users of the THU's and that summary judgment should be granted on this issue.

### III. RBD Did Not Have a Continuing Duty to Warn

Plaintiff argues that RBD owed a continuing duty to warn to her by relying on pre-LPLA case law.[17] However, it should be noted that the continuing duty to warn is contingent upon a manufacturer's actual notice of a dangerous characteristic associated with its product.[18] Specifically, the LPLA requires that *if* a manufacturer acquires knowledge after the product has left the manufacturer's control that any characteristic of the product may cause damage, he is liable for his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.[19]

As stated, the continuing duty to warn is inapplicable to this case because RBD never acquired knowledge of any alleged dangers due to formaldehyde until the start of this litigation. Although plaintiff cites to the deposition transcript of Morgan employee James Schilligo in the

---

[15] *See* Ex. E to Rec. Doc. 13241 at p. 250.

[16] *See* Exhibit E to Rec. Doc. 13327 at pp. 132-33.

[17] *See* Rec. Doc. 13327 at pp. 12-14.

[18] *See, e.g., Jones v. Flowerserve FCD Corp.*, 73 Fed.Appx. 706 at *713.

[19] La. R.S. § 9:2800.7 (C).

5

Opposition as support for her allegation that RBD "learned of issues of formaldehyde in its travel trailers in 2006 around the time the first article in the Wall Street Journal came out," this contention is wholly without merit.[20]  A closer look at Mr. Schilligo's testimony confirms that the aforementioned article was not specific to RBD travel trailers.[21]  Indeed, RBD manufactured THU's for Morgan and never received any health related complaints regarding the component materials in those trailers.[22]  Thus, because RBD never learned of any potentially dangerous characteristics specific to its units, it did not have the requisite notice as required by law to trigger a continuing duty to warn.  RBD is entitled to judgment as a matter of law on this issue.

**IV.    Conclusion**

For the foregoing reasons, defendant Recreation By Design, LLC, respectfully requests that the Court grant its Motion for Partial Summary as to the Failure to Warn Claim (Rec. Doc. 13241).

---

[20] *See* Rec. Doc. 13327 at p. 14.

[21] *See* Ex. I to Rec. Doc. 13327 at pp. 114-115.

[22] *See* Ex. E to Rec. Doc. 13241 at p. 232.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436