UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION
                                                                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251

## ORDER AND REASONS

Before this Court is Recreation by Design, LLC's Motion for Summary Judgment Prescription (Rec. Doc. 9722). The motion is opposed. (Rec. Doc. 10350). After reviewing the parties' memoranda and the applicable law, the Court denies this motion and concludes that Plaintiff Earline Castanel's claims are timely as to Recreation by Design, LLC ("RBD").

**I.    BACKGROUND**

Bellwether plaintiff Earline Castanel ("Castenel") moved into a trailer manufactured by RBD in February of 2006. (Exhibit A to Rec. Doc. 9722, p. 9). Castanel moved out of the RBD trailer in March 2007. (*Id.*) She filed her original complaint on April 8, 2009. (Member Case 09-3251, Rec. Doc. 1). In the instant motion, RBD argues that Castanel's claims against it have prescribed.

## II. DISCUSSION

### A. Legal Standard - Motion for Summary Judgment

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (5th Cir. 2001). Factual controversies are also to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.*(citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails to refer to it in response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantial assertions," or "by one scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a

factual dispute precludes grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.     Prescription Analysis**

The Court finds that, contrary to RBD's assertion, the Complaint does not suggest this claim is prescribed on its face. Indeed, Castanel's First Supplemental and Amended Complaint contains only two dates: (1) February 2006, the date Castanel began living in the trailer; and (2) March 2007, the date she moved out of the trailer. (See Rec. Doc. 9401). Unlike other cases that this Court has previously addressed, there is no date in Castanel's Amended Complaint which reveals when she acquired either actual or constructive knowledge of RBD's allegedly tortious conduct.

RBD claims that, according to Castanel's deposition testimony, she started to experience symptoms that she associated to living in her RBD trailer about 5-6 weeks after moving into the trailer. (Exhibit B to Rec. Doc. 9722, pp. 32-33, 68-71). Thus, according to RBD, this places her date of knowledge of her claim in March 2006, or at the latest, by the end of April 2006. However, as Castanel points out, her testimony merely indicates that she began to experience symptoms 5-6 weeks after moving into the trailer; it does not reveal that she associated those symptoms with the trailer.

However, Castanel, through her counsel in other motion practice, has asserted that she "first became aware of the presence of formaldehyde [in the trailer] and that it could have been causing her injuries" in March 2007. (Rec. Doc. 9402, p. 3). Generally, under Louisiana law, the party raising the exception of prescription has the burden of proof to prove that the claim

3

prescribed. See *Alexander v. Fulco*, 895 So.2d 668 (La.App. 2 Cir. 2005). The Fifth Circuit has held that when more than a year has "elapsed between the time of the tortious conduct and the filing of a tort suit, the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including but not limited to the doctrine of *contra non valentum*. *Terrebone Parish Sch. Bd. V. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002). The Court concludes that based on the above assertion of Plaintiff's counsel, Castanel's claims would have prescribed at the latest in March 2008, one year from the time she associated her symptoms with the trailer. Because Castanel did not file this action until April 2009, her claims would have prescribed prior to the filing of this action.

Castanel now alleges the following theories to demonstrate that her claims against Shaw have not prescribed: (1) the statute of limitations was tolled, and (2) the Louisiana joint tortfeasor doctrine thwarts prescription in this case. This Court addresses each.

### (1) Tolling

"Under Louisiana law, prescription is interrupted by the timely commencement of an action, and that interruption continues for as long as the suit is pending." *Orleans Parish School Board v. Asbestos Corp. Ltd.*, 892 F. Supp. 794, 802 (E.D.La. 1995), *aff'd* 114 F.3d 66 (5th Cir. 1997), *cert. denied*, 522 U.S. 995 (1997). In *American Pipe and Construction Co. v. Utah*, 414 U.S. 538 (1974), the United States Supreme Court held that the filing of a class action tolls the applicable statute of limitations as to all members of the putative class. The rationale behind this holding was in part to avoid unnecessary repetitive filings by individuals who wanted to join the class and in part to protect the rights of putative class members who were unaware that litigation had even been filed ostensibly on their behalf. If class certification was subsequently denied, the

4

prescription commenced to run again. *In Re FACTOR VIII or IX Concentrate Blood Products Litigation*, 2000 WL 282787, *4 (E.D. La. March 14, 2000).

