## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                        MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION               SECTION N (5)

                                           JUDGE ENGELHARDT
                                           MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO
*Case No. 09-7587; Keith Andrews, Jr. et al.*
*v. Palm Harbor Manufacturing, L.P. et al.*

### PALM HARBOR DEFENDANTS' ANSWER
### TO FIRST AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT through undersigned counsel come the Palm Harbor defendants, Palm

Harbor Homes, Inc., Palm Harbor Manufacturing, L.P., and Palm Harbor Albermarle, L.L.C.("Palm

Harbor") in response to Plaintiffs' First Amended Complaint for Damages, would respectfully show

as follows.

I.

### ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

AND NOW, in answer to the specific allegations of the First Amended Complaint for

Damages, Palm Harbor would show as follows.

1.      The allegations contained in Paragraph 1. of Plaintiffs' First Amended Complaint for

Damages do not require a response by Palm Harbor.  To the extent a response might be required,

however, the allegations contained in Paragraph 1. of Plaintiffs' First Amended Complaint for

Damages are denied.

2.      The allegations contained in Paragraph 2. of Plaintiffs' First Amended Complaint for Damages are admitted.

3.      The allegations contained in Paragraph 3. of Plaintiffs' First Amended Complaint for Damages do not require a response by Palm Harbor.  To the extent a response might be required, however, the allegations contained in Paragraph 3. of Plaintiffs' First Amended Complaint for Damages are denied.

4.      Palm Harbor denies that Palm Harbor Homes, Inc. is incorporated as alleged in the allegations contained in Paragraph 4. of Plaintiffs' First Amended Complaint for Damages, but otherwise admits the allegations contained in Paragraph 4. of Plaintiffs' First Amended Complaint for Damages are denied.

5.      The allegations contained in Paragraph 5. of Plaintiffs' First Amended Complaint for Damages do not require a response by Palm Harbor.  To the extent a response might be required, however, the allegations contained in Paragraph 5. of Plaintiffs' First Amended Complaint for Damages are denied.

6.      The allegations contained in Paragraph 6. of Plaintiffs' First Amended Complaint for Damages are denied.

7.      The allegations contained in paragraph 7., including all sub-paragraphs thereof, of Plaintiffs' First Amended Complaint for Damages do not require a response by Palm Harbor.  To the extent a response might be required, however, the allegations contained in Paragraph 7., including all sub-paragraphs thereof, of Plaintiffs' First Amended Complaint for Damages are denied.

8.      The allegations contained in paragraph 8. of Plaintiffs' First Amended Complaint for Damages are admitted.

9.      The allegations contained in Paragraph 9. of Plaintiffs' First Amended Complaint for Damages do not require a response by Palm Harbor.  To the extent a response might be required, however, the allegations contained in Paragraph 9. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

10.      The allegations contained in Paragraph 10. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 10. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

11.      The allegations contained in Paragraph 11. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 11. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

12.      The allegations contained in Paragraph 12. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 12. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

13.      The allegations contained in Paragraph 13. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 13. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

14.     The allegations contained in Paragraph 14. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 14. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

15.     The allegations contained in Paragraph 15. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 15. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

16.     The allegations contained in Paragraph 16. of Plaintiffs' First Amended Complaint for Damages are denied.

17.     The allegations contained in Paragraph 17. of Plaintiffs' First Amended Complaint for Damages are denied.

18.     The allegations contained in Paragraph 18. of Plaintiffs' First Amended Complaint for Damages are denied.

19.     The allegations contained in Paragraph 19. of Plaintiffs' First Amended Complaint for Damages are denied.

20.     The allegations contained in Paragraph 20. of Plaintiffs' First Amended Complaint for Damages are denied.

21.     The allegations contained in Paragraph 21. of Plaintiffs' First Amended Complaint for Damages are denied.

22.     The allegations contained in Paragraph 22. of Plaintiffs' First Amended Complaint for Damages are denied.

23.     The allegations contained in Paragraph 23. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 23. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

24.     The allegations contained in Paragraph 24. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 24. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

25.     The allegations contained in Paragraph 25. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 25. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

26.     The allegations contained in Paragraph 26. of Plaintiffs' First Amended Complaint for Damages are denied insofar as they purport to apply to Palm Harbor and because they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 26. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

27.     The allegations contained in Paragraph 27. of Plaintiffs' First Amended Complaint for Damages, including all subparts thereof, are denied insofar as they purport to apply to Palm Harbor and because they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 27. of Plaintiffs' First Amended Complaint for Damages, including all subparts thereof, are denied for lack of information sufficient to justify a belief therein.

