UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC.,* and UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY, NO. 09-3251 | * * * * * * * * * | |

*****************************************************************************

### RECREATION BY DESIGN, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REQUEST TO ADD ONE ADDITIONAL WITNESS

**MAY IT PLEASE THE COURT:**

Plaintiff has moved this Court to allow her to add Mark Polk as an additional witness to her Final Witness List. For the reasons more fully set out below, Recreation By Design, LLC ("RBD"), objects to the addition of Mark Polk to Plaintiff's Final Witness List.

**LAW AND ARGUMENT**

Plaintiff has requested that she be allowed to add Mark Polk ("Polk") of FEMA, to her Final Witness List. Plaintiff asserts that Polk's name was inadvertently left off of her Final Witness List that was filed on April 14, 2010.[1] Plaintiff's characterization of Polk as "of FEMA" is misleading. Polk is not currently employed, nor was he ever employed, by FEMA. Rather, Polk was retained by FEMA as a Federal Rule of Civil Procedure 26 Expert Witness in the *Alexander and Wright* bellwether trials.

> Fed. R. 26(2) *Disclosure of Expert Testimony* reads in relevant part:
>
> (A)  *In General*...a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B)  *Written Report*...this disclosure must be accompanied by a written report-prepared and signed by the witness if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

As mentioned above, Polk was retained by FEMA as an expert witness in the *Alexander and Wright* bellwether trials. In both matters, Polk offered expert opinions regarding the proper usage of Travel Trailers as it pertains to ventilation, set-up, leveling and blocking. Further, in both matters, FEMA, in complying with the requirements of Fed. R. 26(2), listed Polk on its Designation of Expert Witnesses and timely produced to Plaintiff a written report prepared by Polk.

In the case at hand, FEMA was dismissed as a defendant from the *Castanel* bellwether matter prior to FEMA's expert designation deadline.[2] Accordingly, FEMA did not designate Polk as an

---

[1] *See* R. Doc. 13277.

[2] *See.* Docket # 09-cv-3251, R. Doc. 3.

expert in the *Castanel* matter. Further, neither RBD or Shaw[3] retained or listed Polk on their respective expert designations. Plaintiff also did not include Polk on her expert designation.

Because Polk was not designated as an expert in the *Castanel* matter, he did not perform any tasks which would allow him to have first hand knowledge regarding the Castanel unit. Polk did not inspect the Plaintiff's RBD unit and did not issue a written report specific to the Castanel unit. Finally, Polk was only deposed in relation to the other bellwether cases, and those depositions were solely for the purposes of addressing Polk's expert opinions issued those cases. Thus, RBD has not had a reason to depose Polk for his opinions regarding RBD units. Based on the foregoing, RBD submits to this Court that Polk should not be allowed to testify as an expert witness at the *Castanel* bellwether trial.

## CONCLUSION

As discussed above, Mark Polk is not "of FEMA" nor is he a "fact witness". Rather, he is a Rule 26 Expert Witness. Rule 26 requires that an Expert Witness be designated as such by the party relying on his testimony and that the expert issue a written report detailing his expert opinions. In the instant matter, no party has designated Polk as an expert witness, and Polk has not issued a written report detailing his "expert opinions" relative to the Castanel unit. RBD, therefore, respectfully request that this Court not allow Plaintiff to add Mark Polk as an additional witness to her Final Witness List.

---

[3] Shaw Environmental, Inc. is no longer a defendant in this suit. *See* Order dated April 15, 2010 (R. Doc. 13286).

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436