UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER        *   MDL NO. 1873
    FORMALDEHYDE PRODUCTS   *
    LIABILITY LITIGATION      *   SECTION "N" (5)
                *
                *   JUDGE ENGELHARDT
                *   MAGISTRATE CHASEZ
                *
THIS DOCUMENT IS RELATED TO    *
                *
*Earline Castanel v. Recreation by Design, LLC.*   *
 Docket No. 09-3521;          *

**PLAINTIFF'S RESPONSE TO DEFENDANT RECREATION BY DESIGN, LLC'S
MOTION *IN LIMINE* TO EXCLUDE THE
EXPERT TESTIMONY OF PLAINTIFF'S EXPERT KENNETH R. LAUGHERY, PH.D**

Plaintiff, Earline Castanel, files this Response to Defendant Recreation by Design, LLC's Motion in Limine to Exclude the Expert Testimony of Plaintiff's Expert Kenneth R. Laughery, Ph.D.

**I.**

**EXHIBITS**

Exhibit A.    Affidavit of Kenneth Laughery, PhD

Exhibit B.    Formaldehyde Sampling Report, Tony Watson

**II.**

**ARGUMENT**

The Court has already examined issues relating to Dr. Laughery's opinions in Orders dated October 6, 2009, November 18, 2009, and January 15, 2010. *See* Court Docs. 4845, 7533, and 10293. The Court specifically ruled that Dr. Laughery may testify about the need for a warning. Plaintiff does not intend to offer Dr. Laughery, as Defendant alleges, that any

particular warning was inadequate. In fact, the subject travel trailer had no warning. To the extent defendant alleges "Dr. Laughery is precluded from testifying about whether *this particular warning is adequate*" any such reference is incorrect and sanctionable as it infers there was indeed a formaldehyde warning on the trailer. Defendant's Memorandum, p. 2, emphasis added. Again there was no formaldehyde warning on the trailer, therefore, there is nothing for Dr. Laughery to render an opinion on the "adequacy" any such warning.

Dr. Laughery offers the opinion that the *warnings system* associated with the "trailer is inadequate; indeed it was nonexistent." Exhibit A, Laughery Report, page 6. Dr. Laughery elaborates that a warning system includes labels on the trailer, the owner's manual and verbal information. Exhibit A, Laughery Report, page 6. It stands to reason that if none of those items exist, as the case is here, the *warnings system* is inadequate. Further to allow Dr. Laughery to testify to the same would not contradict any of this Court's prior rulings, as he is not evaluating the adequacy or wording of a particular warning. The Court has previously ruled in the context of the *Dubuclet* case, "With regard to this product, warnings should be made and created such that lay people may understand them. It is within the province of the jury, as lay persons who would otherwise be purchasers/users of this trailer, to determine whether and to what extent the instant warning was adequate." Court Doc. 7533, p. 2. This prior ruling addresses the clarity or comprehensibility of a specific warning, not the lack of an entire warnings system. In defining what warnings system is and pointing out that none exists on this trailer, Dr. Laughery is not invading the province of the jury or telling them what they should or should not understand. Dr. Laughery should be allowed to render opinions on what a warnings system is, and to allow him to do so would not violate the spirit of the Court's prior orders.

Defendant alleges Dr. Laughery's opinions should be excluded as he did not do his own research to determine whether or not a formaldehyde hazard exists. This criticism misapprehends the thrust of Dr. Laughery's opinions and the burden imposed on testifying experts by the Federal Rules of Evidence. Plaintiff is offering Dr. Laughery as a warnings expert, not as a toxicologist or as a wood scientist. Dr. Laughery has testified that one of the considerations in determining if a warning is necessary is whether or not a hazard exists. Dr. Laughery is relying on the opinions of Dr. Smulski, a wood scientist, for the opinion that the trailer was constructed with wood that emits formaldehyde and the opinion of Dr. Williams, a toxicologist, that formaldehyde is toxic. Dr. Laughery is not offering his "own opinion" that formaldehyde was in the trailer and that formaldehyde is harmful. He is relying on the opinions of others for this and the Federal Rules of Evidence clearly allow him to do so. FRE 703. Dr. Laughery is offering the opinion, that since there is evidence formaldehyde is in the trailer and formaldehyde is harmful, then one of the criteria for needing a warning, "is there a hazard," is satisfied. Dr. Laughery, clearly states that the presence of formaldehyde in the trailer and the toxic effects of formaldehyde are his understandings, or assumptions with regard to the matter. Exhibit A, Laughery Report, page 3 ff. Defendant takes the incorrect position that Dr. Laughery, would need to do his own independent research to determine if formaldehyde was a hazard and his own testing of the trailer to determine if it contains formaldehyde. This is an impossible burden, a burden that would result in duplicative testimony, and a burden that is not imposed by *Daubert* or the Federal Rules of Evidence.

The Defendant also takes issue that Dr. Laughery did not know the level of formaldehyde that was measured in the trailer. Defendant's Memorandum, p. 10. This point is without merit as the trailer did contain formaldehyde, and as measured by one of Defendant's

own experts the level of formaldehyde two and half years after Plaintiff moved out was 50 parts per billion which is three times greater than the National Institute for Occupational Safety and Health (NIOSH) limit of 16 parts per billion.[1]

## IV.
## PRAYER

For the reasons stated in this Response, Plaintiff respectfully requests that the Court deny Defendant Recreation by Design, LLC's Motion in Limine to Exclude the Testimony of Plaintiff's Expert Kenneth R. Laughery, Ph.D.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
   GERALD E. MEUNIER, #9471
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.
   2800 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone:  504/522-2304
   Facsimile:   504/528-9973
   gmeunier@gainsben.com

   s/Justin I. Woods
   JUSTIN I. WOODS, #24713
   **PLAINTIFFS' CO-LIAISON COUNSEL**
   Gainsburgh, Benjamin, David, Meunier &
   Warshauer, L.L.C.
   2800 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone:  504/522-2304
   Facsimile:   504/528-9973
   jwoods@gainsben.com

---

[1] See Report of Defendant expert Tony Watson attached hereto as Exhibit B, page 24.

                                          **COURT-APPOINTED PLAINTIFFS'**
                                          **STEERING COMMITTEE**
                                          ANTHONY BUZBEE, Texas # 24001820
                                          ROBERT BECNEL, #14072
                                          RAUL BENCOMO, #2932
                                          FRANK D'AMICO, #17519
                                          MATT MORELAND, #24567
                                          LINDA NELSON, #9938
                                          DENNIS REICH, Texas #16739600
                                          MIKAL WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 23, 2010.

                                          /s/Gerald E. Meunier
                                          GERALD E. MEUNIER