UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PROHIBIT REFERENCE TO THE FINANCIAL MATTERS OF EARLINE CASTANEL**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who offers the following memorandum in opposition to Plaintiff's Motion *in Limine* to Prohibit Reference to the Financial Matters of Earline Castanel (Rec. Doc. 13331):

**ARGUMENT & AUTHORITIES**

Plaintiff's motion *in limine* seeks to prohibit any reference to "certain unrelated financial data" of Earline Castanel.[1]  Specifically, plaintiff asserts that evidence or testimony relating to her finances is irrelevant because she is not making a claim for lost wages or future income. Plaintiff also argues that evidence relating to her receipt and use of funds from the Government

---

[1] *See* Rec. Doc. 13331 at p. 1.

1

following Hurricane Katrina is irrelevant and/or more prejudicial than probative.  For the reasons articulated below, plaintiff's contentions are without merit.

    **I.    Evidence of Plaintiff's Receipt of Funds From FEMA is Relevant**

Plaintiff contends that "any testimony or reference to Earline Castanel's financial matters is wholly irrelevant to any issue at hand" because she has "made no claim for lost wages, nor has she made any claim relating to income."[2]  A review of plaintiff's Original Complaint for Damages and First Supplemental and Amending Complaint for Damages, however, reveals that she seeks, *inter alia*, "compensable out of pocket expenses related to defendants' wrongdoing" and "past and future loss off earning capacity."[3]  Moreover, Paragraphs 4 and 5 of Plaintiff's First Supplemental and Amending Complaint specifically allege that "…plaintiff was deemed eligible to receive emergency housing assistance from the defendant FEMA" and that "[t]he emergency housing assistance provided to plaintiff was in the form of a travel trailer manufactured by the defendant Recreation By Design, Inc. [sic] […]."[4]

RBD disputes plaintiff's allegation that the only form of "emergency housing assistance" that she received from FEMA was in the form of a travel trailer.  Following Hurricane Katrina, FEMA "emergency housing assistance" also included payment to qualified applicants for "transitional housing assistance" and "home repair and replacement."[5]  Plaintiff's deposition testimony and FEMA records confirm that she received monetary payments totaling $17,342.11 pursuant to these programs.[6]  As such, evidence of plaintiff's receipt of these funds from FEMA

---

[2] *See* Rec. Doc. 13331 at p. 2.
[3] *See* Plaintiff's Original Complaint for Damages (Rec. Doc. 1) at pp. 31-32; Plaintiff's First Supplemental and Amended Complaint (Rec. Doc. 9401) at p.4.  It should be noted that the Court has yet to determine whether plaintiff's amended complaint supersedes her original complaint.  *See* Defendants' Motion for Partial Summary Judgment on Exclusion of Claims (Rec. Doc. 13232); *see also* Rec. Doc. 13328 and Rec. Doc. 13470.
[4] *See* Rec. Doc. 9401 at p. 2.
[5] *See* http://www.fema.gov/hazard/hurricane/2005katrina/katrinahousing.shtm (accessed on April 22, 2010).
[6] *See* NEMIS screen shots, attached hereto as Exhibit "A."

is relevant to material issues in this case and should be permitted at trial, especially in light of the fact that FEMA was a defendant in this suit until it was dismissed on a dispositive motion.[7]

## II. Evidence of Plaintiff's Receipt of Funds From FEMA is Not Prejudicial

In support of the argument that evidence of plaintiff's financial affairs would be unduly prejudicial under Rule 403, plaintiff summarily concludes that "…evidence with regard to Earline Castanel's receipt and use of funds from the government would raise issues of prejudice wholly unrelated to any relevant issue […]."[8] As discussed, *supra*, evidence of plaintiff's receipt of funds from FEMA is indeed relevant to the claims and cause(s) of action that she alleges in her complaints. Additionally, plaintiff fails to offer any specific argument as to how admission of this relevant evidence would be unfairly prejudicial. A blanket moratorium on all evidence relating to Earline Castanel's financial matters prior to trial would be extreme.[9] RBD is confident that the Court will issue appropriate limiting instructions to the jury if and when such instructions are necessary. At this time, however, exclusion of relevant evidence pertaining to plaintiff's finances is not warranted.

## CONCLUSION

For the foregoing reasons, Recreation By Design, LLC, respectfully requests that the Court deny plaintiff's motion *in limine* and permit evidence of Earline Castanel's financial matters at trial.

---

[7] *See* Order dated January 22, 2010 (Rec. Doc. 10626).
[8] Rec. Doc. 13331 at p. 3.
[9] *See, e.g., Adams v. Ameritech Servs.*, 231 F.3d 414, 428 (7th Cir.2000) ("[W]hile it is not unheard of to exclude evidence under Rule 403 at the summary judgment stage, normally the balancing process contemplated by that rule is best undertaken at the trial itself."); *see also Ramírez Rodríguez v. Boehringer Ingelheim Pharms.*, 425 F.3d 67, 77 n.10 (1st Cir.2005).

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
**GARRISON, YOUNT, FORTE**
**& MULCAHY, LLC**
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

/s/ Randall C. Mulcahy
RANDALL C. MULCAHY, Bar No. 26436