UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

**************************************************************************

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
THE ADDENDUM TO MICHAEL GINEVAN's, PH.D. EXPERT REPORT**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who offers the following memorandum in opposition to Plaintiff's Motion to Strike the Addendum to Michael Ginevan's, Ph.D. Expert Report (Rec. Doc. 13332):

**ARGUMENT & AUTHORITIES**

Plaintiff's motion to strike seeks to prohibit the addendum to the expert report of Michael Ginevan, Ph.D. (the "Addendum"), on the basis that it is "untimely without just cause."[1] Specifically, plaintiff argues that the Addendum "was only recently produced at deposition on Tuesday, April 13, 2010, over a month after the expert report deadline imposed by the Court's

---
[1] *See* Rec. Doc. 13332 at p.1.

1

Scheduling Order."[2]  Plaintiff also asserts that the Addendum "fails to qualify as a supplementation under Rule 26 of the Federal Rules of Civil Procedure, as all information referenced in the Addendum was available prior to the production of Dr. Ginevan's expert report."[3]  For the reasons articulated below, plaintiff's contentions are without merit.

### I.     The Addendum is Proper Under Rule 26

Plaintiff cites to Rule 26(e)(1) for the proposition that it imposes a "duty to supplement … if the party learns that in some material respect the information disclosed is incomplete or incorrect."[4]  This sub-section, however, is not specifically tailored to testimony of an expert witness.  The appropriate portion of Rule 26 applicable to the Addendum is actually Rule 26(e)(2), which states:

> **(2) *Expert Witness***.  For an expert whose report must be disclosed under Rule 26(a)(2)(B),[5] the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition.  Any additions or changes to this information must be disclosed by the time the party's pre-trial disclosures under Rule 26(a)(3)[6] are due.[7]

When read in conjunction with Rule 26(a)(2)(D), which states that "[t]he parties must supplement these disclosures when required under Rule 26(e)," it is clear that Dr. Ginevan complied with the Federal Rules of Civil Procedure requiring him to supplement his expert report.[8]

---

[2] Rec. Doc. 13332 at p. 1.
[3] Rec. Doc. 13332 at p. 1.
[4] Rec. Doc. 13332 at p. 2.
[5] Rule 26 (a)(2)(B) lists the requirements for an expert witness written report.  *See* Fed. R. Civ. Proc. 26(a)(2)(B).
[6] Rule 26(a)(3) sets out the requirements for pretrial disclosures and the default time limits for these disclosures.  *See* Fed. R. Civ. Proc. 26(a)(3).
[7] Fed. R. Civ. Proc. 26(e)(2).
[8] Fed. R. Civ. Proc. 26(a)(2)(D).

Plaintiff argues that the Addendum is "based upon information which was clearly available prior to this Court's deadline" for the submission of defense expert reports.[9] Specifically, plaintiff asserts that because the expert report of Paul Hewett was submitted on January 29, 2010, "[t]here is no legitimate reason why Ginevan could not have commented on Hewett's analysis on a timely basis."[10]  Plaintiff, however, fails to mention that Hewett was not deposed until March 4, 2010,[11] and a transcript of his deposition testimony was not made available to defense counsel until March 15, 2010.[12]  Ginevan was retained in this matter for the sole purpose of critiquing the analysis of plaintiff's experts related to statistical work that was done with regard to formaldehyde levels—this task includes verifying Hewett's calculations.[13] As indicated by Rule 26(e)(2), expert witness disclosures include both written reports *and* deposition testimony.[14]  Because plaintiff's testimony relating to Hewett were not available until well after the Court's March 1, 2010 deadline for the submission of defense expert reports, plaintiff's argument must fail.[15]

## II.     Plaintiff is not Prejudiced by the Addendum

Plaintiff asserts that she is unfairly prejudiced by the Addendum because it was "not disclosed to Plaintiff until Dr. Ginevan's deposition was under-way."[16]  Once again, plaintiff fails to mention that her counsel did not notice Ginevan's deposition until April 9, 2010.[17]  The Addendum was provided to plaintiff on April 13, 2010 at the very beginning of Ginevan's

---

[9] Rec. Doc. 13332 at p. 2.
[10] Rec. Doc. 13332 at p. 2.
[11] *See* Notice of Deposition dated February 23, 2010, attached hereto as Exhibit "A."
[12] *See* email from Professional Shorthand Reporters, Inc. sending digital transcript, dated March 15, 2010, attached hereto as Exhibit "B."
[13] Selected pages of the "rough" deposition transcript of Michael Ginevan, Ph.D., dated April 13, 2010, are attached hereto as Exhibit "C."  *See* Ex. C at pp. 32-33.
[14] Fed. R. Civ. Proc. 26(a)(3) (emphasis added).
[15] It should be noted that plaintiff lists the deadline for submission of all defense expert reports as February 24, 2010 (Rec. Doc. 13332 at p. 2), rather than the actual deadline of March 1, 2010.  *See* Trial Scheduling Order dated December 23, 2009 (Rec. Doc. 9471).
[16] Rec. Doc. 13332 at p. 2.
[17] *See* Notice of Deposition, dated April 9, 2010, attached hereto as Exhibit "D."

deposition.[18]  Plaintiff's counsel extensively questioned Ginevan about the contents of the Addendum.[19]  As such, plaintiff can show no prejudice with regard to the Addendum and/or Ginevan's related testimony.

## CONCLUSION

For the foregoing reasons, Recreation By Design, LLC, respectfully requests that the Court deny Plaintiff's Motion to Strike the Addendum to Michael Ginevan's, Ph.D. Expert Report and allow the supplementation to his report.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
**GARRISON, YOUNT, FORTE**
**& MULCAHY, LLC**
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

---

[18] *See* Ex. C at pp. 8-9.
[19] *See* Ex. C at pp. 8-23.

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                                    */s/ Randall C. Mulcahy*
                                             RANDALL C. MULCAHY, Bar No. 26436