## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873<br><br>SECTION "N" (5) |
| THIS DOCUMENT IS RELATED TO: 09-3251<br>Earline Castanel, et al. vs. Recreation by Design, LLC and Shaw Environmental, Inc. | * * * | JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### NOTICE OF ORAL DEPOSITION OF DR. MICHAEL GINEVAN, PH.D.

| | |
|---|---|
| **TO:** **Recreation by Design, LLC**<br>Through its respective counsel,<br>Lyon H. Garrison, Esq.<br>Randall C. Mulcahy, Esq.<br>Darrin L. Forte, Esq.<br>Kelly M. Morton, Esq.<br>Scott P. Yount, Esq.<br>Garrison, Yount, Forte & Mulcahy, LLC<br>909 Poydras Street, Suite 1800<br>New Orleans, Louisiana 70112 | **TO:** **Shaw Environmental, Inc.**<br>Through its respective counsel,<br>M. David Kurtz, Esq.<br>Karen K. Whitfield, Esq.<br>Baker, Donelson, Bearman,<br>Caldwell & Berkowitz, PC<br>201 St. Charles Avenue, Suite 3600<br>New Orleans, Louisiana 70170 |

PLEASE TAKE NOTICE that Plaintiff, Earline Castanel, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure, will take the deposition of **DR. MICHAEL GINEVAN, PH.D.** concerning the matters as set forth on Exhibit A attached hereto.

This deposition will take place on **Tuesday, April 13, 2010, commencing at 9:00A.M. EDT at Executive Court Reporters, Inc., 1320 Fenwick Lane, Suite 100, Silver Spring, MD 20910-3570; (301) 565-0064** or as otherwise agreed upon. The deposition will continue from day to day thereafter, weekends and holidays excluded, until complete. You are invited to attend and examine the witnesses if you so desire.

**EXHIBIT D**

The deposition will be taken before a Notary Public or some other officer authorized to administer oaths under the law. The deposition will be recorded stenographically. The stenographic recording and video recording will be taken before a certified court reporter and/or representative associated with Professional Shorthand Reporters, 601 Poydras Street, Suite 1615, New Orleans, Louisiana 70130; (504) 529-5255. The deposition is being taken for the purposes of discovery, for use at trial, or for all other purposes as are permitted under the Federal Rule of Civil Procedure.

In connection with and pursuant to the Federal Rules of Civil Procedure, the deponent is requested to designate and produce for inspection and copying documents responsive to this Notice seven (7) business days prior to the deposition as identified on Exhibit "B". These documents will be produced to Lambert & Nelson, PLC at 701 Magazine Street, New Orleans, LA 70130 and a copy will also be provided to counsel for Plaintiff designated to take this deposition.

## DEFINITIONS

1. **"You"** and its various forms such as "your" and "yourself" shall mean the individual subject to this deposition notice and request for production of documents and all related entities and subsidiaries and all present and former agents, employers, employees, representatives, attorneys, custodian of records, and all other persons acting on behalf of such person, including but not limited to, deponent, and all other persons acting on behalf of deponent.

2. **"Documents"** shall mean or refer to all written or graphic matter of every kind of description, however, produced or reproduced, whether draft or final, original or reproduction, and all tangible things within the scope of Federal Rule of Civil Procedure 30(b)(6), specifically including, but not limited to: writings, graphs, charts, photographs, satellite and/or radar imagery, telephone records, data compilations (from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), letters, correspondence, e-mail communications, memoranda, minutes, notes, contracts, agreements, books, diaries, time sheets, laboratory books, logs, bulletins, circular, notices, rules, regulations, prospects, directions, teletype messages, inter-office communications, intra-office communications, reports, company worksheets, credit files, evidence of indebtedness, negotiable instruments, telegrams, mailgrams, books, news releases, newspapers, magazines, advertisements, periodicals, pamphlets, sketches, drawings, statements, reports, articles of incorporation, by-laws, directives, minutes of meetings, balance sheets, income and loss statements, profit and loss statements, inventories, operating budgets, accounting worksheets, financial accounts, bills, vouchers, bank checks, proposals, offers, orders, acknowledgments, receipts, invoices, checks, working papers, telephone messages (whether written or recorded), notebooks, post cards, evaluations, recommendations, annual reports, confirmations, leases, analyses, feasibility or market studies, disbursement requests or orders, charts, graphs, indices, projections, forms, data sheets, data processing discs, or readable computer-produced interpretations thereof, booklets, articles, manuals, speeches, stenographic notes, maps, studies, tests, surveys, cables, tape and disc recordings (both audio and video), blueprints, containers, cartons, package labels, slides, audit reports, tender offers or invitations, personal interviews, and summaries, abstracts, compilations or paraphrases of any of the foregoing, or material similar to any of the foregoing, however denominated, which are in the possession, custody or control of the party upon whom this subpoena and/or request for production of documents is served or to which said party can obtain access. The subpoena and/or request for production of documents calls for originals, unless otherwise specified, and for all copies when originals are not available. If a document has been prepared in several copies, or additional copies have been made and the copies are not identified (or by reason of subsequent modification of the copy by additions or notations, or other modifications, are no longer identical), each non-identical copy is a separate "document."

