**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | * | **MDL NO. 1873** |
| | * | **SECTION "N-5"** |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAG. JUDGE CHASEZ** |
| **THIS DOCUMENT RELATES TO:** ***EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC., and UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY*, NO. 09-3251** | * | |

******************************************************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO CERTAIN INCIDENTS RELATING TO DR. MILLER**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes defendant Recreation By Design, LLC ("RBD"), who offers the following memorandum in opposition to Plaintiff's *Motion in Limine* to Exclude Certain Incidents Relating to Dr. Miller.

## I. FACTUAL BACKGROUND

Plaintiff retained Dr. Lawrence Miller to render the sole specific causation opinion in this bellwether matter. After conducting a perfunctory examination of the Plaintiff, reviewing her medical records from several treating physicians, and reviewing limited materials regarding formaldehyde exposure, Dr. Miller opined that Plaintiff suffered an exacerbation of rhinosinusitis and developed a fear of cancer[1] as a result of her alleged exposure to formaldehyde while residing in her FEMA travel trailer. Plaintiff contends that Dr. Miller will "present evidence at trial relating to...the levels of formaldehyde to which Ms. Castanel was exposed".[2] However, note that at the time Dr. Miller rendered his opinions in the Castanel matter, he was not aware of the tested levels of formaldehyde in the Castanel unit.[3]

## II. LAW AND ARGUMENT

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "All relevant evidence is admissible...".[4] "Although relevant, evidence may be excluded if it probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[5]

---

[1]Miller depo. at 40:19-24 and 41:1-16, excerpts attached as Ex. A.

[2]See. R. Doc. 13330-1, pg. 1.

[3]Miller depo. at:90:12-24, excerpts attached as Ex. A.

[4]Federal Rule of Evidence 402.

[5]Federal Rule of Evidence 403.

Plaintiff has requested that this Court excluded all references to (1) an unpublished research article authored by Dr. Miller and (2) Dr. Miller being disqualified as an expert witness in a prior matter. Plaintiff asserts that the unpublished research article and the exclusion of Dr. Miller's expert testimony are not relevant to the Castanel matter and that the mere mention of same would be unduly prejudicial. RBD asserts that both the article authored by Dr. Miller and his exclusion as an expert in a matter similar to the case at hand are relevant and in no manner unduly prejudicial.

**i. Dr. Miller's Prior Exclusion as an Expert Witness and His Unpublished Publication are Relevant.**

Dr. Miller was previously excluded as an expert witness in the matter of *Christophersen v. Allied-Signal Corp.,* 939 F.2d 1106 (5th Cir. 1991). Plaintiff asserts that because the *Christophersen* and Castanel cases involve entirely different chemicals and entirely different diseases, the fact that Dr. Miller was excluded from providing expert testimony would have neither a positive or negative impact on the resolution of any of the fact issues in the Castanel matter.[6] Plaintiff's analysis of this issue is too narrow. There are circumstances where the prior disqualification or the criticism of the expert's methodology could indeed be relevant to the expert's opinion in another case and be admissible. Further, when the inquiry is limited to the disqualification and the reasons for the expert's disqualification, there is no danger of confusing the jury with facts, opinions, technologies, product details, or scientific principles from the previous case in which the expert was disqualified. Limiting the scope of inquiry also negates the likelihood that judicial time and resources will be wasted.

RBD asserts a close reading of the *Christophersen* opinion reveals that it and the Castanel

[6] See R. Doc. 13330-1, at pg. 3.

matter are quite similar. In *Christophersen,* as in this matter, Dr. Miller was retained by the plaintiff to render an opinion regarding whether exposure to particular chemicals caused a former employee of the defendant to develop an illness. After concluding that Dr. Miller relied largely on data given to him and that he did not always rely upon available accurate data, the court concluded that Dr. Miller's testimony did not meet the requirements of Fed. R. E. 703.[7]

RBD's objections to Dr. Miller's testimony in the Castanel matter echo in part the issues raised by the *Christophersen* court regarding his testimony.[8] Specifically, RBD asserts in part that the "facts and data" relied on by Dr. Miller lack the necessary requisites of Rules 702 and 703. Briefly, Dr. Miller did not know the level of formaldehyde in the Castanel unit and he relied on what he described as "different information" obtained in a medical history in forming his opinion.[9]

At the very least, the *Christophersen* opinion is relevant to the extent that it establishes a pattern regarding Dr. Miller's credibility as an expert. It is well settled that "credibility and weight of expert testimony is the function of the jury."[10] As a final note, RBD refers this Court to the *voir dire* of Dr. Miller in the Forest River bellwether matter wherein, after confirming that the last action taken by Fifth Circuit in the *Christophersen* was rejection of Dr. Miller as an expert, counsel for Forest River was allowed to question Dr. Miller regarding same.[11] This Court has obviously already

---

[7]Plaintiff points out on pg. 2 of her memo that Dr. Miller's testimony was excluded under the now-abrogated *Frye* rule. However, RBD brings to the Court's attention that the *Christophersen* Court expressly found that "Dr. Miller's testimony failed to clear either the Rule 703 or the *Frye* hurdle..." *Id.* at 1117.

