UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE PRODUCTS | * | |
|      LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel, et. al. v Recreation by Design, LLC, et. al* | * | |
| Docket No. 09-3251 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE AND/OR TESTIMONY
REGARDING SURGERY-RELATED CLAIMS**

Plaintiff Earline Castanel responds to Defendant's Motion *in limine t*o exclude evidence and/or testimony regarding surgery-related claims; and, in support would show:

**I.
EVIDENCE**

Exhibit A    Excerpts from the deposition of Earline Castanel

Exhibit B    Excerpts from the deposition of Dr. Joseph Gautreaux

Exhibit C    Affidavit of Dr. Lawrence Miller

Exhibit D    Operative report

1

## II.
## FACTUAL BACKGROUND

Plaintiff Earline Castanel has asserted claims against Recreation By Design, LLC, under the Louisiana Products Liability Act ("LPLA"). *See* Plaintiff's Complaint for Damages, R. Doc. 1, Docket No. 09-3251, P. 25. Specifically, Ms. Castanel claims that the Recreation By Design trailer she occupied from February, 2006, until March, 2007, due to its construction, composition, design, and lack of warnings, exposed her to dangerous levels of formaldehyde. *See* Plaintiff's First Supplemental and Amended Complaint, R. Doc. 9401, p. 3.

During her residence in the RBD trailer, Ms. Castanel suffered from sinus difficulties and other symptoms related to formaldehyde exposure. See Exhibit A, p. 89. After moving out of the trailer, her sinus condition continued to degenerate. *See* Exhibit A, pp. 122-23, 162-63, Exhibit B, p. 63; Exhibit C, p. 6. On March 31, 2010, Dr. Joseph Gautreaux, her treating physician, performed sinus surgery as a result of her progressing sinusitis. *See* Exhibit D.

Dr. Gautreaux was deposed on January 20, 2010. *See* Exhibit B. During the deposition, he noted that Ms. Castanel exhibited "some progression in the disease (rhinosinusitis)," and discussed the possibility that Ms. Castanel might require surgery. *See* Exhibit B, pp. 63, 75-76. He, in fact, described the impending surgery in great detail. *See* Exhibit B, pp. 90-93.

Dr. Gautreaux has treated Ms. Castanel's sinusitis since 2002. *See* Exhibit B. pp.12, 95. He is board certified in ear, nose and throat surgery. *See* Exhibit B, p.9. Counsel for Plaintiff has neither retained him as an expert witness, nor exert any control over his course of treatment for Ms. Castanel.

Defendant now seeks to exclude any surgery-related claims, as well as evidence and testimony relating to them. No valid reason exists, however, to grant Defendant's motion *in limine*.

**III.**
**ARGUMENT AND AUTHORITIES**

A. <u>Defendant's motion to exclude surgery-related claims should be denied because its argument mistakes damages for injury.</u>

Defendant erroneously claims that Plaintiff must prove the general and specific causation of Ms. Castanel's sinus surgery. Defendant's argument fails, however, because general and specific causation applies to an "injury" as a result of an incident, whereas Ms. Castanel's surgery is an element of damages.

"In a personal injury suit, plaintiff bears the burden of proving a causal relationship between the *injury* sustained and the accident which caused the injury." <u>Maranto v. Goodyear Tire & Rubber Co.</u>, 650 So.2d 757, 759 (La. 1995) (emphasis added). In Ms. Castanel's case, her injury is exacerbation of her sinusitis. *See* Exhibit C, p. 6. Because her injury resulted from a toxic exposure, Ms. Castanel must therefore prove both general and specific causation of the exacerbation of her sinusitis.[1]

Ms. Castanel's surgery, however, is an element of damages. *See* <u>Alexander v. Derouen</u>, 540 So.2d 591, 593 (La.App. 5 Cir. 1989). To prove up the surgery as damages, Ms. Castanel must prove only that the treatment was more probably than not necessitated by the injury. <u>Fontenot v. Duplechine</u>, 891 So.2d 41, 47 (La.App. 3rd Cir. 2004). Ms. Castanel's burden is therefore to prove that her sinus surgery was more probably than not necessitated by the exacerbation of her sinusitis. *See* <u>Id.</u>

Dr. Gautreaux testified that his treatment of Ms. Castanel was related to her ongoing sinusitis. *See* Exhibit B, p. 95. Sinusitis is listed as both a pre-operative and post-operative diagnosis on the surgery's operative report. *See* Exhibit D, p. 1. It is indisputable that Ms.

---

[1] As addressed more fully in previous responses, Plaintiff has carried her burden to prove both general and specific causation as to Ms. Castanel's sinusitis.

3

Castanel's surgery was performed as a treatment for her sinusitis. *See* Exhibit B, p. 95; Exhibit D, p.1. Ms. Castanel has therefore satisfied her burden of proof for surgery as an element of damages; she need not prove general or specific causation as it relates to her surgery. *See* Id. The basic premise of Defendant's argument thus fails, and its motion should therefore be denied. *See* Id.

 B. Evidence of damages is relevant and admissible.

  Relevance is the essential prerequisite of admissibility under Rule 402 of the Federal Rules of Evidence. U.S. v. Hall, 653 F.2d 1002, 1005 (5th Cir. 1981). Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Id. Because Ms. Castanel's surgery, its resulting pain and suffering, and any related economic loss she encountered are elements of her damages, evidence concerning them are admissible. *See* Alexander v. Derouen, 540 So.2d 591, 593 (La.App. 5 Cir. 1989). Defendant's request to exclude evidence and testimony relating to her surgery must therefore be denied. *See* Id.

### IV.
### CONCLUSION

  Ms. Castanel has satisfied her burden of proving that her sinus surgery was necessitated by the injury at issue. Scientific proof of general and specific causation has no relevance to this surgical element of her damages. Since evidence of damages is both relevant and admissible, Defendant's motion to exclude such evidence must be denied.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com


        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on  April 23, 2010 , I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier
                                                GERALD E. MEUNIER, #9471