**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel, et. al. v Recreation by Design, LLC, et. al* | * | |
| Docket No. 09-3251 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION**
**TO EXCLUDE THE TESTIMONY OF DR. RONALD FRENCH**

Plaintiff Earline Castanel files this memorandum in support of its motion to exclude the testimony of Dr. Ronald French; and, in support would show:

**I.**
**EVIDENCE**

Exhibit A        Excerpts from the deposition of Dr. Ronald French

Exhibit B        Report of Ronald J. French M.D.

**II.**
**FACTUAL BACKGROUND**

Plaintiff Earline Castanel has asserted claims against Recreation By Design, LLC, under the Louisiana Products Liability Act ("LPLA"). *See* Plaintiff's Complaint for Damages, R. Doc. 1, Docket No. 09-3251, P. 25.  Specifically, Ms. Castanel claims that the Recreation By Design trailer she occupied from February, 2006, until March, 2007, due to its construction,

1

composition, design, and lack of warnings, exposed her to dangerous levels of formaldehyde. *See* Plaintiff's First Supplemental and Amended Complaint, R. Doc. 9401, pp. 2-3.

Defendant has designated Dr. Ronald French as an expert witness. *See* RBD's Designation of Expert Witnesses, Rec. Doc. 12007.   Dr. French holds an M.D. degree, and has practiced in the area of otolaryngology (ear, nose and throat). *See* Exhibit B, p. 1.  He is neither a toxicologist nor an occupational physician. *See* Exhibit A., p. 27.  He has never conducted scientific research or published any scientific studies. *See* Exhibit A, p. 47.  He has no specialized knowledge or experience with chemical or environmental exposures. *See* Exhibit A, pp. 26, 47.  The only scientific literature he reviewed on formaldehyde was provided by defense counsel. *See* Exhibit A, p. 7.  Yet, after one examination of Ms. Castanel for the purpose of testifying in her case, he unreliabley opined that Ms. Castanel's respiratory problems were not related to any exposures in her RBD trailer. *See* B, p. 2

Dr. French has discussed an informal anecdotal survey he conducted of some of his fellow M.D.'s. *See* Exhibit A, pp. 39-43.  The survey included the opinions of fellow M.D.'s as to whether their patients suffered had more respiratory infections before or after Katrina. *See* Exhibit A, pp. 40-41. The survey was not peer-reviewed, or based on any recognizable scientific methodology. *See* Exhibit A, p. 41.

The testimony of Dr. French should be excluded because he is totally unqualified to render a causation opinion in Ms. Castanel's case.  He is further unqualified to conduct scientific research.  His study was not based on any reliable scientific methodology, and his methodology lacks every *Daubert* indicia of reliability.  Unquestionably, the probative value of Dr. French's testimony is far outweighed by the danger of unfair prejudice.   The testimony of Dr. French should therefore be excluded at trial.

# III.
## ARGUMENT AND AUTHORITIES

A. <u>Dr. French's testimony should be excluded because he does not qualify as an expert for the opinions he renders.</u>

Rule 702 of the Federal Rules of Evidence provides that a witness qualifies as an expert based on his "knowledge, skill, experience, training, or education. . ." Fed.R.Evid. 702;  <u>U.S. v. Hicks,</u> 389 F.3d 514, 524 (5th cir. 2004).  A witness does not become qualified to provide expert scientific evidence merely by virtue of possessing a medical degree. <u>Flores v. Johnson</u>, 210 F.3d 456, 464 (5th Cir. 2000). "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." <u>Huss v. Gayden</u>, 571 F.3d 442, 452 (5th Cir. 2009).

Despite his medical degree, Dr. French is not qualified in the areas in which he seeks to render opinions in Ms. Castanel's case.  Dr. French offers opinion as to the causation of Ms. Castanel's injury. *See* B, p. 2.  Such opinion must necessarily be founded on a reliable general causation opinion concerning formaldehyde. *See* <u>Knight v. Kirby Inland Marine Inc.</u>, 482 F.3d 347, 351-52 (5th Cir. 2007).  Dr. French, however, has no knowledge or expertise concerning the general causation issues in this case.

