# Exhibit "B"

Ronald J. French M.D.

Summarization of the evaluation of Earline Castanel regarding her claims of sinus disease and other upper respiratory problems resulting from formaldehyde exposure during her occupancy of an F.E.M.A. trailer in 2006-07.

As a medical doctor I have practiced the specialty of Otolaryngology and Head and Neck Surgery(Ear Nose and Throat) in Orleans and Jefferson Parishes of Louisiana since 1970. I was present for the event of Hurricane Katrina, and resumed my medical practice shortly thereafter, and continued same until my partial retirement in 2008.

Significantly, I saw a population of patients with upper respiratory infections and other conditions of this region during the interval of Ms Castanels tenure in the trailer. I saw many patients during this period who were Katrina victims, many of whom who were residing in trailers and other temporary housing.

I have treated many thousands of patients with upper respiratory disease and infections over the last 40 years. I have concluded my patients have exhibited no difference in the rate, frequency or severity of their ENT complaints or infections before or after the Hurricane Katrina and the subsequent flood, nor during the period which followed them.

In particular, I have had no patients who have complained of odors or of the particular odor of formaldehyde, or of any feeling of illness due to same during the post Katrina period. As did not, Ms Castanel, complain of such odors to her own ENT doctor, nor to me at the time of my examination of her. I have found no evidence in my review of Ms Castanel's medical records nor in my examination of her, of any complaints or disease attributable to formaldehyde exposure:

1. At the time of my examination of Ms Castanel I found her to have an acute epidemic viral upper respiratory infection. Other than a wax impaction in one ear, which I removed, I found no evidence of any other acute or chronic conditions or diseases of the upper respiratory tract.
2. My evaluation of her ENT visits both before and after the period of her occupancy of the trailer revealed them similar, with no evidence of chronicity or of increasing severity.

p.4

3. Fluctuations in frequency of visits to the doctor for upper respiratory complaints are likely to be attributable to variations in the frequency of respiratory infections in the community or to a change in the patient's propensity to seek medical help for such conditions.
4. The respiratory complaints for which Ms Castanel sought care were diagnosed as acute infections. Whether of viral or bacterial nature, they resolved with treatment on each occasion. They were attributed to infections and not the result of formaldehyde exposure.
5. The patient did not complain of the very acrid smell of formaldehyde during her time of occupancy of the trailer to her physicians, nor later to me. She did not complain of burning of or tearing of the eyes, although these are reported to result of exposure to formaldehyde, even at very low levels. Notwithstanding Ms Castanels claim to be very sensitive to "strong smells" there is no evidence she exhibited any acute distress attributable to inhaling formaldehyde vapors. Subsequent tests revealed negligible levels of formaldehyde in her specific trailer. The nature of her respiratory illnesses was similar before, during and after the period of trailer occupancy. During the same interval patients seen in my practice, in similar environments, did not complain of exposure to the odor of formaldehyde or to deleterious effects from same.
6. Any episodes of respiratory tract infections after the time of occupancy of the trailer are due to exposure to infectious agents after that period, and are not related to any exposures or conditions during the time she occupied the trailer.
7. I have found no evidence of any upper respiratory tract damage or disease caused by prior exposure to formaldehyde.
8. Endoscopic examination with magnification reveals no chronic changes to the epithelium of the mucous membranes of the upper respiratory tract, nor of the nasopharynx.
9. I find nothing to suggest Ms Castanel needs an operation now or in the futures.
10. Ms Castanel has no rational basis for contracting cancer of the upper respiratory tract as a result of formaldehyde exposure.
11. Any upper respiratory conditions which may be discovered or present after the period of trailer occupancy can not be attributable to the suggested exposures during the period of same.

*Emald J. French, M.D.*
2/20/10

FEE SCHEDULE

Ronald J. French M.D.

February 20, 2010

BASIC RATE					$500/hour

DEPOSITION RATE				$2000

COURT TESTIMONY				$3000

COURT TESTIMONY NON LOCAL		$4000 plus expenses

Ronald J. French M.D.

Invoice for professional services. February 20, 2010

Conference with Lyon Garrison, February 18, 2010   >1 1/2 hours      $1000

Summarization report Earline Castanel                                $1000

*Ronald J. French MD*
2/20/10