UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION "N" (5) JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO *Castanel, et al v. Recreation by Design*, et al, Docket No. 09-3251; | * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE TO RECREATION BY DESIGN, LLC'S MOTION *IN LIMINE* REQUESTING THAT THE COURT ENTER ITS PRIOR RULINGS MADE IN THE *WRIGHT* TRIAL AS TO CERTAIN SIMILAR EVIDENTIARY ISSUES**

Plaintiff, Earline Castanel, ("Ms. Castanel" or "Plaintiff") respectfully submits the following response to Recreation by Design, LLC's ("RBD" or "Defendant") "Motion *in Limine* Requesting that the Court Enter Its Prior Rulings Made in the *Wright* Trial as To Certain Similar Evidentiary Issues Relevant To This Matter," and hereto states:

**INTRODUCTION**

In the *Wright* matter, this Court granted a number of Motions *in Limine* limiting references or expressions deemed irrelevant or potentially prejudicial. Defendant currently seeks to adopt a number of these rulings, and as noted below, Plaintiff expressly stipulates to the rulings described by Defendants in sections III – VII of its motion. *See* Rec. Doc. 13309, p. 2-5. However, with respect to the rulings described in sections I and II, Plaintiff does not stipulate for the reasons cited below.

1

**I.    REFERENCES TO JURORS', OR OTHERS', STATUS AS TAXPAYERS IN CONNECTION WITH FEMA'S USE OF FEDERAL TAX FUNDS IN PURCHASING, DISTRIBUTING, OR STORING FEMA EMERGENCY HOUSING UNITS.**

In *Wright*, the Court prohibited references to individual taxpayer status in connection with FEMA's receipt and use of taxpayer funds to purchase, distribute or store the Emergency Housing Units ("EHUs"). *See* Rec. Doc. 12448. Plaintiff is willing to agree to this limitation so long as Defendant similarly refrains from inquiring into, or referencing, Plaintiff's status as a recipient of taxpayer benefits. Such inquiries or references impute prejudicial connotations to Plaintiff, and can only be properly remedied through similar references to FEMA's usage of taxpayer funds. Permitting such would allow Plaintiff to properly counter prejudicial reference to Plaintiff's receipt of federal benefits. In other words, the need to discuss FEMA's status as a recipient/user of federal tax dollars only arises if Defendant remarks, questions, or references the federal benefits received by Plaintiff.

**II.   REFERENCES TO RESIDENTS OF FEMA EMERGENCY HOUSING UNITS AS "VICTIMS".**

Next, Defendant seeks a blanket prohibition on the word "victim" if the "victim" resided in an EHU. Plaintiff agrees that an EHU resident may not be referred to as a "victim" of the EHU. Plaintiff, however, contends that a blanket prohibition on usage of the word "victim" where such "victim" resided in an EHU is overbroad as Defendants are not prejudiced where the word is applied in other contexts. The removal of this vernacular limitation will reduce unnecessary constraints while preventing references deemed prejudicial by Defendant.

**III.  REFERENCES TO SHORTAGES OR SUBSTITUTION OF CONSTRUCTION MATERIALS.**

Plaintiff does not oppose this limitation as set forth in Rec. Doc. 12448.

**IV.   REFERENCES THAT THE TRAVEL TRAILER INDUSTRY WAS "PLAGUED" WITH FORMALDEHYDE PROBLEMS IN THE 1970S.**

Plaintiff does not oppose this limitation as set forth in Rec. Doc. 12448.

**V.   REFERENCES TO DR. WEDNER'S PRACTICING MEDICINE WITHOUT A MEDICAL LICENSE.**

Plaintiff does not oppose this limitation as set forth in Rec. Doc. 12448.

**VI.   ANY REFERENCES TO BUILDING CODES.**

Plaintiff does not oppose this limitation as set forth in Rec. Doc. 12260.

**VII.   REFERENCES TO THE NOVEMBER 2008 REPORT BY LAWRENCE BERKELEY NATIONAL LABORATORY.**

Plaintiff does not oppose this limitation as set forth in Rec. Doc. 12448.

## CONCLUSION

With respect to Defendant's request to adopt certain rulings from the *Wright* matter, Plaintiff agrees to all rulings discussed by Defendant except those precluding (I) references to FEMA's use of taxpayer funds to purchase, distribute or store EHUs and (II) references to residents of EHUs as "victims". Plaintiff respectfully requests that should Defendant reference Plaintiff's receipt of taxpayer benefits, Plaintiff should be equally permitted to reference FEMA's use of federal funds to purchase, distribute, or store FEMA EHUs. In addition, prohibiting usage of the word "victim" if an individual resided in an EHU is overbroad and can be properly limited to expressions specific to EHUs.

    Respectfully submitted:

    FEMA TRAILER FORMALDEHYDE
    PRODUCT LIABILITY LITIGATION

    BY: s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      PLAINTIFFS' CO-LIAISON COUNSEL
      Gainsburgh, Benjamin, David, Meunier &

3

Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
PLAINTIFFS' CO-LIAISON COUNSEL
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600

CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on April 23, 2010.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471