UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Castanel, et al v. Recreation by Design, et al,* | | * | |
| Docket No. 09-3251; | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO RECREATION BY DESIGN, LLC'S MOTION *IN LIMINE* TO EXCLUDE OR LIMIT THE TESTIMONY OF PLAINTIFF'S EXPERT, PATRICIA WILLIAMS, PH.D., D.A.B.T.**

Plaintiff, Earline Castanel, ("Ms. Castanel" or "Plaintiff") respectfully submits the following response to Recreation by Design, LLC's ("RBD" or "Defendant") "Motion *in Limine* To Exclude or Limit the Testimony of Plaintiff's Expert, Patricia Williams, Ph.D., D.A.B.T.," and hereto states:

**INTRODUCTION**

Defendant attempts to exclude Dr. Williams' expert report by (1) confusing general causation opinions with specific causation opinions Miller; (2) insulting Dr. Williams' by implying that she is a con-artist who authors "sham reports" and engages in manipulative game playing; and (3) disregarding this Court's PreTrial Order No. 24, Rec. Doc. 1002, and generally forgetting the nature of bellwether trials. *See* Rec. Doc. 13300. Although Dr. Williams' opinions should not be excluded because Defendant's attempts are inflammatory mischaracterizations of Dr. Williams' testimony, Plaintiff

agrees that Dr. Williams will not discuss asthma, mold, fungi, or vascular tissue at trial, Dr. Williams' remaining opinions are admissible.

## I.   DR. WILLIAMS' REPORT IS NOT A SHAM

In each FEMA bellwether, Dr. William has only proffered general causation opinions.  In prior bellwether trials, Dr. Williams has been subject to *Daubert* challenges, which have ultimately been overruled by this Court.   Here, instead of asserting a *Daubert* challenge against Dr. Williams, Defendant uses inflammatory language to claim that her report is a "sham" and that she is "playing games" with Defendant. Respectfully, Dr. Williams' report in this matter contains her general causation opinions as to the effects of formaldehyde exposure, which, as this Court has noted on multiple occasions, are reliable.   Dr. Williams is a proven expert in her field and Defendant's decision to use such contentious language is unfortunate and disrespectful.

### A.   Defendant Fails To Recognize That Dr. Williams Is Only Offering General Causation Opinions.

Defendant argues that Dr. Williams' report should be excluded because she is unaware, or does not recall, specific information relating to Ms. Castanel.  Respectfully, and as has been discussed in all previous bellwethers, Dr. Williams need not be aware of specifics relating to Plaintiff as Dr. Williams is not offering specific causation opinions.    Instead, Dr. Williams is only offering general opinions as to the causative effects of formaldehyde.  Such general causation opinions do not require an intimate understanding of Plaintiff, and thus knowledge of Plaintiff's age, race, smoking status, medications taken or any other information listed in Plaintiff's Fact Sheet would have little bearing on Dr. Williams' opinion.  Thus, Defendant's allegation that Dr. Williams' opinion should be excluded because she is unaware as to the specifics of Plaintiff confuses the purpose of Dr. Williams' opinion and should be discredited.

**B.    Dr. Williams Is a Qualified Expert Whom This Court has Recognized as Authoring Reliable Expert Reports.**

Defendant next attempts to exclude Dr. Williams' testimony by engaging in mud-slinging.   Defendant first concludes that Dr. Williams' report is a "sham" because it includes sections found in previous bellwether reports. Dr. Williams' report does include sections that were authored in previous bellwether trials; she, however, ensures that the repeated sections are current to the medical literature available and that she concurs with her previous opinions.   Defendant also disparages Dr. Williams as a contriving game-player who testifies at the direction of Plaintiff's counsel.   Such implications are disrespectful to Dr. Williams' character, and are supported by mischaracterized portions of her deposition.   Dr. Williams clearly states that while Plaintiff's counsel may provide her the expert report pertaining to specific causation, she determines the scope of her testimony.   *See* Exhibit A, Deposition of Patricia Williams, Ph.D., D.A.B.T., Feb. 24, 2010, pp. 95-98.

