# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE:        **FEMA TRAILER**             **MDL NO. 1873**
                 **FORMALDEHYDE**
                 **PRODUCTS LIABILITY**     **SECTION: N-5**
                 **LITIGATION**

                                                **JUDGE ENGELHARDT**

**This Document Relates to:**

                                                **MAG. CHASEZ**

*Keith Nunnery, et al. vs. Keystone*
*Industries, Inc., et al.* **No. 09-3871**
**(David McGraw)**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>REPLY MEMORANDUM TO DEFENDANT KEYSTONE RV COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE</u>

**MAY IT PLEASE THE COURT:**

Plaintiff David McGraw, through undersigned counsel, moves this Court to exclude any reference to Plaintiff's prior arrest and related information for all reasons urged in Plaintiff's Memorandum in Support of Motion in Limine (Rec. Doc. 13210-1) and for the foregoing reasons.

### I.    Plaintiff's arrest record and guilty pleas should not be allowed to be introduced.

Federal Rules of Evidence, Rule 609, sets forth in pertinent part:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,

> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

1

(2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

(b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Mr. McGraw entered an agreed plea to felony charges that included a suspended sentence and probation on July 30, 1992, nearly 18 years ago and well in excess of the ten year time limitation specified in the code of evidence.  Prior convictions more than ten years old are presumptively inadmissible for impeachment purposes. U. S. v. Portillo, 633 F.2d 1313, 1323, (C.A.9 (Cal.) 1980), certiorari denied 101 S.Ct. 1763, 450 U.S. 1043, 68 L.Ed.2d 241, certiorari denied 101 S.Ct. 1764, 450 U.S. 1043, 68 L.Ed.2d 241.   In the present case, the defendants have suggested that the conviction necessarily proves that Mr. McGraw was smoking narcotics, but this hyperbole fails to meet any evidentiary standard to justify the introduction of the stale conviction.

Mr. McGraw's arrest record and guilty pleas should not be introduced as evidence as it is unduly prejudicial pursuant to FRE 403, and its probative value is significantly outweighed by the prejudice it would cause.   Furthermore, the record does not provide any reasonable basis to believe Mr. McGraw was aware of the effects of his entering a guilty plea. Under *Boykin v. Alabama*, in order for a trial judge to accept a guilty plea, the defendant must have made an affirmative showing

that he is entering the plea voluntarily and intelligently.  395 U.S. 238, 89 S.Ct. 1709 (1969).  The *Boykin* Court also emphasized the fact that a plea of guilty involves the waiver of three separate constitutional rights--the fifth amendment right not to incriminate oneself; the sixth amendment right to trial by jury; and the fifth amendment right to confront one's accusers. Linte v. Tate, 884 F.2d 779 (6th Cir. 1989); *citing Boykin*, 395 U.S. at 242.  Mr. McGraw's criminal record does not reflect such an affirmative showing and is therefore should not been allowed admitted into evidence.

## II.    Plaintiff's sworn deposition testimony is not contradicted by any evidence.

Mr. McGraw's criminal records reflects he was arrested July 2 and September 15, 1990 for the possession of cocaine. *See* Rec. Doc. 13424-2, p. 1.[1]  The criminal record reflects that Mr. McGraw originally entered a plea of "not guilty" for both arrests but subsequently withdrew it and entered a plea of "guilty as charged." *Id.* at 2, 6.    The cases were adjudicated concurrently and he was sentenced to three years active probation. *Id.*  McGraw was arrested in 1992 for simple criminal damage under $500, but the charge was refused.  *Id.*

Defendant Keystone asked Mr. McGraw if he had been arrested, to which he affirmatively responded. (McGraw Deposition, p. 282:24-25).  To the follow-up question regarding conviction of any crimes, Mr. McGraw responded in the negative. (McGraw Deposition, p. 283: 1-3).

The Louisiana Code of Criminal Procedure provides "[w]hen a case is accepted into a drug court division probation program. . . and at the conclusion of the probationary period the court finds that the defendant has successfully completed all conditions of probation, the court with the concurrence of the district attorney may set aside the conviction and dismiss prosecution, whether

---

[1] Defendant's Memorandum incorrectly states Mr. McGraw was arrested in 1990 and again in 1992 for a drug possession charge. Rec. Doc. 13424, ¶ 12. Defendant's Rec. Doc. 13424-2, p.1 contradicts that statement.

the defendant's sentence was suspended. . . or deferred. . . .The dismissal of prosecution shall have the same effect as an acquittal. . . ." La. CCRP 893(E)(3)(a). Mr. McGraw satisfactorily completed his probationary period of 3 years, during which time he was part of a court drug testing program. Successful completion of his probation and court monitoring should serve as proof of Mr. McGraw's rehabilitation. When Mr. McGraw's probationary period was complete, he could have had the conviction set aside and dismissed. As such, the arrest and criminal record will be deemed expunged.

Mr. McGraw did not serve time for his arrests but was allowed to remain on probation for 3 years. Additionally, the law provides for his crime to be completely expunged as he has rehabilitated. Mr. McGraw knew he was arrested, and knew he did not have to serve the sentence. He honestly answered that he had committed a crime, and any confusion as to the facts surrounding that criminal history should be interpreted in favor of the plaintiff.

Furthermore, Mr. McGraw's arrests and criminal record do not include any support for Defendant's "reasonable" assumption that Mr. McGraw smoked crack cocaine. Rec. Doc. 13424, ¶ 3. Mr. McGraw has admitted to smoking cigarettes, but has never admitted to smoking crack cocaine. During the context of the trial, the jury will be undoubtedly become aware of Mr. McGraw's smoking history. Any attempt to elicit testimony regarding smoking crack will only serve to confuse the trier of fact and should be disallowed.

**3.    Mr. McGraw's criminal history does not establish witness credibility.**

Defendant Keystone should be precluded from introducing Mr. McGraw's criminal history into evidence pursuant to FRE 609. Mr. McGraw's conviction did not involve dishonesty or a false statement and should not be admissible to establish credibility. This Court has held that a plaintiff's

4

unrelated criminal conviction posed a danger of unfairly prejudice that outweighs any probative value. *Tate v. Union Oil Co. of California*, 968 F. Supp. 308 (E.D.La. 1997). In this case, the defendant's desire to impeach the plaintiff could be accomplished by presenting inconsistent deposition testimony regarding the cause of action. *Id.* at 311.

Respectfully submitted:

FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL, #14072
DENNIS REICH, Texas # 16739600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 26, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

<u>s/Gerald E. Meunier</u>

GERALD E. MEUNIER, #9471