3737-20980

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION N-5 |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| Jarrick Jones, et al. v. | * | JUDGE ENGLEHARDT |
| Insureco Agency and Insurance | * | |
| Services, et al. | * | MAG. JUDGE CHASEZ |
| Civil Action No. 2:10-CV-00564 | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## LIST OF DEFENSES AND MOTIONS TO BE PRESERVED
## ON BEHALF OF INSURECO AGENCY AND INSURANCE SERVICES INC.

**NOW INTO COURT,** through undersigned counsel, comes defendant, Insureco Agency and Insurance Services, Inc. (incorrectly named as Insureco Agency and Insurance Services and hereinafter sometimes referred to as "Insureco"), who submits the following list of defenses and motions to be preserved pursuant to Pretrial Order No. 44 (Rec. Doc. 2759).

## MOTIONS TO BE PRESERVED

1)   Rule 12(b)(1): Lack of subject matter jurisdiction over claims;

2)   Rule 12(b)(2): Lack of in personam jurisdiction over this defendant;

3)  Rule 12(b)(3): Improper venue;

4)  Rule 12(b)(4) and Rule 12(b)(5): Insufficiency of process and insufficient service of process;

5)  Rule 12(b)(6): Failure to state a claim because plaintiffs have no right of action to proceed against Insureco plaintiffs under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 12:1269 (previously, LSA-R.S. 22:655);

6)  Rule 12(b)(6): Failure to state a claim because plaintiffs make no particularized allegations about their injuries and damages and failure to make any particularized allegations about the conduct of the defendants;

7)  Rule 12(b)(6): Failure to state a claim upon which relief can be granted under the Louisiana Products Liability Act;

8)  Rule 12(b)(6): Failure to state a claim for negligence or strict liability under Louisiana Law;

9)  Rule 12(b)(6): Failure to state a claim for breach of express warranty because those claims are not available to plaintiffs, and to the extent that they are available, they are precluded by the Louisiana Products Liability Act;

10) Rule 12(b)(6): Failure to state a claim for redhibition/implied warranty) because plaintiffs have not alleged the elements of these claims, including the lack of a sale and privity with Patriot, Inc;

11) Rule 12(b)(6): Failure to state a claim for medical monitoring damages under Louisiana law because plaintiffs have not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

12) Rule 12(b)(6): Failure to state a claim for punitive damages under Louisiana law;

13) Rule 12(b)(6): Failure to state a claim under the Mississippi Product Liability Act, Miss. Code Ann.§11-1-63, *et seq.*;

14) Rule 12(b)(6): Failure to state a claim for negligence and/or strict liability under Mississippi law;

15) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Mississippi law;

16) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Mississippi law;

17) Rule 12(b)(6): Failure to state a claim for medical monitoring under Mississippi law because plaintiffs have not alleged the elements of this recovery, including the failure to allege a

present and manifest injury;

18) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Mississippi law, including such damages under Miss. Code Ann. §11-1-65;

19) Rule 12(b)(6): Failure to state a claim under the Alabama Extended Manufacturer's Liability Doctrine, Code of Ala., §6-5-521;

20) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Alabama law;

21) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Alabama law;

22) Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law;

23) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages, including such damages under Code of Ala. §6-11-23;

24) Rule 12(b)(6): Failure to state a claim for medical monitoring under Alabama law because plaintiffs have not alleged the elements of this recovery, including the failure to allege a present and manifest injury;

25) Rule 12(b)(6): Failure to state a claim under the Texas Products Liability Act; Tex. Civ. Pract. & Rem. Code Ann. § 82.002, *et seq*.;

26) Rule 12(b)(6): Failure to state a claim for breach of express warranty under Texas law;

27) Rule 12(b)(6): Failure to state a claim for breach of implied warranty under Texas law;

28) Rule 12(b)(6): Failure to state a claim for medical monitoring under Texas law;

29) Rule 12(b)(6): Failure to state a claim for punitive and/or exemplary damages under Texas law;

30) Rule 12(b)(6): Failure to state a claim because plaintiffs failed to make any particularized allegations regarding plaintiffs' injuries and damages, and failed to make any particularized allegations connecting the plaintiffs to conduct by any particular defendant;

31) Rule 12(b)(6): Failure to state a claim for attorney's fees;

32) Rule 12(b)(6): Failure to state a claim for injunctive relief;

33) Rule 12(b)(6): Failure to state a claim for class action relief/status;

