UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION N-5<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:

*Earline Castanel, et al. v. Recreation by Design, LLC, et al.*
Case No. 09-3251 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### UNITED STATES' MEMORANDUM IN OPPOSITION TO THE PSC'S "MOTION FOR RELIEF FROM JUDGMENT" (Rec. Doc. 13262)

The Plaintiff Steering Committee ("PSC") has filed a motion (Rec. Doc. 13262) seeking relief from a Rule 54(b) judgment that this Court has never entered. The PSC's motion is therefore premature. Even if the Court had entered a Rule 54(b) judgment and the PSC's motion were timely, the motion would not be well taken because PSC cannot show a clear error of law. The PSC has not cited any new legal authority. Indeed, the PSC has not made any legal arguments in its motion that it did not make in response to the United States' original motion to dismiss. The Court's ruling was correct, and because the PSC can show no obvious error of law, the Court should deny this motion.

### STATEMENT OF MATERIAL FACTS

1.  On December 7, 2009, the United States filed a motion to dismiss the claims of Earline Castanel for lack of subject matter jurisdiction on the grounds that her claims were barred by the FTCA's two-year statute of limitations, 28 U.S.C. § 2401(b) (Rec. Doc. 8629). The United States argued that Ms. Castanel's FTCA claims accrued within four to six weeks

after she moved into a trailer provided by the Federal Emergency Management Agency ("FEMA"), in February or March 2006, because she allegedly began experiencing symptoms that could be objectively associated with the trailer within four to six weeks of the time that she moved in. Consequently, the United States asserted that Ms. Castanel's administrative claim, which she submitted more than two years later, on August 7, 2008, was untimely.[1]

    2.    On January 22, 2010, the Court granted the United States' Motion to Dismiss, finding that Earline Castanel's FTCA claims were barred by the Act's two-year statute of limitations. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2010 WL 360361 (E.D. La. Aug. 21, 2009) (Rec. Doc. 10626). The Court found that the two-year statute of limitations began to run when Castanel first associated her symptoms to conditions in the trailer within four to six weeks after she moved in. *Id.* at *3. Following *United States v. Kubrick*, 444 U.S. 111 (1979), the Court held that it was not necessary for the plaintiff to know the precise agent causing injury for the claim to accrue. *Id.* The Court also found that because the FTCA's statute of limitations hinges on notice, it was unnecessary for the plaintiff to be aware of, or have suffered, the full extent of her injuries for the limitations period to begin to run. *Id.* at *4. Finally, the Court also found that the FTCA's statute of limitations was jurisdictional and therefore was subject to a strict interpretation in favor of the United States. *Id.* at *1 n.1 & 4.

    3.    The Court has never issued a Rule 54(b) judgment for the United States on Plaintiff's claim. The Plaintiff's claims against the remaining defendant (Recreation by Design)

---

[1] For purposes of the FTCA's two-year statute of limitations, the operative date is the date a claim is "presented" to the administrative agency. 28 U.S.C. § 2401(b). Castanel's claim was received by FEMA on August 7, 2008.

have not been resolved. The bellwether case is currently scheduled for trial on May 17, 2010.

## ARGUMENT

**I. The Court Has Not Entered a Rule 54(b) Judgment; Consequently, Any Motion for Relief from Judgment Is Premature.**

The Court has not entered a Rule 54(b) judgment. Therefore PSC's motion for relief from judgment is premature and should be denied. PSC's confusion likely arises from the circumstances surrounding the Court's earlier dismissal of the initial bellwether plaintiff Christopher Cooper's FTCA claim for failure to comply with the FTCA's statute of limitations. In that case, PSC had originally sought an interlocutory appeal or Rule 54(b) judgment (Rec. Docs. 2923, 3049). The Court entered a Rule 54(b) judgment in the case (Rec. Docs. 5440, 5441). *After the entry of that judgment*, the PSC sought relief from that judgment for essentially the same reasons that it is seeking relief here (Rec. Doc. 5722). The Court denied that motion (Rec. Doc. 13150).

There has been no similar Rule 54(b) judgment entered in this case. Counsel for the United States informed PSC of this fact, but PSC has not withdrawn the motion. *See* Exhibit 1 (April 13, 2010, e-mail from Adam Bain to Justin Woods). Because there has been no Rule 54(b) Judgment on Earline Castanel's FTCA claims against the United States, the PSC's motion must be denied as premature.

