UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| ALL CASES | | * | |
| | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO FLUOR ENTERPISES, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON NEGLIGENCE CLAIMS IN THE THIRD AND FOURTH SUPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS**

**MAY IT PLEASE THE COURT:**

Plaintiffs, through undersigned counsel, hereby oppose Defendant, Fluor Enterprises, Inc.'s ("FEI") Motion for Partial Judgment on the Pleadings on Negligence Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Doc. 13426) and in support would show:

**I. BACKGROUND**

Plaintiffs in this Multi-District Litigation were provided emergency housing units by the Federal Government under the provisions of the Stafford Act. As part of the process of assisting those displaced individuals, FEMA contracted with corporations, such as FEI, to transport and transform travel trailers into temporary substitute housing. In FEI's motion, it claims it is not liable to the plaintiffs as to negligence because FEI had no duty to the plaintiffs and that the plaintiffs' injuries were outside the scope of any duty that FEI had. However, under the laws of Louisiana, Mississippi, and Alabama, FEI did owe a duty to the plaintiffs to act in a prudent and

reasonable manner in the hauling and installing of the EHUs in which the plaintiffs resided. Furthermore, there is a clear and apparent ease of association between the FEI's negligent hauling and installing of the EHUs and the plaintiffs ultimate exposure to formaldehyde.

## II. STANDARD OF REVIEW

### a. Rule 12(c) Standard

In analyzing a Judgment on the Pleadings, the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Furthermore, the court must accept all well-pleaded facts as true. *Martin K. Eby Constr. Co., v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Thus, the inquiry focuses on the allegations in the pleadings, and not on whether the "plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Moreover, where pleaded facts are in dispute, as they are *sub judice*, judgment on the pleadings is premature. *See Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956).

### b. Rule 12(b) Standard

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *See Southern Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001). In considering a Rule 12(b) motion to dismiss, the Court must take the well-pleated factual allegations of the complaint as true. *See Jaufre v. Taylor*, 03-0028, 04 WL 1444945, at *1 (E.D.La. 2004) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.352, 257 (5th Cir. 2001); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 310 (5th Cir. 2002). The issue is not whether

the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claim. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974). Accordingly, the Court may dismiss a complaint "only if it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief. *Jaufre*, *1.

### III. PLAINTIFFS HAVE CLEARLY ALLEGED BEYOND MERE SPECULATION THAT DUTY AND CAUSATION EXIST AS TO FEI.

FEI claims that the plaintiffs are precluded from recovering under the claims of negligence in light of the laws of Louisiana, Mississippi, and Alabama. The argument lacks merit under the applicable law of each state in question.

#### a. Louisiana

It is well-recognized under Louisiana law that there is an almost universal legal duty on the part of a defendant in a negligence case to conform to the conduct of a reasonable person in like circumstances. *Boykin v. La. Transit Co.*, 707 So.2d 1225, 1231 (La. 1998); *see also Griffin v. Shelter Ins. Co.,* 857 So.2d 603, 605 (La. App. 1st Cir. 2003). The specific nature and extent of this duty, "depends on the facts and circumstances of the case, and the relationship of the parties." *Id.* Since the duty is delictual, a contractual relationship between the parties is not necessary. *Bowman v. City of Baton Rouge/Parish of East Baton Rouge*, 849 So.2d 622, 627 (La. App. 1st Cir. 2003).

In determining whether to impose liability under a duty/risk analysis, Louisiana law prescribes a four-prong test:

> (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?"

3

LA. CIV. CODE ART. 2315; *see also Davis v. Witt*, 851 So.2d 1119, 1127 (La. 2003); *see also Mathieu v.Imperial Toy Corp.*, 646 So.2d 318, 321-22 (La. 1994). In addition, "[w]hether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision <u>in light of the unique facts and circumstances presented</u>. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty." *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632-33 (La. 2006) (emphasis added).

