UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Lyndon Wright v. Forest River, Inc., et al.*
Case No. 09-2977 (E.D. La.)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Lyndon Wright ("Plaintiff"), who respectfully offers this Opposition to the Motion for Entry of Judgment filed by defendants Forest River, Inc. and Shaw Environmental, Inc. (together the "Defendants"), and the proposed Judgment contained therein. Plaintiff does not dispute the entry of a judgment with prejudice in this Opposition. However, the Plaintiff, and the Plaintiff Steering Committee bring this Opposition to discuss the language relating to the imposition of costs on Lyndon Wright.

The Plaintiff raises a number of issues relating to the imposition of taxable costs which he prays this honorable Court will take into consideration prior to issuing a final judgment in the instant matter. There are three arguments which the Plaintiff makes relating to the language of the judgment as it relates to costs, they are: (1) any costs awarded to defendants are limited

1

solely to those provided for in 28 U.S.C. §1920, and any language in the judgement should have some limitation to provide for this fact; (2) within 28 U.S.C. §1920, a court has great discretion as to what, if any, costs are taxable against the losing party, and Plaintiff would pray that this Court use that discretion to avoid the imposition of unduly burdensome; and (3) that any taxable costs ordered against the Bellwether Plaintiff be ordered against the total plaintiff population, and taxable on the Plaintiffs' Steering Committee ("PSC") rather than solely on Plaintiff Lyndon Wright.  Further, Plaintiff understands that the actual debate over the amounts of taxable costs will be the subject of further motion practice at the appropriate time.

### I. Taxable Costs are Enumerated under 28 U.S.C. §1920

Plaintiff argues that any costs which may be taxed against him are strictly confined to those enumerated under 28 U.S.C. §1920.  This section states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)   Fees of the clerk and marshal;
> (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)   Fees and disbursements for printing and witnesses;
> (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)   Docket fees under section 1923 of this title;
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case, and upon allowance, included in the judgment or decree.

The trial court, in *Abbott Laboratories v. Granite State Ins. Co.*, 104 F.R.D. 42 (N.D. IL 1984), held that: "Costs are not to be equated with trial expenses; rather, they are [a] term of art defined by statute, rather than to be measured by the chancellor's foot." In *Barber v. Ruth*, 7 F.3d 636 (7th Cir. 1993), the court held that district courts may not award costs not authorized by

statute.  As such, Plaintiff opposes any broad or open-ended language that could be construed to include any fees or costs that fall outside of those enumerated under 28 U.S.C. §1920.

The judgment proposed by Defendants, attached hereto as Exhibit "A", states that taxable costs will be assessed against Plaintiff, for both Defendants.  However, this language could anticipate costs outside of 28 U.S.C. §1920, and could also include overlapping costs that were shared by Defendants and should not be twice taxed against Plaintiff.  As such, Plaintiff respectfully requests that any judgment entered by this Court contain language limiting taxable costs to those outlined and enumerated by 28 U.S.C. §1920, and that Plaintiff shall not be double taxed for shared Defendant costs allowed under 28 U.S.C. §1920.

**II.   This Court has Great Discretion on Deciding Which Costs to Tax**

While Defendants are entitled to ask that costs be taxed against the Plaintiff, the Court is vested with great discretion as to which costs, if any, to award, so long as they all under and within 28 U.S.C. §1920.  The Fifth Circuit held, in *Hodge v. Seiler*, 558 F.2d 284 (5th Cir. 1977): "While an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge."  Included in the discretion to award costs is the discretion to not award costs.  See *Dasher v. Mutual Life Ins., Co.*, 78 F.R.D. 142 (D.C. GA 1978), (A trial court possesses broad discretionary powers in allowance or disallowance of costs.).

This discretion allows a court to take issues such as reasonableness and fairness into consideration.  In *Keystone Shipping Co. v. S.S. Monfiore*, 275 F.Supp. 606 (S.D. TX 1967), the trial court held that the "allowance of costs is a matter within the court's discretion, and in determining whether costs should be awarded their reasonableness is the principal consideration."  Further, in *Wm. Bros. Boiler & Mfg. Co. v. Gibson-Stewart Co.*, 202 F.Supp. 6

3

(N.D. OH 1961), the district court stated that "costs are within the discretion of the court, depending upon considerations of fairness, although generally [the] prevailing party is allowed costs."

