UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Nunnery, et al v. Keystone RV Industries., et al,*
E.D. La. Case No. 09-3871

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION MEMORANDUM IN RESPONSE TO KEYSTONE'S
<u>MOTION TO COMPEL DISCOVERY</u>**

MAY IT PLEASE THE COURT:

Plaintiff, David McGraw, hereby opposes Keystone RV Company's (Keystone) Motion to Compel Discovery requesting this Court to order Mr. McGraw to disclose his highly sensitive and personal IRS tax returns. Keystone's Motion to Compel must be denied as it fails to comply with Local Rule 37.1 of the Eastern District of Louisiana and because Keystone has failed to show that such discovery is relevant or the existence of a compelling need.

I. **LAW AND ARGUMENT**

    a. **Keystone Failed to Comply with Local Rule 37.1**

Pursuant to Local Rule 37.1 of the Eastern District of Louisiana, a party seeking to compel discovery must first attempt to confer with opposing counsel relative to the dispute giving rise to the motion. Only once it has been determined that the matter cannot be resolved amicable is a motion to compel deemed necessary. Local Rule 37.1 specifically states,

> "No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice."

Here, Keystone has failed to confer with counsel for Mr. McGraw on the dispute of tax returns and failed to certify any attempts to confer when it filed it Motion to Compel. Rec. Doc. 13270. Accordingly, Keystone's Motion to Compel is improper and premature.

### b. Mr. McGraw's Tax Returns Require A Higher Burden of Discoverability

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is <u>relevant</u> to any party's claim or defense." (emphasis added) The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Hebert v. Lando*, 441 U.S. 153, 176, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1971). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

With regard to income tax returns, courts acknowledge that they are "confidential communications between a taxpayer and the government." *Robinson v. Duncan*, 255 F.R.D. 300, 302 (D.D.C. 2009); *accord Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993). Income tax returns are highly sensitive documents, and thus, courts are reluctant to order their routine disclosure as part of discovery. *Mohnot v. Bhansali*, 2001 WL 515242, *1 (E.D.La. 2001). "Not only are tax payer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system. *Nat'l Gas Pipeline Co. of Am.*, 2 F.3d at 1411. Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both the private nature of the sensitive

information contained therein and the public interest in encouraging the filing by tax payers of complete and accurate returns. *Carmody v. Village of Rockville Centre*, 2007 WL 2042807, *2 (E.D.N.Y. 2007).

It is well settled that courts do not impose a 'privilege' against the disclosure of tax returns, rather they recognize a general federal policy limiting the disclosure to appropriate circumstances. *Robinson*, 255 F.R.D. at 302. In order to determine whether disclosure is appropriate, the court must conclude (1) that the returns are relevant to the subject matter of the action; and (2) that there is a compelling need for the returns because the information contained therein is not readily otherwise obtainable. *Id.*

The first issue, therefore, is whether Keystone has shown that Mr. McGraw's tax returns are indeed relevant. Keystone argues Mr. McGraw's tax returns are at issue in the litigation based upon his Complaint. Rec. Doc. 13270, p. 5. However, Keystone has failed to disclose that the plaintiff has also stated that he is no longer pursuing any wage loss or economic loss claim against Keystone or any other defendant. *See* Plaintiff's Revised Responses to First Set of Discovery Request from Defendant Keystone RV Company, p. 10, attached hereto as Exhibit A. Given that the plaintiff has withdrawn his claims for wage or economic loss, there remains no other issue of fact to render Mr. McGraw's tax returns relevant to the current litigation. The opinion in *Butler v. Exxon Mobil Refining and Supply Co.*, 2008 WL 4059867 (M.D.La. 2008), the case heavily relied upon by Keystone, can easily be distinguished from the case at bar. In *Butler*, the Court only found the tax returns relevant because the plaintiff was pursuing past and future lost wages and benefits. *Butler*, 2008 WL 4059867, *2. *Cf. Robinson v. Duncan*, 255 F.R.D. 300, 302 (D.D.C. 2009) (holding that where plaintiff had not placed her income and

earning capacity at issue by seeking past and future lost wages and benefits, her tax returns were irrelevant).

Furthermore, Keystone has failed to cite any compelling reason for the disclosure of Mr. McGraw's tax returns. In its Motion to Compel, Keystone vaguely references the potential to discover the amount of time Mr. McGraw spent in his Keystone unit. However, Mr. McGraw's tax returns will not yield that information. The very least that must be shown in order to prove a 'compelling reason' for discovery of tax returns is that the information sought must not be readily obtainable elsewhere. *See Robinson*, 255 F.R.D. at 302. Here, Keystone could easily discover how much time Mr. McGraw spent working in the kitchen at Galatoire's through Mr. McGraw's employment records. Accordingly, even if Mr. McGraw's tax returns were relevant, there can be no compelling need to the disclosure where Keystone could readily obtain that information elsewhere through less obtrusive discovery methods.

Keystone has also put forth an alleged compelling need to discover whether Mr. McGraw had any other jobs or employment locations. Rec. Doc. 13270. However, Keystone has shown absolutely no indication of any suggestion that that might be the case. Thus, Keystone is seeking the returns because of a theoretical possibility that there exists another source of exposure to formaldehyde about which Mr. McGraw complains. This could be said of any plaintiff who claims exposure to any toxin or other chemical in any litigation. *See Robinson*, 255 F.R.D. at 302. A potential ***chance*** of discovering information cannot possibly rise to the level of a compelling need, just as the mere chance of catching fish does not sanction a fishing expedition.

Keystone's Motion to Compel is pursuing highly sensitive and private information that is irrelevant to the litigation and would not reveal the information it seeks. To allow Keystone to compel Mr. McGraw's tax returns under these facts would represent an unjustified intrusion into

Mr. McGraw's confidential communications with the government and would be an abuse of the discovery process. For all the reasons argued above, David McGraw requests this Court deny Keystone's Motion to Compel and protect him from Keystone's unwarranted intrusion.

    Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       ROBERT BECNEL, #14072
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       DENNIS REICH, Texas #16739600
       MIKAL WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on April 27, 2010.

          /s/Gerald E. Meunier
          GERALD E. MEUNIER