.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE  * | MDL NO. 1873 |
| PRODUCT LIABILITY LITIGATION  * | |
| * | SECTION "N-5" |
| * | |
| THIS DOCUMENT IS RELATED TO: 09-3871  * | JUDGE ENGELHARDT |
| * | MAG. JUDGE CHASEZ |
| Nunnery v. Keystone Industries, Inc., et al  * | |

*********************************************************************************

### PLAINTIFF DAVID L. MCGRAW'S REVISED RESPONSES TO
### FIRST SET OF DISCOVERY REQUESTS FROM
### DEFENDANT KEYSTONE RV COMPANY

NOW INTO COURT, through undersigned counsel comes plaintiff, David L. McGraw, who responds to the discovery propounded to him by Keystone RV Company, as follows:

### GENERAL OBJECTIONS

All responses by plaintiff to Keystone RV Company's discovery requests are made subject to, and without waiving, the following general objections, which are incorporated into every response by reference, namely that plaintiff objects:

1.      To the defendant's discovery to the extent that any such request seeks information subject to the attorney/client, work product or other applicable privilege. Information or documents subject to any such privilege or other protection will not be produced. The inadvertent production of any documents subject to a claim of privilege shall not be deemed or construed as a waiver of that privilege.

2.      To each and all of the defendant's discovery insofar and to the extent they seek information not related to the subject matter of this lawsuit and not reasonably calculated to lead to the discovery of admissible evidence.



PLAINTIFF'S EXHIBIT
4

3.      To each and all of the defendant's discovery insofar as the requested documents or information are voluminous and the production or furnishing of which would impose a burden in the form of time and expense upon the petitioners.

4.      To each and all of the defendant's discovery insofar and to the extent they seek to impose upon defendant discovery obligations in excess of his obligations under the Federal Rules of Civil Procedure.

5.      To each and all of the defendant's discovery  insofar and to the extent that they are unduly vague and/or fail to describe the documents requested with reasonable particularity.

6.      To each and all of the defendant's discovery insofar and to the extent that they  call for petitioner to produce documents or information already in the possession of the defendants.

The agreement of plaintiff to produce any documents sought by any discovery is not a concession that responsive documents exist or have ever existed.

Plaintiff's answers and objections are based upon the best information presently available.

Plaintiff reserves the right to amend, supplement, correct or clarify her answers if other or additional information is obtained, and to interpose additional objections or move for an appropriate protective order if deemed necessary.

Subject to the foregoing General Objections, plaintiff respond to Keystone RV's discovery in chronological order as follows:

**INTERROGATORY NO. 1.**

Please identify every individual who has first hand knowledge about the FEMA unit or any injuries, health concerns or problems of any type you have (or have had) regarding the FEMA unit. For each individual, please include in your answer the individual's full name, address, telephone

number and email address (if known), along with a brief description of the knowledge possessed by the individual.

## ANSWER TO INTERROGATORY NO. 1.

Plaintiff objects to this interrogatory because it is vague and confusing. Subject to the objection, plaintiff states: Belinda Henry (sister) - has knowledge of plaintiff's complaints of sinus problems and headaches while and since residing in the EHU; Robert Smith (neighbor) - same as above.

## INTERROGATORY NO. 2.

Please describe each repair, maintenance activities or work of any type concerning the FEMA unit. In your answer, please include a description of the activity, the dates on which it was performed and the person(s) who performed it.

## ANSWER TO INTERROGATORY NO. 2.

Plaintiff objects to this interrogatory because he is unaware of each and every repair or type of maintenance performed on the unit. Further, during his occupancy, FEMA periodically performed inspections and any repairs or maintenance performed during that time should be reflected in FEMA's records on this unit. Plaintiff does assert that at various times during his occupancy, he complained about a serious rodent infiltration/infestation in the subject unit to FEMA and/or contractor employees.

## INTERROGATORY NO. 3.

Please identify every doctor, medical provider or medical facility from/at which you have received medical treatment from January 1, 1995 through the present. Please include in your answer the address and telephone number of each doctor, provider or facility, along with a description of the

-3-

treatment you received.

**ANSWER TO INTERROGATORY NO. 3.**

Plaintiff objects to this interrogatory as it is unduly burdensome and undermines the court-approved PFS process in which an answer was provided. Subject to the objection, plaintiff has not seen any other physician between 1995 and 2002.

