UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER　　　　　　　　　　　MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION　　　　　　SECTION "N-5"

　　　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT
　　　　　　　　　　　　　　　　　　　　　　MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' OPPOSITION TO DEFENDANT FLUOR ENTERPRISES, INC.'S
MOTION FOR PARTIAL JUDGMENT
ON THE PLEADINGS TO DISMISS LOUISIANA PRODUCT LIABILITY CLAIMS
IN THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED
<u>ADMINISTRATIVE MASTER COMPLAINTS</u>**

MAY IT PLEASE THE COURT:

　　Plaintiffs, through undersigned counsel, hereby oppose Defendant, Fluor Enterprises, Inc.'s ("FEI") Motion for Partial Judgment on the Pleadings to Dismiss Louisiana Product Liability Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Doc. 13423) and in support would show:

**I.  Background**

　　Plaintiffs in this Multi-District Litigation were provided emergency housing units by the Federal Government under the provisions of the Stafford Act. As part of the process of assisting those displaced individuals, FEMA contracted with corporations, such as FEI, to transport and transform travel trailers into temporary substitute housing. In FEI's motion, it claims they are not liable under the LPLA because they do not qualify as a "manufacturer." However, the facts demonstrate that FEI's construction and/or modifications transformed the travel trailers into

temporary housing units. Furthermore, FEI's construction and/or modifications contributed to the damages complained of by the plaintiffs.

## II. ARGUMENT AND AUTHORITIES

### a. Partial Judgment on the Pleadings Standard

#### i. Rule 12(c) Standard

In analyzing a Judgment on the Pleadings, the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Furthermore, the court must accept all well-pleaded facts as true. *Martin K. Eby Constr. Co., v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Thus, the inquiry focuses on the allegations in the pleadings, and not on whether the "plaintiff actually has sufficient evidence to succeed on the merits." *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Moreover, where pleaded facts are in dispute, as they are *sub judice*, judgment on the pleadings is premature. *See Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956).

#### ii. Rule 12(b) Standard

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *See Southern Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001). In considering a Rule 12(b) motion to dismiss, the Court must take the well-pleaded factual allegations of the complaint as true. *See Jaufre v. Taylor*, 03-0028, 04 WL 1444945, at *1 (E.D.La. 2004) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In addition, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.352, 257 (5th Cir. 2001); *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 310 (5th Cir. 2002). The issue is not whether

the plaintiffs will ultimately prevail, but whether they are entitled to offer evidence to support their claim. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974). Accordingly, the Court may dismiss a complaint "only if it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim that would entitle [them] to relief. *Jaufre*, *1.

### b. FEI Qualifies as a Manufacturer Under the LPLA

FEI's Motion for Judgment on the Pleadings regarding claims against it under the LPLA must be denied as the plaintiffs have made sufficient factual allegations in its pleadings that FEI qualifies as a manufacturer. The LPLA "establishes the exclusive theories of liability for manufacturers for damages caused by their products." La. R.S. §9:2800.52. Pursuant to La. §9:2800.53(1), a manufacturer is defined under the LPLA as:

(1) "Manufacturer" means a person or entity who is in the business of manufacturing a product for placement into trade or commerce. "Manufacturing a product" means producing, making, fabricating, constructing, designing, remanufacturing, reconditioning or refurbishing a product. "Manufacturer" also means:

    a. A person or entity who labels a product as his own or who otherwise holds himself out to be the manufacturer of the product

    b. A seller of a product who exercises control over or influences a characteristic of the design, construction or quality of the product that causes damage.

    c. A manufacturer of a product who incorporates into the product a component or part manufactured by another manufacturer.

La. R.S. §9:2800.53(1). "[F]or purposes of products liability, [the manufacturer of a product] includes not only the original manufacturer, but also any entity that substantially modifies or materially alters the product after its original manufacture through the use of different

3

components or methods of assembly." *Marshall v. Beno Truck Equip. Inc.,* 481 So.2d 1022, 1031 (La. App. 1 Cir. 1985) (citing *Spillers v. Montgomery Ward & Co., Inc.,* 294 So.2d 803 (La. 1974); *LeBouef v. Goodyear Tire & Rubber Co.,* 623 F.2d 985 (5th Cir. 1980) (A corporation or other entity may be liable in product liability for product modifications that engender injury-causing defects). In the matter before this Court, FEI qualifies as a manufacturer and is within the scope of the LPLA for two primary reasons: (1) FEI constructed the final defective product used by the plaintiffs and (2) FEI's actions significantly modified and materially altered the product, the travel trailers.

