UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*David McGraw vs. Keystone RV Company,<br>CH2M HILL Constructors, Inc. and FEMA*<br>No. 09-3871 (E.D. La.) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**CH2M HILL CONSTRUCTORS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT AND FIRST AMENDED COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes defendant CH2M HILL Constructors, Inc. ("CH2M HILL"), and answers the Complaint for Damages ("Complaint") (No. 09-3871 Rec. Doc. 1) and First Supplemental and Amending Complaint for Damages ("Amended Complaint") (Rec. Doc. 10274) of David McGraw with the following affirmative defenses:

FIRST DEFENSE

The Complaint, as supplemented and amended, fails to state a claim or cause of action against CH2M HILL upon which relief can be granted.

SECOND DEFENSE

The claims against CH2M HILL have prescribed.

### THIRD DEFENSE

CH2M HILL is immune from liability under the government contractor defense because it correctly performed the work at issue according to reasonably precise specifications and had no knowledge of any danger unknown to the government.

### FOURTH DEFENSE

CH2M HILL is not a "manufacturer" within the meaning of the Louisiana Products Liability Act. CH2M HILL further denies the existence of any defect that would render CH2M HILL's work unreasonably dangerous under the LPLA.

### FIFTH DEFENSE

CH2M HILL denies that it was negligent in any way that caused harm to Plaintiff.

### SIXTH DEFENSE

CH2M HILL reasserts as affirmative defenses each and every defense raised in its Master Preservation of Defenses (Rec. Doc. 3244).

### SEVENTH DEFENSE

Plaintiff's injuries, if any, were due to his own fault or comparative fault through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or other acts or omissions which will be shown more fully at the trial of this matter.

### EIGHTH DEFENSE

All damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third persons for whom CH2M HILL is not responsible, including non-parties and parties immune by statute and, including without limitation, subcontractors, lower-tier subcontractors, and Maintenance and Deactivation Contractors ("MDCs") to whom the

Federal Emergency Management Agency ("FEMA") transferred maintenance and deactivation contractual responsibilities.

## NINTH DEFENSE

CH2M HILL had no maintenance responsibilities for Plaintiff's FEMA Trailer after it was installed.

## TENTH DEFENSE

CH2M HILL's responsibilities for Plaintiff's FEMA Trailer ended after Plaintiff was leased-in to the Trailer.

## ELEVENTH DEFENSE

All claims asserted against CH2M HILL are preempted or otherwise precluded by statutes, standards, regulations, and/or rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the Plaintiff's lease agreement with FEMA.

## TWELFTH DEFENSE

To the extent CH2M HILL is found to be a manufacturer, which is denied, CH2M HILL specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51 et seq. and/or other Louisiana law.

## THIRTEENTH DEFENSE

In the event CH2M HILL is found to be a manufacturer, which is denied, CH2M HILL specifically pleads that the subject trailer, including all component parts thereof, was properly installed in accordance with the state of the art at the time; and, therefore, there is no legal basis for any assessment of fault against CH2M HILL.

## FOURTEENTH DEFENSE

CH2M HILL further pleads that Plaintiff's claims are, or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies. CH2M HILL incorporates the Court's Order and Reasons (R. Doc. 984).

## FIFTEENTH DEFENSE

All claims against CH2M HILL are barred in whole or in part by the doctrines of estoppel, release or waiver.

## SIXTEENTH DEFENSE

CH2M HILL owes no warranty obligations to Plaintiff.

## SEVENTEENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages.

## EIGHTEENTH DEFENSE

CH2M HILL specifically pleads that any alleged fault, negligence and/or strict liability attributed to CH2M HILL, which is specifically denied, was not the proximate or legal cause of the damages sued upon herein, and that Louisiana's duty-risk analysis precludes Plaintiff's claims against CH2M HILL.

## NINETEENTH DEFENSE

Alternatively, CH2M HILL affirmatively avers that in the event it is found liable in any way to Plaintiff, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

## TWENTIETH DEFENSE

CH2M HILL is not liable under La. R.S. 9:2771 because its work conformed to FEMA's plans and specifications.

#### TWENTY-FIRST DEFENSE

CH2M HILL had no duty to warn Plaintiff of any alleged harmful conditions of the trailer.

#### TWENTY-SECOND DEFENSE

The injuries alleged by Plaintiff, if they exist at all, were legally or proximately caused by intervening and superseding causes and circumstances.

#### TWENTY-THIRD DEFENSE

Plaintiff's alleged injuries are the result of pre-existing conditions or acts/omissions that occurred after CH2M HILL was no longer responsible for the trailer at issue.

#### TWENTY-FOURTH DEFENSE

CH2M HILL is immune from liability because FEMA accepted its work.

