## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| | * | |
| IN RE: FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | **SECTION "N-5"** |
| LITIGATION | * | |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| | * | **MAG. JUDGE CHASEZ** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| *EARLINE CASTANEL, ET AL v .* | * | |
| *RECREATION BY* | * | |
| *DESIGN, LLC, SHAW* | * | |
| *ENVIRONMENTAL, INC.,* | * | |
| *and UNITED STATES OF AMERICA* | * | |
| *THROUGH THE FEDERAL* | * | |
| *EMERGENCY MANAGEMENT* | * | |
| *AGENCY,* NO. 09-3251 | * | |

***********************************************************************

### ANSWER TO COMPLAINT FOR DAMAGES, FIRST SUPPLEMENTAL AND AMENDED COMPLAINT, AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Recreation By

Design, LLC, ("RBD"), who  answers Earline Castanel's Complaint for Damages (R. Doc. 1, 09-

3251) and First Supplemental and Amended Complaint for Damages (R. Doc. 9401, 07-1873), by

denying each and every allegation therein except as especially admitted as follows:[1]

_____

[1]On April 8, 2009, Earline Castanel, George Gaines, and Patricia Mack filed a Complaint
for Damages, Docket No. 09-cv-3251, into MDL 07-1873.  RBD, Shaw Environmental, Inc., and
the United States of America through the Federal Emergency Management Agency were named
as Defendants in the matter.  Subsequent to the filing of this complaint, Earline Castanel was
selected as the Plaintiff for a Bellwether Trial which is slated to commence on Monday, May 17,
2010.  Despite her selection as a Bellwether Trial Plaintiff, Earline Castanel has not yet severed
her claims from those of George Gaines and Patricia Mack as requested by Defendants in Joint
Status Report # 13, Rec. Doc. 5959,  paragraph #VII.  Defendant, RBD, is filing the instant
Answer to Petition for Damages as to the claims asserted by Bellwether Trial Plaintiff, Earline
Castanel, only.  RBD expressly reserves its right to file an Answer to Complaint, as

The allegations in the paragraph proceeding Paragraph 1 of Plaintiff's Complaint for Damages constitute introductory statements and do not require a response from defendant.

1.

The allegations in Paragraph 1 of Plaintiff's Complaint for Damages regarding the status of the plaintiff do not require a response from RBD. To the extent a response is required, the allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief herein.

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages regarding the status of the Plaintiff do not require a response from RBD. To the extent a response is required, the allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief herein.

3.

In response to the allegations in Paragraph 3 of Plaintiff's Complaint for Damages, other than to admit that defendant, Recreation by Design, LLC, is an Indiana Limited Liability Company that manufactures travel trailers, all other allegations of Paragraph 3 are denied.

4.

The allegations in Paragraph 4 of Plaintiff's Complaint for Damages do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations in Paragraph 5 of Plaintiff's Complaint for Damages do not require a

---

supplemented and amended, as well as any and all motions, including Rule 12 Motions asserting defenses of lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process, and Rule 12(b)(6) defenses regarding the claims of George Gaines and Patricia Mack regarding Docket No. 09-cv-3251.

response by RBD.  However, to the extent a response is required, the allegations in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations in Paragraph 6 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  However, to the extent a response is required, other than to admit the jurisdictional requirements of this court are satisfied, the allegations in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations in Paragraph 7 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  However, to the extent a response is required, other than to admit Earline Castanel alleges to have suffered damages in excess of $75,000, which are denied, the remaining allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations in Paragraph 8 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  However, to the extent that a response is required other than to admit that the jurisdictional requirements of this Court are satisfied, the remaining allegations in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations in Paragraph 9 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  However, to the extent that a response is required other than to admit that the jurisdictional requirements of this Court are satisfied, the remaining allegations in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations in Paragraph 10 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  To the extent that a response is required, the allegations in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations in Paragraph 11 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  To the extent a response is required, the allegations in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  To the extent a response is required, the allegations in paragraph 12, are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint for Damages are denied

for lack of sufficient information to justify a belief therein.

