Certified to be True Copy of the Original

**FEDERAL EMERGENCY MANAGEMENT AGENCY**
**INDIVIDUALS and HOUSEHOLDS PROGRAM (IHP)**
**TEMPORARY HOUSING OCCUPANCY AGREEMENT**

FEMA APPLICATION/REGISTRATION NO.: __911957940A__   Federal Disaster Declaration No.: __1603__
LOCATION OF TEMPORARY RESIDENCE:
State: __LA__                                              Parish/County: __Orleans__

This Agreement made and entered into on __6/29/2006__, 200___, between the Federal Emergency Management Agency, herein called "FEMA" and __MCGRAW, DAVID L.__ herein called the "Occupant".

1. FEMA hereby allows Occupant use of the following described premises
   __5212 DAUPHINE ST__            __NEW ORLEANS__   __LA__   __70117__
   *(Complete address, including unit number. Attach map or narrative description if rural route)*

   ☑ Manufactured Housing Unit          ☑ Furnished        Number of bedrooms __2__
   ☐ Other (Specify) _____            ☐ Unfurnished      Number of baths __1__

   Additional description of premises: BC# __1345768__    VIN __4YDT260226N132486__
   _____. This assistance is to be used exclusively as a family residence and solely for Occupant's household listed as follows: __DAVID__
   _____. The Occupant must notify FEMA, in writing, within 7 days of any change in household composition. FEMA reserves the right to relocate Occupant to other premises at any time.

2. All parties agree that this Agreement is not intended to, nor does it create, a relationship of Landlord and Tenant between FEMA and Occupant. Occupant further agrees and understands that this Agreement does not create a property interest of Occupant in the unit.

3. Occupant understands that FEMA is providing this unit as temporary housing assistance to respond to the disaster-related housing needs of Occupant. Temporary housing assistance, including direct housing assistance, is a discretionary benefit under 42 U.S.C. § 5174 and 44 CFR § 206.117. Occupancy of the above-described unit is subject to recertification of continuing eligibility for direct housing assistance, the termination provisions in paragraph nine (9) hereof, and 44 CFR § 206.117. Occupant acknowledges that the premises provided herein are temporary and it is expressly understood that this Agreement in no way guarantees continued assistance.

4. Occupant agrees to diligently work to obtain permanent accommodations at the earliest possible date. Occupant further agrees to accept adequate alternate housing when it becomes available.

5. If Occupant is eligible for any payments or allowances for temporary housing needs from insurance, such as Additional Living Expenses (ALE), Occupant agrees to reimburse FEMA for the cost of using the unit provided, or the housing portion of the monthly ALE benefit, whichever is less.

6. Occupant is responsible for the payment of all utility charges during the term of occupancy, including deposits.

7. Maintaining Unit:
   a. Occupant agrees to promptly notify FEMA or Party identified by FEMA responsible for maintenance when any damage or defect is found so that repairs can be made as necessary. The Party responsible for providing maintenance services is __C. Martin__ and can be reached at (Phone) __1-800-450-9465__.
      If damages or injury occur as a result of Occupant's failure to report any damage or defect found within the unit, Occupant will be liable for the resultant damages and injury.
   b. Occupant will make no major repairs to the unit without FEMA's prior written consent. FEMA will not pay for repairs made by Occupant without prior written consent.
   c. Occupant agrees to keep the unit in a clean and orderly condition. Occupant agrees to surrender the unit in as good a state and condition as it was in at the commencement of the Agreement, less ordinary wear and tear. Occupant will be charged for any costs or repairs that are the result of abuse or negligence of Occupant, Occupant's family or guests.
   d. The condition of the unit, and the furnishings and other property provided in the unit by FEMA, will be inspected and will be inventoried at the commencement date of this Agreement. A copy of the inspection and inventory checklist of such property and unit will be signed by the Occupant and will be attached to and made a part of this Agreement. At the expiration of this Agreement, Occupant will return the furnishings and other property in the condition existing at the time of move-in, less ordinary wear and tear, or will pay the reasonable value for any items not returned to FEMA in such condition. All personal property placed in the unit will be at the sole risk of Occupant, for which FEMA assumes no liability.

