UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

|  |  |  |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873 <br><br> SECTION "N-5" <br><br><br> JUDGE ENGELHARDT <br> MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO: <br> *EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC.,* and UNITED STATES OF AMERICA *THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY,* NO. 09-3251 | * * * * * * * * * | |

**************************************************************************

**RECREATION BY DESIGN, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF DR. LAWRENCE MILLER**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes defendant Recreation By Design, LLC ("RBD"), who submits this reply to Plaintiff's response to its Motion in *Limine* to

Exclude Testimony of Dr. Lawrence Miller:[1]

### I. Dr. Miller did not address what constitutes a harmful level of formaldehyde or the formaldehyde level that Castanel was allegedly exposed to.

Plaintiff argues that Dr. Miller's reference to MRL's in his expert report is sufficient to satisfy the evidentiary requirement that the Plaintiff define what is considered to be a harmful level of formaldehyde. RBD submits that Dr. Miller's general reference to MRLs, without any indication that he believes that exposure to levels of formaldehyde greater than the stated MRLs are harmful, does not satisfy Plaintiff's evidentiary requirement.

Likewise, RBD argues that Dr. Miller's reliance on the Centers for Disease Control ("CDC") formaldehyde testing results fail to meet the evidentiary requirement that Plaintiff establish that she was exposed to a harmful level of formaldehyde. The information relied upon by Dr. Miller was admittedly "general to FEMA trailers" and does not specifically reflect the levels of formaldehyde Castanel was allegedly exposed to while residing in her FEMA travel trailer.

Based on the above, RBD suggests to the Court that Dr. Miller did not address what is a harmful level of formaldehyde such that it causes adverse health affects, nor did he address the level of formaldehyde Castanel was exposed to. Accordingly, Dr. Miller fails to render a specific causation opinion.

### II. Dr. Miller Should be Excluded from Testifying Regarding His Opinion that Plaintiff's Fear of Cancer is Rationally Based.

Dr. Miller is not qualified to render the opinion that Castanel's fear of cancer claim is rationally based. Dr. Miller is not a board certified Oncologist or Psychiatrist, nor is he a

---

[1] RBD has filed a separate Motion for a *Daubert* hearing regarding Dr. Miller's qualifications as an expert witness and incorporates those argument herein. *See* Rec. Doc. 13599-1.

psychologist. Dr. Miller is also not an epidemiologist. RBD, therefore, maintains that Dr. Miller does not posses the knowledge, skill, experience, training, or education, to testify in the form of an opinion or otherwise, that Castanel's fear of cancer is rationally based.  Dr. Miller's testimony regarding Castanel's fear of cancer is not based on scientific knowledge and would, therefore, be of no assistance to the trier of fact in this matter.  For these reasons, Dr. Miller's opinion regarding Castanel's fear of cancer and mental anguish claims should be excluded.

**IV.    Dr. Miller Should not be Allowed to Testify Regarding Castanel's Nasal Surgery**

Dr. Miller did not opine that Castanel's condition required nasal surgery, nor did he testify that Castanel's condition necessitated that she undergo surgery.   In sum, Dr. Miller gave no indication in his expert affidavit or deposition testimony that he thought Plaintiff's sinus condition required surgery.  For these reasons alone, Dr. Miller should be excluded from testifying regarding Plaintiff's recent nasal surgery.

**V.    CONCLUSION**

For the reasons expressed above, and those arguments included in its Memorandum in Support of Motion in Limine to Exclude Expert Testimony of Dr. Lawrence Miller, RBD respectfully requests that the Court grant its Motion to Exclude Dr. Miller's expert testimony.

Respectfully submitted,

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591