UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v.*<br>*RECREATION BY*<br>*DESIGN, LLC, SHAW*<br>*ENVIRONMENTAL, INC.,*<br>and *UNITED STATES OF AMERICA*<br>*THROUGH THE FEDERAL*<br>*EMERGENCY MANAGEMENT*<br>*AGENCY,* NO. 09-3251 | * * * * * * * * * | |

**************************************************************************

**RECREATION BY DESIGN, LLC'S REPLY TO PLAINTIFF'S
RESPONSE TO MOTION IN LIMINE REQUESTING THAT THE COURT ENTER ITS
PRIOR RULINGS MADE IN THE *WRIGHT* TRIAL AS TO CERTAIN SIMILAR
EVIDENTIARY ISSUES RELEVANT TO THIS MATTER**

**MAY IT PLEASE THE COURT:**

Recreation By Design, LLC ("RBD"), submits this reply to Plaintiff's response to its Motion in Limine Requesting that the Court Enter its Prior Ruling made in the *Wright* Trial as to Certain Similar Evidentiary Issues Relevant to this Matter:

Plaintiff objects to the Court entering its prior ruling regarding references to "jurors', or others', status as taxpayers in connection with FEMA's use of federal tax funds in purchasing, distributing, or storing FEMA Emergency Housing Units."[1] Moreover, Plaintiff states that she "is willing to agree to this limitation so long as Defendant similarly refrains from inquiring into, or referencing, Plaintiff's status as a recipient of taxpayer benefits."[2] Plaintiff's further suggest that the only reason counsel for Plaintiff would have to discuss FEMA's status as a recipient/user of federal tax dollars is if RBD remarks, questions, or references the federal benefits received by Plaintiff. RBD does not agree to Plaintiff's suggested limitation and for the reasons expressed by Forest River in its memorandum regarding this issue, RBD submits to the Court that comments regarding jurors or others' taxpayer status are irrelevant, inflammatory and should be prohibited.

In requesting that the Court adopt its prior ruling regarding this issue, RBD seeks to ensure that counsel for Plaintiff will not be able to make comments similar to those made by plaintiff's counsel during closing arguments of the *Alexander* bellwether trial. Counsel's arguments regarding various persons' - jurors', clerks, etc.- status as taxpayers were clearly an attempt to incense the jurors. The Fifth Circuit has held that counsel are prohibited from explicitly requesting a jury to place themselves in the plaintiff's position, explaining that "such arguments encourage the jury to decide the case on the basis of personal interest and bias rather than on evidence."[3]

Other courts have held that appeals to jurors as taxpayers are improper. *See, e.g., Byrns v.*

---

[1] Rec. Doc. 13605, pg. 2.

[2] *Id.*

[3] *See, e.g. Whitehead v. Food Max,* 163 F.3d 265, 278 (5th Cir. 1998)(internal citations omitted).

*St. Louis County,* 295 N.W. 2d 517, 521 (Minn. 1980) ("An appeal by counsel that is aimed primarily at the self-interest of a juror is improper, including an appeal aimed at the jurors' interests as taxpayers."); *City of Springfield v. Thompson Sales Co.,* 71 S.2. 3d 597, 600 (Mo. 2002) ("[S]uch remarks necessarily have the effect of making the jurors tax conscious and are designed 'to operate upon the self interest of such taxpayers.'"). In some cases, these remarks have even been grounds for a new trial. *See City of Columbia v. Myers,* 294 S.E. 2d 787, 788 (S.C. 1982); *City of Springfield v. Thompson Sales Co., supra.* The comments made by plaintiff's counsel during closing arguments of the *Alexander* bellwether are of the nature that courts have prohibited. As such, counsel should not be allowed to make such references at trial of this matter.

As mentioned above, the Plaintiff states that the need for such "taxpayer" comments will only arise if RBD remarks, questions, or references the federal benefits received by Plaintiff. Plaintiff summarily argues that inquiries or references regarding same, "impute prejudicial connotations to Plaintiff, and can only be properly remedied through similar references to FEMA's usage of taxpayer funds." Plaintiff does not offer any specific argument as to how references to the federal benefits received by Plaintiff would unfairly prejudicial. Further, as discussed in detail in its memorandum in opposition to Plaintiff's Motion in *Limine* to Prohibit References to Plaintiff's Financial Matter,[4] Plaintiff has advanced claims and cause(s) of action which render information regarding her receipt of federal funds relevant.[5] As such, absent a showing that the probative value

---

[4] Rec. Doc. 13595.

[5] A review of plaintiff's Original Complaint for Damages and First Supplemental and Amending Complaint for Damages, however, reveals that she seeks, *inter alia*, "compensable out of pocket expenses related to defendants' wrongdoing" and "past and future loss off earning capacity." Moreover, Paragraphs 4 and 5 of Plaintiff's First Supplemental and Amending Complaint specifically allege that "…plaintiff was deemed eligible to receive emergency housing

regarding Plaintiff's receipt of federal funds is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," RBD should not be precluded from referencing same.[6]

## CONCLUSION

For the reasons expressed above, RBD respectfully request that the Court enter its prior ruling made in the *Wright* matter prohibiting counsel from referring to an individual's status as a taxpayer.

> Respectfully submitted,
> */s/ Lyon H. Garrison*
> LYON H. GARRISON, Bar No. 19591
> SCOTT P. YOUNT, Bar No. 22679
> RANDALL C. MULCAHY, Bar No. 26436
> DARRIN L. FORTE, Bar No. 26885
> KELLY M. MORTON, Bar No. 30645
> GARRISON, YOUNT, FORTE
> & MULCAHY, LLC
> 909 Poydras Street, Suite 1800
> New Orleans, Louisiana 70112
> Telephone: (504) 527-0680
> Facsimile: (504) 527-0686
> Attorneys for defendant,
> Recreation By Design, LLC
> Email: lgarrison@garrisonyount.com

---

assistance from the defendant FEMA" and that "[t]he emergency housing assistance provided to plaintiff was in the form of a travel trailer manufactured by the defendant Recreation By Design, Inc. [sic] […]."

[6]Federal Rule of Evidence 403.

## CERTIFICATE OF SERVICE

     I hereby certify that on April 28, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                              */s/ Lyon H. Garrison*
                                              LYON H. GARRISON, Bar No. 19591