UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| *EARLINE CASTANEL, ET AL v.* | * | |
| *RECREATION BY* | * | |
| *DESIGN, LLC, SHAW* | * | |
| *ENVIRONMENTAL, INC.,* | * | |
| *and UNITED STATES OF AMERICA* | * | |
| *THROUGH THE FEDERAL* | * | |
| *EMERGENCY MANAGEMENT* | * | |
| *AGENCY,* NO. 09-3251 | * | |

*************************************************************************

**RECREATION BY DESIGN, LLC'S REPLY TO PLAINTIFF'S  RESPONSE
TO MOTION IN LIMINE TO EXCLUDE THE TESTIMONY
OF GERALD McGWIN, Ph.D.**

NOW INTO COURT, through undersigned counsel, comes Defendant, Recreation by

Design, LLC ("RBD"), who offers the following memorandum in reply to Plaintiff's response to its

Motion in *Limine* to Exclude the Opinions and Testimony of Gerald McGwin, Ph.D.:

Dr. McGwin testified that there is a causal relationship between residential formaldehyde

exposure and respiratory symptoms, but that he is not able to identify at what level this causal relationship exists.[1] Despite this admission by Dr. McGwin, Plaintiff argues that Dr. McGwin produced such evidence in his report. Plaintiff is referring to Dr. McGwin's inclusion of various levels at which a causal relationship between formaldehyde and respiratory symptoms were found as well as NIOSH levels.[2] Indeed, Dr. McGwin included references to various levels in his report, but he did not identify any of the referenced levels as the "trigger level" at which point an individual can expect to experience respiratory symptoms.

Because Dr. McGwin is not able to determine the "trigger level" such that an individual can expect to suffer respiratory symptoms, his testimony has no probative value in this case. In essence, Dr. McGwin would testify that respiratory symptoms can occur at any one of many levels. Such testimony will not assist the jury in deciding whether the Plaintiff suffered sinus symptoms as a result of exposure to formaldehyde. As this is one of the central issues in this case, the fact that Dr. McGwin's testimony will offer not assistance to the jury, renders his testimony irrelevant. Because his testimony is not relevant, it should be excluded pursuant to Federal Rule of Evidence 402. Alternatively, Dr. McGwin's testimony should be excluded under Federal Rule of Evidence 403 as it would be prejudicial to RBD to allow testimony that formaldehyde can cause injury when the testifying expert has no idea the exposure levels necessary to cause injury.

---

[1]See Ex. A. to Rec. Doc. 13306-1, at pg. 8.

[2]Rec. Doc. 13598, at pg. 13598.

2

Respectfully submitted,

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591

3