UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel, et. al. v Recreation by Design, LLC, et. al* | * | |
| Docket No. 09-3251 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE
REFERENCES TO CERTAIN INCIDENTS RELATING TO DR. MILLER

Plaintiff Earline Castanel submits this reply to Defendant's opposition to her motion *in limine* to exclude references to certain historical incidents relating to Dr. Miller, and would show as follows:

I.
BACKGROUND

Dr. Miller, as a physician who is board certified in internal medicine, pulmonary disease, and clinical pharmacology, with an M.P.H. in environmental health, is unquestionably qualified to testify in Ms. Castanel's case.  Defendant, however, asserts that evidence of a 25-year-old unpublished paper and a single 20-year-old ruling excluding his testimony somehow "establishes a pattern regarding Dr. Miller's credibility as an expert."  Not only does the evidence fail to establish any kind of pattern, but it in no way reflects on either Dr. Miller's credibility or qualifications.  Additionally, the evidence at issue has no relevance whatsoever to any substantive issue in Ms. Castanel's case.  Its admission can only interject prejudice.  The Federal

1

Rules of Evidence 401, 402, 403, and 608 therefore proscribe the admission of the evidence of prior conduct.

## II.
## ARGUMENT AND AUTHORITIES

Impeaching a witness's credibility on cross examination with specific instances of past misconduct is limited by Rule 608(b) of the Federal Rule of Evidence to conduct that is clearly probative of truthfulness or untruthfulness. <u>U.S. v. Skelton</u>, 514 F.3d 433, 443-44 (5th Cir. 2008) (quoting <u>United States v. Tomblin</u>, 46 F.3d 1369, 1389 (5th Cir. 1995). Examples of conduct probative of untruthfulness include perjury, fraud, swindling, forgery, bribery, and embezzlement. <u>Id.</u> Neither the *Christophersen* ruling nor the circumstances surrounding Dr. Miller's unpublished paper rise to the level of perjury, fraud, swindling, forgery, bribery, or embezzlement. *See* <u>Id.</u> References to both the *Christophersen* ruling and the unpublished paper should therefore be excluded pursuant to Rule 608(b). *See* <u>Id.</u>

Rule 608(b) further restricts evidence of alleged bad acts to incidents that are relevant to the character traits at issue. <u>United States v. Nixon,</u> 777 F.2d 958, 970 (5th Cir.1985). Dr. Miller's only character trait relevant to this case is his credibility. The unpublished paper would be probative of nothing other than Dr. Miller's proficiency with research protocol at a very early stage of his career. The *Christophersen* opinion was exceptionally case specific, and in no way establishes a pattern of anything. *See* <u>Christophersen v. Allied-Signal Corp.</u>, 939 F.2d 1106 (5th Cir. 1991). Since evidence of the paper and the *Christophersen* opinion fail the relevance prong for admission of conduct evidence, references to the events should be excluded. *See* <u>Nixon</u>, 777 F.2d at 970.

One final indicia of unfairness is the age of the events Defendant seeks to discuss. Expert disclosure requirements limit the list of previous testimony to four (4) years. *See* Fed.R.Civ.P. 26(a)(2)(v).  Both the paper and testimony at issue, however, occurred almost a quarter of a century ago.  Certainly, justice and fairness require that any impact of such ancient events be restricted.

### III.
### CONCLUSION

As discussed more fully in Plaintiff's memorandum in support of her motion *in limine,* since the circumstances surrounding Dr. Miller's unpublished article and his role in *Christophersen* have no relevance to the substantive issues of Ms. Castanel's case, references to the events could only result in unfair prejudice.  Additionally, because neither incident bears on the truthfulness or untruthfulness of Dr. Miller's testimony in this case, Rule 608 prohibits references to them.  For these reasons, Plaintiff requests an order excluding references to Dr. Miller's unpublished paper and to the *Christophersen* opinion .

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:     504/522-2304
      Facsimile:      504/528-9973
      gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas # 16739600

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471