UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL, DOCKET NO. 09-3251* | * | |

**************************************************************************

**RBD'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO STRIKE REFERENCES TO ALTERNATIVE DESIGN AND
RELATED DEMONSTRATIVE EXHIBIT**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who offers the following reply memorandum to Plaintiff's Opposition to Defendant's Motion to Strike References to Alternative Design and Related Demonstrative Exhibit[1] (the "Opposition") and in further support of its Motion to Strike References to an Alternative Design and Related Demonstrative Exhibit:[2]

**I.   PLAINTIFF'S ALTERNATIVE DESIGN THEORIES ARE INSUFFICIENT**

Plaintiff proposes eleven (11) different "alternative design" methods that she contends could or should have been utilized by RBD at the time plaintiff's unit was manufactured for

---

[1] Rec. Doc. 13571.
[2] Rec. Doc. 13308.

1

emergency use. In the Opposition, plaintiff asserts that, because "[t]he experts who discuss alternative design features address them in their reports and also have personal knowledge of alternative construction materials and practices which were available at the time the Plaintiff's trailer was built by RBD, and which would have significantly reduced the formaldehyde exposure suffered by Ms. Castanel," she has therefore met her burden of showing the availability of alternative designs at the time the subject travel trailer was manufactured.[3]

RBD disagrees—the only experts retained by plaintiff who proffer alternative designs in their reports are Stephen Smulski, Ph.D. ("Smulski")[4] and Alexis Mallet, Jr. ("Mallet"),[5] and neither of those individuals conduct the requisite risk/utility analysis for the admission of an alternative design theory in a products liability case. First, plaintiff's experts failed to test any of their proposed alternative designs. Second, they have not proven any quantifiable reduction in formaldehyde levels. Finally, plaintiff's experts neglected to analyze several key components necessary to prove the economic feasibility of their proposed alternative designs

Plaintiff argues that she is not required to enumerate the risk/utility of her alternative designs, and cites to *Krummel v. Bombardier Corp.* for the proposition that a "plaintiff may not need to detail and quantify the risk and utility of a product where the product or design feature in question is 'relatively uncomplicated and must be such that a layman could readily grasp them.'"[6] Here, plaintiff alleges that at least three of her eleven proposed alternative design features "involve simple common sense:" (1) use of non-formaldehyde emitting wood products; (2) use of Tyvek sheeting as a moisture barrier; and (3) utilizing "superior" manufacturing

---

[3] Rec. Doc. 13571 at pp. 1-2.
[4] RBD challenges the sufficiency of Smulski's testimony in its Motion in Limine to Exclude the Opinions and Testimony of Stephen Smulski, Ph.D. (Rec. Doc. 13310) and in its contemporaneously-filed Reply to Plaintiff's Opposition.
[5] RBD challenges the sufficiency of Mallet's testimony in its Motion in Limine to Exclude the Opinions and Testimony of Alexis Mallet (Rec. Doc. 13315) and in its contemporaneously-filed Reply to Plaintiff's Opposition.
[6] 206 F.3d 548, 552, n.4 (5th Cir. 2000) (quoting *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 184 (5th Cir. 1990)).

efforts.[7]  Plaintiff's representation of the simplicity of these proposed measures is deceiving. Additionally, plaintiff's cited authorities do not support her argument that she is not required to prove the risk/utility of her proposed designs under the LPLA.[8]

Plaintiff cites to the Fifth Circuit case of *Malbrough v. Crown Equipment Corp.* for the proposition that, as a matter of law, expert testimony is not required to support alternative design claims.[9]  While the plain language of the LPLA may not directly require expert testimony, a plaintiff must still make a *prima facie* case under the statute.[10]  Like *Krummel*, the *Malbrough* court also cites to *Lavespere* for the principle that "there may be cases in which the judge or jury, by relying on background knowledge and 'common sense' can 'fill in the gaps' in the plaintiff's case and thus undertake the utility balancing required by the LPLA without aid of expert testimony."[11]  However, plaintiff fails to provide any examples or authority in which a proposed alternative design was simple enough that a jury could weigh the risk/utility factors independent of competent expert testimony.

Even the *Lavespere* court ultimately concluded that "[a]lthough Lavespere introduced evidence that had some bearing on the risk-utility issue, it was not sufficient to carry the day."[12]  The court reasoned that:

> [Lavespere's] proof of the risk that might have been avoided by the alternative design was, to say the least, incomplete.  Faced with this meager evidence, no reasonable trier of fact could have concluded that the balance of those two factors

---

[7] Rec. Doc. 13571 at p. 3.
[8] Moreover, the next two sentences following plaintiff's quotation from the *Krummel* opinion shows that her reliance on that case is misguided: "In this case, the district court heard testimony that footwell height and width impacted many aspects of the watercraft, including ease of entry and exit, steering, support for the body, comfort, and buoyancy.  This being so, a layperson obviously could not have grasped the adequacy of the footwell design and the need, if any, for warnings." *Krummel*, 206 F.3d 548 at 552, n.4.
[9] 392 F.3d 135, 137 (5th Cir. 2004).
[10] *See* La. Rev. St. Ann. §9:2800.56.
[11] *Malbrough*, 392 F.3d 135 at 137 (quoting *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 184 (5th Cir. 1990)).
[12] *Lavespere*, 910 F.2d 167 at p. 183.

