UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

*****************************************************************************

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE OPINIONS AND TESTIMONY OF STEPHEN SMULSKI, PH.D.**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who offers the following reply memorandum to Plaintiff's Response to Defendant's Motion *in Limine* to Exclude Opinions and Testimony of Stephen Smulski, Ph.D.[1] (the "Response") and in further support of its Motion *in Limine* to Exclude the Opinions and Testimony of Stephen Smulski, Ph.D.:[2]

---

[1] Rec. Doc. 13609.
[2] Rec. Doc. 13310.

1

## I. SMULSKI'S TESTIMONY SHOULD BE EXCLUDED PER THIS COURT'S PRIOR ORDERS

In the Response, plaintiff strenuously objects to RBD's description of Smulski as a "self-styled expert" in wood science technology.[3] Plaintiff's objection takes RBD's language out of context, as the aforementioned terminology was not utilized for the proposition that Smulski lacks the requisite expertise in the field of wood science. Rather, RBD merely points out that there is no professional license required in that field, a fact that Smulski himself confirmed in his deposition testimony.[4]

RBD will now address the insufficiency of plaintiff's arguments in relation to specific paragraphs of Smulski's written report, in order they appear in the Response:

### A. Paragraphs 17 & 35

Plaintiff completely disregards the substance of RBD's arguments regarding Paragraphs 17 and 35 of Smulski's report, wherein he opines on the anticipated uses of travel trailers following Hurricane Katrina.[5] In its motion *in limine*, RBD cites to two previous Orders (Rec. Docs. 2800 and 12642) in which the Court excluded nearly identical testimony by Smulski.[6] Strangely, plaintiff also cites to one of these Orders, albeit incorrectly. Plaintiff asserts that "Defendant seeks this limitation by relying on a prior Order (Rec. Doc. 2008 [*sic*], p. 3)[7] that deemed opinions inappropriate if they contained '[v]ague, potentially pejorative terms.'"[8] Plaintiff mischaracterizes the Court's Order, which states that:

> The content of Statement 17 is inadmissible. Dr. Smulski uses some subjective quantitative terms which the jury must consider, such as "*short-term* recreational

---

[3] Rec. Doc. 13609 at p.4.
[4] *See* Ex. B to Rec. Doc. 13310 at p. 36.
[5] *See* Rec. Doc. 13310; *see also* Ex. A to Rec. Doc. 13310.
[6] Rec. Doc. 13310 at pp. 5-6; *see also* Order dated August 24, 2009, p. 2 (Rec. Doc. 2800); Order dated March 9, 2010, p. 1 (Rec. Doc. 12642).
[7] RBD assumes that plaintiff meant to say "Rec. Doc. 2800, p. 3"—Rec. Doc. 2008 is actually an Order dated June 29, 2009 regarding the PSC Motion for Protective Order Regarding FEMA's Disposition of Units.
[8] Rec. Doc. 13609 at p. 5.

use", and that the occupants "would be subjected to *acute exposure* to formaldehyde gas." He also asserts that the EHU "was converted from short-term recreational use to *long-term* housing." Dr. Smulski describes "*chronic exposure* to formaldehyde gas." These are opinion statements for which there is no basis (or, rather, a basis outside of this expert's field), containing undefined terms of possible pejorative nature.[9]

Here, Smulski's testimony also includes "subjective quantitative terms" within the province of the jury, such as "**short-term** camping and **recreational use**" and "**permanent dwelling**."[10] Smulski should not be permitted to use these subjective terms, especially in light of the Court's prior ruling. And, despite the fact that RBD clearly refers to Smulski's "opinions" in its motion *in limine*, the Response asserts that "Plaintiff disputes that Smulski's statements are not an opinion."[11] This contention is without merit and underscores plaintiff's failure to grasp the material issues in this case.

