UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|        FORMALDEHYDE PRODUCTS | * | |
|        LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel, et. al. v Recreation by Design, LLC, et. al* | * | |
| Docket No. 09-3251 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO STRIKE THE ADDENDUM TO MICHAEL
GINEVAN'S, PH.D. EXPERT REPORT**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, comes Plaintiff, Earline Castanel, who hereby respectfully replies to "Defendant's Response To Plaintiff's Motion To Strike the Addendum To Michael Ginevan's, Ph.D. Expert Report," and hereto states:

**LAW & ARGUMENT**

Defendant's arguments contravene the very purpose of supplementation as intended by Rule 26 of the Federal Rules of Civil Procedure.  Supplemental reports serve to correct statements rendered inaccurate or incomplete by events subsequent to the disclosure of the expert's initial report.  *See* Fed. R. Civ. Proc. 26(e).  As noted by the Fifth Circuit, "[t]he purpose of . . . supplementary disclosures is just that-to . . . supplement.  These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."  *Sierra Club,*

1

*Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).  Here, Defendant's attempt to push the bounds of Rule 26(e) must fail as (1) Ginevan has asserted no valid reason for his supplementation; (2) Ginevan's supplement is based on information available prior to the deadline of expert reports; and (3) Ginevan's supplementation is prejudicial to Plaintiff.

**I.   GINEVAN HAS ASSERTED NO VALID REASON FOR SUPPLEMENTATION.**

Defendant misconstrues the language of Rule 26(e)(2), and incorrectly argues that this language provides Ginevan with blanket authority to supplement simply because a Plaintiff's expert is deposed after the deadline for defense experts.  Rec. Doc. 13596, p. 3.  No such authority exists, and as required by Rule 26(a)(2), the parties must look to Rule 26(e) to determine whether supplementation is necessary.  Fed. R. Civ. Proc. 26(a)(2) ("The parties must supplement [expert] disclosures when required under Rule 26(e).").

**A.   The Entirety of Rule 26(e) Must be Considered in Determining the Appropriateness of Supplementation.**

Although Defendant argues that Rule 26(e)(1) "is not specifically tailored to the testimony of an expert witness," according to Rule 26(a)(2), all of Rule 26(e) must be considered in evaluating whether or not supplementation is permissible.  Accordingly, Rule 26(e), in total, states:

> (e) Supplementation of Disclosures and Responses.
>
> (1) In General.
>
> A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or

2

>incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
>(B) as ordered by the court.
>
>(2) Expert Witness.
>
>For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. Proc. Rule 26(e).

### 1. Rule 26(e)(2) Applies To <u>What Type</u> of Disclosures Experts Must Modify.

Unlike Defendant's reading, a proper evaluation of Rule 26(e)(2) explains *what type* of disclosures an expert must supplement—not when the expert must supplement—stating that an expert has the "duty to supplement . . . both information included in the report and information given in the expert's deposition." Fed. R. Civ. Proc. 26(e)(2). Essentially, this means that an expert has a duty to correct his report <u>and</u> his deposition through supplementation. This does not, however, authorize an expert to supplement simply because another expert has been deposed.

### 2. Rule 26(e)(1) Applies To <u>When</u> Expert Disclosures Must be Modified.

Unlike subsection 26(e)(2), Rule 26(e)(1) governs *when* an expert must supplement. Supplementation is only proper where an expert's report or deposition is incomplete or incorrect due to information not previously disclosed. Fed. R. Civ. Proc. 26(e)(1)(A); *see also Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Here, Defendant has not alleged that Ginevan's original report was incomplete or incorrect.

3

B. **Neither Defendant Nor Ginevan Has Proffered No Viable Reason for Supplementation.**

The only reason proffered for supplementation by Defendant is that "plaintiff's testimony relating to Hewett were[sic] not available until well after the Court's March 1, 2010 deadline for submission of defense expert reports." Rec. Doc. 13596, p 3. Defendant, however, has not mentioned any information given in Hewett's deposition that was not originally available in Hewett's expert report. Thus, Defendant's proffered reason fails to show how Ginevan's original report was "incomplete or incorrect," and instead relies on Defendant's gross misinterpretation of Rule 26(e)(2). *Avance v. Kerr-McGee Chem. LLC*, 2006 WL 3484246, at *7 (E.D.Tex.2006) (excluding a late filed report where the Plaintiffs failed to demonstrate justification for the report).

Moreover, if Defendant's reasoning were valid, it would render irrelevant this Court's Scheduling Order as Defendant could simply delay issuing expert reports until all Plaintiff's experts had deposed. The deadline for Defendant's expert reports would bear of little importance as Defendant could simply supplement when it deemed appropriate. Additionally, Defendant's reasoning would contravene the Advisory Committee Notes to Rule 26 of the Federal Rules of Civil Procedure, which state that expert reports must be "detailed and complete" and not "sketchy and vague." Advisory Committee Note, Fed. R. Civ. Proc. 26. Here, Ginevan is attempting to backdoor first-time, detailed analysis of Hewett's report after the permissibly allowable time for doing so has passed.

