**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | **MDL NO. 1873** |
| **FORMALDEHYDE** | * | |
| **PRODUCT LIABILITY** | * | **SECTION "N-5"** |
| **LITIGATION** | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **THIS DOCUMENT RELATES TO** | * | **MAG. JUDGE CHASEZ** |
| ***EARLINE CASTANEL, ET AL*** | * | |
| ***v. RECREATION BY DESIGN, LLC*** | * | |
| ***ET AL, DOCKET NO. 09-3251*** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### RBD'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE OPINIONS AND TESTIMONY OF ALEXIS MALLET

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation By

Design, LLC ("RBD"), who offers the following reply memorandum to Plaintiff's Opposition to

Defendant's Motion *in Limine* to Exclude Opinions and Testimony of Alexis Mallet[1] (the

"Opposition") and in further support of its Motion *in Limine* to Exclude the Opinions and

Testimony of Alexis Mallet:[2]

---

[1] Rec. Doc. 13604.
[2] Rec. Doc. 13315.

## ARGUMENT AND AUTHORITIES

### I.  Mallet is not Qualified to Offer Expert Testimony

Plaintiff repeatedly asserts that, because Mallet was qualified as an expert in previous bellwether trials, the same should apply here.[3]  Plaintiff's apparent solution to the Court's prior rulings regarding the duplicative testimony of Mallet and other members of his personnel team is to offer Mallet and Stephen Smulski, Ph.D. as her sole expert witnesses on the alleged construction/design issues of the Castanel unit.[4]  However, plaintiff recites the same deposition testimony in the Opposition previously cited by RBD, which confirms that, as a non-engineer, Mallet is legally prohibited from performing engineering calculations.[5]

In the Opposition, plaintiff argues that her decision to call Mallet "in place of at least Ritter, LaGrange and Moore" is based on the Court's prior rulings regarding cumulative or duplicative testimony in the first two bellwether trials.[6]  Plaintiff also asserts that excluding these other members of Mallet's personnel team will make her case "significantly more streamlined and efficient."[7]  However, this still does not address RBD's position that Mallet should not opine on HVAC issues especially since plaintiff later admits that Mallet did not personally witness various tests conducted by Ritter, LaGrange, and Moore.[8]

It is undisputed that plaintiff's construction/design experts Moore, Ritter, and LaGrange all prepared their expert reports at Mallet's request.[9]  Indeed, plaintiff seeks to use Mallet's role of "coordinator" for plaintiff's team of construction/design experts as evidence of his own independent qualifications to render opinions on the areas of inquiry delegated to those other

---

[3] *See* Rec. Doc. 13604 at pp. 2, 6-7, 10, 14.
[4] Rec. Doc. 13604 at p. 2 ("[…] Mallet's trial testimony will be the only testimony the trier of fact will hear, with the exception of Dr. Smulski, relating to the issues of construction and design central to this litigation.").
[5] *See* Rec. Doc. 13604 at p. 5; *see also* Rec. Doc. 13315 at p. 9.
[6] Rec. Doc. 13604 at p. 2.
[7] Rec. Doc. 13604 at p. 2.
[8] *See* Rec. Doc. 13604 at pp. 7-8.
[9] Rec. Doc. 13606 at p. 4.

experts.[10]   RBD is perplexed by this logic, in that plaintiff recites the very same deposition testimony cited by RBD wherein Mallet admits that he out-sourced the inspection and testing of the Castanel unit to other professionals who either had the necessary equipment to conduct that testing and/or held the requisite license(s) to perform engineering calculations.[11]   Just because Mallet incorporated and reproduced the reports of other experts into his own written report does not mean that he possesses the requisite qualifications under *Daubert* to testify on the methodology and conclusions of other experts.

