UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Earline Castanel v. Recreation By Design, LLC, et al.* | * | |
| Docket No. 09-3251 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION *IN LIMINE* TO PROHIBIT REFERENCE TO
THE FINANCIAL MATTERS OF EARLINE CASTANEL**

Plaintiff Earline Castanel, replies to Defendants' Response to Plaintiff's Motion *in Limine* to Prohibit Reference to the Financial Matters of Earline Castanel, and shows as follows:

**LAW & ARGUMENT**

Plaintiff seeks in her Motion *in Limine* to prohibit reference to her financial matters as they are both irrelevant and prejudicial to the case at bar. Plaintiff reiterates that only relevant evidence is admissible under Federal Rule of Evidence 402. In determining relevancy, Rule 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Under Rule 403 of the Federal Rules of Evidence, this Court is permitted to exclude relevant evidence if the Court finds that its probative value is

1

substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403. Here, Plaintiff maintains that any testimony or reference to Earline Castanel's financial matters is wholly irrelevant to any issue at hand.

Plaintiff Earline Castanel does not seek damages for "past and future loss of earning capacity" against Defendant Recreation By Design, LLC. Plaintiff has made this intention clear in her Amended Complaint, which does not seek income-related damages. In its Response to Plaintiff's Motion *in Limine*, Defendant argues that because this Court "has yet to determine whether plaintiff's amended complaint supersedes her original complaint," that Ms. Castanel's income might still be at issue. This is simply not the case. Again, Plaintiff stipulates that she is not seeking damages for "past and future loss of earning capacity." Thus, evidence relating to Ms. Castanel's financial matters is irrelevant, as such evidence does not tend to prove the existence of a consequential fact. *See* FED. R. EVID. 401.

Defendant's assertion that in addition to receiving the trailer, because Ms. Castanel received emergency housing assistance from FEMA this evidence is not prejudicial. Reference to Ms. Castanel's financial matters remains irrelevant, as evidence of said financial matters in no way tends to make the determination of this action more probable or less probable than it would be without the evidence, as per Rule 401. Whether Recreation By Design's trailer made Ms. Castanel sick is the issue, not whether she received assistance from an agency against whom she initially brought suit for her damages.  Even if this Court were to find such evidence relevant, said evidence should be excluded because it fails the balancing test set forth in Rule 403 of the Federal Rules. This Court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the

jury, or by considerations of undue delay, or waste of time. FED. R. EVID. 403. Evidence is considered unfairly prejudicial not merely because it damages the opposing party's case, but also because its admission makes it likely the jury will decide the case on an improper basis, such as an emotional one, rather than on the evidence presented. *United States v. Connelly*, 874 F.2d 412, 418 (7th Cir. 1989). Because evidence with regard to Earline Castanel's receipt of funds from the Government would unduly prejudice the plaintiff on matters wholly unrelated to any issuing relating to Defendant Recreation by Design, any such evidence should be excluded under Rule 403. It is entirely likely that the jury may mistake Ms. Castanel's exercise of her right to seek damages for personal injury from residing in a FEMA trailer with ingratitude, on the part of a Hurricane Katrina evacuee, who was assisted by the Federal Government.  Evidence as to the financial affairs of Earline Castanel would confuse the issues, and would mislead the jury. Evidence of Ms. Castanel's receipt of Government funds concerns matters wholly unrelated to the issues at bar, and its prejudice would clearly outweigh any probative value. Defendant should be precluded from referencing, soliciting testimony or arguing Ms. Castanel's financial affairs.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant plaintiff's motion *in limine* and prohibit reference to Earline Castanel's financial matters at trial.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &

3

Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas # 16739600

4

## CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                              s/Gerald E. Meunier
                                              GERALD E. MEUNIER, #9471