UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| This document applies to all cases | |

PRETRIAL ORDER
RELATING TO PRE-TRIAL PROCEDURES AND DISCOVERY FOR SUMMARY
JURY TRIALS

PRE-TRIAL ORDER NO. 63
(Concerning use of Summary Jury Trials)

The purpose of this order is to establish rules governing discovery for summary jury trials in this MDL.

I.   Overview and Nature of Procedure

To date, this MDL involves approximately 2800 individual lawsuits. Given this large number of cases, and the desire of certain parties to explore the potential for global resolution through the use of summary jury trials, the Court believes that it is appropriate to develop a summary jury trial procedure that may provide a mechanism to assess individual claims, without the parties incurring the costs and expenses associated with a full jury trial.

{B0654423.1}                                            1

As a form of alternative dispute resolution, the summary jury trial and the procedure set out in this order are voluntary. The Court encourages *all* parties to use summary jury trials, although no party is required to do so. Unless the parties agree otherwise, the result of the summary jury trial is non-binding and shall be an advisory result intended to assist the parties' in a potential resolution of the outstanding claims.

If an individual plaintiff's claims are not resolved through the summary jury trial and settlement, the Court reserves to the participating parties the right to a full jury trial after the conclusion of this MDL. Nothing in this order shall prohibit or limit a post-MDL trial or in any way infringe on the parties' rights to such a trial. A party who opts out of a summary jury trial proceeding specifically does not forfeit its right to conduct future discovery, and nothing in this Order regarding summary jury trials should in any way be read to limit or affect the discovery rights of non-parties to these proceedings. Further, in the event that the Summary Jury Trial Proceeding fails to resolve the plaintiff(s)' claims against all defendants, all parties, whether or not participating parties in the SJT or not, shall be permitted to conduct full discovery in any trial on the merits.

II.   Consent of Parties and Selection of Party

Any parties wishing to use a summary jury trial must sign a written consent form. A copy of the consent form is attached to this order as Attachment 1. By signing the consent form, a party is agreeing only to participate in a single summary jury trial. Signing the consent form does not waive the party's right to participate in future bellwether trials.

A party may consent to the summary jury trial process outlined in this pre-trial order at any time prior to being selected to be a party in a bellwether trial. Additionally, a party may consent to the summary jury trial process outlined in this pre-trial order after being selected to participate in a bellwether trial if done prior to the point at which significant discovery has already been conducted.

The criteria for the selection of an appropriate SJT plaintiff shall be the same criteria applicable to the selection of traditional bellwether trial plaintiffs herein, *i.e.*, a plaintiff or plaintiffs shall be selected with the understanding that the results of the jury feedback as to the claims and defenses applicable to that plaintiff or plaintiffs will be instructive to the parties in exploring and exhausting the prospects of a global resolution of all or some of the claims in the MDL.

III. Confidentiality

The confidentiality order, previously entered by the Court (Rec. Doc. No. 714), concerning the confidentiality of documents produced in connection with this MDL litigation will also be applicable to documents produced in connection with any summary jury trial proceeding under this pre-trial order.

IV. Modification by Agreement

The rules, procedures and limitations set forth in this pre-trial order are the default rules, procedures and limitations. Once the parties agree to conduct a summary jury trial, they are encouraged to discuss and modify this pre-trial order in a manner which best suits the particular facts and circumstances of their summary jury trial case. To the extent that the parties do not or cannot agree to

modify a particular provision set forth in this pre-trial order, the procedures, rules and limitations of this pre-trial order shall govern pre-trial procedures and discovery for the summary jury trial.

V. Scheduling Order

Once the parties agree to a summary jury trial and a specific plaintiff is selected to participate therein, the Court shall enter a scheduling order which will govern the dates and deadlines of the summary jury trial, similar to the scheduling orders entered by the Court in connection with the bellwether trials.

VI. Limits on Discovery

A. <u>Retained Experts</u>

Each party to the summary jury trial shall be entitled to retain no more than three experts specific to the particular summary jury trial case. These experts will prepare reports specific to the summary jury trial case which shall be produced to opposing parties according to the deadlines for designation of experts established by the scheduling order entered by the Court.

In addition to experts retained specifically for the summary jury trial case, the parties may designate additional expert witnesses whose opinions are general in nature and not specific to the summary jury trial case. Any general experts of this nature are not required to and will not be allowed to produce a report specific to the summary jury trial case, nor will the parties be entitled to depose these general experts in connection with the summary jury trial case. As a condition of being designated as a general expert, the expert shall have already set forth his or her

opinion in a written report and/or trial or deposition testimony. All rulings of the Court with regard to the expert (including motions in limine and *Daubert* motions) shall be deemed applicable.

