UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br>         JUDGE ENGELHARDT<br>         MAG. JUDGE CHASEZ |
| This document applies to all cases | |

PROPOSED PRETRIAL ORDER REGARDING RULES
AND PROCEDURES FOR CONDUCTING SUMMARY JURY TRIALS

PRE-TRIAL ORDER NO. 64
(Concerning use of Summary Jury Trials)

The purpose of this order is to establish the rules and procedures for conducting summary jury trials in this MDL.

**Overview and Nature of Procedure**

To date, this MDL involves approximately 2800 individual lawsuits. Given this large number of cases, and the desire of certain parties to explore the potential for global resolution through the use of summary jury trials, the Court believes that is appropriate to develop a procedure a summary jury trial procedure that may provide a mechanism to assess individual claims, without the parties incurring the costs and expense associated with a full jury trial.

As a form of alternative dispute resolution, the summary jury trial and the procedure set out in this order are voluntary. Although no party is required to participate in a summary jury trial, the Court encourages *all* parties to give serious consideration to using this procedure.

Unless the parties agree otherwise, the result of the summary jury trial is non-binding and shall be an advisory result intended to assist the parties in a potential resolution of the outstanding claims. If an individual plaintiff's claims are not resolved through the summary jury trial and settlement, the Court reserves to the participating parties the right to a full jury trial after the conclusion of this MDL. Nothing in this order shall prohibit a post-MDL trial or in any way infringe on the parties' rights to such a trial.

In the event that all defendants in an action do not consent and agree to participate in a Summary Jury Trial proceeding and Court determines that it is nevertheless appropriate to allow the use of the Summary Jury Trial proceeding without the participation of all defendants, the plaintiffs action against the non-participating defendants are stayed and the non-participating parties not required or expected to participate in Summary Jury Trial discovery activities. In the event that the Summary Jury Trial Proceeding fails to resolve plaintiffs' claims against all defendants, any discovery conducted by the participating parties as part of the Summary Jury Trial shall not in any way infringe, limit, or in any way restrict the rights of any party to conduct discovery to investigate plaintiffs' claims and prepare their defenses.

**Consent of Parties**

Any parties wishing to use a summary jury trial must sign a written consent form. A copy of the consent form is attached to this order as Attachment 1.

**Presiding Judge**

The Court is aware that the parties' presentations during summary jury trials may involve testimony and evidence that may be "confidential" and may not be presented at a full trial. Given the parties' concerns about this testimony and evidence, and, because the undersigned may ultimately preside at the full trial of those individual lawsuits filed directly in the Eastern

District of Louisiana, the undersigned will not preside over any summary jury trials, and will, with the assistance of other district judges in the Eastern District of Louisiana or other judicial districts, select another district court judge or magistrate judge to preside at the summary jury trials.

**Estimated Length of Summary Jury Trial**

Each summary jury trial, including jury selection, opening statements, the presentation of evidence, jury instruction and jury deliberation shall be completed in two days or less.

**Use of Jury and Jury Selection**

Other than the limitations provided below, the summary jury trials will be governed by the ordinary jury selection and deliberation process. The Court will advise the jury venire about the nature and purpose of the summary jury trial, but will not inform the venire about the non-binding/advisory nature of the jury's verdict.

The following procedures will be employed with the selection process for each summary jury trial:

(a) For each summary jury trial, a jury venire of 18 persons shall be selected, from which a jury of 6 individuals shall be seated.

(b) The Court will use a jury "Profile Form" similar to that used in other bellwether cases in this MDL. Generally, this form shall solicit information from each prospective juror regarding the juror's name, occupation, marital status, spouse's name and occupation, names and ages of the juror's children, any knowledge of the jurors or the parties and counsel to the litigation, and any attitudes or pre-formed opinions of the jurors regarding the parties or potential claims in the trial. The to parties to the Summary Jury Trial will jointly propose a Profile Form to be

sent to prospective jurors. If the parties cannot agree on the proposed form, they shall submit proposed questions and objections and the Court will select the questions for the form. The Court will provide copies of the completed forms to the parties.

(c) The plaintiff(s) and participating defendant(s) shall be allowed a number of peremptory challenges to prospective jurors to be determined by the court.

(d) Challenges for cause shall be conducted in the same manner as is used in the bellwether trials.

(e) The parties will provide the Court with a list of proposed questions to be used in *voir dire*. The parties are cautioned to provide only those questions that are critical to the selection of the jury, as the Court will conduct a limited *voir dire*.

(f) After the parties exercise their challenges, the first six jurors seated shall constitute the jury panel.

**Presentation of Testimony and Evidence**

To ensure that each summary jury trial is conducted efficiently and completed within two days, the following rules shall apply to the presentation of evidence and testimony:

(a) Each party shall be limited to three hours within which to present its evidence and testimony.

