UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION:  N(5) |
| | | * | |
| This Document Relates to:  *Lyndon T. Wright v.* | | * | JUDGE ENGELHARDT |
| *Forest River, Inc., et al*, Docket No. 09-2977 | | * | |
| | | * | MAG: CHASEZ |

*************************************************************************

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENTRY OF JUDGMENT

**MAY IT PLEASE THE COURT:**

In his opposition, plaintiff concedes that defendants, Forest River, Inc. and Shaw Environmental, Inc. ("defendants"), are entitled to the entry of Judgment with prejudice against him and that the only issue remaining to be decided is that of the language pertaining to costs. [Rec. Doc. 13802, p. 1].  Plaintiff further admits that an award of costs to the prevailing party is "usual," but requests the language of the Judgment should somehow be modified to limit the costs to be awarded. Here again, plaintiff's opposition misses the fundamental rationale underlying the cost-related language in defendants' proposed judgment.  The Judgment simply establishes defendants' right to seek costs; it does not specifically award any discreet amount of costs, as that issue will be the

subject of further motion practice.  Despite the fact that plaintiff explicitly recognizes this fact in his opposition, he and the Plaintiffs' Steering Committee ("PSC") attempt to raise arguments relating to the quantum of the cost award rather than defendants' right to seek such an award.  As the defendants are clearly the prevailing party in this litigation, their right to recover their taxable costs should be recognized and defendants' proposed Judgment entered.

Plaintiff essentially raises two substantive arguments in response to defendants' *Motion for Entry of Judgment*:  (1) that any costs awarded to the defendants should be limited to those available under 28 U.S.C. §1920, and (2) that the Court should use its broad discretion under the statute to avoid the "imposition of unduly burdensome [costs]". [Rec. Doc. 13802 p. 2].  Plaintiff's argument, however, fails to account for this Honorable Court's prior ruling allowing the recovery of costs of plaintiff's failed mold claim, costs which are likely outside the scope of 28 U.S.C. §1920. Prematurely placing any limitation on the amount of costs taxable to the plaintiff may prove unduly confusing to the Clerk of Court when assessing the amount of such costs to be taxed to the plaintiff and would run afoul of this Honorable Court's prior ruling.  As this Court has previously recognized defendants' right to recover taxable costs related to plaintiff's mold claim, the final judgment in this matter should not be prospectively circumscribed by limiting the award of taxable costs to those enumerated under 28 U.S.C. §1920.   To the extent the plaintiff maintains these are the only recoverable costs that may be awarded, such arguments may be raised before the Clerk of Court through appropriate motion practice and, as such, are premature at this time.

Wright concedes that this Court has broad discretion in the imposition of taxable costs in favor of the prevailing party. [Rec. Doc. 13802 p. 3].  As this Honorable Court recognized in its ruling on the *Motion to Tax Costs* in the *Alexander* bellwether matter, "the Court will not relieve any

non-prevailing party in this litigation of the responsibility to pay costs after trial." [Rec. Doc. 13323 p. 2]. The same rationale is equally applicable here. Over these defendants' objections, plaintiff was permitted to engage in far more expansive testing and evaluation of the Forest River unit than had been permitted in any prior case, including the analysis of novel claims of mold related illness not previously raised in these MDL proceedings. Defendants were subjected to months of ongoing testing relating to all aspects of the construction and assembly of the unit at issue. Accordingly, defendants incurred significantly increased costs and expenses over other similarly situated MDL defendants in defending this action. As such, defendants should be entitled to recover the increased costs incurred due to the expansive nature of the discovery and testing requested by the plaintiff. Defendants' proposed *Judgment* merely recognizes this right and allows, pursuant to the Court's discretion, defendants to seek such costs in the future. To the extent the plaintiff objects to the imposition of any specific cost award, the Court can revisit these issues and, to the extent it deems any such costs unreasonable, modify the cost award as it did in the *Alexander* matter. As the Court has noted, "the Clerk of Court has many years of experience and is extremely well versed to consider what are/are not taxable costs." [Rec. Doc. 13323 p. 1]. Given the Court's confidence in the Clerk's office, plaintiff has failed to demonstrate how the language of defendants' proposed *Judgment* would somehow cause the imposition of an unreasonable cost award against him. Accordingly, defendants are entitled to, and respectfully move for, the entry of their proposed *Judgment,* awarding to them all taxable costs.

Plaintiff's final argument in opposition to the entry of judgment is that any taxable costs ordered against the plaintiff should be assessed against the total plaintiff population and/or the Plaintiffs' Steering Committee. Here again, plaintiff is preemptively asserting arguments regarding

quantum and allocation of a cost award, rather than addressing defendants' *right* to pursue such costs. These issues may be addressed at a later point in time once a fixed sum of taxable costs has been determined. At present, however, such arguments are premature. Nevertheless, to the extent that Wright seeks to have an award of taxable costs assessed across a number of unnamed plaintiffs, defendants would object to any such allocation as it would prove difficult, if not impossible, for defendants to execute a judgment against such a broad group of individuals, many of whom have never filed a claim against Forest River or Shaw.

To the extent that the members of the Plaintiffs' Steering Committee, likewise, seek to share in the taxable costs with plaintiff, the defendants would request these individuals be cast in judgment by name so that defendants may execute their judgment directly against the individuals of the PSC sharing in these costs. Although the Court created a Plaintiffs' Steering Committee, defendants cannot execute a judgment against the "PSC," but rather must execute a judgment against a discreet individual for recovery of taxable costs. Should the Court deem any modification of defendants' proposed *Judgment* necessary in this regard, defendants would respectfully request that the PSC members be individually identified as sharing in the taxable costs and that each be solidarily cast in judgment for the total amount of such costs.

## CONCLUSION

In light of the above and foregoing, it is uncontested that Forest River, Inc. and Shaw Environmental, Inc. are entitled to a judgment dismissing plaintiff's claims with prejudice and recognizing their right to seek taxable costs against the plaintiff. Accordingly, defendants would respectfully request that this Honorable Court adopt the jury's verdict as the ruling of the Court and

enter judgment dismissing plaintiff's claims with prejudice and assessing all taxable costs against plaintiff.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (#6154)
JASON D. BONE (#28315)
CARSON W. STRICKLAND (#31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

/s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
*ATTORNEYS FOR SHAW*
*ENVIRONMENTAL, INC.*

## <u>C E R T I F I C A T E</u>

I hereby certify that on the 29th day of April, 2010, a copy of the foregoing *Reply Memorandum in Support* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system and/or via e-mail or U.S. Mail.

/s/ Jason D. Bone_____
JASON D. BONE