# In the Matter of:

In re: FEMA Trailer Formaldehyde Products Liability Litigation

Earline M. Castanel, et al.

vs.

Recreation By Design, LLC, et al.

---

Lawrence G. Miller, M.D., M.P.H.
Vol. I, March 11, 2010

---

*Doris O. Wong Associates, Inc.*
*Professional Court Reporters*
*Videoconference Center*
*50 Franklin Street*
*Boston, MA 02110*
*(617) 426-2432*
*www.doriswong.com*



EXHIBIT E

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 90

```
 1      Q.   Do you know the level of formaldehyde that
 2   was in Ms. Castanel's trailer?
 3      A.   I do not.
 4      Q.   And as you testified earlier, you don't
 5   feel like you need any additional information to
 6   provide opinions in this case?
 7           MR. TORRY:  Objection to the form.
 8      A.   If I said that, that's certainly not what I
 9   intended.  I would, again -- if more information
10   becomes available, I would certainly want to review
11   it.
12      Q.   As you sit here today, you don't know what
13   the level of formaldehyde was in Ms. Castanel's
14   trailer?
15           MR. TORRY:  Objection to the form.
16      A.   Again, what I -- specifically, no.  I've
17   discussed the level in FEMA trailers in general in
18   this report.
19      Q.   And you offered opinions in your report
20   regarding Ms. Castanel's condition and its
21   relationship to formaldehyde in her trailer without
22   knowing the level of formaldehyde in her trailer,
23   correct?
24      A.   Correct.
```

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA 02110    Videoconference Center                www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                 2f9201d0-8f99-44ec-a553-0e6737375bda

Case 2:07-md-01873-KDE-MBN   Document 13941-5   Filed 04/30/10   Page 3 of 7
Case 2:07-md-01873-KDE-ALC   Document 13599-3   Filed 04/23/10   Page 3 of 7

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 102

1   Q.  I have a question.  The question is, would
2   you disagree with this testimony -- this is Dr.
3   Bowers -- referring to Page 58, 13:  "Question:
4   With respect to Ms. Castanel's overall health, how
5   would you describe her health?  Answer:  I think her
6   health is good.
7           "Question:  The office notes we just went
8   through from October of 2003 until last week, Ms.
9   Castanel was treated on a consistent basis; would
10  that be fair to say?  Answer:  Yes, sir.
11          "Question:  Did you see any changes in Ms.
12  Castanel's condition, significant changes, during
13  that time period from 2003 to last week?"  And just
14  so you'll know, "last week" was in January of 2010.
15  "Answer:  No, I can't say that I did.
16          "Question:  Would you say that her health
17  and her symptoms remained relatively consistent
18  during the time period, that six-and-a-half, almost
19  seven-year time period?  Answer:  Yes.
20          "Question:  Actually a little more than six
21  years.  Based on a review of your medical notes and
22  your records, it appears as though Ms. Castanel
23  treated consistently for sinus problems before
24  Hurricane Katrina; is that correct?  Answer:  Yes,

Doris O. Wong Associates, Inc.            Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA 02110        Videoconference Center               www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                     2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 103

1  sir.
2         "Question: Would it be fair to say -- did
3  you not sense or note any increase in Ms. Castanel's
4  sinus problems after Hurricane Katrina?" And Dr.
5  Bowers testified, "No."
6         Would you have any reason to disagree with
7  that testimony?
8     A.   The testimony is what it is. It's not my
9  job to agree or disagree. In terms of Ms.
10 Castanel's sinus problems, obviously she gave me
11 different information.
12    Q.   If the information given to Dr. Bowers is
13 accurate, and that is that Ms. Castanel did not have
14 any increase in sinus problems after Hurricane
15 Katrina or after living in a FEMA unit, would you
16 still stand by your opinions regarding the fact that
17 you believe Ms. Castanel had an exacerbation of her
18 sinusitis?
19    A.   I can't answer your question. That's not
20 the information I received, so I can't give you an
21 answer.
22    Q.   I want you to assume -- you're an expert.
23 I want you to make an assumption.
24         MR. TORRY: Objection to the form.

