UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v.  RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF RECREATION BY DESIGN, LLC'S
MOTION *IN LIMINE* TO PREVENT AND/OR EXCLUDE
TESTIMONY REGARDING FLEETWOOD**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who offers the following memorandum in support of its Motion *in Limine* to Prevent and/or Exclude Testimony Regarding Fleetwood:

**I.  BACKGROUND**[1]

RBD has retained expert Robert E. Wozniak for purposes of providing expert opinion with respect to the construction of Earline Castanel's travel trailer unit and its conformity and/or

---

[1] As the Court and parties are familiar with the factual/procedural background of this matter, reference is made here to the general background as set forth in Recreation by Design, LLC's Memorandum in Support of Motion for Summary Judgment Regarding Prescription (Rec. Doc. 9722).

compliance with applicable codes, standards, and regulations.[2]  RBD retained Mr. Wozniak due to his knowledge, experience, and expertise with respect to the codes, regulations, and/or industry standards governing the manufacture, production, and construction of recreational travel trailers. Mr. Wozniak has a bachelor's degree in mechanical engineering, and he has worked in the engineering field for practically his entire work life history.[3]  Specifically, in addition to holding engineering positions with General Motors Corporation, Nissan Motor Corporation, and Nissan Motor Manufacturing Corporation for approximately fourteen years, Mr. Wozniak was employed by Fleetwood Enterprises for approximately twenty-three years, starting as a Senior Engineer and leaving as Director of Engineering and Product Compliance and Product Compliance for the Recreational Vehicle Group.[4]  During the time period Mr. Wozniak was there, Fleetwood was a corporation involved in the manufacture and sales of manufactured housing and recreational vehicles, including travel trailers.[5]  Mr. Wozniak worked exclusively on the recreational vehicle side of Fleetwood's operations.[6]

Mr. Wozniak was involved with the Recreational Vehicle Industry Association ("RVIA"). Through the time of his employment with Fleetwood, Mr. Wozniak became an active member of the four technical subcommittees that provided the majority of the input for the National Fire Protection Association ("NFPA") codes.[7]  Mr. Wozniak also served on a variety of *ad hoc* subcommittees of

---

[2]*See* Exhibit 1, February 24, 2010 Expert Report of Robert E. Wozniak.

[3]*See* Exhibit 2, Deposition of Robert E. Wozniak, at pp. 20-21.

[4]*See* Exhibit 1; *see also* Exhibit 2, at pp. 21-22.

[5]*See* Exhibit 2, at p. 21.

[6]*See id.*, at p. 22.

[7]*See id.*, at p. 54.

the technical standards steering committee for the RVIA, and he later became a member of the RVIA standards steering committee and enforcement board.[8]

At his deposition, plaintiff's counsel questioned Mr. Wozniak regarding Fleetwood's corporate practices with respect to the construction of its travel trailers.[9] Specifically, plaintiff's counsel questioned Mr. Wozniak with respect to Fleetwood's corporate practice of using low formaldehyde emitting ("LFE") products in its travel trailers.[10] Mr. Wozniak was also questioned regarding Fleetwood's owner's manuals for its travel trailers and warnings contained therein regarding formaldehyde.[11] Additionally, Mr. Wozniak testified that he was not aware if RBD had a corporate practice of using LFE products in its travel trailers.[12] He also testified that he did not recall seeing any warnings regarding formaldehyde in Ms. Castanel's unit and/or the RBD owner's manual.[13]

Based upon Mr. Wozniak's knowledge, experience, and inspection of the Castanel travel trailer, Mr. Wozniak concluded that the Castanel "travel trailer was in conformance with all codes and regulations [specifically, the NFPA 1192 code for recreational vehicles and the Federal Motor Vehicle Safety Standards] promulgated by the authorities having jurisdiction over this type of product at the time it was manufactured."[14] Mr. Wozniak testified that, at the time Ms. Castanel's

---

[8]*See id.*, at pp. 54-55.

[9]*See id.*, at pp. 27-29.

[10]*See id.*, at pp. 28-29.

[11]*See id.*, at p. 33.

[12]*See id.*, at p. 31.

[13]*See id.*, at pp. 32-33, 41-42.

