UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL, DOCKET NO. 09-3251* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF DEFENDANT RECREATION BY DESIGN, LLC'S MOTION TO STRIKE THE TESTIMONY OF ALBERT JARRELL**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who offers the following memorandum in support of its Motion to Strike the Testimony of Albert Jarrell, because his testimony is not relevant to the material issues in this action and would only cause undue delay and waste the Court's time and resources:

**BACKGROUND**

Pursuant to the Court's Order of March 31, 2010, the discovery deadline for this bellwether trial was extended from April 2, 2010 to April 21, 2010, and the deadline for Final Witness and Exhibit Lists was extended from April 7, 2010 to April 14, 2010.[1]

---

[1] *See* Rec. Doc. 13188.

1

Plaintiff's Initial Witness List, filed March 12, 2010, does not list Mr. Jarrell as a possible witness.[2] Rather, RBD was not notified that Mr. Jarrell would possibly be called as a fact witness in this trial until April 14, 2010, when plaintiff filed her final witness list in accordance with the Court's extended deadline.[3]

On Friday, April 16, 2010, counsel for RBD contacted plaintiff's counsel via email to confirm that it was plaintiff's intention to call Mr. Jarrell as a witness at trial, and to inform counsel that RBD would need to depose Mr. Jarrell before the Court's discovery deadline of April 21, 2010.[4] Counsel for plaintiff responded to this email and stated that "we may be calling Jarrell," to which RBD's counsel responded "[w]e are going to schedule his deposition."[5] Counsel for plaintiff confirmed and wrote "ok…let me know when so we can try to cover it before you subpoena him."[6]

Shortly thereafter, a paralegal for RBD contacted plaintiff's paralegal and counsel via email to ascertain available dates/times for Mr. Jarrell's deposition prior to the discovery deadline.[7] After receiving no response to the aforementioned correspondence, and mindful of the Court's fast-approaching discovery cut-off date, on April 16, 2010, RBD issued a subpoena to Mr. Jarrell to appear for a deposition, scheduled for April 21, 2010 at 11:00 a.m., at the office of Garrison, Yount, Forte & Mulcahy.[8] Mr. Jarrell was personally served with the subpoena on or about April 16 or April 17, 2010.

On April 19, 2010 counsel for plaintiff (Mr. Frank D'Amico Jr.) informed counsel for RBD (Mr. Lyon Garrison) that Mr. Jarrell would not be attending his scheduled deposition, and

---

[2] *See* Rec. Doc. 12849.
[3] *See* Plaintiff's Initial Witness List (Rec. Doc. 13277), filed April 14, 2010. RBD presumes that plaintiff meant to title this pleading as "Plaintiff's Final Witness List."
[4] *See* Ex. A to Rec. Doc. 13465.
[5] *See* Ex. A to Rec. Doc. 13465.
[6] *See* Ex. A to Rec. Doc. 13465.
[7] *See* Ex. B to Rec. Doc. 13465.
[8] *See* Ex. C to Rec. Doc. 13465.

that plaintiff intended to file a motion to quash Mr. Jarrell's subpoena.[9] On April 20, 2010, plaintiff filed Third Party Albert Jarrell's Motion to Quash Subpoena (Rec. Doc. 13446). Plaintiff's motion to quash was deemed "defficient" by the Court's ECF system, presumably because plaintiff failed to attach a copy of Mr. Jarrell's subpoena to her motion, in violation of Local Rule 7.4.[10] Since plaintiff could have corrected this deficiency and therefore properly file its motion to quash prior to or on the Court's April 21, 2010 discovery cut-off date, out of an abundance of caution RBD filed an Opposition to Third Party Albert Jarrell's Motion to Quash Subpoena[11] on April 21, 2010, along with a Motion to Expedite Hearing.[12]

On that same day, counsel for RBD (Mr. Lyon Garrison) sent correspondence to counsel for Mr. Jarrell (Mr. Peter K. Taafee), advising Mr. Taafee that Mr. D'Amico had canceled Mr. Jarrell's deposition and subsequently filed a motion to quash.[13] Mr. Garrison also indicated that he would "like to reschedule Mr. Jarrell's deposition for a date in the near future" and to "[p]lease contact me to schedule a new date for Mr. Jarrell's deposition."[14]

