UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                             SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251


## ORDER AND REASONS

Before the Court is Defendants'[1] Motion for Partial Summary Judgment on Exclusion of Claims (Rec. Doc. 13232). In this motion, RBD requests that this Court dismiss all claims advanced by the Plaintiff Earline Castanel "with the exception of her exacerbation of rhinosinusitis and mental anguish claims of anxiety and fear of cancer claims" (See Rec. Doc. 13232, pp. 1-2), arguing that Plaintiff has failed to present evidence or expert testimony relative to any other claims. After considering the memoranda filed by the parties and the applicable law,

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on Exclusion of Claims (Rec. Doc. 13232)** is **GRANTED IN PART and DENIED IN PART.** First, the Court

---

[1] While this motion was filed by both Defendant, Recreation By Design, LLC "RBD") and Shaw Environmental, Inc. ("Shaw"), Shaw is no longer a defendant in this suit. (See Rec. Doc. 13286). Thus, the Court will entertain this motion as if it had been filed only by RBD.

1

agrees with Plaintiff that RBD has failed to appreciate the difference between evidence that arguably could support a claim for a medical injury and the claimed injuries themselves. RBD seeks the dismissal of certain "symptoms/claims"[2] allegedly experienced by Plaintiff, asserting that there is no evidence that those symptoms were caused or exacerbated by the trailer. (See Rec. Doc. 13232-1, p. 9-10). These symptoms allegedly experienced are arguably pertinent to evidence of Plaintiff's alleged condition/claims of exacerbated rhinosinusitis and mental anguish (anxiety and fear of cancer). Plaintiff may introduce evidence/testimony at trial to show that these symptoms were relied upon by experts and treating physicians to diagnose Plaintiff's medical conditions. In this respect, the motion is denied.

Next, this motion is denied as it relates to Plaintiff's claims for past and future injuries, pain and suffering, impairment and disability, medical expenses, loss of enjoyment of life and quality of life, metal anguish and emotional distress. On the showing made in this motion, the Court concludes that genuine issues of material fact exist as to these claims, which are arguably related to Plaintiff's claims of exacerbation of rhinosinusitis and mental anguish claims or at least arguably evidenced by the above-mentioned symptoms.

Third, because Plaintiff did not address RBD's arguments for the dismissal of Plaintiff's claims for "past and future loss of earning capacity" and "loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster," RBD's motion is granted in this regard and such claims are hereby dismissed.

Last, as for Plaintiff's claims for loss of consortium and medical monitoring, this motion is

---

[2] It should be noted that RBD uses the term "symptoms/claims", arguing that Plaintiff's original and amended complaints are ambiguous as to the causes of action in relation to those alleged symptoms. (See Rec. Doc. 13470, p. 2)

denied as moot, as those claims are no longer being advanced by Plaintiff. (See Rec. Docs. 13252 and 10351).

New Orleans, Louisiana, this 4th day of May, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Court**