UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| In Re: FEMA TRAILER<br>   FORMALDEHYDE PRODUCTS<br>   LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5) |

THIS DOCUMENT RELATES TO
Member Case No. 09-3251


## ORDER AND REASONS

Before the Court is Defendants'[1] Motion for Partial Summary Judgment on Plaintiff's mental Anguish Claims (Rec. Doc. 13234).  In this motion, Recreation By Design, LLC ("RBD") requests partial summary judgment as to Plaintiff Earline Castanel's mental anguish claims, including her claims regarding an alleged fear of cancer, based on her alleged exposure to formaldehyde.  The Court has considered the memoranda of the parties and the applicable law.

Aside from the fear of cancer to which Plaintiff has expressly testified (See Exhibit C to Rec. Doc. 13326, pp. 136-139, 164-165), Dr. Lawrence Miller's expert report indicates that

---

[1] While this motion was filed by both Defendant, Recreation By Design, LLC "RBD") and Shaw Environmental, Inc. ("Shaw"), Shaw is no longer a defendant in this suit. (See Rec. Doc. 13286). Thus, the Court will entertain this motion as if it had been filed only by RBD.

1

Plaintiff reported to him "substantial concern about health effects to exposure in the trailer, and in particular, fear of developing cancer." (Exhibit E to Rec. Doc. 13326, p. 6). Dr. Miller's report indicates that Plaintiff began to cry on two occasions when discussing her fear of cancer. Dr. Miller further states:

> I have reviewed the report of Dr. Patricia Williams concerning formaldehyde exposure, and in particular, her discussion of the increased relative risk of cancer associated with exposure to inhaled formaldehyde. Dr. Williams provides substantial evidence indicating that exposure to inhaled formaldehyde increases the risk of developing cancer
>
> In summary, it is my professional opinion that, within a reasonable degree of medical probability, the exposure to formaldehyde emissions during her residence in the FEMA trailer significantly exacerbated Ms. Castanel's rhinosinusitis. Based on Ms. Castanel's known exposure to formaldehyde ... and the evidence summarized by Dr. Williams, it is also my opinion, within a reasonable degree of medical probability, that Ms. Castanel's fear of cancer, after her exposure to formaldehyde, are rationally based.

(Exhibit E to Rec. Doc. 13326, p. 6)[2]. Thus, the Court finds that at this time, this testimony is sufficient to connect Plaintiff's alleged anxiety to her exposure in the trailer.

Also, the Court concludes that there are genuine issues of material fact that exist, relating to whether the circumstances surrounding her exposure to what some research classifies as a "known human carcinogen" would result in a particular likelihood of genuine and serious mental distress, which further preclude summary judgment on this issue. However, at the conclusion of Plaintiff's case at trial, RBD may, if it deems appropriate, avail itself of the proper motion under Rule 50 of the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED** that the **Motion for Partial Summary Judgment on Plaintiff's**

---

[2] The Court notes that, at trial, Dr. Miller will not be allowed to describe, opine favorably on, or characterize in any way, Dr. Williams' testimony or findings. However, Dr. Miller may testify that, based on his review of Dr. Williams' report, he concludes that Plaintiff's fear of cancer, after her exposure to formaldehyde, is rationally based.

**mental Anguish Claims (Rec. Doc. 13234)** is **DENIED**.

New Orleans, Louisiana, this 4th day of May, 2010.

                                                **KURT D. ENGELHARDT**
                                                **United States District Court**