UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251

## ORDER AND REASONS

Before the Court is Defendants'[1] Motion for Summary Judgment on Causation (Rec. Doc. 13235). After considering the memoranda of the parties and the applicable law, the Court rules as set forth herein.

First, this motion is denied as moot as it relates to Plaintiff's claim for medical monitoring as that claim is no longer being advanced by Plaintiff. (See Rec. Doc. 13252).

Second, this motion addresses claims that are already the subject of other pending motions (i.e., Plaintiff's claims for mental anguish, including Plaintiff's alleged fear of cancer). (See Rec. Doc. 13234). As these claims are already the subject of other motions, they will not be addressed herein. The Court urges the parties, as it has previously done in this MDL, to NOT raise issues more than once in multiple motions. With multiple pre-trial motions filed relating to

---

[1] While this motion was filed by both Defendant, Recreation By Design, LLC "RBD") and Shaw Environmental, Inc. ("Shaw"), Shaw is no longer a defendant in this suit. (See Rec. Doc. 13286). Thus, the Court will entertain this motion as if it had been filed only by RBD.

this bellwether trial alone, addressing the same issues in multiple motions causes confusion and creates unnecessary work for both the Court and the parties.

Last, this motion is denied as to Plaintiff's claims relating to her alleged formaldehyde exposure. The Court finds that, at this time on the showing made, RBD is not entitled to summary judgment on either general or specific causation. Dr. Patricia Williams has explained that a cause-effect relationship exists between formaldehyde and upper respiratory tract damage, which at least arguably could encompass rhinosinusitis. (See Exhibit A to Rec. Doc. 13329, p. 70). Dr. Lawrence Miller includes rhinosinusitis in his discussion of the effects of formaldehyde on the upper respiratory tract. (See Exhibit B to Rec. Doc. 13329, p. 5). Dr. Miller has relied on ATSDR standards for formaldehyde to opine on the levels that can be considered harmful. (*Id.*) He has also used CDC measurements from a random sampling of FEMA trailers to estimate Plaintiff's particular exposure levels. (See Exhibit B to Rec. Doc. 13329, p. 4). In light of the various experts' testimonies which will be presented to the jury, the Court cannot, at this stage, agree that there is such a dearth of evidence as to general and specific causation making summary judgment appropriate on such issue.

Therefore, **IT IS ORDERED** that **Motion for Summary Judgment on Causation (Rec. Doc. 13235)** is **DENIED**, as expressed herein.

New Orleans, Louisiana, this 5th day of May, 2010.

                                          **KURT D. ENGELHARDT**
                                          **UNITED STATES DISTRICT JUDGE**