UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Earline Castanel v. Recreation by Design, LLC* | | * | |
| Docket No. 09-3251 | | * | |
| | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFF'S RESPONSES
TO OBJECTIONS TO DEPOSITION DESIGNATIONS OF
MICHAEL LAPINSKI

COMES NOW Plaintiff Earline Castanel and submits these Responses to Defendant Recreation by Design LLC's Objections to Plaintiff's Deposition Designations of Michael Lapinski (a copy of the Lapinski deposition was previously delivered to the Court).

92:16-93:18  Defendant alleges this calls for speculation and assumption of 2 years of testing.  This does not call for speculation and an "assumption of 2 years of testing", the witness is being asked about a governmental report that is referenced in his declaration.  Further the witness is being asked if those were accurate statements.

99:16-101:10  Defendant alleges email post-dates Castanel's time in the unit, calls for expert testimony and speculation.  The witness is asked for his opinion to support a stance that was taken by FEMA and is relevant.  The witness is a FEMA employee and is talking about a document he authored.  The email does post-date Earline Castanel's move out date in August 2007, but the email is reflective of the deliberative process during the period of time they were

1

considering the appropriate level for formaldehyde in travel trailers, from the summer of 2006 up through the time of the email in October 2007. The witness cannot be expected to artificially segregate out what he knew before and after the date of the email. This was an ongoing deliberative process that is not amenable to a clear bright line distinction of what was known before and after an arbitrary date whereupon a resident moves out of a travel trailer.

     132:05-133:05  Defendant alleges this concerns hearsay, and is objectionable based upon speculation and lack of foundation.  The witness is asked to explain a statement he made in an email.  This is not hearsay and does not lack foundation or constitute speculation.

     Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
         GERALD E. MEUNIER, #9471
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:    504/522-2304
         Facsimile:    504/528-9973
         gmeunier@gainsben.com

         s/Justin I. Woods
         JUSTIN I. WOODS, #24713
         **PLAINTIFFS' CO-LIAISON COUNSEL**
         Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
         2800 Energy Centre, 1100 Poydras Street
         New Orleans, Louisiana 70163
         Telephone:    504/522-2304
         Facsimile:    504/528-9973
         jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'**
        **STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        DENNIS REICH, Texas #16739600

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on May 6, 2010.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471