UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:    FEMA TRAILER | * | MDL NO. 1873 |
|             FORMALDEHYDE PRODUCTS | * | |
|             LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Earline Castanel v. Recreation by Design, LLC* | * | |
| Docket No. 09-3251 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
DEPOSITION DESIGNATIONS OF
CHRISTOPHER DeROSA, M.S., Ph.D.**

COMES NOW Plaintiff Earline Castanel and submits these objections to certain portions of Defendant Recreation by Design, LLC's designated deposition testimony of Christopher DeRosa, M.D., Ph.D. (a condensed copy of the DeRosa deposition was previously produced to the Court).

Plaintiff objects to the following testimony excerpts from the deposition Christopher DeRosa, M.S., Ph.D. that were designated by the Defendant.

**Page/Line**      **Objection**

38:21-39:22       Plaintiff objects to the testimony as irrelevant. The testing conducted of unoccupied trailers, is not relevant to the Plaintiff. Further the CDC/FEMA study which is one of the central documents of the litigation relates to the testing of 519 occupied units. The relevant testing data to

1

|  |  |
|---|---|
|  | Ms. Castanel is from occupied units, which are more comparable to the exposures she experienced. |
| 46:6-19 | Plaintiff objects to the designation as duplicative, cumulative and irrelevant, further it references congressional proceedings.  Dr. DeRosa discusses a statement made to Congress wherein he says that Joe Little and Scott Wright were tasked as the emergency response team.  This is improper as it references a statement to Congress.  Further, Defendants will call Commander Joseph Little, who would be the appropriate individual to offer discussion on this topic.  From Dr. DeRosa, this testimony is irrelevant. |
| 146:15-147:19 | Plaintiff objects as cumulative and calls for speculation.  DeRosa responds to direct questions with generalities about how things are generally done, and states "so apparently" and "it appears to me in retrospect".  These statements clearly show that he is speculating as to what actually occurred.  Further, this line of questioning is related to Commander Little, and is cumulative to Little's testimony.  DeRosa is asked what others did and whether others had an opportunity to review a sampling plan.  This is not a relevant line of questioning to Dr. DeRosa. |
| 154:8-155:3 | Plaintiff objects to this designation as cumulative, irrelevant, deponent lacks individual knowledge, and no question asked.  This designation again discusses an "Emergency Response Team" health consultation, which was conducted by Commander Little, and which DeRosa had no input.  Further, the designation is merely a reading of a document, and |

|  |  |
|---|---|
|  | then a question to DeRosa regarding whether the date on the document is accurate. There are no further questions designated following the reading of this document into the record by counsel. Plaintiff objects because this equates to improper testimony by counsel, and because, again, this is duplicative of what Commander Little can attest to more properly as he was actually involved in the process. |
| 157:8-15 | Plaintiff objects to this designation as it calls for speculation. Counsel asks Dr. DeRosa "And it would be reasonable to anybody who got this email, it would be reasonable to assume that if they saw this…" That is an over generalized and purely speculative question. |
| 160:13-161:24 | Plaintiff objects to this designation as irrelevant, calling for speculation and cumulative. Counsel asks Dr. DeRosa about communications between a Dr. Allred to Commander Little and others (but not DeRosa). This communication is irrelevant to Dr. DeRosa, and would be more properly designated or produced through Commander Little. Any tertiary comments by Dr. DeRosa are not relevant. |
| 175:24-176:19 | Plaintiff objects to this designation because Dr. DeRosa lacks personal knowledge, and the designation equates to testimony by counsel. Dr. DeRosa is asked if he was aware of a May 3, 2007 news release, to which he responded he was not. Counsel then reads the news release and again asked if Dr. DeRosa was aware communications regarding the release. Again, DeRosa answered he had no knowledge of it. This is improper and should be stricken. |

| | |
|---|---|
| 192:2-4 | Plaintiff withdraws the objection. |
| 201:20-202:15 | Plaintiff objects to this designation as being duplicative and cumulative of other designated witnesses.  This line of questioning is nearly identical, question for question, to designations made by Defendant in Commander Little's testimony.  While Defendant argues that DeRosa is a Plaintiff designation, this section is designated by defendants and is absolutely cumulative of testimony also designated by Defendant in Little's testimony. (See deposition of Little, pages 109-111 generally – and which are designated by Defendant.) |
| 203:4-10 | Plaintiff objects for the same reasons stated above.  Further, Plaintiff objects as misleading and confusing, as there is no testimony that Plaintiff used fingernail polish.  Further, whether Dr. DeRosa can be around fingernail polish or not is irrelevant. |
| 206:5-8 | Plaintiff objects as duplicative, cumulative and misleading.  There is no evidence that anybody smoked in the travel trailer.  Further the relationship between cigarette smoke and formaldehyde is a topic of discussion which is offered by other witnesses and is therefore cumulative. Defendant has a motion to supplement expert report specifically relating to cigarettes and smoking with Dr. James. |
| 208:13-209:5 | Plaintiff objects to this designation as speculative and irrelevant.  Further, it is premised in the preceding lines on a report which Dr. DeRosa did not read.  It further analogizes conditions in Atlanta, which are not identical to New Orleans. |

212:2-6              Plaintiff objects to this designation as irrelevant.  This discussion is based upon a study of a single house, in 1985, and has no bearing on FEMA trailers in 2005.

221:24-222:17        Plaintiff withdraws objections.

230:5-231:1          Plaintiff objects to the designation as vague, cumulative and confusing. The Defendant's prior designation discusses the difference between occupational and ATSDR MRL exposures.  Additionally, there is again discussion of hypothetical Atlanta levels, and other caveats that make it confusing to the trier.


Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on May 6, 2010.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471