UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                        MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                               SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251

## ORDER AND REASONS

Before the Court is Recreation By Design, LLC's Motion in Limine to Exclude the Testimony of Plaintiff's Expert, Kenneth R. Laughery, Ph.D. (Rec. Doc. 13297), which Plaintiff opposes. After considering the memoranda of the parties and the applicable law, the Court concludes that its previous orders relating to Dr. Laughery are not entirely applicable to this matter because, in this case unlike the facts presented in the previous cases, the subject travel trailer *had no warning*.

In previous Orders issued relative to Dr. Laughery in other bellwether trials (See Rec. Docs. 4845, 7533, and 10293), the undersigned ruled that Dr. Laughery could testify about the need for a warning, but could not testify about the adequacy of a particular warning, reasoning that such a conclusion could readily be made by the members of the jury. In this case, Dr. Laughery will not testify about whether any particular warning was inadequate because the

subject travel trailer had no warning.

Dr. Laughery may, however, offer the opinion that the lack of a "warnings system" associated with Plaintiff's trailer was inadequate. (Exhibit A to Rec. Doc. 13573, p. 6). Dr. Laughery may explain that a "warning system" includes labels on the trailer, the owner's manual and verbal information. Because no such "warning system" was in place, he may give his opinion that such was inadequate. The Court agrees with Plaintiff that allowing Dr. Laughery to testify regarding the lack of a "warning system" does not contradict any of this Court's prior rulings, as he is not evaluating the adequacy or wording of a *particular* warning.

Further, Recreation By Design, LLC ("RBD") argues that Dr. Laughery's opinions should be excluded because he did not do his own research to determine whether or not a formaldehyde hazard exists. This Court finds this argument to be without merit. Plaintiff is offering Dr. Laughery as a warnings expert, not as a toxicologist or as a wood scientist. Specifically, Dr. Laughery has testified that one of the considerations in determining if a warning is necessary is whether or not a hazard exists. Dr. Laughery relies on the opinions of Dr. Smulski, a wood scientist, for the opinion that the trailer was constructed with wood that emits formaldehyde. He also relies on the opinion of Dr. Williams, a toxicologist, that formaldehyde is toxic.[1] Based on that information, Dr. Laughery is offering the opinion that, because there is evidence that formaldehyde is in the trailer and evidence that formaldehyde is harmful, then one of the criteria for needing a warning, ("Is there a hazard?") is satisfied. There is no requirement that Dr. Laughery do his own independent research to determine if formaldehyde was a hazard

---

[1] It is expected that both experts, Dr. Smulski and Dr. Williams, will be subject to cross-examination at trial.

and his own testing of the trailer to determine if it contains formaldehyde. Surely, if Dr. Laughery had opined on these specific areas, RBD would have argued such opinions were beyond his expertise.

Considering the foregoing, **IT IS ORDERED** that **Recreation by Design, LLC's Motion in Limine to Exclude the Testimony of Plaintiff's Expert, Kenneth R. Laughery, Ph.D. (Rec. Doc. 13297)** is **DENIED.**

New Orleans, Louisiana, this 6th day of May, 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**