UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:   FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Earline Castanel v. Recreation by Design, LLC* | * | |
| Docket No. 09-3251 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OBJECTIONS TO
DEPOSITION DESIGNATIONS OF
JOSEPH LITTLE**

COMES NOW Plaintiff Earline Castanel and submits these objections to certain portions of Defendant Recreation by Design, LLC's designated deposition testimony of Joseph Little (a copy of the Little deposition transcript was previously delivered to the Court).

109:15-111:24 Prejudicial, misleading, confusing and duplicative. Plaintiff objects to this testimony as it is a listing of products some of which may contain formaldehyde. There is no evidence that Earline Castanel used fingernail polish, antiseptics, some medicines, etc. that were of a type that contained formaldehyde. Therefore, it is misleading in that implies that Ms. Castanel exposed herself to formaldehyde by using these products. Further it is prejudicial and confuses the jury. Moreover, Defendant has designated similar testimony from Christopher DeRosa on household products that may contain formaldehyde. Therefore this testimony is duplicative and a objectionable on a separate and independent basis.

1

112:07-113:08 Prejudicial, misleading, and confusing.  Plaintiff objects to this discussion on background levels as it suggests the background levels of formaldehyde in the New Orleans area may be as high as 0.08 ppm, when in fact there are studies that show the background level of formaldehyde in the New Orleans area is 3 to 5 micrograms per cubic meter or about 0.002 or 0.003 ppm based upon the United States Environmental Protection Agency, http://oaspub.epa.gov/kat_aqsweb/katrina_aqs.web_page?p_facility_key=57#POLLUTANT11.  It would be misleading to allow this testimony and further, it would confuse the jury.  As it is background measurements are not representative of what existed in Ms. Castanel's area, therefore it limited probative value of this testimony is far outweighed by the danger of undue prejudice.  Furthermore, the implication is made, improperly, that the background level Earline Castanel was exposed to was as high as 0.08ppm.  Any such implication would only serve to confuse and mislead the jury and is therefore objectionable. Moreover, this testimony is confusing and prejudicial because there is no testimony that Earline Castanel smoked while she was living in the trailer.

130:14-131:12, 131:23-132:24, Prejudicial, confusing, and misleading - Plaintiff objects for the reason that his section contains colloquy of counsel on page 131:08.  Plaintiff would further object for the reason that the witness is giving testimony for which he is not qualified to give on the toxic effects of formaldehyde.  The witness is not a toxicologist and not a medical doctor and he is giving opinions on the threshold toxic levels of formaldehyde.  He further says that the ASTDR chronic MRL was not used as a basis of comparison as it is below background levels found in most urban areas throughout the United States, when we have a level for the New Orleans area and it is 3 to 5 micrograms per cubic meter or about 2 or 3 ppb  or 0.002-0.003ppm, based upon the United States Environmental Protection Agency,

http://oaspub.epa.gov/kat_aqsweb/katrina_aqs.web_page?p_facility_key=57#POLLUTANT11.

Therefore this testimony is misleading and confusing. Whatever, limited probative value it has it has, it is outweighed by the danger of undue prejudice as the background level in the New Orleans area has been in fact measured and is substantially lower than what this testimony would imply. Further Plaintiff would object for the reason that the subject questioning calls for expert testimony for which this witness has not been qualified to give. There is no foundation for his knowledge on what the urban and background levels are in the New Orleans area, and as can be seen he is quite mistaken as to what they are.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**

ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on May 6, 2010.

    s/Gerald E. Meunier
GERALD E. MEUNIER, #9471