UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER * <br>       FORMALDEHYDE PRODUCTS * <br>       LIABILITY LITIGATION * <br>  * <br>  * <br>  * <br> THIS DOCUMENT IS RELATED TO * <br>  * <br> *Castanel, et. al. v Recreation by Design, LLC, et. al* * <br> Docket No. 09-3251 * <br>  * | MDL NO. 1873 <br><br> SECTION "N" (5) <br><br> JUDGE ENGELHARDT <br> MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO RECREATION BY DESIGN, LLC'S
MOTION TO STRIKE THE TESTIMONY OF ALBERT JARRELL**

Plaintiff Earline Castanel, files this response to Recreation by Design, LLC's ("RBD") motion to strike the testimony of Albert Jarrell, and in response, would show as follows:

**I.
EVIDENCE**

Exhibit A    Excerpts from the deposition of Albert Jarrell

Exhibit B    Re-notice of the deposition of Albert Jarrell

Exhibit C    Excerpts from the deposition of Earline Castanel

**II.
BACKGROUND**

Plaintiff Earline Castanel has asserted claims against Recreation By Design, LLC, under the Louisiana Products Liability Act ("LPLA"). *See* Plaintiff's Complaint for Damages, R. Doc. 1, Docket No. 09-3251, P. 25. Specifically, Ms. Castanel claims that the Recreation By Design trailer she occupied from approximately February, 2006, until March, 2007, due to its

1

construction, composition, design, and lack of warnings, exposed her to dangerous levels of formaldehyde. *See* Plaintiff's First Supplemental and Amended Complaint, R. Doc. 9401, pp. 2-3.

Plaintiff included Albert Jarrell on her timely-filed witness list. *See* Rec. Doc. 13277. After much miscommunication, counsel for the parties have agreed to Mr. Jarrell's deposition, which RBD has re-noticed for May 10, 2010. *See* Exhibit B. Mr. Jarrell was previously deposed in *Wright v. Forest River* on January 25, 2010, the transcript and video for which is readily available to all parties through liaison counsel. *See* Exhibit A.

### III.
### ARGUMENT AND AUTHORITIES

A. <u>Defendant's argument as to producing Mr. Jarrell for deposition is moot.</u>

Defendant has argued that Mr. Jarrell should not be allowed to testify at trial without first being produced by Plaintiff for a sworn deposition. In light of the re-notice of Mr. Jarrell's deposition, this argument is now moot. *See* Exhibit B.

B. <u>Defendant's motion to strike should be denied because Mr. Jarrell's testimony is relevant to Ms. Castanel's case.</u>

Defendant next argues erroneously that Mr. Jarrell's testimony has no relevance to Ms. Castanel's case. As evidenced by his previous sworn testimony, however, he possesses first-hand knowledge bearing directly on the formaldehyde emissions from FEMA trailers, an issue of consequence to the present case. *See* Exhibit A. The testimony of Mr. Jarrell is therefore relevant. *See* Fed.R.Evid. 401.

Mr. Jarrell worked as a maintenance person for FEMA trailers from March of 2006 until approximately March of 2008. *See* Exhibit A, pp. 15-17, 19, 139. His job working with the

trailers thus spanned the entire time in which Ms. Castanel occupied her trailer. *See* Rec. Doc. 9401, p. 3.

Initially, Mr. Jarrell performed preventative maintenance inspections at move-in. *See* Exhibit A, p. 22. After changing employers, he began responding to occupants' calls for repairs or maintenance of their trailers. *See* Exhibit A, pp. 20, 136-37. Much of his work was performed inside individual trailers. *See* Exhibit A, pp. 23-24. Ultimately, he worked on thousands of FEMA trailers. *See* Exhibit A, pp. 72, 138.

Mr. Jarrell witnessed first-hand the odors emitted by the trailers he serviced. *See* Exhibit A, p. 76. He can describe the odor, as well as his own physical reaction to it. *See* Exhibit A, 131. By virtue of his vast experience with the trailers, he can explain the pervasiveness of the trailers' odor, and how the strength of the odor changed with temperature changes. *See* Exhibit A, pp. 72, 139, 141-42. Especially since Ms. Castanel herself suffered from an impaired sense of smell while she lived in her trailer, and was unable to describe the odor emitted from her trailer with specificity, Mr. Jarrell's testimony will certainly aid the jury in its determination of consequential fact issues. *See* Exhibit C, pp. 87, 88, 124-25. Defendant's motion to strike Mr. Jarrell's testimony should therefore be denied. *See* Id.

          Respectfully submitted:

          **FEMA TRAILER FORMALDEHYDE**
          **PRODUCT LIABILITY LITIGATION**
          BY:   s/Gerald E. Meunier
                 GERALD E. MEUNIER, #9471
                 **PLAINTIFFS' CO-LIAISON COUNSEL**
                 Gainsburgh, Benjamin, David, Meunier &
                 Warshauer, L.L.C.
                 2800 Energy Centre, 1100 Poydras Street
                 New Orleans, Louisiana 70163
                 Telephone:   504/522-2304
                 Facsimile:     504/528-9973
                 gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

    s/Gerald E. Meunier
    GERALD E. MEUNIER, #9471