UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER             MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION      SECTION "N-5"

                                                       JUDGE ENGELHARDT
                                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Castanel v. Recreation by Design, et al*, No. 09-3251

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO RECREATION BY DESIGN, LLC'S MOTION IN LIMINE TO PREVENT AND/OR EXCLUDE TESTIMONY REGARDING FLEETWOOD**

Plaintiff, Earline Castanel, respectfully submits to this Honorable Court that defendant's Motion in Limine to Prevent and/or Exclude testimony regarding Fleetwood is without merit and should be denied.

In their Memorandum In Support of their motion[1] defendants correctly state that their expert Mr. Wozniak was retained "... for purposes of providing expert opinion with respect to the construction of Earline Castanel's travel trailer unit..." (Page 1 Defendants' Memorandum Exh. 1) Yet, they seek to limit his testimony to that which is helpful to them while attempting to preclude the fact finder from doing its job by fully fleshing out the issues in this case. Defendants further declare that RBD "...retained Wozniak due to his **knowledge, experience,** and **expertise**.... governing the manufacture, production, and construction of recreational travel trailers." (Page 2,

---

[1] Rec Doc. 13951-1

-1-

Defendants Memorandum at Line 1 -2 Exh. 1).  The fact that they will also elicit testimony from Mr. Wozniak "...with respect to the codes..." should not preclude plaintiff from fully exploring Wozniak's findings (or absence of findings) and expertise in what is an adversarial process.

The Defendants will presumably elicit from Mr. Wozniak the fact that he "...was employed by Fleetwood Enterprises for approximately twenty three years, starting as a Senior Engineer and leaving as Director of Engineering (Defendants Memorandum Page 2, Line 7-9 Exh. 1; Wozniak expert report Exh. 2) and that he "... worked exclusively on the vehicle (travel trailer) side of Fleetwood's operations." (Defendants Memorandum Page 2, Line 12 - 13 Exh. 1) .  Without the knowledge, experience and expertise that he gained while working at Fleetwood his testimony would be meaningless and of no use to the finder of fact.

In his report Mr. Wozniak states that on "February 18, 2010" he "participated in an inspection (of the Castanel unit) at the FEMA stage facility" (Wozniak Expert Report Exh. 2).  His observations relating to the trailer addressed issues that are germane to this case, i.e. Interior Labels, Cabinets, Panels, Walls (Wozniak Expert Report, Page 3 Exh. 2) Yet, he conveniently  did not include in his report his findings pertaining to the **absence** of labels containing Formaldehyde Warnings in the Castanel trailer.

> Q.   (By Mr. Bencomo) Did you see any warnings or warning labels pertaining to formaldehyde or the content of formaldehyde anywhere in the Castanel trailer?
>
> A.   No I did not.
>
> Q.   Isn't it a fact , sir, that the Fleetwood travel trailers contained formaldehyde warnings in the

(Wozniak Deposition Page 41 Line 20-25 Exh. 3)

> trailers themselves?

A. Yes, they did.

Q. Yet when you were retained by Recreation By Design and went to conduct this inspection, nowhere in that trailer, either outside or inside, was there any warning whatsoever pertaining to formaldehyde?

A. That's correct.

Q. Any you did not make any mention of the absence of those warnings in your report correct?

A. I---

A. I did not.

(Wozniak Deposition Page 42 line 1-10, 12 Exh. 3)

Is the jury not entitled to hear the fact that an expert whose background and experience with Fleetwood will be extolled by counsel for defendants conveniently neglected to mention the lack of Formaldehyde warnings in the Castanel unit even though he was responsible for warnings in Fleetwood travel trailers. Is the jury not entitled to hear the following, colloquy?

Q. (By Mr. Bencomo) And did you ever read those warnings before Katrina?

A. Oh, yes.

Q. And as the director of engineering you never took the position that you disagreed with those warnings, correct?

A. That's correct.

Q. You never said, "Take those warnings out of that manual"?

A. I cannot recall doing that, no.

Q. So you were aware of what those warnings stated with reference to formaldehyde and its effect on people, correct?

  A. That's correct.

  Q. Any that was before Katrina?

  A. Yes.

  Q. And you never asked Mr. Cornish or any of the employees of Recreation By Design why their owner's manual contained no warnings pertaining to formaldehyde?

  A. I did not have that discussion.

(Wozniak Deposition Page 35, Line 11 -25, Page 36 Line 1-5 Exh. 3)

On the issue of LFE, which this Court has become familiar with during expert testimony in prior cases Mr. Wozniak testified as follows:

  Q. (By Mr. Bencomo)  And you having been retained by Recreation By Design did not just ask the very simple question of "What type of wood products do you use, and do you have a policy that dictates that the wood components be LFE?"

  A. No I did not.

  Q. Did you ask anyone with Recreation By Design whether or not they purchased LFE products?

  A. No, I did not.

  Q. Did you ask anyone with Recreation by Design whether or not they had a corporate policy to use only LFE products?

  A. No, I did not.

(Wozniak Deposition Page 31, Line 12 - 16; 18; 21 - 24; Exh. 3)

RBD cannot ask their expert at trial (as they did during his deposition) to offer opinions based on his "...understanding from your experience in the industry.." (Wozniak Deposition Page 51, Line 22-23 Exh. 3) and expect Plaintiff to sit idly by without testing and challenging what the witness observed, failed to observe, chose not to observe, inserted in his report, left out of his report, etc. in

reaching his opinions.

The witness accurately testified that he was "...retained to look at the Castanel trailer and offer opinions on that trailer..." (Wozniak Deposition Page 43, Line 4-5 Exh. 3)

He also testified as follows

Q. (By Mr. Bencomo) Now, sir, the opinions that you have rendered in connection with your being retained by counsel for Recreation By Design are based on your experience, correct?

A. Yes.

Q. Your knowledge, correct?

A. Yes.

Q. Your review of relevant materials, correct?

A. Correct.

Q. Investigation?

A. Yes.

Q. And examination of the Castanel trailer, correct?

A. Yes.

( Wozniak Deposition Page 45, Line 12-25 Exh. 3)

Q. And so you cannot take the position that the 23 years that you worked for Fleetwood are somehow erased from your memory bank when you reach whatever conclusions you reach in connection with this report, correct.

A. Correct.

Q. (By Mr. Bencomo) I'll rephrase the question. Can you erase the 23 years that you spent at Fleetwood Enterprises starting as a senior engineer and subsequently becoming the director of engineering and product compliance for the travel trailer division when forming your opinions and conclusions that you have rendered in connection with this case?

-5-

    A.    No, I cannot.

(Wozniak Deposition Page 46, Line 1-5, 7, 8-15 Exh. 3)

## CONCLUSION

To grant defendants motion would result in a disjointed, one-sided testament lauding RBD's manufacturing practices while preventing the jury from hearing about RBD's failure to even mention Formaldehyde or to provide any warnings either in the Owner's Manual or inside the Castanel unit. The jury, and the jury alone should be the one to determine whether or not defendant's trailer was unreasonably dangerous for its intended use and whether or not the Owner's Manual and the trailer should have contained any warnings pertaining to Formaldehyde. Defendant's expert, Robert Wozniak, is in as good position as anyone to address those issues.

The defendant's motion should be denied.

    Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT M. BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, JR., #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471