UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | § § § § § § § § § § | MDL No. 1873 |
| | | SECTION N(5) |
| THIS DOCUMENT IS RELATED TO: | | JUDGE ENGELHARDT |
| *Charlie Age, et al v. Gulf Stream Coach, Inc., et al* *Docket No. 09-2892   (Easton Charles, Jr.)* *Octave Bazanac, et al v. Gulf Stream Coach, Inc., et al* *Docket No. 08-8320 (Robin Lewis)* | | MAGISTRATE CHASEZ |

**FLUOR ENTERPRISES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO CONVERT DISMISSAL OF BELLWETHER PLAINTIFFS' CLAIMS WITHOUT PREJUDICE TO WITH PREJUDICE**

This memorandum is submitted on behalf of Fluor Enterprises, Inc. (**FEI**) in support of its motion to convert dismissal of bellwether plaintiffs, Easton Charles, Jr.'s and Robin Lewis's, claims against FEI without prejudice to a dismissal *with prejudice.*

**PROCEDURAL BACKGROUND**

This court is familiar with the bellwether selection process in connection with bellwether plaintiffs, Easton Charles, Jr. and Robin Lewis.  Robin Lewis was selected as a bellwether plaintiff for a trial scheduled to commence on September 13, 2010 against Gulf Stream and FEI.  Easton Charles, Jr. was selected as a backup bellwether plaintiff for the same trial.  After the parties began initial discovery, including an exchange of written discovery requests, FEI's

production of documents relevant to the Lewis and Robin trailer installations, and a trailer inspection of the Robin Lewis trailer and home (necessitating FEI's hiring of an expert and having him inspect the Lewis trailer), bellwether plaintiffs, Charles and Lewis, voluntarily dismissed their claims against FEI *without prejudice*, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Respectively Rec. docs. 13224 and 13222).[1]  FEI was required to spend time and expense preparing its defense to the claims of these bellwether plaintiffs, although admittedly discovery had not progressed very far. Nevertheless, these plaintiffs' cases were set for trial and FEI commenced work on its defense.  Since there is no court order, the effect of plaintiffs' voluntary dismissal is "without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).  Undersigned counsel asked plaintiffs' counsel, Gerald E. Meunier, to consent to a dismissal of these claims against FEI "with prejudice," and plaintiffs' counsel refused.  Presumably, therefore, this motion is contested.

## ARGUMENT

This Court has considered this issue numerous times and has ruled the same way each time.  These plaintiffs, like others in this litigation who choose to dismiss their claims after selection as a bellwether, should have their claims dismissed *with prejudice*.  As this court instructed when dismissing the bellwether trial three plaintiffs' complaints with prejudice:

> Plaintiffs' counsel should take notice that all plaintiffs who assert claims in this MDL shall be ready and willing to serve as bellwether plaintiffs in this matter, if called upon to do so, as any plaintiff would be expected to do in an ordinary case.  The claims of those plaintiffs who refuse to do so, when called upon, will be dismissed with prejudice.  Such has been the case thus far in this litigation and the Court sees no reason to depart from this mode of procedure for Raymond Bell, III.

Court's order and reasons, Rec. doc. 5471; see also this Court's judgment dismissing Raymond Bell, III's complaint with prejudice, Rec. doc. 7486.

---

[1] Plaintiffs did not dismiss their claims against co-defendant Gulf Stream, however.

Like the defendants in the *Bell* case, FEI has expended time, effort and money inspecting the Lewis trailer, hiring an expert to look at the trailers, and preparing its defense of these cases for trial. Based on Charles's and Lewis's decisions to dismiss their claims against FEI voluntarily (without prejudice), FEI's pre-trial work and discovery relating to the Charles and Lewis trailers is rendered useless and was unnecessary.

Noticeably lacking in Charles's and Lewis's voluntary dismissals are any guarantees that they will *not* bring FEI back into these suits on the eve of trial, either upsetting the trial date, or violating FEI's due process rights by precluding FEI a fair and adequate opportunity to prepare for trial and conduct reasonable discovery. The opportunity for these bellwether plaintiffs to bring FEI back into these cases like a yo-yo, at their whim and caprice, should be foreclosed by entry of a dismissal of their claims against FEI "with prejudice." Nor should these claims be left "hanging over FEI's head," leaving open the possibility of pulling FEI back into these suits at a later time.

This Court's practice has been to dismiss bellwether claims against defendants with prejudice and there is no good reason for this Court to depart from its well-reasoned rule. "Not doing so would possibly cause other bellwether plaintiffs to 'jump ship' at the last minute; this is obviously a tactic that the Court does not wish to encourage." Rec. doc. 5471, p. 2.

Based on the foregoing, defendant, Fluor Enterprises, Inc., requests that the Court enter an order dismissing the claims of plaintiffs, Easton Charles, Jr. and Robin Lewis, against Fluor Enterprises, Inc. with prejudice.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

*s/ Sarah A. Lowman*
Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983

-and-

Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)  **T.A.**
717 North Harwood, Suite 2400
Dallas, Texas 75201
Telephone: (214) 220-6334
Facsimile: (214) 220-6807

-and-

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel to be noticed in the MDL proceedings, including primarily court-appointed liaison counsel, who are CM/ECF participants.

*/s/ Sarah A. Lowman.*

ND: 4830-1959-9878, v. 1