# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v.  RECREATION BY DESIGN, LLC* | * | |
| *ET AL, DOCKET NO. 09-3251* | * | |

**************************************************************************

## RECREATION BY DESIGN, LLC'S RESPONSES TO PLAINTIFF'S OBJECTIONS TO DEFENSE DEPOSITION DESIGNATIONS

**NOW INTO COURT**, through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who, in response to plaintiff's objections to RBD's deposition designations, responds as follows:

### GUY BONOMO

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| | |

| 45:15-23 "Lack of Foundation/ Irrelevant." | In response to plaintiff's objection, RBD avers that the line of inquiry regarding Mr. Bonomo's understanding of the instructions given to FEMA recertification advisors, regarding what to tell travel trailer occupants if they had complaints about indoor air quality, is directly related to the contents of Exhibit No. 4 (formaldehyde flyer distributed by FEMA in the summer of 2006.  As part of his employment duties with FEMA, Mr. Bonomo was directly responsible for coordinating the delivery of FEMA flyers, including Exhibit No. 4, to residents of emergency housing units (EHU's). As the preceding pages of testimony demonstrate, there is a sufficient factual predicate up on which Mr. Bonomo founded his statement.  Finally, RBD contends that it would be contrary to the Court's prior Order(s) to require that RBD depose every bellwether witness individually.  Accordingly, RBD contends that plaintiff's objection should be overruled and the testimony admitted. |
|---|---|
| 45:24 - 46:11 "Leading." | In response to plaintiff's objection, RBD avers that the designated text does not constitute a "leading question" under the Federal Rules of Evidence because counsel for RBD did not take Mr. Bonomo's deposition.  Rather, counsel for FEMA elicited the response from the witness, who is also a FEMA employee.  Per the Court's prior Order(s), RBD may adopt lines from depositions taken in other bellwether trials.  RBD also contends that it would be contrary to the Court's prior Order(s) to require that RBD depose every bellwether witness individually.  Thus, RBD contends that plaintiff's objection should be overruled and the testimony admitted. |

## ALAN BOWERS, M.D.

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 51:22-25 | Defendant withdrew designation. |
| 52:1-3 | Defendant withdrew designation. |
| 54:17-22 | Plaintiff withdrew objection. |
| 56:19-23 | Defendant withdrew designation. |
| 69:19-25 | Plaintiff withdrew objection. |
| 70:1-17 | Defendant withdrew designation. |

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| 61:5 - 63:18; "Form, lack of foundation, failure to establish qualifications, lack of qualifications." | In response to plaintiff's objection, RBD submits that the questions asked and responses thereto are proper.  Dr. Bowers was plaintiff's treating physician for many years prior to and following Hurricane Katrina.  Most importantly, plaintiff treated with Dr. Bowers before, during, and after plaintiff's time in the travel trailer at issue.  Dr. Bowers, as a medical doctor and plaintiff's treating physician, is more than qualified to provide testimony with respect to plaintiff's condition, and any alleged exacerbation of same, prior to, during, and after her time in the travel trailer.  Furthermore, Dr. Bowers is qualified to and can competently testify as to the alleged cause of plaintiff's symptoms and/or condition based upon his treatment of plaintiff and the history provided to him throughout his treatment of plaintiff. |

## BRIAN BOYLE

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 23:22 - 25:05 | Defendant withdrew designation. |
| 25:21 - 26:16 | Defendant withdrew designation. |
| 31:1-22 | Defendant withdrew designation. |
| 43:14 - 44:03 | Defendant withdrew designation. |
| 59:4-6 | Defendant withdrew designation. |

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|

| 129:9 - 130:1, 130:8 - 131:18; "Lack of foundation, prejudicial, misleading and confusing, irrelevant." | RBD submits that plaintiff's objection should be overruled. A foundation is laid on pp. 60-62 of Mr. Boyle's deposition, wherein he reviews and identifies deposition Exhibit 10 – an e-mail from William Deane to Mr. Boyle at Shaw Company. The designated testimony is Mr. Boyle's testimony in response to questions posed regarding the e-mail and its contents. Furthermore, RBD submits that Mr. Boyle's appreciation of Shaw's standard operating procedure for trailer processing and yard quality control inspection. |

## GEOFFREY COMPEAU

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 393:20-396:12 (*Wright*, dated January 7, 2010) "Irrelevant." | Defendant withdrew designation for 395:13-396:12, but maintains designation for 393:20-395:12 (*see infra*). |
| 68:24-69:10 (*Castanel*, dated April 6, 2010) "Irrelevant, Confusing, Misleading." | Defendant withdrew designation. |
| 71:24-72:01 (*Castanel*, dated April 6, 2010) "Irrelevant, Confusing, Misleading." | Defendant withdrew designation. |

### RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|

4

| 393:20-395:12 (*Wright*, dated January 7, 2010) "Irrelevant" | In response to plaintiff's objection, RBD avers that the line of inquiry regarding Shaw's Travel Trailer Installation procedures is directly relevant to the issues at bar.  Shaw had a contract with FEMA for the installation of RBD travel trailers, and Mr. Compeau's testimony is not rendered irrelevant simply because plaintiff named Shaw as a defendant in this suit and subsequently dismissed it.  Additionally, RBD contends that Mr. Compeau's testimony regarding Shaw's procedures for the blocking and/or leveling of RBD units during installation is relevant.  Thus, RBD contends that plaintiff's objection should be overruled and the testimony admitted. |
| --- | --- |
| 397:05-398:21 (*Wright*, dated January 7, 2010) "Irrelevant" | In response to plaintiff's objection, RBD avers that the line of inquiry regarding Shaw's Travel Trailer Installation procedures (including blocking, leveling, and jacking) is directly relevant to the issues at bar.  Shaw had a contract with FEMA for the installation of RBD travel trailers, and Mr. Compeau's testimony is not rendered irrelevant simply because plaintiff named Shaw as a defendant in this suit and subsequently dismissed it.   Additionally, RBD contends that Mr. Compeau's testimony regarding FEMA's specifications for the blocking and/or leveling of RBD units during installation (including the number of piers, weight distribution, etc.) is relevant.  Thus, RBD contends that plaintiff's objection should be overruled and the testimony admitted. |

## GEORGE CORNISH

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
| --- | --- |
| 18:02-08 | Plaintiff withdrew objection. |
| 18:09-13 | Defendant withdrew designation. |
| 27:11-21, 27:24, 28:03-05, 28:07-09 | Plaintiff withdrew objection. |
| 31:23 - 32:02 | Defendant withdrew designation. |
| 44:22-25 | Defendant withdrew designation. |
| 58:15 - 59:01 | Plaintiff withdrew objection, as original designation misstated page/line numbers. |
| 62:14-19 | Defendant withdrew designation. |

| 62:20-24, 63:02, 63:04-06, 63:10 | Defendant withdrew designation. |
|---|---|
| 64:25 | Defendant withdrew designation. |
| 65:24-25, 66:01-04 | Defendant withdrew designation. |
| 81:09-12 | Plaintiff withdrew objection. |
| 84:07-09 | Defendant withdrew designation. |
| 87:15-17 | Defendant withdrew designation. |
| 94:17-20 | Defendant withdrew designation. |

## RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| 10:03-07; "Irrelevant." | The designated testimony is relevant, as it serves to establish Mr. Cornish's extensive experience and background in the RV industry. |
| 19:08-10; "Irrelevant, waste of time." | The designated testimony is relevant, as it goes to Mr. Cornish's work history and his experience in the RV industry as it relates to the documentation typically provided along with products used in the manufacturing/construction process. |
| 66:05-09, 66:21; "Lack of foundation. The witness is not familiar with formaldehyde and its health effects." | RBD submits that a foundation has been laid to show that Mr. Cornish has the experience and knowledge to testify as to the safety of the travel trailers coming off the RBD production line. It has been established that Mr. Cornish was a Production Manager for RBD during the relevant time period, and he was responsible for overseeing the construction of trailers. |
| 87:09-10, 87:13; "Lack of foundation." | RBD submits that a foundation has been laid to show that Mr. Cornish has the experience and knowledge to testify as to whether RBD travel trailers are built in accordance with industry standards. Mr. Cornish was a Production Manager with RBD and oversaw the construction of travel trailers. Additionally, his testimony reveals that, prior to working for RBD, he had extensive experience in the RV industry, such that he was familiar with the industry standards regarding the construction of travel trailers. |

| 87:18-19, 87:21; "Lack of foundation. Lack f qualifications to determine what is safe and habitable." | RBD submits that a foundation has been laid to show that Mr. Cornish has the experience and knowledge to testify as to the safe and habitable nature of the travel trailers coming off the RBD production line.  It has been established that Mr. Cornish was a Production Manager for RBD during the relevant time period, and he was responsible for overseeing the construction of trailers. |
|---|---|

## CHRISTOPHER DeROSA

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 11:11-12 | Plaintiff withdrew objection. |
| 11:13-14, 11:22-25 | Defendant withdrew designation. |
| 12:10-13 | Defendant withdrew designation. |
| 13:24-25, 14:1 | Plaintiff withdrew objection. |
| 30:14-25, 31:1 | Defendant withdrew designation. |
| 31:2-10 | Plaintiff withdrew objection. |
| 36:7-8, 36:10-14 | Plaintiff withdrew objection. |
| 127:8-19 | Defendant withdrew designation. |
| 138:17 - 139:2 | Defendant withdrew designation. |
| 139:3-13 | Plaintiff withdrew objection. |
| 189:8 - 192:1 | Plaintiff withdrew objection. |
| 206:15-25 | Plaintiff withdrew objection. |
| 207:1-5 | Plaintiff withdrew objection. |
| 209:15-23 | Plaintiff withdrew objection. |
| 210:23 - 211:1 | Defendant withdrew designation. |
| 224:9-12 | Defendant withdrew designation. |
| 225:1-2 | Defendant withdrew designation. |
| 225:3-7 | Plaintiff withdrew objection. |

