UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

**************************************************************************

RECREATION BY DESIGN, LLC'S OBJECTIONS
TO PLAINTIFF'S DEPOSITION DESIGNATIONS

**NOW INTO COURT**, through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), who submits the following objections to plaintiff's deposition designations:

GUY BONOMO

RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|
| 16:16-17:20 | Foundation/Relevance. The witness was asked to state the purpose behind the formaldehyde flyer distribution program institute by the FEMA Office of General Counsel. The witness admitted on the record that he had no direct knowledge regarding the purpose of the flyer, and testified that his response was an assumption. Thus, the designated testimony consists of speculation premised on assumptions and should be excluded. The designated testimony should also be excluded under Rules 402 and 403. |

## ALAN BOWERS, M.D.

RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|
| 79:9 - 79:11, 79:15 | RBD objects on the grounds of lack of foundation and outside the scope of the witness' expertise. No foundation has been laid to show that Dr. Bowers can competently testify as to whether formaldehyde is carcinogenic. Dr. Bowers is board certified in internal medicine. He is neither a toxicologist nor a pharmacologist, and he previously testified that he is not familiar with and is not an expert as to the health effects associated with exposure to formaldehyde. |

## BRIAN BOYLE

RBD has no objections to plaintiff's designations.

## GEOFFREY COMPEAU

RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|
| 106:18-107:01 (Castanel) | Objection–calls for speculation re: calls on complaints. |

## GEORGE CORNISH

RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 41:3-5 | Plaintiff withdrew designation. |

RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|

| 45:11-25 | RBD objects to the relevance of the designated testimony. The questions and responses relate to Mr. Cornish's recollection of news stories regarding formaldehyde in travel trailers after the construction/shipment of the Castanel unit. Mr. Cornish's recollection of news stories regarding formaldehyde after the fact bear no relevance to the issues at hand. |
|---|---|
| 47:2-25 | RBD objects to the relevance of the designated testimony. The questions and responses relate to Mr. Cornish's recollection of news stories regarding formaldehyde in travel trailers after the construction/shipment of the Castanel unit and any actions taken in response to such news stories. Mr. Cornish's recollection of news stories regarding formaldehyde after the fact bear no relevance to the issues at hand. |
| 51:4-21 | RBD objects to the designated testimony as duplicative. It is anticipated that plaintiff intends to question Randall Rush of RBD regarding low formaldehyde emitting ("LFE") materials via live testimony at the trial of this matter. Any questions to Mr. Cornish regarding LFE materials would, therefore, be duplicative. |

## CHRISTOPHER DeROSA

### RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 35:06-14 | Defendant withdrew objection. |
| 256:01-20 | Plaintiff withdrew designation. |
| 258:20 | RBD withdraws/strikes its own designation, as it was designated in error. |
| 267:17 | RBD withdraws/strikes its own designation, as it was designated in error. |

## DAVID GARRATT

### RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 36:17-37:05 | Plaintiff withdrew designation. |

| | |
|---|---|
| 71:08 | Plaintiff withdrew designation. |
| 81:02-22 | Plaintiff withdrew designation. |
| 82:1-17 | Plaintiff withdrew designation. |
| 158:05-159:18 | Plaintiff withdrew designation. |

RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|
| 50:21-22; 51:1-12; 52:22-54:05 | Relevance. The witness' testimony regarding FEMA's media coverage after the date that the subject unit was manufactured is not related to plaintiff's claim and is therefore irrelevant. (*See also* Rec. Doc. 12826, in which the Court previously sustained a similar objection to almost the same designation(s) in the *Wright* matter.) |
| 72:2-5; 72:11-13 | Relevance/Remedial Measures/Prejudicial. The witness' testimony regarding FEMA's subsequent remedial measures for travel trailer standards and procurement are not related to plaintiff's claim and are therefore irrelevant. (*See also* Rec. Doc. 12826, in which the Court previously sustained a similar objection to almost the same designation(s) in the *Wright* matter.) |
| 77:05-79:19 | Relevance/Remedial Measures/Prejudicial. The witness' testimony regarding FEMA's subsequent remedial measures for travel trailer standards and procurement are not related to plaintiff's claim and are therefore irrelevant. (*See also* Rec. Doc. 12826, in which the Court previously sustained a similar objection to almost the same designation(s) in the *Wright* matter.) |
| 153:17-157:08 | Relevance/Remedial Measures/Prejudicial. The witness' testimony regarding FEMA's subsequent remedial measures for travel trailer standards and procurement are not related to plaintiff's claim and are therefore irrelevant. (*See also* Rec. Doc. 12826, in which the Court previously sustained a similar objection to almost the same designation(s) in the *Wright* matter.) |
| 198:18-199:14 | Relevance/Remedial Measures. The witness' testimony regarding FEMA's subsequent remedial measures for travel trailer standards and procurement are not related to plaintiff's claim and are therefore irrelevant. (*See also* Rec. Doc. 12826, in which the Court previously sustained a similar objection to almost the same designation(s) in the *Wright* matter.) |

