UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
       FORMALDEHYDE PRODUCTS  
       LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N"  (5)

THIS DOCUMENT RELATES TO  
Member case No. 09-3251

## **ORDER AND REASONS**

Before the Court is Recreation By Design, LLC's Motion in Limine to Exclude the Testimony of Plaintiff's Expert, Patricia Williams, Ph.D. (Rec. Doc. No. 13300).  This motion is opposed by Plaintiff Earline Castanel. (See Rec. Doc. 13608).  Before reaching the specifics of this motion, the Court finds it appropriate to note that Dr. Williams testified in the first two bellwether trials in this multi-district litigation, *Alexander v. Gulf Stream, et al*, No. 09-2892, *Wright v. Forest River*, et al., 07-9228.   To the extent that any issues in the instant motion are identical to those previously argued, the Court's previous Orders (including the Order and Reasons at Rec. Doc. 8053 and 12723) control.  To the extent that this motion raises new issues, the Court rules as follows:

First, in her opposition, Plaintiff stipulates that the following topics/opinions will not be discussed at trial: asthma; eczema; vascular tissue death; and mold/fungi. Thus, to the extent

1

that the instant motion addresses these topics, the motion of Recreation By Design, LLC ("RBD") is denied as moot.

Next, the Court finds that RBD's argument that Dr. Williams' report should be excluded because she is/was unaware of specific information relating to Plaintiff to be without merit. Dr. Williams, Plaintiff's toxicology expert, does not offer *specific* causation opinions. Instead, Dr. Williams offers *general* opinions as to the causative effects of formaldehyde. The Court agrees with Plaintiff that such offering of general causation opinions does not require Dr. Williams to have specific information relative to a particular individual.

Also, RBD refers to Dr. Williams' report as a "sham" because it includes sections found in previous bellwether reports. Indeed, Dr. Williams is not required to reinvent the wheel for this particular bellwether trial - especially because she is, as in the two prior trials, providing an opinion as to the general causative effects of formaldehyde.  Further, because she opines as to the general causative effects of formaldehyde, her report includes opinions regarding potential injuries caused by formaldehyde - not all of which are/were allegedly suffered by Plaintiff. (Plaintiff has stipulated that a number of these topics/opinions will not be discussed at trial, see *supra).*

With respect to the topic of children mentioned in Dr. Williams' report, while Plaintiff is an elderly woman, she is considered by Dr. Williams as a member of a "high risk" formaldehyde exposure group, which includes both children and the elderly.  While the Court recognizes that age-dependent studies often analyze both groups concurrently, the Court grants this motion to the extent that Dr. Williams will be expected to tailor her testimony to the relevant age group (i.e., the elderly)

applicable to this case. The potential harm to children of such exposure is not relevant in this case.

Last, with respect to Dr. Williams' testimony regarding acute symptoms, there exists a question of fact as to the levels of formaldehyde existing in the trailer at the time of Plaintiff's residence therein. Accordingly, whether Plaintiff was subjected to acute levels of formaldehyde in her trailer is yet to be determined; however, general testimony regarding the effects of any such acute exposure is admissible. Similarly, as for Dr. Williams' testimony regarding nosebleeds, Dr. Williams, as a general causation expert, explains that epistaxis has been referred to as a primary symptom of formaldehyde exposure in addition to headaches, burning of the eyes, sneezing, etc. Even though Plaintiff does not recall suffering from nosebleeds (and that information may be elicited), Dr. Williams may discuss symptoms typically associated to particular levels of formaldehyde. Indeed, if such symptoms are not evidenced by this plaintiff, RBD is free to argue as much to the jury.

Considering the foregoing, **IT IS ORDERED** that **Recreation By Design, LLC's Motion in Limine to Exclude the Testimony of Plaintiff's Expert, Patricia William, Ph.D. (Rec. Doc. No. 13300)** is **GRANTED IN PART AND DENIED IN PART**, as expressed herein.

New Orleans, Louisiana, this 7th day of May, 2010.

**KURT D. ENGELHARDT**
**United States District Judge**

3