UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                 MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251

## ORDER AND REASONS

Before the Court is (1) the Motion for Partial Summary Judgment as to Surgery-Related Claims (Rec. Doc. 13233)[1]; and (2) the Motion in Limine to Exclude Evidence and/or Testimony Regarding Surgery-Related Claims (Rec. Doc. 13314), filed by RBD. Both motions are opposed by Plaintiff Earline Castanel. (See Rec. Docs. 13324 and 13601). After considering the memoranda of the parties and the applicable law,

**IT IS ORDERED** that (1) the **Motion for Partial Summary Judgment as to Surgery-Related Claims (Rec. Doc. 13233)**; and (2) the **Motion in Limine to Exclude Evidence and/or Testimony Regarding Surgery-Related Claims (Rec. Doc. 13314)** are **DENIED**. Specifically, the Court finds RBD's argument that there exists no factual dispute as to the lack of a causal relationship between Plaintiff's nasal surgery and her FEMA travel trailer, to be without merit. Plaintiff has produced the expert medical opinion of Lawrence G. Miller, who states that, "within a reasonable degree of medical probability, the exposure to formaldehyde emissions during Ms. Castanel's residence in the FEMA trailer significantly exacerbated Ms. Castanel's

---

[1] While this motion was filed by both Defendants, Recreation By Design, LLC "RBD") and Shaw Environmental, Inc. ("Shaw"), Shaw is no longer a defendant in this suit. (See Rec. Doc. 13286). Thus, the Court will entertain this motion as if it had been filed only by RBD.

rhinosinusitis." (Exhibit B to Rec. Doc. 13324, p. 6). The Court further notes that Dr. Joseph Gautreaux, Plaintiff's treating physician, was deposed on January 20, 2010. During that deposition, Dr. Gautreaux noted that Plaintiff exhibited "some progression in the disease (rhinosinusitis)," and discussed the possibility that she might require surgery. (See Exhibit B to Rec. Doc. 13601, pp. 63, 75-76). It is undisputed that Plaintiff's surgery was performed as a treatment for her sinusitis. See Exhibit D to Rec. Doc. 13601, p.1). On the showing made, the Court concludes that a causal relationship between Plaintiff's nasal surgery and her FEMA travel trailer, though quite disputed, could be said to exist, based on the above-mentioned testimony and exhibits.

RBD can, of course, vigorously cross-examine these medical experts and put on evidence to refute this. Indeed, RBD's own IME expert witness, Dr. H. James Wedner, has already "unequivocally testified that there is no connection between Castanel's 2010 nasal procedure and her alleged exposure to formaldehyde while residing in her FEMA trailer. . . " (Rec. Doc. 13233-1, p. 10).

New Orleans, Louisiana, this 7th day of May, 2010

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**