UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Castanel, et al v. Recreation by Design*, et al, | | * | |
| Docket No. 09-3251; | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JURY INSTRUCTIONS

MEMBERS OF THE JURY:

YOU HAVE HEARD THE EVIDENCE IN THIS CASE.  I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY.  IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES.  I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY.  IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION.  IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.  IT IS YOUR DUTY TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU.  YOU MUST APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.  YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

## STIPULATIONS OF FACT

THE PARTIES HAVE AGREED, OR STIPULATED TO THE FOLLOWING:

1.

THIS MEANS THAT ALL PARTIES AGREE THAT THESE ARE FACTS.  YOU MUST THEREFORE TREAT THESE FACTS AS HAVING BEEN PROVED.

## PUBLICITY DURING TRIAL

IF THERE IS PUBLICITY OR OTHER DISCUSSION ABOUT THIS TRIAL OUTSIDE THIS COURTROOM, YOU MUST IGNORE IT.  YOU MUST DECIDE THIS CASE ONLY FROM THE EVIDENCE PRESENTED IN THE TRIAL.

## DEMONSTRATIVE EVIDENCE

A DEMONSTRATIVE EXHIBIT IS AN ILLUSTRATION.  IT IS A PARTY'S SUMMARY, CHARGE, PICTURE, VIDEO OR VIDEO GRAPHIC, OR MODEL USED TO DESCRIBE SOMETHING INVOLVED IN THIS TRIAL.  IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM THE EXHIBIT, RELY ON YOUR RECOLLECTION.

## OBJECTIONS

DURING THE COURSE OF THE TRIAL, YOU HAVE HEARD OBJECTIONS TO EVIDENCE.  SOMETIMES THESE WERE ARGUED OUT OF THE HEARING OF THE JURY. IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE.  YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR THE LAWYER'S CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON   ALLOWING   TESTIMONY   OR   OTHER   EVIDENCE   TO   BE

INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.  AS STATED BEFORE, YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION.

## QUESTIONS/STATEMENTS BY THE COURT

DURING THE COURSE OF THE TRIAL, I MAY HAVE OCCASIONALLY ASKED A QUESTION OF A WITNESS OR ADMONISHED AN ATTORNEY OR WITNESS.  DO NOT ASSUME THAT I HOLD ANY OPINION ON THE MATTERS TO WHICH MY QUESTION OR QUESTIONS MAY HAVE RELATED.  IF YOU COULD POSSIBLY CONSTRUE ANY REMARKS I HAVE MADE DURING THE COURSE OF THE TRIAL AS A COMMENT ON EVIDENCE, THEN I INSTRUCT YOU TO DISREGARD ANY SUCH COMMENT, FOR YOU, AS JURORS, ARE THE SOLE JUDGES OF THE FACTS IN THIS CASE.

ALSO, AT TIMES DURING THE TRIAL, I HAVE DIRECTED THAT CERTAIN TESTIMONY OR OTHER EVIDENCE BE STRICKEN FROM THE RECORD AND HAVE INSTRUCTED YOU TO DISREGARD THE EVIDENCE.  YOU WILL NOT CONSIDER TESTIMONY THAT HAS BEEN STRICKEN, AND AS TO WHICH YOU HAVE BEEN SO INSTRUCTED, IN REACHING YOUR DECISION.  YOUR VERDICT MUST BE BASED SOLELY ON LEGALLY ADMISSIBLE EVIDENCE AND

TESTIMONY.

## USE OF NOTES TAKEN BY JURORS

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY.  IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  THE NOTES ARE NOT EVIDENCE.  IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID [OR DID] SOMETHING, [OR FAILED TO SAY OR DO SOMETHING] THAT WAS DIFFERENT FROM THE TESTIMONY SHE GAVE AT THE TRIAL.

## EXPERT WITNESSES

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO AHS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD —HE IS CALLED AN EXPERT WITNESS—IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS.  HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

**DEPOSITION TESTIMONY**

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A VIDEOTAPED DEPOSITION, OR A DEPOSITION READ TO YOU, HERE IN THE COURTROOM.   A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL.   UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION.   SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH.   A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY.   THE QUESTIONS AND ANSWERS HAVE BEEN PLAYED OR READ TO YOU AT TRIAL.   THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

**THE TESTIMONY OF PLAINTIFF'S TREATING PHYSICIANS**

THE TESTIMONY OF A PHYSICIAN WHO EXAMINES AND TREATS AN INJURED PERSON IS ENTITLED TO GREATER WEIGHT THAN THAT OF PHYSICIANS WHO ONLY EXAMINE THE INJURED PERSON ONCE.

**CONSIDERATION OF THE EVIDENCE**

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE.   HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE.   YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS

THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER.  ONE IS DIRECT EVIDENCE—SUCH AS TESTIMONY OF AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE—THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS.  THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

### BIAS—CORPORATE PARY AND/OR GOVERNMENT INVOLVED

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS.  A CORPORATION, THE UNITED STATES GOVERNMENT, ITS OFFICERS, AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

### BURDEN OF PROOF

IN THIS CASE, THE PLAINTIFF MUST PROVE EVERY ESSENTIAL PART OF HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.  THIS IS SOMETIMES CALLED THE "BURDEN OF PROOF."

A "PREPONDERANCE OF THE EVIDENCE" MEANS THE GREATER WEIGHT AND DEGREE OF CREDIBLE EVIDENCE BEFORE YOU.  IN OTHER

WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE THAT PERSUADES YOU THAT A CLAIM OR DEFENSE IS MORE LIKELY SO THAN NOT SO.  IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF THE PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

TO BE CLEAR, PLAINTIFF NEED PROVE HIS CLAIMS ONLY BY A PREPONDERANCE OF THE EVIDENCE.  PLAINTIFF NEED NOT PRODUCE EVERY POSSIBLE WITNESS, AND SHE NEED NOT PROVE HIS CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION.  BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN THEIR FAVOR.

THE MERE FACT THAT AN INCIDENT HAPPENS OR AN INJURY OCCURS DOES NOT RAISE A PRESUMPTION THAT ANY PARTY, PERSON, OR ENTITY WAS AT FAULT.

## PLAINTIFF'S PRODUCTS LIABILITY CLAIMS

PLAINTIFF, EARLINE CASTANEL, CLAIMS THAT RECREATION BY DESIGN, INC. ("RECREATION BY DESIGN") IS LIABLE FOR HIS DAMAGES AS THE MANUFACTURER OF THE EMERGENCY HOUSING UNIT ("EHU") THAT SHE OCCUPIED.  PLAINTIFF CLAIMS THESE DAMAGES UNDER THE LOUISIANA

PRODUCTS LIABILITY ACT, WHICH I WILL REFER TO AS THE "LPLA." SPECIFICALLY, PLAINTIFF IS NOT SUING SHAW ENTERPRISES UNDER THE LPLA.

## LOUISIANA PRODUCTS LIABILITY ACT

THE LPLA PROVIDES THE EXCLUSIVE REMEDY AGAINST A MANUFACTURER FOR INJURIES OR DAMAGES CAUSED BY AN UNREASONABLY DANGEROUS PRODUCT. THERE ARE THREE SEPARATE THEORIES OF LIABILITY UNDER THE LPLA THAT ARE APPLICABLE TO THIS CASE: **(1)** LIABILITY BASED ON UNREASONABLY DANGEROUS CONSTRUCTION OR COMPOSITION; **(2)** LIABILITY BASED ON UNREASONABLY DANGEROUS DESIGN; AND **(3)** LIABILITY BASED ON INADEQUATE WARNING, RENDERING THE PRODUCT UNREASONABLY DANGEROUS.

