UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION "N" (5) JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO *Castanel, et al v. Recreation by Design*, et al, Docket No. 09-3251; | * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PROPOSED VOIR DIRE QUESTIONS

Question 1:

IN THIS TRIAL, THE JURY MAY BE ASKED TO ASSESS THE FAULT (IF ANY) OF ENTITIES OTHER THAN THE DEFENDANT RECREATION BY DESIGN, AS WELL AS THE PLAINTIFF HIMSELF. IF THE JURY CONCLUDES THERE IS EVIDENCE OF FAULT ON THE PART OF A NON-PARTY ENTITY OR THE PLAINTIFF, IT THEN WILL BE REQUIRED TO DIVIDE BY PERCENTAGES THE TOTAL FAULT IN THE CASE AMONG THE DEFENDANT, THE PLAINTIFF, AND/OR ONE OR MORE NON-PARTIES. WOULD ANYONE HAVE DIFFICULTY DECIDING PERCENTAGES OF FAULT, IF ANY, TO BE ASSIGNED TO DIFFERENT PARTIES AND NON-PARTIES, WITH THE TOTAL OF THESE PERCENTAGES ADDING UP TO 100%.

Question 2:

ONE OF THE NON-PARTIES AS TO WHICH THE JURY IS THIS CASE MAY HAVE TO ASSESS FAULT, IS FEMA. THEREFORE, THE JURY MAY HAVE TO ASSIGN A PERCENTAGE OF FAULT TO FEMA. WOULD ANYONE HAVE

DIFFICULTY PUTTING ASIDE ANY PRE-EXISTING ATTITUDES ABOUT FEMA AND ASSESSING THE FAULT OF FEMA, IF ANY, BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS TRIAL?

Question 3:

THE LAW ALLOWS A PLAINTIFF IN A CASE SUCH AS THIS TO BE COMPENSATED MOMENTARILY FOR DAMAGES PROVEN TO BE CAUSED BY THE FAULT OF A DEFENDANT. IN THIS CASE, THE PLAINTIFF SEEKS TO RECOVER DAMAGES FOR HIS PHYSICAL PAIN AND SUFFERING, MENTAL ANGUISH AND EMOTIONAL DISTRESS INCLUDED BUT NOT LIMITED TO FEAR OF CANCER, FUTURE MEDICAL EXPENSES, AND THE LOSS OF IMPAIRMENT OF THE ENJOYMENT OF LIFE'S PLEASURES. WILL ANYONE HAVE DIFFICULTY CONSIDERING THESE CLAIMS FOR DAMAGES AND DETERMINING A FAIR AMOUNT TO COMPENSATE FOR SUCH DAMAGES, ASSUMING FAULT ON THE PART OF THE DEFENDANT IS ESTABLISHED?

Question 4:

IN THIS CASE, THE DEFENDANT WILL ASSERT THAT FORMALDEHYDE IS A SUBSTANCE COMMONLY FOUND IN EVERYDAY LIFE. HOW MANY OF YOU, BECAUSE OF THIS, WILL HAVE DIFFICULTY FAIRLY CONSIDERING THE PLAINTIFF'S CLAIM THAT SHE WAS HARMED BY THE LEVELS OF FORMALDEHYDE IN A TRAVEL TRAILERS?

Question 5:

DO ANY OF YOU FEEL THAT, SINCE THE FEDERAL GOVERNMENT (FEMA) PROVIDED THE TRAVEL TRAILER IN THIS CASE TO THE PLAINTIFF EARLINE CASTANEL AS EMERGENCY HOUSING, THIS MUST MEAN THAT THE TRAILER WAS SAFELY DESIGNED AND MADE BY THE MANUFACTURER RECREATION BY

DESIGN?

Question 6:

IN THIS CASE, THE PLAINTIFF'S MOTHER, BOBBIE WRIGHT, DID APPLY FOR EMERGENCY HOUSING ASSISTANCE AFTER HURRICANE KATRINA, AND THIS IS WHY FEMA PROVIDED THE TRAVEL TRAILER TO THE PLAINTIFF. WOULD ANYONE HAVE DIFFICULTY IN CONSIDERING THE CLAIMS OF MR. WRIGHT BECAUSE OF THE FACT THAT THESE CLAIMS OF ALLEGED HARM FROM FORMALDEHYDE EXPOSURE RESULT FROM LIVING IN A TRAVEL TRAILER WHICH WAS PROVIDED TO PLAINTIFF FREE OF CHARGE, AS EMERGENCY HOUSING?