**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In Re: FEMA TRAILER                                    MDL NO. 07-1873
   FORMALDEHYDE PRODUCTS
   LIABILITY LITIGATION
               SECTION "N"  (5)

THIS DOCUMENT RELATES TO:
Earline Castanel v.
Recreation by Design, LLC
Member Case No. 09-3251

**RBD's PROPOSED JURY INSTRUCTIONS**

MEMBERS OF THE JURY[1]:

   YOU HAVE HEARD THE EVIDENCE IN THIS CASE.  I WILL NOW INSTRUCT

YOU ON THE LAW THAT YOU MUST APPLY.  IN ANY JURY TRIAL, THERE ARE, IN

EFFECT, TWO JUDGES.  I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY.

IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT

TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR

CONSIDERATION.  IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT

YOU ON THE LAW APPLICABLE TO THE CASE.  IT IS YOUR DUTY TO FOLLOW THE

LAW AS I SHALL STATE IT TO YOU.   YOU MUST APPLY THAT LAW TO THE FACTS

---

[1]  5th Cir. Rule 3.1

AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE.  YOU ARE NOT TO SINGLE

OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE

INSTRUCTIONS AS A WHOLE.

## STIPULATIONS OF FACT[2]

THE PARTIES HAVE AGREED, OR STIPULATED TO THE FOLLOWING:

TO BE PROVIDED

THIS MEANS THAT ALL PARTIES AGREE THAT THESE ARE FACTS.  YOU

MUST THEREFORE TREAT THESE FACTS AS HAVING BEEN PROVED.

## PUBLICITY DURING TRIAL[3]

IF THERE IS PUBLICITY OR OTHER DISCUSSION ABOUT THIS TRIAL OUTSIDE

THIS COURTROOM, YOU MUST IGNORE IT.  YOU MUST DECIDE THIS CASE ONLY

FROM THE EVIDENCE PRESENTED IN THE TRIAL.

---

[2]   5th Cir. Rule 2.3

[3]   5TH Cir. Rule 2.6

## DEMONSTRATIVE EVIDENCE[4]

A DEMONSTRATIVE EXHIBIT IS AN ILLUSTRATION.  IT IS A PARTY'S SUMMARY, CHARGE, PICTURE, VIDEO OR VIDEO GRAPHIC, OR MODEL USED TO DESCRIBE SOMETHING INVOLVED IN THIS TRIAL. IF YOUR RECOLLECTION OF THE EVIDENCE DIFFERS FROM THE EXHIBIT, RELY ON YOUR RECOLLECTION.

## USE OF NOTES TAKEN BY JURORS[5]

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY.  IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES.  THE NOTES ARE NOT EVIDENCE.  IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS.  NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

---

[4]     A variation of 5th Cir. Rule 2.8

[5]     5th Cir. Rule 2.21

## IMPEACHMENT BY WITNESSES' INCONSISTENT STATEMENTS[6]

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS,
YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO
PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT,
OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS
SAID [OR DID] SOMETHING, [OR FAILED TO SAY OR DO SOMETHING] THAT WAS
DIFFERENT FROM THE TESTIMONY HE GAVE AT THE TRIAL.

## EXPERT WITNESSES[7]

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL
TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT
TECHNICAL FIELD—HE IS CALLED AN EXPERT WITNESS—IS PERMITTED TO
STATE HIS OPINION ON THOSE TECHNICAL MATTERS.  HOWEVER, YOU ARE NOT
REQUIRED TO ACCEPT THAT OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO
YOU TO DECIDE WHETHER TO RELY UPON IT.

---

[6]     5th Cir. Rule 2.16

[7]     5th Cir. Rule 2.19

## DEPOSITION TESTIMONY[8]

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A VIDEOTAPED DEPOSITION, OR A DEPOSITION READ TO YOU, HERE IN THE COURTROOM.  A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL.  UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION.  SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THIS WITNESS UNDER OATH.  A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY.  THE QUESTIONS AND ANSWERS HAVE BEEN PLAYED OR READ TO YOU AT TRIAL.  THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION AND IS TO BE JUDGED BY YOU AS TO CREDIBILITY AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

---

[8]     5th Cir. Rule 2.23

## THE TESTIMONY OF PLAINTIFF'S TREATING PHYSICIANS[9]

THE TESTIMONY OF PHYSICIANS WHO EXAMINE AND TREAT AN INJURED PERSON IS ENTITLED TO GREATER WEIGHT THAN THAT OF PHYSICIANS WHO ONLY EXAMINE THE INJURED PERSON ONCE.

## CONSIDERATION OF THE EVIDENCE[10]

YOU MUST CONSIDER ONLY THE EVIDENCE IN THIS CASE.  HOWEVER, YOU MAY DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO MAKE FROM THE TESTIMONY AND EVIDENCE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER.  ONE IS DIRECT EVIDENCE—SUCH AS TESTIMONY OF AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE—THE PROOF OF CIRCUMSTANCES

---

[9] Plaintiff'S Requested Jury Charge no. 46, to which no party specifically objected.

[10] 5th Cir. Rule 2.18

THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF

CERTAIN OTHER FACTS.  THE LAW MAKES NO DISTINCTION BETWEEN DIRECT

AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE

FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND

CIRCUMSTANTIAL.

## BIAS—CORPORATE PARTY AND/OR GOVERNMENT INVOLVED[11]

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR

DELIBERATIONS.  A CORPORATION, THE UNITED STATES GOVERNMENT, ITS

OFFICERS, AND ALL OTHER PERSONS ARE EQUAL BEFORE THE LAW AND MUST

BE TREATED AS EQUALS IN A COURT OF JUSTICE.

## BURDEN OF PROOF[12]

IN THIS CASE, THE PLAINTIFF MUST PROVE EVERY ESSENTIAL PART OF

HER CLAIMS BY A PREPONDERANCE OF THE EVIDENCE.  THIS IS SOMETIMES

CALLED THE "BURDEN OF PROOF."

---

[11]     5th Cir. Rule 2.13;   FEMA's charge

[12]     Variation of 5th Cir. Rule 2.20;   Judge Engelhardt's instruction; VARIATION OF FLUOR
PROPOSED INSTRUCTION: BURDEN OF PROOF (Rec. Doc. 2106).

A "PREPONDERANCE OF THE EVIDENCE" MEANS THE GREATER WEIGHT AND DEGREE OF CREDIBLE EVIDENCE BEFORE YOU.  IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE JUST MEANS THE AMOUNT OF EVIDENCE THAT PERSUADES YOU THAT A CLAIM OR DEFENSE IS MORE LIKELY SO THAN NOT SO.  IN DETERMINING WHETHER ANY FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE IN THE CASE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF THE PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

TO BE CLEAR, PLAINTIFS NEEDS PROVE THEIR CLAIMS ONLY BY A PREPONDERANCE OF THE EVIDENCE.  PLAINTIFF NEEDS NOT PRODUCE EVERY POSSIBLE WITNESS, AND SHE NEED NOT PROVE HER CASE BEYOND A REASONABLE DOUBT, AS IS NECESSARY IN A CRIMINAL PROSECUTION.  BUT SPECULATION OR MERE POSSIBILITY AND EVEN UNSUPPORTED PROBABILITY IS NOT SUFFICIENT TO SUPPORT A JUDGMENT IN HER FAVOR.

