UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                             MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                                      SECTION "N"  (5)

THIS DOCUMENT RELATES TO
May 17, 2010 Recreation by Design trial
09-3251

## ORDER AND REASONS

Before the Court is a motion urged by Recreation by Design, L.L.C. ("RBD") to exclude the testimony of one of the plaintiff's expert witnesses, Gerald McGwin, Ph.D. (Rec. Doc. #13306).

The Court has considered the memoranda of the parties, as well as the expert report and testimony of Dr. McGwin. RBD contends that, although Dr. McGwin asserts that there is a causal link between formaldehyde and respiratory illness, he fails to establish at what exposure levels this causal connection is triggered. In response, plaintiff contends that there is no stipulation at trial that formaldehyde exposure generally causes respiratory symptoms, therefore the testimony is relevant; and, moreover, Dr. McGwin's report and testimony do establish a graduated consideration of various formaldehyde levels upon which a causal connection can be found, suggesting that the NIOSH maximum level of 0.016 ppm formaldehyde is one measuring stick, specifically for occupational levels.

1

As all counsel are aware, many of the issues in this MDL involve the proverbial "battle of the experts." The competition between experts in this matter is further compounded in that a variety of disciplines and specialties are involved, in order to adequately meet the requisite burden of general causation, specific causation, particular formaldehyde levels to establish harm to a particular plaintiff, and then, of course, damages. Considered within the full context of this trial, the Court cannot determine, on the memoranda submitted, that Dr. McGwin's testimony is irrelevant, nor that it is inadequate under Fed. R. Evid. 702, *et seq.* In other words, considering Dr. McGwin's testimony alongside of and in connection with the other experts plaintiff intends to call, such testimony is permissible in order for plaintiff to meet her burden at trial. The value (or lack thereof) of Dr. McGwin's testimony, however, will no doubt hinge on RBD's cross examination as well as how it fairs as compared to countervailing testimony from witnesses called by the defendant. Moreover, this ruling is made without prejudice to RBD's right to object to certain questions, on grounds of relevance and as otherwise urged herein, at trial.

New Orleans, Louisiana, this 11th day of May, 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**