UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251

# ORDER AND REASONS

Before the Court is Defendant's Motion in Limine to Exclude Opinions and Testimony of Stephen Smulski, Ph.D. (Rec. Doc. 13310). Plaintiff opposes this motion.

As Recreation By Design, LLC ("RBD") states, this Court has previously ruled on similar opinions of Dr. Smulski offered in connection with the Gulf Stream, Fleetwood, and Forest River bellwether trials. (See Rec. Docs. 2800, 7683, and 12642). The undersigned sees no reason to revisit those orders, and they are incorporated by reference herein. To the extent those orders pertain to paragraphs 17, 28, 30, 32-35, the motion is granted. Moreover, insofar as Dr. Smulski recites results from various testing reports on levels of formaldehyde (paragraphs 22-23 and 27), which tests he considered in formulating his opinion for this case, it must be made clear to the jury that those tests were not performed by him and he is not offering them as his own opinion, but rather as a basis for his ultimate opinion.

With regard to paragraph 15, the motion is denied. Dr. Smulski performed a visual inspection of Plaintiff's emergency housing unit ("EHU") and, thus, may testify regarding the absence of warning stickers on formaldehyde containing wood products inside Plaintiff's EHU and the RBD Owner Information document. This issue relates directly to whether RBD adequately warned Plaintiff about the adverse health risks associated with long-term

formaldehyde exposure. On cross-examination of him or other experts, RBD may make it known that no regulations applicable to the manufacture of Plaintiff's EHU required such warnings.

As for paragraph 19, the motion is denied. Insofar as Dr. Smulski recites the air exchange rate from a calculation reached by Plaintiff's expert, Paul LaGrange, which Dr. Smulski considered in formulating his opinion for this case, it must be made clear to the jury that this calculation were not reached by Dr. Smulski and he is not offering it as his own opinion, but rather as a basis for his ultimate opinion.

Similarly, as to paragraph 24, regarding Dr. Smulski's recitation of the results of air sampling conducted by the W.D. Scott Group, Inc. ("Scott"), which Dr. Smulski considered in formulating his opinion for this case, it must be made clear to the jury that the Scott results were not collected or compiled by Dr. Smulski and he is not offering them as his own opinion, but rather incorporating them as a basis or factor for his ultimate opinion.

For the foregoing reasons and the above-stated particulars, **IT IS ORDERED** that **Defendant's Motion in Limine to Exclude Opinions and Testimony of Stephen Smulski, Ph.D. (Rec. Doc. 13310)** is **GRANTED IN PART and DENIED IN PART**. Counsel are instructed that their examinations of Dr. Smulski shall be guided accordingly.

New Orleans, Louisiana, this 11th day of May, 2010.

**KURT D. ENGELHARDT**
**United States District Court**