UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                                   MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION         SECTION N-5
                                                              JUDGE ENGELHARDT
                                                              MAG. JUDGE CHASEZ

This Document Relates to:

*Earline Castanel v. Recreation By Design, LLC, et al.*, No. 09-3251

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S RULING GRANTING "PLAINTIFF'S MOTION TO ADD ONE ADDITIONAL WITNESS" (Rec Doc. 13989).**

The United States submits this memorandum in support of its motion requesting that the Court reconsider its ruling of May 5, 2010 (Rec. Doc. 13989), granting "Plaintiff's Motion to Add One Additional Witness." Although the United States has been dismissed from the *Castanel* matter (Member Case No. 09-3251), it seeks relief from the Court's Order and Reasons based upon the impact this ruling may have on the Multi-District Litigation ("MDL") at-large.[1] The Court's ruling is in err because it allows a witness to potentially offer expert opinion testimony in a case where the witness has not provided a written report as required under Fed. R. Civ. P. 26(a)(2)(B). Such a ruling sets a dangerous precedent and should be rescinded.

## BACKGROUND

In the Court's Trial Scheduling Order (Rec. Doc. 9602) in *Castanel*, the Court set forth separate deadlines for the plaintiff and defendant to obtain and deliver to opposing counsel the

---

[1] To date, the United States remains a defendant in various member cases throughout this MDL, and, thus, may be prejudiced in future cases consolidated before this MDL Court should the Court follow its ruling of May 5, 2010 (Rec. Doc. 13989).

"[w]ritten reports of experts, as defined by Federal Rules of Civil Procedure 26(a)(2)(B), who may be the witnesses for . . . [plaintiff/defendant] . . . fully setting forth all matters about which they will testify and the basis therefor . . ."  The Order went on to clarify that the Court would "not permit any witness, expert or fact, to testify . . . unless there has been compliance with this Minute Entry . . . without an order to do so issued on motion for good cause shown."  Although the United States was initially a defendant in *Castanel*, the Court dismissed the United States on January 22, 1010, based upon a lack of subject-matter jurisdiction (Rec. Doc. 10626).

In other bellwether cases, the United States has produced written expert reports from a hired consultant named Mark J. Polk, owner of RV Education 101.  Because Mr. Polk was a witness retained by the Department of Justice specifically to provide expert testimony in those cases, expert reports were required in order for him to offer opinion testimony under Federal Rules of Evidence 702/703/705.  Mr. Polk's opinions regarding the proper usage of travel trailers were to be based upon his technical and specialized knowledge in the field of Recreation Vehicles.  In other cases, Mr. Polk has specifically offered opinions and discussion regarding the particular emergency housing unit at issue in that bellwether case.  *See, e.g.,* U.S. Ex. A (Mr. Polk's report in *McGraw*) at 3-4.  Mr. Polk did not author or produce an expert report in the *Castanel* matter.

On April 15, 2010, plaintiff in *Castanel* moved to add one additional witness, described as "Mark Polk of FEMA," to her witness list (Rec. Doc. 13291).  In support, she argued that "Mr. Polk of FEMA has been previously deposed in this MDL."  Defendant Recreation by Design, LLC ("RBD"), opposed the motion (Rec. Doc. 13570), arguing that (1) Mr. Polk has served as a retained expert in other cases, is not a fact witness, and has never been employed by FEMA; (2) Mr. Polk has never been designated as an expert by any party in the *Castanel* matter

and has not issued an expert report; and (3) Mr. Polk has never opined on (through a report or deposition testimony) the emergency housing unit at issue in the *Castanel* matter.  Through its May 5, 2005, Order and Reasons (Rec. Doc. 13989), the Court granted the plaintiff's motion to add Mr. Polk to her witness list, stating that Mr. Polk's deposition has already been taken in another bellwether case, that RBD participated in that deposition, and that Mr. Polk's trial testimony will be limited to video excerpts.  Rather than rehash the legal arguments made by RBD in opposition to Plaintiff's motion, the United States writes to stress some of the significant problems this ruling may impose throughout the remainder of this MDL.

## ARGUMENT

As this Court noted in its July 13, 2009, Order and Reasons (Rec. Doc. 2149), "[a] district court has 'considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration . . ."  Although the Federal Rules of Civil Procedure do not specifically provide for "motions for reconsideration," a district court has discretion to reconsider and vacate a prior order or other form of decision at any time prior to the entry of judgment.  *See* Fed. R. Civ. P. 54(b); *see also Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001) (discussing the court's inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction . . .").  Though such motions are generally disfavored, there are circumstances where motions for reconsideration are appropriate.  *See Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995); *see also Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 869 (5th Cir. 2002) (citations omitted) ("[T]o deprive [a litigant] the opportunity to petition a lower court for correction of errors [in a motion for reconsideration] might . . . actually prolong the process of litigation . . .").

Here, there are valid reasons why the Court should reconsider its May 5, 2005, Order and Reasons (Rec. Doc. 13989).  *See generally Motorola, Inc. V. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003).

