UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                      MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION         SECTION N-5

                                                                                     JUDGE ENGELHARDT
                                                                                     MAG. JUDGE CHASEZ

**THIS DOCUMENT IS RELATED TO:**

08-5031, 09-6940, 09-4708, 09-6941, 09-4709, 09-7536, 09-6942, 09-4710, 09-5989, 09-7532,
09-6943, 09-6957, 09-6955, 09-6956, 09-4711, 09-4712, 09-6162, 09-6496, 09-6504, 09-6505,
09-6502, 09-6503, 09-4713, 09-6719, 09-4714, 09-6642, 09-4715, 09-6395, 10-0534, 09-6949,
09-6951, 09-6944, 09-6945, 09-6947, 09-4716, 09-4717, 09-4718, 09-4719, 09-6720, 09-4720,
09-6965, 09-6157, 09-6964, 09-4721, 09-6171, 09-7533, 09-6966, 09-6958, 09-4722, 09-6960,
09-4723, 09-6961, 09-4724, 09-6169, 09-6962, 09-4725, 09-6946, 09-4726, 09-7531, 09-6948,
09-4727, 09-5990, 09-6950, 09-4728, 09-6954, 09-4729, 09-5991, 09-7530, 09-6959, 09-6916,
09-4730, 09-6417, 09-4731, 09-6938, 09-4732, 09-5983, 09-7535, 09-6939, 09-4733, 09-7534,
09-6937, 09-4734, 09-6935, 09-4735, 09-6936, 09-4736, 09-5985, 09-6933, 09-4737, 09-6155,
09-6932, 09-4738, 09-6641, 09-4739, 09-6931, 09-4740, 09-6167, 09-6930, 09-4741, 09-6640,
09-6639, 09-4742, 09-5987, 09-6929, 09-4743, 09-6159, 09-6718, 09-4744, 09-6638, 09-6164,
09-6928, 09-4745, 09-6927, 09-4746, 09-6926, 09-4747, 09-6925, 09-4748, 09-6924, 09-4749,
09-6418, 09-4750, 09-6923, 09-4751, 09-6160, 09-6635, 09-6637, 09-4752, 09-5988, 09-6922,
09-4753, 09-6921, 09-6920, 09-4754, 09-6919, 09-4755, 09-5986, 09-4756, 09-5984, 09-6918,
09-4757, 09-6917, 09-4758, 09-4759, 09-4676, 09-4677, 09-4678, 09-4679, 09-4680, 09-4681,
09-4685, 09-4686, 09-4684, 09-4683, 09-4682, 09-4687, 09-4697, 09-4698, 09-4696, 09-4699,
09-4700, 09-4688, 09-4689, 09-4690, 09-4691, 09-4692, 09-4693, 09-4694, 09-4695, 09-4701,
09-4702, 09-4703, 09-4704, 09-4705, 09-4706, 09-4707, 09-7062, 09-7063, 09-7064, 09-7065,
09-7066, 09-7067, 09-7068, 09-7069, 09-7070, 09-7072, 09-7073, 09-7074, 09-7075, 09-7076,
09-7078, 09-7079, 09-7081, 09-7082, 09-7083, 09-7085, 09-7086, 09-7088, 09-7089, 09-7091,
09-7093, 09-7094, 09-7096, 09-7101, 09-7102, 09-7103, 09-7104, 09-7106, 09-7080, 09-7084,
09-7087, 09-7090, 09-7092, 09-7095, 09-7098, 09-7099, 09-7100, 09-7117, 09-7118, 09-7119,
09-7120, 09-7114, 09-7107, 09-7108, 09-7115, 09-7116, 09-7110, 09-7111, 09-7112, 09-7113,
09-7121, 09-7122, 09-7123, 09-7124, 09-7109, 09-7404, 09-7403, 09-7405, 09-7406, 09-7419,
09-7420, 09-7421, 09-7411, 09-7412, 09-7413, 09-7414, 09-7415, 09-7423, 09-7425, 09-7402,
09-7401, 09-7400, 09-7399, 09-7398, 09-7416, 09-7417, 09-7418, 09-7426, 09-7427, 09-7439,
09-7428, 09-7430, 09-7429, 09-7422, 09-7852, 09-7854, 09-7838, 09-7841, 09-7843, 09-7973,
09-7828, 09-7857, 09-7855, 09-7827, 09-7856, 09-7833, 09-7831, 09-7963, 09-7799, 09-7804,
09-7798, 09-7803, 09-7842, 09-7840, 09-7794, 09-7821, 09-7809, 09-7808, 09-7807, 09-7806,
09-7805, 09-7814, 09-7845, 09-7826, 09-7823, 09-7837, 09-7839, 09-7802, 09-7820, 09-7812,
09-7811, 09-7810, 09-7813, 09-7983, 09-7984, 09-7987, 09-7974, 09-7991, 09-7977, 09-7965,
09-7961, 09-7960, 09-7972, 09-7971, 09-7966, 09-7800, 09-7962, 09-7801, 09-7797, 09-7980,

