## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER   *   MDL NO. 1873
   FORMALDEHYDE PRODUCTS   *
   LIABILITY LITIGATION   *   SECTION "N" (5)
          *
          *   JUDGE ENGELHARDT
          *   MAGISTRATE CHASEZ
THIS DOCUMENT IS RELATED TO   *
          *
*Charlie Age, et al v. Gulf Stream Coach*   *
*Inc., et al*, Docket No. 09-2892   *
EASTON CHARLES, JR.   *
          *
*Octave Bazanac, et al v. Gulf Stream Coach*   *
*Inc., et al*, Docket No. 09-8320   *
ROBIN LEWIS   *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

### PLAINTIFFS ROBIN LEWIS AND EASTON CHARLES, JR.'S RESPONSE TO FLUOR ENTERPRISES, INC.'S MOTION TO CONVERT DISMISSAL OF BELLWETHER PLAINTIFFS' CLAIMS WITHOUT PREJUDICE TO WITH PREJUDICE

Plaintiffs Robin Lewis and Easton Charles, Jr. and ("Plaintiffs") respectfully submit this response to Fluor Enterprises, Inc.'s ("Fluor") Motion to Convert Dismissal of Bellwether Plaintiffs' Claims Without Prejudice to With Prejudice (Docket Entry No. 14014) and, in support, would show:

### SUMMARY OF RESPONSE

Fluor's Motion demonstrates a fundamental misunderstanding of Rule 41(a) and the role of the courts.  Plaintiffs' voluntary dismissals of claims against Fluor were filed pursuant to FED. R. CIV. P. 41(a)(1)(A)(i), as they were filed before Fluor answered or filed a motion for summary judgment in those particular suits.  Under the clear language of Rule 41(a)(1)(B), the claims were dismissed without prejudice.

Now, Fluor asks the Court, without any authority at all, to "convert" these dismissals to with prejudice.   In doing so, Fluor presumably believes that Rule 41(a)(2) [as opposed to 41(a)(1)] applies here.  Rule 41(a)(2) and Fifth Circuit case law do provide courts with authority to fashion conditions of a dismissal, which can include a condition that a case be dismissed with prejudice.  However, under the clear language of the rule, Rule 41(a)(2) simply does not apply here.

Finally, Fluor cites heavily to the Court's order in the Raymond Bell, III suit.  However, that order dealt with a Rule 41(a)(2) dismissal.  Again, Rule 41(a)(2) does not apply here—Rule 41(a)(1) does.

## BACKGROUND

On February 26, 2010 Plaintiff Lewis was selected as the primary bellwether trial plaintiff, and Charles as the first backup, (Pretrial Order 61, Docket Entry No. 11953).

On April 8, 2010 Plaintiff Lewis voluntarily dismissed his claims against Fluor pursuant to FED. R. CIV. P. 41(a)(1)(A)(i) (Docket Entry No. 13223).

On April 8, 2010 Plaintiff Charles voluntarily dismissed his claims against Fluor pursuant to FED. R. CIV. P. 41(a)(1)(A)(i) (Docket Entry No. 13224).

Prior to both dismissals, Fluor had not filed an answer or a motion for summary judgment in the subject suits.

Plaintiffs both continue to pursue their claims against Gulf Stream in the September 2010 trial.

## ARGUMENT AND AUTHORITIES

I.    **Plaintiffs Properly Dismissed Without Prejudice Pursuant to FED. R. CIV. P. 41(a)(1)(A)(i)**

Rule 41(a)(1) provides:

(a)    Voluntary Dismissal.
      (1)    By the Plaintiff.

          (A)    Without a Court Order.

               Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i)    a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii)    a stipulation of dismissal signed by all parties who have appeared.

          (B)    Effect.

               Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.[1]

Here, it is undisputed that Plaintiffs filed their voluntary dismissal of claims against Fluor without prejudice pursuant to Rule 41(a)(1)(A)(i) before Fluor had served and answer or a motion for summary judgment.  Thus the Rule 41(a)(1)(A)(i) dismissals are without prejudice. FED. R. CIV. P. 41(a)(1)(B).  Converting these dismissals to with prejudice would violate Rule 41(a)(1).  Therefore, Fluor's motion should be denied.

---

[1] Neither Plaintiff had previously dismissed a claim in federal or state court against Fluor.

**II.**     **Rule 41(a)(2) Dismissals are Different than Rule 41(a)(1) Dismissals.**

Presumably, Fluor wants Rule 41(a)(2) to apply here.  It does not.

Rule 41(a)(2) provides:

(2)     By Court Order; Effect.

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

The Fifth Circuit has said that a district court may condition the granting of a motion to voluntarily dismiss a case on the claim being dismissed with prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002).

But, again, Plaintiffs voluntarily dismissed their claims without prejudice pursuant to Rule 41(a)(1)(A)(i)—not Rule 41(a)(2).   Therefore, there is no authority to "convert" the dismissals to being with prejudice.

**III.**     ***Bell* Dismissal**

The Raymond Bell III order is an example of a Rule 41(a)(2) dismissal and, thus, has no application here.  In that case, the plaintiff filed a motion seeking a court order allowing him to dismiss his claims without prejudice, explicitly pursuant to Rule 41(a)(2)---not Rule 41(a)(1) (Docket Entry No. 5102, p.1.).   The Court allowed dismissal but conditioned dismissal on it being with prejudice.  (Docket Entry No. 5471)

Again, this is apples and oranges.  Plaintiffs here filed voluntary dismissals pursuant to

Rule 41(a)(1), not motions to dismiss pursuant to Rule 41(a)(2), as Mr. Bell did.

WHEREFORE, Plaintiffs Robin Lewis and Easton Charles, Jr. respectfully request that

Fluor's Motion be denied in its entirety and for such other relief to which Plaintiffs are entitled.

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 167396

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
