UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|      FORMALDEHYDE | * | |
|      PRODUCTS LIABILITY | * | |
|      LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to:  *Earline Castanel, et al.* | * | JUDGE: ENGELHARDT |
| *v. Recreation By Design, LLC, et al.*, Docket No. | * | |
| 09-3251 | * | |
| | * | MAG: CHASEZ |

*************************************************************************

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S LIST OF
PROSPECTIVE JURORS WHO SHOULD BE EXCUSED FOR CAUSE**

NOW INTO COURT, through undersigned counsel, comes defendant, Recreation By

Design, LLC ("RBD"), which hereby submits the following Memorandum in Opposition to

Plaintiff's List of Prospective Jurors Who Should Be Excused for Cause.  RBD submits that all

of plaintiff's "for cause" challenges should be rejected as plaintiff, based on the Juror

Questionnaire responses, cannot demonstrate the bias of any of the prospective jurors that rises

to the level requiring that the prospective juror be stricken for cause.  RBD addresses each of

plaintiff's "for cause" challenges *seriatim*:

1.      **Angela Peterson Bernard**

Contrary to plaintiff's assertion, it does not appear that Mrs. Bernard has already formed

decisions on key issues in this case.  Rather, Mrs. Bernard's responses reveal that she will be

able to serve as an unbiased and impartial juror in this matter.  Mrs. Bernard indicates that she

feels she could fairly decide a lawsuit involving an individual against a corporation or the

government (Questions 71 and 83).  She indicates that she does not have any concerns with

holding a manufacturer liable if an individual is injured from exposure to hazardous materials

emitted from the product (Question 78).  Personal bias does not appear to be an issue, as Mrs. Bernard does not know anyone who has spent any time in a travel trailer (Question 100).  She has no opinions which would make her favor one side over the other and/or prevent her from being open-minded in the present suit (Questions 105, 115 and 127).  For these reasons, plaintiff's for cause challenge should fail.

2.      **Clifton E. Buller**

Mr. Buller indicates that he could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83).  He indicates that he does not have any concerns with holding a manufacturer liable if an individual is injured from exposure to hazardous materials emitted from the product (Question 78).  He has no opinions which would make him favor one side over the other and/or prevent him from being open-minded in the present suit (Questions 105 and 127).  Contrary to plaintiff's contention, Mr. Buller does not indicate that formaldehyde is not at all harmful.  Rather, he indicates that he believes formaldehyde is "not very" harmful (Question 120).  There is no ultimate issue in this case on which Mr. Buller has formed an opinion which would prevent him from being a fair and impartial juror.  As such, he should not be stricken for cause.

3.      **Bobbie K. Calandro**

Mrs. Calandro indicates that she will be able to maintain her honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25).  Mrs. Calandro indicates that she feels she could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83).  She does not have any opinions about trailer manufacturers which would make her favor one side over the other in a suit such as the present one (Question 105).  She indicates that she and her husband discussed formaldehyde

following news reports (Question 117), but she has not formed any opinions about the overall effects, if any, of formaldehyde exposure on a person (Question 119). Mrs. Calandro's concern noted in her response to Question 127 is not as clear-cut as plaintiff suggests it is. She does not state that it is the trailer residents' own fault. It appears to be simply the statement of a discerning individual as opposed to someone who has already formed an opinion and cannot serve as an impartial juror. Mrs. Calandro should not be stricken. At the very least, Mrs. Calandro should answer verbal *voir dire* questions in order to determine whether she is partial and/or unfairly biased.

**4.  Paul D. Coles**

Mr. Coles indicates that he will be able to maintain his honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25). He does not believe that the legal system gives an unfair advantage or disadvantage to corporations or to people who file lawsuits (Questions 69 and 70). Mr. Coles indicates that he could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83). He indicates that he does not have any concerns with holding a manufacturer liable if an individual is injured from exposure to hazardous materials emitted from the product (Question 78).

Plaintiff contends that Mr. Coles should be stricken because his son spent time in a FEMA trailer, and he may have already formed opinions based on personal experience. First, his responses do not state that he or his son spent time in a FEMA trailer (Questions 96, 98, 109 and 112). Secondly, nothing contained within his responses indicates that any personal experiences would get in the way of his being an impartial and unbiased juror. Curiously, plaintiff's only reason for challenging Mr. Coles is the incorrect assertion that his son resided in a FEMA trailer. However, there were many other jurors plaintiff did not challenge who resided in FEMA trailers.

This incorrect and inconsistent reasoning does not establish sufficient grounds to strike Mr. Coles.

**5.      Stephen Paul Daigle**

Mr. Daigle indicates that he will be able to maintain his honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25).  He does not believe that the legal system gives an unfair advantage or disadvantage to corporations or to people who file lawsuits (Questions 69 and 70).   He indicates that he could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83).  Although Mr. Daigle has some knowledge with respect to formaldehyde given his line of work, his responses do not indicate that he will be unable to fairly and impartially weigh the evidence presented at trial.  At the very least, Mr. Daigle should answer verbal *voir dire* questions in order to determine whether he is partial and/or biased and should be stricken.

**6.      John N. Fleury, Jr.**

Mr. Fleury indicates that he will be able to maintain his honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25).  He believes that an individual is always able to get a very fair trial in Louisiana (Question 68).  He indicates that he could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83).  He does not have any opinions about trailer manufacturers which would make him favor one side over the other in a suit such as the present one (Question 105).

