UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | |
| | LIABILITY LITIGATION | * | SECTION "N" (5) |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| THIS DOCUMENT IS RELATED TO | | * | |
| | | * | |
| *Castanel, et al v. Recreation by Design*, et al, | | * | |
| Docket No. 09-3251; | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RECREATION BY DESIGN, LLC'S OBJECTIONS TO PLAINTIFF'S
PROPOSED JURY VERDICT FORM AND JURY INSTRUCTIONS**

**NOW INTO COURT**, through undersigned counsel, comes defendant, Recreation By Design, LLC ("RBD"), which objects on the following grounds to the jury verdict form and jury instructions proposed by plaintiff:

**I.   RBD'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY VERDICT FORM**

RBD objects to plaintiff's proposed jury verdict form on the basis that the instructions following Question No. 6 are redundant of the instructions following Question Nos. 3, 4 and 5. Following questions 3 through 5, the jurors are instructed to "sign and date this jury verdict and advise the court security officer that you have reached a verdict." In the earlier trials, the additional instructions in the section allocating fault to a particular defendant was appropriate, as there were two defendants whose fault was being considered by the jury, such that there was the possibility of the jurors allocating fault even if they found one defendant to be fault-free by checking "no" to questions 1 through 3 (or the corresponding questions for the second

defendant). Since RBD is the only defendant, the additional instructions following plaintiff's proposed No. 6 is duplicative and could serve to cause confusion.

If the Court chooses to leave in the instructions following plaintiff's proposed No. 6, the instruction should be amended to add reference to Question No. 5 so that it would read as follows:

> If you answered "no" to Question Nos. 1, 2, and 3; or
> if you answered "no" to Question No. 4 *or Question No. 5*,
> you must put a zero in this blank.

The italicized language must be included because just as a "no" response to Question No. 4 would require the jury to find "0%" fault on the part of RBD, so would a "no" response to Question No. 5.

RBD also objects to plaintiff's proposed jury verdict form in that it fails to provide for the allocation of fault to the United States (FEMA) and/or any other third person or entity as required by Louisiana Civil Code art. 2323(A). Specifically, Article 2323(A) provides, in part, that:

> In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a party to the action or a nonparty, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. […].[1]

Louisiana law clearly requires the fact finder to apportion fault among all negligent parties and/or non-parties, regardless of whether the plaintiff can recover from them.[2]

Here, plaintiff's proposed jury verdict form blatantly omits from the jury's consideration any comparative fault by any non-party, including former defendant Shaw Environmental, Inc.,[3]

---

[1] LSA-C.C. art. 2323(A).
[2] *See, e.g., Fontenot v. Dual Drilling Co.*, 179 F.3d 969, 973 (5th Cir. 1999); *see also* LA. REV. STAT. ANN. 23:1104 (West Supp.1998).

former defendant United States (FEMA),[4] and/or any other non-party person or entity. RBD contends that it will prove by a preponderance of the evidence at the trial of this matter that: 1) there was legal fault on the part of a non-party entity and/or person; and 2) any such fault by a non-party entity and/or person caused or substantially contributed to the alleged injuries of Earline Castanel. As such, RBD objects to plaintiff's proposed jury verdict form because it fails to reflect the allocation of fault with respect to non-party entities and/or persons as required by law.

Finally, RBD objects to the inclusion of "present" medical expenses as set forth in Question 7, at the third blank. While plaintiff may seek "past" and/or "future" medical expenses, there is no provision for "present" medical expenses under Louisiana law.[5] RBD therefore requests that this element of damages be stricken from plaintiff's proposed jury verdict form.

## II.     RBD'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### A.  Plaintiff's Instructions Regarding "Plaintiff's Product Liability Claims"

RBD objects to plaintiff's instructions on the basis that plaintiff states that "Specifically, plaintiff is not suing Shaw Enterprises under the LPLA."[6] As a preliminary matter, RBD is not aware of any entity known as "Shaw Enterprises." RBD assumes that plaintiff's proposed instruction is directed toward "Shaw Environmental, Inc.," an entity that is no longer a defendant in this suit.[7] Thus, plaintiff's instruction in this regard is irrelevant and should be stricken.

---

[3] It should be noted that plaintiff voluntarily dismissed Shaw Environmental, Inc. from this suit by plaintiff. *See* Order dated April 15, 2010 (Rec. Doc. 13286).

[4] It should also be noted that the Court dismissed plaintiff's FTCA claims against the United States (FEMA) as time-barred. *See* Order dated January 22, 2010 (Rec. Doc. 3).

[5] *See, e.g., Alexander v. Ford*, 03-887 (La. App. 5 Cir. 1/27/04), 866 So.2d 890; *see also Harvin v. ANPAC Louisiana Ins. Co.*, 06-204 (La. App. 5 Cir. 10/17/06), 944 So.2d 648, 655, *writ denied*, 06-2729 (La. 1/8/07), 948 So.2d 134 (citation omitted).

