UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | *<br>*<br>*<br>*<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | | *<br>* | |
| *Castanel, et al v. Recreation by Design, et al,*<br>Docket No. 09-3251; | | *<br>* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED VERDICT FORM**

Defendant, Recreation by Design, Inc. ("RBD") has submitted to the Court its proposed verdict form and seeks to add non-parties to the section calling for allocation of fault/damages. Specifically, Defendant seeks to include: (1) "Plaintiff Earline Castanel; (2) Shaw Environmental, Inc."; (3) "United States (FEMA)"; and (4) "Person or Entity Other than Defendant, FEMA, or Castanel (maintenance and deactiviation contractors or MDCs)." Plainitff respectfully objects to Defendant's Proposed Verdict Form as there exists no evidence indicating any fault on the part of Plaintiff or non-parties. In the alternative, we respectfully request the Court delay consideration of whether Plainitff and non-parties should be included in the allocation of fault section until the close of evidence.

**I.**
**ARGUMENT & AUTHORITIES**

Louisiana law follows the true comparative fault doctrine which provides:

> In any action for damages where a person suffers injury, death, or loss, **the degree or percentage of fault of all persons causing or contributing to the injury**, death, or loss **shall be determined, regardless of whether the person is a**

> **party to the action or a nonparty**, and regardless of the person's insolvency, ability to pay, immunity by statute, including but not limited to the provisions of R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable. If a person suffers injury, death, or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death, or loss.

La.Civ.Code art. 2323 (emphasis added). Because the statute clearly states that comparative fault will only be determined amongst those "persons causing or contributing," it is implied that the entities listed on the Verdict Form maintain a question of fact regarding their liability. The Louisiana Third Circuit Court of Appeals recently held such, stating:

> The very nature of Louisiana tort law centers around the principle that every person is responsible for the damage he causes by his negligence. LA. CIV. CODE ART. 2316. Conversely, one may logically deduce that a non-negligent party is not responsible for damages that he does not cause. Similarly, when the court determines that **a party or nonparty** is not negligent, he may not be considered in the allocation of fault, and subsequent evidence may not be admitted to establish his fault.

*Bowie v. Young*, 813 So. 2d 562, 569-70 (La. App. 3d Cir. 2002) (emphasis added); *see also Duzon v. Stallworth*, 866 So. 2d 837, 854 (La. App. 1st Cir. 2002) ("[W]hen the court determines that a party or nonparty is not negligent, he may not be considered in the allocation of fault, and subsequent evidence may not be admitted to establish his fault."). Although *Bowie* focused on the exclusion of previously dismissed, non-negligent Defendants, the Court noted that the equitable concept imposed by art. 2316 — that only negligent parties should be included in the allocation of fault — applies to non-parties as well. *See id*. ("[W]hen the court determines that a party of nonparty is

2

not negligent, he may not be considered in the allocation of fault."). Accordingly, because Defendant has introduced no evidence raising a question of fact regarding the negligent of Plaintiff and other non-parties, such entities should not be included in the allocation of fault section of the Verdict Form.[1]

Likewise, if this Court believes that a question of fact exists as to the negligence of (1) "Plaintiff Earline Castanel; (2) Shaw Environmental, Inc."; (3) "United States (FEMA)"; and (4) "Person or Entity Other than Defendant, FEMA, or Castanel (maintenance and deactiviation contractors or MDCs)," Plaintiff respectfully requests that this Court delay final determination of persons listed under the allocation of fault section until after all evidence has been presented. At that time, Plaintiff would ask the Court to determine whether a question of fact exists as to the liability of Defendant's proposed additions. *See Bowie*, 813 So.2d at 580 (assessing liability amongst parties and determining that "upon review of the record, there is insufficient evidence to assess any fault to Ford."). This request conforms to "[t]he very nature of Louisiana tort law[, which] centers around the principle that every person is responsible for the damage he causes by his negligence. La.Civ.Code art. 2316. Conversely, one may logically deduce that a non-negligent party is not responsible for damages that he does not cause." *Duzon*, 866 So. 2d at 854 (citing *Bowie*, 813 So.2d at 569-70). Accordingly, Plaintiff requests that this Court should alternatively delay this decision until after the close of evidence.

## II.
## CONCLUSION AND PRAYER

---

[1] It should be noted that Defendant's inclusion of "Person or Entitle Other than Defendant, FEMA, or Castanel (maintenance and deactivation contractors or MDCs)" is overly broad and places and "result[s] in the possibility of penalizing the Plaintiff by forcing the allocation of fault to non-negligent previously dismissed parties thereby reducing her recovery." *Bowie*, 813 So.2d. at 569.

3

Thus, because Defendant has failed to proffer any evidence regarding the negligence of (1) "Plaintiff Earline Castanel; (2) Shaw Environmental, Inc."; (3) "United States (FEMA)"; and (4) "Person or Entity Other than Defendant, FEMA, or Castanel (maintenance and deactiviation contractors or MDCs)," Plaintiff respectfully objects to Defendant's Proposed Verdict Form.  Alternatively, Plaintiff requests that this Court delay consideration of non-parties to be included in the allocation of fault section until the close of evidence.

    Respectfully submitted:

    FEMA TRAILER FORMALDEHYDE
    PRODUCT LIABILITY LITIGATION

    BY:    s/Gerald E. Meunier
            GERALD E. MEUNIER, #9471
            PLAINTIFFS' CO-LIAISON COUNSEL
            Gainsburgh, Benjamin, David, Meunier &
            Warshauer, L.L.C.
            2800 Energy Centre, 1100 Poydras Street
            New Orleans, Louisiana 70163
            Telephone:    504/522-2304
            Facsimile:    504/528-9973
            gmeunier@gainsben.com

            s/Justin I. Woods
            JUSTIN I. WOODS, #24713
            PLAINTIFFS' CO-LIAISON COUNSEL
            Gainsburgh, Benjamin, David, Meunier &
            Warshauer, L.L.C.
            2800 Energy Centre, 1100 Poydras Street
            New Orleans, Louisiana 70163
            Telephone:    504/522-2304
            Facsimile:    504/528-9973
            jwoods@gainsben.com

            COURT-APPOINTED PLAINTIFFS'
            STEERING COMMITTEE
            ANTHONY BUZBEE, Texas # 24001820
            RAUL BENCOMO, #2932
            FRANK D'AMICO, #17519
            MATT MORELAND, #24567
            LINDA NELSON, #9938
            MIKAL WATTS, Texas # 20981820

5

Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing on May 12, 2010.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471