UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                        SECTION "N" (5)

THIS DOCUMENT RELATES TO
*Member Case No. 09-3251*

## ORDER AND REASONS

Before the Court is Defendant's Motion in Limine to Exclude Opinions and Testimony of Alexis Mallet (Rec. Doc. No. 13315), one of Plaintiff's experts. The motion is opposed by Plaintiff. (See Rec. Doc. 13604).

First, this Court notes that it has previously ruled on similar opinions of Alexis Mallet offered in connection with the Gulf Stream and Forest River bellwether trials. (See Rec. Docs. 3218 and 12735). The undersigned sees no reason to revisit those orders, and they are incorporated by reference herein.

The Court notes further that many, if not most, of Mallet's opinions are set forth in the expert reports of other experts plaintiff has retained. Plaintiff, on the other hand, claims that she does not anticipate calling most of the other experts. Specifically, Plaintiff states that "her case can be significantly more streamlined and time efficient by calling Mallet in place of at least Ritter, LaGrange and Moore." (See Rec. Doc. 13604, p. 2). Again, the Court warns that duplicative

opinions stated by multiple experts will not be permitted by either party and will result in admonishment before the jury, and exclusion of any such duplicative opinions. To the extent that Mallet, in expressing his ultimate opinions, plans to refer to the opinions/testing results of other retained experts to formulate his opinion in this case, as the Court has cautioned in this trial and in other bellwether trials, it must be made clear to the jury that he is not offering those opinions as his own and those tests were not performed by him.

With regard to Mallet's specific opinions in this case, as has been found previously, the Court concludes that Mallet is qualified generally as an expert in the field in which he is offered. Nonetheless, many of the opinions Mallet issues in this case are either inconclusive or irrelevant to the issues to be presented to the jury. For instance, the Court has already ruled with regard to issues surrounding building code enforcement (Mallet's conclusion A and B). (See Rec. Doc. 13971); thus Mallet's opinions referencing certain codes are prohibited.

Next, as for the general construction issues (Mallet's conclusions C, J, and L), the Court notes that while Mallet is not an expert in HVAC in particular, he does have a wide range of experience in building in general. Again, to the extent that Mallet plans to refer to the opinions/testing results of other retained experts to formulate his opinion in this case, it must be made clear to the jury that Mallet is not offering those opinions as his own and those tests were not performed by him. Also, Recreation By Design, LLC ("RBD") may bring out on cross examination that Mallet's observations regarding the quality of the workmanship for Plaintiff's emergency housing unit ("EHU") are premised on inspections that took place years after Plaintiff resided in the EHU. Moreover, while it can be made known to the jury that Mallet observed the presence of roof

deflection, if he attempts to use the presence of that deflection to support his conclusion that the EHU was not properly maintained, RBD may bring out on cross examination that Mallet testified that he did not determine the cause of the deflection. (Exhibit B to Rec. Doc. 13315, pp. 146, 161-162).

As for Mallet's opinions regarding formaldehyde off-gassing (Mallet's conclusion D, F, and G), the Court concludes that such opinions are outside to area of Mallet's expertise. While Mallet can testify regarding the quality of the construction and design of Plaintiff's EHU (i.e, that it did not prevent water, air, heat, and moisture from penetrating it), he cannot opine that the increased temperature or humidity levels led to or caused off-gassing of formaldehyde. Such is beyond his area of expertise. Even Plaintiff admits that Mallet is not an expert on formaldehyde or formaldehyde testing. Thus, the motion is granted in this regard.

Further, as for Mallet's opinions regarding the provision and functionality of vapor barriers (Mallet's conclusion H and I), the Court concludes that admitting such testimony would be confusing for the jury and, thus, grants this portion of the motion. As this Court concluded in the *Wright* trial, this Court now finds that Mallet's testimony regarding the provision and functionality of vapor barriers is undercut by the fact that he testified that he could not or did not observe any "condensation" or vapor damage between Plaintiff's trailer's wall board and vinyl covering (Exhibit B to Rec. Doc. 13315, p. 257), and he admitted that he could not pinpoint the source of the only documented moisture intrusion in his report. (*Id.* at pp. 261-63). However, the Court will allow testimony from Mallet regarding the "misplaced" vapor barrier, which the Court sees as a different issue from the provision and functionality of vapor barriers. Thus, to the extent RBD's motion

3

addresses Mallet's opinion relating to the misplacement of the vapor barrier in Plaintiff's trailer, the motion is denied.

Last, to address Mallet's opinions regarding alternative building materials (Mallet's Conclusion K), this Court has already denied RBD's Motion to Strike Plaintiff's References to an Alternative Design and Related Demonstrative Exhibit. (See Rec. Doc. 14046). In that Order and Reasons, this Court concluded that, based on the expert opinions of Plaintiff's experts, Dr. Smulski and Mr. Mallet, Plaintiff had presented substantial expert opinion relating to alternative design and construction, and had presented applicable demonstrative exhibits which at least arguably illustrate these principles.[1] Thus, RBD's motion is denied in this regard.

Considering the foregoing, **IT IS ORDERED** that **Defendant's Motion in Limine to Exclude Opinions and Testimony of Alexis Mallet (Rec. Doc. No. 13315)** is **GRANTED IN PART AND DENIED IN PART**.

New Orleans, Louisiana, this 12th day of May, 2010.

  _____
  **KURT D. ENGELHARDT**
  **United States District Judge**

---

[1] The Court also noted that, as for the mockups constructed by Mallet that purportedly show a "typical wall section of a travel trailer," this demonstrative, or a similar one, was used in the recent *Forest River* bellwether trial.

4