UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                          MDL NO. 1873
 FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                 SECTION "N-5"

                                             JUDGE ENGELHARDT

                                             MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Earline Castanel, et al. v. Recreational
By Design, LLC, et al,* Docket No.
09-3251


*********************************************************************************

### RESPONSE OF PLAINTIFF EARLINE CASTANEL TO
### DEFENDANT RECREATION BY DESIGN, LLC MOTION TO
### STRIKE CERTAIN JURORS EXCUSED FOR CAUSE

Pursuant to the Court's Order, plaintiff Earline Castanel hereby respectfully responds to

Defendant Recreation By Design, LLC's Motion to Strike Certain Jurors for Cause. Plaintiff first

generally responds and then individually addresses defendant's specific concerns regarding each

objected to juror accompanied by a short explanation of the reason(s) for same:


I.      **General Responses to Defendant's Objection**


        A.  **Prospective Jurors Should Not be Excused for Cause Because the Juror or Their**
            **Family Members Resided in a FEMA Trailer.**

Defendant, Recreation By Design, LLC. ("RBD") seeks to exclude Prospective Jurors Blackwell, Carnesi, Carter, Chappuis, Clement, Cochran, Collins, Cooke, DeAgano, Ducoing, Fernandez, Franklin, Glorioso, House, Lestelle, Llopis, Pelafigure, Richard, Walters, Warner and Williams-Shafer on the grounds that such jurors have family members who resided in travel trailers, or prospective juror resided in a travel trailer himself, and thus, such jurors are hopelessly biased. Respectfully, whether a venireman or a family member resided in a travel trailer should not be grounds for exclusion as (1) prescription as to all potential claims against RBD have lapsed; (2) potential claims by family members are too attenuated; and (3) the assumption that a venireman is hopelessly biased simply because a family member once resided in travel trailers is nonsensical.

First, any potential claims against RBD are not viable as the prescriptive period to raise such claims has passed. La. Civ. Code Art. 3492 (prescribing a one year limitation to injuries or damages under the Louisiana Products Liability Act). Accordingly, because such jurors or family members will not be able to raise a claim against RBD, there exists no imminent threat of prejudice to the venireman.

Second, even if the prescriptive period has not run, the potential claim of a family member is far too attenuated to threaten the sanctity of the venirepanel as a whole. Whether a venireman's family member resided in a travel trailer does not speak to whether the venireman is predisposed to the opinions of the family member. It is unfair and inequitable to assume that the claim (or potential claim) of the venireman's family member precludes the venireman from participating without bias is a supposition that cannot be supported; instead, and at the very least, it is necessary that additional information be obtained to determine any existence of bias.

Finally, regardless of whether a family member may bring a claim, the notion that simply because a venireman's family member lived in a trailer renders the venireman hopelessly bias is preposterous. The information simply provides no conclusive indication that the venireman is biased, and should not be a blanket ground in which to excuse similar venireman.

**B. Alleged Hardship is Not a Valid Excuse For Cause.**

In response to Question 128 many veniremen state that participating in a two week trial would result in undue hardship.  As stated by Plaintiff and noted by the Court, Plaintiff does not believe this trial will last two weeks, and instead anticipates this trial lasting approximately one week. Unlike previous bellwether trials, Plaintiff has chosen not to pursue her claim against the subcontractor and thus, will not be presenting evidence in that regard.  Further, as evidenced by Plaintiff's witness list, Plaintiff is calling significantly less witnesses when compared to previous bellwether trials, which should decrease the two week expectation set forth in Question 128. Accordingly, any "hardship" objections are based on the improper assumption that this trial will last two weeks and should therefore not serve as grounds for excusal.

**C. Defendant's Allegations of Illiteracy or Intellectual Inability are Not Grounds for Excusal for Cause.**

In addition, RBD argues that two jurors should be excluded because they are not adequately fluent in English.  RBD's basis, however, is premised upon answers that cannot accurately indicate whether such jurors in fact do not speak English.  Further, simply because a juror indicates that he "is not smart enough for this case" does not conclusively determine the intellectual ability of the juror.  Without additional facts regarding this case, it is impossible for the juror to gauge his ability to comprehend the evidence to be presented.  Accordingly, any excusal of such jurors should only occur after the Court has questioned such jurors regarding their ability to speak English and ability to comprehend the evidence to be presented.

II.     **Specific Responses to Defendant's Objections**

## 1. DEBRA BLACKWELL:

**Defendant's Challenge:**

Ms. Blackwell should be stricken for cause. She has already decided that FEMA trailers have caused people to experience "burned eyes and noses just by walking in them," and she believes the FEMA trailers have "made people sick" (Question 119). Her parents could not stay in their FEMA trailer after hurricane Katrina, because the "smell burned their eyes and nose" (Question 114). Finally, she believes FEMA trailers were poorly constructed and uninhabitable due to the smell of formaldehyde (Question 105).

**Plaintiff's Response:**

Defendant would like this Court to exclude her from the jury because she has open mind is not leaning towards the Defendants alleged defenses.  Defendants, essentially, argue that Ms. Blackwell should be stricken from this jury pool because she has heard that formaldehyde has caused some people to suffer from some respiratory problems.  Defendants fail to consider Ms. Blackwell's response to  Question 25; she wholly agrees that she will be able to maintain her honest beliefs about the evidence shows, while at the same time giving full considerable to the views of the other jurors without hesitation to reexamine her own and opinion, and – if convinced she is wrong – to change her mind.  (Q 25).  She undeniably affirms that she can fairly decide a lawsuit involving an individual against and corporation.  Moreover, she avows that there any nothing that would give her trouble being open-minded in a case of this kind; that is, a case involving a person (such as the plaintiff in the case at bar) suing a trailer manufacturer for formaldehyde exposure from their FEMA-issued trailers (Q 127).

## 2.  BRADLEY BOZANT:

**Defendant's Challenge:**

Mr. Bozant should be stricken for cause. It is impossible for Mr. Bozant to be fair and impartial in this matter, as Mr. Bozant has disdain for corporations. He has expressed that corporations exist only to "take money" from people (Question 69).

**Plaintiff's Response:**

Defendant would like to strike Mr. Bozant for cause because they claim that it would be "impossible for Mr. Bozant to be fair and impartial in this matter."   They further base their argument to strike Mr. Bozant by claiming that "Mr. Bozant has disdain for corporations" and "has expressed that corporations exist only to 'take money' from people." Respectfully, nowhere in his responses does Mr. Bozant show a "disdain" for corporations, and, furthermore, Defendant misquote one of Mr. Bozant's responses – in response to Question 69, Mr. Bozant states that "[c]orporations are there to make money."  Defendant misconstrues the meaning of the question, and the fact of the matter is that Mr. Bozant feels he could fairly decide a lawsuit involving an individual against a corporation (Q 71), and that if selected as a juror, he would be able to maintain his honest beliefs about the evidence shows, while at the same time giving full considerable to the views of the other jurors without hesitation to reexamine her own and opinion, and – if convinced he is wrong – to change his mind.  (Q 25).  Most importantly, Mr. Bozant avows that there is nothing that would give him trouble being open-minded in a case of this kind; that is, a case involving a person (such as the plaintiff in the case at bar) suing a trailer manufacturer for formaldehyde exposure from their FEMA-issued trailers (Q 127).

