UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Castanel, et. al. v Recreation by Design, LLC, et. al* | * | |
| Docket No. 09-3251 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S OPPOSITION TO RBD'S
MOTION FOR RECONSIDERATION OF THE COURT'S RULING
GRANTING PLAINTIFF'S REQUEST TO ADD ONE ADDITIONAL WITNESS**

Plaintiff Earline Castanel submits this opposition to RBD's motion for reconsideration of the Court's ruling granting Plaintiff's request to add one additional witness. Plaintiff would incorporate by reference her Reply to Defendant's original opposition to Plaintiff's motion to add one additional witness (Rec. Doc.13863), and additionally would show as follows:

**I.
EVIDENCE**

Exhibit A     Excerpts from the videotaped deposition of Mark James Polk

Exhibit B     Mark Polk's *Alexander* Report

Exhibit C     Mark Polk's *Wright* Report

**II
FACTUAL BACKGROUND**

Mark Polk was designated by FEMA as an expert witness in both *Alexander v. Gulf Stream Coach Inc., et al.* and *Wright v. Forest River, Inc, et al.* Mr. Polk's expert reports were submitted in both actions. *See* Exhibits B, C. The deposition of Mr. Polk was taken in the *Wright*

1

case on September 22, 2009. *See* Exhibit A, p. 4.  Defendant RBD participated in the deposition. *See* Exhibit A, p. 4.

Mr. Polk possesses factual information concerning travel trailers such as the one in which Ms. Castanel resided. *See* Exhibit A, p. 90.  He is knowledgeable about recreational vehicles in general, regardless of the manufacturer. *See* Exhibit A, p. 90.  Plaintiff inadvertently omitted Mr. Polk's name from Plaintiff's Final Witness List; then moved to add him as a fact witness within one (1) day of the deadline.  On May 5, 2010, this Court granted Plaintiff's motion to add Mr. Polk as an additional witness. (Rec. Doc. 13989).

RBD now moves the Court to reconsider its Order admitting Mr. Polk's testimony.  RBD opposes adding Mr. Polk as a witness because he provided no expert report.  RBD, however, erroneously assumes that Mr. Polk will testify as a retained expert.  Because its basic assumption is false, RBD's argument fails.

## III.
## ARGUMENT & AUTHORITIES

Plaintiff incorporates by reference the argument presented in her Reply to Defendant's original opposition to Plaintiff's motion to add one additional witness (Rec. Doc.13863).

RBD erroneously argues that Mr. Polk should be excluded from testifying in this case because he failed to submit an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B)'s written report requirement.  "Subdivision (a)(2)(B) requires written reports for ***only*** those expert witnesses 'retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony ...'" Benoit v. Nintendo of America, Inc., 2001 WL 1524510, *1 (E.D.La. 2001) *quoting* Fed. R. Civ. P. 26(a)(2)(B) (*emphasis added*.)

2

Mr. Polk, however, is not subject to Rule 26(a)(2)(B). Plaintiff has designated Mr. Polk as a fact witness, not an expert witness. Mr. Polk has not been retained or specially employed to provide expert testimony; nor is he an employee of Plaintiff whose duties include giving expert testimony. Thus, Rule 26(a)(2)(B), by its own language, excludes Mr. Polk from the written expert report requirement. *See* Fed. R. Civ. P. 26(a)(2)(B).

Although not retained by Plaintiff as an expert witness, Mr. Polk will testify as to facts accumulated from his extensive experience with all kinds of recreational vehicles. *See* Exhibit A, pp. 90. Mr. Polk is, therefore, what is commonly referred to as a "hybrid fact/expert witness." The commentary to Rule 26 makes clear that hybrid witnesses, such as treating physicians, are not subject to the expert report requirement. *See* Commentary to Fed.R.Civ.P. 26(a) (1993), 146 F.R.D. 401, 635 (1993). Courts recognize, however, that witnesses other than treating physicians who possess expertise in an area helpful to the fact finder also qualify as hybrid witnesses. *See* Sullivan v. Glock, Inc., 175 F.R.D. 497, 500 FN 5 (D.Md. 1997); *see also* Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating and Air- Conditioning, Inc., F.Supp.2d, 2009 WL 981724, *6(E.D.La. 2009).; St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc., 246 F.R.D. 56, 58-59(D.D.C. 2007). As a hybrid witness not retained to provide expert testimony who posses expertise that will aid the jury, Mr. Polk is exempt from the written expert report requirement. *See* Id. RBD's opposition to adding Mr. Polk as an additional witness is therefore without merit. *See* Id.

## IV.
## CONCLUSION

Plaintiff has designated Mr. Polk as a fact witness, and has neither retained nor employed him to give expert testimony in this case. By virtue of his expertise in recreational

3

vehicles, however, Mr. Polk qualifies as a hybrid witness. The law is clear that hybrid fact/expert witnesses such as Mr. Polk are exempt from Rule 26's written expert report requirement. RBD will suffer no prejudice from the admission of Mr. Polk's testimony since it participated in his prior deposition, and has had ample opportunity to object to and/or counter Plaintiff's submission of deposition excerpts. Defendant has thus provided no valid reason for excluding Mr. Polk's testimony. This Court's prior Order granting Plaintiff's motion to add Mr. Polk as an additional fact witness was, therefore, entirely correct.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

                    **COURT-APPOINTED PLAINTIFFS'**
                    **STEERING COMMITTEE**
                    ANTHONY BUZBEE, Texas # 24001820
                    RAUL BENCOMO, #2932
                    FRANK D'AMICO, #17519
                    MATT MORELAND, #24567
                    LINDA NELSON, #9938
                    MIKAL WATTS, Texas # 20981820
                    ROBERT BECNEL
                    DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

     I hereby certify that on <u>     May 13, 2010     </u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                      s/Gerald E. Meunier
                                                      GERALD E. MEUNIER, #9471