UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                         MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251

## **ORDER AND REASONS**

Before the Court is Recreation By Design, LLC's Motion in Limine to Exclude the Testimony of Plaintiff's Expert, Dr. Lawrence Miller (Rec. Doc. No. 13298), which is opposed by Plaintiff Earline Castanel. (See Rec. Doc. 13602). After considering the memoranda filed by the parties and the applicable law,

First, this Court has previously ruled on similar opinions of Dr. Miller offered in connection with the Fleetwood and Forest River bellwether trials. (See Rec. Docs.8295 and 12755). The undersigned sees no reason to revisit those orders, and they are incorporated by reference herein.

Recreation By Design, LLC ("RBD") initially moves to exclude Dr. Miller's testimony on grounds that he does not have sufficient expertise and thus is not qualified to offer the exacerbation

opinions regarding formaldehyde and Plaintiff's claimed condition of rhinosinusitis. RBD asserts that, although Dr. Miller is board certified in Internal Medicine, Pulmonary Disease, and Clinical Pharmacology, he has not worked with patients in the past five years. Instead, he is involved in a venture company which is involved in biotech investments. As the Court has noted previously in other bellwether trials in ths MDL, Dr. Miller is a Harvard-trained physician, holds a Masters in Public Health from the Boston University School of Public Health, has served as the director of the Environmental and Occupational Health Service of the LSU Medical Center, has taught medical students since 1965, and with regard to internal medicine, he has been trained in the study of dermatological illnesses. The Court, again, finds that Dr. Miller is qualified to opine in this case.

RBD next asserts that Dr. Miller's testimony is not relevant. While Dr. Miller offers specific causation for Plaintiff's claims of exacerbated rhinosinusitis, RBD asserts that Dr. Williams failed to offer general causation for such claim.[1] This Court disagrees with this assertion. While not specifically referencing rhinosinusitis, Dr. Williams found a cause-effect relationship between formaldehyde and upper respiratory tract damage. (Exhibit A-2 to Rec. Doc. 13300, p. 70). Further, Dr. Miller considers rhinosinusitis an upper respiratory ailment and discusses rhinosinusitis in the context of formaldehyde's effect on the upper respiratory tract. (See Exhibit C to Rec. Doc. 13603, pp. 5-6). Thus, there appears to be both specific and general causation for a claim of rhinosinusitis.

Next, as for Dr. Miller's opinion regarding Plaintiff's fear of cancer, this Court has previously issued an Order and Reasons (Rec. Doc. 13967), concluding that Dr. Miller's testimony/opinions are sufficient to connect Plaintiff's alleged anxiety to her exposure in the trailer.

---

[1] In a toxic tort case, a plaintiff must prove both general causation and specific causation -- and must do so with competent expert testimony. *Knight v. Kirby Inland Marine Inc.*, 483 F.3d 347, 351 (5th Cir. 2007).

Thus, the motion is denied in this regard. Last, as for Dr. Miller's testimony regarding Plaintiff's recent nasal surgery, the Court has issued an Order and Reasons (Rec. Doc. 14027) concluding that, based in part on Dr. Miller's testimony, a causal relationship between Plaintiff's nasal surgery and her FEMA travel trailer, though quite disputed, could be said to exist. Thus, the motion is denied in this regard as well.

Considering the foregoing, **IT IS ORDERED** that **Recreation By Design, LLC's Motion in Limine to Exclude the Testimony of Plaintiff's Expert, Dr. Lawrence Miller (Rec. Doc. No. 13298)** is **DENIED**, as specifically expressed herein, and this Court Orders at Rec. Docs. 8295 and 12755 are hereby adopted as incorporated herein.

New Orleans, Louisiana, this 13th day of March, 2010.

**KURT D. ENGELHARDT**
**United States District Judge**