# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | *  MDL No. 1873<br>*<br>*  SECTION N(5)<br>*<br>*  JUDGE ENGELHARDT<br>* |
| THIS DOCUMENT RELATES TO:<br>*Gabriel, et al. v. Fluor Enterprises, Inc.*<br>Case No. 09-4023 | *  MAGISTRATE CHASEZ<br>* |

*************************************************************************

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs in the above captioned matter, who respectfully move this Honorable Court for leave to amend their Complaint for Damages in the underlying action, Case No. 2:09-cv-4023. Fed. Rules Civ. Proc. Rule 15 states "[t]he court should freely give leave when justice so requires."[1]

PreTrial Order 49 states that the deadline to match is "subject to extension for good cause shown. Any motions requesting such extensions shall state whether or not they are opposed and shall comply with Pre Trial Order No. 10 (Rec. Doc. 301)."

During August of 2009 when Hurricane Legal Center was amending cases to add the insurance defendants of bankrupt manufacturers, two complaints were mixed up and the wrong complaint was amended. Civil Action 09-4023 (*Gabriel, et al, v. Fluor Enterprise, Inc.*) should have been amended to add the insurance defendants of Monaco Coach Corporation (herein after "Monaco"). Instead, Civil Action 09-3893 (*Gabriel, et*

---

[1] Rule 15 provides that a party may amend its pleadings once as a matter of course at any time before a responsive pleading is served; [o]therwise, a party may amend the party's pleading only by leave of the court…and shall be freely given when justice so requires." Fed. R. Civ. P. 15. Because a First Supplemental and Amending Complaint for Damages has already been filed on behalf of the plaintiffs, leave of court is required.

*al, v. Gulf Stream Coach, Inc., et al.*) was inadvertently amended.  The lead plaintiff's surname in both complaints is "Gabriel."  This is the source of the confusion.  The amendment adding insurance defendants of Monaco [Document 2449] to Civil Action 09-3893 was withdrawn May 13, 2010 [Document 14090].

In spite of the misfiling, no undue prejudice will result from allowing an amendment to add the Monaco insurers to be filed in this matter because Monaco is already on notice of these plaintiffs' claims against them.  This is because the plaintiffs herein were identified as plaintiffs in "Exhibit A" of the First Supplemental and Amending Complaint erroneously filed in the case bearing Civil Action 09-3893 and the insurance defendants were served with 2:09-cv-3893.  See exhibits A, B, C and D for proof of service and plaintiff list.  These defendants will also suffer no prejudice because no trial date has been selected for the case.

Counsel for plaintiffs has conferred with counsel for the defendants in this matter and is authorized to state that the defendants do not oppose the motion.

    Respectfully submitted,

    HURRICANE LEGAL CENTER, LLC

    BY:  /s/  *Lawrence J. Centola, Jr.*
    Lawrence J. Centola, Jr. LA Bar #3962
    600 Carondelet Street, Suite 602
    New Orleans, LA 70130
    (504) 525-1944 (telephone)
    (504) 525-1279 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 13, 2010 I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the forgoing documents and a notice of electronic filing by first class mail to all counsel on record who are non-CM/ECF participants.

                                              /s/  *Lawrence J. Centola, Jr.*
                                                 Lawrence J. Centola, Jr.