UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER FORMALDEHYDE    *   MDL NO. 1873
PRODUCT LIABILITY LITIGATION         *
                                  *   SECTION "N-4"
                                  *
                                  *   JUDGE ENGELHARDT
                                  *
                                  *   MAGISTRATE JUDGE CHASEZ
                                  *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* *

**DAVIS PROFESSIONAL ACCOUNTING SERVICES LLC'S
AFFIRMATIVE DEFENSES AND ANSWER TO ADMINISTRATIVE
MASTER COMPLAINT AND SUBSEQUENT SUPPLEMENTAL
AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS**

       Defendant Davis Professional Accounting Services LLC ("Davis") submits the

following Affirmative Defenses and Answer to the Administrative Master Complaint and

subsequent Supplemental and Amending Administrative Master Complaints (Rec. Docs. 109,

721, 4486, and 7688) in the above-captioned matter.

**AFFIRMATIVE DEFENSES**

       Davis asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Administrative Master Complaint and subsequent Supplemental and Amending Administrative Master Complaints do not state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Granting the relief sought by Plaintiffs would result in unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack a right of action, capacity, and/or standing to bring some or all of the claims asserted in the Administrative Master Complaint and subsequent Supplemental and Amending Administrative Master Complaints.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because they have failed to join indispensible parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure art. 641.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Government Contractor Defense.

## SIXTH AFFIRMATIVE DEFENSE

Davis adopts and incorporates by reference the affirmative defenses asserted by other defendants to this action to the extent that any such affirmative defense applies to Davis, and gives notice that it intends to rely upon any other defense that may become available during these proceedings, and Davis hereby reserves its right to amend its answer to assert any such defense.

1015793v.1

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, unclean hands, ratification, or estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Davis affirmatively alleges that to the extent Plaintiffs have settled or should settle hereafter for any of the alleged injuries and damages with any persons, whether parties or non-parties, Davis is entitled to a credit and/or offset in the amount of the settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

### NINTH AFFIRMATIVE DEFENSE

Davis affirmatively objects to any claims asserted against it under the laws of the States of Texas, Alabama, or Mississippi.  Davis is not and was not at any point in time relevant to these proceedings licensed to do business in those states, and did not contract with FEMA to perform any services in those states.

### TENTH AFFIRMATIVE DEFENSE

The Administrative Master Complaint and subsequent Supplemental and Amending Administrative Master Complaints do not present a justiciable case or controversy between Davis and Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims have prescribed and/or are barred by peremption.

### TWELFTH AFFIRMATIVE DEFENSE

Neither Davis nor its agents had any general or specific duties to the recipients under the facts alleged in the Administrative Master Complaint and subsequent Supplemental and Amending Administrative Master Complaints.  Further, assuming *arguendo* that either

and/or both Davis and its agents had general and/or specific duties to Plaintiffs under the facts alleged, no such duties were breached.

## THIRTEENTH AFFIRMATIVE DEFENSE

Davis avers that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of Davis or any of its agents or representatives.  If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of persons or entities (whether parties or non-parties) for whom Davis is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Davis avers that if any of the Plaintiffs' damages are a result of a failure by recipients to take reasonable steps to mitigate the loss, those damages are not recoverable from Davis.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Administrative Master Complaint and subsequent Supplemental and Amending Administrative Master Complaints are vague and ambiguous and call for a more definitive statement of the causes of action and damages sought therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any compensable damages as a result of Davis' alleged conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have improperly joined and cumulated parties, claims, alleged causes of action and defendants.

1015793v.1

## NINETEENTH AFFIRMATIVE DEFENSE

Davis affirmatively pleads all conditions precedent, conditions subsequent, indemnities and limitations set forth in its contracts and/or subcontracts relevant to these proceedings as a defense to the Plaintiffs' claims.

## TWENTIETH AFFIRMATIVE DEFENSE

Davis hereby invokes and adopts all affirmative and constitutional defenses available to it or the laws of other jurisdictions that may be subsequently determined to apply to this action, and Davis hereby reserves its right to amend its answer to assert any such defense.

## ANSWER

Subject to and without waiving the above-listed affirmative defenses, Davis responds to the numbered allegations of the Fourth Supplemental and Amending Administrative Master Complaints as follows.  All allegations not expressly and explicitly admitted are denied.

## I.  INTRODUCTION

1.  The allegations of Paragraph 1 are conclusions of fact and/or law that do not require a response.  In an abundance of caution, Davis denies the allegations for lack of information sufficient to justify a belief therein.

2.   The allegations of Paragraph 2 are conclusions of fact and/or law that do not require a response.  In an abundance of caution, Davis denies the allegations for lack of information sufficient to justify a belief therein.

3.  The allegations of Paragraph 3 are conclusions of fact and/or law that do not require a response.  In an abundance of caution, Davis denies the allegations for lack of information sufficient to justify a belief therein.

1015793v.1

4.     The allegations of Paragraph 4 are conclusions of fact and/or law that do not require a response.   In an abundance of caution, Davis denies the allegations for lack of information sufficient to justify a belief therein.

5.     The allegations of Paragraph 5 are conclusions of fact and/or law that do not require a response.  In an abundance of caution, Davis denies the allegations.

6.     The allegations of Paragraph 6 are conclusions of fact and/or law that do not require a response.  In an abundance of caution, Davis denies the allegations.

7.     The allegations of Paragraph 7 are conclusions of fact and/or law that do not require a response.  In an abundance of caution, Davis denies the allegations.

## II. PARTIES

8.     The allegations of Paragraph 8 are conclusions of fact and/or law that do not require a response.   In an abundance of caution, Davis denies the allegations for lack of information sufficient to justify a belief therein.

9.     Davis denies the allegations of Paragraph 9 for lack of information sufficient to justify a belief therein.

10.    Davis denies the allegations of Paragraph 10 for lack of information sufficient to justify a belief therein.

11.    Davis denies the allegations of Paragraph 11 for lack of information sufficient to justify a belief therein.

12.    Davis denies the allegations of Paragraph 12 for lack of information sufficient to justify a belief therein.

13.    Davis denies the allegations of Paragraph 13 for lack of information sufficient to justify a belief therein.

1015793v.1

14.     Davis denies the allegations of Paragraph 14 for lack of information sufficient to justify a

belief therein.

