UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                  MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-3251

## ORDER AND REASONS

Before the Court is Recreation By Design, LLC's Motion for Reconsideration of the Court's Ruling Granting "Plaintiff's Motion to Add One Additional Witness" [Rec. Doc. 13989] (Rec. Doc. 14054), which is opposed by Plaintiff Earline Castanel. (See Rec. Doc. 14083). After considering the memoranda filed by the parties and the applicable law,

**IT IS ORDERED** that the **Recreation By Design, LLC's Motion for Reconsideration of the Court's Ruling Granting "Plaintiff's Motion to Add One Additional Witness" [Rec. Doc. 13989] (Rec. Doc. 14054)** is **DENIED**, for all the same reasons as stated previously by this Court See Rec. Doc. 13989) and by Plaintiff in her Opposition (Rec. Doc. 14054). The Court further notes that in Plaintiff's Opposition, she clarifies that Mark Polk will not testify as a retained expert[1], so,

---

[1] Plaintiff explains that, although not retained by her as an expert witness, Mr. Polk will testify as to facts accumulated from his extensive experience with all kinds of recreational vehicles. (See Exhibit A to Rec. Doc. 14083, p. 90). Thus, Mr. Polk is more akin to a "hybrid fact/expert witness." See Commentary to Fed.R.Civ.P. 26(a) (1993), 146 F.R.D. 401, 635 (1993). See also *Beechgrove*

1

the fact that he has not prepared and provided a written expert report is of no moment.

In opposing this motion, Plaintiff represents to the Court and the parties as follows:

> Mr. Polk possesses *factual information* concerning travel trailers such as the one in which Ms. Castanel resided. See Exhibit A, p. 90. He is knowledgeable about recreational vehicles in general, regardless of the manufacturer. See Exhibit A, p. 90. Plaintiff inadvertently omitted Mr. Polk's name from Plaintiff's Final Witness List; then moved to add him *as a fact witness* within one (1) day of the deadline. On May 5, 2010, this Court granted Plaintiff's motion to add Mr. Polk as an additional witness. (Rec. Doc. 13989).

(Rec. Doc. 14083, p. 2). Thus, based on this representation, Mark Polk will be allowed to testify as to the facts known to him, before he was retained as an expert in this MDL, concerning travel trailers such as the one in which Plaintiff resided. He will not be allowed to offer expert opinions during his testimony. As this witness is to testify by way of a deposition transcript, counsel are urged to review the transcript for any testimony regarding expert opinions formulated for this litigation, and exclude them accordingly.

New Orleans, Louisiana, this 13th day of March, 2010.

**KURT D. ENGELHARDT**
**United States District Court**

---

*Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating and Air- Conditioning, Inc.*, F.Supp.2d, 2009 WL 981724, *6(E.D.La. 2009); *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc*., 246 F.R.D. 56, 58-59(D.D.C. 2007).