UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
*Member Case No. 09-3251*

# ORDER AND REASONS

Before the Court is Recreation By Design, LLC's Daubert Motion to Exclude the testimony of Plaintiff's Expert, Paul Hewett[1] (Rec. Doc. No. 13600). This motion is opposed by Plaintiff Earline Castanel (See Rec. Doc. 13942). The Court has reviewed the memoranda submitted, and considered the issues raised therein.

The Court initially notes that Hewett's expert testimony has been the subject of prior motion practice in the *three* previous bellwether trials held in this MDL. The Court's ruling herein in no way departs from those prior rulings, and they are specifically incorporated herein by reference. (See Rec. Docs. 3091, 7502, and 12730).

Recreation By Design, LLC ("RBD") first contends that Hewett inappropriately did not rely

---

[1] Hewett has testified in two prior bellwether trials. (See Rec. Docs. 3490 and 13038).

1

on specific data obtained from the testing of Plaintiff's emergency housing unit ("EHU") to formulate his opinion regarding formaldehyde levels in her EHU. Thus, RBD claims that Hewett's use of measurements from EHUs other than Plaintiff's is irrelevant. Plaintiff, on the other hand, argues that even if Hewett had included the results from Plaintiff's EHU in his calculations, it would not have made a statistical difference with regard to the mean, median, and mode he calculated. Essentially, this issue centers on RBD's view that Plaintiff should not use summary statistics, which provide a mean, median, and mode of formaldehyde measurements (i.e., that the best way to determine the formaldehyde level is to measure Plaintiff's EHU), and Plaintiff's view that using summary statistics is the only way[2] to accurately measure the formaldehyde level in an EHU that had not been occupied for over two and one half years. While this issue is certainly disputed and is the subject of much expert opinion, it is more properly left to the province of the jury to decide after hearing the opinions of each side's experts. Thus, RBD's motion is denied in this regard.

Second, RBD asserts that Hewett's methodology is not reliable because there is no scientifically accepted standard which expresses the decay rate of formaldehyde. As Plaintiff points out, this Court finds the case of *Wallace v. Meadow Acres Manufactured Housing*, 730 N.25 E. 2d 809 (Ind. Ct. App. 2000), cited by RBD, as distinguishable from the instant matter. Thaddeus J. Godish, the expert in the *Wallace* case, used multiple decay rates from other sources and applied them to the Redman mobile home in that case. Here, Dr. Hewett relied on actual data from RBD emergency housing units ("EHU"s) to come up with a decay rate for those types of EHUs in this climate. In other words, Dr. Hewett did not use multiple decay rates from other sources to determine

---

[2] Absent time travel, which has not yet been perfected, the parties have no way to measure the characteristics of the air in the subject EHU contemporaneous with Plaintiff's residence in it.

the decay rate for RBD EHUs. Thus, the Court concludes, on the showing made, that Hewett's analysis is admissible and will be arguably representative of what occurred in these EHUs under these circumstances.³ Again, whether the jury finds Hewett's analysis acceptable, probative and/or convincing in this case, even after the scrutiny of cross examination, is another question.

Third, RBD argues that Hewett's reliance on the Versar report is misplaced because the conditions, data, and other factors used to obtain the Versar "model" are different than the present situation. Additionally, RBD asserts that the Versar "model" is just that, a model; it is not a generally accepted standard in the scientific community. Thus, RBD contends that Hewett's attempt to create a formula to calculate the decay rate or "half life" of formaldehyde in an EHU based on the Versar model is not reliable, and thus inadmissible. However, as Plaintiff explains, Hewett relies on the Versar model to show that others, including a Department of the United States Government, the Environmental Protection Agency ("EPA"), has used the decay model, and applied a similar if not identical statistical procedure to obtaining the estimate of the decay coefficient. Thus, RBD's motion is denied in this regard; again, RBD may brings out its concerns over this issue on cross-examination.

Last, RBD argues that Hewett should be precluded from testifying as to the Berge Equation at trial because he did not use this equation in his calculations. Plaintiff does not address this issue in her Opposition; thus, the Court is left to conclude that Plaintiff has no opposition to this request. Accordingly, this portion of RBD's motion is granted, as unopposed.

Considering the foregoing, **IT IS ORDERED** that **Recreation By Design, LLC's Daubert**

---

³ The Court notes that both parties agree that the decay rate of formaldehyde varies based upon the circumstances and products measured. (Rec. Doc. 13942, p. 8; Rec. Doc. 13977, p. 7). Such will undoubtedly be made known to the jury.

3

**Motion to Exclude the testimony of Plaintiff's Expert, Paul Hewett (Rec. Doc. No. 13600)** is **GRANTED IN PART AND DENIED IN PART**.

New Orleans, Louisiana, this 14th day of May, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**