UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                        MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

                                                   SECTION "N"  (5)

THIS DOCUMENT RELATES TO
*Earline Castanel v. Recreation by Design, LLC,  et al*
*Case No. 09-3251 (E.D. La.)*

## **RULINGS ON OBJECTIONS ON DEPOSITION TESTIMONY[1] AT TRIAL**

Pursuant to the Court's previous Order, various deposition transcripts have been provided to the Court of witnesses whose testimony will be presented to the jury by way of those transcripts, in lieu of live appearance. To the extent that the submitted transcripts have objections by counsel on the selected portions for trial, the Court has also obtained from counsel their respective positions regarding such objections. With regard to the witnesses listed below, these objections are resolved as follows: **to the extent that the Court makes no mention of an objection in this Order, such objection is hereby OVERRULED**. As for each other objection, the following are **SUSTAINED**:[2]

---

[1] This Order pertains to the following witnesses: John Osteraas, Mark Polk and Robert Wozniak.

[2] When the Court sustains an objection, counsel presenting such testimony shall be responsible for editing the witnesses' videotape testimony accordingly.

1

**I.       Testimony of John Osteraas**

Objection at Page 60, Lines 1-5 - Sustained. The testimony is repetitive of other testimony in this witness' transcript, and also is included in the passage at Page 62, Lines 17-21, which passage is allowed.

**II.      Testimony of Mark Polk**

No designated objections sustained. Counsel offering Mr. Polk's deposition testimony are cautioned, however, that he is being added as a fact witness, and although plaintiff classifies him as a "hybrid fact/expert witness", Mr. Polk will not be allowed to offer expert opinions which were not subject to prior disclosure pursuant to Court Order. Rather, his testimony shall be limited to firsthand knowledge of factual information regarding the subject matter; opinions based upon deductions, observations, or other investigation or work in connection with this litigation shall not be permitted. Counsel are urged to review this transcript again to eliminate any "expert opinions" that go beyond Mr. Polk's knowledge of travel trailers prior to his retention as an expert in this MDL.

**III.     Robert Wozniak**

Objection at Page 28, Lines 19-21, Page 29, Line 1 - Sustained. The question and answer clearly relate to Fleetwood's "corporate policy", and thus apparently depart from the realm of "industry standard." Although the Court indicated, in its Ruling on the corresponding Motion in Limine, that characteristics of Fleetwood products might be relevant lines of inquiry for this witness' testimony, plaintiff would not be allowed to put a Fleetwood product on trial. While the characteristics of a Fleetwood product *might* be relevant to the examination of this witness, given

his professional history, the corporate policies of Fleetwood do not necessarily equate to "industry standards", and are not relevant in and of themselves.

Objection at Page 30, Lines 13-22 - Sustained.  The question and answer clearly relate to Fleetwood's "corporate policy", and thus apparently depart from the realm of "industry standard." Although the Court indicated, in its Ruling on the corresponding Motion in Limine, that characteristics of Fleetwood products might be relevant lines of inquiry for this witness' testimony, plaintiff would not be allowed to put a Fleetwood product on trial.  While the characteristics of a Fleetwood product *might* be relevant to the examination of this witness, given his professional history, the corporate policies of Fleetwood do not necessarily equate to "industry standards", and are not relevant in and of themselves.

Objection at Page 42, Line 13 - Page 43, Line 12 - Sustained.  This testimony is repetitive. Moreover, the question and answer clearly relate to Fleetwood's "corporate policy", and thus apparently depart from the realm of "industry standard."  Although the Court indicated, in its Ruling on the corresponding Motion in Limine, that characteristics of Fleetwood products might be relevant lines of inquiry for this witness' testimony, plaintiff would not be allowed to put a Fleetwood product on trial.  While the characteristics of a Fleetwood product *might* be relevant to the examination of this witness, given his professional history, the corporate policies of Fleetwood do not necessarily equate to "industry standards", and are not relevant in and of themselves.

New Orleans, Louisiana, this 14th day of May, 2010.

**KURT D. ENGELHARDT**
**United States District Court**

3