UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * * | MDL NO. 1873<br><br>SECTION "N-5"<br><br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT RELATES TO:<br>*EARLINE CASTANEL, ET AL v. RECREATION BY DESIGN, LLC, SHAW ENVIRONMENTAL, INC., and UNITED STATES OF AMERICA THROUGH THE FEDERAL EMERGENCY MANAGEMENT AGENCY,* NO. 09-3251 | * * * * * * * * * * | |

**************************************************************************

### RECREATION BY DESIGN, LLC'S OBJECTIONS TO CERTAIN EXHIBITS/DEMONSTRATIVE AIDS OFFERED BY PLAINTIFF AT TRIAL

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes defendant Recreation By Design, LLC ("RBD"), who respectfully objects to certain exhibits/demonstrative aids offered by Plaintiff at trial.

**BACKGROUND**

This action stems from Plaintiff's alleged exposure to formaldehyde while residing in a travel trailer provided by FEMA as emergency housing. Trial in this matter is scheduled to commence on Monday, May 17, 2010. In connection with this trial, defendant objects to certain exhibits which it anticipates plaintiff will offer at trial.

    **A.    Animation Video**

Plaintiff offers a computer generated animation as an exhibit at trial. Defendant objects to this exhibit on the basis that it does not comport with the evidence produced in this case, is highly prejudicial and is certain to mislead or confuse the jury under Rule 403. This issue has previously been briefed by Forest River in its Memorandum in Support of Motion to Exclude Plaintiff's Animation Exhibit (Rec. Doc. 11355-1). For the sake of brevity, Defendant hereby adopts and incorporates the legal arguments made by Forest River as if copied herein.

Defendant acknowledges that this Court denied Forest River's Motion, and allowed the plaintiff in that matter to use the animation exhibit at trial, provided that there was an evidentiary basis for same (Rec. Doc. 12586). In the event that this Court maintains its prior ruling and allows plaintiff to offer this animation as an exhibit at trial, defendant requests that it restrict plaintiff's use of the video to being shown once during trial to avoid undue prejudice, as was done in the Forest River Trial.

    **B.    Certain exhibits/demonstrative aids offered in connection with Dr. Patricia Williams' testimony**

Defendant further objects to certain power point slides which will be offered in connection with the testimony of plaintiff's expert, Dr. Patricia Williams. Specifically, defendant objects to

slides 26 of 33, 27 of 33, 31 of 33, 32 of 33 and 33 of 33.[1] Defendant anticipates that Dr. Williams will offer these slides to demonstrate the differences between healthy tissue versus unhealthy tissue. The slides offered by Dr. Williams illustrate the healthy tissue in color pictures and the unhealthy tissue in black and white pictures. Defendant submits that Dr. Williams can not accurately compare and/or demonstrate to the jury the differences in the healthy tissues versus the damaged tissue due to the quality of the pictures; specifically, due to the unhealthy tissue being demonstrated in black and white photos. Comparison by this method is clearly misleading to the jury.

Defendant further objects to slides 20 of 37, 33 of 37 and 36 of 37 as these pictures reflect new opinions not previously discussed by Dr. Williams.[2]

Lastly, defendant objects to slide 10 of 37 as the slide depicts a child. Per this court's prior order (Rec. Doc. 14025), the potential harm to children of exposure to formaldehyde is not relevant to this case, and should therefore be excluded.[3]

### C. Certain exhibits/demonstrative aids offered in connection with the testimony of Alexis Mallet, Jr.

Defendant also objects to certain exhibits/demonstrative aids offered in connection with the testimony of plaintiff's expert, Alexis Mallet, Jr. Specifically, defendant objects to exhibit 7 of 20, 8 of 20, 9 of 20, 10 of 20, 12 of 20, 13 of 20 and 15 of 20 as these exhibits consist of leading questions.[4] Defendant further shows that some of these exhibits consist of quotes from deposition transcripts and should be further excluded on the basis that they are prejudicial and unnecessary.

---

[1]*See* Exhibit 1 in globo.

[2]*See* Exhibit 2 in globo.

[3]*See* Exhibit 3.

[4]*See* Exhibit 4 in globo.

3

Defendant also objects to exhibit 14 of 20 on the basis that this court previously excluded Mallett's testimony on this issue (Rec. Doc. 14071).[5]

## CONCLUSION

Accordingly for the reasons mentioned herein, RBD respectfully requests that this Court exclude and/or limit the use of the exhibits noted herein.

Respectfully submitted,

    */s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: lgarrison@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2010, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

    */s/ Lyon H. Garrison*
LYON H. GARRISON, Bar No. 19591

---

[5] *See* Exhibit 4.