UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: 09-3251 | * | |
| *Earline Castanel, et al. vs. Recreation* | * | JUDGE ENGELHARDT |
| *by Design, LLC, et al.* | * | MAGISTRATE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S OBJECTION TO DEFENDANT'S DEMONSTRATIVE AID

Plaintiff Earline Castanel respectfully objects to Defendant Recreation By Design, LLC's misleading demonstrative aid that incorrectly implies that formaldehyde in food is comparable to formaldehyde in ambient air. Plaintiff respectfully requests that these slides, attached hereto as Exhibits A, B, & C, be omitted from the demonstrative aid.

Demonstrative aids are utilized in court to benefit the trier of fact's comprehension of esoteric issues in the case. As per Federal Rules of Evidence 401, 402 and 403, it is axiomatic that a judge has wide discretion in what he can allow or disallow in terms of exhibits in evidence. This discretion extends to demonstrative aids, particularly when those aids are unfairly prejudicial or confusing to the trier of fact. A district judge may exclude even relevant evidence if he finds that its probative value is substantially outweighed by the danger of "unfair prejudice, confusion of the issues, or misleading the jury". FED. R. EVID. 403

Plaintiff objects to Defendant's demonstrative aid as it implies food products containing formyl can be compared to ambient air containing formaldehyde. Plaintiff anticipates that Defendant will state that certain food products contain formaldehyde levels above those tested in

Plaintiff's emergency housing unit ("EHU") as these slides are shown to the jury. Importantly, as noted by Defense Experts, food products do not contain the same 'formaldehyde' found in ambient air, but instead are composed of formyl, which is wholly distinguishable and does not carry the same irritant properties as formaldehyde. Notably, Plaintiff has not raised a claim relating to food consumed or other products containing formyl. Furthermore, Defendant's suggestive use of visual images would in no way benefit the trier of fact. Specifically, Exhibits A & B, compare Ms. Castanel's trailer to a library without regard to the limited amount of time one would spend in a library compared to a residence, even if temporary. Defendant's Exhibit B, indicating higher levels of formyl found in fresh fruits and vegetables than the levels of formaldehyde found in Ms. Castanel's trailer would undoubtedly play tricks on the minds of the jury and mislead them to believe the trailer must be safe, if not good for you, as it appears to have less 'formaldehyde.' *See* Exhibits "A" and "C". Defendant's use of this demonstrative aid indicating a strong relationship between formaldehyde in food and formaldehyde in ambient air is not only irrelevant, but it is practically guaranteed to confuses the issues, mislead the jury and would result in unfair prejudice to Plaintiff.

Respectfully, these foods and other products do not contain the formaldehyde at issue in this case, as noted by Defendant's Expert, Dr. H. James Wedner:

> Q   But is formaldehyde also contained in certain foods?
>
> A   Is it contained in certain foods? Sure.
>
> Q   But that's not free formaldehyde, is it?
>
> A   No, it's formyl, F-O-R-M-Y-L.
>
> Q   And that's not an irritant in the same way that formaldehyde in the ambient air we have been discussing is?
>
> A   That's correct.

> Q       Tell me again the formula or the description you used for formaldehyde in food?
>
> A       Most formaldehyde is a single one carbon fragment, and it's a formyl group.
>
> Q       You say, F-O-R-M-I-L, formyl.
>
> A       Y-L.
>
> Q       F-O-R --
>
> A       M-Y-L, formyl.
>
> Q       Formyl group. So when we are talking about formaldehyde in something like shrimp or beer, that's totally different than the formaldehyde we would be talking about in the ambient air, isn't it?
>
> A       Correct.
>
> Q       Because we know if you drink a glass of beer or you eat a few shrimp, that's going down through your throat and into your stomach, and that doesn't cause the type of primary irritant reaction that we are talking about with ambient formaldehyde in the air, does it?
>
> A       Well, if we are talking about formaldehyde in beer, no. To some people, beer itself is an irritant, but that's neither here nor there.

Exhibit E, Deposition Transcript of H. James Wedner, M.D., October 12, 2009, p. 87, l. 4-p. 88, l. 11.  Moreover, Defendants Expert, Dr. Robert C. James, similarly noted the irrelevancy of comparing formyl food products to formaldehyde.

