UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| | MAGISTRATE CHASEZ |
| THIS DOCUMENT RELATES TO: All Cases | |

**REPLY TO PLAINTIFFS' OPPOSITION TO BECHTEL NATIONAL, INC.'S AND CH2M HILL CONSTRUCTORS, INC.S 12 (b)(6) MOTION TO DISMISS PLAINTIFFS' MISSISSIPPI PRODUCT LIABILITY CLAIMS**

Bechtel National, Inc. ("Bechtel") submits this memorandum in support of its Rule 12(b)(6) Motion to Dismiss Plaintiffs' Mississippi Product Liability Claims and in response to Plaintiffs' Memorandum in Opposition (the "Opposition") to Bechtel's and CH2M Hill's motion (R. Doc. 14048). In the Opposition Plaintiffs fail to direct the Court to any Mississippi case law or statute which supports the contention that contractors, such as Bechtel and CH2M Hill, should be considered manufacturers under the facts alleged. Accordingly, Bechtel's and CH2M Hill's motion should be granted.

**PLAINTIFFS' OPPOSITION FAILS TO CITE A CASE OR STATUTE THAT SUPPORTS THE CONTENTION THAT THE CONTRACTORS ARE MANUFACTURERS**

1. **The *Lenior* Case Does Not Define A Contractor As A Manufacturer**

1

Plaintiffs cite *Lenoir v. C.O. Machinery Co.* in support of their contention that the contractors are manufacturers within the context of the Mississippi Products Liability Statute ("MPLS").[1] *Lenoir* is a case involving a personal injury that resulted when a plaintiff was working with a conveyor and planer during the course of his employment.[2] Who was the manufacturer of the conveyor and planer under the MPLS was not at issue.[3] The quotation cited in this opposition correctly notes that Buss was the manufacturer of the conveyor and that Porter was the manufacturer of the planer.[4] The entire system at issue was designed by one of the manufacturers. In the present case the contractors did not design or manufacture anything. As such, *Lenoir* sheds no light on the issue whether contractors qualify as manufacturers under Mississippi law.

### 2. Louisiana Law Is Not Applicable

Plaintiffs' opposition next cites to a Louisiana case, *Marshall v. Beno Truck Equip. Inc.*, which cites to additional Louisiana cases.[5] The Opposition contains one quote from *Marshall* with no analysis or explanation as to why this case is relevant to a determination of whether a contractor is a manufacturer under the MPLS. The contractors' Rule 12(b)(6) motion is specific to Mississippi actions, not Louisiana, making Louisiana law irrelevant to the contractors' motion. Additionally, the Louisiana cases cited by Plaintiffs predate even the current law that is controlling in Louisiana, the Louisiana Products Liability Act ("LPLA").

In a continued analysis of Louisiana law, the Opposition cites *LeBouef v. Good Year Tire & Rubber Co.*,[6] another pre-LPLA case. *LeBouef* involved an injury that occurred as a result of

---

[1] *Lenoir v. C.O. Machinery Co.*, 672 So.2d 1240 (5th Cir. 1982).
[2] Id. at 1241-1242.
[3] Id. at 1242.
[4] See Plaintiffs' Opposition, Rec. Doc. 14048 at pg 3.
[5] *Marshall v. Beno Truck. Inc*., 481 So.2d 1022, 1031 (La. App. 1 Cir. 1985).
[6] *LeBouef v Good Year Tire & Rubber Co.*, 623 F.2d 985 (5th Cir. 1980).

tread separating from a tire when a car, manufactured by Ford, was being operated at high speed. Ford argued that it did not manufacture the tire and should not be liable since the manufacturer of the tire was known. The court held that a manufacturer of a product is no less of a manufacturer because the product is composed of parts manufactured by others.[7] The contractors did not and the Plaintiffs do not allege that they did, manufacture the trailers or any of the components making *LeBouef* inapplicable.

