UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                         MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                       SECTION "N" (5)

THIS DOCUMENT RELATES TO
*ALL CASES*

**PRETRIAL ORDER NO. 68**
**CONCERNING DEADLINES FOR MATCHING AND FILING**

      The Court enters this Order to assist potential claimants for whom matching information has not yet been obtained from the USA by providing a "last chance" process for them to obtain whatever other information is efficiently obtainable from other sources; (2) to provide a date certain by which the matching effort will end, and dismissals of claims for unmatched claimants will occur.

**I.  BACKGROUND OF MATCHING PROCESS**

      A large number of persons occupied in excess of 150,000 Emergency Housing Units ("EHUs"), provided by FEMA, in the aftermath of Hurricanes Katrina and Rita.  Lawsuits were filed against the United States of America (FEMA), various manufacturers of the EHUs and various government contractors who transported and installed such EHUs.  Most early complaints were filed on behalf of numerous plaintiffs who collectively sued most known EHU manufacturers and most known government contractors involved in the hauling and installing of such EHUs.  On May 27, 2009, this Court entered Pretrial Order No. 38 (Rec.Doc. 1596), ordering that each Plaintiff had the burden to file suit against only the particular manufacturer of his or her trailer, and on December 14, 2009, this Court entered Pretrial Order No. 53 (Rec.Doc. 10228), ordering that each Plaintiff had the burden to file suit only against the particular government contractor involved with his or her unit.  To assist in "matching" a particular plaintiff to a particular manufacturer and a particular government contractor, Defendant United States of America ("USA") agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID Number. The "matching process" has been underway for more than two years.  Months ago, in an effort to have counsel for all parties provide the Court with a process to end the matching process fairly by providing matching data to all who properly and timely requested it, and to set deadlines for the filing of all cases against particular defendants in compliance with the Court's previous order, the Court appointed Henry Miller, attorney for Defendant United States of America, and Mikal Watts and Justin Woods of the Plaintiffs' Steering Committee ("PSC") to serve on a "matching committee."   For several months, the matching committee has conferred, and reported on its efforts to the Court on May 7.  The Court notes that the statistics provided by counsel from the Plaintiffs' Steering Committee and by counsel for Defendant United States of America ("USA") indicate that the matching process has worked very well, but there are a subset of potential

claimants for whom matching information has not yet been obtained from the USA's searches of its databases. Before the Court is this process of "matching" claimants to a particular Defendant manufacturer and to a particular Contractor/Installer, and how to end it to facilitate the final and appropriate filings of all claims to be made.

## II. THE MATCHING PROCESS GOING FORWARD

The Court enters this Order to (1) assist those potential claimants for whom matching information has not yet been obtained from the USA by providing a "last chance" process for them to obtain whatever other information is efficiently obtainable from other sources; (2) to provide a date certain by which the matching effort will end.

### A. OBTAINING FEMA ID NUMBERS

Over the past two years, potential claimants have been encouraged to obtain their FEMA ID Number, to allow Defendant USA to match persons with manufacturers and contractors. Potential claimants were informed that their FEMA ID Number should have appeared on all correspondence from FEMA. On January 26, 2010, the USA filed a Notice Regarding How an Applicant or Co-Applicant Who Applied for and Received a FEMA EHU May Call To Obtain His or Her FEMA Identification Number for Matching Purposes (Rec.Doc. 10795). Additionally, in Section V of the Joint Status Report No. 15, entered on March 15, 2010, and in Section V of the Joint Status Report No. 16, entered on May 12, 2010, counsel were advised "that any aid applicant or co-applicant who was issued a FEMA EHU and requires their FEMA ID number may take the following action to obtain their FEMA ID number:

