UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

**************************************************************************

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION FOR ENTRY OF JUDGMENT

**MAY IT PLEASE THE COURT:**

Defendant, Recreation by Design, LLC ("RBD"), respectfully submits the following Memorandum in Support of its Motion for Entry of Judgment:

### BACKGROUND

The instant action stems from plaintiff's claims of injury relating to alleged exposure to formaldehyde while residing in an emergency housing unit provided to her by the Federal Emergency Management Agency in the wake of Hurricane Katrina. The matter proceeded to trial before a jury on May 17, 2010. On May 24, 2010, after a week long trial, the jury returned a verdict in favor of

RBD on all claims.

Following the verdict, the Court instructed the undersigned to confer with opposing counsel and submit a proposed judgment to the Court. Following the Court's directive, RBD drafted a proposed judgment and submitted same to opposing counsel for their review and comment. RBD's proposed judgment essentially mirrors that previously agreed to by Plaintiffs' Steering Committee ("PSC") and entered by this Honorable Court in the *Alexander* matter. After review of the proposed judgment, plaintiff counsel has raised an objection to the language referencing the taxation for costs against the plaintiff. Despite the fact that the identical language was agreed to in the *Alexander* case, plaintiff counsel takes the position that the statement regarding costs is objectionable.

As the parties have been unable to reach agreement on the language of the judgment, RBD respectfully moves this Honorable Court to adopt the jury's verdict as the Judgment of the Court, dismissing all claims asserted by plaintiff with prejudice, with plaintiff to bear RBD's taxable costs. Defendants submit a Proposed Judgment herewith for the Court's consideration.[1] As PSC did not express an objection with respect to language related to the dismissal of plaintiff's claims with prejudice, RBD will address the sole contested issue, that relating to the imposition of costs.

## LAW & ARGUMENT

A prevailing party in civil litigation is entitled to recover the costs incurred in the course of such litigation. Rule 54 of the Federal Rules of Civil Procedure provides that costs should be allowed to the prevailing party. Fed. Rule Civ. Pro. 54(d). There is a strong presumption under the law that a prevailing party should receive costs associated with the litigation. *Cheatham v. Allstate Ins. Co.*, 465 F. 3d 578, 586 (5th Cir. 2006). Indeed, the Fifth Circuit has recognized that a prevailing party is prima facie entitled to costs. *See Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) and

---

[1]*See* Proposed Judgment that was circulated to opposing counsel attached as Exhibit A.

*Pancheco v. Mineta*, 448 F. 3d 783, 793 (5th Cir. 2006).

It is undisputed that RBD prevailed at trial in the instant litigation. As such, RBD is entitled to recover its costs resulting from this litigation. The language of RBD's proposed judgment merely acknowledges this well-established right. RBD recognizes the breadth and scope of such an award will be the subject of motion practice. The inclusion of the language relating to costs is included to preserve RBD's ability to seek recovery of such taxable costs via subsequent motion practice. Further, essentially identical language was previously agreed to by PSC in the *Alexander* case and entered into as the Judgment of the Court in that matter. Costs are routinely awarded to the prevailing party in civil litigation, as they were in the *Alexander* matter, and language regarding the imposition of costs is included in judgments as a matter of course. Accordingly, RBD respectfully submits that the final judgment of the Court should reflect the fact that costs are to be taxed against the plaintiff.

Further, the inclusion of language relating to the taxation of costs against the plaintiff will not deprive Castanel of her ability to challenge the *amount* of costs which will be awarded. The inclusion of the language relating to the taxation of costs simply acknowledges RBD's right to costs, not the extent of costs to which RBD may be entitled. To the extent plaintiff wishes to assail the quantum of any cost award, her counsel may make such arguments at the appropriate time via motion practice. As such, there is no undue prejudice to the plaintiff by the inclusion of such language in the judgment, since the judgment, as proposed, merely establishes RBD's right to seek costs and does not impose a specific amount of the costs to be awarded.

## **CONCLUSION**

In light of the above and foregoing, RBD is entitled to and respectfully requests this Honorable Court adopt the verdict of the jury as the Judgment of the Court, dismissing the entirety

of plaintiff's claims with prejudice, with plaintiff to bear RBD's costs. RBD has included a proposed judgment, submitted contemporaneously herewith, for the Court's consideration and would respectfully move that it be entered as the Judgment of the Court.

> Respectfully submitted,
>
> */s/Randall C. Mulcahy*
>
> LYON H. GARRISON, Bar No. 19591
> SCOTT P. YOUNT, Bar No. 22679
> RANDALL C. MULCAHY, Bar No. 26436
> DARRIN L. FORTE, Bar No. 26885
> KELLY M. MORTON, Bar No. 30645
> GARRISON, YOUNT, FORTE
> & MULCAHY, L.L.C.
> 909 Poydras Street, Ste. 1800
> New Orleans, LA 70112
> Telephone: (504) 527-0680
> Facsimile: (504) 527-0686
> *Attorneys for defendant,*
> *Recreation By Design, LLC*
> Email: rmulcahy@garrisonyount.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 28, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

> */s/Randall C. Mulcahy*
> RANDALL C. MULCAHY, Bar No. 26436