UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)
JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO:
ALL CASES (Louisiana Plaintiffs)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

DEFENDANT UNITED STATES' MEMORANDUM IN
OPPOSITION TO "PLAINTIFFS' MOTION FOR ENTRY OF
JUDGMENT UNDER FRCP 54(b)" (Rec. Doc. 14197)

## INTRODUCTION

The United States of America ("United States") submits this memorandum in response and opposition to Plaintiffs' Motion for Entry of Judgement Under FRCP 54(b)" (Rec. Doc. 14197). In their motion and supporting memorandum, Louisiana Plaintiffs wholly fail to explain why it would be appropriate for the Court to invoke the "Judgment on Multiple Claims or Involving Multiple Parties" provision of Federal Rule of Civil Procedure 54(b). *See* Pls.' Mot. and Memo. (Rec. Docs. 14197, 14197-1). For this reason alone, Plaintiffs' motion can and should be denied. Under the Federal Rules an order that adjudicates fewer than all of the claims at issue in an action does not end the action, does not amount to an appealable judgement, and, thus, may be revised at any time before the entry of a judgment adjudicating all claims. Fed. R. Civ. P. 54(b). To take the special step of entering final judgment in a piecemeal fashion on some claims in an action, but not others, the Court is required to make an express determination that there is no just reason for delay. Although Plaintiffs make the conclusory statement that there is "no just reason" for the Court to delay entering a final judgment on certain FTCA claims brought

by Louisiana Plaintiffs in light of this Court's recent ruling dismissing the FTCA negligence claims of all Louisiana Plaintiffs (Rec. Doc. 14124), their argument ignores the procedural posture of this case, the nature of the Court's ruling, and the threshold standard that must be satisfied for the Court to enter a Rule 54(b) judgment.[1]/ Numerous reasons, both practical and procedural, counsel against entering a piecemeal judgment in this instance where the Court has issued a ruling regarding only one cause of action relating to one party in a lawsuit involving many causes of action against many parties.[2]/

## PROCEDURAL BACKGROUND

Plaintiffs in this MDL are individuals who resided in temporary emergency housing units ("EHUs") provided by FEMA after the landfalls of Hurricanes Katrina and/or Rita. *See* Order and Reasons, August 21, 2009 (Rec. Doc. 2789). "In general, Plaintiffs claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these EHUs." *Id*. (citing Rec. Doc. 109 ¶ 30). The units were occupied in four different states –

---

[1]/ Although Plaintiffs argue that the Court 's May 18, 2010, Order and Reasons (Rec. Doc. 14124) involves an "important question of law" and that an immediate review of the ruling will "materially advance the conclusion of these proceedings," these arguments are misplaced in a Rule 54(b) motion. *See* Pls.' Mem. at 1 (Rec. Doc. 14197-1). An inquiry under 54(b) requires an express determination that there is no just reason for the Court to delay entering final judgment on a discrete claim. The arguments made my Plaintiffs appear to be geared towards the "exceptional" requirements for interlocutory certification and review. *See generally* Order and Reasons, April 30, 2010 (Rec. Doc. 13163) (citation omitted). The United States reserves the right to oppose any such request for interlocutory review under 28 U.S.C. § 1292(b), if and when such a motion is properly before the Court. FTCA jurisprudence in the Fifth Circuit and throughout the country overwhelmingly confirm that this Court's application of the FTCA's analogous private liability requirement was correct as a clear matter of well-settled FTCA law.

[2]/ In describing the relief sought through their motion, Plaintiffs specifically request that an "attached Judgment" be entered pursuant to Rule 54(b). Pls.' Mem. at 1. Because no proposed judgment is attached to Plaintiffs' filing, this alone constitutes sufficient grounds to dismiss Plaintiffs' motion for entry of judgment, although, for issues of judicial economy, the United States recommends that the motion be denied for the other reasons stated herein.

by Louisiana Plaintiffs in light of this Court's recent ruling dismissing the FTCA negligence claims of all Louisiana Plaintiffs (Rec. Doc. 14124), their argument ignores the procedural posture of this case, the nature of the Court's ruling, and the threshold standard that must be satisfied for the Court to enter a Rule 54(b) judgment.[1]/ Numerous reasons, both practical and procedural, counsel against entering a piecemeal judgment in this instance where the Court has issued a ruling regarding only one cause of action relating to one party in a lawsuit involving many causes of action against many parties.[2]/

## PROCEDURAL BACKGROUND

Plaintiffs in this MDL are individuals who resided in temporary emergency housing units ("EHUs") provided by FEMA after the landfalls of Hurricanes Katrina and/or Rita. *See* Order and Reasons, August 21, 2009 (Rec. Doc. 2789). "In general, Plaintiffs claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these EHUs." *Id*. (citing Rec. Doc. 109 ¶ 30). The units were occupied in four different states –

---

[1]/ Although Plaintiffs argue that the Court 's May 18, 2010, Order and Reasons (Rec. Doc. 14124) involves an "important question of law" and that an immediate review of the ruling will "materially advance the conclusion of these proceedings," these arguments are misplaced in a Rule 54(b) motion. *See* Pls.' Mem. at 1 (Rec. Doc. 14197-1). An inquiry under 54(b) requires an express determination that there is no just reason for the Court to delay entering final judgment on a discrete claim. The arguments made my Plaintiffs appear to be geared towards the "exceptional" requirements for interlocutory certification and review. *See generally* Order and Reasons, April 30, 2010 (Rec. Doc. 13163) (citation omitted). The United States reserves the right to oppose any such request for interlocutory review under 28 U.S.C. § 1292(b), if and when such a motion is properly before the Court. FTCA jurisprudence in the Fifth Circuit and throughout the country overwhelmingly confirm that this Court's application of the FTCA's analogous private liability requirement was correct as a clear matter of well-settled FTCA law.

[2]/ In describing the relief sought through their motion, Plaintiffs specifically request that an "attached Judgment" be entered pursuant to Rule 54(b). Pls.' Mem. at 1. Because no proposed judgment is attached to Plaintiffs' filing, this alone constitutes sufficient grounds to dismiss Plaintiffs' motion for entry of judgment, although, for issues of judicial economy, the United States recommends that the motion be denied for the other reasons stated herein.

Alabama, Louisiana, Mississippi, and Texas. The Court ruling at issue only involved one particular cause of action brought by Louisiana Plaintiffs.

As enunciated in the "Fourth Supplemental and Amended Administrative Master Complaint" (Rec. Doc. 7688), Plaintiffs have filed suit against over one-hundred entities, including the United States. *See* Third AMC (Rec. Doc. 4486) ¶¶ 10-115, 124 (as incorporated by reference through the Fourth AMC). Although Plaintiffs allege that the United States is subject to this Court's jurisdiction through the FTCA's limited waiver of sovereign immunity, *id*. ¶ 116 (citation omitted), this Court has already ruled that a number of Plaintiffs' FTCA claims lack jurisdiction based upon the FTCA's discretionary function exception. *See* Order and Reasons, October 3, 2008 (Rec. Doc. 717); Order and Reasons, August 13, 2009 (Rec. Doc. 2621). In addition, throughout the course of this MDL, the Court has concluded that the FTCA claims of various individual plaintiffs are barred for lack of jurisdiction by the FTCA's two-year statute of limitations, 28 U.S.C. § 2401(b). *See, e.g.,* Order and Reasons, August 21, 2009 (Rec. Doc. 2789); Order and Reasons, January 21, 2010 (Rec. Doc. 10493); Order and Reasons, January 22, 2010 (Rec. Doc. 10626). The United States has secured dismissal of various FTCA claims and actions against it through these various jurisdictional arguments. Many of these arguments substantially overlap with one another (*i.e.*, a plaintiff's FTCA claims may be barred both by the two-year statute of limitations and the Court's discretionary function exception rulings).[3]/

On November 12, 2009, the United States filed a jurisdictional motion to dismiss the

---

[3]/   It continues to be the position of the United States, that ***all***, not just most, of the claims are barred by the discretionary function exception.

FTCA negligence claims of all Louisiana Plaintiffs based upon the FTCA's private analogous liability requirement (Rec. Doc. 6970). The United States subsequently filed similar motions to dismiss the FTCA claims of all plaintiffs in Mississippi (Rec. Doc. 7690) and Alabama (Rec. Doc. 10656) by referencing comparable state-specific statutory protections.[4] The Court recently ruled on the Louisiana motion through its May 18, 2010, Order and Reasons (Rec. Doc. 14124), and specifically noted that its Order *did not* address "the dismissal of the Government as a defendant," but rather, whether Louisiana Plaintiffs could seek FTCA liability based upon simple negligence. The Court stated that "Plaintiffs maintain the right to pursue other caused of action against the Government as set forth in the supplemental and amended master complaints." Order and Reasons, May 18, 2010 (Rec. Doc. 14124), at 2. Importantly, the Court has not yet ruled on the United States' motions to dismiss the FTCA claims of all Mississippi and Alabama Plaintiffs (Rec. Docs. 7960 and 10656) – these motions remain pending before the Court.[5]

## ARGUMENT

**I.      Entry of a Rule 54(b) Judgment is a Special Remedy Requiring a Specific Showing.**

Rule 54(b) of the Federal Rules of Civil Procedure provides, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In this MDL, Louisiana Plaintiffs have brought numerous claims against numerous parties in thousands of

---

[4]      At this time, the United States is not aware of any Complaint filed against it in the state of Texas regarding the matters at issue in this MDL.

[5]      At a minimum, any Rule 54(b) entry of judgment should not occur until all of these motions to dismiss based upon a lack of private analogous liability have been resolved by the Court.

different actions. The Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124) – the Order from which Plaintiffs seek to have judgment entered under Rule 54(b) – not only addresses a single party (the United States) in these thousands of multi-party cases, it also only addresses the FTCA negligence claims and does not resolve Plaintiffs' Complaint against the United States since the gross negligence claim against the government remain. *See* Order and Reasons, May 18, 2010 (Rec. Doc. 14124). In order to issue a judgment pursuant to Rule 54(b), the Court must make an express determination that there is no just reason for delay. Here, in the absence of a final judgment, at least as to the United States, piecemeal disposal and appeal is not appropriate.

"Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10 (1980). Under this Rule, "[a] district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *PYCA Indus. v. Harrison County Waste Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). *See also Shell Oil Refinery v. Shell Oil* Co., Civ. A. No. 88-1935, Civ. A. 88-2719, 1991 WL 211570, at *1 (E.D. La. Oct. 2, 1991) (stating that "orders under Rule 54(b) should not be granted routinely or as a courtesy to counsel, but only if there exists some danger of hardship or injustice if the entry of judgment is delayed") (citing *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984)).

Plaintiffs' motion and supporting memorandum completely fail to establish that justice requires entry of judgment. *See* Pls.' Mot. and Memo. (Rec. Docs. 14197, 14197-1). Where a party has failed to provide support for a conclusion that there is no just reason for delay or has failed to articulate any danger of hardship or injustice that would be alleviated through the entry

5

of a final judgment, the Court should deny the motion for certification under Rule 54(b). *See*, *e.g.*, *Reph v. Hubbard*, Civil Action No. 07-7119, 2009 WL 1158939, at *1 (E.D. La. April 28, 2009); *Chance v. Designer Wardrobe Trailers, Inc.*, Civil Action No. 07-9427, 2009 WL 210508, at *1 (E.D. La. Jan. 27, 2009). Here, Plaintiffs have not discussed or even referenced a single danger of hardship or injustice that warrants an immediate appeal. *See* Pls.' Mot. and Memo. (Rec. Docs. 14197, 14197-1).

Although Plaintiffs argue that an entry of judgment would advance the ultimate termination of this litigation, appellate review of the decision at issue – even if the decision is affirmed – would not result in the dismissal of the United States as a party in this MDL and, thus, would not eliminate the need for the United States to participate in discovery and trial of these cases. Similarly, appellate affirmance would not finally resolve the FTCA claims of a single Louisiana Plaintiff in this litigation. The Court has specifically noted that Plaintiffs have facially pleaded a cause of action that is not covered by the Court's ruling dismissing the FTCA negligence claims – the only type dismissed through the Court's ruling. *See* Order and Reasons, May 18, 2010 (Rec. Doc. 14124). Thus, Plaintiffs' argument that an entry of judgment would "materially advance the conclusion of these proceedings, Pls.' Memo. (Rec. Doc. 14197-1), is overstated. In addition, the United States has successfully employed a variety of other jurisdictional grounds to obtain the dismissal of FTCA claims brought against it in this litigation. Even in the absence of the Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124), a large number of Plaintiffs' FTCA claims would presumably fall outside the Court's jurisdiction based upon other equally applicable grounds. At this time, declining Plaintiffs' request for piecemeal appellate review will not result in a danger of hardship or injustice that would outweigh the usual

6

presumption against certification.

## II.     The Equities do not Support Allowing a Piecemeal Appeal at this Time.

While Rule 54(b) allows parties involved in multi-claim or multi-party litigation who have separable causes of action to obtain entry of judgment as to fewer than all of the claims or parties, "[t]his type of entry of judgment is proper only where the court makes an express determination that there is no just reason for delay in entering such a judgment, and when ***the equities of the situation outweigh the interests of judicial economy against potential piecemeal appeals***." *Channel 20 Inc., v. World Wide Towers Servs., Inc.*, 607 F. Supp. 551, 559 (S.D. Tex. 1985) (emphasis added). "The Fifth Circuit requires a searching inquiry into the grounds for 54(b) motions and has dismissed appeals when a district court abuses its discretion by summarily certifying a claim." *El Paso Prod. Gom, Inc. v. Smith*, Civil Action Nos. 04-2121, 08-4130, 04-2949, 05-140, 2009 WL 1870854, at *2 (E.D. La. June 29, 2009) (citing *PYCA Indus.*, 81 F.3d at 1421).

The Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124) only rules that the Government is shielded from FTCA ordinary negligence liability in connection with Louisiana cases. Order and Reasons, May 18, 2010 (Rec. Doc. 14124). The Court has not yet determined that the gross negligence claims are barred. Moreover, in conducting the required balancing test, the Court should consider the fact that related motions regarding the FTCA claims of Mississippi and Alabama Plaintiffs remain pending before the Court. Any certification should, at a minimum, not take place until these motions have been decided, in order to ensure that appellate review regarding all private analogous liability rulings can take place at the same time. Such a delay is in the direct interest of judicial economy and would help avoid the potential for

7

piecemeal appellate litigation regarding similar legal issues from the same litigation.

Even if the Court were to wait until after it rules on the remaining private analogous liability motions to enter a Rule 54(b) judgment, a number of procedural problems exist that may preclude the requested relief. Although the Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124), dismissed the FTCA negligence claims of all Louisiana Plaintiffs, *id.* at 19, this ruling affects an amorphous number of actions. At this time, there is no defined number of cases – identified by a case number or otherwise – affected by the Court's ruling, thus it will be procedurally difficult, if not impossible, to actually enter judgment in these cases. Most significantly, judicial economy simply does not favor such an entry given that the Court's ruling does not entirely dispose of the Louisiana Plaintiffs' FTCA claims against the United States. If additional motions practice leads to the dismissal of all remaining FTCA claims against the United States, the equities would then – and only then – favor the entry of a Rule 54(b) judgment as to a large number of cases in this MDL.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for entry of judgment should be denied. At a minimum, the Court should decline to enter judgment until after it has ruled on all pending motions to dismiss based upon a lack of private analogous liability.

Dated:  June 8, 2010                                         Respectfully Submitted,

| | |
|---|---|
| TONY WEST | ADAM BAIN |
| Assistant Attorney General, Civil Division | Senior Trial Counsel |
| | |
| J. PATRICK GLYNN | MICHELLE BOYLE |
| Director, Torts Branch, Civil Division | ADAM DINNELL |
| | MICHELE GREIF |
| DAVID S. FISHBACK | JONATHAN WALDRON |
| Assistant Director | Trial Attorneys |
| | |
| OF COUNSEL: | //S// *Henry T. Miller* |
| | HENRY T. MILLER (D.C. Bar No. 411885) |
| JORDAN FRIED | Senior Trial Counsel |
| Associate Chief Counsel | United States Department of Justice |
| | Civil Division – Torts Branch |
| JANICE WILLIAMS-JONES | P.O. Box 340, Ben Franklin Station |
| Senior Trial Attorney | Washington, D.C. 20004 |
| Federal Emergency Management Agency | Telephone No:  (202) 616-4223 |
| Department of Homeland Security | E-mail:  Henry.Miller@USDOJ.Gov |
| Washington, D.C. 20472 | |
| | Attorneys for the United States of America |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                                    *//S// Henry T. Miller*
                                                                    HENRY T. MILLER (D.C. Bar No. 411885)