UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * | MDL NO. 1873  SECTION "N" (5)  JUDGE ENGELHARDT  MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * * | |
| *Castanel, et al v. Recreation by Design, et al*, Docket No. 09-3251; | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff Earline Castanel ("Plaintiff"), who hereby respectfully offers this Opposition to the Motion for Entry of Judgment filed by Defendant Recreation by Design, LLC, and the proposed Judgment contained therein. Plaintiff does not dispute the entry of a judgment with prejudice, but disagrees with the language used by Defendant relating to the taxation of costs.[1]

Plaintiff requests that this Court — in issuing its final, separate judgment — include specific language limiting taxation of costs to only those described in 28 U.S.C. § 1920 and incurred by Defendant, and that such costs not be taxed against Plaintiff individually, but against the plaintiff population as a whole.

**I.   The Judgment Should Limit Taxable Costs to Those Enumerated Under 28 U.S.C. § 1920 and to Only Those Costs Actually Incurred by Defendant**

The "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to

---

[1] Plaintiff understands that the monetary amount of taxable costs will be the subject of future motion practice.

the contrary." *Cook Children's Med. Ctr v. The New England PPO Plan of General Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotation marks omitted). Accordingly, because no contractual authorization exists, Plaintiff requests that the judgment issued by the Court contain language limiting any costs assessed to only those specifically enumerated under 28 U.S.C. § 1920. Currently, the judgment proposed by Defendant, states that Plaintiff's claims are dismissed with prejudice "with taxable costs assessed against Plaintiff." Rec. Doc. 14272-2. The only costs possibly taxable are specified in 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)  Fees of the clerk and marshal;
> (2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5)  Docket fees under section 1923 of this title;
> (6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case, and upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

As such, Plaintiff opposes Defendant's use of broad or open-ended language in its proposed order. Such language could be construed to include costs not statutorily specified. Further, because certain costs were shared by both Defendant and Plaintiff, should the Court assess costs, such should only include those actually incurred by Defendant. Thus, Plaintiff respectfully requests that any judgment entered by this

Court contain language limiting taxable costs to those outlined and enumerated under 28 U.S.C. § 1920 and incurred by Defendant.

II.     **The Court Has the Discretion to Assess Costs in a Manner that is Fair and Reasonable to Plaintiff**

This Court is vested with the sound discretion to decide whether costs should be assessed against Plaintiff under 28 U.S.C. § 1920. *Mota v. Univ. of Tex. Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001) ("[A] court may tax the following. . ."); *c.f. Hodge v. Seiler*, 558 F.2d 284 (5th Cir. 1977) ("While an award of costs to a prevailing party is usual, the inclusion of various items within that award is within the discretion of the trial judge."); *but see Dasher v. Mutual Life Ins., Co.*, 78 F.R.D. 142 (D.C. GA 1978), (holding that a trial court possesses broad discretionary powers in allowance or disallowance of costs). In exercising its discretion, courts often look to factors of reasonableness and fairness. *See Keystone Shipping Co. v. S.S. Monfiore*, 275 F.Supp. 606 (S.D. TX 1967) ("[A]llowance of costs is a matter within the court's discretion, and in determining whether costs should be awarded their reasonableness is the principal consideration.").

Because of the bellwether nature of Plaintiff's trial, it would be unfair and unreasonable for Ms. Castanel to individually bear the costs of such trial. Ms. Castanel was selected as a bellwether plaintiff to assist in the adjudication of over 90,000 plaintiffs participating in the FEMA Formaldehyde Products Liability Litigation, MDL No. 07-1873. As a representative of the plaintiff population, Plaintiff received attention and resources from the Plaintiffs Steering Committee for the purpose of benefiting all plaintiffs and with the intention of utilizing the information gained for future trials. Because of the representative nature of this matter, individually and as part of the MDL, it would be unfair to tax Ms. Castanel for the tremendous expenses incurred on behalf

of, and in the further interest to the entire plaintiff population of the MDL. Thus, Plaintiff respectfully requests that this Court refrain from assessing any costs against Plaintiff individually, and instead assess such costs against the plaintiff population.

## II.     CONCLUSION AND PRAYER

For the reasons stated above, Plaintiff respectfully prays that this Court include express language in its judgment limiting any costs assessed to only those enumerated under 23 U.S.C. § 1920. Plaintiff further requests that should the Court choose to assess costs, such costs should be assessed against the plaintiff population as a whole.

        Respectfully submitted:

        FEMA TRAILER FORMALDEHYDE
        PRODUCT LIABILITY LITIGATION

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        PLAINTIFFS' CO-LIAISON COUNSEL
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        PLAINTIFFS' CO-LIAISON COUNSEL
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:   504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

        COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567

        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        Dennis Reich, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on June 8, 2010.

        s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471