UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER * MDL NO. 1873
FORMALDEHYDE PRODUCTS *
LIABILITY LITIGATION * SECTION "N" (5)
*
* JUDGE ENGELHARDT
* MAGISTRATE CHASEZ
*
THIS DOCUMENT IS RELATED TO *
*
*Bazanac, et al v. Gulf Stream Coach, Inc., et al;* *
Docket No. 09-8320 *
*Charlie Age, et al v. Gulf Stream Coach* *
*Inc., et al*, Docket No. 09-2892; *
*Alleman, et al v. Gulf Stream Coach, Inc., et al* *
Docket No. 09-5390 *
*
* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER REGARDING SUMMARY TRIAL
(Robin Phillip Lewis)
(Easton Charles, Jr.)
(Daniel Porter)

The parties, Plaintiffs, Robin Lewis, Easton Charles, Jr. and Daniel Porter, and Defendant Gulf Stream Coach, Inc., have agreed to participate in a summary jury trial. The Court has previously signed and entered Pre-Trial Order No. 63 (PTO 63), which sets out the parameters and guidelines for summary jury trials and pre-trial/discovery procedures, and Pre-Trial Order 64 (PTO 64), which sets out the summary jury trial procedures. Pursuant to PTO 63 and PTO 64's advisement, the parties have conferred and have modified PTO 63 and PTO 64, <u>which apply to these particular plaintiffs only,</u> as set forth herein and which the Court now adopts.

## MODIFICATIONS TO PTO 63

### I. Overview and Nature of Procedure

The parties have no modifications to this paragraph but do specifically agree that no agreement, ruling, stipulation, discovery agreement, or any other agreement relating to this summary trial, whether it be reflected in this Order or by subsequent agreement by the parties, will be binding on or will have any precedential effect on, Defendant, Plaintiffs, the PSC, any of the plaintiffs in this MDL, or any of the other defendants in this MDL, or any trial in this MDL or trial of any claim or lawsuit that has been part of this MDL.

The parties each agree that the purpose of the summary jury trial is to learn how a jury will respond to claims and defenses that would actually be made (and supported with evidence that would survive a motion for summary judgment). The parties also agree that the goal is also to learn this information in a manner that will conserve the parties' and the court's resources. This means that pre-trial discovery, pre-trial motion practice and preparations for the summary jury trial are intended to be kept to a minimum, but sufficient so that each claim and defense can be adequately presented.

### II. Consent of Parties and Selection of Party

The parties each agree to participate in a summary jury trial. Plaintiffs have previously been selected as bellwether trial plaintiffs. To date, significant discovery has not been conducted. Therefore, the parties agree that these claims are ripe and appropriate for summary jury trial.

### III. Confidentiality

The parties have no modifications to this paragraph.

### IV. Modification by Agreement.

The parties have participated in the preparation of this Order, pursuant to this paragraph.

## V. Scheduling Order

The Court has previously entered a scheduling order for this case (Doc. Entry 13001), which was amended pursuant to the parties' agreement (Doc. Entry 13949 and Doc. Entry 14314). The parties have asked that the Court vacate that scheduling order and amended orders, and instead order the following deadlines for the summary jury trial, which the Court does now. The schedule for the summary jury trial will be as follows:

| | |
|---|---|
| Deadline to Amend Pleadings | Passed |
| Plaintiff's Expert Designations and FRCP 26(a)(2)(B) reports due. | This has occurred. |
| Defendant's Expert Designations and FRCP 26(a)(2)(B) reports due. | June 4, 2010, with the following exceptions:<br><br>(1) for bellwethers Robin Lewis and Daniel Porter, the written reports of Damien Serauskas, P.E., shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **June 7, 2010**;<br><br>(2) for bellwether Easton Charles, Jr., the written reports of Damien Serauskas, P.E., shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **June 11, 2010**; and<br><br>(3) for bellwethers Easton Charles, Jr., Robin Lewis and Daniel Porter, the written reports of Howard Maibach, M.D., Ph.D., shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **July 6, 2010**. |
| Parties exchange preliminary fact and exhibit lists | June 16, 2010 |
| Deposition Deadline | July 31, 2010 |
| Dispositive and other pretrial motions. | August 4, 2010 |
| Daubert Motions | August 4, 2010 |
| Motions in Limine | August 4, 2010 |
| Parties submit final witness and exhibit list | August 9, 2010 |
| Proponent of deposition excerpts submit those excerpts to opposing party | August 9, 2010 |
| Opposing party submits counter-designations | August 16, 2010 |
| Parties' submit unresolved objections to deposition designations in one global submission. | August 23, 2010 |
| Final Pretrial Conference | August 26, 2010, at 10:00 a.m. |
| Trial | Week of September 13, 2010. Presiding Judge to be determined. |

**VI. Limits on Discovery**

  A. <u>Retained Experts</u>

Plaintiffs have already designated eight (8) retained experts to testify in this case. Therefore, Plaintiffs may have eight (8) experts at the summary jury trial. Each expert has already prepared a report that has been provided to Defendant.

Defendant will designate no more than eight (8) retained experts to testify in this case, in accordance with the schedule above and will provide reports in the form set forth above.

  B. <u>Treating Physicians</u>

The parties have no modification to this paragraph.

  C. <u>Fact Witnesses</u>

The parties may take up to five non-expert, non-plaintiff depositions per side, however the collective time of the depositions shall not exceed five (5) hours. The limit of five depositions is inclusive of all three cases, and is not a "per case" cumulative limit.

  D. <u>Time Limits</u>

Nothing in this order will serve to impair either party's ability to conduct full discovery under the Federal Rules in any future trial.

Expert depositions will be limited to three hours per plaintiff: one (1) hour for the designating party and two (2) hours for the other party.

With regard to treating physicians, depositions shall be limited to two hours of testimony for each treating physician. One hour shall be allocated to plaintiffs and one hour shall be allocated to Defendant.

Plaintiffs' depositions shall be limited to four hours per plaintiff: one (1) hour for Plaintiff and three (3) hours for Defendant.

Fact witness depositions will be limited to two hours: one (1) hour for Plaintiff and one (1) hour for Defendant.

Plaintiffs are precluded from seeking a Rule 30(b)(6) deposition of Gulf Stream Coach, Inc.

E. Written Discovery

The parties have already exchanged written discovery. All pending or future discovery is stayed, however the parties must produce plaintiffs' personal and medical records to one another. If and when this case is placed back on a litigation track, each party may resume discovery in accordance with the Federal Rules.

Plaintiffs have already produced medical and employment authorizations to Defendant. Plaintiffs are not required to produce income tax or social security records, as long as they are not seeking economic damages in their respective lawsuits. Again, Defendant has the right to try to obtain these records, via discovery or court order, if this matter returns to the litigation track.

Plaintiffs and Defendant are the only parties to the lawsuits, and the only parties in the summary jury trial, so the "special rules" set out in this paragraph do not apply. FEMA has produced Plaintiffs' IA files and documents relating to the subject trailers.

F. Electronic Discovery

No modifications.

G. Inspection of the Emergency Housing Unit

Experts for both parties have inspected the subject trailers. No further inspection is permitted.

**VII. Modification Without Agreement**

No modifications to this paragraph.

## MODIFICATIONS TO PTO 64

**Overview and Nature of Procedure.**

The parties have no modifications to this paragraph but do specifically agree that no agreement, ruling, stipulation, discovery agreement, or any other agreement relating to this summary trial, whether it be reflected in this Order or by subsequent agreement by the parties, will be binding on, and will have no precedential effect on, Defendant, Plaintiffs, the PSC, any of the plaintiffs in this MDL, or any of the other defendants in this MDL, or any trial in this MDL or trial of any claim or lawsuit that has been part of this MDL. The language regarding other non-participating defendants is inapplicable.

**Consent of Parties.**

A copy of the consent form, signed by counsel for Plaintiffs and Defendant is attached as Exh. A.

**Presiding Judge.**

The parties agree but request that Judge Engelhardt remain involved in any pre-summary jury trial disputes and motion practice among the parties, up to the actual Summary Jury Trial.

**Estimated Length of Summary Jury Trial.**

The parties have no modifications.

**Use of Jury and Jury Selection.**

The parties have no modifications.

**Presentation of Testimony and Evidence.**

Each party shall be limited to three hours, inclusive of cross-examination within which to present its evidence and testimony. The foregoing time is exclusive of opening statements and closing arguments.

As to stipulations, again, no stipulations entered into by the parties shall be used in any manner in any future lawsuit or trial; however, this does not preclude the parties from agreeing to any stipulations in future trials.

Opening statements and closing arguments will be 15 minutes per party. During closing argument only, Plaintiffs have the right to use up to 5 of their 15 minutes for rebuttal. Otherwise, the parties have no modifications to this paragraph.

**Selection of Single Issues/Claims.**

At this point, the parties do not anticipate that they will select single issues to be tried.

**Jury Charge and Deliberations.**

The parties will meet and confer on abbreviated jury instructions and verdict form. Any disputes about the wording of the instructions or the form will be submitted to the Court for resolution.

**Confidentiality.**

The parties have no modifications to this paragraph.

**Post SJT Verdict Discussions and Mediation.**

The parties have no modifications to this paragraph.

DONE AND SIGNED this 8th day of June, 2010,

HONORABLE KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE