UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                               MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

                                                        SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-2977

### ORDER AND REASONS

Before the Court is the Motion for Entry of Judgment (Rec. Doc. 13255), filed by Defendants Forest River, Inc. and Shaw Environmental, Inc. (collectively, "the defendants"). This motion is opposed. (See Rec. Doc. 13802). After considering the memoranda of the parties and the applicable law,

**IT IS ORDERED** that the **Motion for Entry of Judgment (Rec. Doc. 13255)** is **GRANTED IN PART and DENIED IN PART**. The motion is granted to the extent that the Court will issue a Judgment, by separate order, which is slightly different from the Judgment proposed by the defendants and which states as follows:

> Considering the record, the answers by the jury to the interrogatories propounded by the Court, and the law, for the reasons assigned;
>
> **IT IS ORDERED, ADJUDGED and DECREED** that there be judgment herein in favor of defendant, Forest River, Inc., and that any and all claims asserted by plaintiff, Lyndon Wright, against Forest River, Inc. be and hereby are *DISMISSED WITH PREJUDICE*, with taxable costs assessed in defendant's favor.
>
> **IT IS FURTHER ORDERED, ADJUDGED and DECREED** that there be judgment herein in favor of defendant, Shaw Environmental, Inc., and that any and all claims asserted by plaintiff, Lyndon Wright, against Shaw Environmental, Inc. be and hereby are *DISMISSED WITH PREJUDICE*, with taxable costs assessed in defendant's favor.

The Court concludes that, as the prevailing parties, the defendants are clearly entitled to costs, to be determined by the Clerk of Court at a later date. However, as the Court noted in its April 16, 2010 Order and Reasons (Rec. Doc. 13323), relative to the September 2009 bellwether trial:

> However, the Court recognizes that this was a bellwether trial, which by definition is designed to be illustrative of similar claims asserted in the MDL. Given this, the Court encourages Plaintiff's counsel to devise and pursue any and all appropriate alternatives to spread these costs amongst more individuals than only Ms. Alexander (i.e., amongst Plaintiff's counsel and/or other claimants). Indeed, Ms. Alexander should not be solely financially responsible for bringing her lawsuit to trial, the result of which was meant to provide information to many other claimants who, as a result of this trial, may not be burdened with incurring such costs, for whatever reason.

Based on this, the Court has modified the language in the Judgment to state that costs are owed, but not that costs are owed solely by Plaintiff Wright. Again, the Court encourages Plaintiff's counsel to devise and pursue any and all appropriate alternatives to spread these costs amongst more individuals than only Mr. Wright (i.e., amongst Plaintiff's counsel and/or other claimants).

Last as for Plaintiff's arguments in his opposition relative to which costs are taxable, and to what extent (See Sections I and II of Rec. Doc. 13802), such arguments may be made to the Clerk of Court.

New Orleans, Louisiana, this 10th day of June, 2010.

                                                                                         _____
                                                                                         **KURT D. ENGELHARDT**
                                                                                         **UNITED STATES DISTRICT JUDGE**