UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | MAGISTRATE CHASEZ |

*Administrative Master Complaint, No. 07-1873*

---

**ANSWER AND AFFIRMATIVE DEFENSES TO THIRD SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT (REC. DOC. 4486) AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINT (REC. DOC. 7688)**

Morgan Buildings and Spas, Inc. (Morgan Buildings) and Morgan Building Systems, Inc.[1] (Morgan Systems) (collectively, Morgan), respond to the claims advanced in the Third Supplemental and Amended Administrative Master Complaint (Rec. Doc. 4486) and the Fourth Supplemental and Amended Administrative Master Complaint (Rec. Doc. 7688) by denying each and every allegation contained therein except those which may hereinafter be specifically admitted.

Morgan files this answer and affirmative defenses without waiver of the affirmative defenses set forth in its Preservation of Defenses (Rec. Doc. 3371) and the First Amended Preservation of Defenses (Rec. Doc. 6627). Morgan also files this answer and affirmative defenses without waiver of, and incorporating, the order granting Morgan's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) with respect to the Third and Fourth

---

[1] On January 19, 1994, Morgan Building Systems, Inc. merged with Morgan Buildings & Spas, Inc., with Morgan Buildings & Spas being the surviving company. Morgan Building Systems no longer exists.

Supplemental and Amended Administrative Master Complaints (Rec. Docs. 4486 and 7688) filed at Rec. Doc. 13256.

## AFFIRMATIVE DEFENSES

Morgan incorporates by reference as if fully set forth herein the affirmative defenses set forth in Morgan's Preservation of Defenses and First Supplemental and Amending Preservation of Defenses (Rec. Docs. 3371 and 6627). Morgan further reserves the right to supplement its affirmative defenses to assert additional defenses when and if in the course of its investigation, discovery or preparation for trial, such defenses become known, available or it becomes otherwise appropriate to assert such defenses.

**NOW ANSWERING** the Third Supplemental and Amended Administrative Master Complaint, Morgan responds to the specific allegations as follows:

## I.    INTRODUCTION

The allegations preceding paragraph 1 constitute introductory statements and do not require a response from Morgan.

### 1.

The allegations contained in paragraph 1 do not require a response from Morgan. To the extent a response is required, the allegations contained in paragraph 1 are denied as they pertain to Morgan.

### 2.

The allegations contained in paragraph 2 do not require a response from Morgan. To the extent a response is required, the court's order denying class certification, Rec. Doc. 1014, is the best evidence of its contents.

**3.**

The allegations contained in paragraph 3 constitute introductory statements and do not require a response from Morgan. To the extent a response is required, Morgan submits that the court's record regarding the filing of an administrative master complaint is the best evidence of its contents.

**4.**

The allegations contained in paragraph 4 do not require a response from Morgan. To the extent that a response is required, Morgan submits that Pretrial Order No. 36 (Rec. Doc. 1386) and the order dated August 19, 2009 (Rec. Doc. 2760) are the best evidence of their contents.

**5.**

The allegations contained in paragraph 5 assert legal conclusions and do not require a response from Morgan. To the extent a response is required, the allegations contained in paragraph 5 are denied for lack of sufficient information to justify a belief therein.

**6.**

The allegations contained in paragraph 6 assert legal conclusions and do not require a response from Morgan. To the extent a response is required, the allegations contained in paragraph 6 are denied for lack of sufficient information to justify a belief therein.

**7.**

The allegations contained in paragraph 7 assert legal conclusions and do not require a response from Morgan. To the extent a response is required, the allegations contained in paragraph 7 are denied for lack of sufficient information to justify a belief therein.

## II.    PARTIES

### 8.

The allegations contained in paragraph 8 assert legal conclusions and do not require a response from Morgan. To the extent a response is required, the allegations contained in paragraph 8 are denied for lack of sufficient information to justify a belief therein.

### 9.

The allegations contained in paragraph 9 assert legal conclusions and do not require a response from Morgan. To the extent a response is required, the allegations contained in paragraph 9 are denied for lack of sufficient information to justify a belief therein.

### 10. - 67.

Answering paragraphs 10 to 67, Morgan is not require to answer with regard to allegations about separate, unrelated entities. To the extent a response may be required, Morgan denies the allegations for lack of sufficient information to justify a belief therein.

### 68.

Responding to paragraph 68, Morgan Buildings admits that it is a corporate entity organized under the laws of the State of Nevada. Morgan Buildings denies that it is accurately characterized as a "manufacturing defendant"; denies that it conducts business in the States of Louisiana, Mississippi, Alabama, and Texas; and denies the allegations which state that it "manufactured and supplied FEMA trailer or housing units as defined below pursuant to contracts with FEMA for use in the States of Louisiana, Mississippi, Alabama, and Texas." Morgan Buildings further denies that it is a manufacturer under La. R.S. 9:2851, *et seq.* or is otherwise a manufacturer under Louisiana law. Morgan Buildings admits that it entered into a contract with the United States, through FEMA, through which it sold a specific and limited number of temporary housing units for those displaced by Hurricanes Katrina and Rita. Morgan

352407.1

Buildings denies that it is properly characterized as a "procurement defendant." Morgan Buildings denies the remaining allegations of paragraph 68 as written.

**69.**

Responding to paragraph 69, Morgan Systems admits that it was a corporate entity but denies that it was organized under the laws of the State of Illinois. Morgan Systems no longer exists as a separate entity; it merged into Morgan Buildings & Spas, Inc. on January 19, 1994. Morgan Systems denies that it is accurately characterized as a "manufacturing defendant"; denies that it conducts business in the States of Louisiana, Mississippi, Alabama, and Texas; and denies the allegations which state that it "manufactured and supplied FEMA trailer or housing units as defined below pursuant to contracts with FEMA for use in the States of Louisiana, Mississippi, Alabama, and Texas." Morgan Systems further denies that it is a manufacturer under La. R.S. 9:2851, *et seq.* or is otherwise a manufacturer under Louisiana law. Morgan Systems denies that it entered into a contract with the United States, through FEMA, through which it sold a specific and limited number of temporary housing units for those displaced by Hurricanes Katrina and Rita. Morgan Systems denies that it is properly characterized as a "procurement defendant." Morgan Systems denies the remaining allegations of paragraph 69 as written.

**70. - 102.**

Answering paragraphs 70 through 102, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, Morgan denies the allegations for lack of sufficient information to justify a belief therein.

**103.**

Answering paragraph 103, Morgan denies that it is accurately classified as a "manufacturing defendant." With regard to the allegations about separate, unrelated entities,

352407.1

Morgan is not required to answer. To the extent that a response may be required, Morgan denies the allegations for lack of sufficient information to justify a belief therein.

### 104. – 115.

Answering paragraphs 104 through 115, Morgan is not required to respond to allegations concerning separate, unrelated entities. Further, with regard to the allegations in paragraph 115, Morgan denies that it is properly classified as a "procurement defendant." To the extent that a response may be further required, Morgan denies the allegations set forth in paragraphs 104 through 115 for lack of sufficient information to justify a belief therein.

### III.    JURISDICTION AND VENUE

### 116.

The allegations of paragraph 116 are not directed to Morgan, and require no response.

### 117.

The allegations of paragraph 117, as they pertain to Morgan, are denied. The allegations of paragraph 117 as they pertain to other defendants are denied for lack of sufficient information to justify a belief therein.

### 118.

The allegations of paragraph 118 are denied for lack of sufficient information to justify a belief therein.

### 119.

The allegations of paragraph 119 are denied for lack of sufficient information to justify a belief therein.

### 120.

Responding to paragraph 120, Morgan is not required to respond to allegations concerning separate, and unrelated entities. To the extent a response is required, the allegations

352407.1

of paragraph 120 are denied for lack of sufficient information to justify a belief therein. With regard to the allegations of paragraph 120 as they pertain to Morgan, the allegations are denied.

**121.**

Answering paragraph 121, Morgan acknowledges that venue is proper is in the Eastern District of Louisiana pursuant to 28 U.S.C. §1391, but denies the remaining allegations of paragraph 121.

**122.**

Answering paragraph 122, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, Morgan denies the allegations for lack of sufficient information to justify a belief therein.

**123.**

Answering paragraph 123, Morgan acknowledges that venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. §1407 and asserts that the October 24, 2007 order issued by the United States Judicial Panel on Multi-District Litigation is the best evidence of its contents. The remaining allegations of paragraph 123 are denied as written.

## IV.    FACTS AND GENERAL ALLEGATIONS

**124.**

The allegations in paragraph 124 are denied for lack of sufficient information to justify a belief therein.

**125.**

The allegations in paragraph 125 are denied for lack of sufficient information to justify a belief therein.

352407.1

## 126.

The allegations in paragraph 126 are denied for lack of sufficient information to justify a belief therein.

## 127.

The allegations in paragraph 127 are denied for lack of sufficient information to justify a belief therein.

## 128.

The allegations in paragraph 128 are denied for lack of sufficient information to justify a belief therein.

## 129.

Answering paragraph 129, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 129 are denied for lack of sufficient information to justify a belief therein.   To the extent that paragraph 129 is directed to Morgan, the allegations are denied.

## 130.

Answering paragraph 130, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 130 are denied for lack of sufficient information to justify a belief therein.   To the extent that paragraph 130 is directed to Morgan, the allegations are denied.

## 131.

The allegations in paragraph 131 concerning housing units purchased by FEMA from someone other than Morgan are denied for lack of sufficient information to justify a belief

352407.1

therein. With regard to the allegations of paragraph 131 which are directed to Morgan, the allegations are denied.

### 132.

The allegations in paragraph 132 concerning housing units purchased by FEMA from someone other than Morgan are denied for lack of sufficient information to justify a belief therein. With regard to the allegations of paragraph 132 which are directed to Morgan, the allegations are denied.

### 133.

Answering paragraph 133, to the extent the allegations apply to Morgan, the allegations are denied. The remaining allegations contained in paragraph 133 are denied for lack of sufficient information to justify a belief therein.

### 134.

Answering paragraph 134, to the extent the allegations apply to Morgan, the allegations are denied. The remaining allegations contained in paragraph 134 are denied for lack of sufficient information to justify a belief therein.

### 135.

Answering paragraph 135, to the extent the allegations apply to Morgan, the allegations are denied. The remaining allegations contained in paragraph 135 are denied for lack of sufficient information to justify a belief therein.

### 136.

Answering paragraph 136, 24 C.F.R. §3280.309 is the best evidence of its contents. The remaining allegations of paragraph 136 are denied for lack of sufficient information to justify a belief therein.

352407.1

**137.**

The allegations of paragraph 137 are denied for lack of sufficient information to justify a belief therein.

**138.**

The allegations of paragraph 138 are denied for lack of sufficient information to justify a belief therein.

**139.**

Answering paragraph 139, 24 C.F.R. §3280.308 is the best evidence of its contents. The remaining allegations of paragraph 139 are denied for lack of sufficient information to justify a belief therein.

**140.**

Answering paragraph 140, 44 C.F.R. §206.110(e) and the referenced article by Union of Concerned Scientists, Citizens and Scientists for Environmental Solutions are the best evidence of their contents. The remaining allegations of paragraph 140 are denied for lack of sufficient information to justify a belief therein.

**141.**

To the extent the allegations contained in paragraph 141 apply to Morgan, the allegations are denied as written. The remaining allegations contained in paragraph 141 are denied for lack of sufficient information to justify a belief therein.

**142.**

Answering paragraph 142, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent an answer may be required, Morgan asserts that the cited provisions of the Stafford Act are the best evidence of its contents. The remaining

352407.1

allegations contained in paragraph 142 are denied for lack of sufficient information to justify a belief therein.

### 143.

To the extent the allegations contained in paragraph 143 are directed to Morgan, the allegations are denied.  The remaining allegations contained in paragraph 143 are denied for lack of sufficient information to justify a belief therein.

### 144.

To the extent the allegations contained in paragraph 144 are directed to Morgan, the allegations are denied as written.  The remaining allegations contained in paragraph 144 are denied for lack of sufficient information to justify a belief therein.

### 145.

To the extent the allegations contained in paragraph 145 are directed to Morgan, the allegations are denied as written.  The remaining allegations contained in paragraph 145 are denied for lack of sufficient information to justify a belief therein.

### 146.

To the extent the allegations contained in paragraph 146 are directed to Morgan, the allegations are denied as written.  The remaining allegations contained in paragraph 146 are denied for lack of sufficient information to justify a belief therein.

### 147.

To the extent the allegations contained in paragraph 147 are directed to Morgan, the allegations are denied as written.  The remaining allegations contained in paragraph 147 are denied for lack of sufficient information to justify a belief therein.

352407.1

**148.**

Answering paragraph 148, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 148 are denied for lack of sufficient information to justify a belief therein.

**149.**

Answering paragraph 149, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 149 are denied for lack of sufficient information to justify a belief therein.

**150.**

Answering paragraph 150, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 150 are denied for lack of sufficient information to justify a belief therein. To the extent the allegations of paragraph 150 are directed to Morgan, the allegations of paragraph 150 are denied.

**151.**

Answering paragraph 151, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 151 are denied for lack of sufficient information to justify a belief therein.

**152.**

Answering paragraph 152, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 152 are denied for lack of sufficient information to justify a belief therein.

352407.1

**153.**

Answering paragraph 153, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 153 are denied for lack of sufficient information to justify a belief therein.

**154.**

Answering paragraph 154, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 154 are denied for lack of sufficient information to justify a belief therein.

**155.**

Answering paragraph 155, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 155 are denied for lack of sufficient information to justify a belief therein.

**156.**

Answering paragraph 156, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 156 are denied for lack of sufficient information to justify a belief therein.

**157.**

Answering paragraph 157, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 157 are denied for lack of sufficient information to justify a belief therein.

**158.**

Answering paragraph 158, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 158 are denied for lack of sufficient information to justify a belief therein.

**159.**

Answering paragraph 159, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 159 are denied for lack of sufficient information to justify a belief therein.

**160.**

Answering paragraph 160, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 160 are denied for lack of sufficient information to justify a belief therein.

**161.**

Answering paragraph 161, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 161 are denied for lack of sufficient information to justify a belief therein.

**162.**

Answering paragraph 162, Morgan is not required to respond to allegations concerning separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 162 are denied for lack of sufficient information to justify a belief therein.

**163.**

Answering paragraph 163, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 163 are denied for lack of sufficient information to justify a belief therein.

**164.**

Answering paragraph 164, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 164 are denied for lack of sufficient information to justify a belief therein.

**165.**

Answering paragraph 165, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 165 are denied for lack of sufficient information to justify a belief therein.

**166.**

Answering paragraph 166, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 166 are denied for lack of sufficient information to justify a belief therein.

**167.**

Answering paragraph 167, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 167 are denied for lack of sufficient information to justify a belief therein.

**168.**

Answering paragraph 168, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 168 are denied for lack of sufficient information to justify a belief therein.

**169.**

Answering paragraph 169, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 169 are denied for lack of sufficient information to justify a belief therein.

**170.**

Answering paragraph 170, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 170 are denied for lack of sufficient information to justify a belief therein.

**171.**

Answering paragraph 171, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 171 are denied for lack of sufficient information to justify a belief therein.

**172.**

To the extent the allegations of paragraph 172 are directed to Morgan, the allegations are denied. The remaining allegations of paragraph 172 are denied for lack of sufficient information to justify a belief therein.

**173.**

Responding to the allegations of paragraph 173, the cited statement of R. David Paulison, Administrator, Federal Emergency Management Agency, Department of Homeland Security,

before the Committee on Oversight and Government Reform, U.S. House of Representatives, July 19, 2007, is the best evidence of its contents. Further, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 173 are denied for lack of sufficient information to justify a belief therein.

### 174.

Responding to the allegations of paragraph 174, Morgan is not required to respond to allegations concerning separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 174 are denied for lack of sufficient information to justify a belief therein.

### 175.

Responding to the allegations of paragraph 175, the Response of the U.S. Department of Labor, Occupational Safety and Health Administration to Freedom of Information Act Request submitted by a plaintiff herein on November 16, 2007, is the best evidence of its contents. Further, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 175 are denied for lack of sufficient information to justify a belief therein.

### 176.

Responding to the allegations of paragraph 176, the cited statement of Richard L. Skinner, Inspector General, U.S. Department of Homeland Security, before the Committee on Homeland Security and Governmental Affairs, U.S. Senate, February 13, 2006, is the best evidence of its contents. Further, Morgan is not required to respond to allegations directed to

352407.1

separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 176 are denied for lack of sufficient information to justify a belief therein.

### 177.

Answering paragraph 177, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 177 are denied for lack of sufficient information to justify a belief therein.

### 178.

Answering paragraph 178, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 178 are denied for lack of sufficient information to justify a belief therein.

### 179.

Answering paragraph 179, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 179 are denied for lack of sufficient information to justify a belief therein. Further responding, the cited article and referenced exhibits are the best evidence of their contents.

### 180.

Responding to the allegations of paragraph 180, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 180 are denied for lack of sufficient information to justify a belief therein.

### 181.

Responding to the allegations of paragraph 181, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the

352407.1

allegations of paragraph 181 are denied for lack of sufficient information to justify a belief therein.

## 182.

Answering paragraph 182, Morgan denies that each Named Plaintiff was "placed at risk in unsafe temporary housing." Further, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 182 are denied for lack of sufficient information to justify a belief therein.

## 183.

Answering paragraph 183, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 183 are denied for lack of sufficient information to justify a belief therein.

## 184. – 199.

Answering paragraphs 184 through 199, the referenced articles, exhibits, letters, transcripts, and other documents cited are the best evidence of their contents. Further, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraphs 184 through 199 are denied for lack of sufficient information to justify a belief therein.

## V.    CLAIMS ASSERTED AGAINST THE FEDERAL GOVERNMENT: ALL STATES

### COUNT 1:

### CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT

## 200.

Responding to the allegations of paragraph 200, Morgan incorporates the above responses as if fully set forth herein.

352407.1

**201. – 209.**

Responding to the allegations of paragraphs 201 through 209, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent a response may be required, Morgan denies that the Named Plaintiffs suffered or will continue to suffer harm and injuries entitling them to recover damages.  The remaining allegations of paragraphs 201 through 209 are denied for lack of sufficient information to justify a belief therein.

## VI.   CLAIMS ASSERTED AGAINST THE MANUFACTURING DEFENDANTS

**A.   LOUISIANA STATE-BASED CLAIMS**

### COUNT 2:

### CAUSE OF ACTION AGAINST THE MANUFACTURING DEFENDANTS UNDER LOUISIANA PRODUCTS LIABILITY ACT

**210. – 228.**

Responding to the allegations of paragraph 210 to 228, to the extent they attempt to state a cause of action for breach of express warranty under the Louisiana Products Liability Act, Morgan asserts that such cause of action was dismissed by the Court on April 12, 2010 (R. Doc. 13256).  Accordingly, Morgan is not required to respond to allegations of breach of express warranty under the Louisiana Products Liability Act.  Further answering the allegations of paragraphs 210 to 228, to the extent an answer may be required and without waiver of the Court's April 12, 2010 Order (R. Doc. 13256), Morgan states as follows:

**210.**

Responding to the allegations of paragraph 210, Morgan incorporates the above responses as if fully set forth herein.

352407.1

**211.**

Answering paragraph 211, Morgan is not required to respond to allegations directed to separate, unrelated entities. Moreover, the allegations of paragraph 211 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Louisiana law. To the extent a response may be required from Morgan, the allegations of paragraph 211 are denied.

**212.**

Answering paragraph 212, Morgan is not required to respond to allegations directed to separate, unrelated entities. Moreover, the allegations of paragraph 212 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Louisiana law. To the extent a response may be required from Morgan, the allegations of paragraph 212 are denied.

**213.**

Answering paragraph 213, Morgan is not required to respond to allegations directed to separate, unrelated entities. Moreover, the allegations of paragraph 213 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Louisiana law. To the extent a response may be required from Morgan, the allegations of paragraph 213 are denied.

**214.**

Answering paragraph 214, Morgan is not required to respond to allegations directed to separate, unrelated entities. Moreover, the allegations of paragraph 214 set forth legal conclusions for which no response is required. Morgan further denies that it is properly

352407.1

classified as a "manufacturing defendant" under Louisiana law.  To the extent a response may be required from Morgan, the allegations of paragraph 214 are denied.

### 215.

Answering paragraph 215, Morgan is not required to respond to allegations directed to separate, unrelated entities.  Moreover, the allegations of paragraph 215 set forth legal conclusions for which no response is required.  Morgan further denies that it is properly classified as a "manufacturing defendant" under Louisiana law.  To the extent a response may be required from Morgan, the allegations of paragraph 215 are denied.

### 216.

Answering paragraph 216, Morgan is not required to respond to allegations directed to separate, unrelated entities.  Moreover, the allegations of paragraph 216 set forth legal conclusions for which no response is required.  Morgan further denies that it is properly classified as a "manufacturing defendant" under Louisiana law.  To the extent a response may be required from Morgan, the allegations of paragraph 216 are denied.

### 217. – 228.

Answering paragraphs 217 through 228, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent a response may be required, the allegations of paragraphs 217 through 228 are denied for lack of sufficient information to justify a belief therein.

352407.1

**B.**   **MISSISSIPPI STATE-BASED CLAIMS**

## COUNT 3:

### STRICT PRODUCTS LIABILITY
### MS. CODE ANNOTATED §11-1-63

#### 229.

Responding to the allegations of paragraph 229, Morgan incorporates the above responses as if fully set forth herein.

#### 230.

Answering paragraph 230, Morgan is not required to respond to allegations directed to separate, unrelated entities. Moreover, the allegations of paragraph 230 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law. To the extent a response may be required from Morgan, the allegations of paragraph 230 are denied.

#### 231.

Answering paragraph 231, Morgan is not required to respond to allegations directed to separate, unrelated entities. Moreover, the allegations of paragraph 231 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law. To the extent a response may be required from Morgan, the allegations of paragraph 231 are denied.

#### 232.

Answering paragraph 232, Morgan is not required to respond to allegations directed to separate, unrelated entities. Moreover, the allegations of paragraph 232 set forth legal conclusions for which no response is required. Morgan further denies that it is properly

classified as a "manufacturing defendant" under Mississippi law.  To the extent a response may be required from Morgan, the allegations of paragraph 232 are denied.

### 233.

Answering paragraph 233, Morgan is not required to respond to allegations directed to separate, unrelated entities.   Moreover, the allegations of paragraph 233 set forth legal conclusions for which no response is required.   Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law.  To the extent a response may be required from Morgan, the allegations of paragraph 233 are denied.

### 234.

Responding to the allegations of paragraph 234, the allegations are denied for lack of sufficient information to justify a belief therein.

### 235.

Responding to the allegations of paragraph 235, the allegations are denied for lack of sufficient information to justify a belief therein.

### 236.

Responding to the allegations of paragraph 236, the allegations are denied for lack of sufficient information to justify a belief therein.

### 237.

Answering paragraph 237, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent a response may be required, the allegations of paragraph 237 are denied for lack of sufficient information to justify a belief therein.  To the extent the allegations are directed to Morgan, the allegations of paragraph 237 are denied.

352407.1

**238.**

Answering paragraph 238, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations contained in paragraph 238 are denied for lack of sufficient information to justify a belief therein. Further, to the extent the allegations contained in paragraph 238 are directed to Morgan, the allegations are denied. Morgan further denies that it is properly classified as a "manufacturing defendant."

**239.**

Answering paragraph 239, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations contained in paragraph 239 are denied for lack of sufficient information to justify a belief therein. Further, to the extent the allegations contained in paragraph 239 are directed to Morgan, the allegations are denied. Morgan further denies that it is properly classified as a "manufacturing defendant."

## PRODUCTS LIABILITY: FAILURE TO WARN

**240.**

Responding to the allegations of paragraph 240, Morgan incorporates the above responses as if fully set forth herein.

**241.**

Answering paragraph 241, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 241 are denied for lack of sufficient information. Moreover, the allegations of paragraph 241 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law. To the extent a response may be required from Morgan, the allegations of paragraph 241 are denied.

352407.1

## PRODUCTS LIABILITY:  BREACH OF EXPRESS WARRANTY

### 242.

Responding to the allegations of paragraph 242, Morgan incorporates the above responses as if fully set forth herein.

### 243.

Answering paragraph 243, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 243 are denied for lack of sufficient information.  Moreover, the allegations of paragraph 243 set forth legal conclusions for which no response is required.  Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law.  To the extent a response may be required from Morgan, the allegations of paragraph 243 are denied.

### COUNT 4:

## STRICT LIABILITY AND NEGLIGENCE

### 244.

Responding to the allegations of paragraph 244, Morgan incorporates the above responses as if fully set forth herein.

### 245.

Answering paragraph 245, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 245 are denied for lack of sufficient information.  Moreover, the allegations of paragraph 245 set forth legal conclusions for which no response is required.  Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law.  To the extent a response may be required from Morgan, the allegations of paragraph 245 are denied.

352407.1

**246.**

Answering paragraph 246, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 246 are denied for lack of sufficient information. Moreover, the allegations of paragraph 246 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law. To the extent a response may be required from Morgan, the allegations of paragraph 246 are denied.

**247.**

Answering paragraph 247, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 247 are denied for lack of sufficient information. Moreover, the allegations of paragraph 247 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Mississippi law. To the extent a response may be required from Morgan, the allegations of paragraph 247 are denied.

**C.    ALABAMA STATE-BASED CLAIMS**

**COUNT 5:**

**EXTENDED MANUFACTURER'S LIABILITY DOCTRINE**
**Code of Ala. § 6-5-521**

**PRODUCTS LIABILITY:  DEFECTIVE MANUFACTURING AND DESIGN**

**248.**

Responding to the allegations of paragraph 248, Morgan incorporates the above responses as if fully set forth herein.

352407.1

**249.**

Answering paragraph 249, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 249 are denied for lack of sufficient information. Moreover, the allegations of paragraph 249 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Alabama law. To the extent a response may be required from Morgan, the allegations of paragraph 249 are denied.

**250.**

Answering paragraph 250, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 250 are denied for lack of sufficient information. Moreover, the allegations of paragraph 250 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Alabama law. To the extent a response may be required from Morgan, the allegations of paragraph 250 are denied.

**251.**

Answering paragraph 251, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 251 are denied for lack of sufficient information. Moreover, the allegations of paragraph 251 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Alabama law. To the extent a response may be required from Morgan, the allegations of paragraph 251 are denied.

352407.1

**252.**

Answering paragraph 252, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 252 are denied for lack of sufficient information. Moreover, the allegations of paragraph 252 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Alabama law. To the extent a response may be required from Morgan, the allegations of paragraph 252 are denied.

**253.**

Answering paragraph 253, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 253 are denied for lack of sufficient information. Moreover, the allegations of paragraph 253 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Alabama law. To the extent a response may be required from Morgan, the allegations of paragraph 253 are denied.

**254.**

Responding to the allegations of paragraph 254, the allegations are denied for lack of sufficient information to justify a belief therein.

**255.**

Responding to the allegations of paragraph 255, the allegations are denied for lack of sufficient information to justify a belief therein.

**256.**

Responding to the allegations of paragraph 256, the allegations are denied for lack of sufficient information to justify a belief therein.

**257.**

Answering paragraph 257, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent a response may be required, the allegations of paragraph 257 are denied for lack of sufficient information to justify a belief therein. To the extent the allegations are directed to Morgan, the allegations of paragraph 257 are denied.

**258.**

Answering paragraph 258, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations contained in paragraph 258 are denied for lack of sufficient information to justify a belief therein. Further, to the extent the allegations contained in paragraph 258 are directed to Morgan, the allegations are denied. Morgan further denies that it is properly classified as a "manufacturing defendant."

**259.**

Answering paragraph 259, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations contained in paragraph 259 are denied for lack of sufficient information to justify a belief therein. Further, to the extent the allegations contained in paragraph 259 are directed to Morgan, the allegations are denied. Morgan further denies that it is properly classified as a "manufacturing defendant."

## PRODUCTS LIABILITY:  FAILURE TO WARN

**260.**

Responding to the allegations of paragraph 260, Morgan incorporates the above responses as if fully set forth herein.

352407.1

**261.**

Answering paragraph 261, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 261 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 261 set forth legal conclusions for which no response is required.   Morgan further denies that it is properly classified as a "manufacturing defendant" under Alabama law.  To the extent a response may be required from Morgan, the allegations of paragraph 261 are denied.

## PRODUCTS LIABILITY:  BREACH OF EXPRESS AND IMPLIED WARRANTY OF MERCHANTABILITY

**262.**

Responding to the allegations of paragraph 262, Morgan incorporates the above responses as if fully set forth herein.

**263.**

Answering paragraph 263, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 263 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 263 set forth legal conclusions for which no response is required.   Morgan further denies that it is properly classified as a "manufacturing defendant" under Alabama law.  To the extent a response may be required from Morgan, the allegations of paragraph 263 are denied.

**D.     TEXAS STATE-BASED CLAIMS**

**COUNT 6:**

**CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS UNDER
TEXAS PRODUCTS LIABILITY LAW**

**264. – 286.**

Responding to the allegations of paragraph 264 to 286, to the extent they attempt to state a cause of action Morgan under Texas law, Morgan asserts that such causes of action have been dismissed by the Court on April 12, 2010 (R. Doc. 13256). Accordingly, Morgan is not required to respond to claims under Texas law. Further answering the allegations of paragraphs 264 to 286, to the extent an answer may be required and without waiver of the Court's April 12, 2010 Order (R. Doc. 13256), Morgan states as follows:

**264.**

Responding to the allegations of paragraph 264, Morgan incorporates the above responses as if fully set forth herein.

**265.**

Answering paragraph 265, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 265 are denied for lack of sufficient information. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 265 are denied.

**266.**

Answering paragraph 266, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of

352407.1

paragraph 266 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 266 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 266 are denied.

### 267.

Answering paragraph 267, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 267 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 267 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 267 are denied. Morgan further denies that the Named Plaintiffs suffered damages.

### 268.

Answering paragraph 268, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 268 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 268 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 268 are denied.

352407.1

**269.**

Answering paragraph 269, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 269 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 269 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 269 are denied.

**270.**

Answering paragraph 270, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 270 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 270 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 270 are denied.

**271.**

Answering paragraph 271, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 271 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 271 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas

law. To the extent a response may be required from Morgan, the allegations of paragraph 271 are denied.

## 272.

Answering paragraph 272, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 272 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 272 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 272 are denied. Further, Morgan denies that the Named Plaintiffs suffered damages as alleged.

## 273.

Answering paragraph 273, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 273 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 273 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 273 are denied.

## 274.

Answering paragraph 274, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 274 are denied for lack of sufficient information to justify a belief therein. Moreover, the allegations of paragraph 274 set forth legal conclusions for which no response is required.

Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 274 are denied.

## COUNT 7:

## CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR NEGLIGENCE

### 275.

Responding to the allegations of paragraph 275, Morgan incorporates the above responses as if fully set forth herein.

### 276.

Answering paragraph 276, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer is required, the allegations of paragraph 276 are denied for lack of sufficient information. Moreover, the allegations of paragraph 276 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 276 are denied.

### 277.

Answering paragraph 277, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer is required, the allegations of paragraph 277 are denied for lack of sufficient information. Moreover, the allegations of paragraph 277 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 277 are denied.

352407.1

**278.**

Answering paragraph 278, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer is required, the allegations of paragraph 278 are denied for lack of sufficient information. Moreover, the allegations of paragraph 278 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 278 are denied.

**279.**

Answering paragraph 279, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer is required, the allegations of paragraph 279 are denied for lack of sufficient information. Moreover, the allegations of paragraph 279 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 279 are denied.

**280.**

Answering paragraph 280, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer is required, the allegations of paragraph 280 are denied for lack of sufficient information. Moreover, the allegations of paragraph 280 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 280 are denied.

## COUNT 8:

## CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR BREACH OF IMPLIED WARRANTY

### 281.

Responding to the allegations of paragraph 281, Morgan incorporates the above responses as if fully set forth herein.

### 282.

Answering paragraph 282, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 282 are denied for lack of sufficient information. Moreover, the allegations of paragraph 282 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 282 are denied.

### 283.

Answering paragraph 283, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 283 are denied for lack of sufficient information. Moreover, the allegations of paragraph 283 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 283 are denied.

### 284.

Answering paragraph 284, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of

352407.1

paragraph 284 are denied for lack of sufficient information. Moreover, the allegations of paragraph 284 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 284 are denied.

**285.**

The allegations of paragraph 285 are denied for lack of sufficient information to justify a belief therein.

**286.**

Answering paragraph 286, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 286 are denied for lack of sufficient information. Moreover, the allegations of paragraph 286 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant" under Texas law. To the extent a response may be required from Morgan, the allegations of paragraph 286 are denied.

**COUNT 9:**

**CAUSE OF ACTION AGAINST MANUFACTURING DEFENDANTS FOR BREACH OF IMPLIED WARRANTIES UNDER THE UCC AND COMMON LAW AND EXPRESS WARRANTIES: ALL STATES**

**287. – 292.**

Responding to the allegations of paragraph 287 to 292, to the extent they attempt to state a cause of action Morgan under Texas law and/or state a cause of action for breach of express warranty under the Louisiana Products Liability Act, Morgan asserts that such causes of action have been dismissed by the Court on April 12, 2010 (R. Doc. 13256). Accordingly, Morgan is not required to answer concerning claims under Texas law or for breach of express warranty

352407.1

under the Louisiana Products Liability Act.  Further answering the allegations of paragraphs 287 to 292,  to the extent an answer may be required and without waiver of the Court's April 12, 2010 Order (R. Doc. 13256), Morgan states as follows:

### 287.

Responding to the allegations of paragraph 287, Morgan incorporates the above responses as if fully set forth herein.

### 288.

Answering paragraph 288, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 288 are denied for lack of sufficient information.  Moreover, the allegations of paragraph 288 set forth legal conclusions for which no response is required.  Morgan further denies that it is properly classified as a "manufacturing defendant."  To the extent a response may be required from Morgan, the allegations of paragraph 288 are denied.

### 289.

Answering paragraph 289, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 289 are denied for lack of sufficient information.  Moreover, the allegations of paragraph 289 set forth legal conclusions for which no response is required.  Morgan further denies that it is properly classified as a "manufacturing defendant."  To the extent a response may be required from Morgan, the allegations of paragraph 289 are denied except to admit that Morgan sold a select and specific number of housing units to FEMA.

352407.1

**290.**

Answering paragraph 290, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 290 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 290 set forth legal conclusions for which no response is required.   Morgan further denies that it is properly classified as a "manufacturing defendant."   To the extent a response may be required from Morgan, the allegations of paragraph 290 are denied.

**291.**

Answering paragraph 291, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 291 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 291 set forth legal conclusions for which no response is required.   Morgan further denies that it is properly classified as a "manufacturing defendant."   To the extent a response may be required from Morgan, the allegations of paragraph 291 are denied.

**292.**

Answering paragraph 292, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 292 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 292 set forth legal conclusions for which no response is required.   Morgan further denies that it is properly classified as a "manufacturing defendant."   To the extent a response may be required from Morgan, the allegations of paragraph 292 are denied.

## VII.   CLAIMS ASSERTED AGAINST THE NO-BID CONTRACTOR DEFENDANTS

### A.   LOUISIANA STATE-BASED CLAIMS

### COUNT 10:

### CAUSE OF ACTION AGAINST THE
### NO-BID DEFENDANTS UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

#### 293.

Responding to the allegations of paragraph 293, Morgan incorporates the above responses as if fully set forth herein.

#### 294. – 299.

Answering paragraphs 294 through 299, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraphs 294 through 299 are denied for lack of sufficient information. Moreover, the allegations of paragraphs 294 through 299 set forth legal conclusions for which no response is required. Morgan further denies that it is properly classified as a "manufacturing defendant." To the extent a response may be required from Morgan, the allegations of paragraphs 294 through 299 are denied.

### COUNT 11:

### NEGLIGENCE OF NO-BID DEFENDANTS UNDER LOUISIANA LAW

#### 298 [second].

Responding to the allegations of paragraph 298 [second], Morgan incorporates the above responses as if fully set forth herein.

### 299 [second] and 300. – 304.

Answering paragraph 299 [second] and paragraphs 300 through 304, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 299 [second] and paragraphs 300 through 304 are denied for lack of sufficient information. To the extent the allegations of paragraph 299 [second] and paragraphs 300 through 304 are directed to Morgan, the allegations are denied.

B.  **MISSISSIPPI STATE-BASED CLAIMS**

### COUNT 12:

### NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER MISSISSIPPI LAW

### 305.

Responding to the allegations of paragraph 305, Morgan incorporates the above responses as if fully set forth herein.

### 306. – 311.

Answering paragraphs 306 through 311, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraphs 306 through 311 are denied for lack of sufficient information. Moreover, the allegations of paragraph 306 through 311 set forth legal conclusions for which no response is required. To the extent the allegations of paragraphs 306 through 311 are directed to Morgan, the allegations are denied.

352407.1

## COUNT 13:

## STRICT PRODUCTS LIABILITY
## MS CODE ANNOTATED § 11-1-63

### 312.

Responding to the allegations of paragraph 312, Morgan incorporates the above responses as if fully set forth herein.

### 313. – 322.

Answering paragraphs 313 through 322, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraphs 313 through 322 are denied for lack of sufficient information. Moreover, the allegations of paragraphs 313 through 322 set forth legal conclusions for which no response is required. To the extent the allegations of paragraphs 313 through 322 are directed to Morgan, the allegations are denied.

## COUNT 14:

## FAILURE TO WARN

### 323.

Responding to the allegations of paragraph 323, Morgan incorporates the above responses as if fully set forth herein.

### 324. – 326.

Answering paragraphs 324 through 326, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraphs 324 through 326 are denied for lack of sufficient information. Moreover, the allegations of paragraphs 324 through 326 set forth legal conclusions for which no response is

352407.1

required.  To the extent the allegations of paragraphs 324 through 326 are directed to Morgan, the allegations are denied.

**COUNT 15:**

**<u>BREACH OF IMPLIED WARRANTY</u>**

**327.**

Responding to the allegations of paragraph 327, Morgan incorporates the above responses as if fully set forth herein.

**328.**

Answering paragraph 328, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 328 are denied for lack of sufficient information.  Moreover, the allegations of paragraph 328 set forth legal conclusions for which no response is required.  To the extent the allegations of paragraph 328 are directed to Morgan, the allegations are denied.

**C.**    **<u>ALABAMA STATE-BASED CLAIMS</u>**

**COUNT 16:**

**<u>NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER ALABAMA LAW</u>**

**329.**

Responding to the allegations of paragraph 329, Morgan incorporates the above responses as if fully set forth herein.

**330. – 335.**

Answering paragraphs 330 through 335, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraphs 330 through 335 are denied for lack of sufficient information.  Moreover, the allegations of paragraphs 330 through 335 set forth legal conclusions for which no response is

352407.1

required.  To the extent the allegations of paragraphs 330 through 335 are directed to Morgan, the allegations are denied.

**D.**     **TEXAS STATE-BASED CLAIMS**

### COUNT 17:

### NEGLIGENCE OF NO-BID CONTRACTOR DEFENDANTS UNDER TEXAS LAW

### 336.

Responding to the allegations of paragraph 336, Morgan incorporates the above responses as if fully set forth herein.

### 337. – 342.

Answering paragraphs 337 through 342, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraphs 337 through 342 are denied for lack of sufficient information.  Moreover, the allegations of paragraphs 337 through 342 set forth legal conclusions for which no response is required.  To the extent the allegations of paragraphs 337 through 342 are directed to Morgan, the allegations are denied.

**VIII.**     **VIII. CLAIMS ASSERTED AGAINST THE PROCUREMENT DEFENDANTS:**
**ALL STATES**

### COUNT 18:

### NEGLIGENCE OF PROCUREMENT DEFENDANTS

### 343. – 352.

Responding to the allegations of paragraphs 343 to 352, to the extent they attempt to state a cause of action Morgan under Texas law, Morgan asserts that such causes of action have been dismissed by the Court on April 12, 2010 (R. Doc. 13256).  Accordingly, Morgan is not required to respond to claims under Texas law.  Further answering the allegations of paragraphs 343 to

352, to the extent an answer may be required and without waiver of the Court's April 12, 2010 Order (R. Doc. 13256), Morgan states as follows:

**343.**

Responding to the allegations of paragraph 343, Morgan incorporates the responses as if fully set forth herein.

**344.**

Answering paragraph 344, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 344 are denied for lack of sufficient information.  To the extent the allegations of paragraph 344 are directed to Morgan, the allegations are denied.

**345.**

Answering paragraph 345, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 345 are denied for lack of sufficient information.  To the extent the allegations of paragraph 345 are directed to Morgan, the allegations are denied.

**346.**

Answering paragraph 346, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of paragraph 346 are denied for lack of sufficient information.  To the extent the allegations of paragraph 346 are directed to Morgan, the allegations are denied.

**347.**

Answering paragraph 347, Morgan is not required to respond to allegations directed to separate, unrelated entities.  To the extent an answer may be required, the allegations of

paragraph 347 are denied for lack of sufficient information.   To the extent the allegations of paragraph 347 are directed to Morgan, the allegations are denied.

### 348.

Answering paragraph 348, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 348 are denied for lack of sufficient information.   To the extent the allegations of paragraph 348 are directed to Morgan, the allegations are denied.

### 349.

Answering paragraph 349, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 349 are denied for lack of sufficient information.   To the extent the allegations of paragraph 349 are directed to Morgan, the allegations are denied.

### 350.

Answering paragraph 350, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 350 are denied for lack of sufficient information.   To the extent the allegations of paragraph 350 are directed to Morgan, the allegations are denied.

### 351.

Answering paragraph 351, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 351 are denied for lack of sufficient information.   To the extent the allegations of paragraph 351 are directed to Morgan, the allegations are denied.

352407.1

**352.**

Answering paragraph 352, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 352 are denied for lack of sufficient information. To the extent the allegations of paragraph 352 are directed to Morgan, the allegations are denied.

## IX.    DAMAGES ASSERTED

A.   **DAMAGES FOR LOUISIANA STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

**353. – 354.**

Responding to the allegations of paragraphs 353 to 354, to the extent they attempt to allege damages for breach of express warranty under the Louisiana Products Liability Act, Morgan asserts that such causes of action have been dismissed by the Court on April 12, 2010 (R. Doc. 13256). Accordingly, Morgan is not required to respond to claims for beach of express warranty under the Louisiana Products Liability Act. Further answering the allegations of paragraphs 353 to 354, to the extent an answer may be required and without waiver of the Court's April 12, 2010 Order (R. Doc. 13256), Morgan states as follows:

**353.**

Answering paragraph 353, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 353 are denied for lack of sufficient information. Moreover, the allegations of paragraph 353 set forth legal conclusions for which no response is required. To the extent the allegations of paragraph 353 are directed to Morgan, the allegations are denied.

352407.1

**354.**

Answering paragraph 354, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 354 are denied for lack of sufficient information. Moreover, the allegations of paragraph 354 set forth legal conclusions for which no response is required. To the extent the allegations of paragraph 354 are directed to Morgan, the allegations are denied.

**B.    DAMAGES FOR MISSISSIPPI STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

**355.**

Answering paragraph 355, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 355 are denied for lack of sufficient information. Moreover, the allegations of paragraph 355 set forth legal conclusions for which no response is required. To the extent the allegations of paragraph 355 are directed to Morgan, the allegations are denied.

**356.**

Answering paragraph 356, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 356 are denied for lack of sufficient information. Moreover, the allegations of paragraph 356 set forth legal conclusions for which no response is required. To the extent the allegations of paragraph 356 are directed to Morgan, the allegations are denied.

**PUNITIVE/EXEMPLARY DAMAGES**

**357.**

Answering paragraph 357, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of

352407.1

paragraph 357 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 357 set forth legal conclusions for which no response is required.   To the extent the allegations of paragraph 357 are directed to Morgan, the allegations are denied.

C.    **DAMAGES FOR ALABAMA STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

**358.**

Answering paragraph 358, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 358 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 358 set forth legal conclusions for which no response is required.   To the extent the allegations of paragraph 358 are directed to Morgan, the allegations are denied.

**359.**

Answering paragraph 359, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 359 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 359 set forth legal conclusions for which no response is required.   To the extent the allegations of paragraph 359 are directed to Morgan, the allegations are denied.

**CODE OF ALABAMA § 6-11-23 PUNITIVE/EXEMPLARY DAMAGES**

**360.**

Answering paragraph 360, Morgan is not required to respond to allegations directed to separate, unrelated entities.   To the extent an answer may be required, the allegations of paragraph 360 are denied for lack of sufficient information.   Moreover, the allegations of paragraph 360 set forth legal conclusions for which no response is required.   To the extent the allegations of paragraph 360 are directed to Morgan, the allegations are denied.

352407.1

**D.** **DAMAGES FOR TEXAS STATE-BASED CLAIMS**

**COMPENSATORY DAMAGES**

**361. – 363.**

Responding to the allegations of paragraphs 361 to 363, to the extent they attempt to assert damages under Texas law, Morgan asserts that such causes of action have been dismissed by the Court on April 12, 2010 (R. Doc. 13256). Accordingly, Morgan is not required to respond to claims under Texas law. Further answering the allegations of paragraphs 361 to 363, to the extent an answer may be required and without waiver of the Court's April 12, 2010 Order (R. Doc. 13256), Morgan states as follows:

**361.**

Answering paragraph 361, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 361 are denied for lack of sufficient information. Moreover, the allegations of paragraph 361 set forth legal conclusions for which no response is required. To the extent the allegations of paragraph 361 are directed to Morgan, the allegations are denied.

**362.**

Answering paragraph 362, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 362 are denied for lack of sufficient information. Moreover, the allegations of paragraph 362 set forth legal conclusions for which no response is required. To the extent the allegations of paragraph 362 are directed to Morgan, the allegations are denied.

## PUNITIVE DAMAGES

### 363.

Answering paragraph 363, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraph 363 are denied for lack of sufficient information. Moreover, the allegations of paragraph 363 set forth legal conclusions for which no response is required. To the extent the allegations of paragraph 363 are directed to Morgan, the allegations are denied.

## REQUEST FOR JURY TRIAL

Morgan is not required to respond to the unnumbered paragraph entitled "Request for Jury Trial."

## PRAYER FOR RELIEF

Answering the "Wherefore" paragraph, plaintiffs' prayer for relief, Morgan denies that plaintiffs are entitled to any of the relief requested.

**NOW ANSWERING** the Fourth Supplemental and Amended Administrative Master Complaint, Morgan responds to the specific allegations as follows:

## AFFIRMATIVE DEFENSES

Morgan incorporates by reference as if fully set forth herein the affirmative defenses set forth in Morgan's Preservation of Defenses and First Supplemental and Amending Preservation of Defenses (Rec. Docs. 3371 and 6627). Morgan further reserves the right to supplement its affirmative defenses to assert additional defenses when and if in the course of its investigation, discovery or preparation for trial, such defenses become known, available or it becomes otherwise appropriate to assert such defenses.

**1. – 5.**

Answering paragraphs 1 through 5 of the Fourth Supplemental and Amended Administrative Master Complaint, Morgan is not required to respond to allegations directed to separate, unrelated entities. To the extent an answer may be required, the allegations of paragraphs 1 through 5 are denied for lack of sufficient information. To the extent an answer may be required from Morgan, the allegations of paragraphs 1 through 5 are denied.

## PRAYER FOR RELIEF

Answering the final "Wherefore" paragraph, plaintiffs' prayer for relief, Morgan denies plaintiffs are entitled to any of the relief requested.

**WHEREFORE**, defendants, Morgan Building & Spas, Inc. and Morgan Building Systems, Inc., pray that this answer be deemed good and sufficient and that, after due proceedings, there be judgment in favor of Morgan dismissing all of the plaintiffs' claims with prejudice, and awarding Morgan its costs and attorneys' fees, and other just, proper, and equitable relief to which Morgan may be entitled.

Respectfully submitted:

**McGlinchey Stafford, PLLC**

s/Christine Lipsey
Christine Lipsey (LA Bar Roll # 1182), T.A.
Dan E. West (LA Bar Roll #13372)
Amanda S. Stout (LA Bar Roll #29001)
One American Place, 14th Floor
Baton Rouge, LA 70825
Telephone: (225) 383-9000
clipsey@mcglinchey.com
dwest@mcglinchey.com
astout@mcglinchey.com

***Attorneys for Morgan Buildings & Spas, Inc. and
Morgan Building Systems, Inc.***

352407.1

## CERTIFICATE OF SERVICE

I certify that on June 17, 2010, this pleading was electronically filed with the Court via the CM/ECF system. I further certify that I electronically mailed this pleading to Gerald E. Meunier and Justin I. Woods, Plaintiffs' Co-Liaison Counsel; Andrew D. Weinstock, Liaison Counsel for all Non-Governmental Defendants; David Kurtz, Installer Construction Liaison Counsel; Ralph Hubbard, Insurance Liaison Counsel; and Henry Miller, Counsel for the United States.

*s/Christine Lipsey*
Christine Lipsey

352407.1