UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                    *   MDL NO. 1873
        FORMALDEHYDE PRODUCTS           *
        LIABILITY LITIGATION            *   SECTION "N" (5)
                                        *
                                        *   JUDGE ENGELHARDT
                                        *   MAGISTRATE CHASEZ
THIS DOCUMENT IS RELATED TO             *
                                        *
*Lyndon T. Wright v. Forest River, Inc, et al.*   *
Docket No. 09-2977                      *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO UNITED STATES OF AMERICA'S
MOTION FOR REVIEW OF TAXATION OF COSTS**

Plaintiff Lyndon T. Wright, by and through the undersigned Counsel, responds in opposition to the United States of America's Motion for Review of Taxation of Costs (Doc. 14319) and in support would show as follows:

**I.
INTRODUCTION**

On May 26, 2010, the Clerk of the Court entered a Bill of Costs against Plaintiff Lyndon Wright[1] and in favor of Defendant United States of America (the "United States") for an amount $24,395.20 (Doc. 14271).  United States now moves for review of the Clerk's award and requests an additional award of $130,072.95 for Defendant's expert witness costs associated with defending Plaintiff's mold claims.[2]  The United States specifically seeks an award that covers all costs and fees for Defendant's toxicologist, Dr. Bruce Kelman.  This not a new request – United States sought all costs associated with Dr. Kelman in its Motion for an Award of Tax Costs and

---

[1] The Bill of Costs mistakenly states that costs are to be taxed against *defendant,* Lyndon Wright.

[2] United States also requests affirmation of the Clerk's award of $24,395.20 against Lyndon Wright for a total cost award of $154,468.15.

1

the parties discussed these costs at length in the related briefings (Docs. 11936, 12963, and 13098).

In response to the pending motion for review, Plaintiff incorporates herein by reference Plaintiff's Opposition to The United States of America's Motion for An Award of Costs (Doc. 12963) and Declaration of Lyndon T. Wright (Doc. 12963-1). As discussed below, the United States' Motion for Review should be denied because (a) United States may not be classified as a "prevailing party" with respect to Plaintiff's mold claim, (b) balancing factors weigh against an assessment of additional costs, (c) United States' request for costs exceed those allowable under 28 U.S.C. §§ 1821 and 1920, and (d) United States has failed to show that an award for excess costs is warranted or that an award under 28 U.S.C. § 1927 is appropriate. For these reasons, Plaintiff respectfully requests that the Court deny United States' Motion for Review of Taxation of Costs. In the event this Court awards additional costs to the United States, Plaintiff submits that such costs should be apportioned among all claimants in the MDL.

## II.
## ARGUMENT AND AUTHORITIES

A.  The United States may not be a *Prevailing Party* Entitled to an Award of Costs under Rule 54.

Rule 54(d)(1) of the Federal Rules Civil Procedure states that "costs other than attorneys' fees shall be allowed as of course to the *prevailing party* unless the court otherwise directs." Fed. R. Civ. P. 54(d) (emphasis added). Although this rule "creates a presumption in favor of awarding costs," it "allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir.2001), *quoting White & White, Inc. v. American Hospital Supply Corp.*, 786 F.32d 728, 730 (6th Cir. 1986).

2

The Fifth Circuit has yet to decide whether a defendant is a prevailing party for purposes of Rule 54(d) when the district court dismisses the case against him with or without prejudice or when a Plaintiff voluntarily dismisses a claim. *Dupree v. 1461 Port Arthur*, 2005 U.S. Dist. LEXIS 8048 (E.D. La. Apr. 25, 2005); *see Herman v. Pronto Courier Serv.*, 1999 WL 325493, at *1 (N.D. Tex. May 10, 1999) (noting same). When a district court dismisses a case on purely procedural grounds, however, the defendant is **not** a prevailing party for the purposes of Rule 54. *See, e.g. Lichtenheld v. Juniper Features, Ltd.,* 1996 WL 685443 at *2 (N.D.Ill. November 21, 1996) (lack of personal jurisdiction); *Kerner v. Cult Awareness Network, Washington, D.C.,* 843 F.Supp. 748, 749-50 (D.D.C.1994) (failure to properly serve defendants).

In the instant case, the United States was dismissed from this case for lack of subject matter jurisdiction. (Doc. 10493). Subject matter jurisdiction involves both procedural and substantive legal issues. Since Fifth Circuit jurisprudence does not clearly define when a defendant is considered a "prevailing party" and the United States was dismissed on jurisdictional grounds, this case does not neatly fit within the contours of Rule 54(d)(1). Plaintiff submits that the United States should not be classified as a "prevailing party" and should not be awarded any additional costs related to this litigation. Furthermore, dismissal of the United States on jurisdictional grounds begs the questions whether the United States has standing to file a request for costs.

B.  Factors Weigh Against The United States' Request for Additional Costs and Review of Bill of Costs.

Even if the United States were considered a "prevailing party," there are many factors the Court must consider in determining whether to award costs. Few cases in the Fifth Circuit address whether costs should be denied to a prevailing party. But in other circuits, "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party." 10

C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2668, at p. 234 (1998). Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.*; *see also Singleton,* 214 F.3d at 539. Many courts in other jurisdictions also deny costs if "the losing party prosecuted the action in good faith." Wright, Miller & Kane § 2668, at 238. Any of these factors, if present, may warrant the denial of a motion by the prevailing party to tax costs. *Singleton,* 214 F.3d at 539.

The most dominant factors this Court must consider are Plaintiff Lyndon Wright's limited financial resources, the complexity of legal issues presented in this case, the substantial benefit conferred to the public, and the Defendants' enormous financial resources. As discussed in Plaintiff's Response to the United States' initial Motion for an Award of Costs, Mr. Wright does not have the financial resources to pay the full measure of a six-digit Bill of Costs. (Docs. 12963, pp. 11-12 and 12963-1). Due to the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear all of Dr. Kelman's expert costs. Additionally, this case is a complex and "extraordinary" case with widespread implications, especially given that Plaintiff is one of over one-hundred-thousand people who resided in FEMA trailers in Louisiana, Mississippi, Alabama and Texas as a result of Hurricanes Katrina and Rita. *See Association of Mexican-American Educators*, 231 F.3d at 593; S*tanley v. University of So. Calif.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999). To award costs against Mr. Wright would have the chilling effect of discouraging future bellwether plaintiffs in this litigation and future cases. *See, e.g., Association of Mexican-American Educators*, 231 F.3d at 593. Finally, Defendants, including the United States, appear to have vast financial resources devoted to this litigation

given their willingness to litigate numerous "bellwether trials" and hire expensive experts in their defense. For these reasons, it would be inequitable and unjust to award further costs against Mr. Wright.

C.      Dr. Kelman's Fees are Not Recoverable.

The United States seeks additional costs of $130,072.95 to be taxed against Plaintiff for the expenses and fees of Dr. Bruce Kelman. These costs include the Dr. Kelman's time reviewing documents, researching, summarizing documents, making consultations, developing and finalizing his expert report, preparing for deposition, copy costs, office supplies, postage, document retrieval costs, technical support costs, and travel costs. (Kelman invoices, Doc. 11936-5).

Pursuant to Rule 54(d)(1), the types of costs awardable to a prevailing party are limited to those enumerated in 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1); *Crawford Fitting Co., v. J.T. Gibbons, Inc*. 482U.S. 437, 441-442 (1987). The express language of Section 1920 permits recovery of expert witness compensation only when expert witness is court-appointed. 28 U.S.C. § 1920 (6); *Tyler v. Union Oil Co*., 304 F.3d 379, 405, n. 16 (5th Cir. 2002). Notably, Section 1920 does not list what type of "compensation" is taxable for court-appointed experts. Further, the recovery of expert witness compensation is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995). Section 1821 provides that "a witness shall be paid an attendance fee of $40.00 per day for each day's attendance." 28 U.S.C. § 1821. While this provision also applies to expert witnesses, it has been the standard practice in this litigation for the opposing parties to pay an opposing expert's deposition "sitting" fee. Upon information and belief, Dr. Kelman has been paid a "sitting" fee for his deposition on December 15, 2009. If not, the PSC

will do so.

Costs not expressly listed in Section 1920 may not be taxed against a party unless they are specifically authorized by some other statute or by contract. *Id.; see also Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d. 877, 891 (5th Cir.1993) ("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list"). The costs sought by United States for its expert witness, Dr. Kelman, are not authorized under Section 1920 or any other applicable statute. Specifically, Dr. Kelman was not appointed by the Court. Further, some of the costs included in Dr. Kelman's invoices are not listed as taxable under Sections 1821 and 1920. Therefore, the United States is not entitled to recover for Dr. Kelman's expert fees and costs.

D. United States' Request for Excess Costs Are Meritless and Unsupported.

In limited circumstances, a court may award costs in excess of what is allowed under Section 1920. Such circumstances include when a party acts in willful disobedience of a court order; or when a party had acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *U.S. for use of Wallace v. Flintco Inc.*, 143 F.3d 955, 972 (5th Cir. 1998), *citing International Woodworkers of Am. v. Champion Int'l Group*, F.2d 1174, 1175-76 (5th Cir. 1986) (en banc), *aff'd sub nom. Crawford*, 482 U.S. 473. Neither exception applies in this case.

There is no evidence that Plaintiff or his counsel ever disobeyed a court order, much less did so willfully. There is no evidence that Plaintiff or his counsel brought Plaintiff's claims against FEMA or his mold claim against Defendants in bad faith or for inappropriate reasons. And there is no evidence that Plaintiff's counsel acted with bad faith, improper motive or with reckless disregard to a duty owed to this Court. There were legitimate reasons to bring the mold

claim, as Plaintiff's trailer contained mold and his health problems were consistent with symptoms associated with exposure to mold.  The PSC used their best professional judgment and legal strategy to defend Mr. Wright in this case.   Simply because Plaintiff's mold claims were dismissed does not mean that the claims were brought in bad faith.  The lack of success on Mr. Wright's mold claims does not warrant an award of excess costs or sanctions against him.

Furthermore, there is no evidence for sanctions under 28 U.S.C. § 1927.  In order to support an award for sanctions under section 1927, a Court must find that that an attorney must engage in "unreasonable and vexatious" conduct that "multiplies the proceedings."  28 U.S.C. § 1927.   Plaintiffs have not abused the litigation process or violated any rules, making the United States' disguised claim for an award under Section 1927 baseless.  Defendants have presented no evidence to support the finding of "objective bad faith" by Plaintiff's Counsel.  The United States merely offers Counsel's subjective opinions regarding the merits of Plaintiff's claims and generally complain about the complexity of this multi-phased litigation.  Not overlooking the Court's instructions regarding burden of proof, Plaintiff's Counsel diligently pursued Mr. Wright's claims as expected of any reasonable attorney.   Mr. Wright should not be penalized with excessive costs outside those expressly stated in the applicable rules and statutes.

E.      Any Additional Costs Should be Apportioned Against All Claimants in the MDL

In the event this Court determines additional costs are appropriate, Plaintiff submits that such costs should be apportioned among all claimants in the MDL on a *pro rata* basis.  Because of the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear the costs of Dr. Kelman's expert fees. Mr. Wright was selected as a bellwether plaintiff to assist in the adjudication of over 90,000 plaintiffs participating in the FEMA Formaldehyde Products Liability Litigation, MDL No. 07-1873. As a representative of the

plaintiff population, Plaintiff received attention and resources from the Plaintiffs' Steering Committee for the purpose of benefiting all plaintiffs and with the intention of utilizing the information gained for future trials.

Because of the representative nature of this matter, individually and as part of the MDL, it would be unfair to tax Mr. Wright for the tremendous expenses incurred on behalf of, and in the further interest to the entire plaintiff population of the MDL. Thus, Plaintiff respectfully requests that this Court refrain from assessing any costs against Plaintiff individually, and instead assess such costs against the plaintiff population.

## IV.
## CONCLUSION

WHEREFORE, Plaintiff Lyndon Wright respectfully requests that the Court decline United States' Motion for Review of Taxation of Costs. Plaintiff respectfully prays that this Court include express language in its judgment limiting any additional costs assessed to only those enumerated under 23 U.S.C. § 1920. Plaintiff further requests that should the Court choose to assess additional costs, such costs should be assessed against the plaintiff population as a whole.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE  
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier  
       GERALD E. MEUNIER, #9471  
       **PLAINTIFFS' CO-LIAISON COUNSEL**  
       Gainsburgh, Benjamin, David, Meunier &  
       Warshauer, L.L.C.  
       2800 Energy Centre, 1100 Poydras Street  
       New Orleans, Louisiana 70163  
       Telephone:    504/522-2304  
       Facsimile:    504/528-9973  
       gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

>                              s/Gerald E. Meunier
>                              GERALD E. MEUNIER, #9471