UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO | * | MAG. JUDGE CHASEZ |
| *EARLINE CASTANEL, ET AL* | * | |
| *v. RECREATION BY DESIGN, LLC* | * | |
| *ET AL*, DOCKET NO. 09-3251 | * | |

**************************************************************************

**RECREATION BY DESIGN, LLC'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF JUDGMENT**

**MAY IT PLEASE THE COURT:**

In her opposition, plaintiff concedes that defendant, Recreation by Design, LLC ("RBD"), is entitled to the entry of Judgment with prejudice against her and that the only issue remaining to be decided is that of the language pertaining to costs. [Rec. Doc. 14326, p.1]. Plaintiff further admits that an award of costs to the prevailing party is "usual," but requests the language of the Judgment should somehow be modified to limit the costs to be awarded. This Court has recently addressed similar arguments in the *Wright v. Forest River* matter in which the Court granted in part and denied in part the judgment proposed by Forest River (Rec. Doc. 14338 and 14339). In that matter, the

Court recognized as part of its ruling the right for the defendants to recover costs to later be determined by the Clerk of Court. Accordingly, RBD requests that the Court recognize that part of its ruling in the present matter and hold that RBD, as the prevailing party, is entitled to recover costs to be determined by the Clerk of Court at a later date.

In requesting that the Court follow its prior ruling that the defendant can seek to recover costs, RBD points out that the proposed Judgment simply establishes RBD's right to seek costs; it does not specifically award any discreet amounts of costs, as that issue will be the subject of further motion practice. Despite the fact that the plaintiff recognizes this fact in her opposition, she and the Plaintiffs' Steering Committee ("PSC") attempt to raise arguments relating to the quantum of the cost award rather than RBD's right to seek such an award. As RBD is clearly the prevailing party in this ligation, its right to recover taxable costs should be recognized and RBD's proposed Judgment entered.

Plaintiff essentially raises two substantive arguments in response to RBD's *Motion for Entry of Judgment*: (1) that any costs awarded to RBD should be limited to those available under 28 U.S.C. § 1920, and (2) that the Court should use its broad discretion under the statute to assess cost against the MDL plaintiff population and not against plaintiff individually. [Rec.Doc. 14326, pgs. 2 and 3]. Plaintiff's argument, however, fails to account for this Honorable Court's prior ruling in this MDL allowing the recovery of costs which were likely outside the scope of U.S.C. § 1920. [See Rec. Doc. 12049.] Prematurely placing any limitation on the amount of costs taxable to the plaintiff may

2

prove unduly confusing to the Clerk of Court when assessing the amount of such costs to be taxed to the plaintiff and would run afoul of this Honorable Court's prior ruling.  To the extent that plaintiff maintains that the enumerated costs under U.S.C. § 1920 are the only recoverable costs that may be awarded, such arguments may be raised before the Clerk of Court through appropriate motion practice and, as such, are premature at this time.

Further, plaintiff states in her response that this Court has sound discretion in the imposition of taxable costs in favor of the prevailing party. [Rec. Doc. 14326 p. 3].  As this Honorable Court recognized in its ruling on the *Motion to Tax Costs* in the *Alexander* bellwether matter, "the Court will not relieve any non-prevailing party in this litigation of the responsibility to pay costs after trial." [Rec. Doc. 13323, p. 2].  The same rationale is equally applicable here.  RBD's proposed *Judgment* merely recognizes this right and allows, pursuant to the Court's discretion, RBD to seek such costs in the future.  To the extent the plaintiff objects to the imposition of any specific cost award, the Court can revisit these issues and, to the extent it deems any such costs unreasonable, modify the cost award as it did in the *Alexander* matter.  As the Court has noted, "the Clerk of Court has many years of experience and is extremely well versed to consider what are/are not taxable costs." [Rec. Doc. 13323, p.1].  Given the Court's confidence in the Clerk's office, plaintiff has failed to demonstrate how the language of RBD's proposed *Judgment* would somehow cause the imposition of an unreasonable cost award against her.  Accordingly, RBD is entitled to, and respectfully moves for, entry of its proposed *Judgment*, awarding to it all taxable costs.

Plaintiff's final argument in opposition to the entry of judgment is that any taxable costs ordered against the plaintiff should be assessed against the total plaintiff population. RBD realizes that this Court ruled on a similar issue in *Wright* and held that it encourages plaintiff's counsel to pursue alternatives to spread costs amongst other individuals (Rec. Doc. 14338). However, RBD respectfully submits that plaintiff's argument on alternative cost spreading issue is premature and something that should be addressed by the Court at a later point in time. Further, RBD respectfully objects to cost sharing amongst a number of unnamed individuals/plaintiffs as any such allocation would prove difficult, if not impossible, for RBD to execute a judgment against such a broad and unknown group. Accordingly, RBD requests that a judgment for costs be entered against plaintiff as set forth in the proposed judgment.

## CONCLUSION

In light of the above and foregoing, it is uncontested that RBD is entitled to a judgment dismissing plaintiff's claims with prejudice and recognizing its right to seek taxable costs against the plaintiff. Accordingly, RBD would respectfully request that this Honorable Court adopt the jury's verdict as the ruling of the Court and enter judgment dismissing plaintiff's claims with prejudice and assessing all taxable costs against plaintiff.

Respectfully submitted,

*/s/Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, L.L.C.
909 Poydras Street, Ste. 1800
New Orleans, LA 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Attorneys for defendant,*
*Recreation By Design, LLC*
Email: rmulcahy@garrisonyount.com

## CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record who are CM/ECF participants.

                                        */s/Randall C. Mulcahy*
                                        RANDALL C. MULCAHY, Bar No. 26436