UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | | JUDGE: ENGELHARDT |

This Document Relates to:

**Mistretta, 09-4704**                                     MAG: CHASEZ

**(Applies to Plaintiff Vanessa S. Jiles)**

_____

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, KEYSTONE RV COMPANY

Defendant, Keystone RV Company ("Keystone") answers and asserts affirmative defenses to the claims of plaintiff , Vanessa S. Jiles ("Jiles"), asserted in the lawsuit referenced above (including Complaint for Damages and any other amendments, collectively called the "Complaint"):

### FIRST DEFENSE

Keystone references and incorporates its previously filed Preservation of Defenses and Motions Lists.  *See* Rec. Doc. Nos. 226 and 1673.

### SECOND DEFENSE

The Complaint fails to state a claim or cause of action against Keystone upon which relief can be granted.

### THIRD DEFENSE

The plaintiff's claims are, or may be, barred in whole or in part by the applicable statutes of limitation and/or prescriptive and/or peremptive periods.

**FOURTH DEFENSE**

The plaintiff's claims are barred, in whole or in part, or, alternatively, her recovery is reduced, by plaintiff's own fault and/or the fault of other persons.

**FIFTH DEFENSE**

The plaintiff is not entitled to the recovery she seeks because she has not suffered any damages, or, alternatively, because she has failed to mitigate her own damages.

**SIXTH DEFENSE**

Any products manufactured by Keystone that are the subject of the claims in this action were manufactured in conformity with the state of the art technology and consistently with all applicable standards, regulations, laws and/or industry standards.

**SEVENTH DEFENSE**

Keystone specifically denies the existence of any defect or defects that would render its product unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

**EIGHTH DEFENSE**

Keystone reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motions to Dismiss (Rec. Doc. 210), including Keystone's joinder therein, and incorporates herein the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to

Dismiss.

### NINTH DEFENSE

Solely in the alternative, in the event that it is determined there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

### TENTH DEFENSE

Keystone further pleads that plaintiffs' claims are or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies, and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, as if plead herein, *in extenso*.

### ELEVENTH DEFENSE

The claims against Keystone are or may be barred, in whole or in part, by the doctrines of Estoppel, Release or Waiver.

### TWELFTH DEFENSE

Any express warranty obligations that may be owed by Keystone are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

### THIRTEENTH DEFENSE

Keystone hereby gives notice that it intends to rely upon any and all other such affirmative defenses as they become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

## FOURTEENTH DEFENSE

In the event that discovery reveals the following, Keystone specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Keystone.

## FIFTEENTH DEFENSE

Keystone specifically pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et. seq*., and/or other Louisiana law (including the exclusivity of remedy defense).

## SIXTEENTH DEFENSE

Keystone specifically pleads that its products were reasonably fit for ordinary use.

## SEVENTEENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that the Complaint does not state a cause of action for punitive or exemplary damages against Keystone, sufficient in law whereby recovery may be had.

## EIGHTEENTH DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, to the extent that any award of punitive damages, to the extent they are even pled in the Complaint would be unconstitutional because the standards utilized to allow the imposition of

such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

## NINETEENTH DEFENSE

The exact damages/losses claimed by plaintiffs are unknown to Keystone, and, thus, Keystone cannot adequately determine all defenses that may be applicable to Plaintiff's claims.  Therefore, Keystone expressly reserves by this reference the right to raise additional defenses to the extent that:

a.  Additional defenses become applicable under state and federal law;

b.  Additional defenses are established as discovery proceeds; and

c.  Additional defenses are available under subsequently asserted theories of recovery.

## TWENTIETH DEFENSE

The Complaint has improperly joined parties (both plaintiffs and defendants) in these actions in violation of Rule 19 of the Federal Rules of Civil Procedure, requiring severance of parties as provided by Rule 21 of the Federal Rules of Civil Procedure.

## TWENTY-FIRST DEFENSE

The Complaint has improperly joined claims under Rule 18 of the Federal Rules of Civil Procedure, requiring severance of claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

## TWENTY-SECOND DEFENSE

Keystone asserts that it did not have a direct contract with FEMA or any other governmental agency and that its construction of the travel trailer at issue in this litigation was not subject to or governed by any so called "FEMA specifications."

## TWENTY-THIRD DEFENSE

Keystone asserts that the Complaint does not comply with the requirements of Federal Rule 8 in that it does not contain short and plain statements of the plaintiff's claims.

## TWENTY-FOURTH DEFENSE

Keystone asserts that (a) it did not sell housing units directly to the federal government in the wake of Hurricanes Katrina and Rita; and (b) the dealers who sold Keystone housing units to the federal government and the federal government are sophisticated users of products, such that Keystone cannot be held liable to plaintiffs for their claims, including, but not limited to, any claims for failure to warn and strict product liability.

## ANSWER TO COMPLAINT, AS INDICATED

And, in response to the specific allegations of the Complaint (including all amendments and supplements thereto), Keystone answers as follows:

### 1.

Keystone denies the allegations and legal conclusions in Paragraph 1 of the Complaint for lack of sufficient information to justify a belief therein.

### 2.

Keystone admits that it is an Indiana company that has been named as a defendant in the above-referenced lawsuit.  Keystone denies the remaining allegations in Paragraph 2 of the Complaint.

3.

Keystone denies the allegations in Paragraph 3 of the Complaint for lack of sufficient information to justify a belief therein.

4.

Keystone denies the allegations in Paragraph 4 of the Complaint for lack of sufficient information to justify a belief therein.

5.

Keystone denies the allegations in Paragraph 5 of the Complaint for lack of sufficient information to justify a belief therein.

6.

Keystone denies the legal conclusions in Paragraph 6 of the Complaint.

7.

Keystone denies the legal conclusions contained in Paragraph 7 of the Complaint.

8.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 8 of the Complaint.

9.

Keystone denies the legal conclusions and factual allegations contained in

Paragraph 9 of the Complaint.

10.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 10 of the Complaint.

11.

Keystone denies the legal conclusions contained in Paragraph 11 of the Complaint.

12.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 12 of the Complaint.

13.

Keystone denies the allegations contained in Paragraph 13 of the Complaint for lack of sufficient information to justify a belief therein.

14.

Keystone denies the allegations contained in Paragraph 14 of the Complaint for lack of sufficient information to justify a belief therein.

15.

Keystone denies the allegations contained in Paragraph 15 of the Complaint for lack of sufficient information to justify a belief therein.

16.

Keystone denies the allegations contained in Paragraph 16 of the Complaint for lack of sufficient information to justify a belief therein.

17.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 17 of the Complaint.

18.

Keystone denies the allegations contained in Paragraph 18 of the Complaint.

19.

Keystone denies the allegations contained in Paragraph 19 of the Complaint.

20.

Keystone denies the allegations contained in Paragraph 20 of the Complaint.

21.

Keystone denies the allegations in Paragraph 21 of the Complaint for lack of sufficient information to justify a belief therein.

22.

Keystone denies the allegations contained in Paragraph 22 of the Complaint.

23.

Keystone denies the allegations contained in Paragraph 23 of the Complaint.

24.

Keystone denies the allegations contained in Paragraph 24 of the Complaint.

25.

Keystone denies the allegations contained in Paragraph 25 of the Complaint.

26.

Keystone denies the allegations contained in Paragraph 26 of the Complaint for lack of sufficient information to justify a belief therein.

27.

Keystone denies the allegations contained in Paragraph 27 of the Complaint for lack of sufficient information to justify a belief therein.

28.

Keystone denies the allegations contained in Paragraph 28 of the Complaint for lack of sufficient information to justify a belief therein.

29.

Keystone denies the allegations contained in Paragraph 29 of the Complaint for lack of sufficient information to justify a belief therein.

30.

Keystone denies the allegations contained in Paragraph 30 of the Complaint.

31.

Keystone denies the allegations contained in Paragraph 31 of the Complaint for lack of sufficient information to justify a belief therein.

32.

Keystone denies the allegations contained in Paragraph 32 of the Complaint for lack of sufficient information to justify a belief therein.

33.

Keystone denies the allegations contained in Paragraph 33 of the Complaint for lack of sufficient information to justify a belief therein.

34.

Keystone denies the allegations contained in Paragraph 34 of the Complaint for lack of sufficient information to justify a belief therein.

35.

Keystone denies the allegations contained in Paragraph 35 of the Complaint for lack of sufficient information to justify a belief therein.

36.

Keystone denies the allegations contained in Paragraph 36 of the Complaint for lack of sufficient information to justify a belief therein.

37.

Keystone denies the allegations contained in Paragraph 37 of the Complaint for lack of sufficient information to justify a belief therein.

38.

Keystone denies the allegations contained in Paragraph 38 of the Complaint for lack of sufficient information to justify a belief therein.

39.

Keystone denies the allegations contained in Paragraph 39 of the Complaint for lack of sufficient information to justify a belief therein.

40.

Keystone denies the allegations contained in Paragraph 40 of the Complaint for lack of sufficient information to justify a belief therein.

41.

Keystone denies the allegations contained in Paragraph 41 of the Complaint for lack of sufficient information to justify a belief therein.

42.

Keystone denies the allegations contained in Paragraph 42 of the Complaint for lack of sufficient information to justify a belief therein.

43.

Keystone denies the allegations contained in Paragraph 43 of the Complaint for lack of sufficient information to justify a belief therein.

44.

Keystone denies the allegations contained in Paragraph 44 of the Complaint for lack of sufficient information to justify a belief therein.

45.

Keystone denies the allegations contained in Paragraph 45 of the Complaint for lack of sufficient information to justify a belief therein.

46.

Keystone denies the allegations contained in Paragraph 46 of the Complaint for lack of sufficient information to justify a belief therein.

47.

Keystone denies the allegations contained in Paragraph 47 of the Complaint for lack of sufficient information to justify a belief therein.

48.

Keystone denies the allegations contained in Paragraph 48 of the Complaint for lack of sufficient information to justify a belief therein.

49.

Keystone denies the allegations contained in Paragraph 49 of the Complaint for lack of sufficient information to justify a belief therein.

50.

Keystone denies the allegations contained in Paragraph 50 of the Complaint for lack of sufficient information to justify a belief therein.

51.

Keystone denies the allegations contained in Paragraph 51 of the Complaint for lack of sufficient information to justify a belief therein.

52.

Keystone denies the allegations contained in Paragraph 52 of the Complaint for lack of sufficient information to justify a belief therein.

53.

Keystone denies the allegations contained in Paragraph 53 of the Complaint for lack of sufficient information to justify a belief therein.

54.

Keystone denies the allegations contained in Paragraph 54 of the Complaint for lack of sufficient information to justify a belief therein.

55.

Keystone denies the allegations contained in Paragraph 55 of the Complaint for lack of sufficient information to justify a belief therein.

56.

Keystone denies the allegations contained in Paragraph 56 of the Complaint for lack of sufficient information to justify a belief therein.

57.

Keystone denies the allegations contained in Paragraph 57 of the Complaint for lack of sufficient information to justify a belief therein.

58.

Keystone denies the allegations contained in Paragraph 58 of the Complaint for lack of sufficient information to justify a belief therein.

59.

Keystone denies the allegations contained in Paragraph 59 of the Complaint for lack of sufficient information to justify a belief therein.

60.

Keystone denies the allegations contained in Paragraph 60 of the Complaint for lack of sufficient information to justify a belief therein.

61.

Keystone denies the allegations contained in Paragraph 61 of the Complaint for lack of sufficient information to justify a belief therein.

62.

Keystone denies the allegations contained in Paragraph 62 of the Complaint.

63.

Keystone denies the allegations contained in Paragraph 63 of the Complaint for lack of sufficient information to justify a belief therein.

64.

Keystone denies the allegations contained in Paragraph 64 of the Complaint for lack of sufficient information to justify a belief therein.

65.

Keystone denies the allegations contained in Paragraph 65 of the Complaint for lack of sufficient information to justify a belief therein.

66.

Keystone denies the allegations contained in Paragraph 66 of the Complaint for lack of sufficient information to justify a belief therein.

67.

Keystone denies the allegations contained in Paragraph 67 of the Complaint for lack of sufficient information to justify a belief therein.

68.

Keystone denies the allegations contained in Paragraph 68 of the Complaint for lack of sufficient information to justify a belief therein.

69.

Keystone denies the allegations contained in Paragraph 69 of the Complaint for lack of sufficient information to justify a belief therein.

70.

Keystone denies the allegations contained in Paragraph 70 of the Complaint for lack of sufficient information to justify a belief therein.

71.

Keystone denies the allegations contained in Paragraph 71 of the Complaint for lack of sufficient information to justify a belief therein.

72.

Keystone denies the allegations contained in Paragraph 72 of the Complaint for lack of sufficient information to justify a belief therein.

73.

Keystone denies the allegations contained in Paragraph 73 of the Complaint for lack of sufficient information to justify a belief therein.

74.

Keystone denies the allegations contained in Paragraph 74 of the Complaint for lack of sufficient information to justify a belief therein.

75.

Keystone denies the allegations contained in Paragraph 75 of the Complaint for lack of sufficient information to justify a belief therein.

76.

Keystone denies the allegations contained in Paragraph 76 of the Complaint for lack of sufficient information to justify a belief therein.

77.

Keystone denies the allegations contained in Paragraph 77 of the Complaint for lack of sufficient information to justify a belief therein.

78.

Keystone denies the allegations contained in Paragraph 78 of the Complaint for lack of sufficient information to justify a belief therein.

79.

Keystone denies the allegations contained in Paragraph 79 of the Complaint for lack of sufficient information to justify a belief therein.

## COUNT 1:

## <u>CAUSE OF ACTION AGAINST THE MANUFACTURER UNDER</u>

## <u>LOUISIANA PRODUCTS LIABILITY ACT</u>

80.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 80 of the Complaint.

81.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 81 of the Complaint.

82.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 82 of the Complaint.

83.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 83 of the Complaint.

84.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 84 of the Complaint.

85.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 85 of the Complaint, including each of its subparts.


**COUNT 2:**

**<u>CAUSE OF ACTION AGAINST THE CONTRACTOR DEFENDANTS UNDER THE LOUISIANA PRODUCTS LIABILITY ACT</u>**

86.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 86 of the Complaint.

87.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 87 of the Complaint.

88.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 88 of the Complaint.

89.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 89 of the Complaint.

90.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 90 of the Complaint.

91.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 91 of the Complaint.

92.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 92 of the Complaint, including each of its subparts.

## COUNT 3:

## NEGLIGENCE OF THE CONTRACTOR DEFENDANTS

## UNDER LOUISIANA LAW

93.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 93 of the Complaint.

94.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 94 of the Complaint.

95.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 95 of the Complaint.

96.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 96 of the Complaint.

97.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 97 of the Complaint, including each of its subparts.

98.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 98 of the Complaint.

99.

To the extent that an answer is required, Keystone denies the allegations and legal conclusions contained in Paragraph 99 of the Complaint.

## **COMPENSATORY DAMAGES**

100.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 100 of the Complaint.

101.

Keystone denies the legal conclusions and factual allegations contained in

Paragraph 101 of the Complaint.

102.

Keystone denies the legal conclusions and factual allegations contained in Paragraph 102 of the Complaint.

## REQUEST FOR JURY DEMAND

Keystone requests a trial by jury.

## <u>PRAYER FOR RELIEF</u>

To the extent an answer is required, Keystone denies all claims for relief in Sections 1, 2 (and subparts) and 3 of the Complaint.

**WHEREFORE**, considering the allegations, denials and defenses asserted above, Defendant Keystone RV Company respectfully prays that this Answer be deemed good and sufficient; that after due proceedings had, there be judgment rendered herein in favor of this Defendant, dismissing Plaintiff's Complaint for Damages, with prejudice; and Defendant Keystone RV Company respectfully prays for all such other general, special and equitable relief that law, equity or the nature of the case may permit, and all costs of these proceedings.

Respectfully submitted,

*s/Ryan E. Johnson*

_____

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)

Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
8555 United Plaza Blvd., 5th floor
Building Four
Baton Rouge, LA  70809
Telephone: (225) 248-2000
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208
*Counsel for Keystone RV Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2010, a copy of the foregoing

Answer and Affirmative Defenses on behalf of Defendant, Keystone RV Company

and Jury Trial Request was filed electronically with the Clerk of Court using the

CM/ECF system.  Notice of this file will be sent to all known counsel of record by

operation of the court's electronic filing system.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson