UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 |
| | | | SECTION: N(5) |
| This Document Relates to: *Lyndon T. Wright. v. Forest River, Inc., et al*, Docket No. 09-2977 | | * * * | JUDGE: ENGELHARDT |
| | | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF FOREST RIVER INC.'S
<u>MOTION TO ASSESS TAXABLE COSTS</u>**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") respectfully submits the following Memorandum in Support of its Motion to Assess Taxable Costs.

### INTRODUCTION

The instant action stems from plaintiff's claims of injury relating to alleged exposure to formaldehyde while residing in an emergency housing unit provided to him by the Federal Emergency Management Agency in the wake of Hurricane Katrina. The matter proceeded to trial before a jury on March 15, 2010. After a ten day trial, the jury returned a verdict in favor of Forest River (as well as in favor of co-defendant Shaw Environmental, Inc.) on March 29, 2010. This Honorable Court entered Judgment on the jury verdict on June 10, 2010, dismissing with prejudice all claims by plaintiff Lyndon Wright against Forest River and Shaw and assessing taxable costs in favor of the defendants. *See* Rec. Doc. 14339.

This matter presented many complex issues of both fact and law. In preparing this matter for trial, Forest River incurred significant costs and, as the prevailing party, Forest River is entitled to an award of a portion of these costs. As is detailed below, Forest River is entitled to recover the following from plaintiff Lyndon Wright: 1) deposition and trial transcript expenses; 2) witness fees associated with deposition and trial testimony; 3) travel expenses of witnesses; 4) copying expenses; 5) expenses for procurement of certain records of plaintiff; 6) expenses associated with the electronic production of documents; 7) expenses associated with audiovisual support experts; and 8) expenses associated with destructive testing.[1]  Further, Forest River notes that the costs it seeks through this Motion represent only a fraction of the costs Forest River actually incurred in preparing this complex and important matter for trial. Accordingly, Forest River is entitled to an award of **$215,842.50** against plaintiff Lyndon Wright.

## LAW & ARGUMENT

Under Rule 54(d) of the Federal Rules of Civil Procedure, costs should be allowed to the prevailing party. Fed. Rule Civ. Proc. 54(d).  Indeed, the Fifth Circuit has held that a prevailing party is prima facie entitled to costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).  The taxing of costs rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of such discretion. *See U.S. Marshals Service v. Means*, 741 F.2d 1053 (8th Cir. 1984); *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855 (7th Cir. 1981).

---

[1] In addition to the above listed costs, Forest River is entitled to recover costs associated with plaintiff's failed mold claims. These costs will be addressed in a separate motion.

Under 28 U.S.C. § 1920, the following costs may be awarded to the prevailing party:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under [28 U.S.C.A. § 1923];

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section [28 U.S.C.A. § 1828]."

Accordingly, Forest River seeks the following costs:

**1. Depositions & Trial Transcripts**

Forest River is entitled to recover the costs associated with depositions and trial transcripts obtained for use in this case. Under 28 U.S.C. § 1920(2) the prevailing party is entitled to recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Under this provision the Fifth Circuit allows recovery of costs and fees associated with depositions and as well as costs for trial transcripts. *See J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 616 (5th Cir. 1985).

Forest River first seeks the costs associated with the depositions of each witness as well as the transcripts obtained for each witness. Depositions are considered to be reasonably necessary for use in the case if, at the time they were taken, it could be reasonably expected that the deposition

would be used for trial preparation rather than merely for discovery or mere convenience of counsel. *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991).

As there was never a question as to whether this case would go to trial, each deposition taken in this case was reasonably necessarily for trial preparation. Indeed, Plaintiff's Witness List, which was filed with the Court on November 30, 2009, listed numerous witnesses, including fourteen expert witnesses. *See* Rec. Doc. 8226. Given that Forest River had no means of discerning which of these witnesses plaintiff would ultimately decide to call or not call, it was incumbent upon Forest River to depose a substantial number of these witnesses in preparation for trial. Additionally, Forest River was forced to retain experts to rebut the fourteen expert witnesses retained by plaintiff.

Uses of these depositions included but were not limited to the preparation for subsequent depositions of other witnesses, preparation of direct/cross examination of expert and fact witnesses, opening/closing statements, use of exhibits and documents at trial and/or for pre-trial motion practice that clarified issues for trial and/or resulted in the exclusion of inadmissible evidence. The information obtained in many of these depositions gave rise to significant pre-trial motion practice including dispositive motions, *Daubert* motions and motions *in limine* utilized to narrow the issues presented at trial. Thus, the depositions were necessarily taken (and the associated costs incurred) for use in the case and not for mere discovery or convenience purposes.

Additionally, Forest River is entitled to costs for daily trial transcripts. These trial transcripts were used to prepare the direct and cross-examinations of witnesses, for preparation of directed verdict and other in trial motions, and to track which pre-admitted exhibits were discussed and which exhibits were admitted into evidence. Additionally, given the complex nature of the issues involved and the length of the trial, the parties' recollection of certain witness testimony differed at times,

necessitating reference to the daily trial transcript. Thus, Forest River is entitled to an award of costs for trial transcripts.

Forest River seeks costs of **$63,180.46** associated with depositions and daily trial transcripts. The costs associated with the daily trial transcripts are **$15,876.10**.[2] The deposition costs associated with this case are **$47,304.36**.[3] Forest River further itemizes the deposition costs below:

| Deponent | Date | Cost |
|---|---|---|
| Albrecht, James | 1/20/2010 | $651.86 |
| Allan, Graham | 12/17/2009 | $1,062.80 |
| Bonomo, Guy | 8/21/2009 | $293.20 |
| Boyle, Brian | 2/12/2010 | $715.06 |
| Brixius, James | 8/20/2008 | $599.45 |
| Burian, Jeff | 11/4/2009 | $901.62 |
| Cole, Philip | 1/27/2010 | $634.59 |
| Compeau, Geoffrey | 1/7/2009 | $1,239.65 |
| Coy, Mike | 1/19/2010 | $416.23 |
| DeRosa, Christopher | 7/6/2009 | $1,407.25 |
| Dekle, Brian | 8/20/2008 | $532.80 |
| Dison, Nicole | 1/14/2010 | $615.10 |
| Dorris, Nathan | 1/4/2010 | $872.60 |
| Dyson, William | 12/21/2009 | $300.15 |
| Farber, George | 10/28/2000 | $397.11 |
| Field, Charles | 10/20/2009 | $799.75 |
| Foltz, James | 1/19/2010 | $231.60 |
| Fribley, Thomas | 1/15/2010 | $1,017.50 |
| Gaeddert, Doug | 8/6/2008 & 11/5/2009 | $1,337.75 |
| Garratt, David | 7/7/2009 | $911.35 |

---

[2]  *See* Invoices for Daily Trial Transcripts, attached hereto as "Exhibit A"

[3]  *See* Invoices for Deposition Costs, attached hereto as "Exhibit B"

| | | |
|---|---|---|
| Green, Faye | 10/16/2009 | $523.30 |
| Hewett, Paul | 12/2/2009 | $1,387.45 |
| James, Robert | 1/14/2010 | $673.28 |
| Jarrell, Albert | 1/25/2010 | $697.95 |
| Keifer, Elton | 11/3/2009 | $847.31 |
| Kelman, Bruce | 12/15/2009 | $1,325.55 |
| LaGrange, Paul | 10/26/2009 | $1,503.10 |
| Lapinski, Michael | 7/24/2009 | $817.45 |
| Larson, Stanley | 8/20/2009 | $325.80 |
| Little, Joseph | 6/23/2009 | $974.55 |
| Mallet, Al | 1/12/2010 | $3,603.05 |
| Marsh, Tyshone | 1/14/2010 | $539.55 |
| McCreary, Brian | 9/23/2008 | $134.75 |
| McNeese. Martin | 7/14/2009 | $527.00 |
| Miller, Lawrence | 11/10/2009 | $565.65 |
| Moore, Charles David | 10/27/2009 | $1,255.00 |
| Morris, Travis | 12/19/2009 | $567.85 |
| Nelson, Norm | 12/23/2009 | $394.55 |
| Osteraas, John | 12/16/2009 | $934.85 |
| Polk, Mark | 12/22/2009 | $568.10 |
| Porter, David | 7/8/2009 | $665.45 |
| Ritter, Ervin | 12/9/2009 | $963.75 |
| Robbins, Coreen | 12/14/2009 | $2,187.50 |
| Scott, William | 11/13/2009 | $953.35 |
| Shwery, Edward | 11/9/2009 | $722.25 |
| Smith, Kenneth | 12/4/2009 | $461.60 |
| Smulski, Stephen | 1/29/2010 | $718.05 |
| Snell, Donald | 12/22/2009 | $707.25 |
| Spector, Richard | 10/29/2009 | $1,112.10 |
| Thompson, John | 1/8/2010 | $447.70 |
| Watson, Tony | 12/21/2009 | $219.55 |

| | | |
|---|---|---|
| Wedner, H. James | 1/25/2010 | $499.55 |
| Williams, Patricia | 12/3/2009 | $1,106.25 |
| Wright, Bobbie | 1/5/2010 | $1,118.80 |
| Wright, Lyndon | 7/10/2009 | $1,543.80 |
| Wright, Michelle | 1/5/2010 | $153.90 |
| Young, Edith | 1/22/2010 | $620.00 |
| **TOTAL DEPOSITION COSTS** | | **$47,304.36** |

**2.     Witness Fees**

Forest River seeks an award of **$3,833.30** in costs for "fees and disbursements for printing and witnesses" under § 1920(3). Specifically, Forest River seeks recovery of: 1) a portion of the fees paid by Forest River to depose plaintiff's experts, 2) the statutory witness fees for the depositions of Forest River employees, and 3) the travel and expenses of Forest River's experts associated with trial.

Forest River is entitled to recover the deposition fees it paid to plaintiff's expert witnesses, up to the $40 limits imposed by 28 U.S.C.A. §1821. *See Griffith v. Mt. Carmel Medical Center*, 157 F.R.D. 499 (D. Kan. 1994). Forest River is also entitled to recover the $40 witness fee for the Forest River employees whose depositions were noticed by the plaintiff. *See Rundus v. City of Dallas*, 2009 WL 3614519 at *1 (N.D. Tex. 2009). Forest River is likewise entitled to reimbursement of $40 for expert fees paid to their own witnesses for trial testimony. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (U.S. 1987). Finally, §1821(c)(4) entitles Forest River to costs for a witness's travel expenses for trial.

Forest River incurred significant costs in the form of fees paid to eight of plaintiff's expert witnesses which it deposed in preparation for trial:

1.   Paul Hewett
2.   Alexis Mallett
3.   Paul LaGrange
4.   Stephen Smulski
5.   Dr. Patricia Williams
6.   Dr. Richard Spector
7.   Dr. Edward Shwery
8.   Dr. Charles Field

For each of these experts, Forest River is entitled to recover the $40 per diem fee as authorized by § 1821. Thus, Forest River is entitled tax **$320.00** against plaintiff.[4] Additionally, plaintiff noticed the depositions of Forest River employees Jeff Burian, Elton Keifer, James Albrecht, Doug Gaeddert, Mike Coy, and Jim Folse. Forest River is entitled to tax an additional **$240.00** in witness fees for these depositions.

Finally, Forest River is entitled to recover expenses related to the testimony of expert witnesses Dr. John W. Thompson, Dr. Robert James, and Norm Nelson. Under § 1821, Forest River is entitled to be reimbursed for the travel expenses of Nelson and James, who traveled to Louisiana to testify at trial of this matter.[5] Further, Forest River is entitled to recover the statutory $40 per diem fee for Nelson and Thompson. Thus, Forest River is entitled to recover **$3,273.30** associated with the testimony of Thompson, Nelson, and James at trial of this matter.

**3.    Copy Costs**

Forest River is entitled to **$28,963.98** for copies of exhibits and records obtained for use connection with trial of this matter. The costs of reproducing relevant documents and exhibits for use at trial are properly taxable against plaintiff. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th

---

[4] *See* Invoices for Deposition Fees of Plaintiff's Experts attached hereto as "Exhibit C"

[5] *See* Invoices for Experts' Travel costs for Trial attached hereto as "Exhibit D"

Cir. 1991). The total amount of such costs is **$27,785.37**.[6] Additionally, Forest River is entitled to recover costs for certain records obtained for use at trial, specifically, plaintiff's IRS records, Social Security records, employment records, and medical records. *See e.g., Hartnett v. Chase Bank of Texas Nat. Ass'n*, 1999 WL 977757 at *2 (N.D. Tex. 1999) (cost of IRS Records taxable). *Delgaicco v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4532131 at *2 (S.D. Miss. 2007) (costs of medical records taxable). Total costs for these records in the amount of **$1,178.61**.[7]

**4.      Electronic Discovery**

Forest River is entitled to its costs of producing documents in discovery via electronic format. *See One River Place Condominium Ass'n, Inc. v. Axis Surplus Ins. Co.*, Civil Action No. 07:1305 at *3, 2010 WL 235028 (E.D. La. 2010) (Fallon, J.). In response to plaintiff's discovery requests, Forest River was forced to produce tens of thousands of documents, which included a substantial number of emails which had to be extracted from servers. The costs of extracting, printing, copying, storing, and transporting such voluminous documents was substantial. As such, Forest River is entitled to recover its costs of **$29,800.59** associated with electronic discovery.[8]

**5.      Audiovisual Trial Support**

Forest River is entitled for costs associated with its audio and video expenses incurred at trial. *See Finisar Corp. v. DirectTV Group, Inc.*, 2006 WL 2699732 at * 2 (E. D. Tex 2006) *citing J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985). It is undisputed that the trial of the instant action presented complex issues of fact and law and involved multiple witnesses

---

[6] *See* Invoices for Copy Costs, attached hereto as "Exhibit E"

[7] *See* Invoices for Costs of Records of Plaintiff, attached hereto as "Exhibit F"

[8] *See* Invoices for Electronic Discovery, attached hereto as "Exhibit G"

and significant presentation of evidence. As the Court admonished the parties on several occasions, in order to present the case in a palatable manner, the parties needed to be efficient in their presentation of the case. Accordingly, use of a audiovisual support expert/trial technician was both reasonable and necessary. Indeed, both parties used such experts to efficiently present their case. Thus, Forest River asks for an additional **$12,562.50** in audiovisual trial support costs.[9]

**6.     Destructive Testing**

Finally, Forest River is entitled to costs and fees associated with the non-mold-related destructive testing of plaintiff's trailer, which was permitted over Forest River's objections.[10] Forest River seeks **$77,501.67** in costs associated with the testing of the unit.[11]

A brief review of the events leading up to this testing is instructive. On June 9, 2009, plaintiff's counsel submitted an Inspection and Testing Protocol seeking to conduct additional air sampling and destructive testing of Wright's unit. *See* Rec Doc. 1805-2. Because plaintiff had already conducted formaldehyde air sampling in 2008, defendants opposed any additional testing of the unit and on June 18, 2009, filed a Motion for Protective Order to prohibit the retesting of the trailer occupied by Mr. Wright. *See* Rec. Doc. 1805; Rec. Doc. 1817. In that Motion, Forest River pointed out that the proposed testing was costly, time consuming, and ultimately an irrelevant inquiry, as the testing protocol did not even address the key question in the case: the ambient concentration of air-borne formaldehyde in the unit at the time of plaintiff's occupancy. *See* Rec.

---

[9]  *See* Invoices for Audiovisual Trial Support, attached hereto as "Exhibit H"

[10]  An award of all costs associated with plaintiff's failed mold claims will be the subject of a separate Motion.

[11]  *See* Invoices from Destructive Testing, attached hereto as "Exhibit I"

Doc 1804 at p. 3. Despite these vigorous objections, the Court ultimately allowed plaintiff to conduct this testing. *See* Rec. Doc. 2009.

Plaintiff's testing procedure was far more expansive and expensive than any that had been permitted in prior cases. Plaintiff retained numerous experts to conduct a multitude of tests. As a result, Forest River was subjected to nearly six weeks of ongoing testing relating to all aspects of the construction and assembly of the unit at issue. Further, in order to adequately prepare its defense, it was incumbent upon Forest River to retain experts to perform similar testing of this trailer.

Plaintiff's experts noted a litany of alleged construction defects in this case, from leaky duct work to misplaced vapor barriers. However, as Forest River's Motion for Protective Order forewarned, despite attention to this minutiae, plaintiff's team of experts did not test whether the alleged increase in temperature and humidity due to design defects increased the formaldehyde in the unit by even 1ppb.[12] Amazingly, despite having unfettered access to this trailer for a month and expending exorbitant sums to test this trailer, plaintiff's testing procedure did not address this fundamental issue.

As the Fifth Circuit has noted, necessary and reasonable expenses incurred in discovery may be taxed. *See Harrington v. Texaco, Inc.*, 339 F.2d 814, 822 (5th Cir. 1964) ("the power of the trial Judge to tax as costs the necessary and reasonable expenses incurred in discovery procedures can hardly be doubted"). As this Honorable Court ordered destructive testing, it clearly felt that this discovery procedure was clearly both reasonable and necessary. Further, Forest River's destructive testing procedure was designed to respond to the testing procedure developed and implemented by plaintiff. As such, the procedure utilized by Forest River was clearly both reasonable and necessary.

---

[12] *See* Deposition of Al Mallett, p. 164-168, attached hereto as "Exhibit J."

As the jury's verdict indicated, this expansive testing procedure ultimately proved fruitless. However, the fact remains that Forest River incurred significantly increased costs and expenses over other similarly situated MDL defendants in defending this action. As such, Forest River should be entitled to recover the increased costs incurred due to the expansive nature of the discovery and testing requested by the plaintiff. Forest River is entitled to and seeks **$77,501.67** in costs associated with the non-mold related destructive testing of this trailer.

## CONCLUSION

As is detailed above, costs of **$215,842.50** should be taxed against the plaintiff in favor of Forest River.

Respectfully submitted,

/s/ Jason D. Bone
ERNEST P. GIEGER, JR. (La. Bar Roll No. 6154)
JASON D. BONE (La. Bar Roll No. 28315)
CARSON W. STRICKLAND (La. Bar Roll No. 31336)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
*ATTORNEYS FOR FOREST RIVER, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/ Jason D. Bone
JASON D. BONE