UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF AMENDED PRETRIAL ORDER NO. 40**

MAY IT PLEASE THE COURT:

Plaintiffs, through undersigned counsel, respectfully move the Court to amend its previously entered Pretrial Order No. 40 (PTO 40), which in its current version, orders plaintiffs, on being matched to a defendant manufacturer, to file new complaints, as opposed to amendments to the complaints in which these plaintiffs initially presented their claims. Plaintiffs request that this Court amend PTO 40 to allow them to file amending complaints, or even supplemental exhibits to original complaints, so that the legal issue of the applicability of the "relation back" doctrine under FRCP 15 may be considered by the Court in any motion practice challenging the timeliness of plaintiffs' asserting defendant-specific claims on being matched. Preserving argument on this doctrine is consistent with the factual context in which the matching process has been undertaken, and will not unduly prejudice the rights of defendants.

   **I.   Background of Pretrial Order No. 40**

In the summer of 2009, plaintiffs who had left their emergency housing units without knowledge of the identities of the manufacturers or contractors for these units and thus were

unable to file actions against a specific manufacturer and contractor, were forced to file complaints naming every known defendant manufacturer/contractor. Such complaints were filed for the express purpose of interrupting prescription on the unmatched plaintiffs' claims. Since that time, the filing of unmatched complaints and the subsequent matching process have been the subjects of numerous PTOs, including PTO 40.

In June of 2009, PTO 40 was entered into the record in response to a large number of unmatched complaints filed by Hurricane Legal Center. PTO 40 required that newly-matched plaintiffs file "complaints" against one manufacturing defendant as well as any other specific non-manufacturing defendants. However, PTO 40 also states that these "**new complaints** will be filed with the Clerk of Court **on paper**, not electronically, and shall contain a copy of this order and a list of the original complaint(s) from which the plaintiffs in the amended complaint came…[and] [t]he Clerk will assign **a new civil action number** for each amended complaint." *See Pretrial Order 40,* Rec. Doc. 1781 (emphasis added).

I.  Law and Analysis

    a.  **The Complaints Filed Pursuant to PTO 40 Will Not Relate Back to the Filing of An Original Unmatched Complaint**

The above language, including reference to the Clerk's assignment of a new civil action number to matched-plaintiff filings, appears to preclude an option made to plaintiffs available under Federal Rule of Civil Procedure 15, which provides not only for amendments to pleadings, but also that an amendment of a pleading may relate back to the date of the original pleading under certain circumstances. Such a "relation back" amendment squarely presents the question whether the amended complaint should be considered timely, as well as the question whether the original complaint itself was timely. Plaintiffs submit that these are, or should be, the very

questions to be addressed and resolved herein as newly-matched plaintiffs assert defendant-specific claims.

It is well-recognized that FRCP 15(c) only pertains to pleadings within the same case. *See, e.g., Morgan Distrib. Co.v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989) ("Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint, but of an amendment"); *Bailey v. Northern Ind. Public Serv. Co.*, 910 F.2d 406, 413 (7th Cir. 1990) ("Rule 15(c), by its terms, only applies to amended pleadings in the same action as the original, timely pleading. Because the simulator claim was not contained in an amended pleading in Suit 1, but in a second, separate complaint, Rule 15(c) is inapplicable."); *United States ex rel. Malloy v. Telephonics Corp.*, 68 Fed. Appx. 270, 273 (3d Cir. 2003) (unpublished opinion) ("We agree that Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action.").

The U.S. Supreme Court recently has emphasized the importance of Rule 15's "relation back" doctrine in those cases, like this one, where plaintiffs did not, or could not, identify the proper defendant when the original action was filed. In *Krupski v. Costa Crociere S.P.A.*, 560 U.S. _____, 09-337 (June 7, 2010), the Supreme Court held that under FRCP 15, application of "relation back" is not dependent on the plaintiff's knowledge or action, but on what the party to be added knew or should have known. The Supreme Court further reinforced that that purpose of the "relation back" doctrine is to balance the interests of the defendant with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits. *Id.* at p. 10.

In the case at bar, plaintiffs named in the original unmatched complaints take the position they interrupted prescription by the filing of the original complaints. However, PTO 40, by

ordering the filing of new complaints with new civil action numbers, forces plaintiffs to forfeit this argument *ab initio*, and to likewise abandon the use of a "relation back" doctrine under FRCP 15, which plaintiffs believe is well-suited to the facts at end. PTO 40 should be amended to allow plaintiffs to file amendments to their unmatched complaints, either in the form of amended complaints or amended exhibits, in order to allow plaintiffs to argue that their matched claims relate back to the date of a timely original filing, herein. The merits of these arguments are for the Court to decide another day. Plaintiffs simply seek to preserve their position.

Furthermore, PTO 40 contains the implication that all of the "new complaints" may be filed with the Clerk of Court of the Eastern District of Louisiana. But, as the Court knows, direct filing of all cases into the E.D.La. for MDL consolidation was not possible herein because the defendants (or, the defendant FEMA) objected. Hence, the language of PTO 40, while helpful in its directive to by-pass the inevitable delays of filing the complaints elsewhere and awaiting the transfer through the MDL Panel, contradicts the previous denial of plaintiffs' requests to file complaints directly into this MDL. Each "complaint" under PTO 40 thus must be filed in the district of proper venue, another step that is critical to the interruption of prescription on the plaintiffs' claims. PTO 40 thus should be also amended to contain clarification that each post-matching, new complaint is to be filed in the proper venue and then, if necessary, transferred into the E.D.La. by the MDL Panel. Any post-matching **amendment** to a complaint should obviously adopt the venue of the original complaint (although the amendment would be physically filed in this district as to all transferred or directly-filed complaints being amended).

PTO 40 thus should be amended to contain clarification that each post-matching, new complaint must be filed in the proper venue and then transferred into the MDL by the MDL

4

Panel, and any post-matching amendment to a complaint must adopt the venue of the original complaint (although physically filed in this district as to all transferred or directly-filed complaints.

## II. Conclusion

Given the procedural and legal implications contained in PTO 40, plaintiffs respectfully request this Honorable Court enter an amended PTO 40 into the record in order to allow plaintiffs the right to amend original complaint upon being matched to a defendant or defendants, and thereby preserve for motion practice plaintiffs' arguments under the "relation back" doctrine. Plaintiffs further request that the language of PTO 40 be amended to clarify that any new complaint or amended complaint filed by a newly-matched plaintiff should be filed in the district court of proper venue for that plaintiff's claims.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:   504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &

Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on June 29, 2010.

/s/Gerald E. Meunier
GERALD E. MEUNIER

6