UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                  MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER

**IT IS ORDERED** that the **Motion for Expedited Hearing (Rec. Doc. 14573)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the **Motion for Entry of Amended Pretrial Order No. 40 (Rec. Doc. 14572)** is **DENIED**. In this motion, Plaintiffs request that this Court amend Pretrial Order No. 40 ("PTO 40"), which orders Plaintiffs, upon being matched to a defendant manufacturer, to be severed from the original complaint and to file new/amended complaints, each containing no more than 300 plaintiffs and naming only one manufacturing defendant. Specifically, Plaintiffs request that this Court amend PTO 40 to allow them to file supplemental exhibits to original complaints, so that the legal issue of the applicability of the "relation back" doctrine under Rule 15 of the Federal Rules of Civil Procedure may be considered by the Court in any motion practice challenging the timeliness of plaintiffs' asserting defendant-specific claims on being matched.

There are several administrative problems with allow matching of manufacturing defendants by the filing of an exhibit to an original, unmatched Complaint, as opposed to separate amended complaints as called for in PTO 40. Pretrial Order 40 was primarily issued to create and maintain

a clean record, grouping claims against the various defendants. This is essential for case management, especially in this massive MDL, and to the ability of the Court to determine when issue has been joined and to effectively handle motion practice.

Furthermore, it is unclear whether an exhibit, purporting to limit claims against certain named defendants, would have any legal effect. Accordingly, allowing numerous defendants to remain in a multi-plaintiff matter could create an undue burden on the defendants, still having to answer and defend the claim of each plaintiff.

Finally, to address any prescription concerns, the Court notes that when it began allowing amended complaints to be filed in these cases, instead of dismissing those mis-joined claims to be re-filed, it was and is the Court's position that, if the original claim was timely filed, the amendment of that claim has no prescriptive effect and that the new case numbers were to be issued only as an administrative function of the court.

For all of the above reasons, this motion is denied.

New Orleans, Louisiana, this 30th day of June, 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**