UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * MDL NO. 1873 <br> * <br> * SECTION "N-4" <br> * <br> * JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: 09-3764 (*Barnes*) | * <br> * MAGISTRATE ROBY |

## OPPOSITION TO MOTION TO EXTEND TIME TO SERVE DEFENDANT

Davis Professional Accounting Services LLC ("Davis") respectfully submits the following memorandum in opposition to Plaintiff's Motion to Extend Time to Serve Defendant (Rec. Doc. 14489). Plaintiff's assertions to the contrary notwithstanding, Davis is not and has not been difficult to locate. A cursory internet search reveals Davis' home page, which prominently displays Davis' Tennessee address (the same address provided by Davis' counsel to Plaintiff's counsel and referenced in Plaintiff's motion) and has done so for more than a year.[1]

---

[1] *See* Decl. of Corinthia Davis, attached hereto as Ex. A; *see also* Davis Website Contact Page, attached hereto as Ex. B (located at http://www.davisprofessionalservices.com/contact.htm).

Indeed, several other parties in this litigation were able to locate and serve Davis with complaints and other legal process. Because Plaintiff's efforts to locate and serve Davis were not adequate or complete in light of the totality of the circumstances, Plaintiff's motion should be denied.

I. **FACTUAL BACKGROUND**

Prior to Katrina, Davis maintained an office in New Orleans East at 6930 Martin Dr., Suite B, New Orleans, Louisiana 70126 ("the Martin Drive address"). The Martin Drive address suffered damage during Hurricane Katrina, causing Davis to terminate its operations at that location.[2] Davis' principal, Corinthia Davis, relocated to Memphis, Tennessee in the aftermath of Hurricane Katrina, ultimately opened a location at 6373 Quail Hollow Rd., Suite 102, Memphis, Tennessee, 38120 ("the Memphis address"), and has maintained that office continuously at all periods in time relevant to this motion.[3]

While maintaining its office in Memphis, Davis received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. In order to carry out duties related to the performance of this contract, Davis opened an office located at 650 Poydras St., New Orleans, Louisiana 70130 ("the Poydras Street address"). Davis closed this office following the completion of those duties.

Even though Davis no longer maintains an office in New Orleans, other parties in this litigation have been able to locate and serve Davis with legal pleadings and process at its Memphis address. For example, Davis was served with a summons and the Fourth Supplemental

---

[2] Although the Martin Dr address is still listed on Davis' website, this is done primarily as a means to assist its pre-Katrina clientele in locating Davis. Calls placed to the phone number listed for the Martin Drive address are automatically forwarded to Davis' Memphis office. *See* Ex. A at ¶ 5-6.

and Amending Administrative Master Complaint (Rec. Doc. 7688) filed by Plaintiffs' Co-Liaison Counsel at its Memphis address. Davis subsequently answered this Complaint (Rec. Doc. 14105). In addition, Davis was served with a subpoena duces tecum from defendant CH2M Hill at its Memphis address on or about March 30, 2010. Davis responded to that subpoena. Thus, these parties were able to locate and serve Davis through methods that were equally available to Plaintiff.

**II.     LAW & ARGUMENT**

   Rule 4(m) of the Federal Rules of Civil Procedure states, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against the defendant or order that service be made in a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate time.

Thus, when a defendant is not timely served and the plaintiff has failed to show good cause, the complaint should be dismissed without prejudice. *See Murray v. Town of Mansura*, 76 Fed. Appx. 547 (5th Cir. 2003)(unreported); *Mack v. Dillion*, 594 F.3d 620 (8th Cir. 2010). Here, Plaintiff has failed to demonstrate good cause for his failure to timely serve his complaint.

   Plaintiff's efforts to serve Davis have not been adequate in light of the circumstances. A search of the term "Davis Professional Accounting" using three widely-used internet search engines (Google, Yahoo, and Bing) lists Davis' home page as a highly-listed result in each case.[4] Indeed, Plaintiff acknowledges that his counsel visited Davis' web page in their efforts to locate Davis (Rec. Doc. 14489-1 at 2), but apparently made no effort to call Davis at either listed telephone number in order to confirm its address. As Ms. Davis attests in her Declaration, the Memphis address has been listed on the firm's "Contact" page for more than a year. Moreover,

---

[3]     *Id*. at ¶ 4.

calls placed to the phone number listed for the defunct Martin Drive address have been automatically forwarded to the Memphis address for more than a year.[5]

Plaintiff and his counsel certainly had time to locate and serve Davis over the course of 120 days. Other parties have located and served Davis with their own legal process. Davis respectfully submits that Plaintiff's failure to attempt service at the Memphis address or even to place a telephone call there to confirm Davis' address over the course of 120 days was not reasonable, and that his motion should therefore be denied.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff should not be granted another 60 days to serve his Complaint.

/s/ Heather S. Lonian
Wayne J. Lee, 7916
Mary L. Dumestre, 18873
Heather S. Lonian, 29956
    Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200

Attorneys for Davis Professional Accounting Services, LLC

---

[4]   See Internet Searches, attached hereto in globo as Ex. C.

[5]   Ex. A at ¶5.

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Opposition to Motion to Extend Time to Serve Defendant has been served upon all counsel of record via the Court's CM/ECF notice of electronic filing this 6th day of July, 2010.

*/s/ Heather S. Lonian*

1022124v.1