UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION N(5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Lyndon Wright v. Forest River, Inc., et al.* | * | MAGISTRATE CHASEZ |
| No. 09-2977 (E.D. La.) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S MEMORANDUM IN
SUPPORT OF MOTION TO ASSESS TAXABLE COSTS**

Shaw Environmental, Inc. ("Shaw") respectfully submits this memorandum in support of its motion to assess taxable costs.

**BACKGROUND**

On March 2, 2009, plaintiff Lyndon Wright filed suit against Forest River, Inc. ("Forest River"), the United States through the Federal Emergency Management Agency ("FEMA"), and Shaw, asserting claims of injury relating to alleged exposure to formaldehyde while residing in an emergency housing unit provided by FEMA. This matter proceeded to trial before a jury on March 15, 2010, and after a lengthy trial, the jury returned a verdict on March 29, 2010, in favor of Forest River and Shaw on all claims.[1] This Honorable Court entered Judgment on the jury verdict on June 10, 2010, dismissing with prejudice all claims by plaintiff, Lyndon Wright,

---

[1] Plaintiff's claims against FEMA were previously dismissed. *See* R. Doc. 10493.

against Forest River and Shaw, and assessing taxable costs in defendants' favor. *See* R. Doc. 14339.

## LAW & ARGUMENT

The presumptive rule is that a prevailing party in civil litigation is entitled to recover its costs incurred in the course of such litigation. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). Rule 54 of the Federal Rules of Civil Procedure provides that costs " . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Indeed, the Fifth Circuit has recognized that a prevailing party is prima facie entitled to costs, and the failure to award them is "in the nature of a penalty." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). *See also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977).

Costs may be awarded to the prevailing party under 28 U.S.C. § 1920, which provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. *See also Tyler v. Union Oil Co.*, 304 F.3d 379, 405 n.16 (5th Cir. 2002); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). The Uniform Local Rules allow that "within 35 days after receiving notice of entry of judgment, … the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating that the items are correct and that the costs have been necessarily incurred." Uniform District Court Rules, Local Civil Rule LR 54.3E.

Accordingly, as the prevailing party, Shaw is entitled to reimbursement of a portion of the significant costs it incurred in preparing this matter for trial and participating in the two-week jury trial. As detailed below, Shaw requests an award of **$73,841.89** against Lyndon Wright.

    **1.**    **Shaw is Entitled to an Award of $52,942.53 Pursuant to 28 U.S.C. § 1920(2).**

Shaw seeks fees totaling $52,942.53 for "printed or electronically recorded transcripts necessarily obtained for use in the case," pursuant to 28 U.S.C. § 1920(2). Under this provision, the Fifth Circuit allows prevailing parties to recover costs associated with depositions, as well as the costs of trial transcripts. *See J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 616 (5th Cir. 1985). A deposition is considered to be "necessarily obtained for use in the case," and properly included in the costs of the prevailing party, "if, at the time [the deposition] was taken, it could reasonably be expected to be used for trial preparation, rather than merely for discovery." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Depositions of the individuals set forth below were necessarily taken for use in the case, as nearly all testified as witnesses at trial—either live or by deposition—and the information obtained in these

3

depositions gave rise to significant pretrial motion practice, which served to narrow and clarify the issues presented at trial. Additionally, these depositions were utilized to prepare direct and cross-examination of trial witnesses, opening and closing statements, and trial exhibits and demonstratives. Shaw's deposition costs sought herein total $37,886.33[2] and are itemized below:

| Deponent | Deposition Date | Total Costs |
|---|---|---|
| Albrecht, Jamie | 01/20/10 | $591.84 |
| Allan, Graham | 12/17/09 | $1,062.80 |
| Bonomo, Guy | 08/21/09 | $218.20 |
| Boyle, Brian | 02/05/10 | $1,270.29 |
| Brixius, James | 08/20/08 | $609.45 |
| Burian, Jeffrey | 11/04/09 | $901.59 |
| Cole, Philip | 01/27/10 | $314.59 |
| Compeau, Geoffrey | 01/07/10 | $1,239.65 |
| Coy, Mike | 01/19/10 | $239.21 |
| DeRosa, Christopher | 07/06/09 | $991.00 |
| Dison, Nicole | 01/14/10 | $450.10 |
| Dorris, Nathan | 01/04/10 | $680.10 |
| Dyson, William | 12/21/09 | $227.74 |
| Farber, George | 10/28/09 | $167.13 |
| Field, Charles | 10/20/09 | $514.75 |
| Foltz, James | 01/19/10 | $231.60 |
| Gaeddert, Doug | 11/05/09 | $893.62 |
| Garratt, David | 07/07/09 | $697.60 |
| Green, Faye | 10/16/09 | $523.30 |
| Hewett, Paul | 12/02/09 | $832.45 |
| James, Robert | 01/14/10 | $604.53 |
| Jarrell, Albert | 01/25/10 | $460.45 |
| Keifer, Elton | 11/03/09 | $847.32 |
| Kelman, Bruce | 12/15/09 | $1,325.55 |
| LaGrange, Paul | 10/26/09 | $910.60 |
| Larson, Stanley | 08/20/09 | $85.80 |
| Little, Joseph | 06/23/09 | $519.55 |
| Mallet, Al | 01/12/10 | $2,915.55 |
| Marsh, Tyshone | 01/14/10 | $337.05 |
| McNeese, Martin | 07/14/09 | $403.25 |

---

[2]   Shaw's invoices for deposition costs are attached hereto as Exhibit "A."

| Deponent | Deposition Date | Total Costs |
|---|---|---|
| Miller, Lawrence | 11/10/09 | $912.60 |
| Moore, C. David | 10/27/09 | $1,918.75 |
| Morris, Travis | 12/29/09 | $162.96 |
| Nelson, Norm | 12/23/09 | $376.27 |
| Osteraas, John | 12/16/09 | $1,384.85 |
| Polk, Mark | 12/22/09 | $430.59 |
| Porter, David | 07/08/09 | $519.20 |
| Ritter, Ervin | 12/09/09 | $583.75 |
| Robbins, Coreen | 12/14/09 | $2,187.50 |
| Scott, William | 11/13/09 | $573.35 |
| Shwery, Edward | 11/09/09 | $579.75 |
| Smith, Kenneth | 12/04/09 | $461.60 |
| Smulski, Stephen | 01/29/10 | $480.55 |
| Snell, Donald | 12/22/09 | $758.26 |
| Souza, Kevin | 07/15/09 | $586.70 |
| Spector, Richard | 10/29/09 | $554.60 |
| Thompson, John | 01/08/10 | $447.70 |
| Watson, Tony | 12/21/09 | $226.74 |
| Wedner, James | 01/25/10 | $499.55 |
| Williams, Patricia | 12/03/09 | $940.65 |
| Wright, Bobbie | 01/05/10 | $668.80 |
| Wright, Lyndon | 07/10/09 | $875.05 |
| Wright, Michelle | 01/05/10 | $118.90 |
| Young, Edith | 01/22/10 | $571.00 |
| **TOTAL** | | **$37,886.33** |

Shaw is also entitled to an award of costs of $15,056.20[3] for daily trial transcripts, which, in this case, were necessary to prepare direct and cross-examinations of witnesses, directed verdict and other trial motions, and to track the numerous exhibits admitted into evidence. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (affirming district court's finding that daily trial transcripts were properly taxed as costs, because they were "not obtained primarily for the convenience of the parties, but were necessarily obtained for use in this case");

---

[3]  Shaw's invoices for daily trial transcripts are attached hereto as Exhibit "B."

5

*Bolton v. Tesoro Petroleum Corp.*, 871 F.2d 1266, 1278 (5th Cir. 1989) (finding that fees for four copies of the daily transcript were allowable under 28 U.S.C. § 1920, but that 11-12 copies were excessive, as anything more than four copies was for the "sole convenience of the parties"); *Machesney v. Larry Bruni, M.D., P.C.*, 905 F. Supp. 1122, 1137 (D.D.C. 1995) (in complex litigation trial transcripts are necessary to ensure a well-presented case); *Griffith v. Mt. Carmel Med. Ctr.*, 157 F.R.D. 499, 506 (D. Kan. 1994) (taxation of costs for daily trial transcripts permitted under § 1920(2) where use of transcripts was reasonably necessary and not a mere convenience to counsel). As Shaw's use of the daily transcripts was necessary and not a mere convenience to counsel, these costs are properly taxed.

2.   **Shaw is Entitled to an Award of $1,858.99 Pursuant to 28 U.S.C. § 1920(3).**

Shaw seeks fees totaling $1,858.99[4] for "disbursements for printing and witnesses." 28 U.S.C. § 1920(3) authorizes the taxation of costs for witness fees, and 28 U.S.C. § 1821 sets the amount that is recoverable. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). "Under 28 U.S.C. § 1821, a party may recover attendance fees for witnesses at trial or in a deposition, and for the time necessarily occupied in going to and returning from the place of the trial or deposition, in the amount of $40.00 per day. § 1821 also allows taxation for reasonable travel, lodging, and subsistence costs for a witness during this period." *Finisar Corp. v. DirecTV Group, Inc.*, 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006). *See also United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558 (5th Cir. 2005).

Shaw is entitled to $200.00 in attendance fees under § 1821(b) for Dr. John Osteraas [$160.00 for 4 days @ $40.00/day] and Dr. Geoffrey Compeau [$40.00]. Additionally, in

---

[4]   Shaw's invoices and support for witness fees are attached hereto as Exhibit "C."

connection with his trial testimony, Dr. Osteraas' travel expenses of $1463.74 and subsistence allowance of $195.25 are properly awardable pursuant to § 1821(c) and (d). Shaw's requested witness fees of $1,858.99 are reasonable, fully documented (*see* Exhibit C), and should be taxed as costs.

### 3. Shaw is Entitled to an Award of $9,118.79 Pursuant to 28 U.S.C. § 1920(4).

28 U.S.C. § 1920 (4) authorizes the Court to award fees to a prevailing party for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Shaw seeks fees under section 1920(4), totaling $9,118.79,[5] representing costs of reproducing the relevant documents and exhibits necessarily obtained for use in this case. Importantly, this amount is only a fraction of the total reproduction costs incurred by Shaw in defending the lawsuit filed by plaintiff. Shaw has *not* sought costs for multiple copies of documents, attorney correspondence, or copies made solely for the convenience of counsel.

Rather, the costs sought pursuant to § 1920(4), as set forth in Exhibit D, include in-house and outside/vendor copy costs necessarily obtained for use in the litigation – all of which are properly taxable as costs. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). Included in the amount requested is Shaw's cost of producing documents in discovery in electronic format. "Recent decisions accounting for technological advances in document storage and retrieval have found that electronic scanning of documents is the modern-day equivalent of 'exemplification and copies of paper,'" and, therefore, can be taxed pursuant to § 1920(4). *Rundus v. City of Dallas*, 2009 WL 3614519 at *4 (N.D. Tex. Nov. 2, 2009) (citing *Brown v.*

---

[5]   Shaw's invoices and support for exemplification and copy costs are attached hereto as Exhibit "D."

*McGraw-Hill Cos., Inc.*, 526 F. Supp. 2d 950, (N.D. Iowa 2007) and *BDT Prods., Inc. v. Lexmark Int'l, Inc.,* 405 F.3d 415, 420 (6th Cir. 2005)). Judge Fallon's decision in *One River Place Condominium Assn., Inc. v. Axis Surplus Ins. Co.*, 2010 WL 235028 at *2 (E.D. La. Jan. 14, 2010), is instructive on this point:

> Discovery can often lead to voluminous document exchange. Today's technologies allow counsel to exchange "copies" of those documents electronically, reducing time and cost. [Prevailing plaintiff's] costs to copy over 10,000 documents which [defendant] sought to discover would be a recoverable cost. There is no indication that the cost of producing these documents electronically was more expensive, or that it occurred in conjunction with what would be a duplicative cost of sending paper copies as well. This court will not punish [plaintiff] for choosing the more efficient, electronic method of producing copies. [Plaintiff]'s document imaging costs are recoverable under § 1920.

Accordingly, Shaw is entitled to recover its costs of $9,118.79 or exemplification and copies of materials necessarily obtained for use in this litigation.

### 4. Shaw is Entitled to Reimbursement of $9,921.58 for Audio/Visual Trial Support Costs.

A significant portion of Shaw's costs incurred in presenting its case at trial was for audio/visual expenses.[6] The use of an audio/visual support technician was both reasonable and necessary in this case in order to comply with the Court's repeated directives to efficiently present the evidence involving complex issues of fact and law, with over forty witnesses and over one thousand exhibits. These expenses incurred by Shaw are properly taxed as costs for the same reasons the Court in *Finisar Corp. v. DirecTV Group, Inc.*, awarded over $18,000 in audio/visual expenses associated with that trial:

---

[6] Shaw's invoices for audio/visual trial support costs are attached hereto as Exhibit "E."

> From the beginning the Court stressed to all parties that they needed to agree upon an efficient method to present the case. Both sides used professional trial technicians to present nearly every aspect of the case. The court deems the technology used at this trial necessary and reasonable.

2006 WL 2699732 at *2 (E.D. Tex. Aug. 4, 2006), *citing J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985).

## **CONCLUSION**

For the foregoing reasons, Shaw Environmental, Inc. respectfully requests that an award of costs in the amount of $73,841.89 be assessed in its favor against Plaintiff Lyndon Wright.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
rcheatwood@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
cthigpen@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT,
SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of July, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

      /s/ M. David Kurtz
      M. DAVID KURTZ