UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| | * |
| | * |
| IN RE: FEMA TRAILER | * MDL NO. 1873 |
| FORMALDEHYDE | * |
| PRODUCT LIABILITY LITIGATION | * SECTION "N" |
| | * |
| | * JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: 09-8666 | * |
| (*Payton*) | * MAGISTRATE CHASEZ |
| | * |
| | * |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * |

**AFFIRMATIVE DEFENSES AND ANSWER TO "SUPPLEMENTAL AND AMENDING
COMPLAINT PURSUANT TO PRETRIAL ORDER NO. 40 (Rec Doc. 1781)"**

Defendant Davis Professional Accounting Services LLC ("Davis") submits the

following Affirmative Defenses and Answer to the Supplemental and Amending Complaint

Pursuant to Pre-Trial Order No. 40 (Rec. Doc. 1781) filed in Case No. 09-8666 (hereinafter "the

Amended Complaint").   The Introductory Paragraph to the Amended Complaint contains

conclusions of law and/or fact that do not require a response.   In an abundance of caution, Davis

denies the allegations.   Davis further denies the allegations set forth in Exhibit A for lack of

information sufficient to justify a belief therein.

## AFFIRMATIVE DEFENSES

Davis asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint does not state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Granting the relief sought by Plaintiffs would result in unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack a right of action, capacity, and/or standing to bring some or all of the claims asserted in the Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because they have failed to join indispensible parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure art. 641.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Government Contractor Defense.

## SIXTH AFFIRMATIVE DEFENSE

Davis adopts and incorporates by reference the affirmative defenses asserted by other defendants to this action to the extent that any such affirmative defense applies to Davis, and gives notice that it intends to rely upon any other defense that may become available during these proceedings, and Davis hereby reserves its right to amend its answer to assert any such defense.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, unclean hands, ratification, or estoppel.

1022776v.1

### EIGHTH AFFIRMATIVE DEFENSE

Davis affirmatively alleges that to the extent Plaintiffs have settled or should settle hereafter for any of the alleged injuries and damages with any persons, whether parties or non-parties, Davis is entitled to a credit and/or offset in the amount of the settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

### NINTH AFFIRMATIVE DEFENSE

Davis affirmatively objects to any claims asserted against it under the laws of the States of Texas, Alabama, or Mississippi.  Davis is not and was not at any point in time relevant to these proceedings licensed to do business in those states, and did not contract with FEMA to perform any services in those states.

### TENTH AFFIRMATIVE DEFENSE

The Amended Complaint does not present a justiciable case or controversy between Davis and Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims have prescribed and/or are barred by peremption.

### TWELFTH AFFIRMATIVE DEFENSE

Neither Davis nor its agents had any general or specific duties to the recipients under the facts alleged in the Amended Complaint.  Further, assuming *arguendo* that either and/or both Davis and its agents had general and/or specific duties to Plaintiffs under the facts alleged, no such duties were breached.

### THIRTEENTH AFFIRMATIVE DEFENSE

Davis avers that the Plaintiffs have not been damaged as a result of any alleged wrongdoing on the part of Davis or any of its agents or representatives.  If Plaintiffs suffered any

1022776v.1

damage, as alleged, such damage was caused in whole or in part by the action or inaction of persons or entities (whether parties or non-parties) for whom Davis is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Davis avers that if any of the Plaintiffs' damages are a result of a failure by recipients to take reasonable steps to mitigate the loss, those damages are not recoverable from Davis.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The allegations contained in the Amended Complaint are vague and ambiguous and call for a more definite statement of the causes of action and damages sought therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any compensable damages as a result of Davis' alleged conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have improperly joined and cumulated parties, claims, alleged causes of action and defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

Davis affirmatively pleads all conditions precedent, conditions subsequent, indemnities and limitations set forth in its contracts and/or subcontracts relevant to these proceedings as a defense to the Plaintiffs' claims.

1022776v.1

## TWENTIETH AFFIRMATIVE DEFENSE

Davis hereby invokes and adopts all affirmative and constitutional defenses available to it or the laws of other jurisdictions that may be subsequently determined to apply to this action, and Davis hereby reserves its right to amend its answer to assert any such defense.

## ANSWER

Subject to and without waiving the above-listed affirmative defenses, Davis responds to the numbered allegations of the Amended Complaint.  All allegations not expressly and explicitly admitted are denied.

1.

A.      Davis denies the allegations of Paragraph 1(A) for lack of information sufficient to justify a belief therein.

B.      Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 1(B) in their entirety.  Davis further denies the allegations of Paragraph 1(B) as they pertain to other defendants for lack of information sufficient to justify a belief therein.

C.      Davis denies the allegations of Paragraph 1(C) for lack of information sufficient to justify a belief therein.

2.

Davis denies the allegations of Paragraph 2 for lack of information sufficient to justify a belief therein.

1022776v.1

3.

Davis admits that Plaintiffs seek to recover damages in excess of $75,000.00, exclusive of interest and costs, but denies that Plaintiffs have suffered these damages as a result of any conduct by Davis, and further denies that Plaintiffs are entitled to recover these damages from Davis.

4.

The allegations of Paragraph 4 are conclusions of law that do not require a response.

5.

The allegations of Paragraph 5 are conclusions of law that do not require a response.

6.

Davis denies the allegations of Paragraph 6 for lack of information sufficient to justify a belief therein.

7.

The allegations of Paragraph 7 are conclusions of law and/or fact that do not require a response. Davis admits, however, that it is a limited liability company licensed to do business in the State of Louisiana and further admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. The contract is the best evidence of its terms. The allegations regarding the conduct of other defendants are denied for lack of information sufficient to justify a belief therein.

1022776v.1

8.

The allegations of Paragraph 8 are conclusions of law and/or fact that do not require a response.

9.

Davis admits that Plaintiffs seek compensatory, statutory, and punitive damages as a result of alleged wrongful conduct, but denies that it engaged in any alleged wrongful conduct and further denies that Plaintiffs are entitled to any recoveries sought from Davis in the Amended Complaint or in any prior complaints.

10.

Davis denies the allegations for lack of information sufficient to justify a belief therein, but admits that FEMA provided temporary housing units to persons displaced by Hurricanes Katrina and/or Rita.

11.

Davis denies the allegations of Paragraph 11 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the U.S. Department of Housing and Urban Development ("HUD") or the Center for Disease Control and Prevention ("CDC") speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

12.

Davis denies the allegations of Paragraph 12 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by HUD or the CDC speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

1022776v.1

13.

Davis denies the allegations of Paragraph 13 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by HUD or the CDC speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

14.

Davis denies the allegations of Paragraph 14 for lack of information sufficient to justify a belief therein.

15.

Davis denies the allegations of Paragraph 15 for lack of information sufficient to justify a belief therein.

16.

Davis denies the allegations of Paragraph 16 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

17.

Davis denies the allegations of Paragraph 17 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

18.

Davis denies the allegations of Paragraph 18 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

19.

Davis denies the allegations of Paragraph 19 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

20.

Davis denies the allegations of Paragraph 20 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

21.

Davis denies the allegations of Paragraph 21 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

22.

Davis denies the allegations of Paragraph 22 as they pertain to claims asserted against Davis and denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein. Davis avers, however, that the text of 24 C.F.R. § 3280.309 speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to this statute.

23.

Davis denies the allegations of Paragraph 23 for lack of information sufficient to justify a belief therein. Davis avers, however, that any regulations, reports, and/or findings issued by the National Cancer Institute, the U.S. Environmental Protection Agency ("EPA"), and the Agency for Toxic Substances and Disease Registry ("ATSDR") speak for themselves, and

1022776v.1

Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

24.

Davis denies the allegations of Paragraph 24 for lack of information sufficient to justify a belief therein. Davis avers, however, that any regulations, reports, and/or findings issued by the Occupational Safety and Health Administration ("OSHA") speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

25.

Davis denies the allegations of Paragraph 25 for lack of information sufficient to justify a belief therein. Davis avers, however, that the text of 24 C.F.R. § 3280.308, and any regulations, reports, and/or findings issued by HUD speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents and/or statutes.

26.

Davis denies the allegations of Paragraph 26 for lack of information sufficient to justify a belief therein. Davis avers, however, that the text of 44 C.F.R. § 206.110(e), and any regulations, reports, and/or findings issued by the EPA, ATSDR, and Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents and/or statutes.

1022776v.1

27.

Davis denies the allegations of Paragraph 27 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

28.

Davis denies the allegations of Paragraph 28 for lack of information sufficient to justify a belief therein. Davis avers, however, that the text of 42 U.S.C. § 4121, et seq. ("the Stafford Act") and Public Law 93-288, Title IV, § 408 (1988) speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these statutes.

29.

Davis denies the allegations of Paragraph 29 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

30.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract. Davis denies the remaining allegations of Paragraph 30 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

31.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 31 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

32.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 32 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

33.

Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  Davis further admits that it entered into sub-contracts in relation to said undertakings.  The contract with FEMA and the aforementioned sub-contracts are the best evidence of their respective terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of its contract with FEMA

- 12 -

and/or its sub-contracts.  Davis denies the remaining allegations of Paragraph 33 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

34.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.   The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 34 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

35.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.   The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 35 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

36.

Davis denies the allegations of Paragraph 36 as they pertain to claims asserted against Davis.   Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

37.

Davis denies the allegations of Paragraph 37 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

38.

Davis denies the allegations of Paragraph 38 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

39.

Davis denies the allegations of Paragraph 39 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

40.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract. Davis denies the remaining allegations of Paragraph 40 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

41.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes

Katrina and/or Rita in the State of Louisiana. The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract. Davis denies the remaining allegations of Paragraph 41 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

42.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract. Davis denies the remaining allegations of Paragraph 42 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

43.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract. Davis denies the remaining allegations of Paragraph 43 as they pertain to claims asserted against Davis. Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

44.

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.   The contract is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract. Davis denies the remaining allegations of Paragraph 44 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

45.

Davis denies the allegations of Paragraph 45 as they pertain to claims asserted against Davis.   Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

46.

Davis denies the allegations of Paragraph 46 as they pertain to claims asserted against Davis.   Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

47.

Davis denies the allegations of Paragraph 47 as they pertain to claims asserted against Davis.   Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

48.

Davis denies the allegations of Paragraph 48 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

49.

Davis denies the allegations of Paragraph 49 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

50.

Davis denies the allegations of Paragraph 50 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, statements and/or findings issued by FEMA, DHS, or their respective officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

51.

Davis denies the allegations of Paragraph 51 for lack of information sufficient to justify a belief therein.

52.

Davis denies the allegations of Paragraph 52 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by OSHA speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

1022776v.1

53.

Davis denies the allegations of Paragraph 53 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, statements and/or findings issued by DHS or its officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

54.

Davis denies the allegations of Paragraph 54 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

55.

Davis denies the allegations of Paragraph 55 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

56.

Davis denies the allegations of Paragraph 56 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

57.

Davis denies the allegations of Paragraph 57 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

58.

Davis denies the allegations of Paragraph 58 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any alleged e-mails authored by FEMA, its officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

59.

Davis denies the allegations of Paragraph 59 for lack of information sufficient to justify a belief therein.

60.

Davis denies the allegations of Paragraph 60 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any alleged e-mails authored by FEMA, its officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

61.

Davis denies the allegations of Paragraph 61 for lack of information sufficient to justify a belief therein.

62.

Davis denies the allegations of Paragraph 62 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by ATSDR speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

1022776v.1

63.

Davis denies the allegations of Paragraph 63 for lack of information sufficient to justify a belief therein.

64.

Davis denies the allegations of Paragraph 64 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, correspondence and/or findings issued by the U.S. House of Representatives or any committees or members thereof speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

65.

Davis denies the allegations of Paragraph 65 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, correspondence and/or findings issued by the U.S. House of Representatives or any committees or members thereof speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

66.

Davis denies the allegations of Paragraph 66 for lack of information sufficient to justify a belief therein.  Davis avers, however, that the alleged testimony of Ms. DeVany speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to this testimony.

67.

Davis denies the allegations of Paragraph 67 for lack of information sufficient to justify a belief therein.  Davis avers, however, that the alleged testimony of Ms. DeVany speaks

1022776v.1

for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to this testimony.

68.

Davis denies the allegations of Paragraph 68 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, correspondence and/or findings issued by ATSDR, its officers, or officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

69.

Davis denies the allegations of Paragraph 69 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by ATSDR speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

70.

Davis denies the allegations of Paragraph 70 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

71.

Davis denies the allegations of Paragraph 71 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the National Center for Environmental Health/ATSDR, CDC, the Department of Health and Human Services ("DHHS"), and their respective officers and officials speak for

- 21 -

themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

72.

Davis denies the allegations of Paragraph 72 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the National Center for Environmental Health/ATSDR, CDC, DHHS, and their respective officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

73.

Davis denies the allegations of Paragraph 73 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the National Center for Environmental Health/ATSDR, CDC, DHHS, and their respective officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

74.

Davis denies the allegations of Paragraph 74 for lack of information sufficient to justify a belief therein.

75.

Davis denies the allegations of Paragraph 75 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

- 22 -

76.

Davis denies the allegations of Paragraph 76 for lack of information sufficient to justify a belief therein.

## **COUNT 1**

77.

Paragraph 77 asserts conclusions of law which do not require a response.  In an abundance of caution, Davis denies the allegations of Paragraph 77 for lack of information sufficient to justify a belief therein.

78.

Paragraph 78 asserts conclusions of law which do not require a response.  In an abundance of caution, Davis denies the allegations of Paragraph 78 for lack of information sufficient to justify a belief therein.

79.

Paragraph 79 asserts conclusions of law which do not require a response.  In an abundance of caution, Davis denies the allegations of Paragraph 79 for lack of information sufficient to justify a belief therein.

80.

Davis denies the allegations of Paragraph 80 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

81.

Paragraph 81 asserts conclusions of law which do not require a response.  In an abundance of caution, Davis denies the allegations of Paragraph 81 for lack of information sufficient to justify a belief therein.

82.

Davis denies the allegations of Paragraph 82 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

## COUNT 2

83.

Davis denies the allegations of Paragraph 83 for lack of information sufficient to justify a belief therein.

84.

Davis denies the allegations of Paragraph 84 for lack of information sufficient to justify a belief therein.

85.

Davis denies the allegations of Paragraph 85 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

86.

Davis denies the allegations of Paragraph 86 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

87.

Davis denies the allegations of Paragraph 87 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

88.

Davis denies the allegations of Paragraph 88 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

89.

Davis denies the allegations of Paragraph 89 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

## **COUNT 3**

90.

Davis incorporates its above affirmative defenses and responses as if fully set forth herein.

91.

Davis denies the allegations of Paragraph 91 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

1022776v.1

92.

Davis denies the allegations of Paragraph 92 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

93.

Davis denies the allegations of Paragraph 93 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

94.

Davis denies the allegations of Paragraph 94 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

95.

Davis denies the allegations of Paragraph 95 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

96.

Davis denies the allegations of Paragraph 96 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

## COUNT 4

97.

Davis incorporates its above affirmative defenses and responses as if fully set forth herein.

98.

Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract with FEMA is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of its contract with FEMA.  Davis denies the remaining allegations of Paragraph 98 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

99.

Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract with FEMA is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of its contract with FEMA.  Davis denies the remaining allegations of Paragraph 99 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

100.

Davis denies the allegations of Paragraph 100 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

101.

Davis denies the allegations of Paragraph 101 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

102.

Davis denies the allegations of Paragraph 102 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

103.

Davis denies the allegations of Paragraph 103 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

## COMPENSATORY DAMAGES

104.

Davis admits that Plaintiffs seek to recover damages for, *inter alia*, (1) alleged past and future injuries; (2) alleged past and future mental anguish; (3) alleged past and future physical impairments and disability; (4) alleged past and future medical expenses; (5) alleged past and future lost earning capacity; (6) alleged past and future loss of enjoyment and quality of life; (7) alleged loss of consortium; (8) alleged loss of use of adequate shelter; and (9) general,

special, incidental, and consequential damages.  Davis, however, denies that Plaintiffs are entitled to recover these damages or any other damages sought in the Amended Complaint from Davis.

## REQUEST FOR A JURY TRIAL

This statement is a conclusion of law and/or fact that does not require a response.

## PRAYER FOR RELIEF

Davis admits that Plaintiffs pray for entry of a Judgment granting them, inter alia (1) compensatory damages; (2) legal interest from the date of judicial demand; (3) costs; (4) attorney's fees.  Additionally, Plaintiffs pray for provisions within the Judgment pertaining to (1) alleged past and future injuries; (2) alleged past and future mental anguish; (3) alleged past and future physical impairments and disability; (4) alleged past and future medical expenses; (5) alleged past and future lost earning capacity; (6) alleged past and future loss of enjoyment and quality of life; (7) alleged loss of consortium; (8) alleged out-of-pocket expenses; (9) court costs; and (10) all other general and equitable relief deemed proper.  Davis, however, denies that Plaintiffs are entitled to entry of such a Judgment in their favor or to any other recoveries sought in the Amended Complaint against Davis.

1022776v.1

**WHEREFORE**, after due proceedings had, Defendant Davis Professional Accounting Services LLC prays that there be judgment rendered in its favor dismissing all claims against it at Plaintiffs' cost.

*/s/ Heather S. Lonian*
Wayne J. Lee, 7916
Mary L. Dumestre, 18873
Heather S. Lonian, 29956
            Of
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3200

Attorneys for Davis Professional
Accounting Services LLC

# C E R T I F I C A T E

I hereby certify that a copy of the above and foregoing Affirmative Defenses and Answer has been served upon all counsel of record via the Court's CM/ECF notice of electronic filing this 15th day of July, 2010.

*/s/ Heather S. Lonian*

- 30 -

1022776v.1