UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO ALL CASES | * | MAG. JUDGE CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### JOINT REPORT NO. 17 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC"), Individual Assistance/Technical Assistance Contractor Defendants' Liaison Counsel ("IALC"), U.S. Government Counsel ("GC"), and Insurer Liaison Counsel ("ILC"), subject to a full reservation of rights and defenses, respectfully submit this Joint Report No. 17.

**I.      REPORT OF CLAIMS AND CASE INVENTORY:**

PLC and MDLC report that an estimated 3,500 actions now have been filed, or transferred into this MDL. The attached appendix lists the complaints that were filed or transferred into the MDL since the last Joint Report.

**II.     PLAINTIFF FACT SHEETS (PFS)**

The PSC no longer operates a central claims office. Counsel representing parties are still obligated to comply with the provisions of Pretrial Order Nos. 2 (Rec. Doc. 87) and 32 (Rec. Doc. 1180) (setting forth mandatory deadlines to complete and serve verified Plaintiff Fact Sheets and providing a procedure for dismissal of claims for failure to comply with these deadlines).

1

### III. MOTION PRACTICE

The following Motions are pending:

| | |
|---|---|
| Rec. Doc. 10038 | North American Catastrophe's Motion for Partial Summary Judgment. Taken under advisement on March 10, 2010. |
| Rec. Doc. 10656 | United States of America's Motion to Dismiss the FTCA Claims of All "Alabama Plaintiffs" for Lack of Subject Matter Jurisdiction Based Upon no Analogous Private Liability. Taken under advisement on February 22, 2010. |
| Rec. Doc. 11579 | Northfield Insurance Company Cross-Motion for Summary Judgment Regarding Defense and Indemnity. Taken under advisement on March 10, 2010. |
| Rec. Doc. 11858 | United States of America's Motion to Strike Venue Allegations in Plaintiffs' Third and Fourth Supplemental and Amended Administration Master Complaints |
| Rec. Doc. 11990 | Plaintiffs' Motion to Remand in *Michelle Abrams* |
| Rec. Doc. 11991 | Plaintiffs' Motion to Remand in *Karen Andrews* |
| Rec. Doc. 11992 | Plaintiffs' Motion to Remand in *Pamela Floyd* |
| Rec. Doc. 11993 | Plaintiffs' Motion to Remand in *Pearl Lewis* |
| Rec. Doc. 11994 | Plaintiffs' Motion to Remand in *Eugene Robertson* |
| Rec. Doc. 13421 | Contractor Defendants' Joint Motion to Dismiss Plaintiffs' Third and Fourth Amended Master Complaint |
| Rec. Doc. 13423 | Fluor Motion for Partial Summary Judgment on Pleadings to Dismiss Louisiana Product Liability Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13425 | Contractor Defendants' Joint Motion to Dismiss Louisiana Product Liability Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13426 | Fluor Motion for Partial Summary Judgment on Pleadings on Negligence Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |

| | |
|---|---|
| Rec. Doc. 13428 | Contractor Defendants' Joint Motion to Dismiss Negligence Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13422 | Contractor Defendants' Joint Motion to Dismiss Product Liability Claims |
| Rec. Doc. 13455 | Fluor Motion for Partial Summary Judgment on Pleadings to Dismiss Mississippi Product Liability Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 14197 | Plaintiffs' Motion for Entry of Judgment |
| Rec. Doc. 14272 | Recreation By Design's Motion for Entry of Judgment in *Castanel* |
| Rec. Doc. 14319 | USA's Motion for Review of Taxation of Costs |
| Rec. Doc. 14408 | Plaintiffs' Motion for Extension of Deadlines to Serve Defendants |
| Rec. Doc. 14489 | Plaintiffs' Motion to Extend Time to Serve Defendants |
| Rec. Doc. 14541 | Forest River's Motion to Assess Taxable Costs |
| Rec. Doc. 14545 | Forest River's Motion for an Award of Costs related to Plaintiff's Mold Claims |

**MATTERS ON APPEAL**

| | |
|---|---|
| Fifth Circuit No. 09-30821 | Preemption Appeal, voluntarily dismissed for 180 days; ends on 12/3/10. |
| Fifth Circuit No. 09-31131 | Raymond Bell, III Dismissal |
| Fifth Circuit No. 10-30349 | Alexander Trial Appeal (involves Batson Challenge & LPLA Appeal Issue) |
| Fifth Circuit No. 10-30451 | Christopher Cooper FTCA Appeal |

IV. **MANUFACTURED HOUSING UNIT MANUFACTURERS/NON-LITIGATION "TRACK"**

On January 14, 2010 the Court entered an Order (Rec. Doc. 10291) setting a seventh bellwether trial to begin on October 18, 2010. By Pretrial Order No. 69 dated June 2, 2010, the

October 18, 2010 Bellwether trial involving Palm Harbor was canceled due to Palm Harbor's election to rejoin the non-litigation track.

By Order dated April 20, 2010 (Rec. Doc. 13448), the Court extended the Non-Litigation Track until July 1, 2010. In the event settlement is not finalized between the Plaintiffs' Steering Committee and the remaining Non-Litigation Track Defendants by that date, then those parties must submit nominations for a bellwether plaintiff and manufactured housing defendant for a second Manufactured Housing Bellwether Trial to be scheduled by future orders of this Court.

By Order dated May 4, 2010 (Rec. Doc. 13958), the Court ordered that no later than July 1, 2010, the Non-Litigation Track Defendants and the PSC will file a Joint Preliminary Class Settlement Agreement and Motion to Certify a Settlement Class. Due to delays involving, among other things, the issue of Medicare reimbursement and/or set-asides, the parties to this prospective settlement have jointly requested an extension of these deadlines until August 15, 2010, which has been granted by the Court's Order of July 2, 2010 (Rec. Doc. No. 14615).

V.  **MATCHING PLAINTIFF TO DEFENDANT MANUFACTURER AND FEMA CONTRACTOR**

**COUNSEL REPRESENTING ANY UNMATCHED CLAIMANT MUST FAMILIARIZE THEMSELVES WITH AMENDED PRETRIAL ORDER ("PTO") NO. 68 (Rec. Doc. 14779) AND COMPLY WITH THE REQUIREMENTS SET FORTH THEREIN OR THEIR CLIENTS CLAIMS MAY BE DISMISSED WITH PREJUDICE.**

As stated in the order, PTO 68 was entered to assist those potential claimants for whom matching information has not yet been obtained from the USA by providing a "last chance" process for them to obtain whatever other information is efficiently obtainable from other sources and to provide a date certain by which the matching effort will end. Under this process,

the deadline for obtaining FEMA ID numbers for unmatched claimants from the Government passed on June 15, 2010. The deadline for plaintiffs' counsel to submit matching requests to FEMA also passed on June 15, 2010. Counsel should consult amended PTO 68 to ensure they are aware of the remaining important deadlines under this order. As stated in the order, the Court intends, with the guidance of liaison counsel, to begin entering dismissal orders for failure to comply with the provisions of amended PTO 68 on November 15, 2010.

## VI. DEFENDANT PROFILE FORMS

The manufacturing defendants and the PSC have agreed upon a Defendant Profile Form, and most forms now have been completed. The parties are reviewing the response to determine if any remain outstanding. Non-Litigation Track defendants are not required to complete a Defendant Profile Form. The United States has not agreed to a Defendant Profile Form.

No later than July 21, 2010, the IA/TAC defendants and the PSC shall reach an agreement regarding an appropriate "contractor" defendant profile form; Forms will be completed within twenty (20) days thereafter.

## VII. BELLWETHER TRIALS

A. A total of two Bellwether cases are set for trial at this time. They are as follows:

    1.    *Robin Lewis v. Gulf Stream Coach, Inc.* is scheduled for September 13, 2010. If Mr. Lewis is rendered unable to serve as bellwether plaintiff, the backup will be Easton Charles, Jr. If Mr. Charles is rendered unable to serve as bellwether plaintiff, the backup plaintiff will be Daniel Porter. The parties have agreed to proceed as to a Summary Trial (Rec. Doc. 14327).

2. *Keith Nunnery v. Keystone RV Company* is scheduled for November 8, 2010. Mr. Nunnery has filed suit against Keystone RV Company and CH2M Hill Environmental, Inc. Although Mr. Nunnery's claim against the United States was FEMA Ripe (his administrative claim had been pending for more than six-months or had been denied by FEMA), Mr. Nunnery opted not to amend his Complaint to add the United States as a Defendant by the June 21, 2010 Scheduling Order deadline. The Court selected Vanessa Jiles as the replacement bellwether plaintiff in the event that Mr. Nunnery case was unable to proceed to trial on November 8, 2010. On July 1, 2010, Ms. Jiles voluntarily dismissed her claims against all parties with prejudice.

The PSC has requested that the claims of Mr. Nunnery be tried implementing the summary jury trial procedure developed and detailed in Pre Trial Order Nos. 63 and 64 (Rec. Doc. Nos. 13871 and 13872). Counsel for manufacturing defendant Keystone RV has indicated that their client is still assessing the request.

## VIII. SUMMARY JURY TRIALS

The court has issued Pretrial Orders 63 (Rec. Doc. 13871) and 64 (Rec. Doc. 13872) governing the pre-trial and trial plans for summary jury trials in this MDL.

## IX. CLAIMS AGAINST THE UNITED STATES.

On May 18, 2010, the Court issued an Order and Reasons (Rec. Doc. 14124) and dismissed all simple negligence claims brought by Louisiana plaintiffs against the United States. The Court ruled that under the Federal Tort Claims Act, because La. R.S. 29:733.1 of the

6

Louisiana Homeland Security and Emergency Assistance and Disaster Act would apply to a private person under similar circumstances and abrogates potential liability for negligent or wrongful acts or omission associated with providing temporary emergency housing, the Government is shielded from all FTCA negligence liability. Pursuant to the Court's Order for Louisiana plaintiffs to establish liability and prevail against the Government, they must prove that FEMA's conduct rose to the level of gross negligence or willful and wanton misconduct.

On June 23, 2010, the Court issued an Order and Reasons (Rec. Doc. 14486) and dismissed all claims brought by Mississipi plaintiffs against the United States. The Court ruled that under the Federal Tort Claims Act, because Miss. Code Sec. 33-15-21(b) of the Mississippi Emergency Management Law would apply to a private person under similar circumstances and abrogates potential liability for any wrongful acts or omission associated with providing temporary emergency housing, the Government is shielded from all FTCA liability. For Mississippi claimants, in contrast to Louisiana claimants where the statute reserves claims for gross negligence or willful and wanton misconduct, the Court's Order dismisses all FTCA claims.

## X.   SEVERANCE OF BELLWETHER PLAINTIFFS UNDER FRCP RULE 21

  A. Defendants in all bellwether plaintiff cases request the Court sever the individual bellwether claims from their existing Petitions where necessary.

## XI.   MASTER DISCOVERY

  A. General Discovery

    1. The deposition of the defendant Keystone RV under FRCP 30(b)(6) was commenced on March 31, 2010 but not completed. The completion of this deposition is scheduled for July 21, 2010. The depositions of Keystone

RV representatives Kim Price and Randy Master have been scheduled for July 20, 2010. The 30(b)(6) deposition of the defendant CH2M Hill is scheduled for July 28, 2010. The Court has authorized the PSC's request for up to 200 Individual Assistance files per month. For any such requst, PSC must provide to the United States the following information: (1) the claimant's full name, (2) claimant's FEMA identification number ("FEMA ID"), (3) the disaster at issue, i.e., Hurricane Katrina or Rita, (4) claimant's social security number, (5) the location where the trailer which claimant received was installed, and (6) a Privacy Act waiver. In response, the United States must produce within thirty (30) days a receipt of such a request a copy of the plaintiffs' FEMA Individual Assistance ("IA") File. To date Plaintiffs have requested 275 IA Files from the United States.

B.  Insurance Discovery

Primarily through 30(b)(6) depositions, the PSC will conduct discovery of the Manufacturing Defendants and Individual Assistance/Technical Assistance Contractor Defendants' relevant information concerning insurance coverage for the matters at issue in this litigation. The PSC contemplates that such discovery will proceed as a separate "Insurance Coverage Discovery Track" simultaneously with the General Discovery Track. The Insurer Defendants reserve all rights to object to any proposed Insurance Discovery.

C.  Inspection and Testing Of Temporary Emergency Housing Units.

On January 10, 2010, the United States, consistent with Court's Order, filed a Notice of the Government's Intent to Dispose of 91,891 Temporary Emergency Housing Units located at thirteen (13) FEMA storage facilities. All of the units identified in that Notice have been sold and those units, are no longer available for inspection and testing.

## XII. SETTLEMENT CLAIMS AGAINST FLEETWOOD ENTERPRISES, INC.

Representatives for the Plaintiffs' Steering Committee ("PSC") and Fleetwood Enterprises, Inc. ("Fleetwood") and its liability insurers have reached a full and final settlement. It is agreed that all plaintiffs and related claimants will release and dismiss, with prejudice, any and all claims made against Fleetwood, its manufacturing plants or assembly facilities, Gibraltar Insurance Company, Ltd., Chartis Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Company), Starr Excess Liability Insurance Company, Ltd. and any and all other Fleetwood insurers, and alleged insurers, including but not limited to American International Group, Inc. arising out of alleged formaldehyde exposure in emergency housing units manufactured by Fleetwood companies and provided by FEMA to individuals displaced by Hurricanes Katrina or Rita, to include all Fleetwood travel trailers, mobile homes, manufactured housing units and/or park models used as emergency housing units in this regard.

The claims to be released specifically include (a) any and all claims, suits or actions against Fleetwood currently or to be filed in or transferred into the case of *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*, MDL No. 1873, before the United States District Court, E.D. Louisiana ("MDL"), as well as any and all other claims, causes of actions and lawsuits against Fleetwood arising out of the travel trailer, mobile home, manufactured housing units and/or park models used as emergency or FEMA housing or arising out of related claims of

9

formaldehyde exposure, which have not been transferred to the MDL, including those which are subject to the automatic stay order entered in Fleetwood's bankruptcy proceedings; (b) any and all claims, suits or actions filed against Fleetwood's insurers under the Louisiana Direct Action Statute ("Direct Action Cases") or similar statute, and either currently pending in the MDL or to be filed in or transferred to MDL, as well as any and all other Direct Action Cases arising out of the FEMA/Formaldehyde Travel Trailer use as emergency housing, filed or to be filed within the prescription period against Fleetwood's insurers, which have not been transferred to the MDL; (c) all claims filed in the federal bankruptcy proceedings entitled *In Re: Fleetwood Enterprises, Inc., et al*, Case No. 09-14254-MJ, pending in the U.S. Bankruptcy Court, Central District of California, Riverside Division; and (d) the claims asserted in the case of *Elisha Dubuclet, et al v. Fleetwood Enterprises, Inc.*, USDC No. 07-9228. The Fleetwood manufacturing subsidiaries include but are not limited to Fleetwood Canada, Ltd., Fleetwood Homes of North Carolina, Inc., Fleetwood Homes of Georgia, Inc. and Fleetwood Travel Trailers of Maryland, Inc.

The parties agree that for the settlement to be effective they must execute the necessary settlement documents, including releases and dismissals in a form to be acceptable to representatives of Fleetwood Enterprises, Inc. and its liability insurers in their sole respective discretion. The parties have also agreed to keep the terms, conditions and amount of consideration confidential.

As part of the settlement agreement, plaintiffs and claimants also will dismiss any and all claims against Morgan Buildings and Spas, Inc. ("Morgan") which are filed and pending in the MDL, and which may be filed in or transferred to the MDL as well as any and all other claims, causes of actions, direct actions and lawsuits against Morgan arising out of travel trailer, mobile

home, manufactured housing, and/or park model used as emergency/FEMA housing or arising out of related claims of formaldehyde exposure, which have not been transferred to the MDL, to the extent such claims assert fault on the part of Morgan which is purely vicarious as to, and derivative of, the fault of Fleetwood. However, the claims of plaintiffs against Morgan which are based upon Morgan's independent fault (under the Louisiana Product Liability Act, theories of negligence, etc.) are not released and are fully preserved.

The Bankruptcy Court has entered an Order approving the terms of the settlement. Included in the Court's Order is the approval for the MDL Court to administer the settlement procedure. Counsel for Fleetwood and its insurers is currently making arrangements for the settlement funds to be tendered in escrow and through the trust department of IBERIA BANK. Additionally, the parties are finalizing the comprehensive list of claimants for inclusion in the settlement. All claimants included in the settlement will participate in a binding process for the allocation of the net settlement proceeds, with the authority to assure a fair and objective allocation. This allocation process will be the responsibility of Daniel Balhoff, appointed by the Court as Special Master pursuant to FRCP 53 (see Order of June 11, 2010, Rec. Doc. 14400). Certain motion practice, etc. and factual findings may become necessary in this process in order to address and satisfy recent legal requirements related to Medicare reimbursement.

## XIII. MISCELLANEOUS

A.  As a result of FEMA's disposal of temporary emergency housing units provided to Hurricane Katrina and Rita disaster aid applicants, the government is no longer allowing persons to access FEMA Storage Facilities absent showing of special circumstances.

B.  Based upon a facial review of various retainer agreements between Plaintiffs and Plaintiffs' counsel that have been attached to administrative claims presented to FEMA in connection with this matter, the United States has become aware that a number of Plaintiffs' counsel could potentially prove to be in violation of 28 U.S.C. § 2678 ("Attorney fees; penalty"). Counsel should be aware that under this provision of the Federal Tort Claims Act ("FTCA"):

No attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment rendered pursuant to section 1364 (b) of this title or any settlement made pursuant to section 2677 of this title, or in excess of 20 per centum of any award, compromise, or settlement made pursuant to section 2672 of this title.

As such, Plaintiffs' counsel should be aware, that if a plaintiff were to succeed in attaining a judgment against the United States pursuant to the FTCA, any counsel who "charges, demands, receives, or collects" a fee in excess of 25 percent "in connection with such claim" could be "fined not more than $2,000 or imprisoned not more than one year, or both." 28 U.S.C. § 2678.

C.  John Perry has been appointed as Mediator for the purposes of exploring the potential for global settlement as to any and all defendant manufacturers in this MDL (Rec. Doc. 13236).

> BY:   s/Gerald E. Meunier
> GERALD E. MEUNIER, #9471
> **PLAINTIFFS' CO-LIAISON COUNSEL**
> Gainsburgh, Benjamin, David, Meunier &
> Warshauer, L.L.C.
> 2800 Energy Centre, 1100 Poydras Street
> New Orleans, Louisiana 70163
> Telephone:   504/522-2304
> Facsimile:   504/528-9973

gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK, #18495
**DEFENDANTS' LIAISON COUNSEL**
Duplass, Zwain, Bourgeois,
Pfister & Weinstock
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone:   504/832-3700
Facsimile:    504/837-3119
andreww@duplass.com

s/ Henry T. Miller
HENRY T. MILLER
ADAM BAIN
Senior Trial Counsel
MICHELLE BOYLE
ADAM M. DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys
**ATTORNEYS FOR THE UNITED STATES OF AMERICA**
United States Department of Justice
Civil Division - Torts Branch
1331 Penn. Ave., NW, Rm. 8203-N
Washington, D.C. 20004
Telephone:   202/616-4449
Henry.Miller@usdoj.gov
Michelle.Boyle@usdoj.gov
Adam.Dinnell@usdoj.gov
Jonathan.Waldron@usdoj.gov

s/David Kurtz
DAVID KURTZ
**CONTRACTOR LIAISON COUNSEL**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: 566-5259
Facsimile: 636-5259
dkurtz@bakerdonelson.com

s/Ralph S. Hubbard, III
RALPH S. HUBBARD, III
**CO-LIAISON COUNSEL FOR INSURERS**
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
27th Floor, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130
phone: 504 568 1990
fax: (504) 310-9195
email: rhubbard@lawla.com

s/Charles E. Leche
CHARLES E. LECHE
**CO-LIAISON COUNSEL FOR INSURERS**
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, LA 70130
phone: 504 593 0790
fax: 504 566 4078
email: cleche@dkslaw.com