UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S RESPONSE IN OPPOSITION TO FOREST RIVER INC.'S
MOTION FOR AN AWARD OF COSTS RELATED TO PLAINTIFF'S MOLD CLAIM**

Plaintiff Lyndon T. Wright, by and through the undersigned Counsel, responds in opposition to Forest River Inc.'s Motion for an Award of Costs Related to Plaintiff's Mold Claim (Doc. 14545) and in support would show as follows:

## I.
## INTRODUCTION

Forest River Inc. ("Forest River") seeks an award of costs in the amount of $14,852.17 from Plaintiff Lyndon T. Wright ("Mr. Wright" or "Plaintiff") for expert fees related to mold testing, analysis and expert reports.  These costs are not permissible under 28 U.S.C. §§ 1821 and 1920.

As discussed below, Forest River's Motion for an Award of Costs Related to Plaintiff's Mold Claim should be denied because Forest River's request for costs exceed those allowable under 28 U.S.C. § 1920, (c) balancing factors weigh against an assessment of costs outside those allowed under 28 U.S.C. § 1920, and (d) Forest River has failed to show that an award for excess costs is warranted.  For these reasons, Plaintiff respectfully requests that the Court deny Forest

1

River's Motion for an Award of Costs Related to Plaintiff's Mold Claim (Doc. 14545). In the event this Court awards costs to the Forest River, Plaintiff submits that such costs should be apportioned among all claimants in the MDL.

## II.
## ARGUMENT AND AUTHORITIES

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs are generally to be awarded as a matter of course to the prevailing party, unless the Court directs otherwise. The types of costs awardable under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co., v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Section 1920 permits the following recoverable costs:

(1) Fees of the Clerk and Marshal;

(2) Fees of the Court reporter for all or any part of the stenographic transcript obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily used for use in the case;

(5) Docket fees under § 1923;

(6) Compensation of court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Id.* at 440. Costs not listed in Section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. *Id.;* see also *Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d. 877, 891 (5th Cir. 1993)("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list.")

A.  Forest River's Non Court-Appointed Expert Fees are Not Recoverable under Section 1920.

The costs sought by Forest River related to Plaintiff's mold claim fall outside those allowed under 28 U.S.C. § 1920. Forest River seeks an award of costs in the amount of $14,852.17 for expert fees of Tony Watson, Bill Dyson, James Wedner, and Kenneth Smith related to mold testing, analysis and expert reports. These costs include, but are not limited to, the experts' time reviewing documents, conducting mold testing, making consultations, developing and finalizing expert reports, copy costs, document retrieval costs, technical support costs, travel costs, and meal costs. (*See* Exhibits A through D attached to Forest River's Motion for an Award of Costs Related to Plaintiff's Mold Claim, Docs. 14545-2 through 14545-5).

Pursuant to Rule 54(d)(1), the types of costs awardable to a prevailing party are limited to those enumerated in 28 U.S.C. § 1920. Fed. R. Civ. P. 54(d)(1); *Crawford Fitting Co., v. J.T. Gibbons, Inc*. 482U.S. 437, 441-442 (1987). The express language of Section 1920 permits recovery of expert witness compensation only when expert witness is **court-appointed.** 28 U.S.C. § 1920 (6) (emphasis added); *Tyler v. Union Oil Co*., 304 F.3d 379, 405, n. 16 (5th Cir. 2002). None of Forest River's expert witnesses were appointed by the Court and Forest River does not claim that they were. Notably, Section 1920 does not list what type of "compensation" is taxable for court-appointed experts. Further, Section 1920 does not provide for a party's retained expert's travel and hotel expenses. Generally, the recovery of expert witness fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995).

Costs not expressly listed in Section 1920 may not be taxed against a party unless they are specifically authorized by some other statute or by contract. *Id.; see also Mota v. University of Texas Houston Health Science Ctr*., 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod*

3

*Drilling Corp.*, 5 F.3d. 877, 891 (5th Cir.1993) ("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list").  The costs sought by Forest River for experts Tony Watson, Bill Dyson, James Wedner, and Kenneth Smith, are not authorized under Section 1920 or any other applicable statute.   Specifically, Mr. Watson, Dr. Dyson, Dr. Wedner, and Dr. Smith were not appointed by the Court.  Further, Forest River's request for Mr. Watson's travel, hotel, and meal expenses should be denied since such expenses are not permitted under Section 1920.[1]   In Sum, Forest River is not entitled to recover for expert fees and costs for Mr. Watson, Dr. Dyson, Dr. Wedner, and Dr. Smith and its request for the same should be denied.

B.      Factors Weigh Against Forest River's Request for an Award of Costs.

There are many factors the Court must consider in determining whether to award costs. Few cases in the Fifth Circuit address whether costs should be denied to a prevailing party. But in other circuits, "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party."  10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2668, at p. 234 (1998).  Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.*; *see also Singleton,* 214 F.3d at 539.  Many courts in other jurisdictions also deny costs if "the losing party prosecuted the action in good faith." Wright, Miller & Kane § 2668, at 238.  Any of these factors, if present, may warrant the denial of a motion by the prevailing party to tax costs. *Singleton,* 214 F.3d at 539.

---

[1] Tony Watson's travel, hotel, and meal expenses total $4,502.17. (*See* Exhibit A attached to Forest River's Motion for an Award of Costs Related to Plaintiff's Mold Claim, Doc. 14545-2).

4

The most dominant factors this Court must consider are Plaintiff Lyndon Wright's limited financial resources, the complexity of legal issues presented in this case, the substantial benefit conferred to the public, and the Defendants' enormous financial resources. As discussed in Plaintiff's Response to Defendant United States of America's Motion for an Award of Costs, Mr. Wright does not have the financial resources to pay the full measure of a Bill of Costs, nonetheless multiple Bills of Costs.[2] (See Docs. 12963, pp. 11-12 and 12963-1, hereby incorporated herein). Due to the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear all costs.

Additionally, this case is a complex and "extraordinary" case with widespread implications, especially given that Plaintiff is one of over one-hundred-thousand people who resided in FEMA trailers in Louisiana, Mississippi, Alabama and Texas as a result of Hurricanes Katrina and Rita. *See Association of Mexican-American Educators*, 231 F.3d at 593; S*tanley v. University of So. Calif.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999). To award costs against Mr. Wright would have the chilling effect of discouraging future bellwether plaintiffs in this litigation and future cases. *See, e.g., Association of Mexican-American Educators*, 231 F.3d at 593. Indeed, this Court has already recognized that one bellwether plaintiff should not be solely financially responsible for bringing his or her case to trial and that the costs should be spread among the other claimants within the MDL. (*See* Order dated April 16, 2010, Doc. 13323). Finally, Defendants, including the Forest River, appear to have vast financial resources devoted to this litigation given their willingness to litigate numerous "bellwether trials" and hire expensive experts in their defense. For these reasons, it would be inequitable and unjust to award full costs against Mr. Wright.

---

[2] In addition to the instant motion, Plaintiff Wright also faces Forest River, Inc.'s Motion to Assess Taxable Costs (Doc. 14541), Shaw Environmental, Inc.'s Motion to Assess Taxable Costs (Doc. 14754), and the United States of America's Motion for Review of Taxation of Costs (Doc. 14319).

C.	Forest River's Request for Excess Costs Are Meritless and Unsupported.

In limited circumstances, a court may award costs in excess of what is allowed under Section 1920. Such circumstances include when a party acts in willful disobedience of a court order; or when a party had acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *U.S. for use of Wallace v. Flintco Inc.*, 143 F.3d 955, 972 (5th Cir. 1998), *citing International Woodworkers of Am. v. Champion Int'l Group*, F.2d 1174, 1175-76 (5th Cir. 1986) (en banc), *aff'd sub nom. Crawford*, 482 U.S. 473. None of the above circumstances exist in this case.

There is no evidence that Plaintiff or his counsel ever disobeyed a court order, much less did so willfully. There is no evidence that Plaintiff or his counsel brought Plaintiff's claims against FEMA or his mold claim against Defendants in bad faith or for inappropriate reasons. And there is no evidence that Plaintiff's counsel acted with bad faith, improper motive or with reckless disregard to a duty owed to this Court. There were legitimate reasons to bring the mold claim, as Plaintiff's trailer contained mold and his health problems were consistent with symptoms associated with exposure to mold. The PSC used their best professional judgment and legal strategy to defend Mr. Wright in this case. Simply because Plaintiff's mold claims were dismissed does not mean that the claims were brought in bad faith. The lack of success on Mr. Wright's mold claims does not warrant an award of excess costs or sanctions against him. Not overlooking the Court's instructions regarding burden of proof, Plaintiff's Counsel diligently pursued Mr. Wright's claims as expected of any reasonable attorney. Mr. Wright should not be penalized with excessive costs outside those expressly stated in the applicable rules and statutes.

D.	Any Additional Costs Should be Apportioned Against All Claimants in the MDL

In the event this Court determines additional costs are appropriate, Plaintiff submits that such costs should be apportioned among all claimants in the MDL on a *pro rata* basis. Because

6

of the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear the costs of Tony Watson, Bill Dyson, James Wedner, and Kenneth Smith's expert fees. Mr. Wright was selected as a bellwether plaintiff to assist in the adjudication of over 90,000 plaintiffs participating in the FEMA Formaldehyde Products Liability Litigation, MDL No. 07-1873. As a representative of the plaintiff population, Plaintiff received attention and resources from the Plaintiffs' Steering Committee for the purpose of benefiting all plaintiffs and with the intention of utilizing the information gained for future trials.

Because of the representative nature of this matter, individually and as part of the MDL, it would be unfair to tax Mr. Wright for the tremendous expenses incurred on behalf of, and in the further interest to the entire plaintiff population of the MDL. Thus, Plaintiff respectfully requests that this Court refrain from assessing any costs against Plaintiff individually, and instead assess such costs against the plaintiff population.

## IV.
## CONCLUSION

WHEREFORE, Plaintiff Lyndon Wright respectfully requests that the Court decline Forest River's Motion for an Award of Costs Related to Plaintiff's Mold Claim.  Alternatively, Plaintiff Lyndon Wright respectfully requests that the Court reduce Forest River's request for costs by the amounts that are not recoverable under 28 U.S.C. §§ 1821 and 1920.  Plaintiff respectfully prays that this Court include express language in its judgment limiting any costs assessed to only those enumerated under 28 U.S.C. §§ 1821 and 1920.  Plaintiff further requests that should the Court choose to assess costs, such costs should be assessed against the plaintiff population as a whole.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com


       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820
       RAUL BENCOMO, #2932
       FRANK D'AMICO, #17519
       MATT MORELAND, #24567
       LINDA NELSON, #9938
       MIKAL WATTS, Texas # 20981820
       ROBERT BECNEL
       DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 20, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                          s/Gerald E. Meunier
                                          GERALD E. MEUNIER, #9471