UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO FOREST RIVER INC.'S
MOTION TO ASSESS TAXABLE COSTS**

Plaintiff Lyndon T. Wright, by and through the undersigned Counsel, responds in opposition to Forest River Inc.'s Motion to Assess Taxable Costs (Doc. 14541) and in support would show as follows:

**I.
INTRODUCTION**

Forest River Inc. ("Forest River") seeks an award of costs in the amount of $215,842.50 from Plaintiff Lyndon T. Wright ("Mr. Wright" or "Plaintiff") for: 1) deposition and trial transcript expenses; 2) witness fees associated with deposition and trial testimony; 3) travel expenses of witnesses; 4) copying expenses; 5) expenses for procurement of certain records of plaintiff; 6) expenses associated with the electronic production of documents; 7) expenses associated with audiovisual support experts; and 8) expenses associated with destructive testing. Much for these costs are not permissible under 28 U.S.C. §§ 1821 and 1920.

As discussed below, Forest River's Motion to Assess Taxable Costs should be denied because (a) Forest River's request for costs exceed those allowable under 28 U.S.C. §§ 1821 and

1

1920, (b) balancing factors weigh against an assessment of costs outside those allowed under 28 U.S.C. § 1920, and (c) Forest River has failed to show that an award for excess costs is warranted.  For these reasons, Plaintiff respectfully requests that the Court deny Forest River's Motion to Assess Taxable Costs (Doc. 14541).  In the event this Court awards costs to Forest River, Plaintiff submits that such costs should be apportioned among all claimants in the MDL.

## II.
## ARGUMENT AND AUTHORITIES

**1.   The Costs Sought By Forest River are Excessive and Unnecessary**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs are generally to be awarded as a matter of course to the prevailing party, unless the Court directs otherwise. The types of costs awardable under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co., v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  Section 1920 permits the following recoverable costs:

(1)   Fees of the Clerk and Marshal;

(2)   Fees of the Court reporter for all or any part of the stenographic transcript obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and copies of papers necessarily used for use in the case;

(5)   Docket fees under § 1923;

(6)   Compensation of court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford*, 482 U.S. at 440.  Costs not listed in Section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract.  *Id.*; *see also Mota v. University of Texas Houston Health*

*Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d. 877, 891 (5th Cir.1993)("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list.")  "Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Cooper Liquor, Inc. v. Adolph Coors Company*, 684 F.2d 1087, 1099 (5th Cir).  In order to obtain costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.  *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995); *see Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).

Plaintiff will address each of Forest River's requests for costs under Section 1920 in turn.

**A. Deposition Costs & Trial Transcripts**

Forest River seeks costs of $63,180.46 associated with depositions and daily trial transcripts. Forest River's claimed deposition costs associated with this case are $47,304.36. Forest River's claimed costs associated with the daily trial transcripts are $15,876.10.

i.    Deposition Transcripts and Additional Costs

Forest River seeks $47,304.36 in deposition costs, a sum that includes unrecoverable "additional" costs.  Section 1920(2) provides for recovery of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."   28 U.S.C. §1920(2).   It does not contemplate the recovery of additional costs associated with depositions.

The Fifth Circuit recently stated that videotapes or DVDs of depositions are not recoverable costs:

> The court erred in taxing the University with the cost of videotaped depositions. We have observed that "28 U.S.C. § 1920(2) only allows for the recovery of '[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.' There is

> no provision for videotapes of depositions." This reading is consistent with the text of 28 U.S.C. § 1920(2) and the Supreme Court's admonition that we strictly construe this provision.

*Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529-30 (5th Cir. 2001)(citing *Crawford Fitting Co.*, 482 U.S. at 441-42); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir.1998)(same).

Additionally, a party may not normally recover costs for an expedited deposition transcript. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). The Court noted that:

> [w]e have previously held that the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript. The same reasoning applies to a copy of a deposition obtained on an expedited basis.

*Id.*

Courts have also held that "additional charges for such items as minuscripts, keyword indices, ASCII disks, exhibits, and postage are delivery … [are not taxable] because they are [for] the convenience of counsel." *Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp.2d 1065, 1080 (D. Kan 2005); *see also Irwin Seating Co. v. International Business Machines Corp.*, 2008 WL 1869055, at *4 (W.D. Mich. Apr. 24, 2008) (removing costs for the "extra costs associated with deposition transcripts, including "live note hookup," expedited transcripts, condensed transcripts, ASCII diskettes, mini-transcripts, rough drafts, e-transcripts").

Section 1920 does not allow for recovery of "sync" fees or costs related to video-taping. Forest River does not offer any authority in support of these claims. Since these fees are not enumerated in Section 1920, they should not be allowed. *Crawford Fitting Co.*, 482 U.S. at 441-442; *Coats*, 5 F.3d. at 891.   Finally, costs of depositions taken purely for discovery or

investigative purposes, rather than for trial preparation or trial use, ordinarily are not recoverable. *Coats*, 5 F.3d at 891.

As stated above, Forest River requests $47,304.36 in deposition costs associated with this case. These deposition costs include "extra" or "additional" costs such as videographer fees, DVD copies, condensed transcripts, synchronization costs, M-Peg encoding, key word indices, signature fees, e-transcripts, postage, expedited costs, etc. (*See* Exhibit B attached to Forest River's Motion to Assess Taxable Costs, Docs. 14541-3 through 14541-7). For example, Forest River seeks $416.25 in video costs for Christopher DeRosa's deposition in addition to the $991.00 for a copy of the deposition transcript. (*See* Exhibit B-1 at pp. 2 and 9 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3). Below are additional examples of Forest River's "extra" unrecoverable costs. This list is not inclusive of all extra costs incurred at the behest of Forest River.

- Guy Bonomo Deposition: DVD copy of - $75.00 (*See* Exhibit B-1 at p. 10 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3)

- Brian Dekle Deposition: DVD copy - $130.00 (*See* Exhibit B-1 at p. 13 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3)

- Edith Young Deposition: DVD copy - $135.00; Shipping costs for DVD - $35.00 (*See* Exhibit B-1 at p. 14 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3)

- Brian Boyle Deposition: DVD copies (3 copies) - $150.00; Fed-Ex shipping costs for DVDs - $43.24 and $33.17 (*See* Exhibit B-1 at p. 15 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3)

- Coreen A. Robbins Deposition: "Videographer Medical Copy" services - $735.00 (*See* Exhibit B-1 at p. 20 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3)

- Bruce Kelman Deposition: "Videographer Media Copy" services - $440.00 (*See* Exhibit B-1 at p. 22 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3)

- Graham Allan Deposition: "Videographer Media Copy" - $340.00 (*See* Exhibit B-1 at p. 25 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-3)

- Michael Lapinski Deposition: "Synchronized video on DVD" - $213.75 (*See* Exhibit B-2 at p. 2 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-4)

- Martin McNeese Deposition: "Synchronized video on DVD" - $123.75 (*See* Exhibit B-2 at p. 3 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-4)

- Dr. Richard Spector Deposition: Video Services - $532.50 (*See* Exhibit B-2 at p. 4 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-4)

- Robert C. James Deposition: Expedited mailing costs (2nd Day Air) for Transcript - $11.93 (*See* Exhibit B-2 at p. 6 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-4)

- Stanley Larson Deposition: Copy of Video - $140; M-Peg Encoding - $100 (*See* Exhibit B-2 at p. 15 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-4)

- Donald Snell Deposition: Compressed Transcript - $32.25; Keyword Index - $7.00; ASCII disk - $10.00; Signature Fee - $10.00; E-Transcript - $25.00; Exhibits Scanned - $172.50; Postage - $13.50 (*See* Exhibit B-3 at p. 2 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-5)

- Norm Nelson Deposition: Compressed Transcript - $14.55; Keyword Index - $3.50; ASCII disk - $10.00; Signature Fee - $10.00; E-Transcript - $25.00; Exhibits Scanned - $16.50 (*See* Exhibit B-3 at p. 2 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-5)

- James Polk Deposition: Compressed Transcript - $17.10; Keyword Index - $4.50; ASCII disk - $10.00; E-Transcript - $25.00; Exhibits Scanned - $30.00 (*See* Exhibit B-3 at p. 3 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-5)

- Geoffrey Compeau Deposition: One Copy of Video - $250.00 (*See* Exhibit B-4 at p. 2 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-6)

- John W. Thompson Deposition: One Copy of Video - $130.00 (*See* Exhibit B-4 at p. 8 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-6)

- Kenneth Smith Deposition: One Copy of Video - $70.00 (*See* Exhibit B-4 at p. 15 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-6)

This is not by any means a complete summary of all erroneous costs sought by Forest

River.  As discussed above, these "extra" costs are not recoverable.  Forest River has failed to

show how the extra costs incurred were necessary for use in this case and not for the convenience of counsel. Accordingly, Forest River's request for deposition costs should be reduced by the amount of "extra" costs incurred at the behest of Forest River's counsel. Forest River should also be required to submit a new request for costs which properly meets its burden, itemizing its deposition transcript costs and omitting the amount of "extra" or "additional" costs associated with such depositions.

ii.   <u>Daily Transcripts</u>

Section 1920 does not contemplate the recovery of costs for trial transcripts. 28 U.S.C. §1920(2). And contrary to Forest River's position, the Fifth Circuit ordinarily does not allow for the recovery of costs associated with trial transcripts. "It is the rule in the Fifth Circuit that a copy of a transcript of the trial evidence obtained by counsel for use during trial is not a taxable item." *See Hiller v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87,87 (N.D. Ga. 1973) (emphasis supplied); *United States v. Lynd*, 334 F.2d (5th Cir. 1964); *Carmichael v. Allen*, 267 F. Supp. 985 (N.D. Ga. 1965); *Department of Highways v. McWilliams Dredging Co.*, 10 F.R.D. 107 (W.D. La. 1951), *aff'd*, 187 F.2d 61 (5th Cir. 1951). The Court may not award transcript fees when used merely for attorney convenience." *Bats, Inc. v. Vector Pipeline LP*, 222 F.R.D. 356, 359 (D. Ind. 2004); *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983).

As the court, in *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481, 484 (E.D. La. 1990), explained:

> Daily transcripts of trial proceedings are not customary. In this case, the parties infrequently referred to the daily transcripts during testimony. Considering that the trial lasted eight weeks, it is likely that the lawyers personally used the daily transcripts to refresh their memories of past testimony. Any one of the lawyers sitting with trial counsel could have taken notes for that purpose. Both trial attorneys in this case are partners in

7

> large law firm with extensive staff support. Accordingly, the court finds
> that the daily transcripts were obtained primarily for the convenience of
> the lawyers are were not necessarily obtained for use in that case.

*See also In re Nissan Antitrust Litigation*, 577 F.2d 910, 918 (5th Cir. 1978), *cert denied*, *P.D.Q.,*

*Inc. of Miami v. Nissan Motor Corporation in U.S.A*., 439 U.S. 1072 (1979); *Harris Corp. v.*

*Sanyo N. Am. Corp.*, 2002 U.S. Dist LEXIS 3608 (N.D. Tex., Mar. 4, 2002).

Courts within this judicial district agree:

> Daily transcripts are not routinely prepared. In this case, there was little
> occasion for the Court or the jury to make use of the daily transcripts, and
> post-trial findings of fact were not necessary. The Court finds that the
> daily transcripts were a luxury item obtained primarily for the convenience
> of counsel and were not necessarily obtained for use in the case.
> Accordingly, $45,435.90 will be deducted from the costs taxed to the
> plaintiffs.

*Industrial Risk Insurers v. New Orleans Public Service, Inc*., 1991 U.S. Dist. LEXIS 259 (E.D.

La. 1991).

To have any basis on which to award the cost of daily transcripts under any

circumstances, the Fifth Circuit has required that a court find both that such transcripts were "not

obtained primarily for the convenience of the parties but were "necessarily obtained for use in

this case." *Fogleman*, 920 F.2d at 286; *Bolton v. Resoro Petroleum Corp*., 871 F.2d 1266, 1278

(5th Cir. 1989); *Studiengesellschaft Kohle v. Eastman Kodak Co*. 713 F.2d 128, 133 (5th Cir.

1983). A finding of necessity is a factual finding [*Studiengesellshaft*, 713 F.2d at 133] on which

the defendant bears the burden of proof. *Fogleman*, 920 F.2d at 286; *Datapoint*, 1998 U.S. Dist.

LEXIS 10897.

Forest River's claimed costs associated with the daily trial transcripts are $15,876.10.

These costs include (1) original and one copy of daily transcripts plus original and one copy of

realtime feeds of afternoon sessions on March 15th through March 24, 2010; (2) original and one

copy of daily transcripts plus original and one copy of realtime feeds of proceedings before Judge Englehardt on March 15th through March 29, 2010; and (3) original and one copy of daily transcripts plus original and one copy of realtime feeds of morning sessions on March 23rd through March 25, 2010.  The total cost to Forest River for all originals plus copies of daily transcripts and realtime feeds is $15,876.10.   As discussed above, the burden of proving the necessity of transcripts is on the defendant.   Forest Rivers is required to come forward with some affirmative proof that without the daily transcripts, the presentation of its case would have been adversely affected.  Forest River has failed to prove that such daily transcripts and realtime feeds were necessary for use in this case.  Moreover, Forest River has failed to show why *both* daily transcripts and real time feeds were necessary.   Finally, Forest River should not be permitted to tax costs against Plaintiff for multiple copies of transcripts and feeds.  For these reasons, Forest River's claimed costs associated with the daily trial transcripts and realtime feeds should be denied.

### B.  Witness Fees

Forest River seeks an award of $3,833.30 in costs for "fees and disbursements for printing and witnesses" under § 1920(3). Specifically, Forest River seeks recovery of: 1) a portion of the fees paid by Forest River to depose plaintiff's experts, 2) the statutory witness fees for the depositions of Forest River employees, and 3) the travel and expenses of Forest River's experts associated with trial.

First, the Fifth Circuit has made it clear that "expert fees are not recoverable." *Coats*, 5 F.3d. at 891.  The express wording of Section 1920 refers to "court-appointed experts." None of Forest River's expert witnesses were appointed by the Court and Forest River does not claim that they were.   Further, Section 1920 does not provide for a party's retained expert's hotel, meals

and incidental expenses. *Id.* at § 1821(c)-(d). Generally, the recovery of expert witness fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). Under 28 U.S.C. § 1821(b), "a witness shall be paid an attendance fee of $40.00 per day for each day's attendance."  While this provision also applies to expert witnesses, it has been the standard practice in this litigation for the opposing parties to pay an opposing expert's deposition "sitting" fee.  Upon information and belief, Forest River's experts Paul Hewett, Alexis Mallett, Paul LaGrange, Stephen Smulski, Dr. Patricia Williams, Richard Spector, Dr. Edward Shwery, and Dr. Charles Field, have already been paid "sitting" fees for their depositions.  If not, the PSC will do so.  Accordingly, Forest River should not be entitled to attendance fees under Section 1821 for these eight experts.

Second, Plaintiff should only be taxed with witness fees under 28 U.S.C. § 1821(b) for the individuals who were actually deposed or who testified at trial.  Forest River states in its motion that "Plaintiff noticed the depositions of Forest River employees Jeff Burian, Elton Keifer, James Albrecht, Doug Gaeddert, Mike Coy, and Jim Folse" but fails to attach any evidence that these depositions were actually taken.  (Doc. 14541-1, p. 6).  Plaintiff concedes that depositions of the six employees were taken and that the total amount of statutory witness fees are $240.00.

Third, Section 1821 requires that any witness traveling by common carrier travel "at the most economical rate reasonably available.  [And that] a receipt or other evidence of actual cost be furnished." 28 U.S.C. § 1821(c)(1).  And even if the Court determines that a witness should be awarded subsistence allowance, this amount "shall be paid in an amount not to exceed that maximum per diem allowance prescribed by the Administrator of General Services … for

official travel in the area of attendance by employees of the Federal Government." *Id.* at §
1821(d)(2). In March 2010 for the New Orleans area, this amount was limited to $204 max per
diem rate ($133 for lodging and $71 for meals and incidental expenses) with $44.25 for the first
and last day.  U.S. General Services Administration – FY 2010 Per Diem Rates for New Orleans,
Louisiana <http://www.gsa.gov/portal/category/100120> (last viewed July 19, 2010).  Plaintiff
should not be taxed with the costs of the first class airfare or $219.00 per night hotel room of
Forest River's expert Dr. Robert James.  (*See* Exhibit D at pp. 5-8 attached to Forest River's
Motion to Assess Taxable Costs, Doc. 14541-9).  Dr. James' claimed daily expenses are above
the maximum per diem amount of $204, excluding taxes for lodging as prescribed by 28 U.S.C.
§ 1821(d)(2).  As such, Plaintiff should not be taxed with Forest River's excessive witness fees
and travel costs.

### C.  Copy Costs

Forest River claims costs for $28,963.98 for copies of exhibits and records.  As to copy
costs, a party's request for the costs of copying documents must include a showing of a sufficient
nexus between the costs incurred and the litigation. *Fogleman v. ARAMCO*, 920 F.2d 278, 286
(5th Cir.1991) ("While we certainly do not expect a prevailing party to identify every xerox copy
made for use in the course of legal proceedings, we do require some demonstration that
reproduction costs necessarily result from that litigation."); *Holmes v. Cessna Aircraft Co.*, 11
F.3d 63, 64 (5th Cir.1994) (vacating costs awarded for photocopying where the district court
neglected to make the requisite finding of necessity). Expenses for copies made solely for
convenience of counsel or the litigant's own use are not recoverable. *Haroco, Inc. v. American
Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994).

Section 1920 does not allow for cost recovery for office supplies (like tabs and binders), OCR/Conversion, scanning, CD and DVD duplication/production, conference calls, or courier fees.  The invoices for Forest River's claimed copy costs show $360.00 for binders, $655.20 for "Redweld" expanding pocket folders, and $1,172.31 for three-hole punching fees.  *See* Exhibit E at p.1 and p. 3 attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-10. These costs should not be taxed against Plaintiff.

With regard to Forest Rivers' claimed costs for reproducing documents and exhibits for use at trial, Plaintiff is unable to discern from Forest River's motion and attached invoices whether the reproduction costs are for copies used at trial or copies made for the convenience of counsel. (*See* Exhibits E and F attached to Forest River's Motion to Assess Taxable Costs, Docs. 14541-10 and 14541-11).  Plaintiff submits that he should not be taxed for any copies that were made merely for convenience or for Forest River's own use.

"[T]he party seeking [copy] costs must offer some proof of the necessity." *Holmes*, 11 F.3d at 64 (citations omitted).  Forest River did not file any documentation other than three invoices from copy service companies.  These documents, without more, do not support $28,963.98 in photocopying costs as "necessarily obtained for use in the case."  Since Forest River has failed to demonstrate that the costs of reproducing relevant documents and exhibits ($27,785.37) and the costs of obtaining Plaintiff's IRS records, Social Security records, employment records, and medical records ($1,178.61) were necessary to this litigation and were not made solely for convenience of counsel or Forest River's own use, Forest River's request for copy costs should be denied.

**D. Electronic Discovery**

Forest River claims it is entitled to recover costs of $29,800.59 associated with electronic discovery. The invoices attached to Forest River's motion show that within these requested costs are overhead costs for monthly access fees, data processing fees, technical support, set-up fees, and charges for data online hosting online review tool (per Gigabit). (*See* Exhibit G attached to Forest River's Motion to Assess Taxable Costs, Doc. 14541-12). These costs are unrecoverable under Section 1920 or any other applicable statute.

Although some Courts have awarded costs for electronic document production, the requesting party still has the burden of proving that such costs are reasonable and necessary to the litigation. Forest River has failed to show that all of its requested costs for producing documents in via electronic format are reasonable. *Pioneer Natural. Res. USA, Inc. v. Diamond Offshore Drilling, Inc*., No. 05-0224, 2009 WL 4020563, at *2 (E.D. La. Nov. 17, 2009) ("[B]efore the Court can tax costs, it must find that the costs were necessarily incurred in the litigation, and this finding must be based on some proof of the necessity.") (*citing Holmes*, 11 F.3d at 64; *see also Pioneer*, 2009 WL 4020563, at *2 ("When cost-seekers neglect to supply any verification that the costs claimed were 'necessarily incurred in the case' and instead state only that the costs were expended 'in the preparation and litigation of this case,' the district court does not abuse its discretion by denying all costs except filing fees.") *(quoting Sanders v. Wash. Mut. Home Loans, Inc*., Nos. 05-2166, 06-1996, 2009 WL 365683, at *11 (E.D. La. Feb. 10, 2009)).

Forest River has failed to explain how the requested $29,800.59 paid to an outside consultant (i.e. Cricket Legal Technologies) is allowed as reasonable costs under 28 U.S.C. § 1920(4). It appears that the Defendant hired experts at a huge hourly cost to search for and

retrieve discoverable electronic documents. In a non-electronic document case this work would be performed by paralegals and associate attorneys and would not be compensable as costs under 28 U.S.C. § 1920. The only costs that would be reimbursable would be the actual cost of the photocopy (at perhaps 15 cents per copy), not the hourly costs of collecting the documents. A court may only tax those costs which are specifically authorized by statute. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Since Forest River has failed to itemize the amount of money spent actually producing documents via electronic format and has failed to separate unrecoverable overhead costs, its request for fees regarding electronic discovery expenses should be denied.

### E.  Audiovisual Trial Support

Forest River requests $12,562.50 in audiovisual trial support costs. These costs are unrecoverable under Section 1920 or any other applicable statute. Even if this Court were to allow recovery of audiovisual trial support costs in its discretion, Forest River has failed to show that all of its requested costs for audiovisual trial support t are reasonable. Plaintiff submits that Forest River's requested costs are excessive and should be reduced.

### F.  Destructive Testing

Finally, Forest River claims it is entitled to costs and fees in the amount of $77,501.67 associated with the non-mold-related destructive testing of Plaintiff's trailer. These costs are unrecoverable under Section 1920 or any other applicable statute. In addition, Forest River has presented no legal authority for an award of these types of costs. More importantly, Forest River elected to test Plaintiff's unit at its own accord. While this Honorable Court granted Plaintiff's request to test his trailer, the Court did not order all parties to conduct their own testing. Forest River has failed to show that its own testing of Mr. Wright's trailer was necessary and

reasonable.   As such, Plaintiff should not bear the costs of the testing that Forest River unilaterally chose to conduct.

## 2.   **Factors Weigh Against Forest River's Request for an Award of Costs.**

There are many factors the Court must consider in determining whether to award costs. Few cases in the Fifth Circuit address whether costs should be denied to a prevailing party.  But in other circuits, "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party."  10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2668, at p. 234 (1998).  Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.*; *see also Singleton,* 214 F.3d at 539.  Many courts in other jurisdictions also deny costs if "the losing party prosecuted the action in good faith." Wright, Miller & Kane § 2668, at 238*.*  Any of these factors, if present, may warrant the denial of a motion by the prevailing party to tax costs. *Singleton,* 214 F.3d at 539.

The most dominant factors this Court must consider are Plaintiff Lyndon Wright's limited financial resources, the complexity of legal issues presented in this case, the substantial benefit conferred to the public, and the Defendants' enormous financial resources.  As discussed in Plaintiff's Response to Defendant United States of America's Motion for an Award of Costs, Mr. Wright does not have the financial resources to pay the full measure of a Bill of Costs, nonetheless multiple Bills of Costs.[1]  (See Docs. 12963, pp. 11-12 and 12963-1, hereby incorporated herein).  Due to the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear all costs.

---

[1] In addition to the instant motion, Plaintiff Wright also faces Forest River's Motion for an Award of Costs Related to Plaintiff's Mold Claim (Doc. 14545), Shaw Environmental, Inc.'s Motion to Assess Taxable Costs (Doc. 14754), and the United States of America's Motion for Review of Taxation of Costs (Doc. 14319).

Additionally, this case is a complex and "extraordinary" case with widespread implications, especially given that Plaintiff is one of over one-hundred-thousand people who resided in FEMA trailers in Louisiana, Mississippi, Alabama and Texas as a result of Hurricanes Katrina and Rita. *See Association of Mexican-American Educators*, 231 F.3d at 593; S*tanley v. University of So. Calif.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).  To award costs against Mr. Wright would have the chilling effect of discouraging future bellwether plaintiffs in this litigation and future cases. *See, e.g., Association of Mexican-American Educators*, 231 F.3d at 593.  Indeed, this Court has already recognized that one bellwether plaintiff should not be solely financially responsible for bringing his or her case to trial and that the costs should be spread among the other claimants within the MDL. (*See* Order dated April 16, 2010, Doc. 13323). Finally, Defendants, including the Forest River, appear to have vast financial resources devoted to this litigation given their willingness to litigate numerous "bellwether trials" and hire expensive experts in their defense.  For these reasons, it would be inequitable and unjust to award full costs against Mr. Wright.

3.       <u>**Forest River's Request for Excess Costs Are Meritless and Unsupported.**</u>

In limited circumstances, a court may award costs in excess of what is allowed under Section 1920.  Such circumstances include when a party acts in willful disobedience of a court order; or when a party had acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *U.S. for use of Wallace v. Flintco Inc.*, 143 F.3d 955, 972 (5th Cir. 1998), *citing International Woodworkers of Am. v. Champion Int'l Group*, F.2d 1174, 1175-76 (5th Cir. 1986) (en banc), *aff'd sub nom. Crawford*, 482 U.S. 473.  None of the above circumstances exist in this case.

There is no evidence that Plaintiff or his counsel ever disobeyed a court order, much less did so willfully.  There is no evidence that Plaintiff or his counsel brought Plaintiff's claims

against FEMA or his mold claim against Defendants in bad faith or for inappropriate reasons. And there is no evidence that Plaintiff's counsel acted with bad faith, improper motive or with reckless disregard to a duty owed to this Court. There were legitimate reasons to bring the mold claim, as Plaintiff's trailer contained mold and his health problems were consistent with symptoms associated with exposure to mold. The PSC used their best professional judgment and legal strategy to defend Mr. Wright in this case. Simply because Plaintiff's mold claims were dismissed does not mean that the claims were brought in bad faith. The lack of success on Mr. Wright's mold claims does not warrant an award of excess costs or sanctions against him. Not overlooking the Court's instructions regarding burden of proof, Plaintiff's Counsel diligently pursued Mr. Wright's claims as expected of any reasonable attorney. Mr. Wright should not be penalized with excessive costs outside those expressly stated in the applicable rules and statutes.

**4.** **Any Additional Costs Should be Apportioned Against All Claimants in the MDL.**

In the event this Court determines additional costs are appropriate, Plaintiff submits that such costs should be apportioned among all claimants in the MDL on a *pro rata* basis. Because of the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear the costs of Forest River's claimed litigation expenses. Mr. Wright was selected as a bellwether plaintiff to assist in the adjudication of over 90,000 plaintiffs participating in the FEMA Formaldehyde Products Liability Litigation, MDL No. 07-1873. As a representative of the plaintiff population, Plaintiff received attention and resources from the PSC for the purpose of benefiting all plaintiffs and with the intention of utilizing the information gained for future trials.

Because of the representative nature of this matter, individually and as part of the MDL, it would be unfair to tax Mr. Wright for the tremendous expenses incurred on behalf of, and in

the further interest to the entire plaintiff population of the MDL. Thus, Plaintiff respectfully requests that this Court refrain from assessing any costs against Plaintiff individually, and instead assess such costs against the plaintiff population.

## IV.
## <u>CONCLUSION</u>

WHEREFORE, Plaintiff Lyndon Wright respectfully requests that the Court decline Forest River's Motion to Assess Taxable Costs. Alternatively Plaintiff Lyndon Wright respectfully requests that the Court reduce Forest River's request for costs by the amounts that are not recoverable under 28 U.S.C. §§ 1821 and 1920 or other applicable law. Plaintiff respectfully prays that this Court include express language in its judgment limiting any costs assessed to only those enumerated under 28 U.S.C. §§ 1821 and 1920 or other applicable law. Plaintiff further requests that should the Court choose to assess costs, such costs should be assessed against the plaintiff population as a whole.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:     <u>s/Gerald E. Meunier</u>
            GERALD E. MEUNIER, #9471
            **PLAINTIFFS' CO-LIAISON COUNSEL**
            Gainsburgh, Benjamin, David, Meunier &
            Warshauer, L.L.C.
            2800 Energy Centre, 1100 Poydras Street
            New Orleans, Louisiana 70163
            Telephone:     504/522-2304
            Facsimile:      504/528-9973
            gmeunier@gainsben.com

            <u>s/Justin I. Woods</u>
            JUSTIN I. WOODS, #24713
            **PLAINTIFFS' CO-LIAISON COUNSEL**
            Gainsburgh, Benjamin, David, Meunier &
            Warshauer, L.L.C.

2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:      504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

19

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                                 s/Gerald E. Meunier
                                                                 GERALD E. MEUNIER, #9471