UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | * | |
|     LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Lyndon T. Wright v. Forest River, Inc, et al.* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO SHAW ENVIRONMENTAL, INC.'S
MOTION TO ASSESS TAXABLE COSTS**

Plaintiff Lyndon T. Wright, by and through the undersigned Counsel, responds in opposition to Shaw Environmental, Inc.'s Motion to Assess Taxable Costs (Doc. 14754) and in support would show as follows:

**I.
INTRODUCTION**

Shaw Environmental, Inc. ("Shaw") seeks an award of costs in the amount of $73,841.89 from Plaintiff Lyndon T. Wright ("Mr. Wright" or "Plaintiff") for: 1) deposition and trial transcript expenses; 2) fees and disbursements for printing and witnesses; 3) expenses for procuring certain records and expenses associated with the production of documents; and 4) expenses associated with audiovisual support costs. Much for these costs are not permissible under 28 U.S.C. §§ 1821 and 1920.

As discussed below, Shaw's Motion to Assess Taxable Costs should be denied because (a) Shaw's request for costs exceed those allowable under 28 U.S.C. §§ 1821 and 1920, (b) balancing factors weigh against an assessment of costs outside those allowed under 28 U.S.C. §

1920, and (c) Shaw has failed to show that an award for excess costs is warranted. For these reasons, Plaintiff respectfully requests that the Court deny Shaw's Motion to Assess Taxable Costs (Doc. 14544). In the event this Court awards costs to Shaw, Plaintiff submits that such costs should be apportioned among all claimants in the MDL.

## II.
## ARGUMENT AND AUTHORITIES

### 1. The Costs Sought By Shaw are Excessive and Unnecessary

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs are generally to be awarded as a matter of course to the prevailing party, unless the Court directs otherwise. The types of costs awardable under Rule 54(d) are limited to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co., v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987). Section 1920 permits the following recoverable costs:

(1) Fees of the Clerk and Marshal;

(2) Fees of the Court reporter for all or any part of the stenographic transcript obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily used for use in the case;

(5) Docket fees under § 1923;

(6) Compensation of court-appointed experts, compensation for interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Crawford*, 482 U.S. at 440. Costs not listed in Section 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. *Id.*; *see also Mota v. University of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001); *Coats v. Penrod Drilling Corp.*, 5 F.3d. 877, 891

(5th Cir.1993)("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list.") "Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting." *Cooper Liquor, Inc. v. Adolph Coors Company*, 684 F.2d 1087, 1099 (5th Cir). In order to obtain costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995); *see Collins v. Gorman*, 96 F.3d 1057, 1058 (7th Cir. 1996).

Plaintiff will address each of Shaw's requests for costs under Section 1920 in turn.

**A. Deposition Costs & Trial Transcripts**

Shaw seeks costs of $52,942.53 associated with depositions and daily trial transcripts. Shaw's claimed deposition costs associated with this case are $37,886.33. Shaw's claimed costs associated with the daily trial transcripts are $15,056.20.

  i.  <u>Deposition Transcripts and Additional Costs</u>

Shaw seeks $37,886.33 in deposition costs, a sum that includes unrecoverable "additional" costs. Section 1920(2) provides for recovery of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. §1920(2). It does not contemplate the recovery of additional costs associated with depositions.

The Fifth Circuit recently stated that videotapes or DVDs of depositions are not recoverable costs:

> The court erred in taxing the University with the cost of videotaped depositions. We have observed that "28 U.S.C. § 1920(2) only allows for the recovery of '[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.' There is no provision for videotapes of depositions." This reading is consistent

> with the text of 28 U.S.C. § 1920(2) and the Supreme Court's admonition that we strictly construe this provision.

*Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 529-30 (5th Cir. 2001)(citing *Crawford Fitting Co.*, 482 U.S. at 441-42); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir.1998)(same).

Additionally, a party may not normally recover costs for an expedited deposition transcript. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). The Court noted that:

> [w]e have previously held that the extra cost of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript. The same reasoning applies to a copy of a deposition obtained on an expedited basis.

*Id*.

Courts have also held that "additional charges for such items as minuscripts, keyword indices, ASCII disks, exhibits, and postage are delivery … [are not taxable] because they are [for] the convenience of counsel." *Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp.2d 1065, 1080 (D. Kan 2005); *see also Irwin Seating Co. v. International Business Machines Corp.*, 2008 WL 1869055, at *4 (W.D. Mich. Apr. 24, 2008) (removing costs for the "extra costs associated with deposition transcripts, including "live note hookup," expedited transcripts, condensed transcripts, ASCII diskettes, mini-transcripts, rough drafts, e-transcripts").

Section 1920 does not allow for recovery of "sync" fees or costs related to video-taping. Shaw does not offer any authority in support of these claims. Since these fees are not enumerated in Section 1920, they should not be allowed. *Crawford Fitting Co.,* 482 U.S. at 441-442; *Coats*, 5 F.3d. at 891. Finally, costs of depositions taken purely for discovery or investigative purposes, rather than for trial preparation or trial use, ordinarily are not recoverable. *Coats*, 5 F.3d at 891.

As stated above, Shaw requests $37,886.33 in deposition costs associated with this case. These deposition costs include "extra" or "additional" costs such as videographer fees, DVD copies, condensed transcripts, keyword indices, signature fees, and postage. (*See* Exhibit A attached to Shaw's Motion to Assess Taxable Costs, Docs. 14754-2 through 14754-6). For example, Shaw seeks $888.75 in video costs for Charles David Moore's deposition in addition to $1,030.00 for a copy of the deposition transcript. (*See* Exhibit A-3 at pp. 5-6 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-4). Furthermore, some of the invoices attached to Shaw's motion at Exhibit A are duplicative which raises concerns regarding whether Shaw has accurately accounted for its claimed deposition costs. Below are additional examples of Shaw's "extra" unrecoverable costs. This list is not inclusive of all extra costs incurred at the behest of Shaw.

- Guy Bonomo Deposition: Fed-Ex Shipping Costs - $34.00 (*See* Exhibit A-1 at p. 6 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-2).

- Edith Young Deposition: DVD copy - $105.00; Shipping costs for DVD - $16.00 (*See* Exhibit A-5 at p. 11 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-6).

- Brian Boyle Deposition: Video - $500.00; Fed-Ex shipping Costs - $33.13; Postage/Delivery - $15.95 (*See* Exhibit A-1 at p. 7 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-2).

- Coreen A. Robbins Deposition: "Videographer Medical Copy" services - $735.00 (*See* Exhibit A-3 at p. 18 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-4).

- Bruce Kelman Deposition: "Videographer Media Copy" services - $440.00 (*See* Exhibit A-2 at p. 9 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-3).

- Graham Allan Deposition: "Videographer Media Copy" - $340.00 (*See* Exhibit A-1 at p. 5 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-2).

- Dr. Philip Cole Deposition: Travel Transcript - $20.00; Postage - $10.69 (*See* Exhibit A-1 at p.12 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-2).

- Edward Shwery Deposition: One Copy of Video - $130.00 (*See* Exhibit A-4 at p. 2 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-5).

- Mark J. Polk Deposition: Compressed Transcript - $17.10; Keyword Index - $4.50 (*See* Exhibit A-3 at p. 12attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-4).

- Donald Snell Deposition: Compressed Transcript - $32.25; Keyword Index - $7.00; ASCII disk - $10.00; Signature Fee - $10.00; E-Transcript - $25.00; Exhibits Scanned - $172.50; Postage - $22.55 (*See* Exhibit A-3 at p. 8 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-4).

- Norm Nelson Deposition: Compressed Transcript - $14.55; Keyword Index - $3.50; ASCII disk - $10.00; Signature Fee - $10.00; E-Transcript - $25.00; Exhibits Scanned - $16.50 (*See* Exhibit A-3 at p. 8 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-4).

- John D. Osteraas Deposition: Video services - $450.00 (*See* Exhibit A-3 at p. 11attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-4).

- Geoffrey Compeau Deposition: One Copy of Video - $250.00 (*See* Exhibit A-1 at p. 14 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-2).

- Kenneth Smith Deposition: One Copy of Video - $70.00 (*See* Exhibit A-4 at p. 4 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-5).

This is not by any means a complete summary of all erroneous costs sought by Shaw. As discussed above, these "extra" costs are not recoverable. Shaw has failed to show how the extra costs incurred were necessary for use in this case and not for the convenience of counsel. Accordingly, Shaw's request for deposition costs should be reduced by the amount of "extra" costs incurred at the behest of Shaw's counsel. Shaw should also be required to submit a new request for costs which properly meets its burden, itemizing its deposition transcript costs and omitting the amount of "extra" or "additional" costs associated with such depositions.

    ii.    Daily Transcripts

Section 1920 does not contemplate the recovery of costs for trial transcripts. 28 U.S.C. §1920(2). Further, the Fifth Circuit ordinarily does not allow for the recovery of costs associated with trial transcripts. "It is the rule in the Fifth Circuit that a copy of a transcript of the trial evidence obtained by counsel for use during trial is not a taxable item." *See Hiller v.*

6

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87,87 (N.D. Ga. 1973) (emphasis supplied); *United States v. Lynd*, 334 F.2d (5th Cir. 1964); *Carmichael v. Allen*, 267 F. Supp. 985 (N.D. Ga. 1965); *Department of Highways v. McWilliams Dredging Co.*, 10 F.R.D. 107 (W.D. La. 1951), *aff'd*, 187 F.2d 61 (5th Cir. 1951). The Court may not award transcript fees when used merely for attorney convenience." *Bats, Inc. v. Vector Pipeline LP*, 222 F.R.D. 356, 359 (D. Ind. 2004); *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983).

As the court, in *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481, 484 (E.D. La. 1990), explained:

> Daily transcripts of trial proceedings are not customary. In this case, the parties infrequently referred to the daily transcripts during testimony. Considering that the trial lasted eight weeks, it is likely that the lawyers personally used the daily transcripts to refresh their memories of past testimony. Any one of the lawyers sitting with trial counsel could have taken notes for that purpose. Both trial attorneys in this case are partners in large law firm with extensive staff support. Accordingly, the court finds that the daily transcripts were obtained primarily for the convenience of the lawyers are were not necessarily obtained for use in that case.

*See also In re Nissan Antitrust Litigation*, 577 F.2d 910, 918 (5th Cir. 1978), *cert denied*, *P.D.Q., Inc. of Miami v. Nissan Motor Corporation in U.S.A.*, 439 U.S. 1072 (1979); *Harris Corp. v. Sanyo N. Am. Corp.*, 2002 U.S. Dist LEXIS 3608 (N.D. Tex., Mar. 4, 2002).

Courts within this judicial district agree:

> Daily transcripts are not routinely prepared. In this case, there was little occasion for the Court or the jury to make use of the daily transcripts, and post-trial findings of fact were not necessary. The Court finds that the daily transcripts were a luxury item obtained primarily for the convenience of counsel and were not necessarily obtained for use in the case. Accordingly, $45,435.90 will be deducted from the costs taxed to the plaintiffs.

*Industrial Risk Insurers v. New Orleans Public Service, Inc.*, 1991 U.S. Dist. LEXIS 259 (E.D. La. 1991).

7

To have any basis on which to award the cost of daily transcripts under any circumstances, the Fifth Circuit has required that a court find both that such transcripts were "not obtained primarily for the convenience of the parties but were "necessarily obtained for use in this case." *Fogleman*, 920 F.2d at 286; *Bolton v. Resoro Petroleum Corp.*, 871 F.2d 1266, 1278 (5th Cir. 1989); *Studiengesellschaft Kohle v. Eastman Kodak Co.* 713 F.2d 128, 133 (5th Cir. 1983). A finding of necessity is a factual finding [*Studiengesellshaft*, 713 F.2d at 133] on which the defendant bears the burden of proof. *Fogleman*, 920 F.2d at 286; *Datapoint*, 1998 U.S. Dist. LEXIS 10897.

Shaw's claimed costs associated with the daily trial transcripts are $15,056.20. These costs include (1) original and one copy of daily transcripts plus original and one copy of realtime feeds of afternoon sessions on March 15th through March 24, 2010; (2) original and one copy of daily transcripts plus original and one copy of realtime feeds of proceedings before Judge Englehardt on March 15th through March 29, 2010; and (3) original and one copy of daily transcripts plus original and one copy of realtime feeds of morning sessions on March 23rd through March 25, 2010. The total cost to Shaw for all originals plus copies of daily transcripts and realtime feeds is $15,056.20. As discussed above, the burden of proving the necessity of transcripts is on the defendant. Shaw is required to come forward with some affirmative proof that without the daily transcripts, the presentation of its case would have been adversely affected. Shaw has failed to prove that such daily transcripts and realtime feeds were necessary for use in this case. Moreover, Shaw has failed to show why *both* daily transcripts and real time feeds were necessary. Finally, Shaw should not be permitted to tax costs against Plaintiff for multiple copies of transcripts and feeds. For these reasons, Shaw's claimed costs associated with the daily trial transcripts and realtime feeds should be denied.

**B. Fees and Disbursements for Printing and Witnesses**

Shaw seeks an award of $1,858.99 in costs for "fees and disbursements for printing and witnesses" under § 1920(3). Specifically, Shaw seeks recovery of the daily attendance fees and travel expenses of Shaw's experts associated with trial.

First, the Fifth Circuit has made it clear that "expert fees are not recoverable." *Coats*, 5 F.3d. at 891. The express wording of Section 1920 refers to "court-appointed experts." None of Shaw's expert witnesses were appointed by the Court and Shaw does not claim that they were. Further, Section 1920 does not provide for a party's retained expert's hotel, meals and incidental expenses. *Id*. at § 1821(c)-(d). Generally, the recovery of expert witness fees is limited to the statutory amounts authorized under 28 U.S.C. §§ 1821 and 1920. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 332 (5th Cir.), *cert. denied*, 516 U.S. 862 (1995). Under 28 U.S.C. § 1821(b), "a witness shall be paid an attendance fee of $40.00 per day for each day's attendance." While this provision also applies to expert witnesses, it has been the standard practice in this litigation for the opposing parties to pay an opposing expert's deposition "sitting" fee. Upon information and belief, Shaw's experts Dr. Geoffrey Compeau and Dr. John Osteraas, have already been paid "sitting" fees for their depositions. If not, the PSC will do so. Accordingly, Shaw should not be entitled to attendance fees under Section 1821 for the depositions of these two experts.

Second, Section 1821 requires that any witness traveling by common carrier travel "at the most economical rate reasonably available. [And that] a receipt or other evidence of actual cost be furnished." 28 U.S.C. § 1821(c)(1). And even if the Court determines that a witness should be awarded subsistence allowance, this amount "shall be paid in an amount not to exceed that maximum per diem allowance prescribed by the Administrator of General Services … for

official travel in the area of attendance by employees of the Federal Government." *Id.* at § 1821(d)(2). In March 2010 for the New Orleans area, this amount was limited to $204 max per diem rate ($133 for lodging and $71 for meals and incidental expenses) with $44.25 for the first and last day.  U.S. General Services Administration – FY 2010 Per Diem Rates for New Orleans, Louisiana <http://www.gsa.gov/portal/category/100120> (last viewed July 19, 2010).  Plaintiff should not be taxed with the costs of the $249.47 per night hotel room of Shaw's expert Dr. Osteraas.  (*See* Exhibit C at p. 5 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-8).  Furthermore, Shaw has failed to attach receipts verifying the costs of Dr. Osteraas' round trip flight – only half of the flight is documented.  (*See* Exhibit C at p. 3 attached to Shaw's Motion to Assess Taxable Costs, Doc. 14754-8).  Dr. Osteraas' claimed daily expenses are above the maximum per diem amount of $204, excluding taxes for lodging as prescribed by 28 U.S.C. § 1821(d)(2).  As such, Plaintiff should not be taxed with Dr. Osteraas' excessive lodging costs.

### C. Expenses For Procuring Records and the Production of Documents

Shaw claims costs for $9,118.79 for copies of documents, exhibits and records associated with discovery and trial in this case.  As to copy costs, a party's request for the costs of copying documents must include a showing of a sufficient nexus between the costs incurred and the litigation. *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir.1991) ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation."); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994) (vacating costs awarded for photocopying where the district court neglected to make the requisite finding of necessity). Expenses for copies made solely for convenience of counsel or the litigant's own use

are not recoverable. *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994).

With regard to Shaw's claimed costs for reproducing documents and exhibits for use at trial, "the party seeking [copy] costs must offer some proof of the necessity." *Holmes*, 11 F.3d at 64 (citations omitted). Shaw did not file any documentation other than invoices from copy service companies. These documents, without more, do not support $9,118.79 in photocopying and electronic discovery costs as "necessarily obtained for use in the case." While Plaintiff appreciates that Shaw's is not seeking costs for multiple copies of documents, attorney correspondence or copies made solely for convenience of Counsel, Shaw's request for copy costs should be denied since it has not met its burden of showing that such copy costs reasonable and necessary to the litigation.

### D. Audio/Visual Trial Support Costs

Shaw requests $9,921.58 in audiovisual trial support costs. These costs are unrecoverable under Section 1920 or any other applicable statute. Even if this Court were to allow recovery of audiovisual trial support costs in its discretion, Shaw has failed to show that all of its requested costs for audiovisual trial support are reasonable. Plaintiff submits that Shaw requested costs are excessive and should be reduced.

## 2. Factors Weigh Against Shaw's Request for an Award of Costs.

There are many factors the Court must consider in determining whether to award costs. Few cases in the Fifth Circuit address whether costs should be denied to a prevailing party. But in other circuits, "[a] wide range of reasons have been invoked to justify withholding costs from the prevailing party." 10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2668, at p. 234 (1998). Among these are: (1) the losing party's limited financial resources; (2)

misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.*; *see also Singleton,* 214 F.3d at 539.  Many courts in other jurisdictions also deny costs if "the losing party prosecuted the action in good faith." Wright, Miller & Kane § 2668, at 238.  Any of these factors, if present, may warrant the denial of a motion by the prevailing party to tax costs. *Singleton,* 214 F.3d at 539.

The most dominant factors this Court must consider are Plaintiff Lyndon Wright's limited financial resources, the complexity of legal issues presented in this case, the substantial benefit conferred to the public, and the Defendants' enormous financial resources.  As discussed in Plaintiff's Response to Defendant United States of America's Motion for an Award of Costs, Mr. Wright does not have the financial resources to pay the full measure of a Bill of Costs, nonetheless multiple Bills of Costs.[1]  (See Docs. 12963, pp. 11-12 and 12963-1, hereby incorporated herein).  Due to the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear all costs.

Additionally, this case is a complex and "extraordinary" case with widespread implications, especially given that Plaintiff is one of over one-hundred-thousand people who resided in FEMA trailers in Louisiana, Mississippi, Alabama and Texas as a result of Hurricanes Katrina and Rita. *See Association of Mexican-American Educators*, 231 F.3d at 593; S*tanley v. University of So. Calif.*, 178 F.3d 1069, 1079-80 (9th Cir. 1999).  To award costs against Mr. Wright would have the chilling effect of discouraging future bellwether plaintiffs in this litigation and future cases. *See, e.g., Association of Mexican-American Educators*, 231 F.3d at 593.  Indeed, this Court has already recognized that one bellwether plaintiff should not be solely

---

[1] In addition to the instant motion, Plaintiff Wright also faces Forest River, Inc.'s Motion to Assess Taxable Costs (Doc. 14541), Forest River, Inc.'s Motion for an Award of Costs Related to Plaintiff's Mold Claim (Doc. 14545), and the United States of America's Motion for Review of Taxation of Costs (Doc. 14319).

12

financially responsible for bringing his or her case to trial and that the costs should be spread among the other claimants within the MDL. (*See* Order dated April 16, 2010, Doc. 13323). Finally, Defendants, including the Shaw, appear to have vast financial resources devoted to this litigation given their willingness to litigate numerous "bellwether trials" and hire expensive experts in their defense. For these reasons, it would be inequitable and unjust to award full costs against Mr. Wright.

3.      **Shaw's Request for Excess Costs Are Meritless and Unsupported.**

In limited circumstances, a court may award costs in excess of what is allowed under Section 1920. Such circumstances include when a party acts in willful disobedience of a court order; or when a party had acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *U.S. for use of Wallace v. Flintco Inc.*, 143 F.3d 955, 972 (5th Cir. 1998), *citing International Woodworkers of Am. v. Champion Int'l Group*, F.2d 1174, 1175-76 (5th Cir. 1986) (en banc), *aff'd sub nom. Crawford*, 482 U.S. 473. None of the above circumstances exist in this case.

There is no evidence that Plaintiff or his counsel ever disobeyed a court order, much less did so willfully. There is no evidence that Plaintiff or his counsel brought Plaintiff's claims against FEMA or his mold claim against Defendants in bad faith or for inappropriate reasons. And there is no evidence that Plaintiff's counsel acted with bad faith, improper motive or with reckless disregard to a duty owed to this Court. There were legitimate reasons to bring the mold claim, as Plaintiff's trailer contained mold and his health problems were consistent with symptoms associated with exposure to mold. The PSC used their best professional judgment and legal strategy to defend Mr. Wright in this case. Simply because Plaintiff's mold claims were dismissed does not mean that the claims were brought in bad faith. The lack of success on Mr. Wright's mold claims does not warrant an award of excess costs or sanctions against him. Not

overlooking the Court's instructions regarding burden of proof, Plaintiff's Counsel diligently pursued Mr. Wright's claims as expected of any reasonable attorney. Mr. Wright should not be penalized with excessive costs outside those expressly stated in the applicable rules and statutes.

**4.      Any Additional Costs Should be Apportioned Against All Claimants in the MDL.**

In the event this Court determines additional costs are appropriate, Plaintiff submits that such costs should be apportioned among all claimants in the MDL on a *pro rata* basis. Because of the bellwether nature of Plaintiff's case, it would be unfair and unreasonable for Mr. Wright to individually bear the costs of Shaw's claimed litigation expenses. Mr. Wright was selected as a bellwether plaintiff to assist in the adjudication of over 90,000 plaintiffs participating in the FEMA Formaldehyde Products Liability Litigation, MDL No. 07-1873. As a representative of the plaintiff population, Plaintiff received attention and resources from the PSC for the purpose of benefiting all plaintiffs and with the intention of utilizing the information gained for future trials.

Because of the representative nature of this matter, individually and as part of the MDL, it would be unfair to tax Mr. Wright for the tremendous expenses incurred on behalf of, and in the further interest to the entire plaintiff population of the MDL. Thus, Plaintiff respectfully requests that this Court refrain from assessing any costs against Plaintiff individually, and instead assess such costs against the plaintiff population.

## IV.
## CONCLUSION

WHEREFORE, Plaintiff Lyndon Wright respectfully requests that the Court decline Shaw's Motion to Assess Taxable Costs. Alternatively Plaintiff Lyndon Wright respectfully requests that the Court reduce Shaw's request for costs by the amounts that are not recoverable under 28 U.S.C. §§ 1821 and 1920 or other applicable law. Plaintiff respectfully prays that this

Court include express language in its judgment limiting any costs assessed to only those enumerated under 28 U.S.C. §§ 1821 and 1920 or other applicable law. Plaintiff further requests that should the Court choose to assess costs, such costs should be assessed against the plaintiff population as a whole.

        Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:     504/528-9973
        gmeunier@gainsben.com


        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:     504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Gerald E. Meunier
                                              GERALD E. MEUNIER, #9471