```
02458
 1            UNITED STATES DISTRICT COURT
 2            EASTERN DISTRICT OF LOUISIANA
 3
 4
   IN RE:  FEMA TRAILER         *
 5 FORMALDEHYDE PRODUCTS         *
   LIABILITY LITIGATION          *
 6                               *
   THIS DOCUMENT RELATES TO:     *   Docket MDL 1873
 7                               *
   Lyndon T. Wright              *   New Orleans, Louisiana
 8                               *
      versus                     *   March 25, 2010, 8:30 a.m.
 9                               *
   Forest River, Inc., et al     *
10                               *
   Case No. 09-CV-2977-N         *
11 * * * * * * * * * * * * * * *

12             DAY 9
             MORNING SESSION
13         JURY TRIAL BEFORE THE
       HONORABLE KURT D. ENGELHARDT
14       UNITED STATES DISTRICT JUDGE
15
   APPEARANCES:
16
17 For Lyndon T. Wright:   Frank J. D'Amico Jr. APLC
                   BY:  FRANK J. D'AMICO JR., ESQ.
18                      AARON Z. AHLQUIST, ESQ.
                   622 Baronne Street
19                 New Orleans, Louisiana  70113
20
   For Lyndon T. Wright:   Nexsen Pruet, LLC
21                 BY:  PAUL A. DOMINICK, ESQ.
                   205 King Street, Suite 400
22                 Charleston, South Carolina  29401
```

3-25-10 Day 9 am                                        Page  2458

02527

1        Judge, if a doctor came and diagnosed you with
2 cancer today and because you've been in this courtroom for
3 eight years, does that mean this courtroom caused your cancer?
4 Of course not.  That's exactly what the plaintiffs are arguing;
5 that because Dr. Smith diagnosed him with asthma in a period
6 where he had never been diagnosed before, then Dr. Smith is
7 saying he has asthma from his exposure to the trailer.
8        That's exactly what he did not say.  He said
9 just the opposite of that.  He said it wasn't caused by his
10 exposure to the trailer.  It wasn't exacerbated by his stay in
11 the trailer.
12        What Mr. D'Amico is telling you is he diagnosed
13 him with asthma in the trailer, but that just doesn't get him
14 to a causal connection.  And he doesn't present a witness.  He
15 had a pulmonologist.  He could have done his own test.  It's
16 just not there.
17        Also, you need to be careful, I suggest to
18 Your Honor, when Mr. D'Amico talks about Dr. Laughery saying
19 that it needed to be on the product.  Not in this courtroom,
20 not when the jury was here.  He proffered that testimony, but
21 there is no testimony in this case that Dr. Laughery said that
22 warning needed to be on the product.  In fact, that's part of
23 the proffered testimony, but not part of the testimony.  And it
24 still doesn't go to the issue of adequacy.  It doesn't.
25        The issue of adequacy is:  If, in fact, given,

02528

1  will, in fact, the course of conduct change?  If, in fact, the
2  course of conduct changes, then it's adequate.  That is the
3  law.
4         The question for a warnings case in Louisiana
5  is:  Does the information provide a change in the conduct of
6  the recipient of the warning such that the danger is avoided?
7  He got the information.  I don't care if it said:  Warning,
8  don't stay in this trailer because you'd be an idiot.  The
9  question is not whether or not that is given to him.  The
10 question is:  Did it change his conduct?  Did it cause him to
11 move away from the danger?
12        He said:  If I read this, I would have left the
13 location of what they claim to be the danger.
14        THE COURT:  Do you have that passage of testimony
15 handy from Mr. Wright's --
16        MR. GIEGER:  I clearly have it from his deposition.
17 I know I read it to him, Judge.  Do I have it in the
18 transcript?  I can certainly go find it for you, Judge.  But
19 that's what he said.  That's what I suggested -- I think we did
20 this on the motion practice.  I said that he would say that,
21 and then I read it to him and he agreed that he would do that.
22        THE COURT:  I just want to double-check.
23        MR. GIEGER:  I will find it for you, Judge.
24         On-product?  Not inside the testimony before
25 this jury.  Conduct changed?  Yes, it does.  It doesn't matter

02529

1  what the language is.

2  THE COURT:  Okay.

3  MR. GIEGER:  Judge, if it's important to you, I will
4  find it and provide it to you, my citation to line and page
5  from the transcript.

6  MR. D'AMICO:  Very briefly, Judge --

7  THE COURT:  We can't keep going back and forth and
8  back and forth because even though we let the jury go early
9  today, that doesn't mean that we -- I'm never going to get you
10 to agree with him and he's never going to get you to agree.

11 MR. D'AMICO:  No truer words were spoken.

12 MR. WATTS:  Sounds like a fact issue, Judge.

13 THE COURT:  We can make podium appearances all day,
14 but until I rule on the motions, I don't think we're going the
15 find a common ground on this.  Very, very short.

16 MR. D'AMICO:  In my 25 years of doing this, routinely
17 doctors make a diagnosis based on the medical records, their
18 examination, and the history.  Based on that, Dr. Smith
19 concluded there was an aggravation from formaldehyde exposure
20 in the trailer.  He said it.

21      Now, he did under redirect or direct say, "Oh,
22 well, I said some substance."  And then on recross I got him to
23 admit that he said, "No.  I said formaldehyde in my report, and
24 that's what I meant."

25      So he did vacillate on that back and forth, and