UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION N(5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Lyndon Wright v. Forest River, Inc., et al.* | * | MAGISTRATE CHASEZ |
| No. 09-2977 (E.D. La.) | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**SHAW ENVIRONMENTAL, INC.'S REPLY MEMORANDUM IN
SUPPORT OF ITS MOTION TO ASSESS TAXABLE COSTS**

Shaw Environmental, Inc. ("Shaw") respectfully submits this Reply Memorandum to respond to certain arguments raised by plaintiff Lyndon Wright in his Response in Opposition to Shaw's Motion to Assess Taxable Costs (Rec. Doc. 14845).

**I.    All Costs Sought by Shaw are Reasonable, Necessary, and Supported by Law.**

   **A.    Deposition Costs**

Plaintiff opposes an award of certain deposition costs, most notably fees associated with videotaping of depositions, and argues that such fees are not recoverable.  *See* Plaintiff's Opposition at p. 3-6.  Plaintiff, however, fails to acknowledge that 28 U.S.C. § 1920(2) was amended in 2008 to authorize an award of costs for "printed or *electronically recorded*

1

transcripts."[1]  (Emphasis added).  This amendment to the statute clearly encompasses the deposition fees sought by Shaw.  Further, the Fifth Circuit has recognized that this amendment allows for an award of costs associated with the videotaping of depositions.  *See S&D Tranining Academy, LLC v. AAFIS, Inc.*, 336 Fed. Appx. 443, 450-51 (5th Cir. 2009) (recognizing the 2008 amendment and considering whether the amendment was retroactive).  Accordingly, Shaw is entitled to and seeks all costs associated with the video recording of depositions taken in this matter.

Plaintiff further complains that Shaw has not demonstrated that these video depositions were obtained for use at trial.  The Fifth Circuit has stated that the standard for an award of costs for depositions is whether at the time the deposition was taken, it could reasonably have been expected to be used for trial preparation.  *See Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991) (emphasis added).  In November 2009, plaintiff submitted a Witness List including 111 witnesses, many of whom resided outside the subpoena power of this Court.  *See* Rec. Doc. 8226.  Because Shaw had no indication of which witnesses plaintiff would ultimately call at trial, it was necessary to obtain a video copy of certain witnesses' testimony.  Thus, at the time these depositions were taken, it was reasonably contemplated that they would be used for trial preparation, and, in fact, many of these videos were actually played at the trial of this matter.

Plaintiff also claims that Shaw erroneously included costs for "extras" or "additional costs" such as deposition exhibits, e-transcripts, and postage fees.  *See* Plaintiff's Opposition at p. 5-6.  With regard to deposition exhibits, these costs may be taxed under § 1920(2) and, to that

---

[1]   28 U.S.C. § 1920(2) previously read:  "Fees of the court reporter for all or any part of the stenographic transcript obtained for use in the case."

extent, plaintiff's argument is without merit.[2]  *See e.g. Neutrino Development Corp. v. Sonosite, Inc.*, 2007 WL 998636 at *3 (S.D. Tex. 2007).  After reviewing plaintiff's arguments, however, Shaw concedes that the invoiced charges for certain "additional costs" should not have been included in Shaw's motion for costs.  Accordingly, Shaw reduces the amount of costs it seeks for depositions necessarily obtained for use in this case to $37,012.67, as itemized below:

| Deponent | Deposition Date | Printed Transcript Costs | Electronically Recorded Transcript Costs | Total Costs |
|---|---|---|---|---|
| Albrecht, Jamie | 01/20/10 | $401.84 | $190.00 | $591.84 |
| Allan, Graham | 12/17/09 | $722.80 | $340.00 | $1,062.80 |
| Bonomo, Guy | 08/21/09 | $184.20 | $0.00 | $184.20 |
| Boyle, Brian | 02/05/10 | $665.45 | $500.00 | $1,165.45 |
| Brixius, James | 08/20/08 | $479.45 | $130.00 | $609.45 |
| Burian, Jeffrey | 11/04/09 | $535.59 | $366.00 | $901.59 |
| Cole, Philip | 01/27/10 | $283.90 | $0.00 | $283.90 |
| Compeau, Geoffrey | 01/07/10 | $989.65 | $250.00 | $1,239.65 |
| Coy, Mike | 01/19/10 | $239.21 | $0.00 | $239.21 |
| DeRosa, Christopher | 07/06/09 | $991.00 | $0.00 | $991.00 |
| Dison, Nicole | 01/14/10 | $330.10 | $120.00 | $450.10 |
| Dorris, Nathan | 01/04/10 | $663.60 | $0.00 | $663.60 |
| Dyson, William | 12/21/09 | $138.55 | $45.00 | $183.55 |
| Farber, George | 10/28/09 | $97.13 | $70.00 | $167.13 |
| Field, Charles | 10/20/09 | $384.75 | $130.00 | $514.75 |
| Foltz, James | 01/19/10 | $231.60 | $0.00 | $231.60 |
| Gaeddert, Doug | 11/05/09 | $530.62 | $363.00 | $893.62 |
| Garratt, David | 07/07/09 | $642.60 | $0.00 | $642.60 |
| Green, Faye | 10/16/09 | $468.30 | $0.00 | $468.30 |
| Hewett, Paul | 12/02/09 | $642.45 | $190.00 | $832.45 |
| James, Robert | 01/14/10 | $592.60 | $0.00 | $592.60 |

---

[2]  Even if the Court were to find that the deposition exhibits were somehow not properly taxable under 1920(2), they are properly taxable as "copying costs" under 1920(4).

| Name | Date | | | |
|---|---|---|---|---|
| Jarrell, Albert | 01/25/10 | $330.45 | $130.00 | $460.45 |
| Keifer, Elton | 11/03/09 | $548.32 | $299.00 | $847.32 |
| Kelman, Bruce | 12/15/09 | $885.55 | $440.00 | $1,325.55 |
| Lagrange, Paul | 10/26/09 | $660.60 | $250.00 | $910.60 |
| Larson, Stanley | 08/20/09 | $85.80 | $0.00 | $85.80 |
| Little, Joseph | 06/23/09 | $519.55 | $0.00 | $519.55 |
| Mallet, Al | 01/12/10 | $2,665.55 | $250.00 | $2,915.55 |
| Marsh, Tyshone | 01/14/10 | $267.05 | $70.00 | $337.05 |
| McNeese, Martin | 07/14/09 | $348.25 | $0.00 | $348.25 |
| Miller, Lawrence | 11/10/09 | $842.60 | $70.00 | $912.60 |
| Moore, Charles David | 10/27/09 | $1,030.00 | $888.75 | $1,918.75 |
| Morris, Travis | 12/29/09 | $155.46 | $0.00 | $155.46 |
| Nelson, Norm | 12/23/09 | $230.95 | $90.00 | $320.95 |
| Osteraas, John | 12/16/09 | $934.85 | $450.00 | $1,384.85 |
| Polk, Mark | 12/22/09 | $270.50 | $112.50 | $383.00 |
| Porter, David | 07/08/09 | $464.20 | $0.00 | $464.20 |
| Ritter, Ervin | 12/09/09 | $453.75 | $130.00 | $583.75 |
| Robbins, Coreen | 12/14/09 | $1,392.50 | $735.00 | $2,127.50 |
| Scott, William | 11/13/09 | $443.35 | $130.00 | $573.35 |
| Shwery, Edward | 11/09/09 | $449.75 | $130.00 | $579.75 |
| Smith, Kenneth | 12/04/09 | $391.60 | $70.00 | $461.60 |
| Smulski, Stephen | 01/29/10 | $350.55 | $130.00 | $480.55 |
| Snell, Donald | 12/22/09 | $569.25 | $112.50 | $681.75 |
| Souza, Kevin | 07/15/09 | $466.70 | $100.00 | $566.70 |
| Spector, Richard | 10/29/09 | $554.60 | $0.00 | $554.60 |
| Thompson, John | 01/08/10 | $317.70 | $130.00 | $447.70 |
| Watson, Tony | 12/21/09 | $138.65 | $45.00 | $183.65 |
| Wedner, James | 01/25/10 | $254.55 | $187.50 | $442.05 |
| Williams, Patricia | 12/03/09 | $820.65 | $120.00 | $940.65 |
| Wright, Bobbie | 01/05/10 | $428.80 | $240.00 | $668.80 |
| Wright, Lyndon | 07/10/09 | $635.05 | $240.00 | $875.05 |
| Wright, Michelle | 01/05/10 | $48.90 | $70.00 | $118.90 |
| Young, Edith | 01/22/10 | $422.00 | $105.00 | $527.00 |
| **TOTAL** | | **$28,593.42** | **$8,419.25** | **$37,012.67** |

B.    **All Other Costs**

The remaining costs sought to be taxed by Shaw are reasonable, necessary, fully supported, and appropriate for all of the reasons stated in Shaw's original memorandum in support of its motion for costs (R. Doc. 14754) – *i.e.*, daily trial transcripts necessarily obtained for use in the case ($15,056.20),[3] witness fees ($1,858.99), costs of copies necessarily obtained for use in the case ($9,118.79), and necessary audio-visual trial support costs ($9,921.58).

II.    **All Costs Sought by Shaw Should Be Assessed Solely Against Lyndon Wright.**

Contrary to Plaintiff's assertions, the financial condition of neither Mr. Wright nor Shaw should be considered by the Court in awarding costs in this case. As the prevailing party, Shaw is entitled to reimbursement from the losing party – plaintiff Lyndon Wright – of certain costs incurred by Shaw in preparing this matter for trial and participating in the two-week jury trial. The award sought by Shaw is only a fraction of the significant costs Shaw was forced to incur in this litigation due to plaintiff's continued pursuit of meritless claims. For the reasons and authorities cited by Forest River, Inc., in its Reply Memorandum in Support of Motion to Assess Taxable Costs (Rec. Doc. 14869-2) at pp. 8-10, plaintiff has failed to offer any compelling "special factors" that would justify denying a cost award to Shaw or that would support apportioning these costs among MDL plaintiffs other than Lyndon Wright.

---

[3]    Shaw notes that the daily trial transcript costs were properly awarded to the prevailing parties in the first bellwether case tried in this multi-district litigation. *See* Rec. Docs. 10620, 10621, and 13323. Shaw should be awarded these costs for the same reasons.

Accordingly, Shaw Environmental, Inc. respectfully requests that an award of costs in the amount of $72,968.23 be assessed in its favor against Plaintiff Lyndon Wright.

Respectfully submitted,

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
ROY C. CHEATWOOD (#4010)
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
rcheatwood@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
cthigpen@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT, SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of July, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

  /s/ M. David Kurtz
    M. DAVID KURTZ