UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION** | **MDL NO. 07-1873**<br><br>**SECTION N-5**<br><br>**JUDGE ENGELHARDT**<br>**MAG. JUDGE CHASEZ** |

**THIS DOCUMENT IS RELATED TO:**

**10-00908; 09-05600; 09-05597; 10-00583; 09-05609; 09-05602; 09-05606; 09-05568; 09-05575; 09-05608; 09-05601; 09-05607; 10-01396; 09-05559; 09-05579; 10-01397; 09-05593; 09-06886; 10-01360; 10-00579; 10-01401; 09-05545; 10-01373; 09-06899; 09-06895; 09-06894; 09-06901; 09-05574; 10-01386; 09-05541; 09-05603; 09-05577; 10-00909; 09-06903; 09-05584; 09-05576; 10-00580; 09-05582; 09-05598; 09-05595; 10-01686; 09-03943; 09-06722; 10-01399; 10-00257; 09-06716; 09-05586; 10-01052; 09-05565; 10-01371; 09-05590; 09-05580; 10-01359; 09-06017; 09-06211; 09-05587; 09-05589; 09-05583; 10-01365; 10-00916; 09-06902; 09-06412; 09-06643; 10-00910; 10-01392; 10-00581; 09-05569; 10-01369; 10-01380; 10-01042; 10-01403; 09-05564; 10-01393; 10-00265; 10-00571; 10-01400; 10-01685; 10-01041; 10-01050; 10-00917; 10-00578; 10-00913; 10-01395; 09-06717; 10-00264; 09-05567; 09-05605; 09-05547; 09-05553; 10-01367; 10-00574; 09-05573; 10-00266; 10-00485; 09-05604; 09-05610; 10-01409; 10-00912; 10-01366; 10--00258; 09-05570; 09-05588; 10-01375; 10-01368; 09-05548; 10-01045; 10-00267; 10-01394; 10-01372; 10-01376; 09-05578; 09-05592; 10-01044; 10-00918; 10-00919; 10-00271; 10-01377; 10-00268; 10-01049; 09-05572; 10-01383; 09-06016; 10-00489; 09-05540; 09-06905; 09-06896; 09-05611; 09-05544; 09-05581; 10-00922; 10-01389; 10-01364; 10-00914; 10-00584; 10-00911; 09-06891; 10-01388; 09-05539; 10-00572; 10-01384; 10-00272; 10-00577; 10-01374; 09-05538; 09-05542; 09-05556; 10-00269; 09-06888; 10-01402; 09-05557; 09-06890; 09-06721; 09-03944; 09-05552; 10-00573; 10-00484; 09-06907; 09-05585; 10-00482; 10-01404; 09-05566; 10-00486; 10-00473; 10-00273; 10-01406; 10-00481; 10-00260; 10-00575; 10-00261; 09-06887; 10-01362; 09-05558; 09-05555; 09-05561; 09-06897; 10-00576; 10-00920; 10-01043; 09-06908; 09-03942; 10-01363; 10-00488; 10-00259; 10-01391; 09-05599; 09-06419; 09-05571; 10-00262; 10-00921; 09-05596; 09-06018; 09-05546; 10-00582; 10-01382; 10-01357; 10-00487; 10-00476; 09-06212; 10-01370; 09-05563; 10-00478; 10-01398; 10-00263; 10-00270; 10-01687; 10-01381; 10-01385; 10-00906; 09-06904.**

## DEFENDANT UNITED STATES OF AMERICA'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED *EX PARTE*/CONSENT MOTION FOR ENTRY OF A FED. R. CIV. P. 54(b) JUDGMENT DISMISSING MISSISSIPPI PLAINTIFFS' CLAIMS AGAINST THE UNITED STATES OF AMERICA

Defendant United States of America ("United States") submits this Memorandum in support of its unopposed *Ex Parte*/Consent Motion seeking entry of Fed. R. Civ. P. 54(b) judgment and dismissal of the above-referenced actions. Rule 54(b) states that

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or ***when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.*** In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b) (emphasis added). The determination of whether there is "no just reason for delay" is within the sound discretion of the trial court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir.1992). The Fifth Circuit, however, has cautioned that Rule 54(b) only "grants a discretionary power [to a district court judge] to afford a remedy in the infrequent harsh case." *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir.1984). A direction for the entry of judgment should not be granted routinely, but only sparingly and deliberately. *Id*. In making the determination whether there is "no just reason for delay," the Court must weigh "the inconvenience and costs of piecemeal review on one hand and the danger of denying justice on the other." *Road Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir.1992) (citations omitted).

Each of the actions that are the subject of this motion assert Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80, claims against the United States for money damages for alleged injuries resulting from occupying temporary emergency housing units ("EHUs") in the State of Mississippi. *See* Exh.1, Dec. Rena Brown.[1] The Court's June 23, 2010 Order and Reasons (Rec. Doc. 14486), dismissed ***all*** Mississippi Plaintiffs' FTCA claims against the United States for lack of subject matter jurisdiction. *See* Order and Reasons at 18-19 (Rec. Doc. 14486). In the instant case, allowing the appeal period to begin running immediately will prevent potential hardship to all parties because given the current posture, the cases will proceed to trial without the United States' presence as a defendant and government's participation in discovery relating to these claims. If this motion is granted it will allow the parties to avoid the hardship and potential retrial of these actions in the event that the Fifth Circuit were to disagree with this Court's ruling. *See PYCA Indus., Inc. v. Harrison County Wastewater Mgmt Dist.*, 81 F.3d 1412, 1421 (5th Cir.1996) (certification is appropriate when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal); *Ackerman*, 973 F.2d at 1224 (finding that district courts' certification pursuant to Rule 54(b) was not an abuse of discretion even though claims remained between different parties); *Larroquette v. Cardinal Health 200, Inc.*, 2004 WL 3132961 *1 (E.D. La. Dec. 10,2004) (same).[2]

---

[1] Additional Complaints/actions asserting FTCA claims on behalf of Mississippi Plaintiffs have been filed, however, those actions have not yet been transferred to this Court by the Multi-District Litigation Panel, and as such this Court lacks authority to enter a Rule 54(b) judgment as to those claims.

[2] In contrast, the Court's ruling dismissing Louisiana Plaintiffs' negligence claims does not justify entry of a Rule 54(b) judgment, because the United States remains a Defendant in those actions and entry of a Rule 54(b) judgment as to Plaintiffs' negligence claims, while claims for gross negligence and willful and wanton misconduct remain before this Court, will result and promote piecemeal litigation.

Accordingly, for all of these reasons the Court should grant the United States' Motion.

Dated: August 3, 2010.                              Respectfully Submitted,

TONY WEST                                           ADAM BAIN
Assistant Attorney General, Civil Division          Senior Trial Counsel

J. PATRICK GLYNN                                    MICHELLE BOYLE
Director, Torts Branch, Civil Division              ADAM DINNELL
                                                    MICHELE GREIF
DAVID S. FISHBACK                                   JONATHAN WALDRON
Assistant Director                                  Trial Attorneys

OF COUNSEL:                                         //S// *Henry T. Miller*
                                                    HENRY T. MILLER (D.C. Bar No. 411885)
JORDAN FRIED                                        Senior Trial Counsel
Associate Chief Counsel                             United States Department of Justice
                                                    Civil Division – Torts Branch
JANICE WILLIAMS-JONES                               P.O. Box 340, Ben Franklin Station
Senior Trial Attorney                               Washington, D.C. 20004
Federal Emergency Management Agency                 Telephone No: (202) 616-4223
Department of Homeland Security                     E-mail: Henry.Miller@USDOJ.Gov
Washington, D.C. 20472

                                                    Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                   //S// *Henry T. Miller*
                                   HENRY T. MILLER (D.C. Bar No. 411885)