UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                 MDL NO. 1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION            SECTION "N-5"

                                                                JUDGE ENGELHARDT
                                                                 MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES
(Louisiana Plaintiffs)
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>MEMORANDUM IN SUPPORT OF PSC'S MOTION TO CERTIFY
FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)
THE COURT'S MAY 18, 2010 ORDER DISMISSING
FTCA NEGLIGENCE CLAIMS OF ALL LOUISIANA PLAINTIFFS
FOR LACK OF SUBJECT-MATTER JURISDICTION
BASED UPON NO ANALOGOUS PRIVATE LIABILITY</u>**

MAY IT PLEASE THE COURT:

       Certification for immediate appellate review is appropriate with respect to the Court's ruling of May 18, 2010, granting the motion of the defendant United States to dismiss the FTCA negligence claims of all Louisiana Plaintiffs for lack of subject-matter jurisdiction (Doc. 14124). This ruling not only decides an issue based upon a controlling (and novel) question of law, but the final resolution of this question could materially advance the ultimate resolution of thousands of claims pending in this MDL, as well as potential claims not yet filed or made part of the MDL. The PSC accordingly requests that the Court certify this ruling for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

I.  **THE CRITERIA FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL ARE SATISFIED**

By enacting 28 U.S.C. §1292(b), Congress intended to authorize interlocutory appeals "for the purpose of minimizing the total burden of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." 16 Charles Alan Wright, Authur R. Miller & Edward H. Cooper, "Federal Practice and Procedure," §3930 (2007). This procedural device for interlocutory appeal is especially useful in the orderly and efficient administration of complex cases such as this one. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1263 (7th Cir. 1980).

In order for this Court to certify for interlocutory appeal its Order of May 18, 2010, Your Honor must be of the opinion that (1) your Order "involves a controlling question of law as to which there is substantial ground for difference of opinion....," and (2) that "an immediate appeal from the Order may materially advance the ultimate termination of the litigation...." 28 U.S.C. §1292(b). It is respectfully submitted that both of these prerequisites are satisfied as to the Order of May 18, 2010. First, the question whether FEMA, acting as a federal agency pursuant to an Act of Congress, was intended to be protected from liability for negligence under the Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA"), is an important, controlling, and novel question of law, and clearly a question as to which there are substantial grounds for a difference of opinion. Secondly, given the thousands of Louisiana-plaintiff FTCA cases still "in the queue" and awaiting disposition in this multi-district litigation, early clarification and finalization as to the applicability of the LHSEADA will assuredly advance in a material way the ultimate conclusion of these claims, and, more importantly, do so while the

MDL is pending.[1] An expedited resolution of this controlling question of law likewise will reduce the risk of varying and inconsistent adjudications in the litigation of such claims in the post-remand aftermath of the MDL.

A. THERE EXISTS A CONTROLLING QUESTION OF LAW AS TO WHICH THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

After extensive briefing and oral argument on the issue of federal government immunity under the discretionary function exception to the waiver of immunity in the FTCA, this Court significantly limited the scope of FEMA's FTCA liability in this matter. The result of this Court's ruling is that FEMA is immune from state tort law liability for its actions in selecting and providing travel trailers, and/or in arranging through contractors to have these trailers jacked up and modified for residential use. What now remains as a viable FTCA theory of recovery is FEMA's negligence based on its alleged failure to promptly and properly respond to reported safety concerns about formaldehyde off-gassing in the trailers. This Court reasoned that FEMA may have abrogated its legal duties to trailer occupants by failing to investigate the formaldehyde complaints, warn inhabitants about formaldehyde health risks, conduct and report the results of testing, and, more generally stated, not "stick its head in the sand" in response to an emerging crisis. *See* Doc. 717 at p.38-46.

Against this backdrop, the proposed application of §733.1 (Limitation of liability of owner or operator of facilities) of the LHSEADA to further limit FEMA's property owner-based liability to trailer occupants is, in Plaintiffs' view, misplaced statutory construction which leads to a result which cannot be justified on either legal or policy grounds. The express purpose in the

---

[1] Notably, the United States did not oppose a Rule 54(b) entry of final judgment on the analogous dismissal of Mississippi and Alabama Plaintiffs' claims under state statutes in Mississippi and Alabama similar to the LHSEADA, namely the Mississippi Emergency Management Law ("MEML") and the Alabama Emergency Management Act ("AEMA"). A final decision on the important question of Louisiana law at issue in the instant motion might be reviewed on appeal as a companion and related matter for the sake of judicial efficiency.

LHSEADA is "to preserve the lives and property of the people of the state of Louisiana." La. R.S. 29:722. The statute purports to do so by encouraging and incentivizing the citizens of Louisiana to participate in disaster recovery by limiting liability (to gross fault) for those who shelter victims in their immovables or on their premises. This incentive was not meant for, nor is any plausible statutory encouragement extended in the case of, the Federal Emergency Management Agency, since it is a governmental entity tasked by Congress to respond to emergencies. The Louisiana legislature, in Plaintiffs' view, in no way purported to incentivize FEMA to do that which the agency exists to do, much less to further limit FEMA's liability under Louisiana law in the very area of decision-making which already is protected by the federal doctrine of discretionary function immunity.

The LHSEADA further requires that a property owner's actions be voluntary and without compensation. Yet, the federal government (FEMA) has provided emergency assistance under the Stafford Act through federal funds generated by taxes. The residents of emergency housing provided after Hurricane Katrina, therefore, contributed as citizens to the funds which made the housing possible. FEMA simply does not fit the category of a "Good Samaritan" owner acting "pro bono publico," without compensation.

The foregoing is not intended to re-urge Plaintiff's prior opposition to the Government's position or challenge the Court's ruling at this time, but rather to demonstrate that there are substantial grounds for a difference of opinion on the applicability of the LHSEADA. Indeed, since there is scant jurisprudence on the issue, the controlling question of law presented is a novel one, and therefore open to substantial, good-faith dispute on grounds of policy and statutory construction principles.[2]

---

[2] Neither Plaintiffs, the Government, nor the Court has discovered or cited a Louisiana case decision addressing the applicability of §733.1 of the LHSEADA in an FTCA action.

B.   **IMMEDIATE REVIEW AND FINALIZATION OF THE MATTER AT ISSUE WILL ACCELERATE THE CONCLUSION OF FTCA LITIGATION IN THESE PROCEEDINGS**

A "critical" consideration under §1292(b) is whether an interlocutory appeal would "have the potential for substantially accelerating the disposition of the litigation" *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978) (internal citations omitted); *see also In re Virginia Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) [§ 1292(b) appeal is appropriate where resolution of controlling question could prevent waste of "much time, expense and effort"]. Plaintiffs submit that interlocutory review of the Court's Order of May 18, 2010 would materially advance this litigation against the FEMA. Final resolution of the legal question presented by the proposed application of the LHSEADA in this matter is abundantly justified "[f]or the sake of 'judicial economy and the interests of the parties in obtaining an overall conclusion of the proceedings' . . . ." *Philibert v. Ethicon, Inc.*, 2004 WL 1922032, at *5 (E.D.La. 2004) (citation omitted).

The applicable legal standard of care (negligence or gross negligence) governing FEMA's conduct in this litigation clearly is an issue common to all Louisiana plaintiff FTCA claims, and therefore one that must be resolved with clarity and finality as this MDL proceeds. The MDL is established for the primary purpose of resolving common issues. Literally thousands of FTCA claims await disposition, through trials on the merits if necessary, either in this MDL or in separate proceedings, post-remand. The litigants on both sides surely are entitled to go to trial in these cases with certainty as to the legal standard for determining FEMA's liability; and, it makes little sense from the standpoint of judicial economy to try even one case without having finality as to this question. Conversely, the Court and the parties gain nothing in an MDL process aimed at resolving common, pretrial issues, by deferring the final, appellate answer to <u>this</u>

common, pretrial issue.[3] An immediate appeal of these questions will promote an accelerated and expedited resolution of this MDL, because it will inform the scope of discovery and proof required in thousands of consolidated FTCA cases awaiting trial herein.

For these reasons, the PSC respectfully moves the Court for an Order certifying the above issues for appeal under 28 U.S.C. §1292(b).

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:    504/528-9973
      jwoods@gainsben.com

      **COURT-APPOINTED PLAINTIFFS'**

---

[3] FEMA, notably, has not suggested that any further development of a factual record is necessary or germaine in the final resolution of the issue.

>**STEERING COMMITTEE**
>ANTHONY BUZBEE, Texas # 24001820
>ROBERT M. BECNEL, #14072
>RAUL BENCOMO, #2932
>FRANK D'AMICO, JR., #17519
>MATT MORELAND, #24567
>LINDA NELSON, #9938
>DENNIS REICH, Texas #16739600
>MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

>s/Gerald E. Meunier
>GERALD E. MEUNIER, #9471