UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| | * | |
| *Bazanac, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 09-8320 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE THE LIVE TESTIMONY OF HEWETT AND MALLET**

**MAY IT PLEASE THE COURT:**

Plaintiff Robin Lewis ("Plaintiff") respectfully submits the following Response to Defendant Gulf Stream Coach, Inc.'s Motion to Strike the Live Testimony of Hewett and Mallet.

Defendant argues that it is prejudiced because Plaintiff has recently chosen to call two of his experts live. Plaintiff has committed no error nor caused Defendant any prejudice for two reasons: (1) there exists no rule preventing Plaintiff from calling his experts live and (2) Defendant's argument that it has somehow "divulged" new strategy is erroneous.

**I.   The Parties Never Agreed to Limit Plaintiff's Ability to Call His Experts at Trial, and Defendant had Ample Time to Ask the Court for Such a Rule**

Defendant, two days before trial, seeks to impose an ex-post facto rule barring Plaintiff from calling his experts live at trial. Defendant argues that because Plaintiff

did not disclose his intent earlier, Defendant has been prejudiced.  Respectfully, no such disclosure requirement exists.  The Pre Trial Orders providing the Summary Jury Trial procedures do not contain any such requirement or limitation.  Thus, Plaintiff cannot be expected to comply with a rule that does not exist and disclose by some undetermined date.  In fact, with regard to experts and the use of their depositions, the Pre Trial Orders that "each deposition [for experts] shall be limited to four hours of testimony." (Rec. Doc. 13871, p. 5), and there is no provision unique to depositions for experts who were not to be called at trial.  Further, there are no provisions requiring Plaintiff to elect whether or not he intends to call the expert at trial.  Notably, the Pretrial Orders allow the parties to subsequently modify the Summary Jury Trial procedures.  Here, the parties discussed and agreed upon certain modifications—for example, the parties agreed to expand the number of experts allowed pursuant to the Pre Trial Order from three to eight.  (Rec. Doc. 13871, p. 4)  During these discussions, however, Defendant never once proposed a deadline for Plaintiff to announce which experts it would call live.  Only today does Defendant raise its objection and attempt to impose this ex-post facto rule.

Moreover, according to Defendant's logic, Plaintiff could **never** have called Hewett and Mallet live at trial because Defendant apparently conducted their depositions as if they were trial examinations.  Plaintiff never agreed to any such limitation, and therefore, none should be imposed at this time.

## II. Because Plaintiff is the Fifth Bellwether in this MDL, Defendant's Argument Is Illogical

Respectfully, Defendant's motion to strike should be denied as it is nothing but an attempt to prevent Plaintiff from exercising his right to use his limited time before the Court as he sees fit.  The premise of Defendant's argument is that through its

depositions of Mallett and Hewett, it "air[ed] his entire case and all of his evidence" and divulged its "key" strategy. (Rec. Doc. 16065-1, p. 1-2)  Respectfully, Defendant acts as if the information derived from Hewett and Mallett's depositions somehow escaped the five previous bellwether trials.  Defendant's proposition could perhaps be valid if Hewett and Mallett were a type of expert—for example, a specific causation expert—whose opinion changed with each and every nuance of a case.  Hewett and Mallett, however, have provided information that have not elicited new strategies from Defendant.  In fact, Defendant cannot name exactly how its strategy has been "prejudiced," just that it has.  Furthermore, Defendant's argument that allowing Plaintiff to call Hewett and Mallett live somehow "force[s] Gulf Stream to question the witness first" is illogical.  (Rec. Doc. 16065-1, p. 2)  As stated above, the theories presented by these experts in this case are not unique to this bellwether, and Defendant has not been forced to question the experts first.  In fact, any prejudice is absolved by the fact that Defendant will be allowed to cross examine the expert—just as in other summary jury trials—after Plaintiff has conducted his direct examination.

Ultimately, Defendant relies on an argument that simply does not comport with this case.  Hewett and Mallett's opinions align with those provided in previous bellwethers.  Plaintiff is not trying to manipulate the summary jury trial proceeding, but is merely attempting to exercise his right to call the experts he has hired and paid. Defendant has failed to allege how its strategy has been prejudiced or even what information has prejudicially disclosed.  Accordingly, Defendant's motion to strike should be denied.

                Respectfully submitted:

                **FEMA TRAILER FORMALDEHYDE**
                **PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
DENNIS REICH, Texas #16739600

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing on September 9, 2010.

 s/Gerald E. Meunier
GERALD E. MEUNIER, #9471