**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION** | **MDL NO. 07-1873**<br><br>**SECTION "N" (5)**<br>**JUDGE ENGELHARDT**<br>**MAG. JUDGE CHASEZ** |
| **THIS DOCUMENT RELATES TO:**<br>**ALL CASES (Louisiana Plaintiffs)** | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES' MEMORANDUM IN OPPOSITION
TO "PSC'S MOTION TO CERTIFY FOR INTERLOCUTORY REVIEW PURSUANT
TO 28 U.S.C. § 1292(b) THE COURT'S MAY 18, 2010 ORDER" (Rec. Doc. 15976)**

**INTRODUCTION**

In their motion and supporting memorandum seeking immediate appellate review of the Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124), Plaintiffs fail to satisfy the jurisdictional requirements of 28 U.S.C. § 1292(b). *See* Plfs.' Mem. (Rec. Doc. 15976-1). Because the statutory prerequisites for granting certification are not wholly satisfied, this Court does not have the discretion to certify its ruling for immediate appeal. Importantly, it is the moving party's burden to demonstrate the necessity of an interlocutory appeal. Plaintiffs concede that this exceptional remedy can only be employed where the moving party has established that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. *See* Plfs.' Mem. (Rec. Doc. 15976-1); 28 U.S.C. § 1292(b). Here, Plaintiffs have failed to make such a showing.

First, there is no difference of opinion – let alone a substantial difference of opinion – as to whether the Federal Tort Claims Act's ("FTCA") private analogous liability requirement, 28

U.S.C. §§ 1346(b)(1), 2674, affords the United States the same types of defenses and immunities available to a private person in like circumstances under state law; nor is there any difference of opinion regarding whether the Government activity at issue in this case is substantially similar to the kind of private person activity that would be immune from all negligence liability pursuant to La. R.S. 29:733.1. Plaintiffs have failed to cite a single decision from *any* court *anywhere* that disagrees with the reasoning behind the Court's ruling. Instead, Plaintiffs erroneously argue that the Louisiana immunity statute (La. R.S. 29:733.1) cannot benefit FEMA simply because it is FEMA. Nowhere in their motion and supporting memorandum do Plaintiffs come forward with a decision interpreting the FTCA's private analogous liability requirement in a manner that would have required a different ruling given the factual allegations in this case. Second, because the Court's ruling does not entirely dispose of Louisiana Plaintiffs' claims against the United States, immediate appeal will not materially advance the ultimate termination of this litigation. Plaintiffs have already sought to appeal a nearly identical ruling involving the same legal issues. In addition, future motions practice may substantially change the circumstances surrounding Louisiana Plaintiffs' claims against the United States, thereby impairing the efficiency of an immediate appeal. Ultimately, Plaintiffs have failed to meet their burden of demonstrating that the exceptional requirements of 28 U.S.C. § 1292(b) are satisfied, thus, their motion to certify the Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124) must be denied.

## PROCEDURAL BACKGROUND

Plaintiffs in this MDL are individuals who resided in emergency housing units ("EHUs") provided by FEMA after the landfalls of Hurricanes Katrina and/or Rita. *See* Order and Reasons, August 21, 2009 (Rec. Doc. 2789). "In general, Plaintiffs claim injuries resulting from

alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these EHUs." *Id*. (citing Rec. Doc. 109 ¶ 30). The units were occupied in four different states – Alabama, Louisiana, Mississippi, and Texas. The ruling at issue only involves the FTCA negligence claims of Louisiana Plaintiffs.

As enunciated in the "Fourth Supplemental and Amended Administrative Master Complaint" (Rec. Doc. 7688), Plaintiffs have filed suit against over one-hundred entities, including the United States. *See* Third AMC (Rec. Doc. 4486) ¶¶ 10-115, 124 (as incorporated by reference through the Fourth AMC). Although Plaintiffs allege that the United States is subject to this Court's jurisdiction through the FTCA's limited waiver of sovereign immunity, *id*. ¶ 116 (citation omitted), this Court has already ruled that a number of Plaintiffs' FTCA claims lack jurisdiction based upon the FTCA's discretionary function exception. *See* Order and Reasons, October 3, 2008 (Rec. Doc. 717); Order and Reasons, August 13, 2009 (Rec. Doc. 2621). In addition, throughout the course of this MDL, the Court has concluded that the FTCA claims of various individual plaintiffs are barred for lack of jurisdiction by the FTCA's two-year statute of limitations, 28 U.S.C. § 2401(b). *See, e.g,* Order and Reasons, August 21, 2009 (Rec. Doc. 2789); Order and Reasons, January 21, 2010 (Rec. Doc. 10493); Order and Reasons, January 22, 2010 (Rec. Doc. 10626). The United States has consistently secured dismissal of various FTCA claims and actions against it through these various jurisdictional arguments. Many of these arguments substantially overlap with one another (*i.e.*, a plaintiff's FTCA claims may be barred both by the two-year statute of limitations and the Court's discretionary function exception rulings).

On November 12, 2009, the United States filed a motion to dismiss the FTCA negligence

claims of all Louisiana Plaintiffs for lack of jurisdiction based upon the FTCA's private analogous liability requirement (Rec. Doc. 6970).[1]/ The motion argued that the United States must be shielded from FTCA negligence liability because the law of the state where the alleged act/omission occurred (specifically, La. R.S. 29:733.1) would immunize a private person under similar circumstances. The Court granted the Louisiana motion through its May 18, 2010, Order and Reasons (Rec. Doc. 14124), yet, specifically noted that its Order did not address "the dismissal of the Government as a defendant," but rather, whether Louisiana Plaintiffs could seek FTCA liability based upon simple negligence.[2]/ The Court explicitly stated that "Plaintiffs maintain the right to pursue other causes of action against the Government as set forth in the supplemental and amended master complaints." Order and Reasons, May 18, 2010, at 2 (Rec. Doc. 14124). Thus, the ruling was clearly interlocutory in nature and is not appealable without an entry of judgment under Federal Rule of Civil Procedure 54(b) or certification under 28 U.S.C. § 1292(b).[3]/

---

[1]/ The United States subsequently filed similar motions to dismiss the FTCA claims of all plaintiffs in Mississippi (Rec. Doc. 7690) and Alabama (Rec. Doc. 10656) by referencing comparable state-specific statutory protections. These motions were granted on June 24, 2010 (Mississippi), and August 9, 2010 (Alabama), respectively. *See* Orders and Reasons (Rec. Docs. 14486, 15061). Because these rulings disposed of the Plaintiffs' FTCA claims against the United States in their *entirety*, judgment under Federal Rule of Civil Procedure 54(b) was appropriate, and was entered on the Mississippi Plaintiffs' claims on August 5, 2010*, see* Order (Rec. Doc. 15058), and on the Alabama Plaintiffs' claims on August 24, 2010, *see* Order (Rec. Doc. 15827). On September 3, 2010, Plaintiffs filed a Notice of Appeal (Rec. Doc. 16055) regarding the dismissal of the Mississippi Plaintiffs' claims.

[2]/ This piecemeal dismissal differed from the total dismissals announced in the Mississippi and Alabama rulings and was a direct result of differing language in the various states' immunity statutes. *Compare* Order and Reasons, May 18, 2010 (Rec. Doc. 14124), *with* Order and Reasons, June 24, 2010 (Rec. Doc. 14486).

[3]/ Although such wording is often used, in a technical sense, the Court's ruling did not identify the appropriate "standard of care" (defining the level of care which an ordinary prudent person would exercise under like circumstances), so much as it ruled that the United States must be afforded the immunity protections of La. R.S. 29:733.1 (as a private person would under similar circumstances), and,

4

On May 25, 2010, Plaintiffs sought to have judgment entered on the Louisiana ruling under the "Judgment on Multiple Claims or Involving Multiple Parties" provision of Rule 54(b). *See* Mot. for Judgment (Rec. Doc. 14197). The United States subsequently opposed Plaintiffs' motion because the Louisiana ruling – as an order that only adjudicated one type of claim as to one of many parties – was not suitable for entry of a piecemeal judgment. *See* Opp. Mem. (Rec. Doc. 14322) (demonstrating why Plaintiffs failed to satisfy the requirements of Rule 54(b)). Plaintiffs' conclusory argument that judgment was appropriate ignored the procedural posture of the case, the nature of the Court's ruling, and the threshold standard that must be satisfied for the Court to exercise Rule 54(b). At this time, the motion for entry of judgment remains pending before this Court.

## ARGUMENT

I. **Certification for Interlocutory Review Is an "Exceptional" Remedy that Should be Granted Sparingly – Plaintiffs Bear the Burden of Demonstrating that the Jurisdictional Prerequisites of 28 U.S.C. § 1292(b) are Satisfied.**

Under 28 U.S.C. § 1292(b), interlocutory review of district court orders that are not otherwise appealable can only occur when the district court certifies the order *and* the Court of Appeals independently accepts the certification. The section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order . . .

28 U.S.C. § 1292(b). This process whereby a ruling may be certified for interlocutory appeal is

---

thus, the ruling *dismissed* all FTCA negligence claims brought by Louisiana Plaintiffs for lack of subject-matter jurisdiction.

5

"exceptional" in nature and assuredly does not lie simply to determine the correctness of a ruling. *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir. 1983); *see McFarlin v. Conseco Services, Inc.*, 381 F.3d 1251, 1264 (11th Cir. 2004) (describing interlocutory review as a "rare exception"). The clear default under the Federal Rules is that an order that adjudicates fewer than all of the claims at issue in an action does not end the action, and, thus, does not amount to an appealable judgment. Because certification should be granted sparingly, the party seeking certification bears the heavy burden of "demonstrating the necessity of an interlocutory appeal" by establishing that the matter is exceptional and that the prerequisites stated in 28 U.S.C. § 1292(b) are clearly satisfied. *See* Order and Reasons, April 30, 2010 (Rec. Doc. 13163) (citing *Complaint of L.L.P. & D. Marine, Inc.*, Nos. Civ. A. 97-1668, 97-2992, 97-3349, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998)); *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). These prerequisites are *jurisdictional* in nature – if the matter does not satisfy the requirements of 28 U.S.C. § 1292(b), the appellate court cannot allow the appeal.[4]/ *See Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 645-46 (8th Cir. 2008).

In a previous filing with this Court, Plaintiffs agreed that all three requirements announced in 28 U.S.C. § 1292(b) *must* be met before a court may order certification. *See* Plfs.' Opp. to Mot. at 2 (Rec. Doc. 9399) (citing *Piazza v. Major League Baseball*, 836 F. Supp. 269, 270 (E.D. Pa. 1993)). Indeed, in past circumstances, they have conceded that certification for interlocutory appeal should be limited to extraordinary cases and that a desire to obtain early

---

[4]/ The Court is afforded substantially less discretion under the specific requirements of 28 U.S.C. § 1292(b) (allowing certification for interlocutory review) than it is under Rule 54(b) (allowing for entry of judgment). *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (holding the Court may freely consider the equities in making its decision under Rule 54(b)). Interlocutory certification imposes a stricter vetting process.

review of difficult rulings or question the correctness of a ruling is not enough to justify departure from the policy of postponing appellate review until after entry of final judgment. *See* Plfs.' Opp. to Mot. at 1 (Rec. Doc. 9399) (citing *German by German v. Federal Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)); *see also In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Even where all three statutory prerequisites are met, the Court may opt to deny a motion for interlocutory appeal if other considerations weigh against certification. *See Transport Works v. New York City Trans. Auth.*, 358 F. Supp. 2d 347, 350-51 (S.D.N.Y. 2005).

### II. Plaintiffs Have Failed to Demonstrate that the Exceptional Requirements of 28 U.S.C. § 1292(b) are Satisfied.

Plaintiffs have failed to carry their burden of demonstrating that the Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124) granting the United States' Motion to Dismiss the FTCA Negligence Claims of All "Louisiana Plaintiffs" for Lack of Subject-Matter Jurisdiction Based Upon No Analogous Private Liability (Rec. Doc. 6970) involves:

> **(1)   a controlling question of law,**
>
> **(2)   as to which there is substantial ground for difference of opinion, and**
>
> **(3)   an immediate appeal from the order would materially advance the ultimate termination of the litigation.**

*See* 28 U.S.C. § 1292(b); Order and Reasons, April 30, 2010 (Rec. Doc. 13163).

### A. The Court's Ruling May Involve a Controlling Question of Law, but Plaintiffs Misstate the Controlling Question at Issue.

In examining the first of the three requirements set forth in 28 U.S.C. § 1292(b), a "controlling question of law is one that would require reversal if decided incorrectly." *APCC Services, Inc. v. Sprint Communications Co.*, 297 F. Supp. 2d 90, 96 (D.D.C. 2003); *McFarlin v. Conseco Services*, 381 F.3d 1251, 1259 (11th Cir. 2004) (holding that the question must be one

in which the Court of Appeals would be able to rule on a pure question of law without having to delve beyond the surface of the record). Plaintiffs miscast the controlling question of law as:

> whether FEMA, acting as a federal agency pursuant to an Act of Congress, *was intended to be protected* from liability for negligence under the Louisiana Homeland Security and Emergency Assistance and Disaster Act ("LHSEADA")

Plfs.' Mem. at 2 (Rec. Doc. 15976-1) (emphasis added). They go on to describe this purported question as "an important, controlling, and novel question of law."[5]/ *See* Plfs.' Opp. at 2 (Rec. Doc. 15976-1).

Pursuant to the Supreme Court's unambiguous holding in *United States v. Olson*, whether a state statute *was intended to benefit* the United States Government, a federal agency, or any other governmental entity is of no moment in measuring liability under the FTCA. *See* 546 U.S. 43, 44 (2005). In *Olson,* the Supreme Court conclusively held that the United States has only waived sovereign immunity through the FTCA under circumstances where state law would make a *private person* (not a governmental entity) liable in tort. *Id*. (citing 28 U.S.C. § 1346(b)).

---

[5]/ Plaintiffs incorrectly characterize this Court's prior Order addressing the applicability of the FTCA's discretionary function exception. *See* Plfs.' Mem. at 3 (Rec. Doc. 15976-1). In its Order, the Court analyzed whether the exception applied to a number of different claims brought by Plaintiffs. Nowhere in its Order did the Court opine that "FEMA may have abrogated its legal duties to trailer occupants," as maintained by Plaintiffs. *See* Plfs.' Mem. at 3 (Rec. Doc. 15976-1). To the contrary, the Court specifically prefaced its Order by stating that its decision "in no way suggests or is meant to suggest any finding of liability against any party" and that it merely addresses the "threshold inquiry of whether Plaintiffs' claims against the government should be dismissed at this early juncture in these proceedings." Order and Reasons, October 3, 2008, at 1 (Rec. Doc. 717). Likewise, Plaintiffs' statement that "FEMA's negligence based on its alleged failure to promptly and properly respond to reported safety concerns about formaldehyde off-gassing in the trailers" still "remains as a viable FTCA theory of recovery" is incorrect. *See* Plfs.' Mem. at 3 (Rec. Doc. 15976-1). All such claims sounding in simple negligence were dismissed through the very Order Plaintiffs now seek to appeal – the Court's May 18, 2010, Order and Reasons (Rec. Doc. 14124). Such statements underscore the fact that Plaintiffs seek to immediately appeal this Court's ruling simply because they believe it was wrongly decided – not because they can demonstrably satisfy the prerequisites of 28 U.S.C. § 1292(b). Just because the Court found that certain claims, as pleaded by Plaintiffs, may fall outside the protections of the FTCA's discretionary function exception has no bearing on whether such claims possess merit or whether they can withstand other jurisdictional attacks.

Courts have uniformly held that the Government is entitled to raise any and all defenses or immunity provisions that would potentially be available to a *private person* under state tort law. *See Starnes v. United States*, 139 F.3d 540, 542 (5th Cir. 1998). "Because the federal government could never be exactly like a private actor, a court's job in applying the standard is to find the *most reasonable analogy*." *See LaBarge v. County of Mariposa,* 798 F.2d 364, 367 (9th Cir. 1986) (emphasis added). To argue otherwise is to ignore the teachings of the Supreme Court and to stand the entire notion of private analogous liability on its head. *See Banks v. United States*, 623 F. Supp. 2d 751, 752 (S.D. Miss. 2009) ("Where the FTCA applies, the United States can assert the same defenses available to private citizens . . ."). Here, the Court applied the FTCA's private analogous liability requirement and found that the Government conduct at issue was in like circumstances to the kind of private person conduct that would be shielded from negligence liability pursuant to La. R.S. 29:733.1.

The United States concedes that this determination qualifies as a controlling question of law in the sense that its resolution requires the legal application of the FTCA's jurisdictional requirement of private analogous liability. Thus, the true controlling question of law at the heart of the Court's ruling is neither novel, nor is it the subject of scant jurisprudence. The issue is not a "pure" question of law, however, because the issue is shaped by considerations surrounding whether the Government activity at issue was in like circumstances with the type of private person activity that would be shielded from liability under state law.

> **B.**     **Plaintiffs Have not Demonstrated any Difference of Opinion Regarding the Legal Analysis Employed by the Court in its Ruling, Let Alone the Required *Substantial* Ground for Difference of Opinion.**

For there to be a "substantial ground for difference of opinion," there must be a genuine

doubt as to the correct legal standard. *See Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). This requires more than a claim that the district court ruled incorrectly or issued a novel decision. *See Wausau Business Inc. Co. v. Turner Const. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001). As Plaintiffs have conceded in past filings, even disagreements among courts outside the circuit do not justify interlocutory review. *See* Plfs.' Opp. to Mot. at 4 (Rec. Doc. 9399) (citing *Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003)). Likewise, Plaintiffs have conceded that there is no substantial ground for difference of opinion just because a matter is an issue of first impression. *See* Plfs.' Opp. to Mot. at 5 (Rec. Doc. 9399) (citing *Klein v. Vision Lab Telecom., Inc.*, 399 F. Supp. 2d 528, 537 (S.D.N.Y. 2005)); Plfs.' Opp. to Mot. at 5 (Rec. Doc. 8072) ("But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement.").

Here, Plaintiffs argue that the Court's ruling was wrong because the United States was never intended to be a recipient of the immunity protections announced in La. R.S. 29:733.1. *See* Plfs.' Mem. at 3 (Rec. Doc. 15976-1). In Plaintiffs' view, the Court inappropriately construed § 733.1 in a manner that is not in accord with the statute's purpose of encouraging private persons to provide their property as shelter for victims following a disaster. *See* Plfs.' Mem. at 4 (Rec. Doc. 15976-1). Plaintiffs reason that the statute's incentive was never meant to benefit a government entity such as FEMA and that the Louisiana legislature "in no way purported to incentivize [sic] FEMA to do that which the agency exists to do, much less to further limit FEMA's liability under Louisiana law in the very area of decision-making which already is protected by the federal doctrine of discretionary function immunity." Plfs.' Mem. at

10

4 (Rec. Doc. 15976-1). Such an argument erroneously conflates different jurisdictional provisions of the FTCA, ignores the teachings of the Supreme Court and the Fifth Circuit surrounding the FTCA's private analogous liability requirement, and grossly misinterprets the relationship between the FTCA's limited waiver of sovereign immunity and state law. Nonetheless, even if there were any support for Plaintiffs' arguments, that would not have any bearing on the prerequisites announced in 28 U.S.C. § 1292(b). A party's strong disagreement with a court's ruling, even where there may be some support for the party's position, is not sufficient to meet the substantial ground for difference of opinion requirement. *See Wausau*, 151 F. Supp. 2d at 491. Plaintiffs have failed to come forward with any conflicting cases or Circuit splits that would satisfy this prerequisite for interlocutory review. How the FTCA's private analogous liability requirement should be applied is not the subject of any relevant conflicting authority. Similarly, the type of private person conduct that is shielded from negligence liability under the plain language of La. R.S. 29:733.1 is unambiguous.

  Much of Plaintiffs' argument in support of certification rests upon their characterization of the Court's ruling as involving a "novel" question of law. *See* Plfs.' Mem. at 1 (Rec. Doc. 15976-1). Yet, it is well settled that "the mere presence of a disputed issue that is a question for first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d at 284; *see Union County*, 525 F.3d at 647 (holding that a "dearth of cases" does not give rise to a substantial ground for difference of opinion). Even if the presence of a novel question were enough to establish the jurisdictional requirements for immediate appellate review, this Court's ruling does not present such a scenario. Courts throughout the country have unanimously concluded that FTCA liability only arises where the

law of the state would impose liability on a private person under similar factual circumstances. As a result, the federal reporters are filled with FTCA cases where the United States was entitled to benefit from defenses, immunity provisions, and limitations on recovery that are only available to private persons under state law.  *See, e.g., Woods v. United States*, 909 F. Supp. 437, 442 (W.D. La. 1995) (dismissing an FTCA action based upon the private landowner immunity afforded by Louisiana's recreational use statute); *Hannon v. United States*, 801 F. Supp. 323 (E.D. Ca. 1992) (holding that the United States was entitled to the protection of California's recreational land use statute even though the statute only applied to private landowners – not public entities); *Ewell v. United States*, 776 F.2d 246, 249 (10th Cir. 1985) ("[I]mmunities created by state law which are available to private persons will immunize the federal government"); *McClain v. United States*, 445 F. Supp. 770 (D. Ore. 1978) (stating that "a state may not protect private citizens from liability without also protecting the federal government").

Even where a state immunity provision is raised for the first time in an FTCA action, the core legal issue – how to apply the FTCA's private analogous liability requirement – remains the same.  There are a number of state law protections that the United States has never attempted to reference in an FTCA action simply because the factual predicate for such arguments has never surfaced, nonetheless, the controlling law surrounding each such potential application cannot be considered to be in dispute or in doubt.  Different statutes are often raised for the first time by different parties – this scarcely entitles each opposing party to the exceptional remedy of interlocutory review.  Here, the Court applied the FTCA's private analogous liability requirement and compared the Government conduct at issue with the kind of private person conduct that is explicitly shielded from liability under the plain language of La. R.S. 29:733.1.

12

This inquiry does not involve the rote application of state law, but rather focuses on whether the kind of conduct is "substantially similar" and whether there are "like circumstances." There is no conflicting authority that casts doubt on the Court's conclusion.

Significantly, Plaintiffs have not provided a single case that conflicts with this Court's application of the FTCA's private analogous liability requirement. *See White*, 43 F.3d 374 at 378 (stating that a "dearth of cases" does not constitute "substantial ground for difference of opinion," and that a sufficient number of conflicting and contradictory opinions should be identified to satisfy the substantial ground for disagreement requirement). Although Plaintiffs describe the Court's application of the FTCA's private analogous liability requirement as "clearly a question as to which there are substantial grounds for a difference of opinion," Plfs.' Opp. at 2 (Rec. Doc. 15976-1), they wholly fail to cite anything that would constitute a difference of opinion beyond their own belief that the Court's ruling was wrongly decided. Significantly, the section of their memorandum discussing whether there is a substantial ground for difference of opinion is devoid of case citations. *See* Plfs.' Opp. at 3-4 (Rec. Doc. 15976-1). *Compare* PSC's Mem. (Rec. Doc. 1813-1) (analyzing the authority surrounding the preemptive effect of the HUD code and identifying other cases from other courts that reached a different conclusion), *with* PSC's Mem. (Rec. Doc. 15976-1) (failing to identify any contrary authority regarding application of the FTCA's private analogous liability requirement). *See also Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 867-68 (5th Cir. 2002) (discussing the importance of conflicting judicial decisions in assessing where there are substantial grounds for a difference of opinion as required under 28 U.S.C. § 1292(b)).

Plaintiffs also argue that the Court should not have ruled that the government conduct at

13

issue was in like circumstances with the conduct of a private person who acts voluntarily and without compensation. This argument is similarly without merit. First, through this argument, Plaintiffs simply repeat their belief that the Court's ruling was wrong. As discussed above, this is wholly unrelated to whether Plaintiffs can satisfy the exceptional requirements for interlocutory appeal. Second, Plaintiffs have not come forward with any authority that would call into question the Court's conclusion that the government activity at issue was substantially similar to that of a private person who acts on his own volition without compensation. Plaintiffs' *ipse dixit* statements that the government conduct was not in like circumstances to this kind of private person conduct do not suffice. The Fifth Circuit has consistently ruled that FEMA's decision whether to provide housing assistance is discretionary. *See, e.g., Ridgley v. FEMA*, 512 F.3d 727 (5th Cir. 2008). Just weeks ago, the Fifth Circuit again announced this same conclusion through an unpublished decision. *See Johnson v. FEMA*, No. 09-30394, 2010 WL 3377174, at *1 (5th Cir. Aug. 25, 2010) ("FEMA's decision to provide housing assistance is discretionary."). Similarly, Plaintiffs have not come forward with any authority that would indicate that the government's collection of taxes would amount to the receipt of compensation for the provision of services. This is especially true when viewed through the required lens of private analogous liability. Again, Plaintiffs simply regurgitate the same argument that was made in response to the United States' initial motion which was subsequently rejected by this Court. This has no bearing on the exceptional requirements of 28 U.S.C. § 1292(b).

  **C.**  **Plaintiffs Have Not Demonstrated How Interlocutory Review of this Ruling Would Actually and Materially Advance the Ultimate Termination of this Litigation.**

Finally, the third consideration under 28 U.S.C. § 1292(b) is whether an interlocutory

appeal would "have the potential for substantially accelerating the disposition of the litigation." *In re Duplan Corp.*, 591 F.2d 139, 148 n. 11 (2d Cir. 1978); *see also In re Virginal Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976) (stating that certification can be appropriate where resolution of the controlling question could prevent waste of "much time, expense and effort"). This requirement mandates that resolution of the issue must eliminate the need for trial, eliminate complex issues, or streamline issues to simplify discovery. *See Complaint of L.L.P. & D Marine, Inc.*, at *2 (citing *Orson, Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994); Plfs.' Opp. to Mot. at 17 (Rec. Doc. 8072) (citing cases).

Sending this particular matter up on an immediate appeal would not accelerate the ultimate disposition of the litigation, nor would it prevent the waste of "much time, expense and effort." *See In re Virginal Elec. & Power Co.*, 539 F.2d 357, 364 (4th Cir. 1976); *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978). Likewise, it would not "serve to avoid a trial or otherwise substantially shorten the litigation." *See McFarlen v. Conseco Services, LLC*, 381 F.3d 1251, 1255 (11th Cir. 2004); *Clark-Dietz & Assoc.*, 702 F.2d 67 (5th Cir. 1983) ("Interlocutory appeals should be granted only in exceptional situations where allowing an appeal would avoid protracted and expensive litigation."). Although Plaintiffs recite legal authority and make conclusory statements about how the appropriate tests are satisfied, they utterly fail to actually identify or articulate how the litigation would be accelerated or how time, expense, and effort would be saved through immediate appellate review of this issue. *See* Plfs.' Mem. at 5 (Rec. Doc. 15976-1). While Plaintiffs have conceded that the ruling "substantially disposes of the plaintiffs' FTCA cause of action," they have not conceded that the ruling *wholly* disposes of their claims against the United States. *See* Plfs.' Mem. (Rec. Doc. 14197-1).

15

Therefore, the Court's ruling – even if affirmed – does not, in and of itself, eliminate the need for the United States to appear in this case, participate in discovery, or defend itself in potential future trials.

In addition, Plaintiffs have already filed a Notice of Appeal (Rec. Doc. 16055) regarding the Court's nearly identical ruling dismissing the FTCA claims of all Mississippi Plaintiffs based upon the FTCA's private analogous liability requirement.[6] Certifying this additional matter involving the same legal issue merely creates a superfluous appellate case. The Fifth Circuit's handling of the Mississippi Plaintiffs' appeal should ably resolve any ambiguity surrounding all three of the Court's private analogous liability rulings (Alabama, Louisiana, and Mississippi). Interlocutory certification may also prove to be inefficient. In the coming weeks, the United States will move to dismiss Louisiana Plaintiffs' remaining FTCA claims against the United States. Resolution of this motion could result in the termination of *all* of Louisiana Plaintiffs' claims against the United States, thus making these claims the appropriate subject of an entry of judgment under under Rule 54(b). Certification of the Court's Louisiana ruling at this juncture risks the possibility that the dismissal of Louisiana Plaintiffs' FTCA negligence claims and a possible subsequent dismissal of Plaintiffs' remaining FTCA claims (depending upon the outcome of the anticipated motion) go through the appellate process as two separate appeals rather than one. This outcome would result in unnecessary effort and inefficiency.

---

[6] There is a danger in having one such ruling proceed to the Fifth Circuit under Rule 54(b), with another proceeding under 28 U.S.C. § 1292(b) – having related appeals proceed along separate paths under different standards could actually delay the Fifth Circuit's examination and final resolution of this particular legal issue.

## **CONCLUSION**

The explicit jurisdictional requirements of 28 U.S.C. § 1292(b) cannot be overridden. Where a matter does not satisfy the stated prerequisites – it *cannot* be certified or accepted for appellate review. As shown above, Plaintiffs have wholly failed to make the necessary showing for this special type of remedy. They have not shown any substantial difference of opinion and have not articulated how review of this particular decision at this time would materially advance the ultimate termination of this litigation.

For the foregoing reasons, Plaintiffs' motion for interlocutory certification should be denied.

Dated: September 14, 2010

Respectfully Submitted,

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Civil Division, Torts Branch

DAVID S. FISHBACK
Assistant Director

OF COUNSEL:

JORDAN FRIED
Associate Chief Counsel

JANICE WILLIAMS-JONES
Senior Trial Attorney
Federal Emergency Management Agency
Department of Homeland Security

HENRY T. MILLER
ADAM BAIN
Senior Trial Counsel

MICHELLE BOYLE
JONATHAN WALDRON
Trial Attorneys

*s/ Adam M. Dinnell*
ADAM M. DINNELL (TX No. 24055405)
Trial Attorney
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, DC 20004
Telephone: (202) 616-4211
Adam.Dinnell@usdoj.gov

Attorneys for Defendant United States

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*s/ Adam M. Dinnell*
ADAM M. DINNELL (TX No. 24055405)
