UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                                    MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION              SECTION "N-5"

                                                                    JUDGE ENGELHARDT
                                                                    MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF
PSC MOTION OF DISMISSAL PURSUANT TO
FLEETWOOD SETTLEMENT

**MAY IT PLEASE THE COURT:**

Under the previously-announced settlement between plaintiffs and Fleetwood Enterprises, Inc. and its insurer Chartis Specialty Insurance Company, it is understood and agreed that, pending allocation of the settlement funds, the PSC will request that all plaintiffs participating in the settlement release and dismiss, with prejudice, any and all claims against: Fleetwood Enterprises, Inc., all of its subsidiary companies, and any and all of its manufacturing companies, facilities, and plants, including, but not limited to, Fleetwood Canada, Ltd.; Fleetwood Homes of North Carolina, Inc., Fleetwood Homes of Georgia, Inc., and Fleetwood Travel Trailers of Maryland, Inc., American International Group, Inc., as well as the liability insurers of the Fleetwood interests, including, but not limited to, Gibraltar Insurance Company, Ltd. and American International Specialty Lines Insurance Company (now known as Chartis Specialty Insurance Company), and Starr Excess Liability Insurance Company (now known as Chartis Select Insurance Company).  The claims of plaintiffs to be released and dismissed specifically

include: (a) any and all claims, suits or actions against Fleetwood currently are to be filed in or transferred into this MDL, as well as any and all other claims, causes of action and lawsuits against Fleetwood arising out of the travel trailer, mobile home, manufactured housing units, and/or park models used as FEMA housing, or arising out of related claims of formaldehyde exposure, which have not been transferred yet into the MDL, including those which are subject to the automatic stay order entered in Fleetwood's bankruptcy proceedings; (b) any and all claims, suits or actions filed against Fleetwood's insurers under the Louisiana Direct Action Statute ("Direct Action Cases)  or similar statute, and either currently pending in the MDL or to be filed in or transferred to MDL; (c) all claims filed in the federal bankruptcy proceedings entitled *In Re: Fleetwood Enterprises, Inc., et al*, Case No. 09-14254-MJ, pending in the U.S. Bankruptcy Court, Central District of California, Riverside Division;[1] and (d) the claims asserted in the case of *Elisha Dubuclet, et al v. Fleetwood Enterprises, Inc.*, USDC No. 07-9228.

      The settlement funds being paid by Fleetwood and its insurer pursuant to this agreement now have been deposited into an escrow account at the IberiaBank in New Orleans, Louisiana, an Escrow Agreement having been executed for the purposes of this deposit and the handling of the funds for as long as they remain on deposit.  There will be no allocation of these funds to eligible plaintiffs until the Special Master has confected, and the Court has approved, a distribution protocol.  At this point the funds in the escrow account are to be transferred to the Court-Appointed Disbursing Agent (CADA) in this matter, for distribution to plaintiffs in accord with the approved protocol.

      Under the terms of the settlement agreement, however, Fleetwood and its insurer no longer are intended to have further interest in or involvement with the settlement funds, once

---

[1] The bankruptcy court already has approved the instant settlement.

they are deposited and once, per the agreement, the above-referenced plaintiff claims are dismissed with prejudice, pending allocation of the funds by the CADA. The instant motion for dismissal is submitted at this time, therefore, to accomplish a necessary, next step in the Fleetwood settlement process, i.e., dismissal of the settled Fleetwood claims, pending allocation.

The terms of the attached Order make it clear that the Court's dismissal with prejudice of all known and identifiable claims against Fleetwood (including those registered in the bankruptcy case filed by Fleetwood as well as those identifiable through direct action lawsuits and actions filed against Fleetwood's insurers), is based upon it having been communicated previously by Plaintiffs' Co-Liaison Counsel to all plaintiffs' counsel and, through them, to all Fleetwood plaintiffs, that a dismissal with prejudice of all identifiable Fleetwood claims is the predicate to distribution of the settlement funds. Any still-viable, although presently-unmatched, plaintiffs who are represented by counsel and who later match to Fleetwood also will be subject to dismissal with prejudice if and when this matching occurs, based upon their participation in the settlement.[2]

Finally, under the terms of the Settlement Agreement with Fleetwood and its insurer, plaintiffs also have agreed to dismiss with prejudice any claims against Morgan Buildings and Spas, Inc. which are filed and pending in the MDL, or which may be filed or transferred into the MDL, to the extent such claims assert fault on the part of Morgan which is purely vicarious as to, and derivative of, the fault of Fleetwood. Otherwise, plaintiffs' claims against Morgan which are

---

[2]It is understood that the Special Master will make provision through an appropriate set-aside for any later-matched Fleetwood plaintiffs, so that they may participate in this settlement as contemplated by the Agreement. The final number of unmatched plaintiffs in this litigation will be confirmed under the Court's current procedure for last-chance matching, which in turn will enable the Special Master to project the likely number of these plaintiffs who may match to Fleetwood.

based upon Morgan's independent fault are not released or affected in any way, and have been expressly and fully preserved under the settlement agreement.

For these reasons, the PSC respectfully submits that the Court enter the attached Order of dismissal with prejudice as to claims against Fleetwood which are encompassed in the settlement.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:   s/Gerald E. Meunier
      GERALD E. MEUNIER, #9471
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      gmeunier@gainsben.com

      s/Justin I. Woods
      JUSTIN I. WOODS, #24713
      **PLAINTIFFS' CO-LIAISON COUNSEL**
      Gainsburgh, Benjamin, David, Meunier &
      Warshauer, L.L.C.
      2800 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone:   504/522-2304
      Facsimile:   504/528-9973
      jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
      ANTHONY BUZBEE, Texas # 24001820
      ROBERT M. BECNEL, #14072
      RAUL BENCOMO, #2932
      FRANK D'AMICO, JR., #17519
      MATT MORELAND, #24567
      LINDA NELSON, #9938

           DENNIS REICH, Texas #16739600
           MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

  I hereby certify that on September 20, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

           s/Gerald E. Meunier
           GERALD E. MEUNIER, #9471