**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

IN RE: FEMA TRAILER FORMALDEHYDE         MDL NO. 1873
      PRODUCT LIABILITY LITIGATION

                                          SECTION "N-5"

                                          JUDGE ENGELHARDT
                                          MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PSC MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES OF
AMERICA'S MOTION (Rec. Doc. 16069) TO MODIFY ORDER (Rec. Doc. 7138) AND
ENTER A PROTECTIVE ORDER PROHIBITING FURTHER DISCOVERY OF FEMA
IA FILES EXCEPT UPON ENTRY OF A PLAINTIFF-SPECIFIC SCHEDULING
ORDER OR, ALTERNATIVELY, FOR AN ORDER SHIFTING COSTS**

Louisiana Plaintiffs respectfully request that this Court deny the instant motion by the

United States in cases in which the United States remains a party, namely claims of Louisiana

Plaintiffs who include allegations of gross negligence and/or willful or wanton misconduct.

Alabama and Mississippi Plaintiffs do not oppose modification of Magistrate Judge Chasez's

November 10, 2009 Discovery Order ("Order") (Rec. Doc. 7138) as the United States is no

longer a party pursuant to this Court's grant of final judgment dismissing all FTCA claims of

Alabama and Mississippi Plaintiffs (Rec. Docs. 15827, 15058), except upon entry of a plaintiff-

specific scheduling order and subject to the appeal of those decisions. Furthermore, because of

the fast-approaching conclusion of the matching process per Pre-Trial Order 68, the PSC

respectfully requests that any modification(s) made by this Court be inapplicable to existing

FEMA Individual Assistance File ("IA File") requests. Finally, since the PSC continues to show

good cause and defendant United States has not shown undue burden or expense under the

factors enumerated in Fed. R. Civ. P. 26(b)(2)(C)(iii), the PSC respectfully requests that this

Honorable Court deny the United States' motion to shift costs. Moreover, the United States' failure to include a Rule 26(c) certification that it conferred in good faith in an effort to resolve the dispute without court action should be dispositive of its motion for protective order. Because there are no pending Rule 45subpoenas to FEMA at this point in the litigation, any issues with respect to Rule 45 cost-shifting are not ripe for review at this time, and, thus, not properly before this Court.

Since Magistrate Chasez's original Order contemplated that such a rehearing of the IA File discovery issue would be possible upon re-urging by the Government, the PSC further submits that this pre-trial discovery motion should properly be referred to Magistrate Chasez pursuant to Local Rule 72.[1]

## ARGUMENT AND AUTHORITIES

I.   **FEMA Remains a Proper Party in Louisiana FTCA Claims under the Gross Negligence Standard and, thus, Remains Subject to the Discovery Rules.**

Louisiana Plaintiffs, who assert gross negligence claims against FEMA, oppose any modification of the Order. Because FEMA is a proper party to these claims, the United States is subject to the discovery rules in the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37. This MDL is relatively large with up to 80,000 claims by some estimates. As this Honorable Court is well aware, the matching process has been tenuous for both the PSC and defense counsel in this litigation. However, the process is functioning and, clearly, is a necessary part of efficient coordination of discovery for the thousands of parties in this MDL. The order has effectively regulated the flow of IA File requests limiting the number to 200 per month, reducing the burden on FEMA, and eliminating the potential for a mass influx of IA File requests. Any modification of the Order at this point in the MDL litigation may hinder this Court's administration of the Pre-

---

[1] Local Rule 72.1E provides for automatic referral of all civil, pre-trial discovery motions to the magistrate judge.

Trial Order 68 last chance matching process, which will effectively eliminate the necessity of mass IA File requests in the future.

Furthermore, Louisiana Plaintiffs asserting gross negligence are entitled to discovery of the IA Files, because the Files contain information relevant to the prosecution of such claims against FEMA. Information in the IA Files, including any complaints, inquiries, responses and notes, may be extremely relevant to the determination of whether or not FEMA acted in a grossly negligent manner. For example, complaints and responses during the period in which this Court found that FEMA may have acted outside its discretion would be relevant to the alleged gross negligence [failure to adequately respond to complaints and to warn residents of formaldehyde exposure] of FEMA. The fact that Louisiana Plaintiffs' claims have been limited to gross fault does not alter the needs of each of their cases in terms of relevant, discoverable information and documentation regarding their residency in FEMA-provided trailers.

## II. Plaintiffs Do Not Oppose Modification of the Order in Alabama and Mississippi FTCA Cases Against FEMA Except Upon Entry of a Plaintiff-Specific Scheduling Order, Pending the Appeal of Those Dismissals.

Pending the appeal of this Court's dismissal of both Alabama and Mississippi Plaintiffs' FTCA claims against the United States, Plaintiffs do not oppose modification of the Order to prohibit further discovery of IA Files except upon entry of a plaintiff-specific scheduling order; the PSC agrees with the defendant that the United States is no longer a party subject to the discovery rules in the Federal Rules of Civil Procedure, Fed. R. Civ. P. 26-37. However, if IA Files prove to be a necessity for Alabama and Mississippi Plaintiffs in the future, this order should not affect future requests made by Alabama and Mississippi Plaintiffs under Rule 45.

### III.     Rule 26 Factors Do Not Warrant a Protective Order Shifting Costs to the Plaintiffs.

The PSC opposes an order shifting the costs of production of IA Files, given the continuing need for matching information and the importance of the IA Files in furtherance of potential resolution. The costs of production of discovery are typically borne by the party producing the discovery. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ P. 26(c). Rule 26(c) further requires that any motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* Because the burden on the Government is not undue, and because the Government failed to confer and include certification of conferral, this Court should deny the portion of the instant motion requesting a protective order shifting costs to the Plaintiff.

Shifting the costs of discovery to the party requesting discovery requires a finding of undue burden on the United States. In order to determine whether an undue burden or expense of proposed discovery justifies a limitation on the extent of discovery, a court considers (1) the needs of the case, (2) the amount in controversy, (3) the parties' resources, (4) the importance of the issues at stake in the action, and (5) the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Here, all factors weigh in favor of not shifting costs to the Plaintiffs. First, the needs of the case favor production because without information specific to an individual's residency in an emergency housing unit ("EHU"), and Plaintiffs' cases cannot proceed much less be resolved. Second, the amount in controversy for such a large number of plaintiffs will easily dwarf the $120,000 estimated annual costs of production. Third, the United States' resources are

considerably larger than any plaintiff's. Fourth and fifth, and the information contained in the IA Files is extremely important in terms of advancing this litigation towards potential resolution. Since the likely benefit outweighs the relatively small burden, the burden on FEMA of continuing to produce IA Files is not undue.

In addition, the Government failed to confer in good faith with the PSC in order to avoid the necessity of court action, and certify in its motion that it conferred in good faith, under Rule 26(c). For all of the above reasons, this Court should deny the United States' request for an order shifting the costs of production of IA files to the Plaintiffs.

**A.  Modification of the Order Should Not Affect Discovery Requests Pending Pursuant to Existing Pre-Trial Orders.**

Plaintiffs have recently submitted "last chance" matching requests pursuant to Pre-Trial Order 68 (Rec. Doc. 14200).  However, in their response, defendants were unable to match over 75% of the requests, leaving 902 out of 1,177 last-chance plaintiffs unmatched. Even when "noncompliant" requests are removed from the calculation, only 36% of plaintiffs, or 275 out of 763 requests, were matched by defendants. Not only was the response less than adequate, the response merely matched plaintiffs to contractors, leaving plaintiffs with the difficult task of sifting through VIN numbers in an effort to deduce the name of the manufacturer.

FEMA IA Files are necessary to match these Plaintiffs in order to advance their claims towards potential resolution. Not only is matching information crucial to the resolution of the Litigation, but it is also a fundamental need of the case (identification of defendants and the extent of a defendant's potential liability). Thus, the proposed modifications should not apply to requests already pending before this Court.

**B. Rule 45 Issues Regarding Cost-Shifting are Not Ripe for Review since the PSC has Not as of this Date Requested Production of IA Files form FEMA through the Rule 45 Subpoena Mechanism.**

The PSC opposes any speculative rulings at this time regarding potential Rule 45 subpoenas that Plaintiffs may make in the future, because the issue is not ripe for review at this time. If, at some later date, the PSC issues Rule 45 subpoenas to the United States for production of additional IA Files, the Court may then decide whether measures are necessary to protect the United States. Issues regarding cost-shifting as they pertain to future subpoenas raised by the United States are speculative and, therefore, not ripe for review at this time.

**CONCLUSION**

For all of the above reasons, the PSC requests that this Court deny the instant motion to shift the costs of IA File production. The PSC does not oppose modification of the Order to reflect the dismissal of the United States, pending appeal, as a party in actions by Alabama and Mississippi Plaintiffs. The PSC respectfully requests that any modification be inapplicable to pending IA File requests for the purpose of facilitating the Pre-Trial Order 68 last chance matching process.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that on September 28, 2010, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

s/Justin I. Woods
JUSTIN I. WOODS, #24713