UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCTS LIABILITY LITIGATION                 SECTION N-5
                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO: ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT UNITED STATES OF AMERICA'S REPLY TO PSC'S RESPONSE TO
ITS "MOTION TO MODIFY ORDER (Rec. Doc. 7138) AND ENTER A PROTECTIVE
ORDER PROHIBITING FURTHER DISCOVERY OF FEMA IA FILES EXCEPT
UPON ENTRY OF A PLAINTIFF-SPECIFIC SCHEDULING ORDER OR,
ALTERNATIVELY, FOR AN ORDER SHIFTING COSTS" (Rec. Doc. 16069)**

The Court should reject Plaintiffs' Steering Committee's ("PSC") arguments that that the

Court should deny in part the United States of America's ("United States") "Motion to Modify

Order and Enter a Protective Order Prohibiting Further Discovery of FEMA IA Files or

Alternatively, for an Order Shifting Costs" (Rec. Doc. 16069).  As an initial matter, PSC

acknowledges that the Court should grant the government's Motion and modify its Order to

prohibit Alabama and Mississippi Plaintiffs' from issuing discovery requests for IA Files

because the Court recently dismissed their claims against the United States.[1]  PSC argues,

however, that the Court should deny the government's Motion as it relates to Louisiana Plaintiffs

because their gross negligence claims against the United States remain pending and they require

200 IA Files per month because (1) those files may identify the manufacturer of the trailer that a

---

[1]      PSC's acknowledges that the Court's Discovery Order must be modified as a result of the dismissal of the
Mississippi and Alabama Plaintiffs' claims against the government.  This is because the November 2009 Order was
entered pursuant to PSC's Motion to Compel the United States to respond to Fed. R. Civ. P. 26-37 discovery
requests, and only a party can be compelled to respond to any such discovery requests.  Thus, the dismissal of the
Mississippi and Alabama Plaintiffs' claims eliminated the underlying basis and authority for entry of the Order to
the extent it required the government to produce Mississippi or Alabama Plaintiffs' IA Files.  *See* Opp. Memo. at 1
(Rec. Doc. 16346).

claimant occupied, and (2) the information contained in those files may assist in resolving the litigation.  *See* Opp. Memo. at 4-5 (Rec. Doc. 16346).[2]

## RESPONSE TO ARGUMENT

Contrary to PSC's assertion, further production of IA Files is not justified by the existence of unmatched Louisiana Plaintiffs.[3]  First, as has been previously explained, information regarding the identity of the trailers issued by the Federal Emergency Management Agency ("FEMA") is maintained and contained in the FEMA Recovery and Response Action Tracking System ("FRRATS") database.  Information regarding the identity of the trailer issued to or occupied by a disaster aid applicant is not tracked in IA Files.  Although on occasion the IA File may by chance contain some information regarding the identity of the trailer issued to a disaster aid applicant, it is extremely unlikely that this information would not be contained in the FRRATS database, where such matching information is specifically tracked.  This is substantially supported by Plaintiffs' own filings, in which they have consistently represented to the Court that that the IA Files they have requested and received do not contain the matching

---

[2]      PSC requests that the Court refer the United States' Motion to Magistrate Judge Chasez because she entered the Order that the United States seeks to modify.  The United States takes no position regarding whether this matter should be referred to Magistrate Judge Chasez.  The arguments asserted by the United States in support of its Motion are intertwined and based in part upon the Last Chance Matching deadlines established by Pretrial Order 68 (Rec. Doc. 14200) and Revised Pretrial Order 68 (Rec. Doc. 14779) (collectively "PTO No. 68"), as well as the Court's recent dismissal of all Louisiana Plaintiffs' claims against the United States, except for their claims asserting gross negligence and willful and wanton misconduct.  Given that the United States' Motion implicates and may require interpretation of PTO No. 68, it may be appropriate for the Court to resolve this matter, rather than referring it to Magistrate Judge Chasez.

[3]      PSC's contention that the United States' Motion should be dismissed for failure to include a Rule 26(c) certification is a spurious argument.  The Court's Order at issue instructs that the United States' motion to shift costs is "held in abeyance" and that the Government "may re-urge" cost shifting after three months worth of production have been completed "so that a reasonable understanding of those costs can be evaluated."  Rec. Doc. 7138 at 2.  Accordingly, the Court should reject this argument.

information sought on behalf of an occupant.[4]  Further, Plaintiffs have had the opportunity since spring 2008 to issue discovery requests to obtain the matching information contained in the FRRATS database and, contrary to PSC's assertion, further production of IA Files for matching purposes at this stage of the litigation is not justified.

Moreover, any request by Louisiana Plaintiffs for IA Files for purposes of identifying the manufacturer of the trailer that they occupied is barred by PTO No. 68.  PSC acknowledges that the last chance matching process established by PTO No. 68 "will effectively eliminate the necessity of mass IA File requests in the future."  Opp. Memo. at 3 (Rec. Doc. 16346 ).  PTO No. 68 established a June 15, 2010, deadline for claimants to issue requests to FEMA for information that they considered necessary to identify the manufacturer of the trailer that they occupied.  We are well past that June 15, 2010, deadline.  PSC's attempt to maintain the status quo and require FEMA to produce up to 200 IA Files per month for purposes of identifying the manufacturer of the trailer is nothing more than an attempt to side-step the June 15, 2010, discovery deadline, set by the Court in PTO No. 68.

PSC also argues that it has an immediate need for 200 IA Files per month because the information contained in those files may advance "this litigation towards potential resolution." Opp. Memo. at 5 (Rec. Doc. 16346).  PSC provides no explanation or support for this assertion.

---

[4]     *See* Memo In Support of Motion for Extension of Time at 1 (Rec. Doc. 13473-1); Plaintiffs' Unopposed Motion To Extend Time To Perfect Service On Defendants at 2 (Rec. Doc. 14024); Memo. in Support of Plaintiffs' Unopposed Second Motion to Extend Time To Perfect Service On Defendants at 1 (Rec. Doc. 14439-1); Second Motion for Extension of Deadlines to Serve Defendants at 1 (Rec. Doc. 14440); Plaintiffs' Unopposed Second Motion To Extend Time To Perfect Service On Defendants at 1 (Rec. Doc. 14483); Unopposed Motion To Extend Time To Perfect Service On Defendants at 2 (Rec. Doc. 14484); Unopposed Second Motion To Extend Time To Perfect Service On Defendants at 2 (Rec. Doc. 14652); Unopposed Third Motion To Extend Time To Perfect Service On Defendants at 2 (Rec. Doc. 14922); Unopposed Third Motion To Extend Time To Perfect Service On Defendants at 2 (Rec. Doc. 14925); and Unopposed Third Motion To Extend Time To Perfect Service On Defendants  at 2 (Rec. Doc. 14926).

*See* Fed. R. Civ. P. 26(b)(2)(C).  Simply put, absent the entry of a claimant-specific scheduling order, there is absolutely no urgent or compelling need for a claimant's IA File.  PSC has had eleven (11) months to collect, at no cost to claimants, 2,200 IA Files.  Further production of IA Files absent entry of a Scheduling Order is simply not justified.  The Court should, therefore, grant the United States' Motion and enter the requested Protective Order.

Alternatively, in the event that the Court determines that PSC should be allowed to continue to request up to 200 Louisiana Plaintiff IA Files per month, the Court should modify the existing Order and require the shifting of the cost of production to Plaintiffs.  The Court "must limit the frequency or extent of discovery otherwise allowed" if, after considering the Fed. R. Civ. P. 26(b)(2)(C)(iii) factors, it determines that the burden or expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C).  PSC has failed to articulate any grounds justifying continued production of IA Files and, at this stage of the litigation, it is clear that the burden to the United States outweighs the likely benefit of the information PSC will obtain from production of more IA Files.  Accordingly, if PSC continues to issue requests for IA Files, it is appropriate that they should bear the cost for production of those materials.[5]

## CONCLUSION

For these additional reasons, the Court should grant the United States' Motion and provide the requested relief.

---

[5]     PSC's conclusory run down of the Rule 26(b)(2)(C)(iii) factors in its Opposition Memorandum are addressed in the United States' memorandum in support of its Motion, Rec. Doc. 16069-1 at 12-16, and need not be repeated here.

Dated: October 5, 2010

| | |
|---|---|
| | Respectfully Submitted, |
| TONY WEST | HENRY T. MILLER |
| Assistant Attorney General, Civil Division | ADAM BAIN |
| | Senior Trial Counsel |
| J PATRICK GLYNN | |
| Director, Torts Branch, Civil Division | ADAM DINNELL |
| | MICHELLE BOYLE |
| DAVID S. FISHBACK | Trial Attorneys |
| Assistant Director | |
| | //S// *Jonathan R. Waldron* |
| OF COUNSEL | JONATHAN R. WALDRON |
| JORDAN FRIED | (Mo. Bar No. 58898) |
| Associate Chief Counsel | Trial Attorney |
| | United States Department of Justice |
| JANICE WILLIAMS-JONES | Civil Division – Torts Branch |
| Senior Trial Attorney | P.O. Box 340, Ben Franklin Station |
| FEMA/DHS | Washington, D.C. 20004 |
| Department of Homeland Security | Attorney Telephone: (202) 307-2091 |
| Washington, D.C. 20472 | Jonathan.Waldron@USDOJ.Gov |
| | Attorneys for the United States of America |

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

//S// *Jonathan R. Waldron*
JONATHAN R. WALDRON (Mo. Bar No. 58898)