UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N (5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *This document applies to all cases* | * | MAGISTRATE JUDGE: CHASEZ |
| | * | |

*************************************************************************

## SUN VALLEY, INC.'S REPORT CONCERNING BELLWETHER TRIAL CANDIDATES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Sun Valley, Inc., ("Sun Valley") who submits this Report pursuant to Pretrial Order No. 75 (Rec. Doc. 15822). The purpose of the Report is to explain why the Court should select two of the candidates proposed by the defendant, should select the plaintiff Allen Growe who was originally nominated by the Plaintiffs' Steering Committee, and should reject the remaining persons nominated by the plaintiffs.

At the status conference held on August 20, 2010, the Court and counsel discussed conducting a bellwether trial in another jurisdiction, namely the Southern Division of the Southern District of Mississippi which sits in Gulfport, Mississippi, so that the parties could obtain a verdict from a jurisdiction different from the Eastern District of Louisiana, where three jury verdicts have already been obtained. It was undersigned counsel's understanding that there would be nominees from the Southern Division of the Southern District of Mississippi jurisdiction and that a bellwether trial would be scheduled for that jurisdiction so long as Rule 83.1 (d) of the Local Uniform Civil Rules of the United States District Courts for the Northern District and Southern District of Mississippi (L.U.Civ.R.) regarding *pro hac vice* be waived and Judge Kurt D. Engelhardt preside

over all stages of the bellwether trial, including the trial.

On September 22, 2010, the PSC nominated four persons (i.e. Alfred Jeanmarie, Audrey Jeanmarie, Audrey Jeanmarie on behalf of the minor Alyssa Jeanmarie, and Allen Growe) as potential Sun Valley bellwether trial plaintiffs. This nomination was provided to the Court and counsel. Counsel represented that he had obtained their consent to participate as plaintiffs when he wrote "after we have confirmed bellwether participation." (Exhibit 1) All of these persons are from the Eastern District of Louisiana. No other persons were nominated by plaintiffs. (Exhibit 1)

On October 4, 2010, Sun Valley responded and agreed to plaintiff's nomination of Allen Growe with the following conditions: that two backup plaintiffs be selected and worked up simultaneously with Mr. Growe given the past practice of plaintiffs voluntarily dismissing their lawsuits; and, that one backup plaintiff be selected from a list of Eastern District of Louisiana plaintiffs and a second backup plaintiff be selected from a list of the Southern Division of the Southern District of Mississippi plaintiffs, lists generated by Sun Valley. (Exhibit 2)

Sun Valley opposes selecting two or more Jeanmarie family members as backup plaintiffs because if one Jeanmarie decides to voluntarily dismiss his or her case, then it is reasonable to assume that the remaining Jeanmaries will dismiss their cases thereby leaving the parties and the Court with no plaintiff for a Sun Valley trial. To avoid this issue which has historically become quite a problem with the other scheduled bellwether trials, it is best to select two backup plaintiffs from different families, all being worked up simultaneously.

As of date, the parties have not been able to reach an agreement as to the plaintiff nomination process. Further, Sun Valley has decided to proceed as a bellwether trial. Given the deadline to report to the Court of the plaintiff nomination process by October 11, 2010, Sun Valley herein responds.

In determining who should be selected as a bellwether trial plaintiff, reference should be made to the Manual for Complex Litigation which states that if bellwether cases "are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases...The more representative the test cases, the more reliable the information about similar cases will be." *Manual For Complex Litigation*, 4th, Section 22.315, p. 360.

## I. PLAINTIFFS' STEERING COMMITTEE'S NOMINATIONS

### 1.   ALFRED JEANMARIE

Mr. Jeanmarie is not an appropriate bellwether plaintiff for the following reasons. First, although the Court has expressed the value of trying a bellwether case involving a smoker, not one bellwether plaintiff (i.e. Chris Cooper, Lyndon Wright, or Earline Castanel) was a smoker and Mr. Jeanmarie is not a smoker according to his Plaintiff Fact Sheet. Second, he is claiming to have developed a throat tumor from the formaldehyde exposure; however, this complaint represents a very small percentage of the plaintiffs and some of the other bellwether trial plaintiffs have voiced this same complaint, namely Chris Cooper and Lyndon Wright. Thus, this plaintiff would not provide the MDL with new information or with information that could be utilized to evaluate plaintiffs other than the previously tried bellwether plaintiffs.

### 2.   AUDREY JEANMARIE

Ms. Jeanmarie is not an appropriate bellwether plaintiff for the following reasons. First, Ms. Jeanmarie and bellwether trial plaintiff Earline Castanel were approximately the same age, i.e. Ms. Jeanmarie was born on November 24, 1936 and Ms. Castanel was born on August 10, 1930. Second, they have similar complaints of itchy skin, headaches, nausea, shortness of breath, and diarrhea. Third, she, too, has never been a smoker. Thus, this plaintiff would not provide the MDL with new

information or with information that could be utilized to evaluate plaintiffs other than the previously tried bellwether plaintiffs.

### 3.  ALYSSA JEANMARIE

Alyssa Jeanmarie is not an appropriate bellwether plaintiff for the following reasons. First, Ms. Jeanmarie and Chris Cooper are both minors. Ms. Jeanmarie is sixteen years old as she was born on October 1, 1994. Second, Alfred and Audrey are the grandparents of Alyssa and there has not been any showing that they are her legal guardians or would have knowledge of her pre-existing medical conditions. Specifically, they failed to provide any documents establishing their guardianship of this minor. Third, she, too, has never been a smoker. Thus, this plaintiff would not provide the MDL with new information or with information that could be utilized to evaluate plaintiffs other than the previously tried bellwether plaintiffs.

### 4.  ALLEN GROWE

Sun Valley does not object to the plaintiff's nomination of Allen Growe. He has voiced the following complaints: headaches, breathing difficulty, shortness of breath, coughing, chest tightness, throat irritation and congestion involving the ears and head. The Plaintiffs' Steering Committee must have believed that he would make an ideal plaintiff representative of their clients; otherwise, they would not have nominated him.

## II. SUN VALLEY, INC.'S NOMINATIONS

### A.  SOUTHERN DIVISION OF THE SOUTHERN DISTRICT OF MISSISSIPPI PLAINTIFFS

It is believed that the following two nominees are plaintiffs whose lawsuits should be litigated in the Southern Division of the Southern District of Mississippi based upon the information provided in their Plaintiff Fact Sheets, i.e. location of their trailers.

1. **BRIDGETT BYRD**

Ms. Byrd resided in Gautier, Mississippi, which is in Jackson County, a county located in the Southern Division of the Southern District of Mississippi with its federal courthouse in the Gulfport/Biloxi area. There has yet to be one Mississippi plaintiff chosen for a bellwether trial or summary jury trial; therefore, no such trial has been conducted there to determine how a Mississippi jury would decide these issues. With the amount of claims currently pending in Mississippi, it is important to obtain a Mississippi jury's verdict in order to evaluate the claims pending there. Second, this forty-eight year old woman is a former cigarette smoker with a ten year history of smoking ½ pack daily according to her Plaintiff Fact Sheet. Third, she is asserting a loss of wage claim. Fourth, her complaints consist of headaches, nausea, dizziness, coughing, skin rashes, chest burning, and eye irritation. Fifth, Bechtel was the contractor that hauled and installed her trailer. As of date, Bechtel has not participated in nor been selected as a bellwether trial or summary jury trial. For these reasons, this plaintiff would provide the Court and parties with new information to further assess the plaintiffs' claims.

2. **FRANKLIN ENTREKIN**

Mr. Entrekin resided in D'Iberville, Mississippi, which is in Jackson County, a county located in the Southern Division of the Southern District of Mississippi with its federal courthouse in the Gulfport/Biloxi area. There has yet to be one Mississippi plaintiff chosen for a bellwether trial or summary jury trial; therefore, no such trial has been conducted there to determine how a Mississippi jury would decide these issues. With the amount of claims currently pending in Mississippi, it is important to obtain a Mississippi jury's verdict in order to evaluate the claims pending there. Second, this sixty-one year old man is a current cigarette smoker with a twenty year history of smoking ½ pack daily according to his Plaintiff Fact Sheet. Third, his complaints consist of headaches, nausea,

dizziness, coughing, sinusitis, irregular heartbeat, wheezing and eye irritation. Fourth, CH2M Hill was the contractor that hauled and installed her trailer. As of date, it has not participated in nor been selected as a bellwether trial or summary jury trial. For these reasons, this plaintiff would provide the Court and parties with new information to further assess the plaintiffs' claims.

### B.   EASTERN DISTRICT OF LOUISIANA PLAINTIFFS

#### 1.   ARTHUR ANDERSON, JR.

Mr. Anderson's complaints consist of nose bleeds, headaches, nausea, coughing, chest tightness, breathing difficulty, eye irritation, upper respiratory tract infections, pulmonary edema, and low blood pressure. Many of these complaints involve medical conditions that have not been tried yet. He is a fifty-nine year old man who smoked ten cigarettes daily for twenty years, quitting in 2007 while living in the trailer. His trailer was hauled and installed by CH2MHILL. Thus, he presents new medical issues, a new contractor, and a smoker, all new issues for a bellwether trial.

#### 2.   DEMETRIACE BATISTE

Ms. Batiste's complaints consist of headaches, nausea, coughing, chest tightness, wheezing, eye irritation, vomiting, dizziness, sinus infections, irregular heartbeat, and seizures. Many of these complaints involve medical conditions that have not been tried yet. She is a twenty-two year old woman who lived in the trailer for almost three years, she is a current smoker with a ½ pack daily for three year smoking history who was pregnant and gave birth while living in the trailer. Her contractor is presently unknown. Thus, she presents new medical issues and a smoker, all new issues for a bellwether trial.

#### 3.   TREYNA BATISTE

Ms. Batiste's complaints consist of headaches, nausea, coughing, wheezing, eye irritation, dizziness, sinus infections, skin rashes, and nasal membrane irritation. Many of these complaints

involve medical conditions that have not been tried yet. She is a twenty-six year old woman who lived in the trailer for almost three years, she is a current smoker who smokes either one cigarette or one pack of cigarettes daily for ten years - the frequency uncertainty is due to the vague response contained in her Plaintiff Fact Sheet. Her contractor is presently unknown. Thus, she presents new medical issues and a smoker, all new issues for a bellwether trial.

### 4.   CHARLES MARSHALL

Mr. Marshall's complaints consist of headaches, nausea, vomiting, coughing, wheezing, eye irritation, dizziness, skin rashes, nasal membrane irritation, diarrhea, bronchitis, laryngitis, upper respiratory tract infections, asthma attacks and allergies for the first time in his life, low blood pressure, and abnormal urine laboratory tests. Many of these complaints involve medical conditions that have not been tried yet. He is a sixty-nine year old man who is employed as a bail bondsman on Tulane Avenue in New Orleans. He reportedly is not a smoker. His contractor is CH2M Hill. Thus, he presents new medical issues for a bellwether trial.

### 5.   LAWRENCE MURPHY

Mr. Murphy's complaints consist of headaches, nausea, coughing, eye irritation, dizziness, skin rashes, nasal membrane irritation, hoarseness, allergies for the first time in his life, and low blood pressure. Many of these complaints involve medical conditions that have not been tried yet. He is a sixty-three year old man. He is a current smoker with a five year history of smoking ten cigarettes daily. His contractor is Fluor. Thus, he presents new medical issues for a bellwether trial.

### 6.   SONYA WALLER

Ms. Waller's complaints consist of headaches, nausea, vomiting, abdominal pain, breathing difficulty, wheezing, coughing, chest tightness, eye irritation, nasal membrane irritation, skin rashes, swelling eyelids, bronchitis, pneumonia, upper respiratory tract infections, allergies for the first time

in his life, bladder and yeast infections, fatigue, and low blood pressure. Many of these complaints involve medical conditions that have not been tried yet. She is a forty-five year old woman. She has asserted a wage claim. She is a current smoker with a thirty year history of smoking six cigarettes daily. Her contractor is Fluor. Thus, she presents new medical issues for a bellwether trial.

### 7. CYNTHIA WHARTON

Ms. Wharton's complaints consist of headaches and lung damage. She is a fifty-two year old woman. She is a past smoker with a twenty-nine year history of smoking either one cigarette or one pack of cigarettes daily. She quit smoking in 2004. Her contractor is Fluor. Thus, she presents new medical issues for a bellwether trial.

Respectfully submitted,

**ALLEN & GOOCH**

*/s/ Brent M. Maggio*
BRENT M. MAGGIO, T.A., # 19959
LORI A. DAIGLE, # 31687
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
*Attorneys for Sun Valley, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the __11__ day of October, 2010, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Brent M. Maggio*
BRENT M. MAGGIO