UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE | § | |
| PRODUCT LIABILITY LITIGATION | § | SECTION N(4) |
| | § | JUDGE ENGELHARDT |
| | § | MAG. JUDGE CHASEZ |
| | § | |
| THIS DOCUMENT IS RELATES TO: | § | |
| ALL CASES | | |

### COACHMEN RECREATIONAL VEHICLE COMPANY, L.L.C.'S REPORT CONCERNING POTENTIAL BELLWETHER TRIAL CANDIDATES

NOW INTO COURT, through undersigned counsel comes Coachmen Recreational Vehicle Company, L.L.C. ("CRV"), defendant in the above-entitled and numbered cause and submits this report concerning the potential bellwether trial candidates for the bellwether trial against CRV, tentatively scheduled for June 20, 2011.

### I.

### INTRODUCTION

The Court entered Pre-Trial Order No. 75 ("PTO 75") (R. Doc. 15822), selecting CRV as a bellwether trial defendant. The trial is tentatively set for June 20, 2011. Pretrial Order No. 75 required the Plaintiffs' Steering Committee ("PSC") to provide to defense counsel and the Court the names of 6 potential bellwether candidates for each of the four trial defendants on or before September 10, 2010. Plaintiffs have submitted four different lists of nominations to CRV. The first list found its way to CRV on September 12 when forwarded to CRV by counsel for another defendant. The second list was produced on Monday, September 20, 2011, which dropped four

nominees and added two new ones. A third list was produced shortly thereafter adding an additional plaintiff nominee.

On Tuesday, October 5, 2010, newly designated trial counsel Robert Hilliard/Mikal Watts/Chris Pinedo requested additional time to work with CRV on the plaintiff selection issue. The Court gave an extension of time to do so until October 13, 2010. Thereafter, a fourth, and altogether different list, was produced to CRV on the afternoon of Friday October 8, 2010.

Plaintiffs and CRV are still working together to find a mutually agreeable trial plaintiff and remain hopeful that will be achieved, though having not been able to do so by the required submission date, CRV respectfully provides this report concerning the proposed bellwether candidates.

## II.

## POSSIBLE SUMMARY JURY TRIAL

CRV is exploring the prospect of participating in the summary jury trial process if an acceptable candidate to the summary trial process is chosen and an agreement as to the procedure of the summary process can be reached between the parties. In general, an acceptable candidate to be the plaintiff in a summary jury trial would be one with representative alleged injuries. The claimant could not have extensive medical problems or a complicated medical history because this would require the depositions of too many treating physicians and the retention of too many expert witnesses, which would not fit well into the summary jury trial framework. An acceptable candidate would not have additional complicating factors for the same reasons.

One problematic issue is that four of the five PSC-nominated plaintiffs lived in trailers that were not tested for formaldehyde. Whether plaintiffs intend to use a statistical model to supply the missing formaldehyde level in a given CRV trailer is not known. It would make

much more sense in a summary jury trial setting to try a case for which there is an actual non-anomalous test result when one is available, obviating the need to enter into additional burdensome discovery and putting on complicated testimony regarding statistical models. Moreover, CRV is not a selected party participating in the upcoming scheduling order regarding motion practice on the admissibility of any statistical model. Any decision by the Court on the applicability of any defendant specific statistical model is months away and may not be applicable to CRV.

## III.

## ARGUMENT AND AUTHORITIES

The fundamental purpose of a bellwether trial is to facilitate the resolution of all claims, and to ultimately provide meaningful information and experience to everyone involved in the litigation. *Self v. Illinois Cent. R.R.*, 96-4141 (E.D. La. 1/6/00), 2000 WL 14682; Eldon E. Fallon, Jeremy T. Grabill & Robert Pitard Wynee, *Bellwether Trials in Multidistrict Litigation*, 82 Tul.L.Rev. 2323, 2332 (June 2008). Attorneys must be mindful, when selecting bellwether plaintiffs, to choose truly representative cases, as cases that are not representative "…will do little to resolve the entire litigation and will have little predictive value." *Id.* at 2349.

## IV.

## PSC's BELLWETHER CANDIDATES

The PSC has submitted the following potential Bellwether candidates for the bellwether trial against CRV:

1. Kelly T. Cook;

2. Gwendolyn Marco;

3. Doris Matthews;

549534.1

3

  4.  Lloyd Matthews o/b/o Jonquil Thomas;

  5.  Lisa Oakley o/b/o Robert Oakley.

V.

**CRV'S OBJECTIONS TO THE PSC'S BELLWETHER CANDIDATES**

CRV submits that none of the bellwether candidates nominated by the PSC is suitable for the following reasons:

**1. Kelly T. Cook**

According to the Plaintiff Fact Sheet of Kelly Cook, her claim is not FEMA ripe as no Form 95 has been filed, and there is no plaintiff test result for her unit.

At the time of Hurricane Katrina, Ms. Cook was a thirty-eight year old mother of two who lived in a CRV travel trailer unit from January, 2006 to February, 2009. All family members are making claims in this litigation. Ms. Cook's main complaint is listed as prolonged allergy like symptoms which include eye irritation, nasal irritation, skin rashes, headaches, naseau, difficulty with breathing, bronchitis, upper respiratory tract infections and dizziness. She is making claims for emotional distress and allegedly suffers from depression, maniac attacks, trouble sleeping, worrying about her children's health and claims that these problems began when she moved into the unit. It is CRV's position that since plaintiff has not filed a Form 95 and since there is no plaintiff test result for this unit, she should be eliminated as a bellwether trial candidate.

**2. Gwendolyn Marco**

The unit in which Ms. Marco lived in carried no plaintiff test result. CRV maintains that fact coupled with the fact that this woman has an extremely complicated medical history should disqualify her as a representative bellwether plaintiff in this matter. Ms. Marco alleges that she

suffers from breast cancer and that it was diagnosed after moving into the travel trailer. Though it is a complicating factor, it does not appear that she claimed that the travel trailer actually caused her breast cancer. Ms. Marco lived in the trailer between February, 2006 and June, 2008, when she claimed she was forced to move due to the fumes and as a result of her breast cancer. The occupants of her trailer included her husband and two grown children. Her husband's Plaintiff Fact Sheet states that they moved out of the trailer because his wife was diagnosed with cancer, and he wanted to get her out.

She also complains of a sore throat, weakness, mucus in the throat, dizziness, fear of cancer, nausea, and has checked off twenty-four different separate symptoms that she experienced while living in the travel trailer. She further claims that she is long term sufferer of depression and claims emotional mental damages as a result of living in the travel trailer. On her employment information, she also claims that she has been physically disabled since approximately 1990 and has not been employed since that time. Finally, Ms. Marco lists that she has long term irritable bowel syndrome.

### 3. Doris Matthews

Though someone checked Ms. Matthews' Plaintiff Fact Sheet indicating she filed Form 95, there is no signed Form 95 attached. Moreover, her Plaintiff Fact Sheet certification is not signed. Plaintiff states that this unit was tested, but CRV has never received any test data. The VIN listed Ms. Matthews is not a valid VIN number for a Coachmen unit. These factors alone should eliminate her as a candidate.

Ms. Matthews' main complaints include dizziness, burning eyes and loss of voice. She list a total of twenty-five symptoms that she experienced while she was living in the travel trailer. She lived with two other family members in the trailer, both of whom are also claimants

in this matter. They lived in the trailer from December, 2005 through May, 2007, and ceased living in the trailer when she says it was picked up by FEMA as a result of the formaldehyde that was present in the unit. Ms. Matthews' claim is not typical in that regard. To Coachmen's knowledge, this is the first instance where one of its units was allegedly picked up specifically due to a formaldehyde complaint. Ms. Matthews' complaint is also atypical in that she specifically alleges that one of her physicians told her that her complaints were directly related to formaldehyde exposure. It is Coachmen's contention that very few, if any, of other Coachmen claimants allege that a physician specifically related a patient's complaints directly to formaldehyde exposure.

**4**.   **Lloyd Matthews o/b/o Jonquil Thomas**

Based upon the Plaintiff Fact Sheet reviewed, Lloyd Matthews and Jonquil Thomas lived in the same unit that was occupied by Doris Matthews (listed above) and the comments about that unit, and reasons for disqualification, apply equally as well to the candidacy of Jonquil Thomas. Similarly, the Plaintiff Fact Sheet was not signed for this claimant, and there was no Form 95 attached. Claimant's main complaints were nose bleeds, burning eyes, nausea, skin rashes and difficulty breathing. He was eight years old at the time of Hurricane Katrina. He also claims he suffered asthma for the first time while he was in the unit. This issue was already tried in the Gulf Stream/Alexander case and need not be the subject of another bellwether trial.

In addition to other numerous factors that should disqualify this claimant from serving as a bellwether plaintiff, children do not constitute the vast majority of the claims against Coachmen. Moreover, a child who is thirteen years old now is not able to give meaningful deposition testimony about what he experienced when he was eight years old. CRV would be forced to take additional depositions of family members as well educators and others who spent

time with the child to attempt to ascertain the true nature of his medical condition. This would not be consistent with the goals of a summary jury trial where streamlined discovery is at a premium.

5. **Lisa Oakley o/b/o Robert Oakley**

A copy of Plaintiff Fact Sheet contains no signed certification, no signed Form 95 and no signed medical releases. For these reasons alone, Robert Oakley should be eliminated as a candidate. This is the lone plaintiff nominee for which plaintiffs have a test result. The plaintiff test result for this unit is .26ppm. Robert Oakley was approximately ten years old at the time of Hurricane Katrina and as a child plaintiff presents the same issues as outlined about in the analysis of Jonquil Thomas' PFS. Plaintiff's claims are mainly asthma and allergies, and he lists a total of thirteen symptoms. As noted previously, an asthmatic child has already been tried in the bellwether process (Gulf Stream/Alexander) and should not be the focus of another bellwether trial. He also suffers from irritable bowel syndrome.

## VI.

## CRV'S BELLWETHER CANDIDATES

CRV proposes the following Plaintiffs to serve as Bellwether candidates and contends that such Plaintiffs are suitable for Bellwether Plaintiffs for the following reasons:

1. **Anthony Dixon**

Anthony Dixon has a FEMA ripe claim and a plaintiff test result on his unit of .096ppm. He is a fifty-six year old non-smoker who allegedly lived in a CRV unit between the dates of October, 2006 and October, 2008. His main complaints are sinus, bronchitis, headaches, and fear of cancer. His symptoms include irritated eyes, skin rashes, headaches, naseau, difficulty breathing, tightness of chest, bronchitis, first time allergies and dizziness. On page 16 of his

Plaintiff Fact Sheet, Dixon indicates while he was living in the trailer in 2007, he was seen at Ochsner for sinus problems, bronchitis and headaches. CRV views Mr. Dixon as a typical and representative plaintiff with an uncomplicated medical history making him quite suitable for a summary jury trial. One would have a difficult time arguing that Mr. Dixon is not suitable to serve as a bellwether trial plaintiff.

2. **Leona Dixon**

Though Ms. Dixon's Plaintiff Fact Sheet indicates that she lived in the same unit with the aforementioned Anthony Dixon, she does not specifically mention Anthony Dixon as an occupant of the travel trailer. Similar to Mr. Dixon, Leona Dixon has completed a Form 95, has signed her Plaintiff Fact Sheet certification and the accompanying medical releases, and has a test result for her unit. She is a fifty-five year old non-smoker whose main complaints consist of sinus, sleeping disorder, breathing problems, and fear of cancer. She lists additional symptoms of burning eyes, bloody nose, headaches, naseau, difficulty breathing, shortness of breath, tight chest, throat irritation, first time allergies and dizziness. On page 16 of her Plaintiff Fact Sheet, she states that in 2008, she was admitted to Ochsner Clinic for sinus problems, sleeping disorder and breathing problems. For the same reasons that apply to Mr. Dixon, CRV views Leona Dixon as a suitable trial plaintiff.

3. **Walter Dillon**

Mr. Dillon has a signed certification on his Plaintiff Fact Sheet as well as a signed Form 95. His unit was tested by plaintiffs and had a .094ppm result. Mr. Dillon was approximately seventy years old at the time of Hurricane Katrina. He lived in the travel trailer between February, 2006 and March, 2008. Mr. Dillon is a long term smoker but not a particularly heavy one, smoking approximately ten cigarettes per day. His medical history is relatively

unremarkable for someone his age. He states on page 14 of his Plaintiff Fact Sheet that he was seen at least one time in March, 2008, by a physician for itching and breathing issues.

CRV views Mr. Dillon as a suitable trial plaintiff. Though plaintiffs may complain that he is a smoker, Coachmen's records indicate a substantial number of smoker claimants and Mr. Dillon was not a particularly heavy smoker. His medical history is otherwise fairly unremarkable, and he would be a suitable participant in a summary jury trial.

### 4. Pamela Gainey

Ms. Gainey has a FEMA ripe claim and signed her Plaintiff Fact Sheet certification as well as the attached medical releases. Plaintiffs have a test result for her unit of .12ppm. Ms. Gainey was approximately thirty-six years old at the time of Hurricane Katrina and lived in her travel trailer between the dates of March, 2006 and September, 2008. Ms. Gainey's medical history and background are a bit more complicated than the previous nominees in that she suffered cervical cancer but it appears she was diagnosed prior to moving into the travel trailer, and she does not relate the cancer to the travel trailer. Her main complaint is listed simply as "formaldehyde exposure." She also lists additional symptoms of eye, nose and skin irritation as well as headaches, naseau, vomiting, diarrhea, breathing issues, upper respiratory infections, pulmonary edema and dizziness. She is additionally making a claim for mental and emotional damages and allegedly received treatment during the time she was in the trailer.

Ms. Gainey is a smoker and states that her smoking took place while inside the travel trailer. An "inside the trailer smoker" has not yet been a trial plaintiff.

### 5. Russell Gainey

Mr. Gainey is the spouse of the aforementioned Pamela Gainey and has likewise properly completed the Form 95 as well as the applicable medical releases and Plaintiff Fact Sheet

certification. As previously stated, the Gainey unit was tested by plaintiffs at a level of .12ppm. Mr. Gainey listed his main complaint as "formaldehyde exposure" along with additional symptoms of eye, skin and nose irritations, headaches, naseau, vomiting, diarrhea, difficulty breathing, upper respiratory tract infections, pulmonary edema, dizziness as well as loss of hair and ear rashes. He is also an asthmatic who claims that his asthma was reaggravated after exposure to formaldehyde. He alleges emotional damages which were treated while he was a trailer occupant. His medical history is otherwise fairly unremarkable. Mr. Gainey was approximately forty-one years old at the time of Hurricane Katrina. He also lists himself as a smoker who smoked inside the unit.

### 6. Bruce Russell

Mr. Russell has a FEMA ripe claim and completed Form 95 as well as the required medical authorizations and the certification to his Plaintiff Fact Sheet. Plaintiffs have a test result for Mr. Russell's unit which measured at a .15ppm. Mr. Russell was approximately forty-seven years old at the time of Hurricane Katrina and lived in the unit between October, 2006 and May, 2009. Parts of Mr. Russell's Plaintiff Fact Sheet are difficult to read due to his handwriting, but it would seem to indicate that he has a past medical condition of tuberculosis and hepatitis that is controlled. His main complaint is simply upper respiratory issues. Plaintiff states that he is fifteen cigarette per day smoker and that he received medical treatment as a result of living in a FEMA trailer but cannot specifically recall what treatment he received.

For these reasons, Defendant, CRV suggests that the Court select one of its Bellwether candidates, as set forth above, and reject the Bellwether candidates selected by the Plaintiffs.

TAYLOR, PORTER, BROOKS, & PHILLIPS L.L.P.

By:  /s/John Stewart Tharp
  David M. Bienvenu #20700
  John Stewart Tharp, Bar #24230
  451 Florida Street, 8th Floor
  Post Office Box 2471
  Baton Rouge, LA  70821
  Telephone: 225-387-3221
  Facsimile: 225-346-804
**Attorneys for Coachmen Recreational Vehicle Company, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 13th day of October, 2010.

/s/John Stewart Tharp
John Stewart Tharp