**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHDE | * | |
| PRODUCT LIABILITY | * | **SECTION "N-5"** |
| LITIGATION | * | |
| | * | **JUDGE ENGELHARDT** |
| THIS DOCUMENT RELATES TO | * | |
| EARLINE CASTANEL, ET AL | * | **MAG. JUDGE CHASEZ** |
| v. RECREATION BY DESIGN, LLC | * | |
| ET AL, DOCKET NO. 09-3251 | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF RECREATION BY DESIGN, LLC'S**
**MOTION TO ASSESS TAXABLE COSTS**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") respectfully submits the following Memorandum in

Support of its Motion to Assess Taxable Costs.

**INTRODUCTION**

Trial in the above matter commenced on May 17, 2010.  After six (6) days of trial, the

jury returned a verdict in favor of RBD on May 24, 2010.  This Honorable Court entered

Judgment on the jury verdict on September 22, 2010, dismissing with prejudice all claims by the

plaintiff, Earline Castanel, against RBD and assessing taxable costs in RBD's favor.[1]

**LAW AND ARGUMENT**

Under Rule 54(d) of the Federal Rules of Civil Procedure, costs should be allowed to the

prevailing party.[2]  In *Schwarz v. Folloder*,[3] the Court held that a prevailing party is prima facie

---

[1] R. Doc. 16210.

[2] Fed. Rule Civ. Proc. 54(d).

[3] 767 F.2d 125, 131 (5th Cir. 1985).

entitled to costs.  Additionally, taxing of costs rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of such discretion.[4]  Pursuant to 28 U.S.C. § 1920, "a judge or clerk of any court of the United States may tax as costs the following:

(1)     Fees of the clerk and marshal;

(2)     Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)     Fees and disbursements for printing and witnesses;

(4)     Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)     Docket fees under § 1923;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. 1828."

Further, the Uniform Local Rules allow that "within thirty-five (35) days after receiving notice of entry of judgment…the party in whose favor judgment is rendered and who claims and is allowed costs, shall serve on the attorney for the adverse party and file with the clerk a notice of application to have the costs taxed, together with a memorandum signed by the attorney of record stating the items are correct and that the costs have been necessarily incurred.[5]"

The complex nature of the issues of fact and law addressed at the trial of this matter

---

[4] *U.S. Marshals Service v. Means,* 741 F.2d 1053 (8th Cir. 1984); *State of Illinois v. Sangamo Construction Co.,* 657 F.2d 855 (7th Cir. 1981).

[5] Uniform District Court Rules, Local Civil Rule LR 54.3.

required RBD to incur significant costs and, as the prevailing party, RBD is entitled to an award of a portion of these costs.  As will be discussed in detail below, RBD is entitled to an award of **$78,738.87** from plaintiff Earline Castanel, for the following recoverable cost:

(1)     Deposition and trial transcript expenses;

(2)     Witness fees associated with deposition and trial testimony;

(3)     Travel expenses of witnesses:

(4)     Copying expenses;

(5)     Expenses for procurement of certain records of plaintiff; and

(6)     Expenses associated with audiovisual support experts.

**1.      Depositions, Trial Transcripts, and Trial Attendance**

The law governing recovery of taxable costs incurred for the taking and/or procuring of depositions is well settled.  Depositions are considered to be reasonably necessary for use in the case, thereby allowing for the assessment as taxable costs the costs incurred in taking same, if, at the time they were taken it could be reasonably expected that the deposition would be used for trial preparation rather than merely for discovery or mere convenience of counsel.[6]  "Costs for depositions, including the obtaining of transcripts of same, court reporter" and videographer expense and witness fees and expenses (expert and fact), are properly taxed in favor of the prevailing party.[7]  Additionally, it is not necessary that the deposition transcript be admitted into evidence for the costs of same to be taxed in favor of the prevailing party.[8]  Lastly, travel

---

[6] *Fogleman v. ARAMCO,* 920 F.2d 278 (5th Cir. 1991).

[7] *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority,* 133 F.R.D. 481 (E.D. La. 1990).

[8] *Nissho-Iwai Co., Ltd v. Occidental Crude Sales,* 729 F.2d 1530 (5th Cir. 1984).

expenses and fees associated with trial attendance of defense expert witnesses whom plaintiff had deposed are taxable as costs.[9]

On January 29, 2010 Plaintiff submitted a Designation of Expert Witnesses which indentified thirteen (13) experts that she retained in this matter.[10]  Furthermore, Plaintiff's Initial and Final Witness Lists included numerous witnesses, including the previously designated expert witnesses.[11]  Given that RBD had no means to discern which of these witnesses plaintiff would ultimately decide to call or not call at trial of this matter, in order to prepare an adequate defense, RBD's only option was to depose a substantial number of these witnesses in preparation for trial. Likewise, RBD was also forced to retain expert witnesses to rebut the thirteen (13) expert witnesses retained by the plaintiff.

RBD utilized the depositions in various stages of trial preparation.  The uses included, but were not limited to, preparation for subsequent depositions of other witnesses, preparation of direct/cross examination of expert and fact witnesses, opening/closing statements, use of exhibits and documents at trial and/or for pre-trial motion practice including dispositive motions, *Daubert* motions and motions *in limine* utilized to narrow the issues presented at trial and/or resulted in the exclusion of inadmissible evidence.  As such, the depositions taken in this matter, even if not admitted into evidence, were necessarily taken, and the associated costs incurred for use in the case and not for mere discovery or convenience purposes.

Further, RBD also asserts that it is entitled to costs associated with videotaping of several depositions.  See *S&D Training Academy, LLC v. AAFIS, Inc.,* 336 Fed. Appx. 443, 2009 WL

[9] *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63 (5th Cir. 1994).

[10] *See* Exhibit A, Plaintiff's Designation of Expert Witnesses.

[11] *See* Rec. Docs. 12849 and 13277.

1885881 (C.A.5 (Tex)), wherein the Court recognized that the 2008 amendment of § 1920(2) authorized awards of costs related to the videotaping of depositions.  RBD suggest to the Court that, given the uniqueness of the instant litigation, videotaped depositions were necessary for not only trial preparation, but also for use at trial of this matter.

RBD first points out that Plaintiff did not object at the time of noticing, that several of the depositions were being preserved stenographically and via video recording.  Additionally, at the time it was noticing depositions, both RBD and Plaintiff were well aware that in the previous two bellwether trials, both the plaintiffs and defendants had utilized video-taped depositions for trial testimony.  In fact, in an effort to preserve the Court's resources and to be efficient this Court set out in Pre-Trial Order 62[12] a process for parties to designate and object to proposed deposition testimony to be used at trial.  As such, the use of video-taped depositions in the instant matter was not only necessary, but encouraged by the Court.

Moreover, this Court ordered that no witness, except expert witnesses who issued a supplemental report, absent a compelling reason to the contrary, would be deposed more than once in conjunction in the instant MDL.[13]   Additionally, several witnesses resided in a state other than the state of Louisiana.  As such, all such witnesses were outside of the subpoena power of this Court. Therefore, absent consent of parties to voluntarily appear at trial of this matter, the only way that RBD was able to ensure that certain witness testimony was presented to the jury was via their video-taped depositions.

In addition to the costs for deposition transcripts, RBD is also entitled to costs for daily trial transcripts.  Theses trial transcripts were also used in various capacities, including but not

---

[12] R. Doc. 12585.

[13] See R. Doc. 1386 at pg. 6.

limited to preparation of direct and cross-examinations of witnesses, preparation of directed verdict and other trial/post trial motions, identifying and tracking of pre-admitted exhibits and exhibits admitted during testimony, and preparation of the final exhibit list.  Further, given the complex nature of the issues involved and the length of trial, the parties' recollection of certain witness testimony differed at times, necessitating reference to the daily trial transcript.  Moreover, as only one counsel for each party was allowed at the bench during side-bar discussions of evidentiary issues, other trial counsel utilized the real time transcript in order to both discern and adhere to the Court's rulings on various evidentiary issues that would apply throughout the trial.  Finally, RBD also notes that daily transcript costs were awarded in the *Alexander* and *Forest River* matters.[14]  RBD is therefore, entitled to an award of costs for trial transcripts.[15]  The depositions costs associated with witnesses in this case (fact and expert) are as follows for which RBD seeks to have assessed as taxable costs against Plaintiff:[16]

1.  Stephen Smulski, Ph.D. (Plaintiff expert materials scientist who testified live at trial)

    1.  Deposition Cost - $380.00

2.  Gerald McGwin, Ph.D. (Plaintiff expert in causation and epidemiology who testified live at trial)

    1.  Deposition Cost - $534.70

3.  Patricia Williams, Ph.D., D.A.B.T. (Plaintiff expert toxicologist who testified live at trial)

---

[14] *See* R. Docs. 10620, 13323 and 15048.

[15] See *Mississippi Chemical Corp. v. Dresser-Rand Company,* 2000 WL 33715123, (S.D. Miss.), wherein the Court stated that "in light of the complexity of this case and the extensive and numerous arguments submitted by the defendant in its post-trial motions, the Court finds that the cost of the trail transcript is taxable…. .

[16] "In globo" Exhibit B: deposition cost invoices.

1.      Deposition Cost - $292.20

4.      Charles David Moore, P.E. (Plaintiff expert structural engineer whose opinions and testimony formed the basis or part thereof of other Plaintiff expert opinions)

      1.      Deposition Cost - $525.80

5.      Alexis Mallet (Plaintiff expert in construction and building function who testified live at trial)

      1.      Deposition Cost - $735.90

6.      Edward Schwery, Ph.D. (Plaintiff expert psychologist whose opinions and testimony formed the basis or part thereof of other Plaintiff's expert opinions)

      1.      Deposition Cost - $377.45

7.      Paul Hewett, Ph.D. (Plaintiff expert statistician who testified live at trial)

      1.      Deposition Cost - $551.20

8.      Kenneth Laughery, Ph.D. (Plaintiff expert in warnings and human factors who testified live at trial)

      1.      Deposition Cost - $824.10

9.      Lawrence Miller, MD (Plaintiff expert who offered causation opinion and testified live at trial)

      1.      Deposition Cost - $1,040.00

10.     William D. Scott, P.E., C.H.M.M. (Plaintiff expert in testing and sampling whose opinions and testimony formed the basis or part thereof of other Plaintiff expert opinions)

      1.      Deposition Cost - $528.30

11.     Ervin Ritter, P.E. (Plaintiff HVAC engineer whose opinions and testimony formed the basis or part thereof of other Plaintiff expert opinions)

      1.      Deposition Cost - $475.05

12.     Paul LaGrange (Plaintiff expert HVAC whose opinions and work formed the basis or part thereof of the opinions offered by other Plaintiff experts)

       1.      Deposition Cost - $783.00

13.    Graham Allen, Ph.D. (Defense expert who was deposed and retained for rebuttal of Plaintiff Expert Stephen Smulski, Ph.D.)

       1.      Deposition Cost - $666.65

14.    H. James Wedner (Defense expert in allergy and immunology who testified live at trial)

       1.      Deposition Cost - $696.13

15.    William Dyson, Ph.D., C.I.H. (Defense expert in industrial hygiene deposed and retained for rebuttal of Plaintiff experts in industrial hygiene, testing and sampling)

       1.      Deposition Cost - $416.80

16.    John Osteraas, Ph.D. (Shaw expert witness deposed and retained for rebuttal of Plaintiff Experts)

       1.      Deposition Cost - $1,314.00

17.    Anthony "Tony" Watson (Defense expert in expert in testing and sampling deposed and retained for rebuttal of Plaintiff expert William D. Scott, P.E., C.H.M.M)

       1.      Deposition Cost - $119.20

18.    Nathan T. Dorris, Ph.D., C.P.E. (Defense expert in warnings and human factors who was deposed and retained for rebuttal of Plaintiff expert Kenneth Laughery)

       1.      Deposition Cost - $633.40

19.    Michael Ginevan, Ph.D (Defense expert statistician who was deposed and retained for rebuttal of Plaintiff expert Paul Hewett, Ph.D.)

       1.      Deposition Cost - $516.75

20.    Kenneth B. Smith, M.D. (Defense expert in pulmonology retained and deposed for rebuttal of Plaintiff expert physician Dr. Lawrence Miller and for pulmonary function testing by H. James Wedner, M.D.)

       1.      Deposition Cost - $278.05

21.     Damien Serauskas, P.E. (Defense expert in HVAC engineering who was deposed and retained for rebuttal of Plaintiff experts Ervin Ritter, P.E., Paul LaGrange and Alexis Mallet, Jr.)

      1.     Deposition Cost - $574.50

22.     Megan Ciota, Ph.D. (Defense expert psychologist who was deposed and retained for rebuttal of Plaintiff expert Edward Schwery, Ph.D.)

      1.     Deposition Cost - $249.00

23.     Thomas Fribley (Defense expert in travel trailer design who was deposed and retained for rebuttal of Plaintiff expert Alexis Mallet, Jr.)

      1.     Deposition Cost - $386.95

24.     Ronald French, MD (Defense expert in Otolaryngology and Head and Neck Surgery who was deposed and retained for rebuttal of Plaintiff Medical experts)

      1.     Deposition Cost - $268.55

25.     Robert C. James, Ph.D. (Defense expert Toxicologist who testified live at trial)

      1.     Deposition Cost - $226.36

26.     Robert Wozniak, Mechanical Engineer (Defense expert in travel trailer construction who was deposed and retained for rebuttal of Plaintiff's experts, Charles David Moore, P.E. and Alexis Mallet, Jr., who testified via video-tape at trial)

      1.     Deposition Cost - $340.21

27.     Alan Bowers, M.D. (Plaintiff expert/plaintiff's treating physician who testified at trial via deposition transcript regarding the treatment and alleged medical conditions of plaintiff)

      1.     Deposition Cost - $657.05

28.     Carter Paddock, M.D. (Dermatologist; Plaintiff expert/plaintiff's treating physician, who was deposed regarding the treatment and alleged medical conditions of plaintiff)

      1.     Deposition Cost - $529.05

29.     Joseph Gautreaux, M.D. (Plaintiff expert/treating ENT, who testified live at trial; note that Dr. Gautreaux was deposed twice)

January 20, 2010 deposition
1.      Deposition Cost - $568.45

May 5, 2010 deposition
1.      Deposition Cost - $375.50

30.     Marilu O'Byrne, M.D. (Plaintiff expert/treating Ophthalmologist who was deposed regarding the treatment and alleged medical conditions of plaintiff)

1.      Deposition Cost - $515.34

31.     S.T. Reddy, M.D. (Plaintiff expert/treating Gastroenterologist who was deposed regarding the treatment and alleged medical conditions of plaintiff)

1.      Deposition Cost - $379.80

32.     Thang Hoang, M.D. ((Plaintiff expert/treating physician, board certified in Internal Medicine, who testified at trial via video-tape regarding the treatment and alleged medical conditions of plaintiff)

1.      Deposition Cost - $800.50

33.     Earline Castanel (Plaintiff who testified live at trial; note that Castanel was deposed twice)

December 2, 2009 deposition
1.      Deposition Cost - $366.06

February 10, 2010 Deposition
1.       Deposition Cost - $1,120.45

34.     Edward Ganier (Fact witness)

1.      Deposition Cost - $350.60

35.     Sandra Castanel Davis (Fact witness who testified live at trial)

1.      Deposition Cost - $135.00

36.     Laverne Castanel Williams (Fact witness)

      1.     Deposition Cost - $174.60

37.    Kim Castanel (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $284.70

38.    Albert Jarrell (Fact witness who testified live at trial)

      1.     Deposition Cost - $280.19

39.    Geoffrey Compeau (Shaw Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $966.50

40a.   Randall Rush (Fact witness who testified live at trial)
40b.   Raymond Cornish (Fact witness who testified via deposition at trial)
40c.   Michael Gaume (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $1,466.05 (total for Rush, Cornish and Gaume)

41.    David Garratt (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $642.60

42.    Guy Bonomo (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $201.00

43.    Michael Lapinski (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $806.20

44.    Stanley Larson (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $95.80

45.    Joseph Little (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $519.55

46.    Martin McNeese (Fact witness who testified via deposition at trial)

      1.     Deposition Cost - $403.25

47.    Kevin Souza (Fact witness who testified via deposition at trial)

   1.  Deposition Cost - $445.00

48.  Bellance Faye Green (Fact witness)

   1.  Deposition Cost - $523.30

49.  James Schilligo - (Fact witness)

   1.  Deposition Cost - $140.00

50.  Fees paid to FCRR Official Court Reporters Jodi Simcox, Toni Doyle Tusa, Karen Ibos and Cathy Pepper for Real Time and Daily Transcripts

   1.  $8,631.10

**Totals for Deposition Costs and Trial Transcripts**

   1.  Deposition costs: $26,480.79

   2.  Trial Transcripts:  $8,631.10

**2.**  **Witness Fees**

  RBD also seeks recovery of the following witness fees: 1) a portion of the fees paid by RBD to depose plaintiff's experts; 2) the statutory witness fees for the deposition of RBD employees; and 3) the travel and expenses for RBD's experts associated with trial.

  RBD is entitled to recover the deposition fees it paid to plaintiff's expert witnesses, up to the $40 limit imposed by 28 U.S.C.A. §1821.  See *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499 (D.Kan. 1994).  RBD is also entitled to recover a $40 witness fee for the RBD employees whose depositions were noticed by the plaintiff. See *Rundus v. City of Dallas,* 2009 WL 3614519 at *1 (N.D. Tex. 2009).  RBD is likewise entitled to reimbursement of $40 for expert fees paid to their own witnesses for trial testimony.  See *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 439 (U.S.

1987) and §1821. Finally, §1821(c)(4) entitles RBD to costs for a witness's travel expenses for trial.

RBD incurred considerable costs in the form of fees paid to nine (9) of plaintiff's expert witnesses which it deposed in preparation for trial:

1.    Stephen Smulski, Ph.D.

2.    Gerald McGwin, Ph.D.

3.    Patricia Williams, Ph.D.

4.    Alexis Mallet, Jr.

5.    Edward Schwery, Ph.D.

6.    Paul Hewett, Ph.D.

7.    Kenneth Laughery, Ph.D.

8.    Lawrence Miller, M.D.

9.    William D. Scott, P.E., C.H.M.M.

For each of these experts, RBD is entitled to recover the $40 per diem fee as authorized by §1821.  Thus, RBD is entitled to a tax of **$360.00** against[17] plaintiff.  Additionally, plaintiff noticed the depositions of RBD employees Randall Rush and Raymond Cornish.[18]  RBD is entitled to a tax of **$80.00** in witness fees for these depositions.

Lastly, RBD is entitled to recover expenses related to the testimony of expert witnesses, H. James Wedner, MD, Robert James, Ph.D., and Philip Cole, M.D.  Under §1821, RBD is entitled to be reimbursed for the travel expenses and witness fee for

---

[17] "In globo" Exhibit C:  Invoices for Deposition Fees of Plaintiff's Experts.

[18] Invoices documenting that the depositions of Rush and Cornish went forward are included in Exhibit B.

experts of Wedner, James and Cole, who traveled to Louisiana to testify at trial of this matter.[19]  Further, RBD is entitled to recover the statutory $40 witness fee for Wedner, James and Cole.  RBD is therefore entitled to recover **$3,868.81** associated with the testimony of Wedner, James and Cole.  See breakdown listed below:

1. Philip Cole, M.D.
   Travel Cost - $518.00
   Witness Fee - $40.00

2. Robert James, Ph.D.
   Travel Cost - $2,047.24
   Witness Fee - $40.00

3. H. James Wedner, MD
   Travel Cost - $1,183.57
   Witness Fee - $40.00

## 3.    Copy Costs

RBD is also entitled to **$21,453.17** for copies of exhibits and records obtained for use in connection with trial of this matter.  The costs of reproducing relevant documents and exhibits for use at trial are properly taxable against plaintiff.[20]  In the instant matter, in addition to having a paper and electronic copy of all exhibits available for use during the presentation of each party's case, the Court also required that both parties provide a complete paper and electronic set of all exhibits for the Court's use.[21] Therefore, the costs incurred by RBD were directly related to costs for copies, including electronic copies, obtained for use in connection with trial of this matter. The total amount of such costs is **$17,672.39.**[22]  Additionally, RBD is also entitled to cost

---

[19] "In globo" Exhibit D: Invoices for Experts' Travel costs for Trial attendance.

[20] *Fogleman v. ARAMCO,* 920 F.2d 278, 286 (5th Cir. 1991).

[21] See Rec. Doc. 14015.

[22] Exhibit E:  Invoice for Copy Costs and Exhibits.

associated with demonstrative evidence, specifically charts utilized to illustrate the progression of plaintiff's sinus condition and treatment for same throughout the years as well as charts demonstrating everyday sources of formaldehyde.  It is settled that costs for such charts "may be taxed as costs only if there is pretrial authorization by the trial court."[23]  In *Zapata Gulf Marine Corporation*[24], a Court in this Eastern District recognized that the inclusion of demonstrative evidence in the pre-trial order as an exhibit to be offered at trial was sufficient pre-trial authorization for the awarding of costs for the demonstrative exhibit.  In the instant matter, RBD specifically included demonstrative evidence as described above in its Final Exhibit List, entitling RBD to recover cost associated with same.[25]  The total amount of such costs is **$2,475.00**.[26]

Further, RBD is entitled to recover costs for certain records obtained for use at trial, specifically, plaintiff's IRS records, Social Security records, employment records, and medical records.[27]  As plaintiff's claims against RBD centered on a worsening of an existing medical condition and there was significant testimony and evidence on this issue at trial, it follows that copies of plaintiff's medical records obtained was done so for use at trial.  The total cost for these records is **$1,305.78**.[28]

---

[23] *J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d 613 at 615 (5th Cir. 1985), reinstated, 790 F.2d 1993 (5th Cir. 1985).

[24] 133 F.R.D 481 at 485; *citing Walker, et al v. Borden, Inc.,* 115 F.R.D. 471, at 474, (S.D. Miss. 1986).

[25] *See* RBD Final Exhibit List, Rec. Doc. 13274.

[26] Exhibit F: Invoice for demonstrative evidence.  Note, RBD is only requesting cost associated with items indicated with a *.

[27] *See e.g., Hartnett v. Chase Bank of Texas nat. Ass'n,* 1999 WL 977757 at *2 (S.D. Miss. 2007); costs of medical records taxable.

[28] Exhibit G: Invoices for Costs of Records of Plaintiff.

4.      **Audiovisual Trial Support**

Additionally, given that the trial of the instant action presented complex issues of fact and law and involved multiple witnesses and hundreds of exhibits, RBD asserts that it is entitled to costs associated with its audio and video expenses incurred at trial.[29] The use of audiovisual support/trial technicians by both RBD and plaintiff allowed the parties to adhere to the Court's directive to present the case in efficient manner.  Moreover, as mentioned above, this Court set out a procedure for parties to designate and object to proposed deposition testimony to be used at trial.  As such, the use of video-taped depositions in the instant matter was not only necessary, but encouraged by the Court.

The audiovisual support provided by the trial technicians was essential to the presentation of deposition testimony via videotape.  In addition to cueing up and running the videos, the trial technicians were also required to edit deposition videos on short notice, as attorneys for both parties continued after trial began, to modify deposition cuts. These edits would not have been possible had the audiovisual technicians not been present during the duration of for trial.  Lastly, as referenced above, this Court ordered both parties to produce electronic exhibits at trial.[30]  The support of audiovisual trial technicians was essential to both parties compliance with this directive.  To that end, both RBD and the plaintiff utilized audiovisual trial technicians for the duration of the trial.  RBD seeks **$17,865.00** in costs associated with audiovisual trial support.[31]

---

[29] *See Finisar Corp. v. DirectTV Group, Inc.,* 2006 WL 2699732 at *2 (E.D. Tex 2006) *citing J.T. Gibbons, Inc. v. Crawford Fitting Co.,* 760 F.2d 613, 615 (5th Cir. 1985)

[30] *See* Rec. Doc. 14015.

[31] Exhibit H:  Invoices for Audiovisual Trial Support. Note, RBD is only requesting cost associated with items indicated with a *.

**CONCLUSION**

As outlined above and documented by the attached invoices and payment drafts, costs of **$78,738.87** should be taxed in favor of RBD.

Respectfully submitted,

_/s/ Randall C. Mulcahy_____
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation by Design, LLC
Email: rmulcahy@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2010 I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

_/s/ Randall C. Mulcahy_____
RANDALL C. MULCAHY, Bar No. 26436