**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 | |
|      FORMALDEHYDE PRODUCTS | * | | |
|      LIABILITY LITIGATION | * | SECTION "N" (5) | |
| | * | | |
| | * | JUDGE ENGELHARDT | |
| | * | | |
| THIS DOCUMENT IS RELATES TO | * | | |
| ALL CASES | * | | |
| | * | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS'S STEERING COMMITTEE RESPONSE TO COACHMEN
RECREATIONAL VEHICLE LLC'S REPORT CONCERNING POTENTIAL
BELLWETHER TRIAL CANDIDATES**

Now into Court, comes the Plaintiff's Steering Committee (PSC), in the above-

entitled and numbered cause and submits this Response to Coachmen Recreational

Vehicle, LLC.'s Report Concerning Potential Bellwether Trial Candidates.

**I.**
**INTRODUCTION**

As a preliminary matter, the PSC would note with regard to the list of Coachmen

potential bellwethers candidates that was submitted on September 20, 2010, it just

learned recently, from counsel for Coachmen, that several of the bellwether candidates

proposed resided in units that were manufactured by a sister company, Coachmen

Recreational Vehicles of Georgia, LLC, as opposed to Coachmen Recreational Vehicles

LLC.  Hence, Plaintiff's submission of a third list on October 8, 2010 only included

candidates matched to units manufactured by Coachmen Recreational Vehicles LLC.

1

That same list of only Coachmen Recreational Vehicle LLC candidates was submitted to the Court by the PSC on October 13, 2010.

The PSC has conferred with Coachmen on several occasions in an attempt to find a mutually agreeable bellwether Plaintiff, but have not been able to agree at the time of submitting this Response to Coachmen's Report.

## II.

## POSSIBLE SUMMARY JURY TRIAL

The PSC is willing to conduct a summary jury trial in a similar manner as the recent *Robin Lewis v. Gulf Stream* summary jury trial.  The PSC believes that a summary jury trial would conserve both the Court's time as well as the time and resources of the parties.

## III.

## THE PSC'S BELLWETHER CANDIDATES

Plaintiff has submitted five bellwether candidates:

1. Kelly T. Cook

2. Gwendolyn Marco

3. Doris Matthews;

4. Lloyd Matthews obo Jonquil Thomas;

5. Lisa Oakley obo Robert Oakley

The PSC believes that each of these candidates would serve as a suitable bellwether.

IV.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S OBJECTIONS**

Defendant has objected to each of the PSC's bellwether candidate nominations. One of the objections Coachmen raises is that the lack of a test result on the subject trailer in some way disqualifies an individual from serving as a bellwether. The PSC does not share this sentiment and sees no impediment to conducting a summary jury trial or a conventional trial on a case where there is no formaldehyde test on the trailer.

Another objection that Defendant has raised to several of the PSC's bellwether candidates is that some of them have not signed the Form 95 or that the case is not FEMA ripe. The PSC responds that based upon the Court's prior rulings that the only remaining claims against FEMA are gross negligence claims (pending appeal). Furthermore, it has been the history of all bellwether trials in this MDL, that the bellwether trials have been trials against the manufacturer and installing contractor. The lack of a signed Form 95 or lack of FEMA ripeness should not be an impediment for the candidate being selected as a bellwether.

1.      **Kelly Cook**.

Defendant objects on the grounds of lack of FEMA ripeness and no test results. The PSC would refer to the comments above. The contractor for this trailer was Fluor.

3

**2.     Gwendolyn Marco**

Defendant objects in that there is no test result on this trailer. The PSC would refer to the comments above.   Defendant further objects because Ms. Marco has a complicated medical history that should disqualify her from serving as a bellwether. The PSC responds that the cancer and other medical issues she has complained of should not disqualify her from serving as a bellwether.  Every Plaintiff will have their own unique medical concerns.  However, this Plaintiff also suffered from burning eyes, tearing of the eyes, irritation of the nasal membranes, rashes on the skin and headaches which are all classic symptoms of formaldehyde exposure and from which many Plaintiffs have suffered.   The fact that she was diagnosed with cancer and had depression while living in the trailer should not disqualify her from serving as a bellwether.  The contractor for this trailer was Shaw.

**3.     Doris Matthews**

Originally, the Defendant contended that the VIN associated with Ms. Matthews' unit was not consistent with a Coachmen VIN.  Based upon updated VIN information, Defendant has now withdrawn that contention and admitted that this vehicle was manufactured by the proper Coachmen entity.  Defendant alleges that the Fact Sheet has not been signed and this in some way should disqualify her from serving.  The PSC

will have this deficiency cured and it should not be an impediment to her serving as a

bellwether.  Defendant also alleges they have not received the test result for this trailer

however, Plaintiff has provided the test result as part of the database that was tendered

to Defendants.  Defendant alleges the reason that the trailer was picked up, "a

formaldehyde smell," was not typical and therefore this case should not be tried.  These

cases are all about formaldehyde, and the statement in the Fact Sheet that the

formaldehyde smell was the reason for picking up the trailer is immaterial.  Since the

contractor for this trailer has not been identified, the PSC would concede that this case

should only be tried against Coachmen.

**4.  Lloyd Matthews o/b/o Jonquil Thomas**

Originally Defendant contended that the VIN was not consistent with a

Coachmen VIN (same unit as Doris Matthews above).  Based upon updated VIN

information, Defendant has now withdrawn that contention and admitted that this

vehicle was manufactured by the proper Coachmen entity.  Coachmen further contends

that since a case involving a child with asthma has been tried that it does not need to be

the subject of another bellwether trial.  However, this case presents unique issues with

regard to children in that it also involves skin rashes, and those issues have not been

previously been the focus of a bellwether.  There were numerous children in these

Coachmen vehicles, therefore, trying a case with a child would be helpful.  There have

already been three other cases involving adults, Lyndon Wright, Earline Castanel and

Robin Lewis.  The PSC believes that on balance, it would be more helpful to try a case involving a minor at this time.  Since the contractor for this trailer has not been identified, the PSC would concede that this case should only be tried against Coachmen.

**5.  Lisa Oakley o/b/o Robert Oakley**

Coachmen alleges that the Fact Sheet contains no signed certification and no signed medical releases.  The PSC is taking steps to have these deficiencies cured and they should not disqualify her as serving as a bellwether.  Defendant further alleges that this is a child who suffered some of the same complaints, i.e. allergies and asthma, as a prior bellwether, and should not be the focus of another bellwether.  However, the PSC would also note that Robert Oakley complained of irritation or itching skin, drying or scaling of skin which have not been the focus in previous bellwethers and which are classic signs of formaldehyde irritation.  The contractor for this trailer was Fluor.  This case was FEMA ripe as of December 2009.

**V.**

**PSC's OBJECTIONS TO DEFENDANT'S BELLWETHER CANDIDATES**

**1.      Anthony Dixon**

The PSC objects to this bellwether candidate because according to page 14 of the Plaintiff's Fact Sheet (PFS), when he is asked to identify the doctor or health care

6

provider who treated him for each disease or illness or injury that he claimed he suffered as a result of living in a FEMA trailer, the answer was "N/A" or not applicable. The PSC does not believe it would be appropriate to try as a bellwether an individual who did not seek medical care for his/her trailer-related complaints.

**2.     Leona Dixon**

The PSC objects to this bellwether candidate.  Ms. Dixon states on page 14 of her PFS, when she is asked to identify the doctor or health care provider who treated her for each disease or illness or injury that she claimed she suffered as a result of living in a FEMA trailer, the answer was "N/A" or not applicable.  The PSC does not believe it would be appropriate to try as a bellwether an individual who did not seek medical care for his/her trailer-related complaints.

**3.     Walter Dillon**

The PSC objects to this bellwether candidate.  The trial of bellwether plaintiffs with smoking histories has already occurred in *Earline Castenel v. Recreation By design, et al* and *Robin Lewis v. Gulf Stream*.  Further, Walther Dillon smoked half a pack a day or ten cigarettes a day for 37 years which may be considered heavy smoking and be a confounding factor in the case.

**4.     Pamela Gainey**

The PSC objects to this bellwether candidate for the same reasons it objects to Walter Dillon.  Ms. Gainey is a heavy smoker, having smoked 20 cigarettes or a pack a

day, for 24 years.  The PSC further objects to this bellwether candidate as on page 14 of her Fact Sheet, when she is asked to identify the doctor or health care provider who treated her for each disease or illness or injury that she claimed she suffered as a result of living in a FEMA trailer, the answer was "none".  The PSC does not believe it would be appropriate to try as a bellwether an individual who did not seek medical care for his/her trailer-related complaints.

**5.     Russell Gainey**

The PSC objects to Russell Gainey as a bellwether candidate.  Mr. Gainey is the husband of Pamela Gainey and therefore for the same reasons discussed regard Ms. Gainey's candidacy, the PSC objects regarding Mr. Gainey.  Further on page 14 of Mr. Gainey's PFS, when he is asked to identify the doctor or health care provider who treated him for each disease or illness or injury that he claimed he suffered as a result of living in a FEMA trailer, the answer was "none".  The PSC does not believe it would be appropriate to try as a bellwether an individual who did not seek medical care for his/her trailer-related complaints.

**6.     Bruce Russell**

The PSC objects to Bruce Russel as a bellwether candidate.  Mr. Russell smoked 15 cigarettes or over half a pack a day for 30 years, which may be considered heavy smoking and may be a confounding factor.  As stated above, there is no need to try another smoking case at this juncture.

**PRAYER**

For these reasons, the PSC requests that the Court select one of its bellwether candidates as set forth above, and reject the bellwether candidates selected by the Defendant, Coachmen Recreational Vehicle, LLC.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:     504/528-9973
       gmeunier@gainsben.com

       s/Justin I. Woods
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:     504/528-9973
       jwoods@gainsben.com

       **COURT-APPOINTED PLAINTIFFS'
       STEERING COMMITTEE**
       ANTHONY BUZBEE, Texas # 24001820

ROBERT BECNEL, #14072
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
DENNIS REICH, Texas #16739600
MIKAL WATTS, Texas # 20981820

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on October 15, 2010.

/s/Justin I. Woods_____ _
JUSTIN I. WOODS