G. Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1. To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

   Yes ☐   No ☒   Don't Recall ☐

   *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |
| | | | | |
| | | | | |
| | | | | |

## VII. MEDICAL DIAGNOSIS

A. Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B. Doctor's Name: Dr.Parikh
Specialty, if any: _____
Address: S.I-10 Service Rd.MetaireLA70001
Phone: _____
Treatment received: Don't remember
Dates of treatment: Don't remember

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C. If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
N/A

14

D. Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐ No ☒

*If "Yes,"* please provide the name and address of the health care professional.

_____
_____

## VIII. DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐ No ☒

B. Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒ No ☐

C. Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐ No ☒

D. All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐ No ☒

E. Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐ No ☒

F. Decedent's death certificate, if applicable.
Yes ☐ No ☒

G. Report of autopsy of decedent, if applicable.
Yes ☐ No ☒

15

IX. **LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION**

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A. Identify your current family and/or primary care physician:

| Name | Address |
|---|---|
| Dr.Tracy Conrad | 1415 Tulane ave, New Orleans, LA 70112 |
| | |
| | |

B. Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Dr,Parikh | 1415 Tulane ave, New Orleans, 70112 | 01/2006-12/2008 |
| Dr.Tracy Conrad | 1415 Tulane ave, New Orleans, LA 70112 | 12/2008-Present |
| | | |
| | | |
| | | |

C. Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| | | | |
| | | | |
| | | | |

D. Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| | | | |

16

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.  Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| N/A | N/A | N/A |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

F.  Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| castellon | 8232 Oak St, New Orleans, LA 70118 |
|  |  |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

*Charles H. Marshall*      CHARLES H. MARSHALL      7-20-09
Signature of Plaintiff         Print Your Name            Date

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 <br><br> AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) |

Name: **CHARLES H. MARSHALL**

Date of Birth: **11-2-40**

Last Four Numbers of SSN: **9743**

I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of _____ and/or their designated agents. These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

*Charles H. Marshall*
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873<br><br>AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) (TO BE SIGNED BY PLAINTIFFS MAKING A CLAIM FOR EMOTIONAL DISTRESS) |

Name: **CHARLES H. MARSHALL**

Date of Birth: **11-2-40**

Last Four Numbers of SSN: **3743**

I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ and/or any of their designated agents. These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

*Charles H. Marshall*
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, et seq., 40:1299.96 et seq., 13:3715 et seq. and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| CHARLES H. MARSHALL | 11-2-40 | 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 |
| Address: 3500 DICKENS DR. | | Telephone No.: 504-451-7145 |
| City: NEW ORLEANS   State: LOUISIANA | | Zip Code: 70131 |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and certified copy of my entire record of the patient listed above to:

Name: _____
Title: _____
Address: _____

Purpose: To Protect My Legal Rights
For Treatment Date(s): All Available

| Type of Access Requested: | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other _____ |
|---|---|---|---|
| ☐ Copies of the records & Inspection of the record | | | |

I acknowledge, and hereby consent to such, that the released information may contain _____ alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
Initials

This authorization shall expire upon the following expiration date or event (if I fail to specify an expiration date or event, this authorization will expire in four [4] years from the date on which it was signed): _____

You have my specific consent to meet and discuss in person or by telephone with my attorneys only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company where the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

Charles H. Marshall                       _____
Signature of Patient/Legal Representative         Date
If signed by legal representative, relationship to patient _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE | MDL No. 1873
PRODUCT LIABILITY LITIGATION

AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity.)

Name: **CHARLES H. MARSHALL**

Date of Birth: **11-2-40**

Last Four Numbers of SSN: **3743**

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____
and/or any of their designated agents. These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes. I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

*Charles H. Marshall*
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Charles H. Marshall_ [insert name] understand that information maintained by the Federal Emergency Management Agency (FEMA) and contained in files related to disaster assistance provided to me by FEMA is subject to the Privacy Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney _____, Plaintiffs' Liaison Counsel Justin Woods and Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit provided to me by FEMA.

Dated: 7-20-09

Name: _Charles H. Marshall_ (print legibly or type out name)

Signature: _Charles H. Marshall_

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

1. Submit To Appropriate Federal Agency: Federal Emergency Management Agency Office of Director 500 C. St., SW Washington, DC 20472

Federal Emergency Management Agency
Office of Chief Counsel
500 C. St., SW
Washington, DC 20472

2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)

Claimant: CHARLES H. MARSHALL
3600 DICKESON DR. NEW ORLEANS
LA 70131

Claimant's Representative:
Hurricane Legal Center, 600 Carondelet Street, Suite 602, New Orleans, LA 70130

3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN
4. DATE OF BIRTH: 11/2/1940
5. MARITAL STATUS: DIVORCED
6. DATE AND DAY OF ACCIDENT: SEE ATTACHED RIDER
7. TIME (A.M. or P.M.): UNKNOWN

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.) Exposure to formaldehyde in trailer provided by FEMA. Trailer not suitable for intended use because of FEMA failure properly to inspect and comply with standards. Trailer violated warranties of liability and fitness for use. U.S. and agencies failed to warn and to relocate. U.S. and agencies attempted to cover up the above violations.

Injuries resulting from exposure to formaldehyde in trailer housing unit provided by Federal Emergency Management Agency. The United States of America, through its agencies, including but not limited to Federal Emergency Management Agency, (hereinafter collectively referred to as "FEMA") was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the claimant by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. FEMA breached its duty to provide reasonably safe and habitable housing by providing a trailer unit that exposed claimant to excessive and unsafe levels of formaldehyde. FEMA provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. FEMA failed to ensure that the trailer housing unit provided to claimant was suitable for its intended use.

SEE ATTACHED RIDER

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
Trailer provided by FEMA. Exact ownership unknown.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY / WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

SEE ATTACHED RIDER

11. WITNESSES

| NAME: Claimants, other occupants, other persons and public officials too numerous to list | ADDRESS (Number, Street, City, State, Zip |
|---|---|

12. AMOUNT OF CLAIM (In dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 36,000.00 | 140,000.00 | | 176,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) *You must sign as a claimant.
Atty, Hurricane Legal Cntr.

13b. Phone number of signatory: (504) 525-1944

14. DATE OF CLAIM: 5/26/2009

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.)

VIA FEDERAL EXPRESS #868662083970

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

85-109  NSN 7540-00-634-4046
Previous editions not usable.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim

## INSTRUCTIONS
Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

---

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,
to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☒ No

| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
|---|---|
| NOT APPLICABLE | NOT APPLICABLE |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)

NOT APPLICABLE

19. Do you carry public liability and property damage insurance? ☐ Yes, if yes, give name and address of insurance company (Number, street, city, State, and Zip Code) No ☒

RIDER FOR STANDARD FORM 95

6. **Date and Day of Accident:** Claimant became aware of the potential exposure within the last two years.

8. **Basis of Claim (Continued):**

FEMA failed to ensure that it was free from excessive formaldehyde emissions and/or adequate ventilation, and that it was in compliance with all local, state, federal and international regulations and standards. FEMA failed to fully instruct the user on the means of eliminating or reducing the health hazards involving the trailer unit's normal use. FEMA failed to properly inspect and test the unit to make certain that it was in compliance with all local, state, federal and international regulations and standards before releasing it for use. FEMA failed to provide the proper specifications to the manufacturer of the trailer housing unit to ensure that it was free from excessive formaldehyde emissions and/or had adequate ventilation, and that it was in compliance with all local, state federal and international regulations and standards. FEMA provided a trailer housing unit that failed to adhere to express and/or implied warranties of habitability and fitness. FEMA failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. FEMA negligently, intentionally or with reckless indifference to the safety of claimant concealed its knowledge of the excessive levels of formaldehyde in the trailer housing unit. FEMA failed to timely relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for claimant. FEMA misrepresented, concealed and suppressed facts regarding the dangerous condition of the trailer housing unit and toxic effects of formaldehyde fumes. The claimant seeks all damages recoverable under applicable state constitutions, the Constitution of United States, 42 U.S.C. 1983, and all applicable state and federal laws, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, FEMA is liable under all state tort law remedies found applicable herein.

10. **Personal Injury / Wrongful Death:**

The claimant has suffered and continues to suffer from eye, nose and/or throat irritation; runny eyes and nose; sinus condition; cold or flu-like symptoms; sore throat; coughing; headaches; nausea; nose bleeds; skin irritation or skin rash; allergy-like conditions; breathing problems, respiratory problems, shortness of breath or asthma-like condition; emotional distress and fear of illness, including cancer and/or increased risk of cancer. The full residual effects are not yet known, but are serious in nature. The foregoing is a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has suffered and will continue to suffer and experience fear, anxiety and distress because of risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 above.

GEN