UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO | * | |
| | * | |
| *Earline Castanel et al. v. Recreation by Design,* | * | |
| *LLC, et al.* | * | |
| Docket No. 09-2977 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE IN OPPOSITION TO RECREATION BY DESIGN, L.L.C.'S**
**MOTION TO ASSESS TAXABLE COSTS**

Plaintiff Earline Castanel, by and through the undersigned Counsel, responds in opposition to Recreation by Design, L.L.C.'s Motion to Assess Taxable Costs (Doc. 16799) and in support would show as follows:

**I.**
**INTRODUCTION**

Recreation by Design, LLC ("RBD") seeks an award of $78,738.87 from Plaintiff Earline Castanel for taxable costs including costs of depositions and expert witness travel expenses.  As discussed below, RBD's motion should be denied because (1) it did not provide a reasonable accounting of the costs it seeks, (2) it seeks costs which are not allowable under 28 U.S.C. §§ 1821 and 1920, and (3) balancing factors weigh against an award of costs.  In the event this Court awards costs to RBD, Plaintiff submits that such costs should be apportioned among all claimants in the MDL.

## II.
## ARGUMENT AND AUTHORITIES

A. RBD's motion should be denied because RBD failed to provide any accounting of the costs it is seeking.

The party seeking to recover costs "bear(s) the burden of furnishing a reasonable accounting." Cooper Liquor, Inc. v. Adolph Coors Co., 684 F.2d 1087, 1099 (5th Cir. 1982) (*overruled on other grounds*). RBD failed to provide any accounting of the costs it is seeking. Instead, RBD merely attached numerous unexplained and untabulated invoices. From the invoices alone, it is impossible to determine the services for which the invoices apply, much less whether the cost invoiced is reasonable for the services charged. Because RBD did not provide an accounting of its costs, its motion should be denied. *See* Id.

B. RBD's motion for costs should be denied because it seeks costs not available under U.S.C. § 1920.

Costs not listed in U.S.C. § 1920 may not be taxed to the losing party unless they are specifically authorized by some other statute or by contract. Crawford Fitting Co., v. J.T. Gibbons, Inc., 482 U.S. 437, 440 (1987); Mota v. University of Texas Houston Health Science Ctr., 261 F.3d 512, 529 (5th Cir. 2001); Coats v. Penrod Drilling Corp., 5 F.3d. 877, 891 (5th Cir.1993) ("A district court may decline to award the costs listed in the statute but may not award costs omitted from the list"). The prevailing party has the burden of establishing that the costs it seeks are authorized by applicable federal law, including proof of necessity and reasonableness under § 1920. Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995); *see also* Collins v. Gorman, 96 F.3d 1057, 1058 (7th Cir. 1996). RBD's motion for costs should be denied because it fails to carry its burden. *See* Id.

2

1. *RBD's motion should be denied as to deposition costs.*

RBD has requested its costs associated with the videotaping of depositions.  Videotaping costs, however, are not recoverable as taxable costs. <u>Mota</u>, 261 F.3d 512, 529-30.  The Fifth Circuit has recently observed that

> "28 U.S.C. § 1920(2) only allows for the recovery of '[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.'  There is no provision for videotapes of depositions." This reading is consistent with the text of 28 U.S.C. § 1920 (2) and the Supreme Court's admonition that we strictly construe this provision.

<u>Id.</u>  RBD's request as to the videotaping depositions should therefore be denied. *See* <u>Id.</u>

RBD, however, failed to provide a reasonable accounting of, or even state the amount it is seeking to recover for videotaping expenses.  Only a listing of the gross amount of "Deposition Costs" is provided, without breaking out the videotaping expenses separately.  RBD's failure to provide the Court with the amount of videotaping costs to be excluded from deposition costs mandates the denial of RBD's request for deposition costs in its entirety. *See* <u>Cooper Liquor, Inc.</u>, 684 F.2d at 1099.

2. *RBD's motion should be denied as to deposition transcripts.*

RBD requests that its costs for deposition transcripts be taxed to Plaintiff.  Only the basic cost, however, of a deposition transcript is recoverable as a taxable cost. *See* <u>Burton v. R.J. Reynolds Tobacco Co.</u>, 395 F.Supp2d 1065 1080 (D.Kan. 2005.); *see also* <u>Irwin Seating Co. v. International Business Machines Corp.</u>, 2008 WL 1869055, at *4 (W.D. Mich. 2008).  Add-ons to the deposition for items such as condensed copies, keyword indices, and ASCII discs, items often ordered for the convenience of the attorneys, are not recoverable as taxable costs. *See* <u>Id.</u> RBD, however, failed to provide a reasonable accounting of what part of the deposition costs it is

seeking are attributable to these non-recoverable add-on items.  Because the Court has no way of determining how much of the listed "Deposition Costs" are attributable to the non-allowable items, RBD's motion to include the cost of deposition transcripts should be denied in its entirety. *See* Cooper Liquor, Inc., 684 F.2d at 1099.

3.  *RBD's motion should be denied as to expert witness travel costs.*

RBD has requested travel costs for Dr. Robert James in the amount of $2,047.24, and for Dr. H. James Wedner in the amount of $1,183.57.  Although travel expenses to trial can be taxable costs, only the costs of common carriers "at the most economical rate reasonably available" are allowed. 28 U.S.C. § 1821c(1).  Additionally, the witness must provide a receipt or other evidence of the actual cost. Id.

RBD provided a receipt for Dr. James's air travel. *See* Exhibit D to RBD's motion.  The receipt, however, was for first class air fare of $1,644.80.  First class air fare is certainly not the most economic rate available.  RBD failed to provide any evidence of the cost of a coach ticket, a more economic rate.  Because RBD failed to provide such evidence, the costs of Dr. James's entire air fare should be disallowed. *See* Id.

Dr. Wedner itemized his air fare for trial and for his IME as $1,700.20, without any evidence of whether that cost was first class or coach. *See* Exhibit D to RBD's motion.  Without such evidence, the entire amount of his travel expenses should be denied. *See* Id.

C.  Factors weigh against awarding costs to RBD.

The Court must consider many factors in determining whether to award costs.  Although few Fifth Circuit cases address whether costs should be denied to a prevailing party, in other circuits "[a] wide range of reasons have been invoked to justify withholding costs from the

prevailing party."  10 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2668, at p. 234 (1998).   Among these are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Id.*; *see also* <u>Singleton v. Smith</u>, 241 F.3d 534, 539 (6th Cir.2001).  Many courts in other jurisdictions also deny costs if "the losing party prosecuted the action in good faith." Wright, Miller & Kane § 2668, at 238.   Any of these factors, if present, may warrant the denial of a motion by the prevailing party to tax costs. <u>Singleton</u>, 214 F.3d at 539.

The dominant factor to be considered in this case is the fact that Ms Castanel's case was tried as a bellwether trial, to assist in the adjudication of over 90,000 plaintiffs participating in this MDL.  Since it was litigated for the benefit of all similar claims in this MDL, it would be unfair and unreasonable for Ms. Castanel to individually bear all of the costs.  To award costs against Ms. Castanel would have the chilling effect of discouraging future bellwether plaintiffs in this and future litigations. *See, e.g.,* <u>Association of Mexican-American Educators</u>, 231 F.3d 572, 593(9th Cir. 2000).  It would thus be inequitable and unjust to award costs against Ms. Castanel.

In the event this Court determines that an award of costs is appropriate, Plaintiff submits that such costs should be apportioned among all the claimants in the MDL since the litigation was mounted for the stated purpose of benefiting all plaintiffs and with the intention of utilizing the information gained for future trials.

## III.
## CONCLUSION

WHEREFORE, Plaintiff Earline Castanel respectfully requests that the Court deny RBD's Motion to Assess Taxable Costs.  Plaintiff further requests that should the Court choose to assess costs, such costs should be assessed against the plaintiff population as a whole.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:     s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:     504/522-2304
        Facsimile:     504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:     504/522-2304
        Facsimile:     504/528-9973
        jwoods@gainsben.com

        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820
        RAUL BENCOMO, #2932
        FRANK D'AMICO, #17519
        MATT MORELAND, #24567
        LINDA NELSON, #9938
        MIKAL WATTS, Texas # 20981820
        ROBERT BECNEL
        DENNIS REICH, Texas # 16739600

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 26, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

<u>s/Gerald E. Meunier</u>
GERALD E. MEUNIER, #9471