UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO ALL CASES | * | MAG. JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JOINT REPORT NO. 19 OF LIAISON AND GOVERNMENT COUNSEL

Plaintiffs' Liaison Counsel ("PLC"), Manufacturing Defendants' Liaison Counsel ("MDLC"), Individual Assistance/Technical Assistance Contractor Defendants' Liaison Counsel ("IALC"), U.S. Government Counsel ("GC"), and Insurer Liaison Counsel ("ILC"), subject to a full reservation of rights and defenses, respectfully submit this Joint Report No. 19.

**I.  REPORT OF CLAIMS AND CASE INVENTORY:**

PLC and MDLC report that an estimated 4,500 actions now have been filed, or transferred into this MDL. The attached appendix lists the complaints that were filed or transferred into the MDL since the last Joint Report. A number of amending complaints were filed pursuant to Pre Trial Order No. 40, 53 and 68 by the Court imposed October 15, 2010 deadline. Those matters are not reflected on the attached appendix because they have not been processed by the Clerk of Court's office by the time of filing of this report.

**II.  PLAINTIFF FACT SHEETS (PFS)**

The PSC no longer operates a central claims office. Counsel representing parties are still obligated to comply with the provisions of Pretrial Order Nos. 2 (Rec. Doc. 87) and 32 (Rec.

Doc. 1180) (setting forth mandatory deadlines to complete and serve verified Plaintiff Fact Sheets and providing a procedure for dismissal of claims for failure to comply with these deadlines).  To date Plaintiffs have produced 17,089 PFS's to Liaison Counsel.

### III.    MOTION PRACTICE

On July 23, 2010, the Court entered an Order (Rec. Doc. 14860) setting forth deadlines relating to Plaintiffs' statistical analysis model, and deadlines for Motions practice addressing Plaintiffs' statistical analysis model, as well as deadlines for general motion practice regarding remaining common issues.  Both Plaintiffs and Defense counsel should familiarize themselves with this Order.

The following Motions are pending:

| | |
|---|---|
| Rec. Doc. 10038 | North American Catastrophe Services, Inc. Motion for Partial Summary Judgment on the Duty to Defend. |
| Rec. Doc. 11579 | Northfield Insurance Company Cross-Motion for Summary Judgment Regarding Defense and Indemnity.  Taken under advisement on March 10, 2010. |
| Rec. Doc. 11858 | United States of America's Motion to Strike Venue Allegations in Plaintiffs' Third and Fourth Supplemental and Amended Administration Master Complaints |
| Rec. Doc. 11990 | Plaintiffs' Motion to Remand in *Michelle Abrams* |
| Rec. Doc. 11991 | Plaintiffs' Motion to Remand in *Karen Andrews* |
| Rec. Doc. 11992 | Plaintiffs' Motion to Remand in *Pamela Floyd* |
| Rec. Doc. 11993 | Plaintiffs' Motion to Remand in *Pearl Lewis* |
| Rec. Doc. 11994 | Plaintiffs' Motion to Remand in *Eugene Robertson* |
| Rec. Doc. 13421 | Contractor Defendants' Joint Motion to Dismiss Plaintiffs' Third and Fourth Supplemental and Amended Master Complaint |

| | |
|---|---|
| Rec. Doc. 13422 | Bechtel and CH2M Hill's Motion to Dismiss Mississippi Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13423 | Fluor's Motion for Partial Judgment on The Pleadings to Dismiss Louisiana Product Liability Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13425 | Contractor Defendants' Joint Motion to Dismiss Louisiana Product Liability Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13426 | Fluor's Motion for Partial Judgment on The Pleadings Regarding Negligence Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13428 | Contractor Defendants' Joint Motion to Dismiss Negligence Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 13455 | Fluor's Motion for Partial Judgment on The Pleadings Regarding Mississippi Products Liability Claims in Third and Fourth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 14197 | Plaintiffs' Motion for Entry of Judgment |
| Rec. Doc. 14319 | USA's Motion for Review of Taxation of Costs (*Lyndon Wright* - Government's expert witness fees associated with investigating mold claims) |
| Rec. Doc. 14480 | Plaintiffs' Motion for Leave to File Fifth Supplemental and Amended Administrative Master Complaint |
| Rec. Doc. 16069 | USA's Motion to Modify Order (Rec. Doc. 7138) and Enter a Protective Order Prohibiting Further Discovery of FEMA IA Files Except Upon Entry of an Plaintiff-Specific Schedulling Order, or Alternatively, for an Order Shifting Costs |
| Rec. Doc. 16174 | Plaintiffs' Motion to Dismiss Pursuant to Fleetwood Settlement |

| | |
|---|---|
| Rec. Doc. 16598 | USA's Motion to Dismiss for Lack of Jurisdiction of Remaining FTCA Claims of All Louisiana Plaintiffs or Alternatively, Motion for Summary Judgment |
| Rec. Doc. 16799 | Recreation By Design, LLC's Motion to Assess Taxable Costs *(Castanel)* |

**MATTERS ON APPEAL**

| | |
|---|---|
| Fifth Circuit No. 09-30821 | Preemption Appeal, voluntarily dismissed for 180 days; ends on 12/3/10. |
| Fifth Circuit No. 09-31038 | *Mary C. DeVany* Appeal |
| Fifth Circuit No. 09-31131 | Raymond Bell, III Dismissal |
| Fifth Circuit No. 10-30349 | Alexander Trial Appeal (involves Batson Challenge & LPLA Appeal Issue) |
| Fifth Circuit No. 10-30451 | Christopher Cooper FTCA Appeal |
| Fifth Circuit No. 10-30921 | Mississippi Plaintiffs' Appeal of Dismissal of all FTCA claims |
| Fifth Circuit No. 10-30945 | Alabama Plaintiffs' Appeal of Dismissal of all FTCA Claims |

## IV. MANUFACTURED HOUSING NON-LITIGATION "TRACK"

The Court has set deadlines requiring the parties to the prospective Manufactured Housing class settlement negotiations to file a joint motion to certify a settlement class.

By Order dated July 2, 2010 (Rec. Doc. 14615), the Court had extended the deadline for filing that motion to, and had extended the Non-Litigation Track until, August 15, 2010.

Due to delays associated with the issue of obtaining Medicare waivers and/or set-asides, the parties to this prospective settlement jointly requested an extension of these deadlines, which was granted by the Court's Order of August 13, 2010 (Rec. Doc. No. 15114).

At the August 20, 2010, status conference, the parties reported to the Court the importance and difficulties of resolving Medicare waivers and/or set asides, and discussed various strategies that might be employed to resolve them. Thereafter, the PSC retained the Garretson Law Firm, LLC, a law firm experienced in the resolution of Medicare and other governmental benefits waivers and/or set asides, to negotiate and resolve those issues with the Centers for Medicare & Medicaid Services (CMS). The PSC will report to the Court the status of those negotiations at the status conference scheduled for October 22, 2010, to assist the Court in setting a new deadline for the filing of a joint motion to certify a settlement class.

## V. MATCHING PLAINTIFF TO DEFENDANT MANUFACTURER AND FEMA CONTRACTOR

**COUNSEL REPRESENTING ANY UNMATCHED CLAIMANT MUST FAMILIARIZE THEMSELVES WITH AMENDED PRETRIAL ORDER ("PTO") NO. 68 (Rec. Doc. 14779) AND COMPLY WITH THE REQUIREMENTS SET FORTH THEREIN OR THEIR CLIENTS' CLAIMS MAY BE DISMISSED WITH PREJUDICE.**

As stated in the order, PTO 68 was entered to assist those potential claimants for whom matching information has not yet been obtained from the USA by providing a "last chance" process for them to obtain whatever other information is efficiently obtainable from other sources and to provide a date certain by which the matching effort will end. Under this process, the deadline for obtaining FEMA ID numbers for unmatched claimants from the Government passed on June 15, 2010. The deadline for plaintiffs' counsel to submit matching requests to FEMA also passed on June 15, 2010. Counsel should consult amended PTO 68 to ensure they are aware of the remaining important deadlines under this order. As stated in the order, the

Court intends, with the guidance of liaison counsel, to begin entering dismissal orders for failure to comply with the provisions of amended PTO 68 on November 15, 2010.

## VI. DEFENDANT PROFILE FORMS

The manufacturing defendants and the PSC have agreed upon a Defendant Profile Form, and those forms now have been completed. The parties are reviewing the response to determine if any remain outstanding. Non-Litigation Track defendants are not required to complete a Defendant Profile Form. The United States has not agreed to a Defendant Profile Form.

The IA/TAC defendants and the PSC have agreed upon and have completed an IA/TAC Defendant Profile Form, with certain reservations.

## VII. BELLWETHER AND SUMMARY JURY TRIALS

    A.    Bellwether cases set for trial at this time:

        1.    A Summary Jury Trial will occur in the matter entitled *Mary Bush, et al v. Jayco, Inc., et al*, (09-5678) on January 31, 2011. The claims of Terrano Larkin will be tried.

        2.    A Summary Jury Trial will begin on February 22, 2011 against *Dutchmen Manufacturing, Inc.* The claims of a "composite" plaintiff will be tried.

        3.    A bellwether trial against Sun Valley, Inc. is set for March 28, 2011[1]. No Plaintiff has been selected at this time. Counsel for Sun Valley submitted its Report Concerning Bellwether Trial Candidates at Rec. Doc. No.

---

[1] There is currently pending in Superior Court in Elkhart County, Indiana a Complaint for Declaratory Judgment by an insurer of Sun Valley, Inc. d/b/a Sun-Lite; captioned: *Colony Insurance Company v. Sun Valley, Inc. d/b/a Sun-Lite*, Action No. 20D02-1010-PL-83.

        16708 and the PSC filed its Response to Sun Valley's report at Rec. Doc. No. 16931.

4.     A bellwether trial has been scheduled in the matter of *Melvin Mackey v. KZRV, LP and Fluor Enterprises, Inc.* and is set for May 16, 2011. The parties have not agreed to a Summary Jury Trial as of this time.

5.     A trial date for Coachmen Recreational Vehicle Company, LLC is set for June 20, 2011. It is not known at this time whether this will be a bellwether trial or a summary jury trial and no plaintiff has been selected. Counsel for Coachmen Recreational Vehicle Company, LLC submitted its Report Concerning Potential Bellwether Trial Candidates at Rec. Doc. No. 16791 and the PSC filed its Repsonse to Coachmen Recreational Vehicle, LLC's report at Rec. Doc. No. 16888.

B.     On September 13-14, 2010, Robin Lewis and Gulf Stream engaged in the first Summary Jury Trial in this MDL. The results are confidential. Nevertheless, the process helped develop important information for the PSC and Gulf Stream. At the conclusion of the Jury deliberation, the parties de-briefed the Jurors for almost two hours which provided insightful information to both sides in understanding the Jury's view of the case. The court continues to encourage all bellwether parties consider utilizing the Summary Jury Trial process.

## VIII.    CLAIMS AGAINST THE UNITED STATES.

On May 18, 2010, the Court issued an Order and Reasons (Rec. Doc. 14124) and dismissed all simple negligence claims brought by Louisiana plaintiffs against the United States. Plaintiffs' Steering Committee has filed a Motion seeking entry of Fed. R. Civ. P. 54(b) judgment in favor of the United States (Rec. Doc. 14197) and has sought certification for interlocutory appeal (Rec. Doc. 15976).  The government has opposed these Motions.

On June 23, 2010, the Court issued an Order and Reasons (Rec. Doc. 14486) and dismissed all claims brought by Mississipi plaintiffs against the United States and on August 8, 2010, issued an Order and Reasons (Rec. Doc. 15061) that dismissed all claims brought by Alabama plainiffs against the government.

On August 4, 2010, the Court granted the United States' Exparte/Consent Motion and entered a Fed. R. Civ. P. 54(b) judgment in favor of the United States of America (Rec. Doc. 15058) dismissing with prejudice any and all claims asserted by Mississippi plaintiffs against the government in the following actions:  10-00908; 09-05600; 09-05597; 10-00583; 09-05609; 09-05602; 09-05606; 09-05568; 09-05575; 09-05608; 09-05601; 09-05607; 10-01396; 09-05559; 09-05579; 10-01397; 09-05593; 09-06886; 10-01360; 10-00579; 10-01401; 09-05545; 10-01373; 09-06899;09-06895; 09-06894; 09-06901; 09-05574; 10-01386; 09-05541; 09-05603; 09-05577; 10-00909; 09-06903; 09-05584; 09-05576; 10-00580; 09-05582; 09-05598; 09-05595;10-01686; 09-03943; 09-06722; 10-01399; 10-00257; 09-06716; 09-05586; 10-01052;09-05565; 10-01371; 09-05590; 09-05580; 10-01359; 09-06017; 09-06211; 09-05587;09-05589; 09-05583; 10-01365; 10-00916; 09-06902; 09-06412; 09-06643; 10-00910;10-01392; 10-00581; 09-05569; 10-01369; 10-01380; 10-01042; 10-01403; 09-05564;10-01393; 10-00265; 10-00571; 10-01400; 10-01685;

10-01041; 10-01050; 10-00917;10-00578; 10-00913; 10-01395; 09-06717; 10-00264; 09-05567; 09-05605; 09-05547; 09-05553; 10-01367; 10-00574; 09-05573; 10-00266; 10-00485; 09-05604; 09-05610; 10-01409; 10-00912; 10-01366; 10-00258; 09-05570; 09-05588; 10-01375; 10-01368; 09-05548; 10-01045; 10-00267; 10-01394; 10-01372; 10-01376; 09-05578; 09-05592; 10-01044; 10-00918; 10-00919; 10-00271; 10-01377; 10-00268; 10-01049; 09-05572; 10-01383; 09-06016; 10-00489; 09-05540; 09-06905; 09-06896; 09-05611; 09-05544;09-05581; 10-00922; 10-01389; 10-01364; 10-00914; 10-00584; 10-00911; 09-06891;10-01388; 09-05539; 10-00572; 10-01384; 10-00272; 10-00577; 10-01374; 09-05538; 09-05542; 09-05556; 10-00269; 09-06888; 10-01402; 09-05557; 09-06890; 09-06721; 09-03944; 09-05552; 10-00573; 10-00484; 09-06907; 09-05585; 10-00482; 10-01404; 09-05566; 10-00486; 10-00473; 10-00273; 10-01406; 10-00481; 10-00260; 10-00575; 10-00261; 09-06887; 10-01362; 09-05558; 09-05555; 09-05561; 09-06897; 10-00576; 10-00920; 10-01043; 09-06908; 09-03942; 10-01363; 10-00488; 10-00259; 10-01391;09-05599; 09-06419; 09-05571; 10-00262; 10-00921; 09-05596; 09-06018; 09-05546;10-00582; 10-01382; 10-01357; 10-00487; 10-00476; 09-06212; 10-01370; 09-05563;10-00478; 10-01398; 10-00263; 10-00270; 10-01687; 10-01381; 10-01385; 10-00906; 09-06904.

On August 24, 2010, the Court granted the United States' Exparte/Consent Motion and entered a Fed. R. Civ. P. 54(b) judgment in favor of the United States of America (Rec. Doc. 15827) dismissing with prejudice any and all claims asserted by Alabama plaintiffs against the government in the following actions: 09-05970; 09-05971; 09-06144; 09-06145; 09-06146; 09-06147; 09-06494; 09-06495;09-06497; 09-06632; 09-06634; 09-07526; 09-07528; 10-0779.

### IX. SEVERANCE OF BELLWETHER PLAINTIFFS UNDER FRCP RULE 21

A. Defendants in all bellwether plaintiff cases request the Court sever the individual bellwether claims from their existing Petitions where necessary.

### X. MASTER DISCOVERY

A. The PSC has requested that all defendants served with its Master Set of Discovery on May 1, 2008 and who have not responded to date comply and provide responses.

B. Insurance Discovery

Primarily through 30(b)(6) depositions, the PSC will conduct discovery of the Manufacturing Defendants and Individual Assistance/Technical Assistance Contractor Defendants' relevant information concerning insurance coverage for the matters at issue in this litigation. The PSC contemplates that such discovery will proceed as a separate "Insurance Coverage Discovery Track" simultaneously with the General Discovery Track. The Insurer Defendants reserve all rights to object to any proposed Insurance Discovery.

### XI. SETTLEMENT CLAIMS AGAINST FLEETWOOD ENTERPRISES, INC.

The Court entered Pre Trial Order No. 77 on September 14, 2010 wherein the procedures for participating in the Fleetwood settlement were outlined. Counsel representing any plaintiff/claimant who resided in a Fleetwood unit were responsible for following the procedures set forth in the order, including submitting requested information to the Special Master by October 15, 2010. The Special Master, the CADA, and the data management consultants are currently reviewing the information. After the review, the Special Master will make appropriate recommendations to the Court.

Representatives for the Plaintiffs' Steering Committee ("PSC") and Fleetwood Enterprises, Inc. ("Fleetwood") and its liability insurers have reached a full and final settlement. It is agreed that all plaintiffs and related claimants will release and dismiss, with prejudice, any and all claims made against Fleetwood, its manufacturing plants or assembly facilities, Gibraltar Insurance Company, Ltd., Chartis Specialty Insurance Company (f/k/a American International Specialty Lines Insurance Company), Starr Excess Liability Insurance Company, Ltd. and any and all other Fleetwood insurers, and alleged insurers, including but not limited to American International Group, Inc. arising out of alleged formaldehyde exposure in emergency housing units manufactured by Fleetwood companies and provided by FEMA to individuals displaced by Hurricanes Katrina or Rita, to include all Fleetwood travel trailers, mobile homes, manufactured housing units and/or park models used as emergency housing units in this regard.

The claims to be released specifically include (a) any and all claims, suits or actions against Fleetwood currently or to be filed in or transferred into the case of *In Re: FEMA Trailer Formaldehyde Product Liability Litigation*, MDL No. 1873, before the United States District Court, E.D. Louisiana ("MDL"), as well as any and all other claims, causes of actions and lawsuits against Fleetwood arising out of the travel trailer, mobile home, manufactured housing units and/or park models used as emergency or FEMA housing or arising out of related claims of formaldehyde exposure, which have not been transferred to the MDL, including those which are subject to the automatic stay order entered in Fleetwood's bankruptcy proceedings; (b) any and all claims, suits or actions filed against Fleetwood's insurers under the Louisiana Direct Action Statute ("Direct Action Cases") or similar statute, and either currently pending in the MDL or to be filed in or transferred to MDL, as well as any and all other Direct Action Cases arising out of the FEMA/Formaldehyde Travel Trailer use as emergency housing, filed or to be filed within the

prescription period against Fleetwood's insurers, which have not been transferred to the MDL; (c) all claims filed in the federal bankruptcy proceedings entitled *In Re: Fleetwood Enterprises, Inc., et al*, Case No. 09-14254-MJ, pending in the U.S. Bankruptcy Court, Central District of California, Riverside Division; and (d) the claims asserted in the case of *Elisha Dubuclet, et al v. Fleetwood Enterprises, Inc.*, USDC No. 07-9228.  The Fleetwood manufacturing subsidiaries include but are not limited to Fleetwood Canada, Ltd., Fleetwood Homes of North Carolina, Inc., Fleetwood Homes of Georgia, Inc. and Fleetwood Travel Trailers of Maryland, Inc.

      The parties agree that for the settlement to be effective they must execute the necessary settlement documents, including releases and dismissals in a form to be acceptable to representatives of Fleetwood Enterprises, Inc. and its liability insurers in their sole respective discretion.  The parties have also agreed to keep the terms, conditions and amount of consideration confidential.

      As part of the settlement agreement, plaintiffs and claimants also will dismiss any and all claims against Morgan Buildings and Spas, Inc. ("Morgan") which are filed and pending in the MDL, and which may be filed in or transferred to the MDL as well as any and all other claims, causes of actions, direct actions and lawsuits against Morgan arising out of travel trailer, mobile home, manufactured housing, and/or park model used as emergency/FEMA housing or arising out of related claims of formaldehyde exposure, which have not been transferred to the MDL, to the extent such claims assert fault on the part of Morgan which is purely vicarious as to, and derivative of, the fault of Fleetwood.  However, the claims of plaintiffs against Morgan which are based upon Morgan's independent fault (under the Louisiana Product Liability Act, theories of negligence, etc.) are not released and are fully preserved.

The Bankruptcy Court has entered an Order approving the terms of the settlement. Included in the Court's Order is the approval for the MDL Court to administer the settlement procedure. Counsel for Fleetwood and its insurers is currently making arrangements for the settlement funds to be tendered in escrow and through the trust department of IBERIA BANK. Additionally, the parties are finalizing the comprehensive list of claimants for inclusion in the settlement. All claimants included in the settlement will participate in a binding process for the allocation of the net settlement proceeds, with the authority to assure a fair and objective allocation. This allocation process will be the responsibility of Daniel Balhoff, appointed by the Court as Special Master pursuant to FRCP 53 (see Order of June 11, 2010, Rec. Doc. 14400). Certain motion practice, etc. and factual findings may become necessary in this process in order to address and satisfy recent legal requirements related to Medicare reimbursement.

## XII.  MISCELLANEOUS

A. John Perry has been appointed as Mediator for the purposes of exploring the potential for global settlement as to any and all defendant manufacturers in this MDL (Rec. Doc. 13236).

BY:  s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**

13

Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
jwoods@gainsben.com

s/Andrew D. Weinstock
ANDREW D. WEINSTOCK, #18495
**DEFENDANTS' LIAISON COUNSEL**
Duplass, Zwain, Bourgeois,
Pfister & Weinstock
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: 504/832-3700
Facsimile: 504/837-3119
andreww@duplass.com

s/ Henry T. Miller
HENRY T. MILLER
ADAM BAIN
Senior Trial Counsel
MICHELLE BOYLE
ADAM M. DINNELL
MICHELE GREIF
JONATHAN WALDRON
Trial Attorneys
**ATTORNEYS FOR THE UNITED STATES OF AMERICA**
United States Department of Justice
Civil Division - Torts Branch
1331 Penn. Ave., NW, Rm. 8203-N
Washington, D.C. 20004
Telephone: 202/616-4449
Henry.Miller@usdoj.gov
Michelle.Boyle@usdoj.gov
Adam.Dinnell@usdoj.gov
Jonathan.Waldron@usdoj.gov

s/David Kurtz
DAVID KURTZ
**CONTRACTOR LIAISON COUNSEL**
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
Telephone: 566-5259
Facsimile: 636-5259
dkurtz@bakerdonelson.com

s/Ralph S. Hubbard, III
RALPH S. HUBBARD, III
**CO-LIAISON COUNSEL FOR INSURERS**
LUGENBUHL, WHEATON, PECK,
RANKIN & HUBBARD
27th Floor, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130
phone: 504 568 1990
fax: (504) 310-9195
email: rhubbard@lawla.com

s/Charles E. Leche
CHARLES E. LECHE
**CO-LIAISON COUNSEL FOR INSURERS**
DEUTSCH, KERRIGAN & STILES, LLP
755 Magazine Street
New Orleans, LA 70130
phone: 504 593 0790
fax: 504 566 4078
email: cleche@dkslaw.com