# Exhibit "A"



# BAKER & DANIELS
EST. 1863

**JAMES R. BROTHERSON**
PARTNER
Direct 574.296.6000 or 866.924.6448
Fax 574.472.4564
james.brotherson@bakerd.com

**BAKER & DANIELS LLP**
202 South Michigan Street, Suite 1400
South Bend, Indiana 46601
Tel 574.234.4149   Fax 574.239.1900
www.bakerdaniels.com

October 27, 2010

**VIA CERTIFIED MAIL,
RETURN RECEIPT REQUESTED
ARTICLE NO. 7160 3901 9848 4987 0714
AND VIA E-MAIL TO: gmeunier@gainsben.com**

Gerald E. Meunier, Esq.
Gainsburgh, Benjamin, David,
  Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800

Re:  Sun Valley, Inc., a dissolved Indiana corporation which is a named defendant in Multidistrict Litigation – In Re: FEMA Trailer Formaldehyde Products Liability Litigation, MDL No. 07-1873, Case 2:07-MD-01873-KDE-ALC, pending in the United States District Court, Eastern District of Louisiana

Colony National Insurance Company v. Sun Valley, Inc., d/b/a Sun-Lite
Elkhart County Superior Court
Cause No. 20D02-1010-PL-83

Dear Plaintiffs' Liaison Counsel:

We represented Sun Valley, Inc. in connection with its closure in 2008 and 2009. Like many recreational vehicle companies, Sun Valley, Inc. was unable to survive the most recent recession.

I write because Sun Valley, Inc.'s insurance company, Colony National Insurance Company, filed a Complaint for Declaratory Judgment in an Indiana state court on October 12, 2010. The complaint was served on Sun Valley, Inc.'s registered agent on October 15, 2010 by certified mail. Under Indiana law, an answer or other responsive pleading must be filed by no later than November 8, 2010. (Copies of the Summons and Complaint are attached.)

The outcome of the Colony National Insurance Company lawsuit may have an effect on both the ability of Sun Valley, Inc. to (a) defend the FEMA Trailer Formaldehyde Products Liability Litigation and (b) pay any settlement or judgment which might be entered against the defunct RV company. The company's assets were insufficient to pay all of its creditors. However, whatever assets were available we liquidated and distributed to the trade creditors of Sun Valley, Inc.

BDDB01 6395431v1

Gerald E. Meunier, Esq.            -2-            October 27, 2010

Accordingly, there are no funds available to pay for the defense of the Colony National Insurance Company Litigation.

Please promptly place all of the FEMA Trailer Formaldehyde Products Liability Litigation Sun Valley, Inc. plaintiffs on notice of the Colony National Insurance Company Litigation. Those plaintiffs or their counsel may wish to explore whether and how to protect the insurance coverage which the former principals of Sun Valley, Inc. thought was available. This insurance policy, to the knowledge of the former Sun Valley, Inc. principals, is the only asset of the company.

Very truly yours,

James R. Brotherson

JRB:TCK:dsn

Attachments

c:     Brent M. Maggio, Esq. (via e-mail)
       Thomas C. Kus, Esq. (via e-mail)
       J. Joseph Tanner, Esq. (via e-mail)

BDDB01 6395431v1

# SUMMONS

In the: Elkhart County Superior Court
Cause No.: 20D02-1010-PL-83

Colony National Insurance Company

    Plaintiff,

-vs-

Sun Valley Inc., d/b/a Sun-Lite,

    Defendant(s).

TO DEFENDANT:   (Name):   Sun Valley Inc., d/b/a Sun-Lite
                                   c/o Dan Morrison, Registered Agent

                    (Address):   120 W. Lexington Avenue
                                    Elkhart, Indiana 46516

You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the Complaint for Declaratory Judgment which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint for Declaratory Judgment must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by the Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated: October 12, 2010   Clerk, Elkhart County Superior Court: _____ JDY

(The following manner of service by summons is hereby designated.)

    _X_   Registered or Certified Mail.

    ____   Service at Place of employment, to-wit:

    ____   Service on individual - (Personal or Copy) at the above address.

    _X_   Service on Agent. (Specify)   SEE ABOVE

    ____   Other Service. (Specify) SHERIFF

Rick D. Meils (#9130-49)
William M. Berish (#19267-67)
MEILS THOMPSON DIETZ & BERISH
Two Market Square Center, Suite 830
251 East Ohio Street
Indianapolis, Indiana 46204
(317) 637-1383
Attorney(s) for Plaintiff

```
STATE OF INDIANA        )     IN THE ELKHART COUNTY SUPERIOR COURT
                        ) SS:
COUNTY OF ELKHART       )     CAUSE NO: 20D02-1010-PL-83
```

| | |
|---|---|
| COLONY NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| SUN VALLEY INC., d/b/a SUN-LITE | ) ) |
| Defendant. | ) ) |

FILED
OCT 12 2010
CLERK ELKHART SUPERIOR
COURTS 1 AND 2

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Colony National Insurance Company ("Colony"), by counsel, and for its Complaint for Declaratory Judgment against Sun Valley Inc. d/b/a Sun-Lite ("Sun Valley") would respectfully state the following:

1. This is an action for Declaratory Judgment pursuant to the Uniform Declaratory Judgments Act, Article 14 of the Indiana Code.

2. At all times material hereto, Plaintiff Colony was a foreign corporation authorized to do business, and in fact doing business, in the State of Indiana as an insurance company.

3. At all times material hereto, Defendant Sun Valley was an Indiana corporation with an address of 1135 Kent St., Elkhart, Indiana 46514 or 450 W. 750 N., Howe, Indiana 46746.

4. Colony issued a commercial general liability insurance policy to Sun Valley, policy number AR5360195, for the policy period 12/30/2005 to 12/20/2006. Colony renewed the above policy under policy numbers AR5360195A, for the policy period 12/30/2006 to 12/30/2007, and AR5360195B, for the policy period 12/30/2007 to 12/30/2008. The above three insurance policies will be referred to collectively herein as the "Policies." Copies of the Policies have been attached

hereto as collective Exhibit "A."

5.  A number of lawsuits have been filed against Sun Valley, all of which are substantially identical in nature. The lawsuits filed against Sun Valley will hereinafter be referred to as the "FEMA Lawsuits." The FEMA lawsuits, filed in federal court in the Eastern District of Louisiana, essentially allege that FEMA contracted with Sun Valley to purchase mobile homes, travel trailers or park models for provision to the underlying plaintiffs as temporary housing after those plaintiffs were displaced from their homes by Hurricane Katrina and/or Rita in September 2005.

6. The FEMA lawsuits further allege, among other things, that the mobile homes, travel trailers or park models (the "housing units") manufactured and supplied by Sun Valley were defective in that those housing units contained higher levels of formaldehyde than they should have, and that formaldehyde has been classified as a human carcinogen, and has been described as an irritant.

7. The plaintiffs in those lawsuits claim that the elevated levels of formaldehyde in the housing units made the housing units unreasonably dangerous to the plaintiffs and that the plaintiffs allegedly sustained injuries or damages as a result of their exposure to the formaldehyde. A copy of the complaint filed in that lawsuit has been attached hereto as Exhibit "B." The above lawsuits filed against Sun Valley will hereinafter be referred to as the "FEMA Lawsuits."

8. Plaintiff, Colony, believes that the Policies neither obligate it to defend or indemnify Sun Valley with respect to the FEMA Lawsuits.

9. The Policies contain a Commercial General Liability Coverage Form, either form

number CG 00 01 10 01 or form number CG 00 01 12 04 (the "CGL Forms"). The CGL forms provide in part under Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability:

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .

As stated in the Policies, words and phrases that appear in quotation marks have special meaning, and one must refer to Section V – Definitions of the Policies for the meaning of those words and phrases.

10. Based upon the above provisions in the CGL forms, there may be no coverage under the Policies for the damages asserted in the FEMA Lawsuits. Specifically, the subject Colony Policies do not cover "bodily injury" that occurred outside of the respective policy periods.

11. There are allegations in the FEMA Lawsuits that Sun Valley may have ignored, concealed or condoned the concealment of the alleged fact that the housing units purportedly contained dangerous levels of formaldehyde, and that it may have known of the alleged health hazards inherent in the products it constructed. Those allegations allege facts that do not constitute "occurrences" within the meaning of the Policies.

12. Some of the claims made by the Plaintiffs in the FEMA Lawsuits may be for

damages other than "bodily injury" or "property damage" within the meaning of the Policies, such as claims seeking recovery for the purported loss of use or opportunity to use safe and adequate shelter after being displaced from their homes.

13. That there is no coverage under the subject Policies to the extent Sun Valley knew prior to the Policy period that the "bodily injury" or "property damage" had occurred, in whole or in part.

14. The subject Policies contain an exclusion **a. Expected or Intended Injury**, located under Coverage A in the CGL form provides in part that the insurance does not apply to "bodily injury" or "property damage" "expected or intended from the standpoint of the insured . . ." That exclusion may apply to preclude coverage for Sun Valley in the FEMA Lawsuits based upon allegations in those lawsuits that Sun Valley may have ignored, concealed or condoned the concealment of the alleged fact that the housing units purportedly contained dangerous levels of formaldehyde, and that it may have known of the alleged health hazards inherent in the products it constructed.

15. The Policies also contain a Hazardous Materials Exclusion, endorsement number U003-0702, which provides, in relevant part, as following:

> This insurance does not apply to:
> Hazardous Materials
> (1) "Bodily injury", "property damage" or "personal and advertising injury" which would not have occurred in whole or part but for the actual, allged or threatened discharge, dispersal, seepage, migration, release or escape of "hazardous materials" at any time.
> (2) Any loss, cost or expense arising out of any:
>     (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "hazardous materials"; or
>     (b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing,

<blockquote>
<blockquote>
containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "hazardous materials".

(3) Any obligations to share damages with or indemnify another party whom must pay damages because of injury or damage relating to "hazardous materials".

(4) Any supervision, instructions, recommendations, warnings or advice given or which should have been given in connection with paragraphs (1),(2), or (3) above.
</blockquote>

**This exclusion applies whether or not such "hazardous material(s)" has any function in your business, operations, premises, site or location.**

B. SECTION V - DEFINITIONS is amended and the following added:

<blockquote>
"Hazardous materials" means "pollutants", lead, asbestos, silica and materials containing them.
</blockquote>
</blockquote>

(Emphasis added).

16. The subject Policies include the definition of "pollutants", which is as follows:

<blockquote>
"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.
</blockquote>

17. The Hazardous Materials Exclusion applies to bar coverage for the damages asserted in the FEMA Lawsuits because the plaintiffs in the FEMA Lawsuits claim either "bodily injury" or "property damage" which occurred, in whole or part, due to the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of formaldehyde, which constitutes a "hazardous material" within the meaning of the Policies.

18. Coverage under the subject Policies may also be barred under one or more Policies based upon the known loss doctrine.

19. Upon information and belief, Sun Valley disagrees with Colony, and believes that Colony has a duty to provide coverage with respect to the FEMA Lawsuits. As a result there is a genuine dispute among the parties which is amenable to resolution by this Court.

20.  Colony seeks a determination as to its rights under the contracts of insurance, and consequently this Court has jurisdiction over both the parties and the subject matter of this action.

WHEREFORE, Plaintiff, Colony National Insurance Company, by counsel, prays for entry of a Declaratory Judgment, declaring that the subject Policies provide no coverage and no duty to defend Sun Valley with respect to the FEMA Lawsuits; for costs of this action, and all other relief just and proper in the premises.

Respectfully submitted,

MEILS THOMPSON DIETZ & BERISH

By: _____
Rick D. Meils, 9130-49
William M. Berish, 19267-67
Attorneys for Plaintiff