UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHDE | * | |
| PRODUCT LIABILITY | * | SECTION "N-5" |
| LITIGATION | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO | * | |
| EARLINE CASTANEL, ET AL | * | MAG. JUDGE CHASEZ |
| v. RECREATION BY DESIGN, LLC | * | |
| ET AL, DOCKET NO. 09-3251 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RECREATION BY DESIGN, LLC'S REPLY
MEMORANDUM IN SUPPORT OF MOTION TO ASSESS TAXABLE COSTS**

**MAY IT PLEASE THE COURT:**

Recreation By Design, LLC ("RBD"), respectfully submits this Reply Memorandum to respond to certain arguments raised by plaintiff, Earline Castanel, in her Response in Opposition to RBD's Motion to Assess Taxable Costs.

**LAW AND ARGUMENT**

**I.    All Costs Sought by RBD are Reasonable, Necessary, and Supported by Law**

   **A.    Deposition Cost**

Plaintiff opposes RBD's request for an award of deposition costs because "RBD failed to provide any accounting of the cost it is seeking."[1] This is simply not the case. At pages six (6) through 12 (twelve) of its Memorandum in Support of its Motion to Assess Cost, RBD meticulously outlined the relevant total deposition costs associated with each deposition for

---

[1] R. Doc. 17343 at pg. 2.

1

which it seeks reimbursement of cost.[2] Further, attached as exhibits B-1 and B-2 in support of its motion, RBD submitted detailed invoices, in the identical sequential order as the information at pages six (6) through 12 (twelve) of its memorandum. These invoices detail the services rendered and are clearly self-explanatory.

Plaintiff next complains that RBD "failed to provide a reasonable accounting of, or even state the amount it is seeking to recover for videotaping expenses."[3] Again, the Plaintiff has made an erroneous assertion to the Court. RBD submitted multiple invoices which clearly delineate the costs RBD seeks to recover for videotaping expenses. By way of example, RBD references the invoice for video services rendered for the deposition of Plaintiff Expert Gerald McGwin found at page two (2) of R. Doc. 16799-3.

Finally, as it regards the recovery of costs associated with deposition transcripts, the Plaintiff avers that RBD "failed to provide a reasonable accounting of what part of the deposition costs it is seeking [that] are attributable to non-recoverable add-on items."[4] Yet again, Plaintiff has misrepresented RBD's actions to the Court. As is apparent from a simple review of the total amount requested for many of the depositions, RBD has removed cost associated with what has been deemed "add-on" costs from the total requested. Once more, by way of example RBD

---

[2] R. Doc. 16799 at pgs. 6 - 12.

[3] R. Doc. 17343 at pg. 3.

[4] R. Doc. 17343 at pgs. 3 - 4.

refers this Court to its memorandum at page seven (7)[5] and exhibit B-1 at page ten (10)[6] regarding the deposition of Plaintiff Expert Witness Kenneth Laughery. The total invoiced for the Laughery deposition was over one-thousand dollars, yet RBD is seeking recovery of just over eight-hundred dollars for this deposition. Surely Plaintiff was able to determine by simply subtracting the amount requested by RBD from the actual amount invoiced, that RBD had removed the "add-on" costs from the amount it seeks to recover. Moreover, and perhaps most telling, is that Plaintiff has failed to give one example of an instance where the amount RBD seeks to recover included what has been deemed "add-on" costs.

**B. Expert Witness Travel Costs**

Plaintiff maintains that this Court should not allow RBD to recover the $1,644.80 it requests for air travel incurred by its testifying expert witness, Dr. Robert James, because he traveled first class. Plaintiff makes the blanket assertion that the cost of Dr. James' first class ticket was not at the "most economical rate reasonably available" as called for under 28 U.S.C. § 1821c(1), yet provides no evidence that a "more economical" rate was available at the time Dr. James purchased his air fare, which, as reflected on Dr. James' ticket invoice, was purchased a mere twenty-four (24) hours prior to Dr. James' flight. Further, Plaintiff fails to cite any case law which holds that a party is prohibited from recovering costs associated with travel expenses if the "most economical rate reasonably available" was not utilized. At the very least, RBD

---

[5] R. Doc. 16799.

[6] R. Doc. 16799-3.

should be awarded an amount this Court considers to be a reasonable amount in travel costs for Dr. James.

Regarding Plaintiff's assertion that RBD's request for recovery of air fare for testifying expert witnesses Dr. H. James Wedner should be denied for lack of back-up documentation, RBD submits to this Court that it has already provided Dr. Wedner's itemized invoice, but has also requested supplemental information from Dr. Wedner and will provide that information if timely received.

## II.     No Special Factors Weigh Against the Costs RBD Seeks and such Costs Should be Enforced Solely Against Earline Castanel

Plaintiff's final argument is twofold. First Plaintiff identifies several factors she believes this Court should take into consideration in deciding whether to award RBD costs in this matter. Those factors are: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.[7] Contrary to plaintiff's assertion, in *Salley v. E.I. DuPont de Nemours & Co.,*[8] the Fifth Circuit stated that none of these factors is sufficient to overcome the "strong presumption" that a prevailing party is entitled to an award of cost. Plaintiff also refers to the fact that other jurisdictions also deny costs if the losing party prosecuted the action in good faith,[9] but is unable to cite one instance where this

---

[7] Citing *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir. 2001).

[8] 966 F.2d 1011, 1017.

[9] Citing *Wright, Miller & Kane* § 2668, at 238.

jurisdiction denied an award of cost to a prevailing party simply because the losing party prosecuted his or her action in good faith.

Additionally, Plaintiff suggests that because this matter was a bellwether trial used to assist in the adjudication of over 90,000 plaintiffs participating in the MDL,[10] to award costs against Ms. Castanel would have a chilling effect of discouraging future bellwether plaintiffs in this and future ligations.[11] Plaintiff identified this factor as the most "dominant factor"[12] that the Court should consider. The case cited by Plaintiff for this principle is simply inapposite to the matter at hand. The Court in *Association of Mexican-American Educators (AMAE )*[13] deemed the matter as one of extraordinary, and extraordinarily importance, which presented issues of public importance affecting the civil rights of those involved. This Court has not deemed the instant action as being of extraordinary, and extraordinarily importance nor did the plaintiff advance claims regarding violation of her civil rights.

Plaintiff then shifts her argument and request that in the event this Court determines that an award of costs is appropriate, such cost should be apportioned among all claimants in the MDL.[14] However, Rule 54 directs that the losing party is responsible for paying costs to the prevailing party. RBD also points out that this Court has previously addressed this issue on three

---

[10] See R. Doc. 17343 at pg. 5.

[11] Citing *Association of Mexican-American Educators (AMAE) v. California,* 231 F.3d 572 (9th Cir. 2000).

[12] Note that this factor was not among the factors identified by plaintiff as those that the Court should consider when deciding whether to award RBD.

[13] *Association of Mexican-American Educators (AMAE)* at 593.

[14] R. Doc. 17343 at pg. 5.


separate occasions and placed the onus on the Plaintiff's Steering Committee to determine an appropriate method for apportioning costs.[15] As such, plaintiff's request that the Court apportion an award of costs should be denied in its entirety, and all costs awarded should be assessed against plaintiff, Earline Castanel.

## CONCLUSION

For the foregoing reasons, RBD respectfully request that **$78,738.87** be taxed against plaintiff, Earline Castanel, and in favor of RBD.

Respectfully submitted,

 */s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation by Design, LLC
Email: rmulcahy@garrisonyount.com

---

[15] See R. Docs. 13323 at pg. 2, 14338 at pg. 2 and 16209.

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 1, 2010 I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                */s/ Randall C. Mulcahy*
                RANDALL C. MULCAHY, Bar No. 26436