UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE § | | MDL No. 1873 |
| PRODUCTS LIABILITY LITIGATION § | | |
| § | | SECTION N(5) |
| § | | |
| THIS DOCUMENT IS RELATED TO: § | | JUDGE ENGELHARDT |
| § | | |
| *All Cases* § | | MAGISTRATE CHASEZ |
| § | | |

### MEMORANDUM IN SUPPORT OF FLUOR ENTERPRISES, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS TO DISMISS NEGLIGENT FAILURE TO WARN CLAIMS IN THE THIRD AND FOURTH SUPPLEMENTAL AND ADMENDED ADMINISTRATIVE MASTER COMPLAINTS

This memorandum is submitted on behalf of Fluor Enterprises, Inc. (**FEI**) in support of its motion for partial judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), to dismiss plaintiffs' negligent failure to warn claims against FEI in all cases consolidated in this multi-district litigation.[1]

### BACKGROUND

This multi-district litigation (MDL) is the consolidation of several state and federal toxic tort suits in which plaintiffs claim to have resided in trailers, mobile homes and park model trailers ("EHUs") that were provided to Plaintiffs by FEMA when their residences were rendered

---

[1] This motion specifically addresses plaintiffs' negligent failure to warn claims. Plaintiffs' other state law negligence claims are addressed in FEI's separate Fed. R. Civ. P. 12(c) motion for partial judgment on the pleadings on negligence claims (Rec. docs. 13426 and 13426-1).

uninhabitable by Hurricanes Katrina and Rita.[2]  After selecting and purchasing the EHUs, FEMA provided them to plaintiffs by contracting with certain companies, like FEI, to deliver the EHUs and set them up according to FEMA directions and specifications.[3]  FEI never took title to the EHUs.  Plaintiffs claim to have been exposed to formaldehyde contained in wood products used by the EHU manufacturers (not FEI) in the assembly of the EHUs and to have suffered damages as a result.  Plaintiffs sued the manufacturers of the EHUs, the United States Government and the government contractors, like FEI, who delivered and set up these EHUs.

In the AMC, plaintiffs assert claims against FEI under the Louisiana Products Liability Act (LPLA) contending FEI somehow qualifies as a "manufacturer."[4]  This Court previously held, however, that FEI is not a "manufacturer" of the FEMA travel trailers under the LPLA.[5]

Plaintiffs alternatively assert state law negligence allegations against FEI, claiming that FEI's negligence in installing and maintaining their travel trailers caused their injuries by elevating the levels of formaldehyde in the travel trailers, and that FEI failed to warn of the presence of formaldehyde in the EHUs.  Specifically, plaintiffs assert that FEI "failed to warn the occupants of the temporary housing units of the hazardous conditions created by the elevated levels of formaldehyde in the temporary housing units."[6]  In their negligence count in the AMC, plaintiffs contend that FEI breached its duty to plaintiffs by "[f]ailing to sufficiently warn the plaintiffs of the inherently dangerous properties or the foreseeable conditions of the temporary

---

[2] FEI was not named as a defendant until the Third Supplemental and Amended Administrative Master Complaint, referred to here as the "AMC" or "the Complaint."  Although plaintiffs did not style their Third Supplemental and Amended Administrative Master Complaint as a restated complaint, in paragraph 2 they make clear their intent to restate and supersede the allegations in the first three versions of their complaint.  This motion references allegations made against FEI in the AMC.  *See* the AMC, ¶¶ 124 and 128.

[3] The AMC, ¶¶ 124, 129, 143 & 148.

[4] The AMC, Count 10 (Rec. Doc. 4486).  Plaintiff's LPLA allegations are addressed in FEI's Rule 12(c) Motion for Partial Judgment on the Pleadings to Dismiss Louisiana Products Liability Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints. (Rec. docs. 13423 and 13423-1).

[5] Court's Order, Rec Doc. 3217, p. 516, in the *Alexander* bellwether case.

[6] The AMC, ¶ 169; *see also* ¶ 167.

units when used for long-term occupancy."[7]  This alleged failure to warn purportedly resulted in plaintiffs' exposure to formaldehyde.

Like the LPLA claims and the general negligence claims, failure to warn is purely a legal issue appropriate for global resolution at this juncture of the litigation.  Plaintiffs' negligent failure to warn allegations are insufficient because they fail to establish the existence of any duty owed by FEI to warn plaintiffs of alleged dangers associated with formaldehyde in their trailers.  Thus, their claims fail as a matter of law, rendering dismissal appropriate pursuant to Fed. R. Civ. P. 12(c).

## LAW AND ARGUMENT

**I.  RULES 12(c) AND 12(b)(6) REQUIRE DISMISSAL OF THE NEGLIGENT FAILURE TO WARN CLAIM**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answers have been filed by the parties.  Fed. R. Civ. P. 12(c); *Martino v. Western & Southern Financial Group,* No. 3:08-CV-308-TS, 2009 U.S. Dist. Lexis 98593, *8 (N.D. In. 2009).  The standard for reviewing a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007); *Stewart v. Irene Alonzo*, No. C-08-347, 2009 U.S. Dist. Lexis 5362, *5 (S.D. Tx 2009).[8]

Rule 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Judgment on the pleadings is intended to dispose of cases in which the material facts are not in dispute and when the district court may render judgment by looking to the substance of the pleadings and any judicially

---

[7] The AMC, Count 11, ¶ 302(a).
[8] *See also Martino*, 2009 U.S. Dist. Lexis at *8.

noticed facts. *Turner v. Murphy Oil USA, Inc.*, No. 05-4206, 2005 U.S. Dist. Lexis 45123, *8 (citing *Herbert Abstract Co. v. Touchstone Props., Ltd.* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)); *Bouttee v. ERA Helicopters, LLC*, No. 06-0775, 2007 U.S. Dist. Lexis 59149, *14 (W.D. La. 2007).

Similar to a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *Turner*, 2005 U.S. Dist. Lexis at *8 (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam). A Rule 12(c) motion must be granted, however, if the moving party clearly establishes that no issue of material fact remains to be resolved and that it is entitled to judgment as a matter of law. *Stewart*, 2009 U.S. Dist. Lexis at *4; *Bouttee*, 2007 U.S. Dist. Lexis at *15; *Stewart*, 2009 U.S. Dist. Lexis at *5 (citing *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205) "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.")

However, "[w]hile the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Delhomme v. Caremark Prescription, Inc.,* No. 3:05-cv-505-R, 2005 U.S. Dist. Lexis 26131, *10 (citing *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Delhomme*, 2005 U.S. Dist. Lexis 26131, *11 (citing *Blackburn v. City of Marshall*, 42 F.3d 25, 931 (5th Cir. 1995)(quotation omitted); *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (cited by this Court in Rec. doc. 984, p. 4); *see also Eastwood*, 2007 U.S. Dist. Lexis

at *5 (the court need not accept as true mere legal conclusions or unwarranted factual inferences); *Stewart*, 2009 U.S. Dist. Lexis at *4 (citing *Cent. Laborers' Pension Fund v. Integrated Elec. Servs*., 497 F.3d 546, 550 (5th Cir. 2007) ("nevertheless, '[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions'").

Here, as explained more fully below, plaintiffs' allegations concerning an alleged duty to warn on the part of FEI simply find no basis in law or the facts alleged.

## II.   FEI OWED NO DUTY TO WARN PLAINTIFFS UNDER LOUISIANA LAW

Under Louisiana law, FEI had no duty to warn the plaintiffs of the alleged dangers associated with formaldehyde in their trailers. Plaintiffs' negligent failure to warn claims against FEI, therefore, fail as a matter of law and should be dismissed pursuant to Rule 12(c).

Louisiana has adopted a duty-risk analysis in determining whether to impose liability for any negligence claim, including failure to warn. For liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element). *Pinsonneault v. Merchants & Farmers Bank*, 816 So.2d 270, 276 (La. 2003); *Barasich v. Columbia Gulf Transmission Co.,* 467 F.Supp.2d 676, 691 (E.D. La. 2006). These elements take into consideration each party's conduct and the particular circumstances of each case. *Joseph v. Dickerson*, 754 So.2d 912, 916 (La. 2000). Under this analysis, the plaintiffs must affirmatively prove each element of the duty-risk approach. *Sciacca v. Rite Aid Corp.,* 2003 U.S. Dist. Lexis

1919, *10 (E.D. La. 2003). A negative answer to *any* one of these inquiries results in a determination of no liability. *Hanks v. Entergy Corp.,* 944 So.2d 564, 579. (La. 2006); *Joseph,* 754 So.2d at 916.

Plaintiffs allegations are insufficient to establish any of these essential elements to support their failure to warn claim. However, for purposes of this Rule 12(c) motion, FEI focuses solely on the duty element because the existence of a duty to warn is a question of law. *Perez v. Michael Weinig, Inc.*, 2005 W.L. 1630018, *6 (W.D. La. 2005). As such, it is particularly well-suited for resolution on a Rule 12(c) motion.

Under general tort law principles, there is no duty to warn strangers of dangers, no matter how grave or imminent. *Miles v. Melrose,* 882 F.2d 976 (5th Cir. 1989) (citing the Restatement (Second) of Torts). And plaintiffs were "strangers" vis-à-vis FEI. Under Louisiana law, a cause of action for failure to warn does not exist unless there is an affirmative duty to provide a warning. *Audler v. CBC Innovis Inc.,* 519 F.3d 239 (5th Cir. 2008). Generally speaking, Louisiana law imposes a specific duty to warn only in three limited situations, none of which is present in this case.

Firstly, the LPLA includes failure to warn as a basis for imposing liability on product manufacturers in certain circumstances.[9] However, the LPLA cannot serve as the basis for plaintiffs' *negligence-based* duty to warn allegations for two reasons. Firstly, this Court held that FEI does not meet the definition of "manufacturer" found in the LPLA and summarily dismissed the *Alexander* plaintiffs' LPLA claims against FEI.[10] FEI has filed a Rule 12(c)

---

[9] The LPLA provides the exclusive remedy for recovery of damages from "manufacturers" in Louisiana. R.S. 9:2800.52. Under the LPLA, a manufacturer's liability is based in part on whether the product has a characteristic rendering it unreasonably dangerous. R.S. 9:2800.54(A). A product can be unreasonably dangerous when it lacks an adequate warning. R.S. 9:2800.54(B)(3). Therefore, under the LPLA, a manufacturer can be found liable to a plaintiff injured by a product when the manufacturer failed to supply an adequate warning as provided in R.S. 9:2800.57

[10] Rec. Doc. 3217.

motion to dismiss plaintiffs' LPLA claims in all MDL cases. In the event that this Court rules consistently with its prior rulings in *Alexander* and also in *Dubuclet*, dismissing plaintiffs' LPLA claims against FEI in all MDL cases, then FEI has no duty imposed by the LPLA to notify the plaintiffs of formaldehyde in the trailers. Secondly, this Rule 12(c) motion is directed to plaintiffs' alternative *negligence* cause of action in the event FEI is found not to be a manufacturer. Thus, by the very structure of plaintiffs' pleadings, it is clear that plaintiffs are attempting to assert a negligence-based, not an LPLA-based, duty to warn. By definition then plaintiffs cannot rely on the LPLA as the basis for asserting a negligence-based theory of duty to warn.

The second category of cases in which Louisiana law has recognized a duty to warn involves the duty of landowners or one having custody or *garde* over a thing to disclose any unreasonably dangerous conditions and to either correct the condition or warn others of the condition's existence. *Dauzat v. Curnest Guillot Logging, Inc.,* 995 So.2d 1184 (La. 2008); *Jamison v. United States,* 491 F.Supp.2d 608 (W.D. La. 2007). That type of situation is clearly not present here, where FEI did not own the trailers, nor did FEI have custody or *garde* of the plaintiffs' trailers when it merely pulled them from one location to another and installed them according to the government's clear directions and specifications. Additionally, the duty to warn arises with ownership or guard of *immovable* property and is applicable to claims under a theory of premises liability. The plaintiffs have not made and cannot make these types of claims, as the trailers were movable property never owned by FEI, and were never installed on immovable property owned or controlled by Fluor. The AMC contains no such allegations.

Thirdly and finally, the plaintiffs share no special relationship with FEI such that the law would impose a duty to warn on FEI. For instance, in cases involving actions committed by a

third party, it is well-settled law in Louisiana that absent a special relationship between the plaintiff and the defendant, the defendant has no duty to warn the plaintiff. *Johnson v. Orleans Parish School Board,* 938 So.2d 219 (La. App. 4th Cir. 2006). The court in *Hollander v. Days Inn Motel*, 739 So.2d 238 (La. App. 3d Cir. 1999), listed examples of special relationships that might create such a duty. These include parent and child, employer and employee, innkeeper and guest, jailer and prisoner, shopkeeper and visitor, and teacher and pupil. The plaintiffs and FEI do not share any such relationship creating a responsibility on FEI's part to warn the plaintiffs of possible exposure to formaldehyde.

FEI's contract was with FEMA—not plaintiffs. Additionally, FEI's activities were strictly prescribed and limited by its contract with FEMA. Plaintiffs do not and cannot allege that FEMA's contract with FEI imposed upon FEI any duty to investigate possible dangers or to warn occupants about any known or unknown dangers concerning the trailers. For example, the plaintiffs do not allege that the FEMA contract requires air testing or other investigations into possible dangers inherent in the EHUs or FEMA's intended use of the trailers; the AMC does not allege that the FEMA contract calls for FEI to issue warnings to occupants. Plaintiffs claim is that just because FEI had a contract with FEMA to provide FEMA with technical assistance, FEI should have done something beyond that which was required by that contract—test for formaldehyde and then warn occupants. Plaintiffs' argument is equivalent to saying that FEI should have investigated and warned about every conceivable danger involved in use of the trailers, simply because it had a contract with FEMA to tow and set up the trailers. Imagine the disruption and delay that would have ensued had FEI, of its own accord, shut down the housing assistance effort to test every trailer for possible airborne contaminates or other possible dangers, when the government had expressly contracted for prompt provision of housing to displaced

residents of the Gulf Coast. Is every hauler and installer of mobile homes in Louisiana who is hired by a mobile home dealer solely to haul a mobile home to some one's property and install it required to warn the purchaser of the mobile home of all dangers inherent in the use of the mobile home? That is illogical and would extend the concept of duty well beyond the bounds recognized by Louisiana law.

## CONCLUSION

There is simply no affirmative duty under Louisiana law requiring FEI, a company merely towing and setting up trailers, to warn plaintiffs of the alleged hazards involved in the use of a product of another. While the LPLA imposes a duty on manufacturers to warn users of unreasonably dangerous characteristics in their products, this court has held that FEI was not a "manufacturer" under the LPLA. In any event, this motion is addressed to plaintiffs' non-LPLA, negligence-based theory of liability. Additionally, Louisiana's jurisprudence indicates that a responsibility to warn others exists only under a theory of premises liability or when a special relationship exists between plaintiff and defendant. No such special relationship exists or was pleaded here. Under the circumstances of these cases, there is no legal basis for asserting that FEI had a duty to warn the plaintiffs of an alleged danger involving formaldehyde.

Accordingly, plaintiffs' negligent failure to warn claims against FEI fail as a matter of law and should be dismissed pursuant to Rule 12(c) in all cases consolidated in this multi-district litigation.

Respectfully submitted,

**MIDDLEBERG, RIDDLE & GIANNA**

BY: */s/ Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
Telephone: (214) 220-6334
Facsimile: (214) 220-6807
cpenot@midrid.com

-and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
Telephone: (504) 525-7200
Facsimile: (504) 581-5983
dgianna@midrid.com
slowman@midrid.com

-and-

Richard A. Sherburne, Jr., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7700
Facsimile: (225) 381-7730
rsherburne@midrid.com

**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

*/s/ Charles R. Penot, Jr.*

ND: 4822-5281-3573, v. 3