UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO ALL CASES | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF CH2M HILL CONSTRUCTORS, INC.'S AND SHAW ENVIRONMENTAL, INC.'S JOINT RULE 12(b)(6) MOTION TO DISMISS FAILURE TO WARN CLAIMS IN THE THIRD AND FOURTH SUPPLEMENTAL AND <u>AMENDED ADMINISTRATIVE MASTER COMPLAINTS</u>**

In support of defendants CH2M HILL Constructors, Inc.'s ("CH2M HILL") and Shaw Environmental, Inc.'s ("Shaw") (collectively, the "Contractor Defendants") joint Rule 12(b)(6) motion to dismiss failure to warn claims in all cases consolidated in this multi-district litigation as set forth in the Third and Fourth Supplemental and Amended Administrative Master Complaints ("AMC") (Rec. Docs. 4486 and 7688), the Contractor Defendants hereby adopt and incorporate by reference Fluor Enterprises, Inc.'s ("Fluor")

1

Memorandum in Support of its Motion for Partial Judgment on the Pleadings on Negligent Failure to Warn Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Rec. Doc. 17751).

## ARGUMENT

As set forth in the AMC, plaintiffs claim to have been exposed to formaldehyde contained in emergency housing units ("EHUs") provided by the Federal Emergency Management Agency ("FEMA") following Hurricanes Katrina and Rita, and to have suffered damages as a result of such alleged exposure. Plaintiffs have sued the manufacturers of the EHUs, the United States government, and government contractors who delivered and set up the EHUs. As against these government contractor defendants, including CH2M HILL and Shaw, plaintiffs assert products liability claims and state law negligence claims. Failure to warn claims are intertwined within each of those claims.[1]

In support of their state law negligence claims in the AMC, plaintiffs assert the exact same factual allegations and legal conclusions against the government contractor defendants under Louisiana, Mississippi, Alabama, and Texas law. Thus, in the interests of judicial economy and efficiency, the Contractor Defendants adopt the reasoning of Fluor's Memorandum in Support of its Motion for Partial Judgment on the Pleadings on Negligent Failure to Warn Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Rec. Doc. 17751).[2]

---

[1] *See* AMC, ¶ 299(d) (failure to warn under the Louisiana Products Liability Act), ¶ 302(a) (failure to warn under Louisiana's law of negligence), ¶ 309(a) (failure to warn under Mississippi's law of negligence), ¶¶ 323-326 (failure to warn under Mississippi Strict Products liability), ¶ 333(a) (failure to warn under Alabama's law of negligence), ¶ 340(a) (failure to warn under Texas' law of negligence) (Rec. Doc. 4486).

[2] Although Fluor's motion is filed as a Rule 12(c) motion for judgment on the pleadings, the standard under Rule 12(b)(6) is substantially the same. *See* Fluor's Memorandum in Support of its Motion for Partial Judgment on the Pleadings on Negligence Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Rec. Doc. 17751).

The Contractor Defendants urge, as did Fluor, that failure to warn allegations are particularly inappropriate inasmuch as the Contractor Defendants could not have foreseen (and presently still do not believe the veracity of) the attenuated and theoretical chain of causation alleged by the plaintiffs, namely that: (1) the trailer frame flexed during blocking and jacking; (2) the flexing of the frame damaged the shell by opening seams and cracks (an air tight seal prior to the alleged damage is necessarily assumed); (3) the open seams allowed additional moisture into the shell of the trailer; (4) this additional moisture caused wood products to emit an unknown but greater amount of formaldehyde gas than the wood products otherwise would have emitted; (5) this unquantified but greater amount of formaldehyde was drawn into the interior of the trailer by a condition of negative pressure caused by faulty HVAC equipment; and (6) plaintiffs exposure to this increased increment of formaldehyde caused some incremental increase in the amount of harm suffered.  Plaintiffs cannot allege that the Contractor Defendants knew that this theoretical and questionable chain of causation would injure the plaintiffs. How, then could the Contractor Defendants have warned the plaintiffs of the possibility of harm?  Plain reason and simple logic dictate that the act of hauling and installing trailers is unrelated to injuries alleged by the plaintiffs and, thus, cannot have been a substantial factor in bringing about the harm alleged.  Indeed, the alleged chain of events is so tenuous as to be rendered unproveable.  Thus, plaintiffs cannot meet their burden of properly alleging, much less establishing, that the Contractor Defendants had a duty to warn any plaintiff that they might be injured by some unquantified, increased increment of formaldehyde.

3

## CONCLUSION

For the foregoing reasons, plaintiffs' state law failure to warn allegations against the Contractor Defendants are insufficient and fail to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Accordingly, the Contractor Defendants respectfully submit that their joint Rule 12(b)(6) motion to dismiss all of plaintiffs' failure to warn claims in all cases consolidated in this multi-district litigation should be granted.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

 /s/  Gerardo R. Barrios
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

  /s/ M. David Kurtz
ROY C. CHEATWOOD (La. Bar No. 4010)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
CATHERINE N. THIGPEN (La. Bar 30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone:  (504) 566-5200
Facsimile:  (504) 636-4000
rcheatwood@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
cthigpen@bakerdonelson.com

**ATTORNEYS FOR DEFENDANT, SHAW ENVIRONMENTAL, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 3rd, 2010, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

  /s/ Gerardo R. Barrios
GERARDO R. BARRIOS