UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Melissa Sommerville, et al v Gulf Stream Coach, Inc., et al.,*
Case No. 10-4119

_____

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**
_____

COME NOW the Plaintiffs, through undersigned counsel, and move this Court to remand this civil action to the Circuit Court of Harrison County, Mississippi, based upon the following:

**FACTS**

Plaintiff Melissa Sommerville, on behalf of her minor child, filed her original Complaint for Damages on June 1, 2010 Exhibit "A". Thereafter, Plaintiff served each of the Defendants with the Complaint as follows: Plaintiff served Defendant Gulf Stream on August 6, 2010. (See Certified Mail Return Receipt, attached as Exhibit "B".) Plaintiff served Defendant CH2M Hill on August 19, 2010. (See Proof of Service, attached as Exhibit "C".)

Following the Perfection of Service, Defendant Gulf Stream filed its Notice of Removal on August 25, 2010 (Rec Doc. 1). Defendant CH2M Hill filed its joinder in the removal on September 8, 2010 (Rec. Doc. 5). The Notice of Removal seeks to establish this Court's jurisdiction by claiming the existence of diversity jurisdiction under either 28 U.S.C. § 1332 or under § 1332, as amended by the Class Action Fairness Act; and by claiming the application of the Federal Officer Removal Statute as set forth in 28 U.S.C. § 1442. The Defendant Gulf

Stream erroneously states in its Notice of Removal that, "[t]he Petition does not allege that the amount in controversy falls below $75,000.00." See Notice of Removal (Rec. Doc. 1) at page 4.

## ARGUMENT

Plaintiff seeks remand on grounds that Gulf Stream's Notice of Removal was defective because it failed to timely join all served Defendants in the removal as required under 28 U.S.C. § 1446(b).

The Defendants failed to satisfy the procedural requirements necessary to effect a successful removal. The removing parties' responsibility "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation-Chemical* Group, 520 F.Supp. 825, 827 (S.D.Tex. 1981), cited in *Hobson v. Chase Home Finance, LLC*, 2009 WL 2849591 at *2 (S.D. Miss. 2009). A defendant's failure to satisfy this burden requires remand. *Hobson*, 2009 WL 2849591 at *2. "There is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." *Hobson*, 2009 WL 2849591 at *3. Defective removal procedure is a proper ground for remand. *Foster v. Chesapeake Ins. Co., Ltd.* 933 F.2d 1207, 1215 (3rd Cir. 1991). "The removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis. 1991). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti*, 520 F.Supp. at 827.

Removal requires "that **all defendants then served** join in or consent to removal within thirty days of receipt of the complaint or other paper." *Hobson*, 2009 WL 2849591 at *4, (emphasis added). The requirement that each defendant join in or consent to removal does not mean that each defendant must actually sign the notice of removal. *Hobson*, 2009 WL 2849591

at *4.  However, "there must be some **timely filed** written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.  *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988), (emphasis added).   The Southern District of Mississippi and Fifth Circuit Court of Appeals recognize that,  "each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served." *Smith v. Union Nat. Life Ins. Co.,* 187 F.Supp.2d 635 (S.D. Miss. 2001)(citing  *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir.1988)).

Plaintiffs served Defendants Gulf Stream on August 6th.  See Exhibit "B".  CH2M Hill filed its joinder to removal on September 8, 2010.  Since the joining Defendant, CH2M Hill, failed to join in the Notice of Removal within the thirty day time limitation of 28 U.S.C. § 1446(b), the removal is defective.  See *Elliott v. City of Holly Springs*, 2010 WL 2505599 at *8 (N.D. Miss. 2010).  Accordingly, remand should be granted.  *Id*.

## CONCLUSION

Based on the reasons stated herein, Plaintiffs respectfully request that this case be remanded to the Circuit Court of Harrison County, Mississippi, and that all costs and fees associated with this Motion and Memorandum be awarded to the Plaintiffs.

RESPECTFULLY SUBMITTED this the  5th   day of November, 2010.

                                            **MELISSA SOMMERVILLE, on behalf**

                                            **of Her Minor Child, CR**


                                       By:    *s / Edward Gibson*
                                                  EDWARD GIBSON, ESQ.

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

> *s/ Edward Gibson*
> Edward Gibson, Esq.