UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA                                                                                          MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                                              SECTION "N-5"

JUDGE ENGELHARDT

MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Jessica Hammons, et al v Vanguard Industries of Michigan, et al., Case No. 10-4130*

---

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO REMAND**

---

COME NOW the Plaintiffs, through undersigned counsel, and move this Court to remand this civil action to the Circuit Court of Madison County, Mississippi, based upon the following:

**FACTS**

Plaintiff Jessica Hammons, individually and on behalf of her minor children, filed her original Complaint for Damages on May 28, 2010. Exhibit "A".

The Defendants were each served with the Complaint as follows: Defendant Bechtel was served on August 27, 2010. Exhibit "B". Defendant Madison Services was served on September 8, 2010. Exhibit "C". Defendant Vanguard was served on September 7, 2010. Exhibit "D". Following the Perfection of Service, Defendant Bechtel filed its Notice of Removal on September 24, 2010 (Rec Doc. 1). Madison Services joined in the removal on September 30, 2010. (See Docket).

Defendant Bechtel's Notice of Removal seeks to establish this Court's jurisdiction by claiming the existence of diversity jurisdiction under § 1332 as amended by the Class Action

Fairness Act and by claiming the application of the Federal Officer Removal Statute as set forth in 28 U.S.C. § 1442.

## ARGUMENT

Plaintiffs seek remand on grounds that Bechtel's Notice of Removal was defective, specifically because one of the Defendants has failed to timely join in the removal as required under 28 U.S.C. § 1446(b) . In addition to the procedural defect in the removal, Plaintiffs will also show the substantive grounds for granting remand based upon the inapplicability of CAFA (the Class Action Fairness Act) to the Plaintiffs' household and the failure to satisfy the requirements necessary to invoke the Federal Officer Removal Statute.

**A. Procedural Defect**

The Defendants failed to satisfy the procedural requirements necessary to effect a successful removal. The removing parties' responsibility "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corporation-Chemical* Group, 520 F.Supp. 825, 827 (S.D.Tex. 1981), cited in *Hobson v. Chase Home Finance, LLC*, 2009 WL 2849591 at *2 (S.D. Miss. 2009). A defendant's failure to satisfy this burden requires remand. *Hobson*, 2009 WL 2849591 at *2. "There is nothing in the removal statute that suggests that a district court has discretion to overlook or excuse prescribed procedures." *Hobson*, 2009 WL 2849591 at *3. Defective removal procedure is a proper ground for remand. *Foster v. Chesapeake Ins. Co., Ltd.* 933 F.2d 1207, 1215 (3rd Cir. 1991). Courts have concluded that, "the removing party bears the burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis. 1991). The procedural stricture "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with

the requirements of the removal statute." *Albonetti*, 520 F.Supp. at 827.

The provisions of Section 1446(b) make it clear that a petition for removal must be filed within thirty days after service of summons upon the defendant. In cases involving multiple defendants, **the thirty-day period begins to run as soon as the first defendant is served**. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-1263 (5th Cir. 1988). The Southern District of Mississippi and the Fifth Circuit Court of Appeals recognize that, "each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served." *Smith v. Union Nat. Life Ins. Co.,* 187 F.Supp.2d 635 (S.D. Miss. 2001)(citing *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir.1988)).

Defendant Bechtel was the first-served defendant, and it received service on August 27, 2010. Exhibit "B". Accordingly, thirty days elapsed on September 26th. Defendant Vanguard failed to join the Removal prior to September 26th (and to this day, has not indicated its consent to removal). (See Docket). Since Defendant Vanguard has not timely joined in the removal within the thirty day time limitation of 28 U.S.C. § 1446(b), the removal is defective and remand should accordingly be granted. See *Elliott v. City of Holly Springs*, 2010 WL 2505599 at *8 (N.D. Miss. 2010).

**B. Diversity Jurisdiction Under CAFA**

Plaintiffs' suit should furthermore be remanded because Defendant Bechtel cannot surmount its sizeable burden to demonstrate that the Hammons's suit constitutes a "mass action" warranting removal under CAFA. After all, the right to remove is purely statutory. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985). When there is doubt as to the right to remove in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F.Supp.

424, 427 (N.D.Tex. 1992); *Employers Ins. of Wausau v. Certain Underwriters*, 787 F.Supp. 165, 166 (W.D.Wis. 1992). The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear. *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I. 1986). The removing party bears the burden of showing that removal was proper. *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis. 1991).

CAFA provides that a qualifying mass action shall be deemed a class action removable to federal court under the Act if the rest of CAFA's jurisdictional requirements are met. See 28 U.S.C. § 1332 (d)(11)(A). **An action qualifies as a "mass action" if it is a civil action in which the monetary relief claims of 100 or more persons are proposed to be tried jointly**. 28 U.S.C. § 1332(d)(11)(B)(I) (emphasis added). The present action involves only three plaintiffs (one household).

The Defendant tries to sidestep this requirement by directing this Court to the number of plaintiffs whose actions are lodged in the FEMA Trailer Formaldehyde Products Liability Litigation MDL. (Rec. Doc. 1 at 15). This is simply impermissible. § 1332(d)(11) specifically provides that "the term 'mass action' shall not include any civil action in which ... the claims are joined upon motion of a defendant." 28 U.S.C. § 1332(d)(11)(B)(ii)(II) (emphasis added). By expressly removing state court actions "joined upon motion of a defendant" from CAFA's reach, Congress intended to allow suits filed on behalf of fewer than one hundred plaintiffs to remain in state court, notwithstanding defendants' wishes for consolidation, however expressed. *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 at 954 (9th Cir. 2009)

Even the one case cited by the Defendant does not make such an assertion. (Rec. Doc. 1 at page 14). This case, *Lowery v. Alabama Power Company*, involved a Complaint naming in

excess of one hundred plaintiffs. 483 F.3d 1184 (11th Cir. 2007). The Court in *Lowery* furthermore enunciated that, "CAFA's mass action provisions extend federal diversity jurisdiction to certain actions brought individually by large groups of plaintiffs." *Lowery,* 483 F.3d 1184 at 1198. To hold otherwise – that a Court could instead look to the aggregate number of plaintiffs with similar cases – would contradict the fundamental premise that the plaintiff is the master of her complaint and accordingly may choose her own forum. See *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 at 953 (9th Cir. 2009). See also *Anderson v. Baird Corporation*, 610 F.3d 390 at 393 (7th Cir. 2010).

For these reasons, the household at issue does not constitute a "mass action" under CAFA and accordingly fails to create a basis for removal.

### C. The Federal Officer Removal Statute

Finally, Defendant Bechtel attempts to invoke the federal officer removal statute. Removal pursuant to § 1442(a)(1) is meant to "ensure a federal forum in any case where a federal officer is entitled to raise a defense arising out of his official duties." *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir.1998). However, the removing defendants have the burden of establishing the existence of federal jurisdiction. *Id*. at 397.

In considering whether removal is proper under 28 U.S.C. § 1442(a)(1), the court must determine whether Bechtel, the removing defendant, has established the following factors:

(1) it is a "person" within the meaning of the statute;

(2) it acted under the direction of a federal officer and that it has demonstrated a causal nexus between Plaintiffs' failure-to-warn claims and the actions performed under the color of a federal officer; and

>   (3)     it can raise a colorable federal defense to plaintiff's claims.

*Cardaro v. Aerojet General Corporation*, 2010 WL 3488207 (E.D.LA. 2010), (granting Motion for Remand on grounds that Defendant failed to establish colorable federal defense), citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35, 109 S.Ct. 959, 962-63, 967-68, 103 L.Ed.2d 99 (1989) and *Winters*, 149 F.3d at 398-400.

Bechtel attempts to invoke as its "colorable federal defense," the government-contractor immunity (GCI) defense. See Rec. Doc. 1 at page 4. In order for a contractor to claim the government contractor defense:

>   (1)     the government must have approved reasonably precise specifications;
>
>   (2)     the equipment must have conformed to those specifications; and
>
>   (3)     the supplier/contractor must have warned of those equipment dangers that were known to the supplier/contractor but not to the government.

*In re FEMA Trailer Formaldehyde Products Liability Action*, 2009 WL 2940035 (E.D.LA. 2009) (denying in part Motion for Summary Judgment filed by another FEMA government contractor claiming the GCI Defense), citing *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 435 (5th Cir.2000) and *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988).

"**Whether [the GCI defense] will apply to a particular claim depends only upon whether Boyle's three conditions are met with respect to the particular product feature upon which the claim is based**." See *In Re Katrina Canal Breaches Litigation*, 2010 WL 3554304 at *4 (5th Cir. Sept. 2010), quoting *Bailey v. McDonnell Douglas Corp.*, 989 F.2d at 801-02 (5th Cir.1993) (emphasis added). The Defendant must show that its obligations under its contract with the government were in conflict with its performance of whatever state law might

have been imposed on it.  *Snell v. Bell Helicopter Textron, Inc*., 107 F.3d 744, 749 (9th Cir. 1997).

Reasonably precise specifications for one aspect of a large project do not create an umbrella of protection for an entire project. *In Re Katrina,* 2010 WL 3554304 at *4 (5th Cir. Sept. 2010).  Instead, the requirement of reasonably precise specifications must be met by the specific feature at issue in the claim.  *In Re Katrina*, 2010 WL 3554304 at *4 (5th Cir. Sept. 2010).

In this case, the specific feature at issue is the presence and levels of formaldehyde fumes within the Plaintiffs' FEMA trailer, and its relation to Bechtel's improper blocking and leveling of the trailer and then Bechtel's subsequent failure to warn.  Exhibit "A".  While Defendant Bechtel points to multiple provisions of its contract with FEMA, only the provisions regarding blocking, leveling, and formaldehyde are relevant.  (Rec. Doc. 1 at pages 5 to 12).  Accordingly, the only relevant provisions Bechtel cites are Exhibit 7 of the Contract relating to Travel Trailer Installation and the "instruction" - not found in the Contract- regarding calls expressing concern over formaldehyde.  (Rec. Doc. 1 at pages 6 and 12).

Specific to Blocking and Leveling, Exhibit 7 provides:

> Travel trailers shall be set-up on concrete piers and after the weigh [sic] of the travel trailer is transferred to the piers, if the unit is not leveled properly the contractor will reinstall the unit at no additional cost to the government. The travel trailer set-up will also include a minimum of six piers (three on each side) evenly spaced. The end piers should not be directly on the end of the unit, but approximately six inches off the edge of the unit. The Contractor shall provide a base for each pier. The base will be 3/4" x 24" x 24" exterior grade plywood. The piers will have at a minimum two solid cap blocks on the base and two sold cap blocks at the top of the piers.
>
> The space between the top of the pier's solid cap blocks and the bottom of the travel trailer I-beam frame shall not exceed seven inches (7"). Up to four inches (4") of this space may be filled with a solid concrete block laid parallel to the

>travel trailer steel I-beam frame. Up to three inches (3") of this space may be filled with blocking timber and wedges laid perpendicular to the travel trailer steel I-beam. No more than one inch (1") of this area shall be shimmed with wedges.
>
>After the weight of the travel trailer is transferred to the concrete piers, the piers must be vertically aligned and tightly shimmed with wooden wedges. If the piers are not vertical at the time of final inspection, they shall be removed and reinstalled by the Contractor at no additional cost. The Contractor will be responsible for all necessary re-leveling and re-blocking of the travel trailer for a period of 90 days after final inspection.

See the Contract, attached as Exhibit 2 to Defendant's Notice of Removal, at pages BNIF 00000383-384.

Plaintiffs' claim as it relates to Bechtel's blocking of the EHU is that it created stress and distortion that allowed increased moisture intrusion and formaldehyde exposure due to cracks and openings in the shell. Exhibit "A". While the Government gave Bechtel detailed specifications on the EHU "blocking" procedure, it left one critically important aspect of that procedure to the discretion of Bechtel- the means and method for "jacking up" the EHUs (i.e., for lifting the EHU from the ground up onto concrete blocks). A review of Exhibit 7 failed to disclose any directions provided to the field people on how to jack up these units. This issue is particularly important because Plaintiffs assert that the means and methods that were utilized by Bechtel and/or its subcontractors for "jacking up" the EHUs were a major cause in increasing formaldehyde exposure to Plaintiffs. Exhibit "A". See also *In re FEMA Trailer Formaldehyde Products Liability Action*, 2009 WL 2940035 (E.D.LA. 2009) (denying in part Motion for Summary Judgment filed by another FEMA government contractor claiming the GCI Defense).

Because the Government left Bechtel with the ultimate discretion in raising the EHU onto concrete blocks (and because it is this very procedure with which Plaintiffs take issue),

Bechtel fails the first step of the *Boyle* test and is not entitled to claim Government Contractor Immunity.

The "instruction" Bechtel cites regarding Formaldehyde is likewise insufficiently precise to warrant application of the Government Contractor Immunity. See Rec. Doc. 1 at page 12. First, Bechtel fails to provide the date said instruction was given by FEMA. *Id*. Furthermore, the "instruction" from FEMA only addresses how to respond to an occupant's call expressing concern over formaldehyde. *Id*. It says nothing about whether Bechtel should- or should not- warn occupants regarding the presence of formaldehyde. *Id*. There is no evidence to support a finding that FEMA approved reasonably precise specifications that either mandated or prevented Bechtel from complying with its state-law duty to warn for purposes of the first prong of the *Boyle* standard. *See Cardaro v. Aerojet General Corporation*, 2010 WL 3488207 at *6 (E.D.LA. 2010), (the Court granted remand, finding no colorable federal defense in a suit claiming failure to warn in the context of asbestos exposure). So again, the first element in the *Boyle* test regarding the Government's approval of "reasonably precise specifications," cannot be satisfied.

Based on the foregoing, Bechtel cannot show it has a colorable federal defense to Plaintiffs' claims. *See Cardaro v. Aerojet General Corporation*, 2010 WL 3488207 (E.D.LA. 2010), (granting Motion for Remand on grounds that Defendant failed to establish colorable federal defense). And without a colorable federal defense, Bechtel fails to qualify for removal pursuant to 28 U.S.C. § 1442(a)(1) and should be remanded. See also *Weese v. Union Carbide Corp*., 2007 WL 2908014 (S.D.Ill.2007) (remanding case because no colorable federal defense that would permit federal officer removal).

Bechtel has sought to use this same Federal Officer Removal Statute to create an alternative to the general rule requiring all defendants to join in the removal. (Rec. Doc. 1 at

page 2).  However, for all the reasons stated above, Bechtel cannot establish a colorable GCI defense, and therefore cannot use it as an alternative procedure to remove.

## CONCLUSION

Based on the reasons stated herein, Plaintiffs respectfully request that this case be remanded to the Circuit Court of Madison County, Mississippi, and that all costs and fees associated with this Motion and Memorandum be awarded to the Plaintiffs.

RESPECTFULLY SUBMITTED this the  5th   day of November, 2010.

>**JESSICA HAMMONS, on behalf of**
>**Her Minor Children, B.H.H., a Minor**
>**and S.E.H., a Minor**
>
>
>By:  *s / Edward Gibson*
>     EDWARD GIBSON, ESQ.

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 5, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                   *s / Edward Gibson*
                   Edward Gibson, Esq.