UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Catherine Mayes, et al v Madison Services, Inc., et al.,*
*Case No. 10-4128*
_____

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO REMAND**
_____

COME NOW the Plaintiffs, through undersigned counsel, and move this Court to remand this civil action to the Circuit Court of Pearl River County, Mississippi, based upon the following:

**FACTS**

Plaintiffs Catherine and James Mayes filed their original Complaint for Damages on June 1, 2010.  Exhibit "A".   Defendant Madison Services was served August 19, 2010.  Exhibit "B". Following the Perfection of Service, Defendant Madison Services filed its Notice of Removal on September 17, 2010 (Rec Doc. 1).

Defendant Madison Services is incorporated in the state of Mississippi and its principal place of business is likewise located in the state of Mississippi.  Exhibit "A" at page 2.

Defendant Madison Service's Notice of Removal seeks to establish this Court's jurisdiction by claiming the existence of diversity jurisdiction under § 1332 as amended by the

Class Action Fairness Act and by claiming the application of the Federal Officer Removal Statute as set forth in 28 U.S.C. § 1442.

## ARGUMENT

Plaintiffs seek remand on the basis of the lack of jurisdiction. The Plaintiffs will show the substantive grounds for granting remand based upon the inapplicability of CAFA (the Class Action Fairness Act) to the Plaintiffs' household and the failure to satisfy the requirements necessary to invoke the Federal Officer Removal Statute.

**A. Diversity Jurisdiction Under CAFA**

Plaintiffs' suit should be remanded because Defendant Madison Services cannot surmount its sizeable burden to demonstrate that the Mayes's suit constitutes a "mass action" warranting removal under CAFA. After all, the right to remove is purely statutory. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985). When there is doubt as to the right to remove in the first instance, ambiguities are to be construed against removal. *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex. 1992); *Employers Ins. of Wausau v. Certain Underwriters*, 787 F.Supp. 165, 166 (W.D.Wis. 1992). The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear. *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I. 1986). The removing party bears the burden of showing that removal was proper. *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis. 1991).

CAFA provides that a qualifying mass action shall be deemed a class action removable to federal court under the Act if the rest of CAFA's jurisdictional requirements are met. See 28 U.S.C. § 1332 (d)(11)(A). **An action qualifies as a "mass action" if it is a civil action in which the monetary relief claims of 100 or more persons are proposed to be tried jointly**.

28 U.S.C. § 1332(d)(11)(B)(I) (emphasis added). The present action involves only three plaintiffs (one household).

The Defendant tries to sidestep this requirement by directing this Court to the number of plaintiffs whose actions are lodged in the FEMA Trailer Formaldehyde Products Liability Litigation MDL. (Rec. Doc. 1 at 3). This is simply impermissible. § 1332(d)(11) specifically provides that "the term 'mass action' shall not include any civil action in which ... the claims are joined upon motion of a defendant." 28 U.S.C. § 1332(d)(11)(B)(ii)(II) (emphasis added). By expressly removing state court actions "joined upon motion of a defendant" from CAFA's reach, Congress intended to allow suits filed on behalf of fewer than one hundred plaintiffs to remain in state court, notwithstanding defendants' wishes for consolidation, however expressed. *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 at 954 (9th Cir. 2009)

To hold otherwise – that a Court could instead look to the aggregate number of plaintiffs with similar cases – would contradict the fundamental premise that the plaintiff is the master of her complaint and accordingly may choose her own forum. See *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 at 953 (9th Cir. 2009). See also *Anderson v. Baird Corporation*, 610 F.3d 390 at 393 (7th Cir. 2010).

For these reasons, the household at issue does not constitute a "mass action" under CAFA and accordingly fails to create a basis for removal.

## B. The Federal Officer Removal Statute

Finally, Defendant Madison Services attempts to invoke the federal officer removal statute. Removal pursuant to § 1442(a)(1) is meant to "ensure a federal forum in any case where a federal officer is entitled to raise a defense arising out of his official duties." *Winters v.*

*Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir.1998). However, the removing defendants have the burden of establishing the existence of federal jurisdiction. *Id*. at 397.

In considering whether removal is proper under 28 U.S.C. § 1442(a)(1), the court must determine whether Madison Services, the removing defendant, has established the following factors:

(1) it is a "person" within the meaning of the statute;

(2) it acted under the direction of a federal officer and that it has demonstrated a causal nexus between Plaintiffs' failure-to-warn claims and the actions performed under the color of a federal officer; and

(3) it can raise a colorable federal defense to plaintiff's claims.

*Cardaro v. Aerojet General Corporation*, 2010 WL 3488207 (E.D.LA. 2010), (granting Motion for Remand on grounds that Defendant failed to establish colorable federal defense), citing *Mesa v. California*, 489 U.S. 121, 124-25, 134-35, 109 S.Ct. 959, 962-63, 967-68, 103 L.Ed.2d 99 (1989) and *Winters*, 149 F.3d at 398-400.

Madison Services attempts to invoke as its "colorable federal defense," the government-contractor immunity (GCI) defense. See Rec. Doc. 1 at page 4. In order for a contractor to claim the government contractor defense:

(1) the government must have approved reasonably precise specifications;

(2) the equipment must have conformed to those specifications; and

(3) the supplier/contractor must have warned of those equipment dangers that were known to the supplier/contractor but not to the government.

*In re FEMA Trailer Formaldehyde Products Liability Action*, 2009 WL 2940035 (E.D.LA. 2009) (denying in part Motion for Summary Judgment filed by another FEMA government

contractor claiming the GCI Defense), citing *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 435 (5th Cir.2000) and *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988).

**"Whether [the GCI defense] will apply to a particular claim depends only upon whether Boyle's three conditions are met with respect to the particular product feature upon which the claim is based**." See *In Re Katrina Canal Breaches Litigation*, 2010 WL 3554304 at *4 (5th Cir. Sept. 2010), quoting *Bailey v. McDonnell Douglas Corp.*, 989 F.2d at 801-02 (5th Cir.1993) (emphasis added). The Defendant must show that its obligations under its contract with the government were in conflict with its performance of whatever state law might have been imposed on it. *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 749 (9th Cir. 1997).

Reasonably precise specifications for one aspect of a large project do not create an umbrella of protection for an entire project. *In Re Katrina,* 2010 WL 3554304 at *4 (5th Cir. Sept. 2010). Instead, the requirement of reasonably precise specifications must be met by the specific feature at issue in the claim. *In Re Katrina*, 2010 WL 3554304 at *4 (5th Cir. Sept. 2010).

In this case, the specific feature at issue is the presence and levels of formaldehyde fumes within the Plaintiffs' FEMA trailer, and its relation to Madison Services's inadequate maintenance and failure to warn of the formaldehyde. Exhibit "A". While Defendant Madison Services points to provisions of its contract with FEMA, it fails to point out any reference to FEMA's mandates regarding formaldehyde or air quality. (Rec. Doc. 1 at page 5). See *In re FEMA Trailer Formaldehyde Products Liability Action*, 2009 WL 2940035 (E.D.LA. 2009)

(denying in part Motion for Summary Judgment filed by another FEMA government contractor claiming the GCI Defense).

There is no evidence to support a finding that FEMA approved reasonably precise specifications that either mandated or prevented Madison Services from complying with its state-law duty to warn for purposes of the first prong of the *Boyle* standard.  *See Cardaro v. Aerojet General Corporation*, 2010 WL 3488207 at *6 (E.D.LA. 2010), (the Court granted remand, finding no colorable federal defense in a suit claiming failure to warn in the context of asbestos exposure).   Accordingly, the first element in the *Boyle* test regarding the Government's approval of "reasonably precise specifications," cannot be satisfied, rendering the government contractor immunity defense inapplicable.

Based on the foregoing, Madison Services cannot show it has a colorable federal defense to Plaintiffs' claims.  *See Cardaro v. Aerojet General Corporation*, 2010 WL 3488207 (E.D.LA. 2010), (granting Motion for Remand on grounds that Defendant failed to establish colorable federal defense).  And without a colorable federal defense, Madison Services fails to qualify for removal pursuant to 28 U.S.C. § 1442(a)(1) and the case should be remanded. See also *Weese v. Union Carbide Corp.*, 2007 WL 2908014 (S.D.Ill.2007) (remanding case because no colorable federal defense that would permit federal officer removal).

## CONCLUSION

Based on the reasons stated herein, Plaintiffs respectfully request that this case be remanded to the Circuit Court of Pearl River County, Mississippi, and that all costs and fees associated with this Motion and Memorandum be awarded to the Plaintiffs.

RESPECTFULLY SUBMITTED this the 5TH day of November, 2010.

              **CATHERINE MAYES AND JAMES MAYES**

            By: *s / Edward Gibson*
              EDWARD GIBSON, ESQ.

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 5, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

              *s / Edward Gibson*
              EDWARD GIBSON, ESQ.