UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Kevin Ammentorp, et al v Gulf Stream Coach, Inc., et al.,*
Case No. 10-4120

---

**MOTION TO REMAND**

---

COME NOW the Plaintiffs, through undersigned counsel, and move this Court to remand this civil action to the Circuit Court of Hancock County, Mississippi, based upon the following:

**FACTS**

1.	Plaintiffs Kevin Ammentorp and Madeleine Ammentorp, individually and on behalf of their minor children, filed their original Complaint for Damages on June 1, 2010. (See Exhibit "A")

2.	Plaintiffs served each of the Defendants with the Complaint as follows:  Plaintiffs served Defendant Gulf Stream on August 6, 2010.  (See Certified Mail Return Receipt, attached as Exhibit "B")  Plaintiffs served Defendant Bechtel on August 19, 2010.  (See Proof of Service, attached as Exhibit "C").

3.	Defendant Gulf Stream filed its Notice of Removal on August 25, 2010 (Rec Doc. 1).  Defendant Bechtel joined the Notice of Removal on September 7, 2010 (Rec. Doc. 5).

-1-

4. The Notice of Removal seeks to establish this Court's jurisdiction by claiming the existence of diversity jurisdiction either under 28 U.S.C. § 1332 or under § 1332 as amended by the Class Action Fairness Act; and by claiming the application of the Federal Officer Removal Statute as set forth in 28 U.S.C. § 1442. The Plaintiffs herein seek remand.

5. First and foremost, the Defendant's Notice of Removal is procedurally defective inasmuch as Defendants Bechtel did not join the Notice of Removal within thirty days of service upon the first defendant.[1]

6. Additionally, Defendant Gulf Stream erroneously states in its Notice of Removal that, "[t]he Petition does not allege that the amount in controversy falls below $75,000.00." See Notice of Removal (Rec. Doc. 1) at page 4. Plaintiffs' First Amended Complaint clearly states that, "[t]he Plaintiffs individually do not seek more than $75,000.00 exclusive of interests and costs." See Original Complaint at page 3, attached as Exhibit "A". As such, no diversity jurisdiction exists under 28 U.S.C. § 1332, and the matter must be remanded to state court.

7. Likewise, the Defendant Gulf Stream is mistaken in its assertion that diversity jurisdiction in created by the Class Action Fairness Act and specifically 28 U.S.C. § 1332(d). CAFA provides that a qualifying mass action shall be deemed a class action removable to federal court under the Act if the rest of CAFA's jurisdictional requirements are met. See 28 U.S.C. § 1332 (d)(11)(A). An action qualifies as a "mass action" if it is a civil action in which the

---

[1] The Southern District of Mississippi and Fifth Circuit Court of Appeals recognize that, "each defendant who has been served must at least communicate its consent to the court no later than thirty days from the day on which the first defendant was served." *Smith v. Union Nat. Life Ins. Co.,* 187 F.Supp.2d 635 (S.D. Miss. 2001)(citing *Getty Oil Corporation v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir.1988)).

monetary relief claims of 100 or more persons are proposed to be tried jointly.  28 U.S.C. § 1332(d)(11)(B)(i).  The present action involves only five plaintiffs (one household).  As stated above, it seeks damages far below the $5,000,000.00 threshold as set forth in CAFA. *Id.* Presumably, the Defendant Gulf Stream supposes that because the suit is similar in its subject matter to mass litigation, then it is therefore mass litigation.  It is not.  CAFA, therefore does not apply, and the suit should be remanded to Hancock County Civil Court.

8. Gulf Stream also argues that the federal officer removal statute applies. As described in  28 U.S.C. § 1442(a), in order for the federal officer removal to apply, Gulf Stream must demonstrate that:

> (1) the entity must be a "person" within the meaning of § 1442(a)(1); (b) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiffs' injuries; and (c) the defendant must have a colorable federal defense.  *Cardaro v. Aerojet General Corp.*, 2010 WL 3488207 (E.D.La. 2010)(citing *Mesa v. California*, 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103 L.Ed. 2d 99 (1989).

9. The Plaintiffs herein concede that Gulf Stream would be a person within the meaning of 28 U.S.C. § 1442(a) if a government contract existed.  However, there is no evidence in the record that such a contract covering Hurricane Katrina (or the trailer supplied in connection therewith) exists.  Moreover, the Plaintiffs deny that Gulf Stream acted under the direction of a federal officer or that it can sufficiently substantiate a colorable defense under the government contractor immunity.  It is clear from the specifications sheet supplied by Gulf Stream that—to the extent it acted under contract—it was not under the direction of a federal officer. Nor does the governmental contractor immunity defense apply.

10.     First and foremost, the specs attached pre-date Hurricane Katrina and therefore are inapplicable to the instant matter. Additionally, the specifications (Exhibit "D") do not evidence a contract. The specifications are dated August 12, 2004, and therefore pre-date Hurricane Katrina by over one year.

11.     Also, the specifications disclaim direction by any federal officer. Specifically, the specifications state, "The standards shall not be considered restrictive in that the supplier may provide 'equal or better' units considering that the competitive price and delivery requirements can be met." *Id.* It goes on to say:

> The specifications establish the minimum standard for travel trailer construction and outfitting to meet FEMA contract requirements. This specification does not constitute an expressed or implied deviation or waiver of any requirement of the U.S. regulatory requirements for the governing agency. *Id.*

12.     In other words, the specifications, if they are indeed part of any Katrina contract, constitute minimum design standards and do not direct Defendant Gulf Stream as to how to construct the units.

13.     For this reason, and as more fully described in the accompanying memorandum of authority, remand is warranted.

14.     In further support thereof the Plaintiffs submit:

    (a)     The Plaintiffs' Memorandum of the Authorities in Support of Its Motion to Remand;

    (b)     Exhibit "A" - The Plaintiffs' Original Complaint;

    (c)     Exhibit "B" - Defendant Gulf Stream's Certified Mail Return Receipt;

    (d)     Exhibit "C" - Defendant Bechtel's Certified Mail Return Receipt;

  (e)  Exhibit "D" - FEMA Model Travel Trailer Procurement Specifications dated August 12, 2004.

WHEREFORE PREMISES CONSIDERED the Plaintiffs respectfully move this Court to Remand this matter to the Circuit Court of Hancock County, assessing all costs and fees against the Defendants.

RESPECTFULLY SUBMITTED this the  5th  day of November, 2010.

          **KEVIN AMMENTORP and MADELEINE AMMENTORP Individually and on Behalf of Their Minor Children ECA, IRA and ELA**

      By:   *s / Edward Gibson*
         JOHN F. HAWKINS
         EDWARD GIBSON

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

## CERTIFICATE OF SERVICE

      I hereby certify that on November 5, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                            *s/ Edward Gibson*
                                            EDWARD GIBSON, ESQ.