**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: FEMA** | **MDL NO. 1873** |
| **FORMALDEHYDE** | |
| **PRODUCT LIABILITY LITIGATION** | **SECTION "N-5"** |

**JUDGE ENGELHARDT**

**MAG. JUDGE CHASEZ**

**THIS DOCUMENT IS RELATED TO:**
*Kevin Ammentorp, et al v Gulf Stream Coach, Inc., et al.,*
*Case No. 10-4120*

_____

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO REMAND**

_____

COME NOW the Plaintiffs, through undersigned counsel, and move this Court to remand this civil action to the Circuit Court of Hancock County, Mississippi, based upon the following:

**FACTS**

Plaintiffs Kevin Ammentorp and Madeleine Ammentorp, individually and on behalf of their minor children, filed their original Complaint for Damages on June 1, 2010. Exhibit "A".

The Defendants were each served with the Complaint as follows: Defendant Gulf Stream was served on August 6, 2010.  Exhibit "B".  Defendant Bechtel was served on August 19, 2010. Exhibit "C".  Following the Perfection of Service, Defendant Gulf Stream filed its Notice of Removal on August 25, 2010 (Rec Doc. 1).  Defendant Bechtel joined the Notice of Removal on September 7, 2010 (Rec. Doc. 5).

The Notice of Removal seeks to establish this Court's jurisdiction by claiming the existence of diversity jurisdiction either under 28 U.S.C. § 1332 or under § 1332 as amended by the Class Action Fairness Act; and by claiming the application of the Federal Officer Removal

-1-

Statute as set forth in 28 U.S.C. § 1442.  The Defendant Gulf Stream erroneously states in its

Notice of Removal that, "[t]he Petition does not allege that the amount in controversy falls

below $75,000.00."  See Notice of Removal (Rec. Doc. 1) at page 4.  Plaintiffs' Complaint

clearly states that, "[t]he Plaintiffs individually do not seek more than $75,000.00 exclusive of

interests and costs.  Exhibit "A" at page 4.

ARGUMENT

Plaintiffs seek remand on grounds that Gulf Stream's Notice of Removal was defective

because it failed to timely join all served Defendants in the removal as required under 28 U.S.C.

§ 1446(b).  In addition to the procedural defect in the removal, Plaintiffs also will show the

substantive grounds for granting remand based upon: 1) the failure to satisfy the requirements

for diversity jurisdiction under 28 U.S.C. § 1332; 2) the inapplicability of CAFA (the Class

Action Fairness Act) to the Carpenter household; and 3) the failure to satisfy the requirements

necessary to invoke the Federal Officer Removal Statute.

**A. PROCEDURAL DEFECT**

The Defendants failed to satisfy the procedural requirements necessary to effect a

successful removal.  The removing parties' responsibility "extends not only to demonstrating a

jurisdictional basis for removal, but also necessary compliance with the requirements of the

removal statute." *Albonetti v. GAF Corporation-Chemical* Group, 520 F.Supp. 825, 827

(S.D.Tex. 1981), cited in *Hobson v. Chase Home Finance, LLC*, 2009 WL 2849591 at *2 (S.D.

Miss. 2009).  A defendant's failure to satisfy this burden requires remand.  *Hobson*, 2009 WL

2849591 at *2.  "There is nothing in the removal statute that suggests that a district court has

discretion to overlook or excuse prescribed procedures." *Hobson*, 2009 WL 2849591 at *3.

Defective removal procedure is a proper ground for remand. *Foster v. Chesapeake Ins. Co., Ltd.*

933 F.2d 1207, 1215 (3rd Cir. 1991).  Courts have concluded that, "the removing party bears the

burden of showing that removal was proper." *Medical College of Wisconsin Faculty Physicians*

*& Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis. 1991).  The procedural stricture "extends

not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with

the requirements of the removal statute." *Albonetti*, 520 F.Supp. at 827.

Removal requires, "that **all defendants then served** join in or consent to removal within

thirty days of receipt of the complaint or other paper." *Hobson*, 2009 WL 2849591 at *4,

(emphasis added).  The requirement that each defendant join in or consent to removal does not

mean that each defendant must actually sign the notice of removal.  *Hobson*, 2009 WL 2849591

at *4.  However, "there must be some **timely filed** written indication from each served

defendant, or from some person or entity purporting to formally act on its behalf in this respect

and to have authority to do so, that it has actually consented to such action.  *Getty Oil Corp. v.*

*Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988), (emphasis added).

The Southern District of Mississippi and the Fifth Circuit Court of Appeals recognize that,

"each defendant who has been served must at least communicate its consent to the court no later

than thirty days from the day on which the first defendant was served." *Smith v. Union Nat. Life*

*Ins. Co.,* 187 F.Supp.2d 635 (S.D. Miss. 2001)(citing *Getty Oil Corporation v. Insurance*

*Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir.1988)).

Defendant Gulf Stream was the first-served defendant, served on August 6, 2010.

Exhibit "B".  All Defendants had been served when the Notice of Removal was filed on August

25th.  See Exhibits "B" and "C".  Thirty days elapsed on Sunday, September 5, 2010.  Defendant

Bechtel did not file its Joinder until September 7, 2010, well after the thirty days elapsed (Rec.

Doc. 5).  Since all of the joining Defendants failed to join in the Notice of Removal within the

thirty day time limitation of 28 U.S.C. § 1446(b), the removal is defective.  See *Elliott v. City of Holly Springs*, 2010 WL 2505599 at \*8 (N.D. Miss. 2010).  Accordingly, remand should be granted.  *Id.*

**B. Diversity Jurisdiction**

Plaintiffs' suit should be remanded because Defendant Gulf Stream cannot surmount its sizeable burden to demonstrate that the amount in controversy requirement has been satisfied.  After all, the right to remove is purely statutory.  *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985).  When there is doubt as to the right to remove in the first instance, ambiguities are to be construed against removal.  *Samuel v. Langham*, 780 F.Supp. 424, 427 (N.D.Tex. 1992); *Employers Ins. of Wausau v. Certain Underwriters*, 787 F.Supp. 165, 166 (W.D.Wis. 1992).  The district court, in a challenged case, may retain jurisdiction only where its authority to do so is clear.  *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196, 1203 (D.R.I. 1986).  The removing party bears the burden of showing that removal was proper.  *Medical College of Wisconsin Faculty Physicians & Surgeons v. Pitsch*, 776 F.Supp. 437, 439 (E.D.Wis. 1991).

Gulf Stream's assertion that there is diversity of citizenship among the parties is not disputed.  However, the case should be remanded to state court because the damages sought by each of the Plaintiffs, exclusive of interest and costs, are less than $75,000.00.  As stated above, Plaintiffs specifically pleaded in their Complaint that, "[t]he Plaintiffs individually do not seek more than $75,000.00 exclusive of interests and costs."  See Exhibit "A" at page 3.  The Fifth Circuit has stated that, "[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 3030 U.S.283, 288 (1938). There is a strong presumption that the amount alleged in the complaint is correct and

the defendants bear a heavy burden in showing that it is erroneous.  See *St. Paul Mercury*, 303

U.S. at 288-89; and *De Aguilar*, 47 F.3d at 1409, 1412.  *De Aguilar* stands for the proposition

that the plaintiffs are still the masters of their complaint and that their claim to a specific amount

of damages is presumptively correct unless by a preponderance of the evidence the defendant

can show the amount in controversy is greater than the jurisdictional requirements of § 1332.

*Arrington v. Simonton*, 2006 WL 1876689 at *3 (S.D. Miss. 2006).  The preponderance of the

evidence standard forces the Defendant to do more than point to the state law that might allow

the Plaintiffs to recover more than the minimum jurisdictional amount.  The Defendant must

produce evidence that establishes that the amount in controversy actually exceeds the

jurisdictional amount of $75,000.00.  *DNP Enterprises, LLC v. American Marine Holding, Inc.*

*et al*, 2005 W.L. 1431705 (E.D.La. 2005).

Gulf Stream cannot satisfy this burden.  Gulf Stream failed to even acknowledge the

existence of Plaintiffs' stipulation in their Complaint limiting their damages to below the

jurisdictional amount.  See Rec. Doc. 1 at page 4.  Gulf Stream also made no allegation that the

Plaintiffs' stipulation was made in bad faith.

In fact, Gulf Stream refers only to the listed damages in Plaintiffs' Complaint and relies

primarily on two inapposite cases to support its claims that the amount in controversy

requirement is satisfied.  See Rec. Doc. 1 at pages 4-5.  In *In re 1994 Exxon Chemical Fire*, the

Fifth Circuit was considering a case appealed from the Middle District of Louisiana and the

Court relied upon a Louisiana statute to reach its result (Louisiana Code of Civil Procedure

Article 862); the case also derived from a 1994 event and therefore the amount in controversy

required was only $50,000.00.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009).

In *Allen v. R&H Oil & Gas Company*, the case involved Plaintiffs who had not specifically

limited their damages in their complaint and was likewise decided based upon a $50,000.00

requisite for the amount in controversy.  63 F.3d 1326 (5th Cir. 1995).  In contrast, the Plaintiffs

in the present case specifically limited each of their damages, including punitive damages-

exclusive of interest and costs- to less than $75,000.00.

Gulf Stream accordingly fails to meet its heavy burden to show that the prayer for relief

set forth in the complaint is erroneous nor has it shown, by a preponderance of the evidence, that

the jurisdictional threshold of this Court has been met.  See also *Arrington*, 2006 WL 1876689 at

*3.

## C. Diversity Jurisdiction Through CAFA

Defendant Gulf Stream presents an alternative argument that this Court has jurisdiction

under the Class Action Fairness Act by claiming that this one household's Complaint constitutes

a "mass action" under 28 U.S.C. § 1332(d)(11)(A).  See Rec.Doc. 1 at page 6.  CAFA provides

that a qualifying mass action shall be deemed a class action removable to federal court under the

Act if the rest of CAFA's jurisdictional requirements are met.  See 28 U.S.C. § 1332 (d)(11)(A).

An action qualifies as a "mass action" if it is a civil action in which the monetary relief claims of

100 or more persons are proposed to be tried jointly.  28 U.S.C. § 1332(d)(11)(B)(i).  The

present action involves only five plaintiffs (one household).

The Defendant tries to sidestep this requirement by directing this Court to the number of

plaintiffs whose actions are lodged in the FEMA Trailer Formaldehyde Products Liability

Litigation MDL.  This is simply impermissible, and even the one case cited by Defendant does

not make such an assertion.  See Rec. Doc. 1 at page 6.  This case, *Lowery v. Alabama Power*

*Company*, involved a Complaint naming in excess of one hundred plaintiffs.  483 F.3d 1184

(11th Cir. 2007).  The Court in *Lowery* furthermore enunciated that, "CAFA's mass action

provisions extend federal diversity jurisdiction to certain actions brought individually by large

groups of plaintiffs." *Lowery,* 483 F.3d 1184 at 1198.  To hold otherwise – that a Court could

instead look to the aggregate number of plaintiffs with similar cases – would contradict the

fundamental premise that the plaintiff is the master of her complaint and accordingly may

choose her own forum.  See *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 at 953 (9th Cir. 2009).

See also *Anderson v. Baird Corporation*, 610 F.3d 390 at 393 (7th Cir. 2010).  The Defendant

seems to assert that because the suit is similar in the substance of its allegation then it must be a

mass action.   The Ammentorps filed this Complaint as one household, with only five plaintiffs,

and accordingly fail to qualify for removal as a "mass action" under the Class Action Fairness

Act.

## D. The Federal Officer Removal Statute

Finally, Defendant Gulf Stream attempts to invoke the federal officer removal statute.

The requirements to invoke this statute are as follows: (a) the defendant must be a "person"

within the meaning of § 1442(a)(1); (b) the defendant must have acted under color of federal

authority when committing the acts that allegedly caused plaintiffs' injuries; and (c) the

defendant must have a colorable federal defense. *Williams v. Todd Shipyards Co.*, 154 F.3d 416,

1998 WL 526612, *2 (5th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 131, 109

S.Ct. 959, 103 L.Ed. 2d 99 (1989).  Gulf Stream attempts to invoke as its "colorable federal

defense," the government- contractor immunity (GCI) defense.  See Rec. Doc. 1 at page 9.

The government-contractor immunity (GCI) defense under the *Boyle* framework may be

used in the Stafford Act context where: 1) the agency, in its discretion, approved reasonably

precise specifications regarding the management of a recovery site; 2) the agency supervised and

controlled an entity charged with implementing those specifications; and 3) the entity warned the

agency about any dangers known to it but not to the agency. *In re World Trade Center Disaster Litigation*, 521 F.3d 169 at 197 (2nd Cir. 2008); *see also Boyle v. United Technologies Corp.*, 487 U.S. 500 at 512, 108 S.Ct. 2510, 101 L.Ed. 2d 442 (1988).  Whether the GCI defense will apply to a particular claim depends only upon whether *Boyle*'s three conditions are met with respect to the *particular product feature* upon which the claim is based.  *Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794 at 801-02 (5th Cir. 1993).  Furthermore, the Defendant must show that its obligations under its contract with the government were in conflict with its performance of whatever state law might have been imposed on it.  *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 749 (9th Cir. 1997).  Also, where a contractor does not offer any evidence that it proposed a warning to the government, the contractor "cannot rely on a hypothetical assertion that such an effort would have been futile."  *Lindenmayer v. Allied Packing & Supply, Inc.*, No. C09-05800, 2010 WL 234906 at *6 (N.D. Cal. 2010) (granting motion to remand).

The requirement of reasonably precise specifications must be met by the specific feature at issue in the claim.  See *In Re Katrina Canal Breaches Litigation*, 2010 WL 3554304 at *4 (5th Cir. Sept. 2010).

First, Gulf Stream and CH2M Hill, to the extent joins in this basis for removal, has failed to establish that they were acting under a federal contract with respects to the supply of FEMA travel trailers after Hurricane Katrina.  The documents Gulf Stream supplied in support of its claim do not constitute a contract; instead the documents are entitled "FEMA Model Travel Trailer Procurement Specifications Dated August 12, 2004.' (Exhibit "D") This does not evince any contract between FEMA on behalf of the United States Government and Gulf Stream. Specifically, the document does not evince any contract between FEMA and Gulf Stream which would have followed a Stafford Act response to Hurricane Katrina which occurred more than

one year after the specifications (Id.) were dated.  Thus, Gulf Stream fails to establish that it was a "government contractor" under a government contract, Removal under 28 U.S.C. § 1442 is therefore improper.

Nor can Gulf Stream demonstrate that it acted under color of federal authority when it negligently manufactured the trailers.  Indeed, the specification sheets provided (*Id.)* state to the contrary.  The specifications "shall not be considered restrictive in that the supplies may provide 'equal or better' unites." *Id.*  It further states "The specification establishes the minimal standards for travel trailer construction and outfitting" – to the extent that the specs "meet FEMA contract requirements."  Thus, it is clear from the terms of the specification that apply to Katrina travel trailers that Gulf Stream was to use its discretion in the manufacture of the trailers.

Nor can Gulf Stream establish any of the requirements necessary to satisfy the government contractor defense.  Gulf Stream cannot show that FEMA established precise specifications as to formaldehyde.  It is crystal clear that the specifications supplied were "minimal standards" and the specifications were silent as to the use or not of formaldehyde based adhesives.  Gulf Stream has failed to establish that FEMA had any oversight over the construction of travel trailers.  Finally Gulf Stream failed to establish that it made any effort to warn FEMA about the dangers of formaldehyde.

The specific feature at issue in the present litigation concerns the presence and levels of formaldehyde fumes within the Plaintiffs' FEMA trailer.  Defendant Gulf Stream directs this Court to pertinent excerpts of its contract with FEMA.  See Exhibit "B" of Rec. Doc. 1.  Yet nowhere in this excerpt does the Defendant's contract with FEMA mandate a certain level of formaldehyde, nor does it establish precise procedures to test for the levels of formaldehyde in the trailer.  In fact, there is absolutely no mention of formaldehyde.  Gulf Stream also fails to

present any evidence that it ever proposed to the government that it added a warning regarding

the formaldehyde fumes.  Accordingly, the government did not exercise judgment with respect

to the design feature in question and therefore Defendant Gulf Stream cannot show it has a

colorable federal defense to Plaintiffs' claims.  *See In re FEMA Trailer Formaldehyde Products*

*Liability Action*, 2009 WL 2940035 (E.D.LA. 2009) (denying in party Motion for Summary

Judgment filed by another FEMA government contractor claiming the GCI Defense); *see also*

*Cardaro v. Aerojet General Corporation*, 2010 WL 3488207 (E.D.LA. 2010), (granting Motion

for Remand on grounds that Defendant failed to establish colorable federal defense).

  CH2M Hill, apparently recognizing the procedural defect in Gulf Stream's removal,

sought to use this same Federal Officer Removal Statute to create an alternative to the general

rule requiring all defendants to join in the removal.  See Rec. Doc. 10 at page 3.  However, for

all the reasons stated above, Defendants cannot establish a colorable GCI defense, and therefore

cannot use it as an alternative procedure to remove.

<b>CONCLUSION</b>

  Based on the reasons stated herein, Plaintiffs respectfully request that this case be

remanded to the Circuit Court of Hancock County, Mississippi, and that all costs and fees

associated with this Motion and Memorandum be awarded to the Plaintiffs.

  RESPECTFULLY SUBMITTED this the  5th  day of November, 2010.

> **PLAINTIFFS KEVIN AMMENTORP and
> MADELEINE AMMENTORP, Individually and
> on Behalf of their minor children, ECA, IRA
> and ELA**
>
>
> By: *s / Edward Gibson*
>    EDWARD GIBSON, ESQ.

-10-

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 5, 2010 I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

<i>s/ Edward Gibson</i>
Edward Gibson, Esq.

-11-