UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Jessica Hammons, et al v Vanguard Industries of Michigan, et al., Case No. 10-4130*

---

## MOTION TO REMAND
---

COME NOW the Plaintiffs, through undersigned counsel, and move this Court to remand this civil action to the Circuit Court of Madison County, Mississippi, based upon the following:

### FACTS

1.	Plaintiff Jessica Hammons, individually and on behalf of her minor children, filed her original Complaint for Damages on May 28, 2010. Exhibit "A".

2.	The Defendants were each served with the Complaint as follows: Defendant Bechtel was served on August 27, 2010. Exhibit "B". Defendant Madison Services was served on September 8, 2010. Exhibit "C". Defendant Vanguard was served on September 7, 2010. Exhibit "D".

3.	Following the Perfection of Service, Defendant Bechtel filed its Notice of Removal on September 24, 2010 (Rec Doc. 1). Madison Services joined in the removal on September 30, 2010. (See Docket).

4.      Defendant Bechtel's Notice of Removal seeks to establish this Court's jurisdiction by claiming the existence of diversity jurisdiction under § 1332 as amended by the Class Action Fairness Act and by claiming the application of the Federal Officer Removal Statute as set forth in 28 U.S.C. § 1442.

5.      Plaintiffs seek remand on grounds that Bechtel's Notice of Removal was defective, specifically because one of the Defendants has failed to timely join in the removal as required under 28 U.S.C. § 1446(b) . In addition to the procedural defect in the removal, Plaintiffs will also show the substantive grounds for granting remand based upon the inapplicability of CAFA (the Class Action Fairness Act) to the Plaintiffs' household and the failure to satisfy the requirements necessary to invoke the Federal Officer Removal Statute.

6.      For these reasons, and as more fully described in the accompanying memorandum of authority, remand is warranted.

7.      In further support thereof the Plaintiffs submit:

   (a)   The Plaintiffs' Memorandum of the Authorities in Support of Its Motion to Remand;

   (b)   Exhibit "A" - The Plaintiffs' Original Complaint for Damages;

   (c)   Exhibit "B" - Defendant Bechtel's Proof of Service;

   (d)   Exhibit "C" - Defendant Madison Services Proof of Service; and

   (e)   Exhibit "D" - Defendant Vanguard's certified mail receipt.

WHEREFORE PREMISES CONSIDERED the Plaintiffs respectfully move this Court to Remand this matter to the Circuit Court of Madison County, assessing all costs and fees against the Defendants.

RESPECTFULLY SUBMITTED this the  8th  day of November, 2010.

        **JESSICA HAMMONS, on behalf of**
        **Her Minor Children, B.H.H., a Minor**
        **and S.E.H., a Minor**

        By:   *s / Edward Gibson*
               Edward Gibson, Esq.

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

## CERTIFICATE OF SERVICE

    I hereby certify that on November 8, 2010 I caused to be filed the Foregoing Motion to Remand with the Clerk of Court via the Electronic Court Filing system which will forward a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that there are no known non-CM/ECF participants.

               *s / Edward Gibson*
               Edward Gibson, Esq.