UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA<br>FORMALDEHYDE<br>PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Tina Cook, et al v Forest River, Inc., et al.,*
Case No. 10-4126

---

## MOTION TO REMAND

---

COME NOW the Plaintiffs, through undersigned counsel, and move this Court to remand this civil action to the Circuit Court of Jackson County, Mississippi, based upon the following:

### FACTS

1.  Plaintiff Tina Cook, individually and on behalf of her minor children, filed her original Complaint for Damages on June 1, 2010. Thereafter, before serving any party, the Plaintiffs filed their First Amended Complaint for Damages on July 2, 2010. Exhibit "A".

2.  The Defendants were each served with the Complaint and Amended Complaint as follows: Defendant B & B Enterprises was served on August 12, 2010. Exhibit "B". Defendant Forest River, Inc. was served on August 16, 2010. Exhibit "C". Defendant Bechtel National, Inc. was served on August 19, 2010. Exhibit "D".

3.  Following the Perfection of Service, Defendant Bechtel filed its Notice of Removal on September 17, 2010 (Rec Doc. 1). No other Defendants have joined in the removal. (See Docket).

4.	Defendant Bechtel's Notice of Removal seeks to establish this Court's jurisdiction by claiming the existence of diversity jurisdiction under § 1332 as amended by the Class Action Fairness Act and by claiming the application of the Federal Officer Removal Statute as set forth in 28 U.S.C. § 1442.

5.	Plaintiffs seek remand on grounds that Bechtel's Notice of Removal was defective, specifically because it failed to timely file its Notice of Removal and because no other Defendants have joined in the removal as required under 28 U.S.C. § 1446(b). In addition to the procedural defect in the removal, Plaintiffs will also show the substantive grounds for granting remand based upon the inapplicability of CAFA (the Class Action Fairness Act) to the Plaintiffs' household and the failure to satisfy the requirements necessary to invoke the Federal Officer Removal Statute.

6.	For these reasons, and as more fully described in the accompanying memorandum of authority, remand is warranted.

7.	In further support thereof the Plaintiffs submit:

    (a)	The Plaintiffs' Memorandum of the Authorities in Support of Its Motion to Remand;

    (b)	Exhibit "A" - The Plaintiffs' First Amended Complaint for Damages;

    (c)	Exhibit "B" - Defendant B & B Enterprises Proof of Service;

    (d)	Exhibit "C" - Defendant Forest River, Inc.'s Certified Mail Return Receipt;

    (e)	Exhibit "D" - Defendant Bechtel's Proof of Service; and

    (f)	Exhibit "E" - Bechtel's Contract with FEMA.

WHEREFORE PREMISES CONSIDERED the Plaintiffs respectfully move this Court to Remand this matter to the Circuit Court of Jackson County, assessing all costs and fees against the Defendants.

RESPECTFULLY SUBMITTED this the __10th__ day of November, 2010.

**TINA COOK, Individually and on Behalf of Their Minor Children CCJ and CC**

By: _s / Edward Gibson_
Edward Gibson, Esq.

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that there are no known non-CM/ECF participants.

                                             *s / Edward Gibson*
                                               Edward Gibson, Esq.