UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873 |
| | SECTION "N-5" |
| | JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PSC MEMORANDUM IN SUPPORT OF MOTION FOR
REIMBURSEMENT OF CERTAIN COMMON BENEFIT
EXPENSES FROM FLEETWOOD SETTLEMENT FUND

MAY IT PLEASE THE COURT:

I.   INTRODUCTION

The Plaintiffs' Steering Committee ("PSC") respectfully requests that this Court approve the reimbursement of certain common benefit expenses out of the fund resulting from Plaintiffs' settlement with Fleetwood Enterprises, Inc. and its insurer, Chartis Specialty Insurance Company. These expenses either have been already paid by the PSC in litigation on behalf of all Fleetwood claimants against these settling defendants, or in some cases remain to be paid as necessary and current cost obligations associated with the Fleetwood settlement.

On December 11, 2007, this Court appointed certain attorneys to the PSC and charged them with the responsibility of prosecuting all Plaintiffs' claims in this MDL. *See* Order of Dec. 12, 2007 (Doc. 49). The functions of such Court-appointed committees are recognized in the Manual for Complex Litigation; they include developing plaintiffs' proof of liability, anticipating defenses, gathering expertise to prove causation and damages, coordinating pleadings, managing

1

discovery, and conducting trial activity. *See* MANUAL FOR COMPLEX LITIGATION §22.62 (4th ed. 2008).

Since its establishment, the PSC has assumed (and continues to meet) all such responsibilities. PSC members, assisted by counsel who have subscribed to a working relationship with the PSC, have tested numerous temporary housing units (including those made by Fleetwood), retained experts, prepared pleadings (including, in the case of Fleetwood, pleadings in the bankruptcy proceedings instituted by Fleetwood in California), presented arguments on class certification issues, responded to defenses asserted under FRCP 12, created a process to help claimants identify the manufacturers of temporary housing units occupied by these claimants, conducted weekly telephone conferences with PSC members and other plaintiffs' counsel, attended monthly status conferences with the Court, prepared (or helped prepare) joint reports to the Court, created/staffed a claims office to assist claimants in completing Plaintiff Fact Sheets, tried several bellwether cases to verdict, and prepared, in particular, a bellwether case against Fleetwood which settled just prior to trial. Plaintiffs pursuing claims in this MDL against the manufacturing defendants, the no-bid contractors, and FEMA - including those asserting claims against Fleetwood - have benefited from these efforts by Court-appointed counsel.

As previously reported to the Court, the PSC now has negotiated a global settlement with Fleetwood and its liability insurer, Chartis, resolving all claims in the MDL against this manufacturer. The negotiation of this settlement proved challenging for Plaintiffs, not only because Fleetwood declared bankruptcy in the course of these proceedings, but also because only one liability insurance policy (issued by Chartis) was found to cover the claims asserted herein, and the amount of coverage under that policy was being eroded by defense costs as litigation

activity against Fleetwood continued. The settlement agreed to on behalf of Fleetwood Plaintiffs was accordingly both necessitated and limited by circumstances beyond the control of Plaintiffs and the PSC.

Fleetwood manufactured a total of 13,802 units used by FEMA to house citizens displaced by Hurricanes Katrina and Rita.  A total of 10,655 occupants of these units have asserted claims against Fleetwood and/or its insurer in this MDL.

The PSC now requests that the Court approve for reimbursement from the Fleetwood settlement fund, certain common benefit expenses which the PSC either has incurred in furtherance of all Plaintiffs' claims against Fleetwood, or will be obliged to pay in concluding litigation against this defendant and finalizing the settlement. Due to the limited amount of the settlement recovery relative to the number of Fleetwood Plaintiffs, the PSC and associated common benefit counsel have agreed to waive any claim for the payment of fees out of this settlement fund.

## II. THE AUTHORITY OF AN MDL JUDGE TO AUTHORIZE THE REIMBURSEMENT OF COMMON BENEFIT EXPENSES INCURRED BY COURT-APPOINTED COUNSEL IS WELL-ESTABLISHED.

Authority is vested in an MDL judge to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The Court's approval and administration of settlements also is contemplated under the MDL statute. *See generally* MANUAL FOR COMPLEX LITIGATION §22.9. Inherent in this authority is the discretion to approve the reimbursement of common benefit fees and/or expenses, when requested by Court-appointed counsel. *See, e.g.*, *In re Diet Drugs Prods. Liab. Litig.*, MDL 1203, 2002 WL 32154197, *17 (E.D. Pa. Oct. 3, 2002) ("the court must be permitted to compensate fairly the attorneys who serve on . . . a [court-appointed] committee."); *In re Genetically Modified Rice Litig.*, MDL 1811, 2010 WL 716190, *4 (E.D. Mo. Feb. 24,

2010) ("An MDL court's authority to . . . order contributions to compensate leadership counsel derives from its 'managerial' power over the consolidated litigation, and, to some extent, from its inherent equitable power.").

MDL transferee courts traditionally have exercised broad discretion in regard to orders addressing common benefit fees and expenses, but a consistent characteristic of such orders is the judicial designation of a portion of a judgment amount or settlement fund in order to provide for common benefit cost reimbursement.[1] Such a deduction for fees/costs is based upon the well-established common benefit doctrine, a doctrine which has been recognized and affirmed by the U.S. Supreme Court. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 479 (1980) (providing that all who benefit from a common fund, created through the efforts of a litigant or attorney, must contribute proportionately to the costs of litigation); *see also Sprague v. Ticonic National Bank*, 307 U.S. 161, 166 (1938); *Kirkpatrick v. Young*, 456 So.2d 622, 625 (La. 1984); MANUAL FOR COMPLEX LITIGATION §14.121.

The Fifth Circuit specifically has applied the common benefit doctrine in an MDL context. *See, e.g.*, *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1021 (5th Cir. 1977). The underlying justification is that Court-appointed counsel can only serve effectively if their services and efforts are compensable in the event of recovery:

> In matters of complex litigation, the district court must be instilled with the power necessary to order appropriate compensation to lead counsel . . . [for] the services lead counsel provide to all parties involved. 'The court's power is illusory if it is dependent on lead counsel's performing the duties desired of them for no additional compensation.'

---

[1] Often, the Court is asked to set aside a percentage of a settlement fund for common benefit costs and a percentage of the fund for common benefit fees. Here, as noted, the PSC seeks only the reimbursement of common benefit expenses, given the necessarily-limited size of the fund. Moreover, since all applicable common benefit costs (at least, all "hard" costs) associated with the Fleetwood case can be itemized at this time, the PSC is presenting a sum-certain request, as opposed to a percentage-of-fund set-aside or reserve.

4

*In re Clearsky Shipping Corp.*, 2003 WL 1563820 at *4 (E.D.La. 2003) (citing *Fla. Everglades*, 549 F .2d at 1016-17). Of course, even where counsel are prepared to waive common benefit fees in limited recovery cases, the same rationale applies to the reimbursement of out-of pocket case expenses advanced by counsel for the common benefit of plaintiffs. Court-appointed common benefit counsel cannot, and should not, be called upon to serve in MDL cases without the prospect of a settlement-based reimbursement of the necessary costs advanced by counsel in litigation.

The reimbursement of such common benefit expenses out of settlement recovery also is consistent with ample precedent. Federal courts routinely have allowed Court-appointed counsel in mass tort, consolidated MDL proceedings to be reimbursed for the reasonable costs shown by counsel to have been expended in the administration and prosecution of all Plaintiffs' claims. *See, e.g.*, *In re Vioxx Prods. Liab. Litig.*, MDL 1657, Order dated Aug. 4, 2005 (Doc. 792) [pre-trial order granting set-aside for common benefit fees/costs]; *Diet Drugs*, *supra*; *Orthopedic Bone Screw*, *supra*; *Smiley v. Sincoff*, 958 F.2d 498, 501 (2d Cir. 1992); *Fla. Everglades*, *supra*; *In re Bausch & Lomb Contact Lens Solution Prods. Liab. Litig.*, 2008 WL 2330571 at *1 (D.S.C. 2008) [approval given for "the fair and equitable sharing among plaintiffs of the cost of services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation"].

### III. THE COMMON BENEFIT COST REIMBURSEMENT NOW REQUESTED IS A REASONABLE DEDUCTION FROM THE SETTLEMENT FUND.

Attached as Exhibit 1 is an itemization which sets out in detail the common benefit expenses for which reimbursement is sought by the PSC from the Fleetwood settlement fund. It should be noted that these expenses are entirely "hard, out-of-pocket expenses," such as expert

witnesses, depositions, the charges of bankruptcy counsel, etc.[2] Most of the expenses listed were incurred in the preparation of the bellwether case of *Dubuclet v. Fleetwood Enters., Inc.*, No. 07-9228, for trial on December 7, 2009. The Fleetwood global settlement was negotiated just days before this trial was to commence.

As reflected in Exhibit 1, the PSC and subscribing member firms thus have incurred, or will incur, expenses directly related to the prosecution and settlement of mass tort claims against Fleetwood in the total amount of $892,362.49. Undersigned Co-Liaison Counsel for Plaintiffs verify that these expense amounts relate to, and have been incurred in connection with, only the claims of Fleetwood Plaintiffs in the MDL, i.e., those Plaintiffs who now will participate in, and benefit from, the settlement negotiated with this defendant manufacturer.

Also attached, as Exhibit 2, is a statement related to the expenses incurred in operating the PSC claims office. This statement begins with an itemized total of the claims office costs incurred by the PSC from the month the claims office opened (5/08) until the month of the Fleetwood settlement (12/09). The statement further estimates the total number of all plaintiffs in this MDL, and calculates the percentage of those in this total population who are known and identified as Fleetwood Plaintiffs (i.e. 14.29%). The concluding calculation of Exhibit 2 refers to a subtotal sum of $104,331.08 in PSC claims office expenses. The PSC submits that this share of total PSC claims office expenses incurred prior to the Fleetwood settlement, being 14.29% of the total claims office expenses for this period, should be considered attributable to the handling of the Plaintiffs' claims against Fleetwood, and on this basis reimbursed out of the settlement.

---

[2] This Court has recognized that "'hard' out-of-pocket expenses, including expert witness fees and translator and court reporter fees for necessary depositions" should be given priority when reimbursing common benefit expenses. *See In re Clearsky Shipping Corp.*, 2003 WL 1563820 at *2 (E.D.La. 2003). None of the expenses which are the subject of this motion is in the category of "soft" or "held" common benefit expenses (e.g., payments made to contract staff members, in-office personnel, or charges for counsel's travel and lodging).

IV. **CONCLUSION**

The total amount of the expenses identified in both Exhibit 1 and 2 is $996,693.57; and, pursuant to the above authority, the PSC respectfully requests that this Honorable Court enter the attached order, approving a common benefit cost reimbursement in this amount to the PSC and associated common benefit counsel, payable by the Court-Appointed Disbursing Agent (CADA) out of the Fleetwood settlement fund.

Respectfully submitted:

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**


BY: s/Gerald E. Meunier
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

s/Justin I. Woods
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
ROBERT BECNEL, #14072
RAUL BENCOMO, #2932

7

                                      FRANK D'AMICO, #17519
                                      MATT MORELAND, #24567
                                      LINDA NELSON, #9938
                                      DENNIS REICH, Texas #16739600
                                      MIKAL WATTS, Texas # 20981820

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                      s/Gerald E. Meunier
                                      GERALD E. MEUNIER, #9471