IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE        MDL NO. 1873
PRODUCTS LIABILITY LITIGATION

       SECTION N(5)

       JUDGE ENGELHARDT

       MAGISTRATE CHASEZ

THIS DOCUMENT RELATES TO:

Jessica Hammons v. Motex Industries, Inc., Sunnybrook RV, Inc., Madison Services, Inc.,
Bechtel National, Inc. and John Doe 1-50, Civil Action No. 3:10-CV-529 HSO JMR,
(U.S.D.C., So. Dist. Miss.); 10-4130

Catherine Mayes and James Mayes v. Madison Services, Inc., and John Doe 1 and John
Does 2-50, Civil Action No. 1:10-CV-454 HSO JMR, (U.S.D.C., So. Dist. Miss.); 10-4128

Sheila Spiers v. Motex Enterprises, Inc., Keystone Industries, Inc., Sunnybrook RV, Inc.,
Madison Services, Inc., Bechtel National, Inc., and John Doe 1-50, Civil Action No. 1:10-
CV-449 LG RHW, (U.S.D.C., So. Dist. Miss.); 10-4125

---

## PRESERVATION OF DEFENSES BY MADISON SERVICES, INC.

---

       The defendant Madison Services, Inc., pursuant to Pretrial Order No. 36 (Rec. Doc. 1386)

and with a full reservation of rights, including without limitation the right to amend or supplement

1

this list of Rule 12(b) defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in each of the above referenced lawsuits, the captioned MDL proceeding or in any other case in which it is now or subsequently named as a defendant and properly served, submits for preservation the following list of *Federal Rules of Civil Procedure*, Rule 12(b) defenses in the following matters: <u>Jessica Hammons v. Motex Industries, Inc., Sunnybrook RV, Inc., Madison Services, Inc., Bechtel National, Inc., and John Doe 1-50,</u> Civil Action No. 3:10-CV-529 HSO JMR, (U.S.D.C., So. Dist. Miss.), <u>Catherine Mayes and James Mayes v. Madison Services, Inc., and John Doe 1 and John Does 2-50</u>, Civil Action No. 1:10-CV-454 HSO JMR, (U.S.D.C., So. Dist. Miss.), <u>Sheila Spiers v. Motex Enterprises, Inc., Keystone Industries, Inc., Sunnybrook RV, Inc., Madison Services, Inc., Bechtel National, Inc., and John Doe 1-50,</u> Civil Action No. 1:10-CV-449 LG RHW, (U.S.D.C., So. Dist. Miss.).

1.      Rule 12(b)(5): Insufficiency of service of process.

2.      Rule 12(b)(1): The plaintiffs lack standing to sue.

3.      Rule 12(b)(3): Improper venue as to any plaintiff who resides outside of the Southern District of Mississippi.

4.      Rule 12(b)(6): Failure to state a claim upon which relief can be granted against Madison Services, Inc.

5.      Rule 12(b)(6): Failure to state a claim for breach of implied and express warranties because those claims are not available to the plaintiffs.

6.      Rule 12(b)(6): Failure to state a claim for punitive damages.

7.      Rule 12(b)(6): Failure to state a claim for damages. The plaintiffs fail to make any specific allegations in regard to their injuries and/or damages, and fail to make any specific

2

allegations that connect any individual plaintiff to conduct by any individual defendant.

8.      Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted because their claims against Madison Services, Inc., are time-barred by the applicable statute of limitations, statutes of repose and/or laches.

9.      Rule 12(e): Motion for more definite statement.  The plaintiffs' complaint does not contain particularized allegations about their injuries and damages and fails to make any individual allegations about any individual defendants' alleged conduct.

10.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted based on the fact that the plaintiffs' complaint reveals that the plaintiffs knew or should have known of their cause of action against Madison Services, Inc., more than three (3) years before their complaint was filed, thereby making their claims time-barred under Mississippi law.  The plaintiffs also cannot assert any equitable tolling of the applicable statute of limitations as against the defendant, Madison Services, Inc.

11.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted against Madison Services, Inc., under *Miss. Code Ann.* § 11-1-63 (1993), as amended (the Mississippi Products Liability Act ("MPLA")).

12.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted against Madison Services, Inc., under MPLA since they have not and cannot allege any set of facts that would establish that Madison Services, Inc., is a "manufacturer" within the meaning of the MPLA.

13.     Rule 12(b)(6): The plaintiffs fail to state a claim for negligence against Madison Services, Inc., under Mississippi law.

14.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted because Madison Services, Inc., owed no actionable duty to any of the plaintiffs.

15.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted inasmuch as the plaintiffs have not specifically claimed any current injury; rather, they have generally claimed unspecified current and future alleged injuries.

16.     Rule 12(b)(6): The plaintiffs fail to state a claim for recovery of attorneys' fees because the allegations in their complaint do not support a claim for attorney's fees under Mississippi law, and they cannot allege any other viable theory of liability through which they can recover attorneys' fees against Madison Services, Inc.

17.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted to the extent that they seek to impose joint and several liability upon Madison Services, Inc., and the other named defendants since Mississippi law does not provide for joint and several liability under the allegations in their complaint.

18.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted as to any future claims asserted by the plaintiffs for economic damages or property damages since these claims are precluded under Mississippi law.

19.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted as to their claims for medical monitoring since, under Mississippi law, they have not alleged a present and manifest injury.

20.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that any named plaintiff previously filed and has pending another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

4

21.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted on grounds that Madison Services, Inc., is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiffs' claims and demands are preempted and Madison Services, Inc., is immunized from liability by the government contractor defense.

22.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted on grounds that Madison Services, Inc., is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.

23.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted on grounds that the duties and obligations of Madison Services, Inc. are limited to what is defined in the relevant contract between Madison Services, Inc, and FEMA.

24.     Rule 12(b)(6): The plaintiffs fail to state a claim upon which relief can be granted against Madison Services, Inc., under the Mississippi Emergency Management Laws, MISS. CODE ANN. § 33-15-1, et seq., including but not limited to MISS. CODE ANN. § 33-15-21, which provides this Defendant immunity from the Plaintiffs' claims by virtue of the fact it was assisting in the provision of temporary housing associated with a disaster.

25.     Rule 9(b): Failure to plead fraud and misrepresentation with particularity.

26.     Rule 21: In addition to the *Fed. R. Civ. P.* 12(b) defenses identified above, the plaintiffs also fail to satisfy the requirements for joinder of parties under Rules 19 and 20 of the Federal Rules of Civil Procedure.

This the **11**th day of November, 2010.

Respectfully submitted,

**MADISON SERVICES, INC.**

BY: /s/ Rebecca B. Cowan
   Edward J. Currie, Jr. #5546
   Rebecca B. Cowan #7735
   Kristi D. Kennedy #10658

OF COUNSEL:

Currie Johnson Griffin Gaines & Myers, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS   39205-0750
Telephone: (601)969-1010
Facsimile: (601)969-5120
ecurrie@curriejohnson.com
bcowan@curriejohnson.com
kkennedy@curriejohnson.com

6

## <u>CERTIFICATE OF SERVICE</u>

I, Rebecca B. Cowan, do hereby certify that I have this day electronically filed with the Clerk of the Court using the ECF system a true and correct copy of the foregoing document, who sent notification to such filing to the following:

Gerald Edward Meunier
Gainsburgh, Benjamin, David,
Meunier & Warshauer
gmeunier@gainsben.com


Andrew D. Weinstock
Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock
andreww@duplass.com

This the 11th day of November, 2010.


   /s/ Rebecca B. Cowan      

7