UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * | MDL NO. 1873 |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: 09-3677 | * | |
| *Josephine Seaton v. Recreation by Design, LLC, et al.* | * * | MAG: CHASEZ |

\* \* \* \* \* \* \* \*

### DEL-JEN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S, FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes defendant, Del-Jen, Inc. (hereinafter referred to at times as "Del-Jen" or "Del-Jen, Inc."), who, in response to Plaintiff's First Supplemental and Amending Complaint for Damages, respectfully avers as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Supplemental and Amending Complaint for Damages fails to state a claim or cause of action against Del-Jen upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's First Supplemental and Amending Complaint for Damages fails to state a right of action against Del-Jen.

**AND NOW**, answering the specific allegations of First Supplemental and Amending Complaint for Damages Del-Jen avers as follows:

## ANSWER TO PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

I.

The allegations contained in Paragraph 1, including subparagraph (a), of Plaintiff's First Supplemental and Amending Complaint for Damages do not require a response by Del-Jen. To the extent a response might be required, however, the allegations contained in Paragraph 1, including subparagraph (a) of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

II.

The allegations contained in Paragraph 2, including subparagraphs (a) through (b), of Plaintiff's First Supplemental and Amending Complaint for Damages do not require a response by Del-Jen. To the extent a response might be required, however, the allegations contained in Paragraph 2, including subparagraphs (a) through (b), of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

III.

The allegations contained in Paragraph 3, including subparagraphs (a) through (z), of Plaintiff's First Supplemental and Amending Complaint for Damages do not require a response by Del-Jen. To the extent a response might be required, however, the allegations contained in Paragraph 3, including subparagraphs (a) through (z), of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

IV.

The allegations contained in Paragraph 4, including subparagraphs (a) through (f) and (f, i) through (f, iv), of Plaintiff's First Supplemental and Amending Complaint for Damages do not require a response by Del-Jen. To the extent a response might be required, however, the allegations contained in Paragraph 4, including subparagraphs (a) through (f) and (f, I through (f, iv), of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

V.

The allegations contained in Paragraph 5, including subparagraph (a), of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

VI.

The allegations contained in Paragraph 6, including all subparagraphs, of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

VII.

The allegations contained in Paragraph 7 of Plaintiff's First Supplemental and Amending Complaint for Damages do not require a response by Del-Jen. To the extent a response might be required, however, the allegations contained in Paragraph 7 of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

VIII.

The allegations contained in paragraph 8., including all sub-paragraphs thereof, of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

IX.

The allegations contained in the Paragraph beginning WHEREFORE, of Plaintiff's First Supplemental and Amending Complaint for Damages are denied.

**AND NOW, FURTHER ANSWERING**, Del-Jen, Inc. asserts the following additional affirmative defenses:

### THIRD AFFIRMATIVE DEFENSE

The claims against Del-Jen are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by peremption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

### FOURTH AFFIRMATIVE DEFENSE

Del-Jen pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA—R.S. 29:771, and/or other Louisiana law.

### FIFTH AFFIRMATIVE DEFENSE

Del-Jen specifically denies the existence of any defect or defects that would render travel trailers unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

### SIXTH AFFIRMATIVE DEFENSE

Del-Jen asserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210) and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss, respectively, as if pleaded herein, *in extenso*, and asserts that all claims contrary to the orders are precluded.

**SEVENTH AFFIRMATIVE DEFENSE**

Solely in the alternative, in the event the Court finds any plaintiff has suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the plaintiff through misuse and/or abuse and/or lack of care of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by plaintiff or reduce any recovery by her respective percentage of fault.

**EIGHTH AFFIRMATIVE DEFENSE**

Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Del-Jen is not responsible.

**NINTH AFFIRMATIVE DEFENSE**

Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

All of the claims asserted against Del-Jen. are perempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiff's lease agreement with FEMA.

**ELEVENTH AFFIRMATIVE DEFENSE**

Del-Jen further pleads that plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

**TWELFTH AFFIRMATIVE DEFENSE**

Claims against Del-Jen are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any express warranty obligations that may be owed by Del-Jen are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, plaintiffs have failed to mitigate their damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Del-Jen specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In the event that discovery reveals the following, Del-Jen specifically pleads that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

In the event that discovery reveals the following, Del-Jen specifically pleads that any alleged fault, negligence and/or strict liability attributed to Del-Jen, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Alternatively, Del-Jen affirmatively avers that in the event it is found liable in any way to plaintiff, which is denied, any liability on their part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are improperly joined with the claims of numerous other individuals and the joinder does not comply with Federal Rule of Civil Procedure 20. Thus, her claims must be severed from the claims of the other named plaintiffs.

**TWENTIETH AFFIRMATIVE DEFENSE**

Del-Jen specifically denies liability under Mississippi law, including but not limited to the Mississippi Product Liability Act (MCA §11-1-63), the negligence and/or strict liability laws of Mississippi, the express warranty law of Mississippi, the implied warranty law of Mississippi, any and all Mississippi laws regarding medical monitoring, and any and all Mississippi laws regarding punitive and/or exemplary damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Del-Jen specifically denies liability under Alabama law, including but not limited to the Alabama Extended Manufacturer's Liability Doctrine, the express warranty law of Alabama, the implied warranty law of Alabama, any and all Alabama laws regarding medical monitoring, and any and all Alabama laws regarding punitive and/or exemplary damages.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted against Del-Jen under the Louisiana Products Liability Act ("LPLA"), as plaintiff has not and cannot alleged any set of facts that would establish that Del-Jen was a "manufacturer" within the meaning of the LPLA.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Del-Jen specifically denies liability under Texas law, including but not limited to the Texas Products Liability Act, the express warranty law of Texas, the implied warranty law of Texas, any and all Texas laws regarding medical monitoring, and any and all Texas laws regarding punitive and/or exemplary damages.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred in whole or in part to the extent that any award of punitive damages, to the extent they are even pled in Plaintiff's First Supplemental and Amending Complaint for Damages, would be unconstitutional because the standards utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of intervening and/or superseding cause.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for negligence under Louisiana law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted because Del-Jen owed no actionable duty to the plaintiff.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted inasmuch as plaintiff has not specifically claimed any current injury but rather has generally claimed unspecified current and future injuries.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim a claim upon which relief can be granted to the extent that plaintiff seeks to recover attorneys' fees, which are not recoverable against Del-Jen under Louisiana law, and plaintiff has not alleged any other theory of liability through which they can recover attorneys' fees against Del-Jen.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff specifically seeks property or economic damages under Louisiana law inasmuch as such claims are precluded.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted to the extent that it is determined that plaintiff previously filed and/or has pending another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted on grounds that Del-Jen is a contractor that performed its work in accordance with the plans and/or specifications of FEMA.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted inasmuch as plaintiff failed to make any particularized allegations regarding her injuries and damages and failed to make any particularized allegations connecting any particular plaintiff to conduct of Del-Jen.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted to the extent that plaintiff alleges strict liability as there is no basis under Louisiana law for the same.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiff knew or should have known of her cause of action more than one year before the referenced action was filed, rendering all claims prescribed under Louisiana law.  Plaintiff is not entitled to claim any tolling of the applicable prescriptive period as against Del-Jen during the pendency of the putative class action.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted inasmuch as Del-Jen was not a manufacturer of any travel trailer units.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted inasmuch as plaintiff's allegation that Del-Jen was a manufacturer of travel trailers is factually incorrect; Del-Jen was a maintenance contractor for Fluor and the contract expired on June 30, 2006.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted inasmuch as Del-Jen's maintenance duties expired on June 30, 2006.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, were caused or occasioned by known and open and obvious risks, which the Plaintiff voluntarily assumed.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred in whole or in part to the extent that the award of punitive damages, to the extent they are even pled by the Plaintiff, would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

7. The standards of conduct upon which punitive damages are sought are vague.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The exact damages/losses claimed by the plaintiff are unknown to Del-Jen, Inc., and thus Del-Jen cannot adequately determine all defenses that may be applicable to the plaintiff's claims.

Therefore, Del-Jen expressly reserves by this reference the right to raise additional defenses to the extent that:

    a.    Additional defenses become applicable under state and federal law;

    b.    Additional defenses are established as discovery proceeds; and

    c.    Additional defenses are available under subsequently asserted theories of recovery.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Del-Jen requests a trial by jury.

**WHEREFORE**, having fully answered, defendant, Del-Jen, Inc., prays that its Answer be deemed good and sufficient and demands judgment in its favor dismissing the claims of plaintiffs with prejudice, at plaintiffs' sole cost, and for all other general and equitable relief, including, but not limited to, all reasonable attorneys' fees.

    Respectfully submitted,

    */s/ Richard E. King*

    **RICHARD E. KING (#25128)**
    **DAVID M. MORAGAS (#29633)**
    **MATTHEW J. LINDSAY (#30599)**
    **GALLOWAY, JOHNSON, TOMPKINS,**
        **BURR & SMITH**
    701 Poydras Street, Suite 4040
    New Orleans, Louisiana  70139
    Telephone: (504) 525-6802
    Facsimile:  (504) 525-2456

    *Counsel for Defendant,*
    *Del-Jen, Inc..*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 18th day of November, 2010, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**