UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 18731 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | MAGISTRATE CHASEZ |
| *Eric Forsythe, Jr., ind. and o/b/o the minor, E.F.* | * | |
| *vs. Sun Valley, Inc., et al.*, EDLA No. 10-3833 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

Plaintiffs request leave to amend the complaint in the above-referenced case to add causes of action against two additional insurance company defendants pursuant to Louisiana's Direct Action Statute.  The entities to be added are Colony National Insurance Company and Westchester Surplus Lines Insurance Company, both of which are insurers of Defendant Sun Valley, Inc., and would show as follows:

**I.
INTRODUCTION**

Defendant Sun Valley, Inc., was dissolved in 2009.  *See* Brotherson letter, attached as "Exhibit A".  All of Sun Valley's remaining assets have been liquidated and distributed to trade creditors.  *See* "Exhibit A".  Prior to Sun Valley's dissolution, Colony National Insurance Company and Westchester Surplus Lines Insurance Company each issued Sun Valley a liability policy covering the periods in which Plaintiffs resided in the Sun Valley FEMA trailers.  The only Sun Valley assets now available to pay a settlement or judgment on behalf of the FEMA MDL plaintiffs

consist of the proceeds of these two insurance policies. Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Plaintiffs may directly sue these insurance companies for the damages caused by their insured, Sun Valley. The amendment to the complaint proposed by Plaintiffs adds the direct causes of action against Sun Valley's insurers.

## II.
## ARGUMENT AND AUTHORITIES

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. In the case of the above-referenced MDL plaintiffs, justice requires leave to file their amended complaint to preserve the insurance coverage available to the dissolved Defendant Sun Valley. Leave to amend Plaintiffs' complaint should therefore be granted. *See Id.* Louisiana's "Direct Action Statue grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Green v. Auto Club Group Ins. Co.*, 24 So.3d 182, 184 (La. 2009). A direct action against the insurer is sustainable pursuant to La. R.S. 22:1269(B)(1)(b) where the insured is insolvent. *Marchand v. Asbestos Defendants*, --- So.3d ----, 2010 WL 2858668, at *4-5 (La.App. 4 Cir. 2010). Defendant Sun Valley was dissolved, and is now insolvent. *See* "Exhibit A". Plaintiffs therefore have the right to sue Sun Valley's insurers directly. *See Id.* The proposed amended complaint adds direct causes of action against Colony National Insurance Company and Westchester Surplus Lines Insurance Company, Sun Valley's insurers. *See* Proposed First Amended Complaint for Damages, attached as "Exhibit B". Because the added causes of action are necessary to assert Plaintiffs' right of direct action against Defendant Sun

2

Valley's insurers, leave should be granted to file the proposed amended complaint. *Foman*, 371U.S. at 182.

### III.
### CONCLUSION

Defendant Sun Valley is now an insolvent and dissolved corporation. The only assets available to satisfy a judgment against Sun Valley in the FEMA MDL are the proceeds of two insurance policies. Plaintiffs seek to protect this coverage by amending their complaint to add direct causes of action against Sun Valley's insurers as allowed by the Louisiana Direct Action Statute. Plaintiffs therefore request leave to file their amended complaint.

Respectfully submitted,

LAW OFFICES OF SIDNEY D. TORRES, III,
*A PROFESSIONAL LAW CORPORATION*

By: _____s/ Roberta L. Burns_____
SIDNEY D. TORRES, III, La. Bar No. 12869
ROBERTA L. BURNS, La. Bar No. 14945
DAVID C. JARRELL, La. Bar No. 30907
8301 West Judge Perez Drive, Suite 303
Chalmette, LA 70043
Telephone: (504) 271-8421
Facsimile: (504) 271-1961
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                                               s/ Roberta L. Burns
                                                                                 ROBERTA L. BURNS