UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N (5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *This document applies to all cases* | * | MAG. CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COLONY NATIONAL INSURANCE COMPANY'S MEMORANDUM
IN OPPOSITION TO "PLAINTIFFS' MOTION TO ENJOIN CONFLICTING
COURT PROCEEDINGS IN ELKHART COUNTY, INDIANA
THAT INTERFERE WITH THIS COURT'S
CONTINUING JURISDICTION OVER THIS LITIGATION"**

Colony National Insurance Company ("Colony"), files this memorandum in opposition to "Plaintiffs' Motion to Enjoin Conflicting Court Proceedings In Elkhart County, Indiana that Interfere with this Court's Continuing Jurisdiction over this Litigation" (the "Motion to Enjoin"). For the reasons discussed below, the relief sought by Plaintiffs should be denied.

**I.      INTRODUCTION**

Plaintiffs cite a plethora of cases in their memorandum in support of their Motion to Enjoin.   While impressive by their sheer number, those cases merely state general legal propositions, <u>none</u> of which are on point.   Moreover, the Plaintiffs fail to show how those

general propositions in those cases apply at all to Colony's declaratory judgment action filed in Indiana.

Canvassing the cases cited by Plaintiffs reveal various situations where federal courts supposedly had the authority to enjoin state court proceedings under the particular facts of the case. However, in discussing when a federal court has proper authority to enjoin a state court action, those cases speak of state court proceedings that <u>so interfere</u> with a federal court's consideration or disposition of a case as to <u>seriously impair</u> its flexibility and authority to decide a case; that might render the exercise of the federal court's jurisdiction <u>nugatory</u>; that <u>defeat</u> or present a <u>special threat</u> to the jurisdiction of the federal court; that threaten to <u>interfere</u> with the federal court's handling of federal litigation; that <u>undermine</u> or <u>jeopardize</u> a settlement; that <u>frustrate</u> orders previously issued by the federal court in its exercise of jurisdiction; that <u>nullify</u> the district court's rulings; or that would <u>cripple</u> the federal judiciary. Memorandum at 7-10, 12. As shown below, none of those concerns apply with respect to the Indiana declaratory judgment action. Rather, under the facts and law applicable to this issue, the enjoining of the Indiana state court proceedings would be entirely inappropriate, unprecedented and well in excess of any legal authority.

## II. AN INJUNCTION IS PROHIBITED BY THE ANTI-INJUNCTION ACT—NO EXCEPTION TO THE ACT APPLIES

Any federal court that considers granting an injunction to stay proceedings of a state court must abide by the dictates of the Anti-Injunction Act, 28 U.S.C. § 2283. That Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Anti-Injunction Act is an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of three specifically enumerated exceptions in the Act. *See Fulford v. Transp. Servs. Co.*, 412 F.3d 609, 612 (5th Cir. La. 2005); *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 445 F. Supp. 2d 356, 359 (S.D.N.Y. 2006). The exceptions are to be construed narrowly, and any doubts as to the propriety of enjoining state court proceedings is resolved in favor of permitting the state court to continue. *Id.*

Plaintiffs apparently rely upon the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act.[1] Under that exception, the Fifth Circuit has identified a threat to federal court jurisdiction in only two circumstances, "where a state proceeding threatens to dispose of property that forms the basis for federal in rem jurisdiction," *Brennan's, Inc. v. Brennan*, 629 F. Supp. 2d 634, 640 (S.D. Miss. 2009) (citing *Texas v. United States*, 837 F.2d 184, 186 n.4 (5th Cir. 1988) (citing *Signal Properties, Inc. v. Farha*, 482 F.2d 1136, 1140 (5th Cir. 1973)), and where the state proceeding threatens the continuing superintendence by a federal court, such as in a school desegregation case, *id.* (citing Wright & Miller Federal Practice & Procedure § 4225). Suits dealing with disputes over insurance contracts are *in personam* actions, not in rem or quasi in rem proceedings, or actions where the litigation itself could be treated as a *res*. *SR Int'l* at 360. Generally, the Anti-Injunction Act bars an injunction in *in personam* actions, as the

---

[1] There does not appear to be any dispute that the "expressly authorized by Act of Congress," or "protect or effectuate its judgments" exceptions do not apply. Among other things, this Court has not entered any applicable judgments.

injunction would not be necessary in aid of the federal court's jurisdiction.  *Id.*  Courts have refused to treat insurance proceeds as a res for purposes of the Anti-Injunction Act.  *Id.* at 361.

Nevertheless, it has been held that an injunction might be appropriate in certain circumstances in multidistrict actions, when those actions are in a very advanced stage in the litigation.  For example, an injunction might be appropriate where the MDL action was on the verge of settlement and an injunction would be necessary to prevent a state court from so interfering with the federal court's consideration or disposition of the case as to seriously impair the federal court's flexibility and authority to decide that case.  *See id.* at 360.; *see also Ret. Sys. v. J.P. Morgan Chase & Co.*, 386 F.3d 419 (2d Cir. N.Y. 2004) (even if the defendants had demonstrated that a prompt settlement in the MDL litigation was likely, they failed to explain how the district court's injunction was necessary to protect that prospective settlement; the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act did not permit the district court to enjoin state court proceedings simply to preserve its trial date); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir. Pa. 1998) (noting that an injunction might be proper in cases where the federal court had already approved or conditionally approved its own settlement or the approval was imminent; that was not the situation in that case, and the court accordingly held that the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act did not apply).

Assuming that the Fifth Circuit would permit a federal court to enjoin a state court where the MDL action in the federal court had already settled or was on the verge of settlement, that is not the situation in this case.  The Plaintiffs have certainly not shown that this case is on the

4

verge of settlement. Besides, the purpose of the aid-of-jurisdiction exception to the Anti-Injunction Act is not simply to enable a federal court to be the first to decide a possible future issue or to prevent litigation merely because it is duplicative. *See SR Int'l* at 360; *see also Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 641 (U.S. 1977). Further, the possibility of inconsistent judgments is not an interference with a court's jurisdiction because the doctrine of res judicata provides a way for the court to deal with prior judgments. *See Vendo* at 642. It is interesting to note that the Plaintiffs have had three years to add Colony as a party, but have only done so now in response to learning of the Indiana declaratory judgment action.

Even if the MDL action were on the verge of settlement, and it is not, Plaintiffs have failed to show that the Indiana state court proceedings would jeopardize such settlement, or otherwise so interfere with this Court's consideration or disposition of the case as to seriously impair its flexibility and authority to decide the case. With regard to any declaratory judgment entered by the Indiana state court regarding coverage under the Colony policies, the Plaintiffs have failed to show that they would be bound by such judgment. Assuming that they were not bound by such judgment, that alone would defeat any argument by Plaintiffs that this Court must enjoin the Indiana state court proceedings. Specifically, if the Plaintiffs are not bound by a declaratory judgment entered by the Indiana state court, they obviously could suffer no irreparable harm as a result of such judgment, and such judgment could not so interfere with this Court's consideration or disposition of this case as to seriously impair its flexibility and authority to decide the case.

### III.   THE PLAINTIFFS FAIL TO OFFER ANY FACTUAL OR LEGAL SUPPORT FOR THEIR ARGUMENTS

The Plaintiffs state in conclusory fashion that the declaratory judgment action "clearly" frustrates the orders of this Court and "certainly" hinders the Court's efforts to provide a consistent resolution among the parties to the litigation. Memorandum at 11. However, the Plaintiffs offer no real explanation as to how the declaratory judgment action does those things. They speculate that should the state court proceedings be allowed to proceed, it might result in "duplicative and cumbersome discovery efforts". Even assuming that to be the case, it is difficult to see how duplicative or cumbersome discovery efforts would so interfere with this Court's consideration or disposition of the case as to seriously impair its flexibility and authority to decide the case; and Plaintiffs fail to show how it would. To the contrary, the Indiana state court could determine that Colony has no duty to defend based upon minimal, if any, discovery.

The Indiana declaratory judgment action involves a relatively simple coverage dispute. In that action, Colony is asserting in part that it has no duty to defend Sun Valley in the instant litigation based upon the allegations in the Plaintiffs' complaint filed in the instant action. Under Indiana law, if the allegations in the tort complaint against an insured reveal that the claimant's claim is clearly excluded under the policy, then the insured's liability insurer is not required to provide a defense for its insured in the tort action. *See Liberty Mut. Ins. Co. v. OSI Indus., Inc.*, 831 N.E.2d 192, 198 (Ind. Ct. App. 2005). Under Louisiana law, courts essentially utilize the "Eight Corners Rule," where the court must assess "whether there is a duty to defend by

applying the allegations of the complaint to the underlying policy without resort to extrinsic evidence." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. La. 2009).

For purposes of illustration, the Colony policies do not cover "bodily injury" or "property damage" which "would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'hazardous materials' at any time." The definition of "hazardous materials" includes "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. . . ." To the extent the Plaintiffs allege that Sun Valley caused them "bodily injury" or "property damage" (as defined in the policies) based upon alleged exposure to formaldehyde, Colony contends such allegation would fall directly within the Hazardous Materials exclusion thereby relieving it of any duty to defend Sun Valley in this litigation. Colony's duty to defend could be determined based upon a simple comparison of the allegations of the Plaintiffs' complaint filed in this action and the terms of the Colony. It would not rely upon the resolution of any facts in the instant case.

Further, Plaintiffs even admit that since Colony's action involves a coverage dispute there will be very few, if any, witnesses. Memorandum at 15. Thus, the Plaintiffs' argument that the Indiana state court proceedings must be enjoined due to the possibility of "duplicative and cumbersome discovery efforts" fails not only based upon the nature of the state court proceedings, but upon Plaintiffs' very own admission. Therefore, the Plaintiffs' purported concern about the potential for duplicative and cumbersome discovery efforts is unwarranted and disingenuous.

The Plaintiffs also claim that the Indiana declaratory judgment action "may" result in an "inconsistent ruling" regarding coverage under the Colony policies.  However, as the case law above clearly holds, the possibility for an inconsistent ruling is not a sufficient ground for enjoining state court proceedings. *See Vendo* at 642.  Plaintiffs fail to explain how the possibility for an inconsistent ruling so interferes with this Court's consideration or disposition of the case as to seriously impair its flexibility and authority to decide the case, defeats this Court jurisdiction, cripples this Court, etc.  In any event, even assuming that inconsistent rulings are possible, Plaintiffs have failed to show that they would be bound by a declaratory judgment action entered by the state court in Indiana.  Thus, the possibility of an inconsistent ruling poses no concern for the Plaintiffs.

The Plaintiffs' memorandum contains an extended discussion of the declaratory judgment action involving Northfield and North American Catastrophe Service, Inc.  Memorandum at 13.  The facts regarding that matter are entirely different than those involving the issue at hand, and offer no support whatsoever for the Plaintiffs' position.  The insured, NACS, filed a declaratory judgment action against Northfield in this litigation.  The pertinent question was whether Northfield could have the venue of the coverage action transferred to Florida for matters of convenience.  That situation, unlike the subject situation, did not involve a separate action filed in another state by an insurance carrier where only the insurer and insured were parties, and where the action was filed prior to any similar action in the MDL litigation.  The Northfield/NACS venue matter did not involve the issue whether the federal court could enjoin the state declaratory judgment proceedings; rather, it concerned the consideration of various

factors in deciding whether venue should be transferred for convenience of the parties. The Plaintiffs' discussion of the coverage dispute between Northfield and NACS in this case is plainly inapposite.

Even if the principles discussed by the Plaintiffs relating to the Northfield/NACS venue matter are relevant, and they are not, those principles weigh in favor of letting the Indiana action proceed. Plaintiffs state that the parties to the declaratory judgment proceeding would be inconvenienced by litigating the case in Indiana because Colony is not domiciled in Indiana. However, Plaintiffs fail to point out that it would be <u>more</u> convenient for the insured to litigate coverage in Indiana, where it is domiciled. Moreover, possible inconvenience to Colony by litigating the case in Indiana is a non-issue, as after all, it chose to file the case there. Plaintiffs also mention that since the Indiana proceedings involve a coverage dispute, very few if any witnesses would be inconvenienced. Memorandum at 15. That fact actually supports Colony's position, and defeats the Plaintiffs' argument that duplicative and cumbersome discovery efforts will be necessary if the Indiana state court proceedings were not enjoined. Memorandum at 11.

Plaintiffs further argue that it is not clear whether Indiana law would apply to the insurance contracts at issue. Plaintiffs fail to cite any cases or present any facts showing that there would be doubt on the issue. Even if there were doubt, it is inconsequential as all courts (including Indiana state courts) are equally capable of applying the law of another jurisdiction when ruling on contract issues.

Finally, Plaintiffs assert that Colony consented to suit in Louisiana under Louisiana law with respect to the policies issued to Sun Valley. Plaintiffs offer no support for that erroneous

statement other than mentioning the "coverage territory" phrase in the Colony policies.   The Colony policies, subject to their other terms, exclusions, conditions and limitation, provide that the insurance applies to "bodily injury" and "property damage" only if the "bodily injury" and "property damage" is "caused by an 'occurrence' that takes place in the 'coverage territory'" The phrase "coverage territory" includes the United States.   The "coverage territory" requirement limits coverage provided by the policies, it could hardly be characterized as a clause whereby Colony automatically consents to suit under the law of the state where an action is filed. More accurately, Colony recognizes that its policies could be construed under different state's laws, but only after the proper application of the appropriate choice of law rules of the forum.

Plaintiffs' entire discussion of the Northland/NACS venue matter underscores their failure to apprehend the gravity of having a federal court enjoin the proceedings of a state court. As discussed above, a federal court's authority to enjoin state court proceedings is narrowly proscribed.   The consideration of that matter does not involve common issues of venue, but involves questions of federalism, comity and judicial respect, and this must be kept in proper prospective when deciding whether to command the Indiana state court not to proceed.

**IV.    PLAINTIFFS   FAIL   TO   DEMONSTRATE   COMPLIANCE   WITH   THE REQUIREMENTS OF RULE 65, FED.R.CIV.P.**

The All Writs Act does not free a district court from the restraints of Rule 65 of the Federal Rules of Civil Procedure.  *See Florida Medical Asso. v. U. S. Dep't of Health, Education & Welfare*, 601 F.2d 199, 202 (5th Cir. Fla. 1979); *Investcom Consortium Holding SA v. Wilmot*, 2009 U.S. Dist. LEXIS 30958 (S.D. Tex. Apr. 3, 2009).   Thus, when seeking an injunction

pursuant to the All Writs Act, a plaintiff must still comply with the requirements of Rule 65. Plaintiffs do not even address Rule 65 in their memorandum, and in any event, cannot comply with that rule's requirements.

A plaintiff seeking a preliminary injunction must establish: "(1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." (footnote omitted) *Investcom* at \*7 -\*8 (citing *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008) (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)).  A preliminary injunction will be granted only if the movant has "clearly carried the burden of persuasion" with respect to all four requirements. *Karaha Bodas*, 335 F.3d at 363.  If the movant fails to establish any one of the above four prerequisites, injunctive relief will not be granted.  *Investcom* at \*8 (citations omitted).

      **a.**     **Substantial Likelihood of Prevailing on the Merits**

In order to prevail on their request for a preliminary injunction, Plaintiffs must show by a preponderance of the evidence that they have a substantial likelihood of success at a trial on the merits.  *See Investcom* at \*10.  This means that the Plaintiffs must demonstrate a likelihood of success on the claims pending in <u>this Court</u> notwithstanding the fact that the Plaintiffs are relying upon the All Writs Act in seeking an injunction.  *Id*. at \*11.

Plaintiffs recently filed a motion to amend their complaint to add Colony as a party. The court granted the motion, but as of the filing of this memorandum, Colony has not been served with process. Thus, Colony is not yet a party to this action.

The Plaintiffs' second amended complaint contains one count against Colony. In that count, Plaintiffs allege that Colony is liable as the insurer of Sun Valley pursuant to Louisiana's direct action statute, LSA-R.S. 22:1269. Plaintiffs are aware of the coverage issues between Colony and Sun Valley relating to this litigation, as they have presumably reviewed Colony's complaint filed in the Indiana state court proceeding. Nevertheless, Plaintiffs fail to comment in their memorandum on whether they have a substantial likelihood of success at a trial on the merits with respect to their action against Colony. Having failed to make any showing whatsoever as to this Rule 65 requirement, Plaintiffs' request for an injunction should summarily be denied.

### b.   Irreparable Harm

Plaintiffs must demonstrate that there is a substantial threat of irreparable injury if the injunction they are seeking is not granted. *See Investcom* at *12-*13. In order to establish a substantial threat of irreparable injury or harm, the Plaintiffs must clearly show some concrete injury or harm resulting from Colony's actions. *Id.* at *13. That is, they must show injury that is actual and imminent, not speculative or remote. *Id.*

Plaintiffs do no provide any evidence establishing that there is a substantial threat of irreparable injury if this Court does not enjoin the Indiana state court proceedings. As indicated previously, Plaintiffs offer nothing more than general and conclusory statements on the law

involving injunctions as to state court proceedings, and speculative and unfounded arguments on how the Indiana state court proceedings might possibly affect this Court.  They fail to demonstrate any injury as a result of the Indiana action filed by Colony, let alone injury that is concrete, actual and imminent.  In addition, as noted above, Plaintiffs have failed to show that they would be bound by any judgment entered by the Indiana state court.  Assuming that to be the case, the Plaintiffs certainly could not be irreparably harmed by such judgment.  Even if the Indiana court's entry of a declaratory judgment could be deemed to cause Plaintiffs irreparable injury, and it would not, such decision would not constitute "interference" that is sufficient to overcome the obstacle of the Anti-Injunction Act.  *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 960 F.2d 1286, 1300 (5th Cir. Tex. 1992).  Thus, Plaintiffs also fail to meet this Rule 65 requirement.

> **c.      Balance of Harm**

The Plaintiffs must also show that the threatened injury outweighs any harm that will result to Colony if the injunction is granted.  *Investcom* at *17.  In balancing the interests of the parties, "courts consider the competing claims of injury and balance the hardships on each party of either granting or withholding the requested relief."  *Id*. at *18 (citing *Tex. First Nat'l Bank v. Wu*, 347 F. Supp. 2d 389, 399 (S.D. Tex. 2004)).  Plaintiffs cannot make a sufficient showing to meet this Rule 65 requirement.  As explained multiple times previously, Plaintiffs have failed to demonstrate any threatened injury.

On the other hand, Colony would suffer undue harm should this Court enjoin the Indiana state court proceeding.  Colony would be unjustly deprived of litigating a overage dispute in the

forum of its choosing against its insured, an Indiana domiciliary, with regard to an insurance contract issued for delivery in Indiana.  Colony would also be unjustly deprived of the rights and benefits conferred by the Anti-Injunction Act.  As stated before, if an injunction were issued by this Court it would be entirely inappropriate, unprecedented and well in excess of any legal authority.

### d.    Public Interest

The Plaintiffs must also demonstrate that a preliminary injunction will not disserve the public interest.  *Id*. at *19.  Plaintiffs cannot make that showing. An injunction under these circumstances would disserve the public interest because it would be entered without proper grounds and contrary to the Anti-Injunction Act.

### e.    Posting a Bond

Finally, movants who obtain a preliminary injunction must post a bond to secure the non-movant against any wrongful damages it suffers as a result of the injunction.  Fed.R.Civ.P. 65(cc); *Investcom* at *9.  Plaintiffs have failed to acknowledge such obligation in their Motion to Enjoin and accompanying memorandum.

## V.    CONCLUSION

When one wades through the numerous citations and extensive argument set forth by Plaintiffs, one finds that their memorandum contains little if any substance related to the actual facts of this case.   Ultimately, the Plaintiffs offer no compelling reasons supporting their contention that the Indiana state court proceedings should be enjoined.  To the contrary, the

applicable facts and law plainly show the impropriety of enjoining the Indiana state court proceedings.  For the foregoing reasons, the Court should deny Plaintiffs' motion.

Respectfully Submitted,

Of Counsel                                     /s/ James R. Sutterfield

Sutterfield and Webb, L.L.C.              /s/ James R. Sutterfield
                                           James R. Sutterfield, T.A. #12597
                                           650 Poydras Street, Suite 2715
                                           New Orleans, Louisiana  70130
                                           Telephone:     (504)598-2715
                                           Facsimile:      (504)529-7197

Gramovot & Takacs, P.L.                   /s/ Larry I. Gramovot
                                           Larry I. Gramovot
                                           1400 Village Square Blvd., No. 3-405
                                           Tallahassee, Florida  32312-1231
                                           Telephone: (850) 325-1914
                                           Facsimile: (850) 866-386-6321

                                           **COUNSEL FOR COLONY NATIONAL
                                           INSURANCE COMPANY**