UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER  FORMALDEHYDE  PRODUCTS LIABILITY  LITIGATION | * * * * | MDL NO. 1873  SECTION: N (5)  JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO:  *This document applies to all cases* | * * | MAG. CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY MEMORANDUM TO COLONY NATIONAL INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN**

MAY IT PLEASE THE COURT:

Plaintiffs reply to Colony National Insurance Company's Memorandum in Opposition to Plaintiff's Motion to Enjoin as follows:

Colony National Insurance Company's ("Colony") argument that the All Writs Act requires a district court to comply with the requirements set forth in Rule 65 of the Federal Rules of Civil Procedure is misplaced.[1] An important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has the proper jurisdiction.[2] The power to

---

[1] The cases cited by Colony do not apply to the instant matter. Specifically, the court in *Florida Medical Assoc, Inc. v. U.S. Dept. of Health, Education and Welfare*, 601 F.2d 199 (5th Cir. Fl. 1979), the court largely ignored the issue of whether Fed. R. Civ. Proc. 65 applied to the All-Writs Act, and instead concentrated on the issue that Rule 65 should apply to the particular vehicle being used for an injunction in that case – an ancillary writ of injunction with its basis in ancillary jurisdiction. In *Investcom Consortium Holding SA*, also cited by Colony, the case involved an injunction being sought to prevent parties from pursuing a parallel action in a foreign court in the country of Ghana. *Investcom Consortium Holding SA v. Wilmot*, No. H-08-2786, 2009 WL 958725 (S.D. Tex. April 3, 2009). The court in *Investcom* simply declined to extend the use of the All Writs Act to that particular set of facts, due to the fact that it involved a foreign court. *Investcom Consortium Holding SA v. Wilmot*, No. H-08-2786, 2009 WL 958725 (S.D. Tex. April 3, 2009), Note 2.  It should be noted that the *Investcom* court also noted *Sector Navigation Co. v. M/V Captain P.*, No. 06-1788, 2007 WL 854311, at *2 (E.D.La. March 15, 2007) (refusing to issue an anti-suit injunction when foreign suit was first filed).

[2] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); U.S. v. New York Telephone Co., 434 U.S. 159, 373 (1977) ("The power conferred by the Act, extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action

bind non-parties distinguishes injunctions issued under the Act from injunctions issued in situations in which the activities of the third parties do not interfere with the very conduct of the proceeding before the court.[3]

Injunctions issued under the authority of the All-Writs Act stem from very different concerns than those motivating preliminary injunctions governed by Fed. R. Civ. Proc. 65.[4] Preliminary injunctions under Rule 65 are designed to preserve the status quo between the parties before the court pending a decision on the merits of the case at hand.[5] In contrast, injunctions issued under the All-Writs Act are needed to prevent third parties from thwarting the court's ability to reach and resolve the merits of the federal suit before it.[6] Moreover, there is a difference between the power to enjoin an unrelated non-party pursuant to the All-Writs Act and the narrower authority delineated by Fed. R. Civ. Proc. 65(d).[7] Fed. R. Civ. Proc. 65 was not intended to impose such a limit on the court's authority provided by the All-Writs Act to protect its ability to render a binding judgment.[8]

Although Rule 65 does not apply to injunctions issued under the All-Writs Act against non-parties whose actions would impair the court's jurisdiction, the requirements that an injunction be specific and definite enough to apprise those within its scope of the conduct that is being proscribed,[9] and that those subject to the injunction receive appropriate notice of its

---

to hinder justice"); *Vuitton et Fils S.A. v. Carousel Handbags*, 592 F.2d 126, 129 n. 6 (2d Cir. 1979); *U.S. v. Hall*, 472 F. 2d 261, 265 (5th Cir. 1972).
[3] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F. 2d 29, 34-35 (1st Cir. 1980); *Heyman v. Kline*, 444 F. 2d 832, 832-33 (2nd Cir. 1930).
[4] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); *In re Johns-Manville Corp.*, 27 F. 3d 48 (2nd Cir. 1994).
[5] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985).
[6] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985).
[7] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985).
[8] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); *U.S. v. Hall*, 472 F. 2d 261, 266; *Herrlein v. Kanakis*, 526 F. 2d 252, 255 (7th Cir. 1975).
[9] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); *Diapulse Corp. of America v. Carba, Ltd.*, 626 F.2d 1108, 1111 (2nd Cir. 1980).

terms.[10]  The normal standard of specificity required for an injunction is that "the party enjoined must be able to ascertain from the four corners of the order precisely what acts" are forbidden.[11]  In addition, however, in judging the specificity of an injunction, a court on appeal will give it "no greater effect than that explicitly attributed to it by the district judge."[12]  To the extent that there is any doubt, the injunction will be construed narrowly.[13]

In conclusion, based on the extensively-briefed facts of this matter of which this Honorable Court is well aware, the requirements of Fed. R. Civ. Proc. 65 do not apply to injunctions issued under the All-Writs Act.  Moreover, Colony received appropriate notice of the specifics of the conduct sought to be proscribed, as evidenced by Colony's Memorandum in Opposition to Plaintiffs' Motion to Enjoin.

**WHEREFORE**, Plaintiffs pray that their Motion to Enjoin be GRANTED.

Respectfully submitted:

        **FEMA TRAILER FORMALDEHYDE**
        **PRODUCT LIABILITY LITIGATION**

        BY:    s/Gerald E. Meunier
                  GERALD E. MEUNIER, #9471
                  **PLAINTIFFS' CO-LIAISON COUNSEL**
                  Gainsburgh, Benjamin, David, Meunier &
                  Warshauer, L.L.C.
                  2800 Energy Centre, 1100 Poydras Street
                  New Orleans, Louisiana 70163
                  Telephone:    504/522-2304
                  Facsimile:     504/528-9973
                  gmeunier@gainsben.com

                  s/Justin I. Woods
                  JUSTIN I. WOODS, #24713

---

[10] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985).
[11] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); *Sanders v. Air Line Pilots Assoc.*, 473 F. 2d 244, 247 (2nd Cir. 1972).
[12] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); *Redac Project 6426, Inc. v. Allstate Ins. Co.*, 412 F. 2d 1043, 1048 (2nd Cir. 1969).
[13] *In re Baldwin-United Corp.*, 770 F.2d 328 (2nd Cir. 1985); 11 C. Wright & A. Miller, Federal Practice & Procedure § 2955 at 538 (1973).

**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:  504/522-2304
Facsimile:  504/528-9973
jwoods@gainsben.com


**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## CERTIFICATE OF SERVICE

      I hereby certify that on <u>     December 3, 2010     </u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                            s/Gerald E. Meunier  
                                                            GERALD E. MEUNIER, #9471