UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873 |
| THIS DOCUMENT RELATED TO<br>Sheila M. Spiers, et al<br>Member Case No. 2:10-cv-04125 | SECTION "N" (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUNNYBROOK RV'S OPPPOSITION TO PLAINTIFFS' MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, comes defendant, SunnyBrook RV, Inc., who respectfully files its Opposition to Plaintiff Sheila M. Spiers, et al.'s Motion to Remand the instant suit to the Circuit Court of Pearl River County, Mississippi on the following grounds:

I.

### BACKGROUND

On June 1, 2010, plaintiff, Sheila Spiers, individually, and on behalf of four minor children (hereafter, collectively "Spiers"), filed suit in the Circuit Court of Pearl County, Mississippi, against Motex Enterprises, Inc., Keystone Industries, Inc., SunnyBrook RV, Inc., Madison Services, Inc., Bechtel National, Inc. and John Doe 1-50, alleging that plaintiffs were exposed to higher than normal levels of formaldehyde in the temporary housing units occupied

by plaintiffs after Hurricane Katrina on August 29, 2005, resulting in alleged physical and emotional pain and suffering. (Rec. Doc. 17882-1, Plaintiffs' Exhibit "A".).

Suit was subsequently removed to the United States District Court for the Southern District of Mississippi on September 17, 2010 by Bechtel National, Inc. ("Bechtel") pursuant to the federal officer statute, 28 U.S.C. §1442(a)(1) or, in the alternative, pursuant to 28 U.S.C. 1332, as amended, the Class Action Fairness Act ("CAFA")[1] Then, on October 27, 2010, the Spiers litigation was conditionally transferred to the *In Re: FEMA Trailer Formaldehyde Products Liability Ligation* as part of the Multi-District Litigation ("MDL") in the Eastern District of Louisiana. (Rec. Doc. #17392).

Plaintiffs filed their Motion to Remand on November 10, 2010 (Rec. Doc. #17882) claiming variously that: 1) The Removal procedure was defective as the thirty-day period "begins to run as soon as the first defendant is served", which would be defendant SunnyBrook RV, Inc.; 2) Defendants did not timely join in the Removal; 3) Spiers was not a "mass action" under CAFA[2]; and, 4) Bechtel is not a "federal officer" pursuant to statute.

## II.

## LAW/ARGUMENT

**A.     The Removing Party, Bechtel National, Inc., is the Sole Defendant Entitled to Remove the Instant Action under 28 U.S.C. 1442.**

The right of removal under 28 U.S.C. 1442(a)(1) is absolute. *Willingham v. Morgan*, 89 S. Ct. 1813, 395 U.S. 402 (1969), *on remand*, 424 F2d. 200 (CA 19, 1970); C.F. *Akin v. Ashland*

---

[1] Rec. Doc. #1, SD MS, Civ. Action 10-cv-449.
[2] This allegation will be addressed by Bechtel National, Inc.

*Chemical Company*, 156 F.3d 1030, 1035 (CA 10, 1998); *cert.* denied, 119 S. Ct. 1756, citing *City of Aurora v. Erwin*, 706 F.2d 295, 296 (CA 10, 1983). The thirty-day period in which removal must be filed does not begin to run until <u>the defendant entitled to remove under 28 U.S.C. 1442 has notice of sufficient facts presented by the plaintiff which entitles the defendant to federal officer removal</u>. (Emphasis ours.) *Durham v. Lockheed Martin Corp., et al.*, 445 F.3d 1247, 1254 (CA 9, 2006).

Plaintiffs argue that Bechtel National, Inc. (hereafter "Bechtel") should have removed the suit thirty days after SunnyBrook RV, Inc., which is not a federal officer[3], was served with the summons. Plaintiffs here confuse a timely removal with a timely consent by another party who is not the removing party, to the removal. In fact, under the law, Bechtel is the only defendant entitled to remove this matter pursuant to 28 U.S.C. 1442, as it has federal officer status as a contractor for the Federal Emergency Management Administration ("FEMA"). Plaintiffs' allegations against Bechtel arise out of Bechtel's contractual engagement by FEMA to haul and install these trailer units. (See plaintiffs' Exh."E", Rec. Doc.#17882-5 through #17882-14 and the Complaint for Damages, Rec. Doc. #17882-1).

The fact that an earlier served defendant may have failed to timely remove the matter is immaterial under 28 U.S.C. 1442. *Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 843 (S.D. Ill. 2006); *Plourde v. Ferguson*, 519 F.Supp. 14, 16 (D. Md. 1980). The earliest possible notice of its potential federal officer right of removal as it relates to plaintiffs herein, was the day of

---

[3] Contrary to plaintiffs' assertions, SunnyBrook RV, Inc. did not contract with FEMA for the purchase of trailers units. All SunnyBrook RV, Inc. units were purchased by its dealers, as will be shown at trial.

3

service of the Complaint on Bechtel on August 19, 2010.[4]  Bechtel filed its Notice of Removal on September 17, 2010, less than thirty days after it received notice of service of suit. Thus, the removal was timely.

**B.      28 U.S.C. 1442 Grants an Exception to the General Rule that All Defendants Must Consent to Removal**

Plaintiffs also contend that Bechtel's Notice of Removal was defective because, among other particulars, "not all Defendants timely joined in the removal". However, 28 U.S.C. 1442 grants an exception to the general rule that all defendants must consent to removal. *Akin v. Ashland Chemical Company*, 156 F.3d 1030 (10 Cir. 1998) *certiorari denied* 119 S.Ct. 1756, 526 U.S. 1112; *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F. 2d 150, 152 (CA 5, 1965) ("[I]t is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court.") *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (CA 9, 1981) ("...since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court."). See also *Durhan, supra.*, at 1253. (Whereas all defendants must consent to removal under section 1441, a federal officer or agency defendant can unilaterally remove a case under section 1442) (citations omitted). Thus, this Notice of Removal of the case to the United States District Court for the Southern District of Mississippi is timely filed and in proper form.

---

[4] Plaintiff cites Rec. Doc. #17882-4, Exh. "D" at p. 2; however, this document was not filed into the record.

4

Moreover, undersigned counsel wrote to plaintiffs' attorney, Rose Hurder, on September 1, 2010, after her legal assistant spoke to opposing counsel's office on August 25 and August 26, 2010. The September 1, 2010 letter requested an informal extension of time to September 24, 2010 to file responsive pleadings on behalf of SunnyBrook RV (Exh. "1"). Plaintiffs' counsel graciously granted the thirty-day extension to SunnyBrook RV to September 24, 2010. (See Exh. "2").

Further, although not required as shown above, in an abundance of caution, SunnyBrook RV, Inc. filed its Consent to Removal on September 20, 2010, before its time to file responsive pleadings had expired and a few days after Bechtel had removed the matter to federal court in Mississippi.

Thus, the time not only to remove this action to federal court but to answer is irrelevant inasmuch as SunnyBrook RV, Inc. was not entitled to removal as it does not enjoy federal officer status and SunnyBrook RV, Inc.'s filing of its Consent to Remove the instant suit was not required under the federal officer statute.

## III.

## CONCLUSION

While aware of the Multi-District Litigation in the Eastern District of Louisiana involving FEMA Trailer Formaldehyde Products Liability Litigation, plaintiffs' counsel have continued to file numerous lawsuits in Mississippi State Court alleging that their clients have been exposed to above average levels of formaldehyde while living in FEMA-supplied trailers. These suits have been removed to federal court in Mississippi by FEMA contractors, such as Bechtel, who have

invoked the federal officer removal statute. The suits, in turn, are transferred into the MDL in this Honorable Court

Bechtel's entitlement to remove this action as a federal officer is indisputable and it did so timely. SunnyBrook RV, Inc. was granted an extension of time to answer or to file responsive pleadings until September 24, 2010. In the interim, Bechtel was served with the Complaint and removed the action within the thirty-day limit. SunnyBrook RV, Inc. joined in the Removal although it was not required to do so. The removal action was legally and procedurally correct and timely.

Accordingly, in view of the foregoing, plaintiff Sheila M. Spiers, et al.'s Motion to Remand should be denied by this Court.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

By: /s/ Cynthia J. Thomas
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Fax: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant,*
*SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of December, 2010, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

```
(   ) Hand Delivery          (   ) Facsimile
(   ) Prepaid U.S. Mail      (   ) UPS/Federal Express
( X ) Electronic Mail        (   ) Certified Mail, Return Receipt Requested
```

/s/ Cynthia J. Thomas
**CYNTHIA J. THOMAS**