UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | |
|     LITIGATION | * | SECTION:  N(4) |
| | * | |
| This Document Relates to: | * | JUDGE: ENGELHARDT |
| *Melissa Sommerville, et al. v. Gulf Stream Coach* | * | |
| *Inc., et al., Case No. 10-4119* | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### GULF STREAM COACH, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**NOW INTO COURT,** through undersigned counsel, comes defendant, Gulf Stream Coach, Inc., ("Gulf Stream") and, with a full reservation of rights, files this Opposition to Plaintiffs' Motion to Remand and, based on the laws and facts stated herein, avers that this matter has been properly removed to this Court on the following grounds:

(1)  There is no procedural defect present in Gulf Stream's Notice of Removal.

    (a)  All consents to Gulf Stream's Removal were timely filed.

    (b)  The Removal clearly cites federal jurisdiction under 28 U.S.C. §1442(a). This statute provides an exception to the general rule under 28 U.S.C. §1441 that all defendants must consent to removal. This right of removal is absolute and the timing of any consent filed by another defendant is irrelevant.

### I.  Background

On or about June 01, 2010, the plaintiffs filed a Complaint for Damages entitled *"Mellisa Sommerville, et al v. Gulf Stream Coach Inc., et al.,"* in the Circuit Court for the County of Hancock, State of Mississippi.[1] On August 25, 2010, Gulf Stream properly removed this matter to the Federal Court for the Southern District of Mississippi ("the Removal").[2] Plaintiffs filed a motion

---

1  *See* Plaintiffs' Complaint for Damages, Record Document #17822-2, 2:07-md-01873-KDE-ALC.
2  *See* Gulf Stream's Notice of Removal, attached here as *Exhibit "A."*

1

to remand in this matter on September 24, 2010, alleging that the Removal was procedurally deficient.

On October 19, 2010, the United States Judicial Panel on Multidistrict Litigation conditionally transferred the case to the Eastern District of Louisiana for inclusion in the ongoing multidistrict litigation entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL docket number 07-1873. On November 5, 2010, the plaintiffs re-filed their Motion to Remand. Rec. Doc. 17834. Gulf Stream respectfully submits that the Motion should be denied, and this Honorable Court should retain jurisdiction over the instant lawsuit.

## II.     There is no procedural defect present in Gulf Stream's Notice of Removal.

In their Memorandum in Support, Plaintiffs state that the defendants in this matter failed to satisfy the procedural requirements necessary to justify removal. In support of this conclusion, Plaintiffs cite that "[r]emoval requires that all defendants then served join or consent to removal within thirty days of receipt of the complaint or other paper." As shown below, all defendants in this matter satisfied the thirty-day delay requirement. Furthermore, the requirement that all defendants must consent to removal within thirty days of initial services is not applicable to this matter as Gulf Stream has a good faith claim for removal under 28 U.S.C. §1442.

### A.     All consents to Gulf Stream's Removal were timely filed.

Plaintiffs cite *Getty Oil Corp,* which holds that each defendant in a case must communicate its consent to a removal with the court no later than 30 days from the date on which the first defendant was served. *Getty Oil Corp. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).[3] *Getty Oil Corp.* goes further to state that it is not necessary that all defendants sign the actual Removal, so long as each defendant makes some timely filed written indication that it consents to the removal. *Id.*

---

[3]     *See* Plaintiffs' Memorandum of Authorities in Support of Motion to Remand, Record Document #17834-5.

2

Case 2:07-md-01873-KDE-MBN Document 18469 Filed 12/07/10 Page 3 of 6

Gulf Stream was the first defendant served on August 06, 2010.[4] Thus, the thirty-day delay ostensibly ended on September 05, 2010. However, when the final day of the period is a legal holiday, the period continues to run until the next date that is not a weekend or legal holiday. As stated in Rule 6 of the Federal Rules of Civil Procedure:

> **(A)** **Computing Time:** The following rules apply in computing any time period specified in these rules, in any local or court order, or <u>in any statute that does no specify a method of computing time</u>.
>
> **(1)** *Period States in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
>
> **(c)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday.

Here, September 05, 2010, fell on a Sunday. The following Monday, September 06, 2010, was Labor Day – a recognized legal holiday.[5] Thus, the "last day" for filing a consent to Gulf Stream's removal was the next day, September 07, 2010. All defendants in this matter filed written notice of their consent to Removal with this Court by September 07, 2010.

The plaintiffs' only argument to refute Gulf Stream's position is to argue that defendant, CH2M Hill Constructors, Inc. ("CH2M Hill"), failed to consent to removal until September 08, 2010.[6] However, CH2M Hill filed a document entitled "CH2M Hill Constructors, Inc.'s Joinder in and Notice of Additional Grounds for Removal" on September 07, 2010.[7] This document was filed again on September 08, 2010, due to a technicality with the signature block. Nevertheless, the

---

[4] See *Exhibit "B,"* a date stamped copy of the front page of Plaintiffs' Complaint sent to Gulf Stream, and accompanying certified mailing receipt, Record Document #1-2, 1:10- cv-424-HSO-JMR .

[5] Federal Rules of Civil Procedure for District Courts, Rule 6(a)(6)(A) specifically recognizes Labor Day as a "Legal Holiday."

[6] *See* Plaintiffs' Memorandum of Authorities in Support of Motion to Remand, Record Document #17834-5, 2:07-md-01873-KDE-ALC, page 4.

[7] *See* CH2M Hill's Joinder in and Additional Grounds for Removal, attached as *Defendant's Exhibit "C."* This document was filed with the Southern District of Mississippi on September 07, 2010, prior to this matter being transferred to this Court.

3

original consent filed on September 07, 2010, by CH2M Hill satisfies the standard set in *Getty Oil Corp, supra,* by giving the Court timely filed written indication of CH2M Hill's intent to consent in Gulf Stream's removal.[8]

> **B. The Removal clearly cites federal jurisdiction under 28 U.S.C. §1442(a). This statute provides an exception the general rule under 28 U.S.C. §1441 that all defendants must consent to removal. This right of removal is absolute and the timing of any consent filed by another defendant is irrelevant.**

Gulf Stream's removal dedicates four pages to its absolute right of removal under the federal contractor statute, 28 U.S.C. §1442(a).[9]

Under this section, the right of removal is absolute whenever suit in state court is for any act under color of federal office, regardless of whether suit could originally have been brought in federal court; and federal jurisdiction rests on federal interest in enforcement of federal law through federal officials. *Willingham v. Morgan*, 89 S.Ct. 1813, 395 U.S. 402, 23 L.Ed.2d 396 (U.S. 1969), *on remand* 424 F.2d 200. Federal officer removal constitutes an exception to the general removal rule which would require all defendants to join in the removal petition; this statutory exception allows a federal officer independently to remove a case to federal court even though that officer is only one of several named defendants, as the Congressional policy permitting federal officer removal could easily be frustrated by simply joining non-federal defendants unwilling to remove if consent of codefendants were required. *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998), *certiorari denied* 119 S.Ct. 1756, 526 U.S. 1112, 143 L.Ed.2d 788. Thus, the filing of the petition for removal by a single federal officer removes the entire case to federal court. *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150 (5th Cir.

---

[8] It is important to note that the Federal Fifth Circuit has held that exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1985). Regardless, CH2M complied with its obligation to consent within 30 days.

[9] *See* Exhibit A, pages 5-9.

4

1965).

The federal jurisprudence cited above clearly indicates that the right of removal under 28 U.S.C. §1442(a) is absolute and the joining in or consenting to by other named defendants has no bearing on the originating defendant's right of removal. Therefore, the requirement that all defendants must consent to removal within thirty days of initial services is not applicable to this matter, in its entirety, as Gulf Stream has a good faith claim for removal under 28 U.S.C. §1442. In their Motion to Remand, Plaintiffs fail to oppose Gulf Stream's right of removal under 28 U.S.C. §1442, amounting to a tacit admission of jurisdiction.

Furthermore, Plaintiffs have logged no argument against the substantive merits of removal under 28 U.S.C. §1332 and 28 U.S.C. §1442. As seen above, there was no procedural deficiency with Gulf Stream's Motion to Remove and CH2M's consent. Therefore, removal is proper in this matter, and this Court properly has jurisdiction over the plaintiffs' claims against Gulf Stream.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc**

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of December, 2010, a copy of the foregoing Memorandum in Support of Gulf Stream Coach, Inc.'s Opposition to Plaintiffs' Motion to Remand was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock

ANDREW D. WEINSTOCK #18495
andreww@duplass.com