UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 25 2010
J. T. NOBLIN, CLERK
BY_____ DEPUTY

MELISSA SOMMERVILLE, on Behalf
of Her Minor Child, CR                                    PLAINTIFFS

VERSUS                              CIVIL DOCKET NO. 1:10CV425 LG-RHW

GULF STREAM COACH, INC.,
CH2M HILL CONSTRUCTORS, INC.,
AND JOHN DOE 1-50                                         DEFENDANTS

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), and with a full reservation of rights, files this Notice of Removal and avers that this matter is hereby removed to this Court on the following grounds:

1.

On June 1, 2010, Plaintiffs, through attorney Edward Gibson of the firm of Hawkins, Stracener & Gibson, PLLC, filed the original Complaint for Damages in this action, entitled *"Melissa Sommerville, on behalf of her minor child, CR v. Gulf Stream Coach, Inc., et al."* and bearing Docket Number A2401-2010-175, (the "Complaint"), in the Circuit Court for the First Judicial District of Harrison County, Mississippi.

2.

This Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Engelhardt, Section N(5) *[In re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL No. 07-MD-01873- KDE-ALC (E.D. La.)].

3.

Gulf Stream was served with the Summons on August 6, 2010. A copy of this Summons and the Complaint served upon Gulf Stream is attached hereto as Exhibit "A" in accordance with 28 U.S.C. § 1446(a).

4.

Co-defendant, CH2M Hill Constructors, Inc. ("CH2M Hill"), was served with process on its registered agent on August 19, 2010. CH2M Hill consents to this removal, and will file a joinder to the removal. No other defendants have been served in this matter at this time.

### DIVERSITY JURISDICTION

5.

Gulf Stream is removing this matter in part pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

6.

The Complaint admits that Plaintiff is a citizen of Harrison County, Mississippi. *See* Complaint at ¶ 1 attached as Exhibit "A."

7.

Defendant, Gulf Stream, is a foreign corporation, incorporated in the State of Indiana with its principal place of business in Nappanee, Indiana. *Id.* at ¶ 2.

8.

Defendant, CH2M Hill Constructors, Inc. is a foreign corporation, incorporated in the State of Delaware, with its principle place of business in Colorado. *Id.* at ¶ 3.

9.

Plaintiffs also list as defendants, John Does 1-10. *Id.* at ¶ 4. However, Plaintiffs have failed to make any effort to specifically identify these John Does in the Complaint, and give no specificity as to their involvement in the allegations arising in the Complaint. Under federal law, these John Does cannot be used to destroy diversity. 28 U.S.C. §1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

10.

Therefore, complete diversity exists between the parties.

11.

The Petition does not allege that the amount in controversy falls below $75,000.00.

12.

Although Gulf Stream denies liability to the Plaintiffs, upon information and belief, the amount in controversy, exclusive of costs and interests, exceeds $75,000.00. Plaintiffs seek damages for past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairment and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during a period of displacement from a natural disaster. *See* Complaint at ¶ 89. In addition, Plaintiffs seek punitive and exemplary damages. *Id.* at ¶ 90.

13.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332 is met when it is "facially apparent" from a reading of the complaint that

3

the plaintiffs' claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In *In re 1994 Exxon Chemical Fire*, the Fifth Circuit held that satisfaction of the jurisdictional amount is "facially apparent" in chemical exposure cases when plaintiffs seek the following category of damages:

> "individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance; expenses incurred by reason of illness caused by the nuisance; fear and apprehension of further exposure to, and impact from, hazardous chemicals; economic and financial harm; loss of enjoyment of life and peaceful use of property; and, other consequential, incidental, general, and special damages."[1]

The listed damages cited by the Fifth Circuit in *In re 1994 Exxon Chemical Fire* closely mirror the listed damages alleged by Plaintiffs here, justifying this removal under the "facially apparent" standard set forth in *Allen, supra*. Indeed, the Plaintiffs here assert one additional category of damages above and beyond those asserted in *In re 1994 Exxon Chemical Fire*. Plaintiffs here have alleged "past and future physical impairments and disability."[2] *See also Aisola v. Exxonmobil Corp.*, No. 08-1105, 2009 WL 1455788, at *1 (E.D. La. 05/22/09).

14.

Thus, it is readily apparent from the face of the Complaint that Plaintiffs' alleged damages, if proven as a matter of law and fact, would exceed the sum of $75,000 and Plaintiffs cannot show that they are legally certain not to be able to recover that amount. Furthermore, the above analysis does not take into account Plaintiffs' request for punitive/exemplary damages, which, if granted, would certainly increase the overall amount in controversy. Thus, both the

---

[1] *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009)
[2] The Fifth Circuit has noted that emotional distress, functional impairment, and disability are the kinds of damages that if alleged, "support a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 851 (5th Cir. 1999).

4

"complete diversity" and the "jurisdictional amount" requirements of 28 U.S.C. §1332 are satisfied and removal is proper in this matter.

15.

Gulf Stream alternatively shows that removal is proper under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and this Court has alternative bases for jurisdiction in this matter, as follows:

a. Removal is proper under 28 U.S.C. §1442 and this Court has jurisdiction because while CAFA's primary aim is the removal of most class action lawsuits to federal court, *see* 28 U.S.C. § 1453 (2008), the act sanctions the removal of "mass actions," as well. 28 U.S.C. § 1332(d)(11)(A) (2008). CAFA defines a mass action as any civil action in which it is proposed to jointly try monetary relief claims of 100 or more persons on the grounds that the claims involve common questions of law or fact. *Id.* § 1332 (d)(11)(B)(i). CAFA deems any action fitting that description removable to federal court. *Id.* § 1332 (11)(A);

b. CAFA mass action removal requirements include minimal diversity, an aggregate $5 million amount in controversy, a significant interstate impact, and several others. *Id.* § 1332 (d)(2)-(10). When the normal class action requirements are added to the definition, four requirements emerge as necessary for an action to become a mass action: (1) an aggregate amount in controversy of $5 million, (2) minimal diversity, (3) at least 100 plaintiffs, and (3) a commonality requirement that the plaintiffs' claims involve common questions of law or fact. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1202-03 (11 Cir. 2007); *see also* 28 U.S.C. §

5

1332(d). Civil actions that include these four elements are removable "mass actions" under CAFA;

c. The subject matter of this litigation is currently the subject of approximately 4,000 suits, involving over 10,000 plaintiffs consolidated in Multi-District Litigation pending in the United States District Court for the Eastern District of Louisiana, captioned "In Re FEMA Trailer Formaldehyde Products Liability Litigation," MDL Docket No. 1873, and assigned to the Honorable Kurt D. Engelhardt. It is estimated that the litigation will encompass over 50,000 individual plaintiffs, including the Plaintiffs herein, once the Panel issues a tag along Order; and

d. Accordingly, the four requirements for a mass action are met: there is minimal diversity between the Plaintiffs and Defendants, there are more than 100 Plaintiffs alleging claims with common issues of law and fact, and the aggregate amount in controversy easily exceeds $5,000,000.

## FEDERAL OFFICER REMOVAL STATUTE

16.

Removal is also proper under 28 U.S.C. § 1442. Three requirements must be met to invoke the federal officer removal statute: (1) the defendant must be a "person" within the meaning of §1442(a)(1); (2) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiffs' injuries; and (3) the defendant must have a colorable federal defense. *Williams v. Todd Shipyards Co.,* 154 F.3d 416, 1998 WL 526612, *2 (5th Cir. 1998) (citing *Mesa v. California,* 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103

L.Ed.2d 99 (1989)).³ All three requirements exist in this instance. *See, e.g., Isaacson v. DOW Chemical Co.*, 517 F.3d 129 (2d Cir. 2008) (finding removal proper under Section 1442(a)(1) where the defendant was a government contractor and its colorable federal defense was based upon the government contractor defense); *Miller v. Diamond Shamrock Chemical Co.*, 275 F.3d 414 (5th Cir. 2001) (same); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-401 (5th Cir. 1998) (same); *Williams v. Todd Shipyards Corp.*, 154 F.3d 416, 1998 WL 526612 (5th Cir. 1998) (same).

17.

Gulf Stream qualifies as a "person" under Section 1442(a)(1). *See Winters v. Diamond Shamrock Chemical Company*, 149 So. 2d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under § 1442(a)(1)") (citation omitted).

18.

Gulf Stream was acting under color of federal authority when it is alleged to have performed the work that resulted in Plaintiffs' alleged injuries. Indeed, Plaintiffs' allegations against Gulf Stream arise out of Gulf Stream's contractual engagement by FEMA to "sell temporary housing units for provision to the Plaintiffs as temporary housing following Hurricane Katrina." *See* Complaint at ¶ 11. The Plaintiffs further allege "those units which

---

³ It should be noted that the right of removal under 28 U.S.C. § 1442(a)(1) is absolute. *Willingham v. Morgan*, 89 S.Ct. 1813, 395 U.S. 402 (1969) *on remand* 424 F.2d 200. The thirty-day period in which removal must be filed does not begin to run until the defendant entitled to remove under 28 U.S.C. § 1442 has notice of sufficient facts presented by the plaintiff which entitles the defendant to federal officer removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1255 (9th Cir. 2006). The earliest possible notice of its potential federal officer right of removal was the day of service of petition on Gulf Stream – August 6, 2010. The fact that an earlier served defendant may have failed to timely remove the matter is immaterial under 28 U.S.C. § 1442. *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d. 838, 843 (S.D. Ill. 2006); *Plourde v. Ferguson*, 519 F.Supp. 14, 16 (D. Md. 1980). 28 U.S.C. § 1442 grants an exception to the general rule that all defendants must consent to removal. *Akin v. Ashland Chemical Company*, 156 F.3d 1030 (10th Cir. 1998) *certiorari denied* 119 S.Ct. 1756, 526 U.S. 1112; *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F. 2d 150, 152 (5th Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F. 2d 1310, 1315 (9th Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court.").

were manufactured prior to the hurricane and those later manufactured and purchased by FEMA, deviated from the Government specifications pertaining to the safety of the unit as a residence." *Id.* at ¶ 13. Additionally, Plaintiffs allege that the housing units manufactured by Gulf Stream "contained dangerous levels of formaldehyde ... and posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months ..." *Id.* at ¶ 15. If Gulf Stream performed the manufacture, sale, transportation, installation, inspection, maintenance and/or repair of the FEMA trailers involved in this litigation (the "Work"), then the Work, as alleged by Plaintiffs, was performed pursuant to a federal contract between FEMA and Gulf Stream (the "Contract"), and Gulf Stream was acting under color of federal authority when performing under the Contract.

19.

Specifically, as terms of the grant of the Contract, FEMA approved and provided reasonably precise specifications regarding the manufacture of travel trailers. *See* Document HFSE04-04-Q-8000 attached here as Exhibit "B." Further, Gulf Stream performed this government work under FEMA's supervision and FEMA inspectors monitored and inspected the Work performed under the Contract. Moreover, FEMA maintained enforcement authority and substantively reviewed the Work performed by Gulf Stream.

20.

As a government contractor involved in the Hurricane Katrina disaster assistance provided by FEMA, Gulf Stream has available to it the government contractor defense.[4] *See In*

---

[4] For purposes of removal, Gulf Stream Coach, Inc. is not required to prove success on its defense. *Mesa*, 489 U.S. at 133; *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order

*re World Trade Center Disaster Site Litigation,* 521 F.3d 169, 197 (2d Cir. 2008) (applying the government contractor defense to "the disaster relief context due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects, as evidenced by the Stafford Act.").

21.

In accordance with the requirements of 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Gulf Stream will give written notice of this Notice of Removal to all adverse parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court for the First Judicial District of Harrison County, Mississippi.

**WHEREFORE,** Defendant, Gulf Stream Coach, Inc. prays that this matter be removed to the United States District Court for the Southern District of Mississippi for further proceedings and disposition.

Respectfully submitted,

GULF STREAM COACH, INC.

By: _____
One of Its Attorneys

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
WILLIAM TREY JONES, III, MSB No. 99185
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 960-6857
Facsimile: (601) 960-6902
tjones@brunini.com

---

to obtain removal"). Rather, Gulf Stream is only required to show a causal connection between the plaintiffs' claims and Gulf Stream's performance as a federal contractor; Gulf Stream has done so. *See Williams v. Todd Shipyards Co.,* 154 F.3d 416, 1998 WL 526612, *6 (5th Cir. 1998).

9

TAYLOR B. MCNEEL, MSB NO. 102737
P.O. Box 127
Biloxi, MS 39533-0127
Telephone: (228) 435-1198
Facsimile: (228) 435-0639
tmcneel@brunini.com

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)
3838 N. Causeway Boulevard, Suite 2900
Metairie, LA 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

SCANDURRO & LAYRISSON
TIMOTHY D. SCANDURRO(#18424)
DEWEY M. SCANDURRO (#23291)
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com

**COUNSEL FOR DEFENDANT, GULF STREAM COACH, INC.**

## CERTIFICATE OF SERVICE

I, Taylor B. McNeel, do hereby certify that I have this day mailed, by United States Mail, postage prepaid, a true and correct copy of the foregoing to the following counsel of record:

> John Hawkins, Esq.
> Hawkins, Stracener & Gibson, PLLC
> P.O. Box 24627
> Jackson, MS 39202
>
> Edward Gibson, Esq.
> Rose M. Hurder, Esq.
> Hawkins, Stracener & Gibson, PLLC
> 153 Main Street
> Bay St. Louis, MS 39520
>
> Gerardo R. Barrios, Esq.
> Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
> 3 Sanctuary Blvd., Suite 201
> Mandeville, LA 70471

This the 25th day of August, 2010.

_____
Taylor B. McNeel,
Attorney for Gulf Stream Coach, Inc.