UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MELISSA SOMMERVILLE, on behalf of Her Minor Child, CR | * * * | |
| Plaintiffs, | * | |
| vs. | * * | |
| GULF STREAM COACH, INC., CH2M HILL CONSTRUCTORS, INC., AND JOHN DOE 1-50 | * * * * | CIVIL DOCKET NO. 1:10cv425LG-RHW |
| Defendants. | * * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## CH2M HILL CONSTRUCTORS, INC.'S JOINDER IN AND NOTICE OF ADDITIONAL GROUNDS FOR REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes defendant, CH2M HILL Constructors, Inc. ("CH2M HILL"), and, with a full reservation of rights, files this Joinder in and Notice of Additional Grounds for Removal and avers that, based on grounds asserted in the Notice of Removal filed herein by Gulf Stream Coach, Inc. ("Gulf Stream") (Rec. Doc. 1) and the additional grounds provided herein, this matter has properly been removed to this Honorable Court.

### JOINDER IN REMOVAL

Defendant CH2M HILL hereby joins and concurs in the removal of this action. Defendant CH2M HILL further suggests that this action is a potential tag-along action in *In re*

- 1 -

*FEMA Trailer Formaldehyde Products Liability Litigation*, No. 07-MD-1873, currently pending in the United States District Court for the Eastern District of Louisiana.

## NOTICE OF ADDITIONAL GROUNDS FOR REMOVAL

1.

On June 1, 2010, plaintiffs, through attorney Edward Gibson of the firm of Hawkins, Stracener & Gibson, PLLC, filed their Complaint for Damages in this action, entitled *Melissa Sommerville, on behalf of her minor child, CR v. Gulf Stream Coach, Inc., et al.* and bearing Docket Number A2401-2010-175, ("the Complaint"), in the Circuit Court for the First Judicial District of Harrison County, Mississippi. A copy of the Complaint is attached hereto *in globo* as "Exhibit 1".

2.

For purposes of allotment, the Complaint arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Kurt Engelhardt, Section N(5) [*In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-md-01873-KDE-ALC (E.D. La.)].

3.

CH2M HILL was served with the Complaint on August 19, 2010. On August 25, 2010, defendant Gulf Stream timely and properly removed this matter to this Honorable Court in accordance with 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction (28 U.S.C. § 1332)

- 2 -

and the federal officer removal statute (28 U.S.C. § 1442(a)(1)). CH2M HILL avers that the Complaint is properly removed based on these additional grounds.

### FEDERAL OFFICER REMOVAL STATUTE: CONTRACTOR DEFENDANT

4.

This case is properly removed pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), which provides an exception to the general rule requiring that all defendants join in the removal. *Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court.").

5.

"[T]he right of removal under 28 U.S.C. § 1442 (a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in federal court. Federal jurisdiction rests on a 'federal interest in the matter' . . . ." *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

6.

Three requirements must be met to invoke the federal officer removal statute: (1) the defendant must be a "person" within the meaning of §1442(a)(1); (2) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiffs' injuries; and (3) the defendant must have a colorable federal defense. *Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989)). All three requirements exist in this instance. *See, e.g., Isaacson v. DOW Chemical Co.*, 517 F.3d 129 (2nd Cir. 2008) (finding removal proper under Section 1442(a)(1) where the defendant was a government contractor and its colorable federal defense was based upon the government contractor defense); *Miller v. Diamond Shamrock Chemical Co.*, 275 F.3d 414 (5th Cir. 2001) (same); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-401 (5th Cir. 1998) (same); *Williams v. Todd Shipyards Corp.*, 154 F.3d 416 (5th Cir. 1998) (same).

7.

CH2M HILL qualifies as a "person" under Section 1442(a)(1). *See Winters v. Diamond Shamrock Chemical Company*, 149 So. 2d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under § 1442(a)(1)") (citation omitted).

8.

CH2M HILL was acting under color of federal authority when it is alleged to have performed the work that resulted in plaintiffs' alleged injuries. Indeed, plaintiffs' allegations against CH2M HILL arise out of CH2M HILL's contractual engagement by FEMA to perform

- 4 -

"the transportation, installation, site identification and preparation of locations and group sites, preparation of infrastructure to handle the units, inspection of the temporary housing units, maintenance and repair, refurbishment and restoration, and the eventual de-installation and removal of the units." *See* Exh. "1," Complaint ¶¶ 23-24. If CH2M HILL performed the transportation, installation, inspection, maintenance or repair of the FEMA trailer(s) involved in this litigation (the "Work"), then the Work, as alleged by plaintiffs, was performed pursuant to a federal contract between FEMA and CH2M HILL (the "Contract"), and CH2M HILL was acting under color of federal authority when performing under the Contract.

9.

Specifically, FEMA approved and provided reasonably precise specifications regarding installation of travel trailers, and mandated the installation method complained of at ¶¶ 29-31 of the Complaint (*i.e.*, "blocking the unit"). Further, CH2M HILL performed this government work under FEMA's supervision and FEMA inspectors monitored and inspected the Work performed under the Contract. Moreover, FEMA maintained enforcement authority and substantively reviewed the Work performed by CH2M HILL. The Contract between CH2M HILL and FEMA is attached hereto as Exhibit "2."

10.

More specifically, the Contract provides detailed specifications, checklists, procedures and policies regarding delivery, installation, maintenance, and inspection of the FEMA trailers.[1]

---

[1] *See, e.g.,* Contract (Exh. "2") at Sections G.7 – Project Monitor; Section G.8 – Technical Direction and Surveillance; Section J, Attachment A – Performance Work Statement; and Section J, Attachment A – Performance Work Statement, Exhibits 1–15. Throughout performance of the Contract, FEMA modified and amended its policies and procedures with respect to the Work by contract

- 5 -

Exhibit 7 to Attachment A of the Contract, entitled "TRAVEL TRAILER INSTALLATION" provides precise direction as to the method of installing the units allegedly occupied by the plaintiffs, and these directions specifically mandate the "Blocking and Leveling" about which plaintiffs complain.[2]

11.

As a government contractor involved in the Hurricane Katrina disaster assistance provided by FEMA, CH2M HILL has available to it the government contractor defense.[3] *See In re World Trade Center Disaster Site Litigation*, 521 F.3d 169, 197 (2nd Cir. 2008) (applying the government contractor defense to "the disaster relief context due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects, as evidenced by the Stafford Act.").

**WHEREFORE,** defendant, CH2M HILL Constructors, Inc. consents to and joins in the Notice of Removal filed herein by Gulf Stream Coach, Inc., and provides this notice of additional grounds by which this matter has properly been removed to the United States District

---

modifications and verbal and written communication to CH2M HILL.

[2] *See* Contract (Exh. "2"), Attachment A, Exhibit 7, Section 2.1.2 "Blocking and Leveling."

[3] For purposes of removal, CH2M HILL is not required to prove success on its defense. *Mesa*, 489 U.S. at 133; *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, CH2M HILL is only required to show a causal connection between the plaintiffs' claims and CH2M HILL's performance as a federal contractor; CH2M HILL has done so. *See Williams v. Todd Shipyards Co.*, 154 F.3d 416 (5th Cir. 1998).

WMB 48345 v1
2900305-000004 09/07/2010

Court for the Southern District of Mississippi for further proceedings and disposition.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

_____/s/_____
Sheryl Bey, Esq. (MSB No. #9484)
4268 I-55 North
Meadowbrook Office Park
P. O. Box 14167
Jackson, Mississippi 39236
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following:

John Hawkins, Esq.
Hawkins, Stracener & Gibson, PLLC
john@hsglawfirm.net
Counsel for Plaintiffs

William Trey Jones, III
Brunini, Grantham, Grower & Hewes, PLLC
tjones@brunini.com
Counsel for Gulf Stream, Inc.

I further certify that I have mailed the document via the United States Postal Service to the following non-ECF participants:

Edward Gibson, Esq.
Rose M. Hurder, Esq.
Hawkins, Stracener & Gibson, PLLC
153 Main Street
Bay St. Louis, M 39520
Counsel for Plaintiffs

This 7th day of September, 2010.

        /s/
    Sheryl Bey

WMB 48345 v1
2900305-000004 09/07/2010