UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION N(5) |
| | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Melissa Sommerville, et al. v. Gulf Stream Coach, Inc., et al.* No. 10-4119 | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### CH2M HILL CONSTRUCTORS, INC.'S
### OPPOSITION TO MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes defendant, CH2M HILL Constructors, Inc. ("CH2M HILL") and, with a full reservation of rights, submits this opposition to Plaintiff's Motion to Remand (Rec. Doc. 17834[1]) and avers that, based on the laws and facts set forth below, this matter has been properly removed to this Court and Plaintiff's Motion should be denied.

---

[1] Plaintiff originally filed her Motion to Remand on September 24, 2010 in the U.S. District Court for the Southern District of Mississippi in *Sommerville v. Gulf Stream Coach, Inc., et al.,* No. 1:10-cv-425-LG-RHW (Rec. Doc. 7). After the case was transferred to this Court, plaintiff attempted to re-file her Motion to Remand on November 5, 2010 (Rec. Doc. 17822). However, because of a procedural deficiency, plaintiff was required to re-file her Motion to Remand on November 8, 2010 (Rec. Doc. 17834).

- 1 -

## INTRODUCTION

Plaintiff's sole argument in support of her Motion to Remand is that the Notice of Removal "failed to timely join all served Defendants in the removal."[2] However, this argument is flawed because removal under 28 U.S.C. § 1442(a)(1) does not require joinder or consent of any party. Gulf Stream Inc.'s ("Gulf Stream") Notice of Removal and CH2M HILL's Notice of Additional Grounds for Removal clearly invoked federal jurisdiction and removal under 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute").[3] As explained in Gulf Stream's and CH2M HILL's Notices, 28 U.S.C. § 1442(a)(1) provides an exception to the general rule under 28 U.S.C. § 1441 that all defendants must consent to removal.[4] Indeed, the right of removal under 28 U.S.C. § 1442(a)(1) is absolute and the timing of any consent or joinder by another defendant is irrelevant. Plaintiff's Motion to Remand does not dispute or challenge Gulf Stream's and CH2M HILL's substantive grounds for removal under 28 U.S.C. § 1442(a)(1). Plaintiff's sole argument in its Motion to Remand is thus fallacious inasmuch as the defendants cannot have failed to do something that is not required of them under 28 U.S.C. § 1442(a)(1). Accordingly, Plaintiff's argument fails and her Motion to Remand should be denied.

In the alternative, and out of an abundance of caution, CH2M HILL's joinder (for purposes of removal based on diversity jurisdiction only) was, indeed, timely filed inasmuch as CH2M HILL electronically filed its Joinder in and Notice of Additional Grounds for Removal on

---

[2] Rec. Doc. 17834-5, at p. 2.

[3] Rec. Doc. 1, at pp. 5-9 and Rec. Doc. 4, at pp. 3-7 in *Sommerville v. Gulf Stream Coach, Inc., et al.* No. 1:10-cv-425-LG-RHW. Copies of Gulf Stream's Notice of Removal (Rec. Doc. 1) and CH2M HILL's Joinder in and Notice of Additional Grounds for Removal (Rec. Doc. 4) are attached hereto as Exhibits A and B. These pleadings were filed with the U.S. District Court for the Southern District of Mississippi before this lawsuit was transferred to this Court by the U.S. Judicial Panel on Multidistrict Litigation.

[4] Rec. Doc. 1, at p. 7 n. 3 in *Sommerville* (Exh. A); Rec. Doc. 4, at p. 3 in *Sommerville* (Exh. B).

September 7, 2010[5], not September 8, 2010 as suggested by Plaintiff in her Motion to Remand. Through the Joinder filed on September 7, 2010, CH2M HILL provided this Court with written notice of CH2M HILL's unambiguous consent to and joinder in Gulf Stream's Notice of Removal. CH2M HILL's Joinder satisfied and complied with the standard set by U.S. Court of Appeals for the Fifth Circuit for joinders, namely, that there must be a timely filed written indication from each served defendant "that it has actually consented to such action."[6] Because of a technicality with the signature block perceived by the Clerk's office in the Southern District of Mississippi on September 8, 2010, CH2M HILL immediately re-filed the Joinder on that same day, as is specifically allowed under Rule 11(a) of the Federal Rules of Civil Procedure.[7] Indeed, Rule 11(a) specifically provides that pleadings with signature omissions may not be stricken if the omission 'is promptly corrected after being called to the attorney's or party's attention." Nonetheless, the original Joinder filed on September 7, 2010 satisfied the Fifth Circuit's standard by giving the Court timely filed written indication of CH2M HILL's consent to Gulf Stream's removal.

## BACKGROUND

On or about June 1, 2010, plaintiff filed her Complaint for Damages in this action, entitled *Melissa Sommerville, on behalf of her minor child, CR v. Gulf Stream Coach, Inc., et al.* and bearing docket number A2401-2010-175 ("the Complaint"), in the Circuit Court for the First Judicial District of Harrison County, Mississippi. Because the Complaint arises solely from operative facts that are the subject of this Court's FEMA Trailer Formaldehyde Products

---

[5] Rec. Doc. 4 in *Sommerville* (Exh. B).

[6] *Getty Oil Co. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

[7] Rec. Doc. 5 in *Sommerville*, a copy of which is attached hereto as Exhibit C.

Liability multidistrict litigation ("FEMA Trailer Formaldehyde MDL"),[8] on October 19, 2010, the U.S. Judicial Panel on Multidistrict Litigation issued Conditional Transfer Order No. 33 ("CTO-33") transferring this case to the FEMA Trailer Formaldehyde MDL in this Court.

CH2M HILL was served with the Complaint on August 19, 2010.  On August 25, 2010, defendant Gulf Stream timely and properly removed this matter to the U.S. District Court for the Southern District of Mississippi in accordance with 28 U.S.C. §§ 1441 and 1446 based on the Federal Officer Removal Statute (28 U.S.C. § 1442(a)(1)) and diversity jurisdiction (28 U.S.C. § 1332).[9]  On September 7, 2010, CH2M HILL timely filed a Joinder in and Notice of Additional Grounds for Removal.[10]  Plaintiff originally filed a Motion to Remand this matter on September 24, 2010 in the Southern District of Mississippi.[11]  After the case was transferred to the FEMA Trailer Formaldehyde MDL, plaintiff attempted to re-file the Motion to Remand in this Court on November 5, 2010.[12]  Because of a procedural deficiency, however, plaintiff was required to re-file her Motion to Remand on November 8, 2010.[13]

## ARGUMENT

---

[8] *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-md-01873-KDE-ALC (E.D. La.).

[9] Rec. Doc. 1 in *Sommerville* (Exh. A).

[10] Rec. Doc. 4 in *Sommerville* (Exh. B).

[11] Rec. Doc. 7 in *Sommerville*.

[12] Rec. Doc. 17822.

[13] Rec. Doc. 17834.

**I.      There is No Procedural Defect in Gulf Stream's Removal Because Joinder Is Unnecessary Under 28 U.S.C. § 1442(a)(1).**

Plaintiff's Motion to Remand demonstrates a fundamental misunderstanding of the principles of federal jurisdiction and the procedures for removal under 28 U.S.C. § 1442(a). Plaintiff makes only one argument in her memorandum in support of her Motion to Remand: "Plaintiff seeks remand on grounds that Gulf Stream's Notice of Removal was defective because it failed to timely join all served Defendants in the removal as required under 28 U.S.C. § 1446(b)."[14]

Plaintiff's argument fails at the outset because it is based on a faulty premise. Gulf Stream's Notice of Removal and CH2M HILL's Notice of Additional Grounds for Removal clearly invoked federal jurisdiction and removal under 28 U.S.C. § 1442(a)(1).[15] Although joinder and consent is required for general removal under 28 U.S.C. § 1441, it is well established that joinder and consent by other defendants is not required for removals based on 28 U.S.C. § 1442(a)(1). As set forth in Gulf Stream's Notice of Removal and in CH2M HILL's Joinder in and Notice of Additional Grounds for Removal,[16] courts have uniformly held that 28 U.S.C. § 1442(a)(1) provides an exception to the general rule under 28 U.S.C. § 1441 that would require all defendants to join in the removal. *See Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) ("… it is settled that the filing of a petition for removal by a single federal officer removes the

---

[14] Rec. Doc. 17834-5, at p. 2.

[15] Rec. Doc. 1, at pp 5-9 in *Sommerville* (Exh. A); Rec. Doc. 4, at pp. 3-7 in *Sommerville* (Exh. B).

[16] Rec. Doc. 1, at p. 7 n. 3 in *Sommerville* (Exh. A); Rec. Doc. 4, at p. 3 in *Sommerville* (Exh. B).

entire case to the federal court."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court."); *Hilbert v. McDonnel Corp.*, 529 F.Supp.2d 187, 195 (D. Mass. 2008) (removal under 28 U.S.C. § 1442(a)(1) "constitutes an exception to the general rule that removals must be unanimously agreed to by the defendants.")

As the U.S. Supreme Court has reasoned, "[T]he right of removal under 28 U.S.C. § 1442(a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in federal court. Federal jurisdiction rests on a 'federal interest in the matter' …" *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

The federal case law is thus abundantly clear that the right of removal under 28 U.S.C. § 1442(a)(1) is absolute and does not require the consent or joinder of other defendants. In her Motion to Remand, Plaintiff does not dispute the propriety of removal under 28 U.S.C. § 1442(a)(1) in this matter.[17]  Because this case has been removed under 28 U.S.C. § 1442 (a)(1), which plainly does not require joinder by other defendants, Plaintiff's argument based on CH2M HILL's alleged failure to timely join is fallacious and unavailing. Accordingly, CH2M HILL respectfully urges this Court to deny Plaintiff's Motion to Remand.

**II.     In the Alternative, CH2M HILL's Joinder for Purposes of Removal Based on Diversity Jurisdiction Was Timely.**

   **A.     CH2M HILL's Electronically Filed Joinder on September 7, 2010 Constitutes a Timely Written Indication that CH2M HILL Consented to and Joined in Gulf Stream's Removal.**

---

[17] Further argument related to the propriety of removal under 28 U.S.C. § 1442(a)(1) in this matter is, therefore, unnecessary. Nonetheless, out of an abundance of caution, CH2M HILL incorporates herein its Notice of Additional Grounds for Removal and all exhibits attached thereto (Exhs. B & C).

As shown above, because Gulf Stream removed this case to this Court under the Federal Officer Removal Statute, 28 U.S.C. § 1442 (a)(1), CH2M HILL's consent to or joinder in Gulf Stream's removal was not required. Nonetheless, for purposes of Gulf Stream's alternative grounds of removal based on diversity jurisdiction, 28 U.S.C. § 1332, CH2M HILL filed a joinder out of an abundance of caution in the event this Court ever decided that the Government Contractor Defense (the defense upon which CH2M HILL's and Gulf Stream's Federal Officer Removal is based) is entirely inapplicable to both the manufacturer and contractor defendants.[18]

As conceded by Plaintiff in her Motion to Remand, the well established standard for joinder in the Fifth Circuit is that "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Co. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

On September 7, 2010, CH2M HILL timely filed through the Mississippi Court's electronic filing system (CM/ECF) a pleading entitled "CH2M HILL Constructors, Inc.'s Joinder in and Notice of Additional Grounds for Removal."[19] In this Joinder, CH2M HILL explicitly stated: "Defendant CH2M HILL hereby joins and concurs in the removal of this action."[20]

---

[18] This is highly unlikely inasmuch as the Government Contractor Defense has already been included in the jury instructions for three of the bellwether trials in this MDL. *See Alana Alexander, et al. v. Gulf Stream Coach Inc., et al.*, No. 09-2892 (E.D. La.); *Lyndon Wright v. Forest River, Inc., et al.*, No. 09-2977 (E.D.La.); *Robin Lewis v. Gulf Stream Coach, Inc.*, No. 09-8320 (E.D.La.) (summary jury trial). Furthermore, this Court recently dismissed all of plaintiffs' maintenance claims in response to CH2M HILL's and the other government contractors' joint motion to dismiss plaintiffs' Third and Fourth Amended Administrative Master Complaints based on the Government Contractor Defense. *See* Court's Order and Response (Dec. 2, 2010) (Rec. Doc. 18426). This Court also previously twice granted motions for partial summary judgment based on the Government Contractor Defense in favor of contractor defendants on plaintiffs' negligent maintenance claims. *See* Court's Order and Reasons (Sept. 10, 2009) (Rec. Doc. 3205) and Court's Order (Feb. 24, 2010) (Rec. Doc. 11910).

[19] Rec. Doc. 4 in *Sommerville* (Exh. B).

[20] Rec. Doc. 4, at p. 1 in *Sommerville* (Exh. B).

Consistent with the standard recognized by the Fifth Circuit, CH2M HILL's electronically filed Joinder on September 7, 2010 obviously constituted a timely written indication and communication from CH2M HILL that it actually consented to and joined in Gulf Stream's removal. *See Getty Oil Corp.*, 841 F.2d at 1262 n. 11.[21] Accordingly, for purposes of removal based on diversity jurisdiction, CH2M HILL's joinder on September 7, 2010 was proper and timely under the Fifth Circuit's standard for joinder.[22]

### B. Pursuant to Fed. R. Civ. P. 11(a), CH2M HILL Re-filed its Joinder on September 8, 2010 Due to a Technicality in the Signature Block Perceived by the Southern District of Mississippi's Clerk's Office.

In an attempt to confuse the issue, Plaintiff incorrectly maintains – without any explanation – that CH2M HILL did not file its joinder of removal until September 8, 2010, and conspicuously omits any discussion of CH2M HILL's original joinder filed on September 7, 2010.[23]

Because of a technicality in the signature block perceived by the Clerk's office of the Southern District of Mississippi on September 8, 2010, the day after CH2M HILL filed its

---

[21] The Fifth Circuit has recognized that exceptional circumstances may permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. *See Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1985). Regardless, CH2M HILL filed an unambiguous written notification to this Court of its consent to and joinder in Gulf Stream's removal within the delays allowed by law.

[22] Although unclear from the face of Exhibit "B" to Plaintiff's Motion to Remand (Rec. Doc. 17834-2), plaintiff claims that Gulf Stream was served with the complaint on August 6, 2010. Assuming that Gulf Stream was indeed served on August 6, 2010, joinder to the remand based on diversity jurisdiction was due by September 7, 2010. (The end of the 30-day period fell on Sunday September 5, 2010 and Monday, September 6, 2010 was a Federal holiday, Labor Day. By operation of Rules 6(a)(1)(C) and 6(a)(6) of the Federal Rules of Civil Procedure, the time period continued to run until September 7, 2010.)

CH2M HILL notes, however, that in Plaintiff's Proof of Service addressed to CH2M HILL (attached as Exhibit "C" to Plaintiff's Motion to Remand), plaintiff represented that Gulf Stream was personally served on August 19, 2010, not August 6, 2010. *See* Rec. Doc. 17834-3. This would mean that joinder for purposes of removal based on diversity jurisdiction was not due until 30 days later on September 20, 2010. Plaintiff is thus precluded from now claiming that CH2M HILL's Joinder in and Notice of Additional Grounds for Removal is untimely, even if viewed as not received by the Court until September 8, 2010.

[23] Rec. Doc. 4 in *Sommerville* (Exh. B).

original Joinder, CH2M HILL immediately re-filed its Joinder on the same day as allowed by Rule 11 of the Federal Rules of Civil Procedure (and which was cited by the Clerk in its docket annotation).[24] Indeed, Rule 11 specifically provides that "[t]he court must strike an unsigned paper **unless the omission is promptly corrected after being called to the attorney's or party's attention**." (Emphasis added.)

CH2M HILL immediately remedied any perceived problems upon receiving notice. Thus, as demonstrated above, CH2M HILL's original Joinder electronically filed on September 7, 2010 satisfied the Fifth Circuit's standard for joinder by giving the Court timely filed written indication of CH2M HILL's intent to consent in Gulf Stream's motion.

## CONCLUSION

For the foregoing reasons, CH2M HILL avers that there is no procedural defect in Gulf Stream's removal and CH2M HILL's consent. Removal was proper in this matter and this Court properly has jurisdiction over plaintiff's claims. Accordingly, CH2M HILL respectfully urges this Court to deny Plaintiff's Motion to Remand this matter to the Circuit Court of Harrison County.

This, the 7th day of December, 2010.

        Respectfully submitted,

        **BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, P.C.**

---

[24] Rec. Doc. 5 in *Sommerville* (Exh. C). What appeared to be at issue for the Clerk's office of the Southern District of Mississippi was that the signature block in CH2M HILL's electronically filed original Joinder was as follows: "____/s/____, Sheryl Bey, Esq. (MSB No. #9484)." Rec. Doc. 4, at p. 7 in *Sommerville* (Exh. B). The re-filed Joinder was otherwise identical, except that the signature block was revised as follows: "___/s/ Sheryl Bey___, Sheryl Bey, Esq. (MSB No. #9484)." Rec. Doc. 5, at p. 7 in *Sommerville* (Exh. C).

/s/ Gerardo R. Barrios
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com


**ATTORNEYS FOR CH2M HILL CONSTRUCTORS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of December, 2010, a copy of the foregoing was sent via electronic mail and U.S. Mail to counsel for plaintiff, and via electronic mail to liaison counsel.

           /s/ Gerardo R. Barrios
           GERARDO R. BARRIOS