UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Brian Carpenter, et al. v. Doug Boyd*<br>*Enterprises, Inc., et al.* **No. 10-4118** | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CH2M HILL CONSTRUCTORS, INC'S
### OPPOSITION TO MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes defendant, CH2M HILL Constructors, Inc. ("CH2M HILL"), with a full reservation of rights, and in opposition to Plaintiffs' Motion to Remand (Rec. Doc. 17827)¹ joins in the Opposition To Plaintiffs' Motion To Remand (Rec. Doc. 18481) filed herein by Gulf Stream Coach, Inc. ("Gulf Stream") for all of

---

¹ Plaintiffs originally filed their Motion to Remand on September 24, 2010 in the U.S. District Court for the Southern District of Mississippi in *Carpenter, et al. v Doug Boyd Enterprises, Inc., et al.,* No. 1:10-cv-424-HSO-JMR (Rec. Doc. 13).  After the case was transferred to this Court, plaintiffs attempted to re-file their Motion to remand on November 5, 2010 (Rec. Doc. 17821).  However, because of a procedural deficiency, plaintiffs were required to re-file their Motion to Remand on November 8, 2010 (Rec. Doc. 17827).

the reasons cited therein. In further opposition to Plaintiffs' Motion to Remand (Rec. Doc. 17827) CH2M HILL would show as follows:

## INTRODUCTION

Plaintiffs' initial argument in support of their Motion to Remand is that the Notice of Removal "failed to timely join all served Defendants in the removal."[2] This argument is flawed inasmuch as removal under 28 U.S.C. § 1442(a)(1) does not require joinder or consent of any party. Gulf Stream's Notice of Removal and CH2M HILL's Notice of Additional Grounds for Removal clearly invoked federal jurisdiction and removal under 28 U.S.C. § 1442(a)(1) (the "Federal Officer Removal Statute").[3] As explained in Gulf Stream's and CH2M HILL's Notices, 28 U.S.C. § 1442(a)(1) provides an exception to the general rule under 28 U.S.C. § 1441 that all defendants must consent to removal.[4] Indeed, the right of removal under 28 U.S.C. § 1442(a)(1) is absolute and the timing of any consent or joinder by another defendant is irrelevant. Plaintiffs' initial argument is thus fallacious inasmuch as the defendants cannot have failed to do something that is not required of them. Accordingly, Plaintiffs' argument fails and his Motion to Remand should be denied.

In the alternative, and out of an abundance of caution, CH2M HILL's joinder (for purposes of removal based on diversity jurisdiction only) was, indeed, timely filed inasmuch as CH2M HILL electronically filed its Joinder in and Notice of Additional Grounds for Removal on

---

[2] Rec. Doc. 17827-9, at p. 2.

[3] Rec. Doc. 1, at pp. 7-9 and Rec. Doc. 9, at pp. 3-6 in *Carpenter v. Doug Boyd Enterprises, LLC., et al.* No. 1:10-cv-424-HSO-JMR. Copies of Gulf Stream's Notice of Removal (Rec. Doc. 1) and CH2M HILL's Joinder in and Notice of Additional Grounds for Removal (Rec. Doc. 9) are attached hereto as Exhibits A and B. These pleadings were filed with the U.S. District Court for the Southern District of Mississippi before this lawsuit was transferred to this Court by the U.S. Judicial Panel on Multidistrict Litigation.

[4] Rec. Doc. 1, at p. 7 n. 3 in *Carpenter* (Exh. A); Rec. Doc. 9, at p. 3 in *Carpenter* (Exh. B).

September 7, 2010[5], not September 8, 2010 as suggested by Plaintiffs in their Motion to Remand. Through the Joinder filed on September 7, 2010, CH2M HILL provided this Court with written notice of CH2M HILL's unambiguous consent to and joinder in Gulf Stream's Notice of Removal. CH2M HILL's Joinder satisfied and complied with the standard set by U.S. Court of Appeals for the Fifth Circuit for joinders, namely, that there must be a timely filed written indication from each served defendant "that it has actually consented to such action."[6] Because of a technicality with the signature block perceived by the Clerk's office in the Southern District of Mississippi on September 8, 2010, CH2M HILL immediately re-filed the Joinder on that same day, as is specifically allowed under Rule 11(a) of the Federal Rules of Civil Procedure.[7] Indeed, Rule 11(a) specifically provides that pleadings with signature omissions may not be stricken if the omission 'is promptly corrected after being called to the attorney's or party's attention." Nonetheless, the original Joinder filed on September 7, 2010 satisfied the Fifth Circuit's standard by giving the Court timely filed written indication of CH2M HILL's consent to Gulf Stream's removal.

Finally, Plaintiffs' argument that CH2M HILL has failed to establish that it acted under a federal contract wholly ignores paragraphs 8-11 of CH2M HILL's Joinder in and Notice of Additional Grounds for Removal (Exh. B), the FEMA Contract attached thereto, and Plaintiffs' own allegations to the contrary. Plaintiffs simply cannot be heard to say that CH2M HILL has failed to establish that it was acting under a federal contract. Indeed, allegations made by Plaintiffs in this very case, now made part of this MDL, were recently dismissed in response to

---

[5] Rec. Doc. 9 in *Carpenter* (Exh. B).

[6] *Getty Oil Co. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

[7] Rec. Doc. 10 in *Carpenter*, a copy of which is attached hereto as Exhibit C.

CH2M HILL's and the other government contractors' joint motion to dismiss plaintiffs' Third and Fourth Amended Administrative Master Complaints based on the Government Contractor Defense.[8]  Although Federal Officer Removal only requires that CH2M HILL show a causal connection between the plaintiffs' claims and CH2M HILL's performance as a federal contractor,[9] CH2M HILL far exceeds the jurisdictional requirement by showing actual success on this defense in this very matter.

## BACKGROUND

On June 1, 2010, plaintiffs filed a Complaint for Damages, entitled *Brian Carpenter, et al. v. Doug Boyd Enterprises, LLC, et al*., and bearing docket number 10-0337 ("the Complaint"), in the Circuit Court of Hancock County, State of Mississippi.  On June 29, 2010, Plaintiffs filed a First Amended Complaint for Damages (the "Amended Complaint").    Because the Complaint and the Amended Complaint arise solely from operative facts that are the subject of this Court's FEMA Trailer Formaldehyde Products Liability multidistrict litigation ("FEMA Trailer Formaldehyde MDL"),[10] on October 19, 2010, the U.S. Judicial Panel on Multidistrict Litigation issued Conditional Transfer Order No. 33 ("CTO-33") transferring this case to the FEMA Trailer Formaldehyde MDL in this Court.

CH2M HILL was served with the Complaint on August 19, 2010.  On August 25, 2010, defendant Gulf Stream timely and properly removed this matter to the U.S. District Court for the Southern District of Mississippi in accordance with 28 U.S.C. §§ 1441 and 1446 based on the

---

[8] *See* Court's Order and Response (Dec. 2, 2010) (Rec. Doc. 18426).

[9] *See Williams v. Todd Shipyards* Co., 154 F.3d 416 (5th Cir. 1998).

[10] *In re: FEMA Formaldehyde Products Liability Litigation,* MDL No. 07-md-01873-KDE-ALC (E.D. La.).

Federal Officer Removal Statute (28 U.S.C. § 1442(a)(1)) and diversity jurisdiction (28 U.S.C. § 1332).[11] On September 7, 2010, CH2M HILL timely filed a Joinder in and Notice of Additional Grounds for Removal.[12] Plaintiff originally filed a Motion to Remand this matter on September 24, 2010 in the Southern District of Mississippi.[13] After the case was transferred to the FEMA Trailer Formaldehyde MDL, plaintiff attempted to re-file the Motion to Remand in this Court on November 5, 2010.[14] Because of a procedural deficiency, however, plaintiff was required to re-file his Motion to Remand on November 8, 2010.[15]

## ARGUMENT

### I. THIS MATTER IS PROPERLY REMOVED TO FEDERAL COURT UNDER 28 U.S.C. § 1442(A)(1)

#### A. Plaintiffs' Own Allegations Support Removal Under 28 U.S.C. § 1442(a)(1).

In their Motion to Remand, Plaintiffs argue "… Gulf Stream and CH2M HILL, to the extent joins in this basis for removal, has failed to establish that they were acting under a federal contract …" This allegation wholly ignores paragraphs 8-11 of CH2M HILL's Joinder in and Notice of Additional Grounds for Removal (Exh. B) and the FEMA Contract attached thereto which contains precise specifications related to the very acts complained of by Plaintiffs. Arguments in favor of CH2M HILL's removal of this matter to federal court are well known to this Court, are included in CH2M HILL's Joinder in and Notice of Additional Grounds for

---

[11] Rec. Doc. 1 in *Carpenter* (Exh. A).

[12] Rec. Doc. 9 in *Carpenter* (Exh. B).

[13] Rec. Doc. 13 in *Carpenter*.

[14] Rec. Doc. 17821.

[15] Rec. Doc. 17827.

Removal (Exh. B), and need not be restated here.  CH2M HILL will, however, take this opportunity to note that Plaintiffs' allegation directly contradicts numerous admissions in the Amended Complaint, namely:

> "**CH2M HILL CONSTRUCTORS, INC.** … **received a No-Bid contract from FEMA** and was tasked with, among other things, performing significant functions in the transportation, delivery, installation, maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA to …(the Plaintiffs)"[16]
>
> "In order to implement and manage its disaster response obligation and temporary housing obligations, **FEMA engaged Defendants Bechtel and CH2M with No-Bid contracts**…"[17]
>
> "**Under the terms of their contracts, Defendants Bechtel and CH2M** were obligated to …"[18]
>
> "**Defendants Bechtel and CH2M contracted with FEMA** to …"[19]
>
> "**To accomplish their contractual obligations with FEMA**, … Defendants Bechtel and CH2M entered into numerous sub-contracts …"[20]
>
> "… **Bechtel and CH2M received … contracts from FEMA and the United States government** …"[21]
>
> "**Defendants Bechtel and CH2M entered into contracts with FEMA, contracting to provide** the following service, among others: "The Contractor will do **maintenance necessary to maintain the temporary housing units in a safe, working, and livable condition.**"[22]

---

[16] Amended Complaint, at p. 2-3, ¶ 7 (capitalization in original, emphasis added).

[17] *Id.,* at p. 9, ¶ 31 (emphasis added).

[18] *Id.,* at p. 10, ¶ 33 (emphasis added).

[19] *Id.,* at p. 10, ¶ 34 (emphasis added).

[20] *Id.,* at p. 11, ¶ 35 (emphasis added).

[21] *Id.,* at p. 15, ¶ 51 (emphasis added).

[22] *Id.,* at p. 23, ¶ 96 (emphasis added).

Plaintiffs cannot now be heard to say that CH2M HILL has failed to establish that it was acting under a federal contract. Everyone involved in this litigation knows, and Plaintiffs specifically allege that CH2M HILL was, indeed, acting under a contract with FEMA. A copy of that very contract is attached to CH2M HILL's Joinder in and Notice of Additional Grounds for Removal (Exh. B). Plaintiffs' allegation to the contrary cannot be made in good faith.

> **B.      Allegations In Plaintiffs' First Amended Complaint Were Recently Dismissed MDL-Wide Based On The Government Contractors Defense.**

This MDL is composed of thousands of cases similar to the matter at bar. Plaintiffs cite to a decision in this MDL at page 10 of their Memorandum In Support (Rec. Doc. 17827-9) for the proposition that in this MDL a Motion for Summary Judgment on the Government Contractor's Defense was partially denied. Plaintiffs' reliance on that decision is flawed for two important reasons.

First, denial (or, more specifically, partial denial) of a Motion For Summary Judgment based on a particular defense is not a dispositive ruling on the defense asserted. Often, as is true here, a court will simply deny such a motion because evidence provided to date is not sufficient to entitle a defendant to summary judgment on that defense as a matter of law. Often, as is also true here, the defense survives and goes to the jury. The fact of a partial denial of a Motion for Summary Judgment is, therefore, not relevant for present purposes.

The second flaw in Plaintiffs' reliance on the MDL decision cited arises from an important portion of the decision that they failed to cite – *i.e.,* the conclusion. This Court concluded:

> Considering the foregoing, **IT IS ORDERED** that **Fluor Enterprises, Inc.'s Motion for Summary Judgment Based on the Government Contractor Defense (Rec.Doc.2802)** is **GRANTED IN PART and DENIED IN PART**. The motion is denied to the extent that, based on the undisputed facts as presented by Fluor, Fluor has not demonstrated that, as a matter of law, it is entitled to claim the

> government contractor defense as to Plaintiffs' claims against it relating to installation of the EHU. However, as set forth in footnote 1, the motion is granted as to plaintiffs maintenance claims against Fluor, and those claims are dismissed with prejudice.[23]

Again, the cited Motion for Summary Judgment was granted as to maintenance claims against the contractor defendant based on the Government Contractor Defense.

More important to the discussion at hand, however, is the fact that in this MDL, this Court recently dismissed **all** of plaintiffs' maintenance claims (including maintenance claims asserted in this particular case) in response to CH2M HILL's and the other government contractors' joint motion to dismiss plaintiffs' Third and Fourth Amended Administrative Master Complaints based on the Government Contractor Defense. *See* Court's Order and Response (Dec. 2, 2010) (Rec. Doc. 18426).

In their First Amended Complaint, Plaintiffs' claim damages related to improper maintenance of their housing units as follows: ¶ 43 ("…CH2M failed to adequately … maintain … the temporary housing units which enabled and contributed to the unsafe and hazardous conditions that led to adverse health effects among the plaintiff(s)"); ¶44 ("…CH2M failed to undertake appropriate … maintenance … [which led to] various adverse health effects caused by exposure to elevated levels of formaldehyde"); ¶ 73 ("At all relevant times, Defendants Bechtel and CH2M were tasked with the transportation, installation … [and] maintenance … of the temporary housing units, which caused the Plaintiffs' injuries"); ¶ 96 ("Defendants Bechtel and CH2M entered into contracts with FEMA, contracting to provide the following service, among others: "The contractor will do maintenance necessary to maintain the temporary housing units

---

[23] *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 2009 WL 2940035 at *6 (E.D.La. Sept. 10, 2009) (Rec. Doc. 3205). This Court granted a similar motion for summary judgment filed by Shaw Environmental, Inc. based on the Government Contractor Defense on plaintiffs' negligence claims. *See* Court's order (Feb. 24, 2010) (Rec. Doc. 11910).

…"); and ¶ 98 ("The Defendants breached said contract by failing to maintain the Plaintiffs' temporary housing unit in a safe, working, and livable condition.")

These maintenance claims, now part of the MDL, have been dismissed with prejudice via Motion for Summary Judgment on the Government Contractors Defense,[24] and the Government Contractor Defense has gone to the jury as an instruction in three bellwether trials.[25] For purposes of removal, CH2M HILL is not required to prove success on the Government Contractor Defense. *Mesa v. California*, 489 U.S. 121, 133, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, CH2M HILL is only required to show a causal connection between the plaintiffs' claims and CH2M HILL's performance as a federal contractor. *See Williams v. Todd Shipyards* Co., 154 F.3d 416 (5th Cir. 1998). CH2M HILL has gone well beyond the jurisdictional requirement by showing actual success on this defense in this very matter.

## II. THERE IS NO PROCEDURAL DEFECT IN GULF STREAM'S REMOVAL BECAUSE JOINDER IS UNNECESSARY UNDER 28 U.S.C. § 1442(A)(1).

Plaintiffs' Motion to Remand demonstrates a fundamental misunderstanding of the principles of federal jurisdiction and the procedures for removal under 28 U.S.C. § 1442(a)

---

[24] *See* Court's Order (Dec. 2, 2010) (Rec. Doc. 18426).

[25] *See Alana Alexander, et al. v. Gulf Stream Coach Inc., et al.*, No. 09-2892 (E.D. La.); *Lyndon Wright v. Forest River, Inc., et al.*, No. 09-2977 (E.D.La.); *Robin Lewis v. Gulf Stream Coach, Inc.*, No. 09-8320 (E.D.La.) (summary jury trial).

inasmuch as they seek remand "on grounds that Gulf Stream's Notice of Removal was defective because it failed to timely join all served Defendants in the removal as required under 28 U.S.C. § 1446(b)."[26]

Plaintiffs' argument fails at the outset because it is based on a faulty premise. Gulf Stream's Notice of Removal and CH2M HILL's Notice of Additional Grounds for Removal clearly invoked federal jurisdiction and removal under 28 U.S.C. § 1442(a)(1).[27] Although joinder and consent is required for general removal under 28 U.S.C. § 1441, it is well established that joinder and consent by other defendants is not required for removals based on 28 U.S.C. § 1442(a)(1). As set forth in Gulf Stream's Notice of Removal and in CH2M HILL's Joinder in and Notice of Additional Grounds for Removal, courts have uniformly held that 28 U.S.C. § 1442(a)(1) provides an exception to the general rule under 28 U.S.C. § 1441 that would require all defendants to join in the removal. *See Akin v. Ashland Chemical*, 156 F.3d 1030, 1034 (10th Cir. 1998); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965) ("… it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court."); *Hilbert v. McDonnel Corp.*, 529 F.Supp.2d 187, 195 (D.

---

[26] Rec. Doc. 17827-9, at p. 2.

[27] Rec. Doc. 1, at pp 7-9 in *Carpenter* (Exh. A); Rec. Doc. 9, at pp. 3-6 in Carpenter (Exh. B).

Mass. 2008) (removal under 28 U.S.C. § 1442(a)(1) "constitutes an exception to the general rule that removals must be unanimously agreed to by the defendants.")

As the U.S. Supreme Court has reasoned, "[T]he right of removal under 28 U.S.C. § 1442(a)(1) is made absolute whenever a suit in state court is for any act 'under color' of federal office, regardless of whether the suit could originally have been brought in federal court. Federal jurisdiction rests on a 'federal interest in the matter' …" *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969).

The federal case law is thus abundantly clear that the right of removal under 28 U.S.C. § 1442(a)(1) is absolute and does not require the consent or joinder of other defendants. Plaintiffs' argument based on CH2M HILL's alleged failure to timely join is, therefore, fallacious and unavailing. Accordingly, CH2M HILL respectfully urges this Court to deny Plaintiffs' Motion to Remand.

### III.   IN THE ALTERNATIVE, CH2M HILL'S JOINDER FOR PURPOSES OF REMOVAL BASED ON DIVERSITY JURISDICTION WAS TIMELY.

#### A.   CH2M HILL's Electronically Filed Joinder on September 7, 2010 Constitutes a Timely Written Indication that CH2M HILL Consented to and Joined in Gulf Stream's Removal.

As shown above, because Gulf Stream removed this case to this Court under the Federal Officer Removal Statute, 28 U.S.C. § 1442 (a)(1), CH2M HILL's consent to or joinder in Gulf Stream's removal was not required. Nonetheless, for purposes of Gulf Stream's alternative grounds of removal based on diversity jurisdiction, 28 U.S.C. § 1332, CH2M HILL filed a joinder out of an abundance of caution in the event this Court ever decided that the Government

Contractor Defense (the defense upon which CH2M HILL's and Gulf Stream's Federal Officer Removal is based) is entirely inapplicable to both the manufacturer and contractor defendants.[28]

As conceded by Plaintiff in his Motion to Remand, the well established standard for joinder in the Fifth Circuit is that "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Co. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988).

On September 7, 2010, CH2M HILL timely filed through the Mississippi Court's electronic filing system (CM/ECF) a pleading entitled "CH2M HILL Constructors, Inc.'s Joinder in and Notice of Additional Grounds for Removal."[29] In this Joinder, CH2M HILL explicitly stated: "Defendant CH2M HILL hereby joins and concurs in the removal of this action."[30] Consistent with the standard recognized by the Fifth Circuit, CH2M HILL's electronically filed Joinder on September 7, 2010 obviously constituted a timely written indication and communication from CH2M HILL that it actually consented to and joined in Gulf Stream's removal. *See Getty Oil Corp.*, 841 F.2d at 1262 n. 11.[31] Accordingly, for purposes of removal

---

[28] This is highly unlikely because, as noted above, the Government Contractor Defense has already been included in the jury instructions for three of the bellwether trials in this MDL. *See Alana Alexander, et al. v. Gulf Stream Coach Inc., et al.*, No. 09-2892 (E.D. La.); *Lyndon Wright v. Forest River, Inc., et al.*, No. 09-2977 (E.D.La.); *Robin Lewis v. Gulf Stream Coach, Inc.*, No. 09-8320 (E.D.La.) (summary jury trial). Furthermore, as noted above, this Court recently dismissed all of plaintiffs' maintenance claims in response to CH2M HILL's and the other government contractors' joint motion to dismiss plaintiffs' Third and Fourth Amended Administrative Master Complaints based on the Government Contractor Defense. *See* Court's Order and Response (Dec. 2, 2010) (Rec. Doc. 18426). This Court also previously twice granted motions for partial summary judgment based on the Government Contractor Defense in favor of contractor defendants on plaintiffs' negligent maintenance claims. *See* Court's Order and Reasons (Sept. 10, 2009) (Rec. Doc. 3205) and Court's Order (Feb. 24, 2010) (Rec. Doc. 11910).

[29] Rec. Doc. 9 in *Carpenter* (Exh. B).

[30] Rec. Doc. 9, at p. 2 in *Carpenter* (Exh. B).

[31] While not necessary in this instance it is interesting to note the Fifth Circuit's recognition that exceptional circumstances may permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served. *See Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1985). Regardless, CH2M

based on diversity jurisdiction, CH2M HILL's joinder on September 7, 2010 was proper and timely under the Fifth Circuit's standard for joinder.[32]

### B. Pursuant to Fed. R. Civ. P. 11(a), CH2M HILL Re-filed its Joinder on September 8, 2010 Due to a Technicality in the Signature Block Perceived by the Southern District of Mississippi's Clerk's Office.

In an attempt to confuse the issue, Plaintiff incorrectly maintains – without any explanation – that CH2M HILL did not file its joinder of removal until September 8, 2010, and conspicuously omits any discussion of CH2M HILL's original joinder filed on September 7, 2010.[33]

Because of a technicality in the signature block perceived by the Clerk's office of the Southern District of Mississippi on September 8, 2010, the day after CH2M HILL filed its original Joinder, CH2M HILL immediately re-filed its Joinder on the same day as allowed by Rule 11 of the Federal Rules of Civil Procedure (and which was cited by the Clerk in its docket annotation).[34] Indeed, Rule 11 specifically provides that "[t]he court must strike an unsigned paper **unless the omission is promptly corrected after being called to the attorney's or party's attention**." (Emphasis added.)

---

HILL filed an unambiguous written notification to this Court of its consent to and joinder in Gulf Stream's removal within the delays allowed by law.

[32] Although unclear from the face of Exhibit "B" to Plaintiff's Motion to Remand (Rec. Doc. 17827-2), plaintiff claims that Gulf Stream was served with the complaint on August 6, 2010. Assuming that Gulf Stream was indeed served on August 6, 2010, joinder to the remand based on diversity jurisdiction was due by September 7, 2010. (The end of the 30-day period fell on Sunday September 5, 2010 and Monday, September 6, 2010 was a Federal holiday, Labor Day. By operation of Rules 6(a)(1)(C) and 6(a)(6) of the Federal Rules of Civil Procedure, the time period continued to run until September 7, 2010.

[33] Rec. Doc. 9 in *Carpenter* (Exh. B).

[34] Rec. Doc. 10 in *Carpenter* (Exh. C). What appeared to be at issue for the Clerk's office of the Southern District of Mississippi was that the signature block in CH2M HILL's electronically filed original Joinder was as follows: "    /s/    , Sheryl Bey, Esq. (MSB No. #9484)." Rec. Doc. 9, at p. 7 in *Carpenter* (Exh. B). The re-filed Joinder was otherwise identical, except that the signature block was revised as follows: "   */s/ Sheryl Bey*   , Sheryl Bey, Esq. (MSB No. #9484)." Rec. Doc. 10, at p. 7 in *Carpenter* (Exh. C).

- 13 -

CH2M HILL immediately remedied any perceived problems upon receiving notice. Thus, as demonstrated above, CH2M HILL's original Joinder electronically filed on September 7, 2010 satisfied the Fifth Circuit's standard for joinder by giving the Court timely filed written indication of CH2M HILL's intent to consent in Gulf Stream's motion.

## CONCLUSION

For the foregoing reasons, CH2M HILL avers that there is no procedural defect in the removal, and respectfully urges this Court to deny Plaintiff's Motion to Remand this matter to the Circuit Court of Hancock County.

This, the 7th day of December, 2010.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**


/s/ Gerardo R. Barrios
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com


**ATTORNEYS FOR CH2M HILL
CONSTRUCTORS, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 7th day of December, 2010, a copy of the foregoing was sent via electronic mail and U.S. Mail to counsel for plaintiff, and via electronic mail to liaison counsel.

               /s/ Gerardo R. Barrios
               GERARDO R. BARRIOS