274-12292/ 62632

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHANE L. MACKLES, ET AL | * | DOCKET NO. 10-3734 |
| VERSUS | * | SECTION 'N' MAG. 5 |
| GULF STREAM COACH, INC., ET AL | * | |

\* \* \* \* \* \* \* \* \* \* \*

**RESPONSES OF JACQUET CONSTRUCTION SERVICES, LLC
TO PLAINTIFFS' AMENDING COMPLAINT FOR DAMAGES
AND THIRD PARTY DEMAND**

**RESPONSES TO PLAINTIFFS' AMENDING COMPLAINT FOR DAMAGES**

FIRST DEFENSE

The Complaints fail to state a claim upon which relief can be granted.

SECOND DEFENSE

The claims are time barred

THIRD DEFENSE

Respondent had no duty to plaintiffs.

FOURTH DEFENSE

Any and all damages complained of are a result of the fault of plaintiffs and/or

third parties.

## FIFTH DEFENSE

Plaintiffs have failed to mitigate their damages.

## SIXTH DEFENSE

Any and all damages complained of by plaintiffs are the result of pre-existing conditions.

## SEVENTH DEFENSE

Any liability of respondent is limited according to its contract with FEMA.

## EIGHTH DEFENSE

Any liability of respondent is precluded by its contract with FEMA since it acted prudently in accordance with its contract and within its scope.

## NINTH DEFENSE

Any liability of respondent is precluded by its contract with FEMA since it followed instructions, guidelines or information issued by FEMA employees or agents who were authorized under the contract to issue such instructions, guidelines or information.

## TENTH DEFENSE

No action may be maintained against respondent since it performed its work according to specifications and instructions furnished to it by FEMA which respondent did not make or cause to be made.

## ELEVENTH DEFENSE

The claims are barred pursuant to the *Spearin* doctrine.

### TWELFTH DEFENSE

The claims are barred pursuant to the federal contractor doctrine.

### THIRTEENTH DEFENSE

The claims are barred pursuant to the independent contractor doctrine.

### FOURTEENTH DEFENSE

The claims are barred by estoppel, release or waiver.

### FIFTEENTH DEFENSE

Respondent is not a manufacturer.

### SIXTEENTH DEFENSE

The claims are barred pursuant to the sophisticated purchaser/user doctrine.

### SEVENTEENTH DEFENSE

The trailer was not unreasonably dangerous under the Louisiana Products Liability Act.

### EIGHTEENTH DEFENSE

If there was a defect in the trailer, which is specifically denied, said defect was apparent and obvious.

### NINETEENTH DEFENSE

Respondent pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act.

### TWENTIETH DEFENSE

To the extent economic damages are claimed, they are barred pursuant to the

economic loss doctrine.

### TWENTY-FIRST DEFENSE

Any damages were caused by superseding or intervening events.

### TWENTY-SECOND DEFENSE

The claims are barred as a result of FEMA's acceptance of the work.

### TWENTY-THIRD DEFENSE

It adopts the defenses of other defendants to the extent they are not inconsistent with its interests.

### TWENTY-FOURTH DEFENSE

It adopts all affirmative defenses otherwise pled by it in the litigation.

### TWENTY-FIFTH DEFENSE

And now, while denying the allegations of the opening paragraphs, Jacquet Construction Services, LLC answers each and every allegation, representing:

I.
Parties

1. It denies the allegations of paragraph 1.

2. and 3. It admits, upon information and belief, the allegations of paragraphs 2 and 3.

4. It admits the allegations of paragraph 4.

5. It admits its status as set forth in paragraph 5, but otherwise denies the allegations of that paragraph.

6. It admits, upon information and belief, the allegations of paragraph 6.

## II.
## Jurisdiction and Venue

7. It admits the allegations of paragraph 7.

8. It admits each plaintiff alleges damages in excess of $75,000.00, exclusive of interest and costs, but denies any plaintiff suffered any damage.

9. It admits the allegations of paragraph 9, except to deny any plaintiff has suffered damages.

10. It admits the allegations of paragraph 10.

11. In response to paragraph 11, it admits jurisdiction, but otherwise denies the allegations of that paragraph.

12. It admits the allegations of paragraph 12, except to deny any plaintiff was damaged.

## III.
## Facts and General Allegations

13. - 88. It denies the allegations of paragraphs 13 through 88.

## COUNT 1:
## Cause of Action Against the Federal Government

89. - 94. It denies the allegations of paragraphs 89 through 94.

## COUNT 2:
## Cause of Action Against the Manufacturer Under the Louisiana Products Liability Act

95. Paragraph omitted.

## COUNT 2:

96.- 101. It denies the allegations of paragraphs 96 through 101.

## COUNT 3:
## No-Bid Defendant Under the Louisiana Products Liability Act

102. - 108.  It denies the allegations of paragraph 102 through 108.

## COUNT 4:
## Negligence of No-Bid Defendant Under Louisiana Law

109. - 115.  It denies the allegations of paragraphs 109 through 115.

## COUNT 5:
## Negligence of Procurement Defendant

116. - 125.  It denies the allegations of paragraphs 116 through 125.

## COMPENSATORY DAMAGES

126. and 127.  It denies the allegations of paragraphs 126 and 127.

## REQUEST FOR JURY TRIAL

It admits named plaintiff is entitled to trial by jury.

## **THIRD PARTY DEMAND**

Now, for its third party demand against Mad Dawg, Inc. of North Carolina, Jacquet Construction Services, LLC avers:

1. Mad Dawg, Inc. of North Carolina is a foreign corporation domiciled in North Carolina.

2. Mad Dawg entered into a subcontract with Jacquet to perform work on the FEMA housing units which are the subject of the instant litigation, including, but not limited to, relocation, installation, maintenance and deactivation.

3. Jacquet subcontracted all of the work assigned to it by FEMA regarding any

housing unit which is the subject of the litigation to Mad Dawg.

4. If the work performed by Mad Dawg was performed improperly, negligently or below the standard of care for such work, it was due to the sole fault and negligence of Mad Dawg.

5. If the work performed by Mad Dawg was performed improperly, negligently or below the standard of care for such work, this constitutes a breach of the subcontract between Mad Dawg and Jacquet for which Jacquet is entitled to damages.

6. If the Court finds any plaintiff is entitled to damages from Jacquet, Jacquet is entitled to judgment against Mad Dawg for contribution, indemnity, breach of contract, costs of defense, court costs, attorney fees and interest.

WHEREFORE, Jacquet Construction Services, LLC prays that all claims against it be dismissed with prejudice and at the cost of plaintiffs. Alternatively, it prays for a judgment over and against Mad Dawg, Inc. of North Carolina for damages, contribution and/or indemnity, costs, attorney fees and interest.

<u>S/ John A. Stewart, Jr.</u>
JOHN A. STEWART, JR. (#8164)
BALDWIN HASPEL BURKE & MAYER, LLC
2200 ENERGY CENTRE
1100 POYDRAS STREET
NEW ORLEANS, LA 70163-2200
(504) 569-2900 Fax (504) 569-2099
*jstewart@bhbmlaw.com*

*Waiver of Service of Summons has been requested.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December __8__, 2010 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

_s/ John A. Stewart, Jr._
JOHN A. STEWART, JR. (#8164)
HULSE & WANEK
1010 Common Street, Suite 2800
New Orleans, LA 70112
(504) 524-6221   Fax: (504) 529-4106
_Counsel for Jacquet Construction Services, LLC_
