UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 2 5 2010
J. T. NOBLIN, CLERK
BY_____ DEPUTY

BRIAN CARPENTER and
HOLLIE CARPENTER, Individually and
on Behalf of Their Minor Children,
JCH, JTC and JDC                                      PLAINTIFFS

VERSUS                    CIVIL DOCKET NO. 1:10cv424 HSO-JMR

DOUG BOYD ENTERPRISES, LLC,
GULF STREAM COACH, INC.,
DUTCHMEN MANUFACTURING, INC.,
SUPERIOR HOMES, LLC, BECHTEL
NATIONAL, INC., CH2M HILL
CONSTRUCTORS, INC., AND JOHN
DOE 1-50                                              DEFENDANTS

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Gulf Stream Coach, Inc. ("Gulf Stream"), and with a full reservation of rights, files this Notice of Removal and avers that this matter is hereby removed to this Court on the following grounds:

1.

On June 1, 2010, Plaintiffs, through attorney Edward Gibson of the firm of Hawkins, Stracener & Gibson, PLLC, filed the original Complaint for Damages in this action, entitled *"Brian Carpenter, et. al. v. Doug Boyd Enterprises, LLC, et al."* and bearing Docket Number 10-0337, (the "Complaint"), in the Circuit Court of Hancock County, State of Mississippi. On June 29, 2010, Plaintiffs through attorney Edward Gibson of the firm of Hawkins, Stracener & Gibson, PLLC, filed the First Amended Complaint for Damages (the "Amended Complaint").

2.

This Petition arises solely from operative facts that are the subject of multidistrict litigation ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873, which matter is pending before Judge Engelhardt, Section N(5) *[In re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL No. 07-MD-01873- KDE-ALC (E.D. La.)].

3.

Gulf Stream was served with the Summons on August 6, 2010. A copy of this Summons, the Complaint, and the Amended Complaint served upon Gulf Stream are attached hereto as Exhibit "A" in accordance with 28 U.S.C. § 1446(a).

4.

Co-defendant, Dutchmen Manufacturing, Inc. ("Dutchmen"), was served with process by registered mail on August 13, 2010. Co-defendant, CH2M Hill Constructors, Inc. ("CH2M Hill"), was served with process on its registered agent on August 19, 2010. Dutchmen and CH2M Hill consent to this removal, and will file joinders to the removal. No other defendants have been served in this matter at this time.

**DIVERSITY JURISDICTION**

5.

Gulf Stream is removing this matter in part pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

6.

The Amended Complaint admits that all plaintiffs are citizens of Hancock County, Mississippi. *See* Amended Complaint at ¶ 1 attached as Exhibit "A."

7.

Defendant, Gulf Stream, is a foreign corporation, incorporated in the State of Indiana with its principal place of business in Nappanee, Indiana. *Id.* at ¶ 3.

8.

Defendant, Doug Boyd Enterprises, LLC, is a foreign corporation, incorporated in the State of North Carolina. *Id.* at ¶ 2.

9.

Defendant, Dutchmen, is a foreign corporation, incorporated in the State of Indiana. *Id.* at ¶ 4.

10.

Defendant, Superior Homes, LLC, is a foreign corporation, incorporated in the State of Alabama. *Id.* at ¶ 5.

11.

Defendant, Bechtel National, Inc., is a foreign corporation, incorporated in the State of Nevada, with its principal place of business in California. *Id.* at ¶ 6.

12.

Defendant, CH2M Hill Constructors, Inc., is a foreign corporation, incorporated in the State of Delaware, with its principal place of business in Colorado. *Id.* at ¶ 7.

13.

Plaintiffs also list as defendants, John Does 1-10. *Id.* at ¶ 8. However, Plaintiffs have failed to make any effort to specifically identify these John Does in the Amended Complaint, and give no specificity as to their involvement in the allegations arising in the Amended Complaint. Under federal law, these John Does cannot be used to destroy diversity. 28 U.S.C. §1441(a)

("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.")

14.

Therefore, complete diversity exists between the parties.

15.

The Petition does not allege that the amount in controversy falls below $75,000.00.

16.

Although Gulf Stream denies liability to the Plaintiffs, upon information and belief, the amount in controversy, exclusive of costs and interests, exceeds $75,000.00. Plaintiffs seek damages for past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairment and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during a period of displacement from a natural disaster. *See* Amended Complaint at ¶ 100. In addition, Plaintiffs seek punitive and exemplary damages. *Id.* at ¶ 101.

17.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount under 28 U.S.C. § 1332 is met when it is "facially apparent" from a reading of the complaint that the plaintiffs' claims are likely to exceed $75,000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In *In re 1994 Exxon Chemical Fire,* the Fifth Circuit held that satisfaction of the jurisdictional amount is "facially apparent" in chemical exposure cases when plaintiffs seek the following category of damages:

> "individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the

4

knowledge of exposure to a hazardous substance; expenses incurred by reason of illness caused by the nuisance; fear and apprehension of further exposure to, and impact from, hazardous chemicals; economic and financial harm; loss of enjoyment of life and peaceful use of property; and, other consequential, incidental, general, and special damages."[1]

The listed damages cited by the Fifth Circuit in *In re 1994 Exxon Chemical Fire* closely mirror the listed damages alleged by Plaintiffs here, justifying this removal under the "facially apparent" standard set forth in *Allen, supra*. Indeed, the Plaintiffs here assert one additional category of damages above and beyond those asserted in *In re 1994 Exxon Chemical Fire*. Plaintiffs here have alleged "past and future physical impairments and disability."[2] *See also Aisola v. Exxonmobil Corp.*, No. 08-1105, 2009 WL 1455788, at *1 (E.D. La. 05/22/09).

18.

Thus, it is readily apparent from the face of the Amended Complaint that Plaintiff's alleged damages, if proven as a matter of law and fact, would exceed the sum of $75,000 and Plaintiffs cannot show that they are legally certain not to be able to recover that amount. Furthermore, the above analysis does not take into account Plaintiffs' request for punitive/exemplary damages, which, if granted, would certainly increase the overall amount in controversy. Thus, both the "complete diversity" and the "jurisdictional amount" requirements of 28 U.S.C. §1332 are satisfied and removal is proper in this matter.

19.

Gulf Stream alternatively shows that removal is proper under 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and this Court has alternative bases for jurisdiction in this matter, as follows:

---

[1] *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009)
[2] The Fifth Circuit has noted that emotional distress, functional impairment, and disability are the kinds of damages that if alleged, "support a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 851 (5th Cir. 1999).

5

a. Removal is proper under 28 U.S.C. §1442 and this Court has jurisdiction because while CAFA's primary aim is the removal of most class action lawsuits to federal court, *see* 28 U.S.C. § 1453 (2008), the act sanctions the removal of "mass actions," as well. 28 U.S.C. § 1332(d)(11)(A) (2008). CAFA defines a mass action as any civil action in which it is proposed to jointly try monetary relief claims of 100 or more persons on the grounds that the claims involve common questions of law or fact. *Id.* § 1332 (d)(11)(B)(i). CAFA deems any action fitting that description removable to federal court. *Id.* § 1332 (11)(A);

b. CAFA mass action removal requirements include minimal diversity, an aggregate $5 million amount in controversy, a significant interstate impact, and several others. *Id.* § 1332 (d)(2)-(10). When the normal class action requirements are added to the definition, four requirements emerge as necessary for an action to become a mass action: (1) an aggregate amount in controversy of $5 million, (2) minimal diversity, (3) at least 100 plaintiffs, and (3) a commonality requirement that the plaintiffs' claims involve common questions of law or fact. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1202-03 (11 Cir. 2007); *see also* 28 U.S.C. § 1332(d). Civil actions that include these four elements are removable "mass actions" under CAFA;

c. The subject matter of this litigation is currently the subject of approximately 4,000 suits, involving over 10,000 plaintiffs consolidated in Multi-District Litigation pending in the United States District Court for the Eastern District of Louisiana, captioned "In Re FEMA Trailer Formaldehyde Products Liability Litigation," MDL Docket No. 1873, and assigned to the Honorable Kurt D.

6

Engelhardt. It is estimated that the litigation will encompass over 50,000 individual plaintiffs, including the Plaintiffs herein, once the Panel issues a tag along Order; and

d. Accordingly, the four requirements for a mass action are met: there is minimal diversity between the Plaintiffs and Defendants, there are more than 100 Plaintiffs alleging claims with common issues of law and fact, and the aggregate amount in controversy easily exceeds $5,000,000.

## **FEDERAL OFFICER REMOVAL STATUTE**

20.

Removal is also proper under 28 U.S.C. § 1442. Three requirements must be met to invoke the federal officer removal statute: (1) the defendant must be a "person" within the meaning of §1442(a)(1); (2) the defendant must have acted under color of federal authority when committing the acts that allegedly caused plaintiffs' injuries; and (3) the defendant must have a colorable federal defense. *Williams v. Todd Shipyards Co.,* 154 F.3d 416, 1998 WL 526612, *2 (5th Cir. 1998) (citing *Mesa v. California,* 489 U.S. 121, 129, 131, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989)).[3] All three requirements exist in this instance. *See, e.g., Isaacson v. DOW Chemical Co.,* 517 F.3d 129 (2d Cir. 2008) (finding removal proper under Section 1442(a)(1) where

---

[3] It should be noted that the right of removal under 28 U.S.C. § 1442(a)(1) is absolute. *Willingham v. Morgan,* 89 S.Ct. 1813, 395 U.S. 402 (1969) *on remand* 424 F.2d 200. The thirty-day period in which removal must be filed does not begin to run until the defendant entitled to remove under 28 U.S.C. § 1442 has notice of sufficient facts presented by the plaintiff which entitles the defendant to federal officer removal. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1255 (9th Cir. 2006). The earliest possible notice of its potential federal officer right of removal was the day of service of petition on Gulf Stream – August 6, 2010. The fact that an earlier served defendant may have failed to timely remove the matter is immaterial under 28 U.S.C. § 1442. *Alsup v. 3-Day Blinds, Inc.,* 435 F. Supp. 2d. 838, 843 (S.D. Ill. 2006); *Plourde v. Ferguson,* 519 F.Supp. 14, 16 (D. Md. 1980). 28 U.S.C. § 1442 grants an exception to the general rule that all defendants must consent to removal. *Akin v. Ashland Chemical Company,* 156 F.3d 1030 (10th Cir. 1998) *certiorari denied* 119 S.Ct. 1756, 526 U.S. 1112; *Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F. 2d 150, 152 (5th Cir. 1965) ("it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court."); *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.,* 644 F. 2d 1310, 1315 (9th Cir. 1981) ("Since the federal officer is the only one entitled to remove under § 1442, he alone can remove without other defendants joining in the petition, and the entire case is removed to the federal court.").

the defendant was a government contractor and its colorable federal defense was based upon the government contractor defense); *Miller v. Diamond Shamrock Chemical Co.*, 275 F.3d 414 (5th Cir. 2001) (same); *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-401 (5th Cir. 1998) (same); *Williams v. Todd Shipyards Corp.*, 154 F.3d 416, 1998 WL 526612 (5th Cir. 1998) (same).

21.

Gulf Stream qualifies as a "person" under Section 1442(a)(1). *See Winters v. Diamond Shamrock Chemical Company,* 149 So. 2d 387, 398 (5th Cir. 1998) (examining the federal officer removal statute and explaining that "corporate entities qualify as 'persons' under § 1442(a)(1)") (citation omitted).

22.

Gulf Stream was acting under color of federal authority when it is alleged to have performed the work that resulted in Plaintiffs' alleged injuries. Indeed, Plaintiffs' allegations against Gulf Stream arise out of Gulf Stream's contractual engagement by FEMA to sell temporary housing units for provision to the Plaintiffs as temporary housing following Hurricane Katrina. *See* Amended Complaint at ¶ 18. The Plaintiffs further allege that those units which were manufactured prior to the hurricane and those later manufactured and purchased by FEMA, deviated from the Government specifications pertaining to the safety of the unit as a residence. *Id.* at ¶ 20. Additionally, Plaintiffs allege that the housing units manufactured by Gulf Stream "contained dangerous levels of formaldehyde ... and posed the threat of producing dangerous levels of formaldehyde due to the Federal Government's intended use of the housing units as temporary residences for at least 18 months ..." *Id.* at ¶ 21. If Gulf Stream performed the manufacture, sale, transportation, installation, inspection, maintenance and/or repair of the FEMA trailers involved in this litigation (the "Work"), then the Work, as alleged by Plaintiffs, was performed pursuant to a federal contract between

8

FEMA and Gulf Stream (the "Contract"), and Gulf Stream was acting under color of federal authority when performing under the Contract.

23.

Specifically, as terms of the grant of the Contract, FEMA approved and provided reasonably precise specifications regarding the manufacture of travel trailers. *See* Document HFSE04-04-Q-8000 attached here as Exhibit "B." Further, Gulf Stream performed this government work under FEMA's supervision and FEMA inspectors monitored and inspected the Work performed under the Contract. Moreover, FEMA maintained enforcement authority and substantively reviewed the Work performed by Gulf Stream.

24.

As a government contractor involved in the Hurricane Katrina disaster assistance provided by FEMA, Gulf Stream has available to it the government contractor defense.[4] *See In re World Trade Center Disaster Site Litigation,* 521 F.3d 169, 197 (2d Cir. 2008) (applying the government contractor defense to "the disaster relief context due to the unique federal interest in coordinating federal disaster assistance and streamlining the management of large-scale disaster recovery projects, as evidenced by the Stafford Act.").

25.

In accordance with the requirements of 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal, Gulf Stream will give written notice of this Notice of Removal to all

---

[4] For purposes of removal, Gulf Stream Coach, Inc. is not required to prove success on its defense. *Mesa,* 489 U.S. at 133; *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996) ("defense need only be plausible; its ultimate validity is not to be determined at the time of removal."); *Jamison v. Wiley,* 14 F.3d 222, 238 (4th Cir. 1994) ("defendant need not prove that he will actually prevail on his federal immunity defense in order to obtain removal"). Rather, Gulf Stream is only required to show a causal connection between the plaintiffs' claims and Gulf Stream's performance as a federal contractor; Gulf Stream has done so. *See Williams v. Todd Shipyards Co.,* 154 F.3d 416, 1998 WL 526612, *6 (5th Cir. 1998).

9

adverse parties and will file a copy of this Notice of Removal with the Clerk for the Circuit Court of Hancock County, Mississippi.

**WHEREFORE,** Defendant, Gulf Stream Coach, Inc., prays that this matter be removed to the United States District Court for the Southern District of Mississippi for further proceedings and disposition.

        Respectfully submitted,

        GULF STREAM COACH, INC.

By: _____
        One of Its Attorneys

OF COUNSEL:

BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
WILLIAM TREY JONES, III, MSB No. 99185
P.O. Drawer 119
Jackson, MS 39205
Telephone: (601) 960-6857
Facsimile: (601) 960-6902
tjones@brunini.com
TAYLOR B. MCNEEL, MSB No. 102737
P.O. Box 127
Biloxi, MS 39533-0127
Telephone: (228) 435-1198
Facsimile: (228) 435-0639
tmcneel@brunini.com

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK
ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)
3838 N. Causeway Boulevard, Suite 2900
Metairie, LA 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

SCANDURRO & LAYRISSON
TIMOTHY D. SCANDURRO(#18424)
DEWEY M. SCANDURRO (#23291)
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com

**COUNSEL FOR DEFENDANT, GULF STREAM COACH, INC.**

## CERTIFICATE OF SERVICE

I, Taylor B. McNeel, do hereby certify that I have this day mailed, by United States Mail, postage prepaid, a true and correct copy of the foregoing to the following counsel of record:

John Hawkins, Esq.
Hawkins, Stracener & Gibson, PLLC
P.O. Box 24627
Jackson, MS 39202

Edward Gibson, Esq.
Rose M. Hurder, Esq.
Hawkins, Stracener & Gibson, PLLC
153 Main Street
Bay St. Louis, MS 39520

Ryan E. Johnson, Esq.
Jones Walker
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809

Gerardo R. Barrios, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
3 Sanctuary Blvd., Suite 201
Mandeville, LA 70471

This the 25th day of August, 2010.

_____
Taylor B. McNeel,
Attorney for Gulf Stream Coach, Inc.

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

1:10cv424HSO-JMR

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Brian Carpenter and Hollie Carpenter, Individually and on Behalf of their Minor Children JCH, JTC and JDC

## DEFENDANTS
Doug Boyd Enterprises, LLC; Gulf Stream Coach, Inc.; Dutchmen Manufacturing, Inc.; Superior Homes, LLC; Bechtel National, Inc.; CH2M Hill Constructors, Inc.; and John Doe 1-50

(b) County of Residence of First Listed Plaintiff **Hancock**
(EXCEPT IN U.S. PLAINTIFF CASES)

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 25 2010
J. T. NOBLIN, CLERK
BY_____ DEPUTY

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
John Hawkins, Esq. Hawkins, Stracener & Gibson, PLLC, P. O. Box 24627, Jackson, MS 39202, Telephone (601) 969-9692, Fax (601) 914-3580 (See attached)

Attorneys (If Known)
William Trey Jones, III, Brunini, Grantham, Grower & Hewes, PLLC, P. O. Drawer 119, Jackson, MS 39205, Telephone (601) 960-6857, Fax: (601) 960-6902, tjones@brunini.com (See attached)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8-25-10
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 14043001246  AMOUNT $350.00  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____