UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEYDE PRODUCT LIABILITY LITIGATION | * | MDL NO. 2:07-MD-1873 |
| | * | SECTION "N" (5) |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGLEHARDT |
| *ALL CASES* | * | MAGISTRATE JUDGE CHASEZ |
| | * | |
| *   *   *   *   *   *   * | | |

**LIST OF DEFENSES AND/OR MOTIONS TO BE PRESERVED ON BEHALF OF COLONY NATIONAL INSURANCE COMPANY**

Pursuant to Pretrial Order No. 44 (Rec. Doc. No. 2759), defendant Colony National Insurance Company ("Colony" or "Defendant"), submits the following list of defenses and/or motions to be preserved in all of the suits currently pending in this MDL litigation against Sun Valley, Inc., d/b/a Sun-Lite ("Sun Valley") and those that may be filed into this MDL litigation in the future. Further, Colony pleads herein, *in extenso*, any and all defenses and motions to be preserved which have been plead by its insured, Sun Valley.

Colony asserts and preserves the following affirmative defenses:

Affirmative Defense 1:    Colony asserts any and all defenses contained in the policies of insurance which it issued to Sun Valley naming Sun Valley as an insured therein.

Affirmative Defense 2:    The policies issued to Sun Valley (policies AR5360195, AR5360195A, and/or AR5360195B) neither obligate Colony to defend or indemnify Sun Valley with respect to the lawsuits in the above-captioned matter.

Affirmative Defense 3:    Sun Valley may be barred from coverage for the loss at issue herein pursuant to the "Section I-Coverages, Coverage A. Bodily Injury and Property Damage Liability" portion of the commercial general liability insurance polices (policies AR5360195, AR5360195A, and/or AR5360195B) issued to it by Colony.

Affirmative Defense 4:    Specifically, Sun Valley may be barred from coverage for the loss at issue herein pursuant to the following language contained in the "Section I-Coverages, Coverage A. Bodily Injury and Property Damage Liability" portion of the commercial general liability insurance policies (policies AR5360195, AR5360195A, and/or AR5360195B) issued to it by Colony:

       1. Insuring Agreement
          a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…

| | |
|---|---|
| <u>Affirmative Defense 5:</u> | Colony policies AR5360195, AR5360195A, and/or AR5360195B do not provide coverage for "bodily injury" that occurred outside of the respective policy periods. |
| <u>Affirmative Defense 6:</u> | Any and all allegations in the above-captioned matter which allege that Sun Valley may have ignored, concealed or condoned the concealment of the alleged fact that the housing units at issue purportedly contained dangerous levels of formaldehyde do not constitute "occurrences" within the meaning of Colony policies AR5360195, AR5360195A, and/or AR5360195B. |
| <u>Affirmative Defense 7:</u> | Any and all allegations in the above-captioned matter which allege that Sun Valley may have known of the alleged health hazards inherent in the products it constructed do not constitute "occurrences" within the meaning of Colony policies AR5360195, AR5360195A, and/or AR5360195B. |
| <u>Affirmative Defense 8:</u> | Colony policies AR5360195, AR5360195A, and/or AR5360195B do not provide coverage to the extent Sun Valley knew prior to the respective policy periods that the alleged "bodily injury" or "property damage" had occurred, in whole or in part. |
| <u>Affirmative Defense 9:</u> | Colony policies AR5360195, AR5360195A, and/or AR5360195B do not provide coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured as stated under Coverage A of Colony policies AR5360195, AR5360195A, and/or AR5360195B.  Therefore, Colony asserts coverage may be precluded for Sun Valley based upon the allegation that Sun Valley may have ignored, concealed or condoned the concealment of the alleged fact that the housing units at issue purportedly contained dangerous levels of formaldehyde.  Colony further asserts that coverage may be precluded under the above policy language based on the allegation that Sun Valley may have known of the alleged health hazards inherent in the products it constructed. |

| | |
|---|---|
| Affirmative Defense 10: | Plaintiffs in the above-captioned matter claim either "bodily injury" or "property damage" which occurred, in whole or part, due to the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of formaldehyde. Colony asserts that formaldehyde constitutes a "hazardous material" within the meaning of the Colony policies (policy AR5360195, AR5360195A, and/or AR5360195B); therefore, Sun Valley is barred from coverage for the loss at issue herein pursuant to the Hazardous Materials Exclusion (endorsement number U003-0702) of the Colony policies (AR5360195, AR5360195A, and/or AR5360195B). |
| Affirmative Defense 11: | Sun Valley may be barred from coverage under one or more of Colony's policies (AR5360195, AR5360195A, and/or AR5360195B) pursuant to the known loss doctrine. |
| Affirmative Defense 12: | Sun Valley may be barred from coverage under one or more of Colony's policies (AR5360195, AR5360195A, and/or AR5360195B) pursuant to the loss in progress doctrine. |
| Affirmative Defense 13: | Colony asserts that any and all plaintiffs not domiciled in the State of Louisiana at the time suit is/was filed have failed to state a cause of action against Colony under Louisiana's Direct Action Statute, LSA-R.S. 22:1269, and therefore, they are not entitled to the relief requested. |
| Affirmative Defense 14: | Colony asserts that any and all plaintiffs who have failed to comply with any and all Court Orders pertaining to the completion of Plaintiff Fact Sheets are estopped from pursuing the relief sought against Colony. |

Colony National Insurance Company expressly reserves the right to supplement this list of preservation of defenses and/or motions.

4

Respectfully submitted,


  /S/ JAMES R. SUTTERFIELD
James R. Sutterfield, T.A. (La. Bar No. 12597)
Candace R. LeBlanc (La. Bar No. 31831)
650 Poydras Street, Suite 2715
New Orleans, LA  70130
Telephone:     (504) 598-2715
Facsimile:     (504)529-7197
jsutterfield@swslaw.com
cleblanc@swslaw.com
mfrance@swslaw.com
lmd@swslaw.com
**COUNSEL FOR COLONY NATIONAL
INSURANCE COMPANY**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been electronically filed on the 14th day

of December, 2010, with the Clerk of Court by using the CM/ECF system, which will send a

notice of electronic filing to all counsel of record.


/s/ JAMES R. SUTTERFIELD_

5