UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | *  MDL No. 1873 <br> * <br> *  SECTION N(5) <br> * <br> *  JUDGE ENGELHARDT <br> * |
| THIS DOCUMENT RELATES TO: <br> *Alfred Lewis obo Sage Lewis, et al. v. Crum & Forster Specialty Insurance Co., et al., Case No. 09-5739* | *  MAGISTRATE CHASEZ <br> * |

*************************************************************************

**<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES</u>**

NOW INTO COURT, through undersigned counsel, come Plaintiffs in the above captioned matter, who in the interest of preventing an injustice respectfully move this Honorable Court for leave to supplement and amend their Second Amended Complaint for Damages in the underlying action, Case No. 09-5739 to include the following named Plaintiffs:

> Lillie Robinson[1]
> Louis Robinson, Jr.
> Sharon Hyde
> Shirley Robinson
> Shirley Robinson obo Tyrone Hutton,
> Robert Cameron, Sr.[2]
> Bobbi Cameron
> Latasha Cameron
> Deshawn Thornton
> Robert Cameron, Jr.
> Geneva Nelson[3]

---

[1] The Robinson family (Lillie Robinson, Louis Robinson, Jr., Sharon Hyde, Shirley Robinson, Shirley Robinson oboTyrone Hutton) resided in a Pilgrim Trailer with VIN # 5L4T1TF332063014443. PFSs submitted August 2009.

[2] The Cameron family (Robert Cameron, Sr., Bobbi Cameron, Latasha Cameron, Deshawn Thornton and Robert Cameron Jr.) resided in a Pilgrim trailer with VIN # 5LATF332963015803.

>Robert J. Nelson obo Robert Nelson
>Robert Nelson
>Robert Nelson obo Ulysses Nelson

Plaintiffs respectfully move this Honorable Court for leave both in the interest of justice in correcting a confusion in the interpretation of two State's Laws, and in order to prevent Pilgrim's bankruptcy from benefiting the Defendants to the detriment of the above stated Plaintiffs by producing the inequitable result of denying the aggrieved Plaintiffs from having their claims heard.  Fed. Rules Civ. Proc. Rule 15 provides the vehicle for this correction and states that "[t]he court should freely give leave when justice so requires."

In the instant, the filing of Bankruptcy proceedings by Pilgrim has caused confusion as to whether the above stated Plaintiffs had the right to file a direct action against Pilgrim's insurers for claims which originated in Mississippi and which were subsequently transferred to the Eastern District of Louisiana.  This confusion, led to the amended complaint's service being refused, a paralysis in amending other Plaintiffs' actions, and the unfortunate result of having Plaintiffs' very claims being jeopardized.

Conversely, no undue prejudice swill result in allowing the Second Supplemental and Amending Complaint for Damages to be filed since copies of the Plaintiffs' PFS documents were supplied to defense liaison counsel well in advance of the Court's December 31, 2009 deadline; and because the trial date for actions against Pilgrim has not yet been scheduled.  Further, the Plaintiffs aver that the addition of the newly named

---

[3] The Nelson family resided in a Pilgrim trailer with VIN # 5L4TF332063020775.  The Nelson's were originally filed in Mississippi place holder "unmatched" case MSS 2:09-cv-112. It subsequently transferred to Louisiana and was assigned a new case no. 9-5612.  When the Plaintiffs were matched they were moved to a new complaint 9-7159 naming "Pilgrim" as the defendant.

Plaintiffs will not cause an unjust burden on the Defendants and in fact will assist Defendants in economically and efficiently defending the stated claims against them.

The Robinson and the Nelson family were originally filed in place-holder Complaint 2:09-cv-112, *Regina Morales, et al v. Alliance Homes, Inc. et al* (Southern District of Mississippi) filed June 17, 2009.[4]  When this Mississippi case was transferred to the Eastern District of Louisiana August 2009 it was assigned a new case number 2:09-cv-5612.

Plaintiffs were subsequently moved to two matched complaints. The Robison family was moved to 2:09-cv-7158, *Lillie Robinson, et al v. Pilgrim International Inc.* and the Nelson family was moved to 2:09-cv-7159, *Robert J. Nelson obo Robert Nelson, et al v. Pilgrim International Inc. and CH2M Hill Constructors, Inc.* both of which were filed October 30, 2009 in the E.D. La.  Plaintiffs were unable to perfect service because the interpretation of Mississippi law denied the Plaintiffs from filing a direct action against Pilgrim's insurers (Sentry Ins. and Crum & Forster Ins.) while the inclusion of Pilgrim as a named Defendant[5] prevented Counsel for Crum & Forster Ins. Co. and Sentry Ins. Co, (in light of the bankruptcy) from accepting service on Pilgrim's behalf. This denial of options caused paralysis on the part of all Plaintiffs and they were never successfully moved from placeholder suits to the proper Complaint and properly served.

---

[4] Cameron family was originally filed in place-holder Complaint 2:09-cv-4081, *Keina Hunt, et al, v. Alliance Homes, Inc. et al.* (ED La) and have been part of the MDL since June 15, 2009 and the Nelson family was originally filed in place-holder Complaint E.D.La2:09-cv-5612 (prior to MDL transfer MSS 2:09-cv-112), and have been part of the MDL since August 14, 2009.

5 Mississippi Supreme Court cases have applied M.R.C.P. Rule 57 to mean that the insurance company can only be named as a party in a third party declaratory action if coverage has been denied.  See Mississippi Mun. Liability Plan v. Jordan, 863 So.2d 934, 942 (Miss. 2003); Poindexter v. S. United Fire Ins. Co., 838 So.2d 964, 967 (Miss. 2003); *see also Peters v. State Farm Mut. Auto. Ins. Co.,* 2006 WL 126770 (N.D. Miss.) (Jan. 17, 2006) ("The Court also finds that Mississippi does not allow direct actions against insurance companies unless coverage has been denied.").

To resolve this confusion and to prevent the injustice of having Pilgrim's bankruptcy inadvertently prevent the above stated Plaintiffs' from making their proper claim against Pilgrim's insurers, Plaintiffs seek to add the above named Plaintiffs to an existing complaint that names Crum & Forster Specialty Ins. Co. and Sentry Insurance A Mutual Company only and allows all of the above named Plaintiffs to be removed from their Place-Holder Complaints. Allowing this request would not only prevent an injustice, but would also meet the Court's underlying goal of assembling a complete list of matched Plaintiffs. And, that the denial of said claims would unjustly cause irreparable damages to the above named Plaintiffs.

Respectfully submitted,

HURRICANE LEGAL CENTER, LLC

BY: /s/ *Lawrence J. Centola, Jr.*
      Lawrence J. Centola, Jr.

Lawrence J. Centola, Jr., LA Bar #3962
600 Carondelet Street
Suite 602
New Orleans, LA 70130
(504) 525-1944 (telephone)
(504) 525-1279 (facsimile)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 15, 2010 I electronically filed the forgoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed a forgoing documents and a notice of electronic filing by first class mail to all counsel on record who are non-CM/ECF participants.

/s/ *Lawrence J. Centola, Jr.*
Lawrence J. Centola, Jr.