# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 2:07-MD-1873 |
| FORMALDEYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE ENGLEHARDT |
| | * | |
| CASE NO.: 2:09-CV-5658 | * | MAGISTRATE JUDGE CHASEZ |
| CASE NO.: 2:09-CV-7109 | * | |
| CASE NO.: 2:09-CV-5659 | * | |
| *    *    *    *    *    *    * | | |

## COLONY NATIONAL INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES

Defendant, Colony National Insurance Company ("Colony"), pursuant to Pre-Trial No. 36, answers and asserts the following defenses[1] to the Plaintiffs' Second Amended Complaint for Damages (Rec. Doc. 17717, Rec. Do. 17718, and Rec. Doc. 17719), as follows:

1.

The allegations of paragraph 1 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

---

[1] Pursuant to the Court's Pre-Trial Order No. 36, this answer "…shall constitute an answer in each action now pending or subsequently added to this proceeding." See Rec. Doc. 1386, p. 4.

2.

The allegations of paragraph 2 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph 3 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations contained in paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in paragraph 4 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations contained in paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of paragraph 5 of Plaintiffs' Second Amended Complaint for Damages are admitted.

6.

The allegations contained in paragraph 6 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations contained in paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of Plaintiffs' Second Amended Complaint for

Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, Colony admits the jurisdictional requirements of this Court are satisfied.

8.

The allegations contained in paragraph 8 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, the allegations contained in paragraph 8 are denied.

9.

The allegations contained in paragraph 9 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, the allegations contained in paragraph 9 are denied.

10.

The allegations contained in paragraph 10 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, the allegations contained in paragraph 10 are denied.

11.

The allegations contained in paragraph 11 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, Colony denies the allegations of paragraph 11 for lack of sufficient information to justify a belief therein.

12.

The allegations contained in paragraph 12 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the

extent a response is required, Colony denies the allegations of paragraph 12 for lack of sufficient information to justify a belief therein.

13.

The allegations contained in paragraph 13 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, the allegations contained in paragraph 13 are denied.

14.

The allegations contained in paragraph 14 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, Colony denies the allegations of paragraph 14 for lack of sufficient information to justify a belief therein.

15.

The allegations contained in paragraph 15 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, Colony denies that venue is proper as to those plaintiffs not residing in the State of Louisiana at the time the alleged "injury" was sustained.

16.

The allegations contained in paragraph 16 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in paragraph 17 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in paragraph 18 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

19.

The allegations contained in paragraph 19 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

20.

The allegations contained in paragraph 20 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

21.

The allegations contained in paragraph 21 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

22.

To allegations contained in paragraphs 22 of Plaintiffs' Second Amended Complaint for Damages are denied.

23.

The allegations contained in paragraph 23 of Plaintiffs' Second Amended Complaint for Damages are denied.

24.

The allegations contained in paragraph 24 of Plaintiffs' Second Amended Complaint for Damages are denied.

25.

The allegations contained in paragraph 25 of Plaintiffs' Second Amended Complaint for

Damages are denied.

26.

The allegations contained in paragraph 26 of Plaintiffs' Second Amended Complaint for Damages are denied.

27.

The allegations contained in paragraph 27 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

28.

The allegations contained in paragraph 28 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; thus no response is required of Colony.  However, to the extent a response is required, Colony submits that 24 C.F.R.§3280.309 is its own best evidence.

29.

The allegations contained in paragraph 29 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

30.

The allegations contained in paragraph 30 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in paragraph 31 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, Colony submits that 24 C.F.R. §3280.308 is its own best evidence.

32.

The allegations contained in paragraph 32 of Plaintiffs' Second Amended Complaint for

Damages are legal conclusions; therefore, no response is required of Colony. However, to the extent a response is required, Colony submits that 44 C.F.R. §206.110(e) is its own best evidence.

33.

The allegations contained in paragraph 33 of Plaintiffs' Second Amended Complaint for Damages are denied.

34.

The allegations contained in paragraph 34 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. However, to the extent a response is required, Colony submits that 42 U.S.C. § 4121, et seq; Public Law 93-288, Title IV, § 408 (1988); and 42 U.S.C.A. §5174 are their own best evidence.

35.

The allegations contained in paragraph 35 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

36.

The allegations contained in paragraph 36 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

37.

The allegations contained in paragraph 37 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

38.

The allegations contained in paragraph 38 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

39.

The allegations contained in paragraph 39 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

40.

The allegations contained in paragraph 40 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

41.

The allegations contained in paragraph 41 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

42.

The allegations contained in paragraph 42 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

43.

The allegations contained in paragraph 43 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

44.

The allegations contained in paragraph 44 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

45.

The allegations contained in paragraph 45 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

46.

The allegations contained in paragraph 46 of Plaintiffs' Second Amended Complaint for

Damages are not addressed to Colony and thus no response is required of Colony.

47.

The allegations contained in paragraph 47 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

48.

The allegations contained in paragraph 48 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

49.

The allegations contained in paragraph 49 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

50.

The allegations contained in paragraph 50 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

51.

The allegations contained in paragraph 51 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

52.

The allegations contained in paragraph 52 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

53.

The allegations contained in paragraph 53 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

54.

The allegations contained in paragraph 54 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

55.

The allegations contained in paragraph 55 of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

56.

The allegations contained in paragraph 56 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

57.

The allegations contained in paragraph 57 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

58.

The allegations contained in paragraph 58 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

59.

The allegations contained in paragraph 59 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

60.

The allegations contained in paragraph 60 of Plaintiffs' Second Amended Complaint for Damages are denied as written.

61.

The allegations contained in paragraph 61 of Plaintiffs' Second Amended Complaint for

Damages are denied as written.

62.

The allegations contained in paragraph 62 of Plaintiffs' Second Amended Complaint for Damages are denied as written.

63.

The allegations contained in paragraph 63 of Plaintiffs' Second Amended Complaint for Damages are denied as written.

64.

The allegations contained in paragraph 64 of Plaintiffs' Second Amended Complaint for Damages are denied as written.

65.

The allegations contained in paragraph 65 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

66.

The allegations contained in paragraph 66 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

67.

The allegations contained in paragraph 67 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

68.

The allegations contained in paragraph 68 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

69.

The allegations contained in paragraph 69 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

70.

The allegations contained in paragraph 70 of Plaintiffs Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

71.

The allegations contained in paragraph 71 of Plaintiffs' Second Amended Complaint for Damages are denied as written.

72.

The allegations contained in paragraph 72 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

73.

The allegations contained in paragraph 73 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

74.

The allegations contained in paragraph 74 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

75.

The allegations contained in paragraph 75 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

76.

The allegations contained in paragraph 76 of Plaintiffs' Second Amended Complaint for

Damages are denied for lack of sufficient information to justify a belief therein.

77.

The allegations contained in paragraph 77 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

78.

The allegations contained in paragraph 78 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

79.

The allegations contained in paragraph 79 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

80.

The allegations contained in paragraph 80 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

81.

The allegations contained in paragraph 81 of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

82.

The allegations contained in paragraph 82 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  Further, the allegations contained in paragraph 82 are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 82 are denied for lack of sufficient information to justify a belief therein.

83.

The allegations contained in paragraph 83 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  Further, the allegations contained in paragraph 83 are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 83 are denied for lack of sufficient information to justify a belief therein.

84.

The allegations contained in paragraph 84 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  Further, the allegations contained in paragraph 84 are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 84 are denied for lack of sufficient information to justify a belief therein.

85.

The allegations contained in paragraph 85 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  Further, the allegations contained in paragraph 85 are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 85 are denied for lack of sufficient information to justify a belief therein.

86.

The allegations contained in paragraph 86 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  Further, the allegations contained in paragraph 86 are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph

86 are denied for lack of sufficient information to justify a belief therein.

87.

The allegations contained in paragraph 87 of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  Further, the allegations contained in paragraph 87 are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 87 are denied for lack of sufficient information to justify a belief therein.

97. [sic]

The allegations contained in paragraph 97 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusion; therefore, no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 97 [sic] are denied for lack of sufficient information to justify a belief therein.  (Plaintiffs' Second Amended Complaint for Damages does not contain paragraphs 88 through 96.  For the sake of clarity, Colony shall number its responses to match those contained in Plaintiffs' Second Amended Complaint for Damages.)

98. [sic]

The allegations contained in paragraph 98 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 98 [sic] are denied for lack of sufficient information to justify a belief therein.

99. [sic]

The allegations contained in paragraph 99 [sic] of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

100. [sic]

The allegations contained in paragraph 100 [sic] of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

101. [sic]

The allegations contained in paragraph 101 [sic] of Plaintiffs' Second Amended Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

102. [sic]

The allegations contained in paragraph 102 [sic] of Plaintiffs' Second Amended Complaint for Damages are denied.

103. [sic]

In response to the allegations contained in paragraph 103 [sic] of Plaintiffs' Second Amended Complaint for Damages, Colony re-avers and re-asserts its answers and defenses contained in paragraph numbers 1-102 [sic] set forth above, as if copied herein, *in extenso*.

104. [sic]

The allegations contained in paragraph 104 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 104 [sic] are not addressed to Colony and thus no response is required of Colony.

105. [sic]

The allegations contained in paragraph 105 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 105 [sic] are not addressed to Colony and thus no response is required of Colony.

106. [sic]

The allegations contained in paragraph 106 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 106 [sic] are not addressed to Colony and thus no response is required of Colony.

107. [sic]

The allegations contained in paragraph 107 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 107 [sic] are not addressed to Colony and thus no response is required of Colony.

108. [sic]

The allegations contained in paragraph 108 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 108 [sic] are not addressed to Colony and thus no response is required of Colony.

109. [sic]

The allegations contained in paragraph 109 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 109 [sic] are not addressed to Colony and thus no response is required of Colony.

110. [sic]

In response to the allegations contained in paragraph 110 [sic] of Plaintiffs' Second Amended Complaint for Damages, Colony re-avers and re-asserts its answers and defenses

contained in paragraph numbers 1-109 [sic] set forth above, as if copied herein, *in extenso.*

## 111. [sic]

The allegations contained in paragraph 111 [sic] of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony.

## 112. [sic]

The allegations contained in paragraph 112 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 112 [sic] are not addressed to Colony and thus no response is required of Colony.

## 113. [sic]

The allegations contained in paragraph 113 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 113 [sic] are not addressed to Colony and thus no response is required of Colony.

## 114. [sic]

The allegations contained in paragraph 114 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 114 [sic] are not addressed to Colony and thus no response is required of Colony.

## 115. [sic]

The allegations contained in paragraph 115 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 115 [sic] are not addressed to Colony and thus no

response is required of Colony.

### 116. [sic]

The allegations contained in paragraph 116 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 116 [sic] are not addressed to Colony and thus no response is required of Colony.

### 117. [sic]

The allegations contained in paragraph 117 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. However, to the extent a response is required, the allegations of paragraph 117 [sic] are denied. Further answering, the Louisiana Direct Action Statute has no applicability to the claims of any and all plaintiffs occupying housing units in states other than Louisiana.

### 118. [sic]

The allegations contained in paragraph 118 [sic] of Plaintiffs' Second Amended Complaint for Damages are legal conclusions; therefore, no response is required of Colony. Further, the allegations contained in paragraph 118 [sic] are not addressed to Colony and thus no response is required of Colony.  However, to the extent a response is required, the allegations of paragraph 118 [sic] are denied for lack of sufficient information to justify a belief therein.

### 119. [sic]

The allegations contained in paragraph 119 [sic] of Plaintiffs' Second Amended Complaint for Damages are not addressed to Colony and thus no response is required of Colony. However, to the extent a response is required, the allegations of paragraph 119 [sic] are denied for lack of sufficient information to justify a belief therein.

The allegations contained in the "WHEREFORE" Paragraph of Plaintiffs' Second Amended Complaint for Damages do not require a response on the part of Colony. However, to the extent that an answer is required, Colony submits that Plaintiffs are not entitled to the relief requested. Moreover, Colony re-avers and re-asserts its answers contained in all paragraphs set forth above, as if copied herein, *in extenso*.

**ADDITIONAL MOTIONS AND AFFIRMATIVE DEFENSES**

Now further answering, Colony respectfully asserts the following additional motions and affirmative defenses:

**FIRST DEFENSE**

Plaintiffs' Second Amended Complaint for Damages has improperly joined parties and claims in this action in violation of Rule 19 of the Federal Rules of Civil Procedure, requiring severance of parties and claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Plaintiffs' Second Amended Complaint for Damages fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

For all the reasons set forth in this Court's order dated December 29, 2008, which denied Plaintiffs' motion for class certification, Rec. Doc. 1014, any allegation that purports to assert that the claims of Plaintiffs are appropriate for class certification fail to state a claim upon which relief can be granted as a matter of law.

**FOURTH DEFENSE**

Upon information and belief, the named Plaintiffs may lack standing to proceed with the Complaint and/or causes of actions set forth therein.

## FIFTH DEFENSE

Upon information and belief, the named Plaintiffs, and/or any purported members of the alleged class, are barred from seeking recovery in this matter by the doctrine of accord and satisfaction.

## SIXTH DEFENSE

All the damages complained of in Plaintiffs' Second Amended Complaint for Damages resulted solely or substantially from the negligence, fault, or comparative fault of the Plaintiffs through misuse and/or abuse of the subject travel trailers and manufactured housing, also known as Emergency Housing Units ("EHUs"), and/or lack of maintenance of said EHUs, or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their percentage of fault.

## SEVENTH DEFENSE

All the damages complained of in the Second Amended Complaint for Damages resulted solely or substantially from the negligence, fault or comparable fault of others for whom Colony or its insured are in no way responsible or liable.

## EIGHTH DEFENSE

All of Plaintiffs' claims against Sun Valley, Inc. ("Sun Valley"), Colony's insured, may be preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the federal government including, but not limited to, the Department of Housing and Urban Development ("HUD"), the Department of Homeland Security, and the Federal Emergency Management Agency ("FEMA"), and Plaintiffs' lease agreements with FEMA.  Further, Sun Valley, Colony's insured, may be immunized from liability by the government contractor defense.  Therefore, based on these assertions, Colony may not be liable to Plaintiffs as claimed.

**NINTH DEFENSE**

Upon information and belief, Plaintiffs have failed to mitigate their damages.

**TENTH DEFENSE**

Plaintiffs' claims against Colony are barred in whole or in part by the applicable statutes of limitations, statutes of repose, prescriptive periods, and/or any limitation of actions contained in any applicable contracts.

**ELEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, release, or waiver.

**TWELFTH DEFENSE**

Colony specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et. seq.* and/or other Louisiana statutes.

**THIRTEENTH DEFENSE**

Colony specifically pleads to the extent applicable, all defenses allowed under the Louisiana Direct Action Statute, LSA-R.S. 22:1269.

**FOURTEENTH DEFENSE**

In the event that discovery were to reveal the following, Colony specifically pleads that the accident and/or injuries sued upon herein occurred only after and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically plead as a complete bar to any recovery against Colony.

**FIFTEENTH DEFENSE**

To the extent Plaintiffs seek punitive or exemplary damages, such damages are barred because Plaintiffs' Second Amended Complaint for Damages does not state a cause of action for

punitive or exemplary damages against Colony sufficient in law whereby such recovery may be had.  Colony specifically pleads that punitive damages are not allowed.

### SIXTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any award of punitive damages would be unconstitutional because the standard utilized to allow the imposition of such damages are so vague, both on their face and as applied, so as to fail to give adequate or sufficient notice of the prohibitive conduct.

### SEVENTEENTH DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the award of punitive damages would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the United States on each of the following separate and several grounds:

1. The procedures failed to provide means for awarding separate judgments against alleged tortfeasors;

2. The procedures failed to provide a limit on the amount of the award against separate defendants;

3. The procedures failed to provide specific standards for the award of punitive damages;

4. The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions;

5. The procedures failed to provide a clear consistent and appellate standard of review of an award of punitive damages;

6. The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined;

7. The standards of conduct upon which punitive damages are sought are vague; and

8. The standards utilized to allow the imposition of such damages fail to give adequate notice, due process and/or sufficient notice of the prohibitive conduct.

## EIGHTEENTH DEFENSE

Colony demands a bifurcation of Plaintiffs' claims for actual and punitive damages, where applicable.

## NINETEENTH DEFENSE

Plaintiffs' claims against Colony are barred to the extent that Plaintiffs' alleged injuries were caused by intervening, superseding actions or events for which Colony is in no way responsible or liable.

## TWENTIETH DEFENSE

The exact damages and losses claimed by Plaintiffs are unknown to Colony and discovery continues.  Thus, Colony cannot adequately determine all defenses that may be applicable to Plaintiffs' claims.  Therefore, Colony expressly reserves the right to amend its Answer and raise additional defenses to the extent that additional defenses become applicable under state and federal law, additional defenses are established as discovery proceeds, and additional defenses are available under subsequently asserted theories of recovery.

## TWENTY-FIRST DEFENSE

Colony pleads to the extent applicable all defenses allowed under the La. Health Emergency Powers Act, LSA—R.S.29:771, and/or other Louisiana Law.

## TWENTY-SECOND DEFENSE

Colony asserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 210), and incorporates the Court's Order and Reasons (Rec. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*, and asserts that all claims contrary to the order are precluded.

## TWENTY-THIRD DEFENSE

All damages and/or injuries complained of by Plaintiffs resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Colony is neither responsible nor liable.

## TWENTY-FOURTH DEFENSE

In the event that discovery reveals the following, Colony specifically pleads that the injuries sued upon herein occurred only and solely by virtue of the failure of the user/handler of the product to properly and adequately maintain, service and/or inspect said product in accordance with the Owner's Manual and/or instructions for use, which is specifically pleaded as a complete bar to any recovery against Colony.

## TWENTY-FIFTH DEFENSE

In the event that discovery reveals the following, Colony specifically pleads, upon information and belief that the product sued upon herein was not in a reasonably anticipated use at any relevant time.

## TWENTY-SIXTH DEFENSE

In the event that discovery reveals the following, Colony specifically pleads that any alleged fault, negligence and/or strict liability attributed to its insured, Sun Valley, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein.

## TWENTY-SEVENTH DEFENSE

Upon information and belief, Colony avers that at the time the product left the manufacturer's control, the product met all the manufacturer's specifications and performance standards for the product and/or for otherwise identical products manufactured by the manufacturer.

## TWENTY-EIGHTH DEFENSE

Colony denies that it or anyone for whom it may be responsible or liable was guilty of any negligence, gross negligence, strict liability, want of due care or other legal fault constituting a proximate cause of the alleged accident and injuries in question and/or entitling Plaintiffs to recover any damages herein.

## TWENTY-NINTH DEFENSE

While at all times denying liability, Colony alleges that Plaintiffs were guilty of contributory negligence and/or assumption of the risk, all of which are a bar to Plaintiffs' recovery herein, and in the further alternative, that Plaintiffs were guilty of comparative and/or contributory fault which said fault contributed to their injures and that this Court should fix the amount or degree of fault of Plaintiffs in any recovery to which Plaintiffs might otherwise be entitled should be reduced by such a percentage of fault.

## THIRTIETH DEFENSE

Upon information and belief, Sun Valley, Colony's insured, did not have a contract with FEMA or any other governmental agency and that Sun Valley's construction of the travel trailer(s) was not subject to or governed by any "FEMA specifications."

## THIRTY-FIRST DEFENSE

Upon information and belief, Sun Valley, Colony's insured, did not sell housing units directly to the federal government in the wake of Hurricanes Katrina and Rita.  Further, upon information and belief, the dealers who sold Sun Valley housing units to the federal government and the federal government are sophisticated users of products, such that Sun Valley cannot be held liable to plaintiffs for their claims, including but not limited to any claims for failure to warn and strict product liability. Therefore, based on the above assertion, Colony asserts that it cannot be held liable to plaintiffs for their claims.

## THIRTY-SECOND DEFENSE

Plaintiffs' Second Amended Complaint for Damages improperly joins claims under Rule 18 of the Federal Rules of Civil Procedure, requiring severance of claims as provided by Rule 21 of the Federal Rules of Civil Procedure.

## THIRTY-THIRD DEFENSE

Plaintiffs' Second Amended Complaint for Damages fails to satisfy the requirements for joinder of parties under Rules 18, 19, 20 and 21 of the Federal Rules of Civil Procedure.

## THIRTY-FOURTH DEFENSE

Plaintiffs fail to state a claim for medical monitoring damages to the extent that any plaintiff has not suffered a specific or manifest injury.

## THIRTY-FIFTH DEFENSE

Plaintiffs fail to state a claim for attorney fees and costs.

## THIRTY-SIXTH DEFENSE

Plaintiff's theory of joint and several liability is precluded by applicable law.

## THIRTY-SEVENTH DEFENSE

Colony is entitled to indemnity and/or contribution from all responsible parties for any sum that it must pay any Plaintiff based on the negligence, fault, and/or breach of contract of these other persons; or, alternatively, for a reduction in any amount it must pay to any Plaintiff to the extent of the fault of any other party.

## THIRTY-EIGHTH DEFENSE

To the extent that any Plaintiff sustained damages, such damages were caused by the negligence or fault of persons with whom Plaintiff has settled his or her claims. Colony is entitled to a credit and/or offset of any Judgment rendered against it by the percentage of fault or virile share of all entities with whom any Plaintiff may have reached settlement. Further, said

settlement constitutes an extinguishment of any debt owed by this defendant.

### THIRTY-NINTH DEFENSE

Colony asserts any and all defenses contained in the policies of insurance which it issued to Sun Valley naming Sun Valley as an insured therein.

### FORTIETH DEFENSE

The policies issued to Sun Valley (policies AR5360195, AR5360195A, and/or AR5360195B) neither obligate Colony to defend or indemnify Sun Valley with respect to this lawsuit.

### FORTY-FIRST DEFENSE

Sun Valley may be barred from coverage for the loss at issue herein pursuant to the "Section I-Coverages, Coverage A. Bodily Injury and Property Damage Liability" portion of the commercial general liability insurance polices (policies AR5360195, AR5360195A, and/or AR5360195B) issued to it by Colony.

### FORTY-SECOND DEFENSE

Colony policies AR5360195, AR5360195A, and/or AR5360195B do not provide coverage for "bodily injury" that occurred outside of the respective policy periods.

### FORTY-THIRD DEFENSE

Any and all allegations which allege that Sun Valley may have ignored, concealed or condoned the concealment of the alleged fact that the housing units at issue purportedly contained dangerous levels of formaldehyde do not constitute "occurrences" within the meaning of Colony policies AR5360195, AR5360195A, and/or AR5360195B.

### FORTY-FOURTH DEFENSE

Any and all allegations which allege that Sun Valley may have known of the alleged health hazards inherent in the products it constructed do not constitute "occurrences" within the meaning of Colony policies AR5360195, AR5360195A, and/or AR5360195B.

### FORTY-FIFTH DEFENSE

Colony policies AR5360195, AR5360195A, and/or AR5360195B do not provide coverage to the extent Sun Valley knew prior to the respective policy periods that the alleged "bodily injury" or "property damage" had occurred, in whole or in part.

### FORTY-SIXTH DEFENSE

Colony policies AR5360195, AR5360195A, and/or AR5360195B do not provide coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured as stated under Coverage A of Colony policies AR5360195, AR5360195A, and/or AR5360195B.  Therefore, Colony asserts coverage may be precluded for Sun Valley based upon the allegation that Sun Valley may have ignored, concealed or condoned the concealment of the alleged fact that the housing units at issue purportedly contained dangerous levels of formaldehyde.  Colony further asserts that coverage may be precluded under the above policy language based on the allegation that Sun Valley may have known of the alleged health hazards inherent in the products it constructed.

### FORTY-SEVENTH DEFENSE

Plaintiffs claim either "bodily injury" or "property damage" which occurred, in whole or part, due to the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of formaldehyde.  Colony asserts that formaldehyde constitutes a "hazardous material" within the meaning of the Colony policies (policy AR5360195, AR5360195A, and/or

AR5360195B); therefore, Sun Valley is barred from coverage for the loss at issue herein pursuant to the Hazardous Materials Exclusion (endorsement number U003-0702) of the Colony policies (AR5360195, AR5360195A, and/or AR5360195B).

### FORTY-EIGHTH DEFENSE

Sun Valley may be barred from coverage under one or more of Colony's policies (AR5360195, AR5360195A, and/or AR5360195B) pursuant to the known loss doctrine.

### FORTY-NINTH DEFENSE

Sun Valley may be barred from coverage under one or more of Colony's policies (AR5360195, AR5360195A, and/or AR5360195B) pursuant to the loss in progress doctrine.

### FIFTIETH DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under the Louisiana Products Liability Act

### FIFTY-FIRST DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Louisiana law sounding in negligence.

### FIFTY-SECOND DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Mississippi Code Annotated §11-1-63.

### FIFTY-THIRD DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Mississippi law sounding in strict liability and/or negligence.

## FIFTY-FOURTH DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Code of Alabama §6-5-521.

## FIFTY-FIFTH DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Alabama law sounding in breach of express and implied warranty of merchantability.

## FIFTY-SIXTH DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Texas products liability law.

## FIFTY-SEVENTH DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Texas law sounding in negligence.

## FIFTY-EIGHTH DEFENSE

Plaintiffs have failed to state a cause of action against Colony and/or its insured, Sun Valley, under Texas law sounding in breach of implied warranty.

**WHEREFORE,** Colony respectfully prays that the above Answer and Defenses to the Second Amended Complaint for Damages be deemed good and sufficient and that after due proceedings are had, there be judgment rendered in favor of Colony against Plaintiffs, dismissing their claims and requests for damages at their cost and with prejudice and that Colony be awarded all other general, special and equitable relief as the nature of this case may permit and all costs of these proceedings.

Respectfully submitted,


 /s/ JAMES R. SUTTERFIELD
James R. Sutterfield, T.A. (La. Bar No. 12597)
jsutterfield@swslaw.com
Candace R. LeBlanc (La. Bar No. 31831)
cleblanc@swslaw.com
650 Poydras Street, Suite 2715
New Orleans, LA  70130
Telephone:     (504) 598-2715
Facsimile:      (504)529-7197

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 16th day of December, 2010, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


/s/ JAMES R. SUTTERFIELD