UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE     \* **MDL NO. 1873**
PRODUCTS LIABILITY LITIGATION           \*
     \*
     \* **JUDGE ENGELHARDT**
     \*
     \* **MAGISTRATE CHASEZ**
     \*

**THIS DOCUMENT RELATES TO:**

*Wynette Marie Akrias, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-1002; *James H. Aldridge, et al. v. Gulf Stream, et al*, E.D.La. No. 07-9228; *Paul Alexis, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-506; *Ashley Allen, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-742; *Brittany Nicole Annis v. Am. Int'l Group, et al.*, E.D.La. No. 10-997; *Charles Arbour, et al. v. Recreation by Design, LLC, et al.*, E.D.La. No. 10-1001; *Lucille Margaret Arcement, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-739; *Linda Audibert v. Coachmen Industries, Inc., et al.*, E.D.La. No. 10-998; *Sunshine Augustine v. Am. Int'l Group, et al.*, E.D.La. No. 10-995; *Kerry Collins Fernandez, et al. v. Recreation by Design, LLC, et al.*, E.D.La. No. 10-751; *Steven Weyland Fincher, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-779; *Stephanie Gagliano v. Southern Energy Homes, Inc., et al.*, E.D.La. No. 10-999; *Kimberly Nelson, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 07-7494; *Dorothy Sue Acosta, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-513; *Jean Adams, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-508; *Jacklyn Aguilar, et al. v. Morgan Buildings and Spas, Inc., et al.*, E.D.La. No. 09-7985; *Thais Joyce Augustine, et al. v. Am. Int'l Group*, et al., E.D.La. No. 10-746; *Linda Ellen Authement v. TL Industries, Inc. et al.*, E.D.La. No. 10-994; *Somaya Bader et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-511; *Jennifer Ann Kieff, et al. v. DS Corp., et al.*, E.D.La. No. 10-738; *Warren A. Perez v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-770; *Diana Ranton v. Am. Int'l Group, et al.*, E.D.La. No. 10-776; *Sidney C. Sigur v. Am. Int'l Group, et al.*, E.D.La. No. 10-927; *Helen Albarado, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No. 10-514; *Elizabeth Baker, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No. 09-7162; *Robert Moise Legendre, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No. 09-6907; *Johnny Dusty Atkinson, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No.. 10-1000; *Belinda Bauer, et al. v. Liberty Homes, Inc., et al.*, E.D.La. No. 08-5031; *Steven Weyland Fincher, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-779*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS AGAINST MORGAN FOR FAILURE TO COMPLY WITH ORDERS AND REASONS CONCERNING DEADLINES FOR MATCHING AND FILING

Morgan Building & Spas, Inc. (Morgan Buildings), Morgan Building Systems, Inc.[1] (Morgan Systems) and Morgan Manufacturing Corporation[2] (Morgan Manufacturing and collectively with Morgan Buildings and Morgan Systems, Morgan) file this memorandum in support of their motion to dismiss claims against Morgan for failure to comply with the matching requirements set forth in Pretrial Order Nos. 40, 49 and 68, which were designed to satisfy constitutional subject matter jurisdiction requirements.[3]

The plaintiffs in the suits listed on Exhibit A named Morgan as a "procurement defendant" along with defendant North American Catastrophe Services (NACS). The plaintiffs failed, however, to specify which procurement defendant, Morgan or NACS, procured their individual trailers. As a result, this Court does not have subject matter jurisdiction over Morgan, and Morgan should be dismissed with prejudice from these proceedings.

The plaintiffs in the suits listed on Exhibit B likewise named Morgan as a "procurement defendant" along with NACS, failing to specify which procurement defendant procured their

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.

[2] At times, incorrectly named as Morgan Building & Spas Manufacturing Corporation.

[3] In Pretrial Order No. 74 (R. Doc. 15060), the court directed defense liaison counsel to file a motion to dismiss "unmatched complaints" once all applicable deadlines have expired. Defense liaison counsel will be filing such a motion and Morgan will be impacted by that motion because Morgan has been named in several "unmatched complaints." This motion, however, addresses cases which are *sui generis*. The cases are "matched complaints" insofar as the plaintiffs have matched themselves to a manufacturer and, in some instances, also a "no bid contractor." However, the plaintiffs have failed to match to a specific "procurer"; instead filing suit against both Morgan and NACS. In other cases, all plaintiffs have been dismissed from the suits leaving a "shell" suit against Morgan and other defendants. Finally, in one suit, *Belinda Bauer*, all plaintiffs who brought claims against Morgan have been severed, but Morgan was not dismissed from the suit.

368173.1

individual trailers.   These plaintiffs have, however, filed motions to sever their claims, which were granted by this Court.  While the plaintiffs were severed from the suits listed in Exhibit B, the suits were not dismissed, leaving a "shell" case against Morgan and other defendants, without any plaintiff.  In accordance with Pretrial Order Nos. 40, 49 and 68, these suits should likewise be dismissed with prejudice.

The plaintiffs in the suits listed on Exhibit C also named Morgan as a manufacturing defendant.  These plaintiffs have, however, filed motions to sever their claims, which were granted by this Court.  While the plaintiffs were severed from the suits listed in Exhibit C, the suits were not dismissed, leaving a "shell" case against Morgan and other defendants, without any plaintiff.  In accordance with Pretrial Order Nos. 40, 49 and 68, these suits should likewise be dismissed with prejudice.

Two other suits against Morgan should be dismissed for similar reasons.  In *Johnny Dusty Atkinson, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D. La. No. 10-1000, the plaintiffs alleged that Morgan manufactured their emergency housing units.  The plaintiffs also named Morgan as a "procurement defendant" along with NACS, failing to specify which procurement defendant procured their individual trailers.  As a result, the claims against Morgan as a "procurement defendant" should be dismissed with prejudice from this suit in accordance with Pretrial Order Nos. 40, 49 and 68.

Additionally, in *Belinda Bauer, et al. v. Liberty Homes, Inc., et al.*, E.D. La. suit no. 08-5031, Morgan was named as a manufacturer and specifically matched to 23 plaintiffs.  These 23 plaintiffs filed motions to sever their claims, which were granted by this Court.  While the

plaintiffs were severed from the *Bauer* suit, Morgan was not dismissed from the suit and no other plaintiff in *Bauer* has asserted a cause of action against Morgan. For this reason, the claims against Morgan in *Bauer* should be dismissed with prejudice.

## I.   PROCEDURAL HISTORY

### A.   <u>Pretrial Order No. 40 (R. Doc. 1781)</u>

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction based on the plaintiffs' failure to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match individual plaintiffs with specific defendants or risk dismissal. (R. Docs. 599 and 604). Thereafter, numerous new suits were filed in or transferred to the MDL and Pretrial Order No. 40 was entered, giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers. (R. Doc. 1781). After 45 days, plaintiffs' counsel was to notify the Court of the unmatched plaintiffs, who would be subject to dismissal, without prejudice, and without further notice. *Id.*

Thereafter, the 45-day period allowed by Pretrial Order No. 40 was extended in individual cases and to all underlying cases pending Magistrate Chasez's ruling on the PSC's motion to compel the government to produce "disaster" or individual assistance files. (R. Doc. 3325).

**B.**     **Pretrial Order No. 49 (R. Doc. 8908)**

On December 8, 2009, the Court issued Pretrial Order No. 49, reestablishing the 45-day deadline for plaintiffs to match with manufacturers with regard to new complaints, as set forth in Pretrial Order No. 40.  Pretrial Order No. 49 further provides that current unmatched plaintiffs must be matched within 20 days of the Order, with these deadlines being subject to extension upon a showing of good cause.

**C.**     **Pretrial Order No. 68 (R. Doc. 14200)**

On May 26, 2010, the Court issued Pretrial Order No. 68, which established a "last chance" process for plaintiffs to obtain information to facilitate the matching process and "to provide a date certain by which the matching effort will end, and dismissal of claims for unmatched claimants will occur." *Id.*  For those plaintiffs not participating in the "last chance" matching process, Pretrial Order No. 68 authorizes defendants to file motions to dismiss any claims still in existence in which the claimant has sued multiple manufacturers and/or government contractors.  Pretrial Order No. 68 further instructs that the Court intends to dismiss with prejudice the claims of all claimants who fail to comply with Pretrial Order No. 68. *Id.*, at Section II(D).

Pretrial Order No. 68 was amended on July 14, 2010 (R. Doc. 14779).  The revisions to Amended Pretrial Order No. 68 do not impact the analysis of Morgan's motion to dismiss.

**II.     SUBJECT MATTER JURISDICTION HAS NOT BEEN SATISFIED**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Matte v. Sunshine Mobile Homes,*

*Inc.*, 270 F.Supp.2d 805, 812 (W.D. La. 6/9/03), *quoting Home Builders Association of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (*quoting Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1187 (2d Cir. 1996)).

Article III of the Constitution confines a federal court to adjudicating actual "cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L. Ed.2d (1984). A federal district court lacks subject matter jurisdiction over a case unless a plaintiff has standing to bring the action. "In the absence of standing, there is no 'case or controversy' between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the Constitution." *Matte,* at 813, *citing Warth v. Seldin*, 422 U.S. 490, 498–499, 95 S.Ct. 2197, 45 L. Ed.2d 343 (1975); *see also Doe v. Tangipahoa Parish School Board*, 494 F.3d 494, 496-497 (5th Cir., 2007). ("Standing to sue must be proven, not merely asserted, in order to provide a concrete case or controversy and to confine the courts' rulings within our proper judicial sphere.") The Court must ask whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant federal court jurisdiction. *Matte*, 270 F.Supp.2d at 813, *citing Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

The Court's jurisdiction over plaintiffs' claims against Morgan depends upon whether the named plaintiffs have standing to pursue the alleged claims. In order for a plaintiff to have standing, he must satisfy three constitutional elements: (1) the plaintiff must have suffered an actual or imminent injury which is concrete and particularized and may not be conjectural or hypothetical; (2) there must be a casual connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury will be

368173.1

6

redressed by a favorable decision. *Id., citing United States v. Hays*, 515 U.S. 737, 742-743, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995), *quoting Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). (internal quotation marks omitted).

The cases listed in Exhibits A and B fail to allege any specific link between a particular plaintiff and Morgan, as a procurement defendant. As a result, those plaintiffs lack constitutional standing to bring their claims against Morgan, and the Court should dismiss Morgan from those cases, with prejudice, for lack of subject matter jurisdiction over plaintiffs' claims. *See* R. Docs. 599 and 604. Additionally, the cases listed in Exhibits B and C no longer contain any plaintiffs and should be dismissed with prejudice. The claims in *Johnny Dusty Atkinson* against Morgan as a procurement defendant should be dismissed, because the plaintiffs named Morgan and NACS as procurement defendants without alleging any specific link between a particular plaintiff and Morgan as a procurement defendant. Finally, the claims against Morgan in *Belinda Bauer* should be dismissed, because all plaintiffs who asserted causes of action against Morgan have been severed from this suit, leaving no plaintiff with a claim against Morgan.

## III.   THE CLAIMS AGAINST MORGAN SHOULD BE DISMISSED WITH PREJUDICE

In the cases listed on Exhibit A, the plaintiffs have failed to comply with the matching requirements of Pretrial Order Nos. 40, 49 and 68 (as well as the constitutional requirements of subject matter jurisdiction), because they have not affirmatively and specifically alleged that Morgan procured their individual trailers. Instead, the plaintiffs make general allegations that Morgan and NACS procured trailers for FEMA. Due to the plaintiffs' failure to match

themselves to Morgan specifically, as required by Pretrial Order Nos. 40, 49 and 68, the claims against Morgan should be dismissed with prejudice. *See also* Pretrial Order No. 74 (R. Doc. 15060).

Similarly, Morgan was not matched to a plaintiff with regard to the cases listed in Exhibit B. Morgan was named as a procurement defendant in each of these cases. These cases are, however, now "shell" cases - all plaintiffs have been severed from the cases, but there has been no order dismissing the suits and closing the suit numbers. While the plaintiff matched themselves to Morgan in the cases listed in Exhibit C, these cases are now "shell" cases because all plaintiffs have been severed from the cases. For these reasons, the cases listed on Exhibits B and C should also be dismissed with prejudice.

### A. Unmatched Procurement Cases – Exhibit A

In the following cases also listed in Exhibit A, Morgan and NACS are both named as procurement defendants and the plaintiffs have failed to state which procurement defendant procured their trailers:

1.  *Wynette Marie Akrias, et al. v. American International Group, et al.,* E.D. La. No. 10-1002;

2.  *James H. Aldridge, et al. v. Gulf Stream Coach, Inc., et al,* E.D. La. No. 07-9228;

3.  *Paul Alexis, et al. v. American International Group, et al.,* E.D. La. No. 10-506;

4.  *Ashley Allen, et al. v. Gulf Stream Coach, Inc., et al.,* E.D. La. No. 10-742;

5.  *Brittany Nicole Annis v. American International Group, et al.,* E.D. La. No. 10-997;

6.  *Charles Arbour, et al. v. Recreation by Design, LLC, et al.,* E.D. La. No. 10-1001;

7.  *Lucille Margaret Arcement, et al. v. American International Group, et al.*, E.D. La. No. 10-739;

8.  *Linda Audibert v. Coachmen Industries, Inc., et al.*, E.D. La. No. 10-998;

9.  *Sunshine Augustine v. American International Group, et al.*, E.D. La. No. 10-995;

10. *Kerry Collins Fernandez, et al. v. Recreation by Design, LLC, et al.*, E.D. La. No. 10-751;

11. *Steven Weyland Fincher, et al. v. Gulf Stream Coach, Inc., et al.*, E.D. La. No. 10-779;

12. *Stephanie Gagliano v. Southern Energy Homes, Inc., et al.*, E.D. La. No. 10-999; and

13. *Kimberly Nelson, et al. v. Gulf Stream Coach, Inc., et al.*, E.D. La. No. 07-7494, originally pending in the Western District of Louisiana bearing suit number 07-921.

### B.   Unmatched "Shell" Cases – Exhibit B

In the cases listed in Exhibit B, Morgan was named as a "procurement defendant," but not matched to a specific plaintiff. In accordance with Pretrial Order Nos. 40 and 49, the plaintiffs in the following cases filed motions to sever their claims from their original suits because they had filed amending complaints matching themselves to specific defendants. The various motions to sever were granted. The originating cases, however, were not dismissed. As a result, there are several "shell" cases in which Morgan was named as an unmatched procurement defendant, but which no longer contain any plaintiffs. These cases, listed below, should also be dismissed with prejudice:

1.  *Dorothy Sue Acosta, et al. v. Gulf Stream Coach, Inc. et al.*, E.D. La. No. 10-513. All plaintiffs were severed by Order at R. Doc. 17812;

2.  *Jean Adams, et al. v. American International Group, et al.*, E.D. La. No. 10-508. All plaintiffs were severed by Order at R. Doc. 17891;

3.  *Jacklyn Aguilar, et al. v. Morgan Buildings and Spas, Inc.*, et al., E.D. La. No. 09-7985. All plaintiffs were severed by Order at R. Doc. 17813;

368173.1

9

4.     *Thais Joyce Augustine, et al. v. American International Group, et al.*, E.D. La. No. 10-746. All plaintiffs were severed by Order at R. Doc. 17928;

5.     *Linda Ellen Authement v. TL Industries, Inc. et al.*, E.D. La. No. 10-994. All plaintiffs were severed by Order at R. Doc. 17812;

6.     *Somaya Bader, et a. v. Gulf Stream Coach, Inc., et al*, E.D. La. No. 10-511. All plaintiffs were severed by Order at R. Doc. 17789;

7.     *Jennifer Ann Kieff, et al. v. DS Corp., et al.*, E.D. La. No. 10-738. All plaintiffs were severed by Order at R. Doc. 17663;

8.     *Warren A. Perez v. Gulf Stream Coach, Inc., et al.*, E.D. La. No. 10-770. The only plaintiff was severed by Order at R. Doc. 17812;

9.     *Diana Ranton v. American International Group, et al.*, E.D. La. No. 10-776. The only plaintiff was severed by Order at R. Doc. 17920;

10.    *Sidney C. Sigur v. American International Group, et al.*, E.D. La. No. 10-927. The only plaintiff was severed by Order at R. Doc. 17920;

11.    *Helen Albarado, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D. La. No. 10-514. All plaintiffs were severed by Order at R. Doc. 17891; and

12.    *Steven Weyland Fincher, et al. v. Gulf Stream, Inc., et al.*, E.D.La. no. 10-779. The only plaintiff was severed by Order at R. Doc. 18472.

## C.     Matched "Shell" Cases – Exhibit C

In the cases listed in Exhibit C, Morgan was matched to a plaintiff as a manufacturing defendant. In accordance with Pretrial Order Nos. 40 and 49, the plaintiffs in these cases also filed motions to sever their claims because they had filed amending complaints matching themselves to specific defendants in other suits. The various motions to sever were granted. The originating cases, however, were not dismissed. As a result, there are two "shell" cases in which Morgan was named as an manufacturing defendant, but which no longer contain any plaintiffs. These cases, listed below, should also be dismissed with prejudice:

368173.1

1.    *Elizabeth Baker, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D. La. No. 09-7162. All plaintiffs were severed by Order at R. Doc. 17812; and

2.    *Robert Moise Legendre, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D. La. No. 09-6907.  All plaintiffs were severed by Order at R. Doc. 17891.

### D.    Claims Against Morgan Should Be Dismissed In Two Additional Cases

In *Johnny Dusty Atkinson, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D. La. No. 10-1000, the plaintiffs alleged that Morgan manufactured their emergency housing units.  The plaintiffs also named Morgan as a "procurement defendant" along with NACS, failing to specify which procurement defendant procured their individual trailers.  As with the cases listed listed in Exhibit B, the claims against Morgan as a "procurement defendant" should be dismissed with prejudice from this suit in accordance with Pretrial Order Nos. 40, 49 and 68.

Additionally, in *Belinda Bauer, et al. v. Liberty Homes, Inc., et al.*, E.D. La. No. 08-5031, Morgan was named as a manufacturer and specifically matched to 23 plaintiffs. These 23 plaintiffs filed motions to sever their claims, which were granted by this Court.  *See* R. Doc. 17617.  These 23 plaintiffs have now made claims against other defendants.  While the plaintiffs were severed from the *Bauer* suit, Morgan was not dismissed from the suit and no other plaintiff in *Bauer* has asserted a cause of action against Morgan.  For this reason, the claims against Morgan in *Bauer* should be dismissed with prejudice as Morgan is an "unmatched" defendant.

## IV.    CONCLUSION

Considering the foregoing, the claims of the plaintiffs listed in Exhibit A against Morgan Building & Spas, Inc., Morgan Building Systems, Inc. and/or Morgan Manufacturing Corporation, as the case may be, should be dismissed with prejudice, due to the plaintiffs failure

to comply with Pretrial Order Nos. 40, 49 and 68.  Likewise, the suits listed in Exhibit B should be dismissed with prejudice, because the claims asserted against Morgan do not comply with Pretrial Order Nos. 40, 49 and 68.  The suits listed in Exhibits B and C should also be dismissed, because all of the plaintiffs in these suits have been severed and moved to new suits.

Further, the causes of action based on Morgan's status as a "procurement" defendant should be dismissed from *Johnny Dusty Atkinson, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D. La. No. 10-1000, because the plaintiffs failed to specify which "procurement" defendant, Morgan or NACS, procured their trailers.  The claims against Morgan should also be dismissed from *Belinda Bauer, et al. v. Liberty Homes, Inc., et al.*, E.D. La. No. 08-5031, because no remaining plaintiff has asserted a cause of action against Morgan.

Respectfully submitted,


*/s/ Christine Lipsey*
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS &
SPAS, INC., MORGAN BUILDING SYSTEMS,
INC. AND MORGAN MANAGEMENT
CORPORATION

## CERTIFICATE OF SERVICE

I certify that, on the 17th day of December, 2010, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

/s/ Christine Lipsey
Christine Lipsey

368173.1

13