## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION           SECTION N-5

                                       JUDGE ENGELHARDT
                                       MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO: "ALL CASES"

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### UNITED STATES OF AMERICA'S MEMORANDUM IN RESPONSE AND OPPOSITION TO PSC'S "MOTION FOR ENTRY OF ORDER CONCERNING SUMMARY JURY TRIAL INVOLVING DUTCHMEN MANUFACTURING, INC." (Rec. Doc. 18701)

### INTRODUCTION

Defendant United States of America ("United States") files this memorandum in response

and opposition to "Motion for Entry of Order Concerning Summary Jury Trial Involving

Dutchmen Manufacturing, Inc." (Rec. Doc. 18701).[1]  *See also* Order (Doc. Rec. 18710) (granting

motion for expedited consideration of the motion); Pretrial Order No. 81 (Doc Rec. 18680)

(scheduling the prceeding for March 28, 2010).  Plaintiffs' Steering Committee ("PSC"),

pursuant to Fed. R. Civ. P. 16(a)(5), LR 16.3.1(b) and Pretrial Order No. ("PTO") 63 (Rec. Doc.

13871) and PTO 64 (Rec. Doc. 13872), seeks entry of a Court Order for "All Cases" authorizing

an Alternative Dispute Resolution ("ADR")/Summary Jury Trial ("SJT") involving three

---

[1]  The United States agrees to withdraw its opposition to the Motion if PSC and Dutchmen agree that the Honorable Judge Engelhardt will not serve as the judicial moderator of the ADR/SJT or alternatively if PSC and Dutchmen agree that: (1) counsel for the United States may observe and monitor all aspects of the ADR/SJT; (2) all aspects of the ADR/SJT are recorded and transcribed (including any question and answer session with the jury); (3) the United States may obtain the jury verdict form and a transcript of the proceeding; and (4) PSC and Dutchmen stipulate that they will not challenge or seek to recuse the Honorable Judge Engelhardt as the fact finder in any action involving the United States as a result of the ADR/SJT.

hypothetical exemplar plaintiffs who occupied a hypothetical exemplar trailer manufactured by Dutchmen Manufacturing, Inc. ("Dutchmen"). PSC Motion, Caption (Rec. Doc. 18701); Proposed Order at 3-5 (Rec. Doc. 18701-2). The purpose of the ADR/SJT is to "promote ultimate resolution of claims against Dutchmen in this MDL litigation." PSC Motion at 1.

The United States requests that the Court deny PSC's Motion because PSC and Dutchmen insist that the Honorable Judge Engelhardt serve as the judicial moderator of the ADR/SJT. *See* Proposed Order at 10. The proposed ADR/SJT is a closed, confidential proceeding, and pursuant to PSC and Dutchmen's modification of PTO 63 and PTO 64 confidentiality provision, PSC and Dutchmen reserve the right to withhold and prevent the United States and any other non-participating party for obtaining the jury verdict form and a transcript of the proceedings. Proposed Order at 14.[2]   The United States has well grounded concerns that if the Honorable Judge Engelhardt serves as the judicial moderator, because of the lack of transparency, he may be required to recuse himself as the fact finder in Federal Tort Claims Act, 28 U.S.C. §1346(b)(1), 2671-80, actions filed against the United States. This includes the 33 actions involving 389 Plaintiffs who have filed suit against the United States for

---

[2]   Although PTO 63 and PTO 64 prohibits non-participating parties such as the United States from observing the ADR/SJT, it authorizes non-participating parties such as the United States to obtain the jury verdict form and a transcript of the proceeding upon signing a confidentiality agreement. The United States has conferred with PSC and Dutchmen and they indicated that they have modified this provision. Purusant to the modification, PSC and Dutchmen reserve the right to prevent disclosure of the jury verdict form and the transcript of the proceeding to non-participating parties such as the United States. Proposed Order at 14. This modficiation of PTO 63 and PTO 64 was also contained in the September 13, 2010 Gulfstream Coach, Inc., Summary Jury Trial Order, and Gulfstream Coach, Inc., has refused to disclosure the jury verdict rendered in that action to non-participating parties. The United States did not object to the Gulfstream ADR/SJT because the Court appointed a Magistrate Judge to serve as the judicial moderator of the proceeding, and the plaintiffs who were the subject of the ADR/SJT, had either not filed suit against the United States or voluntarily dismissed their claims against the government. As such the concerns raised by the United States here were not at issue in the Gulfstream ADR/SJT.

alleged injuries arising out of their occupancy of a Dutchmen trailer.[3]

## FACTS

1.     The proposed Order accompanying PSC's motion does not reflect the case or cases in controversy that are the underlying authority for the Court's entry of the proposed Order or are the subject of the ADR/SJT.  Prosposed Order at 1.[4]

2.     PSC and Dutchmen have nominated Honorable Judge Kurt Engelhardt tomoderate the ADR/SJT. Proposed Order at 10 (Rec. Doc. 18701-2).

3.     The proposed Order modifies the confidentiality provisions contained in PTO 63 and PTO 64 and provides that:

> [T]he . . . summary jury trial shall be closed to the public, and only the parties participating in that SJT, including their representatives and insurers, may be present in the courtroom.
>
> In addition, the Court shall instruct all jurors and jury venire members that the summary jury trial is confidential and all information about it (including all aspects of the trial and its results) must not be disclosed to any person.
>
> **Counsel representing non-participating parties may, *upon agreement of all the participating parties*, receive information about the Summary Jury Trial, including copies of the jury verdict and transcripts of the**

---

[3]  *See infra* at 6.

[4]  The proposed Order does not indicate the underlying action that the ADR/SJT applies to or authorize entry of such an order, such as "All Cases," "All Cases Involving Dutchmen Manufactured Trailers," or specific docket numbers. The Order entered by the Court should contain that information because the Constitution only authorizes a court to order a settlement conference or ADR for cases that are actually pending before it.  *See* U.S. Const. art. III, §2 (limiting judicial power to actual cases or controversies); *see also In re Asbestos Litig.*, 90 F.3d 963, 1014-15 (5th Cir. 1996) (Smith, J., dissenting) ("Rule 16 cannot permit a judge to order settlement conferences over cases that are not before him – that would be an exercise of power the Constitution does not permit"), *abrog. on other gnds, Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997).  The United States respectfully suggest that given the parties involved that the appropriate designation is "All Cases Involving Dutchmen Manufactured Trailers."

proceeding.[5]

*Id*. at 14 (emphasis added).

4.      The proposed Order provides that "[f]ollowing the jury verdict, the Court will invite jurors to remain for the purpose of answering questions from counsel.  The Court will ***'moderate'*** this session to assure that the discussion remains directed at obtaining instructive juror feedback." *Id*. at 14 (emphasis added).

5.      The SJT will address three substantive issues:

    (a)      The plaintiffs' risk of contracting cancer from alleged exposure to formaldehyde;

    (b)      The use of statistical evidence and/or models to prove formaldehyde levels in the plaintiffs' trailer, where that trailer was not previously tested for formaldehyde levels; and

    (c)      The damages, if any, available to the plaintiffs based on the medical problems/symptoms described in the plaintiffs' profile above.

*Id*. at 5.

6.      The SJT will involve claims brought by a hypothetical exemplar family of three plaintiffs described as follows:

    The plaintiffs for purposes of this summary jury trial are a husband and wife that are both 37 years old and their minor child (under the age of 15), who all lived in a travel trailer located in New Orleans in the wake of Hurricane Katrina. This travel trailer was manufactured by Dutchmen.

    Plaintiffs are lifelong residents of New Orleans and evacuated after hurricane Katrina. They returned to New Orleans in January of 2006 and lived in their trailer for approximately 18 months while their home was being repaired.

---

[5]  *See supra* n.2.

4

Plaintiffs state that, while they resided in the Dutchmen travel trailer, they experienced headaches, minor eye, throat, and skin irritation, along with some minor breathing problems. Their minor child also complained of nausea while living in the trailer.  These symptoms stopped when plaintiffs moved out of their trailer and plaintiffs report that they have not had any of these symptoms since moving out.

The plaintiffs state that they did not associate any of these symptoms with living in the trailer, and, therefore, they state that is the reason they never reported their symptoms to any doctor.

The plaintiffs also state that they used over-the-counter medications to deal with their reported symptoms.

The plaintiffs are non-smokers.  Both adult plaintiffs worked 8 hours a day and their minor child attended school and after school day care.  The plaintiffs spent an average of 14 hours per day in the trailer.

*Id*. at 3-4.

7.    The SJT will involve the following hypothetical exemplar Dutchmen trailer.

The plaintiffs' travel trailer was approximately 8'x30' in size and Dutchmen manufactured the trailer in late 2005.  It has not been inspected or tested by the parties to this litigation and is no longer available for such inspection or testing.

The plaintiffs' travel trailer was a standard unit constructed to industry standards applicable to the RV industry.  It was built for sale through Dutchmen's dealer network.  The travel trailer was not manufactured to FEMA specifications, nor was it sold pursuant to any contract between Dutchmen and FEMA.  FEMA purchased the travel trailer from a dealer. Dutchmen did not add formaldehyde to the trailer as part of its manufacturing process.  Instead, the travel trailer was manufactured using certain pressed wood products, such as lauan, particle board and plywood that Dutchmen purchased from third parties.  Formaldehyde is contained in glue that is used during the process of fabricating these wood products. The travel trailer is similar in all respects to the travel trailers sold nationwide through Dutchmen's dealer network.

*Id*. at 5.

8.    To date, 33 Complaints/Amended Complaints, asserting claims on behalf of 389

Plaintiffs, have been filed against both Dutchmen and the United States in the Eastern District of Louisiana asserting injuries allegedly caused by exposure to formaldehyde in trailers manufactured by Dutchmen.  *See* Complaints/Amended Complaints, Docket Nos. 09-4533; 09-4545; 09-5366; 09-4531; 09-4853; 09-3764; 09-3590; 09-3590; 10-95; 09-8576; 09-3252; 10-2428; 09-8391; 09-4855; 09-8573; 10-2429; 09-4232; 09-6345; 09-6172; 09-5378; 09-2217; 09-8715; 09-8572; 10-2347; 10-2392; 10-3918; 10-359; 09-5370; 09-8660; 09-8574; 09-4854; 09-4532; 09-7319.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 16(a)(5), authorizes the Court to "order . . . pretrial conferences for such purposes as . . . facilitating settlement." Fed. R. Civ. P. 16(a)(5).  Eastern District of Louisiana Local Rule 16.3.1(b) provides that "[i]f the presiding judicial officer determines at any time that the case will benefit from alternative dispute resolution, the judicial officer shall . . . ***have discretion*** to order nonbinding . . . summary jury trial before a judicial officer ***with the parties consent*** . . . " LR 16.3.1(b) (emphasis added).  Furthermore "[a]ll alternative dispute resolution proceedings shall be confidential."  LR 16.3.1(d); *see also* 28 U.S.C. §652(d) ("each district court shall, by local rule . . . provide for the confidentiality of the alternative dispute resolution process and to prohibit disclosure of confidential dispute resolution communications").

A recusal motion is committed to the sound discretion of the district judge.  *See Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir.1982).

# ARGUMENT

**The Court Should Deny PSC's Motion Because if the Court Serves as the Judicial Moderator of the ADR/SJT there is a Substantial Risk that the Court May Be Unable to Serve As The Fact Finder In FTCA Actions Involving The United States.**

The Court should deny PSC's Motion because it requires the Honorable Judge Engelhardt, to serve as the judicial moderator of the ADR/SJT and there is a substantial risk that should Judge Engelhardt serve as the judicial moderator he will be unable to serve as the fact finder in actions involving the United States.[6]  The United States' concerns arise from the fact that the ADR/SJT is not transparent, but rather a closed and confidential proceeding.  *See* Proposed Order at 13-14.  Moreover, the lack of transparency is exacerbated by the fact that PSC and Dutchmen have modified PTO 63, and PTO 64, so that non-participating parties such as the United States may never be allowed to review the verdict form or a transcript of the proceeding. Proposed Order at 14.

Canon 3 of the Code of Judicial Conduct instructs that  "[a] judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding . . . ." Model Code of Judicial Conduct Canon 3(B)(7) (1990).  *See also Crowe v. Smith*, 151 F.3d 217, 245-46 (5th Cir. 1998) (Garza, J., concurring in part, and dissenting in part).  The ADR/SJT will

---

[6]  The MDL Panel has appointed the Honorable Judge Engelhardt to preside over this MDL action, and because the Honorable Judge Engelhardt is a Federal District Court Judge for the Eastern District of Louisiana, is also the finder of fact for all actions filed against the United States in the Eastern District of Louisiana.  Section 2402, of Title 28, requires that FTCA claims be "tried by the court without a jury."  28 U.S.C. §2402.  *See also Andrade v. Chojnacki*, 338 F.3d 448, 457 (5th Cir. 2003); *United States v. Myers*, 363 F.2d 615, 620, n.8 (5th Cir. 1966) (in all FTCA actions trial is to be had "in a United States District Court and is without a jury").  This Court has previously noted that as to any claims against the United States, it "is obligated to make its own findings and be entirely unmoved by any jury advice."  Order and Reasons at 3 (Doc. Rec. 2034).

7

address three issues: (1) claims for risk of contracting cancer from exposure to formaldehyde in a Dutchmen trailer, (2) use of statistical evidence and/or models to prove formaldehyde levels in a Dutchmen trailer; and (3) damages, if any, for intermittent signs and symptoms – headaches, minor eye, throat, skin irritation, minor breathing problems, and nausea – that commenced and existed during occupancy of the trailer.  *Id*. at 3-5.  These matters remain at issue in actions involving Dutchmen trailers that have been filed against the United States – all Plaintiffs who have filed suit against the government assert claims for alleged risk of contracting cancer.  *See*, *e.g.,*  Complaint ¶¶26, 70, 117 (Doc.  Rec. 1), *Calvin Alexander et. al. v. Dutchman Manufacturing, et. al.*, Civil No. 09-4533 (E.D. La).  PSC highlighted this matter in their recent opposition to the pending motion to dismiss the remaining Louisiana Plaintiffs' FTCA gross negligence claims, explaining that the alleged risk of cancer resulting from formaldehyde exposure constitutes the "[t]he crux of Plaintiffs' gross negligence claims."  Plaintiffs' Memo. at 15 (Rec. Doc. 18714).  The proposed ADR/SJT puts the Untied States in the untenable position of having its finder of fact receive information directly relevant to the claims against the govenment without affording the government an opportunity to even hear what information, right or wrong, was provided to its fact finder.

The judicial moderator responsible for the ADR/SJT will communicate with PSC, Dutchman, and witnesses for two days involving substantive matters involving claims arising out of Dutchmen trailers, includubg claims that are at issue in actions filed against the United States involving Dutchmen trailers.  Under the proposed Order, the United States may not observe or be present during the ADR/SJT.  Should the Honorable Judge Engelhardt serve as the judicial moderator, the ADR/SJT may be perceived as constituting inappropriate *ex parte*

8

communications regarding pending cases, and require Judge Engelhardt to recuse itself as the fact finder in any actions involving the United States. *See* Model Code of Judicial Conduct Canon §3(B)(7) (1990).

In addition, the Court's moderation of the ADR/SJT may result in the Honorable Judge Engelhardt's impartiality to serve as the fact finder being reasonably questioned. *See* 28 U.S.C. §455(a). It is axiomatic that a court must recuse itself from serving as the fact finder if it participates in a confidential ADR-type proceeding because a party may disclose a confidential susbtantive information regarding their assessment of the merits and value of the claims that the Court will later be called upon to resolve.[7] *See Becker v. Tidewater, Inc.*, 405 F.3d 257, 260 (5th Cir. 2005) (Judge who mediated settlement and became aware of parties' financial position on settlement should have been recused); *Garrett v. Delta Queen Steamboat Co., Inc.*, 2007 WL 837177 *2 (E.D. La., Mar. 14, 2007) (if a Judge discovers that he will be the fact finder as to an issue addressed at a settlement conference, it is not appropriate for him to function as the fact finder and he must recuse himself); *White v. Imperial Adjustment Corp.*, 2005 WL 1578810 at *1 (E.D. La., June 28, 2005) (Engelhardt, J.) (Magistrate Judge who participated in prior settlement discussions regarding merits, upon a party's objection, vacated a "Findings and Recommendation," recused himself, and directed the Clerk of Court to reallot the case).

The United States recognizes that a summary jury trial may not necessarily require a party

---

[7] The government's concerns regarding the the Honorable Judge Engelhardt's participation in the ADR/SJT may require his recusal to serve as the fact finder is not an issue for the private party defendants because their actions are resolved by a jury. *See generally* Fed. R. Civ. P. 16(a)(5) (authorizing courts to order "parties to appear for pretrial conference for such purposes as . . . facilitating settlement"); *In re Asbestos Litigation*, 90 F.3d at 963, 1014 (only in the rarest of circumstances can a court's participation in a settlement conference constitute grounds for recusal).

9

to disclosure confidential assessments of the merits and value of the claims to the judicial official that moderates the proceeding.  However, because the ADR/SJT is a closed and confidential proceeding, there is a risk that the parties may disclose such information, and if disclosed, whether inadvertently or intentionally to further the ADR/SJT or to preclude the Court from serving as the fact finder in action involving the government, the Court will be required at a minimum to recuse itself as the fact finder in actions involving Dutchmen trailers.

Moreover, this risk is heightened by the Court's proposed role as moderator of the proposed post mortem discussion with counsel, the parties, and the jury regarding why the jury found what it found.  As an initial matter, questioning of the jury by PSC and Dutchmen is very likely to reveal their confidential assessment and analysis of of the merits and value of the claims.  Further, allowing the fact finder in receive this information without the government being able to learn what fact it is being told, is prejudical to the government.

## CONCLUSION

The United States requests the Court deny the Motion because PSC and Dutchmen's insistence that the the Honorable Judge Engelhardt serve as the judicial moderator creates a substantial risk that Honorable Judge Englhardt will be unable to serve as the fact finder in any action involving the United States.

Dated:  December 21, 2010.

TONY WEST
Assistant Attorney General, Civil Division

J. PATRICK GLYNN
Director, Torts Branch, Civil Division

DAVID S. FISHBACK
Assistant Director

OF COUNSEL:

JANICE WILLIAMS-JONES
Senior Trial Attorney
Federal Emergency Management Agency
Department of Homeland Security
Washington, D.C. 20472

Respectfully Submitted,

ADAM BAIN
Senior Trial Counsel

MICHELLE BOYLE
        ADAM DINNELL
JONATHAN WALDRON
Trial Attorneys

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)
Senior Trial Counsel
United States Department of Justice
Civil Division – Torts Branch
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20004
Telephone No: (202) 616-4223
E-mail: Henry.Miller@USDOJ.Gov

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2010, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

*//S// Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)