# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:    FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| **This Document Relates to:** | **JUDGE ENGELHARDT** |
| *All Cases* | **MAGISTRATE CHASEZ** |

_____

## DUTCHMEN'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF SUMMARY JURY TRIAL ORDER

Defendant, Dutchmen Manufacturing, Inc. ("Dutchmen") submits this memorandum in support of the Plaintiff Steering Committee's motion for entry of the proposed summary trial order.[1]  The United States has opposed the plaintiff's motion and proposed order.[2]  The PLC has submitted a reply memorandum in support of their motion.[3]

The government objects to the proposed order because: (a) this Court will preside at the Dutchmen summary jury trial; (b) the government believes the entire proceeding will be confidential and not open to the public or other counsel; and (c)

_____

[1] *See* Rec. Doc. No. 18701.  This proposed order relates to the Dutchmen bellwether trial, which is set for March 28, 2011.  The parties have agreed that the trial will be conducted as a summary jury trial and have worked on and agreed upon a proposed order governing the trial.  That order is the subject of the government's opposition memorandum.

[2] Rec. Doc. No. 18833.

[3] Rec. Doc. No. 19044.

{B0703010.1}

the government counsel will not have access to the jury's findings at the end of the trial.   As discussed below, none of these concerns have a basis in law or fact.  The Court should grant the pending motion and enter the proposed order, as drafted.

## APPLICABLE LEGAL STANDARD

The government argues that the Court's impartiality might later be questioned if it presides over the Dutchmen summary jury trial, potentially requiring the Court to recuse itself in later trials.  Although the government has not filed a motion to recuse, its arguments are mainly based on the recusal standard provided in 28 U.S.C. 445(a).

Section 455(a) provides that the Court "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[4]  Despite the broad language of the statute, recusal is only required where there is a *reasonable* basis for doubting the impartiality of the judge, not simply when the recusal issue is raised as a possibility.[5]  Recusal and impartiality must be evaluated from the perspective of a reasonable and uninvolved observer, in light of the full record of the case, and not simply based on an isolated incident.[6]

The government is not a party to the Dutchmen summary jury trial.  It is concerned, however, that the Court might learn something during the trial that might influence the Court's analysis in another formaldehyde case involving the

---

[4] 28 U.S.C. §455(a).

[5] *In re M. Ibrahim Khan, P.S.C.*, 751 F. 2d 162 (7th Cir. 1984).

[6] In *re Wirebound Boxes Antitrust Litigation*, 724 F. Supp 648, 651 (D. Minn. 1989).

government.  The federal appellate court rulings have made clear that this is not a sufficient basis to question a court's impartiality.  The Seventh Circuit has held that if a judge learns information as part of his or her judicial duties regarding parties before the Court, whether in the same or related matters, that is not a basis for disqualification.[7]  Similarly, the Fifth Circuit has held that prior knowledge of some facts concerning a litigant is not, in itself, a basis for disqualification.[8]

## ARGUMENT

**1.      The Court's impartiality will not be questioned if it presides at the Dutchmen summary jury trial.**

The government's main argument is that the Court's impartiality in later cases might be questioned if it presides over the summary jury trial.  The government contends the Court *might* learn information that could influence its analysis of claims in other formaldehyde cases against the government.

The government's position is off-base for a number of reasons:

> ➢ The government hasn't identified any specific information that the Court might learn or explain how that information could reasonably affect the Court's impartiality in making a decision on the claims against the government.  Instead, the government's argument is based on conclusory allegations and assumptions of what information *might*

---

[7] *Lac du Flambeau Band of Lake Superior Chippewa Indians*, 991 F. 2d 1249, 1255 (7th Cir. 1993).

[8] *U.S. v. Seiffert*, 501 F. 2d 974, 978 (5th Cir. 1974)(bankruptcy judge's knowledge regarding defendant learned through attendance at creditors meeting before taking the bench does not provide basis for recusal under 28 USC 455).

be learned, none of which provide a solid basis to deny the pending motion.

➢ Dutchmen will permit the government's lawyers to observe the summary jury trial, so the United States, through its counsel, will have notice of all evidence and information provided to the Court during the trial.[9]

➢ The Dutchmen summary jury trial will be just that—a trial where the parties are represented by counsel and present their evidence to the jury in the ordinary fashion.  Given the nature of the proceeding, the parties are not likely to provide "confidential" information regarding their claims or assessment of the value of the claims.

➢ The Dutchmen trial will be limited to three narrow issues, none of which directly relate to the plaintiffs' claims against the government in this MDL.  Those issues are narrowly drawn and do not relate to any specific plaintiff.

2.    **The summary jury trial is not an "ex parte" communication and is not similar to a settlement conference.**

The government's characterization of the summary jury trial as an *ex parte* communication is simply wrong and ignores the facts.   The term "ex parte" means a

---

[9] In a December 27, 2010 response email to the Court and all counsel, Dutchmen stated that it would consent to counsel in the MDL being present during the summary jury trial, through the point when the jury retires.  Dutchmen understands that the PLC objects to <u>any</u> counsel being present, other than counsel for Dutchmen and the PLC.  Obviously, there is no actual plaintiff to voice this objection.

"generally prohibited communication between counsel and the court when opposing counsel is not present."[10]  The summary jury trial is not an *ex parte*—all counsel will be present and the proceeding will take place in open court.  The fact that the government is not a party to the Dutchmen trial does not make it an *ex parte* communication or proceeding.[11]

The government wrongly compares the summary proceeding to a settlement conference where the Court might learn confidential information from the parties, creating a potential basis for recusal.  Here, the summary jury trial will not be like a settlement conference.  The Court will <u>not</u> meet with each of the parties separately and it will <u>not</u> receive the parties' "confidential assessments of the merits and value of the claims."[12]  Just the opposite, the summary jury trial will have most of the trappings of an ordinary trial and will take place in court, with all counsel present.  The parties will present their case to the jury and the jury will render a verdict.

The three cases cited by the government do not support its position.  In all three cases (*Becker, Garrett, and White*), the issue was whether the presiding officer could, after having received confidential information in a settlement conference, make a decision on the merits of the claims.  That is not the situation here.

---

[10] Blacks Law Dictionary, 7th Ed.

[11] Taken to its logical extreme, the government's argument means that the Court would engage in *ex parte* communications <u>every</u> time it presided over one case and learned information that might relate to a future case.  Obviously, that's not what occurs and the rules do not require recusal in such instances.

[12] *See* Rec. Doc. No. 18833, p. 10.

Moreover, even if the Court learns information in the Dutchmen trial that *might* relate to the future claims against the government, this is not a basis for recusal or even a concern. As the Seventh Circuit has concluded, this scenario cannot form the basis of a recusal motion under §455:

> "Personal" knowledge of evidentiary facts means "extrajudicial." **Facts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification**….**That being the case, it is difficult to imagine how judicially-learned facts about different parties in a case similar to the one being tried would require disqualification**.[13]

The Seventh Circuit's analysis applies here. This Court is not required to try the current claims against Dutchmen or the future claims against the government in a vacuum. The Court may permissibly, in exercising its judicial function as a United States District Court judge, conduct a trial in one matter and learn information that might relate to another matter.[14] It is important to note that the government has not identified any specific information that might be learned in the Dutchmen trial that could be problematic. This is likely because of the narrow issues involved in the summary jury trial. But, even if the Court learns such

---

[13] *Lac du Flambeau Band of Superior Chippewa Indians, supra,* 991 F. 2d at 1255.

[14] The fact that individual suits are pending in the MDL does not change the analysis of the issues raised by the government. The individual lawsuits, although related, are still separate civil actions and have not lost their separate identities because they are grouped in the MDL. *See In re Nissan Motor Corp Antitrust Litigation*, 471 F. Supp. 754 (S.D. Fla. 1979)(Cases in MDL are not consolidated and do not lose their separate identities by virtue of the MDL).

information, in its judicial capacity, that information should not provide a basis to disqualify the Court in a consequent proceeding.

### 3. Dutchmen will not object to the government counsel attending the summary jury trial itself.

Part of the government's concern is that the parties *might* exclude government counsel from the Dutchmen summary jury trial.  Although the proposed order would permit complete confidentiality, Dutchmen does not intend to exclude the government counsel from attending the trial, up through the point when the jury retires to deliberate.   After the deliberations begin, Dutchmen intends to maintain the confidentiality of the proceeding.  It will ask the Court to excuse all counsel from the courtroom, as it did in the Gulf Stream bellwether trial.

Under this procedure, the government's counsel will be able to observe the summary jury trial and will have notice of all information provided to the Court during the trial.   This should alleviate any concerns that the Court might receive confidential information from either or both parties.[15]

### 4. While Dutchmen believes it would be appropriate for the Court to preside at the summary jury trial, it would not oppose use of another judge or magistrate.

Dutchmen respectfully disagrees with the government's position in this matter.  However, if the Court has concerns regarding its potential recusal in later

---

[15] The government correctly acknowledges that it is unlikely the parties will disclose confidential assessments of the merits and values of the claims, and simply relies on the "risk" that disclosure may be made.  *See* Rec. Doc. No. 18833, p. 10.  The parties have no need to reveal their analysis of the claims during the summary jury trial and it would be unusual for them to do so.  Thus, the "risk" identified by

trials concerning the government, Dutchmen would consent to selection of another

judge or magistrate for purposes of this summary jury trial.

### CONCLUSION

For all the reasons explained in this memorandum, defendant Dutchmen

Manufacturing, Inc. requests that the Court overrule the objections made by the

government and enter the proposed order submitted by the plaintiffs.

Alternatively, if the Court has concerns regarding the issues raised by the

government, Dutchmen requests that the Court appoint another judge or

magistrate to preside over the summary jury trial of this matter.


Respectfully submitted,

*s/Ryan E. Johnson*

_____

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT,
CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.

---

the government risk is not a risk at all and does not provide a sufficient basis to
question the Court's impartiality in future.

201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for KZRV, LP***

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December, 2010, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson

{B0703010.1}