UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE PRODUCTS | * | |
|       LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| | * | |
| | * | |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | JUDGE: ENGELHARDT |
| | * | |
| *Devlin, et al v. Fleetwood Enterprises, et al*; | * | |
| Docket No. 07-7018 | * | MAGISTRATE: CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO
MANUFACTURING DEFENDANTS' JOINT MOTION TO DISMISS
CLAIMS FOR FAILURE COMPLY WITH ORDER AND
REASONS CONCERNING DEADLINES FOR MATCHING AND FILING**

**NOW INTO COURT,** through undersigned counsel of record, come the **MANUFACTURING DEFENDANTS,** who reply to Plaintiffs, Luca Devlin, Robert Devlin, and Johnnie Speers' (collectively "Plaintiffs") Opposition as follows:

**FACTS:**

On October 17, 2007, Plaintiffs filed their Original Complaint for Damages with this Court (Docket Number 07-7018, Rec. Doc #1). This complaint named as Plaintiffs: Luca Devlin, Robert Devlin, and Johnnie Speers. (*Id.* at Section I) The complaint names as defendants: Fleetwood Enterprises, Inc., and Gulf Stream Coach Inc. (*Id.* at Section I). Section XIII, paragraph one alleges that Plaintiff, Robert Devlin, suffered a multitude of physical injuries while living in a trailer manufactured by defendant, Fleetwood Enterprises, Inc. *Id.* Section XIII, paragraph two alleges that Plaintiff, Johnnie Speers, suffered physical injury as the result of living in a trailer manufactured by defendant, Gulf Stream Coach, Inc. *Id.* In their Second Amended Complaint, filed August 13, 2009, Plaintiff, Luca Devlin, is alleged to have resided in

the same Fleetwood Enterprise, Inc. trailer as Robert Devlin (Docket number 07-md-1873, Rec Doc. #2696).[1]

At no time do plaintiffs, Robert and Luca Devlin, assert a claim against defendant, Gulf Stream Coach, Inc. Likewise, at no time, does plaintiff, Johnnie Speers, cite a claim against Fleetwood Enterprises, Inc.

**LAW and ARGUMENT**

On May 27, 2009, this Court issued Pretrial Order #38 (Docket number 07-md-1873, Rec. Doc. #1596), which states in relevant part:

"IT IS ORDERED that for purposes of facilitating the progress of the MDL and the possibility of a resolution of it in the future, the Court will allow multiple, unrelated plaintiffs to join in the filing of a single complaint. (This shall apply prospectively to any future cases filed directly here or transferred here by the MDL Panel). The following restrictions shall apply:

> (b)   Each Complaint shall contain plaintiffs who have claims against the same manufacturer, where known."

This Pretrial Order clearly refers to the Court allowing "multiple, unrelated plaintiffs" to join in filing a single complaint (subject to the restrictions) after May 27, 2009. Thus, the only reasonable interpretation of this Order is that "multiple, unrelated plaintiffs" could not join and file a single complaint prior to Pretrial Order #38.

Essentially, P.T.O. #38 allows plaintiffs to side step the Federal Rules of Civil Procedure concerning the proper joinder of parties.[2] Rule 20 – Permissive Joinders - contains the minimum threshold for proper joinder of parties and states, in relevant part:

**(a) Persons Who May Join or Be Joined.**

  **(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:

---

[1] Plaintiffs erroneously cite their Second Supplemental and Amended Complaint as Rec. Doc. #2487. The correct Rec. Doc. Number is #2696.
[2] *See* Federal Rules of Civil Procedure, rules 18, 19, 20, and 21.

00062856-1

>> **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all plaintiffs will arise in the action.[3]

This rule of procedure is not foreign to Multidistrict Litigations within the Federal Fifth Circuit. In *In re Silica Products Liability Litigation,* the Southern District Court for the State of Texas found that plaintiffs were improperly joined in suit when it was discovered that, although each plaintiff had alleged exposure to silica dust, the plaintiffs had worked in different locations, for different lengths of time, at different occupations, using different products. *In re Silica Products Liability Litigation,* 398 F.Supp.2d 563, 651-652 (S.D. Tex 2005). The Southern District noted that the reason for the joining of these plaintiffs was solely because the same law firm retained all plaintiffs and these plaintiffs had been screened for silica exposure at similar times. *Id.* The Southern District specifically held that these reasons did not make the joinder proper under F.R.C.P. Rule 20. *Id.*

This situation is strikingly similar to the current matter. While both the Devlins and Speers allege the same type of exposure in their Original Complaint, this alleged exposure occurred at separate locations, in separate trailers, manufactured by separate defendants, for separate periods of time, and would have emitted from separate products. Thus, each claim arises from <u>different</u> transactions and/or occurrences. <u>Furthermore, neither this Court nor any other federal court has every held that the mere fact that plaintiffs retain the same attorney or law firm is enough to overcome the Permissive Joinder requirements of F.R.C.P. Rule 20</u>. In sum, the Plaintiffs were improperly joined in their Original Complaint.

---

[3] *See* Federal Rules of Civil Procedure, rule 20.

00062856-1

As shown above, Pretrial Order #38 allows plaintiffs in the current MDL to side step the rules of procedure concerning joinder **so long as all joined plaintiffs asserted proper claims against a single manufacturer.** Furthermore (as admitted to in Plaintiffs' Opposition), this Order is only prospective from May 27, 2009. Thus, Plaintiffs' Complaint (originally filed in 2007) is still subject to F.R.C.P. Rule 20.

At the time of the filing of Manufacturing Defendants' Motion to Dismiss claims for failing to comply with these orders for matching and filing, Plaintiffs had yet to comply with either F.R.C.P. Rule 20 *or* Pretrial Order #38. As it currently stands, these Plaintiffs have asserted unrelated claims against separate manufacturers in violation of both F.R.C.P. Rule 20 and Pretrial Order #38. Thus, by the terms of Pretrial Order #68 (Doc. Rec. #14200), the Manufacturing Defendants are entitled to be dismissed from this action with prejudice, or, at minimum, this Court must require Plaintiffs to properly sever their claims and comply with Pretrial Order #38.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock

_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

# C E R T I F I C A T E

I hereby certify that on the 28th day of December, 2010, a copy of the foregoing Reply to Plaintiffs' Opposition to Manufacturing Defendants' Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com

00062856-1