UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                           MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                            SECTION "N"  (5)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

Local Rule 7.5E of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed <u>and</u> that a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to the PSC Motion of Dismissal Pursuant to Fleetwood Settlement (Rec. Doc. 16174)**,** set for hearing on December 29, 2010, was filed. Further, it appears to the Court that this motion has merit. Accordingly,

**IT IS ORDERED** that the PSC Motion of Dismissal Pursuant to Fleetwood Settlement (Rec. Doc. 16174) is hereby **GRANTED. Accordingly,**

**IT IS FURTHER ORDERED** that, pursuant to the settlement agreement entered into between certain plaintiffs and Fleetwood Canada, Ltd., Fleetwood Homes of North Carolina, Inc., Fleetwood Homes of Georgia, Inc., Fleetwood Travel Trailers of Maryland, Inc., and American International Group, Inc., as well as the liability insurers of the Fleetwood interests, including, but not limited to, Gibraltar Insurance Company, Ltd. and American International Specialty Lines

Insurance Company (now known as Chartis Specialty Insurance Company), and Starr Excess Liability Insurance Company (now known as Chartis Select Insurance Company), all pending claims made or asserted by or on behalf of plaintiffs in these proceedings against the following defendants and/or their insurers:

    (a)    Fleetwood Canada, Ltd.;

    (b)    Fleetwood Homes of North Carolina, Inc.;

    (c)    Fleetwood Homes of Georgia, Inc.;

    (d)    Fleetwood Travel Trailers of Maryland, Inc.;

    (e)    American International Group;

    (f)    Gibraltar Insurance Company, Ltd.;

    (g)    American International Specialty Lines Insurance Company (now known as Chartis Specialty Insurance Company);

    (h)    Star Excess Liability Insurance Company (now known as Chartis Select Insurance Company); and

    (i)    Morgan Buildings and Spas, Inc. to the extent the claims of this defendant are purely vicarious as to, and derivative of, the fault of Fleetwood, otherwise fully reserving to plaintiffs their claims against Morgan based upon independent fault,

are hereby dismissed with prejudice, each party to bear its own litigation costs; and

    **IT IS FURTHER ORDERED**, more specifically, that the claims of plaintiffs in these proceedings against any of the above-listed defendants and/or insurers in the actions listed and identified on Exhibit A attached hereto, are hereby dismissed with prejudice, each party to bear its own litigation costs, (with the same limitation set forth above as to Morgan Buildings and Spas, Inc.); and

    **IT IS FINALLY ORDERED** that claims against the above-listed defendants and/or

insurers which are made or asserted by or on behalf of any plaintiffs in any action transferred into this MDL after the date of this Order, as well as claims against the above-listed defendants and/or insurers by or on behalf of any plaintiff hereafter matched as an occupant to an emergency housing unit manufactured by one or more of the above-listed settling defendant manufacturers, will be subject to dismissal with prejudice on the presentation of the appropriate motion confirming any such plaintiff's participation in the Special Master's protocol for the allocation and distribution of funds in connection with the above settlement.

A motion for reconsideration of this Order, if any, must be filed within ten days of the date this Order is entered by the Clerk of Court. The motion must be accompanied by opposition memorandum to the original motion. Because a motion for reconsideration would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorneys' fees, will be assessed against the party moving for reconsideration. *See* FED. R. CIV. P. 16, 83. A statement of costs conforming to Local Rule 54.3 shall be submitted by all parties desiring to be awarded costs and attorneys' fees no later than eight days prior to the hearing of the motion for reconsideration.

New Orleans, Louisiana, this 29th day of December 2010.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**