UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5)* |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | |
| *ALL CASES* | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * *   * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF MAYER MATERIALS**

**MAY IT PLEASE THE COURT:**

Plaintiffs initially sent an e-mail to defense liaison counsel on December 14, 2010 requesting, "Mayer's missing reliance files." See, Exhibit "A." Plaintiffs specifically outlined eight different requests for information concerning "backup data and materials" so plaintiffs could determine whether Dr. Mayer calculated the Spearman Correlation Coefficients appropriately. *Id.* at p. 3. Defense counsel responded that "all of the spreadsheets Dr. Mayer used were created by Dr. Hewett and can be found in [Dr. Mayer's] reliance file," which had previously been provided by the plaintiffs. *Id.* The information that plaintiffs are seeking now is not Dr. Mayer's "missing reliance files;" but instead, an explanation of how Dr. Mayer used those materials to perform his statistical analysis. Plaintiffs' designated expert on these issues is Dr. Paul Hewett. Normal protocol suggests that plaintiffs' expert could and would address these questions from plaintiffs' counsel, but the apparent problem is that Dr. Hewett ***is not a statistician.*** As such, Dr. Hewett was apparently unable to assist plaintiffs' counsel. Thus,

00065137-1

plaintiffs' requests for statistic programs, parameter estimates, and parameter calculations are extremely vague and provide very little description about what is actually being requested. Defense counsel nevertheless attempted to respond by explaining that Dr. Mayer used "Interactive Statistical Programs which is freeware on the web. He also used SPSS on his laptop. He also used the Spearman Rank Order Correlation, which Dr. Hewett himself has used in his reports." See, Exhibit "A," at p. 2. (Part of the e-mail string, December 19, 2010 e-mail from Andy Weinstock to Chris Pinedo).

Then, on December 21, 2010, plaintiffs sent a follow-up e-mail claiming they had not been provided the requested materials. *Id.* at pp. 2-3. This e-mail, however, contained an entirely different set of requests. It was not a reiteration of plaintiffs' earlier requests. Plaintiffs' revised e-mail requested additional information to supplement the responses that defense counsel provided in his December 19, 2010 e-mail. For instance, plaintiffs wanted to know how to locate the "Interactive Statistical Program" online because plaintiffs "searched the web and could not find it." *Id.* The plaintiffs also wanted to know the specific version of the SPSS program used by Dr. Mayer and an explanation of the input and output data used to calculate the Spearman Rank Order Correlation. *Id.*

Defense counsel agreed to call Dr. Mayer to clarify and/or provide the information requested by plaintiffs. *Id.* at 2. But the fundamental problem with plaintiffs' request is that plaintiffs are not exactly sure what they are requesting. The defendants have produced Dr. Mayer's reliance file. Plaintiffs are now making vague requests for additional information, making it extremely difficult for the defendants to identify what they actually want and therefore, if they are entitled to it. If plaintiffs want Dr. Mayer to provide documents showing plaintiffs precisely how he performed each and every calculation rather than asking those questions at

00065137-1

deposition (as the defendants have been required to do), the Court will need to order such unprecedented action. But, as a matter of fairness to all parties, the court should decide that such a request is effective for both plaintiffs and defendants. Defendants have concerns with the PSC's requests because in over two and one half years of involvement in the litigation, Dr. Hewett has never made this information available in either his report on reliance materials. Indeed, rather than produce the excel spreadsheet he worked off, he hid the relevant ones in a production of four boxes of spreadsheets, most of them irrelevant. Even that production was insufficient because he further sorted the data without description in his report or reliance materials. [1] (*See* attached testimony).

Defense counsel, in his December 22, 2010 e-mail, requested that plaintiffs present such a request in the form of a written motion. See, Exhibit "A," at p. 2. If plaintiffs want "show me your work" type of material, then as a matter of fairness to all parties, the court should issue a ruling that is applicable to all parties. In response to defendants' proposal, the plaintiffs filed the present motion to compel claiming that the defendants "refused to provide certain materials." The defendants object to plaintiffs' motion because the requested information is vague and is not a request for "reliance material." In fact, to respond to the request, Dr. Mayer would have to create the documents requested. The defendants' answers to each of plaintiffs' requests have been provided and are again outlined below:

1. The "data *input* files" for the Spearman Correlation Coefficient Analysis conducted by Dr. Mayer were the data used by Dr. Hewett in his report. Dr. Mayer used the Spearman Correlation package on the *statpages.org* website, as previously forwarded to the PSC on December 27, 2010.[2]

2. Dr. Mayer used the Spearman Correlation package on the *statpages.org* website. The "data *output* files" for the Spearman Correlation Coefficient Analysis, for purposes of

---

[1] *See* deposition of Paul Hewett taken on November 15, 2010 at pages 153-157 and 298-301.
[2] *See* email from Andy Weinstock to Chris Pinedo dated December 27, 2010 attached as Exhibit "B."

00065137-1

clarification, have been separated into a separate table to show the output data related to the Spearman Correlation Coefficient Analysis.

3. Data analysis logs were not created.

4. SPSS Statistics 18 is the version used by Dr. Mayer "on his laptop."  A 21-day free trial is available online.  This information was provided to plaintiffs.[3]

5. The "data input" used by Dr. Mayer for the SPSS analysis was the data used by Dr. Hewett in his report.

6. The table provided on page 4 of Dr. Mayer's report is the "data output" for the SPSS analysis Dr. Mayer conducted.

7. Interactive Statistical Pages (statpages.org) is the interactive statistical program that is freeware on the web.  This information was provided to plaintiffs.[4]

8. The spreadsheets that Dr. Mayer used were created by Dr. Hewett and can be found in Dr. Hewett's reliance file.  The data from those spreadsheets were used as input data for the Interactive Statistical Programs (statpages.org).

9. The output data was generated by entering the input data into the Interactive Statistical Programs (statpages.org).

Defendants have attempted to resolve this matter without Court intervention, but to no avail.  The defendants therefore have recommended that plaintiffs submit the subject motion.  Perhaps the court can determine what exactly plaintiffs are requesting.  And, if plaintiffs are requesting information that is outside of Dr. Mayer's reliance files, then the defendants request an order that all parties be subject to the same general rule.  As such, if the court is inclined to grant the plaintiff's Motion to Compel,  the defendants request that any expert who purports to perform a "statistical analysis" in this MDL shall be required to disclose documentation displaying all calculations (including input and output data), which shall show precisely how the expert arrived at the figures used to support their opinions, prior to their deposition.

---

[3] *See* email of December 27, 2010 from Andy Weinstock to Chris Pinedo, attached as Exhibit "B."
[4] *See* email from Andy Weinstock to Chris Pinedo dated December 27, 2010 attached as Exhibit "B."

00065137-1

Respectfully Submitted,

*DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK*

 s/ *Andrew D. Weinstock*
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**MANUFACTURING DEFENDANTS
LIAISON COUNSEL**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 30th day of December, 2010, a copy of the above and foregoing was filed electronically.  Notice of this pleading was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

s/ *Andrew D. Weinstock*
_____
**ANDREW D. WEINSTOCK**

00065137-1