## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|         FORMALDEHYDE PRODUCTS | * | |
|         LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Luvene v. Coachmen Industries Inc., (09-08024)* | * | |
| *Carr v. Fleetwood Enterprises, Inc., (09-08025)* | * | |
| *Johnson v. Patriot Manufacturing, Inc. (09-08026)* | * | |
| *Payton v. American Camper Manf., LLC, (09-08027)* | * | |
| *Halsell v. Cavalier Home Builders, LLC, (09-08029)* | * | |
| *Heidelberg, et al v. Coachmen Ind., Inc., (09-08032)* | * | |
| *Robertson, et al v. Thor Industries, Inc., (09-08050)* | * | |
| *Williams v. Vanguard Inc., (09-08051)* | * | |
| *White, et al v. Pilgrim International, Inc., (09-08052)* | * | |
| *Fagan, et al v. Pilgrim International, Inc. (09-08083)* | * | |
| *Williams v. Destiny Industries, LLC, (09-08084)* | * | |
| *Bolton, et al v. River Birch Homes, Inc., (09-08085)* | * | |
| *Quinn, et al v. Fleetwood, (09-08086)* | * | |
| *Andrews, et al v. Thor Industries, Inc., (09-08105)* | * | |
| *James, et al v. Coachmen Ind., Inc., (09-08106)* | * | |
| *Stork, et al v. Monaco Coach Corp., (09-08162)* | * | |
| *Lewis, et al v. Dutchmen Manf., Inc., (09-08163)* | * | |
| *Hendry v. Recreation by Design, LLC, (09-08166)* | * | |
| *Mason, et al v. Coachmen Inds., Inc., (09-08167)* | * | |
| *Smith, et al v. Sunray RV, LLC, (09-08168)* | * | |
| *Thoams, et al v. Pilgrim Int., Inc., (09-08169)* | * | |
| *Graham, et al v. Gulf Stream Coach, Inc., (09-08178)* | * | |
| *Ball, et al v. Dawson, (09-08181)* | * | |
| *Acey, et al v. DS Corp., (09-08183)* | * | |
| *Anderson, et al v. Forest River, Inc., (09-08184)* | * | |
| *Plummer v. Patriot Manufacturing, Inc., (09-08220)* | * | |
| *Chico v. Cavalier Home Builders, LLC, (09-08221)* | * | |
| *Hobbs, et al v. Jayco, Inc., (09-08222)* | * | |
| *Deflanders, et al v. Monaco Coach Corp., (09-08270)* | * | |
| *Griffith, et al v. River Birch Homes, Inc., (09-08271)* | * | |
| *Davis, et al v. Pilgrim International, Inc., (09-08273)* | * | |
| *Judson, et al v. Southern Energy Homes, (09-08274)* | * | |
| *Freeman, et al v. Starcraft RV, Inc., (09-08275)* | * | |
| *Roth, et al v. R-Vision, Inc., (09-08276)* | * | |
| *Gaines, et al v. Homes of Merit, Inc., (09-08278)* | * | **MAGISTRATE CHASEZ** |

******************************************************************************

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
## MANUFACTURING AND CONTRACTOR DEFENDANTS' JOINT MOTIONS
## TO DISMISS CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND REASONS

**CONCERNING DEADLINES FOR MATCHING AND FILING**

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs in the above referenced actions, (hereinafter "Plaintiffs"), who for the reasons set forth in this memorandum, respectfully represent that it is both necessary and appropriate for this Honorable Court to deny the Joint Motion to Dismiss Claims For Failure To Comply With Order and Reasons Concerning Deadlines For Matching and Filing filed by the Manufacturing Defendants on December 15, 2010 (Doc. 18684) and the Joint Motion to Dismiss Claims For Failure To Comply With Order and Reasons Concerning Deadlines For Matching and Filing filed by the Contractor Defendants on December 30, 2010 (Doc. 19080).

## I.  BACKGROUND

On July 31st, 2009, all Plaintiffs in the above listed actions were included in one of many Complaints filed in various Federal Courts in the State of Mississippi by the Law Firm of John Arthur Eaves.  Before any service could be made, all of these Complaints were transferred to the Eastern District of Louisiana to participate in the MDL.

December 24th, 2009, in response to the PTOs of this Court, these Plaintiffs were placed into the above actions.  As dictated by the Court, each of these actions named only one Defendant Manufacturer, held no more 300 Plaintiffs and provided all the necessary information that the Court requested.

On July 29th, 2010, in order to comply with PTO 68, an Amended Complaint was mailed to the Court for all of the above actions which removed any and all Defendant Contractors as possible Defendants and clarified that the action was only against the one specifically named Defendant Manufacturer.

- 2 -

At this time, it is unclear as to why the Defendants seek to dismiss these cases for failure to comply with PTOs 38, 53, and 68.

## II. **PLAINTIFFS COMPLIED WITH PRE-TRIAL ORDERS NO. 38, 53 and 68**

This Court in Pretrial Order No. 38, (Doc. 1596), in an effort to facilitate the progress and possible resolution of this MDL, allowed multiple, unrelated plaintiffs to join in filing a single complaint when the plaintiffs had claims against the "same manufacturer."

This Court in Pretrial Order No. 53, (Doc. 9073), ordered that the third party contractor/installer defendants were incorporated into the same matching requirements contained in prior pretrial orders. Plaintiffs were required to be matched with a specific manufacturing defendant and a specific contractor defendant.

This Court in Pretrial Order No. 68, (Doc. 14779), provided a process for "last chance" matching that would allow unmatched Plaintiffs additional time to match their EHU(s) to the correct manufacturer(s) and contractor(s) and amend unmatched complaints. PTO 68 also set a date for the end of the matching process. This Court issued PTO 68 to provide a procedure by which cases in this MDL could be resolved, litigated or dismissed, as deemed appropriate.

The goal of PTOs 38, 53 and 68 was to match plaintiffs with their correct manufacturer(s) and contractor(s) and to dismiss mass unmatched suits which named all known manufacturers and contractors as defendants. The Plaintiffs' Counsel have made every effort in good faith to comply with the above orders and act as instructed by the Court.

The above Complaints should not be dismissed for failure to comply with PTO's 38, 53 and 68. The Plaintiffs' Counsel has made every effort to ensure that the Complaints only name one Defendant – a specific Manufacturer – and no other party. The Plaintiffs have provided all necessary information, spreadsheets and data as ordered. They have, to their knowledge, failed

in no way to comply with the Court's Orders.  Therefore, the above actions should not be dismissed.

In the alternative, if this Honorable Court deems that compliance with the PTOs 38, 53 and 68 requires the Plaintiffs to file another complaint, divide their complaints further, specifically dismiss the Defendant Contractors or any further action, the Plaintiffs request that this Honorable Court allow them leave to comply with this Honorable Court's orders and instructions.

### III.  CONCLUSION

Therefore, Plaintiffs respectfully request that the Defendants' Motions to Dismiss the above referenced cases for failure to comply with the Courts' PTOs be denied, and Plaintiffs be given the opportunity to correct any deficiencies this Honorable Court finds.  Since the Defendants had notice of the manufacturer that each Plaintiff sued, any such deficiencies are not substantive and it is respectfully submitted that they do not constitute grounds for dismissal. Plaintiffs also request any and such other relief as this Honorable Court deems appropriate.

### VI. PRAYER

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Manufacturing and Contractor Defendants' Joint Motions to Dismiss Claims For Failure to comply With Order and Reasons Concerning Deadlines for Matching and Filing.


Respectfully submitted:


 */s/ John Aruther Eaves, Jr.,*
JOHN ARTHUR EAVES, JR., ESQ. (#8843)
JOHN ARTHUR EAVES LAW FIRM

- 4 -

        101 North State Street
Jackson, MS  39201
Telephone: (601)355-7961
Facsimile: (504)355-0530
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on <u>January 4</u>, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I electronically mailed the foregoing document to all counsel of record who are non-CM/ECF participants.

                                                */s/ John Arthur Eaves, Jr.,*
                                               John Arthur Eaves, Jr. (#8843)