UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 1873<br>SECTION N MAG. 5 |
| | JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO:<br>*Acklin, et al v. Alliance Homes, Inc., et al*<br>No. 09-5343<br>*Aaron, et al v. Alliance Homes, Inc., et al*<br>No. 09-7167<br>*Ball, et al v. Alliance Homes, Inc., et al*<br>No. 09-6193<br>*Grillier, et al v. Alliance Homes, Inc., et al*<br>No. 09-5340<br>*Burl, et al v. Alliance Homes, Inc., et al*<br>No. 09-7940<br>*Defelice, et al v. Alliance Homes, Inc., et al*<br>No. 09-5341<br>*Guillory, et al v. Gulf Stream Coach, Inc., et al*<br>No. 09-6876<br>*Danita v. CMH Manufacturing, Inc. et al*<br>No. 10-2448<br>*Lewis et al v. American International Group, Inc. et al*<br>No. 10-2463<br>*Brown et al v. Forest River, Inc. et al*<br>No. 09-5383<br>*Abrahms et al v. Gulf Stream Coach, Inc. et al*<br>No. 09-5392<br>*Blount v. Gulf Stream Coach, Inc. et al*<br>No. 09-6189<br>*Carter et al v. Gulf Stream Coach, Inc. et al*<br>No. 10-2426<br>*Durand et al v. Lakeside Park Homes Inc et al*<br>No. 09-5416<br>*Banks et al v. Morgan Buildings & Spas, Inc. et al*<br>No. 09-5434<br>*Green v. Southern Energy Homes, Inc. et al*<br>No. 10-2418<br>*Franklin et al v. Timberland RV Company et al* | JURY DEMANDED |

*No. 09-8731*
*Johnson et al v. TL Industries, Inc. et al*
*No. 09-5359*

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DEFENDANT UNITED STATES/FEMA TO PROVIDE THE MANUFACTURER AND CONTRACTOR FOR CERTAIN PLAINTIFFS WHO HAVE PROVIDED THE REQUISITE "MATCHING" INFORMATION

**MAY IT PLEASE THE COURT:**

On May 27, 2009, this Court issued Pretrial Order # 38 (Rec. Doc. #1596) which placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the travel-trailer in which he or she was housed through the Federal Emergency Management Agency ("FEMA").

On December 14, 2009, this Court issued Pretrial Order #53 (Rec. Doc. #10228) which again placed upon each plaintiff the burden of identifying and naming only those government-contractors involved with his or her unit.

On May 26, 2010, this Court issued Pretrial Order #68 (Rec. Doc. #14200) which ordered that all matching requests by plaintiffs should be received by FEMA by June 15, 2010.

As of this date, FEMA has denied any matching requests for those plaintiffs who were able to obtain "matching" information. Attached to this Memorandum is Plaintiffs' Exhibits "I" and "II" which lists the names of each plaintiff that was able to retrieve his/her FEMA "matching" information as well as other identifying information.

Despite plaintiffs' good faith efforts, they were unable to provide all of the required information by the dates set forth in this Court's Orders. However, while plaintiffs have always used best efforts to comply with this Court's orders and provide timely information to defendant, such efforts were at times met with unforeseen obstacles. For example, a Standard Form-95 was

filed on behalf of plaintiff Arleeta Jeanpierre-Jackson and her two minor children, Ramad and Ramon Jackson, on April 7, 2008.  Thereafter, Ms. Jeanpierre-Jackson and her children completed and provided to the undersigned their Plaintiff Fact Sheets, which were filed on December 24, 2009.  On December 22, 2009, Ms. Jeanpierre-Jackson passed away of Hodgkins Lymphoma.  A family member of Ms. Jeanpierre-Jackson contacted our office on July 14, 2009, in response to the numerous attempts of obtaining "matching" information.  On that date, we were provided "matching" information for Ms. Jeanpierre-Jackson and her two minor children.  The undersigned, thereafter, provided that information to defendant United States/FEMA.  However, defendant refused to accept said "matching" information as it was provided subsequent to the June 15, 2010 deadline.  Ms. Jeanpierre-Jackson had consistently conducted exhaustive searches for any matching information.  It was not until seven months after the death of Ms. Jeanpierre-Jackson's death that the undersigned learned of any "matching" information.  Presumably, Ms. Jeanpierre-Jackson had experienced great suffering prior to her passing, thus, making it exceedingly difficult to retrieve the necessary information timely.  Notwithstanding the date that Ms. Jeanpierre-Jackson provided her "matching" information, she has complied with all of the necessary deadlines and it would greatly prejudice Ms. Jeanpierre-Jackson and her two minor children to dismiss their case based on the timing of providing the "matching" information.

  While plaintiffs will suffer extreme prejudice by having their claims dismissed, defendant will suffer no undue harm or any prejudice by being compelled to match plaintiffs now.

  Plaintiffs accordingly request the entry of an Order compelling the defendant United States/FEMA to immediately and forthwith furnish, to each of the plaintiffs named within

Plaintiffs' Exhibits "I" and "II," the identity of the manufacturer and contractor of their respective trailers and any other relief that this Court may deem proper.

                By:   /s/Matthew B. Moreland
                      Daniel E. Becnel, Jr. (La. Bar #2926)
                      Matthew B. Moreland (La. Bar No. 24567)
                      **BECNEL LAW FIRM, LLC**
                      106 W. Seventh Street
                      P. O. Drawer H
                      Reserve, Louisiana 70084
                      Telephone: (985) 536-1186
                      Facsimile: (985) 536-6445

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2011, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

/s/Matthew B. Moreland
Matthew B. Moreland