UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | * | |
|     LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Ball v. Frontier RV, Inc. (09-3745)* | * | MAGISTRATE CHASEZ |
| *Bartel v. Gulf Stream Coach, Inc.(09-3943)* | * | |
| *Bartel v. U.S.A. through FEMA (09-6722)* | * | |
| *Kujawa v.  U.S.A through FEMA (09-6721)* | * | |
| *James v. FRH, Inc. (09-3604)* | * | |
| *Barnes v. Dutchmen Manuf., Inc. (09-3764)* | * | |
| *Prince v. Liberty Ins. Corp. (09-3922)* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
MANUFACTURING AND CONTRACTOR DEFENDANTS' JOINT MOTIONS
TO DISMISS CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND REASONS
CONCERNING DEADLINES FOR MATCHING AND FILING**

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs in the above referenced actions, (hereinafter "Plaintiffs"), who for the reasons set forth in this memorandum, respectfully represent that it is both necessary and appropriate for this Honorable Court to deny the Joint Motion to Dismiss Claims For Failure To Comply With Order and Reasons Concerning Deadlines For Matching and Filing filed by the Manufacturing Defendants on December 15, 2010, (Doc. 18684), and the Joint Motion to Dismiss Claims For Failure To Comply With Order and Reasons Concerning Deadlines For Matching and Filing filed by the Contractor Defendants on December 30, 2010, (Doc. 19080).

# I. BACKGROUND

### A. Ball v. Frontier RV, Inc. (09-3745)

Plaintiff, Jay Ball, filed his original complaint for damages naming one manufacturer and one contractor, *Jay Ball v. Frontier RV, Inc., Murrillo Modular Group, LTD and the United States of America through the Federal Emergency Management Agency,* Civil Action No. 09-3745, on June 3, 2009, in the Eastern District of Louisiana. However, Plaintiff resided in two emergency housing units ("EHU") provided by FEMA and was matched with two EHUs by FEMA. *See* Exhibit A-1. Therefore, Plaintiff amended his original complaint on July 28, 2009 to name the manufacturer and contractor of the second EHU, Athens Park Homes, LLC and Fluor Enterprises, Inc., respectively (Doc. 2335).

### B. Bartel v. Gulf Stream Coach, Inc. (09-3943) and Bartel v. United States of America through the Federal Emergency Management Agency (09-6722)

Plaintiffs, Anthony and Sherry Bartel, resided in and were matched with, two EHUs provided by FEMA, a travel trailer manufactured by Gulf Stream Coach, Inc. ("Gulf Stream") and installed by Bechtel National, Inc. ("Bechtel") and a mobile home manufactured by Fleetwood Enterprises, Inc. ("Fleetwood") and installed by CH2M HILL Constructors, Inc. ("CH2M HILL"). Plaintiffs' first matching request to FEMA resulted in a match with Fleetwood, CH2M HILL and VIN GAFL507A550228A32. *See* Exhibit B-1. A second matching request to FEMA resulted in another match with Fleetwood, but this time the EHU was matched with Bechtel and VIN "1NLGTR2." *See* Exhibit B-2. The National Highway Traffic Safety Administration ("NHTSA") manufacturer identification for Gulf Stream is "1NL" and "gafl" is one of several identifiers for Fleetwood. *See* Exhibit B-3 and B-

5. To properly match each EHU with the correct manufacturer and correct contractor, Plaintiffs' counsel referred to the IA/TAC database for Mississippi provided by FEMA. A search for the VINs identified by FEMA in the matching responses correctly matches the Fleetwood EHU with contractor defendant CH2M HILL and the Gulf Stream EHU with contractor defendant Bechtel. *See* Exhibit B-6 and B-7.

Therefore, Plaintiffs filed their original complaint for damages naming Gulf Stream, Bechtel and CH2M HILL in *Anthony Bartel and Sherry Bartel v. Gulf Stream Coach, Inc.,* Civil Action No. 09-281, filed on April 29, 2009, in the Southern District of Mississippi. Fleetwood was not named as a manufacturing defendant, although it was identified as a matched manufacturer in paragraph twelve (12) of the original complaint, because of the bankruptcy stay. This case was transferred to the MDL and assigned Civil Action No. 09-3943.

At the time Plaintiffs filed their original complaint for damages, their claims against FEMA were <u>not</u> ripe. Once Plaintiffs' claims against FEMA were ripe, they filed a second suit on September 3, 2009, *Anthony Bartel and Sherry Bartel v. The United States of America through the Federal Emergency Management Agency*, Civil Action No. 09-656, in the Southern District of Mississippi. This case was also transferred to the MDL and assigned Civil Action No. 09-6722. The manufacturers and contractors named in the original complaint were not named as parties in this second complaint against the United States of America. On August 4, 2010, this Court terminated the only named defendant, The United States of America, in this case. *See* Exhibit B-10. Plaintiffs filed their notice of appeal on September 3, 2010. This case is currently inactive/closed. It is unclear to Plaintiffs'

Counsel why Defendants seek to dismiss this case (Civil Action No. 09-6722) for failure to comply with PTOs 38, 53, and 68.

        **C.**      **Kujawa v. The United States of America through the Federal Emergency Management Agency (09-6721)**

Plaintiffs, Leslie Kujawa, Richard Kujawa, Blake Kujawa and Devin Kujawa, resided in an EHU manufactured by Keystone RV Company and installed by Bechtel National, Inc. *See* Exhibit C-1. Plaintiffs filed the underlying suit, *Kujawa v. Keystone RV Company and Bechtel National, Inc.*, Civil Action No. 09-282, on April 29, 2009, in the Southern District of Mississippi. This case was transferred to this MDL and given Civil Action No. 09-3944.

At the time Plaintiffs filed their original complaint for damages, their claims against FEMA were <u>not</u> ripe. Once Plaintiffs' claims against FEMA were ripe, they filed a second suit on September 3, 2009, *Kujawa v. The United States of America through the Federal Emergency Management Agency*, Civil Action No. 09-655, in the Southern District of Mississippi. This case was also transferred to the MDL and assigned Civil Action No. 09-6721. The manufacturers and contractors named in the original complaint were not named as parties in this second complaint against the United States of America. On August 4, 2010, this Court terminated the only named defendant, The United States of America, in this case. *See* Exhibit C-3. Plaintiffs filed their notice of appeal on September 3, 2010. This case is currently inactive/closed. It is unclear to Plaintiffs' Counsel why Defendants seek to dismiss this case (Civil Action No. 09-6721) for failure to comply with PTOs 38, 53, and 68.

        **D.**      **James v. FRH, Inc., f/k/a Hy-Line Enterprises, Inc. (09-3604)**

Plaintiffs, Robert James, Jr., Jeanette Craft, Dorrell Craft and India James, ("James Plaintiffs"), all resided in and were matched with two EHUs provided by FEMA, a travel

trailer manufactured by FRH, Inc., f/k/a Hy-Line Enterprises, Inc. ("Hy-Line") installed by CH2M HILL and identified by VIN "19LBA02P06A063611," and a mobile home manufactured by Holly Park a/k/a Indiana Building Systems, LLC ("Holly Park") and installed by MLU Services, Inc. ("MLU"). *See* Exhibit D-1 and D-2. The NHTSA manufacturer identification for Hy-Line is "19L." *See* Exhibit D-3.

The James Plaintiffs filed their original complaint for damages naming the manufacturer and contractor for both EHUs they resided in , *James v. FRH, Inc. f/k/a Hy-Line Enterprises*, Civil Action No. 09-3604, on May 20, 2009, in the Eastern District of Louisiana. After the James Plaintiffs filed their original complaint Counsel for Plaintiffs learned that MLU contracted with both Fluor Enterprises, Inc. ("Fluor") and Shaw Environmental and Infrastructure , Inc. ("Shaw") to haul and install EHUs in Louisiana after Hurricane Katrina. *See* Exhibit D-6  - D-15. MLU's contract with Fluor was to install, maintain and deactivate EHUs. *See* Exhibit D-10, D-11 and D-12. MLU's contract with Shaw was to transport EHUs to designated sites in Louisiana. *See* Exhibit D-14 and D-15. This process was monitored by Shaw. *See* Exhibit D-15.

It is unclear from the information in Plaintiffs' possession which contractor, Shaw or Fluor, MLU was working under the direction of when MLU hauled and installed the James Plaintiffs' EHU. Without further discovery beyond the matching process, this information is unavailable. Therefore, in order to protect their claims against the proper contractor defendant, the James Plaintiffs' amended their original complaint on August 26, 2009 (Doc. 2838) to add defendants Fluor Enterprises, Inc. and Shaw Environmental, Inc. because of their separate contracts with MLU to haul install, maintain and deactivate EHUs.

E.  **Barnes v. Dutchmen Manuf., Inc. (09-3764)**

Plaintiff, Gail Barnes, deceased and represented by her surviving husband, Harvey Barnes, ("Plaintiff Barnes"), lived in and was matched by FEMA with two EHUs. Plaintiff Barnes lived in a travel trailer manufactured by Gulf Stream Coach, Inc. and installed by Shaw Environmental, Inc. and a second EHU manufactured by either Thor Industries, Inc. ("Thor") or Dutchmen Manufacturing, Inc. ("Dutchmen") and installed by Davis Professional Accounting Services, LLC ("Davis").[1] *See* Exhibit E-1. Although FEMA identified "Thor" as the manufacturer of Plaintiff Barnes' second EHU, Plaintiff stated that this EHU was manufactured by Dutchmen. Further, the VIN provided by FEMA "47C702N286M425134" matches the Dutchmen identification code "47C" provided by the NHTSA. *See* Exhibit E-2.

Due to the discrepancy between the matching of the VIN's identification code with Dutchmen and FEMA's identification of the manufacturer as Thor, Plaintiff Barnes, in an effort to protect her claims against the correct manufacturer of this EHU, named both Thor and Dutchmen as defendants, along with Davis and The United States Government. Plaintiff Barnes' original complaint, *Barnes v. Dutchmen Manufacturing, Inc.*, Civil Action No. 09-3764, was filed on June 4, 2009, in the Eastern District of Louisiana.

F.  **Prince v. Liberty Ins. Corp. (09-3922)**

Plaintiffs, Antoine Prince, Sr., Hattie Prince, Sandra Prince Madison, Anthony Madison, Jr., Taylor Madison and Philip Madison ("Prince Plaintiffs") resided in two EHUs.

---

[1] Plaintiff Barnes' claims against Gulf Stream Coach, Inc. and Shaw Environmental, Inc. were joined with similar Plaintiffs in *Hawkins v. Gulf Stream Coach, Inc.*, Civil Action No. 09-3503.

The first EHU was manufactured by R-Vision, Inc. ("R-Vision") and installed by Fluor Enterprises, Inc. ("Fluor"). *See* Exhibit F-1 and -2. The second EHU was provided to Ms. Sandra Prince Madison by FEMA through her employer, Delgado Community College. At the time the Prince Plaintiffs file their original complaint for damages, *Prince v. Liberty Ins. Corp.*, Civil Action No. 09-3922, on June 18, 2009, in the Eastern District of Louisiana, only the manufacturer and contractor for the first EHU was known.

Plaintiffs submitted several matching requests, none of which matched the Prince Plaintiffs with the second EHU provided through Delgado Community College. Plaintiffs requested Ms. Sandra Prince Madison's Individual Assistance file ("IA file"). Ms. Madison's IA file provided proof that the Prince Plaintiffs' second EHU at the Delgado campus was manufactured by Stewart Park Homes, but no contractor match was provided in the IA file. *See* Exhibit F-3. The Prince Plaintiffs amended their original petition to name Stewart Park Homes, Inc. and an additional Louisiana EHU contractor, CH2M HILL Constructors, Inc. on January 13, 2010, (Doc. 10290). However, after the deadline to amend and add new parties the Prince Plaintiffs discovered that this second EHU's barcode and VIN matched Shaw Environmental, Inc not CH2M HILL.

## II. PLAINTIFFS' COMPLAINTS FOR DAMAGES COMPLY WITH PRE-TRIAL ORDERS NO. 38, 53 and 68 AND SHOULD NOT BE DISMISSED

This Court in Pretrial Order No. 38, (Doc. 1596), in an effort to facilitate the progress and possible resolution of this MDL, allowed multiple, unrelated plaintiffs to join in filing a single complaint when the plaintiffs had claims against the "same manufacturer." In footnote 1, an "exception [was made for] instances wherein a Plaintiff lived in more than

one emergency housing unit, manufactured by different manufacturers."

This Court in Pretrial Order No. 53, (Doc. 9073), ordered that the third party contractor/installer defendants were incorporated into the same matching requirements contained in prior pretrial orders. Plaintiffs were required to be matched with a specific manufacturing defendant and a specific contractor defendant.

This Court in Pretrial Order No. 68, (Doc. 14779), provided a process for "last chance" matching that would allow unmatched Plaintiffs additional time to match their EHU(s) to the correct manufacturer(s) and contractor(s) and amend unmatched complaints naming all known manufacturer and contractor defendants. PTO 68 also set a date for the end of the matching process. PTO 68 to provides a procedure by which cases in this MDL can be resolved, litigated or dismissed, as deemed appropriate.

The goal of PTOs 38, 53 and 68 was to match plaintiffs with their correct manufacturer(s) and contractor(s) and to dismiss mass unmatched suits which named all known manufacturers and contractors as defendants. This Court did not require that Plaintiffs be matched with a "sole" manufacturer as Defendants assert. Rather the purpose of PTOs 38, 53 and 68 was to group Plaintiffs with similar claims against the same or common defendants. Therefore, it is correct and appropriate that Plaintiffs who resided in more than one EHU, or had more than one company managing the hauling and installing of their EHU(s), name all of the manufacturer and contractor defendants for their EHUs in one complaint for damages. It is impossible to have a "sole" manufacturer when the Plaintiff(s) lived in two EHUs manufactured by two different defendants and installed by two different contractor defendants.

Additionally, Plaintiffs may join in one action multiple defendants, if any right to relief is asserted against defendants jointly, severally, or arises out of the same transaction, occurrence, or series of transactions or occurrences and there is a common question of law or fact. Fed. R. Civ. P. 20(a)(2). Plaintiffs' complaints for damages matching Plaintiffs with more than one manufacturer and contractor when Plaintiffs resided in more than one EHU is not prejudicial to defendants.

Finally, Plaintiffs object to the vagueness of the Manufacturing and Contractor Defendants motions to dismiss Plaintiffs' complaints for damages. The blanket statements by defendants that a list of cases fail to comply with PTOs 38, 53 and 68 does not provide Plaintiffs with notice as to the specific grounds justifying dismissal and does not permit Plaintiffs to properly defend their complaints for damages.

### A.     Ball v. Frontier RV, Inc. (09-3745)

Plaintiff Ball's complaint (09-3745) should not be dismissed for failure to comply with PTOs 38, 53 and 68. Plaintiff Ball's case, in which he lived in two EHUs, is the precise situation this Court described in footnote 1 of PTO 38. Naming these four defendants in one complaint is appropriate under Fed. R. Civ. P 20 and is a judicious use of time and money. To require Plaintiff Ball to file two separate complaints for damages and incur additional filing and litigation expenses is unjust and inefficient. Plaintiff Ball has been properly matched with the manufacturers and contractors for the two EHUs he resided in. *See* Exhibit A-1. Naming these four defendants in one complaint does not prohibit or deter the resolution of Plaintiff Ball's claims, nor this MDL. Therefore, Plaintiff Ball's complaint should not be dismissed.

In the alternative, if this Honorable Court deems that compliance with PTOs 38, 53, and 68 requires Plaintiff Ball to file two separate complaints for damages, one for each EHU, he requests that this Honorable Court allow him leave to comply with this Honorable Court's orders and instructions.

### B. Bartel v. Gulf Stream Coach, Inc. (09-3943) and Bartel v. United States of America through the Federal Emergency Management Agency (09-6722)

The Bartel Plaintiffs' complaint (09-3943) should not be dismissed for failure to comply with PTOs 38, 53 and 68. The Bartel Plaintiffs, who lived in two EHUs, are the precise situation this Court described in footnote 1 of PTO 38. The Bartel Plaintiffs were properly matched with the manufacturers and contractors for the two EHUs they resided in by using various matching responses and databases provided by FEMA. Naming these four defendants in one complaint is appropriate under Fed. R. Civ. P 20 and is a judicious use of time and money. Additionally, naming these defendants in one complaint does not prohibit or deter the resolution of the Bartel Plaintiffs' claims, nor this MDL. Therefore, their complaint (09-3943) should not be dismissed.

In the alternative, if this Honorable Court deems that compliance with PTOs 38, 53 and 68 requires the Bartel Plaintiffs to file a separate complaint for each EHU they resided in, Plaintiffs request that this Honorable Court allow them leave to comply with this Honorable Court's orders and instructions.

Additionally, the Bartel Plaintiffs' second complaint (09-6722) naming only the United States Government through FEMA should not be dismissed. First, the manufacturing defendants and contractor defendants do not have standing to move for

dismissal in this complaint because they are not named defendants.  Second, Plaintiffs admit that the Bartel Plaintiffs' complaints for damages may be confusing and it could be difficult to realize that their second complaint for damages (09-6722), naming only the United States of America, does not name a specific manufacturer or contractor because the proper defendants were named in a separate, earlier filed, complaint. Thus, this second complaint for damages (09-6722) does not fall within the scope of PTOs 38, 53 and 68 orders  to match plaintiffs with specific manufacturers and contractors and dismiss mass unmatched complaints.

Third, the claims against the only defendant, The United States of America, in this second complaint for damages have been dismissed and Plaintiffs have filed a notice of appeal. *See* Exhibit B-10.  This case is closed/inactive pending appeal.   Therefore, any motion to dismiss this claim is moot for the time being.  Furthermore, it is a misuse of this Court's time to address this motion to dismiss pending appeal because there is no need for this Court to dismiss this complaint twice.

The Bartel Plaintiffs' claim against the United States of America (09-6722) does not prohibit or deter the resolution of the Bartel Plaintiffs' claims in Civil Action 09-3943 nor this MDL.  Therefore, the Bartel Plaintiffs' complaint against the United States (09-6722) should not be dismissed for failure to comply with PTOs 38, 53 and 68.

### C.     Kujawa v.  The United States of America through the Federal Emergency Management Agency (09-6721)

The Kujawa Plaintiffs' complaint (09-6721) naming only the United States Government through FEMA should not be dismissed.  First, the manufacturing defendants and contractor defendants do not have standing to move for dismissal in this case because

they are not named defendants.   Second, Plaintiffs admit that the Kujawa Plaintiffs' complaints for damages may be confusing and it could be difficult to realize that their second complaint for damages (09-6721), naming only the United States of America, does not name a specific manufacturer or contractor because the proper defendants were named in a separate, earlier filed, complaint. Thus, this second complaint for damages (09-6721) does not fall within the scope of PTOs 38, 53 and 68 orders to match plaintiffs with specific manufacturers and contractors and dismiss mass unmatched complaints.

Third, the claims against the only defendant, The United States of America, in this second complaint for damages have been dismissed and Plaintiffs have filed a notice of appeal. *See* Exhibit C-3.  This case is closed/inactive pending appeal.  Therefore, any motion to dismiss this claim is moot for the time being.  Furthermore, it is a misuse of this Court's time to address this motion to dismiss pending appeal because there is no need for this Court to dismiss this complaint twice.

The Kujawa Plaintiffs' claim against the United States of America (09-6721) does not prohibit or deter the resolution of the Kujawa Plaintiffs' claims in Civil Action 09-3944 nor this MDL.  Therefore, the Bartel Plaintiffs' complaint against the United States (09-6721) should not be dismissed for failure to comply with PTOs 38, 53 and 68.

      **D.**      **James v. FRH, Inc., f/k/a Hy-Line Enterprises, Inc. (09-3604)**

The James Plaintiffs' complaint (09-3604) should not be dismissed for failure to comply with PTOs 38, 53 and 68.  The purpose of these PTOs was to match Plaintiffs with their correct manufacturer(s) and contractor(s) and to dismiss unmatched suits naming <u>all</u> known manufacturers and contractors.  Because the James Plaintiffs resided in more than

one EHU, as described in PTO 38 footnote 1, they are matched with more than one manufacturer and contractor. Naming these four defendants in one complaint is appropriate under Fed. R. Civ. P. 20 and is a judicious use of time and money. Further, joining all of the defendants in one complaint does not prohibit or deter the resolution of the James Plaintiffs' claims for damages nor this MDL.

Furthermore, the James Plaintiffs' allegation against Fluor and Shaw are not without merit and supporting documentation. *See* Exhibit D-6 - D-15. MLU, under its contracts with Fluor and Shaw, hauled and installed approximately 350 EHUs per day in Louisiana after Hurricane Katrina. *See* Exhibit D-6. MLU's hauling and installing jobs were managed and overseen by Fluor and Shaw. Both Fluor and Shaw provided instructions and planning for the hauling and installing of EHUs by MLU.

Plaintiffs cannot be the only individuals in this predicament of being matched with a subcontractor that hauled and installed their EHU at the instruction and direction of a larger company, namely Fluor and Shaw. The James Plaintiffs should not be penalized for diligently matching their EHUs with defendants and protecting their claims, especially when the discovery phase has been limited to matching requests from the government and what Plaintiffs can gleam from internet research combined with documents produced by Fluor and Shaw.

Thus, although the James Plaintiffs name more than one contractor, contrary to PTO 53, their complaint does not violate the spirit or purpose of PTOs 38, 54, 68 to dismiss mass filings of unmatched Plaintiffs naming all known manufacturer and contractor defendants. Therefore, the James Plaintiffs' complaint should not be dismissed and

Plaintiffs respectfully request further discovery to identify which contractor, Fluor or Shaw, directed and oversaw the hauling and installation of the Holly Park EHU Plaintiffs resided in.

In the alternative, if this Honorable Court deems that compliance with PTOs 38, 53 and 68 requires the James Plaintiffs to file two separate complaints for damages, one for each EHU, Plaintiffs request that this Honorable Court allow them leave to comply with this Honorable Court's orders and instructions. Plaintiffs further request that if this Court finds the addition of Fluor and Shaw in violation of the spirit and purpose of PTOs 38, 53 and 68 that Plaintiffs be allowed leave to voluntarily dismiss without prejudice their claims against Fluor and Shaw.

### E. Barnes v. Dutchmen Manuf., Inc. (09-3764)

Plaintiff Barnes' complaint (09-3764) should not be dismissed for failure to comply with PTOs 38, 53 and 68. Plaintiff Barnes, in accordance with Fed. R. Civ. P. 20(a)(2) joined defendants Thor and Dutchmen in the same complaint for damages because there are common questions of law and fact. Plaintiff Barnes exercised caution because the VIN provided by FEMA matches the Dutchmen identification code and Plaintiff believed the EHU was manufactured by Dutchmen; however, FEMA matched the EHU with Thor. If Plaintiff Barnes had only named Dutchmen as a manufacturing defendant and FEMA was correct that the manufacturer was Thor Plaintiffs claims against the proper manufacturer would have prescribed. Based upon FEMA's matching responses Plaintiff Barnes is unable to determine whether Dutchmen or Thor is the correct manufacturer. Therefore, Plaintiff Barnes' complaint is not without merit and should not be dismissed for failure to comply

with PTOs 38, 53 and 68. Further, joining all defendants in one complaint does not prohibit or deter the resolution of this MDL.

In the alternative, if this Honorable court deems that compliance with PTOs 38, 53 and 68 requires Plaintiff Barnes to name either Thor or Dutchmen, Plaintiff Barnes respectfully requests leave to voluntarily dismiss without prejudice defendant Thor Industries, Inc.

### F.     Prince v. Liberty Ins. Corp. (09-3922)

The Prince Plaintiffs' complaint (09-3922) should not be dismissed for failure to comply with PTOs 38, 53 and 68. The purpose of these PTOs was to match Plaintiffs with their correct manufacturer(s) and contractor(s) and to dismiss unmatched suits naming <u>all</u> known manufacturer and contractor defendants. Because the Prince Plaintiffs resided in more than one EHU, as described in PTO 38 footnote 1, their complaint for damages names more than one manufacturer and contractor. Plaintiffs acknowledge that defendant CH2M HILL was improperly named as a defendant and respectfully requests that this Honorable Court allow them leave to voluntarily dismiss CH2M HILL. However, naming the insurers for R-Vision, Stewart Park Homes, Inc. and Fluor Enterprises in one complaint is appropriate under Fed. R. Civ. P 20 and is a judicious use of time and money. Further, joining all defendants in one complaint does not prohibit or deter the resolution of the Prince Plaintiffs' claims for damages, nor this MDL.

In the alternative, if this Honorable Court deems that compliance with PTOs 38, 53 and 68 requires the Prince Plaintiffs to file two separate complaints for damages, one for each EHU, Plaintiffs request that this Honorable Court allow them leave to comply with this

Honorable Court's orders and instructions.

## V. CONCLUSION

Plaintiffs respectfully request that the Defendants' Motions to Dismiss the above referenced cases for failure to comply with PTOs 38, 53 and 68 be denied, and Plaintiffs be given the opportunity to correct any deficiencies this Honorable Court finds. Since the Defendants had notice of the manufacturer(s) and contractor(s) that each Plaintiff sued, any such deficiencies are not substantive and it is respectfully submitted that they do not constitute grounds for dismissal. Plaintiffs also request any and such other relief as this Honorable Court deems appropriate.

## VI. PRAYER

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Manufacturing and Contractor Defendants' Joint Motions to Dismiss Claims For Failure to Comply With Order and Reasons Concerning Deadlines for Matching and Filing.

Respectfully submitted:

/s/ Hugh P. Lambert
HUGH P. LAMBERT, ESQ. (#7933)
LAMBERT & NELSON, PLC
701 Magazine Street
New Orleans, LA 70130
Telephone: (504)581-1750
Facsimile: (504)529-2931
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>January 4</u>, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

<u>  /s/ Hugh P. Lambert  </u>
HUGH P. LAMBERT, ESQ. (#7933)
