UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA   MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION   SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT RELATES TO:
*Joyce T. Ashley, et al v Allen Camper Manufacturing Company, Inc., et al Case No. 10-cv-2102*

*James D. Burge, et al v CavalierHome Builders, LLC, et al Case No. 10-1041*

*Kevin Ammentorp, et al v Gulf Stream Coach, Inc., et al., Case No. 10-4120*

*Brian Carpenter, et al v Doug Boyd Enterprises, LLC, et al., Case No. 10-4118*

*Catherine Mayes, et al v Madison Services, Inc., et al., Case No. 10-4128*

*Melissa Sommerville, et al v Gulf Stream Coach, Inc., et al., Case No. 10-4119*

*Sheila M. Spiers, et al v Motex Enterprises, Inc., et al., Case No. 10-4125*

*Tina Cook, et al v Forest River, Inc., et al., Case No. 10-4126*

*Mary Crawford, et al v Forest River, Inc., et al., Case No. 10-4127*

---

**CERTAIN MISSISSIPPI PLAINTIFFS RESPONSE TO JOINT MOTION TO DISMISS CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND REASONS CONCERNING DEADLINES FOR MATCHING AND FILING**

---

-1-

**MAY IT PLEASE THE COURT**, through undersigned counsel, Plaintiffs in the above references litigation (herein after "Certain Mississippi Plaintiffs" respectfully submit this reply to the Joint Motion to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Matching and Filing (hereinafter "Joint Motion"). Herein, the Plaintiffs respectfully submit that the Court should not dismiss these claims and oppose any such relief sought by the Joint Motion. In support thereof, the Certain Mississippi Plaintiffs submit as follows:

### Response

These nine cases fall into three distinct groups as follows:

*Joyce Ashley, et al v Allen Camper Manufacturing Company, et al Case No. 10-2102. (See Exhibit "A")* transferred to the Eastern District MDL on or about July 28, 2010 through Conditional Transfer Order 27 (See Exhibit "B"). On or about October 15, 2010, the Plaintiffs filed Motion to Server on October 15, 2010, to file a matched complaint for our now matched Plaintiffs. (See Exhibit "C") Ten Plaintiff's listed in this complaint, were unable to be matched through the guidelines in Pretrial Order 68. These Ten Plaintiffs made diligent effort to comply with the Court's Order. They made matching requests upon FEMA, the only party who has any control over the matching of Plaintiffs with manufacturers and no-bid contractors. The inability to comply with the Court's Order comes as no fault of the Plaintiffs. PTO 68 not withstandings these Ten Plaintiffs should not be dismissed.

*James D. Burge v Cavalier Home Builders, et al, Case No. 10-1041 (See Exhibit "D")* transferred into the Eastern District of Louisiana MDL on or about November 29, 2010 from the Southern Division of the United States District Court for the Southern District of Mississippi.

Mr. Burge, however did not live in FEMA trailer.  Plaintiff James D. Burge performed pre-delivery inspections of the housing units located at the FEMA Purvis Mississippi Trailer Staging Area approximately seven days a week from the fall of 2005 until the end of 2006.   Mr. Burge levies his complaint against the federal government and the dozens of trailer manufacturers who exposed Mr. Burge to the dangerous levels of formaldehyde. Since Mr. Burge did not live in a FEMA trailer, his case does not conform to the rubric of matching.  He is incapable of matching.  He cannot identify to the Court which trailer he lived in and which no-bid contractor installed his trailer because he did not *live* in a trailer.  Under these certain circumstances this case did not comply with the matching issues listed in Pretrial Order 68. For this reason, the Court should not dismiss this case for failing to comply with PTO-68.

*Brian Carpenter, et al v Doug Boyd Enterprises, LLC, et al* Case No. 10-4118. (See Exhibit "E");   *Kevin Ammentorp, et al v Gulf Stream Coach, Inc., et al.,* Case No. 10-4120 (See Exhibit "*F*"); *Catherine Mayes, et al v Madison Services, Inc., et al.,* Case No. 10-4128 (See Exhibit "*G*"); *Melissa Sommerville, et al v Gulf Stream Coach, Inc., et al.,* Case No. 10-4119 (See Exhibit "H");  *Sheila M. Spiers, et al v Motex Enterprises, Inc.*, et al., Case No. 10-4125. (See Exhibit "I");  *Tina Cook, et al v Forest River, Inc., et al.*, Case No. 10-4126 (See Exhibit "J"); and  *Mary Crawford, et al v Forest River, Inc., et al.*, Case No. 10-4127 (See Exhibit "K"). The cases listed above were filed in various Circuit Courts  in Mississippi, and thereafter removed to federal court.  All seven of these cases transferred to this Court on October 27, 2010. See Exhibit "L".  All of these cases were transferred to this Court *after* the last chance date for matching.  However, each of these cases is filed on behalf of a single family against a known manufacturer and known no-bid contractor.  In other words, these complaints were matched—in

essence—when filed in state court. By virtue of naming a single family against the manufacturer of the trailer and the no-bid installer, the Plaintiffs in fact did "match" as a matter of function if not a matter of form. Because the complaints were each filed in state court, the Plaintiffs were not bound to match as a matter of form by the inclusion of a grid or rubric as an attachment to their complaint. Out of an abundance of caution, such rubrics are filed here. ( See Exhibits "M" through "S").

The Certain Misssissippi Plaintiffs in these seven cases should not be dismissed for the following reasons. First, the Certain Mississippi Plaintiffs in these seven cases did not come under the jurisdiction of this Court until after the last chance matching deadline and therefore could never have complied with this Court's PTO-68 regarding matching. Secondly, the Certain Mississippi Plaintiffs in these seven cases matched in function if not in form. Each complaint is a "stand-alone" action naming one family against one manufacturer and one non-bid contractor. Finally, the Court has yet to rule on the Plaintiffs' Motion to Remand and therefore, the Court should not rule on this Motion as to these Plaintiffs until such time as the Court determines that it has subject matter jurisdiction over these cases.

**Conclusion**

For the reasons submitted herein, these Certain Mississippi Plaintiffs should not be dismissed with prejudice. Alternatively, the ten Plaintiffs contained in the *Ashley* complaint should be dismissed without prejudice and James Burge and the Plaintiffs named in the seven removed cases should not be dismissed. Plaintiff Burge's claim is so factually distinct from the "ususal" formaldehyde complaint that he was never intended to come under the instruction or direction of PTO-68. The Court has yet to find that subject matter jurisdiciton exists over the

Plaintiffs in the seven removed cases so that it could enter any dispositive order. Moreover, the cases did not come to this Court until after the last chance deadline. Finally and perhaps, most importantly, the seven remove cases are effectively matched by virtue of the named parties.

Respectfully submitted, this the __4th__ day of January, 2011.

By: __s / Edward Gibson__
EDWARD GIBSON

**OF COUNSEL:**

John Hawkins, Esquire, (MS Bar No. 9556)
HAWKINS, STRACENER & GIBSON, PLLC
628 N. State Street
P.O. Box 24627
Jackson, Mississippi 39202
Ph. (601) 969-9692; Fx. (601) 914-3580

Edward Gibson, Esquire, (MS Bar No. 100640)
HAWKINS, STRACENER & GIBSON, PLLC
153 Main Street
Bay St. Louis, MS 39520
Ph.(228) 469-0785; Fx. (228) 467-4212

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2011 I caused to be filed the Foregoing Certain Mississippi Plaintiffs Response to Joint Motion to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Matching and Filing with the Clerk of Court via the Electronic Court Filing system which will forward a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that there are no known non-CM/ECF participants.

*s/ Edward Gibson*
EDWARD GIBSON, ESQ.