UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *ALL CASES* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTAIN PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE
MANUFACTURING AND CONTRACTOR DEFENDANTS' JOINT MOTIONS
TO DISMISS CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND
REASONS CONCERNING DEADLINES FOR MATCHING AND FILING**

MAY IT PLEASE THE COURT:

  **I. INTRODUCTION AND BACKGROUND**

  Certain Plaintiffs ("Plaintiffs"), namely Plaintiffs Steering Committee ("PSC") and Gainsburgh, Benjamin clients, through undersigned counsel, hereby oppose the Manufacturing and Contractor Defendants' Joint Motions to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Matching and Filing. Plaintiffs' position may be divided into (a) an opposition to the dismissal of certain Plaintiffs in unmatched holding actions [Section II *infra*], and (b) an opposition to the dismissal of matched, related-plaintiff cases [Section III, *infra*].

  Generally, Plaintiffs understand the need for finality in determining the total number of plaintiffs matched to each defendant manufacturer and contractor. As this Court is well aware, Plaintiffs' counsel have endeavored to meet Your Honor's deadlines for this matching, which has required the organization of individual plaintiff information for roughly 80,000 clients. This

effort, though nothing less than extraordinary, has been frustrated by the fact that Privacy Act concerns have prevented some plaintiffs who provided trailer address information, from being matched to their unit's manufacturer and/or contractor.[1] Furthermore, matching responses provided by defendants often have afforded insufficient information with which to identify the proper defendant manufacturer or contractor.[2] These Plaintiffs should not be penalized by dismissal, having made diligent efforts to match to the proper defendants. This is especially true since the now-contemplated dismissal of the originating complaints in these cases may create prescription issues for these plaintiffs.

In addition, certain Plaintiffs' actions listed below in Section III either have cured defects in their cases that existed at the time of Defendants' Joint Motion to Dismiss, or present valid information for related individuals matched to multiple defendants (i.e., a family who lived in multiple trailers together).[3] Plaintiffs respectfully submit that these cases are neither "unmatched" nor violative of pretrial orders #38, #53 and #68, which orders pertain to unrelated plaintiffs. Therefore, these claims should not be subject to dismissal.

## II. INTERESTS OF JUSTICE AND FAIRNESS FAVOR ADDITIONAL TIME FOR A COURT-ORDERED FINAL MATCHING ATTEMPT FOR CERTAIN PLAINTIFFS IN UNMATCHED HOLDING ACTIONS

In the interests of fairness and justice, certain plaintiffs should be afforded additional time in which to conclude matching efforts on their behalf. Plaintiffs propose that the Court monitor

---

[1] Many of the plaintiffs, who submit this opposition, are now matched; seventy-two (72) individuals have submitted address information but have no FEMA identification number; and, another twelve (12) individuals made compliant requests but could not be matched. The second category of persons should be given additional time to be matched, because no Privacy Act information is at risk if FEMA provides a VIN for a PFS-published address.

[2] Two examples are: (1) matching results naming the manufacturer, "Superior," which plaintiffs, after serving the incorrect party, now understand to be Mitchell County Industries f/k/a Superior Park Model Homes and not Superior Homes, LLC; and, (2) matching results naming the multiple subcontractor-installers, most of which cannot be readily matched to a no-bid contractor.

[3] Pretrial Order No. 38 created a specific exception to the single manufacturer requirement, namely the instance where an individual lived in multiple trailers. Since Pretrial Order No. 53 incorporated the matching requirements of Pretrial Order No. 38 to contractor defendants, the same exception applies to contractor defendants.

2

such a process specifically for plaintiffs who now are able to provide a verified physical address where they occupied a FEMA trailer. The burden on the Government to match such individuals to a specific unit would be minimal, as there remains only a small, finite number of these "matchable" claimants for whom further matching efforts would be needed. Furthermore, no Privacy Act concerns should arise in these cases, since the physical address locations of these units previously have been disclosed in these claimants' execution of their Plaintiff Fact Sheets, and all FEMA now will be asked to provide is VIN information for the unit installed at each physical address location (and not the identities of anyone who applied for assistance or who may have occupied the unit).

Plaintiffs therefore suggest the following final, Court-ordered steps to be taken:

1) Plaintiffs who previously have made matching requests to no avail, must provide to the Government within thirty (30) days of this opposition a verified statement of the physical (street) address location of the EHU which was occupied;

2) Within ninety (90) days of receipt of this address, the Government must provide to Plaintiffs' counsel the VIN information for any and all EHU's which were placed or installed at this location;

3) Within thirty (30) days of receipt of the VIN, each Plaintiff must file an amending complaint naming the manufacturer of the EHU according to this VIN, and a corresponding motion to sever into the matched, amending complaint; and

4) After one hundred and eighty (180) days, all individuals in holding actions who remain unmatched will be dismissed with prejudice.

Such a process will alleviate the harsh penalty of dismissal with prejudice for individuals who have address information based on which matching through FEMA's VIN data still might occur.

If these individuals are later found to have misrepresented the fact of residence in a FEMA trailer, the undersigned will not oppose the imposition of appropriate sanctions.

      a.  *Brown, et al v. Alliance Homes, Inc., et al*, EDLA No. 09-4953

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. Fifty-eight out of seventy-seven Plaintiffs have been properly severed from this suit into a matched complaint. Plaintiffs are in the process of filing motions for leave to amend other suits to add four of the nineteen remaining Plaintiffs in the proper matched suits. Until these motions for leave to amend, and associated forthcoming motion to sever into the matched complaints, are granted, Plaintiffs request that this case not be dismissed as such dismissal would unnecessarily create a prescription issue.

Plaintiff Jashawn Sanders has in good faith have made attempts to be matched through the matching process but to no avail Thus, Mr. Sanders requests that, through the submission of a physical address location, he be allowed to participate in the above-outlined final matching process.

      b.  *Sharett v. Alliance Homes, Inc., et al*, EDLA No. 09-5234

Subject to the general opposition by Plaintiffs herein in Section I, *supra*, dismissal is unopposed, as Plaintiff Brenda Sharett has been properly severed from this suit into a matched complaint.

      c.  *Anderson, et al v. Alliance Homes, Inc., et al*, EDLA No. 09-5252

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. One hundred and twenty-nine out of two hundred and nine Plaintiffs have been properly severed from this suit into a matched complaint. Three have been added to amending complaints, but have not yet been severed. Plaintiffs have filed motions for leave to amend other suits to add seven of the seventy-

4

seven remaining Plaintiffs in the proper matched suits. Until these motions for leave to amend, and associated forthcoming motion to sever into the matched complaints, are granted, Plaintiffs request that this case not be dismissed as such dismissal would unnecessarily create a prescription issue.

For the seventy remaining Plaintiffs who in good faith have made attempts through the matching processes to no avail, Plaintiffs request that they be allowed to participate in the above-suggested final matching process.

      d.  *James, et al v. Alliance Homes,Inc., et al*, EDLA No. 09-5336

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. Four out of twenty-one Plaintiffs have been properly severed from this suit into a matched complaint. One Plaintiff has been amended into another complaint, but has yet to be severed.

For the remaining Plaintiffs who in good faith have made multiple attempts through the matching processes to no avail, Plaintiffs request that they be allowed to participate in the above-suggested final matching process.

      e.  *Riley, et al v. Alliance Homes, Inc., et al*, EDLA No. 09-5443

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. One out of three Plaintiffs has been properly severed from this suit into a matched complaint. For the two remaining Plaintiffs who in good faith have made multiple attempts through the matching processes to no avail, Plaintiffs request that they be allowed to participate in the above-suggested final matching process.

      f.  *Buford, et al v. Alliance Homes, Inc., et al*, EDLA No. 09-6005

Subject to the general opposition by Plaintiffs herein in Section I, *supra*, dismissal is unopposed, as each Plaintiff has been properly severed from this suit into a matched complaint.

5

    g.   *Avants, et al v. Alliance Homes, Inc., et al*, EDLA No. 09-6178

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. Sixteen of twenty-two Plaintiffs have been properly severed from this suit into a matched complaint. For the six remaining Plaintiffs who in good faith have made multiple attempts through the matching processes to no avail, Plaintiffs request that they be allowed to participate in the above-suggested final matching process.

    h.   *Stewart, et al v. Alliance Homes, Inc., et al*, EDLA No. 09-6712

Plaintiffs herein general oppose dismissal as stated in Section I, *supra*. Three out of the original four Plaintiffs have been properly severed from this suit into a matched complaint. The remaining Plaintiff's matching information names Selma with VIN/model number R-07. This information is insufficient to match Ms. Thomas to her proper manufacturer. Plaintiff requests that she be allowed to participate in the above-suggested final matching process.

    i.   *Massey, et al v. Alliance Homes, Inc., et al*, EDLA No. 09-6884

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. One of four Plaintiffs has been properly severed from this suit into a matched complaint. The three remaining Plaintiffs request that they be allowed to participate in the above-suggested final matching process.

    j.   *Robinson v. Alliance Homes, Inc., et al*, EDLA No. 09-7888

Plaintiff generally opposes dismissal as stated herein in Section I, *supra*. Plaintiff is in the process of filing a motion for leave to amend another suit to add Ms. Robinson in the proper matched suit. Until this motion for leave to amend, and associated forthcoming motion to sever into the matched complaint, is granted, Plaintiff requests that this case not be dismissed as such dismissal would unnecessarily create a prescription issue.

    k. *Olsen, et al v. Alliance Homes, Inc., et al*, EDLA No. 10-3120

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. One out of two Plaintiffs has been properly severed from this suit into a matched complaint. The remaining Plaintiff requests that she be allowed to participate in the above-suggested final matching process.

    l. *Charlotte Evans, et al v. Alliance Homes, Inc., et al*, EDLA No. 10-3126

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. One out of two Plaintiffs has been properly severed from this suit into a matched complaint. Plaintiffs have filed motions for leave to amend to add Charlotte Evans to her son Percy Evans' complaint. Until this motion for leave to amend, and associated forthcoming motion to sever into the matched complaint, are granted, Plaintiffs request that this case not be dismissed as such dismissal would unnecessarily create a prescription issue.

    m. *Terrell, et al v. Alliance Homes, Inc., et al*, EDLA No. 10-3143

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. e three Plaintiffs herein request that they be allowed to participate in the above-suggested final matching process.

    n. *Deborah Evans, et al v. Alliance Homes, Inc., et al*, EDLA No. 10-3149

Plaintiffs generally oppose dismissal as stated herein in Section I, *supra*. The two remaining Plaintiffs request that they be allowed to participate in the above-suggested final matching process.

**III. ACTIONS THAT SHOULD BE EXCLUDED FROM DEFENDANTS' EXHIBIT "A" LIST OF UNMATCHED COMPLAINTS THAT FAIL TO COMPLY WITH MATCHING ORDERS**

    a. *McGuire v. Gulf Stream Coach, Inc., et al,* EDLA No. 06-5659

From matching information provided by defendants, Plaintiffs Lynda Ward-Stevenson, individually and on behalf of L.S. and M.S., and Marshall Stevenson, Jr. were matched to Forest River, Inc. and Fluor Enterprises, Inc. The Stevenson family lived in a Forest River trailer with VIN, 4X4TWDH246P195328. According to the IA/TAC database provided by defendants, this trailer was installed by Fluor. Plaintiffs are in the process of amending the Stevenson family into a Forest River and Fluor matched complaint.

From matching information provided by defendants, Plaintiffs DeCarlo McGuire and Kevin Rodney are both matched to Gulf Stream, having resided in trailers with VINs, 1NL1GTR2261077908 and 1NL1GTR216102973, respectively. According to the IA/TAC database provided by defendants, Mr. McGuire's trailer was installed by Fluor. Counsel for Plaintiff is in the process of filing a motion to dismiss all defendants, except for Gulf Stream Coach, Inc. and Fluor Enterprises, Inc., a motion to dismiss class allegations, and a motion deem 06-5659 a matched complaint pursuant to all Pretrial Orders, which were not in place at the time of filing this suit. Pending these motions, this two-plaintiff complaint will be matched. Thus, this complaint should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

    b. *Desiree Collins v. Forest River, Inc., et al*, EDLA No. 07-9141

From matching information provided by defendants, Plaintiff Desiree Collins, deceased and represented by Earl Shorty, was matched to both Keystone and Forest River, Inc. Plaintiffs' counsel has conflicting information from FEMA as to the residence of Desiree Collins and her husband, Earl Shorty. The Keystone unit was installed by Shaw Environmental, Inc. Counsel for Plaintiff is in the process of filing a motion to deem 07-9141 a matched complaint pursuant to all Pretrial Orders. Further, this **single-plaintiff** complaint is matched. Until this motion is granted

8

and the conflicting information is resolved, Plaintiff requests that this case not be dismissed as such dismissal would unnecessarily create a prescription issue.

        c. *Jennifer Doane, et al v. Cavalier Home Builders, LLC, et al*, EDLA No. 09-4827

Plaintiffs oppose dismissal of their case. From matching information provided by defendants, Plaintiffs were matched to both Gulf Stream Coach and R-Vision, because they lived in two different trailers. Plaintiffs lived in travel trailers manufactured by Gulf Stream Coach, VIN (#1) 1NL1GTR2261068772, and by R-Vision, VIN (#2) 4WYT12S2061603575. Plaintiffs also lived in a mobile home manufactured by Cavalier with VIN, BC06AL031047. According to the IA/TAC database provided by defendants, all EHUs were installed by Fluor Enterprises, Inc. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Because Plaintiffs are properly matched to the manufacturers of their trailers, Plaintiffs' matched case is not in violation of this Court's orders and should not be subject to dismissal.

        d. *Donald Smith v. Am. Int'l Specialty Lines, Co., et al*, EDLA No. 09-4835

Plaintiff opposes dismissal of his case. From matching information provided by defendants, Plaintiff Donald Smith was matched to both Monaco Coach Corp. and Jayco Enterprises, Inc., as he lived in two different trailers. Mr. Sherman lived in travel trailers manufactured by Monaco, VIN (#1) 1KB131L2X6W161014, and by Jayco, VIN (#2) 1UJBJ02R161EJ0314 . According to the IA/TAC database provided by defendants, both trailers were installed by Shaw Environmental, Inc. His **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as he has named the manufacturers of his two trailers (Monaco and Jayco), one contractor (Shaw), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

e. *Donald Shaw v. Am. Intl Specialty Lines, Co., et al*, EDLA No. 09-4837

Plaintiff has voluntarily dismissed all defendants in this suit. Thus, the Motion should be denied as to this action.

f. *Della Ayers, et al v. Forest River, Inc., et al*, EDLA No. 09-4973

Plaintiffs oppose dismissal of their case. From matching information provided by defendants, Della Ayers was matched to a Forest River trailer with VIN 4X4TWDH276P100714. Della Ayers filed suit, individually and on behalf of the deceased, Alvin Ayers, against a single manufacturer, Forest River, Inc., a single contractor, Fluor Enterprises, Inc., a single procurement defendant, the Morgan entities, and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

g. *Josephine Merritt v. Timberland RV Co., et al*, EDLA No. 09-5000

Plaintiff opposes dismissal of her case. From matching information, Plaintiff Josephine Merritt was matched to both Timberland RV Co. and Dutchmen Manufacturing, Inc., as she lived in two different trailers. Ms. Merritt lived in travel trailers manufactured by Dutchmen, VIN (#1) 47CTA2P236L116232, and by Timberland, VIN (#2) 5C1TZ31246P009830. According to the IA/TAC database provided by defendants, both trailers were installed by CH2M Hill Constructors, Inc. Since Defendants' Motion to Dismiss, Plaintiffs have voluntarily dismissed Fluor and Shaw, as they did not install Plaintiff's trailers. Her **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as she has named the manufacturers of her two trailers (Dutchmen and Timberland), one contractor (CH2M Hill), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

h. *Kirk Brocks, et al v. Keystone RV Co., et al*, EDLA No. 09-5006

Plaintiffs oppose dismissal of their case. Since Defendants' Motion to Dismiss, Plaintiffs have voluntarily dismissed Thor entities, as they did not reside in a Thor-manufactured trailer. From matching information provided by defendants, Kirk Brocks and Sean Marie Brocks were matched to a Keystone RV Co. trailer with VIN, 4YDT32B275E315383. According to the IA/TAC database provided by defendants, that trailer was installed by Shaw Environmental, Inc. Plaintiffs' suit now names one manufacturer (Keystone), one contractor (Shaw), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Because Plaintiffs are properly matched to the manufacturer and installer of their trailer, Plaintiffs' matched case is not in violation of this Court's orders and should not be subject to dismissal.

i. *Andrew Sylvester v. Cavalier Home Builders, LLC, et al*, EDLA No. 09-5621

From matching information provided by defendants, Plaintiff Andrew Sylvester was matched to both Recreation by Design and Cavalier, as he lived in two different trailers. Mr. Sylvester lived in trailers manufactured by Recreation by Design, VIN (#1) 5CZ200R2561119309, and Cavalier, VIN (#2) BC06AL0136416. According to the IA/TAC database provided by defendants, trailer #1 was installed by Fluor, and Trailer #2 was installed by subcontractor B&I Services. Plaintiff sued Fluor, Shaw and CH2M Hill because of her lack of information regarding the no-bid contractor of trailer #2. Because Mr. Sylvester is properly matched to the manufacturers of his trailers, and he has made a good faith effort to match to the proper contractor-installer, Mr. Sylvester's **single-plaintiff**, manufacturer-matched case is not in violation of this Court's orders and should not be subject to dismissal.

11

j.  *Seebell Carter v. Forest River, Inc., et al*, EDLA No. 09-5890

Plaintiff opposes dismissal of her case. From matching information, Plaintiff Seebell Carter was matched to both Forest River, Inc. and TL Industries, Inc., as she lived in two different trailers. Ms. Carter lived in travel trailers manufactured by Forest River, VIN (#1) 4X4TCKD206P001011, and by TL Industries, VIN (#2) 5CH200R2061144381. According to the IA/TAC database provided by defendants, trailer #1 was installed by Shaw Environmental, Inc., and trailer #2 was installed by CH2M Hill Constructors, Inc. Her **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as she has named the manufacturers of her two trailers (Dutchmen and Timberland), the two contractor-installers (Shaw and CH2M Hill), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

k.  *Bartholomew, et al v. Coachmen Indus., Inc., et al*, EDLA No. 09-5940

Plaintiffs oppose dismissal of their case. From matching information provided by defendants, Plaintiffs were matched to Coachmen, as Kenneth Crowley resided in a travel trailer with VIN, 1TC2B969561310701, and Jimmie and Herbert Bartholomew resided in a trailer with VIN, 1TC2B969661308505. According to the IA/TAC database provided by defendants, both were installed by Shaw Environmental, Inc. Upon information and belief, Viking Recreational Vehicles, LLC is a subsidiary of Coachmen. Thus, multiple manufacturers are not named in this action. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Because Plaintiffs are properly matched to the manufacturers of their trailers, Plaintiffs' matched case is not in violation of this Court's orders and should not be subject to dismissal.

l. *Lewis, et al v. Gulf Stream Coach, Inc., et al*, EDLA No. 09-5941

From matching information provided by defendants, Plaintiff James Lewis, III, individually and in his representative capacity, was matched to both Gulf Stream Coach, Inc. and Stewart Park Homes, as he and his son lived in two different trailers. Plaintiff lived in trailers manufactured by Gulf Stream, VIN (#1) 1NL1GTR2961024302, and Stewart Park Homes, VIN (#2) 1S9BV35256TSPH668. According to the IA/TAC database provided by defendants, both trailers were installed by Shaw Environmental, Inc. Because Mr. Lewis is properly matched to the manufacturers and installer of his trailers, his matched case is not in violation of this Court's orders and should not be subject to dismissal.

m. *Peter Daunoy, III v. Layton Homes Corp., et al*, EDLA No. 09-5942

Plaintiff opposes dismissal of his case. Plaintiff resided in a trailer manufactured by Layton Homes Corp. with VIN, 1SE200P266F001877, installed by Shaw Environmental, Inc. His **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as he has named only one manufacturer (Layton Homes), its parent company (Skyline Corporation), one contractor (Shaw), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, Plaintiffs' complaint should not be dismissed, and should be excluded from Defendants' Exhibit "A."

n. *Earl Shorty v. Gulf Stream Coach, Inc., et al*, EDLA No. 09-5992

Plaintiff opposes dismissal of his case. From matching information provided by defendants, Plaintiff Earl Shorty was matched to both Gulf Stream Coach, Inc. and Forest River, Inc., as he lived in two different trailers. Mr. Shorty lived in travel trailers manufactured by Gulf Stream, VIN (#1) 1NL1GTR2X61035655, and by Forest River, VIN (#2) 4X4TFL3246D086653. According to the IA/TAC database provided by defendants, both trailers

were installed by Shaw Environmental, Inc. His **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as he has named the manufacturers of his two trailers (Gulf Stream and Forest River), one contractor (Shaw), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

      o.  <u>*Leo Sherman v. Shaw Environmental, Inc., et al*, EDLA No. 09-5993</u>

Plaintiff opposes dismissal of his case. From matching information provided by defendants, Plaintiff Leo Sherman was matched to both Keystone RV Company and Jayco Enterprises, Inc., as he lived in two different trailers. Mr. Sherman lived in travel trailers manufactured by Keystone, VIN (#1) 4YDT241276L610576, and by Jayco, VIN (#2) 1UJBJ02N261ET019. According to the IA/TAC database provided by defendants, both trailers were installed by Shaw Environmental, Inc. His **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as he has named the manufacturers of his two trailers (Keystone and Jayco), one contractor (Shaw), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

      p.  <u>*Patricia Mack v. Recreation By Design, et al*, EDLA No. 09-6163</u>

Plaintiff opposes dismissal of her case. From matching information provided by defendants, Plaintiff Patricia Mack was matched to both Recreation By Design, LLC and Monaco Coach, Inc., as she lived in two different trailers. Ms. Mack lived in travel trailers manufactured by Recreation By Design, VIN (#1) 5CZ00R22961125095, and by Monaco, VIN (#2) 1KB131L216W161094. According to the IA/TAC database provided by defendants, trailer #1 was installed by Shaw Environmental, Inc., and trailer #2 was installed by Fluor Enterprises,

Inc. Plaintiff has moved to substitute Monaco for Gulf Stream and to add Shaw as an additional defendant. Pending this motion, her **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as she will have named the manufacturers of her two trailers (Recreation By Design and Monaco), her two installer-contractors (Shaw and Fluor), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

  q. *Charlene Caronia v. Forest River, Inc., et al*, EDLA No. 09-6165

Plaintiff opposes dismissal of her case. From matching information provided by defendants, Plaintiff Charlene Caronia was matched to both Forest River, Inc. and Gulf Stream Coach, Inc., as she lived in two different trailers. Ms. Caronia lived in travel trailers manufactured by Forest River, VIN (#1) 4X4TSW206L007062, and by Gulf Stream, VIN (#2) 1NL1GTR2061023314. According to the IA/TAC database provided by defendants, both trailers were installed by Shaw Environmental, Inc. Her **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as she has named the manufacturers of her two trailers (Forest River and Gulf Stream), one contractor (Shaw), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

  r. *Patricia Clark v. Keystone RV Co., et al*, EDLA No. 09-6170

Plaintiff opposes dismissal of her case. From matching information provided by defendants, Plaintiff Patricia Clark was matched to both Keystone RV Company and Gulf Stream Coach, Inc., as she lived in two different trailers. Ms. Clark lived in travel trailers manufactured by Keystone, VIN (#1) 4YDT259256A23353, and by Gulf Stream, VIN (#2) 1NL1GTR2961050821. According to the IA/TAC database provided by defendants, both trailers

were installed by Shaw Environmental, Inc. Her **single-plaintiff**, matched complaint is in compliance with all applicable Pretrial Orders, as she has named the manufacturers of her two trailers (Keystone and Gulf Stream), one contractor (Shaw), and FEMA. Therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Thus, this case should not be dismissed as it is not in violation of Pretrial Orders #38, #53 or #68.

        s. *Kathy Alexander v. Lakeside Park Homes, et al*, EDLA No. 10-0544

From matching information provided by defendants, Plaintiff Kathy Alexander was matched to both Lakeside Park Homes and River Birch Homes, as she lived in three different trailers. Ms. Alexander lived in two travel trailers manufactured by Lakeside Park Homes, VINs (#1) LSPH201235306GA06 and (#2) LSPH201247109GA06, and one EHU manufactured by River Birch, VIN (#3) RB05AL9441. According to the IA/TAC database provided by defendants, trailer #1 was installed by subcontractor ARS, Inc.; Trailer #2 was installed by Fluor and/or UFAS-Razz; and, EHU #3 was installed by an unknown contractor. Plaintiff sued Fluor, Shaw and CH2M Hill because of her lack of information regarding the installer of EHU #3 and unknown no-bid contractor of #1. Because Ms. Alexander is properly matched to the manufacturers of her trailers, and she has made a good faith effort to match to the proper contractor-installer, Ms. Alexander's **single-plaintiff**, manufacturer-matched case is not in violation of this Court's orders and should not be subject to dismissal.

        t. *Ursin-Seymour, et al v. Gulf Stream Coach, Inc., et al*, EDLA No. 10-1038

Plaintiffs oppose dismissal of their action, as it is in compliance with all applicable Pretrial Orders. Plaintiffs have sued one manufacturer (Gulf Stream Coach), one contractor (Fluor Enterprises, Inc.), and FEMA. This case was originally filed against three no-bid contractors; however, Shaw and CH2M Hill were voluntarily dismissed on June 18, 2010,

leaving Fluor as the sole contractor defendant. Rec. Doc. 14418. Thus, Plaintiffs' complaint should not be dismissed, and should be excluded from Defendants' Exhibit "A."

      u.  *Antonio McGee, et al v. Vanguard Indus. of Mich., Inc., et al*, EDLA No. 10-3921

Plaintiffs oppose dismissal of their case. From matching information provided by defendants, Plaintiffs were matched to Forest River, Inc. and Vanguard Industries of Michigan, Inc., as they all resided in four different trailers. Plaintiffs lived in two travel trailers manufactured by Vanguard, VINs (#1) 1PAT64Z226P005703 and (#2) 1PAT64Z275P001497, one trailer manufactured by Forest River, VIN (#3) 4X4TSMG276J015730, and one trailer manufactured by Dutchmen, VIN (#4) 47CTS5P275L114383. According to the matching information, all trailers were installed by Shaw. Plaintiffs have already sued Forest River in a separate suit; therefore, joinder of all parties is proper under the Federal Rules of Civil Procedure. Because Plaintiffs are properly matched to the manufacturers of their trailers, Plaintiffs' matched case is not in violation of this Court's orders and should not be subject to dismissal.

## IV.   CONCLUSION

For all of the stated reasons, Defendants' Motion to Dismiss should be denied. With respect to the Plaintiffs who meet the criteria for the final matching process proposed in Section II, an order on Defendants' Motion to Dismiss should be deferred pending such a final matching process. Because of the implications of the requested dismissal of cases, and the complexity in resolving Defendants' Motion to Dismiss, Plaintiffs have requested oral hearing in this matter.

      Respectfully submitted:

      **FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   */s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
gmeunier@gainsben.com

*/s/Justin I. Woods*
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:   504/522-2304
Facsimile:   504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**
ROBERT M. BECNEL #14072
RAUL BENCOMO, #2932
ANTHONY BUZBEE, Texas #24001820
FRANK D'AMICO, JR., #17519
ROBERT C. HILLIARD, Texas #09677700
MATT MORELAND, #24567
DENNIS C. REICH Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I electronically mailed the foregoing document to all counsel of record who are non-CM/ECF participants.

*/s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471