UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER           *       MDL NO. 1873
       FORMALDEHYDE PRODUCTS   *
       LIABILITY LITIGATION    *       SECTION "N" (5)
                               *
                               *       JUDGE ENGELHARDT
                               *       MAGISTRATE CHASEZ
                               *

**THIS DOCUMENT IS RELATED TO:**
09-cv-05348   Franklin et al v. Gulf Stream Coach, Inc. et al
09-cv-05349   Turner et al v. Gulf Stream Coach, Inc. et al
09-cv-05350   Magee et al v. Gulf Stream Coach, Inc. et al
09-cv-05351   Adams et al v. Gulf Stream Coach, Inc. et al
09-cv-05352   Anderson et al v. Gulf Stream Coach, Inc. et al
09-cv-05353   Allen et al v. Gulf Stream Coach, Inc. et al
09-cv-05354   Ambrose et al v. Gulf Stream Coach, Inc. et al
09-cv-05355   Gains et al v. Gulf Stream Coach, Inc. et al
09-cv-05356   Robertson et al v. Gulf Stream Coach, Inc. et al
09-cv-05357   Price et al v. Gulf Stream Coach, Inc. et al
09-cv-05358   Aguillard et al v. Gulf Stream Coach, Inc. et al
09-cv-05372   Bentel et al v. Gulf Stream Coach, Inc. et al
09-cv-05376   Aguillard et al v. Gulf Stream Coach, Inc. et al
09-cv-06396   Hunter et al  v. Gulf Stream Coach, Inc.  et al
09-cv-06397   Allen et al v. Gulf Stream Coach, Inc.  et al
09-cv-06398   Adams et al v. Gulf Stream Coach, Inc. et al
09-cv-06399   Autman et al v. Gulf Stream Coach, Inc. et al
09-cv-06400   Dixon et al v. Gulf Stream Coach, Inc. et al
09-cv-06873   Bruno v. Gulf Stream Coach, Inc.
09-cv-06874   Patterson v. Gulf Stream Coach, Inc.
09-cv-06875   Stagg v. Gulf Stream Coach, Inc.
09-cv-06876   Guillory v. Gulf Stream Coach Inc
09-cv-06877   Anthony v. Gulf Stream Coach, Inc.
09-cv-06878   Andrews v. Gulf Stream Coach, Inc.
09-cv-06885   Hebert v. Gulf Stream Coach, Inc.
09-cv-07356   Barrett v. Gulf Stream Coach, Inc.
09-cv-08011   Bowens v. Gulf Stream Coach, Inc. et al
10-cv-00553   Chapman v. Gulf Stream Coach, Inc.
10-cv-00433   Ambo v. Gulf Stream Coach, Inc.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
MANUFACTURING AND CONTRACTOR DEFENDANTS' JOINT MOTIONS
TO DISMISS CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND REASONS
<u>CONCERNING DEADLINES FOR MATCHING AND FILING</u>**

Plaintiffs in the above-captioned lawsuits respond to Defendants' Joint Motion to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Filing and Matching filed by the Manufacturing Defendants (Doc. 18684), the Contractor (IA/TAC) Defendants (Doc. 19054) and Morgan Building and Spa's Inc. (Doc. 18707) and, in support, would show the following:

Generally, Plaintiffs understand the need for finality in determining the total number of plaintiffs matched to each defendant manufacturer and contractor. Plaintiffs' counsel have endeavored to meet the Court's deadlines for filing and matching, which has required the organization of individual plaintiff information for thousands of clients. This effort has been frustrated by the fact that Privacy Act concerns have prevented some plaintiffs who provided trailer address information from being matched to their unit's manufacturer and/or contractor. Further, matching responses provided by defendants often have afforded insufficient information with which to identify the proper defendant manufacturer or contractor. These Plaintiffs should not be penalized by dismissal, having made diligent efforts to match to the proper defendants.

Undersigned counsel represents numerous victims of formaldehyde in FEMA housing units who are currently in "unmatched" lawsuits. Those plaintiffs listed in **Exhibit A** are those persons who have filed "unmatched" lawsuits against manufacturer and installer defendants. Plaintiffs respectfully submit that they were properly joined into these suits pursuant to FED. R. CIV. P. 20. Plaintiffs respectfully submit that the proper vehicle for Defendants' to attempt dismissal is a motion for summary judgment, not a motion to dismiss.

Also, despite detailed and extensive research and good faith effort, these plaintiffs listed in **Exhibit A** have not been able to identify the manufacturer and contract installer of the housing unit in which they resided. These plaintiffs and their counsel have made every effort in good

faith to comply with the above orders and act as instructed by the Court. These plaintiffs and their counsel intend to continue their effort to determine the correct manufacturer and contractor.

In the interests of fairness and justice, these plaintiffs respectfully submit that they be afforded additional time in which to conclude matching efforts on their behalf. These plaintiffs propose that the Court monitor such a process specifically for plaintiffs who now are able to provide a verified physical address where they occupied a FEMA trailer. The burden on the Government to match such individuals to a specific unit would be minimal, as there remains only a small, finite number of these "matchable" claimants for whom further matching efforts would be needed.

Further, no Privacy Act concerns should arise in these cases, since the physical address locations of these units previously have been disclosed in these claimants' execution of their Plaintiff Fact Sheets, and all FEMA now will be asked to provide is VIN information for the unit installed at each physical address location (and not the identities of anyone who applied for assistance or who may have occupied the unit).

Therefore, Plaintiffs respectfully request that the following final, Court-ordered steps to be taken:

1) Unmatched plaintiffs provide to the Government within thirty (30) days of this opposition a statement of the physical (street) address location of the FEMA housing unit which was occupied;

2) Within ninety (90) days of receipt of this address, the Government must provide to Plaintiffs' counsel the VIN information for any and all FEMA housing units which were placed or installed at this location;

3) Within thirty (30) days of receipt of the VIN, each Plaintiff must file an amending complaint naming the manufacturer of the FEMA housing unit according to this VIN, and a corresponding motion to sever into the matched, amending complaint; and

4) After one hundred and eighty (180) days, all individuals in holding actions who remain unmatched will be dismissed with prejudice.

Such a process will alleviate the harsh penalty of dismissal with prejudice for individuals who have address information based on which matching through FEMA's VIN data still might occur.

Those plaintiffs listed in **Exhibit B** are those who originally filed "unmatched" lawsuits against manufacturer and contractor defendants, but who are now able to identify the manufacturer of the FEMA housing unit in which they resided. These plaintiffs are contemporaneously filing motions for leave to amend their complaints to name only the liable manufacturer and contractors. In addition to the reasons offered above, if the Court grants leave to amend, then such plaintiffs listed in **Exhibit B** will no longer be "unmatched" and dismissal would be unwarranted.

## CONCLUSION

If their claims are dismissed, Plaintiffs will suffer extreme prejudice. Defendants will suffer no undue harm or prejudice if additional time for matching is permitted.

Therefore, Plaintiffs respectfully request that the Defendants' Motions to Dismiss be denied, and Plaintiffs be given the opportunity to correct any deficiencies this Honorable Court finds.

Respectfully submitted:

By: /s/Anthony G. Buzbee
Anthony G. Buzbee
Texas Bar No. 24001820
THE BUZBEE LAW FIRM
600 Travis, Suite 7300
Houston, Texas 77002
Tel.: (713) 223-5393
Fax: (713) 223-59009

JOHN MUNOZ (#9830)
GARNER & MUNOZ
1010 Common Street, Suite 3000
New Orleans, LA 70112-2411
Tel: (504) 581-7070
Fax: (504) 581-7083

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                               s/Anthony G. Buzbee
                                               Anthony G. Buzbee