IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHNNY SPEER** | * | **DOCKET NO. 07-7018** |
| | * | **CONSOLIDATED WITH MDL NO. 1873** |
| **versus** | * | |
| | * | **JUDGE: ENGELHARDT** |
| **FLEETWOOD ENTERPRISES, INC., ET AL** | * | **SECTION: "N"** |
| | * | **MAGISTRATE: CHASEZ** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FOURTH SUPPLEMENTAL AND
AMENDED COMPLAINT FOR JOHNNY SPEER**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

The plaintiff's Johnny Speer pursuant to pursuant to Federal Rules of Civil Procedure Rule 21 and this Honorable Court's instructions in Pretrial Orders 40 (Doc. 1781) and 68 (Doc.14779), respectfully supplements and amends the Original, First, Second and Third Amended Complaints to sever Johnny Speer's claims from that of Robert and Luca Devlin, and herein Amend as follows:

1.

Plaintiff's Speer is included among the plaintiff's enumerated in the Original, First, Second and Third Amended Complaints.

2.

The allegations of the Original, First, Second and Third Amended Complaints with respect to the allegations, claims and arguments for Johnny Speer, are respectfully are reiterated and incorporated herein. [Rec. Doc. 1080, 2268, 2486, 2487, 2696 and Docket # 078-7018, Rec.

1

Doc. 1].

3.

The allegations of the Original, First, Second, and Third Amended Complaints and dealing with general factual information, also are reiterated and incorporated herein.

4.

Plaintiff was displaced from his permanent home as a result of Hurricane Katrina. Since his home was rendered uninhabitable as a result of Hurricane Katrina, Plaintiff was deemed eligible to receive emergency housing assistance from the defendant FEMA, pursuant to the Stafford Act and applicable federal regulations.

5.

The emergency housing assistance provided to plaintiff, **Johnny Speer** received emergency housing assistance in the form of a **travel trailer manufactured by the defendant Gulf Stream Coach, Inc.,** with Vehicle Identification Number (VIN) 1NL1GTR2761029687.

6.

The travel trailer was delivered to plaintiff Johnny Speer for occupancy at 6494 Ponchartrain, New Orleans, Louisiana.

7.

The travel trailer delivered to Johnny Speer was **installed** at the above locations and hooked to utilities, etc. for residential purposes by the defendant **Fluor Enterprises, Inc**., pursuant to a contract between Fluor Enterprises and the defendant FEMA.

8.

Plaintiff respectfully reiterates and incorporates all allegations set forth in the Original

and First, Second and Third Amended Complaints with respect to the cause of action against the defendant FEMA. [Rec. Doc. 1080, 2268, 2486, 2487, 2696 and Docket # 078-7018, Rec. Doc. 1]. In addition, and more specifically, plaintiff avers that the defendant FEMA negligently failed to take prompt and appropriate remedial action, and/or to communicate promptly and effectively to her, with respect to the safety and health risks and concerns related to formaldehyde exposure in this travel trailer, even though FEMA became aware of such risks and concerns generally, as early as the Fall/Winter of 2005. As a result, plaintiff s were negligently and unnecessarily exposed to unsafe and potentially dangerous levels of formaldehyde in the travel trailer, prior to the time plaintiff became aware of the need to vacate the trailer.

9.

Plaintiff respectfully reiterates and incorporates all of the allegations set forth in the Original and First, Second and Third Amended Complaints with respect to the cause of action against the defendant Gulf Stream Coach, Inc. the manufacturer under the Louisiana Product Liability Act. [Rec. Doc. 1080, 2268, 2486, 2487, 2696 and Docket # 078-7018, Rec. Doc. 1]. Additionally, and more specifically, plaintiff alleges that the defendant manufacturer's duty to warn him about the dangers and risks of formaldehyde in this travel trailer was continuing in nature, and legally was owed to plaintiff by the defendant manufacturer during the entire period that plaintiffs occupied this travel trailer.

10.

Plaintiff respectfully reiterates and incorporates all of the allegations with respect to the cause of action for negligence against the defendant Fluor under the Louisiana law, specifically in the alternative and in the event these defendants are not be found to be a "manufacturer" liable under the Louisiana Product Liability Act.

3

11.

Plaintiffs respectfully reiterates and incorporates all of the allegations with respect to the damages and prayer for relief in the Original and First, Second and Third Amended Complaints. [Rec. Doc. 1080, 2268, 2486, 2487, 2696 and Docket # 078-7018, Rec. Doc. 1].

12.

Plaintiffs specifically reiterates their request for trial by jury of all claims herein, to the extent permitted by law.

**WHEREFORE**, plaintiff's respectfully supplements and amends the Original and First, Second, and Third Amended Complaints in the foregoing respects, and otherwise reiterates and re-avers all of the allegations and prayers for relief contained therein.

RESPECTFULLY SUBMITTED:

**WILLIAMS LAW OFFICE, LLC**

/s/ L. Eric Williams, Jr.
L. Eric Williams, Jr. #26773
3000 W. Esplanade Ave., Suite 200
Metairie, Louisiana 70001
Telephone:(504) 832-9898
Facsimile: (504) 832-9838
eric@toxictortlaw.net
**Lead Counsel for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.

s/L. Eric Williams, Jr.
L. Eric Williams, Jr.