# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL No. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |

*Aldridge v. Gulf Stream Coach, Inc., et al., 07-09228*
*Purcell, et al. v Alliance Homes, Inc., et al., 09-5325*
*Perkins, et al. v. Alliance Homes, Inc., et al., 09-5326*
*Williams, et al., v. Alliance Homes, Inc., et al., 09-5327*
*Acker, et al., v. Alliance Homes, Inc., et al., 09-5328*
*Hill, et al., v. Alliance Homes, Inc., et al., 09-5329*
*Adam, et al., v. Alliance Homes, Inc., et al., 09-5330*
*Aguiliz, et al., v. Allliance Homes, Inc., et al., 09-5331*
*Pollard, et al., v. Alliance Homes, Inc., et al., 09-5332*
*Adams, et al., v. Alliance Homes, Inc., et al., 09-5333*
*Sims, et al., v. Alliance Homes, Inc., et al., 09-5334*
*Guillot, et al., v. Alliance Homes, Inc., et al., 09-5335*
*Austin, et al., v. Alliance Homes, Inc., et al., 09-6187*
*Barber, et al., v. Alliance Homes, Inc., et al., 09-7166*
*Wood, et al., v. ABC Manufacturing Company, et al., 09-8435*
*Levy, et al., v. ABC Manufacturing Company, et al.,09-8436*
*Demery, et al., v. American International Specialty Lines, Co., et al., 09-8444*
*Jones, et al., v. Liberty Mutual Insurance Corporation, et al., 09-8462*
*Graf, et al., v. American International Specialty Lines Insurance, et al., 09-8522*
*Jackson, et al., V. American International Specialty Lines Insurance, et al., 09-8524*
*Parker, v. American International Specialty Lines Insurance Company, et al., 10-2587*
*Jones, et al, v. Liberty Mutual Insurance Corporation, et al., 10-3620*
*Patterson, et al., v. ABC Manufacturing Company, et al., 10-3626*
*Dison, et al., v. ABC Manufacturing Company, et al., 10-3627*
*Duplessis, et al, v. American International Specialty Lines Insurance Co., 10-3629*
*Ussin, et al, v. ABC Manufacturing Company, et al., 10-3631*
*Tasker, et al., v. ABC Manufacturing Company, et al., 10-3633*
*King, et al., v. ABC Manufacturing Company, et al., 10-4074*
*Woods, et al., v. ABC Manufacturing Company, et al., 10-4075*
*Cauley, et al., v. ABC Manufacturing Company, et al., 10-4076*
*Brown, et al. v. Keystones RV Company, et al., 10-00571*
*Jackson, et al. v. Recreation By Design, LLC, et al., 10-00572*
*Lamkin, et al. v. Frontier RV, Inc., et al., 10-00573*
*Childs, et al. v. Heartland Recreational Vehicles, LLC, et al., 10-00574*

*McElroy, et al. v. Cavalier Home Builders, LLC, et al., 10-00575*
*Moody, et al. v. Stewart Park Homes, Inc., et al., 10-00576*
*Johnson, et al. v. CMH Manufacturing, Inc., et al., 10-00577*
*Carroll, et al. v. Coachmen Industries, Inc., et al., 10-00578*
*Anderson, et al. v. Forest River, Inc., et al., 10-00579*
*Barksdale, et al. v. Keystone RV Company, et al., 10-00580*
*Bracken, et al. v. Thor Industries, Inc., et al., 10-00581*
*Roberson v. TL Industries, Inc., et al., 10-00582*
*Acker, et al. v. Gulf Stream Coach, Inc., et al., 10-00583*
*Hendricks, et al. v. Gulf Stream Coach, Inc., et al., 10-00584*
*Caporelli, et al. v. Coachmen Industries, Inc., et al., 10-00917*
*Dulier, et al. v. KZRV, LP, et al., 10-00918*
*Epps, et al. v. Palm Harbor Homes, Inc., et al., 10-00919*
*Moran, et al. v. FRH, Inc., et al., 10-00920*
*Powell, et al. v. Lucas Investments, LLC, et al., 10-00921*
*Hamilton, et al. v. KZRV, LP, et al., 10-00922*
*Breland, et al. v. Forest River, Inc., et al., 10-01042*
*Cuevas, et al. v. Cavalier Homes, Inc., et al., 10-01045*
*Foxworth, et al. v. Southern Energy Homes, Inc., et al., 10-01049*
*Anders, et al. v. Gulf Stream Coach, Inc., et al., 10-01360*
*Coles, et al. v. DS Corp., et al., 10-01366*
*Chatman, et al. v. Jayco, Inc., et al., 10-01367*
*Cowan, et al. v. Dutchmen Manufacturing, Inc., et al., 10-01368*
*Bradley, et al. v. River Birch Homes, Inc., et al., 10-01369*
*Slade, et al. v. Sunnybrrok RV, Inc., et al., 10-1370*
*Beeman, et al. v. Jayco, Inc., et al., 10-01371*
*DiEugenio, et al. v. Destiny Industries, LLC, et al., 10-01372*
*Anderson, et al. v. Northwood Investments Corporation, et al., 10-01373*
*Johnson, et al. v. Timberlane RV Company, et al., 10-01374*
*Copeland, et al. v. American Camper Manufacturing, LLC, et al., 10-01375*
*Dillon, et al. v. Dutchmen Manufacturing, Inc., et al., 10-01376*
*Fairley, et al. v. Stewart Park Homes, Inc., et al., 10-01377*
*Abdelhafiz, et al. v. Thor Industries, Inc., et al., 10-01378*
*Breaux, et al. v. Gulf Stream Coach, Inc., et al., 10-1380*
*Wesley v. Sunray RV, LLC, et al., 10-01381*
*Robinson, et al. v. Sunnybrook RV, Inc., et al., 10-01382*
*Frizzell, et al. v. DS Corp., et al., 10-01383*
*Jerkins, et al. v. Recreation By Design LLC, et al., 10-01384*
*Wilborn, et al. v. River Birch Homes, Inc., et al., 10-01385*
*Armstrong, et al. v. Starcraft RV, Inc., et al., 10-01386*
*Hudson, et al. v. Sunline Acquisition Company Ltd., et al., 10-01388*
*Harbin, et al. v. Scotbuilt Homes, Inc., et al., 10-01389*
*Kendrick v. Forest River, Inc., et al., 10-01402*
*Brewer v. Coachmen Industries, Inc., et al., 10-01403*
*Magee v. Thor Industries, Inc., et al., 10-01404*
*Coleman v. Forest River, Inc., et al., 10-01409*

*Bultman, et al. v. Forest River, Inc., et al., 10-01685*
*Barnes, et al. v. Keystone RV Company, et al., 10-01686*
*Watson v. Heartland Recreational Vehicles, LLC, et al., 10-01687*
*Acevedo, et al. v. CH2M Hill Constructors, Inc., et al., 10-02032*
*Fulkerson v. CH2M Hill Constructors, Inc., et al., 10-02033*
*Johnson, et al. v. Coachmen Industries, Inc., et al., 10-02599*
*Williams v. Waverlee Homes, Inc., et al., 10-02600*
*Shambarger v. Skyline Corporation, et al., 10-02601*
*Davison, et al. v. CH2M Hill Constructors, Inc., et al., 10-2603*
*Benefield, et al. v. CH2M Hill Constructors, Inc., et al., 10-02604*
*Keyes, et al. v. CH2M Hill Constructors, Inc., et al., 10-02605*
*Duckworth, et al. v. Alliance Homes, et al., 10-2606*
*Manning v. CH2M Hill Constructors, Inc., et al., 10-02687*
*Buckhalter, et al. v. Bechtel National, Inc., et al., 10-02688*
*Robinson, et al. v. Alliance Homes, Inc., et al., 10-02690*
*Bradshaw v. Cavalier Home Builders, LLC, et al., 10-02691*
*Smith v. Frontier RV, Inc., et al., 10-02692*
*Manning, et al. v. Lakeside Park Homes, Inc., et al., 10-02693*
*Alexander, et al. v. Mitchell County Industries, LLC, et al., 10-02694*
*Booth, et al. v. CH2M Hill Constructors, Inc., et al., 10-02695*
*Foxworth, et al. v. CH2M Hill Constructors, Inc., et al., 10-02696*
*Antoine, et al. v. CH2M Hill Constructors, Inc., et al., 10-02878*

---

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND REASONS CONCERNING DEADLINES FOR MATCHING AND FILING

NOW INTO COURT, through undersigned counsel, come Plaintiffs in the above captioned matter who for reasons set forth in this memorandum, respectfully represent that it is both necessary and appropriate for the Court to deny the Defendant's Joint Motion to Dismiss Plaintiffs for Failure to Comply with Order and Reasons concerning Deadlines for Matching and Filing (Rec. Doc. No. 19080). These plaintiff claimants referenced in Exhibits "A" through "F" attached hereto and in response to the Joint Motion to Dismiss Plaintiffs for Failure to Comply

with Order and Reasons concerning Deadlines for Matching and Filing, filed by the manufacturing defendants would show as follows:

## I. RESPONSE REGARDING 07-09228

The manufacturing defendants allege that *Aldridge v. Gulf Stream Coach, Inc., et al., (07-09228)* should be dismissed for failure to comply with previous orders from the Court regarding matching Plaintiffs to the proper manufacturers. However, and although the caption contains multiple manufacturers, <u>Section II. Parties</u> of the *Aldridge* petition clearly, and timely, match the individual plaintiffs to named manufacturers. (See Exhibit "A") The plaintiffs were timely filed, matched, and joined.

According to the Federal Rules of Civil Procedure, Rule 20 – Permissive Joinders:

**(a) Persons Who May Join or Be Joined.**

(1) *Plaintiffs*. Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

**(B)** any question of law or fact common to all plaintiffs will arise in the action.[1]

Plaintiffs in the *Aldridge* suit meet the criteria as cited in section (A) as the emergency housing units, regardless of manufacturer, were contracted by the Federal Government to manufacturers under the same basis for transaction and arising out of the same occurrence (the destruction by Hurricane Katrina and the need for housing thereafter). Additionally, the plaintiffs allege that all of the manufacturers, regardless of individual name, "…completely failed to ensure that the emergency housing units were safe for the inhabitants" and "recklessly

---

[1] *See* Federal Rules of Civil Procedure, rule 20.

rushed to produce these emergency housing units and outsourced substandard building materials from foreign countries, these emergency housing units have formaldehyde levels that exceed what is considered safe by government authorities". (*See* Exhibit A, page 1, 2). This not only satisfies section (A) of the rule, but also (B) as this does bring a question or law and fact common to all plaintiffs which needs to be decided by this Court.

  **II.**  **RESPONSE REGARDING 09-5325,09-5326, 09-5327, 09-5328, 09-5329, 09-5330, 09-5331, 09-5332, 09-5333, 09-5334, 09-5335, 09-6187, 09-7166**

Regarding 09-5325, 09-5326, 09-5327, 09-5328, 09-5329, 09-5330, 09-5331,09-5332, 09-5333, 09-5334, 09-5335, 09-6187, and 09-7166, attached to this memorandum as Exhibit "B", these original complaints were filed timely, the matched plaintiffs were amended and severed, and unmatched plaintiffs remain. Due to a lack of cooperation by FEMA, and other governmental agencies and/or employees, the manufacturing and/or installing defendants, the Plaintiffs have been unable to obtain and/or identify the matching manufacturer and/or installer. Plaintiffs have made every good faith effort to obtain matching information through FEMA, other governmental agencies and/or employees, and the defendants, and have encountered resistance and non-compliance from the defendants. Plaintiffs should not be prejudiced by the reluctance of the defense to disclose the proper party for suit.

However, should the Court determine that the information is still available, Plaintiffs would pray for an additional sixty days to propound additional discovery on the defendants and the Government.

  **III.**  **RESPONSE REGARDING 09-8435, 09-8436, 10-3626, 10-3627, 10-3631, 10-3633, 10-4074, 10-4075, 10-4076**

Regarding 09-8345, 09-8346, 10-3626, 10-3627, 10-3631, 10-3633, 10-4074, 10-4075, and 10-4076, attached to this memorandum as Exhibit "C", these original complaints were filed timely, and plaintiffs have met with difficulties in obtaining the sought matching information. Despite being in compliance with Pre Trial Order # 68 (Rec. Doc. No. 14200) which ordered that all matching requests be received by FEMA by June 15, 2010, Plaintiffs have been unable to obtain the matching information necessary for their cases. The matching information was stated to have been misplaced by FEMA, manufacturing and/or installing defendant, was unable to be disclosed on the telephone, and a myriad of other hardships were encountered in obtaining the requested information necessary for amending these original complaints. Plaintiffs have made every good faith effort to obtain matching information through FEMA and the defendants, and have encountered resistance and non-compliance from the defendants.

If these suits were to be dismissed due to these plaintiffs being unable to obtain and/or identify the matching manufacturer and/or installer, justice would not be served. The ultimate goal of this litigation is to finalize the matching process, and move toward an accurate and complete count of the universe of claimants involved in MDL 1873. The most vital piece of that process is to ascertain and identify which plaintiff was provided an emergency housing unit by which manufacturer, and that unit was placed on the plaintiff's property by which installer. To not allow the plaintiffs the time and means necessary to connect the dots, would not serve the ultimate goal of this litigation.

    **IV.**    **RESPONSE REGARDING 09-8444, 09-8462, 09-8522., 09-8524, 10-2587, 10-3620, 10-3629**

Regarding 09-8444, 09-8462, 09-8522, 09-8524, 10-2587, 10-3620, and 10-3629, listed as Exhibit "D", the manufacturer defendants have gone into bankruptcy. In these suits, there are

successors in interest, as well as named installer defendants. To dismiss these suits where the listed installer, or their successor in bankruptcy would be prejudicial to the plaintiffs, as those entities are still viable defendants. Justice would not be served by dismissing viable defendants based on the request of the defense.

**V.     RESPONSE REGARDING**

*Brown, et al. v. Keystones RV Company, et al., 10-00571*
*Jackson, et al. v. Recreation By Design, LLC, et al., 10-00572*
*Lamkin, et al. v. Frontier RV, Inc., et al., 10-00573*
*Childs, et al. v. Heartland Recreational Vehicles, LLC, et al., 10-00574*
*McElroy, et al. v. Cavalier Home Builders, LLC, et al., 10-00575*
*Moody, et al. v. Stewart Park Homes, Inc., et al., 10-00576*
*Johnson, et al. v. CMH Manufacturing, Inc., et al., 10-00577*
*Carroll, et al. v. Coachmen Industries, Inc., et al., 10-00578*
*Anderson, et al. v. Forest River, Inc., et al., 10-00579*
*Barksdale, et al. v. Keystone RV Company, et al., 10-00580*
*Bracken, et al. v. Thor Industries, Inc., et al., 10-00581*
*Roberson v. TL Industries, Inc., et al., 10-00582*
*Acker, et al. v. Gulf Stream Coach, Inc., et al., 10-00583*
*Hendricks, et al. v. Gulf Stream Coach, Inc., et al., 10-00584*
*Caporelli, et al. v. Coachmen Industries, Inc., et al., 10-00917*
*Dulier, et al. v. KZRV, LP, et al., 10-00918*
*Epps, et al. v. Palm Harbor Homes, Inc., et al., 10-00919*
*Moran, et al. v. FRH, Inc., et al., 10-00920*
*Powell, et al. v. Lucas Investments, LLC, et al., 10-00921*
*Hamilton, et al. v. KZRV, LP, et al., 10-00922*
*Breland, et al. v. Forest River, Inc., et al., 10-01042*
*Cuevas, et al. v. Cavalier Homes, Inc., et al., 10-01045*
*Foxworth, et al. v. Southern Energy Homes, Inc., et al., 10-01049*
*Anders, et al. v. Gulf Stream Coach, Inc., et al., 10-01360*
*Coles, et al. v. DS Corp., et al., 10-01366*
*Chatman, et al. v. Jayco, Inc., et al., 10-01367*
*Cowan, et al. v. Dutchmen Manufacturing, Inc., et al., 10-01368*
*Bradley, et al. v. River Birch Homes, Inc., et al., 10-01369*
*Slade, et al. v. Sunnybrrok RV, Inc., et al., 10-1370*
*Beeman, et al. v. Jayco, Inc., et al., 10-01371*
*DiEugenio, et al. v. Destiny Industries, LLC, et al., 10-01372*
*Anderson, et al. v. Northwood Investments Corporation, et al., 10-01373*
*Johnson, et al. v. Timberlane RV Company, et al., 10-01374*
*Copeland, et al. v. American Camper Manufacturing, LLC, et al., 10-01375*
*Dillon, et al. v. Dutchmen Manufacturing, Inc., et al., 10-01376*

*Fairley, et al. v. Stewart Park Homes, Inc., et al., 10-01377*
*Abdelhafiz, et al. v. Thor Industries, Inc., et al., 10-01378*
*Breaux, et al. v. Gulf Stream Coach, Inc., et al., 10-1380*
*Wesley v. Sunray RV, LLC, et al., 10-01381*
*Robinson, et al. v. Sunnybrook RV, Inc., et al., 10-01382*
*Frizzell, et al. v. DS Corp., et al., 10-01383*
*Jerkins, et al. v. Recreation By Design LLC, et al., 10-01384*
*Wilborn, et al. v. River Birch Homes, Inc., et al., 10-01385*
*Armstrong, et al. v. Starcraft RV, Inc., et al., 10-01386*
*Hudson, et al. v. Sunline Acquisition Company Ltd., et al., 10-01388*
*Harbin, et al. v. Scotbuilt Homes, Inc., et al., 10-01389*
*Kendrick v. Forest River, Inc., et al., 10-01402*
*Brewer v. Coachmen Industries, Inc., et al., 10-01403*
*Magee v. Thor Industries, Inc., et al., 10-01404*
*Coleman v. Forest River, Inc., et al., 10-01409*
*Bultman, et al. v. Forest River, Inc., et al., 10-01685*
*Barnes, et al. v. Keystone RV Company, et al., 10-01686*
*Watson v. Heartland Recreational Vehicles, LLC, et al., 10-01687*
*Acevedo, et al. v. CH2M Hill Constructors, Inc., et al., 10-02032*
*Fulkerson v. CH2M Hill Constructors, Inc., et al., 10-02033*
*Johnson, et al. v. Coachmen Industries, Inc., et al., 10-02599*
*Williams v. Waverlee Homes, Inc., et al., 10-02600*
*Shambarger v. Skyline Corporation, et al., 10-02601*
*Davison, et al. v. CH2M Hill Constructors, Inc., et al., 10-2603*
*Benefield, et al. v. CH2M Hill Constructors, Inc., et al., 10-02604*
*Keyes, et al. v. CH2M Hill Constructors, Inc., et al., 10-02605*
*Duckworth, et al. v. Alliance Homes, et al., 10-2606*
*Manning v. CH2M Hill Constructors, Inc., et al., 10-02687*
*Buckhalter, et al. v. Bechtel National, Inc., et al., 10-02688*
*Robinson, et al. v. Alliance Homes, Inc., et al., 10-02690*
*Bradshaw v. Cavalier Home Builders, LLC, et al., 10-02691*
*Smith v. Frontier RV, Inc., et al., 10-02692*
*Manning, et al. v. Lakeside Park Homes, Inc., et al., 10-02693*
*Alexander, et al. v. Mitchell County Industries, LLC, et al., 10-02694*
*Booth, et al. v. CH2M Hill Constructors, Inc., et al., 10-02695*
*Foxworth, et al. v. CH2M Hill Constructors, Inc., et al., 10-02696*
*Antoine, et al. v. CH2M Hill Constructors, Inc., et al., 10-0287*

Regarding the complaints listed in Exhibit "E", whose cases were originally filed in the United States District Court for the Southern District of Mississippi, pursuant to the rules announced by that Court, and in compliance with the rules adopted by that Court. They have

worked diligently to cure every defect in their pleadings and discovery of which they have been put on notice including:

1. When their suits were filed each of the claimants sued only one manufacturer or amended their complaint to sue one manufacturer with the exception of unmatched plaintiffs, all of whom were included in Duckworth, et al. v. Alliance Homes Inc., et al. Civil Action No. 10-02606.

2. Each Claimant also sued "John Doe" defendants out of an abundance of caution in the event it was later discovered that the wrong entity had been named.

3. The complaints listed separately in Exhibit "F" named two installer/contractors. With the exception of a few claimants for whom installer information was unknown, no claimant sued both installers. A review of the exhibits attached to each complaint shows that only those claimants whose emergency housing units had been installed by Bechtel sued Bechtel, and only those claimants whose emergency housing units were installed by CH2M Hill sued CH2M Hill.

4. At the time of filing, Plaintiffs believed themselves to be in compliance with the Orders issued by this Court since each claimant had sued one manufacturer and one installer.

5. The installer defendants seek to dismiss all of these cases with prejudice, based upon the fact that "John Doe" defendants have been sued. Since no "John Doe" defendant has been identified or served, and since the time for service has passed, it would seem to be a simple housekeeping measure to dismiss these "John Doe" defendants without prejudice, if the Court deems it necessary. Since they have not been identified or served, Plaintiffs

respectfully submit that they have not violated the Court's order requiring each claimant to sue one manufacturer and one installer by including John Doe defendants.

6. The Duckworth Plaintiffs also request additional time to bring their pleadings into compliance with the Court's Orders, as these cases were originally filed in the United States District Court for the Southern District of Mississippi and were only recently transferred in to MDL No. 1873.

It is therefore respectfully requested that the Defendants' Motion to Dismiss the above referenced cases for failure to comply with the Court's Orders be denied, and Plaintiffs be given the opportunity to correct any deficiencies the Court finds. Since the Defendants had notice of the manufacturer and installer that each Plaintiff sued, the deficiencies are not substantive and it is respectfully submitted that they do not constitute grounds for dismissal. Plaintiffs hereby respectfully submit that the Motion to Dismiss should be denied and that Plaintiffs be allowed to correct any deficiency as the deficiencies are not substantive. If certain Plaintiffs cases were dismissed despite concerted efforts to obtain matching information, prescription issues might prevent these Plaintiffs from obtaining justice. Plaintiffs also request any and such other relief as the Court deems appropriate.

Respectfully submitted,

 */s/Frank J. D'Amico, Jr.*
FRANK J. D'AMICO, JR. (LSBA# 17519)
Frank J. D'Amico, Jr., APLC
4731 Canal St.
New Orleans, LA 70119
Phone: (504) 525-7272
Fax: (504) 525-9522

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2011 a true and correct copy of the foregoing Motion was filed electronically using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the Court's electronic filing system.

                Respectfully submitted,

                /s/Frank J. D'Amico, Jr.
                Frank J. D'Amico, Jr.