| From: | Matthew Moreland |
|---|---|
| To: | Miller, Henry (CIV) |
| Cc: | Dinnell, Adam (CIV); Waldron, Jonathan (CIV); andreww@duplass.com; Kurtz, David; cleche@dkslaw.com; rhubbard@lawla.com; jwoods@gainsben.com; gmeunier@gainsben.com; Falkowitz, Gary P.; Jennifer Crose |
| Subject: | RE: Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation Motion to Compel (Moreland Motion) |
| Date: | Thursday, January 06, 2011 1:13:19 PM |

Henry,

As I mentioned earlier, I plan on forwarding the detailed information to you with the reasons in a letter in the coming week. I believe several of the detailed explanations that will be provided will be good cause. Can we please hold off on this discourse and speculation on all of the possible scenarios until the list is provided? I look forward to working with you in the near future and apologize to all for the large amount of email traffic over this issue.

Matthew B. Moreland

Becnel Law Firm, LLC

P.O. Drawer H

106 W. 7th Street

Reserve, LA 70084

(w) 985-536-1186

(f) 985-536-6445

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Thursday, January 06, 2011 12:09 PM
**To:** Matthew Moreland
**Cc:** Dinnell, Adam (CIV); Waldron, Jonathan (CIV); andreww@duplass.com; Kurtz, David; cleche@dkslaw.com; rhubbard@lawla.com; jwoods@gainsben.com; gmeunier@gainsben.com; Falkowitz, Gary P.
**Subject:** RE: Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation Motion to Compel (Moreland Motion)

Matt,

I do not believe that you explained this during our meet or confer yesterday, or set this out in the Memorandum that you filed with the Court. I appreciate your forwarding this additional information to me. Nevertheless, I do not believe that the fact one or more of these Plaintiffs were aware of the need to collect and provide to you the underlying information well before June 15, 2010, and fact that they provided that information to you after June 15, 2010, constitutes good cause. As I explained during our discussion, if that is all that is required to obtain an extension of PTO 68 deadlines – claimant finally expends resources and locates necessary data that FEMA requires to run a matching search --  those deadlines are meaningless.

Rather, I suggest that this additional information constitutes further grounds

Exhibit No. 2

for justifying the Court's enforcement of PTO 68 deadlines as it shows that at least for these claimants, you informed them and made them aware of the need to collect the information, that it was important for them to collect and provide that information to you in a prompt and timely manner, that the information was available to them, but for whatever reason, they made the decision not to collect it and provide it to you in a timely manner. Accordingly, I suspect that this additional fact, rather than justifying a request for extending the June 15, 2010, deadline, constitutes a further reason why the Court should enforce PTO 68 deadlines and grant the private parties motions to dismiss these claimants actions with prejudice for failing to comply with discovery deadlines.

I look forward to receiving the information from you and will promptly review those materials.

Henry T. Miller
US Dept. of Justice

---

**From:** Matthew Moreland [mailto:mmoreland@becnellaw.com]
**Sent:** Thursday, January 06, 2011 12:43 PM
**To:** Miller, Henry (CIV)
**Cc:** Dinnell, Adam (CIV); Waldron, Jonathan (CIV); andreww@duplass.com; Kurtz, David; cleche@dkslaw.com; rhubbard@lawla.com; jwoods@gainsben.com; gmeunier@gainsben.com; Falkowitz, Gary P.
**Subject:** RE: Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation Motion to Compel (Moreland Motion)

Henry,

I think there must be a misunderstanding. Several of them did comply with the June 15, 2010 deadline but either later provided additional information that might assist since your office was unable to match them to a manufacturer. We are compiling the list and reasons for your review and will proceed from there upon your response. You should have this list later next week and I look forward to seeing you at the next hearing as well as your response to these requests.

Matthew B. Moreland
Becnel Law Firm, LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084
(w) 985-536-1186
(f) 985-536-6445

---

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]

**Sent:** Wednesday, January 05, 2011 3:08 PM
**To:** Matthew Moreland
**Cc:** Dinnell, Adam (CIV); Waldron, Jonathan (CIV); andreww@duplass.com; Kurtz, David; cleche@dkslaw.com; rhubbard@lawla.com; jwoods@gainsben.com; gmeunier@gainsben.com; Falkowitz, Gary P.
**Subject:** RE: Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation Motion to Compel (Moreland Motion)

Matt,

Thank you for calling and in my opinion our discussion constitutes partial compliance with LR 37.1.

As I understand it, although the claimants on whose behalf you are demanding matching information failed to comply with applicable PTO's including PTO 68 June 15, 2010, deadline for submitting a proper matching request, they assert they are nevertheless entitled to matching information because some unspecified May 2008 Interrogatory/Request for Production issued by PSC sought discovery of all matching information.  If this is your argument, the United States agrees that we have a dispute, because (1) these claimants were not a party in May 2008 when that discovery request was issued; (2) pursuant to PTO's and as set forth in various Joint Reports the appropriate format for issuing a discovery requests was a Request for Production that provided on an attached PDF/Excel spreadsheet the information FEMA required to search the FRRATS database for matching information; (3) the Honorable Magistrate Judge Roby in August 2008, quashed the May 2008 discovery request because of pending Class Action Motion; (4) PTO 68 created a June 15, 2010, discovery deadline for seeking matching information and set forth information a claimant had to submit to obtain matching information, and the May 2008 discovery request failed to provide as to these claimants the information PTO 68 required claimants to produce.  For these reasons and perhaps other reasons, the United States believes any Motion to Compel production of matching information by these Plaintiffs' based upon the PSC's May 2008 Interrogatories/Request for Production is without merit.

Further, as I understand from our discussion, none of these claimants complied with PTO 68 June 15, 2010, deadline, however, since June 15, 2010, they have provided you with information required by PTO 68 to run a matching request. Further, although this information may have been available to you as early as July 2010, you have never submitted a matching request to the United States on behalf of these claimants.  Furthermore, no one ever contacted government counsel to determine whether it would run a matching request as to these

claimants, and your Motion to Compel was the first notice the government received that you sought matching information on behalf of these claimants.

It is the United States' position that PTO 68, June 15, 2010, deadline is similar to any other discovery deadline and that these claimants given some unspecified inability to comply with that deadline pursuant to Fed. R. Civ. P . 16 should have requested on or before June 15, 2010, that the deadline be altered and extended for "good cause."  None of these claimants filed a timely motion to alter and extend the June 15, 2010, deadline.  I suspect it is unlikely that any of these claimants will be able to demonstrate good cause since it appears that the reason they failed to comply with the June 15, 2010, deadline is that they failed to collect and provide you with the necessary information, or you failed to inform them in a timely manner of the need to provide the information.  Any other interpretation of the June 15, 2010 deadline would essential mean that the deadline is meaningless and would allow any claimant to submit a matching request after the June 15, 2010 deadline.

Nevertheless, I can envision that good cause may exist for a claimant to ask for an extension of the June 15, 2010, deadline.  As such, if you wish to continue to pursue your request to obtain matching information for these claimants, I would encourage you to submit a matching request for these persons that complies with requirements of PTO 68, and in a separate document proffer the for each and every claimant the reasons why they failed to submit a request for matching information on or before June 15, and failed to submit a timely motion to extend that June 15, 2010, deadline.  The United States will consider the requests and within thirty days provide its response. For those that it agrees there exist "good cause," it will submit the request to FEMA.  For those claimants that lack the United States concludes lack "good cause", it will object, and at that point you may then file a Motion to Extend/Alter PTO 68 June 15, 2010, Deadline and Compel the United States to respond to the discovery request.

Finally, in your Memorandum in Support of the Motion to Compel that was filed with the Court you suggest that you submitted on behalf of at least some of these claimants a matching request to the United States in July 2010 and that the government refused to respond to that request because the request was untimely.  As we discussed, although you could have submitted the request in July 2010, no such request was ever submit to the United States, nor did you contact government counsel to determine what the United States response

would be to such a request.  Accordingly, these representations in the Memorandum constitute nothing more than speculation on your part.

Regards,

Henry Miller
US Dept. of Justice

---

**From:** Matthew Moreland [mailto:mmoreland@becnellaw.com]
**Sent:** Wednesday, January 05, 2011 2:32 PM
**To:** Miller, Henry (CIV)
**Cc:** Dinnell, Adam (CIV); Waldron, Jonathan (CIV); andreww@duplass.com; Kurtz, David; cleche@dkslaw.com; rhubbard@lawla.com; jwoods@gainsben.com; gmeunier@gainsben.com; Falkowitz, Gary P.
**Subject:** RE: Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation Motion to Compel (Moreland Motion)

Henry,

I am sorry I was unavailable this morning.  I will call you in a few minutes, when I get back to my office.  I hope you will be available then.  I am not ignoring you but was simply in depositions this morning.

Matt Moreland

---

**From:** Miller, Henry (CIV) [mailto:Henry.Miller@usdoj.gov]
**Sent:** Wednesday, January 05, 2011 12:23 PM
**To:** mattmoreland@cox.net
**Cc:** Dinnell, Adam (CIV); Waldron, Jonathan (CIV); andreww@duplass.com; Kurtz, David; cleche@dkslaw.com; rhubbard@lawla.com; jwoods@gainsben.com; gmeunier@gainsben.com
**Subject:** FW: Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation Motion to Compel (Moreland Motion)

Matt,

Couple of further matters regarding the pending Motion to Compel, Docket No. 19163:

1. We have conducted a search and contrary to the assertion in the Memorandum you filed with the Court, the United States did not received any matching requests from you or anyone else after June 15, 2010.  As such you Motion is deficient because there is underlying discovery request for the Court to compel the United States to provide a response.

2. **LR37.1E Discovery Motions**

"No motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party shall arrange the conference. Any motion filed under this paragraph shall be noticed for hearing. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper."

The United States requests that you withdraw the Motion because you failed to comply with LR 37.1 an confer with the Government prior to filing the Motion to Compel.

3. The United States does not consent to the proposed Order that was submitted to the Court, and as such consistent with L.R.7.2, in addition to the LR 37.1 Certification, the Motion should be set for a hearing so that the United States has a reasonable opportunity to file an Response Memorandum in Opposition.

**LR7.2E Setting Motions for Hearing**

Counsel filing a motion shall, at the time of filing, notice it for hearing within a reasonable time thereafter. Unless otherwise ordered by a judge in a particular case, motions must be filed not later than the fifteenth day preceding the notice hearing date and at least fifteen days actual notice of hearing must be given to opposing counsel whether notice is served by mail or delivery under *FRCvP 5(b)*. Copies of the motion and memorandum in support thereof shall also be served with such notice of hearing.

I left a message with you office earlier this morning.  Please give me a call ASAP so we can discuss.

Thanks,

Henry Miller

US Dept. of Justice
202-616-4223

---

**From:** Miller, Henry (CIV)
**Sent:** Tuesday, January 04, 2011 8:42 PM
**To:** mattmoreland@cox.net
**Cc:** jwoods@gainsben.com; gmeunier@gainsben.com; andreww@duplass.com; rhubbard@lawla.com;
Leche, Charles E.; Dinnell, Adam (CIV); Williams-Jones, Janice
**Subject:** Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation
Motion to Compel (Moreland Motion)

Matt,

I am in receipt of Docket Number 19163 which appears to be an
Exparte/Consent Motion requesting Court to enter an Order to compel the
United States to produce matching information. To best of my knowledge
there was no required meet and confer with the United States regarding the
proposed discovery related Motion and I suspect that your filing of the Motion
as a Exparte/Consent Motion was an inadvertent mistake. As such I would
request that you withdraw the motion, and pursuant to Local Rules give me a
call so that we can discuss the matter.

Further, I suspect that your captioning this as a Motion to Compel is was also
an inadvertent mistake. To the best of my knowledge none of these claimants
have issued a discovery request seeking matching information – or if they did,
it is not attached to the Motion as an Exhibit or identified in the Memorandum
filed in support. Furthermore, given the Court imposed deadline of June 15,
2010, for requesting matching information, you may want to consider filing a
motion seeking entry of an Order to alter, modify and extend the June 15,
2010, deadline for submitting matching requests for these persons, and
proffering to the Court for each of these claimants the evidence that
demonstrates that they acted with due diligence to comply with Court
matching requirements and deadlines, but were unable to comply with the
deadline due to circumstances beyond their control. I suspect that these
claimants will not be able to satisfy this Rule 16 burden given your
representation in the Motion/Memorandum that at least for one or more of the
claimants the motion to extend the deadline and request matching information
could have been made in July 2010 and there does not appear to be any
justification for the six month delay in raising this issue with the Court.
Absent a showing of due diligence and good cause for each claimant, the
United States will oppose extending the June 15, 2010, deadline. As part of
the meet and confer I would request that you provide the United States with

evidence of due diligence and reason why each of these claimants were unable to submit matching requests on or before June 15, 2010, and why they have delayed until now to request the extension of the June 15, 2010, deadline.

I look forward to hearing from you.

Sincerely,

Henry Miller
US Dept. of Justice

---

**From:** Efile_Notice@laed.uscourts.gov [mailto:Efile_Notice@laed.uscourts.gov]
**Sent:** Tuesday, January 04, 2011 5:45 PM
**To:** Efile_Information@laed.uscourts.gov
**Subject:** Activity in Case 2:07-md-01873-KDE-ALC In Re: FEMA Trailer Formaldehyde Products Liability Litigation Motion to Compel

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U. S. District Court**

**Eastern District of Louisiana**

## Notice of Electronic Filing

The following transaction was entered by Moreland, Matthew on 1/4/2011 at 4:44 PM CST and filed on 1/4/2011

| | |
|---|---|
| **Case Name:** | In Re: FEMA Trailer Formaldehyde Products Liability Litigation |
| **Case Number:** | 2:07-md-01873-KDE-ALC |
| **Filer:** | Plaintiff |
| **Document Number:** | 19163 |

**Docket Text:**
**EXPARTE/CONSENT MOTION to Compel by Plaintiff. (Attachments: # (1) Memorandum in Support, # (2) Exhibit, # (3) Exhibit, # (4) Proposed Order)(Reference: 09-5343, 09-7167, 09-6193, 09-5340, 09-**

**7940, 09-5341, 09-6876, 10-2448, 10-2463, 09-5383, 09-5392, 09-6189, 10-2426, 09-5416, 09-5434, 10-2418, 09-8731, 09-5359)(Moreland, Matthew)**

**2:07-md-01873-KDE-ALC Notice has been electronically mailed to:**

Adam Michael Dinnell     adam.dinnell@usdoj.gov, jwjones@dhs.gov

Andrew D. Weinstock     andreww@duplass.com, caccardo@duplass.com, cmotes@duplass.com

Charles E. Leche     cleche@dkslaw.com, gengolia@dkslaw.com

Daniel Joseph Balhoff     balhoff@pabmb.com

Frank Jacob D'Amico , Jr     frank@damicolaw.net, cmecf@damicolaw.net

Gerald Edward Meunier     gmeunier@gainsben.com, cdanos@gainsben.com, dmartin@gainsben.com

Henry Thomas Miller     henry.miller@usdoj.gov, etl.files@usdoj.gov

John Adam Bain     adam.bain@usdoj.gov, veronica.hubbard@usdoj.gov

Jonathan Richard Waldron     jonathan.waldron@usdoj.gov, sean.m.quinn@usdoj.gov

Justin I. Woods     jwoods@gainsben.com, hmccourtney@gainsben.com, plambert@gainsben.com, tgilbreath@gainsben.com

Matthew B. Cano     mbc@aaplaw.com, nrr@aaplaw.com

Michael David Kurtz     dkurtz@bakerdonelson.com, lvinson@bakerdonelson.com

Michelle George Boyle     michelle.boyle@usdoj.gov, Michele.Greif@usdoj.gov

Ralph Shelton Hubbard , III     rhubbard@lawla.com, ljackson@lawla.com, tmartin@lawla.com

Shalla Santos     ses@aaplaw.com, nrr@aaplaw.com

**2:07-md-01873-KDE-ALC Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=1/4/2011] [FileNumber=4508681-0]
[27b1d565363934b3df39408b9e856aaba569d3e57087213e0b31abd6bde40364a530

d70d8fe74499400ca09f698ace7528475fd1d60240716104e4f563c59c46]]

**Document description:**Memorandum in Support
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=1/4/2011] [FileNumber=4508681-1]
[5a2c5a29cf284f72c9d2f7a8cde2d3b31381a6319f165dbd5a32c9826b7f55f418db
57c5abef616ddffd4ac8eaf4e9a997251c0d27518c62d34036e43f5dcab5]]

**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=1/4/2011] [FileNumber=4508681-2]
[0238558f58189b22b6f715a296dbece7f420a38ebb625768199b8611af96b154bdd1
6dec51047c857275059a9205a68f2e41b78266f89bd332c8501a45d1a592]]

**Document description:**Exhibit
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=1/4/2011] [FileNumber=4508681-3]
[88b58df146f4baad8b5ffed92a5909651af0c5e354d34e0f70f5162cf329d966043f
e734393dc6a623687e3c172fcf503400e6ecf73d4a02a9caef28650e3922]]

**Document description:**Proposed Order
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1091133085 [Date=1/4/2011] [FileNumber=4508681-4]
[278af7a6bf39c4277a2945848d27aca708d29ed05b9d6bf5b8f82fc83b0bc393aacc
fa2d98973aef625d58c4de85917c2354e6c57783fd364c55266edc18ea07]]