UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE PRODUCTS | * | |
|     LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| | * | |
| | * | |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | JUDGE: ENGELHARDT |
| *ALL CASES* | * | |
| | * | MAGISTRATE: CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MANUFACTURING DEFENDANT'S COMPREHENSIVE REPLY
MEMORANDUM TO PLAINTIFFS' OPPOSITIONS TO
MANUFACTURING DEFENDANTS' JOINT MOTION TO DISMISS
CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND
REASONS CONCERNING DEADLINES FOR MATCHING AND FILING**

**NOW INTO COURT,** through undersigned counsel of record, come the

**MANUFACTURING DEFENDANTS,** who file this contested, comprehensive reply to

Plaintiffs' Oppositions to the Manufacturing Defendants' Joint Motion to Dismiss Claims for

Failure to Comply with Order and Reasons Concerning Deadlines for Matching ("Dismissal").

Various oppositions were filed by various Plaintiff Counsel related to the Dismissal.

Oppositions centered around four different types of case:

    1)  Cases containing unmatched plaintiffs

    2)  Cases containing unidentified defendants

    3)  Cases containing multiple plaintiffs with unrelated claims against multiple defendants

    4)  Cases no longer containing any plaintiffs and/or defendants

For the convenience of the Court, the Manufacturing Defendants have separated each case into

one of these categories and identified all cases with the appropriate docket number and title.

    **I.**    **Exhibit "A," attached herein lists cases for which no opposition was submitted.**

1

*Exhibit "A,"* attached herein, lists all cases found in the Dismissal for which no opposition was filed. Thus, the Manufacturing Defendants are entitled to a dismissal of these cases for failing to comply with Pretrial Orders #38, #53, and #68.

**II.    Exhibit "B," attached herein, represents complaints which clearly violate Pretrial Orders #38 and #68 in that they contain multiple <u>unmatched</u> plaintiffs and multiple manufacturing and contractor defendants. These complaints remained in violation of Pretrial Orders #38, #53, and #68 after the deadline set by this Court.**

On May 27, 2009, this Court issued Pretrial Order #38 (Rec. Doc. #1596), which states in relevant part:

"IT IS ORDERED that for purposes of facilitating the progress of the MDL and the possibility of a resolution of it in the future, the Court will allow multiple, unrelated plaintiffs to join in the filing of a single complaint. (This shall apply prospectively to any future cases filed directly here or transferred here by the MDL Panel). The following restrictions shall apply:

(b)    Each Complaint shall contain plaintiffs who have claims against the same manufacturer, where known."

On December 14, 2009, this Court issued Pretrial Order #53 (Rec. Doc. #9073) which applied the matching requirements to contractor defendants. On May 26, 2010, this Court issued Pretrial Order #68 (Rec. Doc. 14200) which required all Plaintiffs (and Complaints) to comply with Pretrial Orders #38 and #53 by August 02, 2010.[1] This Order specifically states:

"Beginning on November 1, 2010, Defendants shall filed Motions to Dismiss (1) any claims still in existence in which the claimant has sued multiple manufacturers and/or multiple government contractors; and (2) motions to dismiss any claims made by Claimants who failed to comply with this order."

The Order continues:

"Compliance with this Order shall be the only grounds for denial of said Motions to Dismiss, <u>as the Court states now its intention not to extend these deadlines</u>."

---

[1]    Additionally, the Court provided plaintiffs with a "Last Chance Process for Obtaining Matching Information on Previously Unmatched Claimants." The deadline to comply with this process was October 15, 2010. None of the cases referenced in this Comprehensive Reply subjected themselves to this "Last Chance" process.

2

*Exhibit "B,"* attached herein, lists a subsection of cases which failed to comply with Pretrial Orders #38, #53, and #68 by the deadline cited above. All cases found in *Exhibit "B,"* contain multiple unmatched plaintiffs. Dismissal of these cases is being opposed on the grounds that the deadlines in Pretrial Order #68 violate the interests of justice and fairness and that a new, "final," process should be implemented giving plaintiffs more time to correctly comply with Pretrial Orders #38 and #53 (Plaintiff Steering Committee's Opposition to Dismissal, Rec. Doc. 19195, p.2-4).

Plaintiffs had fifteen months in which to comply with Pretrial Order #38 and nine months in which to comply with Pretrial Order #53. Furthermore, the Court presented Plaintiffs with a "Last Chance Process" by which the Plaintiffs could have informed the Court of an unmatched plaintiff and received additional time in which to comply with the Orders. The Plaintiffs in *Exhibit "B,"* failed to take advantage of this "Last Chance." There is no need for an additional matching process. Pretrial Order #68 clearly states that deadlines will not be extended and no compliance with the matching protocol will result in dismissal. In fact, this Court has already denied certain Plaintiffs' attempts to comply with these Pretrial Orders and amend their original complaints after the above-stated deadline.[2]

Therefore, the Manufacturing Defendants are entitled to a dismissal of all cases found in *Exhibit "B,"* for a failure to comply with Pretrial Orders #38, #53, and #68.

---

[2] Thirty-five amended complaints were filed with this Court attempting to match certain unmatched plaintiffs found in the cases cited in *Exhibit "B,"* after the Pretrial Order #68's deadline (and after the Dismissal was filed). These amended complaints were stricken from the record due to untimeliness. (Rec. Doc. 19043, Rec. Doc. 19626).

> **III.     Exhibit "C," attached herein, represents complaints which clearly violate Pretrial Orders #38, #53, and #68 in that they contain "unidentified defendants" represented as "John Doe" or "ABC Corporation."**

The Pretrial Orders cited above are clear in their intent. Plaintiffs must be correctly matched to a single manufacturer and a single contractor associated with the travel trailer in which the Plaintiff resided.[3] Any Complaint that fails to comply with these orders is subject to dismissal under Pretrial Order #68.

The cases identified in *Exhibit "C,"* attached herein, all cite "unidentified defendants" as parties to the action.[4] Complaints listing unidentified defendants are in clear violation of the above-cited Pretrial Orders. All Plaintiffs must be matched to a <u>single</u> manufacturer and a <u>single</u> contractor. The use of unidentified defendants by Plaintiffs as "holding spots" violates the intention behind the Pretrial Orders.  Pretrial Order #68 states that Defendants <u>shall</u> dismiss any complaint that sues multiple manufacturers or contractors. The Plaintiffs' use of unidentified defendants leaves this possibility open.

Thus, the cases represented in *Exhibit "C,"* are noncompliant and should be dismissed. In the alternative and in order to comply with the Pretrial Orders, Plaintiffs must sever these unidentified defendants from the Complaint. Further in the alternative, if Plaintiffs argue that these unidentified defendants are being used to hold a cause of action against a party other than a contractor or manufacturer, then the Manufacturing Defendants request an order from this court preventing Plaintiffs from substituting any manufacturer or contractor for an unidentified defendant in the future.

---

[3]     Manufacturing Defendants recognize that there will be a few, unusual cases where a plaintiff resided in more than one trailer or whose trailer was manipulated by more than one contractor defendant. In those specific matters in which multiple manufacturers or contractors can be <u>identified and matched</u> to a single Plaintiff, Manufacturing Defendants will agree to make the necessary concessions for prosecution of the claim.

[4]     These unidentified defendants are represented as either "John Doe" or "ABC Corporation."

    **IV.    Exhibit "D," attached herein, represents complaints which clearly violate Pretrial Orders #38, #53, and #68 in that they contain improperly joined plaintiffs under Federal Rule of Civil Procedure 20. These plaintiffs are joined under a single suit, yet fail to assert a cause of action against the manufacturer(s) named as defendants.**

*Exhibit "D,"* attached herein, lists cases which violate the Federal Joinder Rule under F.R.C.P. 20 and Pretrial Order #38. In these cases, multiple defendants assert unrelated claims against multiple, unrelated defendants.

Pretrial Order #38 refers to the Court allowing "multiple, unrelated plaintiffs" to join in filing a single complaint (subject to the restrictions) after May 27, 2009. Essentially, P.T.O. #38 allows plaintiffs to side step the Federal Rules of Civil Procedure concerning the proper joinder of parties.[5] Rule 20 – Permissive Joinders - contains the minimum threshold for proper joinder of parties and states, in relevant part:

    **(a) Persons Who May Join or Be Joined.**

        **(1)** *Plaintiffs.* Persons may join in one action as plaintiffs if:

            **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

            **(B)** any question of law or fact common to all plaintiffs will arise in the action.[6]

In their Opposition, the *Aldridge* Plaintiffs[7] argue that multiple matched plaintiffs should be able to share suit against multiple manufacturing defendants under Federal Rule of Procedure

---

[5]    *See* Federal Rules of Civil Procedure, rules 18, 19, 20, and 21.

[6]    *See* Federal Rules of Civil Procedure, rule 20.

[7]    *See* Opposition filed by Plaintiff Counsel, Frank J. D'Amico, Jr., regarding *Aldridge v. Gulf Stream Coach, Inc., et al.* 07-09228 (Rec Doc. 19085, p. 4-5)

20, despite the fact that not all plaintiffs will assert a cause of action against all defendants.[8] Plaintiffs argue that this is proper under F.R.C.P. 20 because all claims "arise out of the same transaction or occurrence" – Hurricane Katrina and the need for housing thereafter. Furthermore, Plaintiffs argue that all plaintiffs' causes of action share a common question of law and fact.

First and foremost, this action violates Pretrial Order #38 which specifically requires plaintiffs in complaint to have claims against the same manufacturing defendant. Pretrial Order #38 expands, not limits, the plaintiffs' ability to comprise suits under Federal Joinder Rules. Thus, a failure to comply with Pretrial Order #38, which is clear in this instance, signifies an offense of F.R.C.P. 20.

Furthermore, the federal jurisprudence gives this Court a guideline as to how to rectify this situation. The use of this rule of procedure is not foreign to Multidistrict Litigations within the Federal Fifth Circuit. In *In re Silica Products Liability Litigation,* the Southern District Court for the State of Texas found that plaintiffs were improperly joined in suit when it was discovered that, although each plaintiff had alleged exposure to silica dust, the plaintiffs had worked in different locations, for different lengths of time, at different occupations, using different products. *In re Silica Products Liability Litigation,* 398 F.Supp.2d 563, 651-652 (S.D. Tex 2005). The Southern District noted that the reason for the joining of these plaintiffs was solely because the same law firm retained all plaintiffs and these plaintiffs had been screened for silica exposure at similar times. *Id.* The Southern District specifically held that these reasons did not make the joinder proper under F.R.C.P. Rule 20. *Id.*

---

[8] In *Aldridge,* several Plaintiffs assert a cause of action against Gulf Stream Coach Inc., while other assert a cause of action against Fleetwood Enterprises, Inc., while still others assert a cause of action against Fleetwood Industries, Inc.,etc. In total, nine separate manufacturers remain named as defendants in this suit with different plaintiffs asserting causes of action against each.

This situation is strikingly similar to the current matter. The *Aldridge* Plaintiffs incorrectly identify the "transaction or occurrence" in this matter. These suits do not arise due to Hurricane Katrina. They arise from alleged formaldehyde exposure suffered by plaintiffs in various travel trailers. This alleged exposure occurred at separate locations, in separate trailers, manufactured by separate defendants, for separate periods of time, and would have emitted from separate products at different levels. Thus, each claim arises from a <u>different</u> transactions and/or occurrences. <u>Furthermore, neither this Court nor any other federal court has every held that the mere fact that plaintiffs retain the same attorney or law firm is enough to overcome the Permissive Joinder requirements of F.R.C.P. Rule 20</u>.  In sum, the Plaintiffs were improperly joined in their Original Complaint.

As shown above, Pretrial Order #38 allows plaintiffs in the current MDL to side step the rules of procedure concerning joinder **so long as all joined plaintiffs asserted proper claims against a single manufacturer.**

At the time of the filing of Manufacturing Defendants' Motion to Dismiss claims for failing to comply with these orders for matching and filing, Plaintiffs had yet to comply with either F.R.C.P. Rule 20 *or* Pretrial Order #38.  As it currently stands, these Plaintiffs have asserted unrelated claims against separate manufacturers in violation of both F.R.C.P. Rule 20 and Pretrial Order #38. Thus, by the terms of Pretrial Order #68 (Doc. Rec. #14200), the Manufacturing Defendants are entitled have the cases listed in *Exhibit "D,"* dismissed, or, at minimum, this Court must require Plaintiffs to properly severe their claims and comply with Pretrial Order #38.

**V.     Exhibit "E," attached herein, represents complaints which clearly violate Pretrial Orders #38, #53, and #68 in that they fail to contain a single plaintiff in which to prosecute the claims asserted.**

Exhibit "E," attached herein, lists cases where no single plaintiff and/or defendant remains, effectively making it a "shell case." As such, these matters must be dismissed. Plaintiffs have noted concerns about the possibility of these dismissals affecting the rights of plaintiffs who were previously severed out of these suits. Therefore, Manufacturing Defendants wish to make it clear that they seek the dismissal of the what is now a shell case - as there clearly is no case or controversy left when no plaintiffs exist in the shell case. The Court's previous orders regarding prescription of the claims of plaintiffs severed from these shell cases is not disturbed by dismissal of the remaining plaintiff-free shell cases.

**VI.     Exhibit "F," attached herein, lists cases which, upon further review, are determined to be in compliance with Pretrial Orders #38, #53, and #68.**

These cases cited in *Exhibit "F,"* are found to be in compliance with the Pretrial Orders #38, #53, and #68, despite the fact that they were listed in the Dismissal. As such, the Manufacturing Defendants agree to remove these cases from this Dismissal.

Respectfully Submitted:

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
(504) 832-3700
(504) 837-3119 (FAX)
andreww@duplass.com
jglass@duplass.com
**Manufacturing Defendants' Liaison Counsel**

## **C E R T I F I C A T E**

I hereby certify that on the 14th day of January, 2011, a copy of the foregoing Reply to Plaintiffs' Opposition to Manufacturing Defendants' Motion to Dismiss was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this file will be sent to liaison counsel by operation of the court's electronic filing system and all other counsel of record via e-mail and U.S. Mail.

                                         s/Andrew D. Weinstock
                        _____
                           ANDREW D. WEINSTOCK #18495
                                   andreww@duplass.com