UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE    *   **MDL NO. 1873**
PRODUCTS LIABILITY LITIGATION     *
                                          *
                                          *   **JUDGE ENGELHARDT**
                                          *
                                          *   **MAGISTRATE CHASEZ**
                                          *

**THIS DOCUMENT RELATES TO:**

*Wynette Marie Akrias, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-1002; *James H. Aldridge, et al. v. Gulf Stream, et al*, E.D.La. No. 07-9228; *Paul Alexis, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-506; *Ashley Allen, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-742; *Brittany Nicole Annis v. Am. Int'l Group, et al.*, E.D.La. No. 10-997; *Charles Arbour, et al. v. Recreation by Design, LLC, et al.*, E.D.La. No. 10-1001; *Lucille Margaret Arcement, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-739; *Linda Audibert v. Coachmen Industries, Inc., et al.*, E.D.La. No. 10-998; *Sunshine Augustine v. Am. Int'l Group, et al.*, E.D.La. No. 10-995; *Kerry Collins Fernandez, et al. v. Recreation by Design, LLC, et al.*, E.D.La. No. 10-751; *Steven Weyland Fincher, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-779; *Stephanie Gagliano v. Southern Energy Homes, Inc., et al.*, E.D.La. No. 10-999; *Kimberly Nelson, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 07-7494; *Dorothy Sue Acosta, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-513; *Jean Adams, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-508; *Jacklyn Aguilar, et al. v. Morgan Buildings and Spas, Inc., et al.*, E.D.La. No. 09-7985; *Thais Joyce Augustine, et al. v. Am. Int'l Group, et al.*, E.D.La. No. 10-746; *Linda Ellen Authement v. TL Industries, Inc. et al.*, E.D.La. No. 10-994; *Somaya Bader et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-511; *Jennifer Ann Kieff, et al. v. DS Corp., et al.*, E.D.La. No. 10-738; *Warren A. Perez v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-770; *Diana Ranton v. Am. Int'l Group, et al.*, E.D.La. No. 10-776; *Sidney C. Sigur v. Am. Int'l Group, et al.*, E.D.La. No. 10-927; *Helen Albarado, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No. 10-514; *Elizabeth Baker, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No. 09-7162; *Robert Moise Legendre, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No. 09-6907; *Johnny Dusty Atkinson, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D.La. No.. 10-1000; *Belinda Bauer, et al. v. Liberty Homes, Inc., et al.*, E.D.La. No. 08-5031; *Steven Weyland Fincher, et al. v. Gulf Stream Coach, Inc., et al.*, E.D.La. No. 10-779
*************************************************

1

<u>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS CLAIMS**</u>
<u>**AGAINST MORGAN FOR FAILURE TO COMPLY WITH ORDERS AND REASONS**</u>
<u>**CONCERNING DEADLINES FOR MATCHING AND FILING**</u>

Morgan Building & Spas, Inc. (Morgan Buildings), Morgan Building Systems, Inc.[1] (Morgan Systems) and Morgan Manufacturing Corporation[2] (Morgan Manufacturing and collectively with Morgan Buildings and Morgan Systems, Morgan) file this reply memorandum in support of their motion to dismiss claims against Morgan for failure to comply with the matching requirements set forth in Pretrial Order Nos. 40, 49 and 68 (R. Doc. 18707) and to briefly address the oppositions filed by several plaintiffs. The motions to dismiss for failure to comply with orders and reasons concerning deadlines for matching and filing are set for oral argument on Friday, January 21, 2011.

The manufacturing defendants and the contractor defendants also filed motions to dismiss for failure to comply with the Court's orders and reasons concerning deadlines for matching and filing. (See R. Docs. 18684 and 19080, respectively). Several oppositions have been filed by numerous plaintiffs. In order to clarify for the Court the extent to which Morgan's motion is opposed and to assist the Court in ruling on Morgan's motion, Morgan provides this reply memorandum.

## I.    BUZBEE OPPOSITION (R. DOC. 19196)

Several plaintiffs represented by The Buzbee Law Firm and Garner & Munoz filed an opposition entitled "Plaintiffs' Memorandum in Opposition to Manufacturing and Contractor

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] At times, incorrectly named as Morgan Building & Spas Manufacturing Corporation.

Defendants' Joint Motions to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Matching and Filing," which is found at R. Doc. 19196.   When filed, this opposition was linked to Morgan's motion in PACER.  A review of the Buzbee opposition reveals, however, that the opposition addresses the motions to dismiss 29 specific cases.  None of the 29 cases addressed in the Buzbee opposition are cases that Morgan moved to dismiss.  Thus, the Buzbee opposition does not actually oppose Morgan's motion to dismiss, even though it is linked to Morgan's motion in PACER.

## II.    PSC OPPOSITION (R. DOC. 19195)

The PSC filed an opposition entitled "Certain Plaintiffs' Memorandum in Opposition to the Manufacturing and Contractor Defendants' Joint Motions to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Matching and Filing," which is found at R. Doc. 19195.  Like the Buzbee opposition, when filed, the PSC opposition was linked to Morgan's motion in PACER.  The caption of the PSC opposition states that it relates to "ALL CASES."  A review of the PSC opposition reveals, however, that the opposition addresses motions to dismiss 35 specific cases.  None of the 35 cases addressed in the PSC opposition are cases that Morgan moved to dismiss.  Thus, the PSC opposition does not actually oppose Morgan's motion to dismiss, even though it is linked to Morgan's motion in PACER.

## III.   D'AMICO OPPOSITION (R. DOCS. 19085 AND 19572)

Attorney Frank D'Amico filed two oppositions entitled "Plaintiff's Memorandum in Opposition to Defendants' Joint Motion to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Matching and Filing," which are found at R. Docs. 19085 and

19572.  The D'Amico oppositions were not linked to Morgan's motion in PACER.  Record document 19085 appears to address only the motion to dismiss filed by Defense Liaison Counsel.  Record document 19572 appears to address only the motion to dismiss filed by Contractor Liaison Counsel.  A review of the oppositions, however, reveals that 1 of the 100 plus cases discussed, *Aldridge v. Gulf Stream Coach, Inc., et al.*, 07-09228, is one of the cases Morgan moved to dismiss.  Therefore, out of an abundance of caution, Morgan responds to the arguments in opposition to the motions to dismiss *Aldridge*.  The arguments presented in both oppositions concerning *Aldridge* are the same.

In the D'Amico oppositions, the plaintiffs argue that *Aldridge* should not be dismissed because the individual plaintiffs are matched to the named manufacturers.[3]  The plaintiffs also admit, however, that the case contains multiple manufacturers, arguing that Fed. R. Civ. P. 20, permissive joinder, authorizes the joinder of the plaintiffs' claims against the multiple manufacturers.

Morgan moved to dismiss *Aldridge*, not because of failure to match to a manufacturer, but because the plaintiffs failed to match to a specific *procurement* defendant.  While both Morgan and North American Catastrophe Services (NACS) were named as procurement defendants in *Aldridge*, no plaintiff pled *which* procurement defendant procured his or her individual trailer.  As a result, the plaintiffs have failed to comply with Pretrial Order Nos. 40, 49 and 68, which require plaintiffs to specifically match their claims to a defendant.  Further,

---

[3] See R. Doc. 19085, Sec. I, and R. Doc. 19572, Sec. I.

because there has been no match to Morgan, the Court lacks subject matter jurisdiction over Morgan.

Because the D'Amico oppositions do not address Morgan's arguments that it should be dismissed from the *Aldridge* suit, Morgan's motion is unopposed.

## IV.    TORRES OPPOSITIONS (R. DOCS. 19129 AND 19130)

The Law Offices of Sidney Torres, III filed two oppositions entitled "Memorandum in Opposition to Contractor Defendants' Motion to Dismiss for Failure to Comply with Pre-Trial Orders and Reasons Concerning Deadlines for Matching and Filing," which are found at R. Docs. 19129 and 19130.  These oppositions appear to be identical.

The Torres oppositions were not linked to Morgan's motion in PACER.  A review of the oppositions, however, reveals that nine of the 80 plus cases discussed are cases Morgan moved to dismiss:  *Aguilar, et al. v. Morgan Buildings and Spas, Inc., et al* (09-7985); *Adams, et al. v. American International Group, et al.* (10-508); *Bader, et al. v. Gulf Stream Coach, Inc., et al.* (10-511); *Acosta, et al. v. Gulf Stream Coach, Inc., et al.* (10-513); *Albarado, et al v. Morgan Buildings and Spas, Inc., et al.* (10-514)[4]; *Kieff, et al. v. DS Corp., et al.* (10-738); *Fernandez v. Recreation by Design, LLC, et al.* (10-751); *Authement v. TL Industries, Inc., et al.* (10-994); and *Atkinson, et al. v. Morgan Buildings and Spas, et al.* (10-1000).

In the Torres opposition, the plaintiffs argue that they complied with the Court's matching and filing orders by filing motions to sever and amending complaints.   Morgan

---

[4] While *Albarado, et al. v. Morgan Buildings and Spas, Inc., et al.* (10-514) is listed in the captions of both oppositions, *Albarado* is not specifically discussed in the oppositions or listed in the exhibits supporting the oppositions.

371266.1

acknowledges that the plaintiffs filed amending complaints purporting to comply with the Court's matching orders and also filed motions to sever their claims from other suits. Morgan, however, moved to dismiss these nine suits because (1) following the motions to sever, these suits are "shell" suits containing no plaintiffs, or (2) the plaintiffs did not comply with the Court's matching order with regard to claims against the procurement defendants.

Morgan moved to dismiss *Aguilar, et al. v. Morgan Buildings and Spas, Inc., et al* (09-7985); *Adams, et al. v. American International Group, et al.* (10-508); *Bader, et al. v. Gulf Stream Coach, Inc., et al.* (10-511); *Acosta, et al. v. Gulf Stream Coach, Inc., et al.* (10-513); *Albarado, et al v. Morgan Buildings and Spas, Inc., et al.* (10-514); *Kieff, et al. v. DS Corp., et al.* (10-738); and *Authement v. TL Industries, Inc., et al.* (10-994), because these cases are nothing more than "shell" cases. In accordance with Pretrial Order Nos. 40 and 49, the plaintiffs in these cases filed motions to sever their claims from their original suits because they filed amending complaints matching themselves to specific defendants. The various motions to sever were granted, but the originating cases were not dismissed. As a result, these suits are "shell" cases -- cases which no longer contain any plaintiffs. *See* Section III(B) and Exhibit B to Morgan's motion (R. Doc. 18707). The plaintiffs have not offered any reason why these "shell" suits should not be dismissed. They admit that the plaintiffs in the originating cases have severed their claims and filed new suits. Thus, there is no reason why the originating cases should not be dismissed.

Morgan moved to dismiss *Fernandez v. Recreation by Design, LLC, et al.* (10-751), because both Morgan and NACS were named as procurement defendants. The plaintiffs did not

match their trailers to a specific procurement defendant. As a result, the plaintiffs have failed to comply with Pretrial Order Nos. 40, 49 and 68, which require plaintiffs to specifically match their claims to a defendant. Further, because there has been no match to Morgan, the court lacks subject matter jurisdiction over Morgan. *See* Section III(A) and Exhibit A to Morgan's motion (R. Doc. 18707). Because the plaintiffs have not opposed Morgan's motion in this regard, the claims against Morgan in *Fernandez* should be dismissed.

In *Atkinson, et al. v. Morgan Buildings and Spas, et al.* (10-1000), Morgan was named as a manufacturing defendant. The plaintiffs also named Morgan as a procurement defendant along with NACS, failing to specify which procurement defendant procured their individual trailers. Thus, the plaintiffs have failed to comply with the matching and filing orders as they relate to the claims against Morgan as a procurement defendant. *See* Section III(D) to Morgan's motion (R. Doc. 18707). The plaintiffs have not opposed Morgan's arguments that the procurement claims against Morgan should be dismissed. Accordingly, the claims against Morgan as a procurement defendant should be dismissed.

371266.1

## V.     CONCLUSION

Other than the specific cases discussed above, Morgan's motion is not opposed.[5] The opposition to the motions to dismiss which involve cases referenced above that Morgan moved to dismiss do not address the reasons for dismissal asserted by Morgan. As a result, Morgan's motion is, in fact, unopposed.   Considering the arguments set forth in Morgan's motion, a judgment should be rendered:

1.    Dismissing with prejudice the claims of the plaintiffs against Morgan in the suits listed in Exhibit A to Morgan's motion, because the plaintiffs failed to comply with Pretrial Order Nos. 40, 49 and 68 by naming Morgan and NACS as procurement defendants and not matching the procurement claims to a specific procurement defendant.

2.    Dismissing with prejudice the suits listed in Exhibit B to Morgan's motion, because the plaintiffs failed to comply with Pretrial Order Nos. 40, 49 and 68 by naming Morgan and NACS as procurement defendants and not matching their procurement claims to a specific procurement defendant. Additionally, all of the plaintiffs have been severed from the suits listed in Exhibit B and moved to new suits, making the suits listed in Exhibit B "shell suits."

3.    Dismissing the suits listed in Exhibit C to Morgan's motion, because all of the plaintiffs in the suits listed in Exhibit C have been severed and moved to new suits.  The suits listed in Exhibit C, therefore, are "shell suits" and contain no plaintiffs.

---

[5] Several other oppositions were filed by other plaintiffs' attorneys. These oppositions, identified below, were not linked to Morgan's motion in PACER and do not address cases which Morgan moved to dismiss:

1.     R. Doc. 18712 filed by attorney Eric Williams;
2.     R. Doc. 19167 filed by the Becnel Law Firm, LLC;
3.     R. Doc. 19139, R. Docs. 19150 – 19162 and R. Docs. 19171 – 19177 filed by attorney John Aruther Eaves;
4.     R. Doc. 19183 filed by Lambert & Nelson;
5.     R. Doc. 19181 filed by Bruno & Bruno;
6.     R. Doc. 19189 filed by Edward Gibson;
7.     R. Doc. 19193 filed by the Hurricane Legal Center;
8.     R. Doc. 19194 filed by Simien & Simien, LLC;
9.     R. Doc. 19199 filed by attorney Eric Williams;
10.    R. Doc. 19431 filed by Watts Hilliard, LLC; and
11.    R. Doc. 19768 filed by attorney Jonathan Andry.

4.    Dismissing the claims against Morgan as a procurement defendant in *Atkinson, et al. v. Morgan Buildings & Spas, Inc., et al.*, E.D. La. No. 10-1000, because the plaintiffs failed to comply with Pretrial Order Nos. 40, 49 and 68 by not specifying which "procurement" defendant, Morgan or NACS, procured their trailers.

5.    Dismissing the claims against Morgan in *Belinda Bauer, et al. v. Liberty Homes, Inc., et al.*, E.D. La. No. 08-5031, because all plaintiffs who asserted claims against Morgan have been severed from the suit and no remaining plaintiff has asserted a cause of action against Morgan.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS & SPAS, INC., MORGAN BUILDING SYSTEMS, INC. AND MORGAN MANAGEMENT CORPORATION

## CERTIFICATE OF SERVICE

I certify that, on the 17th day of January, 2010, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system. I also certify that there are no known non-CM/ECF participants.

/s/ Amanda S. Stout
Amanda S. Stout

371266.1