## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL No. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAGISTRATE CHASEZ |

THIS DOCUMENT RELATES TO:
*Duckworth, et al .v. Alliance Homes, Inc., et al.*
Civil Action No. 10-02606
***************************************************************************

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**MAY IT PLEASE THE COURT,** through undersigned counsel, come Plaintiffs who respectfully request that his Honorable Court grant their Motion for Leave to file First Amended Complaint for Damages filed with this Court as Civil Action No. 10-02606.

The aboved referenced case is a suit brought originally in the United States District Court for the Southern District of Mississippi. One manufacturer was sued and while no plaintiff sued more than one installer, two installers were named in the same complaint. The defendants have objected to this complaint by filing a motion to dismiss on the grounds that the complaint includes two installers. Plaintiffs seek to cure the defendants' objection by seeking leave to file this amended complaint, which names one manufacturer and one installer.

According to Federal Rule of Civil Procedure 15, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Where leave of the court is sought, Rule 15

states, "[L]eave shall be freely given when justice so requires." *Id.* In *Foman v. Davis*, the Supreme Court held that [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, the Court stated that "the court must be very liberal in granting leave to amend a complaint," noting that "[t]his rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F.Supp. 1237, 1241 (N.D. Cal. 1997).

Plaintiffs hereby move this Court for leave to file the attached First Amended Complaint pursuant to Federal Rule of Civil Procedure, Rule 15. Plaintiffs respectfully request that this Court grant them leave to file the First Amended Complaint because it will clarify the dispute between the parties and will not cause any prejudice.

Respectfully submitted,

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (LSBA# 17519)
Frank J. D'Amico, Jr., APLC
4731 Canal St.
New Orleans, LA 70119
Phone: (504) 525-7272
Fax: (504) 525-9522

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (LSBA# 17519)