UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION "N-5" |
| | * * | JUDGE ENGELHARDT MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: *ALL CASES* | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO CH2M HILL CONSTRUCTORS, INC.'S AND SHAW ENVIRONMENTAL, INC.'S JOINT RULE 12(b)(6) MOTION TO DISMISS FAILURE TO WARN CLAIMS IN THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS**

MAY IT PLEASE THE COURT:

Plaintiffs, through undersigned counsel hereby oppose CH2M Hill Constructors, Inc.'s ("CH2M Hill's") and Shaw Environmental, Inc.'s ("Shaw's") Joint Rule 12(b)(6) Motion to Dismiss Failure to Warn Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Rec. Doc. 17753). Plaintiffs incorporate by reference, as if set forth fully herein, the entirety of its opposition to Fluor Enterprises, Inc.'s ("Fluor's") similar motion for partial judgment on the pleadings to dismiss negligent failure to warn claims (Rec. Doc. 17751).

**I.  INTRODUCTION**

The instant joint motion to dismiss is a limited challenge to the sufficiency, under of Plaintiffs' pleadings with regard to their failure to warn claims against CH2M Hill and Shaw. In contrast to Fluor's motion to dismiss, CH2M Hill and Shaw seek to dismiss all failure to warn

1

claims under the laws of Alabama, Louisiana, Mississippi, and Texas, including Plaintiffs' Louisiana Products Liability Act ("LPLA") failure to warn claims. Further, this joint motion is brought under FRCP 12(b)(6) rather than FRCP 12(c).

The facts pled by Plaintiffs state a claim that is plausible under the law of negligence in each state, meeting the requisite burden to withstand the instant joint motion to dismiss. Defendants rely heavily on their contention that they have no duty to Plaintiffs. However, as the intended beneficiaries of Defendants' installation work, Plaintiffs were owed, at the very least, a duty of reasonable care by Defendants in conducting its hauling, preparation, installation and maintenance duties, including warning Plaintiffs of associated dangers known by Defendants. From Plaintiffs' comprehensive factual allegations and causes of action in their Third and Fourth Supplemental and Amended Administrative Master Complaints, it can reasonably be inferred that a duty arose when Defendants contracted for, took possession of, hauled, prepared, installed, and maintained travel trailers ("EHUs") for use by Plaintiffs. Moreover, Shaw and CH2M Hill have no basis on which, nor does they make an attempt, to urge that they somehow did not know the intended use of the installed EHUs.

In their Memorandum in Support, Defendants incorporate the reasoning of Fluor's memorandum (Rec. Doc. 17751-1), in which Fluor challenges only negligent failure to warn claims under Louisiana law, exclusive of the LPLA failure to warn claims of Plaintiffs. However, as stated above, Defendants herein challenge the sufficiency of claims under the laws of Louisiana, Mississippi, Alabama, and Texas. Not only is the question of whether CH2M Hill and/or Shaw negligently failed to warn occupants of dangers associated with its hauling, preparation, installation, and maintenance duties inherently a fact-intensive question for the ultimate finder of fact, but Defendants also present no legal support for dismissal under the laws

of any state other than Louisiana. Because Plaintiffs state plausible claims under each state's law, and for the reasons set forth below, this Court should deny the instant Motion to Dismiss.

## II.     ARGUMENT

### A. STANDARD OF REVIEW

Defendants ask this court to dismiss failure to warn claims in Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6), as opposed to Fluor's presentation of a Rule 12(c) motion to dismiss. The standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim is the same as that for a Rule 12(c) motion to dismiss. *See In re Katrina Canal Breaches Litigation*, 495 F.2d 191, 205 (5th Cir. 2007). To survive either motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1959 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Plaintiffs' complaints easily survive this standard of review. Plaintiffs' complaints plainly set forth a cause of action against Defendants for the negligent failure to warn Plaintiffs of the dangers associated with long term residence, after jacking and blocking (installing), in travel trailers.[1] Specifically, Plaintiffs set forth all elements, including the duty element, of a cause of

---

[1] Plaintiffs also assert plausible failure to warn claims under the LPLA, because Plaintiffs believe that Fluor's actions in jacking, blocking, installing utilities, and rendering the unit immobile meet the definition of a "manufacturer" under the LPLA definition. Third Supplemental and Amending Master Complaint ("Third AMC") (Rec. Doc. 4486) at 78-80.

3

action for negligence for failing to warn cause under each applicable state's laws.[2] On application of the above stated standard of review, the motion to dismiss must be denied.

### B. PLAINTIFFS HAVE CLEARLY ALLEGED BEYOND MERE SPECULATION THAT DUTY TO WARN EXISTS AS TO FLUOR.

Plaintiffs will restate for the Court's convenience the relevant portion of their argument in opposition (Rec. Doc. 13777 at 3-6) to Fluor's Motion to Dismiss Negligence Claims regarding the duty the contractor defendants owe to Plaintiffs. It is well-recognized under Louisiana law that there is an almost universal legal duty on the part of a defendant in a negligence case to conform to the conduct of a reasonable person in like circumstances. *Boykin v. La. Transit Co.*, 707 So.2d 1225, 1231 (La. 1998); *see also Griffin v. Shelter Ins. Co.,* 857 So.2d 603, 605 (La. App. 1st Cir. 2003). The specific nature and extent of this duty, "depends on the facts and circumstances of the case, and the relationship of the parties." *Id.* Since the duty is delictual, a contractual relationship between the parties is not necessary. *Bowman v. City of Baton Rouge/Parish of East Baton Rouge*, 849 So.2d 622, 627 (La. App. 1st Cir. 2003). In determining whether to impose liability under a duty/risk analysis, Louisiana law prescribes a four prong test:

> (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?"

LA. CIV. CODE ART. 2315; *see also Davis v. Witt*, 851 So.2d 1119, 1127 (La. 2003); *see also Mathieu v.Imperial Toy Corp.*, 646 So.2d 318, 321-22 (La. 1994). In addition,

> [w]hether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy

---

[2] *See Id.* at 79-88.

4

> decision <u>in light of the unique facts and circumstances presented</u>. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

*Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632-33 (La. 2006) (emphasis added).

It is plaintiffs' position that, as the intended beneficiaries of a trailer installation service undertaken by Defendants, they were entitled to have this service performed in a reasonably prudent manner and to be reasonably warned of dangers associated with Defendants' performance of such services. Under Louisiana jurisprudence, parties who voluntarily assume a duty must perform that duty in a reasonable and prudent manner. *Bujol v. Entergy Serv., Inc.*, 922 So.2d 1113, 1129 (La. 2004). Negligent breach of a duty which has been voluntarily assumed may create civil liability under Louisiana's duty/risk analysis. *Moore v. Safeway, Inc.*, 700 So.2d 831, 846 (La. App. 1st Cir. 1996). The Louisiana Supreme Court has decided numerous cases by applying the doctrine of voluntary assumption as a basis for the existence of a duty of reasonable care. *See, e.g. LeBlanc v. Stevenson*, 770 So.2d 766 (La. 2000); *Rick v. State Dep't of Transportation and Development*, 630 So.2d 1271 (La. 1994) (overruled on other grounds); *Blair v. Tynes,* 621 So.2d 591 (La. 1993); *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364 (La. 1984).

This approach is hardly unique in the law of torts generally. The §324A of Restatement (Second) of Torts provides for a "Good Samaritan Doctrine" as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise reasonable care increases the risk of harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

§324A of Restatement (Second) of Torts.

Specifically with respect to duties to warn, which Plaintiffs respectfully suggest are intertwined with the merits of their case against Defendants, Louisiana law recognizes a duty of those who have custody or *garde* over a thing to "disclose any unreasonably dangerous conditions and to either correct the condition or warn others of the condition's existence." Fluor's Memorandum in Support (Rec. Doc. 17751-1) at 7 (citing *Dauzat v. Curnest Guillor Logging, Inc.*, 995 So.2d 1184 (La. 2008); *Jamison v. United States*, 491 F.Supp.2d 608 (W.D. La. 2007)). Even if premises liability was the gravamen of plaintiffs' claims, Plaintiffs would be able to survive this motion because Defendants were the custodians of Plaintiffs' EHUs for the government (i.e., hauling, installing, and maintaining the EHUs). *See* LA CIV. CODE ART. 2317.1.

However, when Defendants contracted for, took possession of, hauled, prepared, installed, and maintained travel trailers ("EHUs") for use by Plaintiffs, they assumed the responsibility to act reasonably and prudently by warning trailer occupants of the dangers associated with long term occupancy (made possible by Defendants' installation of utility connections) and with Defendants' jacking and blocking of the trailers (in abrogation of manufacturing defendants' warnings not to lift trailers off their wheels). Fluor's memorandum cites *Johnson v. Orleans Parish Board*, 938 So.2d 219 (La. App. 4 Cir. 2006), for the premise that "absent a special relationship between the plaintiff and the defendant, the defendant has no duty to warn the plaintiff."[3] In that case, the defendants, waste disposal and salvage companies, had no duty to plaintiffs, residents of a development made on the former Agriculture Street

---

[3] Fluor Memorandum in Support (Rec. Doc. 17751-1) at 8.

Landfill, because there was no allegation that the defendants knew or should have known that the landfill would later serve as a development site. *Id.* at 224-26.

Here, Plaintiffs allegations clearly outline a special relationship between Defendants and the Plaintiffs', premised upon Defendants' actions in preparing and installing the EHUs, knowledge that Plaintiffs were the intended users, knowledge that the housing was for long-term use (i.e., more than six months), and actions in continuing to maintain the EHUs (during which complaints arose regarding formaldehyde). This duty is much like a contractor's or repairman's duty to the tenant of a leased building or residence. If, hypothetically, a repairman negligently repairs a heater which thereafter explodes, causing death or injury to a tenant, it cannot be said that the repairman would have no duty to the tenant based on the fact that the tenant does not have a contract with the repairman whom the landlord called, and paid. Such a construction of the law would lead to absurd consequences.

Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints specifically aver that Defendants had a duty to each plaintiff to provide transport, install, inspect, maintain, repair, refurbish, recondition and restore safe temporary housing units using reasonable care to avoid injury. *See* Third AMC, ¶¶ 297, 300, 307, 331, 338. Further, Plaintiffs specifically allege a duty to warn of inherently dangerous properties or the foreseeable conditions of the temporary housing units when used for long term occupancy. *See Id.* at ¶¶ 299(d), 302(a), 309(a), 333(a), 340(a). Thus, the complaints are plausible in that the Court may reasonably infer that Defendants breached a duty to warn Plaintiffs of the dangers of long-term occupancy, which was made possible, and also caused, by Defendants' "installation" of the EHUs.

7

It is fundamental procedural law that the "the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests…A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288, 293 (5th Cir. 1977).Furthermore, in *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003), the Fifth Circuit held that because "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision," and as such "plaintiff need not correctly specify the legal theory, so long as the plaintiff alleges facts upon which relief can be granted" the complaint's California state law claim for breach of implied warranty of merchantability was sufficient to allege a Texas law of implied warranty of merchantability claim. 320 F.3d 545, 551 (5th Cir. 2003); see *also American Specialty Systems, Inc. v. Chicago Metallic*, Not Reported in F.Supp.2d, 2002 WL 406965 at 7 (N.D.Ill. 2002) (Plaintiffs are not required "to parrot the language of the UCC [or the LPLA]; the allegations in the complaint are sufficient to meet the liberal pleading requirements of Federal Rule of Civil Procedure 8(a)"). Plaintiffs clearly have satisfied the liberal notice pleading standards that apply to the Master Complaint.

### III. CONCLUSION

Because the Third and Fourth Supplemental and Amended Administrative Master Complaints state plausible claims for negligent failure to warn on the part of Defendants, CH2M Hill and Shaw, the instant motion must be denied. Specifically, a duty exists on the part of Defendants because of their special relationship with Plaintiffs, their custody of the EHUs as no-bid contractor, and/or their "Good Samaritan"-type relationship with Plaintiffs. For the reasons set forth herein, Plaintiffs respectfully request that Defendants' motion to dismiss be denied.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY: */s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
gmeunier@gainsben.com

*/s/Justin I. Woods*
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:    504/522-2304
Facsimile:    504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**

ROBERT M. BECNEL #14072
RAUL BENCOMO, #2932
ANTHONY BUZBEE, Texas #24001820
FRANK D'AMICO, JR., #17519
ROBERT C. HILLIARD, Texas #09677700
MATT MORELAND, #24567
DENNIS C. REICH Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 18, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                          */s/Gerald E. Meunier*
                          GERALD E. MEUNIER, #9471