UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * | MDL NO. 1873 |
| | | SECTION "N-5" |
| | | JUDGE ENGELHARDT |
| | | MAG. JUDGE CHASEZ |
| THIS DOCUMENT IS RELATED TO: *ALL CASES* | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO FLUOR ENTERPRISES, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS TO DISMISS NEGLIGENT FAILURE TO WARN CLAIMS IN THE THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS**

MAY IT PLEASE THE COURT:

Plaintiffs, through undersigned counsel hereby oppose Fluor Enterprises, Inc.'s ("Fluor's") Motion to Dismiss Negligent Failure to Warn Claims in the Third and Fourth Supplemental and Amended Administrative Master Complaints (Rec. Doc. 17751), and in support would show:

**I.   INTRODUCTION**

The instant motion to dismiss by Fluor is a limited challenge to the sufficiency, under Louisiana law, of Plaintiffs' pleadings with regard to their negligent failure to warn claims against Fluor. Louisiana Plaintiffs assert this cause of action as an alternative, if the Louisiana Products Liability Act ("LPLA") is found not to apply to Fluor.[1] The facts pled by Plaintiffs state

---

[1] Plaintiffs also assert failure to warn claims under the LPLA, because Plaintiffs believe that Fluor's actions in jacking, blocking, installing utilities, and rendering the unit immobile meet the definition of a "manufacturer" under the LPLA definition. Third Supplemental and Amending Master Complaint ("Third AMC") (Rec. Doc. 4486) at 78-80.

1

a claim that is plausible under the law of negligence in Louisiana, or for that matter any of the other applicable states' laws, meeting the requisite burden to withstand Fluor's motion to dismiss. Defendant relies heavily on its contention that it has no duty to Plaintiffs. However, as the intended beneficiaries of Fluor's installation work, Plaintiffs were owed, at the very least, a duty of reasonable care by Fluor in conducting its hauling, preparation, installation and maintenance duties, including warning Plaintiffs of associated dangers known by Fluor. From Plaintiffs' comprehensive factual allegations and causes of action in their Third and Fourth Supplemental and Amended Administrative Master Complaints, it can reasonably be inferred that a duty arose when Fluor contracted for, took possession of, hauled, prepared, installed, and maintained travel trailers ("EHUs") for use by Plaintiffs. Moreover, Fluor has no basis on which, nor does it make an attempt, to urge that it did not know somehow the intended use of the installed EHUs.

In its Memorandum in Support, Fluor states that "[l]ike the LPLA claims and the general negligence claims, failure to warn is a purely legal issue appropriate for global resolution at this juncture of the litigation."[2] This statement is erroneous for a number of reasons, the most apparent of which is the following: whether Fluor negligently failed to warn occupants of dangers associated with its hauling, preparation, installation, and maintenance duties is inherently a fact-intensive question for the ultimate finder of fact. For the reasons stated below, this Court should deny the instant Motion to Dismiss.

**II.     ARGUMENT**

     A. STANDARD OF REVIEW

Defendant asks this court to dismiss negligent failure to warn claims in Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints pursuant to Federal

---

[2] Fluor Memorandum in Support (Rec. Doc 17751-1) at 3.

Rule of Civil Procedure 12(c). The standard of review for a Rule 12(c) motion to dismiss is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See In re Katrina Canal Breaches Litigation*, 495 F.2d 191, 205 (5th Cir. 2007). To survive either motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1959 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Plaintiffs' complaints easily survive this standard of review. Plaintiffs' complaints plainly set forth a cause of action against Fluor for the negligent failure to warn Plaintiffs of the dangers associated with long term residence, after jacking and blocking (installing), in travel trailers. Specifically, Plaintiffs set forth all elements, including the duty element, of a cause of action for negligence for failing to warn cause under each applicable state's laws.[3] On application of the above stated standard of review, the motion to dismiss must be denied.

      B.  <u>PLAINTIFFS HAVE CLEARLY ALLEGED BEYOND MERE SPECULATION THAT DUTY TO WARN EXISTS AS TO FLUOR.</u>

Plaintiffs will restate for the Court's convenience the relevant portion of their argument in opposition (Rec. Doc. 13777 at 3-6) to Fluor's Motion to Dismiss Negligence Claims regarding the duty Fluor owes to Plaintiffs. It is well-recognized under Louisiana law that there is an almost universal legal duty on the part of a defendant in a negligence case to conform to the conduct of a reasonable person in like circumstances. *Boykin v. La. Transit Co.*, 707 So.2d 1225,

---

[3] *See* Third AMC at 79-88.

1231 (La. 1998); *see also Griffin v. Shelter Ins. Co.,* 857 So.2d 603, 605 (La. App. 1st Cir. 2003). The specific nature and extent of this duty, "depends on the facts and circumstances of the case, and the relationship of the parties." *Id.* Since the duty is delictual, a contractual relationship between the parties is not necessary. *Bowman v. City of Baton Rouge/Parish of East Baton Rouge*, 849 So.2d 622, 627 (La. App. 1st Cir. 2003). In determining whether to impose liability under a duty/risk analysis, Louisiana law prescribes a four prong test:

> (1) Was the conduct in question a substantial factor in bringing about the harm to the plaintiff, i.e., was it a cause-in-fact of the harm which occurred? (2) Did the defendant(s) owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?"

LA. CIV. CODE ART. 2315; *see also Davis v. Witt*, 851 So.2d 1119, 1127 (La. 2003); *see also Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321-22 (La. 1994). In addition,

> [w]hether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision <u>in light of the unique facts and circumstances presented</u>. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

*Lemann v. Essen Lane Daiquiris, Inc.*, 923 So.2d 627, 632-33 (La. 2006) (emphasis added).

It is plaintiffs' position that, as the intended beneficiaries of a trailer installation service undertaken by Fluor, they were entitled to have this service performed in a reasonably prudent manner and to be reasonably warned of dangers associated with Fluor's performance of such services. Under Louisiana jurisprudence, parties who voluntarily assume a duty must perform that duty in a reasonable and prudent manner. *Bujol v. Entergy Serv., Inc.*, 922 So.2d 1113, 1129 (La. 2004). Negligent breach of a duty which has been voluntarily assumed may create civil liability under Louisiana's duty/risk analysis. *Moore v. Safeway, Inc.*, 700 So.2d 831, 846 (La.

4

App. 1st Cir. 1996). The Louisiana Supreme Court has decided numerous cases by applying the doctrine of voluntary assumption as a basis for the existence of a duty of reasonable care. *See, e.g. LeBlanc v. Stevenson*, 770 So.2d 766 (La. 2000); *Rick v. State Dep't of Transportation and Development*, 630 So.2d 1271 (La. 1994) (overruled on other grounds); *Blair v. Tynes,* 621 So.2d 591 (La. 1993); *Harris v. Pizza Hut of Louisiana, Inc.*, 455 So.2d 1364 (La. 1984).

This approach is hardly unique in the law of torts generally. The §324A of Restatement (Second) of Torts provides for a "Good Samaritan Doctrine" as follows:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if (a) his failure to exercise reasonable care increases the risk of harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

§324A of Restatement (Second) of Torts.

Specifically with respect to duties to warn, which Plaintiffs respectfully suggest are intertwined with the merits of their case against Fluor, Defendant cites the Louisiana law duty of those who have custody or *garde* over a thing to "disclose any unreasonably dangerous conditions and to either correct the condition or warn others of the condition's existence." Fluor's Memorandum in Support (Rec. Doc. 17751-1) at 7 (citing *Dauzat v. Curnest Guillor Logging, Inc.*, 995 So.2d 1184 (La. 2008); *Jamison v. United States*, 491 F.Supp.2d 608 (W.D. La. 2007)). Even if premises liability was the gravamen of plaintiffs' claims, Plaintiffs would be able to survive this motion because Fluor was the custodian of Plaintiffs' EHUs for the government (i.e., hauling, installing, and maintaining the EHUs). *See* LA CIV. CODE ART. 2317.1.

However, when Fluor contracted for, took possession of, hauled, prepared, installed, and maintained travel trailers ("EHUs") for use by Plaintiffs, it assumed the responsibility to act reasonably and prudently by warning trailer occupants of the dangers associated with long term occupancy (made possible by Fluor's installation of utility connections) and with Fluor's jacking and blocking of the trailers (in abrogation of manufacturing defendants' warnings not to lift trailers off their wheels). Defendant cites *Johnson v. Orleans Parish Board*, 938 So.2d 219 (La. App. 4 Cir. 2006), for the premise that "absent a special relationship between the plaintiff and the defendant, the defendant has no duty to warn the plaintiff."[4] In that case, the defendants, waste disposal and salvage companies, had no duty to plaintiffs, residents of a development made on the former Agriculture Street Landfill, because there was no allegation that the defendants knew or should have known that the landfill would later serve as a development site. *Id.* at 224-26.

Here, Plaintiffs allegations clearly outline a special relationship between Fluor and the Plaintiffs', premised upon Fluor's actions in preparing and installing the EHUs, knowledge that Plaintiffs were the intended users, knowledge that the housing was for long-term use (i.e., more than six months), and actions in continuing to maintain the EHUs (during which complaints arose regarding formaldehyde). This duty is much like a contractor's or repairman's duty to the tenant of a leased building or residence. If, hypothetically, a repairman negligently repairs a heater which thereafter explodes, causing death or injury to a tenant, it cannot be said that the repairman would have no duty to the tenant based on the fact that the tenant does not have a contract with the repairman whom the landlord called, and paid. Such a construction of the law would lead to absurd consequences.

---

[4] Fluor Memorandum in Support at 8.

Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints specifically aver that FEI had a duty to each plaintiff to provide transport, install, inspect, maintain, repair, refurbish, recondition and restore safe temporary housing units using reasonable care to avoid injury. *See* Third AMC, ¶¶ 297, 300, 307, 331, 338. Further, Plaintiffs specifically allege a duty to warn of inherently dangerous properties or the foreseeable conditions of the temporary housing units when used for long term occupancy. *See Id.* at ¶¶ 299(d), 302(a), 309(a), 333(a), 340(a). Thus, the complaints are plausible in that the Court may reasonably infer that Fluor breached a duty to warn Plaintiffs of the dangers of long-term occupancy, which was made possible, and also caused, by Fluor's "installation" of the EHUs.

It is fundamental procedural law that the "the plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests…A 12(b)(6) motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. *Mann v. Adams Realty Co., Inc.,* 556 F.2d 288, 293 (5th Cir. 1977).Furthermore, in *McManus v. Fleetwood Enterprises, Inc.*, 320 F.3d 545, 551 (5th Cir. 2003), the Fifth Circuit held that because "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision," and as such "plaintiff need not correctly specify the legal theory, so long as the plaintiff alleges facts upon which relief can be granted" the complaint's California state law claim for breach of implied warranty of merchantability was sufficient to allege a Texas law of implied warranty of merchantability claim. 320 F.3d 545, 551 (5th Cir. 2003); see *also American Specialty Systems, Inc. v. Chicago Metallic*, Not Reported in F.Supp.2d, 2002 WL 406965 at 7 (N.D.Ill. 2002) (Plaintiffs are not required "to parrot the language of the UCC [or the LPLA]; the allegations in the complaint are sufficient to meet the

7

liberal pleading requirements of Federal Rule of Civil Procedure 8(a)"). Plaintiffs clearly have satisfied the liberal notice pleading standards that apply to the Master Complaint.

### III.　CONCLUSION

Because the Third and Fourth Supplemental and Amended Administrative Master Complaints state plausible claims for negligent failure to warn on the part of Fluor, the instant motion must be denied. Specifically, a duty exists on the part of Fluor because of its special relationship with Plaintiffs, its custody of the EHUs as no-bid contractor, and/or its "Good Samaritan"-type relationship with Plaintiffs. For the reasons set forth herein, Plaintiffs respectfully request that Fluor's motion to dismiss be denied.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:　*/s/Gerald E. Meunier*
　　　GERALD E. MEUNIER, #9471
　　　**PLAINTIFFS' CO-LIAISON COUNSEL**
　　　Gainsburgh, Benjamin, David, Meunier &
　　　Warshauer, L.L.C.
　　　2800 Energy Centre, 1100 Poydras Street
　　　New Orleans, Louisiana 70163
　　　Telephone:　504/522-2304
　　　Facsimile:　504/528-9973
　　　gmeunier@gainsben.com

　　　*/s/Justin I. Woods*
　　　JUSTIN I. WOODS, #24713
　　　**PLAINTIFFS' CO-LIAISON COUNSEL**
　　　Gainsburgh, Benjamin, David, Meunier &
　　　Warshauer, L.L.C.
　　　2800 Energy Centre, 1100 Poydras Street
　　　New Orleans, Louisiana 70163
　　　Telephone:　504/522-2304
　　　Facsimile:　504/528-9973
　　　jwoods@gainsben.com

>     **COURT-APPOINTED PLAINTIFFS'**
>     **STEERING COMMITTEE**
>
>     ROBERT M. BECNEL #14072
>     RAUL BENCOMO, #2932
>     ANTHONY BUZBEE, Texas #24001820
>     FRANK D'AMICO, JR., #17519
>     ROBERT C. HILLIARD, Texas #09677700
>     MATT MORELAND, #24567
>     DENNIS C. REICH Texas #16739600
>     MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

>     */s/Gerald E. Meunier*
>     GERALD E. MEUNIER, #9471

9