UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *ALL CASES* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO FLUOR ENTERPRISES, INC.'S MOTION TO DISMISS PLAINTIFFS' THIRD AND FOURTH SUPPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS BASED ON THE GOVERNMENT CONTRACTOR DEFENSE**

MAY IT PLEASE THE COURT:

Plaintiffs, through undersigned counsel hereby oppose Fluor Enterprises, Inc.'s ("Fluor's") Motion to Dismiss the Third and Fourth Supplemental and Amended Administrative Master Complaints Based on the Government Contractor Defense (Rec. Doc. 17754). Plaintiffs incorporate by reference, as if set forth fully herein, the entirety of its Opposition (Rec. Doc. 13823) to the Joint Motion of Bechtel National, Inc. ("Bechtel"), CH2M Hill Constructors, Inc. ("CH2M Hill"), and Shaw Environmental, Inc. ("Shaw") to Dismiss Based on the Government Contractor Defense (Rec. Doc. 13421) (hereinafter "Joint Motion").

**I.      INTRODUCTION**

This Honorable Court has now twice denied substantially the same arguments as those set forth by Fluor in the instant Motion to Dismiss. Rec. Docs. 3205 and 18426. Once again, Plaintiffs aver that the facts plead by Plaintiffs state a claim that is plausible, meeting the

1

requisite burden to withstand Fluor's motion to dismiss. Defendant relies on the common law government contractor defense as reason for dismissing Plaintiffs' claims. However, the government contractor defense proffered is inapplicable to Fluor in the same manner as it has been held inapplicable to Bechtel, CH2M Hill, and Shaw. The defense does not apply to the Defendant because specifications for the work at issue were not reasonably precise as required by the *Boyle* three-pronged standard for government contractor immunity. *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1998).

Fluor asserts the current motion is premised on Fed. Rule Civ. Pro. 12(c), while the Joint Motion was based on Fed. Rule Civ. Pro. 12(b)(6). It also asserts, however, that the standard of review for 12(c) and 12(b)(6) is the same. Fluor has asserted no distinction as to why its motion to dismiss should not be denied as well. For the reasons stated below, the same result of denial should follow, as the government contractor defense remains inapplicable.

## II.  ARGUMENT

### A.  STANDARD OF REVIEW

Defendant asks this court to dismiss Plaintiffs' Third and Fourth Supplemental and Amended Administrative Master Complaints pursuant to Federal Rule of Civil Procedure 12(c), based on the government contractor defense. The standard of review for a Rule 12(c) motion to dismiss is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See In re Katrina Canal Breaches Litigation*, 495 F.2d 191, 205 (5th Cir. 2007). To survive either motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1959 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Plaintiffs' complaints easily survive this standard of review. Plaintiffs' complaints plainly set forth causes of action against Fluor for negligence, specifically premised on Fluor's jacking of travel trailers that is alleged to have caused increased formaldehyde off-gassing and exposure of occupants, and under the Louisiana Products Liability Act ("LPLA"). The government contractor defense proffered by Fluor does not apply because specifications for the work at issue were not reasonably precise as required by the *Boyle* three-pronged standard for immunity. On application of the above stated standard of review, the motion to dismiss must be denied.

      B.  <u>THE GOVERNMENT CONTRACTOR DEFENSE DOES NOT APPLY BECAUSE SPECIFICATIONS FOR THE WORK AT ISSUE WERE NOT REASONABLY PRECISE.</u>

In order for a defendant contractor to successfully maintain the government contractor defense, "(1) the government must have approved 'reasonably precise' specifications; (2) the equipment must have conformed to those specifications; and (3) the supplier/contractor must have warned of those equipment dangers that were known to the supplier/contractor but not to the government." *Kerstetter v. Pacific Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000) (citing *Boyle*, 487 U.S. at 512). Defendants fail to meet the first element in the *Boyle* test, requiring the Government's approval of "reasonably precise specifications."

"Boyle only protects government contractors from liability when the 'discretion over the design *feature* in question was exercised by the government.'" (Rec Doc. 3205, p. 10). Because Plaintiffs assert that the jacking procedure by Fluor was a major cause of increased formaldehyde off-gassing and exposure, Fluor must show that the Government exercised control

3

over that critically important feature of Fluor's installation of trailers. *See Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 747 (9th Cir. 1997) (finding government contractor defense inapplicable to Bell, when government's considerable involvement in the development of a helicopter did not extend to the design of the drive shaft, which was left to Bell). Fluor cannot make this showing.

While the Government provided Defendants with detailed specifications concerning the "blocking" of the emergency housing units ("EHUs"), one critically important aspect of that procedure was left to the discretion of Defendants – the means and method for "jacking up" the EHUs (i.e., there were no specifications for lifting the EHUs from the ground up onto the concrete blocks). It is *that* specific process, of "jacking up" the EHUs that Plaintiffs assert caused or substantially contributed to the increased release of formaldehyde emissions. There are many different ways and techniques to go about lifting an EHU from the ground and onto concrete blocks, and many different tools, materials, machines, and mechanisms that can be utilized, some better than others. Because the government left *this* procedure entirely to the engineering discretion of Fluor, there were no specifications provided by the Government that could have been reasonably precise. Therefore, the government contractor defense is unavailable to the Defendant with regard to Plaintiffs' claims of improper, negligent installation.

Plaintiffs do not simply assert that because the contract is silent as to specifications for "jacking up" the EHUs, the specifications are not reasonably precise. Plaintiffs stress that the means for "jacking up" the EHUs, a critically important aspect of installing the units, was left entirely to the discretion of Fluor. Therefore, Fluor is responsible for its actions, and not subject to government contractor immunity.

Defendant suggests that because it could not deviate from specifications without the Government's deliberate review and approval, could not perform any additional, unauthorized work, and was not authorized to make expenditures or incur obligations, as provided in the "umbrella contract," all specifications in its contract were reasonably precise. Such oversimplification has no merit, as it would make all terms in the contract, no matter how ambiguous, unambiguous by default.

### III.  CONCLUSION

The government contractor defense does not apply to Fluor with regard to Plaintiffs' claims regarding improper installation. The defense requires that the Government's specifications for the work at issue be reasonably precise. The Government did not make specifications for "jacking up" the EHUs, which was a critically important aspect of their installation. Because it had complete discretion with regard to that process, Fluor is not protected by the government contractor defense under *Boyle*. Because the government contractor defense is inapplicable, the Third and Fourth Supplemental and Amended Administrative Master Complaints state plausible claims for relief against Fluor. This Honorable Court has previously denied a similar motion to dismiss on the issue of liability based on the fact that discretion was given to the contractors involved relating to "jacking up" EHUs. For the reasons set forth herein, and those stated in this Honorable Court's prior Orders (Rec. Docs. 3205 and 18426), Plaintiffs respectfully request that Fluor's motion to dismiss be denied.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   */s/Gerald E. Meunier*
       GERALD E. MEUNIER, #9471

5

**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
gmeunier@gainsben.com

*/s/Justin I. Woods*
JUSTIN I. WOODS, #24713
**PLAINTIFFS' CO-LIAISON COUNSEL**
Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone:     504/522-2304
Facsimile:     504/528-9973
jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**

ROBERT M. BECNEL #14072
RAUL BENCOMO, #2932
ANTHONY BUZBEE, Texas #24001820
FRANK D'AMICO, JR., #17519
ROBERT C. HILLIARD, Texas #09677700
MATT MORELAND, #24567
DENNIS C. REICH Texas #16739600
MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471