UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION N(5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| **THIS DOCUMENT RELATES TO:** | * | |
| **ALL CASES** | * | MAGISTRATE CHASEZ |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CONTRACTOR DEFENDANTS' REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITIONS TO JOINT MOTIONS TO DISMISS CLAIMS FOR FAILURE TO COMPLY WITH ORDER AND REASONS CONCERNING DEADLINES FOR MATCHING AND FILING

NOW INTO COURT, through undersigned liaison counsel, come the Contractor Defendants, who hereby adopt and join in the Manufacturing Defendants' Comprehensive Reply Memorandum to Plaintiffs' Oppositions to Joint Motion to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Matching and Filing (Rec. Doc. 19803, as amended by Rec. Doc. 19844) ("Manufacturing Defendants' Reply Memorandum"), with a few minor modifications as set forth herein.

The Court should grant Defendants' Joint Motions to Dismiss (Rec. Doc. 19080 and 18684) for all the reasons set forth therein and in the Manufacturing Defendants' Reply Memorandum. With few exceptions, Plaintiffs have failed to meet their burden and demonstrate that they have exercised due diligence to comply with the deadlines set forth in Pretrial Order Nos. 38, 53, and 68. Accordingly, the Contractor Defendants are entitled to a dismissal of all actions identified in Exhibits A, B, C, D, and E attached to the Manufacturing Defendants' Reply Memorandum.

Additionally, the Contractor Defendants submit that one action should be added to each of Exhibits B and E to the Manufacturing Defendants' Reply Memorandum. First, 09-cv-06712 *Stewart, et al v. Alliance Homes Inc., et al.*, was omitted from the Reply Memorandum, although it was included in both the Contractor and Manufacturing Defendants' Joint Motions to Dismiss (Rec. Doc. 19080 and 18684). This action should be added to Exhibit "B" to the Manufacturing Defendants' Reply Memorandum, and dismissed, because the action contains at least one unmatched plaintiff in violation of the deadlines set forth in Pretrial Order Nos. 38, 53, and 68. Ample opportunity has been afforded Plaintiffs to comply with the Court's Orders and instructions, and no further extensions should be granted.

Secondly, the complaint styled *Florane v. Stewart Park*, 2:10-cv-00756 was incorrectly included on Exhibit A ("Unopposed") to the Manufacturing Defendants' Reply Memorandum.[1] Although the motions to dismiss this complaint were opposed (*See* Rec. Doc. 19130), no plaintiff remains in this action to prosecute the claims asserted therein. Accordingly, this action should

---

[1] This action was not dismissed by this Court's Order and Reasons entered January 19, 2011 (Rec. Doc. 19856).

be included on Exhibit E the Manufacturing Defendants' Reply Memorandum and dismissed as a "shell" holding action.

Further, the Contractor Defendants submit that certain claims against them should be dismissed as unopposed, regardless of whether those actions are dismissed as to the Manufacturing Defendants. All claims asserted against the Contractor Defendants in the following actions—all of which are included in Exhibit C to the Manufacturing Defendants' Reply Memorandum—should be dismissed:

> *Luvene v. Coachmen Industries, Inc.* (09-08024)
> *Carr v. Fleetwood Enterprises, Inc.* (09-08025)
> *Johnson v. Patriot Manufacturing, Inc.* (09-08026)
> *Payton v. American Camper Manf., Inc.* (09-08027)
> *Halsell v. Cavalier Home Builders, Inc.* (09-08029)
> *Heidelberg, et al. v. Coachmen Ind., Inc.* (09-08032)
> *Robertson, et al. v. Thor Industries, Inc.* (09-08050)
> *Williams v. Vanguard, Inc.* (09-08051)
> *White, et al. v. Pilgrim International, Inc.* (09-08052)
> *Fagan, et al. v. Pilgrim International, Inc.* (09-08083)
> *Williams v. Destiny Industries, LLC* (09-08084)
> *Bolton, et al. v. River Birch Homes, Inc.* (09-08085)
> *Quinn, et al. v. Fleetwood* (09-08086)
> *Andrews, et al. v. Thor Industries, Inc.* (09-08105)
> *James, et al. v. Coachmen Ind., Inc.* (09-08106)
> *Stork, et al. v. Monaco Coach Corp.* (09-08162)
> *Lewis, et al. v. Dutchmen Manf., Inc.* (09-08163)
> *Hendry v. Recreation by Design, LLC* (09-08166)
> *Mason, et al. v. Coachmen Inds., Inc.* (09-08167)
> *Smith, et al. v. Sunray RV, LLC* (09-08168)
> *Thoams, et al. v. Pilgrim Int., Inc.* (09-08169)
> *Graham, et al. v. Gulf Stream Coach, Inc.* (09-08178)
> *Ball, et al. v. Dawson* (09-08181)
> *Acey, et al. v. DS Corp.* (09-08183)
> *Anderson, et al. v. Forest River, Inc.* (09-08184)
> *Plummer v. Patriot Manufacturing, Inc.* (09-08220)
> *Chico v. Cavalier Home Builders, LLC* (09-08221)
> *Hobbs, et al. v. Jayco, Inc.* (09-08222)
> *Deflanders, et al. v. Monaco Coach Corp.* (09-08270)
> *Griffith, et al. v. River Birch Homes, Inc.* (09-08271)

>*Davis, et al. v. Pilgrim International, Inc.* (09-08273)
>*Judson, et al. v. Southern Energy Homes* (09-08274)
>*Freeman, et al. v. Starcraft RV, Inc.* (09-08275)
>*Roth, et al. v. R-Vision, Inc.* (09-08276)
>*Gaines, et al. v. Homes of Merit, Inc.* (09-08278)

Although Plaintiffs' Opposition to the dismissal of these actions (Rec. Doc. 19139) suggests that it is an opposition to both the Manufacturing and Contractor Defendants' Joint Motions to Dismiss, the argument indicates that Plaintiffs oppose only dismissal of the claims against the manufacturers, not the contractors. Plaintiffs concede that, "[o]n July 29, 2010, in order to comply with PTO 68, an Amended Complaint was mailed to the Court for all of the above actions which removed any and all Defendant Contractors as possible Defendants and clarified that the action was only against the one specifically named Defendant Manufacturer." (Rec. Doc. 19139, p.2). Because there is no express language conveying the intent to remove the contractors in the Amended Complaints filed on July 29, 2010, and because an order of dismissal as to the contractors is appropriate in these actions, the Contractor Defendants request that their Motion to Dismiss be granted as to these cases regardless of the outcome of the Motion to Dismiss as to the Manufacturing Defendants. Accordingly, the Contractor Defendants request that the Court enter a formal order dismissing them from all of the above-referenced actions with prejudice and at Plaintiffs' costs.

Finally, the Contractor Defendants would be remiss in neglecting to mention that many "unmatched" actions remain pending against a single Manufacturing Defendant, but multiple Contractor Defendants. Although such actions were not included in the pending motions to dismiss, there will undoubtedly be another round of motions to dismiss these unmatched claims against the Contractor Defendants.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**


  /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000
dkurtz@bakerdonelson.com

**LIAISON COUNSEL FOR CONTRACTOR DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of January, 2011, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel and counsel of record who are CM/ECF participants.

  /s/ M. David Kurtz
     M. DAVID KURTZ

5