UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | | JUDGE: ENGELHARDT |
| This Document Relates to: | | MAG: CHASEZ |

## ORDER CONCERNING SUMMARY JURY TRIAL INVOLVING DUTCHMEN MANUFACTURING, INC.

Plaintiffs, through liaison counsel and Defendant Dutchmen Manufacturing, Inc. ("Dutchmen") have agreed to participate in a summary jury trial.[1] The Court has previously entered two pretrial orders which suggest a framework for summary jury trials in this MDL. Pre-Trial Order No. 63 (Rec. Doc. No. 13871) relates to pre-trial and discovery procedures and Pre-Trial Order No. 64 (Rec. Doc. No. 13872) relates to the procedures for the summary jury trial itself.

The parties here have agreed to modify certain provisions of PTO 63 and 64, as they relate to the summary jury trial which will be conducted in this matter. These modifications are set out below.

---

[1] This summary jury trial will be conducted pursuant to the Court's pretrial order (PTO No. 73) which set a bellwether trial involving one of the three following

{B0700365.1} 1

PTO NO. 63

I.   Overview and Nature of Procedure

To date, this MDL involves approximately 5000 individual lawsuits. Given this large number of cases, and the desire of certain parties to explore the potential for global resolution through the use of summary jury trials, the Court believes that it is appropriate to use a summary jury trial procedure that may provide a mechanism to assess individual claims, without the parties incurring the costs and expenses associated with a full jury trial.

As a form of alternative dispute resolution, the summary jury trial and the procedure set out in this order are voluntary. The Court encourages *all* parties to use summary jury trials, although no party is required to do so. Unless the parties agree otherwise, the result of the summary jury trial is non-binding and shall be an advisory result intended to assist the parties in a potential resolution of the outstanding claims.

If an individual plaintiff's claims are not resolved through the summary jury trial and settlement, the Court reserves to the participating parties the right to a full jury trial after the conclusion of this MDL. Nothing in this order shall prohibit or limit a post-MDL trial or in any way infringe on the parties' rights to such a trial. A party who opts out of a summary jury trial proceeding specifically does not forfeit its right to conduct future discovery, and nothing in this Order regarding

---

defendants: Thor California, Inc., Dutchmen Manufacturing, Inc., and DS Corp, d/b/a CrossRoads RV. *See* Rec. Doc. No. 15059.

summary jury trials should in any way be read to limit or affect the discovery rights of non-parties to these proceedings. Further, in the event that the Summary Jury Trial Proceeding fails to resolve the plaintiff(s)' claims against all defendants, all parties, whether or not participating parties in the SJT or not, shall be permitted to conduct full discovery in any trial on the merits.

## II. Consent of Parties and Selection of Parties.

Any party wishing to use a summary jury trial must sign a written consent form. A copy of the consent form is attached to this order as an attachment. By signing the consent form, a party is agreeing only to participate in a single summary jury trial. Signing the consent form does not waive the party's right to participate in future bellwether trials.

### A. Plaintiff Profile

The parties have agreed that this summary jury trial will not involve a specific plaintiff, and, thus, will not require selection of a plaintiff. Instead, the parties have agreed that the following plaintiff "profile" shall be used for purposes of this trial:

> The plaintiffs for purposes of this summary jury trial are a husband and wife that are both 37 years old and their minor child (under the age of 15), who all lived in a travel trailer located in New Orleans in the wake of Hurricane Katrina. This travel trailer was manufactured by Dutchmen.
>
> Plaintiffs are lifelong residents of New Orleans and evacuated after hurricane Katrina. They returned to New Orleans in January of 2006 and lived in their trailer for

approximately 18 months while their home was being repaired.

Plaintiffs state that, while they resided in the Dutchmen travel trailer, they experienced headaches, minor eye, throat, and skin irritation, along with some minor breathing problems. Their minor child also complained of nausea while living in the trailer. These symptoms stopped when plaintiffs moved out of their trailer and plaintiffs report that they have not had any of these symptoms since moving out.

The plaintiffs state that they did not associate any of these symptoms with living in the trailer, and, therefore, they state that is the reason they never reported their symptoms to any doctor.

The plaintiffs also state that they used over-the-counter medications to deal with their reported symptoms.
The plaintiffs are non-smokers. Both adult plaintiffs worked 8 hours a day and their minor child attended school and after school day care. The plaintiffs spent an average of 14 hours per day in the trailer.

### B. Dutchmen Travel Trailer

The parties have agreed that, for purposes of this trial, the Dutchmen travel trailer at issue will be described as follows:

The plaintiffs' travel trailer was approximately 8'x30' in size and Dutchmen manufactured the trailer in late 2005. It has not been inspected or tested by the parties to this litigation and is no longer available for such inspection or testing.

The plaintiffs' travel trailer was a standard unit constructed to industry standards applicable to the RV industry. It was built for sale through Dutchmen's dealer network. The travel trailer was not manufactured to FEMA specifications, nor was it sold pursuant to any contract between Dutchmen and FEMA. FEMA purchased the travel trailer from a dealer. Dutchmen did not add formaldehyde to the trailer as part of its

manufacturing process. Instead, the travel trailer was manufactured using certain pressed wood products, such as lauan, particle board and plywood that Dutchmen purchased from third parties. Formaldehyde is contained in glue that is used during the process of fabricating these wood products. The travel trailer is similar in all respects to the travel trailers sold nationwide through Dutchmen's dealer network.

### C. Issues

The parties have agreed that the summary jury trial will relate only to the following issues:

(a) The plaintiffs' risk of contracting cancer from alleged exposure to formaldehyde;

(b) The use of statistical evidence and/or models to prove formaldehyde levels in the plaintiffs' trailer, where that trailer was not previously tested for formaldehyde levels; and

(c) The damages, if any, available to the plaintiffs based on the medical problems/symptoms described in the plaintiffs' profile above.

## III. Confidentiality

The confidentiality order, previously entered by the Court (Rec. Doc. No. 714), concerning the confidentiality of documents produced in connection with this MDL litigation will also be applicable to documents produced in connection with any summary jury trial proceeding under this pre-trial order.

## IV. Modification by Agreement

The parties have agreed to certain modifications of PTO No.'s 63 and 64, and those modifications are reflected in this order.

V.   Scheduling Order

The Court will enter a scheduling order governing this trial.

VI.  Limits on Discovery

   A.   Retained Experts

Each party to the summary jury trial shall be entitled to designate no more than three experts. These experts will prepare reports specific to the summary jury trial case, which shall be produced to opposing parties according to the deadlines for designation of experts established by the schedule set forth above.

All prior rulings of the Court with regard to any experts designated by the parties (including motions *in limine* and *Daubert* motions) shall be deemed applicable and shall be enforced at the trial of this matter. In addition, any such rulings particular to this summary jury trial shall also be applicable and shall be enforced at the trial of this matter.

   B.   Treating Physicians

No discovery of treating physicians will be permitted, as there will be no specifically identified or named plaintiffs in this summary jury trial.

   C.   Fact Witnesses

No discovery of fact witnesses will be permitted. No 30(b)(6) deposition of the defendant will be permitted.

D.  Time Limits

Nothing in this order will impair either party's ability to conduct full discovery under the Federal Rules in any future trial and no depositions taken in this trial shall count against the time limits applicable to depositions in any such future trial.

The expert depositions in this case shall be shall be limited as follows:

(a) For experts who have been deposed previously in this MDL litigation, the depositions shall be limited to three hours each; one hour shall be allocated to the designating party and two hours shall be allocated to the opposing party;

(b) For experts who have not previously been deposed in this MDL litigation, the depositions shall be limited to four hours each; one hour shall be allocated to the designating party and three hours shall be allocated to the opposing parties.

To the extent either party does not use all of their allotted time for an expert deposition, the other party is <u>not</u> entitled to use the remaining time.

E.  Written Discovery

No party shall be required to respond to initial disclosures as required by Federal Rule of Civil Procedure 26(a). In addition, the parties shall not be permitted to engage in any written discovery in this case.

All other rules, limits and procedures concerning written discovery, to the extent not inconsistent with this order, including objections, answers, responses and time deadlines, shall be governed by the Federal Rules of Civil Procedure.

**F.     Electronic Discovery**

No party in the summary jury trial shall be required to engage in any electronic discovery, regardless of the scope and breadth of requests for production, subpoena, *subpoena duces tecum*, or similar discovery request seeking the production of documents that may be propounded on that party.

**G.     Inspection of Emergency Housing Unit**

The parties have agreed that no inspection of emergency housing units will be required or permitted in this case.

**H.     Modification Without Agreement**

Any of the rules, procedures and limitations regarding discovery set forth in this order can be changed, amended, or modified by the agreement of all parties involved in the summary jury trial case. Absent such an agreement, all pre-trial procedures, rules and limitations set forth in this pre-trial order shall govern the summary jury trial process unless a party obtains leave of court to modify a particular rule, procedure or limitation set forth in this pre-trial order based upon good cause shown. This order only affects the rights of those who have agreed to participate in this form of alternative dispute resolution and does not otherwise alter the Court's other Pretrial Orders regarding discovery in this MDL.

## PTO 64

**Overview and Nature of Procedure**

To date, this MDL involves approximately 5000 individual lawsuits. Given this large number of cases, and the desire of certain parties to explore the potential for global resolution through the use of summary jury trials, the Court believes that it is appropriate to use a summary jury trial procedure that may provide a mechanism to assess individual claims, without the parties incurring the costs and expenses associated with a full jury trial.

As a form of alternative dispute resolution, the summary jury trial and the procedure set out in this order are voluntary. The Court encourages *all* parties to use summary jury trials, although no party is required to do so. Unless the parties agree otherwise, the result of the summary jury trial is non-binding and shall be an advisory result intended to assist the parties in a potential resolution of the outstanding claims. If an individual plaintiff's claims are not resolved through the summary jury trial and settlement, the Court reserves to the participating parties the right to a full jury trial after the conclusion of this MDL. Nothing in this order shall prohibit or limit a post-MDL trial or in any way infringe on the parties' rights to such a trial.

**Consent of the Parties**

If the parties which to participate in a summary jury trial, Plaintiff Liaison counsel, any participating plaintiff counsel and the Defendant must sign a written consent form. A copy of the consent form is attached to this order as Attachment 1.

**Presiding Judge**

The Honorable Daniel E. Knowles, III shall preside at the summary jury trial of this matter.

**Estimated Length of Summary Jury Trial**

This summary jury trial, including jury selection, opening statements, the presentation of evidence, jury instruction and jury deliberation shall be completed in two days or less.

**Use of Jury and Jury Selection**

Other than the limitations provided below, the summary jury trials will be governed by the ordinary jury selection and deliberation process.  The Court will advise the jury venire about the nature and purpose of the summary jury trial, but will not inform the venire about the non-binding/advisory nature of the jury's verdict.

The following procedures will be employed with the selection process for each summary jury trial:

(a) For each summary jury trial, a jury venire of 18 persons shall be selected, from which a jury of 6 individuals shall be seated.

(b) The Court will use a jury "Profile Form" similar to that used in other bellwether cases in this MDL. Generally, this form shall solicit information from each prospective juror regarding the juror's name, occupation, marital status, spouse's name and occupation, names and ages of the juror's children, any knowledge of the jurors or the parties and counsel to the litigation, and any attitudes or pre-formed opinions of the jurors regarding the parties or potential claims in the trial. The parties to the Summary Jury Trial will jointly propose a Profile Form to be sent to prospective jurors. If the parties cannot agree on the proposed form, they shall submit proposed questions and objections and the Court will select the questions for the form. The Court will provide copies of the completed forms to the parties.

(c) The plaintiff and defendant shall each be allowed three peremptory challenges to prospective jurors.

(d) Challenges for cause shall be conducted in the same manner as is used in the bellwether trials.

(e) The parties will provide the Court with a list of proposed questions to be used in *voir dire*. The parties are cautioned to provide only those questions that are critical to the selection of the jury, as the Court will conduct a limited *voir dire*.

(f) After the parties exercise their challenges, the first seven jurors seated shall constitute the jury panel.

**Presentation of Testimony and Evidence**

Each party shall be limited to four hours, inclusive of cross-examination, within which to present its evidence and testimony. The foregoing time is exclusive of any opening statements and closing arguments.

Opening statements and closing arguments shall conform to the rules of evidence and general principles applicable to both. For example, open statements shall not be argumentative.

Only expert testimony will be permitted. Testimony of fact witnesses will not be permitted at this summary jury trial, subject to the following exception:

(a) The plaintiff may use testimony consisting of video deposition excerpts taken from Mr. Christopher T. DeRosa's deposition already given in the MDL.

(b) The defendant may use testimony consisting of video deposition excerpts taken from Commander Joseph D. Little's deposition already given in the MDL.

(c) The deposition excerpts for Mr. DeRosa and Commander Little are limited to 30 minutes total for each, with the following breakdown of designations by the parties: DeRosa—20 minutes for plaintiff and 10 minutes for defendant; Little—20 minutes for defendant and 10 minutes for plaintiff.

In presenting the expert testimony, the parties may use any combination of live testimony and video deposition excerpts. Lawyer summarizations of evidence/testimony will not be permitted. In addition, the parties may use factual stipulations, provided they are agreed upon by the parties.

**Selection of Single Issues/Claims**

The parties have selected certain issues and claims that will be tried in this summary jury trial. Those issues are set forth above in this Order.

**Jury Charge and Deliberations**

The parties will meet and confer on an abbreviated Jury Instructions and Verdict Form. Any disputes about the wording of the instructions or the form will be submitted to the Court for resolution.

**Confidentiality**

Each summary jury trial (including all aspects of the trial and its results) shall be kept confidential and shall not be disclosed to the public, the press, or other plaintiffs/prospective plaintiffs, subject to the following exception:

Plaintiffs' liaison counsel *may* disclose information about the summary jury trial to other plaintiff subscribing counsel; defendant's counsel *may* disclose information about the summary jury trial and its results to Defense Liaison Counsel, other defense counsel in the MDL, and to their respective clients; Department of Justice counsel may disclose information about the summary jury trial and its results to Government employees with responsibilities relating to the this MDL. Persons to whom information about this summary jury trial is revealed

shall be instructed by the revealing party or its counsel that the information shall remain confidential, unless otherwise agreed by the participating parties.

Each summary jury trial shall be closed to the public, and only the parties participating in that SJT, including their representatives and insurers, may be present in the courtroom.

In addition, the Court shall instruct all jurors and jury venire members that the summary jury trial is confidential and all information about it (including all aspects of the trial and its results) must not be disclosed to any person.

Counsel representing non-participating parties may, upon agreement of all the participating parties, receive information about the Summary Jury Trial, including copies of the jury verdict and transcripts of the proceeding. However, prior to obtaining any such information, these non-participating parties will be required to sign a confidentiality agreement (the form of which is attached document as Attachment 2, and any unauthorized disclosures of information may subject the offending party to appropriate sanctions by the Court. Any and all requests for trial transcripts must be first submitted to lead counsel conducting the Summary Jury Trial.

**Post-SJT Verdict Discussions and Mediation**

Following the jury verdict, the Court will invite jurors to remain for the purpose of answering questions from counsel. The Court will "moderate" this session to assure that the discussion remains directed at obtaining instructive juror feedback.

New Orleans, Louisiana, this 20th day of January, 2011.

_____
United States District Judge

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | | JUDGE: ENGELHARDT |
| This Document Relates to: | | MAG: CHASEZ |
| {INSERT} | | |
| _____ | | |

SUMMARY JURY TRIAL CONSENT FORM
(Attachment 1)

Undersigned counsel, on behalf of [Insert Party Name], hereby consents to participate in a Summary Jury Trial in the matter referenced above. [Insert Party Name] further agrees to be bound by the Court's Order Concerning Summary Jury Trial Involving Dutchmen Manufacturing, Inc. entered in this proceeding. It is understood that: (a) participation in this Summary Jury Trial is voluntary; (b) that any verdict rendered in this Summary Jury Trial is not binding on the parties; and (c) that if the parties to this Summary Jury Trial do not resolve the claims between them as a result of the Summary Jury Trial, the parties are entitled to participate in a full trial on the merits on the matter referenced above.

It is further understood that this consent to participate shall apply only to the first such Summary Jury Trial which occurs pursuant to this consent, and not to any other Summary Jury Trials which may occur in the future.

[Insert Party Name] through this form, consents to Judge Kurt Engelhardt presiding at the summary jury trial.

Finally, this consent to participate in no way waives [Insert Party Name]'s rights to have a full and binding jury trial on the merits in this and every other civil action filed against it (to the extent that such a right exists under applicable law) and does not commit [Insert Party Name] to participate in any future summary jury trials, participation in which shall at all times remain voluntary.

_____
Print Name

_____
Signature

_____
Date

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | | JUDGE: ENGELHARDT |
| This Document Relates to: | | MAG: CHASEZ |
| {INSERT} | | |
| _____ | | |

CONFIDENTIALITY AGREEMENT
(Attachment 2)

Undersigned counsel, on behalf of [Insert Name of Party] hereby agrees to maintain confidentiality of the Summary Jury Trial in the above-referenced matter in accordance with Order Concerning Summary Jury Trial Involving Dutchmen Manufacturing, Inc., entered in this matter.

_____
Print Name

_____
Signature

_____
Date

{B0700365.1}                                18