UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


IN RE: FEMA TRAILER                             MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                    SECTION N

                                                MAGISTRATE 5


THIS DOCUMENT RELATES TO:

*No specific individual suit*

_____

BELLWETHER TRIAL SCHEDULING ORDER

(MARCH 28, 2011 BELLWETHER TRIAL INVOLVING DUTCHMEN MANUFACTURING, INC.)

Pursuant to Pretrial Order No. 73 (Rec. Doc. No. 15059) and based on the agreement of the parties to conduct a summary jury trial involving defendant Dutchmen Manufacturing, Inc.,[1] the following dates are applicable to this matter:

Discovery of experts (with the exception of statistical modeling experts), shall be completed, no later than **March 3, 2011.**

The parties shall exchange preliminary witness and exhibit lists, no later than **January 28, 2011.**

---

[1] The parties participating in this summary jury trial will be Dutchmen Manufacturing, Inc. and plaintiffs, through Plaintiffs Liaison Counsel. The summary jury trial will not involve the United States Government, through FEMA, or a contractor defendant. The parties have submitted to the Court for approval a separate order governing the conduct of this summary jury trial.

The parties shall file motions *in limine* and *Daubert* motions, with the exception of such motions related to statistical modeling experts, no later than **February 11, 2011.**

The parties shall submit to the Court final witness and exhibit lists, no later than **March 15, 2011.**

The parties shall exchange their respective (a) deposition excerpts to be used at trial; and (b) proposed stipulations, no later than **March 3, 2011.**

Plaintiffs shall identify their statistical modeling experts and produce expert reports, as defined by Federal Rules of Civil Procedure 26(a) (2), (B), concerning statistical modeling, no later than **February 11, 2011.**

The parties shall exchange their respective (a) counter-deposition excerpts; and (b) responses to stipulations offered by the opposing party, no later than **March 10, 2011.**

The parties shall submit to the Court any unresolved deposition designations in a global submission, no later than **March 11, 2011**.

Defendants shall identify their statistical modeling expert(s) and produce expert reports, as defined by Federal Rules of Civil Procedure 26(a) (2) (B), no later than **February 28, 2011.**

Discovery of experts related to statistical modeling shall be completed no later than **March 11, 2011.**

The parties shall file motions *in limine* and *Daubert* motions addressing statistical modeling experts no later than **March 15, 2011.**

The parties shall submit to the Court any joint stipulations of fact, no later than **March 15, 2011.**

The Court will enter a separate Pretrial Order relating to the conduct of this summary jury trial.

The Court will not permit any witness to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

A Final Pre-Trial Conference will be held **on March 17, 2011**, **at 9:00 a.m.** Counsel will be prepared in accordance with the attached final Pre-Trial Notice.

The trial of this matter will be conducted on **March 28-29, 2011**.  The jury for the trial will be selected on **Monday, March 28, 2011, at 8:30 a.m.** and the trial will begin thereafter.   Attorneys are instructed to report for trial no later than 30 minutes prior than this time.  The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling.  Trial will be completed in two days.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause.  Trial will not be continued, even on joint motion, absent good cause or compelling reason.  If, however, a continuance is granted, deadlines and cut-off dates will not be extended automatically, unless otherwise ordered by the Court.

It shall be assumed that all attorneys listed as counsel of records are, at all times, informed and conversant about the case, and have authority to discuss this matter with the Court.

**No cell phones, pagers, beepers, or other audible communication devices are allowed in Section "N" courtroom and chambers.  Any audible electronic communication devices brought in the Section "N" courtroom or chambers are subject to permanent confiscation, and/or sanction of the violator of this policy.**  You may turn such devices in to Susan Adams, judicial assistant to Section "N", upon arriving, and pick them up when you have completed business in Section "N".

All communication with Court staff is equivalent to communication directly with the undersigned, and shall be courteous and professional.  Any conduct toward Court staff in deviation of this standard shall be promptly reported to the undersigned.

<u>COUNSEL ARE INSTRUCTED TO INCLUDE THEIR FAX NUMBERS AND EMAIL ADDRESSES ON ANY DOCUMENTS THAT ARE FILED WITH THIS COURT.</u>

New Orleans, Louisiana, this 21st day of January, 2011.

_____
UNITED DISTRICT COURT JUDGE