UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Patricia Mack v. Recreation By Design, et al,* | * | |
| EDLA No. 09-6163 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FIRST SUPPLEMENTAL AND AMENDED COMPLAINT FOR DAMAGES

Plaintiff, through undersigned counsel, respectfully supplements and amends her Original Complaint in the following respects:

1.

By amending paragraph 3. to read:

a. Defendant American International Specialty Lines Insurance Company (hereinafter, "AISLIC"), is, upon information and belief, a foreign entity, with its principle place of business in a foreign state. Further, defendant AISLIC provided insurance coverage for the risks involved herein of Monaco Enterprises, Inc., (hereinafter, "Monaco"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

b. The Insurance Company of the State of Pennsylvania, (hereafter, "Insurance Co. of Pennsylvania"), is, upon information and belief, a corporation organized under the laws of the State of Pennsylvania, with its principle place of business in New York.  Further, Plaintiff avers that defendant Insurance Co. of Pennsylvania had in full force and effect a policy of liability insurance affording coverage to Monaco Coach with respect to the

matters, risks and things for which Monaco is liable herein, thereby affording Plaintiff the right to proceed against this defendant insurer under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655.

c.  Lexington Insurance Company, (hereafter, "Lexington"), is, upon information and belief, a corporation organized under the laws of the State of Delaware, with its principle place of business in Massachusetts. Further, Plaintiff avers that defendant Lexington had in full force and effect a policy of liability insurance affording coverage to Monaco with respect to the matters, risks and things for which Monaco is liable herein, thereby affording Plaintiff the right to proceed against this defendant insurer under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655.

2.

By amending paragraph 11. to read:

a.  Insurance Co. of Pennsylvania is subject to the *in personam* jurisdiction of this Court because it and its insured client, Monaco, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

b.  Lexington is subject to the *in personam* jurisdiction of this Court because it and its insured client, Monaco, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation

c.  AISLIC is subject to the *in personam* jurisdiction of this Court because it and its insured client, Monaco, does sufficient business in the State of Louisiana and within this federal

district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

3.

By substituting Monaco Coach for Gulf Stream Coach throughout the remainder of the Original Complaint.

4.

Leave of this Court has been requested to amend Plaintiffs' Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

Respectfully submitted:

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY:   s/ Justin I. Woods
　　　GERALD E. MEUNIER, #9471
　　　JUSTIN I. WOODS, #24713
　　　Gainsburgh, Benjamin, David,
　　　Meunier & Warshauer, L.L.C.
　　　2800 Energy Centre
　　　 1100 Poydras Street
　　　New Orleans, Louisiana  70163
　　　Telephone:    504/522-2304
　　　Facsimile:     504/528-9973
　　　jwoods@gainsben.com

PLEASE SERVE:
American International Specialty Lines Insurance Company
through the Secretary of State
State of Louisiana
8585 Archives Ave
Baton Rouge, LA 70809

The Insurance Company of the State of Pennsylvania
through the Secretary of State

State of Louisiana
8585 Archives Ave
Baton Rouge, LA 70809

Lexington Insurance Company
through the Secretary of State
State of Louisiana
8585 Archives Ave
Baton Rouge, LA 70809