UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *ALL CASES* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO THE MANUFACTURING DEFENDANTS'
MOTION TO FORCE PRODUCTION OF COMPREHENSIVE SPREADSHEET**

MAY IT PLEASE THE COURT:

Plaintiffs hereby oppose the Manufacturing Defendants' Motion to Force Production of Comprehensive Spreadsheet (Rec. Doc. 19709), as it is premature in light of this Court's Order that a status conference will be held after completion of Plaintiffs' production of the Pretrial Order No. 68 inventory of cases against each defendant.[1] Plaintiffs also oppose Defendants' Motion because it unduly places the burden of managing and organizing data that has been previously produced, or is otherwise available to Defendants.

I. INTRODUCTION

Given the recent Pretrial Order No. 83 deadline for Plaintiffs to produce data files listing the number of plaintiffs in suits against each defendant manufacturer, each defendant contractor, and the United States, and the associated forthcoming status conference contemplated by the Court, Plaintiffs submit that the instant Motion by Defendants is premature. Further, Plaintiffs are opposed to doing such a duplicative, time-consuming task, as the one being proposed by

---

[1] *See* Pretrial Order No. 83 (Rec. Doc. 18698) (amending the date only in Section III. of Pretrial Order 68).

1

Defendants. Plaintiffs suggest that such a process will unnecessarily shift the burden of organizing information squarely on the Plaintiffs, when a large part of the information, which Defendants would have this Court force Plaintiffs to produce, has already been produced, or is known by Defendants. Plaintiffs should not be required to bear the burden of organization of already discovered materials for the benefit of Defendants and their counsel.

Alternatively, if the Court feels that additional information is necessary for the efficient administration and ultimate conclusion of this litigation, Plaintiffs are willing to comply. Finally, Plaintiffs have no objection to the creation of a Data Management Subcommittee.

## II. ARGUMENT

### A. STANDARD OF REVIEW

For good cause, a Court may order discovery of any relevant material that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is expressly limited by the Federal Rules of Civil Procedure, wherein Courts are instructed to limit the scope of discovery "if [the Court] determines that: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

### B. PLAINTIFFS' OPPOSE SUCH A PRODUCTION BECAUSE IT UNFAIRLY AND UNDULY PLACES THE BURDEN ON PLAINTIFFS TO ORGANIZE DATA ALREADY PRODUCED, OR READILY AVAILABLE BY MORE CONVENIENT MEANS, TO DEFENDANTS FOR THE BENEFIT OF DEFENDANTS.

The Manufacturing Defendants propose placing a heavy burden on Plaintiffs to fulfill this time-consuming and expensive process of creating a sortable spreadsheet of data, largely duplicative of the data files Plaintiffs produced pursuant to Pretrial Order Nos. 68 and 83 (Rec. Docs. 14200 and 18698). Moreover, most of the additional data that the Manufacturing

Defendants would have this Court force Plaintiffs to produce is readily available to Defendants on PACER, or in past Plaintiff Fact Sheet ("PFS") productions. Because Defendants' request an unreasonably duplicative production of data that has already been produced and/or is conveniently located on PACER, this Court shall decline to force Plaintiffs to produce and organize for Defendants' benefit such a comprehensive spreadsheet. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

Plaintiffs absolutely understand the management difficulty associated with this MDL; however, the burden of organizing information that has already been provided to Defendants should not fall on the Plaintiffs. Plaintiffs are not responsible for Defendants' inability to manage data they have already received, or for data that is available on PACER. Furthermore, Defendants, specifically the Contractor Defendants, are the ones that hold most, if not all, matching information, only producing to Plaintiffs redacted IA/TAC files by state with no name or address information; how can Defendants argue that Plaintiffs are responsible for producing PFSs both by manufacturer and contractor, when Defendants can easily take a manufacturer-matched PFS and locate the matched Contractor Defendant?[2]

Plaintiffs agree that such a Comprehensive Spreadsheet would be "beneficial to all parties by providing a complete list of all plaintiffs currently engaged in this litigation."[3] However, the data that Plaintiffs have provided under Pretrial Order No. 83 does exactly that; thus, an additional spreadsheet would be largely duplicative of the one Plaintiffs have already provided. Furthermore, this information is available on PACER. The list contemplated by Pretrial Order Nos. 68 and 83 also satisfies Defendants' second supporting reason that "[t]he list will promote efficiency by allowing the parties to bypass any remaining holding actions or omnibus

---

[2] Manufacturing Defendants seem to make this argument on behalf of the Contractor Defendants. *See* Defendants' Memorandum in Support (Rec. Doc. 19709-1) at 2 n.2.
[3] *Id.* at 3.

complaints, and to focus on the plaintiffs who are actually remaining in the case."[4] Respectfully, the remaining Plaintiffs in this case are already known[5], and if the data already known or produced requires better organization, the burden of organizing such an enormous volume of data should rest not just on Plaintiffs, but on both Defendants and Plaintiffs.

Defendants' argument that the spreadsheet is necessary because not all Plaintiffs participated in the last chance process is less than persuasive, because the data files Plaintiffs produced pursuant to Pretrial Order No. 83 list the number of Plaintiffs with cases pending against each Defendant. Plaintiffs agree with Defendants that information regarding the total number of existing Plaintiffs and potential future claimants is essential to settlement talks; however the PSC cannot force individual Plaintiffs' counsel to disclose clients for whom a complaint has not been filed. Furthermore, the Comprehensive Spreadsheet that Defendants suggest does not in any way solve the issue of managing potential future, unfiled for, claimants.

Plaintiffs specifically object to the production of full Social Security Numbers (SSNs), as it would unnecessarily create a personal information security issue. Plaintiffs also object to the following suggested fields, as they would require Plaintiffs to organize, at their own expense, information that is available through PACER and service information that Defendants have in their respective possession:

- The Style of any prior case the plaintiff was named in, including separate fields for each Style if the plaintiff was named in multiple prior suits
- The Civil Action Number of any prior case the plaintiff was named in, including separate fields for each Civil Action Number if the plaintiff was named in multiple prior suits

---

[4] *Id.*
[5] The remaining Plaintiffs will be known within twenty days of this Court's Order of January 24, 2011 (Rec. Doc. 19899).

4

- The Court Designation of any prior case the plaintiff was named in, including separate fields for each Court Designation if the plaintiff was named in multiple prior suits[6]

Plaintiffs further object to the following requested fields, as they would require Plaintiffs to organize, at their own expense, data that has already been provided to Defendants in the form of the PFS productions:

- A statement that the plaintiff has, or has not, sought medical treatment for a formaldehyde-related \ medical issue
- A statement indicating whether the plaintiff has produced a Plaintiff Fact Sheet (PFS)
- If the plaintiff has previously submitted a PFS, the date of production by counsel to liaison counsel
- If the plaintiff has previously submitted a PFS, the title, date, and any other identifying information written on the disk that contained the fact sheet[7]

Finally, Plaintiffs specifically object to the production of individual plaintiff firm's tracking numbers, or the creation of plaintiff firm-specific identification numbers for each plaintiff.[8] This suggested field would require Plaintiffs to organize, at their own expense, information that is not relevant to the proceedings and would not benefit the Defendants or the Court. Furthermore, Plaintiffs should not bear the burden of creating "unique tracking numbers."

Forcing the Plaintiffs to produce such information, in Defendants' desired format, would undermine the Court-ordered PFS process and contravene the Federal Rules of Civil Procedure, which weigh against forcing a party to do another party's organizational and legal work.

### III. CONCLUSION

Plaintiffs agree with the Court and with Defendants that an inventory of cases per Defendant is both necessary and essential in order for the parties to progress towards ultimate resolution of this litigation. Pretrial Order No. 68, as amended by Pretrial Order No. 83, satisfies

---

[6] Defendants' Memorandum in Support at 2.
[7] *Id.*
[8] *Id.*

this goal, and, accordingly, Plaintiffs have produced such an inventory. The instant Motion by Defendants is premature given the Court's intention to hold a status conference post-receipt of the data files contemplated by Pretrial Order No. 68, as amended by Pretrial Order No. 83. Additionally, the requested forced production by Defendants would require unnecessarily duplicative production on the part of Plaintiffs. Furthermore, a majority of the additional information that Defendants request has already been made available, or is available on PACER. Plaintiffs should not be forced to bear the burden of organizing data already in the possession of Defendants to their liking. Accordingly, the Defendants' Motion to Force Production must be denied.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:    */s/Gerald E. Meunier*
       GERALD E. MEUNIER, #9471
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       gmeunier@gainsben.com

       */s/Justin I. Woods*
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier &
       Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:    504/528-9973
       jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**

ROBERT M. BECNEL #14072
RAUL BENCOMO, #2932
ANTHONY BUZBEE, Texas #24001820
FRANK D'AMICO, JR., #17519
ROBERT C. HILLIARD, Texas #09677700
MATT MORELAND, #24567
DENNIS C. REICH Texas #16739600
MIKAL C. WATTS, Texas #20981820

### CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

　　　　　　　　　　　　　　　　　　*/s/Gerald E. Meunier*
　　　　　　　　　　　　　　　　　　GERALD E. MEUNIER, #9471