**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE | § | |
| PRODUCT LIABILITY LITIGATION | § | SECTION N(4) |
| | § | JUDGE ENGELHARDT |
| | § | MAG. JUDGE CHASEZ |
| | § | |

**THIS DOCUMENT IS RELATES TO:**
*James Carey, et al vs. Coachmen Recreational*
*Vehicle Company, LLC; Coachmen Industries, Inc.*
*Case No. 09-5747*

## AGREED ORDER REGARDING SUMMARY JURY TRIAL

The parties, Plaintiff, Anthony Dixon, and Defendant, Coachmen Recreational Vehicle Company, LLC, have agreed to participate in a summary jury trial on June 20, 2011.  The Court has previously signed and entered Pre-Trial Orders No. 63 ("PTO 63") (R. Doc. 13871), which sets out the parameters and guidelines for summary jury trials and pre-trial/discovery procedures, and Pre-Trial Order No. 64 ("PTO 64") (R. Doc. 13872), which sets out summary jury trial procedures.  Pursuant to the provisions of PTO 63 and PTO 64, the parties have confirmed and hereby modify PTO 63 and PTO 64, which apply to this particular Plaintiff only, as set forth herein and which the Court now adopts.

### I.

### CLARIFICATION

Unless specifically modified by this Order, the rules and provisions set forth in PTO 63 and PTO 64 shall govern this summary jury trial.

## II.

## NO BINDING OR PRECEDENTIAL EFFECT

The parties agree that no agreement, ruling, stipulation, discovery agreement, or any other agreement relating to this summary jury trial, whether it be reflected in this Order or by subsequent agreement of the parties, will be binding on or will have any precedential effect on, Defendant, Plaintiff, the PSC, any of the Plaintiffs in this MDL, or any of the other Defendants in this MDL, or any trial in this MDL, or the trial of any claim or lawsuit that has been part of this MDL.  The parties further agree that nothing in this Order, in PTO 63 or in PTO 64 will impair any party's ability to conduct full discovery under the Federal Rules in any future trial, including any future trial concerning this particular Plaintiff.

## III.

## SINGLE PLAINTIFF

The parties agree that Plaintiff, Anthony Dixon, shall be the only Plaintiff involved in this summary jury trial procedure.  The parties agree that no alternate Plaintiffs shall be assigned to this summary jury trial because having to conduct discovery in connection with more than one Plaintiff is contrary to the intent of the summary jury trial process which is to conserve time, money and resources.  As such, no alternate Plaintiffs shall be assigned in connection with this summary jury trial.  If plaintiff chooses not to proceed with the summary jury trial after entry of this order, his suit shall be dismissed with prejudice.  In such an event, the Court will continue the trial date for no less than 180 days to sufficiently allow for the selection of a new plaintiff and for adequate discovery, medical exams, and trial preparation regarding the newly selected plaintiff.  Coachmen's consent and agreement to the selection of Anthony Dixon to serve as the

2

Plaintiff for this summary jury trial is based upon representations by Plaintiffs' counsel that they are not aware of any amended or supplemental Plaintiff Fact Sheets for Anthony Dixon.

## IV.

## PRIOR RULINGS OF THE COURT

With regard to fact witnesses not specific to this summary jury trial (fact witnesses whose depositions have previously been taken in connection with this MDL) and general experts (experts not specifically retained for this summary jury trial but whose reports and/or testimony from prior trials in this MDL may be used during this summary jury trial), the parties agree to abide by all prior rulings of the MDL Court concerning limitations or exclusions of opinions, sections of reports, or topics covered in such reports.  The parties, however, are not bound by prior rulings regarding objections to deposition testimony and may raise those arguments in connection with the summary trial of this matter.

## V.

## LIMITS ON DISCOVERY

Coachmen shall participate in discovery in accordance with the limits set forth in PTO 63, PTO 64 , and this order.  However, any and all other discovery against Coachmen is stayed until: (1) 12 months after the conclusion of the summary jury trial; (2) the entire MDL is remanded; or (3) Coachmen is once again selected to participate in a bellwether trial, whichever is earlier.

## VI.

## PRESIDING JUDGE

The "presiding Judge" section of PTO 64 is modified in that the parties agree that Judge Engelhardt will serve as the presiding Judge at the summary trial of this matter and determine

any pre-summary jury trial disputes and motion practice among the parties including any disputes concerning motions in limine, the admissibility of evidence, objections related to testimony or evidence, objections related to attorney summaries of evidence, and any other pre-summary jury trial disputes.  The parties understand that this is only an agreement between and a request by the parties and that Judge Englehardt will make the final determination regarding the extent of his involvement in the summary jury trial proceedings.

## VII.

## <u>LIMITS ON LIVE TESTIMONY</u>

Each party is limited to calling no more than 2 witnesses to testify live at the time of the summary jury trial.

With regard to fact witnesses, no party shall be allowed to call any fact witness to testify live at the time of the summary jury trial unless that party has given notice to the opposing party of its intent to call the fact witness to testify live at the time of the summary jury trial and the opposing party is given the opportunity to depose the witness prior to the end of the discovery period.  Such depositions do not count against the limit on fact witness depositions set forth in section VI – C of PTO 63.

With regard to experts specifically retained in connection with the summary jury trial, no party shall be allowed to call any such expert to testify live at the time of the summary jury trial if that party conducted a direct examination of the expert during his/her deposition.

With regard to general experts who are not specifically retained in connection with the summary jury trial, no party shall be allowed to call any such general expert to testify live at the time of the summary jury trial.

## VIII.

## STIPULATIONS

The parties shall stipulate to as many facts as possible to promote judicial economy and efficiency in the summary jury trial.  Such stipulations shall not be binding on any party in any other proceeding, including any full trial on the merits regarding the claims of Plaintiff, Anthony Dixon.  All stipulations shall be finalized between the parties and submitted to the Court by June 13, 2011.  Should the date of trial be changed, all such objections shall be finalized between the parties and submitted to the Court no later than 7 calendar days prior to trial.

## IX.

## ATTORNEY SUMMARIES/TESTIMONY AT TRIAL BY DEPOSITION

In addition to the requirements and limitation set forth in this order, PTO 63 and PTO 64, in order to present witness testimony by attorney summary, all parties to the summary jury trial must agree to present the testimony of a particular witness by means of an attorney summary.  If no agreement can be reached, testimony of the witness must be presented by deposition or live testimony, subject to all other limitations set forth in this order, PTO 63 and PTO 64.

If the parties agree to present testimony of a witness by means of an attorney summary, each party must provide to the opposing party page/line citations showing the portions of the deposition or trial testimony that support each portion of their summary for the witness.

Any dispute regarding attorney summaries and/or evidence presented by deposition testimony (including out-takes or cuts) must be brought to the Court's attention for ruling before June 6, 2011.  Should the date of trial be changed, all such objections shall be brought to the Court's attention no later than 14 calendar days prior to trial.

## X.

## TIME LIMITS FOR DEPOSITIONS

With regard to all time limits for depositions, whether set forth in this order, PTO 63, or PTO 64, if a party does not use all of the time allocated to it during a deposition, that unused time does not revert to or inure to the benefit of any other party and such unused time cannot be used by any other party, unless there is a specific agreement to the contrary between the parties.

## XI.

## DEFINITIONS

The parties shall agree to a list of definitions to be read to the jury after it is empanelled, but prior to opening statements.  The list shall include terms the jury will hear during the trial and is intended to help the jury understand the terms and issues involved in the case.

## XII.

## SUBPOENAS DUCES TECUM

With regard to discovery between the parties, their family members, agents, officers, or employees, the opposing party may not use subpoenas duces tecum to circumvent the limit on the number of or increase the number of requests for production provided for in section VI (E) of PTO 63.  Subpoenas duces tecum may be issued to experts and other non-party fact witnesses. Nothing herein shall be construed as an impediment to issuing subpoenas duces tecum to any healthcare provider.

## XIII.

## MOTION PRACTICE

One goal of a summary jury trial is to minimize the extensive pre-trial motion practice associated with bellwether trials.  In this regard, the parties agree to minimize the filing of

*Daubert* challenges, motions for partial summary judgment and similar motions.  Although it may be necessary to file a few pre-trial motions of this type, the parties will attempt to address these the majority of the these issues by way of motions in limine and/or objections to deposition excerpts.  If the parties file *Daubert* challenges, motions for partial summary judgment or similar motions, the ruling on such motions will not be binding in the event that the claims of this plaintiff later proceed to a full trial.  Likewise, the failure to file any such *Daubert* challenge, motion for partial summary judgment or similar motion will not be a waiver of that party's right to file such a motion in the event that the claims of this plaintiff later proceed to a full trial.

Signed this the ___1st___ day of ____February___, 2011.

_____
HONORABLE KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE


APPROVED AND ENTRY REQUESTED


/s/Robert C. Hilliard_____
ROBERT C. HILLIARD
HILLIARD MUNOZ GONZALES LLP
719 South Shoreline, Suite 500
Corpus Christi, TX  78401
(361) 882-1612
**On Behalf Of Plaintiffs' Steering Committee**


/s/John Stewart Tharp_____
JOHN STEWART THARP (#24230)
TAYLOR PORTER BROOKS & PHILLIPS LLP
451 Florida Street, Suite 800
Post Office Box 2471
Baton Rouge, LA  70821
stewart.tharp@taylorporter.com
**On Behalf of Coachmen Recreational**
**Vehicle Company, LLC.**