UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                           MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                  SECTION "N-5"

                                              JUDGE ENGELHARDT
                                              MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

# Memorandum in Support of Special Master's Recommendations on Methodology and Allocations

## I. The Special Master's investigation.

On June 11, 2010, the Court appointed the undersigned as Special Master and assigned him the task of developing and implementing a protocol for the disbursement of the proceeds of the settlement between the PSC and Fleetwood Enterprises, Inc. (as well as its insurers). On September 14, 2010, the Court entered an order adopting the Special Master's recommendations concerning the procedure for claimants to participate in the settlement. Since then, the Special Master has coordinated with the PSC, the CADA, and the Court-Appointed Data Management Consultant to procure and evaluate the claims submitted in accordance with the Court-established procedure.

## II. The Special Master's conclusions.

The Special Master has conducted an extensive investigation to determine the most just allocation of the fund. The Special Master notes the following:

- Fleetwood declared bankruptcy before the date of settlement. Due to this fact, the funds available for settlement were limited by the amount of insurance coverage, and may not truly

reflect the matter's settlement value if Fleetwood's ability to respond was not an issue. In making this observation, the Special Master makes no conclusion as to the abstract per-claim settlement value of claims against Fleetwood or any other defendant in the FEMA litigation.

- The Special Master has received thousands of claims against the Fleetwood settlement fund. Many claimants have alleged medical injury due to formaldehyde exposure in the Fleetwood units. However, because the funds available for disbursement are so limited, the Special Master cannot economically justify the time and expense of reviewing and evaluating these medical claims on an individual basis. Such an evaluation process would run the risk of eroding the settlement fund to pay administrative fees instead of paying claimants. It would also unnecessarily delay the ultimate disbursement of the fund.

- The claimants have provided Plaintiff Fact Sheets in accordance with the Court's September 14, 2010 order. Most of these Plaintiff Fact Sheets included information concerning the claimants' periods of residency within the Fleetwood units. Given the nature of the claimants' complaints (acute irritation, fear of cancer, etc.), the Special Master has concluded that the claimants should participate in the settlement fund in rough proportion to their duration residency.

## III. The Special Master's recommended methodology.

The Special Master recommends that the Court adopt the following methodology:

- As an initial matter, the settlement fund (taking into account a reserve as well as amounts that have already been expended) should be allocated by points, with each point approximately equal to a dollar. At the end of the objection process, the points will be valued according to the available funds, and the Court will assign actual dollar amounts to each claimant in a final judgment.

- The initial point allocation will be as follows:

    At least one day but less than six months – 35 points
    At least six months but less than one year – 70 points
    At least one year but less than one-and-a-half years – 105 points
    At least one-and-a-half years but less than two years – 140 points
    At least two years but less than two-and-a-half years – 175 points
    At least two-and-a-half years but less than three years – 210 points
    At least three years – 245 points

- Some of the Plaintiff Fact Sheets did not include enough information to calculate the claimant's duration of residency. In these cases, the Special Master recommends that the Court allocate each claimant 25 points.

- Elisha Dubuclet was the bellwether plaintiff against Fleetwood. After reviewing Ms. Dubuclet's role in the matter (and the benefit the other claimants have derived from her role), the Special Master recommends that the Court award Ms. Dubuclet a $10,000 enhancement. Unlike the point awards described above, this enhancement will not be adjusted or re-valued at the end of the objection process.

## IV. The Special Master's recommended deadlines and procedures.

The Special Master has applied the above criteria to the known claimants, and his preliminary recommendations are reflected in Exhibit 1 (filed under seal and available for review upon reasonable advance notice by the claimants and their attorneys at the office of the Special Master). Elisha Dubuclet's $10,000 enhancement referenced above is in addition to the amounts referenced in Exhibit 1.

Subject to modification by the Court, the following deadlines will apply:

- **On or before 10 days from the signing of the Judge's Order Adopting the Special Master's Rulings and Recommendations on Methodology and Allocations** – The Special Master will cause to be mailed preliminary allocation letters to the PSC (via U.S. Mail) and (to the extent the addresses are available) to the claimants listed in Exhibit 1 (via U.S. Mail). If claimant addresses are not available, or if claimant addresses are incorrect, mailing to the PSC (via U.S. Mail) will be sufficient for notice purposes. These letters will advise the claimants of their preliminary allocations (or the fact that their claims have been denied) as well as the objection procedure described below. The form of the letters (front and back) is reflected in Exhibit 2.

- **On or before 30 days from the signing of the Judge's Order Adopting the Special Master's Rulings and Recommendations on Methodology and Allocations** – Claimants who object to their allocations must mail (by U.S. Mail) such objection to the Special Master (Office of the Special Master/Formaldehyde-Fleetwood Litigation, P.O. Drawer 83260 Baton Rouge LA 70884-3260). All objections must be postmarked no later than 30 days from the signing of the Judge's Order referenced above (a date which will be reflected in the letters mailed to the Claimants). The objections must state the claimants' reasons for objecting and must attach any supporting evidence. Failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection and/or appeal that the claimant might have. Objections not timely mailed will not be considered absent good cause shown.

- After receiving the objections, the Special Master will caused to be mailed to the objectors (or, where appropriate, their counsel) notice of a hearing at which the Special Master will consider their objections. The Special Master will thereafter conduct hearings on all objections and make rulings (giving notice to objectors in open court) that same day. Those wishing to object will be informed in writing of the day, time, and place. Objectors must appear in person and bring all competent evidence to support their claims. Failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection and/or appeal that the claimant might have.

- **Within 20 days of the Special Master's ruling in open court** – Claimants who object to the Special Master's rulings must file in the record an appeal to the District Court and simultaneously mail the appeal to the Special Master (Office of the Special Master/Formaldehyde-Fleetwood Litigation, P.O. Drawer 83260 Baton Rouge LA 70884-3260). All appeals shall utilize the above caption and shall be entitled "Appeal of Special Master Ruling on Objection." Failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection and/or appeal that the claimant might have. Appeals not timely filed will not be considered absent good cause shown.

- **On a date and time to be assigned** – The District Court will consider all appeals from the Special Master's rulings and recommendations. The Court may decide the appeals based upon the record developed by the Special Master and without additional hearings. If the Court chooses to hold hearings, those wishing to appeal will be informed in writing of the day, time, and place and must appear in person and bring all competent evidence to support their claims. The Court on appeal may award more or less than the Special Master's recommendations. A claimant's failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection and/or appeal that the claimant might have.

Once the objections are resolved, the Special Master will work with the Court, the CADA, the attorneys, and the claimants to disburse the funds as expeditiously as possible. The Special Master will also work with the attorneys and the claimants (to the extent called upon to do so) to procure any release documents called for in the Settlement Agreement. In the event that money remains in the settlement fund after the money is disbursed to the claimants and all administrative fees and expenses are paid, the Court will have the power to issue a cy près award.

Baton Rouge, Louisiana, this 11th day of February, 2011.

                                          <u>s/Daniel J. Balhoff</u>
                                          Daniel J. Balhoff (#18776)
                                          Randi S. Ellis (#25251)