IN THE UNITD STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER<br>        FORMALDEHYDE<br>        PRODUCTS LIBILITY LITIGATION | MDL NO. 1873<br><br>JUDGE ENGLEHARDT<br>MAGISTRATE CHASEZ |

**This Document Relates to:**
*Cooper, Crystal, et al v. Bechtel National, Inc., et al;* 10-04121;
*Goff, Alice, et al v. CH2M Hill Constructors, et al*; 10-04122;
*Rodwell, Lovella, et al v. Bechtel National, Inc., et al*; 10-04123;
*Rogers, Bessie, et al v. Bechtel National, Inc., et al*; 10-04124.

**MEMORANDUM IN SUPPORT OF MOTION FOR
NEW TRIAL AND OR RECONSIDERATION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

NOW INTO COURT, through undersigned counsel, come Crystal Cooper, Alice Goff, Lovella Rodwell, Bessie Rogers and the claimants adjoined thereto, who in support of their Motion for Reconsideration of the Court's Order of Dismissal signed January 19, 2011 and entered on February 2, 2011 state the following:

**I.     BACKGROUND**

*Crystal Cooper, et al v. Bechtel National, Inc., et al*, Case No.: 10-04121 was filed on September 13, 2010; *Alice Goff, et al v. CH2M Hill Constructors, Inc, et al*, Case No.: 10-04122 was filed on September 13, 2010; *Lovella Rodwell, et al v. Bechtel National, Inc., et al*, Case No.: 10-04123 was filed on September 13, 2010; *Bessie Rogers, et al v. Bechtel National, Inc., et al*, Case No.: 10-04124;  The manufacturer and installers were specifically named in these complaints.  On December 15, 2010, Defendants filed a Motion to Dismiss asserting as support, the May 26, 2010 Pre-Trial Order 68 (Rec. Doc. 14,200) which ordered that all matching

requests by Plaintiffs should be received by FEMA June 15, 2010.  FEMA would be under no obligation to honor any requests received after that date.  This Order further required that all Plaintiffs receive a response to comply with all other pre-trial orders-namely, Orders numbered 38 and 53 concerning the individual matching of manufacturing contractor defendants to the correct plaintiff parties-by August 2, 2010.

Pre-Trial Order 68 further declared November 1, 2010 as the date by which both Manufacturing/Contractor defendants could seek dismissal of all actions which fail to comply with Pre-Trial Orders 38, 56 and 68.  In their Motion to Dismiss the defendants attached an Exhibit A which included the docket numbers of the moving plaintiffs' cases alleging that they had failed to comply with these pre-trial orders.

On January 19, 2011, the Court signed the Order dismissing the claimant's complaints.

**II.    LAW**

The Fifth Circuit has held that a Motion for Reconsideration of such a judgment, provided, challenge a judgment on its merits, is to be treated as either "Motion to Alter or Amend under Rule 59(e) or Motion for "Relief from Judgment" under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 174 (5th Cir. 1990).  If a Motion for Reconsideration is served "within 10 days of the rendition of judgment, it must be considered under Rule 59(e)." Id.  If it is served after 10 days time, it must be considered under the stricter standards of Rule 60(b).  Id.  Because this Motion for Reconsideration is filed within the 10 day deadline provided by Rule 59, it is respectfully submitted that Rule 59(e) applies.

Although the burden for obtaining Rule 59(e) relief is not as stringent as under Rule 60(b), the Plaintiff must still demonstrate valid reasons to justify Court's reconsideration of a prior ruling.  Altering, amending, or reconsidering a judgment is an extraordinary measure,

which Courts should use sparingly. *Southern Contractors Group, Inc. v. Dynalectric Company,* 2 F.3d 606, 611 (5th Cir 1993).

The Court should refrain from altering or amending a judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present:

1. The Judgment is based on manifest error of law or facts;

2. The existence of newly discovered or previously unavailable evidence;

3. Manifest injustice will result; or

4. An intervening change in controlling law has occurred. See *11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2810.1 at 125-27* (1995).

### III. ARGUMENT

The record of this case is clear that the moving plaintiffs and claimants adjoined thereto had filed complaints which complied with Pre-Trial Orders 38, 56 and 68 prior to the Defendant's Motion to Dismiss. The representation by the moving defendants that these claimants had not filed matching complaints was in error. Dismissal is a harsh remedy and should only be exercised when the moving party is clearly entitled to such relief. In this instance, such Order dated January 19, 2011, is based on an error of fact and would also result in a manifest injustice to movers.

For the reasons aforesaid, the moving claimants are entitled to a reconsideration of the Court's Order of Dismissal signed January 19, 2011 and entered on February 2, 2011.

        Respectfully submitted,

        s/Jack W. Harang
        JACK W. HARANG (LA# 15083)
        Law Offices of Jack W. Harang
        228 St. Charles Avenue, Suite 501

        New Orleans, Louisiana  70130
        Telephone:    504.581.7050
        Facsimile:     866.441.6281
        jack@jharang.com

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on February 14, 2011 served a true and correct copy of the foregoing, **Memorandum in Support of Motion for New Trial and or Reconsideration** to counsel of record via CM/ECF to all counsel of record.

        s/Jack W. Harang
        JACK W. HARANG