# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCT LIABILITY LITIGATION | * | |
| | * | SECTION "N" |
| | * | |
| This document is related to: 09-3764 | * | JUDGE ENGELHARDT |
| (Barnes, Harvey) | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIRMATIVE DEFENSES AND ANSWER TO "COMPLAINT FOR DAMAGES"

Defendant, DAVIS PROFESSIONAL ACCOUNTING SERVICES LLC, ("Davis") submits the following Affirmative Defenses and Answer to Plaintiff's Complaint for Damages, pursuant to the Court's Order Granting Plaintiff's Motion to Extend Time to Serve Defendant (Rec. Doc. 17290) filed in Case No. 09-3764.  The Introductory Paragraph to the Amended Complaint contains conclusions of law and/or fact that do not require a response.   In an abundance of caution, Davis denies the allegations.

## AFFIRMATIVE DEFENSES

Davis asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint does not state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Granting the relief sought by Plaintiffs would result in unjust enrichment.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack a right of action, capacity, and/or standing to bring some or all of the claims asserted in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because they have failed to join indispensible parties, as required by Federal Rule of Civil Procedure 19 and/or Louisiana Code of Civil Procedure art. 641.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Government Contractor Defense.

## SIXTH AFFIRMATIVE DEFENSE

Davis adopts and incorporates by reference the affirmative defenses asserted by other defendants to this action to the extent that any such affirmative defense applies to Davis, and gives notice that it intends to rely upon any other defense that may become available during these proceedings, and Davis hereby reserves its right to amend its answer to assert any such defense.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, unclean hands, ratification, or estoppel.

## EIGHT AFFIRMATIVE DEFENSE

Davis affirmatively alleges that to the extent Plaintiffs have settled or should settle hereafter for any of the alleged injuries and damages with any persons, whether parties or non-parties, Davis is entitled to a credit and/or offset in the amount of the settlement(s) and/or payment(s), which are not subject to the collateral source doctrine, and/or for the amount of the settling and/or paying parties' allocated percentage of fault.

## NINTH AFFIRMATIVE DEFENSE

Davis affirmatively objects to any claims asserted against it under the laws of the States of Texas, Alabama, or Mississippi.  Davis is not and was not at any point in time relevant to

these proceedings licensed to do business in those states, and did not contract with FEMA to perform any services in those states.

## TENTH AFFIRMATIVE DEFENSE

The Complaint does not present a justiciable case or controversy between Davis and Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims have prescribed and/or are barred by peremption.

## TWELFTH AFFIRMATIVE DEFENSE

Neither Davis not its agents had any general or specific duties to the recipients under the facts alleged in the Amended Complaint.  Further, assuming *arguendo* that either and/or both Davis and its agents had general and/or specific duties to Plaintiffs under the facts alleged, no such duties were breached.

## THIRTEENTH AFFIRMATIVE DEFENSE

Davis avers that the Plaintiffs have not been damages as a result of any alleged wrongdoing on the part of Davis or any of its agents or representatives.  If Plaintiffs suffered any damage, as alleged, such damage was caused in whole or in part by the action or inaction of persons or entities (whether parties or non-parties) for whom Davis is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Davis avers that if any of the Plaintiffs' damages are a result of a failure by recipients to take reasonable steps to mitigate the loss, those damages are not recoverable from Davis.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

The allegations contained in the Complaint are vague and ambiguous and call for a more definite statement of the causes of action and damages sought therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any compensable damages as a result of Davis' alleged conduct.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have improperly joined and cumulated parties, claims, alleged causes of action and defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

Davis affirmatively pleads all conditions precedent, conditions subsequent, indemnities and limitations set forth in its contracts and/or subcontracts relevant to these proceedings as a defense to the Plaintiffs' claims.

## TWENTIETH AFFIRMATIVE DEFENSE

Davis hereby invokes and adopts all affirmative and constitutional defenses available to it or the laws of other jurisdictions that may be subsequently determined to apply to this action, and Davis hereby reserves its right to amend its answer to assert any such defense.

## ANSWER

Subject to and without waiving the above-listed affirmative defenses, Davis responds to the numbered allegations of the Amended Complaint.  All allegations not expressly and explicitly admitted are denied.

## I.   <u>PARTIES</u>

### 1.

The allegations contained in Paragraph 1 of the Complaint for Damages are conclusions of fact and/or law and do not require a response from this Defendant, to the extent one is required, Davis denies the allegations for lack of information sufficient to justify a belief therein.

### 2.

The allegations contained in Paragraph 2 of the Complaint for Damages relate to other parties and do not require a response from this Defendant, to the extent one is required, Davis denies the allegations for lack of information sufficient to justify a belief therein.

### 3.

The allegations contained in Paragraph 3 of the Complaint for Damages relate to other parties and do not require a response from this Defendant, to the extent one is required, Davis denies the allegations for lack of information sufficient to justify a belief therein.

### 4.

The allegations contained in Paragraph 4 of the Complaint for Damages relate to other parties and do not require a response from this Defendant, to the extent one is required, Davis denies the allegations for lack of information sufficient to justify a belief therein.

### 5.

Davis admits that it is a limited liability company licensed to do business in the State of Louisiana and further admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by hurricanes

Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.
Davis denies any other allegations included in Paragraph 5 of this Complaint.

## II.    JURISDICTION AND VENUE

### 6.

The allegations included in Paragraph 6 of the Complaint are conclusions of law that do
not require a response.

### 7.

The allegations included in Paragraph 7 of the Complaint are conclusions of law that do
not require a response.

### 8.

The allegations included in Paragraph 8 of the Complaint relate to other parties and are
conclusions of law and/or fact that do not required a response from this Defendant, to the extent
one is required, Davis denies the allegations for lack of information sufficient to justify a belief
therein.

### 9.

The allegations included in Paragraph 9 of the Complaint relate to other parties and are
conclusions of law and/or fact that do not required a response from this Defendant, to the extent
one is required, Davis denies the allegations for lack of information sufficient to justify a belief
therein.

### 10.

The allegations included in Paragraph 10 of the Complaint are conclusions of law and/or
fact that do not required a response.  Davis admits, however, that it is a limited liability company
licensed to do business in the State of Louisiana and further admits that it received a contract

from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana. The contract is the best evidence of its terms.

**11.**

The allegations included in Paragraph 11 of the Complaint are conclusions of law and/or fact that do not require a response.

### III.   FACTS AND GENERAL ALLEGATIONS

**12.**

Davis denies the allegations included in Paragraph 12 of the Complaint for lack of information sufficient to justify a belief therein, but admits that FEMA provided temporary housing units to persons displaced by Hurricanes Katrina and/or Rita.

**13.**

Davis denies the allegations include in Paragraph 13 of the Complaint for lack of information sufficient to justify a belief therein. Davis avers, however, that any regulations, reports, and/or findings issued by the U.S. Department of Housing and Urban Development ("HUD") or the Center for Disease Control and Prevention ("CDC") speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**14.**

Davis denies the allegations included in Paragraph 14 of the Complaint for lack of information sufficient to justify a belief therein.

**15.**

Davis denies the allegations included in Paragraph 15 of the Complaint for lack of information sufficient to justify a belief therein.

**16.**

Davis denies the allegations included in Paragraph 16 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**17.**

Davis denies the allegation included in Paragraph 17 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**18.**

Davis denies the allegation included in Paragraph 18 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**19.**

Davis denies the allegation included in Paragraph 19 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**20**.

Davis denies the allegation included in Paragraph 20 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**21.**

Davis denies the allegation included in Paragraph 21 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**22.**

Davis denies the allegation included in Paragraph 22 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.  Davis avers, however, that the text of 24 C.F.R. §3280.309 speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to this statute.

**23.**

Davis denies the allegation included in Paragraph 23 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the National Cancer Institute, the U.S. Environmental Protection Agency ("EPA"), and the Agency for Toxic Substances and Disease Registry ("ATSDR") speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**24**.

Davis denies the allegation included in Paragraph 24 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the Occupational Safety and Health Administration ("OSHA") speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**25.**

Davis denies the allegation included in Paragraph 25 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that the text of 24 C.F.R. §3208.308, and any regulations, reports, and/or findings issued by HUD speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**26.**

Davis denies the allegation included in Paragraph 26 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that the text of 44 C.F.R. §206.110(e), and any regulations, reports, and/or findings issued by the EPA, ATSDR, and Union of Concerned Scientists speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**27.**

Davis denies the allegations included in Paragraph 27 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**28.**

Davis denies the allegations included in Paragraph 28 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that the text of 42 U.S.C. §4121, et. seq. ("the Stafford Act") and Public Law 93-288, Title IV, §408 speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these statutes.

**29.**

Davis denies the allegations included in Paragraph 29 of the Complaint as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**30.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 30.

**31.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 31.

**32.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 32.

**33.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  Davis further admits that it entered into sub-contracts in relation to said undertakings.  The contract with FEMA and the aforementioned sub-contracts are the best evidence of their respective terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of its contract with FEMA and/or its sub-contracts.  Davis denies the remaining allegations of Paragraph 33.

**34.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 34.

**35.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 35.

**36.**

Davis denies the allegations included in Paragraph 36.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**37.**

Davis denies the allegations included in Paragraph 37.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**38.**

Davis denies the allegations included in Paragraph 38.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**39.**

Davis denies the allegations included in Paragraph 39.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**40.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 40.

**41.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 41.

**42.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 42.

**43.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 43.

**44.**

Davis admits that it received a contract from FEMA to perform certain functions relating to temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract is the best evidence of its terms.  Davis

explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of this contract.  Davis denies the remaining allegations of Paragraph 44.

**45.**

Davis denies the allegations included in Paragraph 45 of the Complaint.

**46.**

Davis denies the allegations included in Paragraph 46 of the Complaint.

**47.**

Davis denies the allegations included in Paragraph 47 of the Complaint.

**48**.

Davis denies the allegations included in Paragraph 48 of the Complaint.

**49.**

Davis denies the allegations included in Paragraph 49 of the Complaint.

**50.**

Davis denies the allegations included in Paragraph 50 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by OSHA speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**51.**

Davis denies the allegations included in Paragraph 51 of the Complaint for lack of information sufficient to justify a belief therein.

**52.**

Davis denies the allegations included in Paragraph 52 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations,

reports, and/or findings issued by OSHA speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**53.**

Davis denies the allegations included in Paragraph 53 of the Complaint for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by DHS or its officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**54.**

Davis denies the allegations of Paragraph 54 for lack of information sufficient to justify a belief therein.

**55.**

Davis denies the allegations of Paragraph 55 for lack of information sufficient to justify a belief therein.

**56.**

Davis denies the allegations of Paragraph 56 for lack of information sufficient to justify a belief therein.

**57.**

Davis denies the allegations of Paragraph 57 for lack of information sufficient to justify a belief therein.

**58.**

Davis denies the allegations of Paragraph 58 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any alleged e-mails authored by FEMA, its officers

and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**59.**

Davis denies the allegations of Paragraph 59 for lack of information sufficient to justify a belief therein.

**60.**

Davis denies the allegations of Paragraph 60 for lack of information sufficient to justify a belief therein.

**61.**

Davis denies the allegations of Paragraph 61 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by ATSDR speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**62.**

Davis denies the allegations of Paragraph 62 for lack of information sufficient to justify a belief therein.

**63.**

Davis denies the allegations of Paragraph 63 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the U.S. House of Representatives or any committees or members thereof speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**64.**

Davis denies the allegations of Paragraph 64 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by the U.S. House of Representatives or any committees or members thereof speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**65.**

Davis denies the allegations of Paragraph 65, for lack of information sufficient to justify a belief therein.  Davis avers, however, that the alleged testimony of Ms. DeVany speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to this testimony.

**66.**

Davis denies the allegations of Paragraph 66, for lack of information sufficient to justify a belief therein.  Davis avers, however, that the alleged testimony of Ms. DeVany speaks for itself, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to this testimony.

**67.**

Davis denies the allegations of Paragraph 67 for lack of information sufficient to justify a belief therein.  Davis avers, however, that any regulations, reports, and/or findings issued by ATSDR, its officers or officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**68.**

Davis denies the allegations of Paragraph 68 for lack of information sufficient to justify a belief therein. Davis avers, however, that any regulations, reports, and/or findings issued by ATSDR speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**69.**

Davis denies the allegations of Paragraph 69 as they pertain to claims asserted against Davis. Davis denies the allegation as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**70.**

Davis denies the allegations of Paragraph 70 for lack of information sufficient to justify a belief therein. Davis avers, however that any regulations, reports, and/or findings issued by the National Center for Environmental Health/ATSDR, CDC, the Department of Health and Human Services ("DHHS"), and their respective officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**71.**

Davis denies the allegations of Paragraph 71 for lack of information sufficient to justify a belief therein. Davis avers, however that any regulations, reports, and/or findings issued by the National Center for Environmental Health/ATSDR, CDC, the DHHS, and their respective officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**72.**

Davis denies the allegations of Paragraph 72 for lack of information sufficient to justify a belief therein.  Davis avers, however that any regulations, reports, and/or findings issued by the National Center for Environmental Health/ATSDR, CDC, the Department of Health and Human Services ("DHHS"), and their respective officers and officials speak for themselves, and Davis denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to these documents.

**73.**

Davis denies the allegations of Paragraph 73 for lack of information sufficient to justify a belief therein.

**74.**

Davis denies the allegations of Paragraph 74 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**75.**

Davis denies the allegations of Paragraph 75 for lack of information sufficient to justify a belief therein.

**COUNT 1:**

**<u>CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT</u>**

**76.**

Davis incorporates the above responses as if fully repeated verbatim herein.

**77.**

Paragraph 77 asserts conclusions of law which do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 77 for lack of information sufficient to justify a belief therein.

**78.**

Paragraph 78 asserts conclusions of law which do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 78 for lack of information sufficient to justify a belief therein.

**79.**

Paragraph 79 asserts conclusions of law which do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 79 for lack of information sufficient to justify a belief therein.

**80.**

Davis denies the allegations of Paragraph 80 as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**81.**

Paragraph 81 asserts conclusions of law which do not require a response. In an abundance of caution, Davis denies the allegations of Paragraph 81 for lack of information sufficient to justify a belief therein.

**82**.

Davis denies the allegations of Paragraph 82 and its subparts as they pertain to claims asserted against Davis.  Davis denies the allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

## COUNT 2:

## CAUSE OF ACTION AGAINST DUTCHMEM AND/OR THOR UNDER THE

## LOUISIANA PRODUCTS LIABILITY ACT

**83.**

Davis incorporates the above responses as if fully repeated verbatim herein.

**84.**

Davis denies the allegations of Paragraph 84 for lack of information sufficient to justify a belief therein.

**85.**

Davis denies the allegations of Paragraph 84 for lack of information sufficient to justify a belief therein.

**86.**

Davis denies the allegations of Paragraph 86 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**87.**

Davis denies the allegations of Paragraph 87 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**88.**

Davis denies the allegations of Paragraph 88 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**89**.

Davis denies the allegations of Paragraph 89 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**90.**

Davis denies the allegations of Paragraph 90 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**91.**

Davis denies the allegations of Paragraph 91 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**92.**

Davis denies the allegations of Paragraph 92. as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**93.**

Davis denies the allegations of Paragraph 93 as they pertain to claims asserted against Davis. Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**94.**

Davis denies the allegations of Paragraph 94 as they pertain to claims asserted against Davis. Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**95**.

Davis denies the allegations of Paragraph 95 as they pertain to claims asserted against Davis. Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**96.**

Davis denies the allegations of Paragraph 96 as they pertain to claims asserted against Davis. Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**97.**

Davis denies the allegations of Paragraph 97 as they pertain to claims asserted against Davis. Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**98.**

Davis denies the allegations of Paragraph 98 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**99**.

Davis denies the allegations of Paragraph 99 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**100.**

Davis denies the allegations of Paragraph 100 as they pertain to claims asserted against Davis.  Davis denies allegations as they pertain to claims asserted against other parties for lack of information sufficient to justify a belief therein.

**COUNT 3:**

## CAUSE OF ACTION AGASINT DAVIS PRO UNDER THE LOUISIANA PRODUCTS LIABILITY ACT

**101.**

Davis incorporates its above affirmative defenses and responses as if fully set forth herein.

102.

Davis denies the allegations of Paragraph 102.

103.

Davis denies the allegations of Paragraph 103.

**104.**

Davis denies the allegations of Paragraph 104.

105.

Davis denies the allegations of Paragraph 105.

**106.**

Davis denies the allegations of Paragraph 106.

**107.**

Davis denies the allegations of Paragraph 107.

**108.**

Davis denies the allegations of Paragraph 108.

109.

Davis denies the allegations of Paragraph 109.

**110.**

Davis denies the allegations of Paragraph 110.

**111.**

Davis denies the allegations of Paragraph 111.

**112.**

Davis denies the allegations of Paragraph 112.

**113.**

Davis denies the allegations of Paragraph 113.

**114.**

Davis denies the allegations of Paragraph 114.

**115.**

Davis denies the allegations of Paragraph 115.

**116.**

Davis denies the allegations of Paragraph 116.

**COUNT 4:**

**<u>NEGLIGENCE OF DAVIS PRO UNDER LOUISIANA LAW</u>**

**117.**

Davis incorporates its above affirmative defenses and responses as if fully set forth herein.

**118.**

Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract with FEMA is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of its contract with FEMA.

**119.**

Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract with FEMA is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of its contract with FEMA.

**120.**

Davis admits that it received a contract from FEMA to perform certain functions relating to certain temporary housing units provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita in the State of Louisiana.  The contract with FEMA is the best evidence of its terms. Davis explicitly denies any attempt by Plaintiffs to interpret, characterize, paraphrase, or refer to the terms of its contract with FEMA.

**121.**

Davis denies the allegations of Paragraph 121.

**122**.

Davis denies the allegations of Paragraph 122.

**123.**

Davis denies the allegations of Paragraph 123.

**124.**

Davis denies the allegations of Paragraph 124.

**125**.

Davis denies the allegations of Paragraph 125.

**IV.    COMPENSATORY DAMGES**

**126.**

Davis admits that Plaintiffs seek to recover damages for, *inter alia*, (1) alleged past and future injuries; (2) alleged past and future mental anguish; (3) alleged past and future physical impairments and disability; (4) alleged past and future medical expenses; (5) alleged past and future lost earning capacity; (6) alleged past and future loss of enjoyment and quality of life; (7) alleged loss of consortium; (8) alleged loss of use of adequate shelter; and (9) general, special,

incidental, and consequential damages.  Davis, however, denies that Plaintiffs are entitled to recover these damages or any other damages sought in the Complaint from Davis.

**V.      REQUEST FOR JURY TRIAL**

This statement is a conclusion of law and/or fact that does not require a response.

**VI.      PRAYER FOR RELIEF**

Davis denies that Plaintiffs are entitled to entry of a Judgment in their favor or to any recoveries sought and included in its prayer for relief.

**1.**

Davis denies that Plaintiffs are entitled to a Judgment in their favor or to any recoveries sought in Paragraph 1 of their prayer for relief.

**2.**

Davis denies that Plaintiffs are entitled to a Judgment in their favor or to any recoveries sought in Paragraph 2 and its subparts of their prayer for relief.

**3.**

Davis denies that Plaintiffs are entitled to a Judgment in their favor or to any recoveries sought in Paragraph 3 of their prayer for relief.

**Respectfully submitted,**

*s/ Richard G. Duplantier, Jr.*

_____

**Richard G. Duplantier, Jr**. (#18874)
**Duplantier@gjtbs**.com
**Peter A. Bourgeois** (#27389)
**pbourgeois@gjtbs.com**
**Stephanie Dovalina** (#31137)
**sdovalina@gjtbs.com**

GALLOWAY, JOHNSON, TOMPKINS,
BURR& SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Fax:  (504) 525-2456

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of February, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record by operation of the Court's electronic filing system.

*s/ Richard G. Duplantier, Jr.*
RICHARD G. DUPLANTIER, JR.

30