UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | § | SECTION "N" (4) |
| LIABILITY LITIGATION | § | |
| | § | JUDGE ENGELHARDT |
| | § | MAG. JUDGE CHASEZ |

THIS DOCUMENT RELATES TO:
Youlanda Lambert, et al v. Jayco, Inc.;
Case No. 09-6425

## DEFENDANT, JAYCO, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW, Defendant, JAYCO, INC. ("Jayco") and in response to Plaintiffs' First Amended Complaint for Damages, filed in the above entitled and numbered cause, files this answer with affirmative defenses, respectfully showing unto the court as follows:

### ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES

1.      The allegations contained in Paragraph 1 constitute legal conclusions that require no response on behalf of Defendant.  To extent the allegations are deemed to require a response, Defendant admits that the jurisdictional requirements of this court are satisfied.

2.      Defendant denies the allegations in Paragraph 9 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

3. Defendant admits that Jayco, Inc. is an Indiana corporate entity as alleged in Paragraph 3 and that it is in the business of manufacturing travel trailers. Defendant denies it supplied travel trailers directly to FEMA pursuant to any contract with FEMA. Defendant denies all other allegations contained in Paragraph 3 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

4. The allegations contained in Paragraph 4 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant denies that any individual plaintiff suffered damages as alleged, to the extent it is established through discovery. Further, Defendant admits that the jurisdictional requirements of this court are satisfied.

5. The allegations contained in Paragraph 5 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant admits that the jurisdictional requirements of this court are satisfied.

6. The allegations contained in Paragraph 6 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant admits that the jurisdictional requirements of this court are satisfied.

7. The allegations contained in Paragraph 7 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant admits that the jurisdictional requirements of this court are satisfied.

8. The allegations contained in Paragraph 8 constitute legal conclusions that require no response on behalf of Defendant. To extent the allegations are deemed to require a response, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph 8 and therefore denies same.

9. Defendant denies the allegations in Paragraph 9 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

10. Defendant denies the allegations in Paragraph 10 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

11. Defendant denies the allegations in Paragraph 11 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

12. Defendant denies the allegations in Paragraph 12 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

13. Defendant denies the allegations in Paragraph 13 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.  Further, Defendant submits that 24 C.F.R. Sec. 3280.309 is its own best evidence as to the contents therein.

23. Defendant denies the allegations in Paragraph 23 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

24. Defendant denies the allegations in Paragraph 24 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

25. The allegations contained in Paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant submits that 24 C.F.R. Sec. 3280.308 is its own best evidence as to the contents therein.

26. The allegations contained in Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant submits that 44 C.F.R. Sec. 206.110(e) is its own best evidence as to the contents therein.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28. Further, Defendant submits that the laws set forth in this paragraph are their own best evidence as to the contents therein.

29. Defendant denies the allegations in Paragraph 29 as, after reasonable inquiry, it does not have sufficient information to justify a belief in the truth thereof.

30. The allegations contained in Paragraph 30 constitute legal conclusions to which no response is required. To extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

31. The allegations contained in Paragraph 31 constitute legal conclusions to which no response is required. To extent a response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations and therefore denies the same.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies the allegations in Paragraph 35, subparts i through xi.

36. Defendant denies that Plaintiffs are entitled to the damages asserted.

37. In response to the paragraph entitled "Request for Jury Trial," Defendant asserts it is entitled to a jury trial on all issues herein.

38. In response to the paragraphs 1-3 under the heading "Prayer for Relief," Defendant denies that it is liable in any respect to Plaintiffs for any of their alleged injuries and damages and denies that Plaintiffs are entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

FURTHER ANSWERING, Defendant, Jayco, Inc., asserts the following affirmative defenses:

39. The claims against Defendant are, or may be, barred in whole or in part by Plaintiffs' failure to institute suit within the period of time required by the applicable statutes of limitation and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suit within the period of time required by the applicable prescriptive periods and/or any limitation of actions contained in any applicable contracts.

40. Defendant will show that any of its travel trailers ultimately supplied or provided to Plaintiffs were designed, constructed, and manufactured in conformity with applicable industry standards and specifications.

41. Defendant specifically denies the existence of any defect or defects that would render its product(s) unreasonably dangerous under the Louisiana Products Liability Act, the limited warranty, and/or any other applicable law, contract, or standard.

42. Defendant reasserts as affirmative defenses the defenses raised in the Manufacturing Defendants' Joint Rule 12(b)(6) Motion to Dismiss (R. Doc. 210) and incorporates by reference the Court's Order and Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

43. Solely in the alternative, in the event the Court finds Plaintiffs have suffered any damages whatsoever, the damages complained of resulted solely or substantially from the negligence, fault or comparative fault of the Plaintiffs through misuse and/or abuse and/or lack of maintenance of the travel trailers, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter and which preclude recovery by Plaintiffs or reduce any recovery by their respective percentages of fault.

44. Further in the alternative, all damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third parties for whom Defendant had no control and is not responsible.

45. Solely in the alternative, in the event this Court determines there was any defect in any travel trailer, which is specifically denied, said defect was apparent and obvious and could be easily avoided or remedied, precluding any recovery by Plaintiffs.

46. All of the claims asserted against Defendant are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or HUD, and/or FEMA, and/or the plaintiffs' lease agreements with FEMA.

47. Defendant further pleads that Plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Economic Loss Doctrine applies and incorporates Court's Order and

Reasons (R. Doc. 984) on the Manufacturing Defendants' Joint Rule 12(b) Motions to Dismiss as if plead herein, *in extenso*.

48.     Claims against Defendant are, or may be, barred in whole or in part by the doctrines of estoppel, release or waiver.

49.     Any express warranty obligations that may be owed by Defendant are strictly limited by the terms of the limited warranty, including all of its limitations and exclusions, which are pleaded herein, as if copied *in extenso*.

50.     Upon information and belief, Plaintiffs have failed to mitigate their damages.

51.     Defendant hereby gives notice that it intends to rely upon any and all other such affirmative defenses as become available or apparent during the course of discovery, and reserves the right to amend its Answer to assert any and all such defenses.

52.     In the event that discovery reveals the following, Defendant specifically pleads that the accident and/or injuries sued upon herein occurred only and solely due to the substantial alteration and/or modification of the product sued upon herein, which alteration and/or modification was not foreseeable, after it left the hands of the manufacturer, which is specifically pleaded as a complete bar to any recovery against Defendant.

53.     Defendant specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA--R.S. 9:2800.51 et. seq., and/or other Louisiana law.

54.     Defendant specifically pleads that its product was reasonably fit for ordinary use.

55.     The exact damages/losses claimed by Plaintiffs are unknown to Defendant, and thus Defendant cannot adequately determine all defenses that may be applicable to Plaintiffs' claims.

Therefore, Defendant expressly reserves by this reference the right to raise additional defenses to the extent that:

    a.    Additional defenses become applicable under state and federal law;

    b.    Additional defenses are established as discovery proceeds; and

    c.    Additional defenses are available under subsequently asserted theories of recovery.

56. Further answering herein, Defendant denies that Plaintiffs sustained any injuries, illnesses or diseases as a result of the use of Defendant's products, but in the event Plaintiffs did sustain any injuries, illnesses or diseases, or any medical conditions whatsoever, then in that event, such injuries, illnesses, diseases, or medical conditions claimed by Plaintiffs, in whole and in part, were and are the result of some other injuries, illnesses, diseases or medical conditions and causes, which were in no way caused or contributed to by the use of any of Defendant's products, and for which this Defendant is not in any way responsible.

57. Further answering herein, Defendant would show that it did not breach any warranties, expressed or implied.

58. Further answering herein, Defendant denies it had any contract with FEMA in response to hurricanes Katrina and Rita. Further, Defendant would show that FEMA and its procurement contractors were "sophisticated users" as that term is defined under the applicable state or federal law with regard to their purchase of any temporary housing unit designed, manufactured or sold by Defendant.

59. Defendant requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, JAYCO, INC. respectfully requests that this honorable Court enter judgment in its favor and award it costs, expenses and any other appropriate relief to which it may show itself justly entitled.

    Respectfully submitted,

    **WILLINGHAM, FULTZ & COUGILL LLP**

    By: *Thomas L. Cougill*
        THOMAS L. COUGILL
        Texas State Bar No. 04877300
        Louisiana State Bar No. 31112
        R. MARK WILLINGHAM
        Texas State Bar No. 21641500
        JEFFREY P. FULTZ
        Texas State Bar No. 00790728
        Mississippi Bar No. 101058
        Niels Esperson Building
        808 Travis Street, Suite 1608
        Houston, Texas 77002
        (713) 333-7600 – Telephone
        (713) 333-7601 – Facsimile

    **Attorneys for Jayco, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 21st day of February, 2011.

    *Thomas L. Cougill*
    THOMAS L. COUGILL