UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | |
| | * | |
| | * | SECTION "N" (5)* |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Cooper, Crystal, et al v. Bechtel National, Inc., et al;* 10-04121; | * | |
| *Goff, Alice, et al v. CH2M Hill Constructors, et al*; 10-04122; | * | JUDGE ENGELHARDT |
| *Rodwell, Lovella, et al v. Bechtel National, Inc., et al*; 10-04123; | * | |
| *Rogers, Bessie, et al v. Bechtel National, Inc., et al*; 10-04124 | * | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR NEW TRIAL AND/OR RECONSIDERATION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

**MAY IT PLEASE THE COURT:**

On September 13, 2010, Plaintiff counsel filed the four above-referenced suits with the Clerk of Court in the U.S. District Court for the Southern District of Mississippi: *Crystal Cooper, et al v. Bechtel National, Inc., et al*, Case No.: 10-04121; *Alice Goff, et al v. CH2M Hill Constructors, Inc, et al*, Case No.: 10-04122; *Lovella Rodwell, et al v. Bechtel National, Inc., et al*, CaseNo.: 10-04123; *Bessie Rogers, et al v. Bechtel National, Inc., etal*, Case No.: 10-04124. Each of these cases names "unknown defendants" as parties to the action.[1,2,3,4]

---

[1] *See* Original Complaint for Damages, Case No. 10-04121, Rec. Doc. #1
[2] *See* Original Complaint for Damages, Case No. 10-04122, Rec. Doc. #1
[3] *See* Original Complaint for Damages, Case No. 10-04123, Rec. Doc. #1
[4] *See* Original Complaint for Damages, Case No. 10-04124, Rec. Doc. #1

00123715-1

On December 15, 2010, the Manufacturing Defendants filed their Joint Motion to Dismiss Claims for Failure to Comply with Order and Reasons Concerning Deadlines for Matching and Filing.[5] The four actions cited above were included in the Joint Motion to Dismiss for failing to comply with this Court's Pretrial Orders by citing "unknown defendants" as parties to the action. Plaintiff counsel failed to properly oppose this Joint Motion to Dismiss.

On January 19, 2011, this Court granted the Joint Motion to Dismiss as to it concerns these four matters as unopposed.[6]

Plaintiffs now seek a new trial/reconsideration of this decision under Federal Rule of Civil Procedure 59(e).

**ARGUMENT**

Because reconsideration of a judgment after its entry is an extraordinary remedy, requests under Rule 52 for an amendment of a judgment, or requests under Rule 59 to alter or amend a judgment, are to be granted sparingly, and only when dispositive factual matters or controlling decisions of law were brought to the court's attention, but not considered. *Gutierrez v. Ashcroft*, D.N.J.2003, 289 F.Supp.2d 555, affirmed on other grounds 125 Fed.Appx. 406, 2005 WL 605409. Motion to alter or amend judgment is discretionary and need not be granted unless district court finds there is intervening change of controlling law, availability of new evidence, or need to correct clear error or prevent manifest injustice. *Firestone v. Firestone*, C.A.D.C.1996, 76 F.3d 1205, 316 U.S. App. D.C. Rule permitting a court to alter or amend a judgment may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, U.S.2008, 128 S.Ct. 2605, 171 L.Ed.2d 570, on remand 568 F.3d 1077.

---

[5] *See* Joint Motion to Dismiss, Case No. 07-1873, Rec. Doc. #18684.
[6] *See* Order and Reasons, Case No. 07-1873, Rec. Doc. #19856.

00123715-1

Plaintiffs had ample time in which to oppose the Manufacturing Defendants' Joint Motion to Dismiss and they failed to do so. The Plaintiffs' complaints clearly violated the Court's pretrial orders by listing "unknown" defendants. Furthermore, by the date of the Court's granting of the dismissal, Plaintiffs had still yet to comply with these pretrial orders. By granting this Motion, the Court would be allowing these plaintiffs to retroactively comply with its Pretrial Orders some four months after the clearly stated deadline. Thus, the Court must deny this Motion to Reconsider under Federal Procedure Rule 59(e).

Respectfully Submitted,

*DUPLASS, ZWAIN, BOURGEOIS,*
*PFISTER & WEINSTOCK*

 *s/ Andrew D. Weinstock*
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
**MANUFACTURING DEFENDANTS**
**LIAISON COUNSEL**

### CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 23rd day of February, 2011, a copy of the above and foregoing was filed electronically.  Notice of this pleading was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

s/ *Andrew D. Weinstock*
_____
**ANDREW D. WEINSTOCK**

00123715-1