UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO | * | |
| *Albert Brazzle et al v. Dutchman* | * | |
| *Manufacturing, Inc* | * | |
| C.A No. 11-420 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiffs, ALBERT BRAZZLE, INGRID BRAZZLE, Individually and as Next Friend of G.B., THEDIS COOLEY, Individually and as Representative of the Estate of WESLEY COOLEY, and ROSHANDA WEBB-JOHNSON, Individually and as Next Friend of B.B., B.B., R.J., R.J., and R.W. ("Plaintiffs"), file this Motion to Remand this case to state court, pursuant to 28 U.S.C. § 1447(c) and, in support, would show:

### BACKGROUND

Plaintiffs filed suit against Defendant Dutchman Manufacturing, Inc. ("Dutchman") in the District Court of Jefferson County, Texas on or about December 29, 2010. Plaintiffs filed an amended petition in the state court case on February 1, 2011. Dutchman removed the case to this Court, claiming federal court jurisdiction based on diversity jurisdiction, 28 U.S.C. § 1332. *See* Dutchman's Original Notice of Removal, at ¶ 4.

### ARGUMENT AND AUTHORITIES

The court may remand a case on the basis of any defect identified in a motion for remand filed within 30 days after the notice of removal under 28 U.S.C. § 1446(a). 28 U.S.C. § 1447(c).

Dutchman removed the case to federal court on February 1, 2011.[1]  Therefore, this motion is timely.

Federal district courts are courts of limited jurisdiction.  U.S. CONST. art. III, § 2, cl. 1.  Federal subject matter jurisdiction cannot be consented to nor waived.  *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).  Therefore, a federal court may exercise jurisdiction only in certain, specific instances.  "The removing party bears the burden of establishing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) ("*de Aguilar II*").  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Defendant, Dutchman, has not met this burden.

## I. Standard of Review.

The Fifth Circuit will "review a denial of a motion to remand *de novo*."  *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 882 (5th Cir. 2000).

## II. Diversity Jurisdiction Does Not Exist.

The federal courts:

> have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States; …

28 U.S.C. § 1332(a)(1).  Plaintiffs do not contest that Defendant, Dutchman, and Plaintiffs are citizens of different states.  However, the amount in controversy for each individual plaintiff[2] does not exceed $75,000, exclusive of interest and costs.

---

[1] Dutchman filed an Amended and Restated Notice of Removal on February 17, 2011.

Further, the Court may not exercise jurisdiction under subsection 1332(d), as this lawsuit has fewer than one hundred plaintiffs and all of the claims and injuries arise from events or occurrences in the state of Texas.  *See* 28 U.S.C. § 1332(d)(11).

In instances such as this one, where the Plaintiffs stipulate that their damages do not exceed $75,000, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Simon*, 193 F.3d at 850.  A removing defendant may do this in two ways:

> (1) by showing that it is apparent from the face of the petition that the plaintiff's claims exceed the jurisdictional amount, or
>
> (2) by setting forth facts showing that the jurisdictional amount is satisfied.

*Ray Mart, Inc. v. Stock Building Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 586 (E.D. Tex. 2006).

### A. It is not facially apparent that individual Plaintiffs' claims exceed $75,000.

In cases where the courts have found that it is facially apparent that the claims exceed $75,000, the petitions usually invoke strong language to describe the injuries.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (petition alleged, among other things, "travel expenses, an emergency ambulance trip, a six day stay in the hospital" after plaintiff suffered heart failure after not taking her medicine when airline lost her luggage); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993) ("*de Aguilar I*") (in case concerning an airplane explosion in Mexico where petition plead "claims for wrongful death,[3] terror in anticipation of death, loss of companionship, and funeral expenses").  However, simply using strong language

---

[2] Further, plaintiffs' claims cannot be aggregated to equal or exceed $75,000.  *See Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 563-64 (5th Cir. 1993) ["ANPAC"], *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998); *Eagle Star Insurance Co. v. Maltes*, 313 F.2d 778, 779-80 (5th Cir. 1963).

[3] While this present case includes claims brought on behalf of the estate of Wesley Cooley, Plaintiffs did not plead wrongful death damages in its petition.

in the state court petition does not in and of itself make it facially apparent that the claim exceeds $75,000. *See German v. Lowrance*, No. Civ. A., 05-2161, 2005 WL 3543944, at *1 (E.D. La. Oct. 14, 2005) (granting motion to remand and determining that it was not facially apparent that jurisdictional amount existed even though the petition alleged "that the defendant driver was speeding and 'violently struck' the plaintiffs' vehicle resulting in 'serious and painful injuries,' 'handicap[] in employment,' and future medical care."); *Heinhuis v. Wilkes*, No. Civ. A. 02-1776, 2002 WL 1610963, at *1 (E.D. La. Jul. 17, 2002) (granting motion to remand in a personal injury case even though the petition stated that the plaintiff sustained "'serious and/or permanent injuries consisting of, but not necessarily limited to, severe trauma to her neck, back and other serious injuries to her mind and body,' causing her '*inter alia*, severe pain and suffering (physical and mental), mental anguish and distress, humiliation, disfigurement, disability, impairment of function, loss of past and future income, loss of past and fringe benefits, impairment of earning capacity and past, loss of enjoyment of life and future medical expenses.'"). By comparison, here, it is not facially apparent from the petition that damages sought are in excess of $75,000.

      B.    Defendant has set forth no facts or evidence showing the jurisdictional amount is satisfied.

Dutchman has also set forth no facts or evidence to show that the amount in controversy exceeds $75,000. The party invoking federal jurisdiction has the burden:

> 'both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation.'

*Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (*quoting St. Paul Mercury indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, n. 10 (1938)). "Conclusional allegations are insufficient to establish jurisdiction" and do not constitute grounds for removal. *St. Paul*

*Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1240, 1254 (5th Cir. 1998). However, in its notice of removal, Dutchman only made the unsupported allegation that the amount in controversy exceeds $75,000. *See* Dutchman's Original Notice of Removal, at ¶ 8.

"When the amount in controversy is ambiguous, as it is here, the non-removing party may submit such an affidavit to clarify the amount of damages sought." *ANPAC*, 988 F.2d at 565. In *ANPAC*, the Fifth Circuit relied on a sworn affidavit from plaintiffs' counsel stating that the damages sought were less than $50,000 per plaintiff. *Id*. In *Royal Cosmopolitan, LLC v. Star Real Estate Group*, LLC, 629 F. Supp.2d 594, 597 (E.D. La. 2008), the plaintiff "submitted the sworn affidavit of its representative who aver[red] that 'the damages sought by Royal Cosmopolitan, LLC, do not exceed $75,000.00 exclusive of interest and costs.'" In the present case, none of the Plaintiffs in this suit are seeking more than $75,000 in damages, exclusive of interest and costs. *See* Declarations of the Plaintiffs involved in this matter, attached as **Exhibit A**. Therefore, the amount in controversy does not exceed $75,000.[4] In fact, the situation in the present case is very similar to the one in *ANPAC* where the Fifth Circuit held that

> [w]ithout purporting to resolve the question of the removing party's burden in all situations, we hold that at least where the following circumstances are present, that burden has not been met: (1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above $50,000; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the plaintiffs' claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present.

*ANPAC*, 988 F.2d at 566; *see also Royal Cosmopolitan*, 629 F. Supp.2d at 597.

C.   <u>The Stipulations Regarding Minors Are Valid</u>.

Under Texas law, a minor or who has no legal guardian may be represented in a lawsuit

---

[4] Further, a formal stipulation is not required for Plaintiffs to prevail on their motion for remand. *See German*, 2005 WL 3543944, at *2.

by a next friend. Tex. R. Civ. P. 44. "A next friend may prosecute an action both on behalf of a minor child and as a plaintiff for the expenses incurred by reason of those injuries." *Kennedy v. Missouri Pacific Railroad Co.*, 778 S.W.2d 552, 555 (Tex. Civ. App.-Beaumont 1989) (*citing Dr. Pepper Bottling Co. v. Rainboldt*, 40 S.W.2d 827 (Tex. Civ. App.-Waco 1931, writ dism'd)). The Court has the responsibility to protect the minor's best interest. *Urbish v. The Honorable 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986). "The court must appoint a guardian ad litem for a party represented by a next friend or guardian *only if*: (1) the next friend or guardian appears to the court to have an interest adverse to the party, or (2) the parties agree." Tex. R. Civ. P. 173.2(a) (emphasis added). In addition, a parent has "the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child." V.T.C.A., Family Code § 151.001(a)(7).

In the current case, the next friends of G.B., B.B., B.B., R.J., R.J. and R.W. are not seeking to compromise the recovery of the minors to their detriment in preference of the next friends. *See Wilson v. Fisher*, 105 S.W.2d 304, 310 (Tex. Civ. App.-Austin 1937). Nor are the next friends taking actions adverse to the minors. The next friends are taking actions solely in the best interest of the minors. Therefore, although a settlement of the lawsuit for the minors is subject to the approval of the court, Tex. R. Civ. P. 44, the stipulations made regarding the minors are valid.

As Dutchman has failed to show that the amount in controversy exceeds $75,000, this Court lacks jurisdiction over this matter and should grant Plaintiffs' motion.

## MOTION FOR COSTS

Plaintiffs' counsel is loath to seek costs under most circumstances; however, here, costs are warranted. Plaintiffs' counsel expended many hours drafting this Motion. Under 28 U.S.C.

§1447(c), "[a]n order remanding the case [to state court] may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." *Kent v. Ford Motor Co.*, 200 F.Supp.2d 670, 672 (S.D.Miss.2002). The decision as to whether to award attorney's fees and costs under the statute is within the sound discretion of the district court. *Barker v. John Deere Ins. Co.,* 932 F.Supp. 785, 788 (S.D.Miss.1996). An award of attorney's fees and costs under 28 U.S.C. §1447(c) need not be "predicated on a finding of bad faith or negligent or frivolous removal." *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). Attorney's fees and costs, however, should be awarded only if it was improper for the defendant to remove. *Id.* "Absent unusual circumstances, a court may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

As set forth above, Dutchman's removal of this case was improper, and unsupported by the law or the facts. Dutchman's removal of this case was improper, frivolous and groundless. *Trawick v. Asbury MS Gray-Daniels, LLC*, 244 F.Supp.2d 697, 699 (S.D.Miss.2003). Therefore, Plaintiffs seek an award of $5,000.00 for costs and expenses that were incurred in fees and expenses in preparing this motion.

## **PRAYER**

As demonstrated above, this Court lacks subject matter jurisdiction over this matter. Diversity jurisdiction does not exist under 28 U.S.C. § 1332(a) because the amount in controversy does not exceed $75,000, exclusive of interest and costs. For this reason, Plaintiffs respectfully request that this Court grant the motion to remand and remand this suit to the District Court for Jefferson County, Texas. Further, Plaintiffs respectfully request that this Court grant the motion for costs.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/ Anthony G. Buzbee*_____
Anthony G. Buzbee
Texas Bar No. 24001820
Peter K. Taaffe
Texas Bar No. 24003029
JPMorgan Chase Tower
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel.:    (713) 223-5393
Fax.:   (713) 223-5909

COUNSEL FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                              */s/ Peter K. Taaffe*_____
                                              Peter K. Taaffe