UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2:07-MD-1873 SECTION "N" (5) |
| THIS DOCUMENT IS RELATED TO: | ) ) ) | JUDGE ENGELHARDT |
| *ALL CASES* | ) | MAGISTRATE JUDGE CHASEZ |

**PROPOSED PRELIMINARY APPROVAL ORDER**

**Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement entered into by or on behalf of the PSC, the Class, and the Defendants. The original of the Settlement Agreement is filed in the record of these proceedings.**

Upon consideration of (i) the Joint Motion for Preliminary Approval of Proposed Settlement, filed by the Class, as represented by the PSC, and the Defendants, seeking certification of the Class as a temporary class for settlement purposes only and preliminary approval of the proposed settlement of the Action and all Pending Actions, (ii) the Settlement Agreement and all exhibits thereto, (iii) the memoranda and evidence submitted to the Court by the Parties in support of this motion, (iv) the record of this Action and the Pending Actions, (v) the representations, argument, and recommendation of counsel for the Parties, and (vi) the requirements of law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure, the Court finds, upon preliminary review, that (1) this Court has jurisdiction over the subject matter and all Parties to this proceeding; (2) the requirements of Rule 23 of the Federal

01969957.6

Rules of Civil Procedure for the certification of the proposed Class may be met so as to allow the Court to preliminarily certify the Class and hold a certification hearing on the date of the Fairness Hearing; (3) the proposed settlement is the result of arms-length negotiations between the Parties; (4) the proposed settlement is not the result of collusion; (5) the proposed settlement bears a probable, reasonable relationship to the claims alleged by the Plaintiffs and the litigation risks of the Defendants; and (6) the proposed settlement is within the range of possible judicial approval.

Further, at this juncture, the Court is exercising its discretion in temporarily certifying the Class for settlement purposes only and has not determined whether the Action could properly be maintained on behalf of a class for purposes of trial. The Court recognizes that the Released Parties have preserved all of their defenses and objections against and rights to oppose certification of the Class if the proposed settlement is not finally approved by the Court following the Fairness Hearing. Accordingly:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

(1) **Jurisdiction.** The Court has jurisdiction over the subject matter and Parties to this proceeding.

(2) **Venue.** Venue is proper in this district.

(3) **Class Definition.** The following Class is temporarily certified for settlement purposes only pursuant to the Settlement Agreement and Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> all persons who Resided for any length of time in an EHU that: (1) was located in Louisiana, Mississippi, Alabama or Texas at the time; (2) was Manufactured by any Defendant; and (3) was provided by FEMA to persons displaced by Hurricanes Katrina and/or Rita. "Class Member" means a member of the Class.

(4)     **The Special Master.**  The Court approves the nomination of Daniel Balhoff with Perry, Dampf, et al., as Special Master, pursuant to Rule 53 of the Federal Rules of Civil Procedure, to assist the Court, in cooperation and coordination with the PSC, for the following purposes:  to: (i) review and evaluate Claims of Class Members in accordance with the criteria set forth in the Settlement Agreement (ii) establish a Class Benefit Formula to be approved by the Court and make proposed allocations for Class Members in connection therewith; (iii) deny Claims based on untimely or invalid submission of Claim Forms as set forth in the Settlement Agreement; (iv) seek the Court's assistance, in the Special Master's discretion, in obtaining any information necessary to properly evaluate a Claim Form; (v) submit to the Court a report on the allocations in (ii), along with recommendations for the Court's consideration in proceeding with the allocation and distribution process; (vi) engage such staff, deputies and experts as reasonably necessary and to conduct such hearings as may be necessary and appropriate to carry out this assignment; (vii) make payments from the Total Settlement Fund to Entitled Class Members; and (viii) conduct any other activities set forth in the Settlement Agreement for the Special Master; and (ix)  such other acts and functions as may be necessary or appropriate to fulfill the duties and responsibilities as set forth herein, to assist the Court in further settlement negotiations, or as the Court may direct.  The fees of the Special Master shall be paid according to Section (III)(A) of the Settlement Agreement.

(5)     **Named Plaintiffs**.  The nomination by the PSC of the persons listed on Exhibit E to the Settlement Agreement to serve as representatives for the Class is hereby approved.

(6)     **Designation of PSC as Class Counsel.**  The PSC, consisting of the following counsel, is hereby designated as counsel for the Class:

 Gerald E. Meunier
Justin I. Woods

Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Anthony G. Buzbee
Buzee Law Firm
600 Travis, Suite 7300
Houston, Texas 77002

Robert M. Becnel
Law Offices of Robert M. Becnel
425 W. Airline Highway, Suite B
Laplace, Louisiana 70068

Raul R. Bencomo
Bencomo & Associates
639 Loyola Avenue
New Orleans, Louisiana 70113

Frank J. D'Amico, Jr.
Law Offices of Frank D'Amico
622 Baronne Street
New Orleans, Louisiana 70113

Matthew B. Moreland
Becnel Law Firm, LLC
106 W. Seventh Street
Reserve, Louisiana 70084

Dennis C. Reich
Reich & Binstock
4265 San Felipe, Suite 1000
Houston, Texas 77027

Mikal C. Watts
Watts, Guerra & Craft
Bank of America Plaza, Suite 100
300 Convent Street
San Antonio, Texas 78205

Robert C. Hilliard
Hilliard Munoz Guerra, L.L.P.
719 S. Shoreline Boulevard
Suite 500
Corpus Christi, Texas  78401

(7)     **Class Findings.**  For the purpose of the settlement of the Action and Pending Actions (and only for such purpose, and without an adjudication of the merits), after conducting a rigorous analysis of the requirements set forth in Fed. R.Civ. P. 23(b)(3) and taking into consideration factors including, but not limited to: (i) the opinions of the participants, including the PSC and Defendants' Counsel; (ii) the complexity, expense and likely duration of further litigation; (iii) the extent of discovery completed and the state of the proceedings; and (iv) the absence of any evidence that the proposed settlement is the product of fraud or collusion, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law have been met in that:

(a)     The Class is sufficiently ascertainable from the PSC's records and other objective criteria, and the Class Members are so numerous that their joinder before the Court would be impracticable.

(b)     The commonality requirement of Fed. R.Civ. P. 23(b)(3) generally is satisfied when members of the proposed Class share at least one common factual or legal issue. Here, Plaintiffs alleged numerous questions of fact and law purportedly common to the Class, including claims based on a uniform standard of care set forth in the federal HUD Code, and including the fact that every individual Plaintiff would have to virtually destroy an EHU in an effort to prove their claims. Considering the allegations of the Complaint, the Court preliminarily finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Class.

(c) The Court preliminarily finds that the claims of the representative Plaintiffs are typical of the claims of the Class, and that the representative Plaintiffs and the PSC will fairly and adequately protect the interests of the Class, in that: (i) the interests of the named Plaintiffs and the nature of their alleged claims are consistent with those of the Class Members, (ii) there appear to be no conflicts between or among the named Plaintiffs and the Class Members, (iii) the named Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action, and (iv) the named Plaintiffs and the Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those mass-tort type cases involving personal injury claims alleged in the Complaint.

(d) The Court preliminarily finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior or equal to other available methods for a fair and efficient adjudication of the Action. The Court notes that as of this date, Plaintiffs and various defendants in the MDL have conducted three bellwether jury trials to verdict, all of which have resulted in defense verdicts and have awarded no money or benefits to the bellwether plaintiffs. The Court also notes that, because the Action is being settled, rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

In making these preliminary findings, the Court has considered, among other factors, (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

(8)     **<u>Preliminary Approval of Settlement</u>.**  The Settlement Agreement and the settlement set forth therein, and all exhibits attached thereto or to the Joint Motion, are preliminarily approved by the Court as being fair, reasonable and adequate, entered into in good faith, free of collusion to the detriment of the Class, and within the range of possible judicial approval, such that the terms and conditions thereof shall be considered by the Class.  The Court thus preliminarily certifies the Class for settlement purposes under Fed. R.Civ. P. 23(b)(3).  The Court finds that (i) the proposed settlement resulted from extensive arm's-length negotiations and was concluded only after the PSC conducted broad discovery in this MDL and tried three bellwether jury trials all of which ended in defense verdicts; and (ii) the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Action and the proposed settlement to the Class Members and holding a full hearing on the proposed settlement.

(9)     **<u>Notice to the Class.</u>**  The form and content of both the written notice to Class Members (the Class Notice Package) and the Publication Notice to Class Members are hereby approved.  Such notices are fair and reasonable, and shall be disseminated to putative Class Members as due process and Rule 23 of the Federal Rules of Civil Procedure require in accordance with the Settlement Notice Plan. The cost of the Settlement Notice Plan (mailing the

Class Notice Packages and the Publication Notice) shall be paid in accordance with Section (V)(D) of the Settlement Agreement.

The Court finds that the Settlement Notice Plan and both the Class Notice Package and the Publication Notice to Class Members meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all potential members of the Class.  Such notices are reasonably calculated, under the circumstance, to apprise the Class Members: (a) of the pendency of this Action and the Pending Actions, (b) of their right to exclude themselves from the Class and the proposed Settlement, (c) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion, and (d) that any Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel.  The Court further finds that the notices attached to the Settlement Notice Plan are written in plain English and are readily understandable by Class Members.  In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of federal law (including Fed. R.Civ. P. 23) and the United States Constitution, and any other applicable law.

The Court further finds that best notice practicable, for those Class Members known by the PSC to be represented by attorneys, shall be written notice to those Class Members' attorneys, rather than written notice to the Class Members themselves.  The Class Members' attorneys are their agents, and such notice to their attorneys meets the requirements of federal law (including Fed. R. Civ. P. 23) and the United States Constitution, and any other applicable law.

01969957.6

No later than March 31, 2011, the PSC shall begin Publication Notice, both in newspapers and over the radio, as set forth in the Settlement Notice Plan.  Publication Notice shall be completed by April 30, 2011.  No later than March 31, 2011, the PSC shall mail the Class Notice Package to all persons on the List of Potential Class Members, or if such person is known by the PSC to be represented by an attorney, to the attorney for that Class Member.  No later than May 10, 2011, the PSC shall file an affidavit with the Court attesting to the completion of Publication Notice and the completion of mailing the Class Notice Package to all persons or their attorneys on the List of Potential Class Members, as set forth herein.

(10)     **Fairness Hearing**.  A hearing to determine: (1) whether the Class should be finally certified as a class under Rules 23(b)(3) of the Federal Rules of Civil Procedure; and (2) whether the proposed Class Settlement is fair, reasonable and adequate, shall be conducted in _____, United States Courthouse, United States District Court for the Eastern District of Louisiana, _____, _____, Louisiana, commencing on the _____ day of _____, 2011 at _____ A.M/P.M.

(11)     **Claims Process.**  Any Class Member who wishes to receive Class Relief must sign and return a valid and timely Claim Form in compliance with the Claims Process set forth in the Settlement Agreement, postmarked no later than August 12, 2011.  Any Class Member who does not submit a valid and timely Claim Form in compliance with that Claims Process shall not be entitled to Class Relief, but nonetheless shall be barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.  As set forth in Section VI(F) of the Settlement Agreement, for any Plaintiff who previously produced a Plaintiff's Fact Sheet in this case, that Plaintiff's Fact Sheet will be accepted as that Plaintiff's Claim Form, provided that (1) such Plaintiff's Fact Sheet includes his or her full name, address, gender, date of birth, and social

9

security number, or provided that such information is given to the Special Master within thirty (30) days after the Claim Form Deadline, and (2) such Plaintiff provides the Special Master with proof that he or she Resided in an EHU Manufactured by a Defendant within ninety (90) days after the Claim Form Deadline.

(12) **Class Member Objections to Settlement.**  Any Class Member who does not file a timely request for exclusion from the Class may file an objection to the Settlement.  Any Class Member who objects to any of the terms of the proposed settlements must mail to the Clerk of Court a concise written statement describing the specific reason(s) for his or her objections.  The concise written statement of objections must be mailed, via United States mail, postage prepaid, to the following address:

> Clerk of Court
> United States District Court for the Eastern District of Louisiana
> New Orleans Division
> Hale Boggs Federal Building
> United States Courthouse
> 500 Poydras Street, Rm. C-151
> New Orleans, LA 70130
> Attention:  *In Re:  Fema Trailer Formaldehyde Product Liability Litigation,*
> MDL No. 2:07-MD-1873

The Class Member must also mail a copy of the objection to the following counsel:

> Thomas W. Thagard, III
> Lorrie L. Hargrove
> Maynard, Cooper & Gale, P.C.
> 2400 Regions/Harbert Plaza
> 1901 6th Avenue North
> Birmingham, Alabama 35203
>
> Gerald E. Meunier
> Justin I. Woods
> Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
> 2800 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163

10

The objection must be received by the Clerk of Court and the attorneys listed above no later than midnight of June 29, 2011. The concise written statement of objections must include: (i) the name, address, and telephone number of the Class Member, (ii) a statement of each objection being made, (iii) a detailed description of the legal authorities underlying each such objection, (iv) a statement of whether the objector intends to appear at the Fairness Hearing, (v) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing, (vi) a description of the testimony to be offered, and (vii) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of those exhibits.

The Special Master must be notified by the PSC or Defendants' Counsel within two (2) days of any objection properly mailed. The Special Master shall respond in writing to any timely filed written objection and shall schedule a hearing on the record whereby the objector and any counsel retained by the objector may present additional evidence in support of his or her objections. Any person filing the objection must appear in person at the hearing with and scheduled by the Special Master prior to the Fairness Hearing, at the date, time, and place set by the Special Master, and then, if the objection is not resolved, the objector must appear in person at the Fairness Hearing. Any objections which are not resolved in the hearing or hearings before the Special Master will be considered by the Court at the time of the Fairness Hearing. The objector may hire his or her individual counsel, hired at the objector's expense, to appear with the objector at the Special Master's hearing and/or the Fairness Hearing.

No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to Gerald Meunier and Thomas W. Thagard, as provided above, the concise

11

written statement of objections as described above, together with copies of any supporting materials, papers or briefs. If a witness is not identified in the concise written statement of objections, such witness shall not be permitted to object or appear at the Fairness Hearing. Any Class Member who does not file a written objection in the time and manner described above, or who fails to follow the instructions set forth in any written communication from the Special Master (including failure to appear for the Special Master hearing), shall be (i) deemed to have waived and forfeited any objections to the proposed settlements, (ii) foreclosed from raising any objection to the proposed settlements at the Fairness Hearing, and (iii) bound by all of the terms of the Settlement Agreement and by all proceedings, orders and judgments by the Court.

The Court, within its discretion and at the request of the PSC or Defendants' Counsel, may order the deposition prior to the Fairness Hearing of any Class Member (and any witness identified in the written objection) who has not filed a timely written request for exclusion and objects to the fairness, reasonableness or adequacy of this Agreement or the proposed settlement. If the objecting Class Member fails to appear for any such deposition order by the Court, the objection will not be considered by the Court. Any Class Member who fails to comply with the orders of the Court or provisions of this Section shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in this Action.

If a Class Member hires an attorney to represent him or her at the Special Master hearing or at the Fairness Hearing, the attorney must (i) file a notice of appearance with the Clerk of Court; (ii) deliver a copy of that notice to Gerald Meunier and Thomas W. Thagard at the addresses set forth in section (19) herein; and (iii) otherwise comply with any order of the Court regarding depositions of objecting Class Members. The Court, Gerald Meunier and Thomas W.

01969957.6

Thagard must receive such notices of appearance by June 29, 2011, or the attorney shall be barred from appearing at the Fairness Hearing.

Any Class Member who files and serves a timely, written objection pursuant to the terms herein and complies with the requirements of this paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Class Member's expense. Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Gerald Meunier and Thomas W. Thagard and file with the Court, at the addresses specified above, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Class Member (and, if applicable, the name of the Class Members' attorney). Notices of intention to appear must be received by the Clerk of Court, Gerald Meunier and Thomas W. Thagard by June 29, 2011. Any Class Member or attorney who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear at the Fairness Hearing.

If any objection is deemed frivolous, the Court reserves the right to award appropriate costs and fees to Class Counsel and/or Defendants' Counsel.

Any Class Member who fails to comply with the orders of the Court, including the requirements set forth herein, shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in this Action.

(13) **Request for Exclusion.** Any putative Class Member may opt out of the Class by filing with the Clerk of Court a written request to do so, to the address provided in the Publication Notice and Class Notice Package, and to be postmarked by no later than May 19, 2011. The opt-out request must also be mailed to Gerald Meunier at the address provided in

13
01969957.6

section (19) herein. The opt-out request must: (i) identify the Class Members name, address and phone number, (ii) identify which Defendant the Class Member has claims against, and (iii) state that the Class Member wishes to be excluded from the Class. A timely and valid request to opt out of the Class shall preclude such putative Class Member from participating in the proposed settlements, and such putative Class Member will be unaffected by the Settlement Agreement. Any putative Class Member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this matter, regardless of whether such putative Class Member is currently, or subsequently becomes, a plaintiff in any other lawsuit against any of the Released Parties asserting any of the Released Claims.

The PSC must provide a list of all Class Members who timely opted out of the settlement to Defendants' Counsel by June 8, 2011. Such list shall include the name and address of each Class Member who timely opted out, along with identifying the Defendant against whom the Class Member is making claims. The PSC shall also file that list with the Court at or before the Fairness Hearing.

(14)  **Preliminary Injunction**. All Class Members, and anyone acting on their behalf or for their benefit, are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating to directly or indirectly, in whole or in part: (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action or in any Pending Action; or (3) exposure to formaldehyde in any EHU Manufactured by a Defendant in this case. In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining

01969957.6

any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction), a California Bus. and Prof. Code § 17200 action, a private attorney general action, or any other action on behalf of Class Members, if such other action is based on or relates to directly or indirectly, in whole or in part: (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action or in any Pending Action; or (3) exposure to formaldehyde in any EHU Manufactured by a Defendant in this case. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action.

(15) **Stay of Actions and Pending Actions.** The Commencement and/or prosecution of the Action and any and all Pending Actions or any new action (including discovery) by Class Members and third persons against any of the Released Parties, including any and all Claims for Contribution, Indemnity, and/or Subrogation, by, on behalf of or through any Class Members and/or third persons, is hereby enjoined and stayed during the pendency of these settlement proceedings and until further ordered by this Court.

(16) **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (ii) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the

Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

Individual Defendants are contributing individual amounts to the Total Settlement Fund, and there is no joint and several liability for the Total Settlement Fund. Should any individual Defendant withdraw from the settlement for any reason allowed by the Settlement Agreement, the Total Settlement Fund (the $2.675 million) shall be reduced by that individual Defendant's contribution.

(17) **No Use of Settlement**. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Preliminary Approval Order shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or any Pending Action, or of any liability, fault, or wrongdoing of any kind. This Order shall be of no force or effect if the settlement does not become final and shall not be construed or used as an admission, concession or declaration by or against any of the Companies of any fault, wrongdoing, breach or liability.

(18) **Continuance of Hearing**. The Court reserves the right to continue the Fairness Hearing without further written notice. If the Fairness Hearing is continued from the currently scheduled date of _____, 2011, information regarding a rescheduled Fairness Hearing will be posted on the settlement website.

(19) **Addresses.** All mailings to Gerald E. Meunier required herein shall be mailed to:

> Gerald E. Meunier
> Justin I. Woods
> Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
> 2800 Energy Centre
> 1100 Poydras Street
> New Orleans, LA 70163

16

All mailings to Thomas W. Thagard required herein shall be made to the following address:

> Thomas W. Thagard, III
> Lorrie L. Hargrove
> Maynard, Cooper & Gale, P.C.
> 2400 Regions/Harbert Plaza
> 1901 6th Avenue North
> Birmingham, Alabama 35203

(20) **Class Benefit Formula**.  The Special Master shall file with the Court his proposed Class Benefit Formula at least five (5) days prior to the Fairness Hearing.

(21) **Amendments to Settlement Agreement.**  The terms and provisions of the Settlement Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to Class Members, if such changes are consistent with this Order and do not limit the rights of Class Members.

Thus done and signed, this _____ day of _____, 2011, _____, Louisiana.

 

 

UNITED STATES DISTRICT COURT JUDGE EASTERN DISTRICT OF LOUISIANA