## Indemnification Agreement

This INDEMNIFICATION AGREEMENT ("*Agreement*") is made and entered into as of January 18, 2011, by and between THE GARRETSON FIRM RESOLUTION GROUP, INC. ("*GFRG*") and FEMA PSC (the "*Law Firm*")  By way of this Indemnification Agreement, GFRG, for good and valuable consideration and intending to be legally bound, acknowledges that the parties listed on Exhibit A as "Indemnitees" (hereinafter, "Indemnitees") are express and intended third-party beneficiaries of GFRG's lien resolution and GFRG agrees to hold harmless, defend, and indemnify Indemnitees as provided herein.

**Medicare Parts A and B and Medicaid Resolution**  Certain claimants' counsel have retained GFRG in the FEMA case as LRA to resolve all conditional payment reimbursement rights that have been or may be asserted by Medicare within the meaning of the Medicare Secondary Payer statute, 42 U.S.C. §1395y(b)(2), for Medicare Parts A and B, and all payments made by state Medicaid agencies, as appropriate, based upon the provision of medical care or treatment provided to participating claimants connected or alleged to be connected with claims settled pursuant to FEMA settlement agreements. GFRG is performing these services in two steps: Verification and Resolution. GFRG is and has been coordinating the verification of which claimants are recipients of federal Medicare benefits (Parts A and B) and which are recipients of state Medicaid benefits, with Medicaid benefits verified in state of residence only per claimant, unless otherwise agreed to by claimants' counsel and GFRG. Following Verification in which GFRG identifies those participating claimants who are Medicare enrolled, GFRG applies its standard resolution protocols with the respective recovery agents / agencies (whether Medicare and/or Medicaid) to satisfy respective reimbursement obligations.

**LRA Certification**  As part of its process, GFRG as LRA is responsible to certify to Indemnitees within ninety (90) days of the Effective Date of respective FEMA Master Settlement Agreements, or within any reasonable extension thereof, whether: (1) any statutory conditional payment reimbursement claim is being asserted under federal laws by the Centers for Medicare and Medicaid Services ("CMS") for federal Medicare (Part A and/or B) against participating claimants; and (2) any statutory lien is being asserted under state laws by the respective state Medicaid agency which paid for a participating claimant's injury-related medical expenses. GFRG as LRA is further responsible to certify to Indemnitees as part of its resolution process (whether traditional or global) either: (1) the amount to resolve any and all such claims and/or liens as established by the agreement of the GFRG and CMS and/or the respective federal or state agencies ("Final Statutory Lien Amount"); or (2) the holdback amount agreed to by CMS and/or the respective federal or state agencies under which such agencies have agreed to finally resolve the respective statutory claims and/or liens ("Holdback Amount").

**Holdbacks and Disbursement.**  As part of the terms of the FEMA Stipulation of Settlement, no participating claimant's counsel or the Special Master, as appropriate, is permitted to disburse any settlement monies to a participating claimant without either: (1) obtaining certification from the LRA that such claimant is not subject to any Medicare (Part A and B) statutory reimbursement claim by CMS or similar lien by state Medicaid; or (2) withholding from such claimant's settlement funds the Final Statutory Lien Amount or the applicable Holdback amount(s) described above to facilitate partial payment to such claimant while such liens are finalized (and after which the residual of the Holdback amount, if any, shall be paid to the applicable claimant). To insure satisfaction of all reimbursement obligations, funds are disbursed from the Qualified Settlement Fund escrow or custodial accounts to accounts over which GFRG has control or access, and GFRG is responsible to insure that such reimbursement obligations are satisfied.

**Intended Third Party Beneficiary and Sole Benefit Provisions.**  The foregoing provisions are solely for the benefit of participating claimants, the LRA and Indemnitees, as express and intended third-party

02084186.1

beneficiaries. GFRG agrees to hold harmless, defend and indemnify Indemnitees for any and all damages or losses that Indemnitees may incur, including attorneys' fees and costs, in connection with the assertion against Indemnitees of any liens, assignment rights or other claims for which GFRG has undertaken responsibility as LRA or as specified herein. The LRA shall not be responsible for indentifying or resolving any other liens including, without limitation, liens by any other third-party payers, subrogation claims, liens or other rights to payment relating to medical treatment or lost wages, or any liens based on any legal expenses, bills or costs that have been or may be asserted by any healthcare provider, employer, insurer, including any coverage offered through private insurance companies intended to supplement or replace any plan of a Governmental Authorities Third Party Payer/Provider (including but not limited to Federal Employees Health Benefit (FEHB) plans such as Blue Cross Federal, or Blue 365), or any other person or entity with such reimbursement rights ("Other Liens").

Miscellaneous. This Agreement shall bind, benefit, and be enforceable by and against each party and their successors, permitted assigns, heirs and personal representatives. No party shall assign any of its rights or obligations under this Agreement without the express prior written consent of the other party. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio, without regard to conflict of laws principles. If any provision of this Agreement is construed to be invalid, illegal or unenforceable, the remaining provisions shall not be affected thereby. This three-page Agreement may be executed in counterparts, whether via facsimile, electronic mail, or otherwise, with each signature constituting an original. This agreement may be amended or modified, in whole or in part, by written agreement of the parties.

Dated this 2nd of March, 2011.

Garretson Firm Resolution Group, Inc.

By: _____
Name: Jason Wolf
Title: Managing Director

02084186.1

_Justin R. Woods_

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier &
Warshauer, LLC
2800 Energy Center
1100 Poydras St.
New Orleans, LA 70163

On behalf of the PSC

02084186.1

*Justin R. Woods*

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier &
Warshauer, LLC
2800 Energy Center
1100 Poydras St.
New Orleans, LA 70163

On behalf of the PSC

02084186.1

## EXHIBIT A    "INDEMNITEES"

Destiny Industries, LLC
Steadfast Insurance Company as alleged insurer of Destiny Industries, LLC
Colony National Insurance Company as alleged insurer of Destiny Industries, LLC
Crum and Forster Specialty Insurance Company as alleged insurer of Destiny Industries, LLC
Lexington Homes, Inc.
Steadfast Insurance Company as alleged insurer of Lexington Homes, LLC
Landmark American Insurance Company as alleged insurer of Lexington Homes, LLC
TownHomes, LLC
Fairmont Homes, Inc.
Friendship Homes Of Minnesota, Inc.
JEJ Molding
Kustom Woodworking, Inc.
Oak Creek Homes Inc.
Oak Creek Homes LP
American Homestar Corp.
Arch Specialty Insurance Company as alleged insurer of Oak Creek And American Homestar
Athens Park Homes, LLC
The Burlington Insurance Company as alleged insurer of Athens Park.
Horton Homes, Inc.
Indiana Building Systems, LLC D/B/A Holly Park Homes
Travelers Property Casualty Company of America and it's parents, subsidiaries, successors and assigns, as alleged insurer of Indiana Building Systems, LLC.
Travelers Property Casualty Company of America and it's parents, subsidiaries, successors and assigns, as alleged insurer of Champion Enterprises, Inc., Champion Home Builders Co., Homes Of Merit, Inc., and Redman Homes Inc., f/k/a Dutch Housing, Inc.
Cavalier Homes, Inc., and is subsidiary Cavalier Home Builders, LLC
Alternative Service Concepts, LLC, for Cavalier Homes, Inc. and Cavalier Home Builders, LLC
National Union Fire Insurance Company of Pittsburgh, Pa., as alleged insurer of Cavalier Homes, Inc. and Cavalier Home Builders, LLC
Liberty Homes Inc., and its subsidiary Waverlee Homes, Inc.
Chartis Specialty Insurance Company, as alleged insurer of Liberty Homes Inc., and its subsidiary Waverlee Homes, Inc.
River Birch Homes, Inc.
The Argonaut Specialty Group and Colony National Insurance Company as alleged insurers of River Birch Homes, Inc.
Interstate Fire & Casualty Insurance Company, A Fireman's Fund Insurance Company, A Company Of Allianz, as alleged insurer of River Birch Homes, Inc.
Scotbilt Homes, Inc.
Harleysville Group, Harleysville Mutual, Harleysville Mutual Insurance Group, Harleysville Atlantic, Harleysville of New Jersey, Harleysville of Ohio, Harleysville Preferred, Harleysville Insurance Company, Harleysville of New York, Harleysville Lake States, Harleysville Worcester, Insurance Management Resources LP, Harleysville Pennland for Scotbilt Homes, Inc.

02084186.1

Patriot Homes, Inc., and its subsidiary Patriot Manufacturing Inc., and its subsidiary Patriot Texas Manufacturing Limited, Inc., and its subsidiary Patriot Homes Of Texas, L.P.
Silver Creek Homes, Inc.
Alliance Homes, Inc., dba Adrian Homes
CMH Manufacturing Inc.
Southern Energy Homes, Inc.,
Giles Family Holdings, Inc.
Giles Industries, Inc.
Giles Industries Of Tazewell, Incorporated
Giles Acquisition Corp.,
Palm Harbor Homes, Inc.
Palm Harbor Manufacturing, LP
Palm Harbor Albemarle, LLC
American Home Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, and Illinois National Insurance Company, as alleged insurers of Palm Harbor Homes, Inc., Palm Harbor Manufacturing, LP, and Palm Harbor Homes, Inc., Palm Harbor Manufacturing, LP, and Palm Harbor Albemarle, LLC

02084186.1