UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| EXHIBIT A |

IN RE: FEMA TRAILER  
FORMALDEHYDE  
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT  
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:  
*Age, et al v. Gulf Stream Coach, Inc., et al,* No. 09-2892

*************************************************

## JURY VERDICT FORM

**A.   GULF STREAM COACH, INC. ("GULF STREAM")**

1. Do you find that the Gulf Stream trailer occupied by Alana Alexander ("Alexander") and Christopher Cooper ("Cooper") was unreasonably dangerous in its construction or composition?

    Yes_____    No ✓_____

    [PROCEED TO QUESTION NO. 2]

2. Do you find that the Gulf Stream trailer occupied by Alexander and Cooper was unreasonably dangerous in its design?

    Yes_____    No ✓_____

    [PROCEED TO QUESTION NO. 3]

-1-

3. Do you find that the Gulf Stream trailer occupied by Alexander and Cooper was unreasonably dangerous because an adequate warning about the trailer was not provided?

   Yes_____   No ✓

   [IF YOU ANSWERED ANY OF QUESTION NUMBERS 1, 2, or 3 "YES", PROCEED TO QUESTION NO. 4. IF YOU ANSWERED EACH AND ALL QUESTION NUMBERS 1, 2, AND 3 "NO", PROCEED TO PART B, QUESTION 7]

4. Do you find that any unreasonably dangerous condition of the trailer existed at the time it left Gulf Stream's control?

   Yes_____   No_____

   [IF YOU ANSWERED QUESTION NUMBER 4 "YES", PROCEED TO QUESTION NO. 5. IF YOU ANSWERED QUESTION NUMBER 4 "NO", PROCEED TO PART B, QUESTION 7]

5. Do you find that Christopher Cooper sustained injury to which Gulf Stream substantially contributed, as a result of any unreasonably dangerous condition of the trailer?

   Yes_____   No_____

   [PROCEED TO QUESTION NO. 6]

6. Do you find that Alana Alexander sustained injury to which Gulf Stream substantially contributed, as a result of any unreasonably dangerous condition of the trailer?

   Yes_____   No_____

   [PROCEED TO QUESTION NO. 7]

-2-

B. **FLUOR ENTERPRISES, INC. ("FLUOR")**

    7. Do you find that Fluor was negligent in regard to its actions or inactions concerning the hauling and/or installing of the trailer occupied by Alexander and Cooper?

    Yes____ No__✓__

    [IF YOU ANSWERED QUESTION NO. 7 "YES", PROCEED TO QUESTION NO. 8. IF YOU ANSWERED QUESTION NO. 7 "NO", PROCEED TO PART C, QUESTION 10, WITHOUT REGARD TO THE PARENTHETICAL INSTRUCTIONS BETWEEN C AND QUESTION NO. 10]

    8. Do you find that Christopher Cooper sustained injury to which Fluor substantially contributed, as a result of the negligence of Fluor in its actions or inactions concerning the hauling and/or installing of the trailer occupied by Alexander and Cooper?

    Yes____ No____

    [PROCEED TO QUESTION NO. 9]

    9. Do you find that Alana Alexander sustained injury to which Fluor substantially contributed, as a result of the negligence of Fluor in its actions or inactions concerning the hauling and/or installing of the trailer occupied by Alexander and Cooper?

    Yes____ No____

    [PROCEED TO PART C, QUESTION NO. 10]

-3-

C. **ALLOCATION OF FAULT/DAMAGES**

[IF YOU ANSWERED EACH AND ALL OF QUESTION NOS. 5, 6, 8, and 9, "NO", DO NOT ANSWER ANY MORE QUESTIONS. PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT. OTHERWISE, PROCEED TO QUESTION NO. 10 IF YOU ANSWERED QUESTIONS NOS. 5 OR 8 "YES." IF YOU ANSWERED BOTH QUESTION NOS. 5 AND 8 "NO," PROCEED TO QUESTION 11.]

10. For Christopher Cooper, please allocate on a percentage basis the degree of fault, if any, which you attribute to each of the following parties and non-parties. Please be careful to enter "0" or leave blank where you have found no fault on the part of a party in your previous answers. All numerical percentages you enter in this question should add up to a total of 100%:

Defendant Gulf Stream Coach, Inc.                              _0_%
(If you answered "no" to Question
Nos. 1, 2, and 3; or if you answered
"no" to Question No. 4, you must put
a zero in this blank)

Defendant Fluor Enterprises, Inc.                              _0_%
(If you answered "no" to Question Nos.
7 or 8, you must put a zero in this blank)

Plaintiff Alana Alexander                                      _0_%

United States (FEMA)                                           _0_%

Person or Entity Other Than Defendants,
FEMA, or Alexander (maintenance contractor
and/or installer sub-contractors only)                         _0_%

                                                        **100% (TOTAL)**

[PROCEED TO QUESTION NO. 11 IF YOU ANSWERED QUESTIONS NOS. 6 OR 9 "YES." IF YOU ANSWERED BOTH QUESTION NOS. 6 AND 9 "NO," PROCEED TO QUESTION 12 ONLY IF YOU ANSWERED QUESTION NO.

-4-

10. OTHERWISE, PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.]

11. For Alana Alexander, please allocate on a percentage basis the degree of fault, if any, which you attribute to each of the following parties and non-parties. Please be careful to enter "0" or leave blank where you have found no fault on the part of a party in your previous answers. All numerical percentages you enter in this question should add up to a total of 100%:

| | |
|---|---|
| Defendant Gulf Stream Coach, Inc.<br>(If you answered "no" to Question Nos. 1, 2, and 3; or if you answered "no" to Question No. 4, you must put a zero in this blank) | __0__ % |
| Defendant Fluor Enterprises, Inc.<br>(If you answered "no" to Question Nos. 7 or 9, you must put a zero in this blank) | __0__ % |
| Plaintiff Alana Alexander | __0__ % |
| United States (FEMA) | __0__ % |
| Person or Entity Other Than Defendants, FEMA, or Alexander (maintenance contractor and/or installer sub-contractors only) | __0__ % |
| | 100% (TOTAL) |

[PROCEED TO QUESTION NO. 12]

-5-

12. What amount of damages, if any, do you find should be awarded with respect to each of the following claims:

| Claim | Amount |
|---|---|
| Past, present and future physical pain and suffering of Christopher Cooper: | $ 0 |
| Past, present and future mental anguish and emotional distress of Christopher Cooper: | $ 0 |
| Past, present and future medical expenses (including medical monitoring) for Christopher Cooper: | $ 0 |
| Loss or impairment of life's pleasures for Christopher Cooper: | $ 0 |
| Past, present and future mental anguish and emotional distress of Alana Alexander: | $ 0 |
| Loss of consortium for Alana Alexander | $ 0 |

Date 9/24/09

JURY FOREPERSON
CHARLES Smallwood

-6-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                                MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION        SECTION "N-5"

                                                            JUDGE ENGELHARDT
                                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Wright v. Forest River/Shaw*
Member Case No. 09-2977

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## JURY VERDICT FORM

A.  **FOREST RIVER, INC. ("FOREST RIVER")**

   1. Do you find that the Forest River trailer occupied by Lyndon Wright ("Wright") was unreasonably dangerous in its construction or composition?

      Yes_____    No __X__

      [PROCEED TO QUESTION NO. 2]

   2. Do you find that the Forest River trailer occupied by Wright was unreasonably dangerous in its design?

      Yes_____    No __X__

      [PROCEED TO QUESTION NO. 3]

-1-

3. Do you find that the Forest River trailer occupied by Wright was unreasonably dangerous because an adequate warning about the trailer was not provided?

   Yes_____   No __X__

   [IF YOU ANSWERED ANY OF QUESTION NUMBERS 1, 2, or 3 "YES", PROCEED TO QUESTION NO. 4. IF YOU ANSWERED EACH AND ALL OF QUESTION NUMBERS 1, 2, AND 3 "NO", PROCEED TO PART B, QUESTION 6]

4. Do you find that any unreasonably dangerous condition of the trailer existed at the time it left Forest River's control?

   Yes_____   No_____

   [IF YOU ANSWERED QUESTION NUMBER 4 "YES", PROCEED TO QUESTION NO. 5. IF YOU ANSWERED QUESTION NUMBER 4 "NO", PROCEED TO PART B, QUESTION 6]

5. Do you find that Wright sustained injury to which Forest River substantially contributed, as a result of any unreasonably dangerous condition of the trailer?

   Yes_____   No_____

   [PROCEED TO PART B, QUESTION NO. 6]

B. **SHAW ENVIRONMENTAL, INC. ("SHAW")**

6. Do you find that Shaw was negligent in regard to its actions or inactions concerning the hauling and/or installing of the trailer occupied by Wright?

   Yes_____   No __X__

   [IF YOU ANSWERED QUESTION NO. 6 "YES", PROCEED TO QUESTION NO. 7. IF YOU ANSWERED "NO" TO QUESTION NO. 6, BUT "YES" TO ANY OF QUESTION NOS. 1, 2, OR 3, AND "YES" TO QUESTION NO. 5, PROCEED DIRECTLY TO QUESTION NO. 8, WITHOUT REGARD TO THE

-2-

    PARENTHETICAL INSTRUCTIONS BETWEEN PART C AND QUESTION NO. 8. IF YOU ANSWERED "NO" TO EACH AND ALL OF QUESTION NOS. 1-3 AND 6, PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT. ]

7. Do you find that Wright sustained injury to which Shaw substantially contributed, as a result of the negligence of Shaw in its actions or inactions concerning the hauling and/or installing of the trailer occupied by Wright?

   Yes\_\_\_\_    No\_\_\_\_

   [PROCEED TO PART C BELOW]

C. **ALLOCATION OF FAULT/DAMAGES**

   [IF YOU ANSWERED BOTH QUESTION NOS. 5 and 7, "NO", DO NOT ANSWER ANY MORE QUESTIONS. PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT. OTHERWISE, PROCEED TO QUESTION NO. 8]

8. Please allocate on a percentage basis the degree of fault, if any, which you attribute to each of the following parties and non-parties. Please be careful to enter "0" or leave blank where you have found no fault on the part of a party in your previous answers. All numerical percentages you enter in this question should add up to a total of 100%:

   Defendant Forest River, Inc.                                 _____%
   (If you answered "no" to all of Question
   Nos. 1, 2, and 3; or if you answered
   "no" to Question Nos. 4 or 5, you must put
   a zero in this blank)

   Defendant Shaw Environmental, Inc.                           _____%
   (If you answered "no" to Question Nos.

6 or 7, you must put a zero in this blank)

Plaintiff Lyndon Wright _____ %

United States (FEMA) _____ %

Person or Entity Other Than Defendants,
FEMA, or Wright (maintenance and
deactivation contractors or MDCs) _____ %

100% (TOTAL)

[PROCEED TO QUESTION NO. 9]

9. What amount of damages, if any, do you find should be awarded with respect to each of the following claims:

Past, present and future physical pain and suffering
of Lyndon Wright: $_____

Past, present and future mental anguish and emotional
distress of Lyndon Wright: $_____

Future medical expenses for Lyndon Wright: $_____

Loss or impairment of life's pleasures
for Lyndon Wright: $_____

Date 3/29/2010

JURY FOREPERSON

-4-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Castanel v. Recreation By Design, LLC*
Member Case No. 09-3251

************************************************

### JURY VERDICT FORM

A. **LIABILITY**

1.  Do you find that the RBD trailer occupied by Castanel was unreasonably

    dangerous in its design?

    Yes_____   No__X__

    [PROCEED TO QUESTION NO. 2]

2.  Do you find that the RBD trailer occupied by Castanel was unreasonably

-1-

dangerous because an adequate warning about the trailer was not provided?

Yes _____   No __X__

[IF YOU ANSWERED EITHER OF QUESTION NUMBERS 1 OR 2 "YES", PROCEED TO QUESTION NO. 3. IF YOU ANSWERED BOTH OF QUESTION NUMBERS 1 AND 2 "NO", PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.]

3. Do you find that any unreasonably dangerous condition of the trailer existed at the time it left RBD's control?

Yes _____   No _____

[IF YOU ANSWERED QUESTION NUMBER 3 "YES", PROCEED TO PART B, QUESTION NO. 4. IF YOU ANSWERED QUESTION NUMBER 3 "NO", PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.]

B. **DAMAGES**

4. Do you find that Castanel sustained injury to which RBD substantially contributed, as a result of any unreasonably dangerous condition of the trailer?

Yes _____   No _____

[IF YOU ANSWERED QUESTION NUMBER 4 "YES", PROCEED TO PART C, QUESTION NO. 5. IF YOU ANSWERED QUESTION NUMBER 4 "NO", PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.]

C. **ALLOCATION OF FAULT/DAMAGES**

5. Please allocate on a percentage basis the degree of fault, if any, which you attribute to each of the following parties and non-parties. All numerical percentages you enter in this question should add up to a total of 100%:

   Defendant Recreation By Design, LLC      _____%

   Plaintiff Earline Castanel                _____%

   Shaw Environmental, Inc.                  _____%

   United States (FEMA)                      _____%

                                             **100% (TOTAL)**

   [PROCEED TO QUESTION NO. 6]

6. What amount of damages, if any, do you find should be awarded with respect to each of the following claims:

   Past, present and future physical pain and suffering
   of Earline Castanel:                                         $_____

   Past, present and future mental anguish and emotional
   distress of Earline Castanel:                                $_____

   Past medical expenses for Earline Castanel                   $_____

   Loss or impairment of life's pleasures
   for Earline Castanel:                                        $_____

   [PLEASE SIGN AND DATE THIS JURY VERDICT FORM, AND ADVISE THE COURT SECURITY OFFICER THAT YOU HAVE REACHED A VERDICT.]

   Date 5/24/10                    *Maureen Catalano*
                                   JURY FOREPERSON