UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br>SECTION "N-5"<br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO ALL CASES

-----

### DECLARATION OF JOHN W. PERRY, JR.

COMES NOW John W. Perry, Jr., being of sound mind and lawful age, and subject to the penalties for perjury deposes and states as follows:

1. My name is John W. Perry, Jr.. I am the court-appointed mediator in the above-captioned case. I have personal knowledge of the matters declared herein.

2. A copy of my resume is attached. Of the approximately 4,000 mediations conducted during the course of my career, many were class action settlements and I have been called upon in previous matters to provide testimony similar to the representations made in this Declaration.

3. The Court appointed me as mediator in this case on April 8, 2010 to facilitate settlement negotiations and to explore the potential for a global settlement among the defendants who manufacture the manufactured homes (the "Defendants") at issue in this case and the plaintiffs who have sued those Defendants (the "Plaintiffs"). I was heavily involved in all stages of the settlement negotiations. I met privately with counsel for the plaintiffs and then had a number of sessions with just the defendants in New Orleans, Louisiana. There were multiple

meetings with counsel and client representatives present. There were also a number of conference calls with all mediation participants (plaintiffs and defendants) for the purpose of discussing various aspects of settlement. The parties reached a tentative settlement in the summer of 2010 after months of negotiating. Settlement negotiations were hard fought and arms-length. Counsel for both sides vigorously represented their clients' interests during the negotiations.

4. Based on my review of the facts, evidence and history, the settlement reached between Plaintiffs and Defendants is fair, adequate and reasonable, particularly in light of the following:

a. The Court denied Plaintiffs' motion for a litigated class action on December 29, 2008, citing, amongst other reasons, the variations in state laws in issue, the various possible causes of Plaintiffs' injuries, and the different manufacturers and products involved in this case. This ruling required each Plaintiff's case to be determined individually, thus increasing the complexity, expense and likely duration of the litigation. This litigated class certification denial weighs heavily in favor of the negotiated settlement, as these cases involve complex scientific proof, which is expensive for both sides and involves substantial time and resources.

b. On May 29, 2009, the Court granted in part Defendants' motion to dismiss based on preemption, dismissing with prejudice all claims in this case that advance a standard of care that is different from (i.e., not identical to) the formaldehyde regulations in the HUD Code and the formaldehyde warning standard specifically set forth in 24 C.F.R. § 3280.309(a). The Preempted Claims constituted the bulk of Plaintiffs' claims in this Action and in the Pending Actions asserted against the Defendants. This ruling changed

the nature of the claims in this purported class action, with the remaining claims against the Defendants restricted to the standard of care found in the federal HUD Code, a standard code applicable to all of the Defendants in this Action. This ruling made the prosecution of Plaintiffs' claims against the Defendants significantly more difficult.

c.  The Plaintiffs are faced with significant burden of proof issues with respect to causation. For example, for each Plaintiffs' case the Plaintiff must fund individual destructive testing of the manufactured home to prove the sources and levels of formaldehyde. For many Plaintiffs, the manufactured home no longer exists or can no longer be located. Further, many individual Plaintiffs faced causation problems due to the fact that they were smokers or had independent bases separate from formaldehyde exposure for their health issues.

d.  The Parties have already tried three bellwether trials, all of which have resulted in defense verdicts.

e.  It was represented to me during the negotiation by the defense interest that the only credible scientific proof of latent injuries from formaldehyde exposure are for nasopharyngeal cancer and myleloid leukemia. Cases of future illnesses for these two cancers have been excluded from the settlement.

Baton Rouge, Louisiana, this 6th day of January, 2011.

WITNESSES:

_____          _____
                                          John W. Perry, Jr.

_____
Daniel J. Balhoff
Notary Public