UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                      MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                      SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member case no. 10-196

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 11990).  This motion is opposed by Defendant Gulf Stream Coach, Inc. ("Gulf Stream") and Superior Homes, LLC. (See Rec. Docs. 13013 and 18459).  After considering the memoranda of the parties and the applicable law, the Court denies this motion.

**I.**     **BACKGROUND**

On December 8, 2009, Plaintiffs filed suit against Gulf Stream in the Civil District Court for the Parish of Orleans.  On January 27, 2010, Gulf Stream removed the case to this court, based on two grounds: 1) diversity jurisdiction, 28 U.S.C. § 1332; and 2) Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). (Rec. Doc. 1). This case arises from operative facts that are the subject of multidistrict litigation ongoing in this Court before the undersigned, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL 07-1873. Plaintiffs timely filed the instant Motion to Remand on February 26, 2010, alleging that this

1

Court lacks jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1442(a)(1). Here, because this Court finds that it has diversity jurisdiction over this matter under section 1332, it need not consider the arguments relative to jurisdiction under the Federal Officer Removal Statute or the Class Action Fairness Act, 28 U.S.C. § 1332(d)[1].

## II.   ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. See 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). The removing party (here, Gulf Stream) bears the burden of showing that federal jurisdiction exists at the time of removal. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); see also *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states.[2] Under Fifth Circuit law, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. See, 63 F.3d at 1335. When

---

[1] The Court notes that the argument regarding jurisdiction under the Class Action Fairness Act was made by Gulf Stream for the first time in opposition to the instant motion. (See Rec. Doc. 13013, pp. 18-21). It was not mentioned as a basis for jurisdiction in the initial Notice of Removal. (Member case no. 10-196, Rec. Doc. 1).

[2] Here, it is not disputed that the parties are citizens of different states. The disputed issue is whether the requisite amount in controversy is satisfied.

the plaintiff alleges a specific damages figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The converse holds true, barring removal, if a plaintiff pleads damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In this instance, however, Plaintiffs filed this action in Louisiana state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. See La. Code Civ. Proc. art. 893. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *Manguno*, 276 F.3d at 723 (citing De Aguilar, 47 F.3d at 1412). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Id.*

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. See *De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (*emphasis added*).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to

3

recovery below the threshold amount.

*Id.* at 1412, n. 10. In Louisiana state courts, plaintiffs are not limited to the damages requested in their pleadings. See La.Code Civ. P. art. 862. Accordingly, for pre-removal state court pleadings and stipulations to be binding and, thus, preclude federal court removal, Louisiana plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.*, Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D.La.2006) (Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc* ., Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D.La.2003) (Vance, J.).

Post-removal affidavits or stipulations may be considered in support of remand only under limited circumstances. If the amount in controversy is ambiguous at the time of removal, the Court may consider such post-removal submissions, but solely to ascertain the amount in controversy as of the date of removal. See *Gebbia v. Wal-Mart Stores, Inc.*, 233 F .3d 880, 883 (5th Cir.2000); *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993) (in determining whether remand is proper, a court may consider an affidavit clarifying a petition that previously left the jurisdictional question ambiguous); *Ardoin v. Allstate Ins. Co.*, No. 06-7624, 2007 WL 97062, *2 (E.D.La.2007) (Vance, J.); *Tenet Health Systems Hosps. Inc. v. Crosby Tugs, Inc.*, et al., No. 04-1632, 2005 WL 1038072, *4, n. 10 (E.D.La.2005) (Engelhardt, J.). If the amount in controversy, however, is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiff cannot deprive a federal court of jurisdiction. *Gebbia*, 233 F.3d at 883.

Here, there are 90+ plaintiffs[3] involved in this action. Both sides agree that Plaintiffs' claims cannot be aggregated to equal or exceed $75,000.00. See *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559, 563-64 (5th Cir. 1993) ["ANPAC"], *abrogated on other grounds* by *Marathon Oil Co. v. A.G. Ruhrgas*, 145 211 (5th Cir. 1998); *Eagle Star Insurance Co. v. Maltes*, 313 F.2d 778, 779-80 (5th Cir. 1963). However, Gulf Stream correctly notes that where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies 28 U.S.C. §1332(a)'s amount-in-controversy requirement, 28 U.S.C. §1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount." *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 2616-2628 (2005).

While Gulf Stream asserts that it is facially apparent from Plaintiffs' Original Petition for Damages that potential damages in this matter exceed $75,000.00 for any individual plaintiff, this Court focuses its analysis on whether at least *one* Plaintiff's claims for damages could be reasonably calculated to exceed $75,000.00. In other words, this Court rests its decision on the summary judgment-type evidence of facts in controversy set forth by Gulf Stream that supports a finding of the requisite amount.

Several of the plaintiffs in this action, in discovery, submitted "Plaintiff Fact Sheets" in 2008[4] and attached to those fact sheets the Department of Justice's Form 95 "Claim for Damage,

---

[3] Plaintiffs claim that there are 97 plaintiffs in this action (see Rec. Doc. 11990, p. 5); Gulf Stream claims that there are 94 plaintiffs (see Rec. Doc. 13013, p. 8).

[4] These 2008 Plaintiff Fact Sheets were relevant at the time this removal was filed, unlike the post-removal declarations/stipulations to be discussed *infra*.

Injury or Death " ("Form 95"). Form 95 asks Plaintiffs to cite, in specific dollar amounts, the amount of damages they seek. Several Plaintiffs seeks damages in excess of $75,000. (See Exhibit B to Rec. Doc. 13013). Indeed, every Plaintiff, except one, who submitted a Form 95 valued his/her claim in excess of the requisite amount under section 1332.

While Plaintiffs have attempted to avoid jurisdiction under 28 U.S.C. §1332 by submitting post-removal affidavits and declarations stating that no individual claim exceeds $75,000.00 (see Exhibits C and D to rec. Doc. 11990), Gulf Stream points out that the evidence before the Court demonstrates that many of the named Plaintiffs, in sworn claims to the federal government, disagree with their counsel as to the value of their claims. Further, Exhibit C to Rec. Doc. 11990 is an affidavit from attorney J. Scott Daniels, signed February 25, 2010, asserting that an employee of his firm spoke with all plaintiffs in this matter prior to the filing of suit, and these plaintiffs instructed the firm to seek damages less than $75,000.00 per claim. This affidavit, however, is inadmissible hearsay. When addressing a similar issue in *Aisola v. Exxonmobil Corp.*, No. 08-1105, 2009 WL 1455788, n. 1 (E.D. La. 05/22/09), the undersigned reasoned:

> There has been no showing that Plaintiffs' counsel is a fact witness in this case and thus his testimony as to the extent of his clients' injuries is not admissible. The Court notes that it is an ethical violation for an attorney to assert personal knowledge of facts in issue if he is not a witness. See La. Rule of Professional Conduct 3.4(e). Finally, even if the Court were to construe this affidavit as a stipulation from Plaintiffs that their damages do not exceed the requisite jurisdictional amount, such a stipulation must have been filed with the complaint to be effective. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995) ("[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, ... later filings [are] irrelevant.").

Here, Daniels has worded his affidavit in such a way as to avoid directly testifying about his

clients' damages. Instead, he attests to having personal knowledge of an employee of his firm speaking to the clients at which time the clients allegedly relayed to the employee that their claims do not equal or exceed $75,000.00. This, indeed, amounts to *hearsay within hearsay*. F. R. Evidence 802.  This affidavit, thus, cannot be considered.

Still further, as Gulf Stream notes, three of the named plaintiffs in this matter (Michelle Abram, Emma Anderson, and Keith Carter) are also named plaintiffs in a Federal Complaint filed against Gulf Stream asserting the same allegations and seeking the same relief, in the Eastern District of Louisiana under the MDL No. 07-1873, Member case No. 09-2963. Paragraphs seven and eight of this Complaint state:

> 7. Each plaintiff alleges to have suffered damages in an amount *in excess of $75,000.00*, exclusive of costs and interests.
>
> 8. Pursuant to 28 U.S.C. 1332, this Court has subject matter jurisdiction over the claims asserted herein against the defendant(s) with citizenship other than the plaintiff(s) because of diversity of citizenship and because *the amount in controversy exceeds $75,000.00*, exclusive of interest of costs.

(Exhibit H to Rec. Doc. 13013, *emphasis added*).  The Court considers these factual assertions in this pleading to be judicial admissions conclusively binding on Abram, Carter, and Anderson. *White v. ARCO/Polymers Inc.,* 720 F.2d 1391 (5th 1983).  Thus, the Court concludes that Abram, Anderson, and Carter are bound to their judicial admissions of claims in excess of $75,000.00 regardless of the statements made in any post-removal declarations.  Thus, according to *Exxon Mobile*, because at least one named plaintiff in this action satisfies section 1332's amount in controversy requirement, this Court has jurisdiction over the claims of all of the other plaintiffs in this action.  125 S. Ct. 2616-2628.

Indeed, Plaintiffs seem to be walking a fine line of promising just enough to secure a

remand of this matter to state court, but not enough to be bound by such a limitation of damages in state court. Plaintiffs have certainly not shown the requisite "commitment to recovery below the threshold amount." *De Aguilar*, 47 F.3d at 1412. Plaintiffs have not offered a binding stipulation saying that they will accept less than $75,000 in state court if awarded damages in excess of that amount.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that jurisdiction is established. Thus, **IT IS ORDERED** that **Plaintiffs' Motion to Remand (Rec. Doc. 11990)** is **DENIED**.

New Orleans, Louisiana, this 15th day of March, 2011.

_____
 **KURT D. ENGELHARDT**
 **United States District Court**