# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: " N"(5) |
| | | * | |
| This Document Relates to: | | * | JUDGE: ENGELHARDT |
| *Joyce Mims v. Sunnybrook RV, Inc.,* | | * | |
| *Case No. 11-422* | | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUNNYBROOK RV, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

**NOW INTO COURT,** through undersigned counsel, comes defendant, Sunnybrook RV, Inc. ("Sunnybrook"), who files this opposition to Plaintiff Joyce Mims' Motion to Remand. Based on the laws and facts stated herein, Sunnybrook avers that this matter has been properly removed to this Court on the following grounds:

Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as the plaintiff is diverse in citizenship from the defendant and the amount in controversy more likely than not exceeds $75,000.00 per plaintiff. More particularly -

(a)    Plaintiff's general allegation that plaintiff does not seek more than $75,000.00 in damages is not dispositive;

(b)    Plaintiff's "Declaration under Penalty of Perjury" is not a binding stipulation, and has no effect in this matter;

(c)    The category of damages sought in the Complaint and jurisprudence involving similar cases clearly demonstrates that, if proven, the plaintiff's claims could be worth greater than $75,000.00;

(i)     It is facially apparent from the Plaintiff's Original
        Complaint that potential damages in this matter exceed
        $75,000.00;

(ii)    Alternatively, based a sample of awards granted by various
        juries for cases similar to the current matter, the allegations
        of the Plaintiff, if proven at trial, are reasonably valued at
        over $75,000.00, thus invoking federal jurisdiction.

## I.     Background.

On or about December 29, 2010, the plaintiff filed an Original Petition entitled *"Joyce*

*Mims v. Sunnybrook RV, Inc."*, bearing Docket Number E-0189032 (the "Complaint"), in the

District Court for the County of Jefferson, State of Texas.[1]  On or about February 2, 2011, Plaintiff

filed her Amended Petition (the "Amended Complaint") in the same court.[2]  Neither pleading was

served on Sunnybrook.

On February 2, 2011, Sunnybrook properly removed this matter to the Federal Court for the

Eastern District of Texas ("the Removal").  On February 10, 2011, the United States Judicial Panel on

Multidistrict Litigation conditionally transferred the case to the Eastern District of Louisiana for

inclusion in the instant ongoing multidistrict litigation.  Plaintiff filed a Motion to Remand in this

matter on March 3, 2011, alleging that the Removal was deficient and the Eastern District lacked

jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1442(a)(1).

Sunnybrook respectfully submits that the Motion should be denied, and this Honorable

Court should retain jurisdiction over the instant lawsuit.

---

[1]  *See* Case No. 11-0422, Rec. Doc. 1-2
[2]  *Id.*

II.   **Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as the plaintiff is diverse in citizenship from the defendant and the amount in controversy more likely than not exceeds $75,000.00.**

In her Memorandum in Support of her Motion to Remand, Plaintiff argues that this Court has no jurisdiction to hear this matter under 28 U.S.C. 1332 for three separate reasons: 1) Plaintiff has "stipulated" that the amount in controversy is less than $75,000.00 per plaintiff, 2) the jurisdictional amount is not facially apparent from the Original Complaint, and 3) Sunnybrook has set forth no facts or evidence showing the jurisdictional amount has been satisfied.  Each of these arguments is without merit.

A.   **Plaintiff's general allegation that she does not seek more than $75,000.00 in damages is not dispositive.**

Plaintiff does not dispute that diversity of citizenship exists between the parties.[3]  The Plaintiff, however, alleges that the damages sought by her, exclusive of costs and interest, are less than $75,000.00.[4]

Under 28 U.S.C. §1332(a), a federal court has diversity jurisdiction if the matter in controversy: (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.  In her Complaint, Plaintiff attempts to specifically limit her damages by asserting that she does not seek more than $75,000.00, exclusion of interest or costs.  The "amount in controversy should be determined at the time of filing."  *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).  In cases where an exact amount is pled, the sum claimed by the plaintiff controls if the claim is made in good faith.  *See Thrash v. New England Mut. Life Ins.*

---

[3] *See* Memorandum in Support of Motion to Remand, Record Document #20422-2, p. 2.
[4] *Id.*

*Co.,* 534 F.Supp.2d 691, 693 (S.D. Miss. 2008.)  However, a simple allegation by Plaintiffs that they are not seeking damages in excess of the jurisdictional amount is not dispositive. *Zunamon v. Brown,* 418 F.2d 883 (8th Cir. 1969).  Federal diversity jurisdiction cannot be determined by looking solely to what a plaintiff asks for in way of damages. *Alker v. Insurance Co. of North America,* 279 F. Supp. 902 (E.D. La. 1968).

Furthermore, where no <u>specific</u> amount is alleged in the Complaint, the party invoking federal jurisdiction may prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Thrash,* 534 F.Supp.2d at 693 (emphasis added) (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993)).  The district court must first examine the Complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *White,* 319 F.3d 672 at 675 (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)).  If a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Thrash,* 534 F.Supp.2d at 693 (quoting *Allen v. R&H Oil and Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).

The plaintiff's burden of proving this legal certainty of not recovering more than the amount pled for in the complaint can be met by: (1) showing state procedural rules binding a plaintiff to his pleadings; or (2) filing with the complaint a binding stipulation or affidavit to that

effect. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).  Statements found in Complaints, such as those found here, allege that plaintiffs "do not seek a judgment in excess of $75,000.00" do not constitute a "specific amount" under *Thrash* or *De Aguilar. See, generally, Jackson v. Balboa Insurance Co., et al.,* 590 F.Supp.2d 825 (S.D. Miss. 2008); *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 722-23 (5th Cir. 2002).

Because the allegation seeking to limit damages under the jurisdictional requisite is neither dispositive nor a "specific amount," the allegations of injury and damages sought must be properly evaluated before any determination as to jurisdictional amount may be made.  The allegation in Plaintiff's Complaint that she seeks no more than $75,000.00, *per se,* is not enough to prevent federal jurisdiction under 28 U.S.C. §1332.  It should be noted that the Plaintiff has failed to show any state procedural rule binding her to her Complaint and has failed to enter into a binding stipulation, which would limit their damages to less than the jurisdictional amount in compliance with *De Aguilar.*

In addition, plaintiff's Original Petition violates Texas Rules of Civil Procedure.  In a case involving un-liquidated damages, Rule 47 of the Texas Rules of Civil Procedure requires that the original petition contain only the statement that the damages sought are within the jurisdictional limits of the court.  Tex. R. Civ. P. 47(b).  A plaintiff should not state the amount of damages he seeks in his original petition.  *Capital Brick, Inc., v. Fleming Mfg.,* 722 S.W. 2d 399, 401 (Tex. 1986).  Plaintiff's pleading of a maximum damages amount is, of course, an attempt to avoid federal jurisdiction; a stipulation with the potential for abusive manipulation by plaintiff, who may plead for damages below the jurisdictional amount in a state court with the

knowledge that the claim is actually worth more. *De Aguilar*, 47 F. 3d 1404, 1410 (5th Cir. 1995). The case at bar is one claiming un-liquidated damages. As such, Plaintiffs should not have pled any specific amount of damages pursuant to the Texas Rules of Civil Procedure. The Plaintiffs violated the Texas Rules of Civil Procedure purely in an attempt to avoid removal based upon diversity jurisdiction.

**B.     Plaintiff's "Declaration under Penalty of Perjury" is not a stipulation, and has no effect in this matter.**

Plaintiff filed her Amended Complaint on February 2, 2011, the same day Sunnybrook filed its removal. Attached as an exhibit to this Amended Complaint was a document entitled "Declaration under Penalty of Perjury." In the Declaration, plaintiff avers that she is not seeking damages in excess of $75,000 exclusive of interests or costs. This declaration is ineffective.

The "Declaration under Penalty of Perjury" does not meet the standards for a binding stipulation. In *Hamilton*, the federal court for the Southern District for West Virginia evaluated stipulations concerning the jurisdictional amount in controversy in a case seeking removal. The Court honored the stipulations because it was determined that these stipulations meet the requirements needed for a binding agreement. The Court noted that these stipulations:

1.     Unequivocally stated that Plaintiffs would not accept an amount greater than $74,000, in any event;

2.     The stipulation was filed in the state court prior to removal being filed;

3.     The stipulation was notarized.

*Hamilton, Burgess, Young, & Pollard, PLLC, v. Markel American Ins. Co.*, 2006 WL 218200, (S.D. W. Vir. 2006), *citing as support Hicks v. Herbert*, 122 F.Supp.2d 699, 701 (S.D. W. Va. 2000).

Plaintiff's current "Declaration Under Penalty of Perjury," fails to meet two of these three requirements.  First, the Declaration states, "the damages I am seeking do not exceed $75,000 exclusive of interest or costs."  This statement does not unequivocally state that the plaintiff will not accept an amount in excess of the jurisdictional limit; it only states that plaintiffs are [currently] not "seeking" an amount over $75,000.[5]  In order for allegations within a state court petition to constitute a binding stipulation limiting damages below the federal jurisdictional minimum, warranting remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999; <u>the plaintiff must expressly deny that he or she will accept more than $75,000 if the state court awards in excess of that amount</u>.  *McGlynn v. Huston*, 693 F.Supp.2d 585, (M.D. La. 2010).  Second, the plaintiff's declaration is not notarized.  Finally, although filed one day before the removal, and apparently in anticipation thereof, the declaration was certainly not filed with the original complaint.  Sunnybrook submits that the declaration fails to meet any of the dispositive requirements of a binding stipulation as cited in *Hamilton,* and, as such, should not be considered in this jurisdictional determination.

Moreover, nothing prevents the Plaintiff from amending her petition to claim a greater amount of damages.  Under the Texas Rules, parties are free to amend their pleadings at any time prior to a deadline to amend pleadings established by a Pre-Trial Order, or in the absence of such a Pre-Trial Order, at any time up until seven days prior to trial.  Tex. R. Civ. P. 63; *Mackey v.*

---

[5] The *Hamilton* Court held that two statements would satisfy the unequivocal statement requirement.  The Plaintiffs could state that "plaintiff will not accept an amount over $75,000, <u>in any event</u>" or "plaintiff will not seek <u>or accept</u>" an amount greater than the jurisdictional amount.  *Hamilton* at 2.

*U.P. Enterprises*, 935 S.W. 2d 446, 461 (Tex. App.-Tyler 1996, no writ); *G.R.A.V.I.T.Y.*
*Enterprises v. Reece Sup.*), 177 S.W. 3d 537, 542 (Tex. App.-Dallas 2005, no pet.). The Texas
Rules would allow this Plaintiff to amend her petition without leave of court at any time as long
as it was more than seven days prior to trial or before a pleadings deadline established by a pre-
trial order. In fact, Texas law allows a claimant in some circumstances to amend the pleadings
after a jury verdict so as to conform the amount of damages claimed in the petition to the amount
of the verdict if a jury returns a verdict in an amount greater than the maximum amount claimed
in the petition. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W. 2d 938, 939 (N.1 (Tex. 1990));
*Harvey v. Stanley*, 803 S.W. 2d 721, 727 (Tex. App.-Fort Worth 1990, den.).

> **C.    The category of damages sought in the Complaint and jurisprudence involving**
> **similar cases clearly demonstrates that, if proven, the plaintiff's claims could**
> **be worth greater than $75,000.00.**

A defendant makes a showing that the jurisdictional amount is "facially apparent" from a
reading of the complaint when the plaintiff's claims are likely to exceed $75.000.00. *Allen v.*
*R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). If it is not "facially apparent" from a
plaintiff's petition that the amount in controversy exceeds $75,000.00, the Court may rely on
"summary judgment-type" evidence relevant to the amount in controversy at the time of removal
to make the determination. *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v.*
*Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999). Under any manner of proof, jurisdictional
facts must be judged at the time of removal, and post-petition affidavits are allowable only if
relevant to that period of time. *Allen,* 63 F.3d at 1335 (emphasis added).

1.     **It is facially apparent from the Plaintiff's Complaint that potential damages in this matter exceed $75,000.00.**

In her Original Complaint, the plaintiff states:

> "As a result of the foregoing, Plaintiffs were caused to sustain injuries including, but not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairment and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during a period of displacement from a natural disaster, as well as all general, special, incidental, and consequential damages which shall be proven, but in no event to exceed $75,000 each, exclusive of interest and costs."[6]

a.     **The U.S. Fifth Circuit Court of Appeals' decision in *In re 1994 Exxon Chemical Fire* discusses, in detail, the categories of damages alleged in chemical exposure cases which justify removal to federal courts. These categories of damages align with the categories of damages asserted by the Plaintiff in this matter.**

The Fifth Circuit has held that removal is justified where alleged damages in a chemical exposure case include:

> "individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance; expenses incurred by reason of illness caused by the nuisance; fear and apprehension of further exposure to, and impact from, hazardous chemicals; economic and financial harm; loss of enjoyment of life and peaceful use of property; and, other consequential, incidental, general, and special damages."

*In re 1994 Exxon Chemical Fire,* 558 F.3d 378 (5th Cir. 2009).

---

[6] *See* Case No. 11-422, Rec. Doc. 1-2, Plaintiff's Original Petition attached as "Exhibit 1," p. 4-5.

The listed damages cited by the Federal Fifth Circuit in *In re 1994 Exxon Chemical Fire* closely mirror the listed damages alleged by Plaintiff here, justifying this removal under the "facially apparent" standard set forth in *Allen, supra*.[7]

> **b.    Recent U.S. Fifth Circuit decisions hold that complaints that seek damages for disability and impairment support a substantially larger monetary basis for federal jurisdiction.**

In addition to the damages cited in *In re 1994 Exxon Chemical Fire,* Plaintiff cites damages for "past and future physical impairments and disability," which, under federal jurisprudence, supports a substantially larger monetary basis for federal jurisdiction.    The Federal Fifth Circuit has noted that emotional distress, functional impairment, and disability are the kinds of damages that if alleged, "support a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 851 (5th Cir. 1999).

In *Robinson v. Delchamps,* the plaintiff sought remand, citing a failure to establish the requisite jurisdictional amount of $75,000.00.  The defendant argued that the jurisdictional amount was facially apparent from the plaintiff's petition, which cited nine separate types of damages, including physical and mental pain and suffering (past and future), loss of income (past and future), medical expenses (past and future), loss of enjoyment of life (past and future), and <u>disability (past and future)</u>. The Louisiana Eastern District held, "[t]he number of claims, the nature of those claims, and the allegations that plaintiff will continue to suffer damages into

---

[7] *See also Aisola v. Exxonmobil Corp.,* No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09) where the Eastern District held that the current requisite jurisdictional amount of $75,000.00 was facially apparent from the Petition (Complaint) when asserting the exact same type of alleged damages in *In re 1994 Exxon Chemical Fire* and other chemical exposure cases.

the future, all weigh against plaintiff's argument.  <u>It is facially apparent that if all damages</u> <u>alleged in this case are recovered, the amount of the judgment would likely be well in excess of</u> <u>the jurisdictional amount</u>." *Robinson v. Delchamps, Inc.,* No. 98-0503 1998 WL 352131 (E.D. La. 06/30/98) (emphasis added). In a similar holding, the Western District of Louisiana has found that the jurisdictional amount of $75,000.00 was facially apparent where the plaintiff sought damages for physical pain and suffering (past and future); mental anguish, emotional distress, worry, anxiety, and inconvenience (past and future); medical and related expenses (past and future); loss of enjoyment of life; and <u>disability and impairment</u>.  *Lowery v. J.C. Penney Corp., Inc.,* No. 06-1710 2006 WL 3827527 (W.D. La. 12/28/06) (Citing *Robinson*) (emphasis added).

Furthermore, the Federal Fifth Circuit has found that the Louisiana Eastern District did not err in finding that it was facially apparent from the plaintiff's petition that the amount in controversy exceeded $75,000.00, when the petition sought damages for past and future medical expenses, past and future pain and suffering, past and future lost wages and <u>past and future</u> <u>disability</u>. *Davis v. Grider,* 214 F.3d 1350 (Table), 2000 WL 634655 (5th Cir. 2000) (emphasis added).  These cases stand for the proposition that a certain, specific category of injury – disability – when alleged in a Complaint, as it is here, causes the requisite amount under 28 U.S.C. §1332 to become facially apparent under the standard set in *Allen, supra*.

c. **The Louisiana Eastern District's decision in *Aisola* is directly on point.**

Recently and most directly on point, the Eastern District of Louisiana found that a jurisdictional amount requirement of $75,000.00 was facially apparent from the Petition (Complaint) in a chemical exposure case asserting damages directly aligned with those asserted in the current matter.

In *Aisola,* thirteen minor school children were allegedly injured when the defendant negligently released chemicals into the air. *Aisola v. Exxonmobil Corp.,* No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09). Each plaintiff cited damages "inclusive of past, present, and future medical expenses; past, present, and future lost wages; past, present, and future mental anguish; past, present, and future pain and suffering; disability and disfigurement; and other damages." *Id.* at *2. Furthermore, the plaintiffs claimed the exposure "necessitated and will further necessitate medical treatment." *Id.* The Court, based primarily on the *In re 1994 Exxon Chemical Fire* holding and a thorough discussion of damages sought for disability, found that it was facially apparent from the plaintiffs' petition that the amount in controversy exceeded $75,000. *Id.* Again, the determination that the Federal Court had jurisdiction under §1332 was made solely by an analysis of the category of injuries asserted.

The damages asserted in *Aisola* are almost identical to the damages asserted in the current matter. Both cases seek damages for: 1) past and future mental anguish/pain and suffering; 2) past and future physical pain and suffering; 3) past and future medical expense; and 4) disability and impairment/disfigurement. The Plaintiff here also seeks damages not cited in

*Aisola*, such as past and future physical injury, loss of enjoyment of life, punitive damages, and attorney's fees. Using *In re 1994 Exxon Chemical Fire, Aisola,* and *Robinson* as guides, it is facially apparent from the Plaintiff's Complaint and Amended Complaint that if all categories of damages alleged by the Plaintiff were recovered, then this amount would more likely than not be in excess of $75,000.00.

> **d.**   **Plaintiff seeks exemplary damages, which solidifies defendant's argument that the value of damages, if completely proven at trial, more likely than not exceeds $75,000.00.**

In addition to these above-cited categories of injuries seeking compensatory damages, the Plaintiff seeks exemplary damages under Texas law. This only increases the defendants' potential exposure at trial.

It is well settled that, if Texas law permits exemplary/punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Ruhgras AG v. Marathon Oil Co.,* 526 U.S. 574, 585-86 (1999) (by implication). Claims for compensatory and punitive damages could be combined in determining jurisdictional amount. *Jeffries v. Silvercup Bakers, Inc.,* 434 F.2d 310 (7th Cir. 1970). The Plaintiff's allegation that she is entitled to exemplary damages only increases the potential value of her claim and solidifies the fact that the jurisdictional requisite is "facially apparent" from a clear reading of the Complaint.

The Plaintiff's own allegations of damages show that Sunnybrook has met its burden of proving that the requisite amount in controversy under 28 U.S.C. §1332 is facially apparent from the Plaintiff's Original Petition, and this Court need not look further.

> **2.    Alternatively, based on a sample of awards granted by various juries for cases similar to the current matter, the allegations of the Plaintiff, if proven at trial, are reasonably valued at over $75,000.00, thus invoking federal jurisdiction.**

Although Section 1(C) clearly indicates that the jurisdictional amount required under 28 U.S.C. §1332 is facially apparent from Plaintiff's Complaint, in an abundance of caution and in accordance with *Luckett* and *White, supra*, Sunnybrook submits the following jurisprudence which clearly shows that Plaintiff's claim for damages could be reasonably calculated to exceed $75,000.00.

It is important to note that, despite a request from the defendant, the plaintiff has failed to submit any allegations or evidence of the actual symptoms and/or ill-health effects allegedly suffered as a result of the her alleged exposure.[8]   Thus, the only "summary judgment" type evidence that should be considered by this Court, in accordance with *White* and *Luckett,* is a jurisprudential sampling of the amount of damages awarded by various juries in similar cases involving formaldehyde exposure in mobile homes/trailers.

---

[8] All Plaintiffs in FEMA formaldehyde exposure cases in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL Docket Number 07-1873 have been ordered to fill out a "Plaintiff Fact Sheet" which asks the party to identify the actual symptoms and consequences suffered as a result of the alleged formaldehyde exposure. It also asks the Plaintiff to identify medical providers and supply a medial history. Finally, it asks Plaintiffs to note whether they have suffered from any property loss or devaluation as a result of the alleged exposure.

Four cases involving alleged formaldehyde exposure in mobile homes/trailers were presented to various juries on the state and federal level in which awards, both compensatory and punitive, were given to plaintiffs. In *Boelens,* a jury from the United States District Court for the Northern District of Texas awarded a mother and her two minor children $178,903.80 in compensatory damages for alleged injuries caused by formaldehyde fumes emitting from a mobile home. *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1061 (N.D. Tex. 1983).[9] The jury also awarded the plaintiffs an additional $206,250.00 in punitive and discretionary damages. *Id.* In *Tiderman,* the Washington State Supreme Court reversed the decision by an Appellate Court and reinstated a jury verdict of $566,500.00 for compensatory damages awarded to a single plaintiff for alleged formaldehyde exposure emitting from a mobile home after the plaintiff allegedly suffered eye, throat, and respiratory irritation as a result of the exposure. *Tiderman v. Fleetwood Homes of Washington,* 102 Wash.2d 334, 335 (Wash. 1984).

In *Troensegaard,* a California jury awarded a plaintiff $90,000.00 in compensatory damages, $55,000.00 in punitive damages, and levied a $90,000.00 "civil fine" against a mobile home manufacturer for alleged formaldehyde exposure suffered by the plaintiff in her mobile home. *Troensegaard v. Silvercrest Industries, Inc.,* 175 Cal.App.3d 218, 221 (Cal.App. 1 Dist. 1985). The Appellate Court affirmed the compensatory award but reversed the award of $55,000.00 in punitive damages on appeal. *Id.* at 230.

In *Alley,* two plaintiffs were awarded $20,000.00 and $30,000.00 respectfully in compensatory damages for injuries suffered as the result of alleged formaldehyde exposure from

---

[9] The Federal Fifth Circuit overturned the jury's decision due to the fact that personal injury damages were not recoverable under Magnuson-Moss Warranty Act. *Boelens* at 1071.

a mobile home. *Alley v. Gubser Development, Co.,* 785 F.2d 849, 853 (10th Cir. 1986). Additionally, they were awarded a total of $510,000.00 in punitive damages against various defendants in the case. *Id* at 853-54. The punitive awards were reduced on appeal to an unspecified amount.

Thus, over the four cases examined involving formaldehyde exposure from mobile homes/trailers, the average compensatory award granted by juries was $126,486.25 per plaintiff. Furthermore, these juries also awarded a total of $902,250.00 in punitive or discretionary damages. These figures far exceed the jurisdictional requisite of $75,000.00 required by 28 U.S.C. §1332. It should also be noted that these awards were granted between 1983-1986, some twenty-seven to twenty-four years ago. With the constant price increase of medical care and the natural decrease in the valuation of money over time, it is unreasonable to believe that the value of these types of cases has not increased in since the time in which they were decided.

The requisite amount under 28 U.S.C. §1332 is facially apparent from a clear reading of the categories of injuries asserted by the Plaintiff in her Complaint under the standard set, and jurisprudence found in *Allen, In re 1994 Exxon Chemical Fire, Robinson,* and *Aisola.* Furthermore, awards granted for compensatory damages alone by juries in the 1980's in strikingly similar cases were, on average, about $50,000.00 more per plaintiff than the current jurisdictional requirement. For the many reasons stated above, Sunnybrook has met its burden for jurisdiction under 28 U.S.C. §1332.[10]

---

[10] The court is also advised that Sunnybrook has, through a joint request for production, asked both the United States and the plaintiff to produce plaintiff's Form 95. This discovery is pending.

For the reasons set forth above, Sunnybrook respectfully submits that the Motion to Remand should be denied, and this Honorable Court should retain jurisdiction over the instant lawsuit.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

By: _____ /s/ Mark E. Seamster _____
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)**
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone:  (985)674-6680
Facsimile:   (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant,*
*SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 22nd day of March, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

(   ) Hand Delivery      (   ) Facsimile
(   ) Prepaid U.S. Mail      (   ) UPS/Federal Express
( X ) Electronic Mail      (   ) Certified Mail, Return Receipt Requested

_____ /s/ Mark E. Seamster _____
**MARK E. SEAMSTER**