**V.**
**CAUSES OF ACTION**

**A.     TEXAS PRODUCTS LIABILITY ACT**

Plaintiff re-alleges each and every allegation set forth above.

Sunnybrook, at all relevant times, was in the business of designing and manufacturing the housing unit for commercial gain and placed the housing unit in the stream of commerce.

The housing unit contained design, manufacturing and/or marketing defects at the time the housing unit left Sunnybrook's possession and/or control.

Those defects caused the housing unit to be unreasonably dangerous and such defects were a producing cause of each Plaintiff's damages.

The design of the housing units, using plywood, press board, other composite wood products and other products that contain formaldehyde is defective and posed an unreasonable risk of harm to Plaintiff.

Further, the use of plywood, press board, other composite wood products and other products that contain formaldehyde constitutes a defect in composition or manufacture that posed an unreasonable risk of harm to Plaintiff.

Additionally, Sunnybrook failed to adequately warn Plaintiff, the end user of each product, of the dangers associated with formaldehyde exposure, the risk of exposure to formaldehyde by using such products, and the means to mitigate such risks, which constitute a marketing defect.

The defects in Sunnybrook's housing unit are the result of and/or include, but are not limited to, the following:

4

EXHIBIT

tabbies

"1"

a.    Inherent characteristics, known to Sunnybrook which gave each product such a potential for causing health problems as to render the product unreasonable per se;

b.    Lack of warnings or lack of sufficient warnings of the inherently dangerous properties of each product when used in the fashion for which they were anticipated or should have been anticipated being used;

c.    Lack of instructions or lack of sufficient instructions for eliminating or minimizing the health risks inherent in the use of the product;

d.    Lack of sufficient inspections by Sunnybrook of its product to ensure that each product contained sufficient warnings of the dangerous properties of the products;

e.    Lack of reasonable inspections by Sunnybrook of its products to ensure that each product contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of the product;

f.    Lack of testing or lack of sufficient tests to determine the effects and/or the risks of formaldehyde fumes on intended users of each product or their guests; and

g.    Defective designs calling for the inclusion of materials which included formaldehyde, when equally suitable materials which did not contain formaldehyde were available, would have prevented or significantly reduced the risk of each Plaintiff's damages without substantially impairing the product's utility, and which were economically and technologically feasible at the time each product left Sunnybrook's control.

The defects in the housing units rendered each product unreasonably dangerous and each defect was a producing cause of Plaintiff's damages, as set forth herein.  Plaintiff's damages resulted from the normal, foreseeable, and intended use of the product and equipment, without

5