## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | **SECTION: N (5)** |
| LITIGATION | * | |
| | * | **JUDGE: ENGELHARDT** |
| **THIS DOCUMENT RELATES TO:** | * | |
| *Docket No 11-413 Gerald Watson, et al* | * | **MAG. JUDGE: CHASEZ** |
| *v. Heartland Recreational Vehicles, LLC.;* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>HEARTLAND RECREATIONAL VEHICLES LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND</u>

**NOW INTO COURT,** through undersigned counsel comes defendant, Heartland Recreational Vehicles, L.L.C., who, with a full reservation of rights, files this Opposition to Plaintiffs' Motion to Remand and, based on the laws and facts stated herein, avers that this matter has been properly removed to this Court on the following grounds:

(1) Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as all plaintiffs named are diverse in citizenship from all named defendants and the amount in controversy more likely than not exceeds $75,000.00 per plaintiff.

    (a) Plaintiffs' general allegation that no one plaintiff seeks more than $75,000.00 in damages is not dispositive of the issue;

    (b) Plaintiffs' "Declarations under Penalty of Perjury" are untimely, are not binding stipulations, and have no effect in this matter; and,

    (c) The category of damages sought in the Petition and the jurisprudence involving similar cases clearly demonstrates that, if proven, the plaintiffs' claims could be worth greater than $75,000.00;

    (d) Alternatively, defendant requests additional time to conduct limited discovery regarding this issue.

## I. BACKGROUND

On or about December 29, 2010, the plaintiffs Gerald Watson, Sr. and Gloria Watson filed a Petition for Damages entitled *"Gerald Watson, Sr., et al. v. Heartland Recreational Vehicles, LLC.,"* bearing Docket Number D-189-038 (the "Petition"), in the 136th District Court for the County of Jefferson, State of Texas. (See USDC-ED-LA, # 11-413, Rec. Doc. 1-2)

On February 1, 2011, Heartland filed its Notice of Removal in the Beaumont Division of the United States District Court for the Eastern District of Texas. (See USDC-ED-LA, # 11-413, Rec. Docs. 1-1 and 1-3; See USDC-ED-TX, Beaumont Division, # 11-052, Rec. Doc. 1)

A few hours before Heartland filed its Notice of Removal on February 1, 2011 and unbeknownst to Heartland's counsel despite his office's ongoing communications with the Clerk of Court for the 136th District Court for the County of Jefferson, Texas, throughout the day of February 1, 2011, plaintiffs filed Plaintiffs' Amended Petition in the Texas State Court action. Details of these communications are further specified in Heartland's Supplemental Notice of Removal. Although the Amended Petition was filed prior to Defendant's Notice of Removal, the Declarations referenced therein were not filed until the following day. (See USDC-ED-TX, Beaumont Division, # 11-052, Rec. Doc. 4 attached as Exhibit 1)

On February 18, 2011, the United States Judicial Panel on Multidistrict Litigation conditionally transferred this case to the Eastern District of Louisiana for inclusion in the ongoing multi-district litigation entitled, *In re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL docket number 07-1873.  On March 4, 2011, Plaintiffs filed a Motion to Remand, attaching the post-removal declarations, with this Court. (MDL 7-1873, Rec. Doc. 20446)

Heartland respectfully submits that the Motion to Remand should be denied, and this

Honorable Court should retain jurisdiction over the instant lawsuit.

II.    **Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as all plaintiffs named are diverse in citizenship from all named defendants and the amount in controversy more likely than not exceeds $75,000.00 per plaintiff.**

In their Memorandum in Support of their Motion to Remand, Plaintiffs argue that this Court has no jurisdiction to hear this matter under 28 U.S.C. 1332 for three separate reasons: 1) Plaintiffs have "stipulated" that the amount in controversy is less than $75,000 per plaintiff, 2) the jurisdictional amount is not facially apparent from the Original Petition, and 3) Heartland has set forth no facts or evidence showing the jurisdictional amount has been satisfied. Each of these arguments is without merit.

A.    **Plaintiffs' general allegation that no one plaintiff seeks more than $75,000.00 in damages is not dispositive.**

Plaintiffs, in their Memorandum in Support of their Motion to Remand, do not dispute that diversity of citizenship exists between the parties.[1] The Plaintiffs, however, allege that the damages sought by each plaintiff, exclusive of costs and interest, is less than $75,000.00.[2]

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. In 2005, the United States Supreme Court held that where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies 28 U.S.C. §1332(a)'s amount-in-controversy requirement, 28 U.S.C. §1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 2616-2628 (2005) (Emphasis Added).

---

[1] *See* Memorandum in Support of Motion to Remand, Record Document #20446-2, p. 2.
[2] *Id.*

3

In their Petition, Plaintiffs attempt to specifically limit their damages by asserting that no individual plaintiff seeks more than $75,000.00, exclusive of interest or costs. The "amount in controversy should be determined at the time of filing." *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003) In cases where an exact amount is pled, the sum claimed by the plaintiff controls if the claim is made in good faith. *See Thrash v. New England Mut. Life Ins. Co.,* 534 F.Supp.2d 691, 693 (S.D. Miss. 2008.) However, a simple allegation by Plaintiffs that they are not seeking damages in excess of the jurisdictional amount is not dispositive. *Zunamon v. Brown,* 418 F.2d 883 (8th Cir. 1969). Federal diversity jurisdiction cannot be determined by looking solely to what a plaintiff asks for in way of damages. *Alker v. Insurance Co. of North America,* 279 F.Supp. 902 (E.D. La. 1968)

Furthermore, where no <u>specific</u> amount is alleged in the Petition, the party invoking federal jurisdiction may prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Thrash,* supra, 534 F.Supp.2d at 693 (emphasis added) (quoting *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993)). The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *White,* 319 F.3d 672 at 675 (quoting *St. Paul Reinsurance Co., Ltd. V. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)). If a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Thrash,* 534 F.Supp.2d at 693 (quoting *Allen v. R&H Oil and Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). The plaintiffs' burden of proving this

legal certainty of not recovering more than the amount plead for in the petition can be met by: (1) showing state procedural rules binding a plaintiff to his pleadings; or (2) filing with the petition a binding stipulation or affidavit to that effect. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995) Statements found in Petitions, such as found here, that allege that plaintiffs "do not seek a judgment in excess of $75,000.00" do not constitute a "specific amount" under *Thrash* or *De Aguilar. See generally Jackson v. Balboa Insurance Co., et al.,* 590 F.Supp.2d 825 (S.D. Miss. 2008); *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 722-23 (5th Cir. 2002)

Because the allegation seeking to limit damages under the jurisdictional requisite is neither dispositive nor a "specific amount," the allegations of injury and damages sought must be properly evaluated before any determination as to jurisdictional amount may be made. The allegation in Plaintiffs' Petition that no plaintiff seeks more than $75,000.00, *per se,* is not enough to prevent federal jurisdiction under 28 U.S.C. §1332. It should be noted that the Plaintiffs have failed to show any state procedural rule binding them to their petition and have failed to enter into a binding stipulation, which would limit their damages to less than the jurisdictional amount in compliance with *De Aguilar*.

### B.   Plaintiffs' "Declarations under Penalty of Perjury" are untimely, are not stipulations, and have no effect in this matter.

Plaintiffs' original Petition lacked any Declarations. (See USDC-ED-TX, Beaumont Division, # 11-052, Rec. Doc. 4-3 Attached as Exhibit 2)  On February 1, 2011, plaintiffs filed their Amended Petition on, the same day Heartland filed its removal. Although the Amended Petition, in paragraph VIII, referenced attached Plaintiffs' Declarations, no such Declarations

were attached or filed in the record. (See USDC-ED-TX, Beaumont Division, # 11-052, Rec. Doc. 4-4 Attached as Exhibit 3)

These documents were not sent to the Court until February 02, 2011, one day after the Removal was filed.  In these documents, each plaintiff declares that he or she is not seeking damages in excess of $75,000 exclusive of interests or costs. These documents are ineffective for the reasons cited below.

### a.        The "Declarations under Penalty of Perjury" are untimely.

These "Declarations under Penalty of Perjury" are untimely. The critical time for determining the existence vel non of the amount in controversy is the inception of a suit, i.e., the time of filing. *Zurich American Ins. Co. v. Integrand Assur. Co.*, 178 F.Supp.2d 47 (D. Puerto Rico, 2001) The jurisdiction of District Court is determined from the face of the petition and once jurisdiction has attached the mere fact that evidence introduced establishes a liability of less than original jurisdictional requirement does not divest the Court of jurisdiction. *Jones v. Farmers Ins. Exchange of Los Angeles, Cal.*, 112 F.Supp. 952 (W.D. Okla. 1953) Events occurring subsequent to removal of an action which reduce the amount in controversy required for diversity jurisdiction, whether beyond the plaintiff's control or the result of her volition, do not oust the federal district court's jurisdiction once it has attached. *Ruyle v. Safeco Ins. Co. of America*, 640 F.Supp.2d 1262 (D. Idaho, 2009)

This Court's jurisdiction attached at the time the original petition was filed. Furthermore, these "Declarations under Penalty of Perjury" were not filed with the State court until a day after the removal was filed. Therefore, as post-removal pleadings, they should not be considered in determining jurisdiction for removal.

    b.    **The "Declarations under Penalty of Perjury" fail to meet any of the requirements necessary for a binding stipulation as to the jurisdictional amount under 28 U.S.C. §1332.**

The "Declarations under Penalty of Perjury" also do not meet the standards for a binding stipulation. In *Hamilton, infra,* the federal court for the Southern District for West Virginia evaluated stipulations concerning the jurisdictional amount in controversy in a case seeking removal. The Court honored the stipulations because it was determined that these stipulations met the requirements needed for a binding agreement. The Court noted that these stipulations:

1.    Unequivocally stated that Plaintiffs would not accept an amount greater than $74,000, <u>in any event</u> (magical words.)

2.    The stipulation was filed in the state court <u>prior to removal being filed.</u>

3.    The stipulation was notarized.

*Hamilton, Burgess, Young, & Pollard, PLLC, v. Markel American Ins. Co.,* 2006 WL 218200, (S.D. W. Vir. 2006), *citing as support Hicks v. Herbert,* 122 F.Supp.2d. 699, 701 (S.D.W.Va.2000).

Plaintiffs' current "Declarations Under Penalty of Perjury," fail to meet any of these three requirements. First, the Declarations state, "the damages I am seeking do not exceed $75,000 exclusive of interest or costs." This statement does not unequivocally state that the plaintiffs will not accept an amount in excess of the jurisdictional limit; it only states that plaintiffs are not seeking an amount over $75,000.[3] In order for allegations within a state court petition to constitute a binding stipulation limiting damages below the federal jurisdictional minimum, warranting remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999; <u>the plaintiff must expressly deny that he or she will accept more than $75,000 if the state court awards in excess of</u>

---

[3] **The *Hamilton* Court held that two statements would satisfy the unequivocal statement requirement. The Plaintiffs could state that "plaintiff will not accept an amount over $75,000, <u>in any event</u>" or " plaintiff will not seek <u>or accept</u>" an amount greater than the jurisdictional amount. *Hamilton* at 2.**

that amount.  *McGlynn v. Huston*, 693 F.Supp.2d 585, (M.D. La. 2010).

Second, as stated above, these stipulations were filed with the State Court after the Notice of Removal was filed, rendering them untimely. Finally, none of these Declarations found in Rec. Doc. #20446-1 are notarized.[4] The Declarations fail to meet any of the requirements of a binding stipulation as cited in *Hamilton*, and, as such, should not be considered in this jurisdictional determination.

### c.  Plaintiffs' Original Petition Contains Improper Allegations.

Plaintiffs' Original Petition violates the Texas Rules of Civil Procedure.  In a case involving un-liquidated damages, Rule 47 of the Texas Rules of Civil Procedure requires that the original petition contain only the statement that the damages sought are within the jurisdictional limits of the court.  Tex. R. Civ. P. 47(b).  A plaintiff should not state the amount of damages he seeks in his original petition.  *Capital Brick, Inc., v. Fleming Mfg.*, 722 S.W. 2d 399, 401 (Tex. 1986)  Plaintiff's pleading of a maximum damages amount is, of course, an attempt to avoid federal jurisdiction; a stipulation with the potential for abusive manipulation by plaintiff, who may plead for damages below the jurisdictional amount in a state court with the knowledge that the claim is actually worth more.  *De Aguilar*, 47 F. 3d 1404, 1410 (5th Cir. 1995).  The case at bar is one claiming un-liquidated damages.  As such, Plaintiffs should not have pled any specific amount of damages pursuant to the Texas Rules of Civil Procedure.  The Plaintiffs violated the Texas Rules of Civil Procedure purely in an attempt to avoid removal based upon diversity jurisdiction.

---

[4] *See generally* Rec. Doc. #20446-1

### d. The unsworn declarations of the named Plaintiffs are irrelevant.

The post-removal "Declarations Under Penalty of Perjury" filed in this matter are allegedly signed by the named Plaintiffs and dated January 4, 2011. These documents, which are not notarized, constitute unsworn testimony that was not properly witnessed by a Notary Public or other proper person. They assert that no Plaintiff is seeking damages greater than $75,000.00.

In support of the unsworn declarations, the plaintiffs cite *ANPAC v. Dow Quimcia de Columubia S.A.* In *ANPAC*, the Federal Fifth Circuit allowed a post-removal affidavit to be used in support of the plaintiffs' Motion to Remand. The Court reasoned that the affidavit was attempting to "clarify" and not change the previously asserted damages. *ANPAC v. Dow Quimcia de Columubia S.A.,* 988 F.2d 559 (5th Cir. 1993), *abrogated by Marathon Oil Co. v. A.G. Ruhrgas,* 145 F.3d 211 (5th Cir. 1998). The U.S. Court of Appeals for the Fifth Circuit, mere months after deciding *ANPAC,* described, in detail, its very limited application. In *Marcel,* the Fifth Circuit stated, "*ANPAC,* though controlling authority, is very narrowly drawn and circumscribed and is plainly distinguishable." *Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993). The Fifth Circuit concluded, "[n]othing in *ANPAC* suggests that stipulations or affidavits--from the plaintiffs, their attorneys, or otherwise--always or even usually should be given effect to defeat removal." *Marcel,* at p. 85.

In any case, nothing prevents the Plaintiffs from amending this petition to claim a greater amount of damages. Under the Texas Rules, parties are free to amend their pleadings at any time prior to a deadline to amend pleadings established by a pre-trial order, or in the absence of such a pre-trial order, at any time up until seven days prior to trial. Tex. R. Civ. P. 63; *Mackey v. U.P. Enterprises*, 935 S.W. 2d 446, 461 (Tex. App.-Tyler 1996, no writ); *G.R.A.V.I.T.Y. Enterprises v. Reece Sup.*, 177 S.W. 3d 537, 542 (Tex. App.-Dallas 2005, no pet.). The Texas Rules would

allow these Plaintiffs to amend their petition without leave of court at any time as long as it was more than seven days prior to trial or before a pleadings deadline established by a pre-trial order. In fact, Texas law allows a claimant in some circumstances to amend the pleadings after a jury verdict so as to conform the amount of damages claimed in the petition to the amount of the verdict if a jury returns a verdict in an amount greater than the maximum amount claimed in the petition. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W. 2d 938, 939 (N.1 (Tex. 1990)); *Harvey v. Stanley*, 803 S.W. 2d 721, 727 (Tex. App.-Fort Worth 1990, den.).

### e.  Other Indicia of Bad Faith

The case at bar is but one of many lawsuits brought by plaintiffs complaining of injuries resulting from formaldehyde in travel trailers supplied to them by FEMA.  These lawsuits are the subject of a Federal MDL being presided over by this Court.  These plaintiffs' attorney has filed nearly identical pleadings in the Federal Eastern District Court for the State of Louisiana alleging the same causes of action and damages.[5]  In all of these cases Plaintiffs' counsel has filed in various federal courts alleging that each plaintiff's damages exceed $75,000.00 each.  The case at bar is no different.  The types of damages being claimed and the causes of action being alleged are identical to those in all of the other cases filed in federal court.  Defendant contends that the original petition in this case is nothing more than a pleading, made in bad faith, in an attempt to avoid federal court jurisdiction.

### C.  The category of damages sought in the Petition and jurisprudence involving similar cases clearly demonstrates that, if proven, the plaintiffs' claims could be worth greater than $75,000.00

A defendant makes a showing that the jurisdictional amount is "facially apparent" from a reading of the petition when the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H*

---

[5] *See Pujol, et al v. United States of America, et al.,* 08-3217 EDLA; *Bradley et al v. Heartland Recreational Vehicles, LLC et al,* 09-8401 EDLA; and *Thornton v. Heartland Recreational Vehicles, LLC et al,* 10-2340 EDLA

*Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995) If it is not "facially apparent" from a plaintiff's petition that the amount in controversy exceeds $75,000.00, the Court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999) Under any manner of proof, jurisdictional facts must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen,* 63 F.3d at 1335 (Emphasis Added).

> a.   **It is facially apparent from the Plaintiffs' Original Petition for Damages that potential damages in this matter exceed $75,000.00 for any individual plaintiff.**

In their Original Petition for Damages, the plaintiffs stated:

> "As a result of the foregoing, Plaintiffs were caused to sustain injuries including, but not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairment and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during a period of displacement from a natural disaster, as well as all general, special, incidental, and consequential damages as shall be proven, but in no event to exceed $75,000 each, exclusive of interest and costs."[6]

> 1.   **The U.S. Fifth Circuit Court of Appeals' decision in *In re 1994 Exxon Chemical Fire* discusses, in detail, the categories of damages alleged in chemical exposure cases which justify removal to federal courts. These categories of damages align with the categories of damages asserted by the Plaintiffs in this matter.**

---

[6] *See USDC-ED-TX,* # 11-52, Rec. Doc. 4-3 Attached as Exhibit 2, Plaintiffs' Original Petition, paragraph IV, p. 3-4.

The Fifth Circuit has held that removal is justified where alleged damages in a chemical exposure case include:

> "individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance; expenses incurred by reason of illness caused by the nuisance; fear and apprehension of further exposure to, and impact from, hazardous chemicals; economic and financial harm; loss of enjoyment of life and peaceful use of property; and, other consequential, incidental, general, and special damages."
>
> *In re 1994 Exxon Chemical Fire,* 558 F.3d 378 (5th Cir. 2009).

The listed damages cited by the Federal Fifth Circuit in *In re 1994 Exxon Chemical Fire* closely mirrors the listed damages alleged by Plaintiffs here, justifying this removal under the "facially apparent" standard set forth in *Allen, supra.*[7]

> **2.      Recent U.S. Fifth Circuit decisions hold that petitions that seek damages for disability and impairment support a substantially larger monetary basis for federal jurisdiction.**

In addition to the damages cited in *In re 1994 Exxon Chemical Fire,* Plaintiffs cite damages for "past and future physical impairments and disability," which, under federal jurisprudence, supports a substantially larger monetary basis for federal jurisdiction. The Federal Fifth Circuit has noted that emotional distress, functional impairment, and disability are the kinds of damages that if alleged, "support a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 851 (5th Cir. 1999).

In *Robinson v. Delchamps, infra,* the plaintiff sought remand, citing a failure to establish the requisite jurisdictional amount of $75,000.00. The defendant argued that the jurisdictional

---

[7] *See also Aisola v. Exxonmobil Corp.,* No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09) where the Eastern District held that the current requisite jurisdictional amount of $75,000.00 was facially apparent from the Petition when asserting the exact same type of alleged damages in *In re 1994 Exxon Chemical Fire* and other chemical exposure cases.

amount was facially apparent from the plaintiff's petition, which cited nine separate types of damages, including physical and mental pain and suffering (past and future), loss of income (past and future), medical expenses (past and future), loss of enjoyment of life (past and future), and <u>disability (past and future)</u>. The Louisiana Eastern District held, "[t]he number of claims, the nature of those claims, and the allegations that plaintiff will continue to suffer damages into the future, all weigh against plaintiff's argument. <u>It is facially apparent that if all damages alleged in this case are recovered, the amount of the judgment would likely be well in excess of the jurisdictional amount</u>." *Robinson v. Delchamps, Inc.,* No. 98-0503 1998 WL 352131 (E.D. La. 06/30/98)(emphasis added). In a similar holding, the Western District of Louisiana has found that the jurisdictional amount of $75,000.00 was facially apparent where the plaintiff sought damages for physical pain and suffering (past and future); mental anguish, emotional distress, worry, anxiety, and inconvenience (past and future); medical and related expenses (past and future); loss of enjoyment of life; and <u>disability and impairment</u>. *Lowery v. J.C. Penny Corp., Inc.* No. 06-1710 2006 WL 3827527 (W.D. La. 12/28/06)(Citing *Robinson.*)(emphasis added).

Furthermore, the Federal Fifth Circuit has found that the Louisiana Eastern District did not err in finding that it was facially apparent from the plaintiff's petition that the amount in controversy exceeded $75,000 when the petition sought damages for past and future medical expenses, past and future pain and suffering, past and future lost wages and <u>past and future disability</u>. *Davis v. Grider,* 214 F.3d 1350 (Table), 2000 WL 634655 (5th Cir. 2000) (Emphasis Added). These cases stand for the proposition that a certain, specific category of injury – disability – when alleged in a Petition, as it is here, causes the requisite amount under 28 U.S.C. §1332 to become facially apparent under the standard set in *Allen, supra.*

3.    **The Louisiana Eastern District's decision in *Aisola* is directly on point.**

Recently and most directly on point, the Eastern District of Louisiana found that a jurisdictional amount requirement of $75,000.00 was facially apparent from the Petition in a chemical exposure case asserting damages directly aligned with those asserted in the current matter.

In *Aisola,* thirteen minor school children were allegedly injured when the defendant negligently released chemicals into the air. *Aisola v. Exxonmobil Corp.,* No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09). Each plaintiff cited damages "inclusive of past, present, and future medical expenses; past, present, and future lost wages; past, present, and future mental anguish; past, present, and future pain and suffering; disability and disfigurement; and other damages." *Id.* at *2. Furthermore, the plaintiffs claimed the exposure "necessitated and will further necessitate medical treatment." *Id.* The Court, based primarily on the *In re 1994 Exxon Chemical Fire* holding and a thorough discussion of damages sought for disability, found that it was facially apparent from the plaintiffs' petition that the amount in controversy exceeded $75,000. *Id.* Again, the determination that the Federal Court had jurisdiction under §1332 was made solely by an analysis of the category of injuries asserted.

The damages asserted in *Aisola* are almost identical to the damages asserted in the current matter. Both cases seek damages for 1) past and future mental anguish/pain and suffering, 2) past and future physical pain and suffering, 3) past and future medical expense, and 4) disability and impairment/disfigurement. The Plaintiffs here also seek damages not cited in *Aisola* such as past and future physical injury, loss of enjoyment of life, punitive damages, and attorney's fees. Using *In re 1994 Exxon Chemical Fire, Aisola,* and *Robinson* as guides, it is

14

facially apparent from the Plaintiffs' Petition and Amended Petition for Damages that if all category of damages alleged by the Plaintiffs were recovered, then this amount would more likely than not be in excess of $75,000.00.

      **4.**      **Plaintiffs seek exemplary damages which solidify defendant's argument that the value of damages, if completely proven at trial, more likely than not exceeds $75,000.00.**

In addition to these above-cited categories of injuries seeking compensatory damages, the Plaintiffs seek exemplary damages under Texas law. This only increases the defendants' potential exposure at trial.

Plaintiffs also seek exemplary/punitive damages in this action. It is well settled that, if Texas law permits exemplary/punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Ruhgras AG v. Marathon Oil Co.,* 526 U.S. 574, 585-86 (1999) (by implication). Claims for compensatory and punitive damages could be combined in determining jurisdictional amount. *Jeffries v. Silvercup Bakers, Inc.,* 434 F.2d 310 (7th Cir. 1970).  The Plaintiffs' allegation that they are entitled to exemplary damages only increases the potential value of each claim and solidifies the fact that the jurisdictional requisite is "facially apparent" from a clear reading of the Petition.

The Plaintiffs' own allegations of damages show that Heartland has met its burden of proving that the requisite amount in controversy under 28 U.S.C. §1332 is facially apparent from the Plaintiffs' Original Petition for Damages, and this Court need not look further.

**b.     Alternatively, based a sample of awards granted by various juries for cases similar to the current matter, the allegations of the Plaintiffs, if proven at trial, are reasonably valued at over $75,000.00, thus invoking federal jurisdiction.**

Although Section II(C) clearly indicates that the jurisdictional amount required under 28 U.S.C. §1332 is facially apparent from Plaintiffs' Petition for Damages, in an abundance of caution and in accordance with *Luckett* and *White, supra*, Heartland submits the following jurisprudence which clearly shows that Plaintiffs' claims for damages could be reasonably calculated to exceed $75,000.00. To reiterate the law stated earlier, so long as one named plaintiff in this action meets the jurisdictional requisite amount under 28 U.S.C. §1332, then jurisdiction is obtained over all other plaintiffs. *See Exxon Mobile Services, supra.*

It is important to note that, despite requests from defendants, the plaintiffs have failed to submit any allegations or evidence of the actual symptoms and/or ill-health effects allegedly suffered as a result of the their alleged exposure.[8] Thus, the only "summary judgment" type evidence that should be considered by this Court, in accordance with *White* and *Luckett,* is a jurisprudential sampling of the amount of damages awarded by various juries in similar cases involving formaldehyde exposure in mobile homes/trailers.

Four cases involving alleged formaldehyde exposure in mobile homes/trailers were presented to various juries on the state and federal level in which awards, both compensatory and punitive, were given to plaintiffs. In *Boelens,* a jury from the United States District Court for the Northern District of Texas awarded a mother and her two minor children $178,903.80 in

---

[8]     All Plaintiffs in FEMA formaldehyde exposure cases in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873 have been ordered to fill out a "Plaintiff Fact Sheet" which asks the party to identify the actual symptoms and consequences suffered as a result of the alleged formaldehyde exposure. It also asks the Plaintiff to identify medical providers and supply a medical history. Finally, it asks Plaintiffs to note whether they have suffered from any property loss or devaluation as a result of the alleged exposure.

compensatory damages for alleged injuries caused by formaldehyde fumes emitting from a mobile home. *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1061 (N.D. Tex. 1983).[9] The jury also awarded the plaintiffs an additional $206,250.00 in punitive and discretionary damages. *Id.*

In *Tiderman,* the Washington State Supreme Court reversed the decision by an Appellate Court and reinstated a jury verdict of $566,500.00 for compensatory damages awarded to a single plaintiff for alleged formaldehyde exposure emitting from a mobile home after the plaintiff allegedly suffered eye, throat, and respiratory irritation as a result of the exposure. *Tiderman v. Fleetwood Homes of Washington,* 102 Wash.2d 334, 335 (Wash. 1984).

In *Troensegaard,* a California jury awarded a plaintiff $90,000.00 in compensatory damages, $55,000.00 in punitive damages, and levied a $90,000.00 "civil fine" against a mobile home manufacturer for alleged formaldehyde exposure suffered by the plaintiff in her mobile home. *Troensegaard v. Silvercrest Industries, Inc.,* 175 Cal.App.3d 218, 221 (Cal.App. 1 Dist. 1985). The Appellate Court affirmed the compensatory award but reversed the award of $55,000.00 in punitive damages on Appeal. *Id.* at 230.

In *Alley,* two plaintiffs were awarded $20,000.00 and $30,000.00 respectfully in compensatory damages for injuries suffered as the result of alleged formaldehyde exposure from a mobile home. *Alley v. Gubser Development, Co.,* 785 F.2d 849, 853 (10th Cir. 1986). Additionally, they were awarded a total of $510,000.00 in punitive damages against various defendants in the case. *Id* at 853-54.[10]

Thus, over the four cases examined involving formaldehyde exposure from mobile homes/trailers, the average compensatory award granted by juries was $126,486.25 per plaintiff. Furthermore, these juries also awarded a total of $902,250.00 in punitive or discretionary

---

[9] The Federal Fifth Circuit overturned the jury's decision due to the fact that personal injury damages were not recoverable under Magnuson-Moss Warranty Act. *Boelens* at 1071.
[10] These punitive awards were reduced on Appeal to an unspecified amount. *Alley* at 857.

damages. These figures far exceed the jurisdictional requisite of $75,000.00 required by 28 U.S.C. §1332. It should also be noted that these awards were granted between 1983-1986, some twenty-seven to twenty-four years ago. With the constant price increase of medical care and the natural decrease in the valuation of money over time, it is unreasonable to believe that the value of these types of cases has not increased since the time in which they were decided.

The requisite amount under 28 U.S.C. §1332 is facially apparent from a clear reading of the categories of injuries asserted by the Plaintiffs in their Petition for Damages under the standard set and jurisprudence found in *Allen, In re 1994 Exxon Chemical Fire, Robinson,* and *Aisola, supra.* Furthermore, awards granted for compensatory damages alone by juries in the 1980s in strikingly similar cases were, on average, about $50,000.00 more per plaintiff than the current jurisdictional requirement. For the many reasons stated above, Heartland has met its burden for jurisdiction under 28 U.S.C. §1332.

### III.   In the alternative, defendants request that this Court allow limited discovery regarding the injuries allegedly sustained by these plaintiffs in order to determine if their claims are worth more than the jurisdictional amount prior to remand of this matter.

This Court set forth certain procedures providing for Master Discovery in this Multi-District litigation in its Pre-Trial Order Number 2 (Rec. Doc. 87).  As an alternative request for relief, Defendant requests that this Court allow limited discovery in this action regarding the claim/s the Plaintiffs have made in order to determine the likely amount of damages asserted prior to remand of this matter.  As of the date of the filing of this Motion, Defendant has not received Plaintiff Fact Sheets on any of the Plaintiffs.  As a result, Defendant is unable to properly assess the value of their claims.  Further, Heartland is propounding discovery to obtain the Standard Form 95 that plaintiffs would have completed and submitted to the Federal Government regarding their valuation of their claims.

If given the opportunity for limited discovery, Defendant would be better able to address and contradict Plaintiffs' assertions that their claims are worth less than $75,000.

For the foregoing reasons, Heartland requests that this Court deny plaintiffs' Motion to Remand. In the alternative, Heartland requests additional time to conduct limited discovery as to the plaintiffs' claim for damages, including but not limited to receiving the Department of Justice's Standard Form 95, "Claim for Damage, Injury or Death", from the plaintiffs' counsel and/or FEMA as this document was relevant to this issue in the Court's decision involving other Motions to Remand. (Rec. Doc. 20487, p. 5-6)

Respectfully submitted,

**ALLEN & GOOCH**

*/s/ Brent M. Maggio*
BRENT M. MAGGIO, T.A., # 19959
MARK W. VERRET, #23583
LORI D. BARKER, # 31687
KELLEY S. MACKENROTH, #30307
SCOTT F. DAVIS, # 26013
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
***Attorneys for Sun Valley, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 22nd day of March, 2011, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and, it will be emailed to all Liaison Counsel, Government Counsel, and counsel for the above-captioned plaintiff.


/s/ Brent M. Maggio
BRENT M. MAGGIO

20