UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION:  N(5) |
| | * | |
| This Document Relates to:  *Percy Leblanc* | * | JUDGE: ENGELHARDT |
| *v. Recreation by Design, LLC;* C.A. 11-421 | * | MAG: CHASEZ |
| | * | |

******************************************************************************

## RECREATION BY DESIGN, LLC'S, OPPOSITION
## TO PLAINTIFFS' MOTION TO REMAND

**NOW INTO COURT,** through undersigned counsel, comes defendant, Recreation by Design, LLC ("RBD") and, with a full reservation of rights, files this Opposition to Plaintiffs' Motion to Remand and, based on the laws and facts stated herein, avers that this matter has been properly removed to this Court on the following grounds:

I.  Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as all plaintiffs named are diverse in citizenship from all named defendants and the amount in controversy more likely than not exceeds $75,000.00 per plaintiff.

   (a)  Plaintiffs' general allegation that no one plaintiff seeks more than $75,000.00 in damages is not dispositive.

   (b)  The category of damages sought in the Complaint and jurisprudence involving similar cases clearly demonstrates that, if proven, the Plaintiffs' claims could be worth greater than $75,000.00.

      (i)  It is facially apparent from the Plaintiffs' Original Petition for Damages that potential damages in this matter exceed $75,000.00 for any individual plaintiff.

      (ii)  Alternatively, based on a sample of awards granted by various juries for cases similar to the current matter, the allegations of the Plaintiffs, if proven at trial, are reasonably valued at over $75,000.00, thus invoking federal jurisdiction.

1

(c)    One of the four named Plaintiffs has judicially admitted to having a claim in excess of $75,000.00 regarding alleged exposure to formaldehyde while residing in an emergency housing unit.

(d)    Plaintiffs' "Declarations under Penalty of Perjury" are untimely and are not binding stipulations. Thus, they have no effect on this removal.

(e)    Other similar claims.

II.    In the alternative, RBD requests time to perform limited discovery as to the issue of jurisdiction.

III.    Plaintiffs should not be awarded attorney's fees or costs associated with Plaintiffs' Motion to Remand.

## I.    Background

On or about December 29, 2010, Plaintiffs, through their attorney, Anthony Buzbee, of The Buzbee Law Firm, filed Plaintiffs' Original Petition (the "Complaint") in this action, entitled *"Percy Leblanc, Wilson Lockett, Jr., Logie Redeaux, and Kay Williams v. Recreation by Design, LLC"* and bearing Cause Number D189-035, in the 136th Judicial District Court, Jefferson County, State of Texas.[1]   On the afternoon of February 1, 2011, Plaintiffs filed Plaintiffs' Amended Petition (the "Amended Complaint")[2] in the same court.   On the same day, on February 1, 2011, RBD removed this matter to the Federal Court for the Eastern District of Texas, Beaumont Division.[3]   Thereafter, on February 17, 2011, RBD filed an Amended and Restated Notice of Removal.[4]   This matter was then transferred to the U.S. District Court for the Eastern District of Louisiana by the United States Judicial Panel on Multidistrict Litigation on or about February 18, 2011 for inclusion in the ongoing multidistrict litigation entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-

---

[1] *See* Case No. 11-421, Rec. Doc.1-12.
[2] *See* Case No. 11-421, Rec. Doc. 1-13.
[3] *See* Case No. 11-421, RBD's Notice of Removal, Rec. Doc. 1-1.
[4] *See* Case No. 11-421, RBD's Amended and Restated Notice of Removal, Rec. Docs. 1-11.

1873.[5]  Plaintiffs subsequently filed a Motion to Remand on or about March 4, 2011, alleging that the Eastern District of Louisiana lacks jurisdiction due to the amount in controversy and under 28 U.S.C. §1442(a)(1) [sic].[6]

RBD respectfully submits that the Motion to Remand should be denied, and this Honorable Court should retain jurisdiction over the instant lawsuit.

## II.   Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as all plaintiffs named are diverse in citizenship from all named defendants and the amount in controversy more likely than not exceeds $75,000.00 per plaintiff.

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states. In 2005, the United States Supreme Court held that where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies 28 U.S.C. §1332(a)'s amount-in-controversy requirement, 28 U.S.C. §1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount." *Exxon Mobile Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 2616-2628 (2005) (emphasis added).   Therefore, once this Court obtains §1332 jurisdiction over a single plaintiff in this suit, the entire suit falls under this Court's §1367 jurisdiction.

In their Memorandum in Support of their Motion to Remand, Plaintiffs argue that this Court has no jurisdiction to hear this matter under 28 U.S.C. 1332 for three separate reasons: 1) Plaintiffs have "stipulated" that the amount in controversy is less than $75,000 per plaintiff, 2) the jurisdictional amount is not facially apparent from the Original Complaint, and 3) RBD has set forth no facts or evidence showing the jurisdictional amount has been satisfied. Each of these

---

[5] *See* Case No. 2:07-md-1873, CTO-39, Rec. Doc. 20316; and Case No. 11-421, Rec. Doc. 1.
[6] *See* Case No. 2:07-md-1873, Rec. Doc. 20444.

arguments is without merit.

A.      **Plaintiffs' general allegation that no one plaintiff seeks more than $75,000.00 in damages is not dispositive.**

Plaintiffs, in their Memorandum in Support of their Motion to Remand, do not dispute that diversity of citizenship exists between the parties.[7]   The Plaintiffs, however, allege that the damages sought by each plaintiff, exclusive of costs and interest, is less than $75,000.00.[8]

In their Complaint, Plaintiffs attempt to specifically limit their damages by asserting that no individual plaintiff seeks more than $75,000.00, exclusion of interest or costs. The "amount in controversy should be determined at the time of filing." *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).   In cases where the plaintiff pleads a specific amount of damages that exceeds the required amount in controversy, that amount controls <u>if made in good faith</u>. *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995) *citing St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289 (1939); *Thrash v. New England Mut. Life Ins. Co.,* 534 F.Supp.2d 691, 693 (S.D. Miss. 2008.) The converse holds true, barring removal if a plaintiff pleads damages less than the jurisdiction amount. *Allen,* 63 F.3d at 1335. <u>However, a simple allegation by Plaintiffs that they are not seeking damages in excess of the jurisdictional amount is not dispositive.</u> *Zunamon v. Brown*, 418 F.2d 883 (8th Cir. 1969).

For pre-removal stipulations to be binding and, thus, preclude federal court removal, plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000.00. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006)(Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc.,* Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003)(Vance, J.) Plaintiffs "stipulation" in their Complaint simply states that no single plaintiff seeks more than $75,000 at trial. It does not affirmatively renounce

---

[7] *See* Case No. 2:07-md-1873, Memorandum in Support of Motion to Remand, Rec. Doc. #20444-2, p. 2.
[8] *Id.*

4

their right to accept an amount over the jurisdictional limit in accordance with *Levith* and *Crosby.* Thus, this "stipulation" is ineffective as it concerns this removal.

Because the allegation seeking to limit damages under the jurisdictional requisite is neither dispositive nor a "specific amount," the allegations of injury and damages sought must be properly evaluated before any determination as to jurisdictional amount may be made. The allegation in Plaintiffs' Complaint that no plaintiff seeks more than $75,000.00, *per se,* is not enough to prevent federal jurisdiction under 28 U.S.C. §1332. Furthermore, Plaintiffs have failed to show any state procedural rule binding them to their complaint and have failed to enter into a binding stipulation, which would limit their damages to less than the jurisdictional amount in compliance with *De Aguilar.*

> **B.      The category of damages sought in the Complaint and jurisprudence involving similar cases clearly demonstrates that, if proven, the Plaintiffs' claims could be worth greater than $75,000.00.**

RBD bears the burden of showing that it is more likely than not that Plaintiffs' claims for damages exceeds the jurisdictional amount.

Where no <u>specific</u> amount is alleged in the Complaint, the party invoking federal jurisdiction may prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *Thrash*, 534 F.Supp.2d at 693. The burden of preponderance of the evidence is met if (1) it is apparent from the face of the complaint that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Property and Casualty Ins. Co.* 276 F.3d 720 at 723 (5th Cir. 2002), *citing De Aguilar,* 47 F.3d at 1412.

It is facially apparent from Plaintiffs' specific category of damages cited in their

complaint, that the amount in controversy in this matter exceeds $75,000. Furthermore, a thorough evaluation of awards granted for similar claims of formaldehyde exposure in travel-trailers suggests that if Plaintiffs were able to prove their claims at trial, the amount in controversy in this matter would exceed $75,000.

1. **It is facially apparent from the Plaintiffs' Original Complaint for Damages that potential damages in this matter exceed $75,000.00 for any individual plaintiff.**

In their Original Complaint for Damages, the plaintiffs state:

"As a result of the foregoing, Plaintiffs were caused to sustain injuries including, but not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental, and consequential damages as shall be proven, but in no event to exceed $75,000 each, exclusive of interest and costs."[9]

A defendant makes a showing that the jurisdictional amount is "facially apparent" from a reading of the complaint when the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).  Under any manner of proof, jurisdictional facts must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time. *Allen,* 63 F.3d at 1335 (emphasis added).

a. **The U.S. Fifth Circuit Court of Appeals' decision in *In re 1994 Exxon Chemical Fire* discusses, in detail, the categories of damages alleged in chemical exposure cases which justify removal to federal courts. These categories of damages align with the categories of damages asserted by the Plaintiffs in this matter.**

The Fifth Circuit has held that removal is justified where alleged damages in a chemical exposure case include:

---

[9] *See* Case No. 11-421, Rec. Doc. 1-12, p.3-4.

"individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance; expenses incurred by reason of illness caused by the nuisance; fear and apprehension of further exposure to, and impact from, hazardous chemicals; economic and financial harm; loss of enjoyment of life and peaceful use of property; and, other consequential, incidental, general, and special damages."
*In re 1994 Exxon Chemical Fire,* 558 F.3d 378 (5th Cir. 2009).

The listed damages cited by the Federal Fifth Circuit in *In re 1994 Exxon Chemical Fire* closely mirrors the listed damages alleged by Plaintiffs here, justifying this removal under the "facially apparent" standard set forth in *Allen, supra*.[10]

        **b.**    **Recent U.S. Fifth Circuit decisions hold that complaints that seek damages for disability and impairment support a substantially larger monetary basis for federal jurisdiction.**

In addition to the damages cited in *In re 1994 Exxon Chemical Fire,* Plaintiffs cite damages for "past and future physical impairments and disability," which, under federal jurisprudence, supports a substantially larger monetary basis for federal jurisdiction. The Federal Fifth Circuit has noted that emotional distress, functional impairment, and disability are the kinds of damages that if alleged, "support a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.* 193 F.3d 848, 851 (5th Cir. 1999).

In *Robinson v. Delchamps,* the plaintiff sought remand, citing a failure to establish the requisite jurisdictional amount of $75,000.00. The defendant argued that the jurisdictional amount was facially apparent from the plaintiff's petition, which cited nine separate types of damages, including physical and mental pain and suffering (past and future), loss of income (past and future), medical expenses (past and future), loss of enjoyment of life (past and future),

---

[10] *See also Aisola v. Exxonmobil Corp.,* No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09) where the Eastern District held that the current requisite jurisdictional amount of $75,000.00 was facially apparent from the Petition (Complaint) when asserting the exact same type of alleged damages in *In re 1994 Exxon Chemical Fire* and other chemical exposure cases.

and disability (past and future). The Louisiana Eastern District held, "[t]he number of claims, the nature of those claims, and the allegations that plaintiff will continue to suffer damages into the future, all weigh against plaintiff's argument. It is facially apparent that if all damages alleged in this case are recovered, the amount of the judgment would likely be well in excess of the jurisdictional amount." *Robinson v. Delchamps, Inc.,* No. 98-0503 1998 WL 352131 (E.D. La. 06/30/98)(emphasis added). In a similar holding, the Western District of Louisiana has found that the jurisdictional amount of $75,000.00 was facially apparent where the plaintiff sought damages for physical pain and suffering (past and future); mental anguish, emotional distress, worry, anxiety, and inconvenience (past and future); medical and related expenses (past and future); loss of enjoyment of life; and disability and impairment. *Lowery v. J.C. Penny Corp., Inc.* No. 06-1710 2006 WL 3827527 (W.D. La. 12/28/06)(Citing *Robinson*)(emphasis added).

Furthermore, the Federal Fifth Circuit has found that the Louisiana Eastern District did not err in finding that it was facially apparent from the plaintiff's petition that the amount in controversy exceeded $75,000 when the petition sought damages for past and future medical expenses, past and future pain and suffering, past and future lost wages and past and future disability. *Davis v. Grider,* 214 F.3d 1350 (Table), 2000 WL 634655 (5th Cir. 2000)(emphasis added). These cases stand for the proposition that a certain, specific category of injury – disability – when alleged in a Complaint, as it is here, causes the requisite amount under 28 U.S.C. §1332 to become facially apparent under the standard set in *Allen, supra.*

> ### c.    The Louisiana Eastern District's decision in *Aisola* is directly on point.

Recently and most directly on point, the Eastern District of Louisiana found that a jurisdictional amount requirement of $75,000.00 was facially apparent from the Petition

(Complaint) in a chemical exposure case asserting damages directly aligned with those asserted in the current matter.

In *Aisola,* thirteen minor school children were allegedly injured when the defendant negligently released chemicals into the air. *Aisola v. Exxonmobil Corp.,* No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09). Each plaintiff cited damages "inclusive of past, present, and future medical expenses; past, present, and future lost wages; past, present, and future mental anguish; past, present, and future pain and suffering; disability and disfigurement; and other damages." *Id.* at *2. Furthermore, the plaintiffs claimed the exposure "necessitated and will further necessitate medical treatment." *Id.* The Court, based primarily on the *In re 1994 Exxon Chemical Fire* holding and a thorough discussion of damages sought for disability, found that it was facially apparent from the plaintiffs' petition that the amount in controversy exceeded $75,000. *Id.* Again, the determination that the Federal Court had jurisdiction under §1332 was made solely by an analysis of the category of injuries asserted.

The damages asserted in *Aisola* are almost identical to the damages asserted in the current matter. Both cases seek damages for 1) past and future mental anguish/pain and suffering, 2) past and future physical pain and suffering, 3) past and future medical expense, and 4) disability and impairment/disfigurement. The Plaintiffs here also seek damages not cited in *Aisola* such as past and future physical injury, loss of enjoyment of life, and punitive damages. Using *In re 1994 Exxon Chemical Fire, Aisola,* and *Robinson* as guides, it is facially apparent from the Plaintiffs' Complaint and Amended Complaint for Damages that if all category of damages alleged by the Plaintiffs were recovered, then this amount would more likely than not be in excess of $75,000.00.

        **d.**      **Plaintiffs seek exemplary damages which solidifies defendant's argument that the value of damages, if completely proven at**

**trial, more likely than not exceeds $75,000.00.**

In addition to these above-cited categories of injuries seeking compensatory damages, the Plaintiffs seek exemplary/punitive damages under Texas law. This only increases the defendants' potential exposure at trial.

It is well settled that, if Texas law permits exemplary/punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 585-86 (1999) (by implication). Claims for compensatory and punitive damages could be combined in determining jurisdictional amount. *Jeffries v. Silvercup Bakers, Inc*., 434 F.2d 310 (7th Cir. 1970). The Plaintiffs' allegation that they are entitled to exemplary damages only increases the potential value of each claim and solidifies the fact that the jurisdictional requisite is "facially apparent" from a clear reading of the Complaint.

The Plaintiffs' own allegations of damages show that RBD has met its burden of proving that the requisite amount in controversy under 28 U.S.C. §1332 is facially apparent from the Plaintiffs' Original Petition for Damages, and this Court need not look further.

> **2.    Alternatively, based on a sample of awards granted by various juries for cases similar to the current matter, the allegations of the Plaintiffs, if proven at trial, are reasonably valued at over $75,000.00, thus invoking federal jurisdiction.**

Although Section II(B) clearly indicates that the jurisdictional amount required under 28 U.S.C. §1332 is facially apparent from Plaintiffs' Complaint for Damages, in an abundance of caution and in accordance with *Luckett* and *White, supra*, RBD submits the following jurisprudence which clearly shows that Plaintiffs' claims for damages could be reasonably

calculated to exceed $75,000.00. To reiterate the law stated earlier, so long as one named plaintiff in this action meets the jurisdictional requisite amount under 28 U.S.C. §1332, then jurisdiction is obtained over all other plaintiffs. *See Exxon Mobile Services, supra.*

If it is not "facially apparent" from a plaintiff's petition that the amount in controversy exceeds $75,000.00, the Court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999). It is important to note that, despite requests from defendants, the plaintiffs have failed to submit any allegations or evidence of the actual symptoms and/or ill-health effects allegedly suffered as a result of the their alleged exposure.[11] Thus, the "summary judgment" type evidence that should be considered by this Court, in accordance with *White* and *Luckett,* is a jurisprudential sampling of the amount of damages awarded by various juries in similar cases involving formaldehyde exposure in mobile homes/trailers.[12]

Four cases involving alleged formaldehyde exposure in mobile homes/trailers were presented to various juries on the state and federal level in which awards, both compensatory and punitive, were given to plaintiffs. In *Boelens,* a jury from the United States District Court for the Northern District of Texas awarded a mother and her two minor children $178,903.80 in compensatory damages for alleged injuries caused by formaldehyde fumes emitting from a mobile home. *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1061 (N.D. Tex. 1983).[13] The

---

[11] All Plaintiffs in FEMA formaldehyde exposure cases in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873 have been ordered to fill out a "Plaintiff Fact Sheet" which asks the party to identify the actual symptoms and consequences suffered as a result of the alleged formaldehyde exposure. It also asks the Plaintiff to identify medical providers and supply a medical history. Finally, it asks Plaintiffs to note whether they have suffered from any property loss or devaluation as a result of the alleged exposure.

[12] In addition to the jurisprudence, RBD also submits that one of the plaintiffs, Percy LeBlanc, appears to have filed a prior suit against Fleetwood seeking damages in excess of $75,000 which is discussed more fully in Section II(C).

[13] The Federal Fifth Circuit overturned the jury's decision due to the fact that personal injury damages were not

jury also awarded the plaintiffs an additional $206,250.00 in punitive and discretionary damages. *Id.*

In *Tiderman,* the Washington State Supreme Court reversed the decision by an Appellate Court and reinstated a jury verdict of $566,500.00 for compensatory damages awarded to a single plaintiff for alleged formaldehyde exposure emitting from a mobile home after the plaintiff allegedly suffered eye, throat, and respiratory irritation as a result of the exposure. *Tiderman v. Fleetwood Homes of Washington,* 102 Wash.2d 334, 335 (Wash. 1984).

In *Troensegaard,* a California jury awarded a plaintiff $90,000.00 in compensatory damages, $55,000.00 in punitive damages, and levied a $90,000.00 "civil fine" against a mobile home manufacturer for alleged formaldehyde exposure suffered by the plaintiff in her mobile home. *Troensegaard v. Silvercrest Industries, Inc.,* 175 Cal.App.3d 218, 221 (Cal.App. 1 Dist. 1985). The Appellate Court affirmed the compensatory award but reversed the award of $55,000.00 in punitive damages on Appeal. *Id.* at 230.

In *Alley,* two plaintiffs were awarded $20,000.00 and $30,000.00 respectfully in compensatory damages for injuries suffered as the result of alleged formaldehyde exposure from a mobile home. *Alley v. Gubser Development, Co.,* 785 F.2d 849, 853 (10th Cir. 1986). Additionally, they were awarded a total of $510,000.00 in punitive damages against various defendants in the case. *Id* at 853-54.[14]

Thus, over the four cases examined involving formaldehyde exposure from mobile homes/trailers, the average compensatory award granted by juries was $126,486.25 per plaintiff. Furthermore, these juries also awarded a total of $902,250.00 in punitive or discretionary damages. These figures far exceed the jurisdictional requisite of $75,000.00 required by 28

---

recoverable under Magnuson-Moss Warranty Act. *Boelens* at 1071.
[14] These punitive awards were reduced on Appeal to an unspecified amount. *Alley* at 857.

U.S.C. §1332. It should also be noted that these awards were granted between 1983-1986, some twenty-seven to twenty-four years ago. With the constant price increase of medical care and the natural decrease in the valuation of money over time, it is unreasonable to believe that the value of these types of cases has not increased in since the time in which they were decided.

The requisite amount under 28 U.S.C. §1332 is facially apparent from a clear reading of the categories of injuries asserted by the Plaintiffs in their Complaint for Damages under the standard set and jurisprudence found in *Allen, In re 1994 Exxon Chemical Fire, Robinson,* and *Aisola.* Furthermore, awards granted for compensatory damages alone by juries in the 1980s in strikingly similar cases were, on average, about $50,000.00 more per plaintiff than the current jurisdictional requirement.  Accordingly, RBD asserts for the reasons stated above that it has met its burden for jurisdiction under 28 U.S.C. §1332.

### C.    One of the four named Plaintiffs has judicially admitted to having a claim in excess of $75,000.00 regarding alleged exposure to formaldehyde while residing in an emergency housing unit.

In addition to the foregoing, Percy LeBlanc, the first plaintiff named in this matter, appears to have already filed a Federal Complaint alleging injury from formaldehyde exposure in this MDL against Fleetwood in the matter of *Essame Abbas, et al, vs. Fleetwood Enterprises, Inc., et al,* 2:10-cv-03638-KDE-ALC, as a Percy Le Blanc from Texas is listed as one of the plaintiffs in that matter which was filed on October 18, 2010, by the same attorney, Anthony Buzbee, of The Buzbee Law Firm.[15]   In the *Abbas* Complaint, the plaintiffs, including Percy Le Blanc, each allege to have suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs, and they aver that the Court has jurisdiction under diversity jurisdiction, 28 U.S.C. § 1332, set forth in ¶ II(4) and II(5) as follows:

---

[15] *See* the Complaint in *Essame Abbas, et al, vs. Fleetwood Enterprises, Inc., et al,* 2:10-cv-03638-KDE-ALC, Case No. 11-421, Rec. Docs.1-4, p.3 through Rec. Doc. 1-7, p.9.

II(4).   Each plaintiff alleges to have suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs.

II(5).   Pursuant to 28 U.S.C. 1332, this Court has subject matter jurisdiction over the claims asserted herein against the defendant(s) with citizenship other than that of plaintiff(s), because of diversity of citizenship and because the amount in controversy exceeds $75,000.00, exclusive of interest of costs.

Although this Plaintiff named a different manufacturer in that litigation, this Court is aware of the overlapping issues regarding alleged exposure and damages when plaintiffs claim to have lived in multiple housing units.  Percy LeBlanc's allegations of damages in excess of $75,000 in one petition regarding formaldehyde exposure while residing in an emergency housing unit clearly demonstrates that he values his alleged injuries at greater than $75,000 even though he may have resided in multiple units.

Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them. *White v. ARCO/Polymers Inc.,* 720 F.2d 1391 (5th 1983); *State Farm Mutual Auto Insurance Co. v. Worthington,* 405 F.2d 683, 686 (8th Cir. 1968); *Mull v. Ford Motor Co.,* 368 F.2d 713, 716 (2nd Cir. 1966).  Accordingly, RBD submits that Percy Leblanc has already judicially admitted in this MDL that his claims regarding injury from exposure to formaldehyde exceed $75,000.00 regardless of the statements made in the post-removal declaration in the matter at hand.  Further,  to reiterate  the law  stated earlier, so long as one named plaintiff in this action meets the jurisdictional requisite amount under 28 U.S.C. 1332, then jurisdiction is obtained over all other plaintiffs. *See Exxon Mobile Services, supra.*

D.   **Plaintiffs' post-removal "Declarations under Penalty of Perjury" are untimely and are not binding stipulations. Thus, they have no legal effect in this matter.**

Plaintiffs original Complaint lacked any Declarations.[16]   On February 1, 2011, Plaintiffs filed their Amended Complaint, the same day RBD filed its removal.  Purportedly, attached as an exhibit to this Amended Complaint were four documents entitled "Declarations under Penalty of Perjury."[17]  However, these documents were not attached to the Amended Complaint and were not sent to the Court until February 2, 2011, one day after the Removal was filed.[18]   In these documents, each plaintiff declares that he or she is not <u>seeking</u> damages in excess of $75,000 exclusive of interest or costs. These documents are ineffective for the separate reasons cited below.

If a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Thrash*, 534 F.Supp.2d at 693 (quoting *Allen v. R&H Oil and Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938). The plaintiffs' burden of proving this legal certainty of not recovering more than the amount plead for in the complaint can be met by: (1) showing state procedural rules binding a plaintiff to his pleadings; or (2) filing with the complaint a binding stipulation or affidavit to that effect. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995). Statements found in Complaints, such as found here, that allege that plaintiffs "do not seek a judgment in excess of $75,000.00" do not constitute a "specific amount" under *Thrash* or *De Aguilar. See generally Jackson v. Balboa Insurance Co., et al.,* 590 F.Supp.2d 825 (S.D. Miss. 2008); *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 722-23 (5th Cir. 2002).

---

[16] *See* Case No. 11-421, Rec. Doc.1-12.

[17] *See* "Declarations under Penalty of Perjury," *in globo*, Case No. 11-421, Rec. Doc. #20444-1.

[18] *See* Letter enclosing "Declarations under Penalty of Perjury," date stamped 02/02/11, attached as *Exhibit "A." Also see,* Case No. 11-421, RBD's Amended and Restated Notice of Removal, Rec. Docs. 1-11, 1-12, 1-13, 1-14, & 1-15.

### 1.      The "Declarations under Penalty of Perjury" are untimely.

First, these "Declarations under Penalty of Perjury" are untimely. If the amount in controversy is clear from the face of the complaint, post-removal stipulations, affidavits, and amendments purporting to reduce the amount of damages sought by the plaintiffs cannot deprive a federal court of jurisdiction. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883.   Events occurring subsequent to removal of an action which reduce the amount in controversy required for diversity jurisdiction, whether beyond the plaintiff's control or the result of her volition, do not oust the federal district court's jurisdiction once it has attached. *Ruyle v. Safeco Ins. Co. of America*, 640 F.Supp.2d 1262 (D. Idaho, 2009).

This Court's jurisdiction attached at the time the original complaint was filed. Furthermore, these "Declarations under Penalty of Perjury" were not filed with the state court until a day after the removal was filed. Therefore, they should not be considered in determining jurisdiction for removal, and they should not be considered part of the record as they were not filed into the state record at the time of removal.

### 2.      The "Declarations under Penalty of Perjury" fail to meet any of the requirements necessary for a binding stipulation as to the jurisdictional amount under 28 U.S.C. §1332.

The "Declarations under Penalty of Perjury" also do not meet the standards for a binding stipulation. In *Hamilton,* the federal court for the Southern District for West Virginia evaluated stipulations concerning the jurisdictional amount in controversy in a case seeking removal. The Court honored the stipulations because it was determined that these stipulations met the requirements needed for a binding agreement. The Court noted that these stipulations:

1.      Unequivocally stated that Plaintiffs would not accept an amount greater than $74,000, <u>in any event</u> (magical words.)

2.      The stipulation was filed in the state court <u>prior to removal being filed.</u>

3.      The stipulation was notarized.

*Hamilton, Burgess, Young, & Pollard, PLLC, v. Markel American Ins. Co.,* 2006 WL218200, (S.D. W. Vir. 2006), *citing as support Hicks v. Herbert,* 122 F.Supp.2d. 699, 701 (S.D.W.Va.2000).

Plaintiffs' current "Declarations Under Penalty of Perjury," fail to meet any of these three requirements. First, the Declarations state, "the damages I am <u>seeking</u> do not exceed $75,000 exclusive of interest or costs." This statement does not unequivocally state that the plaintiffs will not accept an amount in excess of the jurisdictional limit; it only states that plaintiffs are not seeking an amount over $75,000.[19] In order for allegations within a state court petition to constitute a binding stipulation limiting damages below the federal jurisdictional minimum, warranting remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999; <u>the plaintiff must expressly deny that he or she will accept more than $75,000 if the state court awards in excess of that amount</u>.  *McGlynn v. Huston*, 693 F.Supp.2d 585, (M.D. La. 2010).

Second, as stated above, these stipulations were filed with the State Court after the Notice of Removal was filed, rendering them untimely. Finally, none of these Declarations found in Rec. Doc. #20444-1 are notarized.[20]  The Declarations fail to meet any of the requirements of a binding stipulation as cited in *Hamilton,* and, as such, should not be considered in this jurisdictional determination.

In support of the unsworn declarations, the plaintiffs cite *ANPAC v. Dow Quimcia de Columubia S.A.*  In *ANPAC,* the Federal Fifth Circuit allowed a post-removal affidavit to be used in support of the plaintiffs' Motion to Remand. The Court reasoned that the affidavit was

---

[19] The *Hamilton* Court held that two statements would satisfy the unequivocal statement requirement. The Plaintiffs could state that "plaintiff will not accept an amount over $75,000, <u>in any event</u>" or " plaintiff will not seek <u>or accept</u>" an amount greater than the jurisdictional amount. *Hamilton* at 2.
[20] *See generally*, Case No. 11-421, Rec. Doc. #20444-1.

attempting to "clarify" and not change the previously asserted damages. *ANPAC v. Dow Quimcia de Columubia S.A.,* 988 F.2d 559 (5th Cir. 1993), *abrogated by Marathon Oil Co. v. A.G. Ruhrgas,* 145 F.3d 211 (5th Cir. 1998). The U.S. Court of Appeals for the Fifth Circuit, mere months after deciding *ANPAC,* described, in detail, its very limited application.  In *Marcel,* the Fifth Circuit stated, "*ANPAC,* though controlling authority, is very narrowly drawn and circumscribed and is plainly distinguishable." *Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993). The Fifth Circuit concluded, "[n]othing in *ANPAC* suggests that stipulations or affidavits--from the plaintiffs, their attorneys, or otherwise--always or even usually should be given effect to defeat removal." *Marcel,* at p. 85.

In any case, the Plaintiffs could potentially amend their petition to claim a greater amount of damages. Under the Texas Rules, parties are free to amend their pleadings at any time prior to a deadline to amend pleadings established by a pre-trial order, or in the absence of such a pre-trial order, at any time up until seven days prior to trial.  Tex. R. Civ. P. 63; *Mackey v. U.P. Enterprises*, 935 S.W. 2d 446, 461 (Tex. App.-Tyler 1996, no writ); *G.R.A.V.I.T.Y. Enterprises v. Reece Sup.*, 177 S.W. 3d 537, 542 (Tex. App.-Dallas 2005, no pet.).  The Texas Rules may allow these Plaintiffs to amend their petition without leave of court at any time as long as it was more than seven days prior to trial or before a pleadings deadline established by a pre-trial order.  In fact, Texas law allows a claimant in some circumstances to amend the pleadings after a jury verdict so as to conform the amount of damages claimed in the petition to the amount of the verdict if a jury returns a verdict in an amount greater than the maximum amount claimed in the petition. *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W. 2d 938, 939 (N.1 (Tex. 1990)); *Harvey v. Stanley*, 803 S.W. 2d 721, 727 (Tex. App.-Fort Worth 1990, den.).

### E.    Other similar claims

18

In addition to the *Essame Abbas, et al vs. Fleetwood Enterprises, Inc.,* complaint discussed above in section II(C), the case at bar is but one of many lawsuits brought by plaintiffs complaining of injuries resulting from formaldehyde in travel trailers supplied to them by FEMA.  Plaintiffs' attorney has also filed other petitions that are part of this MDL alleging similar causes of action and damages.[21]  In those cases, Plaintiffs' counsel has alleged that plaintiff's damages exceed $75,000.00 each.  The case at bar is no different.  The types of damages being claimed and the causes of action being alleged are similar to those in the other cases.  RBD contends that these other filings demonstrate that the Complaint in this case and belatedly submitted declarations are nothing more than an attempt to avoid federal court jurisdiction.

Based on the foregoing, it is clear that RBD has met its burden of proof showing that removal is proper under the diversity jurisdiction granted this Court under 28 U.S.C. §1332.  However, in the alternative, if this Court were to determine that RBD has failed to meet this burden, then RBD requests that this Court grant it time to conduct limited discovery as to the value of this claim prior to making a final ruling on removability as more fully set forth below.

### III.    In the alternative, RBD requests time to perform limited discovery as to the issue of jurisdiction.

Should the Court require additional information or evidence, then in the alternative, RBD requests time to perform limited discovery as to the issue of jurisdiction.  RBD submits that a request has been made through liaison counsel for the manufacturing defendants to obtain Form 95s from both the United States of America and plaintiffs' counsel.  This is in addition to the requirements of PTOs 2 and 32 which require plaintiffs to submit Plaintiff Fact Sheets after

---

[21] *See Darryl Hood, et al v. Recreation by Design, LLC, et al;* Docket No. 09-8406 EDLA, Rec. Doc. 1; *Tony Griffin, et al v. Recreation by Design, LLC, et al;* Docket No. 11-342 EDLA, Rec. Doc. 1-1; *Edna Alverez, et al v. Recreation by Design, LLC, et al;* Docket No. 10-2305 EDLA, Rec. Doc. 1.

they make a claim in this MDL.   This discovery is relevant as it is anticipated that Plaintiffs may have submitted Form 95s with their PFS or separately to the USA regarding claims under the Federal Tort Claims Act  ("FTCA").   Accordingly, RBD requests that this Honorable Court issue an Order allowing it time to conduct limited discovery regarding this jurisdictional issue and to stay these proceedings while such discovery is obtained in the event more evidence is desired by the Court on this issue.

> **IV.    Plaintiffs should not be awarded attorney's fees or costs associated with Plaintiffs' Motion to Remand.**

The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin,* 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Admiral Ins. Co. v. Abshire,* 574 F.3d 267, 280 (5th Cir.2009).  Further, it is settled in the Fifth Circuit that "[t]here is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.* 199 F.3d 290, 292 (5th Cir.2000). "Indeed, the clear language of the statute makes such an award discretionary." *Id.* "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them." *Valdes,* 199 F.3d at 292.

In the present matter, Plaintiffs' counsel seeks costs and expenses for filing the Motion to Remand.[22]  RBD respectfully submits that the Removal is proper, and plaintiffs' Motion to Remand should be denied.   As set forth above, the law and facts support RBD's Removal. Further, should the Court grant plaintiffs' motion, RBD supports that such removal was reasonably made based on relevant law, the pleadings, and facts.   Accordingly, in the event this

---

[22] *See* Rec. Doc. 20444-2, pgs. 5 and 6.

Court remands the case to state court, RBD submits that it acted reasonably and that there is no basis to award plaintiffs fees or costs.

## Conclusion

For the many reasons stated above, RBD has met its burden for jurisdiction under 28 U.S.C. §1332. RBD respectfully submits that the Motion to Remand should be denied, and this Honorable Court should retain jurisdiction over the instant lawsuit. In the alternative, RBD requests that the Court issue an Order permitting limited discovery relating to the jurisdictional issue of the amount in controversy, time for obtaining the discovery, a stay of these proceedings while discovery is obtained, and allow RBD to file a supplemental opposition and/or response to Plaintiffs' Motion to Remand after the jurisdictional discovery is obtained.

Respectfully submitted:

*/s/ Randall C. Mulcahy*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE & MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation by Design, LLC
Email: rmulcahy@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Randall C. Mulcahy*
RANDALL C. MULCAHY, 26436