## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | § | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | § | |
| LIABILITY LITIGATION | § | SECTION "N" (5) |
| | § | |
| | § | JUDGE ENGELHARDT |
| | § | MAGISTRATE CHASEZ |
| THIS DOCUMENT RELATES TO: | § | |
| Lisa Franks, et al. v. DS Corp., d/b/a | § | |
| CrossRoads RV, C.A. No. 11-416 | § | |

## DS CORP'S OPPOSITION TO PLAINTIFFS MOTION TO REMAND

Defendant DS Corp, d/b/a CrossRoads RV ("CrossRoads") submits this

Opposition to Plaintiffs' Motion to Remand and represents the following:

(1)     Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as all plaintiffs named are diverse in citizenship from all named defendants and the amount in controversy more likely than not exceeds $75,000 per plaintiff.

    (a)     Plaintiffs' general allegation that no one plaintiff seeks more than $75,000 in damages is not dispositive.

    (b)     The category of damages sought in the Petition and jurisprudence involving similar cases clearly demonstrates that, if proven, the plaintiffs' claims could be worth greater than $75,000.

        (i)     It is facially apparent from the plaintiffs' Original Petition that potential damages in this matter exceed $75,000 for any individual plaintiff.

        (ii)     Alternatively, based a sample of awards granted by various juries for cases similar to the current matter, the allegations of the plaintiffs, if proven at trial, are reasonably valued at over $75,000, thus invoking federal jurisdiction.

    (c)     Plaintiffs' "Declarations under Penalty of Perjury" are not binding stipulations.  Thus, they have no effect on this removal.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs filed this action in Texas state court on December 29, 2010. The petition was styled *"Lisa Franks and Calvin Arnold, Individually and as Next Friend of C.A. v. DS Corp, d/b/a CrossRoads RV,"* Cause No. B189-033, in the 60th Judicial District, Jefferson County, Texas.   CrossRoads removed the action on February 1, 2011 and filed an amended notice of removal on February 17, 2011.[1] The MDL panel transferred this action to this Court on February 23, 2011.

To date, plaintiffs still have not served CrossRoads with their lawsuit. CrossRoads' notice of removal was timely and plaintiffs have not objected to the timeliness of CrossRoads' removal or raised any defects with the removal procedure.

Plaintiffs filed the pending motion to remand on March 3, 2011.

CrossRoads removed on the basis of diversity jurisdiction under 28 U.S.C. §1332.  In their motion to remand, plaintiffs acknowledge that the parties are completely diverse.  The only issue here is whether the amount in controversy requirement is met.

**II.** **Federal jurisdiction is proper in this matter under 28 U.S.C. §1332 as all plaintiffs named are diverse in citizenship from all named defendants and the amount in controversy more likely than not exceeds $75,000 per plaintiff.**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy (1) exceeds $75,000, exclusive of interest and costs, and (2) is

---

[1] The sole purpose of the amendment was to add an additional exhibit to CrossRoads' filing—an amended state court petition that plaintiffs filed a few hours before CrossRoads removed the action, but that CrossRoads didn't learn of until after the initial notice of removal was filed.  *See* Amended Notice of Removal, p. 1.

between citizens of different states. In 2005, the United States Supreme Court held that where the other elements of jurisdiction are present <u>and at least one named plaintiff in the action satisfies 28 U.S.C. §1332(a)'s amount-in-controversy requirement</u>, 28 U.S.C. §1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount." *Exxon Mobile Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 2616-2628 (2005)(Emphasis Added). Therefore, once this Court obtains §1332 jurisdiction over a single plaintiff in this suit, the entire suit falls under this Court's §1367 jurisdiction.

In their Memorandum in Support of their Motion to Remand, Plaintiffs argue that this Court has no jurisdiction to hear this matter under 28 U.S.C. 1332 for three separate reasons: 1) Plaintiffs have "stipulated" that the amount in controversy is less than $75,000 per plaintiff, 2) the jurisdictional amount is not facially apparent from the Original Petition, and 3) CrossRoads has not set forth any facts or evidence showing that the jurisdictional amount has been satisfied. Each of these arguments is without merit.

### A.  Plaintiffs' general allegation that no one plaintiff seeks more than $75,000 in damages is not dispositive.

Plaintiffs, in their Memorandum in Support of their Motion to Remand, do not dispute that diversity of citizenship exists between the parties.[2]  The Plaintiffs, however, allege that the damages sought by each plaintiff, exclusive of costs and

---

[2] *See* Memorandum in Support of Motion to Remand, Record Document #20415, p.2.

interest, is less than $75,000.[3]

In their State Court Petition, Plaintiffs attempt to specifically limit their damages by asserting that no individual plaintiff <u>seeks</u> more than $75,000, exclusion of interest or costs. The "amount in controversy should be determined at the time of filing." *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).  In cases where the plaintiff pleads a specific amount of damages that exceeds the required amount in controversy, that amount controls <u>if made in good faith</u>. *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995) *citing St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289 (1939); *Thrash v. New England Mut. Life Ins. Co.,* 534 F.Supp.2d 691, 693 (S.D. Miss. 2008). The converse holds true, barring removal if plaintiff pleads damages less than the jurisdiction amount. *Allen,* 63 F.3d at 1335. <u>However, a simple allegation by Plaintiffs that they are not seeking damages in excess of the jurisdictional amount is not dispositive.</u> *Zunamon v. Brown*, 418 F.2d 883 (8th Cir. 1969).

For pre-removal stipulations to be binding and, thus, preclude federal court removal, plaintiffs must affirmatively renounce the right to accept a judgment in excess of $75,000. *Levith v. State Farm Fire and Cas. Co.,* Civil Action No. 06-2785, 2006 WL 2947906, *2 (E.D. La. 2006)(Vance, J.); *Crosby v. Lassen Canyon Nursery, Inc.,* Civil Action No. 02-2721, 2003 WL 22533617, *3 (E.D. La. 2003)(Vance, J.) Plaintiffs "stipulation" in their petition simply states that no single plaintiff seeks more than $75,000 at trial. It does not affirmatively renounce their right to accept

---

[3] *Id.*

an amount over the jurisdictional limit in accordance with *Levith* and *Crosby*. Thus, this "stipulation" is ineffective as it concerns this removal.

Because the allegation seeking to limit damages under the jurisdictional requisite is neither dispositive nor a "specific amount," the allegations of injury and damages sought must be properly evaluated before any determination as to jurisdictional amount may be made. The allegation in Plaintiffs' Petition that no plaintiff seeks more than $75,000, *per se,* is not enough to prevent federal jurisdiction under 28 U.S.C. §1332. Furthermore, Plaintiffs have failed to show any state procedural rule binding them to their petition and have failed to enter into a binding stipulation, which would limit their damages to less than the jurisdictional amount in compliance with *De Aguilar*.

    **B.**    **The category of damages sought in the Petition and jurisprudence involving similar cases clearly demonstrates that, if proven, the plaintiffs' claims could be worth greater than $75,000**

Where no <u>specific</u> amount is alleged in the Complaint, the party invoking federal jurisdiction may prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *Thrash*, 534 F.Supp.2d at 693. The burden of preponderance of the evidence is met if (1) it is apparent from the face of the complaint that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth summary judgment type evidence of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Property and Casualty Ins. Co.* 276 F.3d 720 at 723 (5th Cir. 2002), *citing De Aguilar,* 47 F.3d at 1412.

It is facially apparent from Plaintiffs' specific category of damages cited in their petition, that the amount in controversy in this matter exceeds $75,000. Furthermore, a thorough evaluation of awards granted for similar claims of formaldehyde exposure in travel-trailers suggests that if Plaintiffs were able to prove their claims at trial, the amount in controversy in this matter would exceed $75,000.

**1.   It is facially apparent from the Plaintiffs' Petition that potential damages in this matter exceed $75,000 for any individual plaintiff.**

In their Petition, the Plaintiffs state:

> "As a result of the foregoing, Plaintiffs were caused to sustain injuries including, but not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairment and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during a period of displacement from a natural disaster, as well as all general, special, incidental, and consequential damages which shall be proven, but in no event to exceed $75,000 each, exclusive of interest and costs."[4]

A defendant makes a showing that the jurisdictional amount is "facially apparent" from a reading of the complaint when the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995). Under any manner of proof, jurisdictional facts must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of

---

[4] *See* Case No. 11-0416, Rec. Doc. 1-1, Plaintiffs' Amended Petition attached as "Exhibit 1."

time. *Allen,* 63 F.3d at 1335 (Emphasis Added).

> **a.    The U.S. Fifth Circuit Court of Appeals' decision in *In re 1994 Exxon Chemical Fire* discusses, in detail, the categories of damages alleged in chemical exposure cases which justify removal to federal courts under the facially apparent standard. These categories of damages align with the categories of damages asserted by the Plaintiffs in this matter.**

The Fifth Circuit has held that removal is justified where alleged damages in

a chemical exposure case include:

> Individual and familial suffering; injuries to physical and mental health, including, but not limited to, emotional distress and mental anguish from the knowledge of exposure to a hazardous substance; expenses incurred by reason of illness caused by the nuisance; fear and apprehension of further exposure to, and impact from, hazardous chemicals; economic and financial harm; loss of enjoyment of life and peaceful use of property; and, other consequential, incidental, general, and special damages

> *In re 1994 Exxon Chemical Fire,* 558 F.3d 378 (5th Cir. 2009).

The listed damages cited by the Fifth Circuit in *In re 1994 Exxon Chemical Fire*

closely mirrors the listed damages alleged by Plaintiffs here, justifying this

removal under the "facially apparent" standard set forth in *Allen, supra.*[5]

> **b.    Recent U.S. Fifth Circuit decisions hold that complaints that seek damages for disability and impairment support a substantially larger monetary basis for federal jurisdiction.**

---

[5] *See* also *Aisola v. Exxonmobil Corp.*, No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09) where the Eastern District held that the current requisite jurisdictional amount of $75,000 was facially apparent from the Petition (Complaint) when asserting the exact same type of alleged damages in *In re* 1994 Exxon Chemical Fire and other chemical exposure cases.

In addition to the damages cited in *In re 1994 Exxon Chemical Fire,*
Plaintiffs cite damages for "past and future physical impairments and disability,"[6]
which, under federal jurisprudence, supports a substantially larger monetary basis
for federal jurisdiction. The Fifth Circuit has noted that emotional distress,
functional impairment, and disability are the kinds of damages that if alleged,
"support a substantially larger monetary basis for federal jurisdiction." *Simon v.
Wal-Mart Stores, Inc.* 193 F.3d 848, 851 (5th Cir. 1999).

In *Robinson v. Delchamps,* the plaintiff sought remand, citing a failure to
establish the requisite jurisdictional amount of $75,000. The defendant argued that
the jurisdictional amount was facially apparent from the plaintiff's petition, which
cited nine separate types of damages, including physical and mental pain and
suffering (past and future), loss of income (past and future), medical expenses (past
and future), loss of enjoyment of life (past and future), and disability (past and
future). The Louisiana Eastern District held, "[t]he number of claims, the nature of
those claims, and the allegations that plaintiff will continue to suffer damages into
the future, all weigh against plaintiff's argument. It is facially apparent that if all
damages alleged in this case are recovered, the amount of the judgment would
likely be well in excess of the jurisdictional amount." *Robinson v. Delchamps, Inc.,*
No. 98-0503 1998 WL 352131 (E.D. La. 06/30/98)(emphasis added). In a similar

---

[6] *See* Case No. 11-0416, Rec. Doc. 1-1, Plaintiffs' Amended Petition attached
as "Exhibit 1."

holding, the Western District of Louisiana has found that the jurisdictional amount of $75,000 was facially apparent where the plaintiff sought damages for physical pain and suffering (past and future); mental anguish, emotional distress, worry, anxiety, and inconvenience (past and future); medical and related expenses (past and future); loss of enjoyment of life; and disability and impairment. *Lowery v. J.C. Penny Corp., Inc.* No. 06-1710 2006 WL 3827527 (W.D. La. 12/28/06)(Citing *Robinson.*)(emphasis added).

Furthermore, the Fifth Circuit has found that the Louisiana Eastern District was correct in finding that it was facially apparent from the plaintiff's petition that the amount in controversy exceeded $75,000 when the petition sought damages for past and future medical expenses, past and future pain and suffering, past and future lost wages and past and future disability. *Davis v. Grider,* 214 F.3d 1350 (Table), 2000 WL 634655 (5th Cir. 2000)(Emphasis Added). These cases stand for the proposition that a certain, specific category of injury – disability – when alleged in a Complaint, as it is here, causes the requisite amount under 28 U.S.C. §1332 to become facially apparent under the standard set in *Allen, supra.*

### c.   The Louisiana Eastern District's decision in *Aisola* is directly on point on this issue.

Recently and most directly on point, the Eastern District of Louisiana found that a jurisdictional amount requirement of $75,000 was facially apparent from the Petition (Complaint) in a chemical exposure case asserting damages directly aligned with those asserted in the current matter.

In *Aisola,* thirteen minor school children were allegedly injured when the

defendant negligently released chemicals into the air. *Aisola v. Exxonmobil Corp.,* No. 08-1105 2009 WL 1455788 at *1 (E.D. La. 05/22/09). Each plaintiff cited damages "inclusive of past, present, and future medical expenses; past, present, and future lost wages; past, present, and future mental anguish; past, present, and future pain and suffering; disability and disfigurement; and other damages." *Id.* at *2. Furthermore, the plaintiffs claimed the exposure "necessitated and will further necessitate medical treatment." *Id.* The Court, based primarily on the *In re 1994 Exxon Chemical Fire* holding and a thorough discussion of damages sought for disability, found that it was facially apparent from the plaintiffs' petition that the amount in controversy exceeded $75,000. *Id.* Again, the determination that the Federal Court had jurisdiction under §1332 was made solely by an analysis of the category of injuries asserted.

The damages asserted in *Aisola* are almost identical to the damages asserted in the current matter. Both cases seek damages for 1) past and future mental anguish/pain and suffering, 2) past and future physical pain and suffering, 3) past and future medical expense, and 4) disability and impairment/disfigurement.

The Plaintiffs here also seek damages not cited in *Aisola* such as past and future physical injury, loss of enjoyment of life, and exemplary damages. Using *In re 1994 Exxon Chemical Fire, Aisola,* and *Robinson* as guides, it is facially apparent from the Plaintiffs' Complaint and Amended Complaint for Damages that if all category of damages alleged by the Plaintiffs were recovered, then this amount

would more likely than not be in excess of $75,000.

**d.    Plaintiffs seek exemplary damages which solidifies defendant's argument that the value of damages, if completely proven at trial, more likely than not exceeds $75,000.**

In addition to these above-cited categories of injuries seeking compensatory damages, Plaintiffs also seek exemplary/punitive damages in this action.[7] It is well settled that, if Texas law permits exemplary/punitive damages attendant to the particular claims the plaintiff is seeking redress for, then those damages are included in computation of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Ruhgras AG v. Marathon Oil Co.,* 526 U.S. 574, 585-86 (1999) (by implication). Claims for compensatory and punitive damages could be combined in determining jurisdictional amount. *Jeffries v. Silvercup Bakers, Inc.,* 434 F.2d 310 (7th Cir. 1970).   The Plaintiffs' allegation that they are entitled to exemplary damages only increases the potential value of each claim and solidifies the fact that the jurisdictional requisite is "facially apparent" from a clear reading of the Petition.

Under Texas law, if a plaintiff is able to establish the elements of a cause of action that would support an award of punitive damages.  Punitive damages are limited to the <u>greater</u> of:

1.    Two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or,

---

[7] *See,* Case No. 11-0416, Rec. Doc. 1-1, Plaintiffs' Amended Petition attached as Exhibit "1."

2.      $200,000.

    *Tex. Civ. Prac. & Rem. Code § 41.008(b)*

In the case at bar, even if each Plaintiffs' compensatory damages were limited to $75,000, each Plaintiff could recover punitive damages of up to $200,000, assuming the Plaintiffs' prevailed on a cause of action that would support an award of punitive damages. Based upon the above, Defendant would show that it is facially apparent from Plaintiffs' Petition that the amount in controversy exceeds $75,000 per Plaintiff.

**2.      Alternatively, based a sample of awards granted by various juries for cases similar to the current matter, the allegations of the Plaintiffs, if proven at trial, are reasonably valued at over $75,000, thus invoking federal jurisdiction.**

As set forth above the jurisdictional amount required under 28 U.S.C. §1332 is facially apparent from Plaintiffs' petition. However, in an abundance of caution and in accordance with *Luckett* and *White, infra*, CrossRoads submits the following jurisprudence which clearly shows that Plaintiffs' claims for damages could be reasonably calculated to exceed $75,000. To reiterate the law stated earlier, so long as one named plaintiff in this action meets the jurisdictional requisite amount under 28 U.S.C. §1332, then jurisdiction is obtained over all other plaintiffs. *See Exxon Mobile Services, supra*.

If it is not "facially apparent" from a plaintiff's petition that the amount in controversy exceeds $75,000, the Court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the

determination. *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999). It is important to note that, despite requests from defendants, the plaintiffs have failed to submit any allegations or evidence of the actual symptoms and/or ill-health effects allegedly suffered as a result of the their alleged exposure.[8]  Thus, in accordance with *White* and *Luckett,* this Court should consider a jurisprudential sampling of the amount of damages awarded by various juries in similar cases involving formaldehyde exposure in mobile homes/trailers.

Four cases involving alleged formaldehyde exposure in mobile homes/trailers were presented to various juries on the state and federal level in which awards, both compensatory and punitive, were given to plaintiffs. In *Boelens,* a jury from the United States District Court for the Northern District of Texas awarded a mother and her two minor children $178,903.80 in compensatory damages for alleged injuries caused by formaldehyde fumes emitting from a mobile home. *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058, 1061 (N.D. Tex. 1983).[9] The jury also awarded the plaintiffs an additional $206,250.00 in punitive and discretionary

---

[8] All Plaintiffs in FEMA formaldehyde exposure cases in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873 have been ordered to fill out a "Plaintiff Fact Sheet" which asks the party to identify the actual symptoms and consequences suffered as a result of the alleged formaldehyde exposure. It also asks the Plaintiff to identify medical providers and supply a medical history. Finally, it asks Plaintiffs to note whether they have suffered from any property loss or devaluation as a result of the alleged exposure.

[9] The Fifth Circuit overturned the jury's decision due to the fact that personal injury damages were not recoverable under Magnuson-Moss Warranty Act. *Boelens* at 1071.

damages. *Id.*

In *Tiderman,* the Washington State Supreme Court reversed the decision by an Appellate Court and reinstated a jury verdict of $566,500.00 for compensatory damages awarded to a single plaintiff for alleged formaldehyde exposure emitting from a mobile home after the plaintiff allegedly suffered eye, throat, and respiratory irritation as a result of the exposure. *Tiderman v. Fleetwood Homes of Washington,* 102 Wash.2d 334, 335 (Wash. 1984).

In *Troensegaard,* a California jury awarded a plaintiff $90,000.00 in compensatory damages, $55,000.00 in punitive damages, and levied a $90,000.00 "civil fine" against a mobile home manufacturer for alleged formaldehyde exposure suffered by the plaintiff in her mobile home. *Troensegaard v. Silvercrest Industries, Inc.,* 175 Cal.App.3d 218, 221 (Cal.App. 1 Dist. 1985). The Appellate Court affirmed the compensatory award but reversed the award of $55,000.00 in punitive damages on Appeal. *Id.* at 230.

In *Alley,* two plaintiffs were awarded $20,000.00 and $30,000.00 respectfully in compensatory damages for injuries suffered as the result of alleged formaldehyde exposure from a mobile home. *Alley v. Gubser Development, Co.,* 785 F.2d 849, 853 (10th Cir. 1986). Additionally, they were awarded a total of $510,000.00 in punitive damages against various defendants in the case. *Id* at 853-54.[10]

---

[10] These punitive awards were reduced on Appeal to an unspecified amount. *Alley* at 857.

Thus, over the four cases examined involving formaldehyde exposure from mobile homes/trailers, the average compensatory award granted by juries was $126,486.25 per plaintiff. Furthermore, these juries also awarded a total of $902,250.00 in punitive or discretionary damages. These figures far exceed the jurisdictional requisite of $75,000 required by 28 U.S.C. §1332.  It should also be noted that these awards were granted between 1983-1986, some twenty-seven to twenty-four years ago.  With the constant price increase of medical care and the natural decrease in the valuation of money over time, it is unreasonable to believe that the value of these types of cases has not increased in since the time in which they were decided.

The requisite amount under 28 U.S.C. §1332 is facially apparent from a clear reading of the categories of injuries asserted by the Plaintiffs in their petition under the standard set and jurisprudence found in *Allen, In re 1994 Exxon Chemical Fire, Robinson,* and *Aisola.* Furthermore, awards granted for compensatory damages alone by juries in the 1980s in strikingly similar cases were, on average, about $50,000.00 more per plaintiff than the current jurisdictional requirement.  For the many reasons stated above, CrossRoads has met its burden for jurisdiction under 28 U.S.C. §1332.

**C.    Plaintiffs' "Declarations under Penalty of Perjury" are not binding stipulations. Thus, they have no legal effect in this matter.**

Plaintiffs filed their First Amended Petition.  Attached as an exhibit to this Amended Petition were four documents entitled "Declarations under Penalty of

Perjury."[11]  In these documents, each plaintiff declares that he or she is not <u>seeking</u> damages in excess of $75,000 exclusive of interests or costs. These documents are ineffective for the reasons cited below.

If a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount." *Thrash*, 534 F.Supp.2d at 693 (quoting *Allen v. R&H Oil and Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).  The plaintiffs' burden of proving this legal certainty of not recovering more than the amount plead for in the complaint can be met by: (1) showing state procedural rules binding a plaintiff to his pleadings; or (2) filing with the complaint a binding stipulation or affidavit to that effect. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir.1995).  Statements found in Complaints, such as found here, that allege that plaintiffs "do not seek a judgment in excess of $75,000" do not constitute a "specific amount" under *Thrash* or *De Aguilar. See generally, Jackson v. Balboa Insurance Co., et al.,* 590 F.Supp.2d 825 (S.D. Miss. 2008); *Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 722-23 (5th Cir. 2002).

The "Declarations under Penalty of Perjury" also do not meet the standards for a binding stipulation. In *Hamilton,* the federal court for the Southern District for West Virginia evaluated stipulations concerning the jurisdictional amount in

---

[11] *See* Exhibit "A" to Rec. Doc. 20415.

controversy in a case seeking removal.  The Court honored the stipulations because it was determined that these stipulations met the requirements needed for a binding agreement.  The Court noted that these stipulations:

1.    Unequivocally stated that Plaintiffs would not accept an amount greater than $75,000, in any event (magical words);

2.    The stipulations were filed in the state court prior to removal being filed; and

3.    The stipulations were notarized.

*Hamilton, Burgess, Young, & Pollard, PLLC, v. Markel American Ins. Co.,* 2006 WL  218200, (S.D. W. Vir. 2006), *citing as support Hicks v. Herbert,* 122 F.Supp.2d. 699, 701 (S.D.W.Va.2000).

Plaintiffs' current "Declarations Under Penalty of Perjury," fail to meet these three requirements.  First, the Declarations state, "the damages I am seeking do not exceed $75,000 exclusive of interest or costs."  This statement does not unequivocally state that the plaintiffs will not accept an amount in excess of the jurisdictional limit; it only states that plaintiffs are not seeking an amount over $75,000.[12]  In order for allegations within a state court petition to constitute a binding stipulation limiting damages below the federal jurisdictional minimum, warranting remand to state court, the plaintiff must do more than simply allege that the amount in controversy or the amount of damages suffered does not exceed $74,999; the plaintiff must expressly deny that he or she will accept more than $75,000 if the state court awards in excess of that amount.  *McGlynn v. Huston,*

---

[12] The *Hamilton* Court held that two statements would satisfy the unequivocal statement requirement. The Plaintiffs could state that "plaintiff will not accept an amount over $75,000, in any event" or "plaintiff will not seek or accept" an amount greater than the jurisdictional amount. *Hamilton* at 2.

693 F.Supp.2d 585, (M.D. La. 2010).  Second, the declarations are not notarized.

These "Declarations Under Penalty of Perjury" do not constitute binding stipulations under the *Hamilton* criteria.  Additionally, it should be noted that these declarations do no constitute affidavits and are not recognized under Texas law.  Typically, an affidavit includes a caption ("Affidavit of _____"), the venue, (county and state), the body of the instrument (the facts), the affiant's signature, and a jurat.  *Acme Brick, Inc. v. Temple Assocs.,* 816 S.W.2d 440,441 (Tex. App.-Waco 1991, writ denied).  A jurat (or paraph in Louisiana lingo) is a certificate under seal by a competent officer (generally a Notary Public) who administers the oath to the affiant; it identifies the officer, the affiant and the date the affidavit was made.  Tex. Gov't Code § 312.011 (1).  The jurat certifies that the writing was sworn to by the person who signed it.  *Huckin v. Connor,* 928 S.W.2d 180,183 (Tex. App.-Houston [14th Dist.] 1996 writ denied).  *Acme Brick,* 816 S.W.2d at 441.  If the instrument does not include a jurat, the statement is not sworn and the instrument is not an affidavit.  *Coastal Cement Sand, Inc. v. First Interstate Credit Alliance, Inc.* 856 S.W.2d 562,567 (Tex. App.-Houston [14th Dist.] 1997, pet. denied).

Even if these declarations were binding as to the adult Plaintiffs, they cannot be binding under Texas law as the minor Plaintiffs.  Under Texas law, a minor, who has not had a formal legal guardian appointed, may be represented in a lawsuit by a "next friend."  Although the next friend can represent the minor in the lawsuit, the next friend can only settle the litigation with the approval of the trial court.  Tex. R. Civ. P. 44.  Further, the court must appoint a guardian ad litem for a party

represented by a next friend or guardian if the next friend or a guardian appears to the court to have an interest adverse to the minor party.  Tex. R. Civ. P.  173.2(a).  The appointment of a guardian ad litem is mandatory and the court finds a conflict of interest.  *Smith v. Smith*, 720 S.W.2d 586,591(Tex. App.-Houston[1st Dist.] 1986, no writ).  A conflict of interest requiring the appointment of a guardian ad litem often occurs in tort cases in which the person subject to the disability [the minor] and the next friend are both plaintiffs, and especially in settlement situations in which the parties must share a fixed settlement amount.  *Byrd v. Woodruff*, 891 S.W.2d 689,705 (Tex. App.-Dallas 1994, dis. agr.).  Even when a guardian ad litem is appointed, any settlement of a minor's claims must be approved by the court.  Likewise, the nonsuit of a minor's claim must be approved by the court.  *Gibson v. Blanton*, 483 S.W.2d 372(Tex. App.-Houston [1st Dist.] 1972, no writ).  A party serving as next friend for a minor attempting to stipulate to an amount of damages for the minor's claims is similar to the next friend attempting to settle or dismiss those claims.  Court approval is required in order for this to be binding on the minor plaintiff.  In the case at bar, this is exactly what Hattie Bailey and Karen Smith attempt to do in their declarations on behalf of their minor children, W.B. and N. S.  Thus CrossRoads suggests that these declarations cannot be binding stipulations as to the minor's claims without court approval.

## III.   In the alternative, CrossRoads requests time to perform limited discovery as to the issue of jurisdiction.

Should the Court require additional information or evidence, then in the alternative, CrossRoads requests time to perform limited discovery as to the issue of

jurisdiction.  CrossRoads has made a discovery request through liaison counsel for the manufacturing Defendants to obtain Form 95's and Plaintiff Fact Sheets from both the United States of America and Plaintiffs' counsel, Anthony Buzbee, along with additional information.  This is in addition to the requirements of Pre-Trial Orders Nos. 2 and 32, which require a Plaintiff to submit Plaintiff Fact Sheets after they make a claim in this MDL.  This discovery is relevant as it is anticipated that Plaintiffs may have submitted Form 95s with their Plaintiff Fact Sheets or separately to the United States regarding claims made under the Federal Tort Claims Act.  Presently, these requests are pending, and CrossRoads requests that this Court issue an order allowing them time to conduct limited discovery regarding this jurisdictional issue and to stay these proceedings while such discovery is obtained in the event more evidence is desired by the Court on this issue.

## MOTION FOR COSTS AND FEES

The plaintiffs have moved for attorneys' fees and costs in connection with their motion to remand.  For the reasons explained below, the Court should deny the motion.

The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[13] Further, it is settled in the Fifth Circuit that "[t]here is no automatic entitlement to

---

[13] *Martin,* 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005); *Admiral Ins. Co. v. Abshire,* 574 F.3d 267, 280 (5th Cir.2009).

an award of attorney's fees."[14]  "Indeed, the clear language of the statute makes such an award discretionary."[15]  "Although from time to time factual situations may arise in which the district court is required to award attorney's fees, the mere determination that removal was improper is not one of them."[16]

In the present matter, Plaintiffs' counsel states he is "loath to seek costs under most circumstances," but claims the current removal is improper, unsupported by law or facts, frivolous and groundless, and therefore, seeks $5,000 for costs and expenses for filing the Motion to Remand.[17]  Plaintiffs' counsel provided no explanation for this amount or detailed listing of the time allegedly spent on the motion to remand.

CrossRoads respectfully submits that its removal of this matter was proper, and plaintiffs motion should be denied.  Further, should the Court grant plaintiffs' motion, CrossRoads suggests that such removal was reasonably made based on relevant law, the pleadings, and facts.  Accordingly, in the event this Court remands the case to state court, CrossRoads submits that it acted reasonably and not in bad faith, and that there is no basis to award plaintiffs fees or costs.

## CONCLUSION

For all the reasons discussed above, CrossRoads requests that the Court deny

---

[14] *Valdes v. Wal-Mart Stores, Inc.* 199 F.3d 290, 292 (5th Cir.2000).

[15] *Id.*

[16] *Valdes,* 199 F.3d at 292.

[17] *See* Rec. Doc. 20444-2, pgs. 5 and 6.

the plaintiffs' motion to remand.  Alternatively, if the Court is inclined to grant the motion, CrossRoads requests that the Court give it additional time to conduct discovery related to remand and to submit additional briefing after discovery is complete.  CrossRoads also requests that the Court deny the plaintiff's motion for costs and fees.

Respectfully submitted,


*/s/ Ryan Johnson*

_____

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for DS Corp, d/b/a CrossRoads RV***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a true and correct copy of the foregoing

deposition notice has been served on all counsel of record in this matter via email.

Baton Rouge, Louisiana, this 22nd day of March, 2011.

*/s/ Ryan Johnson*
_____
Ryan E. Johnson