UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|        FORMALDEHYDE PRODUCTS | * | |
|        LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| **THIS DOCUMENT IS RELATED TO:** | * | |
| *Chad w. Macalusa, et al v. Gulf Stream Coach,* | * | MAG: CHASEZ |
| *Inc., et al*; Docket No. 10-3510; Plaintiff: Nicholas | * | |
| Manno | * | |
| | * | |
| *Cheryl Andrews, et al v. Gulf Stream Coach,* | * | |
| *Inc., et al*; Docket No. 09-6894; *Brittany Michel* | * | |
| *Deano, et al v. Gulf Stream Coach, Inc., et al*; | * | |
| Docket No. 10-3942; *Cheryl Andrews, et al v.* | * | |
| *Gulf Stream Coach, Inc., et al*; Docket No. 10-3943 | * | |
| Plaintiff:  Allan J. Hoey & Ashley M. Hoey | * | |
| | * | |
| *Christina Jackson, et al v. Gulf Stream* | * | |
| *Coach, Inc., et al*; Docket No. 09-4665; | * | |
| Plaintiff:  Vincent M. Gonzales | * | |
| | * | |
| *Cheryl Andrews, et al v. Gulf Stream* | * | |
| *Coach, Inc., et al*; Docket No. 09-6894; *Susan Huy* | * | |
| *Anglin, et al v. Gulf Stream Coach, Inc., et al*; | * | |
| Docket No. 10-3946; Plaintiff:  Arthur C. Oldstein | * | |
| | * | |
| *Christina Jackson, et al v. Gulf Stream* | * | |
| *Coach, Inc., et al*; Docket No. 09-4665; | * | |
| Plaintiff:  Wanda T. Olson | * | |
| | * | |
| *Christina Jackson, et al v. Gulf Stream Coach,* | * | |
| *Inc., et al*; Docket No. 09-4665; | * | |
| Plaintiffs: Dana Sampson and Joseph Sampson | * | |
| | * | |
| *Vernon E. Alfonso, et al v. Gulf Stream* | * | |
| *Coach, Inc., et al*; Docket No. 10-3704; | * | |
| Plaintiff:  Dana Sampson | * | |
| | * | |
| *Angeline Vaccarella, et al v. Gulf Stream* | * | |
| *Coach, Inc., et al*; Docket No. 10-3824; | * | |
| Plaintiff:  Deborah E. Walgamotte | * | |
| | * | |

00150015-1

|  |  |
|---|---|
|  | * |
| *Somaya Bader, et al v. Gulf Stream Coach* | * |
| *Inc., et al*; Docket No. 10-3681; | * |
| Plaintiffs: Lorrie K. Bailey and Sierra Bailey | * |
|  | * |
| *Dorothy Sue Acosta, et al v. Gulf Stream Coach,* | * |
| *Inc., et al*; Docket No. 10-3679; | * |
| Plaintiff: Lorrie K. Bailey |  |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 <u>RELATING TO PLAINTIFFS FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. ("Gulf Stream") moves this Honorable Court for an Order dismissing the claims of the following plaintiffs with prejudice for failure to comply with the terms of Pre-Trial Orders No. 2 and 32 relating to the provision of Plaintiff Fact Sheets:

- Lorrie K. Bailey, both individually and on behalf of her minor child, Sierra Bailey (Plaintiff in *Acosta*, C.A. No. 10-3679; *Bader*, C.A. No. 10-3681)
- Allan J. Hoey (Plaintiff in *Andrews*, C.A. No. 09-6894; *Deano*, C.A. No. 10-3492; *Andrews*, 10-3943)
- Ashley M. Hoey (Plaintiff in *Andrews*, C.A. No. 09-6894; *Deano*, C.A. No. 10-3492; *Andrews*, 10-3943)
- Vincent M. Gonzales (Plaintiff in *Jackson*, C.A. No. 09-4665)
- Nicholas Manno (Plaintiff in *Macaluso*, C.A. No. 10-3510)
- Arthur Oldstein (Plaintiff in *Andrews*, C.A. No. 09-6894; *Anglin*, C.A. No. 10-3946)
- Wanda T. Olson (Plaintiff in *Jackson*, C.A. No. 09-4665)
- Dana Sampson, both individually and on behalf of her minor child, Joseph Sampson (Plaintiff in *Jackson*, C.A. No. 09-4665; *Alfonso*, C.A. No. 10-3704)
- Deborah Walgamotte (Plaintiff in *Vaccarella*, C.A. No. 10-3824)

**I.    CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as

the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id*. at p. 8—9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id*.

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II.     LAW AND ARGUMENT

Here, Gulf Stream respectfully submits that the plaintiffs identified above have failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action

or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In this case, the plaintiffs submitted various Plaintiff Fact Sheets for, among others, the plaintiffs listed in the introduction. Gulf Stream reviewed these PFS, and subsequently sent correspondence to plaintiffs' counsel listing the deficiencies in each fact sheet. Counsel for the plaintiffs responded by providing cured responses for many of the plaintiffs, but also stated that it could not cure the fact sheets for the plaintiffs listed in the introduction. *See* email correspondence from David Jarrell, counsel for the plaintiffs, to Carmen Motes, paralegal for Gulf Stream, dated March 30, 2011, attached as Exhibit "A." Accordingly, plaintiffs' counsel stated that it had no opposition to a dismissal of these plaintiffs in accordance with this Honorable Court's previous Pre-Trial Orders.

Thus, Gulf Stream moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Gulf Stream must be able to obtain information about those who make allegations against it. The Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, Gulf Stream is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Gulf Stream by dismissing the claims of these plaintiffs. Indeed, plaintiffs themselves recognize the merit of this position, as evidenced by their statement that they have no opposition to the pending Motion. In accordance with Pre-Trial Orders 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Motion to Dismiss filed by Gulf Stream should be granted, dismissing the following plaintiffs, with prejudice.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS, PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495**
**JOSEPH G. GLASS #25397**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
jglass@duplass.com
**Attorney for Gulf Stream Coach, Inc.**

**CERTIFICATE OF SERVICE**

**I DO HEREBY CERTIFY** that on this 6th day of April, 2011, a copy of the above and foregoing was filed electronically. Notice of this pleading was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

s/ Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK**
