**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Katie Alexis Babineaux v. Pilgrim* | * | |
| *International, Inc., et al (No. 09-4610)* | * | Magistrate: Chasez |
| | * | |
| | * | |

*************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets as to **plaintiffs Ashley White, Joshua White, Geraldo Perez, and Maria Miranda**.

I.    Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the

Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets and consequences for failure to meet those deadlines[3]. Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of Plaintiff Fact Sheets. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of Plaintiff Fact Sheets[4].

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[5] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8.
[4] See Rec. Doc. No. 1180.

delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[6]  Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery.

The *Katie Alexis Babineaux v. Pilgrim International, Inc., et al* (2:09-cv-4610) lawsuit was initiated with an Complaint filed on July 29, 2009.  The Complaint was amended on February 17, 2010 to add Crum & Forster Specialty Insurance Company as a defendant.  Because Ashley White, Joshua White, Geraldo Perez, and Maria Miranda were first added as plaintiffs in the MDL on July 29, 2009, Pre-Trial Order No. 32, Section F (page 4) would apply.  This Order states:

> For any Complaint that is filed on or before November 30, 2009 and for which the individual(s) has not completed a PFS, service of the completed and verified PFS forms for each named plaintiff shall be served by December 31, 2009. Any individual who has filed suit on or before November 30, 2009 and who fails to complete and serve a PFS form on or before December 31, 2009, shall have his/her claim dismissed with prejudice, absent a showing of good cause. Nothing in this Section is intended to relieve plaintiffs of the PFS deadlines set forth in Sections I(B), (C), (D), and (E), *supra*."[7]

The deadline is clear.  No extension was filed.  The Plaintiff Fact Sheets for Ashley White, Joshua White, Geraldo Perez, and Maria Miranda were not filed by the deadline.  Therefore in accordance with Pre-Trial Order No. 32, the proper remedy is dismissal with prejudice.

---

[5] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tx,* 981 F.2d 237, 242-243 (5th Cir., 1993)..

[6] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

[7] See Rec. Doc. No. 1180.

On January 10, 2011, Mover, through undersigned counsel, wrote Jim S. Hall & Associates, LLC (with a copy to Plaintiff and Defendant liaison counsel), setting a Rule 37 conference on this issue.[8]  On February 22, 2011, plaintiff counsel advised counsel for mover that Jim S. Hall & Associates, LLC no longer represents Ashley White, Joshua White, Geraldo Perez, or Maria Miranda.[9]  However, Jim S. Hall & Associates, LLC remained counsel of record and failed to provide information regarding substitute counsel.  Therefore, on March 16, 2011, Counsel for Mover invited plaintiff counsel, Jim Hall, to discuss the deficiencies or have plaintiffs' claims dismissed with prejudice.[10]  Counsel for plaintiffs did not respond.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without this simulated discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  Where no Plaintiff Fact Sheet has been provided at all, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

---

[8] See Exhibit 1.
[9] See Exhibit 2.
[10] See Exhibit 3.

## II. Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to provide such within thirty (30) days of filing of the individual claim would result in dismissal with prejudice. In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing with prejudice the claims of plaintiffs, Ashley White, Joshua White, Geraldo Perez, and Maria Miranda for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAIL BY FILING THROUGH THE COURT'S ELECTRONIS CASE FILING ("ECF") SYSTEM ON THIS __ DAY OF  March  , 2011.

   /s Eric B. Berger

___/s Eric B. Berger_____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290