UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *ALL CASES* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SUR-REPLY MEMORANDUM OF PLAINTIFFS IN OPPOSITION TO FLUOR ENTERPISES, INC.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS ON NEGLIGENCE CLAIMS IN THE THIRD AND FOURTH SUPLEMENTAL AND AMENDED ADMINISTRATIVE MASTER COMPLAINTS

MAY IT PLEASE THE COURT:

Pursuant to this Court's Order of April 14, 2011, Plaintiffs submit this Sur-Reply Memorandum addressing solely the issue of ease of association between a contractor's allegedly improper installation of a FEMA trailer, and an alleged resulting increase in the off-gassing of formaldehyde within the trailer. Plaintiffs have adequately and succinctly pled their negligence claims against Fluor and the other No-bid Contractor defendants in their Third and Fourth Supplemental and Amending Master Complaints ("Third and Fourth AMC"). The pleadings included multiple paragraphs, which describe the ease of association in more detail than legally necessary at the pleadings stage.[1]

---

[1] 158. By blocking the temporary housing unit(s) of each plaintiff, the No-Bid Defendants **created stress and flexing on the frames of the unit[s]** as [they] were not designed to be lifted off of the wheel base. In fact, the manufacturers of the temporary housing units warned in the various owners' manuals provided with the units, that units should not be jacked so that the vehicle's weight is no longer supported by the wheels.

159. The **stress and flexing of temporary housing units' frames** caused by the No-Bid Defendants' "blocking" them with weight off of the wheels **created distortion in the travel trailer's shell allowing increased moisture intrusion which contributed to increased formaldehyde exposures.**

* * *

## ARGUMENT

Louisiana negligence law requires, as an element of the duty-risk inquiry, an "ease of association" between the conduct of the defendant and the alleged injuries of the plaintiff. *See Roberts v. Benoit*, 605 So.2d 1032, 1055 (La. 1991). Although ease of association encompasses the principle of foreseeability, it is not limited to foreseeability alone. *Id.* at 1045. Courts must make a policy determination "as to whether the particular risk falls within the scope of the duty." *Id.* at 1044. Generally, the scope of protection (legal cause) inquiry becomes significant in "fact-

---

166. [...] By restoring and refurbishing these temporary housing units, the No-Bid Defendants created and perpetuated existing hazardous conditions which would foreseeably lead to adverse health effects caused by the elevated levels of formaldehyde in the temporary housing units. Further, in thousands of cases, following the restoration and refurbishment, these temporary housing units were immediately occupied by new individuals or families displaced by hurricanes Katrina and Rita, and who were then directly exposed to hazardous levels of formaldehyde.

\* \* \*

295. The increased exposure to formaldehyde fumes from the alteration of the temporary housing units by the No-Bid Defendants resulted from the normal, foreseeable, and intended use of the products and equipment.
296. The installation and alteration of the temporary housing units, the modifications to the manufacturers' designs, and the "blocking" of units off their wheel base, **altered the product which increased the effects of the product's [alleged] defect** [...].

\* \* \*

299. The defects in the No-Bid Defendants' product are the result of and/or include, but are not limited to the following:
    a. **In creating stress and flexing on the frames of the units by lifting significant weight from the wheel base, which distorted the travel trailers' shells allowing for increased moisture intrusion and formaldehyde exposure due to cracks and openings in the shell;**
    \* \* \*
    f. In failing to adhere to any and all of the warning[s] against the jacking of the units with weight off their wheel base by the manufacturers;
    g. In failing to follow the manufacturers' instructions for the installation and intended use of the temporary housing units;

\* \* \*

302. The No-Bid Defendants breached their duty to each Named Plaintiff in failing to act reasonably in the provision, installation, inspection, maintenance, repair, refurbishment, reconditioning and restoration of the temporary housing units; specifically by:
    \* \* \*
    b. Failing to adhere to the manufacturers' warnings against jacking the temporary housing units off the wheel base by "blocking" the units.
303. The No-Bid Defendants' actions were the **proximate cause of the increased exposure of formaldehyde** to the each Named Plaintiff.
304. The No-Bid Defendants **contributed to and exacerbated the adverse health impacts** upon the residents of the temporary housing units.

Plaintiffs' Third AMC (emphasis added).

sensitive" cases in which a limitation of the "but for" consequences of the defendant's substandard conduct is warranted. Resolution of such cases requires that logic, reasoning and policy decisions be employed to determine whether liability should be imposed under the particular factual circumstances presented.

In addition to the legal authority cited by Plaintiffs in their initial Memorandum in Opposition (Rec. Doc 13777), which Plaintiffs incorporate fully herein, Plaintiffs refer this Court to the decision in *Kadlec Medical Center v. Lakeview Anesthesia Associates*, 575 F.3d 412 (E.D. La. 2008). There, defendants wrote allegedly misleading referral letters which recommended an anesthesiologist to the plaintiff medical center. *Kadlec*, 575 F.3d at 412. While subsequently working for the plaintiff medical center, the anesthesiologist, while under the influence of narcotics, nearly caused the death of a patient. *Id*. The plaintiff medical center alleged that the misleading letters of recommendation had caused it to incur millions of dollars in litigation and settlement expenses. *Id*. In finding the required ease of association between the alleged fault and plaintiff's harm, this Court noted that "[t]he harm to [the patient] and the harm to plaintiffs that resulted from the [ ... ] defendants' breaches are 'easily associated' with Kadlec's liability. In fact, harm stemming from [the anesthesiologist's] use of narcotic drugs while on-duty is the type of harm we would expect." *Id.* at 424.

As in *Kadlec*, the required ease of association here may be logically inferred from the facts alleged by plaintiffs. Not only have the necessary inferences been comprehensively laid out by Plaintiffs through pleading allegations, but discovery and expert witness testimony[2] has been offered in support of the causal connectivity between the jacking and/or blocking of trailers and the resulting increase in moisture intrusion and formaldehyde off-gassing. In particular,

---

[2] Plaintiffs' experts have spent significant time and effort to, and produced numerous reports that, clearly describe the association between the no-bid contractors' actions in jacking/blocking the trailers and the resultant increased moisture intrusion and increased formaldehyde off-gassing.

3

defendant Fluor's actions in jacking and blocking a travel trailer without assurance of an even "lift" of the unit, has been identified by plaintiffs' experts as causing stress on the trailer's frame, creating cracks and openings in the materials that compose the trailers, and thereby causing increased moisture intrusion and the off-gassing of formaldehyde to which plaintiffs have been exposed. *See* Plaintiffs' Third and Fourth AMC at ¶ 158-59. The additional fact that certain manufacturer warnings to which plaintiffs have made reference herein, advise against the type of jacking and blocking carried out by contractors, further establishes an ease of association between the contractors' conduct and the harm that followed.

As noted in Plaintiffs' original Memorandum in Opposition, "if some sort of harm is foreseeable, the exact manner of the harm need not be forseeable." *Smith v. Louisiana Health and Human Resources Administration*, 637 So.2d 1177, 1181 (La. App. 4 Cir. 1994) (finding an ease of association between the allegedly negligent conduct of defendants (the hospital, the state, and the state agency) and the death of a hospital patient, who took an ambulance from the hospital during an episode of confusion and crashed into a construction barricade); *see also Vicknair v. Hibernia Bldg. Corp.*, 479 So.2d 904, 909 (La. 1985)[3] (finding an ease of association between a defendant's duty to prevent a fire alarm from falsely sounding and the premature delivery of a baby, caused by the emotional distress of the alarm and the descent of many flights of stairs); *Weber v. Charity Hospital of Louisiana,* 475 So.2d 1047, 1050 (La.1985)[4] (duty imposed on host driver to refrain from causing injury to another by negligent operation of her car encompassed risk that victim's injuries might be worsened by the treatment for those injuries).

---

[3] A portion of the *Vicknair* case, which dealt with the liability of joint tortfeasors, has been superseded by statute; however, the subsequently passed comparative fault rules do not affect the portion of the holding related to ease of association.

[4] A portion of the *Weber* case, which dealt with the liability of joint tortfeasors, has been superseded by statute; however, the subsequently passed comparative fault rules do not affect the portion of the holding related to ease of association.

4

Finally, the cases cited by the defendant are inapposite to the matter at hand. In *Goodrich v. Caterpillar, Inc.*, 717 So.2d 1235 (La. App. 2 Cir. 1998), plaintiff's employer designed and manufactured a defective after-market installation; and this destroyed any ease of association between the lack of warning regarding the potential of the tractor to lock up and the plaintiff's injuries because "it was not reasonably foreseeable that an owner of the tractor would build and then install upon the tractor defective doors that would trap the driver inside." *Goodrich*, 717 So.2d at 1238. In *Jones v. Gaines*, 978 So.2d 522 (La. App. 2 Cir. 2008), the actions of the plaintiff himself destroyed the chain of causation, which is not even alleged herein. In *Stephenson v. Commercial Travelers Mut. Ins. Co.*, 893 So.2d 180, 187 (La. App. 3 Cir. 2005), there was insufficient evidence in the record to determine the cause of the plaintiff's injuries, and the court noted: "[W]e are unable to find any evidence in the record to support the plaintiff's assertion that Pamela's left ankle sprain compromised her mobility or her agility." Here, Plaintiffs have presented in trials substantial evidence in support of the well-pled allegations of an ease of association between contractor conduct and trailer occupant harm. *See* n. 2, *supra*.

Given the ease of association between alleged misconduct and plaintiff harm which has been pled and supported by evidence in the record, the instant motion is without merit and should be denied.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   */s/Gerald E. Meunier*
        GERALD E. MEUNIER, #9471
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street

New Orleans, Louisiana 70163
Telephone: 504/522-2304
Facsimile: 504/528-9973
gmeunier@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**

ROBERT M. BECNEL #14072
RAUL BENCOMO, #2932
ANTHONY BUZBEE, Texas #24001820
FRANK D'AMICO, JR., #17519
ROBERT C. HILLIARD, Texas #09677700
MATT MORELAND, #24567
DENNIS C. REICH Texas #16739600
MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

*/s/Gerald E. Meunier*
GERALD E. MEUNIER, #9471

6