UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-4"

JUDGE ENGELHARDT
MAG. JUDGE ROBY

THIS DOCUMENT IS RELATED TO ALL CASES

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PRETRIAL ORDER NO. 2

This Order reflects the agreement to date between the parties with respect to case management issues governing all proceedings in this matter. Several issues remain under discussion between the parties. The Court anticipates that additional and supplemental Orders will be entered herein as the parties confer on a number of outstanding provisions. It is hereby

**ORDERED:**

**I.    PLEADINGS**

    A.    **Master Complaint**

Plaintiffs shall file a consolidated Master Complaint by February 29, 2008. The Master Complaint shall incorporate and supersede all pending actions and those subsequently filed, removed, or transferred to this Court as part of this proceeding. The Defendants before the Court as of the date of this Order agree to accept service of process of the Master Complaint (without, however, waiving any objections to personal jurisdiction) by having a copy of the Master Complaint mailed by regular mail to Defendants' Liaison Counsel.


EXHIBIT "F"

### B.  Fed. R. Civ. P. 12 Motions

Should any Defendant decide to file a motion to dismiss under Fed. R. Civ. P. 12(b) concerning any or all portions of the consolidated Master Complaint, any such motion shall be filed and served within sixty (60) days after Plaintiffs file their Master Complaint. This provision does not preclude the filing of other Rule 12 motions or other dispositive motions at other times, as appropriate, pursuant to further Orders of the Court. Plaintiffs' responses to any Rule 12(b) motion shall be filed and served thirty (30) days thereafter, and Defendants' replies (if any) shall be filed and served ten (10) days thereafter.

### C.  Oral Argument on Fed. R. Civ. P. 12(b) Motions

After the filing of all briefs for any such Rule 12(b) motions, the Court, upon the request of any party, may schedule an oral argument on such motions.

### D.  Master Answer

To the extent a Defendant does not file a Rule 12(b) motion, such Defendant's Master Answer shall be filed and served within sixty (60) days after Plaintiffs file their Master Complaint. If a Defendant does file a Rule 12(b) motion, such Defendant shall file and serve a Master Answer to the Master Complaint (to the extent not dismissed) within twenty (20) days after the Court issues the last of its Orders resolving all Rule 12(b) motions. The Master Answer shall constitute an answer in each action now pending or subsequently added to this proceeding. To the extent they have not already done so, Defendants shall not file answers in any action involved in this proceeding other than their answer to Master Complaint.

Any and all affirmative defenses shall be set forth in the Master Answer. No amendments to the Master Answer will be permitted except by leave of court upon good cause

shown.

### E.    Amendments and Third-Party Claims

Amendments to either the Master Complaint (other than to add the U.S. as defendant) or the Master Answer, as well as third-party claims, may be filed with leave of Court, but in no event later than ninety (90) days after the filing of the Master Complaint or Master Answer to which the amendment or third-party claim applies, except by leave of court upon good cause shown.

### F.    The U.S. As Defendant

There currently is pending a motion to amend the complaint in the case of *Nelson v. Gulf Stream Coach, Inc., et al* [Rec. Doc. #21, W.D., LA], in order to add the United States of America/the Federal Emergency Management Agency (FEMA) as a defendant.

In addition, the Court is advised that certain plaintiffs intend to file tort claims in these proceedings against the United States of America based upon allegations of fault on the part of FEMA. Orders appropriate to these claims will be entered as necessary.

## II.    GENERAL DISCOVERY RULES

### A.    Applicability of Rules

Except as otherwise provided in this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court generally will apply in this proceeding. However, the Court specifically notes that the provisions of this Order obviate (a) any applicable specifications on timing and sequencing of discovery set forth in Fed. R. Civ. P. 26(d) and (b) any applicable obligation of any party to this proceeding to comply with the conference and planning requirements in Fed. R. Civ. P. 26(f) and Local Rules 26.4E and 26.4M.

**B.   Limited Discovery**

In light of the fact that Plaintiffs may not sue the federal government until the federal agency to which a Plaintiff submitted the Standard Form 95 makes a final disposition of the administrative claim or until the administrative claim is deemed a final denial — either of which would occur after six months of a Plaintiff filing the Standard Form 95 — initial discovery will necessarily be limited as outlined below. Prior to the time that the federal government appears in and participates in this litigation, the parties contemplate exchanging written discovery, including Plaintiff Fact Sheets, Master Sets of Interrogatories, and Master Sets of Requests for Production of Documents, and serving that written discovery as more fully set out below. The parties contemplate additional and more comprehensive discovery, including depositions and expert discovery, once the federal government appears in and participates in the litigation.

Plaintiffs and Defendants collectively shall propound to one another by May 1, 2008, an initial Master Set of Interrogatories and Master Set of Requests for Production of Documents.

These Master Sets of Interrogatories shall be limited to twenty-five (25) interrogatories, including all discrete subparts. These Master Sets of Requests for Production shall be limited to twenty-five (25) requests, including all discrete subparts. The Master Set of Interrogatories and Requests for Production of Documents that are directed to Plaintiffs will not seek information that is duplicative of information call for in the Plaintiff Fact Sheet, discussed *infra*. Since, as stated, the parties contemplate that they will need to seek additional and more comprehensive discovery, including expert discovery, once the federal government appears in and participates in the litigation, the limitation of twenty-five (25) Interrogatories and twenty-five (25) Requests for Production of Documents set forth herein shall not limit future discovery once the federal

4

government appears in and participates in this proceeding. Similarly, the Master Set of Interrogatories directed to each party will not be counted against the limit of twenty-five (25) interrogatories in Fed. R. Civ. P. 33.

Each Defendant's and each Plaintiff's responses to the Master Set of Interrogatories and Requests for Production of Documents will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26.

Each Defendant's responses to the Master Set of Interrogatories and Requests for Production of Documents shall be served on Plaintiffs' Liaison Counsel. Each Plaintiff's responses to the Master Set of Interrogatories and Requests for Production of Documents shall be served on Defendants' Liaison Counsel.

Each Plaintiff and each Defendant served with the Master Set of Interrogatories and Requests for Production of Documents shall answer and/or object within sixty (60) days of May 1, 2008.

### C. Stipulations

The parties are expected to enter into stipulations made possible and appropriate as discovery proceeds, and to confer periodically in order to confect such stipulations.

### D. Extension of Discovery Deadlines

Nothing in this Order shall be interpreted to restrict the ability of the parties to stipulate to an extension of discovery deadlines in a particular case or to move for an extension of discovery deadlines in a particular case based on a showing of good cause.

E.  **Initial Disclosures**

The parties have agreed that in light of the discovery plan set forth herein, the parties are relieved of the responsibility to provide initial disclosures under Rule 26(a)(1).

F.  **Confidentiality Order**

The parties will confer and suggest a proposed Confidentiality Order to be entered before responses are made to the Master Sets of Interrogatories and Requests for Production of Documents. Should the parties disagree an appropriate Confidentiality Order will be issued by the Court.

G.  **Document Depositories**

Subject to the provisions of any Confidentiality Order, all documents produced by Defendants in this proceeding shall be produced to the Plaintiffs' Liaison Counsel in electronic format. The Plaintiffs' Steering Committee ("PSC") shall bear the cost of and administer its own document depository. This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any state's law or state court order pertaining to such documents.

Subject to the provisions of any Confidentiality Order, all documents produced by Plaintiffs in this proceeding shall be produced to the Defendants' Liaison Counsel in electronic format. The Defendants' Steering Committee ("DSC") shall bear the cost of and administer its own document depository. This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any state's law or state court order pertaining to such documents.

### H. Identification of Documents

The parties shall develop and use a system for identifying, by unique number or symbol, each document produced or referred to during the course of litigation. Each producing party shall give each page of every document it produces a unique number, using a consistent numbering system that identifies the producing party (using a letter or series of letters as a prefix). All reasonable efforts should be made to avoid having the same page assigned more than one identifying number except when there is a need to account for different copies of the same document or page (for example, because of special notations being placed on the document).

## III. PLAINTIFF FACT SHEETS

Each Plaintiff bound by this Order shall serve upon Defendants' Liaison Counsel a completed and signed Plaintiff Fact Sheet ("PFS"). The PSC and the DSC shall agree on the form of the PFS by February 29, 2008. Any unresolved dispute regarding the form of the PFS shall be brought to the Court's attention. The parties anticipate that the PFS will include requests for certain documents and require that each Plaintiff sign medical authorizations. When Defendants notify the Judicial Panel on Multi-District Litigation ("JPML") if additional cases for transfer to this Court, Defendants' Liaison Counsel shall serve plaintiffs' counsel in those cases with a copy of this Order.

### A. Answers Binding

Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26.

### B. Service of Completed and Verified PFS

The completed and verified PFS should be served upon Defendants' Liaison Counsel

### C. Deadline to Serve Completed and Verified PFS

Each Plaintiff named in an action which has been transferred to the MDL proceedings as of the date of this Order shall serve a completed and verified PFS (including all responsive documents and properly executed authorizations) upon Defendants' Liaison Counsel designated above in III.B. on or before July 16, 2008. Each Plaintiff named in an action filed in or transferred to this MDL proceeding after the entry of this Order shall serve a completed and verified PFS (including all responsive documents and properly executed authorizations) upon Defendants' Liaison Counsel as designated above in III.B. within thirty (30) days from the date of transfer of such case or by July 16, 2008, whichever is longer. For purposes of this paragraph, the "date of transfer" is defined as follows: (1) for any case transferred pursuant to a Conditional Transfer Order ("CTO") issued by the JPML, the date that the applicable final CTO is entered on the docket in these MDL proceedings; (2) for any case where transfer by CTO is opposed, the date that any subsequent Order from the JPML transferring the case is entered on the docket in these MDL proceedings; or (3) for any case filed directly in the Eastern District of Louisiana, the date that the case was filed.

### D. Procedure for Dismissal of Claims for Failure to Comply with Discovery Obligations

When any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established herein, Defendants' Liaison Counsel shall send to Plaintiff's Counsel for the plaintiffs in question a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS. The letter shall be

8

specific as to any alleged material deficiency, state that the Plaintiff will have thirty (30) days to cure the alleged material deficiencies, and state that if the alleged material deficiencies are not cured within that time, the Defendant may move for dismissal of Plaintiff's claims, including dismissal with prejudice upon an appropriate showing.

NEW ORLEANS, LOUISIANA, this 30th day of January, 2008.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

9