**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Swanica Nero v. Pilgrim Int., Inc.,* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-4730* | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

Defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.   Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4]

## II.   Law and Argument

1. *Vernon Bold*'s plaintiff fact sheet was provided on *March 4, 2010*.[5]  It was insufficient and in violation of this Court's pre-trial order #2.  A plaintiff fact sheet includes 121 questions to be answered. He answered *48 of the 121*, leaving *73* blank.

Counsel for mover drafted a Rule 37 letter on *December 7, 2010* to outline these deficiencies.[6] Plaintiff responded with a supplemental plaintiff fact sheet on January 10,

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Exh. "A."

2011 but this fact sheet did not answer the deficiencies and only stated "will supplement" to the deficient answers.[7] The plaintiff fact sheet provided by *Vernon Bold* remains incomplete.

   2. *Laura Domingo*'s plaintiff fact sheet was provided on *November 16, 2009*.[8] It was insufficient and in violation of this Court's pre-trial order #2. A plaintiff fact sheet includes 121 questions to be answered. She answered *47 of the 121*, leaving *74* blank. This also includes inconsistencies relating to the trailer(s) that she lived in. She identifies one trailer, a Pilgrim trailer, by VIN #, but she also identifies two separate pairs of move-in/move-out dates without indicating whether both pairs of dates pertain to the same trailer or, if not, which one is the Pilgrim trailer and who manufactured the other one. The first set of dates appears to contain an error as the listed "move-in" date (January 1, 2006) occurred after the "move-out" date (May 1, 2005).[9]

   Counsel for mover drafted a Rule 37 letter on *May 26, 2010* to outline these deficiencies.[10] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The plaintiff fact sheet provided by *Laura Domingo* remains incomplete.

   3. *Clifton Duet*'s plaintiff fact sheet was provided on *November 16, 2009*.[11] It was insufficient and in violation of this Court's pre-trial order #2. A plaintiff fact sheet includes 121 questions to be answered. He answered *46 of the 121*, leaving *75* blank. He

---

[6] See Exh. "B."
[7] See Exh. "C."
[8] See Exh. "D."
[9] See Exh. "D"
[10] See Exh. "E."
[11] See Exh. "F."

provides manufacturer and VIN information for two trailers, but only move-in and move-out dates for one.[12]  He does not answer why he moved out, which is significant if there were two trailers.[13]

Counsel for mover drafted a Rule 37 letter on *December 10, 2010* to outline these deficiencies.[14]  Plaintiff responded with a supplemental plaintiff fact sheet on January 10, 2011 but this fact sheet did not answer the deficiencies and only stated "will supplement" to the deficient answers.[15]  The plaintiff fact sheet provided by *Clifton Duet* remains incomplete.

4. *Michael Labat, Jr.'s* plaintiff fact sheet was provided on *November 16, 2009*.[16]  It was insufficient and in violation of this Court's pre-trial order #2.  A plaintiff fact sheet includes 121 questions to be answered. Labat answered *41 of the 121*, leaving *79* blank. He identifies one trailer but includes three pages for trailer information.[17]  Trailer 1's page is completely blank, and scant information is provided for trailers two and three.  It is unclear if there really were three trailers and whether the Pilgrim trailer is "1," "2" or "3."[18]

Counsel for mover drafted a Rule 37 letter on *May 26, 2010* to outline these deficiencies.[19]  No response was received and plaintiff's counsel did not participate in a

---

[12] See Exh. "F".
[13] See Exh. "F".
[14] See Exh. "G."
[15] See Exh. "H."
[16] See Exh. "I."
[17] See Exh. "I."
[18] See Exh. "I"
[19] See Exh. "J."

Rule 37 conference. The plaintiff fact sheet provided by *Michael Labat Jr.* remains incomplete.

5. The plaintiff fact sheet of *Brandi Saunders on behalf of B. S.* was provided on *November 16, 2009*.[20] It was insufficient and in violation of this Court's pre-trial order #2. A plaintiff fact sheet includes 121 questions to be answered. *Brandi Saunders* answered *54 of the 121*, leaving *67* blank. Brandi Saunders is suing on behalf of the minor, B.S., (III. A. 1), but she declines to describe the relationship between Brandi Saunders and the minor (III.A. 7). She provides the name and VIN of a **Pilgrim** trailer, under section V., but all other trailer information corresponds to a **Gulfstream** trailer placed at an address that does not otherwise appear on this PFS, indicating a possible error in the Plaintiff Fact Sheet.[21]

Counsel for mover drafted a Rule 37 letter on *May 26, 2010* to outline these deficiencies.[22] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The plaintiff fact sheet provided by *Brandi Saunders* remains incomplete

6. *Penny Saunder's* plaintiff fact sheet was provided on *November 16, 2009*.[23] It was insufficient and in violation of this Court's pre-trial order #2. A plaintiff fact sheet includes 121 questions to be answered. She answered *49 of the 121*, leaving *72* blank.

---

[20] See Exh. "K"
[21] See Exh. "K".
[22] See Exh. "L."
[23] See Exh. "M."

As with the aforementioned Plaintiff fact Sheet of Brandi Saunders on behalf of B.S., there is a contradiction in the trailer information (**Gulfstream** or **Pilgrim**).[24]

Counsel for mover drafted a Rule 37 letter on *May 26, 2010* to outline these deficiencies.[25] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The plaintiff fact sheet provided by *Penny Saunders* remains incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[26] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[27]    Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41 (b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

---

[24] See Exh. "M"
[25] See Exh. "N."
[26] See *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir.1992); *Colle*, 981 F.2d at 242-243.
[27] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without this simulated discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to request for completed fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

## III.    Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to provide such within thirty (30) days of filing of the individual claim would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs *Vernon Bolds, Laura Domingo, Clifton Duet, Michael Labat, Jr., Brandi Saunders on behalf of B.S., and Penny Saunders* with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __3rd__ DAY OF __May__, 2011.

_____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290