IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                                          MDL No. 1873
FORMALDEHYDE PRODUCT S
LIABILITY LITIGATION                                         SECTION N(5)

                                                             JUDGE ENGELHARDT

**THIS DOCUMENT RELATES TO:**                                MAGISTRATE CHASEZ
*Grace A. Gonzales, individually and as wrongful
death beneficiary and representative of S. M.M.,
et al v Forest River, Inc., et al
Case No. 2:10-cv-1358
and
Henry Davis, et al v Forest River, Inc., et al
Case No. 10-2362*

---

**NINETEEN (19) PLAINTIFFS' MOTION FOR TIME**

---

COME NOW the Plaintiffs, through undersigned counsel and respectfully request additional time to cure deficiencies. Herein, the Plaintiffs, identified in "Exhibit "A"[1] respectfully, move this Court for additional time in which to respond to the Defendant's Request to Cure Deficiencies.

1.   The Defense Counsel for Forest River, Inc. and Vanguard, LLC originally requested that Plaintiffs' to cure deficiencies was sent on April 6th and 7th. (Exhibits "B & C" respectively)

2.   On or about April 21, 2011, Plaintiffs' wrote Defense Counsel to request additional time to cure said deficiencies, Defense Counsel denied the request. Exhibit "D & E" respectively.

---

[1] In accord with the local and federal rules regarding redaction, minor's are identified in Exhibit "A" by initials only.

3.	Plaintiffs' have at this time been unable to cure nineteen (19) deficiencies, due to reasons stated in Plaintiffs' Memorandum in Support of Motion for Time.

4.	For the reasons stated in the Accompanying Memorandum, the Plaintiffs move for additional time to cure alleged deficiencies in the nineteen (19) Plaintiff's Fact Sheets.

5.	The procedure for curing alleged deficiencies in PFS's and for enlarging the time for the same is governed in this matter by Pre-Trial Order No. 2. Exhibit "F" respectively.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs respectfully move this Court to allow an additional 45 days in which to cure deficiencies alleged by the Defendant as to the first seventeen (17) Plaintiffs listed to Exhibit "A" of this motion and an additional 120 days in which to cure deficiencies alleged by the Defendants as to Louis and Verlillian Evans.

Respectfully submitted, this the  4th  day of May, 2011.

By: ____*s / Edward Gibson*_____
	EDWARD GIBSON, ESQ.

**OF COUNSEL**:
John Hawkins, Esq., MS Bar No. 9556
Edward Gibson, Esq., MS Bar No. 100640
HAWKINS, STRACENER & GIBSON, PLLC.
153 Main Street
Bay St. Louis, MS 39520
Ph. (228) 469-0785; Fx. (228) 467-4212
egibson@hsglawfirm.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I filed the foregoing with the Clerk of Court by using the CM/ECF system which then forwarded a notice of electronic filing to all counsel of record including but not limited to:

Carson W. Strickland, Esq.
Gieger, Laborde & Laperouse, LLC
Forty-Eighth Floor
One Shell Square
701 Poydras Street
New Orleans, LA 70139-4800

Andrew D. Weinstock, Esq.
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002

Henry Thomas Miller, Esq.
Dept. of Justice, Civil Division, Torts Branch
P.O. Box 340
Ben Franklin Station
Washington, DC 20044

Michael David Kurtz, Esq.

Baker Donelson Bearman Caldwell & Berkowitz (New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170

Justin I. Woods, Esq.

Gainsburgh, Benjamin, David, Meunier & Warshauer
Energy Centre
1100 Poydras St.
Suite 2800
New Orleans, LA 70163-2800


I further certify that there are no known non-CM/ECF participants.


SO CERTIFIED, this the  4th  day of May, 2011.


                                  *s / Edward Gibson*
                                  Edward Gibson, Esq.