IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER  　　　　　　　　　　　　　　　　MDL No. 1873
FORMALDEHYDE PRODUCT S
LIABILITY LITIGATION  　　　　　　　　　　　　　　　　SECTION N(5)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　JUDGE ENGELHARDT

**THIS DOCUMENT RELATES TO:** 　　　　　　　　MAGISTRATE CHASEZ
*Grace A. Gonzales, individually and as wrongful death beneficiary and representative of S. M.M., et al v Forest River, Inc., et al*
Case No. 2:10-cv-1358
and
*Henry Davis, et al v Forest River, Inc., et al*
Case No. 10-2362

---

### MEMORANDUM IN SUPPORT OF NINETEEN (19) PLAINTIFFS MOTION FOR TIME

---

COME NOW the Plaintiffs and in support of the Nineteen (19) Motion for Time, submit this Memorandum in Support of Motion for Time.  Herein, the Plaintiffs, identified in Exhibit "A" of the accompanying Motion to Time, respectfully move this Court for additional time in which to respond to the Defendant's Request to Cure Deficiencies. In support thereof, the Plaintiffs respectfully submit as follows:

### BACKGROUND

On or about April 6, 2011, counsel for Forest River, Inc. and Vanguard, LLC sent correspondence to undersigned counsel requesting that some sixty-six (66) Plaintiffs cure alleged deficiencies in their Plaintiff's Facts Sheets ("PFS's").  Exhibit "B" to the Motion for Time.  On April 7th, counsel for Forest River, Inc. and Vanguard, LLC sent a second letter to undersigned counsel. Exhibit "C" to the Motion for Time.  This letter contained all of the names included in

the first except ten[1] and other whom the undersigned does not represent. The notice of deficiencies requested medical records for many but not all of the sixty-six (66) Plaintiffs'. Undersigned counsel wrote requesting additional time during which to cure deficiencies, stating that he did not believe that medical records could be gathered within thirty days. Exhibit "D" to the Motion for Time. Defense Counsel opposed the request in writing. Exhibit "E" to the Motion for Time.

## ANALYSIS

Pre-Trial Order No. 2 states that where the Defendant believes that the PFS is deficient, the Defendant shall send a letter detailing the alleged deficiency. Exhibit "F" at p. 8 to the Motion for Time. Thereafter, the Plaintiffs' shall have thirty days to cure the "alleged material deficiency" Id. at 9. The Order also contains a paragraph stating that nothing in the Order should be construed as preventing the parties from enlarging the time Id.. For the reasons set forth below, the Plaintiffs' need additional time to gather the requested information.

**1.     Request for 45 Day Extension for Seventeen Plaintiffs**

Of the sixty-six (66) Plaintiffs for whom the Defense Counsel has requested cures for alleged deficiencies, the Plaintiffs' have or will have cured thirty-eight (38) as requested within thirty days of the Defendants' initial letter. Undersigned Counsel will amend another seven (7) PFS's to eliminate claims for medical treatment and thereby will cure these by way of amendment. Additionally, two (2) Plaintiffs will be dismissed from the above referenced suit, and therefore, the necessity of curing those deficiencies will become a nullity. Of the remaining

---

[1] Henry Lee Bond, Jr., Tina Cook, Erin Crawford, Keith Crawford Sr., Henry Davis, K.E., Louis Evans, Verlillian Evans, H.H., and S.H.

nineteen (19) Plaintiffs, undersigned counsel has thus far made contact with ten (10) Plaintiffs or their representative and those Plaintiffs or their representative have begun to gather the medical records but need additional time.  Undersigned counsel has been unable to reach seven (7) Plaintiffs and have now sent a letter requesting that they collect medical records.  As to these seventeen (17) Plaintiffs, who are the first seventeen (17) Plaintiffs' included in Exhibit "A" to the Motion for Time, the Plaintiffs' request an additional forty five (45) days gather medical records.

**2.     Request for a 120 Day Extension as Verlillian Evans and Louis Evans**

The undersigned counsel has now learned that Verlillian Evans and Louis Evans are deceased. As a result, undersigned counsel requests additional time to gather these medical records. In order to obtain, these medical records, the undersigned counsel must Petition the Chancery Court of Mississippi to open an estate.  One of the heirs is incarcerated, further complicating matters. Only once an estate is opened will the undersigned counsel, through the anticipated adminstratrix, be able to obtain the medical records requested. For this reason, the Plaintiff requests an additional 120 days to obtain the medical records of Verlillian and Louis Evans.

## CONCLUSIONS

For the reasons submitted herein, the Plaintiffs respectfully request that nineteen (19) Plaintiffs' be granted an additional 45 days and an additional 120 days as described herein, in which to cure deficiencies alleged by the Defendants.

Respectfully submitted, this the  4th  day of May, 2011.

By:     s / Edward Gibson
EDWARD GIBSON, ESQ.

**OF COUNSEL**:

John Hawkins, Esq., MS Bar No. 9556
Edward Gibson, Esq., MS Bar No. 100640
HAWKINS, STRACENER & GIBSON, PLLC.
153 Main Street
Bay St. Louis, MS 39520
Ph. (228) 469-0785; Fx. (228) 467-4212
egibson@hsglawfirm.net

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of Court by using the CM/ECF system which then forwarded a notice of electronic filing to all counsel of record including but not limited to:

Carson W. Strickland, Esq.
Gieger, Laborde & Laperouse, LLC
Forty-Eighth Floor
One Shell Square
701 Poydras Street
New Orleans, LA 70139-4800

Andrew D. Weinstock, Esq.
Duplass, Zwain, Bourgeois, Pfister & Weinstock
Three Lakeway Center
3838 N. Causeway Blvd.
Suite 2900
Metairie, LA 70002

Henry Thomas Miller, Esq.
Dept. of Justice, Civil Division, Torts Branch
P.O. Box 340
Ben Franklin Station
Washington, DC 20044

Michael David Kurtz, Esq.
Baker Donelson Bearman Caldwell & Berkowitz (New Orleans)
201 St. Charles Ave.
Suite 3600
New Orleans, LA 70170

Justin I. Woods, Esq.

Gainsburgh, Benjamin, David, Meunier & Warshauer
Energy Centre
1100 Poydras St.
Suite 2800
New Orleans, LA 70163-2800

I further certify that there are no known non-CM/ECF participants.

SO CERTIFIED, this the  4th  day of May, 2011.

                                                  *s / Edward Gibson*
                                                  Edward Gibson, Esq.