UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY | * | SECTION: N (5) |
| LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *This document applies to all cases* | * | MAG. CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COLONY NATIONAL INSURANCE COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN CONFLICTING STATE COURT PROCEEDINGS IN ELKHART COUNTY, INDIANA THAT INTERFERE WITH THIS COURT'S CONTINUING JURISDICTION OVER THIS LITIGATION
(RECORD DOCUMENT 20861)**

MAY IT PLEASE THE COURT:

For all intents and purposes, Record Document 17661 (Plaintiffs' Motion to Enjoin Conflicting Court Proceedings in Elkhart County, Indiana that Interfere with this Court's Continuing Jurisdiction over this Litigation) filed by plaintiffs on November 2, 2010 is identical to Record Document 20861 and its attachments at issue herein. The only difference between Record Document 17661 and its attachments and Record Document 20861 and its attachments is that Record Document 20861 and its attachments concern travel trailers allegedly manufactured

1

by Sunnybrook RV, Inc. ("Sunnybrook"). Record Document 17661 and the attachments concern travel trailers allegedly manufactured by Sun Valley, Inc. ("Sun Valley").

Colony National Insurance Company ("Colony") is the insurer of both Sunnybrook and Sun Valley in these proceedings. Colony's position as it relates to Sunnybrook and Sun Valley is identical. Therefore, Colony's position as it relates to Record Document 20861 and the attachments thereto is consistent with its position as stated in Record Document 18405 (Colony's Memorandum in Opposition to Plaintiffs' Motion to Enjoin Conflicting Court Proceedings in Elkhart County, Indiana that Interfere with this Court's Continuing Jurisdiction over this Litigation (Record Document 17661)), which was filed in response to Plaintiffs' Motion to Enjoin Conflicting State Court Proceedings in Elkhart County, Indiana (Record Document 17661) concerning Sun Valley.

For this reason, Colony adopts and incorporates herein *in extenso* the arguments contained in Record Document 18405 (Colony's Memorandum in Opposition to Plaintiffs' Motion to Enjoin Conflicting Court Proceedings in Elkhart County, Indiana that Interfere with this Court's Continuing Jurisdiction over this Litigation (Record Document 17661)).

Further, Colony's position is supported by this Court's recent January 25, 2011 decision on cross motions for summary judgment in the Member Case No. 09-3818 (*North American Catastrophe Services, Inc. v. Northfield Insurance Company*).[1] After considering the memoranda of the parties and the applicable law therein, the Court held that the law of Florida would be applied to a coverage issue where the policy was negotiated, brokered, and executed in Florida to NACS, a Florida corporation whose principal place of business was in Florida. (See Rec. Doc. 19926). To be consistent in its ruling, this Court would certainly find that Indiana law

---

[1] North American Catastrophe Services, Inc. (NACS) as an entity engaged in the business of procuring modular temporary housing units for FEMA. Northfield Insurance Company ("Northfield") was NACS's commercial general liability insurer.

governs the coverage issue herein. It would be untoward for any party to suggest that an Indiana court is incapable of applying Indiana state law and jurisprudence to the facts of this case. There is no justifiable reason to enjoin the Indiana court from applying its own state's law to the coverage issue pending before it regarding a policy delivered in Indiana to an Indiana business whose principal place of business is in Indiana.

Additionally, as the Court is aware, on November 29, 2010, the Judicial Panel on Multidistrict Litigation ("JPML") issued the Order attached as Exhibit "A," denying transfer of an insurance coverage case pending in the Southern District of Florida to the Chinese Drywall MDL pending in this District before Judge Fallon. This decision follows earlier decisions of the JPML that refused to send insurance coverage declaratory judgment actions to the Chinese Drywall MDL, and withdrew the one insurance coverage case it had earlier sent. It is only common sense that if such coverage case should not be transferred to the MDL, the Court should not enjoin its prosecution in its forum court.

Finally, terming the plaintiff's motion such as to suggest that the Indiana state court's proceedings are some how interfering with this Court's "continuing jurisdiction" is a misnomer. This litigation as a whole contains numerous non-Louisiana claimants who have no standing to assert a direct action against Colony pursuant to LSA-R.S. 22:1269. Therefore, technically, this Honorable Court is not in a position to make any coverage determination as to the claims involving those non-Louisiana claimants. If this Court were to do so, as the PLC asks that it do, i.e., enjoin an Indiana court from determining a matter based on Indiana state law, this Court, because of the non-Louisiana claimants' lack of standing, would only be in a position to decide the coverage issue as to Louisiana claimants, i.e., only those claimants having standing before this Court for a direct action suit against Colony. To do so would result in piecemeal litigation,

3

which is unfavored. The only court that is in the position to decide whether Colony's policy provides coverage to Sunnybrook regarding the claims asserted herein by **all** claimants is an Indiana court.

As stated previously by Colony in reference to Record Document 17661 (See Record Document 18405), when one wades through the numerous citations and extensive argument set forth by Plaintiffs, one finds that their memorandum contains little if any substance related to the actual facts of this case. Ultimately, the Plaintiffs offer no compelling reasons supporting their contention that the Indiana state court proceedings should be enjoined. To the contrary, the applicable facts and law plainly show the impropriety of enjoining the Indiana state court proceedings. For the foregoing reasons, the Court should deny Plaintiffs' Motion to Enjoin.

Respectfully Submitted,

Of Counsel:

Sutterfield and Webb, L.L.C.

/s/ James R. Sutterfield
James R. Sutterfield, T.A. #12597
jsutterfield@swslaw.com
Candace R. LeBlanc, #31831
cleblanc@swslaw.com
650 Poydras Street, Suite 2715
New Orleans, Louisiana 70130
Telephone:   (504) 598-2715
Facsimile:   (504) 529-7197

**COUNSEL FOR COLONY NATIONAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, contemporaneously with or before filing, a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the Court's CM/ECF system.

/s/ James R. Sutterfield