## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: CHINESE-MANUFACTURED DRYWALL
PRODUCTS LIABILITY LITIGATION
    Lennar Corp., et al. v. Nautilus Insurance Co.,    )
        S.D. Florida, C.A. No. 1:10-21909    )    MDL No. 2047

### ORDER DENYING TRANSFER

    **Before the entire Panel**: Lennar Corp., Lennar Homes LLC and U.S. Home Corp. move, pursuant to 28 U.S.C. § 1407(c), for transfer of the Southern District of Florida action before the Panel, in which they are plaintiffs. Plaintiffs seek transfer of their action to the Eastern District of Louisiana for inclusion in MDL No. 2047. Defendant Nautilus Insurance Co. did not respond to the motion.

    Section 1407 focuses on convenience for the involved parties and witnesses as well as judicial efficiencies in cases with common questions of fact. Here, as in other recent decisions in MDL No. 2047, we have decided not to transfer the insurance coverage case at issue in this motion.

    This case and the cases in MDL No. 2047 have a common factual backdrop involving the general circumstances of imported Chinese drywall and the damage it is alleged to have caused; however, this commonality is insufficient to warrant transfer. The insurance coverage questions in this case are likely to involve an application of the complaint to the policy language under the applicable state law, and much of the motion practice and other pretrial proceedings in MDL No. 2047 will be inapplicable to this case. In these circumstances, the Panel concludes that inclusion of this action in MDL No. 2047 would not achieve sufficient conveniences or other benefits to justify transfer under 28 U.S.C. § 1407.

    The declaratory judgment actions related to the use of Chinese-manufactured drywall may implicate similar legal issues, but while consistent legal rulings are often a thankful by-product of centralization, Section 1407 does not, as a general rule, empower the Panel to transfer cases solely due to the similarity of legal issues. Transfer of this insurance coverage action and other similar actions could also provide the transferee court with greater leverage within the inevitable settlement discussions. As with consistent legal rulings, settlement of multidistrict litigation is a sometime by-product, not a statutory rationale, for transfer under Section 1407. Settlement of the underlying products liability claims can proceed, and the parties can engage in settlement discussions, regardless of the pendency of this declaratory judgment action in another court.

    IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is denied.



EXHIBIT A

- 2 -

PANEL ON MULTIDISTRICT LITIGATION

*[signature]*

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |