UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL No. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |

THIS DOCUMENT RELATES TO:

*Paula Gonzales English, et al., v. American Camper Manufacturing, et al; 10-4112*
*Earl Norman, et al., v. Dutchmen Manufacturing, Inc., et al; 10-4408*
*Sharren Taylor, et al., v. Bechtel National, Inc., et al; 10-4129*
*Nathaniel Levy, et al., v. ABC Manufacturing Co., et al; 09-8436*
*Adelliny Dison, et al., v. ABC Manufacturing Co., et al; 10-3627*
*Louis Ussin, et al., v. ABC Manufacturing Co., et al; 10-3631*
*Anthony Tasker, et al., v. ABC Manufacturing Co., et al; 10-3633*

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR**
**NEW TRIAL AND/OR RECONSIDERATION PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 60(a)(b)(c)**</u>

**NOW INTO COURT,** through undersigned counsel, Sharren Taylor, Paula Gonzales English, Earl Norman, Nathaniel Levy, Adelliny Dison, Louis Ussin, Anthony Tasker, and the claimants adjoined thereto, who in support of their Motion for Reconsideration of the Court's Order of Dismissal signed January 19, 2011, and entered on February 2, 2011, state the following:

**I.    BACKGROUND**

*Paula Gonzales English, et al., v. American Camper Manufacturing, et al.*, Case No.: 10-4112 was filed on December 30, 2009; *Earl Norman, et al., v. Dutchmen Manufacturing, Inc., et al.*, Case No.: 10-4408 was filed on February 18, 2010; (both cases were transferred from the

South District of Mississippi to the Eastern District of Louisiana with the current case numbers). The manufacturer and installer were specifically named in these complaints.  Additionally, *Sharren Taylor, et al., v. Bechtel National, Inc.*, Case No. 10-4129, was filed on September 27, 2010 (also transferred to the Eastern District of Louisiana from the Southern District of Mississippi); *Nathaniel Levy, et al., v. ABC Manufacturing Company*, Case No. 09-8436, was filed on December 29, 2009; *Adelliny Dison, et al., v. ABC Manufacturing Company, et al.*,Case No.: 10-3627, was filed on October 14, 2010; *Louis Ussin, et al., v. ABC Manufacturing Company, et al*., Case No.: 10-3631, was filed on October 14, 2010; *Anthony Tasker, et al., v. ABC Manufacturing Company, et al*., Case No.: 10-3633.  The installers were specifically named in these complaints.

On December 15, 2010, Defendants filed a Motion to Dismiss asserting as support, the May 26, 2010, Pre-Trial Order 68 (Rec. Doc. 14,200) which ordered that all matching requests by Plaintiffs should be received by FEMA June 15, 2010.  FEMA would be under no obligation to honor any requests received after that date.  This Order further required that all Plaintiffs receive a response to comply with all other pre-trial orders-namely, Orders numbered 38 and 53 concerning the individual matching of manufacturing contractor defendants to the correct plaintiff parties by August 2, 2010.

Pre-trial Order 68 further stated November 1, 2010 as the date by which both Manufacturing/Contractor defendants could seek dismissal of all actions which fail to comply with Pre-Trial Orders 38, 56, and 68.  In their Motion to Dismiss the defendants attached an

Exhibit A which included the docket numbers of the moving Plaintiffs' cases alleging that they had failed to comply with these pre-trial orders.

On January 19, 2011, the Court signed the Order dismissing the claimant's complaints.

## II.   LAW

The Fifth Circuit has held that a Motion for Reconsideration of such a judgment, provided, challenge a judgment on its merits, is to be treated as either "Motion to Alter or Amend under Rule 59(e) or Motion for "Relief from Judgment" under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 174 (5th Cir. 1990).  Under Rule 60(a) if it is found that there is a clerical mistake in the judgment or order "therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party," relief from Judgment may be sought.  Additionally, this filing is timely, as under Rule 60(c)(1), this motion is filed within one year after the date of the entry of the judgment.

According to the Federal Rules of Procedure, the Plaintiff must demonstrate valid reasons to justify Court's reconsideration of a prior ruling.  The Court should refrain from altering or amending a judgment under Rule 60(a)(b) unless one of the following grounds is present:

1. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission;
2. mistake, inadvertence, surprise, or excusable neglect;
3. newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
4. fraud, misrepresentation, or other misconduct of an adverse party;

   5. the judgment is void

   6. the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

   7. any other reason justifying relief from operation of the judgment.

**III.    ARGUMENT**

The record of this case is clear that the moving plaintiffs and claimants adjoined thereto had filed complaints which complied with Pre-Trial Orders 38, 56 and 68 prior to the Defendant's Motion to Dismiss, in which either the Manufacturer and Installer or only Installer Defendants were named. In *Norman v. Dutchmen Manufacturing, Inc*., Case No. 10-4408, and *English v. American Camper Manufacturing, LLC*, Case No. 10-4112, the proper manufacturer and installer were named. It is counsels' belief that these cases were erroneously included in the dismissals for failure to match due to the sheer volume of dismissals brought before the Court. At worst, these two cases should have been allowed to remove and/or dismiss the additional unknown parties from the cases, preserving the claims against the known and filed upon specifically named manufacturer and installer defendants[1]. The two claims of *Norman* and *English*, should therefore be reconsidered by this Court and allowed to proceed as per F.R.C.P. 60(a).

---

[1] In *Norman v. Dutchmen Manufacturing, Inc*., the manufacturing defendant is specifically named as Dutchmen with a specifically named installer defendant of Bechtel National, Inc. In *English v. American Camper Manufacturing, LLC*., the manufacturing defendant is specifically named as American Camper Manufacturing, LLC d/b/a Ameri-Camp, with a specifically named installer defendant of Bechtel National, Inc.

In the remaining suits moved upon herein, the proper installer was listed, although a manufacturer was never identifiable. Plaintiffs move that these cases be reconsidered as a proper, viable, and identified defendant was listed.[2] The representation by the manufacturing defendants and installer/contractor defendants fits the tenants of Rule 60(b) in that it qualifies at best as a 1) mistake, inadvertence, surprise, or excusable neglect by the defendants or at worst as 2) fraud, misrepresentation, or other misconduct of an adverse party by the defendants. It is the plaintiffs contention that as the installer/contractors were properly named and then for those same installers to move for dismissal due to the manufacturer not being listed, is a mistake and/or outright misrepresentation/misconduct. It is the plaintiffs' contention that the installers had at all times knowledge, as well as the, manufacturers, of who retained their services and were paid for same, in which to install the very mobile homes/travel trailers for the claimants involved in these suits. Plaintiffs understand that FEMA had a cutoff and/or deadline for releasing the applicable data and were not to be held responsible after a certain time period in which to release the information. However, defendants were never under any such deadline or gag-order wherein they were not allowed to release or supply the information to plaintiffs in who they retained or who retained them to perform the applicable installation. It is also the Plaintiffs' belief that if the installer and manufacturer defendants were in possession of this

---

[2] In *Tasker v. ABC Manufacturing Company*, the specifically listed installer defendant is CH2M Hill Constructors, Inc. In *Ussin v. ABC Manufacturing Company*, the specifically listed installer defendant is Shaw Environmental, Inc. In *Dison v. ABC Manufacturing Company*, and *Levy v. ABC Manufacturing Company*, the specifically listed installer defendant is Fluor Enterprises, Inc. In *Taylor v. Bechtel National, Inc*., the specifically listed installer defendant is Bechtel National, Inc.

information and to still have moved for dismissal without providing that very information, it is a blatant issue of misconduct.

In summation, Plaintiffs contend that the representation by the moving defendants that these claimants had not filed matching complaints was in error. Dismissal is a harsh remedy and should only be exercised when the moving party is clearly entitled to such relief. In this instance, such Order dated January 19, 2011, is based on an error and misrepresentation of fact and would also result in a manifest injustice to movers.

For the reasons aforesaid, the moving claimants are entitled to a reconsideration of the Court's Order of Dismissal signed January 19, 2011 and entered on February 2, 2011.

                              Respectfully submitted,

                              /s/ Frank J. D'Amico, Jr.
                              FRANK J. D'AMICO, JR. (LSBA# 17519)
                              Frank J. D'Amico, Jr., APLC
                              4731 Canal St.
                              New Orleans, LA  70119
                              Phone: (504) 525-7272
                              Fax: (504) 525-9522

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                    /s/ Frank J. D'Amico, Jr._____
                                                    FRANK J. D'AMICO, JR. (LSBA# 17519)