IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Cedric Cushenberry v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8381* | * | |

************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING
TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.      Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues.  This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1].  Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3]   The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4]

## II.    Law and Argument

1. Ashley Brooks-Robinson's Plaintiff Fact Sheet was unsigned and undated.[5] Counsel for Mover reviewed it and deemed it insufficient.   A Plaintiff Fact Sheet includes 121 questions to be answered.  Ashley Brooks-Robinson's Plaintiff Fact Sheet left seven of them blank.[6]  Significantly, plaintiff indicates that Patriot Homes was the manufacturer of her FEMA trailer.[7]  She failed to provide the VIN number, Bar Code number on the housing unit or FEMA identification number, making it impossible to

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Exhibit A.

determine if this plaintiff even lived in a Pilgrim trailer.[8]  Also, the plaintiff fact sheet references an "Appendix 1" and indicates there are multiple trailers.[9]  However, no such appendix is included and no reference is made to any other trailer.[10]  Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[11]  No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Ashley Brooks-Robinson is incomplete.

2.  Alvirda Cook's Plaintiff Fact Sheet was unsigned and undated.[12]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Alvirda Cook's Plaintiff Fact Sheet left 104 of them blank.[13]  Plaintiff only provided her name, address and telephone number.[14]  The remainder of the Plaintiff Fact Sheet is blank.[15]  Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[16]  No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Alvirda Cook is incomplete.

3.  Alma Francis's Plaintiff Fact Sheet was unsigned and undated.[17]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121

---

[6] See Exhibit A.
[7] See Exhibit A.
[8] See Exhibit A.
[9] See Exhibit A.
[10] See Exhibit A.
[11] See Exhibit B.
[12] See Exhibit C.
[13] See Exhibit C.
[14] See Exhibit C.
[15] See Exhibit C.
[16] See Exhibit D
[17] See Exhibit E.

questions to be answered.  Alma Francis's Plaintiff Fact Sheet left 13 of them blank.[18] Significantly, plaintiff failed to provide the VIN number, FEMA identification number or Bar Code number on her housing unit.[19]  While she claims she lived in a trailer manufactured by Pilgrim, it is impossible to determine the accuracy of her allegation. Also, the plaintiff fact sheet references an "Appendix 1" and indicates there are multiple trailers.[20]  However, no such appendix is included and no reference is made to any other trailer.[21]  Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[22]  No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Alma Francis is incomplete.

    4.  Averist Francis's Plaintiff Fact Sheet was unsigned and undated.[23]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Averist Francis's Plaintiff Fact Sheet left seven of them blank.[24]  Significantly, plaintiff failed to provide the VIN number, FEMA identification number or Bar Code number on her housing unit.[25]  While she claims she lived in a trailer manufactured by Pilgrim, it is impossible to determine the accuracy of her allegation. Also, the plaintiff fact sheet references an "Appendix 1" and indicates there are multiple trailers.[26]  However, no such appendix is included and no reference is made to any other

---

[18] See Exhibit E.
[19] See Exhibit E.
[20] See Exhibit E.
[21] See Exhibit E.
[22] See Exhibit F.
[23] See Exhibit G.
[24] See Exhibit G.
[25] See Exhibit G.
[26] See Exhibit G.

trailer.[27]   Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[28]   No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Averist Francis is incomplete.

5.  Delores Moss's Plaintiff Fact Sheet was unsigned and undated.[29]   Counsel for Mover reviewed it and deemed it insufficient.   A Plaintiff Fact Sheet includes 121 questions to be answered.   Delores Moss's Plaintiff Fact Sheet left nineteen of them blank.[30]   Significantly, plaintiff failed to provide the VIN number, FEMA identification number or Bar Code number on her housing unit.[31]   While she claims she lived in a trailer manufactured by Pilgrim, it is impossible to determine the accuracy of her allegation. Also, the plaintiff fact sheet references an "Appendix 1" and indicates there are multiple trailers.[32]   However, no such appendix is included and no reference is made to any other trailer.[33]   Further, plaintiff failed to complete the section regarding her smoking history, if any (Section VI C).[34]   Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[35]   No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Delores Moss is incomplete.

---

[27] See Exhibit G.
[28] See Exhibit H.
[29] See Exhibit I.
[30] See Exhibit I.
[31] See Exhibit I.
[32] See Exhibit I.
[33] See Exhibit I.
[34] See Exhibit I.
[35] See Exhibit J.

6. Dorothy Price's Plaintiff Fact Sheet was unsigned and undated.[36] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Dorothy Price's Plaintiff Fact Sheet left eight of them blank.[37] Significantly, plaintiff failed to provide the VIN number, FEMA identification number or Bar Code number on her housing unit.[38] While she claims she lived in a trailer manufactured by Pilgrim, it is impossible to determine the accuracy of her allegation. Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[39] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Dorothy Price is incomplete.

7. Betty Robertson's Plaintiff Fact Sheet was unsigned and undated.[40] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Betty Robertson's Plaintiff Fact Sheet left 17 of them blank.[41] Significantly, plaintiff failed to provide the name of the trailer manufacturer, VIN number, FEMA identification number or Bar Code number on her housing unit, making it impossible to determine whether she even lived in a Pilgrim trailer.[42] Also, the plaintiff fact sheet references an "Appendix 1" and indicates there are multiple trailers.[43] However, no such appendix is included and no reference is made to any other trailer.[44] Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the

---

[36] See Exhibit K.
[37] See Exhibit K.
[38] See Exhibit K.
[39] See Exhibit L.
[40] See Exhibit M.
[41] See Exhibit M.
[42] See Exhibit M.
[43] See Exhibit M.

deficiencies.[45]  No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Betty Robertson is incomplete.

8. Curtis Scott's Plaintiff Fact Sheet was unsigned and undated.[46]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Curtis Scott's Plaintiff Fact Sheet left 104 of them blank.[47] Plaintiff only provided his name, address and telephone number.[48]  The remainder of the Plaintiff Fact Sheet is blank.[49]  Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[50]  No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Curtis Scott is incomplete.

9. David Williams Sr.'s Plaintiff Fact Sheet was unsigned and undated.[51]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  David Williams Sr.'s Plaintiff Fact Sheet left 104 of them blank.[52]  Plaintiff only provided his name, address and telephone number.[53]  The remainder of the Plaintiff Fact Sheet is blank.[54]  Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[55]  No response was received and

---

[44] See Exhibit M.
[45] See Exhibit N.
[46] See Exhibit O.
[47] See Exhibit O.
[48] See Exhibit O.
[49] See Exhibit O.
[50] See Exhibit P
[51] See Exhibit Q.
[52] See Exhibit Q.
[53] See Exhibit Q.
[54] See Exhibit Q.
[55] See Exhibit R

plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for David Williams Sr. is incomplete.

10. Dorothy Price on behalf of Edward Baker's Plaintiff Fact Sheet was unsigned and undated.[56] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Dorothy Price on behalf of Edward Baker's Plaintiff Fact Sheet left five of them blank.[57] Significantly, plaintiff failed to provide the VIN number, FEMA identification number or Bar Code number on his housing unit.[58] While he claims he lived in a trailer manufactured by Pilgrim, it is impossible to determine the accuracy of his allegation.[59] Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[60] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Dorothy Price on behalf of Edward Baker is incomplete.

11. Edward Price's Plaintiff Fact Sheet was unsigned and undated.[61] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Edward Price's Plaintiff Fact Sheet left six of them blank.[62] Significantly, plaintiff failed to provide the VIN number, FEMA identification number or Bar Code number on his housing unit, making it impossible to determine if he even lived in a Pilgrim trailer.[63] Also, the plaintiff fact sheet references an "Appendix 1" and

---

[56] See Exhibit S.
[57] See Exhibit S.
[58] See Exhibit S.
[59] See Exhibit S.
[60] See Exhibit T.
[61] See Exhibit U.
[62] See Exhibit U.
[63] See Exhibit U.

indicates there are multiple trailers.[64]   However, no such appendix is included and no reference is made to any other trailer.[65]   Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[66]   No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Edward Price is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[67]   Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[68]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit,

---

[64] See Exhibit U.
[65] See Exhibit U.
[66] See Exhibit V.
[67] See *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir.1992); *Colle*, 981 F.2d at 242-243.

mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a completed discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to request for completed fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.    Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to provide such within thirty (30) days of filing of the individual claim would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Ashley Brooks-Robinson, Alvirda Cook, Alma Francis, Averist Francis, Delores Moss, Dorothy Price, Betty Robertson, Curtis Scott, David Williams, Sr., Dorothy Price on behalf of Edward Baker, and Edward Price,* with prejudice for failure to cooperate in the discovery process.

---

[68] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS

BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY

EMAILING THE SAME TO EACH, PROPERLY

THROUGH THE COURT'S E-FILING SYSTEM

ON THIS __11th__ DAY OF __May__, 2011..
_____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290