EXHIBIT U

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873 |
| _____ | ) ) | SECTION: N(4) |
| | ) ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) ) | MAG: ROBY |
| Plaintiff: _____ | ) ) | |
| Edward Price | ) ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  **A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.**  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

## II.   PERSONAL INFORMATION

A.   Name (person completing form): Edward Price

B.   Maiden or other names used or by which you have been known:

C.   Current Street Address: 1481 N Roman St  New Orleans, LA 70116

D.   Home Telephone No.: N/A
Cell Phone No.:       (504) 342-5996
Work Telephone No:  N/A
Other Telephone Nos.: N/A

E.   Email address: N/A

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:
N/A

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
N/A

3   Address (or last known address if deceased):
N/A

4.   Home Telephone No.: N/A
Cell Phone No.:     N/A
Work Telephone No: N/A
Other Telephone Nos. N/A

5.   E-mail address: N/A

6.   If you were appointed as a representative by a court, state the:

2

Court: N/A _____          Date of Appointment: N/A _____

7.  What is your relationship to the deceased or represented person or person claimed to be injured? N/A _____

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

N/A _____

Date N/A _____

B.  Please state the name and address of the attorney representing you:

Anthony Buzbee  /  The Buzbee Law Firm _____
        Attorney's Name/Law Firm
Houston, TX 77002 _____
        City, State and Zip Code

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
Yes ☒          No ☐

2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? Abdominal pain, headaches _____

3.  During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☒ irritation to eyes                                  ☐ tingling or swelling of lips or face area
☒ burning of eyes                                    ☒ headaches
☒ tearing of eyes                                    ☐ nausea
☐ irritation to nasal membranes (inside of nose)     ☐ vomiting
☐ burning of nasal membranes (inside of nose)        ☐ bloody vomiting
☐ bleeding of nasal membranes (inside of nose)       ☒ abdominal pain
☐ irritation or itching of skin                      ☐ diarrhea
☐ burning of skin                                    ☐ difficulty in breathing
☒ rashes on skin                                     ☒ wheezing
☐ drying or scaling of skin                          ☐ shortness of breath
☒ scaling or itching of eyelids                      ☐ persistent cough
☒ irritation or swelling of eyelids or eye area      ☐ tightness of the chest

3

☒ bronchitis
☐ throat irritation
☐ hoarseness
☐ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☐ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of
    childhood asthma
☐ allergies for the first time in your life
☐ worsening of allergies that you had previous
    to living in FEMA trailer

☐ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician._____
N/A _____
_____

4.    Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?_____No_____

If yes, which kind of cancer?
N/A _____

5.    When do you claim this injury or disease first occurred? Jan 2006 _____

6.    Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐        No ☒

*If "Yes,"* when and who diagnosed the condition at that time?
N/A _____
_____

7.    Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐        No ☒

*If "Yes,"* set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. N/A

_____

_____

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☒          No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
N/A. . ,
_____
_____
_____

To your understanding, describe the condition for which treated:
N/A
_____
_____
_____

State when you were treated for this psychological, psychiatric or emotional problem
N/A
_____
_____
_____

List the medications prescribed or recommended by the physician or counselor
N/A
_____
_____
_____

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☒          No ☐

*If "Yes,"* state the amount of your claim: Unknown at this Time

5

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 1481 N Roman St New Orleans , LA 70116 | 2000 To Present |
|  |  |
|  |  |
|  |  |
|  |  |

B.   State Driver's License Number and State Issuing License:_____
      N/A                                    N/A

C.   Date and Place of Birth ██████/1989                    Place: New Orleans LA

D.   Sex:  Male ☒        Female ☐

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Clark High School | - 2005 | 9th Grade |  |
|  |  |  |  |
|  |  |  |  |

F.   Employment Information

   1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | . |  |  |
|  |  |  |  |

   2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | . |  |  |
|  |  |  |  |

6

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐     No ☒

*If "Yes,"* state the following:

a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| N/A  | $N/A   |
| N/A  | $N/A   |
| N/A  | $N/A   |
| N/A  | $N/A   |
| N/A  | $N/A   |

b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:
N/A

G. Previous Claims Information

1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐     No ☒     Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease.

7

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].
Yes ☒          No ☐          Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
| Dorothy Price | Mother | 57 | Asthma | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?
Yes ☐          No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.
Name: N/A

## V.   FEMA TRAILER OR MOBILE HOME UNIT
********** Multi-Trailers See Appendix 1

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: Unknown at this time

2.   VIN:  N/A

3.   FEMA Identification No.:  N/A

4.   Bar Code Number on FEMA housing unit: 1256527

8

5.    Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☐    Mobile Home ☒

6.    Move-in Date: Jan 2006

7.    Move-out Date: Jan 2007

8.    Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
      1481 N Roman St New Orleans LA 70116 1481 N Roman St New Orleans

9.    Was the FEMA trailer or mobile home located in a trailer park or on private property? Private Property

10.   State the reason you stopped living in the FEMA trailer or mobile home:
      Medical condition

11.   Please state the approximate square footage of the FEMA housing unit: 240

12.   Please state the approximate length and width of the FEMA housing unit: 30 x 8

13.   What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 16

14.   Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
      Yes ☒        No ☐

15.   Is/was the FEMA housing unit hooked up to a sewer line?
      Yes ☒        No ☐

16.   Is/was the FEMA housing unit hooked up to an electrical line?
      Yes ☒        No ☐

17.   Is/was the FEMA housing unit hooked up to natural gas line?
      Yes ☐        No ☒

18.   Is/was propane gas used in the FEMA housing unit?
      Yes ☒        No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 0 _____

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐        No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? N/A _____

For what period of time did you temporarily live in another location?
N/A _____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: N/A _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐        No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: Date: N/A      Reason: N/A _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please state the date and reason for repair, service or maintenance:
Date: N/A  Reason: N/A _____
_____

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|------|------|------|------|------|------|
| Edward | 20 | 1481 N Roman St New Orleans, LA 70116 5043425996 | From Jan 2006 <br> To Jan 2007 | Yes ☒ <br> No ☐ <br> Don't Know ☐ | Headaches |
| Dorothy Price | 57 | 1481 N Roman St New Orleans, LA 70116 5043425996 | From Jan 2006 <br> To Jan 2007 | Yes ☒ <br> No ☐ <br> Don't Know ☐ | ill health |
|  |  |  | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ |  |
|  |  |  | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ |  |
|  |  |  | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ |  |
|  |  |  | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ |  |

## VI.   MEDICAL BACKGROUND

A.   Height: 5' 7"

B.   Current Weight: 140 lb

Weight prior to living in a FEMA trailer or mobile home: 140 lb

C.   Personal Smoking/Tobacco Use History: ***Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.***

☒   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1.      Date on which smoking/tobacco use ended:_____

2.      Amount smoked or used on average:
_____ per day for _____ years.

☐   Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1.      Amount currently smoked or used on average:
_____ per day for _____ years.

D.     Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1.      Amount smoked or used on average, if you know:
N/A per day for 0 years.

2.      Relationship to you: N/A

3.      Please state whether the smoking occurred inside, outside or both. N/A

E.     Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐     No ☒

*If "Yes,"* what was the date of birth: N/A .

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐     No ☒

F.     Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1.      Lung or other respiratory disease
Yes ☒     No ☐

*If "Yes,"* please indicate the following:

Name and description of each illness, disease, or abnormal condition:
Asthma

The date of illness:
1989

2.   Infectious disease (such as, tuberculosis, pneumonia, hepatitis)
     Yes ☐         No ☒

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:
     N/A
     _____

     The date of illness:
     N/A
     _____

3.   Long-term stomach or bowel disease
     Yes ☐         No ☒

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:
     N/A
     _____

     The date of illness:
     N/A
     _____

4.   Skin disease
     Yes ☐         No ☒

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:
     N/A
     _____

     The date of illness:
     N/A
     _____

G.   Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.   To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

     Yes ☐         No ☒         Don't Recall ☐

     *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

13

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: N/A _____ _____
      Specialty, if any: _____ _____
      Address: ___, _____ _____
      Phone: _____ _____
      Treatment received: _____ _____
      Dates of treatment: _____ _____

      Doctor's Name: _____ _____
      Specialty, if any: _____ _____
      Address: _____ _____
      Phone: _____ _____
      Treatment received: _____ _____
      Dates of treatment: _____ _____

      Doctor's Name: _____ _____
      Specialty, if any: _____ _____
      Address: _____ _____
      Phone: _____ _____
      Treatment received: _____ _____
      Dates of treatment: _____ _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
      N/A _____ _____
      _____ _____

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
      Yes ☐        No ☒

      *If "Yes,"* please provide the name and address of the health care professional.
      N/A _____ _____
      _____ _____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.    Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐        No ☒

B.    Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐        No ☒

C.    Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

D.    All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☒

E.    Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

F.    Decedent's death certificate, if applicable.
Yes ☐        No ☒

G.    Report of autopsy of decedent, if applicable.
Yes ☐        No ☒

## IX.    LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| N/A | , |
|  |  |
|  |  |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| N/A | , | N/A |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| N/A | , |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| N/A | , |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| N/A | , |  |
|  |  |  |
|  |  |  |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.   Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| Walgreen | 900 canal st   New orleans , LA  70112 |
|  |  |
|  |  |
|  |  |
|  |  |

17

## CERTIFICATION

     I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

Edward Price

_____     _____     _____
**Signature of Plaintiff**                                  **Print Your Name**                            **Date**

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: Edward Price

Date of Birth: ████/1989

Last Four Numbers of SSN: 4629

    I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _____
_____**and/or their designated agents.**  These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above.  This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation.  I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009.

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: Edward Price

Date of Birth: ▬▬▬/1989

Last Four Numbers of SSN: 4629

    I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ _____and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009.

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: Edward Price

Date of Birth: ████/1989

Last Four Numbers of SSN: 4629

I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this __ day of _____, 2009.

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity.)**

Name: Edward Price

Date of Birth: ████/██/1989

Last Four Numbers of SSN: 4629

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of** _____ **and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes. I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2009.

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

NAME OF FACILITY:_____
Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.,* 40:1299.96 *et seq.,* 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name<br>Edward Price | Birth Date<br>██████/1989 | Social Security No.<br>XXX-XX- |
|---|---|---|
| Address:<br>City:                       State: | | Telephone No.:<br>Zip Code: |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
*Name. .*_____
*Title. .*_____
*Address.*_____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br><br>❑ Copies of the<br>   records &<br>❑ Inspection of the<br>   record | ❑ Abstract/pertinent<br>❑ Emergency Room<br>❑ H&P<br>❑ Consult Report<br>❑ Operative Report<br>❑ Rehab Services | ❑ Lab<br>❑ Imaging/Radiology<br>❑ Cardiac Studies<br>❑ Face Sheet<br>❑ Nursing Notes<br>❑ Medication Record | ❑ Progress Notes<br>❑ Physician's Orders<br>❑ Entire Record<br>❑ Other_____ |
|---|---|---|---|

I acknowledge, and hereby consent to such, that the released information may contain
_____ alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*** *Initials* ***

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

_____          _____
*** **Signature** *** of Patient/Legal Representative                Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, Edward Price_____ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated:_____

Name: Edward Price_____ (print legibly or type out name)

Signature:_____



MINUTE ENTRY
FALLON, J.
APRIL 26, 2011

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 2047  SECTION L |
| This document relates to All Cases | * * * * * | JUDGE FALLON  MAGISTRATE JUDGE WILKINSON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The monthly status conference was held on this date in the Courtroom of Judge Eldon E.
Fallon.  Prior to the conference, the Court met with Liaison Counsel and the Chairs of the
Steering Committees.  At the conference, Liaison Counsel reported to the Court on topics set
forth in Joint Report No. 20.  (R. Doc. 8622).  The conference was transcribed by Ms. Susan
Zielie, Official Court Reporter.  Counsel may contact Ms. Zielie at (504) 589-7781 to request a
copy of the transcript.  A summary of the monthly status conference follows.

The Court commenced the status conference by announcing that a class action settlement
agreement had been reached by the Plaintiffs' Steering Committee, Interior Exterior Building
Supply, LP, as well as its primary insurers, Arch Insurance Company and Liberty Mutual Fire
Insurance Company, and that these parties filed a motion seeking approval from the Court
thereof.  *See* (R. Doc. 8628)(Joint Motion for an Order: (1) Preliminarily Approving InEx

1

JS10(00:36)

Settlement Agreement, (2) Conditionally Certifying InEx Settlement Class, (3) Issuing Class

Notice, and (4) Scheduling a Settlement Fairness Hearing). The Court summarized the main

points of the agreement and scheduled a hearing on the motion for May 6, 2011, at 10:00 a.m.

central time. *See* (R. Doc. 8634). As a result of the agreement, the Court announced a stay on

litigation and proceedings involving Interior Exterior, and indicated that a stay order would be

forthcoming, directing the relevant parties to draft a proposed order for the Court. The Court

also indicated that once preliminary approval is granted, notice would be issued for the

settlement class. The Court expressed hope that this agreement would spur further settlement

negotiations and resolutions.

Next, the PSC reported that recently between 1200 and 2000 more potential homeowner

claimants, mostly from Texas, Florida, and Louisiana, have contacted the PSC, interested in

filing claims in the litigation.

The Court also inquired as to whether the prior dispute involving incomplete and/or

improper Plaintiff Profile Forms has been resolved. Counsel for the Banner entities informed the

Court that it has been working with the PSC to resolve the problem. Additionally, the PSC

further specified that it had remedied all but 19 profile forms and was working on those

remaining.

Dawn Barrios, Chair of the State/Federal Coordination Committee, presented the Court

with an updated disc containing information as to all related state-court proceedings.

Additionally, Ms. Barrios informed the Court of an administrative proceeding and appeal in

Virginia concluding that Chinese drywall manufactured by the Taishan defendants violated

relevant state building codes.

2

With regard to discovery, the PSC informed the Court that it was working with other parties to schedule Knauf depositions in the near future.  Additionally, in response to an inquiry by the Court, the parties discussed their respective experiences at the Hong Kong depositions of the Taishan defendants' Rule 30(b)(6) corporate representatives.  Because the PSC, as well as other parties, felt that these depositions were not conducted properly, it declared its intent to file motions for further depositions.  In response, the Court directed the parties to first meet-and-confer in an attempt to resolve the issue without motions and further depositions.

With regard to insurance issues in the MDL, the Insurers' Steering Committee and the PSC presented to the Court a joint memorandum discussing the CGL insurers' motions and a plan for setting such motions for hearing.  These parties indicated that they would continue to meet-and-confer on how to handle discovery for the motions and a timeline for briefing and hearing.

Next, the Knauf defendants' counsel provided an update on the pilot program remediation.  Counsel reported that 49 homes have been completed or are currently undergoing remediation, and 60 more are to be added to the program in the next few weeks.  The Court praised the pilot program, and suggested it become a model for future litigation.

The Homebuilders' Steering Committee then reported to the Court regarding the Order issued by the Court requiring contribution to the Committee by homebuilder parties for fees and costs.  The Committee stated that a majority of these parties have properly paid their contribution, and that it would provide a list to the Court of non-compliant homebuilders.

With regard to mediation, counsel noted that the Knauf defendants filed a motion to enforce a settlement agreement involving the Prichard Housing Authority, which is set for hearing on May 11, 2011. The PSC indicated it would join Knauf in its motion.

Two motions were set for hearing at the conference. The first being Banner Supply's Motion for Protective Order (R. Doc. 8512). With regard to this Motion, the Court noted that the parties have agreed that subsequent depositions of Banner's Rule 30(b)(6) corporate representatives could take place, but that these depositions are not to cover any previously discussed issues. Accordingly, IT IS ORDERED that this Motion is DENIED AS MOOT.

The second motion set for hearing was Knauf's Motion for Relief from Pretrial Order 1B (R. Doc. 8578). After hearing from the parties and considering the briefs submitted, the Court determined that destruction of the drywall at issue is appropriate, but that interested parties, particularly the PSC, should be permitted one month from the date of the conference to inspect, test, and document the drywall, and thereafter, if the PSC seeks to preserve the drywall it is to pay for the costs of storage. Accordingly, IT IS ORDERED that this Motion is GRANTED with the foregoing terms.

At the conclusion of the conference, the court announced the subsequent monthly conference dates: May 26, June 14, and July 14, 2011, each beginning at 9:00 a.m. central time in the Courtroom of Judge Eldon E. Fallon. This information, as well as other dates and conference call numbers, can be found at the Court's website, http://www.laed.uscourts.gov/Drywall/Calendar.htm.

EXHIBIT V

# LOBMAN, CARNAHAN, BATT, ANGELLE & NADER
## A PROFESSIONAL CORPORATION

BURT K. CARNAHAN
DAVID V. BATT
SIDNEY J. ANGELLE
JAMES P. NADER †
JOSEPH M. MESSINA
TARA L. MASON
BRANT J. CACAMO
PAMELA K. RICHARD
ERIC B. BERGER
JAMES J. YOUNG, IV

EDWARD P. LOBMAN (1941-2004)

### ATTORNEYS AT LAW

**400 POYDRAS STREET**
**SUITE 2300**
**NEW ORLEANS, LOUISIANA  70130-3425**

TELEPHONE (504) 586-9292
FACSIMILE (504) 586-1290

CHARLES R. RUMBLEY
HEATHER CHEESBRO
ANGELA G. BECNEL
DANIEL M. REDMANN
JESSE A. SCHUDMAK
ROBERT D. REINE
PEYTON C. LAMBERT

†ALSO ADMITTED IN TEXAS

**WWW.LCBA-LAW.COM**

WRITER'S E-MAIL ADDRESS:
SJA@LCBA-LAW.COM

August 6, 2010

Gerald E. Meunier
Justin I. Woods
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163

Re:   *Gregory Brown v. Crum & Forster Specialty Insurance Co., et al*
*Earl Bryant, III v. Crum & Forster Specialty Insurance Co., et al*
*Joseph H. Turner  v. Crum & Forster Specialty Insurance Co., et al*
(In re: FEMA Trailer Formaldehyde Products Liability Litigation)
Our File No. :    2.09-9854

### REGARDING PLAINTIFF:  EDWARD PRICE

Dear Counsel:

We received a Plaintiff Fact Sheet on behalf of your client identified above. However, the Plaintiff Fact Sheet is incomplete.

Per the Court's Pretrial Order No. 32, completed and verified Plaintiff Fact Sheets treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and submitted to Defense Liaison Counsel within thirty days, or in no case longer than 60 days, after suit is filed or transferred into the MDL. The following information or documentation omitted from your client's Plaintiff Fact Sheet is marked by a "◙". Please supplement your Plaintiff Fact Sheet to provide the missing information and/or documentation.

1)  Name (person completing form): ☐
2)  Maiden or other names used or by which you have been known: ☐
3)  Current Street Address: ☐
4)  Home Telephone No.: ☐
5)  Cell Phone No.: ☐
6)  Work Telephone No: ☐
7)  Other Telephone Nos.: ☐
8)  Email address: ☐
9)  State which individual or estate you are representing: ☐
10) Maiden Or Other Names Used or By Which Such Person Has Been Known: ☐
11) Address (or last known address if deceased): ☐
12) Home Telephone No.: ☐
13) Cell Phone No.: ☐
14) Work Telephone No: ☐
15) Date and court appointed by if representative of another: ☐
16) What is your relationship to the deceased or represented person or person claimed to be injured? ☐
17) If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died ☐
18) Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home? ☐
19) What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? ☐
20) Did you experience any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced. ☐
21) Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer? ☐
22) If yes, which kind of cancer? ☐
23) When do you claim this injury or disease first occurred? ☐
24) Did you ever suffer this type of illness or disease prior to living in the FEMA trailer? ☐
25) If "Yes," when and who diagnosed the condition at that time? ☐
26) Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past? ☐
27) If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began residing in a FEMA trailer or mobile home and the date of your recovery, if any ☐
28) Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home? ☐
29) If "Yes," for each provider; Contact Information, description of condition, medications: ☐
30) Are you making a claim for medical expenses as a result of the injury, illness or disease identified in above? ☐
31) If "Yes," state the amount of your claim: ◉
32) Identify each address at which you have resided during the last five (5) years, and list when you started and stopped living at each one ☐
33) State Driver's License Number and State Issuing License ☐

34) Date and Place of Birth: ☐
35) Sex: Male or Female ☐
36) Identify the highest level of education (high school, college, university or other ☐
educational institution) you have attended (even if not completed), the dates of
attendance, courses of study pursued, and diplomas or degrees awarded
37) Current employer (if not currently employed, state your last employer) including ☐
address, telephone number, dates of employment, telephone number, duties:
38) List the each employer you have had in the last ten (10) years including address, ☐
telephone number, dates of employment, telephone number, duties:
39) Are you making a wage loss claim, or claim of lost earning capacity as a result of your ☐
exposure to formaldehyde while residing in a FEMA trailer or mobile home
40) *If "Yes,"* state your income from employment for 2008, 2007, 2006, 2005, 2004: ☐
41) Total amount of time which you have lost from work as a result of any and all ☐
condition(s) related to residing in a FEMA trailer or mobile home, and the amount of
income that you lost
42) Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to ☐
any sickness or disease, excluding auto accidents?
43) *If "Yes,"* state to the best of your knowledge the court in which such action was filed, ☐
case name and/or names of adverse parties, and nature of the sickness or disease
44) To the best of your knowledge has any child, parent, sibling, or grandparent of yours ☐
suffered from any type of disease [such as asthma, shortness of breath, headaches, lung
disease, liver disease, skin disease, neurological disease, allergies, or cancer].
45) *If "Yes,"* provide for each: Name, relationship current age or age at death, medical ☐
condition, cause of death.
46) Are you are claiming the wrongful death of a family member related to formaldehyde? ☐
47) *If "Yes,"* state the name of the deceased and fill out a separate form for the deceased. ☐
48) Manufacturer of trailer or mobile home: ◉
49) VIN: ◉
50) FEMA Identification No.: ◉
51) Bar Code Number on FEMA housing unit: ☐
52) Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile ☐
home?
53) Move-in Date: ☐
54) Move-out Date ☐
55) Please state the mailing address and physical location for the FEMA trailer or mobile ☐
home unit.
56) Was the FEMA trailer or mobile home located in a trailer park or on private property? ☐
57) State the reason you stopped living in the FEMA trailer or mobile home: ☐
58) Please state the approximate square footage of the FEMA housing unit: ☐
59) State the approximate length and width of the FEMA housing unit ☐
60) Average number of hours spent in the FEMA trailer of mobile home each ☐
61) Is/was FEMA housing unit "jacked-up" on blocks (wheels off of the ground)? ☐
62) Is/was the FEMA housing unit hooked up to a sewer line? ☐
63) Is/was the FEMA housing unit hooked up to an electrical line? ☐
64) Is/was the FEMA housing unit hooked up to natural gas line? ☐
65) Is/was propane gas used in the FEMA housing unit? ☐

66) How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? ☐

67) Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home: ☐

68) Where did you temporarily live? ☐

69) For what period of time did you temporarily live in another location? ☐

70) Have any air quality tests ever been performed on your FEMA trailer or mobile home? ☐

71) If "Yes," please state when the test was performed and who prepared this testing: ☐

72) Was your FEMA trailer or mobile home ever fumigated for insects or any other reason? ☐

73) Date and reason for fumigation: ☐

74) Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home? ☐

75) If "Yes," please state the date and reason for repair, service or maintenance: ☐

76) The name and present address and telephone number of every person who resided in your FEMA trailer, the period of time such person resided in the FEMA trailer (however brief), and whether such person is making a claim for personal injury.

77) Height: ☐

78) Current Weight: ☐

79) Weight prior to living in a FEMA trailer or mobile home: ☐

80) Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff. ☐

81) Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff. ☐

82) Date on which smoking/tobacco use ended: ☐

83) Amount smoked or used on average, per day, number of years: ☐

84) Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff. ☐

85) Amount currently smoked or used on average, per day, number of years: ☐

86) If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history: ☐

87) Amount smoked or used on average, if you know, per day and number of years. ☐

88) Smoker's relationship to you: ☐

89) Whether the smoking occurred inside, outside or both. ☐

90) Were you pregnant during the time in which you resided in a FEMA trailer or mobile home? ☐

91) If yes, what was the date of birth? ☐

92) Did your pregnancy terminate in a miscarriage or a stillborn child? ☐

93) Have you ever suffered from lung or other respiratory disease? ☐

94) If yes, provide name, date and description of each illness, disease or abnormal condition ☐

95) Have you ever suffered from infectious disease (such as, tuberculosis, pneumonia, hepatitis) ☐

96) If yes, provide name, date and description of each illness, disease or abnormal condition ☐

97) Have you ever suffered from long-term stomach or bowel disease? ☐

98) If yes, provide name, date and description of each illness, disease or abnormal condition ☐

99) Have you ever suffered from skin disease? ☐

100) If yes, provide name, date and description of each illness, disease or abnormal condition ☐

101) To your knowledge, have you ever had any of the following tests performed: chest x-ray, CT scan or MRI? ☐

102) If you have had any such diagnostic tests, list the name, address, telephone number or provider and name and address of facility where taken ☐

4

103) Please identify the doctor or health care provider(s) who treated you for each disease, ☑
     illness or injury that you claim you (or the person you represent) suffered as a result of
     living in a FEMA trailer or mobile home and the date of the diagnosis, including
     address, telephone number, dates of treatment and doctor's specialty

104) If you are alleging psychological symptoms or emotional problems as a result of living ☐
     in a FEMA trailer or mobile home, please identify any physician from whom you have
     received psychological care and provide a medical records authorization **[if original
     authorizations have expired, you must complete new authorizations].**

105) Has any health care professional told you that your alleged illness, disease, or injury is ☐
     related to living in a FEMA trailer or mobile home?

106) If "yes," please provide the name and address of the health care professional. ☐

107) Please indicate if any of the following documents and things are currently in your ☐
     possession, custody, or control, or in the possession, custody, or control of your lawyers
     and if yes, attach a copy of the documents and things to your responses

108) Records of physicians, hospitals, pharmacies, and other healthcare providers identified ☐
     in response to this plaintiff fact sheet.

109) Standard form 95 submitted to any federal agency regarding any claim related to a ☐
     FEMA trailer or mobile home, including any and all attachments.

110) Any test results from any testing done on your FEMA trailer or mobile home. ☐

111) All bills from any physician, hospital, pharmacy, or other healthcare provider, if you ☐
     incurred related medical expenses.

112) Any questionnaires that you have filled out to assist any individual or entity with any ☐
     testing done on your FEMA trailer or mobile home.

113) Decedent's death certificate, if applicable. ☐

114) Report of autopsy of decedent, if applicable. ☐

115) For each medical provider and pharmacy identified in sections a through f below, please ☑
     fill out and sign and date an attached authorization.  You must also sign and date five (5)
     blank medical authorizations and attach them to this form **[if original authorizations
     have expired, you must complete new authorizations].**

116) Sign and date authorizations permitting social security disability and workers' ☐
     compensation records to be requested, to the extent applicable and attach them to this
     form.  **[if original authorizations have expired, you must complete new
     authorizations].**

117) Identify your current family and/or primary care physician, including address and ☐
     telephone number.

118) Identify your primary care physicians for the last seven (7) years, including address and ☐
     telephone number.

119) Each hospital, clinic, or healthcare facility where you have received inpatient treatment ☐
     or been admitted as a patient during the last seven (7) years.

120) Each hospital, clinic, or healthcare facility where you have received outpatient treatment ☐
     (including treatment in an emergency room) during the last seven (7) years.

121) Each pharmacy, including address that has dispensed medication to during the last seven ☐
     (7) years.

In order to move this matter along and in order to satisfy Pretrial Orders No. 2 and No. 32, I ask that you contact Roxanne Broussard on the 10th day of September, 2010, at 3:00 p.m. to hold our Rule 37.1 Conference.  In the event I do not hear from you at that time, I will presume that a Motion to Compel is in order and proceed accordingly.

Thank you for your cooperation and assistance, I remain,

Sincerely,

SIDNEY J. ANGELLE
ERIC B. BERGER

SJA/EBB/rmb

Cc:     Anthony G. Buzbee