UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 <br><br> SECTION: " N"(5) |
| This Document Relates to: *James Clark, et al. v. Gulf Stream Coach, Inc.,* Case No. 11-0412 | * * * | JUDGE: ENGELHARDT <br><br> MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUPPLEMENTAL OPPOSITION TO
PLAINTIFFS' MOTION TO REMAND**

**NOW INTO COURT,** through undersigned counsel, comes defendant, Gulf Stream Coach, Inc., ("Gulf Stream") and, with a full reservation of rights, files this Supplementary Opposition to Plaintiffs' Motion to Remand.

**I.   Background**

On or about December 29, 2010, the plaintiffs filed a Complaint for Damages entitled *"James Clark, et al. v. Gulf Stream Coach, Inc.,"* bearing Docket Number D-0189039 (the "Complaint"), in the District Court for the County of Jefferson, State of Texas.[1] On or about February 01, 2011, Plaintiffs filed their First Amended Complaint for Damages (the "Amended Complaint") in the same court.[2] Also on February 01, 2011, Gulf Stream properly removed this matter to the Federal Court for the Eastern District of Texas ("the Removal").[3] Gulf Stream filed an Amended Notice of Removal on Feburary 07, 2011.[4] On March 04, 2011, the United States Judicial Panel on Multidistrict Litigation conditionally transferred the case to the Eastern District of Louisiana for inclusion in the ongoing multidistrict litigation entitled *In re: FEMA Trailer*

---

[1]   *See* Case No. 11-0412, Rec. Doc. 1-2.
[2]   *Id.*
[3]   *Id.*
[4]   *See* Case No. 11-0412, Rec. Doc. 1-1.

*Formaldehyde Products Liability Litigation*, MDL docket number 07-1873.[5] Plaintiffs filed a motion to remand in this matter on March 03, 2011, alleging that the Removal was deficient and the Eastern District lacked jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1442(a)(1).

Gulf Stream filed its Original Opposition to Plaintiffs' Motion to Remand on March 23, 2011. On April 15, 2011, Gulf Stream received from Plaintiffs sixteen Department of Justice's Form 95 "Claim for Damage, Injury or Death" ("Form 95"). It is on this basis that Gulf Stream seeks to supplement its Original Opposition.

II. **Despite the general allegation in Plaintiffs' Complaint for Damages that no individual plaintiff seeks over $75,000 in damages and post –removal "Declarations Under Penalty of Perjury" stating the same, sixteen of the eighteen Plaintiffs named specifically alleged to suffer damages far in excess of the jurisdictional requisite of $75,000.00 in their respective Form 95s.**

In their Original Complaint, Plaintiffs attempt to specifically limit their damages by asserting that no individual plaintiff seeks more than $75,000.00, exclusion of interest or costs.[6] Furthermore, Plaintiffs filed their First Amended Petition on February 01, 2011, the same day Gulf Stream filed its removal. Attached as an exhibit to this Amended Complaint were thirteen documents entitled "Declarations under Penalty of Perjury."[7] However, these documents were not sent to the Court until February 02, 2011, one day after the Removal was filed.[8] In these documents, each plaintiff declares that he or she is not seeking damages in excess of $75,000 exclusive of interests or costs.

However, Gulf Stream was recently able to obtain sixteen of the eighteen named Plaintiffs' Form 95s which were submitted to the Federal government in this matter.[9] Form 95

---

[5]  *See* Case No. 11-0412, Rec. Doc. 1-4.
[6]  *See* Case No. 11-0412, Rec. Doc. 1-2.
[7]  *See* "Declarations under Penalty of Perjury," *in globo*, Rec. Doc. #20417-2
[8]  *See* Letter enclosing "Declarations under Penalty of Perjury," date stamped 2/2/11, attached to Gulf Stream's Original Opposition as Exhibit "A."
[9]  To date, Gulf Stream has not received a Form 95 from Plaintiffs, Tameka Newman, Individually, and

asks Plaintiffs to cite, in specific dollar amounts, the amount of damages they seek. All sixteen allege damages far in excess of the jurisdictional requirement under 28 U.S.C. §1332:[10]

> Tameka Newman, on behalf of the estate of Barbara Mayberry, seeks $5,000,000.00 in damages.
> Pauline Francois seeks $500,000.00 in damages.
> Pauline Francois, on behalf of Chelsey Brown, seeks $400,000.00 in damages.
> Pamela Ingram seeks $400,000 in damages
> Pauline Francois, on behalf of Shalea Francois, seeks $350,000.00 in damages.
> Elwood Nixon seeks $350,000.00 in damages.
> Jane C. Moore seeks $300,000.00 in damages.
> Jane C. Moore, on behalf of Charise Moore, seeks $300,000.00 in damages.
> Janice Ford seeks $300,000.00 in damages.
> Ron Ara Ford seeks $300,000.00 in damages.
> Donna F. Langston seeks $300,000.00 in damages.
> James Clark seeks $250,000.00 in damages.
> Ella McDaniel seeks $250,000.00 in damages.
> Ella McDaniel, on behalf of Paige Cane, seeks $250,000.00 in damages.
> Ella McDaniel, on behalf of Timothy Henton, seeks $250,000.00 in damages.
> Sheryl Wilson seeks $250,000.00 in damages.

While Plaintiffs have attempted to avoid jurisdiction under 28 U.S.C. §1332 by submitting general allegations and post-removal "Declarations under Penalty of Perjury" declaring that no individual claim exceeds $75,000.00, the Form 95 submissions of these respective Plaintiffs contradict these assertions. In addition to the numerous reasons cited by Gulf Stream it is Original Opposition, these Form 95s clearly establish that the above-named Plaintiffs value their claims well over the $75,000.00 threshold. Based on this evidence, and the

---

[10] Ophelia Richard
See the Sixteen Form 95s submitted to the Federal Government by plaintiff, attached, *en globo, a*s *Exhibit "A,"*

arguments made in its Original Opposition, Gulf Stream requests that this Honorable Court deny Plaintiffs' Motion to Remand.

                                Respectfully submitted:

                                **DUPLASS, ZWAIN, BOURGEOIS,**
                                **PFISTER & WEINSTOCK**

/s/ Andrew Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)**
**JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291
607 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 522-7100
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2011, a copy of the foregoing Memorandum in Support of Gulf Stream's Opposition to Plaintiffs' Motion to Remand was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

/s/ Andrew Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)**