UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873 |
| | SECTION: N(5) |
| THIS DOCUMENT IS RELATED TO 09-8643, 09-8649, 09-8656, 09-8658, 09-8666 09-8685, 09-8691, 09-8693, 09-8699, | JUDGE ENGELHARDT |
| | MAGISTRATE CHASEZ |

**PRESERVATION OF FEDERAL RULE OF CIVIL PROCEDURE
12(B) DEFENSES BY DEFENDANT, DCRECOVERY SYSTEMS**

**NOW INTO COURT**, through undersigned counsel, comes defendant, DCRecovery Systems ("DCRecovery"), who, pursuant to Pretrial Order 44 (Record Doc. No. 2759), dated August 18, 2009, and without prejudice to DCRecovery's right to file or assert any other permitted pleadings, dispositive motions, or affirmative defenses in any case in which DCRecovery has been made, or subsequently is joined as, a defendant and properly served, submits the following list of defenses pursuant to Federal Rule of Civil Procedure 12(b). DCRecovery submits this Preservation of Defenses in addition to any and all joint defenses, including any Rule 9 and/or Rule 12 defenses submitted by defense liaison counsel in the MDL proceedings:

1. 12(b)(1) – Plaintiffs lack standing.

2. 12(b)(3) – Improper venue as to any plaintiffs who reside outside of the Eastern District of Louisiana.

3. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted against DCRecovery.

4. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted because the claims against DCRecovery are barred by the applicable prescriptive and peremptive periods, statute of limitations, or laches.

5. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted against DCRecovery under the Louisiana Products Liability Act ("LPLA"), as plaintiffs have not and cannot alleged any set of facts that would establish that DCRecovery was a "manufacturer" within the meaning of the LPLA.

6. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted against DCRecovery insofar as DCRecovery was not a "haul and install contractor" and, thus, had no duties related to the transporting and installation of the FEMA Trailers at issue.

7. 12(b)(6) – Plaintiffs fail to state a claim for negligence under Louisiana law.

8. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted because DCRecovery owed no actionable duty to the plaintiffs.

9. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury but rather have generally claimed unspecified current and future injuries.

10. 12(b)(6) – Plaintiffs fail to state a claim a claim upon which relief can be granted to the extent that plaintiffs seek to recover attorneys' fees, which are not recoverable against DCRecovery under Louisiana law, and plaintiffs have not alleged any other theory of liability through which they can recover attorneys' fees against DCRecovery.

11. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint, several, or solidary liability on the named defendants, as Louisiana law does not provide for solidary liability on the facts alleged.

12. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to recover punitive damages under federal or Louisiana law, as such damages are precluded.

13. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded.

14. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiff seek damages for medical monitoring under Louisiana law inasmuch as plaintiffs have not alleged a present and manifest injury.

15. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that it is determined that plaintiffs previously filed and/or have pending another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

16. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted on grounds that DCRecovery is a contractor that performed its work in accordance with the plans and/or specifications of FEMA.

17. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted relating to breach of implied and/or express warranty because those claims are not available to plaintiffs. To the extent they are available, such claims are precluded by the LPLA.

18. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs failed to make any particularized allegations regarding their injuries and damages and failed to make any particularized allegations connecting any particular plaintiff to conduct of DCRecovery.

19. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiff alleges strict liability as there is no basis under Louisiana law for the same.

20. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek compensatory damages as there is no basis for awarding same under the facts alleged in the Complaint(s) and applicable law.

21. 12(b)(6) – Failure to state a claim for loss of consortium and/or society.

22. 12(b)(6) – Failure to state a claim for loss of enjoyment and quality of life.

23. 12(b)(6) – Failure to state a claim for past and future loss of earning capacity.

24. 12(b)(6) – Plaintiffs fail to state a claim upon which relief can be granted because on the face of the pleadings it is clear that plaintiffs knew or should have known of her cause of action more than one year before the referenced action was filed, rendering all claims prescribed under Louisiana law. Plaintiffs are not entitled to

claim any tolling of the applicable prescriptive period as against DCRecovery during the pendency of the putative class action.

Defendant, DCRecovery Systems., hereby adopts and incorporates all filings of applicable items listed in the preservation lists of similarly situated co-defendants in the Multi-District Litigation, 07-1873, and all underlying cases, as well as all applicable Rule 12 and Rule 9 Motions filed by similarly situated co-defendants in the MDL and underlying cases, as if copied herein *in extenso*.

Respectfully submitted,

*/s/ Richard E. King*

**RICHARD E. KING (#25128)**
**DAVID M. MORAGAS (#29633)**
**GALLOWAY, JOHNSON, TOMPKINS,**
    **BURR & SMITH**
701 Poydras Street, Suite 4040
New Orleans, Louisiana  70139
Telephone: (504) 525-6802
Facsimile:  (504) 525-2456
***Counsel for Defendant,***
***DCRecovery Systems***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 19th day of May, 2011, undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

*/s/ Richard E. King*

**RICHARD E. KING**