# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER        \*        MDL. No. 1873

FORMALDEHYDE  PRODUCTS    \*

LIABILITY LITIGATION        \*        Section:  N (5)

                            \*

                            \*        Judge: Engelhardt

This Document Relates To:       \*

*Dillon Parker, Sr.  v. Crum & Forster*    \*        Magistrate: Chasez

*Specialty Ins. Co., et al*        \*

*No:* 09-5257                \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders #s 2 and 32 Relating to Plaintiff Fact Sheets.

### I.       <u>Factual Background</u>

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues.  This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1].  Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3]   The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4]   These deficiency-and-cure procedures were carried over into Pre-Trial Order No. 32.[5]

## II. Law and Argument

1. The Plaintiff Fact Sheet for June Ragas is not signed or dated.[6]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  June Ragas' Plaintiff Fact Sheet left 74 of them blank.[7] Although plaintiff alleges she occupied a FEMA trailer manufactured by Pilgrim

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, p. 5.
[6] See Exhibit A.
[7] See Exhibit A.

International, she does not provide a VIN or FEMA identification number.[8]   Therefore,

Mover is unable to know if it was even correctly sued.   She does not state when she

moved out of the trailer or her reason for doing so.[9]   She fails to state whether or not any

air quality tests have ever been performed on her FEMA trailer.[10]   She does not answer

whether she ever suffered from lung or respiratory disease, infectious disease, long-term

stomach or bowel disease, or skin disease.[11]   She also fails to indicate whether a health

care profession has told her that her alleged illness, disease, or injury is related to living

in a FEMA trailer.[12]   Nor does she identify any medical providers.[13]   Counsel for Mover

drafted a Rule 37 letter on August 19, 2010 to outline the deficiencies.[14]   No response

was received and plaintiff's counsel did not participate in a Rule 37 conference. The

Plaintiff Fact Sheet for June Ragas is incomplete.

2. The Plaintiff Fact Sheet of Dwayne Parker, Sr. on behalf of the minor D.P. is

unsigned and undated.[15]   Counsel for Mover reviewed it and deemed it insufficient.   A

Plaintiff Fact Sheet includes 121 questions to be answered.   D.P.'s Plaintiff Fact Sheet

left 69 of them blank.[16]   Plaintiff does not indicate whether he suffered the type of illness

or disease prior to living in the FEMA trailer or whether the FEMA trailer worsened a

condition he had suffered in the past.[17]   He also does not state whether he is making a

claim for medical expenses or whether he has ever filed a lawsuit or made a claim

---

[8] See Exhibit C.
[9] See Exhibit A.
[10] See Exhibit A.
[11] See Exhibit A.
[12] See Exhibit A.
[13] See Exhibit A.
[14] See Exhibit B.
[15] See Exhibit C.

relating to any sickness or disease in the past.[18]  Furthermore, although plaintiff alleges he occupied a FEMA trailer manufactured by Pilgrim International, he does not provide a VIN or FEMA identification number.[19]  Therefore, Mover is unable to know if it was even correctly sued.  Plaintiff fails to state when he moved out of the FEMA trailer.[20]  He also fails to state whether any air quality tests were ever performed.[21]  He does not answer whether any health care professional has linked his alleged illness, disease, or injury to living in a FEMA trailer and does not identify any medical providers.[22] Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[23]  In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which provided no additional information.[24]  Rather, plaintiff's response to every question is "Will Supplement."[25]  The Plaintiff Fact Sheet for Dwayne Parker, Sr. on behalf of D.P. remains incomplete.

3. Rita Ancar's Plaintiff Fact Sheet is unsigned and undated.[26]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Rita Ancar's Plaintiff Fact Sheet left 82 of them blank.[27]  She does not provide the dates she moved into or out of the FEMA trailer or the reason why she moved

---

[16] See Exhibit C.
[17] See Exhibit C.
[18] See Exhibit C.
[19] See Exhibit C.
[20] See Exhibit C.
[21] See Exhibit C.
[22] See Exhibit C.
[23] See Exhibit D.
[24] See Exhibit E.
[25] See Exhibit E.
[26] See Exhibit F.
[27] See Exhibit F.

out of it.[28]   She does not answer whether any health care professional has linked her alleged illness, disease, or injury to living in a FEMA trailer.[29]  Nor does she identify any medical providers.[30]   Rita Ancar does answer whether she has been diagnosed with cancer since moving into the FEMA trailer.[31] She also does not state whether she is making a claim for medical expenses or lost wages.[32]  She fails to provide her education, employment, or family history.[33]  She fails to state the average number of hours she spent in the trailer each day or whether she ever temporarily lived elsewhere.[34]  She also does not answer whether air quality tests have ever been performed.[35]  Plaintiff does not state whether she has ever suffered from lung or other respiratory disease, infectious disease, long-term stomach or bowel disease, or skin disease.[36]  Counsel for Mover drafted a Rule 37 letter on December 16, 2010 to outline the deficiencies.[37]  No response was received and plaintiff's counsel did not participate in a Rule 37 conference.  The Plaintiff Fact Sheet for Rita Ancar is incomplete.

4. Hebert Ancar's Plaintiff Fact Sheet is unsigned and undated.[38]  Counsel for Mover reviewed it and deemed it insufficient.   A Plaintiff Fact Sheet includes 121 questions to be answered.  Hebert Ancar's Plaintiff Fact Sheet left 85 of them blank.[39] Plaintiff does answer whether he has been diagnosed with cancer since moving into the

---

[28] See Exhibit F.
[29] See Exhibit F.
[30] See Exhibit F.
[31] See Exhibit F.
[32] See Exhibit F.
[33] See Exhibit F.
[34] See Exhibit F.
[35] See Exhibit F.
[36] See Exhibit F.
[37] See Exhibit G.
[38] See Exhibit H.

FEMA trailer.[40]   He also does not state whether he is making a claim for medical expenses or lost wages.[41]   He fails to provide his education, employment, or family history.[42]   He does not state the average number of hours he spent in the trailer each day or whether he ever temporarily lived elsewhere[43].   He also does not answer whether air quality tests have ever been performed.[44]   He does not provide any information regarding his smoking/tobacco use history.[45]   Plaintiff does not state whether he has ever suffered from lung or other respiratory disease, infectious disease, long-term stomach or bowel disease, or skin disease.[46]   Finally, he does not answer whether any health care professional has linked his alleged illness, disease, or injury to living in a FEMA trailer, and he does not identify any medical providers.[47]   Counsel for Mover drafted a Rule 37 letter on December 16, 2010 to outline the deficiencies.[48]   No response was received and plaintiff's counsel did not participate in a Rule 37 conference.   The Plaintiff Fact Sheet for Hebert Ancar is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[49] Specifically, Rule 41(b) states: "For failure of the plaintiff to

---

[39] See Exhibit H.
[40] See Exhibit H.
[41] See Exhibit H.
[42] See Exhibit H.
[43] See Exhibit H.
[44] See Exhibit H.
[45] See Exhibit H.
[46] See Exhibit H.
[47] See Exhibit H.
[48] See Exhibit I.
[49] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.

prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[50]    Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

---

[50] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

### III.    Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *June Ragas, Dwayne Parker, Sr. on behalf of D.P., Rita Ancar and Hebert Ancar,* with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS  18th   DAY OF   May  , 2011..

_____/s Eric B. Berger_____