IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Swanica Nero v. Pilgrim* | * | Magistrate: Chasez |
| *International, Inc., et al* | * | |
| *No: 09-4730* | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders #s 2 and 32 Relating to Plaintiff Fact Sheets.

I. Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3]  The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4]  These deficiency-and-cure procedures were carried over into Pre-Trial Order No. 32.[5]

## II.   Law and Argument

1. The Plaintiff Fact Sheet of Brandi Saunders on behalf of D.G. was not signed or dated.[6]  Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. This Plaintiff Fact Sheet left 58 of them blank.[7] A "key" omission is that this Plaintiff Fact Sheet fails to answer whether any health care professional has linked his alleged illness, disease, or injury to living in a FEMA trailer

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, p. 5.

and does not identify any medical providers.[8] Plaintiff does not state whether he is making a claim for medical expenses or mental and emotional damages.[9] He fails to state the reason why he stopped living in the FEMA trailer.[10] He also fails to state whether he ever temporarily lived elsewhere or whether air quality tests were performed.[11] Plaintiff does not answer whether he has ever suffered from lung or other respiratory disease, infectious disease, long-term stomach or bowel disease, or skin disease.[12] Counsel for Mover drafted a Rule 37 letter on May 26, 2010 to outline the deficiencies.[13] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Brandi Saunders on behalf of D.G. is incomplete.

   2. The Plaintiff Fact Sheet for Brandy Kellum on behalf of G.R. was unsigned and undated.[14] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. G.R.'s Plaintiff Fact Sheet left 57 of them blank.[15] A "key" deficiency is that this Plaintiff Fact Sheet identifies multiple trailers but only provides one move-in date and one move-out date.[16] This is insufficient. Defendant is entitled to know when plaintiff occupied the trailer manufactured by Pilgrim International. Counsel for Mover drafted a Rule 37 letter on December 22, 2010 to

---

[6] See Exhibit A.
[7] See Exhibit A.
[8] See Exhibit A.
[9] See Exhibit A.
[10] See Exhibit A.
[11] See Exhibit A.
[12] See Exhibit A.
[13] See Exhibit B.
[14] See Exhibit C.
[15] See Exhibit C.
[16] See Exhibits C and E.

outline the deficiencies.[17]  In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which still left 39 blanks and did not cure the deficiency regarding move-in and move-out dates.[18]  Plaintiff does not state whether he is making a claim for medical expenses or mental or emotional damages.[19]   Plaintiff does not state the reason why he stopped living in the FEMA trailer or if he ever temporarily lived elsewhere.[20]  He also does not indicate whether air quality tests were performed.[21]  The Plaintiff Fact Sheet for Brandy Kellum on behalf of G.R. is incomplete.

       3. Enchanti Vaultz's Plaintiff Fact Sheet is dated October 11, 2008.[22]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Enchanti Vaultz's Plaintiff Fact Sheet left 69 of them blank.[23] Counsel for Mover drafted a Rule 37 letter on December 22, 2010 to outline the deficiencies.[24]  In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which still left 65 blanks or provided insufficient responses.[25] Furthermore, 30 of the Deficiency Answers that were provided state, "I do not recall…"[26] For example, in response to number 90 on the Rule 37 letter[27], which asks whether plaintiff was pregnant during the time she resided in a FEMA trailer or mobile home, Plaintiff states: "I do not recall if I was pregnant while I resided in the FEMA trailer.  If I

---

[17] See Exhibit D.
[18] See Exhibit E.
[19] See Exhibits C and E.
[20] See Exhibits C and E.
[21] See Exhibits C and E.
[22] See Exhibit F.
[23] See Exhibit F.
[24] See Exhibit G.
[25] See Exhibit H.
[26] See Exhibit H.
[27] See Exhibit G.

remember or if in the course of researching the claim, my attorney finds the information, a supplemental response will be provided."[28]  Plaintiff does not state whether she is making a claim for medical expenses or mental or emotional damages.[29]  She does not provide any family, education, or employment history.[30]  Plaintiff does not state the reason why she stopped living in the FEMA trailer or if she ever temporarily lived elsewhere.[31]  She also does not indicate whether air quality tests were performed.[32]  The Plaintiff Fact Sheet for Enchanti Vaultz is incomplete.

4.  The Plaintiff Fact Sheet for Lloyd Williams is unsigned and undated.[33] Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Lloyd Williams' Plaintiff Fact Sheet left 64 of them blank.[34]  Most notably, he fails to provide the move-in/move-out dates.[35]  Counsel for Mover drafted a Rule 37 letter on December 22, 2010 to outline the deficiencies.[36]  In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which provides no additional information.[37]  The Deficiency Answers are either blank or state, "I do not recall…"[38]  Plaintiff does not state whether he is making a claim for mental or emotional damages.[39]  He does not state the reason he stopped living the

---

[28] See Exhibit H.
[29] See Exhibits F and H.
[30] See Exhibits F and H.
[31] See Exhibits F and H.
[32] See Exhibits F and H.
[33] See Exhibit I.
[34] See Exhibit I.
[35] See Exhibits I and K.
[36] See Exhibit J.
[37] See Exhibit K.
[38] See Exhibit K.
[39] See Exhibits I and K.

FEMA trailer or whether he ever temporarily lived elsewhere.[40] Plaintiff does not state whether air quality tests were performed.[41] Plaintiff does not answer whether he has ever suffered from lung or other respiratory disease, infectious disease, long-term stomach or bowel disease, or skin disease.[42] The Plaintiff Fact Sheet for Lloyd Williams is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[43][44] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[45] Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

---

[40] See Exhibits I and K.
[41] See Exhibits I and K.
[42] See Exhibits I and K.
[43] See Exhibits I and K.
[44] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.
[45] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without this simulated discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Brandi Saunders on behalf of D.G., Brandy Kellum on behalf of G.R., Enchanti Vaultz, and Lloyd Williams*, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __18th__ DAY OF __May__, 2011..

_____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290