UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 |
| | | SECTION: N (5) |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| Docket No 11-413 Gerald Watson, et al v. Heartland Recreational Vehicles, LLC.; | * * | MAG. JUDGE: CHASEZ |

**********************************************************************

## HEARTLAND RECREATIONAL VEHICLES LLC'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, comes defendant, Heartland Recreational Vehicles, L.L.C., ("Heartland") and, with a full reservation of rights, files this Supplementary Opposition to Plaintiffs' Motion to Remand.

### I. Background

On or about December 29, 2010, the plaintiffs Gerald Watson, Sr. and Gloria Watson filed a Petition for Damages entitled *"Gerald Watson, Sr., et al. v. Heartland Recreational Vehicles, LLC.,"* bearing Docket Number D-189-038 (the "Petition"), in the 136th District Court for the County of Jefferson, State of Texas.[1]

On February 1, 2011, Heartland filed its Notice of Removal in the Beaumont Division of the United States District Court for the Eastern District of Texas.[2]

A few hours before Heartland filed its Notice of Removal on February 1, 2011 and unbeknownst to Heartland's counsel despite his office's ongoing communications with the Clerk

---

[1] See USDC-ED-LA, # 11-413, Rec. Doc. 1-2
[2] See USDC-ED-LA, # 11-413, Rec. Docs. 1-1 and 1-3; See USDC-ED-TX, Beaumont Division, # 11-052, Rec. Doc. 1

1

of Court for the 136th District Court for the County of Jefferson, Texas, throughout the day of February 1, 2011, plaintiffs filed Plaintiffs' Amended Petition in the Texas State Court action. Details of these communications are further specified in Heartland's Supplemental Notice of Removal. Although the Amended Petition was filed prior to Defendant's Notice of Removal, the Declarations referenced therein were not filed until the following day.[3]

On February 18, 2011, the United States Judicial Panel on Multidistrict Litigation conditionally transferred this case to the Eastern District of Louisiana for inclusion in the ongoing multi-district litigation entitled, *In re: FEMA Trailer Formaldehyde Products Liability Litigation*, MDL docket number 07-1873. On March 4, 2011, Plaintiffs filed a Motion to Remand, attaching the post-removal declarations, with this Court.[4]

Heartland filed its Original Opposition to Plaintiffs' Motion to Remand on March 22, 2011.[5] After Heartland filed its Original Opposition, Heartland received the Plaintiff Fact Sheets for the individuals named in the *Watson* suit. Then, on April 15, 2011, Heartland received from Plaintiffs two Department of Justice's Form 95 "Claim for Damage, Injury or Death" ("Form 95") completed by the *Watson* plaintiffs. It is for the purpose of including the aforementioned documents that Heartland seeks to supplement its Original Opposition.

    **II. Despite the general allegation in Plaintiffs' Complaint for Damages that no individual plaintiff seeks over $75,000 in damages and post –removal "Declarations Under Penalty of Perjury" stating the same, both of the Plaintiffs named specifically alleged to suffer damages far in excess of the jurisdictional requisite of $75,000.00 in their respective Form 95s.**

In their Original Complaint, Plaintiffs attempt to specifically limit their damages by asserting that no individual plaintiff seeks more than $75,000.00, exclusive of interest or costs.[6]

---

[3] See MDL 07-1873 Rec. Doc. 20592, Exhibit 1
[4] MDL 07-1873, Rec. Doc. 20446
[5] MDL 07-1873, Rec. Doc 20596
[6] MDL 07-1873 Rec. Doc. 20592, Exhibit 2

2

Furthermore, Plaintiffs filed their First Amended Petition on February 01, 2011, the same day Heartland filed its removal.[7] Attached as an exhibit to this Amended Complaint were two documents entitled "Declarations under Penalty of Perjury." However, these documents were not sent to the Court until February 02, 2011, one day after the Removal was filed. On March 4, 2011, Plaintiff filed a Motion to Remand, attaching the post-removal declarations in which each plaintiff declares that he or she is not seeking damages in excess of $75,000 exclusive of interests or costs.[8]

Heartland was recently able to obtain the Plaintiffs' Form 95s which were submitted to the Federal government in this matter. Form 95 asks Plaintiffs to cite, in specific dollar amounts, the amount of damages they seek. Both allege damages far in excess of the jurisdictional requirement under 28 U.S.C. §1332:

> Gerald Watson Sr. seeks $300,000.00 in damages. (Exhibit 1)
> Gloria J. Watson, seeks $450,000.00 in damages. (Exhibit 2)

While Plaintiffs have attempted to avoid jurisdiction under 28 U.S.C. §1332 by submitting general allegations and post-removal "Declarations under Penalty of Perjury" declaring that no individual claim exceeds $75,000.00, the Form 95 submissions of these respective Plaintiffs contradict these assertions. In addition to the numerous reasons cited by Heartland it is Original Opposition, these Form 95s clearly establish that the above-named Plaintiffs value their claims well over the $75,000.00 threshold.

### III. Based on the injuries complained of by Plaintiffs in their Plaintiff Fact Sheets, it is clear that Plaintiffs are alleging damages in excess of $75,000.

Heartland received the unsigned Plaintiff Fact Sheets of Gerald and Gloria Watson, the only plaintiffs in the *Watson* case. (Exhibits 3 and 4) In their PFS, plaintiffs claimed a variety of

---

[7] MDL 07-1873 Rec. Doc 20592, Exhibit 3
[8] MDL 07-1873, Rec. Doc. 20446

serious illnesses which provide further indications that their claims are potentially worth more than $75,000. Gerald and Gloria Watson both claimed to have suffered bronchitis, laryngitis, pneumonia, upper respiratory tract infections, pulmonary edema, asthma attacks for the first time in their life, allergies for the first time in their life, allergic contact dermatitis, unconsciousness, low blood pressure, hypothermia, abnormal laboratory tests on blood and abnormal laboratory tests on urine in addition to the typical irritation related complaints such as irritation to eyes, nose, skin and throat, breathing difficulties and nausea. The number and significance of these allegations makes it clear that Plaintiffs are alleging damages in excess of $75,000.

## IV. Conclusion.

Based on this evidence, and the arguments made in its Original Opposition, Heartland requests that this Honorable Court deny Plaintiffs' Motion to Remand.

Respectfully submitted,

**ALLEN & GOOCH**

*/s/ Brent M. Maggio*
BRENT M. MAGGIO, T.A., # 19959
MARK W. VERRET, #23583
LORI D. BARKER, # 31687
SCOTT F. DAVIS, # 26013
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
***Attorneys for Heartland Recreational Vehicles, LLC.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 20th day of May, 2011, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and, it will be emailed to all Liaison Counsel, Government Counsel, and counsel for the above-captioned plaintiff.

/s/ Brent M. Maggio
BRENT M. MAGGIO
