# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**MDL NO. 1873**

IN RE: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

**JUDGE ENGELHARDT**

This document relates to:
*Brazzle*, No. 11-420

**MAG. JUDGE CHASEZ**

## SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant, Dutchmen Manufacturing, Inc. ("Dutchmen") submits this supplemental memorandum in support of its original opposition to the Plaintiffs' Motion to Remand.[1]

## I.    Background

The plaintiffs filed this action in Texas state court on December 29, 2010. The petition was styled as "*Albert Brazzle, Ingrid Brazzle, Individually and As Next Friend Of G.B., Thedis Colley, Individually, and As Representative Of The Estate Of Wesley Cooley, and Roshanda Webb-Johnson, And As Next Friend Of B.B., B.B., R.J., R.J., and R.W.*," Cause No. D-189-041, 136th Judicial District Court, Jefferson County, Texas.  Dutchmen removed the action on February 1, 2011 and filed an

---

[1] *See* Rec. Doc. Nos. 20603.

{B0730092.1}              1

amended notice of removal on February 17, 2011.[2]   The MDL panel transferred this action to this Court on March 4, 2011.

Plaintiffs have filed a motion to remand alleging that the removal was deficient and that this Court lacks jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1442(a)(1).[3]

Recently, Dutchmen received a Form SF-95 (the federal government form titled "Claim for Damage, Injury or Death") completed by four of the five named plaintiffs in this action. These forms further support Dutchmen's position on the pending motion to remand and demonstrate another reason why federal subject matter jurisdiction exists.  Dutchmen has attached the Form 95's as exhibits to this memorandum.[4]

## II.   Plaintiffs' Form 95's further demonstrate that plaintiffs, despite their allegations, seek more than $75,000 in recovery against Dutchmen.

In their Original Complaint, Plaintiffs attempt to specifically limit their damages by asserting that no individual plaintiff seeks more than $75,000.00,

---

[2] The sole purpose of the amendment was to add an additional exhibit to Dutchmen's filing—an amended state court petition that plaintiffs filed a few hours before Dutchmen removed the action, but that Dutchmen didn't learn of until after the initial notice of removal was filed.  *See* Amended Notice of Removal, p. 1 (Docket No. 11-420, Rec. Doc. No. 1).

[3] *See* Rec. Doc. No. 20438.

[4] *See* Exhibit "1" (Form 95 for Albert Brazzle) and Exhibit "2" (Form 95 for Ingrid Brazzle), Exhibit "3" (Form 95 for Thedis Cooley) and Exhibit "4" (Form 95 for Wesley Cooley).

exclusive of interest or costs.[5]   As further attempt to avoid jurisdiction, Plaintiffs

filed a First Amended Petition on February 01, 2011, the same day Dutchmen filed

its removal, and attached four documents entitled "Declarations under Penalty of

Perjury."[6] In these documents, each plaintiff declares that he or she is not seeking

damages in excess of $75,000 exclusive of interests or costs. As discussed in

Dutchmen's initial opposition, these Declarations are not proper and do not justify

remand.[7]

Since filing its initial opposition, Dutchmen obtained copies of Form 95's for

four of the five named plaintiffs in this lawsuit.  The Form 95 asks Plaintiffs to

state, in specific dollar amounts, the amount of damages they seek from the United

States Government based on their alleged exposure to formaldehyde in their

FEMA-supplied travel trailer.

Tellingly, each of the plaintiffs here seek damages far in excess of the Court's

jurisdictional threshold under 28 U.S.C. §1332:

➢ Albert Brazzle sought $250,000 in damages (Exhibit "1");

➢ Ingrid Brazzle sought $300,000 in damages (Exhibit "2");

➢ Thedis Cooley sought $300,000 in damages (Exhibit "3"); and

➢ Wesley Cooley (by Thedis Cooley as representative) sought $2,500,000 in

damages (Exhibit "4").

---

[5] *See* Docket No. 11-420, Rec. Doc. No. 1, Attachments.

[6] *See* "Declarations under Penalty of Perjury," Rec. Doc. No. 20415-1
(deficient Motion to Remand).

[7] *See* Rec. Doc. No. 20603, p. 15-19.

{B0730092.1}                                         3

Each plaintiff attached a "rider" to the Form 95's, further explaining the nature of their claims and clearly identifying formaldehyde exposure as cause for their injuries.  These are the same claims that plaintiffs assert against Dutchmen. In addition, all four plaintiffs signed their Form 95's under penalty of civil and criminal sanctions for making false claims.

While Plaintiffs have attempted to avoid jurisdiction under 28 U.S.C. §1332 by submitting general allegations and post-removal "Declarations under Penalty of Perjury" declaring that no individual claim exceeds $75,000.00, the Form 95 submissions for these Plaintiffs tell the true story.  Both plaintiffs seek far more than $75,000 in damages, and thus, on the Form 95's alone, this Court should deny the plaintiffs' motion to remand.

Therefore, for the reasons set forth in this memorandum, the evidence submitted, and the additional reasons set out in its original memorandum, Dutchmen requests that the Court deny the plaintiffs' motion to remand and request for attorney's fees and costs.

Respectfully submitted,

s/ Ryan E. Johnson
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080

Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Dutchmen Manufacturing, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 20th day of May, 2011.

*s/Ryan E. Johnson*

_____

Ryan E. Johnson