| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>Federal Emergency Management Agency<br>Office of the General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Thedis Cooley as representative of the estate of Wesley Cooley.<br>See attached. | |
| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>04-05-28 | 5. MARITAL STATUS<br>married | 6. DATE AND DAY OF ACCIDENT<br>See attached rider. | 7. TIME (A.M. OR P.M.)<br>See attached rider. |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See attached rider.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Trailer provided by FEMA. Exact ownership unknown.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

No damage to property so not applicable.

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See attached rider.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See attached. | See attached. |

12. AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| 0 | 2,500,000.00 | 2,500,000.00 | 5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form (409) 762-5393 | 14. DATE OF SIGNATURE 12/17/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109   NSN 7540-00-634-4046   STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT 4

| INSURANCE COVERAGE | | |
|---|---|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. | | |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No<br><br>N/A | | |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐Yes ☐No<br><br>N/A | | 17. If deductible, state amount.<br><br>N/A |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)<br><br>N/A | | |
| 19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No<br><br>N/A | | |

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in Item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in Item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

Thedis Cooley as representative of the estate of Wesley Cooley, deceased.

**(2) Address at time of death:**

4610 S. Robertson
New Orleans, Louisiana 70115

**(2) Address of representative:**

2038 10th St.
Port Neches, Louisiana 77651

**(2) Personal Representative:**
 a. Anthony G. Buzbee
   THE BUZBEE LAW FIRM
   104 21st St.
   Galveston, TX 77550

**(11) Witnesses:**

Thedis Cooley
4610 S. Robertson
New Orleans, Louisiana 70115

Dr. James Shepard
Dr. Srinivasa R. Rao-Kothapalli
2501 Jimmy Johnson Blvd. Ste. 501
Port Arther, Texas 77640
(409) 724-7389

The Medical Center of Southeast Texas
Medical Professionals
2555 Jimmy Johnson Boulevard
Port Arthur, Texas 77640
(409) 724-7389

RIDER

6. Claimant became aware of the potential exposure within the last two years. The exact date that the claimant first became ill is unknown, but was sometime after January 1, 2006.

8. Claimant moved into a trailer provided by FEMA sometime around December 2005 and lived there until his August 2006. Claimant then passed away March 31, 2007. The trailer was located at 2005 10th St., Port Neches, Louisiana 77651.

The United States of America (U.S.), through its agencies, including but not limited the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and it agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and or implied warranties of habitability and fitness. The U.S. and its agencies , including but not limited to FEMA, failed to properly monitor the manufacturing process of the trailer housing units to insure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general concealed knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant. The U.S. through its agencies including but not limited to FEMA, has engaged in a concerted effort to "cover up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC Section 1983 and all applicable local, state and federal statues or ordinances which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and it agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

Cooley, Wesley Junior (deceased)

10. The claimant suffered from tearing of the eyes, burning of the eyes, sinus infections, throat irritation, hoarseness, headaches, dizziness, abdominal pain, diarrhea, persistent cough, wheezing, shortness of breath of breath, low blood pressure, emotional distress, and fear of illness, including cancer. According to his death certificate the claimant passed away from Cardiopulmonary Arrest, due to complications of Myocardial Infarction, which was caused by Congestive Cardiomyopathy. The foregoing was a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant suffered from fear, anxiety and distress because of the risk of latent and/or future disease and death resulting from the exposure. Claimant is claiming damages for funeral expenses, end of life damages, and loss of consortium. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities set forth in #8 (SUPRA).

Cooley, Wesley Junior (deceased)

## CONTRACT ADDENDUM

I, on behalf of myself and as representative of any minors listed below, hereby employ GUERRA & MOORE AND THE BUZBEE LAW FIRM ("Attorneys") as my attorneys to prosecute and collect on any and all claims I may have against the Federal Emergency Management Agency ("FEMA") pertaining to my living in a travel trailer provided by FEMA.

As compensation for the services to be provided by my Attorneys in the prosecution of my claims against FEMA, I hereby assign to them an undivided interest in my individual monetary recovery against FEMA, as follows: 20 percent of the award (if the claim is resolved administratively) and 25 percent of the award (if the claim is resolved in a judicial proceeding) of any monetary recovery, plus reimbursement of all litigation expenses incurred, as set forth in my contract with Attorneys.

This does not alter or change the terms of my contract with Attorneys relating to my retention of them and granting of a contingent interest in my claims against other parties, aside from FEMA, and I hereby reaffirm my POWER OF ATTORNEY AND CONTRACT OF EMPLOYMENT with Attorneys.

Signature: _Thedis Cooley_
(As representative of the estate of Wesley Cooley)

Printed name: Thedis Cooley

Date: 10-24-08

Address: 2005 10 St
Port Neches, TX 77651

Telephone # 409 721-5271

If on behalf of minors, list minor(s)'s names.

_____

_____

**AGREED:**

_____
On behalf of Attorneys