UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: FEMA TRAILER<br>　　　FORMALDEHYDE PRODUCTS<br>　　　LIABILITY LITIGATION | MDL NO. 1873<br><br>JUDGE ENGELHARDT |
| **This document relates to:**<br>*Franks*, No. 11-416 | MAG. JUDGE CHASEZ |

### SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant, DS Corp, d/b/a CrossRoads RV ("CrossRoads"), submits this supplemental memorandum in support of its original opposition to the Plaintiffs' Motion to Remand.[1]

I.     Background

The plaintiffs filed this action in Texas state court on December 29, 2010. The petition was styled "*Lisa Franks and Calvin Arnold, Individually and as Next Friend of C.A. v. DS Corp, d/b/a CrossRoads RV,*" Cause No. B189-033, in the 60th Judicial District, Jefferson County, Texas. CrossRoads removed the action on February 1, 2011 and filed an amended notice of removal on February 17, 2011.[2]

---

[1] *See* Rec. Doc. Nos. 20602. The Plaintiffs' Motion to Remand is Rec. Doc. No. 20437.

[2] The sole purpose of the amendment was to add an additional exhibit to CrossRoads' filing—an amended state court petition that plaintiffs filed a few hours

1

B0730033.1

The MDL panel transferred this action to this Court on February 23, 2011.

Plaintiffs have filed a motion to remand, alleging that the removal was deficient and that this Court lacks jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1442(a)(1).[3]

Recently, CrossRoads has received a Form SF-95 (the federal government form entitled "Claim for Damage, Injury or Death") for both of the named plaintiffs in this action. These forms further support CrossRoads' position on the pending motion to remand and demonstrate another reason why federal subject matter jurisdiction exists.  CrossRoads has attached the two Form 95's as exhibits to this memorandum.[4]

II.     **Plaintiffs' Form 95's further demonstrate that plaintiffs, despite their allegations, seek more than $75,000 in recovery against CrossRoads.**

In their Original Complaint, Plaintiffs attempt to specifically limit their damages by asserting that no individual plaintiff seeks more than $75,000.00, exclusive of interest or costs.[5]   As a further attempt to avoid jurisdiction, Plaintiffs filed a First Amended Petition on February 01, 2011, the same day CrossRoads filed its removal, and attached two documents entitled "Declarations under Penalty

---

before CrossRoads removed the action, but that CrossRoads didn't learn of until after the initial notice of removal was filed.  See Amended Notice of Removal, p. 1 (Docket No. 11-416, Rec. Doc. No. 1).

[3] See Rec. Doc. No. 20420.

[4] See Exhibit "1" (Form 95 for Lisa Franks) and Exhibit "2" (Form 95 for Calvin Arnold).

[5] See Docket No. 11-416, Rec. Doc. No. 1, Attachment 3.

2

of Perjury."[6] In these documents, each plaintiff declares that he or she is not seeking damages in excess of $75,000 exclusive of interests or costs. As discussed in CrossRoads' initial opposition, these Declarations are not proper and do not justify remand.[7]

Since filing its initial opposition, CrossRoads obtained copies of Form 95's for each of the named plaintiffs in this lawsuit. The Form 95 asks Plaintiffs to state, in specific dollar amounts, the amount of damages they seek from the United States Government based on their alleged exposure to formaldehyde in their FEMA-supplied travel trailer. Tellingly, both plaintiffs here seek damages far in excess of the Court's jurisdictional threshold under 28 U.S.C.§ 1332. Plaintiff Lisa Franks sought $350,000 in damages and Plaintiff Calvin Arnold sought $300,000 in damages.[8] They each attached "riders" to the Form 95's, further explaining the nature of their claims and clearly identifying formaldehyde exposure as the cause for their injuries. These are the same claims that plaintiffs assert against CrossRoads. In addition, both plaintiffs signed their Form 95's under penalty of civil and criminal sanctions for making false claims.

While Plaintiffs have attempted to avoid jurisdiction under 28 U.S.C. §1332 by submitting general allegations and post-removal "Declarations under Penalty of Perjury" declaring that no individual claim exceeds $75,000.00, the Form 95

---

[6] *See* "Declarations under Penalty of Perjury," Rec. Doc. No. 20415-1.

[7] *See* Rec. Doc. No. 20602, p. 15-19.

[8] *See* Exhibits "1" and "2."

3

submissions by these Plaintiffs tell the true story. Both plaintiffs seek far more than $75,000 in damages, and thus, on the Form 95's alone, this Court should deny the plaintiffs' motion to remand.

Therefore, for the reasons set forth in this memorandum, the evidence submitted, and the additional reasons set out in its original memorandum, CrossRoads requests that the Court deny the plaintiffs' motion to remand and request for attorney's fees and costs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080

-and-

Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for DS Corp, d/b/a CrossRoads RV***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 20th day of May, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson

5

B0730033.1