UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE | * | |
|       PRODUCTS LIABILITY | * | |
|       LITIGATION | * | SECTION: N(5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| | * | MAG: CHASEZ |

THIS PLEADING APPLIES TO:

*Paula Gonzales English, et al., v.*
*American Camper Manufacturing, et al; 10-4112;*
*Earl Norman, et al., v.*
*Dutchmen Manufacturing, Inc., et al; 10-4408;*
*Sharren Taylor, et al., v.*
*Bechtel National, Inc., et al; 10-4129;*
*Nathaniel Levy, et al., v.*
*ABC Manufacturing Co., et al; 09-8436;*
*Adelliny Dison, et al., v.*
*ABC Manufacturing Co., et al; 10-3627;*
*Louis Ussin, et al., v.*
*ABC Manufacturing Co., et al; 10-3631; and*
*Anthony Tasker, et al., v.*
*ABC Manufacturing Co., et al; 10-3633*          *

************************************************************************

## CONTRACTOR DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFFS MOTION FOR NEW TRIAL AND/OR RECONSIDERATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(a)(b)(c)

Contractor defendants Bechtel National, Inc. ("Bechtel"), Fluor Enterprises, Inc. ("FEI"), Shaw Environmental, Inc. ("Shaw") and CH2M HILL Constructors, Inc.

("CH2M HILL," and collectively with Bechtel, FEI and Shaw, "Contractors") jointly file this response to the motion for new trial and/or reconsideration pursuant to federal rule of civil procedure 60(a)(b)(c), [Rec. Doc. 20894] (the "Rule 60 Motion"), filed in the individual civil actions captioned above (the "Dismissed Cases"). While the Contractors do not oppose the essential relief sought by plaintiffs in the Dismissed Cases, namely, reinstatement of their cases, at least as to the Contractors, the Contractors file this response memorandum:  (1) to clarify two factual misstatements or ambiguities in the plaintiffs' memorandum in support of the Rule 60 Motion [Rec. Doc. 20894-1]; (2) to point out that plaintiffs have utterly failed to present any evidence to support relief from the judgment in question pursuant to Fed.R.Civ.P. 60(b)(3); and (3) to make clear that Contractors do not, by their lack of opposition to the Rule 60 Motion, concede that plaintiffs' *allegations* that Contractors installed the trailers in question are correct.

The Dismissed Actions were terminated by judgments earlier this year during the process of clearing the docket of hundreds of so-called unmatched "holding actions" that the MDL plaintiffs had filed. Contractors concede—and would have confirmed same to plaintiffs' counsel if counsel had conferred with Contractors' counsel, seeking consent, prior to filing this motion—that the Dismissed Actions were incorrectly dismissed *as to the Contractors.*

In the *English (10-4112)* and *Norman (10-4408)* cases, Contractors take no position on whether the cases were properly dismissed as to the named manufacturers. In the *Taylor (10-4129), Levy (09-8436), Dison (10-3627), Ussin (10-3631)* and *Tasker (10-3633)* civil actions, however, Contractors believe that the dismissals were appropriate as to the unidentified defendants, *i.e.,* "DEF," an unidentified installer in

the *Taylor* case, and "ABC Manufacturing Co.," unidentified manufacturers in each of the *Levy, Dison, Ussin* and *Tasker* cases. It appears that the presence of these unidentified parties defendant may have been the reason for the erroneous dismissal of these entire actions, including against the Contractors. Nevertheless, the plaintiffs in each of the Dismissed Actions *allege* that a single Contractor installed the plaintiffs' trailer and, therefore, subject to a reservation of all defenses, including but not limited to the factual defense that the identified Contractor did not install the trailers in question, the Dismissed Actions were improperly dismissed *as to the Contractors.*

In the Rule 60 Motion, however, plaintiffs state that they are seeking relief from the "Order of Dismissal signed January 19, 2011, and entered on February 2, 2011," [Memo in Support, Rec. Doc. 20894-1 at 1], but cite to no record document by number. This reference is ambiguous. Contractors are aware of no such order. Rather, the *English, Norman* and *Taylor* cases were dismissed by the order dated and filed on January 19, 2011 [Rec. Doc. 19856] and the *Levy, Dison, Ussin* and *Tasker* matters were dismissed by order dated and filed on January 24, 2011 [Rec. Doc. 19899]. Contractors submit that these are the orders that should be amended, should the Court grant plaintiffs' Rule 60 Motion, but solely to the extent that they dismiss Contractors from the Dismissed Actions and with a reservation of all rights and defenses of Contractors.

In addition to the foregoing ambiguity, at footnote 2 of plaintiffs' memorandum in support of the Rule 60 Motion [Rec. Doc. 20894-1 at 5], plaintiffs state that FEI is named as a defendant installer in the *Dison* and *Levy* matters. That is only partially correct. FEI is the named installer only in the *Dison* case. Plaintiffs name Shaw as the installer in the *Levy* civil action.

Finally, while taking no position on whether plaintiffs qualify for relief under any other provisions of Fed.R.Civ.P. 60, plaintiffs' Rule 60 Motion utterly fails to establish entitlement to relief under Fed.R.Civ.P 60(b)(3) for "fraud, misrepresentation or misconduct by an adverse party." Relief under this provision requires proof of fraud, misrepresentation or misconduct by clear and convincing evidence. *Government Fin. Servs. One, Ltd. Partnership v. Peyton Place,* 62 F.3d 767, 772 (5th Cir. 1995). Plaintiffs have offered no proof whatsoever with their Rule 60 Motion, much less clear and convincing proof of fraud, misrepresentation or misconduct by Contractors. Contractors note that these dismissals occurred during a few days in January when the Court dismissed hundreds of actions, and when Contractors and the manufacturing defendants agreed to delete many actions from their motions to dismiss upon request of and consultation with many plaintiffs' counsel. Plaintiffs in the Dismissed Actions filed not one, but two oppositions [Rec. Docs. 19085 and 19572] to Contractors' motion to dismiss—which had simply adopted the manufacturing defendants' motion to dismiss— and failed to note these errors, no doubt due to the propriety of dismissing the unidentified defendants. In light of plaintiffs' own neglect in catching these errors apparent on the face of pleadings during the course of preparing two oppositions, plaintiffs, who did not even bother to seek consent before filing this motion, should be more judicious in accusing opposing parties of fraud.

Nevertheless, should the Court be inclined to grant plaintiffs' Rule 60 Motion, Contractors concede that, subject to a reservation of all defenses, Rec. Doc. 19856 may properly be amended solely to the extent that it dismissed Bechtel from the *English (10-4112), Norman (10-4408)* and *Taylor (10-4129)* civil actions. Further, and subject to the

same reservation, Rec. Doc. 19899 may properly be amended solely to the extent that it dismissed Shaw from the *Levy (09-8436)* and *Ussin (10-3631)* matters, FEI from the *Disson (10-3627)* matter, and CH2M HILL from the *Tasker (10-3633)* case.

        Respectfully submitted,

        MIDDLEBERG, RIDDLE & GIANNA

        /s/ Charles *R. Penot Jr.*
        Charles R. Penot, Jr. (La. Bar No. 1530 &
        Tx. Bar No. 24062455)  **T.A.**
        717 North Harwood, Suite 2400
        Dallas, Texas 75201
        Telephone: (214) 220-6334
        Facsimile:  (214) 220-6807

            -and-

        Dominic J. Gianna, La. Bar No. 6063
        Sarah A. Lowman, La. Bar No. 18311
        201 St. Charles Avenue, Suite 3100
        New Orleans, Louisiana 70170
        Telephone: (504) 525-7200
        Facsimile: (504) 581-5983

            -and-

        Richard A. Sherburne, Jr., La. Bar No. 2106
        450 Laurel Street, Suite 1101
        Baton Rouge, Louisiana 70801
        Telephone: (225) 381-7700
        Facsimile: (225) 381-7730

        **ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, PC


     /s/ M. David Kurtz
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR SHAW ENVIRONMENTAL, INC.**


BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, PC


     /s/ Gerardo R. Barrios
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350
WADE M. BASS (La. Bar No.29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA 70471
Telephone: (985) 819-8400
Facsimile: (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

**FRILOT L.L.C.**

_____/s/ John J. Hainkel, III_____
JOHN J. HAINKEL, III - La. Bar No. 18246
A.J. KROUSE - La. Bar No. 14426
PETER R. TAFARO - La. Bar No. 28776
3700 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8100

**ATTORNEYS FOR BECHTEL NATIOANL, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24 2011, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all counsel of record, including court-appointed liaison counsel, who are CM/ECF participants.

_____/s/ Charles R. Penot, Jr._____

4825-9647-3609, v. 1