UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                          SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member case no. 11-420

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 20438). This motion is opposed by Defendant Dutchmen Manufacturing, Inc. ("Dutchmen"). (See Rec. Docs. 20603 and 21621). After considering the memoranda of the parties and the applicable law, the Court denies this motion.

### I.     BACKGROUND

On December 29, 2010, Plaintiffs filed suit against Dutchmen in the 136th Judicial District, Jefferson County, Texas. On February 1, 2011, Dutchmen removed the action. Dutchmen based the removal on diversity jurisdiction, 28 U.S.C. § 1332. (Member case No. 11-420, Rec. Doc. 1). Dutchmen filed an amended Notice of Removal on February 17, 2011 for the purpose of adding an additional exhibit to its initial filing: an amended state court petition, which Dutchmen had been unaware of at the time it initially removed this matter.

The MDL panel transferred this action to this Court on March 4, 2011. This case arises from operative facts that are the subject of multidistrict litigation ongoing in this Court before the undersigned, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation,* MDL 07-1873.

1

Plaintiffs filed the instant Motion to Remand on March 4, 2011, alleging that this Court lacks jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1442(a)(1). Here, this Court concludes that it has diversity jurisdiction over this matter under section 1332.

## II.     ANALYSIS

Generally, a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction over the action. See 28 U.S.C. § 1441(a). In assessing the propriety of removal, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). The removing party (here, Dutchmen) bears the burden of showing that federal jurisdiction exists at the time of removal. See *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995); see also *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and that are between citizens of different states.[1] Under Fifth Circuit law, a removing defendant's burden in establishing the requisite amount in controversy differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. See, 63 F.3d at 1335. When the plaintiff alleges a specific damages figure that exceeds the required amount in controversy, "that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939)). The converse holds true, barring removal, if a plaintiff pleads

---

[1] Here, it is not disputed that the parties are citizens of different states. The disputed issue is whether the requisite amount in controversy is satisfied.

...

damages less than the jurisdictional amount. *Allen*, 63 F.3d at 1335. "Thus, in the typical diversity case, the plaintiff is the master of his complaint." *Id.*

In this instance, however, Plaintiffs filed this action in Texas state court. There, procedural rules do not allow plaintiffs to plead a specific amount of money damages in the petition. See Tex. R. Civ. P. 47. Under such circumstances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. See *Ray Mart, Inc. V. Stock Building Supply of Texas*, 435 F. Supp.2d 578, 585 (E.D. Tex. 2006), (*citing De Aguilar*, 47 F.3d at 1412). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Ray Mart, Inc.*, 435 F. Supp.2d at 586 (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002)).

If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. See *De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit *with* their complaints." *De Aguilar*, 47 F.3d at 1412 (*emphasis added*).

Regarding this requirement, the Fifth Circuit has explained:

> The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations. Certainly, plaintiffs who plead for specific damages and who are in states that have procedural rules binding them to their pleadings will satisfy their burdens more easily. Others will have the same opportunity to avoid federal court but will have to choose another method to show their commitment to recovery below the threshold amount.

*Id.* at 1412, n. 10.

The jurisdictional amount is determined at the time of removal; the plaintiff cannot avoid federal jurisdiction by later stipulating to an amount of damages below the jurisdictional minimum. See *St. Paul Mercury Indem. Co. V. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir.2000); *De Aguilar*, 47 F.3d at 1412. As the Supreme Court noted in *St. Paul Mercury Indem. Co.*, "though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." 303 U.S. at 292, 58 S.Ct. 586. An affidavit, however, may suffice to defeat removal if it merely clarifies, rather than reduces, the demand asserted in a previously ambiguous petition. See *Marcel v. Pool Co.*, 5 F.3d 81, 85 (5th Cir.1993) (citing *Asociacion Nacional de Pescadores v. Dow Quimica (ANPAC)*, 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. Ruhrgas, A.G.*, 145 F.3d 211, 215 (5th Cir.1998)); see also *Matney v. Wenger Corp., 957 F.Supp*. 942, 944 (S.D.Tex.1997). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia*, 233 F.3d at 883. Moreover, if it is facially apparent from the petition that the amount in controversy exceeds $75,000.00 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction. See *id.*

It is undisputed that Plaintiffs' claims cannot be aggregated to equal or exceed $75,000.00. See *ANPAC*, 988 F.2d 559, 563-64. However, Dutchmen correctly notes that where

the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies 28 U.S.C. §1332(a)'s amount-in-controversy requirement, 28 U.S.C. §1367 authorizes supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the requisite amount." *Exxon Mobile Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 125 S.Ct. 2611, 2616-2628 (2005).

While Dutchmen asserts that it is facially apparent from Plaintiffs' Original Petition for Damages that potential damages in this matter exceed $75,000.00 for any individual plaintiff, this Court focuses its analysis on whether at least *one* Plaintiff's claims for damages could be reasonably calculated to exceed $75,000.00. In other words, this Court rests its decision on the summary judgment-type evidence of facts in controversy set forth by Dutchmen that supports a finding of the requisite amount.

Four of the five named plaintiffs in this member action, in discovery, submitted "Plaintiff Fact Sheets" in 2008 and 2009[2]. Attached to those fact sheets is the Department of Justice's Form 95 "Claim for Damage, Injury or Death" ("Form 95"). Form 95 asks Plaintiffs to cite, in specific dollar amounts, the amount of damages they seek. Plaintiffs Albert Brazzle, Ingrid Brazzle, Thedis Cooley, and Wesley Cooley (by Thedis Cooley) seek damages in excess of $75,000. (See Exhibits 1-4 to Rec. Doc. 21621). In other words, these plaintiffs valued their claims in excess of the requisite amount under section 1332.

While these very same plaintiffs have attempted to avoid jurisdiction under 28 U.S.C. §1332 by submitting post-removal declarations stating that they are not seeking damages in excess of $75,000.00 (see Exhibit A to Rec. Doc. 20438), the evidence before the Court

---

[2] These Plaintiff Fact Sheets were relevant at the time this 2011 removal was filed, unlike the post-removal declarations/stipulations to be discussed *infra*.

demonstrates that, in sworn claims to the federal government, these plaintiffs disagree with their counsel as to the value of their claims.

Thus, the Court concludes that Plaintiffs A. Brazzle, I. Brazzle, T. Cooley, and W. Cooley (by T. Cooley) are bound to their admissions of claims in excess of $75,000.00, regardless of statements to the contrary made in any post-removal declarations. Thus, according to *Exxon Mobile*, because at least one named plaintiff in this action satisfies section 1332's amount in controversy requirement, this Court has jurisdiction over the claims of all of the other plaintiffs in this action. 125 S. Ct. 2616-2628.

Indeed, Plaintiffs seem to be walking a fine line of promising just enough to secure a remand of this matter to state court, but not enough to be bound by such a limitation of damages in state court. Plaintiffs have certainly not shown the requisite "commitment to recovery below the threshold amount." *De Aguilar*, 47 F.3d at 1412. Plaintiffs have not offered a binding stipulation saying that they will accept less than $75,000 in state court if awarded damages in excess of that amount.

### III. CONCLUSION

For the foregoing reasons, the Court finds that jurisdiction is established. Thus, **Plaintiffs' Motion to Remand (Rec. Doc. 20437)** is **DENIED**.

New Orleans, Louisiana, this 25th day of May, 2011.

                                          **KURT D. ENGELHARDT**
                                          **United States District Court**