UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | |
| LIABILITY LITIGATION | SECTION N(5) |
| | |
| | JUDGE ENGLEHARDT |
| THIS DOCUMENT RELATES TO: | |
| *Irma Miller v. Sun Valley, Inc., et al.,* | |
| 09-5658 (Charles Marshall) | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CH2M HILL CONSTRUCTORS, INC.'S ANSWER
### AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant CH2M HILL

Constructors, Inc. ("CH2M HILL"), and answers the Second Amended Complaint[1] of Plaintiff

Charles Marshall (the "Complaint") with the following affirmative defenses:

FIRST DEFENSE

The Complaint, as supplemented and amended, fails to state a claim or cause of action

against CH2M HILL upon which relief can be granted.

SECOND DEFENSE

The claims against CH2M HILL have prescribed.

---

[1] The Second Amended Complaint filed herein supersedes and wholly replaces both the Original Complaint for Damages and the First Amended Complaint.  CH2M HILL, therefore, fully answers all allegations of Plaintiff Marshall by addressing each allegation of his Second Amended Complaint.  Out of an abundance of caution, CH2M HILL denies any allegation not specifically addressed herein.

THIRD DEFENSE

CH2M HILL is immune from liability under the government contractor defense because it performed all work at issue according to reasonably precise specifications and had no knowledge of dangers that CH2M HILL did not share with the government.

FOURTH DEFENSE

CH2M HILL denies that it is a "manufacturer" within the meaning of the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq.*  CH2M HILL further denies the existence of any defect that would render CH2M HILL's work unreasonably dangerous under the LPLA.

FIFTH DEFENSE

CH2M HILL denies that it was negligent in any way that caused harm to Plaintiff.

SIXTH DEFENSE

CH2M HILL reasserts as affirmative defenses each defense raised in its preservation list (Rec. Doc. 3244).

SEVENTH DEFENSE

Plaintiff's injuries, if any, were due to his own fault or comparative fault through misuse and/or abuse and/or lack of maintenance of the travel trailer, failure to follow instructions for use, failure to heed applicable warnings, and/or through other acts or omissions which will be shown more fully at the trial of this matter.

EIGHTH DEFENSE

All damages complained of resulted solely or substantially from the negligence, fault or comparative fault of third persons for whom CH2M HILL is not responsible, including non-

parties and parties immune by statute and, including without limitation, possibly subcontractors, lower-tier subcontractors and Maintenance and Deactivation Contractors ("MDC Contractors").

## NINTH DEFENSE

All of the claims asserted against CH2M HILL are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or the U.S. Department of Housing and Urban Development ("HUD"), and/or the Federal Emergency Management Agency ("FEMA"), and/or the Plaintiff's lease agreement with FEMA.

## TENTH DEFENSE

To the extent CH2M HILL is found to be a manufacturer, which is denied, CH2M HILL specifically pleads to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et seq*. and/or other Louisiana law.

## ELEVENTH DEFENSE

In the event CH2M HILL is found to be a manufacturer, which is denied, CH2M HILL specifically pleads that the subject trailer, including all component parts thereof, was properly installed in accordance with the state of the art at the time; and, therefore, there is no legal basis for any assessment of fault against CH2M HILL.

## TWELFTH DEFENSE

CH2M HILL further pleads that Plaintiff's claims are, or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies, and incorporates the Court's Order and Reasons (Rec. Doc. 984).

THIRTEENTH DEFENSE

All claims against CH2M HILL are barred in whole or in part by the doctrines of estoppel, release or waiver.

FOURTEENTH DEFENSE

CH2M HILL owes no warranty obligations to Plaintiff.

FIFTEENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his damages.

SIXTEENTH DEFENSE

CH2M HILL specifically pleads that any alleged fault, negligence and/or strict liability attributed to CH2M HILL, which is specifically denied, was not the proximate or legal cause of the injuries sued upon herein, and that Louisiana duty-risk analysis precludes Plaintiff's claims against CH2M HILL.

SEVENTEENTH DEFENSE

Alternatively, CH2M HILL affirmatively avers that in the event it is found liable in any way to Plaintiff, which is denied, any liability on its part is merely joint liability and not joint and several, nor *in solido*, with the liability of other parties for whom it is not responsible.

EIGHTEENTH DEFENSE

CH2M HILL is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA.  Accordingly, CH2M HILL is shielded from liability by La. R.S. 9:2771 and the *Spearin* doctrine.

NINETEENTH DEFENSE

Pursuant to *Days v. National Radiator Corp.*, 128 So.2d 660 (La. 1961), CH2M HILL's duties and obligations are limited to what is defined in the relevant contract between CH2M HILL and FEMA.

TWENTIETH DEFENSE

CH2M HILL had no duty to warn Plaintiff of any alleged harmful conditions of the trailer.

TWENTY-FIRST DEFENSE

The injuries alleged by Plaintiff, if they exist at all, were legally or proximately caused by intervening and superseding causes and circumstances.

TWENTY-SECOND DEFENSE

Plaintiff's alleged injuries are the result of pre-existing conditions or acts/omissions that occurred after CH2M HILL was no longer responsible for the trailer at issue.

TWENTY-THIRD DEFENSE

CH2M HILL is immune from liability because FEMA accepted its work.

TWENTY-FOURTH DEFENSE

Because Plaintiff's claims are couched in conclusionary terms, CH2M HILL cannot fully anticipate all defenses that may be applicable in this action.  Accordingly, CH2M HILL hereby reserves the right to assert further and additional affirmative defenses if and to the extent such defenses are applicable.

TWENTY-FIFTH DEFENSE

To the extent not inconsistent with its defenses, CH2M HILL hereby adopts and pleads any and all affirmative defenses not specifically set out in this Answer but asserted by any other defendant in this case.

CH2M HILL further answers the numbered paragraphs of the Complaint and First Supplemental and Amended Complaint as follows:

I.

Allegations of Paragraph 1 are made for jurisdictional purposes and are neither admitted nor denied by CH2M HILL. CH2M HILL admits that this Court has jurisdiction to hear this matter.

II.

Paragraph 2 of the Complaint is purely administrative and is not susceptible to admission or denial by CH2M HILL.

III.

The allegations of Paragraph 3 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

IV.

In response to the allegations of Paragraph 4, CH2M HILL admits it is a Delaware Corporation with its principle place of business in Colorado. The remaining allegations of Paragraph 4 are denied as inconsistent with the written contract between FEMA and CH2M

HILL, which is a written document that speaks for itself and constitutes the best evidence of its own content, terms, and conditions.

V.

The allegations of Paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

VI.

The allegations of Paragraph 6 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

VII.

The allegations of Paragraph 7 are made for jurisdictional purposes and are neither admitted nor denied by CH2M HILL.  CH2M HILL admits that this Court has jurisdiction to hear this matter.

VIII.

The allegations of Paragraph 8 are made for jurisdictional purposes and are neither admitted nor denied by CH2M HILL.  CH2M HILL admits that this Court has jurisdiction to hear this matter.

IX.

The allegations of Paragraph 9 are made for jurisdictional purposes and are neither admitted nor denied by CH2M HILL.  CH2M HILL admits that this Court has jurisdiction to hear this matter.

X.

The allegations of Paragraph 10 are made for jurisdictional purposes and are neither admitted nor denied by CH2M HILL.  CH2M HILL admits that this Court has jurisdiction to hear this matter.

XI.

The allegations of Paragraph 11 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XII.

In response to the allegations of Paragraph 12, CH2M HILL admits that it subject to the in personam jurisdiction of this Court with regard to allegations at issue in this litigation.

XIII.

The allegations of Paragraph 13 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XIV.

The allegations of Paragraph 14 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XV.

Paragraph 15 states a conclusion of law regarding the proper venue in which this matter may be heard and is neither admitted nor denied by CH2M HILL.  CH2M HILL admits that this matter is properly before this Court.  CH2M HILL denies that plaintiff sustained any injury as a result of any action or inaction on the part of CH2M HILL or any person for whom CH2M HILL might be responsible.

XVI.

In response to the allegations of Paragraph 16, CH2M HILL admits the EHU in which Plaintiff Marshall resided was supplied to him by FEMA.  All remaining allegations are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.  CH2M HILL specifically denies that Hurricane Katrina made landfall in September of 2005.

XVII.

In response to the allegations of Paragraph 17, CH2M HILL states there is no mobile home at issue in this matter.  Nonetheless, out of an abundance of caution, CH2M HILL denies the allegations of Paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XVIII.

In response to the allegations of Paragraph 18, CH2M HILL states Plaintiff Marshall was provided a travel trailer, the dimensions of which were susceptible of measurement such that generalization as to the length and breadth of similar units is unnecessary.  CH2M HILL admits that travel trailers such as the trailer provided to Plaintiff Marshall are vehicles regulated by state and federal transportation authorities.  CH2M HILL further admits that travel trailers such as the trailer provided to Plaintiff Marshall are not regulated by any federal state or local housing authority.  CH2M HILL denies the remaining allegations of Paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XIX.

In response to the allegations of Paragraph 19, CH2M HILL states there is no park model at issue in this matter.  Nonetheless, out of an abundance of caution, CH2M HILL denies the

allegations of Paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XX.

The allegations of Paragraph 20 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXI.

The allegations of Paragraph 21 are, on information and belief, denied.

XXII.

The allegations of Paragraph 22 are, on information and belief, denied.

XXIII.

The allegations of Paragraph 23 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXIV.

The allegations of Paragraph 24 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXV.

The allegations of Paragraph 25 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXVI.

The allegations of Paragraph 26 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXVII.

The allegations of Paragraph 27 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXVIII.

The allegations of Paragraph 28 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXIX.

The allegations of Paragraph 29 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXX.

The allegations of Paragraph 30 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXXI.

In response to the allegations of Paragraph 31, CH2M HILL again admits that travel trailers such as the trailer provided to Plaintiff Marshall are not regulated by any federal, state or local housing authority and specifically admits that regulations promulgated by the U.S. Department of Housing and Urban Development are inapplicable to this matter.  CH2M HILL denies the remaining allegations of Paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXXII.

The allegations of Paragraph 32 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXXIII.

The allegations of Paragraph 33 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXXIV.

The allegations of Paragraph 34 are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

XXXV.

CH2M HILL denies the allegations of Paragraph 35.

XXXVI.

CH2M HILL denies the allegations of Paragraph 36 as reflecting an incomplete and/or incorrect representation of its agreement with FEMA, which agreement is a written document that speaks for itself and constitutes the best evidence of its content, terms, and conditions.

XXXVII.

CH2M HILL denies the allegations of Paragraph 37.

XXXVIII.

CH2M HILL denies the allegations of Paragraph 38 as reflecting an incomplete and/or incorrect representation of its agreement with FEMA, which agreement is a written document that speaks for itself and constitutes the best evidence of its content, terms, and conditions.

XXXIX.

CH2M HILL denies the allegations of Paragraph 39 as reflecting an incomplete and/or incorrect representation of its agreement with FEMA, which agreement is a written document that speaks for itself and constitutes the best evidence of its content, terms, and conditions. CH2M HILL denies use of subsidiary companies to accomplish obligations under the IA-TAC.

XL.

No response to Paragraph 40 of the Complaint is required as allegations therein relate solely to group sites, which are not at issue herein.  Nonetheless, out of an abundance of caution, CH2M HILL denies the allegations of Paragraph 40 as reflecting an incomplete and/or incorrect representation of its agreement with FEMA, which agreement is a written document that speaks for itself and constitutes the best evidence of its content, terms, and conditions.

XLI.

CH2M HILL denies the allegations of Paragraph 41 as reflecting an incomplete and/or incorrect representation of its agreement with FEMA, which agreement is a written document that speaks for itself and constitutes the best evidence of its content, terms, and conditions. CH2M HILL admits that the Marshall travel trailer was installed in accordance with specifications provided by FEMA.

XLII.

CH2M HILL denies the allegations of Paragraph 42.

XLIII.

CH2M HILL denies the allegations of Paragraph 43.

XLIV.

CH2M HILL denies the allegations of Paragraph 44.

XLV.

CH2M HILL denies the allegations of Paragraph 45.

XLVI.

CH2M HILL denies the allegations of Paragraph 46.

XLVII.

CH2M HILL denies the allegations of Paragraph 47.

XLVIII.

CH2M HILL denies the allegations of Paragraph 48.

XLIX.

CH2M HILL denies the allegations of Paragraph 49.

L.

CH2M HILL denies the allegations of Paragraph 50.

LI.

CH2M HILL denies the allegations of Paragraph 51.

LII.

CH2M HILL denies the allegations of Paragraph 52.

LIII.

Paragraph 53 contains a conclusion of law regarding CH2M HILL's duty to warn occupants of alleged risks about which CH2M HILL had no knowledge. CH2M HILL denies that any such duty exists. CH2M HILL further denies that the alleged hazardous condition existed inasmuch as CH2M HILL lacks knowledge or information sufficient to justify such a belief.

LIV.

CH2M HILL denies the allegations of Paragraph 54.

LV.

CH2M HILL denies the allegations of Paragraph 55.

LVI.

CH2M HILL denies the allegations of Paragraph 56 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LVII.

CH2M HILL denies the allegations of Paragraph 57 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LVIII.

CH2M HILL denies the allegations of Paragraph 58 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LIX.

CH2M HILL denies the allegations of Paragraph 59 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LX.

CH2M HILL denies the allegations of Paragraph 60 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXI.

CH2M HILL denies the allegations of Paragraph 61 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXII.

CH2M HILL denies the allegations of Paragraph 62 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXIII.

CH2M HILL denies the allegations of Paragraph 63 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXIV.

CH2M HILL denies the allegations of Paragraph 64 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXV.

CH2M HILL denies the allegations of Paragraph 65 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXVI.

CH2M HILL denies the allegations of Paragraph 66 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXVII.

CH2M HILL denies the allegations of Paragraph 67 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXVIII.

CH2M HILL denies the allegations of Paragraph 68 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXIX.

CH2M HILL denies the allegations of Paragraph 69 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXX.

CH2M HILL denies the allegations of Paragraph 70 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXI.

CH2M HILL denies the allegations of Paragraph 71 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXII.

CH2M HILL denies the allegations of Paragraph 72 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXIII.

CH2M HILL denies the allegations of Paragraph 73 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXIV.

CH2M HILL denies the allegations of Paragraph 74 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXV.

CH2M HILL denies the allegations of Paragraph 75 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXVI.

CH2M HILL denies the allegations of Paragraph 76 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXVII.

CH2M HILL denies the allegations of Paragraph 77 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXVIII.

CH2M HILL denies the allegations of Paragraph 78 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXIX.

CH2M HILL denies the allegations of Paragraph 79 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXX.

CH2M HILL denies the allegations of Paragraph 80 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXI.

CH2M HILL denies the allegations of Paragraph 81 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXII.

CH2M HILL denies the allegations of Paragraph 82 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXIII.

CH2M HILL denies the allegations of Paragraph 83 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXIV.

CH2M HILL denies the allegations of Paragraph 84 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXV.

CH2M HILL denies the allegations of Paragraph 85 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXVI.

CH2M HILL denies the allegations of Paragraph 86 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXVII.

CH2M HILL denies the allegations of Paragraph 87 of the Complaint (including all subparts) because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

LXXXVIII.

CH2M HILL denies the allegations of Paragraph 97 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.[2]

LXXXIX.

CH2M HILL denies the allegations of Paragraph 98 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

XC.

CH2M HILL denies the allegations of Paragraph 99 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

---

[2]     Paragraphs 88 through 96 are not present in the Complaint.

XCI.

CH2M HILL denies the allegations of Paragraph 100 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

XCII.

CH2M HILL denies the allegations of Paragraph 101 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

XCIII.

CH2M HILL denies the allegations of Paragraph 102 of the Complaint (including all subparts) because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

XCIV.

In response to the allegations of Paragraph 103, CH2M HILL incorporates the above answers as if fully repeated verbatim herein.

XCV.

The allegations of Paragraph 104 of the Complaint constitute legal conclusions for which no response is required. Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

XCVI.

The allegations of Paragraph 105 of the Complaint constitute legal conclusions for which no response is required. Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

XCVII.

The allegations of Paragraph 106 of the Complaint constitute legal conclusions for which no response is required.  Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

XCVIII.

The allegations of Paragraph 107 of the Complaint constitute legal conclusions for which no response is required.  Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

XCIX.

The allegations of Paragraph 108 of the Complaint constitute legal conclusions for which no response is required.  Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.  CH2M HILL further specifically denies that it modified the design or actual use of the Marshall travel trailer.

C.

The allegations of Paragraph 109 of the Complaint (including all subparts) constitute legal conclusions for which no response is required.   Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

CI.

In response to the allegations of Paragraph 110, CH2M HILL incorporates the above answers as if fully repeated verbatim herein.

CII.

CH2M HILL denies the allegations of Paragraph 111 as reflecting an incomplete and/or incorrect representation of its agreement with FEMA, which agreement is a written document that speaks for itself and constitutes the best evidence of its content, terms, and conditions.

CIII.

The allegations of Paragraph 112 of the Complaint constitute legal conclusions for which no response is required.  Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

CIV.

The allegations of Paragraph 113 of the Complaint constitute legal conclusions for which no response is required.  Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

CV.

The allegations of Paragraph 114 of the Complaint (including all subparts) constitute legal conclusions for which no response is required.  Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

CVI.

The allegations of Paragraph 115 of the Complaint constitute legal conclusions for which no response is required.  Nonetheless, out of an abundance of caution, CH2M HILL denies these allegations.

CVII.

CH2M HILL denies the allegations of Paragraph 116.

CVIII.

CH2M HILL denies the allegations of Paragraph 117 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

CIX.

CH2M HILL denies the allegations of Paragraph 118 of the Complaint because they are not directed at CH2M HILL and for lack of knowledge or information sufficient to justify a belief as to the truth thereof.

CX.

Paragraph 119 of the Complaint is a recitation of damages plaintiff seeks and accordingly, requires no response of CH2M HILL.  CH2M HILL denies that it is responsible or liable for any damage to Plaintiff Marshall.

CXI.

CH2M HILL denies each and every allegation of the Complaint not specifically admitted in this Answer.


WHEREFORE, CH2M HILL prays that its Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings are had, judgment be rendered in CH2M HILL's favor, dismissing all claims against it with prejudice at Plaintiff's cost, and that CH2M HILL further be awarded any and all such general, special, or equitable relief to which it may be entitled under the premises.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

/s/ Wade M. Bass
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com

**ATTORNEYS FOR
CH2M HILL CONSTRUCTORS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 26th day of May, 2011, I electronically filed the foregoing

pleading using the Court's CM/ECF system, which sent notification of such filing to all court-

appointed liaison counsel and counsel of record who are CM/ECF participants.


/s/ Wade M. Bass