UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                              MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                     SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member case no. 11-411

**ORDER AND REASONS**

      Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. 20463).  This motion is opposed by Defendants Jayco, Inc. And Jayco Enterprises, Inc.  (See Rec. Doc. 20598).  After considering the memoranda of the parties and the applicable law,

      **IT IS ORDERED** that **Plaintiffs' Motion to Remand (Rec. Doc. 20463)** is **DENIED**. For substantially the same reasons previously set forth by this Court in its May 25, 2011 Order and Reasons (Rec. Doc. 21647),  this Court finds that diversity jurisdiction is established. Specifically, while Plaintiffs have attempted to avoid jurisdiction under 28 U.S.C. §1332 by submitting post-removal affidavits and declarations stating that no individual claim exceeds $75,000.00 (see Exhibit A to Rec. Doc. 20463), Defendants point out that the evidence before the Court demonstrates that three of the six named plaintiffs in this matter (Justin Smith, Hattie Bailey, Individually and on behalf of W. Bailey) are also named plaintiffs in a Federal Complaint included in this MDL asserting the same allegations and seeking the same relief, in the Eastern District of Louisiana under the MDL No. 07-1873, Member Case No. 11-222. The Complaint in that case states that "each Plaintiff alleges to have suffered damages in an amount in excess of $75,000.00 exclusive of interest and costs." (See member case no. 11-222, Rec. Doc. 1). The Court considers these factual assertions in this pleading to be judicial admissions conclusively

1

binding on J. Smith, H. Bailey, and W. Bailey). *White v. ARCO/Polymers Inc.,* 720 F.2d 1391 (5th 1983).  Thus, the Court concludes that J. Smith, H. Bailey, and W. Bailey are bound to their judicial admissions of claims in excess of $75,000.00 regardless of the statements made in any post-removal declarations.  Thus, according to *Exxon Mobile Corp. v. Allapattah Services, Inc.*, because at least one named plaintiff in this action satisfies section 1332's amount in controversy requirement, this Court has jurisdiction over the claims of all of the other plaintiffs in this action. 545 U.S. 546, 125 S.Ct. 2611, 2616-2628 (2005).

Indeed, Plaintiffs seem to be walking a fine line of promising just enough to secure a remand of this matter to state court, but not enough to be bound by such a limitation of damages in state court.  Plaintiffs have certainly not shown the requisite "commitment to recovery below the threshold amount." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). Plaintiffs have not offered a binding stipulation saying that they will accept less than $75,000 in state court if awarded damages in excess of that amount.

### III. CONCLUSION

For the foregoing reasons, the Court finds that jurisdiction is established.  Thus, **IT IS ORDERED** that **Plaintiffs' Motion to Remand (Rec. Doc. 20463)** is **DENIED**.

New Orleans, Louisiana, this 26th day of May, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**