UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 1873<br><br>JUDGE ENGELHARDT |
| This document relates to:<br>*Bartholomew, No. 11-1041* | MAG. JUDGE CHASEZ |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS**

Defendant Dutchmen Manufacturing, Inc. ("Dutchmen") has filed a motion to dismiss the claims in this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

As explained more fully below, the plaintiffs named Dutchmen as a defendant in the lawsuit, but do not allege that any of the plaintiffs lived in a Dutchmen-manufactured housing unit or that Dutchmen engaged in any wrongful activity as to the plaintiffs. Thus, the Court should dismiss the plaintiffs' claims against Dutchmen.

**Background**

Plaintiffs filed this suit in Mississippi state court on November 10, 2010. They named as defendants Fleetwood Canada, Ltd., Fleetwood Enterprises, Inc., Fleetwood Homes of North Carolina, Inc., Dutchmen and Bechtel National, Inc.

{B0731159.1}   1

The suit was removed to the United States District Court for the Southern District of Mississippi on April 5, 2011[1] and transferred to this Court by the MDL Panel on May 4, 2011.

The plaintiffs alleged that they lived in an emergency housing unit supplied by FEMA, manufactured by Fleetwood and installed by Bechtel.[2]  Based on this, plaintiffs asserted claims for violations of Mississippi's products liability statute (MS Code Ann §11-1-63) and for negligence.  They requested ordinary damages along with punitive and/or exemplary damages.

Significantly, the plaintiffs <u>do not allege</u> that they lived in or had any connection with an emergency housing unit manufactured by Dutchmen.  The only apparent reference to Dutchmen is contained in the caption of the lawsuit and ¶5 which alleges the existence of Dutchmen as a Delaware corporation which allegedly does business in Mississippi.  Otherwise, all the allegations relate to the other Defendants in the lawsuit.

## LAW AND ARGUMENT

When considering a Rule 12(b)(6) motion, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.[3]  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that a

---

[1] Civil Action No. 11-149-LG-RHW.

[2] Amended Complaint, ¶10, 13, 19

[3] *Fernandez-Montes v. Allied Pilots, Assn.*, 987 F.2d 278, 284 (5th Cir. 1993).

{B0731159.1}                                    2

plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief.[4]

Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the court from granting a motion to dismiss.[5] Bald factual conclusions unsupported by the facts are also insufficient to state a claim.[6]  Importantly, for purposes of this motion, when a defendant is "merely named in the caption of a complaint but is nowhere claimed to have caused the plaintiff injury, the complaint against him must be dismissed."[7]

In the plaintiffs' lawsuit, the only two references to Dutchmen are contained in the caption and ¶5 of the Petition which alleges facts about Dutchmen's corporate existence and domicile.  Plaintiffs have not alleged that they lived in an emergency housing unit manufactured by Dutchmen or that any actions by Dutchmen injured them.  Essentially, the Plaintiffs have not alleged a single fact to support a cause of action against Dutchmen.  As a result, the Court should dismiss the plaintiffs' claims against Dutchmen.

---

[4] Id. at 284, 285; *See also Lefall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994).

[5] *Fernandez-Montes*, at 284; *See also* Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994).

[6] *Cardwell v. Sears Roebuck and Co.*, 821 F.Supp 406 (D.S.C 1993).

[7] *Child v. Beame*, 417 F.Supp. 1023 (D.C.N.Y. 1976).

## CONCLUSION

For the reasons explained in this memorandum, the Court should dismiss the plaintiff's claims against Dutchmen Manufacturing, Inc.

                        Respectfully submitted,

                        *s/ Ryan E. Johnson*
                        _____
                        James C. Percy (La. Bar No. 10413)
                        Ryan E. Johnson (La. Bar No. 26352)
                        **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
                        Four United Plaza
                        8555 United Plaza Boulevard
                        Baton Rouge, LA  70809
                        Telephone: (225) 248-2080
                        Facsimile:  (225) 248-3080
                              -and-
                        Madeleine Fischer (La. Bar No. 5575)
                        **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
                        201 St. Charles Avenue, 49th floor
                        New Orleans, LA   70170
                        Telephone:  (504) 582-8000
                        Facsimile:  (504) 589-8208

                        ***Counsel for Dutchmen Manufacturing, Inc.***

Date:  May 26, 2011.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 26th day of May, 2011.

                        *s/Ryan E. Johnson*
                        _____

                        Ryan E. Johnson