IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Cedric Cushenberry v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8381* | * | |

******************************************************************************

## REPLY TO  MOTION TO DISMISS
## WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Reply brief in further support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

On May 11, 2011, Mover sought dismissal [Rec. Doc. No. 20927] of the claims of eleven plaintiffs.    On May 27, 2011, Plaintiffs sent Movers errata sheets attempting to cure the deficient Plaintiff Fact Sheets ("PFS") for ten of the eleven plaintiffs covered in the Motion to Dismiss.    Plaintiffs filed a Motion for Leave to file a late opposition [Rec. Doc. No. 21898] with a proposed opposition [Rec. Doc. No. 21898-2].    Mover disagrees with Plaintiffs' contentions that the deficiencies were "relatively minor" and that all

deficiencies have been cured. Mover addresses the sufficiency of the attempted cure as to each of the eleven plaintiffs covered in this motion as follows:

    1. **Ashley Brooks-Robinson.** Plaintiff's proposed opposition [Rec. Doc. No. 21898-2] acknowledges that Ms. Brooks-Robinson did not reside in a Pilgrim trailer. The dismissal of her claims in the above-captioned matter is proper.

    2. **Alvirda Cook's** Plaintiff Fact Sheet is still deficient. After the errata sheet has been reviewed, Alvirda Cook still has not provided the move-in and move-out dates, her date of birth, and both the PFS and errata sheet are unsigned.[1] These are key fields and this information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. Mover submits that dismissal with prejudice is proper for failure to comply with this court's orders as more fully explained in the original memorandum in support. [Rec. doc. No 20927].

    3. **Alma Francis's** Plaintiff Fact Sheet is still deficient. After the errata sheet has been reviewed, Alma Francis still has not provided a list of her medical providers or a response to whether she is suffering emotional/psychological symptoms.[2] Both the PFS and errata sheet are unsigned. This information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. Mover submits that dismissal with prejudice is proper for failure to comply with this court's orders as more fully explained in the original memorandum in support. [Rec. doc. No 20927].

---

[1] See Exhibit W. The original motion to dismiss, Rec. Doc. No. 20927 contains Exhibits A through V. Exhibits to this Reply pick up with "W".
[2] See Exhibit X.

4, 5, 6, 7, & 10: The Plaintiff Fact Sheets of **Averist Francis, Delores Moss, Dorothy Price**, individually and as representative of **Edward Baker**, and **Betty Robertson** would be cured except that neither the original PFS[3] or the errata[4] is signed by the plaintiff.  Mover requests that the Court order compliance with its pre-trial orders, with the signing of the PFS and errata within thirty-one days of the Submission date (6/1/11), or by July 1, 2011, or the claims of **Averist Francis, Delores Moss, Dorothy Price**, individually and as representative of **Edward Baker**, and **Betty Robertson** will be dismissed with prejudice.

8. **Curtis Scott's** Plaintiff Fact Sheet is still deficient.  His errata[5] does not provided the VIN, FEMA ID, or Bar code number of the Pilgrim trailer he allegedly resided in.  He has not provided the names of doctors he treated with.  He has not answered questions about whether he is claiming mental/emotional damages and had treatment for same.  He has not answered questions about either his employment history or whether he is claiming lost wages.  He has not answered the question regarding the approximate number of hours spent in the trailer each day.  Further, both the PFS[6] and errata are not signed by Curtis Scott.  This information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. Mover submits that dismissal with prejudice is proper for failure to comply with this court's orders as more fully explained in the original memorandum in support. [Rec. doc. No 20927].

---

[3] See Rec. Doc. No. 20927, Exhibits G, I, K, S, and M.
[4] See Exhibits Y-1, Y-2, Y-3, Y-4 and Y-5.
[5] See Exhibit Z.

9.  **David Williams Sr.'s** Plaintiff Fact Sheet has been cured.  <u>Mover no longer seeks dismissal of the claims of David Williams, Sr.</u>

11.  **Edward Price's** Plaintiff Fact Sheet is still deficient.  He does not name the doctors who have treated him for his alleged "chronic asthma".  His errata states[7] that he cannot remember the names of his health care providers.  At this time, Mover will group Mr. Price in with those listed at 4, 6, 7 and 10, above, and demand only that the PFS and errata be signed within 31 days, or by July 1, 2011.  Mover, however, does not consider this PFS cured and does not waive the right to seek more information in the future.

## Conclusion

As stated above, Mover withdraws the motion as to David Williams, Sr.

Mover prays for dismissal of the claims of Curtis Scott, Ashley Brooks Robinson, Alma Francis for the reasons stated herein.

Mover seeks dismissal of the claims of claims of Delores Moss, Dorothy Price, individually and on behalf of Edward Baker; Edward Price, Betty Robertson, Averist Francis *if* the PFS and errata are not signed by the claimants by July 1, 2011.  Mover will consider the motion withdrawn as to these claimants once the PFS are signed by these claimants.

Mover prays for this relief under Rule 41(b) of the Federal Rules of Civil Procedure, which provides the basis for dismissal for failure to comply with a court order, namely Pre-Trial Orders 2 and 32, which plaintiffs have failed to do.  Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as

---

[6] See Rec. Doc. No. 20927, Exhibit O.

appropriate sanction for failure to comply with discovery.  Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

<table>
<tr><td>

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __31th__ DAY OF __May__, 2011..

_____/s Eric B. Berger_____

</td><td>

Respectfully submitted:

_____/s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

</td></tr>
</table>

---

[7] See Exhibit AA.