UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N(5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO<br>ALL CASES | | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### SMITH RESEARCH CORPORATION'S
### MASTER PRESERVATION OF DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes defendant Smith Research Corporation ("Smith Research"), and pursuant to Pretrial Order No. 44 (Rec. Doc. 2759) and with a full reservation of rights, submits the following list of defenses and motions to be preserved in all suits currently pending in the captioned MDL proceeding and in all cases that may be filed or transferred into this MDL in the future.  Smith Research reserves the right to amend or supplement this list of defenses and to file any other preliminary pleadings, dispositive motions or affirmative defenses in any related matter in which it is now or subsequently named as a defendant and properly served.

    1.      Rule 12(b)(1): Plaintiffs lack standing.

2. Rule 12(b)(3): Improper venue.

3. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Smith Research.

4. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because the claims against Sha are bsarred by the applicable prescriptive and peremptive periods, statutes of limitations, statutes of repose, and/or laches.

5. Rule 12(b)(4)(5): Insufficient process and insufficiency of service of process.

6. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted against Smith Resources under applicable state law governing products liability.

7. Rule 12(b)(6): Plaintiffs fail to state a claim for negligence.

8. Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted because Smith Resources owed no actionable duty to plaintiff.

9. Rule 12(b)(6): Plaintiffs fail to state a claim for breach of implied and/or express warranty.

10. Plaintiffs fail to state a claim upon which relief can be granted inasmuch as plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

11. Plaintiffs fail to state a claim upon which relief can be granted because plaintiffs make no particularized allegation regarding injury or damages and have not connected the conduct of Smith Research to such injury or damages.

12. Rule 12(b)(6): Plaintiffs fail to state a claim for recovery of attorneys' fees.

13.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to impose joint and several and/or solidary liability upon Smith Research and the other named defendants.

14.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek to recover punitive and/or exemplary damages.

15.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek property or economic damages.  (*See also* Rec. Doc 984.)

16.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek damages for medical monitoring.

17.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek damages for wrongful death and/or survival damages.

18.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent that plaintiffs seek damages for loss of consortium and/or society.

19.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted to the extent it is determined that plaintiffs have pending another lawsuit arising out of the operative facts and circumstances made the subject of this lawsuit.

20.	Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Smith Research is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government through the Federal Emergency Management Agency ("FEMA").  As such, plaintiffs' claims are preempted and Smith Research is immunized from liability by the government contractor defense.

21.  Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted on grounds that Smith Research is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by FEMA. As such, Smith Reserch is shielded from liability by the *Spearin* doctrine and applicable state law.

22.  Rule 12(b)(6): Plaintiffs fail to state a claim upon which relief can be granted inasmuch as Smith Research's duties and obligations are limited to those defined in the relevant contract between Smith Research and FEMA.

23.  Rule 12(b)(6): Plaintiffs fail to state a claim against Smith Research insofar as Plaintiffs have not named Smith Environmental as a defendant and/or have named a different or nonexistent juridical entity as a defendant.

24.  Rule 12(b)(7): Plaintiffs fail to join one or more parties under Rule 19.

25.  Rule 12(e): Motion for a more definite statement: Plaintiffs make no particularized allegations regarding injury or damages and have not connected the conduct of Smith Research to such injury or damages.

26.  Rule 9(b): Plaintiffs fail to plead fraud and/or misrepresentation with particularity.

27.  Rule 21: Improper Joinder.

28.  Smith Research hereby adopts each and every other defense stated by each defendant in all matters related to the captioned MDL proceeding insofar as such defenses are available to and not contrary to the best interests of Smith Research.

29.  Any and all damages complained of are a result of the fault of plaintiffs and/or third parties.

30. Plaintiffs have failed to mitigate their damages.

31. Any and all damages complained of by plaintiffs are the result of pre-existing conditions.

32. Any liability of respondent is limited according to its contract with FEMA.

33. Any liability of respondent is precluded by its contract with FEMA since it acted prudently in accordance with its contract and within its scope.

34. Any liability of respondent is precluded by its contract with FEMA since it followed instructions, guidelines or information issued by FEMA employees or agents who were authorized under the contract to issue such instructions, guidelines or information.

35. No action may be maintained against respondent since it performed its work according to specifications and instructions furnished to it by FEMA which respondent did not make or cause to be made.

36. The claims are barred pursuant to the independent contractor doctrine.

37. The claims are barred by estoppel, release or waiver.

38. The claims are barred pursuant to the sophisticated purchaser/user doctrine.

39. Any damages were caused by superseding or intervening events.

40. 12(b(6) - Failure to state a claim for loss of consortium and/or society.

41. 12(b)(6) - Failure to state a claim for injunctive relief, to the extent plaintiffs allege such a claim, as there is no basis for same under the facts alleged in the complaint and applicable law.

42. 12(b)(6) - Failure to state a claim for loss of enjoyment of life.

43. 12(b)(6) - Plaintiffs' claims are prescribed and Plaintiffs are not entitled to claim any tolling of the applicable prescriptive period as against Smith Research during the pendency of the putative class action.

44. 12(b)(6) - Failure to state a claim upon which relief can be granted against Smith Research under the Louisiana Products Liability Act ("LPLA"), because plaintiffs have not and cannot allege any set of facts that would establish that Smith Research is a "manufacturer" within the meaning of the LPLA.

45. 12(b)(6) - Failure to state a claim upon which relief can be granted inasmuch as plaintiffs' negligence, negligence per se, gross negligence, recklessness, failure to inspect, breach of implied warranty and "failing to act in a prudent manner" claims are barred by the exclusivity provisions of the Louisiana Products Liability Act, La.R.S. 9:2800.52 et seq.

46. 12(b)(6) - Failure to state a claim upon which relief can be granted, as to the imposition of strict liability against defendant.

47. 12(b)(6) - Failure to state a claim upon which relief can be granted, as plaintiffs have not alleged a specific or manifest injury or disease resulting from the alleged exposure, nor are plaintiffs entitled to medical monitoring damages to the extent plaintiffs seek same.

48. 12(b)(6) - Failure to state a claim upon which relief can be granted to the extent that plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded. (*See also* Rec. Doc. 984.)

49.     12(b)(6) - Failure to state a claim upon which relief can be granted to the extent that it is determined that plaintiffs previously filed, and have pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this law suit.

50.     12(b)(6) - Failure to state a claim upon which relief can be granted, to the extent plaintiffs seek damages under Louisiana Civil code Articles 2524, 1994, 1995 and 1997.

51.     12(b)(6) - Failure to state a claim upon which relief can be granted, as plaintiffs lack standing because they are not the purchasers or buyers of the unit(s) at issue.

52.     12(b)(6) - Failure to state a claim upon which relief can be granted on grounds that pursuant to *Days v. National Radiator Corp.*, 128 So.2d 660 (La. 1961), Smith Research's duties and obligations are limited to what is defined in the relevant contract between Smith Research and FEMA.

                                                    **Respectfully submitted:**

                                                      /s/Joshua G. Keller
                                                    **Robert E. Kerrigan, Jr. (#7350)(T.A.)**
                                                    **Joshua G. Keller (#29288)**
                                                    **DEUTSCH, KERRIGAN & STILES, L.L.P.**
                                                    **755 Magazine Street**
                                                    **New Orleans, LA   70130-3672**
                                                    **Telephone: (504)581-5141**
                                                    **E-Mail: rek@dkslaw.com &**
                                                    **jkeller@dkslaw.com**
                                                    *Attorneys for Defendant,*
                                                    **Smith Research Corporation**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing **Master Preservation of Defenses** has been served on all counsel of record by the Electronic Case Filing System for the Eastern District of Louisiana.

This 3rd day of June, 2011.

    /s/ Joshua G. Keller
**Joshua G. Keller**