IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Karen Augustine, et al v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8457* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I. Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues.  This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] Pre-Trial Order No. 32 provided the same procedures.[5]

## II.  Law and Argument

Initially, Counsel for Mover did not receive a Plaintiff Fact Sheet for Christopher Paul. Counsel for Mover sent a Rule 37 letter dated September 28, 2010 requesting that Plaintiff Counsel provide a Plaintiff Fact Sheet.[6] Christopher Paul's Plaintiff Fact Sheet, which is undated but stamped "SENT TO DEFENSE DEC 04 2009," was then

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9. See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, page 5.
[6] See Exhibit A.

provided.[7]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Christopher Paul's Plaintiff Fact Sheet left 88 of them blank or provided inadequate responses.[8]  Among the "key" deficiencies are that plaintiff failed to set forth his symptoms or even answer whether he has any.[9]  Plaintiff omitted the name of the trailer manufacturer, VIN, FEMA Identification number, Bar Code number, and the physical location of the FEMA trailer.[10]  Yet another "key" deficiency is that Christopher Paul does not provide the names of other people who occupied his trailer.[11]  He did not state whether he was making a claim for medical expenses or lost wages.[12]  He also did not provide any address, work, or family history, or indicate whether he was making a lost wage claim.[13]  He did not respond whether he was making a clam for mental or emotional damages.[14]  He did not provide the number of hours he spent in the trailer each day.[15]  Furthermore, he did not list any medical providers and did not sign or date the Certification.[16]

Counsel for Mover received an Amendment to the Plaintiff Fact Sheet dated February 20, 2010 that provides **only** the manufacturer, VIN, FEMA Identification number, and Barcode number.[17]  Considering the Amendment, Christopher Paul's Plaintiff Fact Sheet now contains 85 blank or inadequate responses.  Therefore, Counsel

---

[7] See Exhibit B.
[8] See Exhibit B.
[9] See Exhibit B.
[10] See Exhibit B.
[11] See Exhibit B.
[12] See Exhibit B.
[13] See Exhibit B.
[14] See Exhibit B.
[15] See Exhibit B.
[16] See Exhibit B.
[17] See Exhibit C.

for Mover drafted a Rule 37 letter on March 23, 2011 to outline the deficiencies.[18]  In an email to Counsel for Mover on April 5, 2011, Counsel for Plaintiff commented that they were "unable to locate Christopher Paul at this time."[19] The Plaintiff Fact Sheet for Christopher Paul remains incomplete.

Lillie Farve's Plaintiff Fact Sheet is dated July 8, 2009.[20]  Counsel for Mover reviewed it and deemed it insufficient.  The "key" deficiencies are that Lillie Farve's Plaintiff Fact Sheet fails to identify the VIN, FEMA identification number, or Bar Code number on the FEMA housing unit.[21]  Without this information, Mover is unable to verify if it was correctly sued.  Thus, while plaintiff's PFS lists Pilgrim as the manufacturer, it is impossible to determine the accuracy of this information.  Counsel for Mover drafted a Rule 37 letter on August 10, 2010 to outline the deficiencies.[22]  No response was received and plaintiff's counsel did not participate in a Rule 37 conference.  The Plaintiff Fact Sheet for Lillie Farve is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[23] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit

---

[18] See Exhibit D.
[19] See Exhibit E.
[20] See Exhibit F.
[21] See Exhibit F.
[22] See Exhibit G.
[23] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.

is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[24]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete and cured Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to provide such within thirty (30) days of a Rule 37 letter noting the deficiencies

---

[24] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

in the Plaintiff Fact Sheet would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Christopher Paul and Lillie Farve,* with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

____/s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM

ON THIS __6th__ DAY OF __June__, 2011..
_____/s Eric B. Berger_____