UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL NO. 1873 |
| | | JUDGE ENGELHARDT |
| THIS DOCUMENT RELATES TO: | | |
| *Tiffany James, et al. v. Alliance Homes, Inc., et al* (E.D. La. Suit No. 09-5336) | | MAGISTRATE CHASEZ |

*********************************************

## MEMORANDUM IN SUPPORT OF UNOPPOSED RULE 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan), appearing for the sole purpose of objecting to service, submit this memorandum in support of their Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process. The plaintiffs' claims against Morgan should be dismissed, because they failed to serve Morgan within 120 days of the filing of the lawsuit as required by the Federal Rules of Civil Procedure. Counsel for the plaintiffs have advised that the plaintiffs do not oppose this motion.

### I.   THE PLAINTIFFS FAILED TO TIMELY REQUEST SERVICE OR A WAIVER OF SERVICE

The plaintiffs initiated this lawsuit on August 3, 2009, by the filing of a "Complaint for Damages." This lawsuit was assigned suit number 09-5336. (R. Doc. 1 in suit no. 09-5336). To date, Morgan has not been served with a summons and copy of this lawsuit, nor has Morgan received any request for a waiver of service.[1]

---

[1] Additionally, this lawsuit was the subject of the Manufacturing Defendants' Motion to Dismiss (R. Doc. 18684) and this Court's January 24, 2011 order on the various motions to dismiss (R. Doc. 19889), through which all unmatched plaintiffs were dismissed with prejudice and all plaintiffs who were in the process of filing motions for leave to amend were given 20 days to rectify the pleadings. Upon information and belief, the remaining plaintiffs

The plaintiffs have not timely requested waiver of service, or served Morgan, in compliance with the Federal Rules of Civil Procedure. Rule 4(c) provides, in part:

> (1) A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

***

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Pursuant to Rule 4(m), the plaintiffs were responsible for serving Morgan within 120 days from August 3, 2009, the date they filed their compliant, or by December 2, 2009. Morgan was not served with a summons and a copy of the complaint or a request for waiver of service by that date. Accordingly, the plaintiffs have failed to properly and timely serve Morgan.

## II.   THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER MORGAN BECAUSE PROPER SERVICE HAS NOT BEEN OBTAINED

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, (1999) *citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987); *see also Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999)(when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside); *Jackson v. Hayakawa*, 682 F.2d 1344, 1344 (9th Cir. 1982) (Neither actual notice nor simply naming the defendant in the complaint's caption will subject

---

have failed to rectify their pleadings, as ordered by the Court. Defendant CH2M Hill recently filed a motion to dismiss the unmatched plaintiffs. (See R. Doc. 21940).

the defendant to personal jurisdiction if service is not made pursuant to Rule 4). As the plaintiffs failed to effect service on Morgan, this Court does not have personal jurisdiction over Morgan in this matter, and the plaintiffs' claims against Morgan should be dismissed.

### III. CONCLUSION

The plaintiffs did not comply with Rule 4 of the Federal Rules of Civil Procedure. The plaintiffs failed to serve Morgan within 120 days of filing this action and, therefore, this Court lacks personal jurisdiction over Morgan. Thus, the plaintiffs' suit against Morgan should be dismissed.

Respectfully submitted,

*/s/ Amanda S. Stout*
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS & SPAS, INC. AND MORGAN BUILDING SYSTEMS, INC.

### CERTIFICATE OF SERVICE

I certify that, on June 7, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

*/s/ Amanda S. Stout*
Amanda S. Stout