## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | *  MDL NO. 1873 |
| | * |
| | * |
| | * |
| | * |
| | *  JUDGE ENGELHARDT |
| | * |
| THIS DOCUMENT RELATES TO: | * |
| | * |
| *Andrew Williams, Jr.. v. Morgan Buildings and Spas, Inc., et al* (E.D. La. Suit No. 09-5452) | *  MAGISTRATE CHASEZ |

**************************************

## MEMORANDUM IN SUPPORT OF RULE 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan), appearing for the sole purpose of objecting to service, submit this memorandum in support of their Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process.  The plaintiff's claims against Morgan should be dismissed, because he failed to serve Morgan within 120 days of the filing of the lawsuit as required by the Federal Rules of Civil Procedure.

**I.      THE PLAINTIFF FAILED TO TIMELY REQUEST SERVICE OR A WAIVER OF SERVICE**

The plaintiff initiated this lawsuit on August 3, 2009, by the filing of a "Complaint for Damages."[1]  This lawsuit was assigned suit number 09-5452. (R. Doc. 1 in suit no. 09-5452).  To date, Morgan has not been served with a summons and copy of this lawsuit, nor has Morgan received any request for a waiver of service.

The plaintiff has not timely requested waiver of service, or served Morgan, in compliance with the Federal Rules of Civil Procedure.  Rule 4(c) provides, in part:

---

[1] This lawsuit contains a single plaintiff.  The caption identifies the plaintiff as Andrew Williams, Jr.  However, the first paragraph of the complaint identifies the plaintiff as Andrew Morgan.

> (1) A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

***

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Pursuant to Rule 4(m), the plaintiff was responsible for serving Morgan within 120 days from August 3, 2009, the date he filed his compliant, or by December 1, 2009. Morgan was not served with a summons and a copy of the complaint or a request for waiver of service by that date. Accordingly, the plaintiff has failed to properly and timely serve Morgan.

## II.   THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER MORGAN BECAUSE PROPER SERVICE HAS NOT BEEN OBTAINED

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, (1999) *citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97 (1987); *see also Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999)(when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside); *Jackson v. Hayakawa*, 682 F.2d 1344, 1344 (9th Cir. 1982) (Neither actual notice nor simply naming the defendant in the complaint's caption will subject the defendant to personal jurisdiction if service is not made pursuant to Rule 4). As the plaintiff has failed to effect service on Morgan, this Court does not have personal jurisdiction over Morgan in this matter, and the plaintiff's claims against Morgan should be dismissed.

## III.  CONCLUSION

The plaintiff did not comply with Rule 4 of the Federal Rules of Civil Procedure.  The plaintiff failed to serve Morgan within 120 days of filing this action and, therefore, this Court lacks personal jurisdiction over Morgan. Thus, the plaintiff's suit against Morgan should be dismissed.

Respectfully submitted,


/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS &
SPAS, INC. AND MORGAN BUILDING
SYSTEMS, INC.


## CERTIFICATE OF SERVICE

I certify that, on June 8, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

382597.1

3