IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 07-1873<br><br>Section "N" (5) |
| This document relates to<br>CA 10-3745; Melody Ann Conrad v.<br>Lakeside Park Homes, Inc., et al.<br>Plaintiffs (1)-(19) | Judge Kurt D. Engelhardt<br>Magistrate Alma L. Chasez |

### AGBAYANI CONSTRUCTION CORPORATION'S ORIGINAL ANSWER TO AMENDING COMPLAINT FOR DAMAGES

Defendant Agbayani Construction Corporation ("Agbayani"), files this Original Answer to Plaintiffs' Amending Complaint for Damages ("Complaint"), as follows:

1.  No response is required to the Introductory Paragraphs.

### I. PARTIES

2.  Paragraph 1 makes a jurisdictional allegation for which no response is required. However, to the extent a response is required, Agbayani denies this paragraph for lack of sufficient information to justify a belief as to the truth thereof.

3.  Paragraph 2 requires no response as it names, as Plaintiffs, the individuals listed on Exhibit "A" to this Complaint. However, to the extent that Exhibit "A" lists plaintiffs who are named in other previously filed lawsuits involving the same claims and naming the same manufacturing defendant and Agbayani as defendants, Agbayani would state that such plaintiff is not entitled to be listed as a plaintiff in this lawsuit, as this is a duplicative lawsuit.

Further, to the extent that any plaintiff on Exhibit A is listed multiple times, Agbayani denies that any such plaintiff is entitled to bring duplicate claims.

4. Paragraphs 3 and 4 name a defendant other than Agbayani and, therefore, no response is required.

5. Agbayani admits the allegations in Paragraph 5, except that it denies that it was tasked with the maintenance and repair, de-installation and refurbishment of the temporary housing units provided by FEMA.

6. Paragraph 6 names a defendant other than Abgayani and, therefore, no response is required.

## II. JURISDICTION AND VENUE

7. Paragraphs 7 through 9 make jurisdictional allegations for which no response is required. However, to the extent a response is required, Agbayani denies the allegation that there is diversity of citizenship and that the amount in controversy exceeds $75,000, for lack of sufficient information to justify a belief as to the truth thereof.

8. In response to Paragraph 10, Agbayani does not contest this jurisdictional allegation.

9. In response to Paragraph 11, Agbayani does not contest that this Court has personal jurisdiction over it in this matter. To the extent this paragraph makes a jurisdictional allegation regarding a named defendant other than Agbayani, no response is required.

10. In response to Paragraph 12, Agbayani does not contest that venue is proper.

## III. FACTS AND GENERAL ALLEGATIONS

11. Paragraph 13 is admitted, except that Agbayani denies that Plaintiff Kayle Lynn Deffes ever resided or lived in housing units provided by FEMA and installed by Agbayani, for lack of sufficient information to justify a belief as to the truth thereof.

12. Paragraph 14 is admitted, except the allegation that mobile homes "are designed to be used as permanent homes." To the extent any further response is required; Agbayani submits that the Center of Disease Control and Prevention article speaks for itself.

13. In response to Paragraph 15, Agbayani admits that travel trailers are generally "wheel-mounted" and "no larger than 8 feet wide and 40 feet long." The remainder of the paragraph is denied for lack of sufficient information to justify a belief as to the truth thereof.

14. In response to Paragraph 16, Agbayani admits that park models are larger versions of travel trailers and can be "up to 400 square feet in area." The remainder of the paragraph is denied by Agbayani for lack of sufficient information to justify a belief as to the truth thereof.

15. Paragraph 17 is admitted.

16. Paragraphs 18 through 24 are denied because the allegations in these paragraphs are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof.

17. The first sentence of Paragraph 25 is admitted. The remainder of this paragraph asserts legal conclusions and does not require a response by Agbayani. However, to the extent a response is required, Agbayani denies that it is required to display the health notice described in Paragraph 25.

18. Paragraphs 26 and 27 are denied by Agbayani for lack of sufficient information to justify a belief as to the truth thereof.

19. Paragraphs 28 and 29 assert legal conclusions and do not require a response by Agbayani. To the extent a response is required, these paragraphs are denied by Agbayani for lack of sufficient information to justify a belief as to the truth thereof.

20.     Paragraph 30 is denied because the allegations in this paragraph are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof.

21.     Paragraph 31 is denied because the allegations in this paragraph are not directed at Agbayani.  Further, this paragraph asserts legal conclusions and, therefore, does not require a response.

22.     Paragraphs 32 through 36 are denied because the allegations in this paragraph are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof.

23.     Paragraph 37 is admitted, except the allegation that Agbayani was expressly contracted "to implement the mandates of the Stafford Act."

24.     Paragraphs 38 through 40 are denied.

25.     In response to Paragraph 41, Agbayani admits that it was tasked with the transportation, installation, site identification and preparation of locations, and preparation of infrastructure, but denies that it was tasked with inspection of the units prior to lease-in and occupancy by the Plaintiffs, maintenance or repair of the units post-occupancy, refurbishment and restoration of the units, or eventual de-installation and removal of the units.

26.     Paragraph 42 is denied.

27.     Paragraph 43 is admitted, except that Agbayani denies that it was obligated to maintain any units or staging areas after inspection of the units by FEMA and lease-in and occupancy by the Plaintiffs.

28.     Paragraph 44 is admitted by Agbayani, except that Agbayani denies that it used any "subsidiary companies."

29. The first two sentences of Paragraph 45 are admitted by Agbayani, but the third sentence is denied.

30. Paragraph 46 is admitted by Agbayani, except that Agbayani denies that, for every unit, the unit was raised "several feet into the air" during the blocking process.

31. Paragraphs 47 and 48 are denied.

32. The first and second sentences of Paragraph 49 are admitted by Agbayani, and the remainder is denied.

33. In response to Paragraph 50, Agbayani states that it did not consult with the Manufacturing Defendant with respect to "the installation, warnings, warranty issues or advisability of using travel trailers for long term residence and occupation." The remainder of this paragraph is denied.

34. Paragraphs 51 through 55 are denied.

35. In response to Paragraph 56, Agbayani admits that it did not warn any plaintiff of the presence of elevated levels of formaldehyde, but denies that it had knowledge of such levels or that it had any duty to warn under these circumstances.

36. Paragraphs 57 through 60 are denied.

37. Paragraph 61 through 82 are denied because the allegations in these paragraphs are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof.

38. Paragraphs 83 through 85 are denied because the allegations in these paragraphs are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof. To the extent a response is required, Agbayani submits that the CDC study speaks for itself.

39. Paragraphs 86 through 88 are denied because the allegations in these paragraphs are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof.

## COUNT 1:

## CAUSE OF ACTION AGAINST THE FEDERAL GOVERNMENT

40. Paragraphs 89 through 94, including all subparts, are denied because the allegations in these paragraphs are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof.

## COUNT 2:

## CAUSE OF ACTION AGAINST THE MANUFACTURING DEFENDANTS UNDER LOUISIANA PRODUCTS LIABILITY ACT

41. Paragraphs 95 through 100, including all subparts, are denied because the allegations in these paragraphs are not directed at Agbayani and for lack of sufficient information to justify a belief as to the truth thereof.

## COUNT 3:

## CAUSE OF ACTION AGAINST THE NO-BID DEFENDANTS UNDER LOUISIANA PRODUCTS LIABILITY ACT

42. In response to Paragraph 101, Agbayani re-alleges and re-avers all previous responses.

43. Paragraphs 102 through 107, including all subparts, are denied.

## COUNT 4:

## NEGLIGENCE OF THE NO-BID DEFENDANTS UNDER LOUISIANA LAW

44. In response to Paragraph 108, Agbayani re-alleges and re-avers all previous responses.

45. Paragraph 109 through 114, including all subparts, are denied.

## COUNT 5:

## NEGLIGENCE OF PROCUREMENT DEFENDANT

46. In response to Paragraph 115, Agbayani re-alleges and re-avers all previous responses.

47. Paragraph 116 through 124, including all subparts, are denied.

48. Agbayani denies that Plaintiffs are entitled to the relief requested in their Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent any allegations in any paragraph are to be constructed against any defendant other than Agbayani, namely the other No-Bid Defendants, these allegations are denied for lack of sufficient information to justify a belief as to the truth thereof.

All allegations of Plaintiffs' Supplemental and Amending Complaint not specifically admitted are denied.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, as supplemented and amended, fails to state a claim or cause of action against Agbayani upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The claims against Agbayani are barred, in whole or in part, by Plaintiffs' failure to initiate a suit with the period of time required by the applicable statutes of limitations and/or any applicable limitation of actions, or by preemption or prescription, or failure to initiate suit within

the period of time required by the applicable prescriptive periods and/or any limitations of actions contained in any applicable contracts.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the recovery they seek because they have not suffered any damages, or alternatively, because they have failed to mitigate their damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages results solely or substantially from the negligence, fault or comparative fault, or actions of other for whom Agbayani is in no way responsible or liable, including non-parties.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Agbayani are preempted or otherwise precluded by the statutes, standards, regulations, and rules propagated by the Federal Government and/or Department of Transportation, Housing and Urban Development, FEMA, and/or other federal agencies.

## SEVENTH AFFIRMATIVE DEFENSE

Agbayani is not a "manufacturer" within the meaning of the Louisiana Products Liability Act, La. R.S. 9:2800.51 *et seq*. ("LPLA"). Agbayani further denies the existence of any defect that would render Agbayani's work unreasonably dangerous under the LPLA.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Agbayani is found to be a manufacturer, which is denied, Agbayani specifically pleads, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act, LSA-R.S. 9:2800.51 *et seq.*   Agbayani specifically pleads that the subject units,

including all component parts thereof, were properly installed in accordance with state of the art at the time; and, therefore, there is no legal basis for any assessment of fault against Agbayani.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or may be, barred, in whole or in part, to the extent that the Complaint, as supplemented and amended, does not state a cause of action for punitive or exemplary damages against Agbayani sufficient in law whereby recovery may be had.

## TENTH AFFIRMATIVE DEFENSE

Agbayani had no duty to warn Plaintiff of any alleged harmful conditions of the units.

## ELEVENTH AFFIRMATIVE DEFENSE

If it is found that Agbayani owed a duty to Plaintiffs, which it denies, Agbayani did not breach that duty.

## TWELFTH AFFIRMATIVE DEFENSE

The injuries, damages, or losses alleged by Plaintiffs were not caused by any negligent or wrongful act or omission of any officer, agent, servant or employee of Agbayani. No negligent, wrongful act or omission of Agbayani was the cause in fact, or in any way contributed to, Plaintiffs' alleged injuries, damages or losses. No negligent, wrongful act or omission of Agbayani was the proximate or legal cause, or in any way contributed to, Plaintiffs' alleged injuries, damages or losses.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged injuries of which Plaintiffs complain resulted from Plaintiffs' pre-existing medical and/or emotional conditions and illnesses not common to other persons and not foreseeable or determinable by Agbayani.

## FOURTEENTH AFFIRMATIVE DEFENSE

Agbayani adopts and incorporates any and all defenses raised by any other No-Bid Defendant in this litigation to the extent that said defenses are not inconsistent with Agbayani's assertion that it is not liable to the Plaintiffs for any of the injuries and/or damages alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

No evidence exists that Plaintiffs would have read, relied on, and/or heeded any and all warnings and instructions regarding the use of the units, and no evidence exists that such warnings or instructions were necessary.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the government contractor defense, regarding products purchased by the federal government, meeting its specifications and installed according to its directions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff specifically pleads all applicable defenses available under the Robert T. Stafford Disaster Relief and Emergency Assistance Act and the Louisiana Health Emergency Powers Act, La. R.S. 29:771.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Agbayani is not liable under La. R.S. 9:2771 because its work conformed to FEMA's plans and specifications.

### NINETEENTH AFFIRMATIVE DEFENSE

Agbayani had no maintenance responsibilities for Plaintiffs' units after the units were installed. Agbayani's responsibilities for Plaintiffs' units ended after FEMA's pre-occupancy inspection and approval.

### TWENTIETH AFFIRMATIVE DEFENSE

Agbayani further pleads that Plaintiffs' claims are, or may be barred, in whole or in part, to the extent that the Economic Loss Doctrine applies. Agbayani incorporates the Court's Order and Reasons (R. Doc. 984).

### TWENTY FIRST AFFIRMATIVE DEFENSE

All claims against Agbayani are barred in whole or in part by the doctrines of estoppel, release or waiver.

### TWENTY SECOND AFFIRMATIVE DEFENSE

The injuries alleged by Plaintiffs, to the extent they exist at all, were legally or proximately caused by intervening and superseding causes and circumstances.

WHEREFORE, Defendant Agbayani Construction Corporation prays for a trial by jury and that the Court, after notice and hearing or trial, enter judgment in favor of Agbayani, award Agbayani Construction Corporation its costs of court, attorneys' fees, and such other and further relief, in law or in equity, to which the Agbayani Construction Corporation may be justly entitled.

Respectfully submitted,

s/Janet L. MacDonell
Janet L. MacDonell, Bar #17315
21452 Lowe Davis Rd.
Covington, LA 70435
985 867 9971/504 451 6382
Jmacdonell4@cox.net
AGBAYANI CONSTRUCTION
CORPORATION

Of counsel:

**GORDON & REES, L.L.P.**
1900 West Loop South, Suite 1000
Houston, Texas 77027
Phone: (713) 961-3366
Fax: (713) 961-3938

### CERTIFICATE OF SERVICE

      I hereby certify that on June 9th, 2011, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

                                       s/Janet L. MacDonell
                                       Janet L. MacDonell