## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**MDL NO. 1873**

IN RE: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION

**JUDGE ENGELHARDT**

**This document relates to:**
*Bingham, No. 10-3406*

**MAG. JUDGE CHASEZ**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PTO 2 AND 32

Defendant Dutchmen Manufacturing, Inc. ("Dutchmen") has filed a motion to dismiss the claims of plaintiffs **Dezrin Dedeaux, Wue D. Lee, Aamori Smith, Anaisha Carriere, Andre Williams, Annie Green, Babara Martin, Wade Lee, Mary Bingham, Mary D. Brown, Lacey L. Clayton, Randall C. Clayton, Roganay Cunningham, Nathan Davis, Chastity Doby, Destiny Hopson, Richard Johnston, Lea Kadner-Roach, Brooke Roach, Bryce Roach, Ronald Roach, Dana Scott, Janiya Smith, Robin Smith, J.T. William, Trevor Jeremiah, Brett Watson, Clara Morgan, Perry Martin, Sheila Liang, Fran A. Jacobs, and Mikala Hopson.** As explained below, these plaintiffs have failed to comply with PTO Nos. 2 and 32 because they have not cured all the deficiencies in their fact sheets within the 30-day deadline for doing so.

## BACKGROUND

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued PTO No. 2, describing procedures for various case management issues.

PTO No. 2 introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form.[1] The order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet.

Outlining the curing process, the PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiffs' counsel a letter explaining the material deficiency in the PFS.[2]  The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[3]

---

[1] Rec. Doc. No. 87.

[2] *Id*. at p. 8-9.

[3] *Id*.

On March 18, 2009, the Court amended Pre-Trial Order No. 2 with PTO No. 32 as to the issue of these fact sheets.[4]   Due to the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the provision of the sheets. PTO No. 32 also retained the same curing procedure as was set forth in PTO No. 2.

The plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in these two orders.

## LAW AND ARGUMENT

Here, Dutchmen respectfully submits that the plaintiffs identified above, **Dezrin Dedeaux, Wue D. Lee, Aamori Smith, Anaisha Carriere, Andre Williams, Annie Green, Babara Martin, Wade Lee, Mary Bingham, Mary D. Brown, Lacey L. Clayton, Randall C. Clayton, Roganay Cunningham, Nathan Davis, Chastity Doby, Destiny Hopson, Richard Johnston, Lea Kadner-Roach, Brooke Roach, Bryce Roach, Ronald Roach, Dana Scott, Janiya Smith, Robin Smith, J.T. William, Trevor Jeremiah, Brett Watson, Clara Morgan, Perry Martin, Sheila Liang, Fran A. Jacobs, and Mikala Hopson**, have failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the

---

[4] Rec. Doc. No. 1180.

court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[5]

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[6]

Here, among others, Dutchmen received fact sheets for the above-referenced plaintiffs. These fact sheets are the subject of this motion to dismiss.

Dutchmen reviewed the fact sheets from these plaintiffs, and then on December 2, 2010, sent a deficiency letter outlining the problems with the fact sheets.[7]

On January 5, 2011, the Plaintiffs attempted to cure the deficiencies identified by Dutchmen.[8]  This letter was not sent within the thirty day period required for curing deficiencies.  In addition, while the January 5th letter provided

---

[5] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237,242 (5th Cir. 1993).

[6] *Wren v. American Cast Iron Pipe Co.*, 575 F. 2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping, Ltd.*, 504 F. 2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1215 (5th Cir. 1970).

[7] Dutchmen has attached a copy of its deficiency letter, dated December 2, 2010, as Exhibit "A" to its motion to dismiss.

[8] *See* Exhibit "B" (January 5, 2011 letter from Langston & Lott law firm).

some information for the various plaintiffs identified above, the plaintiffs' counsel indicated for many of the deficiencies identified for each of these plaintiffs that his"[c]lient has not responded to our inquiries regarding the section referenced," leaving the plaintiffs' counsel unable to provide the information requested for these plaintiffs.  Thus, the plaintiffs' fact sheets are still deficient in many respects.

Based on these deficiencies and the plaintiffs' failure to cure them, Dutchmen requests that the Court enter an order dismissing the claims brought by these plaintiffs.  As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Dutchmen must be able to obtain information about those who make allegations against it.

The Plaintiff Fact Sheet serves as the best way to acquire such information, as the sheet acts as the initial round of discovery responses. Without this simulated discovery response, Dutchmen is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Dutchmen.

Therefore, per PTO Nos. 2 and 32 and FRCP Rules 37(b)(2)VI and 41(b), Defendant Dutchmen Manufacturing, Inc. moves that the Court grant its motion and dismiss the claims of plaintiffs, **Dezrin Dedeaux, Wue D. Lee, Aamori Smith, Anaisha Carriere, Andre Williams, Annie Green, Babara Martin, Wade Lee, Mary Bingham, Mary D. Brown, Lacey L. Clayton, Randall C. Clayton, Roganay Cunningham, Nathan Davis, Chastity Doby, Destiny Hopson, Richard Johnston, Lea Kadner-Roach, Brooke Roach, Bryce**

**Roach, Ronald Roach, Dana Scott, Janiya Smith, Robin Smith, J.T. William, Trevor Jeremiah, Brett Watson, Clara Morgan, Perry Martin, Sheila Liang, Fran A. Jacobs, and Mikala Hopson,** all with prejudice.

Respectfully submitted,

*s / Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
　　　　-and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Dutchmen Manufacturing, Inc.***

Date:  June 10, 2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 10th day of June, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson