# LANGSTON & LOTT, P.A.

### A T T O R N E Y S    A T    L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS  38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

* Also Licensed in Alabama
** Also Licensed in Tennessee

January 5, 2011
Ryan E. Johnson, Esq.
Jones Walker
8555 United Plaza Blvd.
Baton Rouge, LA 70809-7000

Re:    *FEMA Trailer Formaldehyde Product Liability Litigation*
       *USDC, ED of LA, MDL 1873*

Dear Mr. Johnson:

I am in receipt of your letter dated November 30, 2010 regarding alleged deficiencies in fact sheets produced by my office on behalf of clients who resided in a THU manufactured by Dutchmen.  I will attempt to address each of your concerns below:

<u>Dezrin Dedeaux</u>

1.  **Section II, Personal Information, A** - Many of these forms were completed by a member of my staff with the assistance of the client.
2.  **Section III, Case Information, A (1&7)** – Client was not completing the fact sheet in a representative capacity. Consequently Section III, A., is not applicable to this client.
    **Section III, Case Information, C (8)** – Yes, but did not receive any medical treatment for emotional damages.
3.   **Section IV, Background Information, A** – Client has not responded to our inquiries regarding the sections referenced.
    **Section IV, Background Information, C (place of birth)** – Client has not responded to our inquiries regarding the sections referenced.
    **Section IV, Background Information, E and F (1&2)** – Client has not responded to our inquiries regarding the sections referenced.
4.  **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14)** - Client has not responded to our inquiries regarding the sections referenced.

EXHIBIT
B

Section V, FEMA Trailer or Mobile Home Unit, A (17-20) – Unknown

5. **Section VI, Medical Background, A and B** – Client has not responded to our inquiries regarding the sections referenced.
6. **Section VII, Medical Diagnosis, B (type of Self Treatment)** – Unknown.
   **Section VII, Medical Diagnosis, C and D** – Client did not receive any such treatment.
7. **Section VIII, Documents, B (no Form 95 attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Client has not responded to our inquiries regarding the sections referenced.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey, L. Lott.** – Certified by Langston & Lott as attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.

<u>Wue D. Lee</u>

1. **Section II, Personal Information, A.** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, A (1 & 7)** – Client was not completing the fact sheet in a representative capacity. Consequently, Section III, A., is not applicable to this client.
   **Section III, Case Information, C (8)** – Yes, but client did not receive medical treatment for emotional damages.
3. **Section IV, Background Information, A, B, and C** – Client has not responded to our inquiries regarding the sections referenced.
   **Section IV, Background Information, E and F (1 & 2)** – Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14)** – Client has not responded to our inquiries regarding the sections referenced.
   **Section V, FEMA Trailer or Mobile Home Unit, A (17-20)** – Unknown.
5. **Section VI, Medical Background, A, B, C (number of years), D (number of years and 3) and G.** – Unknown.
6. **Section VII, Medical Diagnosis (A-D)** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (no form 95 attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.

<u>Aamori Smith</u>

1. **Section II, Personal Information, A** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, C (3 & 5)** – Client has not responded to our inquiries regarding the sections referenced.
   **Section III, Case Information, C (8)** – Yes, but client did not receive any medical treatment for emotional damages.
3. **Section IV, Background Information, A and C (place of birth)** – Client did not respond to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14)** – Client did not respond to our inquiries regarding the sections referenced.
   **Section V, FEMA Trailer or Mobile Home Unit, A (17-20)** – Unknown.
5. **Section VI, Medical Background, A and B** – Unknown
6. **Section VII, Medical Diagnosis, A-D** – Client did not respond to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (no form 95 attached)** – Client did not file suit against the United States and does not have a copy of the form 95 he submitted)
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client did not respond to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Client did not respond to our inquiries regarding the sections referenced.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff Fact Sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L., Lott** – Certified by Langston & Lott as attorney in fact.
12. **Did not provide copy of Power of Attorney** - Attached.

<u>Anaisha Carriere</u>

1. **Section II, Personal Information, A** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, C (3, 4, 5)** – Client has not responded to our inquiries regarding the sections referenced.
   **Section III, Case Information C (8)** – Yes, but client did not receive any medical treatment regarding emotional damage.
3. **Section IV, Background Information, A and C (place of birth)** - Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14)** -  Client has not responded to our inquiries regarding the sections referenced
   **Section V, FEMA Trailer or Mobile Home Unit, A (17-20)** – Unknown.

5. **Section VI, Medical Background, A and B** – unknown.
6. **Section VII, Medical Diagnosis A-D** - Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information (A-F)** - Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** - Client has not responded to our inquiries regarding the sections referenced.
10. **Privacy Act Release not signed by Plaintiff and signature does not appear to be that of attorney, Casey Langston Lott.** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff Fact Sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott as attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.


Andre Williams

1. **Section III, Case Information C (8)** – did not receive any medical treatment for emotional damages.
   **Section III, Case Information C (9)** – amount of claim was unknown.
2. **Section IV, Background Information, C (date of birth)** -  7/17/1984.
   **Section IV, Background Information, F (dates attended and diplomas/degrees received)** - Client has not responded to our inquiries regarding the sections referenced.
3. **Section V, FEMA Trailer or Mobile Home Unit, A(4)** – 1242313
   **Section V, FEMA Trailer or Mobile Home Unit, A(11)** – 240 sq. ft.
   **Section V, FEMA Trailer or Mobile Home Unit, A(12)** – 8'x30'
4. **Section VI, Medical Background, A and B** – Unknown
   **Section VI, Medical Background, C and D** - Client has not responded to our inquiries regarding the sections referenced.
5. **Section VII, Medical Diagnosis, A-C** – Client did not use any health care providers.
6. **Section IX, List of Medical Providers and Other Sources of Information, C (admission dates & reason for admission)** – client was unsure of admission dates, and client did not respond to our inquiries regarding reason for admission.
   **Section IX, List of Medical Providers and Other Sources of Information, E (dates of treatment)** – client was unsure of dates.


Annie Green

1. **Section III,  Case Information, C (2)** - Cancer, respiratory illness or disease, skin irritation and other medical problems itemized in Section III.C.3.
   **Section III, Case Information, C (5)** – Unknown.

2. **Section IV, Background Information, A, B** - Client has not responded to our inquiries regarding the sections referenced.
   **Section IV, Background Information, E (institution, course of study, diplomas/degrees)** - Client has not responded to our inquiries regarding the sections referenced.
   **Section IV, Background Information, F (1 & 2)** - Client has not responded to our inquiries regarding the sections referenced.
3. **Section V, FEMA Trailer or Mobile Home Unit, A (2)** – 210E400755A00H0
   **Section V, FEMA Trailer or Mobile Home Unit, A (4)** – 1225688
   **Section V, FEMA Trailer or Mobile Home Unit, A (11-13)** – Unknown.
4. **Section VII, Medical Diagnosis, A-D** - Client has not responded to our inquiries regarding the sections referenced.
5. **Section IX, List of Medical Providers and Other Sources of Information A-F** - Client has not responded to our inquiries regarding the sections referenced.
6. **Did not provide Social Security Number on HIPAA Release** - Client has not responded to our inquiries regarding the sections referenced.

<u>Barbara Martin</u>

1. **Section III, Case Information, C (5)** – unknown
   **Section III, Case Information C (8)** – Client did not receive any medical treatment for emotional damage.
   **Section III, Case Information C (9)**- Client has not responded to our inquiries regarding the sections referenced.
2. **Section IV, Background Information, B** - Client has not responded to our inquiries regarding the sections referenced.
   **Section IV, Background Information, E-G** - Client has not responded to our inquiries regarding the sections referenced.
3. **Section IV, Family Information, A** – Unknown.
   **Section IV, Family Information, B** – No.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (2)** – 47CTD2N296M424462
   **Section V, FEMA Trailer or Mobile Home Unit, A (3)** – 911905279
   **Section V, FEMA Trailer or Mobile Home Unit, A (4)** – 1199336
   **Section V, FEMA Trailer or Mobile Home Unit, A (13)** – Unknown.
   **Section V, FEMA Trailer or Mobile Home Unit, A (19)** – Unknown.
5. **Section VI, Medical Background, B (weight prior living in FEMA trailer or mobile home)** – Unknown.
   **Section VI, Medical Background, C** - Client has not responded to our inquiries regarding the sections referenced.
   **Section VI, Medical Background, D** - Client has not responded to our inquiries regarding the sections referenced.
   **Section VI, Medical Background, F** - Client has not responded to our inquiries regarding the sections referenced.
   **Section VI, Medical Background, G** - Client has not responded to our inquiries regarding the sections referenced.

6. **Section VII, Medical Diagnosis, A-D** - Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, A** – No.
8. **Section IX, List of Medical Providers and Other Sources of Information A-F** - Client has not responded to our inquiries regarding the sections referenced.

Wade Lee by Mary Brown

1. **Section II, Personal Information, A** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, C (5)** – Unknown.
   **Section III, Case Information, C (8)** – Yes, but no medical attention was received for emotional damages.
3. **Section IV, Background Information, A and C (place of birth)** - Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9 & 10)** - Client has not responded to our inquiries regarding the sections referenced.
   **Section V, FEMA Trailer or Mobile Home Unit, A (13 & 14, 17-20)** – Unknown.
5. **Section VI, Medical Background, A and B** – Unknown.
6. **Section VII, Medical Diagnosis, A-D** - Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** - Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number to HIPAA Release** - Client has not responded to our inquiries regarding the sections referenced.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott.** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott as attorney in fact.
12. **Did not provide Power of Attorney-** Attached.

Mary Bingham

1. **Section II, Personal Information, A** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, A (1 & 7)** – Client was not completing the fact sheet in a representative capacity. Consequently Section III, A., is not applicable to this client.
   **Section III, Case Information, C (8)** – Client did not receive any medical treatment for emotional damages.

3. **Section IV, Background Information, A, B, and C (place of birth)** - Client has not responded to our inquiries regarding the sections referenced.
   **Section IV, Background Information, E and F (1 & 2)** - Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14)** - Client has not responded to our inquiries regarding the sections referenced.
   **Section V, FEMA Trailer or Mobile Home Unit, A (17-20)** – Unknown
5. **Section VI, Medical Background, A, B, and C (amount currently smoked and number of years smoked)** - Client has not responded to our inquiries regarding the sections referenced.
6. **Section VII, Medical Diagnosis, B (dates of treatment)** – Unknown
   **Section VII, Medical Diagnosis, C and D** - Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** - Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** - Client has not responded to our inquiries regarding the sections referenced.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott.** – Signature is that of Casey Langton Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on certification does not appear to be that of attorney, Casey L, Lott** – Certified by Langston & Lott as attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.

Mary D. Brown
 Page 9 of PFS not produced – Attached.

1. **Section II, Personal Information, A** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, A (1 & 7)** – Client was not completing the fact sheet in a representative capacity. Consequently Section III, A., is not applicable to this client.
   **Section III, Case Information, C (8)** – Medical Treatment was not received for emotional damage.
3. **Section IV, Background Information, A, B, and C (place of birth), E and F (1 & 2)** - Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (13 & 14)** - Client has not responded to our inquiries regarding the sections referenced.
   **Section V, FEMA Trailer or Mobile Home Unit, A (17-20)** – Unknown.
5. **Section VI, Medical Background, A, B, C (number of years smoked)** – Unknown.
   **Section VI, Medical Background, D (1-number of years smoked and 3)** – Unknown
6. **Section VII, Medical Diagnosis, B (dates of treatment)** – Unknown.

**Section VII, Medical Diagnosis, C and D -** Client has not responded to our inquiries regarding the sections referenced.

7. **Section VIII, Documents, B (form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the form 95 he submitted.

8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.

Lacey L. Clayton by Perry Martin

1. **Section III, Case Information, A (7) and C (1, 2, 9)** – Daughter to the first part and to the second part, client has not responded to our inquiries regarding the section referenced.

2. **Section IV, Background Information, B and F** – Client has not responded to our inquiries regarding the sections referenced.

3. **Section IV, Family Information, A and B** – Client has not responded to our inquiries regarding the sections referenced.

4. **Section V, FEMA Trailer or Mobile Home Unit, A (1-4, 13 and 19)** – Dutchen, VIN #47CTD2N296M424462, FEMA #911905279 and Bar Code #1199336.  Client has not responded to our inquiries regarding the other sections referenced.

5. **Section VI, Medical Background, A-G** – Client has not responded to our inquiries regarding the section referenced.

6. **Section VII, Medical Diagnosis, A-G** – Client has not responded to our inquiries regarding the section referenced.

7. **Section VIII, Documents, A-G** – Client has not responded to our inquiries regarding the section referenced.

8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the section referenced.

Randall C. Clayton by Perry Martin

1. **Section III, Case Information, C (5, 8 and 9 amount claim)** – Client has not responded to our inquiries regarding the section referenced.

2. **Section V, FEMA Trailer or Mobile Unit, A (1-4. 13 and 19) and D (date and reason for repair service or maintenance** – Dutchmen, VIN #47CTD2N296M424462 , FEMA #911905279 and Bar Code #1199336. Unknown to D.

3. **Section VII, Medical Diagnosis, A-C** – Client has not responded to our inquiries regarding the sections referenced.

4. **Section VIII, Documents, A and B-G** – Client has not responded to our inquiries regarding the sections referenced.

5. **Section IX, List of Medical Providers and Other Sources of Information, A-1** – Client has not responded to our inquiries regarding the sections referenced.

Roganay Cunningham by Annie Green

1. **Section III, Case Information, A (7) and C (2, 4 and 5)** – Mother to Section A and unknown to Section C.
2. **Section IV, Background Information, A** – Client has not responded to our inquiries regarding the section referenced.
3. **Section V, FEMA Trailer or Mobile Unit, A (2, 4, 13 and 19)** – VIN #210E400755A000110 and Bar Code #1225688.  Client has not responded to remaining sections referenced.
4. **Section VI, Medical Background, A-B** – Client has not responded to our inquiries regarding the section referenced.
5. **Section VII, Medical Diagnosis, A-B** – Client has not responded to our inquiries regarding the section referenced.
6. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Unknown.
7. **Did not provide Social Security Number on HIPAA Release** – Unknown.

Nathan Davis

1. **Section II, Personal Information, A** – Many of these form were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, A (1 and 7) and C (8)** – Client has not responded to our inquiries regarding the section referenced.
3. **Section IV, Background Information, A, B, C, E and F (1 and 2)** – Client has not responded to our inquiries regarding the section referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)** – Unknown.
5. **Section VI, Medical Background, A B and C** – Unknown.
6. **Section VII, Medical Diagnosis, B, C and D** – Unknown.
7. **Section VIII, Documents B (Form 95 not attached** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information** – Unknown.
9. **Did not provide Social Security Number on HIPAA Release** – Unknown.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott as attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.

Chastity Doby by Clara Morgan

1. **Section III, Case Information, C (5, 8 and 9)** – Client has not responded to our inquiries regarding the sections referenced.
2. **Section IV, Background Information, A (dates of residence), E and F(1&2)** – Client has not responded to our inquiries regarding the sections referenced.

   3. **Section V, FEMA Trailer or Mobile Home Unit, A (13 & 20), B-D and E** – Unknown.
   4. **Section VII, Medical Diagnosis B, C and D** – Unknown.
   5. **Section VIII, Documents, A-E** – Unknown.
   6. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Unknown.

<u>Roderick Gates</u>

   1. **Section III, Case Information, C (5)** – Unknown.
   2. **Section IV, Background Information, B** – State of MS drivers license #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.
   3. **Section V, FEMA Trailer or Mobile Home Unit, A(2, 3, 11, 13-20), B and C** – VIN #47CTDER236G520744, FEMA ID #937790892.  Approximately 240 square feet and information for 13-20 and B and C is unknown.
   4. **Section VI, Medical Background, C and D** – Unknown.
   5. **Section VII, Medical Diagnosis, A-B** – Unknown.
   6. **Section IX, List of Medical Providers and Other Sources of Information** – Unknown.

<u>Destiny Hopson by Clara Morgan</u>

   1. **Section III, Case Information A(1&7 and C (2, 5, 8 & 9)** – Clara Morgan is representing her daughter, Destiny Hopson.  Client has not responded to our inquiries regarding Section C (2, 5, 8 & 9).
   2. **Section IV, Background Information, A (dates of residence)** – Client has not responded to our inquiries regarding the sections referenced.
   3. **Section V, FEMA Trailer or Mobile Home Unit, A (2-4, 11 & 12), B-D and E** – VIN #47CTDER246G521640, FEMA ID #911943318 and Bar Code #1245773; FEMA unit is approximately 240 square feet and 8'x30'.  B-D and E are unknown.
   4. **Section VII, Medical Diagnosis, B (dates of treatment), C and D** – Unknown.
   5. **Section VIII, Documents, A-B** – Unknown.
   6. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Unknown.
   7. **Did not provide Social Security Number on HIPAA Release** – Unknown.

<u>Richard Johnston</u>

   1. **Section II, Personal Information, A** – Many of these forms were completed by a member of my staff with the assistance of the client.

   2. **Section III, Case Information, A (1 & 7) and C (5&8)** – Client was not completing the fact sheet in a representative capacity.  Consequently, Section III A. is not applicable to this client.  Further, the client did not receive any medical

treatment for emotional damages (although he is making a claim for such).
Consequently, the uncompleted portion of Section III C. 8. is not applicable to
this client.

3. **Section IV, Background Information, A, B, C (place of birth), H and F (1 &
   2** – Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)**
   – Client has not responded to our inquiries regarding the sections referenced.
5. **Section VI, Medical Background, A, B and C** – Unknown.
6. **Section VII, Medical Diagnosis, B, C and D** – Client has not responded to our
   inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (form 95 not attached)** – Client did not file suit
   against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-
   F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Unknown.
10. **Privacy Act Release not signed by plaintiff and signature does not appear
    to be that of attorney, Casey Langston Lott** – Signature is that of Casey
    Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification
    does not appear to be that of attorney, Casey L. Lott** – Certified by Langston
    & Lott as attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.

<u>Leah Ladner-Roach</u>

1. **Section II, Personal Information, A (form appears to be completed by
   someone other than plaintiff but that information not provided** – Many of
   these forms were completed by a member of my staff with the assistance of the
   client.
2. **Section III, Case Information, A (1 & 7) and C (5 & 8)** – Client was not
   completing the fact sheet in a representative capacity.  Consequently, Section
   III. A. is not applicable to this client.  Further, the client did not receive any
   medical treatment for emotional damages (although she is making a claim for
   such).  Consequently, Section III. C. is not applicable to this client.
3. **Section IV, Background Information, A, B, C (place of birth), E and F (1
   & 2)** – Client has not responded to our inquiries regarding the sections
   referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 & 17-20)** –
   Client has not responded to our inquiries regarding the sections referenced.
5. **Section VI, Medical Background, A and B** – Client has not responded to our
   inquiries regarding the sections referenced.
6. **Section VII, Medical Diagnosis, B , C and D** – Client has not responded to
   our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (Form 95 not attached)** – Client did not file suit
   against the United States and does not have a copy of the Form 95 she
   submitted.

8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Client has not responded to our inquiries regarding this omission.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston and Lott as attorney in fact.
12. **Did not provide a copy of Power of Attorney** – Attached.

Brooke Roach by Ronald Roach

1. **Section II, Personal Information, A (form appears to be completed by someone other than Ronald Roach on behalf of Brooke Roach but that information not provided** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, C (3, 5 and 8)** – Client has not responded to our inquiries regarding the sections referenced.
3. **Section IV, Background Information, A and C (place of birth)** – Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)** – Client has not responded to our inquiries regarding the sections referenced.
5. **Section VI, Medical Background, A and B** – Unknown.
6. **Section VII, Medical Diagnosis, A-D** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (Form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Unknown.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott as attorney in fact.
12. **Did not provide a copy of Power or Attorney** – Attached.

Bryce Roach by Ronald Roach

1. **Section II, Personal Information, A (form appears to be completed by someone other than Ronald Roach on behalf of Bryce Roach but that information not provided here** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, C (3, 5, and 8)** – Client has not responded to our inquiries regarding the sections referenced.
3. **Section IV, Background Information, A and C (place of birth)** Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)** – Client has not responded to our inquiries regarding the sections referenced.
5. **Section VI, Medical Background, A and B** – Unknown.
6. **Section VII, Medical Diagnosis, A-D** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (Form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Unknown.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott, attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.

Ronald Roach

1. **Section II, Personal Information, A (form appears to be completed by someone other than plaintiff but that information not provided here** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, A (1 and 7) and C (8)** – Client was not completing the fact sheet in a representative capacity.  Consequently, Section III.A. is not applicable to this client.  Further, the client did not receive any medical treatment for emotional damages (although he is making a claim for such).  Consequently, Section III.C. is not applicable to this client.
3. **Section IV, Background Information, A, B, C (place of birth), E and F (1 and 2)** – Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (8-10, 13, 14 and 17-20)** – Client has not responded to our inquiries regarding the sections referenced.

5. **Section VI, Medical Background, A and B** – Unknown.
6. **Section VII, Medical Diagnosis, B, C and D** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (Form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Unknown.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott, attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.

Dana Scott

1. **Section II, Personal Information, A (form appears to be completed by someone other than plaintiff but that information not provided here)** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, A (1 and 7) and C (8)** – Client was not completing the fact sheet in a representative capacity. Consequently, Section III.A. is not applicable to this client. Further, the client did not receive any medical treatment for emotional damages (although she is making a claim for such). Consequently, Section III.C. is not applicable to this client.
3. **Section IV, Background Information, A, B, C (place of birth), E and F (1 and 2)** – Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)** – Client has not responded to our inquiries regarding the sections referenced.
5. **Section VI, Medical Background, A and B** – Unknown.
6. **Section VII, Medical Diagnosis, B (Dr. Singley – address and Dr. White – address, treatment received and dates of treatment), C and D** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Unknown.

10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.

11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott, attorney in fact.

12. **Did not provide copy of Power of Attorney** – Attached.

<u>Janiya Smith by Robin Smith</u>

1. **Section II, Personal Information, A (form appears to be completed by someone other than Robin Smith on behalf of Janiya Smith but that information not provided here)** – Many of these forms were completed by a member of my staff with the assistance of the client.

2. **Section III, Case Information, C (3, 5 and 8)** – Client has not responded to our inquiries regarding the sections referenced.

3. **Section IV, Background Information, A and C (place of birth)** – Client has not responded to our inquiries regarding the sections referenced.

4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)** – Client has not responded to our inquiries regarding the sections referenced.

5. **Section VI, Medical Background, A and B** – Unknown.

6. **Section VII, Medial Diagnosis, A-D** – Client has not responded to our inquiries regarding the sections referenced.

7. **Section VIII, Documents (form 95 not attached)** Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.

8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.

9. **Did not provide Social Security Number on HIPAA Release** – Unknown.

10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.

11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott, attorney in fact.

12. **Did not provide copy of Power of Attorney** – Attached.

<u>Robin Smith</u>

1. **Section II, Personal Information, A (form appears to be completed by someone other than plaintiff but that information not provided here)** – Many of these forms were completed by a member of my staff with the assistance of the client.

2. **Section III, Case Information, A (1 and 7) and C (8)** – Client was not completing the fact sheet in a representative capacity.  Consequently, Section III.A. is not applicable to this client.  Further, the client did not receive any medical treatment for emotional damages (although she is making a claim for such).  Consequently, Section III.C. is not applicable to this client.

3. **Section IV, Background Information, A, B, C (place of birth), E and F ( 1 and 2)** –Client has not responded to our inquiries regarding the sections referenced.

4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)** – Client has not responded to our inquiries regarding the sections referenced.

5. **Section VI, Medical Background, A and B** – Unknown.

6. **Section VII, Medical Diagnosis, B, C and D** – Client has not responded to our inquiries regarding the sections referenced.

7. **Section VIII, Documents, B ( form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 She submitted.

8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.

9. **Did not provide Social Security Number on HIPAA Release** – Unknown.

10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.

11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott, attorney in fact.

12. **Did not provide copy of Power of Attorney** – Attached.

<u>J.T. William</u>

1. **Section II, Personal Information, A ( form appears to be completed by someone other than plaintiff but that information not provided here** – Many of these forms were completed by a member of my staff with the assistance of the client.

2. **Section III, Case Information, A (1 and 7) and C (8)** – Client was not completing the fact sheet in a representative capacity.  Consequently, Section III.A. is not applicable to this client.  Further, the client did not receive any medical treatment for emotional damages (although he is making claim for such).  Consequently, Section III C. is not applicable to this client.

3. **Section IV, Background Information, A, C (place of birth), E and F (1 and 2)** – Client has not responded to our inquiries regarding the sections referenced.

4. **Section V, FEMA Trailer or Mobile Home Unit, A (9, 10, 13, 14 and 17-20)** – Client has not responded to our inquiries regarding the sections referenced.

5. **Section VI, Medical Background, A and B** – Client has not responded to our inquiries regarding this omission.
6. **Section VII, Medical Diagnosis, B (address), C and D** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (form 95 not attached)** – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
9. **Did not provide Social Security Number on HIPAA Release** – Unknown.
10. **Privacy Act Release not signed by plaintiff and signature does not appear to be that of attorney, Casey Langston Lott** – Signature is that of Casey Langston Lott, attorney in fact.
11. **Plaintiff fact sheet not certified by plaintiff and signature on Certification does not appear to be that of attorney, Casey L. Lott** – Certified by Langston & Lott, attorney in fact.
12. **Did not provide copy of Power of Attorney** – Attached.

<u>Trevor Jeremiah Vice by Perry Martin</u>

1. **Section III, Case Information, A (7) and C (2 and 6-9)** – Son to the first part and to the second part, client has not responded to our inquiries regarding the sections referenced.
2. **Section IV, Background Information, B-G** – Client has not responded to our inquiries regarding the sections referenced.
3. **Section V, FEMA Trailer or Mobile Home Unit, A (2-5 and 19) and D** – VIN #47CTD2N296M424462, FEMA #911905279, Bar Code #1199336 and it was a travel trailer. Client has not responded to our inquiries regarding the sections referenced.
4. **Section VI, Medical Background, B, C, D, F and G,** - Client has not responded to our inquiries regarding the sections referenced.
5. **Section VII, Medical Diagnosis, A-D** – Client has not responded to our inquiries regarding the sections referenced.
6. **Section VIII, Documents, A-G** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.

<u>Brett Watson</u>

1. **Section V, FEMA Trailer or Mobile Home Unit, A (2, 4, 6, 7, 10 and 11) and E** – VIN #47CTFMR236P614563, Bar Code #1241547. The move-in date is October of 2005, move-out date is July of 2006. Client has not

responded to our inquiries regarding number 10 and approximate square footage is 240.  Client has not responded to our inquiries regarding section E.

2. **Section VI, Medical Background, C and D (1-3)** – Client has not responded to our inquiries regarding this omission.
3. **Section VII, Medical Diagnosis, A-B** – Client has not responded to our inquiries regarding the sections referenced.
4. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.

Clara Morgan

1. **Section III, Case Information, C (2, 5, 8 and 9)** – Client has not responded to our responses regarding the sections referenced.
2. **Section IV, Background Information, A, B and F (1 and 2)** Client has not responded to our inquiries regarding sections A and F but B is MS driver's license #800627024.
3. **Section V, FEMA Trailer or Mobile Home Unit, A (2-4, 11, 12 and 20), B-D and E** – VIN #47CTDER276G521640, FEMA #911943318, Bar Code #1245773.  The approximate square footage of the travel trailer is 240 square feet and it is approximately 8'x30'.  Client has not responded to the remainder of the sections referenced.
4. **Section VII, Medical Diagnosis, A-D** – Unknown.
5. **Section VIII, Documents, A-E and G** – Unknown.
6. **Section IX, List of Medical Providers and Other Sources of Information** – Unknown.
7. **Did not provide Social Security Number on HIPAA Release** – Unknown.

Perry Martin

1. **Section II, Case Information, C (4, 5, 8 and 9)** – Client has not responded to our inquiries regarding the sections referenced.
2. **Section IV, Background Information, B** – Unknown.
3. **Section IV, Family Information, A (relationship and current age of Lacey Clayton)** – daughter, age 19.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (2-4) and D (state date and reason for repair, service or maintenance)** – VIN #47CTD2N96M424462, FEMA #911905279 and Bar Code #1199336.  Unknown to D.
5. **Section VI, Medical Background, B and G** – Clients has not responded to our inquiries regarding the sections referenced.
6. **Section VII, Medical Diagnosis, A-C** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, A (medical records not attached) and B-G** – Client has not responded to our inquiries regarding the sections referenced.

8. **Section IX, List of Providers and Other Sources of Information, A-F –** Unknown.

## Sheila Liang

1. **Section II, Personal Information, A (form appears to be completed by someone other than plaintiff but that information not provided here)** – Many of these forms were completed by a member of my staff with the assistance of the client.
2. **Section III, Case Information, A (1 and 7) and C (8)** – Client was not completing the fact sheet in a representative capacity. Consequently, Section III.A. is not applicable to this client. Further, the client did not receive any medical treatment for emotional damages (although she is making a claim for such). Consequently, Section III.C. is not applicable to this client.
3. **Section IV, Background Information, A, B, C (place of birth), E and F (1 and 2)** – Client has not responded to our inquiries regarding the sections referenced.
4. **Section V, FEMA Trailer or Mobile Home Unit, A (2, 4, 9, 10, 13 and 19)** – VIN #47CTDER236G520551, Bar Code #1198442. The remaining sections are unknown.
5. **Section VI, Medical Background, A, B and C** – Client has not responded to our inquiries regarding the sections referenced.
6. **Section VII, Medical Diagnosis, B, C and D** – Client has not responded to our inquiries regarding the sections referenced.
7. **Section VIII, Documents, B (Form 95 not attached)** Client did not file suit against the United States and does not have a copy of the Form 95 she submitted.
8. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.

## Fran Jacobs

1. **Section III, Case Information, C (5 and 9)** – Client has not responded to our inquiries regarding the sections referenced.
2. **Section IV, Background Information, F (1)** – Unknown.
3. **Section V, FEMA Trailer or Mobile Home Unit, A (1, 2, 4, 11 and 12) and H** – Dutchmen is the trailer manufacturer. The square footage is approximately 240 square feet and is approximately 8'x 30'.
4. **Section VI, Medical Background, B  and F (3)** – Unknown.
5. **Section VII, Medical Diagnosis, A-D** – Unknown.
6. **Section VIII, Documents, A-G** – Client has not responded to our inquiries regarding the sections referenced.

7. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Client has not responded to our inquiries regarding the sections referenced.
8. **Did not provide Social Security Number on HIPAA Release** - Unknown.

<u>Mikala Hopson by Clara Morgan</u>

1. **Section III, Case Information, A (1 and 7) and C (2, 5, 8 and 9)** – Clara Morgan is representing her daughter, Mikala Hopson.  Client has not responded to our inquiries regarding the remaining sections.
2. **Section IV, Background Information, A** – Client has not responded to our inquiries regarding the section referenced.
3. **Section V, FEMA Trailer or Mobile Home Unit, A (2-4, 11 and 12), B-D and E** – VIN #47CTDER246G521640, FEMA #911943318, Bar Code #1245773.  The travel trailer was approximately 240 square feet and was approximately 8'x 30'.  Client has not responded to our inquiries regarding the remaining sections.
4. **Section VI, Medical Background, A and G** – Unknown.
5. **Section VII, Medical Diagnosis, B, C and D** – Unknown.
6. **Section VIII, Documents, A-E and G** – Unknown.
7. **Section IX, List of Medical Providers and Other Sources of Information, A-F** – Unknown.
8. **Did not provide Social Security Number on HIPPA Release** – Unknown.

If you have any other questions or concerns, please feel free to contact me.  I appreciate your attention to this matter and I look forward to hearing from you concerning the same.

Sincerely,

LANGSTON & LOTT, P.A.

Casey L. Lott

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S   A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

* Also Licensed in Alabama
** Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

    **THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Desrin Dedeaux_____, hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ▮▮▮▮▮ percent (▮%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ▮▮▮ percent (▮%) of the gross monetary recovery after a lawsuit has been filed and, (c) ▮▮▮▮ percent (▮%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summonsed. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

    Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the 13th day of _April_____, 2009.

_____          _____
ATTORNEY                            CLIENT

{L0060068.DOC}2

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S   A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

* Also Licensed in Alabama
** Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

**THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Robin Smith, Aaron Smith, Aniesha Carter_ hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:  → _Janiya Smith_

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ████████ percent (██%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ████ percent (██%) of the gross monetary recovery after a lawsuit has been filed and, (c) ████████ percent (██%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summoned. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the _28_ day of _MARCH_, 2009.

_____          _____
ATTORNEY                          CLIENT

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S     A T     L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS  38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

\* Also Licensed in Alabama
\** Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

   **THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and *Mary Bran/Wade Jee* , hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers.  Client and Attorney agree as follows:

1.  **Attorneys' Fees.**  It is agreed that Attorneys are to receive: (a) ███████ percent (██%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ████ percent (██%) of the gross monetary recovery after a lawsuit has been filed and, (c) █████████ percent (██%) of the gross monetary recovery once trial commences.  For the purpose of Section (c), trial will be considered to have commenced once a jury has been summoned.  If no recovery is obtained, no Attorneys' fees shall be payable by Client.  The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above.  The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2.  **Expenses.**  Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery.  Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys.  Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client.  The Attorneys will maintain an itemized statement of all expenses.

3.  **Power of Attorney.**  Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4.  **Settlement.**  Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement.  If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5.  **Potential Liens.**  Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

   Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the _24th_ day of _March_, 2009.

_[signature]_
ATTORNEY

_[signature]_
CLIENT

{L0060068.DOC}2

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S   A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

\* Also Licensed in Alabama
\*\* Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

**THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _MARY BINGHAM_____, hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ▮▮▮▮▮ percent (▮%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ▮▮▮ percent (▮%) of the gross monetary recovery after a lawsuit has been filed and, (c) ▮▮▮▮ percent (▮%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summoned. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the 31 day of *MARCH*, 2009.


_____          _____
ATTORNEY                          CLIENT

{L0060068.DOC}2

Name: _Mary Darlene Brown_

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: _Dutchmen_

2.   VIN: _47CTD4R236C520551_

3.   FEMA Identification No.: _921184098_

4.   Bar Code Number on FEMA housing unit: _1198442_

5.   Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home? Travel Trailer ☑   Mobile Home ☐

6.   Move-in Date: _2005_

7.   Move-out Date: _2008_

8.   Please state the mailing address and physical location for the FEMA trailer or mobile home unit. _1875 Hancock Dr._
_Bay St. Louis, MS 39520_

9.   Was the FEMA trailer or mobile home located in a trailer park or on private property? _N/A_

10.   State the reason you stopped living in the FEMA trailer or mobile home: _N/A_

11.   Please state the approximate square footage of the FEMA housing unit: _240 sq. ft._

12.   Please state the approximate length and width of the FEMA housing unit: _8 x 30'_

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S    A T    L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS  38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

*Also Licensed in Alabama*
**Also Licensed in Tennessee*

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

**THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Nathan Davis_____, hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers.  Client and Attorney agree as follows:

1.  **Attorneys' Fees.**  It is agreed that Attorneys are to receive: (a) ▓▓▓▓ percent (▓%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ▓▓ percent (▓%) of the gross monetary recovery after a lawsuit has been filed and, (c) ▓▓▓▓ percent (▓%) of the gross monetary recovery once trial commences.  For the purpose of Section (c), trial will be considered to have commenced once a jury has been summoned.  If no recovery is obtained, no Attorneys' fees shall be payable by Client.  The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above.  The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2.  **Expenses.**  Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery.  Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys.  Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client.  The Attorneys will maintain an itemized statement of all expenses.

3.  **Power of Attorney.**  Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4.  **Settlement.**  Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement.  If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5.  **Potential Liens.**  Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

   CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

   This the 25th day of _April_ , 2009.


_____          _____
ATTORNEY                                    CLIENT

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S · A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS  38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

\* Also Licensed in Alabama
\*\* Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

**THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Richard Johnston_ , hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers.  Client and Attorney agree as follows:

1.  **Attorneys' Fees.**  It is agreed that Attorneys are to receive: (a) ███████ percent (██%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ████ percent (██%) of the gross monetary recovery after a lawsuit has been filed and, (c) ██████ percent (██%) of the gross monetary recovery once trial commences.  For the purpose of Section (c), trial will be considered to have commenced once a jury has been summonsed.  If no recovery is obtained, no Attorneys' fees shall be payable by Client.  The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above.  The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2.  **Expenses.**  Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery.  Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys.  Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client.  The Attorneys will maintain an itemized statement of all expenses.

3.  **Power of Attorney.**  Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4.  **Settlement.**  Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement.  If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5.  **Potential Liens.**  Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the 11th day of April, 2009.


_____          _____
ATTORNEY                                  CLIENT

# LANGSTON & LOTT, P.A.

## A T T O R N E Y S   A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

\* Also Licensed in Alabama
\*\* Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

THIS agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _LEAH LADNER-ROACH / BROOKE A.R._ hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:

_BAYLE T. ROACH_

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ██████ percent (██%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ████ percent (██%) of the gross monetary recovery after a lawsuit has been filed and, (c) ██████ percent (██%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summoned. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

     CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

     This the _17th_ day of _April_____, 2009.


_____    _____
ATTORNEY                                      CLIENT

{L0060068.DOC}2

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S   A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS  38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

* Also Licensed in Alabama
** Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

    **THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and
_Ronald F. Roach_____, hereinafter referred to collectively as Client, involving a civil claim
for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA
(USA), manufacturers of the trailers and contractors who installed the trailers.  Client and Attorney agree as
follows:

1.  **Attorneys' Fees.**  It is agreed that Attorneys are to receive: (a) ▮▮▮▮▮ percent (▮%) of the gross
monetary settlement if the case is settled prior to filing a lawsuit; (b) ▮▮▮ percent (▮%) of the gross monetary
recovery after a lawsuit has been filed and, (c) ▮▮▮▮▮ percent (▮%) of the gross monetary recovery once trial
commences.  For the purpose of Section (c), trial will be considered to have commenced once a jury has been
summoned.  If no recovery is obtained, no Attorneys' fees shall be payable by Client.  The above fee has been
negotiated between Attorneys and Client, and is agreed upon as set forth above.  The Client agrees that the
Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said
association shall in no way affect the Client's percentage of recovery referenced herein.

2.  **Expenses.**  Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from
Client's share of any settlement or recovery.  Notwithstanding same, it is agreed that Attorneys shall advance all
legal costs and expenses directly related to this action, all in the sole discretion of Attorneys.  Expenses include,
but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and
costs, investigation expenses, computer research services, long-distance phone charges, service of process fees,
costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction,
preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the
representation of Client.  The Attorneys will maintain an itemized statement of all expenses.

3.  **Power of Attorney.**  Client appoints Langston & Lott as his/her limited Power of Attorney for the limited
purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde
claim.

4.  **Settlement.**  Client agrees not to make any settlement unless Attorneys are present and receive their share in
accordance with this agreement.  If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall
have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for
reasonable attorneys' fees measured by the value of Attorneys' services.

5.  **Potential Liens.**  Client is responsible for payment of any medical liens, workers' compensation liens, and/or
potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

    Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the _17_ day of _April_____, 2009.

_____          _____
ATTORNEY                                CLIENT

{L0060068.DOC}2

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S   A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS  38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933–1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

\* *Also Licensed in Alabama*
\*\* *Also Licensed in Tennessee*

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

**THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and
_Dana L. Scott_ , hereinafter referred to collectively as Client, involving a civil claim
for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA
(USA), manufacturers of the trailers and contractors who installed the trailers.  Client and Attorney agree as
follows:

1.  **Attorneys' Fees.**  It is agreed that Attorneys are to receive: (a) ██████ percent (██%) of the gross
monetary settlement if the case is settled prior to filing a lawsuit; (b) ██████ percent (██%) of the gross monetary
recovery after a lawsuit has been filed and, (c) ██████ percent (██%) of the gross monetary recovery once trial
commences.  For the purpose of Section (c), trial will be considered to have commenced once a jury has been
summonsed.  If no recovery is obtained, no Attorneys' fees shall be payable by Client.  The above fee has been
negotiated between Attorneys and Client, and is agreed upon as set forth above.  The Client agrees that the
Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said
association shall in no way affect the Client's percentage of recovery referenced herein.

2.  **Expenses.**  Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from
Client's share of any settlement or recovery.  Notwithstanding same, it is agreed that Attorneys shall advance all
legal costs and expenses directly related to this action, all in the sole discretion of Attorneys.  Expenses include,
but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and
costs, investigation expenses, computer research services, long-distance phone charges, service of process fees,
costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction,
preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the
representation of Client.  The Attorneys will maintain an itemized statement of all expenses.

3.  **Power of Attorney.**  Client appoints Langston & Lott as his/her limited Power of Attorney for the limited
purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde
claim.

4.  **Settlement.**  Client agrees not to make any settlement unless Attorneys are present and receive their share in
accordance with this agreement.  If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall
have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for
reasonable attorneys' fees measured by the value of Attorneys' services.

5.  **Potential Liens.**  Client is responsible for payment of any medical liens, workers' compensation liens, and/or
potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the *14th* day of *April*_____, 2009.

_____          _____
ATTORNEY                                                    CLIENT

# LANGSTON & LOTT, P.A.

### A T T O R N E Y S   A T   L A W

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

*Also Licensed in Alabama*
**Also Licensed in Tennessee*

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

**THIS** agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and
J. T. William , hereinafter referred to collectively as Client, involving a civil claim
for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA
(USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as
follows:

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ▮▮▮▮ percent (▮%) of the gross
monetary settlement if the case is settled prior to filing a lawsuit; (b) ▮▮ percent (▮%) of the gross monetary
recovery after a lawsuit has been filed and, (c) ▮▮▮▮ percent (▮%) of the gross monetary recovery once trial
commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been
summoned. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been
negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the
Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said
association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from
Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all
legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include,
but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and
costs, investigation expenses, computer research services, long-distance phone charges, service of process fees,
costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction,
preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the
representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited
purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde
claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in
accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall
have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for
reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or
potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC} 1

herein.

 CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

 This the _14_ day of _April_, 2009.


_____  _____
ATTORNEY         CLIENT

{L0060068.DOC}2