# LANGSTON & LOTT, P.A.
## ATTORNEYS AT LAW

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS  38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

*Also Licensed in Alabama
**Also Licensed in Tennessee

December 29, 2010

Ryan E. Johnson, Esq.
Jones Walker
8555 United Plaza Blvd.
Baton Rouge, LA 70809-7000

Re: **FEMA Trailer Formaldehyde Product Liability Litigation
USDC, ED of LA, MDL 1873**

Dear Mr. Johnson:

I am in receipt of your letter dated November 30, 2010 regarding alleged deficiencies in fact sheets produced by my office on behalf of clients who resided in a THU manufactured by DS Corp. I will attempt to address each of your concerns below:

<u>Vicki Lynn Dillon</u>

1. Section III, Case Information, C (5) – August of 2005
2. Section VII, Medical Diagnosis - All records from Adult Protective Services and doctor were lost in Katrina.
3. Section IX, List of Medical Providers - See response to Number 2.

<u>Alex D. Fairley</u>

1. Section III, Case Information – Yes, but client did not receive medical treatment for any such damage.
2. Section IV, Background Information – Client has not responded to our inquiries regarding the section referenced.
3. Section V, FEMA Trailer or Mobile Home Unit – Client has not responded to our inquiries regarding the section referenced.
4. Section VI, Medical Background – Client has not responded to our inquiries regarding the section referenced.
5. Section VII, Medical Diagnosis - Client has not responded to our inquiries regarding the section referenced.

1 | Page


EXHIBIT B

6. Section VIII, Documents – Client has not responded to our inquires regarding this omission.
7. Section IX, List of Medical Providers – Client has not responded to our inquiries regarding this omission.

Brian Henton, Jr.

1. Section II, Personal Information - Many of these forms were completed by a member of my staff with the assistance of the client.
2. Section III, Case Information – Records destroyed in Katrina.
3. Section IV, Background Information – Client has not responded to our inquiries regarding the section referenced.
4. Section V, FEMA Trailer and Mobile Home Unit – VIN #4VOTC3026B007471, Bar Code #1200766 and remaining information has not been made available by client.
5. Section VI, Medical Background – Client has not responded to our inquiries regarding the section referenced.
6. Section VII, Medical Diagnosis – Client has not responded to our inquiries regarding the section referenced.
7. Section VIII, Documents – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. Section IX, List of Medical Providers – Client has not responded to our inquiries regarding the section referenced.

Brian Henton, Sr.

1. Section II, Personal Information -  Many of these forms were completed by a member of my staff with the assistance of the client.
2. Section III, Case Information – Records destroyed in Katrina.
3. Section IV, Background Information – Client has not responded to our inquiries regarding the section referenced.
4. Section V, FEMA Trailer and Mobile Home Unit – VIN #4VOTC3026B007471, Bar Code #1200766 and remaining information has not been made available by client.
5. Section VI, Medical Background - Client has not responded to our inquiries regarding the section referenced.
6. Section VII, Medical Diagnosis – Client has not responded to our inquiries regarding the section referenced.
7. Section VIII, Documents – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. Section IX, List of Medical Providers – Client has not responded to our inquiries regarding the section referenced.

Dennis Watkins

1. Section II, Personal Information – Many of these forms were completed by a member of my staff with the assistance of the client.

2. Section III, Case Information – Client has not responded to our inquiries regarding the section referenced.
3. Section IV, Background Information – Client has not responded to our inquiries regarding the section referenced.
4. Section V, FEMA Trailer and Mobile Home Unit – Unknown
5. Section VII, Medical Diagnosis – Unknown
6. Section VIII, Documents – Client has not responded to our inquiries regarding the section referenced.
7. Section IX, List of Medical Providers – Unknown.
8. Client did not respond to our inquiries regarding this omission
9. Certified by Langston and Lott as attorneys in fact.
10. Attached.

Kaycee Henton

1. Section III, Case Information – Records destroyed in Katrina.
2. Section IV, Background Information – Client has not responded to our inquiries regarding section referenced.
3. Section V, FEMA Trailer and Mobile Home Unit – VIN #4VOTC3026B007471, Bar Code #1200766 and remaining information has not been made available by client.
4. Section VI, Medical Background – Client has not responded to our inquiries regarding the section referenced.
5. Section VII, Medical Diagnosis – Client has not responded to our inquiries regarding the section referenced.
6. Section VIII, Documents – Client did not file suit against the United States and does not have a copy of the Form 95 she submitted.
7. Section IX, List of Medical Providers – Client has not responded to our inquiries regarding the section referenced.
8. Certified by Langston & Lott as attorney in fact.
9. Client has not responded to inquiries regarding this omission.

Lisa Watkins

1. Section II, Personal Information - Many of these forms were completed by a member of my staff with the assistance of the client.
2. Section III, Case Information – Client has not responded to our inquiries regarding the section referenced.
3. Section IV, Background Information – Client has not responded to our inquiries regarding the section referenced.
4. Section V, FEMA Trailer and Mobile Home Unit – Uknown.
5. Section VI, Medical Background - Client has not responded to our inquiries regarding the section referenced.
6. Section VII, Medical Diagnosis – Client has not responded to our inquiries regarding the section referenced.

   7. Section VIII, Documents – Client has not responded to our inquiries regarding the section referenced.
   8. Section IX, List of Medical Providers - Uknown.
   9. Certified by Langston & Lott as attorney in fact.
   10. Client has not responded to our inquiries regarding this omission.
   11. Attached.

Ruth Kidd

   1. Section II, Personal Information - Many of these forms were completed by a member of my staff with the assistance of the client.
   2. Section III, Case Information – Client was not completing the fact sheet in a representative capacity. Consequently, Section III.A. is not applicable to this client. Further, the client did not receive any medical treatment for emotional damages (although she is making a claim for such). Consequently, the uncompleted portion of Section III.C.8. is not applicable to this client.
   3. Section IV, Background Information - Client has not responded to our inquiries regarding the remaining section referenced.
   4. Section V, FEMA Trailer or Mobile Home Unit - Client has not responded to our inquiries regarding the section referenced.
   5. Section VI, Medical Background - Client has not responded to our inquiries regarding the section referenced.
   6. Section VII, Medical Diagnosis - Client has not responded to our inquiries regarding the section referenced.
   7. Section VIII, Documents - Client did not file suit against the United States and does not have a copy of the Form 95 she submitted.
   8. Section IX, List of Medical Providers - Client has not responded to our inquiries regarding the section referenced.
   9. Client has not responded to our inquiries regarding this omission.

Sharon Kay Wetzel

   1. Section III, Case Information – Unknown.
   2. Section VII, Medical Diagnosis – Records destroyed in Katrina
   3. Section IX, List of Medical Providers – Records destroyed in Katrina

Tasia Henton

   1. Section II, Personal Information – Many of these forms were completed by a member of my staff with the assistance of the client.
   2. Section III, Case Information – Records destroyed in Katrina.
   3. Section IV, Background Information – Client has not responded to our inquiries regarding the section referenced.
   4. Section V, FEMA Trailer or Mobile Home Unit – VIN #4VOTC3026B007471, Bar Code #1200766 and remaining information has not been made available by client.

5. Section VI, Medical Background – Client has not responded to our inquiries regarding the section referenced.
6. Section VII, Medical Diagnosis – Client has not responded to our inquiries regarding the section referenced.
7. Section VIII, Documents – Client did not file suit against the United States and does not have a copy of the Form 95 she submitted.
8. Section IX, List of Medical Providers – Client has not responded to our inquiries regarding the section referenced.
9. Certified by Langston & Lott as attorneys in fact.
10. Client has not responded to our inquiries regarding this omission.

Thomas Kidd, Jr.

1. Section II, Personal Information – Many of these forms were completed by a member of my staff with the assistance of the client.
2. Section III, Case Information – Client was not completing the fact sheet in a representative capacity. Consequently, Section III. A. is not applicable to this client. Further, the client did not receive any medical treatment for emotional damages (although he is making a claim for such). Consequently, the uncompleted portion of Section III. C. 8. is not applicable to this client.
3. Section IV, Background Information – Client has not responded to our inquiries regarding the section referenced.
4. Section V, FEMA Trailer or Mobile Home Unit – Client has not responded to our inquiries regarding the section referenced.
5. Section VI, Medical Background – Client has not responded to our inquiries regarding the section referenced.
6. Section VII, Medical Diagnosis – Client has not responded to our inquiries regarding the section referenced.
7. Section VIII, Documents – Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. Section IX, List of Medical Providers – Client has not responded to our inquiries regarding the section referenced.
9. Client has not responded to our inquiries regarding this omission.

If you have any other questions or concerns, please feel free to contact me. I appreciated your attention to this matter and I look forward to hearing from you concerning same.

Sincerely,

**LANGSTON & LOTT, P.A.**

*[signature]*

## LANGSTON & LOTT, P.A.
### ATTORNEYS AT LAW

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

\* Also Licensed in Alabama
\*\* Also Licensed in Tennessee

### FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

THIS agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Dennis Watkins_, hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ▆▆▆ percent (▆%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ▆▆ percent (▆%) of the gross monetary recovery after a lawsuit has been filed and, (c) ▆▆▆ percent (▆%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summonsed. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC}1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the 14 day of April, 2009.

_____  _____
ATTORNEY                          CLIENT
                                  Dennis Watkins

{L0060068.DOC}2

# LANGSTON & LOTT, P.A.
## ATTORNEYS AT LAW

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

*Also Licensed in Alabama
**Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

THIS agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Lisa Watkins_, hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ▇▇▇ percent (▇%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ▇▇▇ percent (▇%) of the gross monetary recovery after a lawsuit has been filed and, (c) ▇▇▇ percent (▇%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summonsed. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC}1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the 28 day of April, 2009.

_____    _____
ATTORNEY                            CLIENT  Lisa R. Watkins

{L0060068.DOC}2