# LANGSTON & LOTT, P.A.
### ATTORNEYS AT LAW

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

\* Also Licensed in Alabama
\*\* Also Licensed in Tennessee

December 27, 2010

Ryan E. Johnson, Esq.
Jones Walker
8555 United Plaza Blvd.
Baton Rouge, LA 70809-7000

Re:   *FEMA Trailer Formaldehyde Product Liability Litigation*
      **USDC, ED of LA, MDL 1873**

Dear Mr. Johnson:

I am in receipt of your letter dated November 30, 2010 regarding alleged deficiencies in fact sheets produced by my office on behalf of clients who resided in a THU manufactured by Thor. I will attempt to address each of your concerns below:

<u>Neely Cuevas, Jr.</u>

1. Many of these forms were completed by a member of my staff with the assistance of the client.
2. Client was not completing the fact sheet in a representative capacity. Consequently, Section III.A. is not applicable to this client. Further, the client did not receive any medical treatment for emotional damages. Consequently, Section III.C. is not applicable to this client.
3. Client has not responded to our inquiries regarding the sections referenced.
4. Client has not responded to our inquiries regarding the sections referenced.
5. Client has not responded to our inquiries regarding the sections referenced.
6. Client provided all information known to him which is responsive to Section VII.A. & B. Regarding Section VII.C., client did not receive any such treatment.
7. Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. Client has not responded to our inquiries regarding the sections referenced.
9. Client has not responded to our inquiries regarding this omission.
10. Certified by Langston & Lott as attorney in fact.
11. Attached.

1 | Page



## Kathryn Hallman

1. Many of these forms were completed by a member of my staff with the assistance of the client.
2. Client was not completing the fact sheet in a representative capacity. Consequently, Section III.A. is not applicable to this client. Further, the client did not receive any medical treatment for emotional damages. Consequently, Section III.C. is not applicable to this client.
3. Client has not responded to our inquiries regarding the sections referenced.
4. Client has not responded to our inquiries regarding the sections referenced.
5. Client has not responded to our inquiries regarding the sections referenced.
6. Client did not receive any such treatment.
7. Client did not file suit against the United States and does not have a copy of the Form 95 he submitted.
8. Client has not responded to our inquiries regarding the sections referenced.
9. Client has not responded to our inquiries regarding this omission.
10. Certified by Langston & Lott as attorney in fact.
11. Attached.

## Callie Adriann Vice

1. Section III.A.7. – Grandfather.
   Section III.C.1. – Fever, irritability, congestion, difficulty breathing, respiratory infection, cough, sore throat, acute otitis media and ear aches.
   Section III.C.2. – Cancer, respiratory illness or disease, skin irritation and other medical problems itemized in Section III.C.3.
   Section III.C.3. – Irritation to nasal membranes, difficulty breathing, wheezing, persistent cough, throat irritation, and respiratory tract infections.
   Section III.C.4. – No.
   Section III.C.5. – 11/25/05.
   Section III.C.6. – Unknown.
   Section III.C.7. – Unknown.
   Section III.C.8. – Yes, Singing River Hospital.
   Section III.C.9. – No.
2. Don't recall.
3. Section IV.A. – Don't know.
   Section IV.B. – No.
4. Section V.A.1. – Dutchman.
   Section V.A.2. – 47CTDZN296M424462
   Section V.A.3. – 911905279
   Section V.A.4. – 1199336
   Section V.A.5. – Client has not responded to our inquiries regarding this section.
   Section V.A.13. – Client has not responded to our inquires regarding this section.
   Section V.A.19. – Client has not responded to our inquires regarding this section.
5. Section VI.A-B. – Client has not responded to our inquires regarding the sections referenced.
   Section VI.C-D. – The child did not smoke.

    Section VI.E. – No.
    Section VI.F. – Yes – respiratory disease.
    Section VI.G. – No.
6. Singing River Hospital, Pascagoula, MS. See records attached hereto. No health care professional told Mr. Martin that the minor's symptoms were related to formaldehyde exposure.
7. See documents attached hereto.
8. Singing River Hospital is the only health care provider that has been identified by Mr. Martin.
9. A guardianship has not yet been established for the minor and may never be established. In Mississippi, a Chancellor may, in his or her discretion, dispense with the appointment of a guardian if the minor stands to receive less than $10,000.00.

If you have any other questions or concerns, please feel free to contact me. I appreciate your attention to this matter and I look forward to hearing from you concerning the same.

Sincerely,

**LANGSTON & LOTT, P.A.**

*[signature]*

Casey L. Lott

# LANGSTON & LOTT, P.A.

ATTORNEYS AT LAW

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

*Also Licensed in Alabama
**Also Licensed in Tennessee

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

THIS agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Neely Cuevas, Jr._, hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ▓▓▓ percent (▓%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ▓▓▓ percent (▓%) of the gross monetary recovery after a lawsuit has been filed and, (c) ▓▓▓ percent (▓%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summonsed. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC}1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the 19 day of March, 2009.

_____  _____
ATTORNEY                          CLIENT

{L0060068.DOC}2

# LANGSTON & LOTT, P.A.
## ATTORNEYS AT LAW

100 SOUTH MAIN STREET
POST OFFICE BOX 382
BOONEVILLE, MS 38829
TELEPHONE (662) 728-9733
FACSIMILE (662) 728-1992

JOE RAY LANGSTON (1933-1986)
DUNCAN LEE LOTT
CASEY LANGSTON LOTT*
ROBERT BRYCE LOTT**

*Also Licensed in Alabama*
**Also Licensed in Tennessee*

## FEMA TRAILER PERSONAL INJURY/WRONGFUL DEATH RETAINER AGREEMENT

THIS agreement is made between LANGSTON & LOTT, P.A., hereinafter referred to as Attorneys, and _Kathryn Ann Hollman_, hereinafter referred to collectively as Client, involving a civil claim for personal injuries and/or damages which occurred as the result of the alleged tortious conduct of FEMA (USA), manufacturers of the trailers and contractors who installed the trailers. Client and Attorney agree as follows:

1. **Attorneys' Fees.** It is agreed that Attorneys are to receive: (a) ▓▓▓ percent (▓%) of the gross monetary settlement if the case is settled prior to filing a lawsuit; (b) ▓▓ percent (▓%) of the gross monetary recovery after a lawsuit has been filed and, (c) ▓▓▓ percent (▓%) of the gross monetary recovery once trial commences. For the purpose of Section (c), trial will be considered to have commenced once a jury has been summonsed. If no recovery is obtained, no Attorneys' fees shall be payable by Client. The above fee has been negotiated between Attorneys and Client, and is agreed upon as set forth above. The Client agrees that the Attorneys may associate any other attorneys they deem necessary to successfully prosecute said case, but that said association shall in no way affect the Client's percentage of recovery referenced herein.

2. **Expenses.** Reimbursable expenses are the sole responsibility of the Client, and shall be paid by Client from Client's share of any settlement or recovery. Notwithstanding same, it is agreed that Attorneys shall advance all legal costs and expenses directly related to this action, all in the sole discretion of Attorneys. Expenses include, but are not limited to travel, meal, and lodging expenses, deposition charges, expert and lay witness fees and costs, investigation expenses, computer research services, long-distance phone charges, service of process fees, costs for service of subpoena, court costs and fees, jury fees, postage, copy charges, photographic reproduction, preparation of trial exhibits, and all other out-of-pocket expenses incurred by the Attorneys in the course of the representation of Client. The Attorneys will maintain an itemized statement of all expenses.

3. **Power of Attorney.** Client appoints Langston & Lott as his/her limited Power of Attorney for the limited purpose of completing, certifying and submitting legal documentation in support of Clients FEMA Formaldehyde claim.

4. **Settlement.** Client agrees not to make any settlement unless Attorneys are present and receive their share in accordance with this agreement. If Client seeks to dismiss Attorneys, Client hereby agrees that Attorneys shall have a lien against any recovery by Client for any and all of Attorneys' unreimbursed expenses and for reasonable attorneys' fees measured by the value of Attorneys' services.

5. **Potential Liens.** Client is responsible for payment of any medical liens, workers' compensation liens, and/or potential subrogation liens; and, Client agrees to hold harmless and indemnifies Attorneys for same.

Client hereby binds all heirs, executors and legal representatives to the terms and conditions set forth

{L0060068.DOC}1

herein.

CLIENT HAS READ AND FULLY UNDERSTANDS THE ABOVE CONTRACT.

This the _19_ day of _March_, 2009.

_____  _____
ATTORNEY                         CLIENT  *Kathryn Ann Hollman*

{L0060068.DOC}2