## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE** | * | **MDL NO. 1873** |
| **PRODUCTS LIABILITY LITIGATION** | * | |
| | * | |
| | * | |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | |
| ***Kinard Parish, et al. v. Morgan Buildings & Spas,*** | * | **MAGISTRATE CHASEZ** |
| ***Inc., et al* (E.D. La. Suit No. 10-2276)** | * | |

**********************************************

### MEMORANDUM IN SUPPORT OF RULE 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Morgan Buildings & Spas, Inc. (Morgan), appearing for the sole purpose of objecting to service, submits this memorandum in support of its Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process.  The plaintiffs' claims against Morgan should be dismissed, because they failed to properly serve Morgan within 120 days of the filing of the lawsuit as required by the Federal Rules of Civil Procedure.

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiffs, Kinard Parish and Viola Ishem, initiated this lawsuit on July 30, 2010, by the filing of an "Amending Complaint for Damages." (R. Doc. 1 in suit no. 10-2276).  This lawsuit, which was presumably filed to comply with the Court's prior matching orders, was assigned suit number 10-2276.

On August 16, 2010, the plaintiffs mailed a summons and the complaint to CT Corporation, Morgan's agent for service of process[1], *via* certified mail.[2]  The summons and complaint were received by CT Corporation on August 20, 2010.[3]

---

[1] **Exhibit A** – Affidavit of Hicks B. Morgan.

## II.   THE PLAINTIFFS FAILED TO TIMELY REQUEST SERVICE OR A WAIVER OF SERVICE

Although the plaintiffs mailed the summons and a copy of the complaint to Morgan through its agent for service of process, the plaintiffs did not serve Morgan in compliance with the Federal Rules of Civil Procedure.

The rules governing service of process are set forth in Rule 4 of the Federal Rules of Civil Procedure, and Rule 4(h)(1) provides that a corporation, partnership, or association may be served in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and -- if the agent is one authorized by statute and the statute so requires -- by also mailing a copy of each to the defendant[.]

Rule 4(e)(1) allows for service of the summons and complaint by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  In addition to these two methods of service, a plaintiff may also effect service by requesting and filing a waiver of service under Rule 4(d).

Under Louisiana law, service on a domestic or foreign corporation may be accomplished by **personal service** on the corporation's agent for service of process.  La. Code. Civ. P. art. 1261(A).  Article 1261(B) provides alternate methods of service, if the corporation has failed to designate an agent for service of process or if the agent cannot be served.  In this case, Article 1261(B) is inapplicable because Morgan has designated an agent for service of process, CT

---

[2] **Exhibit A**; **Exhibit B** – Service of process transmittal from CT Corporation, August 16, 2010 letter to Morgan from Robert Hilliard and summons in a civil action.  Enclosed with the August 16, 2010 letter from Robert Hilliard and the summons was a copy of the complaint filed by Kinard Parish.  So as to not burden the court with non-pertinent documents, Morgan is not filing the copy of the complaint that was delivered to Morgan through CT Corporation.

[3] **Exhibit B**.

Corporation, and there has been no suggestion that the plaintiffs were unable, after due diligence, to serve CT Corporation.[4]   Thus, in order to effect service under Louisiana law, as allowed by Rule 4(e)(1) and (h), the plaintiffs were required to personally serve Morgan's agent for service of process.  *See* La. Code Civ. P. art. 1261(A); La. Code Civ. P. art. 1232 ("Personal service is made when a proper officer tenders the citation or other process to the person to be served."); *Whitehurst v. A-1 Affordable Siding, Inc.*, 2006-1321 (La. App. 3 Cir. 3/7/07), 953 So.2d 111 (personal service on agent for corporation is required); *see also Bass v. Aeneas Williams Dealership*, 2006 WL 2038021 (W.D. La. May 31, 2006)(service of process by certified mail was invalid under state law)

The plaintiffs' service of the summons and complaint by certified mail was also improper under federal law, as Rule 4(h)(1)(B) also contemplates personal service.  *See Pellerin-Mayfield v. Goodwill Industries*, 2003 WL 21474649 (E.D. La. June 20, 2003)(service on corporation's agent by certified mail was ineffective because it did not comply with Louisiana law or Rule 4(h)(1)(B)); *Stanley v. Goodwin*, 475 F.Supp.2d 1026 (D. Hawaii 2006)(attempt of service on a corporation by certified mail did not comply with Rule 4(h)(1)(B)); *Lagarde v. Chase Bank U.S.A., N.A.*, 2010 WL 5056190 (E.D. Mich. Dec. 6, 2010)(service by certified mail on corporation was ineffective under Rule 4(h)(1)(B)); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (finding that Rule 4(h) requires personal service rather than service by mail); *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. 2009)("The term "delivering' [in Fed. R. Civ. P. 4] appears to refer to personal service."); *Lee v. Genuardi's Family Markets, L.P.*, 2010 WL 2869454 (D. N.J. July 19, 2010)(Rule 4(h)(1)(B) "clearly requires personal delivery and does not recognize delivery by certified mail.").

---

[4] **Exhibit A**.

382844.1

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Pursuant to Rule 4(m), the plaintiffs were responsible for serving Morgan within 120 days from July 30, 2010, the date they filed their compliant, or by November 30, 2010.[5]  Morgan  was not served with a summons and a copy of the complaint or a request for waiver of service in accordance with Rule 4(h) by that date.  Service of the summons and complaint by certified mail is insufficient in this case.  Accordingly, the plaintiffs have failed to properly and timely serve Morgan.

### III.   THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER MORGAN BECAUSE PROPER SERVICE HAS NOT BEEN OBTAINED

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, (1999) *citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987);  *see also Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999)(when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside);  *Jackson v. Hayakawa*, 682 F.2d 1344, 1344 (9th Cir. 1982) (Neither actual notice nor simply naming the defendant in the complaint's caption will subject the defendant to personal jurisdiction if service is not made pursuant to Rule 4).  As the plaintiffs have failed to effect service on Morgan, this Court does not have personal jurisdiction over Morgan in this matter, and the plaintiffs' claims against Morgan should be dismissed.

---

[5] The 120th day fell on Saturday, November 28, 2010.  Thus, the plaintiffs had until Monday, November 30, 2010, to serve Morgan.

IV.     **CONCLUSION**

The plaintiffs did not comply with Rule 4 of the Federal Rules of Civil Procedure.  They attempted to serve Morgan *via* certified mail; this attempt, however, was ineffective under state and federal law.  As the plaintiffs failed to properly serve Morgan within 120 days of filing this action, this Court lacks personal jurisdiction over Morgan.  The plaintiffs' suit against Morgan should be dismissed.

Respectfully submitted,


/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS &
SPAS, INC.


**CERTIFICATE OF SERVICE**

I certify that, on June 10, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

382844.1

5