IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER * | | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS * | | |
| LIABILITY LITIGATION * | | Section:  N (5) |
| * | | |
| * | | Judge: Engelhardt |
| This Document Relates To: * | | |
| *Cedric Cushenberry v. Crum & Forster* * | | Magistrate: Chasez |
| *Specialty Ins. Co., et al* * | | |
| *No: 09-8381* * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AMENDED REPLY TO  MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Amended Reply brief in further support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.  Procedural History

On May 11, 2011, Mover sought dismissal [Rec. Doc. No. 20927] of the claims of eleven plaintiffs.   On May 27, 2011, Plaintiffs sent Movers errata sheets attempting to cure the deficient Plaintiff Fact Sheets ("PFS") for ten of the eleven plaintiffs covered in the Motion to Dismiss.    Plaintiffs filed an Opposition [Rec. Doc. No. 21905].   Mover disagrees with Plaintiffs' contentions that the deficiencies were "relatively minor" and that all deficiencies have been cured.   Mover addressed the sufficiency of the attempted

cure as to each of the eleven plaintiffs covered in this motion as follows in a Reply [Rec. Doc. No. 21912]. Shortly after filing the Reply, counsel for Mover was provided with supplementary information, including additional errata and signed PFS that were previously unsigned.

## II. Argument

In light of the new information provided by plaintiffs, Mover files the present Amended Reply in order to provide the Court with the most up-to-date information and status of Mover's prayer as to each of the eleven plaintiffs involved in this motion"

1. **Ashley Brooks-Robinson.** Plaintiff's opposition [Rec. Doc. No. 21905] acknowledges that Ms. Brooks-Robinson did not reside in a Pilgrim trailer. The dismissal of her claims in the above-captioned matter is proper.

2. **Alvirda Cook's** Plaintiff Fact Sheet is still deficient. Both the PFS and two errata sheets are unsigned.[1] Plaintiff responded to the illustrative deficiencies listed in Mover's original Reply, but made no effort to actually cure the Plaintiff Fact Sheet. Dozens of fields are still blank, including, for example:

- the location of the trailer, (V.A.8)
- plaintiff's residences in the last five years, (IV.A)
- state of drivers license issuance and number, (IV.B)
- whether she suffered physical symptoms, (III.C.1)
- which ones; (III.C.3)

---

[1] See Exhibit W. The original motion to dismiss, Rec. Doc. No. 20927 contains Exhibits A through V. Exhibits to this Reply pick up with "W". The Second Errata is attached hereto as Exhibit DD.

- what is "her understanding of the disease of illness you claim you have developed, or may develop in the future develop, from living in a FEMA trailer or mobile home?" (III.C.2)

- Whether she has been diagnosed with cancer; (III.C.4)

- When the alleged injury or disease first occurred (III.C.5)

- Whether she had pre-existing illnesses; (III.C.6)

- Whether "use of a FEMA trailer of mobile home worsened a condition that you already had or had in the past?" (III.C.7)

- Whether she is claiming emotional or mental damages; (III.C.8)

- Whether she treated for emotional or mental damages, and the identify of treating physicians and medications taken (III.C.8);

- Whether she is making a claim for medical expenses, and if so, how much; (III.C.9)

- Whether she is making a lost wage claim, and if so, how much and where was she employed; (IV.F, 1, 2 and 3)

- Whether she has filed previous lawsuits; (IV.G)

- The reason she stopped living in a trailer (V.A.10)

- The average number of hours she spent in the trailer each day. (V.A.13)

- Whether air quality tests were performed on/in the trailer (V.B)

- Whether repair, service, or maintenance were performed on the trailer (V.D)

- The names of other residents of her trailer; (V.E)

- Her personal smoking history (VI.C); and

- The smoking history of any other person who resided with her in the trailer (VI.D)

- Whethere she previously suffered from any lung disease (VI.F.1)

- What doctors has she treated with; (VII.B)

- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

- Whether she possesses the documents described by § VIII.

These include numerous key fields and this information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. Mover submits that dismissal with prejudice is proper for failure to comply with this court's orders as more fully explained in the original memorandum in support. [Rec. doc. No 20927].

    3, 5 and 11.  The Plaintiff Fact Sheets of **Alma Francis, Delores Moss,** and **Edward Price** would be cured except that neither the original PFS[2] or the errata[3] is signed by the plaintiff.  Mover requests that the Court order compliance with its pre-trial orders, with the signing of the PFS and errata within thirty-one days of the Submission

---

[2] See Rec. Doc. No. 20927, Exhibits E, I and U.
[3] See the first errata of Alma Francis, the errata of Delores Moss, and the first errata of Edward Price (Exhibits X, Y-2, and AA, respectively, to the first Reply brief filed in this matter [Rec. Doc No. 21912], and the second errata of Alma Francis and Edward Price, attached hereto as Exhibits BB and CC.

date (6/15/11), or by July 15, 2011, or the claims of **Alma Francis, Delores Moss, and Edward Price** will be dismissed with prejudice.

    8. **Curtis Scott's** Plaintiff Fact Sheet is still deficient. His errata[4] does not provided the VIN, FEMA ID, or Bar code number of the Pilgrim trailer he allegedly resided in. He has not provided the names of doctors he treated with. He has not answered questions about whether he is claiming mental/emotional damages and had treatment for same. He has not answered questions about either his employment history or whether he is claiming lost wages. He has not answered the question regarding the approximate number of hours spent in the trailer each day, among other deficiencies. Further, both the PFS[5] and errata are not signed by Curtis Scott. This information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. Mover submits that dismissal with prejudice is proper for failure to comply with this court's orders as more fully explained in the original memorandum in support. [Rec. doc. No 20927].

    4, 6, 7, 9 and 10. The Plaintiff Fact Sheets of **Averist Francis, Dorothy Price**, individually and as representative of **Edward Baker**, **Betty Robertson, and David Williams Sr.,** have been cured. <u>Mover no longer seeks dismissal of the claims of Averist Francis, Dorothy Price, individually and as representative of Edward Baker, Betty Robertson, and David Williams, Sr.</u>

---

[4] See Exhibit Z as attached to Rec. Doc. No. 21912.

**Conclusion**

As stated above, Mover withdraws the motion as to Averist Francis, Dorothy Price, individually and as representative of Edward Baker, Betty Robertson, and David Williams Sr.

Mover prays for dismissal of the claims of Curtis Scott, Alvirda Cook, and Ashley Brooks Robinson for the reasons stated herein.

Mover seeks dismissal of the claims of claims of Alma Francis, Delores Moss, and Edward Price, *if* the PFS and errata are not signed by the claimants by July 15, 2011. Mover will consider the motion withdrawn as to these claimants once the PFS are signed by these claimants.

Mover prays for this relief under Rule 41(b) of the Federal Rules of Civil Procedure, which provides the basis for dismissal for failure to comply with a court order, namely Pre-Trial Orders 2 and 32, which plaintiffs have failed to do. Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

---

[5] See Rec. Doc. No. 20927, Exhibit O.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

\_\_\_\_/s Eric B. Berger\_\_

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS \_13th\_\_ DAY OF \_\_June\_\_, 2011..

\_\_\_\_/s Eric B. Berger_____

SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290