IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Cedric Cushenberry v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8381* | * | |

**************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets.

I.   Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] Pre-Trial Order No. 32 provided the same procedures.[5]

## II. Law and Argument

1. The Plaintiff Fact Sheet for **Pamela Davis on behalf of C.D**. is dated June 21, 2009.[6] Although plaintiff identifies Pilgrim International as the manufacturer, she provides a VIN that clearly does not correspond to a Pilgrim trailer.[7] Pamela Davis

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9. See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, page 5.
[6] See Exhibit A.
[7] See Exhibit A.

indicates that the travel trailer she occupied carried the VIN # 1ST200P226F00182.[8] All Pilgrim International travel trailer VIN numbers bear a "5L4" prefix, used only by Pilgrim International to identify the company as the manufacturer of the travel trailer. Furthermore, this Plaintiff Fact Sheet fails to provide the names of other trailer residents.[9]

Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies and inconsistencies with plaintiff's fact sheet.[10] Counsel for plaintiff provided an Errata sheet dated September 3, 2010, which does not provide any additional information and states that the VIN is now "unknown at this time."[11] Again, on March 14, 2011, Counsel for Mover drafted a letter stating that plaintiff indicated she did not occupy a Pilgrim International trailer and requesting that plaintiff either voluntarily dismiss her claims or amend her Plaintiff Fact Sheet.[12] Plaintiff has not provided a VIN indicating she occupied a trailer manufactured by Pilgrim and has not voluntarily dismissed her claims against Pilgrim.

2. **Marilyn Robinson's** Plaintiff Fact Sheet is unsigned and undated.[13] Although the manufacturer was listed as "unknown", she provides a VIN that clearly does not correspond to a Pilgrim trailer.[14] Marilyn Robinson indicates that the travel trailer she occupied carried the VIN # 1UJBJ02R451EM1054.[15] All Pilgrim International travel trailer VIN numbers begin with the "5L4" prefix. Page 8 of the Plaintiff Fact Sheet

---

[8] See Exhibit A.
[9] See Exhibit A.
[10] See Exhibit B.
[11] See Exhibit C.
[12] See Exhibit D.
[13] See Exhibit E.
[14] See Exhibit E.
[15] See Exhibit E.

indicates that plaintiff lived in multiple trailers, but no information for any other trailer was provided.[16]  Plaintiff also fails to provide information regarding her smoking history/ use of tobacco.[17]

Counsel for Mover drafted a Rule 37 letter on August 10, 2010 to outline the deficiencies and inconsistencies with plaintiff's fact sheet.[18]  Counsel for plaintiff provided an Errata sheet dated September 3, 2010.[19]  Plaintiff identified Pilgrim as the manufacturer but provided the same non-Pilgrim VIN.[20]  Furthermore, she stated that she is a past smoker and that her smoking ceased in 2000, but she fails to indicate how many cigarettes she smoked and for how many years.[21]

On March 14, 2011, Counsel for Mover drafted a letter stating that plaintiff indicated she did not occupy a Pilgrim International trailer and requesting that plaintiff either voluntarily dismiss her claims or amend her Plaintiff Fact Sheet.[22]  Plaintiff has not responded.

3. **Patricia Smith's** Plaintiff Fact Sheet is dated June 7, 2009.[23]  A "key" deficiency is that plaintiff does not identify the manufacturer of the FEMA trailer or mobile home.[24]  Furthermore, she provides a VIN that does not correspond to a Pilgrim trailer.[25]  Marilyn Robinson indicates that the travel trailer she occupied carried the VIN

---

[16] See Exhibit E.
[17] See Exhibit E.
[18] See Exhibit F.
[19] See Exhibit G.
[20] See Exhibit G.
[21] See Exhibit G.
[22] See Exhibit D.
[23] See Exhibit H.
[24] See Exhibit H.
[25] See Exhibit H.

# N1V5L4TP72353008099.[26] All Pilgrim International travel trailer VIN numbers begin with the "5L4" prefix. The VIN provided by plaintiff has too many digits, though it does contain "5L4" in the middle. Plaintiff also did not provide her FEMA identification number or Bar Code number on the housing unit.[27] Plaintiff also fails to provide information regarding her smoking history/ use of tobacco.[28]

Counsel for Mover drafted a Rule 37 letter on August 30, 2010 to address these deficiencies and inconsistencies with plaintiff's fact sheet.[29] Counsel for plaintiff provided an Errata sheet dated September 15, 2010.[30] Plaintiff provided a **new** non-Pilgrim VIN, # 4X4TSMH206J03010. This new VIN does not contain "5L4" anywhere in the number.[31] Again, on March 14, 2011, Counsel for Mover drafted a letter stating that plaintiff indicated she did not occupy a Pilgrim International trailer and requesting that plaintiff either voluntarily dismiss her claims or amend her Plaintiff Fact Sheet.[32] Plaintiff has not responded.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[33] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for

---

[26] See Exhibit H.
[27] See Exhibit H.
[28] See Exhibit H.
[29] See Exhibit I.
[30] See Exhibit J.
[31] See Exhibit J.
[32] See Exhibit D.
[33] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.

dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[34]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete and cured Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the

---

[34] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice. In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Pamela Davis on behalf of C.D., Marilyn Robinson, and Patricia Smith*, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __14th__ DAY OF __June__, 2011..
   ____/s Eric B. Berger_____

____/s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290