**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Janell Batiste v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-5760* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.      Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.   Law and Argument

The Plaintiff Fact Sheets for Harold Burfict, Harold Burfict on behalf of T.A., Harold Burfict on behalf of S.A., and Harold Burfict on behalf of K.A. are unsigned and undated.[6] Counsel for Mover reviewed them and deemed them insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. These Plaintiff Fact Sheets each left

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, P.5.
[6] See Exhibits A, B, C, and D.

107 of them blank.[7]  In fact, for himself, T.A., S.A., and K.A., Harold Burfict only provided his name as the person completing the form; his telephone number; the trailer manufacturer, VIN and address; and the FEMA identification number.[8]  Questions that these plaintiffs did not answer include, but are not limited to, the following[9]:

- Symptoms experienced or reported to a physical during the time plaintiffs lived in the FEMA trailer

- Plaintiffs' understanding of the illness or disease they claim to have developed, or may in the future develop, from living in a FEMA trailer or mobile home

- Whether they are making a claim for mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home and, if so, the name and address of their counselors, the condition treated, when they were treatment, and medications prescribed or recommended

- Whether they are requesting reimbursement for medical expenses and, if so, the amount of their claim

- Whether they are making a claim for wage losses and, if so, their income earned from employment for each of the last five years and the total amount of time they lost from work as a result of any and all conditions related to residing in a FEMA trailer along with the amount of income lost

- Date of birth

---

[7] See Exhibits A, B, C, and D.
[8] See Exhibits A, B, C, and D.
[9] See Exhibits A, B, C, and D.

- Bar Code number on FEMA housing unit

- Move-in Date

- Move-out Date

- Average number of hours spent in the FEMA trailer or mobile home each day

- Plaintiffs' smoking history

- Smoking history of other trailer residents

- Whether plaintiffs ever suffered from lung or other respiratory diseases or skin diseases and, if so, names, descriptions, and dates of those illnesses

- Doctor or health car providers who treated plaintiffs for each disease, illness or injury that they claim to have suffered as a result of living in a FEMA trailer or mobile home and the date of diagnosis

Counsel for Mover drafted Rule 37 letters on December 17, 2010 to outline the deficiencies.[10] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheets for Harold Burfict on behalf of T.A., S.A., and K.A. are incomplete.

The Plaintiff Fact Sheets for Robert Snyder on behalf of S.G.S. and Robert Snyder on behalf of J.R.S. are unsigned and undated.[11] Counsel for Mover reviewed them and deemed them insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered.

---

[10] See Exhibits E, F, G, and H.
[11] See Exhibits I and J.

These Plaintiff Fact Sheets each left 104 of them blank.[12] In fact, for S.G.S and J.R.S., Robert Snyder only provided his name as the person completing the form; his telephone number; the trailer VIN, barcode number, and address; and the FEMA identification number.[13] Questions that these plaintiffs did not answer include, but are not limited to, the following[14]:

- Symptoms experienced or reported to a physical during the time plaintiffs lived in the FEMA trailer

- Plaintiffs' understanding of the illness or disease they claim to have developed, or may in the future develop, from living in a FEMA trailer or mobile home

- Whether they are making a claim for mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home and, if so, the name and address of their counselors, the condition treated, when they were treatment, and medications prescribed or recommended

- Whether they are requesting reimbursement for medical expenses and, if so, the amount of their claim

- Whether they are making a claim for wage losses and, if so, their income earned from employment for each of the last five years and the total amount of time they lost from work as a result of any and all conditions related to residing in a FEMA trailer along with the amount of income lost

---

[12] See Exhibits I and J.
[13] See Exhibits I and J.
[14] See Exhibits I and J.

- Date of birth

- Bar Code number on FEMA housing unit

- Move-in Date

- Move-out Date

- Average number of hours spent in the FEMA trailer or mobile home each day

- Plaintiffs' smoking history

- Smoking history of other trailer residents

- Whether plaintiffs ever suffered from lung or other respiratory diseases or skin diseases and, if so, names, descriptions, and dates of those illnesses

- Doctor or health car providers who treated plaintiffs for each disease, illness or injury that they claim to have suffered as a result of living in a FEMA trailer or mobile home and the date of diagnosis

Counsel for Mover drafted Rule 37 letters on December 16, 2010 to outline the deficiencies.[15]  No response was received and plaintiffs' counsel did not participate in a Rule 37 conference.  The Plaintiff Fact Sheets for Robert Snyder on behalf of S.G.S and J.R.S are incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious

---

[15] See Exhibits K and L.

disposition of cases.[16] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[17]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without this simulated discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these plaintiff fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

---

[16] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.

### III.  Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Harold Burfict, Harold Burfict on behalf of T.A., Harold Burfict on behalf of S.A., Harold Burfict on behalf of K.A., Robert Snyder on behalf of S.G.S, and Robert Snyder on behalf of J.R.S.*, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __14th__ DAY OF __June__, 2011..
      /s Eric B. Berger_____

      /s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

---

[17] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).