# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Swanica Nero v. Pilgrim* | * | Magistrate: Chasez |
| *International, Inc., et al* | * | |
| *No: 09-4730* | * | |

## REPLY TO MOTION TO DISMISS
## WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER
## NO. 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Reply brief in further support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

On May 3, 2011, Mover sought dismissal [Rec. Doc. No. 20886] of the claims of six plaintiffs.  On May 27, 2011, Plaintiffs filed a late Opposition [Rec. Doc. No. 21900] to the Motion to Dismiss.   Plaintiffs' Opposition asserts that Plaintiffs previously produced sufficient responses to deficient plaintiff responses. In response to Plaintiffs'

Opposition, Mover sent correspondence to Plaintiff counsel on May 31, 2011[1] asking that these previously submitted deficiencies be re-sent.  Plaintiff counsel subsequently responded with emailed deficiency responses which were dated May 31, 2011 to Mover for four of the six plaintiffs that are subject of the Motion to Dismiss.[2]  One of the plaintiffs subject to this Motion had also produced a deficiency response dated May 12, 2011, shortly after the filing of the original motion.  Mover addresses the deficiencies of the attempted cures as to each of the six plaintiffs covered in this motion as follows:

1. *Vernon Bold*s has not provided any supplement to the deficiencies briefed in the Motion to Dismiss and its Exhibits.  The plaintiff fact sheet provided by *Vernon Bold* remains incomplete as indicated in the memorandum in support of the Motion to Dismiss [Rec. Doc. No. 20886] and in violation of this Court's pre-trial orders #2 and 32.[3]

Dozens of fields are still blank or marked as 'will supplement', including, for example:

- What is "his understanding of the disease of illness you claim you have developed, or may develop in the future develop, from living in a FEMA trailer or mobile home?" (III.C.2)

- Whether he has been diagnosed with cancer; (III.C.4)

- When the alleged injury or disease first occurred (III.C.5)

- Whether he had pre-existing illnesses; (III.C.6)

---

[1] See Exhibit "O" attached hereto.  [Exhibits to the original motion, Rec. Doc. No. 20886 are marked A – N. Exhibits to this Reply are identified consecutively to begin with the letter "O".
[2] See Exhibit "P"
[3] See Exhibit "A" to the Motion to Dismiss, Rec. Doc. No. 20886.

- Whether "use of a FEMA trailer of mobile home worsened a condition that you already had or had in the past?" (III.C.7)
- Whether he treated for emotional or mental damages, and the identify of treating physicians and medications taken (III.C.8);
- Whether he is making a claim for medical expenses, and if so, how much; (III.C.9)
- Whether he is making a lost wage claim, and if so, how much and where was he employed; (IV.F, 1, 2 and 3)
- Whether he has filed previous lawsuits; (IV.G)
- The reason he stopped living in a trailer (V.A.10)
- The average number of hours he spent in the trailer each day. (V.A.13)
- How many days per week did you work outside of the home during the time you lived in the FEMA travel trailer? (V.A.19)
- Did you temporarily live in another location? (V.A.20)
- Whether he previously suffered from any lung disease (VI.F.1)
- Whether he previously suffered from any infectious disease (VI.F.2)
- Whether he previously suffered from any long-term stomach or bowel disease (VI.F.3)
- Whether he previously suffered from any skin disease (VI.F.4)
- Whether he underwent any of the following tests were performed: chest X-Ray, CT scan, MRI (VI.G.1)

- What doctors has he treated with; (VII.A & B)

- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

- Whether he possesses the documents described by § VIII.

- Identity of current family and/or primary care physician (IX.A)

- Identity of primary care physicians for the last seven (7) years (IX.B)

- Each hospital, clinic, or healthcare provider where you have received outpatient treatment or been admitted as a patient during the last seven (7) years (IX.C)

- Each pharmacy that has dispensed medication to you during the last seven (7) years (IX.F)

These include numerous key fields and this information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. The fact sheet is still deficient.

   2. *Laura Domingo*'s plaintiff fact sheet was provided on *November 16, 2009*. She initially failed to complete 74 *of the 121* Plaintiff Fact Sheet fields blank.[4] On May 31, 2011, plaintiff emailed a "Plaintiff Fact Sheet Deficiency Answer"[5] which addressed 50 fields with responses "I do not recall", "Will supplement" or "I do not know but

---

[4] See Exhibit "D" to the Motion to Dismiss, Rec. Doc. No. 20886.
[5] See Exhibit "Q"

understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease" to fields including the following examples:

- Whether she previously suffered from any lung disease (VI.F.1)
- Whether she previously suffered from any infectious disease (VI.F.2)
- Whether she previously suffered from any skin disease (VI.F.4)
- What doctors has she treated with; (VII.A & B)
- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

These deficient responses include key field information identifying medical history, diagnosis related to occupancy in the subject travel trailer or to identity other residents of the travel trailer in question. Laura Domingo's Plaintiff Fact Sheet remains incomplete as indicated in the Motion to Dismiss and should be dismissed for the reasons stated in the original motion.

3. *Clifton Duet* produced a second "Plaintiff Fact Sheet Deficiency Answer" dated May 12, 2011[6] which addresses one field (V.A.8) of the 75 fields Duet failed to complete on his original Plaintiff Fact Sheet[7] or on his first "Plaintiff Fact Sheet Deficiency Answer." However, the Plaintiff Fact Sheet is still deficient. Duet responded with "will supplement" or provided no response to 74 fields left blank on his original Plaintiff Fact Sheet, including the following key fields:

---

[6] See Exhibit "R"
[7] See Exhibit "F" to the Motion to Dismiss, Rec. Doc. No. 20886.

- What is "his understanding of the disease of illness you claim you have developed, or may develop in the future develop, from living in a FEMA trailer or mobile home?" (III.C.2)
- Whether he has been diagnosed with cancer; (III.C.4)
- When the alleged injury or disease first occurred (III.C.5)
- Whether he had pre-existing illnesses; (III.C.6)
- Whether "use of a FEMA trailer of mobile home worsened a condition that you already had or had in the past?" (III.C.7)
- Whether he treated for emotional or mental damages, and the identify of treating physicians and medications taken (III.C.8);
- Whether he is making a claim for medical expenses, and if so, how much; (III.C.9)
- Whether he is making a lost wage claim, and if so, how much and where was he employed; (IV.F, 1, 2 and 3)
- Whether he has filed previous lawsuits; (IV.G)
- The reason he stopped living in a trailer (V.A.10)
- The average number of hours he spent in the trailer each day. (V.A.13)
- How many days per week did you work outside of the home during the time you lived in the FEMA travel trailer? (V.A.19)
- Did you temporarily live in another location? (V.A.20)
- Whether he previously suffered from any lung disease (VI.F.1)

- Whether he previously suffered from any infectious disease (VI.F.2)

- Whether he previously suffered from any long-term stomach or bowel disease (VI.F.3)

- Whether he previously suffered from any skin disease (VI.F.4)

- Whether he underwent any of the following tests were performed: chest X-Ray, CT scan, MRI (VI.G.1)

- What doctors has he treated with; (VII.A & B)

- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

- Whether he possesses the documents described by § VIII.

- Identity of current family and/or primary care physician (IX.A)

- Identity of primary care physicians for the last seven (7) years (IX.B)

- Each hospital, clinic, or healthcare provider where you have received outpatient treatment or been admitted as a patient during the last seven (7) years (IX.C)

- Each pharmacy that has dispensed medication to you during the last seven (7) years (IX.F)

Clifton Duet's Plaintiff Fact Sheet remains incomplete as indicated in the Motion to Dismiss and should be dismissed for the reasons stated in the original motion.

4. *Michael Labat, Jr.*'s failed to complete *79 of 121 fields* on his original Plaintiff Fact Sheet.[8]  His "Plaintiff Fact Sheet Deficiency Response" dated May 31, 2011[9] included 25 "Do not recall" responses in the following fields:

- Did you temporarily live in another location? (V.A.20)

- Whether he previously suffered from any lung disease (VI.F.1)

- Whether he previously suffered from any infectious disease (VI.F.2)

- Whether he previously suffered from any skin disease (VI.F.4)

- Whether he underwent any of the following tests were performed: chest X-Ray, CT scan, MRI (VI.G.1)

- What doctors has he treated with; (VII.A & B)

- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

These include key fields and this information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. These non-answers leave this fact sheet still deficient.

5. Plaintiff *Brandi Saunders on behalf of B. S.* initially failed to complete *67 of 121* Plaintiff Fact Sheet Fields.[10]  The "Plaintiff Fact Sheet Deficiency Response" dated May 31, 2011[11] provided "I do not recall" answers to such key fields as:

- Whether she previously suffered from any lung disease (VI.F.1)

---

[8] See Exhibit "I" to the Motion to Dismiss, Rec. Doc. No. 20886.
[9] See Exhibit "S"

- Whether she previously suffered from any infectious disease (VI.F.2)

- Whether she previously suffered from any long-term stomach or bowel disease (VI.F.3)

- Whether she previously suffered from any skin disease (VI.F.4)

- Whether he underwent any of the following tests were performed: chest X-Ray, CT scan, MRI (VI.G.1)

- What doctors has she treated with; (VII.A & B)

- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

Plaintiff's responses remain incomplete as indicated in our Motion to Dismiss and in violation of this Court's pre-trial order #2.

6. *Penny Saunders*' "Plaintiff Fact Sheet Deficiency Response"[12] dated May 31, 2011 provides incomplete responses including 29 "I do not recall" answers to key field questions including the following:

- Whether she previously suffered from any lung disease (VI.F.1)

- Whether she previously suffered from any infectious disease (VI.F.2)

- Whether she previously suffered from any long-term stomach or bowel disease (VI.F.3)

- Whether she previously suffered from any skin disease (VI.F.4)

---

[10] See Exhibit "K" to the Motion to Dismiss, Rec. Doc. No. 20886.
[11] Exhibit "T"

- Whether she underwent any of the following tests were performed: chest X-Ray, CT scan, MRI (VI.G.1)

- What doctors has she treated with; (VII.A & B)

- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

The Plaintiff Fact Sheets of the above six plaintiffs remain incomplete as explained in our Motion for Dismissal and for the additional reasons set forth above. Mover has now allowed plaintiffs multiple opportunities to cure Plaintiff Fact Sheet deficiencies and continue to receive largely incomplete responses. Large numbers of "do not recall" responses and other non-answers do not suffice to cure these deficient Plaintiff Fact Sheets. None of the six plaintiffs herein provided complete deficiency responses and all failed to complete "key fields" required to provide defendant with minimal information regarding plaintiffs' claims. For these reasons and the reasons stated in the original Memorandum in Support, the Motion to Dismiss should be granted.

## Conclusion

Mover reasserts its prayer for dismissal of the claims of Vernon Bolds, Laura Domingo, Clifton Duet, Brandi Saunders on behalf of B.S. and Penny Saunders, for the reasons stated herein.

Mover prays for this relief under Rule 41(b) of the Federal Rules of Civil Procedure, which provides the basis for dismissal for failure to comply with a court order,

---

[12] See Exhibit T.


namely Pre-Trial Orders 2 and 32, which plaintiffs have failed to do. Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __14th__ DAY OF __June__, 2011.
_____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292   FAX (504) 586-1290