UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * MDL NO. 1873 <br> * <br> * <br> * <br> * <br> * JUDGE ENGELHARDT <br> * |
| THIS DOCUMENT RELATES TO: | * <br> * |
| *Robert Moise Legendre, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. Suit No. 10-3831) | * MAGISTRATE CHASEZ <br> * |

***********************************************

## MEMORANDUM IN SUPPORT OF RULE 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Morgan Buildings & Spas, Inc. (Morgan), appearing for the sole purpose of objecting to service, submits this memorandum in support of its Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process. The plaintiffs' claims against Morgan should be dismissed, because they failed to serve Morgan within 120 days of the filing of the lawsuit as required by the Federal Rules of Civil Procedure.

## I.   THE PLAINTIFFS FAILED TO TIMELY REQUEST SERVICE OR A WAIVER OF SERVICE

The plaintiffs initiated this lawsuit on October 15, 2010, by the filing of a "Plaintiffs' Amending Complaint for Damages." This lawsuit was assigned suit number 10-3831. (R. Doc. 1 in suit no. 10-3831). To date, Morgan has not been served with a summons and copy of this lawsuit, nor has Morgan received any request for a waiver of service.

The plaintiffs have not timely requested waiver of service, or served Morgan, in compliance with the Federal Rules of Civil Procedure. Rule 4(c) provides, in part:

> (1) A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint

382273.1

served within the time allowed by Rule 4(m) and must furnish the
necessary copies to the person who makes service.

\*\*\*

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is

filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action

without prejudice against that defendant or order that service be made within a specified time.

Pursuant to Rule 4(m), the plaintiffs were responsible for serving Morgan within 120 days from

October 15, 2010, the date they filed their compliant, or by February 14, 2010.[1] Morgan was not

served with a summons and a copy of the complaint or a request for waiver of service by that

date. Accordingly, the plaintiffs have failed to properly and timely serve Morgan.

## II.   THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER MORGAN BECAUSE PROPER SERVICE HAS NOT BEEN OBTAINED

"In the absence of service of process (or waiver of service by the defendant), a court

ordinarily may not exercise power over a party the complaint names as defendant." *Murphy*

*Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, (1999) *citing*

*Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987); *see also*

*Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999)(when a district court

lacks jurisdiction over a defendant because of improper service of process, the default judgment

is void and must be set aside); *Jackson v. Hayakawa*, 682 F.2d 1344, 1344 (9th Cir. 1982)

(Neither actual notice nor simply naming the defendant in the complaint's caption will subject

the defendant to personal jurisdiction if service is not made pursuant to Rule 4). As the plaintiffs

failed to effect service on Morgan, this Court does not have personal jurisdiction over Morgan in

this matter, and the plaintiffs' claims against Morgan should be dismissed.

---

[1] The 120th day fell on Saturday, February 12, 2011. Thus, the plaintiffs had until Monday, February 14, 2011, to serve Morgan.

382273.1

## III.  CONCLUSION

The plaintiffs did not comply with Rule 4 of the Federal Rules of Civil Procedure.  The plaintiffs failed to serve Morgan within 120 days of filing this action and, therefore, this Court lacks personal jurisdiction over Morgan.  Thus, the plaintiffs' suit against Morgan should be dismissed.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS &
SPAS, INC.

## CERTIFICATE OF SERVICE

I certify that, on June 17, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout