UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                         MDL NO. 07-1873
FORMALDEHYDE PRODUCTS
LIABILITY LITIGATION                         SECTION N(5)

                                             JUDGE ENGLEHARDT
THIS DOCUMENT RELATES TO
*Irma Miller, et al v. Sun Valley, Inc. and*  MAGISTRATE CHASEZ
*CH2M HILL Constructors, Inc.*
Case No. 09-5658

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH
PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL
ORDER NO. 32 RELATING TO PLAINTIFFS FACT SHEETS**

MAY IT PLEASE THE COURT:

Defendant, CH2M HILL Constructors, Inc. ("CH2M HILL"), through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.   Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-

1

Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" ("PFS"), which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] These procedures were carried over into Pre-Trial Order No.32.[5]

II.   Law and Argument

---

[1] *See* Rec. Doc. No. 87.

[2] *See* Rec. Doc. No. 87, page 7.

[3] *See* Rec. Doc. No. 87, page 8-9.

[4] *See* Rec. Doc. No. 87, page 8-9. *See* also Pre-Trial Order No. 32, Rec. Doc. No. 1180, p. 5.

[5] *See* Rec. Doc. No. 1180, P. 5.

A.      Chamelle Thomas' PFS is unsigned and undated.[6]  Counsel for Manufacturer Sun Valley, Inc. ("Sun Valley") reviewed the PFS and deemed it insufficient.  The PFS includes approximately 90 questions to be answered.  Chamelle Thomas' PFS left 85 of the questions blank.[7]  Plaintiff provided only her name, the identifying information for the FEMA trailer she occupied and the location of the trailer.[8]  Otherwise, the PFS is entirely blank.[9]  Counsel for Sun Valley drafted a Rule 37 letter on April 4, 2011 outlining the deficiencies.[10]  Rather than curing the PFS, on May 4, 2011, Plaintiff voluntarily dismissed all claims against Sun Valley only (Rec. Doc. 20893).[11]  CH2M HILL avers that dismissal of Sun Valley cannot relieve Plaintiff's obligation to cure properly noticed deficiencies.  Chamelle Thomas' PFS remains incomplete.

B.      Elmaree Thomas' PFS is unsigned and undated.[12]  Counsel for Manufacturer Sun Valley reviewed the PFS and deemed it insufficient.  The PFS includes approximately 90 questions to be answered.  Elmaree Thomas' PFS left 84 of the questions blank.[13]  Plaintiff provided only her name, her telephone number, the identifying information for the FEMA trailer she occupied and the location of the trailer.[14]  Otherwise, the PFS is entirely blank.[15]  Counsel for

---

[6] *See* Exhibit A.

[7] *See* Exhibit A.

[8] *See* Exhibit A.

[9] *See* Exhibit A.

[10] *See* Exhibit B.

[11] *See* Exhibit C.

[12] *See* Exhibit D.

[13] *See* Exhibit D.

[14] *See* Exhibit D.

[15] *See* Exhibit D.

Sun Valley drafted a Rule 37 letter on April 4, 2011 outlining the deficiencies.[16] Rather than curing the PFS, on May 4, 2011, Plaintiff voluntarily dismissed all claims against Sun Valley only (Rec. Doc. 20893).[17] CH2M HILL avers that dismissal of Sun Valley cannot relieve Plaintiff's obligation to cure properly noticed deficiencies. Elmaree Thomas' PFS remains incomplete.

    C.    Glenn Thomas' PFS is unsigned and undated.[18] Counsel for Manufacturer Sun Valley reviewed the PFS and deemed it insufficient. The PFS includes approximately 90 questions to be answered. Glenn Thomas' PFS left 85 of the questions blank.[19] Plaintiff provided only his name, the identifying information for the FEMA trailer he occupied and the location of the trailer.[20] Otherwise, the PFS is entirely blank.[21] Counsel for Sun Valley drafted a Rule 37 letter on April 4, 2011 outlining the deficiencies.[22] Rather than curing the PFS, on May 4, 2011, Plaintiff voluntarily dismissed all claims against Sun Valley only (Rec. Doc. 20893).[23] CH2M HILL avers that dismissal of Sun Valley cannot relieve Plaintiff's obligation to cure properly noticed deficiencies. Glenn Thomas' Plaintiff Fact Sheet remains incomplete.

---

[16] *See* Exhibit E.

[17] *See* Exhibit C.

[18] *See* Exhibit F.

[19] *See* Exhibit F.

[20] *See* Exhibit F.

[21] *See* Exhibit F.

[22] *See* Exhibit G.

[23] *See* Exhibit C.

    D.    Sharelle Lumar's PFS is unsigned and undated.[24] Counsel for Manufacturer Sun Valley reviewed the PFS and deemed it insufficient. The PFS includes approximately 90 questions to be answered. Sharelle Lumar's PFS left 85 of the questions blank.[25] Plaintiff provided only her name, the identifying information for the FEMA trailer she occupied and the location of the trailer.[26] Otherwise, the PFS is entirely blank.[27] Counsel for Sun Valley drafted a Rule 37 letter on April 4, 2011 outlining the deficiencies.[28] Rather than curing the PFS, on May 4, 2011, Plaintiff voluntarily dismissed all claims against Sun Valley only (Rec. Doc. 20893).[29] CH2M HILL avers that dismissal of Sun Valley cannot relieve Plaintiff's obligation to cure properly noticed deficiencies. Sharelle Lumar's Plaintiff Fact Sheet remains incomplete.

    Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[30] Specifically, Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate where there is a "clear record of delay or contumacious conduct and lesser sanctions would not serve the best

---

[24] *See* Exhibit H.

[25] *See* Exhibit H.

[26] *See* Exhibit H.

[27] *See* Exhibit H.

[28] *See* Exhibit I.

[29] *See* Exhibit C.

[30] *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992)

5

interests of justice."[31]  Additionally, Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits the dismissal of an action as appropriate sanction for failure to comply with discovery.  Therefore, in accordance with Pre-Trial Order No.32, FRCP 41(b) and FRCP 37(b)(2)(A)(v), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must have basic information about those proceeding against it.  The PFS serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete and cured Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets, and Pre-Trial Order No. 32 provided that the failure to cure a deficiency within thirty (30) days of a Rule 37 letter would result in dismissal with prejudice.  In accordance with this Court's Pre-Trial Orders and Federal Rules of Civil Procedure Nos. 37(b)(2)(A)(v) and 41(b), the Motion to Dismiss filed by CH2M HILL Constructors, Inc. should

---

[31] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917, 920 (5th Cir. 1974);

be granted, dismissing the claims of plaintiffs Chamelle Thomas, Elmaree Thomas, Glenn Thomas and Sharelle Lumar, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**


/s/ Wade M. Bass
ROY C. CHEATWOOD (La. Bar No. 4010)
GERARDO R. BARRIOS (La. Bar No. 21223)
M. DAVID KURTZ (La. Bar No. 23821)
KAREN KALER WHITFIELD (La. Bar No. 19350)
WADE M. BASS (La. Bar No. 29081)
No. 3 Sanctuary Boulevard, Suite 201
Mandeville, LA  70471
Telephone: (985) 819-8400
Facsimile:  (985) 819-8484
rcheatwood@bakerdonelson.com
gbarrios@bakerdonelson.com
dkurtz@bakerdonelson.com
kwhitfield@bakerdonelson.com
wbass@bakerdonelson.com


**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2011, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sent notification of such filing to all court-appointed liaison counsel.

/s/ Wade M. Bass