UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS SECTION "N" (5) | * * * * * * * * | MDL NO. 1873 LIABILITY LITIGATION<br><br>JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: *Swanica Nero v. Pilgrim Int., Inc.; Specialty Ins. Co., et al.* No. 09-4730; Brandi Saunders on Behalf of D.G. Brandi Kellum on Behalf of G.R. Enchanti Vaultz, and Lloyd Williams | * * * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S MOTION TO DISMISS**

COME NOW Brandi Saunders on behalf of D.G., Brandy Kellum on behalf of G.R., Enchanti Vaultz, and Lloyd Williams (hereinafter "Plaintiffs") and file this Response to Defendant's Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order 32 Relating to Plaintiff Fact Sheets [Rec. Doc. 21506].

Defendant alleges that certain deficiencies remain in Plaintiffs' Fact Sheets. Plaintiff would respond *in globo*, that several of the remaining deficiencies are *de minimus* and Plaintiffs have *materially complied* with the requirements of the Plaintiff Fact Sheet process in PreTrial Order 32. *See* PTO 32, p. 5. Any remaining deficiencies do not constitute *material deficiencies* sufficient to result in dismissal of their cases.

Defendant Crum and Foster claims that according to Federal Rule of Civil

Procedure 41(b), dismissal is justified. However as Crum and Foster noted in their Memorandum [Rec. Doc. 21506-1, p. 6] dismissal "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice". *Wren v. American Cast Iron Pipe* 575 F.2d. 544, 546 (5th Cir. 1992). In the instant cases with these Plaintiffs there is no clear record of delay but a clear record of supplementation. *See* Affidavits A-D attached. Furthermore, there has been no contumacious conduct but a dutiful attempt by counsel to supplement the fact sheets. *Id*. For these reasons, dismissal is not justified under Federal Rule of Civil Procedure 41(b).

Defendant also claims Federal Rule of Civil Procedure 37(b) (2) (vi) permits dismissal for failure to comply with discovery. However, Plaintiffs would note that "a terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action is very severe . . . Only 'willfulness, bad faith and fault' justify terminating sanctions" *Connecticut Gen. Life Ins. v. New Images*, 482 F.3d 1091, 1096 (9th Cir. 2007). No such willfulness bad faith or fault exists in the case of these Plaintiffs, as sufficient information has been supplied to evaluate these Plaintiff's claims. Therefore Plaintiffs' actions should not be terminated under 37(b) (2) (vi).

By way of further response if such a response be necessary, Plaintiff would address the alleged deficiencies on each Plaintiff individually.

1. **Brandi Saunders on behalf of D.G., a Minor**

Plaintiff's counsel has supplemented the Fact Sheet for the Plaintiff on June 20, 2011, to include the signed certification page.

Defendant claims the information supplied in insufficient. That Plaintiff cannot

2

remember whether any health care professional has linked the alleged illness, disease, or injury to a FEMA trailer does not justify dismissal of the claim. Plaintiff has done her best to honestly answer the question. Likewise, that Plaintiff cannot remember any medical providers, the reasons for leaving the FEMA trailer, whether or not she was living elsewhere while residing in the FEMA trailer, or whether or not the plaintiff suffered from respiratory, infectious, long-term stomach or bowel disease, or skin disease, does not justify the dismissal of her claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to 119 of those.  The remaining deficiencies do not justify dismissal of the claim.

With regard to the remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Brandi Saunders to secure additional information.  For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "A".

## 2. Brandy Kellum on behalf of G.R., minor

Plaintiff's counsel has supplemented the Fact Sheet for the Plaintiff on June 20, 2011, to include the signed certification page.

Defendant claims that the responses are insufficient.  That Plaintiff cannot remember the dates she moved in and out of the trailer(s), the reason she stopped living in the FEMA trailer, whether she temporarily lived elsewhere, whether air quality tests were performed does not justify the dismissal of her claim.  Defendant has to remember that this was a very tumultuous time and it is hard to remember many of these items.  She simply has no records, for example of when she moved in our out of the trailer.

3

By way of further response, if such a response be necessary, Plaintiff would show that any remaining missing information that Defendant seeks is immaterial to the resolution of this action and that sufficient information has been provided to evaluate this claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to all 121 of those.

With regard to any remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Brandy Kellum to secure additional information. For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "B".

**3. Enchanti Vaultz**

Defendant claims that the information provided is insufficient. That Plaintiff cannot remember when the alleged injury or disease first occurred, whether she has pre-existing illnesses, or whether use of the FEMA trailer or mobile home worsened any condition that she already had or had in the past does not justify the dismissal of her claim. Likewise, that Plaintiff cannot remember the reason she stopped living in the FEMA trailer, if she lived in another location while residing in the trailer, or whether air quality tests were performed, does not justify the dismissal of her claim.

By way of further response, if such a response be necessary, Plaintiff would show that remaining missing information that Defendant seeks is immaterial to the resolution of this action and that sufficient information has been provided to evaluate this claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to 104 of those. The remaining deficiencies do not justify dismissal of the claim.

4

With regard to any remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Enchanti Vaultz to secure additional information.  For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "C".

**4. Lloyd Williams**.

Defendant alleges that the information provided is insufficient.  That Plaintiff cannot remember the dates he moved in or out of the FEMA trailer, whether he ever temporarily lived elsewhere, whether air quality tests were performed, whether he has ever suffered from lung, or other respiratory, infectious, long-term, bowel, or skin disease, does not justify the dismissal of his claim.

By way of further response, if such a response be necessary, Plaintiff would show that remaining missing information that Defendant seeks is immaterial to the resolution of this action and that sufficient information has been provided to evaluate this claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to 120 of those.  Any remaining deficiencies do not justify dismissal of the claim.

With regard to any remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Lloyd Williams to secure additional information. For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "D".

## Conclusion

For the reasons set forth above, Plaintiff's pray that Defendant's Motion to Dismiss with Prejudice the claims of Plaintiffs Brandi Saunders on behalf of D.G., Brandy Kellum on behalf of G.R., Enchanti Vaultz, and Lloyd Williams in all things be denied.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No. 5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**RICHARD P. IEYOUB**
Louisiana State Bar and
Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

**DANIEL D. WARE**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 10847
**CARROLL LOUIS CLIFFORD IV**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 99545
WARE CLIFFORD LAW FIRM PLLC
2625 Ridgewood Rd., Ste 100
Jackson, MS 39216
Phone 601-368-9310
Fax 601-368-9958

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 21st day of June, 2011.

      /s/ Robert C. Hilliard

      **ROBERT C. HILLIARD**