**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |

**THIS DOCUMENT IS RELATED TO:**
*Swanica Nero v. Pilgrim Int., Inc.;*
*Specialty Ins. Co., et al.*
No. 09-4730;
Plaintiffs: Vernon Bold, Laura Domingo,
Clifton Duet, Michael Labat, Jr.,
Brandi Saunders on behalf of Minor,
B.S., and Penny Saunders

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**PLAINTIFFS' SUR-RESPONSE TO**</u>
<u>**DEFENDANT'S REPLY**</u>

COME NOW Vernon Bold, Laura Domingo, Clifton Duet, Michael Labat, Jr., Brandi Saunders on behalf of Minor, B. S., and Penny Saunders (hereinafter "Plaintiffs") and file this Sur-Response to Defendant's Reply to [Plaintiffs' Response to] Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order 32 Relating to Plaintiff Fact Sheets [Rec. Doc. 22055].

Defendant's Reply alleges that certain deficiencies remain in Plaintiffs' Fact Sheets.  Plaintiff would respond *in globo*, that several of the remaining deficiencies are *de minimus* and Plaintiffs have *materially complied* with the requirements of the Plaintiff Fact Sheet process in PreTrial Order 32. *See* PTO 32, p. 5.  The remaining deficiencies do not constitute *material deficiencies* sufficient to result in dismissal of their cases.

Defendant Crum and Foster claims that according to Federal Rule of Civil Procedure 41(b), dismissal is justified, but as Defendant noted in another pleading [Rec. Doc. 21506-1, p. 6] dismissal "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice". *Wren v. American Cast Iron Pipe* 575 F.2d. 544, 546 (5th Cir. 1992).   In the instant cases with these Plaintiffs there is no clear record of delay but a clear record of supplementation.   *See* **Affidavits A-F** attached.   Further there has been no contumacious conduct but a dutiful attempt by counsel to supplement the fact sheets. *Id.* For these reasons, dismissal is not justified under Federal Rule of Civil Procedure 41(b).

Defendant also claims Federal Rule of Civil Procedure 37(b) (2) (vi) permits dismissal for failure to comply with discovery.  However, Plaintiffs would note that "a terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action is very severe . . . Only 'willfulness, bad faith and fault' justify terminating sanctions" *Connecticut Gen. Life Ins. v. New Images*, 482 F.3d 1091, 1096 (9th Cir. 2007). No such willfulness bad faith or fault exists in the case of these Plaintiffs, as sufficient information has been supplied to evaluate these Plaintiff's claims. Therefore Plaintiffs' actions should not be terminated under 37(b) (2) (vi).

By way of further response if such a response be necessary, Plaintiff would address the alleged deficiencies on each Plaintiff individually.

### 1.    Vernon Bolds

Plaintiff's counsel has supplemented the Fact Sheet for the Vernon Bolds on June 16, 2011, to provide information on whether or not Plaintiff had cancer previously.

Defendant complains about items the Plaintiff simply cannot remember. That Plaintiff cannot remember when the alleged injury or disease first occurred, whether he has pre-existing illnesses, or whether use of the FEMA trailer or mobile home worsened any condition that he already had or had in the past, does not justify the dismissal of his claim. The Plaintiff has done his best to respond to these questions, but simply cannot remember. Anything further would be mere speculation. He should not be penalized by a lack of memory.

The fact that the Plaintiff cannot remember the identity of the primary care physicians for all family members, what doctors he has treated with, how many hours a day he spent in the trailer, or identify the doctors he has had for the last seven years, does not justify the dismissal of his claim. The Plaintiff has done his best to respond to these questions, but simply cannot remember. Anything further would be mere speculation. He should not be penalized by a lack of memory.

Plaintiff does not recollect filing any previous lawsuits; however, whether or not he has had any previous lawsuits is immaterial to the evaluation of his claim in this matter.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to 118 of those. The remaining deficiencies do not justify dismissal of the claim.

With regard to any remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Vernon Bolds but has not been successful in reaching him. For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "A".

**2. Laura Domingo**

Plaintiff's counsel has supplemented the Fact Sheet for the Laura Domingo on

June 16, 2011, to provide information on whether or not Plaintiff had cancer previously.

Defendant complains about items the Plaintiff simply cannot remember. That Plaintiff cannot remember what doctors she has been treated by, does not justify the dismissal of her claim. The Plaintiff has done her best to respond to this question, but simply cannot remember. Anything further would be mere speculation. She should not be penalized by a lack of memory.

By way of further response, if such a response be necessary, Plaintiff would show that remaining missing information that Defendant seeks is immaterial to the resolution of this action and that sufficient information has been provided to evaluate this claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to 119 of those. The remaining deficiencies do not justify dismissal of the claim.

With regard to any remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Laura Domingo but has not been successful in reaching her. For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "B".

### 3. Clifton Duet

Plaintiff's counsel has supplemented the Fact Sheet for the Clifton Duet on June 16, 2011, to provide information on whether or not Plaintiff had cancer previously.

Defendant complains about items the Plaintiff simply cannot remember. That Plaintiff cannot remember when the alleged injury or disease first occurred, whether he has pre-existing illnesses, or whether use of the FEMA trailer or mobile home worsened any condition that he already had or had in the past, does not justify the dismissal of his claim. The Plaintiff has done his best to respond to these questions, but simply cannot

remember.  Anything further would be mere speculation. He should not be penalized by a lack of memory.

The fact that the Plaintiff cannot remember the identity of the primary care physicians for all family members, what doctors he has treated with, how many hours a day he spent in the trailer, or identify the doctors he has had for the last seven years, does not justify the dismissal of his claim. The Plaintiff has done his best to respond to these questions, but simply cannot remember.   Anything further would be mere speculation. He should not be penalized by a lack of memory.

Plaintiff does not recollect filing any previous lawsuits; however, whether or not he has had any previous lawsuits is immaterial to the evaluation of his claim in this matter.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet call for 121 items of information and Plaintiff has supplied information to 118 of those.  The remaining deficiencies do not justify dismissal of the claim.

With regard to any remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Clifton Duet but has not been successful in reaching him.  For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "C".

**4.  Michael Labat, Jr.**

Plaintiff's counsel has supplemented the Fact Sheet for the Michael Labat, Jr. on June 16, 2011, to provide information on whether or not Plaintiff had cancer previously.

Defendant complains about items the Plaintiff simply cannot remember.   That Plaintiff cannot remember what doctors he has been treated by, does not justify the dismissal of his claim. The Plaintiff has done his best to respond to this question, but simply cannot remember. Anything further would be mere speculation. He should not be

penalized by a lack of memory.

By way of further response, if such a response be necessary, Plaintiff would show that remaining missing information that Defendant seeks is immaterial to the resolution of this action and that sufficient information has been provided to evaluate this claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to 120 of those.  The remaining deficiencies do not justify dismissal of the claim.

With regard to any remaining deficiency, Plaintiff's counsel has made numerous attempts to contact Michael Labat, Jr., but has not been successful in reaching him.  For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "D".

**5. Brandi Sanders on Behalf of B.S.**

Plaintiff's counsel has supplemented the Fact Sheet for the Brand Sanders on Behalf of B.S. on June 16, 2011, to provide information on whether or not Plaintiff had cancer previously.

Defendant complains about items the Plaintiff simply cannot remember.  That Plaintiff cannot remember what doctors she has been treated by, does not justify the dismissal of her claim. The Plaintiff has done her best to respond to this question, but simply cannot remember.  Anything further would be mere speculation. She should not be penalized by a lack of memory.

By way of further response, if such a response be necessary, Plaintiff would show that remaining missing information that Defendant seeks is immaterial to the resolution of this action and that sufficient information has been provided to evaluate this claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied some information on all of them.

With regard to any remaining deficiency, Plaintiff's counsel has made numerous attempts to contact Brandi Saunders but has not been successful in reaching her.  For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "E".

**6. Penny Sanders**

Plaintiff's counsel has supplemented the Fact Sheet for the Penny Sanders on June 16, 2011, to provide information on whether or not Plaintiff had cancer previously.

Defendant complains about items the Plaintiff simply cannot remember.  That Plaintiff cannot remember what doctors she has been treated by, does not justify the dismissal of her claim. The Plaintiff has done her best to respond to this question, but simply cannot remember.  Anything further would be mere speculation. She should not be penalized by a lack of memory.

By way of further response, if such a response be necessary, Plaintiff would show that remaining missing information that Defendant seeks is immaterial to the resolution of this action and that sufficient information has been provided to evaluate this claim.

By way of further response, if such a response be necessary, Plaintiff would show that the Fact Sheet calls for 121 items of information and Plaintiff has supplied information to 119 of those.  The remaining deficiencies do not justify dismissal of the claim.

With regard to any remaining deficiencies, Plaintiff's counsel has made numerous attempts to contact Penny Saunders but has not been successful in reaching her.  For more detail, Plaintiff would refer you to the Affidavit attached hereto as Exhibit "F.

**Conclusion**

For the reasons set forth above, Plaintiff's pray that Defendant's Motion to Dismiss with Prejudice the claims of Plaintiffs  Vernon Bold, Laura Domingo, Clifton Duet, Michael Labat, Jr., Brandi Saunders on behalf of Minor, B. S., and Penny Saunders in all things be denied.

Respectfully submitted,

/s/ Robert C. Hilliard

_____
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**RICHARD P. IEYOUB**
Louisiana State Bar and
Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

**DANIEL D. WARE**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 10847
**CARROLL LOUIS CLIFFORD IV**

Mississippi State Bar and
Southern District of Mississippi Federal ID No. 99545
WARE CLIFFORD LAW FIRM PLLC
2625 Ridgewood Rd., Ste 100
Jackson, MS 39216
Phone 601-368-9310
Fax 601-368-9958

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 17th day of June, 2011.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**