UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N-5<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO: ALL CASES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' "MOTION FOR ENTRY OF PRETRIAL ORDER CONCERNING COMPLETION OF PLAINTIFF FACT SHEETS, THE DEFICIENCY PROCESS AND COMPILATION OF A MASTER DATABASE OF PLAINTIFFS FOR RESOLUTION OF CLAIMS" (Rec. Doc. 22074)**

Defendant the United States of America ("United States") submits this response in opposition to Plaintiffs' "Motion for Entry of Pretrial Order Concerning Completion of Plaintiff Fact Sheets, the Deficiency Process and Compilation of a Master Database of Plaintiffs for Resolution of Claims," (Rec. Doc. 22074). Since denial of class action status, the United States has urged Plaintiffs to prepare and compile a master database, and the government applauds Plaintiffs' counsel recognition of the need for such a database. However, the United States objects to Plaintiffs' request that the *quid pro quo* for that database should be the suspension – until April 1, 2012 – of Louisiana Plaintiffs' duty to comply with Pretrial Order ("PTO") Nos. 2 and 32 – to provide complete Plaintiff Fact Sheets ("PFS") and medical records. The PFS and medical records constitute information and materials that the Court and all parties determined at the outset of this litigation are required to assess claims and prepare. Suspending production of those materials unfairly delays the resolution of the litigation, increases costs of litigation and

will prejudice the United States ability to defend against these claims in the event this Multi-District Litigation action is dissolved and cases are remanded. Alternatively, in the event that the Court is inclined to grant Plaintiffs' motion, the United States objects to the proposed order and requests that paragraph 4 of the proposed order be modified so that all non-bellwether related discovery absent agreement of the parties or leave of Court is stayed until April 1, 2011, and further that Plaintiffs be required to continue to collect and provide as part of their database responses to four additional PFS questions.

More than 25,000 Plaintiffs who occupied temporary emergency housing units ("EHU") in the State of Louisiana have filed suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b)(1), 2671-80. These Plaintiffs continue to pursue their claims against the government notwithstanding the dismissal of their simple negligence claims and, to date, the inability of any Bellwether Plaintiff to show that (1) the Court has subject matter jurisdiction over their FTCA claim, (2) the United States or a private party defendant is liable, or (3) a Bellwether Plaintiff suffered a compensable injury as a result of exposure to formaldehyde in an EHU. Because the master database Plaintiffs propose to create will not in any way aid or contribute to the resolution of the Louisiana Plaintiffs' remaining FTCA claims, the Court should deny Plaintiffs' motion and dismiss all Plaintiffs who have failed on or before June 30, 2011, to provide a complete Plaintiff Fact Sheets ("PFS") and responsive medical records.

Through the proposed motion, Plaintiffs request that the Court essentially reward them for ignoring and failing to comply with this Court's long-standing orders: PTOs 2 and 32. Moreover, suspending enforcement of PTOs 2 and 32 unfairly prejudices the United States' right to collect information that the Court and all parties have recognized since the outset of this

litigation is important to defendants, including the United States, in order to fully assess Plaintiffs' claims and prepare defenses against those claims. Ultimately, contrary to Plaintiffs' assertion, granting the instant motion and suspending enforcement of PTOs 2 and 32, will increase, rather than decrease, the amount of resources required to be expended by the judicial system, the United States, and the private party defendants in order to bring this litigation to an end. Accordingly, the United States requests that the Court deny Plaintiffs' motion.

Nevertheless, the United States acknowledges that at the May 13, 2011, Steering Committee Chambers Conference, the Court informally rejected the United States' objections set forth herein. The Court indicated that, in all likelihood, it would grant a motion by Plaintiffs to temporarily suspend the requirements of PTOs 2 and 32 and stay discovery excepting (1) discovery related to Bellwether actions, and (2) discovery conducted by leave of Court or by agreement of the parties.

To the extent that the Court remains persuaded that the motion has merit, the United States, nevertheless objects to paragraph 4 of the proposed order, and also requests that Plaintiffs be required to respond to four additional "key" questions to those agreed to by Plaintiffs and the private party defendants.

**I.    Paragraph 4 of the Proposed Order.**

Through paragraph 4 of the proposed order, Plaintiffs request that:

> **4.    With the exception of any bellwether trial plaintiff, medical records shall be provided only if (i) already in the possession of plaintiffs' counsel, (ii) by agreement of the parties through the use of a subpoena, or (iii) by leave of Court.**

As an initial matter, paragraph 4 of the proposed order inappropriately restricts the United States and other defendants from obtaining discovery from plaintiffs without imposing any

corresponding restriction on Plaintiffs' ability to conduct discovery of the United States or private party defendants.  If one agrees with Plaintiffs' assertions that conservation of the parties' resources will assist and promote resolution of this litigation, absent agreement of the parties or leave of Court, **all non-bellwether related discovery – not just discovery directed at Plaintiffs – should be suspended through Court order until April 1, 2012.**

Furthermore, paragraph 4 is deficient because it does not contain a sunset provision such as those set forth in Paragraphs 2 and 3.  As a result, this paragraph inappropriately prohibits the United Sates from issuing any discovery requests for medical records even after April 1, 2012, absent agreement of the parties or leave of Court.  Even assuming that a temporary suspension of Plaintiffs' obligation to provide medical records will somehow encourage settlement, absolutely no purpose is served in extending that prohibition beyond April 1, 2012.

Accordingly, for these reasons, the United States requests that paragraph 4 of the proposed order be modified to read as follows:

> **4.     With the exception of discovery necessary and related to a bellwether trial or authorized by entry of a summary jury trial order, discovery in this Multi-District Litigation action is stayed through April 1, 2012, absent (i) agreement of all parties, or (ii) by leave of Court upon good cause shown.  Discovery and obligations to respond to any outstanding discovery shall resume on April 1, 2012, unless the parties reach a global settlement on or before that date.**

**II.     Proposed Order:  Key Questions and Answers.**

Plaintiffs should be required to respond to the following four additional "key" questions in the pared down PFS.  The United States disagrees with Plaintiffs' Counsel's representation that suspending Plaintiffs' duty to comply with the deadlines set forth in PTOs 2 and 32 and limiting their responses to selected "key questions" will promote and encourage global resolution

of Plaintiffs' claims.  As previously noted, this limited information will not lead to settlement of Plaintiffs' FTCA claims against the United States because the Plaintiffs have not established either that the Court possesses subject matter jurisdiction over their FTCA claims or demonstrated that Plaintiffs can establish either liability or injury caused by exposure to formaldehyde.

Nevertheless, in the event the Court is persuaded to issue the proposed order and suspend Plaintiffs' duty to comply with PTOs 2 and 32, the United States requests that Plaintiffs be required to respond to four additional questions because this additional information may assist Louisiana Plaintiffs' counsel in assessing (1) if they filed a timely administrative tort claim and (2) whether they should continue to pursue gross negligence claims against the United States for an alleged failure to respond in a more prompt or different manner to the handful of complaints FEMA received about formaldehyde in temporary emergency housing units in the Spring of 2006.  The three additional questions that the United States believes would assist Louisiana Plaintiffs in this matter are the following:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| When do you claim this injury or disease first occurred? | III.C.5 |
| Did you ever suffer this type of illness or disease prior to living in the FEMA trailer? | III.C.6 |
| Reason Plaintiff stopped living in FEMA trailer or mobile home? | V.A..10 |
| Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?  If "Yes" please state the date and reason for the repair, service or maintenance. | V.D. |

## CONCLUSION

For the reasons set forth herein, the United States requests that the Court deny Plaintiffs'

5

motion.  Alternatively, in the event that the Court is inclined to grant Plaintiffs' motion, the United States requests that the Court modify and amend Paragraph 4 of Plaintiffs' proposed order to reflect that all discovery in non-bellwether actions, absent agreement of the parties or leave of Court, is stayed through April 1, 2012.  In addition, the United States requests that Plaintiffs be required to respond to four additional PFS Questions, because answers to these questions will assist Plaintiffs' in assessing whether they filed timely FTCA administrative claims and whether they wish to further pursue FTCA claims potentially sounding in gross negligence and willful or wanton misconduct.

Dated:  June 23, 2011.                                          Respectfully Submitted,

| | |
|---|---|
| TONY WEST | ADAM BAIN |
| Assistant Attorney General, Civil Division | Senior Trial Counsel |
| | |
| J. PATRICK GLYNN | ADAM DINNELL |
| Director, Torts Branch, Civil Division | Trial Attorney |
| | |
| DAVID S. FISHBACK | //S// *Henry T. Miller* |
| Assistant Director | HENRY T. MILLER (D.C. Bar No. 411885) |
| | Senior Trial Counsel |
| | United States Department of Justice |
| | Civil Division – Torts Branch |
| | P.O. Box 340, Ben Franklin Station |
| | Washington, D.C. 20004 |
| | Telephone No:  (202) 616-4223 |
| | E-mail:  Henry.Miller@USDOJ.Gov |
| | |
| | Attorneys for the United States of America |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2011, the foregoing document was filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

//S// *Henry T. Miller*
HENRY T. MILLER (D.C. Bar No. 411885)