UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

# Special Master's Report on Fleetwood Objection Hearings

On March 9, 2011, this Court issued its Order and Reasons Approving the Special Master's Recommendations on Methodology and Allocations with respect to the Fleetwood settlement. Since then, the Court-Appointed Disbursement Agent (CADA) mailed, in accordance with the Court's order, letters to all potential Fleetwood claimants. These letters informed the claimants of their preliminary allocations. The letters also informed the claimants of the method by which they could object to their allocations.

The CADA mailed out approximately 10,000 letters. In response, the Special Master and the CADA fielded approximately 1,000 telephone calls from claimants and their attorneys. Some of the callers had questions about the process, and others had questions concerning their allocations which could be resolved by telephone.

The Special Master and the CADA received approximately 1,000 objections. The Special Master was able to resolve approximately 500 of these 1,000 objections amicably by clarifying the facts underlying the claimants' allocations. The CADA also mailed letters to the objectors informing

them that the Special Master would conduct hearings on their objections on June 28, 2011, beginning at 10:00 a.m.

On June 28, 2011, the Special Master conducted the above mentioned hearings. The CADA signed in objectors, and the Special Master has preserved a copy of the sign-in sheet. The Special Master interviewed each objector individually and explained the Court's methodology. Most of the objectors were satisfied with their allocations and signed withdrawals of their objections and waivers of their appeal rights. The Special Master will preserve these documents in his office.

The Special Master was unable to resolved the objections of 11 claimants. The court reporter swore in those claimants who indicated that they would appeal to the District Court. Each of these objectors admitted that he or she was in a Fleetwood trailer for a time period which corresponded to the allocation that the Special Master had assigned in accordance with the Court's order. *In other words, assuming that this Court's methodology as stated on March 9, 2011 is binding, the facts that these objectors admitted support no more than the Special Master's recommended allocations.*

However, each of these objectors challenged the fairness of the allocations because they alleged that they had incurred medical bills, injuries, or lost wages that should be compensated through the settlement. The Special Master notes that the Court's methodology does not allow the consideration of such factors. Furthermore, the Special Master notes that the Court had only approved the methodology after giving the Plaintiffs' Steering Committee and the various plaintiff attorneys involved in the action an opportunity to object. Finally, the Special Master notes that many other claimants who did not object had similar or more serious complaints of injury that they attributed to formaldehyde exposure. Thus, modifying the Court's methodology at this late date would compensate a few claimants for injuries at the expense of others with similar or worse

injuries.

The appearers for these 11 claimants were given a Notice of Appeal Rights, which they signed. Each of the notices state the following:

> I hereby acknowledge that my objection has been denied by the Special Master.
>
> I understand that I have a right to appeal this denial and may appeal such ruling to the District Court.
>
> In order to appeal, I must file a written objection in the record to the District Court on or before **July 18, 2011** and simultaneously mail the appeal to the Special Master (Office of the Special Master/Formaldehyde-Fleetwood Litigation, P. O. Drawer 83260, Baton Rouge, LA 70884-3260) by this date. Untimely appeals will not be considered.
>
> The pleading shall utilize the above caption and shall be entitled "Appeal of Special Master Ruling on Objection." Failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection or appeal.
>
> The Appeal must set forth the basis of the appeal and include all evidence to support the appeal.
> The Court, in ruling on an appeal, may award more or less than the Special Master.
>
> I acknowledge receipt of the Notice of Appeal Rights.

The Special Master will preserve a copy of the signed notices in his office.

At the end of the hearing, the CADA called in the hall for any more claimants that might have an objection. No one responded. The CADA noted that the Special Master had disposed of all claimants that had signed the roll that day. The Special Master then announced that all other objections would be dismissed with prejudice in accordance with the Court's previously announced procedure.

In the event that any claimant timely files an appeal to the District Court, the Special Master will file a supplemental report, to the extent such a report is necessary.

Baton Rouge, Louisiana, this 29th day of June, 2011.

s/Daniel J. Balhoff
Daniel J. Balhoff (#18776)
Randi S. Ellis (#25251)
