UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| ALL CASES | * | MAG. JUDGE CHASEZ |

## CORRECTED PRETRIAL ORDER NO. 88

The Court enters this order to outline and amend the procedure contemplated in Pretrial Order No. 86. (Rec. Doc. 20770), which will govern the Plaintiff Fact Sheet ("PFS") deficiency process going forward in this MDL. As explained in Pretrial Order 86, the purpose of the process stated herein is to provide private defendants with the necessary information to evaluate claims for global settlement. The private defendants have identified the following twenty-three (23) key questions and answers as necessary information for the purpose of exploring global resolution of claims:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Name | II.A |
| Attorney | III.B. |
| Date of Birth | IV.C.    (Place of Birth not necessary) |
| Manufacturer | V.A.1. |
| Vin # | V.A.2. |
| FEMA I.D. # | V.A.3. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move Out Date | V.A.7. |
| Installation Address | V.A.8. |
| Names of all trailer residents | V.E.    (Only if no VIN provided) |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. (First question below the chart) |
| Treatment for Formaldehyde Related Injury | VII.B. |

| Psychological Treatment | III.C.8. |
| --- | --- |
| Prior Medical History | VI(F)(1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Only if you are requesting reimbursement of medical expenses | III.C.9. |
| Only if you are making a wage claim | IV.F.3 |
| Number of hours spent in the trailer each day | V.13. |

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. Defendants will continue to serve their notices of deficiency upon plaintiffs until June 30, 2011;

2. The provisions of Pretrial Order No. 2 and Pretrial Order No. 32 are amended to allow a 60-day limit to cure these deficiencies. The Court notes that while only the 23 key questions are to be cured at this time within the 60-day limit, plaintiffs are encouraged to cure all deficiencies. The deficiency process set out in Pretrial Order Nos. 2 and 32 will resume on April 1, 2012.

3. With the exception of any bellwether trial plaintiff, plaintiffs are relieved of providing signed medical authorizations until after April 1, 2012;

4. With the exception of any bellwether trial plaintiff, medical records shall be provided only if (i) already in the possession of plaintiff's counsel, (ii) by agreement of the parties through the use of a subpoena, or (iii) by leave of Court;

5. Each PFS must have a plaintiff's signature, as required by Pretrial Order Nos. 2 and 32.

6. Each plaintiff, through his or her counsel, shall serve upon Mikal Watts, on behalf of the Plaintiffs' Liaison Counsel, a true and correct copy of the most updated,

> Amended PFS, by September 2, 2011 in electronic format (PDF). Thereafter, the parties are to follow the procedure identified in sections 2.04 – 2.10 of Pretrial Order No. 86.

7. On April 1, 2012, the deficiency process concerning plaintiff fact sheets, as set out in PTO Nos. 2 and 32 shall resume, without the necessity of defendants issuing new deficiency letters. When the process resumes, plaintiffs will have 60 days to cure any remaining deficiencies (beyond the 23 key questions) that have been identified by defendants. The original deficiency letters must comply with the requirements of PTO Nos. 2 and 32, however.

Nothing in this Order forecloses upon the ability of defendants to move to dismiss cases based upon a failure to cure deficiencies related to the 23 key questions; however, lack of knowledge can be an accurate response to a question.

In addition, nothing in this order extends the deadlines in PTO Nos. 2 and 32 as to fact sheets for which a motion to dismiss has already been filed or for plaintiff fact sheets where the deadlines for curing have already expired (i.e. where plaintiffs' counsel have already been notified of a deficiency and have not properly cured the deficiency within the time period for doing so. For any deficiency notice issued by a defendant prior to the date of this order and served after March 24, 2011, the deadline to cure, shall be extended thirty days beyond the current deadline as set forth in PTOs 2 and 32, as now amended.

The Court reiterates that the purpose behind this procedure is for the parties to develop an information database in order to consider global resolution of claims in this MDL.

ENTERED this \_\_\_\_ day of June, 2011.

_____
Honorable Kurt D. Engelhardt