UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873  SECTION: "N"(5) |
| This Document Relates to: *Gerard Hobden, et al versus Sunnybrook RV, Inc., et al* *E.D. La. Suit No. 09-7113* | | * * * * | JUDGE: ENGELHARDT  MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

Sunnybrook RV, Inc. ("Sunnybrook") moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets:

Chanda Meadows (Plaintiff in *Gerard Hobden, et al v. SunnyBrook RV*, No. 09-7113)

Donna Meadows (Plaintiff in *Gerard Hobden, et al v. SunnyBrook RV*, No. 09-7113)

Hannah Pyron (Plaintiff in *Gerard Hobden, et al v. SunnyBrook RV*, No. 09-7113)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing the procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Request for Production of Documents in a standardized and simple form. Rec. Doc. No. 87.

The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the PFS. Order No. 32 also retained the same curing procedure as was set forth in Pre-Trial Order No. 2.

## II.   LAW AND ARGUMENT

In the instant case, SunnyBrook respectfully submits that the plaintiffs identified above failed to comply with these Orders, and therefore this Court should dismiss their claims.  Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based on the Court's power to manage and administer its own affairs and to ensure the orderly and expeditious disposition of cases.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).  Specifically, Rule 41(b) states:  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established Rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In this case, on October 28, 2009, the plaintiffs listed above filed an Amended Complaint for Damages naming Sunnybrook RV, in an action entitled *Gerard Hobden, et al v. Sunnybrook RV, et al*, EDLA No. 09-7113.  On March 3, 2011, the undersigned sent correspondence to plaintiffs' counsel requesting the VIN numbers, FEMA Id numbers, bar codes and move-in/move-out dates for Chanda Meadows and Donna Meadows (Exhibit A).  On March 22, 2011, the undersigned sent correspondence to plaintiffs'

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

3

liaison counsel advising that the above-mentioned plaintiffs resided in two different trailers but failed to provide the move-in/move-out date for each trailer and failed to provide VIN numbers (Exhibit B). On March 29, 2011, plaintiffs' liaison counsel forwarded undersigned counsel's correspondence to plaintiffs' counsel notifying them of deficiencies stating no VIN numbers were provided and that plaintiffs resided in two different trailers but failed to provide details (Exhibit C). On June 29, 2011, the undersigned requested that plaintiffs' counsel forward all plaintiff fact sheets for Chanda Meadows, Donna Meadows and Hannah Pyron, and attached is the response the undersigned received (Exhibit D, E, F. G) which includes copies of all three Plaintiff Fact Sheets. As stated above, counsel for plaintiffs failed to cure the deficiencies.

### III. CONCLUSION

Thus, SunnyBrook RV moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement and analyzes other issues concerning the progress of this lawsuit, Sunnybrook must be able to obtain information about those who make allegations against it.

The Plaintiff Fact Sheet serves as the best way to acquire such information as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, Sunnybrook is significantly prejudiced and there is good cause for the Court to discontinue any potential for further prejudice against Sunnybrook by dismissing the claims of Chanda Meadows, Donna Meadows and Hannah Pyron.

In accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sunnybrook against Chanda Meadows, Donna Meadows and Hannah Pyron should be granted, dismissing this plaintiff with prejudice.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

By: ___/s/ Cynthia J. Thomas___
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)**
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant,*
*SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 30th day of June, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery          ( ) Facsimile
( ) Prepaid U.S. Mail      ( ) UPS/Federal Express
(X) Electronic Mail        ( ) Certified Mail, Return Receipt Requested

___/s/ Cynthia J. Thomas___
CYNTHIA J. THOMAS

5