IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: FEMA TRAILER FORMALDEHYDE ) <br> PRODUCTS LIABILITY LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> This Document Relates to: ALL CASES ) <br> ) <br> ) | MDL NO.: 1873 <br><br> SECTION: N (4) <br><br> JUDGE: ENGELHARDT <br> MAG.: ROBY |

**MASTER RULE 12(B) PRESERVATION LISTING
FILED ON BEHALF OF NEWLY ADDED DEFENDANT, C. MARTIN COMPANY INC.**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, C. Martin Company, Inc., who, in responding to Pretrial Order No. 44 (Rec. Doc. 2759), makes this special limited appearance and respectfully submits the following list of defenses pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, in the underlying referenced lawsuits, which is submitted in addition to joint defenses, including Rule 9 and Rule 12 defenses, that are being submitted or have been submitted by defense liaison counsel. Defendant's listing is limited to only those underlying cases in which it is named as a party, and Defendant specifically objects to insufficient service of process, insufficient process, and/or lack of personal jurisdiction in those suits where it has been named without proper process/service of process, and/or in those suits where the court lacks personal jurisdiction over Defendant, where applicable. This listing is being submitted by Defendant without prejudice to its rights to raise any other applicable motions and/or defenses that may later be necessary.

Defendant submits for preservation the following list of defenses, affirmative defenses and Federal Rules of Civil Procedure, Rule 12(b) defenses in all Complaints filed and transferred to this MDL proceeding:

1. Rule 12(b)(5): Insufficiency of service of process

2. Rule 12(b)(4): Insufficient process

3. Rule 12(b)(2): Lack of personal jurisdiction

4. Rule 12(b)(1): Plaintiffs lack standing

5. Rule 12(b)(3): Improper venue

6. Rule 12(b)(6): Failure to state a claim upon which relief can be granted as the Defendant has never been named as a Defendant in the Administrative Master Complaint and/or any of the Amending or Supplemental Administrative Master Complaints filed herein.

7. Rule 12(b)(5): Insufficient service of process and Rule 12(b)(4) insufficient process, as Defendant has not been properly served with the Administrative Master Complaint, any of the amending Administrative Master Complaints, and/or the original Complaint.

8. Rule 12(b)(2): Lack of personal jurisdiction to the extent that plaintiffs have failed to obtain proper service making Defendant subject to the jurisdiction of this Court.

9. Rule 12(b)(6): Failure to state a claim upon which relief can be granted as plaintiffs' claims are prescribed under Louisiana's one year prescriptive period as it is clear that plaintiffs knew or should have know of his/her cause of action more than a year before December 30, 2009 (and is not entitled to claim any tolling, as against Defendant, for the time the class action complaint was pending), rendering all claims prescribed under Louisiana law. In the alternative, even accounting for all tolled time during the period the class action complaint was pending, all of plaintiffs' claims against Defendant are prescribed.

10. Rule 12(b)(6): Failure to state a claim upon which relief can be granted as Plaintiffs' claims of negligence, gross negligence, and recklessness should be stricken as they are precluded by the Louisiana Products Liability Act.

11. Rule 12(b)(6): Failure to state a claim upon which relief can be granted for punitive damages as Louisiana law/federal law does not provide for the awarding of punitive damages based upon the facts alleged in the complaint.

12. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that plaintiffs allege strict liability as there is no basis under Louisiana law for same.

13. Rule 12(b)(6); Failure to state a claim upon which relief can be granted under the Louisiana Products Liability Act as Defendant was not a manufacturer of any product within the meaning of the LPLA. Further, it is denied at all times that Defendant ever manufactured, designed, distributed and/or supplied FEMA trailers.

14. Rule 12(b)(6): Failure to state a claim because Plaintiffs failed to make any particularized allegations regarding their injuries and damages, and failed to make any particularized allegations connecting any particular plaintiff to conduct by any particular Defendant.

15. Rule 12(e): Motion for more definite statement of the complaint based on Plaintiffs' failure to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct.

16. Rule 12(b)(6): Failure to state a claim upon which relief can be granted because Defendant owed no actionable duty to any of the Plaintiffs.

17. Rule 12(b)(6): Failure to state a claim upon which relief can be granted inasmuch as Plaintiffs have not specifically claimed any current injury, but rather have generally claimed unspecified current and future alleged injuries.

18. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek to impose joint and several liability upon Defendant and the other named defendants inasmuch as Louisiana law does not provide for joint and several liability on the facts and claims alleged.

19. Rule 12(b)(6):Failure to state a claim upon which relief can be granted for recovery of attorneys' fees because on the facts and claims pled, attorneys' fees are not recoverable against Defendant under Louisiana law. Further, Plaintiffs have not alleged any other viable theory of liability through which they can recover attorneys' fees against Defendant.

20. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that Plaintiffs later specifically seek property or economic damages under Louisiana law inasmuch as such claims are precluded.

21. Rule 12(b)(6): Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek a claim for medical monitoring under Louisiana law inasmuch as Plaintiffs have not alleged a present and manifest injury.

22. Rule 12(b)(6): Failure to state a claim upon which relief can be granted and/or Plaintiffs' claims are barred by lis pendens to the extent it is determined that any named plaintiff previously filed, and has pending, another lawsuit arising out of the same operative facts and circumstances made the subject of this lawsuit.

23. Rule 12(b)(6): Failure to state a claim upon which relief can be granted on the grounds that Defendant is a contractor that performed its work in accordance with the plans and/or specifications furnished to it by the Federal Emergency Management Agency ("FEMA") under La. R.S. 9:2771 and/or other applicable Louisiana law.

24. Rule 12(b)(6): Failure to state a claim upon which relief can be granted on grounds that Defendant's duties and obligations are limited to what is defined in the relevant contract.

25. Rule 12(b)(6): Failure to state a claim upon which relief can be granted on grounds that Defendant is a government contractor that performed its work according to and in compliance with specifications approved and mandated by the U.S. government specifications through FEMA. As such, Plaintiffs' action, claims and demands are preempted and Defendant is immunized from liability by the government contractor defense.

26. Rule 12(b)(6): Failure to state a claim upon which relief can be granted on the grounds that FEMA and its procurement contractors were "sophisticated users/purchasers" as that term is defined under the applicable state or federal law with regard to their purchases of any temporary housing units.

27. Rule 12(b)(6): Failure to state a claim for injunctive relief, to the extent Plaintiffs allege such a claim, as there is no basis for same under the facts alleged in the complaints and applicable law.

28. Rule 12(b)(6): Failure to state a claim for loss of enjoyment of life.

29. Rule 12(b)(6): Failure to state a claim for loss of consortium and/or society.

30. Rule 21: In addition to the Rule 12(b) defenses identified above, Plaintiffs also fail to satisfy the requirements for joinder of parties under Rules 19 and 20 of the Federal Rules of Civil Procedure.

31. Rule 9(b): Failure to plead fraud and misrepresentation with particularity.

32. Any and all damages complained of are a result of the fault of Plaintiffs and/or third parties.

33. Plaintiffs have failed to mitigate their damages.

34. Any and all damages complained of by Plaintiffs are the result of pre-existing conditions.

35. Any liability of Defendant is limited according to its contract with FEMA.

36. Any liability of Defendant is precluded by its contract with FEMA since it acted prudently in accordance with its contract and within its scope.

37. Any liability of Defendant is precluded by its contract with FEMA since it followed instructions, guidelines or information issues by FEMA employees or agents who were authorized under the contract to issue such instructions, guidelines or information.

38. The claims are barred by estoppels, release or waiver.

39. The emergency housing units were not unreasonably dangerous under the Louisiana Products Liability Act.

40. If there was a defect in the emergency housing units, which is specifically denied, said defect was apparent and obvious.

41. Plaintiffs altered the emergency housing units in ways which were not reasonably anticipated.

42. Defendant pleases, to the extent applicable, all defenses allowed under the Louisiana Products Liability Act.

43. To the extent economic damages are claimed, they are barred pursuant to the economic loss doctrine.

44. Any damages were caused by superseding or intervening events over which Defendant had no control and which Defendant did not cause.

45. The claims are barred as a result of FEMA's acceptance of the work.

46. Defendant herein adopts the defenses of all other defendants to the extent they are not inconsistent with its interests.

Further, to the extent it is necessary to plead same in this listing; Defendant reserves its rights to assert a Rule 9 Motion regarding Plaintiffs' fraud claims being made without particularity.

        Respectfully submitted,

        **PROVOSTY & GANKENDORFF, L.L.C.**

        */s/ Edgar D. Gankendorff*
        Edgar D. Gankendorff
        Louisiana Bar No.: 20550
        Henry S. Provosty
        Louisiana Bar No. 2056
        Lena D. Giangrosso
        Louisiana Bar No. 31464
        650 Poydras Street, Suite 2700
        New Orleans, Louisiana 70130
        (504) 410-2795 • (504) 410-2796 Fax

        Attorneys for C. Martin Company, Inc.