UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER * MDL NO. 1873
FORMALDEHYDE *
PRODUCT LIABILITY LITIGATION * SECTION "N-5"
 *
 * JUDGE ENGELHARDT
 * MAG. JUDGE CHASEZ
 *
THIS DOCUMENT IS RELATED TO: *
*Williams v. Morgan Buildings & Spas, Inc., et al,* *
*E.D. La. 09-5452* *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN OPPOSITION TO MORGAN MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Plaintiff opposes the Motion to Dismiss (Rec. Doc. 22008) of Defendant, Morgan Buildings & Spas, Inc. and Morgan Buildings Systems, Inc. (collectively Morgan). Plaintiff concedes that service was not effected within 120 days of filing this suit; however, Plaintiff believes that there are at least three factors that weigh in favor of this Court granting Plaintiff additional time to serve, namely:

1. Plaintiff has made a good faith effort to cure this defect upon notice by the Defendant of the defect.

2. A dismissal of the case would extremely prejudice Plaintiff, as the prescriptive period in Louisiana for filing suit regarding the actions of Defendant has run.

3. Morgan has been considerably involved in this MDL and has received notice of this action on multiple occasions through Plaintiff's Pretrial Order No. 68 spreadsheet productions to Defendants' Liaison Counsel.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff- must dismiss the action without prejudice against the defendant <u>or order that service be made within a specified time.</u> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). The Fifth Circuit "agree[s] with the majority of circuits that have found that the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Because this Honorable Court has authority under Rule 4 to allow for an extension of time to serve if an action would be time-barred if re-filed, and because plaintiff has made a good-faith effort to serve upon notice of the defect, Plaintiff requests such an extension within which to serve Morgan. Plaintiff admits that the original complaint was not served within the 120 days mandated by the Federal Rules of Civil Procedure. Upon notice of this defect on June 6, 2011 by Defendant, the undersigned conferred with counsel for Defendant. During the period of conferral with opposing counsel, the undersigned made an unsuccessful attempt to negotiate a waiver of this defect in service. Plaintiff then made an additional attempt to cure the service issue by serving the original Complaint and First Supplemental and Amending Complaint (Rec. Doc.

18373[1]) on Defendant; summons were returned executed on June 15, 2011. *See* Rec. Docs. 22087, 22088. However, counsel for Defendant again notified that the instant Motion would not be withdrawn.

The claims of Plaintiff would in all likelihood be time-barred if brought at this point in time for actions of the Defendant. The fact that a dismissal for failure to timely effectuate service would effectively be the death knell for Plaintiff herein weighs in favor of this Court granting additional time to serve.

Finally, Morgan has arguably waived its challenge to service by submitting an answer in this MDL (Rec. Doc. 14407), participating in discovery in this MDL, sending a deficiency letter in this case,[2] filing multiple motions to dismiss in this MDL, and receiving spreadsheet inventories of all claims against it pursuant to Pretrial Order No. 68.[3] Furthermore, the Third Supplemental and Amending Administrative Master Complaint filed on October 2, 2009 incorporates as "Named Plaintiffs" "those individuals and entities listed in each and every Complaint or action filed in, or transferred into, this MDL, which is incorporated herein as if set forth *in extenso*, who all were provided emergency housing units ("EHU's"), following hurricanes Katrina and Rita in 2005."[4] Therefore, Morgan has effectively waived service through its participation in this and other actions in this MDL. *See United States ex rel. Combustion Systems Sales, Inc. v. Eastern Metal Products Fabricators, Inc.,* 112 F.R.D. 685, 687 (M.D.N.C.

---

[1] MDL No. 1873. Plaintiff properly served the First Supplemental and Amended Complaint within 120 days on the United States, through the Federal Emergency Management Agency. *See* Rec. Docs. 19662, 19986, 20258 & 20351.

[2] Letter of June 17, 2011, attached hereto as Exhibit "A." Plaintiff served a copy of his PFS to Defendants' Liaison Counsel on April 13, 2009.

[3] Excerpt from Pretrial Order No. 68 spreadsheets of October 15, 2010 and March 31, 2011, attached as Exhibit "B." E-mails to Liaison Counsel enclosing Pretrial Order No. 68 spreadsheet on October 15, 2010 and March 31, 2011, attached as Exhibit "C."

[4] Third Supplemental and Amended Administrative Master Complaint (Rec. Doc. 4486) at 3. The original Complaint by Andrew Williams, Jr. was filed on August 3, 2009, two months prior to this Third Supplemental and Amended Master Complaint. Morgan was served with the Third and Fourth Supplemental and Amended Master Complaints and, as mentioned above, answered this Master Complaint on June 17, 2010. Rec. Doc. 14407.

1986) ("Waiver has been inferred in a wide variety of situations, even when the defense has been formally raised in an answer, by conduct and inaction, such as entering an appearance, *filing motions and requesting relief, or participating in hearings or discovery*.").

Given the involvement of Morgan in this MDL, Plaintiff's provision of notice of this action in multiple PTO 68 spreadsheets to defendants, and actions take to participate in discovery of this Plaintiff's claim, the instant motion should be denied. Alternatively, because Plaintiff has shown a good faith effort to cure this deficiency in service upon notice by Defendant, Plaintiff should be granted additional time within which to properly effectuate service.

Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   */s/Justin I. Woods*
       GERALD E. MEUNIER, #9471
       JUSTIN I. WOODS, #24713
       **PLAINTIFFS' CO-LIAISON COUNSEL**
       Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
       2800 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone:    504/522-2304
       Facsimile:     504/528-9973
       gmeunier@gainsben.com

**COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**

ROBERT M. BECNEL #14072
RAUL BENCOMO, #2932
ANTHONY BUZBEE, Texas #24001820
FRANK D'AMICO, JR., #17519
ROBERT C. HILLIARD, Texas #09677700
MATT MORELAND, #24567
DENNIS C. REICH Texas #16739600
MIKAL C. WATTS, Texas #20981820

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 5, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                    */s/Justin I. Woods*
                                    JUSTIN I. WOODS, #24713