**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | **MDL No. 1873** |
| **FORMALDEHYDE** | * | |
| **PRODUCTS LIABILITY** | * | **SECTION N(5)** |
| **LITIGATION** | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **MAGISTRATE CHASEZ** |
| *Kinard Parish, et al. v. Morgan* | * | |
| *Buildings & Spas, Inc., et al.* | * | |
| (E.D. La. Suit No. 10-2276) | * | |
| | * | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION**
**TO MORGAN BUILDING AND SPAS, INC.'S**
**RULE 12(B)(5) MOTION TO DISMISS**
**FOR INSUFFICIENT SERVICE OF PROCESS**

NOW COME Plaintiffs Kinard Parish and Viola Isham (collectively, "Plaintiffs"), and file this their Memorandum in Opposition to Defendant Morgan Buildings & Spas, Inc.'s (collectively, "Defendants") Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process. Defendants' Rule 12(b)(5) Motion is both untimely and utterly baseless. Notably, Defendants have been active participants in the MDL and filed an Answer to the Amended Administrative Master Complaint (R. Doc. 14407), as well as multiple motions to dismiss, participated in discovery, and received Plaintiffs' Pretrial Order 68 detailing the parties and claims. In any event, Defendants were properly served in accordance with the standard procedures employed in this Multidistrict Litigation ("MDL"). For the reasons articulated herein, Plaintiffs respectfully request this Court **DENY** Defendants' motion.

**I. FACTUAL AND PROCEDURAL HISTORY**

This Court is well versed in the factual nuances of this litigation, which arises from injuries suffered by Plaintiffs as a result of formaldehyde exposure in FEMA trailers. On July

1

30, 2010, Plaintiffs filed an Amended Complaint for Damages in compliance with the Court's prior matching orders. *See Kinard Parish, et al. v. Morgan Buildings & Spas, Inc., et al.*, No. 10-2276, R. Doc. 1 (July 30, 2010) ("**Exhibit A**"). Plaintiffs thereafter sent a summons and a copy of the complaint to Defendants' agent for service of process, CT Corporation, via certified mail, return receipt requested. *See* Plaintiffs' Letter of Service and Amended Complaint ("**Exhibit B**"); *see also* Summons ("**Exhibit C**"). Defendants received the summons and complaint on August 20, 2010. *See* Defendants' Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process. Rec. Doc. 22027-2 at 1. The case was subsequently consolidated under the MDL proceedings against various manufacturers, suppliers and distributers of FEMA trailers.

## II. ARGUMENT AND AUTHORITIES

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party effectuating service bears the burden on demonstrating its validity when an objection is lodged. *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). That burden is generally satisfied by producing the return of service, which is *prima facie* evidence of the manner in which service was made. *See Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 4334, 435 (5th Cir. 1981). Moreover, this Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments," *Rogers v. Hartford Life & Accident Insurance Co.*, 167 F.3d 933, 936 (5th Cir. 1999), and federal district courts "enjoy[] a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. United States Dep't of Labor*, 788 F.2d 1115 (5th Cir. 1986).

The nature of this suit as a Multidistrict Litigation bears considerable importance on this Court's review of Defendants' Motion to Dismiss. *See In re Library Editions of Children's Books*, 299 F. Supp. 1139, 1141 (J.P.M.L. 1969) ("The objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of multidistrict litigation to assure the 'just and efficient conduct' of such actions.") (*citing* H.R. Rep. No. 1130, 90th Cong. 2d Sess. 3 (1968), U.S.C.C.A.N. 1968, p. 1899).[1] Indeed, "[i]t is firmly established that transfers [to an MDL] may be effected under either section even though a defendant has not been served with process." *Id.*; *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). The parties' actions for dismissal purposes should therefore be construed against the backdrop of these consolidated proceedings, which are aimed at the "reduction of court congestion, conservation of judicial energy, saving of time and trouble for parties and witnesses, resolution of conflicting discovery demands, acceleration of solutions of major controversies, and fostering sound results on the merits." *In re Library Editions*, 299 F. Supp at 1142.

**B.     Dismissal is Improper Given the Context of the MDL**

Throughout the course of this litigation, Plaintiffs have served Defendants participating pretrial proceedings via certified mail, return receipt requested. *See* Affidavit of Plaintiffs' Liaison Counsel, Justin Woods, "**Exhibit D**". Morgan is the only Defendant thus far to challenge this practice, relying on Federal Rules of Civil Procedure and Louisiana Code of Civil Procedure. *See* Fed. R. Civ. P. 4; *see also* La. Code. Civ. P. art. 1261(A)[2] *and* "Exhibit D". Rule 4(h)(1) of the Fed. R. Civ. P. provides that a corporation, partnership or association may be

---

[1] None of the cases upon which Defendants rely in their Motion involve MDLs.

[2] Defendants do not appear to dispute actual notice in their Motion and, given Defendants' extensive participation in this litigation, it is obvious Defendants had actual notice of the lawsuit. *See* 4 Wright & Miller, Federal Practice and Procedure § 1961, 312 (2001) (emphasizing that the purpose of the service of process provisions is to ensure that "all defendants . . . no matter where they might be located . . . have notice of the commencement of the action").

3

served in a judicial district of the United States:

>   (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>   (B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process—and if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides that service is perfected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Defendants' reliance on these provisions, however, is wholly untethered from the conduct of the parties and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407.

In particular, Rule 5.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("MDL Rules"), entitled "Service of Papers Filed," dictates that "[a]ll papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involving the litigation. **Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure**." (emphasis added). Federal Rule of Civil procedure 5, in turn, provides:

>   A paper is served under this rule by:
>
>   (A)   handing it to the person;
>
>   (B)   leaving it:
>
>   >   (i)   at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>   >
>   >   (ii)   if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

    (C)    **mailing it to the person's last known address — in which event service is complete upon mailing;**

    (C)    leaving it with the court clerk if the person has no known address;

    (E)    sending it by electronic means if the person consented in writing — in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or

    (F)    **delivering it by any other means that the person consented to in writing — in which event service is complete when the person making service delivers it to the agency designated to make delivery**.

Fed. R. Civ. P. 5(A) – (F) (emphasis added). It seems Pickwickian to believe that the Judicial Panel on Multidistrict Litigation would expend the ink and energy in Rule 5.2 detailing that "[s]ervice and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure," only to leave open attacks on service through Rule 4 that could sidestep entirely that very language. *See Duncan v. Walker*, 533 U.S. 167, 174 (2001) (applying the anti-superfluous canon of statutory to "give effect, if possible, to every clause . . . of [a] [s]tatute."); *see also D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208 (1932) (recognizing the longstanding canon of statutory construction that "[s]pecific terms prevail over the general in the same or another statute which otherwise be controlling"). Interpreting the MDL Rules in this fashion further protects parties from a patchwork conglomeration of differing state laws, which would unravel the fabric of consistency and uniformity prized in MDLs. *See In re Ford Motor Co.*, 591 F.3d 406, 416 n. 19 (5th Cir. 2009) (noting the MDL process "foster[s] the salutary goal of consistency"). Defendant has waived the defense of insufficiency of service of process by participating in both pretrial proceedings and the discovery process.

**C.**     **Dismissal is Improper Under Rule 4(m)**

In *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321 (5th Cir. 2008) the Defendant filed a Motion to Dismiss due to insufficient service of process and the District Court granted the same.

However, the Court of Appeals reversed finding that although a dismissals under 4(m) are to be without prejudice, since the statute of limitations had run, the dismissal was with prejudice and a different standard must be applied.  The Court of Appeals held, "This Court has recognized that "delay which warrants dismissal with prejudice must be longer than just a few months; instead, the delay must be characterized by 'significant periods of total inactivity.'" *Millan* at 327, *McNeal v. Papasan,* 842 F.2d 787, 791 (5th Cir.1988) (quoting *John v. Louisiana,* 828 F.2d 1129, 1131 (5th Cir.1987)). Our precedents have generally reserved dismissals with prejudice for "egregious and sometimes outrageous delays." *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir.1982).  *Id*.  "In short, these are cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny that plaintiff its benefits." *Id.* None of these factors meriting dismissal exist in the case at bar.  See "**Exhibits D** and **E**".

    The Court of Appeals further held that, "the record does not establish that Millan's delays in effecting service resulted from contumacious conduct. We have recognized that "it is not a party's negligence-regardless of how careless, inconsiderate, or understandably exasperating-that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *Id.* 327, *See also*, *McNeal,* 842 F.2d at 792 (quoting *John,* 828 F.2d at 1131-32); *see also Gray,* 634 F.2d at 227-28 (finding delay caused by plaintiff's negligent, but not contumacious conduct, insufficient to warrant dismissal with prejudice).   Millan's conduct, while certainly negligent, cannot be characterized as contumacious. *Id*., and *see Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519-21 (5th Cir.1985) (clear record of delay where plaintiff missed nine deadlines over two and one-half years); *Morris v. Ocean Sys., Inc.,* 730 F.2d 248, 252 (5th Cir.1984) (holding that court "exceeded its well-defined discretion" in

dismissing for failure to prosecute when only eight months elapsed from date of the first status conference to the date of its dismissal)."

D.     **Good Cause Exists for an Extension of Time to Serve**

Even if this Court determines service was not properly effectuated and that Defendants have not waived their right to raise an insufficiency of service claim, Plaintiffs ask the Court to grant an extension pursuant to Federal Rule of Civil Procedure 4(m). Plaintiffs' failure to provide sufficient service was not due to negligence, but rather due to counsel's misunderstanding of the MDL Rules, which are susceptible to the plausible interpretation that service of process is more lenient in MDLs to promote consistency and efficiency. *See In re Ford Motor,* 591 F.3d at 417 n. 19.

Plaintiffs have good cause to extend the time to serve as evidenced by the Affidavit of Plaintiffs' Co-Liaison Counsel, Justin Woods that Defendants in this MDL were regularly and routinely served via certified mail, return receipt requested. "**Exhibit D**". In addition, once Plaintiff's counsel was informed of this Morgan's position in this matter, Plaintiff's counsel, Chris Pinedo, contacted Morgan's counsel, Christine Lipsey, and requested Morgan withdraw their Motion to Dismiss given that Morgan had actively participated in the MDL litigation, produced a witness for deposition and had attended depositions. "**Exhibit E**". Alternatively Plaintiff's counsel requested that Ms. Lipsey to accept service for Morgan and to allow additional time to serve Morgan since Morgan's Motion to Dismiss, Rec. Doc. 22027, filed on June 10, 2011, was Plaintiff's first notice that Morgan Building and Spas was claiming any defect in service.[3] "**Exhibit E**". Morgan Building and Spas would not accommodate any of

---

[3] Counsel for Morgan claims that Plaintiff was informed of Defendant's claim of defective service on June 9, 2010, the day before the Motion to Dismiss was filed, as she represents a letter was faxed to Robert Hilliard regarding the service issue. Be that as it may, Plaintiff's counsel was not aware that Defendant was contesting service until June 9

7

these requests. "**Exhibit E**". Dismissal with prejudice under FRCP 41(b) for defect in service under FRCP 4(m) is appropriate only when there is a clear pattern of delay or willful contempt and lesser sanctions are inadequate. *Betty K Agencies, Ltd. V. MV Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005). None of these factors exist here, where Plaintiff has offered to remedy the service issue when it was brought to their attention. Furthermore, Defendant's Motion exalts form over substance. In this MDL, where Defendant does not deny receiving notice Complaint, and where Defendant claims no prejudice, they are simply saying the Complaint was not delivered to their agent in the proper manner, i.e., a personal courier vs. certified mail. Morgan Building and Spas did not raise this issue until after the statute of limitations and now they seek dismissal on this technicality. The Court should not countenance such gamesmanship. Alternatively, the Court should grant Plaintiff additional time to serve the Defendant before dismissing this action.

"Legitimate confusion about the service process constitutes good cause." *Jacob v. Barriere Const. Co., LLC*, No. 08-3795, 2009 WL 2390869, *at 3 (Slip. Op. July 30, 2009). "Good cause for delay longer than 120 days generally means that . . . plaintiff was confused about the requirements of service." *Id.* (citations omitted). Where, as here, Defendants had actual notice of the litigation, an extension of the deadline for service is generally warranted if the actual notice is accompanied by Plaintiffs' good-faith belief that further action was unnecessary. *See id.*; *see also Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986).

Consistent with this mandate, Plaintiffs' counsel believed, in good-faith, that delivering the Summons and Amended Complaint via certified mail, return receipt request, was sufficient under the MDL Rules for service of process. Plaintiffs' counsel further believed that Defendants

---

or 10th, 2011, and once it was brought to their attention, Plaintiffs sought to reach an agreement on the same, rather than to involve the Court. *See* "**Exhibit E**".

8

had already appeared in the master case, based on the docket report of this Court's electronic filing system. Defendants offer no evidence in their memoranda alleging either (1) that they failed to receive notice; or (2) that they suffered any prejudice from Plaintiffs' technical error. *See Libertad v. Welch*, 53 F.3d 428, 440 (1st Cir. 1995) ("When an alleged defect in service is due to a minor, technical error, only actual prejudice to the defendant or evidence of a flagrant disregard of the requirements of the rules justifies dismissal.").[4] Consequently, this Court should exercise its discretion to extend the time for service. *See Thompson*, 91 F.3d at 21.

### E. Even If Plaintiffs Do Not Demonstrate Good Cause, the Court can Allow Additional Time to Serve

If the Court finds good cause is lacking, Plaintiffs urge the Court to use its broad discretion to grant an extension because any misinterpretation was an honest mistake and the action is affected by the statute of limitations. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("[E]ven if good cause is lacking, the court has discretionary power to extend time for service. Fed. R. Civ. P. 4(m) advisory committee's notes (confirming a district court can excuse a subdivision (m) omission "even if there is no good cause shown"). Courts have been especially liberal in exercising this discretion where statute of limitations concerns are implicated. *See e.g., Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008). In *Millan*, the Fifth Circuit opined, "where the applicable statute of limitations likely bars future litigation, a district court's dismissal of claims under Rule 4(m) should be reviewed under the same heightened standard used to review a dismissal with prejudice." The Court went on to stress that a dismissal with prejudice "is an extreme sanction that deprives a litigant of the opportunity to pursue his claim", and should be reserved for only the most "egregious and

---

[4] Although a dilatory plaintiff is not absolved form complying with Rule 4(m) simply because a Defendant has actual notice of the suit or is not prejudiced by noncompliance, the Court may consider these factors in conjunction with a plaintiff's showing of good cause. *See McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995).

sometimes outrageous delays." *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980); *see Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982). Although this Court has not defined precisely what constitutes an "egregious" or "outrageous" delay, Fifth Circuit precedent provides some guidance to that effect. *See e.g., Callip v. Harris Cnty Child Welfare Dep't*, 757 F.2d 1513, 1519-21 (5th Cir. 1985) (holding that there was a clear record of delay where the plaintiff missed nine deadlines over two and one-half years); *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (holding that the Court "exceeded its well-defined discretion" in dismissing for failure to prosecute when only eight months elapsed from the date of the first status conference to the date of its dismissal).

In the instant case, ten months have lapsed since the Defendants served CT Corporation with the Summons and Amended Complaint. During that period, the litigation was far from stagnant as the parties conducted discovery and filed motions pertinent to the MDL. No "egregious" or "outrageous" delay is present in this record. *See Millan*, 546 F.3d at 326; *see also Morris*, 730 F.2d at 252. Accordingly, this Court should decline Defendants' invitation to dismiss this case.

### III. CONCLUSION

Defendants' Motion to Dismiss for Insufficiency of Service of Process is patently defective, as Plaintiffs served Defendants in accordance with the MDL Rules and Defendants waived any purported deficiencies in service by participating in the litigation. Alternatively, Plaintiffs have established good cause for any deficiencies (to the extent they exist) and respectfully ask the Court to grant additional time for service of process under Federal Rule of Civil Procedure 4(m). Lastly, even if the Court determines that misinterpretation of the MDL

Rules is not sufficient to establish "good cause," Plaintiffs nevertheless request additional time in the interests of justice.

Respectfully submitted this 5th day of July, 2011.

>Respectfully submitted,
>
>/s/ Robert C. Hilliard
>**ROBERT C. HILLIARD**
>**Trial Attorney in Charge for Plaintiff**
>Texas State Bar No. 09677700
>Southern District of TX Federal ID No. 5912
>ROBERT C. HILLIARD, L.L.P.
>719 S. Shoreline Boulevard, Suite 500
>Corpus Christi, Texas 78401
>Telephone: (361) 882-1612
>Facsimile: (361) 882-3015
>
>**MIKAL C. WATTS**
>Texas State Bar No. 20981820
>Southern District of TX Federal ID No. 12419
>MIKAL C. WATTS, P.C.
>2506 N. Port Ave.
>Corpus Christi, Texas 78401
>Telephone: (800) 994-0019
>Facsimile: (361) 882-1261
>
>**RICHARD P. IEYOUB**
>Louisiana State Bar and
>Eastern District of Louisiana Federal ID No. 2217
>CARLETON DUNLAP OLINDE & MOORE, LLC
>One American Place, Suite 900
>Baton Rouge, LA 70825
>Phone 225-282-0600
>Fax 225-282-0650
>
>**DANIEL D. WARE**
>Mississippi State Bar and
>Southern District of Mississippi Federal ID No. 10847
>**CARROLL LOUIS CLIFFORD IV**
>Mississippi State Bar and
>Southern District of Mississippi Federal ID No. 99545
>WARE CLIFFORD LAW FIRM PLLC
>2625 Ridgewood Rd., Ste 100
>Jackson, MS 39216

                                      Phone 601-368-9310
                                      Fax 601-368-9958

                             **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 5th day of July, 2011.

                                      /s/ Robert C. Hilliard
                                      _____
                                      **ROBERT C. HILLIARD**