# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Janell Batiste v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-5760* | * | |
| | * | |
| *Ann Beech v. CH2M Hill* | * | |
| *Constructors, Inc., et al* | * | |
| *No: 09-4057* | * | |
| | * | |
| *Alfred Lewis v. Crum & Forster* | * | |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-5739* | * | |
| | * | |
| *Faye Thomas v. Fluor Enterprises, Inc., et al* | * | |
| *No: 09-4038* | * | |

**************************************************************************

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Unopposed Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.  Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.

plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4]   These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.   Law and Argument

Counsel for Mover reviewed the Plaintiff Fact Sheets ("PFS") submitted by Meleah Beaugez, Bobby James, Joyce James, Elizabeth Mowers, Cornelius Johnson, and Andrealie Lewis and deemed each deficient for various reasons.  On April 14, 2011, Counsel for Mover issued Rule 37 Deficiency letters, asking for the deficient PFS relating to Mealeah Beaugez and Bobby James to be cured per Pre-Trial Orders 2 and 32.[6]   On April 15, 2011, Counsel for Mover issued a Rule 37 Deficiency letter relating to the Plaintiff Fact Sheet of Joyce James.[7]   Finally, on April 18, 2011, Counsel for Mover issued Rule 37 Deficiency letters relating to Plaintiff Fact Sheets of Elizabeth Mowers, Cornelius Johnson, and Andrealie Lewis.[8]  On June 24, 2011, Counsel for plaintiffs communicated to Counsel for Mover that a Motion to Dismiss for these plaintiffs would not be opposed because they have not cooperated in completing their Plaintiff Fact Sheets in compliance with Pre-Trial Orders 2 and 32.[9]

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious

---

[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, P.5.
[6] See Exhibits 1 and 2.
[7] See Exhibit 3.
[8] See Exhibits 4, 5 and 6.
[9] See Exhibit 7.

disposition of cases.[10] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[11]  Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When plaintiffs fail to respond to requests to cure a Plaintiff Fact Sheet, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

---

[10] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.

### III. Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure a Plaintiff Fact Sheet deficiency within thirty (30) days of the deficiency notice would result in dismissal with prejudice. This particular motion is unopposed. , Therefore, in accordance with the Court's Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Meleah Beaugez, Bobby James, Joyce James, Elizabeth Mowers, Cornelius Johnson, and Andrealie Lewis*, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

      /s Eric B. Berger   
SIDNEY J. ANGELLE, #1002  
ERIC B. BERGER, #26196  
LOBMAN, CARNAHAN, BATT,  
ANGELLE & NADER  
400 POYDRAS STREET, SUITE 2300  
NEW ORLEANS, LOUISIANA  70130  
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS _7th_ DAY OF __July__, 2011..
      /s Eric B. Berger_____

---

[11] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).