UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5) |
| **Hallman, et al.**<br><br>versus<br><br>**Thor Industries, Inc., et al.** | CIVIL ACTION NO. 2:10-CV-03417 |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

COME NOW, the Plaintiffs, through undersigned counsel, and respectfully submit this Memorandum in Support of their Motion for Reconsideration filed herein, and in support of same would show unto the Court the following:

### I. INTRODUCTION

On June 29, 2011, this Court entered an Order (Doc. 3) granting Thor Industries, Inc.'s Motion to Dismiss (MDL Doc. 22023) based on the Plaintiffs' alleged failure to fully complete their respective Plaintiff Fact Sheets. However, the undersigned never received notice of the filing of said motion because the undersigned was not on Gainsburgh Benjamin's mass email list. The undersigned contacted Denise Martin at Gainsburgh Benjamin and is now on the mass email list.

The undersigned did, however, receive electronic notice of the Court's Order granting the Defendant's motion to dismiss because it was filed in the individual cause number, 2:10-CV-

{L0063264.DOC}

03417, as opposed to the MDL cause number, 07-1873. Pursuant to the Court's instructions, Plaintiffs timely filed their motion for reconsideration herein.

Good cause exists for the reconsideration of said motion, because Plaintiffs have substantially complied with PTO Nos. 2 and 32, as amended by PTO No. 88. Admittedly, some Plaintiff Fact Sheets are missing information because those Plaintiffs have not responded to the undersigned's request for additional information. However, not all of the Plaintiffs herein fall within that category and some Plaintiff Fact Sheets have more missing information than others.

Nevertheless, the missing information, in most instances, is not required by PTO No. 88. Thus, Plaintiffs respectfully request the Court evaluate each alleged deficiency on a case-by-case basis and deny Defendant's motion as to all Plaintiffs who have substantially complied with PTO Nos. 2 and 32, as amended by PTO No. 88.

## II. ARGUMENT

The Fifth Circuit has held that a Motion for Reconsideration of such a judgment, provided, challenge a judgment on its merits, is to be treated as either "Motion to Alter or Amend under Rule 59(e) or Motion for "Relief from Judgment" under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 174 (5th Cir. 1990). If a Motion for Reconsideration is served "within 10 days of the rendition of judgment, it must be considered under Rule 59(e)." Id. If it is served after 10 days time, it must be considered under the stricter standards of Rule 60(b). Id. Because this Motion for Reconsideration is filed within the 10 day deadline provided by Rule 59, it is respectfully submitted that Rule 59(e) applies.

Although the burden for obtaining Rule 59(e) relief is not as stringent as under Rule 60(b), the Plaintiff must still demonstrate valid reasons to justify Court's reconsideration of a prior ruling. Altering, amending, or reconsidering a judgment is an extraordinary measure, which Courts should use sparingly. *Southern Contractors Group, Inc. v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir 1993).

The Court should refrain from altering or amending a judgment under Rule 59(e) of the Federal Rules of Civil Procedure unless one of the following grounds is present:

1. The Judgment is based on manifest error of law or facts;

2. The existence of newly discovered or previously unavailable evidence;

3. Manifest injustice will result; or

4. An intervening change in controlling law has occurred. See 11 Charles A.

Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2810.1 at 125-27 (1995).

In the case *sub judice*, the undersigned did not receive notice of the motion to dismiss filed herein and, therefore, was not aware that he needed to respond to anything until he received electronic notice of the Court's order granting that motion. Further, the moving Plaintiffs have substantially complied with PTO Nos. 2 and 32, as amended by PTO No. 88, and Defendant is not entitled to the relief requested.

Dismissal is a harsh remedy and should only be exercised when the moving party is clearly entitled to such relief. In this instance, the Court's Order dismissing the Plaintiffs' claims herein is based on an error of fact and would also result in a manifest injustice to movers.

### III. CONCLUSION

For the reasons aforesaid, the moving claimants are entitled to a reconsideration of the Court's Order dismissing the Plaintiffs' claims herein.

Respectfully submitted, this the 8th day of July, 2011.

By: /s/ Casey L. Lott
CASEY L. LOTT
Attorney for Plaintiffs

Of Counsel:

**LANGSTON & LOTT, P.A.**
Post Office Box 382
100 South Main Street
Booneville, MS 38829
Telephone: (662) 728-9733
Facsimile: (662) 728-1992

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 8th day of July, 2011 served a true and correct copy of the foregoing, Memorandum in Support of Motion for New Trial and or Reconsideration to counsel of record via CM/ECF to all counsel of record.

/s/ Casey L. Lott
CASEY L. LOTT