UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER     MDL NO. 1873

FORMALDEHYDE PRODUCTS

LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO:
*Robert Moise Legendre, et al. v.*
*Morgan Buildings & Spas, et al.*, EDLA No. 10-3831

## MEMORANDUM IN OPPOSITION TO MORGAN BUILDINGS & SPAS, INC.'S MOTION TO DISMISS

**MAY IT PLEASE THE COURT:**

    Plaintiffs oppose the Motion to Dismiss for Insufficient Service of Process (Rec. Doc. 22063) of Defendant, Morgan Buildings & Spas, Inc. ( Morgan). Plaintiffs concede that service was not effected within 120 days of filing this suit; however, plaintiffs believe that there are several factors that weigh in favor of this Court granting plaintiffs additional time to serve, namely:

1. Plaintiffs have made a good faith effort to cure this defect once plaintiffs' counsel discovered the defect.

2. A dismissal of the case would extremely prejudice plaintiffs, as the prescriptive period in Mississippi for filing suit regarding the actions of Defendant has likely run.

3. Morgan has been considerably involved in this MDL and has received notice of this action on multiple occasions through plaintiffs' Pretrial Order Nos. 68 and 83 spreadsheet productions to Defendants' Liaison Counsel.

4. These same plaintiffs previously were included in another suit filed in the Southern District

1

of Mississippi against this same defendant and several "unmatched" government contractor defendants, which suit was timely served on Morgan and then transferred and consolidated in this MDL proceeding. That suit included the very same allegations as those contained in the subject Complaint.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant **or order that service be made within a specified time**. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).

The Fifth Circuit "agree[s] with the majority of circuits that have found that the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service or conceals a defect in attempted service." *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Because this Honorable Court has authority under Rule 4 to allow for an extension of time to serve if an action would be time-barred if re-filed, and because plaintiffs have made a good faith effort to serve upon discovery of the defect, plaintiffs request such an extension within which to serve Morgan. Plaintiffs admit that the original complaint, bearing docket number **EDLA No. 10-3831**, was not served within the 120 days mandated by the Federal Rules of Civil Procedure. Upon

2

plaintiffs' counsel's discovery of this defect on May 3, 2011, the undersigned counsel made an unsuccessful attempt to serve Morgan with a Waiver of Service.[1]  Morgan did not execute the Waiver of Service, and subsequently Morgan filed its Motion to Dismiss.

The claims of the plaintiffs would in all likelihood be time-barred if brought at this point in time for actions of the Defendant. The fact that a dismissal for failure to timely effectuate service would effectively be the death knell for plaintiffs herein weighs in favor of this Court granting additional time to serve.

Finally, Morgan arguably has waived its challenge to service by submitting an answer in this MDL (Rec. Doc. 14407), participating in discovery in this MDL, sending a deficiency letter in this case,[2] filing multiple motions to dismiss in this MDL, and receiving spreadsheet inventories of all claims against it pursuant to Pretrial Order Nos. 68 and 83.[3]  Furthermore, the Third Supplemental and Amending Administrative Master Complaint filed on October 2, 2009, incorporates as "Named Plaintiffs" "those individuals and entities listed in each and every Complaint or action filed in, or transferred into, this MDL, which is incorporated herein as if set forth *in extenso*, who all were provided emergency housing units ("EHU's"), following hurricanes Katrina and Rita in 2005."[4]

---

[1]     See Exhibit 1, attached.

[2]     See Exhibit 7, attached.

[3]     See Exhibits 2 and 3, excerpts from Pretrial Order No. 68 original and amended spreadsheets, respectively, emailed to liaison counsel on October 15, 2010, and November 11, 2010; and, Exhibit 4, excerpts from the Pretrial Order No. 83 spreadsheet sent January 28, 2011.

[4]     Third Supplemental and Amended Administrative Master Complaint (Rec. Doc. 4486). The original complaint naming these same plaintiffs and the Morgan defendants was in the Southern District of Mississippi on July 30, 2009, (Exhibit 6, attached), with which Morgan was served on September 17, 2009, (Exhibit 6), all prior to the filing of the Third Supplemental and Amended Master Complaint. Morgan was served with the Third and Fourth Supplemental

Therefore, Morgan effectively has waived service through its participation in this and other actions in this MDL. *See United States ex rel. Combustion Systems Sales, Inc. v. Eastern Metal Products Fabricators, Inc.*, 112 F.R.D. 685, 687 (M.D.N.C.1986) ("Waiver has been inferred in a wide variety of situations, even when the defense has been formally raised in an answer, by conduct and inaction, such as entering an appearance, filing motions and requesting relief, or participating in hearings or discovery.").

Given the involvement of Morgan in this MDL, plaintiffs' provision of notice of this action in multiple PTO 68 and 83 spreadsheets to defendants, and actions take to participate in discovery of these plaintiffs' claims, the instant motion should be denied. And, given the fact that among the reasons for the amendments necessitated by PTO No. 68 was to ensure, in accordance with prior Court rulings, that each suit contain only the parties-plaintiff with claims against a single manufacturing defendant and single contracting defendant, Morgan cannot claim prejudice because this matching complaint, containing the same allegations against it as in the prior complaint from which these plaintiffs were severed, was not timely served. Alternatively, because plaintiffs have shown a good faith effort to cure this deficiency in service of a Waiver of Service request upon plaintiffs' counsel's discovery of the defect, plaintiffs should be granted additional time within which to properly effectuate service.

        Respectfully submitted,

        LAW OFFICES OF SIDNEY D. TORRES, III,
        *A PROFESSIONAL LAW CORPORATION*

        By:     s/ Roberta L. Burns

---

and Amended Master Complaints and answered this Master Complaint on June 17, 2010. Rec. Doc. 14407.

SIDNEY D. TORRES, III, La. Bar No. 12869
ROBERTA L. BURNS, La. Bar No. 14945
8301 West Judge Perez Drive, Suite 303
Chalmette, LA 70043
Telephone: (504) 271-8421
Facsimile: (504) 271-1961
***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on  the  12th  day of July, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

 s/ Roberta L. Burns
ROBERTA L. BURNS
