UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * MDL NO. 1873 <br> * <br> * <br> * <br> * <br> * JUDGE ENGELHARDT <br> * |
| THIS DOCUMENT RELATES TO: | * <br> * |
| *Kinard Parish, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. Suit No. 10-2276) | * MAGISTRATE CHASEZ <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPLY MEMORANDUM IN SUPPORT OF RULE 12(b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS (R. DOC. 22027)

On June 10, 2011, Morgan Buildings & Spas, Inc. (Morgan), appearing for the sole purpose of objecting to service, filed its Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process (R. Doc. 22027). Morgan moved to dismiss the plaintiffs' claims because the plaintiffs failed to serve Morgan within 120 days of the filing of the lawsuit as required by the Federal Rules of Civil Procedure. Plaintiffs, Kinard Parish and Viola Ishem, initiated this lawsuit on July 30, 2010, by the filing of an "Amending Complaint for Damages." (R. Doc. 1 in Suit No. 10-2276). Thus, the plaintiffs had 120 days, or until November 29, 2010,[1] to effect proper service on Morgan.

Instead of properly serving Morgan in accordance with Rule 4(h)(1) of the Federal Rules of Civil Procedure, the plaintiffs mailed a copy of the complaint and summons to Morgan's agent for service of process. *See* Fed. R. Civ. P. 4(h)(1); La. Code Civ. P. art. 1261(A); La. Code Civ. P. art. 1232 ("Personal service is made when a proper officer tenders the citation or other process to the person to be served."); *Whitehurst v. A-1 Affordable Siding, Inc.*, 2006-1321 (La. App. 3

---

[1] The 120th day fell on Saturday, November 27, 2010. Therefore, the deadline is extended until Monday, November 29, 2010.

384909.1

Cir. 3/7/07), 953 So.2d 111 (personal service on agent for corporation is required); *see also Bass v. Aeneas Williams Dealership*, 2006 WL 2038021 (W.D. La. May 31, 2006)(service of process by certified mail was invalid under state law); *Pellerin-Mayfield v. Goodwill Industries*, 2003 WL 21474649 (E.D. La. June 20, 2003)(service on corporation's agent by certified mail was ineffective because it did not comply with Louisiana law or Rule 4(h)(1)(B)); *Stanley v. Goodwin*, 475 F.Supp.2d 1026 (D. Hawaii 2006)(attempt of service on a corporation by certified mail did not comply with Rule 4(h)(1)(B)); *Lagarde v. Chase Bank U.S.A., N.A.*, 2010 WL 5056190 (E.D. Mich. Dec. 6, 2010)(service by certified mail on corporation was ineffective under Rule 4(h)(1)(B)); *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000) (finding that Rule 4(h) requires personal service rather than service by mail); *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. 2009)("The term "delivering' [in Fed. R. Civ. P. 4] appears to refer to personal service."); *Lee v. Genuardi's Family Markets, L.P.*, 2010 WL 2869454 (D. N.J. July 19, 2010)(Rule 4(h)(1)(B) "clearly requires personal delivery and does not recognize delivery by certified mail.").

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, (1999) *citing Omni Capital International, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987); *see also Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999)(when a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside); *Jackson v. Hayakawa*, 682 F.2d 1344, 1344 (9th Cir. 1982) (neither actual notice nor simply naming the defendant in the complaint's caption will subject the defendant to personal jurisdiction if service is not made pursuant to Rule 4). The fundamental

right of a defendant to be properly served with process is not eliminated due to the suit being part of a multidistrict litigation. Valid service must still be made under the laws of the transferor state. *See In re Pharmaceutical Industry Average Wholesale Price Litigation*, 321 F.Supp.2d 187, 208 (D. Mass. 2004) (dismissing the State of Nevada's complaint against one defendant because service was not proper under the laws of Nevada); *In re Multidistrict Private Civil Treble Damage Litigation Involving Library editions of Children's Books*, 299 F.Supp. 1139, 1142 (J.P.M.L. 1969)("Proper service must still be made on each defendant pursuant to the rules of the transferor court even after a transfer under [28 U.S.C. § 1407]").

Although Morgan may have received notice of the civil action, actual notice is not sufficient service of process. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). The plaintiffs failed to properly serve Morgan. Thus, the Court does not have personal jurisdiction over Morgan in this matter. Though the Court has the discretion to dismiss the plaintiffs' claims without prejudice or order that proper service be made within a specific period of time, Morgan suggests that dismissal is the proper recourse in this case.

Of the numerous suits pending in this MDL against Morgan, Morgan is aware of only six suits which remain where service was not proper. Morgan filed motions to dismiss for lack of service in each of these cases.[2] The plaintiffs voluntarily dismissed Morgan from two suits after Morgan moved to dismiss the claims against it for improper service[3] and Morgan's motion was granted in a third suit.[4] Additionally, Morgan also asserted the defense of insufficient service of

---

[2] *See* R. Doc. 21989 filed in *Angletty v Morgan Buildings and Spas, Inc. et al.*, (09-8437); R. Doc. 21986 filed in *Charles v. Morgan Buildings and Spas, Inc., et al.* (09-8438), R. Doc. 21987 filed in *Dyson v. Morgan Buildings and Spas, Inc., et al.* (10-2519), R.Doc. 22063 filed in *Legendre v. Morgan Buildings & Spas, Inc., et al.* (10-3831), R. Doc. 22027 filed in *Parish, et al. v. Morgan Buildings & Spas, Inc., et al* (10-2276), and R. Doc. 22008 filed in *Williams v. Morgan Buildings and Spas, Inc., et al.* (09-5452).

[3] *See* R. Doc. 22117 dismissing Morgan from *Angletty* and R. Doc. 22119 dismissing Morgan from *Dyson*.

[4] *See* R. Doc. 22139, granting Morgan's motion to dismiss in *Charles*. Morgan's motions in *Parish, Williams* and *Legendre* are pending.

384909.1

3

process in its Preservation of Defenses.[5] Thus, Morgan has not waived the defense of insufficiency of service of process. *See In re Wireless Telephone 911 Calls Litigation*, 2005 WL 1564978 (N.D. Ill. Jun. 3, 2005)(defendant did not waive service of process defense by participation in MDL with regard to other matters).

Morgan is entitled to advance procedural and substantive defenses, including insufficiency of service of process. This suit has been pending for almost a year and this MDL has been pending since 2007. The plaintiffs have had more than ample time to properly serve Morgan. Because they have not, their claims should be dismissed in accordance with Rule 4 of the Federal Rule of Civil Procedure.

Respectfully submitted,

*/s/ Christine Lipsey*
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS & SPAS, INC.

## CERTIFICATE OF SERVICE

I certify that, on July 11, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system.

*/s/ Christine Lipsey*
Christine Lipsey

---

[5] *See* R. Doc. 6627 - Morgan Buildings & Spas, Inc., Morgan Building Systems, Inc. and Morgan Manufacturing Corporation's First Supplemental and Amending Preservation of Defenses.

384909.1