# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**IN RE: FEMA TRAILER
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION**

**This document relates to:**
*Bradburn, No. 10- 3422*

MDL NO. 1873

JUDGE ENGELHARDT

MAG. JUDGE CHASEZ

## MEMORANDUM IN OPPOSITION TO THE
## PLAINTIFFS' MOTION FOR RECONSIDERATION

    Keystone RV Company submits this memorandum in opposition to the plaintiffs' Motion for Reconsideration of the Court's June 29, 2011 dismissal order.[1]

As explained below, the Court should deny the motion for reconsideration.[2]

### SUMMARY OF ARGUMENT

    The Court should not reverse its dismissal of the plaintiffs' claims. The plaintiffs failed to cure their deficient fact sheets within the time provided by the Court.

---

[1] *See* Rec. Doc. No. 22138, also docketed as Rec. Doc. No. 3 in Suit No. 10-3422. Keystone's Motion to Dismiss is Rec. Doc. No. 22018 and the Plaintiffs' Motion for Reconsideration is Rec. Doc. No. 22163.

[2] Suit No. 10-3422 involves forty individual plaintiffs. Presumably, the motion for reconsideration is filed on behalf of all plaintiffs in this individual action. The language in the plaintiffs' motion is generalized, however, and does not address any particular plaintiff by name or any individual fact sheet.

{B0739260.1}                                     1

The plaintiffs and their counsel had fair warning that Keystone would seek dismissal of their claims based on the failure to cure deficiencies. Keystone then followed the proper procedure for seeking dismissal of plaintiffs' claims. It filed the motion to dismiss in the Master MDL docket, referenced the underlying suit number, and served all liaison counsel with the motion. This procedure has been in place since the beginning of the MDL.

In addition, the plaintiffs' cannot rely on the Court's entry of PTO No. 88 as a basis for reconsideration. The order itself explicitly states it did <u>not</u> apply to claims that were already ripe for dismissal. Here, the plaintiffs' claims were ripe for dismissal as of January 10, 2011, long before the Court entered PTO No. 88.

## LAW AND ARGUMENT

**1.   The plaintiffs' fact sheets were deficient and they had fair warning that Keystone would seek dismissal of those claims.**

Keystone has already outlined the basis for its motion to dismiss and will not rehash that information here.[3] Instead of arguing their fact sheets were complete, the plaintiffs admit that their fact sheets were deficient. In their motion, plaintiffs write: "Admittedly, some Plaintiff Fact Sheets are missing information because those Plaintiffs have not responded to the undersigned's request for additional information. However, not all of the Plaintiffs here fall within that category and some Plaintiff Fact Sheets have more missing information than others."[4]

---

[3] *See* Rec. Doc. No. 22018.

[4] Rec. Doc. No. 22163-1, p. 2.

{B0739260.1}                                    2

Plaintiffs cannot argue in good faith that the Court's dismissal was a surprise.  At the end of the December 9th deficiency letter, Keystone's counsel spelled out the process specifically, telling the plaintiffs that "if these deficiencies are not cured within 30 days, Keystone *will* move for dismissals pursuant to PTO No. 32."[5]   In addition, on June 8, 2011, counsel for Keystone sent another email advising the plaintiffs' counsel that it would shortly file a series of motions to dismiss and sought consent to file those motions.[6]   Keystone then filed its motion to dismiss.

### 2.     Keystone followed the proper procedure for filing its motion and seeking dismissal of the court's claims.

 Plaintiffs' counsel has been involved in this MDL since at least September 2010 and is listed as counsel of record in approximately 44 different lawsuits. He should have received a copy of PTO No. 1, the order which set out the procedure for filing pleadings in the master MDL Docket and the liaison counsel system.[7]

Despite all this, the plaintiffs claim their lawyer "never received notice of said motion because the undersigned was not on Gainsburg Benjamin's mass email list.  The undersigned contacted Denise Martin at Gainsburg Benjamin and is now

---

[5] Rec. Doc. No. 22018, Exhibit "A" (emphasis added).

[6] *See* Exhibit "2" (June 8, 2011 emails related to the defendants' plan to file dismissals in Suit Nos. 10-3416, 10-3417 and 10-3422).

[7] PTO No. 1 required the Clerk to send a copy of the order to all new counsel in the case.  *See* Rec. Doc. No. 5, p. 5.

{B0739260.1}                                  3

on the mass email list."[8]  This situation does not provide a basis for reconsideration of the Court's dismissal.

Keystone filed its motion to dismiss in the MDL docket, rather than the individual captioned suit.  This is the procedure established by the Court's PTO No. 1 (Rec. Doc. No. 5, p. 4).  In addition, because Keystone filed the motion electronically, Keystone was not required to serve the motion by mail or email.[9]  In fact, the "Notice of Electronic Filing" (attached to this memorandum as Exhibit "1") confirms that all liaison counsel, including plaintiffs' liaison counsel, received notice of Keystone's motion.

In short, Keystone followed the proper procedure for seeking dismissal of the plaintiffs' claims.  The Court should not reverse its decision.

3.  **Putting aside the notice issue, the Plaintiffs have not and cannot cure the deficiencies in their fact sheets.**

The plaintiffs now admit that their fact sheets were deficient.[10]  When faced with deficiency letters, plaintiffs' counsel explained that they could not cure the deficiencies because they were unable to contact their clients.  This is not a sufficient response under the Court's fact sheet procedure.  The fact sheets at issue here remain deficient to this day, and the plaintiffs have not come forward with information necessary to cure those fact sheets.

---

[8] *Id.*

[9] *See* Eastern District of Louisiana, Electronic Case Filing Rules, Rule 9 (electronic filing constitutes service of the filing").

[10] Rec. Doc. No. 22163-1, p. 2.

The plaintiffs now attempt to rely on PTO No. 88 as a basis to avoid dismissal of their claims.  They should not be permitted to do so.  The Court issued that order on June 24, 2011 and amended the deficiency and curing process "going forward in this MDL."[11]   The order made clear that it did not apply retroactively to deficiencies that were already ripe for dismissal:

> In addition, nothing in this order extends the deadlines in PTO Nos. 2 and 32 as to fact sheets for which a motion to dismiss has already been filed or for plaintiff fact sheets where the deadlines for curing have already expired (i.e., where plaintiffs' counsel have already been notified of a deficiency and have not properly cured the deficiency within the time period for doing so).[12]

Here, Keystone notified the plaintiffs of their deficient fact sheets on December 9, 2010.  The plaintiffs' counsel responded on January 10, 2011, but failed to properly cure the deficiencies.  Thus, under the plain wording of the order, PTO No. 88 does not apply and does not provide a basis for reconsideration.

## CONCLUSION

For the reasons explained above, the plaintiffs have not established a sufficient basis for reconsideration of the Court's dismissal order.  The Court should deny the motion for reconsideration. In addition, if the Court believes it is appropriate under the circumstances, Keystone requests that the Court award reasonable attorneys' fees in connection with its ruling, as contemplated by the Court's dismissal order.

---

[11] Rec. Doc. No. 22124.
[12] *Id.*

{B0739260.1}                                5

Respectfully submitted,

s/ *Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
          -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Keystone RV Company.***

Date:  July 13, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.   In addition, in an abundance of caution, the undersigned as also served a copy of this pleading on Casey Lott, plaintiffs' counsel, via email.

Baton Rouge, Louisiana, this 13th day of July, 2011.

s/*Ryan E. Johnson*
_____
Ryan E. Johnson

{B0739260.1}                                    7