**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION** | **MDL NO. 1873** |
| | **JUDGE ENGELHARDT** |
| **This document relates to:** ***Hallman, No. 10- 3417*** | **MAG. JUDGE CHASEZ** |

**MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR RECONSIDERATION**

Thor Industries, Inc. submits this memorandum in opposition to the plaintiff's Motion for Reconsideration of the Court's June 29, 2011 dismissal order.[1] As explained below, the Court should deny the motion for reconsideration.[2]

**SUMMARY OF ARGUMENT**

The Court should not reverse its dismissal of the plaintiff's claims. The plaintiff failed to cure her deficient fact sheet within the time provided by the Court.

---

[1] *See* Rec. Doc. No. 22138, also docketed as Rec. Doc. No. 3 in Suit No. 10-3417. Thor Industries' Motion to Dismiss is Rec. Doc. No. 22023 and the Plaintiff's Motion for Reconsideration is Rec. Doc. No. 22162.

[2] Suit No. 10-3417 involves only one plaintiff, Kathy Hallman and Thor Industries sought dismissal of her claims. Presumably, the instant motion is directed to reconsideration of the Court's dismissal of Hallman's claims. This is unclear, however, because the motion and supporting memorandum refer to plaintiff**s** (plural) and do address any particular plaintiff by name or any individual fact sheet.

The plaintiff and her counsel had fair warning that Thor Industries, Inc. would seek dismissal of plaintiff's claims based on her failure to cure deficiencies. Thor Industries then followed the proper procedure for seeking dismissal of Ms. Hallman's claims. It filed the motion to dismiss in the Master MDL docket, referenced the underlying suit number, and served all liaison counsel with the motion. This procedure has been in place since the beginning of the MDL.

In addition, the plaintiff cannot rely on the Court's entry of PTO No. 88 as a basis for reconsideration. The order itself explicitly states it did not apply to claims that were already ripe for dismissal. Here, the plaintiff's claims were ripe for dismissal as of December 27, 2010, long before the Court entered PTO No. 88.

## LAW AND ARGUMENT

### 1. The plaintiff's fact sheet was deficient and she had fair warning that Thor Industries would seek dismissal of her claims.

Thor Industries has already outlined the basis for its motion to dismiss and will not rehash that information here.[3] Instead of arguing her fact sheet was complete, the plaintiff admits that her fact sheet was deficient. In her motion, the plaintiff writes: "Admittedly, some Plaintiff Fact Sheets are missing information because those Plaintiffs have not responded to the undersigned's request for additional information. However, not all of the Plaintiffs here fall within that category and some Plaintiff Fact Sheets have more missing information than

[3] *See* Rec. Doc. No. 22023.

others."[4]

Ms. Hallman cannot argue in good faith that the Court's dismissal was a surprise. At the end of the November 30th deficiency letter, counsel for the defendant spelled out the process specifically, telling the plaintiffs that it would seek dismissal of the claims.[5] In addition, on June 8, 2011, counsel for Thor Industries sent another email advising the plaintiffs' counsel that it would shortly file a series of motions to dismiss and sought consent to file those motions.[6] Thor Industries, Inc. then filed its motion to dismiss.

**2. Thor Industries followed the proper procedure for filing its motion and seeking dismissal of the court's claims.**

Ms. Hallman's counsel has been involved in this MDL since at least September 2010 and is listed as counsel of record in approximately 44 different lawsuits. He should have received a copy of PTO No. 1, the order which set out the procedure for filing pleadings in the master MDL Docket and the liaison counsel system.[7]

Despite all this, the plaintiff claims her lawyer "never received notice of said motion because the undersigned was not on Gainsburg Benjamin's mass email list. The undersigned contacted Denise Martin at Gainsburg Benjamin and is now on

---

[4] Rec. Doc. No. 22162-1, p. 2.

[5] Rec. Doc. 22023, Exhibit "A" (emphasis added).

[6] *See* Exhibit "2" (June 8, 2011 emails related to the defendants' plan to file dismissals in Suit Nos. 10-3416, 10-3417 and 10-3422).

[7] PTO No. 1 required the Clerk to send a copy of the order to all new counsel in the case. *See* Rec. Doc. No. 5, p. 5.

the mass email list."[8] This situation does not provide a basis for reconsideration of the Court's dismissal.

Thor Industries filed its motion to dismiss in the MDL docket, rather than the individual captioned suit. This is the procedure established by the Court's PTO No. 1 (Rec. Doc. No. 5, p. 4). In addition, because Thor Industries filed the motion electronically, Thor Industries was not required to serve the motion by mail or email.[9] In fact, the "Notice of Electronic Filing" (attached to this memorandum as Exhibit "1") confirms that all liaison counsel, including plaintiff's liaison counsel, received notice of Thor Industries' motion.

In short, Thor Industries followed the proper procedure for seeking dismissal of Ms. Hallman's claims. The Court should not reverse its decision.

**3. Putting aside the notice issue, the Plaintiff has not and cannot cure the deficiencies in her fact sheet.**

The plaintiff now admits that her fact sheet was deficient.[10] When faced with deficiency letters, plaintiff's counsel explained that they could not cure the deficiencies because they were unable to contact Ms. Hallman. This is not a sufficient response under the Court's fact sheet procedure. The fact sheet at issue here remains deficient to this day, and the plaintiff has not come forward with information necessary to cure her fact sheet.

---

[8] *Id*.

[9] *See* Eastern District of Louisiana, Electronic Case Filing Rules, Rule 9 (electronic filing constitutes service of the filing").

[10] Rec. Doc. No. 22162-1, p. 2.

The plaintiff now attempts to rely on PTO No. 88 as a basis to avoid dismissal of her claims. She should not be permitted to do so. The Court issued that order on June 24, 2011 and amended the deficiency and curing process "going forward in this MDL."[11] The order made clear that it did not apply retroactively to deficiencies that were already ripe for dismissal:

> In addition, nothing in this order extends the deadlines in PTO Nos. 2 and 32 as to fact sheets for which a motion to dismiss has already been filed or for plaintiff fact sheets where the deadlines for curing have already expired (i.e., where plaintiffs' counsel have already been notified of a deficiency and have not properly cured the deficiency within the time period for doing so).[12]

Here, Ms. Hallman received notice of her deficient fact sheet on November 30, 2010. Her counsel responded on December 27, 2010, but failed to properly cure the deficiencies in her fact sheet. Thus, under the plain wording of the order, PTO No. 88 does not apply and does not provide a basis for reconsideration.

## CONCLUSION

For the reasons explained above, the plaintiff has not established a sufficient basis for reconsideration of the Court's dismissal order. The Court should deny the motion for reconsideration. In addition, if the Court believes it is appropriate under the circumstances, Thor Industries requests that the Court award reasonable attorneys' fees in connection with its ruling, as contemplated by the Court's dismissal order.

---

[11] Rec. Doc. No. 22124.

[12] *Id.*

Respectfully submitted,

*s/ Ryan E. Johnson*

James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080
-and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

***Counsel for Thor Industries, Inc.***

Date: July 13, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system. In addition, in an abundance of caution, the undersigned as also served a copy of this pleading on Casey Lott, plaintiffs' counsel, via email.

Baton Rouge, Louisiana, this 13th day of July, 2011.

*s/Ryan E. Johnson*

Ryan E. Johnson