# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Cedric Cushenberry v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8381* | * | |

*************************************************************************

## SECOND AMENDED REPLY TO  MOTION TO DISMISS

MAY IT PLEASE THE COURT:

The  defendant,  Crum  &  Forster  Specialty  Insurance  Company,  through undersigned counsel, respectfully submits this Amended Reply brief in further support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

## I.   Procedural History

On May 11, 2011, Mover sought dismissal [Rec. Doc. No. 20927] of the claims of eleven plaintiffs.    On May 27, 2011, Plaintiffs sent Movers errata sheets attempting to cure the deficient Plaintiff Fact Sheets ("PFS") for ten of the eleven plaintiffs covered in the Motion to Dismiss.    Plaintiffs filed an Opposition [Rec. Doc. No. 21905].   Mover disagrees with Plaintiffs' contentions that the deficiencies were "relatively minor" and

that all deficiencies have been cured.   Mover addressed the sufficiency of the attempted cure as to each of the eleven plaintiffs covered in this motion as follows in a Reply [Rec. Doc. No. 21912] and a Supplemental Reply [Rec. Do. No. 22035].   Plaintiff has again provided additional information attempting to cure the remaining deficient Plaintiff Fact Sheets for the plaintiffs named in the original Motion, [No. 20927].

## II.  Argument

In light of the new information provided by plaintiffs, Mover files the present Amended Reply in order to provide the Court with the most up-to-date information and status of Mover's prayer as to each of the eleven plaintiffs involved in this motion"

1. **Ashley Brooks-Robinson.**  Plaintiff voluntarily dismissed the claims of Ashley Brooks Robinson, who did not reside in a Pilgrim trailer, in Rec. Doc. No. 22085.   The Motion is moot as to Ashley Brooks Robinson.

2. **Alvirda Cook's** Plaintiff Fact Sheet is still deficient.  Both the PFS and two errata sheets are unsigned.[1]   Her fact sheet includes numerous deficiencies, which an errata sheet dated July 6, 2011 [Exhibit EE] only partially correct.  Even after this errata sheet was considered, the Plaintiff Fact Sheet of Alvirda Cook still includes the following deficiencies:

- the location of the trailer, (V.A.8)

- plaintiff's residences in the last five years,  (IV.A)

- state of drivers license issuance and number, (IV.B)

---

[1] See Exhibit C to the Motion [Rec. Doc. No. 20927], the errata, Exhibit W to the Reply, [Rec. Doc. No. 21912], the second errata attached as Exhibit DD to the Amended Reply [Rec. doc. No. 22035], and the third errata, attached hereto as Exhibit EE.

- what is "her understanding of the disease of illness you claim you have developed, or may develop in the future develop, from living in a FEMA trailer or mobile home?" (III.C.2)

- Whether she has been diagnosed with cancer; (III.C.4)

- When the alleged injury or disease first occurred (III.C.5)

- Whether she had pre-existing illnesses; (III.C.6)

- Whether "use of a FEMA trailer of mobile home worsened a condition that you already had or had in the past?" (III.C.7)

- Whether she is claiming emotional or mental damages; (III.C.8)

- Whether she treated for emotional or mental damages, and the identify of treating physicians and medications taken (III.C.8);

- Whether she is making a claim for medical expenses, and if so, how much; (III.C.9)

- Whether she is making a lost wage claim, and if so, how much and where was she employed; (IV.F, 1, 2 and 3)

- Whether she has filed previous lawsuits; (IV.G)

- The reason she stopped living in a trailer (V.A.10)

- The average number of hours she spent in the trailer each day. (V.A.13)

- Whether air quality tests were performed on/in the trailer (V.B)

- Whether repair, service, or maintenance were performed on the trailer (V.D)

- The names of other residents of her trailer; (V.E)

- Her personal smoking history (VI.C);[2] and

- The smoking history of any other person who resided with her in the trailer (VI.D)

- Whether she previously suffered from any lung disease (VI.F.1)

- Has any doctor "told you that your alleged illness of disease, or injury is related to living in a FEMA trailer of mobile home?", and if so, what doctor? (VII.D)

- Whether she possesses the documents described by § VIII.

These include numerous key fields required by PTO 88 and this information is essential to both Mover's defense of this claim and information-gathering for any potential settlement. Mover submits that dismissal with prejudice is proper for failure to comply with this court's orders as more fully explained in the original memorandum in support. [Rec. doc. No 20927].

    5. The Plaintiff Fact Sheet of **Delores Moss** would be cured except that neither the original PFS[3] or the errata[4] is signed by the plaintiff.   The submission date of this motion was originally June 1, 2011.   [Rec doc. No. 20927-2], then continued by agreement of counsel to June 15, 2011.  [Rec. Doc. No. 21917].  The fact that this PFS was unsigned and therefore deficient was raised in the Motion [Rec. Doc. No. 20927, the first Reply, [Rec. Doc. No. 21912], and the Amended Reply [Rec. Doc. 22035].  Plaintiff

---

[2] In her third errata, Exhibit EE, plaintiff responds "Yes", she is or was a smoker, but provides no additional information regarding whether she currently smokes, how much, or the history of such.
[3] See Rec. Doc. No. 20927, Exhibit I.

has had ample time to correct this deficiency.  She has not.  The claim of **Delores Moss** should be dismissed with prejudice.

8. Plaintiff voluntarily dismissed the claim of **Curtis Scott,** who did not reside in a Pilgrim Trailer, by Rec. Doc. No. 22192.  The Motion is moot as to Curtis Scott.

3, 4, 6, 7, 9, 10, and 11.  The Plaintiff Fact Sheets of **Alma Francis, Averist Francis, Dorothy Price**, individually and as representative of **Edward Baker**, **Betty Robertson, David Williams Sr.,** and **Edward Price** have been cured.  Mover no longer seeks dismissal of the claims of Alma Francis, Averist Francis, Dorothy Price, individually and as representative of Edward Baker, Betty Robertson, Edward Price, and David Williams, Sr.

## Conclusion

As stated above, Mover withdraws the motion as to Alma Francis, Averist Francis, Dorothy Price, individually and as representative of Edward Baker, Betty Robertson, Edward Price, and David Williams Sr.

Mover prays for dismissal of the claims of Alvirda Cook and Delores Moss for the reasons stated herein.

The Motion is moot as to the claims of Curtis Scott and Ashley Brooks Robinson, which have subsequently been voluntarily dismissed.

Mover prays for this relief under Rule 41(b) of the Federal Rules of Civil Procedure, which provides the basis for dismissal for failure to comply with a court order, namely Pre-Trial Orders 2 and 32, which plaintiffs have failed to do.   Additionally,

---

[4] See the errata of Delores Moss, Exhibits Y-2  to the first Reply brief filed in this matter [Rec. Doc No. 21912].

Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery.  Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

Respectfully submitted:

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS
BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY
EMAILING THE SAME TO EACH, PROPERLY
THROUGH THE COURT'S E-FILING SYSTEM
ON THIS  18th   DAY OF   July  , 2011.
____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290