**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Dillon Parker, Sr. v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No:* 09-5257 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.    Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues.  This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.  Law and Argument

1. The Plaintiff Fact Sheet for **Jackie Riley, Jr.** is unsigned and undated.[6] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 122 questions to be answered. Jackie Riley, Jr., left 90 of them blank or responded insufficiently. "Key" deficiencies are that plaintiff does not provide his FEMA identification number or any information regarding his use of tobacco/ smoking

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, P.5.

history.[7] He also does not provide any information concerning the other trailer residents' use of tobacco.[8] Plaintiff does not state whether he is making a claim for medical expenses or lost wages.[9] And, he fails to state whether he has ever suffered lung or other respiratory disease or skin disease.[10]

The Plaintiff Fact Sheet is also missing other important information, such as whether plaintiff has been diagnosed with cancer since living in the FEMA trailer.[11] He fails to provide any education, employment, or family history.[12] Plaintiff does not answer whether air quality tests were ever performed on the FEMA trailer he occupied.[13] Finally, he does not answer whether any health care professional has linked his alleged injury, illness or disease to living in a FEMA trailer or mobile home, and he does not identify any medical providers.[14]

Counsel for Mover drafted a Rule 37 letter on March 31, 2011 to outline the deficiencies.[15] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Jackie Riley, Jr. is incomplete.

2. **Jackie Riley, Sr.**'s Plaintiff Fact Sheet is unsigned and undated.[16] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 122 questions to be answered. Jackie Riley, Sr. left 89 of them blank or responded

---

[6] See Exhibit A.
[7] See Exhibit A.
[8] See Exhibit A.
[9] See Exhibit A.
[10] See Exhibit A.
[11] See Exhibit A.
[12] See ExhibitA.
[13] See Exhibit A.
[14] See Exhibit A.
[15] See Exhibit B.
[16] See Exhibit C.

insufficiently. Among the key deficiencies are that plaintiff omits his FEMA identification number and mailing address or physical location of the FEMA trailer.[17] He does not answer if he has ever suffered from lung or other respiratory disease or skin disease.[18] He fails to state whether he is making a claim for medical expenses or lost wages.[19] Another "key" omission is plaintiff's smoking history or any information regarding the other trailer residents' use of tobacco.[20]

The Plaintiff Fact Sheet is also missing other important information, such as whether plaintiff has been diagnosed with cancer since living in the FEMA trailer.[21] Furthermore, he does not provide any education, employment, or family history.[22] He also does not state why he stopped living in the FEMA trailer or whether any air quality tests were ever performed.[23] Finally, he does not answer whether any health care professional has linked his living in a FEMA trailer to his alleged illness, injury or disease, and he does not identify any medical providers.[24]

Counsel for Mover drafted a Rule 37 letter on March 31, 2011 to outline the deficiencies.[25] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Jackie Riley, Sr. is incomplete.

3. **Barbara Riley**'s Plaintiff Fact Sheet is unsigned and undated.[26] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 122

---

[17] See Exhibit C.
[18] See Exhibit C.
[19] See Exhibit C.
[20] See Exhibit C.
[21] See Exhibit C.
[22] See Exhibit C.
[23] See Exhibit C.
[24] See Exhibit C.

questions to be answered. Barbara Riley's Plaintiff Fact Sheet left 88 of them blank or responded insufficiently. Among the key deficiencies are that plaintiff fails to provide her FEMA identification number or the mailing address/ physical location of the FEMA trailer.[27] She does not answer whether she is making a claim for medical expenses or lost wages. Plaintiff does not state whether she has ever suffered lung or other respiratory disease or skin disease.[28] Another "key" deficiency is that plaintiff does not provide any information regarding her own smoking history or the other trailer residents' use of tobacco.[29]

The Plaintiff Fact Sheet is also missing other important information, such as whether plaintiff has been diagnosed with cancer since living in the FEMA trailer. Furthermore, she fails to provide any education, employment or family history.[30] She does not answer whether any air quality tests were ever performed or state why she stopped living in the FEMA trailer.[31] Finally, she fails to address whether any health care professional has linked her alleged illness, injury or disease to living in a FEMA trailer, and she does not identify any medical providers.[32]

---

[25] See Exhibit D.
[26] See Exhibit E.
[27] See Exhibit E.
[28] See Exhibit E.
[29] See Exhibit E.
[30] See Exhibit E.
[31] See Exhibit E.
[32] See Exhibit E.

Counsel for Mover drafted a Rule 37 letter on March 31, 2011 to outline the deficiencies.[33] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Barbara Riley is incomplete.

4. The Plaintiff Fact Sheet for **Yelir Riley** is unsigned and undated.[34] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 122 questions to be answered. Yelir Riley left 90 of them blank or responded insufficiently. Among the key deficiencies are that plaintiff omits his FEMA identification number and mailing address or physical location of the FEMA trailer.[35] He does not answer if he has ever suffered from lung or other respiratory disease or skin disease.[36] He fails to state whether he is making a claim for medical expenses or lost wages.[37] Another "key" omission is plaintiff's smoking history or any information regarding the other trailer residents' use of tobacco.[38]

The Plaintiff Fact Sheet is also missing other important information, such as whether plaintiff has been diagnosed with cancer since living in the FEMA trailer.[39] Furthermore, he does not provide any education, employment, or family history.[40] He also does not state why he stopped living in the FEMA trailer or whether any air quality tests were ever performed.[41] Finally, he does not answer whether any health care

---

[33] See Exhibit F.
[34] See Exhibit G.
[35] See Exhibit G.
[36] See Exhibit G.
[37] See Exhibit G.
[38] See ExhibitG.
[39] See Exhibit G.
[40] See Exhibit G.
[41] See Exhibit G.

professional has linked his living in a FEMA trailer to his alleged illness, injury or disease, and he does not identify any medical providers.[42]

Counsel for Mover drafted a Rule 37 letter on March 31, 2011 to outline the deficiencies.[43] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Yelir Riley is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[44] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[45]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit,

---

[42] See Exhibit G.
[43] See Exhibit H.
[44] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.
[45] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete and cured Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Jackie Riley, Jr., Jackie Riley, Sr., Barbara Riley, and Yelir Riley*, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __20th__ DAY OF __July__, 2011..

_____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290