# DUPLASS ZWAIN BOURGEOIS PFISTER & WEINSTOCK

LAWRENCE J. DUPLASS
GARY M. ZWAIN (1)
DAVID J. BOURGEOIS
C. MICHAEL PFISTER
ANDREW D. WEINSTOCK (1)
GUYTON H. VALDIN, JR.
KELLY CAMBRE BOGART (1)
CHRISTIAN B. BOGART (1)
JOSEPH G. GLASS (2)

KEVIN R. DERHAM (3)
JOSEPH E. BEARDEN, III
JAIME M. CAMBRE
COREY M. OUBRE (1)
PAUL VERLANDER
NICOLE M. BOYER
RYAN M. MALONE
PHILIP G. WATSON

BEN S. DiPALMA
SHENDELLE T. POLK

*SPECIAL COUNSEL*
DAVID M. CAMBRE

(1) also admitted in Texas
(2) also admitted in Mississippi
(3) also admitted in Maryland

May 9, 2011

**VIA ELECTRONIC MAIL**
Matthew B. Moreland
Becnel Law Firm, LLC
106 West Seventh St.
P.O. Drawer H
Reserve, La 70084

Dear Matt:

I am writing on behalf of Gulf Stream Coach, Inc. pursuant to Pretrial Order No. 2 concerning deficiencies in the Plaintiffs' production of the Plaintiff Fact Sheets (PFS). As you know, the PFS for each plaintiff named in an action that has been transferred to the MDL proceedings were due to be served, fully executed and verified. Certain Fact Sheets, however, still fail to materially comply with the obligations of Pre Trial Order No. 2.

In accordance with Section III (D) of Pretrial Order No. 2, Gulf Stream Coach, Inc. has included an updated list which specifically indentifies the material deficiencies of each plaintiff fact sheet. Plaintiffs have thirty (30) days or until **June 9, 2011** from receipt of this letter to cure the material deficiencies. If the material deficiencies are not cured within this timeframe, Gulf Stream Coach, Inc. may move for dismissal of Plaintiffs' claims, including dismissal with prejudice.

The specific PFS deficiencies we have noted are as follows:

## AARONSON & RASH, PLLC, CLIENTS:

1.      Alfonso Thomas Mejia, III

   1.  Did not provide email address, as required in Section II (E).
   2.  Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
   3.  Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
   4.  Did not provide responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).
   5.  Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
   6.  Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).

7. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
8. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
9. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
10. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
11. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
12. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
13. Did not provide plaintiff's educational background, as required by Section IV (E).
14. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
15. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
16. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).
17. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).
18. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).
19. Did not provide information about previous lawsuits or claims, as required by Section IV (G).
20. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.
21. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.
22. Did not provide the VIN Number, as required by Section V (A)(2).
23. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
24. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
25. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
26. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
27. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).
28. Did not provide other tobacco use history, as required by Section VI (D).
29. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)
30. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).
31. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

32. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

33. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

34. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

35. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).

36. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).

37. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).

38. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).

39. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).

40. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).

41. Did not sign a HIPAA Authorization for medical records.

42. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

43. Did not sign the Privacy Act Release.

44. Did not provide an executed Authorization for Release of Employment Records.

2.    Ann Tina Mejia o/b/o Julian T. Mason

1. Did not provide email address, as required in Section II (E).

2. Did not provide maiden or other names used by which represented person has been known, as required by Section III (A)(2).

3. Did not provide work telephone number and / or other telephone number for represented person, as required by Section III (A)(4).

4. Did not provide email address for represented person, as required by Section III (A)(5).

5. Did not provide information regarding court-appointed representation, as required by Section III (A)(6).

6. Did not provide relationship to represented person, as required by Section III (A)(7).

7. Did not provide information requested on decedent's estate, as required by Section III (A)(8).

8. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).

9. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).

10. Did not provide responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).

11. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).

12. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).

13. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).

14. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).

15. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).

16. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).

17. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).

18. Did not provide plaintiff's educational background, as required by Section IV (E).

19. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).

20. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).

21. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).

22. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).

23. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).

24. Did not provide information about previous lawsuits or claims, as required by Section IV (G).

25. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.

26. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.

27. Did not provide the VIN Number, as required by Section V (A)(2).

28. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

29. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

30. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

31. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

32. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

33. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

34. Did not provide other tobacco use history, as required by Section VI (D).

35. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

36. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).

37. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

38. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

39. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

40. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

41. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).

42. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).

43. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).

44. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).

45. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).

46. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).

47. Did not sign a HIPAA Authorization for medical records.

48. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

49. Did not sign the Privacy Act Release.

50. Did not provide an executed Authorization for Release of Employment Records.

3.    Ann Tina Mejia

   1. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).

   2. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).

   3. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).

   4. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).

   5. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).

   6. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).

7. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).

8. Did not provide name and address of counselor, the condition for which treatment was rendered, date of treatment, and / or list of medications prescribed or recommended by the counselor, as required by Section III (C)(8).

9. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).

10. Did not provide plaintiff's educational background, as required by Section IV (E).

11. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).

12. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).

13. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).

14. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).

15. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).

16. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.

17. Did not provide the VIN Number, as required by Section V (A)(2).

18. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

19. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

20. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

21. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

22. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

23. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

24. Did not provide other tobacco use history, as required by Section VI (D).

25. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

26. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).

27. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

28. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

29. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

30. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

31. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).

32. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).

33. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).

34. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).

35. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).

36. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).

37. Did not sign a HIPAA Authorization for medical records.

38. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

39. Did not sign the Privacy Act Release.

40. Did not provide an executed Authorization for Release of Employment Records.


4.      Christopher D. Merz o/b/o Christopher R. Merz

1. Did not provide a maiden or other name, as required in Section II (B).

2. Did not provide email address, as required in Section II (E).

3. Did not provide maiden or other names used by which represented person has been known, as required by Section III (A)(2).

4. Did not provide work telephone number and / or other telephone number for represented person, as required by Section III (A)(4).

5. Did not provide email address for represented person, as required by Section III (A)(5).

6. Did not provide information regarding court-appointed representation, as required by Section III (A)(6).

7. Did not provide relationship to represented person, as required by Section III (A)(7).

8. Did not provide information requested on decedent's estate, as required by Section III (A)(8).

9. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).

10. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).

11. Did not provide responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).

12. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).

13. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).

14. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).

15. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).

16. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).

17. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).

18. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).

19. Did not provide plaintiff's educational background, as required by Section IV (E).

20. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).

21. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).

22. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).

23. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).

24. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).

25. Did not provide information about previous lawsuits or claims, as required by Section IV (G).

26. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.

27. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.

28. Did not provide the VIN Number, as required by Section V (A)(2).

29. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

30. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).

31. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

32. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

33. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

34. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

35. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

36. Did not provide other tobacco use history, as required by Section VI (D).

37. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

38. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).
39. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).
40. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).
41. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).
42. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
43. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
44. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
45. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
46. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
47. Did not sign a HIPAA Authorization for medical records.
48. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
49. Did not sign the Privacy Act Release.
50. Did not provide an executed Authorization for Release of Employment Records.

5.     Christopher D. Merz o/b/o Julia Merz
   1. Did not provide email address, as required in Section II (E).
   2. Did not provide maiden or other names used by which represented person has been known, as required by Section III (A)(2).
   3. Did not provide work telephone number and / or other telephone number for represented person, as required by Section III (A)(4).
   4. Did not provide email address for represented person, as required by Section III (A)(5).
   5. Did not provide information regarding court-appointed representation, as required by Section III (A)(6).
   6. Did not provide relationship to represented person, as required by Section III (A)(7).
   7. Did not provide information requested on decedent's estate, as required by Section III (A)(8).
   8. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
   9. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
   10. Did not provide responses to the symptom check list for symptoms experienced or reported to a physician during the time lived in a FEMA Trailer, as required by Section III (C)(3).

11. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
12. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
13. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
14. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
15. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
16. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
17. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
18. Did not provide plaintiff's educational background, as required by Section IV (E).
19. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
20. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
21. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).
22. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).
23. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).
24. Did not provide information about previous lawsuits or claims, as required by Section IV (G).
25. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.
26. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.
27. Did not provide the VIN Number, as required by Section V (A)(2).
28. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
29. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
30. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
31. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
32. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).
33. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
34. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

35. Did not provide other tobacco use history, as required by Section VI (D).

36. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

37. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).

38. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

39. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

40. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

41. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

42. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).

43. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).

44. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).

45. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).

46. Did not sign a HIPAA Authorization for medical records.

47. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

48. Did not sign the Privacy Act Release.

49. Did not provide an executed Authorization for Release of Employment Records.


6.    Christopher D. Merz

1. Did not provide email address, as required in Section II (E).

2. Did not provide attorney's information, as required by Section III (B).

3. Did not indicate whether plaintiff is claiming mental and/or emotional damages as a result of residing in a FEMA trailer, as required by Section III (C)(8)

4. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).

5. Did not provide plaintiff's educational background, as required by Section IV (E).

6. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).

7. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).

8. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).

9. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).

10. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).

11. Did not provide information about previous lawsuits or claims, as required by Section IV (G).

12. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.

13. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.

14. Did not provide the VIN Number, as required by Section V (A)(2).

15. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

16. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

17. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

18. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

19. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

20. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

21. Did not provide other tobacco use history, as required by Section VI (D).

22. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

23. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).

24. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

25. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

26. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

27. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

28. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).

29. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).

30. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).

31. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).

32. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
33. Did not sign a HIPAA Authorization for medical records.
34. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
35. Did not sign the Privacy Act Release.
36. Did not provide an executed Authorization for Release of Employment Records.

7.     Paula Ann Merz
1. Did not provide email address, as required in Section II (E).
2. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
3. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
4. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
5. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
6. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
7. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
8. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
9. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
10. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
11. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
12. Did not provide date and/or place of birth, as required by Section IV (C).
13. Did not indicate plaintiff's sex, as required by Section IV (D).
14. Did not provide plaintiff's educational background, as required by Section IV (E).
15. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
16. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
17. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).
18. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).
19. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).
20. Did not provide information about previous lawsuits or claims, as required by Section IV (G).

21. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.
22. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.
23. Did not provide the VIN Number, as required by Section V (A)(2).
24. Did not provide the FEMA Identification Number, as required by Section V (A)(3).
25. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
26. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
27. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
28. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
29. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).
30. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
31. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).
32. Did not provide other tobacco use history, as required by Section VI (D).
33. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)
34. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).
35. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).
36. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).
37. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).
38. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
39. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
40. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
41. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
42. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
43. Did not sign a HIPAA Authorization for medical records.
44. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

45. Did not sign the Privacy Act Release.
46. Did not provide an executed Authorization for Release of Employment Records.

8.      Augustine Miller

1.  Did not provide a maiden or other name, as required in Section II (B).
2.  Did not provide email address, as required in Section II (E).
3.  Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
4.  Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
5.  Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
6.  Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
7.  Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
8.  Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
9.  Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
10. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
11. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
12. Did not provide plaintiff's educational background, as required by Section IV (E).
13. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
14. Did not provide the VIN Number, as required by Section V (A)(2).
15. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
16. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
17. Did not provide the mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).
18. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
19. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
20. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
21. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
22. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
23. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

24. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
25. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
26. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
27. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
28. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
29. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).
30. Did not respond whether the FEMA housing unit was ever fumigated, as required by Section V (C).
31. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit, as required by Section V (D).
32. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).
33. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
34. Did not provide other tobacco use history, as required by Section VI (D).
35. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)
36. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).
37. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).
38. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).
39. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).
40. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).
41. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
42. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
43. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
44. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
45. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).
46. Did not sign a HIPAA Authorization for medical records.

47. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
48. Did not sign the Privacy Act Release.
49. Did not provide an executed Authorization for Release of Employment Records.

9.    Carl Miller, Jr.
1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
4. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
5. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
6. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
7. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
8. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
9. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
10. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
11. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
12. Did not indicate plaintiff's sex, as required by Section IV (D).
13. Did not provide plaintiff's educational background, as required by Section IV (E).
14. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
15. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
16. Did not provide the VIN Number, as required by Section V (A)(2).
17. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
18. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).
19. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).
20. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
21. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
22. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
23. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

24. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).

25. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

26. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

27. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).

28. Did not respond whether the FEMA housing unit was ever fumigated, as required by Section V (C).

29. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit, as required by Section V (D).

30. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

31. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

32. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

33. Did not provide other tobacco use history, as required by Section VI (D).

34. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

35. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).

36. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

37. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

38. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

39. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

40. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).

41. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).

42. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).

43. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).

44. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).

45. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).

46. Did not sign a HIPAA Authorization for medical records.

47. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
48. Did not sign the Privacy Act Release.
49. Did not provide an executed Authorization for Release of Employment Records.

10.    Carl Miller, Sr.
   1. Did not provide email address, as required in Section II (E).
   2. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
   3. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
   4. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
   5. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
   6. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
   7. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
   8. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
   9. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
   10. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
   11. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
   12. Did not provide plaintiff's educational background, as required by Section IV (E).
   13. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
   14. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
   15. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.
   16. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.
   17. Did not provide the VIN Number, as required by Section V (A)(2).
   18. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
   19. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
   20. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
   21. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
   22. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

23. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).

24. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

25. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).

26. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).

27. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

28. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

29. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

30. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).

31. Did not respond whether the FEMA housing unit was ever fumigated, as required by Section V (C).

32. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit, as required by Section V (D).

33. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

34. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

35. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

36. Did not provide other tobacco use history, as required by Section VI (D).

37. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

38. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).

39. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

40. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

41. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

42. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

43. Did not provide medical records, which plaintiff indicated was in his possession, as required by Section VIII (A).

44. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).

45. Did not provide test results, which plaintiff indicated was in his possession, as required by Section VIII (C).
46. Did not provide medical bills, which plaintiff indicated was in his possession, as required by Section VIII (D).
47. Did not provide the questionnaire, which plaintiff indicated was in his possession, as required by Section VIII (E).
48. Did not provide decedent's death certificate, which plaintiff indicated was in his possession, as required by Section VIII (F).
49. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).
50. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
51. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
52. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
53. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
54. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).
55. Did not sign a HIPAA Authorization for medical records.
56. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
57. Did not sign the Privacy Act Release.
58. Did not provide an executed Authorization for Release of Employment Records.

10.   Elizabeth Miller
1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide email address, as required in Section II (E).
3. Did not provide attorney's information, as required by Section III (B).
4. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
5. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
6. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
7. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
8. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
9. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
10. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
11. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).

12. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
13. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
14. Did not provide plaintiff's educational background, as required by Section IV (E).
15. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
16. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
17. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).
18. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).
19. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).
20. Did not provide information about previous lawsuits or claims, as required by Section IV (G).
21. Did not provide the VIN Number, as required by Section V (A)(2).
22. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
23. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
24. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
25. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
26. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
27. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
28. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).
29. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
30. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
31. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
32. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
33. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
34. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).
35. Did not respond whether the FEMA housing unit was ever fumigated, as required by Section V (C).

36. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit, as required by Section V (D).
37. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).
38. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
39. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).
40. Did not provide other tobacco use history, as required by Section VI (D).
41. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)
42. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).
43. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).
44. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).
45. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).
46. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
47. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).
48. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
49. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
50. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
51. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
52. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).
53. Did not sign a HIPAA Authorization for medical records.
54. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
55. Did not sign the Privacy Act Release.
56. Did not provide an executed Authorization for Release of Employment Records.

11.     Joe Ann Miller
1. Did not provide a maiden or other name, as required in Section II (B).
2. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).

3. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).

4. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).

5. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).

6. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).

7. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).

8. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).

9. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).

10. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).

11. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).

12. Did not provide plaintiff's educational background, as required by Section IV (E).

13. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).

14. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).

15. Did not provide the VIN Number, as required by Section V (A)(2).

16. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

17. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).

18. Did not provide the date plaintiff first occupied the temporary housing unit, as required by Section V (A)(6).

19. Did not provide the date plaintiff moved out of the temporary housing unit, as required by Section V (A)(7).

20. Did not provide the mailing address and physical location for plaintiff's temporary housing unit, as required by Section V (A)(8).

21. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)

22. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

23. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

24. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

25. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).

26. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

27. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
28. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
29. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
30. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
31. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).
32. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).
33. Did not respond whether the FEMA housing unit was ever fumigated, as required by Section V (C).
34. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit, as required by Section V (D).
35. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).
36. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).
37. Did not provide other tobacco use history, as required by Section VI (D).
38. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)
39. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).
40. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).
41. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).
42. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).
43. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).
44. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
45. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
46. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
47. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
48. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).
49. Did not sign a HIPAA Authorization for medical records.

50. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.
51. Did not sign the Privacy Act Release.
52. Did not provide an executed Authorization for Release of Employment Records.

12.   Sonya Miller o/b/o Destin Miller
1. Did not provide email address, as required in Section II (E).
2. Did not provide maiden or other names used by which represented person has been known, as required by Section III (A)(2).
3. Did not provide address for represented person, as required by Section III (A)(3).
4. Did not provide work telephone number and / or other telephone number for represented person, as required by Section III (A)(4).
5. Did not provide email address for represented person, as required by Section III (A)(5).
6. Did not provide information regarding court-appointed representation, as required by Section III (A)(6).
7. Did not provide relationship to represented person, as required by Section III (A)(7).
8. Did not provide information requested on decedent's estate, as required by Section III (A)(8).
9. Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
10. Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
11. Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
12. Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
13. Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
14. Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
15. Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
16. Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
17. Did not indicate whether plaintiff is claiming mental and/or emotional damages as a result of residing in a FEMA trailer, as required by Section III (C)(8)
18. Did not provide name and address of counselor, the condition for which treatment was rendered, date of treatment, and / or list of medications prescribed or recommended by the counselor, as required by Section III (C)(8).
19. Did not state whether plaintiff was making a claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer, as required by Section III (C)(9).
20. Did not state the amount of plaintiff's claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer, as required by Section III (C)(9).

21. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
22. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
23. Did not provide plaintiff's educational background, as required by Section IV (E).
24. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
25. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
26. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).
27. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).
28. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).
29. Did not provide information about previous lawsuits or claims, as required by Section IV (G).
30. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.
31. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.
32. Did not provide the VIN Number, as required by Section V (A)(2).
33. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).
34. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)
35. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).
36. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).
37. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).
38. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).
39. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).
40. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).
41. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).
42. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).
43. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).
44. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

45. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).

46. Did not respond whether the FEMA housing unit was ever fumigated, as required by Section V (C).

47. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit, as required by Section V (D).

48. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

49. Did not provide plaintiff's height, current weight, and/or weight prior to living in FEMA housing unit, as required by Section VI (A-B).

50. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

51. Did not provide other tobacco use history, as required by Section VI (D).

52. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

53. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).

54. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).

55. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).

56. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).

57. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).

58. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).

59. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).

60. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).

61. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).

62. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).

63. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).

64. Did not sign a HIPAA Authorization for medical records.

65. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

66. Did not sign the Privacy Act Release.

67. Did not provide an executed Authorization for Release of Employment Records.

13.  Sonya Miller
   1.  Did not provide email address, as required in Section II (E).
   2.  Did not provide response that disease/illness is claimed to be the result of formaldehyde while residing in a FEMA trailer, as required by Section III (C)(1).
   3.  Did not provide plaintiff's understanding of the illness/disease plaintiff is claiming to suffer from because of living in a FEMA trailer, as required by Section III (C)(2).
   4.  Did not provide a response to whether plaintiff has been diagnosed with cancer since moving into the FEMA trailer, as required by Section III (C)(4).
   5.  Did not provide the date when plaintiff claims this injury or disease first occurred, as required by Section III (C)(5).
   6.  Did not provide a response to whether plaintiff suffered with this type of illness/disease prior to living in a FEMA trailer, as required by Section III (C)(6).
   7.  Did not provide a who diagnosed the condition suffered prior to living in a FEMA trailer and / or the date of diagnosis, as required by Section III (C)(6).
   8.  Did not provide a response to whether FEMA trailer worsened a pre-existing condition, as required by Section III (C)(7).
   9.  Did not provide the date of recovery and whether recovery occurred prior to moving into FEMA housing unit, as required by Section III (C)(7).
   10. Did not indicate whether plaintiff is claiming mental and/or emotional damages as a result of residing in a FEMA trailer, as required by Section III (C)(8)
   11. Did not provide name and address of counselor, the condition for which treatment was rendered, date of treatment, and / or list of medications prescribed or recommended by the counselor, as required by Section III (C)(8).
   12. Did not state whether plaintiff was making a claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer, as required by Section III (C)(9).
   13. Did not state the amount of plaintiff's claim for medical expenses related to formaldehyde exposure while residing in a FEMA trailer, as required by Section III (C)(9).
   14. Did not provide the identity of each address at which plaintiff resided during the last 5 years, as required by Section IV (A).
   15. Did not provide plaintiff's State Driver's License Number, as required by Section IV (B).
   16. Did not provide plaintiff's educational background, as required by Section IV (E).
   17. Did not provide plaintiff's current employment information, as required by Section IV (F)(1).
   18. Did not provide plaintiff's employment information for the past ten years, as required by Section IV (F)(2).
   19. Did not state whether plaintiff was making a claim for Loss Wages or Lost Earning Capacity as a result of formaldehyde exposure while residing in a FEMA trailer, as required by Section IV (F)(3).
   20. Did not provide income information for the past five years, as required by Section IV (F)(3)(a).
   21. Did not provide information about total time lost from work, as required by Section IV (F)(3)(b).
   22. Did not provide information about previous lawsuits or claims, as required by Section IV (G).

23. Did not provide information on family members suffering from a disease, as required by Section IV (A) – *family information*.

24. Did not indicate whether you are claiming the wrongful death of a family member related to formaldehyde, as required by Section IV (B) – *family information*.

25. Did not provide the VIN Number, as required by Section V (A)(2).

26. Did not provide the bar code number on the FEMA housing unit, as required by Section V (A)(4).

27. Did not provide a response to whether plaintiff's temporary housing unit was a travel trailer or a mobile home, as required by Section V (A)(5).

28. Did not provide a response to whether plaintiff's temporary housing unit was located on private property or a trailer park, as required by Section V (A)(9).

29. Did not provide a reason why plaintiff ceased living in the temporary housing unit, as required by Section V (A)(10)

30. Did not indicate the approximate square footage of the temporary housing unit, as required by Section V (A)(11).

31. Did not indicate the approximate length and width of the temporary housing unit, as required by Section V (A)(12).

32. Did not indicate the average number of daily hours spent in the temporary housing unit, as required by Section V (A)(13).

33. Did not provide a response to whether the FEMA housing unit was jacked up, as required by Section V (A)(14).

34. Did not indicate whether the FEMA housing unit was hooked up to a sewer line, as required by Section V (A)(15).

35. Did not indicate whether the FEMA housing unit was hooked up to an electrical line, as required by Section V (A)(16).

36. Did not indicate whether the FEMA housing unit was hooked up to a natural gas line, as required by Section V (A)(17).

37. Did not indicate whether propane gas was used in the FEMA housing unit, as required by Section V (A)(18).

38. Did not indicate how many days per week worked outside of the FEMA housing unit, as required by Section V (A)(19).

39. Did not respond whether plaintiff lived temporarily in another location during the time plaintiff resided in the FEMA housing unit, as required by Section V (A)(20).

40. Did not respond whether air quality tests were performed on the FEMA housing unit, as required by Section V (B).

41. Did not respond whether the FEMA housing unit was ever fumigated, as required by Section V (C).

42. Did not respond whether repairs, service or maintenance was performed on the FEMA housing unit, as required by Section V (D).

43. Did not provide information of other persons who resided in the FEMA housing unit, as required by Section V (E).

44. Did not provide plaintiff's personal tobacco history, as required by Section VI (C).

45. Did not provide other tobacco use history, as required by Section VI (D).

46. Did not respond whether plaintiff was pregnant during the time plaintiff resided in the FEMA housing unit, as required by Section VI (E)

47. Did not indicate whether plaintiff has ever suffered from lung or other respiratory disease, as required by Section VI (F)(1).
48. Did not indicate whether plaintiff has ever suffered from an infectious disease, as required by Section VI (F)(2).
49. Did not indicate whether plaintiff has ever suffered from long term stomach or bowel disease, as required Section VI (F)(3).
50. Did not indicate whether plaintiff has ever suffered from skin disease, as required Section VI (F)(4).
51. Did not indicate whether plaintiff has received a chest x-ray, CT scan or MRI, as required by Section VI (G).
52. Did not identify the doctor(s) or health care provider(s) who treated plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (A-B).
53. Did not identify the doctor(s) or health care provider(s) that provided psychological health care to plaintiff for disease/illness/injury that plaintiff alleges were suffered as a result of living in a FEMA housing unit, as required by Section VII (C).
54. Did not indicate whether any health care professional told plaintiff that the alleged illness/disease or injury was related to living in a FEMA housing unit, as required by Section VII (D).
55. Did not provide medical records, which plaintiff indicated was in his possession, as required by Section VIII (A).
56. Did not provide Standard Form 95, which plaintiff indicated was in his possession, as required by Section VIII (B).
57. Did not provide test results, which plaintiff indicated was in his possession, as required by Section VIII (C).
58. Did not provide medical bills, which plaintiff indicated was in his possession, as required by Section VIII (D).
59. Did not provide the questionnaire, which plaintiff indicated was in his possession, as required by Section VIII (E).
60. Did not provide decedent's death certificate, which plaintiff indicated was in his possession, as required by Section VIII (F).
61. Did not provide the identity of plaintiff's current primary care physician, as required by Section IX (A).
62. Did not provide the identity of plaintiff's primary care physicians for the last seven years, as required by Section IX (B).
63. Did not provide hospitals/clinics/health care facilities where plaintiff received inpatient treatment during the last seven years, as required by Section IX(C).
64. Did not provide hospitals/clinics/health care facilities where plaintiff received outpatient treatment during the last seven years, as required by Section IX (D).
65. Did not provide names of each physician or health care provider who treated plaintiff during the last seven years, as required by Section IX (E).
66. Did not provide the pharmacies that dispensed medication to plaintiff during the last seven years, as required by Section IX (F).
67. Did not sign a HIPAA Authorization for medical records.
68. Did not sign a HIPAA Authorization for psychological/psychiatric records, as required for plaintiff's making a claim for emotional distress.

69. Did not sign the Privacy Act Release.
70. Did not provide an executed Authorization for Release of Employment Records.

Sincerely,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

**Andrew Weinstock**

ANDREW D. WEINSTOCK

ADW/cvm