UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N (5) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| *Gerod Macon, et al v. Sun Valley, Inc., et al* | * | MAG. JUDGE: CHASEZ |
| Docket No. 09-7103 (Laura Demetriace Batiste) | * | |

************************************************************************

# SUN VALLEY, INC., d/b/a SUN-LITE'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION

**MAY IT PLEASE THE COURT:**

Sun Valley, Inc., d/b/a Sun-Lite moves for summary judgment based on Laura Demetriace Batiste's failure to show that there is any genuine issue of material fact regarding medical causation. Plaintiff has failed to produce any evidence that could support a judgment in her favor. Expert medical testimony is critical to finding causation in a toxic tort case, and the experts presented by Plaintiff in this case are not able to supply the links that would enable a jury to find that her claimed injuries were caused by exposure to gaseous formaldehyde. Additionally, none of Plaintiff's experts can testify to any harmful level of exposure to formaldehyde. Defendant, therefore, asserts that as a matter of law, all of Plaintiff's claims must be dismissed as a result of her failure to provide the general and specific causation testimony necessary to support her claims.

## I. BACKGROUND

Plaintiff, Laura Demetriace Batiste, has claimed the following types of conditions to her alleged exposure to formaldehyde in the FEMA trailer: headaches, sore throat, itchy and

1

burning eyes, runny nose, and nausea.[1] Plaintiff also alleges a fear of cancer related to her time in the FEMA trailer.[2] At her January 7, 2011 deposition, Plaintiff did offer self-serving, vague testimony about her complaints after moving in the trailer; however, she has not offered any medical evidence to suggest that the above symptoms were caused or exacerbated due to her residing in the FEMA travel trailer.

In an attempt to support her specific medical causation claim for the *Laura Demetriace Batiste* trial, Plaintiff identified only two experts and produced their corresponding expert reports, namely Patricia Williams, Ph.D., and Stephen Smulski, Ph.D., neither of which are medical doctors.[3] Both of these expert reports were prepared for lawsuits unrelated to the *Laura Demetriace Batiste* litigation as one report was prepared in connection with the *Alexander* bellwether trial and the other report was prepared for the *Class Certification* hearing.[4] Further, the plaintiff's filed document entitled, "Plaintiff's Expert Designation" confirms that Stephen Smulski and Patricia Williams are not "specific medical causation" experts as Smulski is designated as a material selection expert and Williams is designated as a general causation expert. (Rec. Doc. 21627) As will be discussed in detail below, these reports do not address Ms. Batiste, her injuries, her medical treatment (i.e. lack thereof), or Sun Valley's trailers. As a result these experts simply cannot provide the testimony needed to make a causal connection between formaldehyde and any of the Plaintiff's alleged injuries/medical conditions.

## II. LAW AND ARGUMENT

### A.  Summary Judgment Standard

Pursuant to Rule 56(C) of the Federal Rules of Civil Procedure, summary judgment

---

[1] See Exhibit A pages 78-79.
[2] See Exhibit A pages 91-93.
[3] R.doc 21627.
[4] See Exhibit B, providing the Dr. Williams affidavit produced in the Alexander bellwether trial (Exhibit C) and the Dr. Smulski report(Exhibit D) produced in the class certification stage.

2

should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[5] The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.[6] A fact is material if it "might affect the outcome of the suit under the governing law."[7] Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate."[8]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the records contains insufficient proof concerning an essential element of the nonmoving party's claim.[9] Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to interrogatories, and admissions on file and designate specific facts showing that there is a genuine issue for trial.[10]

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party[11], and draws all reasonable inferences in favor of that party.[12] Factual controversies are to be resolved in favor or the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[13] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14]

---

[5] Fed. R. Civ. P. 56(c).
[6] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[7] *Id.*
[8] *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).
[9] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990).
[10] *Celotex*, 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).
[11] *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002).
[12] *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001).
[13] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[14] *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, the evidence is not properly before the district court."[15] Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[16]

The nonmovant's burden of demonstrating a genuine issue is not satisfied by merely creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[17] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[18]

**B.    The granting of summary judgment is proper when the Plaintiff cannot establish causation.**

It is the plaintiff's burden to prove causation under the Louisiana Products Liability Act and under Louisiana negligence law.[19] The plaintiff must prove causation through medical testimony that it is more probable than not that the subsequent injuries were caused by the product.[20] In a toxic tort case, the plaintiff must prove both general causation and specific causation - - and must do so with competent expert testimony.[21] General causation deals with whether the substance at issue can cause certain diseases in people in general.[22]

---

[15] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).
[16] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).
[17] *Little*, 37 F.3d at 1075.
[18] *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).
[19] *Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La. 1995).
[20] *Kemp v. Metabolife Int'l, Inc.*, No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004); *see also Hutchinson v. Shah*, 648 So.2d 451, 452 (La. App. 1st Cir. 1994) ("[w]hen the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required").
[21] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007).
[22] *Kemp*, 2004 WL 2095618, at *3 (citing *Pick v. Am. Med. Sys., Inc.*, 958 F. Supp. 1151, 1164 (E.D. La. 1997)).

Specific causation focuses upon whether the substance was in fact the cause of the ailments or symptoms in the particular patient.[23] Not only is expert medical testimony required to establish causation, but in a toxic tort case, the plaintiff must also present evidence of the harmful level of exposure to the chemical, and knowledge that plaintiff was exposed to that level:

> Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case.[24]

Because both specific and general causation are required, when the plaintiff fails to establish either specific causation or general causation, the plaintiff's claim fails.[25]

Without specific or general causation, not only do the claims for present alleged injuries fail, but any mental anguish, fear of cancer, and medical monitoring, if any, claims also fail. Mental anguish claims, which include the fear of cancer, must be causally related to the defendant's actions.[26] Moreover, damages for mental anguish are only recoverable when the mental anguish results from the fear of developing a condition "as a result of a *present injury*."[27]

---

[23] *Pick v American Medical Systems, Inc.* 958 F. Supp.1151,1164 (E.D.la. 1997).
[24] *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 279 n.10 (5th Cir. 1996) (noting importance of the expert knowing the level of exposure to support his causation opinion).
[25] *Pick*, 958 F. Supp. at 1163 (granting summary judgment as to specific causation); *see also Leija v. Penn Maritime, Inc.*, No. 06-10489, 2009 WL 211723, at *3 (E.D. La. Jan. 23, 2009) (granting summary judgment in favor of defendant when proposed expert testimony was insufficient to create an issue of fact as to specific causation); *Babin v. Ecolab, Inc.*, No. 2:04-CV-1595, 2005 WL 1629947, at *5 (W.D. La. July 5, 2005) (granting summary judgment when plaintiffs failed to establish that there is a genuine issue of material fact as to general causation).
[26] *Smith v.A.C. & S., Inc.*, 843 F.2d 854, 857-58 (5th Cir. 1988) (quoting *Hagerty v. L&L Marine Svcs., Inc.*, 788 F.2d 315, 318 (5th Cir. 1986)); *see also Maurer v. Heyer-Schulte Corp.*, No. 92-3485, 2002 WL 31819160, at *3 (E.D. La. Dec. 13, 2002)(causation is required for fear of cancer claims). "'[C]ancerphobia' is merely a specific type of compensable mental anguish or emotional distress." *Smith*, 843 F.2d at 858.
[27] *Id.* at 585 (emphasis added).

5

### C. All of Plaintiff's claims for damages must be dismissed due to lack of causation testimony

#### i. General Causation

Batiste has advanced claims of headaches, sore throat, itchy and burning eyes, runny nose, and nausea, and fear of cancer as the injuries and symptoms she experienced as a result of the alleged formaldehyde exposure she suffered while residing in her FEMA travel trailer. However, Plaintiff has not presented either the general or the specific causation testimony necessary to support these claims.

Plaintiff's general causation expert witness, Patricia Williams, Ph.D., has opined as follows:

> "Therefore, the following General Causation opinion is rendered:
>
> A cause-effect relationship exists between formaldehyde and upper respiratory tract damage and cancer. A cause-effect relationship exists between formaldehyde and bronchoconstriction/asthma. [28]

Williams has identified a discrete set of conditions that, in her opinion, are causally linked to formaldehyde: (1) upper respiratory tract damage and cancer, (2) bronchoconstriction/asthma. Plaintiff, by her own admissions, is not claiming to suffer from upper respiratory tract damage, cancer or bronchoconstriction/asthma. (See footnote 1) Since these are the only medical conditions which have been addressed by Dr. Williams in her report, the report is completely irrelevant to Ms. Batiste's claims.[29]

Furthermore, Dr. Williams' report fails to mention headaches, sore throat, itchy and burning eyes, runny nose, or nausea. Because Plaintiff's only general causation expert has made no mention of the actual complaints advanced by Ms. Batiste, plaintiff has failed to

---

[28] See Exhibit C ALEX-EXP-77-000035.
[29] This of course comes as no surprise since the report was written for use in the *Alexander* Bellwether a case in which the injuries addressed by Dr. Williams were actually at issue. In fact Dr. Williams references reviewing

provide the required general medical causation testimony necessary to support her claims.

## ii. Specific Causation

As detailed above, Plaintiff has the burden of proving both general and specific causation. If this Court agrees that Plaintiff has failed to meet her burden regarding general causation, the inquiry may stop and Defendant's Motion for Summary Judgment must be granted.

If this Court finds that Plaintiff has sufficiently supported her general causation claims, Plaintiff's claims still fail as she does not offer a single witness who can offer evidence that Ms. Batiste' alleged injuries were within a reasonable degree of medical probability caused by her alleged exposure to formaldehyde. As previously mentioned, Plaintiff has only designated two experts for her case, neither of which even profess to provide a specific causation opinion.

Furthermore, the very experts upon whom Ms. Batiste relies have never reviewed anything relevant to her case. Both reports were issued years before discovery began in this case and so it follows that Drs. Williams and Smulski did not review the plaintiff's medical records, deposition or any other documents related to her claim in order to prepare their reports and form their opinions. Simply put, Plaintiff does not offer any medical testimony in support of her case. Rather, the only expert testimony offered by Plaintiff in this case supports the claims of *other* plaintiffs. The expert reports produced by Laura Demetriace Batiste do not address any specific medical causation opinions regarding Ms. Batiste.

Plaintiff has the burden of offering some medical evidence which establishes a connection between her alleged condition and her time in the trailer.[30] Plaintiff cannot rely on her own self-serving testimony to establish this connection as medical causation is not within

---

the PFS of Christopher Cooper and Alana Alexander in preparation for her report. See Exhibit C page ALEX-EXP-77-000007.

7

common knowledge[31]. Therefore, medical testimony is **required** to prove medical causation.[32] Based on the foregoing, it is obvious that Ms. Batiste falls woefully short of meeting her burden of proof regarding specific causation.

Plaintiff has, therefore not provided specific causation testimony linking her alleged headaches, sore throat, itchy and burning eyes, runny nose, or nausea to formaldehyde exposure. As such, Plaintiff's claims must fail.

### iii. Plaintiff can offer no testimony related to the dose of her alleged exposure to formaldehyde.

Even if Ms. Batiste was able to prove both general and specific causation, she has a third hurdle to cross before her claim can succeed. In addition to general and specific causation, a toxic tort case also requires: 1) evidence of the harmful level of exposure to the chemical, and 2) knowledge that plaintiff was exposed to that level.[33] In the instant matter, the Plaintiff has failed to satisfy either of these requirements.

First, there is no evidence that Plaintiff was exposed to a requisite harmful level of formaldehyde.[34] None of plaintiff's experts purport to have any knowledge regarding the levels of formaldehyde allegedly present in Ms. Batiste's trailer. Neither expert has reviewed test results for Sun Valley trailers or for Ms. Batiste's trailer specifically.[35] They have no knowledge of the materials used in the trailer, the ways in which Ms. Batiste's used and ventilated her trailer, the average temperature in Ms. Batiste's trailer, or any other fact

---

[30] See *Vargas v. Lee*, 317 F. 3d 498, 502 n3 (5th Cir. 2003)
[31] *Pearce v. Zurich Am. Ins. Co.*, 2009 WL 2046514 *2 (E.D.La. July 13, 2009)
[32] *Id.*
[33] *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 279 n.10 (5th Cir. 1996) (noting importance of the expert knowing the level of exposure to support his causation opinion).
[34] Although Drs. Williams and Smulski summarize formaldehyde level tests which they reviewed, there is no indication from Plaintiff's experts that these tests included any Sun Valley trailers nor that the results are more likely than not representative of Ms. Batiste's exposure.
[35] Because these experts have not addressed Ms. Batiste's specifically they have also not considered her exposures to other agents such as cigarette smoke that could be responsible for her complaints nor whether other sources of exposure to formaldehyde such as cigarette smoking and marijuana for Ms. Batiste which occurred regardless of any alleged exposure due to her FEMA trailer.

relevant to this case due to the simple fact that these reports were issued years ago in connection with unrelated cases.

The uncontroverted evidence in this case is that Sun Valley used materials which were considered "HUD compliant" to construct their trailers.[36] Ms. Batiste stated that she opened the trailer's four windows, one door and two vents regularly.[37] Plaintiff's own expert, Dr. Williams, admitted that factors such as temperature and ventilation are relevant because high temperature and poor ventilation increases formaldehyde levels.[38] In spite of this, Plaintiff attempts to prove her case using experts who have no knowledge of these important factors.

        iv.    **The uncontroverted medical testimony related to Ms. Batiste' claims shows no correlation between her alleged symptoms and her time in the FEMA trailer.**

Even though Plaintiff failed to provide any reports drafted specifically for her case and/or to address the required "specific medical causation" element of a toxic tort case, Defendant has obtained expert reports from several experts who reviewed depositions and medical records relevant to Ms. Batiste' case. Dr. James Wedner, a licensed physician and expert pulmonologist retained by defendant, opined that 1) Ms. Batiste does not have a history consistent with formaldehyde exposure and 2) Ms. Batiste did not suffer an adverse health effect as a result of living in the FEMA trailer.[39] Plaintiff has not offered any medical testimony to contradict Dr. Wedner's findings.

        v.    **Plaintiff's fear of cancer claims should be dismissed**

As noted above, without specific or general causation, Plaintiff's mental damages claims also fail as a matter of law. Mental anguish claims, which include the fear of cancer,

---

[36] See Deposition of Tommie Sanford Exhibit E pages 15-16.
[37] See Exhibit A pages 137-138
[38] See Exhibit C ALE-EXP-77-000030
[39] See Exhibit F page Wedne- LB00804

9

must be causally related to a defendant's actions.[40] Moreover, damages for mental anguish are only recoverable when the mental anguish results from the fear of developing a condition "as a result of a *present injury*."[41] As discussed above, Plaintiff has failed to carry her burden of proof to provide the expert causation testimony necessary to recover for any present injury. The arguments made in this motion are sufficient to dismiss all of Plaintiff's mental anguish claims, including those related to fear of cancer.

### III. CONCLUSION

The Plaintiff Batiste has plainly failed to meet her burden under the LPLA and Louisiana negligence law to provide the requisite causation testimony for any alleged injuries. Most importantly, plaintiff has **not** provided any expert testimony regarding "specific medical causation" to show that her alleged injuries result from formaldehyde exposure inside a Sun Valley travel trailer. Her sole experts in this lawsuit are Stephen Smulski, Ph.D. whose opinions are limited to material selection and Patricia Williams, Ph.D. whose opinions are limited to "general medical causation" issues regarding plaintiffs other than the present plaintiff, Laura Demetriace Batiste. Neither expert has expressed any "specific medical causation" opinion.

Further, defendant has produced an expert report from Dr. James Wedner, pulmonologist, who opined that 1) Ms. Batiste does not have a history consistent with formaldehyde exposure and 2) Ms. Batiste did not suffer an adverse health effect as a result of living in the FEMA trailer. Plaintiff has not offered any medical testimony to contradict Dr. Wedner's findings.

For the foregoing reasons, Defendant requests that the Court grant summary judgment

---

[40] *Smith v. A.C., Inc.*, 843 F.2d 854, 857-58 (5th Cir. 1988) (quoting *Hagerty v. L & L Marine Svcs., Inc.*, 788 F.2d 315, 318 (5th Cir. 1986)); *see also Maurer v. Heyer-Schulte Corp.*, No. 92-3485, 2002 WL 31819160, at *3 (E.D. La. Dec. 13, 2002) (causation is required for fear of cancer claims)."'[C]ancerphobia' is merely a specific type of compensable mental anguish or emotional distress." *Smith*, 843 F.2d 585.
[41] *Id.* at 858 (emphasis added).

10

in its favor, dismissing all of Laura Demetriace Batiste' claims, with prejudice, and assessing the costs of these proceedings against Plaintiff.

> Respectfully submitted,
> **ALLEN & GOOCH**
>
> */s/ Brent M. Maggio*
> BRENT M. MAGGIO, T.A., # 19959
> MARK W. VERRET, #23583
> LORI D. BARKER, # 31687
> SCOTT F. DAVIS, # 26013
> JEFFREY E. MCDONALD, # 33270
> 3900 N. Causeway Blvd, Suite 1450
> Metairie, Louisiana 70002
> Tel: 504.836.5260
> Fax: 504.836.5265
> ***Attorneys for Sun Valley, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 22nd day of July, 2011, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and, it will be emailed to all Liaison Counsel, Government Counsel, and counsel for the above-captioned plaintiff.

> */s/ Brent M. Maggio*
> BRENT M. MAGGIO