UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N (5) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| | * | MAG. JUDGE: CHASEZ |
| *Irma Miller, et al. v. Sun Valley, Inc., et al* | * | |
| *Docket No. 09-5658 (Charles Marshall)* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STATEMENT OF UNCONTESTED MATERIAL FACTS
IN SUPPORT OF SUN VALLEY'S MOTION FOR SUMMARY JUDGMENT FOR
FAILURE TO ESTABLISH "REASONABLY ANTICIPATED USE" UNDER THE LPLA
REGARDING CLAIMS OF CHARLES MARSHALL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Sun Valley, Inc. d/b/a Sun Lite ("Sun Valley"), who respectfully submits this Statement of Uncontested Material Facts in support of its Motion for Summary Judgment, pursuant to U.S. Dist. Ct. Rules E.D. La., Rule 56.1.

1. Travel trailers are defined as wheel-mounted trailers designed to provide temporary living quarters during periods of recreation, camping, or travel. (CDC Interim Report *available at* http://www.cdc.gov/nceh/ehhe/trailerstudy/assessment.htm; Rec. doc. 17717, paragraph 18)

2. Sun Valley "travel trailers" are not manufactured housing. (Exhibit "C", 16:23-25). Instead, Sun Valley travel trailers are "recreational vehicles." (Exhibit "A", 25:19-20). They are not designed or marketed for or made for full-time residential use or for commercial purposes. The owner's manual warranty excludes full-time or commercial use. (Exhibit "A", 25:11-15; Exhibit "B", page 7, exclusion #3)

3. Sun Valley trailers do not have typical residential toilets, nor are they designed to connect to sewer lines. (Exhibit "A", 159:1-22) Sun Valley trailers only have a six (6) gallon hot water heater and a six (6) cubic foot refrigerator. (Exhibit "A", 160:2-6; 160:18-22) The holding tanks are not big enough for full-time use, and are not insulated or heated to provide for extended use during winter months. (Exhibit "A", 163:17-164:4)

4. HUD requirements and regulations do not apply to Sun Valley travel trailers. (*In re FEMA Trailer Formaldehyde Products Liability Litigation*, 620 F.Supp.2d 755 (E.D. La. 2009); Exhibit "C", 16:20-22)

5. Plaintiff's actual use of the travel trailer was for permanent, full-time housing for a continuous period of roughly three years. (Exhibit "D", 63:15-23; 194:7-10)

6. Sun Valley manufactured its 2006 model year travel trailers from June of 2005 through May of 2006. (Exhibit "A", 109:17-18)

7. Plaintiff, Charles Marshall, received his travel trailer from FEMA by late November 2005 (Exhibit "D", 194:2-4)

8. The entire time Sun Valley built travel trailers, from 1984 through 2008, it designed and constructed its trailers in compliance with all applicable codes, regulations, and industry standards. (Exhibit "A", 22:2-14) Sun Valley's manufacturing process never changed following Hurricane Katrina. (Exhibit "A", 50:20-23)

9. Sun Valley did not contract with, sell to, or receive revenue from FEMA regarding travel trailers. (Exhibit "A", 45:23-46:7) Sun Valley did not expedite manufacturing or modify trailer design to meet FEMA requirements. (Exhibit "A", 48:3-5; 51:20-52:6) Sun Valley simply was unwilling, and lacked the manufacturing capacity, to build "a special travel trailer" for FEMA emergency housing." (Exhibit "A", 50:4-14)

10. Prior to Hurricanes Katrina and Rita, Sun Valley had no knowledge that its travel trailers were ever used in connection with any disasters. (Exhibit "A", 95:9-15) Sun Valley at no time manufactured or sold travel trailers to FEMA for use in any hurricane response. (Exhibit "A", 45:23-46:7)

11. FEMA specifications required larger refrigerators than the ones placed in Sun Valley trailers. (Exhibit "A", 48:17-23; 160:18-22) These specifications called for a normal residential toilet, as opposed to the marine commode in Sun Valley trailers. (Exhibit "A", 48:9-16; 159:7-9) FEMA specifications required a larger hot water heater and a different range and oven. (Exhibit "A", 160:2-12) The FEMA requirements for trailer heating and cooling units were different. (Exhibit "A", 161:2-14) FEMA specifications prohibited sewage holding tanks or similar waste water holding tanks. (Exhibit "A", 48:9-16)

12. Sun Valley never saw FEMA's requirements for trailer installation, and was unaware that its travel trailers were being set up on cinder blocks. (Exhibit "A", 79:12-80:8)

Respectfully submitted,
**ALLEN & GOOCH**

*/s/ Brent M. Maggio*
BRENT M. MAGGIO, T.A., # 19959
MARK W. VERRET, #23583
LORI D. BARKER, # 31687
SCOTT F. DAVIS, # 26013
JEFFREY E. MCDONALD, #33270
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
***Attorneys for Sun Valley, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 25th day of July, 2011, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and, it will be emailed to all Liaison Counsel, Government Counsel, and counsel for the above-captioned plaintiff.

*/s/ Brent M. Maggio*
BRENT M. MAGGIO