UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SEC. "N" (5) |
| | * | |
| This Document Relates to: | * | JUDGE ENGELHARDT |
| *Irma Miller, et al v. Sun Valley, Inc., et al* | * | |
| Docket No. 09-5658 (Charles Marshall) | * | MAG. JUDGE CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT ON BEHALF OF DEFENDANT
WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), which respectfully submits this Memorandum in Support of its Motion for Summary Judgment. Westchester issued Commercial General Liability Policy No. GLW-786282 to Defendant Sun Valley, Inc. ("Sun Valley") for the period December 30, 2004 to December 30, 2005. Colony National Insurance Company ("Colony National") issued commercial general liability policies to Sun Valley for the 2006, 2007 and 2008 years. Subject to its terms, definitions, conditions and exclusions, Westchester's policy provides coverage for bodily injury and property damage occurring during its policy period. As set forth below, Charles Marshall's alleged bodily injuries first occurred after Westchester's policy period. Accordingly, Charles Marshall's alleged loss falls within Colony National's period of coverage, and Westchester is entitled to summary judgment, dismissing Marshall's claims against it, with prejudice.

BACKGROUND

Pursuant to the Louisiana Direct Action Statute, Westchester was named a direct defendant in plaintiffs' Second Amended Complaint for Damages in *Irma Miller, et al v. Sun Valley, Inc., et al.*[1] Colony National, which provides coverage to Sun Valley for the years 2006, 2007 and 2008, was added as a direct action defendant as well.

Plaintiff, Charles Marshall is a Louisiana resident seeking to recover damages for alleged injuries resulting from exposure to formaldehyde fumes in temporary housing units furnished by FEMA. Mr. Marshall was provided his temporary housing unit in December 2005.

WESTCHESTER POLICY

Westchester issued Commercial General Liability Policy No. GLW-786282 to Sun Valley for the Period of December 30, 2004 to December 30, 2005.[2] The Policy provided coverage for "bodily injury" occurring *within* the policy period. In pertinent part, the policy's "Insuring Agreement" provides the following:

> SECTION I – COVERAGES
>
> COVERAGE A BODILY INJURY AND PROPERTY
> DAMAGE LIABILITY
>
> 1.  Insuring Agreement
>
>     a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

---

[1] Second Amended Complaint for Damages [Doc. 17717], ¶118.
[2] See Attached, Exhibit A.

>> However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
>
> . . .
>
> b.  This insurance applies to "bodily injury" and "property damage" only if:
>
> . . .
>
> (2) The "bodily injury" or "property damage" **occurs during the policy period**...[3]

"Bodily injury" is defined in the Policy's "Definitions" section as follows:

> SECTION V – DEFINITIONS
>
> . . .
>
> 3.  "Bodily injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.[4]

PLAINTIFF FACT SHEET AND DEPOSITION

As established by his Plaintiff Fact Sheet, which is supported by testimony from his deposition on January, 5, 2011, Marshall's attested to the fact that his alleged "bodily injury" did not occur until March of 2006, which is approximately three months after Westchester Policy No. GLW-786282 expired. Therefore, no coverage for Marshall's alleged "bodily injury" is provided by the Westchester Policy.

---

[3] Westchester Commercial General Liability Policy No. GLW-786282, attached hereto as Ex. A [emphasis added].
[4] *Id.*

Charles H. Marshall's signature appears on the "Certification" document accompanying his Plaintiff Fact Sheet. The document was signed by Marshall on July 20, 2009, and provides that "[Marshall] declare[s] under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of [his] knowledge…."[5]

Under the "Case Information" section of the Plaintiff Fact Sheet, Marshall was prompted to identify injuries or symptoms he experienced or reported to a physician while living in his FEMA trailer. Marshall checked the following:

> irritation to eyes, burning of eyes, tearing of eyes, burning of nasal membranes (inside of nose), burning of skin, rashes on skin, drying or scaling of skin, headaches, nausea, vomiting, diarrhea, difficulty in breathing, wheezing, shortness of breath, persistent cough, tightness of the chest, bronchitis, throat irritation, hoarseness, laryngitis, upper respiratory tract infection, asthma attacks for the first time in your life, allergies for the first time in your life, dizziness, low blood pressure, abnormal laboratory tests on urine[6]

Following his list of injuries, Marshall was prompted to respond to the question, "When do you claim this injury or disease first occurred?"[7] His response was "**Mar 2006**."[8] Therefore, Marshall attest that he did not begin to suffer from his alleged "bodily injury" until March of 2006, which is outside of the Westchester Policy Period.

Marshall's own assertion on his certified Plaintiff Fact Sheet that his "bodily injury" *first* occurred in March of 2006 is supported by his deposition testimony. Marshall was deposed on January 5, 2011, and during an exchange between Plaintiff,

---

[5] Plaintiff Fact Sheet of Charles M. Marshall, Certification Page, attached hereto as Exhibit B.
[6] Plaintiff Fact Sheet of Charles M. Marshall, at p. 3-4, attached hereto as Exhibit B.
[7] *Id.* at p. 4.
[8] *Id.* at p. 4 [emphasis added].

Geraldo Barrios (counsel for CH2M Hill Constructors, Inc.), and Dennis Reich (counsel for Plaintiff), Marshall testified as follows:

> [Barrios]  On Page 4, the plaintiff sheet asks you when do you claim that your injury or disease first occurred. Do you see that? That's No. 5 -- Question No. 5?
>
> [Marshall]  Uh-huh (affirmative response).
>
> [Barrios]  You see that? And it says it first occurred in March 2006. Is that accurate?
>
> [Marshall]  I would -- yeah, I guess. Yeah.
>
> [Barrios]  So that's the earliest date that you're claiming that you sustained an injury as a result of living in the trailer?
>
> [Marshall]  March of '06, Yeah.
>
> [Reich]  Well, don't guess. I mean, I don't want you guessing.
>
> [Marshall]:  No. I mean, I apparently said that, yeah.
>
> [Barrios]:  I'm just confirming what you said in your Plaintiff Fact Sheet.
>
> [Marshall]  Yeah.
>
> [Barrios]  That's correct?
>
> [Marshall]  March of '06, yeah.
>
> [Barrios]  So you had knowledge of the injuries and damages that you're claiming as early as March 2006, but you stayed in the trailer until October 2008; that's right?
>
> [Marshall]  That's right.[9]

Marshall had six individual opportunities in this brief exchange to corroborate that his injuries actually began in March of 2006, and each time he confirmed that this date

---

[9] Deposition of Charles H. Marshall at p. 267-268, attached hereto as Ex. C.

was indeed accurate. Considering this testimony in conjunction with Marshall's certified response on the Plaintiff Fact Sheet, it is clear that his "bodily injury" occurred outside of the Policy Period provided by Westchester Policy No. GLW-786282.

## CONCLUSION

Because Charles Marshall' alleged injuries did not begin to occur until after Westchester's policy expired, Westchester's policy does not respond to this loss. As established by his Plaintiff Fact Sheet and deposition testimony, Charles Marshall's "bodily injury" occurred *outside of* Westchester's policy period. Accordingly, Westchester was not on the risk when this loss occurred. There is no genuine dispute of material fact as to this issue, and Westchester is entitled to judgment as a matter of law, dismissing Marshall's claims against Westchester, with prejudice.

Respectfully submitted,

**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 1100 - Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6500

BY: */s/ G. Benjamin Ward*
**J. DANIEL PICOU (#13827)**
jpicou@lpwsl.com
**G. BENJAMIN WARD (#20403)**
bward@lpwsl.com

**ATTORNEYS FOR WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                                            */s/ G. Benjamin Ward*