UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Ayers v. Forest River, et al*, 09-4973 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDED
COMPLAINT FOR DAMAGES**

NOW INTO COURT, come Plaintiffs, who through undersigned counsel, supplement and amend their First Supplemental and Amended Complaint for Damages to add in direct action North American Catastrophe Services, Inc. ("NACS") in place of the incorrectly named procurer Morgan Building & Spas, Inc. and Morgan Building Systems, Inc. (collectively "Morgan"), which has been concurrently dismissed at the time of this amendment.

Plaintiffs, through undersigned counsel, supplement and amend their Original Complaint for Damages in the following respects and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein:

1.

By amending paragraph 3 to reflect the addition of NACS as a defendant, and the deletion of Morgan as a defendant:

    3.    Defendant North American Catastrophe Services, Inc. (hereinafter,

        "NACS"), is, upon information and belief, an entity incorporated

        in the state of Florida, which conducts business in the State of

>Louisiana, and which procured and/or supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

2.

By deleting paragraphs number 4, 13, 100-105.

3.

By replacing all other references to "Morgan Spas" with NACS, in order to reflect the substitution of NACS for Morgan, and by deleting all other references to "Morgan Systems."

4.

By adding the following paragraphs:

34a. In response to hurricanes Katrina and Rita, FEMA, upon information and belief, tasked NACS with the identification, selection and procurement of approximately 143,000 temporary housing units (i.e., travel trailers, park models, mobile homes and manufactured housing) pursuant to the direct housing assistance provisions of the Stafford Act, which FEMA purchased from the manufacturers and off dealer lots, and intended for Gulf Coast residents in the four states at issue.

34b. At all times, NACS identified, selected and procured housing units, and in particular travel trailers, for FEMA to utilize as temporary housing under the Stafford Act, while failing to consult with the manufacturers regarding the warnings or instructions against the use of travel trailers for extended occupancy.

34c. The Procurement Defendants communicated with manufacturers prior to hurricanes Katrina and Rita regarding the financial opportunities associated with the provision of travel trailers as temporary housing units, but failed to take into account or research the

2

health concerns relating to formaldehyde exposure to occupants of the travel trailers and other foreseeable problems and defects which would occur during an extended occupancy.

34d. NACS knew or should have known that the Federal Government's intended use of the travel trailers and other temporary housing units was for residential occupancy for periods up to eighteen months, if not longer, pursuant to the emergency housing mandate of the Stafford Act.

34e. NACS knew or should have known that the manufacturers' intended use of the travel trailers was for intermittent, recreational use, and that the travel trailers were designed as recreational vehicles rather than permanent or long-term housing units. Further, NACS knew or should have known that the manufacturers' warned against long-term occupancy of the travel trailers.

34f. Following the procurement of the temporary housing units by NACS, the Federal Government contracted with the No-Bid Defendants to implement the mandates of the Stafford Act in the areas affected by hurricanes Katrina and Rita.

34g. NACS knowingly and intentionally identified, selected and procured approximately 140,000 travel trailers for converted use by FEMA as temporary housing units, despite the manufacturers' clearly expressed warnings against using the travel trailers for that purpose. In doing so, NACS created and contributed to a situation where hundreds of thousands of people displaced by hurricanes Katrina and Rita were exposed to elevated and hazardous levels of formaldehyde.

5.

By replacing COUNT 3 with the following:

3

## COUNT 3:
## NEGLIGENCE OF NACS

94. Named Plaintiffs incorporate the above allegations as if fully repeated verbatim herein.

95. At all relevant times NACS were tasked with the identification, selection and procurement of FEMA temporary housing units for use in Louisiana, Mississippi, Alabama and Texas following hurricanes Katrina and Rita.

96. NACS owed a duty to Named Plaintiffs to select units which were suitable for the intended purpose of extended habitation up to and exceeding 18 months.

97. At all relevant times, NACS were in communication with the manufacturers of the subject housing units, including travel trailers, regarding their use as temporary housing units for FEMA in response to hurricanes Katrina and Rita.

98. NACS knew or should have known when they identified, selected and procured the housing units for use as temporary housing units that the manufacturers specifically warned against such use, and clearly indicated in the various owners' manuals for travel trailers in particular that these were recreational vehicles designed to be mobile and towable, and were expressly not designed for use as permanent dwellings.

99. NACS knew or should have known that the housing units and travel trailers in particular off-gassed formaldehyde and that extended habitation would expose residents to elevated levels of formaldehyde, increased moisture and condensation and a deterioration of the internal soft goods, all of which rendered the travel trailers unfit for FEMA's intended purpose of extended occupancy.

100. NACS knowingly and intentionally elected to procure housing units and travel trailers in particular instead of alternative housing more fit for extended occupancy.

101. NACS breached their duty to Plaintiffs in failing to act reasonably in the identification, selection and procurement of the temporary housing units, specifically by:

    a. Failing to sufficiently consult with the manufacturers of the subject housing units regarding their use as FEMA temporary housing units;

    b. Failing to advise FEMA as to the inadequacy of the travel trailers as temporary housing units; and,

    c. Knowingly and intentionally selecting the subject housing units, and travel trailers in particular, for use as temporary housing units, rather than alternative housing more fit for extended occupancy.

102. NACS' actions were the proximate cause of the increased exposure of formaldehyde to the Named Plaintiffs, by selecting travel trailers for use as temporary housing units.

103. NACS contributed to the adverse health impacts upon the residents of the temporary housing units by selecting units unfit for extended occupancy.

6.

By amending the Compensatory Damages section to read:

## COMPENSATORY DAMAGES

120. In addition to and by way of summarizing the compensatory damages prayed for herein, each Named Plaintiff avers that the defendants, the United States of America through FEMA and Forest River, NACS, and Shaw, individually and/or jointly are responsible for all damages which each Named Plaintiff herein has suffered and continues to suffer as a consequence of defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses,

5

past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

7.

By amending the Prayer for Relief to read:

## **PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiffs pray that the Original Complaint be amended to reflect the substitution of NACS for Shaw, and that Forest River, NACS, Shaw, and the Federal Government be served with a copy of this Amended Complaint and the Original Complaint, and that, after due proceedings:

1. there be a judgment herein in favor of the Named Plaintiffs and against Defendants for all compensatory damages together will legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the defendants are liable for all applicable damages and thereafter;

2. there be specially included in the judgment in the Named Plaintiffs' favor, provisions for the following damages and relief as found applicable and supported by the evidence:

    a. past and future physical injuries,

    b. past and future mental and physical pain and suffering,

    c. past and future physical impairments and disability,

    d. past and future reasonable and necessary medical expenses,

6

    e. past and future loss of earning capacity,

    f. past and future loss of enjoyment and quality of life,

    g. loss of consortium and/or society,

    h. compensable out-of-pocket expenses related to defendants' wrongdoing, and

    i. costs of court,

  3. all other general, equitable, and further relief as the Court may deem just and proper.

          Respectfully submitted:

          **GAINSBURGH, BENJAMIN, DAVID,**
          **MEUNIER & WARSHAUER, L.L.C.**

         BY: s/Justin I. Woods
           GERALD E. MEUNIER, #9471
           JUSTIN I. WOODS, #24713
           Gainsburgh, Benjamin, David,
           Meunier & Warshauer, L.L.C.
           2800 Energy Centre
           1100 Poydras Street
           New Orleans, Louisiana 70163
           Telephone: 504/522-2304
           Facsimile: 504/528-9973
           jwoods@gainsben.com

**PLEASE SERVE:**

North American Catastrophe Services., Inc.
Through its Agent For Service of Process
Brenda J. Anderson
620 Dijon Drive
Melbourne, FL 32937