**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: FEMA TRAILER                                 MDL NO. 07-1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                                    JUDGE ENGELHARDT
                                                    MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

## Special Master's Report on Fleetwood Appeals

On February 11, 2011, the Special Master filed his Recommendations on Methodology and

Allocations. Those recommendations included a formula by which the Fleetwood settlement fund

would be allocated among claimants (focusing upon the duration of time each claimant resided in

a Fleetwood trailer) and the procedure by which claimants would be informed of such allocations

and given an opportunity to object. On March 9, 2011, the Court adopted the Special Master's

Recommendations on Methodology and Allocations.

Pursuant to the aforesaid procedure, the Special Master caused notices to be mailed to

approximately 10,000 claimants of their respective allocations. The Special Master (through the

CADA) received hundreds of objections. The Special Master and the CADA either resolved the

objections or mailed notice to the objectors and their attorneys that there would be a hearing held at

the Federal Courthouse in New Orleans on June 28, 2011 at 10:00 a.m.

The Special Master conducted the hearing as scheduled on June 28, 2011. As reported

previously, some objectors appeared for the hearing, and several of the objections were resolved.

For the objections that were not resolved, the Special Master had the objectors sign a Notice of

Appeal Rights, an exemplar copy of which is attached as Exhibit 1. The Notice of Appeal Rights specifically stated that the objectors had until July 18, 2011 to file an appeal of the Special Master's rulings to the Court. It furthermore explained the procedure for appeal.

Since that date, the Special Master has received a number of appeals, some of which have been filed in accordance with the procedure mandated by the Court, and some of which have not been properly filed. There are 14 such "appeals," and the Special Master will address them each below:

### Tammay Small

Ms. Small appeared at the hearing on June 28, 2011. She admitted in open court that she resided in a Fleetwood trailer for at least two years, but less than two and a half years. According to the methodology previously approved by the Court, Ms. Small is entitled to 175 points. She did not file an appeal in the record, but instead mailed an objection letter to the Special Master. A copy of this letter is attached as Exhibit 2. Her objection, both at the hearing and on appeal, appears to be aimed at the overall fairness of the settlement. The Special Master recommends that the Court award a total of 175 points.

### Helen C. James

Ms. James appeared at the hearing on June 28, 2011. She admitted in open court that she resided in a Fleetwood trailer for at least one year, but less than one and a half years. According to the methodology previously approved by the Court, Ms. James is entitled to 105 points. She timely filed an appeal. Her objection, both at the hearing and on appeal, appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate the settlement funds based

on duration of residency alone, as opposed to other factors such as medical expenses. The Special Master recommends that the Court award a total of 105 points.

### Terry Phillips, Melvin Phillips, Amari Sippo, and Chad Phillips

Terry Phillips appeared on behalf of herself and her three children, Melvin Phillips, Amari Sippo, and Chad Phillips. She admitted in open court that she and her children resided in a Fleetwood trailer for at least a year and a half, but less than two years. According to the methodology previously approved by the Court, Ms. Phillips and her children are each entitled to 140 points. Her objection, both at the hearing and on appeal, appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses. The Special Master recommends that the Court award Ms. Phillips and her children 140 points each.

### Michael Williams

Mr. Williams appeared at the hearing on June 28, 2011. He admitted in open court that he resided in a Fleetwood trailer for at least two and a half years, but less than three years. According to the methodology previously approved by the Court, Mr. Williams is entitled to 210 points. After the hearing, Mr. Williams failed to properly file an appeal in the record or mail any materials to the Special Master. He did, however, mail a letter (attached as Exhibit 3) to the Court asking for a hearing on his appeal. His letter to the Court gave no specific reason for his appeal and attached no evidence in support of the appeal. The Special Master recommends that the Court award Mr. Williams 210 points.

**Theresa Boykin**

Ms. Boykin appeared at the hearing on June 28, 2011.  She admitted in open court that she resided in a Fleetwood trailer for at least one and a half years, but less than two years.  According to the methodology previously approved by the Court, Ms. Boykin is entitled to 140 points.  Her objection, both at the hearing and on appeal, appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses.  The Special Master recommends that the Court award Ms. Boykin 140 points.

**Victor Boykin**

Mr. Boykin appeared at the hearing on June 28, 2011.  He admitted in open court that he resided in a Fleetwood trailer for at least one and a half years, but less than two years.  According to the methodology previously approved by the Court, Mr. Boykin is entitled to 140 points.  His objection, both at the hearing and on appeal, appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses.  The Special Master recommends that the Court award Mr. Boykin 140 points.

**Carlos Gray**

Mr. Gray did not appear at the hearing on June 28, 2011.  He filed a written appeal, but gave no reason for not appearing at the hearing.  In his written appeal he admits that he received 245

points, which is the maximum allowed by the Court's methodology. His objection appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses. The Special Master recommends that the Court award Mr. Gray 245 points.

### Karli Gray

Ms. Gray did not appear at the hearing on June 28, 2011. She filed a written appeal, but gave no reason for not appearing at the hearing. In her written appeal she admits that she received 245 points, which is the maximum allowed by the Court's methodology. Her objection appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses. The Special Master recommends that the Court award Ms. Gray 245 points.

### Kali Gray-Davis

Ms. Davis did not appear at the hearing on June 28, 2011. She filed a written appeal, but gave no reason for not appearing at the hearing. In his written appeal she admits that he received 245 points, which is the maximum allowed by the Court's methodology. Her objection appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses. The Special Master recommends that the Court award Ms. Davis 245 points.

**Shelly Lynette Surla Gray**

Ms. Gray did not appear at the hearing on June 28, 2011. She filed a written appeal, but gave no reason for not appearing at the hearing. In her written appeal she admits that she received 245 points, which is the maximum allowed by the Court's methodology. Her objection appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses. The Special Master recommends that the Court award Ms. Gray 245 points.

**Randall Scott Surla**

Mr. Surla did not appear at the hearing on June 28, 2011. He filed a written appeal, but gave no reason for not appearing at the hearing. In his written appeal he admits that he resided in a Fleetwood trailer for more than one and a half years, but less than two years. According to the methodology previously approved by the Court, Mr. Surla is entitled to 140 points. His objection appears to be aimed at challenging the Court's methodology which requires the Special Master to allocate points based on the duration of residency alone, as opposed to other factors such as medical expenses. The Special Master recommends that the Court award Mr. Surla 140 points.

Baton Rouge, Louisiana, this 29th day of July, 2011.

s/Daniel J. Balhoff
Daniel J. Balhoff (#18776)
Randi S. Ellis (#25251)