UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5) |
| Bradburn, et al.<br><br>versus<br><br>Keystone Industries, Inc., et al. | CIVIL ACTION NO. 2:10-CV-03422 |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COME NOW, the Plaintiffs, through undersigned counsel, and respectfully submit this Memorandum in Opposition to the Defendant's Motion to Dismiss filed herein, and in support of same would show unto the Court the following:

### I. INTRODUCTION

On June 29, 2011, this Court entered an Order (Doc. 3) granting Keystone Industries, Inc.'s Motion to Dismiss (MDL Doc. 22026) based on the Plaintiffs' alleged failure to fully complete their respective Plaintiff Fact Sheets. However, the undersigned never received notice of the filing of said motion because the undersigned was not on Gainsburgh Benjamin's mass email list. The undersigned contacted Denise Martin at Gainsburgh Benjamin and is now on the mass email list.

{L0063264.DOC}

The undersigned did, however, receive electronic notice of the Court's Order granting the Defendant's motion to dismiss because it was filed in the individual cause number, 2:10-CV-03416, as opposed to the MDL cause number, 07-1873.

The Court's June 29, 2011 Order stated:

> A motion for reconsideration of this Order, if any, must be filed within ten days of the date of this Order is entered by the Clerk of the Court. The motion must be accompanied by opposition memorandum to the original motion."

On July 11, 2011, the undersigned filed a Motion for Reconsideration (MDL Doc. 22161) and submitted a memorandum brief in support therof. However, the memorandum was styled *Memorandum in Support of Motion to Reconsideration* when it should have been styled *Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss*.

On July 15, 2011, this Court held a status conference and, <u>unbeknownst to the undersigned</u>, informed Plaintiffs' Liason Counsel, Justin Woods, that the Court would consider the merits of his motion if the undersigned filed a memorandum in opposition to the original motion. On July 25, 2011, the undersigned received an email from defense counsel, Ryan Johnson, which stated:

> Justin and Casey:
>
> It's my understanding that the Mississippi dismissals/reconsideration motions came up at the last status conference on July 15. Apparently, the Judge said that he would permit the plaintiffs to file opposition briefs to our dismissal motions, as those weren't filed with the motions for reconsideration. Casey, when do you intend to file those oppositions? I realize you need some time to get these together, but don't want let this fall through the cracks. Please advise soonest.
>
> Ryan

A copy of said email is attached hereto as Exhibit "A."

Before the undersigned had an opportunity to prepare and file this memorandum, the Court entered an Order denying Plaintiffs' Motion for Reconsideration based on the undersigned's failure to file this memorandum (see July 27, 2011 Order attached hereto as Exhibit "B.")

## II. ARGUMENT

The Court should deny Defendant's Motion to Dismiss because Plaintiffs have substantially complied with PTO Nos. 2 and 32, as amended by PTO No. 88. Admittedly, some Plaintiff Fact Sheets are missing information because those Plaintiffs have not responded to the undersigned's request for additional information. However, not all of the Plaintiffs herein fall within that category and some Plaintiff Fact Sheets have more missing information than others.

Nevertheless, the missing information, in most instances, is not required by PTO No. 88. Thus, Plaintiffs respectfully request the Court evaluate each alleged deficiency on a case-by-case basis and deny Defendant's motion as to all Plaintiffs who have substantially complied with PTO Nos. 2 and 32, as amended by PTO No. 88.

## III. CONCLUSION

For the reasons aforesaid, the Court should deny Defendant's motion based on the Plaintiff's substantial compliance with PTO Nos. 2 and 32, as amended by PTO No. 88.

Respectfully submitted, this the 1st day of August, 2011.

By:   /s/ Casey L. Lott
      CASEY L. LOTT

					Attorney for Plaintiffs

Of Counsel:

**LANGSTON & LOTT, P.A.**
Post Office Box 382
100 South Main Street
Booneville, MS 38829
Telephone: (662) 728-9733
Facsimile: (662) 728-1992

					CERTIFICATE OF SERVICE

    I do hereby certify that I have on this the 1st day of August, 2011 served a true and correct copy of the foregoing, Memorandum in Opposition of Defendant's Motion to Dismiss to counsel of record via CM/ECF to all counsel of record.

					/s/ Casey L. Lott
					CASEY L. LOTT