UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: 09-3251 | * | |
| *Irma Miller, et al v. Sun Valley, Inc., et al* | * | JUDGE ENGELHARD |
| *(Charles Marshall)* | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF DEFENDANT WESTCHESTER SURPLUS
LINES INSURANCE COMPANY**

Plaintiff Charles Marshall files this response to the Motion for Summary Judgment on behalf of Defendant Westchester Surplus Lines Insurance Company; and, in support would show:

**I.
EVIDENCE**

Exhibit A    Marshall IA File

**II.
FACTUAL BACKGROUND**

Plaintiff Charles Marshall's travel trailer was delivered, installed, and ready for occupancy in December of 2005, within Defendant's policy period. *See* Exhibit A.

1

## III.
## ARGUMENT AND AUTHORITIES

A. <u>Summary Judgment Standard</u>

Summary judgment is proper only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." <u>Amburgey v. Corhart Refractories Corp</u>, 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, <u>Gillis v. Louisiana</u>, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. <u>Hunt v. Rapides Healthcare System, L.L.C.</u>, 277 F.3d 757, 764 (5th Cir. 2001). A factual dispute where the evidence is sufficient to permit a reasonable Trier of fact to find for the nonmoving party precludes a grant of summary judgment. <u>Smith v. Amedisys</u>, 298 F.3d 434, 440 (5th Cir. 2002). Plaintiff's evidence establishing that long-term occupancy of Defendant Sun Valley's travel trailers was a reasonably anticipated use thus precludes summary judgment. *See* <u>Id.</u>

B. <u>Summary judgment should be denied because Defendant failed to prove as a matter of law that Mr. Marshall was injured outside of its policy period.</u>

Defendant Westchester Surplus Lines Insurance Company relies solely on Mr. Marshall's testimony that he was injured in March of 2006. Mr. Marshall's testimony, however, is based on the date at which he first noticed symptoms related to his formaldehyde exposure. It is presumed that on a physiological level, Mr. Marshall was injured on the date he was first exposed to formaldehyde in his FEMA trailer. Defendant has failed to establish the date on which Mr. Marshall moved into his trailer. Defendant has thus failed to prove as a matter of law that Mr. Marshall was injured outside of its policy period. Summary judgment should therefore be denied. *See* <u>Amburgey</u>, 936 F.2d at 809.

## III.
## CONCLUSION

Defendant failed to prove the date on which Mr. Marshall moved into his FEMA trailer and was first exposed to formaldehyde.  Without proof of this date, Defendant cannot prove as a matter of law that Mr. Marshall's injury occurred after its policy period ended.  Summary judgment should therefore be denied.

        Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com


        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com


        **COURT-APPOINTED PLAINTIFFS'
        STEERING COMMITTEE**
        ANTHONY BUZBEE, Texas # 24001820

RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

## **CERTIFICATE OF SERVICE**

     I hereby certify that on <u>     August 2, 2011     </u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                  <u>s/Gerald E. Meunier</u>
                                                  GERALD E. MEUNIER, #9471