## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 18731 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Sonya Andrews, et al., v. Sun Valley, Inc. et al.,* | * | |
| Docket No. 09-5659 *(Sonya Andrews)* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' MEMORANDUM IN OPPOSITION TO SUN VALLEY, INC., d/b/a SUN-LITE'S MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION

Plaintiff Sonya Andrews responds in opposition to Sun Valley, Inc. d/b/a Sun-Lite's

Motion for Summary Judgment on Medical Causation; and, in support would show:

### I.
### EVIDENCE

Exhibit A     Excerpts from the deposition of Sonya Andrews

Exhibit B     Affidavit of Patricia M. Williams, Ph.D. DABT in the trial of Alana Alexander
and Christopher Cooper

Exhibit C     Affidavit of Stephen Smulski, Ph.D.

### II.
### FACTUAL BACKGROUND

The bellwether plaintiff for the October 17, 2011, trial against Sun Valley is Mr. Charles

Marshall. *See* Joint Report No. 24 of Liaison and Government Counsel, p. 6, R. Doc. 22217.  At

Sun Valley's insistence, Plaintiff's counsel agreed to select alternate trial plaintiffs in the event

that Mr. Marshall was for some reason unable to proceed to trial on October 17, 2011[1]. *See* Joint Report No. 24 of Liaison and Government Counsel, p. 6, R. Doc. 22217.  Sonya Adams is one of the alternates. *See* Joint Report No. 24 of Liaison and Government Counsel, p. 6, R. Doc. 22217. It is, and has always been, Plaintiff's position that the trial will go forward as scheduled with Mr. Marshall as the plaintiff.

Defendant Sun Valley now claims entitlement to summary judgment in Ms. Andrews's case on the basis of lack of proof of causation.  Summary judgment is inappropriate for Ms. Andrews because her case will not be tried, and thus a judgment against her would unfairly prejudice her as compared to the rest of the plaintiff population.  Additionally, Defendant is not entitled to summary judgment because Ms. Andrews has presented evidence adequate to prove causation in her case.

## III.
## ARGUMENT AND AUTHORITIES

A.  <u>Summary judgment should be denied because it would unfairly prejudice Ms. Andrews.</u>

Mr. Marshall will be the Bellwether Plaintiff for the Sun Valley trial in October. *See* Joint Report No. 24 of Liaison and Government Counsel, p. 6, R. Doc. 22217.  Although nominated as an alternate bellwether, Ms. Andrews's case will not be tried.  Ms. Andrews, therefore, should be treated as any other non-bellwether plaintiff.  No other non-bellwether plaintiff has been subject to a summary judgment on the basis of medical causation.  Such judgment could potentially extinguish Ms. Andrews's rights to any future settlement.  Subjecting Ms. Andrews to such a possibility without a trial, merely because Defendant insisted on the designation of back-up bellwether plaintiffs, is unfair to Ms. Andrews.  Additionally, such action would provide

---

[1] No similar accommodation has been made in any other bellwether trial.

Defendant with the undeserved benefit of reducing the number of cases for which it may be liable.  Summary judgment against Ms. Andrews, therefore, is inappropriate at this time.

    B. <u>Summary Judgment Standard</u>

Summary judgment is proper only where "there is no genuine issue as to any material fact and  . . . the moving party is entitled to judgment as a matter of law." <u>Amburgey v. Corhart Refractories Corp.</u>, 936 F.2d 805, 809 (5th Cir. 1991);  Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, <u>Gillis v. Louisiana</u>, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. <u>Hunt v. Rapides Healthcare System, L.L.C.</u>, 277 F.3d 757, 764 (5th Cir. 2001).   A factual dispute where the evidence is sufficient to permit a reasonable Trier of fact to find for the nonmoving party precludes a grant of summary judgment. <u>Smith v. Amedisys</u>, 298 F.3d 434, 440 (5th Cir. 2002).

    C. <u>Summary judgment should be denied because Plaintiff has established a fact issue as to medical causation under Louisiana law.</u>

Under Louisiana law, causation is not exclusively a medical conclusion, but is rather the ultimate fact to be found by the Trier of fact, based on all credible evidence**.** <u>Mistich v. Pipelines, Inc.</u>, 609 So.2d 921, 932 (La.App. 4 Cir. 1992, overruled on other grounds).   A plaintiff is entitled to a presumption of causation if he was in good health prior to the accident or exposure, his symptoms appeared and continuously manifested themselves afterwards, and the medical/scientific evidence establishes that causation is reasonable. *See* <u>Housley v. Cerise</u>, 579

So.2d 973, 980 (La. 1991); <u>Vargas v. Lee</u>, 317 F.3d 498, 502, n.3 (5th Cir. 2003)[2].  When these conditions are met, the plaintiff has established a prima facie case on causation.  <u>Wisner v. Illinois Cent. Gulf R.R.</u>, 537 So.2d 740, 745 (La.App. 1 Cir. 1988).  Unless the defendant rebuts the presumption with evidence that some other incident caused the injury in question, the plaintiff has proven causation by a preponderance of the evidence.  <u>Id.</u>

Ms. Andrews testified that while she lived in her FEMA trailer, she began suffering from headaches, burning and watery eyes, and sinus problems. *See* Exhibit A, p. 149, 151, 154.  She further testified that she had not experienced these problems prior to moving into the trailer. *See* Exhibit A, pp. 149, 151, 154.

Ms. Andrews proved the reasonableness of causally linking her symptoms to her formaldehyde exposure through medical and scientific evidence.  In her affidavit, Dr. Patricia Williams cited to peer-reviewed studies and recognized medical treatises proving that formaldehyde, in fact, causes eye irritation and tearing, headaches, and adverse respiratory symptoms. *See* Exhibit B, pp. 11-13, 19.  Formaldehyde exposure is thus a reasonable cause of Ms. Andrews's symptoms. *See* <u>Vargas v. Lee</u>, 317 F.3d 498 (5th Cir. 2003).

Ms. Andrews has proven that she had not experienced the symptoms of which she complains prior to her exposure, and that from a medical standpoint, causation of her symptoms was reasonable.  Ms. Andrews is therefore entitled to Louisiana's presumption of causation. *See* <u>Vargas</u>, 317 F.3d at 502, n.3.  Defendant has presented no medical evidence rebutting the presumption by attributing Ms. Andrews's symptoms to some other cause. *See* Sun Valley's Brief at p. 9.  Ms. Andrews has thus presented a fact issue that precludes summary judgment on medical causation. *See* <u>Wisner v. Illinois Cent. Gulf R.R.</u>, 537 So.2d at 745.

---

[2] In *Vargas,* since the two scientific studies presented were insufficient to establish that trauma could cause fibromyalgia, the injury alleged, the plaintiff had failed to establish that causation was a reasonable possibility. *See* <u>Vargas v. Lee</u>, 317 F.3d 498 (5th Cir. 2003).

D.  <u>Summary judgment should be denied because Plaintiff presented evidence of dose.</u>

The standard for proving causation in toxic tort cases is "relatively lenient." *See* <u>Slaughter v. Southern Talc Co., 949 F.2d 167, 173 (5th Cir.1991)</u>.  Although specific causation in a toxic tort case requires evidence of the levels to which the plaintiff was exposed, precise concentration measurements of the chemical are not required. *See* <u>Curtis;</u> 174 F.3d 670-71. "Circumstantial evidence can be used to establish injurious exposure." <u>O'Neill v. Seariver Maritime, Inc</u>**,** 246 Fed.Appx. 278, 280 (5th Cir. 2007).

Dr. Stephen Smulski relied on the Centers for Disease Control and Prevention's determination that 100 ppb was the threshold at which health effects have been described in sensitive persons. *See* Exhibit C, p. 4.  After reviewing numerous reports on the levels of formaldehyde measured in FEMA-supplied travel trailers and other emergency housing units, he concluded that formaldehyde levels in many of the FEMA trailers, even two (2) years after they were abandoned, equaled or exceeded 100 ppb. *See* Exhibit C, p. 4. This  evidence  precludes summary judgment on dose. *See* <u>Curtis;</u> 174 F.3d 670-71; <u>O'Neill</u>**,** 246 Fed.Appx. at 280.

E.  <u>Summary judgment on the fear of cancer claim should be denied because Defendant failed to prove as a matter of law that there was no basis for the claim.</u>

Defendant claims entitlement to summary judgment on Ms. Andrews's fear of cancer claim based solely on an alleged absence of proof of medical causation.  Because Plaintiff has presented sufficient evidence to overcome summary judgment on causation, Defendant has failed to prove as a matter of law that it is entitled to summary judgment on fear of cancer. Defendant's motion for summary judgment on fear of cancer should therefore be denied. *See* <u>Amburgey</u>, 936 F.2d at 809.

**IV.**
**CONCLUSION**

Summary judgment should be denied because Ms. Andrews is not a bellwether plaintiff whose case will be tried.  No other non-bellwether plaintiff has been subjected to the possibility of summary judgment on medical causation.  A judgment in her case would thus unfairly prejudice Ms. Andrews when compared to all the other non-bellwether plaintiffs.

Further, summary judgment on medical causation should be denied because Ms. Andrews qualifies for the Louisiana presumption of causation.  Defendant has failed to rebut the presumption with evidence of any alternate reasonable cause.  Summary judgment on medical causation, and the resulting claim of fear of cancer, is therefore precluded.

Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com

        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'
STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

I hereby certify that on _____ August 2, 2011 _____, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Gerald E. Meunier
GERALD E. MEUNIER, #9471