IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Dillon Parker, Sr. v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No:* 09-5257 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I.    Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[2]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[3]

Pre-Trial Order No. 2 first provided deadlines for the completion of Plaintiff Fact Sheets and consequences for failure to meet those deadlines[4]. Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[5] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[6] These procedures were carried over into Pre-Trial Order No. 32.[7]

## II.    Law and Argument

**Dillon Parker, Sr.,** is named as a plaintiff in this matter on all three of the Complaints filed in this matter, the Complaint,[8] the First Amended Complaint,[9] and the

---

2 See Rec. Doc. No. 87.
3 See Rec. Doc. No. 87, page 7.
4  See Rec. Doc. No. 87, page 8.
5 See Rec. Doc. No. 87, page 8-9.
6 See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
7 See Rec. Doc. No. 1180, P.5.

8 See 09-cv-05257, Rec. Doc.  No. 1.

Second Amended Complaint.[10]   He has not provided a Plaintiff Fact Sheet.  Mover wrote to counsel for Plaintiff on July 22, 2011 to address the lack of a Plaintiff for Dillon Parker, Sr.[11]  No Response was received.

**Dwayne Parker, Sr.**, was named in an individual capacity in the Complaint[12] and the First Amended Complaint[13] in this matter.  However, the Second Amended Complaint refers to Dwayne Parker, Sr., only in a representative capacity in relation to the minor D.P.[14]  The claims of the minor, "Dwayne Parker, Sr. a/n/f of D.P., a minor," has previously been dismissed by this Court due to an uncured Plaintiff Fact Sheet.[15]  While "Dillon Parker, Sr." has never submitted a Plaintiff Fact Sheet, "Dwayne Parker, Sr.," who is no longer named in the Complaint, submitted a Plaintiff Fact Sheet, which is deficient as discussed below.  Counsel for Mover believes Dwayne Parker, Sr.'s Plaintiff Fact Sheet corresponds to Dillon Parker, Sr.

Counsel for Mover wrote to Counsel for Plaintiff on July 22, 2011 seeking clarification of this naming issue and received no response.[16]  Nevertheless, dismissal as to both names is appropriate because Dillon Parker, Sr. never submitted a Plaintiff Fact Sheet and Dwayne Parker, Sr.'s Plaintiff Fact Sheet is deficient as discussed below.

---

9 See 09-cv-05257, Rec. Doc. No. 2.
10 See 07-md-1873, Rec. Doc. No. 9653.
11 See Exhibit A.

12 See 09-cv-05257, Rec. Doc. No. 1.
13 See 09-cv-05257, Rec. Doc. No. 2.
14 See 07-md-1873, Rec. Doc. No. 9653.
15 See 07-md-1873, Rec. Doc. No. 22135.
16 See Exhibit A.

Dwayne Parker, Sr.'s Plaintiff Fact Sheet is unsigned and undated.[17] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 122 questions to be answered. Dwayne Parker, Sr. left 82 of them blank or responded insufficiently. Among the key deficiencies are that plaintiff does not provide the VIN, his FEMA identification number, or the date he moved out of the trailer.[18] He also did not answer whether he is making a claim for medical expenses or lost wages.[19] Plaintiff also failed to answer whether he has ever suffered from lung or other respiratory disease or skin disease.[20]

The Plaintiff Fact Sheet is also missing other important information, such as when plaintiff claims his injury or disease first occurred, whether he had ever suffered the type of illness or disease prior to living in the FEMA trailer, and whether he claims living in a FEMA trailer worsened a condition he already had in the past.[21] Plaintiff provided no education or employment history.[22] He did not state the reason he stopped living in the FEMA trailer.[23] Nor did he answer whether any air quality tests were ever performed.[24] Finally, plaintiff did not answer whether any health care professional has linked his alleged illness, disease or injury to having lived in a FEMA trailer, and he did not identify any medical providers.[25]

---

17 See Exhibit B.
18 See Exhibit B.
19 See Exhibit B.
20 See Exhibit B.
21 See Exhibit B.
22 See Exhibit B.
23 See Exhibit B.
24 See Exhibit B.
25 See Exhibit B.

Counsel for Mover drafted a Rule 37 letter REGARDING THE pfs OF "Dwayne Parker, Sr." on March 31, 2011 to outline the deficiencies.[26] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Dwayne Parker, Sr. is incomplete and his claims must be dismissed.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[27] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[28] Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves

---

26 See Exhibit C.
27 See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992);; *Colle v. Brazos County, Texas,* 981 F.2d 237, 242-243 (5th Cir. 1993).

as the initial round of discovery responses. Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced. When complete and cured Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice. If the correct name is Dillon Parker, Sr., no Plaintiff Fact Sheet was provided and the claim must be dismissed. If the correct name is Dwayne Parker, Sr., the Plaintiff Fact Sheet is deficient and has not been cured and the claim must be dismissed. If these names refer to one individual or two, for one of the above reasons, the claim must be dismissed. In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Dillon Parker, Sr.* and *Dwayne Parker, Sr.*, with prejudice for failure to cooperate in the discovery process.

---

[28] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS _5th_ DAY OF __August__, 2011.
 ____/s Eric B. Berger_____

 ____/s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290