UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: "N"(5) |
| | | * | |
| This Document Relates to: | | * | JUDGE: ENGELHARDT |
| *Gerard Hobden, et al versus* | | * | |
| *Sunnybrook RV, Inc., et al* | | * | MAG: CHASEZ |
| E.D. La. Suit No. 09-7113 | | * | |
| *and Joseph Carrier, et al. versus* | | * | |
| *SunnyBrook R.V., Inc., et al.* | | * | |
| E.D. La. Suit No. 10-1035 | | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS #2 AND #32
RELATING TO PLAINTIFFS' FACT SHEETS**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes defendant, SunnyBrook RV, Inc. ("SunnyBrook"), who files this Reply to the Opposition to Motion to Dismiss for Failure to Comply with Pre-Trial Orders #2 and #32 (Rec. Doc. 22291) filed on behalf of plaintiffs, Hannah Pryon, the six-year old daughter of plaintiff and next friend, Chanda Meadows, Chanda Meadows and Donna Meadows.[1]

---

[1] Plaintiffs point out that only Hannah Pryon, a six-year old child, is a plaintiff in the *Gerard Hobden* action; however, Chanda Meadows is listed as a plaintiff and Next Friend of Hannah Pryon, a minor, in the *Hobden* suit, according to Exhibit "A". (Rec. Doc. 1-1, page 3 of 5, Docket No. 2:09-cv-07113, "Amended Complaint for Damages", filed October 28, 2009). Subsequently, plaintiffs filed a Supplemental and Amended Complaint in *Joseph Carrier et al. v. SunnyBrook R.V. Inc., et al.*, Civil Action No. 10-1305 (Rec. Doc. 15970, dated August 25,

## I.

## **BACKGROUND**

As stated in SunnyBrook's Memorandum in Support of its Motion to Dismiss (Rec. Doc. #22146-3), on October 28, 2009, plaintiff, Chanda Meadows, as next friend of Hannah Pryon, filed an Amended Complaint for Damages in an action entitled *Gerard Hobden, et al v. Sunnybrook RV, et al*, EDLA No. 09-7113 (Rec. Doc. #1, 1-1). Almost one year later, on August 25, 2010, plaintiffs, Joseph Carrier, et al., filed a Supplemental and Amended Complaint in the MDL (Rec. Doc. 15970), adding the names of Chanda Meadows and Donna Meadows to the *Carrier* Civil Action No. 10-1305 (Rec. Doc. 15970-1).

On March 3, 2011, the undersigned's office sent correspondence to plaintiffs' counsel requesting the VIN numbers, FEMA identification numbers, bar codes and move-in/move-out dates for Chanda Meadows and Donna Meadows (Exh. "A", Rec. Doc. #22146-4).

On March 22, 2011, the undersigned's office again sent correspondence to plaintiffs' liaison counsel advising that each of the above-mentioned plaintiffs, as well as Hannah Pryon, appeared to have resided in two different trailers, but the move-

---

2010) and again listed Chanda Meadows, age 31, as a plaintiff, but this time, without naming her daughter, Hannah Pryon, as a plaintiff as well. (Rec. Doc. 15970-1, dated August 25, 2010). Therefore, undersigned counsel presumed that Chanda Meadows was also a plaintiff in the *Hobden* action, given her status as Plaintiff, Next Friend for her minor daughter. The Motion to Dismiss the three plaintiffs from the *Hobden* suit inadvertently listed Donna Meadows inasmuch as she shared the same Champion trailer with Chanda Meadows and Hannah Pryon. We regret any inconvenience this may have caused.

in/move-out date for each trailer and their VIN numbers were not provided (Exh. "B" Rec. Doc. #22146-5).

On March 29, 2011, plaintiffs' liaison counsel forwarded undersigned counsel's correspondence to plaintiffs' counsel notifying them of deficiencies stating no VIN numbers were provided and that plaintiffs resided in two different trailers but failed to provide details (Exh. "C", Rec.Doc. #22146-6).

On June 29, 2011, the undersigned's office requested that plaintiffs' counsel forward all Plaintiff Fact Sheets for Chanda Meadows, Donna Meadows and Hannah Pyron, and attached are the responses the undersigned received (Exhs. "D", "E", "F", "G", Rec. Docs. ## 22146-7, 8, 9, 10), which include copies of all three Plaintiff Fact Sheets ("PFS").

Nevertheless, counsel for plaintiffs failed to cure certain crucial deficiencies, i.e., move-in, move-out dates for the SunnyBrook temporary housing unit(s) ("THU"), which the Court-Appointed Special Master uses as the basis to attempt to resolve all suits in the MDL. (See Special Master's Report on Fleetwood Objection Hearings, Rec. Doc. #22133 and Special Master's Report on Fleetwood Appeals, Rec. Doc. #22269), detailing the Court-approved methodology which requires the Special Master to allocate points based solely on the duration of residency in the temporary housing unit, as opposed to other factors.)

The failure to provide the move-in, move-out dates is a failure to comply with this Court's Pre-Trail Orders #2 and #32.

## II.

## LAW/ARGUMENT

**A.  Plaintiffs have not and cannot cure the deficiencies in their fact sheets.**

The Supplemental and Amended Complaint adding Chanda and Donna Meadows to the Carrier suit was filed on August 25, 2010 (Rec. Doc. 15970)[2] and is thus governed by Pre-Trial Orders #2 and #32, which provide that "When any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed Plaintiff Fact Sheets ("PFS") within the timelines established herein... Plaintiff will have thirty (30) days to cure the alleged material deficiencies or any Defendant may thereafter move for dismissal, upon any appropriate showing that Plaintiff's claims should be dismissed for failure to comply with Court's applicable Orders." (Rec. Doc. # 1180).

Plaintiffs now admit that their individual fact sheet were deficient. When faced with deficiency letters, plaintiffs' counsel explained that they could not cure the deficiencies because: 1) They were unable to contact plaintiff Donna Meadows; and, 2) Both Chanda Meadows, acting for herself and for her minor daughter, Hannah Pryon, had the information but now no longer possess the move-in, move-out dates for the SunnyBrook THU. This is not a sufficient response under the Court's fact sheet procedure. The fact sheets at issue here remain deficient to this day, and plaintiffs have not come forward with information necessary to cure their fact sheets.

---

[2] The Amended Complaint was filed on April 30, 2010 (Rec. Doc. #1).

4

As will be shown below, each plaintiff claims to have resided in a SunnyBrook RV trailer, but cannot show that the Government provided such information, even though plaintiffs' counsel indicates that they are relying on Government-provided information.

**B.    CHANDA MEADOWS**

Plaintiff alleges that she "simply does not remember" her move-in, move-out dates for the SunnyBrook trailer; however, the Affidavit of Nicole Porter, project manager for the Law Offices of Watts Hilliard, P.C., states that "Chanda Meadows is matched by information provided by the government to both a Champion and a SunnyBrook Trailer" (Rec. Doc. 22291-1, paragraph 3). Contrary to the Project Manger's sworn Affidavit, the information provided by the United States Government and contained in the PFS indicates only that Chanda Meadows resided in a Mobile Home, Champion Home Builders Company trailer, VIN 023010927A000H. (See Exh. "E", Rec. Doc. 22146-8, pages 11, 12 of 32).[3] There is no mention of a SunnyBrook RV or a SunnyBrook VIN in the Government-provided information.

Moreover, in paragraph 5 of Ms. Porter's Affidavit, she states as follows: "Plaintiff's attorney contacted the client (Chanda Meadows) on April 25, 2011, in an attempt to obtain move in and move out dates for the SunnyBrook trailer as well as bar code numbers for each trailer, however the client **states she no longer has the request information and the information provided by the government does not include this information**". (Emphasis supplied.)

---

[3] Additionally, Ms. Porter's Affidavit states that plaintiffs' attorney submitted answers to deficiencies on April 25, 2011; however, it was not until June 30, 2011, after several e-mail requests, that the deficiency answers were received. See Exh. "D", Rec. Docs. ##22146-2.

5

Therefore, judging from the sworn statement cited above, plaintiff did have the requested information at one time, but now cannot locate it. Given the fact that no information evidencing that Chanda Meadows resided in a SunnyBrook trailer was even provided by the Government, it is not surprising that plaintiff does not have move-in, move-out dates for a SunnyBrook trailer. Nevertheless, assuming *arguendo* that information exists, it must be made available to defendant; otherwise, there will not be the slightest possibility of resolving the matter by the Special Master.

C.  **DONNA MEADOWS**

The Affidavit prepared by the plaintiff's project manager (Rec. Doc. 22291-1, paragraph 3), indicates that Ms. Porter was unable to reach plaintiff Donna Meadows and further, that the information provided by the Government did not contain information on the move-in, move-out dates. This Affidavit states that "Plaintiff (Donna Meadows) is matched by information provided by the government to both a Champion and a SunnyBrook Trailer." (Rec. Doc. 22291-1, paragraph 3.)

If plaintiff is relying on the Government's information, as is the case with Chanda Meadows, she is out of luck because the Government's information did not even list SunnyBrook as a manufacturer of plaintiff's temporary housing unit ("THU") or provide a SunnyBrook VIN, or bar code[4]. (See Exh. "F", Rec. Doc. #22164-7, page 11 of 29.) Contrary to the Project Manger's sworn Affidavit, the information provided by the United States Government and contained in the Plaintiff Fact Sheet ("PFS") indicates only that Chanda Meadows resided in a Champion Home Builders Company trailer, VIN 023010927A000H. (See

Exh. "E", Rec. Doc. #22146-8, page 11, 12 of 32.)[5] Again, there is no mention of a SunnyBrook RV or a SunnyBrook VIN in the Government-provided information. Nor does plaintiff identify any trailer manufacturer on her PFS (*Id.*, page. 12 of 29) as the line for Manufacturer is left blank.

Assuming for purposes of argument that plaintiff actually resided in a SunnyBrook-manufactured THU, which is specifically denied, she has not responded to her attorney's attempts to contact her. The lack of move-in, move-out dates from a SunnyBrook trailer, again, assuming that this plaintiff resided in defendant's trailer, must be made available to defendant; otherwise, there will not be the slightest possibility of resolving the matter by the Special Master.

**D.   HANNAH PRYON**

Plaintiff's project manager relies on the plaintiff's statement[6] that "she no longer has the information" pertaining to the move-in, move-out dates for the SunnyBrook trailer, meaning that she once did. In this case, the Government supplied the name of Champion as manufacturer but listed two VINs, one for Champion and, under Champion's name, a SunnyBrook VIN (See Exh. "G", Rec. Doc. 22146-10, pages 11, of 29). On her PFS, plaintiff indicates she resided in a Waver Lee Homes-manufactured mobile home (Exh. "G", Rec. Doc. 22146-10, page 12 of 29). Query where the SunnyBrook VIN came from because Chanda Meadows, Hannah Pryon's mother, did not list SunnyBrook or this trailer manufacturer's VIN in her own answers to

---

[5] Additionally, Ms. Porter's Affidavit states that plaintiffs' attorney submitted answers to deficiencies on April 25, 2011; however, it was not until June 30, 2011, after several e-mail requests, that the deficiency answers were received. See Exh. "D", Rec. Docs. ##22146-2.

[6] We assume that is 6-year old, Hannah Pryon's mother, Chanda Meadows's statement.

questions on her PFS, nor was SunnyBrook listed in the Government-provided information to Ms. Meadows (See Exh. "E", Rec. Doc. 22146-8, page 11, 12 of 32). We must assume that the Government's listing of the SunnyBrook VIN was an error.

## III.

## CONCLUSION

In view of the foregoing, and putting aside the obvious reason for not complying with PTOs #2 and #32, i.e., they did not reside in SunnyBrook trailers, the fact that plaintiffs, Chanda Meadows, Donna Meadows and Chanda Meadows as Next Friend to Hannah Pryon, minor, have not provided any move-in, move-out dates for a SunnyBrook travel trailer or trailers because: 1) They either do not possess this information any longer or, 2) They have not responded to their attorneys' requests to contact them with this information, is seriously hampering defendant's efforts to attempt to have this matter resolved by the Special Master according to the Court-ordered methodology.

Defendant, SunnyBrook RV, Inc., therefore, moves for dismissal with prejudice of the claims of Chanda Meadows, Donna Meadows and Hannah Pryon in accordance with Pre-Trial Orders #2 and #32 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b) for failure to comply with Pre-Trial Orders #2 and #32.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

By: _____/s/ Cynthia J. Thomas_____
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)
CYNTHIA J. THOMAS, LA Bar #22631
MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant, SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 5th day of August, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery          ( ) Facsimile
( ) Prepaid U.S. Mail      ( ) UPS/Federal Express
(X) Electronic Mail        ( ) Certified Mail, Return Receipt Requested

_____/s/ Cynthia J. Thomas_____
**CYNTHIA J. THOMAS**