UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: 09-3251 | * | |
| *Irma Miller, et al v. Sun Valley, Inc., et al* | * | JUDGE ENGELHARDT |
| *(Charles Marshall)* | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO SUN VALLEY'S MOTION FOR SUMMARY
JUDGMENT FOR FAILURE TO ESTABLISH
"REASONABLY ANTICIPATED USE" UNDER THE LPLA**

Plaintiff Charles Marshall files this Response to Sun Valley, Inc. d/b/a Sun-Lite's Motion for Summary Judgment for Failure to Establish "Reasonably Anticipated Use" under the LPLA Regarding Claims of Charles Marshall; and, in support would show:

**I.
EVIDENCE**

Exhibit A    Deposition of Mark Romanetz

Exhibit B    Deposition of Daniel Morrison

Exhibit C    Deposition of Charles Marshall

Exhibit D    Workman email, Sun Valley Corporate Deposition Exhibit 12

**II.
FACTUAL BACKGROUND**

Plaintiff Charles Marshall occupied his FEMA travel trailer for almost three years. *See* Exhibit C, pp. 53, 95. Mr. Marshall's trailer was manufactured by Defendant Sun Valley, Inc. *See* Exhibit C, p. 140. Sun Valley had designed the trailer to be used primarily as a recreational vehicle. *See* Exhibit A, p.25. As will be demonstrated below, however, Sun Valley knew not

1

only that its travel trailers were at times used as full-time living quarters, but also that its trailers were being purchased by FEMA to be used as hurricane relief residences.

## III.
## ARGUMENT AND AUTHORITIES

A.  Summary Judgment Standard

Summary judgment is proper only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp, 936 F.2d 805, 809 (5th Cir. 1991);  Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, Gillis v. Louisiana, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. Hunt v. Rapides Healthcare System, L.L.C., 277 F.3d 757, 764 (5th Cir. 2001).  A factual dispute where the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party precludes a grant of summary judgment. Smith v. Amedisys, 298 F.3d 434, 440 (5th Cir. 2002).  Plaintiff's evidence establishing that long-term occupancy of Defendant Sun Valley's travel trailers was a reasonably anticipated use thus precludes summary judgment. *See* Id.

B.  Summary judgment should be denied because extended full-time occupancy of Sun Valley's trailers was an anticipated use.

The LPLA defines a reasonably anticipated use as "a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." Thompson v. Nissan North America, Inc., 429 F.Supp.2d 759, 765 (E.D. La., 2006).  Whether a use is, or should have been, reasonably anticipated is determined from the point of view of the manufacturer at the time of manufacture. Id.  Defendant Sun Valley, Inc.

2

("Sun Valley") erroneously argues that Mr. Marshall's extended full-time occupancy of the Sun Valley travel trailer provided by FEMA was not an anticipated use. The evidence in this case, however, establishes not only that Sun Valley knew that customers used its travel trailers for extended full-time occupancy, but also that Sun Valley actually knew that FEMA was purchasing its trailers for full-time use. Sun Valley, therefore, should have anticipated the use Mr. Marshall made of his trailer. *See* Id.

> 1. *Because Sun Valley knew that its trailers were used for extended full-time residence, such use should have been anticipated.*

Sun Valley knew that its travel trailers were used by customers for extended full-time residency. Mark Romanetz, the president of Sun Valley, Inc., from 2001 to 2008, acknowledged his awareness that some people use travel trailers continuously. *See* Exhibit A, pp. 15, 162. He recognized that a percentage of travel trailer customers buy the trailers to live in full-time. *See* Exhibit A, pp. 164, 181. He was familiar with the term "full-timer," and explained that the term refers to people who live in their trailers for extended periods. *See* Exhibit A, pp. 161-62. The owner's manual that accompanied each Sun Valley trailer specifically addressed the application of the warranty to "full-time residential use." *See* Exhibit A, pp. 25-26, 180. Daniel Morrison, the secretary and past-president of Sun Valley, Inc., also testified that he knew of people who lived in their travel trailers for extended periods. *See* Exhibit B, pp. 10-11, 65. Since Sun Valley knew that its trailers were actually used as full-time residences, it should have anticipated such use. *See* Thompson, 429 F.Supp.2d at 765. Mr. Marshall's extended use of his Sun Valley trailer is therefore an anticipated use. *See* Id. Summary judgment should thus be denied. *See* Amburgey, 936 F.2d at 809.

> 2. *Sun Valley actually knew that its trailers would be purchased by FEMA for long-term occupancy.*

Sun Valley had actual knowledge prior to the time of manufacture that its travel trailers would be used by FEMA as residences for Hurricane Katrina victims.  On December 5, 2005, Mr. Romanetz received an email from Bruce Workman, an outside sales representative for Sun Valley.  *See* Exhibit D; Exhibit A, p. 148.  The subject of the Workman email was "FEMA."  *See* Exhibit D.  The contents of the email alerted Mr. Romanetz to the fact that FEMA was buying Sun Valley travel trailers from dealers' lots.  *See* Exhibit D; Exhibit A, pp. 149-50.

The Workman email further discussed the possibility of Sun Valley increasing its production of travel trailers in response to FEMA's demand.  *See* Exhibit D; Exhibit A, p. 150.  Mr. Workman was proposing that approximately one-third of Sun Valley's annual output be sent to a dealer that would then sell the Sun Valley units to FEMA.  *See* Exhibit A, p. 152.

Sun Valley did, in fact, increase the number of units it produced in 2006.  *See* Exhibit A.*,* pp. 151-52.  Significantly, the trailers Sun Valley produced for dealers to sell to FEMA were different from those for sale to the general public.  *See* Exhibit A, p. 153.  Because FEMA was less concerned with aesthetics than were typical customers, Sun Valley outfitted the units for FEMA with obsolete, out-dated fabrics that could be purchased at lowered prices.  *See* Exhibit A, p. 153-54.  Sun Valley thus produced special trailers in anticipation of FEMA's purchase for the full-time residency of Katrina victims.  Mr. Marshall's extended use of his Sun Valley trailer was therefore an anticipated use, and summary judgment should be denied.  *See* Amburgey, 936 F.2d at 809.

# III.
# CONCLUSION

Plaintiff has established that Mr. Marshall's extended occupancy of his trailer was an anticipated use. Sun Valley knew that some of its trailers were used by "full-timers" as long-term residences. Extended residential use was even mentioned in its Owner's Manual. Sun Valley further knew that FEMA was purchasing Sun Valley travel trailers from dealers, and increased its production in response to FEMA's demand. The units made especially for FEMA were outfitted differently from those to be sold to the general public. Thus, Sun Valley actually manufactured special units in anticipation of FEMA's purchase. Sun Valley's motion for summary judgment should therefore be denied.

        Respectfully submitted,

**FEMA TRAILER FORMALDEHYDE**
**PRODUCT LIABILITY LITIGATION**

BY:    s/Gerald E. Meunier
        GERALD E. MEUNIER, #9471
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        gmeunier@gainsben.com


        s/Justin I. Woods
        JUSTIN I. WOODS, #24713
        **PLAINTIFFS' CO-LIAISON COUNSEL**
        Gainsburgh, Benjamin, David, Meunier &
        Warshauer, L.L.C.
        2800 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

**COURT-APPOINTED PLAINTIFFS'**
**STEERING COMMITTEE**
ANTHONY BUZBEE, Texas # 24001820
RAUL BENCOMO, #2932
FRANK D'AMICO, #17519
MATT MORELAND, #24567
LINDA NELSON, #9938
MIKAL WATTS, Texas # 20981820
ROBERT BECNEL
DENNIS REICH, Texas # 16739600

**CERTIFICATE OF SERVICE**

     I hereby certify that on <u>     August 4, 2011     </u>, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                          s/Gerald E. Meunier
                                                          GERALD E. MEUNIER, #9471