UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 07-1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SEC. "N" (5) |
| | * | |
| This Document Relates to: | * | JUDGE ENGELHARDT |
| *Irma Miller, et al v. Sun Valley, Inc., et al* | * | |
| Docket No. 09-5658 (Charles Marshall) | * | MAG. JUDGE CHASEZ |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, Westchester Surplus Lines Insurance Company ("Westchester"), filed this Motion for Summary Judgment seeking dismissal because plaintiff, Charles Marshall, did not sustain bodily injury during Westchester's Policy Period. The Policy Period is December 30, 2004 to December 30, 2005. The undisputed facts establish that Marshall's alleged injury first occurred *after* Westchester's Policy expired and Colony National Insurance Company's Policy picked up coverage.

In Opposition to the Motion for Summary Judgment, Plaintiff argues that Westchester failed to establish the date on which Marshall first moved into his FEMA trailer. However, such date is irrelevant to when Mr. Marshall's bodily injury occurred, and Westchester's Policy responds *only* to bodily injury occurring during its Policy Period. Westchester is therefore entitled to judgment as a matter of law.

### PLAINTIFF HAS REPEATEDLY STATED THAT HIS BODILY INJURY FIRST OCCURRED IN 2006.

Plaintiff has testified on numerous occasions that his bodily injury did not occur

within the Westchester Policy Period; instead, the alleged loss falls within Colony National Insurance Company's period of coverage. During his deposition, Plaintiff was asked six separate times when he first sustained an injury after moving into his trailer, and each time he responded that his alleged injury began in March of 2006. This testimony is corroborated by Marshall's Plaintiff Fact Sheet.

Plaintiff *further* confirmed that his injury occurred into 2006 during his treatment with Dr. Lawrence Miller, as established by Dr. Miller's testimony taken on July 13, 2011. During the deposition, the following exchanges transpired between Brent Maggio (counsel for Sun Valley), and Dr. Miller:

> [Maggio] Okay. When you wrote "After 1-2 months wheezing," what did you mean by that?
>
> [Dr. Miller] After he moved into the trailer, he began to notice wheezing and some shortness of breath.
>
> [Maggio] But it wasn't until about one to two months after moving into the trailer?
>
> [Dr. Miller]: That's what he described to me, yes.[1]
>
> …
>
> [Maggio] And he told you that he did not develop wheezing until after being in the trailer for one to two months, according to your notes; correct?
>
> [Dr. Miller] That's correct.[2]

Plaintiff has been prompted to identify the date on which his injury first occurred on various occasions in multiple different contexts, and not once has he pinpointed his

---

[1] Deposition of Lawrence Miller, M.D. at p. 17, attached hereto as Ex. A.
[2] *Id.* at p. 31.

injury within the Westchester Policy Period. Plaintiff has failed to produce any evidence to indicate or even suggest that he was injured in 2005, and No. GLW-786282 responds *only* to bodily injury occurring between December 30, 2004 and December 30, 2005. Therefore, no genuine dispute of material fact exists as to this issue, and Westchester is entitled to judgment as a matter of law, dismissing Marshall's claims against Westchester, with prejudice.

                              Respectfully submitted,

                              **LARZELERE PICOU WELLS**
                                  **SIMPSON LONERO, LLC**
                              3850 N. Causeway Boulevard
                              Suite 1100 - Two Lakeway Center
                              Metairie, Louisiana  70002
                              Telephone:  (504) 834-6500
                              Facsimile:  (504) 834-6500

BY:    */s/ G. Benjamin Ward*
                              **J. DANIEL PICOU (#13827)**
                                  jpicou@lpwsl.com
                              **G. BENJAMIN WARD (#20403)**
                                  bward@lpwsl.com

                              **ATTORNEYS FOR WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of August, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

*/s/ G. Benjamin Ward*