1

1   UNITED STATES DISTRICT COURT

2   EASTERN DISTRICT OF LOUISIANA

3

4   ------------------------------------x

5   IN RE: FEMA TRAILER FORMALDEHYDE          MDL NO. 1873
          PRODUCTS LIABILITY LITIGATION

6                                            SECTION: N(5)

    THIS DOCUMENT RELATES TO:
7   Irma Miller, et al v. Sun Valley,        JUDGE: ENGLEHARDT
    Inc., et al

8   Docket No. 09-5658 (Charles Marshall)    MAG. JUDGE CHASEZ

9   ------------------------------------x

10

11

12              DEPOSITION OF LAWRENCE MILLER, M.D.,

13       M.P.H., a witness called by the Defendant, Sun

14       Valley, Inc. d/b/a Sun Lite, taken pursuant to

15       the applicable provisions of the Federal Rules

16       of Civil Procedure, before James A. Scally,

17       RMR, CRR, a Notary Public in and for the

18       Commonwealth of Massachusetts, at the offices

19       of O'Brien & Levine Court Reporting Services,

20       195 State Street, Boston, Massachusetts, on

21       Wednesday, July 13, 2011, commencing at 10:06

22       a.m.

23

24

EXHIBIT
"A"

1      Q.   Says what?

2      A.   I believe that's "now" even though it looks like

3   "no."

4      Q.   Okay.  When you wrote "After 1-2 months wheezing,"

5   what did you mean by that?

6      A.   After he moved into the trailer, he began to

7   notice wheezing and some shortness of breath.

8      Q.   But it wasn't until about one to two months after

9   moving into the trailer?

10     A.   That's what was described to me, yes.

11     Q.   You wrote "February 2006," then an arrow pointing

12   down to '09.  What does that mean?

13     A.   Those were roughly the dates he recalled living in

14   the trailer.

15     Q.   So he told you that roughly he moved into the

16   trailer in February 2006 and moved out sometime in 2009?

17     A.   In early 2009 is what he remembered when we were

18   speaking.

19     Q.   Then you wrote "Persistent since leaving trailer."

20          What did you mean by that?

21     A.   Talking about his wheezing and shortness of

22   breath.

23     Q.   So he told you that he was continuing to have

24   wheezing and shortness of breath on a persistent basis

1    uncommon.  Wheezing is uncommon, but not impossible,

2    certainly.

3         Q.   Do you know whether or not he's ever had pneumonia

4    in the past?

5         A.   I do not.

6         Q.   And, I'm sorry, according to your notes, when did

7    he tell you he moved into the trailer?

8         A.   When we talked on the phone, it was early '06; as

9    I learned from his deposition, it may have been a little

10   bit before that.

11        Q.   What did he tell you -- what did you have written

12   down in your notes as to when he moved into the trailer?

13        A.   February '06.

14        Q.   And when did he say he moved out?

15        A.   About three years.

16        Q.   2009?

17        A.   Correct.

18        Q.   And he told you that he did not develop wheezing

19   until after being in the trailer for one to two months,

20   according to your notes; correct?

21        A.   That's correct.

22        Q.   Did he tell you when he first detected some odor

23   in his trailer in relation to when he first moved into the

24   trailer?

1   COMMONWEALTH OF MASSACHUSETTS                        SUFFOLK, SS.

2

3            I, JAMES A. SCALLY, RMR, CRR, a Certified
Shorthand Reporter and Notary Public duly commissioned and
4   qualified in and for the Commonwealth of Massachusetts, do
hereby certify that there came before me on the 13th day of
5   July, 2011, at 10:06 a.m., the person hereinbefore named,
LAWRENCE MILLER, M.D., M.P.H., who provided satisfactory
6   evidence of identification as prescribed by Executive Order
455 (03-13) issued by the Governor of the Commonwealth of
7   Massachusetts, was by me duly sworn to testify to the truth
and nothing but the truth of his knowledge concerning the
8   matters in controversy in this cause; that he was thereupon
examined upon his oath, and his examination reduced to
9   typewriting under my direction; and that this is a true
record of the testimony given by the witness to the best of
10  my ability.
             I further certify that I am neither
11  attorney or counsel for, nor related to or employed by, any
of the parties to the action in which this deposition is
12  taken, and further, that I am not a relative or employee of
any attorney or counsel employed by the parties hereto or
13  financially interested in the action.

14

15       My Commission Expires:  April 23, 2015

16

17

18       _____
         James A. Scally, RMR, CRR
19       CSR/Notary Public

20

21

22

23

24