UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*Sonya Andrews, et al., v. Sun Valley,*<br>*Inc., et al.,  C.A. No. 09-5659 (Sonya*<br>*Andrews); and Gerod Macon, et al.,*<br>*v. Sun Valley, Inc., et al., C.A. No.*<br>*09-7103 (Laura Demetriace Batiste)* | \* MDL NO. 07-1873<br>\*<br>\* SECTION "N" (5)<br>\*<br>\* JUDGE ENGELHARDT<br>\*<br>\* MAGISTRATE CHASEZ |

### FLUOR ENTERPRISES, INC.'S CONSENT MOTION TO AMEND SCHEDULING ORDERS AND REMOVE BACK-UP BELLWETHER PLAINTIFFS FROM THE TRIAL DOCKET

Fluor Enterprises, Inc. ("FEI"), defendant in the bellwether case of Sonya Andrews, which was severed from Civil Action Number 09-5659, *Sonya Andrews, et al., v. Sun Valley, Inc., et al.* (the "Andrews Bellwether Case"), acting with the consent of all parties plaintiff and defendant in the Andrews Bellwether Case and in the bellwether case of Laura Demetriace Batiste, which was severed from Civil Action No. 09-7103, *Gerod Macon, et al., v. Sun Valley, Inc., et al.* (the "Batiste Bellwether Case"), hereby moves the Court to remove the Andrews Batiste Bellwether Cases from the Court's October 17, 2011, bellwether trial docket. The grounds for this motion are as follows:

1.

The Court set three cases for bellwether trials all beginning on October 17, 2011 and all involving claims against Sun Valley, Inc., d/b/a Sun-Lite, as manufacturer. The cases were given the following priority on the docket, however. The first bellwether plaintiff, Charles Marshall, whose claims were severed from Civil Action Number 09-5658, *Irma Miller, et al., v. Sun Valley, Inc., et al.* (the "Marshall Bellwether Case"), would proceed to trial first on October 17, 2011. If Charles Marshall's claims were previously dismissed, however, the Andrews Bellwether Case would proceed to trial instead on October 17, 2011. Finally, if both Charles Marshall's and Sonya Andrews's claims were previously dismissed, then the Batiste Bellwether Case would proceed to trial on October 17th. (Pretrial Order No. 82, Rec. Doc. 18681)

2.

The Marshall, Andrews and Batiste Bellwether Cases have all proceeded through fact discovery and most of expert discovery. The parties to these cases have spent significant sums of money in the discovery process. A number of important deadlines are approaching, however, including the expert discovery cutoff, and the dispositive motions, motions *in limine*, exhibit objections, and deposition excerpt designations and objections deadlines. (Scheduling Orders Rec. Docs. 19812, 19813, 19814) These final stages of trial preparation are extremely costly for both plaintiffs and defendants, and demand a significant amount of the Court's time and resources.

3.

Plaintiffs' lead counsel, Mr. Dennis Reich, in all three of these cases has recently stated that it is plaintiffs' intention to bring the first-set bellwether case, the Marshall Bellwether Case,

to trial on October 17, 2011, and that plaintiffs do not intend to try to Andrews and Batiste Bellwether Cases at this time. Mr. Reich has made that statement in writing, both to undersigned counsel for FEI and to the Court by email. *See* Exhibits "A" and "B" to this motion.

**4.**

Based on this representation of plaintiffs' counsel, FEI inquired of all parties to all three of these bellwether cases whether they had any objection to a motion requesting that the Court remove the Andrews and Batiste Bellwether Cases from the Court's October 17, 2011 bellwether trial docket. Undersigned counsel represents that all parties indicated their consent to this motion.

**5.**

Undersigned counsel represents further that while defendant Sun Valley, Inc., consented to this motion, it did so while indicating that it reserved its right to assert that the Court should consider and rule on certain dispositive motions that it filed before plaintiffs advised Sun Valley of their intention to proceed to trial in the Marshall Bellwether Case.

**WHEREFORE**, based on the representation of plaintiffs' counsel that plaintiffs will proceed to trial on October 17, 2011, with the Marshall Bellwether Case, FEI, with the consent of all parties, respectfully requests that in the interest of fairness and judicial economy the Court

remove the Andrews and Batiste Bellwether Cases from the Court's bellwether trial docket on October 17, 2011.

>Respectfully submitted,
>
>**MIDDLEBERG, RIDDLE & GIANNA**
>
>BY:     */s/ Charles R. Penot, Jr.*
>Charles R. Penot, Jr. (La. Bar No. 1530 &
>Tx. Bar No. 24062455)
>717 North Harwood, Suite 2400
>Dallas, Texas 75201
>Tel: (214) 220-6334; Fax: (214) 220-6807
>cpenot@midrid.com
>
>Dominic J. Gianna, La. Bar No. 6063
>Sarah A. Lowman, La. Bar No. 18311
>201 St. Charles Avenue, Suite 3100
>New Orleans, Louisiana 70170
>Telephone: (504) 525-7200
>Facsimile: (504) 581-5983
>dgianna@midrid.com
>slowman@midrid.com
>
>     *-and-*
>
>Richard A. Sherburne, Jr., La. Bar No. 2106
>450 Laurel Street, Suite 1101
>Baton Rouge, Louisiana 70801
>Telephone: (225) 381-7700
>Facsimile: (225) 381-7730
>rsherburne@midrid.com
>
>**ATTORNEYS FOR FLUOR ENTERPRISES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I electronically filed the foregoing pleading using the Court's CM/ECF system, which sends notice of electronic filing to all court-appointed liaison counsel, who are CM/ECF participants, and that I personally served all counsel in the three bellwether cases with this pleading by email.

                                              */s/ Charles R. Penot, Jr.*
                                              **CHARLES R. PENOT, Jr.**

ND: 4837-6095-8218, v. 1