UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873 |
| | | | SECTION: "N"(5) |
| This Document Relates to: *Kimberly Jackson, et al versus Sunnybrook RV, Inc., et al* E.D. La. Suit No. 09-7848 | | * * * * | JUDGE: ENGELHARDT |
| | | | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS #2 AND #32
RELATING TO PLAINTIFFS' FACT SHEETS**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes defendant, SunnyBrook RV, Inc. ("SunnyBrook"), who files this Reply to the Opposition to Motion to Dismiss for Failure to Comply with Pre-Trial Orders #2 and #32 (Rec. Doc. 22292) filed on behalf of Plaintiff, Ashley Nechell Simien.

**I.**

**BACKGROUND**

As stated in SunnyBrook's Memorandum in Support of its Motion to Dismiss (Rec. Doc. #22147-1) on April 30, 2010, plaintiff, Ashylen Simien filed an Amended

Complaint for Damages in an action entitled *Kimberly Jackson et al. v. Sunnybrook RV, et al*, EDLA No. 09-7848 (Rec. Doc. #1-1; Exh. "A", Rec. Doc. #1-2, page 4 of 4).

On May 16, 2011, the undersigned's office sent correspondence to plaintiffs' counsel requesting information regarding plaintiff's symptoms, wage loss, previous claims/suits, repairs, medical background and medical diagnosis (Exh. "A", Rec.Doc. #22147-2).

Plaintiffs' liaison counsel forwarded "Plaintiff's Fact Sheet Deficiency Answers", dated June 14, 2011, to undersigned counsel advising that plaintiff, Ashlyn Simien, did not recall any symptoms related to living in a FEMA trailer or much of anything else for that matter (Exh. "B", Rec. Doc. #22147). There is good reason for this lack of knowledge as, according to Ms. Porter's sworn statement in her Affidavit, Ms. Simien's attorney has attempted to contact her on numerous occasions (at least 13), but has not been successful in reaching plaintiff by either telephone calls or written correspondence. Thus, the "I do not recall" responses are an obvious, but obfuscatory, method of trying to cure the noted deficiencies.

Furthermore, such responses are simply an attempt to circumvent the Court's Pre-Trial Orders #2 and #32. (Although, these may be meant to satisfy PTO #88's direction that lack of knowledge can be an accurate response; however, PTO #88 was not issued and did not go into effect until June 24, 2011) (Rec. Doc. #22124) and thus, is not controlling.

As will be shown below, counsel for plaintiff failed to cure certain crucial deficiencies, simply assuming answers for a "missing" plaintiff who could not be contacted. The failure to provide substantive, verified[1] answers constitutes a failure to comply with this Court's Pre-Trail Orders #2 and #32.

## II.

## LAW/ARGUMENT

**A.     Plaintiff has not and cannot cure the deficiencies in her fact sheet.**

The Amended Complaint (Rec. Doc. 15970 )[2] is thus governed by Pre-Trial Orders #2 and #32, which provide that "When any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established herein... Plaintiff will have thirty (30) days to cure the alleged material deficiencies or any Defendant may thereafter move for dismissal, upon any appropriate showing that Plaintiff's claims should be dismissed for failure to comply with Court's applicable Orders." (Rec. Doc.# 1180.)

When faced with deficiency letters, plaintiffs' counsel explained that they could not cure the deficiencies because: 1) They were unable to contact plaintiff; and, 2) " ...Plaintiff does not remember the subject matter" and so, cannot cure the deficiencies. This is not an adequate response under the Court's fact sheet procedure. The fact sheets at issue here remain deficient to this day, and plaintiff has not come forward with information necessary to cure her fact sheet, i.e., symptoms, medical background and medical diagnosis.

---

[1] It is impossible to make out the "signature" on the Deficiency Answers (Exh. "B", Rec. Doc. 122147-3, page 2.)
[2] The Amended Complaint was filed on April 30, 2010 (Rec. Doc. #1).

3

## III.

## CONCLUSION

In view of the foregoing, plaintiff, Ashlyn Nechelle Simien, has not provided satisfactory responses to SunnyBrook's requests to cure deficiencies in the PFS. Nor has she responded to her attorneys' numerous requests to contact them with the necessary information; thus, obliging opposing counsel to respond with scant information.[3] These actions are seriously hampering defendant's efforts to attempt to resolve this matter.

Defendant, SunnyBrook RV, Inc., therefore, moves for dismissal with prejudice of the claims of Ashlyn Nechelle Simien in accordance with Pre-Trial Orders #2 and #32 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b) for failure to comply with Pre-Trial Orders #2 and #32.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

By: _/s/ Cynthia J. Thomas_
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)**
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
_Attorneys for Defendant, SunnyBrook RV, Inc._

---

[3] The Court is referred to the mostly blank PFS (Exh "D", Rec. Doc. #22147-5). In addition, the original PFS did not provide any Government information as p. 11 was blank, contrary to the Affidavit of plaintiff counsel's project manager. The PFS was amended on August 31, 2009 (Exh. "C", Rec. Doc. #22142-4).

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 5th day of August, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery              ( ) Facsimile
( ) Prepaid U.S. Mail          ( ) UPS/Federal Express
(X) Electronic Mail            ( ) Certified Mail, Return Receipt Requested


/s/ Cynthia J. Thomas
**CYNTHIA J. THOMAS**