```
 1              UNITED STATES DISTRICT COURT
 2              EASTERN DISTRICT OF LOUISIANA
 3
 4  ------------------------------------x
 5  IN RE: FEMA TRAILER FORMALDEHYDE          MDL NO. 1873
        PRODUCTS LIABILITY LITIGATION
 6                                            SECTION: N(5)
    THIS DOCUMENT RELATES TO:
 7  Irma Miller, et al v. Sun Valley,         JUDGE: ENGLEHARDT
    Inc., et al
 8  Docket No. 09-5658 (Charles Marshall)     MAG. JUDGE CHASEZ
 9  ------------------------------------x
10
11
12            DEPOSITION OF LAWRENCE MILLER, M.D.,
13    M.P.H., a witness called by the Defendant, Sun
14    Valley, Inc. d/b/a Sun Lite, taken pursuant to
15    the applicable provisions of the Federal Rules
16    of Civil Procedure, before James A. Scally,
17    RMR, CRR, a Notary Public in and for the
18    Commonwealth of Massachusetts, at the offices
19    of O'Brien & Levine Court Reporting Services,
20    195 State Street, Boston, Massachusetts, on
21    Wednesday, July 13, 2011, commencing at 10:06
22    a.m.
23
24
```

```
 1      Q.   Says what?
 2      A.   I believe that's "now" even though it looks like
 3   "no."
 4      Q.   Okay.  When you wrote "After 1-2 months wheezing,"
 5   what did you mean by that?
 6      A.   After he moved into the trailer, he began to
 7   notice wheezing and some shortness of breath.
 8      Q.   But it wasn't until about one to two months after
 9   moving into the trailer?
10      A.   That's what was described to me, yes.
11      Q.   You wrote "February 2006," then an arrow pointing
12   down to '09.  What does that mean?
13      A.   Those were roughly the dates he recalled living in
14   the trailer.
15      Q.   So he told you that roughly he moved into the
16   trailer in February 2006 and moved out sometime in 2009?
17      A.   In early 2009 is what he remembered when we were
18   speaking.
19      Q.   Then you wrote "Persistent since leaving trailer."
20           What did you mean by that?
21      A.   Talking about his wheezing and shortness of
22   breath.
23      Q.   So he told you that he was continuing to have
24   wheezing and shortness of breath on a persistent basis
```

1  uncommon. Wheezing is uncommon, but not impossible,
2  certainly.
3      Q.  Do you know whether or not he's ever had pneumonia
4  in the past?
5      A.  I do not.
6      Q.  And, I'm sorry, according to your notes, when did
7  he tell you he moved into the trailer?
8      A.  When we talked on the phone, it was early '06; as
9  I learned from his deposition, it may have been a little
10 bit before that.
11     Q.  What did he tell you -- what did you have written
12 down in your notes as to when he moved into the trailer?
13     A.  February '06.
14     Q.  And when did he say he moved out?
15     A.  About three years.
16     Q.  2009?
17     A.  Correct.
18     Q.  And he told you that he did not develop wheezing
19 until after being in the trailer for one to two months,
20 according to your notes; correct?
21     A.  That's correct.
22     Q.  Did he tell you when he first detected some odor
23 in his trailer in relation to when he first moved into the
24 trailer?

```
 1  COMMONWEALTH OF MASSACHUSETTS                    SUFFOLK, SS.
 2
 3          I, JAMES A. SCALLY, RMR, CRR, a Certified
    Shorthand Reporter and Notary Public duly commissioned and
 4  qualified in and for the Commonwealth of Massachusetts, do
    hereby certify that there came before me on the 13th day of
 5  July, 2011, at 10:06 a.m., the person hereinbefore named,
    LAWRENCE MILLER, M.D., M.P.H., who provided satisfactory
 6  evidence of identification as prescribed by Executive Order
    455 (03-13) issued by the Governor of the Commonwealth of
 7  Massachusetts, was by me duly sworn to testify to the truth
    and nothing but the truth of his knowledge concerning the
 8  matters in controversy in this cause; that he was thereupon
    examined upon his oath, and his examination reduced to
 9  typewriting under my direction; and that this is a true
    record of the testimony given by the witness to the best of
10  my ability.
            I further certify that I am neither
11  attorney or counsel for, nor related to or employed by, any
    of the parties to the action in which this deposition is
12  taken, and further, that I am not a relative or employee of
    any attorney or counsel employed by the parties hereto or
13  financially interested in the action.
14
15      My Commission Expires:  April 23, 2015
16
17                   [signature: James A Scally]
18                   _____
                     James A. Scally, RMR, CRR
19                   CSR/Notary Public
20
21
22
23
24
```