# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Brion Scieneaux, et al v. Frontier RV, Inc., et al* | * | |
| Civil Action No. 09-4462 | * | MAGISTRATE CHASEZ |

*********************************************************************

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' COUNSELS' MOTION TO WITHDRAW AS COUNSELS OF RECORD

**NOW INTO COURT,** through undersigned counsel, comes defendant, Frontier RV, Inc. ("Frontier"), who offers the following memorandum in opposition to Plaintiffs' Counsels' Motion to Withdraw as Counsels of Record for Plaintiff, Brion Scieneaux, as Plaintiff, Brion Scieneaux's, claim is ripe for dismissal for failure to timely submit a completed Plaintiff Fact Sheet ("PFS") required by Pre-Trial Orders 2 & 32 and withdrawal of Scieneaux's counsels, knowing no PFS has ever been submitted, disrupts the Deficiency Process and delays the underlying proceeding.  Accordingly, Frontier opposes the instant motion and suggests to the Court that dismissal of Brion Scieneaux's claim is the proper remedy.

## I.  FACTUAL BACKGROUND

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To date, the Court has issued well over 80 Pre-Trial Orders ("PTOs") which address various aspects of this Multi-District Litigation.  In one of the first PTOs issued, PTO No. 2, the Court established the use of a standardized simple form, a PFS, in lieu of the initial rounds of Interrogatories and

Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also provided deadlines for the completion of PFS as well as consequences for failure to meet those deadlines.[3]  PTO No. 2 was subsequently amended by PTO No. 32 ("PTO No. 32") regarding the issue of PFS.[4]  Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

Brion Scieneaux, the Frontier plaintiff who counsels Hugh Lambert and Linda Nelson seek to withdraw their representation, was named as a plaintiff in the underlying matter, *Brion Scieneaux, et al v. Frontier RV, Inc., et al,* filed in the Civil District Court for the Parish of Orleans at Docket No. 09-5966.   On July 22, 2009, Contractor Defendant, CH2M Hill Constructors, Inc. removed the matter to the Federal District Court for the Eastern District of Louisiana, where it became a part of this MDL and was assigned Docket No. 09-4462.  Because Scieneaux was named as a plaintiff in this MDL on July 22, 2009, PTO No. 2, Section C, governs the submittal of Scieneaux's PFS. This section reads in relevant part:

> Each Plaintiff named in an action filed in or transferred in this MDL proceeding after the entry of this Order shall serve a completed and verified PFS (including all responsive documents and properly executed authorizations) upon Defendant's Liaison Counsel as designated above in III.B. within thirty (30) days from the date of transfer of such case... .

Note that PTO 32 extended the thirty (30) deadline established in PTO 2 to sixty (60) days.   As such, in accordance with PTO Nos. 2 and 32, the deadline for Scieneaux to serve a completed

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pg. 8.
[4] *See* R. Doc. No. 1180.

PFS upon defendants was August 21, 2009.  Scieneaux failed to comply with the August 21, 2009 deadline.

On April 14, 2011, in compliance with PTO Nos. 2 and 32, defendant Frontier, served Scieneaux, through his counsels of record, Hugh Lambert and Linda Nelson, of the law firm of Lambert and Nelson with a Deficiency Letter.[5]  The Deficiency Letter informed counsel of Scieneaux's failure to serve a completed PFS within the deadlines established in PTO Nos. 2 and 32, thus making his claims advanced against Frontier subject to dismissal with prejudice.  The Deficiency Letter also afforded counsel the opportunity to satisfy the deficiency by submitting a completed PFS for Scieneaux, along with the date of the PFS original production and the title of the CD. To date, counsel for Frontier has not received a completed PFS for Scieneaux. The Deficiency Letter also requested that in the event a PFS had not previously been timely produced for Scieneaux, that counsel advise if they would oppose a Motion to Dismiss Scieneaux's claim for failure to comply with PTO Nos. 2 and 32.

Instead of responding to Frontier's Deficiency Letter, Plaintiff's Counsels filed a Motion to Withdraw as Counsels' of Record for Scieneaux.  For the reasons outlined below, the motion should be denied.

## I.  LAW AND ARGUMENT

Counsels for plaintiff Scieneaux, Hugh Lambert and Linda Nelson, along with several additional Counsels for plaintiffs who filed lawsuit against defendants, Frontier and Forest River, recently moved this Court to allow them to withdraw as counsels of record for several plaintiffs. A review of Counsels' motion reveals that they seek to withdraw their representation of the

---

[5] *See* Exhibit "A", Scieneaux Deficiency Letter.

named plaintiffs due to an inability to communicate with the various plaintiffs to obtain the information required to complete their PFS and accompanying authorizations.[6]

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of a client.  The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court."[7]   "In considering motions to withdraw as counsel, courts take into account factors such as the reasons why withdrawal is sought, the prejudice withdrawal may cause to the litigants, the delay in the resolution of the case which would result from withdrawal, and the effect of withdrawal of the efficient administration of justice."[8] "A court may also consider the effect of withdrawal on communications between the litigants and the Court."[9]

As stated above, Counsels are seeking to withdraw their representation of Scieneaux because of an inability to communicate with him. Frontier submits to the Court that allowing Counsels to withdraw at this stage in the proceedings would shift the burden of contacting Scieneaux from his Counsels of Records to Frontier and would significantly prejudice Frontier's continued defense of his claim.  Surely, if Scieneaux failed to maintain regular contact with the Counsels he voluntarily retained to represent him in this matter, Frontier would suffer similar difficulty in making Court mandated contact with Scieneaux.  Specifically, Frontier, as the opposing party would likely find it impossible to effect service of process of pertinent filings as required by the Federal Rules of Civil Procedure on Scieneaux, a plaintiff whose own Counsel has identified as having a history of ignoring communications regarding these proceedings.  For

---

[6] *See* Plaintiffs' Motion to Withdraw as Counsels' of Record, R.Doc. 22242-1, pgs. 8 - 11.
[7] *Laster, et al v. District of Columbia, et al* 460 F.Supp.2d 111, 113 (D.D.C. 2006); *See* also Local Civil Rule 83.2.11.
[8] *Rusinow v. Kamara,* 920 F. Supp. 69, 71 (D.N.J. 1996); *Chester v. The May Department Store Co.,* 2000 WL 12896 *1 (E.D. Pa. Jan. 7, 2000).
[9] *Ohntrup v. Firearma Center, Inc.,* 802 F.2d 676, 679 (3rd Cir. 1986).

4

these reasons, Frontier submits to the Court that granting Counsel's Motion to Withdraw would unduly prejudice Frontier and other similarly situated defendants.

Additionally, granting Counsels' Motion to Withdraw would also serve to delay the resolution of this matter.  As Scieneaux is not in compliance with the terms of PTO Nos. 2 and 32 regarding PFSs, Frontier has on this date, filed a Motion to Dismiss Scieneaux's claims for Failure to Comply with PTO Nos. 2 and 32.  Should the Court grant Counsels' Motion to Withdraw, Frontier will have to undertake the additional steps of Amending its Motion to Dismiss to reflect that Scieneaux is now a pro-se plaintiff,  set the matter for hearing, and attempt to serve Scieneaux with notice of the hearing in this matter as required by the Federal Rules of Civil Procedure.  These additional steps will surely serve to unduly delay the resolution of this matter.

Moreover, allowing Counsels to Withdraw their representation will likewise negatively affect this Court's efficient administration of justice as it regards these plaintiffs and similarly situated plaintiffs in this MDL.   As mentioned above, Counsel would like to withdraw their representation of the named plaintiffs because they have been unsuccessful in contacting them to obtain the information required to complete a PFS.  It follows that if the Court allows Counsels to withdraw their representation of the similarly situated plaintiffs for an inability to communicate with their clients and avoid an Order Dismissing the case Failure to Comply with the PFS process, many other Motions to Withdraw will be filed.  Should this occur, the Court, along with the effected Defendants, would have the added task of managing potentially hundreds of pro-se plaintiffs, which will certainly negatively affect this Court's efficient administration of justice as it regards these plaintiffs and similarly situated plaintiffs in this MDL.

## III.    CONCLUSION

As established above, granting Counsels' Motion to Withdraw as Counsels of Record would be a great prejudice on Frontier, would serve to delay the resolution of this case, and negatively affect this Courts' efficient administration of this matter and those similarly situated matters in this MDL.   Therefore, Counsels' Motion to Withdraw as Counsels of Record for Plaintiff, Brion Scieneaux, should be denied and instead, Scieneaux's claims should be Dismissed for the reasons cited above and in Frontier RV, Inc.'s Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 regarding Plaintiff Fact Sheets.

Respectfully submitted,

*/s/ Kelly M. Morton*_____
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Frontier RV, Inc.
Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Kelly M. Morton*_____
KELLY M. MORTON, Bar No. 30645