UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Brion Scieneaux, et al v. Frontier RV, Inc., et al* | * | |
| Civil Action No. 09-4462 | * | MAGISTRATE CHASEZ |

**************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Frontier RV, Inc. ("Frontier") moves this Honorable Court to dismiss the claims of plaintiff, Brion Scieneaux ("Scieneaux"), with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets ("PFS").[1]

### I.     FACTUAL BACKGROUND

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To date, the Court has issued well over 80 Pre-Trial Orders ("PTO") which address various aspects of this Multi-District Litigation.  In one of the first PTOs issued, PTO No. 2, the Court established the use of a standardized simple form, a PFS, in lieu of the initial rounds of Interrogatories and

---

[1] Please note, Plaintiffs' Counsels' have filed a Motion to Withdraw as Counsels of Record for Brion Scieneaux, at Rec. Doc. 22242.  Frontier RV, Inc., is opposing that Motion as granting the Motion to Withdraw as Counsels' of Record would serve to disrupt the Deficiency process and to delay conclusion of the underlying proceeding. Frontier submits to the Court that based on the reasons detailed in this memorandum and those contained in its Opposition to Plaintiffs' Counsels' Motion to Withdraw as Counsels of Record, dismissal of Brion Scieneaux's claims is the proper remedy.

1

Request for Production of Documents.[2]  Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[3]  PTO No. 2 also provided deadlines for the completion of PFS as well as consequences for failure to meet those deadlines.[4]  PTO No. 2 was subsequently amended by PTO No. 32 ("PTO No. 32") regarding the issue of PFS.[5]  Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

## II.     LAW AND ARGUMENT

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[6]  Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[7]  Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

---

[2] *See* R. Doc. No. 87.
[3] *Id.* at pg. 7.
[4] *Id.* at pg. 8.
[5] *See* R. Doc. No. 1180.
[6] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).
[7] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

Scieneaux was named as a plaintiff in the underlying matter, *Brion Scieneaux, et al v. Frontier RV, Inc., et al,* which was filed in the Civil District Court for the Parish of Orleans, at Docket No. 09-5966. On July 22, 2009, Contractor Defendant, CH2M Hill Constructors, Inc., removed the matter to the Federal District Court for the Eastern District of Louisiana, where it became a part of this MDL and was assigned Docket No. 09-4462. Because Scieneaux was named as a plaintiff in this MDL on July 22, 2009, PTO No. 2, Section C, governs the submittal of Scieneaux's PFS. This section reads in relevant part:

> Each Plaintiff named in an action filed in or transferred in this MDL proceeding after the entry of this Order shall serve a completed and verified PFS (including all responsive documents and properly executed authorizations) upon Defendant's Liaison Counsel as designated above in III.B. within thirty (30) days from the date of transfer of such case… .

Note that PTO No. 32 extended the thirty (30) deadline established in PTO No. 2 to sixty (60) days. As such, in accordance with PTO Nos. 2 and 32, the deadline for Scieneaux to serve a completed PFS upon defendants was August 21, 2009. Scieneaux failed to comply with the August 21, 2009 deadline.

On April 14, 2011, in compliance with PTO Nos. 2 and 32, defendant Frontier served Scieneaux, through his counsels of record Hugh Lambert and Linda Nelson, of the law firm of Lambert and Nelson with a Deficiency Letter.[8] The Deficiency Letter informed counsel of Scieneaux's failure to serve a completed PFS within the deadlines established in PTO Nos. 2 and 32, thus making his claims subject to dismissal with prejudice. The Deficiency Letter also afforded counsel the opportunity to satisfy the deficiency by submitting a completed PFS for Scieneaux, along with the date of the PFS original production and the title of the CD. Instead of responding to Frontier's Deficiency Letter, Lambert and Nelson filed a Motion to Withdraw as

---

[8] *See* Exhibit "A", Scieneaux Deficiency Letter.

3

Counsels' of Record for Scieneaux.[9] The Motion to Withdraw, to which Frontier filed a Memorandum in Opposition to on this date, is currently pending before the Court.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Frontier must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, Frontier is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against Frontier by dismissing the claims of this plaintiff, *with prejudice*.

### III.   CONCLUSION

As established above, plaintiff, Brion Scieneaux, has not submitted a completed PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Frontier RV, Inc. should be granted, dismissing the claims of the plaintiff, Brion Scieneaux, with prejudice.

---

[9] *See* R. Doc. No. 22242.

Respectfully submitted,

*/s/ Kelly M. Morton*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Frontier RV, Inc.
Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

*/s/ Kelly M. Morton*
KELLY M. MORTON, Bar No. 30645