# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| | * | Magistrate: Chasez |

*Arlene Anna Maria Blanchard, et al v. Crum & Forster Specialty Insurance, et al, 10-3944*

*************************************************************************

## MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS #2 and #32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Unopposed Motion To Dismiss for Failure to Comply With Pre-Trial Orders #2 and #32 relating to Plaintiff Fact Sheets.

I.     Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  Pursuant to the Court's Pre-Trial Order No. 2, in June 2011, counsel for Mover wrote individual notices to Plaintiff counsel indicated that Plaintiff Fact Sheets had not been located for

Plaintiffs **Arlene Blanchard, Adam Cabrera, Darlene Thedy on behalf of R.T, Darlene Thedy on behalf of E.T., and Diane Lynn Thedy,** in this matter.

Counsel for Plaintiff responded on July 8, 2011 by providing Mover with the Plaintiff Fact Sheets of six individuals not subject to this Motion and a list of plaintiffs for whom plaintiff counsel does not have Plaintiff Fact Sheets, including Plaintiffs **Arlene Blanchard, Adam Cabrera, Darlene Thedy on behalf of E.T., and Diane Lynn Thedy** (Exhibit "A".)[2]   Counsel for Plaintiff agreed that the minor R.T. also had no plaintiff fact sheet and consented to his dismissal via subsequent email.  See Exhibit "B".

## II.   Law and Argument:

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[3] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[4]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the

---

[2] Darlene Thedy filed suit on behalf of minor E.T. whose full name is identified in "Exhibit A".  The minor child's name has been redacted from "Exhibit A".

[3] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.

[4] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced. Where plaintiffs do not provide a Plaintiff Fact Sheet – in essence failing to respond to discovery - there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that all plaintiffs in this MDL complete a Plaintiff Fact Sheet. This particular motion is unopposed, as the plaintiffs involved never completed Plaintiff Fact Sheets. Therefore, in accordance with the Court's Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of the Plaintiffs **Arlene Blanchard, Adam Cabrera, Darlene Thedy on behalf of R.T, Darlene Thedy**

**on behalf of E.T., and Diane Lynn Thedy,** with prejudice for failure to cooperate in the discovery process.

For these reasons, Mover prays that the claims in the above-captioned matter of plaintiffs **Arlene Blanchard, Adam Cabrera, Darlene Thedy on behalf of R.T, Darlene Thedy on behalf of E.T., and Diane Lynn Thedy,** be dismissed with prejudice.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS  10th   DAY OF   August  , 2011..
       /s Eric B. Berger

____/s Eric B. Berger__
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290