UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N" MAG. 5 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGLEHARDT |
| Damien Dillon, et al. v. Forest River, Inc., et al., | * | |
| Civil Action No. 09-3557; and | * | MAG. JUDGE CHASEZ |
| Latasha Jones-Dillon on behalf of Miljeanee | * | |
| Crowley, et al., v. Forest River, Inc., et al., | * | |
| Civil Action No. 09-5494 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' COUNSELS' MOTION TO WITHDRAW AS COUNSEL FOR CERTAIN PLAINTIFFS

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") moves this Honorable Court for an Order denying Plaintiffs' Counsels' Motion to Withdraw as Counsel for Certain Plaintiffs, listed below, because the claims for these plaintiffs are ripe for dismissal for failure to cure deficiencies in their Plaintiff Fact Sheets ("PFS") required by Pre-Trial Order Nos. 2 and 32. Further, the withdrawal as counsel for the below listed plaintiffs will disrupt and delay the proceedings associated with their claims. Such withdrawal would also be fundamentally unfair and unduly prejudicial to Forest River. Forest River has filed a separate Motion to Dismiss the claims of the below listed plaintiffs this day. Accordingly, Forest River petitions the Court to deny the Motion to Withdraw and suggests that the dismissal of these plaintiffs' claims is the proper remedy. The plaintiffs addressed in this Memorandum in Support of Opposition include:

Damien Dillon

Sabrina Dillon

Greggionte Jones

Latasha Jones-Dillon

Latasha Jones-Dillon on behalf of Miljanee Cowley[1]

Latasha Jones-Dillon on behalf of Edward Smith

## I.    FACTUAL BACKGROUND

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the PFS, which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format.[2] The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs.[3] Because of the large number of cases being filed in the

---

[1] Spelled "Miljeanee" in the complaint and in the PFS.
[2] Rec. Doc. No. 87.
[3] Rec. Doc. No. 1180.

summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

With regard to plaintiffs Damien Dillon, Sabrina Dillon and Greggionte Jones and Latasha Jones-Dillon, Forest River sent its Deficiency Letters on May 2, 2011 to Plaintiff's Counsel pursuant to PTO 2 and 32 indicating no PFS had been received for these plaintiffs.[4] As discussed in detail in Forest River's Motion to Dismiss filed on this date, plaintiffs' counsel provided copies of PFSs in response to that deficiency letter that are still deficient and contain no PFS certifications signed by the plaintiffs. On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in communicating with their clients, therefore, a Motion to Withdraw as Counsel of Record is in process.[5]

With regard to plaintiffs Miljanee Cowley and Edward Smith, both represented by Latasha Jones-Dillon, Forest River received PFSs from the Becnel Law Firm, LLC on December 30, 2009 that are discussed in detail in Forest River's Motion to Dismiss filed on this date. Forest River sent the Becnel Law Firm its Deficiency Letters on April 6, 2011 pursuant to PTO 2 and 32 identifying deficiencies with these PFSs.[6] No responses to Forest River's April 6, 2011 Deficiency Letters curing such deficiencies were ever received, such deficiencies have not been cured and there are no PFS certifications signed by the representative for these plaintiffs. On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in

---

[4] See Exhibit "A" – May 2, 2011, Forest River's Deficiency Letter
[5] See Exhibit "B" - July 8, 2011, Lambert & Nelson, PLC Letters in Globo
[6] See Exhibit "C" – Forest River's April 6, 2011 Deficiency Letter

communicating with their clients, therefore, a Motion to Withdraw as Counsel of Record is in process.[7]

## II.   LAW AND ARGUMENT

Plaintiffs' Counsel for the above listed plaintiffs that sued Forest River have recently moved this Court to allow them to withdraw as counsel of record for these plaintiffs.[8] Plaintiffs' Counsel clearly state that they have been unable to get in touch with the plaintiffs listed above "in an effort to obtain information to complete his [or her] Plaintiff Fact Sheet……"[9] Further, Plaintiffs' Counsel provide a list all of their attempts to contact the plaintiffs listed above in efforts to obtain information to complete their PFSs with no success.[10]

"As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of a client. The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court."[11] "In considering motions to withdraw as counsel, courts take into account factors such as the reasons why withdrawal is sought, the prejudice withdrawal may cause to the litigants, the delay in the resolution of the case which would result from withdrawal, and the effect of withdrawal of the efficient administration of justice."[12] "A court may also consider the effect of withdrawal on communications between the litigants and the Court."[13]

---

[7] See Exhibit "B" - July 8, 2011, Lambert & Nelson, PLC Letters in Globo
[8] See Exhibit "D" - Plaintiffs' Counsels' Motion to Withdraw as Counsels' of Record, R. Doc. 22241
[9] See Exhibit "E" - Plaintiffs' Counsels' Memorandum in Support of Motion to Withdraw as Counsels' of Record, R. Doc. 22241-1
[10] Id.
[11] *Laster, et al v. District of Columbia, et al* 460 F.Supp.2d 111, 113 (D.D.C. 2006); *See* also Local Civil Rule 83.2.11.
[12] *Rusinow v. Kamara,* 920 F. Supp. 69, 71 (D.N.J. 1996); *Chester v. The May Department Store Co.,* 2000 WL 12896 *1 (E.D. Pa. Jan. 7, 2000).
[13] *Ohntrup v. Firearma Center, Inc.,* 802 F.2d 676, 679 (3rd Cir. 1986).

As discussed above, Defendant Forest River sent out PFS Deficiency Letters in April and May 2011 and did not receive responses to those Deficiency Letters that either cured the noted deficiencies within the required time frame or provided substantially complete PFSs. Additionally, as noted in the correspondence attached as Exhibit B hereto and the Plaintiffs' Counsels' Memorandum in Support of Motion to Withdraw, Plaintiffs' Counsel have been unable to locate any of these plaintiffs to obtain information necessary to complete their PFSs. It is clear that the PFSs for the plaintiffs listed above were not cured by the thirty (30) day deadline set forth in PTOs 2 and 32 and, knowing that motions to dismiss are soon to follow, Plaintiffs' Counsel are attempting to preemptively withdraw from representation of the above listed plaintiffs before such motions to dismiss are filed.

Granting Plaintiffs' Counsel's Motion to Withdraw would be fundamentally unfair to Forest River. If the Court grants the Plaintiffs' Counsels' Motion to Withdraw, it will put Forest River in the exact same position that the Plaintiffs' Counsel are in currently, which is fundamentally unfair. The burden of maintaining contact with these plaintiffs would be shifted to Forest River who would be put in the position of attempting to locate these plaintiffs to serve them with PFS deficiencies, motions and notices; a task that their own counsel have unable to accomplish. Despite the fact that these plaintiffs have sued Forest River and have an obligation to communicate with their counsel regarding such law suits, granting Plaintiffs' Counsel's Motion to Withdraw would put Forest River in an unfair and untenable position.

Granting Plaintiffs' Counsel's Motion to Withdraw would unduly prejudice Forest River. These plaintiffs have failed to maintain regular contact with the Counsel they retained to represent them in these matters. Similarly, Forest River would experience the same difficulty in

making Court mandated contact with these plaintiffs. In particular, Forest River, as the opposing party would likely find it impossible to effect service of process of pertinent filings and notices as required by the Federal Rules of Civil Procedure on these plaintiffs whose own counsel have documented evidence of these plaintiffs' unwillingness to maintain communication. For these reasons, Forest River submits that granting Counsel's Motion to Withdraw would unduly prejudice Forest River and other similarly situated Defendants.

Granting Plaintiffs' Counsel's Motion to Withdraw would cause unnecessary delay the resolution of these proceedings. As documented above, these plaintiffs are not in compliance with the requirements of PTOs 2 and 32 regarding PFSs. Forest River has filed on this date a Motion to Dismiss the claims of these plaintiffs for failure to comply with PTOs 2 and 32. If the Court were to grant Plaintiffs' Counsels' Motion to Withdraw, Forest River will have to undertake the additional steps of Amending its Motion to Dismiss to reflect that each of the above listed plaintiffs are now pro-se plaintiffs, set the matters for hearing, and attempt to serve these plaintiffs with notice of the hearings in this matter as required by the Federal Rules of Civil Procedure. These additional steps will surely serve to unduly delay the resolution of these proceedings.

Granting Plaintiffs' Counsel's Motion to Withdraw would interfere with this Court's efficient administration of justice. It is clear that granting Plaintiffs' Counsels' Motion to Withdraw would serve to delay the resolution of these matters. As a result, allowing Plaintiffs' Counsel to Withdraw their representation will likewise negatively affect this Court's efficient administration of justice as it pertains to these plaintiffs and other similarly situated plaintiffs in this MDL. Because Plaintiffs' Counsel cannot communicate with and obtain the information

6

from these plaintiffs to complete their PFSs, allowing these Plaintiffs' Counsel to withdraw their representation of these plaintiffs would open the floodgates for all Plaintiffs' Counsel to withdraw their representation for those other plaintiffs who have uncured PFS deficiencies in this MDL and avoid having to oppose the many Motions to Dismiss that are on the cusp of being filed by the rest of the Defendants in this MDL. Should this occur, the Court, along with the other effected Defendants, would have the unduly burdensome task of dealing with potentially hundreds, if not thousands, of pro-se plaintiffs, which will no doubt negatively impact this Court's efficient administration of justice as it pertains to these plaintiffs and similarly situated plaintiffs in this MDL.

Rather than simply oppose Plaintiffs' Counsels' motion to withdraw from their representation of the plaintiffs listed above and risk having to undergo the burdens discussed above, Forest River has filed this day a Motion to Dismiss these same plaintiffs for failure to comply with the PTOs 2 and 32 requirements for PFSs based in part on the very same reasons set forth in Plaintiffs' Counsels' correspondence and Memorandum in Support of Motion to Withdraw. Forest River suggests that the dismissal of these plaintiffs' claims is the proper remedy rather than allowing Plaintiffs' Counsel to withdraw their representation.

### III.     CONCLUSION

As fully set forth above, granting Plaintiffs' Counsels' Motion to Withdraw as Counsels of Record would be fundamentally unfair and unduly prejudicial to Forest River, would cause unnecessary delay in the resolution of these proceedings, and negatively affect this Courts' efficient administration of justice in these matters and those other similarly situated matters in this MDL. Therefore, Plaintiffs' Counsels' Motion to Withdraw as Counsels of Record for

Certain Plaintiffs listed above should be denied and, instead, the claims of these plaintiffs should be Dismissed for the reasons cited above and in Forest River, Inc.'s concurrently filed Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 regarding Plaintiff Fact Sheets.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
JOHN E.W. BAAY II (22928)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
**ATTORNEYS FOR FOREST RIVER, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on August 12, 2011 via electronic filing.

/s/ Ernest P. Gieger, Jr.