## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N" MAG. 5 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGLEHARDT |
| Damien Dillon, et al. v. Forest River, Inc., et al., | * | |
| Civil Action No. 09-3557; and | * | MAG. JUDGE CHASEZ |
| Latasha Jones-Dillon on behalf of Miljeanee | * | |
| Crowley, et al., v. Forest River, Inc., et al., | * | |
| Civil Action No. 09-5494 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") moves this Honorable Court for an Order granting Forest River's Motion to dismiss the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets ("PFS"). These plaintiffs include:

Damien Dillon

Sabrina Dillon

Greggionte Jones

Latasha Jones-Dillon

Latasha Jones-Dillon on behalf of Miljanee Cowley[1]

Latasha Jones-Dillon on behalf of Edward Smith

---

[1] Spelled "Miljeanee" in the complaint and in the PFS.

## I.     FACTUAL BACKGROUND

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the PFS, which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format.[2] The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter was to specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

The plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

---

[2] Rec. Doc. No. 87.

## II.     LAW AND ARGUMENT

Here, Forest River respectfully submits that the plaintiffs identified above have failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[3]

As discussed in more detail below, Forest River received a PFS for two of the above listed plaintiffs prior to the deficiency process and the other four were received after deficiency letters went out indicating that no PFS had been previously received. Copies of these Deficiency Letters sent to counsel for each of the plaintiffs listed above on April 6 and May 2, 2011, are attached hereto as "Exhibit A," in globo. The deficient PFSs that are the subject of this motion are attached hereto as "Exhibit B," in globo. Forest River received responses from plaintiffs' counsel for some of the plaintiffs, which are attached hereto as "Exhibit C," in globo. In some of

---

[3]     *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

the email responses included in Exhibit C, plaintiffs' counsel indicated that they had either disengaged from representation or were planning to withdraw from such representation.  Once the 23 items for PTO 88 had been agreed upon near the end of June 2011, Forest River sent out additional Deficiency Letters on June 29, 2011 outlining PFS deficiencies in addition to those identified in the April/May 2011 Deficiency Letters, which are attached hereto as "Exhibit D," in globo.  Finally, Forest River received letters from some of the plaintiffs' counsel indicating their intent to file a motion to withdraw as counsel for certain plaintiffs, which are attached hereto as "Exhibit E," in globo.

With regard to plaintiffs Damien Dillon, Sabrina Dillon, Greggionte Jones and Latasha Jones-Dillon, plaintiffs' counsel were sent a letter from Forest River indicating that no PFS had been previously received and they provided Forest River with a PFS for the first time in response to that letter.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[4]  Subsequent to the above noted Deficiency Letters and correspondence related thereto, Plaintiffs' Counsel have filed a Motion to Withdraw as Counsel for Certain Plaintiffs, including those listed above, and in their Memorandum in Support of Motion to Withdraw, Plaintiffs' Counsel have represented that they have been unable to get in touch with the plaintiffs listed above "in an effort to obtain information to complete his

---

[4] See Exhibit "F" – May 13, 2011 Committees' Status Conference Transcript

[or her] Plaintiff Fact Sheet……" and provide a list all of their attempts to contact each of the plaintiffs listed above in efforts to obtain information to complete their PFSs with no success.[5]

Specifically, with regard to plaintiff *Damien Dillon*, Forest River sent its Deficiency Letter on May 2, 2011 to Plaintiff's Counsel pursuant to PTO 2 and 32 indicating no PFS had been received for this plaintiff (Exhibit A). On June 1, 2011 Forest River received an initial PFS and an Amendment to the PFS (Exhibit B) via email from Lambert & Nelson, PLC (Exhibit C) and such email indicated the PFS had previously been submitted to Defense Counsel on or about July 2, 2009. Forest River has confirmed that it has no record of receiving a PFS for this plaintiff before June 1, 2011. In that same email, Lambert & Nelson, PLC advised that Plaintiff was disengaged as clients by that firm and the Becnel Law Firm on March 5, 2010 (Exhibit C). That PFS and amendment only contained the Plaintiff's Name (II.A), Attorney Name (III.B), Manufacturer (V.A.1), VIN # (V.A.2), Barcode (V.A.4) and Installation Address (V.A.8).[6] With respect to PTO 88, only 6 of the 23 required questions have been answered. Additionally, there is no PFS certification signed by the plaintiff, as specifically required by PTOs 2 and 88 (Exhibit B). On June 16, 2011, Forest River received another PFS and an Errata Sheet from the Buzbee Law Firm (Exhibit B). This PFS and Errata Sheet only contained the same six items, as noted above.

On June 29, 2011, Forest River sent Lambert & Nelson, PLC a deficiency letter indicating additional PFS deficiencies associated with the PFS received on June 1, 2011 (Exhibit D). On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in

---

[5] See Exhibit "G" - Plaintiffs' Counsels' Memorandum in Support of Motion to Withdraw as Counsels' of Record, R. Doc. 22241-1
[6] Out of the 121 questions to be answered in the PFS, Damien Dillon left 115 of them blank.

communicating with their client, therefore, a Motion to Withdraw as Counsel of Record is in process (Exhibit E). Notwithstanding the above noted correspondence, Forest River's June 29, 2011 Deficiency Letter was unnecessary for this plaintiff because of the Court's position at the May 13, 2011 Committees' Status Conference and this plaintiff's PFS being received for the first time on June 1, 2011 in response to Forest River's Deficiency Letter. Thus, this plaintiff's PFS must stand on its own. It still remains grossly deficient. Further, because plaintiff's counsel has not been able to reach this plaintiff to obtain information necessary to cure this plaintiff's PFS deficiencies, the PFS will never get cured.[7]

Specifically, with regard to plaintiff *Sabrina Dillon*, Forest River sent its Deficiency Letter on May 2, 2011 to Plaintiff's Counsel pursuant to PTO 2 and 32 indicating no PFS had been received for this plaintiff (Exhibit A). On June 1, 2011 Forest River received an initial PFS and an Amendment to the PFS (Exhibit B) via email from Lambert & Nelson, PLC (Exhibit C) and such email indicated the PFS had previously been submitted to Defense Counsel on or about July 2, 2009. Forest River has confirmed that it has no record of receiving a PFS for this plaintiff before June 1, 2011. In that same email, Lambert & Nelson, PLC advised that Plaintiff was disengaged as clients by that firm and the Becnel Law Firm on March 5, 2010 (Exhibit C). That PFS and amendment only contained the Plaintiff's Name (II.A), Attorney Name (III.B), Manufacturer (V.A.1), VIN # (V.A.2), Barcode (V.A.4) and Installation Address (V.A.8).[8] With respect to PTO 88, only 6 of the 23 required questions have been answered. Additionally, there

---

[7] Plaintiffs' Counsel have filed a Motion to Withdraw as Counsels' of Record (Exhibit G hereto) for this plaintiff and all of the other plaintiffs addressed in this motion. That Motion to Withdraw, to which Forest River has filed a Memorandum in Opposition on this date, is currently pending before the Court.

[8] Out of the 121 questions to be answered in the PFS, this Sabrina Dillon left 115 of them blank.

is no PFS certification signed by the plaintiff, as specifically required by PTOs 2 and 88 (Exhibit B).

On June 29, 2011, Forest River sent Lambert & Nelson, PLC a deficiency letter indicating additional PFS deficiencies associated with the PFS received on June 1, 2011(Exhibit D). On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in communicating with their client, therefore, a Motion to Withdraw as Counsel of Record is in process (Exhibit E). Notwithstanding the above noted correspondence, Forest River's June 29, 2011 Deficiency Letter was unnecessary for this plaintiff because of the Court's position at the May 13, 2011 Committees' Status Conference and this plaintiff's PFS being received for the first time on June 1, 2011 in response to Forest River's Deficiency Letter. Thus, this plaintiff's PFS must stand on its own. It still remains grossly deficient. Further, because plaintiff's counsel has not been able to reach this plaintiff to obtain information necessary to cure this plaintiff's PFS deficiencies, the PFS will never get cured.

Specifically, with regard to plaintiff *Greggionte Jones*, Forest River sent its Deficiency Letter on May 2, 2011 to Plaintiff's Counsel pursuant to PTO 2 and 32 indicating no PFS had been received for this plaintiff (Exhibit A). On June 1, 2011 Forest River received an initial PFS and an Amendment to the PFS (Exhibit B) via email from Lambert & Nelson, PLC (Exhibit C) and such email indicated the PFS had previously been submitted to Defense Counsel on or about July 2, 2009. Forest River has confirmed that it has no record of receiving a PFS for this plaintiff before June 1, 2011. In that same email, Lambert & Nelson, PLC advised that Plaintiff was disengaged as clients by that firm and the Becnel Law Firm on March 5, 2010 (Exhibit C). That PFS and amendment only contained the Plaintiff's Name (II.A), Attorney Name (III.B),

7

Manufacturer (V.A.1), VIN # (V.A.2), Barcode (V.A.4) and Installation Address (V.A.8).[9]  With respect to PTO 88, only 6 of the 23 required questions have been answered. Additionally, there is no PFS certification signed by the plaintiff, as specifically required by PTOs 2 and 88 (Exhibit B).  On June 16, 2011, Forest River received another PFS and an Errata Sheet from the Buzbee Law Firm (Exhibit B).  This PFS and Errata Sheet only contained the same six items, as noted above.

On June 29, 2011, Forest River sent Lambert & Nelson, PLC a deficiency letter indicating additional PFS deficiencies associated with the PFS received on June 1, 2011 (Exhibit D).  On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in communicating with their client, therefore, a Motion to Withdraw as Counsel of Record is in process (Exhibit E).  Notwithstanding the above noted correspondence, Forest River's June 29, 2011 Deficiency Letter was unnecessary for this plaintiff because of the Court's position at the May 13, 2011 Committees' Status Conference and this plaintiff's PFS being received for the first time on June 1, 2011 in response to Forest River's Deficiency Letter.  Thus, this plaintiff's PFS must stand on its own.  It still remains grossly deficient.  Further, because plaintiff's counsel have not been able to reach this plaintiff to obtain information necessary to cure this plaintiff's PFS deficiencies, the PFS will never get cured.

Specifically, with regard to plaintiff *Latasha Jones-Dillon*, Forest River sent its Deficiency Letter on May 2, 2011 to Plaintiff's Counsel pursuant to PTO 2 and 32 indicating no PFS had been received for this plaintiff (Exhibit A).  On June 1, 2011 Forest River received an initial PFS and an Amendment to the PFS (Exhibit B) via email from Lambert & Nelson, PLC

---

[9] Out of the 121 questions to be answered in the PFS, Greggionte Jones left 115 of them blank.

(Exhibit C) and such email indicated the PFS had previously been submitted to Defense Counsel on or about July 2, 2009. Forest River has confirmed that it has no record of receiving a PFS for this plaintiff before June 1, 2011.  In that same email, Lambert & Nelson, PLC advised that Plaintiff was disengaged as clients by that firm and the Becnel Law Firm on March 5, 2010 (Exhibit C). That PFS only contained the Plaintiff's Name (II.A), Attorney Name (III.B), Manufacturer (V.A.1), VIN # (V.A.2), Barcode (V.A.4) and Installation Address (V.A.8).[10] With respect to PTO 88, only 6 of the 23 required questions have been answered. Additionally, there is no PFS certification signed by the plaintiff, as specifically required by PTOs 2 and 88 (Exhibit B).

On June 29, 2011, Forest River sent Lambert & Nelson, PLC a deficiency letter indicating additional PFS deficiencies associated with the PFS received on June 1, 2011 (Exhibit D).  On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in communicating with their client, therefore, a Motion to Withdraw as Counsel of Record is in process (Exhibit E).  Notwithstanding the above noted correspondence, Forest River's June 29, 2011 Deficiency Letter was unnecessary for this plaintiff because of the Court's position at the May 13, 2011 Committees' Status Conference and this plaintiff's PFS being received for the first time on June 1, 2011 in response to Forest River's Deficiency Letter.  Thus, this plaintiff's PFS must stand on its own.  It still remains grossly deficient.  Further, because plaintiff's counsel has not been able to reach this plaintiff to obtain information necessary to cure this plaintiff's PFS deficiencies, the PFS will never get cured.

---

[10] Out of the 121 questions to be answered in the PFS, Latasha Jones-Dillon left 115 of them blank.

Specifically, with regard to plaintiff *Miljanee Cowley*, a minor who is represented by Latasha Jones-Dillon, her first name is actually spelled "Miljeanee" in the complaint and on her PFS.  Forest River received a PFS from the Becnel Law Firm, LLC on December 30, 2009 (Exhibit B) that only contained the Plaintiff's Name (II.A), Attorney Name (III.B), Date of Birth (IV.C), Manufacturer (V.A.1), VIN # (V.A.2), Barcode (V.A.4) and Installation Address (V.A.8).[11]  With respect to PTO 88, only 7 of the 23 required questions have been answered. Additionally, there is no PFS certification signed by the representative for this plaintiff, as specifically required by PTOs 2 and 88 (Exhibit B).   On April 6, 2011, Forest River sent the Becnel Law Firm its Deficiency Letter pursuant to PTO 2 and 32 identifying deficiencies with the PFS (Exhibit A).  On May 6, 2011, Forest River received a letter from the Becnel Law Firm advising that Lambert & Nelson, PLC are in possession of Plaintiff's PFS (Exhibit C) but no response to Forest River's April 6, 2011 Deficiency letter curing any of the noted deficiencies was ever received.  On June 29, 2011, Forest River sent Lambert & Nelson, PLC a deficiency letter indicating additional PFS deficiencies in addition to those identified in the Initial Deficiency Letter (Exhibit D).

On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in communicating with their client, therefore, a Motion to Withdraw as Counsel of Record is in process (Exhibit E). Notwithstanding Forest River's June 29, 2011 Deficiency Letter, the PFS deficiencies noted in the April 6, 2011 Deficiency Letter for this plaintiff were not cured within the thirty (30) day time frame and remain uncured to date. As of the date of the hearing set for this motion, the deficiencies noted in Forest River's June 29, 2011 Deficiency Letter will not be

---

[11] Out of the 121 questions to be answered in the PFS, Miljanee or "Miljeanee" Cowley left 114 of them blank.

cured within the 60 days allowed by PTO 88. Based on the representations of Plaintiffs' Counsel in their Memorandum in Support of Motion to Withdraw as Counsel for Certain Plaintiffs with regard to their inability to communicate with the above plaintiff, none of the deficiencies noted in any of Forest River's Deficiency Letters for this plaintiff will ever be cured.

Specifically, with regard to plaintiff *Edward Smith*, a minor who is represented by Latasha Jones-Dillon, Forest River received a PFS from the Becnel Law Firm, LLC on December 30, 2009 (Exhibit B) that only contained the Plaintiff's Name (II.A), Attorney Name (III.B), Date of Birth (IV.C), Manufacturer (V.A.1), VIN # (V.A.2), Barcode (V.A.4) and Installation Address (V.A.8).[12] With respect to PTO 88, only 7 of the 23 required questions have been answered. Additionally, there is no PFS certification signed by the representative for this plaintiff, as specifically required by PTOs 2 and 88 (Exhibit B). On April 6, 2011, Forest River sent the Becnel Law Firm its Deficiency Letter pursuant to PTO 2 and 32 identifying deficiencies with the PFS (Exhibit A). On May 6, 2011, Forest River received a letter from the Becnel Law Firm advising that Lambert & Nelson, PLC are in possession of Plaintiff's PFS (Exhibit C) but no response to Forest River's April 6, 2011 Deficiency letter curing any of the noted deficiencies was ever received. On June 29, 2011, Forest River sent Lambert & Nelson, PLC a deficiency letter indicating PFS deficiencies in addition to those identified in the Initial Deficiency Letter (Exhibit D).

On July 8, 2011, Lambert & Nelson, PLC advised that their office has been unsuccessful in communicating with their client, therefore, a Motion to Withdraw as Counsel of Record is in process (Exhibit E). Notwithstanding Forest River's June 29, 2011 Deficiency Letter, the PFS

---

[12] Out of the 121 questions to be answered in the PFS, Edward Smith left 114 of them blank.

deficiencies noted in the April 6, 2011 Deficiency Letter for this plaintiff were not cured within the thirty (30) day time frame and remain uncured to date. As of the date of the hearing set for this motion, the deficiencies noted in Forest River's June 29, 2011 Deficiency Letter will not be cured within the 60 days allowed by PTO 88. Based on the representations of Plaintiffs' Counsel in their Memorandum in Support of Motion to Withdraw as Counsel for Certain Plaintiffs with regard to their inability to communicate with the above plaintiff, none of the deficiencies noted in any of Forest River's Deficiency Letters for this plaintiff will ever be cured.

Based on these deficiencies, plaintiffs' failure to cure them and plaintiffs' counsel's inability to make contact with the above listed plaintiffs, as clearly set forth in Plaintiffs' Counsels' Memorandum in Support of Motion to Withdraw, Forest River moves for an Order dismissing the claims brought by each of these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it.

The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. Without this simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Indeed, Plaintiffs' Counsel themselves recognize the merit of Forest River's position, as evidenced in their Memorandum in Support of Motion to Withdraw. In accordance with Pre-Trial Orders 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), Forest

River's Motion to Dismiss should be granted, dismissing all claims of the above listed plaintiffs, with prejudice.

                                        Respectfully Submitted,

                                        **GIEGER, LABORDE & LAPEROUSE, LLC**

                                        BY: /s/ Ernest P. Gieger, Jr.
                                        ERNEST P. GIEGER, JR. (6154)
                                        JOHN E.W. BAAY II (22928)
                                        J. MICHAEL DIGIGLIA (24378)
                                        GIEGER, LABORDE & LAPEROUSE, L.L.C.
                                        One Shell Square
                                        701 Poydras Street, Suite 4800
                                        New Orleans, Louisiana  70139-4800
                                        Telephone:  (504) 561-0400
                                        Facsimile:  (504) 561-1011
                                        **ATTORNEYS FOR FOREST RIVER, INC.**

## CERTIFICATE OF SERVICE

     I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record in accordance with the Federal Rules of Civil Procedure on August 12, 2011 via electronic filing.

                                          /s/ Ernest P. Gieger, Jr.