UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N"(5) |
| THIS DOCUMENT RELATES TO:   09-4462 | * | |
| Brion Scieneaux, et al. vs. Frontier RV, Inc., et al. | * | JUDGE ENGELHARDT |
| *Relates to Plaintiff, Brion Scieneaux* | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION TO DEFENDANT, FRONTIER RV, INC.'S
MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER
NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Brion Scieneaux, who offers the following memorandum in opposition to Defendant, Frontier RV, Inc.'s Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 relating to Plaintiff Fact Sheets (Rec. Doc. 22370):

**I.  INTRODUCTION**

Defendant alleges that Plaintiff, Brion Scieneaux, has failed to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets (PFS) and dismissal of his claim is the proper remedy.  Plaintiff asserts that dismissal of his claim is not the proper remedy.

**II.  FACTUAL BACKGROUND**

On August 7, 2009, the PSC's Formaldehyde Claims Office sent Plaintiff's PFS to Defendants' Liaison Counsel on a compact disc labeled "Frontier RV, Inc."  Counsel for Plaintiff, Lambert & Nelson, PLC, was not provided with a copy of this original PFS.  On April 25, 2011, Plaintiff's Counsel in response to Defendant's deficiency notice notified Defendant of the date of Plaintiff's original PFS submission and the label on the compact

disc.  After correspondence between Plaintiff's Counsel and Defendant, Plaintiff's Counsel notified Defendant on June 2, 2011, that they were not in possession of a copy of Plaintiff's PFS and were attempting to locate a copy of the original PFS and contact the Plaintiff.

After unsuccessful attempts to locate the original PFS and numerous unsuccessful attempts to contact Plaintiff (*See,* Rec. Doc. 22242-1, paragraph 8 attached hereto as Exhibit A), Plaintiff's Counsel notified Plaintiff of the potential dismissal of his claim and their intent to withdraw from representation.  *See,* Exhibit B.  As early as June 30, 2011, Defendant was notified of Plaintiff's Counsel intent to withdraw, yet did not file a motion to dismiss Plaintiff's claims until after Plaintiff's Counsels' Motion to Withdraw (Rec. Doc. 22242) was filed on July 27, 2011.  Thus, Plaintiff's Counsels' Motion to Withdraw and Defendant's Motion to Dismiss are scheduled for hearing on the same day, August 24, 2011.

### III.  LAW AND ARGUMENT

Defendant claims that according to Federal Rule of Civil Procedure 41(b), dismissal is justified. However, dismissal "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice." *Wren v. American Cast Iron Pipe*, 575 F.2d 544, 546 (5th Cir. 1992).  In the instant case, there is no clear record of delay or contumacious conduct.  Plaintiff's PFS was originally sent to Defendants' Liaison Counsel on August 7, 2009, by the PSC's Formaldehyde Claims Office.  Also, Plaintiff is clearly matched with Defendant, Frontier RV, Inc., by FEMA.  *See* Exhibit C.  Additionally, Plaintiff's Counsel has made numerous attempts to contact Plaintiff to obtain further information.  *See,* Rec. Doc. 22242-1, paragraph 8 attached hereto as Exhibit A.

There has been no contumacious conduct but a dutiful attempt by Plaintiff's Counsel to submit Plaintiff's PFS and to secure additional information.  Plaintiff's claim has not been set for trial and there is no scheduling order governing his claim. Defendant has suffered no prejudice and cannot show any prejudice.  Furthermore, to dismiss Plaintiff's claim while his Counsels' Motion to Withdraw is pending would not allow Plaintiff time to obtain new counsel or notify defendants of his intent to represent himself *pro se*.  For these reasons, dismissal is not justified under Federal Rule of Civil Procedure 41(b) or under the prior orders of this Court.

### IV.  **CONCLUSION**

If Plaintiff's claims are dismissed, Plaintiff will suffer extreme prejudice.  Defendant will suffer no undue harm or prejudice by a denial of their motion at this time.

Therefore, Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied pending this Honorable Court's determination regarding Plaintiff's Counsels' Motion to Withdraw.

> Respectfully submitted,
>
> */s/ Hugh P. Lambert*
> HUGH P. LAMBERT, ESQ. (LA Bar #7933)
> LAMBERT & NELSON, PLC
> 701 Magazine Street
> New Orleans, LA 70130
> Telephone: (504)581-1750
> Facsimile: (504)529-2931
> hlambert@lambertandnelson.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 17, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                                                     */s/Hugh P. Lambert*
                                                           HUGH P. LAMBERT, ESQ. (LA Bar #7933)