**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-4" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Tia Coleman v. Jayco Enterprises, Inc.* | * | |
| Docket No. 09-7314 | * | MAG. JUDGE CHASEZ |
| Plaintiffs:  Tia Coleman | * | |
| Ja Gillard | * | |
| Lynette Gillard | | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR**
**FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32**
**RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. and Jayco Enterprises, Inc. (collectively "the Jayco Defendants") and Fluor

Enterprises, Inc. move this Honorable Court for an Order dismissing the claims of the following

plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32

relating to the production of Plaintiff Fact Sheets:

- Tia Coleman (Plaintiff in *Coleman*, C.A. 09-7314)

- Ja Gillard (Plaintiff in *Coleman*, C.A. 09-7314)

- Lynette Gillard (Plaintiff in Coleman, C.A. 09-7314)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the

consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as

the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action

or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

The plaintiffs listed above filed *Coleman v. Jayco Enterprises, Inc.* on November 10, 2009. The Jayco Defendants sent correspondence to plaintiffs' counsel advising that the above mentioned plaintiffs failed to provide plaintiff fact sheets. (*See* correspondence to Counsel for plaintiff, April 14, 2011, attached as Exhibit "A") Counsel for the plaintiff responded by written confirmation that plaintiffs, Tia Coleman, Ja Gillard and Lynette Gillard, have not provided Plaintiff Fact Sheets. (*See* correspondence from Jennifer Crose at the Becnel Law Firm, counsel for the plaintiffs, to the undersigned, April 25, 2011, attached as Exhibit "B") Plaintiffs' counsel further stated that he/she had no opposition to the dismissal of these plaintiffs in accordance with this Honorable Court's previous Pre-Trial Orders.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, plaintiffs' counsel recognizes the merit of this position, as evidenced by their statement that they have no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that these plaintiffs, Tia Coleman, Ja Gillard and Lynette Gillard, be dismissed with prejudice.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
  THOMAS L. COUGILL
  Texas State Bar No. 04877300
  Louisiana State Bar No. 31112
  R. MARK WILLINGHAM
  Texas State Bar No. 21641500
  JEFFREY P. FULTZ
  Texas State Bar No. 00790728
  Mississippi Bar No. 101058
  Niels Esperson Building
  808 Travis Street, Suite 1608
  Houston, Texas  77002
  (713) 333-7600 – Telephone
  (713) 333-7601 – Facsimile

  **Attorneys for Jayco, Inc. and**
  **Jayco Enterprises, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By:   s/*Charles R. Penot, Jr.*
  Charles R. Penot, Jr. (La. Bar No. 1530 &
  Tx. Bar No. 24062455)
  717 North Harwood, Suite 2400
  Dallas, Texas 75201
  (214) 220-6334 – Telephone
  (214) 220-6807 – Facsimile

  *-and-*

4

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

*-and-*

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 17th day of August, 2011.

  s/*Thomas L. Cougill*
THOMAS L. COUGILL