## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Cedric Cushenberry v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8381* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### SUPPLEMENTAL AND SUPERSEDING MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Supplemental Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.  This Supplemental and Superseding Memorandum replaces Rec. Doc. No. 22243-1.  However, any references to Exhibits A – W herein refer to those attached to Rec. Doc. No. 22243.[1]  Exhibits X, Y, Z, and AA are attached hereto.

I.   Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide

---

[1] The Exhibits are found at Rec. Doc. No. 22243-3, -4, -5, -6, and -7.

the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues.  This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[2].  Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[3]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet.  Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[4]   The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[5]   These procedures were carried over into Pre-Trial Order No. 32.[6]

---

[2] See Rec. Doc. No. 87.
[3] See Rec. Doc. No. 87, page 7.
[4] See Rec. Doc. No. 87, page 8-9.
[5] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[6] See Rec. Doc. No. 1180, P.5.

II.   Law and Argument

1. Larry Mitchell's Plaintiff Fact Sheet is unsigned and undated.[7] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Larry Mitchell's Plaintiff Fact Sheet initially left 104 of them blank.[8] Plaintiff only provided his name and contact information.[9] The remainder of the Plaintiff Fact Sheet is entirely blank.[10] Counsel for Mover drafted a Rule 37 letter on August 10, 2010 to outline the deficiencies.[11] In response to Mover's Rule 37 letter, plaintiff sent an Errata Sheet dated September 9, 2010, that still left 83 blanks.[12] A second errata sheet supplied on July 28, 2011 resolved only three questions.[13]

Several "key" deficiencies remain. Plaintiff fails to provide his understanding of the illness or disease he claims to have developed, or may in the future develop, from living in a FEMA trailer or mobile home.[14] He does not indicate any conditions that were diagnosed by a physician.[15] He does not state whether he is making a claim for lost wages or the amount of his claim for medical expenses.[16] Plaintiff fails to state the average number of hours per day spent in the FEMA trailer.[17] He does not answer whether he has ever suffered lung or other respiratory disease or skin disease.

---

[7] See Exhibit A. [Rec. Doc. No. 22243-3]
[8] See Exhibit A. [Rec. Doc. No. 22243-3]
[9] See Exhibit A. [Rec. Doc. No. 22243-3]
[10] See Exhibit A. [Rec. Doc. No. 22243-3]
[11] See Exhibit B. [Rec. Doc. No. 22243-3]
[12] See Exhibit C. [Rec. Doc. No. 22243-3]
[13] See Exhibit X.
[14] See Exhibits A and C  [Rec. Doc. No. 22243-3] and X.
[15] See Exhibits A and C  [Rec. Doc. No. 22243-3] and X.
[16] See Exhibits A and C  [Rec. Doc. No. 22243-3] and X.
[17] See Exhibits A and C  [Rec. Doc. No. 22243-3] and X.

Plaintiff also fails to provide answers to other important questions. Plaintiff does not state whether he has been diagnosed with cancer since moving into the FEMA trailer.[18] He does not provide any education, employment or family history.[19] He fails to indicate the number of days per week he worked outside of the home during the time he lived therein or whether he ever temporarily lived elsewhere.[20] He also fails to state whether any air quality tests were ever performed.[21] He does not answer whether any health care professional has linked his alleged illness, disease, or injury to living in a FEMA trailer and does not identify any medical providers.[22]

The Plaintiff Fact Sheet for Larry Mitchell is incomplete, and dismissal is appropriate.

2. Keldrin James' Plaintiff Fact Sheet was cured by an amendment received on July 28, 2011, shortly after this motion was filed. Mover no longer seeks the dismissal of the claim of Keldrin James.

3. Charlie Givens' Plaintiff Fact Sheet was cured by an amendment received on July 28, 2011, shortly after this motion was filed. Mover no longer seeks the dismissal of the claim of Charlie Givens.

4. The Plaintiff Fact Sheets of Larry Mitchell on behalf of the minors L.M. and Q.L. were not signed or dated but were received on or about January 30, 2010.[23] Counsel for Mover reviewed them and deemed them insufficient. A Plaintiff Fact Sheet includes

---

[18] See Exhibits A and C [Rec. Doc. No. 22243-3] and X.
[19] See Exhibits A and C [Rec. Doc. No. 22243-3] and X.
[20] See Exhibits A and C [Rec. Doc. No. 22243-3] and X.
[21] See Exhibits A and C [Rec. Doc. No. 22243-3] and X.
[22] See Exhibits A and C [Rec. Doc. No. 22243-3] and X.
[23] See Exhibits K and L. [Rec. Doc. No. 22243-5]

121 questions to be answered. These minors' Plaintiff Fact Sheets each leave 113 of them blank.[24] In fact, plaintiff only listed the children's names and contact information along with a notation to refer to Larry Mitchell's Plaintiff Fact Sheet; the rest of the Plaintiff Fact Sheets for L.M. and Q.L. are entirely blank.[25] This is invalid; Mover cannot know what information on the representative's fact sheet applies to the children. In fact, Larry Mitchell's Fact Sheet, upon which Mover is told to rely, is largely blank other than his name and contact information, as discussed in section 1 above.[26] Counsel for Mover drafted a Rule 37 letter for L.M. on August 10, 2010[27] and for Q.L. on August 30, 2010 to outline the deficiencies.[28]

In response to Mover's Rule 37 letter, plaintiff sent an Errata sheet for Larry Mitchell on behalf of L.M., which still left 110 blanks, as discussed in Section 1 above.[29] A subsequent errata for L.M. and for Q.L. supplied to Mover on July 28, 2011 resolved only three questions, and the Fact sheets of these minors are still deficient.[30]

The deficiencies include: L.M. does not identify any symptoms he suffered.[31] The minors do not provide their dates of birth.[32] They do not answer whether they have ever suffered from lung or other respiratory disease or skin disease. Neither of them state what their understanding of the illness or disease they claim to have developed, or may in

---

[24] See Exhibits K and L. [Rec. Doc. No. 22243-5]
[25] See Exhibits K and L. [Rec. Doc. No. 22243-5]
[26] See Exhibit A. [Rec. Doc. No. 22243-3]
[27] See Exhibit M. [Rec. Doc. No. 22243-6]
[28] See Exhibit N. [Rec. Doc. No. 22243-6]
[29] See Exhibit O. [Rec. Doc. No. 22243-6]
[30] See Exhibits Y and Z.
[31] See Exhibit M and O [Rec. Doc. No. 22243-6] and Y.
[32] See Exhibits M, N, O and P. [Rec. Doc. No. 22243-6]

the future develop, from living in a FEMA trailer or mobile home.[33]  The Plaintiff Fact Sheets for Larry Mitchell on behalf of L.M. and Q.L. are incomplete, and dismissal is appropriate for various reasons.

5. Bryan Hebert's Plaintiff Fact Sheet is unsigned and undated.[34]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Bryan Hebert's Plaintiff Fact Sheet left 104 of them blank.[35]  Plaintiff provided only his name, address and telephone number.[36]  The rest of the Plaintiff Fact Sheet is almost entirely blank.[37]  Counsel for Mover drafted a Rule 37 letter on August, 6, 2010 to outline the deficiencies.[38]  In response to Mover's Rule 37 letter, plaintiff sent an Errata sheet, which still left 100 blanks.[39]  The Errata sheet provided only the manufacturer, VIN, Bar Code and physical address of the trailer.[40]

A subsequent errata provided by Plaintiff to Mover on July 28, 2011 resolved certain questions,[41] but still left a large number of "blanks" on this Plaintiff Fact Sheet:

Plaintiff provided a move-in date – in May, 2005, before Hurricane Katrina – and he provided no move-out date.[42]  The errata identified the symptoms he claims to have suffered, but Hebert has yet to answer whether the any pre-existing conditions were worsened.[43]  He fails to state the number of hours he spent in the trailer each day.[44]

---

[33] See Exhibits M, N, O and P. [Rec. Doc. No. 22243-6]
[34] See Exhibit Q. [Rec. Doc. No. 22243-6]
[35] See Exhibit Q. [Rec. Doc. No. 22243-6]
[36] See Exhibit Q. [Rec. Doc. No. 22243-6]
[37] See Exhibit Q. [Rec. Doc. No. 22243-6]
[38] See Exhibit R. [Rec. Doc. No. 22243-6]
[39] See Exhibit S. [Rec. Doc. No. 22243-6]
[40] See Exhibit S. [Rec. Doc. No. 22243-6]
[41] See Exhibit AA.
[42] See Exhibit AA.
[43] See Exhibits Q, S, [Rec. Doc. No. 22243-6], and AA.

Plaintiff does not state whether he has been diagnosed with cancer since moving into the FEMA trailer.[45] Plaintiff fails to state the number of days per week he worked outside of the home during the time he lived therein.[46] He has not stated why he moved out of the trailer.[47] He does not answer whether any health care professional has linked his alleged illness, disease, or injury to living in a FEMA trailer and does not identify any medical providers.[48] The Plaintiff Fact Sheet for Bryan Hebert is incomplete.

6. The Plaintiff Fact Sheet of Melissa James on behalf of K.S. was cured by an amendment received on July 28, 2011, shortly after this motion was filed. Mover no longer seeks the dismissal of the claim of K.S.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[49] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of

---

[44] See Exhibits Q, S, [Rec. Doc. No. 22243-6], and AA.
[45] See Exhibits Q, S, [Rec. Doc. No. 22243-6], and AA.
[46] See Exhibits Q, S, [Rec. Doc. No. 22243-6], and AA.
[47] See Exhibits Q, S, [Rec. Doc. No. 22243-6], and AA.
[48] See Exhibits Q, S, [Rec. Doc. No. 22243-6], and AA.
[49] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tx,* 981 F.2d 237, 242-243 (5th Cir., 1993).

justice."[50]    Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a completed discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete and cured Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure these fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the

---

[50] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Larry Mitchell, Larry Mitchell on behalf of L.M., Larry Mitchell on behalf of Q.L.,* and *Bryan Hebert*[51]*,* with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

    /s Eric B. Berger  
SIDNEY J. ANGELLE, #1002  
ERIC B. BERGER, #26196  
LOBMAN, CARNAHAN, BATT,  
ANGELLE & NADER  
400 POYDRAS STREET, SUITE 2300  
NEW ORLEANS, LOUISIANA  70130  
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS  15th  DAY OF   August  , 2011..  
    /s Eric B. Berger

---

[51] Mover no longer seeks the dismissal of the claims of Charles Givens, Keldrin James, o Melissa James o.b.o. K.S, due to amendments/errata to the Plaintiff Fact sheets following the filing of the original Motion to Dismiss, No. 22243.