UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| SECTION "N" (5) | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Gerard Hobden et al vs. Sunnybrook R.V., Inc., et. al.,* No. 09-7113 and | * | |
| *Joseph Carrier, et al. vs. SunnyBrook, R.V., Inc. et al.*, No. 10-1305 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFFS' SUR-RESPONSE TO DEFENDANT'S REPLY

COME NOW Chanda Meadows, Donna Meadows and Hannah Pyron (hereinafter "Plaintiffs") and file this Sur-Response to Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss (Rec. Doc. 22352)[1].

**I.    Introduction**

Plaintiff would note there are several inaccuracies or misunderstandings in Defendant's Pleading. Plaintiff will address them one by one with regard to each Plaintiff.

   **A.    Chanda Meadows**

On May 27, 2010 Plaintiff's counsel submitted Plaintiff Fact Sheets to the Defense Liaison. However the Defense Liaison did not forward a copy to Sunnybrook as required. Plaintiff's counsel sent a courtesy copy on April 8, 2011 as requested by the

---

[1] The full title of Defendant's Reply is "Reply to to Plaintiffs' Opposition to Motion to Dismiss for Failure to Comply with Pre-Trail Orders #2 and #32 Relating to Plaintiffs' Fact Sheets".

defense, however a copy of the Amendment Sheet showing Government matching information to a Sunnybrook trailer was not included. It was assumed Defense counsel already obtained a copy of the Amendment Sheet from the Defense Liaison. As a show of good faith, Plaintiff's counsel provided a duplicate copy of the Amendment Sheet to Defense counsel on August 16, 2011.

Plaintiff's counsel has since attempted to reach Chanda Meadows since the filing of the Motion to Dismiss to obtain move-in and move-out dates for each trailer, but has been unsuccessful in reaching her. Records show a move in date of February 1, 2006, and a move out date of January 1, 2008. Plaintiff is unclear of specific move-in, move-out dates and of the sequence of the two trailers in which the plaintiff lived.

B.   **Donna Meadows**

On May 27, 2010 Plaintiff's counsel submitted Plaintiff Fact Sheets to the Defense Liaison. However the Defense Liaison did not forward a copy to Sunnybrook as required. Plaintiff's counsel sent a courtesy copy on April 8, 2011 as requested by the defense, however a copy of the Amendment Sheet showing Government matching information to a Sunnybrook trailer was not included. It was assumed Defense counsel already obtained a copy of the Amendment Sheet from the Defense Liaison. As a show of good faith, Plaintiff's counsel provided a duplicate copy of the Amendment Sheet to Defense counsel on August 16, 2011.

Plaintiff's counsel has since attempted to reach Chanda Meadows since the filing of the Motion to Dismiss to obtain move-in and move-out dates for each trailer, but has been unsuccessful in reaching her. Records show a move in date of June 1, 2006, and a move out date of July 1, 2007. Plaintiff is unclear of specific move-in, move-out dates

and of the sequence of the two trailers in which the plaintiff lived.

### C. Hannah Pyron

On May 27, 2010 Plaintiff's counsel submitted Plaintiff Fact Sheets to the Defense Liaison. However the Defense Liaison did not forward a copy to Sunnybrook as required. Plaintiff's counsel sent a courtesy copy on April 8, 2011 as requested by the defense, however a copy of the Amendment Sheet showing Government matching information to a Sunnybrook trailer was not included. It was assumed Defense counsel already obtained a copy of the Amendment Sheet from the Defense Liaison. As a show of good faith, Plaintiff's counsel provided a duplicate copy of the Amendment Sheet to Defense counsel on August 16, 2011.

Plaintiff's counsel has since attempted to reach Chanda Meadows since the filing of the Motion to Dismiss to obtain move-in and move-out dates for each trailer, but has been unsuccessful in reaching her. Records show a move in date of February 1, 2006, and a move out date of January 1, 2008. Plaintiff is unclear of specific move-in, move-out dates and of the sequence of the two trailers in which the plaintiff lived.

## II. Conclusion

For the reasons set forth above, Plaintiffs Chanda Meadows, Donna Meadows and Hannah Pyron pray that Defendant's Motion to Dismiss for Failure to Comply with Pre-Trail Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets in all things be denied. Plaintiffs have materially complied with Pre-Trial Orders #2 and #32 and there is no pattern of contumacious delay that would justify dismissal. A lack of memory is not sufficient grounds to justify dismissal.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 16th day of August, 2011.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**

4