UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N (5) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO: | * | |
| | * | MAG. JUDGE: CHASEZ |
| *Irma Miller, et al. v. Sun Valley, Inc., et al* | * | |
| *Docket No. 09-5658 (Charles Marshall)* | * | |

**************************************************************************

### SUN VALLEY'S STATEMENT OF UNCONTESTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO DEMONSTRATE AN "UNREASONABLY DANGEROUS" PRODUCT UNDER THE LPLA REGARDING CLAIMS OF CHARLES MARSHALL

NOW INTO COURT, through undersigned counsel, comes Defendant, Sun Valley, Inc. d/b/a Sun Lite ("Sun Valley"), who respectfully submits this Statement of Uncontested Material Facts in support of its Motion for Summary Judgment, pursuant to U.S. Dist. Ct. Rules E.D. La., Rule 56.1.

1. Since 1984, Sun Valley has used the same manufacturing process and design—its "trailers were built the same way, just different shapes". (Exhibit "A", Deposition of Mark Romanetz, 17:20-24) The raw materials composing Sun Valley trailers never changed. (Exhibit "A", 18:1-5) The Sun Valley manufacturing process never changed during the post-Katrina time period. (Exhibit "A", 50:20-23)

2. Sun Valley had an internal inspection system which ensured its trailers were in compliance with codes and within manufacturing and design specifications. (Exhibit "A", 18:14-21; Exhibit "B", Deposition of Doreen Staines, 14:4-15:18)

3. Sun Valley trailers were manufactured according to industry standards and all applicable regulations and codes, as inspected by the Recreational Vehicle Industry Association. (Exhibit "A", 21:4-24:4; Exhibit "B", 14:13-17) The entire time Sun Valley built travel trailers, from 1984 through 2008, its trailers complied with all codes, regulations, and industry standards which applied to the design and manufacture of travel trailers. (Exhibit "A", 22:2-14; Exhibit "C", Deposition of Daniel Morrison, 52:18-20))

4. None of the regulations, codes, and industry standards limited the amount of formaldehyde content or emissions a Sun Valley product could have. (Exhibit "A", 23:11-24:3).

5. There were no samples of formaldehyde collected from plaintiff's trailer, and as such, there is no data from which it can be concluded that plaintiff's trailer contained formaldehyde levels in excess of those levels typically found in conventional homes or other emergency housing in Louisiana. (Exhibit "H", page 2, paragraph A(2); pages 10-13).

6. Sun Valley trailer designs resulted in a product just like the products of all the other manufacturers in the industry. (Exhibit "C", 49:10-15).

7. Sun Valley never saw FEMA's requirements for trailer installation; thus, it was unaware that its travel trailers were being set up on blocks. (Exhibit "A", 79:12-80:8). No one from Sun Valley discussed installation and blocking procedures with FEMA or its contractors. (Exhibit "A", 85:9-22). The Sun Valley Owner's Manual provides no instructions on lifting the trailer to a height which brings the wheels off of the ground. (Exhibit "A", 86:18-22).

8. Formaldehyde was never an issue with Sun Valley travel trailers. (Exhibit "A", 29:24-30:4). Sun Valley never received complaints from anyone, whether it was customers, distributors, or employees, about formaldehyde in travel trailers (Exhibit "A", 45:18-22; Exhibit "B", 16:25-17:3). Likewise, there were no incidents of formaldehyde-related odor or injury during the production of Sun Valley trailers. (Exhibit "B", 17:4-20).

9. Sun Valley produced over seven thousand travel trailers during its corporate existence, and received no formaldehyde-related complaints in the entire history of the company. (Exhibit "A", 187:15-25). Moreover, the Recreational Vehicle Industry Association, which conducted inspections of Sun Valley products and notified them of industry safety concerns, never notified Sun Valley that formaldehyde levels might be dangerous. (Exhibit "A", 53:9-20; 56:14-21).

10. Sun Valley was not required to display any type of health notice regarding formaldehyde in its trailers. (Exhibit "A" 52:11-20); *See also*, *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 620 F.Supp.2d 755 (E.D. La. 2009).

11. Plaintiff does not recall an Owner's Manual being in the trailer. (Exhibit "D" Deposition of Charles Marshall, 178:24-179:4). Plaintiff never saw a Sun Valley Owner's Manual, and similarly, plaintiff never requested an Owner's Manual. (Exhibit "D", 179:8-14).

12. Plaintiff, Charles Marshall, knew of the formaldehyde issue by late 2006 or early 2007 (Exhibit "D", 178:2-19), yet he was still "insistent on staying in the trailer" in 2008. (Exhibit "D", 141:14-15).

[SIGNATURE BLOCK ON FOLLOWING PAGE]

Respectfully submitted,
**ALLEN & GOOCH**

*/s/ Brent M. Maggio*
BRENT M. MAGGIO, T.A., # 19959
MARK W. VERRET, #23583
LORI D. BARKER, # 31687
SCOTT F. DAVIS, # 26013
JEFFREY E. MCDONALD, #33270
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
***Attorneys for Sun Valley, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 18TH day of August, 2011, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and, it will be emailed to all Liaison Counsel, Government Counsel, and counsel for the above-captioned plaintiff.

*/s/ Brent M. Maggio*
BRENT M. MAGGIO