

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS

**F I L E D**

June 24, 2011

## FOR THE FIFTH CIRCUIT

Lyle W. Cayce
Clerk

_____

### No. 10-30451
_____

D.C. Docket No. 2:07-MD-1873
D.C. Docket No. 2:09-CV-2892

IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY
LITIGATION

--------------------------------------------------------------------------------

ALANA ALEXANDER, Individually and on behalf of Christopher Cooper and
Erica Alexander,

          Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, through the Federal Emergency
Management Agency

          Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before JONES, Chief Judge, and BENAVIDES and STEWART,  Circuit
Judges.

### J U D G M E N T

This cause was considered on the record on appeal and was argued by
counsel.

It is ordered and adjudged that the judgment of the District Court is
affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-
appellee the costs on appeal to be taxed by the Clerk of this Court.

A True Copy
Attest

ISSUED AS MANDATE: AUG 16 2011

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
          Deputy

New Orleans, Louisiana    AUG 16 2011

Fee _____
Process _____
X Dktd _____
CtRmDep _____
Doc. No. _____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2011

No. 10-30451

Lyle W. Cayce
Clerk

IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY
LITIGATION

------------------------------------------------------------------------------------------------

ALANA ALEXANDER, Individually and on behalf of Christopher Cooper and
Erica Alexander,

                                        Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, through the Federal Emergency
Management Agency

                                        Defendant - Appellee

                    _____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-md-01873-KDE-ALC

                    _____

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:

    Alana Alexander (Alexander) brought this Federal Tort Claims Act
(FTCA), 28 U.S.C. §§ 2671–2680, action on behalf of her minor son, Christopher
Cooper (Cooper), against the Government for injuries allegedly related to
Cooper's exposure to potentially dangerous, high levels of formaldehyde in their
Federal Emergency Management Agency (FEMA) provided emergency housing

No. 10-30451

unit (hereinafter EHU or trailer). The district court dismissed her claim for lack of subject matter jurisdiction because it found that the claim was time-barred. We AFFIRM.

## I.

Following Hurricanes Katrina and Rita, FEMA provided EHUs to the displaced victims of the storms. The hurricanes' destruction created an urgent and immediate need for an unprecedented number of EHUs. In response, FEMA purchased more than 140,000 new EHUs from manufacturers and dealers. Alexander and her children, including Cooper, were among the Louisiana residents who received an EHU. The Alexander family moved into their EHU in May 2006 and almost immediately noticed a "chemical smell" in the unit that caused Cooper's asthma to worsen. Other physical manifestations included irritation, burning, and tearing of his eyes; irritation and burning of his nasal membranes; eczema; headaches; difficulty breathing; wheezing; shortness of breath; and new allergies and worsening allergies. Alexander admits that she knew the smell came from the EHU. Shortly after moving in, Alexander claims that she asked an unidentified Government representative or contractor about the smell. She claims that he told her that that the smell was "nothing to worry about." Alexander contends that in reliance on that advice she took no further action at the time regarding the smell.

In the summer of 2006, FEMA began receiving reports of formaldehyde-related problems arising from the EHUs. In July 2006, FEMA began distributing flyers warning of formaldehyde dangers in EHUs and urging residents "to seek medical advice, if necessary." FEMA commenced several studies during the next 18 months to better understand the formaldehyde problem and possible solutions. In July 2007, FEMA distributed a new set of flyers entitled "Formaldehyde Fact Sheet" to EHU occupants, again urging them to seek medical advice if necessary. On July 2, 2008, the Centers for Disease

No. 10-30451

Control and Prevention issued its "Final Report on Formaldehyde Levels in FEMA-Supplied [EHUs]," recommending that "FEMA relocate Gulf Coast residents displaced by Hurricanes Katrina and Rita and still living in trailers."

Allegedly unaware of the July 2006 or July 2007 flyers, Alexander claims that she learned for the first time in December 2007 that formaldehyde emissions from the EHUs could cause respiratory and asthma problems. On July 10, 2008, Alexander, on behalf of Cooper, submitted an administrative claim with FEMA pursuant to the FTCA, claiming that her family's EHU contained high levels of off-gassed formaldehyde that had harmed her son.[1] Seven months later, while final administrative disposition was still pending, Alexander filed a complaint in the district court, alleging that the Government was careless, reckless, grossly negligent, and acted with deliberate indifference to the health of her son by failing to disclose to him that he was being exposed to potentially dangerous and high levels of formaldehyde in the trailers.[2] Alexander's complaint was one of thousands relating to formaldehyde in the FEMA EHUs. The district court selected Alexander as a bellwether plaintiff[3] and scheduled her case as the first bellwether trial.

Before trial, the Government sought dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that

---

[1] For purposes of clarity, hereinafter, the claim Alexander filed on Cooper's behalf will be referred to as Alexander's claim

[2] Alexander also filed an administrative complaint and a lawsuit on her behalf. She voluntarily dismissed her FTCA claims with prejudice. Her claims are not at issue here. The lawsuit she brought on Cooper's behalf also named several private defendants, including Gulf Stream Coach and Fluor Enterprises. Cooper's claims against the private defendants are not at issue here.

[3] A bellwether plaintiff is a party selected from a larger group of plaintiffs to participate in a bellwether trial, which is designed "to answer troubling causation or liability issues common to the universe of claimants." *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019; *see generally id.* at 1019–21 (5th Cir. 1997).

No. 10-30451

Alexander's administrative claim was filed more than two years after Alexander became aware that her son was experiencing symptoms of formaldehyde exposure. On August 21, 2009, the district court granted the Government's motion to dismiss for lack of subject matter jurisdiction, finding that Alexander's claim accrued in May 2006. Thus, her July 2008 administrative claim was untimely. Alexander appealed.

## II.

### A.

"When addressing a dismissal for lack of subject matter jurisdiction, we review application of law de novo and disputed factual findings for clear error." *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009). "A district court's factual findings are clearly erroneous only if, after reviewing the record, this Court is firmly convinced that a mistake has been made." *Id.* "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted) (discussing motions to dismiss in the FTCA context).

### B.

The FTCA requires that a tort claim against the federal government be filed with the appropriate agency within two years after the claim accrues. 28 U.S.C. § 2401(b) (providing that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); *id.* § 2675(a) (providing that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied"). A party then has six months after the denial of that claim by the administrative

agency to file a tort claim lawsuit. *Id.* § 2401(b); *see also Ramming*, 281 F.3d at 162. The FTCA's statute of limitations is jurisdictional, *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998), and a claimant is required to meet both filing deadlines. *See Ramming*, 281 F.3d at 162.

Although the FTCA does not define when a claim accrues, it is well-settled that a tort action under the FTCA accrues when the plaintiff knows or has reason to know of the alleged injury that is the basis of the action. *Id.* (internal quotation marks omitted). On appeal, Alexander argues that the accrual of her claim was delayed or tolled pursuant to either: (1) the discovery rule, (2) equitable estoppel, or (3) the continuing tort doctrine. These arguments are without merit.

In *United States v. Kubrick*, the Supreme Court adopted a discovery rule for FTCA claims. 444 U.S. 111, 123 (1979); *see also Dubose v. Kansas City S. Ry. Co.*, 729 F.2d 1026, 1030 (5th Cir. 1984) ("*Kubrick* is not limited to the FTCA or to medical malpractice cases . . . . The *Kubrick* rule, we think, represents the Court's latest definition of the discovery rule and should be applied in federal cases . . . ." (citation omitted)). Pursuant to this rule, a claim accrues when a plaintiff knows both her injury and its cause. *Johnson v. United States*, 460 F.3d 616, 621 (5th Cir. 2006). Here, there is no dispute that Alexander was aware of Cooper's injuries by May 2006. She admits that when her family moved into the trailer in May 2006, almost immediately, Cooper's asthma worsened, and he experienced a plethora of other health issues. The primary dispute is whether Alexander "knew or in the exercise of reasonable diligence should have discovered" the cause of Cooper's injuries in May 2006 such that her claim accrued at that time. *Johnson*, 460 F.3d at 621 (citing *MacMillan v. United States*, 46 F.3d 377, 381 (5th Cir. 1995)). To this end, Alexander testified that, on the first day she moved into the EHU, she and Cooper experienced a multitude of physical symptoms, she knew that the symptoms were caused by

No. 10-30451

the smell, and she knew that the smell was coming from the EHU. Alexander does not dispute these facts. Instead, she argues that her claim could not have accrued in May 2006 because she did not discover the Government's role in Cooper's injuries until July 2007, when FEMA issued its second round of flyers about formaldehyde emissions in the EHUs. This argument is not convincing.

As previously noted, a cause of action accrues when the plaintiff knows of the injury and its cause. *Johnson*, 460 F.3d at 621. In light of Alexander's testimony, it is clear that she, at the least, had information regarding Cooper's injury and its cause by May 2006 that would lead a reasonable person in Alexander's position to further investigate the specific cause of that injury. Moreover, the Supreme Court noted in *Kubrick* that the discovery rule should apply where the facts of "causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain." *Kubrick*, 444 U.S. at 123. That is not the situation in the present case. Without difficulty, Alexander could have established FEMA's connection to the EHU, from which the "chemical smell" was emanating. Accordingly, we agree with the district court that the discovery rule does not apply to Alexander's claim.

Alexander's equitable tolling argument is also unavailing. Alexander claims that she performed a reasonable inquiry into the specific cause of Cooper's injuries when she talked to a Government representative and that an objectively reasonable person would not have inquired further. She argues that, because she reasonably relied on the claims of the representative that there was "nothing to worry about," the limitations period should be equitably tolled. We disagree. We have explained that "[l]imitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress." *Ramming*, 281 F.3d at 165. Because the FTCA waives the Government's immunity, in construing the FTCA's statute of limitations, we will

"not take it upon [ourselves] to extend the waiver beyond that which Congress intended." *Id.* (citing *Kubrick*, 444 U.S. at 118) (internal quotation marks and brackets omitted). Therefore, the district court correctly held that Alexander's claim should not be equitably tolled.

Finally, Alexander argues that the continuing tort doctrine should apply to her FTCA claims. Under the continuing tort doctrine, "the cause of action is not complete and does not accrue until the tortious acts have ceased." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (5th Cir. 2007). This court has yet to decide whether the continuing tort doctrine applies to FTCA claims. Even assuming that the continuing tort doctrine could apply to Alexander's FTCA claim, the district court properly held that it does not apply to this case. To begin, claim accrual under the FTCA is based on awareness of the injury, not when the alleged wrongful conduct ends. *See Beech v. United States*, 345 F.2d 872, 874 (5th Cir. 1965) ("Where the trauma coincides with the negligent act and some damage is discernible at the time, [§ 2401(b)'s] two-year statute of limitations begins to run, even though the ultimate damage is unknown or unpredictable."). Alexander has not cited any Fifth Circuit caselaw indicating that accrual should be delayed when the plaintiff knows about the injury and could have discovered, with a reasonable inquiry, the putative defendant's, here the Government's, potential liability. Furthermore, as the Government points out, Alexander's proposed rule would allow a putative plaintiff to circumvent the statute of limitations bar by continuing voluntarily to subject herself to a condition she knows to be harmful. Given the jurisdictional nature of the FTCA's statute of limitations and the general policy of construing narrowly statutes that waive sovereign immunity, we decline the invitation to apply the continuing tort doctrine to the facts presented in this case. *See Ramming*, 281 F.3d at 165.

No. 10-30451

As neither the discovery rule, equitable estoppel, or the continuing tort doctrine apply in this case, we conclude that Alexander's FTCA claim accrued in May 2006, and thus, her July 2008 administrative filing was untimely.

## III.

For the foregoing reasons, we AFFIRM the district court's judgment, dismissing this case for lack of subject matter jurisdiction.



# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

## BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

IN RE: FEMA Trailer Formaldehyde; Alana Alexander    v. United States of America    No. 10-30451

The Clerk is requested to tax the following costs against: Alana Alexander, on behalf of Christopher Cooper

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | 3 | 38 | 0.15 | 17.1 | 3 | 38 | 0.15 | 17.10 |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 6 | 55 | 0.15 | 49.5 | 6 | 55 | 0.15 | 49.50 |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |
| | | | Total $ | 66.6 | | | | 66.60 |

Costs are taxed in the amount of $ 66.60

Costs are hereby taxed in the amount of $ 66.60

_(signature)_

State of _____
County of _____

I, John Adam Bain _____, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 5th day of July, 2011.

_John Adam Bain_
(Signature)

Attorney for United States

Costs are taxed in the amount of $ 66.60

_____ this _____ 164

Total $ 66.6

_____ day of August, 2011

LYLE W. CAYCE, Clerk

By, _____
     Deputy Clerk

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS