## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION  N MAG. 5 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| Brown, et al. v. Forest River, Inc., et al. | * | |
| Civil Action No. 09-5383 | * | MAG. JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION</u>

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") respectfully moves this Honorable Court for reconsideration, pursuant to Rule 59 of the Federal Rules of Civil Procedure.  Specifically, Forest River seeks reconsideration of the Court's August 9, 201Order[1] ("Order") granting Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint for Damages[2] ("Plaintiffs' Motion"), and urges this Honorable Court to vacate its prior Order and deny Plaintiffs' Motion to add plaintiff Corey Carter. As more fully described in the accompanying Memorandum in Support of Motion for Reconsideration, the plaintiffs failed to comply with Pre-Trial Order No. 10 because counsel for Forest River was not contacted to determine whether the motion would actually be opposed and no certificate of conference was filed with such Motion for Leave to File First Supplemental and Amending Complaint for Damages.  Further, Forest River would have opposed such motion of plaintiffs. Consequently, after consideration, Forest River respectfully requests that the Court vacate its prior Order and deny Plaintiffs' Motion to add plaintiff Corey Carter.

---

[1] R. Doc. No. 22359.

## I.      FACTUAL BACKGROUND

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. As of this writing, the Court has issued 89 Pre-Trial Orders ("PTO") addressing a variety of case management issues. Specifically, the Court issued PTO No. 10, which in Item (1) requires, "Before any motion is filed with the Court, counsel for the movant shall contact opposing counsel to determine whether the motion is actually opposed. All motions shall include a certificate of conference indicating the outcome of such communication." PTO Nos. 10, Item (1) goes on to say that "If the motion is not opposed, it shall be filed in accordance with the Local Rules, shall state that it was unopposed, and shall include a proposed order. If the motion is opposed, it shall be filed in accordance with the Local Rules, shall state that it is opposed and shall include a notice of hearing."

The plaintiffs in this action failed to contact counsel for Forest River to determine whether the motion would actually be opposed and no certificate of conference was filed with such Motion for Leave to File First Supplemental and Amending Complaint for Damages.

## II.     LAW AND ARGUMENT

Here, Forest River respectfully submits that the plaintiffs identified above have failed to comply with PTO No. 10 and, thus, should not be permitted to amend their complaint to add plaintiff Corey Carter to this lawsuit.

Rule 16(d) of the Federal Rules of Civil Procedure provides that a pre-trial order controls the course of action unless the court modifies it. Further, it is clear that a district court does, and indeed

---

[2] Rec. Doc. No. 22336.

must, have the power to control and direct the cases on its docket.[3] Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure provides for sanctions for not obeying pre-trial orders.  Thus, it is well established that the parties are to obey the Court's pre-trial orders, including PTO No. 10 in this Multi-District Litigation.

Had plaintiffs in this action contacted counsel for Forest River to determine whether the motion would actually be opposed, Forest River would have indicated that the motion would have been opposed and would have filed a Memorandum in Opposition stating that plaintiffs have not complied with deadlines for matching plaintiffs with the correct manufacturing defendants pursuant to PTO Nos. 36, 40, 49 and 68. Further, such Forest River Memorandum in Opposition would have stated that Forest River had never received a PFS for Corey Carter pursuant to PTO Nos. 2, 32 and 88 and that Forest River would be unduly prejudiced because there will be no opportunity to obtain a PFS for Corey Carter or submit a deficiency letter regarding that PFS in accordance with the requirements of PTO Nos. 2, 32 and 88.

### III.   CONCLUSION

For the reasons set forth above, Forest River seeks reconsideration of the Court's August 9, 2011 Order granting Plaintiffs' Motion for Leave to File First Supplemental and Amending Complaint for Damages, and urges this Honorable Court to vacate its prior Order and issue a new Order denying Plaintiffs' Motion to File their First Supplemental and Amending Complaint for Damages to add plaintiff Corey Carter.

---

3 *Brown v. O'Leary*, 512 F.2d 485, 486 (5th Cir. 1975)

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**


BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**


**<u>CERTIFICATE OF SERVICE</u>**

     I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on August 19, 2011 via electronic filing.


/s/ Ernest P. Gieger, Jr.

4