UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL NO. 1873

SECTION "N-5"

JUDGE ENGELHARDT
MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

---

### DECLARATION OF JUSTIN I. WOODS

COMES NOW Justin I. Woods, who, being of sound mind and lawful age, and subject to the penalties for perjury, deposes and states as follows:

1. My name is Justin I. Woods. I am a member of the Plaintiff's Steering Committee ("PSC"), and am Plaintiffs' Co-Liaison Counsel, as appointed by the court, in this case.

### Qualifications and Experience as Class Counsel

2. I have been involved as common benefit counsel for plaintiffs in the following mass tort/class actions:

> In Re Chemical Release at Bogalusa;
>
> John Johnson v. Orleans Parish School Board;
>
> SELA Drainage Project Litigation;
>
> Patrick Joseph Turner, et al v. Murphy Oil USA, Inc.;
>
> In Re National Security Agency Telecommunications Records Litigation – MDL 1791
>
> In Re: Katrina Canal Breaches Consolidated Litigation



EXHIBIT D

In Re: FEMA Trailer Formaldehyde Product Liability Litigation – MDL 1873
Currently serving as Co-Liaison Counsel

3. I am familiar with the factual and legal issues involved in this litigation, and have specific familiarity with all aspects of the proposed settlement.

4. I am aware of no conflict of interest between the proposed Class and proposed Class Representatives or Class Counsel.

5. I believe that the proposed settlement is fair, adequate and reasonable and that it would be in the best interest of the proposed class and that accordingly it should be approved by this Court.

6. I believe that continued litigation as it relates to the claims brought against the Manufactured Housing defendants would be complex, expensive and protracted.

7. I believe that the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure have been met.

### Relevant and Significant Factors Regarding Objections and Opt-Outs

8. Pursuant to the Court's Preliminary Approval Order entered on April 5, 2011, any class member wishing to object to the proposed settlement were required to file such objection with the Clerk of Court and were to mail a copy of their objection to Class Counsel to be received by no later than midnight on July 13, 2011. I received no copies of any objections to the proposed settlement via mail and I am unaware of any filed objections to the proposed settlement.

9. Pursuant to the court's Preliminary Approval Order, any putative class member wishing to opt out of the Class were required to file with the Clerk of Court and were to mail their request for exclusion to be postmarked by no later than June 2, 2011. We received no requests for exclusion from the Class from any putative class member.

_____
JUSTIN I. WOODS, #24713