UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * * | MDL NO. 1873<br><br>SECTION: N (5)<br><br>JUDGE: ENGELHARDT |
| THIS DOCUMENT RELATES TO:<br>*Irma Miller, et al v. Sun Valley, Inc., et al*<br>*Docket No. 09-5658 (Charles Marshall)* | *<br>*<br>* | MAG. JUDGE: CHASEZ |

*******************************************************************

# SUN VALLEY, INC., d/b/a SUN-LITE'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON MEDICAL CAUSATION REGARDING CHARLES MARSHALL

**MAY IT PLEASE THE COURT:**

Sun Valley, Inc., d/b/a Sun-Lite moves for summary judgment based on Charles Marshall's failure to show that there is any genuine issue of material fact regarding medical causation. Marshall has failed to produce any evidence that could support a judgment in his favor. Expert medical testimony is critical to finding causation in a toxic tort case, and the experts presented by Marshall in this case are not able to supply the links that would enable a jury to find that his claimed injuries were caused by exposure to gaseous formaldehyde. Additionally, none of Marshall's experts can testify to the level of formaldehyde to which Marshall was exposed.

Defendant, therefore, asserts that as a matter of law, all of Marshall's claims must be dismissed as a result of his failure to provide the general and specific causation testimony necessary to support his claims.

# I. BACKGROUND

Plaintiff, Charles Marshall, has claimed the following types of conditions to his alleged exposure to formaldehyde in the FEMA trailer: burning eyes, itchy and runny nose, nausea, vomiting, coughing/aggravation of childhood asthma (wheezing and shortness of breath).[1] Plaintiff also claims a fear of cancer related to his alleged formaldehyde exposure in the trailer.[2]

In an attempt to support his specific medical causation claim for the *Charles Marshall* trial, Plaintiff identified three experts and produced their corresponding expert reports, namely Dr. Lawrence Miller, Patricia Williams, Ph.D., and Stephen Smulski, Ph.D.[3] Dr. Lawrence Miller is the only medical doctor designated by Marshall. Dr. Miller is also the only expert whose report specifically addresses Marshall's complaint as both the Williams and Smulski reports were prepared for lawsuits unrelated to the *Charles Marshall* litigation.[4] Williams' report was prepared in connection with the *Alexander* bellwether trial and Smulski's report was prepared for the *Class Certification* hearing.[5]

Further, Marshall's filed document entitled, "Plaintiff's Expert Designation" confirms that Stephen Smulski and Patricia Williams are not "specific medical causation" experts as Smulski is designated as a material selection expert and Williams is designated as a general causation expert.[6] Dr. Miller, Marshall's own medical expert, admitted that Marshall's medical

---

[1] See Exhibit A deposition of Charles Marshall page 130.
[2] See Exhibit A pages 285-286.
[3] See Exhibit B providing the Dr. Williams affidavit produced in the Alexander bellwether trial (Exhibit C) and the Dr. Smulski report (Exhibit D) produced in the class certification stage and Exhibit E Report of Dr. Miller produced in the Charles Marshall case.
[4] See Exhibit F letter from Shari Wright to Brent Maggio stating that only Dr. Miller will issue a supplemental report.
[5] See Exhibit B, C, D and F. Thus, two of the three experts upon whom Marshall relies have never reviewed anything relevant to his case. Both of his general causation experts' reports were issued years before discovery began in this case and so it follows that Drs. Williams and Smulski did not review the plaintiff's medical records, deposition or any other documents related to his claim in order to prepare their reports and form their opinions. Simply put, the only general causation expert testimony offered by Plaintiff in this case supports the claims of *other* plaintiffs.
[6] Rec. Doc. 21201

records do not show formaldehyde related complaints.[7] Finally, Dr. Miller has been unable to isolate the cause of Marshall's formaldehyde related complaints.[8]

As a result these experts simply cannot provide the testimony needed to make a causal connection between formaldehyde and any of the Marshall's alleged injuries/medical conditions.

## II. LAW AND ARGUMENT

### A. Summary Judgment Standard

Pursuant to Rule 56(C) of the Federal Rules of Civil Procedure, summary judgment should be rendered if the pleadings, discovery, disclosure materials and affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[9] The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant.[10] A fact is material if it "might affect the outcome of the suit under the governing law."[11] Further, "It is axiomatic that where questions of law alone are involved in a case, summary judgment is appropriate."[12]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the records contains insufficient proof concerning an essential element of the nonmoving party's claim.[13] Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must go beyond the pleadings and through affidavits, depositions, answers to

---

[7] See Exhibit G deposition of Dr. Miller page 46-47
[8] See Exhibit G Pages 42 and 62-86 and 106-107
[9] Fed. R. Civ. P. 56(c).
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[11] *Id.*
[12] *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Tx. Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976).
[13] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990).

3

interrogatories, and admissions on file and designate specific facts showing that there is a genuine issue for trial.[14]

When considering a motion for summary judgment, the Courtviews the evidence in the light most favorable to the nonmoving party[15], and draws all reasonable inferences in favor of that party.[16] Factual controversies are to be resolved in favor or the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts."[17] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[18]

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, the evidence is not properly before the district court."[19]Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[20]

The nonmovant's burden of demonstrating a genuine issue is not satisfied by merely creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[21]Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.[22]

---

[14]*Celotex*, 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).
[15]*Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002).
[16]*Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001).
[17]*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[18]*Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).
[19]*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).
[20]*Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).
[21]*Little*, 37 F.3d at 1075.
[22]*Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**B.     The granting of summary judgment is proper when the Plaintiff cannot establish causation.**

It is the plaintiff's burden to prove causation under the Louisiana Products Liability Act and under Louisiana negligence law.[23] The plaintiff must prove causation through medical testimony that it is more probable than not that the subsequent injuries were caused by the product.[24] In a toxic tort case, the plaintiff must prove both general causation and specific causation - - and must do so with competent expert testimony.[25] General causation deals with whether the substance at issue can cause certain diseases in people in general.[26] Specific causation focuses upon whether the substance was in fact the cause of the ailments or symptoms in the particular patient.[27] Not only is expert medical testimony required to establish causation, but in a toxic tort case, the plaintiff must also present evidence of the harmful level of exposure to the chemical, and knowledge that plaintiff was exposed to that level:

> Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case.[28]

Because both specific and general causation are required, when the plaintiff fails to establish either specific causation or general causation, the plaintiff's claim fails.[29]

Without specific or general causation, not only do the claims for present alleged injuries fail, but any mental anguish, fear of cancer, and medical monitoring, if any, claims also fail.

---

[23] *Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La. 1995).
[24] *Kemp v. Metabolife Int'l, Inc.*, No. 00-3513, 2004 WL 2095618, at *3 (E.D. La. Sept. 13, 2004); *see also Hutchinson v. Shah*, 648 So.2d 451, 452 (La. App. 1st Cir. 1994)("[w]hen the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required").
[25] *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 351 (5th Cir. 2007).
[26] *Kemp*, 2004 WL 2095618, at *3 (citing *Pick v. Am. Med. Sys., Inc.*, 958 F. Supp. 1151, 1164 (E.D. La. 1997)).
[27] *Pick v American Medical Systems, Inc.* 958 F. Supp.1151,1164 (E.D.la. 1997).
[28] *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 279 n.10 (5th Cir. 1996) (noting importance of the expert knowing the level of exposure to support his causation opinion).
[29] *Pick*, 958 F. Supp. at 1163 (granting summary judgment as to specific causation); *see also Leija v. Penn Maritime, Inc.*, No. 06-10489, 2009 WL 211723, at *3 (E.D. La. Jan. 23, 2009) (granting summary judgment in favor of defendant when proposed expert testimony was insufficient to create an issue of fact as to specific causation); *Babin v. Ecolab, Inc.*, No. 2:04-CV-1595, 2005 WL 1629947, at *5 (W.D. La. July 5, 2005) (granting summary judgment when plaintiffs failed to establish that there is a genuine issue of material fact as to general causation).

Mental anguish claims, which include the fear of cancer, must be causally related to the defendant's actions.[30] Moreover, damages for mental anguish are only recoverable when the mental anguish results from the fear of developing a condition "as a result of a *present injury*."[31]

### C. All of Marshall's claims for damages must be dismissed due to lack of causation testimony

#### i. General Causation

Marshall has advanced claims of burning eyes, itchy and runny nose, nausea, vomiting, coughing/aggravation of childhood asthma (wheezing and shortness of breath) and fear of cancer as the injuries and symptoms he experienced as a result of the alleged formaldehyde exposure he suffered while residing in his FEMA travel trailer.[32] However, Marshall has not presented sufficient general or the specific causation testimony necessary to support these claims.

Marshall's general causation expert witness, Patricia Williams, Ph.D., has opined as follows:

> "Therefore, the following General Causation opinion is rendered:
>
> A cause-effect relationship exists between formaldehyde and upper respiratory tract damage and cancer. A cause-effect relationship exists between formaldehyde and bronchoconstriction/asthma.[33]

Williams has identified a discrete set of conditions that, in her opinion, are causally linked to formaldehyde: (1) upper respiratory tract damage and cancer, (2) bronchoconstriction/asthma. Marshall is not claiming to suffer from upper respiratory tract

---

[30] *Smith v. A.C. & S., Inc.*, 843 F.2d 854, 857-58 (5th Cir. 1988) (quoting *Hagerty v. L&L Marine Svcs., Inc.*, 788 F.2d 315, 318 (5th Cir. 1986)); *see also Maurer v. Heyer-Schulte Corp.*, No. 92-3485, 2002 WL 31819160, at *3 (E.D. La. Dec. 13, 2002)(causation is required for fear of cancer claims). "'[C]ancerphobia' is merely a specific type of compensable mental anguish or emotional distress." *Smith*, 843 F.2d at 858.
[31] *Id.* at 585 (emphasis added).
[32] See *supra* footnote 1
[33] See Exhibit C ALEX-EXP-77-000035.

6

damage.[34] Furthermore, Dr. Williams' report fails to offer an opinion regarding burning eyes, itchy and runny nose, nausea, vomiting, and coughing.[35]

Because Marshall's only general causation expert has made no mention of burning eyes, itchy and runny nose, nausea, and vomiting Marshall has failed to provide the required general causation testimony necessary to support those claims.[36] Therefore, those claims must fail for lack of general causation leaving on his claims for asthma and fear of cancer.

### ii. Specific Causation

#### 1. Claims for burning eyes, itchy and runny nose, nausea, and vomiting.

As detailed above, Marshall has the burden of proving both general and specific causation. If this Court agrees that Marshall has failed to meet his burden regarding general causation, the inquiry may stop and Defendant's Motion for Summary Judgment must be granted with regard to all claims except fear of cancer and asthma/coughing.

If this Court finds that Marshall has sufficiently supported his general causation claims for burning eyes, itchy and runny nose, nausea, and vomiting, Marshall's claims still fail as he does not offer a single expert witness who can offer evidence that those injuries were within a reasonable degree of medical probability caused by his alleged exposure to formaldehyde. In other words even assuming that Dr. Williams offered admissible general causation testimony as to burning eyes, itchy and runny nose, nausea, and vomiting, expert testimony is "unquestionably required" in proving **both** general and specific causation to assist the jury in a toxic tort

---

[34] See *supra* footnote 1. Although Plaintiff's medical expert Dr. Miller asserts that formaldehyde *can* cause upper respiratory tract damage, he admits that he cannot say with any certainty that Marshall suffers from such damage as no one has examined his lung tissue. (See Exhibit G page 39-40)

[35] This of course comes as no surprise since the report was written for use in the Alexander Bellwether a case in which the injuries addressed by Dr. Williams were actually at issue. In fact Dr. Williams references reviewing the PFS of Christopher Cooper and Alana Alexander in preparation for her report. See Exhibit C page ALEX-EXP-77-000007.

[36] See Exhibit C ALEX-EXP-77-000035. Although Williams' lengthy report cites a plethora of studies regarding a variety of symptoms reported as a result of formaldehyde exposure, her opinions are clearly summarized on the last page of her report. These opinions are silent as to headaches, sore throat, itchy and burning eyes, runny nose or nausea. Just because those conditions are mentioned in her report does not mean that Williams is expressing an expert opinion attributing those complaints to formaldehyde exposure.

7

case.[37] This Court has previously held that specific causation requires medical testimony.[38] It is undisputed that Marshall offers no specific causation experts in support of his claims for burning eyes, itchy and runny nose, nausea, and vomiting as Marshall's only specific causation expert admitted that he did not attempt to make a differential diagnosis for any of these claims.[39]

2. Claims for recurrence of asthma/coughing.

The only medical condition for which Marshall has provided a general causation opinion is his recurrence of asthma/coughing. However, Marshall must prove both general and specific causation in order to prevail. In an effort to support his specific causation, Marshall produced the expert report of Dr. Lawrence Miller.[40] Dr. Miller opines as follows:

> "it is reasonable to conclude that formaldehyde exposure was associated with the recrudescence of asthma symptoms. These symptoms have persisted since he left the trailer. Whether these symptoms will resolve remains uncertain.[41]"

The shortcomings of Dr. Miller's opinions are many. First, Dr. Miller is not aware of any health care professional ever diagnosing Charles Marshall with asthma.[42] Further, Dr. Miller found no evidence in the medical records of Marshall where he experienced any respiratory illness consistent with his alleged formaldehyde exposure.[43] Dr. Miller also admits that Marshall's asthma could have been caused by several other sources including but not limited to: mold, dust, stress, pneumonia, sheetrock dust, sinus infections, and second hand smoke exposure stating:

---

[37] *Junk v. Terminix Intern. Co.,* 628 F. 3d 439,450 (2010). In *Junk,* Defendant's filed a Motion for Summary Judgment asserting that Plaintiff failed to meet his burden of proof on causation. The District Court granted the Motion and the decision was affirmed on appeal.
[38] *Kemp v. Metabolife Intern., Inc.* 2004 WL 2095618 (EDLA 2004)
[39] See Exhibit G pages 60-61
[40] See Exhibit E
[41] See Exhibit E page 3.
[42] See Exhibit G pages 26-27
[43] See Exhibit G pages 46-47

8

"my conclusions aren't that formaldehyde, it's the only thing that could be—that could exacerbate his asthma. There are certainly other possibilities..."[44]

According to the Fifth Circuit, specific causation is established when a medical expert isolates an external factor as the cause of an internal disease.[45] Dr. Miller has admitted that he is unable to isolate formaldehyde as the cause of Marshall's alleged asthma.[46] Thus, Dr. Miller has not isolated an external factor of Marshall's asthma. Additionally, Dr. Miller admitted that he found no evidence of respiratory illness related to formaldehyde in Marshall's numerous medical records.[47] Therefore, Marshall has also failed to prove the existence of an internal disease. In sum, Marshall has failed to meet his burden of proof as required in the 5th Circuit under the *Knight* case.

Dr. James Wedner, a licensed physician and expert pulmonologist retained by defendant, also noted multiple exposures in Marshall's medical history which can trigger an asthmatic episode in a person with asthma.[48] After Dr. Wedner's review of the Marshall case, he opined that 1) Marshall does not have a history consistent with formaldehyde exposure and 2) Marshall did not suffer an adverse health effect as a result of living in the FEMA trailer.[49]

Marshall has the burden of offering medical evidence which establishes a connection between his alleged condition and his time in the trailer.[50] Marshall cannot rely on his own self-serving testimony to establish this connection as medical causation is not within common knowledge.[51] Therefore, medical testimony is required to prove medical causation.[52] Based on

---

[44] See Exhibit G Pages 42 lines 2-5 and 62-86 and 106-107
[45] *Knight v. Kirby Inland Marine Inc.*, 483 F. 3d 347, 351-52 (5th Cir. 2007)
[46] See Exhibit G Pages 42 and 62-86 and 106-107
[47] See Exhibit G page 46-47.
[48] See Exhibit I page Wedne- CM00829
[49] See Exhibit I page Wedne- CM00831
[50] See *Vargas v. Lee*, 317 F. 3d 498, 502 n3 (5th Cir. 2003)
[51] *Pearce v. Zurich Am. Ins. Co.*, 2009 WL 2046514 *2 (E.D.La. July 13, 2009)
[52] *Id.*

9

the foregoing, it is obvious that Marshall falls short of meeting his burden of proof regarding specific causation.

Marshall has, therefore not provided specific causation testimony linking his asthma/coughing compiling to his alleged formaldehyde exposure. As such, Marshall's remaining claims must fail.

### iii. Marshall can offer no testimony related to the dose of his alleged exposure to formaldehyde.

Even if Marshall was able to prove both general and specific causation, he has a third hurdle to cross before his claim can succeed. In addition to general and specific causation, a toxic tort case also requires: 1) evidence of the harmful level of exposure to the chemical, and 2) knowledge that plaintiff was exposed to that level.[53] In the instant matter, the Marshall has failed to satisfy either of these requirements.

In *Moore v. Ashland Chemical Inc.*, a case decided by the Fifth Circuit, the plaintiff developed a respiratory disorder shortly after being exposed to tolune fumes at work.[54] The plaintiff was ultimately diagnosed with reactive airway dysfunction syndrome (RADS), which his doctors attributed to his tolune exposure.[55] However, the Court found that the plaintiff's causation expert's opinion that the tolune vapors caused his exposure should be excluded because the expert offered no information regarding the necessary level of exposure required to cause specific injuries, had no reliable evidence of the dose to which the plaintiff was actually exposed, and he failed to offer any scientific support for the general theory that exposure to tolune at any level would cause RADS.[56]

---

[53] *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996); *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 279 n.10 (5th Cir. 1996) (noting importance of the expert knowing the level of exposure to support his causation opinion).
[54] 151 F. 3d 269, 272.
[55] *Id.*
[56] Id at 287-289.

10

In our case, there is no evidence that Marshall was exposed to a requisite harmful level of formaldehyde. None of Marshall's experts purport to have any knowledge regarding the levels of formaldehyde actually present in Marshall's trailer. Although Drs. Williams and Smulski summarized formaldehyde level tests which they reviewed, there is no indication from Marshall's experts whether these tests included any Sun Valley trailers or that the results are more likely than not representative of Marshall's exposure.[57] Dr. Miller, the only expert who has even reviewed Marshall's case, admitted that he does not know what Marshall's dose was stating" "I can't point to Marshall's trailer and say what it [the level of formaldehyde] was in that trailer. I don't have information one way or the other."[58]

"Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are **minimal** facts necessary to sustain the plaintiffs' burden in a toxic tort case."[59] Marshall does not produce evidence of these necessary facts.

The uncontroverted evidence in this case is that Sun Valley used materials which were considered "HUD compliant" to construct their trailers.[60] Marshall testified that he kept the temperature at between 65 and 72 degrees at all times[61] Marshall's own expert, Dr. Williams, admitted that factors such as temperature are relevant because high temperature increases formaldehyde levels.[62] In spite of this, Plaintiff attempts to prove his case using experts who have failed to take this into account.

---

[57] This of course is of no surprise since the Williams and Smulski reports were authored for other cases.
[58] Exhibit G page 93 Admittedly, Dr. Miller attempts to extrapolate test results from other trailers and apply them to make a "reasonable assumption" that the level of formaldehyde in Charles Marshall's trailer was the same. However, a "reasonable assumption" is not enough to meet plaintiff's burden of proof on this issue. Furthermore, Dr. Miller's report fails to address any level of formaldehyde at which he contends that the symptoms complained of by Marshall would be expected to occur.
[59] See *Seaman v. Seacor Marine L.L.C.*, 326 Fed. Appx. 721, 723 (5th Circuit 2009) citing *Allen v. Pa. Eng'g Corp.*, 102 F. 3d 194, 199 (5th Cir. 1996) and at 729
[60] See Deposition of Tommie Sanford Exhibit H pages 15-16.
[61] See Exhibit A page 162-163.
[62] See Exhibit C ALE-EXP-77-000030

### iv. Marshall's fear of cancer claims should be dismissed

As noted above, without specific or general causation, Marshall's mental damages claims also fail as a matter of law. Mental anguish claims, which include the fear of cancer, must be causally related to a defendant's actions.[63] The only mental anguish claim that Marshall appears to be asserting is fear of cancer.[64]

The elements of such a fear of cancer claim are (1) a fear that is causally related to the defendant's negligence, (2) a fear that is reasonable, and (3) that a plaintiff has suffered "an actionable injury."[65]

First, Marshall has failed to carry his burden as to the final element which requires proof of an actionable or present injury."[66] For the reasons discussed above, Marshall has not carried his burden on specific and general causation. Therefore, he has failed to show the third requirement for emotional injuries and the arguments made in this motion are sufficient to dismiss all of Marshall's mental anguish claims, including those related to fear of cancer.

Second, Marshall has not shown that his fear of cancer is related to defendant's negligence. Marshall testified that he had a fear of cancer before his time in the trailer due to a cyst on his back and a mass on his kidney.[67] A fear of cancer which pre-dates his residence in the trailer is not casually related to Defendant's alleged negligence.

---

[63] *Smith v. A.C., Inc.*, 843 F.2d 854, 857-58 (5th Cir. 1988) (quoting *Hagerty v. L & L Marine Svcs., Inc.*, 788 F.2d 315, 318 (5th Cir. 1986)); *see also Maurer v. Heyer-Schulte Corp.*, No. 92-3485, 2002 WL 31819160, at *3 (E.D. La. Dec. 13, 2002) (causation is required for fear of cancer claims)."'[C]ancerphobia' is merely a specific type of compensable mental anguish or emotional distress." *Smith*, 843 F.2d 585.
[64] See *supra* footnote 1.
[65] See Smith v. A.C.&S., Inc., 843 F.2d 854, 858 (5th Cir. 1988); Hagerty, 788 F.2d at 318; accord Harper v. Ill. Cent. Gulf R.R., 808 F.2d 1139, 1141 (5th Cir. 1987); Triche v. Overnite Transp. Co., Civ. A. No. 95-0691, 1996 WL 396041, at *14 (E.D. La. July 12, 1996); Johnson v. Armstrong Cork Co., 645 F. Supp. 764, 769 (W.D. La. 1986).
[66] *Id.* at 858 (emphasis added).
[67] See Exhibit A pages 180-183

12

Third, Marshall has not shown that his fear of cancer is reasonable. Marshall testified that he is aware that second hand smoke can cause cancer.[68] In spite of this, he exposes himself to second hand smoke.[69] Marshall also smoked in the past and used marijuana.[70] Courts have noted that the credibility of a plaintiff's anxiety over fear of cancer is "diminished" where the plaintiff smokes cigarettes- a known cause of cancer.[71] Furthermore, Marshall testified that he believed that he could contract lung and pancreas cancer from his formaldehyde exposure.[72] However, formaldehyde is considered by IRAC and the NTP to cause Leukemia or Nasopharyngeal cancer not the cancers Marshall is concerned about contracting.[73] The accumulation of these facts show that Marshall's fear of cancer is not reasonable.

Moreover, Marshall has not shown through specific medical testing or, more generally, through epidemiological evidence, a causal link between the levels of formaldehyde he was allegedly exposed to while residing in the unit at issue and cancer. Throughout this MDL, Marshall's toxicology expert witness, Patricia Williams has attempted to provide testimony on general causation in an effort to show how formaldehyde causes cancer. However, Dr. Williams has not provided an opinion as to what exposure levels are sufficient to trigger any cancerous process due to formaldehyde exposure.[74] In fact, Dr. Williams' three year old report is not up to date with scientific literature nor does it address Charles Marshall.

Dr. Phil Cole, defendant's expert cancer epidemiologist stated that there is no epidemiologic study that shows an increase in cancer as a result of residential exposure to

---

[68] See Exhibit A pages 310-311
[69] See Exhibit A pages 310-311
[70] See Exhibit A page 333, See Exhibit J report of Dr. Philip Cole page Cole-CM00847
[71] *Triche v. Overnight Transportation Co.* 1996 WL 396041 (E.D.L.A. 1996) (dismissing the fear of cancer claims as to two plaintiffs because their fears of cancer were unreasonable).
[72] See Exhibit A page 286
[73] See Exhibit J page Cole-CM00848.
[74] See Exhibit K Selected pages of the Deposition of Patricia Williams in the Alexander Case pages 97-99, 127-132.

formaldehyde.[75] After reviewing the medical records, the social history of Charles Marshall and conducting a current review of the medical literature, Dr. Cole opined that 1) fear of cancer, based on exposure to formaldehyde while living in a THU, is not justified by scientific evidence; 2) Marshall's fear of cancer resulting from his occupancy of a THU is not justified by scientific evidence.[76]

Finally, previous bellwether plaintiffs sought psychological treatment in order to bolster their claims for fear of cancer and mental anguish and/or spoke to their treating physicians regarding their fear of cancer claims. Marshall relies only on his self-serving testimony.[77] Such testimony is extremely prejudicial and inappropriate, and it would substantially outweigh the probative value of such testimony.[78] The Fifth Circuit has noted:

> "In sum, cancer evidence is highly inflammatory and understandably incites the passions and fears of the most reasonable individuals. Recognizing the emotional impact of this type of evidence, it is critical that evidence only be admitted in those situations where the proper evidentiary guidelines are followed."[79]

### III. CONCLUSION

Marshall has failed to meet his burden under the LPLA and Louisiana negligence law to provide the requisite causation testimony for any alleged injuries. First, Marshall has failed to provide **any** general causation or specific causation testimony on his claims of burning eyes, itchy and runny nose, nausea, and vomiting. Marshall's only specific causation testimony relates to his claims of asthma/coughing. However, his only specific causation expert is unable to opine

---

[75] See Exhibit J page Cole-CM00848.
[76] See Exhibit J page Cole-CM00848.
[77] See exhibit A pages 286-287, Marshall has not talked with doctors, any expert, or any health care provider about his fears of cancer.
[78] See Federal R. Evid. 403 (2009).
[79] See Smith v. A.C. & S. Inc., 843 F. 2d 854, 859 (5th Cir. 1988) excluding plaintiff's fear of developing cancer due to exposure of asbestos.

that his alleged symptoms were more likely than not caused by alleged formaldehyde exposure. Furthermore, Marshall's case lacks any evidence of the actual dose of his exposure.

For the foregoing reasons, Defendant requests that the Court grant summary judgment in its favor, dismissing all of Charles Marshall's claims, including his fear of cancer claims, with prejudice, and assessing the costs of these proceedings against Plaintiff.

>Respectfully submitted,
>**ALLEN & GOOCH**
>
>*/s/ Brent M. Maggio*
>BRENT M. MAGGIO, T.A., # 19959
>MARK W. VERRET, #23583
>LORI D. BARKER, # 31687
>SCOTT F. DAVIS, # 26013
>JEFFREY E. MCDONALD, # 33270
>3900 N. Causeway Blvd, Suite 1450
>Metairie, Louisiana 70002
>Tel: 504.836.5260
>Fax: 504.836.5265
>***Attorneys for Sun Valley, Inc.***

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically filed on the 22nd day of August, 2011, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and, it will be emailed to all Liaison Counsel, Government Counsel, and counsel for the above-captioned plaintiff.

>*/s/ Brent M. Maggio*
>BRENT M. MAGGIO