UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | **FEMA TRAILER** | * | **MDL NO. 1873** |
| | **FORMALDEHYDE** | * | |
| | **PRODUCTS LIABILITY** | * | |
| | **LITIGATION** | * | **SECTION: "N"(5)** |
| | | * | |
| **This Document Relates to:** | | * | **JUDGE: ENGELHARDT** |
| *Gerard Hobden, et al versus* | | * | |
| *SunnyBrook RV, Inc., et al* | | * | **MAG: CHASEZ** |
| *E.D. La. Suit No. 09-7113* | | * | |
| *and Joseph Carrier, et al. versus* | | * | |
| *SunnyBrook R.V., Inc., et al.* | | * | |
| *E.D. La. Suit No.* ~~10-1035~~ 10-1305 | | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUPPLEMENTAL REPLY TO PLAINTIFFS' SUR-REPLY TO DEFENDANT
SUNNYBROOK RV'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO
DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS #2 AND #32
RELATING TO PLAINTIFFS' FACT SHEETS**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT,** through undersigned counsel, comes defendant, SunnyBrook RV, Inc. ("SunnyBrook"), who files this Supplemental Reply to Plaintiffs' Sur-Reply (Rec. Doc. #22457) to Defendant SunnyBrook's Reply (Rec. Doc. #22331-2) to Plaintiffs' Opposition to Motion to Dismiss for Failure to Comply with Pre-Trial Orders #2 and #32 (Rec. Doc. 22291) filed on behalf of plaintiffs, Hannah Pryon, the daughter of plaintiff and next friend, Chanda Meadows, Chanda Meadows and Donna Meadows. All prior pleadings are incorporated herein by reference.

# I.

## **PROCEDURAL BACKGROUND**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 85 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" ("PFS"), which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form.[1] Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the

---

[1] See Rec. Doc. #87.
[2] See Rec. Doc. #87, p. 7.
[3] See Rec. Doc. #87, pgs. 8-9.

defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.

## LAW/ARGUMENT

### A. Amendments to Plaintiff Fact Sheets Continue to be Deficient

Plaintiffs' counsel spends a significant amount of time explaining to this Honorable Court that copies of the Amendment to the Plaintiff Fact Sheets ("PFS") for Chanda Meadows, Donna Meadows and Hannah Pryon were transmitted to Defendant Manufacturers' Liaison Counsel more than one year ago. As opposing counsel correctly points out, no Amended Fact Sheets were received by counsel for SunnyBrook until August 16, 2011. (See Exh. "1", Exh. "2"- Chanda Meadows, Exh. "3" - Donna Meadows and Exh. "4" - Hannah Pryon.)

Pretermitting the issue of the date of actual receipt by undersigned counsel of these three Amended PFS, the revised Fact Sheets do not begin to cure the deficiencies which are the subject of SunnyBrook's Motion to Dismiss the claims of Chanda Meadows, Donna Meadows and Chanda Meadows, next friend of Hannah Pryon.

In the first place, all three original PFS only list as "Defendants Named", "Champion Home Builders Co." (Rec.Doc. ##22146-7, 8, 9, 10.) The amended PFS for all three plaintiffs read the same, but previously, only one plaintiff listed SunnyBook and now all three add SunnyBrook RV, Inc. to the list of defendants named, which

---

[4] See Rec. Doc. #87, pgs. 8-9. See also Pre-Trial Order #32, Rec. Doc. #1180, p. 5.
[5] See Rec. Doc. #1180, p. 5.

includes Champion. Curiously, Champion Home Builders Co., one of the many defendant manufacturers in this litigation, was never sued by any of the three above-named plaintiffs.

Secondly, the revised PFS indicate that the United States Government provided plaintiffs with the name of the manufacturer: "Champion" and the Champion Vehicle Identification Number, with the exception of listing a SunnyBrook VIN under the name "Champion" in just one instance. (See Exhs. "2" to "4", fifth designation of temporary housing unit at the bottom of the each Exhibit.)

Further, both the earlier and the amended PFS indicates that the three plaintiffs occupied a "Mobile Home". SunnyBrook does not manufacture mobile homes.

More to the point, both Chanda and Donna Meadows listed Champion Home Builders as the manufacturer of their respective trailers on both the original and amended Fact Sheets. The move-in date on both Chanda Meadows and Hannah Pryon's original Fact Sheets is February 1, 2006, with a move-out date of January 1, 2008. Donna Meadows also lists Champion Home Builders as the manufacturer of her mobile home but with a later move-in date of June 1, 2006, and an earlier move-out date of July 1, 2007. (Donna Meadows also failed to sign the required Certification, which is yet another deficiency for which the Motion to Dismiss should be granted. Rec. Doc. #22146-9, p. 21.)

In short, the Amendments to PFS for Chanda Meadows, Donna Meadows and Hannah Pryon, while purportedly stating that plaintiffs resided in both Champion and

SunnyBrook units, still do not give defendant SunnyBrook any information as to the length of time that these plaintiffs may have resided in a SunnyBrook trailer or trailers or whether they did actually reside in a SunnyBrook travel trailer. According to plaintiffs' counsel, "Plaintiff is unclear of specific move-in, move-out dates and of the sequence of the two trailers in which plaintiff(s) lived". Inasmuch as none of the three plaintiffs has responded to plaintiff counsel's efforts to contact them, this statement is not credible.

B. <u>Rule 41(b) Provides the Basis for Dismissal for Failure to Comply with a Court Order</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[6] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him". The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[7] Additionally, Federal Rule of Civil Procedure 37(b)(2)(VI) permits the dismissal of an action as appropriate sanction for failure to comply with

---

[6] See *Berry v. CIGNA/RSI-CIGNA*, 975 F.2D 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tx*, 981 F.2d 237, 242-243 (5th Cir., 1993).

[7] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

discovery. Therefore, in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As SunnyBrook tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, defendant must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. Without a completed discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, SunnyBrook RV is prejudiced. When complete and cured Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure the noted deficiencies in these Fact Sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against SunnyBrook, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

The failure to provide specific move-in, move-out dates for the SunnyBrook travel trailers is a failure to comply with this Court's Pre-Trail Orders #2 and #32, as is the failure to sign the Certification by plaintiff, Donna Meadows.

### III.

### CONCLUSION

In sum, and putting aside the obvious reason for not complying with PTOs #2 and #32, i.e., they did not reside in SunnyBrook travel trailers, plaintiffs, Chanda Meadows, Donna Meadows and Chanda Meadows as next friend to Hannah Pryon, minor, have not provided any

move-in, move-out dates for the SunnyBrook travel trailers in their original PFS or in the Amended PFS. Defendant, SunnyBrook RV, Inc., therefore, moves for dismissal with prejudice of the claims of Chanda Meadows, Donna Meadows and Hannah Pryon in accordance with Pre-Trial Orders #2 and #32 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b) for failure to comply with Pre-Trial Orders #2 and #32.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH, APLC**

By: ___/s/ Cynthia J. Thomas___
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)**
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant, SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 22nd day of August, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery       ( ) Facsimile
( ) Prepaid U.S. Mail   ( ) UPS/Federal Express
(X) Electronic Mail     ( ) Certified Mail, Return Receipt Requested

___/s/ Cynthia J. Thomas___
**CYNTHIA J. THOMAS**