UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|    FORMALDEHYDE PRODUCTS | * | |
|    LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Destiny Anthony v. Jayco Enterprises, Inc.* | * | |
| Docket No. 09-4554 | * | MAG. JUDGE CHASEZ |
| *Yvonne Blue v. Jayco Enterprises, Inc.* | * | |
| Docket No. 09-4327 | * | |
| Plaintiff: Catherine Hue | * | |

*******************************************************************************

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

  Jayco Enterprises, Inc. (Jayco), Shaw Environmental, Inc., CH2M Hill Constructors, Inc. and Fluor Enterprises, Inc., moves this Honorable Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Catherine Hue (Plaintiff in *Anthony*, C.A. 09-4554 and *Blue*, C.A. 09-4327)

I. CREATION OF MDL AND FACT SHEET PROCESS

  The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for

"curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiff identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and

lesser sanctions would not serve the best interests of justice.[1]

The counsel for the plaintiff listed above filed *Destiny Anthony v. Jayco Enterprises, Inc.* on July 31, 2009 and a first amended complaint adding plaintiff Catherine Hue on January 22, 2010. The plaintiff listed above additionally filed *Yvonne Blue v. Jayco Enterprises, Inc.* on July 29, 2009. Jayco sent correspondence to plaintiff's counsel advising that the above mentioned plaintiff failed to provide Plaintiff Fact Sheets. (*See* correspondence to Counsel for plaintiff, April 12, 2011, attached as Exhibit "A") No response was received with respect to Catherine Hue. To date, the Plaintiff Fact Sheet has not been provided.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of this plaintiff. Thus, the Defendants move for an Order dismissing this plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that this plaintiff, Catherine Hue, be dismissed with prejudice.

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By: s/*Thomas L. Cougill*
    THOMAS L. COUGILL
    Texas State Bar No. 04877300
    Louisiana State Bar No. 31112
    R. MARK WILLINGHAM
    Texas State Bar No. 21641500
    JEFFREY P. FULTZ
    Texas State Bar No. 00790728
    Mississippi Bar No. 101058
    Niels Esperson Building
    808 Travis Street, Suite 1608
    Houston, Texas 77002
    (713) 333-7600 – Telephone
    (713) 333-7601 – Facsimile

    **Attorneys for Jayco Enterprises, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: s/*Gerardo R. Barrios*
    ROY C. CHEATWOOD (La. Bar No. 4010)
    GERARDO R. BARRIOS (La. Bar No. 21223)
    M. DAVID KURTZ (La. Bar No. 23821)
    KAREN KALER WHITFIELD (La. Bar No. 19350)
    WADE M. BASS (La. Bar No. 29081)
    No. 3 Sanctuary Boulevard, Suite 201
    Mandeville, La 70471
    (985) 819-8400 – Telephone
    (985) 819-8484 – Facsimile
    rcheatwood@bakerdonelson.com
    gbarrios@bakerdonelson.com
    dkurtz@bakerdonelson.com
    kwhitfield@bakerdonelson.com
    wbass@bakerdonelson.com

    **Attorneys for CH2M Hill Constructors, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By: s/*M. David Kurtz*
M. DAVID KURTZ (#23821)
KAREN KALER WHITFIELD (#19350)
CATHERINE N. THIGPEN (#30001)
201 St. Charles Avenue, Suite 3600
(504) 566-5200 – Telephone
(504) 636-4000 – Facsimile

**Attorneys for Shaw Environmental, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By: s/*Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 & Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
(214) 220-6334 – Telephone
(214) 220-6807 – Facsimile

-and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

-and-

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 23rd day of August, 2011.

                                                   s/*Thomas L. Cougill*
                                                THOMAS L. COUGILL