UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Gilmore v. Forest River, Case No. 09-6588* | * | |
| | * | JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") moves this Honorable Court for an Order granting Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets with respect to the claims of the following plaintiffs, with prejudice.  These plaintiffs include:

Gilmore, Joseph Sr.
Gilmore, Mathilda

## I.   BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the

Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* . at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

The plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

a.   LAW AND ARGUMENT

Here, Forest River respectfully submits that the plaintiffs identified above have failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is

2

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In this case, Forest River has no record of ever receiving a PFS from any of the above listed plaintiffs. Even after the start of the deficiency notice process, as discussed in more detail below, no PFS was received. The failure of each of the above listed plaintiffs to produce a PFSs in response to Forest River's deficiency notice is the subject of this motion to dismiss. During the deficiency notice process, Forest River reviewed each of the complaints and compiled a list of those plaintiffs suing Forest River where no record existed of ever receiving a PFS. Forest River then sent deficiency letters to plaintiffs' counsel stating that no PFS had been received for each of the identified plaintiffs. Copies of these Initial Deficiency Letters sent to counsel for each of the plaintiffs listed above are attached hereto as "Exhibit A," in globo.  Forest River never received a PFS for the above listed plaintiffs in response to the Initial Deficiency Letters.

Based on the failure of the above listed plaintiffs to produce a PFS as required by PTO Nos. 2 and 32, Forest River moves for an Order dismissing the claims brought by each of these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it.

The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. Without this simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

In accordance with Pre-Trial Orders 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing all claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**


BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**


## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on August 26, 2011 via electronic filing.


/s/ Ernest P. Gieger, Jr.