# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Kasinda Brumfield obo K.B., et al v.* | * | Magistrate: Chasez |
| *Pilgrim International, Inc., et al* | * | |
| *No: 10-2248* | * | |

*************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets.

### I.      Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues.  This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1].  Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3]   The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4]   These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.    Law and Argument

1. **Javious Magee's** Plaintiff Fact Sheet is unsigned and undated.[6]  Counsel for Mover reviewed it and deemed it insufficient.   A Plaintiff Fact Sheet includes 121 questions to be answered.   Javious Magee left 87 of them blank or responded insufficiently.  Counsel for Mover drafted a Rule 37 letter on March 24, 2011 to outline

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, P.5.
[6] See Exhibit A.

the deficiencies.[7]  In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which still leave many key deficiencies.[8]

Plaintiff has not identified what symptoms he experienced, if any at all.[9]  He has not answered whether he is making a claim for emotional damages, medical expenses, or lost wages.[10]  He has not provided the dates he moved into or out of the FEMA trailer.[11] He has also failed to provide the physical address for the trailer.[12]  Plaintiff has not indicated the average number of hours he spent in the trailer each day.[13]  Plaintiff has not provided any information regarding his own smoking history.[14]  He also fails to answer whether he has ever suffered from lung or other respiratory disease or skin disease.[15] Finally, he has not identified the doctor or health care provider who treated him for each disease, illness or injury he claims to have suffered as a result of living in a FEMA trailer.[16]  The Plaintiff Fact Sheet for Javious Magee is incomplete.

2. **Ryan Parker's** Plaintiff Fact Sheet is unsigned and undated.[17]  Counsel for Mover reviewed it and deemed it insufficient.  A Plaintiff Fact Sheet includes 121 questions to be answered.  Ryan Parker left 65 of them blank or responded insufficiently. Counsel for Mover drafted a Rule 37 letter on March 24, 2011 to outline the

---

[7] See Exhibit B.
[8] See Exhibit C.
[9] See Exhibits A and C.
[10] See Exhibits A and C.
[11] See Exhibits A and C.
[12] See Exhibits A and C.
[13] See Exhibits A and C.
[14] See Exhibits A and C.
[15] See Exhibits A and C.
[16] See Exhibits A and C.
[17] See Exhibit D.

deficiencies.[18]  In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which still leave many key deficiencies.[19]

Plaintiff has not answered whether he is making a claim for emotional damages, medical expenses, or lost wages.[20]  He has not provided the Bar Code number for the FEMA housing unit.[21]  He has not indicated the average number of hours he spent in the trailer each day.[22]  Plaintiff has also failed to answer whether he has ever suffered from lung or other respiratory disease or skin disease.[23]  Finally, plaintiff fails to identify the doctor or health care provider who treated him for each disease, illness, or injury he claims to have suffered as a result of living in a FEMA trailer or mobile home.[24]  The Plaintiff Fact Sheet for Ryan Parker is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[25] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of

---

[18] See Exhibit E.
[19] See Exhibit F.
[20] See Exhibits D and F.
[21] See Exhibits D and F.
[22] See Exhibits D and F.
[23] See Exhibits D and F.
[24] See Exhibits D and F.

justice."[26]      Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Orders No. 2 & 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 2 & 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure a Plaintiff Fact Sheet, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.    Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure a Plaintiff Fact Sheet deficiency within thirty (30) days of the deficiency notice would result in dismissal with prejudice.  In accordance with the Court's Pre-Trial

---

[25] See *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 243 (5th Cir.1993).

[26] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, ***Javious Magee and Ryan Parker*** ,with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS

BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY

EMAILING THE SAME TO EACH, PROPERLY

THROUGH THE COURT'S E-FILING SYSTEM

ON THIS __31st_ DAY OF ___August_, 2011..

_____/s Eric B. Berger _____

_____/s Eric B. Berger ____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290