IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Janice Currie, et al v. Pilgrim* | * | Magistrate: Chasez |
| *International, Inc., et al* | * | |
| *No: 09-7909* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets.

I.     Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.   Law and Argument

1. Initially, Counsel for Mover did not receive a Plaintiff Fact Sheet for **Ashley Wallace**. Therefore, Counsel for Mover sent a Rule 37 letter on December 6, 2010 requesting the Plaintiff Fact Sheet.[6] Plaintiff then submitted an Amendment to the

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9.  See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, P.5.
[6] See Exhibit A.

Plaintiff Fact Sheet[7] and, thereafter, the Plaintiff Fact Sheet itself, which is dated June 17, 2009.[8] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Ashley Wallace left 55 of them blank or responded insufficiently.

Counsel for Mover drafted a Rule 37 letter on March 23, 2011 to outline the deficiencies.[9] In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers, which still left 44 blanks.[10] Plaintiff responded that she does not recall to most of the questions.

There are "key" deficiencies remaining. A "key deficiency is that plaintiff does not state the number of hours she spent in the FEMA trailer each day.[11] She also fails to answer whether she is making a claim for mental or emotional damages, medical expenses, or lost wages.[12] Furthermore, other important information is missing. For example, Plaintiff does not provide any family, employment or education history.[13] She also fails to answer whether air quality tests were ever performed.[14] The Plaintiff Fact Sheet for Ashley Wallace is incomplete.

2. Initially, Counsel for Mover did not receive a Plaintiff Fact Sheet for **Filbert Simpson**. Therefore, Counsel for Mover sent a Rule 37 letter on December 6, 2010

---

[7] See Exhibit B.
[8] See Exhibit C.
[9] See Exhibit D.
[10] See Exhibit E.
[11] See Exhibits C and E.
[12] See Exhibits C and E.
[13] See Exhibits C and E.
[14] See Exhibits C and E.

requesting the Plaintiff Fact Sheet.[15] Plaintiff then submitted an Amendment to the Plaintiff Fact Sheet[16] and, thereafter, the Plaintiff Fact Sheet itself, which is undated.[17] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Filbert Simpson left 11 of them blank or responded insufficiently.

Counsel for Mover drafted a Rule 37 letter on March 23, 2011 to outline the deficiencies.[18] In response to Mover's Rule 37 letter, plaintiff sent Plaintiff Fact Sheet Deficiency Answers.[19] Plaintiff still has not provided the dates he moved into and out of the FEMA trailer. These are "key" deficiencies. Mover is entitled to know the period during which plaintiff occupied a trailer manufactured by Pilgrim. The Plaintiff Fact Sheet for Filbert Simpson remains incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[20] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of

---

[15] See Exhibit F.
[16] See Exhibit G.
[17] See Exhibit H.
[18] See Exhibit I.
[19] See Exhibit J.

justice."[21]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Orders No. 2 & 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure a Plaintiff Fact Sheet, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure a Plaintiff Fact Sheet deficiency within thirty (30) days of the deficiency notice would result in dismissal with prejudice.  In accordance with the Court's Pre-Trial

---

[20] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 243 (5th Cir.1993).
[21] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, Ashley Wallace and Filbert Simpson, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __31st_ DAY OF ___August_, 2011..

____/s Eric B. Berger_____

____/s Eric B. Berger____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290