UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL. NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| **This Document Relates To:** | * | |
| *Darryl Hood, et al v. Recreation by* | * | MAGISTRATE:  CHASEZ |
| *Design, LLC, et al,* 09-8406 | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims of plaintiffs, Travis Davis, Linda Davis-Lutcher, Linda Davis-Lutcher on behalf of Elizabeth Miller, Kanytta Miller, Raven Miller, and Travis Davis, Jr., Kendra Vason, and Kendra Vason on behalf of Terrill Vason and Trevor Vason, as to Recreation by Design, LLC only, with *prejudice*, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets.

**I.    FACTUAL BACKGROUND**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To date, the Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation.  In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No. 2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"),

1

in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also provided deadlines for the completion of PFS as well as consequences for failure to meet those deadlines.[3] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[4] Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

## II.   LAW AND ARGUMENT

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[5] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[6] Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pg. 8.
[4] *See* R. Doc. No. 1180.
[5] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).
[6] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

The instant matter, *Darryl Hood, et al. v. Recreation by Design, LLC*, *et al,* Docket No. 2:09-cv-8406, was filed on December 28, 2009. Because plaintiffs named in the *Hood* matter were added as plaintiffs in the MDL on December 28, 2009, PTO No. 32, Section G, governs the submittal of their PFS. This section states:

> For any Complaint filed after November 30, 2009 and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

Section G of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *Hood* matter to submit a PFS was "30 days from the day of filing of the individual claims". To date, Travis Davis, Linda Davis-Lutcher, Linda Davis- Lutcher on behalf of Elizabeth Miller, Kanytta Miller, Raven Miller, and Travis Davis, Jr., Kendra Vason, and Kendra Vason on behalf of Terrill Vason and Trevor Vason, have not submitted a PFS. As such, in accordance with PTO No. 32, the proper remedy is dismissal of their claims, *with prejudice.*

On April 14, 2011, the Mover, through undersigned counsel, notified The Buzbee Law Firm in writing (with a copy to the Plaintiff Steering Committee, Defense, Contractor and Insurance liaison counsel as well as counsel for FEMA), that plaintiffs, Travis Davis, Linda Davis-Lutcher, Linda Davis- Lutcher on behalf of Elizabeth Miller, Kanytta Miller, Raven Miller, and Travis Davis, Jr., Kendra Vason, and Kendra Vason on behalf of Terrill Vason and Trevor Vason, had not submitted a PFS as directed by PTO Nos. 2 and 32.[7] Counsel for plaintiffs responded that it understood that these plaintiffs did not reside in a RBD unit, and that it would not oppose a partial dismissal of the plaintiffs' claims as to RBD only.[8]

---

[7] *See* Exhibit "A".
[8] *See* Exhibit "B".

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

### III.   CONCLUSION

As established above, plaintiffs, Travis Davis, Linda Davis-Lutcher, Linda Davis-Lutcher on behalf of Elizabeth Miller, Kanytta Miller, Raven Miller, and Travis Davis, Jr., Kendra Vason, and Kendra Vason on behalf of Terrill Vason and Trevor Vason, have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by RBD should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

 /s/ Kelly M. Morton
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: kmorton@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

 /s/ Kelly M. Morton
KELLY M. MORTON, Bar No. 30645