UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO:   MDL 1873 (N-5) |

This Document Relates to:
*Eric Forsythe, Jr., et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 10-3833*                                        :           MAG. JUDGE ALMA L. CHASEZ
Plaintiff:     *Eric Forsythe, Jr.*
               *Eric Forsythe, Jr., obo E. F. III*

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court to dismiss the claims of the following

plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32

and 88 relating to producing Plaintiff Fact Sheets:

- Eric Forsythe, Jr., (Plaintiff in *Eric Forsythe, Jr., et al v. Sun Valley, Inc., et al*, No. 10-3833)

- Eric Forsythe, Jr. on behalf of the minor E. F. III, (Plaintiff in *Eric Forsythe, Jr., et al v. Sun Valley, Inc., et al*, No. 10-3833)

## I.     CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007.  On January 30, 2008, the Court

entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff

Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing"

deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet.  In sum, PTO 2 required plaintiffs to produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a PFS or identifying material deficiencies in the PFS produced, and state that dismissal would be sought if the plaintiff failed to produce or cure the PFS within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.)  PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No  88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced the responses a plaintiff was required to provide to "twenty-three (23) key questions" in the PFS and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant's deficiency notice was sent after March 24, 2011.

II.     PLAINTIFFS FAILED TO CURE THEIR UNMATCHED AND DEFICIENT PFS.

On October 15, 2010, plaintiffs filed Plaintiffs' Amending Complaint for Damages naming Sun Valley as a defendant in an action entitled *Eric Forsythe, Jr, et al v. Sun Valley, Inc., et al,* EDLA No. 10-3833. (Rec. Doc. 1.) Plaintiffs have failed to produce a PFS providing information identifying the travel trailer they occupied. In short, plaintiffs have to provide a PFS that matches them to Sun Valley.

1.    Eric Forsythe, Jr.

Attached is the PFS received for Eric Forsythe, Jr.  (Ex. A), which fails to provide identifying information for the travel trailer he occupied. (See Section V(A)(1)-(4).) On April 4, 2011, Sun Valley sent correspondence to plaintiffs' counsel requesting a PFS that identified the travel trailer Mr. Forsythe occupied. (Ex. B) In response, Mr. Forsythe produced a PFS that still did not provide information identifying the travel trailer he occupied. (Ex. C, at Section V(A)(1)-(4).)

2,    Eric Forsythe, Jr. on behalf of the minor, E. F. III

Attached is the PFS received for Eric Forsythe, Jr., obo E. F. III (Ex. D), which fails to provide identifying information for the travel trailer he occupied. (See Section V(A)(1)-(4).) On April 4, 2011, Sun Valley sent correspondence to plaintiffs' counsel requesting a PFS that identified the travel trailer Mr. Forsythe occupied. (Ex. E) In response, Mr. Forsythe produced a PFS that still did not provide information identifying the travel trailer he occupied. (Ex. F, at Section V(A)(1)-(4))

III.    LAW AND ARGUMENT

Plaintiffs' PFS fails to identify the travel trailer they occupied and, more importantly, fails to provide information matching them to Sun Valley. The matching process is complete. As a result, no further opportunity to cure their PFS can cure this deficiency.

Sun Valley respectfully submits that plaintiffs have failed to comply with the Court's orders relating to PFS and their claims should be dismissed.  Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based on the court's power to manage and administer its own affairs,

and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

## IV.     CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of Eric Forsythe, Jr., individually and on behalf of the minor, E. F. III. As it prepares for additional litigation, evaluates settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs answer only 23 key questions and sign their PFS. Without this discovery, Sun Valley is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pre-Trial Orders No. 2, 32 and 88, and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the motion to dismiss filed by Sun Valley against Eric

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

Forsythe, Jr., individually and on behalf of the minor E. F. III, should be granted, dismissing their claims with prejudice.

Respectfully submitted

Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:**      337-232-9700
**FAX:**           337-235-4943
**E-Mail: lpd@vojalaw.com**
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue

Lamont P. Domingue