UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY<br>LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO:   MDL 1873 (N-5) |

This Document Relates to:
*Charles E. Henderson, et al, vs.*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-8394*                      :        MAG. JUDGE ALMA L. CHASEZ
Plaintiff:     *Charles Henderson*
*Kechia Johnson obo K.J., Minor*
*Kechia Johnson obo Al.J., Minor*
*Kechia Johnson obo Am.J., Minor*
*Kechia Johnson, individually*

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims

of the following plaintiffs, with prejudice, for failure to comply with the terms of Pretrial

Orders No. 2, 32 and 88 relating to providing Plaintiff Fact Sheets:

- Charles Henderson, (Plaintiff in Charles Henderson, et al v. Sun Valley, Inc., et al, EDLA No. 09-8394)

- Kechia Johnson on behalf of K.J., Minor, (Plaintiff in Charles Henderson, et al v. Sun Valley, Inc., et al, EDLA No. 09-8394)

- Kechia Johnson on behalf of Al.J., Minor, (Plaintiff in Charles Henderson, et al v. Sun Valley, Inc., et al, EDLA No. 09-8394)

- Kechia Johnson on behalf of Am.J., Minor, (Plaintiff in Charles Henderson, et al v. Sun Valley, Inc., et al, EDLA No. 09-8394)

- Kechia Johnson, individually (Plaintiff in Charles Henderson, et al v. Sun Valley, Inc., et al, EDLA No. 09-8394)

I.    CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet.  Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies in the PFS they produced. *Id.* at p. 8-9. The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days. *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23)

key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.      PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

On December 28, 2009, the plaintiffs listed above filed a matched Amended Complaint for Damages naming Sun Valley, Inc., entitled *Charles E. Henderson, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8394. (Rec. Doc. 1, EDLA No. 09-8394) Thereafter, the plaintiffs sought to be dismissed failed to comply with this Court's pretrial orders governing the production and curing of PFS.

1.      Charles Henderson

Attached is the PFS received for Charles Henderson, which is unsigned and deficient. (Ex. A) Sun Valley notified counsel for Mr. Henderson that his PFS was unsigned and deficient on June 21, 2010. (Ex. B) Mr. Henderson failed to produce a signed and cured PFS in response to Sun Valley's June 2010 deficiency notice. The 30-day time period to produce a cured PFS under then controlling PTO 2 and 32 expired, and Mr. Henderson's claims should be dismissed. On May 4, 2011, Mr. Henderson produced an "Errata Sheet" providing information matching him to a Sun Valley VIN. (Ex. C) However, he did not sign the "Errata Sheet" and has never produced a signed PFS. PTOs 2, 32 and 88, all require the PFS be verified/signed by the plaintiff. Mr. Henderson has failed to comply with this requirement of the pretrial orders and his claims should be dismissed with prejudice.

2.      Kechia Johnson on behalf of K.J., Minor

Sun Valley has never received a PFS from Kechia Johnson on behalf of K.J., a minor. Sun Valley requested counsel for plaintiff produce a PFS on April 4, 2011. (Ex. D) Plaintiff failed to respond to Sun Valley's request for a PFS. The time to produce a PFS has expired and the claims of Kechia Johnson on behalf of K.J., a minor, should be dismissed with prejudice for failure to comply with PTOs 2, 32 and 88.

3.      Kechia Johnson on behalf of Al.J., Minor,

Sun Valley has never received a PFS from Kechia Johnson on behalf of Al.J., a minor. Sun Valley requested counsel for plaintiff produce a PFS on June 9, 2011. (Ex. E) Plaintiff failed to respond to Sun Valley's request for a PFS. The time to produce a PFS has expired and the claims of Kechia Johnson on behalf of Al.J., a minor, should be dismissed with prejudice for failure to comply with PTOs 2, 32 and 88.

4.      Kechia Johnson on behalf of Am.J., Minor

Attached is the PFS received for Kechia Johnson on behalf of Am.J., Minor, which is unsigned and fails to answer key questions required by Pretrial Order No. 88. (Ex. F)  Sun Valley notified counsel for plaintiff of the deficient PFS on April 4, 2011, and again on June 9, 2011. (Ex. G) Plaintiff failed to respond to both request and the time to cure the PFS has expired. Plaintiff's PFS is **unsigned** and fails to provide answers to the following key questions, and should be dismissed for failure to comply with PTOs 2, 32 and 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Date of Birth | IV.C. |
| Manufacturer | V.A.1. |
| Vin # | V.A.2. |
| FEMA I.D. # | V.A.3. |
| Bar Code | V.A.4. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |

| Installation Address | V.A.8. |
|---|---|
| Names of all trailer residents | V.E. (Only if no VIN provided) |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |
| Signature | |

5.    Kechia Johnson, individually

After filing her matched lawsuit on December 12, 2009, Kechia Johnson failed to produce a PFS to Sun Valley within the deadlines established by PTOs 2 and 32. On December 15, 2010, Sun Valley requested that plaintiff's counsel produce a completed and signed PFS in accordance with the Court's pretrial orders. (Ex. H) In response, Ms Johnson produced an "Errata Sheet" stating that she produced a PFS to "defense counsel on 16-Jul-08" and identifying the Sun Valley as the manufacturer of the travel trailer she occupied. (Ex. I) The "Errata Sheet" was not signed by Ms. Johnson. (Id.)

On April 4, 2011, Sun Valley again requested that plaintiff's counsel produce a completed and signed PFS for Ms. Johnson. (Ex. J.) Plaintiff's counsel responded on May 4, 2001, by providing an unsigned, unmatched and deficient PFS for Ms. Johnson. (Ex. K) On June 6, 2011, Sun Valley notified plaintiff's counsel that Ms. Johnson's PFS was unsigned, unmatched and otherwise deficient. (Ex. L) Plaintiff's counsel responded on June 30, 2011, stating that her "signed" PFS was produced to "defense counsel" by the "claims

office" on July 16, 2008, and attaching duplicate copies of the "unsigned" PFS and "Errata Sheet." (Ex. M)

Ms. Johnson's **unsigned** and **unmatched** PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Vin # | V.A.2. ("unknown at this time") |
| FEMA I.D. # | V.A.3. ("unknown at this time") |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. ("unknown at this time") |
| Move Out Date | V.A.7. ("unknown at this time") |
| Installation Address | V.A.8. ("unknown at this time") |
| Plaintiff's Smoking History | VI.C. ("unknown at this time") |
| Smoking History of Other Resident(s) | VI.D. ("unknown at this time") |
| Future Medical Claim | III.C.2. ("unknown at this time") |
| Diagnosed Illness | III.C.3. ("unknown at this time") |
| Treatment for Formaldehyde Injury | VII.B. ("unknown at this time") |
| Psychological Treatment | III.C.8. ("unknown at this time") |
| Prior Medical History | VI(F)(1&4) ("unknown at this time") |
| Produce Records | VIII (A-D) ("unknown at this time") |
| If requesting medical expenses | III.C.9. ("unknown at this time") |
| If making a wage claim | IV.F.3 ("unknown at this time") |
| Number of hours spent in trailer/day | V.A.13 ("unknown at this time") |
| Signature | |

Sun Valley has no record of receiving a signed PFS from Ms. Johnson. Assuming for the sake of discussion that a signed PFS was produced by the "claims office" to "defense counsel" on July 18, 2008 (before Ms. Johnson filed her matched lawsuit against Sun Valley), the duplicate, unsigned version of Ms. Johnson's PFS clearly reveals she has made no effort to comply with this Court's pretrial orders regarding the production and curing of PFS. She has failed to provide any information matching her to a Sun Valley travel trailer. In addition, and most revealing of Ms. Johnson's contumacious failure to supplement her responses or otherwise comply with the orders of this Court, are her answers to the key

questions about her prior medical history. Sections VI(F)(1) and (4) of the PFS asks whether the plaintiff ever suffered from "Lung or other respiratory disease" or "skin disease," to which Ms. Johnson responded "unknown at this time." (Ex. K) She provided the same, "unknown at this time" answer to the questions about whether she was or had been a smoker. (Ex. K, at Section VI(C).) In sum, Ms. Johnson is **not matched** to Sun Valley and her PFS clearly demonstrates a complete failure to meaningfully comply with PTOs 2, 32 and 88, and her claims should be dismissed with prejudice.

III.    LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs identified above have failed to comply with the Court's orders relating to PFS and their claims should be dismissed   Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.   The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).  Specifically, Rule 41(b) states:  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

---

[1]    *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

Sun Valley anticipates that plaintiffs will argue that they "substantially complied" with this court's pretrial orders regarding the production of PFS. Any such argument is without merit. Through PTO 88, this Court greatly reduced plaintiffs' burden of completing a PFS by only requiring them to answer "twenty-three (23) key questions." After each of the above named plaintiffs received a deficiency notice, they failed to respond with a cured PFS answering the reduced key questions. As a result, they have failed to substantially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to substantially comply with PTOs 2, 32 and 88. No additional chance to cure their deficiencies is warranted or justified.

IV.    CONCLUSION

Thus, Sun Valley moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, the plaintiffs identified above have failed to comply

with this streamlined process. Without this simulated discovery response, Sun Valley is significantly prejudiced, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against: Charles Henderson; Kechia Johnson on behalf of K.J., Minor; Kechia Johnson on behalf of Al.J., Minor; Kechia Johnson on behalf of Am.J., Minor; and Kechia Johnson, individually, should be granted, dismissing the claims of these plaintiffs against Sun Valley with prejudice.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
PHONE:      337-232-9700
FAX:        337-235-4943
E-Mail: lpd@volalaw.com
Attorneys for Sun Valley, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue

Lamont P. Domingue