UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO:  MDL 1873 (N-5) |
| This Document Relates to:<br>*Dartez Cockheran et al v.*<br>*Sun Valley, Inc. et al*<br>E.D. La. Suit No. 09-6316<br>Plaintiff:  Dartez Cockheran<br>Shelisa Cockheran<br>Shi'nece Cockheran | : | MAG. JUDGE ALMA L. CHASEZ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court to dismiss the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to producing Plaintiff Fact Sheets:

- Dartez Cockheran (Plaintiff in *Dartez Cockheran, et al v. Sun Valley, Inc., et al*, No. 09-6316)

- Shelisa Cockheran (Plaintiff in *Dartez Cockheran, et al v. Sun Valley, Inc., et al*, No. 09-6316)

- Shi'Nece Cockheran (Plaintiff in *Dartez Cockheran, et al v. Sun Valley, Inc., et al*, No. 09-6316)

I.   CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. In sum, PTO 2 required plaintiffs to produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a PFS or identifying material deficiencies in the PFS produced, and state that dismissal would be sought if the plaintiff failed to produce or cure the PFS within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.) PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced the responses a plaintiff was required to provide to "twenty-three (23) key questions" in the PFS and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant's deficiency notice was sent after March 24, 2011.

II.   PLAINTIFFS FAILED TO PRODUCE A PFS.

On September 15, 2009, plaintiffs filed a matched Amended Complaint for Damages naming Sun Valley as a defendant in the action entitled *Dartez Cockheran, et al v. Sun Valley, Inc., et al*, EDLA No. 09-6316. (Rec. Doc. 1 in EDLA No. 09-6316.) Plaintiffs did not timely produce a PFS. On June 9, 2011, Sun Valley sent correspondence to plaintiffs'

counsel requesting a PFS for Dartez Cockheran, Shelisa Cockheran, and Shi'Nece Cockheran. (Ex. A) Plaintiffs have failed to produce a PFS and the time to produce a PFS has expired.

## III.  LAW AND ARGUMENT

Sun Valley respectfully submits that plaintiffs have failed to comply with the Court's orders relating to PFS and their claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

## IV.  CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of Dartez Cockheran, Shelisa Cockheran, and Shi'Nece Cockheran. As it prepares for additional litigation, evaluates settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v Thompson*, 430 F2d 1214 (5th Cir. 1970).

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs answer only 23 key questions and sign their PFS. Without this discovery, Sun Valley is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pre-Trial Orders No. 2, 32 and 88, and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the motion to dismiss filed by Sun Valley against Dartez Cockheran, Shelisa Cockheran, and Shi'Nece Cockheran, should be granted, dismissing their claims with prejudice.

Respectfully submitted

Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:**   337-232-9700
**FAX:**        337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Unopposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue