UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                               MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                            SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-4730

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 20886), filed by defendant Crum & Forster Specialty Insurance Company.

Crum & Forster moves to dismiss with prejudice the claims of the following six plaintiffs on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Vernon Bold; (2) Laura Domingo; (3) Clifton Duet; (4) Michael Labat, Jr.; (5) Brandi Saunders on behalf of minor B.S.; and (6) Penny Saunders.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should

1

be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).

Here, in 2010, defendant Crum & Forster sent letters to plaintiffs' counsel specifying alleged material deficiencies with respect to each of the six plaintiffs named above. In an effort to cure the deficiencies, plaintiffs' counsel sent at least one supplemental response with respect to each of the six plaintiffs. For certain plaintiffs, counsel sent more than one supplemental response. However, in each case, the supplemental responses were largely generic, boilerplate, or non-responsive (e.g., "Will Supplement" or "I do not recall...."). The responses of plaintiffs Vernon Bolds and Clifton Duet are particularly egregious in their deficiency, failing to answer even the most basic questions about the nature of their claims, such as whether they are claiming lost wages, medical expenses, or emotional or mental injury. The remaining four plaintiffs (Laura Domingo, Penny Saunders, Michael Labat, Jr., and Brandi Saunders on behalf of the minor B.S.) have failed to provide substantial information regarding their prior medical history, among other things.

Moreover, based upon affidavits submitted by plaintiffs' counsel, it appears that despite numerous and varied efforts by plaintiffs' counsel to locate and contact the plaintiffs regarding the PFS deficiencies, at least four plaintiffs (Vernon Bold, Laura Domingo, Clifton Duet, and Penny Saunders) have failed to respond to any request. (Rec. Doc. 22092-1). With regard to plaintiff Michael Labat, Jr. and plaintiff Brandi Saunders on behalf of the minor B.S., the record is more equivocal on the issue of their failure to cooperate in the prosecution of their claims. In Plaintiffs' Sur-Response, plaintiffs' counsel states that it "has made numerous attempts to contact Michael Labat, Jr. [and Brandi Saunders], but has not been successful in reaching him [or her]." (Rec. Doc. 22092 at pp. 7-8). In affidavits, however, the project coordinator working for plaintiffs' counsel states that Michael Labat, Jr. and Brandi Saunders have responded to at least certain of the requests

sent, although it is unclear which ones and how recently this occurred. (Rec. Doc. 22092-1).

B. **APPLICABLE LAW**:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be

attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

Plaintiffs argue that plaintiffs' counsel has made a good faith effort to cure deficient responses, that many of the remaining deficiencies are *de minimus* and not material, and that plaintiffs should not be punished for being unable to recall certain information. The Court disagrees that the deficiencies are not material. Each of the six plaintiffs has failed to answer basic questions about their relevant medical histories, and plaintiffs Bolds and Duet have additionally failed to provide the most fundamental information about the nature of their claims. The Court finds that the defendants have been prejudiced by their inability to learn these most basic facts.

Moreover, while the Court agrees that a genuine inability to recall certain specific information might be a matter of witness credibility rather than noncompliance with discovery orders, the generic nature of many of the plaintiffs' responses make such a finding here impossible. In order to provide specific and individual responses, plaintiffs' counsel must be able to contact and communicate with their clients. Herein lies the problem. Although plaintiffs' counsel has tried for several months to a year to reach the plaintiffs with regard to these deficiencies, they were unable to do so, at least with regard to four of the plaintiffs. Despite plaintiffs' counsel's efforts, these four plaintiffs failed to respond to any request. Thus, with regard to these four plaintiffs (Vernon Bold, Laura Domingo, Clifton Duet, and Penny Saunders), the Court finds that there is a clear record of delay and contumacious conduct and that the blame for this delay and failure to prosecute lies with

the plaintiffs themselves, not with counsel.  Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that months of efforts by counsel for plaintiffs and defendants have failed to produce any effort by these plaintiffs to provide the missing information necessary to prosecute their claims.  In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal.  In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity.  Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiffs Vernon Bold, Laura Domingo, Clifton Duet, and Penny Saunders.

As to plaintiffs Michael Labat, Jr. and Brandi Saunders on behalf of the minor B.S., the record is less clear as to whether and to what extent the blame for the failure to comply with this Court's orders lies with the plaintiffs themselves and not with counsel.  The plaintiffs' sur-response states clearly that plaintiffs' counsel has been unsuccessful in reaching these plaintiffs, but the affidavits suggest otherwise.  Therefore, the Court concludes that it should grant these two plaintiffs one final opportunity to cure their PFS deficiencies.  They shall have fifteen days to so do.  If they fail to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received.[1]

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with**

---

[1] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

**Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 20886)** is hereby

**DENIED IN PART**, in that it is denied as to plaintiff Michael Labat, Jr. and plaintiff Brandi Saunders on behalf of the minor B.S., and

**GRANTED IN PART**, in that it is granted as to plaintiffs Vernon Bold, Laura Domingo, Clifton Duet, and Penny Saunders. Therefore, the claims of plaintiffs Vernon Bold, Laura Domingo, Clifton Duet, and Penny Saunders are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff Michael Labat, Jr. and plaintiff Brandi Saunders on behalf of the minor B.S. shall cure within fifteen (15) days any material deficiencies in their respective Plaintiff Fact Sheets, as specified in defendant Crum & Forster's letters regarding these two plaintiffs, dated May 26, 2010, by providing individual and meaningful answers to the questions set forth in the PFS form. Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32.

New Orleans, Louisiana, this __2nd__ day of September, 2011.

**KURT D. ENGELHARDT**
**United States District Court**