UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                           MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                           SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-8458

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22254), filed by defendant Crum & Forster Specialty Insurance Company. Crum & Forster moves to dismiss with prejudice the claims of plaintiffs Janice Cotton and John Cotton (also referred to in certain documents as "Johnny Cotton"), on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).

Here, in August 2010, defendant Crum & Forster sent letters to plaintiffs' counsel specifying

1

alleged material deficiencies with respect to each of the two plaintiffs named above. Plaintiffs' counsel sent supplemental responses with respect to Janice Cotton, largely remedying the deficiencies, but still allegedly missing information in response to six questions, including the vehicle identification number (VIN) and bar code number for her FEMA housing unit.

No supplemental response was sent with respect to plaintiff John Cotton, other than an errata sheet dated September 2, 2010, which stated: "Plaintiff is personally not available at this time to cure deficiencies." The responses of plaintiff John Cotton are egregious in their deficiency, failing to answer even the most basic questions about the nature of his claims, such as whether he is claiming lost wages or medical expenses. He also fails to give his smoking history or list his healthcare providers, among other things. Moreover, in plaintiffs' opposition memorandum, plaintiffs' counsel states that "[r]ecent repeated attempts to contact clients and communicate with them regarding this issue has [sic] been to no avail" and that counsel has been unable "to discuss the claims with the herein-named Plaintiffs, despite repeated attempts to do so." (Rec. Doc. 22442).

## B. **APPLICABLE LAW**:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted)

(quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

In opposition to the motion, plaintiffs' counsel states that plaintiffs do not have the VIN or bar code for the housing unit and have been unable to get the information from FEMA. With regard to the other alleged deficiencies, counsel states only that he has been unable to contact the plaintiffs.

3

1. **<u>John Cotton</u>:**

With regard to plaintiff John Cotton, the Court find that the PFS deficiencies are material and egregious. His original PFS failed to answer the most fundamental information about the nature of his claims, and he failed to provide any supplemental answers in response to the defendant's letter of one year ago, other than an errata sheet by plaintiffs' counsel stating that the plaintiff was personally not available. The Court finds that the defendants have been prejudiced by their inability to learn these most basic facts. In addition, plaintiffs' counsel states that he has made repeated attempts to reach this plaintiff in order to gather the missing information but was unable to do so. Thus, with regard to plaintiff John Cotton, the Court finds that there is a clear record of delay and contumacious conduct and that the blame for this delay and failure to prosecute lies with the plaintiff himself, rather than with counsel. Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that months of efforts by counsel for plaintiffs and defendants have failed to produce any effort by this plaintiff to provide the missing information necessary to prosecute his claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff John Cotton.

2. **<u>Janice Cotton</u>:**

With regard to plaintiff Janice Cotton, the deficiencies in her PFS were largely remedied by her supplemental responses. Crum & Forster complains that the supplemental PFS left six of the

one hundred twenty-one (121) questions blank. However, it specifies only four omissions, and after reviewing the PFS responses, the Court is unable to identify any others. Specifically, Crum & Forster complains that Janice Cotton has failed to provide: 1) the VIN; 2) the bar code number on the FEMA housing unit; 3) the monetary amount of her lost income; and 4) the monetary amount of her claim for medical expenses. Plaintiff did not in fact leave any of these questions blank. Rather, in response to PFS questions V.A.2 and V.A.4, seeking the VIN and bar code, plaintiff stated that she was "awaiting disaster file." Plaintiffs' counsel in his opposition memorandum reiterates that the plaintiffs do not have the VIN or bar code numbers and have been unable to get them from FEMA. Crum & Forster has made no showing to cast doubt on the veracity of plaintiff's answers in this regard. As this Court recognized in Pre-Trial Order No. 88, "lack of knowledge can be an accurate response to a question." (Rec. Doc. 22124 at p. 3). The Court fails to see how sanctioning plaintiff for her responses to these two questions will produce a different result or serve the interests of justice.

In response to PFS question IV.F.3.a, seeking information regarding any wage loss claim, plaintiff did not leave the question blank, but rather provided information regarding her income for the previous five years. Subsection (b) of question IV.F.3, seeks: "Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost." To this question, plaintiff Janice Cotton responded: "1 or 2 months." Granted, this is not a perfectly detailed answer, but put together with the information provided regarding her yearly wages from the last five years, defendant has a good idea as to the amount of plaintiff's wage loss claim. This deficiency is not material.

Finally, in response to question III.C.9, seeking information about the amount of plaintiff's

5

claim for medical expenses, plaintiff answered: "to be determined."  Elsewhere in her PFS, plaintiff stated that she suffered from bronchitis, pneumonia, and other respiratory problems (*e.g.*, wheezing, shortness of breath) during 2006 and 2007, while residing in her FEMA housing unit.  In response to question VII.B, asking plaintiff to identify each doctor who treated her for an illness or injury allegedly suffered as a result of living in a FEMA trailer, plaintiff stated that she was treated (1) for pneumonia by an urgent care facility on Wall Boulevard in Gretna in 2007, and (2) for respiratory problems by Dr. Lawrence Giambelluca from 2006 to the present.  Thus, while missing a specific dollar amount, plaintiff's claim for medical expenses has been generally described.  Given these responses, and considering the PFS responses as a whole, the Court finds that Janice Cotton's PFS deficiencies do not satisfy the stiff requirements for dismissal under Rule 41(b) or Rule 37(b)(2). The Court can find no clear record of delay or contumacious conduct by the plaintiff, certainly no delay caused by intentional or bad faith conduct.  Nor does the Court find any actual or substantial prejudice to the defendant at this stage of the proceeding.   Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22254)** is hereby **DENIED IN PART**, in that it is denied as to plaintiff Janice Cotton, and **GRANTED IN PART**, in that it is granted as to plaintiff John Cotton (referred to in certain documents as Johnny Cotton).  Therefore, the claims of plaintiff John Cotton are hereby **DISMISSED WITH PREJUDICE** .

New Orleans, Louisiana, this   2nd   day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**