UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to: *Janet L. Johnson, et al versus Sun Valley, Inc., et al* E.D. La. Suit No. 09-8675 Plaintiffs: Janet L. Johnson Joshua Johnson Clarence Williams | : | MAG. JUDGE ALMA L. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders No. 2 and 32 relating to the provision of Plaintiff Fact Sheets:

- Janet L. Johnson (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675),
- Joshua Johnson (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675),
- Clarence Williams, (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675),

I.  CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court issued Pre-Trial Order No. 2 (PTO 2), establishing procedures for various case

management issues. PTO 2 introduced the "Plaintiff Fact Sheet" (PFS), as a substitute for initial Interrogatories and Requests for Production of Documents. (Rec. Doc. 87)  PTO 2 also established a process for "curing" PFS that were not properly completed. Under PTO 2, when any plaintiff failed to produce or complete a PFS within the timelines established by the order, counsel for the defendant was to send plaintiff's counsel a letter identifying the plaintiff's failure to produce a PFS or the deficiencies in a PFS produced by the plaintiff, and stating dismissal would be sought if the PFS was not timely produced or cured. The plaintiff was then required to submit a cured PFS within 30 days of the notification. On March 18, 2009, the Court amended PTO 2 with Pre-Trial Order No. 32 (PTO 32), which provided new deadlines within which plaintiffs were required to submit PFS to defense counsel. (Rec. Doc. 1180)

II.    LAW AND ARGUMENT

The plaintiffs identified above have failed to comply with PTO 2 and PTO 32, and this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based on the court's power to manage and administer its affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b)

is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

On December 30, 2009, plaintiffs filed a Supplemental and Amending Complaint naming Sun Valley, Inc. as a defendant in the matter of *Janet L. Johnson, et al v Sun Valley, Inc., et al,* EDLA No. 09-8675. (Rec. Doc. 1) According to PTO 32, plaintiffs were required to produce a PFS within 30 days of filing their lawsuit. On December 15, 2010, counsel for Sun Valley notified plaintiffs' counsel that Janet Johnson, Joshua Johnson and Clarence Williams had failed to produce a PFS and that if they failed to produce a PFS within the applicable deadlines, Sun Valley would move to dismiss their claims. Ex. A.

On January 24, 2011, plaintiff's counsel responded by email that they would voluntarily dismiss the claims of Janet Johnson, Joshua Johnson and Clarence Williams. Ex. B. No voluntary dismissal has been filed. On April 4, 2011, counsel for Sun Valley again notified plaintiffs' counsel that the three plaintiffs had failed to produce a PFS and that Sun Valley would move for dismissal if plaintiffs did not timely provide a PFS. Ex. C. Joshua Johnson and Clarence Williams failed to produce a PFS. Janet Johnson produced a PFS, but identifies Gulfstream as the manufacturer of the travel trailer she occupied. Ex. D. Ms. Johnson's PFS makes no reference to Sun Valley, whether by vehicle identification number or otherwise. In short, she is not matched to Sun Valley.

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

III. CONCLUSION

For the reasons set forth above, and in accordance with Pre-Trial Orders 2 and 32, and Fed. Rules Civ. Proc. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by Sun Valley, Inc. should be granted, dismissing the following plaintiffs claims, with prejudice.

- Janet L. Johnson (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675),
- Joshua Johnson (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675),
- Clarence Williams, (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675)

Respectfully submitted

**Voorhies & Labbé**

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
Phone:      337-232-9700
Fax:        337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue