UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : : : : | JUDGE KURT D. ENGELHARDT<br><br>DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to:<br>*Charlie Haas, et al versus Sun Valley, Inc., et al*<br>E.D. La. Suit No. 09-7966<br>Plaintiff:    *Charlie Haas* | : | MAG. JUDGE ALMA L. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88
RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pretrial Orders No. 2, 32 and 88 relating to providing Plaintiff Fact Sheets:

- *Charlie Haas* (Plaintiff in *Charlie Haas, et al v. Sun Valley, Inc., et al,* EDLA No. 09-7966)

I.   CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or

more responses in the fact sheet. Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies in the PFS they produced. *Id.* at p. 8-9. The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days. *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.     PLAINTIFF'S FAILURE TO CURE PFS DEFICIENCIES

On December 23, 2009, Charlie Haas filed a matched Amending Complaint for Damages naming Sun Valley, Inc., entitled *Charlie Haas, et al v. Sun Valley, Inc., et al*, EDLA No. 09-7966. (Rec. Doc. 1, EDLA No. 09-7966.) Thereafter, he failed to comply with this Court's pretrial orders governing the production and curing of PFS.

Attached is the PFS received for Charlie Haas, which fails to answer key questions required by Pretrial Order No. 88. (Ex. A) Sun Valley notified counsel for Mr. Haas of his deficient PFS on June 10, 2010, and again on April 4, 2011. (Ex. B) Mr. Haas failed to respond to Sun Valley's deficiency notice. The time to cure the PFS has expired. Mr. Haas' PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move In Date for Sun Valley | V.A.6. |
| Move Out Date | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |

III.   LAW AND ARGUMENT

Sun Valley respectfully submits that Charlie Haas has failed to comply with the Court's orders relating to PFS and his claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

Sun Valley anticipates that plaintiff will argue that he "substantially complied" with this court's pretrial orders regarding the production of PFS. Any such argument is without merit. Through PTO 88, this Court greatly reduced plaintiff's burden of completing a PFS by only requiring him to answer "twenty-three (23) key questions." After Mr. Haas received a deficiency notice, he failed to respond with a cured PFS answering the reduced key questions. As a result, he has failed to substantially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to substantially comply with PTOs 2, 32 and 88. No additional chance to cure their deficiencies is warranted or justified.

IV.    CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of Charlie Haas. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, Mr. Haas has failed to comply with this streamlined process. Without this simulated discovery response, Sun Valley is significantly prejudiced,

does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of Mr. Haas.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Charlie Haas, and should be granted, dismissing his claims against Sun Valley with prejudice.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:**    337-232-9700
**FAX:**          337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue