UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                        :        JUDGE KURT D. ENGELHARDT
        FORMALDEHYDE
        PRODUCT LIABILITY
        LITIGATION                         :        DOCKET NO:   MDL 1873 (N-5)

This Document Relates to:
*Myra Williams et al versus
Sun Valley, Inc., et al*
E.D. La. Suit No. 09-8603
Plaintiff:                                 :        MAG. JUDGE ALMA L. CHASEZ
        *Filemon Ponce*
        *Kimi Seymour*
        *Mark Tardiff*

*   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to the provisions of Plaintiff Fact Sheets:

- Filemon Ponce (Plaintiff in *Myra Williams, et al v. Sun Valley, Inc., et al,* No. 09-8603)

- Kimi Seymour (Plaintiff in *Myra Williams, et al v. Sun Valley, Inc., et al,* No. 09-8603)

- Mark Tardiff (Plaintiff in *Myra Williams, et al v. Sun Valley, Inc., et al,* No. 09-8603)

I.      CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet.  Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies in the PFS they produced. *Id.* at p. 8-9. The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days. *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.     PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

On December 29, 2009, the plaintiffs sought to be dismissed filed their matched Complaint for Damages against Sun Valley, in the matter entitled *Myra Williams, et al, v. Sun Valley, Inc., et al,* EDLA 09-8603. (Rec. Doc. No. 1, EDLA 09-8603.) Thereafter, plaintiffs failed to comply with this Court's pretrial orders governing the production and curing of PFS.

The plaintiffs sought to be dismissed failed to timely produce a PFS after filing the matched Complaint against Sun Valley. On September 23, 2010, Sun Valley sent correspondence to plaintiffs' counsel requesting that plaintiffs produced a completed and signed PFS. (Ex. A) Plaintiffs failed to timely produce a PFS. Then, on December 15, 2010, Sun Valley sent correspondence to plaintiffs' counsel again requesting a completed and signed PFS. (Ex. B) Attached are the PFS received for Filemon Ponce (Ex. C), Kimi Seymour (Ex. D) and Mark Tardiff (Ex. E), each of which is unsigned and deficient. Plaintiffs failed to timely produce a PFS that complies with PTOs 2 & 32, and their claims should be dismissed with prejudice.

Numerous questions are left unanswered in plaintiffs' unsigned PFS. While PTO 88 does not govern plaintiffs' failure to produce a signed and completed PFS because (per the terms of PTO 88) the time to cure their PFS expired before entry of PTO 88, their failure to sign the PFS or answer the following key questions amply demonstrates plaintiffs' failure to comply with PTOs 2, 32 and 88:

1.     The PFS of Filemon Ponce is unsigned and fails to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D. # | V.A.3. |
| Installation Address | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Produce Records | VIII (A-D) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13 |
| Signature | |

2.    The PFS of Kimi Seyomour is unsigned and fails to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D. # | V.A.3. |
| Installation Address | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Produce Records | VIII (A-D) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13 |
| Signature | |

3.    The PFS of Mark Tardiff is unsigned and fails to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D. # | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |

| Future Medical Claim | III.C.2. |
|---|---|
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Produce Records | VIII (A-D) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |
| Signature | |

## III.    LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs identified above have failed to comply with the Court's orders relating to PFS and their claims should be dismissed.  Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.   The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).  Specifically, Rule 41(b) states:  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

Sun Valley anticipates that plaintiffs may argue that they "substantially complied" with this court's pretrial orders regarding the production of PFS. Any such argument is without merit. While PTO 88 does not govern plaintiffs' failure to produce a signed and completed

---

[1]    *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F2d 1214 (5th Cir. 1970).

PFS in this case because plaintiffs' time to comply with PTOs 2 and 32 expired long before the entry of PTO 88, this Court's most recent order serves as a significant guide in deciding substantial compliance. After each of the above named plaintiffs received a deficiency notice, they failed to respond with a signed and properly completed PFS, which fail to answer even the reduced key questions in PTO 88. Clearly, plaintiffs have failed to substantially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to substantially comply with PTOs 2, 32 and 88. No additional chance to cure their deficiencies is warranted or justified.

IV.     CONCLUSION

Thus, Sun Valley moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. The plaintiffs sought to be dismissed have failed to comply with the PFS process. Without this simulated discovery response, Sun Valley is significantly prejudiced, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to

prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against: Filemon Ponce; Kimi Seymour; and Mark Tardiff, should be granted, dismissing the claims of these plaintiffs with prejudice.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:**      337-232-9700
**FAX:**        337-235-4943
**E-Mail: lpd@volalaw.com**
**Attorneys for Sun Valley, Inc.**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Unopposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September , 2011.

/S/ Lamont P. Domingue

Lamont P. Domingue