UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to: Acquanette German, et al versus Sun Valley, Inc., et al E.D. La. Suit No. 10-1311 | : | MAG. JUDGE ALMA L. CHASEZ |

Plaintiff:  Acquanette German
Rosaria Floyd Glapion
Ethel Washington
Ethel Washington, as Next Friend of J. M. W., Minor
Ethel Washington, as Next Friend of C. W., Minor
Joseph Adam Washington
Leticia Washington
Jacintha Williams, as Next Friend of J. W., Minor
Jacintha Williams, as Next Friend of L. W., Minor

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pretrial Orders No. 2, 32 and 88 relating to providing Plaintiff Fact Sheets:

- *Acquanette German* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Rosaria Floyd Glapion* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Ethel Washington* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Ethel Washington, as Next Friend of J.M.W., Minor* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Ethel Washington, as Next Friend of C.W., Minor* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Joseph Adam Washington* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Leticia Washington* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Jacintha Williams, as Next Friend of J.W., Minor* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

- *Jacintha Williams, as Next Friend of L.W., Minor* (Plaintiff in *Acquanette German, et al v. Sun Valley, Inc., et al*, No. 10-1311)

I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies in the PFS they produced. *Id.* at p. 8-9.

The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days. *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.   PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

On April 30, 2010, the plaintiffs listed above filed a matched Amended Complaint for Damages naming Sun Valley, Inc., entitled *Acquanette German, et al v. Sun Valley, Inc., et al*, EDLA No. 10-1311. (Rec. Doc. 1, EDLA No. 10-1311) Thereafter, the plaintiffs sought to be dismissed failed to comply with this Court's pretrial orders governing the production and curing of PFS.

   1.   Acquanette German

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Acquanette German, which are unsigned and fail to answer key questions required by Pretrial Order No. 88. (Ex. A) The Amendment identifies the manufacturer of the EHU occupied by plaintiff as "Organic" and fails to provide a Sun Valley VIN. The prefix for Sun

Valley VINs is "1S4."[1] The prefix for the VIN identified in the PFS is "1SY." This is NOT a Sun Valley VIN. Sun Valley notified counsel for Ms. German of her deficient PFS on April 4, 2011. (Ex. B) Ms. German responded by resending the original, unsigned and deficient PFS. (Ex. C) The time to cure the PFS has expired. Ms. German's PFS, as amended, is **unsigned** and **unmatched,** and fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # for Sun Valley | |
| Move in Date (only provides year) | V.A.6. |
| Move Out Date (only provides year) | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |
| Signature | |

2.  Rosaria Floyd Glapion

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Rosario Floyd Glapion which fail to answer key questions required by Pretrial Order No. 88. (Ex. D) Sun Valley notified counsel for Ms. Glapion of her deficient PFS on April 4, 2011. (Ex. E) Ms. Glapion responded by resending the original deficient PFS. (Ex. F) The time to cure the PFS has expired. Ms. Glapion's PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |

---

[1] See Ex. Z, Deposition Testimony of Sun Valley, Inc., at pages 19-20, identifying "1S4" as the manufacturer VIN prefix for Sun Valley, Inc.

| | |
|---|---|
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

3. Ethel Washington

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Ethel Washington which fail to answer key questions required by Pretrial Order No. 88. (Ex. G) Sun Valley notified counsel for Ms. Washington of her deficient PFS on April 4, 2011. (Ex. H) Ms. Washington responded by resending the original deficient PFS. (Ex. I) The time to cure the PFS has expired. Ms. Washington's PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

4. Ethel Washington, as Next Friend of J. M. W., Minor

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Ethel Washington, as Next Friend of J. M. W. (Minor) which fails to answer key questions required by Pretrial Order No. 88. (Ex. J) Sun Valley notified counsel for Ms. Washington of her deficient PFS on April 4, 2011. (Ex. K) Ms. Washington responded by resending the original

deficient PFS. (Ex. L) The time to cure the PFS has expired. Ms. Washington's PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

5. Ethel Washington, as Next Friend of C. W., Minor

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Ethel Washington, as Next Friend of C. W. (Minor) which fail to answer key questions required by Pretrial Order No. 88. (Ex. M) Sun Valley notified counsel for plaintiff of the deficient PFS on April 4, 2011. (Ex. N) Plaintiff responded by resending the original deficient PFS. (Ex. O) The time to cure the PFS has expired. The PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

6. Joseph Adam Washington

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Joseph Adam Washington which fail to answer key questions required by Pretrial Order No. 88. (Ex. P) Sun Valley notified counsel for Mr. Washington of the deficient PFS on April 4, 2011. (Ex. Q) Mr. Washington failed to respond to the notice. The time to cure the PFS has expired. Mr. Washington's PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

7. Leticia Washington

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Leticia Washington which fail to answer key questions required by Pretrial Order No. 88. (Ex. R) Sun Valley notified counsel for Ms. Washington of the deficient PFS on April 4, 2011. (Ex. S) Ms. Washington failed to respond to the notice. The time to cure the PFS has expired. Ms. Washington's PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |

| Checklist | III.C. |
|---|---|
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

8.  Jacintha Williams, as Next Friend of J. W., Minor

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Jacintha Williams, as Next Friend of J. W. (Minor). (Ex. T) The PFS identifies the manufacturer of the travel trailer occupied by plaintiff as "Kentwood Skyline". The Amendment identifies the manufacturer as "Organic." Both fail to provide a Sun Valley VIN. The prefix for Sun Valley VINs is "1S4."[2] The prefix for the VIN identified in the PFS is "1SY." This is NOT a Sun Valley VIN. Sun Valley notified counsel for plaintiff of the deficient PFS on April 4, 2011. (Ex. U) Plaintiff responded by resending the original deficient PFS. (Ex. V) The time to cure the PFS has expired. The PFS, as amended, is **not matched** to Sun Valley and fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Vin # for Sun Valley | V.A.2. |
| Bar Code for Sun Valley | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Names of all trailer residents | V.E. (Only if no VIN provided) |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in a Sun Valley trailer/day | V.A.13. |

9.  Jacintha Williams, as Next Friend of L. W., Minor

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Jacintha Williams, as Next Friend of L. W. (Minor). (Ex. W) The PFS identifies the

---

[2] See Ex. Z, Deposition Testimony of Sun Valley, Inc., at pages 19-20, identifying "1S4" as the manufacturer VIN prefix for Sun Valley, Inc.

manufacturer of the EHU occupied by plaintiff as "Skyline." The Amendment identifies the manufacturer as "Organic." And, both fail to provide a Sun Valley VIN. The prefix for Sun Valley VINs is "1S4."[3] The prefix for the VIN identified in the PFS and Amendment is "1SY." This is NOT a Sun Valley VIN. Sun Valley notified counsel for plaintiff of the deficient PFS on April 4, 2011. (Ex. X) Plaintiff responded by resending the original deficient PFS. (Ex. Y) The time to cure the PFS has expired. The PFS as amended is **not matched** to Sun Valley and fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Vin # for Sun Valley | V.A.2. |
| Bar Code for Sun Valley | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Names of all trailer residents | V.E. (Only if no VIN provided) |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in a Sun Valley trailer/day | V.A.13. |

III.   LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs identified above have failed to comply with the Court's orders relating to PFS and their claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of

---

[3] See Ex. Z, Deposition Testimony of Sun Valley, Inc., at pages 19-20, identifying "1S4" as the manufacturer VIN prefix for Sun Valley, Inc.

the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[4]

Sun Valley anticipates that plaintiffs will argue that they "substantially complied" with this court's pretrial orders regarding the production of PFS. Any such argument is without merit. Through PTO 88, this Court greatly reduced plaintiffs' burden of completing a PFS by only requiring them to answer "twenty-three (23) key questions." After each of the above named plaintiffs received a deficiency notice, they failed to respond with a cured PFS answering the reduced key questions. As a result, they have failed to substantially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to substantially comply with PTOs 2, 32 and 88. No additional chance to cure their deficiencies is warranted or justified.

IV.  CONCLUSION

Thus, Sun Valley moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues

---

[4] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, the plaintiffs identified above have failed to comply with this streamlined process. Without this simulated discovery response, Sun Valley is significantly prejudiced, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Acquanette German, Rosaria Floyd Glapion, Ethel Washington, Ethel Washington, as Next Friend of J. M. W. (Minor), Ethel Washington, as Next Friend of C. W. (Minor), Joseph Adam Washington, Leticia Washington, Jacintha Williams, as Next Friend of J. W. (Minor), and Jacintha Williams, as Next Friend of L. W. (Minor), and should be granted, dismissing these plaintiffs with prejudice.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:** 337-232-9700
**FAX:** 337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue