UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : : | JUDGE KURT D. ENGELHARDT<br><br>DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to:<br>*Janet L. Johnson, et al versus Sun Valley, Inc., et al*<br>E.D. La. Suit No. 09-8675<br>Plaintiffs:  Shalena P. Corley obo I.C. (Minor)<br>Shalena P. Corley, individually | : | MAG. JUDGE ALMA L. CHASEZ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders No. 2, 32 and 88 relating to the production of Plaintiff Fact Sheets:

- Shalena P. Corley, on behalf of I.C. (Minor) (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675)

- Shalena P. Corley, individually (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675)

I.   CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which

introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies in the PFS they produced. *Id.* at p. 8-9. The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days. *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.  PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

On December 30, 2009, the plaintiffs' sought to be dismissed filed a matched Supplemental and Amending Complaint against Sun Valley, in the matter entitled *Janet L. Johnson, et al, v. Sun Valley, Inc., et al*, EDLA No. 09-8675. (Rec. Doc. No. 1, EDLA No. 09-

8675.) Thereafter, plaintiffs failed to comply with this Court's pretrial orders regarding the production of PFS.

1. Shalena P. Corley, on behalf of I.C. (Minor)

After filing her matched lawsuit against Sun Valley, Shalena Corley, on behalf of the minor, I.C., failed to timely produce a PFS within the deadlines set forth in PTOs 2 and 32. On April 4, 2011, Sun Valley sent correspondence to plaintiffs' counsel requesting that plaintiff produce a signed and completed PFS. (Ex. A) In response, plaintiff produced a deficient PFS (Ex. B) Sun Valley then sent correspondence to plaintiffs' on April 21, 2011, and June 6, 2011, requesting a cured PFS for the minor, I.C. (Ex. C) Plaintiff did not respond to the request for a cured PFS. The PFS of Shalena Corley, on behalf of the minor, I.C., fails to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Attorney | III.B. |
| Date of Birth | IV.C. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Signature (by Shalena as mother) | |

Sun Valley views the PFS signature by Ms. Corely on behalf of the minor, I.C., as inadequate only because the PFS fails to provide the date of birth of I.C., and Sun Valley is unable to confirm whether she is a minor, or has attained the age of majority and should have signed the PFS personally.

2. Shalena P. Corley, Individually

After filing her matched lawsuit against Sun Valley, Shalena Corley failed to timely produce a PFS within the deadlines set forth in PTOs 2 and 32. On December 15, 2010,

Sun Valley sent correspondence to plaintiffs' counsel requesting that Ms. Corley produce a signed and completed PFS. (Ex. D) Ms. Corley responded to Sun Valley's request by producing a deficient PFS. (Ex. E) Specifically, Ms. Corley failed to answer the following questions in her PFS:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Date of Birth | IV.C. |
| Move in Date | V.A.6. |
| Move Out Date | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| List of Medical Providers | IX. |

Ms. Corley failed to comply with PTOs 2 and 32. She failed to timely produce a PFS following the filing of her matched lawsuit, and after receiving a request for her PFS, failed to produce a properly completed PFS. As a result, Ms. Corley's claims against Sun Valley should be dismissed for failure to comply with PTOs 2 and 32.

In addition, on April 4, 2011, Sun Valley sent another letter to plaintiffs' counsel requesting Ms. Corley cure deficiencies in her PFS. (Ex. F) In response, Ms. Corley sent a duplicate copy of her original, deficient PFS. Of the six (6) deficiencies in Ms. Corley's PFS itemized above, all but one (the list of medical providers) are also required to be answered under PTO 88.

III.   LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs identified above have failed to comply with the Court's orders relating to PFS and their claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and

administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

Sun Valley anticipates that plaintiffs will argue that they "substantially complied" with this court's pretrial orders regarding the production of PFS. Any such argument is without merit. Through PTO 88, this Court greatly reduced plaintiffs' burden of completing a PFS by only requiring them to answer "twenty-three (23) key questions." After each of the above named plaintiffs received a deficiency notice, they failed to respond with a cured PFS answering the reduced key questions. As a result, they have failed to substantially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to substantially comply with PTOs 2, 32 and 88. No additional chance to cure their deficiencies is warranted or justified.

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F2d 1214 (5th Cir. 1970).

IV.     CONCLUSION

For the reasons set forth above, and in accordance with Pre-Trial Orders 2 and 32, and Fed. Rules Civ. Proc. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by Sun Valley, Inc. should be granted, dismissing the following plaintiffs claims, with prejudice:

- Shalena P. Corley, on behalf of I.C. (Minor) (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675)

- Shalena P. Corley, individually (Plaintiff in *Janet L. Johnson, et al v Sun Valley, Inc., et al*, No. 09-8675)

Respectfully submitted

**Voorhies & Labbé**
/S/ Lamont P. Domingue
Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
Phone:    337-232-9700
Fax:      337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue