UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : : | JUDGE KURT D. ENGELHARDT<br><br>DOCKET NO:  MDL 1873 (N-5) |
| This Document Relates to:<br>*Gerod Macon, et al versus Sun Valley, Inc., et al*<br>E.D. La. Suit No. 09-7109<br>Plaintiff:     Deirdre Bradley<br>Rodney Bradley<br>Zettella Cannon<br>Judy McArthur<br>Thomas McArthur<br>Bernadette Marie Seymour<br>Judy McArthur, as Next Friend of B. T., Minor<br>Martin McArther, Jr. | : | MAG. JUDGE ALMA L. CHASEZ |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pretrial Orders No. 2, 32 and 88 relating to providing Plaintiff Fact Sheets:

- **Deirdre Bradley**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109)

- **Rodney Bradley**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109)

- **Zetella Cannon**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109)

- **Judy McArthur**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109)

- **Thomas McArthur**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109)

- **Bernadette Marie Seymour**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109)

- **Judy McArthur, as Next Friend of B. T., Minor**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109) and

- **Martin McArthur, Jr.**, (Plaintiff in *Gerod Macon, et al v. Sun Valley, Inc., et al*, No. 09-7109)

I.   CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies in the PFS they produced. *Id.* at p. 8-9. The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days. *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

## II. PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

On October 28, 2009, the plaintiffs listed above filed their matched Amended Complaint for Damages against Sun Valley, Inc., in *Gerod Macon, et al v v. Sun Valley, Inc., et al,* EDLA No. 09-7109. (Rec. Doc. 1, EDLA No. 09-7109.) Thereafter, the plaintiffs sought to be dismissed failed to comply with this Court's pretrial orders governing the production and curing of PFS.

1. Deirdre Bradley

Attached is the PFS received for Deirdre Bradley which is unsigned and fails to answer numerous key questions required by PTO 88. (Ex. A) Sun Valley notified counsel for Ms. Bradley of her deficient PFS on April 4, 2011. (Ex. B) Ms. Bradley responded by resending the original, unsigned and deficient PFS. (Ex. C) The time to cure the PFS has expired. Ms. Bradley's **unsigned** PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date – No month or day | V.A.6. |
| Move Out Date – No month or day | V.A.7. |
| Installation Address – No city/state | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |
| Signature | |

2.   Rodney Bradley

Attached is the PFS received for Rodney Bradley which is unsigned and fails to answer numerous key questions required by PTO 88. (Ex. D) Sun Valley notified counsel for Mr. Bradley of his deficient PFS on April 4, 2011. (Ex. E) Mr. Bradley responded by resending the original, unsigned and deficient PFS. (Ex. F) The time to cure the PFS has expired. Mr. Bradley's **unsigned** PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date – No month or day | V.A.6. |
| Move Out Date – No month or day | V.A.7. |
| Installation Address – No city/state | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |

| If making a wage claim | IV.F.3 |
|---|---|
| Number of hours spent in trailer/day | V.A.13 |
| Signature | |

3. Zettella Cannon

Attached is the PFS received for Zatella Cannon which is unsigned and fails to answer numerous key questions required by PTO 88. (Ex. G) Sun Valley notified counsel for Ms. Cannon of her deficient PFS on June 10, 2010, before the entry of PTO 88, and again on April 4, 2011. (Ex. H) Ms. Cannon did not timely respond. When she did respond, Ms. Cannon resent the original, unsigned and deficient PFS. (Ex. I) The time to cure the PFS expired before the entry of PTO 88. In addition, Ms. Cannon's **unsigned** PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

4. Judy McArthur

Attached is the PFS received for Judy McArthur which is unsigned and fails to answer numerous key questions required by PTO 88. (Ex. J) Sun Valley notified counsel for Ms. McArthur of her deficient PFS on June 21, 2010, before the entry of PTO 88, and again on April 4, 2011. (Ex. K) Ms. McArthur did not timely respond to Sun Valley's June 2010 notice. When she responded to the April 2011 notice, Ms. McArthur resent her unsigned and deficient PFS. (Ex. L) The time to cure the PFS expired before the entry of PTO 88. In

addition, Ms. McArthur's **unsigned** PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move Out Date | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13 |
| Signature | |

5.   Thomas McArthur

Attached is the PFS received for Thomas McArthur which is unsigned and fails to answer numerous key questions required by PTO 88. (Ex. M) Sun Valley notified counsel for Mr. McArthur of his deficient PFS on June 21, 2010, before the entry of PTO 88, and again on April 4, 2011. (Ex. N) Mr. McArthur did not timely respond to Sun Valley's June 2010 notice. When he responded to the April 2011 notice, he resent the unsigned and deficient PFS. (Ex. O) The time to cure the PFS expired before the entry of PTO 88. In addition, Mr. McArthur's **unsigned** PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Installation Address | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.13. |
| Signature | |

6.   Bernadette Marie Seymour

Attached is the PFS received for Bernadette Marie Seymour, which is unsigned and fails to answer numerous key questions required by PTO 88. (Ex. P) Sun Valley notified counsel for Ms. Seymour of her deficient PFS on June 25, 2010, before the entry of PTO 88, and again on April 4, 2011. (Ex. Q) Ms. Seymour did not timely respond to Sun Valley's June 2010 notice. When she responded to the April 2011 notice, she resent her original, unsigned and deficient PFS. (Ex. R) The time to cure the PFS expired before the entry of PTO 88. In addition, Ms. Seymour's **unsigned** PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.13. |
| Signature | |

7.   Judy McArthur, as Next Friend of B. T., Minor

Attached is the PFS received for B. T., which fails to answer numerous key questions required by PTO 88. (Ex. S) Sun Valley notified counsel for the minor, B.T. and his representative that his PFS was deficient on June 21, 2010, before the entry of PTO 88, and again on April 4, 2011. (Ex. T) Plaintiff did not timely respond to the June 2010 notice. When plaintiff responded to the April 2011 notice, plaintiff's PFS failed to cure the deficiencies. (Ex.

U) The time to cure the PFS expired before the entry of PTO 88. In addition, the PFS for the minor, B.T., fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move Out Date | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |

8. Martin McArthur, Jr.

Attached is the PFS received for Martin McArthur, Jr., which is unsigned and fails to answer numerous key questions required by PTO 88. (Ex. V) Sun Valley notified counsel for Mr. McArthur that his PFS was deficient on June 21, 2010, before the entry of PTO 88. (Ex. W) Mr. McArthur failed to respond to Sun Valley's deficiency notice. The time to cure the PFS expired before the entry of PTO 88. In addition, the PFS for Mr. McArthur is unsigned, deficient and fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move Out Date | V.A.7. |
| Plaintiff's Smoking Hx – *incomplete* | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13 |
| Signature | |

III.   LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs identified above have failed to comply with the Court's orders relating to PFS and their claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to

comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

All of the plaintiffs sought to be dismissed, except Deirdre Bradley and Rodney Bradley, received notice of their PFS deficiencies in June 2010, before the entry of PTO 88, and failed to time produce PFS that cured their deficiencies. Those plaintiffs claims should be dismissed with prejudice for failure to comply with PTOs 2 and 32.

In addition, and to the extent plaintiffs argue that they "substantially complied" with this Court's pretrial orders regarding the production of PFS, any such argument is without merit. Through PTO 88, this Court greatly reduced plaintiffs' burden of completing a PFS by only requiring them to answer "twenty-three (23) key questions." The parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

failing to substantially comply with PTOs 2, 32 and 88. No additional chances to cure their deficiencies is warranted or justified.

IV. CONCLUSION

Thus, Sun Valley moves for an Order dismissing the plaintiffs referenced herein. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, the plaintiffs identified above have failed to comply with both the PFS process both before and after PTO 88. Without this simulated discovery response, Sun Valley is significantly prejudiced, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Deirdre Bradley, Rodney Bradley, Zettella Cannon, Judy McArthur, Thomas McArthur, Bernadette Marie Seymour, Judy McArthur, as Next Friend of B. T. (Minor), and Martin McArthur, Jr., should be granted, dismissing these plaintiffs' claims with prejudice.

Respectfully submitted

Voorhies & Labbé

/S/ Lamont P. Domingue
Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:** 337-232-9700
**FAX:** 337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue