UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY
LITIGATION

:        JUDGE KURT D. ENGELHARDT

:        DOCKET NO:   MDL 1873 (N-5)

This Document Relates to:

*Gerod Macon, et al versus
Sun Valley, Inc., et al
E.D. La. Suit No. 09-7109*
Plaintiff:      Peggy Morse

:        MAG. JUDGE ALMA L. CHASEZ

*Larry Lepley, et al versus
Sun Valley, Inc., et al
E.D.La. Suit No. 10-3442*
Plaintiff:      Peggy Morse

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order to dismiss the claims of

Peggy Morse in the following lawsuits, with prejudice, for failure to comply with the Court's

Pre-trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets:

Plaintiff, Peggy Morse, in the matter of *Gerod Macon, et al v. Sun Valley, Inc.,
et al,* E.D. La. Suit No. 09-7109

Plaintiff, Peggy Morse, in the matter of *Larry Lepley, et al v. Sun Valley, Inc., et
al,* E.D.La. Suit No. 10-3442

I.      CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet.  Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies in the PFS they produced. *Id.* at p. 8-9. The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days.  *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.    PLAINTIFF'S FAILURE TO PRODUCE AND CURE HER PFS

On October 28, 2009, the Peggy Morse filed a matched Amended Complaint for Damages against Sun Valley, Inc., in the matter of *Gerod Macon, et al v. Sun Valley, Inc., et al,* EDLA No. 09-7109. (Rec. Doc. 1, EDLA No. 09-7109.)   She then filed a duplicate matched lawsuit on October 10, 2010, in the matter of *Larry Lepley, et al v. Sun Valley, Inc., et al,* E.D.La. Suit No. 10-3442. (Rec. Doc. 1, EDLA No. 09-7109.) After filing her lawsuits, Ms. Morse failed to comply with this Court's pretrial orders regarding the production of PFS.

After the *Gerod Macon* suit was filed, Ms. Morse produced a deficient and unsigned PFS, in which she identified her attorney as "Watts Hilliard, LLC." (Ex. A) On June 23, 2010, Sun Valley sent correspondence to plaintiffs' counsel requesting that Ms. Morse cure the deficiencies in her PFS. (Ex. B) On or about September 23, 2010, Sun Valley received a document titled "Plaintiff Fact Sheet Deficiency Answers" which basically responded to the deficiency notice by stating she "will supplement." (Ex. C) Sun Valley has never received any further supplement to her responses from Ms. Morse.

Rather than comply with this Court's pretrial orders concerning her PFS, Ms. Morse filed her second, duplicate suit against Sun Valley on October 10, 2010. However, no additional, supplemental or amending PFS has ever been produced by Ms. Morse.

PTO 88 does not govern Ms. Morse' PFS obligations because she filed her claims and received her deficiency notice from Sun Valley long before the entry of PTO 88. Nonetheless, the "twenty-three (23) key questions" set forth in PTO 88 help demonstrate the extent of Ms. Morse's failure to comply with PTOs 2 and 32. Ms. Morse' PFS, as

supplemented by her "Plaintiff Fact Sheet Deficiency Answers" fails to answer the following

key questions in PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Vin # | V.A.2. Not a Sun Valley VIN |
| Bar Code | V.A.4. |
| Move In Date | V.A.6. (year only) |
| Move Out Date | V.A.7. (year only) |
| Names of all trailer residents | V.E. (Only if no VIN provided) |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |
| Signature | |

The VIN Ms. Morse provided is NOT a Sun Valley VIN. The prefix for Sun Valley

VINs is "1S4."[1] The prefix for the VIN identified in Ms. Morse's PFS is "1S1." This is not a

Sun Valley VIN and Ms. Morse is not matched to Sun Valley. In addition, Ms. Morse has not

signed her PFS. And, her PFS has numerous deficiencies in addition to her lack of response

to the key questions in PTO 88 highlighted above.

Ms. Morse failed to comply with PTOs 2 and 32. She failed to timely cure her PFS

after receiving a request to do so. She represented that she would "supplement" her

responses, but has never done so. As a result, Ms. Morse's claims against Sun Valley

should be dismissed for failure to comply with PTOs 2 and 32. And, finally, to the extent

PTO 88 may apply to Ms. Morse's PFS obligations, she has even failed to comply with her

reduced obligations under that pretrial order.

---

[1]  See Ex. D, Deposition Testimony of Sun Valley, Inc., at pages 19-20, identifying "1S4" as the
manufacturer VIN prefix for Sun Valley, Inc.

III.   LAW AND ARGUMENT

Sun Valley respectfully submits that Peggy Morse has failed to comply with this Court's orders relating to PFS and her claims should be dismissed.  Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.  *Berry v. CIGNA / RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).  Specifically, Rule 41(b) states:  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[2]

Sun Valley anticipates that Ms. Morse may argue that she "substantially complied" with this Court's pretrial orders regarding the production of PFS. Any such argument is without merit. Through PTO 88, this Court greatly reduced plaintiffs' burden of completing a PFS by only requiring them to answer "twenty-three (23) key questions." After Ms. Morse received Sun Valley's June 2010 deficiency notice, she failed to cure her PFS and her response was so inadequate that her PFS, as supplemented, fails to answer the reduced number of questions under PTO 88. As a result, she has failed to substantially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that

---

[2]   *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F2d 1214 (5th Cir. 1970).

produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to substantially comply with PTOs 2, 32 and 88. No additional chance to cure their deficiencies is warranted or justified.

IV.     CONCLUSION

For the reasons set forth above, and in accordance with Pre-Trial Orders 2 and 32, and Fed. Rules Civ. Proc. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Sun Valley, Inc. should be granted, dismissing Ms. Morse's claims against Sun Valley, with prejudice, in the following matters:

Plaintiff, Peggy Morse, in the matter of *Gerod Macon, et al v. Sun Valley, Inc., et al,* E.D. La. Suit No. 09-7109

Plaintiff, Peggy Morse, in the matter of *Larry Lepley, et al v. Sun Valley, Inc., et al,* E.D.La. Suit No. 10-3442

Respectfully submitted

**Voorhies & Labbé**

*/S/ Lamont P. Domingue*

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
Phone:      337-232-9700
Fax:         337-235-4943
E-Mail:  lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue

Lamont P. Domingue