UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:      FEMA TRAILER                     :      JUDGE     KURT     D. ENGELHARDT
         FORMALDEHYDE
         PRODUCT LIABILITY
         LITIGATION                          :      DOCKET NO:  MDL 1873 (N-5)

This Document Relates to:
*Lauranette Bolton, et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-7850*                  :      MAG. JUDGE ALMA L. CHASEZ
Plaintiff:   Albert LeRoy Bowers, Jr.
             Lisa Annette Bowers
             Shanita Gates *as Next Friend of E. D. G, Minor*
             Shanita Gates, *individually*
             Quanela Marie Smith
             Marsheila Sara Smith
             Thomas Joseph Gates, Jr.
             Betty Thomas
             Lauranette Bolton

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pretrial Orders No. 2, 32 and 88 relating to producing Plaintiff Fact Sheets:

- Albert LeRoy Bowers, Jr. (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al*, No. 09-7850)

- Lisa Annette Bowers (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al*, No. 09-7850)

- Shanita Gates *as Next Friend of E. D. G., Minor* (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* No. 09-7850)

- Shanita Gates, *individually* (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* No. 09-7850)

- Quanela Marie Smith (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* No. 09-7850)

- Marsheila Sara Smith (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* No. 09-7850)

- Thomas Joseph Gates, Jr. (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* No. 09-7850)

- Betty Thomas (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* No. 09-7850)

- Lauranette Bolton (Plaintiff in *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* No. 09-7850)

I.  CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" ("PFS") as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. Summarizing the process, a plaintiff was required to produce a verified and complete PFS within 30 days of filing their lawsuit in this MDL or their lawsuit being transferred to this MDL. If the plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send the plaintiff's counsel a letter requesting their PFS or identifying the deficiencies

in the PFS they produced. *Id.* at p. 8-9. The letter also needed to state that the defendant would seek dismissal if the plaintiff failed to produce a PFS or cure PFS deficiencies within 30 days. *Id.*

The Court amended PTO No. 2 with the entry of Pretrial Order No. 32 on March 18, 2009 (Rec. Doc. No. 1180), which provided new deadlines for producing the PFS, but retained the same curing procedure set forth in PTO No. 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) Pretrial Order No. 88 reduced the questions a plaintiff was required to answer in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011.

II.     PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

On December 23, 2009, the plaintiffs listed above filed an Amended Complaint for Damages naming Sun Valley, Inc., in an action entitled *Lauranette Bolton, et al v. Sun Valley, Inc., et al,* EDLA No. 09-7850. (Rec. Doc. 1, EDLA No. 09-7850.) Thereafter, the plaintiffs sought to be dismissed failed to comply with this Court's pretrial orders governing the production and curing of PFS.

1.      Albert Leroy Bowers, Jr.

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Albert Leroy Bowers, Jr. which fails to answer key questions required by PTO 88. (Ex. A) Sun Valley notified counsel for Mr. Bowers of his deficient PFS on April 4, 2011.

(Ex. B) Mr. Bowers responded by resending his original deficient PFS. (Ex. C) The time to cure the PFS has expired. Mr. Bowers' PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

2. Lisa Annette Bowers

Attached is the PFS and "Amendment to the Plaintiff Fact Sheet" received for Lisa Annette Bowers which fails to answer key questions required by PTO 88. (Ex. D) Sun Valley notified counsel for Ms. Bowers of her deficient PFS on April 4, 2011. (Ex. E) Ms. Bowers responded by resending her original deficient PFS. (Ex. F) The time to cure the PFS has expired. Ms. Bowers' PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |

| If requesting medical expenses | III.C.9. |
| --- | --- |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

3.  Shanita Gates, on behalf of minor E.D.G.
    Shanita Gates, individually
    Quanela Marie Smith
    Marsheila Sara Smith
    Thomas Joseph Gates, Jr.

Shanita Gates, individually and on behalf of E.D.G., Quanela Smith, Marsheila Smith and Thomas Joseph Gates, Jr., all have the same FEMA identification number. And, all four have provided deficient PFS that they have failed to cure. The particular deficiencies for each are provided below, but require preliminary discussion about the confusion and questionable credibility evidenced by their PFS.

Each plaintiff's PFS lists the other four (4) plaintiffs as additional residents who resided in the various emergency housing units (EHU) during the same time period, except that Shanita Gates' individual PFS does not lists Thomas Gates, Jr., as a resident. (PFS Section V(E), at Exs. G, J, M, P and S.) Adding to the confusion are the two (2) additional residents listed by some, but not all, of the plaintiffs as living with them during the same time period. In the PFS Shanita Gates provided for E.D.G., she identifies Lakeyta Gates (age 24) as residing in the EHUs during the same time period as E.D.G., but does not identify Lakeyta in her own EHU. (Id., at Exs. G and J.) Lakeyta is also not identified as a co-resident by the Smith plaintiffs in their two (2) PFS. (Id., at Exs. M and P.) John Carter is identified in all the PFS, except that provided by Shanita Gates on behalf of E.D.G. (Id., at Exs. G, J, M, P and S.) In sum, the plaintiffs lists seven (7) total residents as residing in their travel trailer at the same time.

Only two PFS, the PFS of Shanita Gates and Quanela Smith, provide a VIN for a Sun Valley travel trailer (Exs. J and M, at "Amendment to the Plaintiff Fact Sheet" attached to each), but neither provide any information about when those plaintiffs moved into and out of the Sun Valley travel trailer, where it was installed or how many hours were spent in the Sun Valley travel trailer each day. (Id., at PFS Section V(A))

The format of the PFS produced by the plaintiffs is different than the Court-approved PFS. One of the alterations re-formats the information requested about the specific EHU occupied by the plaintiff. In the case of the minor E.D.G., the reformatted PFS identifies two EHUs manufactured by Gulfstream (as Trailer 1) and Fleetwood (Trailer 2), and provides the move-in / move-out dates, installation address and number of hours spent in those EHUs. (Ex. G, at Section V(A)) However, no such information is provided for any Sun Valley unit. (Id.) Rather, the only mention of Sun Valley in the minor's PFS is as a "defendant" (Id., at "Amendment to Plaintiff Fact Sheet") which is the same information provided by Marsheila Smith. (Ex. P, at "Amendment to Plaintiff Fact Sheet.")

Sun Valley attempted to supplement the missing information in E.D.G.'s PFS by reference to the PFS provided by his representative, Ms. Shanita Gates, and the other occupants. However, such efforts proved unsuccessful. While the "Amendment" to Ms. Gates PFS provides a VIN and Barcode for a Sun Valley travel trailer and a Cavalier manufactured home, it fails to provide the move-in / move-out dates, the installation address and the number of hours spent in the Sun Valley and Cavalier EHUs. (Ex. J, at "Amendment to Plaintiff Fact Sheet.") Additional cross-referencing

efforts proved equally unsuccessful. For example, even though all four plaintiffs provide occupancy data establishing that they occupied the various EHUs during the same time period, the Marsheila Smith and Thomas Gates PFS identify Forest River (Trailer 1) and an unnamed manufacturer (Trailer 2) as the manufacturers of the units they occupied. (Exs. P and S, at Section V(A))

These variations are significant for both the confusion they cause and the credibility questions they raise, and also because none of the plaintiffs answered the questions about the smoking history of others who resided with them in the EHUs. Without any other means of discovery, Sun Valley is left to wonder who, if anyone, lived in a Sun Valley travel trailer, how long they may have lived in the Sun Valley travel trailer, how many hours they spent in the trailer and whether they were exposed to second-hand smoke from others who may have resided with plaintiffs, but did not file a lawsuit nor produce a PFS.

With this introduction, Sun Valley now addresses the particular deficiencies of the four plaintiffs' PFS:

    a.    Shanita Gates, on behalf of minor E.D.G.

Attached is the PFS and "Amendment to Plaintiff Fact Sheet" received for Shanita Gates, on behalf of the minor, E.D.G. which fails to match plaintiff to Sun Valley and fails to answer key questions required by PTO 88. (Ex. G) Sun Valley notified counsel for E.D.G. of the deficient PFS on April 4, 2011. (Ex. H) Plaintiff responded with the original deficient PFS. (Ex. I) The time to cure the PFS has

expired. The PFS of Shanita Gates, on behalf of minor, E.D.G., as amended, fails to match plaintiff to Sun Valley and fails provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Vin # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

    b.    Shanita Gates

Attached is the PFS and "Amendment to Plaintiff Fact Sheet" received for Shanita Gates which fails to answer key questions required by PTO 88. (Ex. J) Sun Valley notified counsel for Ms. Gates of her deficient PFS on April 4, 2011. (Ex. K) Ms. Gates responded with her original deficient PFS. (Ex. L) The time to cure the PFS has expired. Ms. Gates' PFS, as amended, fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

    c.    Quanela Marie Smith

Attached is the PFS and "Amendment to Plaintiff Fact Sheet" received for Quanela Marie Smith which fails to answer key questions required by PTO 88. (Ex. M) Sun Valley notified counsel for Ms. Smith of her deficient PFS on April 4, 2011. (Ex. N) Ms. Smith responded with the original deficient PFS. (Ex. O) The time to cure the PFS has expired. Ms. Smith's PFS, as amended, fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Bar Code | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

d. Marsheila Sara Smith

Attached is the PFS and "Amendment to Plaintiff Fact Sheet" received for Marsheila Sara Smith which fails match Ms. Smith to a Sun Valley VIN and fails to answer key questions required by PTO 88. (Ex. P). Sun Valley notified counsel for Ms. Smith of her deficient PFS on April 4, 2011. (Ex. Q) Ms. Smith responded with her original deficient PFS. (Ex. R) The time to cure the PFS has expired. Ms. Smith's PFS, as amended, does not match her to a Sun Valley travel trailer and fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |

| Manufacturer | V.A.1. |
|---|---|
| Vin # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

  e. Thomas Joseph Gates, Jr.

Attached is the PFS and "Amendment to Plaintiff Fact Sheet" received for Thomas Joseph Gates, Jr., which fails to match plaintiff to a Sun Valley VIN and fails to answer key questions required by PTO 88. (Ex. S). Sun Valley notified counsel for Mr. Gates of his deficient PFS on April 4, 2011. (Ex. T) Mr. Gates did not respond to Sun Valley's deficiency notice. The time to cure the PFS has expired. Mr. Gates' PFS does not match him to a Sun Valley travel trailer and fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer (states Forest River) | V.A.1. |
| Vin # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

  3. Betty Thomas

Attached is the PFS and "Amendment to Plaintiff Fact Sheet" received for Betty Thomas which fails to match her to a Sun Valley VIN and fails to answer key questions required by PTO 88. (Ex. U). Sun Valley notified counsel for Ms. Thomas of her deficient PFS on April 4, 2011. (Ex. V) Ms. Thomas responded with another deficient PFS. (Ex. W) The time to cure the PFS has expired. Ms. Thomas' PFS does not match her to a Sun Valley travel trailer and fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Vin # | V.A.2. |
| FEMA I.D. # | V.A.3. |
| Bar Code | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Names of all trailer residents | V.E. (Only if no VIN provided) |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |

4.  Lauranette Bolton

Attached is the PFS and "Amendment to Plaintiff Fact Sheet" received for Lauranette Bolton which fails to answer key questions required by PTO 88. (Ex. X).

Sun Valley notified counsel for Ms. Bolton of her deficient PFS on April 4, 2011. (Ex. Y) Ms. Bolton responded with original deficient PFS. (Ex. Z) The time to cure the PFS has expired. Ms. Bolton's PFS fails to provide answers to the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move Out Date | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |

III.  LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs identified above have failed to comply with the Court's orders relating to PFS and their claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

Sun Valley anticipates that plaintiffs will argue that they "substantially complied" with this court's pretrial orders regarding the production of PFS. Any such argument is without merit. Through PTO 88, this Court greatly reduced plaintiffs' burden of completing a PFS by only requiring them to answer "twenty-three (23) key questions." After each of the above named plaintiffs received a deficiency notice, they failed to respond with a cured PFS answering the reduced key questions. As a result, they have failed to substantially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's pretrial orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to substantially comply with PTOs 2, 32 and 88. No additional chances to cure their deficiencies is warranted or justified.

IV.   CONCLUSION

Thus, Sun Valley moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that

plaintiffs only answer 23 key questions and sign their PFS. Yet, the plaintiffs identified above have failed to comply with this streamlined process. Without this simulated discovery response, Sun Valley is significantly prejudiced, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Albert Leroy Bowers, Jr., Lisa Annette Bowers, Shanita Gates on behalf of minor, E.D.G., Shanita Gates individually, Quanela Marie Smith, Marsheila Sara Smith, Thomas Joseph Gates, Jr., Betty Thomas and Lauranette Botlon should be granted, dismissing these plaintiffs with prejudice.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:**     337-232-9700
**FAX:**          337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue