UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | JUDGE KURT D. ENGELHARDT DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to: | | |
| Gerod Macon, et al versus Sun Valley, Inc., et al E.D. La. Suit No. 09-7109 Plaintiff: Sarah Waller | : | MAG. JUDGE ALMA L. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of Sarah Waller, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets (PFS). Ms. Waller is a plaintiff that has filed suit against Sun Valley in the following two (2) lawsuits:

- *Sonya Andrews, et al v. Sun Valley, Inc., et al*, No. 09-5659; and
- *Gerod Macon, et al v Sun Valley, Inc., et al*, No. 09-7109.

However, upon presenting a draft of this motion and supporting memorandum to her attorneys in the *Sonya Andrews* matter, she voluntarily dismissed that suit against Sun Valley. See Rec. Doc. 22654.

Ms. Waller's claims in the *Gerod Macon* matter should also be dismissed for her failure to timely produce a properly completed PFS conforming to Pre-Trial Orders No. 2, 32 & 88.

I.   CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. In sum, PTO 2 required that a plaintiff produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a PFS or identifying the material deficiencies, and state that dismissal would be sought if the plaintiff failed to produce a PFS or cure the deficiencies within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.) PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced the responses a plaintiff was required to provide in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent the deficiency notice after March 24, 2011.

In the case of Sarah Waller, the provisions in the PFS pre-trial orders regarding the binding effect of Ms. Waller's answers in her PFS and the requirement that she verify those answers are particularly important. In paragraphs titled "Answer Binding," PTO 2 and PTO 32 state that: "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26." See, PTO 2, at para. III(A); PTO 32, at para. I(A). Both pre-trial orders further required that the PFS completed and delivered to defense counsel be "verified" by the plaintiff. PTO 2, at para. III(B); PTO 32, at para. I(B). While PTO 88 streamlined the PFS process, it did not alter the binding effect of Ms. Waller's answers in her PFS and further reiterated the requirement that "[e]ach PFS must have a plaintiff's signature, as required by Pretrial Orders No. 2 and 32," thereby reinforcing the binding quality of a plaintiff's PFS answers.

Finally, the PFS contain a "Certification" to be verified by the plaintiff's signature, which states:

> I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

Ms. Waller has produced two (2) PFS, both verified by her signature, that provide materially different answers.

## II. PLAINTIFF FAILED TO CURE HER DEFICIENT AND INCONSISTENT PFS.

Plaintiff, Sarah Waller, first sued Sun Valley in the matched lawsuit titled *Sonya Andrews, et al. v. Sun Valley, Inc., et al.*, EDLA No. 09-5659, on August 14, 2009, filed by the Hurricane Legal Center, L.L.C. (Rec. Doc. 1 in EDLA No. 09-5659.)[1] She then produced a deficient PFS to defense counsel for Sun Valley. (Ex. A) Ms. Waller then sued Sun Valley in the matched lawsuit titled *Gerod Macon, et al. v. Sun Valley, Inc., et al.*, EDLA No. 09-7109, on October 28, 2009, filed by Robert C. Hilliard, Mikal C. Watts, Richard P. Ieyoub, and Daniel D. Ware ("Watts Hilliard"). She then produced a second, very different PFS to defense counsel for Sun Valley. (Ex. B)

The following chart summarizes the different answers Ms. Waller provided to the "twenty (23) key questions" in the PFS she produced through the Hurricane Legal Center ("HLC", at Ex. A) and the PFS she produced through Watts Hilliard (Ex. B):

| INFORMATION/DATA | PFS SECTION | HLC PFS, Ex. A | WattsHilliard PFS, Ex. B |
|---|---|---|---|
| Attorney | III.B. | HLC | WattsHilliard |
| FEMA I.D. # | V.A.3. | 921260932 | 9212609321603 |
| Move in Date | V.A.6. | "May 2006" | "7/1/2008" |
| Move Out Date | V.A.7. | "March 2009" | "7/21/2008" |
| Plaintiff's Smoking HX | VI.C. | "Never Smoked" | No Response |
| Smoking HX of Others | VI.D. | "N/A" | No Response |
| Future Medical Claim | III.C.2 HLC – WH – | "Headaches, Fear of cancer" | "I do not know …may cause illness or cancer." |
| Diagnosed Illness | III.C.3. (1st question below chart) | "N/A" | Tx for 3 symptoms MD |
| TX for Formaldehyde Injury | VII.B. | "N/A" | Tx for 3 symptoms MD |
| Whether Claiming Mental | III.C.8. | "Yes" | No Response |

---

[1] On September 1, 2011, Ms. Waller voluntarily dismissed her claims in the *Sonya Andrews* matter. See Rec. Doc. 22654.

| Damages Checklist | III.C. | 9 symptoms | 7 symptoms |
|---|---|---|---|
| If requesting medical exp. | III.C.9. | "Yes" | "No" |
| No. of hrs in trailer/day | V.A.13. | "16" hrs. | "18+ hours" |

In addition to the above, Ms. Waller provided other materially different answers to the questions in her PFS. For example, in response to the question "State the reason you stopped living in the in the FEMA trailer or mobile home" (PFS Section V(A)(10)), in the HLC PFS, in which she claimed to live in the Sun Valley trailer for nearly three (3) years, she answered, "Lease period was over." (Id., in Ex. A) In the Watts Hilliard PFS, in which she claimed to live in the Sun Valley trailer for only twenty-one (21) days, she answered the question stating, "visitor." (Id., in Ex. B)

In Section V(E) (other residents) of the HLC PFS, Ms. Waller identifies five (5) other residents with whom she allegedly occupied the Sun Valley trailer, but declares that each of the other residents occupied the unit from May 2007 to March 2009, or one year less than Ms. Waller[2], and that all the other residents suffered "headaches." (Id., in Ex. A) Conversely, in Section V.E. of the Watts Hilliard PFS, Ms. Waller identifies only one (1) other resident in the trailer, who is not listed in her HLC PFS, and whose injury is described as "exposure to formaldehyde." (Id., in Ex. B)

In Sections VI(A) and VI(B) of the HLC PFS, Ms. Waller provides the following personal data: Height: 5'2"; Current Weight: 190 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 180 lbs. (indicating a weight increase). (Id., in Ex. A) However, she answers those same questions in the Watts Hilliard PFS as follows: Height: 4'2.5"; Current

---

[2] Ms. Waller also lists herself in list of "other residents", Section V.E. of the HLC PFS, and also states that she lived in the unit from May 2007 to March 2009. But, this is inconsistent with her "move-in" and "move-out" dates in Sections V.A.6. and V.A.7., which state she resided in the trailer from "May 2006" to "March 2009."

Weight: 185 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 200 lbs. (indicating a weight decrease.) (Id., in Ex. B)

In Section VI(G) of the HLC PFS, Ms. Waller states she never had a chest X-ray, CT scan or MRI. (Id., in Ex. A) However, in the Watts Hilliard PFS, she states that she had a "Chest X-ray [on] 1/1/2008 [at] North shese [sic] EMR [for] Respiratory" symptoms. (Id., in Ex. B)

And, finally, in Section IX(D) of the HLC PFS, Ms. Waller states she received outpatient treatment at "Lallie Kemp Medical Center [in] 2006 [for] Dizziness." (Id., in Ex. A) However, she provides no response to that Section in the Watts Hilliard PFS. (Id., in Ex. B)

On April 4, 2011, defense counsel for Sun Valley sent a letter to Watts Hilliard, the most recent attorneys from whom Sun Valley had received a PFS, notifying Ms. Waller of deficiencies in her PFS and stating if they were not timely cured, that Sun Valley would move to dismiss her claims. (Ex. C) Sun Valley has not received a response to the deficiency notice and the time for Ms. Waller to cure her PFS has expired.

III.  LAW AND ARGUMENT

Sun Valley respectfully submits that Ms. Waller has failed to comply with the Court's orders relating to PFS and her claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[3]

Ms. Waller's most glaring violation of this Court's pretrial orders is her verification of materially inconsistent answers in her two (2) PFS, which undermine the reliability and credibility of the abbreviated discovery process essential to the effective and efficient management of this MDL. When she verified in one PFS that she lived in a Sun Valley trailer for 2-3 years, and then verified in her other PFS that she lived in the trailer for 21 days, or when she verified in those PFS that she suffered different and inconsistent symptoms while living in the trailer, effective and efficient management of her claims and evaluation of those claims for potential settlement were lost.

In addition, through PTO 88, this Court greatly reduced Ms. Waller's burden of completing a PFS by only requiring her to answer "twenty-three (23) key questions." After she received a deficiency notice, she failed to respond with a cured PFS. As a result, Ms. Waller has failed to materially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to

---

[3] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to comply with PTOs 2, 32 and 88.

## IV. CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of Sarah Waller with prejudice. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain reliable and credible information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. The pretrial orders and PFS require a plaintiff to verify their answers subject to the penalty of perjury. This verification is essential to providing reliable and credible information necessary to facilitate settlement. In a further effort to facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, Ms. Waller has failed to comply with the essential components of this streamlined process. Ms. Waller's inconsistent and deficient PFS significantly prejudice Sun Valley's evaluation of her claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of Ms. Waller with prejudice.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Sarah Waller should be granted and her claims against Sun Valley set forth in the following lawsuits should be dismissed with prejudice

- *Gerod Macon, et al v Sun Valley, Inc., et al*, No. 09-7109.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:**   337-232-9700
**FAX:**   337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue