UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to: *Annie Mae Barnes et al versus Sun Valley, Inc., et al* *E.D. La. Suit No. 09-4829* Plaintiff: *Anna Mae Barnes* | | |
| *Charles E. Henderson, et al versus Sun Valley, Inc., et al* *E.D. La. Suit No. 09-8394* Plaintiff: *Anna Mae Barnes* | : | MAG. JUDGE ALMA L. CHASEZ |

* * * * * * * * * * * * *

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of Anna Mae Barnes, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets (PFS). Ms. Barnes is a plaintiff that has filed suit against Sun Valley in the following two (2) lawsuits:

- *Annie Mae Barnes, et al v. Sun Valley, Inc., et al,* No. 09-4829; and
- *Charles E. Henderson, et al v Sun Valley, Inc., et al,* No. 09-8394.

Ms. Barnes' claims in both lawsuits should be dismissed for her failure to timely produce a properly completed PFS conforming to Pre-Trial Orders No. 2, 32 & 88.

I. CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. In sum, PTO 2 required that a plaintiff produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a PFS or identifying the material deficiencies, and state that dismissal would be sought if the plaintiff failed to produce a PFS or cure the deficiencies within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.) PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced the responses a plaintiff was required to provide in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent the deficiency notice after March 24, 2011.

II. PLAINTIFF FAILED TO TIMELY CURE HER DEFICIENT PFS.

Plaintiff, Anna Mae Barnes, produced an unsigned and totally deficient PFS. Ex. A. Her PFS provided only her name, address and attorney (Anthony Buzbee, Buzbee Law Firm). On April 4, 2011, defense counsel for Sun Valley notified counsel for Ms. Barnes that

her PFS was deficient and stated that if she failed to timely cure her PFS, Sun Valley would move to dismiss her claims. Ex. B. Ms. Barnes produced an "Errata" to her PFS that is not signed by her. Her PFS and Errata fail to answer the following "key questions" required under the streamlined PFS process established by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D. # | V.A.3. |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. – Answer "N/A" |
| Produce Records | VIII (A-D) |
| Diagnosed Illness | III.C.3. (First question below chart) |
| If making a wage claim | IV.F.3 – "Employment: N/A" |
| Signature | |

Ex. C.

Ms. Barnes failed to produce a signed PFS that materially complies with PTOs 2, 32 & 88. After being notified that her PFS was deficient, she failed to fully cure her PFS and her claims against Sun Valley should be dismissed.

III. LAW AND ARGUMENT

Sun Valley respectfully submits that Ms. Barnes has failed to comply with the Court's orders relating to PFS and her claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal

under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

Pursuant to PTO 88, this Court has greatly reduced the plaintiff's burden of answering a PFS by only requiring answers to 23 key questions, which in turn greatly limits the defendant's access to information needed to evaluate settlement. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's orders concerning PFS. No further inquiry is justified. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to comply with PTOs 2, 32 and 88.

IV. CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of Anna Mae Barnes with prejudice. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, Ms. Barnes has failed to comply with this streamlined process. Without this discovery, Sun Valley is significantly prejudiced, does not have

---

1 *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

sufficient information to evaluate plaintiff's claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of Ms. Barnes.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Anna Mae Barnes should be granted and her claims against Sun Valley set forth in the following lawsuits should be dismissed with prejudice:

- *Annie Mae Barnes, et al v. Sun Valley, Inc., et al,* No. 09-4829; and
- *Charles E. Henderson, et al v Sun Valley, Inc., et al,* No. 09-8394.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE: 337-232-9700**
**FAX: 337-235-4943**
**E-Mail: lpd@volalaw.com**
**Attorneys for Sun Valley, Inc.**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue