UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |

This Document Relates to:

*Sonya Andrews et al versus Sun Valley, Inc., et al*
E.D. La. Suit No. 09-5659
Plaintiff:    Harold Norris           :    MAG. JUDGE ALMA L. CHASEZ

*Gerod Macon, et al versus Sun Valley, Inc., et al*
E.D. La. Suit No. 09-7109
Plaintiff:    Harold Norris

*Myra Williams, et al versus Sun Valley, Inc., et al*
E.D. La. Suit No. 09-8603
Plaintiff:    Harold Norris

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SSHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of Harold Norris, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets (PFS). Mr. Norris is a plaintiff that has filed suit against Sun Valley in the following three (3) lawsuits:

- *Sonya Andrews, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5659;

- *Gerod Macon, et al v. Sun Valley, Inc., et al*, EDLA No. 09-7109; and

- *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603

Sun Valley notes, however, that Mr. Norris may be deceased, based on representation of one of Mr. Norris' attorneys and handwritten notations on one of his three (3) PFS. However, that PFS was completed after Mr. Norris' purported death and it was neither signed nor completed in a representative capacity. Any representation in this memorandum stating that Mr. Norris answered questions in his last PFS or otherwise completed the last PFS are made on the basis that the PFS fails to indicate that it was prepared and verified by a representative of Mr. Norris or his estate. Further, Sun Valley has received no information that any succession representative has been appointed for the purported estate of Mr. Norris.

With that caveat, Sun Valley submits that Mr. Norris' claims in all three lawsuits should be dismissed for his failure to produce a properly verified and completed PFS conforming to Pre-Trial Orders No. 2, 32 & 88.

I.   CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. In sum, PTO 2 required that a plaintiff produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a

PFS or identifying the material deficiencies, and state that dismissal would be sought if the plaintiff failed to produce a PFS or cure the deficiencies within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.) PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced the responses a plaintiff was required to provide in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent the deficiency notice after March 24, 2011.

In the case of Harold Norris, the provisions in the PFS pre-trial orders regarding the binding effect of Mr. Norris' answers in his PFS and the requirement that he verify those answers are particularly important. In paragraphs titled "Answer Binding," PTO 2 and PTO 32 state that: "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26." (See, PTO 2, at para. III(A); PTO 32, at para. I(A).) Both pre-trial orders further required that the PFS completed and delivered to defense counsel be "verified" by the plaintiff. (PTO 2, at para. III(B); PTO 32, at para. I(B).) While PTO 88 streamlined the PFS process, it did not alter the binding effect of Mr. Norris' answers in his PFS and further reiterated the requirement that "[e]ach PFS must have a plaintiff's signature, as required by Pretrial Orders No. 2 and 32," thiseby reinforcing the binding quality of a plaintiff's PFS answers.

Finally, the PFS contain a "Certification" to be verified by the plaintiff's signature, which states:

> I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

Mr. Norris has produced three (3) PFS, all verified by his signature, that provide materially different answers.

## II. PLAINTIFF FAILED TO CURE HIS DEFICIENT AND INCONSISTENT PFS.

Plaintiff, Harold Norris, first sued Sun Valley in the matched lawsuit titled *Sonya Andrews, et al. v. Sun Valley, Inc., et al.,* EDLA No. 09-5659, on August 14, 2009, filed by the Hurricane Legal Center, L.L.C. (Rec. Doc. 1, EDLA No. 09-5659.) Mr. Norris then sued Sun Valley in the matched lawsuit titled *Gerod Macon, et al. v. Sun Valley, Inc., et al.,* EDLA No. 09-7109, on October 28, 2009, filed by multiple attorneys, commonly referred to as "Watts Hilliard". (Rec. Doc. 1, EDLA 09-7109.) Finally, Mr. Norris filed a third lawsuit against Sun Valley in the matched lawsuit titled *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603, filed by Mr. Frank D'Amico and Mr. Aaron Ahlquist. (Rec. Doc. 1, EDLA 09-8603.)

In addition to filing multiple lawsuits, Mr. Norris produced multiple PFS. His first PFS was verified on January 15, 2009, in which he identifies Mr. Raul Bencomo as his attorney. (Ex. A) His second PFS was verified on July 27, 2009, in which he identifies his attorney as

"Watts Hilliard, LLC." (Ex. B) The third PFS produced by Mr. Norris was verified by him on December 3, 2009, in which he identifies his attorney as Mr. Douglas Schmidt. (Ex. C)

The material inconsistencies in Mr. Norris' three (3) PFS does not end with the identity of his attorney. Using the chart of the "23 key questions" a plaintiff must answer pursuant to PTO 88, Sun Valley has prepared a chart summarizing the material, inconsistent answers Mr. Norris has provided in his multiple PFS. (See Ex. D.) Here are some of the highlights of those material and inconsistent answers:

**Move-In and Move-Out Dates, PFS Section V(A)(6) and (7)**: In his January 2009 PFS, Mr. Norris states that he moved into the Sun Valley travel trailer in June 2006, and continued to live in the travel trailer on the date he verified his PFS, January 15, 2009 (30 months). However, according to his December 2009 PFS, Mr. Norris moved out of the trailer before he verified his January 2009 PFS. In his December 2009 PFS, he states that he moved into the travel trailer in April 2006, and moved out in May 2008 (25 months). His July 2009 PFS also provides different occupancy dates, stating that he moved into the trailer on November 1, 2005, and moved out of the trailer on February 1, 2009 (39 months).

**Plaintiff's Smoking History, PFS Section VI(C)**: In his January 2009 PFS, Mr. Norris states he is a current smoker and averaged ten (10) cigarettes/day for thirty-five (35) years (127,750 cigarettes). In his July 2009 PFS, Mr. Norris states he averaged ten (10) cigarettes/day for fifteen (15) years (54,750 cigarettes). And, in his December 2009 PFS, Mr. Norris states he is a past smoker, having stopped smoking in 2005 (i.e. before his two earlier PFS in which he stated he was a current smoker) and that he averaged "1 per day"

for ten (10) years (1 cigarette/day for ten years is 3,650 cigarettes; 1 pack or 20 cigarettes/day for ten years is 73,000 cigarettes).

**Symptom Checklist, PFS Section III(C):** In his January 2009 PFS, Mr. Norris states that while living in the Sun Valley travel trailer he experienced twenty-six (26) of the forty-seven (47) symptoms listed on the PFS. In his July 2009 PFS, Mr. Norris states he experienced nineteen (20) symptoms listed on the PFS. And, in his December 2009 PFS he states he experienced twenty-one (14) of the symptoms.

**Number of Hours Spent in the Travel Trailer, PFS Section V(A)(15):** In his January 2009 PFS, Mr. Norris states that spent an average of eight (8) hours/day in the Sun Valley travel trailer. In his July 2009 PFS, Mr. Norris states spent an average of twelve (12) hours/day in the trailer. And, in his December 2009 PFS he states he spent an average of twenty-four (24) hours/day in the trailer before he moved out of the trailer in May 2008.

In addition to the above and the inconsistent responses to PTO 88's twenty-three (23) key questions summarized in Ex. D, Mr. Norris provided other materially different answers in his PFS. For example, in response to the question "State the reason you stopped living in the in the FEMA trailer or mobile home" (PFS Section V(A)(10)), Mr. Norris responded: January 2009 – "Still in trailer"; July 2009 – "because my health was going down"; and December 2009 – "FEMA picked it up!"

In Section V(E) (other residents) he list six (6) other residents in his January 2009 PFS and four (4) other residents in his two other PFS. He also provides different occupancy dates for all of the occupants in the Sun Valley trailer in each of his three PFS.

In Sections VI(A) and VI(B) of his PFS, Mr. Norris provides height and weight data as follows:

January 2009:  Height: 6'0"; Current Weight: 270 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 300 lbs. (indicating a weight decrease);

July 2009: Height: 6'1"; Current Weight: 265 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 275 lbs. (indicating a weight decrease); and

December 2009: Height: 6'9"; Current Weight: 287 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 287 lbs. (indicating a 7" - 8" increase in height and no weight change).

On April 4, 2011, Sun Valley sent deficiency letters to all three attorneys identified in Mr. Norris' PFS, requesting confirmation of a succession representative based in the representation made to Sun Valley that Mr. Norris was deceased, and requesting cured fact sheets. (Ex. E) Mr. Schmidt, responded that Ms. Sonya Waller was Mr. Norris' "significant other" but was unaware of any appointment of a succession representative. (Ex. F) Watts Hilliard responded by producing a duplicate of the PFS they previously produced for Mr. Norris.

III.   LAW AND ARGUMENT

Sun Valley respectfully submits that Mr. Norris has failed to comply with the Court's orders relating to PFS and his claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states:  "For failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

Mr. Norris' most glaring violation of this Court's pretrial orders is his verification of materially inconsistent answers in his three (3) PFS, which undermine the reliability and credibility of the abbreviated discovery process essential to the effective and efficient management of this MDL. When he verified different occupancy dates, different smoking history, different symptoms while living in the travel trailer, different hours spent in the travel trailer each day and the other various and sundry responses given in his PFS, effective and efficient management and evaluation of his claims for potential settlement were lost.

In addition, through PTO 88, this Court greatly reduced Mr. Norris' burden of completing a PFS by only requiring him to answer "twenty-three (23) key questions." Yet, his PFS answer sixteen (16) of those questions significantly different within each PFS. As a result, Mr. Norris has failed to materially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply" with this Court's orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to comply with PTOs 2, 32 and 88.

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

IV. CONCLUSION

Sun Valley moves for an Order dismissing the claims of Harold Norris with prejudice. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain reliable and credible information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. The pretrial orders and PFS require a plaintiff to verify their answers subject to the penalty of perjury. This verification is essential to providing reliable and credible information necessary to facilitate settlement. In a further effort to facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, Mr. Norris has failed to comply with the essential components of this streamlined process. Mr. Norris' inconsistent and deficient PFS significantly prejudice Sun Valley's evaluation of his claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of Mr. Norris with prejudice.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Harold Norris should be granted and his claims against Sun Valley set forth in the following lawsuits should be dismissed with prejudice:

- *Sonya Andrews, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5659;
- *Gerod Macon, et al v. Sun Valley, Inc., et al*, EDLA No. 09-7109; and
- *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603.

Respectfully submitted
Voorhies & Labbé

/S/ *Lamont P. Domingue*

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:       337-232-9700**
**FAX:              337-235-4943**
E-Mail:  lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HISEBY CERTIFY that the foregoing Memorandum in Support of Unopposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact SSheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue