UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to: | | |
| *Sonya Andrews et al versus Sun Valley, Inc., et al* E.D. La. Suit No. 09-5659 Plaintiff:    Sonya Waller | : | MAG. JUDGE ALMA L. CHASEZ |
| *Gerod Macon, et al versus Sun Valley, Inc., et al* E.D. La. Suit No. 09-7109 Plaintiff:    Sonya Waller | | |
| *Myra Williams, et al versus Sun Valley, Inc., et al* E.D. La. Suit No. 09-8603 Plaintiff:    Sonya Waller | | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of Sonya Waller, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets (PFS). Ms. Waller filed suit against Sun Valley in the following four (4) lawsuits:

• *Sonya Andrews, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5659;

- *Gerod Macon, et al v. Sun Valley, Inc., et al,* EDLA No. 09-7109;
- *Sonya Waller v. Sun Valley, Inc., et al,* EDLA No. 09-7328; and
- *Myra Williams, et al v. Sun Valley, Inc., et al,* EDLA No. 09-8603

However, upon presenting a draft of this motion and the supporting memorandum to her attorneys to determine whether Ms. Waller opposed the motion, her claims in the matter of *Sonya Waller v. Sun Valley, Inc., et al,* EDLA No. 09-7328 were voluntarily dismissed. (Rec. Doc. No. 22684)  Ms. Waller's claims in the remaining three lawsuits should be dismissed for her failure to produce a properly verified and completed PFS conforming to Pre-Trial Orders No. 2, 32 & 88.

I.    CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007.  On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet.  In sum, PTO 2 required that a plaintiff produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a PFS or identifying the material deficiencies, and state that dismissal would be sought if the plaintiff failed to produce a PFS or cure the deficiencies within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.) PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced the responses a plaintiff was required to provide in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent the deficiency notice after March 24, 2011.

In the case of Sonya Waller, the provisions in the PFS pre-trial orders regarding the binding effect of Ms. Waller's answers in her PFS and the requirement that she verify those answers are particularly important. In paragraphs titled "Answer Binding," PTO 2 and PTO 32 state that: "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26." (See, PTO 2, at para. III(A); PTO 32, at para. I(A).) Both pre-trial orders further required that the PFS completed and delivered to defense counsel be "verified" by the plaintiff. (PTO 2, at para. III(B); PTO 32, at para. I(B).) While PTO 88 streamlined the PFS process, it did not alter the binding effect of Ms. Waller's answers in her PFS and further reiterated the requirement that "[e]ach PFS must have a plaintiff's signature, as required by Pretrial Orders No. 2 and 32," thereby reinforcing the binding quality of a plaintiff's PFS answers.

Finally, the PFS contain a "Certification" to be verified by the plaintiff's signature, which states:

> I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of

my lawyers, and that I have signed the authorizations attached to this declaration.

Ms. Waller has produced three (3) PFS, all verified by her signature, that provide materially different answers.

II.   PLAINTIFF FAILED TO CURE HER DEFICIENT AND INCONSISTENT PFS.

Plaintiff, Sonya Waller, first sued Sun Valley in the matched lawsuit titled *Sonya Andrews, et al. v. Sun Valley, Inc., et al.*, EDLA No. 09-5659, on August 14, 2009, filed by the Hurricane Legal Center, L.L.C. (Rec. Doc. 1, EDLA No. 09-5659.) Ms. Waller then sued Sun Valley in the matched lawsuit titled *Gerod Macon, et al. v. Sun Valley, Inc., et al.*, EDLA No. 09-7109, on October 28, 2009, filed by multiple attorneys, commonly referred to as "Watts Hilliard". (Rec. Doc. 1, EDLA 09-7109.) On November 13, 2009, Ms. Waller filed a third lawsuit against Sun Valley in the matched lawsuit titled *Sonya Waller v. Sun Valley, Inc., et al*, EDLA No. 09-7328, filed by the Plaintiff's Steering Committee (PSC). (Rec. Doc. 1, EDLA 09-7328.) This lawsuit was recently dismissed. (Rec. Doc. No. 22684) Finally, Ms. Waller filed a fourth lawsuit against Sun Valley in the matched lawsuit titled *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603, filed by Mr. Frank D'Amico and Mr. Aaron Ahlquist. (Rec. Doc. 1, EDLA 09-8603.)

In addition to filing multiple lawsuits, Ms. Waller produced multiple PFS. Her first PFS was verified by her January 15, 2009, in which she identifies Mr. Raul Bencomo as her attorney. (Ex. A) What is believed to be her second PFS (the year in her verification is illegible) appears to have been verified by Ms. Waller on September 8, 2009, in which she identifies her attorney as "Watts Hilliard, LLC." (Ex. B) The third PFS produced by Ms.

Waller was verified by her on December 3, 2009, in which she identifies her attorney as Mr. Douglas Schmidt. (Ex. C)

The material inconsistencies in Ms. Waller's three (3) PFS do not end with the identity of her attorneys. Using the chart of the "23 key questions" a plaintiff must answer pursuant to PTO 88, Sun Valley has prepared a chart summarizing the material, inconsistent answers Ms. Waller has provided in her multiple PFS. (See Ex. D.) Here are some of the highlights of those material and inconsistent answers:

**Move-In and Move-Out Dates, PFS Section V(A)(6) and (7)**: In her January 2009 PFS, Ms. Waller states that she moved into the Sun Valley travel trailer on May 14, 2006, and continued to live in the travel trailer on the date she verified her PFS, January 15, 2009 (33 months). However, according to her two later PFS, Ms. Waller moved out of the trailer before she verified her January 2009 PFS. In her September 2009 PFS, she states that she moved into the travel trailer on January 1, 2006, and moved out on January 1, 2009 (36 months), but then states in the "other residents" section of the PFS (Section V(E)) that she lived in the trailer from "1/1/2006 – 1/1/2008" (24 months). And, in her December 2009 PFS, Ms. Waller states that she moved into the travel trailer in April 2006 and moved out of the trailer in May 2008 (25 months).

**Plaintiff's Smoking History, PFS Section VI(C)**: In her January 2009 PFS, Ms. Waller states she is a current smoker and averaged six (6) cigarettes/day for thirty (30) years (65,700 cigarettes). In her September 2009 PFS, Ms. Waller states she averaged three (3) cigarettes/day for three (3) years (3,285 cigarettes). And, in her December 2009 PFS, Ms. Waller states she is a past smoker, having stopped smoking in September 2008

(i.e. before her two earlier PFS in which she stated she was a current smoker) and that she averaged "½ per day" for five (5) years (½ cigarette/day for five years is 912.5 cigarettes; ½ pack or 10 cigarettes/day for five years is 18,250 cigarettes).

**Symptom Checklist, PFS Section III(C):** In her January 2009 PFS, Ms. Waller states that while living in the Sun Valley travel trailer she experienced twenty-six (26) of the forty-seven (47) symptoms listed on the PFS. In her September 2009 PFS, Ms. Waller states she experienced nineteen (19) symptoms listed on the PFS. And, in her December 2009 PFS she states she experienced twenty-one (21) of the symptoms.

**Prior Medical History, PFS Section VI(F)(1)-(4):** This section of the PFS asks the plaintiff whether they have ever suffered from: (1) Lung or other respiratory disease; (2) Infectious disease; (3) Long-term stomach or bowel disease; and (4) Skin disease. In her January 2009 PFS, Ms. Waller states that she previously suffered an infectious disease, described as pneumonia, in 2006, but did not suffer any of the other three types of disease. In her September 2009 PFS, Ms. Waller states that she previously suffered a skin disease, which she identified as "Hehy, SculeySkin", on January 1, 2007, but did not suffer any other three types of disease. And, in her December 2009 PFS, Ms. Waller states that she previously suffered an infectious disease, again described as pneumonia, but in this PFS the pneumonia occurred in 2006, 2007, and twice in 2008. Her December 2009 PFS also states she did not suffer any of three disease types, including the skin disease she identified in her September 2009 PFS.

In addition to the above and the inconsistent responses to PTO 88's twenty-three (23) key questions summarized in Ex. D, Ms. Waller provided other materially different answers

in her PFS. For example, in response to the question "State the reason you stopped living in the in the FEMA trailer or mobile home" (PFS Section V(A)(10)), Ms. Waller responded: January 2009 – "Still in trailer"; September 2009 – "Kept getting sick"; and December 2009 – "FEMA picked up trailer."

In Section V(E) (other residents) she list five other residents in two of her three PFS, but only list herself in the September 2009 PFS. She also provides different occupancy dates for the other residents in her January 2009 and December 2009 PFS.

In Sections VI(A) and VI(B) of her PFS, Ms. Waller provides height and weight data as follows:

> January 2009: Height: 5'7"; Current Weight: 270 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 375 lbs. (indicating a weight decrease);

> September 2009: Height: 5'7"; Current Weight: 287 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 250 lbs. (indicating a weight increase); and

> December 2009: Height: 5'7"; Current Weight: 225 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 225 lbs. (indicating no weight change).

On April 4, 2011, Sun Valley sent a letter to Watts Hilliard and Mr. Schmidt, requesting cured PFS (Ex. E), but only received a duplicate PFS from Mr. Schmidt of what Ms. Waller previously produced. Frankly, given the material inconsistencies in Ms. Waller's PFS, deficiency letters seem useless and likely to generate only more inconsistencies.

III.  LAW AND ARGUMENT

Sun Valley respectfully submits that Ms. Waller has failed to comply with the Court's orders relating to PFS and her claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to

ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

Ms. Waller's most glaring violation of this Court's pretrial orders is her verification of materially inconsistent answers in her three (3) PFS, which undermine the reliability and credibility of the abbreviated discovery process essential to the effective and efficient management of this MDL. When she verified different occupancy dates, different smoking history, different symptoms while living in the travel trailer, different past disease history and the other various and sundry responses given in her PFS, effective and efficient management and evaluation of her claims for potential settlement were lost.

In addition, through PTO 88, this Court greatly reduced Ms. Waller's burden of completing a PFS by only requiring her to answer "twenty-three (23) key questions." After she received a deficiency notice, she failed to respond with a cured PFS. As a result, Ms. Waller has failed to materially comply with this Court's pretrial orders concerning PFS. In essence, the parties' negotiations that produced PTO 88 and this Court's entry of that Order, establish what PFS questions MUST be answered by a plaintiff to "substantially comply"

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

with this Court's orders concerning PFS. No further inquiry is necessary. If a plaintiff fails to answer any of the 23 key questions or fails to sign their PFS, their claims should be dismissed with prejudice for failing to comply with PTOs 2, 32 and 88.

IV.   CONCLUSION

Sun Valley moves for an Order dismissing the claims of Sonya Waller with prejudice. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain reliable and credible information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. The pretrial orders and PFS require a plaintiff to verify their answers subject to the penalty of perjury. This verification is essential to providing reliable and credible information necessary to facilitate settlement. In a further effort to facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, Ms. Waller has failed to comply with the essential components of this streamlined process. Ms. Waller's inconsistent and deficient PFS significantly prejudice Sun Valley's evaluation of her claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of Ms. Waller with prejudice.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Sonya Waller should be granted and her claims against Sun Valley set forth in the following lawsuits should be dismissed with prejudice:

- *Sonya Andrews, et al v. Sun Valley, Inc., et al,* EDLA No. 09-5659;

- *Gerod Macon, et al v. Sun Valley, Inc., et al,* EDLA No. 09-7109; and

- *Myra Williams, et al v. Sun Valley, Inc., et al,* EDLA No. 09-8603.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:    337-232-9700**
**FAX:         337-235-4943**
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Unopposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue