UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | JUDGE KURT D. ENGELHARDT DOCKET NO: MDL 1873 (N-5) |

This Document Relates to:

*Makayla Brown, et al versus*
*Sun Valley, Inc., et al*  : MAG. JUDGE ALMA L. CHASEZ
E.D. La. Suit No. 09-5248
Plaintiff:   Makayla Brown

*Sonya Andrews et al versus*
*Sun Valley, Inc., et al*
E.D. La. Suit No. 09-5659
Plaintiff:   Krystal Brown obo M.B. (Minor)

*Myra Williams, et al versus*
*Sun Valley, Inc., et al*
E.D. La. Suit No. 09-8603
Plaintiff:   Sonya Waller obo M.B. (Minor)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs against Sun Valley in the following lawsuits, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets (PFS):

- Plaintiff, Makayla Brown: *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248);

- Plaintiff, Krystal Brown obo M.B. (Minor): *Sonya Andrews, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5659; and

- Plaintiff, Sonya Waller obo M.B. (Minor): *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603

Sun Valley submits that claims of the referenced plaintiffs in all three lawsuits are filed on behalf of the same person, who will hereafter be referenced as the Minor M.B., and should be dismissed for plaintiffs' failure to produce a properly verified and completed PFS conforming to Pre-Trial Orders No. 2, 32 & 88.

I.   CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. In sum, PTO 2 required that a plaintiff produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a PFS or identifying the material deficiencies, and state that dismissal would be sought if the plaintiff failed to produce a PFS or cure the deficiencies within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.) PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced

the responses a plaintiff was required to provide in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent the deficiency notice after March 24, 2011.

In the case of the Minor M.B., the provisions in the PFS pre-trial orders regarding the binding effect of plaintiffs' answers in the PFS and the requirement that they verify those answers are particularly important. In paragraphs titled "Answer Binding," PTO 2 and PTO 32 state that: "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26." (See, PTO 2, at para. III(A); PTO 32, at para. I(A).) Both pre-trial orders further required that the PFS completed and delivered to defense counsel be "verified" by the plaintiff. (PTO 2, at para. III(B); PTO 32, at para. I(B).) While PTO 88 streamlined the PFS process, it did not alter the binding effect of plaintiffs' answers in their PFS and further reiterated the requirement that "[e]ach PFS must have a plaintiff's signature, as required by Pretrial Orders No. 2 and 32," thereby reinforcing the binding quality of a plaintiff's PFS answers.

Finally, the PFS contain a "Certification" to be verified by the plaintiffs' signature, which states:

> I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

The plaintiffs have produced four (4) PFS, all verified by signatures. Three of the PFS were produced through attorney, Douglas Schmidt, and can be reconciled, for the most part. However, those three PFS provide materially different answers than the PFS produced through the Hurricane Legal Center, and no reconciliation is possible.

II. PLAINTIFFS' FAILURES TO COMPLY WITH THE PRETRIAL ORDERS.

A. The Lawsuits and The Plaintiffs:

The Minor M.B., first sued Sun Valley on August 3, 2009, in the matched lawsuit titled *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248, under the name of "Makayla Brown." (Rec. Doc. 1, EDLA No. 09-5248.) This lawsuit was filed by the Plaintiffs' Steering Committee (PSC).

The Minor M.B. then sued Sun Valley on August 14, 2009, in the matched lawsuit titled *Sonya Andrews, et al. v. Sun Valley, Inc., et al.*, EDLA No. 09-5659, under the name of Krystal Brown on behalf of M.B. (Minor). This lawsuit was filed by the Hurricane Legal Center, L.L.C. (Rec. Doc. 1, EDLA No. 09-5659.)

Finally, the Minor M.B. sued Sun Valley in the matched lawsuit titled *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603, under the name of Sonya Waller obo M.B. (Minor). This last lawsuit was filed by Mr. Frank D'Amico and Mr. Aaron Ahlquist. (Rec. Doc. 1, EDLA 09-8603.)

The PSC has advised that all matters EXCEPT the matter of *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248, will be voluntarily dismissed, but as of the filing of this Motion, no voluntary dismissals had been filed in the other two matters.

B.  The Plaintiff Fact Sheets:

In addition to filing multiple lawsuits, four (4) PFS had been produced on behalf of the Minor M.B. All four of the PFS were verified and prepared by Krystal Brown on behalf of the Minor M.B. No PFS was provided to Sun Valley for the person identified as the plaintiff "Makayla Brown" in the matter of *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248, filed by the PSC, until the date of the filing of this motion, when the PSC reported that the claims of the Minor M.B. filed in the other lawsuits would likely be voluntarily dismissed. At that time, the PSC produced to Sun Valley a PFS on behalf of the Minor M.B., verified by Krystal Brown on December 17, 2008. Thus, the total PFS produced for the Minor M.B. is now five (5).

Also, no PFS has been produced by Sonya Waller on behalf of the Minor M.B., who is a plaintiff in the matter of *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603, filed by Mr. D'Amico and Mr. Ahlquist. In the PFS produced by Krystal Brown for the Minor M.B., Ms. Brown states that she is the minor's mother.

1.  The December 2009 PFS:

Three (3) of the PFS produced for the Minor M.B. were verified on December 3, 2009, by Krystal Brown on behalf of the Minor M.B. (Ex. A, the "December 2009 PFS.") While different, the three PFS December can be reconciled. With one exception, the differences in the PFS relate to certain questions being unanswered in one or two of the PFS, but answered in the other PFS. The one exception is that one of the three PFS states that the plaintiff is in possession of a Form 95, while the other two PFS state the plaintiff is

not in possession of that Form. These three PFS identify Mr. Douglas Schmidt as the attorney for Krystal Brown on behalf of the Minor M.B.

2. The Undated PFS:

The fourth PFS is undated, but verified by Krystal Brown on behalf of the Minor M.B. (Ex. B, the "Undated PFS.") The PFS identifies the Hurricane Legal Center, LLC, as the attorney for the plaintiff. The answers in the Undated PFS are materially different than, and inconsistent with, the answers in the December 2009 PFS.

3. The PSC PFS:

The PFS produced by the PSC to Sun Valley on the date this motion was filed is dated December 17, 2008. (Ex. C, the "PSC PFS.") This PFS pre-dates the first lawsuit against Sun Valley in this MDL. (See, Rec. Doc. No. 1, EDLA No. 09-3722, filed June 3, 2009.) The answer in the PSC PFS are materially different than, and inconsistent with, the answers in the December 2009 and Undated PFS.

3. The Different and Inconsistent Answers in the PFS:

The material inconsistencies in the PFS produced by Krystal Brown on behalf of the Minor M.B. do not end with the identity of her attorney. Using the chart of the "23 key questions" a plaintiff must answer pursuant to PTO 88, Sun Valley has prepared a chart summarizing the material, inconsistent answers between the December 2009 PFS and the Undated PFS. (See Ex. C.) Here are some of the highlights of those material and inconsistent answers:

**Move-In and Move-Out Dates, PFS Section V(A)(6) and (7):** In the December 2009 PFS, the Minor M.B. is said to have moved into the Sun Valley travel trailer in April 2006 and

moved out of the trailer in May 2008 (25 months). However, in the Undated PFS verified by Krystal Brown, the Minor M.B. is said to have moved into the Sun Valley travel trailer in May 2007 and moved out of the trailer in March 2009 (23 months). Then, in the PSC PFS verified by Krystal Brown, the Minor M.B. is said to have moved into the Sun Valley travel trailer in September 2006 and moved out of the trailer in April 2007 (8 months).

**Symptom Checklist, PFS Section III(C):** In the December 2009 PFS, Krystal Brown states that the Minor M.B. experienced twenty-three (23) of the forty-seven (47) symptoms listed on the PFS while living in the Sun Valley travel trailer. However, in the Undated PFS, the Minor M.B. is said to have experienced only fourteen (14) of the listed symptoms while living in the trailer. Then, in the PSC PFS, the Minor M.B. is said to have experienced twenty-five (25) of the listed symptoms while living in the trailer.

**Claims for Mental/Emotional Damages (Section III(C)(8)), Medical Expenses (Section III(C)(9)), and Lost Wages (Section IV(F)(3)):** Krystal Brown provides the following answers in response to the questions about whether she is asserting claims for mental / emotional damages, medical expenses and lost wages on behalf of the Minor M.B.:

|  | Dec. 2009 PFS | Undated PFS | PSC PFS |
| --- | --- | --- | --- |
| Mental / Emotional Damages | No | Yes | Yes |
| Medical Expenses | No | Yes | Yes |
| Lost Wages | Yes | No | No |

In addition to the above and the inconsistent responses to PTO 88's twenty-three (23) key questions summarized in Ex. C, Krystal Brown provided other materially different answers in the PFS she produced and verified for the Minor M.B. In Section V(E) (other

residents) she list five other residents in the Undated PFS and PSC PFS, but only list three in the December 2009 PFS. She also provides different occupancy dates for the other residents in these the three PFS.

In Sections VI(A) and VI(B) of her PFS, Krystal Brown provides height and weight data for the Minor M.B. as follows:

> December 2009 PFS: Height: 4'6"; Current Weight: 90 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 95 lbs. (indicating a weight decrease);

> Undated PFS: Height: 4'10"; Current Weight: 84 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 80 lbs. (indicating a weight increase);

> PSC PFS: Height: 4'6"; Current Weight: 87 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 89 lbs. (indicating a weight decrease);

On April 4, 2011, Sun Valley sent a letter to Mr. Schmidt, that was carbon copied to the PSC, requesting a cured PFS (Ex. E), to which Mr. Schmidt responded by producing data identifying the Sun Valley travel trailer the Minor M.B. occupied. The PSC did not provide its PFS for the Minor M.B. at that time. And, rather than cure the deficiencies in the PFS, the PSC PFS only adds to the different and inconsistent responses provided by Krystal Brown on behalf of the Minor M.B. in the December 2009 PFS and Undated PFS.

III. LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs sought to be dismissed have failed to comply with the Court's orders relating to PFS and their claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County,*

*Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

No PFS has been produced by Sonya Andrews on behalf of the Minor M.B., as plaintiff in the matter *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603. This is not surprising, however, because Krystal Brown is the mother of the Minor M.B.

Ms. Brown's most glaring violation of this Court's pretrial orders is her verification of materially inconsistent answers in the PFS she produced on behalf of her daughter, which undermine the reliability and credibility of the abbreviated discovery process essential to the effective and efficient management of this MDL. When she verified different occupancy dates and different symptoms for her daughter while living in the travel trailer, and answered "yes" and "no" in the PFS in response to whether she is claiming mental damages, medical expenses and lost wages for her daughter, and together the other various and sundry responses she provided in the PFS, effective and efficient management and evaluation of claims of the Minor M.B. for potential settlement were lost.

On behalf of the Minor M.B., Ms. Brown provided different and inconsistent answers to fifteen (16) of the "twenty-three (23) key questions" intended to promote settlement under PTO 88. As a result, whether because they failed to produce a PFS or produced different

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F2d 1214 (5th Cir. 1970).

and inconsistent PFS, the plaintiffs sought to be dismissed have failed to comply with this Court's pretrial orders concerning PFS and their claims should be dismissed with prejudice.

IV. CONCLUSION

Sun Valley moves for an Order dismissing the claims of the plaintiffs referenced in this motion with prejudice. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain reliable and credible information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. The pretrial orders and PFS require a plaintiff to verify their answers subject to the penalty of perjury. This verification is essential to providing reliable and credible information necessary to facilitate settlement. In a further effort to facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, the plaintiffs sought to be dismissed have failed to comply with the essential components of the PFS process. The failure to produce a PFS and the production of inconsistent and deficient PFS significantly prejudice Sun Valley's evaluation of the plaintiffs' claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing those claims with prejudice.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against the

following plaintiffs in the following lawsuits should be granted and their claims against Sun Valley dismissed with prejudice:

- Plaintiff, Makayla Brown: *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248;

- Plaintiff, Krystal Brown obo M.B. (Minor): *Sonya Andrews, et al v. Sun Valley, Inc., et al,* EDLA No. 09-5659; and

- Plaintiff, Sonya Waller obo M.B. (Minor): *Myra Williams, et al v. Sun Valley, Inc., et al,* EDLA No. 09-8603.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:** 337-232-9700
**FAX:** 337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Unopposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue