UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO:   MDL 1873 (N-5) |

This Document Relates to:

*Makayla Brown, et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-5248*
Plaintiff:     Trinity Henry

: MAG. JUDGE ALMA L. CHASEZ

*Sonya Andrews et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-5659*
Plaintiff:     Krystal Brown obo T.H. (Minor)

*Myra Williams, et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-8603*
Plaintiff:     Sonya Waller obo T.H. (Minor)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs against Sun Valley in the following lawsuits, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to the provision of Plaintiff Fact Sheets (PFS):

- Plaintiff, Trinity Henry: *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248);

- Plaintiff, Krystal Brown obo T.H. (Minor): *Sonya Andrews, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5659; and

- Plaintiff, Sonya Waller obo T.H. (Minor): *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603.

Sun Valley submits that claims of the referenced plaintiffs in all three lawsuits are filed on behalf of the same person, who will hereafter be referenced as the Minor T.H., and should be dismissed for plaintiffs' failure to produce a properly verified and completed PFS conforming to Pre-Trial Orders No. 2, 32 & 88.

I.  CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court entered Pretrial Order No. 2 ("PTO 2" at Rec. Doc. No. 87) which introduced the "Plaintiff Fact Sheet" (PFS) as a substitute for initial discovery and established a process for "curing" deficient PFS when a plaintiff failed to provide one or more responses in the fact sheet. In sum, PTO 2 required that a plaintiff produce a PFS within thirty (30) days after filing suit or their suit being transferred to this MDL. If a plaintiff failed to produce a PFS or produced a deficient PFS, counsel for the defendant was to send plaintiff's counsel a letter requesting a PFS or identifying the material deficiencies, and state that dismissal would be sought if the plaintiff failed to produce a PFS or cure the deficiencies within 30 days. *Id.* at p. 8-9.

The Court amended PTO 2 with the entry of Pretrial Order No. 32 ("PTO 32") on March 18, 2009. (Rec. Doc. No. 1180.) PTO 32 provided new deadlines for producing PFS, but retained the same curing procedure set forth in PTO 2.

The Court then entered Corrected Pretrial Order No. 88 ("PTO 88") to streamline the PFS process to facilitate settlement discussions. (Rec. Doc. 22153) PTO 88 greatly reduced the responses a plaintiff was required to provide in their PFS to "twenty-three (23) key questions" and their signature, and extended the time to cure a deficient PFS an additional thirty (30) days if the defendant sent the deficiency notice after March 24, 2011.

In the case of the Minor T.H., the provisions in the PFS pre-trial orders regarding the binding effect of plaintiffs' answers in the PFS and the requirement that they verify those answers are particularly important. In paragraphs titled "Answer Binding," PTO 2 and PTO 32 state that: "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and must be supplemented in accordance with Fed. R. Civ. P. 26." (See, PTO 2, at para. III(A); PTO 32, at para. I(A).) Both pre-trial orders further require that the PFS completed and delivered to defense counsel be "verified" by the plaintiff. (PTO 2, at para. III(B); PTO 32, at para. I(B).) While PTO 88 streamlined the PFS process, it did not alter the binding effect of plaintiffs' answers in their PFS and further reiterated the requirement that "[e]ach PFS must have a plaintiff's signature, as required by Pretrial Orders No. 2 and 32," thereby reinforcing the binding quality of a plaintiff's PFS answers.

Finally, the PFS contain a "Certification" to be verified by the plaintiffs' signature, which states:

> I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of

my lawyers, and that I have signed the authorizations attached to this declaration.

The plaintiffs have produced three (3) PFS, all verified by signatures. Two of the PFS were produced through attorney, Douglas Schmidt, and can be reconciled as one supplementing the other. However, those two PFS provide materially different answers than the PFS produced through the Plaintiffs' Steering Committee, and no reconciliation between the PFS is possible.

II. PLAINTIFFS' FAILURES TO COMPLY WITH THE PRETRIAL ORDERS.

   A.   The Lawsuits and The Plaintiffs:

The Minor T.H., first sued Sun Valley on August 3, 2009, in the matched lawsuit titled *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248, under the name of "Trinity Henry." (Rec. Doc. 1, EDLA No. 09-5248.) This lawsuit was filed by the Plaintiffs' Steering Committee (PSC).

The Minor T.H. then sued Sun Valley on August 14, 2009, in the matched lawsuit titled *Sonya Andrews, et al. v. Sun Valley, Inc., et al.*, EDLA No. 09-5659, under the name of Krystal Brown on behalf of T.H. (Minor). This lawsuit was filed by the Hurricane Legal Center, L.L.C. (Rec. Doc. 1, EDLA No. 09-5659.)

Finally, the Minor T.H. sued Sun Valley in the matched lawsuit titled *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603, under the name of Sonya Waller obo T.H. (Minor). This last lawsuit was filed by Mr. Frank D'Amico and Mr. Aaron Ahlquist. (Rec. Doc. 1, EDLA 09-8603.)

The PSC has advised that all claims of the Minor T.H. EXCEPT those in the matter of *Makayla Brown, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5248, will be voluntarily

dismissed, but as of the filing of this Motion, no voluntary dismissals had been filed in the other two matters.

B.  The Plaintiff Fact Sheets:

In addition to filing multiple lawsuits, three (3) PFS had been produced on behalf of the Minor T.H. Two of the PFS (one supplementing the other) were verified and prepared by Sonya Waller on behalf of the Minor T.H. and identify Mr. Douglas Schmidt as the attorney. These PFS will be referenced together as the "Waller PFS." (Ex. A) The remaining PFS was verified and prepared by Krystal Brown for the Minor T.H., and identifies the PSC as the attorney. This PFS will be referenced as the "Brown PFS." (Ex. B) Both Ms. Waller and Ms. Brown claim to be the minor's mother in the PFS. A copy of the birth certificate for the Minor T.H. identifying Ms. Brown as the minor's mother is attached to the Brown PFS

The material inconsistencies in the Waller PFS and Brown PFS on behalf of the Minor T.H. do not end with the identity of their attorney. Using the chart of the "23 key questions" a plaintiff must answer pursuant to PTO 88, Sun Valley has prepared a chart summarizing the material, inconsistent answers between the Waller PFS and the Brown PFS. (See Ex. C.) It is important to note that both Sonya Waller and Krystal Brown have provided materially different and inconsistent PFS in other matters. To that end, Sun Valley refers this Court to the following motions to dismiss contemporaneously filed with this motion:

>   Rec. Doc. No. 22709, Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2, 32 & 88 Relating to Plaintiffs Fact Sheets, regarding Sonya Waller; and

>   Rec. Doc. No. 22710, Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2, 32 & 88 Relating to Plaintiffs Fact Sheets, regarding the Minor M.B.

Here are some of the highlights of the material and inconsistent answers Ms. Waller and Ms. Brown provided on behalf of the Minor T.H.:

**Move-In and Move-Out Dates, PFS Section V(A)(6) and (7)**: In the Waller PFS, the Minor T.H. is said to have moved into the Sun Valley travel trailer in April 2006 and moved out of the trailer in May 2008 (25 months). However, in the Brown PFS, the Minor T.H. is said to have moved into the Sun Valley travel trailer in September 2006 and moved out of the trailer in April 2007 (8 months).

**Symptom Checklist, PFS Section III(C)**: The Waller PFS states that the Minor T.H. experienced twenty-four (24) of the forty-seven (47) symptoms listed on the PFS while living in the Sun Valley travel trailer. However, in the Brown PFS, the Minor T.H. is said to have experienced twenty-seven (27) of the listed symptoms while living in the trailer. And, this inconsistency is not simply a case of all 24 symptoms on the Waller PFS being included with three (3) additional symptoms on the Brown PFS. For example, the Waller PFS claims the Minor T.H. experienced "asthma attacks for the first time in" his life. However, the Brown PFS does not include any asthma-related symptom as something the Minor T.H. experienced. Conversely, the Brown PFS claims the Minor T.H. suffered "pulmonary edema," but this symptom is not included in the Waller PFS.

**Claims for Mental/Emotional Damages (Section III(C)(8)) and Medical Expenses (Section III(C)(9))**: The Waller PFS and Brown PFS provide the following answers in response to the questions about whether plaintiffs are asserting claims for mental / emotional damages and medical expenses on behalf of the Minor T.H.:

|                           | Waller PFS | Brown PFS |
|---------------------------|------------|-----------|
| Mental / Emotional Damages | No         | Yes       |
| Medical Expenses          | No         | Yes       |

**Hours in the Sun Valley Travel Trailer Each Day:** The Waller PFS states that the Minor T.H. spent twenty-four (24) hours in the Sun Valley travel trailer each day, while the Brown PFS states the minor spent only eighteen (18) hours in the trailer each day.

In addition to the above and the inconsistent responses to PTO 88's twenty-three (23) key questions summarized in Ex. C, plaintiffs provided other materially different answers in the PFS they produced and verified for the Minor T.H. In Section V(E) (other residents) three (3) additional residents are listed in the Waller PFS, but five (5) additional residents are listed in the Brown PFS. The PFS also provide different occupancy dates for the other residents.

In Sections VI(A) and VI(B) of the PFS, the plaintiffs provide height and weight data for the Minor T.H. as follows:

Waller PFS: Height: 3'2"; Current Weight: 55 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 55 lbs. (indicating no weight change); and

Brown PFS: Height: 3'10"; Current Weight: 35 lbs.; and Weight prior to living in a FEMA trailer or mobile home: 39 lbs. (indicating a weight decrease).

And, lest we forget, both Sonya Waller and Krystal Brown claim to be the mother of the Minor T.H. in the PFS the produced. (See Section III(A)(7).)

On April 4, 2011, Sun Valley sent a letter to Mr. Schmidt, requesting a cured PFS (Ex. D), to which Mr. Schmidt responded by producing data identifying the Sun Valley travel trailer the Minor T.H. occupied and other requested data. However, this does not cure the

different and inconsistent responses provided by Sonya Waller and Krystal Brown on behalf of the Minor T.H. in the Waller PFS and Brown PFS.

III. LAW AND ARGUMENT

Sun Valley respectfully submits that the plaintiffs sought to be dismissed have failed to comply with the Court's orders relating to PFS and their claims should be dismissed. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

Plaintiffs' most glaring violation of this Court's pretrial orders are their verification of materially inconsistent answers in the PFS they produced on behalf of the Minor T.H, which undermine the reliability and credibility of the abbreviated discovery process essential to the effective and efficient management of this MDL. When they verified different occupancy dates, different symptoms for the minor while living in the travel trailer, answered "yes" in one PFS and "no" in the other with respect to whether they were claiming mental damages

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F2d 1214 (5th Cir. 1970).

and medical expenses, and together the other various and sundry responses they provided in the PFS, effective and efficient management and evaluation of claims of the Minor T.H. for potential settlement were lost.

On behalf of the Minor T.H., Ms. Waller and Ms. Brown provided different and inconsistent answers to fourteen (14) of the "twenty-three (23) key questions" intended to promote settlement under PTO 88. As a result, the claims they assert against Sun Valley on behalf of the Minor T.H. should be dismissed with prejudice for their failure to comply with this Court's pretrial orders related to the production of PFS.

IV. CONCLUSION

Sun Valley moves for an Order dismissing the claims of the plaintiffs referenced in this motion with prejudice. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain reliable and credible information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. The pretrial orders and PFS require a plaintiff to verify their answers subject to the penalty of perjury. This verification is essential to providing reliable and credible information necessary to facilitate settlement. In a further effort to facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. Yet, the plaintiffs sought to be dismissed have failed to comply with the essential components of the PFS process. The production of inconsistent and deficient PFS significantly prejudice Sun

Valley's evaluation of the plaintiffs' claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing those claims with prejudice.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against the following plaintiffs in the following lawsuits should be granted and their claims against Sun Valley dismissed with prejudice:

- Plaintiff, Trinity Henry: *Makayla Brown, et al v. Sun Valley, Inc., et al,* EDLA No. 09-5248);

- Plaintiff, Krystal Brown obo T.H. (Minor): *Sonya Andrews, et al v. Sun Valley, Inc., et al,* EDLA No. 09-5659; and

- Plaintiff, Sonya Waller obo T.H. (Minor): *Myra Williams, et al v. Sun Valley, Inc., et al,* EDLA No. 09-8603.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:** 337-232-9700
**FAX:** 337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 2nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue