UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Janie Ruth Harvey v. Jayco, Inc.* | * | |
| Docket No. 09-8179 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Janie Ruth Harvey | * | |
| Keith Lewis | * | |
| Ruth Lewis | * | |
| (individually and obo T.L.) | * | |
| Ruby Michaels | * | |
| (individually and obo B.M.) | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco"), Bechtel National, Inc. and CH2M Hill Constructors, Inc., moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Janie Ruth Harvey (Plaintiff in *Harvey*, C.A. 09-8179)

- Keith Lewis (Plaintiff in *Harvey*, C.A. 09-8179)

- Ruth Lewis (Plaintiff in *Harvey*, C.A. 09-8179)

- Ruth Lewis obo T.L. (Plaintiff in *Harvey*, C.A. 09-8179)

- Ruby Michaels (Plaintiff in *Harvey*, C.A. 09-8179)

- Ruby Michaels obo B.M. (Plaintiff in *Harvey*, C.A. 09-8179)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to

comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

      The plaintiffs listed above filed *Janie Ruth Harvey v. Jayco, Inc.* on December 24, 2009. Jayco sent correspondence to Plaintiffs' Counsel advising that the above mentioned plaintiffs failed to provide a Plaintiff Fact Sheet. (*See* correspondence to counsel for plaintiffs, April 13, 2011, attached as Exhibit "A"). In response to Jayco's correspondence, Plaintiff Counsel notified Defendants that some of the plaintiffs previously submitted plaintiff fact sheets and upon request they would produce all plaintiff fact sheets in their possession. (*See* email from April Conger at Eaves Law Firm, counsel for plaintiffs, to the undersigned, April 15, 2011, attached as Exhibit "B"). Thereafter, Plaintiffs' Counsel produced 55 plaintiff fact sheets via compact disc. (*See* correspondence from April Conger at Eaves Law Firm, counsel for plaintiffs, to the undersigned, April 18, 2011, attached as Exhibit "C"). The fact sheets for Janie Ruth Harvey, Keith Lewis, Ruth Lewis, Ruth Lewis obo T.L., Ruby Michaels and Ruby Michaels obo B.M. were not included in the April 18th production of plaintiff fact sheets. To date, Defendants have

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

received no further response or production of Plaintiff Fact Sheets in regards to the aforementioned plaintiffs.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiffs' Counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Janie Ruth Harvey, Keith Lewis, Ruth Lewis, Ruth Lewis obo T.L., Ruby Michaels and Ruby Michaels obo B.M., be dismissed with prejudice.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
      THOMAS L. COUGILL
      Texas State Bar No. 04877300
      Louisiana State Bar No. 31112
      R. MARK WILLINGHAM
      Texas State Bar No. 21641500
      JEFFREY P. FULTZ
      Texas State Bar No. 00790728
      Mississippi Bar No. 101058
      Niels Esperson Building
      808 Travis Street, Suite 1608
      Houston, Texas 77002
      (713) 333-7600 – Telephone
      (713) 333-7601 – Facsimile

      **Attorneys for Jayco, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
      ROY C. CHEATWOOD (La. Bar No. 4010)
      GERARDO R. BARRIOS (La. Bar No. 21223)
      M. DAVID KURTZ (La. Bar No. 23821)
      KAREN KALER WHITFIELD (La. Bar No. 19350)
      WADE M. BASS (La. Bar No. 29081)
      No. 3 Sanctuary Boulevard, Suite 201
      Mandeville, La 70471
      (985) 819-8400 – Telephone
      (985) 819-8484 – Facsimile
      rcheatwood@bakerdonelson.com
      gbarrios@bakerdonelson.com
      dkurtz@bakerdonelson.com
      kwhitfield@bakerdonelson.com
      wbass@bakerdonelson.com

      **Attorneys for CH2M Hill Constructors, Inc.**

**FRILOT L.L.C.**

By:   s/*John J. Hainkel*___
      JOHN J. HAINKEL, III – La. Bar No. 18246
      A.J. KROUSE – La. Bar No. 14426
      PETER R. TAFARO – La. Bar No. 28776
      3600 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone : (504) 599-8000
      Facsimile: (504) 599-8100

**Attorneys for Bechtel National, Inc.**

## CERTIFICATE OF CONFERENCE

As required by Pretrial Order Number 10, Paragraph 1, I certify that I have conferred, or made a reasonable attempt to confer, with all other parties about the merits of this motion with the following results:  Plaintiffs' counsel, The Law Offices of John Arthur Eaves, does not oppose this motion.

      s/*Thomas L. Cougill*
      THOMAS L. COUGILL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 6th day of September, 2011.

      s/*Thomas L. Cougill*
      THOMAS L. COUGILL