UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                    MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                                  SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-8381

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 20927), filed by defendant Crum & Forster Specialty Insurance Company.

Originally, Crum & Forster moved in the instant motion to dismiss with prejudice the claims of the following eleven plaintiffs on grounds that they had failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Ashley Brooks-Robinson; (2) Alvirda Cook; (3) Alma Francis; (4) Averist Francis; (5) Delores Moss; (6) Dorothy Price; (7) Betty Robertson; (8) Curtis Scott; (9) David Williams, Sr.; (10) Dorothy Price on behalf of Edward Baker; and (11) Edward Price. However, Crum & Forster has informed the Court via its Second Amended Reply (Rec. Doc. 22214) that the plaintiffs have cured the deficiencies as to the following seven plaintiffs and that it no longer seeks dismissal as to these seven plaintiffs: (1) Alma Francis; (2) Averist Francis; (3) Dorothy Price; (4) Betty Robertson; (5) David Williams, Sr.; (6) Dorothy Price on behalf of Edward Baker; and (7) Edward Price. Moreover, plaintiffs have voluntarily dismissed the claims of plaintiffs Ashley Brooks Robinson and Curtis Scott. (Rec. Docs. 22085 and 22192). Thus, the motion remains pending against two plaintiffs only: (1) Alvirda Cook; and (2) Delores Moss.

1

A.  **BACKGROUND**:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).

Here, in August 2010, defendant Crum & Forster sent letters to plaintiffs' counsel specifying material deficiencies with respect to the plaintiffs at issue.  Plaintiffs' counsel sent supplemental responses as to several plaintiffs, and deficiencies remain only as to Alvirda Cook and Delores Moss.

B.  **APPLICABLE LAW**:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted)

(quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

    1. **Alvirda Cook:**

Plaintiff Avirda Cook's PFS was left entirely blank, except for her name, current address and telephone number, and the name and address of her attorney. *See* Exhibit C to Movant's Memorandum in Support (Rec. Doc. 20927-4). On August 6, 2010, counsel for Crum and Forster sent a letter notifying plaintiffs' counsel that Alvirda Cook's PFS was deficient virtually in its

entirety.  *See* Exhibit D to Movant's Memorandum in Support (Rec. Doc. 20927-4).  Nine months later, on May 11, 2011, Crum and Forster filed the instant motion.  Two weeks thereafter, on May 25, 2011, plaintiffs' counsel sent an "Errata Sheet" to counsel for Crum & Forster, providing the manufacturer, VIN, and bar code of the FEMA housing unit, and stating that the plaintiff had in the past suffered from skin disease and had been treated by a Zachary hospital.  *See* Exhibit W to Movant's Reply (Rec. Doc. 21912-1).   This was followed by a second "Errata Sheet" on May 31, 2011, which provided plaintiff's move-in and move-out dates, as well as her birth date. *See* Exhibit DD to Movant's Amended Reply (Rec. Doc. 22035-1).  Finally, counsel sent a third "Errata Sheet" dated July 6, 2011, stating symptoms that plaintiff allegedly suffered after moving into the FEMA unit (rashes, asthma attacks, and bronchitis), the healthcare providers who treated her for the symptoms, and the fact that plaintiff is a smoker.  *See* Exhibit EE to Movant's Second Amended Reply (Rec. Doc. 22214-1).  Plaintiff signed neither the PFS nor any of the errata sheets.

Plaintiffs argue that even before the supplemental responses, the deficiencies are "relatively minor" and do not prejudice the defendant.  (Rec. Doc. 21905).  However, the responses as supplemented still fail to answer even the most basic questions about the nature of Ms. Cook's claims, such as whether she is claiming lost wages, medical expenses, or emotional or mental injury. Moreover, the responses still leave unanswered several of the "key" questions and answers identified by this Court in Pre-Trial Order No. 88 (Rec. Doc. 22124).  For example, she fails to provide (1) her FEMA identification number (V.A.3); (2) the installation address of the housing unit (V.A.8); (3) whether she is claiming that she developed or may have developed any illness or disease as a result of formaldehyde exposure while living in FEMA housing unit, and if so, her understanding of any illness or disease that she has developed or may in the future develop (III.C.2); (4) whether she is

4

claiming mental or emotional damages, and if so the names of providers of psychological treatment; (5) whether she has suffered from any lung or respiratory disease and if so, the name, date, and description of such illness; (6) the name, date, and description of her skin disease; (7) whether she possesses any documents described in PFS section VIII (A-D); and (8) the average number of hours spent in the FEMA housing unit each day.  These questions solicit vital information that this Court has identified as necessary for the purpose of moving this matter toward resolution.  *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).  Accordingly, the Court finds that the defendants have been substantially prejudiced by their inability to learn these most basic facts.

Despite being given nine months after the deficiency letter was sent, and an additional two months after the instant motion was filed (during which time counsel for Crum & Forster worked with plaintiffs' counsel to cure the deficiencies), the PFS of Alvirda Cook is still largely blank. Thus, the Court finds that there is a clear record of delay and contumacious conduct.  Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that months of efforts by counsel for plaintiffs and defendants have failed to produce the missing information necessary to prosecute her claims.  In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal.  In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity.

A final factor for the Court to consider is the extent to which the blame for this delay and failure to prosecute lies with the plaintiff herself and not with counsel.  There is no direct evidence in the record on this issue.  However, given that plaintiffs' counsel worked diligently to cure the

other plaintiffs' deficiencies after the instant motion was filed, the Court finds it more likely than not that the blame lies with the plaintiff herself. Moreover, given that this Court has found actual prejudice to the defendant, it is not essential that the Court make a finding as to where blame should lie. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Alvirda Cook.

### 2. Delores Moss:

Crum & Forster states that the PFS of Delores Moss has been cured, except that neither the PFS nor the errata sheet was signed by the plaintiff. Yet, Crum & Forster argues that Ms. Moss' claims nevertheless should be dismissed with prejudice because she has known since June 2011 of her failure to sign. The Court disagrees that this failure warrants dismissal at this juncture.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 20927)** is hereby **DENIED IN PART**, in that it is denied as to plaintiff Delores Moss; and **DENIED AS MOOT IN PART**, in that it is denied as moot as to plaintiffs Ashley Brooks Robinson, Alma Francis, Averist Francis, Dorothy Price individually and on behalf of Edward Baker, Betty Robertson, Curtis Scott, David Williams, and Edward Price; and **GRANTED IN PART**, in that it is granted as to plaintiff Alvirda Cook. Thus, the claims of plaintiff Alvirda Cook are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __7th__ day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**