## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Karen Augustine v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8457* | * | |

*************************************************************************

### MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its <u>Unopposed Motion To Dismiss for Failure to Comply With Pre-Trial Orders #2 and #32 relating to Plaintiff Fact Sheets.</u>

I. Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. Pursuant to the Court's Pre-Trial Order No. 10, On august 29, 2011, counsel for Mover wrote counsel for plaintiff proposing a Motion to Dismiss for deficient plaintiff fact sheets. Mover responded on August 30, 2011 indicating that it partially opposed as to certain

plaintiffs, but did not oppose as to others.[1] Certain plaintiffs provided amendments which cured their plaintiff fact sheets and they were removed from this Motion. The other plaintiffs for whom the plaintiff fact sheets remain uncured are ***Danny Ellis, Travis Ellis, Debra Howard, Clarence Jackson, Daniel Jackson, Charlatia Kaufman, Charlatia Kaufman on behalf of L.K., Diane Nelson, Sandra Nelson, and Daniel Reed.***[2] Plaintiff counsel has been unable to contact these plaintiffs and their dismissal is not opposed.[3]

## I.  <u>Law and Argument:</u>

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[4] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[5]    Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery.

---

[1] See Exhibit A, August 30, 2011 email.
[2] See Exhibit A.
[3] See Exhibit A.
[4] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle,* 981 F.2d at 242-243.
[5] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.   Where plaintiffs do not provide a Plaintiff Fact Sheet – in essence failing to respond to discovery - there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that all plaintiffs in this MDL complete a Plaintiff Fact Sheet.  This particular motion is unopposed, as ***Danny Ellis, Travis Ellis, Debra Howard, Clarence Jackson, Daniel Jackson, Charlatia Kaufman, Charlatia Kaufman on behalf of L.K., Diane Nelson, Sandra Nelson, and Daniel Reed*** never provided complete, cured Plaintiff Fact Sheets. Therefore, in accordance with the Court's Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of ***Danny Ellis, Travis Ellis, Debra Howard, Clarence Jackson, Daniel Jackson, Charlatia***

*Kaufman, Charlatia Kaufman on behalf of L.K., Diane Nelson, Sandra Nelson, and Daniel Reed* with prejudice for failure to cooperate in the discovery process.

For these reasons, Mover prays that the claims in the above-captioned matter of the aforementioned plaintiffs be dismissed with prejudice.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS _7th_ DAY OF __September__, 2011..

_____/s Eric B. Berger_____

_____/s Eric B. Berger___
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290