#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section:  N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *Kasondra  Musacchia, et al v.* | * | Magistrate: Chasez |
| *Crum & Forster Specialty Ins. Co., et al* | * | |
| *No: 09-8361* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets.

I. Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues.  This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as

a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.   Law and Argument

1. Kasondra Musacchia's Plaintiff Fact Sheet is dated July 25, 2009.[6] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. While Kasondra Musacchia's Plaintiff Fact Sheet left only four of them blank, plaintiff has failed to identify the VIN, FEMA Identification number,

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9. See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, P.5.

or Bar Code number on the housing unit, or the amount of her claim for medical expenses.[7] Without this information, Mover is unable to know if it was correctly sued. Although plaintiff alleges she occupied a trailer manufactured by Pilgrim, it is impossible to verify the accuracy of those allegations. Furthermore, plaintiff states only that she moved into the trailer in 2006 and out of it in 2008, without specifying any months.[8] This is insufficient. For purposes of determining if coverage is appropriate, defendant Crum & Forster must know the dates during which plaintiff occupied a FEMA trailer manufactured by the insured, Pilgrim International. Counsel for Mover drafted a Rule 37 letter on August 10, 2010 to outline the deficiencies.[9] In response to Mover's Rule 37 letter, plaintiff sent an Errata sheet, which provided no additional information.[10] The Plaintiff Fact Sheet for Kasondra Musacchia is incomplete.

2. Kriste Ruffin's Plaintiff Fact Sheet is unsigned and undated.[11] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Kriste Ruffin's Plaintiff Fact Sheet left 105 of them blank.[12] Plaintiff provided only her name and an incomplete street address.[13] The rest of the Plaintiff Fact Sheet is entirely blank.[14] Counsel for Mover drafted a Rule 37 letter on August 10, 2010 to outline the deficiencies.[15] In response to Mover's Rule 37 letter,

---

[6] See Exhibit A.
[7] See Exhibit A.
[8] See Exhibit A.
[9] See Exhibit B.
[10] See Exhibit C.
[11] See Exhibit D.
[12] See Exhibit D.
[13] See Exhibit D.
[14] See Exhibit D.
[15] See Exhibit E.

plaintiff sent an Errata sheet, which still left 79 blanks.[16] Plaintiff does not answer whether she has been diagnosed with cancer since living in the FEMA trailer.[17] She does not state whether he is making a claim for mental or emotional damages, medical expenses or lost wages.[18] She provides no education, employment or family history.[19] She fails to address the reason for moving out of the FEMA trailer.[20] She does not answer whether air quality tests were performed.[21] Plaintiff fails to state the average number of hours per day spent in the FEMA trailer, the number of days per week she worked outside of the home during the time she lived therein, or whether she ever temporarily lived elsewhere.[22] She does not answer whether any health care professional has linked her alleged illness, disease, or injury to living in a FEMA trailer and does not identify any medical providers.[23] The Plaintiff Fact Sheet for Kriste Ruffin is incomplete, and Kriste Ruffin occupied the FEMA trailer after Crum & Forster's coverage ended. Thus, dismissal is appropriate for various reasons.

    3. The Plaintiff Fact Sheets of Kriste Ruffin on behalf of the minors E.R. and E.R. were not signed or dated.[24] Counsel for Mover reviewed them and deemed them insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. These minors' Plaintiff Fact Sheets each leave 119 of them blank.[25] In fact, plaintiff only listed

---

[16] See Exhibit F.
[17] See Exhibits D and F.
[18] See Exhibits D and F.
[19] See Exhibits D and F.
[20] See Exhibits D and F.
[21] See Exhibits D and F.
[22] See Exhibits D and F.
[23] See Exhibits D and F.
[24] See Exhibits G and H.
[25] See Exhibits G and H.

the children's names and provided incomplete addresses.[26] Kriste Ruffin does not indicate her relationship to the represented plaintiffs.[27] The remainder of the Plaintiff Fact Sheets for E.R. and E.R. are entirely blank.[28] Counsel for Mover drafted Rule 37 letters on August 6, 2010 to outline the deficiencies.[29] In response to Mover's Rule 37 letter, plaintiffs sent Errata sheets, which each still left 108 blanks.[30] The only new information provided is the children's symptoms, dates of birth, genders, VINs and Bar Code numbers.[31] Plaintiff does not state whether the children have been diagnosed with cancer since moving into the FEMA trailer.[32] She does not provide their family history or state whether they are making a claim for medical expenses.[33] Plaintiff fails to state the average number of hours per day they spent in the FEMA trailer or whether they ever temporarily lived elsewhere.[34] She also fails to state whether any air quality tests were ever performed.[35] She does not answer whether any health care professional has linked the children's alleged illness, disease, or injury to living in a FEMA trailer and does not identify any medical providers.[36] The Plaintiff Fact Sheets for Kriste Ruffin on behalf of the minors E.R. and E.R. are incomplete. Furthermore, plaintiffs did not move into the FEMA trailer until after Crum & Forster's coverage ended. Thus, dismissal is appropriate for various reasons.

---

[26] See Exhibits G and H.
[27] See Exhibits G and H.
[28] See Exhibits G and H.
[29] See Exhibits I and J.
[30] See Exhibits K and L.
[31] See Exhibits K and L.
[32] See Exhibits G, H, K and L.
[33] See Exhibits G, H, K and L.
[34] See Exhibits G, H, K and L.
[35] See Exhibits G, H, K and L.
[36] See Exhibits G, H, K and L.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[37] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[38] Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without this simulated discovery response provided in a timely manner, such as described in Pre-Trial Order No. 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs

---

[37] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 243 (5th Cir.1993).
[38] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

fail to respond to requests for completed fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.  Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to provide such within thirty (30) days of filing of the individual claim would result in dismissal with prejudice.  In accordance with the Court's Pre-Trial Orders and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Kasondra Musacchia, Kriste Ruffin, Kriste Ruffin on behalf of E.R. and Kriste Ruffin on behalf of E.R.,* with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

____/s Eric B. Berger_____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __8th__ DAY OF __September__, 2011..
_____/s Eric B. Berger_____