IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| | SECTION "N-5" |
| | JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |
| THIS DOCUMENT IS RELATED TO: | |
| ALL CASES | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

MEMORANDUM IN SUPPORT OF
INTERVENING PLAINTIFFS' COUNSEL'S
MOTION FOR COMMON BENEFIT ATTORNEYS' FEES AND
REIMBURSEMENT OF COMMON BENEFIT EXPENSES

**MAY IT PLEASE THE COURT:**

Rodney & Etter's efforts and expenditures were the spark that started this consolidated litigation, which has resulted in the pending $2,675,000 mobile home manufacturer settlement and the possible future settlements with the travel trailer manufacturers and FEMA contractors.

**Statement of Facts and Procedural History**

Rodney & Etter's attorneys, primarily directed by John K. Etter, began working on the FEMA trailer formaldehyde litigation in June, 2006, when the formaldehyde exposure

1

complaints first surfaced. Rodney & Etter filed the *Decarlo McGuire v. Gulf Stream Coach* class action lawsuit in Civil District Court for the Parish of Orleans on August 4, 2006, which named travel trailer and mobile home manufacturers, and FEMA trailer installation and maintenance contractors. After that case was removed to this Court, Rodney & Etter actively litigated the *McGuire* case in federal court until it was consolidated into this MDL in November, 2007.

Rodney & Etter prepared and filed the *Kimberly Nelson v. Gulf Stream Coach* lawsuit in the Western District of Louisiana, which was necessary to support multi-district consolidation. Two of the four cases that were pending when the parties asked the Judicial Panel on Multi-District Litigation to consolidate the FEMA trailer formaldehyde cases were filed by Rodney & Etter. Rodney & Etter also prepared and filed the amended and restated class action complaints in *McGuire* and *Nelson*, which expanded the claims, causes of action and parties.

After consolidation, this Court selected certain counsel to serve on the Plaintiffs' Steering Committee ("PSC"), for which Mr. Etter applied but was not appointed. On March 24, 2008, this Court entered an Order on Plaintiffs' Counsel's Time and Expenses Submissions (Doc. 115), which required PSC authorization for work common benefit work and expenses. Rodney & Etter only seeks compensation and reimbursement for its efforts and expenses that occurred before this Court's March 24, 2008 Order, which Rodney & Etter performed and incurred with a reasonable expectation of future compensation.

After the FEMA trailer cases were consolidated and the PSC members were appointed by this Court, Mr. Etter and Rodney & Etter's associates and paralegals continued to support the plaintiffs' committee efforts, monitored the scientific developments and the litigation, attended status conferences, filed additional cases and submitted claim forms for individual claimants. On

or about August 31, 2009, Rodney & Etter transferred thirteen (13) individual lawsuits, including the *McGuire* and *Nelson* cases to Justin Woods of the Gainsburgh, Benjamin law firm, and withdraw from those cases. Rodney & Etter is not seeking common benefit fees and reimbursement from this Court for its work and costs after this Court's March 24, 2008 Order.

The PSC stopped distributing pleadings, court orders and other communications about this litigation to Rodney & Etter in September, 2009, after those 13 cases were transferred to the Gainsburgh, Benjamin firm.

Rodney & Etter's attorneys devoted 1,373.80 hours to the FEMA trailer formaldehyde litigation between June 1, 2006 and March 23, 2008, as detailed in the attached declaration of counsel and detailed time records (Exhibits A, B and C). Rodney & Etter's paralegals spent 396.25 hours on this litigation. At an attorney rate of $250 per hour and a paralegal rate of $75 per hour, Rodney & Etter is entitled to $373,168.75. Rodney & Etter also paid $10,563.15 for formaldehyde testing, attendance at the Joint Panel on Multi-District Litigation hearing, attending the Congressional Sub-Committee hearing on the FEMA trailers, filing fees, experts and other expenses in this litigation, between June 1, 2006 and March 23, 2008 (Exhibit D).

The Plaintiffs' Steering Committee recently filed a motion seeking reimbursement of $953,644.28 of common benefit expenses from the manufactured housing settlement fund and to reserve $271,000 for future administrative expenses (Doc. 22283), which this Court presently has under consideration. The PCS did not consult or even inform the undersigned that such a motion would be filed. The PSC did provide an opportunity for Rodney & Etter to submit either its expenses or its attorneys' fee request for inclusion in the PSC's motion. Further, the PSC did not inform Rodney & Etter that the PSC had waived common benefit attorneys' fees in the PSC's negotiations with the manufactured housing defendants.

3

**Law and Argument**

I. **A Law Firm May Recover Common Benefit Attorneys' Fees and Expense Reimbursement by Intervening:**

Here, as in *Braud v. Transport Service Co. of Illinois*, No. 05-1898 (E.D. La. 8/17/10); 2010 U.S. Dist. Lexis 93433, a law firm that filed several lawsuits is forced to seek fees from this Court via intervention, after the other plaintiffs' counsel overlooked that firm's contributions to the consolidated litigation.

Rule 24 of the Federal Rules of Civil Procedure provides that "on timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 247 (5th Cir. 2009).

Rodney & Etter has a substantial and legally-recognized interest receiving compensation for its attorney efforts and expense from the common benefit fund. *See Sonneir v. Tako Towing, Inc.*, No. 91-1549 (E.D. La. 11/2/92); 1992 U.S. Dist. Lexis 16996 (holding that Gainsburgh, Benjamin law firm had a right to intervene to pursue a claim for attorneys' fees). The PSC's pending motion for expense reimbursement, if granted, could deplete the presently available settlement funds. The PSC is clearly not adequately representing Rodney & Etter's interest. *See Ross v. Marshall*, 426 F.3d 745, 761 (5th Cir. 2005) (holding that "a potential intervenor need only show that representation by the existing parties *may* be inadequate.").

II. **Common Benefit Fees and Expenses Should Be Awarded for Creating the Critical Mass the Enabled Consolidation of the FEMA Trailer Formaldehyde Litigation:**

Federal courts have long held that "a lawyer who recovers a common fund for the benefit

4

of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as whole." *Boeing v. Van Gemert*, 444 U.S. 472, 478; 100 S. Ct. 745, 749; 62 L. Ed.2d 676, 681 (1980). Louisiana state courts similarly recognize that an attorney is entitled to compensation "where an attorney alone and at his own expense has successfully maintained an action for the preservation, protection, increase or creation of a fund in which persons other than his own clients may share or from which they may benefit." *Avants v. Kennedy*, 2002 0830 (La. App. 1 Cir. 12/20/2002); 837 So.2d 647, 656; *Kirkpatrick v. Young*, 456 So.2d 622, 625 (La. 1984). Rodney & Etter's efforts and expenditures in investigating, preparing, filing and litigating two of the cases that were necessary for this consolidated action benefitted all of the FEMA trailer formaldehyde claimants.

This Court has recognized that the attorneys who file the first lawsuits are entitled to common benefit fees and reimbursement, even if they do not handle a large number of claimants, because a "critical mass" of cases is required for consolidation into a single proceeding and for the litigation to have sufficient momentum to result in substantial settlements. *See Turner v. Murphy Oil USA, Inc.*, No. 05-4206 (E.D. La. 10/6/08); 2008 U.S. Dist. Lexis 98434.

### III. Non-PSC Members Are Entitled to Common Benefit Attorneys' Fees and Reimbursement:

This Court has an independent duty to ensure that the attorneys' fees and expense reimbursements are fair and reasonable, and may not simply accept the allocation proposed by the Plaintiffs Steering Committee. *See In Re High Sulfur Content Gasoline Products Liability Litigation*, 517 F.3d 220, 227 (5th Cir. 2008). In this case, as in *High Sulfur* and in *In re Diet Drugs*, the members of the Plaintiffs' Steering Committee "had a direct conflict of interest: they were suggesting to the District Court how to proceed on matters near and dear – dividing a limited fund among themselves and other firms." *High Sulfur*, 517 F.3d at 235 (*quoting In re*

*Diet Drugs Products Liability Litigation*, 401 F.3d 143, 173 - 174 (3rd Cir. 2005)).  This Court should now ensure that all counsel who contributed to this consolidation receive compensation for their efforts and expenses, not just the members of the PSC.

This Court has been frequently confronted with similar situations where a law firm that was not part of the plaintiffs' steering committee performed work that created a common benefit. In *In re Vioxx*, MDL No. 1657 (E.D. La. 8/9/11); 2011 U.S. Dist. Lexis 92706, Judge Fallon awarded substantial common benefit fees to the Bruno & Bruno law firm, where none of that firm's attorneys served on the PSC and the court-appointed CPA rejected the law firm's time records.  Similarly, several attorneys were awarded common benefit fees in the Murphy Oil class action who were not committee member or whose time records were not accepted by the Executive Committee.  *See Turner v. Murphy Oil USA, Inc.*, No. 05-4206 (E.D. La. 10/6/08); 2008 U.S. Dist. Lexis 98434.

Rodney & Etter's position in this case is identical to the position of Lance Licciardi in the Murphy Oil litigation.  Like Mr. Licciardi, Rodney & Etter was asked by the PSC to contribute their clients to the critical mass that was required to create this consolidated MDL action, and later transferred its cases to Plaintiffs' Liaison Counsel.  This Court should follow Judge Fallon's example in that case, and award Rodney & Etter its common benefit attorneys' fees and reimbursement for its expenses.

**IV.**     **Calculation of Attorneys' Fees:**

"To calculate attorneys' fees, a court must first calculate a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Next, the court must consider whether the lodestar should be adjusted upward or downward, depending on the circumstances of the case, and the factors set forth in *Johnson v. Ga. Highway Express, Inc.*,

488 F.2d 714 (5th Cir. 1974). "[I]t is not necessary for the court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *Cooper v. Pentecost*, 77 F.3d 829, 831 - 832 (5th Cir. 1996); *Fain v. Caddo Parish Police Jury*, 564 F.2d 707, 709 (5th Cir. 1977). "Counsel for a prevailing party should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter." *Green v. Tulane Educational Fund*, 284 F.3d 642, 663 (5th Cir. 2002).

The prevailing market rate for the New Orleans legal community can be determined by the declarations or affidavits submitted by the plaintiffs and by fee awards in similar cases. In 2005, this Court reviewed attorney fee awards in the Eastern District between 2001 and 2004, and found a range of $150 to $250 per hour for experienced counsel, while noting that extremely qualified and seasoned litigators charge hourly rates of $375 to $400, especially for trial work.

Mr. Etter's present rate for complex litigation, class action defense and intellectual property matters on behalf of private parties is $250.00 per hour. Mr. Rodney's present rate for such matters and clients is $300.00 per hour. Their rates for public entities, non-profit organizations and small businesses range from $125 to $250 per hour, depending on the complexity of the matter and the client's financial situation. Rodney & Etter urges this Court to award fees at a rate of $250.00 for its attorneys and $75.00 per hour work done by the firm's paralegals.

## Conclusion

Rodney & Etter was one of the first law firms to recognize and investigate the formaldehyde exposure complaints after Hurricane Katrina. The firm hired experts to perform formaldehyde testing, researched, prepared and filed thirteen lawsuits on behalf of people who

7

were exposed to formaldehyde. Two of Rodney & Etter's cases, *McGuire* and *Nelson* supported the consolidation of these cases into the present MDL litigation. The Plaintiffs' Steering Committee's recent request for expense reimbursement from the manufactured housing settlement and the PSC's decisions are likely to prevent Rodney & Etter from receiving common benefit attorneys fees and reimbursement for its expenditures in this litigation. This Court should, now, recognize Rodney & Etter's contributions to this litigation and award Rodney & Etter reasonable attorneys' fees and expense reimbursement.

In the event that this Court determines that the presently available settlement funds are not sufficient for an award of common benefit attorneys' fees and expenses, Rodney & Etter respectfully requests this Court to retain and consider this motion whenever this Court allots attorneys' fees and cost reimbursements to plaintiffs' counsel in the future. Rodney & Etter also hereby reserves the right to re-urge this motion in the future.

**WHEREFORE**, for the foregoing reasons and for the reasons contained in the attached declaration of counsel and detailed time records, Intervening Plaintiffs' Counsel, the Rodney & Etter, LLC law firm, prays that this Court award the Rodney & Etter, LLC law firm reasonable attorneys' fees for its work that benefitted all litigants in these consolidated matters and order that the Rodney & Etter, LLC law firm be reimbursed for the expenses it incurred in the investigation, filing and prosecution of the initial lawsuits that led to the current and future settlements.

Respectfully submitted,

/s/ John K. Etter
JOHN K. ETTER (Bar No. 25042)
**RODNEY & ETTER, LLC**
620 North Carrollton Avenue
New Orleans, LA 70119
Phone:  (504) 483-3224
Facsimile:  (504) 483-2259
Email: jke@rodneylaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the above and foregoing pleadings were served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 8th day of September, 2011.

/s/ John K. Etter
**JOHN K. ETTER**