UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | **SECTION "N" (5)** |
| | * | |
| | * | **JUDGE: ENGELHARDT** |
| **THIS DOCUMENT IS RELATED TO:** | * | |
| *Allen, et al v. Gulf Stream Coach,* | * | **MAG: CHASEZ** |
| *Inc., et al*; Docket No. 10-742 | * | |
| Plaintiff:  Kayla Dobson | * | |
| | * | |
| *Alkurd, et al v. Gulf Stream Coach, Inc., et al* | * | |
| Docket No. 10-3553 | * | |
| Plaintiffs:  Brenda Bushnell Doucet, Patrick | * | |
| Doucet | * | |

**************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFFS FACT SHEETS

**MAY IT PLEASE THE COURT:**

Gulf Stream Coach, Inc. ("Gulf Stream") moves this Honorable Court for an Order dismissing the claims of the plaintiffs listed in the above caption, with prejudice for failure to comply with the terms of Pre-Trial Orders No. 2 and 32 relating to the provision of Plaintiff Fact Sheets.  The Plaintiffs are:

1. Kayla Dobson
2. Brenda Bushnell Doucet
3. Patrick Doucet

## I.    CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as

the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id*. at p. 8—9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id*.

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II.    LAW AND ARGUMENT

Here, Gulf Stream respectfully submits that the plaintiffs identified above have failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action

or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In this case, the plaintiffs have not submitted Plaintiff Fact Sheets. Gulf Stream subsequently sent correspondence to plaintiff's counsel listing the missing plaintiff fact sheets. Counsel for the plaintiffs responded by forwarding correspondence stating that they had not been successful in locating fact sheets for the plaintiffs listed in the caption above. *See* correspondence from Robert L. Burns, dated 8/29/11, attached as Exhibit "A."

Thus, Gulf Stream moves for an Order dismissing these plaintiffs. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Gulf Stream must be able to obtain information about those who make allegations against it. The Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, Gulf Stream is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Gulf Stream by dismissing the claims of these plaintiffs. In accordance with Pre-Trial Orders 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Gulf Stream should be

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

granted, dismissing the following plaintiffs' claims, with prejudice.

Respectfully Submitted,

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK #18495
JOSEPH G. GLASS #25397**
Three Lakeway Center, Suite 2900
3838 N. Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 832-3700
Facsimile: (504) 837-3119
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Defendant, Gulf Stream Coach, Inc.**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this 8th day of September, 2011, a copy of the above and foregoing was filed electronically.  Notice of this pleading was sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

s/ Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK**