UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER　　　　　　　　　　　　　　　　MDL NO. 07-1873
　　　　FORMALDEHYDE PRODUCTS
　　　　LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-4730

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 21506), filed by defendant Crum & Forster Specialty Insurance Company.

Crum & Forster moves to dismiss with prejudice the claims of the following four plaintiffs on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Brandi Saunders on behalf of D.G; (2) Brandy Kellum on behalf of G.R.; (3) Enchanti Vaultz; and (4) Lloyd Williams.

### A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should

be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).

Here, in 2010, defendant Crum & Forster sent letters to plaintiffs' counsel specifying alleged material deficiencies with respect to each of the four plaintiffs named above. Plaintiffs' counsel sent a supplemental response with respect to three of the plaintiffs. However, many of the supplemental responses were generic, boilerplate, or non-responsive (e.g., "I do not recall....").

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because

dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

Plaintiffs argue that several of the remaining deficiencies are *de minimus* and not material, and that failure to recall does not justify dismissal of the plaintiffs' claims. The Court disagrees that the deficiencies are not material. Three of the plaintiffs (Brandi Saunders on behalf of D.G., Brandy Kellum on behalf of G.R., and Enchanti Vaultz) have failed to provide basic, core information about their claims. For example, they failed to provide information with regard to: (1) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (2) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4);[1] and (5) the average number of hours spent in the FEMA unit each day

---

[1] In their supplemental responses, each of the plaintiffs state that they "do not recall" in response to these and every other question regarding medical history. As discussed *infra*, these boilerplate answers are generic and non-responsive. They do not reflect a genuine effort by the

3

(V.13).  *See* Exhibits A through K to Movant's Memorandum in Support (Rec. Docs. 21506-2 through 21506-8).  In addition, Brandy Kellum on behalf of G.R. and Enchanti Vaultz fail to state (1) whether any physician has diagnosed plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (2) the name of any healthcare provider who treated plaintiff for a condition that plaintiff claims resulted from living in a FEMA trailer (VII.B).  Brandy Kellum on behalf of G.R. also fails to provide move-in and move-out dates (V.A.6 & 7).[2]  All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution.  *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).[3]  The Court finds that the defendants have been prejudiced by their inability to learn these most basic facts.  Moreover, while the Court agrees that a genuine inability to recall certain specific information might be a matter of witness credibility rather than noncompliance with discovery orders, the generic, boilerplate nature of the plaintiffs' supplemental responses makes such a finding here impossible.  For example, each of the three of the plaintiffs who provided supplemental responses (including Lloyd Williams, who is a male) states:  "I do not recall if I was pregnant while I resided in the FEMA trailer ... If I remember or if in the course of researching the claim, my attorney finds the information, a supplemental response will be provided."  *See* Exhibits E, H & K

---

individual plaintiff to provide meaningful answers.

[2] Brandy Kellum states that the represented person lived in two separate FEMA units, but fails to provide move-in and move-out dates for each unit, as required by the PFS.

[3] The purpose of Pre-Trial Order No. 88 was to streamline temporarily the PFS information gathering process so that the parties could develop an information database that would enable the private defendants to evaluate claims for global settlement.  It was signed on June 24, 2011, after completion of the deficiency process that is the subject of the instant motion, and thus, does not control the instant motion.  Nevertheless, the Order identifies the information that is most vital and pressing in moving this matter toward resolution, and for this reason, the Court finds it instructive on the issues of materiality and prejudice.

to Movant's Memorandum in Support (Rec. Docs. 21506-4, 21506-6, 21506-8). Other examples include: "I do not recall if I have ever filed a lawsuit or made a claim...;" "I do not recall if I have ever suffered from lung or respiratory disease...;" "I do not recall when or if I received inpatient treatment or if I was ever admitted as a patient during the last seven (7) years....;" and "I do not recall if I have ever suffered from a long term stomach or bowel disease...;" "I do not recall if any child, parent, sibling, or grandparent of mine suffered from any type of disease...." *Id*. With few exceptions, the supplemental responses are all of this nature. They do not reflect thoughtful responses by individual plaintiffs, but rather are non-responsive.

However, in order to provide specific and individual responses, plaintiffs' counsel must be able to contact and communicate with their clients. That has been a problem here. Although plaintiffs' counsel has tried for several months to a year to reach the plaintiffs with regard to these deficiencies, it appears they were unable to do so, at least with regard to three of the plaintiffs (Brandi Saunders on behalf of D.G., Brandy Kellum on behalf of G.R., and Enchanti Vaultz). *See* Affidavits of Plaintiffs' Counsel's Project Coordinator (Rec. Doc. 22083-1). Despite plaintiffs' counsel's efforts, none of these plaintiffs provided the information necessary to cure their PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct with regard to these three plaintiffs and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that months of efforts by counsel for plaintiffs and defendants have failed to motivate these plaintiffs to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the

product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiffs Brandi Saunders on behalf of D.G., Brandy Kellum on behalf of G.R., and Enchanti Vaultz.

With regard to Lloyd Williams, the record is less clear. It appears that plaintiffs' counsel was successful in contacting him at least once, on May 4, 2011, which yielded information necessary to cure certain of the deficiencies. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator (Rec. Doc. 22083-1). While his PFS still contains material deficiencies (*e.g.*, move-in and move-out dates, certain medical history, and whether he is claiming emotional or mental injury), his deficiencies are not as egregious as those of the other three plaintiffs. Moreover, it is unclear the extent to which the fault for the continuing deficiencies lies with the plaintiff himself as opposed to counsel. Therefore, the Court concludes that it should grant Lloyd Williams one final opportunity to cure his PFS deficiencies. He shall have fifteen (15) days to do so. If he fails to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received.[4]

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 21506)** is hereby

---

[4] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

**DENIED IN PART**, in that it is denied with respect to plaintiff Lloyd Williams; and

**GRANTED IN PART**, in that it is granted with respect to plaintiffs (1) Brandi Saunders on behalf of D.G., (2) Brandy Kellum on behalf of G.R., and (3) Enchanti Vaultz. Therefore, the claims of plaintiffs (1) Brandi Saunders on behalf of D.G., (2) Brandy Kellum on behalf of G.R., and (3) Enchanti Vaultz are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff Lloyd Williams shall cure within fifteen (15) days any material deficiencies in his Plaintiff Fact Sheet, as specified in defendant Crum & Forster's letter dated December 22, 2010, by providing individual and meaningful answers to the questions set forth in the PFS form. Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32.

New Orleans, Louisiana, this __9th__ day of September, 2011.

> **KURT D. ENGELHARDT**
> **United States District Court**