UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                    MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                   SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7848

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22147), filed by defendant Sunnybrook RV, Inc. ("Sunnybrook").  Sunnybrook moves to dismiss with prejudice the claims of plaintiff Ashlyn Nechelle Simien on grounds that she has failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in her Plaintiff Fact Sheet.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).

Here, plaintiff's original PFS was nearly entirely blank, with the exception of plaintiff's address, attorney, birth date, and FEMA identification number.  On May 16, 2011, defendant

Sunnybrook sent a letter to plaintiffs' counsel specifying material deficiencies with respect to Ms. Simien's PFS. Plaintiffs' counsel sent a supplemental response on June 14, 2001. However, each supplemental response was generic, boilerplate, and non-responsive (*i.e.*, "I do not recall....").

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation

of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

## C. ANALYSIS:

Plaintiff argues that several of the remaining deficiencies are not material, and that failure to recall does not justify dismissal of her claims. The Court disagrees that the deficiencies are not material. Ms. Simien has failed to provide basic, core information about her claims. For example, she failed to provide information with regard to: (1) what symptoms she experienced, if any, while living in a FEMA unit (III.C); (2) whether she is making a lost wage claim and, if so, the amount of the claim (IV.F.3); (3) whether she has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (4) whether she is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8 and VII.C); (5) whether any physician has diagnosed her as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (6) the name of any healthcare provider who treated plaintiff for a condition that she claims resulted from living in a FEMA trailer (VII.B).[1] *See* Exhibits A through D to Movant's Memorandum in Support (Rec. Docs. 22147-2 through 22147-5). All of these questions solicit vital information that this Court has

---

[1] In the supplemental responses, plaintiff states that she "do[es] not recall" in response to every question. As discussed *infra*, these boilerplate answers are generic and non-responsive. They do not reflect a genuine effort by the individual plaintiff to provide meaningful answers.

identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).[2] The Court finds that the defendants have been prejudiced by their inability to learn these most basic facts.

Moreover, while the Court agrees that a genuine inability to recall certain specific information might be a matter of witness credibility rather than noncompliance with discovery orders, the generic, boilerplate nature of the plaintiff's supplemental responses makes such a finding here impossible. For example, plaintiff states: "I do not recall height, weight, [or] weight prior to living in the FEMA trailer. I do not recall any smoking/tobacco information or any other information regarding smoking history, nor do I recall any pregnancy during the time in which I resided in the FEMA trailer or if I have suffered from any diseases or whether or not I have received a [sic] x-ray, ct scan, or MRI." *See* Exhibit B to Movant's Memorandum in Support (Rec. Docs. 22147-3). With few exceptions, the supplemental responses are all of this nature. They do not reflect thoughtful responses by an individual plaintiff, but rather are non-responsive.

In order to provide specific and individual responses, plaintiffs' counsel must be able to contact and communicate with their client. Herein lies the problem. Although plaintiff's counsel has tried numerous times to reach Ms. Simien with regard to these deficiencies, both by letter and by telephone, they have been unable to do so. *See* Affidavit of Plaintiffs' Counsel's Project Coordinator (Rec. Doc. 22292-1). Despite plaintiffs' counsel's efforts, Ms. Simien responded to

---

[2] The purpose of Pre-Trial Order No. 88 was to streamline temporarily the PFS information gathering process so that the parties could develop an information database that would enable the private defendants to evaluate claims for global settlement. It was signed on June 24, 2011, after completion of the deficiency process that is the subject of the instant motion, and thus, does not control the instant motion. Nevertheless, the Order identifies the information that is most vital and pressing in moving this matter toward resolution, and for this reason, the Court finds it instructive on the issues of materiality and prejudice.

none of the requests.  Thus, the Court finds that there is a clear record of delay and contumacious conduct and that the blame for this delay and failure to prosecute lies with the plaintiff herself, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs and defendants have failed to motivate this plaintiff to provide the missing information necessary to prosecute her claims.  In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal.  In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity.  Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Ashely Nechelle Simien.  Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22147)** is hereby **GRANTED**, and the claims of Ashlyn Nechelle Simien are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this   9th   day of September, 2011.

                                        **KURT D. ENGELHARDT**
                                        **United States District Court**