UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 MAR -3 P 12:06

Sign‗‗‗‗‗‗‗‗
BY DEPUTY CLERK

IN RE: 2000 EXXONMOBIL            MASTER DOCKET
RELEASE LITIGATION                NUMBER 00-MD-1-C-1

THIS ORDER APPLIES TO:            CV 01-1047-C-1; CV 01-1048-C-1;
                                  CV 01-1074-C-1; CV 01-1090-C-1;
                                  CV 01-1112-C-1

### SCHEDULING ORDER

In accordance with the ruling issued February 12, 2003,[1] granting the motion of defendant ExxonMobil Corporation for entry of a <u>Lone Pine</u> order and the limitations on discovery addressed at the February 25, 2003, status conference, the following scheduling order is entered pursuant to Rule 16, Federal Rules of Civil Procedure.

    A. By September 30, 2003, each named plaintiff shall serve on defendant ExxonMobil Corporation, through its counsel of record, an affidavit (meaning a separate affidavit pertaining to each individual plaintiff) of a qualified treating or other physician stating:

        1. the identity of the particular substances allegedly released from the ExxonMobil Plastics Plant (1165 Scotland Avenue, Baton Rouge, LA) to which the plaintiff was exposed, and the manner and duration of each exposure;

        2. to a reasonable medical probability, the diagnosis of injury, illness, or condition of the plaintiff; and

        3. to a reasonable medical probability, that each injury, illness, or condition diagnosed was caused

---

[1] Record document number 14.

        by exposure to the particular substances released from the facility.

        Each affidavit shall specify all medical examinations, testing or treatment of the plaintiff relied upon by the physician to support any diagnosis and the conclusion that any injury, illness, or condition of the plaintiff was caused by exposure to the particular substances emanating from the facility.

B.    By September 30, 2003, each plaintiff shall serve on defendant ExxonMobil Corporation, through its counsel of record, an affidavit (meaning a separate affidavit pertaining to each property allegedly affected) of a qualified real estate appraiser or other real estate expert stating:

    1.    the street address and legal description, including lot and block number, of the property;

    2.    the quantum of economic injury to the property; and

    3.    that the economic injury to the property was caused by exposure to the particular substances released from the facility.

    Each affidavit shall specify the methodology used in determining the quantum of economic injury to the property and shall contain the factual basis supporting such opinion.

C.    Plaintiffs shall have until September 30, 2003, to complete a Rule 30(b)(6) deposition of defendant ExxonMobil Corporation, which deposition shall be limited to obtaining information relevant to the identification and characteristics of the substances released from the facility, the quantity of substances released from the facility, the duration of the release, and the results of any monitoring performed by the defendant. (Information relevant to the defendant's alleged fault or negligence is not a proper subject for this deposition.) Plaintiffs shall give a minimum of 30 days notice for this deposition, describing with reasonable particularity the matters to be covered at the deposition.

All other discovery is stayed, and no method of discovery other than that set forth in this order may be employed by any

party, except upon written agreement of all parties or court order. This restriction on discovery is not intended to limit any party from obtaining public records from any source through any lawful means.

Baton Rouge, Louisiana, February 28, 2003.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

01-1047c.ord                                3