UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * * * * * | MDL NO. 1873 SECTION "N-5" JUDGE ENGELHARDT MAG. JUDGE CHASEZ |
| THIS DOCUMENT IS RELATED TO: *Brown v. Sun Valley, Inc., et al,* E.D. La. 09-5248 (Krystal Brown o/b/o T.H.) | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION TO SUN VALLEY MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Plaintiff opposes the Motion to Dismiss (Rec. Doc. 22711) of defendant Sun Valley, Inc. (hereinafter "Sun Valley") on the ground that the dismissal sanction sought by defendant is wholly unwarranted in the absence of a PFS deficiency (as opposed to a PFS inconsistency).

In its Motion to Dismiss, Sun Valley argues that two factors regarding the claims of plaintiff Krystal Brown on behalf of her minor child, T.H., warrant a dismissal of the minor's claims, with prejudice: (1) duplicative suits were filed on behalf of this minor by different law firms; and, (2) "inconsistent" answers to Plaintiff Fact Sheets ("PFSs") have been provided to Sun Valley as a consequence of these duplicative actions. As of the date of this Memorandum in Opposition, however, the plaintiff has cured the duplicative suits issue by filing notices of voluntary dismissal of all but one of the actions. *See* Rec. Docs. 22795 and 22798.

Therefore, the only issue that remains is whether the Court should impose the ultimate sanction of dismissing this remaining action because of what the defendant characterizes as "inconsistencies" in discovery responses when <u>all</u> of the plaintiff's PFSs are considered. The

undersigned submits that any such inconsistency in PFS responses is fundamentally distinguishable from the failure of a plaintiff to respond in any way to the questions in the PFS which the parties have agreed are fundamental in terms of PFS completion. The refusal to provide answers places a defendant in an unreasonable position for purposes of a merits trial, arguably warranting dismissal. Inconsistency in answers provided to the defendant, on the other hand, allow the defendant an opportunity in pretrial discovery as to the plaintiff, and at trial on the merits, to present an effective defense based on credibility issues for the plaintiff. Surely, it was not the purpose of this Courts August 25, 2011 Order (Rec. Doc. 22583) to usurp the traditional claim and defense dynamics of litigation, but rather to assure that basic information was provided and verified by the plaintiff.

Indeed, even more specifically, the purpose of the Order of August 25, 2011 was for plaintiffs' counsel and counsel for Sun Valley to resolve the total number plaintiffs who were properly matched to Sun Valley <u>and</u> who provided PFSs that meet the requirements of Pretrial Order No. 88, <u>in order to facilitate settlement of those claims</u>. The PFS associated with the claim of the minor child, T.H., in fact meets all criteria required by Pretrial Order No. 88, regardless whether there are answers provided in other PFSs which the defendant may cite as inconsistent. The defendant has committed to good faith settlement efforts as to all matched plaintiffs who comply with Pretrial Order No. 88. The plaintiff at issue is matched and has provided a PFS which complies with Pretrial Order No. 88.[1] To now address credibility issues based on inconsistent answers is an exercise appropriate in litigation on the merits, not the presently-committed settlement effort.

---

[1] This PFS was submitted to Manufacturing Defendants' Liaison Counsel on January 30, 2009.

2

Moreover, specifically, the process outlined in Pretrial Order No. 88 itself was designed to facilitate the flow of information which the manufacturing defendants deemed "necessary"[2] to evaluate the potential for global resolution.[3] As the Court pointed out, "the purpose of the process stated herein is to provide private defendants with the necessary information to evaluate claims for <u>global settlement</u>." Pretrial Order No. 88 (emphasis added). Although the time period for identifying deficiencies pursuant to Pretrial Order No. 88 has passed, the Court entered its Order on August 25, 2011 solely for settlement purposes, in effect re-opening the deficiency process as to defendant Sun Valley only, because of the perceived value of pursuing global settlement with this defendant, and obviating the need for a merits bellwether trial which had been scheduled for later this year.

In this context, no prejudice to the settlement position of Sun Valley can be demonstrated under the facts pertinent to this plaintiff. Counsel for Sun Valley has been advised that only one PFS will be submitted on the date set by the Court for submission of Pretrial Order No. 88-compliant PFSs.[4] The basic claims information about this plaintiff therefore has been provided, whether defendant deems it credible or not. If Sun Valley is allowed to attack the <u>sufficiency</u> of the answers to each PFS question, when a plaintiff has taken reasonable efforts to "cure

---

[2] "The private defendants have identified the following twenty-three (23) key questions and answers as necessary information for the purpose of exploring global resolution of claims." Pretrial Order No. 88.

[3] In Pretrial Order No. 88, defendants were given a time period within which they could identify deficiencies in these twenty-three (23) necessary fields by written correspondence to plaintiffs' counsel. If a plaintiff could not complete the necessary fields in their PFS within the Court-ordered timeframe, that plaintiff could be subject to dismissal.

[4] In its Order of August 25, 2011, the Court set September 26, 2011 as the date by which "all claimants who, as of the date of this order, have communicated through counsel to the PSC and/or counsel for Sun Valley and its insurers that they occupied a Sun Valley unit at times pertinent herein, and purport to make claims in this MDL against Sun Valley and/or its insurers on this basis, must provide to Plaintiffs' Co-Liaison Counsel and counsel for Sun Valley, Inc., Plaintiff Fact Sheets which comply with the provisions of PTO #88."

deficiencies related to the 23 key questions," pursuant to Pretrial Order No. 88, then the fundamental rationale for this Court's Order of August 25, 2011 is undermined. Will Sun Valley's counsel, as a predicate to settlement discussions, now insist that the credibility of all Sun Valley PFS answers be tested by supplemental discovery, generating further litigation and attorney expense as to this defendant?

Therefore, plaintiff Krystal Brown, on behalf of the minor child, T.H., respectfully requests that this Honorable Court deny Sun Valley's Motion to Dismiss and defer any issues with regard to the sufficiency of the specific responses in plaintiff's PFS until Sun Valley receives the Court-ordered submission on September 26, 2011. The ultimate and severe sanction of dismissal with prejudice should be reserved at this time for failures to provide information deemed critical to settlement efforts, and not extended to cases where the information is provided and verified but may be subject to challenge on credibility grounds.

    Respectfully submitted:

**FORMALDEHYDE TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION**

BY:   */s/Gerald E. Meunier*
    GERALD E. MEUNIER, #9471
    JUSTIN I. WOODS, #24713
    **PLAINTIFFS' CO-LIAISON COUNSEL**
    Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C.
    2800 Energy Centre, 1100 Poydras Street
    New Orleans, Louisiana 70163
    Telephone:   504/522-2304
    Facsimile:   504/528-9973
    gmeunier@gainsben.com
    jwoods@gainsben.com

    **COURT-APPOINTED PLAINTIFFS' STEERING COMMITTEE**

        ROBERT M. BECNEL #14072
        RAUL BENCOMO, #2932
        ANTHONY BUZBEE, Texas #24001820
        FRANK D'AMICO, JR., #17519
        ROBERT C. HILLIARD, Texas #09677700
        MATT MORELAND, #24567
        DENNIS C. REICH Texas #16739600
        MIKAL C. WATTS, Texas #20981820

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

        */s/Gerald E. Meunier*
        GERALD E. MEUNIER, #9471