UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 18731 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | MAGISTRATE CHASEZ |
| *Eric Forsythe, Jr., ind. and o/b/o the minor, E.F.* | * | |
| *vs. Sun Valley, Inc., et al.*, EDLA No. 10-3833 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION OF DEFENDANT,
SUN VALLEY, INC.'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFFS FACT SHEETS**

Plaintiffs in the referenced matter respectfully oppose the defendant, Sun Valley, Inc.'s[1] Motion to Dismiss the claims of plaintiffs, Eric Forsythe, Jr. and his minor son, E.F., III for the reasons set forth below[2], the plaintiffs submit the defendant's motion should be denied.

**I.
INTRODUCTION**

The two subject plaintiffs originally filed suit on July 31, 2009, in an "all manufacturer"

---

[1]  Defendant Sun Valley, Inc., was dissolved in 2009.  All of Sun Valley's remaining assets have been liquidated and distributed to trade creditors.   Prior to Sun Valley's dissolution, Colony National Insurance Company and Westchester Surplus Lines Insurance Company each issued Sun Valley a liability policy covering the periods in which Plaintiffs resided in the Sun Valley FEMA trailers.  The only Sun Valley assets now available to pay a settlement or judgment on behalf of the FEMA MDL plaintiffs consist of the proceeds of these two insurance policies.  Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Plaintiffs directly sued these insurance companies for the damages caused by their insured, Sun Valley.

[2]  Borrowing heavily and shamelessly from language and reasons set forth in prior orders issued by the Court in connection with similar motions.

joinder petition entitled *Cacioppo, et als. v. Alliance Homes, Inc., et als.*, EDLA-C.A. NO. 09-4840. Plaintiff, Eric Forsythe, Jr., completed the original Plaintiff Fact Sheet ("PFS") for himself and his son, E.F., III, on June 5, 2009. (*See* Defendant's Exhibit C to the Motion to Dismiss at Rec. Doc. 22677-5, at 1, 17, and Exhibit F, at Rec. Doc. 22677-8). On December 29, 2009, plaintiffs filed an Amending Complaint for Damages against this defendant pursuant to the Court's Pretrial Order No. 40 (Rec. Doc. 1781) in the matter entitled, *Eric Forsythe, Jr., et al. v. Sun Valley, Inc., et al*, EDLA-C.A. NO. 09-8411. Then, on October 15, 2010, plaintiffs filed an Amending Complaint for Damages pursuant to the Court's directives in Pretrial Order No. 68 (Rec. Doc. 14200).[3] On December 20, 2010, plaintiffs supplemented and amended their PFS's. (*See* Defendant's Exhibit A to the Motion to Dismiss at Rec. Doc. 22677-3, at 1, 17, and Exhibit D, at Rec. Doc. 22677-6).

On August 30, 2011, the defendant sent the draft version of the present motion and all exhibits to the undersigned requesting whether she would oppose the motion. The defendant's complaint regarding the two PFS's apparently was and is that the plaintiffs did not provide a VIN number for the EHU at issue, identified as a Sun Valley EHU. (*See* Defendant's Exhibit B to the Motion to Dismiss at Rec. Doc. 22677-4, at 1, and Defendant's Exhibit E to the Motion to Dismiss at Rec. Doc. 22677-7, at 1). On August 30, 2011, the undersigned sent an email in response advising the plaintiffs' would oppose the motion, pointing out that the plaintffs had in their original PFS's indicated that they did not know the VIN number for the EHU which, according to the Court's

---

[3] This suit was necessitated due to the fact the platiniffs were uanable to establish a match against their Government Contractor.

Pretrial Order No. 88, was a sufficient response.[4]  *See* Exhibit A, attached.  It should be noted that in the original PFS's for each plaintiff, the questions for Section V.A were completed (and "unknown" was the answer for the VIN question)[5].  For reasons unknown, in the first amended PFS's completed on December 10, 2010, the answers for Section V.A (2) were left blank.[6].

On or about September 7, 2011, plaintiff, Eric Forsythe, Jr. was able to call FEMA and obtain a bar code for the subject EHU.  That information was then forwarded to plaintiffs' liaison counsel who was able to enter that bar code number into the "IA-TAC Louisiana (redacted)" database which produced the VIN number associated with the plaintiffs' Sun Valley EHU.  In September 8, 2011, undersigned counsel sent the bar code and VIN information to counsel for Sun Valley, requesting that Sun Valley withdraw its Motion to Dismiss.  On September 9, 2011, Sun Valley responded that it would not withdraw its motion.  *See* Exhibit C, attached.  On September 9, 2011, undersigned counsel sent counsel for Sun Valley the amended PFS's for the two plaintiffs, Eric Forsythe, Jr. and his minor son, E.F., III.  *See* Exhibit B, B-1, and B-2, attached.

## II.
## ARGUMENT AND AUTHORITIES

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), the Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet

---

[4]   "Unknown" or "lack of knowledge can be an accurate response to a question." (Pretrial Order No. 88, Rec. Doc. 22124 at p. 3).

[5]   *See* Defendant's Exhibit C to the Motion to Dismiss at Rec. Doc. 22677-5, at 8, and Exhibit F, at Rec. Doc. 22677-8, at 8.

[6]   *See* Defendant's Exhibit A to the Motion to Dismiss at Rec. Doc. 22677-3, at 8 and Exhibit D, at Rec. Doc. 22677-6, at 8.

(PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).

As set forth in defendant's Motion, it was apparently provided only with the later amended PFS's by defendant liaison counsel (completed December, 2010). This prompted Sun Valley's correspondence of April 4, 2011, citing as deficiencies plaintiffs' failure to provide the VIN number for the EHU at issue in response to Section V.A (2). (*See* Defendant's Exhibits B and E to the Motion to Dismiss at Rec. Docs. 22677-4, and 22677-7, respectively). In response, and to supplement the PFS record, plaintiffs sent defendant copies of the original PFS's which contained the complete responses for Section V. A. And, as stated above, on September 8 and 9, 2011, the plaintiffs supplied to the defendant the missing information complained of, the VIN, in an email and through submission of the second amended PFS's. *See* Exhibits B, *in globo*, and C. Sun Valley's position is that the earlier failure to provide a VIN, even though the plaintiffs had indicated that the information was "unknown" in compliance with the Court's Pretrial Order No. 88 (Rec. Doc. 22153), requires the ultimate sanction of dismissal with prejudice of the plaintiffs' cases. Plaintiffs disagree.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court

4

order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan*

5

*Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

Specifically, Sun Valley complains that Mr. Forsythe and his son have failed to provide the VIN for the FEMA housing unit at issue. Mr. Forsythe and his son did not know at the time their original and first amending PFS's were completed the VIN for the EHU. In response to PFS questions V.A.2, seeking the VIN, (and V.A.4, seeking the bar code), plaintiffs stated "unknown" in their original PFS's. Sun Valley has made no showing to cast doubt on the veracity of plaintiffs' answers. As this Court recognized in Pre-Trial Order No. 88, "lack of knowledge can be an accurate response to a question." (Rec. Doc. 22124 at p. 3). Moreover, plaintiffs since have been able to obtain a bar code through FEMA and, through the plaintiffs' liaison counsel, the VIN number for the EHU in which they lived. Plaintiffs have since amended the PFS's again to include this information. (*See* Exhibit B, in globo). The plaintiffs' PFS's are thoroughly complete in every other regard, and in fact the defendant raises no other objection to the sufficiency of the plaintiffs' responses in the PFS's as submitted. Sanctioning the plaintiffs, particularly with the most severe sanction of all, dismissal with prejudice, for their earlier honest responses to these two questions, which information has since been provided, would not serve the interests of justice. Given the circumstances set forth above, and considering the PFS responses as a whole, it can hardly be said that the one deficiency cited by Sun Valley, the lack of the VIN number for the EHU, even if the Court finds the supplementation of the information comes too late, satisfies the stiff requirements for dismissal under Rule 41(b) or Rule 37(b)(2).

Finally, since the plaintiffs' earlier PFS's complied with Pretrial Order No. 88 and since the defendant has since been provided the missing information (VIN number of the EHU), plaintiffs

submit that they have further complied with the Court's order of August 25, 2011, wherein the Court, in recognition the parties' mutual desire to resolve the total number plaintiffs who were properly matched to Sun Valley, set a deadline of September 26, 2011, to provide PFSs that meet the requirements of Pretrial Order No. 88 in order to facilitate settlement of those claims. (*See* Rec. Doc. 22583). Plaintiffs' PFS's (the original and first amended) met the criteria of Pretrial Order Nos. 2, 32, and 88. Further, the second amended PFS's (Exhibits B-1 and B-2) now have cured the "unknown" VIN and bar code answers in the earlier PFS's all in advance of the September 26, 2011, deadline.

Sun Valley will not suffer any prejudice at this stage of the proceeding by refusing to dismiss the plaintiffs' claims, as the information sought has now been provided to it.

Therefore, for the reasons discussed herein, the plaintiffs submit the Court should deny the defendant's motion to dismiss plaintiffs claims.

    Respectfully submitted,
    LAW OFFICES OF SIDNEY D. TORRES, III,
    *A PROFESSIONAL LAW CORPORATION*

    By:    s/ Roberta L. Burns
    LAW OFFICES OF SIDNEY D. TORRES, III,
    *A PROFESSIONAL LAW CORPORATION*
    SIDNEY D. TORRES, III, La. Bar No. 12869
    ROBERTA L. BURNS, La. Bar No. 14945
    Torres Park Plaza
    8301 West Judge Perez Drive, Suite 303
    Chalmette, LA 70043
    Telephone: (504) 271-8421
    Facsimile: (504) 271-1961
    E-mail:    storres@torres-law.com
            rburns@torres-law.com
    **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                                     s/ Roberta L. Burns
                                                                     **ROBERTA L. BURNS**