## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873 |
| ———————————— | ) ) | SECTION: N(4) |
| THIS RELATES TO: | ) ) ) | JUDGE: ENGELHARDT MAG: ROBY |
| Plaintiff: *Eric Forsythe, Jr.* | ) ) ) | |
| ———————————— | ) | |

**EXHIBIT**

B-1

## PLAINTIFF FACT SHEET

## I.    INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person. Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

## II.   PERSONAL INFORMATION

A.   Name (person completing form): _Eric Forsythe, Jr_

B.   Maiden or other names used or by which you have been known: _____

C.   Current Street Address: _34132 Tupelo Lane Slidell LA 70460_ (mailing Address

D.   Home Telephone No.: _985-(288-0039)_
Cell Phone No.: _985- 290-1995_
Work Telephone No: _____
Other Telephone Nos.: _____

E.   Email address: _Boo40206 @ yahoo.Com_

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a representative capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing: _____
_____

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known: _____

3   Address (or last known address if deceased): _____
_____

4.   Home Telephone No.: _____
Cell Phone No.: _____
Work Telephone No: _____
Other Telephone Nos.: _____

5.   E-mail address: _____

6.   If you were appointed as a representative by a court, state the:

2

Court: _____    Date of Appointment: _____

7. What is your relationship to the deceased or represented person or person claimed to be injured? _____

8. If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B. Please state the name and address of the attorney representing you:

| Attorney's Name/Law Firm | Law Offices of<br>SIDNEY D. TORRES, III |
|---|---|
| City, State and Zip Code | A Professional Law Corporation<br>8301 W. Judge Perez Drive, Suite 303<br>Chalmette, Louisiana 70043 |

C. Please state the following: (If you are a representative, please state this information for each such person being represented):

1. Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
Yes ☒    No ☐

2. What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _Asthma  &Nose Bleeds_

3. During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☒ irritation to eyes
☒ burning of eyes
☒ tearing of eyes
☒ irritation to nasal membranes (inside of nose)
☐ burning of nasal membranes (inside of nose)
☒ bleeding of nasal membranes (inside of nose)
☒ irritation or itching of skin
☐ burning of skin
☒ rashes on skin
☐ drying or scaling of skin
☐ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☒ headaches
☐ nausea
☐ vomiting
☐ bloody vomiting
☐ abdominal pain
☐ diarrhea
☒ difficulty in breathing
☒ wheezing
☒ shortness of breath
☒ persistent cough
☐ tightness of the chest

3

- ☒ bronchitis
- ☒ throat irritation
- ☒ hoarseness
- ☐ laryngitis
- ☐ pneumonia
- ☐ upper respiratory tract infections
- ☐ pulmonary edema
- ☐ asthma attacks for the first time in your life
- ☒ asthma attacks that are recurrence of childhood asthma
- ☐ allergies for the first time in your life
- ☒ worsening of allergies that you had previous to living in FEMA trailer

- ☐ allergic contact dermatitis
- ☐ dizziness
- ☐ unconsciousness
- ☐ convulsions or seizures
- ☐ blood in urine
- ☐ abnormal liver enzymes
- ☐ nephritis (inflammation of kidneys)
- ☐ low blood pressure
- ☐ hypothermia (low body temperature)
- ☐ miscarriage or stillbirth
- ☐ abnormal laboratory tests on blood
- ☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. Asthma   Nose Bleeds   a Depression

4. Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☒

If yes, which kind of cancer?

5. When do you claim this injury or disease first occurred? 2/2006

6. Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☒        No ☐

If "Yes," when and who diagnosed the condition at that time?
Dr. Campbell (deceased)
Dr. Persich;   asa child/do not recall dates

7. Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☒        No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _Asthma & Allergies_

8. Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?
Yes ☒          No ☐

If "Yes," for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
_None_

To your understanding, describe the condition for which treated:
_Depression_

State when you were treated for this psychological, psychiatric or emotional problem
_Did not seek treatments_

List the medications prescribed or recommended by the physician or counselor
_None_

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☐          No ☒

If "Yes," state the amount of your claim: _____

5

## IV.   BACKGROUND INFORMATION

A.   Identify each address at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 1933 Heights Dr. St. Bernard | 1976 - 2005 |
| Neiker Run Pearl River | 2005 |
| 206 Timber Ridge Dr. | 2005 - 2006 |
| 204 Timber Ridge Dr. | 2006 - 2009 |

B.   State Driver's License Number and State Issuing License: _LA._
006230056

C.   Date and Place of Birth: _N.O.LA_   4-2-76

D.   Sex: Male ☒     Female ☐

E.   Identify the highest level of education (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| PGT Beauregard | | | 9th grade |
| | | | |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Rca | Hammond LA | Jan. 2009 - Present | Carpenter |
| | | | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Stewart | m.l.t. | 2007-2009 | Carpenter |
| Rca | Hammond | 2009- Present | Carpenter |

6

| | | | |
|---|---|---|---|
| Treasury Chest Casino  matt, LA. | | | 1998 - 2001 |
| Self employed | | | 2002 - 2005 |
| | | | |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* state the following:

a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G. Previous Claims Information

1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☒        No ☐      Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. ___MR_GO  auvater___

_____

_____

7

## IV.  FAMILY INFORMATION

A.  To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒     No ☐     Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|-------------------------------|
| Clara Bertacci | mother | 74 | Breast | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B.  Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐     No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.  FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to each FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.  Please provide the following information regarding the FEMA trailer or mobile home:

1.  Manufacturer of trailer or mobile home:  Sun Valley

2.  VIN: __ 1S4BT3022330 11374

3.  FEMA Identification No.: 91-202 6915

4.  Bar Code Number on FEMA housing unit: __ 1055679

8

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☒    Mobile Home ☐

6.  Move-in Date: [ 2-2006 ]

7.  Move-out Date: [ 2007 ]

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
    206 Timber Ridge Dr.
    Slidell, LA   70460

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property?  private property

10. State the reason you stopped living in the FEMA trailer or mobile home:
    Moved into a house

11. Please state the approximate square footage of the FEMA housing unit: 240

12. Please state the approximate length and width of the FEMA housing unit: 8 X 30

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 8 to 10 hours

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☒        No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☒        No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☒        No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐        No ☒

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☒        No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? ___5 days___

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐     No ☒

If "Yes," please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location? _____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐     No ☒

If "Yes," please state when the test was performed and who prepared this testing: _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐     No ☒

If "Yes," please state the following:

Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☐     No ☒

If "Yes," please state the date and reason for repair, service or maintenance:

_____

_____

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Eric Forsythe, Jr. | 33 | 204b Timber Ridge 985-288-0039 | From 2006 To 2007 | Yes ☑ No ☐ Don't Know ☐ | Asthma a Allergies |
| Eric Forsythe, III | 13 | 204 Timber Ridge Slidell, LA 70460 985-288-0039 | From 2006 To 2007 | Yes ☑ No ☐ Don't Know ☐ | Asthma & Allergies |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'11

B.   Current Weight: 140

Weight prior to living in a FEMA trailer or mobile home: 140

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1.    Date on which smoking/tobacco use ended:_____

2.    Amount smoked or used on average:
    _____ per day for _____ years.

☒  Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1.    Amount currently smoked or used on average:
    _1pk_ per day for _15_ years.

**D.**    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1.    Amount smoked or used on average, if you know:
    _____ per day for _____ years.

2.    Relationship to you: _____ _NONE_

3.    Please state whether the smoking occurred inside, outside or both. ▮▮▮▮▮▮▮▮▮▮

**E.**    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐      No ☒

*If "Yes,"* what was the date of birth: _____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐      No ☒

**F.**    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1.    Lung or other respiratory disease
Yes ☒      No ☐

*If "Yes,"* please indicate the following:

Name and description of each illness, disease, or abnormal condition:
_____ Asthma & Shortness of Breath

The date of illness:
2006 - 2007

2.    Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness: _____

_____

_____

3.   Long-term stomach or bowel disease
     Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness: _____

_____

_____

4.   Skin disease
     Yes ☒        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____ Constant Rash _____

The date of illness: _____ 2006 _____

_____

G.   Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.   To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

     Yes ☒        No ☐        Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| Chest X Ray | 2005 | Slidell Hosp'l | Slidell | Pneumonia |
| MRI | 2008 | Dr. Epps | Diagnostics Center | Herniated Disc |

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: _Dr. Epps_
Specialty, if any: _Back Doctor_
Address: _Slidell  1001 Gause Blvd Slidell 70458_
Phone: _985-607-1900_
Treatment received: _Back Pain_
Dates of treatment: _2009_

Doctor's Name: _Dr. Duffour_
Specialty, if any: _Family Medical_
Address: _Slidell  1400 W. Hall Ave Slidell 70460_
Phone: _985-646-1226_
Treatment received: _everything - ~~~~ Primary Dr._
Dates of treatment: _2008 - 2009_

Doctor's Name: _Dr. Braswell_
Specialty, if any: _Baton Rouge_
Address: _Pain Doctor 8748 Bluebonnet Blvd BR 70810_
Phone: _225-766-3620_
Treatment received: _for Back_
Dates of treatment: _2009_

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

_None_

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐          No ☒

*If "Yes,"* please provide the name and address of the health care professional.

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐   No ☒

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒   No, ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☒

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐   No ☒

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☒

F.   Decedent's death certificate, if applicable.
Yes ☐   No ☒

G.   Report of autopsy of decedent, if applicable.
Yes ☐   No ☒

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

**A.**     Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| Dr. Duffour | Slidell LA. |
|  |  |

**B.**     Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| Dr. Duffour | Slidell LA. | 2008-2009 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**C.**     Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| NONE |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**D.**     Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| ER Dr. | Slidell | 2005 | Pneumonia |
| Dr. Neiteschman | Slidell | 2008 | Vasectomy |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**E.**     Each physician or healthcare provider from whom you have received treatment during the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| Dr. Duffour | Slidell | 2008 |
| Dr. Epps | Slidell | 2008 |
| Dr. Boswell | Baton Rouge | 2009 |

16

Sep 08 11 10:13a

SEP/08/2011/THU 10:23 PM   CLAIMS OFFICE        FAX No. 504 215 3203        P. 002

F.      Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| Target | Slidell LA. |
| Sam's | Slidell LA. |
| Wal-mart | Slidell LA. |
| Walgreens | Slidell LA |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Eric E. Forsythe jr._         _Eric E. Forsythe SR._   _6-5-09_
Signature of Plaintiff              Print Your Name         Date

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMENDED

DATE: _9/8/11_

SIGNATURE: _Eric E. Forsythe jr._

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)

Name: _Eric E.Forsythe Jr._

Date of Birth: _4 - 2 - 76_

Last Four Numbers of SSN: _6965_

I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of _____
_____and/or their designated agents. These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_Eric E. Forsythe_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)

Name: _Eric E. Forsythe JR._

Date of Birth: _4 - 2 - 76_

Last Four Numbers of SSN: _6965_

I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____ and/or any of their designated agents.  These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_Eric E. Forsyth_ _____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE | MDL No. 1873
PRODUCT LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)**

Name: _Eric E. Forsythe Jr._

Date of Birth: _4 - 2 - 26_

Last Four Numbers of SSN: _6965_

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned matter, the law firm of _____ _____and/or any of their designated agents. These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_Eric E. Forsythe Jr._
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Eric E. Forsythe JR._

Date of Birth: _4-2-76_

Last Four Numbers of SSN: _6965_

I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents. These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2008.

_Eric E. Forsythe_
**[PLAINTIFF OR REPRESENTATIVE]**

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY: _____

Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Eric Forsythe Jr. | April 2, 1976 | 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 |
| Address: City: 34132 Jupelo Lane State: LA | | Telephone No.: 985-288-0039 Zip Code: 70460 |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. _____

Title. _____

Address. _____

Purpose: To Protect My Legal Rights _____

For Treatment Date(s): All Available

| Type of Access | | Abstract/pertinent | | Lab | | Progress Notes |
|---|---|---|---|---|---|---|
| | ☑ | Emergency Room | ☑ | Imaging/Radiology | ☑ | Physician's Orders |
| Requested: | ☑ | H&P | ☑ | Cardiac Studies | ☑ | Entire Record |
| | ☑ | Consult Report | ☑ | Face Sheet | | Other_____ |
| ☑ Copies of the | ☑ | Operative Report | ☑ | Nursing Notes | | |
| records & | ☑ | Rehab Services | ☑ | Medication Record | | |
| Inspection of the | | | | | | |
| record | | | | | | |

*E E F*
Initials

I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed): _____

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

*Eric E. Forsythe, Jr.* _____
Signature of Patient/Legal Representative                          Date

If signed by legal representative, relationship to patient: ____  _____

## <u>PRIVACY ACT RELEASE LANGUAGE</u>

I, _Eric E. Forsythe JR._ [insert name] understand that information maintained by the Federal Emergency Management Agency (FEMA) and contained in files related to disaster assistance provided to me by FEMA is subject to the Privacy Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney _____, Plaintiffs' Liaison Counsel Justin Woods and Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit provided to me by FEMA.

Dated: 

Name: _Eric E. Forsythe JR._ (print legibly or type out name)

Signature: _Eric E. Forsythe Jr._

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)  (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | Eric Forsythe Jr.<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Drive, Suite 303, Chalmette, LA 70043 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒CIVILIAN | 4. DATE OF BIRTH<br>04/02/1976 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive end unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
   (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $500,000.00 | | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br><br>DAVID C. JARRELL<br>ATTORNEY FOR CLAIMANT | 13b. Phone number of person signing form<br>(504) 271-8422 | 14. DATE OF SIGNATURE<br>11/03/2008 |
|---|---|---|
| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS | |
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) | |

95-108

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## RIDER

**6.     Date and day of accident**
Claimant became aware of the potential exposure within the last two years.

**8.     Basis of claim (State in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.**

The U.S. and its agencies, including but not limited to FEMA, failed to insure that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and it's agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and it's agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it's agencies, including but not limited to FEMA, failed to properly monitor the manufacturing process of the trailer housing units to ensure that they were in compliance with all local, state, federal and international standards. The U.S. and it's agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all, local, state, federal, and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general concealed knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and it's agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing the claimant. The U.S., through it's agencies including but not limited to FEMA, has engaged in a concerted effort to "cover up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and it's agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC Section 1983 and all applicable local, state and federal statutes or ordinances which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege, or immunity. Moreover, the U.S. and it's agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

**10.     State nature and extent of each injury or cause of death, which forms the basis of the claim. If other than claimant, state name of injured person or decedent.**

The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and/or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8.