UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                               MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                                                 SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-7113, 10-1305

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22146), filed by defendant Sunnybrook RV, Inc. ("Sunnybrook"). Nabalam1

Sunnybrook moves to dismiss with prejudice the claims of the following three plaintiffs on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Chanda Meadows, individually; (2) Donna Meadows; and (3) Chanda Meadows on behalf of Hannah Pyron, a minor.

### A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should

be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).

### B. APPLICABLE LAW:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be

attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

Based upon information provided in the PFS, it appears that Hannah Pyron was an infant when she and her mother, Chanda Meadows, moved into a FEMA housing unit in February 2006. *See* Exhibits E & G to Movant's Memorandum in Support (Rec. Docs. 22146-8, 22146-10). The third plaintiff at issue here, Donna Meadows, moved into the unit several months later, in June 2006. *See* Exhibit F to Movant's Memorandum in Support (Rec. Doc. 22146-9). The original PFS for each of these plaintiffs states that their FEMA unit was manufactured by Champion and bore vehicle identification number ("VIN") 023010927A000H.  *See* Exhibits E, F & G to Movant's Memorandum in Support (Rec. Docs. 22146-8, 22146-9, 22146-10). In response to the question "Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?", the PFS of Chanda Meadow and that of her baby daughter both indicate that the unit was a mobile home. *See* Exhibits E & G to Movant's Memorandum in Support (Rec. Docs. 22146-8, 22146-10). The amended PFS of Donna Meadows also indicates that the unit was a mobile home. *See* Exhibit 3 to Movant's Supplemental Reply (Rec. Doc. 22534-3). Each of the plaintiffs has provided only one move-in date and one move-out date. *See* Exhibits E, F & G to Movant's Memorandum in Support (Rec. Docs. 22146-8, 22146-9, 22146-10). There is nothing in any of the three original PFS responses to indicate that the plaintiffs resided in more than one FEMA unit except for one lone entry in the PFS of the baby, Hannah Pyron, now a young girl. In her original PFS, and hers only,

3

the FEMA unit is identified as follows:

> **GOVERNMENT PROVIDED INFORMATION**
> Manufacturer:   Champion
> VIN/Serial#:    023010927A000H
> Barcode:        1201945
> Unit:           Mobile Home
>
> Manufacturer:   Champion
> VIN/Serial#:    4UBAS0R2X61071914
> Barcode:        1252028
> Unit:           Mobile Home

The VIN in the first entry is the same as that in the PFS of her mother and that of Donna Meadows. The VIN in the second entry apparently belongs not to a mobile home manufactured by Champion, as indicated, but rather to a travel trailer manufactured by Sunnybrook. Now, in their amended PFS, each of the three plaintiffs lists both of the VIN and barcode numbers, and each of the plaintiffs now lists Sunnybrook as a defendant. *See* Exhibits 2 through 4 to Movant's Supplemental Reply (Rec. Doc. 22534-2, 22534-3, 22534-4).

Sunnybrook, who does not manufacture mobile homes, has been trying to get an answer to the question of when, if ever, these three plaintiffs resided in a Sunnybrook travel trailer. In March 2011, Sunnybrook sent correspondence to plaintiffs' counsel seeking the move-in and move-out dates for the alleged Sunnybrook trailer. *See* Exhibits A & B to Movant's Memorandum in Support (Rec. Docs. 22146-4, 22146-5). Sunnybrook received no answers in response, prompting it file the instant motion.

Plaintiffs argue that they should not be punished for a lack of memory. In their opposition memorandum, plaintiffs state with regard to each of the three plaintiffs that "she simply does not remember" her move-in or move-out date for a Sunnybrook trailer. (Rec. Doc. 22291 at pp. 2-3).

4

In supporting affidavits, plaintiffs' counsel states that it was unsuccessful in reaching Donna Meadows and that Chanda Meadows no longer has this information. *See* Exhibits A, B & C to Plaintiffs' Memorandum in Opposition (Rec. Doc. 22291-1, 22291-2, 22291-3). In their sur-response (filed August 16, 2011), plaintiffs state that plaintiffs' counsel has since attempted to reach Chanda Meadows, but has been unsuccessful in reaching her. (Rec. Doc. 22457). In their amended sur-response (filed August 26, 2011), plaintiffs state that plaintiffs' counsel has attempted to reach Chanda Meadows, Donna Meadows, and Hannah Pyron, but has been unsuccessful in reaching any of them. (Rec. Doc. 22457).

While the Court agrees that a genuine inability to recall certain specific information might be a matter of witness credibility rather than noncompliance with discovery orders, the generic nature of the statement here – made by counsel in a pleading rather than by the plaintiffs themselves in a verified PFS – makes such a finding impossible. Even if they do not remember the exact dates, these plaintiffs (Donna Meadows and Chandra Meadows on behalf of herself and her minor daughter) should be able to state at least the general sequence of events and the approximate time periods in which they resided in the two respective units, one a mobile home, the other a travel trailer.

Plaintiffs also argue that the deficiencies at issue are not material and, thus, do not justify dismissal of the plaintiffs' claims. The Court disagrees that the deficiencies are not material. Move-in and move-out dates are among the questions and answers that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2

(Rec. Doc. 22124).[1] Indeed, the duration of each plaintiff's stay in a particular defendant's unit has been the basis of a formula that the special master in this case has used in the past to structure settlements. *See*, *e.g.*, Special Master's Report of July 29, 2011 (Rec. Doc. 22269). Thus, Sunnybrook will be severely prejudiced in moving this matter toward resolution if they are unable to learn these most basic facts. Especially here, where there is no information other than a stray VIN entry to link these plaintiffs to Sunnybrook, the defendant is entitled to a definite statement from the plaintiffs concerning the sequence and approximate dates of their stays in the two units.

The Court finds that there is a clear record of delay and contumacious conduct, but is unable to determine the extent to which fault lies with the plaintiffs themselves as opposed to counsel. Therefore, the Court will grant the plaintiffs one final opportunity to cure the deficiencies. They shall have fifteen (15) days to do so. If they fail to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received.[2]

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22146)** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that within fifteen (15) days plaintiffs Donna Meadows and

---

[1] The purpose of Pre-Trial Order No. 88 was to streamline temporarily the PFS information gathering process so that the parties could develop an information database that would enable the private defendants to evaluate claims for global settlement. It was signed on June 24, 2011, after completion of the deficiency process that is the subject of the instant motion, and thus, does not control the instant motion. Nevertheless, the Order identifies the information that is most vital and pressing in moving this matter toward resolution, and for this reason, the Court finds it instructive on the issues of materiality and prejudice.

[2] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

Chanda Meadows on behalf of herself and her minor daughter Hannah Pyron shall each provide a supplemental response to the question of respective move-in and move-out dates for each of the FEMA housing units in which plaintiffs resided, which responses shall be verified by the individual plaintiff. Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32.

New Orleans, Louisiana, this __12th__ day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**