UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                      MDL NO. 07-1873
          FORMALDEHYDE PRODUCTS
          LIABILITY LITIGATION
                                                         SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-8381

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial

Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22243), filed by defendant Crum &

Forster Specialty Insurance Company.

Crum & Forster initially moved in the instant motion to dismiss with prejudice the claims

of the following seven plaintiffs on grounds that they had failed to cooperate in the discovery

process and failed to comply with this Court's orders by failing to cure material deficiencies in their

Plaintiff Fact Sheets:  (1) Larry Mitchell, individually; (2) Keldrin James; (3) Charlie Givens; (4)

Larry Mitchell on behalf of the minor L.M.; (5) Larry Mitchell on behalf of the minor Q.L; (6)

Bryan Hebert; and (7) Melissa James on behalf of K.S.  (Rec. Doc. 22243).  In its Supplemental and

Superseding Memorandum in Support, however, Crum & Forster states that plaintiffs have cured

the PFS deficiencies of Keldrin James, Charlie Givens, and Melissa James on behalf of K.S., and

that it no longer seeks dismissal of these plaintiffs' claims.  (Rec. Doc. 22455).  Thus, the motion

remains pending only as to the following four plaintiffs:   (1) Larry Mitchell, individually; (2) Larry

Mitchell on behalf of the minor L.M.; (3) Larry Mitchell on behalf of the minor Q.L; and (4) Bryan

Hebert.

## A. <u>BACKGROUND</u>:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).

Here, in August 2010, defendant Crum & Forster sent letters to plaintiffs' counsel specifying alleged material deficiencies with respect to each of the four plaintiffs that remain at issue here. Within thirty days, plaintiffs' counsel sent a supplemental response with respect to each.  Plaintiffs' counsel sent additional errata sheets for each of the plaintiffs in July 2011.  However, Crum & Forster argues that despite the errata, the responses remain deficient.

## B. <u>APPLICABLE LAW</u>:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be

2

futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5ᵗʰ Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5ᵗʰ Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5ᵗʰ Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5ᵗʰ Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5ᵗʰ Cir. 1990)).

C. **ANALYSIS:**

1. **Larry Mitchell, individually and on behalf of the minors L.M. and Q.L.:**

Plaintiffs argue that they have cured their PFS deficiencies, or at least those relating to information identified as "key" in this Court's Pre-Trial Order No. 88. Thus, plaintiffs argue, the defendants have not been prejudiced, and there is no record of delay or contumacious conduct.

With regard to plaintiff Larry Mitchell, individually and on behalf of the minors L.M. and Q.L., the Court disagrees that all material or "key" deficiencies have been cured. Indeed, numerous such deficiencies remain. For example, these three plaintiffs still have not provided information relating to: (1) what the plaintiff's understanding is regarding the illness or disease that the plaintiffs claims he has developed or may develop in the future as a result of living in a FEMA trailer or mobile home; (2) the average number of hours spent in the FEMA unit each day (V.13); (3) whether the plaintiff suffered from any skin disease and if so, the name, date, and description of such illness (VI.F.1); or (4) whether the plaintiff suffered from any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.4). *See* Exhibits A, C, K, L, O and P to Movant's Memorandum in Support (Rec. Docs. 22243-3, 22243-5, 22243-6). In addition, the responses of these three plaintiffs are unclear as to whether any of these plaintiffs is making a claim for medical expenses and, if so, the amount of the claim (III.C.9).[1] Likewise, these three plaintiffs fail to state (1) whether any physician has diagnosed plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (2) the name of any healthcare provider who treated plaintiff for a condition that plaintiff claims resulted from living in a FEMA trailer (VII.B).[2] Moreover, (1)

---

[1] *See* Exhibits C, O and P to Movant's Memo in Support (Rec. Docs. 22243-3, 22243-6) (providing no answer to the question of whether plaintiff is making such a claim and answering "Amount unknown at this time," in response to question regarding amount). The plaintiffs should at least be able to answer "yes" or "no" to the question of whether they are asserting such a claim, and the general nature of treatment in question, even if they do not know the monetary amount of the claim.

[2] *See* Exhibits A, C, K, L, O and P to Movant's Memo in Support (Rec. Docs. 22243-3, 22243-5, 22243-6) (providing no answer to the question of whether any physician has diagnosed plaintiff for such a condition and answering "Unknown at this time," in response to question regarding identity of treating healthcare providers). Plaintiffs should be able to state at least whether and where they received such treatment and/or diagnoses, even if they do not know the names of the professionals who treated them.

4

Larry Mitchell fails to state whether he is claiming lost wages and, if so, the amount (IV.F.3); (2) Larry Mitchell on behalf of L.M. fails to identify what if any symptoms the plaintiff experienced while living in the FEMA unit (III.C); and (3) Larry Mitchell fails to provide the birth dates of either L.M. or Q.L. (IV.C). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).[3]

Thus, the Court finds that there is a clear record of delay and contumacious conduct and that the defendants have been prejudiced by their inability to learn these most basic facts. However, it is unclear the extent to which the fault for the continuing deficiencies lies with Larry Mitchell himself as opposed to counsel. Therefore, the Court concludes that it should grant Larry Mitchell one final opportunity to cure the deficiencies in his own PFS responses and those of L.M. and Q.L., the minors whom he represents. He shall have fifteen (15) days to do so. If he fails to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received.[4]

---

[3] The purpose of Pre-Trial Order No. 88 was to streamline temporarily the PFS information gathering process so that the parties could develop an information database that would enable the private defendants to evaluate claims for global settlement. It was signed on June 24, 2011, after completion of the deficiency process that is the subject of the instant motion, and thus, does not control the instant motion. Nevertheless, the Order identifies the information that is most vital and pressing in moving this matter toward resolution, and for this reason, the Court finds it instructive on the issues of materiality and prejudice.

[4] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

2. **Bryan Hebert**:

In the case of Bryan Hebert, the supplemental answers are considerably more substantial than those of Larry Mitchell above.  *See* Exhibit AA to Movant's Supplemental and Superseding Memorandum (Rec. Doc. 22455-1).   Nevertheless, Crum & Forster argues that his claims should be dismissed because he has failed to provide answers to two questions which the Court has identified as soliciting "key" information:  (1) a move out date (V.A.7) (to which he states that he is "unable to recall at this time"); and (2) the average number of hours plaintiff spent in the FEMA unit each day (V.13).  Crum & Forster also complains that Hebert's move-in date must be incorrect, as it pre-dates Hurricane Katrina.  The Court agrees that these questions seek information that is material and that plaintiff is required to supplement his answers.  However, without more (such as a clear showing of actual prejudice or contumacious conduct), these failings do not meet the high threshold for dismissal under either Rule 41(b) or Rule 37(b)(2).  Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22243)** is hereby

**DENIED AS MOOT IN PART** in that it is denied as moot with respect to plaintiffs (1) Keldrin James, (2) Charlie Givens, and (3) Melissa James on behalf of K.S.; and

**DENIED IN PART** in that it is denied with respect to plaintiffs (1) Larry Mitchell, individually; (2) Larry Mitchell on behalf of the minor L.M.; (3) Larry Mitchell on behalf of the minor Q.L; and (4) Bryan Hebert.

**IT IS FURTHER ORDERED** that plaintiff Larry Mitchell, individually, on behalf of the minor L.M., and on behalf of the minor Q.L., shall cure within fifteen (15) days any material deficiencies in the Plaintiff Fact Sheets, as specified in defendant Crum  & Forster's letters dated

August 10, 2010 and August 30, 2010, by providing individual and meaningful answers to the questions set forth in the PFS form.  Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32.

New Orleans, Louisiana, this __13th__ day of September, 2011.

**KURT D. ENGELHARDT**
**United States District Court**