UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Elisha Allen v. Starcraft RV, Inc.* | * | |
| Docket No. 09-8608 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Joycelyn Griffith on behalf of Minor | * | |
| Child Letroy Sinclair | * | |
| Fitzray Sookram | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
<u>RELATING TO PLAINTIFF FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft"), moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Joycelyn Griffith, on behalf of Letroy Sinclair (Plaintiff in *Allen,* C.A. 09-8608)

- Fitzray Sookram (Plaintiff in *Allen,* C.A. 09-8608)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as

the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Joycelyn Griffith, on behalf of Letroy Sinclair**

Letroy Sinclair's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Letroy Sinclair, attached as Exhibit "A"). Letroy Sinclair's fact sheet only provided his name, address, telephone number, representation information, social security number, date of birth, name of the manufacturer and VIN number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Although the complaint *Elisha Allen v. Starcraft RV, Inc.* was filed December 29, 2009, the submission of the plaintiff fact sheets was prompted by Starcraft's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "B"). Thereafter, Starcraft was forwarded the plaintiff fact sheet by plaintiff co-counsel Douglas Schmidt. Upon receipt of the fact sheet counsel for Starcarft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 27, 2011 and outlined all deficiencies of Letroy

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

Sinclair's fact sheet. (*See* Rule 37 letter to Co-Counsel for plaintiffs, June 27, 2011, attached as Exhibit "C"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Letroy Sinclair has only answered 5 of the required 23 key questions. Therefore, Letroy Sinclair's fact sheet remains incomplete.

**Fitzray Sookram**

Fitzray Sookram's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Fitzray Sookram, attached as Exhibit "D"). Fitzray Sookram's fact sheet only provided his name, address, telephone number, representation information, date of birth, name of the manufacturer and VIN number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Although the complaint *Elisha Allen v. Starcraft RV, Inc.* was filed December 29, 2009, the submission of the plaintiff fact sheets was prompted by Starcraft's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "B"). Thereafter, Starcraft was forwarded the plaintiff fact sheet by plaintiff co-counsel Douglas Schmidt. Upon receipt of the fact sheet counsel for Starcarft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 27, 2011 and outlined all deficiencies of Fitzray Sookram's fact sheet. (*See* Rule 37 letter to Co-Counsel for plaintiffs, June 27, 2011, attached as Exhibit "C"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Fitzray Sookram has only answered 5 of the required 23 key

4

questions. Therefore, Fitzray Sookram's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiffs' Counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Joycelyn Griffith on behalf of Letroy Sinclair and Fitzray Sookram, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
     THOMAS L. COUGILL
     Texas State Bar No. 04877300
     Louisiana State Bar No. 31112
     R. MARK WILLINGHAM
     Texas State Bar No. 21641500
     JEFFREY P. FULTZ
     Texas State Bar No. 00790728
     Mississippi Bar No. 101058
     Niels Esperson Building
     808 Travis Street, Suite 1608
     Houston, Texas 77002
     (713) 333-7600 – Telephone
     (713) 333-7601 – Facsimile

**Attorneys for Starcraft RV, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 13th day of September, 2011.

     s/*Thomas L. Cougill*
     THOMAS L. COUGILL