UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|        FORMALDEHYDE PRODUCTS | * | |
|        LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Orlando Arrom v. Jayco, Inc.* | * | |
| Docket No. 09-5700 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Mary Harrell | * | |
|    (individually and obo Tiara Blue) | * | |
|   Toryana Harrell | * | |
|   Marion Johnson | * | |
|   (on behalf of Ryan Johnson) | * | |
|   Rachel Johnson | * | |
|   Rylon Johnson | * | |
|   Larry Thomas | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
<u>RELATING TO PLAINTIFF FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

     Jayco, Inc. ("Jayco") and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Mary Harrell (Plaintiff in *Arrom,* C.A. 09-5700)

- Mary Harrell, on behalf of Tiara Blue (Plaintiff in *Arrom,* C.A. 09-5700)

- Toryana Harrell (Plaintiff in *Arrom,* C.A. 09-5700)

- Marion Johnson, on behalf of Ryan Johnson (Plaintiff in *Arrom,* C.A. 09-5700)

- Rachel Johnson (Plaintiff in *Arrom,* C.A. 09-5700)

- Rylon Johnson (Plaintiff in *Arrom,* C.A. 09-5700)

- Larry Thomas (Plaintiff in *Arrom,* C.A. 09-5700)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Mary Harrell

Mary Harrell's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Mary Harrell, attached as Exhibit "A"). Mary Harrell's fact sheet only provided her name, telephone number, representation information, name of the manufacturer, VIN number, FEMA identification number and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Mary Harrell's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). No response has been received from Plaintiff Counsel with respect to Mary Harrell. It has been

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2] Rec. Doc. No. 22153.

over a year since Jayco's counsel sent the Rule 37 letter and Defendants have received no response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Mary Harrell has only answered 6 of the required 23 key questions. Therefore, Mary Harrell's fact sheet remains incomplete.

**Mary Harrell, on behalf of Tiara Blue**

Tiara Blue's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Tiara Blue, attached as Exhibit "C"). Tiara Blue's fact sheet only provided her name, telephone number, representation information, name of the manufacturer, VIN number, FEMA identification number and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Tiara Blue's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). No response has been received from Plaintiff Counsel with respect to Tiara Blue. It has been over a year since Jayco's counsel sent the Rule 37 letter and Defendants have received no response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Tiara Blue has only answered 6 of the required 23 key questions. Therefore, Tiara Blue's fact sheet remains incomplete.

**Toryana Harrell**

Toryana Harrell's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Toryana Harrell, attached as Exhibit "D"). Toryana Harrell's fact sheet only provided her name, telephone number, representation information, name of the manufacturer, VIN number, FEMA identification number and installation address of the trailer. Otherwise, the Plaintiff Fact

Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Toryana Harrell's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). No response has been received from Plaintiff Counsel with respect to Toryana Harrell. It has been over a year since Jayco's counsel sent the Rule 37 letter and Defendants have received no response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Toryana Harrell has only answered 6 of the required 23 key questions. Therefore, Toryana Harrell's fact sheet remains incomplete.

**Marion Johnson, on behalf of Ryan Johnson**

Ryan Johnson's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Ryan Johnson, attached as Exhibit "E"). Ryan Johnson's fact sheet only provided his name, telephone number, representation information, name of the manufacturer, VIN number, FEMA identification number and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Ryan Johnson's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). No response has been received from Plaintiff Counsel with respect to Ryan Johnson. It has been over a year since Jayco's counsel sent the Rule 37 letter and Defendants have received no response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Ryan Johnson has only answered 6 of the required 23 key questions. Therefore, Ryan Johnson's fact sheet remains incomplete.

**Rachel Johnson**

Rachel Johnson's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Rachel Johnson, attached as Exhibit "F"). Rachel Johnson's fact sheet only provided her name, telephone number, representation information, name of the manufacturer, VIN number, FEMA identification number and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Rachel Johnson's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). No response has been received from Plaintiff Counsel with respect to Rachel Johnson. It has been over a year since Jayco's counsel sent the Rule 37 letter and Defendants have received no response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Rachel Johnson has only answered 6 of the required 23 key questions. Therefore, Rachel Johnson's fact sheet remains incomplete.

**Rylon Johnson**

Rylon Johnson's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Rylon Johnson, attached as Exhibit "G"). Rylon Johnson's fact sheet only provided his name, telephone number, representation information, name of the manufacturer, VIN number, FEMA identification number and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Rylon Johnson's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B").

No response has been received from Plaintiff Counsel with respect to Rylon Johnson. It has been over a year since Jayco's counsel sent the Rule 37 letter and Defendants have received no response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Rylon Johnson has only answered 6 of the required 23 key questions. Therefore, Rylon Johnson's fact sheet remains incomplete.

**Larry Thomas**

Larry Thomas's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Larry Thomas, attached as Exhibit "H"). Larry Thomas's fact sheet only provided his name, telephone number, representation information, name of the manufacturer, VIN number, FEMA identification number and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Larry Thomas's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). No response has been received from Plaintiff Counsel with respect to Larry Thomas. It has been over a year since Jayco's counsel sent the Rule 37 letter and Defendants have received no response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Larry Thomas has only answered 6 of the required 23 key questions. Therefore, Larry Thomas's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the

initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiffs' Counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Mary Harrell, Mary Harrell on behalf of Tiara Blue, Toryana Harrell, Marion Johnson on behalf of Ryan Johnson, Rachel Johnson, Rylon Johnson and Larry Thomas, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:  s/*Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas  77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By:   s/*Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
(214) 220-6334 – Telephone
(214) 220-6807 – Facsimile

   -and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

   -and-

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 13th day of September, 2011.

   s/*Thomas L. Cougill*
   THOMAS L. COUGILL