UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION N MAG. 5 |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| Brown, et al. v. Forest River, Inc., et al. | * | |
| Civil Action No. 09-5383 | * | MAG. JUDGE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN OPPOSITION OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

Forest River, Inc. ("Forest River") respectfully moves this Honorable Court for an Order denying Plaintiff's Motion for Leave to File First Supplemental and Amending Complaint for Damages[1] ("Plaintiff's Motion"). Specifically, Forest River opposes the addition of Corey Carter as a plaintiff. As more fully described below, the deadline for matching this plaintiff into a suit against Forest River has long passed, Forest River has never received a Plaintiffs Fact Sheet ("PFS") for this plaintiff, and the deadlines for noticing and curing PFS deficiencies have passed. Such supplemental and amending complaint is fundamentally unfair and unduly prejudicial to Forest River. Consequently, after consideration, Forest River respectfully requests that the Court deny Plaintiffs' Motion to add plaintiff Corey Carter.

**I.    FACTUAL BACKGROUND**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

---

[1] R. Doc. No. 22336.

2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2,[2] describing procedures for various case management issues. This Pre-Trial Order introduced the PFS, which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format.  The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs.[3] Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

After the Court denied the class certification in these matters,[4] it issued PTO No. 36 on April 29, 2009,[5] which required the claims covered by the class to be either filed in existing underlying cases, by timely amendments to such existing cases or by the filing of new cases no later than August 1, 2009.  The instant case of *Brown, et al. v. Forest River, Inc., et al.* No. 09-5383 was not filed until August 3, 2009, which is past the deadline set forth in PTO No. 36.

---

[2] Rec. Doc. No. 87.
[3] Rec. Doc. No. 1180.
[4] Rec. Doc. No. 1014.
[5] Rec. Doc. No. 1386.

Subsequently, the Court issued PTO No. 38 on May 27, 2009,[6] which set forth, among other things, certain restrictions on the number of plaintiffs that could be filed per complaint, required that each complaint contain plaintiffs who have claims against the same manufacturer, where known and that unmatched plaintiffs be included in a separate Complaint, not to exceed 300 in number.

As a result of the filing of numerous complaints each listing a large number of manufacturing defendants, i.e., unmatched plaintiffs, the Court issued PTO 40 on June 17, 2009,[7] requiring that all unmatched plaintiffs be matched with a specific manufacturing defendant within 45 days of the date of filing of the complaint and that deadline was subject to extension for good cause shown. Once those plaintiffs were matched to a specific manufacturing defendant, such plaintiffs were to be severed from their original complaint and plaintiffs' counsel were to file amended complaints, each containing no more than 300 plaintiffs and naming only one manufacturing defendant.

Because of the large number of remaining unmatched plaintiffs, the Court issued PTO 49 on December 8, 2009,[8] which required that all unmatched plaintiffs shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint or, if the Complaint has already been filed/transferred to this Court, within 20 days of the entry of this Order. The deadlines were subject to extension for good cause shown.

After holding status conferences in chambers with liaison counsel, steering committee members and counsel for the Government, the Court issued PTO No. 56 on January 19, 2010,[9]

---

[6] Rec. Doc. No. 1596.
[7] Rec. Doc. No. 1781.
[8] Rec. Doc. No. 8908.
[9] Rec. Doc. No. 10386.

3

which in part granted several plaintiffs' motions for extension of time to match plaintiffs giving them an extra 60 days to file amended complaints matching the unmatched plaintiffs. Thus, the PTO No. 49 deadline of December 28, 2009 for complaints already filed or transferred as of the entry of that order was extended by PTO No. 56 until February 26, 2010.  In the instant case of *Brown, et al. v. Forest River, Inc., et al.* No. 09-5383, the matching deadline for Corey Carter, pursuant to PTO No. 56, was February 26, 2010; thus, Plaintiffs' Motion to add plaintiff Corey Carter is not timely.

      To assist potential claimants for whom matching information had not been obtained from the USA, the Court entered PTO No. 68 on July 14, 2010[10] to provide a "last chance" process for them to obtain whatever other information is efficiently obtainable from other sources and to provide a date certain by which the matching effort will end and dismissals of claims for unmatched claimants will occur. According to paragraph II.B.5, "all potential claimants for whom matching information is provided by July 15, 2010 shall comply with previous pretrial orders ……and concerning suing individual manufacturers and individual contractors, and shall make such filings on or before August 2, 2010."  In that PTO, the Court provided a "last chance" process to obtain matching information necessary to comply with the Court's previous orders.  In Section C of that PTO, the Court required plaintiffs' counsel to aver under oath certain information and file a motion seeking to participate in the last chance process on August 2, 2010. Plaintiffs' counsel in the instant matter have not represented that plaintiff Corey Carter took place in this PTO No. 68 "last chance" process.

      Notwithstanding the PTO No. 49 deadline (extended by PTO No. 56) of February 26, 2010 in the instant case of *Brown, et al. v. Forest River, Inc., et al.* No. 09-5383, the matching

---

[10] Rec. Doc. No. 14779.

deadline for Corey Carter pursuant to PTO No. 68 was August 2, 2010, assuming the plaintiff had previous difficulties in obtaining matching information from the USA.

In addition to the notice and cure deadlines set forth in PTO Nos. 2 and 32, the Court issued Corrected PTO 88 on July 5, 2011[11] that sets forth specific information categories that must be completed on the PFSs and a deadline for submitting deficiency letters on those previously received PFSs. Forest River has never received a PFS for plaintiff Corey Carter, as required by PTO Nos. 2, 32 and 88, and the deadlines set forth in those PTOs for noticing and curing PFS deficiencies has passed.

## II.     LAW AND ARGUMENT

**Failure to Comply with PTOs**

Here, Forest River respectfully submits that the plaintiffs identified above have failed to comply with PTO Nos. 2, 32, 36, 40, 49, 68 and 88, and therefore, this Court should deny Plaintiffs' Motion to add plaintiff Corey Carter to this lawsuit.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is

---

[11] Rec. Doc. No. 22153

5

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[12]

Here, Plaintiffs' have recently moved this Court to allow them to supplement and amend their complaint to add a plaintiff that has never been listed in a Forest River law suit. However, plaintiffs have not complied with deadlines for matching plaintiffs with the correct manufacturing defendants pursuant to PTO Nos. 36, 40, 49 and 68. As noted above, the PTO No. 49 matching deadline (extended by PTO No. 56) for the instant case was February 26, 2010. Although Plaintiffs' counsel have not stated that plaintiff Corey Carter had prior difficulties obtaining matching information from the USA, assuming that was the case, the PTO No. 68 matching deadline for the instant case was August 2, 2010.

In addition, allowing Plaintiffs' to amend their suit against Forest River to add Corey Carter at this late date would be fundamentally unfair to Forest River because Forest River has never received a PFS for Corey Carter pursuant to PTO Nos. 2, 32 and 88. Defendant Forest River has already sent out PFS Deficiency Letters in April, May and June 2011 for plaintiffs whose PFSs were deficient or were non existent. Further, allowing Plaintiffs' to amend their suit against Forest River to add Corey Carter at this late date would unduly prejudice Forest River because there will be no opportunity to obtain a PFS for Corey Carter or submit a deficiency letter regarding that PFS in accordance with the requirements of PTO Nos. 2, 32 and 88.

Plaintiffs have failed to comply with the above referenced PTOs with regard to matching deadlines and the requirement to submit PFSs and should not be allowed to amend their suit against Forest River to add Corey Carter at this late date.

---

[12] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

**<u>Corey Carter's Claim Should be Dismissed Pursuant to PTO Nos. 40, 49 and 68</u>**

Here, Forest River respectfully submits that the plaintiffs identified above have failed to comply with PTO Nos. 49 and 68, therefore, this Court should dismiss Corey Carter's claims. Further, PTO 40 also states that, "At the end of the 45 day period, counsel for plaintiffs will also notify the court of any plaintiffs which remain unmatched and the civil action number of the original complaint in which they were named. The original claims by any plaintiff who has not filed an amended complaint or who has not notified the court of their continued unmatched status will be subject to dismissal, without prejudice, and without further notice." Because the plaintiffs in this action in which Forest River is a manufacturing defendant have not filed an amended complaint against Forest River to add Corey Carter as a plaintiff by February 26, 2010, Corey Carter's claim should be dismissed pursuant to PTO 40.

However, assuming that plaintiff Corey Carter had difficulties obtaining matching information from the USA and assuming that plaintiff Corey Carter did not take place in the PTO No. 68 "last chance" process, the deadline for matching this plaintiff in a suit against Forest River was August 2, 2010. Notwithstanding the PTO No. 49 deadline (extended by PTO No. 56) of February 26, 2010 in the instant case of *Brown, et al. v. Forest River, Inc., et al.* No. 09-5383, the latest possible matching deadline for Corey Carter pursuant to PTO No. 68 was August 2, 2010. Consequently, Corey Carter's claim should be dismissed pursuant to PTO No. 68. The purpose for setting the deadline in PTO No. 68, as noted in its first introductory sentence, was to "provide a date certain by which the matching effort will end and dismissals of claims for unmatched claimants will occur."

7

**Plaintiffs' Motion to Amend Would Interfere With the Courts Efficient Administration of Justice**

Granting Plaintiffs' motion to amend will now require Forest River to file a Motion to Dismiss Corey Carter from this lawsuit for failure to provide a PFS to Forest River in accordance with PTO Nos. 2, 32 and 88 and because Corey Carter's claims have prescribed. Allowing Plaintiff to amend their complaint to add Corey Carter would interfere with this Court's efficient administration of justice because it is clear that plaintiffs have not complied with PTO Nos. 2, 32, 36, 40, 49 and 88. Allowing plaintiffs to amend their complaint will result in more plaintiffs attempting to amend their complaints to add additional, previously-undisclosed plaintiffs that have not complied with the matching deadlines in PTO Nos. 36, 40 and 49 and would make it impossible for these plaintiffs and the manufacturing defendants to comply with the PFS requirements of PTO Nos. 2, 32 and 88. Allowing the plaintiffs in this action to amend their complaint will no doubt negatively impact this Court's efficient administration of justice as it pertains to plaintiff Corey Carter and similarly situated previously-undisclosed plaintiffs in this MDL.

### III. CONCLUSION

For the reasons set forth above, Forest River urges this Honorable Court to deny Plaintiffs' Motion to File their First Supplemental and Amending Complaint for Damages to add plaintiff Corey Carter.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

/s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on September 13, 2011 via electronic filing.

/s/ Ernest P. Gieger, Jr.

9