UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY<br>LITIGATION | :<br><br>: | JUDGE KURT D. ENGELHARDT<br><br>DOCKET NO:   MDL 1873 (N-5) |

This Document Relates to:

*Makayla Brown, et al versus*          :          MAG. JUDGE ALMA L. CHASEZ
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-5248*
Plaintiff:   Krystal Brown obo M.B. (Minor)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), initially moved this Court to dismiss the claims filed on behalf of the Minor M.B. in three lawsuits. After Sun Valley filed its motion to dismiss, plaintiffs voluntarily dismissed the claims filed on behalf of the Minor M.B. in the following two lawsuits, rendering Sun Valley's motion moot as to those claims:

- Rec. Doc. No. 22795 – Voluntary Dismissal of Plaintiff, Krystal Brown obo M.B. (Minor) in the matter of *Sonya Andrews, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5659; and

- Rec. Do. No. 22798 – Voluntary Dismissal of Plaintiff, Sonya Waller obo M.B. (Minor) in the matter of *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603.

Sun Valley submits that the remaining claims filed by Krystal Brown on behalf of the Minor M.B., in EDLA No. 09-5248, should be dismissed for plaintiff's failure to produce

plaintiff fact sheets (PFS) that comply with Pre-Trial Orders No. 2, 32 & 88. Krystal Brown signed and certified, subject to the penalty of perjury, all of the PFS attached to Sun Valley's motion to dismiss as Exhibits A, B and C. In each, she gave materially inconsistent answers, many of which were exposed in Exhibit D to the motion and the supporting memorandum, and which severely prejudice Sun Valley's ability to evaluate her claims.

In her opposition to the motion, Plaintiff **does not deny** that she certified inconsistent answers in her PFS. Rather, she argues that her claims should not be dismissed because the issue of her having certified inconsistent answers in her PFS is not an issue that was intended to be resolved by PTOs 2, 32 and 88, and the Order of August 25, 2011 (Rec. Doc. 22583). Sun Valley disagrees and submits that plaintiff's certified, inconsistent answers undermine the very core of this Court's orders and the settlement of claims now sought to be facilitated by those orders.

To begin, in each of the Court's PFS orders, plaintiffs were specifically required to sign their PFS. Sun Valley submits that this Court's order that plaintiffs sign and certify their PFS answers subject to the penalty of perjury is an essential component of the PFS process, without which any settlement sought to be facilitated by the abbreviated PFS process set forth in PTO 88 or by the Order of August 25, 2011, would be untenable. Clearly, the intent of the certification is to promote thoughtful reflection and honesty in answering the PFS, and thereby maximize the reliability of the information provided, in lieu of more expensive and time consuming discovery. If settlement is to be encouraged and facilitated, without resorting to other means of discovery or additional litigation, the parties MUST be able to rely on the information provided in the PFS. Thus, when plaintiffs submit

multiple PFS with materially inconsistent answers, their PFS are unreliable, evaluation of their claims is prejudiced and compromised, and settlement is discouraged.

The prejudicial impact of inconsistent PFS answers on settlement seem to be recognized by plaintiff in her opposition, as evidenced by her argument that her credibility is more appropriately a matter for "traditional claim and defense dynamics of litigation[,]" or as she more succinctly states, "trial on the merits." What plaintiff fails to recognize is that, when she provides materially inconsistent answers about the symptoms the Minor M.B. allegedly suffered while occupying the Sun Valley travel trailer, the dates the Minor M.B. occupied the trailer and a host of other answers to questions that PTO 88 identified as "key" to facilitating settlement, she effectively prejudices Sun Valley's evaluation of her claims and undermines settlement because her answers are unreliable and amount to no answers, at all.

Plaintiff clearly recognizes that the purpose of PTOs 2, 32 and 88, and the Order of August 25, 2011, was to "assure that basic information was provided and **verified** by the plaintiff[,]" and to "resolve the total number of plaintiffs who were properly matched to Sun Valley <u>and</u> **who provided PFS that meet the requirements of Pretrial Order No. 88**, <u>in order to facilitate settlement of those claims</u>."[1] (Underlined emphasis in original.) To that end, the Order of August 25, 2011, required Sun Valley to file all of its motions to dismiss based on PFS that failed to comply with this Court's PFS pretrial orders by September 2, 2011. In the case of Krystal Brown, on behalf of the Minor M.B., the PFS "provided and verified by" plaintiff DOES NOT "meet the requirements of Pretrial Order No. 88" because she certified materially inconsistent answers in her PFS.

---

[1] See Plaintiff's "Memorandum in Opposition to Sun Valley Motion to Dismiss", Rec. Doc. No. 22810, at p. 2.

Sun Valley will not recite the multitude of materially inconsistent answers plaintiff certified in her multiple PFS, but one bears mentioning in this reply memorandum. The PFS asks a plaintiff to, "State the reason you stopped living in the FEMA trailer or mobile home[.]" See PFS at Section V(A)(10). Ms. Brown answered this question on behalf of the Minor M.B. differently in her multiple PFS. In her PFS certified December 3, 2009 (Ex. A), she states the Minor M.B. moved from the trailer because: "Fema [sic] picked-up." In her certified, but undated, PFS (Ex. B), she states the reason was: "Lease period was over." But, in her PFS certified December 17, 2008 (Ex. C), which is the PFS she now claims as her compliant PFS[2], she states the reason was: "Because of the headaches and bad health."

Admittedly, the question about why plaintiff moved out of the FEMA travel trailer is not a "key question" under PTO 88. But, plaintiff's answers to that question cannot be reconciled and undermine her certification, even as to her consistent answers. And, when the reason for moving is coupled with the different answers provided to the "key questions" about when the Minor M.B. moved in and out of the trailer[3], Sun Valley's ability to evaluate risks and settlement based on her answers is significantly prejudiced and compromised.

This Court recently addressed the standards against which a plaintiff's conduct in answering a PFS is measured when dismissal is requested for failure to comply with the PFS process. (See Rec. Doc. No. 22802.) Notably, both Rules 41(b) (dismissal for failure to

---

[2] See Plaintiff's "Memorandum in Opposition to Sun Valley Motion to Dismiss," at footnote 1.
[3] See Sun Valley Ex. D regarding move-in and move-out dates. In her December 2008 PFS (Ex. C), plaintiff states the Minor M.B. occupied the travel trailer for eight (8) months and moved out of the trailer due to headaches and bad health. However, in her other two PFS she states that the Minor M.B. occupied the travel trailer for twenty-five (25) months and moved out because FEMA picked up the trailer (Ex. A, December 2009 PFS) or occupied the trailer for twenty-three (23) months and moved out because the lease period was over. (Ex. B, Undated PFS). Thus, did the Minor M.B. move out after a few months due to health reasons, or stayed in the trailer for two (2) years and only moved because the FEMA lease expired and the trailer was picked up?

comply with court orders) and 37(b)(2) (dismissal as a discovery sanction) of the Federal Rules of Civil Procedure govern the PFS process that has been established in this multi-district litigation. The factors considered before dismissing a plaintiff's claims under these two rules are very similar and can be summarized as: (1) intentional or bad faith failure to comply with court orders or discovery on the part of the plaintiff, as opposed to the plaintiff's attorney; and (2) prejudice to the defendant. Sun Valley submits that Krystal Brown's certification of materially inconsistent answers in the three PFS she produced for the Minor M.B. satisfies all of the factors supporting dismissal under the rules, and her last remaining claims filed in EDLA No. 09-5248 should be dismissed with prejudice for her failure to comply with Pretrial Orders 2, 32 and 88.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:** 337-232-9700
**FAX:** 337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Reply Memorandum in Support of Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 13th day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue

Doc. #426461