UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY<br>LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |

This Document Relates to:

*Makayla Brown, et al versus*  : MAG. JUDGE ALMA L. CHASEZ
*Sun Valley, Inc., et al*
E.D. La. Suit No. 09-5248
Plaintiff: Krystal Brown obo T.H. (Minor)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), initially moved this Court to dismiss the claims filed on behalf of the Minor T.H. in three lawsuits. After Sun Valley filed its motion to dismiss, plaintiffs voluntarily dismissed the claims filed on behalf of the Minor T.H. in the following two lawsuits, rendering Sun Valley's motion moot as to those claims:

- Rec. Doc. No. 22795 – Voluntary Dismissal of Plaintiff, Krystal Brown obo T.H. (Minor) in the matter of *Sonya Andrews, et al v. Sun Valley, Inc., et al*, EDLA No. 09-5659; and

- Rec. Do. No. 22798 – Voluntary Dismissal of Plaintiff, Sonya Waller obo T.H. (Minor) in the matter of *Myra Williams, et al v. Sun Valley, Inc., et al*, EDLA No. 09-8603.

Sun Valley submits that the remaining claims filed by Krystal Brown on behalf of the Minor T.H., in EDLA No. 09-5248, should be dismissed for plaintiff's failure to produce

plaintiff fact sheets (PFS) that comply with Pre-Trial Orders No. 2, 32 & 88. Krystal Brown signed and certified, subject to the penalty of perjury, the PFS attached to Sun Valley's motion to dismiss as Exhibit B.[1] This PFS provides answers that are materially inconsistent with the answers provided in the PFS certified by Sonya Waller[2] and attached to the Motion as Ex. A. To be clear, the claim filed by Ms. Waller for the Minor T.H. have been voluntarily dismissed, as set forth above. However, in the PFS she certified for the Minor T.H., Ms. Waller claims to be his mother[3], and signs authorizations for the Minor T.H. as both "mother"[4] and "grandmother"[5]. More importantly, Ms. Waller certifies that she occupied the Sun Valley travel trailer with the Minor T.H., but fails to identify Krystal Brown as a co-occupant.[6]

The inconsistent answers provided in PFS produced for the Minor T.H. have prejudiced Sun Valley's ability to evaluate the claim being asserted on his behalf. In her opposition to Sun Valley's motion, plaintiff argues that her claims should not be dismissed because the issue of her having certified inconsistent answers in her PFS is not an issue that was intended to be resolved by PTOs 2, 32 and 88, and the Order of August 25, 2011

---

[1] In addition, Ms. Krystal Brown is the same person who produced materially inconsistent PFS on behalf of the Minor M.B., which is also the subject of a Sun Valley motion to dismiss. (See Rec. Doc. 22710.) In the PFS she produced for the Minor M.B., Ms. Brown gave certified answers about the Minor T.H. and his occupancy in the same Sun Valley travel trailer that are inconsistent with the PFS she produced for the Minor T.H In the PFS that Ms. Brown produced for the Minor M.B, she certified that the Minor T.H. occupied the same Sun Valley travel trailer for twenty-five (25) months (Rec. Doc. No. 22710, at Ex. A, December 2009 PFS, Section V(E)) or occupied the trailer for twenty-three (23) months (Id., at Ex. B, Undated PFS, Section V(E)). But, in the PFS that Ms. Brown produced for the Minor T.H, she certified that he occupied that same Sun Valley travel trailer for only eight (8) months.
[2] Sonya Waller is also the subject of a Sun Valley motion to dismiss and provided materially inconsistent PFS in support of her own claims. See Rec. Doc. No. 22709.
[3] See Ex. A, at Section III(A)(7).
[4] See Ex. A, at various authorizations for medical, wage and psychological records, attached to the PFS.
[5] See Ex. A, at "Authorization to Use or Disclose Protected Health Information," attached to the PFS.
[6] See Ex. A, at Section V(E).

(Rec. Doc. 22583). Sun Valley disagrees and submits that certified, inconsistent answers in multiple PFs undermine the very core of this Court's orders and the settlement of claims now sought to be facilitated by those orders.

To begin, in each of the Court's PFS orders, plaintiffs were specifically required to sign their PFS. Sun Valley submits that the plaintiffs certification of their PFS subject to the penalty of perjury is an essential component of the PFS process, without which any settlement sought to be facilitated by PTO 88's abbreviated PFS process or by the Order of August 25, 2011, would be untenable. Clearly, the intent of the certification is to promote reflection and honesty in answering the PFS, and maximize the reliability of the information provided, in lieu of more expensive and time consuming discovery. If settlement is to be encouraged and facilitated, without resorting to other discovery or additional litigation, the parties MUST be able to rely on the information provided in the PFS. Thus, when plaintiffs submit multiple PFS with materially inconsistent answers, their PFS are unreliable, evaluation of their claims is prejudiced and compromised, and settlement is discouraged.

The prejudicial impact of inconsistent PFS answers on settlement seem to be recognized by plaintiff, as evidenced by her argument that her credibility is more appropriately a matter for "traditional claim and defense dynamics of litigation[,]" or "trial on the merits." What plaintiff fails to recognize is that, when materially inconsistent answers are provided about the dates the Minor T.H. occupied the trailer or to any other questions that PTO 88 identified as "key" to facilitating settlement, Sun Valley's evaluation of the claims of the Minor T.H. is prejudiced and settlement is compromised because the answers are unreliable and amount to no answers, at all.

Plaintiff clearly recognizes that the purpose of PTOs 2, 32 and 88, and the Order of August 25, 2011, was to "assure that basic information was provided and **verified** by the plaintiff[,]" and to "resolve the total number of plaintiffs who were properly matched to Sun Valley <u>and</u> **who provided PFS that meet the requirements of Pretrial Order No. 88**, <u>in order to facilitate settlement of those claims</u>."[7] (Underlined emphasis in original.) To that end, the Order of August 25, 2011, required Sun Valley to file all motions to dismiss based on deficient PFS by September 2, 2011. The PFS "provided and verified" by plaintiff and/or produced in behalf of the Minor T.H. DO NOT "meet the requirements of Pretrial Order No. 88" because materially inconsistent answers are certified in the various PFS.

Sun Valley will not recite the multitude of materially inconsistent answers in the multiple, certified PFS produced on behalf of the Minor T.H., but one bears mentioning in this reply memorandum. The PFS asks plaintiffs to provide the dates they moved in and out of their FEMA travel trailer. See PFS, at Sections V(A)(6)-(7). Upon receiving PFS for the Minor T.H. that provided different move-in and move-out dates, Sun Valley attempted to reconcile the information with other PFS certified by Ms. Brown and Ms. Waller. However, that attempt only provided more confusion and inconsistent information.[8] The move-in and move-out dates are "key questions" under PTO 88. The material and inconsistent answers to those questions in the PFS undermine the certification, even as to consistent answers, and significantly prejudice and compromise Sun Valley's ability to evaluate risks and settlement based on the PFS.

---

[7] See Plaintiff's "Memorandum in Opposition to Sun Valley Motion to Dismiss", Rec. Doc. No. 22811, at p. 2.
[8] See Footnote 5, above, and other Motions to Dismiss the claims of Krystal Brown and Sonya Waller, at Rec. Doc. Nos. 22709 and 22710. Similar Motions to Dismiss hav also been filed by Sun Valley against co-occupants of Ms. Brown and Ms. Waller, namely Sarah Waller, at Rec. Doc. No. 22706, and Harold Norris, at Rec. Doc. No. 22708.

This Court recently addressed the standards against which a plaintiff's conduct in answering a PFS is measured when dismissal is requested for failure to comply with the PFS process. (See Rec. Doc. No. 22802.) Notably, both Rules 41(b) (dismissal for failure to comply with court orders) and 37(b)(2) (dismissal as a discovery sanction) of the Federal Rules of Civil Procedure govern the PFS process that has been established in this multi-district litigation. The factors considered before dismissing a plaintiff's claims under these two rules are very similar and can be summarized as: (1) intentional or bad faith failure to comply with court orders or discovery on the part of the plaintiff, as opposed to the plaintiff's attorney; and (2) prejudice to the defendant.  Sun Valley submits that Krystal Brown's certification of materially inconsistent answers in the PFS she has produced satisfies all of the factors supporting dismissal under the rules, and her last remaining claims filed on behalf of the Minor T.H., in EDLA No. 09-5248, should be dismissed with prejudice for her failure to comply with Pretrial Orders 2, 32 and 88.

Respectfully submitted
Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:**     337-232-9700
**FAX:**     337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Reply Memorandum in Support of Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 13th day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue

#426552