UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY<br>LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to:<br>*Eric Forsythe, Jr., et al versus*<br>*Sun Valley, Inc., et al*<br>E.D. La. Suit No. 10-3833<br>Plaintiff:  Eric Forsythe, Jr.<br>            Eric Forsythe, Jr., obo E. F. III | : | MAG. JUDGE ALMA L. CHASEZ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPLY MEMORANDUM
IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), submits this reply memorandum in support of its motion to dismiss the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders No. 2, 32 and 88 relating to producing Plaintiff Fact Sheets:

- Eric Forsythe, Jr., (Plaintiff in *Eric Forsythe, Jr., et al v. Sun Valley, Inc., et al*, No. 10-3833)

- Eric Forsythe, Jr. on behalf of the minor E. F. III, (Plaintiff in *Eric Forsythe, Jr., et al v. Sun Valley, Inc., et al*, No. 10-3833)

Plaintiffs oppose Sun Valley's motion to dismiss on the grounds that Sun Valley has not been prejudiced by their deficient plaintiff fact sheets (PFS) because, when confronted with Sun Valley's motion and request regarding whether plaintiffs opposed the motion,

plaintiffs produced the information missing from their PFS and matching them to a Sun Valley travel trailer. Sun Valley submits that plaintiffs' belated production of the missing PFS answers matching them to Sun Valley is inadequate to rectify the prejudice imposed on Sun Valley by plaintiffs' failure to timely comply with Pretrial Orders, 2, 32, and 88.

As set forth in Sun Valley's motion to dismiss, plaintiffs failed to provide answers in their PFS identifying the travel trailer they occupied. In particular, the PFS questions asking for the VIN and barcode were left blank in both PFS originally produced to Sun Valley. (See Rec. Doc. No. 22677, at Exs. A and D.) In accordance with the Court's pretrial orders governing the PFS process, on April 4, 2011, Sun Valley sent letters to plaintiffs' counsel requesting the missing information and advising plaintiffs that Sun Valley would seek to dismiss their claims if they did not timely provide the information. (Id., at Exs. B and E.) Plaintiffs responded with PFS that still failed to provide the missing information. (Id. at Exs. C and F.)

Only, when confronted with Sun Valley's motion to dismiss their claims, did plaintiffs make the effort to obtain the missing information matching them to a Sun Valley travel trailer. (See Plaintiffs' Memorandum in Opposition, at Rec. Doc. No. 22819, at Exs. A[1] – C.) When Sun Valley asked how plaintiffs acquired the belated information, Sun Valley was informed that plaintiffs called FEMA, obtained the barcode for the travel trailer they occupied

---

[1] In Ex. A to plaintiffs' opposition, they reference "all but two clients in this family" put "unknown" for the VIN and barcode in their PFS. However, according to the information provided to Sun Valley, no other "family" members occupied the Sun Valley travel trailer with Eric Forsythe, Jr. and E.F. III, as none of the PFS produced by plaintiffs identify any other occupants, and no other Forsythe plaintiffs have filed a lawsuit against Sun Valley. Sun Valley is aware of a plaintiff named Eric Forsythe that produced a PFS identifying Gulfstream as the manufacturer of the travel trailer he and two other family members occupied, but that PFS does not identify the plaintiffs at issue in this motion as additional occupants and no suit has been filed by Eric Forsythe against Sun Valley.

and then matched the barcode to a Sun Valley VIN by using the "IA-TAC Louisiana (Redacted)" database. (Id. at Ex. C) If this information was so easily acquired by plaintiffs, Sun Valley questions why this Court's Pretrial Orders 2, 32 and 88, and Sun Valley's April 4, 2011, request pursuant to those orders, all of which directed plaintiffs to the risk of dismissal, were not enough to convince plaintiffs to supply the information?

This Court recently addressed the standards against which a plaintiff's conduct in answering a PFS is measured when dismissal is requested for failure to comply with the PFS process, stating in part:

> Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

(See Rec. Doc. No. 22802 and No. 22803.)

Sun Valley submits that: (1) after numerous opportunities to match plaintiffs to Sun Valley (see Pretrial Order 68, at Rec. Doc. No. 14200, describing the enormous efforts undertaken to match plaintiffs and the "last chance" matching process); (2) after numerous status conferences and Joint Reports filed in the record of these proceedings highlighting and directing plaintiffs to both the processes associated with matching and plaintiff fact

sheets and the risks for failing to comply with those processes; (3) after numerous and multiple pretrial orders directed to the matching and PFS process and risks; (4) after Sun Valley was ordered to participate in good faith settlement negotiations that were complicated by numerous plaintiff fact sheet deficiencies, that this Court subsequently sought to resolve for all parties through PTO 88 by reducing plaintiffs' PFS obligations to "twenty-three (23) key questions"; and (5) after plaintiffs received requests from Sun Valley to provide answers to certain "key questions" missing from their PFS, failing which Sun Valley would seek to dismiss their claims; plaintiffs' failure to timely produce the VIN and barcode of the Sun Valley travel trailer they occupied until confronted with Sun Valley's motion to dismiss satisfies all of the factors justifying dismissal of plaintiffs' claims under Fed. Rule Civ. Proc. 41(b), and the claims of plaintiffs Eric Forsythe, Jr., both individually and on behalf of the Minor E.F. III, should be dismissed with prejudice.

                                                             Respectfully submitted

                                                             Voorhies & Labbé

                                                             /S/ Lamont P. Domingue
                                                            Lamont P. Domingue, #20787
                                                            700 St. John Street, 5th Floor (70501)
                                                           Post Office Box 3527
                                                           Lafayette, Louisiana 70502
                                                           **PHONE:**      337-232-9700
                                                           **FAX:**        337-235-4943
                                                           E-Mail: lpd@volalaw.com
                                                           **Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Reply Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 13nd day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue