UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|    FORMALDEHYDE PRODUCTS | * | |
|    LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Steven Bell v. Jayco Enterprises, Inc.* | * | |
| Docket No. 09-8617 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Jody Cascio | * | |
|    Timothy Davis | * | |
|    Dennis Myres | * | |
|    Lynette Myres | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

  Jayco Enterprises, Inc. ("Jayco") and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Jody Cascio (Plaintiff in *Bell*, C.A. 09-8617)

- Timothy Davis (Plaintiff in *Bell*, C.A. 09-8617)

- Dennis Myres (Plaintiff in *Bell*, C.A. 09-8617)

- Lynette Myres (Plaintiff in *Bell*, C.A. 09-8617)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

  The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243

(5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Jody Cascio**

Jody Cascio's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Jody Cascio, attached as Exhibit "A"). Jody Cascio's fact sheet only provided his name, address, telephone number, representation information, date of birth, move in/move out dates and installation address of the trailer. Prior to the production of the fact sheet, plaintiff provided an Amendment to the Plaintiff Fact Sheet that included the trailer manufacturer, VIN, FEMA identification and trailer bar code. (*See* Amendment to the Plaintiff Fact Sheet of Jody Cascio, attached as Exhibit "B"). Although the complaint *Steven Bell v. Jayco Enterprises, Inc.* was filed December 29, 2009, the submission of the plaintiff fact sheets was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "C"). Thereafter, Jayco was forwarded the plaintiff fact sheet by Plaintiff Counsel. Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient despite

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

the additional information provided in the fact sheet amendment. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 27, 2011 and outlined all deficiencies of Jody Cascio's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 27, 2011, attached as Exhibit "D"). In response to Jayco's Rule 37 letter, plaintiff counsel submitted an Errata Sheet stating "plaintiff is personally unavailable to cure deficiencies at this time." (*See* Errata Sheet of Jody Cascio, attached as Exhibit "E"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Furthermore, Plaintiff Counsel admits that plaintiff is unavailable to do so. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Jody Cascio has only answered 11 of the required 23 key questions. Therefore, Jody Cascio's fact sheet remains incomplete.

### Timothy Davis

Timothy Davis' Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Timothy Davis, attached as Exhibit "F"). Timothy Davis' fact sheet only provided his name, address, telephone number, representation information, date of birth, name of the manufacturer, VIN and bar code number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Although the complaint *Steven Bell v. Jayco Enterprises, Inc.* was filed December 29, 2009, the submission of the plaintiff fact sheets was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "C"). Thereafter, Jayco was forwarded the plaintiff fact sheet by plaintiff co-counsel Douglas Schmidt. Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37

letter on June 27, 2011 and outlined all deficiencies of Timothy Davis' fact sheet. (*See* Rule 37 letter to Co-Counsel for plaintiffs, June 27, 2011, attached as Exhibit "G"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Timothy Davis has only answered 6 of the required 23 key questions. Therefore, Timothy Davis' fact sheet remains incomplete.

**Dennis Myres**

Dennis Myres' Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Dennis Myres, attached as Exhibit "H"). Dennis Myres' fact sheet only provided his name, address, telephone number, representation information, social security number, date of birth, name of the manufacturer, VIN and bar code number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Although the complaint *Steven Bell v. Jayco Enterprises, Inc.* was filed December 29, 2009, the submission of the plaintiff fact sheets was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "C"). Thereafter, Jayco was forwarded the plaintiff fact sheet by plaintiff co-counsel Douglas Schmidt. Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 27, 2011 and outlined all deficiencies of Dennis Myres' fact sheet. (*See* Rule 37 letter to Co-Counsel for plaintiffs, June 27, 2011, attached as Exhibit "G"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Dennis Myres has only answered 6 of the

required 23 key questions. Therefore, Dennis Myres' fact sheet remains incomplete.

### Lynette Myres

Lynette Myres' Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Lynette Myres, attached as Exhibit "I"). Lynette Myres' fact sheet only provided his name, address, telephone number, representation information, social security number, date of birth, name of the manufacturer, VIN and bar code number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Although the complaint *Steven Bell v. Jayco Enterprises, Inc.* was filed December 29, 2009, the submission of the plaintiff fact sheets was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "C"). Thereafter, Jayco was forwarded the plaintiff fact sheet by plaintiff co-counsel Douglas Schmidt. Upon receipt of the fact sheet counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 27, 2011 and outlined all deficiencies of Lynette Myres' fact sheet. (*See* Rule 37 letter to Co-Counsel for plaintiffs, June 27, 2011, attached as Exhibit "G"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Lynette Myres has only answered 6 of the required 23 key questions. Therefore, Lynette Myres' fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the

initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiffs' Counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Jody Cascio, Timothy Davis, Dennis Myres and Lynette Myres, be dismissed with prejudice.

    Respectfully submitted,
    **WILLINGHAM, FULTZ & COUGILL LLP**

    By:   s/*Thomas L. Cougill*
        THOMAS L. COUGILL
        Texas State Bar No. 04877300
        Louisiana State Bar No. 31112
        R. MARK WILLINGHAM
        Texas State Bar No. 21641500
        JEFFREY P. FULTZ
        Texas State Bar No. 00790728
        Mississippi Bar No. 101058
        Niels Esperson Building
        808 Travis Street, Suite 1608
        Houston, Texas  77002
        (713) 333-7600 – Telephone
        (713) 333-7601 – Facsimile

    **Attorneys for Jayco Enterprises, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By: s/*Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
(214) 220-6334 – Telephone
(214) 220-6807 – Facsimile

-and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

-and-

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 13th day of September, 2011.

s/*Thomas L. Cougill*
THOMAS L. COUGILL