UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | JUDGE KURT D. ENGELHARDT DOCKET NO:   MDL 1873 (N-5) |

This Document Relates to:

*Sonya Andrews et al versus* : MAG. JUDGE ALMA L. CHASEZ
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-5659*
Plaintiff:    Harold Norris (Voluntarily Dismissed)

*Gerod Macon, et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-7109*
Plaintiff:    Harold Norris

*Myra Williams, et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-8603*
Plaintiff:    Harold Norris (Voluntarily Dismissed)

*   *   *   *   *   *   *   *   *   *   *   *   *

REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
<u>PRETRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFFS FACT SHEETS</u>

MAY IT PLEASE THE COURT:

In accordance with this Court's Order of August 25, 2011 (Rec. Doc. No. 22583), on September 2, 2011, Sun Valley, Inc. ("Sun Valley") filed a motion to dismiss the claims of Harold Norris for his failure to comply with the terms of the Court's Pretrial Orders No. 2, 32 and 88. (Rec. Doc. No. 22708.) The Order of August 25, 2011, required oppositions to the motion to be filed by September 9, 2011. On September 13, 2011, Sun Valley filed a Notice

of Partial No Opposition (Rec. Doc. No. 22862) notifying this Court that Mr. Norris's claims in two of his three lawsuits had been voluntarily dismissed.[1] Thereafter, with respect to the remaining claim filed in Mr. Norris's name, in EDLA No. 09-7109, an opposition to Sun Valley's motion was filed on September 13, 2011. (Rec. Doc. No. 22866).

Sun Valley submits that the remaining claims of Harold Norris should be dismissed for his failure to produce plaintiff fact sheets (PFS) that comply with PTOs 2, 32 & 88. Mr. Norris signed and certified, subject to the penalty of perjury, at least two of the three PFS attached to Sun Valley's motion to dismiss. (See, Motion to Dismiss, at Rec. Doc. No. 22708, Exs. A and B.) In both, he gave materially inconsistent answers that severely prejudice Sun Valley's ability to evaluate his claims. Adding to the confusion and prejudice, Sun Valley received a third PFS for Mr. Norris. (See, Motion to Dismiss, at Rec. Doc. No. 22708, Ex. C.) Handwritten on the first page of that PFS is the statement "Deceased (10-06-09). However, the PFS purports to bear his signature (which is admittedly different on Ex. C than the signatures on the other PFS), is dated December 3, 2009 (which is after the purported date of death written on the first page of the PFS), and fails to identify who completed the PFS or is representing him or his estate.

In the opposition, Mr. Norris' certified, inconsistent PFS answers are not denied. Rather, it is argued that his claims should not be dismissed because certification of inconsistent answers in his PFS is not an issue intended to be resolved by PTOs 2, 32 and 88. Sun Valley disagrees and submits that plaintiff's certified, inconsistent answers

---

[1] See, Rec. Doc. No. 22847, voluntary dismissal of Mr. Norris's claims in EDLA No. 09-5669, and Rec. Doc. No. 22840, voluntary dismissal of Mr. Norris's claims in EDLA No. 09-8603.

undermine the very core of this Court's orders and the settlement of claims now sought to be facilitated by those orders.

To begin, all of the Court's PFS orders require plaintiffs to sign their PFS. Sun Valley submits that this order to sign and certify PFS answers subject to the penalty of perjury is an essential component of the PFS process, without which any settlement sought to be facilitated by the abbreviated PFS process set forth in PTO 88, would be untenable. The clear intent of the certification is to promote reflection and honesty in answering the PFS, and thereby maximize the reliability of the information provided, in lieu of more expensive and time consuming discovery. If settlement is to be facilitated, without other means of discovery or additional litigation, the parties MUST be able to rely on answers in the PFS. Thus, when plaintiffs submit multiple, inconsistent PFS, their answers are unreliable, evaluation of their claims is prejudiced and compromised, and settlement is discouraged.

The prejudicial impact of inconsistent PFS answers on settlement seem to be by the opposition, as evidenced by their misguided argument that Mr. Norris' inconsistent answers "allow the defendant an opportunity in pretrial discovery as [sic] to explore the same, and at trial on the merits, to present a defense based on credibility issues for the plaintiff." (Rec. Doc. No. 22866, at p. 2.) This argument demonstrates plaintiff's complete disregard of the purpose of the pretrial orders establishing the PFS as a replacement to more costly and time consuming pretrial discovery, and to facilitate settlement.

When Mr. Norris provided inconsistent answers about his symptoms while living in the Sun Valley travel trailer, the dates he lived in the trailer, his smoking history, and many other answers to questions identified in PTO 88 as "key" to facilitating settlement, he

prejudiced Sun Valley's evaluation of his claims and undermined settlement because his answers are unreliable and amount to no answers, at all. By way of example, the PFS asks a plaintiff to, "State the reason you stopped living in the FEMA trailer or mobile home[.]" See PFS at Section V(A)(10). Mr. Norris answered this question differently in his multiple PFS. In his PFS certified January 15, 2009 (Ex. A), he states he was still living in the trailer. In his PFS certified September 8, 2009, (Ex. B), he states he moved out of the trailer on February 1, 2009, "[b]ecause my health was going down, so I had to move into my shed." Then, in the PFS certified December 3, 2009 (Ex. C), it states that Mr. Norris moved out of the trailer in May 2008 (before the certification date on his PFS claiming he still lived in the trailer) because: "FEMA picked it up!"

Admittedly, the question about why plaintiff moved out of the FEMA travel trailer is not a "key question" under PTO 88. But, plaintiff's answers to that question cannot be reconciled and undermine his certification, even as to his consistent answers. And, when the reason for moving is coupled with his inconsistent answers to the "key questions" about when he moved in and out of the trailer[2], Sun Valley's ability to evaluate risks and settlement is prejudiced and compromised.

This Court recently addressed the standards against which a plaintiff's conduct in answering a PFS is measured when dismissal is requested for failure to comply with the PFS process. (See Rec. Doc. No. 22802.) Sun Valley submits that Harold Norris's certification of materially inconsistent answers in the PFS he produced satisfies all of the

---

[2] See Sun Valley Ex. D regarding move-in and move-out dates.

factors supporting dismissal under those standards, and his last remaining claims filed in EDLA No. 09-7109 should be dismissed for his failure to comply with PTOs 2, 32 and 88

The opposition also claims they cannot locate Sun Valley's request that Mr. Norris cure his PFS. Sun Valley sent a cure request to all three of Mr. Norris' attorneys identified in his three PFS. (Rec. Doc. No. 22708, at Ex. E.) The cure request to counsel of Mr. Norris who filed the opposition to Sun Valley's motion was successfully faxed twice by Sun Valley. (See, attached Ex. F, at page 35 of 42, and Ex. G, at page 35 of 42.) [3]

Other plaintiffs whose claims Sun Valley seeks to dismiss and who were contemporaneously served such requests have not complained that they were unable to locate Sun Valley's cure requests.[4]  And, the opposition does not deny that Sun Valley's sent cure requests to the other attorneys identified in Mr. Norris' PFS as representing him.

For these reasons, and for those set forth in the Sun Valley's original Memorandum in Support, Sun Valley submits that Harold Norris has failed to comply with PTO's 2, 32 and 88, that his failure justifies dismissal under Fed. Rule Civ. Proc. 41(b), and that his last remaining claims in EDLA No. 09-7109 should be dismissed with prejudice.

---

[3] The facsimile data at the top of each page of Ex. F has one line of data over another line of data on all pages except page 1 of 42. The reason for this is because the first attempt to transmit Sun Valley's cure requests to plaintiffs at the fax number of Mr. Robert Hilliard, (361) 882-3015 (see p. 2/42) was unsuccessful. Then, out of an abundance of caution, as evidenced by Ex. G, on April 11, 2011, Sun Valley then re-transmitted the 42-page fax to (210) 447-0501, which is the fax number provided in the contact information for Watts Hilliard on various firm and FEMA litigation websites. See, http://www.wgclawfirm.com/contact_corp; http://www.toxic-trailer.com/aboutfirm.html; and http://femaformaldehydelitigation.com/contact-information/.

[4] In Rec. Doc. 22703, Sun Valley requests dismissal of the claims of certain plaintiffs in the matter of Gerod Macon, et al v. Sun Valley, Inc., et al, EDLA 09-7109. Those plaintiffs filed an opposition to the motion, Rec. Doc. No. 22864, but did NOT oppose the motion on grounds that they were unable to locate Sun Valley's cure request. Sun Valley's cure requests to those plaintiffs were served contemporaneously, in the same forty-two (42) page fax to Watts Hilliard, as the cure request to Mr. Norris (see Ex. F, attached hereto), as follows: (1) Deirdre Bradley, at p. 31/42; (2) Rodney Bradley, at p. 32/42; (3) Judy McArthur, at p. 13/42; (4) Thomas McArthur, at p. 14/42; (5) Zettella Cannon, at p. 33/42; (6) Bernadette Seymour, at p. 19/42; and (7) Judy McArthur, obo the Minor B.T., at p. 12/42.

        Respectfully submitted

        Voorhies & Labbé

        /S/ Lamont P. Domingue
        Lamont P. Domingue, #20787
        700 St. John Street, 5th Floor (70501)
        Post Office Box 3527
        Lafayette, Louisiana 70502
        **PHONE:**    337-232-9700
        **FAX:**       337-235-4943
        E-Mail: lpd@volalaw.com
        **Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Reply Memorandum in Support of Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 15th day of September, 2011.

        /S/ Lamont P. Domingue
        Lamont P. Domingue

426703