UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to: | | |
| *Gerod Macon, et al versus Sun Valley, Inc., et al* E.D. La. Suit No. 09-7109 Plaintiff:    Sarah Waller | : | MAG. JUDGE ALMA L. CHASEZ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPLY MEMORANDUM IN SUPPORT OF
OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
<u>PRETRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFFS FACT SHEETS</u>

MAY IT PLEASE THE COURT:

In accordance with this Court's Order of August 25, 2011 (Rec. Doc. No. 22583), on September 2, 2011, Sun Valley, Inc. ("Sun Valley") filed a motion to dismiss the claims of Sarah Waller for her failure to comply with the terms of the Court's Pretrial Orders No. 2, 32 and 88. (Rec. Doc. No. 22706.) The Order of August 25, 2011, required oppositions to the motion to be filed by September 9, 2011. Ms. Waller filed her opposition to Sun Valley's motion on September 13, 2011. (Rec. Doc. No. 22867).

Sun Valley submits that the claims of Sarah Waller should be dismissed for her failure to produce plaintiff fact sheets (PFS) that comply with PTOs 2, 32 & 88. Ms. Waller signed and certified, subject to the penalty of perjury, both of the PFS attached to Sun Valley's motion to dismiss as Exhibits A and B. In each, she gave materially inconsistent answers that severely prejudice Sun Valley's ability to evaluate her claims.

In her opposition, Ms. Waller **does not deny** that she certified inconsistent answers in her PFS. Rather, she argues that her claims should not be dismissed because certification of inconsistent answers in her PFS is not an issue intended to be resolved by PTOs 2, 32 and 88. Sun Valley disagrees and submits that plaintiff's certified, inconsistent answers undermine the very core of this Court's orders and the settlement of claims now sought to be facilitated by those orders.

To begin, all of the Court's PFS orders require plaintiffs to sign their PFS. Sun Valley submits that this order to sign and certify PFS answers subject to the penalty of perjury is an essential component of the PFS process, without which any settlement sought to be facilitated by the abbreviated PFS process set forth in PTO 88, would be untenable. The clear intent of the certification is to promote reflection and honesty in answering the PFS, and thereby maximize the reliability of the information provided, in lieu of more expensive and time consuming discovery. If settlement is to be facilitated, without other means of discovery or additional litigation, the parties MUST be able to rely on answers in the PFS. Thus, when plaintiffs submit multiple, inconsistent PFS, their answers are unreliable, evaluation of their claims is prejudiced and compromised, and settlement is discouraged.

The prejudicial impact of inconsistent PFS answers on settlement seem to be recognized by plaintiff, as evidenced by her misguided argument that her inconsistent answers "allow the defendant an opportunity in pretrial discovery as [sic] to explore the same, and at trial on the merits, to present a defense based on credibility issues for the plaintiff." (Rec. Doc. No. 22867, at p. 2.) This argument demonstrates plaintiff's complete

disregard of the purpose of the pretrial orders establishing the PFS as a replacement to more costly and time consuming pretrial discovery, and to facilitate settlement.

When Ms. Waller provided inconsistent answers about her symptoms while living in the Sun Valley travel trailer, the dates she lived in the trailer, and other answers to questions identified in PTO 88 as "key" to facilitating settlement, she prejudiced Sun Valley's evaluation of her claims and undermined settlement because her answers are unreliable and amount to no answers, at all. By way of example, the PFS asks a plaintiff to provide the dates they moved into and out of the travel trailer and the reason they stopped living in the trailer. See PFS at Section V(A)(6), (7) and (10). Ms. Waller answered these questions differently in her two PFS. In her certified PFS produced through the Hurricane Legal Center (HLC PFS, at Rec. Doc. No. 22706, Ex. A), she states she lived in the trailer for nearly three years and moved out because the "[l]ease period was over." In her certified PFS produced through Watts Hilliard (WH PFS at Rec. Doc. No. 22706, Ex. B), she states she lived in the trailer for only 21 days and moved out because she was a "visitor." These certified PFS answers cannot be reconciled, undermine Ms. Waller's certification, even as to her consistent answers, and prejudice Sun Valley's ability to evaluate risks and settlement.

This Court recently addressed the standards against which a plaintiff's conduct in answering a PFS is measured when dismissal is requested for failure to comply with the PFS process. (See Rec. Doc. No. 22802.) Sun Valley submits that Sarah Waller's certification of materially inconsistent answers in the two PFS she produced satisfies all of the factors supporting dismissal under those standards, and her claims against Sun Valley should be dismissed for her failure to comply with PTOs 2, 32 and 88

Ms. Waller also claims she is unable to locate Sun Valley's request that she cure her PFS. Sun Valley questions the value of such a request to Ms. Waller, given the disregard she has demonstrated for her certification of her PFS answers. Nonetheless, Sun Valley sent a deficiency notice to her attorney on April 4, 2011. (See, attached Ex. D, at page 34 of 42, and Ex. E, at page 34 of 42.) [1]

Other plaintiffs whose claims Sun Valley seeks to dismiss and who were served such requests contemporaneously with Ms. Waller have not complained that they are unable to locate Sun Valley's cure requests.[2]

For these reasons, and for those set forth in the Sun Valley's original Memorandum in Support, Sun Valley submits that Sarah Waller has failed to comply with PTO's 2, 32 and 88, that her failure justifies dismissal under Fed. Rule Civ. Proc. 41(b), and that her last remaining claims in EDLA No. 09-7109 should be dismissed with prejudice.

---

[1] The facsimile data at the top of each page of Ex. D has one line of data over another line of data on all pages except page 1 of 42. The reason for this is because the first attempt to transmit Sun Valley's cure requests to plaintiffs at the fax number of Mr. Robert Hilliard, (361) 882-3015 (see p. 2/42) was unsuccessful. Then, out of an abundance of caution, as evidenced by Ex. E, on April 11, 2011, Sun Valley then re-transmitted the 42-page fax to (210) 447-0501, which is the fax number provided in the contact information for Watts Hilliard on various firm and FEMA litigation websites. See, http://www.wgclawfirm.com/contact_corp; http://www.toxic-trailer.com/aboutfirm.html; and http://femaformaldehydelitigation.com/contact-information/.

[2] In Rec. Doc. 22703, Sun Valley requests dismissal of the claims of certain plaintiffs in the matter of *Gerod Macon, et al v. Sun Valley, Inc., et al,* EDLA 09-7109. Those plaintiffs filed an opposition to the motion, Rec. Doc. No. 22864, but did NOT oppose the motion on grounds that they were unable to locate Sun Valley's cure request. Sun Valley's cure requests to those plaintiffs were served contemporaneously, in the same forty-two (42) page fax to Watts Hilliard, as the cure request to Ms. Waller (see Ex. D, attached hereto), as follows: (1) Deirdre Bradley, at p. 31/42; (2) Rodney Bradley, at p. 32/42; (3) Judy McArthur, at p. 13/42; (4) Thomas McArthur, at p. 14/42; (5) Zettella Cannon, at p. 33/42; (6) Bernadette Seymour, at p. 19/42; and (7) Judy McArthur, obo the Minor B.T., at p. 12/42.

        Respectfully submitted

        Voorhies & Labbé

        /S/ Lamont P. Domingue
        Lamont P. Domingue, #20787
        700 St. John Street, 5th Floor (70501)
        Post Office Box 3527
        Lafayette, Louisiana 70502
        **PHONE:** 337-232-9700
        **FAX:** 337-235-4943
        E-Mail: lpd@volalaw.com
        **Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Reply Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 15th day of September, 2011.

        /S/ Lamont P. Domingue
        Lamont P. Domingue

426709