UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY<br>LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to:<br>*Charlie Haas, et al versus*<br>*Sun Valley, Inc., et al*<br>E.D. La. Suit No. 09-7966<br>Plaintiff:   Charlie Haas | : | MAG. JUDGE ALMA L. CHASEZ |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPLY MEMORANDUM IN SUPPORT OF
OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
PRE-TRIAL ORDERS NO. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

In accordance with this Court's Order of August 25, 2011 (Rec. Doc. No. 22583), on September 2, 2011, Sun Valley, Inc. ("Sun Valley") filed a motion to dismiss the claims of Charlie Haas for his failure to comply with the terms of the Court's Pretrial Orders No. 2, 32 and 88. (Rec. Doc. No. 22699.) The Order of August 25, 2011, required oppositions to the motion to be filed by September 9, 2011. Mr. Haas filed his opposition to Sun Valley's motion on September 13, 2011. (Rec. Doc. No. 22860).

Mr. Haas claims he is unable to locate Sun Valley's requests that he cure his PFS, attached as to Sun Valley's motion as Ex. B. (Rec. Doc. No. 22699-4.) Sun Valley's first request that Mr. Haas cure his PFS was sent June 10, 2010, via e-mail through Manufacturing Defendants' Liason Counsel to David Watts with Watts Hilliard. (See

attached Ex. C.)[1] Sun Valley then sent another request to Mr. Haas to cure his PFS on April 4, 2011, and resent that request on April 11, 2011. (See, attached Ex. D, at page 30 of 42, and Ex. E, at page 30 of 42.) [2] Other plaintiffs whose claims Sun Valley seeks to dismiss and who were contemporaneously served with Mr. Haas on April 4, 2011, and April 11, 2011, have not complained that they were unable to locate Sun Valley's cure requests.[3]

Mr. Haas also seems to implicitly oppose Sun Valley's motion to dismiss on the grounds that Sun Valley has not been prejudiced by his deficient PFS because, when confronted with Sun Valley's motion, he cured the deficiencies in his PFS. (See, attached Ex. F, PFS omitted.) Sun Valley submits that plaintiffs' belated production of the missing PFS answers is inadequate to rectify the prejudice imposed on Sun Valley by plaintiffs' failure to timely comply with Pretrial Orders, 2, 32, and 88. Sun Valley was ordered to participate in good faith settlement negotiations through mediation before the Special Master, sufficiently in advance of its bellwether trial, to potentially avoid additional litigation costs, time and resources to both Sun Valley and plaintiffs having sued Sun Valley. That

---

[1] Ex. C transmitted multiple cure requests to Watts Hilliard, including pdf file 2136693, the specific requests to Mr. Haas, all as documented in the exhibit.

[2] The facsimile data at the top of each page of Ex. D has one line of data over another line of data on all pages except page 1 of 42. The reason for this is because the first attempt to transmit Sun Valley's cure requests to plaintiffs at the fax number of Mr. Robert Hilliard, (361) 882-3015 (see p. 2/42) was unsuccessful. Then, out of an abundance of caution, as evidenced by Ex. E, on April 11, 2011, Sun Valley then re-transmitted the 42-page fax to (210) 447-0501, which is the fax number provided in the contact information for Watts Hilliard on various firm and FEMA litigation websites. See, http://www.wgclawfirm.com/contact_corp; http://www.toxic-trailer.com/aboutfirm.html; and http://femaformaldehydelitigation.com/contact-information/.

[3] In Rec. Doc. 22703, Sun Valley requests dismissal of the claims of certain plaintiffs in the matter of *Gerod Macon, et al v. Sun Valley, Inc., et al*, EDLA 09-7109. Those plaintiffs filed an opposition to the motion, Rec. Doc. No. 22864, but did NOT oppose the motion on grounds that they were unable to locate Sun Valley's cure request. Sun Valley's cure requests to those plaintiffs were served contemporaneously, in the same forty-two (42) page fax to Watts Hilliard, as the cure request to Mr. Haas (see Exs. D and E, attached hereto), as follows: (1) Deirdre Bradley, at p. 31/42; (2) Rodney Bradley, at p. 32/42; (3) Judy McArthur, at p. 13/42; (4) Thomas McArthur, at p. 14/42; (5) Zettella Cannon, at p. 33/42; (6) Bernadette Seymour, at p. 19/42; and (7) Judy McArthur, obo the Minor B.T., at p. 12/42.

mediation proved unsuccessful, due in part to the numerous deficient PFS provided by plaintiffs having sued Sun Valley, and the bellwether parties continued to expend time and money in preparation for trial, while they continued to negotiate. In furtherance of those negotiations, Sun Valley attempted to avoid the necessity of motions to dismiss for failure to comply with this Court's PFS pretrial orders by sending cure requests to plaintiffs, including Mr. Haas, in April 2011. Mr. Haas elected not to respond.

As set forth in Sun Valley's motion to dismiss, plaintiff failed to provide answers to "key" questions in his PFS, most notably his occupancy dates and smoking history. In accordance with the Court's pretrial orders governing the PFS process, Sun Valley sent letters to plaintiffs' counsel requesting the missing information and advising plaintiff that Sun Valley would seek to dismiss his claims if he did not timely provide the information. Plaintiff failed to timely respond with the missing information. Only, when confronted with Sun Valley's motion to dismiss, did plaintiff make the effort to produce the missing information. If the missing information was in plaintiff's possession and his PFS was so easily and quickly cured, then Sun Valley questions why this Court's Pretrial Orders 2, 32 and 88, and Sun Valley's June 10, 2011, and April 4, 2011, cure requests pursuant to those orders, all of which directed plaintiffs to the risk of dismissal, were not enough to convince plaintiffs to supply the information?

This Court recently addressed the standards against which a plaintiff's conduct in answering a PFS is measured when dismissal is requested for failure to comply with the PFS process, stating in part:

> Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal

Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

(See Rec. Doc. No. 22802 and No. 22803.)

Sun Valley submits that plaintiff's failure to timely produce a properly cured PFS until confronted with Sun Valley's motion to dismiss satisfies all of the factors justifying dismissal of his claims under Fed. Rule Civ. Proc. 41(b), and the claims of Charlie Haas, should be dismissed with prejudice.

Respectfully submitted

Voorhies & Labbé

*/S/ Lamont P. Domingue*
Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:** 337-232-9700
**FAX:** 337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Reply Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 15th day of September, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue

426714