UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION
                                                                      SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-3557, 09-4462,
and 09-5494

## ORDER AND REASONS

Before the Court are the following motions: (1) Plaintiffs' Counsels' Motion to Withdraw as Counsel for Certain Plaintiffs (Rec. Doc. 22242); (2) a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 & 32 Relating to Plaintiff Fact Sheets, filed by defendant Forest River, Inc. (Rec. Doc. 22394); and (3) a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Frontier RV, Inc. (Rec. Doc. 22370).

### A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has (30) thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In

Pre-Trial Order No. 88, the Court extended the time period to sixty (60) days for plaintiffs to cure noticed deficiencies. (Rec. Doc. 22124, as corrected in 22153).

Frontier moves to dismiss with prejudice the claims of plaintiff Brion Scieneaux on grounds that he has failed to comply with this Court's orders regarding Plaintiff Fact Sheets. (Rec. Doc. 22370).

Likewise, Forest River moves to dismiss with prejudice the claims of the following six plaintiffs on grounds that they have failed to comply with this Court's orders regarding Plaintiff Fact Sheets: (1) Damien Dillon; (2) Sabrina Dillon; (3) Greggionte Jones; (4) Latasha Jones-Dillon; (5) Latasha Jones- Dillon on behalf of Miljanee (sometimes spelled "Miljeanee") Cowley; and (6) Latasha Jones-Dillon on behalf of Edward Smith. (Rec. Doc. 22394).

Plaintiffs' counsel seeks to withdraw as counsel for the above seven plaintiffs (Damien Dillon, Sabrina Dillon, Greggionte Jones, Latasha Jones-Dillon, Latasha Jones- Dillon on behalf of Miljanee (sometimes spelled "Miljeanee") Cowley, Latasha Jones-Dillon on behalf of Edward Smith, and Brion Scieneaux) on grounds that despite plaintiffs' counsels' numerous attempts to contact these plaintiffs to obtain information necessary to complete their Plaintiff Fact Sheets, none of these seven plaintiffs has responded to or otherwise communicated with counsel regarding their claims. (Rec. Doc. 22242).

B. **LAW AND ANALYSIS:**

  1. **Plaintiffs' Counsel's Motion to Withdraw as Counsel (Rec. Doc. 22242):**

Plaintiffs' counsel seeks to withdraw from its representation of the seven plaintiffs named above, on grounds that they have been unable to communicate with these plaintiffs despite numerous attempts to contact them by mail, electronic mail, and telephone. Several defendants have filed

2

memoranda in opposition to the motion on grounds that it would prejudice the defendants.

Where an attorney seeks to withdraw from a case voluntarily (as opposed to being discharged by the client), "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause." *Broughten v. Voss*, 634 F.2d 880, 882-83 (5th Cir. 1981). In making this determination, courts have looked to several factors, including: "(1) the extent to which the attorney's withdrawal will delay or disrupt the case; (2) the length of time for which the case and any dispositive motions have been pending; (3) the time it would take – and the financial burden it would impose on – the client to find new counsel; (4) the financial burden the attorney would suffer if not allowed to withdraw; (5) prejudice to the other parties; and (6) whether withdrawal will harm the administration of justice." *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833, at *2 (N.D. Tex. June 15, 2010).

In this case, the withdrawal of these plaintiffs' attorneys would significantly disrupt this MDL proceeding and harm the administration of justice. The plaintiffs in the case are persons who were left homeless by the Hurricanes Katrina and Rita. A portion of them still do not have stable housing situations, which gives rise to problems maintaining contact between counsel and client. However, if the Court were to allow these and other similarly situated plaintiffs' counsel to withdraw on this basis, leaving such plaintiffs to prosecute their claims *pro se*, the administration of this MDL would come to a grinding halt. Not only would the burden of locating and communicating with these plaintiffs be shifted from plaintiffs' counsel to the Court and defendants' counsel (which is unfair given that it was plaintiffs' counsel who brought them into this matter), but the penalty for these attorneys' withdrawal would be borne largely by the legions of plaintiffs who

are actively cooperating in the prosecution their claims and waiting for the resolution of a matter which already has taken years to litigate. It will take considerably longer if its administration is laden down with *pro se* plaintiffs who have been left *pro se* precisely because their attorneys found them uncommunicative and difficult to locate. Thus, the prejudice to the other parties in this case would be enormous were the Court to allow attorneys such as the movants to be relieved of representing hard-to-reach clients. Accordingly, Plaintiffs' Counsel's Motion to Withdraw as Counsel for Certain Plaintiffs (Rec. Doc. 22242), must be denied. This denial is without prejudice to the right of these attorneys to re-urge the motion should these cases in the future become severed from this MDL.

   2. **Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22394):**

Forest River moves to dismiss with prejudice the claims of the following six plaintiffs on grounds that their Plaintiff Fact Sheets are deficient: (1) Damien Dillon; (2) Sabrina Dillon; (3) Greggionte Jones; (4) Latasha Jones-Dillon; (5) Latasha Jones- Dillon on behalf of Miljanee (sometimes spelled "Miljeanee") Cowley; and (6) Latasha Jones-Dillon on behalf of Edward Smith. Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). However, because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions

that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

There are problems with Forest River's Motion to Dismiss that prevent the Court from granting it at this time. First, Forest River has attached 265 pages of exhibits, most of them *in globo* and poorly explained. For example, Exhibit A consists of multiple letters *in globo*. (Rec. Doc. 22394-2). Exhibit B is a ninety-eight-page *in globo* conglomeration of plaintiff fact sheets, errata sheets, and correspondence. (Rec. Doc. 22394-3, 22394-4). Exhibit C is an *in globo* mix of electronic mail and other correspondence. (Rec. Doc. 22394-5). This is unacceptable. The Court cannot adjudicate motions without a proper record.

Second, the time period for curing deficiencies arguably had not run when Forest River filed the instant motion. At least with regard to four of the plaintiffs (Damien Dillon, Sabrina Dillon, Greggionte Jones, and Latasha Jones-Dillon), a letter notifying plaintiffs' counsel of the PFS deficiencies was not sent until June 29, 2011. *See* Exhibit D to Forest River's Memorandum in Support (Rec. Doc. 22394-6). The instant motion was filed less than sixty days later, on August 12, 2011.[1] Forest River seeks to circumvent this problem by pointing to a Status Conference

---

[1] The June 29, 2011 letter was sent after entry of Pre-Trial Order No. 88, signed on June 24, 2011, and thus is governed by the sixty-day time period for curing deficiencies. *See* Rec. Doc. 22124 at 2, as corrected in 22153. Moreover, Forest River's other two letters regarding the PFS of these six plaintiffs are dated April 6, 2001 and May 2, 2011, thus falling within the window for which Pre-Trial Order No. 88 extended the thirty-day deadline to cure by an

discussion in which the Court stated that a person who submits no fact sheet at all is not entitled to receive two separate notices of deficiency (one complaining of no fact sheet and one setting forth deficiencies). *See* Exhibit F to Forest River's Memorandum in Support pp. 30-32 (Rec. Doc. 22394-8). Here, however, although Forest River complained of having received no PFS for four of the plaintiffs in question, it appears that plaintiffs' counsel in fact had sent plaintiffs fact sheets for these plaintiffs in July 2009.[2] Thus, this is not a case of a plaintiff who, upon receiving a deficiency notice for failure to submit a PFS, completed a PFS for the first time but did so in a deficient manner. Rather, it appears that the defendant here mistakenly understood that no PFS had been submitted; plaintiffs' counsel corrected the defendant's misunderstanding and forwarded copies of the previously submitted PFS; and the defendant thereafter served a notice specifying deficiencies in the PFS. Under these circumstances, especially given the wording of Forest River's June 29th letter,[3] Forest River should have given the plaintiffs sixty days to cure the deficiencies as required

---

additional thirty days. *Id.* at 3 (extending the time to cure to 60 days for deficiency notices served after March 24, 2011, but before entry of the Order).

[2] On May 2, 2011, Forest River sent a letter notifying plaintiffs' counsel that it had received no PFS for Damien Dillon, Sabrina Dillon, Greggionte Jones, or Latasha Jones-Dillon. *See* Exhibit A to Forest River's Memorandum in Support (Rec. Doc. 22394-2). On June 1, 2011, plaintiffs' counsel forwarded PFS and errata for these plaintiffs, explaining that the PFS had been sent previously to defense counsel on July 2, 2009 and that the errata had been sent previously on August 21, 2009. *See* Exhibit C to Forest River's Memorandum in Support (Rec. Doc. 22394-5); *see also* Plaintiffs' Memorandum in Opposition p. 2 (Rec. Doc. 22486) (stating that plaintiffs' PFS were submitted to Defendants' Liaison Counsel in 2009). Four weeks later, on June 29, 2011, Forest River sent a letter specifying deficiencies in the PFS and stating: "Any deficiency response that you made to deficiency letters that you previously received from our firm shall NOT serve as a response to this deficiency letter." *See* Exhibit D to Forest River's Memorandum in Support (Rec. Doc. 22394-6).

[3] The letter states in part: "We understand that you may have received deficiency letters from our firm in the last month or two regarding some of these same clients; however, the attached deficiencies are IN ADDITION to the deficiencies that were noted in those previous letters. Any deficiency response that you made to deficiency letters that you previously received

6

by Pre-Trial Order Nos. 2, 32, and 88.  (Rec. Docs. 87, 1180,  and 22124, as corrected in 22153). Thus, at least with respect to four of the plaintiffs and arguably with respect to all six,[4] it appears that Forest River's motion is premature.  In the very least, the Court is unable to find a clear record of delay and contumacious conduct under these circumstances, as required under Rule 41(b).

Finally, there is a question as to whether five of the six plaintiffs are in fact represented by counsel other than the counsel who filed the instant motion to withdraw and opposed the instant motion to dismiss.  In *Albert, et al v. Forest River, Inc., et al,* Civil Action No. 10-2336 (E.D. La.), filed in this Court on August 2, 2010, it appears that five of these six plaintiffs (all but Sabrina Dillon) are represented not by the counsel who are before the Court in the instant motions, but by Anthony Buzbee and Peter Taaffe of the Buzbee Law Firm and John Munoz of Garner & Munoz. Neither plaintiffs' counsel nor counsel for Forest River addresses this in their submissions to the Court.  Moreover, neither explains how this representation might affect the merits of Forest River's motion to dismiss.  Certainly, the Court cannot determine the extent to which the plaintiffs themselves are at fault for their PFS shortcomings without understanding the nature of these two

---

from our firm shall NOT serve as a response to this deficiency letter."  *See* Exhibit D to Forest River's Memorandum in Support (Rec. Doc. 22394-6).

[4] With regard to plaintiffs Miljeanee Cowley and Edward Smith, Forest River sent a letter on April 6, 2011, notifying plaintiffs' counsel that the PFS for these two plaintiffs were entirely blank.  *See* Exhibit A to Forest River's Memorandum in Support (Rec. Doc. 22394-2). On June 1, 2011, as with the other four plaintiffs, counsel for plaintiffs forwarded PFS and errata for these plaintiffs, explaining that the PFS had been sent previously to defense counsel on July 2, 2009 and that the errata had been sent previously on August 21, 2009.  *See* Exhibit C to Forest River's Memorandum in Support (Rec. Doc. 22394-5).   Then, on June 29, 2011, Forest River sent a letter specifying deficiencies in the PFS and stating: "Any deficiency response that you made to deficiency letters that you previously received from our firm shall NOT serve as a response to this deficiency letter."  *See* Exhibit D to Forest River's Memorandum in Support (Rec. Doc. 22394-6).

representations.[5]  Thus, for all of these reasons, the Court finds that Forest River's motion to dismiss should be denied without prejudice.  It may be re-urged, if necessary, once the above complications have been resolved.

   3. **Frontier's Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22370):**

Frontier moves to dismiss the claims of Brion Scieneaux with prejudice on grounds that he has failed to provide a plaintiff fact sheet and thus has failed to comply with this Court's orders.  As explained in more detail above, a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry*, 975 F.2d at 1191(quoting *Callip,* 757 F.2d at 1519).   The Court must also look for "at least one of three aggravating factors:  '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Id.* (quoting *Price*, 792 F.2d at 474).

On April 14, 2011, Frontier sent a letter notifying plaintiffs' counsel that Brion Scieneaux had failed to submit a PFS, thus making his claims subject to dismissal.  *See* Exhibit A to Frontier's Memorandum in Support  (Rec. Doc. 22370-2).  Frontier did not receive a PFS within sixty days, and thus filed the instant motion to dismiss.

---

   [5] If indeed the plaintiffs are represented by Messrs. Buzbee, Taaffe, and Munoz, as appears in the record of this Court, then perhaps a motion to substitute counsel would be in order.

Plaintiffs' counsel states that, although Mr. Scieneaux completed a PFS in August 2009, which the PSC's Formaldehyde Claims Office sent to Defendants' Liaison Counsel, the PFS was never sent to counsel for plaintiff. Unable to locate a copy of the PFS, plaintiffs' counsel tried to contact Mr. Scieneaux to obtain the necessary information, but received no response.

The purpose of the PFS is to provide the defendants with the basic information necessary to move this MDL proceeding toward a resolution. The Court finds that the defendants have been prejudiced by Mr. Scieneaux's failure to provide these fundamental facts.

Plaintiff's counsel has tried numerous times to reach Mr. Scieneaux with regard to these deficiencies, by letter, telephone, and electronic mail. They informed him by letter that it was urgent that he provide information required for the PFS and that his claim was in danger of dismissal if he did not. *See* Exhibits A and B to Plaintiff's Memorandum in Opposition (Rec. Doc. 22446). Yet, despite plaintiffs' counsel's efforts, Mr. Scieneaux responded to none of the requests. Thus, the Court finds that there is a clear record of delay and contumacious conduct and that the blame for this delay and failure to prosecute lies with the plaintiff himself, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs over the course of two years have failed to motivate this plaintiff to provide the missing information necessary to prosecute his claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of

these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Brion Scieneaux.

Accordingly,

**IT IS ORDERED** that:

1) **Plaintiffs' Counsels' Motion to Withdraw as Counsel for Certain Plaintiffs (Rec. Doc. 22242)** is hereby **DENIED**, without prejudice to counsel's right to re-urge the motion should these cases become severed from this MDL;

2) the **Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22394),** filed by defendant Forest River, Inc., is hereby **DENIED WITHOUT PREJUDICE**;

3) the **Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22370)**, filed by defendant Frontier RV, Inc. is hereby **GRANTED**;

4) the claims of Brion Scieneaux are hereby **DISMISSED WITH PREJUDICE**; and

5) a copy of this Order and Reasons shall be sent to Anthony Buzbee and Peter Taaffe of the Buzbee Law Firm and John Munoz of Garner & Munoz.

New Orleans, Louisiana, this __16th__ day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**