## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Charlie Haas, et al,vs. Sun Valley, Inc., et al* | | * | |
| No. 09-7966 | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S SUR-RESPONSE TO DEFENDANT'S REPLY

Come now Charlie Haas (hereinafter "Plaintiff") and files this Plaintiff's Sur-Response to Reply Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32 and 88 Relating to Plaintiff Fact Sheets (Rec. Doc. 22888).

Defendant's Reply incorrectly states that the due date for Plaintiff's opposition was September 9, 2011, and references the Court's Order of August 25, 2011.  However, the Court's August 25 Order, Rec. Doc. 22583 expressly states that it is related to three cases, i.e. *Charles Marshall* (Cause No. 09-5658), *Sonya Andrews* (Cause No. 09-5959) and *Laura Demetriace Batiste* (Cause No. 09-7109).  The Court's Order does not reference the case at bar, therefore the response date is governed by the Local Rule 7.5 which states the opposition is due eight days prior to the submission date.  The submission date is September 21, therefore the response date was September 13, and Plaintiff's Response was timely filed on September 13, 2011.

In their Reply Memorandum, Defendant produces fax confirmation pages regarding the sending of the deficiency notices.  Plaintiff's counsel was not able to locate the same prior to the filing of Defendant's Reply on September 15, 2011.  Be that as it may, Plaintiff has now cured the deficiencies as acknowledged by Defendant in their Reply.  Rec. Doc. 22888.

Defendant incongruously argues that Plaintiff since did not correct the deficiencies until the Defendant filed their Motion to Dismiss the case should still be dismissed. Plaintiff would state that he was not aware of the Defendant's ongoing difficulties with the deficiencies in Defendant's April 2011 letter until he received a copy of Defendant's Motion to Dismiss which was filed on September 2011.  After a diligent search, Plaintiff's counsel was not able to locate a record of receiving the April 2011 deficiency letter on Charlie Haas.  It appears the lack of knowledge of the April 2011 deficiency letter was a clerical error.

Upon receiving the Motion to Dismiss, Plaintiff's counsel sought to remedy the same without delay and did so as acknowledged in Defendant's Reply.  Defendant has received the necessary information Plaintiff.  Defendant was not prejudiced in any way. If the case were to be dismissed automatically upon the filing of a Motion to Dismiss, then there would be no role for the discretion of the Court, and the procedure the Court had set up for motion practice with regard to the same would be an exercise in futility. The Court clearly set up the motion practice protocol with regard to these deficiencies to monitor compliance efforts and to provide a vehicle for the Court to exercise its discretion.  In their Reply, Defendant's further allege that Plaintiffs denied locating *some but not all* of the deficiency notices to the plaintiffs in the various Sun Valley Motions to

Dismiss. In particular they alleged that Plaintiffs' counsel for the Bradley, et al. Plaintiffs in the *Macon v. Sun Valley* case did not disavow receiving the April 2011 deficiency notices. The Bradley, et al. Plaintiffs have since filed an Unopposed Motion Seeking Leave to File an Amended Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss in *Gerod Macon v. Sun Valley*. Rec. Doc. 22898. That Amended Plaintiffs' Memorandum in Opposition which was attached to the Motion clearly states that after a diligent search, Plaintiffs' counsel was not able locate the April 2011 deficiency notices for the Bradley et al Plaintiffs in the *Macon* case. Rec. Doc. 22898-2.

Wherefore, Plaintiff prays that Defendant's Motion to Dismiss in all things be denied.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No. 5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 19th day of September, 2011.

      /s/ Robert C. Hilliard
      _____
      **ROBERT C. HILLIARD**