UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case Nos. 10-4121, 10-4122;  
10-4123; 10-4124

## ORDER AND REASONS

Before the Court is a "Motion for New Trial and or Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e)" (Rec. Doc. 20236), filed by Plaintiffs Crystal Cooper, Alice Goff, Lovella Rodwell, and Bessie Rogers. This motion is opposed. (See Rec. Doc. 20315). Specifically, this motion seeks reconsideration of the January 19, 2011 Order and Reasons (Rec. Doc. 19856), wherein the Court granted as unopposed the Joint Motion to Dismiss filed by the Manufacturer Defendants (Rec. Doc. 18684) and the Joint Motion to Dismiss filed by the Contractor Defendants (Rec. Doc. 19080), as to member cases 10-4121, 10-4122, 10-4123, and 10-4124. Because the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, such motion shall be treated as a motion to alter or amend under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), but instead "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (quoting *Keene Corp. V.*

*Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 735 F.2d 1367 (7th Cir. 1984)). The Fifth Circuit has "recognized that while a district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration, such discretion is not limitless." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert. denied*, 543 U.S. 976 (2004). There are "two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts." *Id.*

Plaintiffs argue, without elaboration or explanation, that this Court's Order and reasons was based on an "error of fact" and would result in "manifest injustice," if allowed to stand. (Rec. Doc. 20236-1, p. 3). The Court, however, finds that the plaintiffs have failed to present any error of fact or any other grounds warranting reconsideration of the Court's Order.

First, this Court notes that the plaintiffs failed to oppose the underlying motion. Plaintiffs could and should have timely submitted an opposition, but failed to do so. Moreover, they fail in the instant motion to give any reason whatsoever for this failure. A motion for reconsideration may not be used to rehash evidence, legal theories, or arguments that *could have been offered or raised before the entry of judgment*. *Simon*, 891 F.2d at 1159. The fact that Plaintiffs now seek to make arguments (albeit vague ones) does not warrant or justify a reversal of this Court's earlier dismissal of these cases.

Second, although the plaintiffs make the conclusory statement that this Court's Order was based on an "error of fact," they fail to specify any error of fact (or law) upon which the Court based its prior ruling. They make the conclusory statement that their complaints complied with this Court's previous orders regarding matching, but they fail to explain how this is so or how the defendants' assertions in the underlying motion, on which the Court relied, were in error.

Finally, after the instant motion had been submitted to the Court, in order to give the plaintiffs yet a further opportunity to explain their arguments and specify their alleged errors of fact, this Court ordered the plaintiffs to file a reply memorandum not later than Friday, September 16, 2011, explaining the specifics of their assertion that these plaintiffs had been properly matched. (Rec. Doc. 22806).  The plaintiffs failed to file a reply memorandum, as ordered.

Given all of the above, the Court does not find reconsideration of its prior ruling to be necessary to prevent manifest injustice.  Accordingly,

**IT IS ORDERED** that the **"Motion for New Trial and or Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (Rec. Doc. 20236)** is **DENIED.**

New Orleans, Louisiana, this  20th  day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**