**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL. No. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | Section: N (5) |
| | * | |
| | * | Judge: Engelhardt |
| This Document Relates To: | * | |
| *D'Jerria DeMolle v. Crum & Forster* | * | Magistrate: Chasez |
| *Specialty Ins. Co., et al* | * | |
| *No: 09-8455* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets.

I.   Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On January 30, 2008 the

Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[2]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[3]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[4] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[5] These procedures were carried over into Pre-Trial Order No. 32.[6]

## II.   Law and Argument

1**. Arthur Isaac, Jr.'s** Plaintiff Fact Sheet is undated.[7] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to

---

[2] See Rec. Doc. No. 87.
[3] See Rec. Doc. No. 87, page 7.
[4] See Rec. Doc. No. 87, page 8-9.
[5] See Rec. Doc. No. 87, page 8-9. See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[6] See Rec. Doc. No. 1180, P.5.
[7] See Exhibit A.

be answered. Arthur Isaac, Jr. left 96 of them blank or responded insufficiently. Questions that he did not answer include, but are not limited to, the following[8]:

- Symptoms experienced or reported to a physical during the time plaintiffs lived in the FEMA trailer

- Plaintiffs' understanding of the illness or disease they claim to have developed, or may in the future develop, from living in a FEMA trailer or mobile home

- Whether they are making a claim for mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home and, if so, the name and address of their counselors, the condition treated, when they were treatment, and medications prescribed or recommended

- Whether they are requesting reimbursement for medical expenses and, if so, the amount of their claim

- Whether they are making a claim for wage losses and, if so, their income earned from employment for each of the last five years and the total amount of time they lost from work as a result of any and all conditions related to residing in a FEMA trailer along with the amount of income lost

- FEMA Identification number

- Installation address

- Average number of hours spent in the FEMA trailer or mobile home each day

---

[8] See Exhibit A.

- Plaintiffs' smoking history

- Smoking history of other trailer residents

- Whether plaintiffs ever suffered from lung or other respiratory diseases or skin diseases and, if so, names, descriptions, and dates of those illnesses

- Doctor or health car providers who treated plaintiffs for each disease, illness or injury that they claim to have suffered as a result of living in a FEMA trailer or mobile home and the date of diagnosis

- Whether the documents described in Section VIII (A-D) are currently in their possession, custody, or control, or in the possession, custody, or control of their lawyers

Counsel for Mover drafted a Rule 37 letter on April 29, 2011 to outline the deficiencies.[9] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Arthur Isaac, Jr. is incomplete. Counsel for plaintiff does not oppose this dismissal.[10]

2. **Timmery Barthelemy's** Plaintiff Fact Sheet is unsigned and undated.[11] Counsel for Mover reviewed it and deemed it insufficient. A Plaintiff Fact Sheet includes 121 questions to be answered. Timmery Barthelemy left 100 of them blank or responded insufficiently. Questions that he did not answer include, but are not limited to, the following[12]:

---

[9] See Exhibit B.
[10] See Exhibit E.
[11] See Exhibit C.
[12] See Exhibits D.

- Symptoms experienced or reported to a physical during the time plaintiffs lived in the FEMA trailer
- Plaintiffs' understanding of the illness or disease they claim to have developed, or may in the future develop, from living in a FEMA trailer or mobile home
- Whether they are making a claim for mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home and, if so, the name and address of their counselors, the condition treated, when they were treatment, and medications prescribed or recommended
- Whether they are requesting reimbursement for medical expenses and, if so, the amount of their claim
- Whether they are making a claim for wage losses and, if so, their income earned from employment for each of the last five years and the total amount of time they lost from work as a result of any and all conditions related to residing in a FEMA trailer along with the amount of income lost
- FEMA Identification number
- Move-in Date
- Move-out Date
- Installation address
- Average number of hours spent in the FEMA trailer or mobile home each day
- Plaintiffs' smoking history

- Smoking history of other trailer residents

- Whether plaintiffs ever suffered from lung or other respiratory diseases or skin diseases and, if so, names, descriptions, and dates of those illnesses

- Doctor or health car providers who treated plaintiffs for each disease, illness or injury that they claim to have suffered as a result of living in a FEMA trailer or mobile home and the date of diagnosis

- Whether the documents described in Section VIII (A-D) are currently in their possession, custody, or control, or in the possession, custody, or control of their lawyers

Counsel for Mover drafted a Rule 37 letter on April 28, 2011 to outline the deficiencies.[13] No response was received and plaintiff's counsel did not participate in a Rule 37 conference. The Plaintiff Fact Sheet for Timmery Barthelemy is incomplete. Counsel for plaintiff does not oppose this dismissal.[14]

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[15] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of

---

[13] See Exhibit D.
[14] See Exhibit E.

delay or contumacious conduct and lesser sanctions would not serve the best interests of justice."[16]   Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 2 & 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Orders No. 2 & 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to requests to cure a Plaintiff Fact Sheet, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Orders No. 2 & 32 provided that the failure to cure a Plaintiff Fact Sheet deficiency within thirty (30) days of the

---

[15] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 243 (5th Cir.1993).

[16] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

deficiency notice would result in dismissal with prejudice. In accordance with the Court's Pre-Trial Orders and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Unopposed Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Arthur Isaac, Jr. and Timmery Barthelemy*, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

\_\_\_\_/s Eric B. Berger\_\_
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS  21st  DAY OF   September   , 2011..
       /s Eric B. Berger_____