UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS SECTION "N" (5) | * * * * * * * | MDL NO. 1873 LIABILITY LITIGATION  JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: *Gerod Macon, et al,vs. Sun Valley, Inc., et al* No. 09-7109 | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AMENDED PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Come now Deirdre Bradley, Rodney Bradley, Judy McArthur, Thomas McArthur, Zettella Cannon, Bernadette Marie Seymour, Judy McArthur as Next Friend of B. T., Martin McArther Jr. (hereinafter "Plaintiffs") and file this Amended Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32 and 88 Relating to Plaintiff Fact Sheets (Rec. Doc. 22703).

**I.    ALL PLAINTIFFS**

Plaintiff's counsel Watts Hilliard would state that after a diligent search Plaintiffs' counsel could find no record of receiving the April 4, 2011, deficiency letters attached to Defendant's Motion.[1]  However, Plaintiffs' counsel will seek out the Plaintiffs to have them supplement their fact sheets within 30 days of Defendant's filing its Motion to

---

[1] Plaintiff's counsel acknowledges receipt of Defendant's fax confirmation pages as of September 15, 2011, as part of Defendant's September 15, 2011, filing Rec. Doc. 22881-1 and 22881-2 and other filings received on that same date.  However, prior to September 15, 2011, despite a diligent search, Plaintiff could find no record of having received said deficiency notices.

Dismiss.

## II. INDIVIDUAL PLAINTIFFS

### A. DEIRDRE BRADLEY

Defendant claims the Plaintiff Fact Sheet is unsigned and fails to answer key questions. No one else in her trailer used any type of tobacco product. She was diagnosed with Shortness of Breath at Hancock Medical Center, located at 149 Drinkwater Blvd in Bay St. Louis, MS 39520, but does not recall the diagnosis date.

Plaintiff's counsel has made numerous attempts to reach the client to cure any outstanding deficiencies, and would refer you to Exhibit "A" for additional information.

### B. RODNEY BRADLEY

Defendant claims the Plaintiff Fact Sheet fails to answer key questions. Plaintiff recalls that Dierdre Bradley resided with him in the trailer and was a smoker. He does not recall the average amount smoked or the period of time in which she smoked.

Plaintiff's counsel has made numerous attempts to reach the client to cure any outstanding deficiencies, and would refer you to Exhibit "A" for additional information.

### C. ZETTELLA CANNON

Defendant claims the Plaintiff Fact Sheet fails to answer key questions. Plaintiff's counsel has made numerous attempts to reach the client to cure any outstanding deficiencies, and would refer you to Exhibit "A" for additional information.

### D. JUDY MCARTHUR

Defendant claims the Plaintiff Fact Sheet fails to answer key questions. Plaintiff remembers moving out in 2007, but does not recall a precise date. Plaintiff's counsel has made numerous attempts to reach the client to cure any outstanding deficiencies, and

would refer you to Exhibit "A" for additional information.

### E. THOMAS MCARTHUR

Defendant claims the Plaintiff Fact Sheet fails to answer key questions. Matching information provided by the Government does not provide a Bar Code Number. The installation address was 6027 Kellar St., Pearlington, MS 39572.

Plaintiff's counsel has made numerous attempts to reach the client to cure any outstanding deficiencies, and would refer you to Exhibit "A" for additional information.

### F. BERNADETTE MARIE SEYMOUR

Defendant claims the Plaintiff Fact Sheet is fails to answer key questions. Matching information provided by the Government does not provide a Bar Code number.

Plaintiff's counsel has made numerous attempts to reach the client to cure any outstanding deficiencies, and would refer you to Exhibit "A" for additional information.

### G. JUDY MCARTHUR AS NEXT FRIEND OF B. T.

Defendant claims the Plaintiff Fact Sheet fails to answer key questions. Plaintiff moved into the trailer in December, 2005, and moving out in 2007.

Plaintiff's counsel has made numerous attempts to reach the client to cure any outstanding deficiencies, and would refer you to Exhibit "A" for additional information.

### H. MARTIN MCARTHER, JR.

Defendant claims the Plaintiff Fact Sheet fails to answer key questions. Matching information provided by the Government did not provide a Bar Code number. Plaintiff moved into the trailer in December, 2005 and moved out in 2007, but does not recall a precise move-out date.

Plaintiff's counsel has made numerous attempts to reach the client to cure any

outstanding deficiencies, and would refer you to Exhibit "A" for additional information.

### III.    LAW AND ARGUMENT

Defendant claims that according to Federal Rule of Civil Procedure 41(b), dismissal is justified. However as Defendant noted in their Memorandum [Rec. Doc. 22147-1, p. 3] dismissal "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice". *Wren v. American Cast Iron Pipe* 575 F.2d. 544, 546 (5th Cir. 1992).  In the instant case with this Plaintiff there is no clear record of delay but dutiful attempts to contact the client to update the Fact Sheets.  *See* Affidavit "A" attached.  Plaintiffs' counsel would further request additional time to respond to the deficiencies as  the deficiency letters could not be located and under such circumstances the lack of cure does not constitute contumacious conduct justifying dismissal.

### IV.    CONCLUSION

For the reasons set forth above, Plaintiffs Deirdre Bradley, Rodney Bradley, Judy McArthur, Thomas McArthur, Zettella Cannon, Bernadette Marie Seymour, Judy McArthur as Next Friend of B. T., Martin McArther Jr. pray that Defendant's Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32 and 88 Relating to Plaintiff Fact Sheets in all things be denied.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.

4

719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**ATTORNEYS FOR PLAINTIFFS**

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 19th day of September, 2011.

                          /s/ Robert C. Hilliard

                          _____
                          **ROBERT C. HILLIARD**