UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>SECTION "N" (5) | *<br>*<br>*<br>*<br>*<br>*<br>* | MDL NO. 1873<br>LIABILITY LITIGATION<br><br>JUDGE ENGELHARDT<br>MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO:<br>*Lauranette Bolton, et al vs. Sun Valley, Inc., et al*<br>No. 09-7850 | | *<br>*<br>*<br>* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' SUR-RESPONSE TO DEFENDANT'S REPLY**

Come now Albert LeRoy Bowers, Jr., Lisa Annette Bowers, Shanita Gates Individually and Next Friend of E. D. G., Quanela Marie Smith, Marsheila Sara Smith, Thomas Joseph Gates, Jr., Betty Thomas, and Lauranette Bolton (hereinafter "Plaintiffs") and file this Plaintiffs' Sur-Response to Defendant's Reply Memorandum in Support of Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32 and 88 Relating to Plaintiff Fact Sheets (Rec. Doc. 22881).

Defendant's Reply incorrectly states that the due date for Plaintiffs' opposition was September 9, 2011, and references the Court's Order of August 25, 2011.  However, the Court's August 25 Order, Rec. Doc. 22583, expressly states that it is related to three cases, i.e. *Charles Marshall* (Cause No. 09-5658), *Sonya Andrews* (Cause No. 09-5959) and *Laura Demetriace Batiste* (Cause No. 09-7109).  The Court's Order does not reference the case at bar, therefore the response date is governed by the Local Rule 7.5 which states the opposition is due eight days prior to the submission date.  The submission date is September 21, therefore the response date was September 13, and

Plaintiffs' Response was timely filed on September 13, 2011.

In their Reply Memorandum, Defendant produces fax confirmation pages regarding the sending of the deficiency notices. Plaintiffs' counsel was not able to locate the same prior to the filing of Defendant's Reply on September 15, 2011. Be that as it may, Plaintiff will seek to remedy the outstanding significant deficiencies within 30 days of Defendant's filing of their Motion to Dismiss.

In their Reply, Defendant's allege that Plaintiffs denied locating *some but not all* of the deficiency notices to the various Sun Valley Motions to Dismiss. In particular they alleged that Plaintiffs' counsel for the Bradley, et al. Plaintiffs in the *Macon v. Sun Valley* case did not disavow receiving the April 2011 deficiency notices. The Bradley, et al. Plaintiffs have since filed an Unopposed Motion Seeking Leave to File an Amended Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss in *Gerod Macon v. Sun Valley*. Rec. Doc. 22898. That Amended Plaintiffs' Memorandum in Opposition which was attached to the Motion clearly states that after a diligent search, Plaintiffs' counsel was not able locate the April 2011 deficiency notices for the Bradley et al Plaintiffs in the *Macon* case. Rec. Doc. 22898-2.

Defendant claims that Plaintiffs responded to some, but not all the deficiency notices in *Bolton* case and that somehow constitutes an admission that they were indeed cognizant of the April 2011 deficiency notices. As it is, all Defense counsel acknowledges receiving in "response" to their deficiency notices, is copies of "original, deficient PFS's", responses of other deficient fact sheets or no response at all. See Rec. Doc. 22884. pp. 4-5. To the contrary this shows a lack of scienter on behalf of Plaintiff's counsel of the deficiency notices. So there is no confusion, Plaintiffs' counsel

reasserts, they could find no record of receiving the April 2011 deficiency notices. It appears the issue surrounding receipt of the April 2011 deficiencies is a clerical error. Thus it does not constitute contumacious conduct and these cases should not be dismissed. All Plaintiffs whether they were in the *Macon* case or this case deny that they have record of receiving any deficiencies and further deny that any transmittals made to counsel for Sun Valley in or after April 2011 were made due to the April deficiency requests[1].

It appears the issue surrounding the April 2011 deficiencies is a clerical error. Thus it does not constitute contumacious conduct and these cases should not be dismissed.

Wherefore, Plaintiffs pray that Defendant's Motion to Dismiss in all things be denied.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No. 5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

---

[1] This would exclude any transmittals made to Defense counsel since receiving the Motions to Dismiss which were filed on September 2, 2011.

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 19th day of September, 2011.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**