UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-3833

## ORDER AND REASONS

Before the Court is an Opposed Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets, filed by defendant Sun Valley, Inc. (Rec. Doc. 22677).

Sun Valley moves to dismiss with prejudice the claims of Eric Forsythe, Jr., individually and on behalf of his minor son, E.F., III, on grounds that he failed to comply with this Court's orders by failing to cure material deficiencies in his Plaintiff Fact Sheets.

### A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In Pre-Trial

1

Order No. 88, the Court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011. (Rec. Doc. 22124, as corrected in 22153).

B. **APPLICABLE LAW**:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation

2

of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On April 4, 2011, defendant Sun Valley sent letters to plaintiffs' counsel stating that the plaintiff fact sheets submitted by Eric Forsythe, Jr., on behalf of himself and his minor son E.F., III, were deficient in that he stated "unknown" in response to the question asking that he specify the vehicle identification number (VIN) for his FEMA unit. *See* Exhibits A through F to Movant's Memorandum in Support (Rec. Docs. 22677-3 through 22677-8). Plaintiffs' counsel responded to the letter, stating that "unknown" is an acceptable response under Pre-Trial Order No. 88. *See* Exhibit A to Plaintiffs' Memorandum in Opposition (Rec. Doc. 22819-1). Sun Valley then proceeded to file the instant motion on September 2, 2011. (Rec. Doc. 22677). One week later, on September 9, 2011, plaintiffs served an amended PFS for Eric Forsythe, Jr., individually and on behalf of his minor son E.F., III, providing the VIN, as requested. *See* Exhibits B, B-1 & B-2 to Plaintiffs' Memorandum in Opposition (Rec. Doc. 22819-2, 22819-3). Nevertheless, Sun Valley persists in the instant motion, arguing that Mr. Forsythe's claims should be dismissed because he was late in curing the PFS. *See* Reply Memorandum (Rec. Doc. 22855).

The Court finds that Eric Forsythe, Jr., individually and on behalf of his minor son E.F., III, materially complied with his obligations to provide a completed PFS pursuant to this Court's orders.

3

As this Court stated in Pre-Trial Order No. 88, "lack of knowledge can be an accurate response to a question." (Rec. Doc. 22124, as corrected in 22153).  When he obtained the missing information from FEMA, he supplemented his responses, as he was required to do pursuant to this Court's orders and the Federal Rules of Civil Procedure.  There is no record here of delay or contumacious conduct as required to dismiss under either Rule 41(b) or Rule 37(b)(2).  Accordingly,

**IT IS ORDERED** that the **Opposed Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22677)**, filed by defendant Sun Valley, Inc., is hereby **DENIED**.

New Orleans, Louisiana, this   21st   day of September, 2011.

**KURT D. ENGELHARDT**
**United States District Court**