UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                                                        MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                                                                                           SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7966

**ORDER AND REASONS**

        Before the Court is an Opposed Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets, filed by defendant Sun Valley, Inc. (Rec. Doc. 22699).

        Sun Valley moves to dismiss with prejudice the claims of Charlie Haas, on grounds that he failed to comply with this Court's orders by failing to cure material deficiencies in his Plaintiff Fact Sheets.

**A. BACKGROUND:**

        In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial

1

Order No. 88, the Court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011. (Rec. Doc. 22124, as corrected in 22153).

B. **APPLICABLE LAW**:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation

2

of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On June 10, 2010 and April 4, 2011, defendant Sun Valley sent letters to plaintiffs' counsel specifying deficiencies in the PFS submitted by Charlie Haas. *See* Exhibit B to Movant's Memorandum in Support (Rec. Docs. 22699-4). After sixty days had expired, Sun Valley filed the instant motion, seeking to dismiss based upon four alleged deficiencies: (1) no bar code for his FEMA unit; (2) no move-in date; (3) no move-out date; and (4) no smoking history for other people residing in his trailer. In his opposition memorandum, Mr. Haas explains each of these alleged deficiencies: (1) He does not know the bar code for his FEMA trailer, and the matching information provided by the government does not provide one; (2) his move-in date is January 2006, as stated in his original PFS; (3) he still resides in the trailer and thus, has no move-out date; and (4) no other person resided in his trailer. On September 13, 2011, plaintiffs served an amended PFS for Charlie Haas, making each of these points clear. Nevertheless, Sun Valley persists in the instant motion, arguing that Mr. Haas's claims should be dismissed because he was late in curing the PFS and did so only after a motion to dismiss was filed. *See* Reply Memorandum (Rec. Doc. 22888).

The Court finds that Charlie Haas materially complied with his obligations to provide a completed PFS pursuant to this Court's orders. As this Court stated in Pre-Trial Order No. 88, "lack

3

of knowledge can be an accurate response to a question." (Rec. Doc. 22124, as corrected in 22153). Mr. Haas does not know his bar code. With regard to the other three alleged deficiencies, it appears that the information provided in the PFS was not incorrect. Because he had not moved out or shared his trailer with anyone, he left blank the questions seeking a move-out date and the smoking history of others residing in the trailer. Any misunderstanding has now been resolved. There is no record here of delay or contumacious conduct as required to dismiss under either Rule 41(b) or Rule 37(b)(2). Accordingly,

**IT IS ORDERED** that the **Opposed Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22699)**, filed by defendant Sun Valley, Inc., is hereby **DENIED**.

New Orleans, Louisiana, this __21st__ day of September, 2011.

                                                                                    _____
                                                                                    **KURT D. ENGELHARDT**
                                                                                    **United States District Court**