UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Gloria Broussard v. Jayco Enterprises, Inc.* | * | |
| Docket No. 10-2509 | * | MAG. JUDGE CHASEZ |
| Plaintiff: Gloria Broussard | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
<u>RELATING TO PLAINTIFF FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Jayco Enterprises, Inc. ("Jayco"), moves this Honorable Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Gloria Broussard (Plaintiff in *Broussard*, C.A. 10-2509)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff

failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiff identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and

lesser sanctions would not serve the best interests of justice.[1]

The plaintiff listed above filed *Gloria Broussard v. Jayco Enterprises, Inc.* on August 2, 2010. Jayco sent correspondence to plaintiff's counsel advising that the above mentioned plaintiff failed to provide a Plaintiff Fact Sheet. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A"). In response to Jayco's correspondence, Plaintiff Counsel forwarded missing plaintiff fact sheets via compact disc. (*See* correspondence from Reed Bowman at The Law Offices of Frank J. D'Amico, Jr., counsel for plaintiff, to the undersigned, April 25, 2011, attached as Exhibit "B"). The fact sheet for Gloria Broussard was not included in the April 25th production of plaintiff fact sheets. Subsequently, additional plaintiff fact sheets of Frank D'Amico represented plaintiffs were produced to Jayco by Frank D'Amico's co-counsel Douglas M. Schmidt. (*See* emails from Chele Tallon at Douglas M. Schmidt, APLC, co-counsel for Plaintiff, to Roslyn West at Willingham, Fultz & Cougill, counsel for Jayco, April 26, 2011, attached as Exhibit "C"). Likewise, the fact sheet for Gloria Broussard was not included in the April 26th production of plaintiff fact sheets. To date, Defendants have received no further response or production of Plaintiff Fact Sheets in regards to Gloria Broussard.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

for further prejudice against the Defendants by dismissing the claims of this plaintiff. Thus, the Defendants move for an Order dismissing this plaintiff.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that this plaintiff, Gloria Broussard, be dismissed with prejudice.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
         THOMAS L. COUGILL
         Texas State Bar No. 04877300
         Louisiana State Bar No. 31112
         R. MARK WILLINGHAM
         Texas State Bar No. 21641500
         JEFFREY P. FULTZ
         Texas State Bar No. 00790728
         Mississippi Bar No. 101058
         Niels Esperson Building
         808 Travis Street, Suite 1608
         Houston, Texas  77002
         (713) 333-7600 – Telephone
         (713) 333-7601 – Facsimile

**Attorneys for Jayco Enterprises, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 22nd day of September, 2011.

  s/*Thomas L. Cougill*
THOMAS L. COUGILL