UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N"  (5)

THIS DOCUMENT RELATES TO  
Member Case No. 10-1311

**ORDER AND REASONS**

Before the Court is an Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22701), filed by defendant Sun Valley, Inc. d/b/a Sun-Lite.

Sun Valley moves to dismiss with prejudice the claims of the following nine plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets:  (1) Acquanette German; (2) Rosaria Floyd Glapion; (3) Ethel Washington; (4) Ethel Washington on behalf of the minor J.M.W.; (5)  Ethel Washington on behalf of the minor C.W.; (6) Joseph Adam Washington; (7) Leticia Washington; (8) Jacintha Williams on behalf of the minor J.W.; and (9) Jacintha Williams on behalf of the minor L.W..

**A.  BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter

1

that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial Order No. 88, the Court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011 (Rec. Doc. 22124, as corrected in 22153).

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir.

1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On April 4, 2011, defendant Sun Valley sent letters to plaintiffs' counsel specifying several material deficiencies with respect to each of the nine plaintiffs at issue here. Each of the nine fails to provide information in response to numerous "key" questions soliciting vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124). Indeed, plaintiffs do not deny that the deficiencies are material. Rather, plaintiffs' counsel states that "after a diligent search, Plaintiffs' counsel could find no record of ever receiving any of the deficiencies attached as exhibits to Defendant's Motion to Dismiss." *See* Opposition Memorandum at p.1 (Rec. Doc. 22863). On this basis, plaintiffs seek thirty days from the filing of Sun Valley's motion in which to supplement their PFS responses.

In its Reply Memorandum, Sun Valley attaches facsimile transmission reports, showing that although the first attempt to transmit the notices to plaintiffs' counsel on April 4, 2011 was unsuccessful, a second attempt on April 11, 2011 was successful, transmitting the notices to a

different fax number for plaintiffs' counsel, found on various websites. *See* Reply Memorandum at n.1 (Rec. Doc. 22884); Exhibits AA and BB to Reply Memorandum (Rec. Docs. 22884-1 and 22884-2). Sun Valley also states that after the notices were sent, someone re-sent the original, deficient plaintiff fact sheets for seven of the nine plaintiffs, suggesting that someone in plaintiffs' counsel's office must have seen the notices.

Nevertheless, the Court accepts plaintiffs' counsel's representation to the Court. Moreover, based on the record, it appears that the plaintiffs' failure to cure deficiencies was at least in part due to a mistake in plaintiffs' counsel's office, rather than contumacious conduct on the part of the plaintiffs' themselves. Under these circumstances, the Court concludes that it should grant the plaintiffs one final opportunity to cure the deficiencies in their PFS responses. They shall have seven (7) days to do so. If any of them fails to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received.[1] Accordingly,

**IT IS ORDERED** that the **Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22701)**, filed by defendant Sun Valley, Inc. is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the following plaintiffs shall cure within seven (7) days any material deficiencies in the Plaintiff Fact Sheets, as specified in defendant Sun Valley's motion to dismiss (Rec. Doc. 22701), by providing certified answers to the questions set forth in the PFS form: (1) Acquanette German; (2) Rosaria Floyd Glapion; (3) Ethel Washington; (4) Ethel Washington on behalf of the minor J.M.W.; (5) Ethel Washington on behalf of the minor C.W.; (6)

---

[1] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

Joseph Adam Washington; (7) Leticia Washington; (8) Jacintha Williams on behalf of the minor J.W.; and (9) Jacintha Williams on behalf of the minor L.W.. Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32.

    New Orleans, Louisiana, this __22nd__ day of September, 2011.

                                     **KURT D. ENGELHARDT**
                                     **United States District Court**