UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                        MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                                              SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7109

## ORDER AND REASONS

Before the Court is an Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22703), filed by defendant Sun Valley, Inc.. Sun Valley moves to dismiss with prejudice the claims of the following eight plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Deirdre Bradley; (2) Rodney Bradley; (3) Zetella Cannon; (4) Judy McArthur; (5) Thomas McArthur; (6) Bernadette Marie Seymour; (7) Judy McArthur on behalf of the minor B.T.; and (8) Martin McArthur, Jr..

### A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-

Trial Order No. 88, the Court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011 (Rec. Doc. 22124, as corrected in 22153).

## B. APPLICABLE LAW:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation

of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

## C. **ANALYSIS**:

In June 2010, Sun Valley sent letters to plaintiffs' counsel specifying several deficiencies with respect to six of the eight plaintiffs at issue here: (1) Zetella Cannon; (2) Judy McArthur; (3) Thomas McArthur; (4) Bernadette Marie Seymour; (5) Judy McArthur on behalf of the minor B.T.; and (6) Martin McArthur, Jr.. *See* Exhibits H, K, N, Q, T, and W to Movant's Memorandum in Support (Rec. Docs. 22703-10, 22703-13, 22703-16, 22703-19, 22703-22, 22703-25). Plaintiffs did not respond. Then, in April 4, 2011, Sun Valley sent a second notice of deficiency to five of these six plaintiffs (all but Martin McArthur, Jr.) and also, for the first time, sent deficiency notices to plaintiffs Deirdre Bradley and Rodney Bradley. *See* Exhibits B, E, H, K, N, Q, and T to Movant's Memorandum in Support (Rec. Docs. 22703-4, 22703-7, 22703-10, 22703-13, 22703-16, 22703-19, 22703-22). After the April 2011 notices were sent, plaintiffs re-sent the original, deficient PFS for each of the seven plaintiffs for whom such notices were sent (all but Martin McArthur, Jr.).

### 1. **Deirdre Bradley and Rodney Bradley**:

Plaintiffs' counsel states that "after a diligent search Plaintiffs' counsel could find no record of receiving the April 4, 2011 deficiency letters attached to Defendant's Motion." *See* Amended Opposition Memorandum at p.1 (Rec. Doc. 22919). On this basis, plaintiffs seek thirty days from

the filing of Sun Valley's motion in which to supplement their PFS responses. In support of other similar motions before the Court, Sun Valley has filed reply Memoranda addressing plaintiffs' counsel's statement that it could find no record of having received the April 4, 2011 deficiency notices. *See, e.g.*, Rec. Docs. 22881, 22884. Sun Valley attached as exhibits to these memoranda the April 2011 facsimile transmission reports, showing that although the first attempt to transmit the notices to plaintiffs' counsel on April 4, 2011 was unsuccessful, a second attempt on April 11, 2011 was successful, transmitting the notices to a different fax number for plaintiffs' counsel, found on various websites. *See, e.g.*, Reply Memorandum at n.1 (Rec. Doc. 22884); Exhibits AA and BB to Reply Memorandum (Rec. Docs. 22884-1 and 22884-2). Also in these reply memoranda, Sun Valley points to the fact that after the April 2011 deficiency notices were sent, someone re-sent the original, deficient plaintiff fact sheets for the plaintiffs named in the notices, suggesting that someone in plaintiffs' counsel's office must have seen the notices.

The Court accepts plaintiffs' counsel's representation to the Court. Thus, with regard to plaintiffs Deirdre Bradley and Rodney Bradley, for whom the April 4, 2011 notice was the first deficiency notice, the Court finds that the plaintiffs' failure to cure deficiencies was likely due in part to a mistake in plaintiffs' counsel's office, rather than contumacious conduct on the part of the plaintiffs' themselves. Therefore, with regard to these two plaintiffs, the Court concludes that it should grant the plaintiffs one final opportunity to cure the deficiencies in their PFS responses. They shall have seven (7) days to do so. If either of them fails to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received.[1]

---

[1] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

    **2.**    **Zetella Cannon, Judy McArthur (individually), Thomas McArthur, Bernadette Marie Seymour, and Martin McArthur, Jr.:**

Unlike Deirdre Bradley and Rodney Bradley, whose first deficiency notice was sent in April 2011, the remaining six plaintiffs received deficiency notices in June 2010. They have had more than one year to cure their deficiencies, and they have failed to do so. With the exception of Judy McArthur on behalf of the minor B.T., whose PFS is discussed below, these plaintiffs (Zetella Cannon, Judy McArthur (individually), Thomas McArthur, Bernadette Marie Seymour, and Martin McArthur, Jr.) have failed to provide basic, core information about their claims.

For example, they failed to provide information with regard to: (1) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (2) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); and (5) the average number of hours spent in the FEMA unit each day (V.13). *See* Exhibits G, I, J, L, M, O, P, R, and V to Movant's Memorandum in Support (Rec. Docs. 22703-9, 22703-11, 22703-12, 22703-14, 22703-15, 22703-17, 22703-18, 22703-20, 22703-24). In addition, Bernadette Seymour fails to state (1) whether any physician has diagnosed her as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (2) the name of any healthcare provider who treated her for a condition that she claims resulted from living in a FEMA trailer (VII.B). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2

(Rec. Doc. 22124, as corrected in 22153). The Court finds that Sun Valley has been prejudiced by its inability to learn these most basic facts.

In order to cure PFS deficiencies, plaintiffs' counsel must be able to contact and communicate with their clients. That has been a problem here. Although plaintiffs' counsel has tried for two years to reach the plaintiffs with regard to these deficiencies, they were unable to do so. *See* Affidavit of Plaintiffs' Counsel's Project Coordinator, Exhibit A to Amended Plaintiffs' Memorandum in Opposition (Rec. Doc. 22898-3). Despite plaintiffs' counsel's efforts, none of these plaintiffs provided the information necessary to cure their PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct with regard to these five plaintiffs and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that efforts by counsel for plaintiffs and defendants have failed to motivate these plaintiffs to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiffs Zetella Cannon, Judy McArthur (individually), Thomas McArthur, Bernadette Marie Seymour, and Martin McArthur, Jr..

3. **Judy McArthur on behalf of the minor B.T.:**

The PFS for the minor B.T. provides answers to nearly all of the questions identified as "key" in Pre-Trial Order No. 88. Sun Valley complains of only three "key" deficiencies: (1) move-in date; (2) move-out date; and (3) smoking history of other residents. Were smoking history the only key deficiency in the PFS, the Court would find that the plaintiff here had materially complied with the obligations regarding plaintiff fact sheets. However, move-in and move-out dates are particularly important in moving this matter toward resolution. Indeed, the duration of the plaintiff's stay in a defendant's unit has been the basis of a formula that the special master in this case has used in the past to structure settlements. *See, e.g.*, Special Master's Report of July 29, 2011 (Rec. Doc. 22269). Thus, while the noncompliance in the case of this minor's PFS does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2), the Court finds that a lesser sanction is appropriate. In the event that the move-in and move-out dates are not provided to Sun Valley within seven (7) days, the PFS shall be deemed to state "December 1, 2005" in response to question V.A.6, seeking a move-in date, and "January 1, 2006" in response to question V.A.7, seeking a move-out date, resulting in a one-month stay in the FEMA unit.

Accordingly,

**IT IS ORDERED** that the **Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22703)**, filed by defendant Sun Valley, Inc. is hereby **DENIED WITHOUT PREJUDICE IN PART** in that it is denied without prejudice with respect to plaintiffs Deirdre Bradley and Rodney Bradley; **DENIED IN PART** in that it is denied with respect to plaintiff Judy McArthur on behalf of the minor B.T.; and **GRANTED IN PART** in that it is granted with respect to plaintiffs (1) Zetella Cannon; (2) Judy

McArthur (individually); (3) Thomas McArthur; (4) Bernadette Marie Seymour; and (5) Martin McArthur, Jr..

**IT IS FURTHER ORDERED** that the claims of plaintiffs (1) Zetella Cannon; (2) Judy McArthur (individually); (3) Thomas McArthur; (4) Bernadette Marie Seymour; and (5) Martin McArthur, Jr. are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiffs Deirdre Bradley and Rodney Bradley shall cure within seven (7) days any material deficiencies in the Plaintiff Fact Sheets, as specified in defendant Sun Valley's motion to dismiss (Rec. Doc. 22703), by providing certified answers to the questions set forth in the PFS form.  Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2, 32 & 88.

**IT IS FURTHER ORDERED** that plaintiff Judy McArthur on behalf of the minor B.T. shall answer within seven (7) days  PFS questions V.A.6 and V.A.7.   Upon failure to do so, the Plaintiff Fact Sheet shall be deemed to state "December 1, 2005" in response to question V.A.6 and "January 1, 2006" in response to question V.A.7.

New Orleans, Louisiana, this   22nd   day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**