UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                        MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                    SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-7109, 10-3442

## ORDER AND REASONS

      Before the Court is an Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22704), filed by defendant Sun Valley, Inc. ("Sun Valley").

      Sun Valley moves to dismiss with prejudice the claims of plaintiff Peggy Morse on grounds that she has failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in her Plaintiff Fact Sheet.

A. **BACKGROUND:**

      In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).

1

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the

2

opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

On June 23, 2010, defendant Sun Valley sent a letter to plaintiffs' counsel specifying material deficiencies with respect to Peggy Morse's PFS. *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 22704-4). Plaintiffs' counsel sent a supplemental response on September 23, 2010. *See* Exhibit C to Movant's Memorandum in Support (Rec. Doc. 22704-5). However, each supplemental response was generic, boilerplate, and non-responsive, stating either "Will Supplement," or "I do not recall...." *Id.* Ms. Morse sent no further PFS responses.

The deficiencies in Ms. Morse's PFS are substantial. She has failed to provide basic, core information about her claims. For example, she failed to provide information with regard to: (1) whether she is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether she is making a lost wage claim and, if so, the amount of the claim (IV.F.3); (3) whether she is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether she suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with her or resided with her in the FEMA housing unit (VI.D); and (6) the average number of hours spent in the FEMA unit each day (V.A.13). *See* Exhibits A and C to Movant's Memorandum in Support (Rec. Docs. 22704-3, 22704-5). All of these questions solicit vital information that this Court has identified as essential for the purpose of

moving this matter toward resolution.  *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).[1]

Sun Valley also argues that the VIN provided by the plaintiff is not a Sun Valley VIN.  The Court need not decide this issue, however, for even without considering this potential deficiency, the Court finds that Ms Morse has failed to materially comply with her obligations to submit a completed PFS.  The Court further finds that Sun Valley has been substantially prejudiced by its inability to learn the most basic facts about Ms. Morse's claims.

Plaintiff's counsel has tried numerous times to reach Ms. Morse with regard to these deficiencies.  Toward this end, it has made repeated telephone calls and sent multiple letters over the course of the last year.  *See* Affidavit of Plaintiffs' Counsel's Project Coordinator (Rec. Doc. 22865-1).  Despite plaintiffs' counsel's efforts, Ms. Morse responded to none of the requests.  Thus, the Court finds that there is a clear record of delay and contumacious conduct and that the blame for this delay and failure to prosecute lies with the plaintiff herself, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs and defendants have failed to motivate this plaintiff to provide the missing information necessary to prosecute her claims.  In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal.  In a matter as large and complex as this one, clearly defined case management procedures

---

[1]  The purpose of Pre-Trial Order No. 88 was to streamline temporarily the PFS information gathering process so that the parties could develop an information database that would enable the private defendants to evaluate claims for global settlement.  It was signed on June 24, 2011, after completion of the deficiency process that is the subject of the instant motion, and thus, does not control the instant motion.  Nevertheless, the Order identifies the information that is most vital and pressing in moving this matter toward resolution, and for this reason, the Court finds it instructive on the issues of materiality and prejudice.

such as this one are a matter of necessity.  Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Peggy Morse. Accordingly,

**IT IS ORDERED** that the **Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22704)** is hereby **GRANTED**, and the claims of Peggy Morse are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  23rd  day of September, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**