UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                              SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-7109, 09-5659,
09-8603, 09-5248,

## ORDER AND REASONS

Before the Court are the following motions: 1) Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22706**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Sarah Waller;  2) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22708**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Harold Norris;  3) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22709**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Sonya Waller; 4) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22710**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Makayla Brown; and  5) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22711**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Trinity Henry.

Sun Valley moves to dismiss with prejudice the claims of each of the above five plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial Order No. 88, the Court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011 (Rec. Doc. 22124, as corrected in 22153).

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff,

and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

In the case of each of the plaintiffs at issue here, the plaintiff (or someone on their behalf) filed more than one suit against Sun Valley and submitted more than one Plaintiff Fact Sheet (PFS).

Unlike many other plaintiff fact sheets to come before this Court on motions to dismiss, the plaintiffs here were rather exhaustive in completing their plaintiff fact sheets. Most of these plaintiffs answered not only the "key" questions identified by this Court in Pre-Trial Order No. 88 as soliciting vital information necessary to moving this matter toward resolution, but also the other PFS questions, such as those soliciting the names of past employers and places of education. Thus, Sun Valley does not argue that these plaintiffs have failed to serve a completed PFS. Rather, Sun Valley complains that, when one compares the multiple plaintiff fact sheets submitted by (or on behalf of) each of these plaintiffs, some of the answers are inconsistent. For example, Mr. Norris (who apparently died sometime in October 2009)[1] stated in his January 2009 PFS that he was a current smoker who had smoked for thirty-five years. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 22708-3). In his July 2009 PFS, completed with a different attorney, he stated that he was a current smoker who had smoked for fifteen years. *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 22708-4). In a December 2009 PFS, presumably completed by a relative with yet another attorney, Mr Norris is represented as being a past smoker who quit in 2005 after smoking ten years. *See* Exhibit C to Movant's Memorandum in Support (Rec. Doc. 22708-5).

According to Sun Valley, such inconsistencies render the PFS unreliable, thereby justifying the dismissal of the plaintiffs' claims in their entirety. In essence, Sun Valley is asking the Court to disregard or strike the completed plaintiff fact sheets submitted by these plaintiffs, and then

---

[1] Plaintiffs' counsel has informed the Court that Krystal Brown, who was thought to be the next of kin to Harold Norris, and on whose behalf plaintiffs' counsel submitted an opposition memorandum and sur-response, may not be the next of kin. The Court has not relied on any statements by or on behalf of Miss Brown. Thus, the matter of determining the proper estate representative for Mr. Norris, while crucial for purposes of prosecuting his claim, does not affect this Court's ruling on the instant motions.

dismiss on that basis. The Court disagrees that these plaintiff fact sheets present grounds for dismissal. Pre-Trial Orders Nos. 2 and 32 provide that a defendant may move for dismissal of a plaintiff's claims where the plaintiff "has failed to materially comply with his or her obligations under [the] Order *to submit a completed PFS* within the timelines established ...." *See* Pre-Trial Order No. 2, § III.D (Rec. Doc. 87) (emphasis added); Pre-Trial Order No. 32 § I.I, p.5 (Rec. Doc. 1180). The plaintiffs here have fulfilled this obligation. That they did so on multiple occasions, with different attorneys and without perfect consistency, does not warrant dismissal of their claims.

Sun Valley argues that it is prejudiced by these inconsistencies as it attempts to evaluate these claims as part of a potential settlement. With the exception of move-in and move-out dates, the Court fails to see how the inconsistencies will prejudice Sun Valley. If anything, a defendant's hand is strengthened in settlement negotiations where both sides recognize that a plaintiff's case has witness credibility problems. However, move-in and move-out dates have been particularly important in moving this matter toward resolution. *See, e.g.,* Special Master's Report of July 29, 2011 (Rec. Doc. 22269) (stating that duration of a plaintiff's stay in defendant's unit has been the basis of formula used by special master in structuring settlements). Therefore, for settlement purposes only, the move-in and move-out dates for each of the plaintiffs herein shall be the set of dates provided by the plaintiff resulting in the shortest duration.[2] All other discrepancies in the plaintiff fact sheets are fodder for impeachment should any of these matters move forward to deposition or trial.

Accordingly,

**IT IS ORDERED** that the following motions are hereby **DENIED**:

---

[2] The move-in date and move-out date must be taken from the same PFS.

1) Opposed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22706**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Sarah Waller;

2) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22708**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Harold Norris;

3) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22709**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Sonya Waller;

4) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22710**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Makayla Brown; and

5) Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets (**Rec. Doc. 22711**), filed by defendant Sun Valley, Inc., seeking to dismiss with prejudice the claims of plaintiff Trinity Henry.

**IT IS FURTHER ORDERED** that for settlement purposes only, the move-in and move-out dates for each of the plaintiffs addressed herein shall be the set of dates provided by the plaintiff resulting in the shortest duration.

New Orleans, Louisiana, this   23rd   day of September, 2011.

**KURT D. ENGELHARDT**
**United States District Court**