UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                              MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                                SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-3687

**ORDER AND REASONS**

Before the Court is Plaintiffs' Motion for Leave to File First Supplemental and Amended

Complaint for Damages (Rec. Doc. 22549).  The motion is opposed.  *See* Rec. Doc. 22853.

Plaintiffs seek leave to amend their complaint to include the following two individuals as

named plaintiffs: (1) Jay Authement; and (2)  Jaylin Authement.  Plaintiffs state that these

individuals were erroneously placed in *Helen Albarado, et al v. Morgan Buildings and Spas, Inc.,*

*et al,* Civil Action No.10-3702 (filed Oct. 15, 2010), and can now be correctly matched to Forest

River, Inc. ("Forest River").

**I.  Jaylin Authement:**

Forest River objects to the proposed amendment adding Jaylin Authement on grounds that

this plaintiff has never before been matched to Forest River and that the deadlines for matching have

long since past.  Jaylin Authement has filed suit against two other manufacturer defendants — TL

Industries, Inc. (*Jaylin A. Authement v. TL Indus., Inc., et al*, 10-3582 (filed Oct. 13, 2010), and

*Helen Albarado, et al v. Morgan Buildings & Spas, Inc., et al,* 10-3702 (filed Oct. 15,  2010),[1]  but

_____

[1]  It appears that Jaylin Authement has voluntarily dismissed without prejudice her claims
against Morgan Building & Spas, Inc. in case no. 10-3702.  *See* Rec. Docs. 22822, 22876.

1

she has never been named as a plaintiff in a suit against Forest River.

**A.  Procedural History:**

The long, difficult history in this MDL of matching each plaintiff to a single manufacturer is set forth in this Court's Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).   It will not be repeated here, except for a short summary.

Pre-Trial Order No. 38  placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.[2]  (Rec. Doc. 1596).  This process of "matching" each plaintiff to the proper manufacturer has sapped enormous time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and counsel for the Government.  Thus, the matching deadlines set by the Court were not made lightly. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline for matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49.  (Rec. Doc. 8908).[3]   For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**."  *Id.* (emphasis in original).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown."  *Id.*

---

[2]  The one exception to this rule is where "a Plaintiff lived in more than one emergency housing unit, manufactured by different manufacturers."  Pre-Trial Order No. 38 (Rec. Doc. 1596).  In such a case, the plaintiff may proceed against more than one manufacturer defendant.

[3]  *See also* Pre-Trial Order No. 53 (Rec. Doc. 10228) (incorporating government contractor defendants into Pre-Trial Order No. 45, thereby requiring each plaintiff, within the previously set matching deadlines, to identify and name as defendant only those contractors involved with his or her FEMA unit).

Jaylin Authement filed her first complaint in this MDL on July 31, 2009.  *See Dianne J. Adams, et al v. Alliance Homes, Inc.*, Civil Action No. 09-4841.  Thus, this plaintiff's deadline for matching to a single manufacturing defendant expired on December 29, 2009, twenty days after entry of this Court's Pretrial Order No. 49 on December 9, 2009.  (Rec. Doc. 8908).  If Jaylin Authement was one of the plaintiffs who had trouble obtaining matching information, and her attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then her deadline for participating in this process would have been August 2, 2010.  *See* Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  Thus, at the very latest, the deadline for making amendments such as this one expired more than one year ago.  Given that plaintiffs provide no indication that Jaylin Authement participated in the "last chance" process, it is more likely that her deadline expired nearly two years ago.

**B.  Law and Analysis:**

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Sw. Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir.2003).  Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).[4]  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 535 (citation omitted).  "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule

---

[4]  The Court notes that the pre-trial order at issue here expressly states that extensions will be granted "for good cause shown."  Pre-Trial Order No. 49 (Rec. Doc. 8908); *see also* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, *for good cause*, extend the time....").

15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536.  The Fifth Circuit looks to four factors in determining whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

In this case, the Court has entered a Pre-Trial Order that sets a deadline for filing amendments based upon matching a plaintiff to the proper manufacturer or contractor.  *See* Pre-Trial Order No. 49 (8908).  Under these circumstances, the Court finds that Rule 16 is applicable here.  Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply.[5]

Under a "good cause" analysis, all but the second factor weigh heavily against allowing the amendment.  With regard to the first factor, plaintiffs offer no explanation whatsoever for their failure to timely file pleadings necessary for Jaylin Authement to comply with this Court's matching deadlines.  Therefore, the Court can find no exigent or equitable circumstances here that might have justified making an exception to the long-labored, well publicized matching deadlines.  The second factor favors the plaintiffs.  If in fact Forest River was the manufacturer involved in erecting Authement's FEMA unit, and not Morgan Spas or TL Industries as previously asserted, then the result of denying the amendment will be that Authement may be barred from litigating this claim, assuming it is not already prescribed.  However, the third and fourth factors militate strongly against allowing the amendment.  The potential prejudice in allowing the amendment is enormous, and the

---

[5] Even in the absence of Rule 16, a "good cause" analysis nevertheless would apply here both under the language of the Pre-Trial Order itself, as well as under Rule 6(b)(1).  *See supra*, note 4.

continuance of deadlines would only serve to compound the prejudice.  It has taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution.  If the Court were to re-open the matching deadlines, particularly based upon such vague and unsubstantiated grounds as are set forth here, the deadlines would become truly meaningless. If similarly situated plaintiffs were to take similar action, the burden to the defendants, plaintiffs' counsel, and the Court would be significant.  But those who would suffer the greatest prejudice would be the thousands of plaintiffs who have complied with this Court's deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate.  It will take considerably longer if the matching deadlines are routinely set aside.  Thus, under a Rule 16(b) analysis, the Court finds that the movants have failed to establish good cause for allowing a "matching" amendment outside the applicable deadlines.

Moreover, even if the Court were to analyze the motion under a Rule 15(a) standard, the motion would nevertheless fail.  Rule 15 states that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).   "In exercising its discretion, however, the district court may consider such factors as 'undue delay [and] undue prejudice....'" *Whitaker v. City of Houston, TX,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted); *see also Torch Liquidating Trust ex. rel. Bridge Assoc., LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) ("Although Rule 15 evinces a bias in favor of granting leave to amend, it is not automatic.... [C]ourts consider such equitable factors as...undue delay...."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) ("Although Rule 15(a) states that leave to amend 'shall be freely given when justice so requires,' the district court may consider that the moving party failed to take advantage of earlier opportunities to amend.").  "Although Rule 15(a) contains no time limit for permissive amendment, '[a]t some point

[,] time delay on the part of a plaintiff can be procedurally fatal.'" *Id.* (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5ᵗʰ Cir. 1981)).  "In such a situation, 'the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect....'"  *Id.* (quoting *Gregory*, 634 F.2d at 203 (internal quotation omitted)).[6]  As stated above, the plaintiffs here have failed to offer any explanation for their failure to timely match this plaintiff to the proper manufacturer defendant.  Thus, even under a Rule 15 standard, the Court would not grant leave to amend based on the showing made here.

## II.  Jay Authement:

Like Jaylin Authement, Jay Authement is a named plaintiff in active suits against two manufacturers other than Forest River:  TL Industries, Inc. (*Jay J. Authement v. TL Indus., Inc., et al*, No. 10-3583 (filed Oct. 13, 2010), and Morgan Buildings and Spas, Inc. (*Helen Albarado, et al v. Morgan Bldgs & Spas, Inc. et al,* No. 10-3702).[7]  Unlike Jaylin Authement, however, Jay Authement is also a named plaintiff in two active suits against Forest River:  (1) *Jay J. Authement, et al v. Forest River, Inc., et al*, No. 10-3674 (filed Oct. 15, 2010), and (2) *Jay J. Authement, et al v. Forest River, Inc., et al*, No. 10-3731 (filed Oct. 15, 2010).  It has come to the Court's attention that Jay Authement filed on September 23, 2011 two notices of voluntary dismissal, dismissing without prejudice the claims in these other two suits against Forest River on grounds he "erroneously was matched to Forest River as a result of a transposition of two numbers in the FEMA ID number for

---

[6]  *See also* Rule 6(b)(1)(B):  "When an act may or must be done within a specified time, the court may, *for good cause*, extend the time on motion made after the time has expired *if the party failed to act because of excusable neglect*."  Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).

[7]  It appears that Jay Authement has voluntarily dismissed without prejudice his claims against Morgan Building & Spas, Inc. in case no. 10-3702.  *See* Rec. Docs. 22822, 22876.

the plaintiff." *See* Rec. Docs. 22985, 22986.  The notices further state that Jay Authement is properly named in the civil action against TL Industries (*Jay J. Authement v. TL Indus., Inc., et al*, No. 10-3583).  Based on these assertions, it appears that the instant motion is moot with respect to Jay Authement.

Accordingly,

**IT IS ORDERED** that **Plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint for Damages (Rec. Doc. 22549)** is hereby **DENIED IN PART**, in that it is denied with respect to Jaylin Authement, and **DENIED AS MOOT IN PART**, in that it is denied as moot with respect to Jay Authement.

New Orleans, Louisiana, this  27th  day of September, 2011.


**KURT D. ENGELHARDT**
**United States District Court**

7