UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: "N"(5) |
| | | * | |
| This Document Relates to: | | * | JUDGE: ENGELHARDT |
| *Steven Cronin, et al versus* | | * | |
| *Sunnybrook RV, Inc., et al* | | * | |
| *E.D. La. Suit No. 09-6919* | | * | MAG: CHASEZ |

*********************************************************************

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

Sunnybrook RV, Inc. ("Sunnybrook") moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for Failure to Comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to Plaintiff Fact Sheets:

Heather Thigpen (Plaintiff in *Steven Cronin, et al v. SunnyBrook RV*, No. 09-6919);

Kristian Penton (Plaintiff in *Steven Cronin, et al v. SunnyBrook RV*, No. 09-6919); and

Sadie Penton (Plaintiff in *Steven Cronin, et al v. SunnyBrook RV*, No. 09-6919).

## I.     CREATION OF MDL AND FACT SHEET PROCESS

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing the procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Request for Production of Documents in a standardized and simple form. Rec. Doc. No. 87.

The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the PFS. Order No. 32 also retained the same curing procedure as was set forth in Pre-Trial Order No. 2.

## II. LAW AND ARGUMENT

In the instant case, SunnyBrook respectfully submits that the plaintiffs identified herein have failed to comply with Pre-Trial Orders Nos. 2 and 32, and therefore, this Court should dismiss their claims with prejudice. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the Court's power to manage and administer its own affairs and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established Rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In the instant case, on July 31, 2009, plaintiffs filed a Complaint for Damages naming Sunnybrook RV, in an action entitled *Steven Cronin, et al v. Sunnybrook RV, et al*, filed in the United State District Court for the Southern District of Mississippi, Docket No. 09-542. Subsequently, this case was transferred to the MDL and now bears Docket No. 09-6919.

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); Connolly v. *Papachristid Shipping, Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

In addition, the Court-approved Special Master, in resolving these matters, uses these plaintiffs' move-in, move-out dates to and from travel trailer units, as a Court-approved method to determine his or her recovery.[2] Without that information, it is difficult for the Mediator to devise an equitable resolution to these claims.

### HEATHER THIGPEN

On June 29, 2011, the undersigned sent correspondence to plaintiffs' counsel requesting certain information, to wit: A statement of wage loss claim, previous claims/suits, trailer information, repairs, medical background, medical diagnostic, certification and authorizations. Please see **Exhibit "A"** attached.

Plaintiff Fact Sheet Deficiency Answers for Heather Thigpen (**Exhibit "B"**), dated August 16, 2011, are devoid of virtually any information responsive to constructive discovery. Plaintiff's original fact sheet, which is not dated, is attached as **Exhibit "C"**.

As stated above, counsel for plaintiff failed to cure the deficiencies. Per the amended PFS, Ms. Thigpen states, 1) "I do not recall whether I am making a claim for loss of wages or lost earning capacity". She further states that: 2) "I do not recall if any doctor(s) or health care provider(s) treated me for disease/illness/injury that I have suffered due to formaldehyde exposure"; 3) "I do not recall the VIN number (of my trailer)"; 4) "I do not recall my exact move-in date"; 5) "I do not recall my exact move-out date"; 6) "I do not recall the average number of daily hours I spent in the FEMA

---

[2] See Rec Doc #22269: Special Master's Report of July 22, 2011, stating "that duration of a plaintiff's stay in defendant's unit has been the basis of formula used by Special Master in structuring settlements".

4

housing unit"; 7) "I am a current user of tobacco products; however, I do not recall the usage amount over the years"; and, 8) "I do not recall if any doctor(s) or healthcare provider(s) treated me for disease/illness/injury that I have suffered due to formaldehyde exposure." Then, to compound matters, on the amended PFS, plaintiff states the trailer manufacturer is "**Gulfstream**".

One of the most glaring deficiencies of the PFS Deficiency Answers is that plaintiff not only does not recall move-in, move-out dates with specificity, but now does not recall the name of the trailer manufacturer – whether that manufacturer is **Gulfstream** or **SunnyBrook RV**.

### KRISTIAN PENTON and SADIE PENTON

On June 29, 2011, undersigned counsel also sent correspondence to plaintiffs' counsel regarding Kristian Penton and Sadie Penton, and whether these two minor children lived in a Gulfstream trailer per their PFS. (Please see correspondence attached as **Exhibit "D"** along with Kristian Penton and Sadie Penton's PFS, attached as **Exhibits "E"** and **"F"**). Plaintiff's counsel responded as follows, "Per information provided by the government, these clients lived in a **Pilgrim Trailer** with VIN# 4UBAS0R2861071667. Move in date is 10/01/2005 and Move out date is 7/1/2007 for both clients." (**Exhibit "G"**.) (Emphasis provided.)

The undersigned responded as follows, "Pilgrim is a different manufacturer from SunnyBrook, but this is a SunnyBrook VIN number. Since there is a discrepancy, **please advise**

**via an amended plaintiff fact sheet,** as the plaintiffs' Fact Sheet states they lived in a **Gulfstream** trailer." (Emphasis added.) (**Exhibit "H".**)

As noted, counsel for plaintiff failed to cure these deficiencies or explain which of now three different manufacturers' trailer units, plaintiffs occupied and the dates in which they resided in which unit.

## III.  CONCLUSION

Accordingly, SunnyBrook RV moves for an Order dismissing these plaintiffs with prejudice. As it prepares for additional litigation, evaluates the possibility of settlement and analyzes other issues concerning the progress of this lawsuit, Sunnybrook must be able to obtain information about those who make allegations against it.

The PFS serves as the best way to acquire such information as the PFS act as the initial round of discovery responses. Without this simulated discovery response, specifically move-in, move-out dates for a specific travel trailer manufacturer, Sunnybrook is significantly prejudiced and there is good cause for the Court to discontinue any potential for further prejudice against Sunnybrook by dismissing the claims of Heather Thigpen, Kristian Penton and Sadie Penton.

In accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sunnybrook against Heather Thigpen, Kristin Penton and Sadie Penton should be granted, dismissing these plaintiffs with prejudice.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

By: ___/s/ Cynthia J. Thomas___
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)
CYNTHIA J. THOMAS, LA Bar #22631
MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant,
SunnyBrook RV, Inc.*

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 27th day of September, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery ( ) Facsimile
( ) Prepaid U.S. Mail ( ) UPS/Federal Express
( X ) Electronic Mail ( ) Certified Mail, Return Receipt Requested

___/s/ Cynthia J. Thomas___
**CYNTHIA J. THOMAS**

7