IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER            * | | MDL. No. 1873 |
| FORMALDEHYDE  PRODUCTS   * | | |
| LIABILITY LITIGATION             * | | Section:  N (5) |
| * | | |
| * | | Judge: Engelhardt |
| This Document Relates To:        * | | |
| *Melissa James, et al v. Crum & Forster*   * | | Magistrate: Chasez |
| *Specialty Ins. Co., et al*         * | | |
| *No: 09-8009*                  * | | |

*******************************************************************

**SUPPLEMENTAL AND SUPERSEDING MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

The defendant, Crum & Forster Specialty Insurance Company, through undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets.  [Rec. Doc. No. 22780].

I.      Factual Background

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery.  On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Request for Production of Documents on a standardized and simple form[1]. Pre-Trial Order No. 2 provides that:

> "Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2]

Pre-Trial Order No. 2 also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4] These procedures were carried over into Pre-Trial Order No. 32.[5]

## II.    Law and Argument

1. The Plaintiff Fact Sheet for **Melissa James** is unsigned and undated.[6] Counsel for Mover reviewed it and deemed it insufficient. Counsel for Mover drafted a Rule 37 letter on August 10, 2010 to outline the deficiencies.[7] In response to Mover's Rule 37

---

[1] See Rec. Doc. No. 87.
[2] See Rec. Doc. No. 87, page 7.
[3] See Rec. Doc. No. 87, page 8-9.
[4] See Rec. Doc. No. 87, page 8-9. See also Pre-Trial Order No. 32, Rec. Doc No. 1180, p. 5.
[5] See Rec. Doc. No. 1180, P.5.
[6] See Exhibit A. Exhibits A – F are attached to the original Memorandum in Support, Rec. Doc. No. 22780-2.
[7] See Exhibit B [Rec. Doc. No. 22780-2].

letter, plaintiff sent an Errata sheet, dated September 8, 2010.[8]  Deficiencies and Mover filed a Motion to Dismiss [Rec. Doc. No. 22780].  Plaintiff provided a second errata sheet on September 9, 2011.[9]  After two errata sheets, the following deficiencies remain:

- Plaintiff still has not provided her date of birth,[10] a "key" field per PTO 88.

- Plaintiff has not listed any symptoms she has suffered as a result of living in a FEMA trailer,[11] a "key" field per PTO 88.

- She does not state whether she is making a claim for lost wages, mental and/or emotional damages, or medical expenses, all "key" fields per PTO 88.[12]

- Plaintiff does not provide any education, employment, or family history.[13]

- She does not even provide the most basic information, such as gender or driver's license number.[14]

- She fails to provide the number of days per week she worked outside of the home during the time he lived therein, or whether she ever temporarily lived elsewhere.[15]

- She also fails to state whether any air quality tests were ever performed.[16]

---

[8] See Exhibit C.  [Rec. Doc. No. 22780-2].
[9] See Exhibit G, attached herein.
[10] See Exhibits A, C, and G.
[11] See Exhibits A, C, and G.
[12] See Exhibits A, C, and G.
[13] See Exhibits A, C, and G.
[14] See Exhibits A, C, and G.
[15] See Exhibits A, C, and G.

The Plaintiff Fact Sheet for Melissa James is incomplete, and Mover submits that these deficiencies prejudice its ability to properly defend this matter as to Melissa James. Dismissal is proper.

  2. The Plaintiff Fact Sheet for **Ella Sanchez as representative of the estate of Jeffery Sanchez** is unsigned and undated.[17] Counsel for Mover reviewed it and deemed it insufficient. Counsel for Mover drafted a Rule 37 letter on August 6, 2010 to outline the deficiencies.[18] In response to Mover's Rule 37 letter, plaintiff sent an Errata sheet, dated September 3, 2010, which still left 98 blanks.[19] A second errata sheet was provided after the filing of this motion [#22780] on September 23, 2011.[20] After the Plaintiff Fact Sheet and two erratas are reviewed, the following deficiencies still remain:

- Plaintiff still has not provided a date of birth for Jeffery Sanchez,[21] a "key" field per PTO 88.

- Plaintiff also has not provided the names of the other trailer residents or their smoking history,[22] both "key" fields per PTO 88.

- Furthermore, she has not provided any information regarding plaintiff's own use of tobacco,[23] a "key" field per PTO 88.

- Plaintiff has not provided the FEMA identification number, a "key" field per PTO 88.

---

[16] See Exhibits A, C, and G.
[17] See Exhibit D. [Rec. Doc. No. 22780-2].
[18] See Exhibit E. [Rec. Doc. No. 22780-2].
[19] See Exhibit F. [Rec. Doc. No. 22780-2].
[20] See Exhibit H, attached herein.
[21] See Exhibits D , F and H.
[22] See Exhibits D , F and H.
[23] See Exhibits D , F and H.

- Plaintiff has not provided the move-out date, a "key" field per PTO 88.

- Plaintiff has not listed any symptoms suffered by Jeffrey Sanchez as a result of living in a FEMA trailer, [24] a "key" field per PTO 88.

- The second errata states that no health care professional was seen, but lists University Hospital as a medical provider.[25]

- There is a claim for medical expenses, but the amount is unknown.[26]

The Plaintiff Fact Sheet for Ella Sanchez as representative of the estate of Jeffery Sanchez is incomplete, and Mover submits that these deficiencies prejudice its ability to properly defend this matter as to Ella Sanchez on behalf of Jeffrey Sanchez. Dismissal is proper.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[27] Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of

---

[24] See Exhibits D, F and H.
[25] See Exhibits H.
[26] See Exhibits H.
[27] See *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 243 (5th Cir.1993).

justice."[28]  Additionally, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as appropriate sanction for failure to comply with discovery. Therefore in accordance with Pre-Trial Order No. 32, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy is dismissal with prejudice.

As mover tries to determine whether it may become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, mover must be able to know who is proceeding against it.  The Plaintiff Fact Sheet serves as the initial round of discovery responses.  Without a complete discovery response provided in a timely manner, such as described in Pre-Trial Orders No. 2 & 32, mover is prejudiced.  When complete Plaintiff Fact Sheets have not been provided and plaintiffs fail to respond to request for completed fact sheets, as in this case, there is good cause for the Court to discontinue any potential for further prejudice against the mover, and dismissal is proper, by the terms of the Court's own Pre-Trial Orders and the Federal Rules of Civil Procedure.

### III.   Conclusion

This Honorable Court's Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets and Pre-Trial Order No. 32 provided that the failure to cure such within thirty (30) days of a Rule 37 letter noting the deficiencies in the Plaintiff Fact Sheet would result in dismissal with prejudice.  In accordance with this Pre-Trial Order and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the

---

[28] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Motion to Dismiss filed by Crum & Forster Specialty Insurance Company must be granted, dismissing the claims of plaintiffs, *Melissa James and Ella Sanchez as representative of the estate of Jeffery Sanchez*, with prejudice for failure to cooperate in the discovery process.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAILING THE SAME TO EACH, PROPERLY THROUGH THE COURT'S E-FILING SYSTEM ON THIS __26th__ DAY OF __September__, 2011..
_____/s Eric B. Berger_____

_____/s Eric B. Berger_____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290