UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | **FEMA TRAILER** | * | **MDL NO. 1873** |
| | **FORMALDEHYDE** | * | |
| | **PRODUCTS LIABILITY** | * | |
| | **LITIGATION** | * | **SECTION: "N"(5)** |
| | | * | |
| **This Document Relates to:** | | * | **JUDGE: ENGELHARDT** |
| *Gerard Hobden, et al versus* | | * | |
| *Sunnybrook RV, Inc., et al* | | * | |
| *E.D. La. Suit No. 09-7113* | | * | **MAG: CHASEZ** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND COURT'S ORDER OF SEPTEMBER 12, 2011**

Defendant, Sunnybrook RV, Inc. ("Sunnybrook"), moves this Honorable Court for an Order dismissing the claims of plaintiffs named below, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets and for failure to comply with this Court's Order of September 12, 2011 (Rec. Doc. #22821). Plaintiffs are:

Chanda Meadows (Plaintiff in *Gerard Hobden, et al v. SunnyBrook RV*, No. 09-7113);

Donna Meadows (Plaintiff in *Gerard Hobden, et al v. SunnyBrook RV*, No. 09-7113); and,

Hannah Pyron (Plaintiff in *Gerard Hobden, et al v. SunnyBrook RV*, No. 09-7113).

## I.   CREATION OF MDL AND FACT SHEET PROCESS

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing the procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Request for Production of Documents in a standardized and simple form. Rec. Doc. No. 87.

The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32

provided new deadlines for the provision of the PFS. Pre-Trial Order No. 32 also retained the same curing procedure as was set forth in Pre-Trial Order No. 2.

Pursuant to the Court's Order, in lieu of resubmitting exhibits and restating the history giving rise to the Motion and the arguments contained therein, SunnyBrook incorporates in globo, the initial Motion to Dismiss and supporting memoranda, including exhibits by record document numbers, to wit: Motion to Dismiss for Failure to Comply with Pre-Trial Orders #2 and #32 (Rec. Doc. #22146), Memorandum in Support (Rec. Doc. #22146-3), Exhibits (Rec. Doc. #22146-4-10) and SunnyBrook's Reply (Rec. Doc. #22331-2), Supplemental Response to Plaintiffs' Sur-Response (Rec. Doc. #22521-2) and Reply to Plaintiffs' Amended Sur-Response (Rec. Doc. #22766).

## II. LAW AND ARGUMENT

In the instant case, SunnyBrook respectfully submits that the plaintiffs identified above failed to comply with these Orders, and therefore this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the Court's power to manage and administer its own affairs and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established Rule in the 5th Circuit is that dismissal

under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A. **Amended Plaintiff Fact Sheet ("PFS") Deficiency Answers were Provided for Chanda Meadows and Hannah Pyron, but not for Donna Meadows**

On September 27, 2011, following the Court's Order and Reasons (Rec. Doc. #22821) granting plaintiffs fifteen days from September 12, 2011 to provide supplemental responses to the question of respective move-in and move-out dates for each of the FEMA housing units in which plaintiffs resided, plaintiffs sent undersigned counsel the second amended Plaintiff Fact Sheet Deficiency Answers for Chanda Meadows (Exh. "1") and Hannah Pyron, the minor child of Chanda Meadows (Exh. "2").

No PFS Deficiency Answers have been provided for plaintiff Donna Meadows as of the Court-imposed deadline of September 27, 2011. Therefore, the claims of Donna Meadows should be dismissed with prejudice.

B. **The PFS Deficiency Answers were not Verified by the Individual Plaintiffs**

Further, the two PFS re-submitted for Chanda Meadows, individually, and as next friend of Hannah Pyron, continue to be deficient as, contrary to the Court's specific Order (Rec. Doc. #22821), the responses were not verified by the individual plaintiff, but instead were signed with an indecipherable scrawl (presumably by "plaintiff's representative") seen on numerous PFS Deficiency Answers provided by this opposing

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

counsel. (See, for example, Exh. "3", Rec. Doc. #23001-4[2] and Exh. "B", Rec. Doc. #22147-3[3]). As stated above, counsel for plaintiffs failed to comply with the Court's specific instructions to have the amended responses verified by each plaintiff individually.[4]

## III. CONCLUSION

Thus, SunnyBrook moves for an Order: 1) Dismissing plaintiff, Donna Meadows, for failing to provide PFS Deficiency Answers, i.e., as to move-in, move-out dates for a SunnyBrook travel trailer, as required by the Court; and, 2) Dismissing Chanda Meadows, individually, and as next friend to Hannah Pyron and Hannah Pyron, for failing to furnish verifications to their responses, also required by the Court.

SunnyBrook has been exceedingly patient with this process; however, as it prepares for additional litigation, evaluates the possibility of settlement and analyzes other issues concerning the progress of this lawsuit, SunnyBrook must be able to obtain verified and accurate information about those who make allegations against it.

The Plaintiff Fact Sheet serves as the best way to acquire such information as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, SunnyBrook is significantly prejudiced and there is good cause for the Court to discontinue any potential for further prejudice against Sunnybrook by dismissing the claims of Chanda Meadows, Donna Meadows and Hannah Pyron.

---

[2] Rec. Doc. #23001-4, Exh. "B", *Steven Cronin et al. v. SunnyBrook RV, et al.*, ED LA, Suit No. 09-6919.
[3] Rec. Doc. #22147-3, Exh. "B", *Kimberly Jackson, as Next Friend of T.J.*, ED LA, Suit No. 09-7848.
[4] In the case of Hannah Pyron, the minor child, her mother should have verified the information as next friend.

In view of the foregoing failure to comply with Pre-Trial Orders Nos. 2 and 32, the Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), and failure to comply with this Court's Order granting the plaintiffs, Chanda Meadows, Donna Meadows and Hannah Pyron, an additional fifteen days to cure the deficiencies or defendant could re-file its Motion to Dismiss, which shall be "well received", the instant Motion to Dismiss should be granted, dismissing these plaintiffs, Chanda Meadows on behalf of herself, and her minor daughter, Hannah Pyron, and Donna Meadows, with prejudice.

Plaintiff counsel's office was contacted on September 28, 2011, regarding the missing verifications, but no response was received.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

By: ___/s/ Cynthia J. Thomas___
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)**
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant,*
*SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 29th day of September, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery ( ) Facsimile
( ) Prepaid U.S. Mail ( ) UPS/Federal Express
( X ) Electronic Mail ( ) Certified Mail, Return Receipt Requested

/s/ Cynthia J. Thomas
CYNTHIA J. THOMAS