UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Swanica Nero v. Pilgrim Int., Inc.;* | | * | |
| *Specialty Ins. Co., et al.* | | * | |
| No. 09-4730; | | * | |
| Plaintiff: Laura Domingo | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM IN SUPPORT OF
MOTION FOR NEW TRIAL
AND IN THE ALTERNATIVE
MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**</u>

COMES NOW Plaintiff, Laura Domingo, and files this Memorandum in Support of Motion New Trial and in the Alternative Motion for Relief from a Judgment or Order and in support of the same would show the Court as follows:

**I.   INTRODUCTION**

On September 2, 2011, the Court dismissed the case of Laura Domingo with prejudice for failure to comply with Pre-trial Order No. 32 relating to plaintiff fact sheets. Rec. Doc. 22693. Plaintiff now seeks a new trial under Federal Rule of Civil Procedure 59(e) or alternatively for relief from the Court's order dismissing her claim with prejudice under Federal Rule of Civil Procedure 60(b).

**II.   MOTION FOR NEW TRIAL**

According to Federal Rule of Procedure 59 (a)(2), after a nonjury trial, the court

may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusion of law or make new ones, and direct the entry of a new judgment.

A motion for new trial can be successful in only three situations: first, to accommodate an intervening change in the controlling law; second, to account for new evidence not available at trial; or third, to correct a clear error of law or prevent manifest injustice.  *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).  Plaintiff claims a new trial is appropriate here where her case has been dismissed with prejudice due to failure to provide timely answers to her Fact Sheet under the second and third grounds, i.e. *newly discovered evidence* and *to prevent manifest injustice*.

Plaintiff files this Motion for New Trial to present newly discovered evidence, *i.e.* the facts and circumstances relating to her stay in the travel trailer as set forth in her Fact Sheet Deficiency Answers, Exhibit "A" which are being tendered contemporaneous with this filing. In support of the same, Plaintiff would refer you to the Affidavit of Nicole Porter, the Project Coordinator with Watts Hilliard, Exhibit "B", setting forth the efforts trying to contact Laura Domingo and that on September 16, 2011, Laura Domingo did indeed call back Plaintiff's counsel and supplied the needed information to respond to the deficiencies.  This newly discovered evidence merits a new trial.

A motion for new trial is also appropriate to prevent manifest injustice.  *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).  It would be unjust to dismiss the claims of Laura Domingo when she has now supplied the needed information only a short time after the Court's order dismissing her case and under the circumstances set forth in the Affidavit of Nicole Porter, Exhibit "B".  Plaintiff would also note there is no significant

prejudice to the Defendant, as there has been no settlement of the claims against it. All the claims against this defendant are still pending other than those dismissed by the Court, and this case was not tried in an extended trial.

The court has broad discretion in deciding on a motion for new trial. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert. denied*, 543 U.S. 976 (2004). There are two important judicial imperatives relating to motions for new trial: first, the need to bring litigation to an end; and second, the need to render just decisions on the basis of all the facts. *Id.* The task for the court is to strike the proper balance between these two competing interests. *Id.* Plaintiff recognizes that the Court has spent time examining this manner previously, but in striking the balance between finality and deciding case on the merits, the proper balance would be in favor granting a new trial. Otherwise, Plaintiff's case would be extinguished without ever having presented any evidence. Moreover, although Plaintiff recognizes the Court has issued an order "finalizing" the claims of Laura Domingo, the litigation against Pilgrim remains. There are hundreds of claims against Pilgrim in this MDL and there has yet to be a single case tried on the merits against Pilgrim. Defendant Pilgrim would not be significantly prejudiced or injured by reinstituting this claim.

Plaintiff would further show, that granting this Motion for new trial is consistent with the purposes for new trials, i.e., that of "rendering just decisions on the basis of all the facts". *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert. denied*, 543 U.S. 976 (2004). Plaintiff requests the Court to consider the facts set forth in Exhibits "A" and "B" and upon consideration of the same grant this Motion for New Trial.

Plaintiff would further show that according to Rule 59(d) of the Federal Rules of

3

Civil Procedure, the deadline to file a Motion for New Trial is 28 days.  Therefore, this Motion is timely.

### III.   MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

In the alternative, if the Court finds Plaintiff is not entitled to a new trial under Federal Rule of Civil Procedure 59 (e), Plaintiff brings this motion under Rule 60(b)(1) & (6) of the Federal Rules of Civil Procedure seeking relief from a judgment or order. Rule 60(b)(1) provides for relief from a final judgment dismissing a claim on the grounds of mistake, inadvertence or excusable neglect.  Although Plaintiff's counsel had attempted to contact Laura Domingo several times, Laura Domingo did not respond to the prior requests. When Plaintiff's counsel did talk to her she relayed she had not gotten back in touch with counsel as she is the mother of two children and was busy with them once school was out and was busy with her husband's litigation and volunteer work**.**  See Affidavit, Exhibit "B".

The term "excusable neglect" in Fed. R. Civ. P. 60(b)(1) is understood to encompass situation in which the failure to comply with a filing deadline is attributable to negligence. *Union Pac. R.R, v. Progress Rail Servs*. 256 F.ed 781, 782 (8th Cir. 2001). Here, although counsel had sought to contact Laura Domingo on repeated occasions, she neglected to respond to such requests in a timely fashion.  In deciding whether to set aside a default judgment for "excusable neglect" a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable. *Id.*   Although this was not a "default" judgment in the form of failing to answer a complaint, in all essential elements, it is as default judgment in that

Plaintiff's claim has been dismissed with prejudice for failing to act.  In deciding whether a party's conduct constitutes excusable neglect, the court should take into account "all relevant circumstances surrounding the party's omission". *Id.* The relevant circumstances here are that Plaintiff was very busy once her children were out of school and assisting her husband with his litigation and doing volunteer work. Exhibit "B".  The relevant circumstances here are that although Plaintiff did not supply the information by the deadline, she has now supplied it within a short period of time after the dismissal and that Defendant now has the information it was seeking on Plaintiff.  Further the Defendant is not prejudiced, and there was no lengthy jury trial for the claims of Plaintiff. Plaintiff's actions constitute excusable neglect and she should be relieved of the order dismissing her case.  Alternatively Plaintiff would show that it was a mistake or through inadvertence that she did not respond sooner to the deficiencies.  For all these reasons, Plaintiff prays for relief from the judgment dismissing her case with prejudice under Fed. R. Civ. P. 60(b)(1).

Plaintiff further prays for relief from the judgment dismissing her case with prejudice under Fed. R. Civ. P. 60(b)(6) which provides for relief from a judgment or order for *any other reason that justifies relief*.  In addition to the usual medley of factors that influence the resolution of Rule 60(b) motions, granting or withholding relief from a default judgment, Rule 60 (b)(6) entails balancing the importance of finality in litigation against the desirability of deciding cases on the merits. *Ungar v. Palestine Liberation Org.,* 559 F.3d 79, 83-84 (1st Cir.2010).  To truly decide this case on the merits, the Court should consider the Fact Sheet Deficiency Answers. Exhibit "A".  A variety of factors can help an inquiring court to strike the requisite balance for a 60(b) motion. *Id.*  Such factors include the timing of the

5

request for relief, the extent of any prejudice to the opposing party, the existence of non-existence of meritorious claims of defense, and the presence or absence of exceptional circumstances.  *Id.*  This compendium is neither exclusive nor rigidly applied. *Id.* Because Rule 60(b)(6) is a catch-all provision, its contours are peculiarly malleable. *Id.* Thus, hard-and-fast rules generally are not compatible with Rule 60(b)(6) determinations. *Id.*  Here the request for relief is made shortly after the Court's order dismissing the case, there is no significant prejudice against the Defendant, and Plaintiff has meritorious answers to Defendant's claimed deficiencies.  Moreover, the desirability of deciding cases on the merits militates in favor of granting relief from the judgment.  For all these reasons, Plaintiff prays for relief from the order dismissing her case with prejudice.

Plaintiff would further show that he deadline for filing a motion for relief from a judgment or order is one year. Fed. R. Civ. P. 60(c) (1).  Therefore this Motion is timely.

### IV.   CONCLUSION

WHEREFORE, Plaintiff Laura Domingo prays that this Motion for New Trial be granted and her claim be reinstated.  Alternatively, Plaintiff prays that she be granted relief from the Order dismissing her claim with prejudice.

Respectfully submitted,

/s/ Robert C. Hilliard

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261


**RICHARD P. IEYOUB**
Louisiana State Bar and
Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

**DANIEL D. WARE**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 10847
**CARROLL LOUIS CLIFFORD IV**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 99545
WARE CLIFFORD LAW FIRM PLLC
2625 Ridgewood Rd., Ste 100
Jackson, MS 39216
Phone 601-368-9310
Fax 601-368-9958

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 30th day of September, 2011.

      /s/ Robert C. Hilliard
      _____
      **ROBERT C. HILLIARD**