UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Augustine v. Crum & Forster Specialty Ins. Co.,* | * | |
| *et al*, 09-8457; | * | |
| *Demolle v. Crum and Forster Specialty Ins. Co.,* | * | |
| *et al*, 09-8455 | * | |
| *Smith v. Crum and Forster Specialty Ins. Co., et al.* | * | |
| 09-8454 | * | |
| *Arnold v. Crum and Forster Specialty Ins. Co.,et al.* | * | |
| 09-8458 | * | |
| *Allen v. Crum and Forster Specialty Ins. Co., et al.,* | * | |
| 09-8456 | * | |
| *Hobson v. Crum and Forster Specialty Ins. Co.,* | * | |
| *et al*, 10-2525 | * | |
| *Brunet v. Crum and Forster Specialty Ins. Co.,* | * | |
| *et al.,*10-2493 | * | |
| *Jackson v. Crum and Forster Specialty Ins. Co.,* | * | |
| *et al.,*10-2528 | * | |
| *Estes v. Crum and Forster Specialty Ins. Co., et al.,* | * | |
| 10-3610 | * | |
| *James v. Crum and Forster Specialty Ins. Co., et al.,* | * | |
| 10-3612 | * | |
| *Medley v. Crum and Forster Specialty Ins. Co.,* | * | |
| *et al.,*10-3619 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

MAY IT PLEASE THE COURT:

Plaintiffs request leave to amend the complaints in the above-referenced cases to add

causes of action against an additional insurance company defendant pursuant to Louisiana's

Direct Action Statute. The entity to be added is Burlington Insurance Company ("Burlington"),

which insured Pilgrim International, Inc. ("Pilgrim") from March 31, 2007 to March 31, 2008.

I.      INTRODUCTION

Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Plaintiffs may directly sue this insurance company for the damages caused by their insured, Pilgrim. The amendments to the complaints proposed by Plaintiffs add a direct cause of action against Pilgrim's insurer, Burlington. Until May 19, 2011, Plaintiffs were unaware of the existence of this insurance policy.

II.     ARGUMENT AND AUTHORITIES

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve the insurance coverage available to the Defendant Pilgrim.[1] Leave to amend Plaintiffs' complaints should therefore be granted. *See Id.*

Louisiana's "Direct Action Statue grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Green v. Auto Club Group Ins. Co.*, 24 So.3d 182, 184 (La. 2009). Plaintiffs, therefore have the right to sue Pilgrim's insurers directly. The proposed amended complaint adds a direct cause of action against Burlington, one of Pilgrim's insurers. *See* proposed amended complaints, attached as Exhibits A & B. Because the added cause of action is necessary to assert Plaintiffs' right of direct action against Defendant Pilgrim's insurer, leave should be granted to file the proposed amended complaints. *Foman*, 371 U.S. at 182.

---

[1] Pilgrim filed for bankruptcy protection on September 22, 2008.

III.     CONCLUSION

For all of the above reasons, Plaintiffs respectfully request this Court grant their Motion

for Leave to File Amended Complaints.


Respectfully submitted,
/s/ Frank J. D'Amico, Jr._____
FRANK J. D'AMICO, JR. (LSBA# 17519)
Frank J. D'Amico, Jr., APLC
4731 Canal St.
New Orleans, LA  70119
Phone: (504) 525-7272
Fax: (504) 525-9522
frank@damicolaw.net


**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2011, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.


/s/ Frank J. D'Amico, Jr._____
FRANK J. D'AMICO, JR. (LSBA# 17519)

3