UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                    :        JUDGE KURT D. ENGELHARDT
FORMALDEHYDE
PRODUCT LIABILITY
LITIGATION                             :        DOCKET NO:   MDL 1873 (N-5)

This Document Relates to:
*Lauranette Bolton, et al versus*
*Sun Valley, Inc., et al*
*E.D. La. Suit No. 09-7850*             :        MAG. JUDGE ALMA L. CHASEZ
Plaintiff:       Albert LeRoy Bowers, Jr.
                 Lisa Annette Bowers
                 Shanita Gates *as Next Friend of E. D. G, Minor*
                 Shanita Gates, *individually*
                 Quanela Marie Smith
                 Marsheila Sara Smith
                 Thomas Joseph Gates, Jr.
                 Betty Thomas
                 Lauranette Bolton

\*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*

MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88
RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), renews its motion requesting this Court dismiss the

claims of the plaintiffs identified in the caption above, with prejudice, for failure to comply

with the terms of Pretrial Orders No. 2, 32 and 88 relating to producing Plaintiff Fact Sheets.

In support of its Renewed Motion, Sun Valley refers this Court to the following filings

related to Sun Valley's Original Motion seeking the dismissal of the same plaintiffs sought to

be dismissed herein: Sun Valley's Original Motion to Dismiss was filed under Rec. Doc. No.

22705; Plaintiffs' Original Opposition to the Motion was filed under Rec. Doc. No. 22861;

Sun Valley's Reply in support of its Motion was filed under Rec. Doc. No. 22881; Plaintiffs' Sur-Response to the Motion was filed under Rec. Doc. No. 22923; and this Court's Order denying the Original Motion and granting plaintiffs an additional seven (7) days to cure their deficient PFS was filed under Rec. Doc. No. 22970.

I.      PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

The Court denied Sun Valley's Original Motion to Dismiss and granted plaintiffs seven (7) additional days to cure the deficiencies in their PFS. Sun Valley submits that plaintiffs have failed to fully comply with this Court's Pretrial Orders within the additional time allowed by the Court and their claims should be dismissed with prejudice.

1.      Lauranette Bolton

Lauranette Bolton failed cure her deficient PFS because she still has not provided a Move Out Date. Sun Valley initially cited the following deficiencies in Ms. Bolton's PFS:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move Out Date | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |

On September 29, 2011, Ms. Bolton produced a document titled "Plaintiff Fact Sheet Deficiency Answers" that provides a barcode, states that she "does not recall the smoking history of other residents[,]" and states, **"As of October 2010 plaintiff was still living in the trailer."**[1] In addition, Ms. Bolton did not sign her "Plaintiff Fact Sheet Deficiency Answers," which were signed by an undisclosed "representative" instead.

Notwithstanding the additional time this Court provided to Ms. Bolton to cure her PFS, she still has not provided a Move Out Date. Moreover, the statement that she was still living

_____

[1] See Ex. A, attached hereto.

in the Sun Valley trailer in October 2010, one year ago, coupled with the absence of her signature on her deficiency answers, supports the conclusion that Ms. Bolton has failed to maintain communication with her counsel, as the undisclosed representative who signed her deficiency answers was unable to provide information more recent than October 2010. And, this circumstance further highlights the need for and importance of the plaintiff's certification of their answers to questions in the PFS.[2] Without the certification, Sun Valley is prejudiced because it must either participate in more expensive and time-consuming discovery that could have been avoided by the plaintiff simply certifying their answers or participate in settlement negotiations with a plaintiff who may no longer intend to prosecute their claim.

    2.    Shanita Gates *as Next Friend of E. D. G, Minor*
           Shanita Gates, *individually*
           Quanela Marie Smith
           Marsheila Sara Smith
           Thomas Joseph Gates, Jr.

The Gates/Smith plaintiffs all identify each other in their PFS as co-residents in the multiple EHUs they claim they occupied. In the Original Motion to Dismiss, Sun Valley highlighted how most of the plaintiffs provided multiple occupancy dates and installation addresses, but did not specify which dates and addresses applied to which EHU.[3] Sun Valley further explained how any attempt to cross-reference the plaintiffs PFS only resulted in more confusion of the data.[4]

Each of the named plaintiffs was provided additional time by this Court to cure their deficient PFS and each timely produced a document titled "Plaintiff Fact Sheet Deficiency

---

[2] See Section II of this Memorandum below.
[3] See Rec. Doc. No. 22705-1, at pp. 5-10 of 15.
[4] Id.

Answers" (hereinafter referred to as "Deficiency Answers") that provided answers to the questions upon which Sun Valley originally sought to dismiss their claims. However, the plaintiffs' answers still do not specify which occupancy dates and installation addresses apply to which EHU and, thus, still fail to cure the deficiencies identified in Sun Valley's Original Motion to Dismiss. In addition, none of the plaintiffs signed and certified their Deficiency Answers.

            a.     Quanela Marie Smith

In the Original Motion to Dismiss, Sun Valley identified the following deficiencies in Ms. Smith's PFS answers[5], which deficiencies plaintiff did not deny[6]:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

In support of the Original Motion to Dismiss the claims of Ms. Smith, Sun Valley explained that while Ms. Smith's PFS provided a Sun Valley VIN (missing from the PFS of some of the other co-residents), she identified two EHUs she claimed to have occupied (a Sun Valley unit and a Cavalier unit), but did not provide occupancy dates specific to each unit.[7] In her new, 2011 "Plaintiff Fact Sheet Deficiency Answers" ("Deficiency Answers")[8] Ms. Smith still has not provided Move-In and Move-Out dates for the Sun Valley trailer.

---

[5] See Rec. Doc. No. 22705-1, at pp. 8-9 of 15.
[6] See Rec. Doc. No. 22861 (Plaintiffs' Original Opposition) and Rec. Doc. No. 22923 (Plaintiffs' Original Sur-Response).
[7] See Rec. Doc. No. 22705-1, at p. 6 of 15.
[8] See Ex. B, attached hereto.

To be clear, Ms. Smith does provide Move-In and Move-Out dates in her new Deficiency Answers, but she still fails to connect those dates to the Sun Valley trailer she claims she occupied. In fact, comparison of her new Deficiency Answers to her previously produced "Amendment to Plaintiff Fact Sheet" certified on September 24, 2009, demonstrates that her new Deficiency Answers provide Move-In and Move-Out Dates for the Cavalier manufactured home she claims she occupied, but not for the Sun Valley trailer.

Question #1 in Ms. Smith's deficiency answers is identified as "Bar Code Section V.A.4.", to which Ms. Smith responds, "The barcode number of the FEMA home is 1338315."[9] This barcode is identical to the Cavalier manufactured home barcode Ms. Smith provided in her September 2009 "Amendment to Plaintiff Fact Sheet."[10] The Cavalier barcode is the only reference in Ms. Smith's 2011 Deficiency Answers to any particular EHU. As a result, the new Deficiency Answers that follow only provide Move-In and Move-Out Dates and the installation address for the "FEMA home", more particularly identified by the barcode as the Cavalier manufactured home.[11] Nothing in Ms. Smith's previously produced PFS, her previously produced 2009 "Amendment to Plaintiff Fact Sheet," or recently produced 2011 "Plaintiff Fact Sheet Deficiency Answers" provides any Move-In or Move Out Dates for the Sun Valley trailer she claims she occupied.

In addition, Ms. Smith's new Move-In and Move-Dates in her 2011 Deficiency Answers are completely inconsistent with the dates she provided in her previous PFS. Ms. Smith previously stated that she moved into her first EHU (identified as a Forest River

---

[9] Exhibit B, Deficiency Answers of Quanela Smith, attached hereto, at Question #1.
[10] See, Rec. Doc. No. 22705-15, at page 32 of 33, Exhibit M to Sun Valley's Original Motion to Dismiss.
[11] See Ex. B, attached hereto, at Question #2, Question #3, and Question #4.

trailer) on January 1, 2006, moved out of that EHU and into her second EHU (identified as a Cavalier manufactured home) on March 1, 2006, and moved out of her second EHU on June 1, 2008.[12] In her new Deficiency Answers she states that she moved in the "FEMA home" (identified only by reference to the barcode for the Cavalier manufactured home) in January 2006 and moved out of the "FEMA home" in March 2007.[13]

Finally, like all of her co-residents, Ms. Smith: (1) failed to sign and certify her new Deficiency Answers; (2) answered the question about the smoking history of other occupants with, "I do not recall"; and (3) answered the question about how many hours she occupied the Sun Valley travel trailer with the phrase "8 hours or more[.]"

Quanela Smith was given additional time by this Court to correct the deficiencies in her PFS and still has not provided Move-In and Move-Out Dates for the Sun Valley trailer she claims she occupied. In addition, her failure to sign and certify her new Deficiency Answers fails to comply with this Court's PFS pretrial orders and calls into question her answers that she "do[es] not recall" whether other residents smoked in the trailer and she spent "8 hours or more" each day in her EHU, which are identical to the answers provided by the other occupants in the trailer. The Court afforded Ms. Smith a sanction less than dismissal and she still failed to comply with the Court's PFS pretrial orders. The claims of Quanela Smith against Sun Valley should be dismissed with prejudice.

        b.    Marsheila Sara Smith
              Thomas Joseph Gates, Jr.
              Shanita Gates, on behalf of the Minor E.D.G.

---

[12] Id., at pages 12-13 of 33.
[13] See Ex. B, attached hereto, at Question #2 and Question #3.

The "Plaintiff Fact Sheet Deficiency Answers" produced by Marsheila Sara Smith, Thomas Joseph Gates, Jr., and Shanita Gates on behalf of the Minor E.D.G. are all unsigned and provide virtually identical answers that still fail to provide occupancy dates and the installation address for the Sun Valley travel trailer they claim they occupied.

In Sun Valley's original Motion to Dismiss, the following identical deficiencies were identified in the PFS for these three plaintiffs[14] and plaintiffs did not deny their deficiencies[15]:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Vin # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

All three plaintiffs provided virtually identical, un-certified answers to these questions in their new Deficiency Answers, which add more confusion to their already confusing PFS answers and still fail to connect the occupancy dates or the installation addresses to either of the EHUs the claim to have occupied. All three plaintiffs answer the question about who "manufacture[d]" their EHUs stating, "I lived in a Cavalier and Sun Valley trailer."[16] They then provide identical VINs and barcodes for the Cavalier and Sun Valley EHUs.[17] Yet, when asked to provide the Move-In and Move-Out Dates, rather than specify those dates by manufacturer name, plaintiffs state, "I lived in the first trailer in January, 2006 through

---

[14] See Rec. Doc. No. 22705-1, at pp. 7-8 (the Minor E.D.G.), 9-10 (Marsheila Smith), and 10 (Thomas Gates).
[15] See Rec. Doc. No. 22861 (Plaintiffs' Original Opposition) and Rec. Doc. No. 22923 (Plaintiffs' Original Sur-Response).
[16] See attached Ex. C (Plaintiff Fact Sheet Deficiency Answers for Marsheila Smith), Ex. D (Plaintiff Fact Sheet Deficiency Answers for Thomas Gates, Jr.) and Ex. E (Plaintiff Fact Sheet Deficiency Answers for Shanita Gates on behalf of the Minor E.D.G.), at Question #1.
[17] Id., at Questions #2 and #3.

March, 2006[18] when I moved into the second trailer until June, 2008."[19] Then, in answer to the question asking for the address where the EHUs were located, Marsheila Smith and Thomas Gates state, "The FEMA home was located at TV Tower Rd., Lot 3 in Kinder, LA zip code 70631 for trailer 1 and 805 Topsy Road #7 Moss Bluff, LA 70633."[20] In answer to the same question, the new Deficiency Answers for the Minor E.D.G. provides, "The address for the FEMA home is TV Tower Road in Kinder, LA zip code 70648."[21]

In their original PFS and their "Amendment[s] to the Plaintiff Fact Sheets", plaintiffs did not identify either the Cavalier manufactured home or the Sun Valley trailer by the description of "Trailer 1" or "Trailer 2", or by the description "First Trailer" or "Second Trailer." In the original Motion to Dismiss, Sun Valley directed plaintiffs' attention to this very aspect of the deficiencies in their PFS[22], the Court gave plaintiffs additional time to cure these deficiencies and plaintiffs still have not rectified these deficiencies.

Finally, like all of their co-residents, these three plaintiffs: (1) failed to sign and certify their new Deficiency Answers; (2) answered the question about the smoking history of other occupants with, "I do not recall"; and (3) answered the question about how many hours they occupied the Sun Valley travel trailer with the phrase "8 hours or more[.]"

Shanita Gates on behalf of the Minor E.D.G., Marsheila Sara Smith and Thomas Joseph Gates, Jr., were given additional time by the Court to correct the deficiencies in their

---

[18] The phrase "through March, 2006" further complicates the evaluation of plaintiffs' occupancy dates because Sun Valley cannot determine whether plaintiffs' occupancy of their "first trailer" ended at the beginning of March 2006, as indicated in their original PFS, which provided a Move Out Date for Trailer 1 of March 1, 2006, or at the end of March 2006, which would be the usual and ordinary understanding of the phrase "through March 2006."
[19] See attached Ex. C, Ex. D and Ex. E, at Questions #4 and #5.
[20] See Ex. C and D, at Question #6.
[21] See Ex. E, at Question #6.
[22] See Rec. Doc. No. 22705-1, at pp. 6-7 of 15.

PFS and still have not provided Move-In and Move-Out Dates or the installation address for the Sun Valley trailer they claim they occupied. In addition, their failure to sign and certify their new Deficiency Answers fails to comply with this Court's PFS pretrial orders and calls into question their answers that they "do not recall" whether other residents smoked in the trailer and that they spent "8 hours or more" each day in their EHUs, which are identical to the answers provided by all the Gates/Smith co-resident plaintiffs. The Court afforded these plaintiffs a sanction less than dismissal and they still failed to comply with the Court's PFS pretrial orders. Their claims against Sun Valley should be dismissed with prejudice.

        c.    Shanita Gates, individually.

Sun Valley's Original Motion to Dismiss identified the following deficiencies in Shanita Gates' PFS[23], which she did not deny[24]:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date for Sun Valley | V.A.6. |
| Move Out Date for Sun Valley | V.A.7. |
| Installation Address for Sun Valley | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| No. of hrs in trailer/day for Sun Valley | V.A.13. |

Like her co-residents, Shanita Gates failed to sign and certify her "Plaintiff Fact Sheet Deficiency Answers."[25] She also fails to specify that the Move-In and Move-Out Dates, and the installation address in her new Deficiency Answers are for the Sun Valley travel trailer she claims to have occupied, as opposed to the Cavalier manufactured home she also

---

[23] See Rec. Doc. No. 22705-1, at p. 8 of 15.
[24] See Rec. Doc. No. 22861 (Plaintiffs' Original Opposition) and Rec. Doc. No. 22923 (Plaintiffs' Original Sur-Response).
[25] See attached Ex. F.

claims to have occupied.[26] As Sun Valley explained in its Original Motion to Dismiss, Ms. Gates previously provided occupancy dates and installation addresses, but did not identify which dates and address applied to the Sun Valley trailer she claims she occupied.[27] In her new Deficiency Answers, rather than specify that the dates and address provided apply to the Sun Valley trailer, Ms. Gates states instead that they apply to a "FEMA home."[28]

Finally, like all of her co-residents, and in addition to failing to certify her new Deficiency Answers, Ms. Gates answered the question about the smoking history of other occupants with, "I do not recall" and answered the question about how many hours she occupied the "FEMA home" each day with the phrase "8 hours or more[.]"

Shanita Gates was given additional time by the Court to correct the deficiencies in her PFS and she still has not provided Move-In and Move-Out Dates or the installation address for the Sun Valley trailer she claims occupied. In addition, her failure to sign and certify her new Deficiency Answers fails to comply with this Court's PFS pretrial orders and calls into question her answers that she "do[es] not recall" whether other residents smoked in the trailer and spent "8 hours or more" each day in her EHUs, which are identical to the answers provided by the other Gates/Smith plaintiffs. The Court afforded Ms. Gates a sanction less than dismissal and she still failed to comply with the Court's PFS pretrial orders. Her claims against Sun Valley should be dismissed with prejudice.

     3.    Albert Leroy Bowers, Jr.
             Lisa Annette Bowers
             Betty Thomas

---

[26] Id., at Questions #1, #2 and #3.
[27] See Rec. Doc. No. 22705-1, at pp. 6-7 of 15.
[28] See attached Ex. F, at Questions #1, #2 and #3.

Albert Leroy Bowers, Jr., Lisa Annette Bowers and Betty Thomas were given additional time to cure their PFS deficiencies. "Plaintiff Fact Sheet Deficiency Answers" were timely produced for each of these three plaintiffs that answered all of the deficiencies identified in Sun Valley's Original Motion to Dismiss, but none of the three plaintiffs signed and certified their Deficiency Answers.[29] Some of the information provided by plaintiffs in their Deficiency Answers did not require re-certification pursuant to PTO 32, as discussed in more detail in the next section of this memorandum. However, plaintiffs' were not relieved by PTO 32 of certifying most of their Deficiency Answers, and for the reasons discussed in more detail below, their claims against Sun Valley should be dismissed for failing to sign and certify those answers, and their resulting failure to comply with Pretrial Orders 2, 32 and 88.

II.    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SIGN AND CERTIFY THEIR DEFICIENCY ANSWERS.

Pretrial Orders 2, 32 and 88 all require plaintiffs to sign and certify their PFS answers. In addition, and with specific reference to "PFS deficiencies and corrections[,]" plaintiffs are NOT relieved of the obligation to certify their supplemental or corrected PFS answers except for specific questions identified in PTO 32, which states: "**Plaintiffs who make corrections and/or updates to Section II (C & D) and/or Section V (A.1, A.2 & A.4) of the PFS Form shall not be required to re-certify their PFS submission.**" (Emphasis added.)

All of the plaintiffs sought to be dismissed by this Renewed Motion to Dismiss failed to answers questions in their PFS that were not exempt from certification by PTO 32.[30] All of the plaintiffs were given additional time to cure their PFS and comply with PTOs 2, 32 and

---

[29] See Ex. G, attached hereto, in globo.
[30] See Rec. Doc. No. 22705-1, which identifies each of the key questions, by subject matter and PFS section and number, that each plaintiff failed to answer, which failures plaintiffs did not dispute in their opposition.

88. And, all of the plaintiffs failed to comply with those pretrial orders by failing to sign and certify their corrected and/or updated answers.

The prejudice to which Sun Valley is subject by the lack of a plaintiff's certification of their PFS answers is demonstrated by the various Deficiency Answers provided by the various plaintiffs sought to be dismissed herein. For example, Lauranette Bolton answered the Move-Out Date question by stating she continued to live in her trailer "[a]s of October 2010[.]" This information is clearly stale and establishes that Ms. Bolton is not communicating with her attorney because no post-October 2010 information can be provided on her behalf. However, other curative answers provided by a "representative" do not so easily reveal the extent to which a plaintiff may or may not be still communicating with their attorney or desirous of prosecuting their claim.

For example, the co-resident Gates/Smith plaintiffs have essentially provided no "new" answers to their PFS deficiencies. Most of the information provided in their new Deficiency Answers was contained in their original PFS and "Amendment[s] to Plaintiff Fact Sheets" produced before Sun Valley filed its Original Motion to Dismiss. In that Motion, Sun Valley directed plaintiffs' attention to the fact that their answers failed to connect the occupancy dates and installation addresses to the two EHUs to which they were matched. Yet, the new Deficiency Answers produced for the Gates/Smith plaintiffs still fail to specify which of the occupancy dates and which installation address applies to the Sun Valley trailer and which to the Cavalier manufactured home. Whether the Gates/Smith plaintiffs' persistent failure to provide information specific to Sun Valley is due to their desire to no longer pursue their claims, lack of communication with their attorney, or stubborn refusal to

comply with the Court's PFS pretrial orders cannot be discerned from their Deficiency Answers. Irrespective of which may be the reason, their claims should be dismissed for their failure to comply with the Court's PFS pretrial orders after having been provided an additional opportunity to cure their PFS. But, the PFS deficiency and corrective process would certainly be more efficient, and less demanding on the parties' and the Court's time and resources, if the plaintiffs would simply comply with the Court's PFS pretrial orders by signing and certifying their deficiency answers or be subject to dismissal for failure to comply with the Court's orders unless good grounds exist for excusing their certification.

If the failure to sign and certify deficiency answers, particularly after being granted additional time to cure a deficient PFS, is not grounds for dismissal for failure to comply with the Court's PFS pretrial orders, then Sun Valley is left to question whether plaintiffs, such as Betty Thomas, Lisa Bowers and Albert Bowers, Jr., remain committed to prosecuting their claim, or whether they are no longer communicating with their attorney. Their recent Deficiency Answers could represent "old" information previously produced to the undisclosed "representative" who signed their Deficiency Answers, but who simply failed to supplement their PFS when the information was provided[31], waiting instead until forced to do so by the PFS deficiency and correction process. Sun Valley submits that the answers to such questions could be easily supplied by a plaintiff simply certifying their deficiency answers, which would streamline the PFS deficiency and correction process, provide significantly useful information to the settlement process sought to be supported by the

---

[31] PTO 2 states that the PFS "must be supplemented in accordance with Fed. R. Civ. P. 26."

current PFS process, and significantly reduce the demands on the time and resources of the parties, Special Master, and Court.

III.    CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of above captioned plaintiffs against Sun Valley.  As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. The plaintiffs sought to be dismissed herein, were granted additional time to cure their PFS deficiencies as a lesser sanction than the dismissal sought in Sun Valley's Original Motion to Dismiss. Yet, the plaintiffs identified above have failed to comply with the Court's PFS pretrial orders. Without this simulated discovery response, Sun Valley is significantly prejudiced in its evaluation of settlement versus future litigation, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Renewed Motion to Dismiss filed by Sun Valley against Albert Leroy Bowers, Jr., Lisa Annette Bowers, Shanita Gates on behalf of minor, E.D.G., Shanita Gates individually, Quanela Marie Smith, Marsheila Sara Smith, Thomas

Joseph Gates, Jr., Betty Thomas and Lauranette Botlon should be granted, dismissing the claims of these plaintiffs against Sun Valley with prejudice.

Respectfully submitted
Voorhies & Labbé

*/S/ Lamont P. Domingue*

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:        337-232-9700
FAX:             337-235-4943
E-Mail: lpd@volalaw.com
Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Renewed Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 5th day of October, 2011.

*/S/ Lamont P. Domingue*

Lamont P. Domingue