UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
|  FORMALDEHYDE PRODUCTS | * | |
|  LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Cynthia Kelly v. Jayco Enterprises, Inc.* | * | |
| Docket No. 10-0418 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Darrell Fortenberry | * | |
|           Jalisa Fortenberry | * | |
|           Otis Kelly | * | |

******************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco Enterprises, Inc. ("Jayco") and Shaw Environmental, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Darrell Fortenberry (Plaintiff in *Kelly,* C.A. 10-0418)
- Jalisa Fortenberry (Plaintiff in *Kelly,* C.A. 10-0418)
- Otis Kelly (Plaintiff in *Kelly,* C.A. 10-0418)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Darrell Fortenberry

*Cythina Kelly v. Jayco Enterprises, Inc.* was filed December 28, 2009. After the complaint was filed, Jayco received an Amendment to the Plaintiff Fact Sheet of Darrell Fortenberry (*See* Amendment to the Plaintiff Fact Sheet of Darrell Fortenberry, attached as Exhibit "A"). The plaintiff's Amendment provided Jayco with the manufacturer, vehicle identification number and bar code of the plaintiff's trailer. (*See* Id.). Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Justin Woods at Gainsburgh, Benjamin, David, Meunier & Warshauer, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 4, 2010, attached as Exhibit "B"). After Jayco's request, Plaintiff Counsel produced the unsigned and undated

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2] Rec. Doc. No. 22153.

plaintiff fact sheet for Darrell Fortenberry. (*See* Plaintiff Fact Sheet for Darrell Fortenberry, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Id.)

Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Darrell Fortenberry has only answered 14 of the required 23 key questions. Therefore, Darrell Fortenberry's fact sheet remains incomplete.

### Jalisa Fortenberry

*Cythina Kelly v. Jayco Enterprises, Inc.* was filed December 28, 2009. After the complaint was filed, Jayco received an Amendment to the Plaintiff Fact Sheet of Jalisa Fortenberry (*See* Amendment to the Plaintiff Fact Sheet of Jalisa Fortenberry, attached as Exhibit "D"). The plaintiff's Amendment provided Jayco with the manufacturer, vehicle identification number and bar code of the plaintiff's trailer. (*See* Id.). Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a

4

completed plaintiff fact sheet. (*See* email correspondence to Justin Woods at Gainsburgh, Benjamin, David, Meunier & Warshauer, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 4, 2010, attached as Exhibit "B"). After Jayco's request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Jalisa Fortenberry. (*See* Plaintiff Fact Sheet for Jalisa Fortenberry, attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Id.)

Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Jalisa Fortenberry has only answered 14 of the required 23 key questions. Therefore, Jalisa Fortenberry's fact sheet remains incomplete.

**Otis Kelly**

*Cythina Kelly v. Jayco Enterprises, Inc.* was filed December 28, 2009. After the complaint was filed, Jayco received an Amendment to the Plaintiff Fact Sheet of Otis Kelly (*See* Amendment to the Plaintiff Fact Sheet of Otis Kelly, attached as Exhibit "F"). The plaintiff's Amendment provided Jayco with the manufacturer, vehicle identification number and bar code of the plaintiff's trailer. (*See* Id.). Although the Amendment's purpose is to supplement the

5

information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Justin Woods at Gainsburgh, Benjamin, David, Meunier & Warshauer, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 4, 2010, attached as Exhibit "B"). After Jayco's request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Otis Kelly. (*See* Plaintiff Fact Sheet for Otis Kelly, attached as Exhibit "G"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Id.) Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Otis Kelly has only answered 14 of the required 23 key questions. Therefore, Otis Kelly's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the

Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiff's counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Darrell Fortenberry, Jalisa Fortenberry and Otis Kelly, be dismissed with prejudice.

    Respectfully submitted,
    **WILLINGHAM, FULTZ & COUGILL LLP**

    By:   s/*Thomas L. Cougill*
        THOMAS L. COUGILL
        Texas State Bar No. 04877300
        Louisiana State Bar No. 31112
        R. MARK WILLINGHAM
        Texas State Bar No. 21641500
        JEFFREY P. FULTZ
        Texas State Bar No. 00790728
        Mississippi Bar No. 101058
        Niels Esperson Building
        808 Travis Street, Suite 1608
        Houston, Texas  77002
        (713) 333-7600 – Telephone
        (713) 333-7601 – Facsimile

    **Attorneys for Jayco Enterprises, Inc.**

                        **BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

                By:  s/*M. David Kurtz*
                      M. DAVID KURTZ (#23821)
                      KAREN KALER WHITFIELD (#19350)
                      CATHERINE N. THIGPEN (#30001)
                      201 St. Charles Avenue, Suite 3600
                      (504) 566-5200 – Telephone
                      (504) 636-4000 – Facsimile

                **Attorneys for Shaw Environmental, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 5th day of October, 2011.

                                        s/*Thomas L. Cougill*
                                        THOMAS L. COUGILL