UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|       FORMALDEHYDE | * | |
|       PRODUCTS LIABILITY | * | SECTION: N(5) |
|       LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: **ALL CASES** | * | |
| | * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF *LONE PINE* ORDER

**MAY IT PLEASE THE COURT:**

The undersigned signatories to this Memorandum submit this Reply Memorandum in Support of their Motion for Entry of a *Lone Pine* Order. On Sept. 27, 2011, the Plaintiffs Steering Committee (PSC) opposed the entry of such an order, arguing (i) that such an order was premature because the parties had not completed settlement negotiations and (ii) that plaintiffs are not required to produce an individual causation expert or medical records to prove specific causation in this MDL. *See* Rec. Doc. 23006, p. 2, 5. Because these arguments are unavailing, this Honorable Court should institute the *Lone Pine* process in this case.

First and foremost regarding settlement, the "precondition" that parties engage in global settlement discussions prior to the entry of a *Lone Pine* order is one that was evidently fabricated out of thin air. *Id.* at p. 3. The PSC provides no support whatsoever for settlement negotiations as a necessary "precondition" to a *Lone Pine* order, other than to point out that Judge Fallon instituted his order in *Vioxx* after many of the cases had settled. That does not mean that such an order is premature or somehow improper if entered before that settlement takes place. In fact, a *Lone Pine* order entered at this time will actually <u>facilitate</u>, not impair, potential global settlement. By establishing a framework to dismiss the meritless claims of those who cannot prove specific causation, the *Lone Pine* order would narrow the field of settlement-eligible plaintiffs to those with

viable, legitimate claims (to the extent there are any). This is important because the defendants are more likely to settle with claimants that at least arguably had some injury. Also, reducing the claimant population would naturally make it easier to evaluate cases, or classes of cases, rather than play a simple numbers game. In summary, legitimate claimants will probably encounter less resistance to settlement at every step of the road if the illegitimate plaintiffs are dismissed at this time.

Additionally, it is nonsensical to tie the possible remand of the MDL to the pursuit of global settlement, as the PSC does in its Opposition. *See id*. While it is strictly true that remand of the MDL would make global resolution more difficult, a *Lone Pine* order that allows for the dismissal of meritless claims has no bearing whatsoever on the prospect of remand. It is a red herring that should be ignored. Likewise, the Court should not entertain the possibility of additional expenses to obtain expert reports or medical records for each of the nearly 70,000 plaintiffs. As the Movants pointed out in their original brief, the parties have already analyzed the Plaintiff Fact Sheets produced in this case prior to January 1, 2011, and notified the plaintiffs of the deficiencies therein. For those plaintiffs who admitted in their Fact Sheets that they have not treated with any physician for a formaldehyde-related illness, then those plaintiffs' cases can be dismissed at <u>zero</u> additional cost to the plaintiffs or the PSC.

Regarding the second precondition – the concept that specific causation evidence in the form of expert reports or medical records is unnecessary – the PSC is likewise incorrect. First, by arguing against a *Lone Pine* order because the plaintiffs do not need expert reports or medical records to prove specific causation, the PSC puts the cart before the horse. The entire point of the *Lone Pine* order is to elicit that type of proof in mass-tort cases like this one in an effort to separate the wheat from the chaff. In attempting to block the institution of this order, it is not a valid argument to say

that the plaintiffs do not need medical records or expert reports when the *Lone Pine* order would potentially require them to bring forth precisely that type of information.

Further, this type of evidence is critical to support each plaintiff's claim, as the previous bellwether trials have shown. Authority in the PSC's own Opposition discusses "the plaintiff's ability to bring forward necessary medical causation and other scientific information." *See id*. at 6 (*citing McManaway v. KBR, Inc.*, 265 F.R.D. 384, 388 (S.D.Ind. 2009)). The plaintiffs themselves cannot establish this "necessary" evidence – while they can explain what health effects occurred upon moving into the trailer, the plaintiffs cannot act as their own experts in identifying whether formaldehyde in their trailers was the specific cause of their alleged injuries.

Finally, the PSC alleges that there are other less onerous ways to dismiss meritless claims, such as obtaining medical authorizations from each plaintiff so that the defendants can obtain the plaintiffs' records. However, the PSC routinely objected to the defendants' acquisition of medical authorizations in all cases other than the bellwether trials. The PSC cannot block the defendants from utilizing another method, and then claim before this Court that the defendants were wrong for failing to engage in that effort.

Simply put, the time is ripe for the institution of a *Lone Pine* order. The PSC demonstrated to the Court that many of the plaintiffs do not have cases that warrant trial by dismissing, **with prejudice**, the claims of approximately fifteen identified and agreed upon bellwether plaintiffs once the tenuousness of the plaintiffs' claims became apparent. The order will aid the settlement efforts that have been undertaken in this case by eliminating meritless claims from the case, thereby allowing each remaining claimant involved in a possible settlement to obtain more money that she normally would have obtained. Additionally, evidence in the form of an expert report or medical record is a necessary step in proving specific causation. Without it, the plaintiffs will not be able to

3

recover, as is obvious from the result of the prior bellwether and summary trials that have been held in this case. Therefore, the undersigned parties respectfully submit that the Court should institute a *Lone Pine* order in this case.

        Respectfully submitted:

        **DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

        s/Andrew D. Weinstock

        _____
        **ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

        and

        **SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
**Counsel for Gulf Stream Coach, Inc.**

**THOMAS L. COUGILL**
**JEFFREY P. FULTZ**
**WILLINGHAM, FULTZ & COUGILL, LLP**
Neil Esperson Building
808 Travis Street, Suite 1608
Houston, TX 77002
(713) 333-7600
(713) 333-7601 (FAX)
tomc@willingham-law.com
**Counsel for Jayco, Inc. and Starcraft RV, Inc.**

**TOM W. THAGARD, III**
**JOSH BAKER**
**MAYNARD COOPER & GALE PC**
1901 Sixth Ave. North
2400 AmSouth/Harbert Plaza
Birmingham, Al 35203-2618
(205) 254-1000
(205) 254-1999 (fax)
tthagard@maynardcooper.com
**Counsel for Defendants, SunRay RV, LLC**

**BRENT M. MAGGIO**
**LORI DAIGLE**
**ALLEN & GOOCH**
3900 North Causeway Blvd, Ste. 1450
Metairie, Louisiana 70002
**836-5200**
**(FAX) 836-5205**
brentmaggio@allengooch.com
**Counsel for Heartland Recreational Vehicles, Inc. and Sun Valley, Inc. d/b/a Sun Lite**

**RICHARD G. DUPLANTIER, JR.**
**CYNTHIA THOMAS**
**GALLOWAY, JOHNSON, TOMPKINS**
**BURR & SMITH**
#3 Sanctuary Blvd., Ste. 301
Mandeville, LA 70471
(985) 674-6680
Fax: (985)674-6681
cthomas@gtbs.com
**Counsel for Sunnybrook RV, Inc.**

**LYON H. GARRISON**

**RANDY C. MULCAHY**
**KELLY MORTON**
**GARRISON, YOUNT, FORTE, MULCAHY, L.L.C.**
909 Poydras Street, Suite 1800
New Orleans, LA 70112
527-0109
527-0686 (FAX)
lgarrison@garrisonyount.com
**Counsel for Defendant, TL Industries, Inc., Recreation by Design, LLC, Frontier RV, Inc., Cruiser RV, LLC and Play'Mor Trailers, Inc.**

**CHARLES R. PENOT, JR.**
**DOMINIC J. GIANNA**
**RICHARD A. SHERBURNE**
**SARAH A. LOWMAN**
**MIDDLEBERG RIDDLE & GIANNA**
KPMG Centre, Suite 2400
717 N. Harwood
Dallas, Texas 75201
(direct) 214.220.6334
(fax) 214.220.6807
cpenot@midrid.com
**Counsel for Fluor Enterprises, Inc.**

**GERARDO R. BARRIOS**
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
3 Sanctuary Blvd., Suite 201
Mandeville, LA  70471
(985) 819-8416
(985) 819-6716 (fax)
gbarrios@bakerdonelson.com
**Counsel for CH2M Hill Constructors, Inc.**

**DAVID KURTZ**
**KAREN WHITFIELD**
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
201 St. Charles Ave., Ste. 3600
New Orleans, LA 70170
566-5259
FAX: 636-5259
**dkurtz@bakerdonelson.com**
kwhitfield@bakerdonelson.com
**Counsel for Defendant, Shaw Environmental, Inc.**

**ERNEST P. GIEGER, JR.**
**MIKE DIGIGLIA**
**GIEGER, LABORDE & LAPEROUSE, LLC**
701 Poydras Street, Suite 4800
New Orleans, LA 70139
561-0400
egieger@glllaw.com
mdigiglia@glllaw.com
**Counsel for Defendants, Forest River, Inc., Vanguard Industries of Michigan, Inc. and Vanguard, LLC**

**LARRY FELDMAN**
**ROBERT SHEESLEY**
**MCGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA 70130
(504) 586-1200
(504)596-2800 (fax)
New Orleans, La 70130
**Counsel for Defendants, Layton & Skyline Corporation**
**lfeldman@mcglinchey.com**
**rsheesley@mcglinchey.com**

**JERRY L. SAPORITO**
**AMANDA VONDERHAAR**
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA 70163-1701
585-7500
585-7775
jsaporito@leakeandersson.com
avonderhaar@leakeandersson.com
**Counsel for Defendant, DC Recovery Systems**

Ryan Johnson
James Percy
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
(225) 248-2130 (Percy)
(225) 248-2080 (Ryan)
(225) 248-3433 (Amy Hanegan)
rjohnson@joneswalker.com

jpercy@joneswalker.com

Madeleine Fischer
James Percy
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue
New Orleans, LA 70170
582-8000
mfischer@joneswalker.com
**Counsel for Defendants, Dutchmen Manufacturing, Inc., Keystone RV Company and Thor California, Inc. d/b/a Thor Manufacturing**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October, 2011, a copy of the foregoing Reply Memorandum in Support of Motion for Entry of *Lone Pine* Order was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com