UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                           MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                   SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-4730

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22642), filed by defendant Crum & Forster Specialty Insurance Company ("Crum & Forster").

Crum & Forster moves to dismiss with prejudice the claims of plaintiff Celeste Brown, individually and on behalf of J.L. and S.B., on grounds that she has failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in her Plaintiff Fact Sheets.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should

1

be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial Order No. 88, the court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011. (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

B. **APPLICABLE LAW**:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four

factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On March 31, 2011, defendant Crum & Forster sent a letter to plaintiffs' counsel specifying material deficiencies with respect to the plaintiff fact sheets of Celeste Brown, individually and on behalf of the minor S.B.. *See* Exhibits B and H to Movant's Memorandum in Support (Rec. Docs. 22642-2, 22642-4). On April 1, 2011, it sent a similar letter regarding material deficiencies with respect to the PFS of the minor J.L.. *See* Exhibit E to Movant's Memorandum in Support (Rec. Doc. 22642-3). Plaintiffs' counsel sent supplemental responses for each of the three plaintiffs. *See* Exhibits C, F, and I to Movant's Memorandum in Support (Rec. Docs. 22642-2, 22642-3, 22642-4). However, each supplemental response was generic, boilerplate, and non-responsive (*e.g.*, "I do not recall my current employer."). *Id.* Plaintiffs sent no further PFS responses.

The deficiencies in the plaintiff fact sheets of Ms. Brown and the minor children she represents are substantial. She has failed to provide basic, core information about their claims. For example, she has failed to provide information with regard to: (1) whether any of them is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether she is making a lost wage claim and, if so, the amount of the claim (IV.F.3); (3) whether any of them is making

3

a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether any of them ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with them or resided with them in the FEMA housing unit (VI.D); and (6) the average number of hours spent in the FEMA unit each day (V.A.13). *See* Exhibits A, C, D, F, G, and I to Movant's Memorandum in Support (Rec. Docs. 22642-2, 22642-3, 22642-4). In addition, Celeste Brown individually fails to state: (1) whether any physician has diagnosed her as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (2) the name of any healthcare provider who treated her for a condition that she claims resulted from living in a FEMA trailer (VII.B). *See* Exhibits A and C to Movant's Memorandum in Support (Rec. Doc. 22642-2). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124). Thus, the Court finds that Ms. Brown has failed to materially comply with her obligations to submit a completed PFS on behalf of herself and the two minors she represents. The Court further finds that Crum & Forster has been substantially prejudiced by its inability to learn the most basic facts about these plaintiffs' claims.

Moreover, while a genuine inability to recall certain specific information might be a matter of witness credibility rather than noncompliance with discovery orders, the generic, boilerplate nature of the plaintiffs' supplemental responses makes such a finding here impossible. For example, in response to a question asking her to identify schools she has attended, Ms. Brown responds, "I do not recall providing the information on my education." *See* Exhibit C to Movant's Memorandum in Support (Rec. Docs. 22642-2). In response to the question "Sex: Male or Female?," Ms. Brown

on behalf of L.J. responds: "I do not recall." *See* Exhibit F to Movant's Memorandum in Support (Rec. Docs. 22642-3). Other examples include: "I do not recall my current employer." "I do not recall if any child, parent, sibling, or grandparent of mine have suffered from any type of disease...;" "I do not recall if I am claiming the wrongful death of a family member related to formaldehyde...;" "I do not recall the reason why I stopped living in the FEMA trailer...;" "I do not recall my current weight...;" "I do not recall if I was pregnant during the time in which I resided in the FEMA trailer...;" "I do not recall if I have suffered from lung or respiratory disease...;" "I do not recall if I have ever suffered from long term stomach or bowel disease...;" and "I do not recall if I am alleging psychological or emotional problems as a result of living in a FEMA trailer... ." *See* Exhibit C to Movant's Memorandum in Support (Rec. Docs. 22642-2). With few exceptions, the supplemental responses are all of this nature. They do not reflect thoughtful responses by individual plaintiffs, but rather are non-responsive.

However, in order to provide specific and individual responses, plaintiffs' counsel must be able to contact and communicate with their clients. That has been a problem here. Plaintiffs' counsel has tried for more than two years to reach Celeste Brown with regard to the deficiencies in her own PFS and those of the two minors she represents. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator (Rec. Docs. 23007-1, 23007-2, 23007-3). Despite plaintiffs' counsel's efforts, Ms. Brown has failed to provide the information necessary to cure the PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Celeste Brown, individually and on behalf of J.L. and S.B., and that the blame for this delay and failure to prosecute lies with Ms. Brown herself, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs and defendants have failed to motivate this plaintiff to provide the missing information necessary to prosecute her claim and those of the minor children she represents.  In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal.  In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity.  Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Celeste Brown, individually and on behalf of J.L. and S.B..  Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22642)**, filed by defendant Crum & Forster**,** is hereby **GRANTED**, and the claims of Celeste Brown, individually and on behalf of J.L. and S.B., are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  5th  day of October, 2011.

    _____
    **KURT D. ENGELHARDT**
    **United States District Court**