UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                        SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-2248

## ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22643), filed by defendant Crum & Forster Specialty Insurance Company ("Crum & Forster").

Crum & Forster moves to dismiss with prejudice the claims of plaintiffs Javious Magee and Ryan Parker on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets.

### A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In Pre-Trial

1

Order No. 88, the court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011. (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation

of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On March 24, 2011, defendant Crum & Forster sent letters to plaintiffs' counsel specifying material deficiencies with respect to the plaintiff fact sheets of Javious Magee and Ryan Parker. *See* Exhibits B and E to Movant's Memorandum in Support (Rec. Docs. 22643-2, 22643-3).  Plaintiffs' counsel sent supplemental responses for each of the two plaintiffs.  *See* Exhibits C and F to Movant's Memorandum in Support (Rec. Docs. 22643-2, 22643-3).  However, nearly all of the supplemental responses were generic, boilerplate, and non-responsive (*e.g.*, "Will Supplement," and "I do not recall ...."). *Id.*  Plaintiffs sent no further PFS responses.

The deficiencies in the plaintiff fact sheets of Javious Magee and Ryan Parker are substantial. They have failed to provide basic, core information about their claims.  For example, each of them has failed to provide information with regard to:  (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (3) whether the plaintiff ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); and (4) the average number of hours spent in the FEMA unit each day (V.A.13).  In addition, Javious Magee

3

also has failed to provide information with respect to: (1) whether the plaintiff is making a lost wage claim and, if so, the amount of the claim (IV.F.3); (2) what symptoms, if any, the plaintiff experienced while residing in a FEMA trailer (III.C); (3) the plaintiff's personal smoking history (VI.C); (4) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); (5) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B); (6) the installation address of the FEMA unit (V.A.8); (7) the move-in date for the FEMA unit (V.A.6); and (8) the move-out date for the FEMA unit (V.A.7). *See* Exhibits A and C to Movant's Memorandum in Support (Rec. Docs. 22643-2). Ryan Parker also failed to provide the smoking history of anyone who resides with him or resided with him in the FEMA housing unit (VI.D). *See* Exhibits D and F to Movant's Memorandum in Support (Rec. Docs. 22643-3). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected in 22153). Thus, the Court finds that Javious Magee and Ryan Parker have failed to materially comply with their obligations to submit a completed PFS. The Court further finds that Crum & Forster has been substantially prejudiced by its inability to learn the most basic facts about these plaintiffs' claims.

Moreover, while a genuine inability to recall certain specific information might be a matter of witness credibility rather than noncompliance with discovery orders, the generic, boilerplate nature of the plaintiffs' supplemental responses makes such a finding here impossible. For example, Mr. Magee stated: "I do not recall when or if I received outpatient treatment in the last seven years..." and "I do not recall if any child, parent, sibling, or grandparent of mine suffered from any

type of disease." *See* Exhibit C to Movant's Memorandum in Support (Rec. Docs. 22643-2). In response to the question, "Were you pregnant during the time in which you resided in a FEMA trailer...?", Mr. Magee (who is male) responded: "Will Supplement." *See* Exhibit C to Movant's Memorandum in Support (Rec. Docs. 22643-2). With few exceptions, the supplemental responses of both plaintiffs are all of this nature. They do not reflect thoughtful responses by individual plaintiffs, but rather are non-responsive.

However, in order to provide specific and individual responses, plaintiffs' counsel must be able to contact and communicate with their clients. That has been a problem here. Plaintiffs' counsel has tried for more than two years to reach Javious Magee and Ryan Parker with regard to the deficiencies in their plaintiff fact sheets. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator (Rec. Docs. 23008-1, 23008-2). Despite plaintiffs' counsel's efforts, each of these plaintiffs has failed to provide the information necessary to cure his PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Javious Magee and Ryan Parker, and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these two plaintiffs, given that efforts by counsel for plaintiffs and defendants have failed to motivate them to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high

threshold for dismissal under Rule 41(b) has been met with regard to plaintiffs Javious Magee and Ryan Parker.  Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22643)**, filed by defendant Crum & Forster**,** is hereby **GRANTED**, and the claims of Javious Magee and Ryan Parker are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  5th  day of October, 2011.

                **KURT D. ENGELHARDT**
                **United States District Court**