UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                      MDL NO. 07-1873
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION
                                                         SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7909

# ORDER AND REASONS

Before the Court is a Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22644), filed by defendant Crum & Forster Specialty Insurance Company ("Crum & Forster").

Crum & Forster moves to dismiss with prejudice the claims of plaintiffs Ashley Wallace and Filbert Simpson on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets.  **A.  BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In Pre-Trial

1

Order No. 88, the court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011. (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation

2

of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

Crum & Forster sent letters to plaintiffs' counsel on December 6, 2010, requesting plaintiff fact sheets for plaintiffs Ashley Wallace and Filbert Simpson. *See* Exhibits A and F to Movant's Memorandum in Support (Rec. Docs. 22644-2, 22644-3). Plaintiffs counsel forwarded to Crum & Forster the plaintiff fact sheets and amendments thereto. Then, on March 23, 2011, Crum & Forster sent letters to plaintiffs' counsel specifying material deficiencies with respect to the plaintiff fact sheets of Ashley Wallace and Filbert Simpson. *See* Exhibits D and I to Movant's Memorandum in Support (Rec. Docs. 22644-2, 22644-3). Plaintiffs' counsel sent supplemental responses for each of the two plaintiffs. *See* Exhibits E and J to Movant's Memorandum in Support (Rec. Docs. 22644-2, 22644-3).

**1. Ashley Wallace:**

In its supporting memorandum, Crum & Forster argues that Ashley Wallace's claims should be dismissed because, even as supplemented, her PFS failed to provide answers to the following four "key" questions: (1) whether she is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether she is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (3) whether she is making a claim for

lost wages and, if so, the amount; and (4) the average number of hours spent in the FEMA unit each day (V.A.13).  Crum & Forster also complains that Ms. Wallace's PFS fails to answer certain non-"key" questions, such as educational background and family history.  *See* Movant's Memorandum in Support (Rec.Doc. 22644-1 at 3).  In response to Crum & Forster's motion, plaintiffs have submitted additional supplemental responses for Ms. Wallace, which provide answers to the four "key" questions above.  *See* Exhibit A to Plaintiffs' Opposition Memorandum (Rec. Doc. 23009-1). Specifically, Ms. Wallace states that she is not making a claim for lost wages, medical expenses, or mental or emotional damages.  *Id.*  She further states that she stayed in the trailer at least eight hours per day.  *Id.*  With these supplemental responses, the Court finds that Ms. Wallace has materially complied with her PFS obligations such that dismissal is no longer warranted at this juncture.[1]

### 2. **Filbert Simpson:**

Filbert Simpson's PFS provides answers to nearly all questions in the PFS and answers all but two of the questions identified as "key" in Pre-Trial Order No. 88.  Specifically, Sun Valley argues that Filbert Simpson's claims should dismissed because he has failed to provide a move-in date or move-out date for the FEMA unit (V.A.6 and V.A.7).  Failure to answer these two questions does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2).  However, move-in and move-out dates are particularly important in moving this matter toward resolution. Indeed, the duration of the plaintiff's stay in a defendant's unit has been the basis of a formula that the special master in this case has used in the past to structure settlements.  *See, e.g.*, Special Master's Report of July 29, 2011 (Rec. Doc. 22269).  Thus, while Mr. Simpson's noncompliance

---

[1] This, of course, does not relieve Ms. Wallace of her obligation to further supplement her responses, as required pursuant to this Court's orders (*e.g.,* Pre-Trial Orders Nos. 2, 32 and 88), and as required under the Federal Rules of Civil Procedure.

does not justify dismissal, the Court finds that a lesser sanction is appropriate. In the event that the move-in and move-out dates are not provided to Crum & Forster within fifteen (15) days, the PFS shall be deemed to state "December 1, 2005" in response to question V.A.6, seeking a move-in date, and "January 1, 2006" in response to question V.A.7, seeking a move-out date, resulting in a one-month stay in the FEMA unit.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets** (**Rec. Doc. 22644**), filed by defendant Crum & Forster**,** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Filbert Simpson shall answer within fifteen (15) days PFS questions V.A.6 and V.A.7. Upon failure to do so, the Plaintiff Fact Sheet shall be deemed to state "December 1, 2005" in response to question V.A.6 and "January 1, 2006" in response to question V.A.7.

New Orleans, Louisiana, this  5th  day of October, 2011.

                                          **KURT D. ENGELHARDT**
                                          **United States District Court**