UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                                              MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

SECTION "N"  (5)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

Before the Court is a Motion for Entry of *Lone Pine* Order (Rec. Doc. 22808), filed by defendants Gulf Stream Coach, Inc., Jayco, Inc., Starcraft RV, Inc., SunRay RV, LLC, Heartland Recreational Vehicles, LLC, Sun Valley, Inc. d/b/a Sun Lite, SunnyBrook RV, Inc., TL Industries, Inc., Recreation by Design, LLC, Frontier RV, Inc., Cruiser RV, LLC, Play'Mor Trailers, Inc., Fluor Enterprises, Inc., CH2M Hill Constructors, Inc., Shaw Environmental, Inc., Forest River, Inc., Skyline Corporation, Layton Homes Corporation, and Bechtel National, Inc.. The motion is opposed by Plaintiffs' Liaison Counsel and the Plaintiffs' Steering Committee (Rec. Doc. 23006).

The defendants seek entry of a pre-discovery order known as a *Lone Pine*[1] order. Such "orders are designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000). Specifically, defendants seek entry of an order requiring that each plaintiff produce "a plaintiff-specific expert report that states whether the plaintiff has suffered an injury, a description of that specific injury, whether formaldehyde caused the injury, the explanation for

---

[1] *Lore v. Lone Pine Corp.*, 1986 WL 637507, No. L-33606-85 (N.J. Super. Ct. 1986).

1

such an opinion, the specific medical findings that opinion, the identity of other causes considered by the expert, and the identity of the documents the expert relied upon in rendering his opinion." Rec. Doc. 22808-1 at 10.

The Court does not find that such an order is appropriate at this time. As a matter of case management, and to reduce the potential burden on the parties, the Court has entered Pre-Trial Orders requiring that each plaintiff complete a Plaintiff Fact Sheet ("PFS"), providing at a minimum the information identified by the defendants as necessary to conduct an appropriate evaluation of the case. *See* Pre-Trial Orders Nos. 2, 32 and 88 (Rec. Docs. 87, 1180, 22124, as corrected at 22153). Where a plaintiff fails to materially comply with this obligation, a defendant may move to dismiss the plaintiff's claims after providing notice. *See id.* Counsel and the Court have been working through the process of gathering Plaintiff Fact Sheets, curing their deficiencies, and dismissing noncompliant plaintiffs. This process is beginning to wind down, and the parties soon will be in a position to evaluate the information received. Requiring each plaintiff to prove individualized causation at this juncture would not serve to further the purposes of this MDL. Defendants may re-urge their request at a later date.

Alternatively, the defendants seek an order requiring each plaintiff to "produce some evidence, in the form of medical records, expert reports, or some other competent evidence, that establishes the plaintiff has undergone medical treatment for some condition that has been scientifically associated with formaldehyde." Rec. Doc. 22808-1 at 11. Defendants state that the requirement would impose little burden because, once the Plaintiffs' Steering Committee has created a searchable database of the PFS data, "the parties should have a very clear idea of which plaintiffs have treated with a physician for a formaldehyde-related illness, and which have not." *Id.* at 12.

According to defendants' proposal, if a plaintiff has not treated with a physician, then his or her case "should be dismissed." *Id.* at 11. However, the defendants point to no Alabama, Louisiana, Mississippi, or Texas law that would justify dismissal of a plaintiff's entire case on this basis. Indeed, the defendants produce no legal support even for summary dismissal of a plaintiff's personal injury claims merely on grounds that they did not seek medical treatment at the time of injury. Thus, based on the showing made here, the defendants' alternative proposal likewise is denied. Accordingly,

**IT IS ORDERED** that the **Motion for Entry of *Lone Pine* Order (Rec. Doc. 22808)**, filed by defendants, is hereby **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this __5th__ day of October, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**