## Confirmation Report - Memory Send

```
                              Page          : 001
                              Date & Time:  06-30-11   07:06pm
                              Line 1        : 5044102796
                              Line 2        : 504 410 2796
                              Machine ID    : Provosty & Gankendorff, LLC
```

| | |
|---|---|
| Job number | : 453 |
| Date | : 06-30  07:04pm |
| To | : ☎110#2099990009#5616775# |
| Number of pages | : 006 |
| Start time | : 06-30  07:04pm |
| End time | : 06-30  07:06pm |
| Pages sent | : 006 |
| Status | : OK |

Job number   : 453                        *** SEND SUCCESSFUL ***

---

# PROVOSTY & GANKENDORFF, L.L.C.

### ATTORNEYS AND COUNSELORS AT LAW

Henry St. Paul Provosty[1]
Edgar D. Gankendorff
Christophe B. Szapary
Eric R.G. Balin
Lena D. Giangrosso[3]
Keelie M. Broom

Of Counsel:
J. Don Kelly, Jr.[2,3]

650 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-410-2795
Facsimile: 504-410-2796
E-Mail: attorneys@provostylaw.com

[1] A Professional Law Corporation
[2] Also Admitted in Tennessee
[3] Also Admitted in Texas

egankendorff@provostylaw.com

### FACSIMILE TRANSMISSION SHEET

**TO:** Joseph M. Bruno            **FAX:** 504-561-6775

**FROM:** Edgar D. Gankendorff     **DIRECT DIAL:** 504-410-2795

**SUBJECT:** FEMA Formaldehyde Litigation

**PAGES (INCLUDING COVER SHEET):** 6

**MESSAGE:** Please see attached

Original ____will / _XX____ will *not* be mailed.

--------------------------------

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) contain(s) or may contain confidential information belonging to the sender which may also be privileged and which is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure or use of the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents. If you do not receive all of the pages as indicated above, please call (504) 410-2795. Thank you.


EXHIBIT A

# PROVOSTY & GANKENDORFF, L.L.C.

### ATTORNEYS AND COUNSELORS AT LAW

Henry St. Paul Provosty[1]
Edgar D. Gankendorff[1]
Christophe B. Szapary
Eric R.G. Belin
Lena D. Giangrosso[3]
Keelie M. Broom

Of Counsel:
J. Don Kelly, Jr.[2,3]

650 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-410-2795
Facsimile: 504-410-2796
E-Mail: attorneys@provostylaw.com

[1] A Professional Law Corporation
[2] Also Admitted in Tennessee
[3] Also Admitted in Texas

egankendorff@provostylaw.com

## FACSIMILE TRANSMISSION SHEET

**TO:**          **Joseph M. Bruno**              **FAX:**          504-561-6775

**FROM:**        Edgar D. Gankendorff             **DIRECT DIAL:** 504-410-2795

**SUBJECT:**     FEMA Formaldehyde Litigation

**PAGES (INCLUDING COVER SHEET): 6**

**MESSAGE:** Please see attached

Original ___ will / _XX_ will *not* be mailed.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) contain(s) or may contain confidential information belonging to the sender which may also be privileged and which is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure or use of the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents. If you do not receive all of the pages as indicated above, please call (504) 410-2795. Thank you.

# PROVOSTY & GANKENDORFF, L.L.C.

### ATTORNEYS AND COUNSELORS AT LAW

Henry St. Paul Provosty[1]
Edgar D. Gankendorff[1]
Christophe B. Szapary
Eric R.G. Belin
Lena D. Giangrosso[3]
Keelie M. Broom

Of Counsel:
J. Don Kelly, Jr.[2,3]

650 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: 504-410-2795
Facsimile: 504-410-2796
E-Mail: attorneys@provostylaw.com

[1] A Professional Law Corporation
[2] Also Admitted in Tennessee
[3] Also Admitted in Texas

June 28, 2011

*Via Fax #504-561-6775 & U.S. Mail*
Joseph M. Bruno
Christopher Michael Hatcher
Michelle DeBarbieris
Bruno & Bruno
855 Baronne Street
New Orleans, LA 70113

    Re:    *In re: FEMA Trailer Formaldehyde Product Liability Litigation*
             MDL 1873
             Plaintiff Fact Sheets

Dear Ms. DeBarbieris & Gentlemen:

       We are writing on behalf of C. Martin Company pursuant to Pretrial Order Nos. 2, 32 and 88 concerning deficiencies in the Plaintiffs' recent production of the Plaintiff Fact Sheet (PFS). As you know, the PFS for the Plaintiffs were due to be served, fully executed and verified on February 1, 2010. However, we have not received PFS's for Vincent Beverly, Leo Quezergue, Portia Williams, Wanda Martin, Bernadine Bray, Edward Scott, and Earnestine Frank.

       In addition, the following specific PFS deficiencies were noted:

### Ablinocia Lindsey

1. Did not name the trailer manufacturer in V.A.1
2. Did not provide a bar code in V.A.4
3. Did not provide a smoking history of other trailer resident(s) in VI.D
4. Did not state whether there is a future medical claim in III.C.2
5. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
6. Did not produce the records claimed to be in her possession in VIII.A, C and D

Joseph M. Bruno
Christopher Michael Hatcher
Melissa DeBarbieris
June 28, 2011
Page 2

7. The PFS and medical authorizations were signed by Lydia C. Hunter, mother of Ablinocia Lindsey, while Ms. Lindsey is not a minor and there is no evidence of any lack of faculty or death

### Camilla Smothers

1. Did not provide a smoking history of other trailer resident(s) in VI.D
2. Did not state whether there is a future medical claim in III.C.2
3. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
4. Did not produce the records claimed to be in her possession in VIII.C

### Charles Smothers

1. Did not provide plaintiff's smoking history in VI.C
2. Did not provide a smoking history of other trailer resident(s) in VI.D
3. Did not state whether there is a future medical claim in III.C.2
4. Did not state whether there are any diagnosed illnesses in III.C.3
5. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
6. Did not prior information regarding prior medical history in VI.F(1) and (4) (incorrectly identified any VIII.F in Pretrial Order No. 88)
7. Did not produce the records claimed to be in his possession in VIII.A and C
8. Did not state whether he is seeking reimbursement of medical expenses in III.C.9
9. Did not state whether he is making a wage claim in IV.F.3
10. Did not state how many hours spent in the trailer each day in V.13

### Demetria Winchester

1. Did not name the trailer manufacturer in V.A.1
2. Did not provide a bar code in V.A.4
3. Did not provide a smoking history of other trailer resident(s) in VI.D
4. Did not state whether there is a future medical claim in III.C.2
5. Did not state whether there are any diagnosed illnesses in III.C.3
6. Did not produce the records claimed to be in her possession in VIII.C

2

Joseph M. Bruno
Christopher Michael Hatcher
Melissa DeBarbieris
June 28, 2011
Page 3

### Edward Vaughn

1. Did not state whether there are any diagnosed illnesses in III.C.3
2. Did not produce the records claimed to be in his possession in VIII.A

### Sheilah DeGruy

1. Did not state whether there is a future medical claim in III.C.2
2. Did not name the trailer manufacturer in V.A.1 (for the second trailer)
3. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)

### Sierra Bright

1. Did not state whether there is a future medical claim in III.C.2
2. Did not state whether there are any diagnosed illnesses in III.C.3
3. Did not name the trailer manufacturer in V.A.1
4. Did not provide a bar code in V.A.4 (for either first or second trailer)
5. Did not provide a smoking history of other trailer resident(s) in VI.D
6. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
7. Did not produce the records claimed to be in his possession in VIII.C
8. The PFS and medical authorizations were signed by Lydia C. Hunter, mother of Sierra Bright, while Ms. Bright is not a minor and there is no evidence of any lack of faculty or death

### George Butler, Jr.

1. Did not state whether there is a future medical claim in III.C.2
2. Did not provide plaintiff's smoking history in VI.C
3. Did not provide a smoking history of other trailer resident(s) in VI.D
4. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
5. Did not produce the records claimed to be in his possession in VIII.B

### Gerty Richardson

Joseph M. Bruno
Christopher Michael Hatcher
Melissa DeBarbieris
June 28, 2011
Page 4

1. Did not state whether there is a future medical claim in III.C.2
2. Did not state whether there are any diagnosed illnesses in III.C.3
3. Did not state whether she is claiming mental or emotional damages in III.C.8
4. Did not state whether she is seeking reimbursement of medical expenses in III.C.9
5. Did not state how many hours spent in the trailer each day in V.13
6. Did not provide names of all trailer resident(s) in V.E
7. Did not provide plaintiff's smoking history in VI.C
8. Did not provide a smoking history of other trailer resident(s) in VI.D
9. Did not prior information regarding prior medical history in VI.F(1) and (4) (incorrectly identified any VIII.F in Pretrial Order No. 88)
10. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
11. Did not produce the records claimed to be in her possession in VIII.B, nor did she advise whether she does or does not have any of the records listed in VIII.A, C, or D

**Janet Bracy**

1. Did not state whether there are any diagnosed illnesses in III.C.3
2. Did not provide a trailer move-in date in V.6
3. Did not provide a trailer move-out date in V.7
4. Did not provide a smoking history of other trailer resident(s) in VI.D
5. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
6. Did not produce the records claimed to be in her possession in VIII.B

**Lydia Hunter**

1. Did not state whether there is a future medical claim in III.C.2
2. Did not state whether there are any diagnosed illnesses in III.C.3
3. Did not name the trailer manufacturer in V.A.1 (for trailer number 1)
4. Did not provide a smoking history of other trailer resident(s) in VI.D
5. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88)
6. Did not produce the records claimed to be in her possession in VIII.C

Additionally, Plaintiffs' PFS's are deficient in additional ways not specifically listed herein above which ways are not specifically listed as priority deficiencies in Pretrial Order No.

4

Joseph M. Bruno
Christopher Michael Hatcher
Melissa DeBarbieris
June 28, 2011
Page 5

88. Defendant C. Martin Company retains the right to raise these additional deficiencies at a later date and specifically does not waive the right to raise any such deficiencies.

With respect to the above deficiencies, please arrange for supplemental or corrected responses to be provided to me no later than 3:00 p.m. on August 23, 2011. Please be advised that if Plaintiffs do not do so within this time period, we may file an appropriate motion addressing Plaintiffs' non-compliance with case management obligations without further notice. Thank you for your prompt attention to the issues raised.

Sincerely,

PROVOSTY & GANKENDORFF, LLC

Edgar D. Gankendorff

EDG/LDG

5