UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | : : | JUDGE KURT D. ENGELHARDT DOCKET NO: MDL 1873 (N-5) |
| This Document Relates to: *Acquanette German, et al versus Sun Valley, Inc., et al* E.D. La. Suit No. 10-1311 Plaintiff: *Acquanette German Leticia Washington Jacintha Williams, as Next Friend of J. W., Minor Jacintha Williams, as Next Friend of L. W., Minor* | : | MAG. JUDGE ALMA L. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88 <u>RELATING TO PLAINTIFF FACT SHEETS</u>**

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pretrial Orders No. 2, 32 and 88 relating to providing Plaintiff Fact Sheets:

- *Acquanette German*
- *Leticia Washington*
- *Jacintha Williams, as Next Friend of J.W., Minor*
- *Jacintha Williams, as Next Friend of L.W., Minor*

Sun Valley's Original Motion to Dismiss was filed under Rec. Doc. No. 22701; Plaintiffs' Original Opposition to the Motion was filed under Rec. Doc. No. 22863; Sun Valley's Reply in support of its Motion was filed under Rec. Doc. No. 22884; Plaintiffs' Sur-

Response to the Motion was filed under Rec. Doc. No. 22923; and this Court's Order denying the Original Motion and granting plaintiffs an additional seven (7) days to cure their deficient PFS was filed under Rec. Doc. No. 22969.[2]

I.    PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

The Court denied Sun Valley's Original Motion to Dismiss and granted plaintiffs seven (7) additional days to cure the deficiencies in their PFS. Sun Valley submits that plaintiffs have failed to fully comply with this Court's Pretrial Orders within the additional time allowed by the Court and their claims should be dismissed with prejudice.

1.    Acquanette German

Acquanette German has failed cure her unsigned, unmatched and deficient PFS. She was granted seven (7) additional days to cure her PFS and made no attempt and produced nothing to cure her PFS within the additional time granted to her by the Court.[3]

In support of Sun Valley's Original Motion to Dismiss, Sun Valley attached Ms. German's: (1) unsigned, unmatched and deficient PFS and "Amendment to the Plaintiff Fact Sheet", (2) Sun Valley's April 4, 2011, deficiency notice to Ms. German, and (3) the original unsigned, unmatched and deficient PFS Ms. German produced in response to the

---

[2] Sun Valley's Original Motion and this Court's Order denying the Motion addressed the claims of five (5) additional plaintiffs whose claims are not included in this Renewed Motion to Dismiss because they produced signed and certified "Plaintiff Fact Sheet Deficiency Answers" curing their deficiencies within the seven (7) additional days the Court granted them to cure their plaintiff fact sheets. Those plaintiffs are: Rosaria Glapion; Ethel Washington, individually and on behalf of the minors J.M.W. and C.W.; and Joseph Washington.

[3] The Court's Order granting Ms. German an additional seven (7) days to cure her PFS was rendered on September 22, 2011. Rec. Doc. No. 22969. Thus, her deadline to cure her PFS was September 29, 2011. She did not respond within the deadline. However, at 4:04 pm, on October 5, 2011, counsel for Ms. German notified the undersigned that he had "just heard from Acquanette German and [was] expecting her revised fact sheet shortly." See Exhibit A attached hereto. As of the filing of this Renewed Motion to Dismiss no deficiency answers have been received for Ms. German.

deficiency notice.[4] Ms. German's PFS, as amended, fails to provide answers to the following "key" questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # for Sun Valley | |
| Move in Date (only provides year) | V.A.6. |
| Move Out Date (only provides year) | V.A.7. |
| Smoking History of Other Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |
| Signature | |

The time to cure Ms. German's PFS has expired and her claims against Sun Valley should be dismissed for her failure to comply with this Court's Pretrial Orders 2, 32 and 88.

2. Jacintha Williams, as Next Friend of J. W., Minor
   Jacintha Williams, as Next Friend of L. W., Minor
   Leticia Washington

Jacintha Williams, on behalf of the Minors, J.W. and L.W., and Leticia Washington were given additional time to cure their PFS deficiencies. "Plaintiff Fact Sheet Deficiency Answers" were timely produced for each of these three plaintiffs that answered all of the deficiencies identified in Sun Valley's Original Motion to Dismiss, but none of the plaintiffs signed and certified their Deficiency Answers.[5] Some of the information provided by for the two Minors in their Deficiency Answers did not require re-certification pursuant to PTO 32, as discussed in more detail in the next section of this memorandum. However, those plaintiffs' were not relieved by PTO 32 of certifying most of their Deficiency Answers, and

---

[4] See Record Doc. No. 22701-3, No. 22701-4, and No. 22701-5.
[5] See Ex. B, attached hereto, in globo.

Ms. Washington was not relieved of certifying any of her Deficiency Answers. For the reasons discussed in more detail below, the claims asserted on behalf of the two Minors and Ms. Washington's claims against Sun Valley should be dismissed for failing to sign and certify their Deficiency Answers, and their resulting failure to comply with Pretrial Orders 2, 32 and 88.

II. PLAINTIFFS' CLAIMS SHOULD BE DISMISSED FOR FAILURE TO SIGN AND CERTIFY THEIR DEFICIENCY ANSWERS.

Pretrial Orders 2, 32 and 88 all require plaintiffs to sign and certify their PFS answers. In addition, and with specific reference to "PFS deficiencies and corrections[,]" plaintiffs are NOT relieved of the obligation to certify their supplemental or corrected PFS answers except for specific questions identified in PTO 32, which states: "**Plaintiffs who make corrections and/or updates to Section II (C & D) and/or Section V (A.1, A.2 & A.4) of the PFS Form shall not be required to re-certify their PFS submission.**"[6] (Emphasis added.)

All of the plaintiffs sought to be dismissed by this Renewed Motion to Dismiss failed to answers questions in their PFS that were not exempt from certification by PTO 32.[7] All of the plaintiffs were given additional time to cure their PFS and comply with PTOs 2, 32 and 88. And, all of the plaintiffs failed to comply with those pretrial orders by failing to sign and certify their corrected and/or updated answers.

---

[6] See Rec. Doc. No. 1180, at Section H, pp. 4-5 of 5.
[7] See Rec. Doc. No. 22705-1, which identifies each of the key questions, by subject matter and PFS section and number, that each plaintiff failed to answer, which failures plaintiffs did not dispute in their opposition.

By comparison, five (5) of the plaintiffs who were included in Sun Valley's Original Motion to Dismiss and who were also given seven (7) additional days to cure their PFS, did sign and certify their Deficiency Answers.[8]

Sun Valley submits that it is prejudiced by plaintiffs' failure to certify their Deficiency Answers. Sun Valley was previously scheduled to participate in a bellwether trial this very month. Earlier this year, Sun Valley was ordered to participate in mediation in an effort to avoid the expense and time a bellwether trial and continued litigation would impose on all parties and the Court. While mediation did not result in a settlement, all parties have continued to engage in good faith settlement discussions. Upon presenting to the Court that the dual bellwether litigation and settlement tracts posed an impediment to the parties' settlement negotiations, the Court permitted the parties to postpone the bellwether trial to focus their attention on settlement negotiations.

Another significant impediment to settlement negotiations has been the deficient information provided by Sun Valley plaintiffs in their PFS. Numerous motions to dismiss the claims of plaintiffs who failed to produce or cure their PFS have been filed by Sun Valley and ruled upon by this Court. Twenty-One of the plaintiffs Sun Valley sought to have dismissed were given additional time to cure their PFS.

In the motion and PFS curing process, Sun Valley has discovered that numerous plaintiffs have failed to maintain communication with their attorneys.[9] More recently, a

---

[8] Sun Valley's Original Motion and this Court's Order denying the Motion addressed the claims of five (5) additional plaintiffs whose claims are not included in this Renewed Motion to Dismiss because they produced signed and certified "Plaintiff Fact Sheet Deficiency Answers" curing their deficiencies within the seven (7) additional days the Court granted them to cure their plaintiff fact sheets. Those plaintiffs are: Rosaria Glapion; Ethel Washington, individually and on behalf of the minors J.M.W. and C.W.; and Joseph Washington. See Exhibit C, attached hereto, in globo.

plaintiff Sun Valley sought to have dismissed and who was given additional time to cure her PFS, produced unsigned and un-certified Deficiency Answers in September 2011 answering the question about when she moved out of her Sun Valley trailer stating, **"As of October 2010 plaintiff was still living in the trailer."**[10] This answer clearly demonstrates that the information is stale and the plaintiff is not maintaining communication with her attorney. And, even more recently, Ms. Acquanette German, whose claims are sought to be dismissed herein, has reportedly surfaced well after the deadline for the additional time she was granted by the Court to cure her PFS and will reportedly cure her PFS "shortly."[11]

Such evidence undermines the entire PFS and curing process that is so critical to the settlement of claims, and impairs the negotiation process because the settlement target is constantly moving. As demonstrated by the plaintiffs in this matter who Sun Valley previously sought to dismiss, the signing and certification of Deficiency Answers is not difficult or complicated.[12] Moreover, it promotes efficiency and less demands on the time and resources of the parties and the Court. And, most importantly, signing and certifying updated and/or corrected PFS answers complies with Pretrial Orders 2, 32 and 88.

Sun Valley submits that the prejudice produced by stale and late deficiency answers could be easily rectified by a plaintiff simply certifying their deficiency answers, which would streamline the PFS deficiency and correction process, provide significantly useful

---

[9] By way of example, see Rec. Doc. No. 22864-1, Plaintiffs' Ex. A, attached to Plaintiffs' Memorandum in Opposition to Defendants Motion to Dismiss, opposing Sun Valley's Motion to Dismiss plaintiffs in the Gerod Macon matter, at Rec. Doc. No. 22703. Similar exhibits establishing numerous plaintiffs' failures to maintain communication with their attorneys have been filed in opposition to numerous motions to dismiss filed by many different defendants.
[10] See Rec. Doc. No. 23035, and Ex. A attached thereto, at Rec. Doc. No. 23035-3.
[11] See Footnote 1, above.
[12] See Footnote 8, above, and Ex. C, attached hereto.

information to the settlements sought to be supported by the current PFS process, and significantly reduce the prejudice of a moving settlement target, and the demands on the time and resources of the parties, Special Master, and Court.

III. CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of above captioned plaintiffs against Sun Valley. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. The plaintiffs sought to be dismissed herein, were granted additional time to cure their PFS deficiencies as a lesser sanction than the dismissal sought in Sun Valley's Original Motion to Dismiss. Yet, those plaintiffs have failed to comply with the Court's PFS pretrial orders. Without this simulated discovery response, Sun Valley is significantly prejudiced in its evaluation of settlement versus future litigation, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Acquanette German, Leticia Washington, Jacintha Williams, as Next Friend of J. W. (Minor),

and Jacintha Williams, as Next Friend of L. W. (Minor), and should be granted, dismissing these plaintiffs' claims against Sun Valley with prejudice.

> Respectfully submitted
> Voorhies & Labbé
>
> /S/ Lamont P. Domingue
> Lamont P. Domingue, #20787
> 700 St. John Street, 5th Floor (70501)
> Post Office Box 3527
> Lafayette, Louisiana 70502
> **PHONE:** 337-232-9700
> **FAX:** 337-235-4943
> E-Mail: lpd@volalaw.com
> **Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Renewed Motion to Dismiss for Failure to Comply with Pretrial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 6th day of October, 2011.

> /S/ Lamont P. Domingue
> Lamont P. Domingue