UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY<br>LITIGATION | : <br><br>: | JUDGE KURT D. ENGELHARDT<br><br>DOCKET NO:   MDL 1873 (N-5) |
| This Document Relates to:<br>*Gerod Macon, et al versus*<br>*Sun Valley, Inc., et al*<br>E.D. La. Suit No. 09-7109<br>Plaintiff:   Deirdre Bradley<br>            Rodney Bradley<br>            Judy McArthur, as Next Friend of B. T., Minor | : | MAG. JUDGE ALMA L. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF OPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRETRIAL ORDERS NO. 2, 32 & 88
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Sun Valley, Inc. ("Sun Valley"), moves this Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pretrial Orders No. 2, 32 and 88 relating to providing Plaintiff Fact Sheets:

- Deirdre Bradley
- Rodney Bradley
- Judy McArthur, as Next Friend of B. T., Minor

Sun Valley's Original Motion to Dismiss was filed under Rec. Doc. No. 22703; Plaintiffs' Original Opposition to the Motion was filed under Rec. Doc. No. 22864; Sun Valley's Reply in support of its Motion was filed under Rec. Doc. No. 22883; Plaintiffs' Amended Opposition to the Motion was filed under Rec. Doc. No. 22919; Plaintiffs' Sur-Response to the Motion was filed under Rec. Doc. No. 22929; and this Court's Order

denying the Original Motion, in part, and granting plaintiffs an additional seven (7) days to cure their deficient PFS was filed under Rec. Doc. No. 22984.[1]

I.   PLAINTIFFS' FAILURE TO CURE PFS DEFICIENCIES

The Court denied Sun Valley's Original Motion to Dismiss and granted plaintiffs seven (7) additional days to cure the deficiencies in their PFS. Sun Valley submits that plaintiffs have failed to fully comply with this Court's Pretrial Orders within the additional time allowed by the Court and their claims should be dismissed with prejudice.

　　　　1.   Deirdre Bradley

Deirdre Bradley has failed cure her unsigned and deficient PFS. She was granted seven (7) additional days to cure her PFS and made no attempt and produced nothing to cure her PFS within the additional time granted to her by the Court.[2]

In support of Sun Valley's Original Motion to Dismiss, Sun Valley attached Ms. Bradley's: (1) unsigned and deficient PFS; (2) Sun Valley's April 4, 2011, deficiency notice to Ms. Bradley's attorney; and (3) the original unsigned and deficient PFS Ms. Bradley produced in response to the deficiency notice.[3]

Ms. Bradley's **unsigned** PFS still fails to provide answers to the following "key" questions:

---

[1] Sun Valley's Original Motion and this Court's Order denying the Motion addressed the claims of five (5) additional plaintiffs whose claims are not included in this Renewed Motion to Dismiss because they were dismissed by the Court. Those plaintiffs are: Zetalla Cannon; Judy McArthur, individually; Thomas McArthur; Bernadette Seymour and Martin McArthur, Jr.
[2] The Court's Order granting Ms. Bradley an additional seven (7) days to cure her PFS was rendered on September 22, 2011. Rec. Doc. No. 22984. Thus, her deadline to cure her PFS was September 29, 2011. To date, Sun Valley has received no cured PFS or Deficiency Answers, or any supplement information whatsoever, from Ms. Bradley.
[3] See Rec. Doc. No. 23703-3, No. 23703-4 and No. 23703-5.

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Bar Code | V.A.4. |
| Move in Date – No month or day | V.A.6. |
| Move Out Date – No month or day | V.A.7. |
| Installation Address – No city/state | V.A.8. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13. |
| Signature | |

In addition to failing to cure her PFS, Ms. Bradley has not maintained communication with her attorney.[4] The time to cure Ms. Bradley's PFS has expired and her claims against Sun Valley should be dismissed for her failure to comply with this Court's Pretrial Orders 2, 32 and 88.

2.   Rodney Bradley

Rodney Bradley has failed cure his unsigned and deficient PFS. He was granted seven (7) additional days to cure his PFS and made no attempt and produced nothing to cure his PFS within the additional time granted to him by the Court.[5]

In support of Sun Valley's Original Motion to Dismiss, Sun Valley attached Mr. Bradley's: (1) unsigned and deficient PFS; (2) Sun Valley's April 4, 2011, deficiency notice

---

[4] See Rec. Doc. No. 22864-1, Ex. A attached to Plaintiff's Original Opposition, at p. 2 of 5, para. A.
[5] The Court's Order granting Mr. Bradley an additional seven (7) days to cure her PFS was rendered on September 22, 2011. Rec. Doc. No. 22984. Thus, his deadline to cure his PFS was September 29, 2011. To date, Sun Valley has received no cured PFS or Deficiency Answers, or any supplement information whatsoever, from Mr. Bradley.

to Mr. Bradley's attorney; and (3) the original unsigned and deficient PFS Mr. Bradley produced in response to the deficiency notice.[6]

Mr. Bradley's **unsigned** PFS still fails to provide answers to the following "key" questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date – No month or day | V.A.6. |
| Move Out Date – No month or day | V.A.7. |
| Installation Address – No city/state | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. (First question below chart) |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI(F)(1&4) |
| Checklist | III.C. |
| If requesting medical expenses | III.C.9. |
| If making a wage claim | IV.F.3 |
| Number of hours spent in trailer/day | V.A.13 |
| Signature | |

In addition to failing to cure his PFS, Mr. Bradley has not maintained communication with his attorney.[7] The time to cure Mr. Bradley's PFS has expired and his claims against Sun Valley should be dismissed for his failure to comply with this Court's Pretrial Orders 2, 32 and 88.

3.   Judy McArthur, as Next Friend of B. T., Minor

Judy McArthur, on behalf of the Minor B.T. was given additional time to cure the Minor's PFS deficiencies. "Plaintiff Fact Sheet Deficiency Answers" were timely produced for

---

[6] See Rec. Doc. No. 23703-6, No. 23703-7 and No. 23703-8.
[7] See Rec. Doc. No. 22864-1, Ex. A attached to Plaintiff's Original Opposition, at p. 2 of 5, para. B.

the Minor B.T.[8] that provided answers for the three deficiencies identified in Sun Valley's Original Motion to Dismiss, namely the Move-In and Move-Out Dates and Smoking History of Other Resident(s). However, Ms. McArthur did not sign the Deficiency Answers. In addition, her answer to the question about the smoking of other residents was, "I do not recall the smoking history of other residents."

Sun Valley submits Ms. McArthur's failure to sign and certify the Deficiency Answers produced for the Minor B.T., together with the "I do not recall" response to whether other residents smoked in or out of the Sun Valley trailer, and the lack of communication between Ms. McArthur and her attorney[9], combine to call into question and undermine the Move-In and Move-Out Dates. In addition, while not a "key" question for plaintiffs who provide a VIN, Ms. McArthur failed to identify others residents who may have occupied the Sun Valley trailer with her and the Minor B.T. in both her individual PFS and the PFS she produced for the Minor B.T. As a result, Sun Valley is without the ability to cross-reference the PFS of other possible residents to discover whether they smoked in or around the Minor B.T.[10]

Under these circumstances, Ms. McArthur's failure to certify the PFS produce for the Minor B.T. creates doubt in the Deficiency Answers and prejudices Sun Valley as it seeks to choose between settling the claims of plaintiffs who have complied with the Court's pretrial orders regarding PFS or proceeding with a bellwether trial and other litigation of those claims.

---

[8] See Ex. A, attached hereto.
[9] Ms. McArthur's claims against Sun Valley were dismissed by this Court for her failure to timely cure her PFS and failure to communicate with her attorney. See Rec. Doc. No. 22984, at pp. 5-6 of 8.
[10] See Rec. Doc. No. 22703-12 (PFS for Judy McArthur) and Rec. Doc. No. 22703-21 (PFS for the Minor B.T.).

Pretrial Orders 2, 32 and 88 all require plaintiffs to sign and certify their PFS answers. In addition, and with specific reference to "PFS deficiencies and corrections[,]" plaintiffs are NOT relieved of the obligation to certify their supplemental or corrected PFS answers except for specific questions identified in PTO 32, which states: "**Plaintiffs who make corrections and/or updates to Section II (C & D) and/or Section V (A.1, A.2 & A.4) of the PFS Form shall not be required to re-certify their PFS submission.**"[11] (Emphasis added.)

Under PTO 32, Ms. McArthur is not relieved of the requirement to sign and certify belated answers to the PFS questions concerning the Move-In/Move-Out Dates and the smoking of other residents. Deficiency notices were sent to Ms. McArthur's attorney on June 21, 2010, and April 4, 2011.[12] She failed to stay in contact with her attorney and failed to cure the deficiencies in both her own PFS and those of the Minor B.T. When deficiency answers were finally provided for the Minor B.T., after Ms. McArthur was afforded the lesser sanction of additional time to cure the Minor's PFS, the answers are not signed and certified.

Sun Valley submits that there is sufficient evidence and sufficient grounds to dismiss the claims of Judy McArthur on behalf of the Minor B.T. for her failure to comply with this Court's Pretrial Orders 2, 32, and 88, and respectfully request those claims against Sun Valley be dismissed, with prejudice.

II.   CONCLUSION

Thus, Sun Valley moves for an Order dismissing the claims of above captioned plaintiffs against Sun Valley. As it prepares for additional litigation, evaluates the possibility

---

[11] See Rec. Doc. No. 1180, at Section H, pp. 4-5 of 5.
[12] See Rec. Doc. No. 22703-22.

of settlement, and analyzes other issues concerning the progress of this lawsuit, Sun Valley must be able to obtain information about those who make allegations against it.

The PFS serves as the best and, presently, the only way to acquire such information. To facilitate settlement, plaintiffs were provided significant relief from the original PFS process when this Court streamlined the process and required that plaintiffs only answer 23 key questions and sign their PFS. The plaintiffs sought to be dismissed herein, were granted additional time to cure their PFS deficiencies as a lesser sanction than the dismissal sought in Sun Valley's Original Motion to Dismiss. Yet, those plaintiffs have failed to comply with the Court's PFS pretrial orders. Without this simulated discovery response, Sun Valley is significantly prejudiced in its evaluation of settlement versus future litigation, does not have sufficient information to evaluate plaintiffs claims and there is good cause for the Court to prevent further delay and prejudice against Sun Valley by dismissing the claims of these plaintiffs.

In accordance with Pretrial Orders Nos. 2, 32, and 88 and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sun Valley against Deirdre Bradley, Rodney Bradley, and Judy McArthur, as Next Friend of B. T. (Minor) should be granted, dismissing these plaintiffs' claims against Sun Valley, with prejudice.

Respectfully submitted

Voorhies & Labbé

/S/ Lamont P. Domingue

Lamont P. Domingue, #20787
700 St. John Street, 5th Floor (70501)
Post Office Box 3527
Lafayette, Louisiana 70502
**PHONE:** 337-232-9700
**FAX:** 337-235-4943
E-Mail: lpd@volalaw.com
**Attorneys for Sun Valley, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum in Support of Renewed Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2, 32 & 88 Relating to Plaintiffs Fact Sheets has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 6th day of October, 2011.

/S/ Lamont P. Domingue
Lamont P. Domingue