UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Michelle Dantoni v. Jayco, Inc.* | * | |
| Docket No. 09-3910 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Efzelda Booker | * | |
| Peter Graffia | * | |
| Trenell Nelson | * | |
| Trenell Nelson obo Ashanti Nelson | * | |
| Trenell Nelson obo Dishaun Nelson | * | |
| Gerald Truxillo | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco") and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Efzelda Booker (Plaintiff in *Dantoni,* C.A. 09-3910)
- Peter Graffia (Plaintiff in *Dantoni,* C.A. 09-3910)
- Trenell Nelson (Plaintiff in *Dantoni,* C.A. 09-3910)
- Trenell Nelson, on behalf of Ashanti Nelson (Plaintiff in *Dantoni,* C.A. 09-3910)
- Trenell Nelson, on behalf of Dishaun Nelson (Plaintiff in *Dantoni,* C.A. 09-3910)

- Gerald Truxillo (Plaintiff in *Dantoni,* C.A. 09-3910)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to

comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Efzelda Booker**

Efzelda Booker's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Efzelda Booker, attached as Exhibit "A"). Efzelda Booker's fact sheet only provided her name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Efzelda Booker's fact sheet. (*See*

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B").  It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Efzelda Booker has only answered 6 of the required 23 key questions. Therefore, Efzelda Booker's fact sheet remains incomplete.

### Peter Graffia

Peter Graffia's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Peter Graffia, attached as Exhibit "C").  Peter Graffia's fact sheet only provided his name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer.  Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Peter Graffia's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B").  It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Peter Graffia has only answered 6 of the required 23 key questions. Therefore, Peter Graffia's fact sheet remains incomplete.

### Trenell Nelson

Trenell Nelson's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Trenell Nelson, attached as Exhibit "D").  Trenell Nelson's fact sheet only provided her name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer.  Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id).

Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Trenell Nelson's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B").  It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Trenell Nelson has only answered 6 of the required 23 key questions. Therefore, Trenell Nelson's fact sheet remains incomplete.

### Trenell Nelson, on behalf of Ashanti Nelson

Ashanti Nelson's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Ashanti Nelson, attached as Exhibit "E").  Ashanti Nelson's fact sheet only provided her name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer.  Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id).  Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient.  In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Ashanti Nelson's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B").  It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Ashanti Nelson has only answered 6 of the required 23 key questions. Therefore, Ashanti Nelson's fact sheet remains incomplete.

### Trenell Nelson, on behalf of Dishaun Nelson

Dishaun Nelson's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet

of Dishaun Nelson, attached as Exhibit "F"). Dishaun Nelson's fact sheet only provided his name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Dishaun Nelson's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Dishaun Nelson has only answered 6 of the required 23 key questions. Therefore, Dishaun Nelson's fact sheet remains incomplete.

### Gerald Truxillo

Gerald Truxillo's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Gerald Truxillo, attached as Exhibit "G"). Gerald Truxillo's fact sheet only provided his name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Gerald Truxillo's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Gerald Truxillo has only answered 6 of the required 23 key questions. Therefore, Gerald

Truxillo's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiff's counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Efzelda Booker, Peter Graffia, Trenell Nelson, Trenell Nelson on behalf of Ashanti Nelson, Trenell Nelson on behalf of Dishaun Nelson and Gerald Truxillo, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By: s/*Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas 77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**



**MIDDLEBERG, RIDDLE & GIANNA**


By: s/*Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
(214) 220-6334 – Telephone
(214) 220-6807 – Facsimile

-and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

-and-

> Richard A. Sherburne., La. Bar No. 2106
> 450 Laurel Street, Suite 1101
> Baton Rouge, Louisiana 70801
> (225) 381-7700 – Telephone
> (225) 381-7730 – Facsimile
>
> **Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 7th day of October, 2011.

> s/*Thomas L. Cougill*
> THOMAS L. COUGILL