**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
SUITE 2775 PAN AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

Tel.: (504) 568-1990
Fax: (504) 310-9195

e-mail:
kredmann@lawla.com

August 25, 2011

Mr. Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

Re: In Re: FEMA Trailer Formaldehyde Products Liability Litigation
United States District Court, Eastern District of Louisiana
MDL No. 1873, Section N, 5
Judge Englehardt, Magistrate Chasez
Our File No. 14257-09563

Dear Mr. Becnel:

Attached are proposed motions to dismiss plaintiffs in the following matters.

1) Edward Dominguez;
2) Edwin Dominguez;
3) Lizangela Dominguez; and
4) Gwangi Alston.

Let me know if you have any objection to filing these motions as unopposed. We sent deficiency letters on May 20 but did not receive a completed fact sheet for any of these plaintiffs.

With kindest regards,

Sincerely,

*Kristopher M. Redmann/AEB.*

Kristopher M. Redmann

KMR/tmh
Enclosures

1021124_1

**EXHIBIT B**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | *<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION: N |
| This document relates to:<br>   *Gwangi Alston v.*<br>   *v. Liberty Mutual Ins. Corp.*<br>   No. 09-5408 | *<br>*<br>*<br>*<br>* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## UNOPPOSED MOTION TO DISMISS FOR
## FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS.
## 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

NOW INTO COURT, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), who moves this Honorable Court to dismiss the claims of plaintiff Gwangi Alston with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets. The reasons for the Motion are more fully set forth in the attached Memorandum in Support. Further, the undersigned has contacted opposing counsel regarding this Motion, and opposing counsel has stated that it has no objection to the dismissal of the foregoing plaintiff.

Respectfully submitted,

s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN &
   HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Attorneys for Liberty Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                                                   s/Kristopher M. Redmann

                                     Kristopher M. Redmann, La. Bar No. 18397

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 SECTION: N |
| This document relates to: Gwangi Alston v. v. Liberty Mutual Ins. Corp. No. 09-5408 | * * * * * | |

* * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of Gwangi Alston with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets.

I.  Factual Background.

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

>Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed and signed PFS."[3]

On _____, the undersigned contacted opposing counsel regarding this Motion, and opposing counsel has stated that it has no objection to the dismissal of the foregoing plaintiff.

II.   Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Gwangi Alston v. Liberty Mutual Insurance Corporation*, Docket No. 09-6978, was filed in August of 2009. Because the aforementioned plaintiff was added as a plaintiff in the MDL before November 30, 2009, PTO No. 32 Section F, governs the submittal of her PFS. This section states:

> For any Complaint that is filed on or before November 30, 2009 and for which the individual(s) has not completed a PFS, service of the completed and verified PFS forms for each named plaintiff shall be served by December 31, 2009. Any individual who has filed suit on or before November 30, 2009 and who fails to complete and serve a PFS form on or before December 31, 2009, shall have his/her claim dismissed with prejudice, absent a showing of good cause.

Section F of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *Alston* matter to submit a PFS was December 31, 2009. To date, the plaintiff has not submitted a signed PFS. As such, in accordance with PTO No. 32, the proper remedy is dismissal of this plaintiff's claims, *with prejudice*.

On May 20, 2011, the Mover, through undersigned counsel, notified the Becnel Law Firm, LLC in writing that the plaintiff has not submitted a PFS as directed by PTO Nos. 2 and 32. (See Exhibit A.) Counsel for the plaintiffs did not respond to Liberty Mutual's request. On _____, 2011 undersigned counsel again contacted Plaintiff's counsel who responded that it did not have PFS for the plaintiff and that these claims could be dismissed. (See Exhibit B.)

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court

sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of Gwangi Alston, with prejudice.

### III. Conclusion

As established above, plaintiff Gwangi Alston has not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Unopposed Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiff, with prejudice.

Respectfully submitted,

s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION: N |
| This document relates to: | * | |
| Gwangi Alston v. | * | |
| v. Liberty Mutual Ins. Corp. | * | |
| No. 09-5408 | * | |

* * * * * * * * * * * * * * * * * * * *

## NOTICE OF SUBMISSION

Considering Liberty Mutual Insurance Company's Motion to Dismiss ("Motion");

PLEASE TAKE NOTICE that Liberty Mutual's Motion is set for hearing on _____, 2011 at 9:30 a.m. before the Honorable Kurt L. Engelhardt, United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                                                                                           s/Kristopher M. Redmann

                                                            Kristopher M. Redmann, La. Bar No. 18397

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION: N |
| This document relates to:<br>*Gwangi Alston v.*<br>*v. Liberty Mutual Ins. Corp.*<br>No. 09-5408 | * * * * * | |

* * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the foregoing Unopposed Motion to Dismiss For Failure to Comply With Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Liberty Mutual's Motion is Granted and the claims of Plaintiff Gwangi Alston against Liberty Mutual Insurance Company be and are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ____ day of _____, 2011.

_____
Hon. Kurt D. Engelhardt
Judge, United States District Court
Eastern District of Louisiana