**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
SUITE 2775 PAN AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

Tel.: (504) 568-1990
Fax: (504) 310-9195

e-mail:
kredmann@lawla.com

October 5, 2011

Mr. Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
106 W. Seventh Street
P.O. Drawer H
Reserve, LA 70084

Re: In Re: FEMA Trailer Fomaldehyde Products Liability Litigation
United States District Court, Eastern District of Louisiana
MDL No. 1873, Section N, 5
Judge Englehardt, Magistrate Chasez
Our File No. 14257-09563

Dear Mr. Becnel:

I am following up on the enclosed correspondence requesting dismissal of the following plaintiffs:

1. Edward Dominguez;
2. Edwin Dominguez;
3. Lizangela Dominguez; and
4. Gwangi Alston.

Please let me know as soon as possible if you have any objection to our filing the motions as unopposed. If I do not hear from you by the close of business on Thursday, October 6 we will file the motions as opposed.

With kindest regards,

Sincerely,

*Kristopher M. Redmann/tmh*

Kristopher M. Redmann

KMR/tmh
Enclosure

1021124_1

**EXHIBIT C**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION: N |
| This document relates to: | * | |
| *Dominguez v. Liberty Mutual Ins. Corp.* No. 10-2416 | * * * | |

* * * * * * * * * * * * * * * * *

### UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

NOW INTO COURT, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), who moves this Honorable Court to dismiss the claims of the following plaintiffs:

1. Edward Dominguez
2. Edwin Dominguez
3. Lizangela Dominguez

(collectively, the "*Dominguez* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets. The reasons for the Motion are more fully set forth in the attached Memorandum in Support. Further, the undersigned has contacted opposing counsel regarding this Motion, and opposing counsel has stated that it has no objection to the dismissal of these plaintiffs.

Respectfully submitted,

s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER　　　　　　　*　　　　MDL NO. 1873
FORMALDEHYDE PRODUCTS　　*
LIABILITY LITIGATION　　　　　　*　　　　SECTION: N
　　　　　　　　　　　　　　　　　　　　　　*
This document relates to:　　　　　*
　Dominguez v. Liberty Mutual Ins. Corp.　*
　No. 10-2416　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　　*
* * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of the following plaintiffs:

4. Edward Dominguez

5. Edwin Dominguez

6. Lizangela Dominguez

(collectively, the "*Dominguez* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

**I.　Factual Background.**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order

introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32.[3]

On _____, the undersigned contacted opposing counsel regarding this Motion, and opposing counsel has stated that it has no objection to the dismissal of the *Dominguez* Plaintiffs.

## II.  Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 5.

these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Edward Dominguez et al. v. Liberty Insurance Corporation*, Docket No. 10-2416, was filed in August of 2010. Because the *Dominguez* Plaintiffs were added as plaintiffs in the MDL in August 2010, PTO No. 32 Section G, governs the submittal of their PFS. This section states:

> For any Complaint filed after November 30, 2009, and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

Section G of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *Dominguez* matter to submit a PFS was "30 days from the day of filing of the individual claims". To date, none of the *Dominguez* Plaintiffs have submitted a PFS. Moreover As such, in accordance with PTO No. 32, the proper remedy is dismissal of his claims, *with prejudice*.

On May 20, 2011, the Mover, through undersigned counsel, notified the Becnel Law Firm in writing that the *Dominguez* Plaintiffs have not submitted a PFS as directed by PTO Nos. 2 and 32. (See Exhibit A.) Counsel for plaintiffs Edward Dominguez and Edwin Dominguez did not provide any fact sheets in response to Liberty Mutual's request. A fact sheet was produced for plaintiff Lizangela Dominguez; however, it was not signed or dated. On _____, 2011 undersigned counsel again contacted Plaintiff's counsel who responded that

it did not have a completed, signed PFS for the *Dominguez* Plaintiffs and that their claims could be dismissed. (See Exhibit B.)

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of the *Dominguez* Plaintiffs, with prejudice.

### III. Conclusion

As established above, the *Dominguez* Plaintiffs named herein have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Unopposed Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

/s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

_____s/Kristopher M. Redmann_____

Kristopher M. Redmann, La. Bar No. 18397

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION<br><br>This document relates to:<br>   *Dominguez v. Liberty Mutual Ins. Corp.*<br>   No. 10-2416 | * * * * * * * * * | MDL NO. 1873<br><br>SECTION: N |

* * * * * * * * * * * * * * * * *

## NOTICE OF SUBMISSION

Considering Liberty Mutual Insurance Company's Motion to Dismiss ("Motion");

PLEASE TAKE NOTICE that Liberty Mutual's Motion is set for hearing on _____, 2011 at 9:30 a.m. before the Honorable Kurt L. Engelhardt, United States District Court for the Eastern District of Louisiana.

          Respectfully submitted,

          /s/ Kristopher M. Redmann
          KRISTOPHER T. WILSON, La. Bar #23978
          KRISTOPHER M. REDMANN, La. Bar #18397
          ANNE E. BRIARD, La. Bar #29102
          LUGENBUHL, WHEATON, PECK, RANKIN &
              HUBBARD
          601 Poydras Street, Suite 2775
          New Orleans, Louisiana 70130
          Telephone: (504) 568-1990
          Attorneys for Liberty Mutual Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                                                                                    _____s/Kristopher M. Redmann_____

                                                                                    Kristopher M. Redmann, La. Bar No. 18397

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION<br><br>This document relates to:<br>*Dominguez v. Liberty Mutual Ins. Corp.*<br>No. 10-2416 | * * * * * * * * * | MDL NO. 1873<br><br>SECTION: N |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

Considering the foregoing Unopposed Motion to Dismiss For Failure to Comply With Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Liberty Mutual's Motion is Granted and the claims of Plaintiffs

1. Edward Dominguez
2. Edwin Dominguez
3. Lizangela Dominguez

against Liberty Mutual Insurance Company be and are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ____ day of _____, 2011.

_____
Hon. Kurt D. Engelhardt
Judge, United States District Court
Eastern District of Louisiana