UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Christine J. Kellsten v. Jayco, Inc.* | * | |
| Docket No. 10-0269 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Lora Conway | * | |
| Lora Conway, obo K.C. | * | |
| Timothy Conway | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32 <u>RELATING TO PLAINTIFF FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. and Jayco Enterprises, Inc. (together the "Jayco Defendants") and Bechtel National, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Lora Conway (Plaintiff in *Kellsten,* C.A. 10-0269)
- Lora Conway, on behalf of K.C. (Plaintiff in *Kellsten,* C.A. 10-0269)
- Timothy Conway (Plaintiff in *Kellsten,* C.A. 10-0269)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to

2

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Lora Conway

*Christine Kellsten v. Jayco, Inc.* was filed on December 8, 2009. The Jayco Defendants sent correspondence to Plaintiff's Counsel advising that the above mentioned plaintiff failed to provide a plaintiff fact sheet. (*See* correspondence to Counsel for Plaintiff, April 13, 2011, attached as Exhibit "A"). After several weeks without a response from Plaintiff Counsel, the Jayco Defendants followed up with Plaintiff Counsel and sent the April 13th correspondence once again to Plaintiff Counsel. (*See* email correspondence to Counsel for Plaintiff from Roslyn West at Willingham, Fultz and Cougill, Counsel for the Jayco Defendants, May 17, 2011, attached as Exhibit "B"). Plaintiff counsel responded to The Jayco Defendants' second request by producing plaintiff fact sheets for all the plaintiffs named in the Jayco Defendants' letter. (*See* correspondence from Edward Gibson at Hawkins, Stracener & Gibson, Counsel for Plaintiff, to the undersigned, May 26, 2011, attached as Exhibit "C"). Plaintiff Counsel provided the Jayco Defendants with an unsigned and undated plaintiff fact sheet for Lora Conway. (*See* Plaintiff Fact Sheet for Lora Conway, attached as Exhibit "D"). Upon receipt of the fact sheet,

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2] Rec. Doc. No. 22153.

Counsel for the Jayco Defendants reviewed it and deemed the fact sheet deficient. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Id.)

In accordance with the agreed to Plaintiff Fact Sheet process, the Jayco Defendants thereby drafted a Rule 37 letter on June 28, 2011 and outline all deficiencies of Lora Conway's fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, June 28, 2011, attached as Exhibit "E"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Lora Conway has only answered 11 of the required 23 key questions. Therefore, Lora Conway's fact sheet remains incomplete.

### Lora Conway, on behalf of K.C.

*Christine Kellsten v. Jayco, Inc.* was filed on December 8, 2009. The Jayco Defendants sent correspondence to Plaintiff's Counsel advising that the above mentioned plaintiff failed to provide a plaintiff fact sheet. (*See* correspondence to Counsel for Plaintiff, April 13, 2011, attached as Exhibit "A"). After several weeks without a response from Plaintiff Counsel, the Jayco Defendants followed up with Plaintiff Counsel and sent the April 13th correspondence

once again to Plaintiff Counsel. (*See* email correspondence to Counsel for Plaintiff from Roslyn West at Willingham, Fultz and Cougill, Counsel for the Jayco Defendants, May 17, 2011, attached as Exhibit "B"). Plaintiff counsel responded to The Jayco Defendants' second request by producing plaintiff fact sheets for all the plaintiffs named in the Jayco Defendants' letter. (*See* correspondence from Edward Gibson at Hawkins, Stracener & Gibson, Counsel for Plaintiff, to the undersigned, May 26, 2011, attached as Exhibit "C"). Plaintiff Counsel provided the Jayco Defendants with an unsigned and undated plaintiff fact sheet for K.C. (*See* Plaintiff Fact Sheet for K.C., attached as Exhibit "F"). Upon receipt of the fact sheet, Counsel for the Jayco Defendants reviewed it and deemed the fact sheet deficient. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |

(*See* Id.)

In accordance with the agreed to Plaintiff Fact Sheet process, the Jayco Defendants thereby drafted a Rule 37 letter on June 28, 2011 and outline all deficiencies of K.C.'s fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, June 28, 2011, attached as Exhibit "E"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, K.C. has only answered 15 of the required 23 key questions. Therefore, K.C.'s fact sheet remains incomplete.

**Timothy Conway**

*Christine Kellsten v. Jayco, Inc.* was filed on December 8, 2009. The plaintiff was added in the First Supplemental and Amending Complaint filed on June 18, 2010. The Jayco Defendants sent correspondence to Plaintiff's Counsel advising that the above mentioned plaintiff failed to provide a plaintiff fact sheet. (*See* correspondence to Counsel for Plaintiff, April 13, 2011, attached as Exhibit "A"). After several weeks without a response from Plaintiff Counsel, the Jayco Defendants followed up with Plaintiff Counsel and sent the April 13th correspondence once again to Plaintiff Counsel. (*See* email correspondence to Counsel for Plaintiff from Roslyn West at Willingham, Fultz and Cougill, Counsel for the Jayco Defendants, May 17, 2011, attached as Exhibit "B"). Plaintiff counsel responded to The Jayco Defendants' second request by producing plaintiff fact sheets for all the plaintiffs named in the Jayco Defendants' letter. (*See* correspondence from Edward Gibson at Hawkins, Stracener & Gibson, Counsel for Plaintiff, to the undersigned, May 26, 2011, attached as Exhibit "C"). Plaintiff Counsel provided the Jayco Defendants with an unsigned and undated plaintiff fact sheet for Timothy Conway. (*See* Plaintiff Fact Sheet for Timothy Conway, attached as Exhibit "G"). Upon receipt of the fact sheet, Counsel for the Jayco Defendants reviewed it and deemed the fact sheet deficient. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours in the trailer each day | V.13. |

(*See* Id.)

In accordance with the agreed to Plaintiff Fact Sheet process, the Jayco Defendants thereby drafted a Rule 37 letter on June 28, 2011 and outline all deficiencies of Timothy Conway's fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, June 28, 2011, attached as Exhibit "E"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Timothy Conway has only answered 14 of the required 23 key questions. Therefore, Timothy Conway's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiff's counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Lora Conway, Lora Conway on behalf of K.C. and Timothy Conway, be dismissed with prejudice

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By: s/*Thomas L. Cougill*
   THOMAS L. COUGILL
   Texas State Bar No. 04877300
   Louisiana State Bar No. 31112
   R. MARK WILLINGHAM
   Texas State Bar No. 21641500
   JEFFREY P. FULTZ
   Texas State Bar No. 00790728
   Mississippi Bar No. 101058
   Niels Esperson Building
   808 Travis Street, Suite 1608
   Houston, Texas  77002
   (713) 333-7600 – Telephone
   (713) 333-7601 – Facsimile

   **Attorneys for Jayco, Inc. and Jayco Enterprises, Inc.**


**FRILOT L.L.C.**

By: s/*John J. Hainkel*
   JOHN J. HAINKEL, III – La. Bar No. 18246
   A.J. KROUSE – La. Bar No. 14426
   PETER R. TAFARO – La. Bar No. 28776
   3600 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone : (504) 599-8000
   Facsimile: (504) 599-8100

   **Attorneys for Bechtel National, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 13th day of October, 2011.

                                                s/*Thomas L. Cougill*
                                                THOMAS L. COUGILL