UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION N-5<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO: "ALL CASES"

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

UNITED STATES OF AMERICA'S RESPONSE IN
OPPOSITION TO "JOINT MOTION FOR APPOINTMENT
OF SPECIAL MASTER" (Rec. Doc. 23066)

**Introduction**

Defendant United States of America ("United States") files this response and objections to Plaintiffs and private party defendants' (hereafter referred to collectively as "private parties") "Joint Motion for Appointment of Special Master" (Rec. Doc. 23066), and the Court's draft Order dated September 9, 2011. *See* Exh. 1, E-mail w/attached Proposed Order and Reasons at 1. During a conference call with the Court on October 13, 2011, (yesterday) the United States received the Court's September 9, 2011, proposed Order and Reasons. *Id* at 1.

The United States objects to entry of the September 9, 2011, proposed Order and Reasons because: (1) it waives the United States' right to object and challenge to any expansion of the Special Master's duties and authority, and (2) to the extent that the Special Master's duties and responsibilities include engaging in confidential settlement negotiation or settlement activity, the Order should be amended either to prohibit the Special Master from disclosing confidential settlement information to the Court or to prohibit the Special Master from participating in such

proceedings.

## Procedural History

1.      A couple months ago, Liaison Counsel contacted the United States to determine the government's position regarding the possible appointment of the Court's law clerk as Special Master. The United States expressed concern that the appointment may be inappropriate given the proposed Special Master's participation in the case as the Court's law clerk.[1]

---

[1] A publication issued by The Federal Judicial Center provides some guidance as to appropriateness of appointing of a law clerk who performed work on a case as a Special Master in that case.

> Many courts or individual judges place restrictions on a law clerk's professional activities after the end of the clerkship. These may include prohibitions from ever participating in any form in any case pending during the law clerkship, or prohibitions from appearing as an attorney in the court in which the law clerk served, usually for one or two years. The law clerk must determine the policy of both the court and the judge. ***In any event, former law clerks must not participate in a case in which they performed work of any kind while law clerks.*** The ABA's Model Rules of Professional Responsibility also prohibit lawyers from representing a client in a case on which the lawyer worked previously as a public officer or employee. Some courts have adopted rules relating to these matters, and the law clerk is, of course, bound to follow these rules.

Handbook for Law Clerks and Secretaries at 22 (1994) (emphasis added). However, the United States has not identified any applicable ethical rules prohibiting the proposed appointment. *Compare* La. R. Prof. Conduct 1.11(a) (imposing no restriction), *with*, D.C. R. Prof. Conduct 1.11(a) & Comment (C) (restricting such employment).

Furthermore, 28 U.S.C. § 455(b)(3), as made applicable to the appointment of a Special Master by Fed. R. Civ. P. 53(a)(2), provides that an individual is disqualified from serving as a Special Master if he or she served in government employment and in such capacity participated as an adviser in the controversy. Fed. R. Civ. P. 53(a)(2); 28 U.S.C. § 455(b)(3); *cf Cobell v. Norton*, 334 F.3d 1128, 1144 (C.A. D.C. 2003) (rejecting in part the appointment of court appointed monitor as special master because such an appointment was inconsistent with §455(b)(3)). As was noted during yesterdays conference call, pursuant to Fed. R. Civ. P. 53(a)(2), the requirements of § 455(b)(3) can be waived by the parties. Prior to yesterday's conference with the Court, neither the Court, nor any of the private parties, had conferred with

2. On September 9, 2011, the Court circulated to the private parties a draft Order and Reasons appointing the Court's law clerk as Special Master. Exh. 1. That draft Order was not provided to the United States, nor was the United States informed of potential discussions between the private parties and/or the Court regarding the appointment of the Special Master. *Id*.

3. On October 6, 2011, the private parties filed and docketed "Ex Parte/Consent Joint Motion for Appointment of Special Master (Rec. Doc. 23066). The United States was provided no notice of the private parties intent to file that motion, nor did the United States consent to the entry of the attached two-page proposed Order (Rec. Docs. 23066-2).

4. On October 7, 2011, the United States e-mailed Liaison Counsel and requested that they withdraw the motion. The United States had not consented to the motion nor had it waived any potential objections to the appointment of a Special Master. Moreover, the United States expressed concerns regarding the appropriateness of the appointment of the Court's former law clerk as the Special Master because as a law clerk she had been assigned to this action. The United States also raised substantive concerns regarding the private parties justification for the appointment and concerns regarding the sufficiency of the two-page proposed Order. Because of technical problems, Liaison Counsel did not receive this e-mail until October 12, 2011.

5. On October 12, 2011, Plaintiffs' Liaison Counsel conferred with government counsel. During this conference, the United States learned for the first that the Court had

---

the government regarding the duties of the Special Master, much less request that the United States waive potential substantive objections governing the selection process. After due consideration and because the United States has identified no specific ethical constraint prohibiting Ms. Ballay's appointment and because the government has no reason to believe that she has any bias against the government or any other party, and based upon available information that she ably served the Court in her capacity as the Court's law clerk assigned to this action, the government waives the potential § 455(b)(3) objection to her appointment as a Special Master.

3

provided the private parties with a document setting forth the proposed duties of the Special Master. After further discussion Liaison Counsel agreed to withdraw their motion so that parties could address the United States' concerns. We further agreed to request a conference with the Court.

   6. On October 13, 2011, Liaison counsel and government counsel conferred with the Court. During that conference the parties disclosed that the two-page proposed Order filed with the motion was simply as a place hold pending parties agreement and finalization of the Court's September 9, 2011, proposed Order and Reasons. A copy of the September 9, 2011, proposed Order and Reasons was forwarded via e-mail to government during the conference call. At the conclusion of that conference the Court Ordered the United States to file its opposition to the Motion for Appointment of Special Master and further Ordered the United States to appear at the October 21, 2011, hearing to present the United States' objections to the private parties' motion.

## Argument

**I.**  **The United States Reserves its Right to Object and Contest to any Expansion of the Special Master's Duties and Authority Beyond The Duties and Authority Enumerated and Set Forth in the Proposed Order and Reasons.**

The United States' primary concern with the proposed Order and Reasons is that it waives of the government's right to challenge any subsequent decision by the Court to expand the Special Master's duties and authority beyond those enumerated in the proposed Order and Reasons. The Federal Rules of Civil Procedure imposes certain procedural safeguards and authorizes entry of an order of appointment either upon a showing sufficient to satisfy the requirement of Fed. R. Civ. P. 53(a)(1)(B-C) or the parties consent to the Special Master's

designated duties.[2]  Furthermore, the rules provide and require that the appointing order must state:

> (A)  the master's duties, including any investigation or enforcement duties, and any limits on the master's authority under Rule 53(2)(C);

Fed. R. Civ. P. 53(b)(2)(A).

The proposed Order and Reasons is inconsistent with Fed. R. Civ. P. 53 because it is premised upon the consent of the parties and authorizes the Court to unilaterally expand the Special Matters duties without the consent of the government or showing required by Fed. R. Civ. P. 53(a)(1)(B-C).  *See* Exh. 1, Proposed Order and Reasons at 3-4 & fn 2.  Rule 53 safeguards the parties by requiring an order of appointment to disclose the Special Master's

---

[2]  The relevant portion of Fed. R. Civ. P. 53 provides that:

> (B) Appointment.
>
>> (1) Scope.  Unless a statute provides otherwise, a court may appoint a master only to:
>>
>>> (A) perform duties consented to by the parties;
>>>
>>> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>>>
>>>> (i) some exceptional condition; or
>>>>
>>>> (ii) the need to perform an accounting or resolve a difficult computation of damages; or
>>>
>>> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P. 53(a)(1)(A-C).

duties and authority and preserves the parties right to potentially challenge the expansion of those duties and authority. The United States has no reason to believe that the Court would inappropriately expand the Special Master's duties and authority, but the United States believes that it has the right to take a position on any such proposed expansion of the Special Master's role, and, if appropriate, challenge any such expansion of authority before granted by the Court; to deny the United States this opportunity would be inappropriate. Accordingly, the United States requests that the proposed Order and Reasons be modified to preserve the government's right to object and challenge such a decision.

Consistent with the government's position, the United States requests that the following language in the proposed Order and Reasons be modified or omitted. Specifically, the United States' concern relates to the provisions of the proposed Order and Reasons state that: (1) the parties have consented to a Special Master to perform any and all other duties assigned to him/her by the Court (as well as any ancillary acts required to fully carry out those duties) as permitted by both the Federal Rules of Civil Procedure and Article III of the Constitution, Exh. 1, Proposed Order and Reasons at 3-4; (2) that the government has provided broad consent, *id*. at 4; and (3) that the Special Master's defined duties and responsibilities are illustrative, not comprehensive. *Id.* at 4, fn 2. These provisions authorize the unilateral expansion of the Special Master's duties and authority and as such are inconsistent with Fed. R. Civ. P. 53 and as should be either modified or omitted.

## II.    Government's Objections to Special Master's Designated Duties and Authority.

The United States' sole concern regarding the enumerated duties and authority of the Special Master is that it appears to authorize participation in confidential settlement negotiations

6

or mediation and fails to prohibit the Special Master from disclosing that confidential information to the Court.  As the Court is aware, it is the trier of fact in any action filed against the United States in the Eastern District of Louisiana.  As the trier of fact, and as previously recognized by the Court, it would be inappropriate for the Court to participate in confidential settlement discussions.  To prevent disclosure of any confidential settlement or mediation information to the Court, the proposed Order and Reasons should be amended to either prohibit the Special Master from disclosing confidential information obtained during confidential settlement or mediation to the Court, or alternatively prohibit the Special Master from participating in any confidential settlement or mediation type activities.

**Conclusion**

For the reasons set forth herein the Court should modify and alter the September 9, 2011, proposed Order and Reasons prior to its entry. Specifically, the Court should modify the language allowing the unilateral expansion of the Special Master's duties and authority. Further, the United States the proposed Order and Reasons should be modified to prohibit the Special Master from disclosing to the Court information obtained during her participation in any confidential settlement or mediation activity, or alternatively the Special Master should be prohibited from participating in such activities.

Dated:  October 14, 2011                                                Respectfully Submitted,

TONY WEST                                                                         ADAM BAIN
Assistant Attorney General, Civil Division                      Senior Trial Counsel

J. PATRICK GLYNN                                                           ADAM DINNELL
Director, Torts Branch, Civil Division                             Trial Attorney

                                                                                          //S// *Henry T. Miller*
                                                                                          HENRY T. MILLER (D.C. Bar No. 411885)
                                                                                          Senior Trial Counsel
                                                                                          Civil Division – Torts Branch
                                                                                          P.O. Box 340, Ben Franklin Station
                                                                                          Washington, D.C. 20004
                                                                                          Telephone No:  (202) 616-4223
                                                                                          E-mail:  Henry.Miller@USDOJ.Gov

                                                                                          Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2011, the foregoing document and Attachments in support thereof were filed via the U.S. District Court's CM/ECF electronic filing system and a copy thereof was served upon Liaison Counsel.

                                                                                          //S// *Henry T. Miller*
                                                                                          HENRY T. MILLER (D.C. Bar No. 411885)