UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE:  ENGELHARDT |
| **This Document Relates to:** | * | |
| *Clara Anderson, et al v.* | * | MAGISTRATE:  CHASEZ |
| *Recreation by Design, LLC,* | * | |
| Docket No. 09-8626 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims of plaintiffs:

1. Deborah Allen
2. Frenchie Bll
3. Gloria Ball
4. Herman Ball
5. Paula Brandon
6. Sandra Darling
7. Loren Gusman
8. Lanette Honora
9. Gerard Johnston
10. Sandra Johnston

with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2, 32 and 88 relating to the provisions of Plaintiff Fact Sheets.

**I.     FACTUAL BACKGROUND**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To date, the

1

Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation. In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No. 2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"), in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS. Speficially, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[4] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[5] Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88 ("PTO No. 88")[6]. PTO No. 88 reduced the number of PFS questions that a plaintiff is required to answer to twenty-three ("23"). These 23 key questions were identified by the Plaintiff Steering Committee and

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pgs. 8 - 9.
[4] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[5] *See* R. Doc. No. 1180.
[6] *See* R. Doc. No. 22153.

2

Defense Liaison Counsel as the minimum information required by the parties to evaluate a plaintiff's claim for global settlement purposes. PTO No. 88 also extended the time to cure a deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

## II. LAW AND ARGUMENT

In compliance with PTO Nos. 2, 32 & 88, the mover, through undersigned counsel, forwarded a deficiency letter to the above-referenced plaintiffs, though their counsel of record, on or about May 10, 2011, notifying the plaintiff of the specific deficiencies on their PFS .[7] As detailed below, to date, the PFS for the referenced plaintiffs remain deficient.

**1.  Deborah Allen:**  To date, Deborah Allen has not responded to the May 10, 2011 deficiency letter[8] and her PFS includes responses to only eight (8) of the approximately 120 questions on a PFS. Further, Deborah Allen only provided responses to six (6) of the 23 questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[9] Specifically, Deborah Allen did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth

---

[7] *See* Exhibit "A", copy of cover letter forwarding Deficiency Letters to plaintiffs' counsel for plaintiffs included in this Motion to Dismiss.
[8] *See* Exhibit "B-1", Deborah Allen deficiency letter.
[9] *See* Exhibit "B-2", PFS submitted for Deborah Allen.

      7. IV.F.3. Only if you are making a wage claim

      8. V.A.3. FEMA I.D.#

      9. V.A.6. Move in Date

      10. V.A.7. Move out Date

      11. V.A.8. Installation Address

      12. V.13. Number of hours spent in trailer each day

      13. VI.C. Plaintiff's Smoking History

      14. VI.D. Smoking History of Other Trailer Resident(s)

      15. VI(F)(1 & 4) Prior Medical History

      16. VII.B. Treatment for Formaldehyde Related Injury

      17. VIII(A-D) Produce Records

Lastly, Deborah Allen did not certify or date her PFS. For these reasons, the PFS submitted for Deborah Allen is incomplete.

    **2.**     **Frenchie Ball:** The response provided on behalf of Frenchie Ball to the May 10, 2011 deficiency letter[10] indicated that she was "personally unavailable to complete deficiencies at this time."[11] Frenchie Ball's PFS includes responses to only 14 of the approximately 120 questions on a PFS.[12] Further, Frenchie Ball only provided responses to seven (7) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[13] Specifically, Frenchie Ball did not provide responses to the following 16 key questions:

      1. III.C. Checklist

---

[10] *See* Exhibit "C-1", Frenchie Ball Deficiency Letter.
[11] *See* Exhibit "C-2", Frenchie Ball ERRATA sheet dated May 24, 2011.
[12] *See* Exhibit "C-3", Frenchie Ball PFS.
[13] *Id.*

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.3. FEMA I.D.#

9. V.A.6. Move in Date

10. V.A.7. Move out Date

11. V.A.8. Installation Address

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

Lastly, Frenchie Ball did not certify or date her PFS. For these reasons, the PFS for Frenchie Ball is incomplete.

3. **Gloria Ball:** The response provided on behalf of Gloria Ball to the May 10, 2011 deficiency letter[14] indicated that she was "personally unavailable to complete deficiencies at this time."[15] Gloria Ball's PFS includes responses to only 17 of the approximately 120 questions on a PFS.[16] Further, Gloria Ball only provided responses to seven (7) of the 23 key questions

---

[14] *See* Exhibit "D-1", Gloria Ball Deficiency Letter.
[15] *See* Exhibit "D-2", Gloria Ball ERRATA sheet dated May 24, 2011.
[16] *See* Exhibit "D-3", Gloria Ball PFS.

5

identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of clams.[17] Specifically, Gloria Ball did not provide responses to the following 16 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury

Lastly, Gloria Ball did not certify or date her PFS. For these reasons, the PFS submitted by Gloria Ball is incomplete.

4.   **Herman Ball:**  The response provided on behalf of Herman Ball to the May 10, 2011 deficiency letter[18] indicated that he was "personally unavailable to complete deficiencies at

---

[17] *Id.*
[18] *See* Exhibit "E-1", Herman Ball Deficiency Letter.

this time."[19] Herman Ball's PFS includes responses to only 17 of the approximately 120 questions on a PFS.[20] Further, Herman Ball only provided responses to seven (7) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [21] Specifically, Herman Ball did not provide responses to the following 16 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury

Lastly, Herman Ball did not certify or date his PFS.  For these reasons, the PFS submitted

---

[19] *See* Exhibit "E-2", Herman Ball ERRATA sheet dated May 24, 2011.
[20] *See* Exhibit "E-3", Herman Ball PFS.
[21] *Id.*

Herman Ball is incomplete.

  5.  **Paula Brandon:** To date, Paula Brandon has not responded to the May 10, 2011 deficiency letter[22] and her PFS includes responses to only 11 of the approximately 120 questions on the PFS.[23]  Further, Paula Brandon only provided responses to five (5) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[24]  Specifically, Paula Brandon did not provide responses to the following 18 key questions:

  1. III.C. Checklist

  2. III.C.2. Future Medical Claim

  3. III.C.3. Diagnosed Illness

  4. III.C.8. Psychological Treatment

  5. III.C.9. Total Medical Expenses

  6. IV.F.3. Only if you are making a wage claim

  7. V.A.2. VIN#[25]

  8. V.A.3. FEMA I.D.#

  9. V.A.6. Move in Date

  10. V.A.7. Move out Date

  11. V.A.8. Installation Address

  12. V.E. Name of all trailer residents

  13. V.13. Number of hours spent in trailer each day

  14. VI.C. Plaintiff's Smoking History

  15. VI.D. Smoking History of Other Trailer Resident(s)

---

[22] *See* Exhibit "F-1", Paula Brandon Deficiency Letter.
[23] *See* Exhibit "F-2", Paula Brandon PFS.
[24] *Id.*
[25] Note that the VIN# provided by Paula Brandon is not a RBD VIN.

    16. VI(F)(1 & 4) Prior Medical History

    17. VII.B. Treatment for Formaldehyde Related Injury

    18. VIII(A-D) Produce Records

Lastly, Paula Brandon did not certify or date her PFS.  For these reasons, the PFS for Paula Brandon is incomplete.

    **6.**    **Sandra Darling:**  The response provided on behalf of Sandra Darling to the May 10, 2011 deficiency letter[26] indicated that she was "personally unavailable to complete deficiencies at this time."[27]  Sandra Darling's PFS includes responses to only 17 of the approximately 120 questions on a PFS.[28]  Further, Sandra Darling only provided responses to nine (9) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [29]  Specifically, Sandra Darling did not provide responses to the following 14 key questions:

    1. III.C.   Checklist

    2. III.C.2. Future Medical Claim

    3. III.C.3. Diagnosed Illness

    4. III.C.8. Psychological Treatment

    5. III.C.9. Total Medical Expenses

    6. IV.F.3. Only if you are making a wage claim

    7. V.A.6. Move in Date

    8. V.A.7. Move out Date

    9. V.A.8. Installation Address

---

[26] *See* Exhibit "G-1", Sandra Darling Deficiency Letter.
[27] *See* Exhibit "G-2", Sandra Darling ERRATA sheet dated May 24, 2011.
[28] *See* Exhibit "G-3", Sandra Darling PFS.
[29] *Id.*

      10. V.13. Number of hours spent in trailer each day

      11. VI.C. Plaintiff's Smoking History

      12. VI.D. Smoking History of Other Trailer Resident(s)

      13. VI(F)(1 & 4) Prior Medical History

      14. VII.B. Treatment for Formaldehyde Related Injury

Lastly, Sandra Darling did not certify or date her PFS. For these reasons, the PFS for Sandra Darling is incomplete.

    **7.**     **Loren Gusman:** To date, Loran Gusman has not responded to the May 10, 2011 deficiency letter[30] and her PFS includes responses to only 11 of the approximately 120 questions on the PFS.[31] Further, Loren Gusman only provided responses to seven (7) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[32] Specifically, Loren Gusman did not provide responses to the following 16 key questions:

      1. III.C.   Checklist

      2. III.C.2. Future Medical Claim

      3. III.C.3. Diagnosed Illness

      4. III.C.8. Psychological Treatment

      5. III.C.9. Total Medical Expenses

      6. IV.F.3. Only if you are making a wage claim

      7. V.A.3. FEMA I.D.#

      8. V.A.6. Move in Date

      9. V.A.7. Move out Date

---

[30] *See* Exhibit "H-1, Loren Gusman Deficiency Letter.
[31] *See* Exhibit "H-2", Loren Gusman PFS.
[32] *Id.*

      10. V.A.8. Installation Address

      11. V.13. Number of hours spent in trailer each day

      12. VI.C. Plaintiff's Smoking History

      13. VI.D. Smoking History of Other Trailer Resident(s)

      14. VI(F)(1 & 4) Prior Medical History

      15. VII.B. Treatment for Formaldehyde Related Injury

      16. VIII(A-D) Produce Records

Lastly, Loren Gusman did not certify or date her PFS. For these reasons, the PFS for Loren Gusman is incomplete.

    **8.**    **Lanette Honora:** To date, Lanette Honora has not responded to the May 10, 2011 deficiency letter[33] and her PFS includes responses to only 10 of the approximately 120 questions on the PFS.[34] Further, Lanette Honora only provided responses to four (4) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[35] Specifically, Lanette Honora did not provide responses to the following 19 key questions:

      1. III.C. Checklist

      2. III.C.2. Future Medical Claim

      3. III.C.3. Diagnosed Illness

      4. III.C.8. Psychological Treatment

      5. III.C.9. Total Medical Expenses

      6. IV.C. Date of Birth

      7. IV.F.3. Only if you are making a wage claim

---

[33] *See* Exhibit "I-1", Lanette Honora Deficiency Letter.
[34] *See* Exhibit "I-2", Lanette Honora PFS.
[35] *Id.*

8. V.A.2. VIN#[36]

9. V.A.3. FEMA I.D.#

10. V.A.6. Move in Date

11. V.A.7. Move out Date

12. V.A.8. Installation Address

13. V.E. Name of all trailer residents

14. V.13. Number of hours spent in trailer each day

15. VI.C. Plaintiff's Smoking History

16. VI.D. Smoking History of Other Trailer Resident(s)

17. VI(F)(1 & 4) Prior Medical History

18. VII.B. Treatment for Formaldehyde Related Injury

19. VIII(A-D) Produce Records

Lastly, Lanette Honora did not certify or date her PFS. For these reasons, the PFS for Lanette Honora is incomplete.

9. **Gerard Johnston:** To date, Gerard Johnston has not responded to the May 10, 2011 deficiency letter[37] and his PFS includes responses to only 10 of the approximately 120 questions on the PFS.[38] Further, Gerard Johnston only provided responses to seven (7) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[39] Specifically, Gerard Johnston did not provide responses to the following 16 key questions:

1. III.C. Checklist

2. III.C.2. Future Medical Claim

---

[36] Note that the VIN# provided by Lanette Honora is not a RBD VIN.
[37] *See* Exhibit "J-1", Gerard Johnston Deficiency Letter.
[38] *See* Exhibit "J-2", Gerard Johnston PFS.
[39] *Id.*

12

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.13. Number of hours spent in trailer each day

12. VI.C. Plaintiff's Smoking History

13. VI.D. Smoking History of Other Trailer Resident(s)

14. VI(F)(1 & 4) Prior Medical History

15. VII.B. Treatment for Formaldehyde Related Injury

16. VIII(A-D) Produce Records

Lastly, Gerard Johnston did not certify or date his PFS.  For these reasons, the PFS for Gerard Johnson is incomplete.

**10.    Sandra Johnston:**  To date, Sandra Johnston has not responded to the May 10, 2011 deficiency letter[40] and her PFS includes responses to only 10 of the approximately 120 questions on the PFS.[41]  Further, Sandra Johnston only provided responses to seven (7) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[42]  Specifically, Sandra Johnston did not provide responses to the following 16 key questions:

---

[40] *See* Exhibit "K-1", Sandra Johnston Deficiency Letter.
[41] *See* Exhibit "K-2", Sandra Johnston PFS.
[42] *Id.*

13

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.13. Number of hours spent in trailer each day
12. VI.C. Plaintiff's Smoking History
13. VI.D. Smoking History of Other Trailer Resident(s)
14. VI(F)(1 & 4) Prior Medical History
15. VII.B. Treatment for Formaldehyde Related Injury
16. VIII(A-D) Produce Records

Lastly, Sandra Johnston did not certify of date her PFS.  For these reasons, the PFS for Sandra Johnston is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[43] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any

---

[43] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).

14

claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[44] Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with PTO Nos. 2, 32, and 88, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy as it regards the above-referenced plaintiffs is dismissal, with prejudice, of their claims.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

As established above, plaintiffs:

1. Deborah Allen
2. Frenchie Bll
3. Gloria Ball
4. Herman Ball
5. Paula Brandon
6. Sandra Darling
7. Loren Gusman
8. Lanette Honora
9. Gerard Johnston
10. Sandra Johnston

---

[44] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

have not submitted a complete PFS as directed by PTO Nos. 2, 32 and 88. Therefore, in accordance with PTO Nos. 2, 32, and 88, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), RBD's Motion to Dismiss for Failure to Comply with PTO Nos. 2, 32 and 88 should be granted, dismissing the claims of the aforementioned plaintiffs, with *prejudice*.

>   Respectfully submitted,
>
>   _/s/ Kelly M. Morton_____ _____
>   LYON H. GARRISON, Bar No. 19591
>   SCOTT P. YOUNT, Bar No. 22679
>   RANDALL C. MULCAHY, Bar No. 26436
>   DARRIN L. FORTE, Bar No. 26885
>   KELLY M. MORTON, Bar No. 30645
>   GARRISON, YOUNT, FORTE
>   & MULCAHY, LLC
>   909 Poydras Street, Suite 1800
>   New Orleans, Louisiana 70112
>   Telephone: (504) 527-0680
>   Facsimile: (504) 527-0686
>   Attorneys for defendant,
>   Recreation By Design, LLC
>   Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

>   _/s/ Kelly M. Morton_____
>   KELLY M. MORTON, Bar No. 30645