UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| **This Document Relates to:** | * | |
| *Clara Anderson, et al v.* | * | MAGISTRATE: CHASEZ |
| *Recreation by Design, LLC,* | * | |
| Docket No. 09-8626 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
COMPLY WITH PRE-TRIAL ORDER NOS. 2, 32 & 88 RELATING TO PLAINTIFF
FACT SHEETS

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims of plaintiffs:

1. Monda LaDay
2. Roma Lobat
3. Monda LaDay obo A.L.
4. Anna Lee
5. Rebecca Lee
6. Steven Lee
7. Monica Lewis
8. Justin Moffett
9. Jarod Petty
10. Norice Reed

with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2, 32 and 88 relating to the provisions of Plaintiff Fact Sheets.

**I.      FACTUAL BACKGROUND**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To date, the

1

Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation. In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No. 2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"), in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS. Speficially, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[4] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[5] Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88 ("PTO No. 88")[6]. PTO No. 88 reduced the number of PFS questions that a plaintiff is required to answer to twenty-three ("23"). These 23 key questions were identified by the Plaintiff Steering Committee and

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pgs. 8 - 9.
[4] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[5] *See* R. Doc. No. 1180.
[6] *See* R. Doc. No. 22153.

Defense Liaison Counsel as the minimum information required by the parties to evaluate a plaintiff's claim for global settlement purposes. PTO No. 88 also extended the time to cure a deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

## II.     LAW AND ARGUMENT

In compliance with PTO Nos. 2, 32 & 88, the mover, through undersigned counsel, forwarded a deficiency letter to the above-referenced plaintiffs, though their counsel of record, on or about May 10, 2011, notifying the plaintiff of the specific deficiencies on their PFS .[7] As detailed below, to date, the PFS for the referenced plaintiffs remain deficient.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[8] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[9] Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with PTO Nos. 2, 32, and 88, FRCP 41(b) and FRCP

---

[7] *See* Exhibit "A", copy of cover letter forwarding Deficiency Letters to plaintiffs' counsel for plaintiffs included in this Motion to Dismiss.
[8] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).
[9] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

3

37(b)(2)(VI), the proper remedy as it regards the above-referenced plaintiffs is dismissal, with prejudice, of their claims.

1. **Monda LaDay:** The response provided on behalf of Monda LaDay to the May 10, 2011 deficiency letter[10] indicated that she was "personally unavailable to complete deficiencies at this time."[11] Monda LaDay's PFS includes responses to only 15 of the approximately 120 questions on a PFS.[12] Further, Monda LaDay only provided responses to 7 (seven) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[13] Specifically, Monda LaDay did not provide responses to the following 16 key questions:

1. III.C. Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day

---

[10] *See* Exhibit "B-1", Monda LaDay Deficiency Letter.
[11] *See* Exhibit "B-2", Monda LaDay ERRATA sheet dated May 24, 2011.
[12] *See* Exhibit "B-3", Monda LaDay PFS.
[13] *Id.*

4

      13. VI.C. Plaintiff's Smoking History

      14. VI.D. Smoking History of Other Trailer Resident(s)

      15. VI(F)(1 & 4) Prior Medical History

      16. VII.B. Treatment for Formaldehyde Related Injury

Lastly, Monda LaDay did not certify or date her PFS. For these reasons, the PFS submitted for Monda LaDay is incomplete.

    **2.**    **Roma Lobat:** To date, Roma Lobat has not responded to the May 10, 2011 deficiency letter[14] and his PFS includes responses to only 10 (ten) of the approximately 120 questions on the PFS.[15] Further, Roma Lobat only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[16] Specifically, Roma Lobat did not provide responses to the following 17 key questions:

      1. III.C.   Checklist

      2. III.C.2. Future Medical Claim

      3. III.C.3. Diagnosed Illness

      4. III.C.8. Psychological Treatment

      5. III.C.9. Total Medical Expenses

      6. IV.F.3. Only if you are making a wage claim

      7. V.A.3. FEMA I.D.#

      8. V.A.6. Move in Date

      9. V.A.7. Move out Date

      10. V.A.8. Installation Address

---

[14] *See* Exhibit "C-1", Roma Lobat Deficiency Letter.
[15] *See* Exhibit "C-2", Roma Lobat PFS.
[16] *Id.*

      11. V.E. Name of all trailer residents

      12. V.13. Number of hours spent in trailer each day

      13. VI.C. Plaintiff's Smoking History

      14. VI.D. Smoking History of Other Trailer Resident(s)

      15. VI(F)(1 & 4) Prior Medical History

      16. VII.B. Treatment for Formaldehyde Related Injury

      17. VIII(A-D) Produce Records

Lastly, Roma Lobat did not certify or date his PFS. For these reasons, the PFS submitted for Roma Lobat is incomplete.

**3.**     **Monda LaDay obo A.L.:** The response provided on behalf of Monda LaDay obo A.L. to the May 10, 2011 deficiency letter[17] indicated that she was "personally unavailable to complete deficiencies at this time."[18] Monda LaDay obo A.L.'s PFS includes responses to only 15 of the approximately 120 questions on a PFS.[19] Further, Monda LaDay obo A.L. only provided responses to 7 (seven) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[20] Specifically, Monda LaDay obo A.L. did not provide responses to the following 16 key questions:

      1. III.C.   Checklist

      2. III.C.2. Future Medical Claim

      3. III.C.3. Diagnosed Illness

      4. III.C.8. Psychological Treatment

      5. III.C.9. Total Medical Expenses

---

[17] *See* Exhibit "D-1", Monda LaDay obo A.L. Deficiency Letter.
[18] *See* Exhibit "D-2", Mondao LaDay obo A.L. ERRATA sheet dated May 24, 2011.
[19] *See* Exhibit "D-3", Monda LaDay obo A.L. PFS.
[20] *Id.*

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

Lastly, Monda LaDay obo A.L. did not certify or date her PFS. For these reasons, the PFS submitted for Monda LaDay obo A.L. is incomplete.

**4.     Anna Lee:**     To date, Anna Lee has not responded to the May 10, 2011 deficiency letter[21] and her PFS includes responses to only 10 (ten) of the approximately 120 questions on the PFS.[22]   Further, Anna Lee only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[23]   Specifically, Anna Lee did not provide responses to the following 17 key questions:

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

---

[21] *See* Exhibit "E-1", Anna Lee Deficiency Letter.
[22] *See* Exhibit "E-2", Anna Lee PFS.
[23] *Id.*

7

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Anna Lee did not certify or date her PFS. For these reasons, the PFS submitted for Anna Lee is incomplete.

**5.   Rebecca Lee:** To date, Rebecca Lee has not responded to the May 10, 2011 deficiency letter[24] and her PFS includes responses to only 10 (ten) of the approximately 120 questions on the PFS.[25] Further, Rebecca Lee only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[26] Specifically, Rebecca Lee did not provide responses to the following 17 key questions:

1. III.C.   Checklist

---

[24] *See* Exhibit "F-1", Rebecca Lee Deficiency Letter.
[25] *See* Exhibit "F-2", Rebecca Lee PFS.
[26] *Id.*

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Rebecca Lee did not certify or date her PFS. For these reasons, the PFS submitted for Rebecca Lee is incomplete.

**6.    Steven Lee:**   To date, Steven Lee has not responded to the May 10, 2011 deficiency letter[27] and his PFS includes responses to only 10 of the approximately 120 questions on the PFS.[28]  Further, Steven Lee only provided responses to 6 (six) of the 23 key questions identified

---

[27] *See* Exhibit "G-1", Steven Lee Deficiency Letter.
[28] *See* Exhibit "G-2", Steven Lee PFS.

9

in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[29] Specifically, Steven Lee did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

Lastly, Steven Lee did not certify or date his PFS. For these reasons, the PFS submitted for Steven Lee is incomplete.

**7.   Monica Lewis:**   To date, Monica Lewis has not responded to the May 10, 2011 deficiency letter[30] and her PFS includes responses to only 10 (ten) of the approximately 120

---

[29] *Id.*

10

questions on the PFS.[31]  Further, Monica Lewis only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[32]  Specifically, Monica Lewis did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

---

[30] *See* Exhibit "H-1", Monica Lewis Deficiency Letter.
[31] *See* Exhibit "H-2", Monica Lewis PFS.
[32] *Id.*

11

Lastly, Monica Lewis did not certify or date her PFS. For these reasons, the PFS submitted for Monica Lewis is incomplete.

8. **Justin Moffett:** To date, Justin Moffett has not responded to the May 10, 2011 deficiency letter[33] and his PFS includes responses to only 10 (ten) of the approximately 120 questions on the PFS.[34] Further, Justin Moffett only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[35] Specifically, Justin Moffett did not provide responses to the following 17 key questions:

1. III.C. Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)

---

[33] *See* Exhibit "I-1", Justin Moffett Deficiency Letter.
[34] *See* Exhibit "I-2", Justin Moffett PFS.
[35] *Id.*

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

Lastly, Justin Moffett did not certify or date his PFS. For these reasons, the PFS submitted for Justin Moffett is incomplete.

**9.**     **Jarod Petty:** To date, Jarod Petty has not responded to the May 10, 2011 deficiency letter[36] and his PFS includes responses to only 10 (ten) of the approximately 120 questions on the PFS.[37] Further, Jarod Petty only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[38] Specifically, Jarod Petty did not provide responses to the following 17 key questions:

    1. III.C. Checklist

    2. III.C.2. Future Medical Claim

    3. III.C.3. Diagnosed Illness

    4. III.C.8. Psychological Treatment

    5. III.C.9. Total Medical Expenses

    6. IV.F.3. Only if you are making a wage claim

    7. V.A.3. FEMA I.D.#

    8. V.A.6. Move in Date

    9. V.A.7. Move out Date

    10. V.A.8. Installation Address

    11. V.E. Name of all trailer residents

    12. V.13. Number of hours spent in trailer each day

---

[36] *See* Exhibit "J-1", Jarod Petty Deficiency Letter.
[37] *See* Exhibit "J-2", Jarod Petty PFS.
[38] *Id.*

13

      13. VI.C. Plaintiff's Smoking History

      14. VI.D. Smoking History of Other Trailer Resident(s)

      15. VI(F)(1 & 4) Prior Medical History

      16. VII.B. Treatment for Formaldehyde Related Injury

      17. VIII(A-D) Produce Records

Lastly, Jarod Petty did not certify or date his PFS. For these reasons, the PFS submitted for Jarod Petty is incomplete.

**10.**    **Norice Reed:** To date, Notice Reed has not responded to the May 10, 2011 deficiency letter[39] and his PFS includes responses to only 10 (ten) of the approximately 120 questions on the PFS.[40] Further, Norice Reed only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[41] Specifically, Norice Reed did not provide responses to the following 17 key questions:

      1. III.C.   Checklist

      2. III.C.2. Future Medical Claim

      3. III.C.3. Diagnosed Illness

      4. III.C.8. Psychological Treatment

      5. III.C.9. Total Medical Expenses

      6. IV.F.3. Only if you are making a wage claim

      7. V.A.3. FEMA I.D.#

      8. V.A.6. Move in Date

      9. V.A.7. Move out Date

      10. V.A.8. Installation Address

---

[39] *See* Exhibit "K-1", Norice Reed Deficiency Letter.
[40] *See* Exhibit "K-2", Norice Reed PFS.
[41] *Id.*

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Norice Reed did not certify or date his PFS. For these reasons, the PFS submitted for Norice Reed is incomplete.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

As established above, plaintiffs:

1. Monda LaDay
2. Roma Lobat
3. Monda LaDay obo A.L.
4. Anna Lee
5. Rebecca Lee
6. Steven Lee
7. Monica Lewis
8. Justin Moffett
9. Jarod Petty
10. Norice Reed

have not submitted a complete PFS as directed by PTO Nos. 2, 32 and 88. Therefore, in accordance with PTO Nos. 2, 32, and 88, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), RBD's Motion to Dismiss for Failure to Comply with PTO Nos. 2, 32 and 88 should be granted, dismissing the claims of the aforementioned plaintiffs, with *prejudice*.

        Respectfully submitted,

         */s/ Kelly M. Morton*
        LYON H. GARRISON, Bar No. 19591
        SCOTT P. YOUNT, Bar No. 22679
        RANDALL C. MULCAHY, Bar No. 26436
        DARRIN L. FORTE, Bar No. 26885
        KELLY M. MORTON, Bar No. 30645
        GARRISON, YOUNT, FORTE
        & MULCAHY, LLC
        909 Poydras Street, Suite 1800
        New Orleans, Louisiana 70112
        Telephone: (504) 527-0680
        Facsimile: (504) 527-0686
        Attorneys for defendant,
        Recreation By Design, LLC
        Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 15, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

         */s/ Kelly M. Morton*
        KELLY M. MORTON, Bar No. 30645