UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Mary Bush v. Jayco, Inc.* | * | |
| Docket No. 09-5678 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Cartricaton Dykes | * | |
| Jerome Dykes | * | |
| Kevin Dykes | * | |
| Kewana Tyler obo Lenard Tyler | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco") and CH2M Hill Constructors, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Cartricaton Dykes (Plaintiff in *Bush,* C.A. 09-5678)

- Jerome Dykes (Plaintiff in *Bush,* C.A. 09-5678)

- Kevin Dykes (Plaintiff in *Bush,* C.A. 09-5678)

- Kewana Tyler, on behalf of Lenard Tyler (Plaintiff in *Bush,* C.A. 09-5678)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Cartricaton Dykes

Cartricaton Dykes' Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Cartricaton Dykes, attached as Exhibit "A"). Cartricaton Dykes' fact sheet only provided her name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Cartricaton Dykes' fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Cartricaton Dykes has only answered 6 of the required 23 key questions. Therefore, Cartricaton Dykes' fact sheet remains incomplete.

### Jerome Dykes

Jerome Dykes' Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Jerome Dykes, attached as Exhibit "C"). Jerome Dykes' fact sheet only provided his name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Jerome Dykes' fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Jerome Dykes has only answered 6 of the required 23 key questions. Therefore, Jerome Dykes' fact sheet remains incomplete.

### Kevin Dykes

Kevin Dykes' Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Kevin Dykes, attached as Exhibit "D"). Kevin Dykes' fact sheet only provided his name, telephone number, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37

letter on July 28, 2010 and outlined all deficiencies of Kevin Dykes' fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Kevin Dykes has only answered 6 of the required 23 key questions. Therefore, Kevin Dykes' fact sheet remains incomplete.

**Kewana Tyler, on behalf of Lenard Tyler**

Lenard Tyler's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Lenard Tyler, attached as Exhibit "E"). Lenard Tyler's fact sheet only provided his name, representation information, FEMA identification, manufacturer, VIN and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* id). Upon receipt of the fact sheet, counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on July 28, 2010 and outlined all deficiencies of Lenard Tyler's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, July 28, 2010, attached as Exhibit "B"). It has been over a year since Jayco's counsel sent the Rule 37 letter and defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Lenard Tyler has only answered 6 of the required 23 key questions. Therefore, Lenard Tyler's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the

initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Indeed, Plaintiff's counsel recognizes the merit of this position, as evidenced by their statement of no opposition to the pending Motion. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Cartricaton Dykes, Jerome Dyles, Kevin Dykes, Kameka Harvey on behalf of R.H. and Kewana Tyler on behalf of Lenard Tyler, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
       THOMAS L. COUGILL
       Texas State Bar No. 04877300
       Louisiana State Bar No. 31112
       R. MARK WILLINGHAM
       Texas State Bar No. 21641500
       JEFFREY P. FULTZ
       Texas State Bar No. 00790728
       Mississippi Bar No. 101058
       Niels Esperson Building
       808 Travis Street, Suite 1608
       Houston, Texas  77002
       (713) 333-7600 – Telephone
       (713) 333-7601 – Facsimile

       **Attorneys for Jayco, Inc.**

                              **BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

                By:   s/*Gerardo R. Barrios*
                      ROY C. CHEATWOOD (La. Bar No. 4010)
                      GERARDO R. BARRIOS (La. Bar No. 21223)
                      M. DAVID KURTZ (La. Bar No. 23821)
                      KAREN KALER WHITFIELD (La. Bar No. 19350)
                      WADE M. BASS (La. Bar No. 29081)
                      No. 3 Sanctuary Boulevard, Suite 201
                      Mandeville, La 70471
                      (985) 819-8400 – Telephone
                      (985) 819-8484 – Facsimile
                      rcheatwood@bakerdonelson.com
                      gbarrios@bakerdonelson.com
                      dkurtz@bakerdonelson.com
                      kwhitfield@bakerdonelson.com
                      wbass@bakerdonelson.com

                      **Attorneys for CH2M Hill Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 17th day of October, 2011.

                                              s/*Thomas L. Cougill*
                                          THOMAS L. COUGILL