UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *James Earnest v. Jayco Enterprises, Inc.* | * | |
| Docket No. 11-00222 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Misty Holden | * | |
| Misty Holden obo Bailey Childers | * | |
| Misty Holden obo Brook Childers | * | |

******************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco Enterprises, Inc. and Jayco, Inc. (together as "Jayco Defendants"), move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Misty Holden (Plaintiff in *Holden,* C.A. 10-0633)

- Misty Holden, on behalf of Bailey Childers (Plaintiff in *Holden,* C.A. 10-0633)

- Misty Holden, on behalf of Brook Childers (Plaintiff in *Holden,* C.A. 10-0633)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Misty Holden

*James Earnest v. Jayco Enterprises, Inc.* was filed on December 28, 2010. The Jayco Defendants sent correspondence to Plaintiff's Counsel advising that the above mentioned plaintiff failed to provide a plaintiff fact sheet. (*See* correspondence to Counsel for Plaintiff, April 13, 2011, attached as Exhibit "A"). Plaintiff counsel responded to The Jayco Defendants' correspondence by producing fact sheets, errata sheets and providing an explanation for missing fact sheets regarding all the plaintiffs named in the Jayco Defendants' letter. (*See* correspondence from Peter K. Taafe at The Buzbee Law Firm, Counsel for Plaintiff, to the undersigned, May 10, 2011, attached as Exhibit "B"). Regarding plaintiff Misty Holden, Plaintiff Counsel acknowledged that the plaintiff has not completed a Plaintiff Fact Sheet and counsel admittedly states they could not contact the plaintiff in order to acquire a completed fact sheet. Based on the communication of Plaintiff Counsel, the Jayco Defendants moved forward in preparing a Motion to Dismiss Misty Holden. As customary in these proceedings, the Jayco Defendants submitted a copy of The Motion to Dismiss to Plaintiff's Counsel prior to filing with

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

the court. (*See* email correspondence to Counsel for Plaintiff, August 11, 2011, attached as Exhibit "C"). Thereafter, Plaintiff's Counsel responded that they were working to provide Defendants a resolution to the matter after which the Jayco Defendants followed up again to receive clarification on the status of the plaintiff's fact sheet (*See* email correspondence between David Carr at The Buzbee Law Firm, Counsel for Plaintiff, and the Jayco Defendants August 16, 2011-August 24, 2011, attached as Exhibit "D"). Plaintiff Counsel subsequently provided Defendants with an unsigned and undated plaintiff fact sheet for Misty Holden. (*See* Plaintiff Fact Sheet for Misty Holden, attached as Exhibit "E"). Misty Holden's fact sheet only provided her name, representation information, trailer manufacturer and vehicle identification number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* Id). Upon receipt of the fact sheet, Counsel for the Jayco Defendants reviewed it and deemed the fact sheet deficient. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Date of Birth (place of birth not necessary) | IV.C. |
| FEMA I.D.# | V.A.3. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |

(*See* Id.)

Defendants have received no further response or production of Plaintiff Fact Sheet Amendments

4

in regards to the plaintiff. To date, Misty Holden has only answered 5 of the required 23 key questions. Therefore, Misty Holden's fact sheet remains incomplete.

### Bailey Childers

*James Earnest v. Jayco Enterprises, Inc.* was filed on December 28, 2010. The Jayco Defendants sent correspondence to Plaintiff's Counsel advising that the above mentioned plaintiff failed to provide a plaintiff fact sheet. (*See* correspondence to Counsel for Plaintiff, April 13, 2011, attached as Exhibit "A"). Plaintiff counsel responded to The Jayco Defendants' correspondence by producing fact sheets, errata sheets and providing an explanation for missing fact sheets regarding all the plaintiffs named in the Jayco Defendants' letter. (*See* correspondence from Peter K. Taafe at The Buzbee Law Firm, Counsel for Plaintiff, to the undersigned, May 10, 2011, attached as Exhibit "B"). Regarding plaintiff Bailey Childers, Plaintiff Counsel acknowledged that the plaintiff has not completed a Plaintiff Fact Sheet and counsel admittedly states they could not contact the plaintiff in order to acquire a completed fact sheet. Based on the communication of Plaintiff Counsel, the Jayco Defendants moved forward in preparing a Motion to Dismiss Bailey Childers. As customary in these proceedings, the Jayco Defendants submitted a copy of The Motion to Dismiss to Plaintiff's Counsel prior to filing with the court. (*See* email correspondence to Counsel for Plaintiff, August 11, 2011, attached as Exhibit "C"). Thereafter, Plaintiff's Counsel responded that they were working to provide Defendants a resolution to the matter after which the Jayco Defendants followed up again to receive clarification on the status of the plaintiff's fact sheet (*See* email correspondence between David Carr at The Buzbee Law Firm, Counsel for Plaintiff, and the Jayco Defendants August 16, 2011-August 24, 2011, attached as Exhibit "D"). Plaintiff Counsel subsequently provided Defendants with an unsigned and undated plaintiff fact sheet for Bailey Childers. (*See* Plaintiff

Fact Sheet for Bailey Childers, attached as Exhibit "F"). Bailey Childers' fact sheet only provided her name, representation information, trailer manufacturer and vehicle identification number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* Id). Upon receipt of the fact sheet, Counsel for the Jayco Defendants reviewed it and deemed the fact sheet deficient. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Date of Birth (place of birth not necessary) | IV.C. |
| FEMA I.D.# | V.A.3. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |

(*See* Id.)

Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Bailey Childers has only answered 5 of the required 23 key questions. Therefore, Bailey Childers' fact sheet remains incomplete.

**Brook Childers**

*James Earnest v. Jayco Enterprises, Inc.* was filed on December 28, 2010. The Jayco Defendants sent correspondence to Plaintiff's Counsel advising that the above mentioned plaintiff failed to provide a plaintiff fact sheet. (*See* correspondence to Counsel for Plaintiff, April 13, 2011, attached as Exhibit "A"). Plaintiff counsel responded to The Jayco Defendants'

6

correspondence by producing fact sheets, errata sheets and providing an explanation for missing fact sheets regarding all the plaintiffs named in the Jayco Defendants' letter. (*See* correspondence from Peter K. Taafe at The Buzbee Law Firm, Counsel for Plaintiff, to the undersigned, May 10, 2011, attached as Exhibit "B"). Regarding plaintiff Brook Childers, Plaintiff Counsel acknowledged that the plaintiff has not completed a Plaintiff Fact Sheet and counsel admittedly states they could not contact the plaintiff in order to acquire a completed fact sheet. Based on the communication of Plaintiff Counsel, the Jayco Defendants moved forward in preparing a Motion to Dismiss Brook Childers. As customary in these proceedings, the Jayco Defendants submitted a copy of The Motion to Dismiss to Plaintiff's Counsel prior to filing with the court. (*See* email correspondence to Counsel for Plaintiff, August 11, 2011, attached as Exhibit "C"). Thereafter, Plaintiff's Counsel responded that they were working to provide Defendants a resolution to the matter after which the Jayco Defendants followed up again to receive clarification on the status of the plaintiff's fact sheet (*See* email correspondence between David Carr at The Buzbee Law Firm, Counsel for Plaintiff, and the Jayco Defendants August 16, 2011-August 24, 2011, attached as Exhibit "D"). Plaintiff Counsel subsequently provided Defendants with an unsigned and undated plaintiff fact sheet for Brook Childers. (*See* Plaintiff Fact Sheet for Brook Childers, attached as Exhibit "G"). Brook Childers' fact sheet only provided her name, representation information, trailer manufacturer and vehicle identification number of the trailer. Otherwise, the Plaintiff Fact Sheet is entirely blank. (*See* Id). Upon receipt of the fact sheet, Counsel for the Jayco Defendants reviewed it and deemed the fact sheet deficient. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Date of Birth (place of birth not necessary) | IV.C. |
| FEMA I.D.# | V.A.3. |
| Bar Code | V.A.4. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |

(*See* Id.)

Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Brook Childers has only answered 5 of the required 23 key questions. Therefore, Brook Childers' fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the

8

plaintiffs, Misty Holden, individually and on behalf of Bailey Childers and Brook Childers, be dismissed with prejudice.

                              Respectfully submitted,
                              **WILLINGHAM, FULTZ & COUGILL LLP**

By:  s/*Thomas L. Cougill*
       THOMAS L. COUGILL
       Texas State Bar No. 04877300
       Louisiana State Bar No. 31112
       R. MARK WILLINGHAM
       Texas State Bar No. 21641500
       JEFFREY P. FULTZ
       Texas State Bar No. 00790728
       Mississippi Bar No. 101058
       Niels Esperson Building
       808 Travis Street, Suite 1608
       Houston, Texas 77002
       (713) 333-7600 – Telephone
       (713) 333-7601 – Facsimile

**Attorneys for Jayco Enterprises, Inc. and Jayco, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 18th day of October, 2011.

                              s/Thomas L. Cougill
                              THOMAS L. COUGILL