UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: "N"(5) |
| | | * | |
| **This Document Relates to:** | | * | **JUDGE: ENGELHARDT** |
| *Steven Cronin, et al versus* | | * | |
| *Sunnybrook RV, Inc., et al* | | * | **MAG: CHASEZ** |
| *E.D. La. Suit No. 09-6919* | | * | |

**********************************************************************

### REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

**NOW INTO COURT,** through undersigned counsel, comes defendant, SunnyBrook RV, Inc. ("SunnyBrook"), who files this Reply to Plaintiffs, Heather Thigpen, Kristian Penton and Sadie Penton's Memorandum in Opposition (Rec. Doc. #23113) to Defendant's Motion to Dismiss (Rec. Doc. #23001).

Plaintiffs herein are:

Heather Thigpen (Plaintiff in *Steven Cronin, et al v. SunnyBrook RV*, No. 09-6919);

Kristian Penton (Plaintiff in *Steven Cronin, et al v. SunnyBrook RV*, No. 09-6919); and

Sadie Penton (Plaintiff in *Steven Cronin, et al v. SunnyBrook RV*, No. 09-6919).

# I.

## **PLAINTIFFS' ARGUMENTS**

Plaintiffs' counsel argues in the Opposition to SunnyBrook's Motion to Dismiss the above plaintiffs, that dismissal of the plaintiffs' claims is not the proper remedy because there has been no clear record of delay or contumacious conduct on the part Heather Thigpen, Kristian Penton and Sadie Penton in not producing a completed Plaintiff Fact Sheet ("PFS") as required by Pre-Trial Order Nos. 2 and 32.[1]

1.  **Plaintiffs did not Submit Completed Plaintiff Fact Sheets within the Time Delays Provided for in Pre-Trial Orders Nos. 2 and 32**

The instant suit was filed against SunnyBrook by plaintiffs on July 31 2009. In compliance with the Court's deficiency process, SunnyBrook's counsel sent correspondence to plaintiffs' counsel almost two years later, on June 29, 2011, seeking to have multiple deficiencies, including move-in, move-out dates for two different trailer manufacturers, cured. (See Rec. Doc. #23001-3.) The responses, dated August 16, 2011, were virtually devoid of any information responsive to constructive discovery. (See Rec. Doc. #23001- 4 and ##23001- 7 and 8.)

It was not until the Motion to Dismiss had been filed on September 27, 2011 that plaintiffs' counsel submitted further Deficiency Answers, denying that plaintiffs resided in either a Gulfstream or Pilgrim-manufactured trailer, assertions that had previously been made and submitted to SunnyBrook. (Rec. Doc. ##23001-4, 7, 8, 10 and 11.)

---

[1] See Memorandum in Opposition to Defendant's Motion to Dismiss, Rec. Doc. #23113, p. 2.

## 2. Inequities of PFS Process

SunnyBrook submits to the Court that plaintiffs' failure to timely submit amended PFS containing the essential data evidences a clear delay on their behalf and represents needless time hours wasted in cajoling plaintiffs' counsel to respond to obvious deficiencies. Moreover, Ms. Thigpen's failure to communicate with her counsel to provide the information required to complete her PFS and those of her minor children is exactly why SunnyBrook moves for these plaintiffs' dismissal with prejudice for failure to comply with Pre-Trial Orders Nos. 2 and 32.

## III. CONCLUSION

Accordingly, SunnyBrook moves for an Order dismissing plaintiffs, Heather Thigpen, Kristian Penton and Sadie Penton, for failing to provide PFS Deficiency Answers in a timely manner. In addition, SunnyBrook asks this Honorable Court to award attorney's fees for the unnecessary time spent attempting to obtain the deficiency cures, and failing that, being obliged to file a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32.

As is apparent from the foregoing, SunnyBrook has been exceedingly patient with this deficiency process; however, as it prepares for additional litigation, evaluates the possibility of settlement and analyzes other issues concerning the progress of this lawsuit, SunnyBrook must be able to obtain verified and accurate information about those who make allegations against it.

The Plaintiff Fact Sheet serves as the best way to acquire such information as the Sheet acts as the initial round of discovery responses. Without this simulated discovery

response, SunnyBrook is significantly prejudiced and there is good cause for the Court to discontinue any potential for further prejudice against SunnyBrook by dismissing the claims of Heather Thigpen, Kristian Penton and Sadie Penton, with prejudice or, in the alternative, to send a message to plaintiffs and their counsel that the Court's deadlines are actual deadlines by awarding attorney's fees to defendant SunnyBrook for the time spent attempting to obtain plaintiffs' essential data.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

By: ___/s/ Cynthia J. Thomas___
**RICHARD G. DUPLANTIER, JR., Bar #18874 (T.A.)
CYNTHIA J. THOMAS, LA Bar #22631
MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant,
SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 17[h] day of October, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery　　　( ) Facsimile
( ) Prepaid U.S. Mail　　( ) UPS/Federal Express
( X ) Electronic Mail　　( ) Certified Mail, Return Receipt Requested

___/s/ Cynthia J. Thomas___
**CYNTHIA J. THOMAS**