**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO:   09-3867 | * | |
| *Earle Bryant, III v. Crum & Forster Specialty* | * | JUDGE ENGELHARDT |
| *Insurance Company, et al.* | * | |
| | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S THIRD SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

NOW INTO COURT, comes Plaintiff, Earle Bryant, III, who through undersigned counsel, supplements and amends his original Complaint for Damages, First Supplemental and Amending Complaint for Damages (Doc. 2234), and Second Supplemental and Amending Complaint for Damages (Doc. 16616), (hereinafter, "underlying complaints"), to add a direct cause of action against The Burlington Insurance Company ("Burlington") as an insurer of Pilgrim International, Inc. ("Pilgrim").

Plaintiff, through undersigned counsel, supplements and amends his underlying complaints in the following respects and otherwise reiterates and reavers all of the allegations, claims and prayers for relief contained therein:

1.

By adding the following paragraph in Section I: "Parties" to reflect the addition of Burlington as a Defendant:

a.  Defendant The Burlington Insurance Company ("Burlington"), is, upon information and belief, an entity incorporated in the state of North Carolina, with its principle place of business in the state of North Carolina.  Further,

Defendant Burlington provided insurance coverage for the risks involved herein of Pilgrim International, Inc. ("Pilgrim"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

**2.**

By adding the following paragraph in Section II: "Jurisdiction and Venue" to reflect the addition of Burlington as a Defendant:

a. Burlington is subject to the *in personam* jurisdiction of this Court because it and its insured client, Pilgrim, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

**3.**

Plaintiff reavers and reiterates Paragraphs twelve (12) through one hundred and eighteen (118) of his underlying original Complaint for Damages, and amends the heading in Count 1 to read "**CAUSE OF ACTION AGAINST CRUM & FORSTER, SENTRY, AND BURLINGTON UNDER THE LOUISIANA PRODUCTS LIABILTY ACT**" and adds the following paragraph to Count 1:

Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Defendants, Crum & Forster, Sentry, and Burlington, are liable as the insurers of Pilgrim during the time periods that Plaintiff resided in the Pilgrim manufactured emergency housing unit ("EHU").

**4.**

By amending Paragraph 119 in Section IV: "Compensatory Damages" to reflect the addition of Burlington as a Defendant:

119. In addition to and by way of summarizing the compensatory damages prayed for herein, Plaintiff avers that the Defendants, Pilgrim, the United States of America through the Federal Emergency Management Agency ("FEMA"), Crum & Forster Specialty Insurance Company ("Crum & Forster") through Pilgrim, Burlington through Pilgrim, and Sentry Insurance A Mutual Company ("Sentry") through Pilgrim, as well as Fluor Enterprises, Inc. ("Fluor"), individually and/or jointly are responsible for all damages which Plaintiff herein has suffered and continues to suffer as a consequence of Defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

**5.**

By amending the paragraph in Section VI: "Prayer for Relief" to reflect the addition of Burlington as a Defendant:

WHEREFORE, Plaintiff prays that the underlying complaints be amended to reflect the addition of Burlington as a Defendant, and that Crum & Forster, Burlington, Sentry, Fluor, and the Federal Government be served with a copy of this Third Supplemental and Amending Complaint for Damages, and that, after due proceedings:

1. there be a judgment herein in favor of the Plaintiff and against Defendants for all compensatory damages together with legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the Defendants are liable for all applicable damages and thereafter;

2. there be specially included in the judgment in the Plaintiff's favor, provisions for the following damages and relief as found applicable and supported by the evidence:

    a. past and future physical injuries,

    b. past and future mental and physical pain and suffering,

    c. past and future physical impairments and disability,

    d. past and future reasonable and necessary medical expenses,

    e. past and future loss of earning capacity,

    f. past and future loss of enjoyment and quality of life,

    g. loss of consortium and/or society,

   h.  compensable out-of-pocket expenses related to Defendants' wrongdoing, and

   i.  costs of Court; and

 3. all other general, equitable, and further relief as the Court may deem just and proper.

**6.**

Plaintiff reiterates that he is entitled to and demands a trial by jury.

WHEREFORE, Plaintiff respectfully supplements the underlying complaints, in the foregoing respects, and otherwise reiterates and reavers all of the allegations, claims and prayers for relief contained therein.

          Respectfully submitted,

          */s/Hugh P. Lambert*
          HUGH P. LAMBERT, ESQ. (LA Bar #7933)
          CANDICE C. SIRMON, ESQ. (LA Bar #30728)
          CAYCE C. PETERSON, ESQ. (LA Bar #32217)
          LAMBERT & NELSON, PLC
          701 Magazine Street
          New Orleans, Louisiana 70130
          Telephone: (504) 581-1750
          Facsimile: (504) 529-2931
          hlambert@lamnel.com
          candices@lamnel.com
          cpeterson@lamnel.com

**PLEASE SERVE:**

1. The Burlington Insurance Company
  ***Through the Louisiana Secretary of State***
  8585 Archives Avenue
  Baton Rouge, Louisiana 70809

2.  Crum & Forster Specialty Insurance Company
    *Through the Louisiana Secretary of State*
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809

3.  Sentry Insurance A Mutual Company
    *Through the Louisiana Secretary of State*
    8585 Archives Avenue
    Baton Rouge, Louisiana 70809

4.  Fluor Enterprises, Inc.
    *Through its Registered Agent for Service,*
    Corporation Service Company
    320 Somerulos Street
    Baton Rouge, Louisiana 70802-6129

5.  The United States of America
    *Through U.S. Attorney's Office for the Eastern District of Louisiana*
    500 Poydras Street, Room B210
    New Orleans, Louisiana 70130

    *-and-*

    *And through U.S. Attorney General, Eric H. Holder, Jr.*
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530-0001

    *-and-*

    *And through the Federal Emergency Management Agency*
    Office of the Director, Office of General Counsel
    500 C Street, SW
    Washington, D.C. 20472

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this  18th  day of October, 2011.

                                     */s/Hugh P. Lambert*
                                     HUGH P. LAMBERT, ESQ. (LA Bar #7933)