UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO:   09-5493 | * | |
| *Byron J. Veal, et al. v. Crum & Forster Specialty* | * | JUDGE ENGELHARDT |
| *Insurance Company, et al.* | * | |
| | * | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

NOW INTO COURT, come Plaintiffs, Gaynell Martin, Brandon J. Veal, and Byron J. Veal and Donielle M. Veal, individually and on behalf of their minor children, Bradley J. Veal and Bryan J. Veal, who through undersigned counsel, supplement and amend their original Complaint for Damages (Civil Action No. 09-5493, Doc. 1), to add a direct cause of action against The Burlington Insurance Company ("Burlington") as an insurer of Pilgrim International, Inc. ("Pilgrim").

Plaintiffs, through undersigned counsel, supplement and amend their original Complaint for Damages in the following respects and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein:

1.

By adding the following paragraph in Section I: "Parties" to reflect the addition of Burlington as a Defendant:

a. Defendant The Burlington Insurance Company ("Burlington"), is, upon information and belief, an entity incorporated in the state of North Carolina, with its principle place of business in the state of North Carolina.  Further,

Defendant Burlington provided insurance coverage for the risks involved herein of Pilgrim International, Inc. ("Pilgrim"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

**2.**

By adding the following paragraph in Section II: "Jurisdiction and Venue" to reflect the addition of Burlington as a Defendant:

a. Burlington is subject to the *in personam* jurisdiction of this Court because it and its insured client, Pilgrim, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

**3.**

Plaintiffs reaver and reassert Paragraphs twelve (12) through one hundred and twenty seven (127) of their underlying original Complaint for Damages, and amends the heading in Count 2 to read "**CAUSE OF ACTION AGAINST CRUM & FORSTER, SENTRY, AND BURLINGTON UNDER THE LOUISIANA PRODUCTS LIABILTY ACT**" and adds the following paragraph to Count 2:

Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Defendants, Crum & Forster, Sentry, and Burlington, are liable as the insurers of Pilgrim during the time periods that Plaintiffs resided in the Pilgrim manufactured emergency housing units ("EHUs").

**4.**

By amending Paragraph 128 in Section IV: "Compensatory Damages" to reflect the addition of Burlington as a Defendant:

128. In addition to and by way of summarizing the compensatory damages prayed for herein, Plaintiffs aver that the Defendants, Pilgrim, the United States of America through the Federal Emergency Management Agency ("FEMA"), Crum & Forster Specialty Insurance Company ("Crum & Forster") through Pilgrim, Burlington through Pilgrim, and Sentry Insurance A Mutual Company ("Sentry") through Pilgrim, as well as Shaw Environmental, Inc. ("Shaw"), individually and/or jointly are responsible for all damages which each Plaintiff herein has suffered and continues to suffer as a consequence of Defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

**5.**

By amending the paragraph in Section VI: "Prayer for Relief" to reflect the addition of Burlington as a Defendant:

WHEREFORE, Plaintiffs pray that their original Complaint for Damages be amended to reflect the addition of Burlington as a Defendant, and that Crum & Forster, Burlington, Sentry, Shaw, and the Federal Government be served with a copy of this First Supplemental and Amending Complaint for Damages, and that, after due proceedings:

1. there be a judgment herein in favor of the Plaintiffs and against Defendants for all compensatory damages together with legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the Defendants are liable for all applicable damages and thereafter;

2. there be specially included in the judgment in the Plaintiffs' favor, provisions for the following damages and relief as found applicable and supported by the evidence:

   a. past and future physical injuries,

   b. past and future mental and physical pain and suffering,

   c. past and future physical impairments and disability,

   d. past and future reasonable and necessary medical expenses,

   e. past and future loss of earning capacity,

   f. past and future loss of enjoyment and quality of life,

   g. loss of consortium and/or society,

      h.      compensable out-of-pocket expenses related to Defendants' wrongdoing, and

      i.      costs of Court; and

3.      all other general, equitable, and further relief as the Court may deem just and proper.

**6.**

Plaintiffs reiterate that they are entitled to and demand a trial by jury.

WHEREFORE, Plaintiffs respectfully supplement their original Complaint for Damages, in the foregoing respects, and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein.

      Respectfully submitted,

      /s/Hugh P. Lambert
      HUGH P. LAMBERT, ESQ. (LA Bar #7933)
      CANDICE C. SIRMON, ESQ. (LA Bar #30728)
      CAYCE C. PETERSON, ESQ. (LA Bar #32217)
      LAMBERT & NELSON, PLC
      701 Magazine Street
      New Orleans, Louisiana 70130
      Telephone: (504) 581-1750
      Facsimile: (504) 529-2931
      hlambert@lamnel.com
      candices@lamnel.com
      cpeterson@lamnel.com

**PLEASE SERVE:**

1.      The Burlington Insurance Company
      ***Through the Louisiana Secretary of State***
      8585 Archives Avenue
      Baton Rouge, Louisiana 70809

2. Crum & Forster Specialty Insurance Company
   ***Through the Louisiana Secretary of State***
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

3. Sentry Insurance A Mutual Company
   ***Through the Louisiana Secretary of State***
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

4. Shaw Environmental, Inc.
   ***Through its Registered Agent for Service,***
   CT Corporation System
   5615 Corporate Boulevard, Suite 400B
   Baton Rouge, Louisiana 70808

5. The United States of America
   ***Through U.S. Attorney's Office for the Eastern District of Louisiana***
   500 Poydras Street, Room B210
   New Orleans, Louisiana 70130

   *-and-*

   ***And through U.S. Attorney General, Eric H. Holder, Jr.***
   U.S. Department of Justice
   950 Pennsylvania Avenue, NW
   Washington, D.C. 20530-0001

   *-and-*

   ***And through the Federal Emergency Management Agency***
   Office of the Director, Office of General Counsel
   500 C Street, SW
   Washington, D.C. 20472

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this  18th  day of October, 2011.

                                       /s/Hugh P. Lambert
                                       HUGH P. LAMBERT, ESQ. (LA Bar #7933)