UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                           MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                  SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-6919

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23001), filed by defendant Sunnybrook RV, Inc. ("Sunnybrook").  Sunnybrook moves to dismiss with prejudice the claims of plaintiff Heather Thigpen and two of her minor children, Kristian Thigpen and Sadie Thigpen, on grounds that she has failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets.

## A.  BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In Pre-Trial Order No. 88, signed June 24, 2011, the court extended the time for curing deficiencies to sixty days.

1

(Rec. Doc. 22124, as corrected in Rec. Doc. 22153). Also in Pre-Trial Order No. 88, the Court temporarily streamlined the process for curing PFS deficiencies, requiring that plaintiffs cure only twenty-three (23) "key" questions until the regular PFS deficiency process resumes on April 12, 2012. *Id.*

## B. APPLICABLE LAW:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four

factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

    **1. Heather Thigpen, Individually:**

On June 29, 2011, Sunnybrook sent a letter to plaintiffs' counsel specifying material deficiencies with respect to the plaintiff fact sheet of Heather Thigpen. *See* Exhibit A to Movant's Memorandum in Support (Rec. Docs. 23001-3). On August 16, 2011, plaintiffs' counsel sent supplemental responses that were largely non-responsive (*e.g.*, "I do not recall whether I am making a claim for loss of wages or lost earning capacity."). *See* Exhibit B Movant's Memorandum in Support (Rec. Docs. 23011-4). In addition, the supplemental responses confused matters more by stating that Ms. Thigpen's trailer was manufactured by Gulf Stream, not Sunnybrook.

In its supporting memorandum, Sunnybrook argues that Heather Thigpen's claims should be dismissed because, even as supplemented, her PFS failed to provide answers to important questions. For example, the August 16 supplemental responses do not state: (1) whether she is making a claim for lost wages and, if so, the amount; (2) the average number of hours spent in the FEMA unit each day (V.A.13); (3) the VIN number (V.A.2); (4) the move-in date (V.A.6); (5) the move-out date (V.A.7); and (6) the name of any physician who has treated her for or diagnosed her

3

as having a condition resulting from living in a FEMA trailer (III.C.3, VII.B and VII.D).

In response to Sunnybrook's motion, plaintiffs have submitted additional supplemental responses for Ms. Thigpen, which provide answers to the questions above. *See* Exhibit A to Plaintiffs' Opposition Memorandum (Rec. Doc. 23113-1). Specifically, Ms. Thigpen states that: (1) she is not making a claim for lost wages; (2) no doctor has treated or diagnosed her for symptoms related to living in a FEMA trailer; (3) the VIN for her FEMA trailer is 4UBASOR2861071667; (4) the move-in date was October 2005; (5) the move-out date was July 2007; and (6) she spent eight hours or more per day in the trailer. *Id.* She also clarifies that her FEMA trailer was manufactured by Sunnybrook, not Gulf Stream. *Id.*

Even under the temporary streamlined process of Pre-Trial Order No. 88, Ms. Thigpen's PFS is not complete. She still owes answers to at two questions related to medical history (which are not addressed in Sunnybrook's motion), and while she admits to being a smoker, she still has not provided the details of her smoking history. Also, it appears that her PFS still does not contain her signature. Nevertheless, the Court finds that with the new supplemental responses Ms. Thigpen has materially complied with her PFS obligations such that dismissal is no longer warranted at this juncture. This, of course, does not relieve Ms. Thigpen of her obligation to further supplement her responses as required pursuant to this Court's orders (*e.g.,* Pre-Trial Orders Nos. 2, 32 and 88), and as required under the Federal Rules of Civil Procedure. Nor does it exempt her from future dismissal should she fail in these obligations.

In its Reply Memorandum, Sunnybrook argues that Ms. Thigpen's delay in providing PFS responses caused counsel for Sunnybrook to expend "needless...hours wasted in cajoling plaintiffs' counsel to respond to obvious deficiencies." *See* Rec. Doc. 23227 at 3. Indeed, it was not until the

Motion to Dismiss was filed that the plaintiff provided meaningful responses to the deficiencies. To remedy this prejudice, Sunnybrook argues "in the alternative," that if the claims are not dismissed, the Court should award attorneys' fees to Sunnybrook for the time spent attempting to obtain this plaintiff's data. The Court agrees that this plaintiff's delay in providing PFS responses warrants a sanction, albeit one less severe than dismissal of her claims. Accordingly, in the event that this matter is not resolved short of trial, the Court awards to Sunnybrook, pursuant to Rule 37(b)(2)(C), the reasonable expenses, including attorneys' fees, incurred in preparing and filing the instant motion and supporting memoranda, in an amount to be determined, not to exceed $1,000 plus costs.[1]  *See* Fed. R. Civ. P. 37(b)(2)(C).

### 2. **Kristian Thigpen and Sadie Thigpen:**

The plaintiff fact sheets for Heather Thigpen's minor children Kristian and Sadie Thigpen are complete and are even signed by their mother, Heather Thigpen. *See* Exhibits E and F to Movant's Memorandum in Support (Rec. Docs. 23001-7, 23001-8). They provide answers to virtually all questions in the PFS, even those not identified as "key" questions in Pre-Trial Order No. 88. *Id.* The problem here arises from a stray entry of the words "Gulf Stream" in a space calling for the manufacturer of the FEMA unit, even though the previous page designates Sunnybrook as the sole defendant and provides information (*e.g.*, VIN and bar code) identifying the trailer as one made by Sunnybrook. This entry led Sunnybrook's counsel to suspect that the children had resided in two separate trailers, prompting counsel to send electronic mail to plaintiffs' counsel asking that they specify the move-in and move-out dates for each separate trailer. *See* Exhibit D to Movant's

---

[1] In the event that this case is severed from this MDL and returned to its original jurisdiction, the amount of the award may be determined by the court to which the matter is returned. A motion to fix the fees and costs awarded shall be filed within ten days after entry of judgment.

Memorandum in Support (Rec. Doc. 23001-6). Plaintiffs' counsel's reply compounded the problem by stating that the children had stayed in a trailer manufactured by Pilgrim. *See* Exhibit G to Movant's Memorandum in Support (Rec. Doc. 23001-9). Sunnybrook's counsel asked for clarification (*see* Rec. Doc. 23001-10), but received no response prior to filing the motion. In response to the motion, plaintiffs have provided supplemental responses, clarifying that the children resided in only one trailer and that the trailer was manufactured by Sunnybrook, not Gulf Stream or Pilgrim. *See* Exhibit A to Opposition Memorandum (Rec. Doc. 23113-1). The supplemental responses further clarify that the move-in and move-out dates provided in the plaintiff fact sheets are for this Sunnybrook trailer alone. Dismissal is not warranted under these circumstances. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23001)**, filed by defendant Sunnybrook**,** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that in the event that this matter is not resolved short of trial, the Court awards to Sunnybrook, pursuant to Fed. R. Civ. P. 37(b)(2)(C), the reasonable expenses, including attorneys' fees, incurred in preparing and filing the instant motion and supporting memoranda, in an amount to be determined, not to exceed $1,000 plus costs. A motion to fix the fees and costs awarded shall be filed within ten (10) days after entry of judgment.

New Orleans, Louisiana, this __19th__ day of October, 2011.

**KURT D. ENGELHARDT**
**United States District Court**