UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                              MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                 SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-7113, 10-1305

**ORDER AND REASONS**

Before the Court is the Renewed Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets and for Failure to Comply with Court's Order of September 12, 2011 (Rec. Doc. 23021), filed by defendant Sunnybrook RV, Inc. ("Sunnybrook").

The motion seeks to dismiss the claims of the following three plaintiffs on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Chanda Meadows, individually; (2) Donna Meadows; and (3) Chanda Meadows on behalf of Hannah Pyron, a minor.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).

1

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the

2

opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

## C. ANALYSIS:

Hannah Pyron was an infant when she and her mother, Chanda Meadows, moved into a FEMA housing unit in February 2006. *See* Rec. Docs. 22146-8, 22146-10. The third plaintiff at issue here, Donna Meadows, moved into the unit several months later, in June 2006. *See* Rec. Doc. 22146-9. The original PFS for each of these plaintiffs states that their FEMA unit was manufactured by Champion and bore vehicle identification number ("VIN") 023010927A000H. *See* Rec. Docs. 22146-8, 22146-9, 22146-10. In response to the question "Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?", the PFS of Chanda Meadow and that of her baby daughter both indicate that the unit was a mobile home. *See* Rec. Docs. 22146-8, 22146-10. The amended PFS of Donna Meadows also indicates that the unit was a mobile home. *See* Rec. Doc. 22534-3. There was nothing in any of the three original PFS responses to indicate that the plaintiffs resided in more than one FEMA unit except for one lone entry in the PFS of the baby, Hannah Pyron, now a young girl. In her original PFS, and hers only, the FEMA unit is identified as follows:

**GOVERNMENT PROVIDED INFORMATION**
Manufacturer:   Champion
VIN/Serial#:    023010927A000H
Barcode:        1201945
Unit:           Mobile Home

Manufacturer:   Champion
VIN/Serial#:    4UBAS0R2X61071914
Barcode:        1252028
Unit:           Mobile Home

3

The VIN in the first entry is the same as that in the PFS of her mother and that of Donna Meadows. The VIN in the second entry apparently belongs not to a mobile home manufactured by Champion, as indicated, but rather to a travel trailer manufactured by Sunnybrook. Subsequently, in their amended PFS, each of the three plaintiffs listed both of the VIN and barcode numbers, and each of the plaintiffs now lists Sunnybrook as a defendant. *See* Rec. Docs. 22534-2, 22534-3, 22534-4.

Sunnybrook, who does not manufacture mobile homes, began trying to get an answer to the question of when, if ever, these three plaintiffs resided in a Sunnybrook travel trailer. In March 2011, Sunnybrook sent correspondence to plaintiffs' counsel seeking the move-in and move-out dates for the alleged Sunnybrook trailer. *See* Rec. Docs. 22146-4, 22146-5. Receiving no answers in response, Sunnybrook on June 30, 2011, filed a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22146).

In affidavits attached to plaintiffs' opposition to that motion (filed August 2, 2011), plaintiffs' counsel stated that it had been unsuccessful in reaching Donna Meadows and that Chanda Meadows no longer had any information regarding move-in and move-out dates. *See* Rec. Doc. 22291-1, 22291-2, 22291-3. In their sur-response (filed August 16, 2011), plaintiffs stated that plaintiffs' counsel had again attempted to reach Chanda Meadows, but had been unsuccessful in reaching her. (Rec. Doc. 22457). In their amended sur-response (filed August 26, 2011), plaintiffs stated that plaintiffs' counsel had attempted to reach Chanda Meadows, Donna Meadows, and Hannah Pyron, but had been unsuccessful in reaching any of them. (Rec. Doc. 22457).

On September 12, 2011, this Court issued an Order and Reasons, denying Sunnybrook's motion to dismiss, but requiring that plaintiffs Donna Meadows and Chanda Meadows (on behalf of herself and her minor daughter Hannah Pyron) each provide within fifteen days a supplemental

response to the question of respective move-in and move-out dates for each of the FEMA housing units in which they resided, which responses were to be verified by the individual plaintiff. *See* Rec. Doc. 22821 at 6-7. The Court stated that upon a plaintiff's failure to comply with the Order, any defendant could move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32. *Id.* at 7.

On September 27, 2011, plaintiffs sent supplemental responses to Sunnybrook's counsel, specifying move-in and move-out dates for Chanda Meadows and her minor child, Hannah Pyron. *See* Exhibits 1 and 2 to Movant's Memorandum in Support (Rec. Docs. 23021-3, 23021-4). No supplemental responses were provided for plaintiff Donna Meadows.

When Sunnybrook filed the instant Renewed Motion to Dismiss (Rec. Doc. 23021) on September 29, 2011, the supplemental responses of Chanda Meadows and Hannah Pyron had not yet been certified with the plaintiff's signature. *See* Movant's Supporting Memorandum at 4-5 (Rec. Doc. 23021-2). However, this deficiency was subsequently cured on October 11, 2011, and Sunnybrook has stated that it is willing to accept the verifications, although they were untimely. *See* Movant's Reply Memorandum at 4 (Rec. Doc. 23215). Therefore, the Court will deem the instant motion to be withdrawn as to Chanda Meadows and Hannah Pyron.

Sunnybrook continues to press its motion with regard to Donna Meadows, who failed to file any supplemental responses as mandated in this Court's Order and Reasons of September 12, 2011 (Rec. Doc. 22821). Plaintiffs present no arguments in defense of Donna Meadows, and the Court can find none. The deficiencies at issue are material. Move-in and move-out dates are among the questions and answers that this Court has identified as essential for the purpose of moving this

matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).[1] Indeed, the duration of each plaintiff's stay in a particular defendant's unit has been the basis of a formula that the special master in this case has used in the past to structure settlements. *See*, *e.g.*, Special Master's Report of July 29, 2011 (Rec. Doc. 22269). Thus, the Court finds that Donna Meadows has failed to materially comply with her obligations to submit a completed PFS. The Court further finds that Sunnybrook has been substantially prejudiced by its inability to learn these most basic facts about this plaintiff's claims.

In its supporting affidavit, plaintiffs' counsel states that despite numerous attempts to contact Donna Meadows by telephone and by mail and despite interviewing family members in an effort to locate her, plaintiff's counsel has been unable to locate or contact Donna Meadows. *See* Exhibit A to Opposition Memorandum (Rec. Doc. 23114-1). Despite plaintiffs' counsel's efforts, Donna Meadows has failed to provide the information necessary to cure the PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Donna Meadows, and that the blame for this delay and failure to prosecute lies with Ms. Meadows herself and not with counsel.

Accordingly,

**IT IS ORDERED** that the **Renewed Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets and for Failure to Comply with**

---

[1] The purpose of Pre-Trial Order No. 88 was to streamline temporarily the PFS information gathering process so that the parties could develop an information database that would enable the private defendants to evaluate claims for global settlement. It was signed on June 24, 2011, after completion of the deficiency process that is the subject of the instant motion, and thus, does not control the instant motion. Nevertheless, the Order identifies the information that is most vital and pressing in moving this matter toward resolution, and for this reason, the Court finds it instructive on the issues of materiality and prejudice.

**Court's Order of September 12, 2011 (Rec. Doc. 23021)**, filed by defendant Sunnybrook, is hereby **DENIED AS WITHDRAWN IN PART**, in that it is denied as withdrawn with respect to plaintiffs Chanda Meadows and her minor child Hannah Pyron, and **GRANTED IN PART**, in that it is granted with respect to plaintiff Donna Meadows. Therefore the claims of Donna Meadows against Sunnybrook are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  19th  day of October, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**