UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: FEMA TRAILER | * | MDL NO. 1873 |
| | * | |
| FORMALDEHYDE PRODUCTS | * | |
| | * | |
| LIABILITY LITIGATION | * | |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | SECTION "N" (5) |
| *Blackstone, et al v. Crum & Forster Specialty* | * | |
| *Ins. Co., et al.,* No. 09-5429; | * | |
| *Coleman, et al v. Crum & Forster Specialty* | * | |
| *Ins. Co., et al.,* No. 09-5432; | * | |
| *Davis, et al v. Crum & Forster Specialty* | * | |
| *Ins. Co., et al,* No. 10-2443; | * | |
| *Bartholomew, et al v. Crum & Forster Specialty* | * | |
| *Ins. Co., et al,* No. 09-5428 | * | |

**************************************************************************

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED
MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

MAY IT PLEASE THE COURT:

Plaintiffs request leave to amend the complaints in the above-referenced cases to add causes of action against an additional insurance company defendant pursuant to Louisiana's Direct Action Statute. The entity to be added is Burlington Insurance Company ("Burlington"), which insured Pilgrim International, Inc. ("Pilgrim") from March 31, 2007 to March 31, 2008.

I.   INTRODUCTION

Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Plaintiffs may directly sue this insurance company for the damages caused by their insured, Pilgrim. The amendments to the complaints proposed by Plaintiffs add a direct cause of action against Pilgrim's insurer, Burlington. Until May 19, 2011, Plaintiffs were unaware of the existence of this insurance policy.

II.     ARGUMENT AND AUTHORITIES

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. In the case of the above-reference MDL Plaintiffs, justice requires leave to file their amended complaints to preserve the insurance coverage available to the Defendant Pilgrim.[1] Leave to amend Plaintiffs' complaints should therefore be granted. *See Id.*

Louisiana's "Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Green v. Auto Club Groups Ins. Co.*, 24 So.3d 182, 184 (La. 2009). Plaintiffs, therefore have the right to sue Pilgrim's insurers directly. The proposed amended complaint adds a direct cause of action against Burlington, one of Pilgrim's insurers. Because the added cause of action is necessary to assert Plaintiffs' right of direct action against Defendant Pilgrim's insurer, leave should be granted to file the proposed amended complaints. *Froman*, 371 U.S. at 182.

III.    Conclusion

For all of the above reasons, Plaintiffs respectfully request this Court grant their Motion for Leave to File Amended Complaints.

Respectfully Submitted,

By:     /s/Matthew B. Moreland
DANIEL E. BECNEL, JR. (La. Bar No.
MATTHEW B. MORELAND (La. Bar No. 24567)
Becnel Law Firm, LLC
106 West 7th Street
P.O. Drawer H
Reserve, LA 70084

---

[1] Pilgrim filed for bankruptcy protection on September 22, 2008.

Telephone: (985) 536-1186
Facsimile: (985) 536-6445
E-mail:mmoreland@becnellaw.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2011, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

/s/Matthew B. Moreland
Matthew B. Moreland