UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  　　　　　　　　　　　　MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-8374, 11-850

## ORDER AND REASONS

Before the Court is Defendant Forest River, Inc.'s Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23030).

The motion seeks to dismiss the claims of the following two plaintiffs on grounds that they have failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to provide Plaintiff Fact Sheets:  (1) Hoover Jones; and (2) Zavion Jones.

**A.  BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter  that the plaintiff has thirty days in which to cure the specified

material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial Order No. 88, the court extended by an additional thirty days the time for curing deficiencies in cases where the deficiency notice was served after March 24, 2011. (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and

because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On May 2, 2011, Forest River sent a letter to plaintiffs' counsel alerting them that no PFS had been provided for several plaintiffs, including Hoover Jones and Zavion Jones.  *See* Exhibit A to Movant's  Memorandum in Support (Rec. Doc. 23030-2).  In response, on June 10, 2011, plaintiffs' counsel sent a letter to counsel for Forest River, attaching several "errata sheets," including errata sheets for Hoover Jones and Zavion Jones.   *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 23030-3).  However, as discussed in more detail below, the errata sheets provided only minimal information and no PFS was forthcoming.  Notably, unlike the errata sheets for the other plaintiffs addressed in the June 10 letter, which contained a note stating the date on which the original PFS had been submitted to defense counsel, the errata sheets for Hoover Jones and Zavion Jones contain no indication that any PFS had ever been provided.  *See* Exhibits C-1, C-10 to Movant's Memorandum in Support (Rec. Doc. 23030-4).

On August 26, 2011, Forest River filed its original Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 22607),

seeking to dismiss the claims of several plaintiffs, including those named in the current motion to dismiss (Rec. Doc. 23030).  On September 21, 2011, the Court issued an Order and Reasons, granting Forest River's motion on grounds that no opposition memoranda had been filed.  (Rec. Doc. 22956).  However, on September 23, 2011, the Court issued an Order vacating in part its previous Order and Reasons because incorrect member cases numbers had been provided for certain of the plaintiffs in the Motion to Dismiss.  (Rec. Doc 22990).  On September 30, 2011, Forest River re-filed its Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets, this time listing the correct member case numbers.  (Rec. Doc. 23030).

On October 7, 2011, plaintiffs sent to Forest River plaintiff fact sheets (PFSs) for all plaintiffs addressed in Forest River's renewed motion with the exception of Hoover Jones and Zavion Jones.  *See* Rec. Doc. 23112 at 1-2.  Accordingly, Forest River withdrew its motion as to all the plaintiffs named in the motion except for these two plaintiffs.  *Id.* at 2.  In their opposition memorandum, filed October 11, 2011, plaintiffs asked "that these two plaintiffs be afforded 30 days for counsel to continue to search for the PFS's and, if they cannot be located, to submit new PFS's to Forest River."  (Rec. Doc. 23115 at 1).  On October 13, 2011, the Court issued an Order and Reasons, ordering Hoover Jones and Zavion Jones to provide a PFS to Forest River no later than Wednesday, October 19, 2011.  (Rec. Doc. 23151).  Pursuant to the Order and Reasons, counsel for Forest River has informed the Court that plaintiffs did not produce a PFS for either Hoover Jones or Zavion Jones by October 19, as mandated by the Court.

In the prior Order and Reasons (Rec. Doc. 23151), the Court noted that Plaintiffs have been on notice since August 26 (when the original motion to dismiss was filed) that these two

4

plaintiffs were subject to possible dismissal for failure to produce a PFS.  *Id.*   In fact, they have been on notice since May 2, 2011, the date Forest River sent a letter to plaintiffs' counsel alerting them that no PFS had been provided for these plaintiffs.  *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23030-2).  Thus, these plaintiffs have had nearly six months to avoid dismissal by providing a PFS.

Plaintiff Hoover Jones has provided the defendants with no information other than his social security number and the VIN and manufacturer of his FEMA unit. *See* Errata Sheet, Exhibit C-1 to Movant's  Memorandum in Support (Rec. Doc. 23030-4).  Plaintiff Zavion Jones has provided the defendants with no information other than his social security number and date of birth and the VIN, manufacturer, and installation address of his FEMA unit. *See* Errata Sheet, Exhibit C-10 to Movant's  Memorandum in Support (Rec. Doc. 23030-4).  Neither of them has provided even the most basic information regarding the nature of their claims.  They have answered virtually none of the 23 "key" questions identified by the Court as essential to moving this matter toward resolution.  *See* Pre-Trial Order No. 88 (Rec. Doc. 22124),[1] not to mention the dozens of other important questions in the PFS.  For example, neither of the plaintiffs provide information with regard to:  (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (3)

---

[1] The purpose of Pre-Trial Order No. 88 was to streamline temporarily the PFS information gathering process so that the parties could develop an information database that would enable the private defendants to evaluate claims for global settlement.  It was signed on June 24, 2011, after completion of the deficiency process that is the subject of the instant motion, and thus, does not control the instant motion.  Nevertheless, the Order identifies the information that is most vital and pressing in moving this matter toward resolution, and for this reason, the Court finds it instructive on the issues of materiality and prejudice.

whether the plaintiff is making a lost wage claim and, if so, the amount of the claim (IV.F.3); (4) whether the plaintiff ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the average number of hours spent in the FEMA unit each day (V.A.13); (6) what symptoms, if any, the plaintiff experienced while residing in a FEMA trailer (III.C); (7) the plaintiff's personal smoking history (VI.C); (8) the smoking history of anyone who resides with him or resided with him in the FEMA housing unit (VI.D); (9) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); (10) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B); (11) the move-in date for the FEMA unit (V.A.6); or (12) the move-out date for the FEMA unit (V.A.7). Thus, the Court finds that Hoover Jones and Zavion Jones have failed to materially comply with their obligations to submit a completed PFS. The Court further finds that Forest River has been substantially prejudiced by its inability to learn these most basic facts about these two plaintiffs' claims.

As stated above, the plaintiffs have been on notice since May 2, 2011 that these two plaintiffs were subject to possible dismissal for failure to produce a PFS. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23030-2). During this time, the defendant has twice set for hearing a motion to dismiss these plaintiffs' claims for failure to provide a PFS. They have had nearly six months to avoid dismissal by providing a PFS, yet they have failed to do so. Therefore, the Court finds that there is a clear record of delay and contumacious conduct on the part of Hoover Jones and Zavion Jones, and that this delay and failure to prosecute meets the high threshold for dismissal pursuant to Rule 41(b). Accordingly,

**IT IS ORDERED** that **Defendant Forest River, Inc.'s Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23030)**, is hereby **GRANTED**, and the claims of Hoover Jones and Zavion Jones are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  21st  day of October 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**