UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>           FORMALDEHYDE PRODUCTS<br>           LIABILITY LITIGATION | MDL NO. 1873<br><br>JUDGE ENGELHARDT |
| This document relates to:<br>*Nero,* No. 09-4730<br>Plaintiff:  Enchanti Vaultz | MAG. JUDGE CHASEZ |

## MEMORANDUM IN OPPOSITION TO MOTION FOR NEW TRIAL OR ALTERNATIVE MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

Defendant, Sentry Insurance A Mutual Company ("Sentry"), submits this memorandum in opposition to the Plaintiff's Motion for New Trial, or alternative Motion for Relief from Judgment or Order.[1]  The plaintiff seeks relief from the Court's September 9, 2011 order which dismissed her claims for failure to comply with Pretrial Order No. 32.[2]  As explained below, the Court should deny the pending motion.

---

[1] Rec. Doc. No. 23077.  The plaintiff's correct name appears to be Enchanti Vaultz, although the affidavit submitted in support of the instant motion lists her last name as "Valutz."  *See* Rec. Doc. No. 23077-3, Exhibit "B."  Sentry notes that the plaintiff filed this motion without first contacting counsel for Sentry to determine whether the motion was opposed, as required by PTO No. 10.  Rec. Doc. No. 301.

[2] Rec. Doc. No. 22802.

{B0757604.1}                                       1

**Summary of Argument**

Plaintiff is not entitled to relief under either Rule 59 (e) or Rule 60(b) of the Federal Rules of Civil Procedure. The Court correctly dismissed the plaintiff's claims after she failed to provide a completed plaintiff fact sheet within the deadline required by the Court's pretrial orders, and, then, after receiving a deficiency notice, failed to fully supplement her plaintiff fact sheet. Only now, after the Court dismissed her claims, has she tried to come forward with a more complete fact sheet and claim this constitutes "new" evidence.

As the Court recognized in its dismissal, the plaintiff's counsel have not been able to contact the plaintiff and obtain information to properly complete her plaintiff fact sheet. Faced with that, the plaintiff now argues that (a) her lawyers were only recently able to get in touch with her; and (b) the information contained in the newly supplemented fact sheet constitutes "new" evidence sufficient to warrant a new trial. Neither of these arguments is persuasive.

The supposedly new information (*i.e.*, the information contained in her newly supplemented fact sheet which has not been certified by the plaintiff) was presumably available long before the Court dismissed the plaintiff's claims and she filed the present motion. And, the plaintiff's late-submitted response, provided more than two years after she filed her complaint, does not satisfy the requirements of Rule 59(e) because it is not "new" evidence.

Even if the updated deficiency response qualified as "new" evidence, it cannot be a basis for the relief sought by the plaintiff. The plaintiff had the information

contained in the newly submitted deficiency response when the Court dismissed her claims and the plaintiff has not offered any legitimate excuse for her delay in bringing it forward. The affidavit submitted by the plaintiff's counsel shows that the plaintiff failed to provide contact information to her lawyers and that her lawyers did not even attempt to contact her by phone until September 14, 2011, *after* the Court dismissed the plaintiff's claims. After that, the plaintiff supposedly provided information over the phone and the plaintiff's counsel supplemented her fact sheet. The fact sheet certification is not signed by the plaintiff. It is clear that the plaintiff did not take adequate steps to stay in contact with her lawyers, and, that failure, while unfortunate, is the basic reason why the plaintiff's claims were dismissed.

Likewise, the plaintiff has not demonstrated a basis for relief under Rule 60(b)(1) or (b)(6). Far from "excusable neglect," the affidavit submitted by the plaintiff's attorney shows that the plaintiff failed to stay in contact with her lawyers, leaving them unable to contact her. The information submitted in the deficiency response was not provided until nearly a month *after* the Court dismissed the plaintiff's claims. This does not constitute "excusable neglect" and cannot support the plaintiff's motion.

## Law and Argument

1. **The plaintiff is trying to get another bite of the apple, and if the Court reversed its dismissal, the ruling would undermine the entire deficiency and dismissal process.**

    The Court's pretrial orders, including those related to the deficiency process,

were carefully crafted to balance a number of considerations:  allowing the plaintiffs to submit plaintiff fact sheets in lieu of responding to formal discovery, giving plaintiffs sufficient time to submit their fact sheets and respond to deficiency notices, giving plaintiffs fair warning that their claims could be dismissed for failure to submit fact sheets, and allowing the defendants to seek dismissals *after* the deficiency process had run its course.   The pending motion should be viewed in light of those factors.

Here, the plaintiff waited until <u>all</u> the steps and deadlines passed and then submitted her updated fact sheet information that she relies on here.   The certification on the plaintiff's deficiency responses is not even signed by the plaintiff and the name on the certification is not legible.  Also, the date of the certification is October 3, 2011.[3]   This is almost one month after the Court dismissed the plaintiff's claims.

The Court has already issued numerous dismissals of claims where the plaintiff failed to timely provide a fact sheet.  If the Court were to reverse its September 9, 2011 dismissal, it would effectively undo the entire deficiency process.  This would also allow every plaintiff who failed to come forward within the deadlines provided by the Court to take multiple bites of the apple.  The Court should not permit this.

2. **The plaintiff's requests for relief under Rule 59 and 60 should be denied.**

    a. **The plaintiff cannot meet the standard for relief under Rule 59.**

---

[3] Rec. Doc. No. 23077-2 (Exhibit "A").

The plaintiff correctly notes that motions under Rule 59(e) may only be granted in one of three situations: to accommodate an intervening change in the law, to account for "new evidence" not available at trial (or here, at the time of the dismissal), and to correct a clear error of law or present a manifest injustice.[4] To grant a motion under Rule 59, the Court must be satisfied that the evidence was not available at the time of the dismissal and that the mover's explanation is justifiable.[5] In addition, a primary consideration in a decision about whether to grant a Rule 59 motion is the "strong possibility" that the Court's original ruling may have been incorrect.[6]

Not just any "new" evidence will satisfy the standard under 59(b). It must be evidence that existed at the time of the trial, or here, the Court's dismissal of the plaintiff's claims.[7] The party who proposes the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier. The Fifth Circuit explained that to "prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at

---

[4] *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

[5] *Id.*

[6] *Brown v. Texas & Pacific Railroad Co.*, 392 F. Supp. 1120 (W.D. La. 1972).

[7] Wright and Miller, *Federal Practice and Procedure*, 2d Ed., Sect. 2808, p. 86-87; *See also, United States v. 41 Cases, More or Less, 420 F.2d 1126, 1132 (5th Cir. 1970)* ("(N)ewly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result."); *NLRB v. Decker*, 569 F. 2d 357, 364 (5th Cir. 1978)("That the evidence must be in existence at the time of the trial has often been stated.").

the time of the trial despite due diligence to learn about them."[8]

Here, the plaintiff seeks relief under the second and third grounds under Rule 59, namely that her late-provided fact sheet information is "new evidence" and manifest injustice would result if her claims were dismissed.[9] She also asserts that her lawyers have only recently been able to contact her, suggesting that constitutes a basis to support her motion for new trial.[10] The plaintiff attached an affidavit from a paralegal at the Watts Hillard law firm in support of her motion.[11] The plaintiff previously submitted a different affidavit with her opposition to the motion to dismiss.[12]

The Court should note the two affidavits submitted by the plaintiff are not consistent with each other. The original affidavit appears to be a form that is virtually identical to each of the affidavits submitted in support of other motions for new trial.[13] In addition, the original affidavit submitted by the plaintiff indicates that she provided her counsel with a signed certification page for her fact sheet, a copy of the fact sheet and signed medical authorization forms. None of these

---

[8] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al*, 62 F. 3d 767, 775 (5th Cir. 1995), citations omitted (Court found that trial court properly denied Rule 60 motion where movants "failed to make requisite showings that they were excusably ignorant of evidence until after trial and had employed reasonable diligence to discover it").

[9] Rec. Doc. No. 23077-1.

[10] *Id*. at p. 2.

[11] Rec. Doc. No. 23077-3, Exhibit "B" (October 7, 2011 affidavit of Nicole Porter).

[12] Rec. Doc. No. 22083-1 (Exhibit "A")(June 20, 2011 affidavit of Nicole Porter).

[13] Compare Rec. Doc. No. 22083-1 Exhibit "C" to Exhibits "A," "B" and "D".

documents have been provided.[14] The plaintiff's second affidavit does not make reference to any of these documents and, instead, suggests that the plaintiff's counsel did not receive any written documents from the plaintiff. The information received from the plaintiff was provided over the phone.[15]

The second affidavit provided by the plaintiff also makes the following points, none of which justify the relief she seeks:

➢ The plaintiff had not provided the requested information in her plaintiff fact sheet because she failed to provide contact information and her lawyers have not been able to contact her until very recently.

➢ The plaintiff's counsel's first *attempt* to contact the plaintiff by phone apparently was not until September 14, 2011.

➢ Plaintiff's counsel's first actual phone contact with the plaintiff was not until September 30, 2011, which is more than two years after she filed suit, approximately ten months after she received the deficiency notice, and, most importantly, nearly a month after the Court dismissed her claims.[16]

As the Court is aware, the plaintiff's fact sheet information is still incomplete. Initially, she provided a fact sheet that had 69 blank answers.[17] Then, after she was served with a deficiency letter on December 22, 2010, the plaintiff attempted to

---

[14] Rec. Doc. No. 22083-1, Exhibit "B" ("Plaintiff's attorney has since received a signed certification page by the client. We have also received the Plaintiff Fact sheet, medical authorizations requested.").

[15] Rec. Doc. No. 23077-3, p. 1 (Paragraph 5).

[16] *Id*. at Paragraphs 3-5.

[17] *See* Rec. Doc. No. 21506-1, p. 4.

supplement the information provided, but still left approximately 65 answers blank.[18]  In addition to blank answers, the questions she did answer provided little credible information, suggesting (which is confirmed by the submitted affidavits) that the answers were not based on first-hand information provided by the plaintiff herself.  Among other answers, she responded that she did not remember whether she was pregnant when she lived in her travel trailer.[19]

   The plaintiff has now submitted another update to her fact sheet information.[20]  This information is still incomplete and is not signed by the plaintiff.  In addition, the plaintiff has still not provided the necessary medical release forms as required by the Court's PTO's concerning fact sheets.

   Even if plaintiff had demonstrated her neglect in providing this information was "excusable," which Sentry suggests she has not, the information provided in the updated fact sheet, which is not even signed by the plaintiff herself, cannot qualify as "new" evidence under Rule 59.  This is because information in the response was information clearly known to the plaintiff when the Court dismissed the plaintiff's claims.[21]  Of course, it would be absurd to suggest that the plaintiff did not know the information contained in her fact sheet response *before* September 9, 2011 and somehow became aware of it after the dismissal.  In reality, the plaintiff simply

---

[18] *Id.* at p. 4 and Exhibit "G."

[19] *Id.*

[20] Rec. Doc. No. 23077-2 (Exhibit "A").

[21] The Court dismissed the plaintiff's claims on September 9, 2011 and plaintiff's certification on her fact sheet information, which she did not sign personally, is dated October 3, 2011.  Rec. Doc. No. 23077-2, Exhibit "A," p. 15.

failed to respond to her lawyers' attempts to contact her and only provided the updated information *after* the Court dismissed her claims.

The plaintiff's explanation about why she failed to submit the information is weak, at best. The plaintiff has not submitted her own affidavit. She has not explained why she failed to respond to her lawyer's attempts to contact her, which apparently date back to 2008 or 2009.[22] The plaintiff has also failed to explain why she did not provide a forwarding address to her lawyers. The submitted affidavit likewise does not explain why the plaintiff's counsel waited until September 14, 2011 to even attempt to call the plaintiff or why the first phone contact with her was not until September 30, 2011.

The submitted affidavit provides only minimal explanation as to why the plaintiff failed to supply the information within the Court's deadlines. The affidavit does not justify the plaintiff's failure to prosecute her claims in this lawsuit, particularly when the plaintiff has been on notice for nearly ten months (since the deficiency letter) that her claims were subject to potential dismissal.

In short, the plaintiff has not demonstrated why the Court should permit her, at this late date, to seek reversal of the Court's ruling or why failure to reverse that ruling would result in "manifest injustice."

**b. The plaintiff cannot meet the burden for relief under Rule 60(b)(1) or (6).**

Rule 60(b)(1) functions similarly to Rule 59(e). It allows the Court to grant

---

[22] Rec. Doc. No. 22083-1, Exhibit "C" p. 2.

relief from a ruling or order based on mistake, inadvertence, surprise and excusable neglect.[23] Here, the plaintiff focuses her motion on the "excusable neglect" basis for relief.[24]

Federal courts have long recognized that relief under Rule 60 is an extraordinary remedy.[25] The Court should not grant the remedy lightly and must strike a balance between serving the interests of justice and the policy of finality in the Court's rulings.[26] The Court has wide discretion within which to consider a Rule 60 motion.[27] Although the Supreme Court has noted that the test under Rule 60(b)(1) is an "elastic" one,[28] the Court should consider several factors: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct.[29] Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) only where there were extraordinary circumstances justifying it.[30]

Courts routinely decline to grant Rule 60(b) motions where the movant failed to prosecute his or her claims, such as where the movant failed to respond to a

---

[23] FRCP 60(b)(1).

[24] Rec. Doc. No. 23077-1, p. 4.

[25] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F. R.D. 171 (E.D. Wisc. 1993).

[26] *Mazonne v. Stamler*, 157 F. R. D 212 (S.D. N.Y. 1994).

[27] *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).

[28] *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1983).

[29] *Hibernia National Bank v. Administration Central Sociedad Anonima,* 776 F.2d 1277, 1279-80 (5th Cir.1985).

[30] *Express Air v. General Aviation Services*, 806 F.Supp. 619 (S.D. Miss., 1992).

summary judgment motion[31] or fails to answer the complaint or seek an extension.[32] In addition, the Fifth Circuit has also refused relief under Rule 60(b) where the movant claimed he was "abandoned" by his counsel[33] and where the plaintiff claimed he was personally uninformed about the state of the matters before the court.[34]

The plaintiff has not demonstrated "excusable neglect" under Rule 60(b)(1) another basis for relief under Rule 60(b)(6). At best, she has demonstrated that she was unaware of the proceedings before the Court because she failed to keep in contact with her lawyers. This, as the Fifth Circuit has noted, is not sufficient to justify a motion under Rule 60(b).

Other factors weigh in favor of dismissal of the plaintiff's claims. The plaintiff has been aware of her fact sheet deficiencies since December 2010 and has not taken sufficient steps to fix this problem. Sentry and the other defendant in this case have followed each of the Court's requirements for seeking dismissal of the plaintiff's claims. The plaintiff has not suggested otherwise. The fact remains that the plaintiff failed to provide additional fact sheet information until *after* the Court dismissed her claims on September 9, 2011.

---

[31] *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469 (5th Cir.1989).

[32] *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988).

[33] *Crutcher v. Aetna Life Insurance Company*, 746 F. 2d 1076 (5th Cir. 1984).

[34] *Smith v. Alumax Extrusions*, *supra*, at 1471 ("Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting.").

The plaintiff should not be permitted, after all these steps are taken, to submit her fact sheet information and avoid dismissal. To permit that would undermine the entire fact sheet and deficiency process.

## CONCLUSION

For all these reasons, Sentry requests that the Court deny the plaintiff's motions under Rule 59 and 60 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
         -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Sentry Insurance A Mutual Company*

Date:  October 21, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 21th day of October, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson