UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>　　　　FORMALDEHYDE PRODUCTS<br>　　　　LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to:<br>*Nero,* No. 09-4730<br>Plaintiff:  D.G., a minor, represented by<br>Brandi Saunders/Penny Saunders | JUDGE ENGELHARDT<br><br>MAG. JUDGE CHASEZ |

### MEMORANDUM IN OPPOSITION TO MOTION FOR NEW TRIAL OR ALTERNATIVE MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

Defendant, Sentry Insurance A Mutual Company ("Sentry"), submits this memorandum in opposition to the Plaintiff's Motion for New Trial, or alternative Motion for Relief from Judgment or Order.[1]  The plaintiff seeks relief from the Court's September 9, 2011 order which dismissed his claims for failure to comply with Pretrial Order No. 32.[2]  As explained below, the Court should deny the pending motion.

### Summary of Argument

Plaintiff is not entitled to relief under either Rule 59 (e) or Rule 60(b) of the

---

[1] Rec. Doc. No. 23075.  Sentry notes that the plaintiff filed this motion without first contacting counsel for Sentry to determine whether the motion was opposed, as required by PTO No. 10.  Rec. Doc. No. 301.

[2] Rec. Doc. No. 22802.

{B0757355.1}                                    1

Federal Rules of Civil Procedure. The Court correctly dismissed the plaintiff's claims after he failed to provide a plaintiff fact sheet within the deadline required by the Court's pretrial orders and then, after receiving a deficiency notice, failed to fully supplement his plaintiff fact sheet properly.

As the Court recognized in its dismissal, the plaintiffs' counsel have not been able to contact the plaintiff and obtain information to properly complete his plaintiff fact sheet. Faced with that, the plaintiff now argues that (a) his lawyers *just* discovered that he was a minor and represented by the wrong party in the lawsuit referenced above; and (b) the information contained in the newly completed and submitted fact sheet constitutes "new" information sufficient to warrant a new trial. None of these arguments are persuasive.

The supposedly new information (*i.e.*, the plaintiff's status as a minor and the information contained in his newly-submitted plaintiff fact sheet signed by his mother) was presumably available long before the Court dismissed the plaintiff's claims and he filed the present motion. And, the plaintiff's late-submitted response, provided more than two years after he filed his complaint, does not satisfy the requirements of Rule 59(e) because it is not "new" evidence.

Even if the updated deficiency response qualified as "new" evidence, it cannot be a basis for the relief sought by the plaintiff. He and his mother had the information contained in the newly submitted deficiency response when the Court dismissed his claims no one has offered any legitimate excuse for the delay in bringing the information forward. The affidavits submitted by the plaintiff's

counsel shows that the plaintiff's mother failed to provide contact information and that their lawyers did not even attempt to contact her by phone until early September 2011, *after* the Court dismissed the plaintiff's claims.[3]  Only then did the plaintiff's mother attempt to complete the plaintiff fact sheet and sign a certification.  It is clear that the plaintiff and his mother did not take adequate steps to stay in contact with their lawyers, and, that failure, while unfortunate, is the basic reason why the plaintiff's claims were dismissed.

Likewise, the plaintiff has not demonstrated a basis for relief under Rule 60(b)(1) or (b)(6).  Far from "excusable neglect," the affidavit submitted by the plaintiff's attorney shows that the plaintiff and his mother failed to stay in contact with their lawyers, leaving them unable to contact her.  The information submitted in the deficiency response was not provided and certified until approximately two weeks after the Court dismissed the plaintiff's claims.  This does not constitute "excusable neglect" and cannot support the plaintiff's motion.

## Law and Argument

**1.  The plaintiff is trying to get another bite of the apple, and if the Court reversed its dismissal, the ruling would undermine the entire deficiency and dismissal process.**

The Court's pretrial orders, including those related to the deficiency process, were carefully crafted to balance a number of considerations:  allowing the plaintiffs to submit plaintiff fact sheets in lieu of responding to formal discovery, giving plaintiffs sufficient time to submit their fact sheets and respond to deficiency

---

[3] *See* Rec. Doc. No. 23075-3 and 23032-3.

notices, giving plaintiffs fair warning that their claims could be dismissed for failure to submit fact sheets, and allowing the defendants to seek dismissals *after* the deficiency process had run its course. The pending motion should be viewed in light of those factors.

Here, the plaintiff waited until <u>all</u> the steps and deadlines passed and then submitted his updated fact sheet information, signed by his mother. The certification on the plaintiff's deficiency responses is signed on September 16, 2011 and the plaintiff filed the instant motion on October 7, 2011.[4]

The Court has already issued numerous dismissals of claims where the plaintiff failed to timely provide a fact sheet. If the Court were to reverse its September 9, 2011 dismissal, it would effectively undo the entire deficiency process. This would also allow every plaintiff who failed to come forward within the deadlines provided by the Court to take multiple bites of the apple. The Court should not permit this.

**2.   The plaintiff's requests for relief under Rule 59 and 60 should be denied.**

   **a.   The plaintiff cannot meet the standard for relief under Rule 59.**

The plaintiff correctly notes that motions under Rule 59(e) may only be granted in one of three situations: to accommodate an intervening change in the law, to account for "new evidence" not available at trial (or here, at the time of the dismissal), and to correct a clear error of law or present a manifest injustice.[5] To

---

[4] Rec. Doc. No. 23075-3, p. 16 (Certification) and 23075 (Motion).
[5] *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

grant a motion under Rule 59, the Court must be satisfied that the evidence was not available at the time of the dismissal and that the mover's explanation is justifiable.[6] In addition, a primary consideration in a decision about whether to grant a Rule 59 motion is the "strong possibility" that the Court's original ruling may have been incorrect.[7]

Not just any "new" evidence will satisfy the standard under 59(b). It must be evidence that existed at the time of the trial, or here, the Court's dismissal of the plaintiff's claims.[8] The party who proposes the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier. The Fifth Circuit explained that to "prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at the time of the trial despite due diligence to learn about them."[9]

Here, the plaintiff seeks relief under the second and third grounds under Rule 59, namely that his late-provided fact sheet information is "new evidence" and

---

[6] *Id.*

[7] *Brown v. Texas & Pacific Railroad Co.*, 392 F. Supp. 1120 (W.D. La. 1972).

[8] Wright and Miller, *Federal Practice and Procedure*, 2d Ed., Sect. 2808, p. 86-87; *See also, United States v. 41 Cases, More or Less, 420 F.2d 1126, 1132 (5th Cir. 1970)* ("(N)ewly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result."); *NLRB v. Decker*, 569 F. 2d 357, 364 (5th Cir. 1978)("That the evidence must be in existence at the time of the trial has often been stated.").

[9] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al*, 62 F. 3d 767, 775 (5th Cir. 1995), citations omitted (Court found that trial court properly denied Rule 60 motion where movants "failed to make requisite showings that they were excusably ignorant of evidence until after trial and had employed

{B0757355.1}     5

manifest injustice would result if his claims were dismissed.[10]  He also asserts that their lawyers have only recently discovered that they named the wrong party to represent him, as she is a minor, suggesting that constitutes a basis for to support a motion for new trial.[11]  The plaintiff attached an affidavit from a paralegal at the Watts Hillard law firm in support of his motion.[12]  The plaintiff previously submitted a different affidavit with his opposition to the motion to dismiss.[13]

The October 6th affidavit explains the following points, none of which justify the relief sought by the plaintiff:

- ➢ The plaintiff had not provided the requested information in his plaintiff fact sheet because he failed to provide contact information and his lawyers had not been able to contact his mother until very recently.
- ➢ Plaintiff's counsel's first phone contact with the plaintiff's mother was not until September 15, 2011, which is more than two years after he filed suit, approximately sixteen months after he received the deficiency notice, and, most importantly, one week after the Court dismissed his claims.
- ➢ The plaintiff's counsel only recently learned that the plaintiff was a minor and that he had (incorrectly in their records) been designated as represented by his sister Brandi Saunders, who is also a minor.  Both the plaintiff and

---

reasonable diligence to discover it).

[10] Rec. Doc. No. 23075-1, p.2.

[11] *Id.* at p. 2.

[12] *Id.*, Exhibit "B" (October 6, 2011 affidavit of Nicole Porter).

[13] Rec. Doc. No. 22083-1 (Exhibit "A")(June 20, 2011 affidavit of Nicole Porter).

Brandi Saunders are the children of Penny Saunders.[14] As the Court is aware, Penny Saunders is another plaintiff whose claims were dismissed for failure to comply with the Court's orders concerning her plaintiff fact sheet.[15]

The fact that the plaintiff's lawyers mistakenly listed Brandi Saunders as the representative of the plaintiff, instead of Penny Saunders, is not relevant to this motion. Plaintiffs do not dispute that neither Penny Saunders, Brandi Saunders as her daughter and the person named to represent the plaintiff here, responded to numerous requests for information from their lawyers. The Court has already recognized this problem.[16] Even if the plaintiff's counsel had marked their records properly, they still would not have been able to provide the requested fact sheet information because Penny Saunders, like Brandi Saunders, refused to respond to their requests for information and have not done so until *after* the Court dismissed their claims.[17]

---

[14] Rec. Doc. No. 23075-1.

[15] *See* Rec. Doc. NO. 22912. Ms. Saunders filed a nearly identical motion to the one presented here. Rec. Doc. No. 23032. The Court granted that motion on October 19 2011 and Sentry intends to move for reconsideration. *See* Rec. Doc. No. 23235.

[16] *See* Rec. Doc. No. 22802, p. 5 ("However, in order to provide specific and individual responses, plaintiffs' counsel must be able to contact and communicate with their clients. That has been a problem here. Although plaintiff's counsel has tried for several months to a year to reach the plaintiffs with regard to these deficiencies, it appears they were unable to do so, at least with regard to three of the plaintiffs. (Brandi Saunders on behalf of D.G…)…").

[17] Plaintiffs have pointed out that they previously submitted supplemental information on the plaintiff's fact sheet. It is apparent, however, that this information was not based on any personal communications with the plaintiff's mother, calling into serious question the accuracy of the information. *See* Rec. Doc.

The plaintiff also submitted with his motion an updated set of responses to the deficiency letter sent to him on May 26, 2010.[18] The proposed response, which is provided for the *first* time with the plaintiff's motion and does not follow the format of the Court's plaintiff fact sheet, was signed by the plaintiff's mother, Penny Saunders, on September 16, 2011. The plaintiff had previously attempted to provide information in response to the May 26th deficiency letter, but those attempts were incomplete and not apparently based on personal information from the plaintiff or his mother.[19]

Even if plaintiff had demonstrated his neglect in providing this information was "excusable," which Sentry suggests he has not, the information provided cannot qualify as "new" evidence under Rule 59. This is because information in the response was information clearly known to plaintiff's mother at the time when the Court dismissed his claims.[20] Of course, it would be absurd to suggest that the plaintiff (through his mother) did not know the information contained in his fact sheet response *before* September 9, 2011 and somehow became aware of it after the dismissal. In reality, the plaintiff and his mother simply failed to respond to their lawyers' attempts to contact them and only provided the information after the Court dismissed their claims.

---

No. 22083-1, Exhibit "A." (June 20, 2011 affidavit by Nicole Porter indicating that the sheet information was supplemented based on "materials in the file" and not personal contact with the plaintiff or his mother)

[18] *See* Rec. Doc. No. 21506-1, p 3 (and Exhibit "B" thereto).

[19] *See* Rec. Doc. No. 22083-1, p. 2. *See also* FN 15.

[20] The Court dismissed her claims on September 2, 2011 and she provided her

The plaintiff's explanation about why he failed to submit the information is weak, at best.  The plaintiff has not submitted an affidavit from his mother or anyone other than a paralegal in their lawyer's office.  The mother has not explained why she failed to respond to her lawyer's attempts to contact her, which apparently date back to June 2009.[21]   They have also failed to explain why the Saunders did not provide a forwarding address to plaintiff's counsel.   The submitted affidavit likewise does not explain why the plaintiff's counsel waited until September 16, 2011 to even attempt to call the plaintiff or his mother.

The submitted affidavit provides only minimal explanation as to why he failed to supply the information within the Court's deadlines.  The affidavit does not justify the plaintiff's failure to prosecute his claims in this lawsuit, particularly when he and his mother have been on notice for more than one year that plaintiff's claims were subject to potential dismissal.

In short, the plaintiff has not demonstrated why the Court should permit him, at this late date, to seek reversal of the Court's ruling or why failure to reverse that ruling would result in "manifest injustice."

**b.    The plaintiff cannot meet the burden for relief under Rule 60(b)(1) or (6).**

Rule 60(b)(1) functions similarly to Rule 59(e).  It allows the Court to grant relief from a ruling or order based on mistake, inadvertence, surprise and excusable

---

certification dated September 16, 2011.
[21] Rec. Doc. No. 22092-1, Exhibit "B" p. 2.

neglect.[22]  Here, plaintiff focuses his motion on the "excusable neglect" basis for relief.[23]

Federal courts have long recognized that relief under Rule 60 is an extraordinary remedy.[24]  The Court should not grant the remedy lightly and must strike a balance between serving the interests of justice and the policy of finality in the Court's rulings.[25]  The Court has wide discretion within which to consider a Rule 60 motion.[26]  Although the Supreme Court has noted that the test under Rule 60(b)(1) is an "elastic" one, [27]  the Court should consider several factors: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct.[28]  Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) only where there were extraordinary circumstances justifying it.[29]

Courts routinely decline to grant Rule 60(b) motions where the movant failed to prosecute his or her claims, such as where the movant failed to respond to a

---

[22] FRCP 60(b)(1).

[23] Rec. Doc. No. 23032-1, p. 4.

[24] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F. R.D. 171 (E.D. Wisc. 1993).

[25] *Mazonne v. Stamler*, 157 F. R. D 212 (S.D. N.Y. 1994).

[26] *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).

[27] *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1983).

[28] *Hibernia National Bank v. Administration Central Sociedad Anonima,* 776 F.2d 1277, 1279-80 (5th Cir.1985).

[29] *Express Air v. General Aviation Services*, 806 F.Supp. 619 (S.D. Miss., 1992).

summary judgment motion[30] or fails to answer the complaint or seek an extension.[31] In addition, the Fifth Circuit has also refused relief under Rule 60(b) where the movant claimed he was "abandoned" by his counsel[32] and where the plaintiff claimed he was personally uninformed about the state of the matters before the court.[33]

The plaintiff has not demonstrated "excusable neglect" under Rule 60(b)(1) another basis for relief under Rule 60(b)(6). At best, he has demonstrated that he and his mother were unaware of the proceedings before the Court because they failed to keep in contact with their lawyers. This, as the Fifth Circuit has noted, is not sufficient to justify a motion under Rule 60(b).

Other factors weigh in favor of dismissal of the plaintiff's claims. The plaintiff and his mother have been aware of the fact sheet deficiencies since May 2010 and have not taken sufficient steps to fix this problem. Sentry and the other defendant in this case have followed each of the Court's requirements for seeking dismissal of the plaintiff's claims. The plaintiff has not suggested otherwise. The plaintiff notes that he should have been represented by his mother and not his sister, Brandi Saunders. Even if correct, this is not relevant to the present motion

---

[30] *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469 (5th Cir.1989).

[31] *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988).

[32] *Crutcher v. Aetna Life Insurance Company*, 746 F. 2d 1076 (5th Cir. 1984).

[33] *Smith v. Alumax Extrusions*, *supra*, at 1471 ("Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting.").

and does not constitute "excusable neglect." The fact remains that the plaintiff and his mother failed to provide complete fact sheet information until *after* the Court dismissed their claims. More importantly, they have not explained how they would have been able to provide the required information timely had Penny Saunders been named as the representative for the plaintiff instead of Brandi Saunders.

The plaintiff should not be permitted, after all these steps are taken, to submit his fact sheet information and avoid dismissal. To permit that would undermine the entire fact sheet and deficiency process.

## CONCLUSION

For all these reasons, Sentry requests that the Court deny the plaintiff's motions under Rule 59 and 60 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
         -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Sentry Insurance A Mutual Company*

Date: October 21, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 21st day of October, 2011.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson