UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>    FORMALDEHYDE PRODUCTS<br>    LIABILITY LITIGATION | MDL NO. 1873 |
| | JUDGE ENGELHARDT |
| This document relates to:<br>*Nero,* No. 09-4730<br>Plaintiff: Penny Saunders | MAG. JUDGE CHASEZ |

**MEMORANDUM IN OPPOSITION TO MOTION FOR NEW TRIAL OR ALTERNATIVE MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

Defendant Sentry Insurance A Mutual Company ("Sentry") submits this memorandum in opposition to the Plaintiff's Motion for New Trial, or alternative Motion for Relief from Judgment or Order.[1]  The plaintiff seeks relief from the Court's September 2, 2011 order which dismissed her claims for failure to comply with Pretrial Order No. 32.[2]  As explained below, the Court should deny the pending motion.

**Summary of Argument**

Plaintiff is not entitled to relief under either Rule 59 (e) or Rule 60(b) of the

---

[1] Rec. Doc. No. 23032.  Sentry notes that the plaintiff filed this motion without first contacting counsel for Sentry to determine whether the motion was opposed, as required by PTO No. 10.  Rec. Doc. No. 301.  The Court granted the plaintiff's motion for new trial/reconsideration on October 19, 2011.  *See* Rec. Doc. 23235.  Sentry has moved for reconsideration of the Court's ruling.

[2] Rec. Doc. No. 22693.

Federal Rules of Civil Procedure. The Court correctly dismissed the plaintiff's claims after she failed to provide a plaintiff fact sheet within the deadline required by the Court's pretrial orders.

With her motion, plaintiff has now submitted a purported response to the defendant's deficiency letter with a certification dated September 16, 2011. The plaintiff's late-submitted response, provided more than two years after she filed her complaint, does not satisfy the requirements of Rule 59(e) because it is not "new" evidence. The plaintiff had the information contained in her deficiency response when the Court dismissed her claims and the plaintiff has not offered any legitimate excuse for her delay. The plaintiff simply failed to come forward with it until *after* the Court dismissed her claims.

Likewise, the plaintiff has not demonstrated a basis for relief under Rule 60(b)(1) or (b)(6). Far from "excusable neglect," the affidavit submitted by the plaintiff's attorney shows that the plaintiff failed to provide the required information until approximately two weeks after the court dismissed her claims. Other than her lack of response to her lawyers and apparent failure to stay informed about the case, she has not provided any explanation as to why she failed to submit her fact sheet and deficiency response as required.

## Law and Argument

1. **The plaintiff is trying to get another bite of the apple, and if the Court reversed its dismissal, the ruling would undermine the entire deficiency and dismissal process.**

The Court's pretrial orders, including those related to the deficiency process, were carefully crafted to balance a number of considerations: allowing the plaintiffs

to submit plaintiff fact sheets in lieu of responding to formal discovery, giving plaintiffs sufficient time to submit their fact sheets and respond to deficiency notices, giving plaintiffs fair warning that their claims could be dismissed for failure to submit fact sheets, and allowing the defendants to seek dismissals *after* the deficiency process had run its course. The pending motion should be viewed in light of those factors.

Here, the plaintiff waited until <u>all</u> the steps and deadlines passed and then submitted her fact sheet information. The signature date on the plaintiff's certification confirms this. She didn't sign the form until September 30, 2011.[3] The Court has already issued numerous dismissals of claims where the plaintiff failed to timely provide a fact sheet. If the Court were to reverse its September 2nd dismissal, it would effectively undo the entire deficiency process. This would also allow every plaintiff who failed to come forward within the deadlines provided by the Court to take multiple bites of the apple. The Court should not permit this.

2. **The plaintiff's requests for relief under Rule 59 and 60 should be denied.**

   a. **The plaintiff cannot meet the standard for relief under Rule 59.**

The plaintiff correctly notes that motions under Rule 59(e) may only be granted in one of three situations: to accommodate an intervening change in the law, to account for "new evidence" not available at trial (or here, at the time of the dismissal), and to correct a clear error of law or present a manifest injustice.[4] To

---

[3] Rec. Doc. No. 23032-3, Exhibit "B."

[4] *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

grant a motion under Rule 59, the Court must be satisfied that the evidence was not available at the time of the dismissal and that the mover's explanation is justifiable.[5] In addition, a primary consideration in a decision about whether to grant a Rule 59 motion is the "strong possibility" that the Court's original ruling may have been incorrect.[6]

    Not just any "new" evidence will satisfy the standard under 59(b). It must be evidence that existed at the time of the trial, or here, the Court's dismissal of the plaintiff's claims.[7] The party who proposes the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier. The Fifth Circuit explained that to "prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at the time of the trial despite due diligence to learn about them."[8]

    Here, the plaintiff seeks relief under the second and third grounds under Rule 59, namely that her late-provided fact sheet information is "new evidence" and

---

[5] *Id.*

[6] *Brown v. Texas & Pacific Railroad Co.*, 392 F. Supp. 1120 (W.D. La. 1972).

[7] Wright and Miller, *Federal Practice and Procedure*, 2d Ed., Sect. 2808, p. 86-87; *See also, United States v. 41 Cases, More or Less, 420 F.2d 1126, 1132 (5th Cir. 1970)* ("(N)ewly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result."); *NLRB v. Decker*, 569 F. 2d 357, 364 (5th Cir. 1978)("That the evidence must be in existence at the time of the trial has often been stated.").

[8] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al*, 62 F. 3d 767, 775 (5th Cir. 1995), citations omitted (Court found that trial court properly denied Rule 60 motion where movants "failed to make requisite showings that they were excusably ignorant of evidence until after trial and had employed reasonable diligence to discover it).

manifest injustice would result if her claims were dismissed.[9]   In support of her motion, the plaintiff attaches two exhibits: an affidavit from a paralegal at the Watts Hillard law firm and information that purports to respond to the deficiency letter served on the plaintiff by defendant Crum and Forester.

The affidavit explains that the plaintiff did not provide sufficient contact information and that her counsel was unable to contact her by phone until sometime between September 15, 2011 and September 26, 2011.[10]   Previously, the plaintiff submitted an affidavit from the same paralegal, showing multiple attempts to contact the plaintiff in writing, apparently all unsuccessful, dating back to October 2006.[11]   These affidavits suggest that the plaintiff's counsel's first *actual* contact with this plaintiff was not until sometime in September of 2011.

The plaintiff also submitted a response to the deficiency letter sent to her on May 26, 2010 by defendant Crum and Forester.[12]   The proposed response, which is provided for the first time with the plaintiff's motion and does not follow the format of the Court's plaintiff fact sheet, was signed on September 16, 2011.

Even if plaintiff had demonstrated her neglect in providing this information was "excusable," which Sentry suggests she has not, the information provided cannot qualify as "new" evidence under Rule 59.  This is because information in the response was information clearly known to the plaintiff at the time when the Court

---

[9] Rec. Doc. No. 23032-1, p.1

[10] Rec. Doc. No. 23032-3, Exhibit "B."

[11] Rec. Doc. No. 22092-1, Exhibit "E", p. 2.

[12] *See* Rec. Doc. No. 21506-2, Exhibit "B."

dismissed her claims.[13]  Of course, it would be absurd to suggest that the plaintiff did not know the information contained in her fact sheet response *before* September 2, 2011 and somehow became aware of it after the dismissal.  In reality, the plaintiff simply failed to respond to her lawyer's attempts to contact her and only provided the information after the Court had dismissed her claims.

The plaintiff's explanation about why she failed to submit the information is weak, at best.  She has not submitted her own affidavit.  She has not explained why she failed to respond to her lawyer's attempts to contact her, which apparently date back to October 3, 2006.[14]  She also failed to explain why she did not provide a forwarding address to her counsel.  The submitted affidavit likewise does not explain why the plaintiff's counsel waited until September 8, 2011 to even attempt to call the plaintiff.  In short, the plaintiff has not demonstrated why the Court should permit her, at this late date, to seek reversal of the Court's ruling or why failure to reverse that ruling would result in "manifest injustice."

  **b.**  **The plaintiff cannot meet the burden for relief under Rule 60(b)(1) or (6).**

Rule 60(b)(1) functions similarly to Rule 59(e).  It allows the Court to grant relief from a ruling or order based on mistake, inadvertence, surprise and excusable neglect.[15]  Here, plaintiff focuses her motion on the "excusable neglect" basis for

---

[13] The Court dismissed her claims on September 2, 2011 and she provided her certification dated September 16, 2011.

[14] Rec. Doc. No. 22092-1, Exhibit "E," p. 2.

[15] FRCP 60(b)(1).

relief.[16]

Federal courts have long recognized that relief under Rule 60 is an extraordinary remedy.[17] The Court should not grant the remedy lightly and must strike a balance between serving the interests of justice and the policy of finality in the Court's rulings.[18] The Court has wide discretion within which to consider a Rule 60 motion.[19] Although the Supreme Court has noted that the test under Rule 60(b)(1) is an "elastic" one,[20] the Court should consider several factors: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct.[21] Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) only where there were extraordinary circumstances justifying it.[22]

Courts routinely decline to grant Rule 60(b) motions where the movant failed to prosecute his or her claims, such as where the movant failed to respond to a summary judgment motion[23] or fails to answer the complaint or seek an extension.[24]

---

[16] Rec. Doc. No. 23032-1, p. 4.

[17] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F. R.D. 171 (E.D. Wisc. 1993).

[18] *Mazonne v. Stamler*, 157 F. R. D 212 (S.D. N.Y. 1994).

[19] *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).

[20] *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1983).

[21] *Hibernia National Bank v. Administration Central Sociedad Anonima,* 776 F.2d 1277, 1279-80 (5th Cir.1985).

[22] *Express Air v. General Aviation Services*, 806 F.Supp. 619 (S.D. Miss., 1992).

[23] *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469 (5th Cir.1989).

[24] *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988).

In addition, the Fifth Circuit has also refused relief under Rule 60(b) where the movant claimed he was "abandoned" by his counsel[25] and where the plaintiff claimed he was personally uninformed about the state of the matters before the court.[26]

The plaintiff has not demonstrated "excusable neglect" under Rule 60(b)(1) another basis for relief under Rule 60(b)(6). At best, she has demonstrated that she was unaware of the proceedings before the Court because she failed to keep in contact with her lawyers. This, as the Fifth Circuit has noted, is not sufficient to justify a motion under Rule 60(b).

Other factors weigh in favor of dismissal of the plaintiff's claims. The plaintiff, through her counsel, has been aware of her failure to provide a plaintiff fact sheet since May 2010 and has not done so. Sentry and the other defendant in this case have followed each of the Court's requirements for seeking dismissal of the plaintiff's claims. The plaintiff has not suggested otherwise.

The plaintiff should not be permitted, after all these steps are taken, to submit her fact sheet information and avoid dismissal. To permit that would undermine the entire fact sheet and deficiency process.

## CONCLUSION

For all these reasons, Defendant Sentry Insurance requests that the Court deny the plaintiff's motions under Rule 59 and 60 of the Federal Rules of Civil

---

[25] *Crutcher v. Aetna Life Insurance Company*, 746 F. 2d 1076 (5th Cir. 1984).

[26] *Smith v. Alumax Extrusions*, supra, at 1471 ("Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect

Procedure.

        Respectfully submitted,

        *s/ Ryan E. Johnson*
        _____
        James C. Percy (La. Bar No. 10413)
        Ryan E. Johnson (La. Bar No. 26352)
        **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
        Four United Plaza
        8555 United Plaza Boulevard
        Baton Rouge, LA  70809
        Telephone: (225) 248-2080
        Facsimile:  (225) 248-3080
           -and-
        Madeleine Fischer (La. Bar No. 5575)
        **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
        201 St. Charles Avenue, 49th floor
        New Orleans, LA   70170
        Telephone:  (504) 582-8000
        Facsimile:  (504) 589-8208

        *Counsel for Sentry Insurance A Mutual Company*

Date:  October 24, 2011

---

warranting").

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

  Baton Rouge, Louisiana, this 24th day of October, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson
