UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | MDL NO. 1873 |
|  | JUDGE ENGELHARDT |
| **This document relates to:**<br>*Nero,* No. 09-4730<br>**Plaintiff:  Laura Domingo** | MAG. JUDGE CHASEZ |

## MOTION FOR RECONSIDERATION OF
## COURT'S OCTOBER 19, 2011 RULING (OPPOSED)

Defendant, Sentry Insurance A Mutual Company ("Sentry"), moves this Court to reconsider its October 19, 2011 Order and Reasons (Rec. Doc. No. 23236). In that ruling, the Court granted a motion for new trial/reconsideration filed by plaintiff Laura Domingo, reinstating her previously dismissed claims.[1]

As more fully explained in the attached memorandum, the Court should grant this reconsideration request and dismiss the plaintiff's claims for a number of reasons, including:  (a) the plaintiff filed her motion for new trial/reconsideration without contacting Sentry to determine whether it would consent or oppose the

---

[1] The following document numbers are relevant to this motion: Rec. Doc. Nos. **20886** (Defendant's Motion to Dismiss for Failure to Comply with PTO 2 and 32), **22693** (Court's September 2, 2011 ruling dismissing plaintiff's claims); **23031** (Plaintiff's Motion for New Trial, or Alternative, Motion for Reconsideration) and **23236** (Court's October 19, 2011 Ruling granting motion for new trial and reinstating plaintiff's claims).

{B0757770.1}                                  1

motion, a requirement under PTO No.10; and (b) the plaintiff did not clearly identify in her motion that she had asserted claims against Sentry, as insurer for the bankrupt defendant, Pilgrim International, Inc., delaying Sentry's ability to identify the plaintiff and file its opposition memorandum.

Sentry has submitted an opposition memorandum to the plaintiff's motion for new trial/reconsideration.[2]  That memorandum is identical to the one that Sentry filed on October 19, 2011.[3]  It fully explains Sentry's position and opposition to the plaintiff's request to have her claims reinstated.  In short, Sentry's memorandum explains why the plaintiff's newly provided fact sheet information, submitted after all the relevant deadlines have passed, does not justify reinstatement of her claims.

Pursuant to PTO No. 10 (Rec. Doc. No. 301), on October 20, 2011, counsel for Sentry contacted counsel for the plaintiff, via email, to learn whether the plaintiff consents to or opposes to this motion.  The plaintiff advised that she is opposed to Sentry's motion.

In addition, Sentry's Motion for Reconsideration is timely, as it was filed within ten days of the Court's October 19, 2011 ruling.

        Respectfully submitted,

        *s/ Ryan E. Johnson*
        _____
        James C. Percy (La. Bar No. 10413)
        Ryan E. Johnson (La. Bar No. 26352)
        **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
        Four United Plaza
        8555 United Plaza Boulevard

---

[2] *See* Exhibit "1."

[3] Rec. Doc. No. 23237.

Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
          -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Sentry Insurance A Mutual Company*

Date:  October 24, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 24th day of October, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson