## UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  FEMA TRAILER PRODUCTS<br>            LIABILITY LITIGATION | *  MDL NO. 07-1873<br>*<br>* |
| THIS DOCUMENT PERTAINS TO:<br>*Deborah Anderson, et al. v. Skyline Corporation, et*<br>*al.*, No. 09-4548 | *  SECTION: N "5"<br>*  JUDGE: KURT D. ENGELHARDT<br>*<br>* |
| Plaintiffs: Billie Johnson;<br>            Kadence Johnson;<br>            Kaze Johnson. | *  MAGISTRATE JUDGE:<br>*  ALMA CHASEZ<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRETRIAL ORDERS RELATING TO PLAINTIFF FACT SHEETS

Defendant, Skyline Corporation ("Skyline"), through undersigned counsel, submits this memorandum in support of its motion to dismiss the claims of particular plaintiffs in ***DEBORAH ANDERSON, ET AL. V. SKYLINE CORPORATION, ET AL.***, **NO. 09-4548**, with prejudice, for failure to comply with the terms of the Court's Pre-Trial Orders relating to the provision of Plaintiff Fact Sheets ("PFS"). The plaintiffs included are: **BILLIE JOHNSON; KADENCE JOHNSON** and **KAZE JOHNSON.**

### I.    CREATION OF MDL AND FACT SHEET PROCESS

Pretrial Order No. 2 provided for the PFS as a substitute for initial written discovery. (Doc. No. 87.)  Pretrial Order No. 2 also established a process for "curing" these PFS when a plaintiff failed to provide a PFS or provided deficient responses.  Pretrial Order No. 2 authorized counsel for a defendant to send written notice of any material deficiency in the PFS, including the failure to submit a completed PFS within the timelines established.  (*Id.* at pp. 8-9.)  Claims were subject to dismissal with prejudice for any failure to cure material deficiencies within thirty

days.  (*Id.* at p.9.)  Pretrial Order No. 32 amended Pretrial Order No. 2 and provided new deadlines, depending on the date of filing of a plaintiff's action.  (Doc. No. 1180 at pp. 2-4.)

On July 1, 2011, the Court amended Pre-Trial Orders No. 2 and No. 32 with Corrected Pretrial Order No. 88.  (Doc. No. 22153.)  For deficiency notices issued after March 24, 2011, but before Corrected Pretrial Order No. 88, the Order extended to deadline to cure by thirty days beyond the deadlines set by Pretrial Orders No. 2 and No. 32.

## II.   LAW & ARGUMENT

Plaintiffs failed to provide any PFS as required by this Court's Pre-Trial Orders.  On May 31, 2011, counsel for Skyline issued a letter to plaintiffs' counsel of record identifying this deficiency, pursuant to Pre-Trial Orders No. 2 and No. 32.  (Exh. A.)  Plaintiffs' counsel has not provided a PFS for these individuals.  More than sixty days have passed since Skyline's deficiency notice.  Therefore, plaintiffs have failed to comply with the Court's Pretrial Orders requiring the production of a PFS, and dismissal with prejudice is appropriate.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.  *See Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).  Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  Dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.  *See*, *e.g.*, *Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978).

The plaintiffs identified above have failed to comply with this Court's explicit Pretrial Orders.  The underlying action was filed on July 29, 2009.  Under Pretrial Order No. 32, each plaintiff had thirty days to submit a completed PFS, but failed to do so.  Skyline has complied with the notice requirements, and these plaintiffs have failed to produce any PFS despite having more than 140 days notice.

In response to Skyline's request for consent to a motion to dismiss these plaintiffs, plaintiffs' counsel's office advised that they no longer represented these plaintiffs.  (Exh. B.)  However, according to the record contained on PACER, no motion to withdraw has been filed and no order permitting the withdrawal.  Moreover, as this Court has recognized, withdrawal of counsel for plaintiffs "would significantly disrupt this MDL proceeding and harm the administration of justice." (Rec. Doc. No. 22890.)

Skyline is significantly prejudiced by the failure to produce any PFS, particularly as it affects the evaluation of settlement possibilities.  Thus, good cause exists to dismiss these plaintiffs' claims.

**III.  Conclusion.**

In accordance with Pretrial Orders No. 2, No. 32, and No. 88, and Federal Rules of Civil Procedure Nos. 37(b)(2)(VI) and 41(b), the Motion to Dismiss filed by Skyline should be granted, dismissing the claims of these plaintiffs, with prejudice.

Submitted by:

 s/ Robert D. Sheesley
LARRY FELDMAN, JR., T.A. (La. #5503)
ROBERT D. SHEESLEY (La. #31579)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA  70130
Telephone:  (504) 586-1200
Facsimile:   (504) 596-2800

**ATTORNEYS FOR DEFENDANT
SKYLINE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

s/ Robert D. Sheesley
ROBERT D. SHEESLEY