UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | **FEMA TRAILER** | * | **MDL NO. 1873** |
| | **FORMALDEHYDE** | * | |
| | **PRODUCTS LIABILITY** | * | **SECTION: "N"(5)** |
| | **LITIGATION** | * | |
| | | * | |
| **This Document Relates to:** | | * | **JUDGE: ENGELHARDT** |
| *Kimberly Jackson, et al versus* | | * | |
| *Sunnybrook RV, Inc., et al* | | * | |
| *E.D. La. Suit No. 09-7848* | | * | **MAG: CHASEZ** |
| **Plaintiff: Ashlyn Simien** | | * | |

**************************************************************************

**SUNNYBROOK RV'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE
MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

Defendant, SunnyBrook RV, Inc. ("SunnyBrook"), files this Memorandum in Opposition to Plaintiffs' Motion for New Trial or in the Alternative, Motion for Relief from a Judgment or Order (Rec. Doc. #23076).  Plaintiff seeks relief from this Honorable Court's September 9, 2011 Order and Reasons (Rec.Doc. #22803) granting SunnyBrook's Motion to Dismiss for Failure of Plaintiff Ashlyn Simien to Comply with Pre-Trial Orders #2 and #32 Relating to Plaintiff's Fact Sheet.  (Rec. Doc. #22147 et seq.)

As set out more fully below, the instant Motion on behalf of plaintiff should be denied.

**I.  SUMMARY OF ARGUMENT**

As a threshold matter, plaintiff is not entitled to relief under either Rule 59 (e) or Rule 60(b) of the Federal Rules of Civil Procedure.  The Court correctly dismissed the plaintiff's

claims after she failed to provide a Plaintiff Fact Sheet ("PFS") within the deadline required by the Court's Pre-Trial Orders, Nos. 2 and 32.

With her Motion for a New Trial, plaintiff Ashlyn Simien has now submitted yet another PFS Deficiency Answers to SunnyBrook's May 16, 2011 deficiency letter (Rec. Doc. #22147-2) with a certification signed, not by plaintiff but, ostensibly, by her representative, dated October 7, 2011. (Rec. Doc. #23076-2.) The plaintiff's late-submitted response, provided almost two years after she filed her Complaint[1], does not satisfy the requirements of Rule 59(e) because it is not "new" evidence. Ideally, plaintiff had the information contained in her latest deficiency response when the Court dismissed her claims a month before and the plaintiff has not offered any legitimate excuse for her delay. The plaintiff simply failed to come forward with it until *after* the Court dismissed her claims.

Likewise, the plaintiff has not demonstrated a basis for relief under Rule 60(b)(1) or (b)(6). Far from "excusable neglect," the Affidavit submitted by the plaintiff's attorney shows that the plaintiff failed to provide the required information until approximately four weeks after the Court dismissed her claims. (Rec. Doc. #23076-3.)[2] In fact, according to the Affidavit, opposing counsel began calling plaintiff on September 14, 2011, the week after the dismissal of her claim had been granted.

---

[1] The Amended Complaint naming Ashlyn Simien was filed on December 23, 2009, Rec. Doc. #1-2 (p. 4 of 4).

[2] The Affidavit, Rec. Doc. 23076-3, signed October 6, 2011, indicates that plaintiff's attorney had a new address for this plaintiff by September 15, 2010; the PFS is signed with the usual unintelligible scrawl of plaintiff's counsel or someone in plaintiff's counsel's office, on October 7, 2011.

Other than Ms. Simien's lack of response to her lawyers and her apparent failure to stay informed about the case and in contact with her counsel, she has not provided any legitimate explanation as to why she failed to submit her fact sheet and deficiency response as required. It is debatable whether the June 14, 2011 PFS, replete with responses such as "I do not recall"— even as to her height (Rec. Doc. # 22147-3), were completed by this plaintiff, although the PFS was signed by a representative on plaintiff's behalf[3]. See also Amended PFS and original PFS, both signed by Ashlyn Simien on August 31, 2009, more than two years ago. (Rec. Doc. #22147-4, p. 2 of 2 and #22147-5, p. 21 of 29.)

## II.  LAW/ARGUMENT

**A.      Plaintiff is trying to get another bite of the apple, and if the Court reversed its dismissal, the ruling would undermine the entire deficiency and dismissal process.**

The Court's Pre-Trial Orders, including those related to the deficiency process, have been carefully crafted to balance a number of considerations, including allowing the plaintiffs to submit PFS in lieu of responding to formal discovery, granting plaintiffs sufficient time to submit their fact sheets and respond to deficiency notices, giving plaintiffs fair warning that their claims could be dismissed for failure to submit fact sheets, and allowing defendants to seek dismissals *after* the deficiency process had run its course. The instant Motion for a New Trial or

---

[3] Compare with Rec. Doc. #23076-2, dated October 7, 2011. If the PFS was completed without the assistance of plaintiff simply to avoid dismissal of her claim by the frequent use of the "I do not recall" mantra, this is an unacceptable litigation tactic and should not be condoned by this Honorable Court.

in the Alternative, Relief from a Judgment or Order, should be viewed in light of the above factors.

Here, the plaintiff waited until all the steps and deadlines passed and then submitted her fact sheet information. As noted above, the latest deficiency response provided by the plaintiff -- and signed by a representative -- confirms this as it is dated October 7, 2011. (Rec. Doc. #23076-2.) The Court has already issued numerous dismissals of claims where the plaintiff failed to timely provide a fact sheet. If the Court were to reverse its September 9, 2011 dismissal, it would effectively undo the entire deficiency process. This would also allow every plaintiff who failed to come forward within the deadlines provided by the Court to take multiple bites of the apple. The Court should not permit this.

**2.     Plaintiff's requests for relief under Rules 59 and 60 should be denied.**

**a.  Plaintiff cannot meet the standard for relief under Rule 59.**

Plaintiff correctly notes that motions under Rule 59(e) may only be granted in one of three situations: To accommodate an intervening change in the law; to account for "new evidence" not available at trial (or here, at the time of the dismissal); and, to correct a clear error of law or present a manifest injustice.[4] To grant a motion under Rule 59, the Court must be satisfied that the evidence was not available at the time of the dismissal and that the mover's explanation is justifiable.[5] In addition, a primary consideration in a decision about whether to

---

[4] *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).
[5] *Id.*

grant a Rule 59 motion is the "strong possibility" that the Court's original ruling may have been incorrect.[6]

Not just any "new" evidence will satisfy the standard under 59(b). It must be evidence that existed at the time of the trial, or here, the Court's dismissal of the plaintiff's claims.[7] The party who proposes the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier. The Fifth Circuit explained that to "prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at the time of the trial despite due diligence to learn about them."[8]

Here, the plaintiff seeks relief under the second and third grounds of Rule 59, namely that her late-provided fact sheet information is "new evidence" and manifest injustice would result if her claims were dismissed.[9]

In support of her Motion, the plaintiff attaches two exhibits: an Affidavit from a Project Coordinator at the Watts Hillard law firm (Rec. Doc. #23076-3) and information that purports to respond to the deficiency letter served on the plaintiff by SunnyBrook (Rec. Doc. #23076-2).

---

[6] *Brown v. Texas & Pacific Railroad Co.*, 392 F. Supp. 1120 (W.D. La. 1972).
[7] Wright and Miller, *Federal Practice and Procedure*, 2d Ed., Sect. 2808, p. 86-87; *See also, United States v. 41 Cases, More or Less, 420 F.2d 1126, 1132 (5th Cir.1970)* ("(N)ewly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result."); *NLRB v. Decker*, 569 F. 2d 357, 364 (5th Cir. 1978)("That the evidence must be in existence at the time of the trial has often been stated.").
[8] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al*, 62 F. 3d 767, 775 (5th Cir. 1995), citations omitted (Court found that trial court properly denied Rule 60 motion where movants "failed to make requisite showings that they were excusably ignorant of evidence until after trial and had employed reasonable diligence to discover it").
[9] Rec. Doc. 23076-1.

The Affidavit simply explains that the plaintiff had not provided the requested information in her Plaintiff Fact Sheet because the Project Coordinator had only the telephone number for Ms. Simien's mother (also a plaintiff in Suit No. 09-7848) and an address for Ms. Simien's grandmother. (Query, whether the grandmother is a plaintiff in suit or why she did not forward her granddaughter's mail. The Affidavit is devoid of that specific information.)

According to the Affidavit, plaintiff's counsel did not even begin trying to contact Ms. Simien until five days after the Court dismissed her claims, on September 14, 2011. It should also be noted that the Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 (Rec. Doc. #22147) was filed on June 30, 2011, after receipt of inadequate deficiency answers on June 14, 2011,[10] and allowed more than adequate time to contact plaintiff. The Affidavit further provides that "plaintiff counsel learned on September 23, 2011 that the address for Ms. Simien was incorrect." Nevertheless, again according to the Affidavit, opposing counsel obtained plaintiff's new address eight days earlier, on September 15, 2011.

Even if plaintiff had demonstrated that her neglect in providing this information was "excusable," which SunnyBrook suggests she has not, the information provided cannot qualify as "new" evidence under Rule 59. This is because information in the response was information clearly known to the plaintiff at the time when the Court dismissed her claims. It would be ludicrous to suggest that plaintiff did not know the answers to the questions posed in her fact sheet *before* September 9, 2011, the date of the Court's Dismissal and somehow she only became

---

[10] Rec. Doc. #22147-3.

aware of the cures to the deficiency letter after the dismissal.  In reality, the plaintiff simply failed to respond to her lawyer's attempts to contact her and only provided the information after the Court had dismissed her claims.

The plaintiff's explanation about why she failed to submit the information is weak, at best.  She has not submitted her own Affidavit.  She has not explained why she failed to respond to her lawyer's attempts to contact her, when both her mother and grandmother knew where she was.  Plaintiff also failed to explain why she did not provide a forwarding address to her counsel.

The Affidavit from opposing counsel's Project Coordinator also does not explain why her counsel waited until September 14, 2011 to even attempt to call plaintiff. The Affidavit submitted by the plaintiff provides only minimal explanation as to why Ms. Simien failed to supply the required information within the Court's deadlines.  Failure to furnish a forwarding address or telephone number to her counsel does not justify the plaintiff's failure to prosecute her claims in this lawsuit, particularly when she has been on notice for sometime that her claims were subject to potential dismissal.

In short, the plaintiff has not demonstrated why the Court should permit her, at this late date, to seek reversal of the Court's ruling or why failure to reverse that ruling would result in "manifest injustice."

### b. Plaintiff cannot meet the burden for relief under Rule 60(b)(1) or (6).

Rule 60(b)(1) functions similarly to Rule 59(e). It allows the Court to grant relief from a ruling or order based on mistake, inadvertence, surprise and excusable neglect.[11] Here, plaintiff focuses her motion on the "excusable neglect" basis for relief.[12]

Federal courts have long recognized that relief under Rule 60 is an extraordinary remedy.[13] The Court should not grant the remedy lightly and must strike a balance between serving the interests of justice and the policy of finality in the Court's rulings.[14] The Court has wide discretion within which to consider a Rule 60 motion.[15] Although the Supreme Court has noted that the test under Rule 60(b)(1) is an "elastic one[16], the Court should consider several factors: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct.[17] Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) only where there were extraordinary circumstances justifying it.[18]

Courts routinely decline to grant Rule 60(b) motions where the movant failed to prosecute his or her claims, such as where the movant failed to respond to a summary judgment

---

[11] FRCP 60 (b)(1).
[12] Rec. Doc. #23076-1 (p. 4.
[13] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*,149 F. R.D. 171 (E.D. Wisc. 1993).
[14] *Mazonne v. Stamler*, 157 F. R. D 212 (S.D. N.Y. 1994).
[15] *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).
[16] *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1983).
[17] *Hibernia National Bank v. Administration Central Sociedad Anonima*, 776 F.2d 1277, 1279-80 (5th Cir.1985).
[18] *Express Air v. General Aviation Services*, 806 F.Supp. 619 (S.D. Miss., 1992).

motion[19] or fails to answer the complaint or seek an extension.[20]  In addition, the Fifth Circuit

has also refused relief under Rule 60(b) where the movant claimed he was "abandoned" by his

counsel[21] and where the plaintiff claimed he was personally uninformed about the state of the

matters before the court.[22]

    Nor has or could this plaintiff demonstrate "excusable neglect" under Rule 60(b)(1),

which is another basis for relief under Rule 60(b)(6).  At best, she has demonstrated that she was

unaware of the proceedings before the Court because she failed to keep in contact with her

lawyers and that presumably, other activities were more important to her than her claims in this

Court.  This, as the Fifth Circuit has noted, is not sufficient to justify a motion under Rule 60(b).

    Other factors weigh in favor of dismissal of plaintiff's claims.  Plaintiff, through her

counsel, has been aware of her fact sheet deficiencies since May 16, 2011 (Rec. Doc. #22147-2)

and she has not taken sufficient steps to fix this problem.  SunnyBrook has followed each of the

Court's requirements for seeking dismissal of plaintiff's claims.  Plaintiff has not suggested

otherwise.  Therefore, plaintiff should not be permitted, after all these steps are taken, to submit

her fact sheet information and avoid dismissal.  To permit that would undermine the entire fact

sheet and deficiency process.

---

[19] *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469 (5th Cir.1989).

[20] *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988).

[21] *Crutcher v. Aetna Life Insurance Company*, 746 F. 2d 1076 (5th Cir. 1984).

[22] *Smith v. Alumax Extrusions*, supra, at 1471 ("Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting").

### III.  CONCLUSION

For all the foregoing reasons, Defendant SunnyBrook RV, Inc. requests that the Court

**Deny** plaintiff Ashlyn Simien's Motion for a New Trial or in the Alternative, Motion for Relief

from Judgment or Order under Rule 59 and 60 of the Federal Rules of Civil Procedure.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,**
**BURR & SMITH, APLC**


By: _____ */s/ Cynthia J. Thomas* _____
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone:  (985)674-6680
Facsimile:   (985)674-6681
E-Mail:  cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant, SunnyBrook RV, Inc.*

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 24th day of October, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

(   ) Hand Delivery     (   ) Facsimile
(   ) Prepaid U.S. Mail     (   ) UPS/Federal Express
( X ) Electronic Mail
(   ) Certified Mail, Return Receipt Requested

*/s/ Cynthia J. Thomas* _____
**CYNTHIA J. THOMAS**