UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                  MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                              SECTION "N"  (5)

THIS DOCUMENT RELATES TO
ALL CASES

## ORDER AND REASONS

Before the Court is the Joint Motion for Appointment of a Special Master (Rec. Doc. 23066).   The Parties have had notice of this motion.

A hearing was held on October 21, 2011, pursuant to Rule 53 of the Federal Rules of Civil Procedure.  Prior to the hearing, the Court was in receipt of the United States of America's Response in Opposition to "Joint Motion for Appointment of Special Master" (Rec. Doc. 23179).  In its response, the Government did not object to the appointment, but rather expressed concern regarding certain language regarding details of the appointment contained in a proposed Order and Reasons circulated among counsel.  Also prior to the hearing, the Plaintiffs' Steering Committee (PSC), filed a Memorandum in Reply to the United States of America's Response in Opposition to Joint Motion for Appointment of Special Master (Rec. Doc. 23239), suggesting changes to the proposed Order and Reasons that addressed the concerns expressed by the Government.

At the Rule 53 hearing, the Court heard oral statements by the parties.  No party expressed any objection to the appointment.  Counsel for the Government proposed two

additional changes to the proposed Order and Reasons and the PSC's proposed language, to which the PSC agreed.  The Manufacturing Defendants' Liaison Counsel and Liaison Counsel for the Contractor Defendants communicated the proposed new language to the defendants in their respective groups, and have now reported to the Court that the manufacturing defendants and contractor defendants have no objection to the proposed language.  Thus, all parties have expressed agreement with entry of an Order and Reasons consistent with the language proposed by Government and the PSC at the Rule 53 hearing.

Also at the hearing, potential grounds for disqualification pursuant to Rule 53 and 28 U.S.C. § 455 were discussed, and the parties waived the disqualification.

Accordingly, because the undersigned finds that this motion has merit, at the specific request of the parties,

**IT IS ORDERED** that the Joint Motion for Appointment of a Special Master (Rec. Doc. 23066) is **GRANTED**.  The Court **APPOINTS** as Special Master:

Amanda J. Ballay
Bar Roll Number 28630
P.O. Box 104
Belle Chasse, LA 70037
Email:  ajbfemamdl@gmail.com

This appointment is made pursuant to Rule 53 of the Federal Rules of Civil procedure and the inherent authority of the Court.[1] As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment, and **ORDERS** the Special Master

---

[1]      "Beyond the provisions of [Fed. R. Civ. P. 53] for appointing and making references to Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *In re: Peterson*, 253 U.S. 300, 311 (1920)); see *Ruiz v. Estelle*, 679 F.2d 1115, 1161 n.240 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983).

to "proceed with all reasonable diligence," Rule 53(b)(2).

## I.      BACKGROUND

In this multi-district litigation ("the MDL"), referred to as "In Re: FEMA Trailer Formaldehyde Products Liability Litigation," which began in 2007, certain named plaintiffs have filed suit against the United States, over sixty different Defendant manufacturers, four Defendant contractor installers, and several different procurement defendants, claiming that they either lived or resided along the Gulf Coast of the United States in travel trailers, park models, and manufactured homes (collectively, "emergency housing units" or "EHUs") provided to them by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita made landfall in August and September of 2005, respectively.   Plaintiffs claim to have been exposed to purportedly high levels of formaldehyde contained in these EHUs, and to have suffered damages as a result.

Since the inception of this MDL in 2007, 938 cases have been transferred in from other courts, pursuant to MDL panel orders. 777 of those cases are currently pending, and 161 cases have been closed. Further, 3632 cases have been filed in this court. 3207 cases of those are currently pending, and 425 cases have been closed. Still further, 123 cases have been removed to this Court from state courts.   119 cases of those are currently pending, and 4 cases have been closed.   In all, 4693 cases are associated with this MDL.   4103 cases of those are currently pending, and 590 cases have been closed.   Further, the number of plaintiffs included in this MDL is still not final as the statute of limitations in the state of Mississippi does not expire until December 29, 2011.   With the 70+ different defendants named in the MDL lawsuits and the thousands of claimants, the organizational challenge involved in this MDL is gargantuan, necessitating intensive oversight of discovery, case management, and other matters.

Further, the issues in this MDL are sophisticated and complex. Several bellwether trials have been tried to date, and two more bellwether trials are set for January 2012. The undersigned considers this MDL to be in its late stages. Cases will either settle or be remanded in the near future. In sum, this MDL clearly presents many difficult issues and will require substantial attention and oversight from the Court in its final stage. Other MDL courts, facing similar challenges, have easily concluded that appointment of a Special Master was appropriate to help the Court with various pretrial, trial, and post-trial tasks. Indeed, the appointment of a Special Master in cases such as this is common. The 2003 amendments to Rule 53 specifically recognize the pretrial, trial, and post-trial functions of masters in contemporary litigation. Thus, the Court agrees with the parties that appointment of a Special Master to "assist the Court in both effectively and expeditiously resolving their disputes" is appropriate.

## II.    Rule 53

Rule 53 was amended on December 1, 2003, and now requires an order of appointment to include certain contents. See Fed. R. Civ. P. 53(b)(2). For instance, Rule 53(a)(1)(A) states that the Court may appoint a master to "perform duties consented to by the parties." The parties in this case consented to having a Special Master: 1) assist the Court with legal analysis of the parties' submissions[2]; and 2) perform any and all duties assigned to him/her by the Court as specified herein (as well as any ancillary acts required to fully carry out those duties). The Court may from time to time determine that additional duties should be assigned to the Special Master as permitted by both the Federal Rules of Civil Procedure and Article III of the Constitution, and in such cases will provide Liaison and Government Counsel with formal notice on the record of any such additional

---

[2]       The undersigned, however, retains sole authority to issue final rulings on matters formally submitted for adjudication.

duties, and parties shall have ten days from receipt of that notice to object to the Court's proposed expansion of the duties of the Special Master. The Court has also reviewed the advisory notes of Rule 53 discussing the range of duties and authority of the Special Master.

Consonant with this legal authority and the currently-anticipated needs of the court, the Court states that the Special Master in these proceedings shall have the authority to:

(1)     help to coordinate with federal and state courts, dealing with remand of matters from this MDL, including communicating with relevant personnel of such courts;

(2)     compile and reconcile produced data relating to plaintiffs and claims;

(3)     direct, supervise, monitor, and report upon implementation and compliance with the Court's Orders, and make recommendations on remedial action if required;

(4)     make formal or informal recommendations to the parties, and make informal recommendations and reports to the Court, regarding any matter pertinent to these proceedings;

(5)     interpret any agreements reached by the parties;

(6)     assist with preparation for attorney conferences (including formulating agendas) and scheduling such conferences, with or without the undersigned, as needed to foster and effectuate settlement agreements and subsequent distribution;

(7)     oversee management of docketing, including the identification and processing of matters requiring court rulings;

(8)     if called upon by the undersigned, to assist with legal analysis of the parties' motions or other submissions;

(9)     communicate with parties and attorneys as needs may arise in order to permit the full and

efficient performance of these duties.

The Special Master's duties shall not include any activities relating to the confection or

negotiation of settlement between the parties, but to the extent a settlement is reached between

plaintiffs and one or more defendants, the Special Master shall have authority to:

(1)     compile data relating to plaintiffs and claims for settlement and, from time to time, other

purposes;

(2)     aid in settlement allocation and evaluate parties' and individual claims and appeals of any

such claim denials, as may become necessary; provided that the Special Master not disclose

confidential mediation or settlement information to the Court unless the parties to the

mediation or settlement discussion consent to this disclosure;

(3)     make recommendations on eligibility and entitlement to funds and other relief, as may

become necessary; and

(4)     propose structures and strategies for attorneys fee issues, review fee applications, and

evaluate parties' individual claims for fees, as may become necessary.

The Special Master shall be allowed to work in the chambers of the undersigned as needed,

but also may work elsewhere, including offices of counsel, depending on the task on which she is

working.

All of the Special Master's work shall be for the advancement of this litigation, and shall be

in the best interest of all parties thereto.

Further, Rule 53(b)(2)(B) directs the Court to set forth "the circumstances – if any – in which the master may communicate *ex parte* with the court or a party." The Special Master may communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, in order to "assist the Court with legal analysis of the parties' submissions".  The Special Master may also communicate *ex parte* with the Court, without providing notice to the parties, regarding logistics, the nature of her activities, management of the litigation, and other appropriate procedural matters.

The Special Master may communicate *ex parte* with any party or his attorney, as the Special Master deems appropriate, for the purposes of ensuring the efficient administration and management of this MDL as set forth above, including the making of informal suggestions to the parties to facilitate compliance with Orders of the Court; such *ex parte* communications may, for example, address procedural issues and preference as to form of submissions and other data. Such *ex parte* communications shall not, however, address the merits of any substantive issue.

Rule 53(b)(2)(c) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." The Special Master shall maintain records of her time and costs spent on this matter, including reasonably detailed descriptions of her activities and matters on which she worked. If the Court asks the Special Master to submit a formal report or recommendation regarding any matter, the Special Master shall submit such report or recommendation in writing, for electronic filing on the case docket. The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case.

The Court may later amend the requirements for the Special Master's record keeping if the role of the Special Master changes.

Next, Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." While the Court does not currently anticipate requesting formal reports and recommendations from the Special Master, if the Court does request the same, the Special Master shall reduce any formal order, finding, report, or recommendation to writing for electronic filing on the case docket.

As for compensation, Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the master's compensation." As agreed to between the parties and requested in their Joint Motion for Appointment, the Special Master shall be paid a salary of an amount agreed to by the parties (50% by the plaintiffs and 50% by some or all of the defendants, or as otherwise agreed between them, and shall be memorialized in writing). The terms of compensations may be modified by mutual agreement and with the Court's approval. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3).

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." See also Rule 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit earlier submitted to the Court by the Special Master.

The doctrine of absolute quasi-judicial immunity shall apply to the actions of the Special Master, when acting in the capacity as Special Master.

The Special Master's term shall be for one year or until the MDL is concluded (whichever occurs first), and shall begin on October 24, 2011.

New Orleans, Louisiana, this __24th__ day of October 2011.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

9