# EXHIBIT K

Amendment to the Plaintiff Fact Sheet

Claimant Name:  Betty L. Tenner

Claimant's Attorney:  Michael Hingle/Hingle Law Firm/Becnel

Manufacturer of Trailer:  Forest River

Please note the following updates to the previously submitted Plaintiff Fact Sheet.

1.   **Section III(C)(3)  Any other symptoms plaintiff has suffered as a result of residing in a FEMA trailer further includes, "bronchitis".**

2.  **Section VII(B)  Regarding doctor or health care provider(s) who treated plaintiff for each disease, illness, injury suffered as a result of living in a FEMA trailer, "Treatment received" from Dr. Lanson further includes "bronchitis, ongoing blood work, Proair HFA 90MCG, antibiotics, Methylprednisolone tablets, continued Nasonex, examination".**

DEC 0 3 2009

**Plaintiff or Representative**                                          **Date**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

SENT TO DEFENSE

SEP 1 8 2009

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873 |
| ———————————— | ) ) | SECTION: N(4) |
| | ) ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) ) | MAG: ROBY |
| Plaintiff: _____ | ) ) | |
| Betty L. Tenner | ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED WITHIN THIRTY(30) DAYS OF THE TRANSFER OR FILING (AS DEFINED IN PRE-TRIAL ORDER NO. 2(DOC NO. 87)) OF YOUR COMPLAINT IN THIS LITIGATION OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. **A** separate **Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.** Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

## II.   PERSONAL INFORMATION

A.   Name (person completing form): Betty L. Tenner

B.   Maiden or other names used or by which you have been known: n/a

C.   Current Street Address: 4719 W Adam Court  New Orleans, LA 70128

D.   Home Telephone No.: 504-248-2976
Cell Phone No.:        504-432-5555
Work Telephone No: none
Other Telephone Nos.: n/a

E.   Email address: none

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:
n/a

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
n/a

3   Address (or last known address if deceased):
n/a  n/a,

4.   Home Telephone No.: n/a
Cell Phone No.:        n/a
Work Telephone No: n/a
Other Telephone Nos. n/a

5.   E-mail address: n/a

6.   If you were appointed as a representative by a court, state the:

2

Court: n/a_____          Date of Appointment: _____

7.      What is your relationship to the deceased or represented person or person claimed to be injured? n/a_____

8.      If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

n/a_____

_____

B.      Please state the name and address of the attorney representing you:

Michael Hingle  /  Hingle Law Firm/Becnel_____
        Attorney's Name/Law Firm

_____
        City, State and Zip Code

C.      Please state the following: (If you are a representative, please state this information for each such person being represented):

1.      Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
        Yes ☒          No ☐

2.      What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? formaldehyde exposure,bad cough, chest pains,vomiting_____

3.      During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

| | |
|---|---|
| ☒ irritation to eyes | ☒ tingling or swelling of lips or face area |
| ☒ burning of eyes | ☒ headaches |
| ☐ tearing of eyes | ☒ nausea |
| ☒ irritation to nasal membranes (inside of nose) | ☒ vomiting |
| ☒ burning of nasal membranes (inside of nose) | ☐ bloody vomiting |
| ☐ bleeding of nasal membranes (inside of nose) | ☒ abdominal pain |
| ☐ irritation or itching of skin | ☐ diarrhea |
| ☐ burning of skin | ☒ difficulty in breathing |
| ☒ rashes on skin | ☒ wheezing |
| ☐ drying or scaling of skin | ☒ shortness of breath |
| ☐ scaling or itching of eyelids | ☒ persistent cough |
| ☐ irritation or swelling of eyelids or eye area | ☒ tightness of the chest |

3

☒ bronchitis
☒ throat irritation
☒ hoarseness
☐ laryngitis
☐ pneumonia
☒ upper respiratory tract infections
☐ pulmonary edema
☒ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of
    childhood asthma
☐ allergies for the first time in your life
☐ worsening of allergies that you had previous
    to living in FEMA trailer

☐ allergic contact dermatitis
☒ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. ongoing bad cough, chest pains,high blood pressure, high cholesterol, acid reflux,worsening of sinus infections, worsening of sinus problems, worsening of ear infections, congestion, asthma, stress

4.    Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?_____No_____

If yes, which kind of cancer?
n/a

5.    When do you claim this injury or disease first occurred? 9/05

6.    Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☒       No ☐

*If "Yes,"* when and who diagnosed the condition at that time?
sinus infections, Dr. Lanson, does not recall when diagnosed.mild sinus problems, Dr. Lanson, does not recall when diagnosed.  Ear infections, Dr. Lanson, does not recall when diagnosed.

7.    Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☒      No ☐

*If "Yes,"* set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. worsening of sinus infections, sinus probs, ear infections since living in

FEMA trailer. Sinus infections constant while living in trailer.Recovery,sinus infections,sinus probs,ear infections, don't recall when, but it was before began residing in trailer

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☒        No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
Dr. Lanson 2120 Driftwood Blvd. Kenner, LA 70065

To your understanding, describe the condition for which treated:
stress.

State when you were treated for this psychological, psychiatric or emotional problem
2008-Present

List the medications prescribed or recommended by the physician or counselor
diazapem

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☒        No ☐

*If "Yes,"* state the amount of your claim: 2700

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 4719 W Adam Court New Orleans, LA 70128 | 2/27/07-Present |
| 434 Powder St. (FEMA Trailer) New Orleans, LA 70114 | 9/05-2/27/07 |
| 7225 Chef Menteur Hwy. New Orleans, LA 70126 | 1982 or 1983-8/05 |
|  |  |
|  |  |

B.   State Driver's License Number and State Issuing License:_____
     001015258                        LA

C.   Date and Place of Birth: 1/6/1944 _____   Place: New Orleans,LA

D.   Sex:  Male ☐     Female ☒

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| George Washington Carver Senior High | does not recall-1962 | high school | high school diploma |
|  |  |  |  |
|  |  |  |  |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Sodexo | 4298 Elysian Fields Ave. New Orleans, LA 70122 | does not recall-summer 2008 | custodian |
|  |  |  |  |

6

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Sodexo | 4298 Elysian Fields Ave. New Orleans, LA 70122 | does not recall- summer 2008 | custodian |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
   Yes ☐    No ☒

   *If "Yes,"* state the following:

   a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

   | Year | Income |
   |---|---|
   | _____ | $_____ |
   | _____ | $_____ |
   | _____ | $_____ |
   | _____ | $_____ |
   | _____ | $_____ |

   b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:
   n/a _____
   _____

G. Previous Claims Information

   1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
   Yes ☐    No ☒    Don't recall ☐

7

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____

n/a _____

_____

## IV. FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐      No ☒      Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|-------------------------------|
| n/a  |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐      No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: n/a _____

## V. FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: Forest River _____

8

2.   VIN:   4X4TSVV296L006329

3.   FEMA Identification No.:   939126715

4.   Bar Code Number on FEMA housing unit:   awaiting disaster file

5.   Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☒   Mobile Home ☐

6.   Move-in Date: 9/05

7.   Move-out Date: 2/27/07

8.   Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
434 Powder St. New Orleans, LA 70114
434 Powder St. New Orleans, LA 70114

9.   Was the FEMA trailer or mobile home located in a trailer park or on private property? Private Property

10.   State the reason you stopped living in the FEMA trailer or mobile home: we had to give it up, they wanted trailers off the lot

11.   Please state the approximate square footage of the FEMA housing unit: does not know

12.   Please state the approximate length and width of the FEMA housing unit: does not know

13.   What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 12

14.   Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☐        No ☒

15.   Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒        No ☐

16.   Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒        No ☐

9

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐        No ☒

18. Is/was propane gas used in the FEMA housing unit?
Yes ☒        No ☐

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 0

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐        No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? n/a

For what period of time did you temporarily live in another location?
n/a

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: n/a

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐        No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: Date: n/a        Reason:

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please state the date and reason for repair, service or maintenance:
Date: n/a

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile

home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|------|-------------|--------------------------------------|------------------------------------------------|-------------------------------|------------------------------------------------------|
| Betty L. Tenner | 65 | 4719 W Adam Court New Orleans, LA 70128 (504) 248-2976 | From _9/05_ To _2/27/07_ | Yes ☒ No ☐ Don't Know ☐ | formaldehyde exposure,acid reflux,chest pains,sinus problems, persistent cough |
| Charlie Tenner | 62 | 4719 W Adam Court New Orleans, LA 70128 (504) 248-2976 | From _9/05_ To _2/27/07_ | Yes ☐ No ☒ Don't Know ☐ | n/a |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: _5'4"_

B.   Current Weight: _130 lb_

Weight prior to living in a FEMA trailer or mobile home: _120 lb_

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

11

☒ Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐ Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

    1. Date on which smoking/tobacco use ended: _____

    2. Amount smoked or used on average:
        _____ per day for _____ years.

☐ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

    1. Amount currently smoked or used on average:
        _____ per day for _____ years.

D. Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

    1. Amount smoked or used on average, if you know:
        __1/2pk__ per day for _30_ years.
    2. Relationship to you: husband_____
    3. Please state whether the smoking occurred inside, outside or both. Smoked Outside_____

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☐    N/A

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1. Lung or other respiratory disease
       Yes ☒    No ☐

*If "Yes,"* please indicate the following:

Name and description of each illness, disease, or abnormal condition:
asthma for first time in life while & since living in FEMA trailer

The date of illness:
2005

2.   Infectious disease (such as, tuberculosis, pneumonia, hepatitis)
     Yes ☐        No ☒

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:
     n/a

     The date of illness:
     n/a

3.   Long-term stomach or bowel disease
     Yes ☒        No ☐

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:
     acid reflux for first time in life while & since living in FEMA trailer

     The date of illness:
     does not recall

4.   Skin disease
     Yes ☐        No ☒

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:
     n/a

     The date of illness:
     n/a

13

G.  Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.  To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

Yes ☒        No ☐        Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| chest xray | 2008 | Dr. Lanson | Ochsner Health Center | chest pains |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: Dr. Lanson
Specialty, if any: _____
Address: 2120 Driftwood Blvd.  Kenner, LA 70065
Phone: **504-464-8588**
Treatment received: acid reflux, high blood pressure, high cholesterol,stress,
Dates of treatment: does not recall-Present

Doctor's Name: (cont'd from above)
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: asthma,sinus infections,sinus problems,chest pains,
Dates of treatment: _____

Doctor's Name: (cont'd from above)
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: ongoing bad cough,congestion,ear infections,diazapem,
Dates of treatment: _____
********** See Appendix 1

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
Dr. Lanson

14

_____

_____

D. Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please provide the name and address of the health care professional.
n/a

n/a n/a,

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☒        No ☐

B. Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒        No ☐

C. Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

D. All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☒

E. Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

F. Decedent's death certificate, if applicable.
Yes ☐        No ☐        N/A

G. Report of autopsy of decedent, if applicable.
Yes ☐        No ☐        N/A

15

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.   Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| Dr. Lanson | 2120 Driftwood Blvd.  Kenner, LA 70065 |
| | |
| | |

B.   Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| Dr. Lanson | 2120 Driftwood Blvd.  Arlington, TX 76006 | 1997-Present |
| | | |
| | | |
| | | |
| | | |
| | | |

C.   Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| Pierremont Health Center | 8001 Youree Dr  Shreveport, LA 71115 | 2005 | dehydrated |
| | | | |
| | | | |
| | | | |
| | | | |

D.   Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| Ochsner Health Center | 2120 Driftwood Blvd.  Kenner, LA 70065 | 2002-Present | acid reflux, high blood pressure, high cholesterol,stress,asthma,sinus infections,sinus problems,congestion,chest pains,ongoing bad cough,ear |

16

| | | | infections.primary care |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

E.     Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Dr. Lanson | 2120 Driftwood Blvd.  Kenner, LA 70065 | 1997-Present |
| Dr. Richard A Spector | 3434 Prytania St.,Ste.240  New Orleans, LA 70115 | 2009-Present |
| Pierremont Health Center | 8001 Youree Dr  Shreveport, LA 71115 | 2005 |
| | | |
| | | |
| | | |
| | | |

F.     Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| Walgreens | 11297 Lake Forest Blvd.  New Orleans, LA 70128 |
| St. Bernard Drug Store | 10200 Chef Menteur Hwy.  New Orleans, LA 70127 |
| | |
| | |
| | |

## **CERTIFICATION**

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

x *Betty Tenner*           x *Betty Tenner* x *9-3-09*
**Signature of Plaintiff**                 **Print Your Name**                 **Date**

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
|---|---|

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Name: X _Betty Tenner_

Date of Birth: X _1-6-44_

Last Four Numbers of SSN: X _0602_

  I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of _____ _____and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

  This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

  This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009.

X _Betty   Tenney_

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: X *Betty Tenner*

Date of Birth: X *1-6-44*

Last Four Numbers of SSN: X *0602*

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009.

X _Betty Tenner_

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity.)**

Name: X *Betty Tenner*

Date of Birth: X *1-6-44*

Last Four Numbers of SSN: X *0602*

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes. I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009.

X *Betty Tenner*
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

NAME OF FACILITY:_____

Authorization for Use and Disclosure of Protected Health Information (PHI)

pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,

Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Betty Tenner | 1-6-1944 | 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 |

Address: 4719 W. Adam ct
Telephone No. (504) 248-3976

City: N.O.    State: La    Zip Code: 70128

I hereby authorize the Medical Records Custodian of _____

To disclose medical record information and/or protect health information and to provide a complete and

certified copy of my entire record of the patient listed above to:

Name. ._____

Title. ._____

Address._____

Purpose: To Protect My Legal Rights_____

For Treatment Date(s): All Available

| Type of Access | | | |
|---|---|---|---|
| Requested: | ❑ Abstract/pertinent<br>❑ Emergency Room<br>❑ H&P<br>❑ Consult Report<br>❑ Operative Report<br>❑ Rehab Services | ❑ Lab<br>❑ Imaging/Radiology<br>❑ Cardiac Studies<br>❑ Face Sheet<br>❑ Nursing Notes<br>❑ Medication Record | ❑ Progress Notes<br>❑ Physician's Orders<br>❑ Entire Record<br>❑ Other_____ |
| ❑ Copies of the records &<br>❑ Inspection of the record | | | |

I acknowledge, and hereby consent to such, that the released information may contain

X _BT_ alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an

expiration date or event, this authorization will expire in four [4] years from the date on which it

was signed):_____

You have my specific consent to meet and discuss in person or by telephone with my attorneys

only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

X Betty Tenner                          _____

Signature of Patient/Legal Representative              Date

If signed by legal representative, relationship to patient: _____

# PRIVACY ACT RELEASE LANGUAGE

I, x _Betty Tenner_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: x _9 – 3 – 09_

Name: x _Betty Tenner_ (print legibly or type out name)

Signature: x _Betty Tenner_

Appendix: 1

| A. Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis. |
|---|
| Doctor's Name:   (cont'd from above) |
| Specialty if Any: |
| Address: |
| Phone: |
| Treatment Received:   chest xray,blood work,tests,Medrol Dosepak,Advair 100/50,albuterol metered-dose inhaler,nasonex,clarinex,meds, physical examinations |
| Dates of treatment: |
| |
| Doctor's Name:   Dr. Richard A. Spector |
| Specialty if Any: |
| Address:   3434 Prytania St.,Ste.240   New Orleans, LA 70115 |
| Phone:   504-899-2381 |
| Treatment Received:   acid reflux,prilosec,pepcid AC,put a scope down throat |
| Dates of treatment:   2009-Present |
| |

Make: _Surveyn_        Model _291_

Stk# _10577_

Vin# _4X4 TSVV296L006329_ ✓

RO# _1341_

*Owners manuals*
*Kitchen Cabinet*
*Upper Right.*

*WH = Normal use*

T- Stab Jack Handle _AM_        Leave by front door

T- Awning wand _AM_        Leave by front door

T- Battery installed _AM_

T- Check tire pressure _AM_

T- Hilltop Sticker x2 _AM_

T- Wood for front jack _AM_        Leave by front door

T- Lift brackets installed _Pat_

T- Owners Manual _AM_        Leave by front door        *UNDER SINK*

T- Check Weight of L-P tanks  (are they full?) _AM_

T- Summerize (Water system checked) _AM_

T- Both sets of keys checked and tied in water heater _AM_

SW- Inspect the PDI sheet _JJ_

SW- Copy of completed pdi sheet, put in unit, tape on kitchen table. _JJ_

SW- Check for open ROs _JJ_

P- Sewer Hose Complete _JJ_        Leave by front door in a bag

P- 110 Volt adaptor _JJ_        Leave by front door in a bag

P- Check for POO _____ _JJ_

D- Cleaned inside _____

D- Wash Outside Date:_____

M- Inspect inside and outside _DTS_

M- In transit Plate _____

M- Certificate of Insurance _____

Delivery driver _Pat_        ( Keep yourself safe and Inspect

Outside for damage before and after delivery) See Shelly before leaving!

T = Te...        ...riter, P = Parts, D = Detail, M = manager

_Shore_

_has Sl_

# Hilltop RV Superstore
## Pre-Delivery Checklist

The listed systems and devices have been inspected for proper operation and condition. Deficiencies found are noted on a separate sheet named "repairs as authorized by sales" or "repairs authorized by service."

| Stock # | Key # | Year | Make | Model | Style | Serial # |
|---|---|---|---|---|---|---|
| 10577 | | 05 | Superior | 291 | TT | 1554 |

| | | | | Pressurized Plumbing system w/pump | Start: | |
|---|---|---|---|---|---|---|
| Fresh water tank Filled RM | Grey water tank Filled RM | Galley tank Filled N/A | Black water tank Filled RM | | Start: | End: 200 |
| Fresh Water Monitor RM | Grey Water Monitor AA | Galley Tank Monitor N/A | Black Water Monitor RM | Winterized by: Date: | |
| Water Heater By-Pass RM | Water Heater Electric RM | Water Heater Gas RM | Refrigerator A/C RM | Refrigerator L/P RM | Refrigerator D/C N/A |

| Lug Nuts RM 100 FT 1BS | Tire Pressure RM 40 PSI | Spare 40 PSI RM | Exterior Lights RM | Electric Brakes RM | Break Away RM |
|---|---|---|---|---|---|
| Ball Height 19½ RM | Hot Skin Test RM | Battery Charge RM | Awning Fabric RM | Front Jack(s) RM | Stabilizers RM |
| Steps RM | Stone Guard RM | Door Locks (keys) RM | RV Battery N/A | Safety Chains RM | Roof Inspection GV |

| Furnace Pilot RM | Furnace Operation RM | Auto Change-Over RM | Antenna Op. RM | Antenna Booster RM | Power to Antenna RM |
|---|---|---|---|---|---|
| Range/Oven Pilot(s) RM | Range Burners RM | Oven Burner RM | A/C Fan Speeds RM | A/C Cools RM | Microwave RM |

| Polarity Test RM | GFCI Outlets RM | Fire Extinguisher RM | Smoke Alarm RM | L-P Alarm RM | Interior Lights RM |
|---|---|---|---|---|---|

| Vent Fans RM | Windows & Blinds RM | Cabinets & Furniture RM | Radio & C/D Combo RM | Stereo Speakers RM | VCR & Remotes RM |
|---|---|---|---|---|---|

| Generator Oil | Start Switch(s) | NL Voltage & Freq | Fl Voltage & Freq | Generator Hours: | |
|---|---|---|---|---|---|

| Engine Oil | Engine Coolant | Transmission Fluid | Brake Fluid | Power Steering Fluid | Axle Lube |
|---|---|---|---|---|---|
| Dash A/C | Dash Gauges | Mirrors | Back-Up Camera | Heater/Defroster | Road Test: Miles: |

| Awning Wand RM | Stab Jack Wand RM | 5th Wheel Tank N/A | Suspension RM | Tire Size: ST205 75 R14 | Tire Brand: Goodyear |
|---|---|---|---|---|---|

## L-P System

RM _____ Leak Test @ FRIG    Start Time: 1:25 _____ Inches Water Column
                                End Time: 1:34 _____ Inches Water Column

If a Drop is found, located and repair any leak(s) and retest.

_____ Leak Test @ _____    Start Time: _____ Inches Water Column
                               End Time: _____ Inches Water Column

RM _____ Operating Pressure @ 50% load: 11 Inches Water Column  FURNACE on.

RM _____ Lock Up Pressure test, stops @ 12½ Inches Water Column holding 5 minutes

Removal of Manometer FITTING LEAK CHECK: How performed: leak detector, Any Leaks NO

Service Technician Signature: Ronald C Mitchell    Date: 05/19/05

LABORATORY REPORT

LAB

## Ochsner

**Ochsner Clinic Foundation**
William G. Helis Memorial Laboratory     1516 Jefferson Highway     New Orleans, Louisiana 70121     (504)842-4623

### PATIENT INFORMATION

TENNER, BETTY                          CLINIC # 1432479
SEX F   DOB 01/06/44
PHONE (504) 248-2976
RPT DT/TM: 11/21/2008 09:18

| TEST | RESULTS WITHIN RANGE | RESULTS OUT OF RANGE | REFERENCE RANGE | UNITS |
|------|------|------|------|------|
| COL DT/TM: 10/30/2006 20:31 | | | | |
| ACCESSION: 17113377 | | | | |
| ORDERED BY: LANSON, DAVID | | | | |
| | | | | |
| Comprehensive Metabolic Pnl | | | | |
| Final Results | | | | |
| Glucose | 87 | | 70-110 | mg/dl |
| Urea Nitrogen (BUN) | 12 | | 5-23 | mg/dl |
| Creatinine | 1.2 | | 0.5-1.4 | mg/dl |
| Calcium | 10.4 | | 8.7-10.5 | mg/dl |
| Sodium | | 135 | 136-145 | mMol/l |
| Potassium | 3.6 | | 3.3-5.3 | mMol/l |
| Chloride | 99 | | 95-110 | mMol/l |
| Protein, Total | 7.9 | | 6.0-8.4 | gm/dl |
| Albumin - Serum | 4.9 | | 3.5-5.2 | g/dl |
| Bilirubin, Total | 0.3 | | 0.1-1.0 | mg/dl |
| AST (SGOT) | 25 | | 0-31 | U/L |
| Alkaline Phosphatase | 122 | | 45-130 | U/L |
| Carbon Dioxide, CO2 | 24 | | 23.0-29.0 | mEq/L |
| ALT (SGPT) | 25 | | 0-31 | U/L |
| | | | | |
| TSH | | | | |
| Final Results | | | | |
| TSH | 1.5 | | 0.4-4.0 | uIU/ml |
| | | | | |
| Cholesterol | | | | |
| Final Results | | | | |
| Cholesterol | | 247 | 120-199 | mg/dL |

Cholesterol:
The National Cholesterol Education Program (NCEP) has set the
following guidelines (reference ranges) for Cholesterol:
Desirable...................<200 mg/dL
Borderline High............200-239 mg/dL
High.......................> or = 240 mg/dL

| | | | | |
|------|------|------|------|------|
| Triglyceride | | | | |
| Final Results | | | | |
| Triglyceride | | 211 | 30-150 | mg/dL |

Triglyceride:
The National Cholesterol Education Program (NCEP) has set the
following guidelines (reference values) for triglycerides:
Normal.....................<150 mg/dL
Borderline High............150-199 mg/dL

CONTINUED                          PAGE 1

FRANCIS R. RODWIG, JR. M.D.,M.P.H., DIRECTOR OF LABORATORIES

LABORATORY REPORT
LAB

**Ochsner Clinic Foundation**
William G. Holis Memorial Laboratory     1516 Jefferson Highway   New Orleans, Louisiana  70121   (504)842-4523

PATIENT INFORMATION

TENNER, BETTY                CLINIC # 1432479
SEX F  DOB 01/06/44
PHONE (504) 248-2976
RPT DT/TM: 11/21/2008 09:18

| TEST | WITHIN RANGE | OUT OF RANGE | REFERENCE RANGE | UNITS |
|---|---|---|---|---|
| COL DT/TM: 10/30/2006 20:31 | | | | |
| ACCESSION: 17113377 | | | | |
| ORDERED BY: LANSON, DAVID | | | | |
| Triglyceride | | | | |
| High...................200-499 mg/dL | | | | |
| Very High.............> or = 500 mg/dL | | | | |
| HDL | | | | |
| Final Results | | | | |
| High Density Lipoprote | 52.0 | | 40-74 | mg/dL |
| High Density Lipoprotein: | | | | |
| The National Cholesterol Education Program (NCEP) has set the | | | | |
| following guidelines (reference values) for HDL Cholesterol: | | | | |
| Low..............<40 | | | | |
| Optimal..........>60 | | | | |
| Low Density Lipoprotein | | | | |
| Final Results | | | | |
| Low Density Lipoprotei | | 152.8 | 63-129 | mg/dl |
| Low Density Lipoprotein: | | | | |
| The National Cholesterol Education Program (NCEP) has set the | | | | |
| following guidelines (reference values) for LDL Cholesterol: | | | | |
| Desirable...............<130 mg/dL | | | | |
| Borderline High..........130-159 mg/dL | | | | |
| High...................> or = 160 mg/dL | | | | |
| HDL/Cholesterol Ratio | | | | |
| Final Results | | | | |
| HDL Cholesterol Ratio | 21.1 | | 20-50 | % |
| Total Chol/HDL Ratio | | | | |
| Final Results | | | | |
| Total Cholesterol/HDL | 4.8 | | 2.0-5.0 | |

END OF REPORT                PAGE  2
FRANCIS R. RODWIG, JR. M.D.,M.P.H., DIRECTOR OF LABORATORIES

LABORATORY REPORT
LAB



**Ochsner Clinic Foundation**
William G. Helis Memorial Laboratory     1516 Jefferson Highway     New Orleans, Louisiana 70121     (504)842-4625

| PATIENT INFORMATION |
| --- |

TENNER, BETTY          CLINIC # 1432479
SEX F   DOB 01/06/44
PHONE (504) 248-2976
RPT DT/TM: 11/21/2008 09:18

| TEST | RESULTS WITHIN RANGE | RESULTS OUT OF RANGE | REFERENCE RANGE | UNITS |
| --- | --- | --- | --- | --- |
| COL DT/TM: 04/06/2005 10:13 | | | | |
| ACCESSION: 34190771 | | | | |
| ORDERED BY: LANSON, DAVID | | | | |
| | | | | |
| CBC | | | | |
| Final Results | | | | |
| WBC | 6.79 | | 4.8-10.8 | K/uL |
| RBC | 4.82 | | 4.00-5.40 | M/uL |
| HGB | 12.9 | | 12.0-16.0 | gm/dl |
| HCT | 41.0 | | 37.0-48.5 | % |
| MCV | 85.1 | | 82-95 | fL |
| MCH | | 26.8 | 27-31 | pg |
| MCHC | | 31.5 | 32-36 | % |
| RDW | 13.5 | | 11.5-14.5 | % |
| | | | | |
| Automated differential | | | | |
| Final Results | | | | |
| Gran % | 60.6 | | 40-76 | % |
| Lymph % | 30.2 | | 25-40 | % |
| Mono % | 7.2 | | 0-10 | % |
| Eosinophil % | 1.6 | | 0.0-8.0 | % |
| Basophil % | 0.4 | | 0-2 | % |
| Gran # | 4.1 | | 1.4-8.7 | K/uL |
| Lymph # | 2.1 | | 1.2-3.5 | K/uL |
| Mono # | 0.5 | | 0.1-0.8 | K/uL |
| Eos # | 0.1 | | 0.0-0.4 | K/uL |
| Baso # | 0.0 | | 0.0-0.1 | K/uL |
| | | | | |
| Platelet Count | | | | |
| Final Results | | | | |
| Platelet Count | 280 | | 150-350 | K/uL |
| Mean Platelet Volume | 10.1 | | 9.2-12.9 | fL |
| | | | | |
| Comprehensive Metabolic Pnl | | | | |
| Final Results | | | | |
| Glucose | 86 | | 70-110 | mg/dl |
| Urea Nitrogen (BUN) | 14 | | 5-23 | mg/dl |
| Creatinine | 1.0 | | 0.5-1.4 | mg/dl |
| Calcium | 9.6 | | 8.7-10.5 | mg/dl |
| Sodium | 141 | | 136-145 | mMol/l |
| Potassium | 3.7 | | 3.3-5.3 | mMol/l |
| Chloride | 104 | | 95-110 | mMol/l |
| Protein, Total | 7.8 | | 6.0-8.4 | gm/dl |

CONTINUED                    PAGE  1 DEC 9 2008

FRANCIS R. RODWIG, JR. M.D.,M.P.H., DIRECTOR OF LABORATORIES

LABORATORY REPORT

LAB

**Ochsner**

Ochsner Clinic Foundation
William G. Helis Memorial Laboratory     1516 Jefferson Highway     New Orleans, Louisiana  70121     (504)842-4625

| PATIENT INFORMATION |
|---|

TENNER, BETTY               CLINIC # 1452479
SEX F   DOB 01/06/44
PHONE (504) 248-2976
RPT DT/TM: 11/21/2008 09:18

| TEST | RESULTS WITHIN RANGE | RESULTS OUT OF RANGE | REFERENCE RANGE | UNITS |
|---|---|---|---|---|
| COL DT/TM: 04/06/2005 10:13 | | | | |
| ACCESSION: 34190771 | | | | |
| ORDERED BY: LANSON, DAVID | | | | |
| | | | | |
| Comprehensive Metabolic Pnl | | | | |
| Albumin - Serum | 4.7 | | 3.5-5.2 | g/dl |
| Bilirubin, Total | 0.3 | | 0.1-1.0 | mg/dl |
| AST (SGOT) | 31 | | 0-31 | U/L |
| Alkaline Phosphatase | | 140 | 45-130 | U/L |
| Carbon Dioxide, CO2 | 25 | | 23.0-29.0 | mEq/L |
| ALT (SGPT) | | 39 | 0-31 | U/L |

Albumin - Serum:
Please note new adult reference range effective 08/11/04.

Cholesterol
Final Results

| | | | | |
|---|---|---|---|---|
| Cholesterol | | 223 | 120-199 | mg/dL |

Cholesterol:
The National Cholesterol Education Program (NCEP) has set the
following guidelines (reference ranges) for Cholesterol:
Desirable..................<200 mg/dL
Borderline High...........200-239 mg/dL
High......................> or = 240 mg/dL

Triglyceride
Final Results

| | | | | |
|---|---|---|---|---|
| Triglyceride | | 156 | 30-150 | mg/dL |

Triglyceride:
The National Cholesterol Education Program (NCEP) has set the
following guidelines (reference values) for triglycerides:
Normal....................<150 mg/dL
Borderline High...........150-199 mg/dL
High......................200-499 mg/dL
Very High.................> or = 500 mg/dL

HDL
Final Results

| | | | | |
|---|---|---|---|---|
| High Density Lipoprote | 46.0 | | 40-74 | mg/dL |

High Density Lipoprotein:
The National Cholesterol Education Program (NCEP) has set the
following guidelines (reference values) for HDL Cholesterol:
Low.............<40
Optimal..........>60

CONTINUED                    PAGE  2

FRANCIS R. RODWIG, JR. M.D.,M.P.H., DIRECTOR OF LABORATORIES

LABORATORY REPORT

LAB

**Ochsner**

**Ochsner Clinic Foundation**
William G. Helis Memorial Laboratory    1516 Jefferson Highway    New Orleans, Louisiana  70121    (504) 842-4673

## PATIENT INFORMATION

TENNER, BETTY                              CLINIC # 1432479
SEX F   DOB 01/06/44
PHONE (504) 248-2976
RPT DT/TM: 11/21/2008 09:18

| TEST | RESULTS WITHIN RANGE | RESULTS OUT OF RANGE | REFERENCE RANGE | UNITS |
|------|---------------------|----------------------|-----------------|-------|
| COL DT/TM: 04/06/2005 10:13 | | | | |
| ACCESSION: 34190771 | | | | |
| ORDERED BY: LANSON, DAVID | | | | |
| | | | | |
| Low Density Lipoprotein | | | | |
| Final Results | | | | |
|   Low Density Lipoprotei | | 145.8 | 63-129 | mg/dl |
| Low Density Lipoprotein: | | | | |

The National Cholesterol Education Program (NCEP) has set the
following guidelines (reference values) for LDL Cholesterol:
Desirable....................<130 mg/dL
Borderline High............130-159 mg/dL
High.......................> or = 160 mg/dL

| | | | | |
|------|---------------------|----------------------|-----------------|-------|
| HDL/Cholesterol Ratio | | | | |
| Final Results | | | | |
|   HDL Cholesterol Ratio | 20.6 | | 20-50 | % |
| | | | | |
| Total Chol/HDL Ratio | | | | |
| Final Results | | | | |
|   Total Cholesterol/HDL | 4.8 | | 2.0-5.0 | |
| | | | | |
| TSH | | | | |
| Final Results | | | | |
|   TSH | 1.5 | | 0.4-4.0 | uIU/ml |

END OF REPORT                    PAGE  3

FRANCIS R. RODWIG, JR. M.D.,M.P.H., DIRECTOR OF LABORATORIES

ALTON OCHSNER MEDICAL FOUNDATION    PATIENT NAME: MRS BETTY TENNER
1516 JEFFERSON HIGHWAY              CLINIC NUMBER: 1432479
NEW ORLEANS, LOUISIANA 70121       ENCOUNTER DATE: 11-07-06
PHONE 504/842-3000                 DICTATOR: LANSON, DAVID
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN


PROVIDER NOTE


The patient is a 62-year-old female who states she still is coughing and
feels very congested.  She really was coming in to discuss her cholesterol
level, as it was quite elevated at last check.  We discussed different
treatment options and the plan will be to start pravastatin 40 mg a day.
The side effects were discussed in detail.  She states that she was not
able to take the MRI of her low back due to coughing and also anxiety.  She
remembers that she had gotten on at an outside facility about a year ago
and she is going to try to obtain copies of this for me.

PHYSICAL EXAM:  Her blood pressure is 130/70, pulse 70, temperature 98, and
weight 143 pounds.
GENERAL:  She is well developed and well nourished.  TMs are clear.  Nose
is congested with postnasal drip.
NECK:  Supple.
LUNGS:  Demonstrate mild scattered wheezes.
EXTREMITIES:  Without edema.
HEART:  Regular rate and rhythm.

ASSESSMENT:  Bronchitis with bronchospasm and hyperlipidemia.

PLAN:  She will be prescribed Medrol Dosepak, Advair 100/50 twice a day,
and albuterol metered-dose inhaler.  She will follow up in 8 weeks to
repeat a lipid profile and liver function.


 David O. Lanson, M.D. (E-Sig)


DOL/mo    100        LMod: 11/08/2006 10:30:54 (ET)
dd:11/07/2006 19:00:06 (ET)      td:11/08/2006 08:02:52 (ET)   VR:732882 /
JobID:20144064    DocID: 16070339.   .

Document authenticated by David O. Lanson, M.D. (E-Sig), on 11/29/2006
13:50:56 ET


**** COPY ****

 

ALTON OCHSNER MEDICAL FOUNDATION   PATIENT NAME: MRS BETTY TENNER
1516 JEFFERSON HIGHWAY              CLINIC NUMBER: 1432479
NEW ORLEANS, LOUISIANA 70121       ENCOUNTER DATE: 10-30-06
PHONE 504/842-3000                 DICTATOR: LANSON, DAVID
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN


PROVIDER NOTE


The patient is a 62-year-old female here for followup of an injury that
occurred at work on 09/14/06. She states that over the last week she is
having much more severe pain in her left lower back into the hip
posterolaterally. She states it is a deep burning-type pain and 8 or 9 out
of 10. No weakness and no giving out on it, but states she often feels
severe cramps in the calf and thigh. No swelling. She states she could
not tolerate the Vicodin, as it made her feel sick. She also states
Relafen caused acid reflux symptoms, so she only took these a day or two.
She states the only thing that gave her some relief was the prednisone
pulse dose. She was not able to undergo the MRI that was scheduled due to
she could not stop coughing and they could not position her in the machine
correctly. She states she is starting to feel somewhat congested again in
the chest, but not nearly as bad as it was. She does not smoke, but her
husband and son does in her house. Denies any fever or chills. No
wheezing. No chest pain. No shortness of breath.

Blood pressure is 132/72, pulse is 70, temp is 98, and weight is 139 pounds
She is well developed, well nourished, in obvious discomfort.
Exquisite tenderness over the left SI joint, left trochanteric bursa area,
and left sciatic notch area. She has a positive straight leg raise at
about 30 degrees with decreased range of motion.

ASSESSMENT:
1. Left-sided sciatica from injury that occurred at work on 09/14/06. We
need to reschedule her MRI.
2. She has got some allergic rhinitis symptoms as well as cough along with
hyperlipidemia.
3. The MRI will be rescheduled.
4. She needs a CMP, TSH, and lipid profile.



 David O. Lanson, M.D. (E-Sig)


DOL/co     100        LMod: 10/31/2006 02:19:43 (ET)
dd:10/30/2006 13:23:29 (ET)     td:10/31/2006 00:10:01 (ET)  VR:722755 /
JobID:19977292   DocID: 15949378  .



                    **** COPY ****

ALTON OCHSNER MEDICAL FOUNDATION   PATIENT NAME: MRS BETTY TENNER
1516 JEFFERSON HIGHWAY              CLINIC NUMBER: 1432479
NEW ORLEANS, LOUISIANA 70121       ENCOUNTER DATE: 10-30-06
PHONE 504/842-3000                 DICTATOR: LANSON, DAVID
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN

PROVIDER NOTE

Document authenticated by David O. Lanson, M.D. (E-Sig), on 11/29/2006
13:43:13 ET
.

**** COPY ****



ALTON OCHSNER MEDICAL FOUNDATION
1516 JEFFERSON HIGHWAY
NEW ORLEANS, LOUISIANA 70121
PHONE 504/842-3000
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN

PATIENT NAME: MRS BETTY TENNER
CLINIC NUMBER: 1432479
ENCOUNTER DATE: 10-03-06
DICTATOR: LANSON, DAVID

PROVIDER NOTE

The patient is a 62-year-old female, who complains of back pain and pain radiating down at the back of her leg to the left side of her ankle. She states that on 09/16/06, she fell at work. She was moving tables and slipped in the doorway. She states she just felt the slight pull in her back initially, but about 10-14 days ago, the pain got much worse and started radiating down the leg. The pain is described as burning, 7-8 out of 10. She states she could not get out of bed yesterday, and had to pull herself out of bed today.

Blood pressure is 132/72, pulse 70, respirations 16, and weight is 139 pounds.
She is well developed and well nourished.
TMs are clear.
She appears to be in discomfort. She has tenderness over the left paralumbar area as well as the upper left SI joint area. Flexion is limited to about 30 degrees, extension to 110 increases the pain, torso rotation, pulls when she turns to the right side, and pulls on her left side. She has normal tiptoe. Heel standing increases the pain on the left side. She has a positive straight-leg raise at about 20-25 degrees on the left. She has decreased plantar flexion strength when compared to the right.

ASSESSMENT: Left-sided sciatica, lumbar degenerative disk disease likely.

PLAN: She will be scheduled for an MRI scan of the L-spine. She will be given a shot of Toradol and Kenalog 80, Klonopin 0.5 mg nightly, and Vicodin to use mainly at night. She will be scheduled for an MRI scan and followup with me after above.


 David O. Lanson, M.D.

DOL/co    100       LMod: 10/04/2006 02:16:29 (ET)
dd:10/03/2006 13:18:03 (ET)      td:10/03/2006 23:28:59 (ET)   VR:693757 /
JobID:19483552   DocID: 15572997   .        .

**** COPY ****

DEC  9 2006

ALTON OCHSNER MEDICAL FOUNDATION    PATIENT NAME: MRS BETTY TENNER
1516 JEFFERSON HIGHWAY              CLINIC NUMBER: 1432479
NEW ORLEANS, LOUISIANA 70121        ENCOUNTER DATE: 08-22-06
PHONE 504/842-3000                  DICTATOR: LANSON, DAVID
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN


PROVIDER NOTE


The patient is a 62-year-old female, complains of left lateral ankle pain,
it has been present about a month.  Occasionally looks swollen.  No injury
to the ankle.  She also complains of chronic allergies with postnasal drip,
teary and itchy, watery eyes, and sneezing.  She states when she was given
Nasonex last time this helped quite a bit, but then she ran out.  The ankle
was markedly tender to palpation just inferior to the lateral malleolus,
slight puffiness, inversion of the ankle increases the pain, I suspect that
this is a tendonitis.  She will be placed on a Medrol Dosepak for allergic
rhinitis.  She was given Nasonex and Clarinex.  She is going to be
scheduled for x-rays of the left ankle.  Hopefully, the Medrol will calm
this down.  She was given a refill of Anaprox that she uses on occasion
when her back hurts.  If this ankle continues to bother and the x-rays are
normal, she will be referred to podiatry.


   David O. Lanson, M.D.


DOL/mo    100        LMod: 08/23/2006 09:23:19 (ET)
dd:08/22/2006 13:31:09 (ET)      td:08/23/2006 01:21:39 (ET)   VR:648664 /
JobID:18734506    DocID: 14996800..


**** COPY ****



ALTON OCHSNER MEDICAL FOUNDATION   PATIENT NAME: MRS BETTY TENNER
1516 JEFFERSON HIGHWAY              CLINIC NUMBER: 1432479
NEW ORLEANS, LOUISIANA 70121       ENCOUNTER DATE: 06-26-06
PHONE 504/842-3000                 DICTATOR: LANSON, DAVID
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN


PROVIDER NOTE


The patient states her back pain is just about totally gone. Every now and
then she feels a little stiffness in the morning, but it seems to respond
to Aleve or Advil. She will be given a prescription for Anaprox to help
instead. She also states she is under a lot of stress with her husband
since Hurricane Katrina. The Valium allowed her to sleep very well and
woke up with her muscles in her back much more relaxed. She wanted to know
if we could give her some comparable that would not have the addiction
potential as Valium. She is going to try Klonopin 0.5 mg nightly. We
reviewed her labs in detail, which revealed an elevated triglyceride, but
her LDL was good and HDL cholesterol was good. The plan is to check this
again in 3 to 4 months and decide if we need to put her on a
cholesterol-lowering medicine at that time. She was also given a sample of
Nasonex and Clarinex to try for chronic allergies. She will call if these
help for a prescription refill.


 David O. Lanson, M.D.

 cc:

DOL/mo    100        LMod: 06/27/2006 05:54:45 (ET)
dd:06/26/2006 14:30:16 (ET)     td:06/27/2006 03:31:27 (ET)   VR:587668 /
JobID:17718770   DocID: 14195925..


**** COPY ****

ALTON OCHSNER MEDICAL FOUNDATION
1516 JEFFERSON HIGHWAY
NEW ORLEANS, LOUISIANA 70121
PHONE 504/842-3000
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN

PATIENT NAME: MRS BETTY TENNER
CLINIC NUMBER: 1432479
ENCOUNTER DATE: 06-05-06
DICTATOR: LANSON, DAVID

PROVIDER NOTE

The patient is here for followup of left-sided sciatica and low back pain.
She stated that the leg pain is totally resolved now.  She still has a
tight feeling in her left lower back, but overall feels 90% better.  She
states that if she moves suddenly, she might feel a tight pulling feeling,
but the pain is at 3/10 instead of 10/10 last week.  She states, her
sinuses are still somewhat congested, mucus is still slightly yellow, but
is starting to turn more clear.  She did use Zmax given to her last week.
Overall, she has good range of motion of her back now.  Negative straight
leg raises.  Palpable tendons in the left paralumbar area only, but she is
able to flex to 90 degrees and extend fully from the waist.  Good strength
in her lower extremities.  Mild congestion of her nose, mild sinus
pressure, and some clear rhinorrhea.

ASSESSMENT:
1. Left lower back pain, sciatica resolved.
2. Allergic rhinitis.

PLAN:
1. She was given samples of Nasonex and Clarinex.
2. She is in need of routine labs including CMP, TSH, and lipid profile.

 David O. Lanson, M.D.

DOL/co    100      LMod: 06/06/2006 06:40:05 (ET)
dd:06/05/2006 13:44:56 (ET)      td:06/06/2006 01:05:22 (ET)  VR:564393 /
JobID:17327518   DocID: 13883972   .        .

**** COPY ****

ALTON OCHSNER MEDICAL FOUNDATION
1516 JEFFERSON HIGHWAY
NEW ORLEANS, LOUISIANA 70121
PHONE 504/842-3000
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN

PATIENT NAME: MRS BETTY TENNER
CLINIC NUMBER: 1432479
ENCOUNTER DATE: 05-30-06
DICTATOR: LANSON, DAVID

PROVIDER NOTE

The patient states about 8 days ago, she was helping someone to move furniture and she did this most of that day. She states she was a little sore by the next day, but not that bad. About 4 days later, she states she could barely get out of bed and now has pain radiating into her buttocks bilaterally, but also the lateral left leg all the way to the ankle. She states this morning she was actually having charley horses in her left calf. She denies any bowel or bladder problems. She states she has had back problems when she was working many years ago, but none for quite sometime.

Her blood pressure today is 138/88, pulse 70, respiration 17, and weight is 139 pounds.
She is well developed and well nourished.
TMs clear.
NOSE AND THROAT EXAM: Normal.
NECK: Supple.
LUNGS: Clear to auscultation.
HEART: Regular rate and rhythm.
She has marked tenderness in the left SI joint area. Left sciatic notch is slightly tender. She is able to stand on her tiptoes and heels. Torso rotation causes a pulling feeling in the right buttock area. She has normal strength and normal deep tendon reflexes.

She is also having some sinus congestion and postnasal drip. The mucus has now gone from clear to green.

ASSESSMENT:
1. Left-sided sciatica.
2. Mild sinusitis.

PLAN: She was given a prescription for Relafen 500 mg twice a day and diazepam 5 mg nightly. She was given samples of Zmax, one-time dose for infection. She needs to be scheduled for a mammogram and when she follows up in 10 days, we will need to check labs on her.


David O. Lanson, M.D.


**** COPY ****



PRELIMINARY REPORT

ALTON OCHSNER MEDICAL FOUNDATION       PATIENT NAME: MRS BETTY TENNER
1516 JEFFERSON HIGHWAY                  CLINIC NUMBER: 1432479
NEW ORLEANS, LOUISIANA 70121           ENCOUNTER DATE: 05-30-06
PHONE 504/842-3000                     DICTATOR: LANSON, DAVID
PLACE OF ENCOUNTER: ROTHSCHILD DESTREHAN

PROVIDER NOTE


DOL/mo    100        LMod: 05/31/2006 07:57:13 (ET)
dd:05/30/2006 12:37:23 (ET)        td:05/31/2006 03:54:40 (ET)   VR:558130 /
JobID:17216769   DocID: 13800989..


**** COPY ****

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY<br>OFFICE OF DIRECTOR<br>500 C STREET S.W.<br>WASHINGTON, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Betty Tenner<br>4719 W. Adam Ct., New Orleans, L 70128<br>MICHAEL HINGLE & ASSOCIATES<br>220 GAUSE BOULEVARD, SLIDELL, LA 70458 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>□ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>1-6-44 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statues, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure

**SEE ATTACHED RIDER**

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8(SUPRA).

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS (Number, Street, City, State, and Zip Code) |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>9,600.00 | 12b. PERSONAL INJURY<br>$100,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>109,600.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>985-641-6800 | 14. DATE OF SIGNATURE<br>9/9/05 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br><br>The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br><br>Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-109

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No

N/A

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes    ☐ No    17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. Authority: The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose:  The information requested is to be used in evaluating claims.
C. Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95          BAC

RIDER

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. through its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).

## EMPLOYMENT AGREEMENT MT

I, __BETTY TENNER__ , do hereby employ, retain and authorize the services of Michael Hingle & Associates, LLC and/or Michael Hingle to represent me in my claim against anyone liable or responsible to me for damages including the specific defendants named hereafter or any other defendants liable but not named, as well as against any applicable insurance carriers for injuries resulting from:

(Name known defendants and insurers)__FEMA FORMALDEHYDE LITIGATION__

(Injured parties)_____BETTY TENNER_____
(Name All Michael Hingle & Associates Represents)

(Give facts of claim and where happened: state, city, parish and date of accident)

_____

_____

In consideration of services to be rendered and rendered, I hereby assign, transfer and deliver an undivided forty (40%) percent of the gross amount of my claim and/or suit and any money derived therefrom before any deductions are made for litigation and medical expenses to the said Michael Hingle & Associates, LLC and/or Michael Hingle. Michael Hingle & Associates may associate and/or retain other attorney(s) to assist in the handling of my claim as Michael Hingle & Associates may deem appropriate or necessary but the fee shall remain the same to be divided as the various attorneys agree.

It is hereby agreed and understood that neither I nor my attorney may settle, compromise or dispose or in any way discontinue this claim and/or suit without written consent of both myself and the attorney.

I also understand said attorney may advance expenses of litigation. Any sums advanced as litigation expenses by said attorney(s) will be repayable from the proceeds of my claim after the deduction of the attorney's fees as stated above. All sums advanced whether for court costs, process servers, litigation expenses, postage, travel expenses, expert witness fees, long distance telephone charges, medical expenses related to case, testing costs, rehabilitation fees, therapists fees, hospital charges, photographs, demonstrative evidence, investigation expenses, or advances for such litigation expenses and claim related medical expenses arranged by said attorney(s) for my benefit at a financial institution but guaranteed by said attorney(s) shall be secured and protected by a lien against the proceeds of my claim as per La.R.S. 9:5001. The above expenses of litigation shall be contingent upon a recovery on my claim. If there is no recovery whatsoever on my claim, I will not have to pay the litigation expenses back to said attorneys. Said attorney(s) are authorized to advance costs and expenses as they deem necessary.

I understand all correspondence will be sent to the address below. I understand and hold Michael Hingle & Associates, LLC harmless for any correspondence not received at this address. It is my responsibility to inform Michael Hingle & Associates in writing of any change to this address.
Client to write address below:

X 4719 W. Adam Ct
Client's Address

X (504) 248-2976
Client's Telephone

NO GUARANTEE: I acknowledge that said attorney has made no promise or guarantee regarding the outcome of my legal matter. In fact, said attorney has advised me that litigation in general is risky, can take a long time, can be very costly and can be very frustrating. I further acknowledge that said attorney shall have the right to cancel this agreement and withdraw from this matter if, in said attorney's professional opinion, the matter does not have merit, does not have a reasonable probability of a successful financial outcome, I do not have a reasonably good possibility of recovery, I refuse to follow the recommendations of said attorney, I fail to abide by the terms of this agreement, and/or if said attorney's continued representation would result in a violation of the Rules of Professional Conduct, or at any other time as or if permitted under the Rules of Professional Conduct.

ENTIRE AGREEMENT: I have read this agreement in its entirety and I agree to and understand the terms and conditions set forth herein. I acknowledge that there are no other terms or oral agreements existing between Attorney and Client. This agreement may not be amended or modified in any way without the prior written consent of Attorney and Client.

This agreement is executed by me, the undersigned Client, on this X5 day of X 16 , 200 8.

X Betty Tenner
CLIENT    BETTY TENNER

_____
MHA INTERVIEWER

The foregoing agreement is hereby accepted
on this _____ day of _____, 200__.        ATTORNEY _____