# EXHIBIT O

FEB-1 9 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873 |
| _____ | ) ) | SECTION: N(4) |
| | ) ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) ) | MAG: ROBY |
| Plaintiff: _____ | ) ) | |
| Patricia A. Griffin _____ | ) ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED WITHIN THIRTY(30) DAYS OF THE TRANSFER OR FILING (AS DEFINED IN PRE-TRIAL ORDER NO. 2(DOC NO. 87)) OF YOUR COMPLAINT IN THIS LITIGATION OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  **A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.**  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

## II.   PERSONAL INFORMATION

A.   Name (person completing form): Patricia A. Griffin

B.   Maiden or other names used or by which you have been known:

C.   Current Street Address: 6808 Tara Ln. Apt 1  New Orleans, LA 70127

D.   Home Telephone No.: none
Cell Phone No.:        504-256-2402
Work Telephone No: none
Other Telephone Nos.: none

E.   Email address: none

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:
none

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:

3   Address (or last known address if deceased):

4.   Home Telephone No.:
Cell Phone No.:
Work Telephone No:
Other Telephone Nos.:

5.   E-mail address:

6.   If you were appointed as a representative by a court, state the:

2

Court: _____    Date of Appointment: _____

7.    What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.    If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.    Please state the name and address of the attorney representing you:

Daniel E. Becnel  /  Becnel Law Firm, LLC _____
        Attorney's Name/Law Firm
La Place, LA 70068 _____
        City, State and Zip Code

C.    Please state the following: (If you are a representative, please state this information for each such person being represented):

1.    Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
Yes ☒        No ☐

2.    What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? Prolonged allergy like symptoms _____

3.    <u>During the time that you lived</u> in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

☒ irritation to eyes
☒ burning of eyes
☐ tearing of eyes
☐ irritation to nasal membranes (inside of nose)
☐ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☒ irritation or itching of skin
☒ burning of skin
☒ rashes on skin
☒ drying or scaling of skin
☐ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☒ headaches
☒ nausea
☐ vomiting
☐ bloody vomiting
☒ abdominal pain
☒ diarrhea
☒ difficulty in breathing
☐ wheezing
☒ shortness of breath
☒ persistent cough
☒ tightness of the chest

3

☐ bronchitis
☒ throat irritation
☐ hoarseness
☐ laryngitis
☐ pneumonia
☒ upper respiratory tract infections
☐ pulmonary edema
☐ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of
    childhood asthma
☐ allergies for the first time in your life
☐ worsening of allergies that you had previous
    to living in FEMA trailer

☒ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician._____
very itchy skin_____
_____
_____

4. Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?_____No_____

If yes, which kind of cancer?
none_____

5. When do you claim this injury or disease first occurred?_4/06_____

6. Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐      No ☒

If "Yes," when and who diagnosed the condition at that time?
none_____
_____

7. Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐      No ☐      Unknown at this time

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____

_____

8.   **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☐          No ☒

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:

_____

_____

_____

To your understanding, describe the condition for which treated:
Unknown at this time

_____

_____

_____

State when you were treated for this psychological, psychiatric or emotional problem

_____

_____

_____

List the medications prescribed or recommended by the physician or counselor

_____

_____

_____

9.   Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☐          No ☒

*If "Yes,"* state the amount of your claim: _____

5

## IV.  BACKGROUND INFORMATION

A.  Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 708 Morgan Ave. Natchez, MS 39120 | 2003-8/05 |
| Relative's Home Natchez, MS | 8/05-3/06 |
| 13956 Intrepid Dr. (Trailer Address) New Orleans, LA 70129 | 3/06-3/08 |
| 13956 Intrepid Dr. (Trailer Address) New Orleans, LA 70129 | 3/06-3/08 |
| Mark's Seven 4501 Papania Dr. New Orleans, LA 70127 | 3/083/09 |

********** See Appendix 1

B.  State Driver's License Number and State Issuing License: _____
800697910                               MS

C.  Date and Place of Birth: 6/10/1988 _____   Place: Natchez, MS

D.  Sex:  Male ☐        Female ☒

E.  Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Natchez Hich School | 2004-2006 | General | none |
|  |  |  |  |
|  |  |  |  |

F.  Employment Information

   1.  Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Lowe's | Read Blvd. New Orleans, LA | 6/07-Present | Cashier |
|  |  |  |  |

6

2.  List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|------|---------|---------------------|-----------------------|
| Lowe's | Read Blvd. New Orleans, LA | 6/07-Present | Cashier |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.  Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* state the following:

a.  If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

Year            Income
_____     $_____
_____     $_____
_____     $_____
_____     $_____
_____     $_____

b.  Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____
_____

G.  Previous Claims Information

1.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐        No ☒      Don't recall ☐

7

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____
none _____

_____

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐         No ☒         Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐         No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT
### ********** Multi-Trailers See Appendix 2

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: Keystone_____

8

2.    VIN:   4YDT307286A224225

3.    FEMA Identification No.:   awaiting disaster file

4.    Bar Code Number on FEMA housing unit:  1382765

5.    Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☒    Mobile Home ☐

6.    Move-in Date: 3/06

7.    Move-out Date: unknown at this

8.    Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
1382765 Intrepid St. New Orleans, LA 70129

9.    Was the FEMA trailer or mobile home located in a trailer park or on private property? Private Property

10.    State the reason you stopped living in the FEMA trailer or mobile home:
FEMA came to get first trailer

11.    Please state the approximate square footage of the FEMA housing unit: does not recall

12.    Please state the approximate length and width of the FEMA housing unit: does not recall

13.    What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 20

14.    Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒    No ☐

15.    Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒    No ☐

16.    Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒    No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐      No ☒

18. Is/was propane gas used in the FEMA housing unit?
Yes ☒      No ☐

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 5

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐      No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? none

For what period of time did you temporarily live in another location?
none

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐      No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: none

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐      No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: Date:          Reason: none

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☐      No ☒

*If "Yes,"* please state the date and reason for repair, service or maintenance:



E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile

10

home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Patricia A. Griffin | 21 | 6808 Tara Ln Apt 1<br>New Orleans, LA 70127<br>(504) 256-2402 | From 3/06<br>To _____ | Yes ☒<br>No ☐<br>Don't Know ☐ | |
| Fannie M. Beamer | 44 | 10151 Curran Blvd.<br>New Orleans, LA 70127 | From 3/06<br>To _____ | Yes ☒<br>No ☐<br>Don't Know ☐ | |
| Felicia Griffin | 22 | 10151 Curran Blvd.<br>New Orleans, LA 70127 | From 3/06<br>To _____ | Yes ☒<br>No ☐<br>Don't Know ☐ | |
| Quintaurius Beamer | 7 | 10151 Curran Blvd.<br>New Orleans, LA 70127 | From 3/06<br>To _____ | Yes ☒<br>No ☐<br>Don't Know ☐ | |
| | | | From _____<br>To _____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |
| | | | From _____<br>To _____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 4'11

B.   Current Weight: 156 lb

Weight prior to living in a FEMA trailer or mobile home: 125 lb

11

C.   Personal Smoking/Tobacco Use History:   ***Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.***

☒   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

    1.   Date on which smoking/tobacco use ended:_____
    2.   Amount smoked or used on average:
        _____ per day for _____ years.

☐   Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

    1.   Amount currently smoked or used on average:
        _____ per day for _____ years.

D.   Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

    1.   Amount smoked or used on average, if you know:
        _____ per day for _____ years.
    2.   Relationship to you: none
    3.   Please state whether the smoking occurred inside, outside or both. N/A

E.   Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐        No ☒

***If "Yes,"*** what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐        No ☒

F.   Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1.   Lung or other respiratory disease
        Yes ☐        No ☒

*If "Yes,"* please indicate the following:

Name and description of each illness, disease, or abnormal condition:
none
_____

_____

The date of illness:
none
_____

_____

2.  Infectious disease (such as, tuberculosis, pneumonia, hepatitis)
    Yes ☐          No ☒

    *If "Yes,"* please indicate the following.

    Name and description of each illness, disease, or abnormal condition:
    none
    _____

    _____

    The date of illness:
    none
    _____

    _____

3.  Long-term stomach or bowel disease
    Yes ☐          No ☒

    *If "Yes,"* please indicate the following.

    Name and description of each illness, disease, or abnormal condition:
    none
    _____

    _____

    The date of illness:
    none
    _____

    _____

4.  Skin disease
    Yes ☐          No ☒

    *If "Yes,"* please indicate the following.

    Name and description of each illness, disease, or abnormal condition:
    none
    _____

    _____

    The date of illness:
    none
    _____

    _____

G.   Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.   To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

Yes ☐      No ☒      Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## VII.  MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: none
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
none

14

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please provide the name and address of the health care professional.
none
none

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐        No ☒

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒        No ☐

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☒

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

F.  Decedent's death certificate, if applicable.
Yes ☐        No ☒

G.  Report of autopsy of decedent, if applicable.
Yes ☐        No ☒

IX.    **LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION**

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.    Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| none | |
| | |
| | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| Dr. Winfield | New Orleans, LA | 2009 |
| | | |
| | | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none | | | |
| | | | |
| | | | |
| | | | |

16

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |

E.   Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| none |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

F.   Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| Walgreens | New Orleans, LA |
|  |  |
|  |  |
|  |  |
|  |  |

## **CERTIFICATION**

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

| | | |
|---|---|---|
| **Signature of Plaintiff** | Patricia Griffin | 2-1-10 |
| | **Print Your Name** | **Date** |

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
|---|---|

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Name: Patricia A Griffin

Date of Birth: 6-10-88

Last Four Numbers of SSN: 5045

    I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of** _____ **and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2010.

X_____

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity.)**

Name: Patricia A. Griffin

Date of Birth: 6-10-88

Last Four Numbers of SSN: 5045

     I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **Duplass, Zwain, Bourgeois, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes. I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

     Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2010.

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

NAME OF FACILITY:_____

Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Patricia A. Griffin | 6-10-88 | 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 |

Address: 6808 Tara Ln. Apt 1

City: New Orleans   State: LA   Telephone No.: (504) 256-2402   Zip Code: 70127

I hereby authorize the Medical Records Custodian of _____

To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. . _____

Title. . _____

Address._____

Purpose: To Protect My Legal Rights _____

For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br><br>☐ Copies of the records &<br>☐ Inspection of the record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
|---|---|---|---|

I acknowledge, and hereby consent to such, that the released information may contain
X_____ alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed): X P. UA~~~~

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

X_____   _____
Signature of Patient/Legal Representative          Date

If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Patricia A. Griffin_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _2/1/10_

Name: _Patricia Griffin_ (print legibly or type out name)

Signature: _P. Griffin_

26

Appendix: 1

| Address | Dates of Residence |
|---|---|
| Curran Blvd (Mother's House) New Orleans, LA 70127 | 3/09-11/09 |
| 6808 Tara Ln. Apt 1 New Orleans, LA 70127 | 11/09-Present |

Appendix: 2

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: Forrest River

2.   VIN:   4X4TRLE226D809753

3.   FEMA Identification No.: _____

4.   Bar Code Number on FEMA housing unit: 1146373

5.   Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☒   Mobile Home ☐

6.   Move-in Date: 3/06

7.   Move-out Date: 3/08

8.   Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
13946 Intrepid St. New Orleans, LA 70129

9.   Was the FEMA trailer or mobile home located in a trailer park or on private property? Private Property

10.   State the reason you stopped living in the FEMA trailer or mobile home:
The bugs, could barely breathe.

27

11.   Please state the approximate square footage of the FEMA housing unit: unknown

12.   Please state the approximate length and width of the FEMA housing unit: unknown

13.   What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 20

14.   Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒          No ☐

15.   Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒          No ☐

16.   Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒          No ☐

17.   Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐          No ☒

18.   Is/was propane gas used in the FEMA housing unit?
Yes ☒          No ☐

19.   How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 5

20.   Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐          No ☒

      *If "Yes,"* please state the following:

      Where did you temporarily live? none

      For what period of time did you temporarily live in another location?
      none

B.    Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐          No ☒

      *If "Yes,"* please state when the test was performed and who prepared this testing:_____

28

C.    Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?

Yes ☐        No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: Date: _____ Reason: _____

D.    Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?

Yes ☐        No ☒

*If "Yes,"* please state the date and reason for repair, service or maintenance:

_____

_____

E.    Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| | | | From _____ <br><br> To _____ | Yes ☐ <br> No ☐ <br> Don't <br> Know ☐ | |
| | | | From _____ <br><br> To _____ | Yes ☐ <br> No ☐ <br> Don't <br> Know ☐ | |
| | | | From _____ <br><br> To _____ | Yes ☐ <br> No ☐ <br> Don't <br> Know ☐ | |
| | | | From _____ <br><br> To _____ | Yes ☐ <br> No ☐ <br> Don't <br> Know ☐ | |
| | | | From _____ <br><br> To _____ | Yes ☐ <br> No ☐ <br> Don't <br> Know ☐ | |
| | | | From _____ <br><br> To _____ | Yes ☐ <br> No ☐ <br> Don't <br> Know ☐ | |

# PRI/DJI

Phone: (888) 633-5536
**Monthly Preventive Maintenance**

Work Order #: _____
Site ID: _____
Date: _____/_____/_____

| Name: | Phone: |
|---|---|
| Address: | |
| B/C: | VIN: |

*1235*

| Full Inspection:   OY   ON | Ext. Insp. Only:   OY   ON | Occupant Refused Interior Inspection:   OY   ON |
|---|---|---|

Tenant's Signature: _Felisha Griffith_

Print Name: _Felisha Griffith_

Date: _____

Next Sched. Date: _____

PM Tech's Signature: _____

Print Name: _____

Revised: 08/04/06

B&I Services

**Preventive Maintenance Inspection Form**    1806

****Verify Unit and Occupant Information.  Make Changes Below****

| r Code: | ✓ | 1146373 | Unit Type | T 1 | | Occupant Phone Number: | |
|---|---|---|---|---|---|---|---|
| N: | | 4X4TRLE226D809753 | | | | Site Control Number: | |
| ccupant Name: | | | | | | Inspector Name/#: | |
| GSN ID: | | | | | | Inspector Signature & Date: | |
| ddress: | | **13946 Intrepid Dr.** | | | | Start Time: | End Time: |
| ly, Zip: | | **NEW ORLEANS** | | **70129** | | Occupant Signature & Date: | |

| ailer Exterior | Overall Condition | Pass | Fail | Comments |
|---|---|---|---|---|
| Foundation Support | | ☐ | ☐ | |
| Levelness of Trailer | | ☐ | ☐ | |
| Tie-downs present and secure | | ☐ | ☐ | |
| Emergency Breakaway Module | | ☐ | ☐ | |
| Breakaway Pins Inserted | | ☐ | ☐ | |
| Siding intact and secure | | ☐ | ☐ | |
| Steps, Ramps, Handrails, & Deck | | ☐ | ☐ | |
| Exterior Door(s) | | ☐ | ☐ | |
| Door Locks / Hardware | | ☐ | ☐ | |
| Window(s) / Screens | | ☐ | ☐ | |
| Exterior Light Fixtures | | ☐ | ☐ | |

| ailer Interior | Overall Condition | Pass | Fail | |
|---|---|---|---|---|
| Flooring / Walls / Ceilings | | ☐ | ☐ | |
| Plumbing Fixtures and Piping | | ☐ | ☐ | |
| Windows / Window Covering | | ☐ | ☐ | |
| Glass - Mirrors / Windows / Doors | | ☐ | ☐ | |
| Trim (Wall, Floor, Ceiling, Door) | | ☐ | ☐ | |
| Doors (Jambs, hinges, hardware) | | ☐ | ☐ | |
| Light fixtures / Receptacles / Switches | | ☐ | ☐ | |
| Sinks -- Vanity & Kitchen | | ☐ | ☐ | |
| Cabinets -- Doors / Drawers | | ☐ | ☐ | |
| Other: | | ☐ | ☐ | |

| ilities / **Appliances / Fixtures** | Pass | Fail | |
|---|---|---|---|
| Water Supply Connection | ☐ | ☐ | |
| Electrical Service Panel & Breaker Box | ☐ | ☐ | |
| Propane Tanks / Cover / Detector  ☐ N/A | ☐ | ☑ | 2 propane tanks missing |
| Sewer Connection & Hoses | ☐ | ☐ | |
| Grey & Black Water Tanks | ☐ | ☐ | |
| Heating Sysem / Thermostat | ☐ | ☐ | |
| A/C / Thermostat | ☐ | ☐ | |
| Refrigerator | ☐ | ☐ | |
| Water Heater | ☐ | ☐ | |
| Beds / Furniture / Cushions / Mattresses | ☐ | ☐ | |
| Shower / Tub Fixtures / Enclosure / Handrail | ☐ | ☐ | |
| Bathroom Vent Fan & Light / GFCI | ☐ | ☐ | |
| Toilet -- Connection / Floor Mounting | ☐ | ☐ | |
| Cooktop / Range / Vent | ☐ | ☐ | |
| Microwave | ☐ | ☑ | Microwave bad |
| Smoke Detector | ☐ | ☐ | |
| P Detector | ☐ | ☐ | |
| CO Detector | ☐ | ☐ | |
| ire Extinguisher -- Present | ☐ | ☐ | |
| ire Extinguisher -- Discharged? | ☐ | ☐ | Note:  Yes=Fail  No=Pass |
| ther: | ☐ | ☐ | |
| cupant Not Home - Left door tag | ☐ | | |

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form.   Use additional sheet(s) if necessary   See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Federal Emergency Management Agency (FEMA) FRC 800 North Loop 288 Denton, Texas 76209-3698 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) PATRICIA S. GRIFFIN PO BOX 872002 NEW ORLEANS, LA 70127 Represented by Daniel Becnel, Jr. and Michael Archuleta |
|---|---|

| 3. TYPE OF EMPLOYMENT MILITARY ✓CIVILIAN | 4. DATE OF BIRTH 6·10·88 | 5. MARITAL STATUS SINGLE | 6. DATE AND DAY OF ACCIDENT SEE ATTACHED RIDER | 7. TIME (A.M. or P.M.) unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the Claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed Claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit to Claimant following Hurricane Katrina. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, sate, national and international statutes, regulations, and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure SEE ATTACHED RIDER

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Rider

| 11. | WITNESSES | |
|---|---|---|
| NAME | | ADDRESS (Number, street, city, State, and Zip Code) |
| The claimant is unaware of any witnesses at this time. | | |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $1,000,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory **Attorney 985-536-1186** | 14. DATE OF CLAIM April 1, 2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the $2,000 plus double the amount of damages sustained by the States.   (See 31 U.S.C. 3729.) | Fine of not more than $ 10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287.) |

| 95-109 Previous editions not usable. | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) (EG) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

| INSURANCE COVERAGE |
|---|

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No         17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

| INSTRUCTIONS |
|---|

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

| PRIVACY ACT NOTICE |
|---|

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

| PAPERWORK REDUCTION ACT NOTICE |
|---|

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

RIDER FOR FORM 95

#2. continued

Represented by :          AND          Michael Archuleta
Daniel E. Becnel, Jr.                   Archuleta, Alsaffar & Higginbotham
Becnel Law Firm, LLC                    P.O. Box 340639
106 W. Seventh St.                      1100 Lakeway Drive, Suite 101
P.O. Drawer H                           Austin, Texas 78734
Reserve, LA 70084                       Phone: 512-266-7676
Phone: 985-536-1186                     Fax: 512-266-4646
Fax: 985-536-6445

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. through its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).

# LETTER OF REPRESENTATION

Claimant has employed the law firm of Archuleta & Associates, P.C. dba Archuleta, Alsaffar & Higginbotham and their associated co-counsel Becnel Law Firm, LLC, to represent claimant as claimant's attorneys in connection with all claims claimant may have against the United States of America or any agency thereof; any and all employees, contractors, agents, and/or representatives of the United States of America; and any and all others responsible for any and all injuries and damages sustained by claimant related to the Hurricane Katrina disaster beginning on or about the 29th day of August, 2005. By signature below, claimant hereby authorizes the law firm of Archuleta & Associates, P.C. dba Archuleta, Alsaffar & Higginbotham and their associated co-counsel Becnel Law Firm, LLC to represent claimant as claimant's attorneys in connection with all claims under the Federal Tort Claims Act that claimant may have. Further, by signature below, claimant hereby appoints and authorizes Michael Archuleta of Archuleta & Associates, P.C. dba Archuleta, Alsaffar & Higginbotham and/or Daniel E. Becnel, Jr. of Becnel Law Firm,LLC to act as claimant's authorized attorney agent and claimant's legal representative for the purpose of signing, modifying, and amending any Standard Form 95 on claimant's behalf.

Claimant's Name Printed: _Patricia A. Griffin_

- o   The Claimant is the Person or Business who is making the claim.
- o   The Claimant can be an Adult, a Minor under the age of 18 or an Incompetent person, a Business, or the Estate of a person who died.

Signature: _Patricia A. Griffin_

- o   If Claimant is an Adult the Claimant should sign.
- o   If Claimant is a Minor under the age of 18 or an Incompetent person the Claimant's parent or guardian should sign.
- o   If Claimant is a business the owner should sign.
- o   If Claimant is the Estate of a person who died and an administrator has been appointed the administrator should sign. If there is no administrator the next of kin should sign.

Date Signed: _8-24-07_