UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 SECTION "N" (5) |
| THIS DOCUMENT IS RELATED TO: *Angela Thompson v. Crum & Forster Specialty Ins. Co., et al* Number 09-4221 | * * * * * * | JUDGE ENGELHARDT MAGISTRATE CHASEZ |

**************************************************************************

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

Plaintiffs request Leave to amend the original Complaint for Damages in the above-referenced case to add causes of action against additional insurance companies pursuant to Louisiana's Direct Action Statute.  The entities to be added are Burlington Insurance Company ("Burlington"), who insured Pilgrim International, Inc. ("Pilgrim") from March 31, 2007 to March 31, 2009, and Sentry Insurance A Mutual Company ("Sentry"), who insured Pilgrim  from March 31, 2006 through March 31, 2007.

**I.      INTRODUCTION**

Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Plaintiffs may directly sue these insurance companies for the damages caused by their insured, Pilgrim. The amendment to the Complaint for Damages and all subsequent amending complaints proposed by Plaintiffs add a direct cause of action against Pilgrim's insurers, Burlington

1

and Sentry.  Until May 19, 2011, Plaintiffs were unaware of the existence of these insurance policies.

## II. ARGUMENT AND AUTHORITIES

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant Leave to file an amended pleading.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Leave to amend should be freely given when justice so requires.  Fed.R.Civ.P. 15(a)(2); *Foman*, 371 U.S. at 182.  In the case of the above referenced MDL Plaintiffs, justice requires Leave to file their amended complaint to preserve the insurance coverage available to the Defendant-Pilgrim.[1]  Leave to amend Plaintiffs' complaint should, therefore, be granted.  *See Id.*

Louisiana's "Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Green v. Auto Club Group Ins. Co.*, 24 So.3d 182, 184 (La. 2009).  Plaintiffs, therefore, have the right to sue Pilgrim's insurers directly.  The proposed amended complaint adds a direct cause of action against Burlington and Sentry, Pilgrim's insurers.  *See* proposed amended complaint, attached as Exhibit A.  Because the added cause of action is necessary to assert Plaintiffs' right of action against Defendant-Pilgrim's insurers, Leave should be granted to file the proposed amended complaint.  *Foman*, 371 U.S. at 182.

---

[1] Pilgrim filed for bankruptcy protection on September 22, 2008.

### III. CONCLUSION

For all of the above reasons, Plaintiffs respectfully request this Court grant their Motion for Leave to File Amended Complaint.

```
THE PENTON LAW FIRM
209 HOPPEN PLACE
BOGALUSA, LOUISIANA  70427
PHONE    :    (985) 732-5651
FAX      :    (985) 735-5579
E-MAIL   :    fedcourtmail@rgplaw.com
```

s/Ronnie G. Penton
Ronnie G. Penton (#10462)
MaryAnna Penton (#32920)
Trial Counsel for Plaintiffs