UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS SECTION "N" (5) | * * * * * * * | MDL NO. 1873 LIABILITY LITIGATION  JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: *Lauranette Bolton., et al v. Sun Valley, Inc. et al* No. 09-7850 | * * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT'S RENEWED MOTION TO DISMISS**

Come now Laurnette Bolton, Quanela Marie Smith, Marsheila Sara Smith, Thomas Joseph Gates, Jr., Shanita Gates Individually and Next Friend of E. D. G, Albert Leroy Bowers, Jr., Lisa Annette Bowers, and Betty Thomas, (hereinafter "Plaintiffs") and file this Plaintiffs' Memorandum in Opposition of Defendant's Renewed Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32 and 88 Relating to Plaintiff Fact Sheets (Rec. Doc. 23035).

**I.    SPECIFIC PLAINTIFFS**

    **A.    Lauranette Bolton**

Plaintiff Lauranette Bolton has informed her counsel that she no longer wants to proceed with her claim. Exhibit A, Affidavit of Watts Hilliard Case Coordinator, Nicole Porter. Counsel has requested the same in writing from Lauranette Bolton and as of the date of this filing counsel has not received the same from Lauranette Bolton. Exhibit A.

**B.     Quanela Marie Smith**

In her Fact Sheet Deficiency Answers submitted on September 29, 2011, Plaintiff Quanela Marie Smith provided move-in and move-out dates for her stay in the Sun Valley trailer, because that is what Defendant was asking for.  Plaintiff admits that she did indeed live in Gulf Stream trailer, but her fact sheet deficiency answers supplied in September 2011, regarding move in and move out dates were specific to her stay in a Sun Valley trailer.  Defendant is wrong in stating that her "new Deficiency answers provide the move-in move-out dates for her Cavalier (Gulf Stream) trailer.  The new Deficiency Answers set forth her move in move out dates for her Sun Valley trailer.  To correct Defendant's misunderstanding, Plaintiff is providing new Supplemental Answers contemporaneous with this filing that specify the move-in and move-out dates for the Sun Valley and Cavalier (Gulf Stream) trailers in a single document.  Exhibit B.

Defendant's likewise complain about the installation address. To be clear, when Plaintiff supplied her Deficiency Answers in September, 2011, she gave the installation address for her Sun Valley trailer, which is TV Tower Road in Kinder, Louisiana.  To clarify any confusion, yet remaining on the part of the Defendant, Plaintiff is submitting Supplemental Answers contemporaneous with this filing setting forth the addresses for both the Sun Valley and Gulf Stream trailers.  Exhibit B.

Defendant also complains that the Bar Code Plaintiff identified on September 29, 2011, is the same as the Bar Code for the Cavalier trailer.  Plaintiff has checked their records and confirms that the Bar Code of the Cavalier trailer was inadvertently entered on the September 29, 2011 Fact Sheet Deficiency Answers.  In their Amendment to the Plaintiff Fact Sheet supplied on January 14, 2010, however, Plaintiff properly identified

the Bar Code for the Sun Valley trailer as 1337756. See Exhibit M, Rec. Doc. 22705-15, p. 32.  To correct this mistake in the September 2011 submission, the Bar Codes of both the Sun Valley and Cavalier trailers are being set forth in the Supplemental Answers that are being tendered contemporaneous with this filing.  Exhibit B.

Defendant further complains that the move-in and move-out dates are inconsistent with those that Plaintiff provided in prior fact sheets and that she had previously lived in a Forest River trailer.  Plaintiff admits there was a transposition error in the September 2011 Fact Sheet Deficiency Answers, and the date for move out of the Sun Valley trailer should have been entered as March 2006, instead of March 2007. This is being corrected in the Supplemental Answers for Quanela Marie Smith being tendered this same day. The original move-in and move out date Plaintiff provided in her fact sheet for her first trailer was January and March 2006, so with this change the Supplemental Answers of October 2011, are consistent with the prior Fact Sheet answers for the first trailer.[1]

Defendant also complains that in response to the question on smoking history of other residents, the Plaintiff answered, "I do not recall".  Plaintiff has now supplemented that information. Exhibit B.  With regard to a certification, counsel has sent a certification page to Plaintiff Quanela Marie Smith, but has not received the same back from Plaintiff. Exhibit C,  Affidavit of Nicole Porter, Watts Hilliard Case Coordinator.  Plaintiff would note however, that Defendant is not prejudiced by this lack of certification, as Defendant has all the essential information on this client to evaluate this claim.

---

[1] Plaintiff notes that Original Plaintiff Fact Sheet, identified that Plaintiff lived in a Forest River trailer from January 2006 to March 2006 and then in a Cavalier trailer from March 2006 to June 2008.  That was before Plaintiff's trailers had been matched by the government.  Once the government matched the trailers, she supplied her Amendment to the Plaintiff Fact Sheet which identified the trailers as a Sun Valley trailer and a Cavalier (Gulf Stream) trailer.  See Amendment to Plaintiff Fact Sheet,  Exhibit M, to Defendant's Memorandum to Dismiss, Rec. Doc. 22705-15, pp. 31-33.

**C.   Marsheila Sara Smith
       Thomas Joseph Gates, Jr.
       Shanita Gages on Behalf of E.D.G., Minor**

On September 29, 2011, Plaintiff provided Fact Sheet Deficiency Answers for Plaintiffs Marsheila Sara Smith, Thomas Joseph Gates, Jr. and Shanita Gates as Next Friend of E.D.G.  These Plaintiffs lived together in two different trailers.  Plaintiffs Fact Sheet Deficiency Answers provided move-in and move-out dates for the first and second trailers however they did not specify that that the Sun Valley trailer was the first trailer and the Gulf Stream was the second trailer.  This lack of specification was an oversight and not intentional.  Recognizing the ambiguity, contemporaneous with this filing Plaintiffs are submitting Supplemental  Answers for Marsheila Sara Smith, Exhibit D, Thomas Joseph Gates, Jr., Exhibit E, and Shanita Gages as Next Friend of E.D.G., Exhibit F, which specify the move-in and move-out dates for the Sun Valley and Cavalier (Gulf Stream) trailers by name as opposed to just identifying them as first and second trailer.

Defendant also complains about the answers regarding addresses for the trailers are not uniform.  All the September 2011 Deficiency Answers for these Plaintiffs set for TV Tower Road as the address for one or more of the trailers.  This was indeed the address of the Sun Valley trailer, but it was not specified as the Sun Valley trailer.  It was described as the address for either as "Trailer 1" or the just as the "FEMA home".  Recognizing the ambiguity Plaintiffs are providing Supplemental Answers which specify the addresses for both the Gulf Stream and Sun Valley trailers by name for each Plaintiff as opposed to identifying them as addresses for "FEMA home" or "trailer 1" and "trailer

2".[2]   Not specifying the address by name of was an oversight and not intentional.

Defendant also complains that in response to the question on smoking history of other residents, the Plaintiffs answered, "I do not recall". Plaintiffs have supplemented these answers to provide more detail on smoking history.  Exhibits, D, E, and F.  With regard to a certification, counsel has sent a certification page to Plaintiff Marsheila Sara Smith, but has not heard back from Plaintiff.  See Affidavit of Nicole Porter, Watts Hilliard Case Coordinator, Exhibit G. The same is true for Thomas Joseph Gates, Jr., Exhibit H, and Shanita Gates on Behalf of E.D.G., Exhibit I.  However, Defendant is not prejudiced by the lack of these certifications, as Defendant has all the essential information on these clients to evaluate these claims.

### D. Shanita Gates Individually

In her Fact Sheet Deficiency Answers submitted on September 29, 2011, Plaintiff Shanita Gates provided move-in and move-out dates for her stay in the Sun Valley trailer, because that is what Defendant was asking for.  Plaintiff admits that she did indeed live in Gulf Stream trailer, but her fact sheet deficiency answers regarding her stay in a trailer supplied in September 2011, were specific to her residence in a Sun Valley trailer.  The September Deficiency Answers set forth her move in move out dates for her Sun Valley trailer which is identified as a "FEMA home".  To clarify any ambiguity, and correct any misunderstanding, contemporaneous with this filing Plaintiff is providing Supplemental Answers to clarify, that the "FEMA home", she was referring to her in her September 2011 answers was her Sun Valley travel trailer and further setting forth the date for her move in and move out from the Cavalier (Gulf Stream) trailer.  Exhibit J.

---

[2] In various pleadings, Defendant notes that one of the trailers has been identified by Plaintiffs as a Forest River trailer. However, after the trailer was matched by the government, the trailer previously identified as a Forest River trailer was identified as a Sun Valley trailer.

5

Defendant likewise complains about the installation address Plaintiff provided. To be clear, when Plaintiff supplied her Deficiency Answers in September, 2011, she gave the installation address for her Sun Valley trailer, which is TV Tower Road in Kinder, Louisiana.  That was identified as the address for Plaintiff's "FEMA home'.  To clarify any confusion, yet remaining on the part of the Defendant, Plaintiff's Supplemental Answers being supplied contemporaneous with this filing set forth the addresses for the Sun Valley trailer and the Gulf Stream trailer by name as opposed to references like the address for the "FEMA home".  Exhibit J.

Defendant also complains that in response to the question on smoking history of other residents, the Plaintiff has now supplemented that answer. Exhibit J.  With regard to a certification, Plaintiff has sent a certification page to Plaintiff Shanita Gates.  See Affidavit of Nicole Porter, Watts Hilliard Case Coordinator, Exhibit K. Plaintiff would note however, that Defendant is not prejudiced by this lack of certification, as Defendant has all the essential information on this client to evaluate this claim.

### E.     Albert Leroy Bowers, Jr.
         Lisa Annette Bowers
         Betty Thomas

Defendant acknowledges the deficiencies for Albert Leroy Bowers, Jr., Lisa Annette Bowers and Betty Thomas were cured. Defendant's only complaint is that the Deficiency Answers for these Plaintiffs were not certified.  In the same breath, however, Defendant notes that not all the Deficiency Answers for these Plaintiffs were required to be certified.  In this regard, counsel would show that certification pages were sent to Plaintiffs Albert Leroy Bowers, Jr., on September 23, 2011 and counsel received them back on October 14, 2011.  See Affidavit of Watts Hilliard Case Coordinator, Nicole

Porter, Exhibit L.  The certification for Albert Bowers is attached hereto as Exhibit M. Defendant is not prejudiced by the lateness of this certification as Defendant has all the essential information to evaluate this claim.

A certification page was sent to Plaintiff Lisa Annette Bowers on September 23, 2011 and counsel received it back on October 14, 2011.  See Affidavit of Watts Hilliard Case Coordinator, Nicole Porter, Exhibit N.  The certification for Lisa Annette Bowers is attached hereto as Exhibit O.  Defendant is not prejudiced by the lateness of this certification as Defendant has all the essential information to evaluate this claim.

With regard to Betty Thomas, counsel sent her a certification page for signature on September 23rd. See Affidavit of Watts Hilliard Case Coordinator, Nicole Porter, Exhibit P. However, unknown to counsel, the client had moved and the certification page did not reach her.  Exhibit P.  Another certification page was sent to Betty Thomas and counsel expects it to receive it shortly.  Exhibit P.

## II.    LAW AND ARGUMENT

Defendant alternately claims that it is "significantly prejudiced" in their evaluation of settlement claims and does not have "sufficient information to evaluate these plaintiffs' claims".  Rec. Doc. 23035-1, p. 14. These contentions are without merit. Based upon the deficiency answers and the supplemental answers Defendant has sufficient information to evaluate these claims with or without the certifications. Further the pool of claims against Sun Valley is sufficiently large, such that the inclusion of these Plaintiffs' claims cannot be said significantly alter the litigation landscape or settlement picture.  Such assertions of being "significantly prejudiced" and lack of "sufficient information" are mere boilerplate.

7

Defendant claims that dismissal is appropriate. However, dismissal "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice". *Wren v. American Cast Iron Pipe* 575 F.2d. 544, 546 (5th Cir. 1992). The interests of justice would not be served by dismissing these cases. Furthermore, there is no clear record of delay but a clear record of supplementation and dutiful attempts by counsel to provide the correct information and to clear up any errors or ambiguities once they were called to counsel's attention. For these reasons, dismissal is not justified under the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs Laurnette Bolton, Quanela Marie Smith, Marsheila Sara Smith, Thomas Joseph Gates, Jr., Shanita Gates Individually and as Next Friend of E. D. G, Albert LeRoy Bowers, Jr., Lisa Annette Bowers, and Betty Thomas pray that Defendant's Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2, 32 and 88 Relating to Plaintiff Fact Sheets in all things be denied.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

8

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 25th day of October, 2011.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**

9