UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Sandy Barnes v. Jayco, Inc.* | * | |
| Docket No. 09-7887 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Mary Allison, obo Marvin Hamilton | * | |
| Tiffany Johnson, obo Roger King | * | |
| Lorry Gilmore, obo Tyree Washington | * | |
| Jenio Thomas, obo Jeina Thomas | * | |
| Shawntel Walker | * | |
| Shawntel Walker, obo Shawn Walker | * | |
| Athena Walstrum | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco"), Bechtel National, Inc. and Fluor Enterprises, Inc., moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Mary Allison, on behalf of Marvin Hamilton (Plaintiff in *Barnes,* C.A. 09-7887)

- Tiffany Johnson, on behalf of Roger King (Plaintiff in *Barnes,* C.A. 09-7887)

- Lorry Gilmore, on behalf of Tyree Washington (Plaintiff in *Barnes,* C.A. 09-7887)

- Jenio Thomas, on behalf of Jeina Thomas (Plaintiff in *Barnes,* C.A. 09-7887)

- Shawntel Walker (Plaintiff in *Barnes,* C.A. 09-7887)

1

- Shawntel Walker, on behalf of Shawn Walker (Plaintiff in *Barnes,* C.A. 09-7887)
- Athena Walstrum (Plaintiff in *Barnes,* C.A. 09-7887)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Mary Allison, on behalf of Marvin Hamilton**

Marvin Hamilton's Plaintiff Fact Sheet is undated. (*See* Plaintiff Fact Sheet of Marvin Hamilton, attached as Exhibit "A"). Marvin Hamilton's fact sheet only provided his name, address, telephone number, representation information, FEMA identification, move in/move out dates and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet is blank. (*See* id). Preceding the receipt of the Plaintiff Fact Sheet, Jayco was forwarded an Amendment to the

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

Plaintiff Fact Sheet for the abovementioned plaintiff by Plaintiff Counsel. Upon receipt of the fact sheet and amendment, counsel for Jayco reviewed all information provided by the plaintiff. Despite being referred to as an Amendment to the Plaintiff Fact Sheet, the plaintiff's amendment simply reproduced information from the Plaintiff Fact Sheet such as the plaintiff's FEMA identification and the signed, but undated certification page. (*See* Amendment to the Plaintiff Fact Sheet of Marvin Hamilton, attached as Exhibit "B"). Therefore, the Plaintiff Fact Sheet of Marvin Hamilton, coupled with the provided supplemental information, was deemed deficient by Jayco. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Marvin Hamilton's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "C"). The plaintiff's deficiencies were also included in a subsequent Rule 37 letter on June 20, 2011. (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Marvin Hamilton has only answered 5 of the required 23 key questions. Therefore, Marvin Hamilton's fact sheet remains incomplete.

**Tiffany Johnson, on behalf of Roger King**

Roger King's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Roger King, attached as Exhibit "E"). Roger King's fact sheet provided his name, address, telephone number, representation information, completed checklist of formaldehyde related illnesses along with diagnosed illnesses, treatment received for his formaldehyde related injury, date of birth, smoking history, FEMA identification and installation address of the trailer. Otherwise, the Plaintiff Fact Sheet leaves numerous questions unanswered. (*See* id). Preceding

the receipt of the Plaintiff Fact Sheet, Jayco was forwarded an Amendment to the Plaintiff Fact Sheet for the abovementioned plaintiff by Plaintiff Counsel.  Upon receipt of the fact sheet and amendment, counsel for Jayco reviewed all information provided by the plaintiff.  Despite being referred to as an Amendment to the Plaintiff Fact Sheet, the plaintiff's amendment simply reproduced information from the Plaintiff Fact Sheet such as the plaintiff's FEMA identification and the unsigned, undated certification page. (*See* Amendment to the Plaintiff Fact Sheet of Roger King, attached as Exhibit "F"). Therefore, the Plaintiff Fact Sheet of Roger King, coupled with the provided supplemental information, was deemed deficient by Jayco.  In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Roger King's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "C").  The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.  To date, Roger King has only answered 9 of the required 23 key questions. Therefore, Roger King's fact sheet remains incomplete.

**Lorry Gilmore, on behalf of Tyree Washington**

Tyree Washington's Plaintiff Fact Sheet is unsigned and undated. (*See* Plaintiff Fact Sheet of Tyree Washington, attached as Exhibit "G").  Tyree Washington's fact sheet only provided his name, address, telephone number, representation information, date of birth, smoking history, FEMA identification, VIN and installation address of the trailer.  Otherwise, the Plaintiff Fact Sheet is blank. (*See* id).  Preceding the receipt of the Plaintiff Fact Sheet, Jayco was forwarded an Amendment to the Plaintiff Fact Sheet for the abovementioned plaintiff by Plaintiff Counsel.  Upon receipt of the fact sheet and amendment, counsel for Jayco reviewed all

5

information provided by the plaintiff.  Despite being referred to as an Amendment to the Plaintiff Fact Sheet, the plaintiff's amendment simply reproduced information from the Plaintiff Fact Sheet such as the plaintiff's FEMA identification and the unsigned, undated certification page. (*See* Amendment to the Plaintiff Fact Sheet of Tyree Washington, attached as Exhibit "H"). Therefore, the Plaintiff Fact Sheet of Tyree Washington, coupled with the provided supplemental information, was deemed deficient by Jayco.  In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Tyree Washington's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "C").  The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.  To date, Tyree Washington has only answered 7 of the required 23 key questions. Therefore, Tyree Washington's fact sheet remains incomplete.

### Jenio Thomas, on behalf of Jeina Thomas

Jeina Thomas' Plaintiff Fact Sheet is undated. (*See* Plaintiff Fact Sheet of Jeina Thomas, attached as Exhibit "I").  Jeina Thomas' fact sheet only provided her name, address, telephone number, representation information, date of birth, FEMA identification and installation address of the trailer.  Otherwise, the Plaintiff Fact Sheet is blank. (*See* id).  Preceding the receipt of the Plaintiff Fact Sheet, Jayco was forwarded an Amendment to the Plaintiff Fact Sheet for the abovementioned plaintiff by Plaintiff Counsel.  Upon receipt of the fact sheet and amendment, counsel for Jayco reviewed all information provided by the plaintiff.  Despite being referred to as an Amendment to the Plaintiff Fact Sheet, the plaintiff's amendment simply reproduced information from the Plaintiff Fact Sheet such as the plaintiff's FEMA identification and the

signed, but undated certification page. (*See* Amendment to the Plaintiff Fact Sheet of Jeina Thomas, attached as Exhibit "J"). Therefore, the Plaintiff Fact Sheet of Jeina Thomas, coupled with the provided supplemental information, was deemed deficient by Jayco. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Jeina Thomas' fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "C"). The plaintiff's deficiencies were also included in a subsequent Rule 37 letter on June 20, 2011. (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Jeina Thomas has only answered 5 of the required 23 key questions. Therefore, Jeina Thomas' fact sheet remains incomplete.

**Shawntel Walker**

Shawntel Walker's fact sheet only provided her name, address, telephone number, representation information, date of birth, FEMA identification, move in/move out dates and installation address of the trailer. (*See* Plaintiff Fact Sheet of Shawntel Walker, attached as Exhibit "K"). Otherwise, the Plaintiff Fact Sheet is blank. (*See* id). Preceding the receipt of the Plaintiff Fact Sheet, Jayco was forwarded an Amendment to the Plaintiff Fact Sheet for the abovementioned plaintiff by Plaintiff Counsel. Upon receipt of the fact sheet and amendment, counsel for Jayco reviewed all information provided by the plaintiff. Despite being referred to as an Amendment to the Plaintiff Fact Sheet, the plaintiff's amendment simply reproduced information from the Plaintiff Fact Sheet such as the plaintiff's FEMA identification and the certification page. (*See* Amendment to the Plaintiff Fact Sheet of Shawntel Walker, attached as

Exhibit "L"). Therefore, the Plaintiff Fact Sheet of Shawntel Walker, coupled with the provided supplemental information, was deemed deficient by Jayco. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Shawntel Walker's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "C"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Shawntel Walker has only answered 7 of the required 23 key questions. Therefore, Shawntel Walker's fact sheet remains incomplete.

**Shawntel Walker, on behalf of Shawn Walker**

Shawn Walker's fact sheet only provided their name, address, telephone number, representation information, date of birth, FEMA identification, move in/move out dates and installation address of the trailer. (*See* Plaintiff Fact Sheet of Shawn Walker, attached as Exhibit "M"). Otherwise, the Plaintiff Fact Sheet is blank. (*See* id). Preceding the receipt of the Plaintiff Fact Sheet, Jayco was forwarded an Amendment to the Plaintiff Fact Sheet for the abovementioned plaintiff by Plaintiff Counsel. Upon receipt of the fact sheet and amendment, counsel for Jayco reviewed all information provided by the plaintiff. Despite being referred to as an Amendment to the Plaintiff Fact Sheet, the plaintiff's amendment simply reproduced information from the Plaintiff Fact Sheet such as the plaintiff's FEMA identification and the certification page. (*See* Amendment to the Plaintiff Fact Sheet of Shawn Walker, attached as Exhibit "N"). Therefore, the Plaintiff Fact Sheet of Shawn Walker, coupled with the provided supplemental information, was deemed deficient by Jayco. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and

outlined all deficiencies of Shawn Walker's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "C"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Shawn Walker has only answered 7 of the required 23 key questions. Therefore, Shawn Walker's fact sheet remains incomplete.

**Athena Walstrum**

Athena Walstrum's fact sheet only provided her name, address, telephone number, representation information and date of birth. (*See* Plaintiff Fact Sheet of Athena Walstrum, attached as Exhibit "O"). Otherwise, the Plaintiff Fact Sheet is blank. (*See* id). Preceding the receipt of the Plaintiff Fact Sheet, Jayco was forwarded an Amendment to the Plaintiff Fact Sheet for the abovementioned plaintiff by Plaintiff Counsel. Upon receipt of the fact sheet and amendment, counsel for Jayco reviewed all information provided by the plaintiff. The plaintiff's amendment reproduced the certification page, but provided the additional information of the FEMA identification. (*See* Amendment to the Plaintiff Fact Sheet of Athena Walstrum, attached as Exhibit "P"). Therefore, the Plaintiff Fact Sheet of Athena Walstrum, coupled with the provided supplemental information, was deemed deficient by Jayco. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Athena Walstrum's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "C"). The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Athena Walstrum has only answered 4 of the required 23 key questions. Therefore, Athena Walstrum's

fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Mary Allison on behalf of Marvin Hamilton, Tiffany Johnson on behalf of Roger King, Lorry Gilmore on behalf of Tyree Washington, Jenio Thomas on behalf of Jeina Thomas, Shawntel Walker, Shawntel Walker on behalf of Shawn Walker and Athena Walstrum  be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By: s/*Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas 77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**

**FRILOT L.L.C.**

By: s/*John J. Hainkel*
JOHN J. HAINKEL, III – La. Bar No. 18246
A.J. KROUSE – La. Bar No. 14426
PETER R. TAFARO – La. Bar No. 28776
3600 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone : (504) 599-8000
Facsimile: (504) 599-8100

**Attorneys for Bechtel National, Inc.**

11

**MIDDLEBERG, RIDDLE & GIANNA**

By:   s/*Charles R. Penot, Jr.*
      Charles R. Penot, Jr. (LA Bar No. 1530 &
      TX Bar No. 24062455)
      717 North Harwood, Suite 2400
      Dallas, Texas 75201
      (214) 220-6334 – Telephone
      (214) 220-6807 – Facsimile

      -and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

      -and-

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 26th day of October, 2011.

       s/*Thomas L. Cougill*
      THOMAS L. COUGILL