IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION ) ) ) | MDL NO.: 1873 |
| This Document Relates to: ) | SECTION: N (5) |
| *Hendrix v. Lakeside Park Homes, Inc.* ) Docket No. 09-8654 ) | JUDGE: ENGELHARDT |
| Plaintiffs: Janet Bracy ) Bernadine Bray ) | MAG.: CHASEZ |
|    Sierra Bright, ) | |
|    George Butler, Jr. ) | |
|    Lydia C. Hunter ) | |
|    Ablioncia Lindsey ) | |
|    Demetria Winchester, minor, by Lydia Hunter ) ) | |
| *Bowman v. Fleetwood* ) Docket No. 09-8643 ) Plaintiff: Edward J. Vaughn ) ) | |
| *Serpas v. Keystone RV Company* ) Docket No. 09-8696 ) Plaintiffs: Camilla A. Smothers )    Charles G. Smothers ) ) | |
| *Williams v. Skyline Corporation* ) Docket No. 09-8649 ) Plaintiffs: Edward Scott )    Portia M. Williams ) ) | |
| *Quezergue v. Jayco, Inc.* ) Docket No. 09-8640 ) Plaintiff: Leo J. Quezergue ) ) | |
| *Barbarin v. Forest River, Inc.* ) Docket No. 09-8699 ) Plaintiffs: Janet Bracy )    Bernadine Bray )    Sierra Bright )    Lydia C. Hunter )    Ablioncia Lindsey )    Demetria Winchester, minor, by Lydia Hunter ) | |

## AMENDED MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2, 32 AND 88 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Defendant, C. Martin Company, Inc. ("C. Martin"), moves this Honorable Court for an Order dismissing the claims of the following Plaintiffs, with prejudice, for failure to comply with the terms of the Court's Pre-Trial Orders Nos. 2, 32 and 88 relating to the production of Plaintiff Fact Sheets. The Plaintiffs are:

- Janet Bracy (plaintiff in *Hendrix v. Lakeside Park Homes, Inc., et al.*, 09-CV-08654)

- Bernadine Brady (plaintiff in *Hendrix v. Lakeside Park Homes, Inc., et al.*, 09-CV-08654)

- Sierra Bright (plaintiff in *Hendrix v. Lakeside Park Homes, Inc., et al.*, 09-CV-08654)

- Lydia C. Hunter (plaintiff in *Hendrix v. Lakeside Park Homes, Inc., et al.*, 09-CV-08654)

- Ablioncia Lindsey (plaintiff in *Hendrix v. Lakeside Park Homes, Inc., et al.*, 09-CV-08654)

- Demetria Winchester, minor, by Lydia Hunter (plaintiff in *Hendrix v. Lakeside Park Homes, Inc., et al.*, 09-CV-08654)

- Edward J. Vaughn (plaintiff in *Bowman v. Fleetwood, et al.*, 09-CV-08643)

- Camilla A. Smothers (plaintiff in *Serpas v. Keystone RV Company, et al.*, 09-CV-08696)

- Charles G. Smothers (plaintiff in *Serpas v. Keystone RV Company, et al.*, 09-CV-08696)

- Edward Scott (plaintiff in *Williams v. Skyline Corporation, et al.*, 09-CV-08649)

- Portia M. Williams (plaintiff in *Williams v. Skyline Corporation, et al.*, 09-CV-08649)

- Leo J. Quezergue (plaintiff in *Quezergue v. Jayco, Inc. a/k/a Bottom Line RV, et al.*, 09-CV-08640)

- Janet Bracy (plaintiff in *Barbarin v. Forest River, Inc., et al.*, 09-CV-08699)

- Bernadine Brady (plaintiff in *Barbarin v. Forest River, Inc., et al.*, 09-CV-08699)

- Sierra Bright (plaintiff in *Barbarin v. Forest River, Inc., et al.*, 09-CV-08699)

- Lydia C. Hunter (plaintiff in *Barbarin v. Forest River, Inc., et al.*, 09-CV-08699)

- Ablioncia Lindsey (plaintiff in *Barbarin v. Forest River, Inc., et al.*, 09-CV-08699)

- Demetria Winchester, minor, by Lydia Hunter (plaintiff in *Barbarin v. Forest River, Inc., et al.*, 09-CV-08699)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" ("PFS"), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" any deficiencies in these Fact Sheets when a particular plaintiff failed to provide one or

3

more response in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel or the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issues of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the sheets. Order 32 also retained the same curing procedure as was set forth in Order No. 2.

Then, on June 24, 2011 (as amended on July 1, 2011), the Court amended Pre-Trial Orders Nos. 2 and 32 with Pre-Trial Order No. 88 as to the issues of these Fact Sheets. Rec. Doc. Nos. 22124 and 22153. At that time, the process was amended to ensure that the PFS's provided private defendants with the necessary information to evaluate claims for global settlement. Order No. 88 also retained the same curing procedure as was set forth in Order Nos. 2 and 32, the time period for curing deficiencies was amended to allow a 60-day limit to cure the specific deficiencies listed in Pre-Trial Order No. 88, with the notation that "while only the 23 key questions are to be cured at this time within the 60-day limit, plaintiffs are encouraged to cure all deficiencies." Rec. Doc. No. 22153 at 2.

## II. LAW AND ARGUMENT

Here, C. Martin respectfully submits that the Plaintiffs identified above failed to comply with these Orders and, therefore, this Court should dismiss their claims. Rule 41(b) of the

4

Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the Court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-43 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

Plaintiffs filed the following matters:

- *Hendrix v. Lakeside Park Homes, Inc.*, on December 30, 2009 (plaintiffs: Janet Bracy, Bernadine Bray, Sierra Bright, Lydia C. Hunter, Ablioncia Lindsey, and Demetria Winchester, minor, by Lydia Hunter);

- *Bowman v. Fleetwood*, on December 30, 2009 (plaintiff: Edward J. Vaughn);

- *Serpas v. Keystone RV Company*, on December 30, 2009 (plaintiffs: Camilla A. Smothers, Charles G. Smothers);

- *Williams v. Skyline Corporation*, on December 30, 2009 (plaintiffs: Edward Scott, Portia M. Williams);

- *Quezergue v. Jayco, Inc.*, on December 30, 2009 (plaintiff: Leo J. Quezergue);

- *Barbarin v. Forest River, Inc.*, on December 30, 2009 (plaintiffs: Janet Bracy, Bernadine Bray, Sierra Bright, Lydia C. Hunter, Ablioncia Lindsey, and Demetria Winchester, minor, by Lydia Hunter);

Defendant, C. Martin, sent an email correspondence to Plaintiffs' counsel on June 8, 2011, requesting the PFS's for all Plaintiffs who had named C. Martin as a Defendant maintenance company in the matter herein. *See*, email correspondence to Counsel for Plaintiffs, dated June 8, 2011, attached hereto as Exhibit A. On or about June 9, 2011, Plaintiffs' counsel responded to this request, providing a CD-ROM including certain PFS's and advising that no PFS's had been obtained for, among others, plaintiffs, Leo Quezergue, Portia Williams, Bernadine Bray or Edward Scott. *See*, correspondence to Counsel for Defendant, dated June 9, 2011, attached hereto as Exhibit B.

After review of the provided PFS's, the undersigned sent another correspondence to counsel for Plaintiffs advising that the PFS's for the above-mentioned plaintiffs were missing and that the PFS's for the other plaintiffs were deficient in accordance with Pre-Trial Orders Numbers 2, 32, and 88. *See*, correspondence to Counsel for Plaintiffs, dated June 30, 2011, attached hereto as Exhibit C. Counsel for plaintiff has failed and/or refused to respond to the undersigned's letter of June 30, 2011, as to the above Plaintiffs.

On October 6, 2011, Defendant, C. Martin Company filed its Motion to Dismiss the Complaints of the above Plaintiffs, among others, based upon their failure to provide full and complete responses to their Plaintiff Fact Sheets as required by Pre-Trial Orders Nos. 2, 32, and 88. *See*, Rec. Doc. No. 23065. Since that time, the above-named Plaintiffs have provided updated PFS's in this matter. However, it is respectfully submitted that said PFS's are still deficient as follows:

6

### Ablinocia Lindsey

1. Did not provide a smoking history for other trailer resident(s) in VI.D;
2. When asked whether there is a future medical claim in III.C.2, she listed her illness as "exposure to formaldehyde" which is neither an illness nor a diagnosis and which provides no true information to the Defendants herein;
3. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88);
4. Did not produce the records claimed to be in her possession in VIII.A, C and D; and
5. The PFS and medical authorizations were signed by Lydia C. Hunter, mother of Ablinocia Lindsey, while Ms. Lindsey is not a minor and there is no evidence of any lack of faculty or death, making the attached authorizations useless to Defendants.

### Demetria Winchester

1. Did not provide a smoking history for other trailer resident(s) in VI.D;
2. When asked whether there is a future medical claim in III.C.2, she listed her illness as "exposure to formaldehyde" which is neither an illness nor a diagnosis and which provides no true information to the Defendants herein;
3. Did not state whether there are any diagnosed illnesses in III.C.3; and
4. Did not produce the records claimed to be in her possession in VIII.C.

### Sierra Bright

1. When asked whether there is a future medical claim in III.C.2, she listed her illness as "exposure to formaldehyde" which is neither an illness nor a diagnosis and which provides no true information to the Defendants herein;
2. Did not state whether there are any diagnosed illnesses in III.C.3;
3. Did not provide a smoking history for other trailer resident(s) in VI.D;
4. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88);
5. Did not produce the records claimed to be in her possession in VIII.C ; and
6. The PFS and medical authorizations were signed by Lydia C. Hunter, mother of Sierra Bright, while Ms. Bright is not a minor and there is no evidence of any lack of faculty or death, making the attached authorizations useless to Defendants.

### Janet Bracy

1. Did not state whether there are any diagnosed illnesses in III.C.3;
2. Did not provide a smoking history of other trailer resident(s) in VI.D; and
3. Did not produce the records claimed to be in her possession in VIII.B.

7

**Lydia Hunter**

1. When asked whether there is a future medical claim in III.C.2, she listed her illness as "exposure to formaldehyde" which is neither an illness nor a diagnosis and which provides no true information to the Defendants herein;
2. Did not state whether there are any diagnosed illnesses in III.C.3;
3. Did not provide a smoking history of other trailer resident(s) in VI.D;
4. Did not provide information regarding treatment for alleged formaldehyde related injury in VII.B (incorrectly noted as VIII.B in Pretrial Order No. 88); and
5. Did not produce the records claimed to be in her possession in VIII.C.

Based upon the above, and despite the amended PFS's, it is clear that these Plaintiffs are still materially deficient in their responses and have failed to comply with Pre-Trial Orders Nos. 2, 32, and 88 and, therefore, this Court should dismiss their claims. Plaintiffs have had almost four months to provide full and complete responses to the PFS's as required by this Court, but have still failed to do so at this time.

As C. Martin Company prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this litigation, it must be able to obtain information about those who make allegations against them. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. Further, the PFS is the only way permitted by this Court at this time to obtain that information as all other discovery has been stayed. Without full and complete PFS's, C. Martin Company is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendant by dismissing the claims of these plaintiffs. Thus, Defendant, C. Martin Company, respectfully moves for an Order dismissing these Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Defendant C. Martin Company, prays that, in accordance with Pre-Trial orders Nos. 2, 32 and 88, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by C. Martin Company be granted, and that

these plaintiffs, Leo Quezergue, Bernadine Bray, Edward Scott, Janet Bracy, Sierra Bright, Lydia C. Hunter, Ablioncia Lindsey, Demetria Winchester, minor, by Lydia Hunter, Edward J. Vaughn, Camilla A. Smothers, Charles G. Smothers, and Portia M. Williams, be dismissed with prejudice.

Respectfully submitted,

**PROVOSTY & GANKENDORFF, L.L.C.**

By:   /s/ Edgar D. Gankendorff
Edgar D. Gankendorff
Louisiana Bar No.: 20550
Henry S. Provosty
Louisiana Bar No. 2056
Lena D. Giangrosso
Louisiana Bar No. 31464
650 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
(504) 410-2795 • (504) 410-2796 Fax

*Attorneys for C. Martin Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have emailed a copy of this filing to any non-CM/ECF participants on this the 26th day of October, 2011.

/s/ Edgar D. Gankendorff
Edgar D. Gankendorff