# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER          *          MDL NO. 1873
       FORMALDEHYDE PRODUCTS   *
       LIABILITY LITIGATION       *          SECTION "N-5"
                              *
THIS DOCUMENT RELATES TO:    *          JUDGE ENGELHARDT
*Roland Ayo v. Jayco, Inc.*          *
Docket No. 09-4721           *          MAG. JUDGE CHASEZ
Plaintiffs: Kedra Bienemy, obo    *
         Davinque Bienemy;       *
       Kedra Bienemy, obo Kevlin Bienemy;*
       Margaret Eustis; and       *
       Rodney Hills.          *
*******************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco"), CH2M Hill Constructors, Inc. and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Kendra Bienemy, on behalf of Davinque Bienemy (Plaintiff in *Ayo,* C.A. 09-4721)

- Kendra Bienemy, on behalf of Kevlin Bienemy (Plaintiff in *Ayo,* C.A. 09-4721)

- Margaret Eustis (Plaintiff in *Ayo,* C.A. 09-4721)

- Rodney Hills (Plaintiff in *Ayo,* C.A. 09-4721)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Kedra Bienemy, on behalf of Davinque Bienemy

*Roland Ayo v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Davinque Bienemy (*See* Plaintiff Fact Sheet of Davinque Bienemy, attached as Exhibit "A"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 9, 2010 and outlined all deficiencies of Davinque Bienemy's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, April 9, 2010, attached as Exhibit "B").

Responding to Jayco's Rule 37 letter, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Davinque Bienemy. (*See* Plaintiff Fact Sheet Deficiency Answers for

---

[1]     *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2]     Rec. Doc. No. 22153.

Davinque Bienemy, attached as Exhibit "C").  The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Jayco, it simply answered each question with "will supplement" or "I do not recall".  As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff.  (*See* Id.).  Therefore, the Plaintiff Fact Sheet of Davinque Bienemy, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "A" & "C")

Over a year has lapsed and plaintiff has not cured the fact sheet deficiencies.  Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.  To date, Davinque Bienemy has only answered 12 of the required 23 key questions.

**Kedra Bienemy, on behalf of Kevlin Bienemy**

*Roland Ayo v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Kevlin Bienemy (*See* Plaintiff Fact Sheet of Kevlin Bienemy, attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Jayco

4

reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 9, 2010 and outlined all deficiencies of Kevlin Bienemy's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, April 9, 2010, attached as Exhibit "B").

Responding to Jayco's Rule 37 letter, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Kevlin Bienemy. (*See* Plaintiff Fact Sheet Deficiency Answers for Kevlin Bienemy, attached as Exhibit "E"). The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Jayco, it simply answered each question with "will supplement" or "I do not recall". As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff. (*See* Id.). Therefore, the Plaintiff Fact Sheet of Kevlin Bienemy, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "D" & "E")

Over a year has lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards

to the plaintiff.  To date, Kevlin Bienemy has only answered 13 of the required 23 key questions.

**Margaret Eustis**

*Roland Ayo v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Margaret Eustis (*See* Plaintiff Fact Sheet of Margaret Eustis, attached as Exhibit "F").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 7, 2010 and outlined all deficiencies of Margaret Eustis' fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, April 7, 2010, attached as Exhibit "G").

Responding to Jayco's Rule 37 letter, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Margaret Eustis. (*See* Plaintiff Fact Sheet Deficiency Answers for Margaret Eustis, attached as Exhibit "H").  The plaintiff's Amendment, however, did not cure all of the deficiencies indicated by Jayco. Indeed, questions that the plaintiff should have been able to be clarify, such as move-in and move-out dates were given responses of "I do not recall" and most other responses were "will supplement".  As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff.  (*See* Id.).  Therefore, the Plaintiff Fact Sheet of Margaret Eustis, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Produce Records | VIII (A-D) |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "F" & "H")

Over a year has lapsed and plaintiff has not cured the fact sheet deficiencies.  Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.  To date, Margaret Eustis has only answered 15 of the required 23 key questions.

**Rodney Hills**

*Roland Ayo v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Rodney Hills (*See* Plaintiff Fact Sheet of Rodney Hills, attached as Exhibit "I").   Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 9, 2010 and outlined all deficiencies of Rodney Hills' fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, April 9, 2010, attached as Exhibit "B").

Responding to Jayco's Rule 37 letter, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Rodney Hills. (*See* Plaintiff Fact Sheet Deficiency Answers for Rodney Hills, attached as Exhibit "J").  The plaintiff's Amendment, did not cure any of the deficiencies indicated by Jayco, it simply answered each question with "will supplement".  Indeed, questions that the plaintiff should have been able to clarify, such as weight and height, were given the standard response of "will supplement".  The Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff.  (*See* Id.).  Therefore, the Plaintiff Fact Sheet of Rodney Hills, coupled with the

provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "I" & "J")

Over a year has lapsed and plaintiff has not cured the fact sheet deficiencies. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Rodney Hills has only answered 11 of the required 23 key questions. Therefore, Rodney Hills' fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

8

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Kedra Bienemy on behalf of Davinque Bienemy and Kevlin Bienemy, Margaret Eustis and Rodney Hills, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   _s/Thomas L. Cougill_
  THOMAS L. COUGILL
  Texas State Bar No. 04877300
  Louisiana State Bar No. 31112
  R. MARK WILLINGHAM
  Texas State Bar No. 21641500
  JEFFREY P. FULTZ
  Texas State Bar No. 00790728
  Mississippi Bar No. 101058
  Niels Esperson Building
  808 Travis Street, Suite 1608
  Houston, Texas  77002
  (713) 333-7600 – Telephone
  (713) 333-7601 – Facsimile

  **Attorneys for Jayco, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
      ROY C. CHEATWOOD (La. Bar No. 4010)
      GERARDO R. BARRIOS (La. Bar No. 21223)
      M. DAVID KURTZ (La. Bar No. 23821)
      KAREN KALER WHITFIELD (La. Bar No. 19350)
      WADE M. BASS (La. Bar No. 29081)
      No. 3 Sanctuary Boulevard, Suite 201
      Mandeville, La 70471
      (985) 819-8400 – Telephone
      (985) 819-8484 – Facsimile
      rcheatwood@bakerdonelson.com
      gbarrios@bakerdonelson.com
      dkurtz@bakerdonelson.com
      kwhitfield@bakerdonelson.com
      wbass@bakerdonelson.com

      **Attorneys for CH2M Hill Constructors, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By:   s/*Charles R. Penot, Jr.*
      Charles R. Penot, Jr. (La. Bar No. 1530 & Tx. Bar No. 24062455)
      717 North Harwood, Suite 2400
      Dallas, Texas 75201
      (214) 220-6334 – Telephone
      (214) 220-6807 – Facsimile

        *-and-*

      Dominic J. Gianna, La. Bar No. 6063
      Sarah A. Lowman, La. Bar No. 18311
      201 St. Charles Avenue, Suite 3100
      New Orleans, Louisiana 70170
      (504) 525-7200 – Telephone
      (504) 581-5983 – Facsimile

        *-and-*

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 26th day of October, 2011.

   s/Thomas L. Cougill
   THOMAS L. COUGILL