

## WILLINGHAM, FULTZ & COUGILL LLP
TEXAS   LOUISIANA   MISSISSIPPI
### ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill                                                            *TomC@Willingham-law.com*
Partner

April 7, 2010

Mr. Mikal Watts                                              *Via Email and Regular U.S. Mail*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

     Re:   In Re:  FEMA Trailer Formaldehyde
             Products Liability Litigation
             MDL No. 1873, Section "N" (4)
             Cause No. 08-5031; Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.

Dear Mr. Watts:

     Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently provided by your office.  We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

     Thank you for your cooperation and assistance in this matter.   If you have any questions or comments, please do not hesitate to contact me.

                               Very truly yours,

                               **WILLINGHAM, FULTZ & COUGILL LLP**

                               *Thomas L. Cougill*

                               Thomas L. Cougill

cc:   Jerry Meunier (*via email*)
        Andrew Weinstock (*via email*)
        Henry Miller (*via email*)

**EXHIBIT G**

## JAYCO, INC.

### LAURIE SAUCIER

1. In response to the attachment entitled "Trailer 1," the plaintiff did not include the FEMA Bar Code number. Additionally, the move-in/move-out dates on "Trailer 1" are inconsistent with the occupancy dates provided in response to Section V (E).

2. The authorizations for release of medical and other records are dated.

### STEVEN SAUCIER

1. Plaintiff failed to respond to Section IX (C) or (D).

2. The attached Authorization for Release of Medical Records, and the Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) were not properly completed.

### PAUL SCHMITZ

1. The plaintiff failed to include a response to Section III (C) (8) and his response to subpart (9) was incomplete.

2. The plaintiff failed to include any information on employment history in response to Section IV (F).

3. The plaintiff failed to provide a complete response to Section VI (C) regarding current/and or past smoking history. Plaintiff failed to respond to Section VI (F) (3) regarding history of stomach/bowel disease.

4. The attached Authorization for Release of Medical Records was not properly completed and was dated; the Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) was also dated.

### ZOIE SCHMITZ

1. Plaintiff did not include a response to Section IX (C) or (D).

2. The attached Authorization for Release of Medical Records was not properly completed and was dated. Additionally, the Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) was dated.

**JANET SCIANNA**

1. The plaintiff failed to include any information on employment history in response to Section IV (E) regarding education history.

2. The attached Authorization for Release of Medical Records, the Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA were not properly completed (failed to include relationship to Plaintiff).

3. The plaintiff's representative failed to properly complete the Privacy Act Release.

**LUKE SCIANNA, SR.**

1. The plaintiff failed to include a complete response to Section III (C) (9).

2. The Privacy Act Release was not complete.

**RUDOLTH SCIPIO**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education, subsection (F) regarding employment history, (F)(3) regarding assertion of a claim for lost wages/lost earning capacity, and subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1," including the FEMA Bar Code number. The plaintiff also identified the manufacturer as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever resided in a Gulf Stream trailer.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

3

10. The Certification attached to Plaintiff's Fact Sheet was not completed.

11. The plaintiff failed to complete any of the attached authorizations for release of medical and other records.

12. The Privacy Act Release was not completed.

### BRANDON SCOTT

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history is not complete and there was no response to (F)(3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1," including the FEMA Bar Code number.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. The attached authorizations for release of medical and other records were either incomplete (not signed) or were dated.

### LOUIS ANCALADE

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history is not complete and there was no response to (F)(3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3.  The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.  The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1," including the FEMA Bar Code number.

5.  The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.  The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.  The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.  The plaintiff failed to respond to Section VII (D).

9.  The plaintiff failed to respond to Section IX (A) through (F).

10. The plaintiff failed to complete the attached Certification.

11. The attached authorizations for release of medical and other records were either incomplete (not signed) or were dated.

### MONETTE ANCALADE

1.  The plaintiff failed to include a response to Section III (C) (8) or (9).

2.  The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was not complete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.  The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.  The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1."

5.  The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.  The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.  The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8.  The plaintiff failed to respond to Section VII (D).

9.  The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the attached Certification.

11. The attached authorizations for release of medical and other records were not completed.

### ROLAND AYO, JR.

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2. The plaintiff failed to respond to Section IX (A) through (F).

3. The attached Authorization for Release of Medical Records is dated.

4. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (failed to initial in the appropriate space).

5. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### CRYSTAL BATISTE

1. In response to Section V, the plaintiff provided manufacturer, VIN and Bar Code numbers for two separate trailers. However, on the attachment entitled "Trailer 1," no separate move-in/move-out date information was provided for each trailer and the manufacturer name (Gulf Stream) was different than those provided in response to Section V.

2. The plaintiff failed to respond to Section IX (C) or (D).

3. The attached authorizations for release of medical and other records are dated, and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not complete (no social security number).

### HELAIN BATISTE

1. In response to Section V, the plaintiff provided manufacturer, VIN and Bar Code numbers for two separate trailers. However, on the attachment entitled "Trailer 1," no separate move-in/move-out date information was provided for each trailer and the manufacturer name (Gulf Stream) was different than those provided in response to Section V.

2. The plaintiff failed to respond to Section IX (A) through (F).

3. The attached authorizations for release of medical and other records are dated, and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not complete (no social security number).

4.   The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### THELMA BATISTE

1.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.   In response to Section V, the plaintiff provided manufacturer, VIN and Bar Code numbers for two separate trailers. However, on the attachment entitled "Trailer 1," no separate move-in/move-out date information was provided for each trailer and the manufacturer name (Gulf Stream) was different than those provided in response to Section V.

3.   The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not complete (no social security number).

4.   The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### CRYSTAL E. DAUGHTRY

1.   The plaintiff failed to include a response to Section III (C) (9).

2.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not complete.

3.   The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." The plaintiff also identified the manufacturer as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever resided in a Gulf Stream trailer.

4.   The plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.   The plaintiff's response to Section VI (C) regarding current smoking history was not complete.

6.   The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

7.   Plaintiff failed to date the signed Certification.

8.   The attached Authorization for Release of Medical Records and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA are incomplete.

9.   The attached Privacy Act Release was not completed.

**DEREK J. DAUGHTRY**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (F) regarding employment history (address and job title) and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the move-in/move-out dates are not consistent with those provided in response to Section V (E).

4. The plaintiff failed to respond to Section VII (D).

5. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

6. The plaintiff failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA


**MARGARET EUSTIS**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not complete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1," including but not limited to manufacturer name and move-in/move-out dates.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the attached Certification.

8

11. The attached authorizations for release of medical and other records were not completed. The Privacy Act Release was not completed.

### **JARED FISHER**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was not complete (no additional information on "grad student") and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. The attached authorizations for release of medical and other records were not complete or were dated.

### **JENNIFER FISHER**

1. The plaintiff failed to respond to Section VII (D).

2. The plaintiff failed to respond to Section IX (A) through (F).

3. The plaintiff failed to date the signed Certification.

4. Plaintiff failed to complete any of the attached authorizations for release of medical and other records.

5. The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### ETHAN GREMILLION

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, in response to Section V the plaintiff identified two separate travel trailers, but does not provide any separate information regarding the Jayco travel trailer on the attachment "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. The plaintiff failed to complete the Certification attached to Plaintiff's Fact Sheet.

11. The attached authorizations for release of medical and other records were not completed. The Privacy Act Release was not completed.

### JOHN GUNTHER

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the manufacturer on "Trailer 1" was identified as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. The plaintiff failed to complete the Certification attached to Plaintiff's Fact Sheet.

11. The attached authorizations for release of medical and other records were not completed. The Privacy Act Release was not completed.

### ASHLEY HAMILTON

1. The plaintiff failed to provide a response to Section IX (A).

2. The plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

### DEBRA HARLEY

1. The plaintiff failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

2. Plaintiff failed to complete the Privacy Act Release.

### LAVERNE PINKNEY

1. The plaintiff failed to include a complete response to Section III (C) (8), omitting when she underwent treatment.

2. The plaintiff failed to respond to Section IV (*sic*) (B) entitled "Family Information" and concerning wrongful death claims.

3. In response to Section V, the plaintiff provided manufacturer, VIN and Bar Code numbers for two separate trailers. However, on the attachment entitled "Trailer 1," no separate move-in/move-out date information was provided for each trailer and only the manufacturer name (Cavalier) for one trailer was provided.

11

4.  The plaintiff failed to provide a complete response to Section VI (C) regarding current smoking.

5.  Plaintiff failed to attach a signed Authorization for Release of Medical Records.

6.  The attached Authorization for Release of Records (to be signed by plaintiffs not making a claim for lost wages or lost earning capacity) was incomplete.

7.  The attached Authorization for Release of Psychological/Psychiatric Records was not complete.

8.  No signed Privacy Act Release was attached.

**TORRI PINKNEY**

1.  In response to Section V, the plaintiff provided manufacturer, VIN and Bar Code numbers for two separate trailers. However, on the attachment entitled "Trailer 1," no separate move-in/move-out date information was provided for each trailer and only the manufacturer name (Cavalier) for one trailer was provided.

2.  Plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

3.  Plaintiff failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

4.  The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

**VIOLET PINKNEY**

1.  The plaintiff failed to include a complete response to Section III (C) (8), failing to describe the condition treated, when she was treated and medications prescribed, if any.

2.  In response to Section V, the plaintiff provided manufacturer, VIN and Bar Code numbers for two separate trailers. However, on the attachment entitled "Trailer 1," no separate move-in/move-out date information was provided for each trailer and only the manufacturer name (Cavalier) for one trailer was provided.

3.  The plaintiff failed to respond to Section VI (F) (2) regarding history of infectious disease.

4.  Plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

5.  Plaintiff failed to complete the applicable authorizations for release of medical and other records, including the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

6. Plaintiff failed to complete the attached Privacy Act Release.

### SYLVIA M. PREVOST

1. The plaintiff failed to include a complete response to Section III (C) (9), omitting the amount of the claim.

2. Plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

### HANNAH A. RANDLE

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2. The plaintiff failed to provide the FEMA Bar Code number on the attachment entitled "Trailer 1."

3. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

4. The plaintiff failed to respond to Section VII (D).

5. Plaintiff's representative failed to date the signed Certification attached to Plaintiff's Fact Sheet.

6. Plaintiff's representative failed to complete the applicable authorizations for release of medical and other records (failed to include last four digits of social security number). Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not properly initialed.

### JANET J. RANDLE

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.

2. The plaintiff failed to provide the FEMA Bar Code number on the attachment entitled "Trailer 1." Additionally, the move-out date provided is inconsistent with the occupancy/move-out date provided in response to Section V (E).

3. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

4. The plaintiff failed to respond to Section VII (D).

5. Plaintiff's representative failed to complete the applicable authorizations for release of medical and other records (failed to include last four digits of social security number). Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not properly initialed.

**COEY JAVON ROBERTSON**

1. The plaintiff failed to include a response to Section III (C) (8).

2. In response to Section V, the plaintiff provided manufacturer, VIN and Bar Code numbers for two separate trailers. However, on the attachment entitled "Trailer 1," no separate move-in/move-out date information was provided for each trailer and only the manufacturer name, VIN and Bar Code for one trailer (Gulf Stream) was provided.

3. Plaintiff failed to provide a complete response to Section VI (C) regarding current smoking.

4. The plaintiff failed to attach any of the signed authorizations for release of medical and other records.

**ABRIANA SLOAN**

1. The plaintiff failed to include a complete response to Section III (C) (8).

2. Plaintiff failed to provide a response to Section IV (E) regarding education.

3. The plaintiff failed to provide the FEMA Bar Code number on the attachment entitled "Trailer 1."

4. The plaintiff failed to respond to Section IX (F).

5. Plaintiff's representative failed to date the signed Certification attached to Plaintiff's Fact Sheet.

6. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ALVIN SLOAN, JR.**

1. The plaintiff failed to include a complete response to Section IV (F) regarding employment history.

2. In response to the attachment "Trailer 1," the plaintiff failed to provide a response to the questions regarding temporarily living in another location and days worked per week outside of the home. Plaintiff also failed to provide a response regarding fumigation of the trailer and repairs to the trailer.

3. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

4. In response to Section IX (B), the plaintiff failed to provide any address or date information for the medical providers identified.

5. The plaintiff failed to fully complete the attached Privacy Act Release.

### BEVERLY SLOAN

1. The plaintiff failed to include a complete response to Section III (C) (9).

2. The plaintiff's response to Section IV (F) regarding current employment is unclear, the employer name "OPSB" is unknown and there is no address or job title provided.

3. In response to Section IX (B), the plaintiff failed to provide any address or date information for the medical providers identified.

4. The plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

5. Plaintiff failed to complete the attached Privacy Act Release.

### JIMMY SORINA, JR.

1. The plaintiff failed to include a complete response to Section III (C) (9).

2. In response to Section V, the plaintiff provided a VIN that appears to match a Jayco, Inc. travel trailer. However, on the attachments entitled "Trailer 1" and "Trailer 2," the plaintiff identified the manufacturer of the units he lived in as "Cavalier" and "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer.

3. Plaintiff failed to provide a response to Section IX (C).

4. Plaintiff failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.