UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Charlotte Bell v. Starcraft RV, Inc.* | * | |
| Docket No. 09-6931 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Julia Benoit | * | |
| Kevin Benoit | * | |
| Jonathan Blakeney | * | |
| Szchonia Bonner | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft") and Bechtel National, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Julia Benoit (Plaintiff in *Bell,* C.A. 09-6931)

- Kevin Benoit (Plaintiff in *Bell,* C.A. 09-6931)

- Jonathan Blakeney (Plaintiff in *Bell,* C.A. 09-6931)

- Szchonia Bonner (Plaintiff in *Bell,* C.A. 09-6931)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered.  Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Julia Benoit

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Julia Benoit (*See* Plaintiff Fact Sheet of Julia Benoit, attached as Exhibit "A").  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of Julia Benoit's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "B").

Critical questions to the plaintiff's claim, such as the clarification of specific trailer information regarding each trailer identified, were provided with partial answers creating

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

ambiguity as to which trailer the plaintiff intended to expound upon. Other important questions, such as how many cigarettes and/or packs are smoked a day, considering the plaintiff indicated she is a current smoker, were left unexecuted. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "A")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Julia Benoit has only answered 10 of the required 23 key questions. Therefore, Julia Benoit's fact sheet remains incomplete.

**Kevin Benoit**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Kevin Benoit (*See* Plaintiff Fact Sheet of Kevin Benoit, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for

4

Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of Kevin Benoit's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "B").

Critical questions to the plaintiff's claim, such as the clarification of specific trailer information regarding each trailer identified, were provided with partial answers creating ambiguity as to which trailer the plaintiff intended to expound upon. Other important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "C")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date,

5

Kevin Benoit has only answered 11 of the required 23 key questions. Therefore, Kevin Benoit's fact sheet remains incomplete.

**Jonathan Blakeney**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Jonathan Blakeney (*See* Plaintiff Fact Sheet of Jonathan Blakeney, attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of Jonathan Blakeney's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "B").

Critical questions to the plaintiff's claim, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Other important questions, such as how many cigarettes and/or packs were smoked a day, considering the plaintiff indicated he is a former smoker, were left unexecuted.   Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "D")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Jonathan Blakeney has only answered 13 of the required 23 key questions. Therefore, Jonathan Blakeney's fact sheet remains incomplete.

**Szchonia Bonner**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Szchonia Bonner (*See* Plaintiff Fact Sheet of Szchonia Bonner, attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of Szchonia Bonner's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "B").

Critical questions to the plaintiff's claim, such as the clarification of specific trailer information regarding each trailer identified, were provided with partial answers creating ambiguity as to which trailer the plaintiff intended to expound upon. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |

7

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "E")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Szchonia Bonner has only answered 12 of the required 23 key questions. Therefore, Szchonia Bonner's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the

8

plaintiffs, Julia Benoit, Kevin Benoit, Jonathan Blakeney and Szchonia Bonner, be dismissed with prejudice.

        Respectfully submitted,
        **WILLINGHAM, FULTZ & COUGILL LLP**

By:  s/*Thomas L. Cougill*
      THOMAS L. COUGILL
      Texas State Bar No. 04877300
      Louisiana State Bar No. 31112
      R. MARK WILLINGHAM
      Texas State Bar No. 21641500
      JEFFREY P. FULTZ
      Texas State Bar No. 00790728
      Mississippi Bar No. 101058
      Niels Esperson Building
      808 Travis Street, Suite 1608
      Houston, Texas 77002
      (713) 333-7600 – Telephone
      (713) 333-7601 – Facsimile

      **Attorneys for Starcraft RV, Inc.**

**FRILOT L.L.C.**

By:  s/*John J. Hainkel*
      JOHN J. HAINKEL, III – La. Bar No. 18246
      A.J. KROUSE – La. Bar No. 14426
      PETER R. TAFARO – La. Bar No. 28776
      3600 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone : (504) 599-8000
      Facsimile: (504) 599-8100

      **Attorneys for Bechtel National, Inc.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 26th day of October, 2011.

                                                s/Thomas L. Cougill
                                                THOMAS L. COUGILL