**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | **MDL NO. 1873** |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | **SECTION "N-5"** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | **JUDGE ENGELHARDT** |
| *Susan Baugh v. Jayco, Inc.* | * | |
| Docket No. 09-6964 | * | **MAG. JUDGE CHASEZ** |
| Plaintiffs: Michael Jackson | * | |
| Tiffany Johnson, as next friend of | * | |
| Wayne Champagne | * | |
| Andrea Merrow | * | |
| John Montgomery | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR**
**FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32**
**RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco") and Bechtel National, Inc., move this Honorable Court for an Order

dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the

terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Michael Jackson (Plaintiff in *Baugh,* C.A. 09-6964)

- Tiffany Johnson, as next friend of Wayne Champagne (Plaintiff in *Baugh,* C.A.
  09-6964)

- Andrea Merrow (Plaintiff in *Baugh,* C.A. 09-6964)

- John Montgomery (Plaintiff in *Baugh,* C.A. 09-6964)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

**II. LAW AND ARGUMENT**

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered.  Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Michael Jackson

*Susan Baugh v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Michael Jackson (*See* Plaintiff Fact Sheet of Michael Jackson, attached as Exhibit "A").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 7, 2010 and outlined all deficiencies of Michael Jackson's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, April 7, 2010, attached as Exhibit "B").

Complying with Jayco's 30 day period to cure the deficiencies, Plaintiff Counsel requested an extension for additional time to provide cured responses.  Jayco promptly granted

---

[1]  *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2]  Rec. Doc. No. 22153.

the extension.  (*See* correspondence from Christina Wanies at Willingham, Fultz & Cougill, counsel for Jayco to Kendra Saxvik at Watts Hilliard Law Firm, counsel for Plaintiff, May 7, 2010, attached as Exhibit "C").   Following Jayco's grant of additional time to cure the deficiencies, Plaintiff Counsel requested two additional extensions based on the April 7th Rule 37 letter.  (*See* correspondence from Sherrie Mosley at Willingham, Fultz & Cougill, counsel for Jayco to Michael Hoffstadt at Watts Hilliard Law Firm, counsel for Plaintiff, June 10, 2010  *and* correspondence from Hal Roach at Willingham, Fultz & Cougill to Michael Hoffstadt at Watts Hilliard Law Firm, July 6, 2010, attached as Exhibit "D").   Again, Jayco promptly replied to each request and awaited the cured responses.  (*See* Id.).

Ultimately, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Michael Jackson on August 19, 2010. (*See* Plaintiff Fact Sheet Deficiency Answers for Michael Jackson, attached as Exhibit "E").  The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Jayco, it simply answered each question with "will supplement" or "I do not recall".   Indeed, questions that the plaintiff should have been able to clarify, such as weight and height, were given the standard response of "will supplement".   As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff.  (*See* Id.).  Therefore, the Plaintiff Fact Sheet of Michael Jackson, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "A" & "E")

Plaintiff Counsel was provided three extensions by Jayco to cure the fact sheet deficiencies, over a year has lapsed and the fact sheet remains incomplete.  Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.  To date, Michael Jackson has only answered 15 of the required 23 key questions.

**Tiffany Johnson, as next friend of Wayne Champagne**

*Susan Baugh v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Wayne Champagne (*See* Plaintiff Fact Sheet of Wayne Champagne, attached as Exhibit "F").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 9, 2010 and outlined all deficiencies of Wayne Champagne's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, April 9, 2010, attached as Exhibit "G").

Complying with Jayco's 30 day period to cure the deficiencies, Plaintiff Counsel requested an extension for additional time to provide cured responses.  Jayco promptly granted the extension.  (*See* correspondence from Christina Wanies at Willingham, Fultz & Cougill, counsel for Jayco to Kendra Saxvik at Watts Hilliard Law Firm, counsel for Plaintiff, May 7, 2010, attached as Exhibit "C").  Following Jayco's grant of additional time to cure the deficiencies, Plaintiff Counsel requested two additional extensions based on the April 9th Rule 37 letter.  (*See* correspondence from Sherrie Mosley at Willingham, Fultz & Cougill, counsel for

Jayco to Michael Hoffstadt at Watts Hilliard Law Firm, counsel for Plaintiff, June 10, 2010 *and* correspondence from Hal Roach at Willingham, Fultz & Cougill to Michael Hoffstadt at Watts Hilliard Law Firm, July 6, 2010, attached as Exhibit "D").  Again, Jayco promptly replied to each request and awaited the cured responses.  (*See* Id.).

Ultimately, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Wayne Champagne on August 19, 2010. (*See* Plaintiff Fact Sheet Deficiency Answers for Wayne Champagne, attached as Exhibit "H").  The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Jayco, it simply answered each question with "will supplement" or "I do not recall".  Indeed, questions that the plaintiff should have been able to clarify, such as weight and height, were given the standard response of "will supplement".  As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff.  (*See* Id.).  Therefore, the Plaintiff Fact Sheet of Wayne Champagne, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "F" & "H")

Plaintiff Counsel was provided three extensions by Jayco to cure the fact sheet deficiencies, over a year has lapsed and the fact sheet remains incomplete. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, Wayne Champagne has only answered 14 of the required 23 key questions.

**Andrea Merrow**

*Susan Baugh v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Andrea Merrow (*See* Plaintiff Fact Sheet of Andrea Merrow, attached as Exhibit "I"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 9, 2010 and outlined all deficiencies of Andrea Merrow's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, April 9, 2010, attached as Exhibit "G").

Complying with Jayco's 30 day period to cure the deficiencies, Plaintiff Counsel requested an extension for additional time to provide cured responses. Jayco promptly granted the extension. (*See* correspondence from Christina Wanies at Willingham, Fultz & Cougill, counsel for Jayco to Kendra Saxvik at Watts Hilliard Law Firm, counsel for Plaintiff, May 7, 2010, attached as Exhibit "C"). Following Jayco's grant of additional time to cure the deficiencies, Plaintiff Counsel requested two additional extensions based on the April 9th Rule 37 letter. (*See* correspondence from Sherrie Mosley at Willingham, Fultz & Cougill, counsel for Jayco to Michael Hoffstadt at Watts Hilliard Law Firm, counsel for Plaintiff, June 10, 2010 *and* correspondence from Hal Roach at Willingham, Fultz & Cougill to Michael Hoffstadt at Watts Hilliard Law Firm, July 6, 2010, attached as Exhibit "D"). Again, Jayco promptly replied to each request and awaited the cured responses. (*See* Id.).

Ultimately, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Andrea Merrow on August 19, 2010. (*See* Plaintiff Fact Sheet Deficiency Answers for Andrea Merrow, attached as Exhibit "J").  The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Jayco, it answered every question with "will supplement".  Indeed, questions that the plaintiff should have been able to clarify, such as weight and height, were given the standard response of "will supplement".  As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff.  (*See* Id.).  Therefore, the Plaintiff Fact Sheet of Andrea Merrow, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "I" & "J")

Plaintiff Counsel was provided three extensions by Jayco to cure the fact sheet deficiencies, over a year has lapsed and the fact sheet remains incomplete.  Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.  To date, Andrea Merrow has only answered 14 of the required 23 key questions.

**John Montgomery**

*Susan Baugh v. Jayco, Inc.* was filed July 31, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of John Montgomery (*See* Plaintiff Fact Sheet of John Montgomery, attached as Exhibit "K").   Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 9, 2010 and outlined all deficiencies of John Montgomery's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, April 9, 2010, attached as Exhibit "G").

Complying with Jayco's 30 day period to cure the deficiencies, Plaintiff Counsel requested an extension for additional time to provide cured responses.  Jayco promptly granted the extension.  (*See* correspondence from Christina Wanies at Willingham, Fultz & Cougill, counsel for Jayco to Kendra Saxvik at Watts Hilliard Law Firm, counsel for Plaintiff, May 7, 2010, attached as Exhibit "C").   Following Jayco's grant of additional time to cure the deficiencies, Plaintiff Counsel requested two additional extensions based on the April 9th Rule 37 letter.  (*See* correspondence from Sherrie Mosley at Willingham, Fultz & Cougill, counsel for Jayco to Michael Hoffstadt at Watts Hilliard Law Firm, counsel for Plaintiff, June 10, 2010  *and* correspondence from Hal Roach at Willingham, Fultz & Cougill to Michael Hoffstadt at Watts Hilliard Law Firm, July 6, 2010, attached as Exhibit "D").   Again, Jayco promptly replied to each request and awaited the cured responses.  (*See* Id.).

Ultimately, Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of John Montgomery on August 19, 2010. (*See* Plaintiff Fact Sheet Deficiency Answers for John Montgomery, attached as Exhibit "L").   The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Jayco, it simply answered each question with "will supplement"

or "I do not recall". Indeed, questions that the plaintiff should have been able to clarify, such as weight and height, were given the standard response of "will supplement". As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff. (*See* Id.). Therefore, the Plaintiff Fact Sheet of John Montgomery, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "K" & "L")

Plaintiff Counsel was provided three extensions by Jayco to cure the fact sheet deficiencies, over a year has lapsed and the fact sheet remains incomplete. Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff. To date, John Montgomery has only answered 15 of the required 23 key questions.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants

are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Michael Jackson, Tiffany Johnson as next friend of Wayne Champagne, Andrea Merrow and John Montgomery, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   *s/Thomas L. Cougill*
      THOMAS L. COUGILL
      Texas State Bar No. 04877300
      Louisiana State Bar No. 31112
      R. MARK WILLINGHAM
      Texas State Bar No. 21641500
      JEFFREY P. FULTZ
      Texas State Bar No. 00790728
      Mississippi Bar No. 101058
      Niels Esperson Building
      808 Travis Street, Suite 1608
      Houston, Texas  77002
      (713) 333-7600 – Telephone
      (713) 333-7601 – Facsimile

      **Attorneys for Jayco, Inc.**

**FRILOT L.L.C.**

By:   s/*John J. Hainkel*_____
        JOHN J. HAINKEL, III – La. Bar No. 18246
        A.J. KROUSE – La. Bar No. 14426
        PETER R. TAFARO – La. Bar No. 28776
        3600 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone : (504) 599-8000
        Facsimile: (504) 599-8100

        **Attorneys for Bechtel National, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 31st day of October, 2011.

          s/*Thomas L. Cougill*_____
        THOMAS L. COUGILL