

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill  *TomC@Willingham-law.com*
Partner

April 9, 2010

Mr. Mikal Watts  *Via Email and Regular U.S. Mail*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

    Re:    In Re: FEMA Trailer Formaldehyde
            Products Liability Litigation
            MDL No. 1873, Section "N" (4)
            Cause No. 08-5031; Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.

Dear Mr. Watts:

    Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently provided by your office. We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

    Thank you for your cooperation and assistance in this matter. If you have any questions or comments, please do not hesitate to contact me.

                                Very truly yours,

                                **WILLINGHAM, FULTZ & COUGILL LLP**

                                *Thomas L. Cougill*

                                Thomas L. Cougill

cc:    Jerry Meunier (*via email*)
       Andrew Weinstock (*via email*)
       Henry Miller (*via email*)

**EXHIBIT G**

# JAYCO, INC.

### MICHAEL THEODORE

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the manufacturer on "Trailer 1" was identified as "Cavalier." Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Cavalier trailer.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. The attached authorizations for release of medical and other records were dated and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

### AUGUST WILLIAMS

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding current employment history was not completed.

2. Plaintiff failed to include the FEMA Bar Code number on the attachment entitled "Trailer 1."

3. The plaintiff failed to respond to Section IX (A) through (F).

4. The attached authorizations for release of medical and other records were dated and were

not complete; the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

### DEBORAH WILLIAMS

1. The plaintiff failed to include a complete response to Section III (C) (9).

2. Plaintiff failed to include a response to Section IX (A) or (C).

3. The attached authorizations for release of medical and other records were dated and were not complete; the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

4. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### LARRY WILLIAMS, JR.

1. In response to Section V, the plaintiff identified two trailers, Jayco and Gulf Stream. However, on the attachments entitled "Trailer 1" the plaintiff identified the manufacturer of the unit he lived in as "Cavalier." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer. Additionally, the move-in/move-out dates provided on "Trailer 1" are inconsistent with the dates of occupancy provided in response to Section V.

2. Plaintiff's representative failed to date the signed Certification attached to Plaintiff's Fact Sheet.

3. The attached authorizations for release of medical and other records were dated and were not complete; the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

4. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### ARTHUR SMOOTH

1. The plaintiff failed to include a complete response to Section III (C) (8), omitting the date(s) of treatment and what medications were prescribed or recommended, if any.

2. The plaintiff failed to include a response to Section IV (E) regarding education.

3. On the attachment entitled "Trailer 1," the manufacturer was identified as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Cavalier trailer.

4. Plaintiff failed to include a response to Section IX (A), (B), (C) and (D), and failed to

3

        provide a location/address for the pharmacy identified in subsection (F).

5. The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

6. The Privacy Act Release was incomplete.

### JESSICA MACK

1. The plaintiff failed to include a complete response to Section IV (E) regarding education.

2. On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the units he lived in as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer. Additionally, Plaintiff omitted the FEMA Bar Code number and the move-in/move-out dates were not consistent with the dates of occupancy provided in response to Section V.

3. Plaintiff did not respond to Section VI (F) (3) and (4).

4. Plaintiff did not respond to Section IX (D).

5. The plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

6. The Privacy Act Release was incomplete.

### JOSEPH MACK, III

1. The plaintiff failed to include a complete response to Section IV (F) regarding current and past employment.

2. On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the units he lived in as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer. Additionally, Plaintiff omitted the FEMA Bar Code number and the move-in/move-out dates were not consistent with the dates of occupancy provided in response to Section V.

3. Plaintiff did not complete his response to Section VI (C) regarding current smoking.

4. Plaintiff did not respond to Section IX (D).

5. The plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

6. The Privacy Act Release was incomplete.

### JOYCE MACK

1. The plaintiff failed to include a complete response to Section IV (E) regarding education.

2. On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the units he lived in as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer. Additionally, Plaintiff omitted the FEMA Bar Code number and the move-in/move-out dates were not consistent with the dates of occupancy provided in response to Section V.

3. Plaintiff did not respond to Section IX (C) or (D).

4. The plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

5. The Privacy Act Release was incomplete.

### DREW MALLEY

1. The plaintiff failed to include a complete response to Section IV (F) regarding current employment (reported as "student," but no school name or address provided).

2. Plaintiff failed to respond to Section IX (A), (B) and (E).

3. Plaintiff failed to complete the Certification attached to Plaintiff's Fact Sheet.

### KYLE MALLEY

1. On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the units he lived in as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer.

2. In response to Section VI (F) (4), the plaintiff reported a history of skin disease but failed to provide a date of the illness.

### KYRISSA MALLEY

1. On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the units he lived in as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer.

### MARTIN CERECCO

1. Plaintiff's representative failed to provide her representative capacity in response to Section III (A) (6) – (8).

2. On the attachment entitled "Trailer 1," and in response to Section V, the plaintiff provided a move-out date of "01/01/09." However, she indicates on "Trailer 1" that plaintiff still resides in the trailer.

3. On all of the attached authorizations for release of records, the plaintiff's representative provides the minor's plaintiff's last name as "Lareco." Defendant seeks clarification on the last name of the minor plaintiff.

### THOMAS MAYNE, SR.

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (E) regarding education, Subsection (F) regarding employment history, and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to provide the FEMA Bar Code number on the attachment entitled "Trailer 1."

5. The plaintiff failed to respond to Section VI (F).

6. The plaintiff failed to respond to Section VII (D).

7. The plaintiff failed to respond to Section IX (C), (D) and (F).

8. The attached authorizations for release of medical and other records were dated.

### SHIRLEY MEEKS

1. The plaintiff failed to include a complete response to Section IV (F) regarding employment history.

2. The plaintiff failed to provide the FEMA Bar Code number on the attachment entitled "Trailer 1."

3. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

4. The Privacy Act Release is incomplete.

6

### **ANDREA MERROW**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the FEMA Bar Code number was not provided.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### **CHEVY MILLER**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff respond "all above" to Section IV (*sic*) (A) regarding the medical condition of family members.

3. On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the unit he lived in as "Cavalier." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Jayco travel trailer. Additionally, Plaintiff omitted the FEMA Bar Code number and the move-in/move-out dates were not consistent with the dates of occupancy provided in response to Section V.

4. The plaintiff failed to respond to Section VI (F) (1).

7

5.  The plaintiff failed to respond to Section VII (D).

6.  The plaintiff failed to respond to Section IX (C) and (D)

7.  The Authorization for Release of Medical Records was not completed correctly and was dated.  The Authorization for Release of Psychological/Psychiatric Records was also dated.  The attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) was incomplete.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

8.  The plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### ROBERT MILLINER

1.  The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.

2.  The plaintiff failed to respond to Section V (E) regarding trailer occupants.

3.  The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

4.  Plaintiff failed to attach a signed Authorization for Release of Medical Records.

5.  The Authorization for Release of Psychological/Psychiatric Records was also dated.  The attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) is dated.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

### PATRICIA MINGO

1.  The plaintiff failed to include a response to Section III (C) (8).

2.  On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the unit she lived in as "Gulf Stream."  Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Gulf Stream travel trailer.  Additionally, Plaintiff omitted the FEMA Bar Code number.

3.  Plaintiff failed to include a response to Section IX (A).

4.  The response to Section IX (C) identifying a medical provider as "MS swgexy Code" is illegible.  The reason for admission is also illegible.

5.  Plaintiff failed to date the signed Certification.

8

6. Plaintiff failed to attach signed authorizations for release of medical and other records and failed to attach a signed Privacy Act Release.

### BARBARA MITCHELL

1. In response to Section V the plaintiff identified a Gulf Stream unit and an "organic" unit with a VIN that appears to match a Jayco, Inc. unit. In responses to the attachments "Trailer 1" and "Trailer 2," the plaintiff indicates she lived in two separate units; however, it is not clear from her response when she lived in a unit manufactured by Jayco as Jayco is not identified as a manufacturer or by VIN.

2. The plaintiff failed to respond to Section IX (A), (B), (C) and (D).

3. Plaintiff failed to date the signed Certification.

### BINGLEY MITCHELL

1. The response to Section IV (F) regarding current and past employment history was not complete, as dates and employer address information were omitted.

2. In response to Section V the plaintiff identified a Gulf Stream unit and an "organic" unit with a VIN that appears to match a Jayco, Inc. unit. In responses to the attachments "Trailer 1" and "Trailer 2," the plaintiff indicates she lived in two separate units; however, it is not clear from her response when she lived in a unit manufactured by Jayco as Jayco is not identified as a manufacturer or by VIN.

3. The plaintiff failed to respond to Section IX (A) through (F).

4. Plaintiff failed to date the signed Certification.

### BERNICE MONTGOMERY

1. On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer of the unit she lived in as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the plaintiff ever lived in a Gulf Stream travel trailer.

2. The plaintiff failed to respond to Section IX (C) and (D).

3. Plaintiff failed to date the signed Certification.

### JOHN MONTGOMERY

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

9

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the manufacturer was identified as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the Plaintiff resided in a Gulf Stream travel trailer.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.


**KANIESHA MONTGOMERY**

1. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the manufacturer was identified as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the Plaintiff resided in a Gulf Stream travel trailer.

2. The plaintiff failed to respond to Section IX (C) or (D).


**OLA MORAN**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the manufacturer was identified as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the Plaintiff resided in a Gulf Stream travel trailer.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight and did not complete the response to (C) pertaining to past smoking history.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

**SANDRA MORAN**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1." Additionally, the manufacturer was identified as "Gulf Stream." Defendant, Jayco, seeks clarification of whether or not the Plaintiff resided in a Gulf Stream travel trailer.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight and did not complete the response to (C) pertaining to past smoking history.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

11

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### WAYNE B. CHAMPAGNE

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Additionally, there was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1," including the move-in/move-out dates.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### DAVID CHESTER

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment

12

        history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. In response to Section V, the plaintiff identified two units, Jayco, Inc. and R-Vision; however, on the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer and failed to respond to numerous questions.  Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight and did not fully respond to subsection (C) regarding current smoking.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### JEREMY CHESTER

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. In response to Section V, the plaintiff identified two units, Jayco, Inc. and R-Vision; however, on the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer and failed to respond to numerous questions.  Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

**JONATHAN CHESTER**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. In response to Section V, the plaintiff identified two units, Jayco, Inc. and R-Vision; however, on the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer and failed to respond to numerous questions. Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

14

12.     The Privacy Act Release was not completed.

### POLLY CHESTER

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      In response to Section V, the plaintiff identified two units, Jayco, Inc. and R-Vision; however, on the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer and failed to respond to numerous questions. Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10.     Plaintiff failed to complete the Certification.

11.     The attached authorizations for release of medical and other records were not completed.

12.     The Privacy Act Release was not completed.

### ELIAS CLAUSELL

1.      In response to Section VI (F) (1) through (4) the plaintiff failed to include the dates of the claimed illnesses.

2.      Plaintiff failed to date the attached Certification.

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

15

4.   The plaintiff's representative failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### **AMY CLAY**

1.   On the attachment entitled "Trailer 1" the plaintiff identified "Dutchman" as the manufacturer and failed to provide the FEMA Bar Code number. On the attachment "Trailer 2," the plaintiff provided different move-in/move-out dates, but no manufacturer or VIN information. Defendant seeks clarification of whether or not the plaintiff resided in two separate trailers.

2.   Plaintiff did not provide a response to Section VI (F) (3).

3.   The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

4.   The plaintiff's representative failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### **JAMES COLE**

1.   Plaintiff failed to complete the applicable questions in Section III (A) regarding representative capacity.

2.   The plaintiff failed to include a response to Section III (C) (8) or (9).

3.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

4.   The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5.   The plaintiff failed to respond to Section VI (F) and (G) including subparts.

6.   The plaintiff failed to respond to Section VII (D).

7.   The plaintiff failed to respond to Section IX (C) and (D).

8.   Plaintiff's representative failed to date the attached Certification.

9.   The attached authorizations for release of medical and other records were not complete as the social security number information was omitted.