

# WILLINGHAM, FULTZ & COUGILL LLP

TEXAS        LOUISIANA        MISSISSIPPI

## ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill                                                                    *TomC@Willingham-law.com*
Partner

April 7, 2010

Mr. Mikal Watts                                              *Via Email and Regular U.S. Mail*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

Re:     In Re:  FEMA Trailer Formaldehyde
           Products Liability Litigation
           MDL No. 1873, Section "N" (4)
           Cause No. 08-5031; Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.

Dear Mr. Watts:

Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently provided by your office.  We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

Thank you for your cooperation and assistance in this matter.   If you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

**WILLINGHAM, FULTZ & COUGILL LLP**

*Thomas L. Cougill*

Thomas L. Cougill

cc:     Jerry Meunier (*via email*)
          Andrew Weinstock (*via email*)
          Henry Miller (*via email*)

**EXHIBIT B**

# JAYCO, INC.

## GRADY JACKSON

1.    The plaintiff failed to include his employer name and address in response to Section IV (F) (2).

2.    In response to the section entitled "Trailer 1," the plaintiff failed to include the FEMA Bar Code number and identified the manufacturer as "Gulf Stream."  Defendant, Jayco, seeks clarification as to whether or not the plaintiff resided in a Gulf Stream trailer.

3.    The plaintiff failed to date the signed Certification attached to Plaintiff's Fact Sheet.

4.    The plaintiff failed to complete the attached Authorization for Release of Medical Records, or the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

5.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## MICHAEL JACKSON

1.    The plaintiff failed to include a response to Section III (C) (8) or (9).

2.    The plaintiff failed to include a response to Section IV (A) (E) and (F) regarding dates of residence, educational background and employment history.  The plaintiff also failed to provide a response to Section IV (F) (3) on whether or not he is pursuing a lost wage/lost earning capacity claim.  The plaintiff also failed to respond to Section IV (G).

3.    The plaintiff failed to include a response to Section IV (*sic*) (A) and (B) entitled "Family Information.

4.    The plaintiff failed to include responses to multiple questions on the attachment entitled "Trailer 1," including the FEMA Bar Code number and move-in/move-out dates.

5.    The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and failed to provide a complete response to Section VI (C) regarding smoking history.

6.    The plaintiff failed to respond to Section VI (F) and (G) including subparts.

7.    The plaintiff failed to respond to Section VII (D).

8.    The plaintiff failed to respond to Section IX (A) through (F).  The plaintiff referred to Section III (C) (3), which did not identify any healthcare providers.

9.    The plaintiff failed to sign or date the Certification attached to Plaintiffs' Fact Sheet.

10.     The plaintiff failed to execute any of the attached authorizations for release of medical or other records, and failed to execute the attached Privacy Act Release.


**CHRISTI JOHNSON**

1.      In the plaintiff's response to Section III (C) (8) regarding mental anguish claims, she failed to include the date(s) of treatment.

2.      In response to the section entitled "Trailer 1," the plaintiff failed to include the FEMA Bar Code number, or whether or not the trailer was ever fumigated for insects or any other reason.

3.      The signatures on the attached authorizations for release of records are illegible and appear to be dated; additionally, the Privacy Act Release is illegible.


**KATELYN JONES**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a response to Section IV (A) regarding dates of residence. The plaintiff also failed to respond to Section IV (G) regarding previous claims information.

3.      The plaintiff failed to include a response to Section IV (*sic*) (A) and (B) entitled "Family Information.

4.      The plaintiff failed to include responses to multiple questions on the attachment entitled "Trailer 1," including the move-in/move-out dates.

5.      The plaintiff failed to include any response to Section V (E) regarding persons who also resided in the FEMA supplied trailer or mobile home.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

10.     The plaintiff's representative failed to sign or date the Certification attached to Plaintiffs' Fact Sheet.

11.     The plaintiff's representative failed to execute any of the attached authorizations for release of medical or other records, and failed to execute the attached Privacy Act Release.

## AHMIA KHADAROO

1.     The plaintiff failed to include a complete response to Section IV (A) regarding the actual dates of residence.

2.     In response to the section entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  In response to the sections entitled "Trailer 2," "Trailer 3," the plaintiff failed to provide any manufacturer, VIN or Bar Code information.  From Plaintiff's response, it is apparent she lived in multiple trailers; however, this defendant is unable to determine the manufacturers or dates of residence in each.

3.     The plaintiff failed to provide a signed Authorization for Release of Medical Records, an Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) and an Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.  Additionally, no signed Privacy Act Release was attached.

## KHADAROO, JOSHUA

1.     In response to the section entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  In response to the sections entitled "Trailer 2," "Trailer 3" and "Trailer 4" the plaintiff failed to provide any manufacturer, VIN or Bar Code information.  From Plaintiff's response, it is apparent she lived in multiple trailers; however, this defendant is unable to determine the manufacturers or dates of residence in each.

2.     In response to Section VI (F), the plaintiff failed to provide a date of the claimed illness, asthma.

3.     The plaintiff failed to provide a response to Section IX (D).

4.     The plaintiff failed to provide a signed Authorization for Release of Medical Records, an Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) and an Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.  Additionally, no signed Privacy Act Release was attached.

## KEVIN KHADAROO

1.     The plaintiff failed to include a complete response to Section IV (A) regarding the actual dates of residence.   Additionally, in response to Section IV (F) (1) and (2), the plaintiff failed to provide employer address information.

2.     In response to the section entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  In response to the sections entitled "Trailer 2," "Trailer 3," "Trailer 4" and "Trailer 5," the plaintiff failed to provide any manufacturer, VIN or Bar Code information.  From Plaintiff's response, it is apparent she lived in multiple trailers; however, this defendant is unable to determine the manufacturers or dates of residence in each.

3.      The plaintiff failed to provide a response to Section IX (C).

4.      The plaintiff failed to provide a signed Authorization for Release of Medical Records, an Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) and an Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.  Additionally, no signed Privacy Act Release was attached.


## KHADAROO, SHANNON

1.      The plaintiff failed to respond to Section III (C) (8).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding the actual dates of residence.

3.      In response to the section entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  In response to the sections entitled "Trailer 2," "Trailer 3," "Trailer 4" and "Trailer 5," the plaintiff failed to provide any manufacturer, VIN or Bar Code information.  From Plaintiff's response, it is apparent she lived in multiple trailers; however, this defendant is unable to determine the manufacturers or dates of residence in each.

4.      The plaintiff failed to provide a response to Section IX (D).

5.      The plaintiff failed to provide a signed Authorization for Release of Medical Records, an Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) and an Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.  Additionally, no signed Privacy Act Release was attached.


## KUEPERS, THEDA

1.      The address information provided in response to Section IV (A) is illegible.

2.      Based on the sections entitled "Trailer 1" and "Trailer 2," the plaintiff appears to have lived in two separate travel trailers.  However, the same VIN is provided for both, as well as the same "move-in" date.  Additionally, a different VIN was provided in response to Section V.  Defendant requests supplementation to determine which travel trailer the plaintiff lived in on which dates.

3.      The plaintiff failed to provide a response to Section IX (D).

4.      The plaintiff failed to sign the attached Authorization for Release of Medical Records.

5.      The attached Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) is dated, and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

**KUTZ, DANIEL**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a response to Section IV (A) and (E) regarding dates of residence and educational background.  The plaintiff also failed to respond to Section IV (G) regarding previous claims information.

3.      The plaintiff failed to include a response to Section IV (*sic*) (A) and (B) entitled "Family Information.

4.      The plaintiff failed to include responses to multiple questions on the attachment entitled "Trailer 1," including the move-in/move-out dates.

5.      The plaintiff failed to provide a response to Section V (E) regarding FEMA trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

10.     The plaintiff's representative failed to sign or date the Certification attached to Plaintiffs' Fact Sheet.

11.     The plaintiff's representative failed to execute any of the attached authorizations for release of medical or other records, and failed to execute the attached Privacy Act Release.

**STEVE KUTZ**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a response to Section IV (A) and (E) regarding dates of residence and educational background, and failed to provide complete information to Section IV (F) (1)-(3) regarding employment history and lost wage/lost earning capacity claim.  The plaintiff also failed to respond to Section IV (G) regarding previous claims information.

3.      The plaintiff failed to include a response to Section IV (*sic*) (A) and (B) entitled "Family Information.

4.      The plaintiff failed to include responses to multiple questions on the attachment entitled "Trailer 1," including the move-in/move-out dates.

5.      The plaintiff failed to provide a response to Section V (E) regarding FEMA trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and a complete response to subsection (C) regarding current smoking history.

7.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).  The plaintiff referred to Section III (C) (3), which did not identify any healthcare providers.

10.     The plaintiff failed to sign or date the Certification attached to Plaintiffs' Fact Sheet.

11.     The plaintiff failed to execute any of the attached authorizations for release of medical or other records, and failed to execute the attached Privacy Act Release.


**TARA KUTZ**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a response to Section IV (A) and (E) regarding dates of residence and educational background, and failed to provide complete information to Section IV (F) (1)-(3) regarding employment history and lost wage/lost earning capacity claim.  The plaintiff also failed to respond to Section IV (G) regarding previous claims information.

3.      The plaintiff failed to include a response to Section IV (*sic*) (A) and (B) entitled "Family Information.

4.      The plaintiff failed to include responses to multiple questions on the attachment entitled "Trailer 1," including the move-in/move-out dates.

5.      The plaintiff failed to provide a response to Section V (E) regarding FEMA trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and a complete response to subsection (C) regarding current smoking history.

7.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).  The plaintiff referred to Section III (C) (3), which did not identify any healthcare providers.

10.     The plaintiff failed to sign or date the Certification attached to Plaintiffs' Fact Sheet.

11.     The plaintiff failed to execute any of the attached authorizations for release of medical or other records, and failed to execute the attached Privacy Act Release.

### DARA LADNER

1.      The plaintiff failed to include a response to Section IV (A) and (E) regarding dates of residence and educational background.

2.      The move-in/move-out information provided in the attached section "Trailer 1" does not match the information provided in response to Section V (E) regarding FEMA trailer occupants.  Defendant seeks clarification on the dates Plaintiff lived in the FEMA-supplied travel trailer.

3.      The plaintiff failed to respond to Section VI (F) (1) regarding history of lung or respiratory disease.

4.      The plaintiff failed to respond to Section VII (D).

5.      The plaintiff failed to respond to Section IX (C) through (F).  The plaintiff referred to Section III (C) (3), which did not identify any healthcare providers.

6.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

7.      The plaintiff failed to attach an executed Authorization for Release of Medical Records, an Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) or a signed Privacy Act Release.

### LADNER, DARRYL

1.      The plaintiff failed to include a response to Section IV (A) (E) and (F) regarding dates of residence, educational background and employment history.

2.      The move-in/move-out information provided in the attached section "Trailer 1" does not match the information provided in response to Section V (E) regarding FEMA trailer occupants.  Defendant seeks clarification on the dates Plaintiff lived in the FEMA-supplied travel trailer.

3.      The plaintiff failed to respond to Section VI (F) (2) regarding history of infectious disease.

4.      The plaintiff failed to respond to Section VI (G).

5.      The plaintiff failed to respond to Section IX (C) (D) or (F).

6.      The attached Authorization for Release of Medical Records is dated, and the attached Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) was not completed.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

7.      The plaintiff failed to or a signed Privacy Act Release.


**DONNA LADNER**

1.      In response to Section III (C) (8), the plaintiff failed to provide the name and address of each person who treated her, the condition she was treated for and when she was treated.

2.      The plaintiff failed to provide a complete response (institution and dates of study) to Section IV (E) regarding educational background.

3.      The move-in/move-out information provided in the attached section "Trailer 1" does not match the information provided in response to Section V (E) regarding FEMA trailer occupants.  Defendant seeks clarification on the dates Plaintiff lived in the FEMA-supplied travel trailer.

4.      The plaintiff failed to respond to Section IX (C) (D) and (F).

5.      The attached Authorization for Release of Medical Records is dated, and the remaining authorizations for release of records are incomplete.


**DRAKE LADNER**

1.      The plaintiff failed to provide a response to Section IV (E) regarding educational background.

2.      The move-in/move-out information provided in the attached section "Trailer 1" does not match the information provided in response to Section V (E) regarding FEMA trailer occupants.  Defendant seeks clarification on the dates Plaintiff lived in the FEMA-supplied travel trailer.

3.      The plaintiff failed to respond to Section IX (C) (D) and (F).

4.      The attached Authorization for Release of Medical Records is dated, and the representative's relationship is not stated.

5.      The attached Authorization for Release of Medical Records is dated, and the attached Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) was not completed.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

## ZACHARY LAFRANCE

1.     The plaintiff failed to include a response to Section III (C) (8) or (9).

2.     The plaintiff failed to include a complete response to Section IV (E) regarding educational background (institution attending).  The plaintiff also failed to respond to Section IV (G) regarding previous claims information.

3.     The plaintiff's response to Section IV (*sic*) (A) entitled "Family Information" in unclear as the medical conditions suffered by family members are described as "all above."

4.     The plaintiff failed to include the FEMA Bar Code number in response on the attachment entitled "Trailer 1."  Additionally, the move-in/move-out dates provided are inconsistent with the move-in/move-out dates provided in response to Section V (E) regarding FEMA trailer occupants.

6.     The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and a complete response to subsection (C) regarding current smoking history.

7.     The plaintiff failed to respond to Section VI (F) regarding lung or respiratory disease and Section VI (G).

8.     The plaintiff failed to respond to Section VII (D).

9.     The Authorization for Release of Medical Records was completed incorrectly, with the representative's name provided as the party authorized to release records.  The attached Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity) is dated and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

## ARGENTINA LANDON

1.     The plaintiff failed to include a complete response to Section IV (E) regarding educational background (institution, dates, course of study and diploma/degrees for "college")

2.     The move-in/move-out dates provided on the attachment entitled "Trailer 1" are inconsistent with the move-in/move-out dates provided in response to Section V (E) regarding FEMA trailer occupants.

3.     The attached authorizations for release of medical and other records are dated.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

4.     The attached Privacy Act Release is incomplete.

**BENJAMIN LANDOR**

1.     The move-in/move-out dates provided on the attachment entitled "Trailer 1" are inconsistent with the move-in/move-out dates provided in response to Section V (E) regarding FEMA trailer occupants.  The manufacturer on "Trailer 1" is also listed as "Gulf Stream."  Defendant, Jayco, seeks clarification on whether or not the plaintiff resided in a Gulf Stream trailer.

2.     The plaintiff failed to respond to Section VI (F) and (G) including subparts.

3.     The plaintiff failed to respond to Section VII (D).

4.     The plaintiff's representative failed to include her relationship to the plaintiff on the attached Authorization for Release of Medical Records, or the Authorization for Release of Records (To be Signed by Plaintiffs *Not* Making a Claim for Lost Wages or Earning Capacity).  Additionally, this authorization is dated.

5.     The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA and the Privacy Act Release are both incomplete.

**MICHAEL LANDOR**

1.     The plaintiff failed to provide a response to Section IV (E) regarding educational background.

2.     The move-in/move-out dates provided on the attachment entitled "Trailer 1" are inconsistent with the move-in/move-out dates provided in response to Section V (E) regarding FEMA trailer occupants.

3.     The plaintiff failed to respond to Section IX (C) and (D).

4.     The plaintiff's representative failed to complete the Certification attached to Plaintiff's Fact Sheet.

5.     The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA and the Privacy Act Release are both incomplete.

**ROBERT LANDOR**

1.     The plaintiff failed to provide a complete response to Section IV (F) (1) regarding current employment.

2.     Plaintiff failed to complete the Certification attached to Plaintiff's Fact Sheet.

3.     The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA and the Privacy Act Release are both incomplete.

### CACEY LANDRUM

1.    The plaintiff failed to provide the FEMA Bar Code number on the attachment entitled "Trailer 1."

2.    The plaintiff failed to complete the response to Section VI (D) regarding other smoking.

3.    The attached authorizations for release of medical and other records are all dated; the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

### COURTNEY LANDRUM

1.    The plaintiff failed to include a response to Section III (C) (8) or (9).

2.    The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding educational background.  The plaintiff also failed to respond to Section IV (F) regarding lost wage/lost earning capacity claims, and subsection (G) regarding previous claims information.

3.    The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.    The plaintiff failed to include the FEMA Bar Code number in response on the attachment entitled "Trailer 1" and failed to respond to multiple other questions on the attachment.

5.    The plaintiff failed to provide a response to Section VI (A) or (B) regarding height.

6.    The plaintiff failed to respond to Section VI (E), (F) and (G).

7.    The plaintiff failed to respond to Section VII (D).

8.    The plaintiff failed to respond to Section IX (A) through (F).

9.    Plaintiff failed to complete the Certification attached to Plaintiff's Fact Sheet.

10.   The attached authorizations for release of medical and other records are incomplete. Additionally, the Privacy Act Release is incomplete.

### KYNDRA LAWLESS

1.    The plaintiff failed to include a response to Section III (C) (8) or (9).

2.    The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding educational background.  The plaintiff also failed to respond to Section IV (F) (3) regarding lost wage/lost earning capacity claims, and subsection (G) regarding previous claims information.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to include the FEMA Bar Code number in response on the attachment entitled "Trailer 1" and failed to respond to multiple other questions on the attachment. The plaintiff also identified the manufacturer as "Gulf Stream;" Defendant seeks clarification on whether or not the plaintiff resided in a Gulf Stream trailer.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (E), (F) and (G).

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.     Plaintiff failed to complete the Certification attached to Plaintiff's Fact Sheet.

11.     The attached authorizations for release of medical and other records are incomplete. Additionally, the Privacy Act Release is incomplete.


## SANDY LE

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding educational background.  The plaintiff also failed to respond to Section IV (F) (3) regarding lost wage/lost earning capacity claims, and subsection (G) regarding previous claims information.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to include the FEMA Bar Code number in response on the attachment entitled "Trailer 1" and failed to respond to multiple other questions on the attachment. Additionally, the move-in/move-out dates are stated as the same (1/01/06).

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, as well as subsections (C) through (G).

7.      The plaintiff failed to respond to Section VI (E), (F) and (G).

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.     Plaintiff failed to complete the Certification attached to Plaintiff's Fact Sheet.

11.     The attached authorizations for release of medical and other records are dated; the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is also incomplete.

## HUNG LE

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding educational background.  The plaintiff also failed to respond to Section IV (F) regarding employment history and lost wage/lost earning capacity claims, as well as subsection (G) regarding previous claims information.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to include the FEMA Bar Code number in response on the attachment entitled "Trailer 1" and failed to respond to multiple other questions on the attachment. Additionally, the move-in/move-out dates are stated as the same (1/01/06).

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, as well as complete response regarding current tobacco use in subsection (C).

7.      The plaintiff failed to respond to Section VI (F) and (G).

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.     The attached authorizations for release of medical and other records are dated; the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is also incomplete.

## ANGELA LOFTON

1.      The plaintiff failed to include the FEMA Bar Code number in response on the attachment entitled "Trailer 1."

2.      Plaintiff failed to respond to Section IX (C), (D) and (F).