

# WILLINGHAM, FULTZ & COUGILL LLP
TEXAS    LOUISIANA    MISSISSIPPI
## ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill                                                       *TomC@Willingham-law.com*
Partner

April 9, 2010

Mr. Mikal Watts                                             *Via Email and Regular U.S. Mail*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

      Re:    In Re:  FEMA Trailer Formaldehyde
                 Products Liability Litigation
                 MDL No. 1873, Section "N" (4)
                 Cause No. 08-5031; Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.

Dear Mr. Watts:

      Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently provided by your office.  We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

      Thank you for your cooperation and assistance in this matter.   If you have any questions or comments, please do not hesitate to contact me.

                                    Very truly yours,

                                    **WILLINGHAM, FULTZ & COUGILL LLP**

                                    *Thomas L. Cougill*

                                    Thomas L. Cougill

cc:    Jerry Meunier (*via email*)
        Andrew Weinstock (*via email*)
        Henry Miller (*via email*)



**EXHIBIT I**

# JAYCO, INC.

### JAMES COLE

1. Plaintiff failed to complete the applicable questions in Section III (A) regarding representative capacity.

2. The plaintiff failed to include a response to Section III (C) (8) or (9).

3. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

4. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

6. The plaintiff failed to respond to Section VII (D).

7. The plaintiff failed to respond to Section IX (C) and (D).

8. Plaintiff's representative failed to date the attached Certification.

9. The attached authorizations for release of medical and other records were not complete as the social security number information was omitted.

### ROBERT CONDER

1. The plaintiff failed to include a complete response to Section III (C) (8), the condition treated, dates of treatment and medications prescribed or recommended were omitted.

2. On the attachment entitled "Trailer 1" the plaintiff failed to include the FEMA Bar Code number.

3. The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

### BARBARA J. COWART

1. In response to Section III (C) (4) the plaintiff claims to have been diagnosed with cancer since moving into the trailer; however, Plaintiff failed to identify the type of cancer.

2. The plaintiff failed to include a complete response to Section IV (F) regarding employment history.

3. On the attachment entitled "Trailer 1" the plaintiff identified "Fleetwood" as the manufacturer and failed to provide a FEMA Bar Code number. Defendant, Jayco, seek clarification of whether or not the plaintiff resided in a Fleetwood travel trailer. Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

4. The plaintiff failed to include a response to Section IX (C), (D) or (F).

5. The attached authorizations for release of medical and other records all include a date.

### DEBORAH CRAWFORD

1. The plaintiff did not respond to Section IX (D).

### EVERETT CRAWFORD

1. The plaintiff failed to include a response to Section IX (A), (C) and (D).

### JASON CRAWFORD

1. The plaintiff failed to include a response to Section IX (C) and (D).

### JASON CRAWFORD, II

1. The plaintiff failed to include a response to Section IX (A), (C) and (D).

2. The plaintiff's representative failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### MICHAEL CRAWFORD

1. The plaintiff failed to include a response to Section IX (A), (C) and (D).

### JONATHAN CROSBY

1. The plaintiff failed to include a response to Section IX (D).

2. Plaintiff's representative failed to date the Certification.

3. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

4. The Privacy Act Release was incomplete.

### RAWLAND CROSBY

1. Plaintiff failed to date the Certification.

2. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

3. The Privacy Act Release was incomplete.

### TONI CROSBY

1. The plaintiff failed to include a response to Section IV (F) regarding employment history.

2. Plaintiff failed to include a response to Section IX (A) and (B).

3. Plaintiff failed to date the Certification.

4. The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

5. The Privacy Act Release was incomplete.

### LESSIE DAVES

1. Plaintiff failed to include a response to Section IX (C).

2. The attached authorizations for release of medical and other records all include a date. Additionally, the attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) was improperly completed (authorizes Watts Hilliard).

3. The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

### LATOYA DEDEAUX

1. The plaintiff's response to Section IV(A) regarding dates of residence is unclear in that no dates for the years at each address are provided.

4

2.  On the attachment entitled "Trailer 1" the plaintiff failed to provide a FEMA Bar Code number. Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

3.  Plaintiff failed to include a response to Section IX (A), (B), (C), (D) and (F).

### TY BATISTE

1.  In response to Section V, the plaintiff identified two units, Jayco, Inc. and Coachman; however, on the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

2.  Plaintiff failed to include a response to Section IX (C) or (D).

3.  The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (no social security number).

### KEVLIN BIENEMY

1.  The plaintiff failed to include a response to Section III (C) (8) or (9).

2.  The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3.  The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.  In response to Section V, the plaintiff identified four units, Fleetwood (2), Gulf Stream and Jayco, Inc.; however, on the attachment entitled "Trailer 1" the plaintiff identified none of the manufacturers for the move-in/move-out dates provided. Additionally, the plaintiff failed to respond to numerous questions on "Trailer 1." Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

5.  The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.  The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.  The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.  The plaintiff failed to respond to Section VII (D).

5

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff's representative failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### DAVINQUE BIENEMY

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. In response to Section V, the plaintiff identified four units, Fleetwood (2), Gulf Stream and Jayco, Inc.; however, on the attachment entitled "Trailer 1" the plaintiff identified none of the manufacturers for the move-in/move-out dates provided. Additionally, the plaintiff failed to respond to numerous questions on "Trailer 1." Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff's representative failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### KEDRA BIENEMY

1. The plaintiff failed to include a complete response to Section IV (E) regarding education. Subsection (F) regarding employment history was not completed.

6

2. In response to Section V, the plaintiff identified four units, Fleetwood (2), Gulf Stream and Jayco, Inc.; however, on the attachment entitled "Trailer 1" the plaintiff identified only Gulf Stream as the manufacturers for the move-in/move-out dates provided. Additionally, the plaintiff failed to respond to numerous questions on "Trailer 1." Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

3. The plaintiff failed to respond to Section IX (A) through (F).

4. The attached Authorization for Release of Medical Records and the attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) were improperly completed (authorize the plaintiff) and were dated.

### **BOBBIE LEE BLACK**

1. In response to Section V, the plaintiff identified the manufacturer as "Morgan Sound, Inc." Defendant seeks clarification of whether or not the plaintiff resided in a unit manufactured by "Morgan Sound, Inc."

2. The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

### **MIRANDA BOYLE**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, or to subsection (C) regarding smoking history.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

7

9.     The plaintiff failed to respond to Section IX (A) through (F).

10.    Plaintiff failed to complete the Certification.

11.    The attached authorizations for release of medical and other records were not completed.

12.    The Privacy Act Release was not completed.

### **TREY CARAWAN**

1.     In response to Section V, the plaintiff identified two units, Jayco, Inc. and Southern Energy; however, on the attachment entitled "Trailer 1" the plaintiff identified only Southern Homes as the manufacturer for the move-in/move-out dates provided. Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each.

2.     The plaintiff failed to respond to Section IX (A) through (F).

3.     The plaintiff's representative failed to complete the attached Privacy Act Release.

### **PHILLIP CARMOUCHE**

1.     The plaintiff failed to include a response to Section III (C) (8) or (9).

2.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3.     The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.     In response to Section V, the plaintiff identified two "Thor" units, including one with what appears to be a Jayco VIN; however, on the attachment entitled "Trailer 1" the plaintiff identified only Fleetwood as the manufacturer for the move-in/move-out dates provided. Defendant, Jayco, seeks clarification on the unit manufacturers and dates of occupancy for each. Additionally, Plaintiff failed to respond to multiple other questions on "Trailer 1."

5.     The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.     The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.     The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### MARIE COUSIN

1. The plaintiff failed to respond to Section IX (A), (B) and (D).

### TAMMY DALON

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed.

2. In response to Section V, the plaintiff identified the manufacturer as "Palomino" but provided what appears to be a Jayco VIN. Defendant, Jayco, seeks clarification on whether or not the plaintiff resided in a "Jayco" trailer.

3. On the attachment entitled "Trailer 1" the plaintiff failed to provide move-in/move-out dates, whether the trailer was located in a trailer park or on private property and the reason she stopped living in the trailer.

4. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

5. The plaintiff failed to respond to Section IX (C) or (D).

6. The plaintiff failed to complete the attached Certification.

7. The plaintiff failed to complete the attached authorizations for release of medical and other records, as well as the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

8. The Privacy Act Release was not completed.

### MARSHA HARTLEY

1. The plaintiff failed to include a complete response to Section III (C) (8).

9

2. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not Plaintiff resided in a Gulf Stream trailer. Additionally, the move-in/move-out dates provided in "Trailer 1" are not consistent with the occupancy dates provided in response to Section V (E).

3. The plaintiff failed to respond to Section VII (D).

4. The plaintiff failed to respond to Section IX (A) through (F).

### RODNEY HILLS

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. In response to Section V, the plaintiff identified two trailers, Jayco and Southern Energy; however, on the attachment entitled "Trailer 1" the plaintiff provided no information on the units, move-in/move-out dates or any other responses.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, or subsection (C) regarding smoking history.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) or (F).

10. Plaintiff failed to complete the Certification.

11. The Privacy Act Release was not completed.

### SHAWN HOLLAND

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

10

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other records.

12. The Privacy Act Release was not completed.

### **DEREK ANTHONY HOWARD**

1. Plaintiff failed to include the FEMA Bar Code number on the attachment entitled "Trailer 1." Additionally, the plaintiff failed to provide responses to multiple questions on "Trailer 1."

2. The plaintiff failed to respond to Section IX (A), (B), (D) or (F).

3. Plaintiff failed to complete the Certification.

4. Plaintiff failed to complete the attached authorizations for release of medical and other records.

5. The Privacy Act Release was not completed.

11

**AUDREY MORGAN**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV; (A) regarding dates of residence, (E) regarding education, subsection (F) (3) regarding lost wage claims, and subsection (G) regarding prior claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) or (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other records.

12. The Privacy Act Release was not completed.


**JIM MORGAN**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

12

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) or (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other records.

12. The Privacy Act Release was not completed.

**BRANDON MORRIS**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other

13

records.

12. The Privacy Act Release was not completed.

### **CLINT MORRIS**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other records.

12. The Privacy Act Release was not completed.

### **JENNY MORRIS**

1. Plaintiff's representative did not complete the response to Section III (A) regarding representative capacity.

2. The plaintiff failed to include a response to Section III (C) (8) or (9).

14

3. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Additionally, there was no response to subsection (G) regarding previous claims.

4. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to respond to multiple questions on "Trailer 1."

6. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

7. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

8. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

9. The plaintiff failed to respond to Section VII (D).

10. The plaintiff failed to respond to Section IX (A) through (F).

11. Plaintiff failed to complete the Certification.

12. Plaintiff failed to complete the attached authorizations for release of medical and other records.

13. The Privacy Act Release was not completed.

### JESSICA MORRIS

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

15

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other records.

12. The Privacy Act Release was not completed.

### **JOHNNY MORRIS**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and failed to provide a complete response to subsection (C) regarding current smoking.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other records.

16

12. The Privacy Act Release was not completed.

### **VIRGINIA MORRIS**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and failed to provide a complete response to subsection (C) regarding past smoking.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10. Plaintiff failed to complete the Certification.

11. Plaintiff failed to complete the attached authorizations for release of medical and other records.

12. The Privacy Act Release was not completed.

### **CAO NGUYEN**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

17

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was not completed and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.
6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

11. The Privacy Act Release was not completed.

### COLBY OLIVER

1. Plaintiff failed to provide a complete response to Section VI (F) (4) regarding the claimed skin disease (no date of illness).

2. Plaintiff failed to provide a response to Section IX (C) and (D).

3. Plaintiff's representative failed to date the Certification.

4. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

5. The plaintiff's representative failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### PATCHES OLIVER

1. The plaintiff failed to provide complete responses to Section VI (F) (2) and (4).

18

2. Plaintiff did not respond to Section IX (C) or (D).

3. Plaintiff failed to date the attached Certification.

4. Plaintiff failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

5. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### RICHARD OLIVER

1. Plaintiff did not respond to Section IX (C).

2. Plaintiff failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

### SHELBY OLIVER

1. Plaintiff failed to provide a complete response to Section IV (A) (E) regarding education.

2. Plaintiff failed to provide a complete response to Section VI (F) (3) and (4) regarding the claimed illnesses (no dates of illness).

3. Plaintiff failed to provide a response to Section IX (A), (C) and (D).

4. Plaintiff failed to date the attached Certification.

5. Plaintiff's representative failed to complete the attached authorizations for release of medical and other records (no social security information). Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

6. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### JAMES OLSEN

1. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

### MALORIE OLSEN

1. Plaintiff failed to provide a response to Section IX (A) and (D).

19

2. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

**MELANIE OLSEN**

1. The attached authorizations for release of medical and other records include a date. Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

20