

# WILLINGHAM, FULTZ & COUGILL LLP
TEXAS    LOUISIANA    MISSISSIPPI
### ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill  *TomC@Willingham-law.com*
Partner

April 13, 2010

Mr. Mikal Watts   *Via Email and Regular U.S. Mail*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

    Re:    In Re:  FEMA Trailer Formaldehyde
               Products Liability Litigation
               MDL No. 1873, Section "N" (4)
               Cause No. 08-5031; Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.

Dear Mr. Watts:

     Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently provided by your office.  We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

     Thank you for your cooperation and assistance in this matter.   If you have any questions or comments, please do not hesitate to contact me.

                                     Very truly yours,

                                     **WILLINGHAM, FULTZ & COUGILL LLP**

                                     *Thomas L. Cougill*

                                     Thomas L. Cougill

cc:    Jerry Meunier (*via email*)
         Andrew Weinstock (*via email*)
         Henry Miller (*via email*)



**EXHIBIT N**

# JAYCO, INC.

### ALAN PETERS, II

1. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number.

2. Plaintiff failed to respond to Section IX (A) (B) (C) (D) (E) and (F).

### VICTOR PIERNAS, JR.

1. Plaintiff failed to provide a complete response to Section III (C) (9).

2. Plaintiff failed to provide a complete response to Section IV (E) regarding education.

3. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. However, Gulf Stream was not identified in response to Section V. On the attached "Trailer 2," the plaintiff identified a "K2" unit. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Jayco trailer and if so, when. Additionally, the move-in/move-out dates are not consistent with the occupancy dates provided in response to Section V (E).

4. Plaintiff failed to respond to Section IX (A), (B) and (D).

5. The attached authorizations for release of medical and other records include a date. Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

### VICTOR PIERNAS, SR.

1. Plaintiff failed to provide complete responses to Section III (C) (4), plaintiff responded yes to having cancer, but did not specify what kind; and (9) amount of claim for medical expenses.

2. Plaintiff failed to provide a complete response to Section V (E) regarding trailer occupants.

3. Plaintiff failed to provide a complete response to Section VI (C) regarding current smoking and other smoking/tobacco use history.

4. Plaintiff did not provide a response to Section IX (A) or (C).

5. The attached authorizations for release of medical and other records were incomplete and the attached Authorization for Use and Disclosure of Protected Health Information

       pursuant to HIPPA was also incomplete.

6.    The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### KHACH PHAM

1.    Plaintiff failed to provide a response to Section IV (F) regarding employment history.

2.    On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number.

3.    In response to Section IX (F), the plaintiff failed to provide an address or location for the pharmacy identified.

4.    Plaintiff failed to attach a signed Authorization for Release of Medical Records, an Authorization for Release of Medical Records and the attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity), or an Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

5.    Plaintiff failed to attach a signed Privacy Act Release.

### ARCHIE POOLE

1.    On the attachment entitled "Trailer 1" the plaintiff did not identify a manufacturer, did not provide the FEMA Bar Code number and the VIN does not appear to match a unit manufactured by Jayco, Inc.

2.    Plaintiff did not respond to Section IX (A) or (C)

3.    Plaintiff failed to complete the attached Certification.

4.    Plaintiff failed to attach a signed Authorization for Release of Medical Records, an Authorization for Release of Medical Records and the attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity), or an Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

5.    Plaintiff failed to attach a signed Privacy Act Release.

### DIANE PRITCHETT

1.    Plaintiff failed to date the attached Certification.

2. Plaintiff failed to include the necessary social security number information on all of the attached authorizations for release of medical and other records.

### DARRENDA RASCO

1. The plaintiff's response to Section IV (F) regarding current employer is illegible (employer identified as "Dara Lrs.").

2 The plaintiff attached the wrong employment record release, based upon her response to Section IV (F) (3). Plaintiff should have attached a signed Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity).

### TINETRA RASCO

1. The move-in/move-out dates provided on the attachment "Trailer 1" are not consistent with the occupancy dates provided by Plaintiff in response to Section V (E).

2. Plaintiff failed to attach a signed Authorization for Release of Medical Records. The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (no social security number).

### BEVERYLY KAY REYNOLDS

1. The plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

2. On the attachment entitled "Trailer 1" the plaintiff identified "Fleetwood" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Fleetwood trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number.

3. Plaintiff did not respond to Section IX (C) or (D).

4. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### RICHARD W. REYNOLDS

1. Plaintiff failed to respond to Section VI (C) regarding smoking/tobacco use.

2. Plaintiff did not respond to Section IX (C) or (D).

4

### QUANTINA T. RILEY

1. The plaintiff did not provide a complete response to Section IV (A) regarding dates of residence, i.e. the trailer location is not included. Additionally, the plaintiff did not provide a complete employer name in response to subsection (F) regarding employment.

2. Plaintiff's response to Section IX (C) is not clear as to the name of the hospital ("USA CTN").

3. Plaintiff failed to date the attached Certification.

4. Plaintiff failed to fully complete the Privacy Act Release.

### CINDY RIVERA

1. One of the former employers identified by Plaintiff in response to Section IV (F) (2) is illegible ("Stone pinanciel sennels").

2. The plaintiff failed to provide the FEMA Bar Code number on the attachment entitled "Trailer 1."

3. Plaintiff did not provide a complete response to Section VI (C) regarding current smoking.

4. Plaintiff failed to respond to Section XI (D).

5. The attached authorizations for release of medical and other records include a date. Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

### RECO ROBERTS

1. The plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence or subsection (F) regarding employment.

2. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number.

3. Plaintiff failed to date the attached Certification.

4. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

5. Plaintiff failed to fully complete the Privacy Act Release.

5

### GABRIEL ROLAND

1. Plaintiff failed to provide a complete response to Section VI (F) (1) through (3) regarding the dates of the claimed illnesses.

2. Plaintiff failed to date the attached Certification.

3. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

4. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### JOLENE ROLAND

1. Plaintiff failed to provide a complete response to Section VI (F) (1) and (3) regarding the dates of the claimed illnesses.

2. Plaintiff failed to respond to Section IX (C).

3. Plaintiff failed to date the attached Certification.

4. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

5. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### JOHN ROSS

1. Plaintiff failed to provide a complete response to Section III (C) (8), omitted the dates of treatment.

2. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number.

3. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

### LINDA ROSS

1. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to

6

        provide the FEMA Bar Code number.

2.       The attached Authorization for Release of Medical Records is dated.

3.       The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

### PAUL ROSS

1.       On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number.

2.       Plaintiff's date of birth was omitted from the attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity).

3.       The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not properly initialed).

### DIMOND SMITH

1.       On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

2.       The plaintiff did not respond to Section IX (C).

3.       Plaintiff's representative failed to date the signed Certification.

4.       The attached authorizations for release of medical and other records are incomplete; the social security number information was omitted.

5.       The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### JOHN SMITH

1.       The employer identified as "PAS" in response to Section IV (F) (2) is unclear. Defendant seeks clarification on the identity of this employer.

2.       On the attachment entitled "Trailer 1" the failed to provide the FEMA Bar Code number.

3.       The plaintiff did not respond to Section IX (D) and (F).

4.  The attached authorizations for release of medical and other records are incomplete; the social security number information was omitted. Additionally, the Authorization for Release of Medical Records includes a date.

### **JOHN SMITH**

1.  On the attachment entitled "Trailer 1" the failed to provide the FEMA Bar Code number. Additionally, the move-in/move-out dates are not consistent with the occupancy dates provided by Plaintiff in response to Section V (E).

2.  Plaintiff responded affirmatively to Section VI (G) (1) regarding diagnostic procedures, but did not provide any information regarding the test, dates, etc.

3.  The plaintiff did not respond to Section IX (A), (C) or (D).

4.  Plaintiff's representative failed to include social security number information on the Authorization for Release of Medical Records and the authorization is dated. Also, no social security information was provided on the attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity).

5.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not properly initialed and no social security number).

### **SHIRLEY SMITH**

1.  Plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.  On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff failed to provide the FEMA Bar Code number.

3.  The attached authorizations for release of medical and other records are incomplete, the social security number information was omitted. Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not properly initialed.

4.  The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### **JULIE SPROUSE**

1.  The attached authorizations for release of medical and other records were improperly completed (plaintiff authorized herself to release records).

8

### **MAYA LYNN STAMPER**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### **EBONY STEVENSON**

1. The plaintiff failed to include a complete response to Section III (C) (8), omitting a description of the condition and dates treated.

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

3. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number.

4. The plaintiff failed to respond to Section IX (A) and (C).

9

**TRAVIS STEVENSON**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number and also failed to respond to multiple questions on "Trailer 1," including move-in/move-out dates.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and failed to complete the response to subsection (C) (1) and (2) regarding prior smoking.

7. The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.


**WARDELL STEVENSON**

1. The plaintiff failed to include a complete response to Section III (C) (8), omitting a description of the condition and dates treated.

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

3. On the attachment entitled "Trailer 1" the plaintiff failed to provide the FEMA Bar Code number.

4. The plaintiff failed to respond to Section IX (D).

10

### ARTIE STEWART

1. The plaintiff failed to include a complete response to Section IV (F) regarding employment history.

2. In response to Section V, the plaintiff identified two trailers, Jayco and Forest River; however, on the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as Cavalier. Additionally, the plaintiff failed to provide any information on when and/or where he lived in each of the trailers identified and no FEMA Bar Code numbers were provided.

3. Plaintiff failed to complete any of the attached authorizations for release of medical and other records, stating "I refuse to sign for release of medical information."

4. The plaintiff failed to provide a signed Privacy Act Release.


### LEONARD STEWART

1. In response to Section V, the plaintiff identified two trailers, Jayco and Forest River; however, on the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as Cavalier. Additionally, the plaintiff failed to provide any information on when and/or where he lived in each of the trailers identified and no FEMA Bar Code numbers were provided.

2. The plaintiff failed to respond to Section IX (F).

3. Plaintiff failed to complete any of the attached authorizations for release of medical and other records, stating "I refuse to sign for release of medical information."

4. The plaintiff failed to provide a signed Privacy Act Release.


### LINDSEY STEWART

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (E) regarding education and (F) regarding employment information. Additionally, there was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. In response to Section V, the plaintiff identified two trailers, Jayco and Forest River; however, on the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as Cavalier. Additionally, the plaintiff failed to provide any information on when and/or where he lived in each of the trailers identified and no FEMA Bar Code numbers were provided.

11

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### JAMES SUTTERFIELD

1. Plaintiff provided two separate move-in/move-out dates on the attachments "Trailer 1" and "Trailer 2," and identified "Forest River" as a manufacturer. However, Plaintiff did not provide information regarding a second trailer. Defendant seeks clarification on whether Plaintiff resided in a second trailer and the related information.

2. Plaintiff failed to provide occupancy dates in response to Section V (E).

3. The plaintiff failed to respond to Section IX (A) through (F).

4. Plaintiff failed to complete the Certification.

5. The attached authorizations for release of medical and other records are all dated. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed.

6. The Privacy Act Release was not completed.


### JOSEPH SUTTERFIELD

1. The plaintiff failed to include a complete response to Section IV (F) regarding employment history.

2. Plaintiff provided two separate move-in/move-out dates on the attachments "Trailer 1" and "Trailer 2," and identified "Forest River" as a manufacturer. However, Plaintiff did not provide information regarding a second trailer. Defendant seeks clarification on whether Plaintiff resided in a second trailer and the related information.

3. Plaintiff failed to provide a response to Section VII (D).

12

4. Plaintiff failed to provide a response to Section IX (C).

5. The attached Authorization for Release of Medical Records and the Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) and dated.

### LORI SUTTERFIELD

1. Plaintiff provided two separate move-in/move-out dates on the attachments "Trailer 1" and "Trailer 2," and identified "Forest River" as a manufacturer. However, Plaintiff did not provide information regarding a second trailer. Defendant seeks clarification on whether Plaintiff resided in a second trailer and the related information.

2. Plaintiff failed to provide a response to Section IX (A), (C), (D) and (F).

3. Failed to date the attached Privacy Act Release. In the event Plaintiff is required to provide the date of signature by FEMA, rather than counsel, a completed Privacy Act Release is requested.

### HAROLD L. SUTTLES

1. Plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (F) regarding employment history.

3. In response to Section V, the plaintiff identified a Jayco travel trailer. However, the plaintiff provided the attachments "Trailer 1" and "Trailer 2," which also identified "Cavalier" as a manufacturer. Defendant seeks clarification on whether Plaintiff resided in a Cavalier trailer and the related information.

4. Plaintiff failed to complete the Certification.

5. The Privacy Act Release was not completed.

### ANNA SWANIER

1. Plaintiff failed to respond to Section IX (C).

2. Plaintiff failed to complete the Privacy Act Release.

### TARIQUE SWANIER

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of

residence.

2. The move-in/move-out dates provided on the attached "Trailer 1" are inconsistent with the occupancy dates provided by Plaintiff in response to Section V (E).

3. Plaintiff failed to respond to Section IX (C) or (D).

4. Plaintiff failed to complete the Privacy Act Release.

### NYKESHIA SWAW

1. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

2. Plaintiff failed to provide a response to Section VI (F) (3) regarding stomach or bowel disease history.

3. Plaintiff failed to include a date on the Certification.

4. Plaintiff failed to complete the Privacy Act Release.

### MARY TARVER

1. The plaintiff failed to include a response to Section III (C) (8) regarding the claimed mental and/or emotional damages.

2. Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

3. The plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

4. The plaintiff did not complete her response to Section VI (C) regarding current smoking.

5. Plaintiff did not respond to Section IX (D).

6. The attached authorizations for release of medical and other records are all dated. The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (no social security number and not signed or initialed).

### CARRIE TAYLOR

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete.

2. The move-in/move-out dates provided on the attachment "Trailer 1" are inconsistent with

the occupancy dates provided by Plaintiff in response to Section V (E).

3. Plaintiff failed to provide a response to Section IX (A) through (F).

4. The plaintiff did not date the signed Certification.

5. The attached authorizations for release of medical and other records were not completed.

6. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### MELODY TAYLOR

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete.

2. The move-in/move-out dates provided on the attachment "Trailer 1" are inconsistent with the occupancy dates provided by Plaintiff in response to Section V (E).

3. Plaintiff failed to provide a response to Section IX (A), (C), (D) and (F).

4. The plaintiff did not date the signed Certification.

5. The attached authorizations for release of medical and other records were not completed.

6. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### MICHAEL TAYLOR

1. The plaintiff did not provide move-in/move-out dates on the attachment "Trailer 1," and Defendant was unable to ascertain these dates as the plaintiff was not included in the response to Section V (E) regarding trailer occupants.

2. The plaintiff did not respond to Section VI (G) regarding diagnostic procedures.

3. Plaintiff failed to provide a response to Section IX (A) through (F).

4. The attached authorizations for release of medical and other records were not completed.

5. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### SHANNYN TAYLOR

15

1. The plaintiff did not respond to Section VI (F) (2) regarding infectious disease history.

2. Plaintiff failed to provide a response to Section IX (A) through (F).

3. Plaintiff failed to complete the attached Authorization for Release of Medical Records and failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

4. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### MARIAN THIAC

1. The plaintiff did not respond to Section IX (C).

2. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### DELISHA THOMAS

1. The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (no social security number and not initialed).

### DELLIN THOMAS

1. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

2. The attached authorizations for release of medical and other records all include a date and the social security number was omitted. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (no social security number and not initialed).

### DERRICK THOMAS

1. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was also incomplete.

2. On the attachment entitled "Trailer 1" the plaintiff identified "Fleetwood" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Fleetwood trailer.

16

3. The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (not initialed).

### **MARINDA THOMAS**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff did not provide the FEMA Bar Code number and failed to answer multiple questions on the attachment "Trailer 1."

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A) through (F).

10. Plaintiff failed to complete the Certification.

11. The attached authorizations for release of medical and other records were not completed.

12. The Privacy Act Release was not completed.

### **CHINH TRAN**

1. The plaintiff failed to include a complete response to Section III (C) (9), omitting the amount of the claim.

2. In response to Section V, the plaintiff identified two trailers, Jayco and Fleetwood; however, on the attachment entitled "Trailer 1" the plaintiff identified the manufacturer only as Jay Flight (Jayco), with no information on a second trailer. The plaintiff failed to

17

        provide information on when and/or where he lived in a second trailer and no FEMA Bar Code numbers were provided.

3. The plaintiff failed to respond to Section IX (F).
4. The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (not initialed).

### **LEN TRAN**

1. The plaintiff failed to include a response to Section III (C) (8) or (9).

2. The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3. The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4. On the attachment entitled "Trailer 1" the plaintiff did not provide the FEMA Bar Code number and failed to answer multiple questions.

5. The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6. The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7. The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8. The plaintiff failed to respond to Section VII (D).

9. The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10. Plaintiff failed to complete the Certification.

11. The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (no social security number).

### **TAM TRAN**

1. The plaintiff failed to respond to Section IX (A) and (B). The response to subsection (E) references Section III (C) (3), however, that section provides incomplete health care provider information.

2. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to

18

accept the Release, Defendant will seek supplementation.

### **THANH TRAN**

1. The plaintiff failed to include a complete response to Section IV (E) regarding education. Subsection (F) regarding employment history was also incomplete.

2. In response to Section V, the plaintiff identified two trailers, Jayco and Fleetwood; however, on the attachment entitled "Trailer 1" the plaintiff appeared to identify the manufacturer only as Jay Flight (Jayco), with a VIN linked to a Fleetwood trailer. The plaintiff failed to provide information on when and/or where he lived in a second trailer and no FEMA Bar Code numbers were provided.

3. The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (not initialed).

### **THIEN TRAN**

1. In response to Section V, the plaintiff identified two trailers, Jayco and Fleetwood; however, on the attachment entitled "Trailer 1" the plaintiff identified the manufacturer only as Jay Flight (Jayco), with a VIN linked to a Fleetwood trailer. The plaintiff failed to provide information on when and/or where he lived in a second trailer and no FEMA Bar Code numbers were provided.

2. The attached authorizations for release of medical and other records all include a date. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (not initialed).

### **TLEANNA TRAN**

1. Plaintiff failed to respond to Section IX (C).

2. Plaintiff failed to attach a completed Certification.

3. The attached authorizations for release of medical and other records all include a date and the plaintiff's representative capacity was not included. The representative capacity was also omitted from the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

4. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

19

**VANNA TRAN**

1. Plaintiff failed to respond to Section IX (C).

2. Plaintiff's representative failed to indicate his representative capacity on the attached authorizations for release of medical and other records.

3. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

**CURTIS WHEELER**

1. In response to Section IV (F) (2) regarding past employment, the plaintiff failed to provide address information for the employer identified as "Tire Town."

2. On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff did not provide the FEMA Bar Code number.

3. Plaintiff failed to provide a date on the attached Certification.

4. The plaintiff failed to include social security number information on the attached authorizations for release of medical and other records.

5. The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.