UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Charlotte Bell v. Starcraft RV, Inc.* | * | |
| Docket No. 09-6931 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Tony Nations | * | |
| Hue Nguyen | * | |
| Ronald Ramsey | * | |
| Amanda Sawin | * | |
| Jessica Shaw | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft") and Bechtel National, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Tony Nations (Plaintiff in *Bell,* C.A. 09-6931)

- Hue Nguyen (Plaintiff in *Bell,* C.A. 09-6931)

- Ronald Ramsey (Plaintiff in *Bell,* C.A. 09-6931)

- Amanda Sawin (Plaintiff in *Bell,* C.A. 09-6931)

- Jessica Shaw (Plaintiff in *Bell,* C.A. 09-6931)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Tony Nations**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Tony Nations (*See* Plaintiff Fact Sheet of Tony Nations, attached as Exhibit "A"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 6, 2011 and outlined all deficiencies of Tony Nations' fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 6, 2011, attached as Exhibit "B").

Important questions, such as the how long the plaintiff has used tobacco products, considering the plaintiff indicated he is a current smoker, were left unexecuted. Furthermore,

---

[1]  *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2]  Rec. Doc. No. 22153.

3

questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "A")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Tony Nations has only answered 14 of the required 23 key questions. Therefore, Tony Nations' fact sheet remains incomplete.

**Hue Nguyen**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Hue Nguyen (*See* Plaintiff Fact Sheet of Hue Nguyen, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 6, 2011 and outlined all deficiencies of Hue Nguyen's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 6, 2011, attached as Exhibit "B").

Several of the agreed to key questions as outlined in Pre-Trial Order No. 88 have been

4

unanswered by the plaintiff. Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "C")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Hue Nguyen has only answered 15 of the required 23 key questions. Therefore, Hue Nguyen's fact sheet remains incomplete.

**Ronald Ramsey**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Ronald Ramsey (*See* Plaintiff Fact Sheet of Ronald Ramsey, attached as Exhibit "D"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 6, 2011 and outlined all deficiencies of Ronald Ramsey's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 6, 2011, attached as Exhibit "B").

Critical questions to the plaintiff's claim, such as the clarification of specific trailer

information regarding each trailer identified, were provided with partial answers creating ambiguity as to which trailer the plaintiff intended to expound upon. Other important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Additionally some questions that warranted two-part responses, such as the amount and duration of tobacco products the plaintiff uses, were left partially executed after the plaintiff confirmed he is a current smoker. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "D")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Ronald Ramsey has only answered 10 of the required 23 key questions. Therefore, Ronald Ramsey's fact sheet remains incomplete.

**Amanda Sawin**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Amanda Sawin (*See* Plaintiff Fact Sheet of Amanda Sawin, attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 6, 2011 and outlined all deficiencies of Amanda Sawin's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, June 6, 2011, attached as Exhibit "B").

Critical questions to the plaintiff's claim, such as the clarification of specific trailer information regarding each trailer identified, were provided with partial answers creating ambiguity as to which trailer the plaintiff intended to expound upon.  Other important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Additionally some questions that warranted two-part responses, such as the amount and duration of tobacco products the plaintiff uses, were left partially executed after the plaintiff confirmed she is a current smoker. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "E")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Amanda Sawin has only answered 10 of the required 23 key questions. Therefore, Amanda Sawin's fact sheet remains incomplete.

**Jessica Shaw**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft received the unsigned, undated Plaintiff Fact Sheet of Jessica Shaw (*See* Plaintiff Fact Sheet of Jessica Shaw, attached as Exhibit "F"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on June 6, 2011 and outlined all deficiencies of Jessica Shaw's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 6, 2011, attached as Exhibit "B").

Several of the agreed to key questions as outlined in Pre-Trial Order No. 88 have been unanswered by the plaintiff. Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |

8

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "F")

The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Jessica Shaw has only answered 15 of the required 23 key questions. Therefore, Jessica Shaw's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Tony Nations, Hue Nguyen, Ronald Ramsey, Amanda Sawin and Jessica Shaw, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By:  s/*Thomas L. Cougill*
   THOMAS L. COUGILL
   Texas State Bar No. 04877300
   Louisiana State Bar No. 31112
   R. MARK WILLINGHAM
   Texas State Bar No. 21641500
   JEFFREY P. FULTZ
   Texas State Bar No. 00790728
   Mississippi Bar No. 101058
   Niels Esperson Building
   808 Travis Street, Suite 1608
   Houston, Texas  77002
   (713) 333-7600 – Telephone
   (713) 333-7601 – Facsimile

   **Attorneys for Starcraft RV, Inc.**




**FRILOT L.L.C.**


By:  s/*John J. Hainkel*
   JOHN J. HAINKEL, III – La. Bar No. 18246
   A.J. KROUSE – La. Bar No. 14426
   PETER R. TAFARO – La. Bar No. 28776
   3600 Energy Centre, 1100 Poydras Street
   New Orleans, Louisiana 70163
   Telephone : (504) 599-8000
   Facsimile: (504) 599-8100

   **Attorneys for Bechtel National, Inc.**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 31st day of October, 2011.


                                                                                 _s/*Thomas L. Cougill*_
                                                                                 THOMAS L. COUGILL