UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Sandy Barnes v. Jayco, Inc.* | * | |
| Docket No. 09-7887 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Lorry Gilmore, as next friend of | * | |
| Samantha Washington | * | |
| Cheryl Naquin, as next friend of | * | |
| Courtney Naquin | * | |
| Cheryl Naquin, as next friend of | * | |
| Wayne Naquin | * | |
| Melissa Smith | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
<u>RELATING TO PLAINTIFF FACT SHEETS</u>**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco"), Bechtel National, Inc. and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Lorry Gilmore, as next friend of Samantha Washington (Plaintiff in *Barnes,* C.A. 09-7887)

- Cheryl Naquin, as next friend of Courtney Naquin (Plaintiff in *Barnes,* C.A. 09-7887)

- Cheryl Naquin, as next friend of Wayne Naquin (Plaintiff in *Barnes,* C.A. 09-7887)

- Melissa Smith (Plaintiff in *Barnes,* C.A. 09-7887)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to

comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Lorry Gilmore, as next friend of Samantha Washington**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Samantha Washington, attached as Exhibit "A"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an unsigned, undated certification page for Samantha Washington. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Samantha Washington. (*See* Plaintiff Fact Sheet for Samantha Washington, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "A" & "C")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for their claim.

4

Other important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were not answered by the plaintiff rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Samantha Washington's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Samantha Washington has only answered 12 of the required 23 key questions. Therefore, Samantha Washington's fact sheet remains incomplete.

### Cheryl Naquin, as next friend of Courtney Naquin

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Courtney Naquin, attached as Exhibit "E"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an unsigned, undated certification page for Courtney Naquin. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the

fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 3, 2010, attached as Exhibit "B").  After the request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Courtney Naquin.  (*See* Plaintiff Fact Sheet for Courtney Naquin, attached as Exhibit "F").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "E" & "F")

Critical questions to the plaintiff's claim, such as trailer identification, were deficient due to the plaintiff providing answers to general questions that are dependent on specific trailer

6

identification such as the unspecified manufacturer and VIN. Other important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Courtney Naquin's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Courtney Naquin has only answered 8 of the required 23 key questions. Therefore, Courtney Naquin's fact sheet remains incomplete.

**Cheryl Naquin, as next friend of Wayne Naquin**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Wayne Naquin, attached as Exhibit "G"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an unsigned, undated certification page for Wayne Naquin. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 3, 2010, attached as Exhibit "B").  After the request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Wayne Naquin.  (*See* Plaintiff Fact Sheet for Wayne Naquin, attached as Exhibit "H").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "G" & "H")

Critical questions to the plaintiff's claim, such as trailer identification, were deficient due

to the plaintiff providing answers to general questions that are dependent on specific trailer identification such as the unspecified manufacturer and VIN. Other important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Wayne Naquin's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Wayne Naquin has only answered 8 of the required 23 key questions. Therefore, Wayne Naquin's fact sheet remains incomplete.

**Melissa Smith**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Melissa Smith, attached as Exhibit "I"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an unsigned, undated certification page for Melissa Smith. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23

key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 3, 2010, attached as Exhibit "B").  After the request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Melissa Smith. (*See* Plaintiff Fact Sheet for Melissa Smith, attached as Exhibit "J").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "I" & "J")

Critical questions to the plaintiff's claim, such as trailer identification, were deficient due to the plaintiff providing answers to general questions that are dependent on specific trailer information such as the unspecified manufacturer and VIN.  Other important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Melissa Smith's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D").  After defendants were not provided with any further information regarding Melissa Smith, a second Rule 37 letter was forwarded to plaintiff counsel on June 20, 2011.  (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "K"). The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letters and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Melissa Smith has only answered 8 of the required 23 key questions. Therefore, Melissa Smith's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential

for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Lorry Gilmore as next friend of Samantha Washington, Cheryl Naquin as next friend of Courtney Naquin, Cheryl Naquin as next friend of Wayne Naquin and Melissa Smith, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By: s/*Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas  77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Jayco, Inc.**

**FRILOT L.L.C.**

By: s/*John J. Hainkel*
    JOHN J. HAINKEL, III – La. Bar No. 18246
    A.J. KROUSE – La. Bar No. 14426
    PETER R. TAFARO – La. Bar No. 28776
    3600 Energy Centre, 1100 Poydras Street
    New Orleans, Louisiana 70163
    Telephone : (504) 599-8000
    Facsimile: (504) 599-8100

    **Attorneys for Bechtel National, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By: s/*Charles R. Penot, Jr.*
    Charles R. Penot, Jr. (La. Bar No. 1530 &
    Tx. Bar No. 24062455)
    717 North Harwood, Suite 2400
    Dallas, Texas 75201
    (214) 220-6334 – Telephone
    (214) 220-6807 – Facsimile

        -*and*-

    Dominic J. Gianna, La. Bar No. 6063
    Sarah A. Lowman, La. Bar No. 18311
    201 St. Charles Avenue, Suite 3100
    New Orleans, Louisiana 70170
    (504) 525-7200 – Telephone
    (504) 581-5983 – Facsimile

        -*and*-

    Richard A. Sherburne., La. Bar No. 2106
    450 Laurel Street, Suite 1101
    Baton Rouge, Louisiana 70801
    (225) 381-7700 – Telephone
    (225) 381-7730 – Facsimile

    **Attorneys for Fluor Enterprises, Inc.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 31st day of October, 2011.

                                                                          s/*Thomas L. Cougill*
                                                                    THOMAS L. COUGILL