UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>            FORMALDEHYDE PRODUCTS<br>            LIABILITY LITIGATION | MDL NO. 1873 |
| **This document relates to:** | |
| Suit Nos. 09-3731, 10-3570, 10-3472,<br>10-3474, 10-3475, 10-3477, 10-3480, 10-3685,<br>10-3688, 10-3771, 10-3829, 10-3850, 10-3858,<br>10-3945, 10-3978, 10-3993 | **JUDGE ENGELHARDT**<br><br>**MAG. JUDGE CHASEZ** |

**RESUBMITTED MEMORANDUM IN SUPPORT OF**
**UNOPPOSED *EX PARTE* MOTION FOR**
**DISMISSAL OF CLAIMS WITH PREJUDICE[1]**

Defendants, Thor Industries, Inc.[2] and/or Thor Manufacturing, Inc. ("Thor California"), Keystone RV Company (Keystone), Dutchmen Manufacturing, Inc. ("Dutchmen") and DS Corp. (DS Corp)(collectively "Defendants") have filed a motion to dismiss the claims of the plaintiffs listed below because they have failed to provide a plaintiff fact sheet, and, thus failed to comply with PTO Nos. 2 and 32.

The following chart sets out plaintiffs for whom dismissal is sought, the suit number(s) in which these plaintiffs are named and the corresponding defendant for

---

[1] This memorandum is resubmitted pursuant to a deficiency notice issued by the Court on October 26, 2011, relating to the original motion to dismiss. *See* Rec. Doc. No. 23314.

[2] Thor Industries, Inc. has been repeatedly named as a defendant in these actions, although Thor Industries, Inc. does not (and did not) manufacture travel

that particular suit:

| Name of Plaintiff | Suit No(s) | Moving Defendant |
|---|---|---|
| Ben, Trina | 09-3731<br>10-3472<br>10-3685<br>10-3945 | Keystone<br>DS Corp<br>Keystone<br>DS Corp |
| Black, Becky | 10-3477 | Thor California |
| Black, Ronald | 10-3477<br>10-3688 | Thor California<br>Keystone |
| Black, Troy | 10-3477<br>10-3688 | Thor California<br>Keystone |
| Bryan, Kevin | 10-3472<br>10-3685<br>10-3945<br>10-3993<br>09-3731 | Thor California<br>Keystone<br>DS Corp<br>DS Corp<br>Keystone |
| Jeanfreau, Kathleen | 10-3477<br>10-3978 | Thor California<br>DS Corp |
| Karcher, Jr., Rodney On behalf of "MK" | 10-3474<br>10-3716 | Thor California<br>Dutchmen |
| Karcher, Jr., Rodney On behalf of "BK" | 10-3474<br>10-3716 | Thor California<br>Dutchmen |
| Landry, Asia | 10-3480 | Thor California |
| Long, Henry | 10-3477 | Thor California |
| Long, Maria | 10-3477 | Thor California |
| Martello, Samuel | 10-3477 | Thor California |
| Napier, George | 10-3472 | Thor California |
| Neumeyer, Kerilynn | 10-3475 | Thor California |
| Neumeyer, Rodney | 10-3477 | Thor California |
| Neumeyer, Shawn | 10-3477 | Thor California |
| Neumeyer, Shawn on behalf of "NL" | 10-3477 | Thor California |

trailers.

{B0758397.1}                           2

| | | |
|---|---|---|
| Perez, Chaz | 10-3477 | Thor California |
| Phillips, Anthony | 10-3480 | Thor California |
| Phillips, Sandra | 10-3480 | Thor California |
| Verdon, Kenneth | 10-3570 | Thor California |
| Verdon, Shannon on behalf of "KV" | 10-3570 | Thor California |
| Verdon, Shannon on behalf of "JV" | 10-3570 | Thor California |
| Wright, Joseph | 10-3771<br>10-3829<br>10-3858 | DS Corp<br>DS Corp<br>Thor California |
| Wright, Veronica | 10-3829<br>10-3858 | Thor California<br>Thor California |

**LITIGATION BACKGROUND**

This Multi-District Litigation was created in 2007 to allow for coordinated discovery, other pre-trial matters and possible resolution of thousands of claims arising from Hurricanes Katrina and Rita. To date, the Court has issued approximately ninety different Pre-Trial Orders covering various topics.

In Pre-trial Order No. 2, the Court established a procedure for "Plaintiff Fact Sheets" to be used in lieu of formal discovery requests to the plaintiffs.[3] The form of the PFS was standardized and contained a certification by each plaintiff. Each plaintiff was required to complete the form and return it to the Defendants. The PTO has the effect of a discovery request and response:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[4]

---

[3] Rec. Doc. No. 87.

[4] *Id.*, p. 7.

{B0758397.1}                    3

Pre-Trial Order 2 also has a process for "curing" these fact sheets when the plaintiffs failed to provide a fact sheet or gave incomplete responses.  The defendant was permitted to send a deficiency notice concerning the missing or incomplete fact sheet. [5]  The plaintiff was then required to "cure" the deficiency within 30 days or risk dismissal of his or her claims.[6]  The Court carried these procedures over into PTO No. 32.[7]  In addition, Pre-Trial Order No. 88 also modified the plaintiff fact sheet curing process, but does not apply here because the plaintiffs' counsel have consented to the Defendants' motion for dismissal.

## FACTUAL BACKGROUND CONCERNING PLAINTIFFS

On August 25, 2011, counsel for the Defendants notified counsel for the plaintiffs listed above that fact sheets had not been received.[8]  On September 23, 2011, plaintiffs' counsel, Ms. Roberta Burns, responded and indicated that no plaintiff fact sheets could be located for the referenced plaintiffs.[9]  Then, on October 26, 2011, in response to a request made pursuant to Pre-Trial Order No. 10, plaintiffs' counsel indicated by email that plaintiffs had no opposition to the Defendants' motion to dismiss the plaintiffs' claims, with prejudice.

## LAW AND ARGUMENT

It is appropriate for the Defendants to seek dismissal of the plaintiffs' claims

---

[5] *Id.* at p. 8-9.

[6] *Id.* at p. 8-9 and PTO No. 32 (Rec. Doc. No. 1180), p. 5.

[7] Rec. Doc. No. 1180.

[8] *See* Exhibit "1" (August 25, 2011 letter from Ryan Johnson).

[9] *See* Exhibit "2" (September 23, 2011 letter from R. Burns).

{B0758397.1}                                  4

because they have not complied with the requirements of Pre-Trial Order Nos. 2 and 32. As the Court has noted on multiple occasions, Rule 41(b) of the Federal Rules provides a basis for dismissal of claims for failure to comply with the Court's order. This authority is based on the Court's inherent power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[10]

Rule 41(b) specifically authorizes the motion that is presented here: "For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of any action or any claim against him."[11] Moreover, dismissal is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[12]

Here, the plaintiffs have clearly failed to comply with the Court's orders concerning their fact sheets, thus making dismissal appropriate. In addition, their counsel has indicated that plaintiffs do not oppose the dismissal.

## CONCLUSION

For the reasons set out in this memorandum and the accompanying motion, the moving Defendants request that the Court grant this motion, dismissing, with prejudice, the claims of each of the plaintiffs listed above and reflected in the proposed order.

---

[10] *Lopez v. Aransas County Independent School District*, 570 F. 2d 541, 544 (5th Cir. 1978).

[11] Fed. R. Civ. Pro. 41(b).

[12] *See Wrenn v. American Cast Iron Pipe Co.*, 575 F. 2d 544, 546 (5th Cir. 1978).

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
         -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Thor California, Inc., Dutchmen Manufacturing, Inc., DS Corp, and Keystone RV Company*

Date:  October 31, 2011

# CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 31st day of October, 2011.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson

{B0758397.1}                                              6