UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Swanica Nero v. Pilgrim Int., Inc.;* | | * | |
| *Specialty Ins. Co., et al*. | | * | |
| No. 09-4730; | | * | |
| Plaintiff: Enchanti Vaultz | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL OR IN THE
ALTERNATIVE MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

COMES NOW Enchanti Vaultz (hereinafter "Plaintiff") and files this Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for New Trial or in the alternative, Motion for Relief from a Judgment or Order (Rec. Doc. 23268).

I.   INTRODUCTION

On September 9, 2011, the Court dismissed the case of Enchanti Vaultz with prejudice for failure to comply with the sheet deficiency process. Rec. Doc. 22802. On October 7, 2011, Plaintiff filed a Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order. Rec. Doc. 23077. On October 21, 2011, Sentry Insurance filed a Memorandum in Opposition to Motion for New Trial or in the Alternative Motion for Relief from a Judgment or Order. Rec. Doc. 23268. Plaintiff has filed an Unopposed Motion seeking leave to file this Reply to Defendant's Motion in Opposition.

**II.     LAW AND ARGUMENT**

As a part of Plaintiff's Motion for New Trial, Plaintiff provided an extensive fifteen-page Fact Sheet Deficiency Answer. 23077-2.  Defendant meekly states that these Deficiency Answers are still insufficient, yet fails to state any factual information that is missing[1].  Defendant argues that Plaintiff failed to provide the needed information in a timely manner and has not articulated a proper basis for "excusable" neglect or "manifest injustice" under Rule 59 of the Federal Rules of Civil Procedure.  It is excusable neglect in that Plaintiff moved and not realizing her case was in a critical stage failed to inform counsel of her new address[2].  When counsel heard from Plaintiff, her case had already been dismissed.  Rec. Doc. 22083-1, Rec. Doc. 23077-3.  Furthermore, Defendant states Plaintiff has not identified any manifest injustice.  To be clear, the manifest injustice would be dismissing Plaintiff's claims without having them resolved on the merits.  Be that as it may, the real crux of this matter is the basis upon which courts may grant a motion for new trial or relief from judgment.  The pivotal issue here is that courts have broad discretion in deciding these motions, and in striking a balance between finality and serving the interests of justice.  Here the interests of justice would best be served by granting a new trial or in the alternative relief from judgment.

Time and time again, federal courts have recognized that trial judges must be afforded wide discretion in granting a new trial.  *See, e.g., Fryman v. Fed. Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991) ("The grant of a new trial . . . falls within the trial court's discretion to act to prevent a miscarriage of justice.").  Further, our jurisprudential system provides that Rule 60(b) motions must

---

[1] Counsel would also note that the original fact sheet was certified by Plaintiff and further that medical authorizations were supplied to Defendant on November 19, 2009.

[2] Defendant claims counsel has not explained why he did not attempt to contact Plaintiff by phone until September 14, 2011.  Defendant is mistaken as there were repeated phone calls to the phone number counsel believed was for Plaintiff prior to September 14, 2011.  Rec. Doc. 22083-1, Exhibit C, Affidavit of Nicole Porter, page 2, paragraph 5.  Counsel was calling Plaintiff on a regular basis prior to September 2011.  However it was only in September 2011, that counsel realized that those phone numbers were not for Enchanti Vaultz herself, but those of her friends and relatives.  Rec. Doc. 23077-3, paragraph 4.  Enchanti Vaultz, does not have her own phone.  Rec. Doc. 23077-3.

2

be "equitably and liberally applied to achieve substantial justice." *Crutcher v. Aetna Life Ins., Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984).  In this vein, "[d]oubt should be resolved in the favor of a judicial decision on the ***merits of the case***, and a technical error or slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims." *Id.* (emphasis added).  Sentry asks this Court to supplant the merits of Ms. Vaultz's claims with a dispositive decision based upon an unknown technical defect—namely, that Ms. Vaultz did not receive notice of the deficiencies in her PFS until after the Court dismissed her claims.  Further it should not be counted against Plaintiff that she had no working phone by which counsel could contact her.[3]

Plaintiff is asking this Court to exercise its discretion to grant this a Motion for New Trial based upon the facts and circumstances of *her* case.  And, in evaluating Ms. Vaultz's case, the Court should have access to all of the evidence available, including the newly acquired information that Ms. Vaultz did not receive the deficiency notices because counsel did not have her new address and that she did not have a working phone.  *See* 11 Wright & Miller, Federal Practice and Procedure § 3857-64 (recognizing that the policy of the law favors decisions on the merits after a full consideration of all relevant matters and that the Court's final decision turns on the circumstances of the particular case).

### III.    CONCLUSION

Plaintiff has substantiated a proper basis for new trial based under Rule 59 of the Federal Rules of Civil Procedure.  Alternatively, Plaintiff has set forth a proper basis for relief from a judgment or order under Rule 60 of the Federal Rule of Civil Procedure.  Plaintiff would request

---

[3] Counsel had difficulty in contacting Enchanti Vaultz.  It was only in September 2011, that counsel realized Enchanti Vaultz had no working phone number.  See Footnote 1, above.

that the Court exercise its discretion to grant a new trial or in the alternative to grant relief from a judgment or order.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No. 5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 31st day of October, 2011.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**

4