**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Swanica Nero v. Pilgrim Int., Inc.;* | | * | |
| *Specialty Ins. Co., et al*. | | * | |
| No. 09-4730; | | * | |
| Plaintiff: D.G. , a minor, represented by | | * | |
| Brandi Saunders/Penny Saunders | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL OR IN THE
ALTERNATIVE MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

COMES NOW Penny Saunders, misidentified as Penny Saunders on behalf of D.G., a minor (hereinafter "Plaintiff") and files this Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for New Trial or in the Alternative, Motion for Relief from a Judgment or Order (Rec. Doc. 23270).

**I.      INTRODUCTION**

On September 9, 2011, the Court dismissed the case of Brandi Saunders on behalf of D.G. with prejudice for failure to comply with the sheet deficiency process. Rec. Doc. 22802. On October 7, 2011, Plaintiff Penny Saunders, misidentified as Brand Saunders, on behalf of D.G. filed a Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order. Rec. Doc. 23075. On October 21, 2011, Sentry Insurance filed a Memorandum in Opposition to

Motion for New Trial or in the Alternative Motion for Relief from a Judgment or Order. Rec. Doc. 23270. Plaintiff has filed an Unopposed Motion seeking leave to file this Reply to Defendant's Motion in Opposition.

## II.     LAW AND ARGUMENT

Defendant argues that Plaintiff failed to provide in the information in a timely manner and has not articulated a proper basis for constitute "excusable" neglect or "manifest injustice" under Rule 59 of the Federal Rules of Civil Procedure. It is excusable neglect in that Plaintiff moved and not realizing the case was in a critical stage failed to inform counsel of her new address and new phone number[1]. When counsel heard from Penny Saunders, the case of D.G. had already been dismissed. Rec. Doc. 23075-3. Contrary to what Defendant maintains, a legitimate excuse for the failure to present the needed information in a more timely manner has been articulated in the Affidavit supplied in support of the Motion. Rec. Doc. 23075-3. Furthermore, Defendant states Plaintiff has not identified any "manifest injustice". To be clear, the manifest injustice would be dismissing Plaintiff's claims without having them resolved on the merits. Be that as it may, the real crux of this matter is the basis upon which courts may grant a motion for new trial or relief from judgment. The pivotal issue here is that courts have broad discretion in deciding these motions, and in striking a balance between finality and serving the interests of justice. Here the interests of justice would best be served by granting a new trial or in the alternative relief from judgment.

Time and time again, federal courts have recognized that trial judges must be afforded wide discretion in granting a new trial. *See, e.g., Fryman v. Fed. Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991) ("The grant of a new trial . . . falls within the trial court's discretion to act to prevent a

---

[1] Defendant claims counsel has not explained why he did not attempt to contact Plaintiff by phone until September 14, 2011. Defendant is mistaken as there were repeated phone calls to the phone number counsel had for Plaintiff prior to September 14, 2011. Rec. Doc. 22083-1, Exhibit D, Affidavit of Nicole Porter, page 2, paragraph 5. Counsel was calling Plaintiff on a regular basis prior to September 2011. However it was only in September 2011, that counsel learned that Penny Saunders had moved and changed her phone number. Rec. Doc. 23075-3.

2

miscarriage of justice."). Further, our jurisprudential system provides that Rule 60(b) motions must be "equitably and liberally applied to achieve substantial justice." *Crutcher v. Aetna Life Ins., Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984).   In this vein, "[d]oubt should be resolved in the favor of a judicial decision on the ***merits of the case***, and a technical error or slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims." *Id.* (emphasis added).  Sentry asks this Court to supplant the merits of Plaintiff's claims with a dispositive decision based upon an unknown technical defect—namely, that Penny Saunders did not receive notice of the deficiencies for D.G. until after the Court dismissed D.G's claims.

Plaintiff is asking this Court to exercise its discretion to grant Saunders' Motion for New Trial based upon the facts and circumstances of *D. G.'s* case.  And, in evaluating D.G.'s case, the Court should have access to all of the evidence available, including the newly acquired information that Penny Saunders did not receive the deficiency notices because she had moved. *See* 11 Wright & Miller, Federal Practice and Procedure § 3857-64 (recognizing that the policy of the law favors decisions on the merits after a full consideration of all relevant matters and that the Court's final decision turns on the circumstances of the particular case).

### III.    CONCLUSION

Plaintiff has substantiated a proper basis for new trial based under Rule 59 of the Federal Rules of Civil Procedure.  Alternatively, Plaintiff has set forth a proper basis for relief from a judgment or order under Rule 60 of the Federal Rule of Civil Procedure.  Plaintiff would request that he Court exercise its discretion to grant a new trial or in the alternative to grant relief from a judgment or order dismissing the case of D.G.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 31st day of October, 2011.

/s/ Robert C. Hilliard
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**ROBERT C. HILLIARD**