**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Kimberly Jackson, as Next* | | * | |
| *Friend of T. J., a minor, et. al. vs.* | | * | |
| *Sunnybrook R.V., Inc., et. al*. | | * | |
| Cause: 09-7848 | | * | |
| Plaintiff: Ashlyn Simien | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S REPLY TO SUNNYBROOK RV'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL OR IN THE ALTERNATIVE MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

COMES NOW Ashlyn Nechelle Simien (hereinafter "Plaintiff") and files this Reply to Sunnybrook RV's Memorandum in Opposition to Plaintiff's Motion for New Trial or in the alternative, Motion for Relief from a Judgment or Order (Rec. Doc. 23283).

**I.   INTRODUCTION**

On September 9, 2011, the Court dismissed the case of Ashlyn Simien with prejudice for failure to comply with the sheet deficiency process. Rec. Doc. 22803. On October 7, 2011, Plaintiff filed a Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order. Rec. Doc. 23076. On October 21, 2011, Sunnybrook RV filed a Memorandum in Opposition to Motion for New Trial or in the Alternative Motion for Relief from a Judgment or Order. Rec. Doc. 23283. Plaintiff has filed an Unopposed Motion seeking leave to file this Reply

to Defendant's Motion in Opposition.

## II.  LAW AND ARGUMENT

Defendant alleges that Plaintiff has not set forth a proper basis for "excusable neglect" sufficient for a new trail or relief from judgment.  Plaintiff has set forth a proper basis as she was not aware that her case was a critical stage as she had moved and counsel did not have a working phone number to reach her.  Rec. Doc. 23076-3.  Defendant also asserts Plaintiff has not set forth any basis for "manifest injustice".  To be clear, it would be manifest injustice to have Plaintiff's claims dismissed without having them considered on the merits.  Be that as it may, the real crux of this matter is the basis upon which courts may grant a motion for new trial or relief from judgment.  The pivotal issue here is that courts have broad discretion in deciding these motions, and in striking a balance between finality and serving the interests of justice.  Here the interests of justice would best be served by granting a new trial or in the alternative relief from judgment

Time and time again, federal courts have recognized that trial judges must be afforded wide discretion in granting a new trial.  *See, e.g., Fryman v. Fed. Crop Ins. Corp.*, 936 F.2d 244, 248 (6th Cir. 1991) ("The grant of a new trial . . . falls within the trial court's discretion to act to prevent a miscarriage of justice.").  Further, our jurisprudential system provides that Rule 60(b) motions must be "equitably and liberally applied to achieve substantial justice." *Crutcher v. Aetna Life Ins., Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984).   In this vein, "[d]oubt should be resolved in the favor of a judicial decision on the ***merits of the case***, and a technical error or slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of her claims." *Id.* (emphasis added).  Sunnybrook asks this Court to supplant the merits of Ms. Simien's claims with a dispositive decision based upon an unknown technical defect—namely, that Ms. Simien did not receive notice of the deficiencies in her PFS until after the Court dismissed her claims.

Sunnybrook erroneously asserts that granting Ms. Simien's Motion for New Trial would "allow every plaintiff who failed to come forward with the deadlines provided by the Court to take multiples bites of the apple." Sunnybrook RV's Memorandum in Opposition to plaintiff's Motion for New Trial or in the Alternative Motion for Relief from a Judgment or Order, Doc. No. 23283, at 4. That is simply not the case. Plaintiff is asking this Court to exercise its discretion to grant Ms. Simien a Motion for New Trial based upon the facts and circumstances of *her* case. And, in evaluating Ms. Simien's case, the Court should have access to all of the evidence available, including the newly acquired information that Ms. Simien did not receive the deficiency notices because the address for Ms. Simien was incorrect. *See* 11 Wright & Miller, Federal Practice and Procedure § 3857-64 (recognizing that the policy of the law favors decisions on the merits after a full consideration of all relevant matters and that the Court's final decision turns on the circumstances of the particular case).

Sunnybrook also erroneously asserts that counsel did not attempt to contact Ms. Simien by phone until September 2011. Counsel attempted to contact her by phone earlier. Rec. Doc. 22292-1. Counsel admits they began calling her to tell her about the Dismissal on September 14, 2011, but there had been additional calls prior to that time. Rec. Doc. 22292-1. Plaintiff's counsel would also note that the prior supplementations to the fact sheet were based upon materials in the file. Rec. Doc. 22292-1, paragraph 5. The Fact Sheet Deficiency Answers that were supplemented on October 7, 2011, were based on discussions with the client that took place in September 2011 after the Court and had dismissed the case. These Deficiency Answers were verified by Plaintiff's counsel, Robert Hilliard and answered the key questions as set forth in PTO 88. Rec. Doc. 23076-2, and Rec. Doc. 22153.

Sunnybrook also improperly confuses Ms. Simien's answers to the PFS with her *knowledge* of any deficiency.  *See* Sunnybrook RV's Memorandum in Opposition to Plaintiff's Motion for New Trial or in the Alternative Motion for Relief from a Judgment or Order, Doc. No. 23283, at 6-7 ("It would be ludicrous to suggest that plaintiff did not know the answers to the questions posed in her fact sheet *before* September 9, 2011, the date of the Court's dismissal and somehow she only became aware of the cures to the deficiency letter after the dismissal").  Plaintiff is not contending that the new evidence is the information needed to complete the PFS; instead, Plaintiff contends that the new evidence is the *knowledge* that the deficiency letters were not received.

### III.   CONCLUSION

Plaintiff has substantiated a proper basis for new trial based under Rule 59 of the Federal Rules of Civil Procedure.  Alternatively, Plaintiff has set forth a proper basis for relief from a judgment or order under Rule 60 of the Federal Rule of Civil Procedure.  Plaintiff would request that the Court exercise its discretion to grant a new trial or in the alternative to grant relief from a judgment or order.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

>MIKAL C. WATTS
>Texas State Bar No. 20981820
>Southern District of TX Federal ID No. 12419
>MIKAL C. WATTS, P.C.
>2506 N. Port Ave.
>Corpus Christi, Texas 78401
>Telephone: (800) 994-0019
>Facsimile: (361) 882-1261
>
>**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 31st day of October, 2011.

>/s/ Robert C. Hilliard
>_____
>**ROBERT C. HILLIARD**