UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE:  ENGELHARDT |
| **This Document Relates to:** | * | |
| *Byron Black, et al v.* | * | MAGISTRATE:  CHASEZ |
| *Recreation by Design, LLC,* | * | |
| Docket No. 09-5650 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims of plaintiffs, Berthard Skidmore, Jr. and Earline Skidmore with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2, 32 and 88 relating to the provisions of Plaintiff Fact Sheets.

**I.    FACTUAL BACKGROUND**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To date, the Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation.  In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No. 2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"), in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as

---

[1] *See* R. Doc. No. 87.

1

answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS. Specifically, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[4] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[5] Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88 ("PTO No. 88")[6]. PTO No. 88 reduced the number of PFS questions that a plaintiff is required to answer to twenty-three ("23"). These 23 key questions were identified by the Plaintiff Steering Committee and Defense Liaison Counsel as the minimum information required by the parties to evaluate a plaintiff's claim for global settlement purposes. PTO No. 88 also extended the time to cure a deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

---

[2] *Id.* at pg. 7.
[3] *Id.* at pgs. 8 - 9.
[4] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[5] *See* R. Doc. No. 1180.
[6] *See* R. Doc. No. 22153.

## II.  LAW AND ARGUMENT

In compliance with PTO Nos. 2, 32 & 88, the mover, through undersigned counsel, forwarded a deficiency letter to the above-referenced plaintiffs, though their counsel of record, on or about April 19, 2011, notifying the plaintiff of the specific deficiencies on their PFS .[7] As detailed below, to date, the PFS for the referenced plaintiffs remain deficient.

1. **Berthard Skidmore, Jr.:** The response provided on behalf of Berthard Skidmore, Jr. to the April 19, 2011 deficiency letter[8] indicated that his counsel was "attempting to reach client."[9] Berthard Skidmore, Jr.'s PFS includes responses to only 8 (eight) of the approximately 120 questions on a PFS.[10] Further, Berthard Skidmore, Jr. only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [11] Specifically, Berthard Skidmore, Jr. did not provide responses to the following 17 key questions:

    1. III.C.   Checklist
    2. III.C.2. Future Medical Claim
    3. III.C.3. Diagnosed Illness
    4. III.C.8. Psychological Treatment
    5. III.C.9. Total Medical Expenses
    6. IV.C. Date of Birth
    7. IV.F.3. Only if you are making a wage claim
    8. V.A.4. Bar Code

---

[7] *See* Exhibit "A", copy of cover letter forwarding Deficiency Letters to plaintiffs' counsel for plaintiffs included in this Motion to Dismiss.
[8] *See* Exhibit "B-1", Berthard Skidmore, Jr. Deficiency Letter.
[9] *See* Exhibit "B-2", Berthard Skidmore ERRATA sheet dated May 20, 2011.
[10] *See* Exhibit "B-3", Berthard Skidmore PFS.
[11] *Id.*

3

      9. V.A.6. Move in Date

      10. V.A.7. Move out Date

      11. V.E. Name of all trailer residents

      12. V.13. Number of hours spent in trailer each day

      13. VI.C. Plaintiff's Smoking History

      14. VI.D. Smoking History of Other Trailer Resident(s)

      15. VI(F)(1 & 4) Prior Medical History

      16. VII.B. Treatment for Formaldehyde Related Injury

      17. VIII(A-D) Produce Records

Lastly, Berthard Skidmore, Jr. did not certify or date his PFS. For these reasons, the PFS submitted for Berthard Skidmore, Jr. is incomplete.

**2.**      **Earline Skidmore:** The response provided on behalf of Earline Skidmore to the April 19, 2011 deficiency letter[12] indicated that her counsel was "attempting to reach client."[13] Earline Skidmore's PFS includes responses to only 8 (eight) of the approximately 120 questions on a PFS.[14] Further, Earline Skidmore only provided responses to 6 (six) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [15] Specifically, Earline Skidmore did not provide responses to the following 17 key questions:

      1. III.C.   Checklist

      2. III.C.2. Future Medical Claim

      3. III.C.3. Diagnosed Illness

---

[12] *See* Exhibit "C-1", Earline Skidmore Deficiency Letter.
[13] *See* Exhibit "C-2", Earline Skidmore ERRATA sheet dated May 20, 2011.
[14] *See* Exhibit "C-3", Earline Skidmore PFS.
[15] *Id.*

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.4. Bar Code

9. V.A.6. Move in Date

10. V.A.7. Move out Date

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Earline Skidmore did not certify or date her PFS. For these reasons, the PFS submitted for Earline Skidmore is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[16] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is

---

[16] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).

5

appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[17] Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with PTO Nos. 2, 32, and 88, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy as it regards the above-referenced plaintiffs is dismissal, with prejudice, of their claims. Further, counsel has indicated that it does not oppose dismissal of these plaintiffs' claims.[18]

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

As established above, plaintiffs Berthard Skidmore, Jr. and Earline Skidmore have not submitted a complete PFS as directed by PTO Nos. 2, 32 and 88. Therefore, in accordance with PTO Nos. 2, 32, and 88, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), RBD's Unopposed Motion to Dismiss for Failure to Comply with PTO Nos. 2, 32 and 88 should be granted, dismissing the claims of the aforementioned plaintiffs, with *prejudice*.

---

[17] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[18] *See* Exhibit "D".

Respectfully submitted,

 /s/ Kelly M. Morton
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

 /s/ Kelly M. Morton
KELLY M. MORTON, Bar No. 30645