UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER         *       MDL NO. 1873
FORMALDEHYDE PRODUCTS    *
LIABILITY LITIGATION       *       SECTION "N" (5)
                         *
                         *       JUDGE:  ENGELHARDT
This Document Relates to:     *
*Theresa Becnel, et al v.*      *       MAGISTRATE:  CHASEZ
*Recreation by Design, LLC,*  *
Docket No. 09-8624        *
*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
COMPLY WITH PRE-TRIAL ORDER NOS. 2, 32 & 88 RELATING TO PLAINTIFF
FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims

of plaintiffs:

1. Samuel McClinton
2. Charles Moliere
3. Raychell Pierre
4. Sheila Pierre obo J.P.
5. Johnny Taylor
6. April Watkins
7. Ronda Watkins
8. Barbara Young
9. Chesity Young
10. Steven Young
11. Tasha Young

with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2, 32 and

88 relating to the provisions of Plaintiff Fact Sheets.

## I.     FACTUAL BACKGROUND

The above-captioned Multi-District Litigation was created in 2007 to allow for the

consolidated resolution and completion of discovery and other pre-trial matters.  To date, the

Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation. In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No. 2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"), in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS. Speficially, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3]The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[4] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[5]  Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88 ("PTO No. 88")[6]. PTO No. 88 reduced the number of PFS questions that a plaintiff is required to answer to twenty-three ("23"). These 23 key questions were identified by the Plaintiff Steering Committee and

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pgs. 8 - 9.
[4] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[5] *See* R. Doc. No. 1180.
[6] *See* R. Doc. No. 22153.

Defense Liaison Counsel as the minimum information required by the parties to evaluate a plaintiff's claim for global settlement purposes.  PTO No. 88 also extended the time to cure a deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

## II.    LAW AND ARGUMENT

In compliance with PTO Nos. 2, 32 & 88, the mover, through undersigned counsel, forwarded a deficiency letter to the above-referenced plaintiffs, though their counsel of record, on or about May 11, 2011, notifying the plaintiff of the specific deficiencies  on their PFS .[7]  As detailed below, to date, the PFS for the referenced plaintiffs remain deficient.

1.    **Samuel McClinton:** To date, Samuel McClinton has not responded to the May 11, 2011 deficiency letter[8] and his PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[9]  Further, Samuel McClinton only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[10]  Specifically, Samuel McClinton did not provide responses to the following 17 key questions:

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

---

[7] *See* Exhibit "A", copy of cover letter forwarding Deficiency Letters to plaintiffs' counsel for plaintiffs included in this Motion to Dismiss.
[8] *See* Exhibit "B-1", Samuel McClinton Deficiency Letter.
[9] *See* Exhibit "B-2", PFS submitted for Samueal McClinton.
[10] *Id.*

    7.   V.A.3. FEMA I.D.#

    8.   V.A.6. Move in Date

    9.   V.A.7. Move out Date

    10. V.A.8. Installation Address

    11. V.E. Name of all trailer residents

    12. V.13. Number of hours spent in trailer each day

    13. VI.C. Plaintiff's Smoking History

    14. VI.D. Smoking History of Other Trailer Resident(s)

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

Lastly, Samuel McClinton did not certify or date his PFS.  For these reasons, the PFS submitted for Samuel McClinton is incomplete.

**2.**	**Charles Moliere:** To date, Charles Moliere has not responded to the May 11, 2011 deficiency letter[11] and his PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[12]  Further, Charles Moliere only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[13]  Specifically, Charles Moliere did not provide responses to the following 17 key questions:

    1.   III.C.   Checklist

    2.   III.C.2. Future Medical Claim

    3.   III.C.3. Diagnosed Illness

---

[11] *See* Exhibit "C-1", Charles Moliere Deficiency Letter.
[12] *See* Exhibit "C-2", PFS submitted for Charles Moliere.
[13] *Id.*

4

    4.  III.C.8. Psychological Treatment

    5.  III.C.9. Total Medical Expenses

    6.  IV.F.3. Only if you are making a wage claim

    7.  V.A.3. FEMA I.D.#

    8.  V.A.6. Move in Date

    9.  V.A.7. Move out Date

    10. V.A.8. Installation Address

    11. V.E. Name of all trailer residents

    12. V.13. Number of hours spent in trailer each day

    13. VI.C. Plaintiff's Smoking History

    14. VI.D. Smoking History of Other Trailer Resident(s)

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

Lastly, Charles Moliere did not certify or date his PFS.  For these reasons, the PFS submitted for Charles Moliere is incomplete.

**3.**     **Raychell Pierre:**  To date, Raychell Pierre has not responded to the May 11, 2011 deficiency letter[14] and her PFS includes responses to only nine (9) of the approximately 120 questions on the PFS.[15]  Further, Raychell Pierre only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[16]  Specifically, Raychell Pierre did not provide responses to the following 17 key questions:

---

[14] *See* Exhibit "D-1", Raychelle Pierre Deficiency Letter.
[15] *See* Exhibit "D-2", PFS submitted for Raychell Pierre.
[16] *Id.*

1.  III.C.   Checklist

2.  III.C.2. Future Medical Claim

3.  III.C.3. Diagnosed Illness

4.  III.C.8. Psychological Treatment

5.  III.C.9. Total Medical Expenses

6.  IV.F.3. Only if you are making a wage claim

7.  V.A.3. FEMA I.D.#

8.  V.A.6. Move in Date

9.  V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Raychell Pierre did not certify or date her PFS.  For these reasons, the PFS

submitted for Raychell Pierre is incomplete.

**4.**     **Sheila Pierre obo J.P.:**  To date, Sheila Pierre obo J.P. has not responded to the May 11,

2011 deficiency letter[17] and her PFS includes responses to only ten (10) of the approximately

120 questions on the PFS.[18]  Further, Sheila Pierre obo J.P. only provided responses to six (6)  of

---

[17] *See* Exhibit "E-1", Sheila Pierre obo J.P. Deficiency Letter.
[18] *See* Exhibit "E-2", PFS submitted for Sheila Pierre obo J.P.

the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[19]   Specifically, Sheila Pierre obo J.P. did not provide responses to the following 17 key questions:

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Sheila Pierre obo J.P. Sheila Pierre obo J.P. did not certify or date her PFS.  For these reasons, the PFS submitted for Sheila Pierre obo J.P. is incomplete.

---

[19] *Id.*

5.     **Johnny Taylor:**   To date, Johnny Taylor has not responded to the May 11, 2011 deficiency letter[20] and his PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[21]   Further, Johnny Taylor only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[22]   Specifically, Johnny Taylor did not provide responses to the following 17 key questions:

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

---

[20] *See* Exhibit "F-1", Johnny Taylor Deficiency Letter.
[21] *See* Exhibit "F-2", PFS submitted for Johnny Taylor.
[22] *Id.*

8

17. VIII(A-D) Produce Records

Lastly, Johnny Taylor did not certify or date his PFS.  For these reasons, the PFS submitted for Johnny Taylor is incomplete.

**6.**    **April Watkins:**    To date, April Watkins has not responded to the May 11, 2011 deficiency letter[23] and her PFS includes responses to only nine (9) of the approximately 120 questions on the PFS.[24]  Further, April Watkins only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global 17 key questions:

1. III.C.  Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

---

[23] *See* Exhibit "G-1", April Watkins Deficiency Letter.
[24] *See* Exhibit "G-2", PFS submitted for April Watkins.

9

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

Lastly, April Watkins did not certify or date her PFS.  For these reasons, the PFS submitted for April Watkins is incomplete.

**7.**    **Ronda Watkins:**  To date, Ronda Watkins has not responded to the May 11, 2011 deficiency letter[25] and her PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[26]  Further, Ronda Watkins only provided responses to seven (7) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[27]  Specifically, Ronda Watkins did not provide responses to the following 16 key questions:

    1. III.C.  Checklist

    2. III.C.2. Future Medical Claim

    3. III.C.3. Diagnosed Illness

    4. III.C.8. Psychological Treatment

    5. III.C.9. Total Medical Expenses

    6. IV.F.3. Only if you are making a wage claim

    7. V.A.6. Move in Date

    8. V.A.7. Move out Date

    9. V.A.8. Installation Address

    10. V.E. Name of all trailer residents

    11. V.13. Number of hours spent in trailer each day

---

[25] *See* Exhibit "H-1", Ronda Watkins Deficiency Letter.
[26] *See* Exhibit "H-2", PFS submitted Ronda Watkins.
[27] *Id.*

12. VI.C. Plaintiff's Smoking History

13. VI.D. Smoking History of Other Trailer Resident(s)

14. VI(F)(1 & 4) Prior Medical History

15. VII.B. Treatment for Formaldehyde Related Injury

16. VIII(A-D) Produce Records

Lastly, Ronda Watkins did not certify or date her PFS.  For these reasons, the PFS submitted for Ronda Watkins is incomplete.

**8.      Barbara Young:**  To date, Barbara Young has not responded to the May 11, 2011 deficiency letter[28] and her PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[29]  Further, Barbara Young E only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[30]  Specifically, Barbara Young did not provide responses to the following 17 key questions:

1.   III.C.   Checklist

2.   III.C.2. Future Medical Claim

3.   III.C.3. Diagnosed Illness

4.   III.C.8. Psychological Treatment

5.   III.C.9. Total Medical Expenses

6.   IV.F.3. Only if you are making a wage claim

7.   V.A.3. FEMA I.D.#

8.   V.A.6. Move in Date

9.   V.A.7. Move out Date

---

[28] *See* Exhibit "I-1", Barbara Young Deficiency Letter.
[29] *See* Exhibit "I-2", PFS submitted for Barbara Young.
[30] *Id.*

11

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Barbara Young did not certify or date her PFS.  For these reasons, the PFS submitted for Barbara Young is incomplete.

**9.    Chesity Young:**  To date, Chesity Young has not responded to the May 11, 2011 deficiency letter[31] and her PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[32]  Further, Chesity Young only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[33]  Specifically, Chesity Young did not provide responses to the following 17 key questions:

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

---

[31] *See* Exhibit "J-1", Chesity Young Deficiency Letter.
[32] *See* Exhibit "J-2", PFS submitted for Chesity Young.
[33] *Id.*

      7.   V.A.3. FEMA I.D.#

      8.   V.A.6. Move in Date

      9.   V.A.7. Move out Date

      10. V.A.8. Installation Address

      11. V.E. Name of all trailer residents

      12. V.13. Number of hours spent in trailer each day

      13. VI.C. Plaintiff's Smoking History

      14. VI.D. Smoking History of Other Trailer Resident(s)

      15. VI(F)(1 & 4) Prior Medical History

      16. VII.B. Treatment for Formaldehyde Related Injury

      17. VIII(A-D) Produce Records

Lastly, Chesity Young did not certify or date her PFS. For these reasons, the PFS submitted for Chesity Young is incomplete.

**10.  Steven Young:**  To date, Steven Young has not responded to the May 11, 2011 deficiency letter[34] and his PFS includes responses to only nine (9) of the approximately 120 questions on the PFS.[35]  Further, Steven Young only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[36]  Specifically, Steven Young did not provide responses to the following 17 key questions:

      1.   III.C.   Checklist

      2.   III.C.2. Future Medical Claim

      3.   III.C.3. Diagnosed Illness

[34] *See* Exhibit "K-1", Steven Young Deficiency Letter.
[35] *See* Exhibit "K-2", PFS submitted for Steven Young.
[36] *Id.*

4.  III.C.8. Psychological Treatment

5.  III.C.9. Total Medical Expenses

6.  IV.F.3. Only if you are making a wage claim

7.  V.A.3. FEMA I.D.#

8.  V.A.6. Move in Date

9.  V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Steven Young did not certify or date his PFS.  For these reasons, the PFS submitted for Steven Young is incomplete.

**11.    Tasha Young:**  To date, Tasha Young has not responded to the May 11, 2011 deficiency letter[37] and her PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[38]  Further, Tasha Young only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[39]  Specifically, Tasha Young did not provide responses to the following 17 key questions:

---

[37] *See* Exhibit "L-1", Tasha Young Deficiency Letter.
[38] *See* Exhibit "L-2", PFS submitted for Tasha Young.
[39] *Id.*

14

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Tasha Young did not certify or date her PFS.  For these reasons, the PFS submitted for Tasha Young is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[40] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with

---

[40] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).

these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[41]  Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.  Therefore, in accordance with PTO Nos. 2, 32, and 88, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy as it regards the above-referenced plaintiffs is dismissal, with prejudice, of their claims.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs.  The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses.  Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

As established above, plaintiffs:

1. Samuel McClinton
2. Charles Moliere
3. Raychell Pierre
4. Sheila Pierre obo J.P.
5. Johnny Taylor
6. April Watkins
7. Ronda Watkins
8. Barbara Young
9. Chesity Young
10. Steven Young

---

[41] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

11. Tasha Young

have not submitted a complete PFS as directed by PTO Nos. 2, 32 and 88.  Therefore, in

accordance with PTO Nos. 2, 32, and 88, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI

and 41(b), RBD's Motion to Dismiss for Failure to Comply with PTO Nos. 2, 32 and 88 should

be granted, dismissing the claims of the aforementioned plaintiffs, with *prejudice*.

Respectfully submitted,

 */s/ Kelly M. Morton*_____
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2011, I electronically filed the foregoing with the
Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to
all known counsel of record.

 */s/ Kelly M. Morton*_____
KELLY M. MORTON, Bar No. 30645

17