UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE | * | MDL NO. 1873 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION "N" (5) |
| THIS DOCUMENT RELATES TO: 07-5709 | * | |
| *Joseph Pujol, et al. v. Pilgrim International, Inc., et al.* | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' FOURTH SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

NOW INTO COURT, come Plaintiffs, Stephanie G. Pujol, Joseph M. Pujol, individually and on behalf of his minor children, Jessica R. Pujol and Jill N. Pujol, and Catina Hopkins as representative of deceased Plaintiff, Eric A. Smith ("Plaintiffs")[1], who through undersigned counsel, supplement and amend their Class Action Complaint (Civil Action No. 07-5709, Doc. 1), Amended and Restated Class Action Complaint with Jury Demand (MDL No. 1873, Doc. 103), Second Amended Complaint for Damages (MDL No. 1873, Doc. 1256), and Third Supplemental and Amending Complaint for Damages (MDL No. 1873, Doc. 2850), (hereinafter, "underlying complaints")[2], to add a direct cause of action against The Burlington Insurance Company ("Burlington") as an insurer of Pilgrim International, Inc. ("Pilgrim").

---

[1] Plaintiff Renay Gardner, although she resided in a Pilgrim emergency housing unit ("EHU"), is not named in this amendment because she did not reside in the EHU during Burlington's policy period.

[2] For a clear procedural history of Civil Action No. 07-5709 and matching of Plaintiffs, please see Plaintiffs' Motion to Deem *Joseph M. Pujol, et al. v. Pilgrim International, Inc., et al.*, (Civil Action No. 07-5709), A Matched Complaint Pursuant to Pre-Trial Orders 40 and 68 (Rec. Doc. 17429).

Plaintiffs, through undersigned counsel, supplement and amend their underlying complaints in the following respects and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein:

**1.**

By adding the following paragraph to reflect the addition of Burlington as a Defendant:

    a.    Defendant The Burlington Insurance Company ("Burlington"), is, upon information and belief, an entity incorporated in the state of North Carolina, with its principle place of business in the state of North Carolina.  Further, Defendant Burlington provided insurance coverage for the risks involved herein of Pilgrim International, Inc. ("Pilgrim"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

**2.**

By adding the following paragraph regarding jurisdiction and venue to reflect the addition of Burlington as a Defendant:

    a.    Burlington is subject to the *in personam* jurisdiction of this Court because it and its insured client, Pilgrim, does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are the subject of this litigation.

**3.**

Plaintiffs reaver and reiterate all of the allegations, claims, and prayers for relief contained in their underlying complaints, and adds the following **CAUSE OF ACTION AGAINST CRUM & FORSTER, SENTRY, AND BURLINGTON UNDER THE LOUISIANA PRODUCTS LIABILITY ACT**:

a. Named Plaintiffs incorporate all of the allegations in their underlying complaints as if fully repeated verbatim herein.

b. Pilgrim is the manufacturer of the housing unit occupied by Plaintiffs, which unit constitutes a product under the Louisiana Products Liability Act (hereinafter "LPLA").

c. The exposure of Plaintiffs to formaldehyde fumes from Pilgrim's products and equipment resulted from the normal, foreseeable, and intended use of the product and equipment, without substantial alteration in the condition in which Pilgrim sold the housing unit.

d. The design of the housing unit, using plywood, press board, other composite wood products and other products that contain formaldehyde is defective and posed an unreasonable risk of harm to Plaintiffs.

e. Alternatively, the use of plywood, press board, other composite wood products and other products that contain formaldehyde constitutes a defect in composition or manufacture that posed an unreasonable risk of harm to Plaintiffs.

 f. Pilgrim's products, equipment and supplies used by Plaintiffs were in a defective condition and were unreasonably dangerous under normal use at the time the products and equipment left Pilgrim's control. Plaintiffs were intended and foreseeable users of the alleged defective products and damages and losses to Plaintiffs reasonably could have been anticipated by Pilgrim.

 g. The defects in Pilgrim's housing units are the result of and/or includes, but is not limited to, the following:

  1. in failing to design their respective products so as not to emit dangerous levels of formaldehyde;

  2. in providing housing units which, by virtue of their design and/or manufacture and/or composition, were unreasonably dangerous under reasonably anticipated use;

  3. in providing housing units which, by virtue of a lack of an adequate warning(s), were unreasonably dangerous under reasonably anticipated use;

  4. in providing housing units which did not conform to the express warranties made by Pilgrim regarding their fitness for use as reasonably anticipated;

  5. in manufacturing, testing, and marketing, distributing, licensing and selling of unreasonably dangerous housing units;

6. in failing to properly test the housing units to correctly evaluate the level of emissions of formaldehyde under foreseeable conditions for extended periods of time;

7. in failing to warn Plaintiffs of the unreasonably dangerous nature of the housing units occupied by the Plaintiffs, or warn adequately of the presence of excessive levels of emissions of formaldehyde and the hazards associated with the excess levels of emissions of formaldehyde in the units;

8. in failing to ensure that the housing units it manufactured and provided to Plaintiffs were suitable for their intended use;

9. in failing to adhere to any and all express warranties of fitness and safety for the housing units they manufactured and provided;

10. in manufacturing and providing housing units which were unduly dangerous due to their emissions of formaldehyde; and

11. such other indicia of fault under the LPLA as will be shown at the trial of this matter.

h. Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Defendants, Crum & Forster, Sentry, and Burlington, are liable as the insurers of Pilgrim during the periods that Plaintiffs resided in the Pilgrim manufactured EHUs.

**4.**

By amending the paragraphs regarding compensatory damages to reflect the addition of Burlington as a Defendant:

    a.    In addition to and by way of summarizing the compensatory damages prayed for herein, Plaintiffs aver that the Defendants, Pilgrim, the United States of America through the Federal Emergency Management Agency ("FEMA") and Crum & Forster Specialty Insurance Company ("Crum & Forster") through Pilgrim, Burlington through Pilgrim, and Sentry Insurance A Mutual Company ("Sentry") through Pilgrim, as well as Shaw Environmental, Inc. ("Shaw"), individually and/or jointly are responsible for all damages which each Plaintiff herein has suffered and continues to suffer as a consequence of Defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium, and loss of use and/or opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

**5.**

By amending the paragraph regarding prayer for relief to reflect the addition of Burlington as a Defendant:

WHEREFORE, the Plaintiffs pray that the underlying complaints be amended to reflect the addition of Burlington as a Defendant, and that Crum & Forster, Burlington,

Sentry, Shaw, and the Federal Government be served with a copy of this Fourth Supplemental and Amending Complaint for Damages, and that, after due proceedings:

1. there be a judgment herein in favor of the Plaintiffs and against Defendants for all compensatory damages together with legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the Defendants are liable for all applicable damages and thereafter;

2. there be specially included in the judgment in the Plaintiffs' favor, provisions for the following damages and relief as found applicable and supported by the evidence:

    a. past and future physical injuries,

    b. past and future mental and physical pain and suffering,

    c. past and future physical impairments and disability,

    d. past and future reasonable and necessary medical expenses,

    e. past and future loss of earning capacity,

    f. past and future loss of enjoyment and quality of life,

    g. loss of consortium and/or society,

    h. compensable out-of-pocket expenses related to Defendants' wrongdoing, and

    i. costs of Court; and

3. all other general, equitable, and further relief as the Court may deem just and proper.

**6.**

Plaintiffs reiterate that they are entitled to and demand a trial by jury.

WHEREFORE, Plaintiffs respectfully supplement the underlying complaints, in the foregoing respects, and otherwise reiterate and reaver all of the allegations, claims and prayers for relief contained therein.

>Respectfully submitted,
>
>  /s/Hugh P. Lambert
> HUGH P. LAMBERT, ESQ. (LA Bar #7933)
> CANDICE C. SIRMON, ESQ. (LA Bar #30728)
> CAYCE C. PETERSON, ESQ. (LA Bar #32217)
> LAMBERT & NELSON, PLC
> 701 Magazine Street
> New Orleans, Louisiana 70130
> Telephone: (504) 581-1750
> Facsimile: (504) 529-2931
> hlambert@lamnel.com
> candices@lamnel.com
> cpeterson@lamnel.com

**PLEASE SERVE:**

1. The Burlington Insurance Company
   ***Through the Louisiana Secretary of State***
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

2. Crum & Forster Specialty Insurance Company
   ***Through the Louisiana Secretary of State***
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

3. Sentry Insurance A Mutual Company
   ***Through the Louisiana Secretary of State***
   8585 Archives Avenue
   Baton Rouge, Louisiana 70809

4.  Shaw Environmental, Inc.
    ***Through its Registered Agent for Service,***
    CT Corporation System
    5615 Corporate Boulevard, Suite 400B
    Baton Rouge, Louisiana 70808

5.  The United States of America
    ***Through U.S. Attorney's Office for the Eastern District of Louisiana***
    500 Poydras Street, Room B210
    New Orleans, Louisiana 70130

    *-and-*

    ***And through U.S. Attorney General, Eric H. Holder, Jr.***
    U.S. Department of Justice
    950 Pennsylvania Avenue, NW
    Washington, D.C. 20530-0001

    *-and-*

    ***And through the Federal Emergency Management Agency***
    Office of the Director, Office of General Counsel
    500 C Street, SW
    Washington, D.C. 20472

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this   18th   day of October, 2011.

                                      */s/Hugh P. Lambert*
                                      HUGH P. LAMBERT, ESQ. (LA Bar #7933)