UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>       FORMALDEHYDE PRODUCTS<br>       LIABILITY LITIGATION | MDL NO. 1873 |
| **This document relates to:** | **JUDGE ENGELHARDT** |
| Suit No. 10-3610<br>Plaintiffs:  Lonnie Hammond, Jr.,<br>Precious Dundy, Angelo Guy, Etta Guy | **MAG. JUDGE CHASEZ** |

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO ADD NEW PLAINTIFFS**

Defendant Sentry Insurance A Mutual Company ("Sentry") submits this opposition to the plaintiffs' motion for leave filed in the above-referenced action.[1] The purpose of the motion is to add claims by four plaintiffs (those listed above) who have never been previously matched to Pilgrim International, Inc.  Pilgrim is a defendant in this lawsuit who is presently in bankruptcy.  Sentry is named as a defendant in this action (and others) as an insurer of Pilgrim.

**Summary of Argument**

The Court should deny the plaintiffs' motion.  The four listed plaintiffs asserted their original claims in unmatched suits filed on December 29, 2009.

---

[1] The plaintiffs' motion is Rec. Doc. No. 23267.  The plaintiffs' proposed amended complaint is Rec. Doc. No. 23267-3.  It should be noted that counsel for the plaintiffs, despite the Rule 7.6 Certificate submitted with the motion, have not contacted counsel for Sentry to determine whether this motion is opposed.

{B0760607.1}    1

According to the plaintiffs' motion, their claims are now able to be matched to Pilgrim and Shaw Environmental. Plaintiffs offer no explanation about why they waited nearly two years past their matching deadline to file the instant motion for leave. Moreover, they have not demonstrated that "good cause" exists to permit them to amend and add their claims at this late date. Allowing the proposed amendment would prejudice the defendants and improperly extend the Court's matching process, a process which has already been extended several times.

## Factual and Procedural Background

The four plaintiffs listed above made their claims in unmatched complaints filed on December 29, 2009. Their complaints were the following:

| Plaintiff | Complaint No. | Date filed |
|---|---|---|
| Lonnie Hammond Jr. | 09-8617 | 12-29-09 |
| Precious Dundy | 09-8479 | 12-29-09 |
| Angelo Guy | 09-8470 | 12-29-09 |
| Etta Guy | 09-8470 | 12-29-09 |

These complaints were unmatched in the sense that they did not identify which plaintiff was matched with a particular defendant manufacturer or installation contractor.

The plaintiffs now seek to amend Suit No. 10-3610 and add themselves as plaintiffs. According to the motion, "a review of documents and materials available to the Plaintiffs now show that the Plaintiffs were erroneously placed in the above-referenced suits and are now able to be matched to Pilgrim International and Shaw

Environmental."[2]   The plaintiffs' motion does not explain which "documents" and "materials" supposedly show their matching information.  Plaintiffs have not made these available to Sentry.  Additionally, counsel for Sentry has not located plaintiff fact sheets for any of the four plaintiffs.

The Court is very familiar with the matching process and its Pretrial orders related to it.  For sake of brevity, the points are relevant to the plaintiffs' motion:

- The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.  *See* Rec. Doc. No. 1596 (PTO 38).

- For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009.  *See* Rec. Doc. No. 8909 (PTO 49).

- For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint.  *See* Rec. Doc. No. 8909 (PTO 49).

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010.  *See* Rec. Doc. No. 14779 (PTO 68).

The four plaintiffs at issue here each appeared in unmatched complaints filed on December 29, 2009.  Under PTO No. 49, their deadline for filing matched

---

[2] Rec. Doc. No. 23267-1, p. 2.

{B0760607.1}                                           3

complaints was February 12, 2010 (*i.e.*, 45 days after they filed suit on December 29, 2009).  And assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68, they should have filed an appropriate motion by August 2, 2010.[3]  Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.  The plaintiffs do not disagree—they have not asserted their proposed amendments are timely.  Instead, they seek leave to file the amendments after the relevant deadlines for doing so.

## **Law and Argument**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[4]  Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[5]

The Fifth Circuit has provided four factors to determine whether "good cause" exists:  (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[6]

---

[3] *See* Rec. Doc. No. 14779 (PTO 68).

[4] *S & W Enterprises, L.L.C. v. Sw Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[5] *Id.* at 535 (citations omitted).

[6] *Id.*

As discussed above, the Court has entered various orders setting deadlines for amendments and filing matched complaints.  Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[7]   The plaintiff's burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

The plaintiffs have not made a serious attempt to explain why "good cause" exists to allow the proposed amendment.  In their supporting memorandum, they plainly state that they "were erroneously placed in the above-referenced suits."[8]  They also refer to unidentified "materials" and "documents" recently available to plaintiffs that gave them matching information.  Plaintiffs did not identify these documents, provide them to counsel for the defendants, or submit the documents to the Court.

Putting aside the plaintiffs' unsupported statements, *none* of the "good cause" factors weigh in their favor.  The following points illustrate this:

(a)   The plaintiffs' supposed "explanation" isn't an explanation at all.  They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so.  With any factual information, there

---

[7] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16.  *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here.  Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply.").  It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49.  *See* Rec. Doc. No. 8908.

[8] Rec. Doc. No. 23267-1, p. 2.

{B0760607.1}                                                5

is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment weighs in favor of the plaintiffs. If they are not permitted to join the above-referenced suit, their claims will likely be barred. But as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendment.[9]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Pilgrim-manufactured unit. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[10] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have properly matched and delay the proceedings for all parties—defendants and

---

[9] *See* Rec. Doc. No. 22999, p. 5.

[10] *Id.*

{B0760607.1}   6

plaintiffs. The Court should not permit that to happen.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), which permits amendments when "justice so requires," the Court should still deny the motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[11] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[12] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[13] Here, the plaintiffs have not explained why they delayed filing their proposed amendments. In addition, for all the reasons discussed above, permitting the amendment and expansion of the matching process would cause undue delay and prejudice to the parties.

The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[14] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no

---

[11] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[12] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[13] *Id.*

[14] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

{B0760607.1}                                7

legitimate reason why the Court should extend the deadline.[15]  The Court's rationale should be applied here.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
        -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Sentry Insurance A Mutual Company*

Date:  November 8, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on

---

[15] Rec. Doc. No. 22999 (September 27, 2011 ruling).

{B0760607.1}                                     8

all parties via that system.

      Baton Rouge, Louisiana, this 8th day of November, 2011.

                    *s/Ryan E. Johnson*
                _____

                    Ryan E. Johnson