UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Swanica Nero v. Pilgrim Int., Inc., et al*. | | * | |
| No. 09-4730; | | * | |
| Plaintiff: Laura Domingo | | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR RECONSIDERATION
OF COURT'S OCTOBER 19, 2011 RULING**

COMES NOW Laura Domingo (hereinafter "Plaintiff") and files this Memorandum in Opposition to Defendant's Motion for Reconsideration of Court's October 19, 2011 Ruling [Rec. Doc. 23277].

**I.   INTRODUCTION**

Defendant Sentry has filed a Motion for Reconsideration of the Court's October 19, 2011, Order reinstating the claim of Laura Domingo. However, Defendant's Motion does not set forth any basis for granting a new trial as articulated by this Court and the Fifth Circuit in other similar motions for reconsideration.

As a background, Defendant Crum & Forster filed a Motion to Dismiss the Laura Domingo. Rec. Doc. 20886. On September 9, 2011, the Court dismissed the case of Laura Domingo. Rec. Doc. 22693. On September 30, 2011, Laura Domingo then filed a

Motion for New Trail or in the Alternative Relief from Judgment or Order. Rec. Doc. 23031. The submission date for said Motion was October 19, 2011. Rec. Doc. 23031-4. Pursuant to the Local Rules for the Eastern District, the deadline to file any opposition to the Motion was October 11. L.R. 7.5. Neither Defendant Crum & Forster nor Sentry timely filed an opposition to the Motion. On October 19, the Court granted the Motion and reinstated the case of Laura Domingo, Rec. Doc. 23236. Sentry did file however on the same day the Court reinstated the case, a Memorandum in Opposition to Plaintiff's Motion for New Trail. Rec. Doc. 23237. Now after the Court has reinstated the case and Court and parties have spent a substantial amount of time on this matter, Defendant Sentry has filed a Motion for Reconsideration of Court's October 19, 2011 Ruling. Rec. Doc. 23277.

## II.  LAW AND ARGUMENT

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, and this Court has previously treated such motions for "Reconsideration" as a motion to alter or amend under Rule 59(e) of the Federal Rules of Civil Procedure. Rec. Doc. 22912. A motion for new trial may be successful in three situations: first, to accommodate an intervening change in the controlling law; second, to account for new evidence not available at trial; or third, to correct a clear error of law or prevent manifest injustice. *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). Defendant Sentry does not contend that any of these three conditions exist in their Motion. Rec. Doc. 23277. Therefore, Sentry is not entitled to the relief that they seek.

In this case, Sentry's Memorandum in Support of the Motion for Reconsideration makes three arguments, 1) incorporates by reference all the points made in their late filed

Memorandum in Opposition to Plaintiff's Motion for New Trial[1]; 2) claims proper notice was not given pursuant to PTO 10; and, 3) claims since Pilgrim was in bankruptcy Plaintiff could take no action "against it". 23277-1.

First with regard to the arguments incorporated by reference, the Fifth Circuit and this Court have held that motions for reconsideration are not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990), Rec. Doc. 22912, p.1. Therefore, the matters set forth in their Exhibit 1 (Rec. Doc. 23277-2), to Defendant's Motion for Reconsideration are not a proper basis to set aside the Court's October 19, 2011, ruling.

To the extent Defendant claims that notice was not given pursuant to PTO 10 (Rec. Doc. 301), Plaintiff would respond that proper notice was given. Defendant Sentry claims that Plaintiff did not follow the procedures relating to PTO 10, Rec. Doc. 301, with regard to motions. Plaintiff counsel would note that the Original Motion to Dismiss was filed by Crum & Forster. Rec. Doc. 20886. On September 30, 2011, Plaintiff's counsel contacted Eric Berger counsel for Crum & Forster to see if they would have any opposition to a Motion for a New Trail or in the Alternative Relief from Judgment or Order to reinstate the claim of Laura Domingo[2]. Exhibit A. Eric Berger informed Plaintiff that Defendant was opposed to the Motion. Exhibit A. Therefore, Plaintiff filed the Motion as opposed and notice was

---

[1] Sentry's late filed Memorandum in Opposition to Motion for New Trail or Alternative Motion for Relief from Judgment or Order, Rec. Doc. 23237, is identical to the one they filed on October 24, 2011 (as the Exhibit 1 to Rec. Doc. 23277-2), other than some formatting changes.
[2] See September 30, 2011, email of Plaintiff's Counsel Chris Pinedo to Eric Berger requesting information as to whether Crum & Forster would be a opposed to a Motion for New Trial or in the Alternative Relief from Judgment or Order for any of the *Nero* Plaintiffs. Exhibit A. Berger informed Pinedo that Defendant would be opposed to any such Motion. Exhibit A. Laura Domingo was one of the Plaintiffs dismissed from the *Swanica Nero v. Pilgrim* case along with Plaintiffs Vernon Bold, Clifton Duet and Penny Saunders. Rec. Doc. 22693.

given pursuant to the electronic case filing procedures for the Eastern District of Louisiana. A notice of hearing was also filed with a submission date of October 19. Rec. Doc. 23031-4.  Plaintiff satisfied the requirements of the PTO 10.

Defendant seems to take the position that Plaintiff had the obligation to call or email every defendant in the action to determine if they were opposed to the Motion.  Plaintiff had already received notice that the proposed Motion was opposed by Crum & Forster, who was responsible for the dismissal in the first place.  But Sentry seeks to impose an additional obligation on Plaintiff to see if other parties were opposed to the motion[3].  That request would not be so much as to ascertain their position on the motion since it is already known that the motion is opposed but to give notice to other defendants in the action of the pending motion.  This is in addition to the notice provisions already imposed by the Court and the Local Rules.  Under the rule Sentry seeks to impose on the parties, all parties are not only required to file a notice of hearing for an opposed motion and serve it, but also are required to call or email each other party to see if they are opposed.  Imagine the chaos that would be created if a Defendant filed a Motion that affected all Plaintiffs, then Defense counsel would need to contact each Plaintiff's counsel for the tens of thousands of Plaintiffs to ask them if they were opposed to the motion.  Such a requirement as Sentry is proposing would be extremely cumbersome in a MDL where there have been hundreds of motions and the Court's record for this case exceeds 23,000 filings.[4]   Once Plaintiff's counsel for Domingo ascertained that there was one defendant opposed to the Motion, Plaintiff filed the

---

[3] The Local Rules for the United States District Court for the Eastern District of Louisiana, set up a clear dichotomy for motions, they are either "*exparte*/consent", L.R. 7.3 or opposed as "contested" L.R 7.4.  PTO 10 sets up the same dichotomy for motions as simply opposed or not opposed. Rec. Doc. 301, p. 1.

[4] Sentry's argument also begs the question what a party should do if one party is opposed to a motion and another party is not.  Should the movant then file the motion as "partially opposed" or as "Opposed by Defendant X and Unopposed by Defendant Y"?  Again such a procedure would be extremely cumbersome and unwieldy.

4

Motion as opposed and gave notice of via the ECF system.  Plaintiff satisfied the requirements of PTO 10.

Plaintiff would further note that the very same PTO that Defendant references for support of its argument on notice states in paragraph (3),

> The Court will not provide counsel with a "reminder" regarding untimely opposition memoranda.  Rather, counsel are advised that the Court make a practice of simply granting **meritorious** motions as unopposed if an opposition is not timely filed.  If counsel require additional time beyond that provided in the Local Rules or otherwise set by the Court in which to prepare an opposition memorandum, a motion seeking such relief must be filed. [emphasis added]  Rec. Doc. 301, p. 2.

It can therefore be presumed that the Court found Plaintiff Domingo's Motion to reinstate her claim meritorious.  Moreover, even if the Motion to reinstate the claim was not meritorious, Sentry has still failed to identify any grounds for a new trial such as an intervening change in the controlling law, new evidence not available at trial, a clear error of law or to prevent manifest injustice.  *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

Defendant Sentry takes the incongruous position in their Memorandum in Support of Motion for Reconsideration that since Pilgrim was in bankruptcy, Plaintiff could take no action against it such as filing a motion to reinstate Plaintiff's claim. Rec. Doc. 23277-1, p. 2. This argument is without merit, as it would mean that Plaintiff would have been barred even from filing a response to Defendant Crum & Forster's original Motion to Dismiss, as that would be tantamount to taking "action against Pilgrim" which was in bankruptcy. That would further mean that Crum & Forster could file any motion they want on behalf of Pilgrim, and any Plaintiff would be prohibited from filing a memorandum in opposition to the same as it would be taking "action against Pilgrim" a defendant in bankruptcy.  The rules of this Court and of Bankruptcy are not to be given such a distorted and tortured reading.

5

### III. CONCLUSION

Defendant has not substantiated a proper basis for reconsideration or a new trial, therefore the Court should in all things deny Defendant's Motion for Reconsideration of Court's October 19, 2011 Ruling.

> Respectfully submitted,
>
> /s/ Robert C. Hilliard
> **ROBERT C. HILLIARD**
> **Trial Attorney in Charge for Plaintiff**
> Texas State Bar No. 09677700
> Southern District of TX Federal ID No.  5912
> ROBERT C. HILLIARD, L.L.P.
> 719 S. Shoreline Boulevard, Suite 500
> Corpus Christi, Texas 78401
> Telephone:  (361) 882-1612
> Facsimile:  (361) 882-3015
>
> **MIKAL C. WATTS**
> Texas State Bar No. 20981820
> Southern District of TX Federal ID No. 12419
> MIKAL C. WATTS, P.C.
> 2506 N. Port Ave.
> Corpus Christi, Texas 78401
> Telephone: (800) 994-0019
> Facsimile: (361) 882-1261
>
> **ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 8th day of November, 2011.

> /s/ Robert C. Hilliard
> _____
> **ROBERT C. HILLIARD**