# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 215199
**Case Name** Vega, Alfred
**DOB**        **SSN**
**Cause No.** 1:09-cv-559 HSO JMR
**Case Style** Charlotte Bell, et. al. vs. Starcraft RV, Inc., et.

| Question # | Question |
|---|---|
| 1 | Did not sign the certification. |

**Pet ID** 944
**Def ID** 51
**Notice #** Draft

**Answer**
Please see the attached Certification signed by the Representative of the Estate on October 20, 2011.

| Question # | Question |
|---|---|
| 2 | Bar Code V.A.4. |

**Pet ID** 944
**Def ID** 51
**Notice #** Draft

**Answer**
The bar code number was 1355153.

According to the information provided by the US government through the FEMA offices in the matching process, Decedent lived in a Starcraft RV, Inc. trailer.

| Question # | Question |
|---|---|
| 3 | Smoking History of Other Trailer Resident(s) VI.D. |

**Pet ID** 944
**Def ID** 51
**Notice #** Draft

**Answer**
Not applicable. No other trailer residents smoked.

| Question # | Question |
|---|---|
| 4 | Psychological Treatment III.C.8. |

**Pet ID** 944
**Def ID** 51
**Notice #**

EXHIBIT A

# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 215199  
**Case Name** Vega, Alfred  
**DOB**    **SSN**  
**Cause No.** 1:09-cv-559 HSO JMR  
**Case Style** Charlotte Bell, et. al. vs. Starcraft RV, Inc., et.

Draft

**Answer**  
No, Decedent is not making a claim for mental and/or emotional damages as a result of residing in the FEMA trailer.

| Question # | Question |
|---|---|
| 5 | Prior Medical History VI (F) (1&4) |

**Pet ID** 944  
**Def ID** 51  
**Notice #** Draft

**Answer**  
Decedent never suffered from a lung disease or any respiratory or skin disease.

| Question # | Question |
|---|---|
| 6 | Produce Records VIII (A-D) |

**Pet ID** 944  
**Def ID** 51  
**Notice #** Draft

**Answer**  
Please see attached standard form 95, however I do not have any of the other requested documents in my possession.

| Question # | Question |
|---|---|
| 7 | Number of hours in the trailer each day V.13. |

**Pet ID** 944  
**Def ID** 51  
**Notice #** Draft

**Answer**  
Decedent spent between eight and 14 hours per day inside of the FEMA trailer.

| Question # | Question |
|---|---|
| 8 | If requesting reimbursement for medical expenses III.C.9. |

**Pet ID** 944

## Plaintiff Fact Sheet Deficiency Answers

**WGC#** 215199  
**Case Name** Vega, Alfred  
**DOB**   **SSN**  
**Cause No.** 1:09-cv-559 HSO JMR  
**Case Style** Charlotte Bell, et. al. vs. Starcraft RV, Inc., et.

**Def ID**  
51

**Notice #**  
Draft

**Answer**  
At this time, Decedent is not making any claim for reimbursement of medical expenses.

**Question #** 9  
**Question** If making a wage claim IV.F.3.

**Pet ID**  
944

**Def ID**  
51

**Notice #**  
Draft

**Answer**  
At this time, Decedent is not making any claim for lost wages of loss of earning capacity.

_____  
Plaintiff or Representative

10/31/2011  
Date

215199

U.S. Department of Homeland Security
500 C Street, SW, Suite 715
Washington, DC 20472



**VIA CERTIFIED MAIL**          May 25, 2010

117 - 1518/2000 : 77397

ROBERT HILLIARD
WATTS HILLIARD LLC
2506 N PORT AVE
CORPUS CHRISTI, TX 78401-1219

**RE: Administrative Tort Claim of ALFRED VEGA, Claim No. 08036117**

Dear WATTS HILLIARD LLC, ROBERT HILLIARD

This notice constitutes final administrative action on the Claim for Damage, Injury or Death (SF-95) of ALFRED VEGA, with a signature dated February 25, 2009, filed against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, and any other administrative claims seeking damages for alleged personal injury, property damage, and/or wrongful death, which ALFRED VEGA claims resulted from exposure to formaldehyde in emergency housing units provided by the Federal Emergency Management Agency (FEMA) in response to Hurricanes Katrina and Rita.

In accordance with the FTCA, the United States can only be held liable under limited circumstances where the negligent acts or omissions of United States' employees acting within the scope of their employment proximately caused injury. See 28 U.S.C. §§ 1346(B), 2671. FEMA has determined that this claim does not meet the requirements of the FTCA. Specifically, FEMA did not find evidence of negligence on the part of any federal employee relating to the alleged formaldehyde exposure, nor have we determined that the government has waived its sovereign immunity in this case. Further, the FTCA does not apply to actions of federal contractors. See 28 U.S.C. § 2671. Accordingly, I hereby finally deny the claim of ALFRED VEGA Claim No. , and any other related claims submitted on behalf of ALFRED VEGA.

I am required by law (see 44 C.F.R. § 11.18(a)) to inform you that if ALFRED VEGA is dissatisfied with this determination, ALFRED VEGA may file suit in an appropriate U.S. District Court not later than six (6) months after the date of mailing of this letter. This notice of final denial should not be construed as a concession by the United States that ALFRED VEGA has complied with the applicable requirements of 28 U.S.C. § 2675(a) or 44 C.F.R. § 11.11, nor should this be construed as a waiver by the United States of any of its defenses regarding any such claim.

Sincerely,

BRAD J. KIESERMAN
Chief Counsel of FEMA
Department of Homeland Security

www.fema.gov

*215199-D51- Certification*

Vega, Alfred - WGC#215199

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

| _[signature]_ | Tami Vega, as Representative of the Estate of Alfred Vega, deceased | 10-20-11 |
|---|---|---|
| Signature of Plaintiff | Print Your Name | Date |