UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE PRODUCTS | * | LIABILITY LITIGATION |
| | SECTION "N" (5) | * | |
| | | * | |
| | | * | JUDGE ENGELHARDT |
| | | * | MAGISTRATE CHASEZ |
| | | * | |
| **THIS DOCUMENT IS RELATED TO:** | | * | |
| *Kasinda Brumfield obo K.B et al v.* | | * | |
| *Pilgrim International, Inc. et al* | | * | |
| No. 10-2248; | | * | |
| Plaintiff: Javious Magee | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

COMES NOW Plaintiff, Javious Magee, and files this Memorandum in Support of Motion New Trial and in the Alternative Motion for Relief from a Judgment or Order and in support of the same would show the Court as follows:

**I.   INTRODUCTION**

On October 5, 2011, the Court dismissed the case of Javious Magee with prejudice for failure to comply with Pre-trial Order No. 32 relating to plaintiff fact sheets.  Rec. Doc. 23040. Plaintiff now seeks relief from the Court's order dismissing his claim with prejudice under Federal Rule of Civil Procedure 60(b).  Counsel has had considerable difficulty in contacting Javious Magee to respond to the deficiency requests. After the Court dismissed his case, counsel was able to contact Javious Magee.  Javious Magee has now addressed the deficiency requests (Exhibit "A") and seeks reinstatement of his case, inter alia, because the case law on Rule 60 Motions reflects the law favors a resolution of a case on the merits.

**II.      RELIEF FROM A JUDGMENT OR ORDER**

Plaintiff brings this motion under Rule 60(b)(1), (2) and (6) of the Federal Rules of Civil Procedure. Rule 60(b)(1) provides for relief from a final judgment dismissing a claim on the grounds of mistake, inadvertence or excusable neglect. Although Plaintiff's counsel had attempted to contact Javious Magee several times, Javious Magee did not respond to the prior requests. When Plaintiff's counsel did talk to a family member they relayed that the address on file was incorrect and that Javious had been in an out of the hospital. Exhibit "B". Further, none of the phone numbers counsel had on file for Javious Magee worked. Exhibit "B". When Plaintiff's counsel was able to talk to Javious Magee, he supplied the needed information to cure the deficiencies. It is excusable neglect that he did not tell counsel of his new phone number as he did not realize his case was at a critical stage. Further it was a mistake that his address was not recorded correctly and inadvertence that counsel could not reach him previously as health issues interfered with his ability to respond. Further it was through inadvertence that he did not keep up with his counsel as he had been in and out of the hospital. Exhibit "B".

The term "excusable neglect" in Fed. R. Civ. P. 60(b)(1) is understood to encompass situation in which the failure to comply with a filing deadline is attributable to negligence. *Union Pac. R.R, v. Progress Rail Servs*. 256 F.ed 781, 782 (8th Cir. 2001). In deciding whether to set aside a default judgment for "excusable neglect" a district court ought not to focus narrowly on the negligent act that caused the default and ask whether the act was itself in some sense excusable. *Id.* Although this was not a "default" judgment in the form of failing to answer a complaint, in all essential elements, it is as default judgment in that Plaintiff's claim has been dismissed with prejudice for failing to act. In deciding whether a party's conduct constitutes excusable neglect, the court should take into account "all relevant circumstances surrounding the

2

party's omission". *Id.* The relevant circumstances here are that Plaintiffs phone numbers changed, that Plaintiff's counsel had the incorrect address on file and that Plaintiff was in and out of the hospital. Exhibit "B". The relevant circumstances here are that although Plaintiff did not supply the information by the deadline, he has now supplied it within a short period of time after counsel was able to communicate with him. Exhibit "A". Further the Defendant is not prejudiced, and there was no lengthy jury trial for the claims of Plaintiff. Plaintiff's actions constitute excusable neglect and he should be relieved of the order dismissing his case. Alternatively Plaintiff would show that it was a mistake or through inadvertence that he did not respond sooner to the deficiencies. For all these reasons, Plaintiff prays for relief from the judgment dismissing his case with prejudice under Fed. R. Civ. P. 60(b)(1).

Plaintiff would further move for relief from the order under Rule 60(b)(2) dismissing his case due to newly discovered evidence. This newly discovered evidence is not solely the particulars about his living the trailer, but also the fact that the address counsel had on file was incorrect, further that the client was in and out of the hospital and his phone numbers were not working. The Court should consider all these factors in considering this Motion.

Plaintiff further prays for relief from the judgment dismissing his case with prejudice under Fed. R. Civ. P. 60(b)(6) which provides for relief from a judgment or order for *any other reason that justifies relief*. In addition to the usual medley of factors that influence the resolution of Rule 60(b) motions, granting or withholding relief from a default judgment, Rule 60 (b)(6) entails balancing the importance of finality in litigation against the desirability of deciding cases on the merits. *Ungar v. Palestine Liberation Org.*, 559 F.3d 79, 83-84 (1st Cir.2010). To truly decide this case on the merits, the Court should consider the Fact Sheet Deficiency Answers, Exhibit "A", that respond to the deficiencies Defendant claimed. The Court should also consider the new evidence that counsel had

the wrong address on file, that Plaintiff's phone numbers changed, and that Plaintiff's medical condition.

A variety of factors can help an inquiring court to strike the requisite balance for a 60(b) motion. *Id.* Such factors include the timing of the request for relief, the extent of any prejudice to the opposing party, the existence of non-existence of meritorious claims of defense, and the presence or absence of exceptional circumstances. *Id.* This compendium is neither exclusive nor rigidly applied. *Id.* Because Rule 60(b)(6) is a catch-all provision, its contours are peculiarly malleable. *Id.* Thus, hard-and-fast rules generally are not compatible with Rule 60(b)(6) determinations. *Id.* Here the request for relief is made shortly after the Court's order dismissing the case, there is no significant prejudice against the Defendant, and Plaintiff has meritorious answers to Defendant's claimed deficiencies. Moreover, the desirability of deciding cases on the merits militates in favor of granting relief from the judgment. For all these reasons, Plaintiff prays for relief from the order dismissing his case with prejudice.

Further, our jurisprudential system provides that Rule 60(b) motions must be "equitably and liberally applied to achieve substantial justice." *Crutcher v. Aetna Life Ins., Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984). In this vein, "[d]oubt should be resolved in the favor of a judicial decision on the ***merits of the case***, and a technical error or slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims." *Id.* (emphasis added). Substantial justice in this case would best be achieved by granting Javious Magee relief from the order dismissing his case with prejudice. He should be given an opportunity to present the true merits of his case.

Plaintiff would further show that he deadline for filing a motion for relief from a judgment or order is one year. Fed. R. Civ. P. 60(c) (1). Therefore this Motion is timely. Counsel further

4

certifies that he has contacted defense counsel and there was no agreement on the resolution of this Motion.

### III.   CONCLUSION

WHEREFORE, Plaintiff Javious Magee prays he be granted relief from the Order dismissing his claim with prejudice.

Respectfully submitted,

/s/ Robert C. Hilliard

_____
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No.  5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone:  (361) 882-1612
Facsimile:  (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**RICHARD P. IEYOUB**
Louisiana State Bar and
Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

        **DANIEL D. WARE**
        Mississippi State Bar and
        Southern District of Mississippi Federal ID No. 10847
        **CARROLL LOUIS CLIFFORD IV**
        Mississippi State Bar and
        Southern District of Mississippi Federal ID No. 99545
        WARE CLIFFORD LAW FIRM PLLC
        2625 Ridgewood Rd., Ste 100
        Jackson, MS 39216
        Phone 601-368-9310
        Fax 601-368-9958

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 9th day of November, 2011.

        /s/ Robert C. Hilliard
        _____
        **ROBERT C. HILLIARD**