**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

IN RE: FEMA TRAILER                              MDL NO. 1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

This document relates to:                         JUDGE ENGELHARDT

Suit No. 09-8570                                  MAG. JUDGE CHASEZ

Plaintiff:  Marjorie Boudreaux

### MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO ADD NEW PLAINTIFF

Defendant Thor Industries, Inc., incorrectly named as a defendant-manufacturer in this action ("Thor"), submits this opposition to the plaintiff's motion for leave filed in Suit No. 09-8570.[1]  The plaintiff initially filed suit in 2009 against defendant Forest River.  She now claims that the filing was incorrect and that she should be permitted to assert claims against Thor, under the guise of newly acquired matching information.

### Summary of Argument

The Court should deny the plaintiff's motion.  Unlike other situations where the plaintiff attempts to move from an unmatched suit to a matched suit, here, the plaintiff filed her original claims in a *matched* suit against Forest River.  Now, after

---

[1] The plaintiffs' motion was originally filed as Rec. Doc. No. 23434.  The plaintiffs then refiled the motion as Rec. Doc. No. 23468.  The plaintiff's proposed

all the deadlines for matching and providing plaintiff fact sheets have expired, Ms.

Boudreaux asserts that her first filing was a mistake and seeks to add claims to the

lawsuit referenced above.  In other words, she seeks to assert, <u>for the first time</u>,

claims against Thor Industries.  The Court should not permit her to do so.

The plaintiff offers no explanation about why she waited nearly two years

past her matching deadline to file the instant motion for leave.   She has not

explained why she initially filed suit against another defendant and only now has

allegedly discovered that Thor Industries supposedly is the correct defendant.  More

basically, she has not demonstrated that "good cause" exists to permit her to amend

and add herself into the above-referenced suit at this late date.  Allowing the

proposed amendment would prejudice Thor, undermine the Court's pretrial orders

and deadlines and improperly extend the Court's matching process, a process which

has already been extended several times already.

### Factual and Procedural Background

Plaintiff Marjorie Boudreaux made her claims in this MDL in a complaint

filed on December 29, 2009.  The complaint was captioned *Doris Tolliver, et al, v.*

*Forest River, et al*, No, 09-8635.[2]   Boudreaux alleged that she lived in a travel

trailer manufactured by Forest River.[3]  Her allegations do not mention Thor or

---

amended complaint is Rec. Doc. No. 23468-2.

[2] The plaintiff describes her initial suit as a "place holder."  *See* Rec. Doc. No. 23468-1, p. 1.  This incorrectly suggests the *Tolliver* suit was an unmatched suit.  In fact, the *Tolliver* suit was a matched action filed against Forest River as the sole manufacturer defendant.  The plaintiff simply filed her initial claims against the wrong manufacturer and now seeks to correct her mistake.

[3] Suit No. 09-8635, Rec. Doc. No. 1, Paragraph 19, 117.

suggest that Boudreaux might have lived in a trailer manufactured by another company.

Admitting that she sued the wrong defendant, the plaintiff now seeks to amend Suit No. 09-8570 and add herself as a plaintiff against Thor.   According to her motion, "a review of documents and materials available to the Plaintiffs (*sic*) now shows that the plaintiff Marjorie Boudreaux, was erroneously placed in the *Tolliver* referenced suit and is now able to be matched to Thor Industries, Inc."[4] The plaintiff's motion does not explain which "documents" and "materials" supposedly show her matching information or why she initially sued the incorrect defendant.   Plaintiff has not attached any of the "documents" or "materials" to support her motion.

The Court is very familiar with the matching process and its Pretrial Orders related to it.  For sake of brevity, these points are relevant to the plaintiff's motion:

➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.  *See* Rec. Doc. No. 1596 (PTO 38).

➢  For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009.   *See* Rec. Doc. No. 8909 (PTO 49).

➢ For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint.

---

[4] Rec. Doc. No. 23434-1, p. 2.

*See* Rec. Doc. No.  8909 (PTO 49).

➢ Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

➢ The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010.  *See* Rec. Doc. No. 14779 (PTO 68).

The plaintiff filed her initial action against Forest River on December 29, 2009. Assuming that complaint is an "unmatched" complaint under PTO 49, Ms. Boudreaux's deadline for filing a matched complaint was <u>February 12, 2010</u> (*i.e.*, 45 days after she filed suit on December 29, 2009).  And assuming Ms. Boudreaux would qualify under the "last chance" matching process under PTO No. 68, she should have an appropriate motion by August 2, 2010.[5]  Therefore, by all accounts, Ms. Boudreaux has failed to meet her matching deadline under PTO 49 and/or PTO 68.   Ms. Boudreaux apparently does not disagree—she has not argued that her proposed amendment is timely.  Instead, she seeks leave to file the amendment after the relevant deadlines for doing so.

## Law and Argument

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[6]  Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the

---

[5] *See* Rec. Doc. No. 14779 (PTO 68).

[6] *S & W Enterprises, L.L.C. v. Sw Bank of Alabama, NA*, 315 F. 3d 533, 536

party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[7]

The Fifth Circuit has provided four factors to determine whether "good cause" exists:  (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[8]

As discussed above, the Court has entered various orders setting deadlines for amendments and filing matched complaints.  Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiff's motion.[9]   The plaintiff's burden is to show that "good cause" exists to permit her to file an amended complaint after all deadlines for doing so have expired.

The plaintiff has not made a serious attempt to explain why "good cause" exists to allow her proposed amendment.  In her supporting memorandum, she plainly states that she "was erroneously placed in the *Tolliver* suit."[10]   She also refers to unidentified "materials" and "documents" recently available to her that

---

(5th Cir. 2003).

[7] *Id*. at 535 (citations omitted).

[8] *Id.*

[9] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16.  *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply.").  It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

[10] Rec. Doc. No. 23468-1, p. 2.

provided matching information.  She has not identified these documents, provided them to counsel for the defendants, or submitted them to the Court.

Putting aside Ms. Boudreaux's unsupported statements, *none* of the "good cause" factors weigh in favor of the amendment.  The following points illustrate this:

(a)  The plaintiff's supposed "explanation" isn't an explanation at all.  She does not offer any detail as to why she filed her initial claims against the wrong defendant and/or failed to match her claims within the deadlines for doing so.  Without any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause.   Moreover, the plaintiff has not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b)  Admittedly, the second factor, the "importance" of the amendment, weighs in favor of the plaintiff.  If she is not permitted to join the above-referenced suit, her claims will likely be barred.  But as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive.  If the other factors weigh heavily against the plaintiff's position, as they do here, the Court should not allow the proposed amendment.[11]

(c)  The third and fourth factors weigh very heavily against the proposed amendment.  The potential prejudice to Thor is clear and substantial.

Until filing this motion, years after this MDL was created, the plaintiff

never identified herself as having lived a unit supposedly

manufactured by Thor Industries.  As the Court has previously noted,

it has "taken nearly four years to reach a point where the cases in this

MDL are ready to proceed beyond the matching issue toward

resolution."[12]  The Court should not be required to reopen the entire

matching process.  Doing so would harm those plaintiffs who have

properly matched and delay the proceedings for all parties—

defendants and plaintiffs.  The Court should not permit that to

happen.

(d)    Additionally, the Court should note that the plaintiff's new claims

against Thor Industries are likely prescribed and the proposed

amendment would not revive her claims.   This is because (a) her

claims are subject to Louisiana's one year prescriptive period; and (b)

her proposed amendment does not satisfy the requirements for relation

back under Federal Rule 15(c).[13]

Additionally, if the Court evaluates the plaintiff's motion under Rule 15(a)

which permits amendments when "justice so requires," the Court should still deny

the motion.  This is because the Court may evaluate "undue delay [and] undue

---

[11] *See* Rec. Doc. No. 22999, p. 5.

[12] *Id*.

[13] Boudreaux alleges that she is a New Orleans resident and that she lived in
her travel trailer in Louisiana.  *See* Suit No. 09-8635, Rec. Doc. No. 1, Paragraph
117.

{B0760760.1}                                                7

prejudice" as part of a request for amendments under Rule 15.[14]  The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[15]  At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[16]   Here, the plaintiff has not explained why she waited so long to file the proposed amendment.  In addition, for all the reasons discussed above, permitting the amendment and expansion of the matching process would cause undue delay and prejudice to the parties.

The Court has already considered and denied a similar motion filed by another plaintiff.  That plaintiff, Corey Carter, initially filed his claims in an complaint against Gulf Stream and other defendants.   Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[17]  Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[18]  The Court's rationale should be applied here.

---

[14] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[15] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[16] *Id*.

[17] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[18] Rec. Doc. No. 22999 (September 27, 2011 ruling).

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by plaintiff Marjorie Boudreaux.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
    -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Thor Industries, Inc.***

Date:  November 10, 2011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 10th day of November, 2011.

*s/Ryan E. Johnson*

_____

Ryan E. Johnson