UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION<br><br>This document relates to:<br>    *Gwendolyn White v. R-Vision, Inc.*<br>    No. 09-4734<br>    Plaintiffs:<br>        Jeffrey Hardy obo Ethan Hardy<br>        Joshua Palmer<br>        Louis Barthelemy<br>        Thomas Barthelemy | * * * * * * * * * * * | MDL NO. 1873<br><br>SECTION: N |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of the following plaintiffs:

1. Jeffrey Hardy obo Ethan Hardy
2. Joshua Palmer
3. Louise Barthelemy
4. Thomas Barthelemy

(collectively, the "*White* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

I.  **Factual Background.**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed and signed PFS."[3]

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

## II.  Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Gwendolyn White et al. v. R-Vision, Inc., et al.*, No. 09-4734, was filed in July of 2009. Because the *White* Plaintiffs were added as plaintiffs in the MDL before November 30, 2009, PTO No. 32 Section F, governs the submittal of their PFS. This section states:

> For any Complaint that is filed on or before November 30, 2009 and for which the individual(s) has not completed a PFS, service of the completed and verified PFS forms for each named plaintiff shall be served by December 31, 2009. Any individual who has filed suit on or before November 30, 2009 and who fails to complete and serve a PFS form on or before December 31, 2009, shall have his/her claim dismissed with prejudice, absent a showing of good cause.

Section F of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *White* matter to submit a PFS was December 31, 2009. To date, each of the plaintiffs have submitted a PFS that is <u>incomplete,</u> and <u>not signed or dated.</u>

3

1. Jeffrey Hardy obo Ethan Hardy—PFS not complete; not signed or dated
2. Joshua Palmer—PFS not complete; not signed or dated
3. Louise Barthelemy—PFS not complete; not signed or dated
4. Thomas Barthelemy—PFS not complete; not signed or dated

Each of the PFS is also deficient as lacking in several key datafields. As such, in accordance with PTO No. 32, the proper remedy is dismissal of these plaintiffs' claims, *with prejudice.*

Undersigned counsel has contacted counsel for the *White* Plaintiffs who advised that he opposes this Motion to Dismiss.

1. Jeffrey Hardy obo Ethan Hardy

On May 20, 2011 and June 16, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Jeffrey Hardy obo Ethan Hardy had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit A and B.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit C.) The original PFS was deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |

4

| | | |
|---|---|---|
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

In addition to the foregoing missing key datafields, the plaintiff's responses to several other items simply asserted a lack of knowledge.

Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but several of these responses also do not contain any helpful information in response to several deficiencies. In response to Item III.C requesting information about his alleged symptoms, plaintiff responded:

> **Answer**
> I do not recall any of the symptoms that I claim that I experienced during the time I lived in the FEMA trailer.

(See Exhibit D.) In response to Item VI(F)(1) - (4), Jeffrey Hardy obo Ethan Hardy further responded that he did not recall any of the diseases that I have experienced as a result of living in the trailer, if he was claiming emotional damages, if he was making a claim for medical expenses or lost wages, the names of any other trailer resident, the number of hours spent in the trailer each day or any prior medical history:

> **Answer**
> I do not recall if I had any Prior Medical History.

5

2. <u>Joshua Palmer</u>

On May 20, 2011 and June 16, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Joshua Palmer had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit E and G.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit G.) The original PFS was deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated |  |

In addition to the foregoing missing key datafields, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness he has developed or may develop in the future, Joshua Palmer simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5., Mr. Palmer responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but many of the amended responses also fail to provide any helpful information. In response to Item III.C.8 requesting information about psychological treatment, plaintiff responded:

**Answer**
I do not recall any if I am making a claim for mental and/or emotional damages.

(See Exhibit H.) In response to the deficiency letters, Joshua Palmer further responded that he did not recall if he was making a claim for medical expenses or lost wages, or the number of hours spent in the trailer each day or any prior medical history. Without this very basic information, Liberty Mutual is unable to defend Mr. Palmer's claim or analyze it for settlement.

3. <u>Louise Barthelemy</u>

On May 20, 2011 and June 17, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Louise Barthelemy had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit I and J.) Plaintiff's counsel has provided a PFS

that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit K.) Further, the PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated |  |

In addition to the foregoing missing key datafields, this plaintiff's response to several other items simply asserted a lack of knowledge. Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but many of these

amended responses also do not contain any helpful information and simply claim lack of knowledge. For example, Louise Barthelemy responded that she did not recall who diagnosed her condition, if she is claiming mental or emotional damages, medical expenses, or lost wages, the number of hours spent in the FEMA Trailer each day, whether anyone else stayed in the trailer with her, or any details of her relevant medical history.

4. Thomas Barthelemy

On May 20, 2011 and June 21, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Thomas Barthelemy had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit L and M.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit N.) Further, the PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |

| | | |
|---|---|---|
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

In addition to the foregoing missing key datafields, this plaintiff's response to several other items simply asserted a lack of knowledge. Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but many of these amended responses also do not contain any helpful information and simply claim lack of knowledge. For example, plaintiff Thomas Barthelemy responded that he did not recall who diagnosed his condition, whether he is making a claim for mental or emotional damages, medical expenses, lost wages, the number of hours spent in the FEMA trailer each day, whether anyone else stayed in the FEMA trailer with him or if they smoked, or his relevant medical history.

### 5. Due to these Deficiencies, these Plaintiffs' Claims Should Be Dismissed With Prejudice.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed

suit against it and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of the *White* Plaintiffs, with prejudice.

### III. Conclusion

As established above, the *White* Plaintiffs named herein have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

/s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann
Kristopher M. Redmann, La. Bar No. 18397