UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER <br> FORMALDEHYDE PRODUCTS <br> LIABILITY LITIGATION <br><br> This document relates to: <br>    *Gwendolyn White v. R-Vision, Inc.* <br>    No. 09-4734 <br>    Plaintiffs: <br>       Heather Atlow obo Cody Doulette <br>       Heather Atlow <br>       Heather Atlow obo Katlyn Atlow <br>       Heath Atlow obo Kiara Atlow <br>       Irvin Vaultz | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | MDL NO. 1873 <br><br> SECTION: N |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO
PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

      Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of the following plaintiffs:

1. Heather Atlow obo Cody Doulette
2. Heather Atlow
3. Heather Altow obo Katlyn Atlow
4. Heather Altow obo Kiara Atlow
5. Irvin Vaultz

(collectively, the "*White* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

I.      **Factual Background.**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed <u>and signed</u> PFS."[3]

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

2

## II. Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Gwendolyn White et al. v. R-Vision, Inc., et al.*, No. 09-4734, was filed in July of 2009. Because the *White* Plaintiffs were added as plaintiffs in the MDL before November 30, 2009, PTO No. 32 Section F, governs the submittal of their PFS. This section states:

> For any Complaint that is filed on or before November 30, 2009 and for which the individual(s) has not completed a PFS, service of the completed and verified PFS forms for each named plaintiff shall be served by December 31, 2009. Any individual who has filed suit on or before November 30, 2009 and who fails to complete and serve a PFS form on or before December 31, 2009, shall have his/her claim dismissed with prejudice, absent a showing of good cause.

Section F of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *White* matter to submit a PFS was December 31, 2009. To date, each of the plaintiffs have submitted a PFS that is incomplete, and not signed or dated.

1. Heather Atlow obo Cody Doulette-- PFS not complete; not signed or dated
2. Heather Atlow—PFS not complete; not signed or dated
3. Heather Altow obo Katlyn Atlow-PFS not complete; not signed or dated
4. Heather Altow obo Kiara Atlow--PFS not complete; not signed or dated
5. Irvin Vaultz—PFS not complete; not signed or dated

Each of the PFS is also deficient as lacking in several key datafields. As such, in accordance with PTO No. 32, the proper remedy is dismissal of these plaintiffs' claims, *with prejudice.*

Undersigned counsel has contacted counsel for the *White* Plaintiffs who advised that he opposes this Motion to Dismiss.

1. Heather Atlow obo Cody Doulette

On May 20, 2011 and June 16, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Heather Atlow obo Cody Doulette had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit A and B.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit C.) The original PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |

4

| | | |
|---|---|---|
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

In addition, the plaintiff's responses to several other items were simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting the plaintiff's understanding of the illness he has developed or may develop in the future, Heather Atlow obo Cody Doulette simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5., this plaintiff responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are not helpful to determine the merits of this plaintiff's claim.

Plaintiff Heather Atlow obo Cody Doulette has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but several of these responses merely assert lack of knowledge. In response to Item III.C.9 requesting information about whether plaintiff was requesting reimbursement of medical expenses, plaintiff responded:

> Answer
> I do not recall if I am making a claim for medical expenses.

(See Exhibit D.) In deficiency answer, the plaintiff further responded that he did not recall if he was making a claim for mental or emotional damages, lost wages, or the number of hours spent

5

in the trailer each day or any prior medical history. Without this basic information, it is impossible for Liberty Mutual to defend this claim or evaluate the merits of the plaintiffs' claim for settlement.

2. <u>Heather Atlow</u>

On May 20, 2011 and June 16, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Heather Atlow had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit E and F.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit G.) The original PFS was deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |

6

| | | |
|---|---|---|
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

In addition, this plaintiff's responses to several other items simply asserted a lack of knowledge. Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but several of these answers also do not contain any helpful information and also simply claim lack of knowledge. For example, in response to Item III.C.3 requesting information about when her alleged injury or disease occurred, plaintiff responded:

**Answer**
I do not recall when the injury or disease first occurred.

(See Exhibit H.) In response to the deficiency letters, Heather Atlow further responded that she did not recall if she was making a claim for mental or emotional damages, lost wages, or the number of hours spent in the trailer each day or any lung or respiratory disease or skin disease.

3. <u>Heather Atlow obo Katlyn Atlow</u>

On May 20, 2011 and June 16, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Heather Atlow obo Katlyn Atlow had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit I and J.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit K.) The original PFS was deficient in the following key datafields:

| | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |

| | | |
|---|---|---|
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

In addition to the foregoing missing key datafields, the plaintiff's responses to several other items simply asserted a lack of knowledge. Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but several of these answers also do not contain any helpful information and also simply claim lack of knowledge. For example, in response to Item V.13 requesting information about the length of time spent in the trailer each day, plaintiff Heather Atlow obo Katlyn Atlow responded:

Answer
I do not recall the number of hours I spent in the trailer each day.

(See Exhibit L.)  In response to the deficiency letters, Heather Atlow obo Katlyn Atlow further responded that she did not recall the date her alleged injury or disease first occurred, if she was making a claim for mental or emotional damages, the names of the other trailer resident or their smoking history.  She also did not recall if she ever saw any doctor for treatment or if she had suffered any lung or respiratory disease or skin disease.

4. <u>Heather Atlow obo Kiara Atlow</u>

On May 20, 2011 and June 16, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Heather Atlow obo Kiara Atlow had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32.  (See Exhibit M and N.)  Plaintiff's counsel has provided a PFS that was not complete and was unsigned.  (See Plaintiff Fact Sheet, Exhibit O.)  The original PFS was deficient in the following key datafields:

|  | **INFORMATION/DATA** | **PFS SECTION** |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |

| | | |
|---|---|---|
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

In addition to the foregoing missing key datafields, the plaintiff's responses to several other items simply asserted a lack of knowledge. Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but many of the deficiency answers also do not contain any helpful information and simply claim lack of knowledge. For example, in response to Item III.C.8 requesting information about whether she was seeking psychological treatment, plaintiff Heather Atlow obo Kiara Atlow responded:

> **Answer**
> I do not recall if I am claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home.

(See Exhibit P.) In response to the deficiency letters, Heather Atlow obo Kiara Atlow further responded that she did not recall whether she was making a claim for mental or emotional damages, the names of the other trailer resident or their smoking history. She also did not recall the number of hours spent in the trailer each day or any prior medical history.

5. <u>Irvin Vaultz</u>

On May 20, 2011 and June 16, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Irvin Vaultz had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit Q and R.) Plaintiff's counsel has provided a PFS

that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit S.) The original PFS was deficient in the following key datafields:

| | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

In addition to the foregoing missing key datafields, this plaintiff's responses to several other items were simply asserted a lack of knowledge. Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

Plaintiff has provided Plaintiff Fact Sheet Deficiency Answers in response to Liberty Mutual's deficiency letter, but these also do not contain any helpful information in response to several deficiencies. In response to Item III.C.8 requesting information about psychological treatment, plaintiff responded:

> **Answer**
> I do not recall if I am claiming mental and/or emotional damages as a result of residing in a FEMA housing unit.

(See Exhibit T.) In response to the deficiency letters, Irvin Vaultz further responded that he did not recall if he was making a claim for medical expenses or lost wages, or the number of hours spent in the trailer each day or any prior medical history.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of the *White* Plaintiffs, with prejudice.

### III. Conclusion

As established above, the *White* Plaintiffs named herein have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

/s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 1839

13