UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER           * | MDL NO. 1873 |
|      FORMALDEHYDE         * | |
|      PRODUCTS LIABILITY    * | SECTION:  N(5) |
|      LITIGATION            * | |
|                            * | JUDGE: ENGELHARDT |
| This Document Relates to:     * | |
| *Taylor v. Keystone Coach, Inc. et al, 09-5976*   * | MAG: CHASEZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD GULF STREAM AND TO DISMISS KEYSTONE

**MAY IT PLEASE THE COURT:**

On July 24, 2009, Plaintiff Kimberly Taylor filed her Petition for Damages against several defendants, including Keystone RV Company ("Keystone"). *See* Rec. Doc. 1, 3:09-00486, ¶¶ 2—6. Plaintiff alleged that following Hurricane Katrina, she was supplied a FEMA trailer in the state of Louisiana. *Id*. at ¶ 16. She further alleged that Keystone manufactured the FEMA trailer, and Plaintiff was exposed to formaldehyde while residing in the Keystone-built unit, thereby rendering Keystone liable under the Louisiana Products Liability Act ("LPLA"). *Id*. at ¶¶ 86—87. The case was subsequently transferred to the FEMA Trailer MDL in late 2009.

Several years later, on November 11, 2011, Plaintiff moved for leave to amend its complaint to add Gulf Stream Coach, Inc. ("Gulf Stream") as a defendant and to dismiss defendant Keystone. Plaintiff learned through a comparison of Vehicle Identification Numbers that the Emergency Housing Unit in which she resided was manufactured by Gulf Stream, not Keystone. *See* Rec. Doc. 23498-1, p. 1.  Thus, she sought to add Gulf Stream as a defendant. Gulf Stream, as a proposed new defendant, now appears before this Honorable Court to oppose Plaintiff's Motion for Leave because the amended pleading would be futile.

**I.    THE COURT MAY DENY LEAVE TO AMEND WHEN THE AMENDMENT WOULD BE FUTILE.**

In his Motion, Plaintiff states that leave should be given unless the opposing party can show prejudice, bad faith or undue delay. *See* Rec. Doc. 23498-1, p. 1. There is, however, another basis to deny such a motion – when the amendment would be futile. *Conry v. Daugherty*, 2011 WL 4807892, *5 (E.D. La. Oct. 11, 2011). An amended pleading would be "futile" if the claim asserted by the amendment is prescribed. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

**II.   PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE BECAUSE HER CLAIM AGAINST GULF STREAM IS PRESCRIBED.**

In the instant case, Plaintiff's claim against Gulf Stream is prescribed. Under Louisiana law, a plaintiff has one year to bring a tort suit against the alleged tortfeasors, and it runs from the date the plaintiff sustains injury or damage. La. Civ. Code. art. 3492 (2011). This Honorable Court has previously recognized that claims under the LPLA are subject to this prescriptive period. *See In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 2009 WL 3834126, *2 (E.D. La. Nov. 16, 2009).

Though Plaintiff failed to state the date on which her injury occurred, it certainly occurred on or prior to July 24, 2009, the date she filed the instant lawsuit. Thus, at the very latest, Plaintiff was obligated to file her tort suit by July 24, 2010. She did not file suit against Gulf Stream until November 11, 2011. Therefore, her claim against Gulf Stream is prescribed on its face, and therefore any amendment to add Gulf Stream is futile.

**III.  PLAINTIFF'S PROPOSED AMENDMENT WOULD NOT RELATE BACK TO THE DATE OF THE ORIGINAL FILING.**

In addition to the fact that Plaintiff's claim is prescribed on its face, the claim also will not relate back to the date of the original filing. When an amendment changes the party against whom a claim is asserted, the claim relates back only if the party to be added "knew or should have known

that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

The U.S. Court of Appeals for the Fifth Circuit has held that a plaintiff's failure to name a defendant because plaintiff lacked knowledge about the defendant's identity does not qualify as a "mistake" under Rule 15(c). *Jenkins v. Stan Ware Enterprises, Inc.*, 2008 WL 4091926, *5 (W.D. La. Aug. 27, 2008). According to the Fifth Circuit, Rule 15 "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). Relation back will not allow a plaintiff to amend when she intended to sue a particular party, did so, and then determined that she sued the wrong party. *Id.* (citing *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994)). "We have no doubt that Rule 15(c) is not designed to remedy such mistakes." *Id.*

This Honorable Court has handed down a similar holding in a recent case. Regarding the question of whether a plaintiff could use relation back to justify the addition of a new defendant, the Court in *In re Katrina Canal Breaches Consol. Litig.*, held:

> Thus, amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.

2008 WL 3906760, *6 (E.D. La. Aug. 26, 2008) (citing *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993)).

These holdings are directly applicable to this case. Here, Plaintiff mistakenly sued Keystone as the manufacturer of her FEMA housing unit, and later sought to substitute Gulf Stream as the manufacturing defendant when she learned that Gulf Stream was the actual builder. When she

3

originally commenced her action, Plaintiff intended to sue Keystone, did so, and then found out Keystone was the wrong manufacturer. But relation back does not allow her to add Gulf Stream at a later time simply because she found out the correct identity of the manufacturer. That doctrine, as the Fifth Circuit has recognized, was "not designed to remedy such mistakes." *Jacobsen*, 133 F.3d at 321. Thus, Plaintiff's amendment does not relate back to the date of her original filing.

**IV.     CONCLUSION.**

Plaintiff's amended claim against Gulf Stream is prescribed, and the amendment will not relate back to the date of the original filing. Accordingly, the amendment is futile because it is time barred. Therefore, the Court should deny Plaintiff leave to amend her claim.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON
Timothy D. Scandurro #18424
Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
*Counsel for Gulf Stream Coach, Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of November, 2011, a copy of the foregoing Opposition to Motion for Leave to Amend to Add Gulf Stream and to Dismiss Keystone was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com