## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

**MDL NO. 1873**

This document relates to:

**JUDGE ENGELHARDT**

**Brumfield, et al, Pilgrim International,
Inc. , et al., No. 10-2248**

**MAG. JUDGE CHASEZ**

Plaintiff: Javious Magee

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER

Defendant, Sentry Insurance A Mutual Company ("Sentry"), submits this memorandum in opposition to the Plaintiff's Motion for Relief from Judgment or Order.[1]  Sentry is named as a direct action defendant who provided an insurance policy to Pilgrim International, Inc.  The plaintiff alleges that he lived in a Pilgrim-manufactured unit.

The plaintiff's motion seeks relief from the Court's October 5, 2011 order

---

[1] Rec. Doc. No. 23478.   Unlike other motions filed by other plaintiffs, Magee only seeks relief under Rule 60.  He has not filed his motion pursuant to Rule 59, as a Motion for New Trial.  Sentry also notes that the plaintiff filed this motion without first contacting counsel for Sentry to determine whether the motion was opposed, as required by PTO No. 10.  Rec. Doc. No. 301.

1

which dismissed his claims for failure to comply with Pretrial Orders 2 and 32.[2]   As explained below, the Court should deny the pending motion.

## Summary of Argument

Plaintiff is not entitled to relief under Rule 60(b)(1), (2) or (6) of the Federal Rules of Civil Procedure.   The Court correctly dismissed the plaintiff's claims.   He failed to provide a plaintiff fact sheet within the deadline required by the Court's pretrial orders, and then, after receiving a deficiency notice, failed to properly supplement his plaintiff fact sheet.

The plaintiff has now come forward, <u>after</u> the Court dismissed his claims with yet another version of his fact sheet.   Even if the Court considered this late submission, a review of the fact sheet shows the plaintiff has not provided all the required information.   His fact sheet is still incomplete.

Mr. Magee's lawyers admit they have previously been unable to contact him and obtain information to complete his plaintiff fact sheet.   Faced with that situation, the plaintiff now argues that (a) his lawyers *just* discovered they had the wrong contact information for him; and (b) that he was in the hospital for some period of time.   This, even if true, does not constitute new evidence, excusable neglect, inadvertence, or any of the grounds sufficient to grant relief under Rule 60.   The plaintiff has simply failed to comply with his obligations under PTO 2 and 32 and prosecute his claims.   The Court was correct when it dismissed the plaintiff's claims.

---

[2] Rec. Doc. No. 23040.

## Law and Argument

**1.     The plaintiff is trying to get another bite at the apple.  If the Court reversed its dismissal, the ruling would undermine the entire deficiency and dismissal process.**

The Court's pretrial orders, including those related to the deficiency process, were carefully crafted to balance a number of considerations:  allowing the plaintiffs to submit plaintiff fact sheets in lieu of responding to formal discovery, giving plaintiffs sufficient time to submit their fact sheets and respond to deficiency notices, giving plaintiffs fair warning that their claims could be dismissed for failure to submit fact sheets, and allowing the defendants to seek dismissals *after* the deficiency process had run its course.   The pending motion should be viewed in light of those factors.

Here, the plaintiff initially provided a fact sheet that provided virtually no information.[3]  It was unsigned and undated.  Defendant Crum and Forester sent the plaintiff a deficiency letter on March 24, 2011.[4]

On April 28, 2011, the plaintiff then submitted a document titled "Plaintiff Fact Sheet Deficiency Answers" which purported to respond to the March deficiency letter.[5]  It was not complete and in many instances stated the plaintiff would supplement his answers.  It is unclear how the plaintiff could have completed any of this document, given that his lawyers now admit, under oath, that they didn't

---

[3] Rec. Doc. No. 22643-2, p. 2-30.

[4] Rec. Doc. No. 22643-2, p. 32-37.

[5] Rec. Doc. No. 22643-2, p. 39-56.

actually talk to the plaintiff until October 19, 2011.[6]  Nonetheless, Crum and
Forester moved to dismiss the plaintiff's claims and the Court granted the motion.[7]

The plaintiff now asks the Court to reverse its dismissal.   In support of his
motion, plaintiff attached an affidavit from his lawyer and yet another version of his
"Plaintiff Fact Sheet Deficiency Answers."[8]  The newly-submitted fact sheet
answers have two signature pages, one dated November 7, 2011 and one dated
October 29, 2011.  It is not clear which signature page the plaintiff relies on.

The plaintiff's fact sheet is still incomplete and does not provide information
for a number of different items, including the following: (a) whether he experienced
symptoms before moving into his trailer[9]; (b) whether his symptoms, if any,
worsened after moving into his trailer[10]; (c) whether the plaintiff is seeking medical
expenses and the amount of the claim[11]; (d) his work history, including dates of
employment, names, etc.[12]; (e) identification of other claims or lawsuits filed by the

---

[6] *See* Rec. Doc. No. 23478-3, p. 2, Paragraph 6 (Affidavit of Nicole Porter).

[7] Rec. Doc. No. 23040.

[8] Rec. Doc. No. 23478-2 (Answers) and 23478-3 (Affidavit of Nicole Porter).

[9] PFS, Item III(C)(6).

[10] PFS, Item III (C)(7).

[11] PFS, Item III (C)(8). The plaintiff made an effort to respond to this question, however, he provided conflicting information.  On one page, plaintiff states he is seeking $1500 in medical expenses.  *See* Rec. Doc. No. 23478-2, p. 1 ("Yes, I am making a claim for medical expenses, and the amount of the claim is $1500.00.").  Then, on another page, he states that he is <u>not</u> seeking those expenses. *Id.* at p. 5 ("No claim is being made for emotional damages, medical expenses or lost wages.").

[12] PFS, Item IV(F).

plaintiff[13]; (f) family history information[14]; (g) whether the plaintiff is making a wrongful death claim on behalf of anyone else[15]; (h) the names of other persons and family members who lived in the plaintiff's trailer[16]; (i) personal information about the plaintiff, including height, weight, etc.[17]; (j) information about the plaintiff's regular medical treatment, including primary care doctor, medical treatment in the last seven years, etc.[18]; and (k) signed medical authorization/release forms.

The November 9th affidavit submitted by the plaintiff's counsel acknowledges that the fact sheet isn't complete. It notes that "[p]laintiff's counsel did, in fact, make phone contact with Plaintiff briefly and Javious provided *some* of the deficient information."[19]   The plaintiff's motion does not explain why he only provided information on *some* of the deficient items identified by Defendant Crum and Forester, but not all.

The Court has already issued numerous dismissals of claims where the plaintiff failed to provide a fact sheet. If the Court were to reverse the instant dismissal, it would effectively undo the entire deficiency process. This would also allow every plaintiff who failed to come forward within the deadlines provided by the Court to take multiple bites of the apple. The Court should not permit this.

---

[13] PFS, Item IV(G).

[14] PFS, Item IV.

[15] PFS, Item IV.

[16] PFS, Item V (E).

[17] PFS, Item VI (A)-(D).

[18] PFS, Item IX.

[19] Rec. Doc. No. 23478-3, p. 2 (Paragraph 6).

**2.      The plaintiff's request for relief under Rule 60 should be denied.**

Federal courts have long recognized that a Rule 60 motion is an extraordinary remedy.[20]   The Court should not grant relief lightly and must strike a balance between serving the interests of justice and the policy of finality in the Court's rulings.[21]   The Court has wide discretion within which to consider a Rule 60 motion.[22]

Courts routinely deny Rule 60(b) motions where the movant failed to prosecute his or her claims, such as failing to respond to a summary judgment motion[23] or failing to answer the complaint or seek an extension.[24]   In addition, the Fifth Circuit has also refused relief under Rule 60(b) where the movant claimed he was "abandoned" by his counsel[25] and where the plaintiff claimed he was personally uninformed about the state of the matters before the court.[26]

Here, plaintiff seeks relief under three subsections of Rule 60 (b)— Subsections (1), (2) and (6).  As discussed below, the plaintiff has not met the standard under any of these sections of Rule 60.

---

[20] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*,149 F. R.D. 171 (E.D. Wisc. 1993).

[21] *Mazonne v. Stamler*, 157 F. R. D 212 (S.D. N.Y. 1994).

[22] *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).

[23] *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469 (5th Cir.1989).

[24] *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988).

[25] *Crutcher v. Aetna Life Insurance Company*, 746 F. 2d 1076 (5th Cir. 1984).

[26] *Smith v. Alumax Extrusions*, *supra*, at 1471 ("Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting.").

**(a)    The plaintiff has not established inadvertence or excusable neglect.**

Rule 60(b)(1) allows the Court to grant relief based on "mistake, inadvertence, surprise, or excusable neglect."  Although the Supreme Court has noted that the test under Rule 60(b)(1) is an "elastic" one,[27] the Court should consider several factors:  (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct.[28]   Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) only where there were extraordinary circumstances justifying it.[29]

None of the plaintiff's "excusable neglect" arguments are persuasive.   The plaintiff contends that it was "excusable neglect that he did not tell counsel of his new phone number as he did not realize his case was a critical stage."[30]   This is not a reason to reverse the Court's dismissal.  At best, the plaintiff has demonstrated he failed to keep in touch with his lawyers, despite numerous attempts to contact him.[31]  The plaintiff also contends that he has been in the hospital for some period

---

[27] *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1983).

[28] *Hibernia National Bank v. Administration Central Sociedad Anonima,* 776 F.2d 1277, 1279-80 (5th Cir. 1985).

[29] *Express Air v. General Aviation Services*, 806 F.Supp. 619 (S.D. Miss., 1992).

[30] Rec. Doc. No. 23478-1.

[31]The first affidavit submitted by the plaintiff identifies approximately twenty two attempts to contact the Plaintiff in writing, none of which apparently were successful.  *See* Rec. Doc. No. 23008-1, p. 2.

time, suggesting that also constitutes "excusable neglect."[32]  He has not explained, however, when or where he was in the hospital or how that impacted his ability to stay in contact with his lawyers or provide a complete plaintiff fact sheet.

Similarly, the plaintiff has not established "inadvertence" as that term is used in 60(b)(1).  The plaintiff incorrectly argues that his *own* inadvertence—failing to give contact information to his lawyers—constitutes a basis for relief.  Some federal courts have found that the term "inadvertence" refers to the *Court's* mistaken actions, not a *party's* actions.  The U.S. Seventh Circuit explained this, noting that relief from a final judgment under this rule is based only on the Court's inadvertence, not that of a party.[33]   In another case, that same court recognized that neither ignorance nor carelessness on the part of his attorney will provide grounds for relief based on inadvertent error. [34]

Even if his own acts could provide a basis for relief, the plaintiff's actions were not inadvertent.  He knew or should have known about his lawsuit and his obligation to prosecute his claims or risk dismissal.  The plaintiff failed to keep in touch with his lawyers after filing suit.  It's simply too late to complain about his own mistakes.

---

[32] *Id*. at p 2.

[33] *Buggs v. Elgin, Joliet & Eastern Rail Road Co.*, 852 F. 2d 318 (7th Cir. 1988).

[34] *Bershad v. McDonough*, 469 F. 2d 1333, 1337 (7th Cir. 1972) ("Neither ignorance nor carelessness on the part of a litigant or his attorney will provide grounds for <u>Rule 60(b)</u> relief.").

**(b)     The plaintiff has not identified "new evidence" and is not entitled to recovery under Rule 60(b)(2).**

The plaintiff also argues that "new evidence" exists and justifies reinstating his claims, citing Rule 60(b)(2).  The plaintiff asserts the evidence is the "particulars about this living [in] the trailer" and his new address and phone number.[35]  Neither constitute "new evidence" under Rule 60(b)(2).

As Wright and Miller note, the standard for evaluating "new evidence" under 60(b)(2) is the same as that under Rule 59.[36]  Cases evaluating "new evidence" under Rule 59 are authoritative in interpreting Rule 60(b)(2).[37]  Under both rules, "the evidence must have been in existence at the time of the trial, but if it was in the possession of the party before the judgment was rendered, *it is not newly discovered and does not entitle a party to relief*."[38]

In addition, the party who proposes the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier. The Fifth Circuit explained that to "prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at the time of the trial despite due diligence to learn about them."[39]

---

[35] Rec. Doc. No. 23478-1, p. 3.

[36] *Wright and Miller*, Section 2808, p. 86 ("The same standard applies for establishing this ground for relief, whether the motion is under Rule 59 or 60(b)(2).").

[37] *Id*. at Section 2859, p. 302.

[38] *Id*. at p. 303 (citations omitted)(emphasis added).

[39] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al*, 62 F. 3d 767, 775 (5th Cir. 1995), citations omitted (Court found that trial court properly denied Rule 60 motion where movants "failed to make requisite

Here, the plaintiff has not come close to the showing required under Rule 59 or 60(b)(2).  The additional (and still incomplete) information in the plaintiff's fact sheet is not "new" evidence under Rule 59.  The plaintiff's telephone number and contact information is also not "new" evidence.  It would be absurd to suggest that the plaintiff did not know the information about his trailer or his telephone number *before* October 5, 2011 and somehow became aware of it after the Court dismissed his claims.  In reality, the plaintiff simply failed to stay in touch with his lawyers or respond to their attempts to contact him.  Then, he only provided the partial information in his most recent fact sheet *after* the Court dismissed his claims.

The plaintiff apparently contends the affidavit he submitted is a sufficient explanation for his failure to comply with his obligations.  This affidavit is weak, at best.  The affidavit provides only minimal explanation as to why the plaintiff did not supply the required information. It does not provide any explanation as to why he was prevented from providing the information or how his hospital stay has anything to do with this situation.

(c)     **The plaintiff has also failed to show a basis for relief under Rule 60(b)(6) which is a "catch all" section when no other basis for relief exists.**

Subsection (b)(6) allows the Court to grant relief for "any other reason" that is appropriate.  In essence, this gives the Court the ability to reverse itself if equity so requires.[40]  That said, relief is only available under (b)(6) when no other section

---

showings that they were excusably ignorant of evidence until after trial and had employed reasonable diligence to discover it).

[40] *Bros Inc. v. W.E. Grace*, 320 F. 2d 594, 608 (5th Cir. 1963).

of Rule 60(b) applies.[41]  When a party seeks relief under another section of Rule 60(b), e.g. newly discovered evidence, the catch-all provision of (b)(6) is not applicable.[42]

Here, the plaintiff argues that 60(b)(6) applies and asserts that the Court should reinstate his claims so it can "consider" the case on the merits in light of the new evidence submitted in his fact sheet which responds to Crum and Forester's deficiency letter.[43]  This argument misses the point for several reasons.  First, the plaintiff has cited other sections of Rule 60(b), so he is not entitled to relief under Subsection (b)(6).  Second, and more importantly, the plaintiff has still not provided complete information in his fact sheet.   While he provided some information, a number of the items on the deficiency letter are still unaddressed.

## CONCLUSION

For all the reasons explained in this memorandum, Sentry requests that the Court deny the plaintiff's motion.  The Court should leave its dismissal ruling in place.

Respectfully submitted,

*s/ Ryan E. Johnson*

_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)

---

[41] *VanLeeuwen v. Farm Credit Administration*, 600 F. Supp. 1161, 1164 (D. Or. 1984)("Relief under subsection (6) can be obtained only for reasons other than the five listed in subsections (1)–(5) of the rule.").

[42] *Shoen v. Shoen*, 933 F. Supp 871,875 (D. Az 1996), aff'd, 113 F. 3d 1242 (9th Cir. 1996).

[43] Rec. Doc. No. 23478-1, p. 3.

**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
        -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

***Counsel for Sentry Insurance A Mutual Company***

Date:  November 14, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 14th day of November, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson