UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N |
| | * | |
| This document relates to: | * | |
|    *Stephen v. R-Vision, Inc.* | * | |
|    No. 09-7917 | * | |
|    Plaintiffs: | * | |
|    Marica Stephen | * | |
|    Takena Collins obo Lamar Veasley | * | |
|    Shauron Willis obo J'Shaun Piernas | * | |
|    Steve Dice | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO
PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of plaintiffs Marica Stephen, Takena Collins obo Lamar Veasley, Shauron Willis obo J'Shaun Piernas, and Steve Dice (collectively, the "*Stephen* Plaintiffs", with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

As an initial matter, none of the *Stephen* Plaintiffs has submitted a signed PFS. Moreover, many of the key datafields on the PFS are deficient because they merely assert a lack

of knowledge to even the most basic questions. For example, several of the *Stephen* Plaintiffs claim they do not know when they moved in or out of the FEMA Trailer, who resided with them in the FEMA Trailer, or whether they ever used tobacco products. Such responses are woefully deficient, and dismissal is appropriate.

Undersigned counsel has contacted counsel for the *Stephen* Plaintiffs, who advised that he <u>opposes</u> this Motion to Dismiss.

### I.      Factual Background.

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would

---

[1] See Rec. Doc. No. 87, p. 7.

specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed and signed PFS."[3]

## II.    Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Marica Stephen et al. v. R-Vision, Inc.*, Docket No. 09-7917, was filed in December of 2009. Because the *Stephen* Plaintiffs were added in the MDL after November 30, 2009, PTO No. 32 Section G, governs the submittal of their PFS. This section states:

> For any Complaint filed after November 30, 2009, and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

---

[2] See Rec. Doc. 87, p. 8-9.  See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

Section G of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *Stephen* matter to submit a PFS was "30 days from the day of filing of the individual claims". To date, Plaintiffs Marica Stephen, Takena Collins obo Lamar Veasely, Shauron Willis obo J'Shaun Piernas, and Steve Dice have not submitted a completed, signed plaintiff fact sheet. As such, in accordance with PTO No. 32, the proper remedy is dismissal of the *Stephen* Plaintiffs' claims, *with prejudice.*

1. <u>Marica Stephen</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Marica Stephen had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See May 20, 2011 Letter, Exhibit A.) However, the deficiencies have not been corrected. Subsequently, plaintiff's counsel provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit B.) Further, the PFS was deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☐ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |

4

| | | |
|---|---|---|
| ☒ | Move In Date | V.A.6. |
| ☒ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☐ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

Importantly, this plaintiff has even failed to provide any information linking herself to Liberty Mutual's alleged insured, R-Vision, Inc. The PFS does not provide any manufacturer information at all. And, the Amendment to PFS that was later submitted does not provide an R-Vision VIN number or any evidence from the FEMA disaster files that Marica Stephen resided in an R-Vision trailer. The Amendment simply states:

> Section V. FEMA Trailer or Mobile Home Unit
>
> FEMA ID:   931084344
>
> Defendants Named:   R-Vision, Inc.

GOVERNMENT PROVIDED INFORMATION

(See PFS Amendment, Exhibit C.) Plaintiffs should not be permitted to name manufacturers as defendants without proper matching information; this was the entire purpose of the Court's matching process that has taken several years.

In addition to the foregoing missing key datafields, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness she has developed or may develop in the

future, Marica Stephen simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when her injury or disease first occurred in III.C.5., Ms. Stephen responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

2. <u>Takena Collins obo Lamar Veasley</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that Takena Collins obo Lamar Veasley had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See May 20, 2011 Letter, Exhibit D.) However, the deficiencies have not been corrected. Subsequently, plaintiff's counsel provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit E.) Further, the PFS was deficient in the following key datafields:

|   | **INFORMATION/DATA** | **PFS SECTION** |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☒ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |

6

| | | |
|---|---|---|
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

Importantly, this plaintiff has failed to provide any information linking himself to Liberty Mutual's alleged insured, R-Vision, Inc. The PFS does not provide any manufacturer information at all. And, the Amendment to PFS that was later submitted does not provide an R-Vision VIN number or any evidence from the FEMA disaster files that Lamar Veasley resided in an R-Vision trailer. The Amendment simply states:

> Claimant Name: Veasley, Lamar
>
> Claimant's Attorney: Watts Hilliard, LLP
>
> Please note the following updates to the previously submitted Plaintiff Fact Sheet
>
> Section V. FEMA Trailer or Mobile Home Unit
>
> FEMA ID:    939633411
>
> Defendants Named:   R-Vision, Inc.

### GOVERNMENT PROVIDED INFORMATION

(See PFS Amendment, Exhibit F.) Plaintiffs should not be permitted to name manufacturers as defendants without proper matching information; this was the entire purpose of the Court's matching process that has taken several years.

In addition to the foregoing missing key datafields, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness he has developed or may develop in the future, plaintiff Lamar Veasley simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5., This plaintiff responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

3. <u>Shauron Willis obo J'Shaun Piernas</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that this plaintiff had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See May 20, 2011 Letter, Exhibit G.) However, the deficiencies have not been corrected.

Subsequently, plaintiff's counsel provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit H.) Further, the PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☒ | Future Medical Claim | III.C.2. |
| ☒ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☒ | Move In Date | V.A.6. |
| ☒ | Move Out Date | V.A.7. |
| ☒ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☒ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |

9

| ☒ | Prior Medical History | VI(F)(1&4) |
|---|---|---|
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

This plaintiff has not provided any information linking himself to Liberty Mutual's alleged insured, R-Vision, Inc. The PFS does not provide any manufacturer information at all. And, the Amendment to PFS that was later submitted does not provide an R-Vision VIN number or any evidence from the FEMA disaster files that J'Shaun Piernas resided in an R-Vision trailer. The Amendment simply states:

> Claimant Name: Piernas, J'shaun
>
> Claimant's Attorney: Watts Hilliard, LLP
>
> Please note the following updates to the previously submitted Plaintiff Fact Sheet
>
> Section V. FEMA Trailer or Mobile Home Unit
> FEMA ID:  921397903
>
> Defendants Named: R-Vision, Inc.

**GOVERNMENT PROVIDED INFORMATION**

(See PFS Amendment, Exhibit I.)

In addition to the foregoing missing key datafields, this plaintiff's response to several other items were simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness he has developed or may develop in the future, plaintiff J'Shaun Piernas simply responded that "I do not know but understand that my

10

claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5., This plaintiff responded that "I know now injury occurred on the date I moved in, but I did not know at the time."

4. <u>Steve Dice</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Steve Dice had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See May 20, 2011 Letter, Exhibit J.) However, the deficiencies have not been corrected. Subsequently, plaintiff's counsel provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit K.) Further, the PFS was deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☒ | Future Medical Claim | III.C.2. |
| ☒ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☒ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☒ | Move In Date | V.A.6. |
| ☒ | Move Out Date | V.A.7. |

| ☒ | Installation Address (physical location) | V.A.8. |
|---|---|---|
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☒ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☒ | Produce Records | VIII (A-D) |

Plaintiff Steve Dice has failed to provide any information linking himself to Liberty Mutual's alleged insured, R-Vision, Inc. The PFS does not provide any manufacturer information at all. And, the Amendment to PFS that was later submitted does not provide an R-Vision VIN number or any evidence from the FEMA disaster files that Steve Dice resided in an R-Vision trailer. The Amendment simply states:

> Claimant Name: Dice, Steve
>
> Claimant's Attorney: Watts Hilliard, LLP
>
> Please note the following updates to the previously submitted Plaintiff Fact Sheet
>
> Section V. FEMA Trailer or Mobile Home Unit
> FEMA ID:   931084124
>
> Defendants Named:   R-Vision, Inc.
>
>
>
> **GOVERNMENT PROVIDED INFORMATION**

(See PFS Amendment, Exhibit L.)

In addition to the foregoing missing key datafields, this plaintiff's response to several other items were simply asserted a lack of knowledge. For example, in response to Item III.C.2,

12

requesting this plaintiff's understanding of the illness he has developed or may develop in the future, plaintiff Steve Dice simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5. This plaintiff responded that "I know now injury occurred on the date I moved in, but I did not know at the time."

### 5. Due to these Deficiencies, these Plaintiffs' Claims Should Be Dismissed With Prejudice.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it. In the present case, there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of the *Stephen* Plaintiffs with prejudice.

### III. Conclusion

As established above, plaintiffs Marica Stephen, Takena Collins obo Lamar Veasley, Shauron Willis obo J'Shaun Piernas, and Steve Dice have not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

/s/ Kristopher M. Redmann
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397