UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION<br><br>This document relates to:<br>   *Marla Raffield v. R-Vision, Inc.*<br>   No. 2010-1261<br>   Plaintiffs: Devin Frank<br>              Hazel Frank<br>              Mary Smyth<br>              Rashad Frank<br>              Shawn White<br>              Stacey Frank<br>              Tyrone Frank<br>              Yvonne Frank | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION: N, 5<br><br>JUDGE ENGELHARDT<br><br>MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO
PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

    Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of the following plaintiffs:

1. Devin Frank

2. Hazel Frank

3. Mary Smythe

4. Rashad Frank

    5. Shawn White

    6. Stacey Frank

    7. Tyrone Frank

    8. Yvonne Frank

(collectively, the "*Raffield* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

**I.    Factual Background.**

    The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would

---

[1] See Rec. Doc. No. 87, p. 7.

specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed and signed PFS."[3]

## II.   Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Marla Raffield et al. v. R-Vision, Inc.*, Docket No. 2010-1261, was filed in April of 2010. Because the *Raffield* Plaintiffs were added as plaintiffs in the MDL after November 30, 2009, PTO No. 32 Section G, governs the submittal of their PFS. This section states:

> For any Complaint filed after November 30, 2009, and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

---

[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

3

Section G of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *Raffield* matter to submit a PFS was "30 days from the day of filing of the individual claims". To date, none of the *Raffield* Plaintiffs herein have submitted completed, signed plaintiff fact sheets.

1. Devin Frank—PFS not signed
2. Hazel Frank—PFS not signed
3. Mary Smythe—no PFS provided
4. Rashad Frank—PFS not signed
5. Shawn White—PFS not signed
6. Stacey Frank—PFS not signed
7. Tyrone Frank—PFS not signed
8. Yvonne Frank—PFS not signed

As such, in accordance with PTO No. 32, the proper remedy is dismissal of these plaintiffs' claims, *with prejudice.*

Undersigned counsel has contacted counsel for the *Raffield* Plaintiffs who advised that he opposes this Motion to Dismiss.

1. Devin Frank

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Devin Frank had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit A.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit B.) Further, the PFS was deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |

4

| | | |
|---|---|---|
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☒ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

Plaintiff's PFS does not contain any information matching this plaintiff to R-Vision. The PFS identifies "Cavalier" as the manufacturer and provides a VIN number that is not one of R-Vision's.

In addition, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness he has developed or may develop in the future, plaintiff simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first

5

occurred in III.C.5., Mr. Frank responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

2. <u>Hazel Frank</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Hazel Frank had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit C.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit D.) Further, the PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☒ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |

6

| | | |
|---|---|---|
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

Plaintiff's PFS does not contain any information matching this plaintiff to R-Vision. The PFS identifies "Cavalier" as the manufacturer and provides a VIN number that is not one of R-Vision's.

In addition, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness she has developed or may develop in the future, plaintiff simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when her injury or disease first occurred in III.C.5., Ms. Frank responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

3. <u>Mary Smythe</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Mary Smythe had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit E.) Liberty Mutual still has not received a PFS for Plaintiff Mary Smythe.

4. <u>Rashad Frank</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Rashad Frank had not submitted a completed, signed PFS as directed by PTO Nos.

2 and 32. (See Exhibit F.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit G.) Further, the PFS was deficient in the following key datafields:

| | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☒ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

Plaintiff's PFS does not contain any information matching this plaintiff to R-Vision. The PFS identifies "Cavalier" as the manufacturer and provides a VIN number that is not one of R-Vision's.

8

In addition, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness he has developed or may develop in the future, plaintiff simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5., Mr. Frank responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

5. <u>Shawn White</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Shawn White had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit H.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit I.) Further, the PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☒ | FEMA I.D. # | V.A.3. |

| | | |
|---|---|---|
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

Plaintiff's PFS does not contain any information matching this plaintiff to R-Vision. The PFS identifies "Gulf Stream Coach" as the manufacturer and provides a VIN number that is not one of R-Vision's.

In addition, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness he has developed or may develop in the future, plaintiff simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5., Mr. White responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

6. <u>Stacey Frank</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Stacey Frank had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit J.) Plaintiff's counsel has provided a PFS that was not complete and was

unsigned. (See Plaintiff Fact Sheet, Exhibit K.) Further, the PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☒ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

Plaintiff's PFS does not contain any information matching this plaintiff to R-Vision. The PFS identifies "Cavalier" as the manufacturer and provides a VIN number that is not one of R-Vision's.

In addition, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness she has developed or may develop in the future, plaintiff simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when her injury or disease first occurred in III.C.5., Ms. Frank responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

7. <u>Tyrone Frank</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Tyrone Frank had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit L.) Plaintiff's counsel has provided a PFS that was not complete and was unsigned. (See Plaintiff Fact Sheet, Exhibit M.) Further, the PFS was deficient in the following key datafields:

|   | **INFORMATION/DATA** | **PFS SECTION** |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☒ | FEMA I.D. # | V.A.3. |

| | | |
|---|---|---|
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated | |

Plaintiff's PFS does not contain any information matching this plaintiff to R-Vision. The PFS identifies "Cavalier" as the manufacturer and provides a VIN number that is not one of R-Vision's.

In addition, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness he has developed or may develop in the future, plaintiff simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when his injury or disease first occurred in III.C.5., Mr. Frank responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

8. <u>Yvonne Frank</u>

On May 20, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Yvonne Frank had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit N.) Plaintiff's counsel has provided a PFS that was not complete and

13

was unsigned. (See Plaintiff Fact Sheet, Exhibit O.) Further, the PFS was deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☒ | Vin # | V.A.2. |
| ☒ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |
| ☒ | Plaintiffs Fact Sheet Signed and Dated |  |

Plaintiff's PFS does not contain any information matching this plaintiff to R-Vision. The PFS identifies "Cavalier" as the manufacturer and provides a VIN number that is not one of R-Vision's.

In addition, this plaintiff's response to several other items simply asserted a lack of knowledge. For example, in response to Item III.C.2, requesting this plaintiff's understanding of the illness she has developed or may develop in the future, plaintiff simply responded that "I do not know but understand that my claim is about formaldehyde being in the trailer and that may cause illness or disease." In response to a question about when her injury or disease first occurred in III.C.5., Ms. Frank responded that "I know now injury occurred on the date I moved in, but I did not know at the time." Such responses are clearly unhelpful to determine the merits of this plaintiff's claim.

9. <u>Due to these Deficiencies, these Plaintiffs' Claims Should Be Dismissed With Prejudice.</u>

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of the *Raffield* Plaintiffs, with prejudice.

**III.   Conclusion**

As established above, the *Raffield* Plaintiffs named herein have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

/s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397