UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | | |
|---|---|---|---|
| IN RE: | FEMA TRAILER | * | MDL NO. 1873 |
| | FORMALDEHYDE | * | |
| | PRODUCTS LIABILITY | * | |
| | LITIGATION | * | SECTION: "N"(5) |
| | | * | |
| **This Document Relates to:** | | * | JUDGE: ENGELHARDT |
| *Scott Ihli, et al versus* | | * | |
| *Sunnybrook RV, Inc., et al* | | * | |
| *E.D. La. Suit No. 10-2293* | | * | MAG: CHASEZ |

***************************************************************************

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS

Sunnybrook RV, Inc. ("Sunnybrook") moves this Honorable Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets:

Crystal Lynn Hester (Plaintiff in *Scott Ihli, et al v. SunnyBrook RV*, No. 10-2293)

**I.   CREATION OF MDL AND FACT SHEET PROCESS**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing the procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of

Interrogatories and Request for Production of Documents in a standardized and simple form. Rec. Doc. No. 87.

The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these fact sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of the PFS. Order No. 32 also retained the same curing procedure as was set forth in Pre-Trial Order No. 2.

## II.   LAW AND ARGUMENT

In the instant case, SunnyBrook respectfully submits that the plaintiff identified above failed to comply with these Orders, and therefore this Court should dismiss her claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the Court's power to manage and administer its own affairs and to ensure the orderly and

expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established Rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

In this case, on July 30, 2010, the plaintiff listed above filed an Amended Complaint for Damages naming Sunnybrook RV, in an action entitled *Scott Ihli, et al v. Sunnybrook RV, et al*, EDLA No. 10-2293. On May 16, 2011, the undersigned sent correspondence to plaintiffs' counsel requesting information regarding symptoms, wage loss, previous claims/suits, repairs, trailer information, medical background and medical diagnosis (Exhibit A). This fact sheet is devoid of virtually any information to wit:

Per the plaintiff fact sheet dated June 14, 2011, Ms. Hester states, "I do not recall if I experienced or reported any of these symptoms..."; " I do not recall if I suffered this type of illness or disease prior to living in the FEMA trailer"; "I do not recall if I am claiming that my use of a FEMA trailer or mobile home worsened a condition that I already had or had in the past"; "I do not recall if I am making a claim for mental and/or emotional damages as a result of residing in a FEMA trailer..."; "I do not recall if I am making a claim for medical expenses as a result of the injury, illness or disease"; "I do

---

[1] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); Connolly v. *Papachristid Shipping, Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

3

not recall if I am making a wage loss claim or claim of lost earning capacity as a result of my exposure to formaldehyde..."; "I do not recall my height"; "I do not recall my current weight or weight prior to living in a FEMA trailer..."; "I do not recall my personal tobacco use history..."; "I do not recall the smoking history of anyone who resided with me in my FEMA housing unit."; "I do not recall if I am alleging psychological symptoms.."; and finally, "I do not recall if any health care professional has told me that my alleged illness...is related to living in a FEMA trailer."

Attached are Plaintiff Fact Sheet Deficiency Answers for Crystal Lynn Hester dated June 14, 2011 (Exhibit B); Amendment to Plaintiff Fact Sheet dated September 2, 2009 (Exhibit C); and Plaintiff's original Fact Sheet dated September 2, 2009 (Exhibit D). As stated above, counsel for plaintiffs failed to cure the deficiencies. These deficiencies are material. Plaintiff, Crystal Hester, has failed to provide even the basic core information about her claims. "All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter forward toward resolution." (See Order and Reasons, Rec. Doc. #22803 and Pre-Trial Order No. 88, pp. 1-2 (Rec. Doc. #22124.)

### III. CONCLUSION

In view of the foregoing, SunnyBrook RV moves for an Order dismissing this plaintiff. As it prepares for additional litigation, evaluates the possibility of settlement and analyzes other issues concerning the progress of this lawsuit, Sunnybrook must be able to obtain information about those who make allegations against it. Plaintiff's

paucity of information is non-responsive and her claims should be dismissed as she has had more than sufficient time to address the deficiencies.

Moreover, the Plaintiff Fact Sheet serves as the best way to acquire such information as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, Sunnybrook is significantly prejudiced and there is good cause for the Court to discontinue any potential for further prejudice against Sunnybrook by dismissing the claims of Crystal Lynn Hester.

In accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2) VI and 41(b), the Motion to Dismiss filed by Sunnybrook to dismiss against Crystal Lynn Hester for Failure to Comply with Pre-Trial Orders 2 and 32, should be granted, dismissing this plaintiff with prejudice.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, APLC**

By: ____/s/ Cynthia J. Thomas____
**RICHARD G. DUPLANTIER, JR., Bar # 18874 (T.A.)**
**CYNTHIA J. THOMAS, LA Bar #22631**
**MARK E. SEAMSTER, LA Bar #17136**
3 Sanctuary Boulevard, Suite 301
Mandeville, Louisiana 70471
Telephone: (985)674-6680
Facsimile: (985)674-6681
E-Mail: cthomas@gjtbs.com
E-Mail: mseamster@gjtbs.com
*Attorneys for Defendant,*
*SunnyBrook RV, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of November, 2011, served a copy of the foregoing pleading on all counsel for all parties by electronic service through the Court's CM/ECF system and/or by:

( ) Hand Delivery ( ) Facsimile
( ) Prepaid U.S. Mail ( ) UPS/Federal Express
( X ) Electronic Mail ( ) Certified Mail, Return Receipt Requested

/s/ Cynthia J. Thomas
CYNTHIA J. THOMAS