UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Edwin Bennett v. Starcraft RV, Inc.* | * | |
| Docket No. 09-7920 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Delores Beard, as Next Friend of | * | |
| Toarean Cousin, a minor | * | |
| Isame Faciene | * | |
| Jessica Reed | * | |
| Jessica Reed, as Next Friend of | * | |
| Chesni Jones, a minor | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft") and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Delores Beard, as Next Friend of Toarean Cousin, a minor (Plaintiff in *Bennett,* C.A. 09-7920)

- Isame Faciene (Plaintiff in *Bennett,* C.A. 09-7920)

- Jessica Reed (Plaintiff in *Bennett,* C.A. 09-7920)

- Jessica Reed, as Next Friend of Chesni Jones, a minor (Plaintiff in *Bennett,* C.A. 09-7920)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered.  Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Delores Beard, as Next Friend of Toarean Cousin, a minor

*Edwin Bennett v. Starcraft RV, Inc.* was filed December 23, 2009. After the complaint was filed, Starcraft was provided an amendment to the plaintiff fact sheet.  (*See* Amendment to the Plaintiff Fact Sheet of Toarean Cousin, attached as Exhibit "A").  With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an unsigned, undated certification page for Toarean Cousin.  (*See* Id.).  Upon receipt of the amendment, counsel for Starcraft reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims.  Ultimately, the amendment only accounted for 3 of the 23 key questions.

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Starcraft sent correspondence to Plaintiff's Counsel advising that although Starcraft had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Starcraft, August 3, 2010, attached as Exhibit "B").  After the request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Toarean Cousin.  (*See* Plaintiff Fact Sheet for Toarean Cousin, attached as Exhibit "C").  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "A" & "C")

Important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  The move-in/move-out date questions, which are

4

also essential to the plaintiff's claim, were answered but could be considered deficiencies due to the plaintiff failing to provide more important specific trailer identification such as the unspecified manufacturer and VIN that these dates pertain to. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Toarean Cousin's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Toarean Cousin has only answered a questionable 11 of the required 23 key questions. Therefore, Toarean Cousin's fact sheet remains incomplete.

**Isame Faciene**

*Edwin Bennett v. Starcraft RV, Inc.* was filed December 23, 2009. After the complaint was filed, Starcraft was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Isame Faciene, attached as Exhibit "E"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an unsigned, undated certification page for Isame Faciene. (*See* Id.). Upon receipt of the amendment, counsel for Starcraft reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

5

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Starcraft sent correspondence to Plaintiff's Counsel advising that although Starcraft had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Starcraft, August 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Isame Faciene. (*See* Plaintiff Fact Sheet for Isame Faciene, attached as Exhibit "F"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "E" & "F")

Important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. The move-in/move-out date questions, which are

6

also essential to the plaintiff's claim, were answered but could be considered deficiencies due to the plaintiff failing to provide more important specific trailer identification such as the unspecified manufacturer and VIN that these dates pertain to. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Isame Faciene's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Isame Faciene has only answered a questionable 11 of the required 23 key questions. Therefore, Isame Faciene's fact sheet remains incomplete.

### Jessica Reed

*Edwin Bennett v. Starcraft RV, Inc.* was filed December 23, 2009. After the complaint was filed, Starcraft was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Jessica Reed, attached as Exhibit "G"). The plaintiff's amendment provided the plaintiff's manufacturer, VIN, bar code and included an undated certification page for Jessica Reed. (*See* Id.). Upon receipt of the amendment, counsel for Starcraft reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 7 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the

fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Starcraft sent correspondence to Plaintiff's Counsel advising that although Starcraft had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Starcraft, August 3, 2010, attached as Exhibit "B").  After the request, Plaintiff Counsel produced the undated plaintiff fact sheet for Jessica Reed.  (*See* Plaintiff Fact Sheet for Jessica Reed, attached as Exhibit "H").  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "G" & "H")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for her claim. Other important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were not answered by the plaintiff rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have

8

been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Jessica Reed's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Jessica Reed has only answered a questionable 11 of the required 23 key questions. Therefore, Jessica Reed's fact sheet remains incomplete.

**Jessica Reed, as Next Friend of Chesni Jones, a minor**

*Edwin Bennett v. Starcraft RV, Inc.* was filed December 23, 2009. After the complaint was filed, Starcraft was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Chesni Jones, attached as Exhibit "I"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an undated certification page for Chesni Jones. (*See* Id.). Upon receipt of the amendment, counsel for Starcraft reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Starcraft sent correspondence to Plaintiff's Counsel advising that although Starcraft had possession of the Amendment to the Plaintiff Fact Sheet, the above

mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Starcraft, August 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the undated plaintiff fact sheet for Chesni Jones. (*See* Plaintiff Fact Sheet for Chesni Jones, attached as Exhibit "J"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |

(*See* Exhibits "I" & "J")

Important questions to the plaintiff's claim, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.

In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on January 19, 2011 and outlined all deficiencies of Chesni Jones' fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, January 19, 2011, attached as Exhibit "D"). The appropriate 60 days have lapsed proceeding Starcraft's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Chesni Jones has only answered a questionable 16 of the required 23 key questions. Therefore, Chesni Jones'

fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Delores Beard as Next Friend of Toarean Cousin, Isame Faciene, Jessica Reed and Jessica Reed as Next Friend of Chesni Jones, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By: s/*Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas  77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Starcraft RV, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By: s/*Charles R. Penot, Jr.*
Charles R. Penot, Jr. (La. Bar No. 1530 &
Tx. Bar No. 24062455)
717 North Harwood, Suite 2400
Dallas, Texas 75201
(214) 220-6334 – Telephone
(214) 220-6807 – Facsimile

-and-

Dominic J. Gianna, La. Bar No. 6063
Sarah A. Lowman, La. Bar No. 18311
201 St. Charles Avenue, Suite 3100
New Orleans, Louisiana 70170
(504) 525-7200 – Telephone
(504) 581-5983 – Facsimile

-and-

        Richard A. Sherburne., La. Bar No. 2106
        450 Laurel Street, Suite 1101
        Baton Rouge, Louisiana 70801
        (225) 381-7700 – Telephone
        (225) 381-7730 – Facsimile

        **Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

          s/*Thomas L. Cougill*
        THOMAS L. COUGILL