UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Sheila Bonney v. Jayco Enterprises, Inc.* | * | |
| Docket No. 09-4327 | * | MAG. JUDGE CHASEZ |
| Plaintiff: Darnell Robinson | * | |

******************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco Enterprises, Inc. ("Jayco") and Shaw Environmental, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Darnell Robinson (Plaintiff in *Bonney,* C.A. 09-4327)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for

"curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiff identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and

lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Darnell Robinson**

*Sheila Bonney v. Jayco Enterprises, Inc.* was filed July 8, 2009. After the complaint was filed, Jayco received an Amendment to the Plaintiff Fact Sheet of Darnell Robinson (*See* Amendment to the Plaintiff Fact Sheet of Darnell Robinson, attached as Exhibit "A"). The plaintiff's Amendment provided Jayco with the manufacturer, vehicle identification number and bar code of the plaintiff's trailer. (*See* Id.). Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Justin Woods at Gainsburgh, Benjamin, David, Meunier & Warshauer, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, August 4, 2010, attached as Exhibit "B"). Plaintiff counsel did not produce the plaintiff fact sheet to the defendants; therefore Jayco once again requested the plaintiff fact sheet from Plaintiff's Counsel. (*See* email correspondence to Justin Woods at Gainsburgh, Benjamin, David, Meunier & Warshauer, Counsel for Plaintiff, from Maria Garcia at Willingham, Fultz and Cougill, Counsel for Jayco, October 1, 2010,

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

attached as Exhibit "C"). After two requests, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Darnell Robinson. (*See* Plaintiff Fact Sheet for Darnell Robinson, attached as Exhibit "D"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Future Medical Claim | III.C.2. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Id.)

Defendants have received no further response or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Darnell Robinson has only answered 13 of the required 23 key questions. Therefore, Darnell Robinson's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of this plaintiff. Thus, the Defendants move for an Order dismissing this plaintiff.

4

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiff, Darnell Robinson, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
    THOMAS L. COUGILL
    Texas State Bar No. 04877300
    Louisiana State Bar No. 31112
    R. MARK WILLINGHAM
    Texas State Bar No. 21641500
    JEFFREY P. FULTZ
    Texas State Bar No. 00790728
    Mississippi Bar No. 101058
    Niels Esperson Building
    808 Travis Street, Suite 1608
    Houston, Texas  77002
    (713) 333-7600 – Telephone
    (713) 333-7601 – Facsimile

    **Attorneys for Jayco Enterprises, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*M. David Kurtz*
    M. DAVID KURTZ  (#23821)
    KAREN KALER WHITFIELD (#19350)
    CATHERINE N. THIGPEN (#30001)
    201 St. Charles Avenue, Suite 3600
    (504) 566-5200 – Telephone
    (504) 636-4000 – Facsimile

    **Attorneys for Shaw Environmental, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

    s/*Thomas L. Cougill*
    THOMAS L. COUGILL