**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Rhonda Bowens v. Starcraft RV, Inc.* | * | |
| Docket No. 09-4740 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Inoka Salter | * | |
| Inoka Salter, obo Makayla Salter | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR**
**FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32**
**RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft"), Fluor Enterprises, Inc. and Shaw Environmental, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Inoka Salter (Plaintiff in *Bowens,* C.A. 09-4740)
- Inoka Salter, on behalf of Makayla Salter (Plaintiff in *Bowens,* C.A. 09-4740)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents

in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under

Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered.  Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Inoka Salter**

*Rhonda Bowens v. Starcraft RV, Inc.* was filed July 31, 2009. The submission of the plaintiff fact sheet was prompted by Starcraft's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff.  (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A").  Thereafter, Starcraft was forwarded the unsigned, undated Plaintiff Fact Sheet of Inoka Salter (*See* Plaintiff Fact Sheet of Inoka Salter, attached as Exhibit "B").  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient.  The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Id.)

---

[1]   *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2]   Rec. Doc. No. 22153.

In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on May 31, 2011 and outlined all deficiencies of Inoka Salter's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, May 31, 2011, attached as Exhibit "C").  The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies.  Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.   To date, Inoka Salter has only answered 14 of the required 23 key questions. Therefore, Inoka Salter's fact sheet remains incomplete.

**Inoka Salter, on behalf of Makayla Salter**

*Rhonda Bowens v. Starcraft RV, Inc.* was filed July 31, 2009. The submission of the plaintiff fact sheet was prompted by Starcraft's April 13, 2011 correspondence to Plaintiff Counsel that the defendant had not received a fact sheet from the plaintiff.  (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A").   Thereafter, Starcraft was forwarded the unsigned, undated Plaintiff Fact Sheet of Makayla Salter (*See* Plaintiff Fact Sheet of Makayla Salter, attached as Exhibit "D")  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient.   The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Id.)

In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft thereby drafted a Rule 37 letter on May 31, 2011 and outlined all deficiencies of Makayla Salter's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, May 31, 2011, attached as Exhibit "C").  The appropriate 60 days have lapsed and plaintiff has not cured the fact sheet deficiencies.  Defendants have received no further response or production of Plaintiff Fact Sheets Amendments in regards to the plaintiff.  To date, Makayla Salter has only answered 14 of the required 23 key questions. Therefore, Makayla Salter's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Inoka Salter, individually and on behalf of Makayla Salter, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By:   s/*Thomas L. Cougill*
         THOMAS L. COUGILL
         Texas State Bar No. 04877300
         Louisiana State Bar No. 31112
         R. MARK WILLINGHAM
         Texas State Bar No. 21641500
         JEFFREY P. FULTZ
         Texas State Bar No. 00790728
         Mississippi Bar No. 101058
         Niels Esperson Building
         808 Travis Street, Suite 1608
         Houston, Texas  77002
         (713) 333-7600 – Telephone
         (713) 333-7601 – Facsimile

         **Attorneys for Starcraft RV, Inc.**



**MIDDLEBERG, RIDDLE & GIANNA**


By:   s/*Charles R. Penot, Jr.*
         Charles R. Penot, Jr. (La. Bar No. 1530 &
         Tx. Bar No. 24062455)
         717 North Harwood, Suite 2400
         Dallas, Texas 75201
         (214) 220-6334 – Telephone
         (214) 220-6807 – Facsimile

                  -*and*-

         Dominic J. Gianna, La. Bar No. 6063
         Sarah A. Lowman, La. Bar No. 18311
         201 St. Charles Avenue, Suite 3100
         New Orleans, Louisiana 70170
         (504) 525-7200 – Telephone
         (504) 581-5983 – Facsimile

                  -*and*-

Richard A. Sherburne., La. Bar No. 2106
450 Laurel Street, Suite 1101
Baton Rouge, Louisiana 70801
(225) 381-7700 – Telephone
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**


**BAKER DONELSON BEARMAN CALDWELL
& BERKOWITZ, PC**


By:   s/*M. David Kurtz*
       M. DAVID KURTZ  (#23821)
       KAREN KALER WHITFIELD (#19350)
       CATHERINE N. THIGPEN (#30001)
       201 St. Charles Avenue, Suite 3600
       (504) 566-5200 – Telephone
       (504) 636-4000 – Facsimile

**Attorneys for Shaw Environmental, Inc.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

  s/*Thomas L. Cougill*
THOMAS L. COUGILL