## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER         *     **MDL NO. 1873**
       FORMALDEHYDE PRODUCTS   *
       LIABILITY LITIGATION     *     **SECTION "N-5"**
                                  *
**THIS DOCUMENT RELATES TO:**    *     **JUDGE ENGELHARDT**
*Charles Burns v. Jayco, Inc.*       *
Docket No. 10-2238          *     **MAG. JUDGE CHASEZ**
Plaintiffs:  Derek Daughtry, as Next Friend of   *
         A.B., a minor          *
      Dorothy Dillon           *
      Dianne Gordon, as Next Friend of    *
         A.G., D.G. and J.G., minors    *

*************************************************************************

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
### FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
### <u>RELATING TO PLAINTIFF FACT SHEETS</u>

**MAY IT PLEASE THE COURT:**

     Jayco, Inc. ("Jayco"), moves this Honorable Court for an Order dismissing the claims of

the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders

Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Derek Daughtry, as Next Friend of A.B., a minor (Plaintiff in *Burns,* C.A. 10-2238)

- Dorothy Dillon (Plaintiff in *Burns,* C.A. 10-2238)

- Dianne Gordon, as Next Friend of A.G., a minor (Plaintiff in *Burns,* C.A. 10-2238)

- Dianne Gordon, as Next Friend of D.G., a minor (Plaintiff in *Burns,* C.A. 10-2238)

- Dianne Gordon, as Next Friend of J.G., a minor (Plaintiff in *Burns,* C.A. 10-2238)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered.  Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Derek Daughtry, as Next Friend of A.B., a minor

*Charles Burns v. Jayco, Inc.* was filed July 30, 2010. The submission of the plaintiff's fact sheet was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A"). In response to the April 13th letter, Jayco received an unsigned, undated Plaintiff Fact Sheet of A.B. from plaintiff counsel.  (*See* Plaintiff Fact Sheet of A.B., attached as Exhibit "B").  Subsequently, Plaintiff Counsel forwarded an Amendment to the Plaintiff Fact Sheet of A.B. (*See* Amendment to the Plaintiff Fact Sheet of A.B., attached as Exhibit "C").  With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included the same

---

[1]   *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2]   Rec. Doc. No. 22153.

unsigned, undated certification page for A.B.  (*See* Id.).  After review of the Plaintiff Fact Sheet and the Amendment to the Plaintiff Fact Sheet, Counsel for Jayco deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of A.B.'s fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "D").  The Plaintiff Fact Sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "B" & "C")

Important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff.

4

To date, A.B. has only answered 8 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of A.B., coupled with the provided supplemental information, remains deficient.

**Dorothy Dillon**

*Charles Burns v. Jayco, Inc.* was filed July 30, 2010. The submission of the plaintiff's fact sheet was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A"). In response to the April 13th letter, Jayco received an unsigned, undated Plaintiff Fact Sheet of Dorothy Dillon from plaintiff counsel. (*See* Plaintiff Fact Sheet of Dorothy Dillon, attached as Exhibit "E"). Subsequently, Plaintiff Counsel forwarded an Amendment to the Plaintiff Fact Sheet of Dorothy Dillon. (*See* Amendment to the Plaintiff Fact Sheet of Dorothy Dillon, attached as Exhibit "F"). With the exception of the plaintiff's name and attorney's name, this amendment was void of any other information and included the same unsigned, undated certification page for Dorothy Dillon. (*See* Id.). After review of the Plaintiff Fact Sheet and the Amendment to the Plaintiff Fact Sheet, Counsel for Jayco deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of Dorothy Dillon's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "D"). The Plaintiff Fact Sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA I.D.# | V.A.3. |
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "E" & "F")

Important questions, such as the plaintiff's prior medical history were left completely unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Dorothy Dillon has only answered 14 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Dorothy Dillon, coupled with the provided supplemental information, remains deficient.

**Dianne Gordon, as Next Friend of A.G., a minor**

*Charles Burns v. Jayco, Inc.* was filed July 30, 2010. The submission of the plaintiff's fact sheet was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A"). In response to the April 13th letter, Jayco received an unsigned, undated Plaintiff Fact Sheet of A.G. from plaintiff counsel. (*See* Plaintiff Fact Sheet of A.G., attached as Exhibit "G"). Subsequently, Plaintiff Counsel forwarded an Amendment to the Plaintiff Fact Sheet of A.G. (*See* Amendment to the Plaintiff Fact Sheet of A.G., attached as Exhibit "H"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included the same unsigned, undated certification page for A.G. (*See* Id.). After review of the Plaintiff Fact Sheet

and the Amendment to the Plaintiff Fact Sheet, Counsel for Jayco deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of A.G.'s fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "D").  The Plaintiff Fact Sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "G" & "H")

Important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, A.G. has only answered 9 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of A.G., coupled with the provided supplemental information, remains deficient.

**Dianne Gordon, as Next Friend of D.G., a minor**

*Charles Burns v. Jayco, Inc.* was filed July 30, 2010. The submission of the plaintiff's fact sheet was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A"). In response to the April 13th letter, Jayco received an unsigned, undated Plaintiff Fact Sheet of D.G. from plaintiff counsel. (*See* Plaintiff Fact Sheet of D.G., attached as Exhibit "I"). Subsequently, Plaintiff Counsel forwarded an Amendment to the Plaintiff Fact Sheet of D.G. (*See* Amendment to the Plaintiff Fact Sheet of D.G., attached as Exhibit "J"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included the same unsigned, undated certification page for D.G. (*See* Id.). After review of the Plaintiff Fact Sheet and the Amendment to the Plaintiff Fact Sheet, Counsel for Jayco deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of D.G.'s fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "D"). The Plaintiff Fact Sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "I" & "J")

Important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, D.G. has only answered 9 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of D.G., coupled with the provided supplemental information, remains deficient.

**Dianne Gordon, as Next Friend of J.G., a minor**

*Charles Burns v. Jayco, Inc.* was filed July 30, 2010. The submission of the plaintiff's fact sheet was prompted by Jayco's April 13, 2011 correspondence to Plaintiff Counsel that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "A"). In response to the April 13th letter, Jayco received an unsigned, undated Plaintiff Fact Sheet of J.G. from plaintiff counsel.  (*See* Plaintiff Fact Sheet of J.G., attached as Exhibit "K").  Subsequently, Plaintiff Counsel forwarded an Amendment to the Plaintiff Fact Sheet of J.G. (*See* Amendment to the Plaintiff Fact Sheet of J.G., attached as Exhibit "L").  With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included the same unsigned, undated certification page for J.G.  (*See* Id.).  After review of the Plaintiff Fact Sheet

and the Amendment to the Plaintiff Fact Sheet, Counsel for Jayco deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of J.G.'s fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, June 20, 2011, attached as Exhibit "D").  The Plaintiff Fact Sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "K" & "L")

Important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, J.G. has only answered 9 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of J.G., coupled with the provided supplemental information, remains deficient.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Derek Daughtry as Next Friend of A.B., Dorothy Dillon and Dianne Gordon as Next Friend of A.G., D.G. and J.G., be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   *s/Thomas L. Cougill*
        THOMAS L. COUGILL
        Texas State Bar No. 04877300
        Louisiana State Bar No. 31112
        R. MARK WILLINGHAM
        Texas State Bar No. 21641500
        JEFFREY P. FULTZ
        Texas State Bar No. 00790728
        Mississippi Bar No. 101058
        Niels Esperson Building
        808 Travis Street, Suite 1608
        Houston, Texas  77002
        (713) 333-7600 – Telephone
        (713) 333-7601 – Facsimile

        **Attorneys for Jayco, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

                                        s/*Thomas L. Cougill*
                                        THOMAS L. COUGILL