

**WILLINGHAM,**
**FULTZ & COUGILL LLP**
TEXAS          LOUISIANA          MISSISSIPPI
ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill                                          *TomC@Willingham-law.com*
Partner

June 20, 2011

Mr. Mikal C. Watts                                         *Via Email*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

Re:     In Re:  FEMA Trailer Formaldehyde
        Products Liability Litigation
        MDL No. 1873, Section "N" (4)
        Plaintiff Fact Sheets

Dear Mr. Watts:

        Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the "cured" and Original Plaintiff Fact Sheets and Authorizations recently received by our office.  We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

        Thank you for your cooperation and assistance in this matter.   If you have any questions or comments, please do not hesitate to contact me.

                                        Very truly yours,

                                        **WILLINGHAM, FULTZ & COUGILL LLP**

                                        *Thomas L. Cougill*

                                        Thomas L. Cougill

TLC/HR/sjm

cc:     Jerry Meunier (*via email*)
        Andrew Weinstock (*via email*)
        Henry Miller (*via email*)

**EXHIBIT D**

# JAYCO, INC.

## SIBBONAI WILLIAMS

1.     The plaintiff failed to provide a response to Section III (C) No.'s 8, 9.

2.     The plaintiff failed to provide a response to Section IV (F) No.'s 1-3.

3.     Plaintiff failed to complete Section V (E) regarding trailer occupants.

4.     The plaintiff failed to provide a response to Section VI (F) No.'s 1-4.

5.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.     The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

## AMAREE KEYON LAVINE

1.     Plaintiff failed to provide a response to Section III (C) (6) – (8) regarding representative capacity.

2.     Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

3.     The attachment "Trailer 1" was largely blank.

4.     Plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.     Plaintiff failed to respond to Section VI (C) regarding smoking history.

6.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

7.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## NATALIE LAWLESS

1.     Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.     The attachment "Trailer 1" was largely blank.

3.     Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

5.    The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**CARLEEN LEE**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    The plaintiff failed to provide a response to Section IV (F) No.'s 1-3.

3.    The attachment "Trailer 1" was largely blank.

4.    Plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.    Plaintiff failed to respond to Section VI (C) regarding smoking history.

6.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

7.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**JAMES LEE**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    The attachment "Trailer 1" was largely blank.

3.    Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

5.    The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**BINGLEY MITCHELL**

1.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

2.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**WARREN A. PAYNE**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

3

2.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

3.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**ALANA MARIE PEREZ**

1.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**HUGO AARON PEREZ**

1.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**IVAN PEREZ**

1.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**MANUEL AARON PEREZ**

1.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**ASHLEY N. PETROSKI**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      The plaintiff failed to provide a response to Section IV (F) No.'s 1-3.

3.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsection (E) regarding pregnancy.

5.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ERIC PETROSKI**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      The plaintiff failed to provide a response to Section IV (F) No.'s 1-3.

3.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section VI (C) regarding smoking history.

5.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

4

6.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**KEISHA PIERRE**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      In response to Section V and on the attached "Trailer 1," the plaintiff failed to provide a manufacturer name, trailer VIN or FEMA Bar Code number.  Additionally, "Trailer 1," was largely blank.

3.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

5.      The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**KIANNA PIERRE**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      In response to Section V and on the attached "Trailer 1," the plaintiff failed to provide a manufacturer name, trailer VIN or FEMA Bar Code number.  Additionally, "Trailer 1," was largely blank.

3.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

5.      The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**STACIE PIERRE**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      The plaintiff failed to provide a response to Section IV (F) No.'s 1-3.

3.      In response to Section V and on the attached "Trailer 1," the plaintiff failed to provide a manufacturer name, trailer VIN or FEMA Bar Code number.  Additionally, "Trailer 1," was largely blank.

4.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.      The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**WHITNEY PINKNEY**

1.      Plaintiff provided no response to Section IX regarding medical providers.

**KELLIE DIXON PONTHIEUX**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      The plaintiff failed to provide a response to Section IV (F) No.'s 1-3.

3.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section VI (C) regarding smoking/tobacco use.

5.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**BRANDON L. REYNOLDS**

1.      In response to Section V and on the attached "Trailer 1," the plaintiff identified the manufacturer as "Forest River" and provided a VIN that corresponds to a unit manufactured by Forest River.  No FEMA Bar Code was attached.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**GAYSHA L. SHELDON**

1.      In response to Section V, the plaintiff identified a trailer manufactured by Gulf Stream and provided a corresponding VIN.  On the attached "Trailer 1," the plaintiff identified the manufacturer as Gulf Stream but provided a VIN similar to Jayco.

2.      Plaintiff failed to sufficiently identify the healthcare provider listed in response to Section IX (B), or provide sufficient location information for the pharmacy listed in subsection (F).

3.      Plaintiff failed to include a Privacy Act Release.

**CHINA KEVALE SHELDON**

1.      Plaintiff failed to provide sufficient location information for the pharmacy listed in subsection IX (F).

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**XIAVIER SHEANTAY SHELDON**

1.      Plaintiff failed to complete the response to Section VI (C) regarding smoking history.

2.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**TWYLA R. STONE**

1.      Plaintiff failed to complete the response to Section VI (C) regarding the claimed smoking history.

**JESSIE THOMAS**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      The plaintiff failed to provide a response to Section IV (F) No.'s 1-3.

3.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section VI (C) regarding smoking/tobacco use.

5.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**MICHAEL WATKIN**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      Plaintiff failed to complete Section IV (F) (3) regarding assertion of lost wage claims.

3.      Plaintiff failed to provide a response to multiple questions on the attached Trailer 1, including the average number of hours spent in the FEMA trailer.

4.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.      Plaintiff failed to provide a response to Section VI (C) regarding smoking/tobacco history, as well as subsection (F) (1) and (4) regarding lung and skin disease history.

6.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

### WAYNE A. HOOD, JR.

1.      Plaintiff failed to provide a FEMA Bar Code number on either the Fact Sheet or Amendment to Plaintiff's Fact Sheet.

2.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

### CHESSHIARA GEORGE

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      Plaintiff failed to provide a response to multiple questions on the attached Trailer 1, including the average number of hours spent in the FEMA trailer.

3.      Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

5.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

### JOSIAH CONWAY GILES

1.      Plaintiff failed to provide a VIN or FEMA Bar Code number with the Fact Sheet or Amendment to Plaintiff's Fact Sheet.

### SYLVIA BOUNDS

1.      Plaintiff failed to complete the response to Section III (C) (8) regarding the claimed mental anguish/mental distress damages.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### EMMA L. BROUSSARD

1.      The trailer VIN provided on the Amendment to Plaintiff Fact Sheet does not appear to be a Jayco, Inc. VIN.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### JOYCE S. BETHENCOURT

1.      Plaintiff failed to provide the average number of hours spent in the travel trailer each day.

2.      Plaintiff failed to complete the response to Section VI (C) regarding the claimed past smoking (when smoking ended).

3.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## GLORIA BRIGNAC

1.      Plaintiff failed to provide a response to Section VI (C) regarding smoking/tobacco use.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## MARY ALLISON

1.      Plaintiff failed to provide a VIN or FEMA Bar Code number with the Fact Sheet or Amendment to Plaintiff's Fact Sheet.

2.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

3.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## JEINA THOMAS

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      Plaintiff failed to provide a VIN or FEMA Bar Code number on Plaintiff's Fact Sheet or the Amended Plaintiff Fact Sheet.  Additionally, Plaintiff failed to include the average hours spent in the FEMA trailer each day.

3.      Plaintiff failed to complete Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

5.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

6.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## NICOLE THOMAS

1.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

**JESSICA LYNN GERVAIS**

1.    Plaintiff failed to provide a VIN or FEMA ID; Defendant seeks confirmation that this is the same information as provided in Karen Gervias Plaintiff Fact Sheet.

2.    Plaintiff failed to complete Section VII (B) regarding treating doctors.

3.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**KATY ANN MARIE PERANICH**

1.    Plaintiff failed to provide a VIN or FEMA ID; Defendant seeks confirmation that this is the same information as provided in Stacy Peranich's Plaintiff Fact Sheet.

2.    Plaintiff failed to complete Section V (E) regarding trailer occupants.

3.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**PAUL RICHERSON**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff failed to provide move-in/move-out dates, as well as other information in response to Section V, including the average number of hours spent in the travel trailer each day.

3.    Plaintiff failed to complete Section V (E) regarding trailer occupants.

4.    Plaintiff failed to complete Section VII (B) regarding treating doctors.

5.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ROSALIND THEODORE**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff failed to provide a response to Section IV (F) (3) regarding lost wage claims.

3.    Plaintiff failed to provide a VIN or FEMA Bar Code number in response to Section V to the Fact Sheet, or on the Amendment to Plaintiff Fact Sheet.  Additionally, Plaintiff failed to provide move-in/move-out dates, as well as the average number of hours spent in the FEMA trailer each day.

4.    Plaintiff failed to complete Section V (E) regarding trailer occupants.

5.      Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

6.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

**MELISSA L. SMITH**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      Plaintiff failed to provide a response to Section IV (F) (3) regarding lost wage claims.

3.      Plaintiff failed to provide a VIN or FEMA Bar Code number in response to Section V to the Fact Sheet, or on the Amendment to Plaintiff Fact Sheet.  Additionally, Plaintiff failed to provide move-in/move-out dates, as well as the average number of hours spent in the FEMA trailer each day.

4.      Plaintiff failed to complete Section V (E) regarding trailer occupants.

5.      Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

6.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

7.      The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**MORRIS SMITH**

1.      Plaintiff failed to complete Section V (E) regarding trailer occupants.

2.      Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

3.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

**BYRON JOSEPH SPEAKS**

1.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**GWENDOLYN ANTONIO SPEAKS**

1.      Plaintiff failed to complete Section VII (B) regarding treating doctors.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**SOPHIE ANN SONNIER**

1.     Plaintiff failed to provide the average number of hours spent in the FEMA trailer each day on the attached "Trailer 1."

2.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ANDREW SONNIER**

1.     Plaintiff failed to provide the average number of hours spent in the FEMA trailer each day on the attached "Trailer 1."

2.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

3.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**RODERICK THOMAS**

1.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**VONDRIKA L. THOMAS**

1.     Plaintiff failed to provide the VIN or FEMA Bar Code number in response to Section V on either the Fact Sheet or Amendment to Plaintiff Fact Sheet.

**ISAIH ALEXANDER GILES**

1.     Plaintiff failed to provide the VIN or FEMA Bar Code number in response to Section V on either the Fact Sheet or Amendment to Plaintiff Fact Sheet.

2.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**TYLER CHRISTIANSON GILES**

1.     Plaintiff failed to provide the VIN or FEMA Bar Code number in response to Section V on either the Fact Sheet or Amendment to Plaintiff Fact Sheet.

**TREY ANTHONY GERVAIS**

1.     Plaintiff failed to provide the VIN that corresponds to Jayco, Inc., and failed to provide a FEMA Bar Code number in response to Section V on either the Fact Sheet or Amendment to Plaintiff Fact Sheet.

2.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**MARVIN HAMILTON**

1.  Plaintiff failed to provide representative capacity information in response to Section III (A).

2.  Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

3.  Plaintiff failed to provide date of birth in response to Section IV (C).

4.  Plaintiff failed to provide the VIN or FEMA Bar Code number in response to Section V on either the Fact Sheet or Amendment to Plaintiff Fact Sheet.  Plaintiff also failed to provide the average hours spend in the FEMA trailer each day.

5.  Plaintiff failed to complete Section V (E) regarding trailer occupants.

6.  Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsections (F) (1) and (4) regarding lung and skin disease history.

7.  Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

8.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**JULIAN J. HOOD**

1.  Plaintiff failed to provide the VIN that corresponds to Jayco, Inc., and failed to provide a FEMA Bar Code number in response to Section V on either the Fact Sheet or Amendment to Plaintiff Fact Sheet.

2.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**LAKOYA UNEK TOUSON**

1.  Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.  Plaintiff also failed to provide the average hours spend in the FEMA trailer each day.

3.  Plaintiff failed to complete Section V (E) regarding trailer occupants.

4.  Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsections (F) (1) and (4) regarding lung and skin disease history.

5.  Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### LEAAIJ TOUSON

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff also failed to provide the average hours spend in the FEMA trailer each day.

3.    Plaintiff failed to complete Section V (E) regarding trailer occupants.

4.    Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsections (F) (1) and (4) regarding lung and skin disease history.

5.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### LEROY JOSEPH TOUSON

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff failed to provide a response to Section IV (F) (3) regarding lost wage claims.

3.    Plaintiff also failed to provide the average hours spend in the FEMA trailer each day.

4.    Plaintiff failed to complete Section V (E) regarding trailer occupants.

5.    Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsections (F) (1) and (4) regarding lung and skin disease history.

6.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

7.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### ANDREW TRAN

1.    In response to Section V, the plaintiff identified a Scot Bilt trailer and provided a VIN that does not correspond to a unit manufactured by Jayco, Inc.

2.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

### ASIA TURNER

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff failed to complete Section V (E) regarding trailer occupants.

3.     Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsections (F) (1) and (4) regarding lung and skin disease history.

4.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

5.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**A████  B████**

1.     Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.     In response to Section V the plaintiff failed to identify a manufacturer or provide a VIN or FEMA Bar Code number on the fact sheet or Amendment to Plaintiff's Fact Sheet.

3.     Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

4.     Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsections (F) (1) and (4) regarding lung and skin disease history.

5.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.     The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

## CYNTHIA BROWN

1.     Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.     Plaintiff failed to respond to Section IV (F) (3) regarding lost wage claims.

3.     The VIN provided in Plaintiff's Fact Sheet appears to correspond to a unit manufactured by Jayco, Inc.; however, Defendant seeks clarification.

4.     The plaintiff failed to provide the average number of hours spent in the FEMA trailer each day.

5.     Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

6.     Plaintiff failed to provide a response to Section VI (C) regarding smoking history and subsections (F) (1) and (4) regarding lung and skin disease history.

7.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**JAMES S. BROWN, SR.**

1.    The VIN provided in Plaintiff's Fact Sheet does not appear to correspond to a unit manufactured by Jayco, Inc.; however, Defendant seeks clarification.

2.    Plaintiff failed to complete his response to Section VI (C) regarding the claimed past smoking.

**JONATHAN W. BROWN**

1.    The VIN provided in Plaintiff's Fact Sheet appears to correspond to a unit manufactured by Jayco, Inc.; however, Defendant seeks clarification of the correct VIN.

2.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**CHARLES W. BURNS**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff failed to respond to Section IV (F) (3) regarding lost wage claims.

3.    In response to Section V, the plaintiff failed to provide the FEMA Bar Code, the move-in/move-out dates and the average number of hours spent in the travel trailer each day.

4.    Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

5.    Plaintiff failed to provide a complete response to Section VI (C) regarding the claimed cigarette smoking, and subsections (F) (1) and (4) regarding lung and skin disease history.

6.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**TERESA BYRD**

1.    Plaintiff failed to complete the response to Section IV (F) (3) regarding the claimed lost wages.

**DOROTHY G. CARR**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff failed to respond to Section IV (F) (3) regarding lost wage claims.

3.    The VIN provided in Plaintiff's Fact Sheet appears to correspond to a unit manufactured by Jayco, Inc.; however, Defendant seeks clarification of the correct VIN.  Plaintiff failed to provide a FEMA Bar Code number and failed to provide the average number of hours

spent in the travel trailer each day.

4.      Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

5.      Plaintiff failed to provide a complete response to Section VI (C) regarding smoking history, and subsections (F) (1) and (4) regarding lung and skin disease history.

6.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

7.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### TIFFANY CHAPMAN

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      The VIN provided in Plaintiff's Fact Sheet appears to correspond to a unit manufactured by Jayco, Inc.; however, Defendant seeks clarification of the correct VIN.  Additionally, Plaintiff failed to provide the average number of hours spent in the travel trailer each day.

3.      Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a complete response to Section VI (C) regarding smoking history, and subsections (F) (1) and (4) regarding lung and skin disease history.

5.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

### JERMAIN COLLINS

1.      Plaintiff failed to provide a VIN or FEMA Bar Code number in response to Section V on both the fact sheet and Amendment to Plaintiff Fact Sheet.

2.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

3.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### DOROTHY DILLON

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      Plaintiff failed to respond to Section IV (F) (3) regarding lost wage claims.

3.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a FEMA Bar Code number, FEMA identification number, and failed to provide the average number of hours spent in the travel trailer each day.

4.     Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

5.     Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

6.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

7.     The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

### ENDEYA GARNER

1.     Plaintiff failed to provide a VIN or move-out date in response to Section V on Plaintiff's Fact Sheet or the Amendment to Plaintiff Fact Sheet.

2.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### A██████ G██████

1.     Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.     In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN, FEMA Bar Code number, move-in/move-out dates, and failed to provide the average number of hours spent in the travel trailer each day.

3.     Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

4.     Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

5.     Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.     The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

### D████ G██████, III

1.     Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.     In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN, FEMA Bar Code number, move-in/move-out dates, and failed to provide the average number of hours spent in the travel trailer each day.

3.     Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

4.    Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

5.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.    The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**J███████G█████████**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN, FEMA Bar Code number, move-in/move-out dates, and failed to provide the average number of hours spent in the travel trailer each day.

3.    Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

4.    Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

5.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

6.    The plaintiff failed to complete and execute the Certification and Authorizations for release of medical and other records.  Additionally, the Privacy Act Release was not completed.

**JATIQUE JOHNSON**

1.    Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.    Plaintiff failed to respond to Section IV (F) (3) regarding lost wage claims.

3.    In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN that corresponds to Jayco, Inc., a FEMA Bar Code number, move-in/move-out dates, and failed to provide the average number of hours spent in the travel trailer each day.

4.    Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

5.    Plaintiff failed to provide a response to Section VI (F) (1) and (4) regarding lung and skin disease history.

6.    Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**SWADRIAN JOHNSON**

1.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN that corresponds to Jayco, Inc.

2.      Plaintiff failed to include Authorizations for release of medical records and Privacy Act Release.

**TYESHA JOHNSON**

1.      Plaintiff failed to provide a response to Section III (C) (8) and (9) regarding mental anguish and medical expense claims.

2.      Plaintiff failed to respond to Section IV (F) (3) regarding lost wage claims.

3.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN that corresponds to Jayco, Inc., a FEMA Bar Code number, move-in/move-out dates, and failed to provide the average number of hours spent in the travel trailer each day.

4.      Plaintiff failed to provide a response to Section V (E) regarding trailer occupants.

5.      Plaintiff failed to provide a complete response to Section VI (C) regarding the claimed cigarette smoking, and (F) (1) and (4) regarding lung and skin disease history.

6.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

**BRITTANY LAFONTAINE**

1.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff identified the manufacturer as "Norris Homes," and failed to provide a VIN that corresponds to Jayco, Inc.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**STEPHANIE LARSEN**

1.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN that corresponds to Jayco, Inc. or a FEMA Bar Code number.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**BRENDA LEE**

1.      Plaintiff failed to complete the response to Section IV (F) (3) regarding the claimed lost wages.

2.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN that corresponds to Jayco, Inc., or specify the period of time she allegedly lived in a Jayco, Inc. travel trailer.

3.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### KEVIN LIZANA

1.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff failed to provide a VIN or FEMA Bar Code number.

2.      Plaintiff failed to complete Section VII (B) and IX regarding treating doctors.

3.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### BRANDY NECAISE

1.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff identified the manufacturer as "Norris Homes," and failed to provide a VIN that corresponds to Jayco, Inc.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### CAMBRIA NECAISE

1.      In response to Section V, on both the fact sheet and Amendment to Plaintiff Fact Sheet, Plaintiff identified the manufacturer as "Norris Homes," and failed to provide a VIN that corresponds to Jayco, Inc.

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.