UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Bruce Robinson v. Starcraft RV, Inc.* | * | |
| Docket No. 09-7090 | * | MAG. JUDGE CHASEZ |
| Plaintiffs:  Howard Dilley | * | |
| Kelly Galloway | * | |
| Derrick Robinson | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. and CH2M Hill Constructors, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Howard Dilley (Plaintiff in *Robinson,* C.A. 09-7090)

- Kelly Galloway (Plaintiff in *Robinson,* C.A. 09-7090)

- Derrick Robinson (Plaintiff in *Robinson,* C.A. 09-7090)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243

(5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Howard Dilley

*Bruce Robinson v. Starcraft RV, Inc.* was filed October 28, 2009. After the complaint was filed Starcraft received an unsigned, undated Plaintiff Fact Sheet of Howard Dilley from plaintiff counsel. (*See* Plaintiff Fact Sheet of Howard Dilley, attached as Exhibit "A"). Upon receipt of the fact sheet counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft drafted a Rule 37 letter on July 29, 2010 and outlined all deficiencies of Howard Dilley's fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, July 29, 2010, attached as Exhibit "B"). In response to Starcraft's Rule 37 letter, plaintiff counsel forwarded defendants an amendment to the Plaintiff Fact Sheet of Howard Dilley. (*See* Howard Dilley Plaintiff Fact Sheet Deficiency Answers, attached as Exhibit "C"). The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Starcraft, it simply answered most questions with "will supplement" or "I do not recall". As a result, the Amendment did not provide any additional information to be included in the Plaintiff

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

Fact Sheet nor did it provide a properly executed Certification page. (*See* Id.).

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "A" & "C")

Critical questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses in the fact sheet that were answered inadequately rendering the question at hand unanswered. Other important questions, such as how many cigarettes and/or packs are smoked a day, considering the plaintiff indicated he is a current smoker, were left partially executed. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all. (*See* Exhibit "A"). Subsequently, when the Rule 37 letter requested clarification on such questions like height and weight, the plaintiff provided the standard response of "will supplement" in his amendment. (*See* Exhibit "C").

It has been over a year since Starcraft's Rule 37 letter and plaintiff has not adequately cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Howard Dilley has only answered 14 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Howard Dilley, coupled with the provided supplemental information, remains

4

deficient.

**Kelly Galloway**

*Bruce Robinson v. Starcraft RV, Inc.* was filed October 28, 2009. After the complaint was filed Starcraft received an unsigned, undated Plaintiff Fact Sheet of Kelly Galloway from plaintiff counsel. (*See* Plaintiff Fact Sheet of Kelly Galloway, attached as Exhibit "D"). Upon receipt of the fact sheet counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft drafted a Rule 37 letter on July 29, 2010 and outlined all deficiencies of Kelly Galloway's fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, July 29, 2010, attached as Exhibit "B"). In response to Starcraft's Rule 37 letter, plaintiff counsel forwarded defendants an amendment to the Plaintiff Fact Sheet of Kelly Galloway. (*See* Kelly Galloway Plaintiff Fact Sheet Deficiency Answers, attached as Exhibit "E"). The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Starcraft, it simply answered most questions with "will supplement" or "I do not recall". As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet nor did it provide a properly executed Certification page. (*See* Id.).

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| INFORMATION/DATA | PFS SECTION |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical | III.C.9. |

| expenses | |
|---|---|
| If making a wage claim | IV.F.3. |

(*See* Ex. "D" & "E")

Critical questions, such as what medical treatments were received for the formaldehyde related injury, gave references back to earlier responses in the fact sheet that were answered inadequately rendering the question at hand unanswered. Other important questions, such as clarification of specific move-in/move-out dates and addresses for multiple trailers, were never acknowledged in the plaintiff's amendment. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all. Subsequently, when the Rule 37 letter requested clarification on such questions like height and weight, the plaintiff provided the standard response of "will supplement" in his amendment. (*See* Exhibits "D" and "E").

It has been over a year since Starcraft's Rule 37 letter and plaintiff has not adequately cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Kelly Galloway has only answered 12 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Kelly Galloway, coupled with the provided supplemental information, remains deficient.

**Derrick Robinson**

*Bruce Robinson v. Starcraft RV, Inc.* was filed October 28, 2009. After the complaint was filed Starcraft received an unsigned, undated Plaintiff Fact Sheet of Derrick Robinson from plaintiff counsel. (*See* Plaintiff Fact Sheet of Derrick Robinson, attached as Exhibit "F"). Upon receipt of the fact sheet counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft drafted a Rule 37 letter on

6

July 29, 2010 and outlined all deficiencies of Derrick Robinson's fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, July 29, 2010, attached as Exhibit "B"). In response to Starcraft's Rule 37 letter, plaintiff counsel forwarded defendants an amendment to the Plaintiff Fact Sheet of Derrick Robinson. (*See* Derrick Robinson Plaintiff Fact Sheet Deficiency Answers, attached as Exhibit "G"). The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Starcraft, it simply answered all questions with "will supplement" or "I do not recall". As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet nor did it provide a properly executed Certification page. (*See* Id.).

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "F" & "G")

Critical questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses in the fact sheet that were answered inadequately rendering the question at hand unanswered. Other important questions, such as how many cigarettes and/or packs are smoked a day, considering the plaintiff indicated he is a current smoker, were left partially executed. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all. (*See* Exhibit "F"). Subsequently, when the Rule 37 letter requested clarification on such questions like

height and weight, the plaintiff provided the standard response of "will supplement" in his amendment. (*See* Exhibit "G").

It has been over a year since Starcraft's Rule 37 letter and plaintiff has not adequately cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Derrick Robinson has only answered 14 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Derrick Robinson, coupled with the provided supplemental information, remains deficient.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Howard Dilley, Kelly Galloway and Derrick Robinson, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
     THOMAS L. COUGILL
     Texas State Bar No. 04877300
     Louisiana State Bar No. 31112
     R. MARK WILLINGHAM
     Texas State Bar No. 21641500
     JEFFREY P. FULTZ
     Texas State Bar No. 00790728
     Mississippi Bar No. 101058
     Niels Esperson Building
     808 Travis Street, Suite 1608
     Houston, Texas 77002
     (713) 333-7600 – Telephone
     (713) 333-7601 – Facsimile

     **Attorneys for Starcraft RV, Inc.**

**FRILOT L.L.C.**

By:   s/*John J. Hainkel*
     JOHN J. HAINKEL, III – La. Bar No. 18246
     A.J. KROUSE – La. Bar No. 14426
     PETER R. TAFARO – La. Bar No. 28776
     3600 Energy Centre, 1100 Poydras Street
     New Orleans, Louisiana 70163
     Telephone : (504) 599-8000
     Facsimile: (504) 599-8100

     **Attorneys for Bechtel National, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
    ROY C. CHEATWOOD (La. Bar No. 4010)
    GERARDO R. BARRIOS (La. Bar No. 21223)
    M. DAVID KURTZ (La. Bar No. 23821)
    KAREN KALER WHITFIELD (La. Bar No. 19350)
    WADE M. BASS (La. Bar No. 29081)
    No. 3 Sanctuary Boulevard, Suite 201
    Mandeville, La 70471
    (985) 819-8400 – Telephone
    (985) 819-8484 – Facsimile
    rcheatwood@bakerdonelson.com
    gbarrios@bakerdonelson.com
    dkurtz@bakerdonelson.com
    kwhitfield@bakerdonelson.com
    wbass@bakerdonelson.com

**Attorneys for CH2M Hill Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

      s/*Thomas L. Cougill*
      THOMAS L. COUGILL