UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Bruce Robinson v. Starcraft RV, Inc.* | * | |
| Docket No. 09-7090 | * | MAG. JUDGE CHASEZ |
| Plaintiffs:  Joseph Boyd, as Next Friend of | * | |
| Jaden Boyd, Joseph Boyd, Jr. and | * | |
| Jossie Boyd, minors | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. and CH2M Hill Constructors, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Joseph Boyd, as Next Friend of Jaden Boyd (Plaintiff in *Robinson,* C.A. 09-7090)

- Joseph Boyd, as Next Friend of Joseph Boyd, Jr. (Plaintiff in *Robinson,* C.A. 09-7090)

- Joseph Boyd, as Next Friend of Jossie Boyd (Plaintiff in *Robinson,* C.A. 09-7090)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243

(5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Joseph Boyd, as Next Friend of Jaden Boyd, a minor**

*Bruce Robinson v. Starcraft RV, Inc.* was filed October 28, 2009. After the complaint was filed Starcraft received an unsigned, undated Plaintiff Fact Sheet of Jaden Boyd from plaintiff counsel. (*See* Plaintiff Fact Sheet of Jaden Boyd, attached as Exhibit "A"). Upon receipt of the fact sheet counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft drafted a Rule 37 letter on July 29, 2010 and outlined all deficiencies of Jaden Boyd's fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, July 29, 2010, attached as Exhibit "B"). In response to Starcraft's Rule 37 letter, plaintiff counsel forwarded defendants an amendment to the Plaintiff Fact Sheet of Jaden Boyd. (*See* Jaden Boyd Plaintiff Fact Sheet Deficiency Answers, attached as Exhibit "C"). The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Starcraft, it simply answered all questions with "will supplement" or "I do not recall". As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2] Rec. Doc. No. 22153.

nor did it provide a properly executed Certification page. Critical questions, such as clarification of specific trailer information for the multiple trailers indicated in the plaintiff fact sheet, were given the standard response of "will supplement" in his amendment. (*See* Id).

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Manufacturer | V.A.1. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "A" & "C")

It has been over a year since Starcraft's Rule 37 letter and plaintiff has not adequately cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Jaden Boyd has only answered 12 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Jaden Boyd, coupled with the provided supplemental information, remains deficient.

**Joseph Boyd, as Next Friend of Joseph Boyd, Jr., a minor**

*Bruce Robinson v. Starcraft RV, Inc.* was filed October 28, 2009. After the complaint was filed Starcraft received an unsigned, undated Plaintiff Fact Sheet of Joseph Boyd, Jr. from plaintiff counsel. (*See* Plaintiff Fact Sheet of Joseph Boyd, Jr., attached as Exhibit "D"). Upon receipt of the fact sheet counsel for Starcraft reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft drafted a Rule 37 letter on

4

July 29, 2010 and outlined all deficiencies of Joseph Boyd, Jr.'s fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, July 29, 2010, attached as Exhibit "B"). In response to Starcraft's Rule 37 letter for Joseph Boyd, Jr. (WGC# 216344 as indicated by Plaintiff Counsel), plaintiff counsel incorrectly forwarded defendants deficiency answers for Joseph Boyd, Sr. (WGC# 216342 as indicated by Plaintiff Counsel), who is a plaintiff in another case. Therefore, plaintiff counsel never responded to the request to cure the deficiencies of Joseph Boyd, Jr. Nevertheless, even if the answers provided were taken into consideration as responses for Joseph Boyd, Jr. due to his relationship with Joseph Boyd, Sr., the amendment still did not cure any of the deficiencies indicated by Starcraft, it simply answered every question with "will supplement" or "I do not recall". (*See* electronic mail from Michael Hoffstadt, counsel for plaintiffs, to the undersigned and Joseph Boyd (WGC# 216342) Plaintiff Fact Sheet Deficiency Answers, produced September 29, 2010, attached as Exhibit "E"). The plaintiff fact sheet lacked information on critical questions, such as clarification of specific trailer information for the multiple trailers indicated in the fact sheet in addition to information regarding the plaintiff's prior medical history. (*See* Exhibit "D").

The Plaintiff Fact Sheet also failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "D")

It has been over a year since Starcraft's Rule 37 letter and plaintiff has not adequately cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Joseph Boyd, Jr. has only answered 12 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Joseph Boyd, Jr., remains deficient.

**Joseph Boyd, as Next Friend of Jossie Boyd, a minor**

*Bruce Robinson v. Starcraft RV, Inc.* was filed October 28, 2009. After the complaint was filed Starcraft received an unsigned, undated Plaintiff Fact Sheet of Jossie Boyd from plaintiff counsel.  (*See* Plaintiff Fact Sheet of Jossie Boyd, attached as Exhibit "F").  Upon receipt of the fact sheet counsel for Starcraft reviewed it and deemed the fact sheet deficient.  In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft drafted a Rule 37 letter on July 29, 2010 and outlined all deficiencies of Jossie Boyd's fact sheet.  (*See* Rule 37 letter to Counsel for Plaintiffs, July 29, 2010, attached as Exhibit "B").  In response to Starcraft's Rule 37 letter, plaintiff counsel forwarded defendants an amendment to the Plaintiff Fact Sheet of Jossie Boyd. (*See* Jossie Boyd Plaintiff Fact Sheet Deficiency Answers, attached as Exhibit "G"). The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Starcraft, it simply answered all questions with "will supplement" or "I do not recall".  As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet nor did it provide a properly executed Certification page.  Critical questions, such as clarification of specific trailer information for the multiple trailers indicated in the plaintiff fact sheet, were given the standard response of "will supplement" in the amendment. (*See* Id).

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "F" & "G")

It has been over a year since Starcraft's Rule 37 letter and plaintiff has not adequately cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Jossie Boyd has only answered 12 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Jossie Boyd, coupled with the provided supplemental information, remains deficient.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Joseph Boyd as Next Friend of Jaden Boyd, Joseph Boyd as Next Friend of Joseph Boyd, Jr. and Joseph Boyd as Next Friend of Jossie Boyd, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By: s/*Thomas L. Cougill*
THOMAS L. COUGILL
Texas State Bar No. 04877300
Louisiana State Bar No. 31112
R. MARK WILLINGHAM
Texas State Bar No. 21641500
JEFFREY P. FULTZ
Texas State Bar No. 00790728
Mississippi Bar No. 101058
Niels Esperson Building
808 Travis Street, Suite 1608
Houston, Texas 77002
(713) 333-7600 – Telephone
(713) 333-7601 – Facsimile

**Attorneys for Starcraft RV, Inc.**

**FRILOT L.L.C.**

By: s/*John J. Hainkel*
JOHN J. HAINKEL, III – La. Bar No. 18246
A.J. KROUSE – La. Bar No. 14426
PETER R. TAFARO – La. Bar No. 28776
3600 Energy Centre, 1100 Poydras Street
New Orleans, Louisiana 70163
Telephone : (504) 599-8000
Facsimile: (504) 599-8100

**Attorneys for Bechtel National, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
     ROY C. CHEATWOOD (La. Bar No. 4010)
     GERARDO R. BARRIOS (La. Bar No. 21223)
     M. DAVID KURTZ (La. Bar No. 23821)
     KAREN KALER WHITFIELD (La. Bar No. 19350)
     WADE M. BASS (La. Bar No. 29081)
     No. 3 Sanctuary Boulevard, Suite 201
     Mandeville, La 70471
     (985) 819-8400 – Telephone
     (985) 819-8484 – Facsimile
     rcheatwood@bakerdonelson.com
     gbarrios@bakerdonelson.com
     dkurtz@bakerdonelson.com
     kwhitfield@bakerdonelson.com
     wbass@bakerdonelson.com

     **Attorneys for CH2M Hill Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

       s/*Thomas L. Cougill*
       THOMAS L. COUGILL