**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Inoka Salter, as Next Friend of Caitlyn* | * | |
| *McDavell, a minor v. Starcraft RV, Inc.* | * | MAG. JUDGE CHASEZ |
| Docket No. 10-1291 | * | |
| Plaintiffs:  Joseph Boyd and | * | |
| Inoka Salter, as Next Friend of | * | |
| Caitlyn McDavell, a minor | * | |

*************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR**
**FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32**
**RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. and Shaw Environmental, Inc., move

this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice,

for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production

of Plaintiff Fact Sheets:

- Joseph Boyd (Plaintiff in *Salter,* C.A. 10-1291)

- Inoka Salter, as Next Friend of Caitlyn McDavell (Plaintiff in *Salter,* C.A. 10-1291)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the

consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243

(5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Joseph Boyd**

*Inoka Salter v. Starcraft RV, Inc.* was filed April 30, 2010. The above-mentioned plaintiff was added to the cause of action in a Supplemental and Amending Complaint, filed August 25, 2010. Shortly after the plaintiff was added to the complaint, plaintiff counsel erroneously forwarded deficiency answers regarding plaintiff Joseph Boyd (WGC# 216342 as indicated by Plaintiff Counsel) presumably in response to Starcraft's Rule 37 letter dated July 29, 2010 directed to Joseph Boyd, Jr. (WGC# 216344 as indicated by Plaintiff Counsel). (*See* Joseph Boyd Plaintiff Fact Sheet Deficiency Answers *and* Rule 37 letter to Counsel for Plaintiffs, July 29, 2010, attached as Exhibit "A"). The plaintiff's Amendment, however, did not cure any of the possible deficiencies indicated by Starcraft's Rule 37 letter no matter which Joseph Boyd the answers intended to represent, nor did it provide sufficient answers for questions in the plaintiff fact sheet, it simply answered all questions with "will supplement" or "I do not recall". (*See* Id.). As a result, the Amendment did not provide any additional or preliminary information to be

---

[1]  *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2]  Rec. Doc. No. 22153.

included in the Plaintiff Fact Sheet nor did it provide a properly executed Certification page. Since the answers provided by plaintiff counsel are not sufficient to stand alone as completed plaintiff fact sheet information, Starcraft forwarded a letter to Plaintiff Counsel on April 13, 2011 stating that they had not received a fact sheet from the above-mentioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "B"). In response to Starcraft's request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Joseph Boyd. (*See* Plaintiff Fact Sheet for Joseph Boyd, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient notwithstanding the previous information provided by the amendment. In accordance with the agreed to Plaintiff Fact Sheet process, Starcraft drafted a Rule 37 letter on June 20, 2011 and outlined all deficiencies of Joseph Boyd's fact sheet. (*See* Rule 37 letter to Counsel for Plaintiffs, June 20, 2011, attached as Exhibit "D").

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| If making a wage claim | IV.F.3. |

(*See* Ex. "A" & "C")

Critical questions have not been addressed, such as clarification of specific trailer information for the multiple trailers indicated in the plaintiff fact sheet. Other questions that warranted two-part responses, such as the amount and duration of the plaintiff's use of tobacco products, considering the plaintiff indicated she is a current smoker, were left partially executed. Indeed, questions that the plaintiff should have been able to clarify, such as weight and height, remained totally unanswered.  (*See* Id).

The appropriate 60 days have lapsed since Starcraft's Rule 37 letter and plaintiff has not adequately cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of additional Plaintiff Fact Sheet Amendments in regards to the plaintiff.   To date, Joseph Boyd has only answered 8 of the required 23 key questions. Therefore, the Plaintiff Fact Sheet of Joseph Boyd, coupled with the provided supplemental information, remains deficient.

**Inoka Salter, as Next Friend of Caitlyn McDavell a minor**

*Inoka Salter v. Starcraft RV, Inc.* was filed April 30, 2010. After the complaint was filed, Stacraft was provided an amendment to the plaintiff fact sheet for the above-mentioned plaintiff. (*See* Amendment to the Plaintiff Fact Sheet of Caitlyn McDavell, attached as Exhibit "E").  The amendment listed the plaintiff's name, attorney's name, FEMA identification, trailer manufacturer and VIN. Attached to the amendment was also an unsigned, undated certification page for Caitlyn McDavell.  (*See* Id.).  Upon receipt of the amendment, counsel for Starcraft reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims.

Ultimately, the amendment only accounted for 6 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Starcraft sent correspondence to Plaintiff's Counsel advising that although Starcraft had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Michael Hoffstadt at Watts Hilliard, Counsel for Plaintiff, from Maria Garcia at Willingham, Fultz and Cougill, Counsel for Starcraft, September 30, 2010, attached as Exhibit "F").  Several months later the plaintiff fact sheet still had not been produced.  As a result, Starcraft forwarded a letter to Plaintiff Counsel on April 13, 2011 stating that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "B"). After the last request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Caitlyn McDavell.  (*See* Plaintiff Fact Sheet for Caitlyn McDavell, attached as Exhibit "G").   Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.

The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| If making a wage claim | IV.F.3. |

(*See* Exhibits "E" & "G")

Important questions to the plaintiff's claim, such as the move-in/move-out dates and installation addresses for the trailer were provided presumably for multiple trailers, but the specific trailer the plaintiff intended to describe was unidentified, therefore contributing to an insufficient fact sheet response.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.  (*See* Exhibit "G").

In accordance with the agreed to Plaintiff Fact Sheet process, the Defendants thereby drafted a Rule 37 letter on May 31, 2011 and outlined all deficiencies of Caitlyn McDavell's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, May 31, 2011, attached as Exhibit "H").  The appropriate 60 days have lapsed following the Defendant's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Caitlyn McDavell has only answered 12 of the required 23 key questions. Therefore, Caitlyn McDavell's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Joseph Boyd and Inoka Salter as Next Friend of Caitlyn McDavell, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
        THOMAS L. COUGILL
        Texas State Bar No. 04877300
        Louisiana State Bar No. 31112
        R. MARK WILLINGHAM
        Texas State Bar No. 21641500
        JEFFREY P. FULTZ
        Texas State Bar No. 00790728
        Mississippi Bar No. 101058
        Niels Esperson Building
        808 Travis Street, Suite 1608
        Houston, Texas  77002
        (713) 333-7600 – Telephone
        (713) 333-7601 – Facsimile

        **Attorneys for Starcraft RV, Inc.**

**FRILOT L.L.C.**

By:   s/*John J. Hainkel*
        JOHN J. HAINKEL, III – La. Bar No. 18246
        A.J. KROUSE – La. Bar No. 14426
        PETER R. TAFARO – La. Bar No. 28776
        3600 Energy Centre, 1100 Poydras Street
        New Orleans, Louisiana 70163
        Telephone : (504) 599-8000
        Facsimile: (504) 599-8100

        **Attorneys for Bechtel National, Inc.**

8

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*M. David Kurtz*
      M. DAVID KURTZ  (#23821)
      KAREN KALER WHITFIELD (#19350)
      CATHERINE N. THIGPEN (#30001)
      201 St. Charles Avenue, Suite 3600
      (504) 566-5200 – Telephone
      (504) 636-4000 – Facsimile

      **Attorneys for Shaw Environmental, Inc.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.


      s/*Thomas L. Cougill*
      THOMAS L. COUGILL