# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 216342                                  **Cause No.**  1:09-cv-563 HSO JMR

**Case Name**  Boyd, Joseph                **Case Style**  Ida Anderson, et. al.  vs. Scotbilt Homes, Inc., et.

**DOB** ▊▊▊▊             **SSN**

| Question # | Question |
|---|---|
| 1 | Plaintiff failed to include a response to Section III (6) through (8) regarding representative capacity. |
| | **Answer** |
| | Will Supplement |

| Question # | Question |
|---|---|
| 2 | The plaintiff failed to include a response to Section III (C) (8) or (9). |
| | **Answer** |
| | Will Supplement |

| Question # | Question |
|---|---|
| 3 | The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (G) regarding prior claims. |
| | **Answer** |
| | Will Supplement |

| Question # | Question |
|---|---|
| 4 | The plaintiff failed to respond to Section IV (sic) (A) and (B) entitled "Family Information." |
| | **Answer** |
| | Will Supplement |

| Question # | Question |
|---|---|
| 5 | In response to Section V, the plaintiff identified three manufacturers, including Starcraft RV, Inc. However, on the attached "Trailer 1," the only manufacturer identified was "Gulf Stream."  The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.  Defendant seeks clarification of if/when the plaintiff lived in each trailer identified. |
| | **Answer** |
| | Will Supplement |

| Question # | Question |
|---|---|
| 6 | The plaintiff failed to respond to Section V (E) regarding trailer occupants |
| | **Answer** |
| | Will Supplement |

| Question # | Question |
|---|---|
| 7 | The plaintiff failed to provide a response to Section VI (F) and (G) including subparts |
| | **Answer** |
| | Will Supplement |

| Question # | Question |
|---|---|
| 8 | The plaintiff failed to respond to Section VII (D). |
| | **Answer** |
| | I do not recall if any health care professional told me that my illness, disease, or injury is related to living in a FEMA trailer. If I remember or if in the course of researching the claim, my attorney finds the information, a supplemental response will be provided. |

| Question # | Question |
|---|---|
| 9 | The plaintiff failed to respond to Section IX (A) through (D) and (F |
| | **Answer** |

**EXHIBIT A**

# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 216342

**Cause No.** 1:09-cv-563 HSO JMR

**Case Name** Boyd, Joseph

**Question #**

**Case Style** Ida Anderson, et. al.  vs. Scotbilt Homes, Inc., et.

**DOB** ▮▮▮▮▮  **SSN**

| **Answer** |
| --- |
| I do not recall my past or present primary care physician, when or if I received outpatient or inpatient treatment, or any pharmacy that has been used to fill prescriptions. If I remember or if in the course of researching the claim, my attorney finds the information, a supplemental response will be provided. |

| **Question #** | **Question** |
| --- | --- |
| 10 | The plaintiff's representative failed to complete the attached Certification. |

| **Answer** |
| --- |
| Will Supplement |

| **Question #** | **Question** |
| --- | --- |
| 11 | The plaintiff's representative failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed. |

| **Answer** |
| --- |
| Will Supplement |

_____

Plaintiff or Representative

9/29/2010

_____

Date



**WILLINGHAM,**
**FULTZ & COUGILL LLP**

TEXAS            LOUISIANA           MISSISSIPPI

ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

Thomas L. Cougill                                                    *TomC@Willingham-law.com*
Partner

July 29, 2010

Mr. Mikal C. Watts                                                          *__Via Email__*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

      Re:    In Re:  FEMA Trailer Formaldehyde
             Products Liability Litigation
             MDL No. 1873, Section "N" (4)
             Plaintiff Fact Sheets

Dear Mr. Watts:

      Enclosed please find a deficiency letter on behalf of STARCRAFT RV, INC. pursuant
to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations
recently received by our office.  We respectfully request you to supplement or otherwise "cure"
the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

      Thank you for your cooperation and assistance in this matter.   If you have any questions
or comments, please do not hesitate to contact me.

                    Very truly yours,

                    **WILLINGHAM, FULTZ & COUGILL LLP**

                    *Thomas L. Cougill*

                    Thomas L. Cougill

cc:    Jerry Meunier (*via email*)
       Andrew Weinstock (*via email*)
       Henry Miller (*via email*)

## STARCRAFT RV, INC.

### CASSIE DUVERNAY

1.  The plaintiff failed to provide a complete response to Section IV (F) regarding employment history.  If Plaintiff has never been employed, please disregard.

2.  On the attached "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream;" Defendant seeks clarification on whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, on "Trailer 2," the plaintiff provided separate move-in/move-out dates, but no trailer information.  Defendant seeks clarification of whether or not the plaintiff resided in two travel trailers.

3.  Plaintiff failed to include a response to Section VI (E) regarding pregnancy. Additionally, the plaintiff failed to provide a complete response to subsection (G) regarding diagnostic tests.

4.  Plaintiff failed to date the signed Certification.

5.  Plaintiff failed to complete the attached Authorization for Release of Medical Records.

6.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### EVIANTA DUVERNAY

1.  The plaintiff failed to provide a complete response to Section IV (F) regarding employment history.  If Plaintiff has never been employed, please disregard.

2.  On the attached "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream;" Defendant seeks clarification on whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, on "Trailer 2," the plaintiff provided separate move-in/move-out dates, but no trailer information.  Defendant seeks clarification of whether or not the plaintiff resided in two travel trailers.

3.  Plaintiff failed to provide a complete response to Section IX (F), omitting address or location information.

4.  Plaintiff failed to date the signed Certification.

5.  Plaintiff failed to include her representative capacity on the attached Authorization for Release of Medical Records and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

6.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**MARQUIS WILLIAMS**

1.      The employer provided in response to Section IV (F) (2), identified as "Tamele Pvols" cannot be adequately identified and no address information is provided other than Bay St. Louis, MS.

2.      In response to Section V, one of the trailers identified by Plaintiff as "Starcraft" included a VIN associated "Keystone."  However, no corresponding manufacturer, VIN or Bar Code information was provided on the attached "Trailer 1."  Defendant seeks clarification of whether or not the plaintiff resided in one or two trailers, as well as the manufacturer and occupancy information for each.

3.      Plaintiff failed to respond to Section IX (C) or (D).

4.      Plaintiff failed to date the signed Certification.

5.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

6.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**IDA B. YOE**

1.      The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      In response to Section V, one of the trailers identified by Plaintiff as "Fleetwood" included a VIN associated Starcraft RV. However, no corresponding manufacturer, VIN or Bar Code information was provided on the attachments "Trailer 1" and "Trailer 2." Defendant seeks clarification of whether or not the plaintiff resided in one or two trailers, as well as the manufacturer and occupancy information for each.

3.      Plaintiff failed to date the signed Certification.

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**DOMINICK DOYLE**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

3

4.      The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1," including the manufacturer.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and did not provide a response to subsection (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

**<u>RONALD DOYLE, JR.</u>**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education, subsection (F) regarding employment history, (F)(3) regarding assertion of a claim for lost wages/lost earning capacity, and subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1," including the manufacturer.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and did not provide a response to subsection (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

4

**PATRICIA DUCRE**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a response to Section IV (A) regarding dates of residence, subsection (E) regarding education, subsection (F) regarding employment history.

3.      In response to the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the plaintiff failed to respond to multiple questions on "Trailer 1."

4.      Plaintiff failed to complete her response to Section V (E) regarding trailer occupants.

5.      The plaintiff failed to respond to Section VII (D).

6.      The plaintiff failed to respond to Section IX (C) and (D).

7.      The plaintiff failed to complete the attached Certification.

8.      The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

**ALAN WOLFE**

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and failed to provide adequate address information for the employer identified in response to subsection (F).

2.      In response to the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the move-out date provided by plaintiff is not consistent with the occupancy date provided in response to Section V (E).

3.      The plaintiff failed to respond to Section IX (A) through (F).

4.      The attached authorizations for release of medical and other records include a date and/or are incomplete.

**REGINA R. ALBIN**

1.      The plaintiff failed to provide a complete response to Section III (C) (8).

2.      The plaintiff failed to include a response to Section IV (E) regarding education and to provide a complete response to subsection (F) regarding employment history.

3.      In response to the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as "Gulf Stream." Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer. Additionally, the plaintiff failed to respond to the question regarding how many, if any, days per weeks she worked outside of the home during the time she lived in the trailer.

4.      Plaintiff failed to respond to Section IX (A), (C) and (D).

5.      The plaintiff failed to fully complete the attached authorizations for release of medical and other records.

## KELLY A. GALLOWAY

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsections (D), (E) and (F), as well as subsection (F) (3) regarding assertion of a lost wage claim, and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" and "Trailer 2," including the manufacturer and corresponding occupancy information.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and did not provide a response to subsection (E), (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records. Additionally, the attached Privacy Act Release was not completed.

## DIANNE FREDERICK

1.      The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      In response to the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as "Gulf Stream." Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.      The plaintiff failed to respond to Section IX (A), (C), (D) and (F).

4.      The attached authorizations for release of medical and other records include a date and/or are incomplete.

**BRANDON WILLIAM FLETCHER**

1.      The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence; the plaintiff failed to provide a complete response to subsection (F) regarding employment, omitting job title/duties information.

3.      Plaintiff failed to provide a response to Section IX (C) and (D).

4.      The attached authorizations for release of medical and other records were completed in the name of "Vanessa County."  The Privacy Act Release is also in the name of "Vanessa County."

**SHERRY LYNN FLETCHER**

1.      The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      Plaintiff failed to provide a complete response to Section IV (F) (3) (a), requesting earnings for the past five (5) years.

3.      The plaintiff failed to respond to Section IX (C).

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**BART KEVIN FLETCHER**

1.      The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      The plaintiff failed to provide a complete response to subsection (F) regarding employment, omitting job title/duties information.

3.      Plaintiff failed to provide a complete response to Section IV (F) (3) (a), requesting earnings for the past five (5) years.

4.      Plaintiff failed to respond to Section IX (D).

5.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**TYRONE D. FACIANE, SR.**

1.    The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsections (E) and (F).

2.    In response to the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

3.    Plaintiff failed to respond to Section VI (F) (2) regarding infectious disease.

4.    Plaintiff failed to respond to Section IX (C), (D) and (E).

5.    The attached authorizations for release of medical and other records are incomplete.

**JOAN D. FACIANE**

1.    The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsections (E) and (F).

2.    In response to the attachment entitled "Trailer 1" the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

3.    Plaintiff failed to respond to Section IX (C) and (D).

4.    The attached authorizations for release of medical and other records are incomplete.

5.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**JOSEPH LEITZ**

1.    In response to Section IV (E), the plaintiff failed to provide the educational institution or dates attended.

2.    On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, Plaintiff failed to provide the FEMA Bar Code number.

3.    Plaintiff failed to respond to Section IX (A), (C), (D) or (F).

4.    The attached authorizations for release of medical and other records are incomplete.

5.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## CANDANCE DUVERNAY

1.      The move-in date provided on the attachment "Trailer 1" is inconsistent with the occupancy date provided in response to Section V (E).

2.      Plaintiff failed to respond to Section IX (C), (D) and (F).

3.      Plaintiff's representative failed to date the Certification.

4.      Plaintiff's representative failed to include her representative capacity on the attached Authorization for Release of Medical Records, the Authorization for Release of Records (To be signed by Plaintiffs *not* making a claim for lost wages or lost earning capacity) and the attached Privacy Act Release.

## CHIANTI BOOTH

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.  The plaintiff also failed to provide complete address information for the employer identified in response to subsection (F) (1) and (2).

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, Plaintiff provided an attachment "Trailer 2" with different occupancy dates, but failed to provide any manufacturer or other information on the attachment "Trailer 2."

3.      Plaintiff failed to respond to Section IX (A) and failed to provide address or location for the pharmacies identified in response to subsection (F).

4.      All of the attached authorizations for release of medical and other records are dated.

## MARSHALL COLLINS, JR.

1.      The plaintiff failed to provide a complete response to Section III (C) (8) regarding the mental and/or emotional damages claim.

2.      Two employers identified in response to Section IV (F) (2), "Mear Split" and "Juubeliet" are illegible and/or unknown.  Defendant seeks clarification of the employer name and location/address.

3.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

4.      Plaintiff failed to respond to Section IX (A); the healthcare providers identified in response to subsections (B) and (C) are illegible.

5.    The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (no social security number).

**MARSHALL COLLINS, SR.**

1.    In response to Section III (C) (4) regarding cancer diagnosis the plaintiff responded affirmatively, but failed to provide the type of cancer.

2.    The plaintiff failed to provide a complete response to Section III (C) (8) regarding the mental and/or emotional damages claim.

3.    On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

4.    Plaintiff failed to provide a response to Section IX (A) through (C).

5.    The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (no social security number).

**BARRY EMMONS, SR.**

1.    The plaintiff failed to provide a response to Section III (C) (8) regarding the mental and/or emotional damages claim.  Plaintiff also failed to provide a complete response to subsection (C) (9), omitting the amount of claim.

2.    Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

3.    Plaintiff failed to provide adequate address information for the employer identified in response to Section IV (F) (2).

4.    On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

5.    Plaintiff failed to respond to Section IX (C), (D) and (F).

6.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**JOHN PETERSON, JR.**

1.    Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

2.    Plaintiff failed to provide adequate identifying information, or the information is illegible, for the employer identified in response to Section IV (F) (1).

10

3.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, no FEMA Bar Code number was provided.

4.   Plaintiff failed to provide a complete response to Section VI (C) regarding current smoking/tobacco use.

5.   Plaintiff failed to respond to Section VII (D).

6.   Plaintiff failed to include a response to Section IX (D).

7.   The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

**SIERRA LACHNEY**

1.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

2.   Plaintiff failed to provide a response to Section IX (A) through (F).

3.   The attached authorizations for release of medical and other records include a date. Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed and social security omitted).

**TINA LACHNEY**

1.   Plaintiff failed to provide a complete response to Section III (C) (8), omitting the dates of treatment.  Plaintiff also failed to provide a complete response to subsection (C) (9), omitting the amount of claim.

2.   Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence, and failed to complete the response to subsection (F) (1), omitting the location of the identified employer.  In response to subsection (F) (2), the dates of employment and address for two of the identified employers were omitted.

3.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

4.   Plaintiff failed to provide a response to Section IX (A) through (F).

5.   The attached authorizations for release of medical and other records include a date. Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

**ZACHERY LACHNEY**

1.      Plaintiff failed to provide a complete response to subsection (C) (9), omitting the amount of claim.

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.   Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

3.      Plaintiff failed to provide a response to Section IX (A) through (F).

4.      The attached authorizations for release of medical and other records include a date. Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed and social security omitted).

**VIOLA LADNER**

1.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  No FEMA Bar Code number was provided and the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

2.      Plaintiff failed to respond to Section IX (A), (C), (D) and (F), and the response to subsection (B) did not include a complete or identifiable physician name.

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

**YAZMYN LADNER**

1.      Plaintiff failed to provide a response to Section IV (E) regarding education.

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.   Additionally, the move-in/move-out dates are inconsistent with the occupancy dates provided in response to Section V (E).

3.      Plaintiff failed to respond to Section IX (C) and (D).

4.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

**NAPOLEON STALLWORTH**

1.      Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

2.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Cavalier."  Defendant seeks clarification on whether or not the plaintiff resided in a "Cavalier" trailer.  Plaintiff failed to respond to multiple questions on "Trailer 1."

3.   Plaintiff failed to complete the response to Section V (E) regarding trailer occupants, and the move-out date is inconsistent with the move-out date provided on "Trailer 1."

4.   Plaintiff failed to respond to Section IX (A), (C) and (D).  Additionally, Plaintiff did not provide address information for the pharmacies identified in response to subsection (F).

5.   Plaintiff failed to complete the Certification.

6.   The attached authorizations for release of medical and other records are incomplete.

7.   The Privacy Act Release is incomplete.

## MICHAEL STALLWORTH

1.   Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

2.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Cavalier."  Defendant seeks clarification on whether or not the plaintiff resided in a "Cavalier" trailer.  Plaintiff failed to respond to multiple questions on "Trailer 1."

3.   Plaintiff failed to complete the response to Section V (E) regarding trailer occupants, and the move-out date is inconsistent with the move-out date provided on "Trailer 1."

4.   Plaintiff failed to respond to Section IX (C) and (D), and failed to adequate identify the physician and address in response to Section IX (A) and (B).  Additionally, Plaintiff did not provide adequate address information for the pharmacies identified in response to subsection (F).

5.   Plaintiff failed to complete the Certification.

6.   The attached authorizations for release of medical and other records are incomplete.

7.   The Privacy Act Release is incomplete.

## MELISSA STALLWORTH

1.   Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

2.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Cavalier."  Defendant seeks clarification on whether or not the plaintiff resided in a "Cavalier" trailer.  Plaintiff failed to respond to multiple questions on "Trailer 1."

3.  Plaintiff failed to complete the response to Section V (E) regarding trailer occupants, and the move-out date is inconsistent with the move-out date provided on "Trailer 1."

4.  Plaintiff failed to provide a response to Section IX (C) and (D), and failed to adequate identify the physician and address in response to Section IX (A) and (B).   Additionally, Plaintiff did not provide address information for the pharmacies identified in response to subsection (F).

5.  Plaintiff failed to complete the Certification.

6.  The attached authorizations for release of medical and other records are incomplete.

7.  The Privacy Act Release is incomplete.

## DONALD E. DILLEY

1.  Plaintiff failed to provide a complete response to Section IV (F) (1) and (2) regarding employment history.

2.  On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the plaintiff failed to provide a response regarding the reason he moved out of the FEMA-supplied trailer.

3.  Plaintiff failed to provide a complete response to Section VI (F) (4) regarding skin disease.

4.  Plaintiff failed to provide a response to Section IX (A).

5.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## ANITA C. DILLEY

1.  Plaintiff failed to complete the response to Section III (C) (9), omitted amount of claim.

2.  Plaintiff failed to provide a response to Section IV (F) regarding employment history.

3.  On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the plaintiff failed to provide a response regarding the reason he moved out of the FEMA-supplied trailer.

4.  Plaintiff failed to provide a response to Section IX (A) through (F).

5.  Plaintiff failed to date the signed Certification.

6.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## VICTORIA C. DEDEAUX

1.    Plaintiff failed to provide a response to Section IV (E) regarding education.

2.    In response to Section V and on the attached "Trailer 1 and 2," the plaintiff identified two manufacturers.  However, she failed to provide occupancy information associated with a travel trailer manufactured by Starcraft RV, Inc., which did not manufacture mobile homes.

3.    The occupancy dates provided in response to Section V (E) are not consistent with the dates provided on "Trailer 1" and "Trailer 2."

4.    Plaintiff failed to provide a response to Section IX (C), (D) and (F).

5.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## BREANNA R. DEDEAUX

1.    In response to Section V and on the attached "Trailer 1 and 2," the plaintiff identified two manufacturers.  However, she failed to provide occupancy information associated with a travel trailer manufactured by Starcraft RV, Inc., which did not manufacture mobile homes.

2.    Plaintiff failed to provide a response to Section IX (C) and (F).

3.    Plaintiff failed to date the signed Certification.

4.    The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

5.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## TORREY DALLAS

1.    The plaintiff failed to include a response to Section III (C) (8) or (9).

2.    The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) and (F).

3.    The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1."

4.    The plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.    The plaintiff failed to respond to Section VII (D).

6.    The plaintiff failed to respond to Section IX (C), (D) and (F).

7.      The plaintiff failed to date the attached Certification.

8.      The plaintiff failed to complete the attached authorizations for release of medical and other records.  The attached Privacy Act Release was not completed.

## **MARK DALLAS**

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) and (F).

2.      The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1."  Additionally, the move-in/move-out dates provided are not consistent with the occupancy dates provided in response to Section V(E).

3.      The plaintiff failed to respond to Section VII (D).

4.      The plaintiff failed to respond to Section IX (A) through (F).

5.      The plaintiff failed to complete the attached authorizations for release of medical and other records.  The attached Privacy Act Release was not completed.

## **DONNA DALLAS**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) and (F).

3.      The plaintiff failed to respond to multiple questions on the attachment entitled "Trailer 1."

4.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.      The plaintiff failed to respond to Section VII (D).

6.      The plaintiff failed to respond to Section IX (C), (D) and (F).

7.      The plaintiff failed to date the attached Certification.

8.      The plaintiff failed to complete the attached authorizations for release of medical and other records.  The attached Privacy Act Release was not completed.

## **QUARTEZ VICTOR**

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.      The plaintiff failed to provide a complete response to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section IX (C) and (D), and Plaintiff did not provide sufficient address information for the pharmacy identified in response to subsection (F).

5.      Plaintiff's representative failed to complete the attached Authorization for Release of Records (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity).  Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

## GARY TILLISON, JR.

1.      The plaintiff failed to include a complete response to Section IV (E) regarding education and (F) regarding employment history.

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the plaintiff failed to respond to the question regarding the reasons he moved out of the FEMA-supplied trailer, and average daily hours spent in the trailer.

3.      The occupancy dates provided in response to Section V (E) are not consistent with the move-in/move-out dates on Trailer 1.

4.      Plaintiff failed to provide a response to Section IX (C) and (D), and Plaintiff did not provide sufficient address information for the pharmacies identified in response to subsection (F).

5.      Plaintiff failed to date the Certification.

6.      The plaintiff failed to complete the attached authorizations for release of medical and other records.

7.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## EDWARD L. CUEVAS

1.      Plaintiff failed to provide a response to Section IX (C) and (D).

2.      Plaintiff failed to date the Certification.

3.     The plaintiff failed to complete the attached authorizations for release of medical and other records (other than the HIPPA authorization).

4.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## JEREMIAH CRAWFORD

1.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.     Plaintiff failed to provide a response to Section IV (*sic*) entitled "Family Information."

3.     On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the plaintiff failed to respond to the question regarding the reasons he moved out of the FEMA-supplied trailer, average daily hours spent in the trailer and questions regarding air quality testing and maintenance.

4.     Plaintiff failed to provide a complete response to Section V (E).

5.     The plaintiff failed to respond to Section VII (D).

6.     Plaintiff failed to provide a response to Section IX (C) and (D).

7.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  The attached Privacy Act Release was not completed.

## FRANLY BRAUNER

1.     Plaintiff failed to provide a response to Section IV (E) regarding education, and the response to subsection (F) (1) and (2) is incomplete.

2.     The move-in/move-out dates provided on the attached "Trailer 1," are inconsistent with the occupancy dates provided in response to Section V (E).

3.     Plaintiff failed to complete his response to Section VI (C) regarding smoking/tobacco use.

4.     Plaintiff failed to provide a response to Section IX (A) and (F).

5.     The plaintiff failed to complete the attached authorizations for release of medical and other records.

6.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**NAJEE Z. THOMPSON**

1.     Plaintiff failed to complete Section III (A) (6) through (8) regarding representative capacity.

2.     In response to Section V, the plaintiff identified two trailer manufacturers.  However, on the attached "Trailer 1," the plaintiff failed to provide occupancy and manufacturer information for two trailers.

3.     Plaintiff failed to provide a response to Section IX (C) and (D).

4.     Plaintiff's representative failed to include her relationship to the plaintiff on the attached authorizations for release of medical and other records.  If these authorizations are deemed insufficient by the providers, Defendant will seek supplementation.

5.     Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**JABRILLE C. THOMPSON**

1.     Plaintiff failed to complete Section III (A) (6) through (8) regarding representative capacity.

2.     In response to Section V, the plaintiff identified two trailer manufacturers.  However, on the attached "Trailer 1," the plaintiff failed to provide occupancy and manufacturer information for two trailers.

3.     Plaintiff failed to provide a response to Section IX (C) and (D).

4.     Plaintiff's representative failed to include her relationship to the plaintiff on the attached authorizations for release of medical and other records.  If these authorizations are deemed insufficient by the providers, Defendant will seek supplementation.

5.     Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**STELLA MAE THOMAS**

1.     Plaintiff failed to complete her response to Section IV (A) regarding dates of residence/address.  Plaintiff failed to provide a response to subsection (E) regarding education.

2.     On the attached "Trailer 1," the plaintiff failed to provide the average number of hours spent in the FEMA housing unit per day.

3.     Plaintiff failed to provide a response to Section IX (A), (B), (C) and (D).

19

**JARRETT ADRIAN THOMAS**

1. Plaintiff failed to complete her response to Section IV (A) regarding dates of residence/address.  Plaintiff failed to provide a response to subsection (E) regarding education.  Additionally, no address/location was provided for the employer listed in response to subsection (F) (1) and (2) ("Burns oil") and this employer could not be identified with the name provided.

2. On the attached "Trailer 1," the plaintiff failed to respond to the questions regarding fumigation and maintenance.

3. Plaintiff failed to provide a response to Section IX (A), (B) and (C).

4. Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ELIZABETH M. CUEVAS**

1. Plaintiff failed to provide a response to Section IV (F) (3) regarding lost wage claims and subsection (G) regarding prior claims/lawsuits.

2. Plaintiff failed to provide a response to Section IX (C).

3. Plaintiff failed to date the signed Certification.

4. The attached authorizations for release of medical and other records are incomplete (other than the HIPPA authorization).

5. Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**DONNA PETERSON**

1. Plaintiff failed to provide a response to Section IV (F) regarding employment history.

2. Plaintiff failed to provide a response to Section IX (A) and (D).

3. The attached authorizations for release of medical and other records include a date.

**CHERYL STALLWORTH**

1. Plaintiff failed to complete her response to Section IV (A) regarding dates of residence/address.  Plaintiff failed to provide a response to subsection (E) regarding education and subsection (F) regarding employment history.

2. Plaintiff failed to provide a response to multiple questions on the attached "Trailer 1," including but not limited to the reason she stopped living in the FEMA housing unit.

3.      Plaintiff failed to provide a complete response to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to provide a response to Section VI (G) regarding diagnostic tests.

5.       Plaintiff failed to provide a response to Section IX (C), (D) and (E).

6.      Plaintiff failed to complete the Certification.

7.      The attached authorizations for release of medical and other records are incomplete.

8.      Plaintiff failed to complete the Privacy Act Release.

## **BRITTANY STALLWORTH**

1.      Plaintiff failed to complete her response to Section IV (A) regarding dates of residence/address.  Plaintiff failed to provide a response to subsection (E) regarding education.

2.      Plaintiff failed to provide a response to multiple questions on the attached "Trailer 1," including but not limited to the reason she stopped living in the FEMA housing unit.

3.      Plaintiff failed to provide a complete response to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to adequately identify the physician listed in response to Section IX (A) and (B).  Plaintiff failed to provide a response to subsection (C) and (D), and no address/location information was provided in response to subsection (F).

5.      Plaintiff failed to complete the Certification.

6.      The attached authorizations for release of medical and other records are incomplete.

7.      Plaintiff failed to complete the Privacy Act Release.

## **DERRICK ROBINSON**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsections (E) and (F), as well as subsection (F) (3) regarding assertion of a lost wage claim, and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.

21

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and did not provide a complete response to subsection (C) regarding smoking history.  Additionally, Plaintiff failed to respond to subsection (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

### **BRUCE ROBINSON**

1.      Plaintiff failed to complete the response to Section III (C) (8) regarding the mental anguish claim.

2.      Plaintiff failed to provide the FEMA Bar Code number in response to Section V and on "Trailer 1."  Additionally, Plaintiff failed to respond to the question regarding air-quality testing.

3.      Plaintiff failed to adequately identify the healthcare provider listed in response to Section IX (C), (D) and (E).

4.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### **WAYNE REEDER**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsections (E) and (F), as well as subsection (F) (3) regarding assertion of a lost wage claim, and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight, and did not provide a complete response to subsection (C) regarding smoking history.  Additionally, Plaintiff failed to respond to subsection (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

**TIMOTHY R. QUICK**

1.      The plaintiff failed to include a response to Section III (C) (8).

2.      The plaintiff failed to respond to Section IX (C) and (F).

3.      The attached authorizations for medical and other records include a date.  Additionally, Plaintiff's representative failed to include her representative capacity on the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

**SHARON R. QUICK**

1.      On the attached "Trailer 1," the plaintiff failed to provide the reason she stopped living in the FEMA housing unit.

2.      The plaintiff failed to respond to Section IX (F).

**O.H. QUICK**

1.      The move-in/move-out dates provided on the attached "Trailer 1" are inconsistent with the occupancy dates provided in response to Section V (E).

2.      The plaintiff failed to respond to Section IX (C) and (F).

3.      The attached Authorization for Release of Medical Records includes a date.

4.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**NETTIE VICTOR**

1.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and (F) regarding employment history. Plaintiff also failed to respond to subsection (F) (3) regarding lost wage claims and (G) regarding previous claims/lawsuits.

2.   The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

3.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  The plaintiff failed to respond to the question regarding the reasons he moved out of the FEMA-supplied trailer.  Additionally, the move-out date is inconsistent with the occupancy date provided in response to Section V (E).

4.   Plaintiff failed to provide a response to Section VI (F) and (G).

5.   Plaintiff failed to provide a response to Section VII (D).

6.   The plaintiff failed to respond to Section IX (C) and (D), and failed to provide adequate address information for the pharmacy identified in response to subsection (F).

7.   The attached authorizations for release of medical and other records are not properly executed in the name of Plaintiff.

8.   The attached Privacy Act Release is not properly executed in the name of Plaintiff.

**BIANCA POWE**

1.   In response to Section V, the plaintiff provided two different VIN's for the Starcraft travel trailer.  On the attached "Trailer 1," the plaintiff identified "Fleetwood" as the manufacturer and provided no VIN or FEMA Bar Code number.  Defendant seeks clarification on the unit resided in by the plaintiff.

2.   Plaintiff failed to date the attached Certification.

3.   Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**AUGUSTINE POWE**

1.   The plaintiff failed to include a response to Section III (C) (9), omitting the amount of the claim.

2.   Plaintiff failed to include a complete response to Section IV (F) (3) (b) regarding the amount of the lost wage claim and time missed from work.

3.   In response to Section V, the plaintiff provided two different VIN's for the Starcraft travel trailer.  On the attached "Trailer 1," the plaintiff identified "Fleetwood" as the manufacturer and provided no VIN or FEMA Bar Code number.  Defendant seeks clarification on the unit resided in by the plaintiff.

4.   The plaintiff failed to respond to Section IX (A).

5.   Plaintiff failed to date the attached Certification.

6.   Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## VERONICA L. BRASLEY

1.   In response to Section V, the plaintiff provided two different VIN's for the Starcraft travel trailer.  On the attached "Trailer 1," the plaintiff identified "Gulf Stream" as the manufacturer and provided no VIN or FEMA Bar Code number.  Defendant seeks clarification on the unit resided in by the plaintiff.

2.   The plaintiff failed to respond to Section IX (C).

3.   Plaintiff failed to date the attached Certification.

4.   Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## JOSSIE BOYD

1.   Plaintiff failed to include a response to Section III (6) through (8) regarding representative capacity.

2.   The plaintiff failed to include a response to Section III (C) (8) or (9).

3.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (G) regarding prior claims.

4.   The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5.   In response to Section V, the plaintiff identified three manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," the only manufacturer identified was "Gulf Stream."  The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.  Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

6.   The plaintiff failed to respond to Section V (E) regarding trailer occupants.

7.   The plaintiff failed to provide a response to Section VI (F) and (G) including subparts.

25

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

10.     The plaintiff's representative failed to complete the attached Certification.

11.     The plaintiff's representative failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

## JOSEPH BOYD

1.      Plaintiff failed to include a response to Section III (6) through (8) regarding representative capacity.

2.      The plaintiff failed to include a response to Section III (C) (8) or (9).

3.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (G) regarding prior claims.

4.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5.      In response to Section V, the plaintiff identified three manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," the only manufacturer identified was "Gulf Stream."  The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.  Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

6.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

7.      The plaintiff failed to provide a response to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

10.     The plaintiff's representative failed to complete the attached Certification.

11.     The plaintiff's representative failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

## JADEN BOYD

1.      Plaintiff failed to include a response to Section III (6) through (8) regarding representative capacity.

2.      The plaintiff failed to include a response to Section III (C) (8) or (9).

26

3.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (G) regarding prior claims.

4.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5.      In response to Section V, the plaintiff identified three manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," the only manufacturer identified was "Gulf Stream."  The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.  Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

6.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

7.      The plaintiff failed to provide a response to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

10.     The plaintiff's representative failed to complete the attached Certification.

11.     The plaintiff's representative failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

**<u>CARRIE BENNETT</u>**

1.      The plaintiff failed to include a complete response to Section IV (E) regarding education and subsection (F) (2) regarding prior employment.

2.      In response to Section V, the plaintiff identified two manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," the only manufacturer identified was "Gulf Stream."  The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.  Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

3.      The plaintiff failed to respond to Section IX (D).

4.      The plaintiff failed to date the attached Certification.

5.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**<u>ELLIS BEARD</u>**

1.      Plaintiff failed to include a response to Section III (6) through (8) regarding representative capacity.

2.      The plaintiff failed to include a response to Section III (C) (8) or (9).

3.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and subsection (F) regarding employment. Plaintiff also failed to respond to subsection (F) (3) regarding lost wage claims and subsection (G) regarding prior claims.

4.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.

6.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

7.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, as well as subsection (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.     The plaintiff failed to complete the attached Certification.

11.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

## DELORES BEARD

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and subsection (F) regarding employment. Plaintiff also failed to respond to subsection (F) (3) regarding lost wage claims and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, subsection (C) regarding the claimed past smoking/tobacco use, as well as subsection (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

28

8.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

## JON T. AMACKER

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and subsection (F) regarding employment. Plaintiff also failed to respond to subsection (F) (3) regarding lost wage claims and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy, including but not limited to the dates of occupancy.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, as well as subsection (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

## BARBARA DOYLE

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and subsection (F) regarding employment. Plaintiff also failed to respond to subsection (F) (3) regarding lost wage claims and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

29

4.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, as well as subsection (C) regarding smoking/tobacco use, and subsection (E), (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (D) and (F).

9.      The plaintiff failed to complete the attached Certification.

10.     The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

**<u>AMBER DALLAS</u>**

1.      The plaintiff failed to include a response to Section III (C) (9), omitting the amount of claim.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and subsection (F) regarding employment.

3.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.

4.      The plaintiff failed to complete the response to Section V (E) regarding trailer occupants.

5.      The plaintiff failed to respond to Section IX (A) (C), (D) and (F).

6.      The plaintiff failed to date the attached Certification.

7.      The plaintiff failed to complete the attached authorizations for release of medical and other records.  Additionally, the attached Privacy Act Release was not completed.

**<u>RANDY PETERSON</u>**

1.      The plaintiff's representative failed to complete her response to Section III (A) (6) and (8) regarding representative capacity.

2.      The plaintiff failed to provide adequate address/location information for the pharmacy identified in response to Section IX (F).

**<u>HOWARD DILLEY</u>**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and subsection (F) regarding employment. Plaintiff also failed to respond to subsection (F) (3) regarding lost wage claims and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy. Additionally, on the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream." Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, as well as subsection (C) regarding smoking/tobacco use, and subsection (F) and (G) including subparts.

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (F).

9.      The plaintiff failed to complete the attached Certification.

10.      The plaintiff failed to complete the attached authorizations for release of medical and other records. Additionally, the attached Privacy Act Release was not completed.

**EDDIE D. DIXON, JR.**

1.      In response to Section V, the plaintiff identified two manufacturers, including Starcraft RV, Inc. However, on the attached "Trailer 1," neither manufacturer was identified. Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

2.      Plaintiff failed to complete the response to Section IX (A) through (D).

3.      Plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

**DONALD PETERS**

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence, subsection (E) regarding education and subsection (F) regarding employment. Plaintiff also failed to respond to subsection (F) (3) regarding lost wage claims and subsection (G) regarding prior claims.

3.       The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.       The plaintiff failed to respond to multiple questions on the attachments entitled "Trailer 1" regarding trailer occupancy.  Additionally, in Section V, the plaintiff identified two manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," neither manufacturer was identified.   Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

5.       The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.       The plaintiff failed to provide a complete response to Section VI (A) and (B) regarding height and weight, as well as subsection (C) regarding smoking/tobacco use, and subsection (F) and (G) including subparts.

7.       The plaintiff failed to respond to Section VII (D).

8.       The plaintiff failed to respond to Section IX (A) through (F).

9.       The plaintiff failed to complete the attached Certification.

10.      The attached authorizations for release of medical and other records include dates.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

## KADENCE MAURIGI

1.       In response to Section V, the plaintiff identified two manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," neither manufacturer was identified.  Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

2.       Plaintiff failed to date the Certification.

3.       Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## SELENA M. MICKEY

1.       In response to Section V, the plaintiff identified two manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," neither manufacturer was identified.  Based on Plaintiff's response, Defendant seeks confirmation she lived in the Starcraft travel trailer from 9/1/05 to 11/1/05.

2.       Plaintiff failed to complete the response to Section V (E) regarding trailer occupants.

3.       Plaintiff failed to sufficiently identify the healthcare provider listed in response to Section IX (D), and failed to provide a response to subsection (F).

4.       Plaintiff's representative failed to date the Certification.

5.    The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

6.    Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ELLEN MCDONALD**

1.    Plaintiff failed to respond to Section IV (G) regarding prior claims.

2.    On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.  Additionally, the move-in/move-out dates provided on "Trailer 1" are inconsistent with the occupancy dates listed in Section V (E).

3.    Plaintiff failed to complete the attached authorizations for release of medical and other records.

**WILLIE H. MCCOLLUM**

1.    Plaintiff failed to provide a response on "Trailer 1" regarding trailer maintenance, if any.

2.    Plaintiff failed to provide a response to Section IX (A) through (C).

**ALEXUS M. MCCOLLUM**

1.    Plaintiff failed to provide a response on "Trailer 1" regarding trailer maintenance, if any.

2.    Plaintiff failed to provide a response to Section IX (A) through (C).

**KEVIN MAURIGI, JR.**

1.    Plaintiff failed to provide a response to Section IV (F) regarding employment history, and subsection (F) (3) regarding lost wage claims.

2.    Additionally, in Section V, the plaintiff identified two manufacturers, including Starcraft RV, Inc.  However, on the attached "Trailer 1," neither manufacturer was identified. Defendant seeks clarification of if/when the plaintiff lived in each trailer identified.

3.    Plaintiff failed to provide a response to Section IX (D).

4.    Plaintiff failed to date the Certification.

5.    Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

33

**MARIO MARTINEZ**

1.  Defendant seeks clarification of Plaintiff's response to Section IV (E) regarding education, which is illegible.

2.  Plaintiff failed to respond to Section IX (C).

3.  The attached authorizations for release of medical and other records were completed by Plaintiff's father; however, the plaintiff is no longer a minor.  Additionally, the Authorization for Release of Medical Records is limited to a single provider.

4.  The Privacy Act Release was completed by Plaintiff's father; however, the plaintiff is no longer a minor.

**SYLVIA MARTINEZ**

1.  Plaintiff failed to provide a response to Section IX (C).  "Dr. Lee" listed in response to subsection (E) is not sufficiently identified.

2   Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**EDWARD MARTINEZ**

1.  The physicians listed in response to Section IX (B) are not sufficiently identified and no dates of treatment are provided.

2.  The attached authorizations for release of medical and other records include dates. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed and no social security number).

**CANDACE MARTINEZ**

1.  The physicians listed in response to Section IX (B) are not sufficiently identified and no dates of treatment are provided.  Plaintiff failed to include a response to subsection (C).

2.  Plaintiff failed to include social security number information on the attached authorizations for release of medical and other records.  Additionally, the authorizations include a date.

**JOSEPH LEITZ, III**

1.  Plaintiff failed to include a response to Section IV (E) regarding education.

2.  On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.  Plaintiff failed to include a response to Section IX (A), (D) and (F).

4.      The attached authorizations for release of medical and other records are incomplete.

5.      Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**AMANIE MAY**

1.      Plaintiff's representative failed to include a response to Section III (A) (6) and (8) regarding representative capacity/guardianship.

2.      Plaintiff failed to provide manufacturer, VIN and Bar Code numbers in response to Section V.  Additionally, on the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer, and whether Plaintiff ever resided in a Starcraft trailer.

3.      Plaintiff failed to provide a complete response to Section VI (F) (1) regarding the claimed asthma, as well as subsection (F) (4) regarding the claimed eczema.

4.      Plaintiff failed to include a response to Section IX (D).

5.      The attached authorizations for release of medical and other records include dates. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

**AKERA MAY**

1.      Plaintiff's representative failed to include a response to Section III (A) (6) and (8) regarding representative capacity/guardianship.

2.      Plaintiff failed to provide manufacturer, VIN and Bar Code numbers in response to Section V.  Additionally, on the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer, and whether Plaintiff ever resided in a Starcraft trailer.

3.      Plaintiff failed to provide a response to Section VI (F) (1) through (3), and failed to provide a complete response to subsection (F) (4) regarding the claimed skin disease.

4.      Plaintiff's representative failed to date the Certification.

5.      Plaintiff's representative failed to include her representative capacity on the attached Authorization for Release of Medical Records.

6.      Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ELIZABETH LEITZ**

1.    Plaintiff failed to provide a response to Section IV (E) regarding education, and failed to provide an address/location for the employer identified in (F) (1).

2.    Plaintiff failed to provide the FEMA Bar Code in response to Section V or on the attached "Trailer 1." Additionally, on the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream." Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.    Plaintiff failed to complete Section VI (C) regarding the claimed current smoking/tobacco use.

4.    Plaintiff failed to include a response to Section IX (A), (C), D) and (F).

5.    The attached authorizations for release of medical and other records are incomplete.

6.    Plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

**LORI LEITZ**

1.    On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream." Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

2.    Plaintiff failed to provide a complete response to Section VI (F) (1) regarding the claimed lung disease/illness.

3.    Plaintiff failed to provide a response to Section IX (A), (C), (D) and (F). The physicians listed in response to subsection (B) are not sufficiently identified.

4.    The attached authorizations for release of medical and other records are incomplete.

5.    Plaintiff's representative failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

**KEVIN HILL, JR.**

1.    The address information provided in response to Section IV (A) is incomplete.

2.    Plaintiff failed to provide the FEMA Bar Code in response to Section V or on the attached "Trailer 1." Additionally, on the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream." Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.    The move-in/move-out dates provided on "Trailer 1" are inconsistent with the occupancy dates provided in response to Section V (E).

4.      The physician listed in response to Section IX (A) and (B) is not sufficiently identified. Plaintiff failed to provide a response to subsection (C), (D) and (F).

5.      Plaintiff failed to provide social security number information on the attached Authorization for Release of Medical Records.  The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

## LORI LUCK

1.      The plaintiff failed to include a complete response to Section III (C) (9), omitted the amount of the claim.

2.      Plaintiff failed to provide a response to Section IV (F) regarding employment history.

3.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

4.      Plaintiff failed to provide a response to Section IX (A) through (D) and (F).

5.      Plaintiff's representative failed to date the Certification.

6.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## ROBERT LUCK, JR.

1.      The plaintiff failed to include a complete response to Section III (C) (8).

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.      Plaintiff failed to respond to Section IX (A) through (D) and (F).

4.      Plaintiff failed to date the Certification.

5.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## KEITH J. LADNER

1.      The plaintiff failed to include a complete response to Section III (C) (9), omitted the amount of the claim.

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.      Plaintiff failed to provide a response to Section IX (A) through (D) and (F).

4.      The attached authorizations for release of medical and other records are incomplete.

**MYLES LADNER**

1.      The Authorization for Release of Medical Records is limited to a single provider. Plaintiff's representative failed to include the social security number on the attached Authorization for Release of Records (To be signed by Plaintiffs *not* making a claim for lost wages or lost earning capacity), and the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.  Additionally, the authorizations all include a date.

**DESI LADNER**

1.      The employer listed in response to Section IV (F) (1) and (2) is not sufficiently identified and/or is illegible.

2.      On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.      Plaintiff's response to Section VI (C) regarding current/past smoking/tobacco use requires clarification, as he claims both current and past smoking.

4.      Plaintiff failed to provide a response to Section IX (A), (C) and (F).

5.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

**BRYAN MORAN**

1.      The plaintiff failed to include a complete response to Section III (C) (9), omitted the amount of the claim.

2.      Plaintiff failed to provide a response to Section IV (F) (3) regarding lost wage claims.

3.      Plaintiff failed to sufficiently identify the physician listed in response to Section IX (B). Plaintiff failed to respond to subsection (C) and did not provide address/location information for one of the pharmacies identified in response to subsection (F).

4.      The attached authorizations for release of medical and other records include dates and are limited to single providers.  The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

**TRIS LADNER**

1.      Plaintiff failed to provide a complete response to Section IV (E) regarding education/current school.

38

2.   On the attachment entitled "Trailer 1," the plaintiff identified the manufacturer as "Gulf Stream."  Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

3.   The move-in/move-out dates provided on "Trailer 1" are inconsistent with the occupancy dates provided in response to Section V (E).

4.   Plaintiff failed to provide a response to Section VII (D).

5.   Plaintiff failed to provide a response to Section IX (C).

6.   Plaintiff failed to date the Certification.

7.   The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

## AGATHA TAYLOR

1.   The plaintiff failed to include a complete response to Section III (C) (9), omitted the amount of the claim.

2.   Plaintiff failed to include a response on "Trailer 1" to the question regarding work outside of the home during the time Plaintiff lived in the trailer.

3.   Plaintiff failed to provide a response to Section IX (A).

4.   Plaintiff failed to date the Certification.

5.   Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## JESSICA PAVOLINI

1.   Plaintiff failed to complete the response to Section III (C) (8).

2.   Plaintiff failed to complete the response to Section IV (A) regarding dates of residence, and failed to provide a complete/legible response to subsection (F) (1) regarding current employment.

3.   Plaintiff failed to provide the FEMA Bar Code number in response to Section V and on "Trailer 1."  Additionally, the plaintiff identified the manufacturer as "Gulf Stream." Defendant seeks clarification on whether or not the plaintiff resided in a "Gulf Stream" trailer.

4.   Plaintiff failed to complete the response to Section VI (F) (1) regarding the claimed lung disease/illness.

5.   Plaintiff failed to provide a response to Section IX (C).

6.      The attached authorizations for release of medical and other records include a date.  The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

**ARTHUR SMITH**

1.      Plaintiff failed to complete the response to Section III (C) (8).

2.      Plaintiff failed to include the FEMA Bar Code number in response to Section V and on the attached "Trailer 1."  Additionally, the move-in/move-out dates on "Trailer 1" are inconsistent with the occupancy dates provided in response to Section V (E).

3.      Plaintiff failed to provide a response to Section IX (A), (B) and (D); the hospital listed as "Polttsole" in response to subsection (C) is not sufficiently identified.

4.      The Authorization for Release of Medical Records and the Authorization for Release of Psychological/Psychiatric Records include a date.  The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

**EDWARD MORAN**

1.      Plaintiff failed to complete the response to Section III (C) (8).

2.      Plaintiff failed to complete the response to Section IV (F) (1) and (2) regarding current and past employment.

3.      Plaintiff failed to respond to the question on "Trailer 1" concerning air quality testing.

4.      Plaintiff failed to provide a complete response to Section VI (G) regarding diagnostic testing.

5.      Plaintiff failed to provide a response to Section VII (D).

6.      Plaintiff failed to provide a response to Section IX (C).

7.      The attached Authorization for Release of Records (To be signed by Plaintiffs *not* making a claim for lost wages or lost earning capacity) is incomplete.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is also incomplete.

8.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**KATHLEEN MORAN**

1.      Plaintiff failed to complete the response to Section III (C) (8) and failed to provide the amount of the claim in response to subsection (C) (9).

40

2.      Plaintiff failed to complete the response to Section IV (A) regarding dates of residence, and failed to provide a complete/legible response to subsection (F) (1) and (2) regarding current and past employment.

3.      Plaintiff failed to provide the date of the claimed illness/disease in response to Section VI (F) (2).

4.      Plaintiff failed to provide a response to Section IX (A).

5.      The attached Authorization for Release of Medical Records is limited to a single provider.    The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed and no social security number).

**DOMINIQUE BELL**

1.      Plaintiff failed to complete the response to Section IV (A) regarding dates of residence, and failed to provide a complete/legible response to subsection (F) (2) regarding past employment.

2.      Plaintiff failed to include the FEMA Bar Code number in response to Section V and on the attached "Trailer 1."

3.      Plaintiff failed to include the date of the alleged skin disease claimed in response to Section VI (F) (4).

4.      Plaintiff failed to provide a response to Section IX (A) and (C).

5.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**LARRY BELL**

1.      Plaintiff failed to complete the response to Section III (C) (8).

2.      Plaintiff failed to complete the response to Section IV (A) regarding dates of residence, and failed to provide a complete/legible response to subsection (F) (2) regarding past employment.

3.      Plaintiff failed to include the FEMA Bar Code number in response to Section V and on the attached "Trailer 1."

4.      Plaintiff failed to provide a response to Section IX (A), (C) and (D).

5.      Plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**MARTHA BELL**

1.      Plaintiff failed to complete the response to Section III (C) (8).

2.      Plaintiff's response to Section IV (E) regarding education is illegible.  Additionally, Defendant seeks confirmation of Plaintiff's response to subsection (F) (1) and (2) regarding employment, and whether or not Plaintiff is self-employed.

3.      Plaintiff failed to include the FEMA Bar Code number in response to Section V and on the attached "Trailer 1."

4.      Plaintiff failed to include the date of the alleged lung and skin disease claimed in response to Section VI (F) (1) and (4).

5.      Plaintiff failed to provide a response to Section IX (A).

6.      The attached authorizations for release of medical and other records include dates.

### AARON BELL

1.      Plaintiff failed to include the claimed medical condition of two family members identified in response to Section IV (*sic*) entitled "Family Information."

2.      Plaintiff failed to include the FEMA Bar Code number in response to Section V and on the attached "Trailer 1."

3.      Plaintiff failed to include the date of the alleged lung disease claimed in response to Section VI (F) (1).

4.      Plaintiff failed to attach a signed Authorization for Release of Medical Records.  The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.  Finally, the remaining authorizations for release of other records include a date.

### ISAIAH BELL

1.      Plaintiff failed to include a response to Section III (A) (6) through (8) regarding representative capacity.

2.      Plaintiff failed to complete the response to Section III (C) (8).

3.      Plaintiff failed to provide a response to Section VI (F) (1) and (2).

4.      Plaintiff failed to provide a response to Section IX (A), (C) and (D).

5.      Plaintiff's representative failed to indicate her representative capacity on the attached authorizations for release of medical and other records.

6.      Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## ASAIAH BELL

1.      Plaintiff failed to include a response to Section III (A) (6) and (8) regarding representative capacity, if applicable.

2.      Plaintiff failed to complete the response to Section IV (A) regarding dates of residence.

3.      Plaintiff failed to date the attached Certification.

4.      Plaintiff's representative failed to indicate her representative capacity on the attached authorizations for release of medical and other records.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

5.      Plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.