UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Mark Stockman v. Jayco, Inc.* | * | |
| Docket No. 09-7083 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Sasson Brown | * | |
|        Richard Roush | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco"), Bechtel National, Inc. and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Sasson Brown (Plaintiff in *Stockman,* C.A. 09-7083)

- Richard Roush (Plaintiff in *Stockman,* C.A. 09-7083)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as

the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action

or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Sasson Brown

*Mark Stockman v. Jayco, Inc.* was filed October 28, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Sasson Brown (*See* Plaintiff Fact Sheet of Sasson Brown, attached as Exhibit "A"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 13, 2010 and outlined all deficiencies of Sasson Brown's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, April 13, 2010, attached as Exhibit "B").

Following the receipt of the Rule 37 letter, Plaintiff Counsel requested an extension for additional time to provide cured responses. Jayco promptly granted the extension. (*See* correspondence from Sherrie Mosley at Willingham, Fultz & Cougill, counsel for Jayco to Michael Hoffstadt at Watts Hilliard Law Firm, counsel for Plaintiff, July 8, 2010, attached as Exhibit "C"). Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Sasson Brown on August 12, 2010. (*See* Plaintiff Fact Sheet Deficiency Answers for Sasson Brown, attached as Exhibit "D").

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

3

The plaintiff's Amendment, however, did not cure any of the deficiencies indicated by Jayco, it simply answered each question with "will supplement" or "I do not recall". Important questions that were inadequately answered in the plaintiff fact sheet, such as what medical treatments were received for her formaldehyde related injury, were provided the standard answer of "will supplement". Other questions that warranted two-part responses, such as the amount and duration of the plaintiff's use of tobacco products, considering the plaintiff indicated she is a current smoker, were left partially executed and also given the "will supplement" response in the Amendment. Indeed, questions that the plaintiff should have been able to clarify, such as weight and height, were provided the common response of "will supplement". As a result, the Amendment did not provide any additional information to be included in the Plaintiff Fact Sheet and it was also unsigned and undated by the plaintiff. (*See* Id.). Therefore, the Plaintiff Fact Sheet of Sasson Brown, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "A" & "D")

Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Sasson Brown has only answered 12

4

of the required 23 key questions. Therefore, Sasson Brown's fact sheet remains incomplete.

### Richard Roush

*Mark Stockman v. Jayco, Inc.* was filed October 28, 2009. After the complaint was filed, Jayco received the unsigned, undated Plaintiff Fact Sheet of Richard Roush (*See* Plaintiff Fact Sheet of Richard Roush, attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient. In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on April 13, 2010 and outlined all deficiencies of Richard Roush's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, April 13, 2010, attached as Exhibit "F").

Following the receipt of the Rule 37 letter, Plaintiff Counsel requested an extension for additional time to provide cured responses. Jayco promptly granted the extension. (*See* correspondence from Sherrie Mosley at Willingham, Fultz & Cougill, counsel for Jayco to Michael Hoffstadt at Watts Hilliard Law Firm, counsel for Plaintiff, July 8, 2010, attached as Exhibit "C"). Plaintiff Counsel produced an Amendment to the Plaintiff Fact Sheet of Richard Roush on August 12, 2010. (*See* Plaintiff Fact Sheet Deficiency Answers for Richard Roush, attached as Exhibit "G").

The plaintiff's unsigned, undated amendment only provided answers for 4 of the 23 key questions. (*See* Id.). Although the amendment attempted to cure several of the deficiencies within the plaintiff fact sheet, the amendment neglected to cure one of the major deficiencies within Richard Roush's fact sheet, that deficiency being the plaintiff's formaldehyde-related injury. The Amendment's purpose is to supplement the information contained in the fact sheet and cure any deficiencies in order to provide the defendants a clear picture of the plaintiff's claims against them. With the above-mentioned plaintiff, his fact sheet provided absolutely no

indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for his claim. All questions concerning the plaintiff's formaldehyde related injury were left completely blank. (*See* Exhibit "E"). Likewise, the plaintiff's formaldehyde related injury was never addressed in the amendment. (*See* Exhibit "G"). Although the plaintiff provided no indication of any formaldehyde related injury suffered in either his fact sheet or amendment, there was a response in the plaintiff's amendment regarding reimbursement for medical expenses related to the plaintiff's unidentified injury. The question of whether or not there would be a claim for medical expenses as a result of the formaldehyde injury was answered in the affirmative and a request for reimbursement of medical expenses totaling $50,000. (*See Id.*). Other important questions contained in the plaintiff fact sheet, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were never answered rendering the question at hand unanswered. (*See* Exhibit "E"). Therefore, the Plaintiff Fact Sheet of Richard Roush, coupled with the provided supplemental information, remains deficient.

The Plaintiff Fact Sheet and amendment still failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |

(*See* Exhibits "E" and "G").

Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Richard Roush has only answered

16 of the required 23 key questions. Therefore, Richard Roush's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Sasson Brown and Richard Roush, be dismissed with prejudice.

    Respectfully submitted,
    **WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
    THOMAS L. COUGILL
    Texas State Bar No. 04877300
    Louisiana State Bar No. 31112
    R. MARK WILLINGHAM
    Texas State Bar No. 21641500
    JEFFREY P. FULTZ
    Texas State Bar No. 00790728
    Mississippi Bar No. 101058
    Niels Esperson Building
    808 Travis Street, Suite 1608
    Houston, Texas 77002
    (713) 333-7600 – Telephone
    (713) 333-7601 – Facsimile

    **Attorneys for Jayco, Inc.**

**FRILOT L.L.C.**

By: s/*John J. Hainkel*
 JOHN J. HAINKEL, III – La. Bar No. 18246
 A.J. KROUSE – La. Bar No. 14426
 PETER R. TAFARO – La. Bar No. 28776
 3600 Energy Centre, 1100 Poydras Street
 New Orleans, Louisiana 70163
 Telephone : (504) 599-8000
 Facsimile: (504) 599-8100

 **Attorneys for Bechtel National, Inc.**

**MIDDLEBERG, RIDDLE & GIANNA**

By: s/*Charles R. Penot, Jr.*
 Charles R. Penot, Jr. (La. Bar No. 1530 &
 Tx. Bar No. 24062455)
 717 North Harwood, Suite 2400
 Dallas, Texas 75201
 (214) 220-6334 – Telephone
 (214) 220-6807 – Facsimile

  -*and*-

 Dominic J. Gianna, La. Bar No. 6063
 Sarah A. Lowman, La. Bar No. 18311
 201 St. Charles Avenue, Suite 3100
 New Orleans, Louisiana 70170
 (504) 525-7200 – Telephone
 (504) 581-5983 – Facsimile

  -*and*-

 Richard A. Sherburne., La. Bar No. 2106
 450 Laurel Street, Suite 1101
 Baton Rouge, Louisiana 70801
 (225) 381-7700 – Telephone
 (225) 381-7730 – Facsimile

 **Attorneys for Fluor Enterprises, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

                                         s/*Thomas L. Cougill*
                                         THOMAS L. COUGILL