

**WILLINGHAM, FULTZ & COUGILL LLP**

TEXAS          LOUISIANA          MISSISSIPPI

## ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

---

Thomas L. Cougill                                                    *TomC@Willingham-law.com*
Partner

April 13, 2010

Mr. Mikal Watts                                    *__Via Email and Regular U.S. Mail__*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

       Re:    In Re:  FEMA Trailer Formaldehyde
              Products Liability Litigation
              MDL No. 1873, Section "N" (4)
              Cause No. 08-5031; Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.

Dear Mr. Watts:

      Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently provided by your office.  We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

      Thank you for your cooperation and assistance in this matter.   If you have any questions or comments, please do not hesitate to contact me.

                    Very truly yours,

                    **WILLINGHAM, FULTZ & COUGILL LLP**

                    *Thomas L. Cougill*

                    Thomas L. Cougill

cc:   Jerry Meunier (*via email*)
       Andrew Weinstock (*via email*)
       Henry Miller (*via email*)

**EXHIBIT B**

## JAYCO, INC.

### ERIC EDWARD BANAS

1.      Plaintiff failed to provide a response to Section VI (C) regarding smoking history.

2.      Plaintiff failed to respond to Section IX (A) through (E).

### KAYLA M. BANAS

1.      Plaintiff failed to respond to Section IX (C), (D) and (F).

2.      The attached authorizations for release of medical and other records include a date.

### APRIL BARKOW

1.      Plaintiff responded "no" to Section III (C) (8) regarding claims for mental and/or emotional distress.  However, Plaintiff provided the name of a treating physician and prescriptions for Xanax and Wellbrutin in the remainder of the response.  Defendant seeks clarification of whether or not Plaintiff is asserting a claim for mental and/or emotional distress and if so, the condition and dates of treatment.

2.      Plaintiff failed to provide a response to Section IV (sic) (A) regarding family medical history.

3.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

4.      Plaintiff failed to provide the date(s) of the claimed disease/illness in response to Section VI (F) (3).

5.      The physician identified in response to Section IX (D), Dr. "Jacjson" believed to be "Jackson" is not sufficiently identified, as well as the address in Jackson, MS.

6.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

7.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**JANET BARKOW**

1.     Plaintiff responded affirmatively to Section III (C) (8) regarding claims for mental and/or emotional distress; however, Plaintiff failed to provide the name of health care providers, condition treated, dates of treatment and any medications.

2.     Plaintiff failed to complete the response to Section IV (A) regarding dates of residence.

3.     On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

4.     Plaintiff failed to respond to Section IX (C) and (F).

5.     The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

6.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**DEBORAH LYNN BARNES**

1.     Plaintiff failed to complete the response to Section III (C) (9), omitting the amount of the claim.

2.     On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, Plaintiff indicates she is/was living in a mobile home following the travel trailer.  Defendant seeks clarification of whether or not this was a FEMA-supplied mobile home and the identity of the manufacturer.

3.     Plaintiff failed to respond to Section IX (A) through (F).

4.     The attached authorizations for release of medical and other records include a date.

5.     The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).


**ALANIA BARTHOLOMEW**

1.     Plaintiff failed to complete the response to Section IV (A) regarding dates of residence.

2.     On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, Plaintiff failed to respond to multiple questions on the attached "Trailer 1."

3.      Plaintiff failed to provide a complete response to Section V (E) regarding trailer occupants.

4.      Plaintiff failed to respond to Section IX (C) and (D).

5.      The Authorization for Release of Medical Records was improperly completed in the name of Plaintiff's representative, Courtney Roberts.  The remaining authorizations for release of medical and other records were incomplete.

6.      The Privacy Act Release was incomplete and was in the name of Courtney Roberts.

**DEONNE BATISTE**

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Cavalier" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Cavalier trailer.  Additionally, Plaintiff failed to respond to questions on the attached "Trailer 1" regarding reason for move-out, days working outside of the trailer, air testing and maintenance.  The move-in/move-out dates are not consistent with the occupancy dates provided by the plaintiff in response to Section V (E).

3.      The plaintiff failed to respond to Section IX (C) and (D).

4.      All of the attached authorizations for release of medical and other records are incomplete and include a date.  Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is not properly initialed.

**GERALD BATISTE**

1.      Plaintiff failed to complete the response to Section III (C) (9), omitting the amount of the claim.

2.      Plaintiff failed to identify the employer(s) identified in response to Section IV (F) (2).

3.      In response to Section V, the plaintiff identified two manufacturers, Coachman and Jayco.  However, plaintiff provided no corresponding information on the attachment "Trailer 1" for Coachman, including separate move-in/move-out dates.  Additionally, Plaintiff identified a third manufacturer, "Gulf Stream," on "Trailer 1."  Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

4.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

4

5.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## MELCHI JORDAN BATISTE

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.      In response to Section V, the plaintiff identified two manufacturers, Jayco and Fleetwood.  However, plaintiff provided no corresponding information on the attachment "Trailer 1" for Fleetwood, including separate move-in/move-out dates.  Additionally, Plaintiff identified a third manufacturer, "Gulf Stream," on "Trailer 1."  Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

3.      The plaintiff failed to respond to Section IX (C) and (D).

4.      All of the attached authorizations for release of medical and other records are incomplete.  Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is not properly initialed.

5.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## M'TISHA T. BATISTE

1.      In response to Section V, the plaintiff identified two manufacturers, Jayco and Fleetwood.  However, plaintiff provided no corresponding information on the attachment "Trailer 1" for Fleetwood, including separate move-in/move-out dates.  Additionally, Plaintiff identified a third manufacturer, "Gulf Stream," on "Trailer 1."  Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

2.      The plaintiff failed to respond to Section IX (C), (D) and (F).

3.      All of the attached authorizations for release of medical and other records are incomplete.

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## TIESHA M. BATISTE

1.      Plaintiff failed to complete the response to Section III (C) (8), omitting the date(s) of treatment.  Additionally, Plaintiff failed to complete the response to Section III (C) (9), omitting the amount of the claim.

2.     In response to Section V, the plaintiff identified two manufacturers, Jayco and Fleetwood. However, plaintiff provided no corresponding information on the attachment "Trailer 1" for Fleetwood, including separate move-in/move-out dates. Additionally, Plaintiff identified a third manufacturer, "Gulf Stream," on "Trailer 1." Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

3.     The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

4.     The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

## TYLER BATISTE

1.     Plaintiff failed to provide a response to Section IV (E) regarding education.

2.     In response to Section V, the plaintiff identified two manufacturers, Jayco and Fleetwood. However, plaintiff provided no corresponding information on the attachment "Trailer 1" for Fleetwood, including separate move-in/move-out dates. Additionally, Plaintiff identified a third manufacturer, "Gulf Stream," on "Trailer 1." Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

3.     The plaintiff failed to respond to Section IX (C) and (D).

4.     All of the attached authorizations for release of medical and other records are incomplete (no social security numbers) and include dates.

## DEJUAN R. BETHENCOURT

1.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.     Plaintiff failed to respond to multiple questions on the attached "Trailer 1," including but not limited to reason for move-out, average number of hours spent in the trailer daily, period of time Plaintiff temporarily lived in another location, air monitoring and maintenance.

3.     The plaintiff failed to respond to Section IX (F).

4.     The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

**APRIL BELLE**

1.     Plaintiff failed to complete the response to Section III (C) (9), omitting the amount of the claim.

2.     In response to Section IV (F) (2), the plaintiff omitted the address/location for the employer identified as "CPI Group."

3.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**KAYDEN BELLE**

1.     The plaintiff failed to respond to Section IX (A), (C), (D) and (F).

2.     Plaintiff failed to date the signed Certification.

3.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**PAULA BELLE**

1.     In response to Section III (C) (4) the plaintiff responded affirmatively regarding a cancer diagnosis.  However, the plaintiff failed to provide the type of cancer diagnosed.

2.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

3.     The plaintiff failed to provide a complete response to Section VI (C) regarding past smoking.

4.     Plaintiff failed to respond to Section VII (D).

5.     Plaintiff failed to respond to Section IX (D).

**CHENEA BILBO**

1.     The plaintiff failed to provide a complete response to Section IV (F) (1) regarding current employment.  The response to subsection (F) (2) is illegible.

2.     The plaintiff failed to date the signed Certification.

3.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**HAYDEN L. BRISTER**

1.      Plaintiff failed to respond to Section IV (A) (*sic*) regarding family history.

2.      Plaintiff failed to respond to Section IX (F).

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.


**SASSON BROWN**

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      In response to Section V, the plaintiff identified two trailer manufacturers, Thor Industries and Jayco.  However, no additional information was provided on the attached "Trailer 1."  Defendant seeks clarification of whether or not the plaintiff resided in one or two trailers and the manufacturer and occupancy information on each.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight and subsection (C) regarding current smoking was not completed.

7.      The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.     Plaintiff failed to complete the attached Certification.

11.     The attached authorizations for release of medical and other records are incomplete.

12.     The attached Privacy Act Release is incomplete.


**LORRY GILMORE**

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      Plaintiff failed to respond to multiple questions on the attached "Trailer 1."

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.     Plaintiff failed to complete the attached Certification.

11.     The attached authorizations for release of medical and other records are incomplete.

12.     The attached Privacy Act Release is incomplete.


## **VENUS BULLOCK**

1.      Plaintiff failed to provide a complete response to Section III (C) (8), omitting the amount of the claim.

2.      The plaintiff failed to include a complete response to Section IV (F) (3) (B) regarding the amount of time lost from work and the amount of lost income.

3.      On the attachment entitled "Trailer 2," the plaintiff purports to identify a second trailer lived in.  However, Defendant was unable to determine the manufacturer from the VIN provided and no Bar Code number was provided.

4.      In response to Section VII (C), the plaintiff appears to be making a claim for mental/emotional damages.  However, Plaintiff responded "No" to the question in Section III (C) (8) regarding the assertion of such a claim.  Defendant seeks clarification of whether or not Plaintiff is asserting a claim for mental/emotional damages.

5.      Plaintiff's response to Section VII (D) is incomplete.

6.      Plaintiff failed to respond to Section IX (A).

7.      Plaintiff failed to date the signed Certification.

8.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

9.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## VICTORIA BULLOCK

1.      On the attachment entitled "Trailer 2," the plaintiff purports to identify a second trailer lived in.  However, Defendant was unable to determine the manufacturer from the VIN provided and no Bar Code number was provided.

2.      Plaintiff failed to respond to Section IX (A).

3.      The plaintiff's representative failed to provide social security information on the attached authorizations for release of medical and other records.

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## ADAM CASBORN, SR.

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Cavalier" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Cavalier trailer.  Additionally, Plaintiff failed to respond to questions on the attached "Trailer 1."

3.      Plaintiff failed to respond to Section IX (A) through (F).

4.      Plaintiff failed to complete the attached authorizations for release of medical and other records.

5.      The Privacy Act Release is incomplete.


## AMELIA M. COLLINS

1.      In response to Section V, the plaintiff identified the manufacturer as Jayco and provided a corresponding VIN.  However, plaintiff provided no corresponding information on the attachments "Trailer 1," "Trailer 2" or "Trailer 3" other than separate move-in/move-out dates.  Defendant seeks clarification of whether or not the plaintiff resided in one, two or

three trailers, the period she resided in each trailer and the occupancy information on each.

2.      Plaintiff's representative failed to date the signed Certification.

3.      The plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## MAVIS E. COWAN

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer, with a VIN that does not correspond to the Jayco unit identified in Section V.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, Plaintiff failed to respond to questions on the attached "Trailer 1."

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10.     Plaintiff failed to complete the attached Certification.

11.     The attached authorizations for release of medical and other records are incomplete.

12.     Plaintiff failed to complete the Privacy Act Release.

## HAZEL LEE CRESSLEY

1.      The plaintiff failed to include a response to Section III (C) (9).

2.     The plaintiff failed to respond to Section IV (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.

3.     On the attached "Trailer 1," the plaintiff indicates she lived temporarily in another location, but responded only "5" to the question regarding the period of time.  Defendant seeks clarification on the amount of time Plaintiff temporarily lived in another location.

4.     The plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.     Plaintiff failed to respond to Section VI (F) (2) regarding infectious disease.

6.     Plaintiff failed to complete the attached authorizations for release of medical and other records.

7.     The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).


**ARIEL A. DAUGHTRY**

1.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.     The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

3.     On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, Plaintiff failed to respond to questions on the attached "Trailer 1."

4.     The plaintiff failed to respond to Section V (E) regarding trailer occupants.

5.     The plaintiff failed to respond to Section VII (D).

6.     Plaintiff failed to respond to Section IX (C) and (D).  The pharmacy identified in response to subsection (F) is illegible.

7.     Plaintiff failed to properly complete the attached Certification.

8.     Plaintiff failed to complete the attached authorizations for release of medical and other records.

9.     Plaintiff failed to complete the Privacy Act Release.


**RONNIE DAVIS, SR.**

1.     The plaintiff failed to include a complete response to Section IV (E) regarding education

and subsection (F) regarding employment history.

2.      Plaintiff failed to respond to Section IX (C) and (D).

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

4.      Plaintiff failed to complete the Privacy Act Release.


### CATHERINE DOBY

1.      The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

3.      Plaintiff failed to include the date of the claimed infectious disease in response to Section VI (F) (2).

4.      Plaintiff failed to respond to Section IX (A), (C) and (D).

5.      Plaintiff failed to date the signed Certification.

6.      Plaintiff failed to complete the attached authorizations for release of medical and other records.

7.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


### ROBERT DOSSETT

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.      Plaintiff failed to state the amount of claimed lost income in response to Section IV (F) (3) (b).

3.      On the attachment entitled "Trailer 1" the plaintiff identified "Cavalier" as the manufacturer, with a VIN that does not correspond to the Jayco unit identified in Section V.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Cavalier trailer, along with the occupancy information for that trailer.

4.      The move-in/move-out dates provided on "Trailer 1" are inconsistent with the occupancy dates provided in response to Section IV (E).

5.      Plaintiff failed to provide the date of the infectious disease claimed in response to Section VI (F) (2).

6.      Plaintiff failed to attach any signed authorizations for release of medical and other records.

7.      Plaintiff failed to attach a signed Privacy Act Release.


**JARED DOWNS**

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

3.      Plaintiff failed to respond to Section IX (C) and (D).


**EVA DURR**

1.      The plaintiff failed to include a complete response to Section IV (E) regarding education (name of institution) and subsection (F) regarding employment history.

2.      In response to Section V, the plaintiff identified "Cavalier" as the two trailer manufacturers, but provided a Jayco VIN for one of the trailers.  However, no additional information was provided on the attached "Trailer 1" or "Trailer 2" regarding the manufacturers.  Defendant seeks clarification of whether or not the plaintiff resided in one or two trailers and the manufacturer and occupancy information on each.

3.      Plaintiff failed to respond to Section IX (C), (D) and (F).


**TYRE JOSEPH DUVERNAY**

1.      Plaintiff failed to respond to the question regarding air quality testing on the attached "Trailer 1."

2.      The plaintiff provided no, or incomplete, address information for the medical providers and pharmacies identified in response to Section IX (A) through (F).

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## GRAVEN ENCALADE

1.      In response to Section V, the plaintiff identified three trailer manufacturers, Northwood of VA, Jayco and Lexington Homes.  However, no additional information was provided on the attached "Trailer 1" or "Trailer 2" regarding these manufacturers, only "Cavalier/Coach."  Defendant seeks clarification of whether or not the plaintiff resided in one, two, three or four trailers, the manufacturer and occupancy information on each.

2.      The occupancy dates provided in response to Section V (E) are inconsistent with the dates provided on "Trailer 1" and "Trailer 2."

## KIMBERLY ENCALADE

1.      In response to Section V, the plaintiff identified three trailer manufacturers, Northwood of VA, Jayco and Lexington Homes.  However, no additional information was provided on the attached "Trailer 1" or "Trailer 2" regarding these manufacturers, only "Cavalier/Coach."  Defendant seeks clarification of whether or not the plaintiff resided in one, two, three or four trailers, the manufacturer and occupancy information on each.

2.      Plaintiff failed to respond to Section IX (D).

## KATHERINE FREEMAN

1.      In response to Section V, the plaintiff identified "Monaco" as the two trailer manufacturers, but provided a Jayco VIN for one of the trailers.  However, no additional information was provided on the attached "Trailer 1" or "Trailer 2" regarding these manufacturers, with the only manufacturer identified as "Fleetwood."  Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

2.      Plaintiff failed to respond to Section IX (C) and (D).

3.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

## LAUREN GELINAS

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (G) regarding prior claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.     In response to Section V, the plaintiff identified Jayco as the manufacturer for two travel trailers, but provided what appears to be a Gulf Stream VIN for one of the trailers. Only Gulf Stream was identified on the attached "Trailer 1" regarding these manufacturers. Defendant seeks clarification of whether or not the plaintiff resided in one or two trailers, if one of the trailers was a Jayco, and occupancy information on each.

5.     The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.     The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight.

7.     The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.     The plaintiff failed to respond to Section VII (D).

9.     The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10.    Plaintiff's representative failed to complete the attached Certification.

11.    The attached authorizations for release of medical and other records are incomplete.

12.    Plaintiff's representative failed to complete the Privacy Act Release.


**GAYLE HURSEY**

1.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete.

2.     Plaintiff failed to respond to multiple questions on the attached "Trailer 1," including but not limited to the move-in/move-out dates, air quality testing and maintenance.

3.     The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

4.     The attached Authorization for Release of Medical Records is dated. The attached Authorization for Release of Records (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) and the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA are incomplete.

5.     The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.


**LESTER L. HUESCHEN, JR.**

1.     The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete.

3.   On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, the plaintiff failed to respond to multiple questions on "Trailer 1."

4.   The plaintiff failed to provide a complete response to Section VII (D), omitting the name and address of the health care provider.

5.   The plaintiff failed to respond to Section IX (C) and (D).  The pharmacy address provided in response to subsection (F) is insufficient.

6.   The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.


**YOLANDA MARIE ISAAC**

1.   The plaintiff failed to provide a complete response to Section III (C) (8) regarding her claim for mental/emotional damages.

2.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.  Subsection (F) (2) regarding employment history was incomplete as the defendant is unable to determine the nature of Plaintiff's self-employment.

3.   In response to Section V, the plaintiff identified two trailer manufacturers, Fleetwood and Jayco.  However, on the attached "Trailer 1" or "Trailer 2" only what appears to be information on the Fleetwood trailer is provided.  Defendant seeks clarification of whether or not the plaintiff resided in both trailers and the manufacturer and occupancy information on each.

4.   The pharmacy address information provided in response to Section IX (F) is insufficient.

5.   The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

6.   The Privacy Act Release is incomplete.


**ARTHUR JOHNSON**

1.   The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.   In response to Section VI (F) (2) and (4), the plaintiff did not include the dates of the claimed illnesses/diseases.

3.   The plaintiff failed to respond to Section IX (A), (B) and (C).

4.   The plaintiff failed to date the signed Certification.

5.   Plaintiff failed to attach any signed authorizations for release of medical and other records.


**ROBERT H. JOHNSON**

1.   The plaintiff failed to include a complete response to Section IV (E) regarding education history.  Subsection (F) regarding employment history was incomplete.

2.   Plaintiff failed to respond to Section IX (A).


**TIFFANY M. JOHNSON**

1.   Plaintiff's response to Section IV (F) regarding employment history was illegible ("Rusty Quave Fayards").

2.   In response to Section V, the plaintiff identified two trailer manufacturers, Keystone and Jayco.  However, on the attached "Trailer 1" and "Trailer 2" only Cavalier/CMH and Gulf Stream are identified as the manufacturers.  Defendant seeks clarification of whether or not the plaintiff resided in both trailers and the manufacturer and occupancy information on each.

3.   Plaintiff failed to respond to Section IX (A) through (F).

4.   The attached authorizations for release of medical and other records are incomplete.

5.   The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**TANISHA L. JOHNSON-WHITE**

1.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.   On the attachment "Trailer 1," the plaintiff indicates she temporarily lived in another location (responded "5") but did not provide the location and defendant is unable to determine the duration.

3.   The plaintiff failed to provide a complete response to Section VI (C) and (D) regarding smoking history and other smoking/tobacco use history.

4.   Plaintiff failed to respond to Section IX (A) through (F).

18

**MARTHA JONES**

1.  The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

**RITA DENISE KNEALE**

1.  The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.  The plaintiff failed to include a response to Section IV (F) regarding employment history.

3.  In response to Section V, the plaintiff identified Jayco as the trailer manufacturer. However, on the attached "Trailer 1" Gulf Stream was identified as the manufacturer. No manufacturer was identified on "Trailer 2." Defendant seeks clarification of whether or not the plaintiff resided in two trailers and the manufacturer and occupancy information on each.

4.  Plaintiff failed to respond to Section IX (A), (C) and (D).

5.  The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

**KATRINA KRARUP**

1.  On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

2.  Plaintiff failed to respond to Section IX (A), (C) and (D).

3.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

**KENNETH D. LACY**

1.  The plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.  The plaintiff failed to include a response to Section IV (F) regarding employment history.

3.  The plaintiff failed to provide the move-in/move-out dates on the attached "Trailer 1." Additionally, there are no occupancy dates or other information provided in response to Section V (E).

4.  Plaintiff failed to respond to Section VI (C) regarding smoking history.

5.      Plaintiff failed to date the signed Certification.

6.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## CHESTER GEORGE

1.      The response to Section III (C) (3) is incomplete as no name or address information was provided for the provider identified as "emergency room."

2.      The plaintiff failed to include a response to Section III (C) (8) and (9).

3.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

4.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

5.      The plaintiff failed to respond to multiple questions on the attached "Trailer 1."

6.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

7.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight.

8.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

9.      The plaintiff failed to respond to Section VII (D).

10.     The plaintiff failed to respond to Section IX (A) through (F).

11.     The attached authorizations for release of medical and other records are incomplete (no social security information) and/or are dated.

12.     The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).


## ANDREW GIVEANS

1.      The plaintiff failed to respond to Section IX (A), (C) and (D).

20

**CALEB GIVEANS**

1.  On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

2.  The plaintiff failed to respond to Section VII (D).

3.  The plaintiff failed to respond to Section IX (C) and (D).

4.  The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.


**ROGER GIVEANS, II**

1.  The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.  In response to Section V, the plaintiff identified two trailer manufacturers, Coachman and Jayco. However, on the attached "Trailer 1" and "Trailer 2" only Gulf Stream is identified as the manufacturer. Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

3.  The plaintiff failed to respond to Section IX (C).

4.  The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.


**DIANNE GORDON**

1.  The plaintiff failed to include a response to Section III (C) (8) and (9).

2.  The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education. Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity. There was no response to subsection (G) regarding previous claims.

3.  The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.  The plaintiff failed to respond to multiple questions on the attached "Trailer 1."

5.  The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.  The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight.

7.  The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8.  The plaintiff failed to respond to Section VII (D).

9.  The plaintiff failed to respond to Section IX (A) through (F).

10. The plaintiff failed to complete the attached Certification.

11. The plaintiff failed to complete the attached authorizations for release of medical and other records.

12. The Privacy Act Release is incomplete.


**BRANDON HARRIS**

1.  The plaintiff failed to respond to Section IX (A), (B), (C) and (D).

2.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

3.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**IRIS HARTMAN**

1.  The plaintiff failed to include a response to Section IV (G) regarding previous claims.

2.  In response to Section V, the plaintiff identified Gulf Stream as the manufacturer of two trailers, but provided what may be a Jayco VIN for the second trailer.  On the attached "Trailer 1" Jayco is identified as the manufacturer.  Defendant seeks clarification of whether or not the plaintiff resided in one or two trailers and the manufacturer and occupancy information on each.

3.  The move-in/move-out dates provided on "Trailer 1" are inconsistent with the occupancy dates provided by Plaintiff in response to Section V (E).

4.  The plaintiff failed to respond to Section IX (C) and (D).

5.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not properly initialed).

6.  The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**GARY HAWKINS, JR.**

1.   The plaintiff failed to include a response to Section III (C) (8) and (9).

2.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.   The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.   The plaintiff failed to respond to multiple questions on the attached "Trailer 1."

5.   The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.   The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, and failed to complete the response to subsection (C) regarding current smoking.

7.   The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.   The plaintiff failed to respond to Section VII (D).

9.   The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10.   The plaintiff failed to complete the attached Certification.

11.   The plaintiff failed to complete the attached authorizations for release of medical and other records.

12.   The Privacy Act Release is incomplete.

**BRITNI A. HAYNES**

1.   Defendant seeks clarification on the healthcare provider identified as "USA" provided by Plaintiff in response to Section IX.

2.   Plaintiff failed to date the attached Certification.

3.   The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**ORLANDRIA YVETTE HILL**

1.   The plaintiff failed to include a response to Section IV (F) regarding employment history.

2.      The manufacturer, VIN and Bar Code numbers provided on the attached "Trailer 1," are inconsistent with the unit information provided in response to Section V.  Defendant seeks confirmation the unit identified in response to Section V is the same unit provided on "Trailer 1."

3.      The plaintiff failed to respond to Section IX (C) and (D).

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**JAYCE T. HOOD**

1.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Defendant also seeks clarification of the move-in/move-out dates for the units identified on the attached "Trailer 1" and "Trailer 2."

2.      The plaintiff failed to respond to Section IX (C), (D) and (F).

3.      Plaintiff's representative failed to date the attached Certification.

4.      The attached authorizations for release of medical and other records are incomplete and include dates.


**JAYLIN M. HOOD**

1.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Defendant also seeks clarification of the move-in/move-out dates for the units identified on the attached "Trailer 1" and "Trailer 2."

2.      The plaintiff failed to respond to Section IX (C), (D) and (F).

3.      The attached authorizations for release of medical and other records are incomplete and include dates.


**JOYCE A. LAFONTANA**

1.      The plaintiff failed to include a complete response to Section III (C) (8), omitting dates of treatment.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence (unclear if Plaintiff at same address from 10/1/2000 to present).  Additionally, the employer and employer address provided in response to subsection (F) are not

sufficiently identified.

3.      Plaintiff failed to include a response to Section VI (F) (2) regarding infectious disease.

4.      The address for the pharmacy identified in response to Section IX (F) is not sufficiently identified (Wal-greens New Orleans).

5.      The attached authorizations for release of medical and other records are incomplete.

### KEITH A. LAFONTANA

1.      The plaintiff's response to Section III (C) (8) regarding mental/emotional damages appears to be incomplete.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

3.      The attached Authorization for Release of Medical Records is incomplete (not signed). Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

### ANTHONY P. KNEALE

1.      The plaintiff failed to include a response to Section III (C) (9).

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

3.      The plaintiff failed to respond to Section IX (C) and (D).

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### VALZON LYONS

1.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, the plaintiff failed to respond to the question regarding why she stopped living in the FEMA trailer.

2.      Plaintiff failed to date the attached Certification.

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.