

## WILLINGHAM, FULTZ & COUGILL LLP

TEXAS          LOUISIANA          MISSISSIPPI

### ATTORNEYS AT LAW

Niels Esperson Building
808 Travis Street, Ste 1608
Houston, TX 77002
Phone: 713/333-7600
Fax: 713/333-7601

---

Thomas L. Cougill                                                    *TomC@Willingham-law.com*
Partner

April 13, 2010

Mr. Mikal Watts                                          *Via Email and Regular U.S. Mail*
Watts Hilliard, L.L.C.
2506 N. Port Avenue
Corpus Christi, Texas 78401

      Re:    In Re:  FEMA Trailer Formaldehyde
              Products Liability Litigation
              MDL No. 1873, Section "N" (4)
              Cause No. 08-5031; Belinda H. Bauer, et al. vs. Liberty Homes, Inc., et al.

Dear Mr. Watts:

      Enclosed please find a deficiency letter on behalf of JAYCO, INC. pursuant to Pretrial Order No. 2 (Doc. 87), and related to the Plaintiff Fact Sheets and Authorizations recently provided by your office.  We respectfully request you to supplement or otherwise "cure" the specified deficiencies within thirty (30) days as specified in Pretrial Order No. 2.

      Thank you for your cooperation and assistance in this matter.   If you have any questions or comments, please do not hesitate to contact me.

                Very truly yours,

                **WILLINGHAM, FULTZ & COUGILL LLP**

                *Thomas L. Cougill*

                Thomas L. Cougill

cc:    Jerry Meunier (*via email*)
       Andrew Weinstock (*via email*)
       Henry Miller (*via email*)

**EXHIBIT F**

## JAYCO, INC.

### CURTIS WHEELER

1.  In response to Section IV (F) (2) regarding past employment, the plaintiff failed to provide address information for the employer identified as "Tire Town."

2.  On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer. Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer. Additionally, the plaintiff did not provide the FEMA Bar Code number.

3.  Plaintiff failed to provide a date on the attached Certification.

4.  The plaintiff failed to include social security number information on the attached authorizations for release of medical and other records.

5.  The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.

### DAWN WHITE

1.  The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.  In response to Section V, the plaintiff identified only a Jayco travel trailer. However, plaintiff indicates via the attachments "Trailer 1" through "Trailer 4" that she lived in four trailers at four separate locations. Defendant seeks clarification on whether or not the plaintiff resided in four separate trailers and the manufacturer information on each.

3.  Plaintiff failed to provide the occupancy date information in response to Section V (E).

4.  Plaintiff failed to provide a response to Section VI (F) regarding infectious disease history.

5.  Plaintiff failed to respond to Section IX (A) through (F).

6.  Plaintiff's representative failed to indicate his representative capacity on the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

### JESSICA WHITE

1.  The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2

2.      In response to Section V, the plaintiff identified only a Jayco travel trailer.  However, plaintiff indicates via the attachments "Trailer 1" through "Trailer 4" that she lived in four trailers at four separate locations.  Defendant seeks clarification on whether or not the plaintiff resided in four separate trailers and the manufacturer information on each.

3.      Plaintiff failed to provide the occupancy date information in response to Section V (E).

4.      Plaintiff's representative failed to indicate his representative capacity on the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.


## STARR WHITE

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.      In response to Section V, the plaintiff identified only a Jayco travel trailer.  However, plaintiff indicates via the attachments "Trailer 1" through "Trailer 4" that she lived in four trailers at four separate locations.  Defendant seeks clarification on whether or not the plaintiff resided in four separate trailers and the manufacturer information on each.

3.      Plaintiff failed to provide the occupancy date information in response to Section V (E).

4.      Plaintiff failed to provide a response to Section VI (F) regarding infectious disease history.

5.      Plaintiff's representative failed to indicate his representative capacity on the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.


## TRISTAN WILLIAMS

1.      The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (not initialed).


## BRITTANY M. WILKINSON

1.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream/Coach" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream/Coach trailer.

2.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

3.      Plaintiff failed to date the signed Certification.

4.      The attached authorizations for release of medical and other records all include a date and the social security number was omitted.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (no social security number, not initialed and representative capacity not identified).

## **DALTON WILKINSON**

1.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

2.      The attached authorizations for release of medical and other records all include a date and the social security number was omitted.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed (no social security number, not initialed and representative capacity not identified).

## **DENISE WILKINSON**

1.      Plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.  Subsection (F) regarding employment history was incomplete.

3.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

4.      Plaintiff failed to attach executed authorizations for release of medical and other records.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed.

5.      Plaintiff did not attach an executed Privacy Act Release.

## **MICHAEL WILKINSON**

1.      Plaintiff failed to provide a complete response to Section III (C) (9), omitting the amount of the claim.

2.      The plaintiff failed to include a response to Section IV (F) regarding employment history.

3.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

4.      Plaintiff failed to attach executed authorizations for release of medical and other records.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed.

5.      Plaintiff did not attach an executed Privacy Act Release.

**CAMERON YARBOROUGH**

1.     The plaintiff failed to include a response to Section III (C) (8) or (9).

2.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (G) regarding prior claims.

3.     The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.     On the attachment entitled "Trailer 1" the plaintiff did not provide the FEMA Bar Code number and failed to answer multiple questions.  Additionally, plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

5.     The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.     The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.     The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.     The plaintiff failed to respond to Section VII (D).

9.     The plaintiff failed to respond to Section IX (A) through (F).

10.    Plaintiff's representative failed to complete the Certification.

11.    The attached authorizations for release of medical and other records were not completed.

12.    Plaintiff's representative failed to complete the Privacy Act Release.


**MARRYLOU YARBOROUGH**

1.     The plaintiff failed to include a response to Section III (C) (8) or (9).

2.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.     The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.     On the attachment entitled "Trailer 1" the plaintiff did not provide the FEMA Bar Code number and failed to answer multiple questions.  Additionally, plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or

not the plaintiff resided in a Gulf Stream trailer.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.  Additionally, subsection (C) regarding current smoking was incomplete.

7.      The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.      Plaintiff's representative failed to complete the Certification.

11.      The attached authorizations for release of medical and other records were not completed.

12.      Plaintiff's representative failed to complete the Privacy Act Release.


### DAVID YOUNG

1.      The plaintiff failed to include social security number information on the attached authorizations for release of medical and other records.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not complete (no social security number and no initials).


### BRANDIE MACK

1.      The plaintiff failed to include a complete response to Section IV (E) regarding education.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream/Coach" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream/Coach trailer.  Additionally, the move-in/move-out dates provided on "Trailer 1" are inconsistent with the dates of occupancy provided by Plaintiff in response to Section V (E).

3.      Plaintiff did not respond to Section IX (D).

4.      Plaintiff's representative failed to date the signed Certification.

5.      Plaintiff's representative failed to complete the attached Privacy Act Release.


### GRETCHEN L. MARSTON

1.      The plaintiff failed to include a response to Section III (C) (8) or (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      On the attachment entitled "Trailer 1" the plaintiff did not provide move-in/move-out dates and failed to answer multiple questions.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

10.     Plaintiff failed to complete the Certification.

11.     The attached authorizations for release of medical and other records were not completed.

12.     Plaintiff failed to complete the Privacy Act Release.


**<u>CHERYL MCGEE</u>**

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream/Coach" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream/Coach trailer.  Additionally, the move-in/move-out dates provided on "Trailer 1" are inconsistent with the dates of occupancy provided by Plaintiff in response to Section V (E).  Finally, the plaintiff failed to answer multiple other questions on the attached "Trailer 1."

3.      The plaintiff failed to provide a complete response to Section VI (C) regarding past smoking.

4.      The plaintiff failed to respond to Section VII (D).

5.      The plaintiff failed to respond to Section IX (C), (D) and (E).

6.      The attached authorizations for release of medical and other records were not completed.

7.      Plaintiff failed to complete the Privacy Act Release.


### CHLOIE MELLINGTON

1.      The plaintiff responded affirmatively to Section IV (*sic*) (B) (entitled "Family Information") regarding assertion of a wrongful death claim of a family member. However, the family member was not identified.

2.      On the attachment entitled "Trailer 1," the move-out date provided is inconsistent with the occupancy dates provided by Plaintiff in response to Section V (E).  Additionally, the plaintiff did not respond to questions on "Trailer 1" regarding air quality testing and fumigation.

3.      Plaintiff failed to respond to Section IX (C) and (D).

4.      The attached authorizations for release of medical and other records all include a date.

5.      The plaintiff's representative failed to fully complete the Privacy Act Release.


### ALYCIA MILLER

1.      The plaintiff failed to include a complete response to Section III (C) (9), omitting the amount of the claim.

2.      In response to Section IV (A) regarding dates of residence, the plaintiff failed to provide dates for one of the addresses listed (11249 Dewey Lawrence Cir.).

3.      Plaintiff failed to complete the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA.

4.      Plaintiff failed to complete the attached Privacy Act Release.


### CYNTHIA MILLER

1.      The plaintiff failed to include a complete response to Section III (C) (9), omitting the amount of the claim.

2.      Plaintiff failed to provide a response to Section IV (G) regarding prior claims.

3.      Plaintiff failed to respond to Section IX (A), (C) and (F).

4.      Plaintiff failed to date the signed Certification.

5.      The attached Authorization for Release of Records (to be signed by plaintiffs *not* making

a claim for lost wages or lost earning capacity) was not completed. Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed.

6.  Plaintiff failed to complete the Privacy Act Release.


**THOMAS EARL MILLET**

1.  The plaintiff's response to Section IV (B) regarding driver's license information is illegible.

2.  In response to Section V, the plaintiff identified two, separate Jayco travel trailers. However, on the attachments entitled "Trailer 1" through "Trailer 3," the plaintiff indicates he moved to different trailer park with the same trailer and provided no additional VIN or Bar Code numbers for each trailer. Defendant seeks clarification on the dates and locations the plaintiff resided in each trailer.

3.  Plaintiff failed to respond to Section IX (A) through (F).

4.  Plaintiff failed to date the attached Certification.

5.  The plaintiff failed to include a date on the Privacy Act Release. If FEMA refuses to accept the Release, Defendant will seek supplementation.


**ADRIAN M. MITCHELL**

1.  In the response to Section IV (A), two of the addresses listed are illegible.

2.  In response to Section V, the plaintiff identified one Jayco travel trailer. However, on the attachments entitled "Trailer 1" through "Trailer 3," the plaintiff indicates he moved to different addresses but provided no additional VIN or Bar Code numbers for each address. Defendant seeks clarification on the dates and locations the plaintiff resided in the Jayco trailer and the identity of any other trailers Plaintiff lived in.

3.  The plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

4.  Plaintiff's representative failed to date the attached Certification.

5.  Plaintiff's representative failed to complete the attached Privacy Act Release.


**DANIELLE M. MITCHELL**

1.  The plaintiff failed to include a complete response to Section III (C) (9), omitting the amount of the claim.

2.  Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence, and subsection (G) regarding prior claims.

3.  In response to Section V, the plaintiff identified one Jayco travel trailer.  However, on the attachments entitled "Trailer 1" through "Trailer 3," the plaintiff indicates he moved to different addresses but provided no additional VIN or Bar Code numbers for each address.  However, the plaintiff did identify "Gulf Stream" as the manufacturer on "Trailer 1."  Defendant seeks clarification on the dates and locations the plaintiff resided in the Jayco trailer and the identity of any other trailers Plaintiff lived in.

4.  Plaintiff failed to date the attached Certification.

5.  Plaintiff failed to complete the attached Privacy Act Release.

**AMISHJA M. MITCHELL**

1.  Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

2.  Plaintiff's representative failed to date the attached Certification.

3.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not complete (no initials).

4.  Plaintiff's representative failed to complete the attached Privacy Act Release.

**MONTE MITCHELL**

1.  The plaintiff's response to Section IV (F) regarding employment is illegible and Defendant cannot determine the name or address of the employer identified.

2.  On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, the plaintiff did not respond to the question regarding the reason he stopped living in the FEMA trailer and the move-in/move-out dates are not consistent with the occupancy dates provided in Section V (E).

3.  The plaintiff failed to respond to Section IX (A), (B), (C), (D) or (E).  The response to subsection (F) is incomplete in that only Wal-Mart, N.O. is identified and there are multiple Wal-Mart locations in New Orleans, LA.

4.  Plaintiff attached the wrong Certification to Plaintiff's Fact Sheet.

5.  The attached authorizations for release of medical and other records are not properly executed (executed by next friend and Monte Mitchell is not a minor plaintiff).

6.      The attached Privacy Act Release is not properly executed (executed by next friend and Monte Mitchell is not a minor plaintiff).


**TIRA NUNALLY**

1.      The plaintiff failed to include a complete response to Section III (C) (8), omitting the identity of who treated plaintiff and dates of treatment.  Additionally, the plaintiff failed to include a complete response to Section III (C) (9), omitting the amount of the claim.

2.      Plaintiff failed to complete the attached Privacy Act Release.


**ERIAL OWENS**

1.      The plaintiff failed to include a complete response to Section III (C) (9), omitting the amount of the claim.

2.      Plaintiff failed to provide a complete response to Section IV (A) regarding dates of residence.

3.      On the attachment entitled "Trailer 1" and "Trailer 2," the plaintiff provided two separate addresses for the same travel trailer, and incomplete move-in/move-out dates on "Trailer 2."  Defendant seeks clarification of whether or not the plaintiff resided in two travel trailers and the identity of each.  Additionally, the plaintiff failed to respond to multiple questions on "Trailer 1" and "Trailer 2."

4.      Plaintiff failed to respond to Section VI (F) and (G) including subparts.

5.      Plaintiff failed to respond to Section VII (D).

6.      The plaintiff failed to respond to Section IX (C), (D) or (F).

7.      The attached authorizations for release of medical and other records are incomplete (no social security number information).  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

8.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**YOURSHEKO OWENS**

1.      The plaintiff failed to include a response to Section III (C) (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G)

regarding previous claims.

3.    The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.    On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.    Additionally, on the attachment entitled "Trailer 1" the plaintiff failed to answer multiple questions.

5.    The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.    The plaintiff failed to provide a response to Section VI (F) (2) through (4) and subsection (G).

7.    The plaintiff failed to respond to Section VII (D).

8.    The plaintiff failed to respond to Section IX (C), (D) and (F).

9.    Plaintiff failed to date the Certification.

10.   Plaintiff's representative failed to include her representative capacity on the attached Authorization for Release of Records (to be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity).   Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed.

11.   The plaintiff's representative failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**TYRONE PEARSON**

1.    The plaintiff's response to Section IV (F) (2) regarding past employment is illegible, in part.  Defendant is unable to ascertain the identity of the named employer "Advance bisosall" located in Gulfport, MS.

2.    The plaintiff failed to respond to Section IX (A), (C) and (D).

3.    Plaintiff failed to complete the attached Privacy Act Release.


**AMANDA DAY PELLEGRIN**

1.    The plaintiff failed to include a complete response to Section III (C) (8), omitting the condition claimed and when treated.  Subsection (9) is also incomplete, omitting the amount of the claim.

2.    Plaintiff failed to respond to Section VI (C) regarding smoking history.

3.      Plaintiff failed to provide the address/contact information for the physician identified in response to Section VII (C).

4.      Plaintiff failed to complete the attached Privacy Act Release.


**KADEN JACOB PELLEGRIN**

1.      The plaintiff failed to respond to Section IX (C) and (D).

2.      Plaintiff's representative failed to state her representative capacity on all of the attached authorizations for release of medical and other records.

3.      Plaintiff's representative failed to state her representative capacity on the attached Privacy Act Release and also failed to date the release.


**KENADIE JOURDAN PELLEGRIN**

1.      The plaintiff failed to include a response to Section III (C) (9).

2.      The plaintiff failed to provide a response to Section VI (F) (2) through (4)

3.      The plaintiff failed to respond to Section VII (D).

4.      The plaintiff failed to respond to Section IX (D) and (F).

5.      Plaintiff's representative failed to state her representative capacity on all of the attached authorizations for release of medical and other records.

6.      Plaintiff's representative failed to state her representative capacity on the attached Privacy Act Release and also failed to date the release.


**BRYAN KEITH PENN**

1.      The plaintiff failed to include a response to Section III (C) (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education (institution name illegible).  Subsection (F) regarding employment history was incomplete as no address was provided.

3.      On the attachment entitled "Trailer 1," the plaintiff failed to state the reason he stopped living in the FEMA-supplied trailer.

4.      The attached Privacy Act Release was incomplete.

**DAMIAN PITTMAN**

1.      In response to Section V, the plaintiff identified two manufacturers, Jayco and Cavalier. However, plaintiff provided no corresponding information on the attachment "Trailer 1" including separate move-in/move-out dates.  Defendant seeks clarification on whether or not the plaintiff resided in two separate trailers and the manufacturer and occupancy information on each.

2.      The plaintiff failed to respond to Section IX (A) and (B).

3.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

**LAMONT PORTERFIELD**

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and there was no response to subsection (F) regarding employment history. Additionally, there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

2.      The move-in/move-out dates provided on the attachment "Trailer 1" are inconsistent with the dates of occupancy provided by Plaintiff in response to Section V (E).

3.      The plaintiff failed to respond to Section IX (A) through (F).

4.      Plaintiff failed to date the signed Certification.

5.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (not initialed).

6.      The attached Privacy Act Release is incomplete.

**KYLIAH J. POWELL**

1.      The plaintiff failed to provide a complete response to Section III (A) (6) through (8) regarding representative capacity.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.

3.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

4.      The plaintiff failed to provide a response to Section VI (A) or (B) regarding height and weight.

5.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

6.      The plaintiff failed to respond to Section IX (A) through (F).

7.      The attached authorizations for release of medical and other records are incomplete.

8.      The attached Privacy Act Release is incomplete.


## AUSTIN PREMEAUX

1.      The plaintiff failed to provide a complete response to Section III (C) (8), omitting available information on medical providers, condition, dates of treatment and medication.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.    Additionally, on the attachment entitled "Trailer 1" the plaintiff failed to answer multiple questions.

5.      The plaintiff failed to provide a response to Section VI (F) (C) regarding smoking history, as well as subsections (F) and (G) including subparts.

6.      The plaintiff failed to respond to Section VII (D).

7.      The plaintiff failed to respond to Section IX (C), (D) and (F).

8.      The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not completed.

9.      The Privacy Act Release was not completed.


## ARTIE RANDLE

1.      The plaintiff failed to provide a complete response to Section III (C) (8), omitting available information on condition and dates of treatment.

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

3.      The plaintiff failed to respond to Section IX (A) and (D).

4.      The attached Authorization for Release of Medical Records is dated and authorizes only one provider to release records.  Additionally, the other applicable authorizations for release of medical and other records are dated.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

### MARSHALL C. RICHARDSON, SR.

1.      The plaintiff failed to include a complete response to Section IV (F) regarding employment history.

2.      The plaintiff failed to complete multiple questions on the attached "Trailer 1," including working outside of the home, temporarily living outside of the home, air quality testing and maintenance.

3.      The Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      The names of the health care providers identified in response to Section IX (A) and (B) are illegible.  Additionally, the plaintiff failed to respond to IX (C) and (D).  The pharmacy provided in response to IX (F) is not sufficiently identified by address, only Wal-Mart in New Orleans.

5.      The attached authorizations for release of medical and other records are all incomplete.

6.      The Privacy Act Release was not completed.

### COURTNEY ROBERTS

1.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was also incomplete.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.   Additionally, on the attachment entitled "Trailer 1" the plaintiff failed to answer multiple questions.

3.      The Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.      The plaintiff failed to respond to Section IX (C), (D) and (E).

5.      The attached authorizations for release of medical and other records are all incomplete.

6.      The attached Privacy Act Release was not complete.

## RANDY NATHAN ROBERTS

1.    The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was also incomplete.

2.    On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.    Additionally, on the attachment entitled "Trailer 1" the plaintiff failed to answer multiple questions.

3.    The Plaintiff failed to respond to Section V (E) regarding trailer occupants.

4.    The plaintiff failed to respond to Section IX (C), (D) and (E).

5.    Plaintiff failed to date the attached Certification.

6.    The attached authorizations for release of medical and other records are all incomplete.

7.    The attached Privacy Act Release was not complete.

## CRISTEN ROSENBURG

1.    In response to Section V, the plaintiff identified the manufacturer Jayco with a corresponding Jayco VIN.  However, on the attachment "Trailer 1" the plaintiff identified the manufacturer as Gulf Stream with a corresponding VIN.  Defendant seeks clarification on whether or not the plaintiff resided in two separate trailers, a Jayco or Gulf Stream trailer.

2.    The plaintiff failed to respond to Section IX (A), (C) and (D).

3.    The attached Privacy Act Release was not complete.

## MARTHA DIANE ROUSH

1.    The plaintiff failed to include a response to Section III (C) (8) and (9).

2.    The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.    The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.    On the attachment entitled "Trailer 1," the plaintiff failed to answer multiple questions.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, subsection (C) regarding smoking history and subsection (E), (F) and (G).

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (F).

9.      Plaintiff failed to complete the Certification.

10.     The attached authorizations for release of medical and other records are all incomplete.

11.     The attached Privacy Act Release was not complete.


## RICHARD L. ROUSH

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      On the attachment entitled "Trailer 1," the plaintiff failed to answer multiple questions.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight, subsection (C) regarding smoking history and subsection (F) and (G).

7.      The plaintiff failed to respond to Section VII (D).

8.      The plaintiff failed to respond to Section IX (A) through (F).

9.      Plaintiff failed to complete the Certification.

10.     The attached authorizations for release of medical and other records are all incomplete.

11.     The attached Privacy Act Release was not complete.

## SERENITY ROWELL

1.   On the attachments entitled "Trailer 1" and "Trailer 2," the plaintiff provided two separate addresses and indicates she resided in two separate trailers.  However, Plaintiff providing identifying information for only one trailer in response to Section V. Defendant seeks clarification on the identity of each trailer resided in by the plaintiff.

2.   Plaintiff failed to provide a complete response to Section VI (F) (3), omitting the date of illness.

3.   Plaintiff omitted the social security information on the attached authorizations for release of medical and other records.  Additionally, the Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not initialed.

## DONALD SAUNDERS

1.   The plaintiff failed to include a response to Section III (C) (9).

2.   The plaintiff failed to respond to Section IX (C) and (D).

3.   The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

## JENNIFER SCHULTZ

1.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.   On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

3.   The attached authorizations for release of medical and other records all include a date.

## CHASTITY SHEPHEARD

1.   The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.   On the attachment entitled "Trailer 1" the plaintiff identified "Fleetwood" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Fleetwood trailer.  Additionally, the plaintiff failed to respond to the questions regarding air quality testing, fumigation and maintenance.

3.   The plaintiff failed to provide a complete response to Section V (E) regarding trailer occupants.

4.      The attached Authorization for Release of Medical Records includes a date.  The Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not properly initialed).


**ABRAHAM SHERROD**

1.      Plaintiff did not include a response to Section IX (A).  The provider identified in response to Section IX (B) "Dr. Robat mc" cannot be identified.  Additionally, there was no response to Section IX (C), (D) and (F).

2.      The attached authorizations for release of medical and other records are not complete.


**BERTHA MAE SHERROD**

1.      The plaintiff failed to include a response to Section III (C) (8).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (F) regarding employment history.

3.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

4.      Plaintiff did not include a response to Section IX (A), (D) and (F).

5.      The attached authorizations for release of medical and other records are not complete and included a date.


**CHRISTIAN SHERROD**

1.      Plaintiff did not include a response to Section IX (D).

2.      Plaintiff failed to date the signed Certification.

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**DWAYNE SLOAN**

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      On the attachment entitled "Trailer 1," the plaintiff failed to answer multiple questions.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

8.      The plaintiff failed to respond to Section VII (D).

9.      The plaintiff failed to respond to Section IX (A) through (F).

10.     Plaintiff failed to complete the Certification.

11.     The attached authorizations for release of medical and other records are all incomplete.

12.     The attached Privacy Act Release was not complete.


**MIRANDA SLOAN**

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      The plaintiff failed to respond to Section IV (*sic*) (A) and (B) entitled "Family Information."

4.      On the attachment entitled "Trailer 1," the plaintiff failed to answer multiple questions.

5.      The plaintiff failed to respond to Section V (E) regarding trailer occupants.

6.      The plaintiff failed to provide a response to Section VI (A) and (B) regarding height and weight.

7.      The plaintiff failed to respond to Section VI (E), (F) and (G) including subparts.

8.     The plaintiff failed to respond to Section VII (D).

9.     The plaintiff failed to respond to Section IX (A) through (F).

10.    The attached Authorization for Release of Records (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity) was incomplete.  Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (no social security and not initialed).

11.    The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## VELMA SMOOTH

1.     The plaintiff failed to include a complete response to Section III (C) (8), omitting the date(s) of treatment.

2.     On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

3.     Plaintiff failed to respond to Section IX (D).

4.     The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.

5.     The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


## MARK STOCKMAN

1.     The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence.

2.     In response to Section V, the plaintiff identified two manufacturers, Jayco and Horton.  However, plaintiff provided no corresponding information on the attachment "Trailer 1" including separate move-in/move-out dates.   Additionally, Plaintiff identified a third manufacturer, "Cavalier," on "Trailer 1."  Defendant seeks clarification of whether or not the plaintiff resided in one, two or three trailers and the manufacturer and occupancy information on each.

3.     Plaintiff failed to respond to Section IX (A) through (F).

4.     The attached authorizations for release of medical and other records all include a date.  The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete (not initialed).

**ALEXA K. STONE**

1.      Plaintiff failed to respond to Section IX (C).

2.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.


**ERIKA A. STONE**

1.      In response to Section IV (sic) (B), the plaintiff affirms she is claiming wrongful death on behalf of a family member, Twyla Renee Stone.  However, no separate form was provided.

2.      In response to Section V, the plaintiff identified two manufacturers by VIN only, one of which appears to be Jayco.  However, plaintiff provided no corresponding information on the attachment "Trailer 1," including manufacturer name and VIN. Plaintiff identified "Destiny Industries, LLC" as the manufacturer on "Trailer 2" with no VIN.  Defendant seeks clarification on whether or not the plaintiff resided in a Jayco trailer for the period specified on "Trailer 1."

3.      Plaintiff failed to respond to Section IX (A) and (F).

4.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was incomplete.


**MADISON STOVALL**

1.      Plaintiff's responses on the attached "Trailer 1" and "Trailer 2" indicate she lived in two, separate trailers, moving from the first trailer due to electrical problems.  However, in response to Section V, the plaintiff identified only one trailer my name and VIN. Defendant seeks clarification of whether or not the plaintiff resided in one or two trailers and the manufacturer and occupancy information on each.

2.      Plaintiff failed to include the social security information on the attached authorizations for release of medical and other records.  Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA was not properly initialed.


**SHELLY TILLMAN**

1.      The plaintiff failed to include a complete response to Section IV (F) regarding employment history.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.

3.      Plaintiff failed to respond to Section IX (A), (B), (C), (D) and (F).

4.      The attached authorizations for release of medical and other records are not complete and included a date.  Additionally, the attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (no social security number and not properly initialed).

**KENDRICK TINSON, SR.**

1.      The plaintiff failed to include a response to Section III (C) (8) and (9).

2.      The plaintiff failed to include a complete response to Section IV (A) regarding dates of residence and subsection (E) regarding education.  Subsection (F) regarding employment history was incomplete and there was no response to (F) (3) regarding assertion of a claim for lost wages/lost earning capacity.  There was no response to subsection (G) regarding previous claims.

3.      On the attachment entitled "Trailer 1," the plaintiff failed to answer multiple questions.

4.      The plaintiff failed to provide a response to Section VI (C) regarding smoking history.

5.      The plaintiff failed to respond to Section VI (F) and (G) including subparts.

6.      The plaintiff failed to respond to Section VII (D).

7.      The plaintiff failed to respond to Section IX (A) through (F).

8.      Plaintiff failed to date the attached Certification.

9.      The attached authorizations for release of medical and other records are all incomplete.

10.     The attached Privacy Act Release is incomplete.

**MADISON WALSTRUM**

1.      Plaintiff failed to provide a response to Section III (A) (6) through (8) regarding representative capacity.

2.      On the attachment entitled "Trailer 1" the plaintiff identified "Gulf Stream" as the manufacturer.  Defendant, Jayco, seeks clarification of whether or not the plaintiff resided in a Gulf Stream trailer.  Additionally, on the attachment entitled "Trailer 1," the plaintiff failed to answer multiple questions.

3.      The plaintiff failed to respond to Section IX (A) through (F).

4.      The attached authorizations for release of medical and other records all include a date.  Additionally, the authorizations were not properly completed in that they authorize the plaintiff to release records.  The plaintiff's representative also failed to indicate her

relationship to the named plaintiff.

5.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete (no social security number and not properly initialed).

### AUBREY JOSEPH WATSON, JR.

1.      The plaintiff failed to respond to Section IX (C) and (D).  Additionally, Defendant is unable to determine the exact location of the pharmacy identified in response to Section (F).

2.      Plaintiff failed to date the attached Certification.

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.

4.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### FERDINAND WHITE

1.      The plaintiff failed to include a response to Section III (C) (9), omitting the amount of the claim.

2.      The plaintiff failed to provide a response to Section VI (C) regarding smoking history.

3.      The plaintiff failed to respond to Section IX (A) through (F).

4.      The attached Authorization for Release of Records is incomplete.

5.      The plaintiff failed to include a date on the Privacy Act Release.  If FEMA refuses to accept the Release, Defendant will seek supplementation.

### JANICE NAOMI WATSON

1.      The plaintiff failed to provide a response to Section VI (C) regarding smoking history.

2.      The plaintiff failed to respond to Section IX (A) and (C).  Additionally, Defendant is unable to determine the exact location of the pharmacy identified in response to Section (F).

3.      The attached Authorization for Use and Disclosure of Protected Health Information pursuant to HIPPA is incomplete.