UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Jessie Thomas v. Jayco, Inc.* | * | |
| Docket No. 10-1277 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Chester Bilbo, as next friend of | * | |
| Terry Bilbo and Tyler Bilbo | * | |
| Stacie Pierre, as next friend of | * | |
| Keinra Gates | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Jayco, Inc. ("Jayco"), Bechtel National, Inc. and CH2M Hill Constructors, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Chester Bilbo, as next friend of Terry Bilbo (Plaintiff in *Thomas,* C.A. 10-1277)

- Chester Bilbo, as next friend of Tyler Bilbo (Plaintiff in *Thomas,* C.A. 10-1277)

- Stacie Pierre, as next friend of Keinra Gates (Plaintiff in *Thomas,* C.A. 10-1277)

I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243

2

(5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Chester Bilbo, as Next Friend of Terry Bilbo, a minor**

*Jessie Thomas v. Jayco, Inc.* was filed April 30, 2010. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Terry Bilbo, attached as Exhibit "A"). The amendment listed the plaintiff's name, attorney's name, FEMA identification, trailer bar code and VIN. Attached to the amendment was also an unsigned, undated certification page for Terry Bilbo. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 6 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that

---

[1]     *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

[2]     Rec. Doc. No. 22153.

although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Michael Hoffstadt at Watts Hilliard, Counsel for Plaintiff, from Maria Garcia at Willingham, Fultz and Cougill, Counsel for Jayco, September 30, 2010, attached as Exhibit "B").   Several months later the plaintiff fact sheet still had not been produced.  As a result, Jayco forwarded a letter to Plaintiff Counsel on April 13, 2011 stating that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "C"). After the last request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Terry Bilbo.  (*See* Plaintiff Fact Sheet for Terry Bilbo, attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "A" & "D")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for their claim. Other important questions, such as what medical treatments were received for their formaldehyde related injury, gave references back to earlier responses that were not answered by

the plaintiff rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on May 31, 2011 and outlined all deficiencies of Terry Bilbo's fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, May 31, 2011, attached as Exhibit "E").  The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Terry Bilbo has only answered 12 of the required 23 key questions. Therefore, Terry Bilbo's fact sheet remains incomplete.

### Chester Bilbo, as Next Friend of Tyler Bilbo, a minor

*Jessie Thomas v. Jayco, Inc.* was filed April 30, 2010. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet.  (*See* Amendment to the Plaintiff Fact Sheet of Tyler Bilbo, attached as Exhibit "F").  The amendment listed the plaintiff's name, attorney's name, FEMA identification, trailer bar code and VIN. Attached to the amendment was also an unsigned, undated certification page for Tyler Bilbo.  (*See* Id.).  Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims.  Ultimately, the amendment only accounted for 6 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that

although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Michael Hoffstadt at Watts Hilliard, Counsel for Plaintiff, from Maria Garcia at Willingham, Fultz and Cougill, Counsel for Jayco, September 30, 2010, attached as Exhibit "B").  Several months later the plaintiff fact sheet still had not been produced.  As a result, Jayco forwarded a letter to Plaintiff Counsel on April 13, 2011 stating that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "C"). After the last request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Tyler Bilbo.  (*See* Plaintiff Fact Sheet for Tyler Bilbo, attached as Exhibit "G").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "F" & "G")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for their claim. Other important questions, such as what medical treatments were received for their formaldehyde related injury, gave references back to earlier responses that were not answered by

the plaintiff rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a Rule 37 letter on May 31, 2011 and outlined all deficiencies of Tyler Bilbo's fact sheet. (*See* Rule 37 letter to Counsel for plaintiffs, May 31, 2011, attached as Exhibit "E"). The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Tyler Bilbo has only answered 12 of the required 23 key questions. Therefore, Tyler Bilbo's fact sheet remains incomplete.

### Stacie Pierre, as Next Friend of Keinra Gates, a minor

*Jessie Thomas v. Jayco, Inc.* was filed April 30, 2010. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Keinra Gates, attached as Exhibit "H"). The amendment listed the plaintiff's name, attorney's name, FEMA identification, trailer bar code, manufacturer and VIN. Attached to the amendment was also an unsigned, undated certification page for Keinra Gates. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 7 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that

although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Michael Hoffstadt at Watts Hilliard, Counsel for Plaintiff, from Maria Garcia at Willingham, Fultz and Cougill, Counsel for Jayco, September 30, 2010, attached as Exhibit "B").  Several months later the plaintiff fact sheet still had not been produced.  As a result, Jayco forwarded a letter to Plaintiff Counsel on April 13, 2011 stating that they had not received a fact sheet from the abovementioned plaintiff. (*See* correspondence to Counsel for plaintiff, April 13, 2011, attached as Exhibit "C"). After the last request, Plaintiff Counsel produced the unsigned and undated plaintiff fact sheet for Keinra Gates.  (*See* Plaintiff Fact Sheet for Keinra Gates, attached as Exhibit "I").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "H" & "I")

Important questions to the plaintiff's claim, such as the move-in/move-out dates for the trailer were left totally unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

In accordance with the agreed to Plaintiff Fact Sheet process, Jayco thereby drafted a

Rule 37 letter on May 31, 2011 and outlined all deficiencies of Keinra Gates' fact sheet.  (*See* Rule 37 letter to Counsel for plaintiffs, May 31, 2011, attached as Exhibit "E").  The appropriate 60 days have lapsed proceeding Jayco's Rule 37 letter and plaintiff has not cured the fact sheet deficiencies. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Keinra Gates has only answered 13 of the required 23 key questions. Therefore, Keinra Gates' fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Chester Bilbo as Next Friend of Terry Bilbo, Chester Bilbo as Next Friend of Tyler Bilbo and Stacie Pierre as Next Friend of Keinra Gates, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By:   s/*Thomas L. Cougill*
       THOMAS L. COUGILL
       Texas State Bar No. 04877300
       Louisiana State Bar No. 31112
       R. MARK WILLINGHAM
       Texas State Bar No. 21641500
       JEFFREY P. FULTZ
       Texas State Bar No. 00790728
       Mississippi Bar No. 101058
       Niels Esperson Building
       808 Travis Street, Suite 1608
       Houston, Texas  77002
       (713) 333-7600 – Telephone
       (713) 333-7601 – Facsimile

       **Attorneys for Jayco, Inc.**


**FRILOT L.L.C.**


By:   s/*John J. Hainkel*
       JOHN J. HAINKEL, III – La. Bar No. 18246
       A.J. KROUSE – La. Bar No. 14426
       PETER R. TAFARO – La. Bar No. 28776
       3600 Energy Centre, 1100 Poydras Street
       New Orleans, Louisiana 70163
       Telephone : (504) 599-8000
       Facsimile: (504) 599-8100

       **Attorneys for Bechtel National, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
       ROY C. CHEATWOOD (La. Bar No. 4010)
       GERARDO R. BARRIOS (La. Bar No. 21223)
       M. DAVID KURTZ (La. Bar No. 23821)
       KAREN KALER WHITFIELD (La. Bar No. 19350)
       WADE M. BASS (La. Bar No. 29081)
       No. 3 Sanctuary Boulevard, Suite 201
       Mandeville, La 70471
       (985) 819-8400 – Telephone
       (985) 819-8484 – Facsimile
       rcheatwood@bakerdonelson.com
       gbarrios@bakerdonelson.com
       dkurtz@bakerdonelson.com
       kwhitfield@bakerdonelson.com
       wbass@bakerdonelson.com

       **Attorneys for CH2M Hill Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 16th day of November, 2011.

       s/*Thomas L. Cougill*
       THOMAS L. COUGILL

11