## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER FORMALDEHYDE** | * | **MDL NO. 1873** |
| **PRODUCTS LIABILITY LITIGATION** | * | |
| | * | |
| | * | |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **THIS DOCUMENT RELATES TO:** | * | |
| | * | |
| ***Robert Moise Legendre, et al. v Morgan Buildings &*** | * | **MAGISTRATE CHASEZ** |
| ***Spas, Inc., et al. (10-3831)*** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### Memorandum in Support of Unopposed Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets

Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan) respectfully submit this memorandum in support of their Unopposed Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order Nos. 2 and 32 relating to plaintiffs Shari Neumann o/b/o AN, BN and NN and Todd Neumann, who have failed to submit a Plaintiff Fact Sheet.

### I.        Factual Background

The captioned multi-district litigation was initiated in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To guide the multitude of parties and counsel involved in this matter, the Court has issued several pre-trial orders on numerous subjects, including discovery.  On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form[1]:

---

[1] *See* Rec. Doc. No. 87.

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[2]

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[3]  Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets.  Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the provision of Plaintiff Fact Sheets.[4]

This lawsuit, *Robert Moise Legendre, et al. v Morgan Buildings & Spas, Inc., et al.,* was filed on October 15, 2010, in the Eastern District of Louisiana, bearing Civil Action No. 10-3831. Shari Neumann o/b/o AN, BN and NN and Todd Neumann were named as a plaintiffs in the original complaint for damages.  Accordingly, Pre-Trial Order No. 32, Section G (page 4) applies:

> For any Complaint filed after November 30, 2009 and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.[5]

The deadline to submit a PFS is clear.  No extension was filed.  Shari Neumann o/b/o AN, BN and NN and Todd Neumann did not file Plaintiff Fact Sheets by the deadline. Therefore, in accordance with Pre-Trial Order No. 32, the proper remedy is dismissal with prejudice.

---

[2] *See Id.*, p. 7.
[3] *See Id.*, p. 8.
[4] *See* Rec. Doc. No. 1180.
[5] *Id.*, p. 4.

On June 17, 2011, Morgan, through undersigned counsel, wrote attorney Sidney D. Torres, III (the attorney who filed this suit), inquiring as to whether plaintiffs Shari Neumann o/b/o AN, BN and NN and Todd Neumann filed Plaintiff Fact Sheets and setting a Rule 37.1 conference on this issue on July 13, 2011.[6]

On July 27, 2011, attorney Roberta Burns wrote to Morgan's counsel advising that they are unable to locate PFS for plaintiffs Shari Neumann o/b/o AN, BN and NN and Todd Neumann and confirmed there was no opposition to Morgan's motion to dismiss.[7]

## II.      Law and Argument

The Plaintiff Fact Sheets are in lieu of initial discovery.  Without this discovery response provided in a timely manner, such as described in Pre-Trial Order Nos. 2 and 32, Morgan is prejudiced.  Where no Plaintiff Fact Sheet has been provided at all, as in this case, dismissal is proper under the terms of the Court's pre-trial orders and the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[8] Specifically, Rule 41(b) states:  "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   The established rule in the Fifth Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the

---

[6] *See* Exhibit 1.
[7] *See* Exhibit 2.
[8] *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tx.,* 981 F.2d 237, 242-243 (5th Cir. 1993).

best interests of justice."[9]   Additionally, Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

This case has been pending for almost one year.  Since filing the suit on October 15, 2010, Shari Neumann o/b/o AN, BN and NN and Todd Neumann have failed to comply with the Court's orders concerning Plaintiff Fact Sheets. Therefore, their claims against Morgan should be dismissed with prejudice.

### III.    Conclusion

Pre-Trial Order No. 2 established the requirement to provide completed Plaintiff Fact Sheets, and Pre-Trial Order No. 32 provided that the failure to provide same within 30 days of filing of an individual claim would result in dismissal with prejudice.  In accordance with these pre-trial orders and Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b), Morgan Buildings & Spas, Inc.'s motion to dismiss should be granted, dismissing with prejudice the claims of plaintiffs Shari Neumann o/b/o AN, BN and NN and Todd Neumann, for failure to cooperate in the discovery process and to comply with applicable court orders.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

Attorneys for Morgan Buildings & Spas, Inc. and
Morgan Building Systems, Inc.

---

[9] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347, 349 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214, 1216 (5th Cir. 1970).

## **Certificate of Service**

I certify that, on November 16, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

*/s/ Amanda S. Stout*
Amanda S. Stout

394638.1