UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 10-3610

# ORDER AND REASONS

Before the Court is Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint (Rec. Doc. 23267). The motion is opposed. *See* Rec. Docs. 23455, 23461.

Plaintiffs seek leave to amend their complaint to include Lonnie Hammond, Jr., Precious Dundy, Angelo Guy, and Etta Guy as a named plaintiffs. Plaintiffs state that these plaintiffs were "erroneously placed" in three "place-holder suits,"[1] and "are now able to be matched" to Pilgrim International, Inc. ("Pilgrim") and Shaw Environmental, Inc.. *See* Plaintiffs' Memorandum in Support p. 2 (Rec. Doc. 23267-1). According to plaintiffs, the instant motion "is solely intended to place the above-named Plaintiffs in the correct matched suit." *Id.*

Defendants Sentry Insurance A Mutual Company ("Sentry") and Crum & Forster Specialty Insurance Company ("Crum & Forster") are named as defendants in this matter as insurers of Pilgrim, who is in bankruptcy. They object to the amendment on grounds that these plaintiffs have never before been matched to Pilgrim and that the deadlines for matching have long since past.

---

[1] *Steven Bell, et al. v. Jayco Enterprises, Inc., et al.*, No. 09-8617 (Lonnie Hammond, Jr.); *Onetha Aitkins, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-8479 (Precious Dundy); and *Adrian Alexander, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-8470 (Angelo Guy and Etta Guy).

1

A. **PROCEDURAL HISTORY:**

This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since 2007. The plaintiffs are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, they claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these units. Plaintiffs have sued over 100 entities, including the Government. In all, 4693 cases are associated with this MDL, with 4103 of them still pending. *See* Joint Report No. 25 of Liaison and Government Counsel (Rec. Doc. 22939). It has been estimated that more than 60,000 plaintiffs have submitted a Plaintiff Fact Sheet. *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

The long, difficult history in this MDL of matching each plaintiff to a single manufacturer is set forth in this Court's Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). It will not be repeated here, except for a short summary.

Pre-Trial Order No. 38 placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.[2] (Rec. Doc. 1596). This process of "matching" each plaintiff to the proper manufacturer has sapped enormous time, manpower, and resources from plaintiffs' counsel, defendants' counsel, the Court, FEMA, and counsel for the Government. Thus, the matching deadlines set by the Court were not made lightly. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline for matching expired twenty days thereafter, on December 29, 2009. *See* Pre-

---

[2] The one exception to this rule is where "a Plaintiff lived in more than one emergency housing unit, manufactured by different manufacturers." Pre-Trial Order No. 38 (Rec. Doc. 1596). In such a case, the plaintiff may proceed against more than one manufacturer defendant.

Trial Order No. 49.  (Rec. Doc. 8908).[3]  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant **within 45 days of the date of the filing of the Complaint**." *Id.* (emphasis in original).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.*

B. <u>ANALYSIS</u>:

    1. <u>**Precious Dundy**</u>:

Precious Dundy's complaint was filed with this Court on December 29, 2009.[4]  Thus, this plaintiff's deadline for matching to a single manufacturing defendant expired on February 12, 2010, forty-five days after the date on which the complaint was filed.  *See* Rec. Doc. 8908.  If Precious Dundy was one of the plaintiffs who had trouble obtaining matching information, and her attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then her deadline for participating in this process would have been August 2, 2010.  *See* Amended Pretrial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  Thus, at the very latest, the deadline for making amendments such as this one expired more than one year ago.  Given that plaintiffs provide no indication that Precious Dundy participated in the "last chance" process, it is more likely that her deadline expired nearly two years ago.

---

    [3] *See also* Pre-Trial Order No. 53 (Rec. Doc. 10228) (incorporating government contractor defendants into Pre-Trial Order No. 45, thereby requiring each plaintiff, within the previously set matching deadlines, to identify and name as defendant only those contractors involved with his or her FEMA unit).

    [4] *See Onetha Aitkins, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-8479.  Both the movants and the opponents of this motion refer to the actions in which the plaintiffs herein were named as "unmatched" or "place-holder suits."  That is not so.  In each case, the plaintiffs named a single manufacturing defendant and a single contracting defendant.

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir.2003). Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b).[5] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters.,* 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. The Fifth Circuit looks to four factors in determining whether a movant has established good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

In this case, the Court has entered a Pre-Trial Order that sets a deadline for filing amendments based upon matching a plaintiff to the proper manufacturer or contractor. *See* Pre-Trial Order No. 49 (8908). Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, the plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply.[6]

---

[5] The Court notes that the pre-trial order at issue here expressly states that extensions will be granted "for good cause shown." Pre-Trial Order No. 49 (Rec. Doc. 8908); *see also* Fed. R. Civ. P. 6(b) ("When an act may or must be done within a specified time, the court may, *for good cause*, extend the time....").

[6] Even in the absence of Rule 16, a "good cause" analysis nevertheless would apply here both under the language of the Pre-Trial Order itself, as well as under Rule 6(b)(1). *See supra*, note 3.

4

Under a "good cause" analysis, all but the second factor weigh heavily against allowing the amendment. With regard to the first factor, plaintiffs offer no explanation whatsoever for their failure to timely file pleadings necessary for Precious Dundy to comply with this Court's matching deadlines. Therefore, the Court can find no exigent or equitable circumstances here that might have justified making an exception to the long-labored, well publicized matching deadlines. The second factor favors the plaintiffs. If in fact Pilgrim was the manufacturer involved in erecting Dundy's FEMA unit, and not Gulf Stream as previously asserted, then the result of denying the amendment will be that Dundy may be barred from litigating this claim, assuming it is not already prescribed. However, the third and fourth factors militate strongly against allowing the amendment. The potential prejudice in allowing the amendment is enormous, and the continuance of deadlines would only serve to compound the prejudice. It has taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution. If the Court were to re-open the matching deadlines, particularly based upon such vague and unsubstantiated grounds as are set forth here, the deadlines would become truly meaningless. If similarly situated plaintiffs were to take similar action, the burden to the defendants, plaintiffs' counsel, and the Court would be significant. But those who would suffer the greatest prejudice likely would be the thousands of plaintiffs who have complied with this Court's deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate. It will take considerably longer if the matching deadlines are routinely set aside. Thus, under a Rule 16(b) analysis, the Court finds that the movants have failed to establish good cause for allowing a "matching" amendment outside the applicable deadlines.

Moreover, even if the Court were to analyze the motion under a Rule 15(a) standard, the

motion would nevertheless fail. Rule 15 states that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising its discretion, however, the district court may consider such factors as 'undue delay [and] undue prejudice....'" *Whitaker v. City of Houston, TX,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted); *see also Torch Liquidating Trust ex. rel. Bridge Assoc., LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) ("Although Rule 15 evinces a bias in favor of granting leave to amend, it is not automatic.... [C]ourts consider such equitable factors as...undue delay...."); *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007) ("Although Rule 15(a) states that leave to amend 'shall be freely given when justice so requires,' the district court may consider that the moving party failed to take advantage of earlier opportunities to amend."). "Although Rule 15(a) contains no time limit for permissive amendment, '[a]t some point [,] time delay on the part of a plaintiff can be procedurally fatal.' " *Whitaker,* 963 F.2d at 836 (quoting *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). "In such a situation, 'the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect....'" *Id.* (quoting *Gregory*, 634 F.2d at 203 (internal quotation omitted)).[7] As stated above, the plaintiffs here have failed to offer any explanation for their failure to timely match this plaintiff to the proper manufacturer defendant. Thus, even under a Rule 15 standard, the Court would not grant leave to amend based on the showing made here.

### 2. Lonnie Hammond, Angelo Guy and Etta Guy:

The reasoning set forth above in connection with Precious Dundy applies as well with regard to plaintiffs Lonnie Hammond, Angelo Guy, and Etta Guy, in that the stated reason for the requested

---

[7] *See also* Rule 6(b)(1)(B): "When an act may or must be done within a specified time, the court may, *for good cause*, extend the time on motion made after the time has expired *if the party failed to act because of excusable neglect*." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).

amendment is to match these plaintiffs to the proper manufacturing defendant. However, there is an additional reason for denying the motion as it applies to these three plaintiffs. Like Precious Dundy, each of these three plaintiffs is a named plaintiff in an active suit against a manufacturer other than Pilgrim. Lonnie Hammond has a suit against Jayco Enterprises, Inc.: *Steven Bell, et al. v. Jayco Enterprises, Inc., et al.*, No. 09-8617 (filed Dec. 29, 2009). Angelo Guy and Etta Guy have a suit against Gulf Stream Coach, Inc.: *Adrian Alexander, et al. v. Gulf Stream Coach, Inc., et al.*, No. 09-8470 (filed Dec. 29, 2009). Unlike Precious Dundy, however, it appears that each of these three plaintiffs is also a named plaintiff in an active suit against Pilgrim and its insurers. Angelo Guy and Etta Guy are named plaintiffs in *Lynell v. Johnson, et al v. Pilgrim International, Inc., et al*, No. 09-8685 (filed Dec. 30, 2009), and Lonnie Hammond is a named plaintiff in *Angela Thompson, et al v. Crum & Forster Specialty Insurance Company, et al*, No. 09-4221 (filed July 1, 2009). Plaintiffs have stated no reason why they should be allowed to file duplicative claims against Pilgrim and its insurers. Thus, for this reason also, the Court denies the motion.

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Leave to File Second Supplemental and Amended Complaint (Rec. Doc. 23267)** is hereby **DENIED**.

New Orleans, Louisiana, this   16th   day of November, 2011.

                                                **KURT D. ENGELHARDT**
                                                **United States District Court**