UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                         MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION
                                                                               SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7887

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets, filed by defendants Jayco, Inc. ("Jayco"), Bechtel National, Inc. ("Bechtel"), and Fluor Enterprises, Inc. ("Fluor") (Rec. Doc. 23320, as modified by Rec. Docs. 23497, 23509).

In their original motion papers, Jayco, Bechtel, and Fluor moved to dismiss the claims of seven plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Mary Allison on behalf of Marvin Hamilton; (2) Tiffany Johnson on behalf of Roger King; (3) Lorry Gilmore on behalf of Tyree Washington; (4) Jenio Thomas on behalf of Jeina Thomas; (5) Shawntel Walker; (6) Shawntel Walker on behalf of Shawn Walker; and (7) Athena Walstrum.  However, the movants subsequently withdrew their motion as to plaintiffs (1) Mary Allison on behalf of Marvin Hamilton; (2) Lorry Gilmore on behalf of Tyree Washington; (3) Jenio Thomas on behalf of Jeina Thomas; (4) Shawntel Walker; (5) Shawntel Walker on behalf of Shawn Walker; and (6) Athena Walstrum, all of whom cured their deficiencies after the motion was filed. (Rec. Docs. 23497).  Accordingly, the motion remains pending only as to Tiffany Johnson on behalf of Roger King.

A. **BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions and, for cases where the deficiency notice was served after March 24, 2011, the Court extended by an additional thirty days the time for curing deficiencies (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted)

(quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

On January 19, 2011, defendant Jayco sent a letter to plaintiff's counsel specifying material deficiencies with respect to the PFS of Roger King.[1]  *See* Exhibit C to Movant's Memorandum in Support (Rec. Docs. 23320-5). Plaintiffs sent no further PFS responses on behalf of Roger King.

---

[1] Roger King was a minor at the time his sister, Tiffany Johnson, filed a claim in this litigation on his behalf. According to plaintiff's counsel, Roger King is no longer a minor. (Rec. Doc. 23457-1).

The deficiencies in the PFS of Roger King are substantial. He has failed to provide basic, core information about his claims. For example, he has failed to provide information with regard to: (1) whether he is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether he is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether he is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether he has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with him or resided with him in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); (7) the VIN for his FEMA unit (V.A.2); (8) the bar code for his FEMA unit (V.A.4); (9) a move-in date for the FEMA unit (V.A.6); and (10) a move-out date for the FEMA unit (V.A.7). *See* Exhibits E and F to Movant's Memorandum in Support (Rec. Docs. 23320-7, 23320-8). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124). Thus, the Court finds that Mr. King has failed to materially comply with his obligations to submit a completed PFS.[2] The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about this plaintiff's claims.

---

[2] The Court refers herein to the plaintiff as Roger King because it appears that he is now of majority. However, this has no bearing on the Court's decision. As discussed below, no one has provided counsel with the court-ordered information necessary to prosecute Mr. King's claim. Thus, the claims are subject to dismissal regardless of who is now responsible for them, Mr. King or his sister, Tiffany Johnson.

In addition, the record shows that Mr. King and his sister, Tiffany Johnson, are personally responsible for their failure to comply with this Court's orders. Plaintiffs' counsel has tried for months to reach both Mr. King and his sister with regard to the deficiencies in his PFS. *See* Affidavit of Plaintiffs' Counsel's Project Coordinator (Rec. Doc. 23457-1). Counsel has sent multiple letters and has made more than seventy attempts to reach them by telephone, to no avail. *Id.* Counsel has also performed computer-based person searches in an effort to locate both Mr. King, and his sister, Tiffany Johnson. *Id.* Despite counsel's efforts, the plaintiffs have failed to provide the information necessary to cure the PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Mr. King and his sister, Tiffany Johnson, and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs and defendants have failed to motivate him or his sister to provide the missing information necessary to prosecute his claim. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Tiffany Johnson on behalf of Roger King.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets** (**Rec. Doc. 23320, as modified by Rec. Docs. 23497, 23509**), filed by defendants Jayco, Inc., Bechtel National, Inc., and Fluor Enterprises, Inc.**,** is hereby **GRANTED**, and the claims of Tiffany Johnson on behalf of Roger King are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  16th  day of November, 2011.

_____
**KURT D. ENGELHARDT**
United States District Court