UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                    MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                        SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-6931


## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2

& 32 Relating to Plaintiffs Fact Sheets, filed by defendants Starcraft RV, Inc. ("Starcraft") and

Bechtel National, Inc. ("Bechtel")  (Rec. Doc. 23340, as modified by Rec. Docs. 23467, 23494).

## A.  BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc.

1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet

(PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests

for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a

plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter

that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any

defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should

be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In Pre-Trial

Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key"

questions and, for cases where the deficiency notice was served after March 24, 2011, the Court

extended by an additional thirty days the time for curing deficiencies (Rec. Doc. 22124, as corrected

in Rec. Doc. 22153).

**B. <u>APPLICABLE LAW</u>:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be

2

attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

In their original motion papers, Starcraft and Bechtel moved to dismiss the claims of four plaintiffs on grounds that they had failed to cooperate in the discovery process and failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Julia Benoit; (2) Kevin Benoit; (3) Jonathan Blakeney; and (4) Szchonia Bonner.  However, the movants subsequently withdrew their motion as to plaintiffs Julia Benoit and Kevin Benoit, who cured their deficiencies after the motion was filed. (Rec. Docs. 23467, 23494).  Accordingly, the motion remains pending only as to Jonathan Blakeney and Szchonia Bonner.

1. **Jonathan Blakeney:**

On June 20, 2011, defendant Starcraft sent a letter to plaintiffs' counsel specifying material deficiencies with respect to Jonathan Blakeney's PFS.  *See* Exhibit B to Movant's Memorandum in Support (Rec. Docs. 23340-4).  Plaintiffs sent no further PFS responses on behalf of Jonathan Blakeney.  In their memorandum in opposition to the motion to dismiss, plaintiffs' counsel states that Mr. Blakeney has told them by telephone that he no longer wishes to pursue his claim in this matter.  *See* Rec. Doc. 23456 at 2.  This statement is supported by the affidavit of plaintiffs' counsel's project coordinator.  (Rec. Doc. 23456-1).  However, the affidavit further states that Mr. Blakeney has declined requests that he confirm in writing his desire to withdraw his claim.  Thus, the Court will address on the merits the motion to dismiss Mr. Blakeney's claims.

3

The deficiencies in the PFS of Jonathan Blakeney are substantial.  He has failed to provide basic, core information about his claims.  For example, he has failed to provide information with regard to:  (1) whether he is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2)  whether he is making a lost wage claim and, if so, the amount of the claim (IV.F.3); (3) whether he is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether he has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with him or resided with him in the FEMA housing unit (VI.D); (6) the details of his personal smoking history (the number of cigarettes smoked and for how long) (VI.C); (7) the average number of hours spent in the FEMA unit each day (V.A.13); (8) whether any physician has diagnosed him as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (9) the name of any healthcare provider who treated him for a condition that he claims resulted from living in a FEMA trailer (VII.B).  *See* Exhibit D to Movant's Memorandum in Support (Rec. Doc. 23340-6).  All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution.  *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).   Thus, the Court finds that Mr. Blakeney has failed to materially comply with his obligations to submit a completed PFS.  The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about this plaintiff's claims.

In addition, the record shows that Mr. Blakeney is personally responsible for his failure to comply with this Court's orders.  When plaintiffs' counsel contacted him regarding the deficiencies in his PFS, he apparently told them that he no longer wished to pursue his claim.  *See* Affidavit of

4

Plaintiffs' Counsel's Project Coordinator (Rec. Docs. 23456-1). However, he declined counsel's request that he provide written confirmation of his desire to dismiss his claims. *Id.* Without Mr. Blakeney's cooperation, counsel is unable to provide the court-ordered information or to file a notice of voluntary dismissal. Under these circumstances, the Court finds that there is a clear record of delay and contumacious conduct on the part of Mr. Blakeney and that the blame for this delay and failure to prosecute lies with Mr. Blakeney himself, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs and defendants have failed to motivate him to provide the missing information necessary to prosecute his claim. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Jonathan Blakeney.

## 2. **Szchonia Bonner:**

On June 20, 2011, defendant Starcraft sent a letter to plaintiffs' counsel specifying material deficiencies with respect to the plaintiff fact sheets of Szchonia Bonner. *See* Exhibit B Movant's Memorandum in Support (Rec. Doc. 23340-4). Plaintiffs sent no further PFS responses on behalf of Ms. Bonner.

The deficiencies in the plaintiff fact sheets of Ms. Bonner are substantial. She has failed to provide basic, core information about her claims. For example, she has failed to provide information with regard to: (1) whether she is making a claim for medical expenses and, if so, the amount of the

claim (III.C.9); (2)  whether she is making a lost wage claim and, if so, the amount of the claim (IV.F.3); (3) whether she is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether she has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with her or resided with her in the FEMA housing unit (VI.D); and (6) the average number of hours spent in the FEMA unit each day (V.A.13).  *See* Exhibit E to Movant's Memorandum in Support (Rec. Doc. 23340-7).  All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution.  *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124).  Thus, the Court finds that Ms. Bonner has failed to materially comply with her obligations to submit a completed PFS.  The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about this plaintiff's claims.

Moreover, the Court finds that Ms. Bonner is personally responsible for her failure to comply with this Court's orders.  Plaintiffs' counsel has tried for several weeks to reach Szchonia Bonner with regard to the deficiencies in her PFS.  *See* Affidavit of Plaintiffs' Counsel's Project Coordinator (Rec. Doc. 23456-2).  Using information provided by Ms. Bonner, counsel has sent letters to her and made more than thirty-five attempts to reach her by telephone, to no avail.  *Id.*  Counsel has also performed computer-based person searches in an effort to locate Ms. Bonner.  *Id.*  Despite counsel's efforts, Ms. Bonner has failed to provide the information necessary to cure the PFS deficiencies.  Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Szchonia Bonner and that the blame for this delay and failure to prosecute lies with Ms. Bonner herself, not with counsel.

6

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs and defendants have failed to motivate her to provide the missing information necessary to prosecute her claim.  In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity.  Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to plaintiff Szchonia Bonner. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 23340, as modified by Rec. Docs. 23467, 23494)**, filed by defendants Starcraft RV, Inc. and Bechtel National, Inc.**,** is hereby **GRANTED**, and the claims of Jonathan Blakeney and Szchonia Bonner are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  16th  day of November, 2011.

**KURT D. ENGELHARDT**
**United States District Court**

7