UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE:  ENGELHARDT |
| **This Document Relates to:** | * | |
| *Marvin Cavalier, et al v.* | * | MAGISTRATE:  CHASEZ |
| *Recreation by Design, LLC,* | * | |
| Docket No. 09-5653 | * | |

**************************************************************************

### MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims of plaintiffs:

1. Donna Fournier
2. Ronald Fournier
3. Ronald Fournier obo M.F.
4. Randi Hartman
5. Randi Hartman  obo N.H.
6. Jordan Hartman
7. Brian Hill
8. Brian Hill, Sr. obo B.H., Jr.
9. Brian Hill obo B.H.
10. Lillie Mae Sartan obo N. M.

with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2, 32 and 88 relating to the provisions of Plaintiff Fact Sheets.

### I.   FACTUAL BACKGROUND

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To date, the

1

Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation. In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No. 2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"), in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS. Specifically, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[4] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[5] Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88 ("PTO No. 88")[6]. PTO No. 88 reduced the number of PFS questions that a plaintiff is required to answer to twenty-three ("23"). These 23 key questions were identified by the Plaintiff Steering Committee and

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pgs. 8 - 9.
[4] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[5] *See* R. Doc. No. 1180.
[6] *See* R. Doc. No. 22153.

Defense Liaison Counsel as the minimum information required by the parties to evaluate a plaintiff's claim for global settlement purposes. PTO No. 88 also extended the time to cure a deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

## II.   LAW AND ARGUMENT

In compliance with PTO Nos. 2, 32 & 88, the mover, through undersigned counsel, forwarded a deficiency letter to the above-referenced plaintiffs, though their counsel of record, on or about April 20, 2011, notifying the plaintiff of the specific deficiencies on their PFS .[7] As detailed below, to date, the PFS for the referenced plaintiffs remain deficient.

**1.   Donna Fournier:**   The response provided on behalf of Donna Fournier to the April 20, 2011 deficiency letter[8] indicated that "counsel was attempting to reach client."[9] Donna Fournier PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[10] Further, Donna Fournier only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[11] Specifically, Donna Fournier did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses

---

[7] *See* Exhibit "A", copy of cover letter forwarding Deficiency Letters to plaintiffs' counsel for plaintiffs included in this Motion to Dismiss.
[8] *See* Exhibit "B-1", Donna Fournier Deficiency Letter.
[9] *See* Exhibit "B-2", ERRATA form submitted for Donna Fournier dated May 20, 2011.
[10] *See* Exhibit "B-3", PFS submitted for Donna Fournier.
[11] *Id.*

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.4. Bar Code

9. V.A.6. Move in Date

10. V.A.7. Move out Date

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Donna Fournier did not certify or date her PFS. For these reasons, the PFS submitted for Donna Fournier is incomplete.

**2.** **Ronald Fournier:** The response provided on behalf of Ronald Fournier to the May 11, 2011 deficiency letter[12] indicated that "counsel was attempting to reach client."[13] Ronald Fournier's PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[14] Further, Ronald Fournier only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [15] Specifically, Ronald Fournier did not provide responses to the following 17 key questions:

---

[12] *See* Exhibit "C-1", Ronald Fournier Deficiency Letter.
[13] *See* Exhibit "C-2",ERRATA form submitted for Ronald Fournier dated May 20, 2011.
[14] *See* Exhibit "C-3", PFS submitted for Ronald Fournier.
[15] *Id.*

4

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.4. Bar Code
9. V.A.6. Move in Date
10. V.A.7. Move out Date
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

Lastly, Ronald Fournier did not certify or date his PFS.  For these reasons, the PFS submitted for Ronald Fournier is incomplete.

**3.     Ronald Fournier obo M.F.:** The response provided on behalf of Ronald Fournier obo M.F. to the May 11, 2011 deficiency letter[16] indicated that "counsel was attempting to reach client."[17]   Ronald Fournier obo M.F.'s PFS includes responses to only eight (8) of the

---

[16] *See* Exhibit "D-1", Ronald Fournier obo M.F. Deficiency Letter.
[17] *See* Exhibit "D-2", ERRATA form submitted for Ronald Fournier obo M.F. dated May 20, 2011.

approximately 120 questions on a PFS.[18] Further, Ronald Fournier obo M.F. only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[19] Specifically, Ronald Fournier obo M.F. did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.4. Bar Code
9. V.A.6. Move in Date
10. V.A.7. Move out Date
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

Lastly, Ronald Fournier obo M.F. did not certify or date his PFS. For these reasons, the PFS submitted for Ronald Fournier M.F. is incomplete.

---

[18] *See* Exhibit "D-3", PFS submitted for Ronald Fournier obo M.F.
[19] *Id.*

4.      **Randi Hartman:**      The response provided on behalf of Randi Hartman to the April 20, 2011 deficiency letter[20] indicated "counsel was attempting to reach client."[21]  Randi Hartman's PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[22]  Further, Randi Hartman only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [23]  Specifically, Randi Hartman did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.4. Bar Code
9. V.A.6. Move in Date
10. V.A.7. Move out Date
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury

---

[20] *See* Exhibit "E-1", Randi Hartman Deficiency Letter.
[21] *See* Exhibit "E-2", ERRATA form for Randi Hartman dated May 20, 2011.
[22] *See* Exhibit "E-3", PFS submitted for Randi Hartman.
[23] *Id.*

17. VIII(A-D) Produce Records

Lastly, Randi Hartman did not certify or date her PFS. For these reasons, the PFS submitted for Randi Hartman is incomplete.

**5.     Randi Hartman obo N.H.:**  The response provided on behalf of Randi Hartman obo N.H. to the April 20, 2011 deficiency letter[24] indicated "counsel was attempting to reach client."[25]  Randi Hartman obo N.H.'s PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[26] Further, Randi Hartman obo N.H. only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [27]  Specifically, Randi Hartman obo N.H. did not provide responses to the following 17 key questions:

1. III.C.    Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.4. Bar Code
9. V.A.6. Move in Date
10. V.A.7. Move out Date
11. V.E. Name of all trailer residents

---

[24] *See* Exhibit "F-1", Randi Hartman obo N.H. Deficiency Letter.
[25] *See* Exhibit "F-2",ERRATA form for Randi Hartman obo N.H. dated May 20, 2011.
[26] *See* Exhibit "F-3", PFS submitted for Randi Hartman obo N.H.
[27] *Id.*

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Randi Hartman obo N.H. did not certify or date her PFS. For these reasons, the PFS submitted for Randi Hartman obo N.H. is incomplete.

**6.    Jordan Hartman:**   The response provided on behalf of Jordan Hartman to the April 20, 2011 deficiency letter[28] indicated "counsel was attempting to reach client."[29] Jordan Hartman's PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[30] Further, Jordan Hartman only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[31] Specifically, Jordan Hartman did not provide responses to the following 17 key questions:

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.C. Date of Birth

---

[28] *See* Exhibit "G-1", Jordan Hartman Deficiency Letter.
[29] *See* Exhibit "G-2",ERRATA form for Jordan Hartman dated May 20, 2011.
[30] *See* Exhibit "G-3", PFS submitted for Jordan Hartman.
[31] *Id.*

    7. IV.F.3. Only if you are making a wage claim

    8. V.A.4. Bar Code

    9. V.A.6. Move in Date

    10. V.A.7. Move out Date

    11. V.E. Name of all trailer residents

    12. V.13. Number of hours spent in trailer each day

    13. VI.C. Plaintiff's Smoking History

    14. VI.D. Smoking History of Other Trailer Resident(s)

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

Lastly, Jordan Hartman E did not certify or date her PFS. For these reasons, the PFS submitted for Jordan Hartman is incomplete.

**7.**     **Brian Hill:** The response provided on behalf of Brian Hill to the April 20, 2011 deficiency letter[32] indicated "counsel was attempting to reach client."[33] Brian Hill's PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[34] Further, Brian Hill only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[35] Specifically, Brian Hill did not provide responses to the following 17 key questions:

    1. III.C.    Checklist

    2. III.C.2. Future Medical Claim

    3. III.C.3. Diagnosed Illness

---

[32] *See* Exhibit "H-1", Brian Hill Deficiency Letter.
[33] *See* Exhibit "H-2", ERRATA form for Brian Hill dated May 20, 2011.
[34] *See* Exhibit "H-3", PFS submitted for Brian Hill.
[35] *Id.*

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.4. Bar Code

9. V.A.6. Move in Date

10. V.A.7. Move out Date

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Brian Hill did not certify or date his PFS. For these reasons, the PFS submitted for Brian Hill is incomplete.

**8.     Brian Hill, Sr. obo B. H., Jr:** The response provided on behalf of Brian Hill obo B.H., Jr. to the April 20, 2011 deficiency letter[36] indicated "counsel was attempting to reach client."[37] Brian Hill obo B.H., Jr.'s PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[38] Further, Brian Hill obo B.H., Jr. only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring

---

[36] *See* Exhibit "I-1", Brian Hill obo B.H., Jr. Deficiency Letter.
[37] *See* Exhibit "I-2",ERRATA form for Brian Hill obo B.H., Jr. dated May 20, 2011.
[38] *See* Exhibit "I-3", PFS submitted for Brian Hill obo B.H., Jr.

11

global resolution of claims. [39] Specifically, Brian Hill obo B.H., Jr. did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.4. Bar Code
9. V.A.6. Move in Date
10. V.A.7. Move out Date
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

Lastly, Brian Hill obo B.H., Jr. did not certify or date his PFS. For these reasons, the PFS submitted for Brian Hill is incomplete.

**9.     Brian Hill obo B.H.:** The response provided on behalf of Brian Hill obo B.H. to the April 20, 2011 deficiency letter[40] indicated "counsel was attempting to reach client."[41] Brian

---

[39] *Id.*

Hill obo B.H.'s PFS includes responses to only eight (8) of the approximately 120 questions on a PFS.[42] Further, Brian Hill obo B.H. only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. [43] Specifically, Brian Hill obo B.H. did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.4. Bar Code
9. V.A.6. Move in Date
10. V.A.7. Move out Date
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

---

[40] *See* Exhibit "J-1", Brian Hill obo B.H. Deficiency Letter.
[41] *See* Exhibit "J-2", ERRATA form for Brian Hill obo B.H. dated May 20, 2011.
[42] *See* Exhibit "J-3", PFS submitted for Brian Hill obo B.H.
[43] *Id.*

Lastly, Brian Hill obo B.H. did not certify or date his PFS. For these reasons, the PFS submitted for Brian Hill is incomplete.

10.     **Lillie Mae Sartan obo N.M.:**  To date, Lillie Mae Sartan obo N.M. has not responded to the April 20, 2011 deficiency letter[44] and her PFS includes responses to only eight (8) of the approximately 120 questions on the PFS.[45] Further, Lillie Mae Sartan obo N.M. only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[46] Specifically, Lillie Mae Sartan obo N.M. did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.4. Bar Code
9. V.A.6. Move in Date
10. V.A.7. Move out Date
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)

---

[44] *See* Exhibit "K-1", Lillie Mae Sartan obo N.C. Deficiency Letter.
[45] *See* Exhibit "K-2", PFS submitted for Lillie Mae Sartan obo N.C.
[46] *Id.*

14

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Lillie Mae Sartan obo N.M. did not certify or date her PFS. For these reasons, the PFS submitted for Lillie Mae Sartan obo N.M. is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[47] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[48] Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with PTO Nos. 2, 32, and 88, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy as it regards the above-referenced plaintiffs is dismissal, with prejudice, of their claims. Further, counsel has indicated that it does not oppose dismissal of these plaintiffs' claims.[49]

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs. The Court sanctioned

---

[47] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).
[48] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[49] *See* Exhibit "L".

15

PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

As established above, plaintiffs:

1. Donna Fournier
2. Ronald Fournier
3. Ronald Fournier obo M.F.
4. Randi Hartman
5. Randi Hartman obo N.H.
6. Jordan Hartman
7. Brian Hill
8. Brian Hill, Sr. obo B.H., Jr.
9. Brian Hill obo B.H.
10. Lillie Mae Sartan obo N. M.

have not submitted a complete PFS as directed by PTO Nos. 2, 32 and 88. Therefore, in accordance with PTO Nos. 2, 32, and 88, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), RBD's Unopposed Motion to Dismiss for Failure to Comply with PTO Nos. 2, 32 and 88 should be granted, dismissing the claims of the aforementioned plaintiffs, with *prejudice*.

        Respectfully submitted,

        */s/ Kelly M. Morton*
        LYON H. GARRISON, Bar No. 19591
        SCOTT P. YOUNT, Bar No. 22679
        RANDALL C. MULCAHY, Bar No. 26436
        DARRIN L. FORTE, Bar No. 26885
        KELLY M. MORTON, Bar No. 30645
        GARRISON, YOUNT, FORTE
        & MULCAHY, LLC
        909 Poydras Street, Suite 1800
        New Orleans, Louisiana 70112
        Telephone: (504) 527-0680
        Facsimile: (504) 527-0686
        Attorneys for defendant,
        Recreation By Design, LLC
        Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 16, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

        */s/ Kelly M. Morton*
        KELLY M. MORTON, Bar No. 30645