UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: FEMA TRAILER<br>    FORMALDEHYDE PRODUCTS<br>    LIABILITY LITIGATION | MDL NO. 07-1873<br><br>SECTION "N" (5) |

THIS DOCUMENT RELATES TO
Member Case No. 09-4730

## ORDER AND REASONS

Before the Court are the following motions: (1) a Motion for Reconsideration of Court's October 19, 2011 Ruling (Rec. Doc. 23276), filed by defendant Sentry Insurance A Mutual Company; and (2) a Motion for Reconsideration of Court's October 19, 2011 Ruling (Rec. Doc. 23277), filed by defendant Sentry Insurance A Mutual Company ("Sentry"). Plaintiff Penny Saunders has filed a memorandum in opposition to Rec. Doc. 23276. *See* Rec. Doc. 23460. Plaintiff Laura Domingo has filed a memorandum in opposition to Rec. Doc. 23277. *See* Rec. Doc. 23459.

In the first motion (Rec. Doc. 23276), Sentry seeks reconsideration of this Court's Order and Reasons dated October 19, 2011 (Rec. Doc. 23235), in which the Court granted the Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order filed by plaintiff Penny Saunders (Rec. Doc. 23032) on the ground that no memorandum in opposition had been filed. In the second motion (Rec. Doc. 23277), Sentry seeks reconsideration of this Court's Order and Reasons dated October 19, 2011 (Rec. Doc. 23236), in which the Court granted the Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order filed by plaintiff Laura Domingo (Rec. Doc. 23031) on the ground that no memorandum in opposition had been filed.

1

**I. BACKGROUND:**

    **A. The FEMA Trailer Formaldehyde Products Liability Litigation:**

This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since October 24, 2007. The plaintiffs are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, they claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these units. Plaintiffs have sued over 100 entities, including the Government. In all, 4693 cases are associated with this MDL, with 4103 of them still pending. *See* Joint Report No. 25 of Liaison and Government Counsel (Rec. Doc. 22939). It has been estimated that more than 66,000 plaintiffs have submitted a Plaintiff Fact Sheet. *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

    **B. Procedure for Dismissal of Claims for Failure to Comply with Discovery:**

A litigation of this size and complexity requires a well drawn case management structure. To this end, shortly after the creation of the MDL, this Court issued Pre-Trial Order No. 2, mandating that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS), within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, provided in section III(D) a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9. The Court reiterated this procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180, signed Mar. 18, 2009). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established herein, a counsel representing a Defendant shall send to Plaintiff's

Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5.  This deficiency letter must identify the deficiency and notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*.  In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days.  *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

### C. The Deficiency Processes of Penny Saunders and Laura Domingo:

The histories of the PFS deficiency processes of Penny Saunders and Laura Domingo are set out more fully in the Court's original Order and Reasons and the parties' underlying motion papers. (Rec. Docs. 20886, 21900, 22055, 22092, 22693).  Deficiency notices were served on both Ms. Domingo and Ms. Saunders on May 26, 2010.  (Rec. Docs. 20886-5, 20886-10).  In the case of both Ms. Domingo and Ms. Saunders, the counsel for these plaintiffs attempted to reach them for months in an effort to obtain the information necessary to cure the PFS deficiencies, making weekly telephone calls, performing computer-based person searches, and sending multiple letters, to no avail. (Rec. Docs. 22092 at 5, 8; 22092-1).  In addition, counsel for these plaintiffs attempted to avoid dismissal by serving supplemental PFS answers in response to the deficiency notices.  *Id.*; *see also* 22055-1, 22055-3. However, since they were unable to contact their clients, these supplemental responses did not cure the deficiencies.  *See* Rec. Docs 22693 at 2.  Plaintiffs' counsel also filed

memoranda in opposition to the motion seeking to dismiss the plaintiffs' claims, asserting numerous arguments on behalf of their clients. *See* Rec. Docs. 21900, 22092. Despite counsel's efforts, the Court found a clear record of delay and contumacious conduct on the part Ms. Domingo and Ms. Saunders and found that the blame for this delay and failure to prosecute lay with the plaintiffs themselves, not with their counsel. *See* Order & Reasons entered Sept. 2, 2011, Rec. Doc. 22693 at 4-5. Accordingly, the Court concluded that the high threshold for dismissal under Rule 41(b) had been met with respect to each of them. *Id.*

### D. Grounds for New Trial Asserted by Penny Saunders and Laura Domingo:

On September 30, 2011, precisely twenty-eight days after this Court's ruling dismissing their claims, plaintiffs Domingo and Saunders each filed a Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order. *See* Rec. Docs. 23031, 23032. In these motions, each of these plaintiffs sought relief from the Court's rulings based on "newly discovered evidence, *i.e.,* the facts and circumstances relating to her stay in the travel trailer as set forth in her Fact Sheet Deficiency Answers." (Rec. Docs. 23031-1 at 2; 23032-1 at 2). In addition, Ms. Domingo sought relief on the additional basis of "excusable neglect" under Rule 60(b)(1), arguing that her failure to respond to her attorneys' multiple requests for information was excusable because "she is the mother of two children and was busy with them once school was out and was busy with her husband's litigation and volunteer work." Rec. Doc. 23031-1 at 4. Ms. Saunders also sought relief on the additional basis of "excusable neglect" under Rule 60(b)(1), arguing that her failure to respond to her attorneys' multiple requests for information was excusable because she "had moved and changed her phone number but had neglected to inform counsel of her new phone number and address until after the Court dismissed the case." Rec. Doc. 23032-1 at 4.

**E. The Court's Rulings:**

Local Rule 7.5 of the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed eight days prior to the noticed submission date. In the case of the motions for new trial filed by Ms. Domingo and Ms. Saunders, no opposition memoranda were filed by this deadline. Accordingly, for this reason alone, on the date that the motions had been noticed for submission to the Court (October 19, 2011), the Court entered rulings granting the motions as unopposed. *See* Rec. Docs. 23235, 23236. Approximately ten minutes after the Court entered its rulings, Sentry filed memoranda in opposition to the motions, explaining that it was late in filing its opposition because plaintiffs' counsel had not contacted counsel for Sentry in connection with filing the motions. *See* Rec. Docs. 23237, 23238. Shortly thereafter, on October 24, 2011, Sentry filed the instant motions, seeking reconsideration of the rulings. *See* Rec. Docs. 23276, 23277.

**F. The Movants' Asserted Bases for Reconsideration:**

In the instant motions, Sentry seeks relief from the Court's rulings on grounds that: (1) the plaintiffs filed their motions for new trial without first contacting Sentry, as required under Pre-Trial Order No.10, to determine whether it would consent or oppose the motions; and (2) the plaintiffs did not clearly identify in their motions that they had asserted claims against Sentry, as insurer for the bankrupt defendant, Pilgrim International, Inc. ("Pilgrim"), thereby delaying Sentry's ability, once it received the motions, to identify the plaintiffs as persons with a claim against Sentry. According to Sentry, these omissions by plaintiffs caused Sentry to be late in filing its opposition memoranda. *See* Rec. Docs. 23276 at 1-2, 23277 at 1-2. In addition, Sentry notes that there was a one-week delay between the filing of the plaintiffs' motions and their distribution by Defendants' Liaison Counsel. *Id.*

## II. APPLICABLE LAW:

A motion asking that the court reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b). Which rule applies depends upon when the motion was filed. *Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). Fed. R. Civ. P. 59(e). If it is filed after that time, it falls under Rule 60(b). *Texas A & M,* 338 F.3d at 400. Here, the instant motions were filed on October 24, 2011, only five days after entry of the Court's rulings on October 19, 2011. Thus, they qualify as motions to alter or amend under Rule 59(e). Nevertheless, because the movants do not state under which rule they wish to present their motions, and because they present arguments tenable under both Rule 59(e) and Rule 60(b), the Court will evaluate the motions under the standards of each Rule, respectively, to determine whether relief is warranted under either.

### A. Rule 59(e):

"A motion to reopen a case under Rule 59(e), though subject to much more stringent time limitations than a comparable motion under Rule 60(b), is not controlled by the same exacting substantive requirements." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). "Unlike Rule 60(b), Rule 59(e) does not set forth any specific grounds for relief." *Id.*

The Fifth Circuit has stated repeatedly that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly

6

discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp Inc.*, 342 F.3d 563, 567 (5th Cir.2003); *see also, e.g., Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004). However, at least one panel of the Fifth Circuit has suggested that "[t]his standard is too stringent," opting instead for a balancing of equitable factors. *See Estate of Sturges v. Moore*, 73 Fed. Appx. 777, 2003 WL 22100834 at *1 (5th Cir. 2003) (unpublished opinion). In exercising its discretion under Rule 59(e), the court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

  **B. <u>Rule 60(b)</u>:**

In deciding a motion for relief from judgment under Rule 60(b), the court "must engage in the same balancing of competing interests" as under Rule 59(e). *Edward H. Bohlin Co.*, 6 F.3d at 356. For example, the following factors should "shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors

relevant to the justice of the judgment under attack.' " *Edward H. Bohlin Co.*, 6 F.3d at 356 (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)).

However, unlike Rule 59(e), Rule 60(b) "sets forth specific grounds for relief," making a motion under it "subject to unique limitations that do not affect a 59(e) motion." *Id.* Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Here, although Sentry does not state so directly, it appears to seek relief under Rule 60(b)(1), allowing relief from judgment in the case of "mistake, inadvertence, surprise, or excusable neglect."[1]

"While Rule 60(b)(1) allows relief for 'mistake, inadvertence ... or excusable neglect,' these terms are not wholly open-ended." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir.1985). The Fifth Circuit has made clear that relief under Rule 60(b) is an extraordinary remedy, which

---

[1] The omnibus clause of Rule 60(b)(6) does not apply because circumstances do not show that Sentry was "faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). "If a party is partly to blame for the delay, relief must be sought...under subsection (1) and the party's neglect must be excusable." *Id.* Subsection (6) applies only where a party is unable to take the necessary action "for reasons beyond his or her control." *Id.* at 394; *cf. Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (5th Cir. 1980) (Where a party submits previously undisclosed evidence that is "so central to the litigation that it shows the initial judgment to have been manifestly unjust," relief under rule 60(b)(6) may be proper "even though the original failure to present that information was inexcusable.")

8

should will be granted only in "unusual or unique circumstances." *Id.* at 286. "Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law." *Id.* (citation omitted). Indeed, the Fifth Circuit has stated that "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co.*, 6 F.3d at 357. Likewise, "the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting relief from summary judgment contemplated by Rule 60(b)." *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989); *see also Edward H. Bohlin Co.*, 6 F.3d at 357 ("A party has a duty of diligence to inquire about the status of a case...."); *Pryor*, 769 F.2d at 287 ("This Court has pointedly announced that a party has a duty of diligence to inquire about the status of a case...."). Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), faced with determining whether an attorney's neglect was "excusable" within the context of the Bankruptcy Rules, the Supreme Court provided useful guidance for determining "excusable neglect" under Rule 60(b)(1). The Court stated: "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* Such circumstances "include ... the danger of prejudice to

9

the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; *see also Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002) (citing *Pioneer* in the context of Rule 60(b)(1)), *cert. denied*, 537 U.S. 1181 (2003).

Finally, in the context default judgments, the Fifth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Rogers*, 167 F.3d at 938-39 (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir.1985)). "These factors are not 'talismanic.' " *Id.* The decision is within the district court's discretion, and the court may consider other factors. *Id.*

Here, the rulings at issue are not default judgments. Nevertheless, they share some of the characteristics of default judgments. The Court granted the underlying motions, as a matter of course, on the grounds that they were unopposed, without considering Sentry's arguments in opposition to the motions, which were filed into the record a mere ten minutes after the Court's rulings. Thus, the above factors are applicable here.

### III.  ANALYSIS:

In the instant motions, Sentry seeks relief from the Court's rulings on grounds that: (1) the plaintiffs filed their motions for new trial without first contacting Sentry, as required under Pre-Trial Order No.10, to determine whether it would consent or oppose the motions; and (2) the plaintiffs did not clearly identify in their motions that they had asserted claims against Sentry, as insurer for Pilgrim, thereby delaying Sentry's ability, once it received the motions, to identify the movants as

persons with a claim against Sentry. According to Sentry, these omissions by plaintiffs caused Sentry to be late in filing its opposition memoranda, which were filed on the date noticed for submission of the motions to the Court, but not within the time required under the Local Rules. *See* Rec. Docs. 23276 at 1-2, 23277 at 1-2.

Pre-Trial Order No. 10 requires that "[b]efore any motion is filed with the Court, counsel for the movant shall contact opposing counsel to determine whether the motion is actually opposed." (Rec. Doc. 301). Sentry argues that if the plaintiffs had complied with this requirement by contacting Sentry's counsel, then counsel for Sentry would have advised plaintiffs' counsel that Sentry opposed Ms. Saunder's and Ms. Domingo's motions for new trial. Rec. Docs. 23276-1 at 1-2, 23277-1 at 1-2. More importantly, counsel for Sentry would have been put on notice with regard to the motions. Sentry also argues that plaintiffs should have identified in their motions that they had asserted claims against Sentry as insurer for Pilgrim and that this too would have put Sentry on notice that these were motions in which Sentry had an interest.

In response, plaintiffs argue that they did give proper notice under Pre-Trial Order No. 10. They state that, because the underlying motion to dismiss Ms. Domingo's and Ms. Saunders' claims had been filed by another of Pilgrim's insurers, Crum & Forster, plaintiffs' counsel contacted counsel for Crum & Forster to determine whether the motions for new trial would be opposed. Plaintiffs argue that, under the circumstances, they were not required to contact Counsel for Sentry as well.

The Court concludes that the proper analysis is one for "excusable neglect" under Rule 60(b)(1), given that Sentry's neglect "was at least a partial cause of its failure to respond." *Rogers*, 167 F.3d at 939. Thus, the question for the Court is whether the neglect was "excusable." *Id.* This

"determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In addition, the Court will consider the following factors articulated by the Fifth Circuit: "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Rogers*, 167 F.3d at 938-39 (citation omitted).

Considering all of the circumstances, the Court finds that the neglect was excusable. Although the opposition memoranda were eight days late, they were filed on the day that the motions had been noticed for submission to the Court, a mere ten minutes after the Court had granted the motions as unopposed. Thus, the delay was not great. And their lateness was not totally without cause. It would have been preferable if counsel for plaintiffs had contacted counsel for all opposing parties, that is all parties against whom these two plaintiffs had a claim in this particular suit (No. 09-4730), to determine whether any such party had opposition to the motions. Since the plaintiffs have sued directly two of Pilgrim's insurers in this particular suit, counsel should have contacted each of them to determine whether they opposed the motions. That is not to say that plaintiffs' counsel's failure to contact Sentry was not itself excusable. The Court finds that it was. Pre-Trial Order No. 10 uses the term "opposing counsel" in its notice requirement, and given that the motions at issue sought reconsideration of the Court's ruling on a previous motion filed by one party (Crum & Forster), it is understandable that counsel did not think it necessary to directly contact any others prior to filing the motion.

Nor does the Court imply by this that counsel for Sentry were without fault. Inherent in this analysis is that Sentry's neglect "was at least a partial cause of its failure to respond." *Rogers*, 167 F.3d at 939. The opposition memoranda filed by Sentry on the submission date were well crafted, with more than twenty footnotes, multiple citations to case law, and numerous citations to the record. They clearly were not prepared in one day. As soon as counsel for Sentry realized that the motions at issue were filed in a suit in which it was a direct defendant, it should have moved immediately for an extension of time in which to file an opposition and/or to continue the submission date for the motion. *See* Pre-Trial Order No. 10 ("If counsel require additional time beyond that provided in the Local Rules or otherwise set by the Court in which to prepare an opposition memorandum, a motion seeking such relief must be filed.") (Rec. Doc. 301 at 2). At a minimum, counsel should have informed the Court and opposing counsel that it would be filing an opposition, albeit a late one.

Nevertheless, the culpability of counsel on both sides is negligible. Each of them acted in good faith. In litigation as large and complex as this, with thousands of member cases, oversights are bound to occur. It is important here that the length of the delay and its potential impact on the judicial proceedings are very slight. Moreover, the prejudice to the plaintiffs is negligible. The only consequence to them of granting relief to Sentry is that their motions for new trial will now be heard on their merits, with an opposing party being given an opportunity to be heard. Considering all of the circumstances and weighing all of the equities, the Court concludes that relief from its prior rulings is appropriate under Rule 59(e) and Rule 60(b)(1). Sentry should be granted an opportunity to be heard so that the underlying motions for new trial may be fully considered on their merits. Accordingly,

**IT IS ORDERED** that:

(1) the **Motions for Reconsideration of Court's October 19, 2011 Ruling (Rec. Doc. 23276)** and the **Motion for Reconsideration of Court's October 19, 2011 Ruling (Rec. Doc. 23277)**, both filed by defendant Sentry Insurance A Mutual Company, are hereby **GRANTED**;

(2) this Court's **Order and Reasons dated October 19, 2011 (Rec. Doc. 23235)**, in which the Court granted the Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order filed by plaintiff Penny Saunders (Rec. Doc. 23032) on the ground that no memorandum in opposition had been filed, and this Court's **Order and Reasons dated October 19, 2011 (Rec. Doc. 23236)**, in which the Court granted the Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order filed by plaintiff Laura Domingo (Rec. Doc. 23031) on the ground that no memorandum in opposition had been filed, are hereby **VACATED**; and

(3) the **Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order (Rec. Doc. 23032)**, filed by plaintiff Penny Saunders, and the **Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order (Rec. Doc. 23031)**, filed by plaintiff Laura Domingo, are hereby set for submission to the Court on **November 30, 2011, at 9:30 a.m.**, without oral argument.

New Orleans, Louisiana, this 16th day of November, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**