UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N |
| | * | |
| This document relates to: | * | |
|    *Gwendolyn White v. R-Vision, Inc.* | * | |
|    No. 09-4734 | * | |
|    Plaintiffs: | * | |
|    Germaine Miller obo Micah Wilkerson | * | |
|    Rebecca Poiroux | * | |
|    Quincy Demense Gibson | * | |
|    Sabrina Mitchell obo Blessing Mitchell | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO
PLAINTIFF FACT SHEETS

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of the following plaintiffs:

1. Germaine Miller obo Micah Wilkerson
2. Rebecca Poiroux
3. Quincy Demense Gibson
4. Sabrina Mitchell obo Blessing Mitchell

(collectively, the "*White* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

I.   **Factual Background.**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to
> interrogatories under Fed. R. Civ. P. 33, and request for production
> of documents under Fed. R. Civ. P. 34, and must be supplemented
> in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed <u>and signed</u> PFS."[3]

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

2

## II.    Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Gwendolyn White et al. v. R-Vision, Inc., et al.*, No. 09-4734, was filed in July of 2009. Because the *White* Plaintiffs were added as plaintiffs in the MDL before November 30, 2009, PTO No. 32 Section F, governs the submittal of their PFS. This section states:

> For any Complaint that is filed on or before November 30, 2009 and for which the individual(s) has not completed a PFS, service of the completed and verified PFS forms for each named plaintiff shall be served by December 31, 2009. Any individual who has filed suit on or before November 30, 2009 and who fails to complete and serve a PFS form on or before December 31, 2009, shall have his/her claim dismissed with prejudice, absent a showing of good cause.

Section F of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *White* matter to submit a PFS was December 31, 2009. To date, each of the plaintiffs have submitted a PFS that is incomplete and missing several key datafields. As such, in accordance with PTO No. 32, the proper remedy is dismissal of these plaintiffs' claims, *with prejudice.*

3

#1,060,384

Undersigned counsel has contacted counsel for the *White* Plaintiffs who advised that he <u>opposes</u> this Motion to Dismiss.

1. <u>Germaine Miller obo Micah Wilkerson</u>

On June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Germaine Miller obo Micah Wilkerson had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit A.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit B.) The PFS identifies two trailer manufacturers: Forest River and R-Vision and a VIN number for each trailer. However, the PFS only provides a bar code, move-in and move-out dates, installation address, and other information for a "Cavalier" trailer. There is no information placing Micah Wilkerson in an R-Vision trailer at any time.

The original PFS for Germaine Miller obo Micah Wilkerson was also deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☐ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |
| ☐ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |

4

#1,060,384

| | | |
|---|---|---|
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☐ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☐ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

In response to undersigned counsel's deficiency letter, counsel for this plaintiff provided Plaintiff Fact Sheet Deficiency Answers, but several responses merely asserted a lack of knowledge and therefore are still deficient. For example, Germaine Miller obo Micah Wilkerson cited lack of knowledge of whether anyone who resided with Micah used tobacco products. (See Exhibit C.) Without this basic information, it is impossible for Liberty Mutual to defend this claim or evaluate the merits of the plaintiffs' claim for settlement.

2. <u>Rebecca Poiroux</u>

On June 17, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Rebecca Poiroux had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit D.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit E.) The PFS identifies two trailer manufacturers: Gulfstream and R-Vision and a VIN number for each trailer.

The original PFS for Rebecca Poiroux was also deficient in the following key datafields:

| | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |

#1,060,384

| | | |
|---|---|---|
| ☐ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☒ | Move In Date | V.A.6. |
| ☒ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☐ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

In response to undersigned counsel's deficiency letter, counsel for this plaintiff provided Plaintiff Fact Sheet Deficiency Answers, but several responses merely asserted a lack of knowledge and therefore are still deficient. For example, Rebecca Poiroux cited lack of knowledge of whether she is claiming mental or emotional damages, or medical expenses. She also did not recall the move-in date, move-out date, number of hours spent in the trailer each day, if anyone who resided with her used tobacco products or her relevant medical history. (See Exhibit F.)

#1,060,384

3. <u>Quincy Demense Gibson</u>

On June 17, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Quincy Demense Gibson had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit G.) Plaintiff's counsel has provided a PFS that was not complete and is not signed or dated. (See Plaintiff Fact Sheet, Exhibit H.)

The original PFS for Quincy Demense Gibson was also deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☒ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

#1,060,384

In response to undersigned counsel's deficiency letter, counsel for this plaintiff provided Plaintiff Fact Sheet Deficiency Answers, but several responses merely asserted a lack of knowledge and therefore are still deficient. For example, Quincy Gibson did not recall whether he is claiming mental or emotional disease, reimbursement of medical expenses or making a wage claim, the number of hours spent in the trailer each day, the names of the other trailer residents or their smoking history, or his own relevant medical history. (See Exhibit I.)

    4.<u>Sabrina Mitchell obo Blessing Mitchell</u>

On June 21, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Sabrina Mitchell obo Blessing Mitchell had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit J.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit K.) The PFS identifies two trailer manufacturers: Gulfstream and R-Vision and a VIN number for each trailer. However, the PFS only provides a bar code, move-in and move-out dates, installation address, and other information for the Gulfstream trailer. There is no information placing Blessing Mitchell in an R-Vision trailer at any time.

The original PFS for Sabrina Mitchell obo Blessing Mitchell was also deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☐ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |

8

#1,060,384

| | | |
|---|---|---|
| ☐ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☐ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☐ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

These deficient key datafields have not been corrected.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of the *White* Plaintiffs, with prejudice.

III. **Conclusion**

As established above, the *White* Plaintiffs named herein have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal

#1,060,384

Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

                              Respectfully submitted,

                              /s/ **Kristopher M. Redmann**
                            **KRISTOPHER T. WILSON, La. Bar #23978**
                            **KRISTOPHER M. REDMANN, La. Bar #18397**
                            **ANNE E. BRIARD, La. Bar #29102**
                            **LUGENBUHL, WHEATON, PECK, RANKIN &**
                                      **HUBBARD**
                            601 Poydras Street, Suite 2775
                            New Orleans, Louisiana 70130
                            Telephone: (504) 568-1990
                            **Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

    I hereby certify that on November 18, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                                          s/Kristopher M. Redmann
                                    Kristopher M. Redmann, La. Bar No. 1839

#1,060,384