UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N |
| | * | |
| This document relates to: | * | |
|    *Gwendolyn White v. R-Vision, Inc.* | * | |
|    No. 09-4734 | * | |
|    Plaintiffs: | * | |
|       Dawn Esposito obo Elizabeth Esposito | * | |
|       Debra Bradley | * | |
|       Dawn Esposito obo Cameron Esposito | * | |
|       Dorothy Thompson | * | |
|       Clauzell Bradley | * | |
|       Cornell Bradley | * | |
|       Charlotte Spencer | * | |

* * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO
PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of the following plaintiffs:

1. Dawn Esposito obo Elizabeth Esposito
2. Debra Bradley
3. Dawn Esposito obo Cameron Esposito
4. Dorothy Thompson
5. Clauzell Bradley
6. Cornell Bradley
7. Charlotte Spencer

#1,057,880

(collectively, the "*White* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

### I.  Factual Background.

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.

2

procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed <u>and signed</u> PFS."[3]

**II.     Law and Argument**

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Gwendolyn White et al. v. R-Vision, Inc., et al.*, No. 09-4734, was filed in July of 2009. Because the *White* Plaintiffs were added as plaintiffs in the MDL before November 30, 2009, PTO No. 32 Section F, governs the submittal of their PFS. This section states:

> For any Complaint that is filed on or before November 30, 2009 and for which the individual(s) has not completed a PFS, service of the completed and verified PFS forms for each named plaintiff shall be served by December 31, 2009. Any individual who has filed suit on or before November 30, 2009 and who fails to complete and serve a PFS form on or before December 31, 2009, shall have his/her claim dismissed with prejudice, absent a showing of good cause.

---

[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

3

Section F of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *White* matter to submit a PFS was December 31, 2009.  To date, each of the plaintiffs have submitted a PFS that is incomplete and missing several key datafields.  As such, in accordance with PTO No. 32, the proper remedy is dismissal of these plaintiffs' claims, *with prejudice.*

Undersigned counsel has contacted counsel for the *White* Plaintiffs who advised that he opposes this Motion to Dismiss.

1. Dawn Esposito obo Elizabeth Esposito

On May 20, 2011 and June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Dawn Esposito obo Elizabeth Esposito had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32.  (See Exhibit A and B.)  Plaintiff's counsel has provided a PFS that was not complete.  (See Plaintiff Fact Sheet, Exhibit C.)  The PFS identifies three trailer manufacturers: Gulfstream, Coachmen, and R-Vision and a VIN number for each trailer.  However, the PFS only provides move-in and move-out dates, installation address, and other information for a "Cavalier" trailer.  There is no information placing Elizabeth Esposito in an R-Vision trailer at any time.

In addition, the PFS for Dawn Esposito obo Elizabeth Esposito is not dated.  The original PFS for Dawn Esposito obo Elizabeth Esposito was also deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |

4

| | | |
|---|---|---|
| ☐ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

In response to undersigned counsel's deficiency letter, counsel for this plaintiff provided Plaintiff Fact Sheet Deficiency Answers, but several responses merely asserted a lack of knowledge and therefore are still deficient. For example, Dawn Esposito obo Elizabeth Esposito cited lack of knowledge of whether anyone who resided with Elizabeth used tobacco products or whether any doctor or health care provider treated Elizabeth for injuries due to formaldehyde exposure. (See Exhibit D.) Without this basic information, it is impossible for Liberty Mutual to defend this claim or evaluate the merits of the plaintiffs' claim for settlement.

2. <u>Debra Bradley</u>

On June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Debra Bradley had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit E.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit F.) The PFS identifies two trailer manufacturers: Organic and

5

Gulfstream and a VIN number for each trailer. (The VIN number for the Organic trailer is an R-Vision VIN number.) However, the PFS only provides move-in and move-out dates, installation address, and other information for the Gulfstream trailer. There is no information placing Debra Bradley in an R-Vision trailer at any time.

On review of Clauzell Bradley and other plaintiffs' PFS, the key datafield for names of all trailer residents also appears to be incomplete. This field lists Debra Bradley only; however, the PFS lists the same VIN numbers for trailers on PFSs submitted by Clauzell Bradley and Cornell Bradley. Further, Cornell Bradley's PFS lists Debra Bradley as a co-trailer inhabitant while Clauzell Bradley's does not.

The original PFS for Debra Bradley was also deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☐ | Names of all trailer residents (residing) | V.E. |

| | | |
|---|---|---|
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

In response to undersigned counsel's deficiency letter, counsel for this plaintiff provided Plaintiff Fact Sheet Deficiency Answers, but several responses merely asserted a lack of knowledge and therefore are still deficient. For example, Debra Bradley stated in response to Section III, C, 3 regarding her diagnosed illness:

**Answer**
I do not recall whether my conditions were suffered prior to trailer or if were worsened by the trailer.

Plaintiff also did not recall the amount of her claim for medical expenses, the doctors or health care providers who treated her, or the smoking history of any other trailer residents. (See Exhibit G.)

3. <u>Dawn Esposito obo Cameron Esposito</u>

On May 20, 2011 and June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Dawn Esposito obo Cameron Esposito had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit H and I.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit J.) The PFS identifies three trailer manufacturers: Gulfstream, Coachmen, and R-Vision and a VIN number for each trailer. However, the PFS only provides move-in and move-out dates, installation address, and other information for a "Cavalier" trailer. There is no information placing Cameron Esposito in an R-Vision trailer at any time. In addition, the PFS for Dawn Esposito obo Cameron Esposito is not dated.

4. <u>Dorothy Thompson</u>

7

On June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Dorothy Thompson had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit K.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit L.) Although the government-provided information on the PFS identifies an R-Vision trailer and VIN number, all the other trailer information provided in the PFS (move-in and move-out dates, installation address, etc.) is for a Gulfstream trailer, VIN # 1INLIGT2164293. There is no information placing Dorothy Thompson in an R-Vision trailer at any time.

The original PFS for Dorothy Thompson was also deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☐ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |
| ☐ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |

|  |  |  |
|---|---|---|
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☐ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

In response to undersigned counsel's deficiency letter, counsel for this plaintiff provided Plaintiff Fact Sheet Deficiency Answers, but several responses merely asserted a lack of knowledge and therefore are still deficient. For example, Dorothy Thompson that she did not recall the names or other information for the other persons who resided in her FEMA trailer, or whether anyone who resided with her used any kind of tobacco product. (See Exhibit M.)

5. <u>Clauzell Bradley</u>

On June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Clauzell Bradley had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit N.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit O.) The PFS identifies two trailer manufacturers: Organic and Gulfstream and a VIN number for each trailer. (The VIN number for the Organic trailer is an R-Vision VIN number.) However, the PFS only provides move-in and move-out dates, installation address, and other information for the Gulfstream trailer. There is no information placing Clauzell Bradley in an R-Vision trailer at any time. Instead, Mr. Bradley's Plaintiff Fact Sheet Deficiency Answers say: "After matching my information with the government, it was found that I did live in a trailer manufactured by <u>Gulfstream.</u>" (See Exhibit P (emphasis added)).

The original PFS was also deficient in the following key datafields:

|  | **INFORMATION/DATA** | **PFS SECTION** |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |

9

| | | | |
|---|---|---|---|
| | ☐ | Checklist | III.C. |
| | ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| | ☒ | Psychological Treatment | III.C.8. |
| | ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| | ☐ | Date of Birth | IV.C. |
| | ☐ | Only if you are making a wage claim | IV.F.3 |
| | ☒ | Manufacturer | V.A.1. |
| | ☐ | Vin # | V.A.2. |
| | ☐ | FEMA I.D. # | V.A.3. |
| | ☐ | Bar Code | V.A.4. |
| | ☐ | Move In Date | V.A.6. |
| | ☐ | Move Out Date | V.A.7. |
| | ☐ | Installation Address (physical location) | V.A.8. |
| | ☐ | Number of hours spent in the trailer each day | V.13. |
| | ☐ | Names of all trailer residents (residing) | V.E. |
| | ☐ | Plaintiff's Smoking History | VI.C. |
| | ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| | ☐ | Prior Medical History | VI(F)(1&4) |
| | ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| | ☐ | Produce Records | VIII (A-D) |

On review of Clauzell Bradley and other plaintiffs' PFS, the key datafield for names of all trailer residents also appears to be incomplete. This field lists Clauzell Bradley only; however, the PFS lists the same VIN numbers for trailers on PFSs submitted by Debra Bradley and Cornell Bradley. Further, Cornell Bradley's PFS lists Clauzell Bradley as a co-trailer inhabitant while Debra Bradley does not. (See Exhibit O.)

Plaintiff Clauzell Bradley's deficiency answers also do not contain any helpful information in response to several other deficiencies. In response to Item III.C.3 requesting information about his diagnosed illness, this plaintiff cryptically responded:

10

| Answer |
| --- |
| I do not recall if I experienced these symptoms. |

(See Exhibit P.) In response to the deficiency letters, Clauzell Bradley further responded that he did not recall if he is claiming mental and/or emotional damages, the amount of medical expenses claimed or the doctor who treated him for any disease. He also did not recall if anyone who resided with him used tobacco products.

6. <u>Cornell Bradley</u>

On June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Cornell Bradley had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit Q.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit R.) The PFS identifies two trailer manufacturers: Organic and Gulfstream and a VIN number for each trailer. (The VIN number for the Organic trailer is an R-Vision VIN number.) However, the PFS only provides move-in and move-out dates, installation address, and other information for the Gulfstream trailer. There is no information placing Cornell Bradley in an R-Vision trailer at any time. Instead, Mr. Bradley's Plaintiff Fact Sheet Deficiency Answers say: "After matching my information with the government, it was found that I did live in a trailer manufactured by <u>Gulfstream.</u>" (See Exhibit S (emphasis added)).

The original PFS was also deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
| --- | --- | --- |
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |

| | | |
|---|---|---|
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☐ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

Plaintiff Clauzell Bradley's deficiency answers also do not contain any helpful information in response to several other deficiencies. In response to the deficiency letters, Clauzell Bradley further responded that he did not recall his place of birth, if anyone who resided with him used tobacco products, or the doctor or health care provider(s) who treated him. (See Exhibit S.)

7. Charlotte Spencer

On June 15, 2011 counsel for Liberty Mutual notified attorney Robert Hilliard in writing that plaintiff Charlotte Spencer had not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. (See Exhibit T.) Plaintiff's counsel has provided a PFS that was not complete. (See Plaintiff Fact Sheet, Exhibit U.) The PFS identifies two trailer manufacturers: R-Vision and Fleetwood, and a VIN number for each trailer. However, the PFS only provides move-in and

move-out dates, installation address, and other information for the Fleetwood trailer. There is no information placing Charlotte Spencer in an R-Vision trailer at any time.

The original PFS for Debra Bradley was also deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☐ | Checklist | III.C. |
| ☐ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |
| ☐ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☐ | Produce Records | VIII (A-D) |

In response to undersigned counsel's deficiency letter, counsel for this plaintiff provided Plaintiff Fact Sheet Deficiency Answers, but several responses merely asserted a lack of knowledge and therefore are still deficient. For example, Charlotte Spencer did not recall the

doctors or health care providers who treated her, or the smoking history of any other trailer residents. (See Exhibit V.)

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of the *White* Plaintiffs, with prejudice.

### III. Conclusion

As established above, the *White* Plaintiffs named herein have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

   /s/ Kristopher M. Redmann
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                                                                                      _____s/Kristopher M. Redmann_____

                                                                                      Kristopher M. Redmann, La. Bar No. 1839