UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION: N(5) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| *Alexander et al. v. Gulf Stream Coach, Inc. et al.* | * | MAG: CHASEZ |
| Civil Action No. 09-8646 | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>OPPOSITION TO MOTION FOR LEAVE TO FILE
FIRST SUPPLEMENTAL AND AMENDED COMPLAINT</u>**

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above-entitled action seek to add new plaintiffs to their "matched" claim against defendant, Gulf Stream Coach, Inc. ("Gulf Stream"). On November 14, 2011, Plaintiffs filed a Motion for Leave to supplement the claim by adding six new plaintiffs. *See* Rec. Doc. 23511-1, p. 1. These six plaintiffs are already involved in the FEMA litigation, with some of them having previously brought direct suit against Cavalier Home Builders, LLC, and others having brought suit against Forest River, Inc.[1] Gulf Stream now appears before this Honorable Court to oppose the motion because the amended pleading would be futile.

**I. FIVE OF THE SIX PLAINTIFFS HAVE ALREADY SUED GULF STREAM**

As this Court is likely aware, Plaintiffs have poorly managed the thousands of lawsuits they have brought against Gulf Stream and the other defendants, resulting in numerous duplicative lawsuits. Highlighting the mismanagement is the fact that <u>five of the six proposed new plaintiffs have already filed suit against Gulf Stream under separate civil actions numbers</u>. Plaintiffs Keith Brown, Willie Brown, Joseph Jones, Glenda Williams and Rhonda King are already named plaintiffs

---

[1]     Plaintiffs did not provide which of the six sued Cavalier and which of the six sued Forest River.

in multiple suits that are matched against Gulf Stream.² In fact, **plaintiff Willie Brown is already a plaintiff in the *Alexander* matter**, 09-8646. Accordingly, their placement into yet another suit against Gulf Stream is needless and duplicative, so the amendment as to these five must be denied. Gulf Stream advises that in an effort to preserve order and efficiency, it will file a separate pleading moving to dismiss these plaintiffs from the duplicative suits.

## II.  THE DEADLINE TO MATCH HAS EXPIRED.

Leave to supplement should be denied because the plaintiffs did not "match" their claims to a particular defendant in accordance with the deadline established by the Court for doing so. The amendment is therefore futile because if it were allowed, Gulf Stream would immediately seek dismissal of these plaintiffs for failure to comply with the Court's prior Pre-Trial Orders. This Court has previously held that leave will not granted when the amended claim would be futile. *Conry v. Daugherty*, 2011 WL 4807892, *5 (E.D. La. Oct. 11, 2011).

On May 27, 2009, this Court issued Pretrial Order #38 (Rec. Doc. #1596), which placed on each plaintiff the burden of identifying and naming the sole manufacture responsible for erecting the travel-trailer in which he or she was housed through the Federal Emergency Management Agency ("FEMA"). On May 26, 2010, this Court issued Pretrial Order #68 (Rec. Doc. #14200), which ordered that all matching requests by plaintiffs should be received by FEMA by June 15, 2010. This order required all plaintiffs receiving responses to comply with all other Pretrial Orders – namely Orders #38 and #53 concerning the individual matching of manufacturer and contractor defendants to the correct plaintiff parties – by August 02, 2010.³ Pretrial Order #68 (Rec. Doc. #14200) further

---

2   **Keith Brown** – *Anderson*, 09-8665; *Johnson*, 09-8687; *Bachemin*, 09-8701; *Allen,* 09-8645. **Willie Brown** – *Anderson*, 09-8665; *Blanchard*, 09-8667; *Jones*, 09-8700; *Allen*, 09-8645; *Alexander*, 09-8646. **Joseph Jones** – *Jones*, 09-8700; *Anderson*, 09-8665; *Blanchard*, 09-8667; *Beaver*, 09-8668. **Glenda Williams** – *Adams*, 09-8644. **Rhonda King** – *Adams*, 09-8644.

3   Pretrial Order #68 also allowed plaintiffs a narrow exception identified as the "last chance" process by which he or she could receive matching data after the June 15, 2010, so long as strict protocol was followed. However,

declared November 01, 2010, as the date by which plaintiffs had to match, and as the date on which the defendants could seek dismissal of all actions that failed to comply with Orders #38 or #68.

In this case, the proposed plaintiffs moved to "match" their claims against Gulf Stream on November 14, 2011, over a year after the deadline to do so expired. Plaintiffs provide no explanation whatsoever in the Motion as to why this was not done previously, nor why they should be allowed to match over a year after the deadline to do so expired. The Supplemental Petition attempt is a blatant effort to avoid the prior deadlines by inserting new plaintiffs into timely-matched suits. Plaintiffs cannot avert the application of Court-established deadlines in this fashion. Accordingly, Gulf Stream respectfully submits that the Court should deny the Motion for Leave to add these plaintiffs.

### III.    THE PROPOSED PLAINTIFFS' CLAIM AGAINST GULF STREAM IS PRESCRIBED, AND THE SUPPLEMENTAL CLAIM WILL NOT RELATE BACK.

Under Louisiana law, a plaintiff has one year to bring a tort suit against the alleged tortfeasor, and it runs from the date the plaintiff sustains injury or damage. La. Civ. Code. art. 3492 (2011). Here, the six proposed plaintiffs did not specifically list the date on which their injury occurred. However, the alleged injury obviously occurred prior to or during 2009, when the six filed their claims against Cavalier and Forest River to recover for their injuries. *See Davis v. Cavalier*, 2:09-cv-8656; *Ambeau v. Forest River*, 2:09-cv-8702. So, at the very latest, these plaintiffs were obligated to file their tort suits by some date in 2010. However, they did not even attempt to bring suit against Gulf Stream until November 14, 2011, well after the one-year prescriptive period expired. Therefore, their claim is prescribed on its face, and any amendment to add Gulf Stream is futile.

In addition to the fact that the claim is prescribed on its face, the claim also will not relate back to the date of the original filing. When an amendment changes the party against whom a claim is asserted, the claim relates back only if the party to be added "knew or should have known that the

---

motions requesting access to the "last chance" had to be received by August 02, 2010, as well.

action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

The U.S. Court of Appeals for the Fifth Circuit has held that a plaintiff's failure to name a defendant because plaintiff lacked knowledge about the defendant's identity does not qualify as a "mistake" under Rule 15(c). *Jenkins v. Stan Ware Enterprises, Inc.*, 2008 WL 4091926, *5 (W.D. La. Aug. 27, 2008). According to the Fifth Circuit, Rule 15 "does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998). Relation back will not allow a plaintiff to amend when she intended to sue a particular party, did so, and then determined that she sued the wrong party. *Id.* (citing *Wilson v. U.S. Gov't*, 23 F.3d 559, 563 (1st Cir. 1994)). "We have no doubt that Rule 15(c) is not designed to remedy such mistakes." *Id.*

This Honorable Court has handed down a similar holding in a recent case. Regarding the question of whether a plaintiff could use relation back to justify the addition of a new defendant, the Court in *In re Katrina Canal Breaches Consol. Litig.*, held:

> Thus, amendment with relation back is generally permitted in order to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run.

2008 WL 3906760, *6 (E.D. La. Aug. 26, 2008) (citing *Worthington v. Wilson*, 8 F.3d 1253 (7th Cir. 1993)).

These holdings are directly applicable to this case. Here, the plaintiffs allegedly made a mistake by suing Cavalier and Forest River. Rather than adding Gulf Stream as a defendant, as the plaintiffs did in the above-cited cases, the six proposed plaintiffs sought to insert themselves into

4

previously-filed suits against Gulf Stream. The effect is the same, though, as is the impermissibility of the action. These six plaintiffs originally intended to sue Cavalier and Forest River, they did so, and then they found that Cavalier and Forest River were the wrong manufacturers. Relation back does not allow them to change horses in midstream simply because they ascertained the correct identity of the alleged wrongdoer. Relation back, as the Fifth Circuit has recognized, was "not designed to remedy such mistakes." *Jacobsen*, 133 F.3d at 321. Thus, the amendment does not relate back to the date of her original filing and is therefore futile.

### IV.   CONCLUSION.

Plaintiff's amended claim against Gulf Stream is futile. The deadline to match has expired, the proposed new plaintiffs' claims are prescribed, and the amendment will not relate back to the date of the original filing. Therefore, the Court should deny Plaintiff leave to amend her claim.

Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____
**ANDREW D. WEINSTOCK (#18495)
JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
*Counsel for Gulf Stream Coach, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2011, a copy of the foregoing Opposition to Motion for Leave to Amend to File First Supplemental and Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com