UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>          FORMALDEHYDE PRODUCTS<br>          LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to: | JUDGE ENGELHARDT |
| *Suit No. 09-5423*<br>*Plaintiff:  Noah Messa* | MAG. JUDGE CHASEZ |

**MEMORANDUM IN SUPPORT OF *UNOPPOSED* MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PTO 2 AND 32**

Defendant Keystone RV Company ("Keystone") has filed an unopposed motion to dismiss, with prejudice, the claims of plaintiff Noah Messa, as represented by Brandy Swindler.[1]  As explained more fully below, Mr. Messa and/or Ms. Swindler have failed to comply with PTO Nos. 2 and 32 because they have not cured the deficiencies in his fact sheet within the deadlines for doing so. Plaintiff's counsel has no opposition to this motion or the proposed dismissal of Mr. Messa's claims.

**Plaintiff Fact Sheet Process**

The above captioned Multi-District Litigation was created in 2007 to allow for

---

[1] It is unclear whether Messa is a minor. The name on his fact sheet was written as "Brandy Swindler, O/B/O Noah Messa."  The fact sheet does not indicate Messa's age or whether Swindler is the parent or guardian of Messa.  In any event,

{B0763321.1}                                    1

the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued PTO No. 2, describing procedures for various case management issues.

PTO No. 2 introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form.[2] The order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet.

Outlining the curing process, the PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiffs' counsel a letter explaining the material deficiency in the PFS.[3]  The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[4]

On March 18, 2009, the Court amended Pre-Trial Order No. 2 with PTO No. 32 as to the issue of these fact sheets.[5]  Due to the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the provision of the

---

the fact sheet is severely deficient and has not been cured.

[2] Rec. Doc. No. 87.
[3] *Id.* at p. 8-9.
[4] *Id.*
[5] Rec. Doc. No. 1180.

{B0763321.1}                                              2

sheets. PTO No. 32 also retained the same curing procedure as was set forth in PTO No. 2.

## LAW AND ARGUMENT

The Court is authorized to dismiss a plaintiff's claims under Rule 41(b) of the Federal rules for failure to comply with a Court order, including the pre-trial orders issued in this case. This authority is based on the Court's power to manage and administer its own affairs, along with the authority to ensure the orderly and expeditious disposition of cases.[6] The rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[7]

Here, Mr. Messa and/or Ms. Swindler has not complied with the fact sheet process under PTO 2 and 32. Keystone sent a deficiency letter on June 30, 2011. To date, Mr. Messa and/or Ms. Swindler has not cured Messa's fact sheet. The plaintiff's counsel has now indicated that Messa is unable to cure the fact sheet and that they do not oppose dismissal. *See* Exhibit "A." Thus, Messa's claims should be dismissed.

## CONCLUSION

For the reasons set out in this memorandum, the Court should dismiss the claims of Plaintiff Noah Messa, with prejudice.

---

[6] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992).

[7] *Wrenn v. American Cast Iron Pipe Co.*, 575 F. 2d 544, 546 (5th Cir. 1978).

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
          -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Keystone RV Company*

Date:  November 21, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 21st day of November, 2011.

*s/Ryan E. Johnson*
_____
Ryan E. Johnson

{B0763321.1}                                   4