# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Leo Quezergue v. Jayco, Inc.* | * | |
| Docket No. 09-8640 | * | MAG. JUDGE CHASEZ |
| Plaintiff: George Brown | * | |

*****************************************************************************

**MEMORANDUM IN OPPOSITION OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco") respectfully moves this Honorable Court for an Order denying Plaintiff's Motion for Leave to File Second Supplemental and Amending Complaint for Damages[1] ("Plaintiff's Motion"). Specifically, Jayco opposes the addition of George Brown as a plaintiff. As more fully described below, George Brown is already a named plaintiff in the abovementioned case against Jayco. As such the supplemental and amending complaint is fundamentally unfair and unduly prejudicial to Jayco. Consequently, after consideration, Jayco respectfully requests that the Court deny Plaintiff's Motion to add plaintiff George Brown.

## 1.  FACTUAL BACKGROUND

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2,[2] describing procedures for various case management issues.

---

[1] R. Doc. No. 23513.
[2] Rec. Doc. No. 87.

The Court denied a request for class certification and issued PTO No. 36 on April 29, 2009,[3] which required the claims covered by the class to be either filed in existing underlying cases, by timely amendments to such existing cases or by the filing of new cases no later than August 1, 2009. The instant case of *Leo Quezergue v. Jayco, Inc.* was not filed until December 30, 2009, which is past the deadline set forth in PTO No. 36.

Subsequently, the Court issued PTO No. 38 on May 27, 2009,[4] which set forth, among other things, certain restrictions on the number of plaintiffs that could be filed per complaint, required that each complaint contain plaintiffs who have claims against the same manufacturer, where known and that unmatched plaintiffs be included in a separate Complaint, not to exceed 300 in number.

As a result of the filing of numerous complaints each listing a large number of manufacturing defendants, i.e., unmatched plaintiffs, the Court issued PTO 40 on June 17, 2009,[5] requiring that all unmatched plaintiffs be matched with a specific manufacturing defendant within 45 days of the date of filing of the complaint and that deadline was subject to extension for good cause shown. Once those plaintiffs were matched a specific manufacturing defendant, such plaintiffs were to be severed from their original complaint and plaintiffs' counsel were to file amended complains, each containing no more than 300 plaintiffs and naming only one manufacturing defendant.

Because of the large number of remaining unmatched plaintiffs, the Court issued PTO 49 on December 8, 2009,[6] which required that all unmatched plaintiffs shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint or, if

---

[3] Rec. Doc. No. 1386.
[4] Rec. Doc. No. 1596.
[5] Rec. Doc. No. 1781.
[6] Rec. Doc. No. 8908.

the Complaint had already been filed/transferred to this Court, within 20 days of the entry of this Order. The deadlines were subject to extension for good cause shown.

After holding status conferences in chambers with liaison counsel, steering committee members and counsel for the Government, the Court issued PTO No. 56 on January 19, 2010,[7] which in part granted several plaintiffs' motions for extensions of time to match plaintiffs giving them an extra 60 days to file amended complaints matching the unmatched plaintiffs. Thus, the PTO No. 49 deadline of December 28, 2009 for complaints already filed or transferred as of the entry of that order was extended by PTO No. 56 until February 26, 2010. In the instant case of *Leo Quezergue v. Jayco, Inc.*, the matching deadline for George Brown, pursuant to PTO No. 56, was February 26, 2010; thus, Plaintiff's Motion to add plaintiff George Brown is not timely.

To assist potential claimants for whom matching information had not been obtained from the USA, the Court entered PTO No. 68 on July 14, 2010[8] to provide a "last chance" process for them to obtain whatever other information is efficiently obtainable from other sources and to provide a date certain by which the matching effort will end and dismissals of claims for unmatched claimants will occur. According to paragraph II.B.5, "all potential claimants for whom matching information is provided by July 15, 2010 shall comply with previous pretrial orders….and concerning suing individual manufacturers and individual contractors, and shall make such filings on or before August 2, 2010." In that PTO, the Court provided a "last chance" process to obtain matching information necessary to comply with the Court's previous orders. In Section C of that PTO, the Court required plaintiffs' counsel to aver under oath certain information and file a motion seeking to participate in the last chance process on August 2, 2010. Plaintiffs' counsel in the instant matter have not represented that plaintiff George Brown took

---

[7] Rec. Doc. No. 10386.
[8] Rec. Doc. No. 14779.

place in this PTO No. 68 "last chance" process.

Notwithstanding the PTO No. 49 deadline (extended by PTO No. 56) of February 26, 2010 in the instant case of *Leo Quezergue v. Jayco, Inc.*, the matching deadline for George Brown pursuant to PTO No. 68 was August 2, 2010, assuming the plaintiff had previous difficulties in obtaining matching information from the USA.

## II. LAW AND ARGUMENT

### George Brown is a current, active plaintiff in the suit in which plaintiffs are seeking leave to place him.

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[9]  Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[10]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[11]

As discussed above, the Court has entered various orders setting deadlines for amendments and filing matched complaints.  Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the

---

[9] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA,* 315 F. 3d 533, 536 (5th Cir. 2003).
[10] *Id.* at 535 (citations omitted).
[11] *Id.*

plaintiff's motion.[12]  The plaintiff's burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

The plaintiffs have not made a serious attempt to explain why "good cause" exists to allow the proposed amendment.  In their supporting memorandum, they plainly state that they "were erroneously placed in the above-referenced suits."[13]  They also refer to unidentified "materials" and "documents" recently available to plaintiffs that gave them matching information.  The plaintiffs did not identify these documents, provide them to counsel for the defendants, or submit the documents to the Court.

Allowing Plaintiffs to amend their suit against Jayco to add George Brown for a second time would be fundamentally unfair as the action would be duplicative.  On December 15, 2010, plaintiffs sought leave to Amend and Supplement their complaint and added George Brown as a plaintiff.[14]  Once leave was granted, the plaintiffs filed the First Amended complaint on January 26, 2011 and George Brown was officially added as a plaintiff in the above-mentioned matter.[15]  It appears that George Brown was correctly added in January 2011, making the second request redundant.  Jayco has suggested to plaintiffs the possibility that the second request to add George Brown may have been made in error, but to no avail.  Plaintiffs should not be allowed to add George Brown to the complaint due to the duplicative nature of the request.

**Failure to Comply with PTOs**

Assuming arguendo that the George Brown the plaintiffs are currently seeking leave to add is an independent, unrelated George Brown from the George Brown who is presently active in the instant suit, Jayco again respectfully submits that the plaintiffs identified above have failed

---

[12] Rec. Doc. No.(s) 22999 and 8908
[13] Rec. Doc. No. 23513-1, p. 2.
[14] Rec. Doc. No. 18663.
[15] Rec. Doc. No. 20033.

to comply with PTO Nos. 36, 40, 49 and 68, and therefore, this Court should deny Plaintiffs' Motion to add plaintiff George Brown to this lawsuit.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[16]

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[17] Here, Plaintiffs' have recently moved this Court to allow them to supplement and amend their complaint to add a plaintiff that has never been listed in a Jayco law suit. However, plaintiffs have not complied with deadlines for matching plaintiffs with the correct manufacturing defendants pursuant to PTO Nos. 36, 40, 49 and 68. As noted above, the PTO No. 49 matching deadline (extended by PTO No. 56) for the instant case was February 26, 2010. Although Plaintiffs' counsel have not stated that plaintiff George Brown had prior difficulties obtaining matching information from the USA, assuming that was the case, the PTO No. 68 matching deadline for the instant case was August 2, 2010.

Plaintiffs have failed to comply with the above referenced PTOs with regard to matching deadlines and should not be allowed to amend their suit against Jayco to add George Brown at this late date.

---

[16] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).
[17] *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

**<u>George Brown's Claim Should be Dismissed Pursuant to PTO Nos. 49, 49 and 68</u>**

Once more, assuming the above identified George Brown is independent of the active George Brown already in *Leo Quezergue v. Jayco, Inc.*, Jayco respectfully submits that the plaintiff identified above has failed to comply with PTO Nos. 49 and 68, therefore, this Court should dismiss this George Brown's claims. Further, PTO 44 also states that, "At the end of the 45 day period, counsel for plaintiffs will also notify the court of any plaintiffs which remain unmatched and the civil action number of the original complaint in which they are named. The original claims by any plaintiff who has not filed an amended complaint or who has not notified the court of their continued unmatched status will be subject to dismissal, without prejudice, and without further notice." Because the plaintiffs in this action in which Jayco is a manufacturing defendant have not filed an amended complaint against Jayco to add George Brown as a plaintiff by February 26, 2010, George Brown's claim should be dismissed pursuant to PTO 40.

However, assuming that plaintiff George Brown had difficulties obtaining matching information from the USA and assuming that plaintiff George Brown did not take place in the PTO No. 68 "last chance" process, the deadline for matching this plaintiff in a suit against Forest River was August 2, 2010. Notwithstanding the PTO No. 49 deadline (extended by PTO No. 56) of February 25, 2010 in the instant case of *Leo Quezergue v. Jayco, Inc.*, the latest possible matching deadline for George Brown pursuant to PTO No. 68 was August 2, 2010. Consequently, George Brown's claim should be dismissed pursuant to PTO No. 68. The purpose for setting the deadline in PTO No. 68, as noted in its introductory sentence, was to "provide a date certain by which the matching effort will end and dismissals of claims for unmatched claimants will occur."

### Plaintiff's Motion to Amend would interfere with the Courts efficient administration of justice.

If George Brown is the same George Brown that is already a named plaintiff in the instant motion,[18] allowing him to be added a second time to a suit in which he is already a named plaintiff against Jayco, will result in Jayco having to file an additional Motion to Dismiss multiple claims made by the same plaintiffs, which clearly interferes with the Court's efficient administration of justice. Therefore, plaintiff's motion to add George Brown in a second time in the instant suit against Jayco should be denied.

Furthermore, if the addition of George Brown would not be a duplicative claim, granting Plaintiffs' motion to amend will now require Jayco to file a Motion to Dismiss the above George Brown from this lawsuit because this George Brown's claims have prescribed. Allowing Plaintiff to amend their complaint to add George Brown would interfere with this Court's efficient administration of justice because it is clear that plaintiffs have not complied with PTOs Nos. 36, 40, 49 and 68. Allowing plaintiffs to amend their complaint will result in more plaintiffs attempting to amend their complaints to add additional, previously-undisclosed plaintiffs that have not complied with the matching deadlines in PTOs Nos. 36, 40 and 49. Allowing the plaintiffs in this action to amend their complaint will no doubt negatively impact the Court's efficient administration of justice as it pertains to plaintiff George Brown and similarly situated previously-undisclosed plaintiffs in this MDL.

---

[18] Rec. Doc. No. 20033

## III. CONCLUSION

For the reasons set forth above, Jayco urges this Honorable Court to deny Plaintiff's Motion to File their Second Supplemental and Amending Complaint for Damages to add plaintiff George Brown.

Respectfully submitted,

**WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
      THOMAS L. COUGILL
      Texas State Bar No. 04877300
      Louisiana State Bar No. 31112
      R. MARK WILLINGHAM
      Texas State Bar No. 21641500
      JEFFREY P. FULTZ
      Texas State Bar No. 00790728
      Mississippi Bar No. 101058
      Niels Esperson Building
      808 Travis Street, Suite 1608
      Houston, Texas  77002
      (713) 333-7600 – Telephone
      (713) 333-7601 – Facsimile

      **Attorneys for Jayco, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically using the CM/ECF system.  Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system.  I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the _____ day of _____, 2011.

_s/*Thomas L. Cougill*_____
THOMAS L. COUGILL