UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENTS RELATES TO | * | MAGISTRATE CHASEZ |
| *Vincent Beverly, et al v. Recreation by* | * | |
| *Design, LLC, et al,* Docket No. 09-8650 | * | |

**************************************************************************

MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE
TO ADD NEW PLAINTIFFS

**NOW IN COURT,** through undersigned counsel, comes Defendant, Recreation by Design, LLC ("RBD"), who submits this memorandum in opposition to the plaintiffs' Motion for Leave to File First Supplemental and Amended Complaint at Rec. Doc. 23516.

FACTS AND PROCEDURAL HISTORY

The Motion for Leave to File First Supplemental and Amended Complaint at Rec. Doc. 23516 seeks to add plaintiffs, Esther Brown, Kendall Banks, Lena Brown, and Sharon Dehesa as plaintiffs in the underlying complaint naming RBD as a defendant, *Vincent Beverly, et al v. Recreation by Design, LLC, et al,* at Docket No. 09-8650. These four plaintiffs are currently named as plaintiffs in the *Kendall Banks, et al v. Oak Creek Homes, Inc., et al*, Docket No. 09-8694, matter.  Plaintiffs' refer to the *Banks* complaint as a "place-holder suit".  However, a review of the *Banks* complaint reveals that there was only one manufacturing defendant, namely mobile home manufacturer Oak Creek Homes, Inc./Oak Creek Homes, L.P., named as a defendant in the matter.  Further, in addition to only being matched with one manufacturing defendant, all plaintiffs named in the *Banks* complaint were also matched to a specific contractor

1

defendant. These characteristics identify the *Banks* matter as a "matched complaint" as opposed to simply a "place-holder suit".

Plaintiffs' basis for this motion to supplement is simply that "a review of documents and materials available to Plaintiffs now show that Plaintiffs were erroneously placed in the above-referenced suits and are now able to be matched to RBD".[1] Plaintiffs do not identify or attach as exhibits to their motion the "documents and materials" which provided the referenced matching information. Further, plaintiffs fail to state when the matching "documents and materials" became available.

Throughout this litigation, the Court has issued several Pretrial Orders ("PTO") related to the matching process. Briefly, the relevant sections of these orders as it concerns plaintiffs' motion are as follows:

**PTO 38:** The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.[2]

**PTO 49:** For complaints filed or transferred to the Eastern District before December 9, 2009, the deadline for matching was December 29, 2009.[3]

**PTO 49:** For complaints filed or transferred to the Eastern District after December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint.[4]

**PTO 49:** Matching deadlines would be extended only for "good cause" shown.[5]

**PTO 68:** The Court permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010.[6]

---

[1] *See* R.Doc. No. 23516-1 at pg. 2.
[2] *See* Rec. Doc. No. 1596.
[3] *See* Rec. Doc. No. 8908.
[4] *Id.*
[5] *Id.*
[6] *See* R.Doc. No. 14779.

2

The four plaintiffs at issue herein each appeared in a matched complaint filed on December 30, 2009. Therefore, pursuant to PTO No. 49, their "matching deadline" was February 12, 2010 (*i.e.,* 45 days after they filed suit on December 29, 2009). Moreover, assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68, they should have filed an appropriate motion no later than August 2, 2010. Plaintiffs did not file their Motion to Supplement until November 14, 2011, some one and a half years after the August 2, 2010 matching deadline.

**Law and Argument**

**Federal Rule 16(b) Analysis**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[7] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[8] "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[9] The Fifth Circuit has provided four factors to determine whether Rule 16(b) "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[10]

---

[7] *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).
[8] *Id.* at 535.
[9] *Id.* at 536.
[10] *Id.*

This Court has previously noted that because it entered PTO No. 49 which established deadlines for filing amendments based upon matching a plaintiff to the proper manufacturer or contractor, Rule 16 is applicable when determining whether leave for amendment of a complaint should be granted.[11]  Therefore, the four plaintiffs seeking to amend the *Beverly* complaint must first clear the hurdle of establishing good cause under Rule 16 before the standard Rule 15 will apply.[12]

Regarding the first factor, as stated above, plaintiffs offer no explanation as to why "good cause" exists to allow the proposed amendment.  Plaintiffs' simply state that "a review of documents and materials available to Plaintiffs now show that Plaintiffs were erroneously placed in the above-referenced suits and are now able to be matched to RBD".[13]  Plaintiffs do not identify or attach as exhibits to their motion the "documents and materials" which provided the matching information.  Therefore, plaintiffs have not presented the Court with evidence which would allow it to find "exigent or equitable circumstances that justify an exception to the long-labored, well publicized matching deadlines"[14] such that their request for leave to file an amended complaint should be granted.

The second factor, the "importance" of the amendment, clearly weighs in favor of the plaintiffs.  If the amendment is not allowed the plaintiffs' claims against RBD will likely be barred.  However, this Court has noted in response to a similar motion to amend, that the second factor by itself is not dispositive.[15]

---

[11] *See* Order and Reasons at R.Doc. No. 23546, pg. 4.
[12] *Id.*
[13] *See* R.Doc. No. 23516-1 at page 2.
[14] *See* Order and Reasons at R. Doc. No. 23546  pg. 5.
[15] *See* R. Doc. No. 22999, pg. 5.

If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendment.

As to the third and fourth factors, the Court concluded in a recent decision denying a similar motion for leave to amend, that "the potential prejudice in allowing the amendment is enormous, and the continuance of deadlines would only serve to compound the prejudice."[16] RBD would indeed be prejudiced if leave to amend is granted because prior to the filing of the motion for leave at issue, it did not have notice that the four plaintiffs resided in a RBD manufactured unit. As such, the opportunity for RBD to ensure that these plaintiffs have compiled with PTO Nos. 2, 32 and 88 as it relates to Plaintiff Fact Sheets has long since passed. Therefore, RBD could be faced with the possibility of defending and/or attempting to settle these plaintiffs' claims without having at a minimum, information contained in the 23 key data points identified by the parties as necessary for global settlement purposes.

Further, the following rationale expressed by the Court in its Order and Reasons at R. Doc. No. 23546, wherein the Court denied a comparable motion to amend regarding the third and fourth factors, also weigh against granting the instant plaintiffs' motion to amend. The Court noted that if it were to:

> re-open the matching deadlines, particularly based upon such vague and unsubstantiated grounds as are set forth here, the deadlines would become truly meaningless. If similarly situated plaintiffs were to take similar action, the burden to the defendants, plaintiffs' counsel, and the Court would be significant. But those who would suffer the greatest prejudice likely would be the thousands of plaintiffs who have complied with this Court's deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate.[17]

---

[16] *See* Order and Reasons at R. Doc. No. 23456 at pg. 5.
[17] *Id.*

For the reasons expressed above, and for the reasons expressed by this Court in R. Doc. Nos. 22999 and 23546, wherein this Court denied similar styled motions for leave to amend outside of the established matching deadlines under a Rule 16(b) analysis, RBD submits that this Court should likewise deny plaintiffs' motion for leave as they have failed to establish good cause for allowing a "matching" amendment outside of the applicable deadlines.

**Federal Rule 15(a) Analysis**

Just as the Court has previously denied similar styled motions for leave to amend outside of its imposed matching deadlines under a Rule 16(b) analysis, it has likewise held that such motions would also fail under a Rule 15(a) analysis.[18] This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[19] Moreover, when conducting the Rule 15 analysis, the Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[20] Further, although Rule 15(a) contains no time limit for permissive amendment, '[a]t some point [,] time delay on the part of a plaintiff can be procedurally fatal.[21] In the instant matter, the plaintiffs have not provided an explanation as to the lateness of the filing of their proposed amendments.  Thus, even under a Rule 15 standard, RBD submits to the Court that the Plaintiffs have not provided sufficient evidence such that their motion for leave to amend should be granted.

## Conclusion

For the reasons detailed in this memorandum, RBD submits the Court should deny the Motion for Leave to file First Supplemental and Amending Complaint filed by plaintiffs, Esther

---

[18] *See* R. Doc. No. 23546, pgs. 5 - 6.
[19] *Whitaker v. City of Houston,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted).
[20] *Lozano v. Owen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).
[21] *Whitaker,* 963 F.2d at 836, (quoting *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981)).

Brown, Kendall Banks, Lena Brown, and Sharon Dehesa.

                                         Respectfully submitted,

                                          **/s/ Kelly M. Morton**
                                         LYON H. GARRISON, Bar No. 19591
                                         SCOTT P. YOUNT, Bar No. 22679
                                         RANDALL C. MULCAHY, Bar No. 26436
                                         DARRIN L. FORTE, Bar No. 26885
                                         KELLY M. MORTON, Bar No. 30645
                                         GARRISON, YOUNT, FORTE
                                         & MULCAHY, LLC
                                         909 Poydras Street, Suite 1800
                                         New Orleans, Louisiana 70112
                                         Telephone: (504) 527-0680
                                         Facsimile: (504) 527-0686
                                         Attorneys for defendant,
                                         Recreation by Design, LLC
                                         Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 22, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                           **/s/ Kelly M. Morton**
                                         KELLY M. MORTON, Bar No. 30645