UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No. 09-5272 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38, 49 AND 68**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38, 49 and 68.

- Harriette Taylor (Plaintiff in *Baylis*, C.A. 09-5272)
- Harriette Taylor on behalf of R.D.M. (Plaintiff in *Baylis*, C.A. 09-5272)
- Harriette Taylor on behalf of K.D.T.(Plaintiff in *Baylis*, C.A. 09-5272)
- Harriette Taylor on behalf of D.L.T. (Plaintiff in *Baylis*, C.A. 09-5272)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests

for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed. Rec. Doc. No. 1596. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49 (Rec. Doc. 8908). For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id*. (emphasis omitted). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.* The above listed complaint was filed on August 3, 2009. Thus, plaintiffs' deadline

for matching to the correct, single manufacturing defendant expired on December 29, 2009. If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010. *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). Thus, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago. Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process, therefore it is more likely that his deadline expired nearly two years ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 38, 49 and 68, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any

3

claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. Recently, the Court entered PTO No. 88 requiring that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims. Rec. Doc. No. 22153.

**Harriette Taylor**

*Janet Decarla Baylis v. Forest River, Inc.* was filed September 17, 2009. After the complaint was filed, Forest River received the unsigned and undated Plaintiff Fact Sheet of Harriette Taylor (*See* Plaintiff Fact Sheet of Harriette Taylor, attached as Exhibit "A"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on May 4, 2011 and June 29, 2011, outlining all deficiencies of Harriette Taylor's PFS. (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, May 4, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's cancer history, VIN, move in and move out dates, smoking history, medical providers, documents, signed certification and authorizations were requested on May 4, 2011. In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information on the trailer VIN, smoking history of trailer residents, future medical claims and prior medical history. The appropriate 60 days for

responding to Forest River's Rule 37 Deficiency Letters has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff's PFS identified Coachmen, rather than Forest River, as the manufacturer bearing a VIN with a PCKD prefix, which is not a Forest River VIN prefix. Because this Plaintiff has clearly admitted that she did not stay in a Forest River unit (*See* Exhibit "A"), her claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| FEMA ID | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents(s) | VI.D. |
| Future Medical Claim | III.C.2 |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Only if you are requesting reimbursement of medical expenses | III.C.9. |
| Only if you are making a wage claim | IV.F.3. |
| Number of hours spent in trailer each day | V.13. |
| Signed Certification | |

(*See* Ex. "A")

Thus, Harriette Taylor has only answered 13 of the required 23 key questions, did not sign her PFS certification, did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct

manufacturing defendant. Therefore, this Plaintiff's PFS contains significant uncured deficiencies, she does not belong in a suit against Forest River and her claim should be dismissed accordingly.

### Harriette Taylor on behalf of R.D.M.

*Janet Decarla Baylis v. Forest River, Inc.* was filed September 17, 2009. After the complaint was filed, Forest River received the unsigned and undated Plaintiff Fact Sheet of R.D.M. (*See* Plaintiff Fact Sheet of R.D.M., attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on May 4, 2011 and June 29, 2011, outlining all deficiencies of R.D.M.'s PFS. (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's symptoms, cancer history, VIN, move in and move out dates, smoking history, medical providers, documents, signed certification, privacy act release and authorizations were requested on May 4, 2011. In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information on the trailer, FEMA Id, smoking history of trailer residents, future medical claims and prior medical history. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letters has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff's PFS identified Coachmen, rather than Forest River, as the manufacturer bearing a VIN with a PCKD prefix, which is not a Forest River VIN prefix. Because this Plaintiff has clearly admitted that she did not stay in a Forest River unit (*See* Exhibit "C"), her claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA ID | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents(s) | VI.D. |
| Future Medical Claim | III.C.2 |
| Checklist | III.C. |
| Diagnosed Illness | III.C.3. |
| Prior Medical History | VI (F) (1&4) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Produce Records | VIII (A-D) |
| Only if you are requesting reimbursement of medical expenses | III.C.9. |
| Only if you are making a wage claim | IV.F.3. |
| Number of hours spent in trailer each day | V.13. |
| Signed Certification | |

(*See* Ex. "C")

Thus, R.D.M. has only answered 10 of the required 23 key questions, did not sign her PFS certification, did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Therefore, this Plaintiff's PFS contains significant uncured deficiencies, she does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Harriette Taylor on behalf of K.D.T.**

*Janet Decarla Baylis v. Forest River, Inc.* was filed September 17, 2009. After the complaint was filed, Forest River received the unsigned and undated Plaintiff Fact Sheet of K.D.T. (*See* Plaintiff Fact Sheet of K.D.T., attached as Exhibit "D"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance

7

with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on May 4, 2011 and June 29, 2011, outlining all deficiencies of K.D.T's PFS. (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's cancer history, VIN, move in and move out dates, smoking history, medical providers, documents, signed certification and authorizations were requested on May 4, 2011. In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information on the FEMA Id, smoking history of trailer residents, future medical claims and prior medical history. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letters has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff's PFS identified Coachmen, rather than Forest River, as the manufacturer bearing a VIN with a PCKD prefix, which is not a Forest River VIN prefix. Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "D"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA ID | V.A.3. |
| Installation Address | V.A.8. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Residents(s) | VI.D. |
| Future Medical Claim | III.C.2 |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Only if you are requesting reimbursement of medical expenses | III.C.9. |
| Only if you are making a wage claim | IV.F.3. |

8

| | |
|---|---|
| Number of hours spent in trailer each day | V.13. |
| Signed Certification | |

(*See* Ex. "D")

Thus, K.D.T. has only answered 13 of the required 23 key questions, did not sign his PFS certification, did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Therefore, this Plaintiff's PFS contains significant uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Harriette Taylor on behalf of D.LT.**

*Janet Decarla Baylis v. Forest River, Inc.* was filed September 17, 2009. After the complaint was filed, Forest River received the unsigned and undated Plaintiff Fact Sheet of D.L.T. (*See* Plaintiff Fact Sheet of D.L.T., attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on May 4, 2011 and June 29, 2011, outlining all deficiencies of D.LT.'s PFS. (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's symptoms, cancer history, VIN, move in and move out dates, smoking history, medical providers, documents, signed certification and authorizations were requested on May 4, 2011. In response to the PTO 88, on June 29, 2011, Forest River requested additional information on the FEMA Id, smoking history of trailer residents, future medical claims and prior medical history. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letters has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff's PFS identified Coachmen, rather than Forest River, as the manufacturer bearing a

9

VIN with a PCKD prefix, which is not a Forest River VIN prefix. Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "E"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| FEMA ID | V.A.3. |
| Installation Address | V.A.8. |
| Smoking History of Other Trailer Residents(s) | VI.D. |
| Future Medical Claim | III.C.2 |
| Diagnosed Illness | III.C.3. |
| Symptoms | III.C. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Only if you are requesting reimbursement of medical expenses | III.C.9. |
| Only if you are making a wage claim | IV.F.3. |
| Number of hours spent in trailer each day | V.13. |
| Signed Certification | |

(*See* Ex. "E")

Thus, D.L.T. has only answered 11 of the required 23 key questions, did not sign his PFS certification, did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Therefore, this Plaintiff's PFS contains significant uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

The above listed plaintiffs admit that they did not stay in a Forest River housing unit. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other

10

issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

**CERTIFICATE OF SERVICE**

  I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 22, 2011 via electronic filing.

                _/s/ Ernest P. Gieger, Jr._