UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE: ENGELHARDT |
| **This Document Relates to:** | * | |
| *Cynthia Crawford, et al v.* | * | MAGISTRATE: CHASEZ |
| *Recreation by Design, LLC,* | * | |
| Docket No. 09-8629 | * | |

**************************************************************************

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims of plaintiffs:

1. Douglas Robinson
2. Alicia Winding
3. Myrdely Coleman
4. Carolyn Leblanc
5. Cornelia Robinson

with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2, 32 and 88 relating to the provisions of Plaintiff Fact Sheets.

**I.   FACTUAL BACKGROUND**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. To date, the Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation. In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No.

1

2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"), in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS. Specifically, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[4] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[5] Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88 ("PTO No. 88")[6]. PTO No. 88 reduced the number of PFS questions that a plaintiff is required to answer to twenty-three ("23"). These 23 key questions were identified by the Plaintiff Steering Committee and Defense Liaison Counsel as the minimum information required by the parties to evaluate a plaintiff's claim for global settlement purposes. PTO No. 88 also extended the time to cure a

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pgs. 8 - 9.
[4] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[5] *See* R. Doc. No. 1180.
[6] *See* R. Doc. No. 22153.

deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

## II. LAW AND ARGUMENT

In compliance with PTO Nos. 2, 32 & 88, the mover, through undersigned counsel, forwarded a deficiency letter to the above-referenced plaintiffs, though their counsel of record, on or about May 11, 2011, notifying the plaintiff of the specific deficiencies on their PFS.[7] As detailed below, to date, the PFS for the referenced plaintiffs remain deficient.

**1. Douglas Robinson:** To date, Douglas Robinson has not responded to the May 11, 2011 deficiency letter[8] and his PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[9] Further, Douglas Robinson only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[10] Specifically, Douglas Robinson did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.4. Bar Code
8. V.A.6. Move in Date

---

[7] *See* Exhibit "A", copy of cover letter forwarding Deficiency Letters to plaintiffs' counsel for plaintiffs included in this Motion to Dismiss.
[8] *See* Exhibit "B-1", Douglas Robinson Deficiency Letter.
[9] *See* Exhibit "B-2", PFS submitted for Douglas Robinson.
[10] *Id.*

3

  9. V.A.7. Move out Date

  10. V.A.8. Installation Address

  11. V.E. Name of all trailer residents

  12. V.13. Number of hours spent in trailer each day

  13. VI.C. Plaintiff's Smoking History

  14. VI.D. Smoking History of Other Trailer Resident(s)

  15. VI(F)(1 & 4) Prior Medical History

  16. VII.B. Treatment for Formaldehyde Related Injury

  17. VIII(A-D) Produce Records

Lastly, Douglas Robinson did not certify or date his PFS. For these reasons, the PFS submitted for Douglas Robinson is incomplete.

**2.**   **Alicia Winding:** To date, Alicia Winding has not responded to the May 11, 2011 deficiency letter[11] and her PFS includes responses to only ten (10) of the approximately 120 questions on the PFS.[12] Further, Alicia Winding only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[13] Specifically, Alicia Winding did not provide responses to the following 17 key questions:

  1. III.C.   Checklist

  2. III.C.2. Future Medical Claim

  3. III.C.3. Diagnosed Illness

  4. III.C.8. Psychological Treatment

  5. III.C.9. Total Medical Expenses

---

[11] *See* Exhibit "C-1", Alicia Winding Deficiency Letter.
[12] *See* Exhibit "C-2", PFS submitted for Alicia Winding.
[13] *Id.*

    6. IV.F.3. Only if you are making a wage claim

    7. V.A.3. FEMA I.D.#

    8. V.A.6. Move in Date

    9. V.A.7. Move out Date

    10. V.A.8. Installation Address

    11. V.E. Name of all trailer residents

    12. V.13. Number of hours spent in trailer each day

    13. VI.C. Plaintiff's Smoking History

    14. VI.D. Smoking History of Other Trailer Resident(s)

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

Lastly, Alicia Winding did not certify or date her PFS. For these reasons, the PFS submitted for Alicia Winding is incomplete.

**3.**     **Myrdely Coleman:** To date, Myrdely Coleman has not responded to the May 11, 2011 deficiency letter[14] and her PFS includes responses to only nine (9) of the approximately 120 questions on the PFS.[15] Further, Myrdely Coleman only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[16] Specifically, Myrdely Coleman did not provide responses to the following 17 key questions:

    1. III.C.    Checklist

    2. III.C.2. Future Medical Claim

---

[14] *See* Exhibit "D-1", Myrdely Coleman Deficiency Letter.
[15] *See* Exhibit "D-2", PFS submitted for Myrdely Coleman.
[16] *Id.*

5

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.F.3. Only if you are making a wage claim

7. V.A.3. FEMA I.D.#

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

Lastly, Myrdely Coleman did not certify or date her PFS. For these reasons, the PFS submitted for Myrdely Coleman is incomplete.

**4.    Carolyn LeBlanc:**   To date, Carolyn LeBlanc has not responded to the May 11, 2011 deficiency letter[17] and her PFS includes responses to only nine (9) of the approximately 120 questions on the PFS.[18]  Further, Carolyn LeBlanc only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring

---

[17] *See* Exhibit "E-1", Carolyn LeBlanc Deficiency Letter.
[18] *See* Exhibit "E-2", PFS submitted for Carolyn LeBlanc.

global resolution of claims.[19]  Specifically, Carolyn LeBlanc did not provide responses to the following 17 key questions:

1. III.C.    Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

Lastly, Carolyn LeBlanc did not certify or date her PFS.  For these reasons, the PFS submitted for Carolyn LeBlanc is incomplete.

**5.    Cornelia Robinson:**  To date, Cornelia Robinson has not responded to the May 11, 2011 deficiency letter[20] and her PFS includes responses to only ten (10) of the approximately 120

---

[19] *Id.*

questions on the PFS.[21] Further, Cornelia Robinson only provided responses to six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims.[22] Specifically, Cornelia Robinson did not provide responses to the following 17 key questions:

1. III.C. Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.F.3. Only if you are making a wage claim
7. V.A.3. FEMA I.D.#
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

---

[20] *See* Exhibit "F-1", Cornelia Robinson Deficiency Letter.
[21] *See* Exhibit "F-2", PFS submitted for Cornelia Robinson.
[22] *Id.*

Lastly, Cornelia Robinson did not certify or date her PFS. For these reasons, the PFS submitted for Cornelia Robinson is incomplete.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[23] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[24] Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with PTO Nos. 2, 32, and 88, FRCP 41(b) and FRCP 37(b)(2)(VI), the proper remedy as it regards the above-referenced plaintiffs is dismissal, with prejudice, of their claims.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it,

---

[23] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).
[24] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

As established above, plaintiffs:

1. Douglas Robinson
2. Alicia Winding
3. Myrdely Coleman
4. Carolyn Leblanc
5. Cornelia Robinson

have not submitted a complete PFS as directed by PTO Nos. 2, 32 and 88. Therefore, in accordance with PTO Nos. 2, 32, and 88, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), RBD's Unopposed Motion to Dismiss for Failure to Comply with PTO Nos. 2, 32 and 88 should be granted, dismissing the claims of the aforementioned plaintiffs, with *prejudice*.

Respectfully submitted,

 */s/ Kelly M. Morton*
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation By Design, LLC
Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

      I hereby certify that on November 23, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

                                                          */s/ Kelly M. Morton*
                                                        KELLY M. MORTON, Bar No. 30645