# Fran Jeblonski

| | |
|---|---|
| **From:** | Mike DiGiglia |
| **Sent:** | Monday, November 07, 2011 9:13 AM |
| **To:** | 'jcrose@becnellaw.com' |
| **Cc:** | Ernie Gieger; 'ANDREW WEINSTOCK'; Donna Uli; Fran Jeblonski; Megan Cambre; 'dbecnel@becnellaw.com'; 'mmoreland@becnellaw.com' |
| **Subject:** | FW: FEMA Trailer Formaldehyde Litigation - Motion for Leave to File Reply to Plaintiffs' Opposition to Forest River's Motion to Dismiss |
| **Attachments:** | 10-13 'Read' Receipt from Becnel.pdf |

Jennifer,

Although Matthew Morgan was inadvertently sent the email requesting permission to file the MTD as unopposed, as you can see in the email below, Danny Becnel WAS included in the email distribution and, as you can see by the attached "Read" Receipt, Danny actually opened up the email. Thus, your office DID actually receive the email, opened it and had plenty of time to tell us that you had the PFSs and you would send them to us. That would have allowed us the time to file a Motion to Partially Withdraw our MTD for all but the four plaintiffs and would have avoided the need for your office to file an opposition that contained over 900 pages of exhibits.

With regard to our "continuing to send fact sheet deficiency letters for deficiencies that don't exist," we only sent a deficiency letter on May 2, 2011 for the plaintiffs listed in the subject MTD stating that we did not have a PFS for those plaintiffs..............and you know the rest of the story. Thus, the "diatribe," as you call it, in our Reply alleging your office wasted everyone's time" is quite accurate.

Also, the letters found in Exhibit A to your opposition refers to "plaintiffs/claimants who resided in miscellaneous FEMA trailers," "plaintiffs/claimants who resided in FEMA trailers where the manufacturer is currently unknown," and "plaintiffs/claimants who resided in multiple FEMA trailers." It is obvious that the PFSs were NOT grouped on DVDs by manufacturer and plaintiffs' counsel were depending on Defense Liaison Counsel's office to sift through each of the PFSs on each of the DVDs, figure out which manufacturers' trailers the plaintiffs actually stayed in, if indicated, and then send those PFSs to the appropriate manufacturer, which is NOT how the process was supposed to work.

Thanks,

Mike



GIEGER, LABORDE & LAPEROUSE, L.L.C.
NEW ORLEANS: 701 Poydras Street, Suite 4800, New Orleans, LA 70139
Phone: 504-561-0400   Fax: 504-561-1011
HOUSTON: 1177 West Loop South, Suite 750, Houston, TX 77027
Phone: 832-255-6000   Fax: 832-255-6001

**J. Mike DiGiglia**
Of Counsel
Direct Dial: 504-654-1347
Facsimile: 504-561-1011
Email: mdigiglia@gllaw.com
Website: www.gllaw.com
LinkedIn: http://www.linkedin.com/in/mikedigiglia

CONFIDENTIALITY NOTICE: The following message may constitute a confidential attorney-client communication. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this communication in error, do not read it. Please delete it from your system without copying it, and notify the sender by reply e-mail or phone, so that our address record can be corrected.

EXHIBIT B