## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION<br><br>This document relates to:<br>   *Elica Allen v. R-Vision, Inc.*<br>    No. 10-2201<br>    Plaintiff:<br>      Billy Wilkinson | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION: N |

* * * * * * * * * * * * * * * * * * * * *

### LIBERTY MUTUAL'S REPLY IN SUPPORT OF MOTION
### TO DISMISS FOR FAILURE TO COMPLY WITH
### PRE-TRIAL ORDER NOS. 2 AND 32 (REC. DOC. 23523)

**NOW INTO COURT**, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), with this Reply in support of Liberty Mutual's Motion to Dismiss (Rec. Doc. 23523) and in response to Plaintiff's Opposition (Rec. Doc. 23595). Liberty Mutual is entitled to an Order dismissing the claims of plaintiff Billy Wilkinson with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

### LAW AND ARGUMENT

Counsel for Plaintiffs has filed an Opposition detailing attempts to obtain completed PFS information from plaintiff Billy Wilkinson. However, despite the diligent efforts of Plaintiffs' counsel, this plaintiff still has not provided a completed, signed PFS in a timely manner as required by the Court's pretrial orders. Accordingly, Billy Wilkinson's claims are due to be dismissed <u>with prejudice.</u>

#1075452

In opposition to Liberty Mutual's Motion, Plaintiffs have provided an affidavit of Nicole Porter, an employee of Watts Hilliard, stating that counsel has been unable to reach plaintiff Billy Wilkinson to obtain deficiency answers. (See Rec. Doc. 23595, Ex. A.)  Ms. Porter's affidavit evidences a long history of failure to comply with the Court's pretrial orders.  For example, the affidavits reflect that Plaintiff's counsel sent two "No Plaintiff Fact Sheet" letters to Billy Wilkinson on 7/30/2009 and 2/10/2010.  (See id., ¶6.)

Moreover, there has not been substantial compliance.  As pointed out in Liberty Mutual's original Motion, Billy Wilkinson's PFS is unsigned and missing 8 key datafields. In addition, as explained in Liberty Mutual's original Motion, the responses to several items on the PFS simply consisted of boilerplate responses asserting a lack of knowledge.  The foregoing facts are clear evidence of delay or contumacious conduct, and these deficiencies have not been corrected. Dismissal with prejudice is appropriate sanction to serve the interests of justice.

## CONCLUSION

For the reasons set forth above and in Liberty Mutual's Motion to Dismiss, Plaintiff Billy Wilkinson has not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. Liberty Mutual's Motion to Dismiss should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

   /s/ Kristopher M. Redmann
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

   s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397