UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N, 5 |
| | * | |
| This document relates to: | * | JUDGE ENGELHARDT |
| *Amber Jones v. R-Vision, Inc.* | * | |
| No. 09-7104 | * | |
| PLAINTIFFS: | * | |
| Gloria Bridges | * | |
| James Allen | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |

* * * * * * * * * * * * * * * * * * * *

### LIBERTY MUTUAL'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 (REC. DOC. 23519)

**NOW INTO COURT**, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), with this Reply in support of Liberty Mutual's Motion to Dismiss (Rec. Doc. 23519) and in response to Plaintiff's Opposition (Rec. Doc. 23586). Liberty Mutual is entitled to an Order dismissing the claims of the following plaintiffs:

1. Gloria Bridges
2. James Allen

(collectively, the "*Jones* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

#1075202

**LAW AND ARGUMENT**

Counsel for Plaintiffs has filed an Opposition detailing her attempts to obtain completed PFS information from each of the *Jones* Plaintiffs. However, despite the diligent efforts of plaintiffs' counsel, the *Jones* Plaintiffs still have not provided completed, signed PFSs in a timely manner as required by the Court's pretrial orders. Accordingly, the *Jones* Plaintiffs' claims are due to be dismissed with prejudice.

1. Gloria Bridges

Gloria Bridges' original PFS was deficient in 8 key datafields and was not signed or dated. In the fields for move-in date and move-out date, plaintiff Gloria Bridges identified only the year. Gloria Bridges also fails to identify the number of hours spent in the trailer each day.

The deficiency answers and Gloria Bridges' opposition to Liberty Mutual's Motion to Dismiss fail to sufficiently address these deficiencies. In response to questions about move-in and move-out dates, and number of hours spent in the trailer each day, plaintiff Gloria Bridges has only provided "ball park" figures that do not provide enough information for Liberty Mutual to evaluate the claim. For example in response to Item V.A.6 requesting move in date Gloria Bridges responded:

> **Answer**
> I moved in the FEMA unit in 2006, however do not recall the exact month I moved in.

The move-out date provided in the deficiency answers stated:

> **Answer**
> I moved out of the FEMA unit in 2007, however do not recall the exact month I moved out.

In response to Item VI.13, the number of hours spent in the trailer each day, Gloria Bridges responded:

> **Answer**
> I spent an average of 8 hours or more in the FEMA unit.

(See Rec. Doc. 23586, Ex. A.)  Further, in response to Item V.E requesting information about the other trailer residents, Gloria Bridges did not provide a full response but merely gave the names of persons.

While Gloria Bridges has provided a signed certification, that certification was only signed on November 3, 2011, after the Court-imposed deadline for signed PFSs.  (See Rec. Doc. 23586, Ex. B.)

   2.  <u>James Allen.</u>

In response to Liberty Mutual's Motion to Dismiss, Plaintiff James Allen has filed deficiency answers.  (See Rec. Doc. 23586, Ex. E.)  However, there has not been substantial compliance with the Court's pretrial orders.  James Allen's deficiency answers provide several boilerplate responses that merely assert a lack of knowledge. In response to Item III.C.8, psychological treatment, James Allen responded:

> **Answer**
> I do not recall whether I am claiming I suffered from mental and/or emotional damages as a result of residing in a FEMA trailer

In response to Item III.C.9, this plaintiff responded

> **Answer**
> I do not recall if I am requesting reimbursement for medical expenses.

Further, James Allen's latest deficiency answers only provide ballpark information about the amount of time spent in the trailer

> **Answer**
> I moved in the FEMA unit 2/2006.

\*\*\*

> **Answer**
> I moved out of the FEMA unit 9/2008

\*\*\*

3

#1075202

> **Answer**
> I spent an average of 8 hours or more per day in the FEMA unit.

Other deficiency answers are simply nonresponsive. In response to Item V.E, requesting information about other trailer residents, James Allen merely provided names without other information. In response to Item VI.D, smoking history of other trailer residents, James Allen responded:

> **Answer**
> No person smoked in the FEMA unit.

In response to Item VI.F.1-4, requesting information about a variety of medical conditions, James Allen responded:

> **Answer**
> I have never been diagnosed with lung disease or skin disease.

Further, plaintiff James Allen still has failed to provide a signed certification. Liberty Mutual should not be required to expend further time and effort to chase down this information which should have been provided long ago. James Allen's claims should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above and in Liberty Mutual's Motion to Dismiss, the *Jones* Plaintiffs named herein have not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. Therefore, Liberty Mutual's Motion to Dismiss should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

/s/ Kristopher M. Redmann
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397