**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Taylor v. Keystone Coach, Inc. et al, 09-5976* | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN REPLY TO GULF STREAM'S OPPOSITION**
**TO MOTION FOR LEAVE TO AMEND COMPLAINT**
**TO ADD GULF STREAM AND TO DISMISS KEYSTONE**

MAY IT PLEASE THE COURT:

Plaintiff has requested by motion that this Court grant her leave to amend her original complaint in this matter, in order to (a) add Gulf Stream Coach, Inc. ("Gulf Stream") as the proper manufacturer of her FEMA trailer, and (b) dismiss Keystone RV Company ("Keystone") as the incorrectly-identified manufacturing defendant. Gulf Stream has filed an opposition, despite the fact that it is not yet a party to the action at issue, and thus has no standing to oppose the motion. Plaintiff properly requested consent from all parties in the *Taylor* matter and obtained consent from same to file her Motion as unopposed. Gulf Stream will have an opportunity later, as a named defendant, to raise and assert all defenses and file all appropriate motions to protect its interests.

Even if it had standing to oppose Plaintiff's Motion for Leave to Amend, Gulf Stream's opposition is without merit. The claim against Gulf Stream is timely for the following reasons:

1. Gulf Stream is a solidary obligor with the originally named defendants, Shaw Environmental, Inc. and the United States of America, and, thus, the prescriptive

period has been tolled against Gulf Stream under Louisiana law provisions related to joint tortfeasors who are solidary obligors. At the very least, Gulf Stream's prescription defense is prematurely asserted, since the fault of these co-defendants is not yet adjudicated.

2. Plaintiff set forth allegations in her original Complaint which arise out of the same transaction, occurrence, or conduct as the allegations in the proposed amended pleading, thus falling within the "relation back" provisions of Federal Rule of Civil Procedure 15(c)(1)(B); and

3. Gulf Stream has received actual and timely notice of the possibility of many more than the current number of Gulf Stream plaintiffs in this litigation (approximately 26,000), inasmuch as this defendant provided more than 50,000 **units** to FEMA. Moreover, Gulf Stream received actual notice of the particular cause of action at issue,because a PFS with a VIN that matched a Gulf Stream unit was provided to liaison counsel (Gulf Stream's counsel) within 120 days of filing suit on November 6, 2009.

## LAW AND ARGUMENT

Plaintiff agrees with Gulf Stream that generally a one-year prescriptive period applies to Plaintiff's original tort allegations against the named defendants. However, Plaintiff submits that prescription has been interrupted as to Gulf Stream under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitations allows relation back;

(B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; **or**

(C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) Received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir. 1989). . . . The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:

Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally named joint tortfeasors, Shaw Environmental, Inc. and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted

3

the prescriptive period against all other solidary obligors, including Gulf Stream. Therefore, the action has not prescribed against Gulf Stream, and Plaintiff's proposed amendment is not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. Notwithstanding the tolling of the prescriptive period against Gulf Stream, the allegations asserted in the proposed amending complaint arise out of the same conduct, transaction, or occurrence set forth in the original Complaint. Indeed, in her proposed Second Supplemental and Amending Complaint (Rec. Doc. 23498-2), Plaintiff simply substitutes Gulf Stream for Keystone and reavers substantive allegations.

Finally, Gulf Stream is the largest manufacturing defendant in this MDL. Gulf Stream provided more than 50,000 **units** to FEMA. Therefore, Gulf Stream had notice of the possibility of many more than the number of plaintiffs who sued Gulf Stream in this litigation. Furthermore, Gulf Stream had notice of the particular cause of action because a PFS with a VIN that matched a Gulf Stream unit was provided to the manufacturing defendants' liaison counsel (Gulf Stream's counsel) within 120 days of filing suit[1] on November 6, 2009. Gulf Stream will not be prejudiced by the nominal burden of defending an additional single-plaintiff lawsuit when it is currently defending the claims of approximately 26,000 plaintiffs.

### CONCLUSION

It is conceded that Plaintiff incorrectly named Keystone as the manufacturer of their FEMA-provided trailer.[2] By e-mail of October 28, 2011, counsel for Keystone informed the undersigned that Keystone was not the proper manufacturing defendant in this case. Thereafter,

---

[1] Suit was filed by the Plaintiff on July 24, 2009.
[2] The original Complaint named Keystone Coach, Inc. in the case caption. Plaintiff suggests that a typographical mistake occurred when drafting this Complaint, because other complaints filed by the undersigned against Keystone at the same period in this MDL named either Keystone RV Company or Gulf Stream Coach, Inc.

the undersigned confirmed that the Plaintiff's VIN indeed matched a Gulf Stream Coach, Inc.

trailer, installed by Shaw Environmental, Inc. and filed the instant Motion for Leave to Amend,

seeking to add the proper party, Gulf Stream, and to dismiss the improper party, Keystone.

Plaintiff has acted diligently through counsel to correct the mis-naming of the defendant

manufacturer and should not be summarily precluded from asserting her claim against Gulf

Stream.

Based on these equitable, and the above-stated legal, considerations, it is respectfully

submitted that Plaintiff's Motion for Leave to Amend should be granted.

Respectfully submitted:

**GAINSBURGH, BENJAMIN, DAVID,
MEUNIER & WARSHAUER, L.L.C.**

BY:    <u>/s Justin I. Woods</u>
       GERALD E. MEUNIER, #9471
       JUSTIN I. WOODS, #24713
       Gainsburgh, Benjamin, David,
       Meunier & Warshauer, L.L.C.
       2800 Energy Centre
       1100 Poydras Street
       New Orleans, Louisiana  70163
       Telephone:   504/522-2304
       Facsimile:   504/528-9973
       gmeunier@gainsben.com
       jwoods@gainsben.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/Justin I. Woods
JUSTIN I. WOODS, #24713
