UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER            *      MDL NO. 1873
FORMALDEHYDE PRODUCTS          *
LIABILITY LITIGATION           *      SECTION "N" (5)
                               *
                               *      JUDGE ENGELHARDT
                               *      MAGISTRATE CHASEZ
THIS DOCUMENT IS RELATED TO:   *
*Brown v. Crum and Forster Specialty Ins. Co.,* *
*et al*, 09-7744               *
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

NOW INTO COURT, comes Plaintiff, who through undersigned counsel, supplements and amends his original Complaint for Damages to add a direct action cause of action against Burlington Insurance Company ("Burlington") as an insurer of Pilgrim International, Inc. ("Pilgrim").

Plaintiff, through undersigned counsel, supplements and amends his original Complaint for Damages in the following respects and otherwise reiterates and reavers all of the allegations, claims and prayers for relief contained therein:

1.

By adding the following paragraph in section II.A to reflect the addition of Burlington as a defendant:

3a.    Defendant Burlington Insurance Company (hereinafter, "Burlington"), is, upon information and belief, an entity incorporated in the state of North Carolina, with its principle place of business in the state of North Carolina. Further, defendant Burlington provided insurance coverage for the risks involved herein of Pilgrim International, Inc.

(hereinafter, "Pilgrim"), which manufactured and supplied FEMA trailers or housing units as defined below pursuant to contracts with FEMA for use in the State of Louisiana.

2.

By amending the heading of Count 2 to read:

**COUNT 2:**
**CAUSE OF ACTION AGAINST CRUM & FORSTER, SENTRY, AND BURLINGTON UNDER THE LOUISIANA PRODUCTS LIABILITY ACT**

3.

By adding the following paragraph under Count 2:

87a.   Crum & Forster, Sentry, and Burlington are liable as the insurers of Pilgrim pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269.

4.

By amending the Compensatory Damages section to read:

**COMPENSATORY DAMAGES**

107.   In addition to and by way of summarizing the compensatory damages prayed for herein, each Named Plaintiff avers that the defendants, the United States of America through FEMA and Crum & Forster, Burlington and Sentry, as well as CH2M Hill, individually and/or jointly are responsible for all damages which Named Plaintiff herein has suffered and continues to suffer as a consequence of defendants' acts and/or omissions as pled herein, which damages include, but are not limited to, past and future physical injuries, past and future mental and physical pain and suffering, past and future physical impairments and disability, past and future reasonable and necessary medical expenses, past and future loss of earning capacity, past and future loss of enjoyment and quality of life and other damages and injuries, loss of consortium, and loss of use and/or

opportunity to use safe and adequate shelter during the period of displacement from a natural disaster, as well as, all general, special, incidental and consequential damages as shall be proven at the time of trial.

4.

By amending the Prayer for Relief to read:

**PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiff prays that the original Complaint be amended to reflect the addition of Burlington as a defendant, and that Crum & Forster, Burlington, Sentry, CH2M Hill, and the Federal Government be served with a copy of this Amended Complaint and the Original Complaint, and that, after due proceedings:

1. there be a judgment herein in favor of the Named Plaintiff and against Defendants for all compensatory damages together will legal interest thereon from the date of judicial demand until paid, all costs and expenses of these proceedings, and attorneys' fees, declaring that the defendants are liable for all applicable damages and thereafter;

2. there be specially included in the judgment in the Named Plaintiff's favor, provisions for the following damages and relief as found applicable and supported by the evidence:

    a. past and future physical injuries,

    b. past and future mental and physical pain and suffering,

    c. past and future physical impairments and disability,

    d. past and future reasonable and necessary medical expenses,

    e. past and future loss of earning capacity,

3

    f. past and future loss of enjoyment and quality of life,

    g. loss of consortium and/or society,

    h. compensable out-of-pocket expenses related to defendants' wrongdoing, and

    i. costs of court,

  3. all other general, equitable, and further relief as the Court may deem just and proper.

          Respectfully submitted:

          **GAINSBURGH, BENJAMIN, DAVID,**
          **MEUNIER & WARSHAUER, L.L.C.**

         BY: s/Justin I. Woods
            GERALD E. MEUNIER, #9471
            JUSTIN I. WOODS, #24713
            Gainsburgh, Benjamin, David,
            Meunier & Warshauer, L.L.C.
            2800 Energy Centre
            1100 Poydras Street
            New Orleans, Louisiana 70163
            Telephone: 504/522-2304
            Facsimile: 504/528-9973
            jwoods@gainsben.com

**PLEASE SERVE:**

Burlington Insurance Company
through:
The Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                              */s/Justin I. Woods*
                                              JUSTIN I. WOODS, #24713