UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N |
| | * | |
| This document relates to: | * | |
|    *Gwendolyn White v. R-Vision, Inc.* | * | |
|    No. 09-4734 | * | |
|    Plaintiffs: | * | |
|      Jeffrey Hardy obo Ethan Hardy | * | |
|      Joshua Palmer | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### LIBERTY MUTUAL'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 (REC. DOC. 23499)

**NOW INTO COURT**, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), with this Reply in support of Liberty Mutual's Motion to Dismiss (Rec. Doc. 23499) and in response to Plaintiff's Opposition (Rec. Doc. 23587). Liberty Mutual is entitled to an Order dismissing the claims of the following plaintiffs:

1. Jeffrey Hardy obo Ethan Hardy
2. Joshua Parker

(collectively, the "*White* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

#1075320

**LAW AND ARGUMENT**

Counsel for Plaintiffs has filed an Opposition detailing attempts to obtain completed PFS information from each of the *White* Plaintiffs. However, despite the diligent efforts of Plaintiffs' counsel, the *White* Plaintiffs still have not provided completed, signed PFSs in a timely manner as required by the Court's pretrial orders. Accordingly, the *White* Plaintiffs' claims are due to be dismissed with prejudice.

1. Jeffrey Hardy obo Ethan Hardy

Plaintiff Jeffrey Hardy obo Ethan Hardy opposes Liberty Mutual's Motion to Dismiss on grounds that "**he no longer wishes to pursue his lawsuit** relating to his FEMA claims." (Rec. Doc. 23587, p. 1) (emphasis added). Plaintiffs' counsel requests additional time to obtain a written confirmation from this plaintiff. However, there is already a clear record of delay and contumacious conduct. Jeffrey Hardy obo Ethan Hardy has provided a PFS that is unsigned and deficient in 10 key datafields. Upon request of undersigned counsel, Jeffrey Hardy obo Ethan Hardy provided deficiency responses containing boilerplate responses that merely asserted a lack of knowledge about the most basic information regarding his claim. For example, in the deficiency answers Jeffrey Hardy obo Ethan Hardy claims not to remember the number of hours he spent in the trailer each day or "if I had any Prior Medical History".

Moreover, when Plaintiff's counsel managed to contact Jeffrey Hardy obo Ethan Hardy after great effort, this plaintiff indicated he did not want to pursue a claim and failed even to send a letter stating that he does not wish to be part of this lawsuit. (See Rec. Doc. 23587, Ex. A, ¶4.) Accordingly, Jeffrey Hardy's claims on behalf of Ethan Hardy should be dismissed with prejudice and without further delay.

2. <u>Joshua Palmer.</u>

After Liberty Mutual had filed its Motion to Dismiss, plaintiff Joshua Palmer provided updated Plaintiff Fact Sheet Deficiency Answers for plaintiff Joshua Palmer. (See Rec. Doc. 23587, Ex. B.) However, there has not been substantial compliance with the Court's pretrial orders. Joshua Palmer's deficiency answers assert a lack of knowledge in response to Item VII.B:

> **Answer**
> I do not recall the names of the physicians who treated me for my injuries.

Further, Joshua Palmer's latest deficiency answers only provide ballpark information about the amount of time spent in the trailer:

> **Answer**
> I spent an average of 8 hours or more in the FEMA unit.

Joshua Palmer also has still failed to provide a signed certification. Liberty Mutual should not be required to expend further time and effort to chase down this basic information that should have provided long ago. Joshua Palmer's claims should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above and in Liberty Mutual's Motion to Dismiss, the *White* Plaintiffs named herein have not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. Liberty Mutual's Motion to Dismiss should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

   /s/ Kristopher M. Redmann
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN &**
    **HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

             s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397