UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION:  N |
| | * | |
| This document relates to: | * | |
|    *Gwendolyn White  v. R-Vision, Inc.* | * | |
|    No. 09-4734 | * | |
|    **Plaintiffs:** | * | |
|       Heather Atlow obo Cody Doulette | * | |
|       Heather Atlow | * | |
|       Heather Atlow obo Katlyn Atlow | * | |
|       Heath Atlow obo Kiara Atlow | * | |
|       Irvin Vaultz | * | |

* * * * * * * * * * * * * * * * * * * * *

**LIBERTY MUTUAL'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FAILURE TO COMPLY WITH
PRE-TRIAL ORDER NOS. 2 AND 32 (REC. DOC. 23502)**

**NOW INTO COURT**, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), with this Reply in support of Liberty Mutual's Motion to Dismiss (Rec. Doc. 23502) and in response to Plaintiff's Opposition (Rec. Doc. 23583). Liberty Mutual is entitled to an Order dismissing the claims of the following plaintiffs:

1.  Heather Atlow obo Cody Doulette
2.  Heather Atlow
3.  Heather Altow obo Katlyn Atlow
4.  Heather Altow obo Kiara Atlow
5.  Irvin Vaultz

#1075110

(collectively, the "*White* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

## LAW AND ARGUMENT

Counsel for Plaintiffs has filed an Opposition detailing her attempts to obtain completed PFS information from each of the *White* Plaintiffs. However, despite the diligent efforts of plaintiffs' counsel, the *White* Plaintiffs still have not provided completed, signed PFS in a timely manner as required by the Court's pretrial orders. Accordingly, the *White* Plaintiffs' claims are due to be dismissed <u>with prejudice.</u>

1. <u>Heather Atlow obo Cody Doulette, Heather Atlow, Heather Atlow obo Katlyn Atlow, and Heather Atlow obo Kiara Atlow</u>

In opposition to Liberty Mutual's Motion, Plaintiffs have provided affidavits of Nicole Porter, an employee of Watts Hilliard, stating that counsel has been unable to reach plaintiffs Heather Atlow obo Cody Doulette, Heather Atlow, Heather Atlow obo Katlyn Atlow, and Heather Atlow obo Kiara Atlow. (See Rec. Doc. 23583, Ex. A, B, C and D.) Ms. Porter's affidavits evidence a long history of these plaintiffs' failure to comply with the Court's pretrial orders. For example, the affidavits reflect that Plaintiff's counsel sent <u>two</u> "No Plaintiff Fact Sheet" letters to each of these plaintiffs on 7/30/2009 and 2/10/2010. (See id., ¶6.)

Moreover, there has not been substantial compliance with the Court's pretrial orders. As pointed out in Liberty Mutual's original Motion, each of these plaintiffs' fact sheets are incomplete and unsigned and missing at least 9 key datafields. In addition, as explained in Liberty Mutual's original Motion, the responses to several items on the PFSs and deficiency answers simply consisted of boilerplate responses asserting a lack of knowledge. The foregoing facts are clear evidence of delay or contumacious conduct, and these deficiencies have not been corrected. Dismissal with prejudice is appropriate sanction to serve the interests of justice.

    2. <u>Irvin Vaultz</u>

Plaintiff Irvin Vaultz opposes Liberty Mutual's Motion to Dismiss on grounds that "**he no longer wishes to pursue his lawsuit** relating to his FEMA claims." (Rec. Doc. 23583, p. 2) (emphasis added). Plaintiffs' counsel requests additional time to obtain a written confirmation from Irvin Vaultz. However, there is already a clear record of delay and contumacious conduct. Irvin Vaultz has provided a PFS that is unsigned and deficient in 8 key datafields. Upon request of undersigned counsel, Mr. Vaultz provided deficiency responses but these mainly consisted of boilerplate responses that merely asserted a lack of knowledge about the most basic information regarding his claim. For example, in the deficiency answers Mr. Vaultz claims not to remember the number of hours he spent in the trailer each day or whether he was claiming mental or emotional damages as a result of living in the FEMA trailer. Moreover, when Plaintiff's counsel managed to contact Mr. Vaultz after great effort, this plaintiff indicated he did not want to pursue a claim and refused to provide answers to any of the deficiencies raised by Liberty Mutual in its Motion to Dismiss. (See Rec. Doc. 23583, Ex. E, ¶5.) Accordingly, Mr. Vaultz's claims should be dismissed with prejudice and without further delay.

## CONCLUSION

For the reasons set forth above and in Liberty Mutual's Motion to Dismiss, the *White* Plaintiffs named herein have not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. Liberty Mutual's Motion to Dismiss should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

   **/s/ Kristopher M. Redmann**
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN &**
    **HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

### CERTIFICATE OF SERVICE

    I hereby certify that on November 28, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

    s/Kristopher M. Redmann

    Kristopher M. Redmann, La. Bar No. 1839