## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:      **FEMA TRAILER**             **MDL NO. 1873**
              **FORMALDEHYDE PRODUCTS**
              **LIABILITY LITIGATION**     **JUDGE ENGELHARDT**

                                                **MAG. JUDGE CHASEZ**

**THIS DOCUMENT RELATES TO:**
***Ora Brock, et al v Recreation by Design, LLC, et al.*,**
**Docket No. 009-5847**

---

### MEMORANDUM IN SUPPORT OF MOTION FOR
### RECONSIDERATION OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL

**COMES NOW** Plaintiff, Ora Brock, individually and on behalf of Lionel Brock (deceased) (hereafter referred to as "the Brocks" or "Plaintiff"), who respectfully moves this Court to reconsider its Order entered November 2, 2011 (Rec. Doc. No. 3 in docket no. 09-5847) dismissing the Plaintiff's claims in the above styled and numbered cause of action or, in the alternative, plaintiff respectfully requests a new trial.

### I.    BACKGROUND

The Brocks filed suit against defendants Recreation by Design, L.L.C. ("Recreation") and Shaw Environmental, Inc. ("Shaw") in the Civil District Court for the Parish of Orleans on July 30, 2009.  Recreation was engaged by the Federal Emergency Management Agency ("FEMA") to sell housing units for provision as temporary housing to individuals who lost their homes after

Hurricane Katrina.  The Plaintiffs alleged that, Recreation, *inter alia*, expedited production of these housing units which resulted in the housing unit occupied by the Brocks to contain higher than normal levels of formaldehyde.  The Plaintiffs alleged that, Shaw, *inter alia*, negligently failed to adhere to the manufacturer's instructions and warnings in the installation and set-up of the housing units, which contributed to increased formaldehyde exposure.  The Brocks' claim injuries resulting from the exposure to the release of formaldehyde and/or formaldehyde vapors in these units.

The matter of *Ora Brock, et al. v. Recreation by Design, LLC, et al.*, Civil District Court of the Parish of Orleans, State of Louisiana, Civil Action No. 2009-07920, Section 11-G, was removed to the federal court and placed into the multidistrict litigation that was ongoing in the U.S. District Court for the Eastern District of Louisiana, entitled *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873.  On August 27, 2009, *Ora Brock, et al v. Recreation by Design, LLC, et al.* was assigned docket number 009-5847 by this Court.

This Court issued Pre-Trial Order No. 2 directing each plaintiff to serve the defendants with a completed and verified Plaintiff Fact Sheet after transfer into the MDL.  (Rec. Doc. No. 87 in MDL 07-1873, signed January 30, 2008).  This Court ordered that "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS [Plaintiff Fact Sheet] within the timelines established herein, counsel representing a Defendant shall send to Plaintiff's counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS [Plaintiff Fact Sheet]." *See* Pre-Trial Order No. 32 at p.5 (Rec. Doc. No. 1180 in MDL 07-1873,

signed March 18, 2009). This deficiency letter must identify the deficiency and notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.* In Pre-Trial Order No. 88, the Court narrowed the Plaintiff Fact Sheet deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Pre-Trial Order No. 88 (Rec. Doc. No. 22124 in MDL 07-1873, signed June 24, 2011).

The Brocks submitted Plaintiff Fact Sheets to Defendant as required by this Court's Pre-trial Order No. 2 on December 30, 2008. *See* Exhibit A. After receiving the Plaintiff Fact Sheets for the Brocks, Defendant sent to Plaintiff's counsel a deficiency notice with questions such as "Section V(A)(11) and (12) square footage, length and width of trailer not provided." Plaintiff counsel responded to the questions submitted with Errata Sheets dated February 17, 2009. *See* Exhibit B. Plaintiff also submitted medical records for herself on August 22, 2008. *See* Exhibit C.

Recreation filed a "Motion to Dismiss for Failure to Comply with Pre-trial Order Nos. 2, 32, and 88 Relating to Plaintiff Fact Sheets" against the Brocks. It was erroneously filed in the matter of *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873. The Motion to Dismiss and supporting documentation was not filed in the correct case of *Ora Brock, et al v Recreation by Design, LLC, et al.*, Civil District Court of the Parish of Orleans, State of Louisiana, Civil Action No. 2009-07920, Section 11-G. Thus,

undersigned counsel did not receive electronic notice of the filing.  As undersigned counsel was not aware of the Motion to Dismiss, no Opposition was filed.

This Court on November 2, 2011, granted Defendant's Motion and issued an Order and Reasons dismissing the claims of Ora and Lionel Brock with prejudice on the grounds that the Brocks failed to comply with the Court's Pre-Trial Order Nos. 2, 32, and 88 relating to Plaintiff Fact Sheets. (Rec. Doc. No. 3 in docket no. 9-5849).  It is interesting that the Brocks were included in the defendants' Motion to Dismiss, given the fact that this defendant was in possession of the materials it sought through the motion.  Nonetheless, undersigned learned of Defendant's Motion to Dismiss when undersigned received notice from the electronic filing system that this Court had entered Order and Reasons dismissing the claims with prejudice. (Rec. Doc. No. 3 in docket no. 09-5847).  The Order and Reasons was entered into the individual case number, 09-05847, as opposed to the MDL case number, 07-1873.  Plaintiff now seeks this court to reconsider its November 2, 2011 Order or, alternatively, seeks a new trial.

## II.    MOTION FOR RECONSIDERATION

A motion asking that the court reconsider a prior ruling is evaluated either as a "Motion to Alter or Amend a Judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "Relief from a Final Judgment, Order or Proceeding" under Federal Rule of Civil Procedure 60(b).  Which rule applies depends upon when the motion was filed. *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under 59(e). Fed. R. Civ. P. 59(e).  If it is filed after that time, it falls under Rule 60(b).  *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d at 400.  This Court entered Order

and Reasons in this matter on November 2, 2011. (Rec. Doc. No. 3 in docket No. 09-5847). This Motion has been brought within twenty-eight days thus is timely filed under Federal Rule of Civil Procedure 59(e). In the alternative, Plaintiff brings this Motion for Reconsideration under Federal Rule of Civil Procedure 60(b).

**A. The Brocks complied with Pre-trial Orders 2 and 32 in December 2008 and February 2009.**

Defendant's allegation that the Brocks failed to produce Plaintiff Fact Sheets to Defendant is clearly in error. The Brocks responded to a deficiency notice *sent by Defendant* in regards to those Plaintiff Fact Sheets in February, 2009. *See* Exhibit B. Plaintiff certainly would have filed an Opposition to a Motion to Dismiss for failure to produced Plaintiff Fact Sheets had Plaintiff been aware of its filing. Defendant's Motion to Dismiss was apparently entered into the MDL case number, 07-1873, as opposed to the individual case number, 2:09-CV-05847, thus undersigned did *not* receive electronic notice of the filing of the Motion to Dismiss. Undersigned did not become aware of the filing of Defendant's Motion until undersigned received notice from the electronic filing system that this Court had entered Order and Reasons dismissing the claims with prejudice. (Rec. Doc. No. 3 in docket no. 09-5847). Undersigned received electronic notice of this Order and Reasons because it was filed in the individual case number rather than the MDL case number. Thus, undersigned was not given opportunity to file an Opposition to Defendant's Motion to Dismiss.

Pre-trial Order No. 10 requires that "Before any motion is filed with the Court, counsel for the movant shall contact opposing counsel to determine whether the motion is actually opposed." (Rec. Doc. No. 301 in MDL 07-1873). Counsel for Defendant submitted a Certificate of Compliance with their Motion to Dismiss certifying that:

5

> [O]n September 19, 2011, we contacted counsel for the plaintiffs *via email* requesting that they advise whether there is opposition to Recreation by Design, LLC's Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2, 32, and 88 regarding plaintiffs, Ora Brock and Oro Brock obo Lionel Brock. To date, plaintiffs' counsel has not responded to the request. (Rec. Doc. No. 23080-4 in MDL 07-1873)(emphasis added).

Undersigned is confident that defense counsel would never make such a representation to this Court if that were not true. As such, for the purposes of this motion, plaintiffs will assume that it was sent but not received by undersigned counsel because, if such an Email was received, undersigned certainly would have stated an objection to the filing of a Motion to Dismiss. Indeed undersigned would have reminded the defendant that the Brocks has previously submitted fax sheets, and responded to a deficiency notice regarding those Plaintiff Fact Sheets from Defendant, several years ago. *See* Exhibit A and B.

**Motion to Alter or Amend a Judgment under Federal Rule of Civil Procedure 59(e).**

The Fifth Circuit has held that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp Inc.,* 342 F.3d 563, 567 (5th Cir. 2003); *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 519 (5th Cir. 2010). In deciding a Rule 59(e) motion a district court should consider the following non-inclusive factors: "(1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' default, (3) whether the evidence was available to plaintiffs before they responded to the….motion, and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened." *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)(citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).

In this matter, Plaintiff did not file an Opposition and submit evidence in response to Defendant's Motion to Dismiss because Plaintiff was not aware of its filing.  The evidence that Plaintiff would have submitted - the *previously* submitted Plaintiff Fact Sheets and responses to deficiencies *sent by Defendant* - is material and controlling and clearly would have produced a different result if it had been presented before this Court entered its Order and Reasons.   This evidence was available to Plaintiff during the time this Court issued its Order and Reasons, however Plaintiff was not afforded an opportunity to respond to the Motion to Dismiss and present this evidence to this court.

Plaintiff would note that there is no significant prejudice to the Defendant, as there has been no settlement of claims against it.  All the claims against this Defendant are still pending other than those dismissed by the Court, and this case was not tried in an extended trial. The only consequence will be that the Defendant's Motion to Dismiss will be heard on the merits, with an opposing party being given an opportunity to be heard.  Plaintiff should be given an opportunity to be heard so that the Motion to Dismiss may be fully considered on the merits.  Plaintiff respectfully requests this Court to reconsider its Order entered November 2, 2011, and reinstate the Brocks' cause of action against Recreation and Shaw.

**B. Motion for "Relief from a Final Judgment, Order or Proceeding" under Federal Rule of Civil Procedure 60(b).**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In this instance, Plaintiff is entitled to relief under either reason (1) of Rule 60(b) (mistake, inadvertence, surprise, or excusable neglect), or (6) of Rule 60(b)(6) by demonstrating some other ground justifying relief.

### 1.   **Rule 60(b)(1)**

Rule 60(b) relief is only afforded in "unique circumstances." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).  Due to the unique circumstances that are created in MDL litigation, counsel for Plaintiff never received notice that a Motion to Dismiss had been filed. Defendant filed its "Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2, 32, and 88 Relating to Plaintiff Fact Sheets" against the Brocks in the matter of *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing MDL docket number 07-1873.  The Motion to Dismiss and supporting documentation was not filed in the matter of *Ora Brock, et al v Recreation by Design, LLC, et al.*, Civil District Court of the Parish of Orleans, State of Louisiana, Civil Action No. 2009-07920, Section 11-G, thus undersigned counsel did not receive electronic notice of the filing. Defense counsel did not mail or send by facsimile a copy of the pleadings to counsel for Plaintiff.  As undersigned counsel was not aware of the Motion to Dismiss, no Opposition was filed.  The fact that an Opposition and supporting evidence was not filed amounts to a "mistake, inadvertence, surprise, or excusable neglect" in which Rule 60(b)(1) allows relief from judgment.

In the context of a default judgment, the Fifth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999). The November 2, 2011 Order and Reasons at issue certainly prejudices the Plaintiff as it dismisses her claims and those of her deceased husband. The evidence that Plaintiff would have submitted in support of its Opposition- the previously submitted Plaintiff Fact Sheets and responses to Defendant's deficiency notice - would have produced a different result if Plaintiff would have had the opportunity to file an Opposition and submit evidence. As stated above, it is due to the unique circumstances that are created in MDL litigation that counsel for Plaintiff never received notice that a Motion to Dismiss had been filed. The culpability of counsel on both sides is negligible. It is believed by undersigned that each acted in good faith. As this Court stated in its Order and Reasons relating to member case no. 09-4730 "In litigation as large and complex as this, with thousands of member cases, oversights are bound to occur." (Rec. Doc No. 23558 in MDL 07-1873). Plaintiff respectfully requests this Court to reconsider its Order entered November 2, 2011, and reinstate the Brocks' case against Recreation and Shaw.

### 2. **Rule 60(b)(6)**

Federal Rule of Civil Procedure 60(b)(6) allows for a court to relieve a party from a final judgment or order "for any reason that justifies relief." However, the broad power granted by clause (6) "is not for the purpose of relieving a party from free, calculated, and deliberate choices he had made." *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1986). In this matter, the

lack of an Opposition filed by Plaintiff was not a "free, calculated, and deliberate" choice. Counsel for Plaintiff was not aware that a Motion to Dismiss had been filed. If Plaintiff's counsel had been aware of the Motion to Dismiss, counsel certainly would have filed an Opposition.

For a motion under Rule 60(b)(6), the movant must show "the initial judgment to have been manifestly unjust" which is clear here. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). The evidence that Plaintiff would have submitted in support of its Opposition is "so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (5th Cir. 1980). Relief under Rule 60(b)(6) is proper.

Plaintiff respectfully requests this Court to reconsider its Order entered November 2, 2011, and reinstate the Brocks' cause of action against Recreation and Shaw.

## III. MOTION FOR NEW TRIAL

In the alternative, if the Court finds that the November 2, 2011 Order and Reasons is not entitled to reconsideration, Plaintiff brings this Motion under Rule 59 of the Federal Rules of Civil Procedure seeking a New Trial. Rule 59(a)(2) provides that after a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

A motion for a new trial may succeed in at least three situations: first, to accommodate an intervening change in the controlling law; second, to account for new evidence not available at trial; or, third, to correct a clear error of law or prevent manifest injustice. *McGillivray v.*

*Countrywide Home Loans, Inc.*, 360 Fed. Appx. 533, 537 (5th Cir. 2010).  Plaintiff claims a new trial is appropriate here where the cause has been dismissed with prejudice due to failure to provide Plaintiff Fact Sheet under the second and third grounds.

The court has broad discretion in deciding on a motion for new trial. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert denied*, 543 U.S. 976 (2004).  There are two important judicial imperatives relating to motions for new trial; first, the need to bring litigation to an end; and second, the need to render just decisions on the basis of all the facts. *Id.* The task for the court is to strike the proper balance between these two competing interests. *Id.* Plaintiff recognizes that the Court has spent time examining this manner previously, but in striking the balance between finality and deciding case on the merits, the proper balance would be in favor of granting a new trial.  Otherwise, Plaintiff's case would be extinguished without presenting any evidence.  Plaintiff would further show, that granting this Motion for new trial is consistent with the purposes for new trials, i.e. that of "rendering just decisions on the basis of all the facts." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *cert denied*, 543 U.S. 976 (2004).  Plaintiff requests the Court to reconsider the facts set forth in Exhibits A – C and upon consideration of the same grant this Motion for New Trial.  It is manifestly unjust to dismiss the claims of the Brocks on grounds that Plaintiff Fact Sheets were not submitted, as the opposite is true.  Plaintiff Fact Sheets *were* submitted in 2008. *See* Exhibit A. Responses to Defendant's deficiency notice regarding those Plaintiff Fact Sheets was submitted in February, 2009.  *See* Exhibit B.

This Motion is timely as the twenty-eight day deadline has not yet passed. Plaintiffs respectfully request this Court grant Plaintiffs' Motion for New Trial, and reinstate the Brocks' cause of action against Recreation and Shaw.

## IV.   COMPLIANCE WITH PRE-TRIAL ORDERS 2, 32, and 88

Defendant's argument is that Plaintiff failed to produce any Plaintiff Fact Sheets at any time.  This is not correct. As stated above, Plaintiff has submitted to Defendant the required Plaintiff Fact Sheets, Errata Sheets and medical records.

Defendant does not claim that the Plaintiff Fact Sheets and Errata Sheets do not meet the requirements of Pre-trial Order No. 88. However, in the spirit of cooperation, undersigned has reviewed Pre-trial Order no. 88 and corrected deficiencies on his own accord, rather than waiting to receive a deficiency notice from Defendant. Undersigned has included with this Motion amendments to the previously submitted Plaintiff Fact Sheets in order to comply with Pre-trial Order 88.  *See* Exhibit D.

Therefore, Plaintiff has substantially complied with Pre-Trial Orders 2, 32, and 88.

## V.   CONCLUSION

In Conclusion, Plaintiff did not file an Opposition and submit evidence in response to Defendant's Motion to Dismiss because Plaintiff was not aware of its filing.  The evidence that Plaintiff would have submitted - the *previously* submitted Plaintiff Fact Sheets and responses to deficiencies *sent by Defendant* - is material and controlling and clearly would have produced a different result if it had been presented before this Court entered its Order and Reasons.

There is no significant prejudice to the Defendant, as there has been no settlement of claims against it.   All the claims against this Defendant are still pending other than those

dismissed by the Court, and this case was not tried in an extended trial. The only consequence will be that the Defendant's Motion to Dismiss will be heard on the merits, with an opposing party being given an opportunity to be heard.

Plaintiff should be given an opportunity to be heard so that the Motion to Dismiss may be fully considered on the merits.  Plaintiff respectfully requests this Court to reconsider its Order entered November 2, 2011, and reinstate the Brocks' cause of action against Recreation and Shaw, or in the alternative, grant Plaintiff a new trial.

By:     */s/ Jonathan B. Andry*____
        Jonathan B. Andry (# 20081)
        **The Andry Law Group, L.L.C.**
        610 Baronne Street
        New Orleans, Louisiana 70113
        Telephone:  (504) 525-5535
        Fax:  (504) 586-8933
        Email: jandry@andrylawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 30th day of November, 2011.

        */s/ Jonathan B. Andry*____
        Jonathan B. Andry