UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE:  ENGELHARDT |
| **This Document Relates to:** | * | |
| *Goldie Cross, et al v.* | * | MAGISTRATE:  CHASEZ |
| *Recreation by Design, LLC,* | * | |
| Docket No. 10-1252 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2, 32 & 88 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Recreation by Design, LLC ("RBD") moves this Honorable Court to dismiss the claims of plaintiffs:

1. Deridre Cole-Craig obo D.C.
2. Marcus Craig
3. Deridre Craig obo M.C.
4. Sanchez Craig-Lawson
5. Mel Eskridge obo R.D.
6. Esther Davis-Vincent
7. Sonia Edwards
8. Henry Edwards, Jr.
9. Mel Eskridge obo J.E.
10. Mel Eskridge

with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2, 32 and 88 relating to the provisions of Plaintiff Fact Sheets.

### I.   FACTUAL BACKGROUND

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters.  To date, the

1

Court has issued well over 80 Pre-Trial Orders which address various aspects of this Multi-District Litigation. In one of the first Pre-Trial Orders issued, Pre-Trial Order No. 2 ("PTO No. 2"), the Court established the use of a standardized simple form, a Plaintiff Fact Sheet ("PFS"), in lieu of the initial rounds of Interrogatories and Request for Production of Documents.[1] Specifically, PTO No. 2 provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[2] PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS. Specifically, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[3] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[4] PTO No. 2 was subsequently amended by Pre-Trial Order No. 32 ("PTO No. 32") regarding the issue of PFS.[5] Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88 ("PTO No. 88")[6]. PTO No. 88 reduced the number of PFS questions that a plaintiff is required to answer to twenty-three ("23"). These 23 key questions were identified by the Plaintiff Steering Committee and

---

[1] *See* R. Doc. No. 87.
[2] *Id.* at pg. 7.
[3] *Id.* at pgs. 8 - 9.
[4] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[5] *See* R. Doc. No. 1180.
[6] *See* R. Doc. No. 22153.

Defense Liaison Counsel as the minimum information required by the parties to evaluate a plaintiff's claim for global settlement purposes. PTO No. 88 also extended the time to cure a deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

## II.   LAW AND ARGUMENT

In compliance with PTO Nos. 2, 32 & 88, the mover, through undersigned counsel, forwarded a deficiency letter to the above-referenced plaintiffs, though their counsel of record, on or about April 8, 2011, notifying the plaintiffs that only an Amendment to a PFS had been submitted on their behalf and requested that each forward a copy of a completed PFS as directed by PTO Nos. 2, 32 and 88.[7] To date, these plaintiffs have failed to submit a completed PFS.

**1.   Deridre Cole-Craig obo D.C.:** In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Deridre Craig obo D.C. is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Deridre Craig obo D.C.[8] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Deridre Craig obo D.C. did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses

---

[7] *See* Exhibit "A", copy of cover letter forwarding Deficiency Letters to plaintiffs' counsel for plaintiffs included in this Motion to Dismiss.
[8] *See* Exhibit "B", Amendment to Plaintiff Fact Sheet submitted for Deridre Craig obo D.C.

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

For the above reasons, Deridre Craig obo D.C. has failed to comply with PTO Nos. 2, 32 and 88 relating to PFS. Thus her claims against RBD should be dismissed.

**2.    Marcus Craig:**  In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Marcus Craig is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Marcus Craig [9] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Marcus Craig did not provide responses to the following 17 key questions:

1. III.C.   Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

---

[9] *See* Exhibit "C", Amendment to Plaintiff Fact Sheet submitted for Marcus Craig.

4

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

For the above reasons, Marcus Craig has failed to comply with PTO Nos. 2, 32 and 88 relating to PFS. Thus his claims against RBD should be dismissed.

**3.     Deridre Craig obo M.C.:** In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Deridre Craig obo M.C. is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Deridre Craig obo M.C.[10] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Deridre Craig obo M.C. did not provide responses to the following 17 key questions:

1. III.C.   Checklist

---

[10] *See* Exhibit "D", Amendment to Plaintiff Fact Sheet submitted for Deridre Craig obo M.C.

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

12. V.13. Number of hours spent in trailer each day

13. VI.C. Plaintiff's Smoking History

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

For the above reasons, Deridre Craig obo M.C. has failed to comply with PTO Nos. 2, 32 and 88 relating to PFS. Thus her claims against RBD should be dismissed.

**4.     Sanchez Craig-Lawson:**  In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Sanchez Craig-Lawson is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Sanchez Craig-Lawson [11] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary

---

[11] *See* Exhibit "E", Amendment to Plaintiff Fact Sheet submitted for Sanchez Craig-Lawson.

information for the purpose of exploring global resolution of claims. Specifically, Sanchez Lawson did not provide responses to the following 17 key questions:

1. III.C.    Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

For the above reasons, Sanchez Craig-Lawson has failed to comply with PTO Nos. 2, 32 and 88 relating to PFS.  Thus his claims against RBD should be dismissed.

**5.**     **Mel Eskridge obo R.D., Jr.:**  In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge obo R.D., Jr. is not the complete PFS called for in PTO Nos. 2,

32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge obo R.D., Jr. [12] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Mel Eskridge obo R.D., Jr. did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

For the above reasons, Mel Eskridge obo R.D., Jr. has failed to comply with PTO Nos. 2, 32, and 88 relating to PFS.  Thus his claims against RBD should be dismissed.

---

[12] *See* Exhibit "F", Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge obo R.D.

8

**6.     Esther Davis-Vincent:**  In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Esther Davis-Vincent is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Esther Davis-Vincent [13] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Esther Davis-Vincent did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History
16. VII.B. Treatment for Formaldehyde Related Injury
17. VIII(A-D) Produce Records

---

[13] *See* Exhibit "G", Amendment to Plaintiff Fact Sheet submitted for Esther Davis-Vincent.

For the above reasons, Esther Vincent has failed to comply with PTO Nos. 2, 32, and 88 relating to PFS. Thus her claims against RBD should be dismissed.

7.   **Sonia Edwards:**  In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Sonia Edwards is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Sonia Edwards [14] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Sonia Edwards did not provide responses to the following 17 key questions:

1. III.C.   Checklist
2. III.C.2. Future Medical Claim
3. III.C.3. Diagnosed Illness
4. III.C.8. Psychological Treatment
5. III.C.9. Total Medical Expenses
6. IV.C. Date of Birth
7. IV.F.3. Only if you are making a wage claim
8. V.A.6. Move in Date
9. V.A.7. Move out Date
10. V.A.8. Installation Address
11. V.E. Name of all trailer residents
12. V.13. Number of hours spent in trailer each day
13. VI.C. Plaintiff's Smoking History
14. VI.D. Smoking History of Other Trailer Resident(s)
15. VI(F)(1 & 4) Prior Medical History

---

[14] *See* Exhibit "H", Amendment to Plaintiff Fact Sheet submitted for Sonia Edwards.

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

For the above reasons, Sonia Edwards has failed to comply with PTO Nos. 2, 32 and 88 relating to PFS. Thus her claims against RBD should be dismissed.

**8.**      **Henry Edwards, Jr.:** In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Henry Edwards, Jr. is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Henry Edwards, Jr.[15] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Henry Edwards, Jr. did not provide responses to the following 17 key questions:

    1. III.C.    Checklist

    2. III.C.2. Future Medical Claim

    3. III.C.3. Diagnosed Illness

    4. III.C.8. Psychological Treatment

    5. III.C.9. Total Medical Expenses

    6. IV.C. Date of Birth

    7. IV.F.3. Only if you are making a wage claim

    8. V.A.6. Move in Date

    9. V.A.7. Move out Date

    10. V.A.8. Installation Address

    11. V.E. Name of all trailer residents

    12. V.13. Number of hours spent in trailer each day

    13. VI.C. Plaintiff's Smoking History

---

[15] *See* Exhibit "I", Amendment to Plaintiff Fact Sheet submitted for Henry Edwards, Jr.

14. VI.D. Smoking History of Other Trailer Resident(s)

15. VI(F)(1 & 4) Prior Medical History

16. VII.B. Treatment for Formaldehyde Related Injury

17. VIII(A-D) Produce Records

For the above reasons, Henry Edwards, Jr. has failed to comply with PTO Nos. 2, 32 and 88 relating to PFS. Thus his claims against RBD should be dismissed.

9. **Mel Eskridge obo J.E.:** In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge obo J.E. is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge obo J.E.[16] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Mel Eskridge obo J.E. did not provide responses to the following 17 key questions:

1. III.C. Checklist

2. III.C.2. Future Medical Claim

3. III.C.3. Diagnosed Illness

4. III.C.8. Psychological Treatment

5. III.C.9. Total Medical Expenses

6. IV.C. Date of Birth

7. IV.F.3. Only if you are making a wage claim

8. V.A.6. Move in Date

9. V.A.7. Move out Date

10. V.A.8. Installation Address

11. V.E. Name of all trailer residents

---

[16] *See* Exhibit "J", Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge obo J.E.

    12. V.13. Number of hours spent in trailer each day

    13. VI.C. Plaintiff's Smoking History

    14. VI.D. Smoking History of Other Trailer Resident(s)

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

For the above reasons, Mel Eskridge obo J.E. has failed to comply with PTO Nos. 2, 32, and 88 relating to PFS. Thus his claims against RBD should be dismissed.

**10.     Mel Eskridge:**  In addition to the fact that the Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge is not the complete PFS called for in PTO Nos. 2, 32 and 88, the Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge [17] provides responses to only six (6) of the 23 key questions identified in PTO No. 88 as necessary information for the purpose of exploring global resolution of claims. Specifically, Mel Eskridge did not provide responses to the following 17 key questions:

    1.   III.C.   Checklist

    2.   III.C.2. Future Medical Claim

    3.   III.C.3. Diagnosed Illness

    4.   III.C.8. Psychological Treatment

    5.   III.C.9. Total Medical Expenses

    6.   IV.C. Date of Birth

    7.   IV.F.3. Only if you are making a wage claim

    8.   V.A.6. Move in Date

    9.   V.A.7. Move out Date

---

[17] *See* Exhibit "K", Amendment to Plaintiff Fact Sheet submitted for Mel Eskridge.

    10. V.A.8. Installation Address

    11. V.E. Name of all trailer residents

    12. V.13. Number of hours spent in trailer each day

    13. VI.C. Plaintiff's Smoking History

    14. VI.D. Smoking History of Other Trailer Resident(s)

    15. VI(F)(1 & 4) Prior Medical History

    16. VII.B. Treatment for Formaldehyde Related Injury

    17. VIII(A-D) Produce Records

For the above reasons, Mel Eskridge has failed to comply with PTO Nos. 2, 32, and 88 relating to PFS. Thus his claims against RBD should be dismissed.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.[18] Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[19] Moreover, Federal Rule of Civil Procedure 37(b)(2)VI permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with PTO Nos. 2, 32, and 88, FRCP 41(b) and FRCP

---

[18] *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993).
[19] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).

37(b)(2)(VI), the proper remedy as it regards the above-referenced plaintiffs is dismissal, with prejudice, of their claims.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, RBD must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the simulated discovery response, RBD is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against RBD by dismissing the claims of these plaintiffs, with prejudice.

As established above, plaintiffs:

1. Deridre Cole-Craig obo D.C.
2. Marcus Craig
3. Deridre Craig obo M.C.
4. Sanchez Craig-Lawson
5. Mel Eskridge obo R.D.
6. Esther Davis-Vincent
7. Sonia Edwards
8. Henry Edwards, Jr.
9. Mel Eskridge obo J.E.
10. Mel Eskridge

have not submitted a complete PFS as directed by PTO Nos. 2, 32 and 88. Therefore, in accordance with PTO Nos. 2, 32, and 88, and Federal Rule of Civil Procedure Nos. 37(b)(2)VI and 41(b), RBD's Motion to Dismiss for Failure to Comply with PTO Nos. 2, 32 and 88 should be granted, dismissing the claims of the aforementioned plaintiffs, with *prejudice*.

        Respectfully submitted,

         */s/ Kelly M. Morton*
        LYON H. GARRISON, Bar No. 19591
        SCOTT P. YOUNT, Bar No. 22679
        RANDALL C. MULCAHY, Bar No. 26436
        DARRIN L. FORTE, Bar No. 26885
        KELLY M. MORTON, Bar No. 30645
        GARRISON, YOUNT, FORTE
        & MULCAHY, LLC
        909 Poydras Street, Suite 1800
        New Orleans, Louisiana 70112
        Telephone: (504) 527-0680
        Facsimile: (504) 527-0686
        Attorneys for defendant,
        Recreation By Design, LLC
        Email: kmorton@garrisonyount.com

## CERTIFICATE OF SERVICE

  I hereby certify that on November 30, 2011, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

         */s/ Kelly M. Morton*
        KELLY M. MORTON, Bar No. 30645