UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN Re: FEMA TRAILER  　　　　　　　　MDL NO. 07-1873
　　　　FORMALDEHYDE PRODUCTS
　　　　LIABILITY LITIGATION 　　　　　SECTION: N (5)

THIS DOCUMENT RELATES TO:
　　Member Case No. 09-8763

**MEMORANDUM IN SUPPORT OF MOTION TO AMEND JUDGMENT,
OR IN THE ALTERNATIVE, RELIEF FROM JUDGMENT OR ORDER**

**MAY IT PLEASE THE COURT:**

Plaintiff Jerry Louis, who, in support of the Motion to Amend Judgement, or in the alternative, Relief from Judgment or Order, does state:

**I.　　Background**

Plaintiff timely filed suit against Defendant Vanguard Industries of Michigan, Inc. ("Vanguard") Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and No. 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23119).

This Court issued Pre-Trial Order No. 2 directing each plaintiff to serve the defendants with a completed and verified Plaintiff Fact Sheet after transfer into the MDL. (Rec. Doc. No. 87 in MDL 07-1873, signed January 30, 2008). This Court ordered that "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS [Plaintiff Fact Sheet] within the timelines established herein, counsel representing a Defendant shall send to Plaintiff's counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS [Plaintiff Fact Sheet]." *See* Pre-Trial Order No. 32 at p.5 (Rec. Doc. No. 1180). This deficiency letter must identify the deficiency and notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies or any Defendant

may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders."*Id.*

## II.     Law and Argument

### A.     Legal Standard for Reconsideration

Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir.2000).

The district court has considerable discretion in deciding whether to reopen a case in response to a motion pursuant to Rule 59.  That discretion, of course, is not limitless.  Two important judicial imperatives are considered: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts.  The task of the district court in such a case is to strike the proper balance between these competing interests. In order to do this, the court should consider, among other things, the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, whether the evidence was available to the non-movant before she responded to the summary judgment motion, and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167 (C.A.5 (La.),1990).

Pursuant to Rule 60, the Court is authorized to grant relief from a judgment or order as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    6) any other reason that justifies relief.

Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud. The determination of whether neglect is excusable, for purposes of a motion for relief from judgment for mistake or other reasons, is an equitable one, taking account of all relevant circumstances surrounding the party's omission; relevant factors include danger of prejudice to the opposing party, length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, whether movant acted in good faith, and whether movant's underlying claim is meritorious. *Jennings v. Rivers*, 394 F.3d 850 (C.A.10 (Okla.) 2005).

  **B. Plaintiff believed a PFS was provided to Vanguard**

Plaintiff believed a Plaintiff Fact Sheet was timely provided to Vanguard with its May 4, 2011 submission of Plaintiff Fact Sheets. With this May 4, 2011 submission, undersigned counsel believed all substantially completed Plaintiff Fact Sheets had been submitted to Vanguard. Therefore, Plaintiff was unaware that the Motion to Dismiss filed in the instant matter was applicable to any Plaintiffs that had complied with PTO No. 2 and 32. Had Plaintiff realized that his PFS was erroneously omitted from the data transferred to Vanguard, he would have immediately remedied

the error.

Further, Plaintiff's PFS was previously timely provided to Defendant's Liaison Counsel. This timely submission to Defendant's Liaison Counsel, in conjunction with Plaintiff's later erroneous omission should provide just cause for granting the instant Motion.

This Motion is timely as the twenty-eight day deadline had not yet passed. Plaintiff respectfully requests this Court grant Plaintiff's Motion for New Trial, and reinstate Mr. Louis' cause of action against Vanguard. Further, in compliance with the Court's Order, Plaintiff has attached the opposition memorandum to the original motion to the instant Motion to Amend Judgement, or in the alternative, Relief from Judgment or Order.

### III. Conclusion

Plaintiff Jerry Louis did not file an Opposition in response to Defendant's Motion because Plaintiff was unaware of its filing. Furthermore, Plaintiff believed that his PFS was previously submitted to Vanguard on May 4, 2011. As there is no significant prejudice to Defendant, Plaintiff's Motion should be granted. There has been no settlement of Defendant's claims that will be adversely affected by allowing this filing; therefore, Plaintiff respectfully requests this Honorable Court consider the foregoing memorandum as sufficient support to Reconsider its previous Order, and reinstate Mr. Louis' cause of action against Vanguard, or in the alternative, grant Plaintiff a new trial.

Respectfully submitted:

**BRUNO & BRUNO, LLP**

 /s/ Joseph M. Bruno
Joseph M. Bruno, No. 3604
Melissa DeBarbieris, No. 32124

855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504)525-1335
Facsimile: (504)581-1493
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, through the CM/ECF system on this 30th day of November, 2011.

/s/ Joseph M. Bruno
Joseph M. Bruno
