UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-4721

# ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets, filed by defendants Jayco, Inc. ("Jayco"), CH2M Hill Constructors, Inc. ("CH2M"), and Fluor Enterprises, Inc. ("Fluor") (Rec. Doc. 23339, as modified by Rec. Docs. 23616, 23641).

In their original motion papers, Jayco, CH2M, and Fluor moved to dismiss the claims of four plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Kendra Bienemy on behalf of Davinque Bienemy; (2) Kendra Bienemy on behalf of Kevlin Bienemy; (3) Margaret Eustis; and (4) Rodney Hills. *See* Rec. Doc. 23339. However, the movants subsequently withdrew their motion as to (1) Kendra Bienemy on behalf of Davinque Bienemy, (2) Kendra Bienemy on behalf of Kevlin Bienemy, and (3) Margaret Eustis, who cured their deficiencies after the motion was filed. *See* Rec. Doc. 23616. Accordingly, the motion remains pending only as to Rodney Hills.

## A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests

1

for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions and, for cases where the deficiency notice was served after March 24, 2011, the Court extended by an additional thirty days the time for curing deficiencies (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).  Additionally, the Fifth Circuit looks for "at least one of three aggravating factors:  '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir.

2

1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

## C. ANALYSIS:

On April 9, 2010, defendant Jayco sent a letter to plaintiffs' counsel specifying material deficiencies with respect to the PFS of Rodney Hills, among others. *See* Exhibit B to Movant's Memorandum in Support (Rec. Docs. 23339-4). In response, plaintiffs sent supplemental responses, which stated "Will Supplement" in response to almost every question. *See* Exhibit J to Movant's Memorandum in Support (Rec. Docs. 23339-12). Plaintiffs sent no further PFS responses to cure the deficiencies.

The deficiencies in the PFS of Rodney Hills are substantial. He has failed to provide basic, core information about his claims. For example, he has failed to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the

3

claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the plaintiff's personal smoking history (VI.C); (6) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (7) the average number of hours spent in the FEMA unit each day (V.A.13); (8) the bar code for the FEMA unit (V.A.4); (9) the move-in date for the FEMA unit (V.A.6); (10) the move-out date for the FEMA unit (V.A.7); and (11) the installation address for the FEMA unit (V.A.8). *See* Exhibits I and J to Movant's Memorandum in Support (Rec. Docs. 23339-11 through 23339-12). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124). Thus, the Court finds that Rodney Hills has failed to materially comply with his obligations to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about this plaintiff's claims.

However, the record is ambiguous on the question whether Mr. Hills is personally responsible for his failure to comply with this Court's orders. Recently, plaintiffs' counsel has sent multiple letters, performed computer-based person searches, and made numerous telephone calls in an effort to reach Mr. Hills, to no avail. *See* Affidavit of Plaintiffs' Counsel's Project Coordinator (Rec. Doc. 23584-4). However, it appears that prior to these recent efforts, in September 2010, counsel was able to reach Mr. Hills, who stated that he had suffered a stroke and was unable to

remember much. *Id.* Therefore, the Court concludes that it should grant Rodney Hills one final opportunity to cure his PFS deficiencies to the best of his ability. He shall have sixty (60) days to do so. If he fails to do so, any defendant may move for dismissal,[1] as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received absent competent, admissible evidence that Mr. Hills is unable to provide the information as ordered by the Court.[2] Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23339, as modified by Rec. Docs. 23616, 23641)**, filed by defendants Jayco, CH2M, and Fluor**,** is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Rodney Hills shall cure within sixty (60) days any material deficiencies in his Plaintiff Fact Sheet, as specified in the instant motion, by providing answers to the questions set forth in the PFS form, to the best of his ability. Upon his failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2, 32 and 88.

New Orleans, Louisiana, this 30th day of November, 2011.

**KURT D. ENGELHARDT**
**United States District Court**

---

[1] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

[2] By this the Court does not mean that an expert opinion is required. At this stage, the Court would simply require an affidavit by someone competent to testify on the matter (*i.e.*, someone with personal knowledge), attesting to Mr. Hills' efforts to provide the required PFS information and his physical limitations, if any, to the extent they bear on his ability to provide such information.

5