UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER					MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION
								SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-6964

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets, filed by defendants Jayco, Inc. ("Jayco") and Bechtel National, Inc. ("Bechtel") (Rec. Doc. 23356). Plaintiffs have filed an opposition memorandum (Rec. Doc. 23589).

Jayco and Bechtel move to dismiss the claims of four plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Michael Jackson; (2) Tiffany Johnson as next friend of Wayne Champagne; (3) Andrea Merrow; and (4) John Montgomery.

### A. **BACKGROUND**:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should

1

be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions and, for cases where the deficiency notice was served after March 24, 2011, the Court extended by an additional thirty days the time for curing deficiencies (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because

2

dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

In April 2010, defendant Jayco sent letters to plaintiffs' counsel, specifying material deficiencies in the PFS of: (1) Michael Jackson, (2) Tiffany Johnson as next friend of Wayne Champagne, (3) Andrea Merrow, and (4) John Montgomery, among others. *See* Exhibits B and G to Movant's Memorandum in Support (Rec. Doc. 23356-4, 23356-9). Plaintiffs' counsel delivered supplemental responses on August 19, 2010. *See* Exhibits E, H, J and L to Movant's Memorandum in Support (Rec. Doc. 23356-7, -10, -12, -14). However, the generic, boilerplate responses simply stated "Will Supplement" or "I do not recall," and did not cure the deficiencies. *Id.* Plaintiffs sent no further PFS responses.

The deficiencies in the PFS of these four plaintiffs are substantial. Each of them has failed to provide basic, core information about the plaintiff's claims. For example, each has failed to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff

3

is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); and (6) the average number of hours spent in the FEMA unit each day (V.A.13). *See* Exhibits A, E, F, H through L to Movant's Memorandum in Support (Rec. Docs. 23356-3, 23356-7, 23356-8 and 23356-10 through 23356-14). In addition, the PFS of Michael Jackson, Andrea Merrow, and John Montgomery fail to provide the bar code for the FEMA unit (V.A.4). The PFS of Michael Jackson and Andrea Merrow also fail to state: (1) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); (2) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B). *See* Exhibits A, E, I and J to Movant's Memorandum in Support (Rec. Docs. 23356-3, 23356-7, 23356-11 and 23356-12). The PFS of Tiffany Johnson on behalf of Wayne Champagne fails to provide: (1) a move-in date for the FEMA unit (V.A.6); and (2) a move-out date for the FEMA unit (V.A.7). *See* Exhibits F and H to Movant's Memorandum in Support (Rec. Doc. 23356-8, 23356-10). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that each of these plaintiffs has failed to materially comply with his or her obligations to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims.

In addition, the record shows that these plaintiffs are personally responsible for their failure to comply with this Court's orders. The record shows that plaintiffs' counsel has tried for months to reach these four plaintiffs regarding the deficiencies in their PFS, calling each of them daily for more than a year, and twice daily for several weeks. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator, Exhibits A, B C and D to Plaintiff's Opposition Memorandum (Rec. Doc. 23589-1 ). Counsel has sent multiple letters over the course of two years, to no avail. *Id.* Counsel has also performed computer-based person searches in an effort to locate them. *Id.* Despite counsel's efforts, the plaintiffs have failed to provide the information necessary to cure their PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of (1) Michael Jackson, (2) Tiffany Johnson as next friend of Wayne Champagne, (3) Andrea Merrow, and (4) John Montgomery, and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that efforts by counsel for plaintiffs and defendants have failed to motivate them to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to (1) Michael Jackson, (2) Tiffany Johnson as next friend of Wayne Champagne, (3) Andrea Merrow, and (4) John Montgomery.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23356)**, filed by defendants Jayco RV, Inc. and Bechtel National, Inc. is hereby **GRANTED**, and the claims of (1) Michael Jackson, (2) Tiffany Johnson as next friend of Wayne Champagne, (3) Andrea Merrow, and (4) John Montgomery are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  30th  day of November, 2011.

**KURT D. ENGELHARDT**
**United States District Court**