Indeed, as this Court has found previously in this MDL in other cases, the statute of limitations was tolled until the Motion to Certify Class was denied on December 29, 2008. (See Rec. Doc. 2803). Further, Castanel filed her lawsuit on April 8, 2009, a little over three months of when the statute had began to run.

Conversely, RBD argues that Castanel may not benefit from *American Pipe* tolling because the putative *Hillard* class[1] did not assert any claims against RBD[2]. RBD argues that RBD is not a member of the defendant class as defined in *Hillard* because it is not a vendor who sold trailers to FEMA. However, as this Court has noted in previous cases in this MDL, in *Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603 (7th Cir. 1980), the U.S. Court of Appeals for the Seventh Circuit held:

> We are persuaded that implicit in the Supreme Court's *American Pipe* decision was the Court's determination that "effectuation of the purpose of litigative efficiency and economy" (which Rule 23 was designed to perform) transcends the policies of response and certainty behind the statute of limitations. . . .
>
> A contrary rule would sound the death knell for suits brought against a *defendant class*, nullifying that part of Rule 23 that specifically authorizes such suits. This, in turn, would have a potentially devastating effect on the federal courts. Plaintiffs would, in each case, be required to file protective suits, pending class certification, to stop the running of the statute of limitations.

---

[1] The first putative class action was *Hillard, et al. V. Gulf Stream, et al.*, which was filed on May 18, 2006. (See Member Case No. 06-2576, Rec. Doc. 1).

[2] RBD notes it was not specifically named in the *Hillard* action, so it is not a member of the defendant class and is not susceptible to *American Pipe* tolling. This Court finds this argument to be without merit because *American Pipe* prescriptive tolling has been held to apply to putative or unnamed defendants - as well as unnamed plaintiffs.

635 F.2d at 609-610 (emphasis added). Further, the *Hillard* Complaint considers a group of yet unidentified defendants and styles them "Unnamed Manufacturers," which would include RBD. Thus, based on the above analysis, *American Pipe* applies and Plaintiffs timely filed their lawsuit against RBD on April 8, 2009, just over three months after the date the statute of limitations began to run (i.e., just over three months after December 29, 2008, the date the Motion to Certify Class was denied).

This Court is persuaded by the reasoning in *Appleton* coupled with *American Pipe*, and concludes, based on these cases alone, Plaintiff's claims have not prescribed.

### (2) Joint Tortfeasor Doctrine

Castanel argues that the Court's previous reasoning and ruling on the subject of the joint tortfeasor doctrine in the *Wright* matter should apply herein. (See Rec. Doc. 7241). RBD, on the other hand, notes that the Court's previous rulings in the *Alexander* and *Wright* cases on the application of the joint tortfeasor doctrine are distinguishable from the present matter. Specifically, RBD asserts that the manufacturing defendant in the *Alexander* case, Gulf Stream, and the manufacturing defendant in the *Wright* action, Forest River, were both originally named in *Hillard* action. RBD claims that in previous filings, Plaintiffs have suggested that because co-defendants Gulf Stream and Forest River were named in the *Hillard* action, the suspension of prescription for the claims asserted against the manufacturing defendants should apply to the claims asserted against the unnamed, contractor defendants, Fluor and Shaw. Thus, RBD contrasts this case by noting that unlike the *Alexander* and *Wright* cases, the manufacturing defendant in the present action, RBD, was not named in the *Hillard* action.

The Court has considered this argument and finds it to be unpersuasive. As noted herein, the *Hillard* Complaint considers a group of as of yet unidentified defendants and styles them "Unnamed Manufacturers." This Court has held the joint tortfeasor doctrine is applicable to defendants in the instant case, thus serving to interrupt prescription. The Louisiana Civil Code provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." La. C.C. art. 2324. This Court determines that, under the joint tortfeasor doctrine, RBD is a joint tortfeasor with the defendants that were named in the *Hillard* action. Thus, prescription as to Castanel's claims against RBD was interrupted.

## III. CONCLUSION

**IT IS ORDERED** that **Recreation by Design, LLC's Motion for Summary Judgment Prescription (Rec. Doc. 9722)** is **DENIED**.

New Orleans, Louisiana, this 21st day of April, 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**