28.     The allegations contained in Paragraph 28. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 28. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

29.     The allegations contained in Paragraph 29. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 29. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

30.     The allegations contained in Paragraph 30. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 30. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

31.     The allegations contained in Paragraph 31. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 31. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

32.     The allegations contained in Paragraph 32. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 32. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

33.     The allegations contained in Paragraph 33. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 33. of Plaintiffs' First Amended Complaint for Damages are denied for lack

of information sufficient to justify a belief therein.

34.     The allegations contained in Paragraph 34. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 34. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

35.     The allegations contained in Paragraph 35. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 35. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

36.     The allegations contained in Paragraph 36. of Plaintiffs' First Amended Complaint for Damages are denied.

37.     The allegations contained in Paragraph 37. of Plaintiffs' First Amended Complaint for Damages are denied.

38.     The allegations contained in Paragraph 38. of Plaintiffs' First Amended Complaint for Damages are denied.

39.     The allegations contained in Paragraph 39. of Plaintiffs' First Amended Complaint for Damages are denied.

40.     The allegations contained in Paragraph 40. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 40. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

41.     The allegations contained in Paragraph 41. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations

contained in Paragraph 41. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

42.     The allegations contained in Paragraph 42. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 42. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

43.     The allegations contained in Paragraph 43. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 43. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

44.     The allegations contained in Paragraph 44. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 44. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

45.     The allegations contained in Paragraph 45. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 45. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

46.     The allegations contained in Paragraph 46. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 46. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

47.     The allegations contained in Paragraph 47. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 47. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

48.     The allegations contained in Paragraph 48. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 48. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

49.     The allegations contained in Paragraph 49. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 49. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

50.     The allegations contained in Paragraph 50. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 50. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

51.     The allegations contained in Paragraph 51. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 51. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

52.     The allegations contained in Paragraph 52. of Plaintiffs' First Amended Complaint for Damages are denied.

53.     The allegations contained in Paragraph 53. of Plaintiffs' First Amended Complaint for Damages are denied.

54.     The allegations contained in Paragraph 54. of Plaintiffs' First Amended Complaint for Damages are denied.

55.     The allegations contained in Paragraph 55. of Plaintiffs' First Amended Complaint for Damages are denied.

56.     The allegations contained in Paragraph 56. of Plaintiffs' First Amended Complaint for Damages, including subparts a. through k., are denied.

57.     In response to the allegations contained in Paragraph 57. of Plaintiffs' First Amended Complaint for Damages, Palm Harbor incorporates paragraphs 1-56 herein as if set forth verbatim.

58.     The allegations contained in Paragraph 58. of Plaintiffs' First Amended Complaint for Damages are denied.

59.     The allegations contained in Paragraph 59. of Plaintiffs' First Amended Complaint for Damages are denied.

60.     The allegations contained in Paragraph 60. of Plaintiffs' First Amended Complaint for Damages are denied.

61.     The allegations contained in Paragraph 61. of Plaintiffs' First Amended Complaint for Damages are denied.

62.     The allegations contained in Paragraph 62. of Plaintiffs' First Amended Complaint for Damages are denied.

63.     The allegations contained in Paragraph 63. of Plaintiffs' First Amended Complaint for Damages, including subparts a. through i., are denied.

64.     In response to the allegations contained in Paragraph 64. of Plaintiffs' First Amended Complaint for Damages, Palm Harbor incorporates paragraphs 1-63 herein as if set forth verbatim.

65.     The allegations contained in Paragraph 65. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 65. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

66.     The allegations contained in Paragraph 66. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 66. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

67.     The allegations contained in Paragraph 67. of Plaintiffs' First Amended Complaint for Damages are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 67. of Plaintiffs' First Amended Complaint for Damages are denied for lack of information sufficient to justify a belief therein.

68.     The allegations contained in Paragraph 68. of Plaintiffs' First Amended Complaint for Damages, including subparts a. through b., are denied as they call for factual and legal conclusions.  Further, the allegations contained in Paragraph 68. of Plaintiffs' First Amended Complaint for Damages, including subparts a. through b., are denied for lack of information sufficient to justify a belief therein.

69.     The allegations contained in Paragraph 69. of Plaintiffs' First Amended Complaint for Damages are denied.

70.     The allegations contained in Paragraph 70. of Plaintiffs' First Amended Complaint for Damages are denied.

71. The allegations contained in Paragraph 71. of Plaintiffs' First Amended Complaint for Damages are denied.

72. The allegations contained in the paragraph of Plaintiffs' First Amended Complaint for Damages under the heading Request for Jury Trial do not require a response by Palm Harbor. To the extent a response might be required, Palm Harbor requests a jury trial as well.

73. The allegations contained in the paragraphs of Plaintiffs' First Amended Complaint for Damages under the heading Prayer for Relief, including sub-parts 1. through 3., are denied.

74. The Palm Harbor Defendants request a trial by jury.

II.

## AFFIRMATIVE DEFENSES

AND NOW, further answering, Palm Harbor asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

75. Plaintiffs' Plaintiffs' First Amended Complaint for Damages, as supplemented and amended, fails to state a claim or cause of action against Palm Harbor upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

76. Plaintiffs have failed to satisfy their burden of establishing Article III standing against the Palm Harbor, and thus this Court does not have subject matter jurisdiction over Plaintiffs' claims against the Palm Harbor.

## THIRD AFFIRMATIVE DEFENSE

77. The claims against Palm Harbor are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to

initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

**FOURTH AFFIRMATIVE DEFENSE**

78.     Palm Harbor pleads to the extent applicable all defenses allowed under the Louisiana Health Emergency Powers Act, LSA—R.S. 29:771, and/or other Louisiana law.

**FIFTH AFFIRMATIVE DEFENSE**

79.     Palm Harbor specifically denies the existence of any defect or defects that would render the alleged manufactured home unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

**SIXTH AFFIRMATIVE DEFENSE**

80.     Palm Harbor asserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210) and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, respectively, as if pleaded herein, in extenso, and asserts that all claims contrary to the orders are precluded.

**SEVENTH AFFIRMATIVE DEFENSE**

81.     Solely in the alternative, in the event the Court finds any plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiff through misuse and/or abuse and/or lack of care of the manufactured homes, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiff or reduce any recovery by her respective percentage of fault.

**EIGHTH AFFIRMATIVE DEFENSE**

82.     Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Palm Harbor is not responsible.

**NINTH AFFIRMATIVE DEFENSE**

83.     Solely in the alternative, in the event this Court determines there was any defect in any manufactured home, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

84.     All of the claims asserted against Palm Harbor are preempted, perempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

**ELEVENTH AFFIRMATIVE DEFENSE**

85.     Palm Harbor further pleads that plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, in extenso.

**TWELFTH AFFIRMATIVE DEFENSE**

86.     Claims against Palm Harbor are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

87.     Any express warranty obligations that may be owed by Palm Harbor are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied in extenso.

## FOURTEENTH AFFIRMATIVE DEFENSE

88.     Upon information and belief, plaintiffs have failed to mitigate their damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

89.     Palm Harbor specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

## SIXTEENTH AFFIRMATIVE DEFENSE

90.     In the event that discovery reveals the following, Palm Harbor specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

## SEVENTEENTH AFFIRMATIVE DEFENSE

91.     In the event that discovery reveals the following, Palm Harbor specifically pleads that any alleged fault, negligence and/or strict liability attributed to Palm Harbor, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

92.     Alternatively, Palm Harbor affirmatively avers that in the event it is found liable in any way to plaintiffs, which is denied, any liability on their part is merely joint liability and not joint and several, nor in solido, with the liability of other parties for whom it is not responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

93.     Failure to state a claim upon which relief can be granted because the claims alleged are barred by federal preemption pursuant to 42 U.S.C. § 5401, et seq., 24 C.F.R. § 3280, *et seq.*, and 24 C.F.R. § 3282, *et seq.*, as this Court ruled May 29, 2009.

## TWENTIETH AFFIRMATIVE DEFENSE

94.     Plaintiffs' claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in the First Amended Complaint for Damages, as supplemented or amended, would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

95.     Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening and/or superseding cause.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

96.     Plaintiffs fail to state a claim for negligence under Louisiana law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

97.     Plaintiffs fail to state a claim upon which relief can be granted because Palm Harbor owed no actionable duty to the plaintiffs.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

98.     Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury but rather have generally claimed unspecified current and future injuries.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

99.     Plaintiffs fail to state a claim upon which relief can be granted to the extent that it is determined that plaintiffs previously filed and/or have pending another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

100.     Plaintiffs fail to state a claim upon which relief can be granted on grounds that Palm Harbor is a contractor that performed its work in accordance with the plans and/or specifications of FEMA.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

101.     Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs failed to make any particularized allegations regarding their injuries and damages and failed to make any particularized allegations connecting any particular plaintiff to conduct of Palm Harbor.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

102.     Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs allege strict liability as there is no basis under Louisiana law for the same.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

103.     Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of their cause of action more than one year before the referenced action was filed, rendering all claims prescribed under Louisiana law.  Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against Palm Harbor during the pendency of the putative class action.

## THIRTIETH AFFIRMATIVE DEFENSE

104.    Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either specific or general causation for their alleged injuries.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

105.    Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence *per se*, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

106.    Plaintiffs' alleged damages, if any, were caused or occasioned by known and open and obvious risks, which the Plaintiffs voluntarily assumed.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

107.    Plaintiffs' claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiffs, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

The procedures failed to provide a limit on the amount of the award against separate defendants;

The procedures failed to provide specific standards for the award of punitive damages;

The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

The standards of conduct upon which punitive damages are sought are vague.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

108. The exact damages/losses claimed by the respective plaintiffs are unknown to Palm Harbor, and thus Palm Harbor cannot adequately determine all defenses that may be applicable to the respective plaintiffs' claims. Therefore, Palm Harbor expressly reserves by this reference the right to raise additional defenses to the extent that:

Additional defenses become applicable under state and federal law;

Additional defenses are established as discovery proceeds; and

Additional defenses are available under subsequently asserted theories of recovery.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

109. Failure to state a claim for breach of implied and express warranty because implied warranty claims are not available to plaintiffs under the Louisiana Products Liability Act. Express warranty claims are available under the Louisiana Products Liability Act only if the express warranty has induced the claimant or other person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

110. Failure to state a claim upon which relief can be granted to the extent plaintiffs seek punitive damages as there is no basis for awarding punitive damages under the facts alleged in the complaint and applicable law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

111.    Failure to state a claim upon which relief can be granted to the extent plaintiffs seek damages pursuant to La. C.C. Arts. 2524 and 1994, 1995, and 1997, as there is no basis for awarding same under the facts alleged in the complaint and applicable law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

112.    Plaintiffs lack standing as they are not the purchasers or buyers of the units at issue.

## FORTIETH AFFIRMATIVE DEFENSE

113.    Plaintiffs' claims should be dismissed, or alternatively, their damages (the existence of which is denied) should be reduced due to each plaintiff's own negligent conduct, lack of care, comparative fault, breaches of contract, fraud or legal fault.

## FORTY-SECOND AFFIRMATIVE DEFENSE

114.    Plaintiffs have not sustained any damages proximately caused by the Palm Harbor Defendants.

## FORTY-THIRD AFFIRMATIVE DEFENSE

115.    Plaintiffs fail to state a failure to warn claim because they are charged with the knowledge of the federally mandated warnings regarding formaldehyde set forth in 24 C.F.R. § 3280, *et seq.* and in addition these Defendants provided proper warnings.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

116.    Plaintiffs were properly warned of the risks of formaldehyde alleged to exist in this defendant's product and the symptoms and/or injuries that could occur by occupying this defendant's products, which are the very type and nature of symptoms and injuries they allege they have suffered.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

117.    Plaintiffs' claims are barred by the government contractor defense as set forth in

***Boyle v. United Technologies Corp.,*** 487 U.S. 500, 101 L. Ed.2d 442, 108 S. Ct. 2510 (1988).

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

118.    Palm Harbor would show that the express warranties applicable to the home(s)

contain a valid and effective limitation of remedies, and validly and effectively exclude

consequential and incidental damages.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

119.    Palm Harbor would show that some or all of the Plaintiffs' claims are or may be

subject to arbitration.  The express warranties and/or other documents pertaining to the homes may

contain arbitration clauses.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

120.    Palm Harbor requests a trial by jury.

WHEREFORE, having fully answered, the Palm Harbor Defendants pray that this Answer

be deemed good and sufficient and demands judgment in its favor dismissing the claims of plaintiffs

with prejudice, at plaintiffs' sole cost, and for all other general and equitable relief, including, but

not limited to, all reasonable attorneys' fees.

Dated this 22nd day of April, 2010.

Respectfully submitted,


_____/s/ Eric L. Lindstrom_____
Michael J. Craddock
 Texas State Bar No. 04970300
Eric L. Lindstrom
 Texas State Bar No. 12385200

3100 Monticello Avenue, Suite 550
Dallas, Texas 75205-3466
(214) 750-3550
(214) 750-3551 (FAX)

**ATTORNEYS FOR DEFENDANTS PALM HARBOR HOMES, INC., PALM HARBOR MANUFACTURING, LP, AND PALM HARBOR ALBERMARLE, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Palm Harbor Defendants' Answer to First Amended Complaint for Damages was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

_____/s/ Eric L. Lindstrom_____
Eric L. Lindstrom