3. With respect to the production of any documents which are claimed to be privileged, a statement shall be provided by the attorneys for the respondent setting forth as to each such documents (and, where applicable, each attachment thereto):

    a. the name of the sender, if any, of the documents;
    b. the name of the author of the document;
    c. the name of the person, if any, to whom the document and copies were sent;
    d. the date of the document;
    e. the date on which the document was received by those having possession of the document;
    f. a description of the nature and the subject matter of the document;
    g. the statute, rule or decision which is claimed to give rise to the privilege;
    h. the last-known custodian of the document and the present location of the document;
    i. attachments to the document;
    j. the number of pages comprising the document;
    k. whether the document is handwritten, typewritten or otherwise prepared; and
    l. any other information which is useful in identifying or is necessary to identify the document.

4. Whenever appropriate, the singular form of the word shall be interpreted in the plural and vice versa.

5. All words and phrases shall be construed as masculine, feminine, or neutral gender according to the context.

6. **"And"** as well as **"or"** shall be construed either disjunctively as necessary to bring within the scope of the subpoena and/or request for production of documents any matters which might otherwise be construed to be outside of the scope of the subpoena and/or request for production of documents.

7. **"Identify"** with regard to a natural person, means to provide the name, last known address, last known telephone number; whether ever employed by you, and if so, dates of employment, descriptions and/ or title of each position held, and the reasons for termination; and, current employer and/or last known employer and position held.

> **"Identify,"** *with regard to a corporation*, means to provide the name of the entity along with its primary business address and telephone number.
>
> **"Identify,"** *with regard to documents or other inanimate objects*, means to provide the date, author, address, number of pages, subject matter, custodian of the document, and location of the document.

8. **"Describe"** or **"Specify"** means the following:

    a. to offer a detailed description of the thing sought including where appropriate, to identify the thing;

    b. to set forth the matter which you are asked to "describe" or "specify", and do so fully in detail, by reference to underlying facts rather than reference to ultimate facts or conclusion of fact and law;

    c. to state particulars as to (i) time and (ii) place;

    d. "Identify" the "person" participating, present or involved at any time; and

    e. to set forth all facts necessary to a complete understanding of the "fact", process, or thing in questions.

9. **"Relate," "Relating," "Related To," or "Regarding"** as to any given subject means anything that constitutes, contains, embodies, identifies, deals with, or is in any manner whatsoever pertinent to that subject, including by not limited to records concerning the preparation of other records.

10. **"FEMA"** means the Federal Emergency Management Agency and includes the Department of Homeland Security and any governmental or other related agency.

11. **"EHU"** means Emergency Housing Units and is defined as travel trailers, mobile homes, park homes or any similar type of housing provided by FEMA.

12. **"Formaldehyde"** means formaldehyde and/or all formaldehyde based resins.

13. **"Governmental Agency"** means any local, state, or federal governmental agency, members of the U.S. Congress or state legislatures or their staff, congressional or legislative committee members or their staff, and/or members of the Executive Branch of government.

**THIS DEPOSITION IS <u>NOT</u> FOR RECORDS ONLY.**

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com


      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically mailed the foregoing Notice of Deposition upon all counsel of record.

                                                                     /s/Linda J. Nelson
                                                                     LINDA J. NELSON, (LA Bar #9938)

## **EXHIBIT A**

1. Identify and describe any and all objects, including travel trailers that are the subject of this litigation, or components, parts and items related thereto which you have inspected, viewed, photographed, tested, or analyzed in connection with this litigation.

2. Identify and describe any and all sampling data, test data, field notes, photographs, databases, videotapes, memoranda or other writings reviewed and/or performed and/or prepared by you pursuant to your employment in this case.

3. Identify and describe any and all photographs and videotapes viewed and/or taken by or for you in connection with this case.

4. Identify and describe any and all statements, written or recorded, which you have examined in connection with this case.

5. Identify and describe any and all standards published by any governmental body or agency or those of any other recognized authority reviewed by or referred to by you in formulating your opinions in connection with this case.

6. Identify and describe any and all articles, seminar materials or other writings authored or co-authored by you, giving the name of the article, the date and the name of the publication in which each appeared.

7. Identify and describe any and all speeches or presentations given by you, including the date and location, and identifying the group, agency and/or organization you presented to or spoke to.

8. Identify and describe any and all published articles or studies or writings of any kind which you have reviewed and/or on which you have relied in formulating your opinions in this case.

9. Identify and describe any and all cases in which you have provided to the Court or to counsel, an expert disclosure or expert report, or in which you have given a deposition or testified in Court, identifying each case by jurisdiction in which filed, case number, and identifying the party and attorney for whom you acted as an expert witness.

10. Identify and describe any and all reports, and drafts thereof, prepared by you in connection with the present lawsuit.

11. Identify and describe any and all memoranda, notes, graphs, charts, illustrations or writings of any kind reviewed by you and/or prepared by you in connection with this matter.

12. Identify and describe any and all government publications that you have reviewed in formulating your opinion in connection with this case.

13. Identify and describe any and all office records indicating time spent on your undertaking and hourly charges therefore in connection with this case.

14. Identify and describe any and all reports of other experts which you have read in formulating any opinions in connection with this case.

15. Identify and describe any and all published monographs, treatises, manuals, textbooks, or other documents used as a reference by you in connection with this case.

16. Identify and describe any and all correspondence exchanged between you and the defendant, and/or any representative of the defendant, including counsel in this case.

17. Identify and describe any and all correspondence written by you or received from others with whom you have consulted in connection with this case.

18. Identify and describe any and all memoranda you reviewed which was prepared by the attorney engaging you and/or an investigator, paralegal or adjuster in connection with this case.

19. Identify and describe any and all statements of the amount of money you have grossed on litigation matters, either yourself or from any company in which you are a principal.

20. Identify and describe any and all cases in which you have been deposed and/or given trial testimony for the past five years.

21. Identify and describe any and all incidences where your testimony and/or qualifications have been challenged, including, but not limited to, Daubert challenges or challenges of any kind.

22. Identify and describe your resume and/or curriculum vitae.

23. Identify and describe any and all materials you have provided to Defendant's attorney regarding your opinion in this case.

24. Identify and describe any and all data, medical records, profiles, plaintiff fact sheets, or any other information you received relative to Plaintiff, Earline Castanel.

25. Identify and describe any and all medical, scientific, or technical studies (whether animal or human studies), journals, articles, or reports regarding symptoms and physical or mental conditions which are allegedly associated with exposure to formaldehyde which you have reviewed in formulating your opinions in this case.

26. Identify and describe any and all medical, scientific, or technical studies, articles, or reports relating to indoor air quality in homes and/or in travel trailers, including, but not limited to, studies concerning the presence of formaldehyde, which you have reviewed in formulating your opinions in this case.

27. Identify and describe any and all medical, scientific, or technical studies, articles, or reports relating to indoor air quality of site built housing or commercial buildings, including, but not limited, to the presence of formaldehyde, which you have reviewed in formulating your opinions in this case.

28. Identify and describe any and all documents, supporting data, and electronically stored information relating to any testing or statistical sampling of the EHUs which are the subject of this action that were done by any defendant, any government agency, health agency, consumer group, other expert witness for the defendants, or other person or entity which you have reviewed in connection with this case.

29. Identify and describe any and all documents, electronically stored information, scientific, or technical studies, journals, articles, or reports relating to testing of travel trailers that was performed by any of the parties, any government agency, health agency, consumer group, other expert witness for the defendants in this action, or other person or entity, which you have reviewed in connection with this case.

30. Identify and describe any and all documents, electronically stored information, scientific or technical studies, journals or articles relating to the proper scientific methods for measuring any individual plaintiff's level of exposure to formaldehyde in any EHU which you have reviewed in connection with this case.

31. Identify and describe any and all other documents or writings of any kind or descriptions which you have referred to in your report or reviewed in connection with this case.

32. Identify and describe your entire file with regard to this case, whether kept in hard-copy or electronically, including, but not limited to: all notes, reports, correspondence, test protocols, test results, field notes, medical records, standards, regulations, photographs, diagrams, videotapes, computer modeling, and materials received from defendant or defendant's counsel or from any source which is related to this matter.

## EXHIBIT B

1. Any and all documents relative to items set forth in Paragraphs 1-32 of Exhibit A.