[8]RBD has filed a Motion for a *Daubert* Hearing regarding the admissibility of Dr. Miller's testimony and incorporates those arguments herein.

[9]Miller depo. at 90:12-24 and 103:6-11, excerpts attached as Ex. A.

[10]*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505.

[11]*Wright v. Forest River, et al*, Daily Copy Transcript, March 19, 2010 at 1467:1-25, 1468:1-25 and 1469:1-17, excerpts attached as Ex. B.

addressed the relevance of the *Christophersen* matter in the MDL, and RBD respectfully requests that the Court adopt this ruling in the *Castanel* bellwether trial.

As illustrated above, *Christophersen* is in fact relevant to the Castanel matter. The deficiencies noted by the *Christophersen* court mirror RBD's objections to Dr. Miller' testimony in the Castanel matter. Additionally, *Christophersen* is also relevant as it impacts Miller's credibility as expert witness. Because credibility is an issue for the jury, to exclude references to Dr. Miller's disqualification as an expert in *Christophersen* would essentially hinder the ability of the jury to make an informed decision regarding Dr. Miller's credibility as an expert witness.

For the same reasons that the *Christophersen* matter is relevant, RBD avers that references to Dr. Miller's unpublished paper is also relevant. This Court allowed the jury in the Forest River bellwether trial to hear testimony regarding Dr. Miller's unpublished paper during Dr. Miller's *voir dire,* therefore, the Court has already addressed the relevance of references to Dr. Miller's unpublished paper.[12] RBD respectfully requests that the Court adopt the same ruling in the *Castanel* bellwether trial. Moreover, as this Court is also aware, Dr. Miller's unpublished paper was not published because a Harvard Faculty Committee concluded that the data in Dr. Miller's paper was not properly authenticated.[13] Again, RBD objects in part to Dr. Miller's testimony in the Castanel matter because it asserts that the "facts and data" relied on by Dr. Miller lack the necessary requisites called for in Rules 702 and 703. Lastly, Dr. Miller's "unpublished article" is further evidence regarding Dr. Miller's credibility as an expert.

---

[12] *Wright v. Forest River, et al*, Daily Copy Transcript, March 19, 2010 at 1469:21-25, 1470:1-25. 1471:1-25, 1472:1-25, 1473:1-22, excerpts attached as Ex. B.

[13] *Id.*

For the reasons listed above, RBD contends that references to the Dr. Miller's exclusion as an expert in the *Christophersen* matter and Dr. Miller's unpublished paper are relevant evidence under Fed. R. E. 401 and are therefore admissible under Fed. R. E. 402.

**I. Dr. Miller's Prior Exclusion as an Expert Witness and His Unpublished Publication are not Unduly Prejudicial.**

Plaintiff also makes the blanket statement that the "only conceivable purpose for injecting *Christophersen* and Dr. Miller's unpublished paper into the present litigation would be to unfairly discredit Dr. Miller and unduly prejudice the jury against Ms. Castanel.[14] Plaintiff provides absolutely no explanation as to how such references would prejudice her nor does she offer any additional support for this statement, most likely because there exist no such support.

RBD refers this Court to the entirety of the *Fields* Court's examination of Fed. R. 403. The Court stated:

> The governing law and our limited standard of review bear emphasis. *Federal Rule of Evidence 403* provides that "evidence may be excluded if its probative value if substantially outweighed by the danger of unfair prejudice." One purpose of *Rule 403* is to prevent evidence from "inducing decision on a purely emotional basis." *Fed. R. Evid. 403* (Advisory Committee Notes). However, to warrant exclusion, the danger of unfair prejudice-on this ground or any other-must *substantially* outweigh the probative value of the evidence. Accordingly, we have recognized that *Rule 403's* scope is narrow. "[T]he application of *Rule 403* must be cautious and sparing. Its major function is limited for the sake of its prejudicial effect. *United States v. Pace,* 10 F.3d 1106, 1116 (5th Cir. 1993).

Plaintiff has made no showing that references to the *Christophersen* matter and Dr. Miller's unpublished paper, would be so prejudicial that it outweighs the probative value of the jury having access to same when assessing Dr. Miller's credibility. Plaintiff has not made such a showing, RBD,

[14] See R. Doc. 13330-1 at pg. 4.

therefore, maintains that references to the *Christophersen* matter and Dr. Miller's unpublished paper are not unduly prejudicial.

## II. CONCLUSION

For the foregoing reasons, RBD respectfully requests that the Court deny Plaintiff's Motion to Exclude References to Certain Incidents Relating to Dr. Miller,

Respectfully submitted,

***/s/ Lyon H. Garrison***

LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

***/s/ Lyon H. Garrison***

LYON H. GARRISON, Bar No. 19591