Dr. French admitted that he has no expertise with respect to formaldehyde. *See* Exhibit A, pp. 6, 32.  Other than articles provided him by defense counsel, he has never reviewed any scientific literature related to formaldehyde. *See* Exhibit A, p. 6. He is neither a toxicologist nor an occupational physician. *See* Exhibit A., p. 27. He has no specialized knowledge or experience with chemical or environmental exposures. *See* Exhibit A, pp. 26, 47.  He has never conducted research or published any scientific studies. *See* Exhibit A, p. 47.   Clearly, Dr. French fails to

possess any knowledge, skill, experience, training, or education that would qualify him as to an expert capable of rendering an opinion on the causation of Ms. Castanel's injury. *See* <u>Hicks,</u> 389 F.3d at 524.  The Court should therefore exclude the testimony of Dr. French. *See* <u>Huss,</u> 571 F.3d at 452.

    B.  <u>Dr. French's testimony should be excluded because his survey is not grounded in the methods and procedures of science.</u>

When evaluating the reliability of an expert's opinion, the trial judge must initially determine "whether the reasoning or methodology underlying the testimony is scientifically valid. . . ." *See* <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.,</u> 509 U.S. 579, 592-93 (1993).,  Scientific validity implies that the expert's opinion is grounded in the methods and procedures of science. <u>Id.</u> at 590.  The survey conducted by Dr. French in no way comports with the methods and procedures of science.  Dr. French's testimony should therefore be excluded. *See* <u>Id.</u>

*Daubert* listed several criteria for assessing the reliability of scientific evidence: (1) whether the technique in question has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the error rate of the technique; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the technique has been generally accepted in the scientific community. <u>Hicks,</u> 389 F.3d at 525.  Dr. French's survey satisfies none of these criteria. *See* <u>Id.</u>

Dr. French's survey was conducted by questioning fellow physicians "casually over lunch in the doctors' dining room and other places." *See* Exhibit A, p. 43.  The doctors discussed their thoughts and feelings concerning the rate of respiratory illnesses they treated before and after Katrina. *See* Exhibit A, pp. 41. No records were kept of the doctors who contributed their opinions. *See* Exhibit A, p. 42.   No data was recorded, and in fact, nothing was put in writing.

*See* Exhibit A, p. 41.  Dr. French's conclusions from the survey were never circulated, and never peer-reviewed. *See* Exhibit A, p. 41.  Dr. French himself admitted that his survey would never be accepted for publication in any scientific journal. *See* Exhibit A, p. 50.  The survey's methodology can in no way be recognized as scientific.  Dr. French's testimony and opinions concerning the survey should therefore be excluded. *See* <u>Daubert</u>, 509 U.S. at 592-93.

    C.  <u>Dr. French's testimony concerning Ms. Castanel's fear of cancer should be excluded.</u>

        Dr. French's testimony addressing Ms. Castanel's fear of cancer should be excluded because he is not qualified to testify on her psychological condition, and his opinion does not have a rational basis.  Dr. French is neither a psychologist nor a psychiatrist, and has not testified that he has had any psychological training. *See* Exhibit A, pp. 101-02.  He has not sufficiently researched the formaldehyde scientific literature to know whether a possibility that formaldehyde causes cancer exists. *See* <u>Raney v. Walter O. Moss Reg'l Hosp.</u>, 629 So.2d 485, 491 (La.App. 3d Cir.1993) (Proving a fear of cancer claim requires only a showing that there is "any possibility of acquiring (the) disease, no matter how remote.")  Dr. French's testimony as to Ms. Castanel's fear of cancer should therefore be excluded. *See* <u>Daubert,</u> 509 U.S. at 592-93.

## IV.
## CONCLUSION

        Dr. French is not qualified to give the opinions he offers on causation.  The study he conducted in no way comports with scientific methodology.  He has not sufficiently researched the scientific literature on formaldehyde to be able to reliably determine whether Ms. Castanel's fear of cancer is reasonable.  Dr. French's testimony should therefore be excluded.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       MIKAL WATTS, Texas # 20981820
       ROBERT BECNEL
       DENNIS REICH, Texas # 16739600

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on _____April 23, 2010_____, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

<div style="margin-left: 40%;">

<u>s/Gerald E. Meunier</u>
GERALD E. MEUNIER, #9471

</div>