Defendant additionally objects to the relevancy of a number of opinions cited in Dr. Williams' report.   Defendant argues that because Dr. Williams' includes opinions proffered in previous bellwethers, Defendant is being subject to a "trial by ambush".   As noted above, Dr. Williams is providing an opinion as to the general causative effects of formaldehyde, and her report includes opinions regarding potential injuries caused by formaldehyde.   Consequently, Dr. Williams' expert report may include opinions regarding injuries not suffered by Plaintiff.    While the Court may choose to limit these opinions, the inclusion of them in Dr. Williams report does not equate to a "trial by ambush" warranting exclusion of her testimony.

**C.    Defendant Fails To Take Consider Pretrial Order 24 and the General Nature of Bellwether Trials**

Finally, Defendant fails to take note of this Court's specific instructions prohibiting duplicitous questions as to experts previously deposed in previous bellwether trials.  Rec. Doc. 1002, p. 4.  Specifically, this Court instructed:

> If in a later bellwether trial, . . . the same experts as have been deposed in prior bellwether trials . . ., the parties will be permitted to depose those experts on matters related to the issues relevant to the bellwether trial. The parties, however, will not be permitted to duplicate questions asked and answered in prior depositions.  The substance of such depositions may be expanded for good cause shown.

*Id*. Accordingly, Dr. Williams, as a general causation expert not opining as to the specific cause of Plaintiff's injuries, did not address matters that had been previously discussed in other depositions.  As noted above, Dr. Williams' testimony is not specific to Plaintiff, and thus Defendant was not privileged to ask questions previously asked in earlier bellwether depositions.  Further, Defendant has not "shown cause" as to why Dr. Williams was required to submit to questioning on opinions proffered in previous bellwethers nor has Defendant detailed the questions it was prevented from asking in her deposition.   Ultimately, Defendant's reasons for excluding Dr. Williams' testimony are exaggerated and irrelevant to the type of testimony (general causation) she plans to give at trial.

**II.    DR. WILLIAMS WILL NOT OFFER OPINIONS AS TO ASTHMA, ECZEMA, FUNGI, MOLD AND VASCULAR TISSUES DEATH.**

Yet, despite Defendant's mischaracterizations of Dr. Williams' testimony and opinions, Plaintiff is cognizant of the need for judicial economy and corresponding time limitations and is therefore willing to stipulate that the following topics/opinions will not be discussed at trial:

(1)    Asthma;

(2)     Eczema;

(3)     Vascular Tissue Death; and

(4)     Mold & Fungi.

With respect to the topic of children, while Plaintiff is obviously not a child, Plaintiff, as an elderly woman, is considered a member of a "high risk" formaldehyde exposure group. This group encapsulates both children and the elderly, and consequently, age-dependent studies often analyze both groups concurrently.

Next, with respect to acute symptoms, there exists a question of fact as to the levels of formaldehyde existing in the trailer at the time Plaintiff moved-in and throughout her residence.  Thus, whether or not Plaintiff was subjected to acute levels of formaldehyde has not been determined as a matter of law, and testimony regarding the effects of such exposure is necessary to understand Plaintiff's injuries and therefore admissible.

Finally, Defendant seeks to exclude any testimony by Dr. Williams' regarding nosebleeds. While Plaintiff does not recall suffering from nosebleeds, epistaxis has been referred to as a primary symptom of formaldehyde exposure in addition to headaches, burning of the eyes, sneezing, etc.  Plaintiff respectfully requests that it be allowed to discuss symptoms typically associated to particular levels of formaldehyde.

## <u>CONCLUSION</u>

Defendant's attempt to exclude Dr. Williams' is essentially an inflammatory attack on her character.  Defendant fails to assert a proper ground for exclusion, and accordingly, its motion should be denied.  Further, in the interests of judicial economy, Plaintiff hereby stipulates that Dr. Williams will not discuss asthma, eczema, vascular tissue death, and mold and fungi.

Respectfully submitted:

FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       PLAINTIFFS' CO-LIAISON COUNSEL
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:  504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       PLAINTIFFS' CO-LIAISON COUNSEL
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:  504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

       COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE
       ANTHONY BUZBEE, Texas # 24001820
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       MIKAL WATTS, Texas # 20981820
       Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on April 23, 2010.

       s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471