Case 2:07-md-01873-KDE-MBN   Document 13704   Filed 04/26/10   Page 4 of 7

34) Rule 12(b)(6): Failure to state a claim because plaintiffs' claims are barred by the applicable prescriptive periods, statutes of limitations periods and/or statutes of repose periods;

35) Rule 12(b)(6): Failure to state a claim for joint, several and/or solidary liability among the defendants;

36) Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society;

37) Rule 12(e): Motion for more definite statement of the complaint based on plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct;

38) Rule 21: Improper joinder: Failure to satisfy requirements for joinder of parties under FRCP 19 and 20;

39) Rule 9(b): Failure to plead fraud and misrepresentations with particularity;

40) Rule 23: Failure to allege/demonstrate elements for class action; and

41) Rule 12(b)(6): Plaintiffs are not entitled to assert claims directly against Insureco under Alabama, Texas and Mississippi state law.

In addition, Insureco asserts and preserves the following affirmative defenses:

## GENERAL AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaints fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaints fail to state a right of action for which relief may be granted.

### THIRD DEFENSE

This Honorable Court does not have personal jurisdiction over defendant, Insureco.

### FOURTH DEFENSE

This Honorable Court does not have proper venue with respect to the actions complained in the Complaints.

**FIFTH DEFENSE**

The Complaints are vague with respect to the allegations of negligence against Insureco.

**SIXTH DEFENSE**

Plaintiffs' alleged damages were caused, in whole or in part, by the fault, breach of duty, breach of contract, negligence, and/or intentional act on the part of Plaintiffs, and Insureco pleads the doctrine of comparative negligence and Plaintiffs' failure to mitigate damages, which bar or comparatively reduce the amount of the damages that Plaintiffs are entitled to receive herein, if any.

**SEVENTH DEFENSE**

Plaintiffs' alleged damages were caused, in whole or in part, by the fault, breach of duty, breach of contract, negligence, and/or intentional acts on the part of third parties, for whose fault Insureco is not liable.

**EIGHTH DEFENSE**

The liability of Insureco, if any, is dependent solely upon policies of insurance and/or contracts which, as written instruments, are the best and only evidence of their terms, conditions, limitations, and/or exclusions, all of which are specifically pled herein, as if copied at this point *in extenso*.

**NINTH DEFENSE**

Insureco denies the breach of any duty or obligation they owed or may have owed under state and/or federal laws to the Plaintiffs.

**TENTH DEFENSE**

Insureco pleads all statutory and regulatory provisions applicable to the allegations in the Complaints.

**ELEVENTH DEFENSE**

To the extent that the facts developed in this matter show that any of the Plaintiffs' damages could have been mitigated by prompt remedial actions on the part of the Plaintiffs and that Plaintiffs failed to take such actions as were reasonable under the circumstances, Insureco avers that the Plaintiffs' failure to mitigate will act as a complete or partial bar to their recovery herein.

**TWELFTH DEFENSE**

Any and all damages complained of by plaintiffs are the result of pre-existing conditions, for whose fault Insureco is not liable.

**THIRTEENTH DEFENSE**

Insureco specifically pleads that it satisfied any and all responsibilities to plaintiffs arising out of any alleged transaction which is made the basis of plaintiffs' Complaint.

**FOURTEENTH DEFENSE**

Insureco is not a manufacturer.

**FIFTEENTH DEFENSE**

Insureco Agency and Insurance Services is a Managing General Agency, located in Orange, California. Insureco is an agency and not an insurance company. At no time did Insureco provide coverage for the risks involved herein of Patriot Homes, Inc., or any subsidiary manufacturer. As such, Insureco specifically denies that plaintiffs have any rights to proceed against it under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 12:1269 (previously, LSA-R.S. 22:655)

**SIXTEENTH DEFENSE**

The Plaintiffs are charged with knowledge of the terms of all applicable insurance policies or contracts, if any.

Insureco expressly reserves the right to supplement this list of preservation of defenses and motions.

CERTIFICATE OF SERVICE

I hereby certify that, on the 26nd day of April, 2010, I have electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties using this process in this matter. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

/s/ A. Jacob Culotta, Jr.
A. JACOB CULOTTA, JR.

Respectfully submitted,

SALLEY, HITE & MERCER, LLC
**DAVID P. SALLEY, T.A. (#19770)**
**A. JACOB CULOTTA, JR. (#26856)**
**RYAN E. BEASLEY, SR. (#28492)**
365 Canal St., Ste. 1710
New Orleans, Louisiana 70130
(504) 566-8800

By: /s/ A. Jacob Culotta, Jr.
A. JACOB CULOTTA, JR.
Attorneys for Insureco Agency and Insurance Services, Inc.