**II. The District Court's Dismissal Based Upon the FTCA's Statute of Limitations Was Correct, and the Court Did Not Commit an Obvious Error of Law.**

Even construing the PSC's motion as a proper motion under Fed. R. Civ. P. 60 for "Relief from a Judgment or Order," the Court must deny PSC's motion, because PSC has failed

to demonstrate an obvious error of law.[2] The PSC asserts that "the wrongful dismissal of Earline Castanel's claims against the United States constitutes legal error" (PSC Mem. at 2). While the Fifth Circuit allows courts to grant leave of judgment or orders for legal errors under Fed. R. Civ. P. 60(b)(1) (allowing relief for "mistake, inadvertence, surprise, or excusable neglect"), the error must be obvious. Reviewing its previous case law on the subject, the Fifth Circuit stated:

> Rule 60(b)(1) does allow relief from final judgments on account of "mistake," and, in this circuit, the rule may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when judicial error involved a fundamental misconception of the law.

*Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (footnotes omitted). *See also Mason v. AAA Ins. Co.*, No. 07-9483, 2009 WL 2448004, *2 (E.D. La. Aug. 10, 2009) (stating that Rule 60 relief for errors of law is only available for obvious errors). As *Moore Federal Practice* notes, "the Fifth Circuit has been consistent in maintaining that Rule 60(b)(1) should not be an alternative to appeal involving ordinary claims of legal error . . . . Relief is available only when the legal error in question is so obvious than an appeal would be a waste of everyone's time." 12 James Wm. Moore et al, Moore's Federal Practice ¶ 60.41[4][b][v] (3d ed. 1999 & 2007 Supp.).

Instead of pointing to some obvious legal error, the PSC raises the same arguments it made in response to the United States' initial motion to dismiss. The PSC argues that the Court

---

[2] The Court cannot construe the motion as a motion to alter or amend the order under Fed. R. Civ. P. 59 because it was not filed within 28 days of the order under Rule 59(e). Accordingly, the Court must analyze the motion under the Fed. R. Civ. P. 60(b) standards. *See Brooks v. Cain*, No. 06-1869, 2009 WL 3254338, at *1-2 (E.D. La. Aug. 6, 2009).

incorrectly determined that Castanel's FTCA cause of action accrued by May 2006, within six weeks after she moved into the trailer (PSC Mem. at 3).  The PSC argues that the cause of action did not accrue – and the statute of limitations therefore did not start – until Ms. Castanel had sufficient knowledge that a specific chemical agent – formaldehyde –  was a potential cause of the injuries, in March 2007 (PSC Mem. at 3).

The law under the FTCA, however, is clear that a plaintiff need not know the precise agent causing the injury for the claim to accrue.  A plaintiff only need have sufficient information regarding injury and causation that would lead a reasonable person to inquire further into the facts to determine the specific cause and to ascertain whether there is a cause of action.  Here, Ms. Castanel had this information because she was experiencing symptoms that she noticed were altered by her living environment (the trailer) within four to six weeks of moving in.  In her deposition, Earline Castanel conceded that she attributed the symptoms that she was experiencing – sinus problems, itching, dry skin, generally not feeling good – to the trailer because she did not have those problems before moving in to the trailer.  *See* Dep. of Earline Castanel, 68-70, 111-12 (Exhibit 2 to Rec. Doc. 8629).

Contrary to the PSC's representation, the Fifth Circuit's decision in *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995), does not stand for the proposition that the FTCA's statute of limitations does not begin to run in this case until the Plaintiffs knew or should have known that formaldehyde was "the cause" of Castanel's symptoms.  *See* PSC Mem. at 4.  Instead, in *MacMillan*, the Fifth Circuit held that the statute begins to run when a plaintiff has sufficient information to ***make an inquiry*** regarding the specific cause of the injury.  *See* 46 F.3d at 381.  In that case, the Court found that the statute of limitations started when the plaintiff's

parents received a report, noting that the plaintiff had likely suffered "anoxia at birth" and resulting neurological damage, which provided "facts sufficient to compel a reasonable person to seek professional advice regarding [the plaintiff's] neurological difficulties and the connection, if any, to the problems associated with her birth." *Id.* Thus, knowing, or having reason to know, the precise cause of injury was not necessary; instead, having enough information regarding injury and cause (in *MacMillan* knowing of a potential cause) to begin an inquiry will start the limitations period. *See also Johnson v. United States*, 460 F.3d 616, 622 (5th Cir. 2006) (analyzing *MacMillan* and holding that knowing about a potential cause or facts that would lead a reasonable person to inquire into specific causation was sufficient to begin the FTCA's statute of limitations).

The Court's opinion correctly found that the FTCA's statute of limitations began within six weeks after Ms. Castanel moved into the trailer because she had sufficient notice to begin pursuing her claim. The Court stated:

> Specifically, within five to six weeks after moving into the EHU (i.e., by late April 2006, early May 2006, at the latest), Castanel suffered the injuries/ symptoms at issue in this lawsuit-breathing and sinus problems, puffy and itchy eyes, headaches, and inability to breathe while inside the EHU. (Exhibit 1 to Rec. Doc. 8629, pp. 3-4; Exhibit 2 to Rec. Doc. 8629, pp. 36-38, 41-42). Further, Castanel clearly had sufficient information to attribute her injuries/symptoms to the EHU and initiate an investigation to determine the specific problem with the EHU that was causing her injuries/symptoms because she admits that, to relieve these symptoms and breathe, she "would go stand by the door" of the EHU or go outside of the EHU. (Exhibit 2 to Rec. Doc. 8629, pp. 32-33).

2010 WL 360361 at *3. The Court also noted that, "[a]ccording to her Plaintiff Fact Sheet, Castanel began experiencing symptoms in March 2006. (Exhibit 1 to Rec. Doc. 8629, p. 4)." 2010 WL 360361 at *3. The Court concluded that "even assuming that she did not experience

symptoms that she attributed to the EHU until six weeks after moving in, her claim accrued at the latest in early May of 2006.  Yet, Castanel waited until August 7, 2008 to file an administrative claim. (Exhibits 6-7 to Rec. Doc. 8629)." 2010 WL 360361 at *3 (footnote omitted).  The Court specifically noted, in accordance with controlling legal precedent, that it was not necessary for Ms. Castanel to know that formaldehyde was the cause of her injury for the claim to accrue:

> Even though Castanel did not immediately know of the exact cause of her physical symptoms, she was aware that they either began or worsened when she initially took up residence in the EHU.  She admittedly associated these symptoms with the EHU.  The Court concludes that this was sufficient information regarding injury and causation that would lead a reasonable person to inquire further in the facts to determine the specific cause of the injury.

2010 WL 360361 at *3.  Finally, the Court also correctly noted that an FTCA plaintiff "need not be aware, or have suffered, the full extent of his injuries for the limitations period to begin to run." *Id.* at *4 (citing *Beech v. United States*, 345 F2d 872, 874 (5th Cir. 1965)).

In sum, the PSC has failed to show ***any*** obvious error of law that would justify relief from judgment under Fed. R. Civ. P. 60(b).

## CONCLUSION

For all of the foregoing reasons, the Court should deny PSC's motion for relief from judgment.

Dated: April 27, 2010                                          Respectfully Submitted,

TONY WEST                                                      HENRY T. MILLER
Assistant Attorney General, Civil Division                     Senior Trial Counsel

J. PATRICK GLYNN                                               ADAM DINNELL
Director, Torts Branch, Civil Division                         MICHELLE BOYLE
                                                               MICHELE GREIF

| | |
|---|---|
| DAVID S. FISHBACK<br>Assistant Director | JONATHAN WALDRON<br>Trial Attorneys |
| OF COUNSEL:<br>JORDAN FRIED<br>Associate Chief Counsel | //S// *Adam Bain*<br>ADAM BAIN (IN Bar No. 11134-49)<br>Senior Trial Counsel<br>United States Department of Justice |
| JANICE WILLIAMS-JONES<br>Trial Attorney<br>FEMA/DHS<br>Department of Homeland Security<br>Washington, D.C. 20472 | Civil Division – Torts Branch<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20004<br>Telephone No: (202) 616-4209<br>E-mail: adam.bain@usdoj.gov |
| | Attorneys for the United States of America |

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 27, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                   *//S// Adam Bain*
                   Adam Bain (IN Bar No. 11134-49)