While FEI is correct in its assertion that "Louisiana law does not impose upon FEI the duty to provide the plaintiffs with a trailer free from formaldehyde," no such "guarantee" is the basis of plaintiffs' claims of negligence herein. Rather, it is plaintiffs' position that, as the intended beneficiaries of a trailer installation service undertaken by FEI, they were entitled to have this service performed in a reasonably prudent manner. Indeed, FEI concedes that there was a wrong way to provide thus service; it provided explicit instructions to its subcontractors on installing and "jacking up" the EHUs. *See, e.g.,* FEI's Tool Box Training Methods.[1] If FEI and/or the subcontractors it selected and instructed negligently installed plaintiffs' trailers so as to increase the levels of emitted formaldehyde during occupancy, then clearly FEI failed to act as

---

[1] TOOL BOX TRAINING METHODS:

OVERVIEW: Jacking operations while blocking or unblocking mobile home, park models or travel trailers, when done incorrectly, have the potential to cause property damage, injury or even death. The purpose of this topic is to reinforce proper techniques and procedures you are required to use when participating in these operations.

Work from end to end. Never side to side.

Never allow more than 1" clearance between the beam and the pier or cribbing during raising or lowering operations. When lowering come down slowly maintaining 1" clearance until the weight is fully on the tires and tongue.

Alexander Trial Exhibit 411.

a reasonable service-provider; and, but for this failure, the harm to plaintiffs would not have occurred.

Under Louisiana jurisprudence, parties who voluntarily assume a duty must perform that duty in a reasonable and prudent manner. *Bujol v. Entergy Serv., Inc.*, 922 So.2d 1113, 1129 (La. 2004). Negligent breach of a duty which has been voluntarily assumed may create civil liability under Louisiana's duty/risk analysis. *Moore v. Safeway, Inc.*, 700 So.2d 831, 846 (La. App. 1st Cir. 1996). The Louisiana Supreme Court has decided numerous cases by applying the doctrine of voluntary assumption as a basis for the existence of a duty of reasonable care. *See, e.g. LeBlanc v. Stevenson*, 770 So.2d 766 (La. 2000); *Rick v. State Dep't of Transportation and Development*, 630 So.2d 1271 (La. 1994) (overruled on other grounds); *Blair v. Tynes,* 621 So.2d 591 (La. 1993); *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364 (La. 1984).

This approach is hardly unique in the law of torts generally. The §324A of Restatement (Second) of Torts provides for a "Good Samaritan Doctrine" as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise reasonable care increases the risk of harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

§324A of Restatement (Second) of Torts.

When FEI assumed responsibility to "train" and instruct its subcontractors on how to properly install the travel trailers, it assumed the responsibility to act reasonably and prudently by not increasing the risk of harm to prospective occupants of these trailers. Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints specifically aver that FEI

had a duty to each plaintiff to provide transport, install, inspect, maintain, repair, refurbish, recondition and restore safe temporary housing units using reasonable care to avoid injury. *See Third Supplemental and Amended Administrative Master Complaint*, ¶300. It is fundamental procedural law that the "the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests…A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977).Furthermore, in *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003), the Fifth Circuit held that because "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision," and as such "plaintiff need not correctly specify the legal theory, so long as the plaintiff alleges facts upon which relief can be granted" the complaint's California state law claim for breach of implied warranty of merchantability was sufficient to allege a Texas law of implied warranty of merchantability claim. 320 F.3d 545, 551 (5th Cir. 2003); see *also American Specialty Systems, Inc. v. Chicago Metallic*, Not Reported in F.Supp.2d, 2002 WL 406965 at 7 (N.D.Ill. 2002) (Plaintiffs are not required "to parrot the language of the UCC [or the LPLA]; the allegations in the complaint are sufficient to meet the liberal pleading requirements of Federal Rule of Civil Procedure 8(a)"). Plaintiffs clearly have satisfied the liberal notice pleading standards that apply to the Master Complaint.

In addition, plaintiffs have also satisfied the pleadings standards as to the FEI's argument that plaintiffs' injuries were outside the scope of FEI's duty. In *Roberts v. Benoit*, 605 So.2d 1032, 1055 (La. 1991), the Louisiana Supreme Court explained legal cause and "cause in fact" both have been merged into an "ease of association" test. Essentially, the inquiry is "How easily

does one associate the plaintiff's complained of harm with the defendant's conduct?" *Id.* at 1045. Although ease of association encompasses the idea of foreseeability, it is not based on foreseeability alone. *Id.* Courts must make a policy determination "as to whether the particular risk falls within the scope of the duty. *Id.* at 1044. Generally, the scope of protection [legal cause] inquiry becomes significant in "fact-sensitive" cases in which a limitation of the "but for" consequences of the defendant's substandard conduct is warranted. These cases require logic, reasoning and policy decisions be employed to determine whether liability should be imposed under the particular factual circumstances presented. . . Absent an ease of association between the duty breached and the damages sustained, [the courts] have found legal fault lacking. *Id*. at 1045.

For example, in *Simmons v. CTL Distribution*, 03-1301 (La. App. 5 Cir. 2/23/04), 868 So.2d 918, plaintiff brought a wrongful death action against a trucking company and its driver after his mother died during an evacuation caused by a chemical spill. Plaintiff's mother lived on one of two streets subject to an evacuation order issued after CTL's driver lost control of a truck carrying molten sulphur, which can cause respiratory irritation. *Id*. at 921. As a result, plaintiff had to be transported to a nearby school. *Id*. On the way to the school, she began to have breathing problems and experienced trembling. *Id.* Consequently, she was transported to a local hospital where she died one month later from severe pulmonary edema. *Id.* On appeal, CTL argued that the trial court erred in finding that the stress of the evacuation was the legal cause of the woman's death, arguing that she had a history of respiratory problems prior to the incident. *Id*. at 922. In rejecting this argument, the court of appeal stated that it was "reasonable to expect those affected [by a chemical release] to be anxious and nervous about the potential harm to them*,"* and held that an ease of association existed*. Id.* at 925.

Similarly, in *Henry v. Barlow*, 2004-1657 (La. App. 3 Cir. 5/4/05), a police officer filed suit after he was injured while responding to a single-vehicle collision scene in which the driver had damaged the pole supporting a utility line. The officer came into contact with the utility line after securing the accident scene. *Id*. at 1209-10. In affirming the trial court's denial of defendant's motion for summary judgment and rejecting defendant's proximate cause argument, the court of appeal held that it was "arguably foreseeable that at least one police officer would respond to the scene. . . which required that the damaged vehicle be towed away and energy plant representatives be sent to repair the damaged pole and lines." *Id.* at 1212.

In *Smith v. Louisiana Health and Human Resources Administration*, 637 So.2d 1177 (La. App. 4 Cir. 1994), a hospital patient's widow and children filed a tort claim against the hospital, the state, and the state agency for the wrongful death of a patient who took an ambulance from the hospital during an episode of confusion and crashed into a construction barricade. *Id*. In affirming the trial court's judgment in favor of plaintiffs, the appellate court stated:

> the defendants' proximate cause argument boils down to the proposition that it was not foreseeable that Mr. Smith would go to the emergency room ramp and take an ambulance. The defendants might well have added that it was not foreseeable that Mr. Smith would then be killed in a collision in the ambulance. There are two somewhat related reasons why the defendants' proximate cause argument is without merit. *First, if some sort of harm is foreseeable, the exact manner of the harm need not be foreseeable*. Second, under Louisiana's duty-risk analysis, foreseeability is not in itself determinative, and at times yields to policy considerations in the determination of whether the defendant will be held liable for a particular harm.

*Id*. (emphasis added).

The plaintiffs' case aligns with the decisions in *Barlow, Simmons,* and *Smith,* for it was reasonably foreseeable that they would suffer some type of harm as a result of the improper hauling and installation of their EHUs. Contrary to the FEI's assertions, the sequence of events for each plaintiff was both natural and continuous. Accordingly, an ease of association exists

8

between the duty breached by FEI (to correctly haul and install the EHUs) and the damages sustained by the plaintiffs, such that liability should be imposed. When FEI negligently hauled and installed the EHUs, the plaintiffs' harm became foreseeable. At the very least, plaintiffs have satisfied the notice pleading standards under the Federal Rules of Civil Procedure.

### b. <u>Mississippi</u>

Whether a duty was owed by FEI to trailer occupants in Mississippi is a general question of law. *Rein v. Benchmark Constr. Co.*, 865 So.2d 1134, 1143 (Miss. 2004). As in Louisiana, the duty at issue is to act as a reasonable prudent person would under the circumstances. *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 175 (Miss. 1999). "[T]he important component of the existence of the duty is that the injury is 'reasonably foreseeable.'" *Rein,* 865 So.2d at 1143. "When the conduct of the actor is a substantial factor in bringing about the harm to another, then the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable. *Id.* at 1144-1145 (quoting Restatement (Second) of Torts §435 (1965). It is a well-settled rule that a defendant charged with liability for negligence cannot escape liability because a particular injury could not be foreseen, if some injury ought reasonably to have been anticipated. *McFarland v. Entergy Mississippi, Inc.*, 919 So.2d 894, 909 (Miss. 2005) (quoting *Delta Elec. Power Ass'n v. Burton*, 126 So.2d 258, 261 (Miss. 1961)).

A duty also exists under Mississippi law where a party contracts to undertake or otherwise assumes a duty. *Wagner v. The Mattiace Co.*, 938 So.2d 879 (Miss. Ct. App. 2006); *Hobson v. Waggoner Eng'g, Inc.*, 878 So.2d 68, 76 (Miss. Ct. App. 2003). This duty extends to third-party beneficiaries. *Rein*, 865 So.2d at 1145. In order for a third-party beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his

benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. *Id. Doe ex rel. Doe v. Wright Sec. Services, Inc.*, 950 So.2d 1076, 1079-80 (Miss. Ct. App. 2007). There must have been a legal obligation or duty on the part of the promisee to such third person beneficiary. *Id.* This obligation must have a legal duty which connects the beneficiary with the contract. In other words, the right (of action) of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself.

As argued *supra*, FEI engaged in hauling and installing the EHUs for the benefit of the plaintiffs. FEI thereby had a duty to act reasonably with respect to its installation and it was reasonably foreseeable that the plaintiffs would suffer some type of harm as a result of the improper hauling and installation of their EHUs. Plaintiffs clearly have satisfied the liberal notice pleading standards that apply to the Master Complaint.

    c. **Alabama**

As in the cases of both Louisiana and Mississippi law, FEI had a general duty under Alabama law to exercise the same care as a reasonably prudent person under the same or similar circumstances. *Dixon v. Hot Shot Exp., Inc.*, 2010 WL 753353, *3 (Ala. 2010). A duty of due care can accompany a contractor obligation. *See Pugh v. Butler Tel. Co.*, 512 So.2d 1317, 1319 (Ala. 1987). In addition, a duty of due care can arise in the absence of a contract, based upon a number of factors, including public policy, social considerations, and foreseeability of harm. *Smitherman v. McCafferty*, 622 So.2d 322, 324 (Ala. 1993). "The ultimate test of the existence of a duty to use due care is found in the foreseeability that harm may result if care is not exercised. *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So.2d 665, 679 (Ala. 2001).

"Due care is relative always and must depends on the facts of the particular case." *Cox v. Miller*, 361 So.2d 1044, 1048 (Ala. 1978).

Furthermore, "where one party to a contract assumed a duty to another party to that contract, and it is foreseeable that injury to a third party – not a party to the contract – may occur upon a breach of that duty, the promissory owes that duty to all those within the foreseeable area of risk. *Harris v. Board of Water & Sewer Commissioners of Mobile*, 320 So.2d 634, 630 (Ala. 1975). A breach of such a duty that results in injury to a third party who is "within the foreseeable area of risk" is actionable negligence. *QORE v. Bradford Bldg. Co. Inc.*, 25 So.3d 1116, 1123 (Ala. 2009).

As argued *supra*, FEI engaged in hauling and installing the EHUs for the benefit of the plaintiffs. FEI thereby had a duty to with due care as a reasonable person with respect to its installation and it was reasonably foreseeable that the plaintiffs would suffer some type of harm as a result of the improper hauling and installation of their EHUs. Plaintiffs clearly have satisfied the liberal notice pleading standards that apply to the Master Complaint.

### IV. CONCLUSION

While FEI wishes to characterize the plaintiffs' claims against them as bare allegations, it is clear under the laws of each state that the Master Complaint and its subsequent amendments made sufficient allegations to establish the existence of FEI's duty to the plaintiffs and that the ease of association between their breach of that duty and the plaintiffs' injuries. Accordingly, the plaintiffs respectfully request this Honorable Court deny FEI's Motion for Judgment on the Pleadings.

Respectfully submitted:


**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**


BY: */s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com


*/s/Justin I. Woods*
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I electronically mailed the foregoing document to all counsel of record who are non-CM/ECF participants.

                        */s/Gerald E. Meunier*
                        GERALD E. MEUNIER, #9471