This Court has great discretion in allocating and deciding which costs are allowable. In exercising this discretion, the Court is able to take the Plaintiff's legal and equitable arguments into consideration, particularly when examining the costs Defendants seek to tax through the lenses of fairness and reasonableness. See *Christian v. Tackett*, 86 F.R.D. 220 (N.D. MS 1979), (Taxing of costs is completely within the discretion of the court which has equitable power to review particular items to determine whether or not amount taxed is in any way excessive.); *Prashker v. Beech Aircraft Corp.*, 24 F.R.D. 305 (Del 1959), (There is no distinction between equitable or legal considerations as to the discretion of the court in allowing costs.).

Parties spent millions of dollars on the Plaintiff's bellwether trial, in preparing and bringing it to trial and would not have done so had this not been a bellwether designation. As such, Plaintiff would request that this honorable Court use its broad discretion to look at the issues of reasonableness and fairness of the costs sought by Defendants. It is well within the Court's authority and discretion to exclude those costs which Defendants seek to tax that are unreasonable, excessive or simply unfair. Plaintiff humbly requests that this Court require Defendants to offer proper support and justification for any costs sought, and to exclude those which it deems to be unreasonable, excessive or unfair.

**III.     Taxable Costs Should be Distributed Amongst the Plaintiff Population**

Plaintiff Lyndon Wright was selected and put forth as a bellwether plaintiff to assist in the adjudication of the approximately 90,000+ plaintiffs in the Fema Formaldehyde Products Liability Litigation, MDL No. 07-1873. As one of only a handful of plaintiffs selected by the

4

Court to represent the total plaintiff population, the Plaintiff's trial was given attention and resources, by all parties, that as an individual trial it would never have received. Literally millions of dollars were spent by all parties in bringing the Wright matter to trial. This included five weeks of destructive testing of the Forest River unit, by numerous experts, in large part to gain an appreciation of issues that went far beyond this single trial. Additionally, many depositions were taken with the intention of utilizing the information gained for future trials, and not just the instant one. As this Court is well aware, a large number of witnesses were presented through video deposition, in a manner that will be available to every case hereforward.

Because of the representative nature of the instant suit, individually and as part of the MDL, it would be unfair to tax the Plaintiff individually for the tremendous expenses incurred on behalf of, and in the furthered interest of the entire plaintiff population of the MDL. Further, the taxation of hundreds of thousands of dollars, or more, will place a burden on Lyndon Wright that he should not have to bear individually, particularly in light of the nature of his bellwether trial. As such, Plaintiff humbly requests that this honorable Court tax any costs it deems fair and reasonable against the total plaintiff population and the plaintiffs' steering committee, rather than against Lyndon Wright individually.

### IV.    Conclusion

Plaintiff argues that the open-ended nature of the taxable costs sought by Defendants leaves room for seeking costs outside those allowed pursuant to 28 U.S.C. §1920. Further, the Court has great discretion in determining the fairness and reasonableness in assessing the costs, if any, against the Plaintiff. Alternatively, Plaintiff requests that should the Court order any taxable costs, they be assessed against the general plaintiff population and against the PSC, rather than the Plaintiff individually in this matter. As such, Plaintiff prays that this Court

modify the proposed judgment to create some limitations on the taxable costs language, if any, for the judgment entered, and that it review any bill of costs with a high level of scrutiny to determine that any costs awarded are reasonable and fair, and are not excessive.

   Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

s/ Gerald E. Meunier
GERALD E. MEUNIER, # 9471
**PLAINTIFF'S' CO-LIAISON COUNSEL**
Gainsburg, Benjamin, David, Meunier & Warshauer, L.L.C
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
T: 504/522-2304
F. 504/528-9973
gmeunier@gainsben.com

s/ Justin I. Woods
JUSTIN I WOODS, #24713
**PLAINTIFF'S' CO-LIAISON COUNSEL**
Gainsburg, Benjamin, David, Meunier & Warshauer, L.L.C
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
T: 504/522-2304
F. 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON. #9938
MIKAL WATTS, Texas #20981820
DENNIS REICH, Texas #16739600

**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on April 27, 2010.

                                s/ Gerald E. Meunier
                                GERALD E. MEUNIER, # 9471