**INTERROGATORY NO. 4.**

Please identify every pharmacy from which you have purchased and/or received prescription medications from January 1, 1995 through the present. Please include in your answer the address of the pharmacies you identify.

**ANSWER TO INTERROGATORY NO. 4**

See answer to Interrogatory No. 3 above. Subject to the objection, plaintiff has not purchase and/or received prescription medications between 1995 and 2002.

**INTERROGATORY NO. 5.**

Please identify every therapist, social worker, or counselor of any type (including religious counselors or pastors) who have counseled or treated you in any way from January 1, 1995 through the present. Please include in your answer the address and telephone number of any individuals you identify, along with the dates of counseling/treatment and the nature of the counseling/treatment.

**ANSWER TO INTERROGATORY NO. 5.**

See answer to Interrogatory No. 3 above. Subject to the objection, plaintiff has not been counseled or treated between 1995 and 2002.

**INTERROGATORY NO. 6.**

Please identify any email accounts or and/or addresses used by you, or any members of your

immediate family from January 1, 2005 through the present.

**ANSWER TO INTERROGATORY NO. 6**

See answer to Interrogatory No. 3 above.  Subject to the objection, plaintiff did have an email account for a brief period of time following his occupancy in the ehu.  Plaintiff does not recall the email address but is diligently searching for information that will identify such.

**INTERROGATORY NO. 7.**

Please identify any experts you have retained and/or consulted with relating to your claims against Keystone.

**ANSWER TO INTERROGATORY NO. 7**

Plaintiff objects to this interrogatory on the basis that it is premature.  Plaintiff will provide this information pursuant to the Scheduling Order entered in this matter.

**INTERROGATORY NO. 8.**

Please describe all lawsuits or criminal proceedings of any type in which you have been involved from January 1, 1991 through the present.

**ANSWER TO INTERROGATORY NO. 8**

Plaintiff objects to this interrogatory in that it will not produce information relevant to this litigation.

**INTERROGATORY NO. 9.**

Please identify every individual associated with FEMA, any federal, state or local governmental agency, or Keystone, with whom you have had any contact, communication or correspondence, relating to the FEMA unit.  In your answer, please include the individual's name, address and telephone number, the relevant dates and the nature of the contact, communication

and/or correspondence.

**ANSWER TO INTERROGATORY NO. 9**

Plaintiff objects to this interrogatory because it is unduly burdensome. Plaintiff cannot recall each individual whom he has contacted, communicated or corresponded with relating to this unit.

Plaintiff does direct defendant to the Individual Assistance file maintained by FEMA for further information. The IA file identifies the following individuals who made in-person site visits to the ehu during plaintiff's occupancy: Alicia Benjamin (FEMA employee); Charlotte Jackson (FEMA employee). There may be others who plaintiff may have contacted, communicated with or corresponded with regarding the unit however, plaintiff cannot recall each individual at this time.

**INTERROGATORY NO. 10.**

Please identify every job you have held from January 1, 1991 through the present and please identify your approximate income and source of income in each year since that date through the present.

**ANSWER TO INTERROGATORY NO. 10**

| | |
|---|---|
| 1991-1992: | Wendy's Fast Food Restaurant (Canal St. - no longer there); |
| 1992-2005: | Mike Anderson's Seafood Restaurant |
| 2003 - Present: | Galatoire's Restaurant |

**INTERROGATORY NO. 11.**

Please describe all testing of any type performed on the FEMA unit, including the date(s) of such work and the identify of any persons performing such testing.

**ANSWER TO INTERROGATORY NO. 11**

None that plaintiff is aware of.

**INTERROGATORY NO. 12.**

Please identify any person(s) who completed or helped you complete your Plaintiff Fact Sheet. In addition, please describe the process by which you completed your Plaintiff Fact Sheet.

**ANSWER TO INTERROGATORY NO. 12.**

Unsure of individual's name; The Hurricane Legal Center contracted with Flatworld Solutions, Inc. To interview its clients for completion of the PFS.counsel with Hurricane Legal Center.

**INTERROGATORY NO. 13.**

Please:

(a)    identify the date on which you first had contact with an attorney and/or law firm concerning the injuries for which you seek recovery in this lawsuit; and

(b)    identify the attorney(s) and/or law firm(s) with whom you had such contact.

**ANSWER TO INTERROGATORY NO. 13.**

Plaintiff cannot recall the date upon which he first had contact with an attorney. Plaintiff ultimately hired the Hurricane Legal Center to represent him on June 23, 2008.

**INTERROGATORY NO. 14.**

Please identify any witnesses you may call at the trial of this matter to testify about the FEMA unit, formaldehyde and/or any injuries for which you seek recovery in the lawsuit. Please include in your answer a description of the witness(es) testimony.

**ANSWER TO INTERROGATORY NO. 14.**

See answer to Interrogatory No.7 above.

**INTERROGATORY NO. 15.**

Please identify all credit cards you have used or had access to, regardless of whether the credit cards are in your name, since January 1, 2005. In your answer, please include the name of the credit card issuer, credit card number, whether the card is currently active, and whether you have possession of the card(s).

**ANSWER TO INTERROGATORY NO. 15.**

Plaintiff objects to this interrogatory because it is not calculated to lead to relevant information and thus on its face, it is meant to harass.

**INTERROGATORY NO. 16.**

Please identify all bank accounts you have used or have had access to, regardless of whether that account is in your name, since January 1, 2005. In your answer please include the name of the bank, account number, the type of account, whether any debit and/or check cards are authorized on the account and whether you have possession of the card(s).

**ANSWER TO INTERROGATORY NO. 16.**

See answer to Interrogatory No. 15 above.

**INTERROGATORY NO. 17.**

Please identify each person, including members of your immediate family, who have resided in or visited the FEMA unit at any point.

**ANSWER TO INTERROGATORY NO. 17**

Deondra McGraw - plaintiff's 17 year old daughter who made approximately five weekend visits throughout his residency.

-8-

**INTERROGATORY NO. 18.**

Please describe all damages of any kind that you claim to have suffered as a result of living in the FEMA unit. Please include in your answer the date(s) on which you suffered the damages.

**ANSWER TO INTERROGATORY NO. 18.**

Please refer to the following documents in response to this interrogatory: PFS completed by David McGraw on August 3, 2009; Form 95's completed by David McGraw on June 23, 2008 and supplemented on May 26, 2009; Complaint filed on June 15, 2009 and Supplemental and Amending Complaint filed on January 19, 2010.

**INTERROGATORY NO. 19.**

Please describe all physical and/or emotional symptoms you contend were caused by living the in the FEMA unit. For any such symptoms, please identify the date on which the symptom began, and, if the symptom is recurring, the frequency of the symptom.

**ANSWER TO INTERROGATORY NO. 19.**

See answer to Interrogatory No. 3 above.


**INTERROGATORY NO. 20**

Excluding the FEMA unit, please identify any travel trailers, mobile homes or park model trailers you lived in for any period of time from 2001 through the present. For each such trailer or mobile home, please include in your answer the time period when you lived in the unit, the manufacturer and VIN number of the trailer or mobile home, the location of the unit (both at the time you lived in it and presently) and the names of any other individuals who lived in the unit.

**ANSWER TO INTERROGATORY NO. 20.**

None.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1.**

Please produce any documents that you may or will use as an exhibit and/or introduce into evidence at the trial of this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Plaintiff objects to this interrogatory as it is premature.  Plaintiff will produce such documents pursuant to the Scheduling Order entered in this matter.  Subject to that objection, see attached.

**REQUEST FOR PRODUCTION NO. 2.**

Please produce a curriculum and/or resume for any experts identified in response to Interrogatory No. 7 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2.**

See response to Request No. 1. None at this time, plaintiff will supplement this response.

**REQUEST FOR PRODUCTION NO. 3.**

Please produce copies of all your federal and state tax returns (including all attachments and schedules from 2001 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3.**

As plaintiff is not asserting a wage/economic loss claim, he objects to this request as it is not calculated to lead to relevant information.

-10-

**REQUEST FOR PRODUCTION NO. 4.**

Please produce all documents relating to assistance of any type you and/or any member of your family received from the federal, state or local government in connection with Hurricane Katrina.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4.**

See response to Request No. 1 which attaches and references the Individual Assistance / Disaster File of FEMA for David McGraw.

**REQUEST FOR PRODUCTION NO. 5.**

Please produce all your medical records (including, but not limited to pharmacy or prescription drug records) from January 1, 1995 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5.**

None in possession.  Plaintiff will supplement as necessary.

**REQUEST FOR PRODUCTION NO. 6.**

Please produce all documents relating to any testing of the FEMA unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6.**

None.

**REQUEST FOR PRODUCTION NO. 7.**

Please produce all documents you *sent to* or *received from* FEMA concerning: (a) the FEMA unit; (b) the disaster assistance you received from FEMA; and/or (c) any other emergency housing units or housing provided by FEMA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7.**

_____See response to Request No. 4.

-11-

**REQUEST FOR PRODUCTION NO. 8.**

Please produce all documents written, reviewed, considered or relied upon by any experts or consultants who will or may offer an expert opinion in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8.**

See response to Request No. 2.

**REQUEST FOR PRODUCTION NO. 9.**

Please produce all photographs, films, slides, audio or video recordings or graphic representations of any type related to your claims in this lawsuit, the FEMA unit and/or any other emergency housing supplied by FEMA that you lived in.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9.**

None.

**REQUEST FOR PRODUCTION NO. 10.**

Please produce all documents related to any repair, maintenance or work of any type performed on the FEMA unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10.**

See answer to Interrogatory No. 9 and response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 11.**

Please produce any documents that support your claim that the FEMA Unit contained unhealthy levels of formaldehyde.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11.**

See response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 12.**

Please produce all documents related to any civil lawsuit (excluding this lawsuit) or criminal proceeding in which you have been involved from January 1, 1991 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12.**

See answer to Interrogatory No. 8.

**REQUEST FOR PRODUCTION NO. 13.**

Please produce all documents containing advertisements or solicitations for legal representation relating to your FEMA unit, your claims against FEMA, Keystone or other RV manufacturers, or in any way related to this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13.**

None.

**REQUEST FOR PRODUCTION NO. 14.**

Please produce all documents concerning the FEMA unit, formaldehyde, and/or this litigation that you received from any person (including other attorneys) other than Lawrence Centola (or any representative of his law firm and/or the Hurricane Legal Center).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14.**

See response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 15.**

Please produce all documents related to any employment you have held from January 1, 1991 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15.**

None.

**REQUEST FOR PRODUCTION NO. 16.**

Please produce all medical records (including, but not limited to, pharmacy or prescription drug records) from January 1, 1991 through the present, for any member of your immediate family who resided in the FEMA unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16.**

See response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 17.**

Please produce copies of all owners' manuals, brochures, instruction sheets or similar documents relating in any way to the FEMA unit that was provided to you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17.**

See response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 18.**

Please produce a copy of all documents you sent to or received from CH2M Hill or any representative of that entity that relates to the FEMA unit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18.**

None.

**REQUEST FOR PRODUCTION NO. 19.**

Please produce all claim forms, affidavits, statements or reports of any type relating to the FEMA unit, your alleged exposure to formaldehyde, or your claims in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19.**

See response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 20.**

Please produce all documents (including but not limited to, sale documents, construction documents and remodeling or renovation related documents) related to any property (e.g., houses, lots, tracts of land) owned, rented or purchased by you since January 1, 2005 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20.**

Plaintiff objects to this interrogatory as it will not lead to the discovery of relevant information.

**REQUEST FOR PRODUCTION NO. 21.**

Please produce copies of utility bills or statements of any type paid by you since January 1, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21.**

See response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 22.**

Please produce copies of any cancelled checks or documents showing payment of any utility bills or statements paid by you and/or your husband since January 1, 2005.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22.**

See response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 23.**

Please produce copies of any leases entered into by you January 1, 2005 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

See response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 24.**

Please produce copies of any cancelled checks or documents showing payment pursuant to any lease entered into by you and/or your husband from January 1, 2005 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24.**

_____See response to Request No. 20.

**REQUEST FOR PRODUCTION NO. 25.**

Please produce copies of any documents related in any way to any travel trailers, mobile homes or park model trailers other than the FEMA unit that you lived in from 2001 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

None.

**REQUEST FOR PRODUCTION NO. 26.**

Please produce copies of any documents you referred to in your responses to the interrogatories listed above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26.**

See response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 27.**

Please produce copies of any documents your reviewed and/or relied upon in responding to the interrogatories listed above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27.**

See response to Request No. 7.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

**BY:** s/Gerald E. Meunier
**GERALD E. MEUNIER, #9471**
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

\

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2010, a copy of the foregoing document was forwarded to all counsel of record via electronic mail.

s/Justin I. Woods
JUSTIN. I. WOODS, #24713

-18-