### c. FEI Constructed the Final Defective Product

FEI's actions herein render FEI a "manufacturer" within the scope of the LPLA, because FEI modified recreational vehicles (travel trailers) into units intended for prolonged, long-term residency. An entity responsible for the final, defective end-product is considered under the LPLA to be a "manufacturer." *Bearly v. Brunswick Mercury Marine Div.*, 888 So.2d 309, 312 (La. App. 2 Cir. 2004) (citing *Rey v. Cuccia*, 298 So.2d 840 (La. 1974); *Austin's of Monroe, Inc.*, *v. Brown*, 474 So.2d 1383 (La. App. 2 Cir. 1985).

The travel trailers at issue were recreational vehicles. Absent modification, they were not suitable for long-term dependency. As a contractor, FEI prepared each travel trailer for long-term occupancy by transporting the trailer to a residential destination, "jacking up" the trailers onto concrete piers so as to make these erstwhile vehicles immobile, and then hooking the trailers up to utilities and plumbing for long-term residential use. These recreational vehicles were assigned "VIN" or "vehicle identification numbers" when initially manufactured; they were not HUD-regulated housing units because, as vehicles, they were not intended for long-term residency. The crucial modifications by FEI are what converted these recreational vehicles into

4

residential units, and these modifications fundamentally altered the use of the product, giving rise to the precise risk of harm (formaldehyde exposure) alleged by plaintiffs.

### i. FEI's Assembly of the EHUs Qualifies as Construction Under the LPLA

FEI's modification activity in this case is very much analogous to the type of "construction" recognized under Louisiana law. In *Coulon v. Wal-mart*, 734 So.2d 916 (La. App. 1 Cir. 1999), Wal-mart was held to be a manufacturer under the LPLA after assembling a bicycle unit that proved to be defective. Relying on the definition of "construction" as set out in *Black's Law Dictionary*, the court found that "the term 'manufacturing a product' indirectly refers to assembling; thus one who assembles a product is properly deemed a manufacturer of the assembled product under the LPLA. *Id.* at 919. Here, FEI utilized component parts such as electrical lines, plumbing lines and concrete piers to "assemble" a residential unit, something intended for long-term occupancy. Before this assembly, the product in question was a mobile, recreational vehicle, <u>not</u> fit or intended for the type of residential use only made feasible by the adding and assembly of electrical, plumbing and pier components. Moreover, it is alleged, and for present purposes established, that the assemblage/modification steps taken by FEI increased moisture intrusion and formaldehyde exposure. *See* Third Supplemental and Amended Administrative Master Complaint, ¶159. *See generally Spillers v. Montgomery Ward & Co.*, 294 So.2d 803 (La. 1974) (finding that an entity may be liable for modifications that create injury-causing defects).

FEI attempts to distinguish *Coulon* on the grounds that *Coulon* is limited to its facts, and "insofar as the unassembled bicycle is concerned, each individual piece of the bicycle cannot be used by itself." Rec. Doc. 13423, p. 15. This argument is untenable, as the Supreme Court of

Louisiana recognized in *Spillers*: "[a] manufacturer is no less a manufacturer because his product is composed in part of units manufactured by another." *Spillers*: 294 So.2d at 807. Thus, "while a bike is not a bike until assembled," simply because FEI assembled a product composed of previously manufactured components does not preclude FEI from attaining manufacturer status under the LPLA. Furthermore, *Coulon* is not limited to its facts. This Court, the Fifth Circuit, and other Louisiana state courts have relied on *Coulon* for the assertion that a "manufacturer includes on 'who assembles a product for sale." *Mcauslin v. Grinnell Corp.*, 2000 WL 1655242, *5 (E.D.La. 2000); *see also Haley v. Wellington Specialty Ins. Co.*, 4 So.3d 307, 312 (La. App. 2 Cir. 2009); *Thibodeaux v. Krouse*, 991 So.2d 1126, 1134 (La. App. 1 Cir. 2008); *Ellis v. Weasler Engineering, Inc.*, 258 F.3d 326 (5th Cir. 2001). Thus, *Coulon* is persuasive in defining FEI as a manufacturer under the LPLA.

### d. **FEI Materially Modified and Altered the Mobile Trailers.**

FEI also qualifies as a manufacturer under the LPLA because of its substantial modifications to the travel trailers. As recognized in *Marshall*, a manufacturer "includes not only the original manufacturer, but also any entity that substantially modifies or materially alters the product after its original manufacture through the use of different components or methods of assembly." *Marshall*, 481 So. 2d at 1031. Here, FEI converted and transformed the mobile trailers into stationary, residential housing. FEI added residential appliances, plumbing, electricity, and other utilities that created a semi-permanent housing structure intended for long-term use.

FEI attempts to deny manufacturer status by relying on *Hughes vs. Pogo Producing Co.*, 2009 WL 536047 (W.D. La. Mar. 3, 2009) and *Parks v. Baby Fair Imports, Inc.,* 726 So. 2d 62 (La. App. 5th Cir. 1998). However, both cases are factually and legally dissimilar from the case

6

at bar. In *Hughes*, the issue was whether a defendant oil-rig platform builder/seller was considered a manufacturer of bunk beds based on the welding of the beds to the platform. *Hughes*, 2009 WL 536047 at *1. In granting summary judgment, the court focused on the fact that the builder did not design nor modify the bunk beds, and the welding did not alter the beds nor create the alleged defective condition. *Id.*

Similarly, in *Parks*, the issue was whether a defendant retailer of a children's shirt was considered a manufacturer based on the retailer's ability to choose certain features of the shirt when ordering. *Parks*, 726 So. 2d 62 and 63. Because the defendant retailer had nothing to do with the shirt beyond selecting fiber, content and color, the court granted summary judgment.

Both *Hughes and Parks* provide the outer bounds of manufacturer liability and more appropriately apply to non-manufacturer seller liability. *See Hughes*, 2009 WL 536047 at *2 ("We believe the legislature required more direct and specific conduct on part of the seller.") (quoting *Parks*, 726 So. 2d at 64) (emphasis added). However, the actions of FEI fall square within manufacturer liability due to the direct and specific actions to modify and materially change the mobile trailer. As previously noted, FEI engaged in modifications to convert mobile trailers into long-term, residential units. These modifications were not incidental, but substantial; they in fact were modifications without which the travel trailers could not have been used residentially by plaintiffs, and without which the alleged harm of exposure herein could not have occurred.

In prior rulings expressly limited to bellwether trial cases, this Court has declines to hold that FEI was an LPLA "manufacturer." *See e.g.* Rec. Doc. 3271. The instant motion, however, calls for a ruling with a far broader sweep of factual application, and a ruling which would be dispositive as a matter of law for all plaintiffs in this MDL. Plaintiffs respectfully submit that this

7

outcome would be, at the very least, premature and insupportable under the present record. General discovery should be conducted, within an appropriate time-frame to explore and develop the relationship between the intended use and purposes of the travel trailers as recreational vehicles, and the use and purpose of these trailers as modified by the defendant contractors. What did the various travel trailer manufacturers provide as written limitations on the use of their trailers in terms of prolonged occupancy, and how did this "scope of use" change once the trailers were modified? The PSC respectfully asks that the motion is too important, and has too broad an impact, not to be accompanied by a more complete record in this regard.

## CONCLUSION

While FEI wishes to characterize their actions as making "minor" adjustments, to do so would ignore the clear scope and depth of their actions. FEI served as the bridge that converted a temporary mobile unit to one intended to house occupants for the long-term. FEI's motion regarding claims against it under the LPLA must fail as the LPLA clearly provides that an entity who engages in construction or substantial modification of a product is a "manufacturer." The evidence establishes that FEI, in modifying recreational vehicles into elevated, residential units, caused or contributed to the increased release of formaldehyde, with resulting harm to plaintiffs. *See Coulon*, 734 So. 2d at 918; *see also generally* Rec. Doc. 1346. FEI and its subcontractors at a minimum, altered the relevant characteristics of the trailers through their modification of these vehicles. Hence, FEI falls within the scope of LPLA "manufacturer" status, and under the reasoning of *Coulon*, FEI's motion for partial judgment on the pleadings as to its liability under the LPLA should be denied. Accordingly, the plaintiffs respectfully request this Honorable Court deny FEI's Motion for Judgment on the Pleadings, or, alternatively, defer a dispositive ruling on the important issue presented until a more complete record can be made.

8

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:  */s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com


*/s/Justin I. Woods*
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567

9

>LINDA NELSON, #9938
>MIKAL WATTS, Texas # 20981820
>DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I electronically mailed the foregoing document to all counsel of record who are non-CM/ECF participants.

>*/s/Gerald E. Meunier*
>GERALD E. MEUNIER, #9471