CH2M HILL further answers the numbered paragraphs of the Complaint and First Supplemental and Amending Complaint as follows:

#### I.

Paragraph 1 of the Complaint makes a jurisdictional allegation for which no response is required.  CH2M HILL does not contest the jurisdiction of this Court.

#### II.

Paragraph 2 of the Complaint names, as plaintiffs, individuals listed on Exhibit A of the Complaint.  No response by CH2M HILL is required.

#### III.

Paragraph 3 of the Complaint names a defendant other than CH2M HILL.  No response by CH2M HILL is required.  CH2M HILL denies the allegations of Paragraph 3 of the

Complaint relating to the citizenship and business of Keystone for lack of sufficient information to justify a belief as to the truth thereof.

IV.

In response to Paragraph 4 of the Complaint, CH2M HILL admits it is a Delaware corporation with its principal place of business in Colorado, licensed to do business in Mississippi and in good standing. CH2M HILL further admits, although not pled in the Complaint, that it is licensed to do business in Louisiana and in good standing. CH2M HILL denies the remaining allegations of Paragraph 4 as being an incomplete and inaccurate representation of a written contract; CH2M HILL's contract with FEMA is a written document that speaks for itself and constitutes the best evidence of its contents, terms, conditions, and meaning.

V.

Paragraph 5 of the Complaint makes a statement about the plaintiff's own allegations. No response by CH2M HILL is required.

VI.

Paragraph 6 of the Complaint makes a jurisdictional allegation for which no response is required. CH2M HILL does not contest the jurisdiction of this Court.

VII.

Paragraph 7 makes jurisdictional allegations relating to a defendant other than CH2M HILL; no response by CH2M HILL is required. Out of an abundance of caution, CH2M HILL denies these allegations for lack of sufficient information to justify a belief as to the truth thereof.

VIII.

In response to Paragraph 8 of the Complaint, CH2M HILL admits that it is subject to personal jurisdiction before this Court in this case.

IX.

In response to Paragraph 9 of the Complaint, CH2M HILL admits that venue is proper in this case.

X.

CH2M HILL denies Paragraph 10 of the Complaint inasmuch as it to refers to multiple plaintiffs although only one is at issue in this case. CH2M HILL notes that Plaintiff makes such allegations throughout his Complaint. Accordingly, CH2M HILL generally denies all allegations referencing multiple plaintiffs in this case. CH2M HILL further denies that Hurricane Katrina made landfall in September of 2005. CH2M HILL acknowledges that FEMA provided emergency housing units to disaster victims.

XI.

CH2M HILL denies the allegations of Paragraph 11 of the Complaint because there are, in fact, no mobile homes at issue in this case. The allegation is inapplicable to this action.

XII.

With regard to the allegations of Paragraph 12 of the Complaint, CH2M HILL admits that travel trailers are not regulated by housing authorities. CH2M HILL denies the remaining allegations of Paragraph 12 for lack of sufficient information to justify a belief as to the truth thereof.

XIII.

CH2M HILL denies the allegations of Paragraph 13 of the Complaint because there are, in fact, no park models at issue in this case. The allegation is inapplicable to this action.

XIV.

CH2M HILL denies the allegations of Paragraph 14 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XV.

CH2M HILL denies the allegations of Paragraph 15 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XVI.

CH2M HILL denies the allegations of Paragraph 16 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XVII.

CH2M HILL denies the allegations of Paragraph 17 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XVIII.

CH2M HILL denies the allegations of Paragraph 18 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XIX.

CH2M HILL denies the allegations of Paragraph 19 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XX.

CH2M HILL denies the allegations of Paragraph 20 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXI.

CH2M HILL denies the allegations of Paragraph 21 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXII.

CH2M HILL denies the allegations of Paragraph 22 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXIII.

CH2M HILL denies the allegations of Paragraph 23 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXIV.

CH2M HILL denies the allegations of Paragraph 24 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXV.

CH2M HILL denies the allegations of Paragraph 25 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXVI.

CH2M HILL denies the allegations of Paragraph 26 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXVII.

CH2M HILL denies the allegations of Paragraph 27 of the Complaint for lack of sufficient information to justify a belief as to the truth thereof.

XXVIII.

CH2M HILL denies the allegations of Paragraph 28 of the Complaint because they constitute a legal conclusion and for lack of sufficient information to justify a belief as to the truth thereof.

XXIX.

CH2M HILL denies the allegations of Paragraph 29 of the Complaint.

XXX.

CH2M HILL denies the allegations of Paragraph 30 of the Complaint as reflecting an incomplete representation of its agreement with FEMA, which is a written document that speaks for itself and constitutes the best evidence of its contents, terms, conditions, and meaning. CH2M HILL further denies the allegations of Paragraph 30 inasmuch as various tasks listed, including site identification and preparation of locations and group sites, preparation of infrastructure to handle the units, maintenance and repair, refurbishment and restoration, de-installation and removal were not tasks undertaken by CH2M HILL in connection with the unit involved in this matter.

XXXI.

CH2M HILL denies the allegations of Paragraph 31 of the Complaint.

XXXII.

CH2M HILL denies the allegations of Paragraph 32 of the Complaint as reflecting an incomplete and inaccurate representation of its agreement with FEMA, which is a written document that speaks for itself and constitutes the best evidence of its contents, terms, conditions, and meaning.

XXXIII.

CH2M HILL denies the allegations of Paragraph 33 of the Complaint.

XXXIV.

Inasmuch as the allegations of Paragraph 34 of the Complaint relate to group sites, which are not at issue herein, no responses is required of CH2M HILL. Out of an abundance of caution, CH2M HILL denies the allegations of Paragraph 34 of the Complaint as reflecting an incomplete and inaccurate representation of its agreement with FEMA, which is a written document that speaks for itself and constitutes the best evidence of its contents, terms, conditions, and meaning.

XXXV.

CH2M HILL denies the allegations of Paragraph 35 of the Complaint as reflecting an incomplete and inaccurate representation of its responsibilities under its agreement with FEMA, which is a written document that speaks for itself and constitutes the best evidence of its contents, terms, conditions, and meaning.

XXXVI.

CH2M HILL denies the allegations of Paragraph 36 of the Complaint.

XXXVII.

CH2M HILL denies the allegations of Paragraph 37 of the Complaint.

XXXVIII.

CH2M HILL denies the allegations of Paragraph 38 of the Complaint.

XXXIX.

CH2M HILL denies the allegations of Paragraph 39 of the Complaint.

XL.

CH2M HILL denies the allegations of Paragraph 40 of the Complaint.

XLI.

CH2M HILL denies the allegations of Paragraph 41 of the Complaint.

XLII.

CH2M HILL denies the allegations of Paragraph 42 of the Complaint.

XLIII.

CH2M HILL denies the allegations of Paragraph 43 of the Complaint.

XLIV.

CH2M HILL denies the allegations of Paragraph 44 of the Complaint.

XLV.

CH2M HILL denies the allegations of Paragraph 45 of the Complaint.

XLVI.

CH2M HILL denies the allegations of Paragraph 46 of the Complaint.

XLVII.

CH2M HILL denies the allegations of Paragraph 47 of the Complaint.

XLVIII.

CH2M HILL denies the allegations of Paragraph 48 of the Complaint.

XLIX.

CH2M HILL denies the allegations of Paragraph 49 of the Complaint.

L.

CH2M HILL denies the allegations of Paragraph 50 of the Complaint because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LI.

CH2M HILL denies the allegations of Paragraph 51 of the Complaint because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LII.

CH2M HILL denies the allegations of Paragraph 52 of the Complaint because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LIII.

CH2M HILL denies the allegations of Paragraph 53 of the Complaint because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LIV.

CH2M HILL denies the allegations of Paragraph 54 of the Complaint because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LV.

CH2M HILL denies the allegations of Paragraph 55 of the Complaint, including all subparts, because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LVI.

Paragraph 56 of the Complaint refers to earlier allegations; CH2M HILL refers to its earlier responses.

LVII.

CH2M HILL denies the allegations of Paragraph 57 of the Complaint.

LVIII.

CH2M HILL denies the allegations of Paragraph 58 of the Complaint.

LIX.

CH2M HILL denies the allegations of Paragraph 59 of the Complaint.

LX.

CH2M HILL denies the allegations of Paragraph 60 of the Complaint.

LXI.

CH2M HILL denies the allegations of Paragraph 61 of the Complaint.

LXII.

CH2M HILL denies the allegations of Paragraph 62 of the Complaint, including all subparts.

LXIII.

Paragraph 63 of the Complaint refers to earlier allegations. CH2M HILL refers to its earlier responses.

LXIV.

CH2M HILL denies the allegations of Paragraph 64 of the Complaint.

LXV.

CH2M HILL denies the allegations of Paragraph 65 of the Complaint.

LXVI.

CH2M HILL denies the allegations of Paragraph 66 of the Complaint.

LXVII.

CH2M HILL denies the allegations of Paragraph 67 of the Complaint, including all subparts.

LXVIII.

CH2M HILL denies the allegations of Paragraph 68 of the Complaint.

LXIX.

CH2 HILL denies the allegations of Paragraph 69 of the Complaint.

LXX.

Paragraph 70 is a list of damages claimed that does not require a response. CH2M HILL denies that it is liable for any of these alleged damages.

LXXI.

The request for trial by jury requires no response of CH2M HILL.

LXXII.

CH2M HILL denies the statements and claims made in the prayer for relief. CH2M HILL further denies that it is liable to Plaintiff for any damages.

And now, further answering the First Supplemental and Amending Complaint for Damages (the "Amended Complaint"), CH2M HILL states as follows:

LXXIII.

In response to Paragraph 1 of the Amended Complaint, CH2M HILL admits that David McGraw is a named Plaintiff in the Original Complaint.

LXXIV.

In response to Paragraph 2 of the Amended Complaint, CH2M HILL refers Plaintiff to its responses to Section I of the original Complaint For Damages ("Original Complaint"). CH2M HILL further answers that, inasmuch as Paragraph 2 of the Amended Complaint names an additional defendant unrelated to CH2M HILL, no response by CH2M HILL is required.

LXXV.

In response to Paragraph 3 of the Amended Complaint, CH2M HILL refers Plaintiff to its responses to Section II of the Original Complaint. CH2M HILL further answers that inasmuch

as Paragraph 3 of the Amended Complaint states jurisdictional allegations related to an additional defendant unrelated to CH2M HILL, no response by CH2M HILL is required.

LXXVI.

CH2M HILL denies the allegations of Paragraph 4 of the Amended Complaint, including all subparts, because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LXXVII.

In response to Paragraph 5 of the Amended Complaint, CH2M HILL refers Plaintiff to its responses to Paragraphs 10 through 49 of the Original Complaint.

LXXVIII.

CH2M HILL denies the allegations of Paragraph 6 of the Amended Complaint, including all subparts, because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LXXIX.

Paragraph 7 of the Amended Complaint is a list of damages claimed that does not require a response.  CH2M HILL denies that it is liable for any of these alleged damages.

LXXX.

CH2M HILL denies the statements and claims made in the amended prayer for relief (Paragraph 8 of the Amended Complaint).  CH2M HILL further denies that it is liable to Plaintiff for any damages.

LXXXI.

CH2M HILL denies the allegations of Paragraph 9 of the Amended Complaint for lack of sufficient information to justify a belief as to the truth thereof.

LXXXII.

In response to Paragraphs 10 through 13 of the Amended Complaint, CH2M HILL admits that in accordance with precise specifications made part of a contract between CH2M HILL and FEMA and at FEMA's direction, CH2M HILL, through its subcontractor, installed a FEMA-supplied travel trailer apparently manufactured by Keystone and bearing VIN 4YDT260226N132486 at 5212 Dauphine Street in New Orleans, Louisiana for the use of David McGraw.  CH2M HILL denies any remaining allegations of Paragraphs 10 through 13 of the Amended Complaint for lack of sufficient information to justify a belief as to the truth thereof.

LXXXIII.

CH2M HILL denies the allegations of Paragraph 14 of the Amended Complaint for lack of sufficient information to justify a belief as to the truth thereof.

LXXXIV.

CH2M HILL denies the allegations of Paragraph 15 of the Amended Complaint for lack of sufficient information to justify a belief as to the truth thereof.

LXXXV.

In response to Paragraph 16 of the Amended Complaint, CH2M HILL refers Plaintiff to its responses to Paragraphs 79 through 84 of the Original Complaint.

LXXXVI.

In response to Paragraph 17 of the Amended Complaint, CH2M HILL refers Plaintiff to its responses to Paragraphs 50 through 55 of the Original Complaint. CH2M HILL further denies the additional allegations of Paragraph 17 of the Amended Complaint because they are not directed at CH2M HILL and for lack of sufficient information to justify a belief as to the truth thereof.

LXXXVII.

In response to Paragraph 18 of the Amended Complaint, CH2M HILL refers Plaintiff to its responses to Paragraphs 56 through 62 of the Original Complaint.

LXXXVIII.

In response to Paragraph 19 of the Amended Complaint, CH2M HILL refers Plaintiff to its responses to Paragraphs 63 through 69 of the Original Complaint.

LXXXIX.

The request for trial by jury found at Paragraph 20 of the Amended Complaint requires no response of CH2M HILL.

WHEREFORE, CH2M HILL prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings are had, judgment be rendered in CH2M HILL's favor, dismissing all claims against it with prejudice at Plaintiff's cost, and that CH2M HILL further be awarded any and all general, special, or equitable relief to which it may be entitled under the premises.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.


/s/ Gerardo R. Barrios
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
SANDRA VARNADO (La. Bar No. 30775)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com
svarnado@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

- 20 -

## CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

                                  /s/ Gerardo R. Barrios