17.

The allegations in Paragraph 17 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

18.

The allegations in Paragraph 18 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD.  The remaining allegations contained in Paragraph 18 are denied for lack of sufficient information to justify a belief therein.

19.

The allegations in Paragraph 19 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD.  The remaining allegations contained in Paragraph 19 are denied for lack of sufficient information to justify a belief therein.

20.

The allegations in Paragraph 20 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD.  The remaining allegations contained in Paragraph 20 are denied for lack of sufficient information to justify a belief therein.

21.

The allegations in Paragraph 21 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

22.

The allegations in Paragraph 22 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD.  The remaining allegations contained in Paragraph 22 are denied for lack of sufficient information to justify a belief therein.

23.

The allegations in Paragraph 23 of Plaintiff's Complaint for Damages are denied.

24.

The allegations in Paragraph 24 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD. The remaining allegations contained in Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations in Paragraph 25 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD. To the extent a response is required, the allegations in Paragraph 25 are denied as written. Further, RBD submits that 24 C.F.R. § 3280.309 is its own best evidence.

26.

The allegations in Paragraph 26 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

27.

The allegations in Paragraph 27 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

28.

The allegations in Paragraph 28 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD. To the extent a response is required, other than to submit 24 C.F.R. § 3280.308 is its own best evidence, the allegations in Paragraph 28 are denied as written.

29.

The allegations in Paragraph 29 of Plaintiff's Complaint for Damages assert legal conclusions

and do not require a response by RBD.  To the extent a response is required, other than to submit 44

C.F.R. § 206.110(e) is its own best evidence, the allegations in Paragraph 29 are denied as written.

30.

The allegations in Paragraph 30 of Plaintiff's Complaint for Damages are denied.

31.

The allegations in Paragraph 31 of Plaintiff's Complaint for Damages do not require a

response by RBD.  To the extent a response is required, other than to submit 42 U.S.C. §4121, *et*

*seq.,* Public Law 93-288, Title IV, §408 (1998), and 42 U.S.C.A. § 5174 are their own best evidence,

the allegations in Paragraph 31 are denied as written.

32.

The allegations in Paragraph 32 of Plaintiff's Complaint for Damages are denied for lack of

sufficient information to justify a belief therein.

33.

The allegations of Paragraph 33 appear to be directed toward Shaw and do not require a

response by RBD.  However, to the extent a response is required, the allegations in Paragraph 33 are

denied for lack of sufficient information to justify a belief therein.

34.

The allegations of Paragraph 34 appear to be directed toward Shaw and do not require a

response by RBD.  However, to the extent a response is required, the allegations in Paragraph 34 are

denied for lack of sufficient information to justify a belief therein.

35.

The allegations of Paragraph 35 appear to be directed toward Shaw and do not require a

response by RBD.  However, to the extent a response is required, the allegations in Paragraph 35 are

denied for lack of sufficient information to justify a belief therein.

36.

The allegations of Paragraph 36 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 36 are denied for lack of sufficient information to justify a belief therein.

37.

The allegations of Paragraph 37 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 37 are denied for lack of sufficient information to justify a belief therein.

38.

The allegations of Paragraph 38 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 38 are denied for lack of sufficient information to justify a belief therein.

39.

The allegations of Paragraph 39 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 39 are denied for lack of sufficient information to justify a belief therein.

40.

The allegations of Paragraph 40 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 40 are denied for lack of sufficient information to justify a belief therein.

41.

The allegations of Paragraph 41 appear to be directed toward Shaw and do not require a

response by RBD. However, to the extent a response is required, the allegations in Paragraph 41 are denied for lack of sufficient information to justify a belief therein.

42.

The allegations of Paragraph 42 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 42 are denied for lack of sufficient information to justify a belief therein.

43.

The allegations of Paragraph 43 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 43 are denied for lack of sufficient information to justify a belief therein.

44.

The allegations of Paragraph 44 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 44 are denied for lack of sufficient information to justify a belief therein.

45.

The allegations of Paragraph 45 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46.

The allegations of Paragraph 46 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 46 are denied for lack of sufficient information to justify a belief therein.

47.

The allegations of Paragraph 47 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 47 are denied for lack of sufficient information to justify a belief therein.

48.

The allegations of Paragraph 48 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 48 are denied for lack of sufficient information to justify a belief therein.

49.

The allegations of Paragraph 49 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 49 are denied for lack of sufficient information to justify a belief therein.

50.

The allegations of Paragraph 50 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 50 are denied for lack of sufficient information to justify a belief therein.

51.

The allegations of Paragraph 51 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 51 are denied for lack of sufficient information to justify a belief therein.

52.

The allegations of Paragraph 52 appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 52 are

denied for lack of sufficient information to justify a belief therein.

53.

The allegations of Paragraph 53 appear to be directed toward FEMA and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

54.

The allegations of Paragraph 54 appear to be directed toward FEMA and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 53 are denied for lack of sufficient information to justify a belief therein.

55.

The allegations in Paragraph 55 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD. The remaining allegations contained in Paragraph 55 are denied for lack of sufficient information to justify a belief therein.

56.

The allegations in Paragraph 56 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD. The remaining allegations contained in Paragraph 56 are denied for lack of sufficient information to justify a belief therein.

57.

The allegations in Paragraph 57 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD. The remaining allegations contained in Paragraph 57 are denied for lack of sufficient information to justify a belief therein.

58.

The allegations in Paragraph 58 of Plaintiff's Complaint for Damages are denied to the extent

they are intended or may be construed to pertain to RBD.  The remaining allegations contained in

Paragraph 58 are denied for lack of sufficient information to justify a belief therein.

59.

The allegations in Paragraph 59 of Plaintiff's Complaint for Damages are denied to the extent

they are intended or may be construed to pertain to RBD.  The remaining allegations contained in

Paragraph 59 are denied for lack of sufficient information to justify a belief therein.

60.

The allegations in Paragraph 60 of Plaintiff's Complaint for Damages are denied to the extent

they are intended or may be construed to pertain to RBD.  The remaining allegations contained in

Paragraph 60 are denied for lack of sufficient information to justify a belief therein.

61.

The allegations in Paragraph 61 of Plaintiff's Complaint for Damages are denied to the extent

they are intended or may be construed to pertain to RBD.  The remaining allegations contained in

Paragraph 61 are denied for lack of sufficient information to justify a belief therein.

62.

The allegations in Paragraph 62 of Plaintiff's Complaint for Damages are denied to the extent

they are intended or may be construed to pertain to RBD.  The remaining allegations contained in

Paragraph 62 are denied for lack of sufficient information to justify a belief therein.

63.

The allegations of Paragraph 63 of Plaintiff's Complaint for Damages appear to be directed

toward FEMA and do not require a response by RBD. However, to the extent a response is required,

the allegations in Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

64.

The allegations of Paragraph 64 of Plaintiff's Complaint for Damages appear to be directed toward FEMA and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 63 are denied for lack of sufficient information to justify a belief therein.

65.

The allegations in Paragraph 65 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

66.

The allegations of Paragraph 66 of Plaintiff's Complaint for Damages appear to be directed toward FEMA and do not require a response by RBD.  However, to the extent a response is required, the allegations in Paragraph 66 are denied for lack of sufficient information to justify a belief therein.

67.

The allegations of Paragraph 67 of Plaintiff's Complaint for Damages appear to be directed toward FEMA and do not require a response by RBD.  However, to the extent a response is required, the allegations in Paragraph 67 are denied for lack of sufficient information to justify a belief therein.

68.

The allegations of Paragraph 68 of Plaintiff's Complaint for Damages appear to be directed toward FEMA and do not require a response by RBD.  However, to the extent a response is required, the allegations in Paragraph 68 are denied for lack of sufficient information to justify a belief therein.

69.

The allegations in Paragraph 69 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

70.

The allegations in Paragraph 70 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

71.

The allegations in Paragraph 71 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

72.

The allegations in Paragraph 72 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD.  The remaining allegations contained in Paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations in Paragraph 73 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD.  The remaining allegations contained in Paragraph 73 are denied for lack of sufficient information to justify a belief therein.

74.

The allegations in Paragraph 74 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD.  The remaining allegations contained in Paragraph 74 are denied for lack of sufficient information to justify a belief therein.

75.

The allegations in Paragraph 75 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

76.

The allegations of Paragraph 76 of Plaintiff's Complaint for Damages appear to be directed

toward FEMA and do not require a response by RBD.  However, to the extent a response is required, the allegations in Paragraph 76 are denied for lack of sufficient information to justify a belief therein.

77.

The allegations of Paragraph 77 of Plaintiff's Complaint for Damages appear to be directed toward FEMA and do not require a response by RBD.  However, to the extent a response is required, the allegations in Paragraph 77 are denied for lack of sufficient information to justify a belief therein.

78.

The allegations of Paragraph 78 of Plaintiff's Complaint for Damages appear to be directed toward FEMA and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 78 are denied for lack of sufficient information to justify a belief therein.

79.

The allegations of Paragraph 79 of Plaintiff's Complaint for Damages assert legal conclusions directed to FEMA and do not require a response by RBD.  To the extent a response is required, the allegations in Paragraph 79 are denied for lack of sufficient information to justify a belief therein.

80.

The allegations of Paragraph 80 of Plaintiff's Complaint for Damages assert legal conclusions directed to FEMA and do not require a response by RBD.  To the extent a response is required, the allegations in Paragraph 80 are denied for lack of sufficient information to justify a belief therein.

81.

The allegations of Paragraph 81 of Plaintiff's Complaint for Damages assert legal conclusions directed to FEMA and do not require a response by RBD.  To the extent a response is

required, the allegations in Paragraph 81 are denied for lack of sufficient information to justify a belief therein.

82.

The allegations of Paragraph 82 of Plaintiff's Complaint for Damages assert legal conclusions directed to FEMA and do not require a response by RBD.  To the extent a response is required, the allegations in Paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations of Paragraph 83 of Plaintiff's Complaint for Damages assert legal conclusions directed to FEMA and do not require a response by RBD.  To the extent a response is required, the allegations in Paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations of Paragraph 84 of Plaintiff's Complaint for Damages assert legal conclusions directed to FEMA and do not require a response by RBD.  To the extent a response is required, the allegations in Paragraph 84 and all subparts thereto are denied as written.

85.

The allegations in Paragraph 85 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  To the extent a response is required, the allegations in Paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations in Paragraph 86 of Plaintiff's Complaint for Damages assert legal conclusions and do not require a response by RBD.  To the extent a response is required, the allegations in

Paragraph 86 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations in Paragraph 87 of Plaintiff's Complaint for Damages are denied.

88.

The allegations in Paragraph 88 of Plaintiff's Complaint for Damages are denied.

89.

The allegations in Paragraph 89 of Plaintiff's Complaint for Damages are denied.

90.

The allegations in Paragraph 90 of Plaintiff's Complaint for Damages, including subparagraphs 90(i) through 90(xi), are denied.

91.

In response to the allegations in Paragraph 91 of Plaintiff's Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 1-90 above, as if copied herein, *in extenso*. To the extent a further response is required, the allegations in Paragraph 91 are denied.

92.

The allegations of Paragraph 92 of Plaintiff's Complaint for Damages assert legal conclusions directed to SHAW and do not require a response by RBD. To the extent a response is required, the allegations in Paragraph 92 are denied for lack of sufficient information to justify a belief therein.

93.

The allegations of Paragraph 93 of Plaintiff's Complaint for Damages assert legal conclusions directed to SHAW and do not require a response by RBD. To the extent a response is

required, the allegations in Paragraph 93 are denied for lack of sufficient information to justify a belief therein.

94.

The allegations in Paragraph 94 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD. The remaining allegations contained in Paragraph 94 are denied for lack of sufficient information to justify a belief therein.

95.

The allegations in Paragraph 95 of Plaintiff's Complaint for Damages are denied to the extent they are intended or may be construed to pertain to RBD. The remaining allegations contained in Paragraph 95 are denied for lack of sufficient information to justify a belief therein.

96.

The allegations of Paragraph 96 of Plaintiff's Complaint for Damages assert legal conclusions directed to SHAW and do not require a response by RBD. To the extent a response is required, the allegations in Paragraph 96 are denied for lack of sufficient information to justify a belief therein.

97.

The allegations of Paragraph 97 of Plaintiff's Complaint for Damages, including subparagraphs 97(a) through 97(i), assert legal conclusions directed to Shaw and do not require a response by RBD. To the extent a response is required, the allegations in Paragraph 97 and all subparts thereto are denied for lack of sufficient information to justify a belief therein.

98.

In response to the allegations in Paragraph 98 of Plaintiff's Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 1-97 above, as if copied

herein, *in extenso*.  To the extent a further response is required, the allegations in Paragraph 98 are denied.

99.

The allegations of Paragraph 99 of Plaintiff's Complaint for Damages appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 99 are denied for lack of sufficient information to justify a belief therein.

100.

The allegations of Paragraph 100 of Plaintiff's Complaint for Damages appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 100 are denied for lack of sufficient information to justify a belief therein.

101.

The allegations of Paragraph 101 of Plaintiff's Complaint for Damages appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 101 are denied for lack of sufficient information to justify a belief therein.

102.

The allegations of Paragraph 102 of Plaintiff's Complaint for Damages, including subparagraphs 102(a) through 102(b), appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 102 and all subparts thereto are denied for lack of sufficient information to justify a belief therein.

103.

The allegations of Paragraph 103 of Plaintiff's Complaint for Damages appear to be directed

toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 103 are denied for lack of sufficient information to justify a belief therein.

104.

The allegations of Paragraph 104 of Plaintiff's Complaint for Damages appear to be directed toward Shaw and do not require a response by RBD. However, to the extent a response is required, the allegations in Paragraph 104 are denied for lack of sufficient information to justify a belief therein.

105.

The allegations contained under the section entitled *Compensatory Damages* are denied, and RBD further asserts that the Plaintiff is not entitled to the damages claimed.

106.

In response to the allegations in Paragraph 105 of Plaintiff's Complaint for Damages, RBD denies that the Plaintiff is entitled to any damages and calls for strict proof of the damages claimed.

107.

In response to the section entitled *"Request for Jury Trial"*, RBD asserts it is entitled to a trial by jury on all issues herein.

108.

The allegations in the section entitled "*Prayer for Relief*", including all subparts therein, constitute a prayer for relief to which RBD need not respond. To the extent a response is necessary, RBD denies all allegations in this section and all subparts therein, and further asserts that the plaintiffs is not entitled to the relief requested.

109.

The allegations contained in any and all unnumbered and/or misnumbered paragraphs of Plaintiff's Complaint are denied.

## ANSWER TO FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

And now, further answering, RBD responds to the specific allegations of Plaintiff's First Supplemental and Amended Complaint as follows:

110.

The allegations in the paragraph proceeding Paragraph 1 constitute introductory statements and do not require a response from RBD.

111.

The allegations in Paragraph 1 of Plaintiff's First Supplemental and Amended Complaint for Damages regarding the status of the plaintiff do not require a response from RBD. To the extent a response is required, RBD renews and incorporates all responses and affirmative defenses plead in response to plaintiff's original Complaint for Damages as if reproduced, in extenso, herein.

112.

In response to the allegations in Paragraph 2 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 1 - 12 above, as if copied herein, *in extenso*. To the extent a further response is required, the allegations in Paragraph 2 are denied.

113.

In response to the allegations in Paragraph 3 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 13 - 78 above, as if copied herein, *in extenso*. To the extent a further response is

required, the allegations in Paragraph 3 are denied.

114.

The allegations in Paragraph 4 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

115.

The allegations in Paragraph 5 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

116.

The allegations in Paragraph 6 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

117.

The allegations in Paragraph 7 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

118.

The allegations in Paragraph 8 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

119.

The allegations in Paragraph 9 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

120.

The allegations in Paragraph 10 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

121.

In response to the allegations in Paragraph 11 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 79 - 84 above, as if copied herein, *in extenso*.  Further, to the extent any new and/or additional allegations are directed toward RBD, said allegations are denied.   Any remaining allegations and  legal conclusions contained in Paragraph 11 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied.

122.

In response to the allegations in Paragraph 12 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 85 - 90 above, as if copied herein, *in extenso*.  The remaining allegations and  legal conclusions contained in Paragraph 12 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied.

123.

In response to the allegations in Paragraph 13 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 91 - 97 above, as if copied herein, *in extenso*.  The remaining allegations and  legal conclusions contained in Paragraph 13 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

124.

In response to the allegations in Paragraph 14 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 98 - 104 above, as if copied herein, *in extenso*.  The remaining allegations and  legal

conclusions contained in Paragraph 14 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

125.

In response to the allegations in Paragraph 15 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD re-avers and reasserts its answers and defenses contained in Paragraphs 105 - 106 and 108 above, as if copied herein, *in extenso*. The remaining allegations and legal conclusions contained in Paragraph 15 of Plaintiff's First Supplemental and Amended Complaint for Damages are denied.

126.

In response to Paragraph 16 of Plaintiff's First Supplemental and Amended Complaint for Damages, RBD asserts it is entitled to a trial by jury on all issues herein.

108.

The allegations in the paragraph started with "WHEREFORE" constitute a prayer for relief to which RBD need not respond. To the extent a response is necessary, RBD denies all allegations in this section and further asserts that plaintiff is not entitled to the relief requested.

**AFFIRMATIVE DEFENSES**

And now, further answering, RBD affirmatively asserts as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, as supplemented and amended, fails to state a claim or cause of action against RBD upon which relief can be granted.

**SECOND DEFENSE**

The claims against RBD are barred, in whole or in part, by Plaintiff's failure to initiate suit within the period of time required by the applicable statutes of limitations and/or any applicable

limitation of actions, or by preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

### THIRD DEFENSE

RBD shows that its travel trailers were designed, constructed, and manufactured in conformity with industry standards and in compliance with applicable specifications. RBD specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under Louisiana Products Liability Act, and/or any other applicable law, contract, or standard. RBD specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, any applicable limited warranty, and/or any other applicable law, contract or standard.

### FOURTH DEFENSE

Solely in the alternative, in the event the Court finds that the Plaintiff has suffered any damages whatsoever, which is denied, and in the event discovery reveals the following, the damages complained of resulted solely or substantially from the negligence, fault, or comparative fault of the Plaintiff through misuse and/or lack of maintenance of the travel trailer, failure to follow instructions, and/or through other acts or omissions which will be shown more fully at trial of this matter and which preclude recovery by plaintiff or reduce any recovery by her respective percentage of fault.

### FIFTH DEFENSE

Plaintiff is not entitled to the recovery she seeks because she has not suffered any damages, or alternatively, because she has failed to mitigate her damages.

## SIXTH DEFENSE

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of others from whom RBD is in no way responsible or liable.

## SEVENTH DEFENSE

All of the Plaintiff's claims against RBD is preempted or otherwise precluded by the statutes, standards, regulations and rules propagated by the Federal Government and/or Department of Transportation, Housing and Urban Development, FEMA, any other federal agency, and/or the Plaintiff's lease agreements with FEMA.

## EIGHTH DEFENSE

RBD further pleads that Plaintiff's claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

## NINTH DEFENSE

To the extent any claim may exist for express warranty or other warranty obligations that may be owed by RBD, said claims are strictly limited to the terms of the express warranty, if any applicable, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

## TENTH DEFENSE

RBD reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210) including RBD's joinder therein, and incorporates herein the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to dismiss.

Additionally, any of plaintiff's claims related to improper testing, marketing, licensing and/or distributing of products are barred, as such claims are not available under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq*., and/or other Louisiana law.

## ELEVENTH DEFENSE

In the event that discovery reveals the following, RBD specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left its hands, which is specifically pleaded as a complete bar to any recovery against RBD.

## TWELFTH DEFENSE

RBD specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S.9:2800.51 et seq., and/or other Louisiana law.

## THIRTEENTH DEFENSE

RBD specifically pleads that its product was reasonably fit for ordinary use.

## FOURTEENTH DEFENSE

Plaintiff's claims are, or may be, barred in whole or in part to the extent that the Complaint, as supplemented, does not state a cause of action for punitive or exemplary damages against RBD sufficient in law whereby recovery may be had.

## FIFTEENTH DEFENSE

Plaintiff's claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in her Complaint, as supplemented and amended, would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of

the prohibitive conduct.

## SIXTEENTH DEFENSE

The exact damages/losses claimed by Plaintiff are unknown to RBD and thus, it cannot adequately determine all defenses that may be applicable to the Plaintiff's claims. Therefore, RBD expressly reserves by this reference the right to raise additional defenses to the extent that:

a.   Additional defenses become applicable under state and federal law;

b.   Additional defenses are established as discovery proceeds; and

c.   Additional defenses are available under subsequently asserted theories of recovery.

## SEVENTEENTH DEFENSE

All allegations of the Original or First Supplemental and Amended Complaint not specifically admitted are denied.

## EIGHTEENTH DEFENSE

RBD specifically pleads all applicable defenses available under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

## NINETEENTH DEFENSE

RBD owed no duty to the Plaintiff in this case.

## TWENTIETH DEFENSE

If it is found that RBD owed a duty to Plaintiff, which it denies, RBD did not breach that duty.

## TWENTY-FIRST DEFENSE

The injuries, damages, or losses alleged by Plaintiff were not caused by any negligent or wrongful act or omission of any officer, agent, servant, or employee of the RBD.

## TWENTY-SECOND DEFENSE

No negligent, wrongful act or omission of RBD was the cause in fact, or in any way contributed to, Plaintiff's alleged injuries, damages, or losses.

## TWENTY-THIRD DEFENSE

No negligent, wrongful act or omission of RBD, was the proximate or legal cause, or in any way contributed to, Plaintiff's alleged injuries, damages, or losses.

## TWENTY-FOURTH DEFENSE

Any alleged injuries, damages, or losses sustained by Plaintiff were not caused by acts or omissions on the part of the RBD, but were caused, in whole or in part, by an intervening or superseding cause or event.

## TWENTY-FIFTH DEFENSE

The alleged injuries of which plaintiff complains resulted from plaintiff's pre-existing illnesses or conditions not common to other persons and not foreseeable or determinable by RBD. All alleged injuries and damages claimed by plaintiff, which are specifically denied, were caused by plaintiffs pre-existing medical and/or emotional conditions.

## TWENTY-SIXTH DEFENSE

All future damages, if any, must be reduced to present value.

## TWENTY-SEVENTH DEFENSE

Plaintiff fails to state a claim for medical monitoring damages, to the extent they are alleged and are being sought, because she has not alleged a specific or manifest injury.

## TWENTY-EIGHTH DEFENSE

RBD adopts and incorporates any and all defenses raised by any other defendant in this litigation to the extent that said defenses are not inconsistent with RBD's assertion that it is not liable

to the plaintiff for any of the injuries and/or damages alleged.

## TWENTY-NINETH DEFENSE

No evidence exists that plaintiff would have read, relied on, and/or heeded any and all instructions/warnings regarding product use, and no evidence exists that warnings were necessary.

## THIRTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the principles of res judicata and/or collateral estoppel.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, release, unclean hands, and/or ratification.

## THIRTY-SECOND DEFENSE

The alleged defective design/formation of RBD's product, if any, was caused by an inherent characteristic of the product that is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

## THIRTY-THIRD DEFENSE

Failure to state a claim upon which relief can be granted to the extent Plaintiff seeks to impose joint and several and/or solidary liability upon RBD, as such claims are precluded by applicable law.

## THIRTY-FOURTH DEFENSE

Failure to state a claim upon which relief can be granted for attorney's fees, to the extent they are sought, as there is no basis under Louisiana or Federal law, and/or any other applicable law, for the awarding of attorney's fees based upon the facts alleged in the complaint, as amended.

### THIRTY-FIFTH DEFENSE

Failure to state a claim upon which relief can be granted to the extent Plaintiff seeks property damages under Louisiana law as Plaintiff is not entitled to recover same.

### THIRTY-SIXTH DEFENSE

RBD has no liability to plaintiff because RBD's product did not fail to function as expected; and further, there existed no feasible design alternative that would have, to a reasonably probability, prevented the alleged harm to plaintiff.

### THIRTY-SEVENTH DEFENSE

Failure to state a claim for breach of implied and express warranty to the extent they are being sought because those claims are not available to Plaintiff and to the extent that they are available, they are precluded by the Louisiana Products Liability Act.

### THIRTY-EIGHTH DEFENSE

Failure to state a claim for negligence and strict liability under Louisiana law, to the extent they are being sought, as they are precluded by the Louisiana Products Liability Act.

### THIRTY-NINETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the government contractor defense, to the extent applicable, regarding products purchased by the federal government meeting its specifications.

### FORTIETH DEFENSE

In the event that discovery reveals the following RBD specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

### FORTY-FIRST DEFENSE

RBD specifically states that it had no duty to warn the Plaintiff in this case because the

United States of America and/or Morgan Building and Spas, Inc., were sophisticated purchasers/users of the temporary housing unit in question, thereby absolving RBD of any duty to warn it may have had in this case.

### FORTY-SECOND DEFENSE

RBD, pleads to the extent applicable, all defenses allowed under the La. Health Emergency Powers Act, LSA. R.S. 29:771.

### FORTY-THIRD DEFENSE

Plaintiff's claims are improperly joined with the claims of several other individuals and the joinder does not  comply with Federal Rules of Civil Procedure 20.  Thus, her claims must be severed from the claims of the other named Plaintiffs.

### FORTY-FOURTH DEFENSE

In the event that discovery reveals the following, RBD specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against RBD.

### FORTY-FIFTH DEFENSE

RBD avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

### FORTY-SIXTH DEFENSE

Defendant requests a trial by jury.

**WHEREFORE**, defendant, Recreation by Design, LLC,  respectfully prays that the above Answer to the Plaintiff's Complaint for Damages (R. Doc. 1, 09-3251) and First Supplemental and Amended Complaint for Damages (R. Doc. 9041), be deemed good and sufficient and that, after due proceedings are had, there be judgment rendered herein in favor of RBD and against the Plaintiff, dismissing her claims and requests for damages and other relief, at her costs, with prejudice, for a trial by jury, and for any and all such other general, special, legal, and equitable relief as the nature of the case and law may permit.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for defendant,*
*Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436