*McGraw 9 Aug 2007*

McGraw
DEPOSITION
EXHIBIT
16

EXHIBIT
13

FEMA200-000062

MCGRAW_EX-000169

Certified to be True Copy of the Original

- e. Occupant will not make any changes or structural alterations, disable any safety devices (i.e. smoke detectors); paint any portion of the unit; and/or install any awnings, or other projections including, but not limited to, radio or television aerials or satellite dishes on the unit, without the prior written consent of FEMA.
- f. FEMA will retain duplicate keys to all of the doors of the unit. Subject to a minimum of twenty-four (24) hours prior written notice, FEMA or its managing agency, will have access to the unit during reasonable business hours to make inspections or to make repairs. In the case of an emergency, prior notice is not required. Occupant will not, without FEMA's prior written consent, alter, re-key or install any locks to the unit or install any security system.

8. Occupant will not assign or transfer this Agreement or sublet any portion of the unit described above. In the event the Occupant vacates the unit, with or without notice to FEMA, this Agreement, will be deemed terminated, and FEMA will have the right to re-enter and take immediate possession. Occupant accepts liability for any unpaid utilities, damages or other costs if applicable. If Occupant vacates the premises without giving notice, that is, abandons the unit, Occupant accepts liability for damages resulting from the abandonment.

9. FEMA may terminate this Agreement, at any time, by giving Occupant a written Notice of Termination, 15 days prior to the date of termination. Reasons for termination, under this notice provision include, but are not limited to, the following: (a) adequate alternate housing is available; (b) the occupant(s) does not provide evidence documenting that they are working towards a permanent housing plan; (c) failure to reimburse FEMA when funds are received from insurance coverage; (d) the period of assistance expired under § 206.110(e); (e) failure to pay utility, or other appropriate charges; (f) failure to utilize and maintain the unit; (g) determination that temporary assistance was obtained through misrepresentation or fraud; (h) causing or permitting any disturbing noises, objectionable or improper conduct or any other act which will unreasonably interfere with the right, comforts or convenience of others; and (i) Occupant's failure to comply with any term of this Agreement.

FEMA may terminate this Agreement, at any time, by giving Occupant a written Notice of Termination, 24 hours prior to the date of termination for the following: acts or conduct which pose an imminent threat to public health or safety.

A Notice of Termination will state: (1) the reasons for termination; (2) the date of termination; and (3) the administrative procedures required for appeal if Occupant wishes to dispute the termination. Upon termination of the Agreement, FEMA shall have the right to re-enter and take possession of the unit.

10. If Occupant does not vacate the unit at the termination of this Agreement, Occupant will be responsible for reimbursing FEMA for use of the unit, accruing from the date of the notice to terminate.

11. If Occupant decides to move from or vacate the unit, Occupant must provide written notice to FEMA at the following address:
   **TT Hot Line at: 1-888-294-2822**

12. The Occupant agrees to abide by the park rules if the unit is a mobile home or travel trailer situated on a group site maintained by FEMA, or its managing agency, or if the unit is a mobile home or travel trailer situated in a commercial park. Failure to abide by the park rules will constitute grounds for terminating this Agreement.

13. For a private site, occupant agrees to comply with all relevant local ordinances. Failure to abide by local ordinances will constitute grounds for terminating this agreement. Occupant further agrees that FEMA is granted a right of entry on private property to repossess the unit in the event of termination as set forth in paragraph 9 and to hold FEMA and its agents harmless for any damage as a result thereof.

14. Occupant and FEMA agree that this Agreement, with any attachments hereto, constitutes the entire agreement of the parties. Any modifications or changes to this Agreement must be in writing, signed by the parties, and attached to this Agreement.

15. It is understood and agreed that the unit herein is provided under emergency conditions as disaster relief with the assistance of the United States of America, and that the use and occupancy of the unit will, in addition to the terms and conditions set forth, be governed by rules, regulations, decisions, and emergency authority of the United State of America acting by and through FEMA or its managing agency.

The parties hereby agree to the terms of this Agreement.

4.11.07 _____   7/11/07 Daniel McGraw
Date   FEMA Representative       Date        Occupant

                                 _____
                                 Date        Spouse/Co-Occupant

FEMA200-000063

MCGRAW_EX-000170