tipped in favor of the risk avoided. One cannot balance items of indeterminate weight.[13]

Here, plaintiff has not met the requisite burden of proof required by the LPLA to make out a *prima facie* case for her proposed alternative designs. Moreover, plaintiff's eleven (11) proposed alternative designs are too numerous and complicated for the trier of fact to assess them without the aid of competent expert testimony. Finally, it should be noted that despite plaintiff's vehement objections regarding the need for expert testimony, the only evidence she offers in support of her various alternative design theories consists of expert testimony by Smulski and Mallet.[14]

Plaintiff's eleven (11) proposed alternative designs are too numerous and complicated to expect a jury of lay-people to undertake the daunting task of assessing the risk/utility for each design without the aid of competent expert testimony. And, as previously briefed, because plaintiff's experts failed to perform the requisite risk/utility analysis for any of her numerous proposed alternative designs, she cannot meet her burden of proof under the LPLA. Therefore, plaintiff should be prohibited from making any references to these untested design theories at trial, as such testimony would only mislead and confuse the jury.

## II. PLAINTIFF'S DEMONSTRATIVE EXHIBIT IS MISLEADING AND PREJUDICIAL

Plaintiff contends that her alternative design mock-ups are intended to be used as demonstrative aids rather than exhibits at trial.[15] Under Federal Rule of Evidence 611(a), courts have wide discretion to control the presentation of evidence at trial, including demonstrative

---

[13] *Id.* (citing *Owens v. Allis-Chalmers Corp.*, 414 Mich. 413, 431-32, 326 N.W.2d 372, 378-79 (1982); *Wilson v. Piper Aircraft Corp.*, 282 Or. 61, 68-69, 577 P.2d 1322, 1327 (1978)).
[14] *See* Rec. Doc. 13571 at pp. 5-7.
[15] Rec. Doc. 13571 at p. 8.

4

aids.[16] The Opposition notes that the "primary purpose of a demonstrative aid is to illustrate other admitted evidence and thus to render it more comprehensible to the trier of fact."[17] A proposed demonstrative aid must also meet the relevancy requirements of Rule 401:[18]

> The next step in the analysis is to address the issue of relevance, as any proposed demonstrative aid must, of course, be used in connection with testimony that is relevant to the issues presented.[19] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[20] In this regard, it is important to note that demonstrative aids often "do not have *independent* probative value for determining the substantive issues in the case."[21]

Here, the relevance of plaintiff's alternative design mock-ups will depend upon several factors, including the Court's determinations on the sufficiency of both Mallet and Smulski's expert testimony, and, whether plaintiff can meet her burden of proof under the LPLA.

As discussed *supra*, RBD contends that plaintiff should be prohibited from making any reference to alternative designs at trial. To the extent that the Court deems such evidence relevant, however, RBD requests that the Court exclude plaintiff's alternative design mock-ups pursuant to Rule 403. That rule permits a district judge to exclude relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[22]

Plaintiff states that "[t]he alternative design mock-up is a compilation of multiple alternative design options…and contains at least four alternative design elements."[23] Here, RBD

---

[16] Fed.R.Evid. 611(a); *see also Colgan Air, Inc. v. Raytheon Aircraft, Co.*, 535 F.Supp.2d 580, 583 (E.D.VA 2008).
[17] Rec. Doc. 13571 at p. 9 (citing *Colgan*, 535 F.Supp.2d 580 at 583 (citing *2 McCormick on Evidence* § 214 (6th Ed. 2006))).
[18] *See Colgan*, 535 F.Supp.2d 580 at 583.
[19] *See* Fed.R.Evid. Rules 401, 402.
[20] Fed.R.Evid. Rule 401.
[21] 2 *McCormick on Evidence* § 214 (6th ed. 2006) (emphasis in original).
[22] Fed.R.Evid. Rule 403.
[23] Rec. Doc. 13571 at p. 8.

asserts that plaintiff's use of the alternative design mock-ups at trial would only confuse and mislead the jury. Rather than "clarify a complex principle or concept" for the trier of fact, the aggregate nature of plaintiff's alternative design mock-up would only serve to further muddle the issues and unfairly prejudice RBD.[24] Finally, RBD notes that plaintiff's intention regarding the use of demonstrative aids to "clarify a complex principle or concept" is contrary to her earlier arguments that her alternative design theories involve "simple common sense" that a layman could grasp without the benefit of expert testimony.[25]

### III.   CONCLUSION

For the foregoing reasons, Recreation By Design, LLC, respectfully requests that the Court grant defendant's Motion to Strike Plaintiff's References to an Alternative Design and Related Demonstrative Exhibit.

---

[24] *See Colgan*, 535 F.Supp.2d 580 at 583.
[25] *See* §I *supra*.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
**GARRISON, YOUNT, FORTE**
**& MULCAHY, LLC**
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28th, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436