Plaintiff goes on to argue that "[o]ne does not need qualification as an expert in order to reasonably conclude that if someone lives in a trailer for months to years the trailer is no longer a 'short term and recreational use' but has converted to temporary housing."[12] It appears that, once again, plaintiff misconstrues the Court's prior Order:

> Dr. Smulski also states that the use of this EHU "was a reasonably anticipated use given that this trailer was sold to FEMA for the purpose of housing persons displaced by natural disasters like Hurricane Katrina." While perhaps true, there is no need for this to be offered as an "expert opinion" from a wood science/wood technology expert, and it is admissible only to the extent that this is a factual assumption he makes to support his opinions.[13]

The Court did not exclude Smulski's opinion because he was not qualified to render it—rather, the Court determined that that it would be inappropriate to admit such testimony as an independent "expert opinion." Finally, plaintiff asserts that Smulski's testimony on this topic

---

[9] Rec. Doc. 2800 at p. 3 (emphasis in original).
[10] *See* Ex. A to Rec. Doc. 13310 at p. 5 (emphasis added).
[11] Rec. Doc. 13609 at p. 5; *see also* Rec. Doc. 13310 at pp. 5-6.
[12] Rec. Doc. 13609 at p. 5.
[13] Rec. Doc. 2800 at p. 3.

3

consists of "factual assumptions he makes to support his opinions."[14]  Plaintiff, however, fails to point out what opinions Smulski supports with these alleged "factual assumptions."  As such, the Court should exclude and/or limit Smulski's opinions in Paragraphs 17 and 35.

### B. Paragraphs 22, 23, & 27

Plaintiff objects to RBD's request that paragraphs 22, 23, and 27 of Smulski's report (in which he recites the results of various testing reports on formaldehyde levels) receive the same limiting instruction imposed by the Court in the Fleetwood, Gulf Stream, and Forest River bellwether trials.[15]  Specifically, "[p]laintiff objects to any limitation of Smulski's testimony regarding testing reports concerning the levels of formaldehyde."[16]  However, plaintiff's *very next sentence* asks the Court to apply the exact same limiting instruction that RBD requested in its motion *in limine*.[17]  Plaintiff apparently concedes to RBD's original request for an appropriate limiting instruction.

RBD also asked the Court to strike the speculative opinion contained in Smulski's Paragraph 23 regarding the identity of undisclosed trailer manufacturers in a CDC study because this assertion is unsupported by any facts whatsoever.[18]  Plaintiff's only response to RBD's argument, however, is yet another speculative opinion: "It is not only possible, but probable that one of the thirty-eight (38) travel trailers tested by the CDC was manufactured by Recreation By Design."[19]  Plaintiff fails to support this conclusion with any facts or data—therefore, Smulski's testimony is purely speculative and should be stricken.

---

[14] Rec. Doc. 13609 at p. 5.
[15] *See* Rec. Doc. 12642 at p. 1; *see also* Rec. Doc. 2800 at p. 3 and Rec. Doc. 7683 at p. 1.
[16] Rec. Doc. 13609 at p. 5.
[17] Rec. Doc. 13609 at pp. 5-6.
[18] Rec. Doc. 13310 at p. 6.
[19] Rec. Doc. 13609 at p. 6.

### C. Paragraphs 33 & 34

Plaintiff argues that Smulski is qualified to offer testimony on mechanical ventilation systems, even though "he does not promote himself as an expert in the fields of HVAC or travel trailer design […]."[20] And, while the Court may have permitted Smulski to opine generally that ventilation affects the level of formaldehyde gas in a travel trailer, RBD contends that Smulski's testimony is misleading because he does not provide any evidence that formaldehyde levels in the Castanel unit increased by any quantifiable amount. Smulski's testimony regarding mechanical ventilation systems should be subject to the Court's prior limiting instructions.[21]

RBD objects to any testimony by Smulski regarding the ventilation warning in the trailer's Owner Information Document. To the extent that this testimony is permitted, RBD requests that it be made clear to the jury that Smulski is not a warnings and/or human factors expert.[22]

### D. Paragraph 28

Plaintiff asserts that the "trier of fact should be informed as to the current [CARB] standards in order to properly consider all issues of fact in the case."[23] This contention is wholly without merit, as the Court has already ruled on a number of occasions in prior bellwether cases that such standards are irrelevant to the material facts at issue because they were not in effect at the time of trailer manufacture and/or when plaintiff resided in the trailer.[24] As such, any testimony regarding the 2009 CARB standards should be excluded because it is irrelevant to plaintiff's claims in this case. Moreover, any discussion of these standards would confuse and mislead the jury, and prejudice RBD.

---

[20] Rec. Doc. 13609 at p. 6.
[21] *See* Rec. Doc. 7683 at p. 2.
[22] *See* Ex. B to Rec. Doc. 13310 at p. 67.
[23] Rec. Doc. 12609.
[24] *See* Rec. Doc. 12642 at p. 2; *see also* Order dated September 8, 2009 (Rec. Doc. 3069).

### E. Paragraphs 30, 32, & 34

In Paragraphs 30, 32, 33, and 34, Smulski opines on alternative designs that should have been adopted by RBD at the time the subject unit was manufactured. RBD refers the Court to Section II, *infra*, for a detailed discussion of the inadequacy of Smulski's alternative design testimony under the LPLA.

Plaintiff specifically objects to any limitation of Smulski's testimony regarding alternative mechanical ventilation systems, despite the fact that the Court has previously limited similar testimony in other bellwether trials.[25] RBD requests that the Court apply the same limiting instructions and exclude any alternative design testimony by Smulski that is not related to wood or wood-based products. In particular, RBD requests that the Court strike any reference by Smulski to the "Northern Breeze" sensor-controlled roof vent and fan unit discussed in Paragraph 34.[26]

### II. SMULSKI'S ALTERNATIVE DESIGNS DO NOT SATISFY LPLA REQUIREMENTS

Plaintiff argues that the authority cited in RBD's motion *in limine*, *Seither v. Winnebago Industries, Inc.*, is taken out of context.[27] She notes that, in *Seither*, the court rejected the proffered alternative design because there was "no examination of material prices or consideration of labor expenses," the alternative design was shown to be "invalid and incapable of passing required federal tests," and the "record [was] devoid of any technical drawings, calculations, scientific study, photographs, or the publication of any engineering principles as to this alternative design."[28] Here, plaintiff summarily concludes that, because "the record is arguably overflowing with Dr. Smulski's technical drawings, calculations, scientific study,

---

[25] *See* Rec. Doc. 12642 at pp. 2-3; Rec. Doc. 2800 at pp. 3-4.
[26] *See* Ex. A to Rec. Doc. 13310 at p. 11.
[27] 853 So.2d 37.
[28] 853 So.2d 37 at p. 6; Rec. Doc. 13609 at pp. 8-9.

6

photographs, and publications of appropriate scientific principles as to his proposed alternative designs," his testimony is not speculative and must satisfy the requirements of the LPLA.[29] Plaintiff also alleges that *Seither* does not apply because "[a]ll of Dr. Smulski's proposed alternative designs are tested and analyzed" and they are "valid and capable of passing federal tests."[30]

As a preliminary matter, it should be noted that plaintiff fails to specify exactly which "federal tests" Smulski's alternative designs are capable of passing. Moreover, plaintiff cannot point to one single test conducted by Smulski proving the feasibility of his alternative design theories. Finally, it is unclear how any alleged alternative design proffered by Smulski could pass any test at all, since his "alternative design" consists of nothing more than vague assertions that: (1) RBD could have used materials that emit little or no formaldehyde;[31] (2) RBD could have directed its installation companies to apply overlays to the face and back of hardwood plywood panels;[32] and (3) RBD could have used a mechanical ventilation system.[33] This speculative testimony is precisely the type contemplated by the *Seither* court—Smulski presents "merely a concept that [is] untested, unengineered, and not presented to the jury in any fashion more than mere speculation."[34]

Just like *Seither*, Smulski failed to test his alternative designs or perform any risk-utility analysis. He did not examine material prices, nor did he consider the manufacturing labor expenses associated with his alternative design theories.[35] And, as discussed *supra*, any testimony by Smulski regarding HVAC and/or mechanical ventilation systems, including the

---

[29] Rec. Doc. 13609 at p. 9.
[30] Rec. Doc. 13609 at p. 9.
[31] *See* Ex. A to Rec. Doc. 13310 at p. 10, ¶ 30.
[32] *See* Ex. A to Rec. Doc. 13310 at p. 10, ¶ 32.
[33] *See* Ex. A to Rec. Doc. 13310 at pp. 10-11, ¶¶ 32 and 34.
[34] 853 So.2d 37 at p. 40-41; Rec. Doc. 13609 at p. 8.
[35] *See* 853 So.2d 37 at p. 40-41; *see also* Rec. Doc. 13310 at pp. 10-11.

"Northern Breeze" unit, should be limited in accordance with the Court's prior rulings. Plaintiff alleges that Smulski's opinions on alternative design are valid because they are "grounded in science," yet she does not elaborate on this assertion.[36] Because plaintiff has failed to carry her burden in showing the feasibility of Smulski's alternative designs, his testimony should therefore be excluded.

### III. SMULSKI'S ADDITIONAL FINDINGS UNIQUE TO THE CASTANEL UNIT SHOULD BE EXCLUDED UNDER RULES 702 AND 403

#### A. Paragraph 15

To the extent that Smulski is permitted to testify that he did not see formaldehyde warning stickers inside the Castanel unit, RBD requests that the Court strictly limit his testimony to the observations that he made from his visual inspection of the trailer and/or the RBD Owner Information document—anything beyond that invades the province of the jury.[37]

#### B. Paragraph 19

Smulski's opinion that the unit's "air exchange rate (i.e., ventilation) is low" should be excluded because he has no basis to make such a comparison.[38] Smulski obtained his information on the trailer's air exchange rate from Paul LaGrange, and he did not perform any calculations.[39] And, while it may be true that an expert can rely on data from another expert under Rule 703, that rule only permits an expert in one field to base an opinion **in part** on the opinions of other experts in other fields.[40] Smulski does not render any opinion independent of

---

[36] Rec. Doc. 13609 at p. 8.
[37] *See, e.g.*, Rec. Doc. 12642 at p. 2.
[38] *See* Ex. B to Rec. Doc. 13310 at p. 5.
[39] *See* Ex. B to Rec. Doc. 13310 at pp. 21, 23-26, 43-44, 76.
[40] *See Concerned Area Residents for the Environment v. Southview Farm*, 834 F.Supp. 1422, *1436 (W.D.NY. 1993), cert denied 115 S.Ct. 1793, rev'd on other grounds 34 F.3d 114, 118 (2d. Cir. 1994) (citing Fed.R.Evid. 703; *United States v. 1,014.16 Acres of Land*, 558 F.Supp. 1238 (W.D.Mo.1983), *aff'd*, 739 F.2d 1371 (8th Cir.1984)) (emphasis added).

those made by Paul LaGrange—as such, Rule 703 should not apply to Paragraph 19 of his report.[41]

To the extent that Smulski is permitted to testify regarding air exchange rates calculated by plaintiff's expert Paul LaGrange, RBD requests that the Court issue a limiting instruction to the jury consistent with its previous instructions regarding Smulski's reliance on the test results of others.[42]

### C. Paragraph 24

RBD contends that Smulski should be prohibited from reciting air sampling results from the W.D. Scott. Group, Inc. ("Scott"). Smulski did not personally test the Castanel unit for the presence of formaldehyde, nor did he make any calculations regarding formaldehyde levels.[43] Moreover, RBD contends that Scott's methodology in making these calculations is grossly insufficient under Rule 702 and *Daubert*.[44] To the extent that Smulski is permitted to testify regarding the results of air sampling conducted by plaintiff's experts from the W.D. Scott. Group, Inc., RBD requests that the Court issue a limiting instruction to the jury consistent with its previous instructions regarding Smulski's reliance on the test results of others.[45]

## IV. CONCLUSION

For the foregoing reasons, Recreation By Design, LLC, respectfully requests that the Court grant defendant's motion *in limine* and exclude the opinions and testimony of Stephen Smulski, Ph.D. at trial.

---

[41] *Id*. *See also* RBD's contemporaneously-filed Reply to Plaintiff's Opposition to Defendant's Motion *in Limine* to Exclude the Opinions and Testimony of Alexis Mallet, §I.
[42] *See, e.g.*, Rec. Doc. 2800 at pp. 2-3.
[43] *See* Ex. B to Rec. Doc. 13310 at pp. 22, 24-25, 86-87, 90-93.
[44] A detailed analysis of the numerous errors in Scott's expert report and testimony are the subject of RBD's Motion *in Limine* to Exclude in Part the Testimony of William Scott, P.E. (Rec. Doc. 13307), which plaintiff did not oppose.
[45] *See, e.g.*, Rec. Doc. 2800 at pp. 2-3.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
**GARRISON, YOUNT, FORTE & MULCAHY, LLC**
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 28th, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436