II. **GINEVAN'S SUPPLEMENTAL REPORT IS BASED ON DATA AVAILABLE PRIOR TO DEFENDANT'S EXPERT REPORT DEADLINE**

"An expert report that contains *new* opinions based on information available prior to the expiration of the expert report deadline is not supplemental." *Matthews v. Remington Arms Co., Inc.*, 2009 WL 1220541, (WDLA May 4, 2009) (original emphasis).

4

Accordingly, Ginevan's supplemental report should be struck as it is based on information available prior to the deadline for defense expert reports.  Courts have routinely struck "supplemental" testimony where the opinions are based upon information available prior to the deadline for expert disclosures. *Lampe Berger USA, Inc. v. Scentier, Inc.*, 2008 WL 3386716 (M.D. La. 2008); *Shelter Mut. Ins. Co. v. Culbertson Ltd., Inc.*, 1999 WL 135297 (E.D. La. 1999).   As exemplified by the first few lines of the supplement, Ginevan clearly based his supplement on Hewett's expert report: "In Hewett's report, he does decline analyses of formaldehyde levels by age of the trailer at the time it was tested for formaldehyde for both occupied and unoccupied trailers." Exhibit A, Ginevan Supplement, pg. 1.  Ginevan proceeds to recalculate Hewett's calculations, concluding for the first time that "for RBD trailers at least, there is no real evidence for a decline in formaldehyde levels with the age of trailers."[1] This new opinion is based on data available well before the deadline for Ginevan's report as noted by Ginevan himself. Exhibit A, pg. 1 (stating that the underlying data was "used by Hewett in a file [and] provided by Hewett."). Ginevan's new opinions thus cannot be characterized as "supplemental" as Defendant had, at its disposal, the information necessary for Ginevan to opine prior to the deadline for expert reports. Accordingly, this Court should strike the new "supplemental" opinion of Ginevan.

### III.    PLAINTIFF IS PREJUDICED BY GINEVAN'S SUPPLEMENTAL REPORT.

Defendant admits that Ginevan's supplemental report "was provided to [P]laintiff on April 13, 2010 at the very beginning of Ginevan's deposition." Defendant, however, argues that Plaintiff is not prejudiced by Ginevan's supplemental report

---

[1] As an additional reason for the supplement, Defendant states that "a transcript of [Hewett's] deposition testimony was not made available to defense counsel until March 15, 2010." Rec. Doc. 13596. Respectfully, in addition to having access to the underlying data prior to the expert report deadline, the delay of receiving a transcript is an invalid excuse for the untimely filing of an expert report.  Defendant has the ability to not only expedite the receipt of transcripts, but also has the authority to request "draft" transcripts soon after the conclusion of the deposition, if necessary.

because Plaintiff questioned Ginevan regarding his supplementation. Given the complex calculations presented in Ginevan's supplementation, Plaintiff was certainly prejudiced by not having the proper amount of time in which to analyze and evaluate Ginevan's work. For example, Ginevan discusses the formaldehyde regression rates in trailers for "In(dose) vs age in years," and engages in a confusing discussion of $R^2$ and $r^2$ values that require a thorough analysis of included charts. Exhibit A, p. 1-2. Providing Plaintiff with this supplement at the start of Ginevan's deposition prevented Plaintiff from adequately assessing and analyzing its contents. Plaintiff should not be punished for choosing to question Ginevan on his supplement as Plaintiff was merely attempting to assess the grounds of his supplement and was not fully prepared to discuss its contents. Moreover, because Defendant was unable to follow the deadlines issued by this Court and because Plaintiff is prejudiced thereof, Plaintiff should not be forced to notice an additional deposition for Ginevan and his supplement should likewise be struck.

## CONCLUSION

Defendant's misinterpretation of Rule 26(e)(2) contravenes the purpose and clear language of Rule 26(a)(2) and Rule 26(e) of the Federal Rules of Civil Procedure. Supplementation is only appropriate where changes must be made to complete or correct an expert's previously submitted report or deposition. Accordingly, a report is not considered "supplemental" when it offers new opinions or is based on information readily available prior to the deadline for expert disclosures.

Here, because Ginevan's conjures a new opinion regarding Hewett's calculations that Ginevan admits is based on data "used by Hewett . . . [and] provided by Hewett," Ginevan's report cannot be considered supplemental. Further, Plaintiff is prejudiced by

its submission that occurred immediately prior to Ginevan's deposition. Accordingly, Ginevan's supplemental report should be stricken from consideration.

## PRAYER

For the foregoing reasons, Plaintiff respectfully prays that this Court strike the above described untimely Addendum to Michael Ginevan's, Ph.D. Expert Report.

Respectfully submitted:

FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      PLAINTIFFS' CO-LIAISON COUNSEL
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      PLAINTIFFS' CO-LIAISON COUNSEL
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

      COURT-APPOINTED PLAINTIFFS'
      STEERING COMMITTEE
      ANTHONY BUZBEE, # 24001820
      RAUL BENCOMO, #2932
      FRANK D'AMICO, #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938
      MIKAL WATTS, Texas # 20981820
      DENNIS REICH, Texas #16739600

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on April 28, 2010.

                                              s/Gerald E. Meunier
                                           GERALD E. MEUNIER, #9471