Plaintiff attempts to overcome this hurdle by arguing that "Mallet's reliance upon these other experts (particularly given that it was at his direction and with his involvement) is perfectly allowable for an expert under Rule 703 of the Federal Rules of Evidence, which governs the bases of opinion testimony by experts."[12]   Plaintiff cites to three (3) cases in support of this proposition, all of which are readily distinguishable from the case at hand.  First, plaintiff cites to the pre-*Daubert* case of *Lewis v. Rego Co.*, which makes only one fleeting reference to Rule 703 in the context of expert trial testimony under Rule 705.[13]   In *Lewis*, the trial court did not allow the testifying expert [Dr. Leonard] to discuss the substance of a conversation that he had with another causation expert [Dr. McMahon] based on a hearsay objection, even though Dr. Leonard relied on discussions with Dr. McMahon in forming his opinions.[14]  This was especially problematic because Dr. McMahon had withdrawn the relevant portions of his report prior to trial after discovering that he relied on a faulty assumption in rendering his causation opinion.[15]

The court of appeals focused its analysis on the fact that a previous fact witness [Commander Morton] had been permitted to testify about the withdrawn portions of the McMahon report, but

---

[10] *See* Rec. Doc. 13606 at pp. 3-4, 6-7.
[11] Rec. Doc. 13606 at pp. 4-5.
[12] Rec. Doc. 13606 at p. 5; *see also* pp. 6-7.
[13] *See* 757 F.2d 66 at *74
[14] *See* 757 F.2d 66 at *72-74.
[15] *Id*. at *73-74.

did not disclose to the jury that McMahon had changed his findings and conclusions.[16] Ultimately, the court found reversible error, and noted that "[a] lay witness' conversation with Dr. McMahon would not have been admissible in evidence.  However, since Dr. Leonard's conversation with Dr. McMahon was the kind of material on which experts in the field base their opinions, inquiry concerning the conversation should have been permitted."[17]  The extraordinary circumstances present in *Lewis* are inapplicable to the facts at hand, and plaintiff's reliance on the holding in that case is misguided.

Next, plaintiff cites to *Ohio Environmental Development Ltd. Partnership v. Envirotest Systems Corp.*[18]  In that case, one plaintiff's expert [Gardner] relied upon the repair estimates of another plaintiff's expert [Watson] to make his own calculations based upon a percentage of the repair estimates.[19]  The district court held that an "expert is free to give his opinion relying upon the types of data an expert would normally use in forming an opinion in his area of expertise."[20] Here, Mallet did not make his own engineering calculations because, as discussed *supra*, he is not licensed or qualified to do so.  Additionally, Mallet did not rely on the data or test results yielded by other construction/design experts to render opinions based upon his own methodology or analysis.  In other words, Mallet's testimony does not provide any "findings" independent of other experts.  In *Eberli v. Cirrus Design Corporation*, the district court distinguished the holding in *Ohio* and ruled that:

> Defendant essentially contends that because Mr. Klepacki formed this opinion based solely on the flight testing done by another expert, Dr. Butler, Mr. Klepacki's testimony regarding this opinion is not based on any specialized, technical, or scientific knowledge or methodology and would not assist the trier of fact because it merely parrots another expert's opinion.  The Court agrees.  While

---

[16] *Id*. at *73-74.

[17] 757 F.2d 66 at *74 (citing Fed.R.Evid. 703; *Indian Coffee Corp. v. The Proctor & Gamble Company*, 752 F.2d 891 (3d Cir.1985)).

[18] 478 F.Supp.2d 963.

[19] *Ohio*, 478 F.Supp.2d 963 at *974.

[20] *Ohio*, 478 F.Supp.2d at *974 (quoting *Mannino v. International Mfg. Co.*, 650 F.2d 846, 851 (6th Cir. 1981)).

4

it is true that "an expert's testimony may be formulated by the use of the facts, data and conclusions of other experts," *Ohio Environmental Development Ltd. Partnership v. Envirotest Systems Corp.*, 478 F.Supp.2d 963, 976 (N.D. Ohio 2007) (internal quotations and citations omitted), **such expert must make some findings and not merely regurgitate another expert's opinion**.[21]

RBD contends that the same reasoning should apply here, in that Mallet does nothing more than compile the opinions of other experts and reproduce them in his own written report.

Finally, plaintiff cites to *Concerned Area Residents for the Environment v. Southview Farm*, a case that is also distinguishable from the present matter.[22]   In *Southview*, the defendants argued, *inter alia*, that the testimony of one expert witness [Dr. Chiarenzelli] was impermissibly based upon the opinion of another expert [Dr. Baker].[23]   Although the court ultimately disagreed, it based its decision on: 1) the fact that both Drs. Chiarenzelli and Baker testified live at trial, thus granting the defendants ample opportunity to cross-examine those witnesses in front of the jury;[24] and 2) Rule 703 permits an expert in one field to base an opinion **in part** on the opinions of other experts in other fields.[25]   Here Mallet does not simply "rely on the opinions of experts in other fields as background material for arriving at an opinion."[26]   Mallet's testimony is nothing more than a compilation the opinions of other experts—plaintiff's argument that his testimony is permissible under Rule 703, therefore, should fail.

---

[21] *Eberli v. Cirrus Design Corporation*, 615 F.Supp.2d 1357, *1364 (S.D. Fla. 2009) (emphasis added); *see also Robinson v. Ford Motor Co.*, 967 F.Supp. 482 n. 2 (M.D.Ala.1997) ("An opinion which is mere speculation or which simply parrots the opinion of another does not assist the trier of fact, and thus, is inadmissible under Rule 702 of the Federal Rules of Evidence.").

[22] 834 F.Supp. 1422, (W.D.NY. 1993), cert denied 115 S.Ct. 1793, rev'd on other grounds 34 F.3d 114, 118 (2d. Cir. 1994).

[23] *Southview*, 834 F.Supp. at *1435.

[24] *Southview*, 834 F.Supp. at *1435.

[25] *Southview*, 834 F.Supp. at *1436 (citing Fed.R.Evid. 703; *United States v. 1,014.16 Acres of Land*, 558 F.Supp. 1238 (W.D.Mo.1983), *aff'd*, 739 F.2d 1371 (8th Cir.1984)) (emphasis added).

[26] *Southview*, 834 F.Supp. at *1436 (quoting *1,014.16 Acres*, 558 F.Supp. 1238 at p. 1242).

## II.  Mallet's Testimony is Neither Reliable nor Relevant

Plaintiff asserts that RBD "is far too specific in its argument that Mallet must show the actual levels of exposure suffered by the Plaintiff."[27]  Rather, plaintiff contends that Mallet's testimony is sufficient because he opines generally on various environmental factors and design defects which can lead to increased off-gassing and exposure to formaldehyde.[28]  RBD disagrees—while Mallet reiterates the various theories of plaintiff's experts, he offers no proof whatsoever that formaldehyde levels increased by any quantifiable amount as a result of alleged defects with the Castanel unit.

In a prior ruling pertaining to plaintiff's expert Ervin Ritter, P.E., the Court cautioned that his proffered "testimony must relate, in some material way, to the existence of formaldehyde in the unit.  In other words, any short-comings in the HVAC system are not relevant unless they somehow tend to prove or disprove the existence and/or level of formaldehyde present in the EHU."[29]  The same principle should also apply to Mallet, in that his failure to connect any of his theories with a quantifiable increase in formaldehyde levels renders his testimony irrelevant.

RBD will now address the insufficiency of plaintiff's theories as they relate to specific topics in the order that they appear in the Opposition:

### A.  Building Codes

RBD hereby incorporates, as if copied herein, the arguments and defenses raised in its contemporaneously-filed Reply to Plaintiff's Memorandum in Opposition to Defendant Recreation By Design, LLC's Motion *in Limine* to Exclude References to Building Codes.[30]

---

[27] Rec. Doc. 13604 at p. 9.
[28] Rec. Doc. 13604 at pp. 8-9.
[29] *See* Order dated March 9, 2010, p. 2 (Rec. Doc. 12640).
[30] For a detailed discussion of why building codes are not relevant to the present case, please see RBD's Motion *in Limine* to Exclude all References to Building Codes (Rec. Doc. 13304).

### B. General Construction Issues

Plaintiff argues that Mallet has the requisite expertise to opine on issues relating to HVAC systems. In support of this argument, plaintiff points to Mallet's "experience and training" on HVAC systems listed on his CV.[31] Plaintiff also reasons that Mallet must be qualified to testify on this area because he discusses it in his deposition and testified regarding HVAC systems at the *Wright* trial.[32] RBD is perplexed at plaintiff's logic, particularly in light of the fact that Mallet readily admitted that he hired Ritter and LaGrange for their expertise in HVAC systems. Just like previous bellwether cases, Mallet's testimony reproduces the reports of Ritter and LaGrange in an effort to provide his analysis of the HVAC, ventilation, insulation, and air quality issues in the Castanel unit. Unlike those cases, however, plaintiff has advised that she will not call Ritter or LaGrange at trial. Plaintiff intends to call only Smulski and Mallet as her construction/design experts—yet, as the Court has previously noted, neither of these witnesses is an expert in HVAC and/or travel trailer design.[33]

Plaintiff also mischaracterizes RBD's position regarding Mallet's "observations" regarding an alleged roof deflection on the Castanel unit. RBD does not assert that Mallet does not or should not have the ability to make such observations—rather, RBD takes issue with the fact that Mallet summarily determined that the roof deflection was evidence in support of Conclusion 107 in his report ("Failure to properly maintain the trailer"), even though he testified that he did not bother to determine the cause of the deflection.[34] Plaintiff does not dispute that Mallet "admitted at deposition that this was an observation rather than an opinion as to what caused the

---

[31] Rec. Doc. 13604 at p. 10.
[32] Rec. Doc. 13604 at p. 10.
[33] *See* Order dated March 10, 2010, p. 2 (Rec. Doc. 12735) ("For instance, Mallet is not an expert in HVAC in particular […]."); *see also* Order dated November 20, 2009, p. 2 (Rec. Doc. 7683); Order dated March 9, 2010, p. 1 (Rec. Doc. 12642).
[34] *See* Rec. Doc. 13315 at pp. 16-17; *see also* Exhibit B to Rec. Doc. 13315 at pp. 145-46, 161-62.

deflection."[35]   This is but one of numerous instances throughout Mallet's report in which he bases a "conclusion" on assumptions.   While Mallet may be qualified to opine on "general construction" issues, his observations and conclusions are often the product of unreliable methodology.  And, as discussed *supra*, Mallet fails to show by any testing data how the trailer's construction led to increased formaldehyde levels within the unit.  Mallet's testimony, therefore, is speculative and should be excluded as irrelevant and unreliable.

### C.  Formaldehyde Off-Gassing

Once again, Mallet cites alleged defects in the trailer's construction and design as the cause of elevated levels of formaldehyde off-gassing and/or exposure within the unit without actually providing any quantifiable data in support of that theory.   Mallet's off-gassing theory is predicated on increased moisture and humidity levels, yet he fails to prove that either of those factors in his report, let alone any specific increase in formaldehyde levels. Plaintiff argues that because Mallet is not an expert in formaldehyde testing, he naturally deferred to other experts in this regard.  However, plaintiff fails to identify any test results whatsoever in support of Mallet's theory.

Accordingly, plaintiff's off-gassing theory is based wholly upon assumptions and improper methodology, it will only serve to confuse and mislead the jury with vague implications that formaldehyde levels in the Castanel unit must have problematic.  Therefore, Mallet's testimony should be excluded.

### D.  Vapor Barriers

Mallet's conclusions regarding the alleged misplacement of the Castanel unit's vapor barrier are unsupported by any real data or observations.   As discussed *supra*, Mallet's various conclusions regarding the construction of the Castanel unit and any subsequent off-gassing of

---

[35] Rec. Doc. 13604 at p. 10 [sic].

formaldehyde are purely speculative.  Because Mallet cannot attribute any actual damage and/or increased formaldehyde levels in the Castanel unit to the alleged misplacement of the trailer's vapor barrier, his testimony will not assist the trier of fact to understand the evidence or determine a fact in issue.

### E.  Alternative Building Materials

RBD hereby incorporates, as if copied herein, the arguments and defenses raised in its contemporaneously-filed Reply to Plaintiff's Opposition to Defendant's Motion to Strike References to an Alternative Design and Related Demonstrative Exhibit.[36]

### CONCLUSION

For the foregoing reasons, Recreation By Design, LLC, respectfully requests that the Court grant defendant's motion *in limine* and exclude the opinions and testimony of Alexis Mallet.

---

[36] For a detailed discussion of why plaintiff's proposed alternative building materials are insufficient under the Louisiana Products Liability Act ("LPLA"), please see RBD's Motion to Strike References to an Alternative Design and Related Demonstrative Exhibit (Rec. Doc. 13308).

Respectfully submitted,


/s/ Randall C. Mulcahy
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
**GARRISON, YOUNT, FORTE**
**& MULCAHY, LLC**
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com


## CERTIFICATE OF SERVICE

I hereby certify that on April 28th, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

/s/ Randall C. Mulcahy
RANDALL C. MULCAHY, Bar No. 26436