B.  Treating Physicians

Any party may designate the plaintiff's treating physicians as experts. However, treating physicians are not required to produce reports specific to the summary jury trial case. Treating physicians shall not count against the limit of three specifically retained experts for the party who designates them. The depositions of treating physicians do not count against the limit on the number of depositions of fact or expert witnesses, but appropriate limitations on the number of treating physician depositions shall be imposed by the judicial officer presiding over the SMJ, absent agreement by the parties.

C.  Fact Witnesses

Defendants shall be entitled to depose the plaintiff and up to two additional fact witnesses. Plaintiff shall be entitled to depose a 30(b)(6) corporate representative from each of the defendants involved in the summary jury trial case, and up to two additional fact witnesses.

D.  Time Limits on Depositions

For experts retained specifically for the summary jury trial case, each deposition shall be limited to four hours of testimony. One hour of testimony is allocated to the party who designated the specifically retained expert. The remaining three hours shall be divided among the opposing parties.

With regard to treating physicians, depositions shall be limited to three hours of testimony for each treating physician. One hour shall be allocated to plaintiff and two hours shall be shared among the defendants.

The deposition of the plaintiff and 30(b)(6) corporate representatives are limited to four hours of testimony each. One hour is allocated to the party presenting the witness. The remaining three hours are allocated to opposing parties.

With regard to fact witnesses, deposition testimony shall be limited to two hours. One hour shall be allocated to plaintiff and one hour shall be shared among the defendants.

E.   Written Discovery

No party shall be required to respond to initial disclosures as required by Federal Rule of Civil Procedure 26(a).

Each party may propound up to 15 interrogatories (including sub-parts) on any other party participating in the summary jury trial case.

Each party may propound up to 10 requests for production (including sub-parts) on any other party participating in the summary jury trial case.

Each party may propound up to 10 requests for admissions (including sub-parts) on any other party participating in the summary jury trial case.

Plaintiff shall sign and produce to defendants authorizations allowing the defendants to obtain medical, employment, federal income tax and social security records for the plaintiff.

In the event that one or more defendants named in a plaintiff's case (or otherwise named as defendants in this MDL) opt not to participate in a summary jury trial proceeding, special rules will apply. Assuming the remaining parties wish to go forward with a summary jury trial proceeding and the Court allows the use of the summary jury trial procedure without the participation of all parties, a participating party may send a request for production or similar discovery request to the non-participating party (*e.g.*, the United States/FEMA) in order to obtain documents specific to the trailer occupied by the plaintiff. This specifically allows for discovery of the plaintiff's individual assistance file from FEMA and/or the unit's installation packet from the relevant IA/TAC Contractor.

Any party may send a request for production or similar discovery request to FEMA in order to obtain the plaintiff's individual assistance file and/or any documents specific to the trailer in which plaintiff resided.

All other rules, limits and procedures concerning written discovery, including objections, answers, responses and time deadlines, shall be governed by the Federal Rules of Civil Procedure.

F.   Electronic Discovery

No party in the summary jury trial case shall be required to engage in any electronic discovery, regardless of the scope and breadth of requests for production, subpoena, subpoena duces tecum, or similar discovery requests seeking the production of documents that may be propounded on that party.

G. <u>Inspection of the Emergency Housing Unit</u>

No additional inspection or testing of the unit shall be permitted beyond that which has already been conducted, except that in the event that FEMA has not sold the unit, the parties can conduct a visual and physical inspection of the unit (no destructive testing of any type is allowed), photograph the unit, and if the unit has not been previously sampled by all of the participating parties, any participating party who has not previously conducted sampling of the ambient air inside and outside of the unit for formaldehyde and other VOC's may do so. No other inspection or testing of the unit will be allowed. It is understood that plaintiffs may seek to introduce evidence regarding statistical sampling evidence of other, comparable units through a report (or if requested by defendants, deposition) of Paul Hewitt. Defendants shall be permitted to object to and/or oppose the introduction of such evidence through appropriate motion practice.

VII. Modification without Agreement

Any of the rules, procedures and limitations regarding discovery set forth in this pre-trial order can be changed, amended, or modified by the agreement of all parties involved in the summary jury trial case. Absent such an agreement, all pre-trial procedures, rules and limitations set forth in this pre-trial order shall govern the summary jury trial process unless a party obtains leave of court to modify a particular rule, procedure or limitation set forth in this pre-trial order based upon good cause shown. This pre-trial order only affects the rights of those who have

agreed to participate in this form of alternative dispute resolution and does not otherwise alter the Court's other Pretrial Orders regarding discovery in this MDL.

**DONE AND SIGNED** this 28th day of April, 2010.

                                           _____
                                           HONORABLE KURT D. ENGELHARDT
                                           JUDGE, UNITED STATES DISTRICT COURT
                                           EASTERN DISTRICT OF LOUISIANA