(b) The parties may use any combination of live testimony, video deposition excerpts, and lawyer summarizations of evidence/testimony, subject to the following limitation: at a minimum, the plaintiff (or his or her representative if the plaintiff is a minor, deceased or incompetent to testify), must testify in person.

(c)  The parties are strongly encouraged to agree to as many factual stipulations as possible.

(d)  For lawyer summaries of testimony or evidence, counsel are limited to representations of evidence that would be admissible at trial. In addition, counsel are only permitted to present factual representations to the jury that are supportable by reference to discovery materials, including depositions, stipulations, signed witness statements or to professional representations of counsel that he/she spoke to the witness and that counsel is repeating what the witness stated. If the witness in question is an expert, this will be permitted only if verifiable from a written report or a deposition. If the witness in question is a fact witness, this will be permitted only if

  (1) opposing counsel is given sufficient notice and then,

  (2) if necessary and required, an opportunity to depose the witness, notwithstanding any limits on the numbers of fact witness depositions set by other orders of the Court.

(e)  For lawyer summaries of testimony and evidence, these shall be exchanged at the same time as final exhibit lists and deposition excerpts, and the parties shall have an opportunity to object to same and/or file motions in limine regarding same, in order to allow the court to rule on the lawyer summaries prior to the beginning of the summary jury trial.

(f)  Deposition and statement excerpts should be as brief as possible, mindful that the excerpts will count against the three hour time limitation per party.

(g)     Physical evidence and documents may be exhibited during each party's presentation and may be submitted to the jury for deliberations.

(h)     Evidentiary objections are not encouraged during the summary jury trial. They should be used sparingly; if sustained, the Court will provide appropriate admonishments to the jury.

(i)     Opening statements, if any, shall be limited to 10 minutes per party. Closing arguments, if any, shall be limited to 10 minutes per party.

**Selection of Single Issues/Claims**

The summary jury trial procedure is intended to be flexible. The parties may jointly agree to select single issues and/or claims for the trial (*e.g.*, a single claim for damages, all damages claims, all liability issues, causation, effect of moisture or temperature on formaldehyde exposure; effect of other environmental sources on formaldehyde levels, etc.).

**Jury Charge and Deliberations**

As with a normal trial, the parties shall prepare a proposed jury charge and jury verdict form. The charges shall be abbreviated, and explain the relevant points of law.

Jurors will be encouraged to conclude deliberations within 2 hours, and the Court will inquire as to whether the jury has reached a verdict at that point. Although the jury will be encouraged to reach a unanimous verdict, they may return a special report that lists anonymously each juror's findings on liability and damages.

**Confidentiality**

Each summary jury trial (including all aspects of the trial and its results) shall be kept confidential and shall not be disclosed to the public, the press, or other plaintiffs/prospective plaintiffs, subject to the following exception:

Plaintiffs' counsel may disclose information about the summary jury trial and its results to Plaintiffs' Liaison Counsel and other subscribing counsel; defendants' counsel may disclose information about the summary jury trial and its results to Defense Liaison Counsel, other defense counsel in the MDL, and to their respective clients; Department of Justice counsel may disclose information about the summary jury trial and its results to Government employees with responsibilities relating to the this Multi-District Litigation. Each summary jury trial shall be closed to the public, and only the parties participating in that SJT, including their representatives and insurers, may be present in the courtroom.

In addition, the Court shall instruct all jurors and jury venire members that the summary jury trial is confidential and all information about it (including all aspects of the trial and its results) must not be disclosed to any person.

Counsel representing non-participating parties may receive information about the SJT, including copies of the SJT jury verdict and transcripts of the SJT proceeding. However, prior to obtaining any such information, these non-participating parties will be required to sign a confidentiality agreement (Attachment 2 to this document), and any unauthorized disclosures of information may subject the offending party to appropriate sanctions by the Court. Any and all requests for trial transcripts must be first submitted to lead counsel conducting the SJT.

**Post-SJT Verdict Discussions and Mediation**

Following the jury verdict, the presiding Judge or Magistrate will invite jurors to remain for the purpose of answering questions from counsel. The presiding Judge or Magistrate will "moderate" this session to assure that the discussion remains directed at obtaining instructive juror feedback. The presiding judicial officer at the SJT thereafter shall make a report of the verdict outcome to the Honorable Kurt Engelhardt regarding the SJT proceedings. In addition,

the presiding judicial officer shall make a non-binding recommendation as to whether further settlement discussions would be productive.

    **DONE AND SIGNED** this 28th day of April, 2010.

                              HONORABLE KURT D. ENGELHARDT
                              JUDGE, UNITED STATES DISTRICT COURT
                              EASTERN DISTRICT OF LOUISIANA