Doris O. Wong Associates, Inc.        Professional Court Reporters        617-426-2432
50 Franklin Street, Boston, MA 02110  Videoconference Center              www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)             2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.

Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 104

1    A.    It doesn't make sense.  It's counterfactual
2    to information I have.  So I don't think I can
3    answer you.
4    Q.    That's fine.  Let's put the facts that you
5    got from Ms. Castanel on the side, just for purposes
6    of this question.
7    A.    Are we talking about a hypothetical
8    patient, some other patient?
9    Q.    We're talking about a hypothetical
10   question.
11   A.    I'm not sure I understand that at this
12   point.
13   Q.    Let's just go through it.  You're an
14   expert, or they're going to attempt to qualify you
15   as an expert.  Putting the history given by Ms.
16   Castanel on the side, if Ms. Castanel did not have
17   any increase in her sinus symptoms after Hurricane
18   Katrina or while living in the FEMA unit or after
19   the FEMA unit, would you still opine that Ms.
20   Castanel had an exacerbation of her sinusitis as a
21   result of formaldehyde?
22         MR. TORRY:  Objection to the form.
23   A.    I would revisit that conclusion.  I'm not
24   sure I can give you that exact answer as we sit

Doris O. Wong Associates, Inc.          Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA 02110    Videoconference Center                www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                 2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.
Lawrence G. Miller, M.D., M.P.H., Vol. I
March 11, 2010

Page 105

1   here.
2       Q.   So you can't answer that hypothetical?
3       A.   I can't.
4       Q.   What more information would you need to
5   answer that hypothetical?
6       A.   I think you would want to know in detail --
7   you'd really have to go into detail exactly what the
8   symptoms were.  To talk about -- at such a high
9   level, I don't believe I can give you a very
10  specific answer.
11      Q.   So is it true you can't give an opinion on
12  the causal connection between Ms. Castanel's living
13  in a FEMA unit, exposure to formaldehyde, and her
14  present sinus symptoms?
15           MR. TORRY:  Object to the form.
16      A.   That's not what you asked me.  You asked me
17  would I change my conclusions.
18      Q.   I'm asking you a new question.
19      A.   All right.  Let's try again.  Can you
20  repeat it again.
21      Q.   Can you give us an opinion regarding the
22  causal connection between Ms. Castanel living in a
23  FEMA unit and her present sinus condition?
24      A.   I did in my report, as you know.  I'm a

Doris O. Wong Associates, Inc.           Professional Court Reporters            617-426-2432
50 Franklin Street, Boston, MA 02110         Videoconference Center            www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)                  2f9201d0-8f99-44ec-a553-0e6737375bda

In re: FEMA Trailer Formaldehyde Products Liability Litigation  Lawrence G. Miller, M.D., M.P.H., Vol. I
Earline M. Castanel, et al. vs. Recreation By Design, LLC, et al.  March 11, 2010

Page 110

```
 1      Q.   Isn't it true that your opinions regarding
 2  causation, specifically that Ms. Castanel's sinus
 3  condition was exacerbated, that opinion is based on
 4  the history given by Ms. Castanel?
 5           MR. TORRY:  Objection to the form.
 6      A.   That's certainly part of what my opinion is
 7  based on, yes.
 8      Q.   If Ms. Castanel gave you an inaccurate
 9  history regarding her symptoms and the occurrence of
10  those symptoms in relation to living in the FEMA
11  trailer, that would change your opinion on
12  causation?
13           MR. TORRY:  Objection to the form.
14      A.   It might.  It depends on what the
15  inaccuracy was.  Again, your questions are so broad,
16  I can't give you specific answers.
17      Q.   At the time you did an examination of Ms.
18  Castanel, other than the skin conditions, you did
19  not see any objective signs of injury; is that
20  correct?
21      A.   I'm not sure what you mean by objective
22  signs of injury, but -- maybe you could explain that
23  to me.
24      Q.   Sure.  Any objective medical signs of
```

Doris O. Wong Associates, Inc.        Professional Court Reporters          617-426-2432
50 Franklin Street, Boston, MA  02110   Videoconference Center              www.doriswong.com
Electronically signed by Carol H. Kusinitz (601-252-684-5046)               2f9201d0-8f99-44ec-a553-0e6737375bda