[14]*See id.*, at p. 48.

travel trailer was manufactured, no applicable codes and/or regulations required any warnings regarding formaldehyde.[15] Additionally, industry standards in 2005 did not require the use of LFE materials in the construction of travel trailers.[16] Mr. Wozniak further testified as follows:

> Q      (BY MR. MULCAHY) Were there any – to your understanding from your experience in the industry, were there any – any industry practices, standards, or regulations that required notice of formaldehyde in travel trailers in 2005?
>
> A      To the best of my knowledge, no.
>
> Q      And that would include any warnings – and would that include any warnings in the owner's manual?
>
> A      That's correct.
>
> Q      And would that include any warnings or stickers on or inside a unit?
>
> A      That's correct.
>
>       *    *    *    *    *
>
> Q      Is it your understanding that the materials utilized in the Castanel unit and the construction of the Castanel unit complied with codes and regulations promulgated by the authorities over this type of unit?
>
>       *    *    *    *    *
>
> A      Yes.[17]

Despite the fact that applicable codes, regulations, and industry standards did not require the use of LFE products and/or warnings regarding formaldehyde, it is anticipated that, at the trial of this

---

[15] *See id.*, at p. 51.

[16] *See id.*, at p. 56.

[17] *See id.*, at pp. 51-53.

matter, plaintiff will attempt to introduce evidence and/or testimony regarding Fleetwood's corporate practice of using LFE products in an improper attempt to impugn the construction, manufacture, and/or design of RBD's travel trailer units and Mr. Wozniak's opinions regarding same. Simply stated, Fleetwood's corporate practices with respect to its travel trailers are wholly irrelevant to Ms. Castanel's unit involved in the present litigation. Moreover, the introduction of such evidence and/or testimony regarding Fleetwood's corporate practices would be highly prejudicial to RBD and would serve only to confuse the issues and mislead the jury. As a result, any such testimony should be excluded.

## II. LAW AND ARGUMENT

As defined by Federal Rule of Evidence 401, relevant evidence is "evidence, having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[18] To sustain the relevancy standard, the Fifth Circuit has noted that proposed evidence must go beyond mere surmise or suspicion and be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."[19] As such, Federal Rule of Evidence 403 permits a district judge to exclude relevant evidence if its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[20] In the present case, the introduction of testimony and/or reference to corporate standards utilized by Fleetwood should be excluded under Rule 401

---

[18] Fed. R. Evid. 401.

[19] *United States v. Tucker*, 345 F.3d 320, 327 (5th Cir. 2003).

[20] Fed. R. Evid. 403.

and Rule 403.

Any evidence regarding Fleetwood's corporate practices and/or standards is wholly irrelevant to the present matter. This matter involves only one travel trailer unit – namely, the travel trailer of Ms. Earline Castanel manufactured by RBD. Fleetwood is not a party to this litigation, and it has absolutely no connection whatsoever to the present matter. The internal corporate practices employed by Fleetwood bear no relevance to Ms. Castanel's travel trailer unit and the manufacture of same. As result, any testimony regarding Fleetwood's internal corporate policies is irrelevant and should be excluded.

Nevertheless, it is anticipated that plaintiff will attempt to elicit such testimony regarding Fleetwood through RBD's expert, Robert Wozniak. This end-run attempt to introduce such evidence and/or testimony is improper and should not be allowed. Plaintiff will undoubtedly contend that Mr. Wozniak's prior employment with Fleetwood renders testimony regarding Fleetwood's internal corporate practices and/or standards relevant. Such a contention is misguided. Although Fleetwood may have required that LFE products be used in its travel trailers, this was an internal corporate policy and/or practice only. As testified to by Mr. Wozniak, no applicable codes, regulations, and/or industry standards in place at the time Ms. Castanel's travel trailer was manufactured required the use of LFE products and/or warnings regarding formaldehyde.[21]

As a result, any evidence and/or testimony regarding Fleetwood's internal corporate policies and/or practices would be highly prejudicial and would serve only to mislead the jury and/or confuse the issues at trial. Applicable codes, regulations, and industry standards in place at the time Ms. Castanel's travel trailer was manufactured did not require the use of LFE products and/or warnings

---

[21]*See* Exhibit 2, at pp. 51-53, 56.

regarding formaldehyde. Based upon Mr. Wozniak's knowledge, experience, and inspection of the Castanel travel trailer, Mr. Wozniak concluded that the Castanel "travel trailer was in conformance with all codes and regulations promulgated by the authorities having jurisdiction over this type of product at the time it was manufactured."[22] Plaintiff's sole purpose for attempting to introduce testimony regarding Fleetwood's internal corporate policies is to impugn the manufacture and/or design of the RBD unit in question and Mr. Wozniak's opinions regarding same. In light of the fact that RBD complied with all applicable codes, regulations, and/or standards in place at the time of manufacture, such an attempt by plaintiff would only threaten to mislead the jury and confuse the issues at trial. As a result, testimony regarding Fleetwood's internal corporate policies should be excluded.

### III. CONCLUSION

Based upon the above and foregoing, Recreation By Design, LLC respectfully requests that the Court grant this motion *in limine* and exclude any testimony and/or evidence regarding the corporate practices of Fleetwood Enterprises in the construction and/or manufacture of its travel trailers.

---

[22] *See id.*, at p. 48.

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for defendant,*
*Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436