On April 23, 2010, Mr. Garrison sent a letter to Mr. D'Amico, noting that "[w]e have had several conversations this week regarding Mr. Jarrell's deposition" and that "[t]o date, I have not received a response regarding a deposition date."[15] Once again, Mr. Garrison did not receive a response to his inquiry, necessitating another letter being sent to Mr. D'Amico on April 26, 2010.[16]

---

[9] *See* Correspondence between Mr. Garrison and Mr. D'Amico, dated April 19, 2010, attached hereto as Exhibit "A."
[10] L.R. 7.4. Plaintiff, however, did not correct the ECF deficiency, and on April 22, 2010 the Court entered an Order dismissing plaintiff's motion and RBD's opposition as moot (Rec. Doc. 13569).
[11] Rec. Doc. 13465.
[12] Rec. Doc. 13466.
[13] *See* Correspondence from Mr. Garrison to Mr. Taaffee, dated April 21, 2010, attached hereto as Exhibit "B."
[14] *See* Ex. B.
[15] *See* Correspondence from Mr. Garrison to Mr. D'Amico, dated April 23, 2010, attached hereto as Exhibit "C."
[16] *See* Correspondence from Mr. Garrison to Mr. D'Amico, dated April 26, 2010, attached hereto as Exhibit "D."

Despite several phone calls with Mr. D'Amico regarding the deposition, RBD did not receive a response regarding possible deposition dates until the afternoon of May 3, 2010, when plaintiff's counsel advised that Mr. Jarrell is available the next day on May 4, 2010. As of the date of the filing of this Motion to Strike, RBD just received a response from plaintiff's or regarding the rescheduled deposition, despite the fact that the trial of this matter is set for May 17, 2010.[17]

## LAW AND ARGUMENT

It is a basic precept of the Federal Rules of Evidence that in order to be admissible, evidence must first be relevant.[18] To meet the relevancy standard, evidence must have a "tendency to make some fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[19] Further, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[20]

Here, the admission of any testimony by Mr. Jarrell would unfairly prejudice RBD. In Third Party Albert Jarrell's Motion to Quash Subpoena, plaintiff refers to a previous deposition that Mr. Jarrell gave on January 25, 2010 for this Multi District Litigation.[21] RBD contends that this prior deposition testimony should be stricken because it would be unfairly prejudicial to the defendant. Mr. Jarrell's previous deposition had no bearing on the instant case at the time it was noticed. As such, RBD had no reason to question Mr. Jarrell and/or otherwise participate in his

---

[17] *See* Rec. Doc. 13188.
[18] Fed. R. Evid. 402.
[19] Fed. R. Evid. 401.
[20] Fed. R. Evid. 403.
[21] *See* Rec. Doc. 13446 at p. 2.

earlier deposition because there was no indication that he would be called as a witness in the Castanel trial.

Now, RBD must assume that the inclusion of Mr. Jarrell on plaintiff's final witness list so close to the discovery cut-off date, along with plaintiff's counsel's failure to respond to RBD's numerous requests for deposition dates, indicates that he has knowledge of facts reasonably calculated to lead to the discovery of admissible evidence specific to this case. Thus, RBD also contends that any trial testimony by Mr. Jarrell would also unfairly prejudice RBD. Plaintiff's counsel should not be permitted to call a fact witness who is not specifically associated with a particular bellwether trial, without first granting the defendant(s) an opportunity to question that witness under oath. As such, Mr. Jarrell should be stricken from plaintiff's witness list and he should not be permitted to testify at trial.

Moreover, any testimony by Albert Jarrell should be stricken because it would be wholly irrelevant to the ultimate issues that must be decided in the present case. Based upon previous representations by plaintiff's counsel, it is RBD's understanding that Mr. Jarrell is a general fact witness with no first-hand knowledge of Ms. Castanel's unit or the Castanel case.[22] Attorney D'Amico has confirmed several times that Mr. Jarrell has no specific knowledge regarding the RBD unit at issue. Accordingly, Mr. Jarrell's deposition testimony and designation as a witness should be stricken as irrelevant.

## **CONCLUSION**

Thus, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Recreation By Design, LLC, respectfully requests the Court to enter an order striking the testimony of Albert Jarrell from the trial of this matter.

---

[22] *See* Ex. B.

Respectfully submitted,

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
**GARRISON, YOUNT, FORTE**
**& MULCAHY, LLC**
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for Recreation By Design, LLC*
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 3rd, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591