| 225:8-12 | Defendant withdrew designation. |
|----------|--------------------------------|
| 228:17-25 | Plaintiff withdrew objection. |
| 229:1-7 | Plaintiff withdrew objection. |
| 243:7-25 | Plaintiff withdrew objection. |
| 244:1-25 | Plaintiff withdrew objection. |
| 245:1-4 | Plaintiff withdrew objection. |
| 253:19 - 254:7 | Defendant withdrew designation. |
| 262:10-14 | Defendant withdrew designation. |
| 267:12-25 | Plaintiff withdrew objection. |
| 268:1-13 | Plaintiff withdrew objection. |
| 279:15-18 | Defendant withdrew designation. |
| 286:19-25 | Plaintiff withdrew objection. |
| 287:1 | Plaintiff withdrew objection. |
| 287:16-25 | Defendant withdrew designation. |
| 288:1-7 | Defendant withdrew designation. |

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|----------------------|------------------------------------------|
| 38:21-25; "Irrelevant." | RBD submits that the designated testimony is very relevant. As Director for the Division of Toxicology within the Agency for Toxic Substances and Disease Registry ("ATSDR"), Dr. DeRosa's testimony regarding his division's involvement with the evaluation of formaldehyde levels in unoccupied travel trailers and the reasons therefore is relevant to the issues presented at trial. |
| 39:1-22; "Irrelevant." | RBD submits that the designated testimony is very relevant. As Director for the Division of Toxicology within the ATSDR, Dr. DeRosa's testimony regarding his division's involvement with the evaluation of formaldehyde levels in unoccupied travel trailers and the reasons therefore is relevant to the issues presented at trial. |

| | |
|---|---|
| 46:6-19; "Irrelevant, duplicative." | RBD submits that the designated testimony is relevant and not duplicative, as Dr. DeRosa specifically identifies Joe Little and Scott Wright as the two members of his Division's Emergency Response Team who were tasked to provide an evaluation of the EPA sampling data. |
| 146:15 - 147:19; "Calls for speculation, foundation." | RBD submits that the designated testimony is not speculative. Rather, the testimony shows Dr. DeRosa's awareness and appreciation of the sampling being conducted and his opinions with respect to the reasons for sampling unoccupied travel trailers. As Director for the Division of Toxicology within ATSDR, the proper foundation has been laid for such testimony. |
| 154:8 - 155:3; "Irrelevant, witness has no first hand knowledge, calls for speculation, hearsay, no question asked." | RBD submits that plaintiff's objection should be overruled. The designated testimony establishes Dr. DeRosa's verification that he received the e-mail (Exhibit 16 to the deposition) containing information regarding testing in February of 2007. The purpose of the testimony is simply to establish that Dr. DeRosa was familiar with and received information regarding the testing conducted. Because Dr. DeRosa is not asked to testify as to the truth of the contents of the e-mail, it is not hearsay. |
| 157:8-15; "Calls for speculation." | The designated testimony is not speculative. Dr. DeRosa simply provides his opinion and appreciation of the contents of the ATSDR email. Further, this testimony is relevant with respect to his comments regarding the testing conducted. |
| 160:13-21; "Speculation, foundation, no firsthand knowledge." | Plaintiff's objection should be overruled, as the purpose of the designated testimony is to lay a foundation for the testimony on p. 161. |
| 161:5-12; "Speculation, no first hand knowledge." | The designated testimony is not speculative. Based upon Dr. DeRosa's review of the e-mail in question, he is able to testify in a non-speculative manner as to Dr. Allred's knowledge and review of the February 1, 2007 report. |
| 161:13-24; "Irrelevant." | The designated testimony is relevant to the issues at hand, as it exhibits the protocol and/or standard operating practice of Dr. Allred in reviewing reports issued to him. A foundation is laid for Dr. DeRosa to testify regarding this based upon his work experience with Dr. Allred. |

| | |
|---|---|
| 175:24-25; "Foundation.  Calls for speculation. Witness has no personal knowledge." | Plaintiff's objection should be overruled.  The purpose of the designated testimony is simply to establish Dr. DeRosa's knowledge and credibility regarding the news release. |
| 176:1-19; "Foundation. Witness has no personal knowledge. Calls for speculation. No question asked about document." | Plaintiff's objection should be overruled.  The purpose of the designated testimony is simply to establish Dr. DeRosa's knowledge and credibility regarding the news release. |
| 192:2-4; "Misstates the evidence." | RBD submits that the designated testimony does not misstate the evidence.  Dr. DeRosa was asked a question regarding an article he co-authored and statements contained therein regarding minimal risk levels ("MRLs").  The testimony provides Dr. DeRosa's appreciation as to there being no cause/effect relationship with MRLs and toxic manifestation. |
| 201:20-25; "Duplicative of other witnesses." | RBD submits that the designated testimony is not duplicative.  It is anticipated that plaintiff will improperly contend that this testimony is duplicative of testimony to be offered by Joseph Little, one of the authors of the referenced document.  However, as Dr. DeRosa is plaintiff's witness, RBD submits that Dr. DeRosa's testimony as to the contents of the report and his general testimony regarding the presence of formaldehyde in everyday products is not duplicative.  To the extent that expert witnesses may testify regarding the presence of formaldehyde in various products, RBD submits that their testimony will be more specific with respect to formaldehyde levels, and, therefore, does not render Dr. DeRosa's general testimony duplicative. |
| 202:1-15; "Duplicative of other witnesses." | RBD submits that the designated testimony is not duplicative.  It is anticipated that plaintiff will improperly contend that this testimony is duplicative of testimony to be offered by Joseph Little, one of the authors of the referenced document.  However, as Dr. DeRosa is plaintiff's witness, RBD submits that Dr. DeRosa's testimony as to the contents of the report and his general testimony regarding the presence of formaldehyde in everyday products is not duplicative.  To the extent that expert witnesses may testify regarding the presence of formaldehyde in various products, RBD submits that their testimony will be more specific with respect to formaldehyde levels, and, therefore, does not render Dr. DeRosa's general testimony duplicative. |

| | |
|---|---|
| 203:4-10; "Irrelevant." | This testimony is relevant, as it shows Dr. DeRosa's general and personal appreciation as to fingernail polish off-gassing formaldehyde. It's further relevant as to show that everyday products, such as fingernail polish, off-gas formaldehyde. |
| 206:5-8; "Duplicative of other witnesses." | RBD submits that the designated testimony is not duplicative.  It is anticipated that plaintiff will improperly contend that this testimony is duplicative of testimony to be offered by other witnesses regarding the presence of formaldehyde in cigarettes and tobacco products.  However, as Dr. DeRosa is plaintiff's witness, RBD submits that Dr. DeRosa's general testimony regarding cigarettes and tobacco products off-gassing formaldehyde is not duplicative.  To the extent that expert witnesses may testify regarding the presence of formaldehyde in cigarettes or tobacco products, RBD submits that their testimony will be more specific with respect to formaldehyde levels, and, therefore, does not render Dr. DeRosa's general testimony duplicative. |
| 208:13-25; "Irrelevant – best evidence is New Orleans." | RBD submits that the designated testimony is relevant.  Examples of urban air concentrations, other than those specific to New Orleans, are relevant to the fact that background concentration levels exist in urban environments. |
| 209:1-5; "Irrelevant – best evidence is New Orleans." | RBD submits that the designated testimony is relevant.  Examples of urban air concentrations, other than those specific to New Orleans, are relevant to the fact that background concentration levels exist in urban environments. |
| 212:2-6; "No relevance to FEMA trailers." | RBD submits that the designated testimony is relevant to the present matter, as it serves as general evidence of formaldehyde levels in a newly constructed and unoccupied house.  This is relevant to show that the presence of formaldehyde is not unique to travel trailers. |
| 221:24-25; "Irrelevant – best evidence is New Orleans." | RBD submits that the designated testimony is relevant.  Examples of urban air concentrations, other than those specific to New Orleans, are relevant to the fact that background concentration levels exist in urban environments. |
| 222:1, 222:15-17; "Irrelevant – best evidence is New Orleans." | RBD submits that the designated testimony is relevant.  General examples of urban air concentrations, other than those specific to New Orleans, are relevant regarding background levels.  This testimony reveals that Dr. DeRosa agrees with the contents of the February 1, 2007 report regarding urban background levels. |

| | |
|---|---|
| 230:5 - 231:1;<br>"Vague, cumulative." | Plaintiff's objection should be overruled, as the designated testimony is neither vague nor cumulative.  Dr. DeRosa is questioned generally with respect to daily activities of an individual and their potential effect on the individual's exposure to formaldehyde.  As Dr. DeRosa is identified as plaintiff's witness, the testimony should not be deemed cumulative. |

## DAVID GARRATT

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 21:18-2<br>"Duplicative." | Defendant withdrew designation. |
| 23:04-6<br>"Irrelevant." | Plaintiff withdrew objection. |
| 26:14-19<br>"Irrelevant/Prejudicial." | Defendant withdrew designation. |
| 32:01-32:16<br>"Irrelevant/Duplicative." | The parties withdrew designation(s). |
| 40:05<br>"Remove Objection of Counsel." | Defendant withdrew designation. |
| 51, 52, 53, 54, 56, 57<br>"Foundation/Confusing." | The parties withdrew designation(s). |
| 183:22<br>"Confusing." | Defendant withdrew designation. |
| 192, 193<br>"Confusing." | Defendant withdrew designation subject to Rec. Doc. 13816. |

### RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|

| 28:05-11<br>"Potentially Misleading as it Implies the United States was Involved in Litigation." | RBD avers that Mr. Garratt's testimony is not "potentially misleading" in this regard because the United States *was* involved in litigation.  As the preceding deposition pages confirm, the signed declaration at issue ("Declaration of David Garratt) was Exhibit NO. 27 to "defendant United States of America's motion to dismiss plaintiff's remaining FTCA claims for lack fo subject matter jurisdiction."  Thus, Mr. Garratt's testimony is factual in nature and plaintiff's objection should be overruled. |
|---|---|
| 61:02-61:13<br>"Irrelevant." | RBD contends that the designation is directly relevant to the facts of this case because it speaks to FEMA's response to formaldehyde in its manufactured housing units.  As such, plaintiff's objection should be overruled. |

## MICHAEL GAUME

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 6:03-04 | Defendant withdrew designation. |
| 10:17-23 | Defendant withdrew designation. |
| 13:01-08 | Plaintiff withdrew objection. |
| 43:08-12 | Defendant withdrew objection. |
| 49:22-24, 50:02 | Defendant withdrew objection. |
| 51:09-11 | Plaintiff withdrew objection. |

### RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|

| 33:06-16; "Confusing, misleading." | RBD is not entirely clear as to what is confusing and/or misleading about the designated testimony.  Plaintiff's counsel asked the questions of Mr. Gaume, and Mr. Gaume answered clearly and in a responsive manner.  There is nothing confusing or misleading about the questions posed and/or Mr. Gaume's responses to same.  Mr. Gaume clearly testifies that he is not aware why HUD had requirements regarding the formaldehyde content of products used, but that he knew the requirements existed. |
|---|---|
| 33:17-20; "Non-responsive." | RBD submits that Mr. Gaume's answer is responsive to the question posed.  The designated testimony should not be excluded simply because plaintiff did not get the response she was hoping to get.  Mr. Gaume's answer is responsive in that formaldehyde was not an issue with respect to the construction of travel trailers at RBD. |
| 49:07-08, 49:11; "Lack of foundation." | RBD submits that a foundation has been laid to show that Mr. Gaume has the experience and knowledge to testify as to whether the RBD travel trailers were built in accordance with industry standards.  Mr. Gaume was a plant manager with RBD and oversaw the construction of travel trailers.  His testimony reveals that he had knowledge of the codes and industry standards governing the construction of the travel trailer units. |
| 51:12-13, 51:16; "Leading question." | The question asked by counsel for RBD is not leading.  The question posed does not suggest an answer to the witness.  RBD's counsel simply asked Mr. Gaume whether he thought the product he built for RBD was a quality product. |

### BELLANCE "FAYE" GREEN

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 74:13-16 "Irrelevant." | Plaintiff withdrew objection. |
| 77:04-77:11 "Cumulative." | Defendant withdrew designation. |
| 77:18-78:02 "Cumulative." | Defendant withdrew designation. |

| | |
|---|---|
| 102:22-103:10 "Irrelevant, Confusing, Misleading." | Defendant withdrew designation. |
| 124:06-126 "Irrelevant, Confusing, and Misleading." | Defendant withdrew designation for 124:6-10, but reserved designation for 124:11-126:10 (*see infra*). |

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| Testimony on pages 84 through 88. "Irrelevant, Confusing, and Misleading." | In response to plaintiff's objections, RBD avers that the line of inquiry regarding the contents of Ex. No. 3 (a typical Individual Assistance ("IA") file kept in the ordinary course and scope of business and produced pursuant to Privacy Act waivers), as well as Ms. Green's testimony regarding FEMA's retention policy for electronic document storage for such IA files, is directly relevant to the issues at bar as this testimony authenticates IA files that were produced by Ms. Green's office.  Ms. Green's testimony is also relevant because she discusses FEMA policy/procedures and the typical contents of an IA file generally. The designated testimony is therefore neither confusing nor misleading. Additionally, as the preceding and succeeding pages of testimony demonstrate, Ms. Green was the designated records custodian for the exemplar IA file (Ex. No. 3).  Ms. Green is also the designated records custodian for plaintiff's IA file (*see* RBD's Trial Exhibit No. 85, Rec. Doc. 13274), as evidenced by her signature on the certification page (Bates No. FEMA 159-000094). Finally, RBD contends that it would be contrary to the Court's prior Order(s) to require that RBD depose every bellwether FEMA fact witness individually and would pose an undue burden on the parties.  Thus, RBD respectfully submits that plaintiff's objection should be overruled and the testimony admitted. |

| | |
|---|---|
| 98:20-99:18 "Irrelevant, Confusing, and Prejudicial." | In response to plaintiff's objections, RBD avers that the line of inquiry regarding FEMA's production of IA files to the Department of Justice and/or pursuant to other bellwether litigation is directly relevant to the facts at issue in this case as it elicits testimony that authenticates IA files that were produced by Ms. Green's office. Ms. Green testified that Ex. No. 3 (discussed *supra*) was produced in response to the aforementioned request(s). The designated testimony is therefore neither confusing nor misleading. Additionally, as the preceding and succeeding pages of testimony demonstrate, Ms. Green was the designated records custodian for the exemplar IA file (Ex. No. 3, discussed *supra*). Ms. Green is also the designated records custodian for plaintiff's IA file, as evidenced by her signature on the certification page (FEMA 159-000094). Finally, RBD contends that it would be contrary to the Court's prior Order(s) to require that RBD depose every bellwether FEMA fact witness individually and would pose an undue burden on the parties. . Thus, RBD respectfully submits that plaintiff's objection should be overruled and the testimony admitted. |
| 116:20-120:11 "Irrelevant, Confusing, Misleading." | In response to plaintiff's objections, RBD avers that the line of inquiry regarding FEMA policy/procedures for generating the "contact report" portion of a typical IA file is directly related to Ex. No. 7 (the "contact report" to the exemplar IA file, located within Ex. No. 3, discussed *supra*) and Ex. No. 8 (the "comments report" to the exemplar IA file, located within Ex. No. 3, discussed *supra*) and is therefore relevant because it elicits testimony that authenticates IA files that were produced by Ms. Green's office. Moreover, the designated testimony is neither confusing nor misleading because Ms. Green discusses FEMA policy/procedures and the typical contents of an IA file generally. As the preceding and succeeding pages of testimony demonstrate, Green was the designated records custodian for the exemplar IA file (Ex. No. 3, discussed *supra*). Ms. Green is also the designated records custodian for plaintiff's IA file, as evidenced by her signature on the certification page (FEMA 159-000094). RBD contends that it would be contrary to the Court's prior Order(s) to require that RBD depose every bellwether FEMA fact witness individually and would pose an undue burden on the parties. Thus, RBD respectfully submits that plaintiff's objection should be overruled and the testimony admitted. |
| 116:20-118:20 "Irrelevant, Confusing, Misleading." | Please see RBD's response to designation 116:20-120:11, *supra*. |

| 118:21-119:11 "Irrelevant, Confusing, Misleading." | Please see RBD's response to designation 116:20-120:11, *supra*. |
|---|---|
| 119:12-120:01 "Irrelevant, Confusing, Misleading." | Please see RBD's response to designation 116:20-120:11, *supra*. |
| 120:02-120:11 "Irrelevant, Confusing, Misleading." | Please see RBD's response to designation 116:20-120:11, *supra*. |
| 124:11-126:10 "Irrelevant, Confusing, and Misleading." | In response to plaintiff's objections, RBD avers that the line of inquiry regarding FEMA policy/procedures for the retention and organization of electronic document storage, is directly related to the issues at bar. Additionally, the designated testimony is relevant because it was elicited from Ms. Green in the context of Ex. No. 6 ("screen print shots" located within the exemplar IA file, Ex. No. 3, discussed *supra*). Moreover, the designated testimony is neither confusing nor misleading because Ms. Green discusses FEMA policy/procedures for the retention and organization of electronic document storage, and the typical contents of an IA file, in wholly general terms. Thus, RBD respectfully submits that plaintiff's objection should be overruled and the testimony admitted. |

## THANG HOANG, M.D.

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 15:1-6 "Leading." | Defendant withdrew designation. |
| 16:22-25 "Leading, No Foundation." | Defendant withdrew designation. |
| 17:1-4 "Leading, No Foundation." | Defendant withdrew designation. |

| 23:24-25 "Leading." | Defendant withdrew designation. |
|---|---|
| 24:1-4 "Leading." | Defendant withdrew designation. |
| 26:11-15 "No Foundation." | Defendant withdrew designation. |
| 35:3-7 "Leading." | Defendant withdrew designation. |

## MICHAEL LAPINSKI

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 59:12-60:11 "Repetitive, Cumulative, Constitutes Waste of Time." | Defendant withdrew designation. |
| 61:22-62:17 "Lack of Foundation, Calls for Speculation." | Plaintiff withdrew objection. |
| 72:17-73:6 "Non-Responsive. Lacks Foundation." | Plaintiff withdrew objection. |
| 87:15-88:12 "Lack of Foundation, Irrelevant, Speculation." | Defendant withdrew designation. |
| 177:1-177:3 "Unnecessary Because Lines Constitute Objection." | Parties agreed to withdraw designation. |

| 177:20-177:21 "Unnecessary Because Lines Constitute Objection." | Parties agreed to withdraw designation. |
|---|---|

## RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| 91:14-92:06 "Lack of Foundation, Calls for Speculation, Irrelevant." | In response to plaintiff's foundation objection, RBD avers that the designated testimony was elicited by plaintiff's counsel (Mr. Woods) in response to a specific portion of the Department of Homeland Security ("DHS") Inspector General's ("IG") Report on FEMA's response to formaldehyde complaints in emergency housing units ("EHU's"), which Mr. Woods recited to the witness.  Additionally, as the preceding pages of testimony demonstrate, there is a sufficient factual predicate upon which Mr. Lapinksi founded his statement.   Moreover, there is nothing speculative about Mr. Lapinksi's testimony.  The witness stated that he could not definitively speak to the specific focus of the Department of Homeland Security Inspector General's conclusion because the final version of the Report had just been released and he had not yet had the opportunity to thoroughly review it.  Finally, Mr. Lapinksi testified that he was interviewed as part of the process of developing the subject DHS IG Report–as such, the designated testimony is directly relevant to the issues at bar.  Thus, RBD respectfully submits that plaintiff's objection should be overruled and the testimony admitted. |

## STANLEY LARSON

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 72:22-73:02 "Lack of Foundation. Speculation, Limited Probative Value." | Defendant withdrew designation. |

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| 37:09-12 & 38:20-39:06 "Irrelevant, Misleading, Confusing, Prejudicial." | In response to plaintiff's objections, RBD avers that the line of inquiry regarding the 4-page excerpt from Ex. No. 4 (Bates Nos. FEMA 162-000016 through 916) is identical to the contents of RBD's Trial Exhibit No. 250.  Specifically, Exhibit No. 250 is a copy of a table utilized by FEMA employees (including Mr. Larson) in the normal course and scope of their employment duties for the purpose of tracking and coordinating the delivery of formaldehyde flyers to residents of emergency housing units (EHU's).  The designated testimony is therefore directly relevant to the facts at issue in this case. Moreover, Mr. Larson's testimony is neither confusing nor misleading because he discusses FEMA policy/procedures and the various categories of information within the table in wholly general terms.  RBD also contends that plaintiff is not unfairly prejudiced by this designation because it is identical to the contents of RBD's Trial Exhibit No. 250.  Finally, it would be contrary to the Court's prior Order(s) to require that RBD depose every bellwether witness individually.  Plaintiff's objections, therefore, should be overruled and the testimony admitted. |

## JOSEPH LITTLE

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|

| | |
|---|---|
| 109:15-111:24 "Prejudicial, Misleading, and Confusing." | In response to plaintiff's objections, RBD avers that the designated testimony is not unfairly prejudicial to plaintiff because it is directly related to Exhibit No. 8 (Health Consultation Formaldehyde Sampling at FEMA Temporary Housing Units Baton Rouge, Louisiana by Agency for Toxic Substances and Disease Registry, ATSDR FEMA-00001 to 00014), which was introduced and attached to the record.  Commander Little is a Registered Environmental Health Specialist and co-author of Exhibit No. 8.  As evidenced by the preceding and succeeding deposition pages, opposing counsel questioned Commander Little at length regarding the contents of the report and procedures utilized in generating it.  Finally, Commander Little's testimony clarifies paragraph 2 of Exhibit No. 8. (regarding the existence of formaldehyde in everyday household products), and is neither misleading nor confusing.  Plaintiff's objections, therefore, should be overruled and the testimony admitted. |
| 112:7-113:8 "Prejudicial, Misleading, and Confusing." | In response to plaintiff's objections, RBD avers that the designated testimony is not unfairly prejudicial to plaintiff because it directly relates to Paragraph 3 to Exhibit No. 8  (Health Consultation Formaldehyde Sampling at FEMA Temporary Housing Units Baton Rouge, Louisiana by Agency for Toxic Substances and Disease Registry, ATSDR FEMA-00001 to 00014), which was  introduced and attached to the record. Commander Little is a Registered Environmental Health Specialist and co-author of Exhibit No. 8.   As evidenced by the preceding and succeeding deposition pages, opposing counsel questioned Commander Little at length regarding the contents of the report and procedures utilized in generating it. Finally, Commander Little confirms and clarifies the contents of Paragraph 3 to Exhibit No. 8. (discussing the difference in indoor/outdoor air quality as it relates to formaldehyde levels), and is neither misleading nor confusing.  Plaintiff's objections, therefore, should be overruled and the testimony admitted. |

| | |
|---|---|
| 130:14-131:12 & 131:23-132:24 "Contains Colloquy of Counsel, Prejudicial, Misleading, and Confusing." | In response to plaintiff's objections, RBD avers that any "colloquy of counsel" is merely ancillary and precedes direct quotations from Paragraph 10 of Exhibit No. 2 (Declaration of Joseph Little).  Moreover, the designated testimony is not unfairly prejudicial to plaintiff because it directly relates to Paragraph 10 to Exhibit No. 2, which was introduced and attached to the record.   Paragraph 10 clarifies the scientific methodology used by Commander Little and his colleagues in choosing the parameters for the formaldehyde "level of concern" utilized in subject study.  Specifically, Commander Little's states the reasons for the exclusion of the ATSDR chronic MRL as a comparison point for a formaldehyde "level of concern."  As evidenced by the preceding and succeeding deposition pages, opposing counsel questioned Commander Little at length regarding the contents of the report and procedures utilized in generating it.  Finally, the testimony is neither misleading nor confusing, as the witness verifies certain components of his Declaration and confirms that his opinion(s) have not changed.  Plaintiff's objections, therefore, should be overruled and the testimony admitted. |

**BRIAN McCREARY**

Plaintiff has no objections to RBD's designations.

**MARTIN McNEESE**

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 22:3-8 "Irrelevant, Misleading, Confusing, and Prejudicial." | Defendant withdrew designation. |
| 96:13 "Unnecessary Because Lines Constitute Objection." | Defendant withdrew designation. |

**TRAVIS MORRIS**

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 15:16 - 16:2 | Plaintiff withdrew objection. |
| All designations from pp. 18 - 29 | Defendant withdrew designations. |

**JOHN OSTERAAS**

RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 13:05-16 | Plaintiff withdrew objection. |
| 24:18-24 | Defendant withdrew designation. |
| 34:10-19 | Defendant withdrew designation. |

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| 93:04-09; "Lack of foundation and lack of expertise." | RBD submits that a proper foundation and showing of expertise is laid. Mr. Osteraas is an expert civil/structural engineer who inspected the trailer and examined the interior and exterior of the trailer.  He is most certainly qualified to testify as to whether he observed any evidence of significant water intrusion in the interior and/or exterior of the trailer. Further, he is qualified to testify as to whether he would have expected to see any evidence of water intrusion had there been significant water intrusion in the Castanel travel trailer. |

## MARK POLK

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 34:5-16 | Defendant withdrew designation.  As a result, plaintiff withdrew her counter-designation of 34:16-25. |
| 52:20 - 53:15, 53:18-25, 54:01-06 | Defendant withdrew designation as moot in light of the Court's ruling regarding building codes. |

## KEVIN SOUZA

### RESOLVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RESOLUTION |
|---|---|
| 28:18 | Defendant withdrew designation. |
| 32:09-18 | Plaintiff withdrew objection. |
| 33:2-3; 7-8; 10-11; 14-16; 18-22 & 34:15-17 | Defendant withdrew designation. |
| 34:18-35:1 | Plaintiff withdrew objection. |
| 136:03 | Defendant withdrew designation. |
| 143:04-143:06 | Defendant withdrew designation up to the word "[y]ou." |

### RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|

| 31:20-32:03 "Irrelevant, Confusing, Misleading, Prejudicial, Lack of Foundation." | In response to plaintiff's objections, RBD avers that the line of inquiry regarding Mr. Souza's understanding of RV industry standards is directly relevant to the issues at bar. FEMA ordered the RBD-manufactured units from Morgan, and the contract between FEMA and Morgan required that those units meet industry standards. Thus, Souza's statements as to the procurement of those units is directly relevant to the issues at bar. Defendant also contends that plaintiff will not be unfairly prejudiced by Mr. Souza's testimony because he was questioned at length by opposing counsel on this subject matter. Moreover, as the preceding and succeeding pages of testimony demonstrate, there is sufficient factual predicate upon which Mr. Souza founded his statements. He was the FEMA Supervisory Program Manager for the Individual Assistance Program Management Branch from September of 2005 to November of 2007, and has over 16 years of experience working for FEMA. Mr. Souza was directly responsible for the procurement of the RBD-manufactured units, and his testimony is based on his involvement and experience. Finally, Mr. Souza's testimony is neither confusing nor misleading because he discusses his understanding of industry standards and trailer installation/maintenance in wholly general terms. Accordingly, RBD contends that plaintiff's objections should be overruled and the testimony admitted. |
|---|---|

### ROBERT WOZNIAK

RESERVED OBJECTIONS

| PLAINTIFF'S OBJECTION | RBD'S RESPONSE TO PLAINTIFF'S OBJECTION |
|---|---|
| 52:18-21, 53:04; "Leading question asked by counsel. Lack of foundation. Irrelevant." | This is a proper question. Mr. Wozniak is an expert and sophisticated witness whose testimony should not be excluded on leading grounds. RBD refers the Court to Mr. Wozniak's testimony at 48:20-23, wherein he effectively testifies to the information plaintiff suggests is leading. With respect to the lack of foundation objection, RBD submits that a foundation is clearly laid which establishes Mr. Wozniak as an expert with respect to the construction of travel trailers and their compliance with applicable codes and regulations. As a proper foundation has been laid and Mr. Wozniak is qualified as an expert with respect to the subject matter of his testimony, the designated testimony is most certainly relevant to the present matter. |

Respectfully submitted,


*/s/ Randall C. Mulcahy*

LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for defendant,*
*Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com


## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.


*/s/ Randall C. Mulcahy*

RANDALL C. MULCAHY, Bar No. 26436