| 200:14-202:22 | Relevance/Remedial Measures. The witness' testimony regarding FEMA's subsequent remedial measures for travel trailer standards and procurement are not related to plaintiff's claim and are therefore irrelevant. (*See also* Rec. Doc. 12826, in which the Court previously sustained a similar objection to almost the same designation(s) in the *Wright* matter.) |
|---|---|
| 238:18-239:15 | Hearsay/Speculative/Lacks Foundation. The Court previously sustained a similar objection to almost the same designation(s) in the Wright matter (*see* Rec. Doc. 12826). |

## MICHAEL GAUME

RESERVED OBJECTIONS

| **RBD'S OBJECTION** | **GROUNDS FOR OBJECTION** |
|---|---|
| 17:16-18 | The designated testimony regarding the compensation earned by Mr. Gaume at RBD is wholly irrelevant to the issues at hand. Mr. Gaume is not on trial, and the amounts he was paid by RBD bear no relevance to this matter. Further, despite the irrelevance of the testimony, the introduction of such testimony regarding Mr. Gaume's compensation is highly prejudicial to RBD. |
| 34:3-12 | RBD objects to the designated testimony as duplicative. It is anticipated that plaintiff intends to question Randall Rush of RBD regarding low formaldehyde emitting ("LFE") materials via live testimony at the trial of this matter. Any questions to Mr. Gaume regarding LFE materials would, therefore, be duplicative. |
| 37:2-10 | The designated testimony regarding other companies' use and/or non-use of LFE materials is wholly irrelevant to the issues at hand, namely the RBD travel trailer in question. Whether other companies used LFE materials and Mr. Gaume's knowledge of same bear no relevance to this matter. In addition, the designated testimony is highly prejudicial to RBD insofar as it could potentially mislead the jury as to Mr. Gaume's and/or RBD's knowledge regarding industry standards. RBD further objects to the designated testimony as duplicative. It is anticipated that plaintiff intends to question Randall Rush of RBD regarding low formaldehyde emitting ("LFE") materials via live testimony at the trial of this matter. Any questions to Mr. Cornish regarding LFE materials would, therefore, be duplicative. |

5

## BELLANCE "FAYE" GREEN

RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 60:18-62:02 | Plaintiff withdrew designation. |

## THANG HOANG, M.D.

RBD has no objections to plaintiff's designations.

## MICHAEL LAPINSKI

RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 60:12-61:13 | Defendant withdrew objection. |
| 72:03-72:16 | Defendant withdrew objection. |
| 88:13-18, 89:10-91:02 | Parties withdrew designation(s). |
| 96:04-97:17 | Plaintiff withdrew designation. |
| 132:05-133:22 | Plaintiff withdrew designation for 133:6-22, but maintains designation for 132:05-133:05 (*see infra*). |

RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|

| 92:16-93:18 | Foundation. The witness was asked to verify the accuracy of a report for which he has no direct knowledge. Moreover, the line of questioning calls for expert testimony regarding the effect of weather conditions upon formaldehyde off-gassing. Although the witness plainly stated on the record that he is not an expert on that topic, he speculates that there is no clear indication that the month of the year is a major contributing factor to the off-gassing of formaldehyde. The witness lacks the requisite qualifications to testify on this subject matter and plaintiff failed to demonstrate a sufficient factual predicate to establish the witness' knowledge of this topic. Thus, the designated testimony should be excluded as speculative and premised upon assumptions. |
|---|---|
| 99:16-101:10 | Foundation/Relevancy. The witness was asked to discuss the "scientific basis" for selecting a .75 exposure limitation, which calls for expert testimony. As discussed *supra*, the witness is not an expert on formaldehyde exposure, and he readily admitted that he had no scientific basis for the selection of the exposure limitation. The designated testimony, therefore, is speculative and should be excluded. Additionally, th |
| 132:05-133:22 | Foundation/Hearsay/Relevancy. This line of questioning pertains to Recreational Vehicle ("RV") industry standards, a topic that is far outside the scope of the witness' training or experience. Thus, the designated testimony should be excluded because plaintiff failed to demonstrate a sufficient factual predicate to establish the witness' knowledge of this topic. The witness is not employed in the RV industry and admittedly based his testimony on "anecdotal" information and hearsay statements–as such, his testimony is speculative and should be excluded. Specifically, the witness relied on conversations with his neighbor as the basis of his testimony that the RV industry and/or their consumers have been aware of formaldehyde in travel trailers "for years." He relays the substance of these outside conversations on the record as support for his testimony, which is the very definition of hearsay. |

## STANLEY LARSON

RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 22:23-23:25 (???) | Plaintiff withdrew designation. |

7

| | |
|---|---|
| 30:15-21 | Defendant withdrew objection. |

## JOSEPH LITTLE

RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 69:09-73:15 | Plaintiff withdrew designation for 69:09-71:71, but reserved designation for 71:8-12 & 72:14-73:15 (*see infra*). |
| 97:13-21 & 98:8 | Defendant withdrew objection. |

RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|
| 71:8-12 | References to Political Proceedings/Prejudicial/Relevance. Per the Court's prior Orders (Rec. Docs. 3029 and 13816), references to political proceedings will not be permitted. As the preceding and succeeding pages of testimony demonstrate, plaintiff's line of questioning is predicated upon Exhibit No. 7 (a Memorandum from the U.S. House of Representatives Committee on Science and Technology, dated Septmber 22, 2008). The designated testimony is responsive to a question by plaintiff's counsel regarding page 2 of Exhibit No. 7, and should therefore be excluded pursuant to the Court's previous rulings. The testimony should also be excluded because it is taken out of context and would unfairly prejudice the defendant. |
| 72:14-73:15 | Please see defendant's objections to 71:8-12, *supra*. |

## BRIAN McCREARY

RBD has no objections to plaintiff's designations.

## MARTIN McNEESE

RBD has no objections to plaintiff's designations.

## TRAVIS MORRIS

RESOLVED OBJECTIONS

8

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 10:13-19 | Defendant withdrew objection. |
| 45:21 - 46:10 | Plaintiff withdrew designation. |

### JOHN OSTERAAS

#### RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|
| 60:01-05, 62:17-21 | RBD objects to the designated testimony on the grounds that it was asked and answered on numerous occasions by the plaintiff. RBD refers the Court to pp. 52:5-11, 58:12-24, 59:20-25. Mr. Osteraas repeatedly states that he could not view under the surface of the Castanel trailer, as destructive testing was no allowed. |

### MARK POLK

#### RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 21:5-13 | Plaintiff withdrew designation. |
| 21:14 - 22:24 | Defendant withdrew objection. |
| 22:25 - 23:22 | Plaintiff withdrew designation. |
| 32:10 - 33:08, 33:10-21 | Defendant withdrew objection. |

#### RESERVED OBJECTIONS

| RBD'S OBJECTION | GROUNDS FOR OBJECTION |
|---|---|

9

| | |
|---|---|
| 25:24 - 29:04 | At the outset, RBD notes an objection to Mr. Polk's testimony in its entirety. As set forth in RBD's Memorandum in Opposition to Plaintiff's Request to Add One Additional Witness (Rec. Doc. No. 13570), Mr. Polk has not been designated as an expert and/or fact witness in the present matter, and, as a result, his testimony should be excluded in its entirety.<br><br>In the event that Mr. Polk's testimony is not excluded in its entirety, RBD submits the following objection to the designated testimony. The designated testimony refers to a report prepared by Mr. Polk in connection with his work in the Wright matter, which involved a Forest River travel trailer. Mr. Polk did not inspect and/or issue a report with respect to the Castanel unit. As such, any reference and/or testimony with respect to his prior report, which concerned a different trailer than the one at issue here, is wholly irrelevant. |

## KEVIN SOUZA

### RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 29:05-14 & 30:6 | Defendant withdrew objection. |

## ROBERT WOZNIAK

### RESOLVED OBJECTIONS

| RBD'S OBJECTION | RESOLUTION |
|---|---|
| 6:18 - 7:06 | Plaintiff withdrew designation. |
| 27:18 - 28:5 | Plaintiff withdrew designation. |
| 31:12-18 | Plaintiff withdrew designation. |
| 33:15 - 35:20 | Plaintiff withdrew designation. |
| 41:20-23 | Plaintiff withdrew designation. |
| 41:24 - 42:12 | Plaintiff withdrew designation. |

### RESERVED OBJECTIONS

| **RBD'S OBJECTION** | **GROUNDS FOR OBJECTION** |
|---|---|
| 28:13-18 | RBD objects to the designated testimony as duplicative. It is anticipated that plaintiff intends to question Randall Rush of RBD regarding low formaldehyde emitting ("LFE") materials via live testimony at the trial of this matter. Any questions to Mr. Wozniak regarding LFE materials would, therefore, be duplicative. Additionally, the designated testimony is highly prejudicial in light of Mr. Wozniak's ultimate conclusion that the Castanel travel trailer was built in compliance with all applicable codes, regulations, and standards. |
| 28:19-21, 29:01 | RBD objects to the designated testimony as irrelevant, prejudicial, and outside the scope of Mr. Wozniak's report. Fleetwood's internal corporate policy regarding LFE materials bears no relevance whatsoever to the construction of the RBD unit at issue and its compliance with applicable codes, regulations, and industry standards. Furthermore, the designated testimony is highly prejudicial insofar as it may mislead the jury to believe that Fleetwood's internal corporate policy is in line with the applicable codes, regulations, and industry standards in place at the time the Castanel unit was manufactured. The evidence reveals that such is not the case, and, as a result, the designated testimony is highly prejudicial. Finally, the designated testimony is outside the scope of Mr. Wozniak's report, as he was retained as an expert to provide opinion as to the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards. For a further discussion of these objections, RBD refers the Court to its Motion for Leave to File Motion *in Limine* to Prevent and/or Exclude Testimony Regarding Fleetwood (Rec. Doc. 13951) and attachments thereto. |

| | |
|---|---|
| 30:13-22 | RBD objects to the designated testimony as irrelevant, prejudicial, and outside the scope of Mr. Wozniak's report. Fleetwood's internal corporate policy regarding LFE materials bears no relevance whatsoever to the construction of the RBD unit at issue and its compliance with applicable codes, regulations, and industry standards. Furthermore, the designated testimony is highly prejudicial insofar as it may mislead the jury to believe that Fleetwood's internal corporate policy is in line with the applicable codes, regulations, and industry standards in place at the time the Castanel unit was manufactured. The evidence reveals that such is not the case, and, as a result, the designated testimony is highly prejudicial. Finally, the designated testimony is outside the scope of Mr. Wozniak's report, as he was retained as an expert to provide opinion as to the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards. For a further discussion of these objections, RBD refers the Court to its Motion for Leave to File Motion *in Limine* to Prevent and/or Exclude Testimony Regarding Fleetwood (Rec. Doc. 13951) and attachments thereto. |
| 31:3-7 | RBD objects to the designated testimony as duplicative. It is anticipated that plaintiff intends to question Randall Rush of RBD regarding low formaldehyde emitting ("LFE") materials via live testimony at the trial of this matter. Any questions to Mr. Wozniak regarding LFE materials would, therefore, be duplicative. Additionally, the designated testimony is highly prejudicial in light of Mr. Wozniak's ultimate conclusion that the Castanel travel trailer was built in compliance with all applicable codes, regulations, and standards. |
| 32:19 - 33:06 | RBD objects to the designated testimony as duplicative and irrelevant. It is anticipated that plaintiff has designated testimony from warnings experts regarding formaldehyde warnings. Any questions to Mr. Wozniak regarding warnings would, therefore, be duplicative. Additionally, RBD refers the Court to the Pre-Trial Order's uncontested facts stating that the RBD travel trailer in question had no warnings regarding formaldehyde in the unit itself or in the owner's manual. |

| | |
|---|---|
| 33:07-14, 35:21 - 36:06 | RBD objects to the designated testimony as irrelevant, prejudicial, and outside the scope of Mr. Wozniak's report.  Fleetwood's owner's manual and any warnings contained therein bear no relevance whatsoever to the construction of the RBD unit at issue, its compliance with applicable codes, regulations, and industry standards, and the RBD owner's manual. Furthermore, the designated testimony is highly prejudicial insofar as it may mislead the jury to believe that Fleetwood's internal corporate policy and the warnings contained within its owner's manual are in line with the applicable codes, regulations, and industry standards in place at the time the Castanel unit was manufactured.  The evidence reveals that such is not the case, and, as a result, the designated testimony is highly prejudicial.  Finally, the designated testimony is outside the scope of Mr. Wozniak's report, as he was retained as an expert to provide opinion as to the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards.  For a further discussion of these objections, RBD refers the Court to its Motion for Leave to File Motion *in Limine* to Prevent and/or Exclude Testimony Regarding Fleetwood (Rec. Doc. 13951) and attachments thereto. |
| 36:07 - 37:06 | RBD objects to this designation as irrelevant, outside the scope of Mr. Wozniak's expert report, and duplicative.  Mr. Wozniak's understanding of off-gassing is not relevant to this matter and/or the opinions expressed by him regarding the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards.  As Mr. Wozniak is not a wood products expert and he did not provide an opinion as to wood products and/or off-gassing, the designated testimony is outside the scope of his expert report.  Finally, the designated testimony is duplicative, as it is anticipated that plaintiff intends to elicit testimony regarding off-gassing from wood products experts. |

| 42:13 - 43:12 | RBD objects to the designated testimony as irrelevant, prejudicial, and outside the scope of Mr. Wozniak's report. Fleetwood's internal corporate policy regarding LFE materials bears no relevance whatsoever to the construction of the RBD unit at issue and its compliance with applicable codes, regulations, and industry standards. Furthermore, the designated testimony is highly prejudicial insofar as it may mislead the jury to believe that Fleetwood's internal corporate policy is in line with the applicable codes, regulations, and industry standards in place at the time the Castanel unit was manufactured. The evidence reveals that such is not the case, and, as a result, the designated testimony is highly prejudicial. Finally, the designated testimony is outside the scope of Mr. Wozniak's report, as he was retained as an expert to provide opinion as to the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards. For a further discussion of these objections, RBD refers the Court to its Motion for Leave to File Motion *in Limine* to Prevent and/or Exclude Testimony Regarding Fleetwood (Rec. Doc. 13951) and attachments thereto. |
|---|---|
| 43:13 - 44:18 | RBD objects to this designation as irrelevant, outside the scope of Mr. Wozniak's expert report, and duplicative. Mr. Wozniak's understanding of off-gassing and the formaldehyde content of wood products is not relevant to this matter and/or the opinions expressed by him regarding the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards. As Mr. Wozniak is not a wood products expert and he did not provide an opinion as to wood products and/or off-gassing, the designated testimony is outside the scope of his expert report. Finally, the designated testimony is duplicative, as it is anticipated that plaintiff intends to elicit testimony regarding off-gassing and the formaldehyde content of wood products from wood products experts. |
| 45:8-11 | RBD objects to this designation as irrelevant, outside the scope of Mr. Wozniak's expert report, and duplicative. Mr. Wozniak's understanding of off-gassing and the formaldehyde content of wood products is not relevant to this matter and/or the opinions expressed by him regarding the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards. As Mr. Wozniak is not a wood products expert and he did not provide an opinion as to wood products and/or off-gassing, the designated testimony is outside the scope of his expert report. Finally, the designated testimony is duplicative, as it is anticipated that plaintiff intends to elicit testimony regarding off-gassing and the formaldehyde content of wood products from wood products experts. |

| 47:03 - 48:02 | In the event the Court sustains RBD's above noted objections with respect to references to Fleetwood's internal corporate policies and/or grants RBD's Motion *in Limine* to Prevent and/or Exclude Testimony Regarding Fleetwood, RBD objects to and moves to strike this testimony, which was designated by RBD solely in response to plaintiff's designations. |
|---|---|
| 48:3-12 | RBD objects to the designated testimony as irrelevant, prejudicial, and outside the scope of Mr. Wozniak's report. Fleetwood's internal corporate policy regarding LFE materials bears no relevance whatsoever to the construction of the RBD unit at issue and its compliance with applicable codes, regulations, and industry standards. Furthermore, the designated testimony is highly prejudicial insofar as it may mislead the jury to believe that Fleetwood's internal corporate policy is in line with the applicable codes, regulations, and industry standards in place at the time the Castanel unit was manufactured. The evidence reveals that such is not the case, and, as a result, the designated testimony is highly prejudicial. Finally, the designated testimony is outside the scope of Mr. Wozniak's report, as he was retained as an expert to provide opinion as to the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards. For a further discussion of these objections, RBD refers the Court to its Motion for Leave to File Motion *in Limine* to Prevent and/or Exclude Testimony Regarding Fleetwood (Rec. Doc. 13951) and attachments thereto. |
| 52:8-11 | In the event the Court sustains RBD's above noted objections with respect to references to off-gassing, RBD objects to and moves to strike this testimony, which was designated by RBD solely in response to plaintiff's designations. |
| 52:12-17 | RBD objects to this designation as irrelevant and outside the scope of Mr. Wozniak's expert report. Mr. Wozniak's understanding of off-gassing and the formaldehyde content of wood products is not relevant to this matter and/or the opinions expressed by him regarding the Castanel unit's construction and compliance with applicable codes, regulations, and industry standards. As Mr. Wozniak is not a wood products expert and he did not provide an opinion as to wood products and/or off-gassing, the designated testimony is outside the scope of his expert report. |

15

Respectfully submitted,

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for defendant,*
*Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, Bar No. 26436