## (1) LIABILITY BASED ON UNREASONABLY DANGEROUS CONSTRUCTION OR COMPOSITION

IN THIS CASE, PLAINTIFF CLAIMS THAT THE PRODUCT MANUFACTURED BY RECREATION BY DESIGN WAS UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION. IN ORDER TO BE SUCCESSFUL, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

(1) THE PRODUCT IN QUESTION DEVIATED IN A MATERIAL WAY FROM THE MANUFACTURER'S SPECIFICATIONS OR PERFORMANCE STANDARDS FOR THE PRODUCT OR FROM OTHERWISE IDENTICAL PRODUCTS MANUFACTURE BY RECREATION BY DESIGN;

(2) THE INJURY WHICH PLAINTIFF SUFFERED WAS PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT

UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT RECREATION BY DESIGN'S CONTROL;

(3) THE INJURY WHICH PLAINTIFF SUFFERED AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT BY PLAINTIFF OR SOME OTHER PERSON; AND

(4) THERE WAS ACTUAL DAMAGE TO THE PERSON OF THE PLAINTIFF. "ACTUAL DAMAGE TO THE PERSON" OF A PLAINTIFF MAY INCLUDE MENTAL AS WELL AS PHYSICAL INJURY.

### (2) LIABILITY BASED ON UNREASONABLY DANGEROUS DESIGN

IN THIS CASE, PLAINTIFF CLAIMS THAT THE PRODUCT MANUFACTURED BY RECREATION BY DESIGN WAS UNREASONABLY DANGEROUS IN ITS DESIGN.  IN ORDER TO BE SUCCESSFUL, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

(1) THERE WAS AN ALTERNATIVE DESIGN FOR THE PRODUCT THAT WAS CAPABLE OF PREVENTING THE INJURIES, AND THE LIKELIHOOD THAT THE PRODUCT'S DESIGN WOULD CAUSE THE INJURIES AND THE SERIOUSNESS OF THAT INJURY OUTWEIGHED THE BURDEN ON THE DEFENDANT OF USING THAT ALTERNATIVE DESIGN AND THE ADVERSE EFFECT OF USING THAT ALTERNATIVE DESIGN ON THE UTILITY OF THE PRODUCT;

(2) THE INJURY WHICH PLAINTIFF SUFFERED WAS PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT THE MANUFACTURER'S CONTROL OR RESULTED FROM A REASONABLY ANTICIPATED ALTERATION OF THE PRODUCT LATER;

(3) THE INJURIES WHICH PLAINTIFF SUFFERED AROSE FROM A

REASONABLY ANTICIPATED USE OF THE PRODUCT BY THE PLAINTIFF OR SOME OTHER PERSON; AND

(4) THERE WAS "ACTUAL DAMAGE TO THE PERSON" OF THE PLAINTIFF. "ACTUAL DAMAGE TO THE PERSON" OF A PLAINTIFF MAY INCLUDE MENTAL AS WELL AS PHYSICAL INJURY.

IF YOU FIND THAT RECREATION BY DESIGN HAS USED REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING TO TH USERS OF THE PRODUCT, THEN YOU MUST CONSIDER THE EFFECT OF THAT WARNING IN DECIDING THE LIKELIHOOD THAT THE DESIGN OF THE PRODUCT WOULD CAUSE PLAINTIFF'S INJURIES.

### (3) LIABILITY BASED ON INADEQUATE WARNING

IN THIS CASE, THE PLAINTIFF CLAIMS THAT THE PRODUCT MANUFACTURED BY RECREATION BY DESIGN WAS UNREASONABLY DANGEROUS BECAUSE OF AN INADEQUATE WARNING ABOUT ITS POTENTIAL RISKS.  IN ORDER TO BE SUCCESSFUL, PLAINTIFF MUST PROVE EACH OF THE FOUR ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE.

(1) AT THE TIME THE PRODUCT LEFT RECREATION BY DESIGN'S CONTROL, THE PRODUCT HAD A CHARACTERISTIC THAT MIGHT CAUSE DAMAGE AND RECREATION BY DESIGN FAILED TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OF THAT CHARACTERISTIC AND ITS DANGER TO USERS OF THE PRODUCT;

(2) THE INJURY WHICH PLAINTIFF SUFFERED WAS PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT RECREATION BY DESIGN'S CONTROL OR RESULTED FROM A

REASONABLY ANTICIPATED ALTERATION OF THE PRODUCT LATER;

(3) THE INJURY WHICH PLAINTIFF SUFFERED AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT BY THE PLAINTIFF OR SOME OTHER PERSON; AND

(4) THERE WAS "ACTUAL DAMAGE TO THE PERSON" OF THE PLAINTIFF. "ACTUAL DAMAGE TO THE PERSON" OF A PLAINTIFF MAY INCLUDE MENTAL AS WELL AS PHYSICAL INJURY.

ONCE A PLAINTIFF PROVES THAT THE LACK OF ADEQUATE WARNING RENDERED THE PRODUCT UNREASONABLY DANGEROUS, THERE IS A PRESUMPTION THAT HAD THE MANUFACTURER PROVIDED AN ADEQUATE WARNING, THE USER WOULD HAVE BOTH READ AND HEEDED THE WARNING. THIS PRESUMPTION MAY BE REBUTTED BY COMPETENT EVIDENCE.

## LPLA – OTHER DEFINITIONS

THE LPLA PROVIDES SPECIFIC DEFINITIONS FOR CERTAIN TERMS THAT ARE USED IN THESE INSTRUCTIONS, WHICH I WILL EXPLAIN TO YOU NOW:

WHEN I USE THE TERM "REASONABLY ANTICIPATED USE," I MEAN USE OF A PRODUCT THAT THE MANUFACTURER SHOULD REASONABLY EXPECT OF AN ORDINARY PERSON IN SIMILAR CIRCUMSTANCES.

WHEN I USE THE TERM "ADEQUATE WARNING," I MEAN A WARNING OR INSTRUCTION THAT WOULD LEAD AN ORDINARY USER OF A PRODUCT TO CONTEMPLATE THE DANGER IN USING THE PRODUCT, AND THEN EITHER TO DECLINE TO USE IT OR, IF POSSIBLE, TO USE IT IN SUCH A MANNER AS TO AVOID THE INJURY FOR WHICH THE CLAIM IS MADE.

WHEN I USE THE TERM "REASONABLY ANTICIPATED ALTERATION" OF

THE PRODUCT AT A LATER TIME, I MEAN A CHANGE IN THE PRODUCT THAT THE MANUFACTURER SHOULD REASONABLY EXPECT TO BE MADE BY AN ORDINARY PERSON IN SIMILAR CIRCUMSTANCES, OR A CHANGE ARISING FROM ORDINARY WEAR AND TEAR.   I DO NOT MEAN BY THAT TERM (1) FAILURE OF A PERSON OTHER THAN THE MANUFACTURER REASONABLY TO PASS ON A WARNING ABOUT THE PRODUCT PROVIDED BY THE MANUFACTURER TO THAT PERSON RATHER THAN TO THE ACTUAL USER, OR (2) CHANGES TO THE PRODUCT OR ITS OPERATION BECAUSE IT DOES NOT RECEIVE REASONABLY CARE AND MAINTENANCE.   THESE ARE NOT REASONABLY ANTICIPATED ACTIONS FOR WHICH THE DEFENDANT MAY BE HELD RESPONSIBLE BASED ON INADEQUATE WARNING.

### ACQUISITION OF KNOWLEDGE OF DANGEROUS CHARACTERISTIC AFTER PRODUCT LEAVES MANUFACTURER'S CONTROL

A MANUFACTURER WHO LEARNS OF A CHARACTERISTIC OF A PRODUCT AND ITS DANGER AFTER THE PRODUCT HAS LEFT ITS CONTROL THAT MAY CAUSE INJURY, OR WHO WOULD HAVE LEARNED ABOUT IT HAD IT ACTED IN A REASONABLY PRUDENT FASHION, IS LIABLE FOR INJURY CAUSED BY ITS SUBSEQUENT FAILURE TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OF SUCH CHARACTERISTIC AND ITS DANGER TO USERS OF THE PRODUCT.

### ~~CERTAIN CIRCUMSTANCES, HOWEVER, UNDER WHICH A MANUFACTURER DOES NOT HAVE TO PROVIDE AN ADEQUATE WARNING~~

~~THERE ARE CERTAIN CIRCUMSTANCES, HOWEVER, UNDER WHICH A MANUFACTURER DOES NOT HAVE TO PROVIDE AN ADEQUATE WARNING AS DESCRIBED ABOVE. A MANUFACTURER DOES NOT HAVE TO PROVIDE SUCH A WARNING WHEN:~~

~~(1) THE DANGER OF THE PRODUCT IS NOT BEYOND THAT WHICH WOULD BE CONTEMPLATED BY THE ORDINARY USER, WITH THE ORDINARY KNOWLEDGE COMMON TO THE COMMUNITY AS TO THE PRODUCT'S CHARACTERISTICS; OR~~

~~(2) THE USER ALREADY KNOWS OR REASONABLY SHOULD BE EXPECTED TO KNOW OF THE CHARACTERISTIC OF THE PRODUCT THAT MAY CAUSE INJURY AND THE DANGER OF THAT CHARACTERISTIC.~~

~~**INADEQUATE WARNING—STATE OF THE ART DEFENSE**~~

~~A MANUFACTURER IS NOT LIABLE FOR THE UNREASONABLE DANGER OF A PRODUCT DUE TO INADEQUATE WARNING IF SHE PROVES THAT, AT THE TIME THE PRODUCT LEFT ITS CONTROL, IT DID NOT KNOW AND, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE THEN EXISTING, COULD NOT HAVE KNOWN OF THE CHARACTERISTIC OF THE PRODUCT OR ITS DANGER THAT CAUSED THE INJURY.~~

~~**MANUFACTURER—NO DUTY TO DESIGN PERFECT PRODUCT**~~

~~A MANUFACTURER CANNOT BE EXPECTED TO DESIGN PRODUCTS WITH COMPONENT PARTS WHICH WILL NEVER WEAR OUT, REGARDLESS OF THE NATURE OF USE OR MAINTENANCE OF THE PRODUCT. A MANUFACTURER IS ENTITLED TO ANTICIPATE THAT A CONSUMER PURCHASING ITS PRODUCT WILL USE REASONABLE CARE IN MAINTAINING IT.~~

~~**UNREASONABLY DANGEROUS IN DESIGN—STATE OF THE ART DEFENSE**~~

~~A MANUFACTURER IS NOT LIABLE FOR THE UNREASONABLE DANGER OF A PRODUCT DUE TO ITS DESIGN IF IT PROVES THAT, AT THE TIME THE~~

13

PRODUCT LEFT ITS CONTROL:

(1) IT DID NOT KNOW AND, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE THEN EXISTING, COULD NOT HAVE KNOWN OF THE DESIGN CHARACTERISTIC OR ITS DANGER THAT CAUSED THE INJURY, OR OF THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFF; OR

(2) THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFF WAS NOT FEASIBLE, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE, OR THE ECONOMIC PRACTICALITY, THEN EXISTING.

**SOPHISTICATED PURCHASER/USER**

IN THIS CASE, RECREATION BY DESIGN HAS ASSERTED THE SOPHISTICATED PURCHASER/USER DEFENSE IN RELATION TO THE LPLA CLAIMS ASSERTED AGAINST IT BY PLAINTIFFS.

WHEN A MANUFACTURER OR DISTRIBUTOR SELLS A PRODUCT TO A SOPHISTICATED PURCHASER, AND THAT PURCHASER THEN SUPPLIES THE PRODUCT FOR USE, THE MANUFACTURER HAS NO LEGAL DUTY TO PROVIDE ANY WARNINGS TO THE USER CONCERNING POSSIBLE HAZARDS ASSOCIATED WITH THE PRODUCT'S USE. A SOPHISTICATED PURCHASER IS ONE WHO BY EXPERIENCE AND EXPERTISE IS AWARE OF THE POSSIBLE HAZARDS ASSOCIATED WITH THE USE OF THE PRODUCT, AND WHO HAS AN OBLIGATION TO INFORM END USERS OF SUCH POTENTIAL HEALTH HAZARDS. THEREFORE, IF YOU FIND THAT (1) RECREATION BY DESIGN IS A MANUFACTURER (WHICH IS UNDISPUTED), AND (2) THE UNITED STATES

14

THROUGH FEMA IS A SOPHISTICATED PURCHASER OF THIS RECREATION BY DESIGN TRAILER, THEN YOU MUST RETURN YOUR VERDICT IN FAVOR OF RECREATION BY DESIGN ON THE LPLA CLAIMS BASED ON INADEQUATE WARNINGS.

## PLAINTIFF'S NEGLIGENCE CLAIMS

PLAINTIFF HAS ASSERTED A NEGLIGENCE CLAIM AGAINST SHAW. IT SHOULD BE NOTED THAT THIS NEGLIGENCE CLAIM DOES NOT RELATE OR APPLY TO FOREST RIVER. SPECIFICALLY, PLAINTIFF HAS ALLEGED THAT SHAW NEGLIGENTLY CAUSED DAMAGE TO PLAINTIFF IN FAILING TO ACT REASONABLY IN THE INSTALLATION OF HIS TRAILER. PLAINTIFF IS NOT ASSERTING A NEGLIGENCE CLAIM AGAINST SHAW WITH RESPECT TO MAINTENANCE OF THE TRAILER, ASIDE FROM INSTALLATION.

## NEGLIGENCE LIABILITY

FOR PLAINTIFF TO RECOVER DAMAGES FROM A PARTY ON A CLAIM OF NEGLIGENCE, SHE MUST PROVE EACH OF THE FOLLOWING FOUR ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE.

THE FIRST ELEMENT THAT YOU MUST CONSIDER IS WHETHER A PARTY'S CONDUCT WAS NEGLIGENT IN THAT IT FELL BELOW THE STANDARD OF CARE THAT THE LAW REQUIRES. IN OTHER WORDS, YOU MUST DECIDE WHETHER A PARTY BREACHED A DUTY IT OWED TO THE PLAINTIFF TO EXERCISE THE DEGREE OF CARE THAT WE MIGHT REASONABLY EXPECT OF AN ORDINARILY PRUDENT PERSON, PARTY OR ENTITY UNDER THE SAME OR SIMILAR CIRCUMSTANCES.

A PARTY'S CONDUCT WAS BELOW THE EXPECTED STANDARD OF CARE

15

~~IF IT CREATED AN UNREASONABLY RISK OF HARM. IN DETERMINING WHETHER AN UNREASONABLE RISK OF HARM HAS BEEN CREATED, YOU MAY WEIGH THE LIKELIHOOD THAT AN ACCIDENT MIGHT HAVE OCCURRED, AND THE SERIOUSNESS OF THAT ACCIDENT, AGAINST THE IMPORTANCE TO SOCIETY OF WHAT THAT PARTY WAS DOING, THE ADVISABILITY OF THE MANNER IN WHICH IT WAS DONE, UNDER THE CIRCUMSTANCES, AND THE BURDEN OF TAKING PRECAUTIONS SUFFICIENT TO AVOID AN ACCIDENT. REASONABLE AND ORDINARY CARE CAN INCLUDE PRIOR DISCOVERY OF REASONABLY DISCOVERABLE CONDITIONS THAT MIGHT BE UNREASONABLY DANGEROUS IN REMEDYING AND/OR WARNING OF SUCH DANGERS.~~

~~THE SECOND ELEMENT THAT YOU MUST CONSIDER IS WHETHER A PARTY'S CONDUCT, IF NEGLIGENT, WAS A CAUSE IN FACT OF THE LOSS, IF ANY, SUFFERED BY PLAINTIFF. IN OTHER WORDS, YOU MUST DECIDE WHETHER A PARTY'S CONDUCT ACTUALLY CAUSED PLAINTIFF'S LOSS. DETERMINING THIS ELEMENT IS USUALLY A "BUT FOR" INQUIRY THAT TESTS WHETHER THE PLAINTIFF'S LOSS PROBABLY WOULD NOT HAVE OCCURRED BUT FOR THE CONDUCT IN QUESTION. THIS DOES NOT MEAN, HOWEVER, THAT THE LAW RECOGNIZES ONLY ONE CAUSE OF ANY INJURY, CONSISTING OF ONLY ONE FACTOR OR THING, OR THE CONDUCT OF ONLY ONE PERSON OR PARTY. ON THE CONTRARY, MANY FACTORS OR THINGS MAY OPERATE AT THE SAME TIME, EITHER INDEPENDENTLY OR TOGETHER, TO CAUSE INJURY OR DAMAGE. WHEN THERE ARE CONCURRENT CAUSES OF AN INJURY, WHICH NEVERTHELESS WOULD HAVE OCCURRED IN THE ABSENCE OF ONE OF THE CAUSES, THE PROPER INQUIRY IS WHETHER THE PARTICULAR~~

16

CONDUCT IN QUESTION WAS A "SUBSTANTIAL FACTOR" IN BRINGING ABOUT THE INQUIRY.

THE THIRD ELEMENT THAT YOU MUST CONSIDER IS WHETHER THE DEFENDANT'S CONDUCT, IF NEGLIGENT, WAS A LEGAL CAUSE OF ANY LOSS BY PLAINTIFF. CONDUCT IS A LEGAL CAUSE OF A LOSS IF THE LOSS WAS A DIRECT RESULT OF THE CONDUCT IN QUESTION, OR, AT THE TIME THAT CONDUCT OCCURRED, WAS A REASONABLY FORESEEABLE CONSEQUENCE OF THAT CONDUCT. WITH THIS INQUIRY, YOU SHOULD CONSIDER WHETHER THE LOSS IN QUESTION IS ONE WHICH THE DUTY OWED WAS DESIGNED TO PREVENT. THERE MAY BE MORE THAN ONE LEGAL CAUSE OF PLAINTIFF'S LOSS, IF ANY.

THE FOURTH ELEMENT THAT YOU MUST CONSIDER IS WHETHER THERE WAS ACTUAL DAMAGE OR LOSS TO PLAINTIFF. IN OTHER WORDS, PLAINTIFF MUST SHOW THAT SHE ACTUALLY HAS SUFFERED A LOSS.

IF A PARTY AGAINST WHOM A NEGLIGENCE CLAIM IS ASSERTED CONTENDS OTHERS' ACTIONS WERE NEGLIGENT, THEN THAT PARTY HAS THE BURDEN OF PROVING THE NEGLIGENCE OF PLAINTIFF, ONE OR ALL OF THE OTHER DEFENDANTS, OR AN ENTITY WHO IS NOT A PARTY TO THIS CASE ("A NON PARTY"). IF THAT NEGLIGENCE IS PROVEN, THE AMOUNT OF ANY MONETARY RELIEF FOR DAMAGES THAT EACH PLAINTIFF HAS SUFFERED WILL BE REDUCED BY THE EXTENT OF THAT NEGLIGENCE.

TO ESTABLISH THE NEGLIGENCE OF A PLAINTIFF, ANY OTHER DEFENDANT, OR A NON-PARTY, THE PARTY AGAINST WHOM THE NEGLIGENCE CLAIM IS ASSERTED MUST ESTABLISH THAT THE SAME

17

ELEMENTS THAT I HAVE JUST EXPLAINED IN THE CONTEXT OF THE CONDUCT OF THE PLAINTIFF, THE OTHER DEFENDANTS, OR A NON-PARTY. SPECIFICALLY, THE PARTY AGAINST WHOM THE NEGLIGENCE CLAIM IS ASSERTED MUST ESTABLISH THAT THE CONDUCT OF THE PLAINTIFF, SOME OR ALL OF THE OTHER DEFENDANTS, OR A NON-PARTY WAS NEGLIGENT, AND THAT THE CONDUCT WAS A CAUSE IN FACT AND A LEGAL CAUSE OF ANY DAMAGES OR LOSS ACTUALLY SUFFERED BY PLAINTIFF.

**COMPARATIVE FAULT AND/OR NEGLIGENCE**

IN CERTAIN INSTANCES, A MANUFACTURER OR OTHER DEFENDANT IS NOT LIABLE FOR THE ENTIRETY OF THE HARM SUFFERED BY A PLAINTIFF, IF THE HARM IS CAUSED IN PART BY THE CONTRIBUTING FAULT OR NEGLIGENCE OF ANOTHER DEFENDANT, THE PLAINTIFF HERSELF, OR A PERSON OR ENTITY WHO IS NOT A PARTY TO THIS CASE ("A NON-PARTY"). THIS IS AN ISSUE ON WHICH THE DEFENDANT HAS THE BURDEN OF PROOF. THE DEFENDANT MUST PROVE THIS DEFENSE BY A PREPONDERANCE OF THE EVIDENCE.

IF YOU CONCLUDE THAT THE CONDUCT OF THE DEFENDANTS, THE PLAINTIFFS, OR A NON-PARTY CAUSED OR CONTRIBUTED TO THE PLAINTIFFS' INJURIES, THEN YOU MUST ASSIGN PERCENTAGES OF FAULT TO EACH ONE.

LOUISIANA LAW REQUIRES THAT YOU DIVIDE THE TOTAL RESPONSIBILITY FOR THIS INCIDENT AMONG ALL THOSE AT FAULT. YOU SHOULD DO THIS BY ASSIGNING PERCENTAGES OF FAULT TO THE VARIOUS

~~INVOLVED PARTIES/NON PARTIES WHICH WILL TOTAL 100%.  YOU ARE FREE TO ASSIGN WHATEVER PERCENTAGE YOU FEEL APPROPRIATE.~~

~~IF YOU DETERMINE THAT A REDUCTION IN A PLAINTIFF'S RECOVERY IN THIS CASE WILL PROVIDE CONSUMERS GENERALLY WITH AN INCENTIVE TO USE A PRODUCT CAREFULLY, WITHOUT REQUIRING AN EXCEPTIONAL SACRIFICE OF OTHER INTERESTS, YOU MAY ASSIGN A PERCENTAGE OF FAULT TO THE PLAINTIFFS IN THE MANNER THAT I WILL DESCRIBE TO YOU.~~

~~ON THE OTHER HAND, IF YOU DETERMINE THAT A REDUCTION IN PLAINTIFFS' RECOVERY WILL NOT REALISTICALLY SERVE TO PROMOTE CAREFUL PRODUCT USE BY THE CONSUMER, OR WOULD DRASTICALLY REDUCE THE MANUFACTURER'S INCENTIVE TO MAKE A SAFER PRODUCT, YOU MAY DECIDE NOT TO ASSIGN A PERCENTAGE OF FAULT TO A PLAINTIFF.~~

~~IN DETERMINING THOSE PERCENTAGES, YOU MAY CONSIDER BOTH THE NATURE OF THE FAULT OR NEGLIGENT CONDUCT AND THE EXTENT OF THE CAUSAL RELATION BETWEEN SUCH FAULT OR CONDUCT AND EACH PLAINTIFF'S INJURIES.~~

~~WHEN I SAY "THE NATURE OF THE FAULT OR NEGLIGENT CONDUCT," I MEAN THAT YOU MAY CONSIDER:  (1) WHETHER THE CONDUCT RESULTED FROM INADVERTENCE OR RATHER INVOLVED AN AWARENESS OF THE DANGER INVOLVED;  (2) HOW GREAT THE RISK CREATED BY THE CONDUCT WAS;  (3) THE IMPORTANCE OF WHAT WAS SOUGHT BY THE CONDUCT;  (4) THE PHYSICAL AND MENTAL CAPACITIES OF THE PERSON, EITHER ORDINARY OR PERHAPS SUPERIOR OR INFERIOR;   AND (5) ANY EXTENUATING~~

19

~~CIRCUMSTANCES WHICH MIGHT HAVE REQUIRED A PARTY TO ACT IN HASTE, WITHOUT PROPER THOUGHT.~~

~~WHEN I SAY "THE EXTENT OF THE CAUSAL RELATION" BETWEEN THE CONDUCT AND THE INJURIES, I MEAN THAT YOU MAY CONSIDER THE EXTENT TO WHICH THE CONDUCT CONTRIBUTED TO THE HAPPENING OF THE ACCIDENT AND PLAINTIFFS' INJURIES.~~

~~**NOT APPLICABLE TO THE FACTS OF THIS CASE.**~~

### ~~INDEPENDENT CONTRACTOR DEFENSE~~

~~HERE, FLUOR CLAIMS THAT IT DID NOT INSTALL PLAINTIFFS' EHU. INSTEAD, FLUOR ASSERTS THAT IT HIRED MLU SERVICES INC., WHICH IN TURN HIRED DAN'S MOBILE HOME SERVICE TO INSTALL PLAINTIFFS' EHU.~~

~~IF YOU FIND THAT FLUOR CONTRACTED WITH THE TORTFEASOR OR WRONGDOER TO DO SOMETHING FOR HER , BUT DID NOT CONTROL HOW SHE DID IT OR WHEN SHE DID IT, THEN YOU MUST CONCLUDE THAT THE INDIVIDUAL IS AN INDEPENDENT CONTRACTOR RESPONSIBLE FOR HIS OWN CONDUCT AND FLUOR IS NOT RESPONSIBLE FOR HIS CONDUCT.~~

~~THIS RULE IS SUBJECT TO AN EXCEPTION IF FLUOR RESERVED THE RIGHT TO SUPERVISE OR CONTROL THE WORK OF THE INDEPENDENT CONTRACTOR, OR GAVE EXPRESS OR IMPLIED AUTHORIZATION TO AN UNSAFE PRACTICE.~~.

### ~~GOVERNMENT CONTRACTOR DEFENSE~~

~~RECREATION BY DESIGN ASSERTS THAT IT IS A GOVERNMENT CONTRACTOR THAT PERFORMED ITS WORK ACCORDING TO AND IN COMPLIANCE WITH SPECIFICATIONS APPROVED AND MANDATED BY FEMA.~~

~~RECREATION BY DESIGN HAS THE BURDEN OF PROVING THAT IT IS A GOVERNMENT CONTRACTOR.~~

~~IN THIS REGARD, I INSTRUCT YOU THAT A RECREATION BY DESIGN CANNOT BE LIABLE UNDER THE LPLA BASED ON DEFECTIVE DESIGN WHERE: (1) THE FEDERAL GOVERNMENT APPROVES "REASONABLY PRECISE" SPECIFICATIONS;~~

~~(2) RECREATION BY DESIGN'S PRODUCT CONFORMS TO THOSE SPECIFICATIONS; AND~~

~~(3) RECREATION BY DESIGN'S PRODUCT WARNS THE GOVERNMENT AT THE TIME OF THE FIRST SALE OF THE PRODUCT OF PRODUCT DANGERS THAT WERE KNOWN TO RECREATION BY DESIGN BUT NOT KNOWN TO THE GOVERNMENT.~~

~~**NOT APPLICABLE TO THE FACTS OF THIS CASE.**~~

~~**GOVERNMENT CONTRACTOR DEFENSE –
APPROVAL OF "REASONABLY PRECISE" SPECIFICATIONS**~~

~~THE GOVERNMENT NEED NOT PREPARE THE SPECIFICATIONS TO BE CONSIDERED TO HAVE APPROVED THEM, AS LONG AS THE GOVERNMENT PROVIDES A SUBSTANTIVE REVIEW OR EVALUATION OF RECREATION BY DESIGN'S PLANS. EVIDENCE OF CONTINUOUS BACK AND FORTH BETWEEN RECREATION BY DESIGN AND THE GOVERNMENT, SUCH AS PROOF THAT RECREATION BY DESIGN AND THE GOVERNMENT WORKED CLOSELY TOGETHER ON THE DEVELOPMENT OF A PRODUCT FROM ITS PLANNING STAGES THROUGH ITS FULL PRODUCTION GENERALLY IS SUFFICIENT. THE~~

21

~~SPECIFICATIONS NEED NOT ADDRESS THE SPECIFIC DEFECT ALLEGED; THE~~ ~~GOVERNMENT NEED ONLY EVALUATE THE DESIGN FEATURE IN QUESTION.~~ **~~NOT APPLICABLE TO THE FACTS OF THIS CASE.~~**

### ~~GOVERNMENT CONTRACTOR DEFENSE-CONFORMANCE WITH GOVERNMENT-APPROVED SPECIFICATIONS~~

~~THE GOVERNMENT'S ISSUANCE OF A FORM OR REPORT INDICATING ACCEPTANCE OF THE PRODUCT AND/OR CONFORMITY WITH ALL REQUIRED SPECIFICATIONS IS EVIDENCE THAT RECREATION BY DESIGN'S PRODUCT MET THE GOVERNMENT'S REQUIREMENTS. THIS CONDITION ALSO MAY BE SATISFIED BY SHOWING THAT THE GOVERNMENT SUPERVISED AND CONTROLLED RECREATION BY DESIGN'S IMPLEMENTATION OF APPROVED SPECIFICATIONS, OR THAT THE GOVERNMENT INSPECTED, ACCEPTED AS COMPLETE OR USED RECREATION BY DESIGN'S PRODUCT. EXTENSIVE GOVERNMENT INVOLVEMENT IN THE DESIGN, REVIEW, DEVELOPMENT AND TESTING OF RECREATION BY DESIGN'S PRODUCT, AS WELL AS EXTENSIVE ACCEPTANCE AND USE OF RECREATION BY DESIGN'S PRODUCT FOLLOWING PRODUCTION, IS EVIDENCE THAT THE PRODUCT GENERALLY CONFORMED WITH THE GOVERNMENT APPROVED SPECIFICATIONS.~~ **~~NOT APPLICABLE TO THE FACTS OF THIS CASE.~~**

### ~~GOVERNMENT CONTRACTOR DEFENSE-CONTRACTOR MUST WARN OF DANGERS KNOWN TO IT, BUT NOT TO THE GOVERNMENT~~

~~RECREATION BY DESIGN SATISFIES THE GOVERNMENT CONTRACTOR DEFENSES' THIRD CONDITION BY PROVING THAT IT KNEW OF NO REASONS~~

~~NOT KNOWN TO THE GOVERNMENT WHY THE APPLICATION OF THE~~
~~APPROVED SPECIFICATIONS WERE UNSAFE OR UNREASONABLE. THE~~
~~GOVERNMENT CONTRACTOR DEFENSE DOES NOT REQUIRE RECREATION BY~~
~~DESIGN TO WARN THE GOVERNMENT OF DEFECTS ABOUT WHICH IT SHOULD~~
~~HAVE REASONABLY KNOWN. RATHER, A GOVERNMENT CONTRACTOR IS~~
~~ONLY RESPONSIBLE FOR WARNING THE GOVERNMENT OF DANGERS ABOUT~~
~~WHICH IT HAS ACTUAL KNOWLEDGE. THIS THIRD CONDITION TESTS ONLY~~
~~WHETHER THE CONTRACTOR KNEW OF DANGERS NOT KNOWN TO THE~~
~~GOVERNMENT.~~

~~**NOT APPLICABLE TO THE FACTS OF THIS CASE.**~~

~~**NON-LIABILITY OF CONTRACTOR FOR**~~
~~**DESTRUCTION OR DETERIORATION OF WORK**~~

~~A CONTRACTOR WHO PERFORMS WORK PURSUANT TO PLANS AND~~
~~SPECIFICATIONS PROVIDED BY ANOTHER PARTY CAN NOT BE HELD LIABLE~~
~~TO ANY PERSON INJURED AS A RESULT OF THAT WORK UNLESS THE~~
~~CONTRACTOR HAD A JUSTIFIABLE REASON TO BELIEVE THAT FOLLOWING~~
~~THE PLANS AND SPECIFICATIONS WOULD CREATE A HAZARDOUS~~
~~CONDITION.~~

~~**NOT APPLICABLE TO THE FACTS OF THIS CASE.**~~

~~**FAULT ALLOCATED TO FEMA**~~

~~THE LAW REQUIRES YOU TO DETERMINE WHETHER FEMA'S CONDUCT~~
~~WAS "NEGLIGENT." I HAVE ALREADY INSTRUCTED YOU AS TO THE LAW~~
~~REGARDING "NEGLIGENCE" IN THE "NEGLIGENCE LIABILITY" INSTRUCTION.~~

23

~~NOT APPLICABLE TO THE FACTS OF THIS CASE.~~

### CONSIDER DAMAGES ONLY IF NECESSARY

AS TO EARLINE CASTANEL, IF YOU FIND THAT SHE HAS PROVEN HIS CLAIM AGAINST THE DEFENDANTS, YOU MUST ASSESS THE AMOUNT OF DAMAGES, IF ANY, ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR THE INJURIES SUFFERED BY EARLINE CASTANEL, WHICH YOU FIND TO HAVE BEEN PROXIMATELY CAUSED BY THE ACTS OF THE DEFENDANTS, NO MORE AND NO LESS.  YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE.  IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANTS ARE LIABLE.  I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANTS ARE LIABLE TO PLAINTIFF AND THAT PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM ONE OR BOTH OF THE DEFENDANTS.

IF YOU FIND THAT PLAINTIFF HAS PROVEN HIS CLAIM AGAINST THE DEFENDANTS, YOU ARE NOT FORCED TO ASSESS AN AMOUNT OF DAMAGES FOR EACH AND EVERY ELEMENT OF DAMAGE THAT PLAINTIFF HAS CLAIMED.  IF YOU FIND PLAINTIFF IS ENTITLED TO ONE ELEMENT OF DAMAGES, BUT NOT ANOTHER, THEN YOU ARE ONLY REQUIRED TO ASSESS DAMAGES FOR THE ELEMENT TO WHICH YOU BELIEVE PLAINTIFF IS ENTITLED.

### GENERAL AND "SPECIAL" DAMAGES

THE LAW RECOGNIZES BOTH GENERAL DAMAGES FOR THE PAIN AND SUFFERING WHICH A PLAINTIFF MAY HAVE FACED BECAUSE OF THIS INCIDENT AND SPECIFIC DAMAGES (SOMETIMES CALLED "SPECIAL" DAMAGES) WHICH ARE INTENDED TO REIMBURSE A PLAINTIFF FOR THE ACTUAL OR ANTICIPATED OUT-OF-POCKET EXPENSES WHICH HAVE BEEN INCURRED TO DATE OR WILL INCUR IN THE FUTURE.

IF YOU DECIDE TO AWARD PLAINTIFF SPECIAL DAMAGES, YOU SHOULD CONSIDER THE EVIDENCE THAT HAS BEEN OFFERED ON THESE ISSUES, AND YOU MAY AWARD SUMS OF MONEY FOR PAST AND FUTURE MEDICAL EXPENSES AND LOSS OF EARNING CAPACITY.

I REMIND YOU THAT IN THE ASSESSMENT OF DAMAGES, YOU HAVE WIDE DISCRETION IN TERMS OF BOTH THE DECISION ABOUT ANY AWARD AT ALL AND THE LEVEL OF THE AWARD.  THE FACT THAT I HAVE INSTRUCTED YOU ON DAMAGES SHOULD NOT INDICATE TO YOU THAT I BELIEVE THE PLAINTIFF SHOULD OR SHOULD NOT RECOVER ANY DAMAGES IN THIS CASE. THIS IS ENTIRELY FOR YOU TO DECIDE.

## COMPENSATORY DAMAGES

IF YOU FIND THAT DEFENDANTS ARE LIABLE TO PLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF PLAINTIFF'S GENERAL DAMAGES.   THESE DAMAGES ARE ALSO CALLED "COMPENSATORY" DAMAGES.  THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE; THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE THAT THE PLAINTIFF HAS SUFFERED. COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT PLAINTIFF

MAY HAVE INCURRED BECAUSE OF HIS INJURIES.  IF EARLINE CASTANEL WINS, SHE IS ENTITLED TO COMPENSATORY DAMAGES FOR PHYSICAL INJURY, AND PAIN AND SUFFERING, INCLUDING MENTAL ANGUISH AND ANXIETY AND DISTRESS THAT SHE SUFFERED BECAUSE OF THE DEFENDANTS' CONDUCT AND/OR ACTION OR INACTIONS.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT.  THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES, NO MORE AND NO LESS.  COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE EITHER DEFENDANT.  YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH PLAINTIFF HAS ACTUALLY SUFFERED OR THAT PLAINTIFF IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE.  COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK.  ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT PLAINTIFF PROVE THE AMOUNT OF HIS LOSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.  YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND

CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF COMPENSATORY DAMAGES, TO THE EXTENT YOU FIND THEM TO HAVE BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE AND PROXIMATELY CAUSED BY THE DEFENDANTS' ACTS.

### CALCULATION OF PAST AND FUTURE DAMAGES

**A.    DAMAGES ACCRUED**

IF YOU FIND FOR THE PLAINTIFF, SHE IS ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HER FOR ANY DAMAGES SHE HAS SUFFERED TO DATE.

**B.    CALCULATION OF FUTURE DAMAGES**

IF YOU FIND THAT THE PLAINTIFF IS REASONABLY CERTAIN TO SUFFER DAMAGES IN THE FUTURE FROM HIS INJURIES, THEN YOU SHOULD AWARD HER THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HER FOR SUCH FUTURE DAMAGES.  [IN CALCULATING FUTURE DAMAGES, YOU SHOULD CONSIDER THE STANDARD TABLE OF MORTALITY AS COMPILED BY THE UNITED STATES BUREAU OF THE CENSUS, OR OTHER RECOGNIZED MORTALITY TABLE.]

**C.    REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE**

AN AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY SUFFER UNTIL SOME FUTURE DATE.  IF YOU SHOULD FIND THAT THE PLAINTIFF IS ENTITLED TO FUTURE DAMAGES, THEN YOU MUST DETERMINE

27

THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE DAMAGES.

IF YOU MAKE AN AWARD FOR FUTURE MEDICAL EXPENSES, YOU MUST REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARE IF SHE MADE A RELATIVELY RISK-FREE INVESTMENT.  THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE MEDICAL EXPENSES IS MORE VALUABLE TO THE PLAINTIFF IF SHE RECEIVES IT TODAY THAN IF SHE RECEIVES IT IN THE FUTURE, WHEN SHE WOULD OTHERWISE HAVE INCURRED IT.  IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE SHE WOULD HAVE INCURRED THE EXPENSE.  THUS, YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE MEDICAL EXPENSES BY THE AMOUNT OF INTEREST THAT THE PLAINTIFF CAN EARN ON THAT AMOUNT IN THE FUTURE.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOUR MAY AWARD FOR FUTURE PAIN AND SUFFERING OR FUTURE MENTAL ANGUISH.

## MEDICAL EXPENSES

IN DETERMINING ANY AWARD THAT YOU MIGHT MAKE FOR PAST OR FUTURE MEDICAL EXPENSES, YOU SHOULD CONSIDER THE EVIDENCE, AND THE OPINIONS OF EXPERT WITNESSES, TO DECIDE THE REASONABLE VALUE OR EXPENSE OF MEDICAL AND HOSPITAL CARE AND TREATMENT WHICH

WAS OR WILL BE REASONABLE AND NECESSARY FOR PLAINTIFF'S CONDITION.

~~HERE, PLAINTIFF ALANA ALEXANDER SEEKS TO RECOVER SUCH EXPENSES FOR HER MINOR SON CHRISTOPHER COOPER.~~

~~**A.     FOR PLAINTIFF'S MINOR CHILD (CHRISTOPHER COOPER)**~~

~~THE REASONABLE VALUE AND/OR EXPENSE OF HOSPITALIZATION AND/OR MEDICAL CARE AND TREATMENT THAT ALEXANDER REASONABLY OBTAINED FOR COOPER IN THE PAST OR WILL OBTAIN FOR COOPER IN THE FUTURE UNTIL COOPER REACHES THE AGE OF MAJORITY.~~

~~**B.     FOR MINOR PLAINTIFF (AFTER REACHING AGE OF MAJORITY)**~~

~~THE REASONABLE VALUE AND/OR EXPENSE OF HOSPITALIZATION AND/OR MEDICAL CARE AND TREATMENT THAT COOPER REASONABLY WILL REQUIRE AFTER SHE REACHES THE AGE OF MAJORITY.~~

**NOT APPLICABLE TO THE FACTS OF THIS CASE.**

### AGGRAVATION OF PRE-EXISTING CONDITION

YOU MAY AWARD DAMAGES FOR AGGRAVATION OF AN EXISTING DISEASE OR PHYSICAL DEFECT OR ACTIVATION OF ANY SUCH LATENT CONDITION RESULTING FROM PHYSICAL INJURY TO EARLINE CASTANEL.

IN YOUR CONSIDERATION OF THE ITEMS OF DAMAGE YOU SHOULD BEAR IN MIND THAT UNDER THE LAW THE ONE LIABLE OR RESPONSIBLE FOR AN ACCIDENT MUST TAKE THE INJURED PERSON AS SHE FINDS HER , AND IS RESPONSIBLE FOR ALL THE NATURAL AND PROBABLE CONSEQUENCES OF ITS WRONG, EVEN THOUGHT THEY ARE MORE SERIOUS OR HARMFUL BY REASON OF A PRE-EXISTING CONDITION, PHYSICAL DEFECT OR WEAKNESS OF THE

INJURED PERSON.   IF THE ACCIDENT RESULTS IN AGGRAVATION OF A PREVIOUS CONDITION OF DISABILITY OR OF PAIN OF THE INJURED PERSON, THE ONE RESPONSIBLE IS LIABLE BOTH FOR THE AGGRAVATION OF THE PRE-EXISTING CONDITION AND FOR ANY NEW INJURIES RESULTING FROM THE ACCIDENT.

HOWEVER, PLAINTIFF MUST PROVE (1) THE PRIOR EXISTING CONDITION AND (2) THE EXTENT OF THE AGGRAVATION.   IF YOU FIND THAT SHE WOULD HAVE FACED THIS AGGRAVATION OF THIS CONDITION WHETHER THIS INCIDENT HAPPENED OR NOT, THEN SHE IS NOT ENTITLED TO DAMAGES ON THAT PORTION OF HIS CLAIM, SINCE THE DEFENDANTS ARE NOT RESPONSIBLE FOR THE NORMAL AND NATURAL RESULTS OF HIS CONDITION.

IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION OF A PRIOR EXISTING CONDITION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION

## INJURY/PAIN/ LOSS OF CAPACITY FOR ENJOYMENT OF LIFE

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT EARLINE CASTANEL SUSTAINED AND ANY PAIN AND SUFFERING, MENTAL ANGUISH, AND LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT SHE EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE INJURY. NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED.   YOU ARE NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY COMPENSATE EARLINE CASTANEL FOR THE DAMAGES SHE HAS

30

SUFFERED.  THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE.  ANY AWARD THAT YOU MAKE SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

### PARENT'S LOSS OF CONSORTIUM

~~A CLAIM HAS BEEN MADE BY ALANA ALEXANDER AS THE MOTHER OF CHRISTOPHER COOPER, FOR DAMAGES SHE HAS EXPERIENCED BECAUSE OF HER SON'S INJURIES DUE TO THE LOSS OF "CONSORTIUM" PREVIOUSLY ENJOYED WITH HER SON.~~

~~"LOSS OF CONSORTIUM" IS THE TERM WHICH THE LAW USES TO DESCRIBE THE LOSS OF LOVE, COMPANIONSHIP, COMFORT AND SERVICES WHICH A FAMILY MEMBER (HERE, CHRISTOPHER COOPER) MIGHT HAVE PROVIDED IF SHE HAD NOT BEEN INJURED. YOU MAY AWARD DAMAGES TO ALANA ALEXANDER FOR HER LOSS OF CONSORTIUM BECAUSE OF COOPER'S INJURIES, BY CONSIDERING ALEXANDER'S LOSS OF LOVE AND AFFECTION, LOSS OF COOPER'S COMPANIONSHIP, AND THE IMPACT OF COOPER'S DECREASED ABILITY TO PERFORM HOUSEHOLD SERVICES AND TO PROVIDE SIMILAR AID AND ASSISTANCE IN THE FAMILY UNIT.~~

~~YOU ARE NOT REQUIRED TO MAKE AN AWARD IN THIS CASE TO ALEXANDER FOR LOSS OF CONSORTIUM MERELY BECAUSE YOU DETERMINE THAT COOPER WAS INJURED. YOU SHOULD AWARD DAMAGES TO ALEXANDER  ONLY IF YOU DETERMINE THAT SHE HAS PROVEN THAT THERE HAS BEEN A LOSS OF CONSORTIUM, AS I HAVE DESCRIBED IT TO YOU, RESULTING FROM THE INJURY.~~

**NOT APPLICABLE TO THE FACTS OF THIS CASE.**

## MENTAL ANGUISH

THE LAW RECOGNIZES THAT A PLAINTIFF MAY SUFFER MENTAL DISTRESS AND ANGUISH AS A RESULT OF AN INCIDENT AS WELL AS PHYSICAL PAIN AND SUFFERING.  YOU ARE PERMITTED TO CONSIDER SUCH CONSEQUENCES AS A PART OF THE GENERAL DAMAGES WHICH YOU MAY AWARD.  BY "MENTAL DISTRESS AND ANGUISH," I MEAN SUBSTANTIAL WORRY OR CONCERN, GRIEF AND THE LIKE.

## MEDICAL MONITORING

~~PLAINTIFFS CLAIM TO BE ENTITLED TO MEDICAL MONITORING COSTS. A PLAINTIFF WHO PROVES THE FOLLOWING FACTORS HAS PROVEN THAT SHE NEEDS WHAT THE LAW CALLS "MEDICAL MONITORING":~~

~~(1) THAT SHE WAS EXPOSED TO A PROVEN HAZARDOUS SUBSTANCE;~~

~~(2) THAT AS A PROXIMATE RESULT OF THAT EXPOSURE, SHE SUFFERED A SIGNIFICANTLY INCREASED RISK OF CONTRACTING A SERIOUS LATENT DISEASE;~~

~~(3) THAT THIS RISK IS GREATER THAN (A) THE RISK OF CONTRACTING THAT SAME DISEASE HAD SHE NOT BEEN EXPOSED AND (B) THE CHANCES OF MEMBERS OF THE PUBLIC AT LARGE OF DEVELOPING THE DISEASE;~~

~~(4) THAT THERE IS A MONITORING PROCEDURE THAT MAKES EARLY DETECTION OF THE DISEASE POSSIBLE;~~

~~(5) THAT THE MONITORING PROCEDURE HAS BEEN PRESCRIBED BY A QUALIFIED PHYSICIAN AND IS REASONABLY NECESSARY ACCORDING TO CONTEMPORARY SCIENTIFIC PRINCIPLES;~~

(6) ~~THAT THE MONITORING PROCEDURE IS DIFFERENT FROM A PROCEDURE THAT WOULD NORMALLY BE RECOMMENDED IF THERE WERE NO EXPOSURE; AND~~

(7) ~~THERE IS SOME DEMONSTRATED CLINICAL VALUE IN THE EARLY DETECTION AND DIAGNOSIS OF THE DISEASE.~~

**NOT APPLICABLE TO THE FACTS OF THIS CASE.**

### LIABILITY FOR DAMAGES CAUSED BY INJURY TO ANOTHER

~~OUR LAW PERMITS CERTAIN PERSONS TO RECOVER DAMAGES FOR MENTAL ANGUISH OR EMOTIONAL DISTRESS THAT THEY MAY HAVE SUFFERED AS A RESULT OF WITNESSING SOMETHING THAT CAUSES INJURY TO ANOTHER PERSON OR AS A RESULT OF COMING ON THE SCENE OF THE EVENT SOON THEREAFTER. SUCH RECOVERY IS POSSIBLE IN THE CASE OF A MOTHER ALLEGING MENTAL ANGUISH AND EMOTIONAL DISTRESS DUE TO AN INJURY SUFFERED BY A CHILD.~~

~~IN ORDER TO RECOVER, THE INJURED PERSON MUST HAVE SUFFERED SUCH HARM THAT ONE COULD REASONABLY EXPECT THAT SOMEONE WHO WITNESSED THE EVENT OR CAME UPON IT SOON THEREAFTER WOULD EXPERIENCE SERIOUS MENTAL ANGUISH OR EMOTIONAL DISTRESS; AND THAT ANGUISH OR DISTRESS MUST BE SEVERE AND DEBILITATING.~~

~~RECOVERY IS NOT PERMITTED IF THE CLAIMANT HAS MERELY BEEN INFORMED OF THE INJURIES AFTER THE ACCIDENT.~~

**NOT APPLICABLE TO THE FACTS OF THIS CASE.**

## NO DAMAGES FOR FUTURE DISEASE

OTHER THEN MEDICAL MONITORING COSTS AND FEAR OF CANCER DAMAGES,  PLAINTIFF MAY NOT RECOVER FOR DAMAGES THAT SHE DOES NOT PRESENTLY HAVE.  OTHER DAMAGES FOR A PARTICULAR DISEASE ARE NOT RECOVERABLE UNLESS AND UNTIL A DISEASE IS DIAGNOSED.  THIS IS TRUE BECAUSE IF THE PLAINTIFF DEVELOPS CANCER OR ANOTHER ILLNESS OR DISEASE AT ANOTHER TIME, THEN SHE IS ENTITLED TO BRING ANOTHER LAWSUIT REGARDING THAT CONDITION AT A LATER DATE.  HOWEVER, THIS CASE IS EARLINE CASTANEL'S ONLY OPPORTUNITY TO RECOVER DAMAGES FOR THE MENTAL DISTRESS AND ANGUISH ASSOCIATE WITH FEAR OF CANCER.

**ADDED HIGHLIGHTED SECTION.**

## MITIGATION OF DAMAGES

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE—TO AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND EITHER OR BOTH THE DEFENDANTS ARE LIABLE AND THAT PLAINTIFF HAS SUFFERED DAMAGES, PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH SHE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT.  IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY PLAINTIFF RECOVERY FOR THOSE DAMAGES WHICH SHE WOULD HAVE AVOIDED HAD SHE TAKEN ADVANTAGE OF THE OPPORTUNITY.

34

YOU ARE THE SOLE JUDGE OF WHETHER PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES.  AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES.  HOWEVER, A PLAINTIFF IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES.  THE DEFENDANTS HAVE THE BURDEN OF PROVING THE DAMAGES WHICH PLAINTIFF COULD HAVE MITIGATED.  IN DECIDING WHETHER TO REDUCE PLAINTIFF'S DAMAGES BECAUSE OF A FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANTS HAVE SATISFIED THEIR BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

## ATTORNEY'S FEES

IN DECIDING THE DAMAGES TO WHICH PLAINTIFF MAY BE ENTITLED IF SHE HAS OTHERWISE PROVEN HIS CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY NOT CONSIDER OR AWARD ANY ATTORNEY'S FEES WHICH THE PLAINTIFF MAY BE REQUIRED TO PAY AS A RESULT OF THIS PROCEEDING.

## INSTRUCTIONS ON DELIBERATION

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY.  WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-

EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG.  HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES OF THE FACTS.  YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THESE INSTRUCTIONS AND THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE.  SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATION.   IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT I HAVE GIVEN YOU CONCERNING YOU CONDUCT DURING THE TRIAL.   AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON MUST FILL IN YOUR ANSWERS TO THE WRITTEN QUESTIONS AND SIGN AND DATE THE VERDICT FORM. [RETURN THIS CHARGE TOGETHER WITH YOUR WRITTEN ANSWERS TO THE QUESTIONS.]   UNLESS I DIRECT YOU OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED.  YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE TO THE BAILIFF, WHO WILL BRING IT TO ME.  I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM.  I WILL ALWAYS FIRST SHOW THE

ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.