THE MERE FACT THAT AN INCIDENT HAPPENS OR AN INJURY OCCURS DOES NOT RAISE A PRESUMPTION THAT ANY PARTY, PERSON, OR ENTITY WAS AT FAULT.[13]

## PLAINTIFF'S PRODUCTS LIABILITY CLAIMS[14]

PLAINTIFF EARLINE CASTANELCLAIMS THAT RECREATION BY DESIGN, LLCIS LIABLE FOR HERDAMAGES AS THE MANUFACTURER OF THE EMERGENCY HOUSING UNIT ("EHU") THAT SHE OCCUPIED.  PLAINTIFF CLAIMS THESE DAMAGES UNDER THE LOUISIANA PRODUCTS LIABILITY ACT, WHICH I WILL REFER TO AS THE "LPLA".[15]   .

## LOUISIANA PRODUCTS LIABILITY ACT[16]

THE LPLA PROVIDES THE EXCLUSIVE REMEDY AGAINST A MANUFACTURER FOR INJURIES OR DAMAGES CAUSED BY AN UNREASONABLY

---

[13]     Variation of Gulf Stream's burden of proof charge; *Musso v. St. Mary Parish Hospital Service*, 345 So.2d 129, 130 (La. App. 1st Cir. 1977).

[14]     Judge's Engelhardt's introductory charge.

[15]     VARIATION OF PLAINTIFF'S REQUESTED JURY CHARGE NO. 1 (Rec. Doc. 2045).

[16]     COURT'S INSTRUCTION.

DANGEROUS PRODUCT.[17]  THERE ARE THREE SEPARATE THEORIES OF LIABILITY UNDER THE LPLA THAT ARE APPLICABLE TO THIS CASE: (1) LIABILITY BASED ON UNREASONABLY DANGEROUS CONSTRUCTION OR COMPOSITION; (2) LIABILITY BASED ON UNREASONABLE DANGEROUS DESIGN; AND (3) LIABILITY BASED ON INADEQUATE WARNING, RENDERING THE PRODUCT UNREASONABLY DANGEROUS.[18]

### (1) LIABILITY BASED ON UNREASONABLY DANGEROUS CONSTRUCTION OR COMPOSITION[19]

IN THIS CASE, PLAINTIFF CLAIMS THAT THE PRODUCT MANUFACTURED BY RECREATION BY DESIGN WAS UNREASONABLY DANGEROUS IN CONSTRUCTION OR COMPOSITION. IN ORDER TO BE SUCCESSFUL, PLAINTIFFS MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

(1) THE PRODUCT IN QUESTION DEVIATED IN A MATERIAL WAY FROM THE MANUFACTURER'S SPECIFICATIONS OR PERFORMANCE STANDARDS FOR THE PRODUCT, OR FROM OTHERWISE IDENTICAL PRODUCTS MANUFACTURED BY RECREATION BY DESIGN;

---

[17]        Taken from La. R.S. 9:2800.54(A).

[18]        Variation of Plaintiff's Request Jury Charge NO. 3 (Rec. Doc. 2045), taking into account Gulf Stream's objection to it (Rec. Doc. 2213).

[19]        18 LACIVL § 11.01; Variation of Plaintiff's Requested Jury Charge No. 7. (Rec. Doc. 2045).

(2) THE INJURY WHICH EACH PLAINTIFF SUFFERED WAS PROXIMATELY

CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT

UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT

RECREATION BY DESIGN'S CONTROL[20];

(3) THE INJURY WHICH PLAINTIFFS SUFFERED AROSE FROM A

REASONABLY ANTICIPATED USE OF THE PRODUCT BY PLAINTIFF OR SOME

OTHER PERSON; AND

(4) THERE WAS ACTUAL DAMAGE TO THE PERSON OF PLAINTIFF.


**(2)  LIABILITY BASED ON UNREASONABLY DANGEROUS DESIGN**[21]

IN THIS CASE, PLAINTIFF CLAIMS THAT THE PRODUCT MANUFACTURED BY

RECREATION BY DESIGNWAS UNREASONABLY DANGEROUS IN ITS DESIGN. IN

ORDER TO BE SUCCESSFUL, PLAINTIFF MUST PROVE BY A PREPONDERANCE OF

THE EVIDENCE THAT:

(1) THERE WAS AN ALTERNATIVE DESIGN FOR THE PRODUCT THAT WAS

CAPABLE OF PREVENTING THE INJURIES, AND THE LIKELIHOOD THAT THE

PRODUCT'S DESIGN WOULD CAUSE THE INJURIES AND THE SERIOUSNESS OF

THAT INJURY OUTWEIGHED THE BURDEN ON THE DEFENDANT OF USING THAT

---

Variation of Plaintiff's Requested Jury Charge No. 5 (Rec. Doc. 2045).

[21]     18 LACIVL § 11.02; Variation of Plaintiff's Requested Jury Charge No. 8. (Rec. Doc. 2045); taking into account Gulf Stream's objection thereto (See Rec. Doc. 2213).

ALTERNATIVE DESIGN AND THE ADVERSE EFFECT OF USING THAT ALTERNATIVE DESIGN ON THE UTILITY OF THE PRODUCT;

(2) THE INJURY WHICH PLAINTIFF SUFFERED WAS PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT THE MANUFACTURER'S CONTROL OR RESULTED FROM A REASONABLY ANTICIPATED ALTERATION OF THE PRODUCT LATER[22];

(3) THE INJURIES WHICH PLAINTIFF SUFFERED AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT BY THE PLAINTIFF OR SOME OTHER PERSON; AND

(4) THERE WAS ACTUAL DAMAGE TO THE TO THE PERSON OF PLAINTIFF.

IF YOU FIND THAT THE RECREATION BY DESIGN HAS USED REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING TO THE USERS OF THE PRODUCT, THEN YOU MUST CONSIDER THE EFFECT OF THAT WARNING IN DECIDING THE LIKELIHOOD THAT THE DESIGN OF THE PRODUCT WOULD CAUSE PLAINTIFFS' INJURIES.

### (3)  LIABILITY BASED ON INADEQUATE WARNING[23]

---

[22]    Variation of Plaintiff's Requested Jury Charge No. 5 (Rec. Doc. 2045).

[23]    18 LACIVL § 11.03, MODIFIED.

IN THIS CASE, THE PLAINTIFFS CLAIM THAT THE PRODUCT MANUFACTURED BY RECREATION BY DESIGN WAS UNREASONABLY DANGEROUS BECAUSE OF AN INADEQUATE WARNING ABOUT ITS POTENTIAL RISKS. IN ORDER TO BE SUCCESSFUL, PLAINTIFFS MUST PROVE EACH OF THE FOUR ELEMENTS BY A PREPONDERANCE OF THE EVIDENCE:

(1) AT THE TIME THE PRODUCT LEFT RECREATION BY DESIGN'S CONTROL, THE PRODUCT HAD A CHARACTERISTIC THAT MIGHT CAUSE DAMAGE AND RECREATION BY DESIGN FAILED TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OF THAT CHARACTERISTIC AND ITS DANGER TO USERS OF THE PRODUCT[24];

(2) THE INJURY WHICH EACH PLAINTIFF SUFFERED WAS PROXIMATELY CAUSED BY A CHARACTERISTIC OF THE PRODUCT WHICH MADE IT UNREASONABLY DANGEROUS AND EXISTED AT THE TIME THE PRODUCT LEFT THE RECREATION BY DESIGN'S CONTROL OR RESULTED FROM A REASONABLY ANTICIPATED ALTERATION OF THE PRODUCT LATER[25];

(3) THE INJURY WHICH PLAINTIFF SUFFERED AROSE FROM A REASONABLY ANTICIPATED USE OF THE PRODUCT BY THE PLAINTIFF OR SOME OTHER PERSON; AND

(4) THERE WAS ACTUAL DAMAGE TO THE TO THE PERSON OF EACH PLAINTIFF.

---

[24]    Plaintiff's Requested Jury Charge No. 10. (Rec. Doc. 2045).

[25]    Variation of Plaintiff's Requested Jury Charge No. 5 (Rec. Doc. 2045).

ONCE A PLAINTIFF PROVES THAT THE LACK OF ADEQUATE WARNING RENDERED THE PRODUCT UNREASONABLY DANGEROUS, THERE IS A PRESUMPTION THAT HAD THE MANUFACTURER PROVIDED AN ADEQUATE WARNING, THE USER WOULD HAVE BOTH READ AND HEEDED THE WARNING. THIS PRESUMPTION MAY BE REBUTTED BY COMPETENT EVIDENCE.[26]

## LPLA - OTHER DEFINITIONS

THE LPLA PROVIDES SPECIFIC DEFINITIONS FOR CERTAIN TERMS THAT ARE USED IN THESE INSTRUCTIONS, WHICH I WILL EXPLAIN TO YOU NOW:

WHEN I USE THE TERM "REASONABLY ANTICIPATED USE," I MEAN USE OF A PRODUCT THAT THE MANUFACTURER SHOULD REASONABLY EXPECT OF AN ORDINARY PERSON IN SIMILAR CIRCUMSTANCES.[27]

WHEN I USE THE TERM "ADEQUATE WARNING," I MEAN A WARNING OR INSTRUCTION THAT WOULD LEAD AN ORDINARY USER OF A PRODUCT TO CONTEMPLATE THE DANGER IN USING THE PRODUCT, AND THEN EITHER TO

---

[26]     Plaintiff's Requested Jury Charge No. 18 (Rec. Doc. 2045); *Gauthier v. McDonough Power Equipment, Inc.*, 608 So.2d 1086, 1089 (La. App. 3 Cir. 1992).

[27]     18 LACIVL § 11.01; variation of plaintiff's requested jury charge no. 4 (Rec. Doc. 2045).

14

DECLINE TO USE IT OR, IF POSSIBLE, TO USE IT IN SUCH A MANNER AS TO AVOID

THE INJURY FOR WHICH THE CLAIM IS MADE.[28]

WHEN I USE THE TERM "REASONABLY ANTICIPATED ALTERATION" OF THE

PRODUCT AT A LATER TIME, I MEAN A CHANGE IN THE PRODUCT THAT THE

MANUFACTURER SHOULD REASONABLY EXPECT TO BE MADE BY AN ORDINARY

PERSON IN SIMILAR CIRCUMSTANCES, OR A CHANGE ARISING FROM ORDINARY

WEAR AND TEAR.[29] I DO NOT MEAN BY THAT TERM (1) FAILURE OF A PERSON

OTHER THAN THE MANUFACTURER REASONABLY TO PASS ON A WARNING

ABOUT THE PRODUCT PROVIDED BY THE MANUFACTURER TO THAT PERSON

RATHER THAN TO THE ACTUAL USER, OR (2) CHANGES TO THE PRODUCT OR ITS

OPERATION BECAUSE IT DOES NOT RECEIVE REASONABLE CARE AND

MAINTENANCE. THESE ARE NOT REASONABLY ANTICIPATED ACTIONS FOR

WHICH THE DEFENDANT MAY BE HELD RESPONSIBLE BASED ON INADEQUATE

WARNING.[30]

---

[28]     18 LACIVL § 11.02; Variation of Plaintiff's requested jury Charge No. 12.

[29]     Plaintiff's Requested Jury Charge No. 5 (Rec. Doc. 2045).

[30]     18 LACIVL § 11.02

## CERTAIN CIRCUMSTANCES, HOWEVER, UNDER WHICH A MANUFACTURER DOES NOT HAVE TO PROVIDE AN ADEQUATE WARNING[31]

THERE ARE CERTAIN CIRCUMSTANCES, HOWEVER, UNDER WHICH A MANUFACTURER DOES NOT HAVE TO PROVIDE AN ADEQUATE WARNING AS DESCRIBED ABOVE. A MANUFACTURER DOES NOT HAVE TO PROVIDE SUCH A WARNING WHEN:

(1) THE DANGER OF THE PRODUCT IS NOT BEYOND THAT WHICH WOULD BE CONTEMPLATED BY THE ORDINARY USER, WITH THE ORDINARY KNOWLEDGE COMMON TO THE COMMUNITY AS TO THE PRODUCT'S CHARACTERISTICS; OR

(2) THE USER ALREADY KNOWS OR REASONABLY SHOULD BE EXPECTED TO KNOW OF THE CHARACTERISTIC OF THE PRODUCT THAT MAY CAUSE INJURY AND THE DANGER OF THAT CHARACTERISTIC.

## INADEQUATE WARNING—STATE OF THE ART DEFENSE[32]

A MANUFACTURER IS NOT LIABLE FOR THE UNREASONABLE DANGER OF A PRODUCT DUE TO INADEQUATE WARNING IF HE PROVES THAT, AT THE TIME THE PRODUCT LEFT ITS CONTROL, IT DID NOT KNOW AND, IN LIGHT OF THE

---

[31]     18 LACIVL § 11.03.

[32]     18 LACIVL § 11.06

16

REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE THEN

EXISTING, COULD NOT HAVE KNOWN OF THE CHARACTERISTIC OF THE PRODUCT

OR ITS DANGER THAT CAUSED THE INJURY.

## **MANUFACTURER—NO DUTY TO DESIGN PERFECT PRODUCT**[33]

A MANUFACTURER CANNOT BE EXPECTED TO DESIGN PRODUCTS WITH

COMPONENT PARTS WHICH WILL NEVER WEAR OUT, REGARDLESS OF THE

NATURE OF USE OR MAINTENANCE OF THE PRODUCT. A MANUFACTURER IS

ENTITLED TO ANTICIPATE THAT A CONSUMER PURCHASING ITS PRODUCT WILL

USE REASONABLE CARE IN MAINTAINING IT.

## **UNREASONABLY DANGEROUS IN DESIGN—STATE OF THE ART DEFENSE**[34]

---

[33]   18 LACIVL § 11.14

[34]   18 LACIVL § 11.07

A MANUFACTURER IS NOT LIABLE FOR THE UNREASONABLE DANGER OF A PRODUCT DUE TO ITS DESIGN IF IT PROVES THAT, AT THE TIME THE PRODUCT LEFT ITS CONTROL:

(1) IT DID NOT KNOW AND, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE THEN EXISTING, COULD NOT HAVE KNOWN OF THE DESIGN CHARACTERISTIC OR ITS DANGER THAT CAUSED THE INJURY, OR OF THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFFS; OR

(2) THE ALTERNATIVE DESIGN IDENTIFIED BY THE PLAINTIFFS WAS NOT FEASIBLE, IN LIGHT OF THE REASONABLY AVAILABLE SCIENTIFIC AND TECHNICAL KNOWLEDGE, OR THE ECONOMIC PRACTICALITY, THEN EXISTING.

## <u>SOPHISTICATED PURCHASER/USER</u>[35]

IN THIS CASE, RECREATION BY DESIGN HAS ASSERTED THE SOPHISTICATED PURCHASER/USER DEFENSE IN RELATION TO THE LPLA CLAIMS ASSERTED AGAINST IT BY PLAINTIFF AS RECREATION BY DESIGN SOLD THE

---

[35]    Variation of Fluor's and RECREATION BY DESIGN's special charge.  See Davis v. Avondale Industries, 975 F.2d 169, 171-72.

SUBJECT TRAILER TO MORGAN BUILDING AND SPAS WHICH, IN TURN, SOLD THE

TRAILER TO FEMA.

WHEN A MANUFACTURER OR DISTRIBUTOR SELLS A PRODUCT TO A

SOPHISTICATED PURCHASER, AND THAT PURCHASER THEN SUPPLIES THE

PRODUCT FOR USE, THE MANUFACTURER HAS NO LEGAL DUTY TO PROVIDE ANY

WARNINGS TO THE USER CONCERNING POSSIBLE HAZARDS ASSOCIATED WITH

THE PRODUCT'S USE. A SOPHISTICATED PURCHASER IS ONE WHO BY

EXPERIENCE AND EXPERTISE IS AWARE OF THE POSSIBLE HAZARDS ASSOCIATED

WITH THE USE OF THE PRODUCT, AND WHO HAS AN OBLIGATION TO INFORM

END USERS OF SUCH POTENTIAL HEALTH HAZARDS. THEREFORE, IF YOU FIND

THAT (1) RECREATION BY DESIGN IS A MANUFACTURER (WHICH IS UNDISPUTED),

AND (2) MORGAN BUILDING AND SPAS OR THE UNITED STATES THROUGH FEMA

IS A SOPHISTICATED PURCHASER OF THIS RECREATION BY DESIGN TRAILER,

THEN YOU MUST RETURN YOUR VERDICT IN FAVOR OF RECREATION BY DESIGN

ON THE LPLA CLAIMS BASED ON INADEQUATE WARNINGS.

GULFSTREAM

## COMPARATIVE FAULT AND/OR NEGLIGENCE[36]

_____IN CERTAIN INSTANCES, A MANUFACTURER OR OTHER DEFENDANT IS NOT LIABLE FOR THE ENTIRETY OF THE HARM SUFFERED BY A PLAINTIFF, IF THE HARM IS CAUSED IN PART BY THE CONTRIBUTING FAULT OR NEGLIGENCE OF ANOTHER DEFENDANT, THE PLAINTIFF HERSELF, OR A PERSON OR ENTITY WHO IS NOT A PARTY TO THIS CASE ("A NON-PARTY").  THIS IS AN ISSUE ON WHICH THE DEFENDANT HAS THE BURDEN OF PROOF.  THE DEFENDANT MUST PROVE THIS DEFENSE BY A PREPONDERANCE OF THE EVIDENCE.

IF YOU CONCLUDE THAT THE CONDUCT OF THE DEFENDANTS,  THE PLAINTIFFS, OR A NON-PARTY CAUSED OR CONTRIBUTED TO THE  PLAINTIFFS' INJURIES, THEN YOU MUST ASSIGN PERCENTAGES OF FAULT TO EACH ONE.

LOUISIANA LAW REQUIRES THAT YOU DIVIDE THE TOTAL RESPONSIBILITY FOR THIS INCIDENT AMONG ALL THOSE AT FAULT.  YOU SHOULD DO THIS BY ASSIGNING PERCENTAGES OF FAULT TO THE VARIOUS INVOLVED PARTIES/NON-PARTIES WHICH WILL TOTAL 100%.  YOU ARE FREE TO ASSIGN WHATEVER PERCENTAGE YOU FEEL APPROPRIATE.

IF YOU DETERMINE THAT A REDUCTION IN A PLAINTIFF'S RECOVERY IN THIS CASE WILL PROVIDE CONSUMERS GENERALLY WITH AN INCENTIVE TO USE A PRODUCT CAREFULLY, WITHOUT REQUIRING AN EXCEPTIONAL SACRIFICE OF

---

[36]        Judge Engelhardt's instruction; variation of 18 LACIVL § 11.12; variation of Plaintiff's Requested Jury Charge Nos. 37, 38, 39.

OTHER INTERESTS, YOU MAY ASSIGN A PERCENTAGE OF FAULT TO THE

PLAINTIFFS IN THE MANNER THAT I WILL DESCRIBE TO YOU.

ON THE OTHER HAND, IF YOU DETERMINE THAT A REDUCTION IN

PLAINTIFF'S RECOVERY WILL NOT REALISTICALLY SERVE TO PROMOTE

CAREFUL PRODUCT USE BY THE CONSUMER, OR WOULD DRASTICALLY REDUCE

THE MANUFACTURER'S INCENTIVE TO MAKE A SAFER PRODUCT, YOU MAY

DECIDE NOT TO ASSIGN A PERCENTAGE OF FAULT TO A PLAINTIFF.

IN DETERMINING THOSE PERCENTAGES, YOU MAY CONSIDER BOTH THE

NATURE OF THE FAULT OR NEGLIGENT CONDUCT AND THE EXTENT OF THE

CAUSAL RELATION BETWEEN SUCH FAULT OR CONDUCT AND EACH PLAINTIFF'S

INJURIES.

WHEN I SAY "THE NATURE OF THE FAULT OR NEGLIGENT CONDUCT," I

MEAN THAT YOU MAY CONSIDER:  (1) WHETHER THE CONDUCT RESULTED FROM

INADVERTENCE OR RATHER INVOLVED AN AWARENESS OF THE DANGER

INVOLVED;  (2) HOW GREAT THE RISK CREATED BY THE CONDUCT WAS;  (3) THE

IMPORTANCE OF WHAT WAS SOUGHT BY THE CONDUCT;  (4) THE PHYSICAL AND

MENTAL CAPACITIES OF THE PERSON, EITHER ORDINARY OR PERHAPS SUPERIOR

OR INFERIOR;  AND (5) ANY EXTENUATING CIRCUMSTANCES WHICH MIGHT

HAVE REQUIRED A PARTY TO ACT IN HASTE, WITHOUT PROPER THOUGHT.

WHEN I SAY "THE EXTENT OF THE CAUSAL RELATION" BETWEEN THE

CONDUCT AND THE INJURIES, I MEAN THAT YOU MAY CONSIDER THE EXTENT

TO WHICH THE CONDUCT CONTRIBUTED TO THE HAPPENING OF THE ACCIDENT

AND PLAINTIFFS' INJURIES.

### GOVERNMENT CONTRACTOR DEFENSE[37]

RECREATION BY DESIGN ASSERTS THAT EACH IS A GOVERNMENT

CONTRACTOR THAT PERFORMED ITS WORK ACCORDING TO AND IN

COMPLIANCE WITH SPECIFICATIONS APPROVED AND MANDATED BY FEMA.

RECREATION BY DESIGN HAS THE BURDEN OF PROVING THAT IT IS A

GOVERNMENT CONTRACTOR.

IN THIS REGARD, I INSTRUCT YOU THAT A RECREATION BY DESIGN

CANNOT BE LIABLE UNDER THE LPLA WHERE:

(1) THE FEDERAL GOVERNMENT APPROVES "REASONABLY PRECISE"

SPECIFICATIONS;

(2) RECREATION BY DESIGN'S PRODUCT CONFORMS TO THOSE SPECIFICATIONS;

AND

---

[37]     Variation of Fluor'S charge (Rec. Doc. 2106); *IN RE KATRINA CANAL BREACHES CONSOL. LITIG.,* NO. 05-4182, 2007 WL 4219351, AT *5 (E.D. LA. NOV. 27, 2007).

(3) RECREATION BY DESIGN'S PRODUCT WARNS THE GOVERNMENT AT THE TIME OF THE FIRST SALE OF THE PRODUCT OF PRODUCT ANY DANGERS THAT WERE KNOWN TO RECREATION BY DESIGN BUT NOT KNOWN TO THE GOVERNMENT.

THEREFORE, IF YOU FIND THAT AT THE TIME OF THE FIRST SALE (1) THE GOVERNMENT APPROVED REASONABLY PRECISE WORK PLANS AND SPECIFICATIONS FOR RECREATION BY DESIGN'S PRODUCT, (2) RECREATION BY DESIGN'S PRODUCT CONFORMED TO THE GOVERNMENT'S APPROVED PLANS AND SPECIFICATIONS, AND (3) RECREATION BY DESIGN HAD NO ACTUAL KNOWLEDGE, NOT OTHERWISE KNOWN TO THE GOVERNMENT, OF ANY DANGERS WITH RESPECT TO THE GOVERNMENT'S PLANS FOR THE TRAILER, THEN YOU MUST RETURN YOUR VERDICT IN FAVOR RECREATION BY DESIGN ON PLAINTIFFS' LPLA CLAIMS AGAINST IT BASED ON DEFECTIVE DESIGN.

## GOVERNMENT CONTRACTOR DEFENSE – APPROVAL OF "REASONABLY PRECISE" SPECIFICATIONS[38]

THE GOVERNMENT NEED NOT PREPARE THE SPECIFICATIONS TO BE CONSIDERED TO HAVE APPROVED THEM, AS LONG AS THE GOVERNMENT

---

[38]     Fluor's Charge (Rec. Doc. 2106); *KERSTETTER V. PAC. SCI. CO.*, 210 F.3D 431, 435 (5TH CIR. 2000).

PROVIDES A SUBSTANTIVE REVIEW OR EVALUATION OF RECREATION BY

DESIGN'S PLANS. EVIDENCE OF CONTINUOUS BACK AND FORTH BETWEEN

RECREATION BY DESIGN AND THE GOVERNMENT, SUCH AS PROOF THAT

RECREATION BY DESIGN AND GOVERNMENT WORKED CLOSELY TOGETHER ON

THE DEVELOPMENT OF A PROJECT FROM ITS PLANNING STAGES THROUGH ITS

FULL PRODUCTION GENERALLY IS SUFFICIENT. THE SPECIFICATIONS NEED NOT

ADDRESS THE SPECIFIC DEFECT ALLEGED; THE GOVERNMENT NEED ONLY

EVALUATE THE DESIGN FEATURE IN QUESTION.


### GOVERNMENT CONTRACTOR DEFENSE-CONFORMANCE WITH GOVERNMENT-APPROVED SPECIFICATIONS[39]

THE GOVERNMENT'S ISSUANCE OF A FORM OR REPORT INDICATING

ACCEPTANCE OF THE PRODUCT AND/OR CONFORMITY WITH ALL REQUIRED

SPECIFICATIONS IS EVIDENCE THAT RECREATION BY DESIGN'S PRODUCT MET

THE GOVERNMENT'S REQUIREMENTS. THIS CONDITION ALSO MAY BE SATISFIED

BY SHOWING THAT THE GOVERNMENT SUPERVISED AND CONTROLLED

RECREATION BY DESIGN'S IMPLEMENTATION OF APPROVED SPECIFICATIONS, OR

THAT THE GOVERNMENT INSPECTED, ACCEPTED AS COMPLETE OR USED

RECREATION BY DESIGN'S PRODUCT.  EXTENSIVE GOVERNMENT INVOLVEMENT

---

[39]     VARIATION OF Fluor's Charge (Rec. Doc. 2106); *MILLER V. DIAMOND SHAMROCK CO.*, 275 F.3D 414, 420 (5TH CIR. 2001) (COLLECTING CASES);*KERSTETTER V. PAC. SCI. CO.*, 210 F.3D 431, 435 (5TH CIR. 2000) (CITING *In re Air Disaster at Ramstein Air Base, Germany*, 81 F.3d 570, 575 (5th Cir.1996).

IN THE DESIGN, REVIEW, DEVELOPMENT AND TESTING OF RECREATION BY

DESIGN'S PRODUCT, AS WELL AS EXTENSIVE ACCEPTANCE AND USE OF

RECREATION BY DESIGN'S PRODUCT FOLLOWING PRODUCTION, IS EVIDENCE

THAT THE PRODUCT GENERALLY CONFORMED WITH THE

GOVERNMENT-APPROVED SPECIFICATIONS.

### GOVERNMENT CONTRACTOR DEFENSE-CONTRACTOR MUST WARN OF DANGERS KNOWN TO IT, BUT NOT TO THE GOVERNMENT[40]

RECREATION BY DESIGN SATISFIES THE GOVERNMENT CONTRACTOR

DEFENSES' THIRD CONDITION BY PROVING THAT IT KNEW OF NO REASONS NOT

KNOWN TO THE GOVERNMENT WHY THE APPLICATION OF THE APPROVED

SPECIFICATIONS WERE UNSAFE OR UNREASONABLE.  THE GOVERNMENT

CONTRACTOR DEFENSE DOES NOT REQUIRE RECREATION BY DESIGN TO WARN

THE GOVERNMENT OF DEFECTS ABOUT WHICH IT SHOULD HAVE REASONABLY

KNOWN. RATHER, A GOVERNMENT CONTRACTOR IS ONLY RESPONSIBLE FOR

WARNING THE GOVERNMENT OF DANGERS ABOUT WHICH IT HAS ACTUAL

KNOWLEDGE.  THIS THIRD CONDITION TESTS ONLY WHETHER THE CONTRACTOR

KNEW OF DANGERS NOT KNOWN TO THE GOVERNMENT.

---

[40]        Scaled-down version of Fluor'S Charge (Rec. Doc. 2106).  *TREVINO V. GEN. DYNAMICS*, 865 F.2D 1474, 1487 (5TH CIR. 1989); *KERSTETTER V. PAC. SCI. CO.*, 210 F.3D 431, 436 & 438 N.9 (5TH CIR. 2000); *MILLER V. DIAMOND SHAMROCK CO.*, 275 F.3D 414, 422-23 (5TH CIR. 2001).

## NON-LIABILITY OF CONTRACTOR FOR
## DESTRUCTION OR DETERIORATION OF WORK[41]

A CONTRACTOR WHO PERFORMS WORK PURSUANT TO PLANS AND
SPECIFICATIONS PROVIDED BY ANOTHER PARTY CAN NOT BE HELD LIABLE TO
ANY PERSON INJURED AS A RESULT OF THAT WORK UNLESS THE CONTRACTOR
HAD A JUSTIFIABLE REASON TO BELIEVE THAT FOLLOWING THE PLANS AND
SPECIFICATIONS WOULD CREATE A HAZARDOUS CONDITION.

## FAULT ALLOCATED TO FEMA[42]

THE LAW REQUIRES YOU TO DETERMINE WHETHER FEMA'S CONDUCT
WAS "NEGLIGENT." I HAVE ALREADY INSTRUCTED YOU AS TO THE LAW
REGARDING "NEGLIGENCE" IN THE "NEGLIGENCE LIABILITY" INSTRUCTION.

## CONSIDER DAMAGES ONLY IF NECESSARY[43]

---

[41]    Variation of Fluor's La. Rev. Stat. 9:2771 charge (Rec. Doc. 2106); *Nolan v. S & W Steel Fabricators, Inc.*, 600 So.2d 929, 932 (La. App. 2d Cir. 1992); *Richard v. State Through DOTD*, 610 So.2d 839 (La. App. 1st Cir. 1992); La. Rev. Stat. § 9:2771.

[42]    Variation of Plaintiff's Requested Jury Charge No. 59.

[43]    Variation of 5th Cir. Rule 15.1.

AS TO EARLINE CASTANEL, IF YOU FIND THAT EACH OR EITHER HAS PROVEN HIS OR HER CLAIMS AGAINST THE DEFENDANT, YOU MUST ASSESS THE AMOUNT OF DAMAGES, IF ANY, ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE AS FULL AND JUST COMPENSATION FOR THE INJURIES SUFFERED BY EARLINE CASTANEL, WHICH YOU FIND TO HAVE BEEN PROXIMATELY CAUSED BY THE ACTS OF THE DEFENDANT, NO MORE AND NO LESS.   YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT EACH PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE.[44]  IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANT IS LIABLE.  I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANTS ARE LIABLE TO PLAINTIFF AND THAT THAT PLAINTIFF IS ENTITLED TO RECOVER MONEY FROMTHE DEFENDANT.

        IF YOU FIND THAT PLAINTIFFHAS PROVEN HER CLAIM AGAINST THE DEFENDANTS, YOU ARE NOT FORCED TO ASSESS AN AMOUNT OF DAMAGES FOR EACH AND EVERY ELEMENT OF DAMAGE THAT PLAINTIFF HAS CLAIMED.  IF YOU FIND  PLAINTIFF IS ENTITLED TO ONE ELEMENT OF DAMAGES, BUT NOT ANOTHER, THEN YOU ARE ONLY REQUIRED TO ASSESS DAMAGES FOR THE ELEMENT TO WHICH YOU BELIEVE  PLAINTIFF IS ENTITLED.

---

[44]     5th Cir. Rule 2.22

## <u>GENERAL AND "SPECIAL" DAMAGES</u>[45]

THE LAW RECOGNIZES BOTH GENERAL DAMAGES FOR THE PAIN AND SUFFERING WHICH A PLAINTIFF MAY HAVE FACED BECAUSE OF THIS INCIDENT AND SPECIFIC DAMAGES (SOMETIMES CALLED "SPECIAL" DAMAGES) WHICH ARE INTENDED TO REIMBURSE A PLAINTIFF FOR THE ACTUAL OR ANTICIPATED OUT-OF-POCKET EXPENSES WHICH HAVE BEEN INCURRED TO DATE OR WILL INCUR IN THE FUTURE.

IF YOU DECIDE TO AWARD PLAINTIFF SPECIAL DAMAGES, YOU SHOULD CONSIDER THE EVIDENCE THAT HAS BEEN OFFERED ON THESE ISSUES, AND YOU MAY AWARD SUMS OF MONEY FOR PAST AND FUTURE MEDICAL EXPENSES.

I REMIND YOU THAT IN THE ASSESSMENT OF DAMAGES, YOU HAVE WIDE DISCRETION IN TERMS OF BOTH THE DECISION ABOUT ANY AWARD AT ALL AND THE LEVEL OF THE AWARD.  THE FACT THAT I HAVE INSTRUCTED YOU ON DAMAGES SHOULD NOT INDICATE TO YOU THAT I BELIEVE PLAINTIFF SHOULD OR SHOULD NOT RECOVER ANY DAMAGES IN THIS CASE.  THIS IS ENTIRELY FOR YOU TO DECIDE.

## <u>COMPENSATORY DAMAGES</u>[46]

---

[45]     Judge Engelhardt's charge; variation of Plaintiff's Requested Jury Charge No. 40 .

[46]     Judge Engelhardt's charge; variation of 5TH Cir. R. 15.2; variation of Plaintiff's Requested Jury Charge Nos. 41, 42, 43.

IF YOU FIND THAT DEFENDANT IS LIABLE TOPLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF PLAINTIFF'S GENERAL DAMAGES.  THESE DAMAGES ARE ALSO CALLED "COMPENSATORY" DAMAGES.  THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE; THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGE THAT THE PLAINTIFF HAS SUFFERED.  COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT THE PLAINTIFF MAY HAVE INCURRED BECAUSE OF HER OR HIS INJURIES.  IF EARLINE CASTANEL WINS, SHE IS ENTITLED TO COMPENSATORY DAMAGES FOR PHYSICAL INJURY, AND PAIN AND SUFFERING, INCLUDING MENTAL ANGUISH AND  ANXIETY AND DISTRESS THAT SHE SUFFERED BECAUSE OF THE DEFENDANT'S CONDUCT AND/OR ACTION OR INACTIONS.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANT'S ALLEGEDLY WRONGFUL CONDUCT.  THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES, NO MORE AND NO LESS.  COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE EITHER DEFENDANT.  YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICHPLAINTIFF HAS ACTUALLY SUFFERED OR THAT PLAINTIFF IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE.  COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK.  ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFFS PROVE THE AMOUNT OF THEIR LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.  YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF COMPENSATORY DAMAGES, TO THE EXTENT YOU FIND THAT YOU FIND THEM TO HAVE BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE AND PROXIMATELY CAUSED BY THE DEFENDANTS' ACTS.

## CALCULATION OF PAST AND FUTURE DAMAGES[47]

**A.    DAMAGES ACCRUED**

IF YOU FIND FOR PLAINTIFF, SHE ARE ENTITLED TO RECOVER AN AMOUNT THAT WILL FAIRLY COMPENSATE HER FOR ANY DAMAGES THEY HAVE SUFFERED TO DATE.

---

[47]        5th Cir. Rule 15.3

30

**B.**     **CALCULATION OF FUTURE DAMAGES**

IF YOU FIND THAT PLAINTIFFIS REASONABLY CERTAIN TO SUFFER

DAMAGES IN THE FUTURE FROM HER INJURIES, THEN YOU SHOULD AWARD HER

THE AMOUNT YOU BELIEVE WOULD FAIRLY COMPENSATE HER FOR SUCH

FUTURE DAMAGES.  [IN CALCULATING FUTURE DAMAGES, YOU SHOULD

CONSIDER THE STANDARD TABLE OF MORTALITY AS COMPILED BY THE UNITED

STATES BUREAU OF THE CENSUS, OR OTHER RECOGNIZED MORTALITY TABLE.]

**C.**     **REDUCTION OF FUTURE DAMAGES TO PRESENT VALUE**

AN AWARD OF FUTURE DAMAGES NECESSARILY REQUIRES THAT

PAYMENT BE MADE NOW FOR A LOSS THAT PLAINTIFF WILL NOT ACTUALLY

SUFFER UNTIL SOME FUTURE DATE.  IF YOU SHOULD FIND THAT THE PLAINTIFF

ISENTITLED TO FUTURE DAMAGES, INCLUDING FUTURE EARNINGS, THEN YOU

MUST DETERMINE THE PRESENT WORTH IN DOLLARS OF SUCH FUTURE

DAMAGES.

IF YOU MAKE AN AWARD FOR FUTURE MEDICAL EXPENSES, YOU MUST

REDUCE IT TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE

PLAINTIFFS COULD EARN ON THE AMOUNT OF THE AWARD IF THEY MADE A

RELATIVELY RISK-FREE INVESTMENT.  THE REASON WHY YOU MUST MAKE THIS

REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE

MEDICAL EXPENSES IS MORE VALUABLE TO THE PLAINTIFF IF SHE RECEIVES IT

TODAY THAN IF SHE RECEIVED IT IN THE FUTURE, WHEN SHE WOULD

OTHERWISE HAVE INCURRED IT.  IT IS MORE VALUABLE BECAUSE THE PLAINTIFF

31

CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF

THE AWARD AND THE DATE THEY WOULD HAVE INCURRED THE EXPENSE.

THUS, YOU SHOULD ADJUST THE AMOUNT OF ANY AWARD FOR FUTURE

MEDICAL EXPENSES BY THE AMOUNT OF INTEREST THAT THAT PLAINTIFF CAN

EARN ON THAT AMOUNT IN THE FUTURE.

HOWEVER, YOU MUST NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE

FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING OR

FUTURE MENTAL ANGUISH.

## MEDICAL EXPENSES[48]

IN DETERMINING ANY AWARD THAT YOU MIGHT MAKE FOR PAST OR

FUTURE MEDICAL EXPENSES, YOU SHOULD CONSIDER THE EVIDENCE, AND THE

OPINIONS OF EXPERT WITNESSES, TO DECIDE THE REASONABLE VALUE OR

EXPENSE OF MEDICAL AND HOSPITAL CARE AND TREATMENT WHICH WAS OR

WILL BE REASONABLE AND NECESSARY FOR A PLAINTIFF'S CONDITION.[49]

---

[48]   5th Cir. Rule 15.6; variation of Plaintiff's Requested Jury Charge No. 50.

[49]   18 LACIVL § 18.05; Plaintiff's Requested Jury Charge No. 51.

## AGGRAVATION OF PRE-EXISTING CONDITION[50]

YOU MAY AWARD DAMAGES FOR AGGRAVATION OF AN EXISTING DISEASE OR PHYSICAL DEFECT OR ACTIVATION OF ANY SUCH LATENT CONDITION RESULTING FROM PHYSICAL INJURY TO EARLINE CASTANEL.

IN YOUR CONSIDERATION OF THE ITEMS OF DAMAGE YOU SHOULD BEAR IN MIND THAT UNDER THE LAW THE ONE LIABLE OR RESPONSIBLE FOR AN ACCIDENT MUST TAKE THE INJURED PERSON AS HE FINDS HER, AND IS RESPONSIBLE FOR ALL THE NATURAL AND PROBABLE CONSEQUENCES OF HER WRONG, EVEN THOUGH THEY ARE MORE SERIOUS OR HARMFUL BY REASON OF A PRE-EXISTING CONDITION, PHYSICAL DEFECT OR WEAKNESS OF THE INJURED PERSON. IF THE ACCIDENT RESULTS IN AGGRAVATION OF A PREVIOUS CONDITION OF DISABILITY OR OF PAIN OF THE INJURED PERSON, THE ONE RESPONSIBLE IS LIABLE BOTH FOR THE AGGRAVATION OF THE PRE-EXISTING CONDITION AND FOR ANY NEW INJURIES RESULTING FROM THE ACCIDENT.

HOWEVER, EARLINE CASTANELMUST PROVE (1) THE PRIOR EXISTING CONDITION AND (2) THE EXTENT OF THE AGGRAVATION. IF YOU FIND THAT SHE WOULD HAVE FACED THIS AGGRAVATION OF HIS CONDITION WHETHER THIS INCIDENT HAPPENED OR NOT, THEN SHE IS NOT ENTITLED TO DAMAGES OR

---

[50]    VARIATION OF 5TH CIR. R 15.5; 18 LACIVL § 18.10; VARIATION OF PLAINTIFF'S REQUESTED JURY CHARGE NOS. 44, 45 (Rec. Doc. 2045), taking into account RECREATION BY DESIGN's objection thereto. (Rec. Doc. 2213).

THAT PORTION OF HER CLAIM, SINCE THE DEFENDANTS ARE NOT RESPONSIBLE

FOR THE NORMAL AND NATURAL RESULTS OF HERPRIOR CONDITION.

IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION OF A PRIOR

EXISTING CONDITION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF

EARLINE CASTANEL'SCONDITION RESULTED FROM THE AGGRAVATION, AND

MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION.

### INJURY/PAIN/ LOSS OF CAPACITY FOR ENJOYMENT OF LIFE[51]

YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY THAT EARLINE

CASTANELSUSTAINED AND ANY PAIN AND SUFFERING, MENTAL ANGUISH, AND

LOSS OF CAPACITY FOR ENJOYMENT OF LIFE THAT HE EXPERIENCED IN THE

PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF THE INJURY.  NO

EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR

PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED.  YOU ARE

NOT TRYING TO DETERMINE VALUE, BUT AN AMOUNT THAT WILL FAIRLY

COMPENSATE EARLINE CASTANELFOR THE DAMAGES HE  HAS SUFFERED.

THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE

AWARDED FOR THESE ELEMENTS OF DAMAGE.  ANY AWARD THAT YOU MAKE

SHOULD BE FAIR IN THE LIGHT OF THE EVIDENCE.

---

[51]        5th Cir. Rule 15.4; VARIATION OF PLAINTIFFS' REQUESTED CHARGE NO. 49.

## MENTAL ANGUISH[52]

THE LAW RECOGNIZES THAT A PLAINTIFF MAY SUFFER MENTAL DISTRESS AND ANGUISH AS A RESULT OF AN INCIDENT AS WELL AS PHYSICAL PAIN AND SUFFERING.  YOU ARE PERMITTED TO CONSIDER SUCH CONSEQUENCES AS A PART OF THE GENERAL DAMAGES WHICH YOU MAY AWARD.  BY "MENTAL DISTRESS AND ANGUISH," I MEAN SUBSTANTIAL WORRY OR CONCERN, GRIEF AND THE LIKE.

## NO DAMAGES FOR FUTURE DISEASE[53]

OTHER THEN MEDICAL MONITORING COSTS AND FEAR OF CANCER DAMAGES, A PLAINTIFF MAY NOT RECOVER FOR DAMAGES THAT HE OR SHE DOES NOT PRESENTLY HAVE.  OTHER DAMAGES FOR A PARTICULAR DISEASE ARE NOT RECOVERABLE UNLESS AND UNTIL A DISEASE IS DIAGNOSED.[54]  THIS IS TRUE BECAUSE IF THE PLAINTIFF DEVELOPS CANCER OR ANOTHER ILLNESS OR

---

[52]     18 LACIVL § 18.12

[53]     Variation of RECREATION BY DESIGN's Supplemental Jury Charge Request.

[54]     *Hagerty v. L & L Marine Services, Inc.*, 788 F.2d 315 (5th Cir. 1986).

DISEASE AT ANOTHER TIME, THEN HE IS ENTITLED TO BRING ANOTHER LAWSUIT
REGARDING THAT CONDITION AT A LATER DATE.

## MITIGATION OF DAMAGES[55]

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT
OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO
MITIGATE—TO AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND EITHER OR BOTH THE DEFENDANTS ARE LIABLE AND A
PLAINTIFF HAS SUFFERED DAMAGES, THAT PLAINTIFF MAY NOT RECOVER FOR
ANY ITEM OF DAMAGE WHICH SHE OR HE COULD HAVE AVOIDED THROUGH
REASONABLE EFFORT.  IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE
THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN
OPPORTUNITY TO LESSEN THEIR DAMAGES, YOU SHOULD DENY THAT PLAINTIFF
RECOVERY FOR THOSE DAMAGES WHICH SHE OR HE WOULD HAVE AVOIDED
HAD THEY TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER PLAINTIFF ACTED REASONABLY
IN AVOIDING OR MINIMIZING THEIR DAMAGES.  AN INJURED PLAINTIFF MAY NOT
SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HER
DAMAGES.  HOWEVER, A PLAINTIFF IS NOT REQUIRED TO EXERCISE
UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING
THE DAMAGES.  THE DEFENDANTS HAVE THE BURDEN OF PROVING THE

---

[55] 5th Cir. Rule 15.15

DAMAGES WHICH THAT PLAINTIFF COULD HAVE MITIGATED.  IN DECIDING

WHETHER TO REDUCE A PLAINTIFF'S DAMAGES BECAUSE OF A FAILURE TO

MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR

CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING

WHETHER THE DEFENDANTS HAVE SATISFIED HIS BURDEN OF PROVING THAT

THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.


## ATTORNEY'S FEES[56]

IN DECIDING THE DAMAGES TO WHICH A PLAINTIFF MAY BE ENTITLED IF

SHE OR HE HAVE OTHERWISE PROVEN HER OR HIS CLAIM BY A PREPONDERANCE

OF THE EVIDENCE, YOU MAY NOT CONSIDER OR AWARD ANY ATTORNEY'S FEES

WHICH THE PLAINTIFF MAY BE REQUIRED TO PAY AS A RESULT OF THIS

PROCEEDING.


## INSTRUCTIONS ON DELIBERATION[57]

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH ONE

ANOTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO.  EACH OF

YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL

---

[56]     18 LACIVL § 11.11

[57]     5th Cir. Rules 2.11, 2.12

CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY.

WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE

YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED

THAT YOU ARE WRONG.  HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS

SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE

CASE.

REMEMBER THAT IN A VERY REAL WAY YOU ARE THE JUDGES—JUDGES

OF THE FACTS.  YOUR ONLY INTEREST IS TO SEEK THE TRUTH FROM THE

EVIDENCE IN THE CASE.

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE

WITH YOU THESE INSTRUCTIONS AND THE EXHIBITS THAT THE COURT HAS

ADMITTED INTO EVIDENCE.  SELECT YOUR FOREPERSON AND CONDUCT YOUR

DELIBERATIONS.  IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL

OF THE INSTRUCTIONS THAT I HAVE GIVEN YOU CONCERNING YOUR CONDUCT

DURING THE TRIAL.  AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT,

YOUR FOREPERSON MUST FILL IN YOUR ANSWERS TO THE WRITTEN QUESTIONS

AND SIGN AND DATE THE VERDICT FORM.  [RETURN THIS CHARGE TOGETHER

WITH YOUR WRITTEN ANSWERS TO THE QUESTIONS.]  UNLESS I DIRECT YOU

OTHERWISE, DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE

DISCHARGED.  YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME,

YOUR NUMERICAL DIVISION ON ANY QUESTION.

IF YOU WANT TO COMMUNICATE WITH ME AT ANY TIME, PLEASE GIVE A WRITTEN MESSAGE TO THE BAILIFF, WHO WILL BRING IT TO ME.  I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM.  I WILL ALWAYS FIRST SHOW THE ATTORNEYS YOUR QUESTION AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.

YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.

Respectfully submitted,

*/s/ Lyon H. Garrison*

LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Lyon H. Garrison*

LYON H. GARRISON, Bar No. 19591