First, the Court's ruling potentially constitutes a manifest error.  Regardless of whether Mr. Polk's videotaped testimony from another bellwether case may prove to be helpful or hurtful to one party or another in the *Castanel* matter, he should not be allowed to testify at trial because he is as a witness who has been specially retained to provide expert testimony, yet he has not provided a written report in this particular case.  *See* Fed. R. Civ. P. 26(a)(2)(B).  Mr. Polk is a true expert witness.  He is not a hybrid witness who may offer both fact and expert testimony arising from his factual knowledge (*e.g.*, a treating physician or a Government employee with both personal and scientific knowledge of the facts in this case).  He squarely falls within the class of witnesses who are required to provide a written report in order to present their opinion testimony to a fact-finder.  *Id.*  It is undisputed that Mr. Polk was never disclosed by any party as an expert witness in the *Castanel* matter, pursuant to Fed. R. Civ. P. 26(a)(2)(A), and has never provided a written expert report in the *Castanel* matter, pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Thus, he should not be allowed to testify at the *Castanel* trial, via his videotaped deposition or otherwise.

Second, the Court's ruling potentially establishes a dangerous precedent in the MDL as it relates to the future use of expert testimony.  The Federal Rules specifically require expert witnesses to set forth a complete statement of all the opinions they intend to offer in a case as well as the bases and reasons for each of those opinions.  Fed. R. Civ. P. 26(a)(2)(A).  Just because a witness may have set forth his or her opinions through a written report (and possibly a deposition) in one case does not mean that those opinions should be transferable in another case.

For example, some of Mr. Polk's videotaped deposition testimony in past cases where he was a designated expert relates to the specific emergency housing units at issue in those cases – it is unlikely that the fact-finder will be allowed to hear this testimony in the *Castanel* matter. As a result, the fact finder will only be presented with generalized testimony, which may not accurately portray Mr. Polk's opinions and the bases therefor. In addition, this sets up the dangerous situation where expert testimony is being presented where the expert has not considered any data or information specific to the case at issue. There will be no way to verify that the expert's opinions still hold true given the unique factual circumstances of the particular case at issue – the expert has not issued a written report and has not conducted any investigation into the case where his or her testimony is actually going to be offered.

The following examples serve to illustrate the problems with this course. What if RBD were to approach the United States and request permission to call Mr. Polk at trial in the *Castanel* matter? Strategically, RBD could decide that it would rather call him as a live witness rather than have him appear through his videotaped deposition from another case. What opinions would Mr. Polk be allowed to offer at trial? Because he has not authored a written report, would there be any bounds on the subject of his opinion testimony? How would counsel be able to effectively cross examine this expert witness where the witness has not been required to disclose the bases for his opinions and the data or other information he considered? If Mr. Polk were to be bound by his prior expert report from a different case, would he be allowed to opine on the emergency housing unit he discussed in that case? Would he not be allowed to opine on the emergency housing unit that is actually at issue in the case before the fact-finder? These are some of the obvious problems invoked by establishing a slippery slope where each expert witness need not produce a written report before his or her opinions are placed in front of

the fact-finder. In addition, there are numerous experts who have offered various opinions throughout the class certification stage and bellwether stage of this MDL. The Court's ruling potentially invites all parties to revisit the testimony of those expert witnesses who long ago ceased to be designated as experts in this litigation and assess whether there may be helpful video deposition excerpts that could be played to the fact-finder at trial. Obviously, some of these opinions may relate to other plaintiffs or other facts not at issue in the particular trial, so it then becomes a game of who can take the best generalized videotape cuts out of context and present them to the fact-finder. Certainly, fact witnesses should only be deposed once in this litigation. The same is true for fact-expert hybrid witnesses whose opinion testimony is based upon their factual knowledge of the events at issue in this litigation. Expert witnesses must be treated differently – in order to maintain expert opinion testimony as a useful tool for the finder of fact, each expert in each case (assuming the expert is a witness retained to provide expert testimony) should be required to comply with the specific designation and written report requirements set forth in Fed. R. Civ. P. 26(a)(2).

## CONCLUSION

For all the foregoing reasons, the Court's May 5, 2010, Order and Reasons (Rec. Doc. 13989), should be reconsidered, and "Plaintiff's Motion to Add One Additional Witness" (Rec. Doc. 13291) should be denied as contravening the unambiguous requirements of Fed. R. Civ. P. 25(a)(2)(B). In the event that Plaintiff is allowed to offer the videotaped expert opinion testimony of Mr. Polk at trial, Plaintiff should be required to reimburse the United States for a portion of the time Mr. Polk spent investigating the facts of this litigation and forming his opinions.

| | |
|---|---|
| Dated: May 11, 2010 | Respectfully Submitted, |
| TONY WEST<br>Assistant Attorney General, Civil Division | HENRY T. MILLER<br>ADAM BAIN<br>Senior Trial Counsel |
| J PATRICK GLYNN<br>Director, Torts Branch, Civil Division | ADAM DINNELL<br>MICHELLE BOYLE |
| DAVID S. FISHBACK<br>Assistant Director | MICHELE GREIF<br>Trial Attorneys |
| OF COUNSEL:<br>JORDAN FRIED<br>Associate Chief Counsel | //S// *Jonathan R. Waldron*<br>JONATHAN R. WALDRON<br>(MO. Bar No. 58898)<br>Trial Attorney |
| JANICE WILLIAMS-JONES<br>Senior Trial Attorney<br>FEMA/DHS<br>Department of Homeland Security<br>Washington, D.C. 20472 | United States Department of Justice<br>Civil Division – Torts Branch<br>P.O. Box 340, Ben Franklin Station<br>Washington, D.C. 20004<br>Attorney Telephone: (202) 307-2091<br>Jonathan.Waldron@USDOJ.Gov |
| | Attorneys for the United States of America |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

//S// *Jonathan R. Waldron*
JONATHAN R. WALDRON (MO. Bar No. 58898)