**09-7978, 09-7922, 09-7921, 09-7819, 09-7824, 09-7818, 09-7816, 09-7889, 09-7892, 09-7835, 09-7897, 09-7898, 09-7890, 09-7891, 09-7894, 09-7893, 09-7904, 09-7903, 09-7899, 09-7895, 09-7896, 09-7793, 09-7887, 09-7792, 09-7817, 09-7908, 09-7907, 09-7906, 09-7905, 09-7815, 09-7911, 09-7910, 09-7909, 09-7795, 09-7796, 09-7822, 09-7917, 09-7912, 09-7913, 09-7918, 09-7919, 09-7920, 09-7916, 09-7914, 09-7829, 09-7830, 09-7832, 09-7834, 09-7858, 09-7859, 09-7967, 09-7964, 09-7990, 09-7825, 09-7836, 09-7849, 09-7846, 09-7848, 09-7851, 09-7853, 09-7844, 09-7847, 09-7850, 09-7924, 09-7925.**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNITED STATES OF AMERICA'S RESPONSE/OPPOSITION TO "PLAINTIFFS' REQUEST TO FILE A GLOBAL MOTION FOR LEAVE TO AMEND AND ADD THE UNITED STATES ONCE ALL PLAINTIFFS' CLAIMS ARE RIPE AS TO THE UNITED STATES" (Rec. Doc. 13691)**

Defendant United States of America ("United States") submits this Response in Opposition to "Plaintiffs' Request to File a Global Motion for Leave to Amend and Add the United States Once All Plaintiffs' Claims are Ripe as to the United States" (Rec. Doc. 13691). Putative Federal Tort Claims Act ("FTCA") plaintiffs – totaling 30,113 persons, all apparently represented by Mikal C. Watts P.C. and Robert C. Hillard, L.L.P, have filed 385 lawsuits against manufacturers and contractors, each lawsuit including no more than 300 claimants (hereinafter referred to as "Watts/Hilliard Plaintiffs"). *See* Plaintiffs' Memo. at 3 (Rec. Doc. 13106-1). The Watts/Hilliard Plaintiffs, without seeking to join and consolidate the 385 separate actions, pursuant to Fed. R. Civ. P. 20, seek permission to file a single motion to amend all 385 lawsuits, and, further seek permission to file a single amended complaint to make the United States a defendant in those 385 actions. *See* Proposed Order (Rec. Doc. 13691-4).

As an initial matter, the Court should reject the Watts/Hillard Plaintiffs' request is because:

(1) the motion is procedurally flawed because they have failed to proffer the proposed amended complaint, and thus, impermissibly seek an advisory ruling; (2) the motion is premature and not

2

ripe for judicial review because many of the Watts/Hilliard Plaintiffs have not exhausted their FTCA administrative remedies, and, as such, are not eligible to file suit against the United States; and (3) counsel failed to comply with Pretrial Order No. 10 and meaningfully confer with the government prior to filing the motion. *See* Pretrial Order No. 10 (1) (Rec. Doc. 301).[1/] Procedurally, the Watts/Hillard Plaintiffs' motion is fundamentally flawed. As a result of failing to meaningful confer with government counsel prior to filing the instant motion, they have impermissibly requested the Court to issue an (1) advisory opinion, (2) regarding a hypothetical proposed amended global master complaint, (3) on behalf of a substantial number of claimants who are presently ineligible to file suit against the United States. Accordingly, the Court should deny the instant motion.[2/]

Should the Court nevertheless determine that it is appropriate to address the merits of the Watts/Hilliard Plaintiffs' request to file a single global amended complaint, that request should be denied for several reasons. First, any such global amended complaint will inherently fail to

---

[1/] The Watts/Hilliard Plaintiffs conference for purposes of the instant motion fell well short of the intent of Pretrial Order No. 10. Watts/Hilliard Plaintiffs' conference consisted of an e-mail stating "Today we are filing a Request to File a Global Motion for leave to Amend and Add the United States once all the Watts/Hilliard/Hillard Plaintiffs' Claims are Ripe. We are not seeking leave at this time, but are just seeking approval from the Court to file a global motion and a global amended complaint once all Plaintiffs' claims are ripe. Please let me know whether or not you are opposed to same. If I do not hear back from by 5 o'clock Central Standard Time today, I will assume you are opposed to same." The government responded a little after five that "[i]t is unclear exactly what you are requesting and why. As such US will oppose." Exhibit 1.

[2/] The waste of parties time and effort that results from the failure to meaningfully confer prior to the filing of a motion is amply demonstrated by the Watts/Hilliard Plaintiffs' earlier filing addressing the same subject matter. *See* Plaintiffs' Motion for Leave to File Original Complaint Against the United States of America (Rec. Doc. 13106). Upon receipt of the Government's opposition, the Watts/Hilliard Plaintiffs' in reply withdrew the motion, and filed the instant motion under the apparent belief that the revised motion may eliminate some or all of the disputed issues. Instead, the new motion simply raises issues that should have been addressed and possibly resolved through conference, rather than through motions practice. *See* Reply Memo. (Rec. Doc. 13708).

comply with the requirements of Fed. R. Civ. P. 8(a)(2) because the Watts/Hilliard Plaintiffs cannot plausibly assert claims in a global master complaint that are within the subject matter jurisdiction of this Court for all of the plaintiffs.

Rule 8(a)(2) requires plaintiffs plead enough facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-52 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 545-46 (2007) (establishing the "plausibility" standard); *Club Retro LLC v. Hilton*, 568 F.3d 181, 213 (5th Cir. 2009) (dismissing claims because allegations fail to carry plaintiffs' burden of alleging facts showing unequal treatment or discriminatory intent). In *Sanchez v. United States*, --- F.Supp.2d ----, 2010 WL 1626118 (D. Puerto Rico, March 31, 2010), an FTCA action, at issue was whether that claimant had pled sufficient facts to establish subject matter jurisdiction and show that their claim was not barred by the discretionary function exception. *Id*. at * 6-8. Dismissing the plaintiffs' FTCA claims the court ruled that the "[p]laintiff has the burden of establishing that subject matter jurisdiction exists within the parameters of the 'plausibility' standard established by *Twombly* and *Iqbal* . . . [and that] the Court cannot find that Plaintiffs have reached the level of 'plausibility' mandated by *Twombly* and *Iqbal.*" *Id*. at * 6-8. Similarly, in *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2009 WL 1921902 (D. Minn., July 1, 2009), the court in a multi-district litigation action rejected plaintiffs' attempt to file a single master complaint ruling that buzzwords, coupled with only vague and conclusory allegations fails to satisfy the requirements of Fed. R. Civ. P. 8(a). *Id*. at *2. *See also Watkins v. Safety-Kleen Systems, Inc.*, 2009 WL 2240556 *3-4 (E.D. Ky. July 27, 2009) (plaintiff failed to satisfy requirements of Rule 8(a) because only able to show that there was a possibility that he was exposed to the defendants'

4

product).

This Court, in response to the United States' motions challenging the Court's subject matter jurisdiction filed in the context of the Plaintiffs' Master Administrative Complaint, ruled that each claimant must demonstrate on a case-by-case basis that the Court has subject matter jurisdiction over their FTCA claims. *See In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 2009 WL 2496570, at *1-2, n.1, 2 (E.D. La. Aug. 13, 2009) (Rec. Doc. 2621); *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 583 F.Supp.2nd 758, 769-71, 773-74, 776, 781, 785-87 (E.D. La. 2008) (Rec. Doc. 717); *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 360361 (E.D. La., Jan. 22, 2010) (Castanel); *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, 2010 WL 323898 (E.D. La., Jan. 21, 2010) (Wright); *In Re: FEMA Trailer Formaldehyde Prod. Liability Litigation*, 2009 WL 2599195 (E.D. La., Aug. 21, 2009) (Cooper).

Specifically, in its October 3, 2008, Order and Ruling, the Court explained:

> [E]ach plaintiff will have different relevant facts that may or may not afford him/her such a claim. Some plaintiffs may not have a claim against FEMA in this litigation if they were neither supplied nor did they occupy such a travel trailer or park model after the starting date of such time period. As for each plaintiff involved in this litigation, the evidence will undoubtedly differ, just as the individual claims will differ. . . . Some plaintiffs may have complained about the alleged formaldehyde exposure while still in their EHUs; others will not have complained or voiced any concerns.

*In re FEMA Trailer Formaldehyde Products Liability Litigation*, 583 F.Supp.2d 758, 769-71, 773-74, 776, 781, 785-87 (E.D. La. 2008). The Court in its August 13, 2009, Order and Reasons, expanded upon that ruling and explained that:

> [B]ased on the evidence presently before the Court, June 2006 appears to

>be the general cutoff date for most, if not all, of Plaintiffs' claims against the Government, as the newly-filed supporting materials indicate that it was at this time that the Government began, using its discretion, to respond to complaints of formaldehyde in a way that was reasonably consistent with its general policy of providing safe and habitable housing.

*In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2009 WL 2496570, at *1, n.1 (E.D. La., Aug.13, 2009). The Court also noted that:

>. . . any particular bellwether plaintiff will have a difficult burden of recovering from the Government for its actions/inactions taken/not taken after June 2006. In other words, Plaintiffs will have a difficult burden of demonstrating that, after June 2006, the discretionary function exception would not apply to the Government's actions.

*Id*. at *2, n.2.

The Watts/Hilliard Plaintiffs' request should be denied. Just as the Administrative Master Complaint cannot serve as the vehicle for determining whether it "may" be plausible for an individual plaintiff to plead facts that may show that he or she presented a timely administrative claim or that the government's response is not protected by discretionary function, in order to satisfy Fed. R.Civ. P. 8(a), each plaintiff must assert facts that establish a plausible basis for jurisdiction over his or her FTCA claim; he or she may not rely upon buzz-words and generalized non-specific allegations. *See In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2009 WL 1921902 at *2. As such, a global master complaint will fail to satisfy the requirements of Fed. R. Civ. P. 8(a), and consequently, the Court should deny this motion. *See Iqbal,* 129 S. Ct. at 1950-52; *Twombly*, 550 U.S. at 545-46; *Sanchez*, --- F.Supp.2d ----, 2010 WL 1626118 at * 6-8; *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2009 WL 1921902 at *2.

Moreover, it is also facially apparent that allowing the Watts/Hilliard Plaintiffs to file a

6

single global generalized amended complaint – an Administrative Master Complaint – will unfairly burden the Court with needless motions, and result in unnecessary expenditure of government resources. Specifically, relieving the Watts/Hilliard Plaintiffs of the requirements of Fed. R. Civ. P. 8(a) and allowing them to proceed without alleging on individualized facts showing plausible basis for subject matter jurisdiction under the FTCA, will necessarily require the United States to investigate each claim, and then require the Court to address the resulting motions to dismiss. To date, not one of the seventeen (17) bellwether plaintiffs have been able to establish that the Court has subject matter jurisdiction over an FTCA claim. It is therefore reasonable to expect that a substantial number of the Watts/Hilliard Plaintiffs will also be unable to assert plausible facts showing that they satisfy the FTCA jurisdictional requirements. Specifically, is it likely that many of these claimants will be unable to assert plausible facts showing that their claims are not barred by the FTCA discretionary function exception. 28 U.S.C. § 2680(a). The reason why is that many of the 31,000 plaintiffs will be barred because they: (1) occupied manufactured housing units –mobile homes, (2) moved into a travel trailer or park model unit in or after June 2006, or (3) never complained to FEMA about any formaldehyde, odor, or any health related matters associated with the unit (the evidence already proffered to the Court shows that from September 2005 to July 2007 FEMA received less than 300 formaldehyde related complaints and that it responded to each of those complaints).[3]

---

[3] Further pending before the Court are the United States' Motion to Dismiss for Lack of Jurisdiction Claims All "Louisiana Plaintiffs" Based Upon No Analogous Private Liability" (Rec. Doc. 6970), United States of America's "Motion to Dismiss for Lack of Jurisdiction Claims of 'Mississippi Plaintiffs' Based Upon No Analogous Private Liability or, in the Alternative, Motion for Judgment as a Matter of Law" (Rec. Doc. 7690), and the United States' "Motion to Dismiss the FTCA Claims of All 'Alabama Plaintiffs' for Lack of Subject Matter Jurisdiction Based Upon no Analogous Private Liability" (Rec. Doc. 10656). If the Court grants the motions, then in order to satisfy the requirements of Fed. R.

Similarly, a substantial number of the claimants will be unable to demonstrate that they presented a timely administrative claim to FEMA under the FTCA. 28 U.S.C. § 2401(b). An earlier filing by the Watts/Hilliard Plaintiffs shows that approximately 7,000 to 9,000 of the plaintiffs presented their claims to FEMA in late 2009 and 2010, and it is reasonable to believe that most, if not all, of these claims are time-barred because their injury manifested itself well over two years before they presented that claim to FEMA. *See* Plaintiffs' Memorandum in Support of Motion for Leave to File Original Complaint Against the United States of America at 4 (Rec. Doc. 13106). As such, the Court should deny the Watts/Hilliard Plaintiffs' motion because a single global amended complaint, like the administrative master complaint, inherently fails to reach the level of "plausibility" mandated by *Twombly* and *Iqbal*. *See Iqbal,* 129 S. Ct. at 1950-52; *Twombly*, 550 U.S. at 545-46; *Sanchez*, --- F.Supp.2d ----, 2010 WL 1626118 at * 6-8; *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 2009 WL 1921902 at *2.

Further, the relief that the Watts/Hilliard Plaintiffs seek, is inconsistent with the requirements of Pretrial Order No. 38, and with the requirements of Fed. R. Civ. P. 4. First, the relief that the Watts/Hilliard Plaintiffs' seek is inconsistent with requirements of Pretrial Order No. 38, which prohibits a single action with more than three-hundred plaintiffs. As such, pursuant to Pretrial Order No. 38 and Fed. R. Civ. P. 20, if the Watts/Hilliard Plaintiffs want to file single amended complaint for 385 actions they must first file a Fed. R. Civ.P. 20 motion to

---

Civ. P. 8(a), each claimant would be required, at a minimum, to assert facts showing that FEMA acted with gross negligence and willful misconduct in aiding a disaster aid applicant and providing to them at no cost a temporary emergency housing unit.

join and consolidate those 385 actions. Absent joinder of those 385 actions, each is a separate and distinct action, and the Watts/Hilliard Plaintiffs must file a separate motion and a separate amended complaint for each action. Moreover, pursuant to Fed. R. Civ. P. 4(c), (i) & (m) each amended complaint must be served on the United States Attorney for the district where the action is brought and the United States Attorney General, accompanied by the summons, Complaint and an Amended Complaint for each of those 385 actions. Fed. R. Civ. P. 4 (c) & (i). Because the Watts/Hilliard Plaintiffs have failed to comply with the appropriate Order and follow the required procedures, the Court must deny this motion.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the Watts/Hilliard Plaintiffs' motion.

Dated: May 11 , 2010.                                        Respectfully Submitted,

TONY WEST                                                    ADAM BAIN
Assistant Attorney General, Civil Division                   Senior Trial Counsel

J. PATRICK GLYNN                                             MICHELLE BOYLE
Director, Torts Branch, Civil Division                       ADAM DINNELL
                                                             MICHELE GREIF
DAVID S. FISHBACK                                            JONATHAN WALDRON
Assistant Director                                           Trial Attorneys

OF COUNSEL:                                                  //S// *Henry T. Miller*
                                                             HENRY T. MILLER (D.C. Bar No. 411885)
JORDAN FRIED                                                 Senior Trial Counsel
Associate Chief Counsel                                      United States Department of Justice
                                                             Civil Division – Torts Branch
JANICE WILLIAMS-JONES                                        P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                                        Washington, D.C. 20004
Federal Emergency Management Agency                          Telephone No: (202) 616-4223
Department of Homeland Security                              E-mail: Henry.Miller@USDOJ.Gov
Washington, D.C. 20472

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)