Plaintiff contends that Mr. Fleury should be stricken because he resided in a FEMA trailer.  However, Mr. Fleury did not live in a FEMA trailer (Questions 109 and 114).  Rather, he owns a Coachman RV (Questions 96 and 98).  Moreover, even if plaintiff's statement that Mr. Fleury resided in a FEMA trailer was accurate, there is no indication in his responses that he has

any pre-formed opinions with respect to the issues in the present matter.  Specifically, Mr. Fleury has had no discussions with anyone regarding formaldehyde, and he has formed no opinions regarding the effects of formaldehyde exposure, if any (Questions 117 and 119).  For these reasons, plaintiff has not stated sufficient grounds to strike Mr. Fleury for cause.

7.    **Steve M. Gibson**

Mr. Gibson indicates that he will be able to maintain his honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25).  He indicates that he could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83).  He does not have any opinions about trailer manufacturers which would make him favor one side over the other in a suit such as the present one (Question 105).  While Mr. Gibson has requested leave due to hardship, RBD submits that Mr. Gibson should answer verbal *voir dire* questions in order to determine the full extent of the claimed hardship prior to excusing him for same.

8.    **Charlotte Groth**

Mrs. Groth indicates that she could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83).  She does not have any opinions about trailer manufacturers which would make her favor one side over the other and/or prevent her from being open-minded in a suit such as the present one (Questions 105 and 127).

Plaintiff contends that Mrs. Groth should be stricken because she lived in a recreational vehicle, and she may be unable to be fair.  However, nothing contained within her responses indicates that any personal experiences would get in the way of her being an impartial and unbiased juror.  Curiously, plaintiff's only reason for challenging Mrs. Groth is that she lived in a recreational vehicle, which she and her husband purchased, for a short period of time following

Hurricane Katrina.  However, there were many other jurors plaintiff did not challenge who resided in recreational vehicles and/or FEMA trailers.  This inconsistent reasoning does not establish sufficient grounds to strike Mrs. Groth.

9.   **Terrence L. Howell**

Mr. Howell indicates that he will be able to maintain his honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25).  He indicates that he could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83).  He does not have any opinions about trailer manufacturers which would make him favor one side over the other in a suit such as the present one (Question 105).  Mr. Howell does not believe that corporations or people who file lawsuits have an unfair advantage or disadvantage (Question 69).  He accurately states that a trial should be impartial and based upon the testimony and the evidence.

Plaintiff argues that Mr. Howell should be stricken because he vacationed in a travel trailer set up as a weekend camp, and he may be unable to be impartial.  However, nothing contained within his responses indicates that any personal experiences would get in the way of his being an impartial and unbiased juror.  As previously noted, there were many other jurors plaintiff did not challenge who resided in recreational vehicles and/or FEMA trailers.  This inconsistent reasoning does not establish sufficient grounds to strike Mr. Howell.

Plaintiff also argues that Mr. Howell should be stricken because he has seen news reports regarding formaldehyde.  This reasoning is inconsistent, as many of the jurors plaintiff does not challenge for cause have seen news reports regarding formaldehyde.  Moreover, despite his having seen news reports, Mr. Howell indicates that he has not formed any opinions with respect to the effects of formaldehyde, if any (Question 119).  For the foregoing reasons, Mr. Howell

should not be stricken.

**10.    Donald J. Loland**

Contrary to plaintiff's assertion that Mr. Loland has trouble being open-minded, Mr. Loland indicates that he will be able to maintain his honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25). He indicates that he could fairly decide a lawsuit involving an individual against a corporation or the government (Questions 71 and 83). He does not have any opinions about trailer manufacturers which would make him favor one side over the other in a suit such as the present one (Question 105). His responses indicate that he will be an open-minded and impartial juror. As such, Mr. Loland should not be stricken for cause. At the very least, Mr. Loland should answer verbal *voir dire* questions in order to determine whether he is capable of being open-minded and impartial.

**11.    Jack Morse, Jr.**

Plaintiff requests that Mr. Morse be excused for cause due to hardship. Mr. Morse's responses reveal that he would serve as a fair and impartial juror in the present matter. In light of this, RBD requests that Mr. Morse be required to answer verbal *voir dire* questions with respect to his claimed hardship in order to determine whether such constitutes sufficient grounds to excuse him from serving as a juror in this matter.

**12.    Edward Smith**

Mr. Smith indicates that he will be able to maintain his honest beliefs about the evidence and give full consideration to the views of other jurors (Question 25). He does not have any opinions about trailer manufacturers which would make him favor one side over the other in a suit such as the present one (Question 105). There is no indication in his responses that his having resided in a travel trailer and/or mobile home in 1980 will prevent him from serving as an

unbiased juror.  Indeed, he states that there is nothing that would give him trouble being open-minded as a juror in a case such as the present one (Question 127).

Although Mr. Smith has experience with governmental regulation compliance, the regulations he is exposed to at his work are in no way applicable or relevant to the issues in this matter.  That Mr. Smith's job involves aspects of governmental regulation compliance does not render him incapable of serving as a fair and impartial juror.

Plaintiff also asserts that Mr. Smith should be excused due to hardship.  RBD submits that Mr. Smith should answer verbal *voir dire* questions in order to more adequately determine whether sufficient hardship exists to justify excusing Mr. Smith and better ascertain his ability to serve as an unbiased juror.

Respectfully submitted,

**/s/ Lyon H. Garrison**
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: syount@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants and that a copy has been served via email to Justin Woods, Linda Nelson, Gerry Meunier, David Kurtz, Andrew Weinstock, and Henry Miller.

_/s/ Lyon H. Garrison_____
LYON H. GARRISON, LBN 19591