[6] Rec. Doc. 14033 at pp. 7-11.

[7] *See* Order dated April 15, 2010 (Rec. Doc. 13286).

### B. Plaintiff's Instructions Regarding "Actual Damage"

RBD objects to plaintiff's instructions in: (1)(4) regarding "Liability Based on Unreasonably Dangerous Construction or Composition;" (2)(4) regarding "Liability Based on Unreasonably Dangerous Design;" and (3)(4) regarding "Liability Based on Inadequate Warning."[8] Specifically, RBD objects to plaintiff's statement(s) that: "'Actual damage to the person'" of a plaintiff may include mental as well as physical injury." This instruction is outside the scope of the cited statute, and is more appropriately suited to plaintiff's instructions regarding permissible damages under the LPLA.

### C. Plaintiff's Omission of Instructions Regarding the Warnings Charge and the Sophisticated User Defense

Plaintiff seeks to omit the warnings charge and the sophisticated user defense in her proposed jury instructions.[9] RBD objects to these omissions, as the aforementioned charges are fully supported by the law and facts. Moreover, the juries in the previous bellwether trials were read these charges and should have the opportunity to contemplate them here.

### D. Plaintiff's Omission of Instructions Regarding Comparative Fault and/or Negligence

Plaintiff seeks to omit the instructions regarding comparative fault and/or negligence.[10] While RBD agrees to a change of location for these charges to reflect that it is the sole defendant remaining in this case, these charges are fully supported by the law and facts and were presented to the juries in previous bellwether cases. As discussed in §I, *supra*, the liability of FEMA and other third parties must be evaluated vis-à-vis a negligence standard. The jury must be instructed on the negligence standard under Louisiana law to adequately make such a determination(s)—as such, RBD objects to the blanket omission of these instructions.

---

[8] Rec. Doc. 14033 at pp. 7-11.
[9] Rec. Doc. 14033 at pp. 12-15.
[10] Rec. Doc. 14033 at 18-20.

### E.  Plaintiff's Omission of Instructions Regarding Independent Contractor Defense

RBD does not object to plaintiff's omission of instructions regarding the independent contractor defense.

### F.  Plaintiff's Omission of Instructions Regarding Government Contractor Defense

RBD objects to plaintiff's omission of instructions regarding the government contractor defense as those charges are fully supported by the law and facts.  Moreover, the juries in the previous bellwether trials were read these charges and should have the opportunity to contemplate them here.

### G.  Plaintiff's Omission of Instructions Regarding the Non-Liability of a Contractor

RBD does not object to plaintiff's omission of instructions regarding the non-liability of a contractor.

### H.  Plaintiff's Omission of Instructions Regarding Fault Allocated to FEMA

RBD objects to plaintiff's omission of instructions regarding fault allocated to FEMA, because the proposed charge is fully supported by the law and facts.  Moreover, the juries in the previous bellwether trials were read these charges and should have the opportunity to contemplate them here.

### I.  Plaintiff's Omission of Instructions Regarding Damages and Medical Monitoring

RBD has no objections to plaintiff's omission of instructions regarding certain damages and medical monitoring.[11]

### J.  Plaintiff's Instruction Regarding "No Damages for Future Disease"

RBD objects to the highlighted portion of plaintiff's instruction regarding "No Damages for Future Disease."[12]  That portion reads: "However, this case is Earline Castanel's only

---

[11] Rec. Doc. 14033 at pp. 29, 31-33.

opportunity to recover damages for the mental distress and anguish associate [*sic*] with fear of cancer."[13]  This sentence is wholly contradictory of plaintiff's previous sentence, which states in part "i]f the plaintiff develops cancer or another illness or disease at another time, then she is entitled to bring another lawsuit regarding that condition at a later date."[14]  Plaintiff has no basis for her contention that the present suit is her only opportunity to seek damages related to any future diagnosis of cancer.  As such, the highlighted portion of plaintiff's instruction should be stricken.

        Respectfully submitted,

        */s/ Lyon H. Garrison*
        LYON H. GARRISON, Bar No. 19591
        SCOTT P. YOUNT, Bar No. 22679
        RANDALL C. MULCAHY, Bar No. 26436
        DARRIN L. FORTE, Bar No. 26885
        KELLY M. MORTON, Bar No. 30645
        **GARRISON, YOUNT, FORTE**
        **& MULCAHY, LLC**
        909 Poydras Street, Suite 1800
        New Orleans, Louisiana 70112
        Telephone: (504) 527-0680
        Facsimile: (504) 527-0686
        *Attorneys for Recreation By Design, LLC*
        Email: lgarrison@garrisonyount.com

---

[12] Rec. Doc. 14033 at p.34.
[13] *Id.*
[14] *Id.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 12th, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                                    */s/ Lyon H. Garrison*
                                          LYON H. GARRISON, Bar No. 19591