### 3.  GREGORY BRUMFIELD, SR.:

**Defendant's Challenge:**

Mr. Brumfield should be stricken for cause because he believes corporations have an unfair advantage in the courts (Question 69). He has little confidence in major companies 3 (Question 73), and he is positive that corporations conspire to conceal important safety and health information from the public (Question 74). With respect to corporations, Mr. Brumfield believes profit trumps concerns over honesty and ethics (Question 75). Finally, Mr. Brumfield has knowledge of the formaldehyde lawsuits (Question 124), and he has already formed an opinion relative to the dangers of formaldehyde exposure (Question 120).

<u>Plaintiff's Response:</u>

In an effort to strike Mr. Brumfield from this litigation, Defendant attempts to confuse jurors' honest thoughts on major American corporations with the relevant issues in this case. In regards to Mr. Brumfield, the fact is that he affirmatively feels that he can fairly decide a lawsuit involving an individual against a corporation (Q 71). Additionally, Mr. Brumfield also indicated he believes that corporations try to make their products safe (Q 77). Furthermore, despite what Defendants claim, Mr. Brumfield has not formed an opinion on the effects of formaldehyde exposure (Q 119). Most importantly, Mr. Eves confirms that he can fairly decide a lawsuit involving an individual against a corporation (Q 71) and can think of no reason that would give him trouble being open-minded in a case involving a person suing a trailer manufacturer for formaldehyde exposure from their FEMA-issued trailers (Q 127).

### 4.  JESSIE BURNELL

**Defendant's Challenge:**

Ms. Burnell should be stricken for cause. She has already formed strong opinions in this case that would prejudice the defense. Ms. Burnell believes that exposure to formaldehyde is very dangerous (Question 120). Ms. Burnell also has a very negative view of corporations. She suspects corporations conspire to conceal important safety and health information from the public (Question 74), and she believes corporations will disregard honesty and ethics to make the highest profit possible (Question 75). Ms. Burnell also believes American corporations do an

inadequate job testing products for safety prior to releasing those products to the public (Question 76).

**Plaintiff's Response:**

In attempting to strike Ms. Burnell from this jury, Defendant seeks to distract this Court from a prospective juror's ability to be a fair and impartial juror with extraneous information regarding Ms. Burnell's personal views on corporations. Though Ms. Burnell purports to have little confidence in major corporations, she unequivocally indicates that she could fairly decide a lawsuit involving an individual against a corporation in Question 71. Ms. Clement has indicated that her thoughts on corporations will not influence her ability to be fair in this case. This affirmation of impartiality is reaffirmed by her responses to questions 25 and 127, in which she indicates that she will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers.  As such, Ms. Burnell would undoubtedly be a fair and impartial jury and therefore should not be stricken as juror from this case.

## 5.  MELISSA ISIS CARNESI:

**Defendant's Challenge:**

Ms. Carnesi should be stricken for cause. She resided in a FEMA trailer following hurricane Katrina (Question 96). She attributes serious health complications, including nose bleeds, vomiting, and diarrhea, to residing in the FEMA trailer (Question 100). With regard to travel trailers, Ms. Carnesi stated, "I would never reside or vacation in one due to my personal experiences health wise" (Question 105). In addition to her own experiences, Ms. Carnesi's grandmother, ex-girlfriend, father, and brother resided in FEMA trailers following hurricane Katrina (Question 114). It would be impossible for Ms. Carnesi to be a fair and impartial juror in this matter.

**Plaintiff's Response:**

A proper jury, as defined by the Constitution, is intended to adequately represent the demographic and people of the venue in which a certain litigation is pending. As this Court, as well as Defendant is undoubtedly aware, a sizable portion of the residents of this parish were unfortunately displaced from their homes during the horrendous aftermath of Hurricane Katrina. Indeed, for Defendant to feel an entitlement to strike *for cause* every potential juror due solely to the fact they have lived in a FEMA trailer is indisputably improper, and hinges on unconstitutional. For the Court to allow such would not allow what the Plaintiff is constitutionally owed – a fair, impartial jury representative of the venue she resides in which she resides. Furthermore, as evidenced by Ms. Carnesi's response to Jury Question 25, she wholly agrees that she will be able to maintain her honest beliefs about the evidence shows, while at the same time giving full considerable to the views of the other jurors without hesitation to ex-reexamine her own opinion, and – if convince if wrong – to change her mind (Q 25). She undeniably affirms that she can fairly decide a lawsuit involving an individual against and corporation. Moreover, and most importantly, she avows that there any nothing that would give her trouble being open-minded in a case of this kind; that is, a case involving a person (such as the plaintiff in the case at bar) suing a trailer manufacturer for formaldehyde exposure from their FEMA-issued trailers (Q. 127). Ms. Carnesi is therefore what this jury needs for this trial to be litigated fairly and should not be struck.

## 6. DONNA CARTER

**Defendant's Challenge:**

Ms. Carter should be stricken for cause. Ms. Carter has already formed strong opinions in this case, making it impossible for her to serve as a fair and impartial juror. Ms. Carter believes her father, who resided in a FEMA trailer following hurricane Katrina, developed chronic

obstructive pulmonary disease as a result of living in the FEMA trailer (Question 116). She admitted that she would favor the plaintiff in this case, because the defendant, in her opinion, "new [sic] that these trailer [sic] were full of formaldahyde [sic]" (Question 115). She believes formaldehyde is harmful to be around for any length of time (Question 119), and that formaldehyde exposure is very dangerous (Question 120). Mrs. Carter believes her father has a claim for injuries sustained from living in a FEMA trailer (Question 126). Mrs. Carter believes corporations have an unfair advantage in court (Question 69), she is positive corporations conspire to conceal important health and safety information from the public (Question 74), and she believes corporations will ignore honesty and ethics to make higher profits (Question 75).

**Plaintiff's Response:**

Ms. Carter's thoughts on major corporations do not render her biased. Ms. Carter indicated that she can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 7. MICHAEL B. CHAPPUIS:

**Defendant's Challenge:**

Mr. Chappuis should be stricken for cause. Mr. Chappuis lived in a trailer for four months following hurricane Katrina (Question 98). The brand trailer may have been manufactured by Fleetwood, one of the defendants in the MDL (Question 96). Mr. Chappuis also has a very unfavorable view of corporations. He believes they have an unfair advantage in the courtroom, because "most of the time they have more money" (Question 69). He has little confidence in the companies in America (Question 73), he suspects corporations conceal important health and safety information from the public (Question 74), and feels companies do an inadequate job testing products for safety prior to sale to the public (Question 76). Mr. Chappuis wishes to speak to the court in private regarding a hardship which may prevent his participation as a juror over a two week period.

**Plaintiff's Response:**

Mr. Chappuis should not be stricken from this jury as he confirms that he can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong, and that there is nothing he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127). Defendant mischaracterizes Mr. Chappuis' responses regarding corporations. Mr. Chappuis' responses avoid extremes and are moderate in light of the responses provided for the juror's selection. Additionally, Mr. Chappuis has no safety concerns about travel trailers (Q 99) and knows no one who was negatively affected by time spent in a travel trailer (Q 100) which clearly includes himself. Thus, Mr. Chappuis appears to be a fair juror and should be allowed to serve this Court.

## 8. DEBORAH CLEMENT:

**Defendant's Challenge:**

Ms. Clement should be stricken for cause. Ms. Clement has a predetermined opinion relative to the safety of FEMA trailers, which renders her biased, partial, and unfit to serve as a juror. First, Ms. Clement's sister resided in a FEMA trailer following hurricane Katrina (Question 114). Second, in response to the question of whether she would favor one side over the other in this case, Ms. Clement wrote that "trailer mfgs [sic] need to test their models for hazardous material before renting or selling" (Question 105). Lastly, Ms. Clement has an extremely prejudicial view against corporations. She believes corporations have an unfair advantage in the courtroom, because corporations "think they are special and want special treatment" (Question 69). She suspects corporations conspire to conceal important health and safety information from the public (Question 74), and she feels companies will disregard honesty and ethics for higher profits (Question 75).

**Plaintiff's Response:**

Again Defendant seeks to distract this Court from a prospective juror's ability to be a fair and impartial juror with extraneous information regarding Ms. Clement's personal views on

corporations. Though Ms. Clement purports to have little confidence in major corporations, she unequivocally indicates that she could fairly decide a lawsuit involving an individual against a corporation in Question 71. Ms. Clement has indicated that her thoughts on corporations will not influence her ability to be fair in this case. This affirmation of impartiality is reaffirmed by her responses to questions 25 and 127, in which she indicates that she will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers. Ms. Clement's responses of impartiality to questions 25 and 127 also speak to her ability to be fair despite her indirect personal experience of her sister formerly residing in a FEMA issued trailer. Ms. Clement indicated that no one in her family was ever exposed to a potential health hazard (Q 94) nor has any family member been injured as a result of such exposure (Q 95). Furthermore, Ms. Clement responded that no one in her family was negatively affected by time spent in a travel trailer (Q 100). Ms. Clement indicated that she was "unsure" about how dangerous it is for someone to be exposed to formaldehyde (Q120) and, notably, that she has not formed any opinions about the overall effects, if any, of formaldehyde exposure on a person (Q 119). These responses clearly indicate that Ms. Clement does not have predetermined opinions relative to the safety of FEMA trailers. Lastly, Ms. Clement's views on corporations can hardly be deemed "extremely prejudicial" as she responded with the greatest amount of confidence available in the provided answers that she believes the typical American company does "adequate" safety testing of products before they are put on the market (Q 76) and that most corporations try to make their products safe (Q77). It

is apparent that Ms. Clements sentiments regarding corporations in general are irrelevant to the issues in the case, and Plaintiff requests that this Court recognize Ms. Clement as an excellent candidate for a jury as she well represents the people of this district.

## 9. DIANNE D. COCHRAN:

**Defendant's Challenge:**

Ms. Cochran should be stricken for cause. Ms. Cochran has formed strong opinions relative to the issues in this case, which would render her a biased and partial juror. Ms. Cochran holds the opinion that prolonged exposure to formaldehyde can cause illness (Question 119). She believes formaldehyde danger is linked directly to the length of exposure (Question 120). Moreover, Ms. Cochran's in-laws have received and lived in a FEMA trailer following hurricane Katrina (Question 114).

**Plaintiff's Response:**

Ms. Cochran should not be stricken for cause as it would do this Court a disservice to lose her unique and founded opinions. Ms. Cochran is unusually fair. She responded to numerous questions by explanation, often indicated her unwillingness to make generalizations about corporations and individuals alike. Based on her Questionnaire, it is evident Ms. Cochran approaches every issue she encounters with a discerning eye and her thoughts on her life experiences lend her to impartiality. Ms. Cochran has confidence in corporations and individuals on a case by case basis, but admits she believes most companies try to conduct business in a honest and ethical manner, perform adequate safety testing of products, and generally try to make products safe.  Ms. Cochran asserts that she can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded

in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 10. ROSIE COLLINS:

**Defendant's Challenge:**

Ms. Collins should be stricken for cause. Although Ms. Collins checked that she does not believe corporations have an unfair advantage in the courtroom after she had previously checked the space indicating that they do, her written explanation reveals that she would not be impartial with respect to corporations, as she indicates that corporations have an advantage because they will have several attorneys representing them (Question 69). She also indicates that she has hardly any confidence in major companies in our country (Question 73). She also suspects that corporations conspire to hide important health and safety information from the public (Question 74). She indicates that she may have opinions about travel manufacturers which would make her favor the emergency aid recipient over the manufacturer (Question 105). Ms. Collins has discussed with some family members the problems (burning eyes and certain smells) they experienced while in their trailers (Question 117). Ms. Collins has also already formed opinions with respect to exposure to formaldehyde (Question 119). She is also aware of letters that her friends and relatives received regarding lawsuits against FEMA (Question 124).

**Plaintiff's Response:**

Ms. Collins should not be stricken for cause. Ms. Collins' confidence in major corporations resembles a common sentiment of this Jury Pool. While she questions such corporations, she believes they conduct business honestly and ethically, conduct adequate safety testing, and generally try to make products safe—issues that speak directly to this case (Qs 75-77). Most importantly to her qualification as a fair juror, Ms. Collins states that she can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

### 11. WILLIAM COOKE:

**Defendant's Challenge:**

Mr. Cooke should be stricken for cause. He works for FEMA, and, as a result, has very likely already formed an opinion with respect to the formaldehyde exposure lawsuits (Question 11). Mr. Cooke believes that corporations have an unfair advantage in the courtroom because they have too much money (Question 69). He has hardly any confidence in companies in our country and suspects that they conspire to hide important health and safety information (Questions 73 and 74). Mr. Cooke has also likely formed opinions regarding hazardous substances, as he claims to have been exposed to asbestos. He has already formed opinions as to negative health effects being associated with time spent in travel trailers (Question 100). He has also discussed formaldehyde exposure due to FEMA trailers with his co-workers who resided in trailers (Question 117). He thinks exposure to formaldehyde is very dangerous (Question 120).

**Plaintiff's Response**

Mr. Cooke's employment with FEMA should not discount him from participating in this trial as FEMA is not a party to this suit. Mr. Cooke has not formed any opinions on formaldehyde exposure (Q 119) though he is familiar with the claims by aid recipients. Plaintiff respectfully requests that this Court take care to consider Mr. Cooke's responses with respect to his ability to be fair and impartial: Mr. Cooke confirms that he can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong, and that there is nothing he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

### 12. DRAKE DEAGANO

**Defendant's Challenge:**

Mr. DeAgano should be stricken. He believes that corporations have an unfair advantage in the courtroom (Question 69). He also has hardly any confidence in corporations and is positive that

all corporations conspire to hide important safety information (Questions 73 and 74). He believes that most companies only try to make a profit with no regard for honesty or ethics (Question 75). Mr. DeAgano has preformed opinions with respect to the liability of manufacturers. He has hardly any confidence in our government (Question 84). He does not believe that the government does a good job of protecting citizens from toxic substances in the environment (Question 85). Mr. DeAgano feels very strongly in a negative way regarding his experiences with FEMA following Hurricane Katrina, and he would be biased as a juror in this matter. He lived in a FEMA trailer, and he indicated that you could smell formaldehyde/chemicals which caused him and his wife headaches (Question 117). He has already formed an opinion as to the health effects of formaldehyde exposure (Question 119). He also states that he would have trouble being open-minded in a case involving an individual suing a FEMA trailer manufacturer (Question 127).

**Plaintiff's Response:**

Mr. DeAgano believes adequate safety testing is done before products are put on the market (Q76) and that corporations try to make their products safe (Q 77). Mr. DeAgano's written "concerns" about holding a product manufacturer legally responsible if a user of the product gets sick from exposure to hazardous air pollutants emitted from the product follow Louisiana's Product Liability Act. Mr. DeAgano states that "if someone gets sick using a product that has not been clearly labeled as producing harmfull [sic] discharge or whatever then it should be the product mfg. problem" (Q 78). This is not a bias or pre-determined idea; it is a common sense response that unintentionally follows the law regarding this issue. The vast majority of Mr. DeAgano's possible biases are directed towards FEMA, who is not a party to this suit. Mr. DeAgano's  response to Q 27, which asks if there is anything he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers, installation and maintenance contractors, and FEMA for formaldehyde exposure from their FEMA-issued trailer,   DeAgano stated that he is "disappointment in the way things were handled," which speaks directly to FEMA and in no way to defendant RBD.

### 13. NOEL DOMINGO

**Defendant's Challenge:**

Mrs. Domingo should be stricken. She believes that corporations have an unfair advantage in the courtroom (Question 69). She has hardly any confidence in companies, and she believes that corporations only want to make a profit, with no regard for ethics and/or honesty (Questions 73 and 75). She resided in a FEMA trailer following Hurricane Katrina, and she has already formed an opinion with respect to injuries/illnesses being caused by the trailers. She already has an opinion as to the effects of exposure to formaldehyde (breathing problems) and whether formaldehyde is dangerous (Questions 119 and 120). Further, based upon her response, 8…***

**<u>Plaintiff's Response:</u>**

Defendants, once again, would like this Court to strike a wholly impartial, informed juror who would properly and fairly hear and decide this case. Defendants based their argument for Ms. Domingo's exclusion on a number or meritless and unfounded claims. Firstly, Defendants argue that Ms. Domingo carries the belief that corporations have an unfair advantage in the courtroom (*see* Domingo Response Q. 69). Conveniently, Defendants completely fail to consider Ms. Domingo's response to the more vital question inquiries, two questions down: "Do you feel you could fairly decide a lawsuit involving an individual against a corporation?" (Q 71). Ms. Domingo's response, "Yes." Further, Defendants point to Ms. Domingo's answers to Questions 73 and 75; in those questions, Ms. Domingo responds that she does not have confidence in major corporations and that most companies try do anything they can do for the highest profit. These responses are immaterial and irrelevant to the instant matter. The key issues is in relation to Ms. Domingo's view, and especially in terms of this litigation, is that her strong belief that corporations <u>do not</u> conspire together to hide to important health and safety information from the public.

### 14. ELAINE DUCKWORTH

**Defendant's Challenge:**

Mrs. Duckworth should be stricken for cause. Mrs. Duckworth believes that corporations have an unfair advantage in the courtroom because they have more money and can hold a case up in court for years (Question 69). Mrs. Duckworth also suspects that corporations conspire to hide important health and safety information from the public (Question 74). Mrs. Duckworth has concerns regarding exposure to chemicals, and, as a result, she may be biased as juror in the present matter (Questions 90 and 91). Additionally, Mrs. Duckworth's son lived in a FEMA trailer (Questions 96, 98, and 114). As a result, her son is a potential formaldehyde FEMA trailer plaintiff. Mrs. Duckworth has also discussed the topic of formaldehyde exposure with her family, and it is possible that she has already formed an opinion regarding the effects of exposure to same (Question 117).

<u>**Plaintiff's Response:**</u>

Ms. Duckworth's personal thoughts regarding corporations do not come close to constituting an

anti-corporate bias. Defendant's implication that Ms. Duckworth is partial towards Plaintiff is a

mischaracterization of her responses. Of five consecutive questions regarding corporations, Ms.

Duckworth questioned corporation's motives in only one (1) question, and insodoing only

responds that she "suspects" corporations conspire together to hide important health and safety

information from the public- hardly impartiality. Ms. Duckworth has a great deal of confidence

in major companies in our country, believes most companies try to conduct their business

profitable in an honest and ethical manner, and believes that American companies, such as

Recreation By Design LLC, do "adequate" safety testing of products and try to make their

products safe (Qs 73, 75, 76 & 77). Furthermore, and the only truly material question regarding

corporations, Ms. Duckworth confirms that she can fairly decide a lawsuit involving an

individual against a corporation (Q 71). This, corroborated by her indication that she will be able

to maintain her honest beliefs about what the evidence shows, while at the same time giving full

consideration to the views of other jurors without hesitation to re-examine her own opinions and

change her mind if convinced she is wrong, and that there is nothing she can think of that would

give her trouble being open-minded in a case involving a person suing the trailer manufacturers

for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127). With respect to Ms.

Duckworth son's trailer, the only complaint she recalls is that the trailer was "cramped" which is

of course an undeniable fact that is in no way at issue in this case. Despite her personal

experience with family in FEMA-issued trailers and her husband's possible exposure to a

chemical, Ms. Duckworth does not have opinions about companies that manufacture travel

trailers that would make her favor one side over the other, and even elaborates that she would

"need to learn case facts and all evidence before [she] can say which side [she] would chose."

(Q105). Ms. Duckworth is a fair and impartial prospective juror and her interested in fairness

would benefit the entire jury.

## 15. PETER DUCOING

**Defendant's Challenge:**

Mr. Ducoing should be stricken. He already has formed an opinion with respect to the effects of
exposure to formaldehyde (Question 120). Additionally, his in-laws resided in a FEMA trailer
following Hurricane Katrina, and he believes that his brother-in-law sustained injuries as a result
of living in a FEMA trailer (Questions 116, 117, and 126). Due to his opinions with respect to
FEMA trailers and formaldehyde, Mr. Ducoing would be unable to be an impartial juror.

**Plaintiff's Response:**

Mr. Ducoing should not be stricken for cause. Though Mr. Ducoing thinks it is "somewhat"

dangerous for someone to be exposed to formaldehyde (Q 120), he has not formed an opinion on

the overall effects of formaldehyde exposure (Q 119). Again despite personal experience of

family members regarding FEMA-issued travel trailers, Mr. Ducoing has no concerns about the

safety of travel trailers (Q 99) and does not know anyone who was negatively affected by such a

trailer (Q 100). Most importantly, Mr. Ducoing confirms that he can fairly decide a lawsuit

involving an individual against a corporation, will be able to maintain his honest beliefs about

18

what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong, and that there is nothing he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 16. THIRAWER DUPLESSIS

**Defendant's Challenge:**

Ms. Duplessis should be stricken. Ms. Duplessis suffers from a sinus condition (Question 48), which may make her unduly sympathetic to the symptoms alleged by the Plaintiff. She believes that corporations have an unfair advantage in the courtroom because corporations will buy their way out (Question 69). She also believes that companies conspire to hide important health and safety information from the public (Question 74). She does not believe that FEMA trailers were properly made, and she indicates that this would make her favor an emergency aid recipient over a manufacturer (Question 115). She has also already formed an opinion with respect to the effects of formaldehyde exposure (Question 120). Ms. Duplessis' responses reveal that she would be unable to serve as an impartial juror in this matter.

**Plaintiff's Response:**

Ms. Duplessis has enough confidence in corporations to prevent her from leaning either way with respect to corporations (Q 73). She believes most companies try to conduct their business profitable in an honest and ethical manner, conduct adequate safety testing of products, and generally try to make their products safe (Qs 75, 76 & 77). Most importantly and materially, Ms. Duplessis confirms that she can fairly decide a lawsuit involving an individual against a corporation (Q 71). She has not formed an opinion about the overall effects of formaldehyde (Q 119) and does not have any safety concerns about travel trailers (Q 99). Ms. Duplessis' indicates that she will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she

can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127). Ms. Duplessis will unquestionably be able to serve as an unbiased and impartial juror.

## 17. HARRY EVES JR

**Defendant's Challenge:**

Mr. Eves should be stricken. Mr. Eves suspects that companies conspire to hide important health and safety information (Question 74). He believes that companies typically do inadequate safety testing prior to putting products on the market (Question 76). Mr. Eves has preconceived concerns regarding travel trailers, and he believes that his health or the health of someone close to him has been negatively affected by time spent in a travel trailer (Questions 99 and 100). He believes that he may have opinions about trailer manufacturers and trailer installers that would make him favor one side or the other in a lawsuit (Questions 105 and 115). He has already formed an opinion that exposure to formaldehyde is very dangerous (Question 120). As a result, Mr. Eves would be unable to serve as an unbiased juror.

**Plaintiff's Response:**

Defendant continues to attempt to confuse jurors honest thoughts on major American corporations with the relevant issues in this case. Mr. Eves can fairly decide a lawsuit involving an individual against a corporation (Q 71). Additionally, his responses regarding such corporations are in fact moderate in light of the available responses a juror may check off (Qs 74 & 76). Mr. Eves also indicated he believes that most companies are honest and ethical (Q 75) and that corporations try to make their products safe (Q 77). Mr. Eves has not formed an opinion on the effects of formaldehyde exposure (Q 119). Most importantly, Mr. Eves confirms that he can fairly decide a lawsuit involving an individual against a corporation (Q 71) and will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong (Q 25).

## 18. MARGARET FERNANDEZ

**Defendant's Challenge:**

Ms. Fernandez should be stricken for cause. She suspects that companies conspire to hide important health and safety information (Question 74). Her son lived in a FEMA trailer, and she has already formed an opinion that safety concerns existed with respect to building materials in the trailers that could cause sickness (Questions 98 and 99). She indicates that she may have opinions that would make her favor an individual in a suit against a trailer manufacturer (Question 105). She would be unable to serve as an unbiased juror.

**Plaintiff's Response:**

Ms. Fernandez indicated nothing that would make her a biased juror. Ms. Fernandez suggests, in Q 105, that she "would expect that the manufacturer should provide the public with a safe environment," which is not a biased opinion in any way." Critically, Ms. Fernandez asserts that she can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 19. TAMARA FRANKLIN

**Defendant's Challenge:**

Ms. Franklin should be stricken for cause. She believes that corporations have an unfair advantage in the courtroom because of the amount of money they have (Question 69). She also believes that companies conspire to hide important health and safety information from the public (Question 74). She believes that the government should pay for injuries to an individual even when there is no proof that the government was at fault (Question 82). Ms. Franklin's father is a retired chemical engineer who was exposed to hazardous substances; this has likely caused her to develop a bias which would prevent her from serving as an impartial juror in this matter. She and her family also lived in a FEMA trailer after Hurricane Katrina (Question 98). Although she scratched out her initial answer, it appears that there may be some uncertainty for Ms. Franklin

as to whether she has already formed an opinion that exposure to formaldehyde is somewhat dangerous (Question 120).

**Plaintiff's Response:**

Ms. Franklin's belief that corporations have more resources such as money and legal counsel (Q 69) does not discount her ability to fairly decide a lawsuit involving an individual against a corporation (Q 71). Furthermore, Ms. Franklin's responses to questions regarding corporations are in fact moderate in light of the available responses a juror may select (Qs 73, 74 & 76). Ms. Franklin also indicated she believes that most companies conduct business in a manner that is both honest and ethical (Q 75), that companies conduct adequate safety testing of products before putting said products on the market (Q 76), and that corporations try to make their products safe (Q 77). Ms. Franklin has not formed an opinion on the effects of formaldehyde exposure (Q 119), and remains unsure of how dangerous it is for someone to be exposed to formaldehyde (Q 120). Though Ms. Franklin's father came in contact with "substances that were hazardous" as a chemical engineer (Q 94), she maintains that no one in her family has ever been injured as a result of exposure to such substances (Q 95). As the government is not a party to this suit, Ms. Franklin's purported beliefs regarding actions taken by the government in an emergency are irrelevant and in no way suggest Ms. Franklin is anything but an impartial prospective juror. Lastly, Ms. Franklin indicates that she will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127).

### 20. TALMAN GARDNER

**Defendant's Challenge:**

Mr. Gardner should be stricken. He appears to believe that a manufacturer should be responsible for its product simply because it manufactured the product (Question 78). Mr. Gardner has already formed an opinion regarding the effects of exposure to formaldehyde (Question 120), which would render him biased. Additionally, Mr. Gardner also left many of his questionnaire responses blank, such that RBD is unable to assess the full extent of Mr. Gardner's potential bias and/or his ability to serve as an impartial juror.

**Plaintiff's Response:**

Defendant again seeks to strike a prospective juror who indicates thoughts on liability that fall directly in line with Louisiana law. Mr. Gardner does state that a manufacturer should be responsible for a user's illness from exposure to hazardous air pollutants emitted from the product (Q 78). This response does not suggest a bias; in fact, the response speaks to Mr. Gardner's ability to comprehend the legal concepts of liability at issue in this case. Further, Mr. Gardner has confidence in major corporations, does not believe they conspire to hide important health and safety information from the public, agrees that most companies conduct business honestly and ethically, believes the typical American company performs adequate safety testing of products, and generally try to make products safe (Qs 73-77). Importantly, Mr. Gardner feels that he could fairly decide a lawsuit involving an individual against a corporation (Q 71). Mr. Gardner has not formed an opinion about the effects of formaldehyde exposure (Q 119) and does not have any safety concerns about travel trailers (Q 99). Mr. Gardner's responses state that he will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong, and that there is nothing he can think of

that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127).

## 21. CRISSY GLORIOSO

**Defendant's Challenge:**

Ms. Glorioso should be stricken. She believes that companies conspire to hide important health and safety information from the public (Question 74). She also thinks that companies are only interested in profits, with no regard to honesty or ethics. She lived in a FEMA trailer manufactured by Forest River (Question 96). She has already formed an opinion that FEMA trailers had toxic chemicals (Question 99), and she believes that her daughter suffered from nose bleeds as a result of her FEMA trailer (Question 100). She indicates that her opinions may make her favor the individual in a suit against a FEMA trailer manufacturer (Question 105). She is biased against trailer manufacturers and has already formed an opinion that the trailers were toxic (Question 115). She believes her daughter suffered from nose bleeds as a result of her trailer (Question 116). She heard about formaldehyde exposure through an attorney's office (Question 117). She has already formed the opinion that formaldehyde exposure is very dangerous (Question 120). She states that she has not filed a lawsuit yet with respect to her trailer, but she has contemplated filing suit (Question 123).

**Plaintiff's Response:**

Ms. Glorioso should not be stricken for cause. Ms. Glorioso's responses indicate she will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127). Though Ms. Glorioso questions the motives of major corporations, she believes products are adequately tested before being placed on the market and thinks corporations try to make their products safe (Qs 76 & 77). Ms. Glorioso states that "[i]f a manufacturer is aware that people can get sick, they should not sell product" in response to Q 78. This is not a bias, it is the fair-minded common sense courts desire of their jurors. Ms. Glorioso's fairness is also evident in her responses to

questions regarding dis/advantage in the courts as she states that "[i]ts how they argue there [sic] case" and, again, "[i]ts all about the case" (Qs 69 & 70). It follows that Ms. Glorioso feels she could fairly decide a lawsuit involving an individual against a corporation (Q 71). Ms. Glorioso again responds with fairness that she would "need facts" to form an opinion about the overall effects of formaldehyde exposure (Q 119). Unwilling to come to conclusions without confidence, Ms. Glorioso refuses to blame her FEMA-issued travel trailer for her daughter's nosebleeds because she "does not know if [her] daughter's nose bleeds were related" to the trailer, despite having heard that travel trailers "had toxic chemicals" (Qs 123 & 99). Interestingly, Ms. Glorioso does not describe herself as unusually sympathetic, stating that "people tell me that I'm heartless. I don't show lots of emotions" (Q 35). Despite her personal experience, Ms. Glorioso responded with great impartiality, and her voice of reason will be invaluable to this jury.

## 22. JULIO GOMEZ

**Defendant's Challenge:**

Mr. Gomez should be stricken. He believes that companies conspire to hide important health and safety information from the public (Question 74). He also thinks that companies are only interested in profits, with no regard to honesty or ethics. He has hardly any confidence in companies and does not think he could fairly decide a lawsuit between an individual and corporation or the government (Questions 71 and 83). He also believes inadequate safety testing is performed. He has also already formed an opinion that formaldehyde is very dangerous (Question 120). For these reasons, Mr. Gomez would be unable to serve as an impartial juror.

**Plaintiff's Response:**

Mr. Gomez will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong (Q 25). He has not formed any opinions regarding travel trailers nor formaldehyde (Qs 115 & 119), and despite his

lack of confidence in corporations, he believes they try to make their products safe (Q 77). Like many prospective jurors, Mr. Gomez's responses to questions regarding corporations are mostly moderate considering the responses available (Qs 74 & 76).

## 23. VERONICA HOUSE

**Defendant's Challenge:**

Ms. House should be stricken for cause due to bias. She lived in a FEMA trailer following Katrina, which makes her a potential FEMA Formaldehyde Trailer Plaintiff, and she readily admits that she would have a strong bias toward the plaintiff and would not be able to be fair and impartial (Questions 81, 105, 127). Furthermore, Ms. House believes the problems with the FEMA trailers were based on "unsafe safety precautions," and she has discussed her concerns about her own formaldehyde exposure with family and friends (Questions 115, 117).

**Plaintiff's Response:**

Ms. House's honest responses do not render her biased. Only if the trailers are found to be unsafe and that the manufacturer knew the trailers were unsafe does Ms. House admit a possible tendency to favor emergency aid recipients (*see* Q 78: But only if it can be proven that this product was hazardous to everybody who purchased it (or potentially hazardous) and that testing by the manufacturer was insufficient.). Furthermore, Ms. House's alleged bias is unquestionably with respect to the government, which is not a party to this suit. Ms. House does not have safety concerns regarding travel trailers (Q 99) and has not experienced any negative affects from her time in the FEMA-issued travel trailer (Q 100). Ms. House has not formed any opinions regarding formaldehyde, and is unsure of how dangerous exposure may be (Qs 99 & 100). Ms. House believes most companies conduct adequate safety testing of products, and that most companies try to make their products safe (Qs 76 & 77). Ms. House appears to have sound judgment and should not be stricken.

## 24. JAN HUTCHUNSON

**Defendant's Challenge:**

Ms. Hutchinson should be stricken for cause due to bias. She believes corporations conspire to hide important health and safety information and that most companies are only concerned with making the highest profit possible, without regard to honesty or ethics (Questions 74, 75). Ms. Hutchinson also believes that the typical American company conducts inadequate safety testing, and generally does not try to make products safe (Questions 76, 77). She further believes that chemicals and pollutants in products cause cancer in humans, and the government does not do enough to protect the public from toxic substances (Questions 78, 85). Finally, Ms. Hutchinson admits that she could not be fair and impartial because she believes the government is dishonest and people are paid off (Question 81).

**Plaintiff's Response:**

Ms. Hutchinson's honest responses to questions regarding corporations do not render her biased. Ms. Hutchinson's responses indicate she will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127). Ms. Hutchinson has formed no opinions regarding the effects of formaldehyde (Q 119) and despite her suspicions regarding chemicals and pollutants, Ms. Hutchinson states that she will try to be fair (Q 71), as is requested of all jurors. Previously, Ms. Hutchinson owned a "camper to 'camp' in" (Q 96), and has no safety concerns about travel trailers (Q 99) nor does she believe the health of anyone close to her has been negatively affected by time spent in a travel trailer (Q 100). Ms. Hutchinson's life experiences do not disqualify her from fairly serving this Court as a juror.

## 25. RASCHIE JOHNSON

**Defendant's Challenge:**

Mr. Johnson should be stricken for cause due to bias. Mr. Johnson believes that corporations have an unfair advantage in court and he could not fairly decide a lawsuit involving an individual and a corporation (Questions 69, 71). He also suspects that corporations conspire to hide health and safety information, and that they conduct inadequate testing (Questions 74, 76). Mr. Johnson also has a financial hardship as he works purely on commission and he would be unable to earn a salary if selected as a juror.

**Plaintiff's Response:**

To questions of fairness and impartiality, Mr. Johnson responded that he will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong, and that there is nothing he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127). Many of Mr. Johnson's thoughts on corporations are moderate responses as he does not choose an extreme with respect to his confidence in major corporations, suspicions that corporations conspire to hide important health and safety information from the public, and that the safety testing of products is not adequate (Qs 73, 74 & 76), though he believes most companies try to conduct their business profitably in an honest and ethical manner (Q 75) and that corporations generally try to make their products safe (Q 77). Mr. Johnson's statement that a "company should put out a product that is safe to use" cannot be construed as biased as plaintiff hopes this Court would be hard pressed to find a prospective juror who believed corporations should place unsafe products on the market, and is confident such a response would warrant excuse from this jury (Q 78). Mr. Johnson has no safety concerns regarding travel trailers (Q 99) and has not formed an opinion

regarding formaldehyde exposure and is presently unsure of how dangerous it is to be exposed to formaldehyde (Qs 119 & 120).

## 26. ANGELLE JONES

**Defendant's Challenge:**

Ms. Jones should be stricken for cause due to bias because she believes corporations have an unfair advantage in court and that most companies attempt to maximize their profits without regard for honesty or ethics (Questions 69, 75). She also believes that companies do not conduct adequate safety testing of products and that they generally do not try to make products safe (Questions 76, 77). Furthermore, Ms. Jones has discussed formaldehyde exposure with her family and believes that it is very dangerous to be exposed to formaldehyde (Questions 117, 120).

**Plaintiff's Response:**

Ms. Jones personal opinions regarding corporation's advantages and motives are more balanced than biased. Ms. Jones is doubtful corporations conspire to hide important health and safety information (Q 74) and believes that product safety testing is inadequate but not very inadequate (Q 76). Ms. Jones has no opinions about the companies involved in this suit (Q 115) and has formed no opinion regarding formaldehyde exposure (Q 119). Critically, Ms. Jones asserts that she can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 27. FRANCIS LESTELLE JR

**Defendant's Challenge:**

Mr. Lestelle should be stricken for cause because Mr. Lestelle lived in a FEMA trailer following Katrina, which makes him a potential FEMA Formaldehyde Trailer Plaintiff.

**Plaintiff's Response:**

Though Mr. Lestelle lived in a FEMA trailer with his family, he has no concerns about the safety of the trailer (Q 99), no one in his family experience negative affects from the time spent in the trailer (Q 100) and has formed no opinions regarding formaldehyde exposure and its possible effects (Qs 199, 120). Mr. Lestelle has the utmost confidence in major corporations (Qs 73-77). Most importantly to his qualification as a juror, Mr. Lestelle states that he can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong, and that there is nothing he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 28. VALERIE LLOPIS

**Defendant's Challenge:**

Ms. Llopis should be stricken for cause due to bias. Ms. Llopis lived in a FEMA trailer following Katrina, which makes her a potential FEMA Formaldehyde Trailer Plaintiff, and she was concerned about the formaldehyde odor (Questions 98, 99). In addition, Ms. Llopis's daughter had bronchitis while living in the FEMA trailer (Question 116).

**Plaintiff's Response:**

Ms. Llopis indicated no bias and in fact appears to be a very fair individual. Notably, Ms. Llopis

asserts that she can fairly decide a lawsuit involving an individual against a corporation, will be

able to maintain her honest beliefs about what the evidence shows, while at the same time giving

full consideration to the views of other jurors without hesitation to re-examine her own opinions

and change her mind if convinced she is wrong, and that there is nothing she can think of that

would give her trouble being open-minded in a case involving a person suing the trailer

manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

Ms. Llopis did live in a FEMA-issued trailer with her family, and though she indicates she has

safety concerns about travel trailers because of the "formaldehyde odor," (Q 99) she does not

consider this a "negative affect" of the trailer as she suggests that claustrophobia plagued her in

the trailer (Q 100). This is, of course, not a suit about the size of the trailers provided thus Ms.

Llopis' memory of the small trailer will not influence her ability to fairly decide the merits of

this case. Additionally, it is noteworthy that Ms. Llopis recognized the formaldehyde odor from

working with specimen containers in a hospital that utilized formaldehyde presumably for

preservation (Q 118).  Ms. Llopis' completed questionnaire in no way suggests she is impartial.

## 29. BROOKE MEYER

**Defendant's Challenge:**

Brooke Reese Meyer should be stricken for cause due to the fact that she may be biased in that
she was involved in an air poisoning event in a motor home when she was young (Question 96).
Although everyone survived, she has safety concerns about travel trailers (Question 99), she
believes that either her health or the health of others has been negatively affected by time spent
in travel trailers (Question 100), and when asked whether she has any opinions about companies
that manufacture travel trailers that would make her side one side or the other in this suit, she
responded "Maybe" (Question 105). Additionally, Ms. Meyer has preconceived (and false)
notions about the possible adverse effects of formaldehyde exposure. She claims that she is
"aware (of) the risks that are being discussed related to the formaldehyde exposure in FEMA

trailers" (Question 117), she assumes that formaldehyde is dangerous to one's health due to media reports (Question 119), and she thinks exposure to formaldehyde must be dangerous "because it is at issue." (Question 120). This demonstrates that Ms. Meyer will not follow the court's jury instructions as to burden of proof, as she has already made up her mind that formaldehyde exposure and travel trailers are dangerous. In fact, she admits that she cannot be open-minded, as she presumes that FEMA trailer residents were put in an unsafe situation (Question 127). Additionally, Ms. Meyer has a brother who worked for Shaw Environmental, which was recently dismissed from this case (Question 103-104). Shaw's liability will be at issue in this case. Finally, Ms. Meyer qualifies for a hardship discharge due to her employment obligations and in order to care for her children (Question 128).

**Plaintiff's Response:**

Ms. Meyer's childhood encounter with air poisoning from a faulty generator is hardly comparable to the issues in the present case and is unlikely to trigger Ms. Meyer's emotions related to that experience. Ms. Meyer has confidence in major corporations (Qs 73-77), and her present thoughts regarding a manufacturer's liability for sick consumers is that "[i]f the risks are communicated and made aware to the consumer and the consumer still decides to use the product, then I do not believe the manufacturer should be held responsible. Manufacturers that put people at risk without the consumer knowing then could be held responsible," (Q 78). This statement suggests no partiality as it logically follows Product Liability law and even speaks to Ms. Meyer's value to this Court with respect to her sound judgment and willingness to consider the evidence.  Ms. Meyer can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 30. CAROLYN MYLES

**Defendant's Challenge:**

Carolyn Myles should be stricken for cause due to her admission that she cannot fairly decide a case involving the government (Question 83). Even though the USA is no longer a party to this case, the actions and inactions of FEMA will be a primary focus of the trial. Ms. Myles is likely to extend this animosity to one of the parties at the trial.

**Plaintiff's Response:**

Ms. Myles gives Defendant no reason to believe her "animosity" towards the government will extend to RBD as she has more favorable opinions of corporations than the government. She does not believe corporations conspire to hide important health and safety information from the public, she believes most companies conduct business honestly and ethically, and, importantly, she believes corporations try to make their products safe (Qs 74, 75 & 77). Ms. Myles' responses indicate she will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25 & 127).

## 31. MICHALE PELAFIGUE

**Defendant's Challenge:**

Michael A. Pelafigue should be stricken for cause due to bias. Mr. Pelafigue's mother and step-father lived in a FEMA trailer after Hurricane Katrina form almost a year (Question 98). In response to Question 105, which inquired about favoritism in a case between an aid recipient and a FEMA trailer manufacturer, Mr. Pelafigue responded that he is "concerned that they are airborne chemicals that have made people sick and the manufacturer should have been more careful to remedy the problem. I would favor the aid recipient." He also has preconceived ideas about the manner in which travel trailers were installed, as he saw "some (of) the subcontractors do some shady or poor work. (Question 115) He has discussed with his mom and step-dad his

belief that formaldehyde exposure is "not very healthy" (Question 117), and he thinks it is "very" dangerous for someone to be exposed to formaldehyde: "It can make you sick and can be fatal." (Questions 119 & 120). Finally, Mr. Pelafigue is eligible for a hardship discharge from jury duty due to his role at his small business, the fact that no one else can do his job, and because his wife is having oral surgery. (Question 128).

**Plaintiff's Response:**

Mr. Pelafigure should not be stricken for cause due to bias despite his personal experience involving his mother's time in a FEMA issued trailer. Mr. Pelafigure believes corporations adequately test products for safety and try to make their products safe (Q 76 & 77). Mr. Pelafigure cites no negative affects experienced by his mother (Q 100). Mr. Pelafigure responded that he will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong (Q 25), and believes he can fairly decide a case involving an individual against a corporation (Q 71). When asked if there is nothing he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers, Mr. Pelafigure quite impartially states that "[b]oth parties have their own different problems it would be difficult to make a decision either way," (Q 127).

## 32. DORETHA POLLARD

**Defendant's Challenge:**

Doretha Pollard should be stricken for cause. She failed to answer, or only partially answered, the majority of the questions on the Questionnaire (Questions 8-9; 11-13; 15-18; 22-23; 25; 29; 31-33; 35-36; 38-39; 45-47; 49-52; 54; 56-72; 78; 80; 87; 90; 109-114; 120 & 127). It may be that Ms. Pollard is unable to read and write the English language with the proficiency required to fill out the questionnaire, and in that circumstance, she is unable to serve as a juror pursuant to 28 U.S.C. § 1865(b)(2). Most importantly, she admits that she will not be able to pay attention to the evidence at trial due to the fact that her son is in jail and she cannot think about anything but that (Question 128).

**Plaintiff's Response:**

Based on the insufficiency of Ms. Pollard's responses, it is impossible to ascertain whether she

would be a proper juror in this case, Plaintiff respectfully requests that this Court question Ms.

Pollard as to why her questionnaire was incomplete to determine if she is qualified to sit for this

jury.

## 33. JAMES RICHARD

**Defendant's Challenge:**

James Brady Richard should be stricken for cause due to bias as he has preconceived notions
about formaldehyde and its health effects and is close with people who have lived in FEMA
trailers (Question 100). Mr. Richard has discussed formaldehyde exposure with friends and
family and has heard stories about formaldehyde exposure in the news (Questions 117 & 124).
He admits to having the opinion that formaldehyde can be harmful (Question 119). He is also
subject to a hardship discharge as he is a school teacher and may need to handle the school-
related year-end responsibilities that cannot be taken care of by others (Question 128).

**Plaintiff's Response:**

Defendant again attempts to distract the Court from the key issues in this case. Mr. Richard's

awareness of formaldehyde-related news stories does not discount his ability to be a fair juror. In

fact, Mr. Richard is a teacher thus it is often his job to be fair. Mr. Richard even indicated that

the Questionnaire's "choice of responses are too limited and general, and perhaps biased" (Q 73).

This comment certainly speaks to Mr. Richard's eye toward fairness. Most importantly to his

qualification as a juror, Mr. Richard states that he can fairly decide a lawsuit involving an

individual against a corporation, will be able to maintain his honest beliefs about what the

evidence shows, while at the same time giving full consideration to the views of other jurors

without hesitation to re-examine his own opinions and change his mind if convinced he is wrong,

and that there is nothing he can think of that would give him trouble being open-minded in a case

involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

## 34. LOUIS TINSON SR

**Defendant's Challenge:**

Louis B. Tinson, Sr. should be stricken for cause as he may not be eligible for jury service. He failed to respond to any questions on pages 31-43 of the Questionnaire, and he responded to approximately half of the questions on the earlier pages. It may be that Mr. Tinson is unable to read and write the English language with the proficiency required to fill out the questionnaire, and in that circumstance, he is unable to serve as a juror pursuant to 28 U.S.C. § 1865(b)(2). Additionally, Mr. Tinson is being treated for cancer (Question 48). This makes it impossible for him to be fair considering the issues in this case, as plaintiff is making a claim for "fear of cancer."

**Plaintiff's Response:**

Merely because Mr. Tinson is being treated for cancer does not render his ability to think fairly and impartially as to the claims presented. Mr. Tinson has not indicated unequivocally that it is impossible for him to be fair in considering plaintiff's fear of cancer. In addition, RBD argues that two jurors should be excluded because they are not fluent in English. RBD's basis, however, is premised upon answers that cannot accurately indicate whether such jurors in fact do not speak English. Further, simply because a juror indicates that he "is not smart enough for this case" does not conclusively determine the intellectual ability of the juror. Without additional facts regarding this case, it is impossible for the juror to gauge his ability to comprehend the evidence to be presented. Accordingly, any excusal of such jurors should only occur after the Court has questioned such jurors regarding their ability to speak English and ability to comprehend the evidence to be presented.

### 35. SHERILL TOUSSAINT

**Defendant's Challenge:**

Sherrill Toussaint should be stricken for cause for numerous reasons. She espouses the belief that "corporations have hidden information from the people (Question 69), that corporations conspire (Question 74), and that companies are only focused on profits and have no ethics (Question 75). She believes in liability without fault or negligence (Question 62) which is contrary to law. Most importantly, however, is that Ms. Toussaint's spouse was living in a FEMA travel trailer (Question 116) and in response to that question, she volunteered that the trailer had formaldehyde. She has discussed formaldehyde with her spouse (Question 117), and she thinks it is "very dangerous" for someone to be exposed to formaldehyde (Question 120). Her spouse has been screened for a formaldehyde-related condition (Question 121), and her spouse has a claim for formaldehyde-related illness (Question 126). Clearly, Ms. Toussaint is too biased to serve as a juror in this case. Her spouse is a FEMA Formaldehyde Plaintiff.

**Plaintiff's Response:**

Agreed.

### 36. RUDOLPH WALTERS

**Defendant's Challenge:**
Rudolph Walters should be stricken for cause due to bias. He is a claimant in a workers' compensation matter (Question 61), his sister works for the U.S. Corps of Engineers, which many people blame for people having to stay in FEMA trailers (Question 43), he has experienced toxic mold problems in his home (Question 91), and his father was injured allegedly as a result of exposure to asbestos (Questions 94 & 95). He thinks it is "very" dangerous to be exposed to formaldehyde, without any evidence in support of this belief, he has been following the FEMA formaldehyde litigation in the news (Question 124), and, most importantly, he has "someone close" who is a FEMA formaldehyde trailer plaintiff (Question 126). The totality of these responses makes it clear that Mr. Walters is too biased to sit on a jury to judge the facts of this case.

**Plaintiff's Response:**

Mr. Walters should not be stricken for cause due to bias. Despite Defendant's efforts to paint Mr. Walters in a biased light, he is certainly qualified to serve on this jury. Mr. Walters can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the

views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong, and that there is nothing he can think of that would give him trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

### 37. RONALD WARNER

**Defendant's Challenge:**

Ronald M. Warner should be stricken for cause because he lived in a FEMA trailer after Hurricane Katrina (Questions 36 & 108) which makes him a potential FEMA Formaldehyde Trailer Plaintiff. While in response to Question 114, Mr. Warner states that he did not reside in FEMA housing following Hurricane Katrina, it is clear that this response is inaccurate considering that he wrote out that he had lived in a FEMA trailer in response to earlier questions. There is simply too great a risk of unfair prejudice to the defendant if a potential plaintiff is allowed to sit on this jury.

<u>**Plaintiff's Response:**</u>

Mr. Warner should not be stricken for cause. Does not believe he was negatively affected by time spent in a travel trailer, and has no safety concerns regarding such housing units (Qs 99 & 100). Mr. Warner does not have pre –formed opinions regarding formaldehyde and its possible effects (Qs 119 & 120). Most importantly, Mr. Warner can fairly decide a lawsuit involving an individual against a corporation and will be able to maintain his honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine his own opinions and change his mind if convinced he is wrong (Qs 25 & 71).

## 38.BARBARA WILLIAMS-SHAFER

**Defendant's Challenge:**

Mrs. Williams-Shafer should be stricken. She has hardly any confidence in major companies in our country, and she suspects that corporations conspire to hide important health and safety information from the public (Questions 73 and 74). Mrs. Williams-Shafer lived in a FEMA trailer following Hurricane Katrina (Questions 98, 108, and 109). As a result, she is a potential plaintiff in the FEMA trailer formaldehyde litigation.

**Plaintiff's Response:**

Ms. Williams-Shafer's thoughts on major corporations do not render her biased. Ms. Williams-Shafer can fairly decide a lawsuit involving an individual against a corporation, will be able to maintain her honest beliefs about what the evidence shows, while at the same time giving full consideration to the views of other jurors without hesitation to re-examine her own opinions and change her mind if convinced she is wrong, and that there is nothing she can think of that would give her trouble being open-minded in a case involving a person suing the trailer manufacturers for formaldehyde exposure from their FEMA-issued trailers (Qs 25, 71 & 127).

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:     504/528-9973
        gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on May 12, 2010.


/s/Justin I. Woods

JUSTIN I. WOODS