15.     Davis denies the allegations of Paragraph 15 for lack of information sufficient to justify a

belief therein.

16.     Davis denies the allegations of Paragraph 16 for lack of information sufficient to justify a

belief therein.

17.     Davis denies the allegations of Paragraph 17 for lack of information sufficient to justify a

belief therein.

18.     Davis denies the allegations of Paragraph 18 for lack of information sufficient to justify a

belief therein.

19.     Davis denies the allegations of Paragraph 19 for lack of information sufficient to justify a

belief therein.

20.     Davis denies the allegations of Paragraph 20 for lack of information sufficient to justify a

belief therein.

21.     Davis denies the allegations of Paragraph 21 for lack of information sufficient to justify a

belief therein.

22.     Davis denies the allegations of Paragraph 22 for lack of information sufficient to justify a

belief therein.

23.     Davis denies the allegations of Paragraph 23 for lack of information sufficient to justify a

belief therein.

24.     Davis denies the allegations of Paragraph 24 for lack of information sufficient to justify a

belief therein.

1015793v.1

25.     Davis denies the allegations of Paragraph 25 for lack of information sufficient to justify a belief therein.

26.     Davis denies the allegations of Paragraph 26 for lack of information sufficient to justify a belief therein.

27.     Davis denies the allegations of Paragraph 27 for lack of information sufficient to justify a belief therein.

28.     Davis denies the allegations of Paragraph 28 for lack of information sufficient to justify a belief therein.

29.     Davis denies the allegations of Paragraph 29 for lack of information sufficient to justify a belief therein.

30.     Davis denies the allegations of Paragraph 30 for lack of information sufficient to justify a belief therein.

31.     Davis denies the allegations of Paragraph 31, as amended, for lack of information sufficient to justify a belief therein.

32.     Davis denies the allegations of Paragraph 32 for lack of information sufficient to justify a belief therein.

33.     Davis denies the allegations of Paragraph 3 for lack of information sufficient to justify a belief therein.

34.     Davis denies the allegations of Paragraph 34 for lack of information sufficient to justify a belief therein.

35.     Davis denies the allegations of Paragraph 35 for lack of information sufficient to justify a belief therein.

1015793v.1

36.     Davis denies the allegations of Paragraph 36 for lack of information sufficient to justify a belief therein.

37.     Davis denies the allegations of Paragraph 37 for lack of information sufficient to justify a belief therein.

38.     Davis denies the allegations of Paragraph 38 for lack of information sufficient to justify a belief therein.

39.     Davis denies the allegations of Paragraph 39 for lack of information sufficient to justify a belief therein.

40.     Davis denies the allegations of Paragraph 40 for lack of information sufficient to justify a belief therein.

41.     Davis denies the allegations of Paragraph 41 for lack of information sufficient to justify a belief therein.

42.     Davis denies the allegations of Paragraph 42 for lack of information sufficient to justify a belief therein.

43.     Davis denies the allegations of Paragraph 43, as amended, for lack of information sufficient to justify a belief therein.

44.     Davis denies the allegations of Paragraph 44, as amended, for lack of information sufficient to justify a belief therein.

45.     Paragraph 45 was deleted by the Fourth Supplemental and Am ended Complaint and thus requires no answer.

46.     Davis denies the allegations of Paragraph 46 for lack of information sufficient to justify a belief therein.

1015793v.1

47.     Davis denies the allegations of Paragraph 47 for lack of information sufficient to justify a
belief therein.

48.     Davis denies the allegations of Paragraph 48 for lack of information sufficient to justify a
belief therein.

49.     Davis denies the allegations of Paragraph 49 for lack of information sufficient to justify a
belief therein.

50.     Davis denies the allegations of Paragraph 50 for lack of information sufficient to justify a
belief therein.

51.     Davis denies the allegations of Paragraph 51 for lack of information sufficient to justify a
belief therein.

52.     Davis denies the allegations of Paragraph 52 for lack of information sufficient to justify a
belief therein.

53.     Davis denies the allegations of Paragraph 53 for lack of information sufficient to justify a
belief therein.

54.     Davis denies the allegations of Paragraph 54 for lack of information sufficient to justify a
belief therein.

55.     Davis denies the allegations of Paragraph 55 for lack of information sufficient to justify a
belief therein.

56.     Davis denies the allegations of Paragraph 56 for lack of information sufficient to justify a
belief therein.

57.     Davis denies the allegations of Paragraph 57 for lack of information sufficient to justify a
belief therein.

1015793v.1

58.     Davis denies the allegations of Paragraph 58 for lack of information sufficient to justify a belief therein.

59.     Davis denies the allegations of Paragraph 59 for lack of information sufficient to justify a belief therein.

60.     Davis denies the allegations of Paragraph 60 for lack of information sufficient to justify a belief therein.

61.     Davis denies the allegations of Paragraph 61 for lack of information sufficient to justify a belief therein.

62.     Davis denies the allegations of Paragraph 62 for lack of information sufficient to justify a belief therein.

63.     Davis denies the allegations of Paragraph 63 for lack of information sufficient to justify a belief therein.

64.     Davis denies the allegations of Paragraph 64 for lack of information sufficient to justify a belief therein.

65.     Davis denies the allegations of Paragraph 65 for lack of information sufficient to justify a belief therein.

66.     Davis denies the allegations of Paragraph 66 for lack of information sufficient to justify a belief therein.

67.     Davis denies the allegations of Paragraph 67 for lack of information sufficient to justify a belief therein.

68.     Davis denies the allegations of Paragraph 68 for lack of information sufficient to justify a belief therein.

1015793v.1

69.    Davis denies the allegations of Paragraph 69 for lack of information sufficient to justify a
belief therein.

70.    Davis denies the allegations of Paragraph 70 for lack of information sufficient to justify a
belief therein.

71.    Davis denies the allegations of Paragraph 71 for lack of information sufficient to justify a
belief therein.

72.    Davis denies the allegations of Paragraph 72 for lack of information sufficient to justify a
belief therein.

73.    Davis denies the allegations of Paragraph 73 for lack of information sufficient to justify a
belief therein.

74.    Davis denies the allegations of Paragraph 74 for lack of information sufficient to justify a
belief therein.

75.    Davis denies the allegations of Paragraph 75 for lack of information sufficient to justify a
belief therein.

76.    Davis denies the allegations of Paragraph 76 for lack of information sufficient to justify a
belief therein.

77.    Davis denies the allegations of Paragraph 77 for lack of information sufficient to justify a
belief therein.

78.    Davis denies the allegations of Paragraph 78 for lack of information sufficient to justify a
belief therein.

79.    Davis denies the allegations of Paragraph 79 for lack of information sufficient to justify a
belief therein.

1015793v.1

80.     Davis denies the allegations of Paragraph 80 for lack of information sufficient to justify a
        belief therein.

81.     Davis denies the allegations of Paragraph 81 for lack of information sufficient to justify a
        belief therein.

82.     Davis denies the allegations of Paragraph 82 for lack of information sufficient to justify a
        belief therein.

83.     Davis denies the allegations of Paragraph 83 for lack of information sufficient to justify a
        belief therein.

84.     Davis denies the allegations of Paragraph 84 for lack of information sufficient to justify a
        belief therein.

85.     Davis denies the allegations of Paragraph 85 for lack of information sufficient to justify a
        belief therein.

86.     Davis denies the allegations of Paragraph 86 for lack of information sufficient to justify a
        belief therein.

87.     Davis denies the allegations of Paragraph 87 for lack of information sufficient to justify a
        belief therein.

88.     Davis denies the allegations of Paragraph 88 for lack of information sufficient to justify a
        belief therein.

89.     Davis denies the allegations of Paragraph 89 for lack of information sufficient to justify a
        belief therein.

90.     Davis denies the allegations of Paragraph 90 for lack of information sufficient to justify a
        belief therein.

1015793v.1

91.     Davis denies the allegations of Paragraph 91 for lack of information sufficient to justify a belief therein.

92.     Davis denies the allegations of Paragraph 92 for lack of information sufficient to justify a belief therein.

93.     Davis denies the allegations of Paragraph 93, as amended, for lack of information sufficient to justify a belief therein.

94.     Davis denies the allegations of Paragraph 94 for lack of information sufficient to justify a belief therein.

95.     Davis denies the allegations of Paragraph 95 for lack of information sufficient to justify a belief therein.

96.     Davis denies the allegations of Paragraph 96 for lack of information sufficient to justify a belief therein.

97.     Davis denies the allegations of Paragraph 97 for lack of information sufficient to justify a belief therein.

98.     Davis denies the allegations of Paragraph 98 for lack of information sufficient to justify a belief therein.

99.     Davis denies the allegations of Paragraph 99 for lack of information sufficient to justify a belief therein.

100.    Davis denies the allegations of Paragraph 100 for lack of information sufficient to justify a belief therein.

101.    Davis denies the allegations of Paragraph 101 for lack of information sufficient to justify a belief therein.

1015793v.1

102.   Davis denies the allegations of Paragraph 102 for lack of information sufficient to justify a belief therein.

103.   Davis denies the allegations of Paragraph 103 for lack of information sufficient to justify a belief therein.

104.   Davis denies the allegations of Paragraph 104 for lack of information sufficient to justify a belief therein.

105.   Davis denies the allegations of Paragraph 105 for lack of information sufficient to justify a belief therein.

106.   Davis denies the allegations of Paragraph 106 for lack of information sufficient to justify a belief therein.

107.   Davis denies the allegations of Paragraph 107 for lack of information sufficient to justify a belief therein.

108.   Davis denies the allegations of Paragraph 108 for lack of information sufficient to justify a belief therein.

109.   Davis denies the allegations of Paragraph 109 for lack of information sufficient to justify a belief therein.

110.   Davis denies the allegations of Paragraph 110 for lack of information sufficient to justify a belief therein.

111.   Davis denies the allegations of Paragraph 111 for lack of information sufficient to justify a belief therein.

112.   Davis denies the allegations of Paragraph 112 for lack of information sufficient to justify a belief therein.

113.   Davis responds to the allegations of Paragraph 113, as amended, as follows below:

1015793v.1

a.     Davis denies the allegations of Paragraph 113(a) for lack of information sufficient to justify a belief therein.

b.     Davis admits that it is a limited liability company licensed to do business in the State of Louisiana and further admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. The contract is the best evidence of its terms.  Davis denies the remaining allegations of Paragraph 113(b) in their entirety, and further explicitly denies that it is, or at any point in time relevant to these proceedings was, licensed to and/or did business within the States of Mississippi, Texas, or Alabama.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.

c.     Davis denies the allegations of Paragraph 113(c) for lack of information sufficient to justify a belief therein.

d.     Davis denies the allegations of Paragraph 113(d) for lack of information sufficient to justify a belief therein.

e.     Davis denies the allegations of Paragraph 113(e) for lack of information sufficient to justify a belief therein.

f.     Davis denies the allegations of Paragraph 113(f) for lack of information sufficient to justify a belief therein.

g.     Davis denies the allegations of Paragraph 113(g) for lack of information sufficient to justify a belief therein.

114.   Davis denies the allegations of Paragraph 114 for lack of information sufficient to justify a belief therein.

115.   Davis denies the allegations of Paragraph 115 for lack of information sufficient to justify a belief therein.

### III.  JURISDICTION AND VENUE

116.   The allegations of Paragraph 116 are conclusions of law that do not require a response. Davis, however, admits that this Court has subject matter jurisdiction.

117.   Davis admits that each Plaintiff purports to seek damages in excess of $75,000.00, but Davis denies that any Plaintiff has suffered damages as a result of Davis' alleged conduct.

118.   The allegations of Paragraph 118 are conclusions of law that do not require a response. Davis, however, admits the allegations of paragraph 118.

119.   The allegations of Paragraph 119 are conclusions of law that do not require a response. Davis, however, denies the allegations for  lack of information sufficient to justify a belief therein.

120.   The allegations of Paragraph 120 are conclusions of law that do not require a response. In an abundance of caution, Davis denies that it is, or at any point in time relevant to these proceedings was, licensed to and/or did business within the States of Mississippi, Texas, or Alabama, or engaged in federal commerce in those states. Davis, however, admits that it is subject to the *in personum* jurisdiction of this Court.  As to all other defendants, Davis denies the allegations for lack of information sufficient to justify a belief therein.

121.   The allegations of Paragraph 121 are legal conclusions that do not require a response. Davis, however, admits that, as to Davis, venue is proper in this Court, but denies that it committed the alleged negligent and wrongful actions.  Davis denies the remaining allegations for lack of information sufficient to justify a belief therein.

1015793v.1

122.    The allegations of Paragraph 122 are legal conclusions that do not require a response. Davis, however, admits that, as to Davis, venue is proper in this Court.  As to the remaining allegations, Davis denies the allegations for lack of information sufficient to justify a belief therein.

123.    The allegations of Paragraph 123 are legal conclusions that do not require a response. Davis, however, admits that, as to Davis, venue is proper in this Court.  As to the remaining allegations, Davis denies the allegations for lack of information sufficient to justify a belief therein.

## IV.  FACTS AND GENERAL ALLEGATIONS

### A.    GENERAL ALLEGATIONS

124.    Davis denies the allegations of Paragraph 124 for lack of information sufficient to justify a belief therein.

125.    Davis denies the allegations of Paragraph 125 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations and/or reports issued by the U.S. Department of Housing and Urban Development ("HUD") or the Center for Disease Control and Prevention ("CDC") speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, of refer to these documents.

126.    Davis denies the allegations of Paragraph 126 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations and/or reports issued by the U.S. Department of Housing and Urban Development ("HUD") or the Center for Disease Control and Prevention ("CDC") speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, of refer to these documents.

127.    Davis denies the allegations of Paragraph 127 for lack of information sufficient to justify a belief therein.   Davis avers, however, that any regulations, reports and/or standards

issued by the U.S. Department of Housing and Urban Development ("HUD"), the Center for Disease Control and Prevention ("CDC"), and the Voluntary American National Standards Institute speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, paraphrase, of refer to these documents.

128. Davis denies the allegations of Paragraph 128 for lack of information sufficient to justify a belief therein.

129. Davis denies the allegations of Paragraph 129 for lack of information sufficient to justify a belief therein.

130. Davis denies the allegations of Paragraph 130 for lack of information sufficient to justify a belief therein.

131. With regard to any claims asserted against Davis, Davis denies the allegations of Paragraph 131. With regard to claims asserted against other defendants, Davis denies the allegations of Paragraph 131 for lack of information sufficient to justify a belief therein.

132. With regard to any claims asserted against Davis, Davis denies the allegations of Paragraph 132. With regard to claims asserted against other defendants, Davis denies the allegations of Paragraph 132 for lack of information sufficient to justify a belief therein.

133. With regard to any claims asserted against Davis, Davis denies the allegations of Paragraph 133. With regard to claims asserted against other defendants, Davis denies the allegations of Paragraph 133 for lack of information sufficient to justify a belief therein.

134. With regard to any claims asserted against Davis, Davis denies the allegations of Paragraph 134. With regard to claims asserted against other defendants, Davis denies the allegations of Paragraph 134 for lack of information sufficient to justify a belief therein.

1015793v.1

135.   With regard to any claims asserted against Davis, Davis denies the allegations of Paragraph 135.  With regard to claims asserted against other defendants, Davis denies the allegations of Paragraph 135 for lack of information sufficient to justify a belief therein.

136.   Davis avers that the text of 24 C.F.R. § 3280.309 speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the statutory text. Davis denies the remaining allegations of Paragraph 136 for lack of information sufficient to justify a belief therein.

137.   Davis avers that any alleged findings and/or reports by the National Cancer Institute, the International Agency for Research on Cancer, the United States Environmental Protection Agency, the Agency for Toxic Substances and Disease Registry ("ATSDR"), and/or FEMA speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.   Davis denies the remaining allegations of Paragraph 137 for lack of information sufficient to justify a belief therein.

138.   Davis avers that any alleged standards, findings and/or reports by OSHA or any other entities speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.   Davis denies the remaining allegations of Paragraph 138 for lack of information sufficient to justify a belief therein.

139.   Davis avers that the statutory text of 24 C.F.R. § 3280.308 speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the statutory text.   Davis denies the remaining allegations of Paragraph 139 for lack of information sufficient to justify a belief therein.

140.   Davis avers that the statutory text of 24 C.F.R. § 206.110(e), as well as any alleged findings and/or reports by the ATSDR, EPA, Union of Concerned Scientists, and/or

Citizens and Scientists for Environmental Solutions speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them. Davis denies the remaining allegations of Paragraph 140 for lack of information sufficient to justify a belief therein.

141. Davis denies the allegations of Paragraph 141 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 141 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein

142. Davis avers that the statutory text of the Robert L. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 4121, *et seq.* ("the Stafford Act") and/or Public Law 93-288, Title IV, § 408 (1988) speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them. Davis denies the remaining allegations of Paragraph 142 for lack of information sufficient to justify a belief therein

143. Davis denies the allegations of Paragraph 143 for lack of information sufficient to justify a belief therein.

144. Davis denies the allegations of Paragraph 144 for lack of information sufficient to justify a belief therein.

145. Davis denies the allegations of Paragraph 145 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 145 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

146. Davis denies the allegations of Paragraph 146 for lack of information sufficient to justify a belief therein.

1015793v.1

147. Davis denies the allegations of Paragraph 147 for lack of information sufficient to justify a belief therein.

148. Davis admits that it received a contract from FEMA to perform certain functions pertaining to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. Davis denies the remaining allegations of Paragraph 148 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 148 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

149. Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. Davis denies the remaining allegations of Paragraph 149 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 149 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

150. Davis denies the allegations of Paragraph 150 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 150 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

151. Davis denies the allegations of Paragraph 151 as they pertain to claims asserted against Davis. Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis denies the allegations of Paragraph 151 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

152.   Davis admits that it received a contract from FEMA to perform certain functions pertaining to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.   The contract is the best evidence of its terms.   Davis denies the remaining allegations of Paragraph 152 as they pertain to claims asserted against Davis.   Davis denies the allegations of Paragraph 152 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

153.   Davis denies the allegations of Paragraph 153 as they pertain to claims asserted against Davis.   Davis denies the allegations of Paragraph 153 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

154.   Davis denies the allegations of Paragraph 154 as they pertain to claims asserted against Davis.   Davis denies the allegations of Paragraph 154 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

155.   Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.   Davis further admits that it entered into sub-contracts in relation to said undertakings.   Davis denies the remaining allegations of Paragraph 155 as they pertain to claims asserted against Davis.   Davis denies the allegations of Paragraph 155 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

156.   Davis denies the allegations of Paragraph 156 as they pertain to claims asserted against Davis.   Davis denies the allegations of Paragraph 156 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

157.   Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. Davis denies the remaining allegations of Paragraph 157 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 157 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

158.   Davis denies the allegations of Paragraph 158 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 158 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

159.   Davis denies the allegations of Paragraph 159 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 159 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

160.   Davis denies the allegations of Paragraph 160 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 160 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

161.   Davis denies the allegations of Paragraph 161 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 161 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

162.   Davis denies the allegations of Paragraph 162 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 162 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

163.    Davis denies the allegations of Paragraph 163 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 163 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

164.    Davis denies the allegations of Paragraph 164 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 164 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

165.    Davis denies the allegations of Paragraph 165 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 165 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

166.    Davis denies the allegations of Paragraph 166 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 166 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

167.    Davis denies the allegations of Paragraph 167 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 167 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

168.    Davis denies the allegations of Paragraph 168 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 168 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

169.    Davis denies the allegations of Paragraph 169 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 169 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

170.   Davis denies the allegations of Paragraph 170 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 170 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

171.   Davis denies the allegations of Paragraph 171 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 171 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

172.   Davis denies the allegations of Paragraph 172 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 172 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

173.   Davis avers that any reports, findings, or testimony by FEMA and/or its officials  speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them. Davis denies the allegations of Paragraph 173 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 173 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

174.   Davis denies the allegations of Paragraph 174 for lack of information sufficient to justify a belief therein.

175.   Davis avers that any reports and/or findings by OSHA speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them. Davis denies the allegations of Paragraph 175 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 175 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

176.    Davis avers that any testimony, reports and/or findings by the Department of Homeland Security and/or its officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 176 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 176 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

177.    Davis denies the allegations of Paragraph 177 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 177 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

178.    Davis avers that any reports and/or findings by the Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 178 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 178 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

179.    Davis avers that any reports and/or findings by the Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 179 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 179 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

180.    Davis avers that any reports and/or findings by the Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize,

1015793v.1

paraphrase, or refer to them.  Davis denies the allegations of Paragraph 180 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 180 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

181.   Davis avers that any reports and/or findings by the Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 181 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 181 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

182.   Davis denies the allegations of Paragraph 182 for lack of information sufficient to justify a belief therein.

183.   Davis avers that the text of any alleged e-mails, as well as any reports and/or findings issued by the U.S. House of Representatives, speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 183 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 183 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

184.   Davis avers that any reports and/or findings by the Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 184 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 184 as

1015793v.1

they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

185.   Davis avers that any reports and/or findings by the Union of Concerned Scientists and/or the ATSDR speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 185 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 185 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

186.   Davis avers that any reports and/or findings by the Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 186 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 186 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

187.   Davis avers that any alleged correspondence, reports and/or findings issued by the U.S. House of Representatives speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 187 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 187 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

188.   Davis avers that any alleged correspondence, reports and/or findings issued by the U.S. House of Representatives speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the

allegations of Paragraph 188 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 188 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

189.   Davis avers that any alleged testimony by Ms. DeVany and/or reports and/or findings of the  U.S. House of Representatives speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 189 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 189 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

190.   Davis avers that any alleged testimony by Ms. DeVany speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to it.  Davis denies the allegations of Paragraph 190 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 190 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

191.   Davis avers that any alleged correspondence, statements, reports, and/or findings by the ATSDR and its officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 191 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 191 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

192.   Davis avers that any reports and/or findings by the ATSDR speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them. Davis denies the allegations of Paragraph 192 as they pertain to claims asserted

- 30 -

against Davis.  Davis denies the allegations of Paragraph 192 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

193.    Davis denies the allegations of Paragraph 193 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 193 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

194.    Davis avers that any statements and/or reports issued by the CDC or its officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 194 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 194 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

195.    Davis avers that any statements and/or reports issued by the CDC or its officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 195 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 195 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein

196.    Davis avers that any statements and/or reports issued by the CDC or its officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to them.  Davis denies the allegations of Paragraph 196 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 196 as

1015793v.1

they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

197.   Davis denies the allegations of Paragraph 197 for lack of information sufficient to justify a belief therein.

198.   Davis denies the allegations of Paragraph 198 for lack of information sufficient to justify a belief therein.

199.   Davis denies the allegations of Paragraph 199 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 199 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## V.  CLAIMS ASSERTED AGAINST THE FEDERAL GOVERNMENT:  ALL STATES

## COUNT 1:

## CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT

200.   Davis incorporates its above affirmative defenses and responses as if fully set forth herein.

201.   The allegations of Paragraph 201 are conclusions of law that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 201 for lack of information sufficient to justify a belief therein.

202.   The allegations of Paragraph 202 are conclusions of law that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 202 for lack of information sufficient to justify a belief therein.

203.   The allegations of Paragraph 203 are conclusions of law and/or fact that do not require a response.  In an abundance of caution, Davis denies the allegations of Paragraph 203 for lack of information sufficient to justify a belief therein.

1015793v.1

204. The allegations of Paragraph 204 are conclusions of law that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 44 for lack of information sufficient to justify a belief therein.

205. The allegations of Paragraph 205 are conclusions of law and/or fact that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 205 for lack of information sufficient to justify a belief therein.

206. The allegations of Paragraph 206 are conclusions of law and/or fact that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 206 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

207. The allegations of Paragraph 207 are conclusions of law and/or fact that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 207 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

208. The allegations of Paragraph 208 are conclusions of law and/or fact that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 208 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

209. The allegations of Paragraph 209 and its subparts are conclusions of law and/or fact that do not require a response. In an abundance of caution, Davis denies the allegations of

Paragraph 209 and its subparts as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## VI. CLAIMS ASSERTED AGAINST THE MANUFACTURING DEFENDANTS

### A. LOUISIANA STATE-BASED CLAIMS

### COUNT 2:

### CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS UNDER LOUISIANA PRODUCTS LIABILITY ACT

210. Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

211. The allegations of Paragraph 211 are conclusions of law that do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 211 for lack of information sufficient to justify a belief therein

212. Davis denies the allegations of Paragraph 212 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 212 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

213. Davis denies the allegations of Paragraph 213 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 213 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

214. Davis denies the allegations of Paragraph 214 as they pertain to claims asserted against Davis. Davis denies the allegations of Paragraph 214 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

215.   Davis denies the allegations of Paragraph 215 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 215 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

216.   Davis denies the allegations of Paragraph 216 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 216 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

217.   Davis denies the allegations of Paragraph 217 for lack of information sufficient to justify a belief therein.

218.   Davis denies the allegations of Paragraph 218 for lack of information sufficient to justify a belief therein.

219.   Davis denies the allegations of Paragraph 219 for lack of information sufficient to justify a belief therein.

220.   Davis denies the allegations of Paragraph 220 for lack of information sufficient to justify a belief therein.

221.   Davis denies the allegations of Paragraph 221 for lack of information sufficient to justify a belief therein.

222.   Davis denies the allegations of Paragraph 222 for lack of information sufficient to justify a belief therein.

223.   Davis denies the allegations of Paragraph 223 for lack of information sufficient to justify a belief therein.

224.   Davis denies the allegations of Paragraph 224 for lack of information sufficient to justify a belief therein.

1015793v.1

225.    Davis denies the allegations of Paragraph 225 for lack of information sufficient to justify a belief therein.

226.    Davis denies the allegations of Paragraph 226 for lack of information sufficient to justify a belief therein.

227.    Davis denies the allegations of Paragraph 227 for lack of information sufficient to justify a belief therein.

228.    Davis denies the allegations of Paragraph 228 for lack of information sufficient to justify a belief therein.

B.      **MISSISSIPPI STATE-BASED CLAIMS**

**COUNT 3:**

**STRICT PRODUCTS LIABILITY MS CODE ANNOTATED § 11-1-63
PRODUCTS LIABILITY: DEFECTIVE MANUFACTURING AND DESIGN**

229.    Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

230.    Davis denies the allegations of Paragraph 230 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 230 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

231.    Davis denies the allegations of Paragraph 231 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states.

1015793v.1

Davis denies the allegations of Paragraph 231 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

232. Davis denies the allegations of Paragraph 232 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 232 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

233. Davis denies the allegations of Paragraph 233 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 233 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

234. Davis denies the allegations of Paragraph 234 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 234 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

235. Davis denies the allegations of Paragraph 235 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.

Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 235 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

236.   Davis denies the allegations of Paragraph 236 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 236 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

237.   Davis denies the allegations of Paragraph 237 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 237 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

238.   Davis denies the allegations of Paragraph 238 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 238 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

239.   Davis denies the allegations of Paragraph 239 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with

regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 239 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## PRODUCTS LIABILITY:  FAILURE TO WARN

240.   Davis incorporates the above stated affirmative defenses and responses as though set forth herein in their entirety.

241.   Davis denies the allegations of Paragraph 241 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 241 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## PRODUCTS LIABILITY:  BREACH OF EXPRESS WARRANTY

242.   Davis incorporates the above stated affirmative defenses and responses as though set forth herein in their entirety.

243.   Davis denies the allegations of Paragraph 243 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 243 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

## COUNT 4:

## <u>STRICT LIABILITY AND NEGLIGENCE</u>

244.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

245.   Davis denies the allegations of Paragraph 245 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 245 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

246.   Davis denies the allegations of Paragraph 246 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 246 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

247.   Davis denies the allegations of Paragraph 247 and its subparts as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 247 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

- 40 -

C.    **ALABAMA STATE-BASED CLAIMS**

### COUNT 5:

**EXTENDED MANUFACTURER'S LIABILITY DOCTRINE: CODE OF ALA.
§ 6-5-521PRODUCTS LIABILITY: DEFECTIVE MANUFACTURING AND DESIGN**

248.    Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety

249.    Davis denies the allegations of Paragraph 249 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 249 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

250.    Davis denies the allegations of Paragraph 250 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 250 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

251.    Davis denies the allegations of Paragraph 251 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 251 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

252. Davis denies the allegations of Paragraph 252 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 252 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

253. Davis denies the allegations of Paragraph 253 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 253 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

254. Davis denies the allegations of Paragraph 254 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 254 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

255. Davis denies the allegations of Paragraph 255 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states.

1015793v.1

Davis denies the allegations of Paragraph 255 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

256.   Davis denies the allegations of Paragraph 256 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 256 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

257.   Davis denies the allegations of Paragraph 257 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 257 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

258.   Davis denies the allegations of Paragraph 258 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 258 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

259.   Davis denies the allegations of Paragraph 259 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.

1015793v.1

Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 259 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## PRODUCTS LIABILITY: FAILURE TO WARN

260.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

261.   Davis denies the allegations of Paragraph 261 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 261 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## PRODUCTS LIABILITY: BREACH OF EXPRESS
## AND IMPLIED WARRANTY OF MERCHANTABILITY

262.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

263.   Davis denies the allegations of Paragraph 263 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 263 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

**D.**   **TEXAS STATE-BASED CLAIMS**

**COUNT 6:**

**CAUSE OF ACTION AGAINST MANUFACTURING
DEFENDANTS UNDER TEXAS PRODUCTS LIABILITY LAW**

264.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

265.   Davis denies the allegations of Paragraph 265 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 265 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

266.   Davis denies the allegations of Paragraph 266 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 266 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

267.   Davis denies the allegations of Paragraph 267 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 267 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

268.    Davis denies the allegations of Paragraph 268 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 268 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

269.    Davis denies the allegations of Paragraph 269 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 269 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

270.    Davis denies the allegations of Paragraph 270 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 270 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

271.    Davis denies the allegations of Paragraph 271 and its subparts as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 271 and its subparts as they

pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

272.    Davis denies the allegations of Paragraph 272 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 272 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

273.    Davis denies the allegations of Paragraph 273 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 273 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

274.    Davis denies the allegations of Paragraph 274 and its subparts as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 274 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

## COUNT 7:

## CAUSE OF ACTION AGAINST
## MANUFACTURING DEFENDANTS FOR NEGLIGENCE

275.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

276.   Davis denies the allegations of Paragraph 276 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 276 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

277.   Davis denies the allegations of Paragraph 277 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 277 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

278.   Davis denies the allegations of Paragraph 278 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 278 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

279.   Davis denies the allegations of Paragraph 279 and its subparts as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 279 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

280.   Davis denies the allegations of Paragraph 280 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 280 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

### COUNT 8:

### CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR IMPLIED BREACH OF WARRANTY

281.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

282.   Davis denies the allegations of Paragraph 282 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 282 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

283.    Davis denies the allegations of Paragraph 283 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 283 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

284.    Davis denies the allegations of Paragraph 284 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 284 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

285.    Davis denies the allegations of Paragraph 285 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 285 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

286.    Davis denies the allegations of Paragraph 286 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states.

1015793v.1

Davis denies the allegations of Paragraph 286 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## COUNT 9:

### CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR BREACH OF IMPLIED WARRANTIES UNDER THE UCC AND COMMON LAW AND EXPRESS WARRANTIES:  ALL STATES

287.  Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

288.  Davis denies the allegations of Paragraph 288 for lack of information sufficient to justify a belief therein.

289.  Davis denies the allegations of Paragraph 289 for lack of information sufficient to justify a belief therein.

290.  Davis denies the allegations of Paragraph 290 for lack of information sufficient to justify a belief therein.

291.  Davis denies the allegations of Paragraph 291 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 291 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

292.  Davis denies the allegations of Paragraph 292 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 292 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

## VII.  CLAIMS ASSERTED AGAINST NO-BID CONTRACTOR DEFENDANTS

### A.   LOUISIANA STATE-BASED CLAIMS

#### COUNT 10:

#### CAUSE OF ACTION AGAINST THE NO-BID
#### DEFENDANTS UNDER THE LOUISIANA PRODUCTS LIABILITY LAW

293.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

294.   The allegations of Paragraph 294 are conclusions of law and/or fact that do not require a response.  In an abundance of caution, Davis denies the allegations of Paragraph 294 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 294 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

295.   Davis denies the allegations of Paragraph 295 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 295 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

296.   Davis denies the allegations of Paragraph 296 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 296 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

297.   Davis denies the allegations of Paragraph 297 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 297 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

298.   Davis denies the allegations of Paragraph 298 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 298 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

299.     Davis denies the allegations of Paragraph 299 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 299 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## COUNT 11:

### NEGLIGENCE OF NO-BID DEFENDANTS UNDER LOUISIANA LAW

298. (Repeated)[1]  Davis denies the allegations of Paragraph 298 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 298 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.  Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

299. (Repeated)[2]  Davis denies the allegations of the second Paragraph 299 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations of the second Paragraph 299 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

300.     Davis denies the allegations of Paragraph 300 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 300 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

---

[1]     In an apparent typographical error, the Fourth Supplemental and Amended Administrative Master Complaint contains a duplicate Paragraph 298.

[2]     In an apparent typographical error, the Fourth Supplemental and Amended Administrative Master Complaint contains a duplicate Paragraph 299.

1015793v.1

301.   Davis denies the allegations of Paragraph 301 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 301 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

302.   Davis denies the allegations of Paragraph 302 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 302 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

303.   Davis denies the allegations of Paragraph 303 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 303 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

304.   Davis denies the allegations of Paragraph 304 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 304 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

**B.   MISSISSIPPI STATE-BASED CLAIMS**

**COUNT 12:**

**NEGLIGENCE OF NO-BID CONTRACTOR
DEFENDANTS UNDER MISSISSIPPI LAW**

305.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

306.   Davis denies the allegations of Paragraph 306 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.

Davis denies the allegations of Paragraph 306 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

307.   Davis denies the allegations of Paragraph 307 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 307 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

308.   Davis denies the allegations of Paragraph 308 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 308 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

309.   Davis denies the allegations of Paragraph 309 and its subparts as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.   Davis denies the allegations of Paragraph 309 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

310.   Davis denies the allegations of Paragraph 310 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with

1015793v.1

regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 310 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

311.   Davis denies the allegations of Paragraph 311 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 311 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## COUNT 13:

## STRICT PRODUCTS LIABILITY: MS CODE ANNOTATED § 11-1-63

312.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

313.   Davis denies the allegations of Paragraph 313 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 313 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

314.   Davis denies the allegations of Paragraph 314 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.

Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 314 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

315.   Davis denies the allegations of Paragraph 315 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 315 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

316.   Davis denies the allegations of Paragraph 316 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 316 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

317.   Davis denies the allegations of Paragraph 317 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 317 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

318.   Davis denies the allegations of Paragraph 318 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with

1015793v.1

regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 318 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

319.   Davis denies the allegations of Paragraph 319 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 319 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

320.   Davis denies the allegations of Paragraph 320 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 320 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

321.   Davis denies the allegations of Paragraph 321 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 321 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

322.   Davis denies the allegations of Paragraph 322 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 322 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

### COUNT 14:

### FAILURE TO WARN

323.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

324.   Davis denies the allegations of Paragraph 324 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 324 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

325.   Davis denies the allegations of Paragraph 325 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 325 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

326.   Davis denies the allegations of Paragraph 326 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations as of Paragraph 326 they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

**COUNT 15:**

**BREACH OF IMPLIED WARRANTY**

327.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

328.   Davis denies the allegations of Paragraph 328 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 328 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

C.   **ALABAMA STATE-BASED CLAIMS**

**COUNT 16:**

**NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER ALABAMA LAW**

329.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

330.   Davis denies the allegations of Paragraph 330 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with

1015793v.1

regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 330 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

331.　Davis denies the allegations of Paragraph 331 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 331 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

332.　Davis denies the allegations of Paragraph 332 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 332 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

333.　Davis denies the allegations of Paragraph 333 and its subparts as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 333 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

334.   Davis denies the allegations of Paragraph 334 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 334 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

335.   Davis denies the allegations of Paragraph 335 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 335 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

**D.**     **TEXAS STATE-BASED CLAIMS**

### COUNT 17:

### NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER TEXAS LAW

336.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

337.   Davis denies the allegations of Paragraph 337 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 337 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

1015793v.1

338.   Davis denies the allegations of Paragraph 338 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 338 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

339.   Davis denies the allegations of Paragraph 339 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 339 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

340.   Davis denies the allegations of Paragraph 340 and its subparts as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 340 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

341.   Davis denies the allegations of Paragraph 341 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states.

1015793v.1

Davis denies the allegations of Paragraph 341 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

342.   Davis denies the allegations of Paragraph 341 as they pertain to claims asserted against Davis.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 342 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## VIII.  CLAIMS AGAINST THE PROCUREMENT DEFENDANTS: ALL STATES

## COUNT 18:

## NEGLIGENCE OF PROCUREMENT DEFENDANTS

343.   Davis incorporates the above-stated affirmative defenses and responses as though set forth herein in their entirety.

344.   Davis denies the allegations of Paragraph 344 for lack of information sufficient to justify a belief therein

345.   Davis denies the allegations of Paragraph 345 for lack of information sufficient to justify a belief therein

346.   Davis denies the allegations of Paragraph 346 for lack of information sufficient to justify a belief therein

347.   Davis denies the allegations of Paragraph 347 for lack of information sufficient to justify a belief therein.

1015793v.1

348.   Davis denies the allegations of Paragraph 348 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 348 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

349.   Davis denies the allegations of Paragraph 349 for lack of information sufficient to justify a belief therein.

350.   Davis denies the allegations of Paragraph 350 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 350 and its subparts as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

351.   Davis denies the allegations of Paragraph 351 for lack of information sufficient to justify a belief therein.

352.   Davis denies the allegations of Paragraph 352 as they pertain to claims asserted against Davis.  Davis denies the allegations of Paragraph 352 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## IX.  DAMAGES ASSERTED

### A.   DAMAGES FOR LOUISIANA STATE-BASED CLAIMS

### COMPENSATORY DAMAGES

353.   Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct.  Davis denies the allegations of Paragraph 353 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

354.   Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct.  Davis denies the

allegations of Paragraph 354 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

**B.**    **DAMAGES FOR MISSISSIPPI STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

355.    Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 355 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

356.    Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 356 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

**PUNITIVE/EXEMPLARY DAMAGES**

357.    Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies

1015793v.1

that any claims against it are governed by the laws of those states, and expressly denies that Plaintiffs are entitled to punitive damages under Louisiana law. Davis denies the allegations of Paragraph 357 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## C.   DAMAGES FOR ALABAMA STATE-BASED CLAIMS

### COMPENSATORY DAMAGES

358.   Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct. Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 358 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

359.   Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct. Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama. Davis further denies that any claims against it are governed by the laws of those states. Davis denies the allegations of Paragraph 359 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

### CODE OF ALABAMA § 6-11-23 PUNITIVE/EXEMPLARY DAMAGES

360.   Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct. Davis further

denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states, and expressly denies that Plaintiffs are entitled to punitive damages under Louisiana law.  Davis denies the allegations of Paragraph 360 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

**D.**    **DAMAGES FOR TEXAS STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

361.    Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 361 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

362.    Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies that they have suffered any injury as a result of Davis' alleged conduct.  Davis further denies that it contracted with FEMA to provide any services with regard to temporary housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies that any claims against it are governed by the laws of those states.  Davis denies the allegations of Paragraph 362 as they pertain to claims asserted against other defendants for lack of information sufficient to justify a belief therein.

## PUNITIVE DAMAGES

363.   Davis denies that Plaintiffs are entitled to any damages from Davis, and further denies

that they have suffered any injury as a result of Davis' alleged conduct.  Davis further

denies that it contracted with FEMA to provide any services with regard to temporary

housing units within the States of Mississippi, Texas, or Alabama.  Davis further denies

that any claims against it are governed by the laws of those states, and expressly denies

that Plaintiffs are entitled to punitive damages under Louisiana law.  Davis denies the

allegations of Paragraph 363 as they pertain to claims asserted against other defendants

for lack of information sufficient to justify a belief therein.

## REQUEST FOR JURY TRIAL

Davis admits that Plaintiffs pray for a jury trial.

## PRAYER FOR RELIEF

Davis admits that Plaintiffs pray for entry of a judgment awarding them (1) compensatory

damages for alleged physical injuries and mental anguish; (2) legal interest from the date of

judicial demand; (3) attorneys' fees; (4) punitive damages; and (5) any relief deemed equitable.

Davis, however, denies that Plaintiffs are entitled to such relief or any other relief sought in the

First, Second, Third, or Fourth Supplemental and Amending Administrative Master Complaint or

in any previously filed complaints, and instead pray for entry of an Order dismissing Plaintiffs'

claims with prejudice.

1015793v.1

**WHEREFORE**, after due proceedings had, Defendant Davis Professional Accounting Services LLC prays that there be judgment rendered in its favor dismissing all claims against it at Plaintiffs' cost.

*/s/Heather S. Lonian*
Wayne J. Lee, 7916
Mary L. Dumestre, 18873
Heather S. Lonian, 29956
　　　　Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200

Attorneys for Davis Professional
Accounting Services, LLC

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Answers to Administrative Master Complaint has been served upon all counsel of record by placing same in the United States mail, postage prepaid and properly addressed, this 13th day of May, 2010.

*/s/Heather S. Lonian*

1015793v.1