> Q       And formaldehyde in food really isn't relevant to these numbers you have here in comparison to free formaldehyde in the ambient air is it?
> . . .
> A       Concentrations in food are not comparable to concentrations in air. They're two different things. Those are same as concentrations in water.

> Q	So it would be silly to compare the amount of formaldehyde in food with the amount of formaldehyde that's in the ambient air wouldn't it?
>
> A	I don't do that.

Exhibit D, Deposition Transcript of Robert C. James, Ph.D., November 6, 2009, p. 90, l. 13-p. 91, l. 1.  Simply put, foods containing formyl are not relevant to the case at issue and will only cause confusion and mislead the jury into believing that the formaldehyde levels found in foods are comparable to those found in ambient air.  The possibility of such confusion is evident during the questioning of Defendants expert Dr. H. James Wedner.

> Q	So if somebody is talking about formaldehyde in food, whether it's beer or whether it's shrimp or whether it's catfish, and we are talking about formaldehyde in the air, that's just two different things, that's apples and oranges, isn't it?
>
> A	I usually don't talk about formaldehyde in foods, **so I really don't know what you are talking about**, so.  We generally don't talk about formaldehyde in food.
>
> Q	We don't talk it about being an irritant or a cancer risk, do we?
>
> A	No, we don't talk about it at all.
>
> Q	Because it's not something to be concerned about, is it?
>
> A	As I say, I can't remember the last time anybody ever mentioned to me the fact that there was formaldehyde in their food.
>
> Q	And if somebody was making a comparison between formaldehyde and food and formaldehyde and ambient air, that would just be something that is totally without merit when we are discussing about a risk of harm due to exposure to formaldehyde, wouldn't it?
>
> A	**I have no idea what you are talking about. Formaldehyde is a gas.  So the formaldehyde that I envision in food is a formyl one carbon fragment, so I wouldn't even call it formaldehyde**.

> Q      Okay.  So if somebody is talking about formaldehyde in shrimp, you don't think it's scientifically accurate to discuss that, do you, describe it that way, do you?
>
> A      I have never heard it called that, so maybe there is formaldehyde gas that off gases from shrimp.  I don't know.
>
> Q      I'm not talking about formaldehyde gas off gasing.  I'm talking about formaldehyde in the formyl group, as you discussed it, as being in food substances.
>
> A      Well, formaldehyde is one of our major way of transporting one carbon fragments, so we use it all the time in intermediary metabolism. There is formaldehyde in all foods.  So to that extent, everything has formaldehyde, but it's not the kind of formaldehyde we are talking about.
>
> Q      It's not the type of formaldehyde that we are talking about that can cause harm to the human body and is considered a primary irritant; isn't that right?
>
> A      I would say not.

Exhibit A, p. 88, l. 15-p. 90, l. 15.

The testimony of Defendant's owns experts proves that formaldehyde found in food is not the same kind of formaldehyde at issue in this case, and as put by Dr. Wedner, should not even be called 'formaldehyde.'  Thus, because there is no claim in this case that Plaintiff became sick from eating or drinking products/food containing formaldehyde and because such products contain a wholly irrelevant type of molecular substance, display of this aid would mislead the jury, confuse the issues and cause undue prejudice.

## **CONCLUSION**

Plaintiff objects to Defendant's use of this demonstrative aid regarding formaldehyde levels in food as it misleads the jury to believe that levels found in Plaintiff's trailer are harmless. This assertion is false, as admitted by Defendant's own experts, as it is impossible to compare formyl foods or other products to ambient air formaldehyde as they are compromised of different

molecular structures. Further, Plaintiff has not pled injuries caused by consumption of food products. Thus, given the irrelevancy and potential confusion brought by this demonstrative aid regarding formyl foods or other products containing formyl, this Court should exclude this demonstrative aid. Plaintiff respectfully that the Court exclude the slides attached as Exhibits A, B, & C.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:  /s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com


 /s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932

                        FRANK D'AMICO, #17519
                        MATT MORELAND, #24567
                        LINDA NELSON, #9938
                        MIKAL WATTS, Texas # 20981820
                        DENNIS REICH, Texas # 16739600
                        ROBERT BECNEL, #14072

## **CERTIFICATE OF SERVICE**

      I hereby certify that on  May 14 , 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I electronically mailed the foregoing document to all counsel of record who are non-CM/ECF participants.

                         /s/ Justin I. Woods
                        JUSTIN I. WOODS (LA Bar #24713)