### 3. *Lester v Eldec* Pertains To A Repealed Mississippi Statute Governing Sellers

In *Lester v. Eldec*, the issue before the court was the applicability of Miss. Code Annotated § 11-1-64, which has since been repealed.[8] The statute provided that "a defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim…" The Opposition suggests that "the distributor and installer of the allegedly defective product was held to fall within the bounds of the 'manufacturer' and 'seller' limitations of the MPLS," but this proposition is not found in the *Lester* opinion.[9] The opinion, in dicta, notes that retailers and distributors "may" be held accountable in a products liability action.[10] The contractors here are, admittedly, not sellers, retailers or distributors. The opinion does not address "installers," and the fact that defendant Eldec may have been an installer is irrelevant to the issues addressed. The *Lester* decision contains no analysis of the definition of a "manufacturer" under the MPLS.

---

[7] *Id.* at 990.
[8] *Lester v. Eldec*, 2005 WL 2406089 (N.D. Miss 2005).
[9] See Plaintiffs' Opposition, Rec. Doc. 14048 at pg 7.
[10] *Lester v. Eldec*, 2005 WL 2406089 (N.D. Miss 2005).

### 4. Miss. Code Annotated § 11-1-63(g) Does Not Apply

The Opposition reports that it was "clearly" the intent of the Mississippi legislature to include "installers" in products liability cases based on Miss. Code Annotated § 11-1-63(g)(i).[11] Miss. Code Annotated § 11-1-63(g)(i) governs situations where a manufacturer must indemnify a seller of a product, and does not apply to the present action. A section of the statute provides that sellers are not owed indemnification when modifications or alterations are made to a product. These Plaintiffs do not allege that the contractors are sellers of the trailers. Arguing that this section of the law applies or that the legislature intended for it to apply to contractors, who are not sellers of the trailers, is disingenuous.

### 5. Plaintiffs Misstate The Facts And Holding In *Scordino v. Hopeman*

Plaintiffs' argument that Hopeman's actions in installing the wall boards did not alter or aggravate the defective condition of the wall panel is unsupported by the facts reported in the opinion.[12] In *Scordino*, "Plaintiffs claim that irreparable and progressive lung damage was caused due to being exposed to dust generated by the installation of the paneling…"[13] The "dust generated" was a result of Hopeman's activities while installing the board, and any suggestion to the contrary is wrong. *Scordino* is the only relevant Mississippi case addressing the issue of whether a contractor can be considered a manufacturer as a matter of the MPLS, holding that a contractor is not a manufacturer.

### CONCLUSION

The Opposition is a compilation of quotes taken out of context from inapplicable cases some of which involve the law of the State of Louisiana and others involving statutes long repealed. Plaintiffs offer no statutory or jurisprudential support for their contention that

---

[11] See Plaintiffs' Opposition, Rec. Doc. 14048 at pg 7.
[12] Id. at pg 6.
[13] *Scordino v. Hopeman Bros., Inc.*, 662 So.2d 640, 642 (Miss. 1995).

4

contactors are manufacturers under the MPLS. Because the contractors are not manufacturers under the Mississippi Products Liability Statute, Plaintiffs' complaint should be dismissed.

>Respectfully submitted,
>
>**FRILOT L.L.C.**
>
>/s/ *Peter R. Tafaro*
>JOHN J. HAINKEL, III – (#18246)
>A. J. KROUSE – (#14426)
>DAVID P. CURTIS – (#30880)
>CAROLYN B. HENNESY –(25089)
>PETER R. TAFARO – (#28776)
>ANDREW M. MAESTRI – (#30606)
>3700 Energy Centre, 1100 Poydras St.
>New Orleans, Louisiana 70163
>Tel: (504) 599-8000; Fax: (504) 599-8100
>E-mail: ptafaro@frilot.com
>**Attorneys for Bechtel National, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have emailed a copy of this filing to any non-CM/ECF participants on this the 18th day of May, 2010.

>/s/ *Peter R. Tafaro*
>PETER R. TAFARO