1. Call (800) 621-FEMA and press # to speak with a FEMA agent representative.
2. Inform the FEMA agent that they applied for and received FEMA assistance in the form of an emergency housing unit (trailer) following Hurricane Katrina/Rita.
3. Inform the FEMA agent that they cannot find their FEMA ID number and no longer have any of their correspondence containing their FEMA ID number.
4. Inform the FEMA agent that they would like to obtain their FEMA ID number for their records.
5. Provide the following personal information to the FEMA again so that the caller's identity may be verified and the FEMA ID may be provided:
    a. Their first and last name.
    b. Their Social Security Number.
    c. Their damaged dwelling address.
    d. Their damaged dwelling telephone number.
    e. Their current mailing address (on file with FEMA).
    f. Their current telephone number (on file with FEMA).
    g. Date of Birth.

This process has also been placed on the website for this MDL proceeding – Notice by Defendant United States of America Regarding How an Applicant or Co-Applicant Who Applied For and Received A FEMA EHU May Call To Obtain His Or Her FEMA Identification Number for Matching Purposes (Rec. Doc. 10795).
(http://www.laed.uscourts.gov/FEMA07md1873/Orders/notice10795.pdf).

The Court has been advised by Counsel for the PSC that most attorneys' claimants have been contacted about the need to call FEMA to obtain their FEMA ID numbers. The court and the PSC have encouraged all attorneys to advise their clients of the need to procure their FEMA ID numbers immediately.

The Court therefore orders that the deadline for Plaintiffs' counsel and Plaintiffs to obtain the FEMA ID Numbers for any unmatched claimants, and to provide the same to FEMA for final matching requests in this case, is June 15, 2010.

### B. DEADLINE FOR SUBMITTING MATCHING REQUESTS TO FEMA FOR CLAIMANTS WITH RECENTLY-OBTAINED FEMA ID NUMBERS AND OTHER NEW INFORMATION, AND FOR FILING MATCHED CASES IN COMPLIANCE WITH PREVIOUS PRETRIAL ORDERS

The Court has been advised by the matching committee that FEMA successfully provides matching data for most of those Claimants who have provided FEMA ID Numbers and other required information, but that with respect to some plaintiffs, FEMA is unable to match either the manufacturer or the contractor from the information given. There are three reasons provided to the Court for this inability to match either the manufacturer or the contractor: (1) perhaps the FEMA ID Number is incorrect; (2) perhaps the FEMA data on a person was entered incorrectly into the government's databases, and that most likely, (3) with respect to minors and other persons living in a trailer issued to another, the potential claimant does not know the identity of the head of household to whom FEMA issued the trailer the claimant occupied. Counsel for FEMA has informally suggested that Plaintiffs seek to obtain this information through discovery from the contractors and IA/TAC entities.

The Court finds that the Plaintiff has the burden under Pretrial Order Nos. 38 and 53 to file his or her suit against the specific manufacturer and/or contractor who may be liable for the injuries claimed, and not to sue all potential defendants. This burden is not lifted by a Plaintiff providing FEMA a matching request with an incorrect FEMA ID Number. The burden still exists with respect to Plaintiffs for whom data on a person was entered incorrectly into the government's databases, and with respect to minors and other persons living in a trailer issued to another, such that the potential claimant does not know the identity of the head of household to whom FEMA issued the trailer the claimant occupied; however, these potential claimants are entitled to a "last chance process" by all the parties to locate this information for them. The Court is persuaded that one additional limited and efficient "last chance" process should be undertaken, but that the need for the defendants and the Court to know which claimants are suing which defendants still exists and must be achieved within short order.

The Court therefore orders.

1. The deadline for plaintiffs' counsel submitting matching requests to FEMA is June 15, 2010. FEMA shall be under no obligation to conduct matching searches for data submitted to them after June 15, 2010.
2. At a minimum, counsel should provide FEMA with the claimant's first and last name, the state where the EHU was occupied, the Claimants' FEMA ID Number,

       and the Claimant's Date of Birth.  To the extent available, counsel should also provide Claimants' Social Security Number, street address where the EHU was installed, and the unit's FEMA Barcode.

3. Claimants' counsel should not re-submit duplicate requests that have previously been submitted, without providing new or updated information.  If the request is a re-submission, Claimant's counsel should highlight or clearly identify the new or updated information being submitted to facilitate the matching process.
4. FEMA shall have thirty (30) days, until July 15, 2010, to provide the matching request responses to Plaintiffs' counsel who submitted the same.
5. All potential claimants for whom matching information is provided by July 15, 2010, shall comply with previous pretrial orders concerning filing claims in groups of no more than 300 plaintiffs, and concerning suing individual manufacturers and individual claimants, and shall make such filings on or before August 2, 2010.  The Court clarifies its previous orders to state herein that if claimant's counsel has a good faith belief of the identity of a particular manufacturer or contractor, that pursuant to Fed. R.Civ.P. 11, such suits may be filed at any time prior to this deadline, and shall be construed to be "matched".
6. The Court's deadline set herein is not intended as safe-harbor from previously existing prescription deadlines, and shall not in any way be construed as extending or tolling prescription deadlines.

**C.   LAST CHANCE PROCESS FOR OBTAINING MATCHING INFORMATION ON PREVIOUSLY UNMATCHABLE CLAIMANTS**

With respect to any claimants for whom matching data has not successfully been obtained from FEMA by July 15, 2010, the Court enters the following orders to provide such claimants with a "last chance" process to obtain matching information necessary to comply with this Court's previous orders:

1. The only potential claimants who are eligible to participate in this Court-ordered "last chance" process ("eligible last chance claimants") are those whose counsel avers under oath to the following:

    a. The claimant executed a legal employment contract to engage such lawyer prior to the date of this Order;
    b. The claimant provided his FEMA ID Number to FEMA in a matching request made on or before June 15, 2010;
    c. The claimant does not remember the identity of the manufacturer of his or her EHU, or does not remember the identity of the government contractor who hauled or installed his or her EHU;
    d. The claimant has looked for and cannot find documentation containing the identity of the manufacturer of his or her EHU, or does not remember the identity of the government contractor who hauled or installed his or her EHU
    e. The claimant received data back from FEMA in response to a properly-made matching request, which did not include the manufacturer or the contractor

applicable to his or her EHU. To the extent that prior matching responses have included a VIN Number, the claimant has attempted to match his or her name with the applicable contractor by consulting the IA-TAC documents provided to the PSC on January 31, 2009 (Bates # FEMA 120-001085-010246) and the manufacturer by consulting previously-provided VIN Codes.

2. Counsel for eligible last chance claimants shall file on August 2, 2010 a motion before this Court seeking to participate in this last chance process. The Motion shall be no more than two pages in length without the single attachment listing all such claimants, shall be verified by counsel, and shall state:

> "_____, counsel for the potential claimants listed Exhibit "A" attached hereto, seek leave to participate in the Court's last chance process for obtaining matching information. I state under oath the following:
>
> 1. Each claimant listed on Exhibit "A" executed a legal employment contract with my lawfirm prior to May 24, 2010;
> 2. My lawfirm, on behalf of each claimant listed on Exhibit "A", provided his or her FEMA ID Number to FEMA in a matching request made on or before June 15, 2010;
> 3. I certify that each claimant listed on Exhibit "A" has stated to me, or members of my staff, that the claimant does not remember the identity of the manufacturer of his or her EHU, or does not remember the identity of the government contractor who hauled or installed his or her EHU;
> 4. I certify that each claimant listed on Exhibit "A" has stated to me, or members of my staff, that the claimant has looked for and cannot find documentation containing the identity of the manufacturer of his or her EHU, or does not remember the identity of the government contractor who hauled or installed his or her EHU;
> 5. I certify that I, on behalf of each claimant listed on Exhibit "A", received data back from FEMA in response to a properly-made matching request, which did not include the manufacturer or the contractor applicable to his or her EHU. To the extent that prior matching responses have included a VIN Number, I have attempted to match my client's name with the applicable contractor by consulting the IA-TAC documents provided to the PSC on January 31, 2009 (Bates # FEMA 120-001085-010246) and the manufacturer by consulting previously-provided VIN Codes; and
> 6. I certify that my address is _____, and that any information regarding matching information on the claimants listed in Exhibit "A" should be delivered to the address provided herein.

Manufactures and government contractors reserve the right to seek penalties for any improper certifications. The Exhibit "A" shall be in a Microsoft excel format, and contain the following information regarding each unmatched plaintiff:

    1.    Last Name (Column A);
    2.    First Name (Column B); and
    3.    Claimant's FEMA ID Number (Column C); and
    4.    If Known, the approximate month and year of Lease-In, (i.e. 0306 for March, 2006)(Column D)
    5.    The docket number of the case in which the claimant has initiated his or her action (Column E)

and either

    6.    the last name (Column F), First Name (Column G) and FEMA ID Number (Column H) of the applicant (the FEMA applicant in whose trailer the claimant resided), and the full address (number and street of address (Column I), City (Column J), State (Column K) and Zipcode (Column L), where the unit was installed), or
    7.    the VIN # (Column M) and/or FEMA Bar Code number (Column N) of the unit lived in.

The Court has been informed that matching requests without the information in #5 or #6 above will not be successful, and therefore orders counsel for plaintiff not to submit matching requests in this process without providing either the information needed as outlined in #5 and #6 above.

Also, each Exhibit "A" excel spreadsheet shall contain the name of counsel submitting the same on Column H, which name shall appear in Column N for each claimant listed on the excel spreadsheet.

Each counsel submitting motions with an Exhibit "A" shall provide an electronic copy of both the motion filed and the Exhibit "A" to the PSC. On or before August 13, 2010, the PSC shall merge all the Exhibit "A" excel spreadsheets provided, eliminate duplicate claimants, and shall submit a single electronic excel spreasheet for each state (where the EHU at issue is located) to each liaison counsel for the various defendants.

These motions shall be filed pursuant to this Court's previous Orders, and shall be copied to Henry Miller, counsel for USA, Andy Weinstock, liaison counsel for the manufacturing defendants, David Kurtz, liaison counsel for the government contractors, and Charlie Leche and Ralph Hubbard, liaison counsel for defendant insurance companies. Liaison counsel are directed to immediately forward these lists to all defendants in the case.

3. Counsel who fail to file such motion with compliant spreadsheets on August 2, 2010 have caused their unmatched claimants to be ineligible to participate in this last chance matching process.

4. By September 13, 2010, each manufacturer and each government contractor shall perform an electronic search of their principal installation database, and with respect to each individual listed on the merged spreadsheets of August 13, 2010, they shall provide via federal express delivery to liaison counsel for the PSC an excel file for each state containing the following information with respect to each such claimant:

   a. For the manufacturer defendants - the name of the manufacturer who manufactured the EHU associated with the applicant name (Columns F-L), VIN # (Column M), and/or Bar Code number (Column N), if identified by a complete matching of that information as supplied on the August 13, 2010 spreadsheets, for each such claimant, by listing such manufacturer's name in Column O of the excel spreadsheet;
   b. The name of the contractor who installed the EHU associated with the applicant name (Columns F-L), VIN # (Column M), and/or Bar Code number (Column N), if identified by a complete matching of that information as supplied on the August 13, 2010 spreadsheets, for each such claimant, by listing such contractor's name in Column P of the excel spreadsheets.
   c. If matching was not successful as to either the manufacturer or the contractor, the line shall state "unmatched" for each such particular claimant;

To be clear, the manufacturers and government contractors are not required to search paper records or any electronically stored information other than the Principal Installation Database, which David Kurtz, liaison counsel for the contractors, has represented to the Court is the database most likely to contain the sought-after information. Manufacturers and government contractors reserve the right to request that the Court enter an Order allowing them additional time to respond (and adjusting dates in this order that flow from the response date), and/or an order directing cost sharing with regard to this effort. The PSC reserve the right to oppose such request, if made, and to request that their data experts being given access to the Database to perform these searches themselves.

5. By September 20, 2010, the PSC shall provide each claimant's counsel with the portion of the excel file relating to that lawyer's clients.

6. By October 15, 2010, each claimants' counsel shall do the following:

   a. With respect to each claimant for whom matching information has been received for both the manufacturer and the government contractor, shall file suit against such manufacturer and government contractor in the appropriate venue in groups of not more than 300 claimants per petition, and shall promptly effectuate service against the defendants sued;
   b. With respect to each claimant for whom matching information has been received for only the manufacturer, shall file suit against such manufacturer in the appropriate venue in groups of not more

    than 300 claimants per petition, and shall promptly effectuate service against the defendant sued.;

   c. With respect to each suit previously filed where a claimant or claimants sued multiple manufacturers and multiple government contractors, file a motion before this Court to cause such suits to be dismissed; and

   d. Provide to the Court, to Jerry Meunier of the PSC, and to Andrew Weinstock and David Kurtz, defense liaison counsel, and Henry Miller, government liaison counsel, and Charlie Leche and Ralph Hubbard, insurance liaison counsel, an excel spreadsheet, containing the following information

    1. Full Name of Each Claimant (Column A)
    2. First Name of Each Claimant (Column B)
    3. FEMA ID Number of Each Claimant (Column C)
    4. Manufacturer Sued By Each Claimant (Column D)
    5. Government Contractor Sued by Each Claimant (Column E)
    6. Whether FEMA has been sued by Each Claimant (Column F)
    7. The Style of the case in which Each Claimant has sued (Column G);
    8. The Cause Number of Such Claimant's suit (Column H); and
    9. The location (i.e., court – e.g., E.D.La) where each such suit is filed (Column I).

  **D.** **DISMISSAL OF CLAIMS UNMATCHED**

   Beginning on November 1, 2010, Defendants shall file Motions to Dismiss (1) any claims still in existence in which a claimant has sued multiple manufacturers and/or multiple government contractors; and (2) motions to dismiss any claims made by Claimants who failed to comply with this Order.  These motions shall be filed beginning on November 1, 2010, and shall be titled "Motions to Dismiss Claims For Failure to Comply With  Order and Reasons Concerning Deadlines for Matching and Filing.  Counsel for the claimants served with such Motions shall file responses to said Motions to Dismiss within fifteen (15) days of being served with such motions.  Compliance with this Order shall be the only grounds for denial of said Motions to Dismiss, as the Court states now its intention not to extend these deadlines.  The Court intends, with the guidance of liaison counsel, to enter orders beginning on November 15, 2010, dismissing with prejudice the claims of all claimants who fail to comply with this Order.

**III. INVENTORY OF REMAINING CASES**

  On or before December 10, 2010, PSC liaison counsel are ordered to provide the Court, and to the Court's court-appointed master, data files listing the number of plaintiffs with cases filed against each defendant manufacturer, against each defendant government contractor and against the USA.   The Court will then conduct a status conference as to how to proceed forward concerning resolving, litigating or dismissing such cases, as may be appropriate.

**IV. STATEMENT REGARDING SCOPE AND INTENT OF THIS ORDER**

**The Court has been advised that the prescription deadlines have passed already in most instances. The intent of this Order is to facilitate the transition from previously-filed unmatched cases into matched cases. It is not the intent of this order to establish any new deadlines affecting prescription. Counsel are advised that no deadline set herein shall affect prescription in any way if the case has not yet been filed prior to the entry of this order and prior to the applicable prescription date.**

NEW ORLEANS, LOUISIANA, this 26th day of May, 2010.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE