# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| **IN RE: FEMA TRAILER** | * | **MDL NO. 1873** |
| **FORMALDEHYDE PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | **SECTION:  N** |
| | * | |
| | * | |

**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\***

**This document relates to:**

**Higginbotham, et. al. v.**
**Crum & Forster Specialty Ins. Co. et. al.**
**No. 09-cv-5308**

## THE BURLINGTON INSURANCE COMPANY'S
## LIST OF DEFENSES AND MOTIONS TO BE PRESERVED

Pursuant to Pretrial Order No. 4 (Rec. Doc. No. 130), defendant The Burlington

Insurance Company, as an alleged insurer of Pilgrim International, Inc., submits the following

list of defenses and motions to be preserved.[1]

---

[1] It is unclear the extent to which the Master Complaint supersedes, amends and/or replaces the allegations asserted by the plaintiffs in each of the underlying actions.  Thus, in an abundance of caution and to ensure that all relevant actions and defenses are preserved, Burlington has listed the defenses and motions applicable to the Complaint for Damages and First Supplemental and Amending Complaint for Damages (collectively, "Complaint") filed in the underlying action captioned Higginbotham, et. al. v. Crum & Forster Specialty Ins. Co., et. al. No. 09-5308,  United States District Court for the Eastern District of Louisiana, and the Master Complaint filed in MDL 1873. Burlington reserves the right to raise additional defenses and motions  in any other underlying actions in which Burlington has been named or may be named as a defendant.

## GENERAL DEFENSES

1.  Rule 12(b)(1):  Lack of standing, including failure to properly identify trailers issued by Burlington's alleged insured, Pilgrim International, Inc.

2.  Rule 12(b)(1):  Lack of subject matter jurisdiction over claims.

3.  Rule 12(b)(2): Lack of personal matter jurisdiction over claims.

4.  Rule 12(b)(3):  Improper venue.

5.  Rule 12(b)(4) and Rule 12(b)(5):  Insufficiency of process and service of process.

6.  Rule 12(b)(6):  Failure to state a claim because Plaintiffs failed to make particularized allegations about their injuries and damages and failure to make any particularized allegations about any particular defendant's alleged conduct.

7.  Rule 12(b)(6):  Failure to state a claim because the plaintiffs have no right of action against Burlington under the Louisiana Direct Action Statute, La. R.S. 22:1269 (formerly La. R.S. 22:655), because Plaintiffs have no substantive cause of action against Burlington's alleged insured, Pilgrim International, Inc.

8.  Rule 12(b)(6): Failure to state a claim to the extent that Plaintiffs' claims against Pilgrim International, Inc. and/or its insurers are barred by the automatic stay and/or any order entered by the bankruptcy court.

9.  Rule 12(b)(6):  Failure to state a claim upon which relief can be granted under the Louisiana Products Liability Act.

10. Rule 12(b)(6):  Failure to state a claim for redhibition or breach of contract under Louisiana law.

11.     Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that Plaintiffs allege strict liability as there is no basis under Louisiana law for same.

12.     Rule 12(b)(6):  Failure to state a claim upon which relief can be granted to the extent that Plaintiffs seek to impose joint and several, or solidary liability on the named defendants, as Louisiana law does not provide for solidary liability on the facts alleged.

13.     Rule 12(b)(6):  Failure to state a claim for breach of implied or express warranty under Louisiana law because those claims are not available to Plaintiffs, and to the extent that they are available, those claims are precluded by the Louisiana Products Liability Act.

14.     Rule 12(b)(6):  Failure to state a claim for negligence under Louisiana  law.

15.     Rule 12(b)(6):  Failure to state a claim under the Federal Tort Claims Act and 42 U.S.C. section 1983.

16.     Rule 12(b)(6):  Failure to state a claim on grounds that Burlington's alleged insured, Pilgrim International, Inc., is a government contractor immunized from liability.

17.     Rule 12(b)(6):  Failure to state a claim to the extent that it is determined that the Plaintiffs previously filed, and have pending, other lawsuit(s) arising out of the same operative facts and circumstances made the subject of this lawsuit.

18.     Rule 12(b)(6):  Failure to state a claim for equitable or injunctive relief.

19.     Rule 12(b)(6):  Failure to state a claim for physical injuries.

20.     Rule 12(b)(6):  Failure to state a claim for mental and physical pain and suffering.

21.     Rule 12(b)(6):  Failure to state a claim for physical impairments and disability.

22.     Rule 12(b)(6):  Failure to state a claim for medical expenses.

23.     Rule 12(b)(6):  Failure to state a claim for loss of earning capacity.

24.     Rule 12(b)(6):  Failure to state a claim for out of pocket expenses.

25.     Rule 12(b)(6):  Failure to state a claim for medical monitoring damages.

26.     Rule 12(b)(6):  Failure to state a claim for economic damages.

27.     Rule 12(b)(6):  Failure to state a claim for property damages.

28.     Rule 12(b)(6):  Failure to state a claim for attorney's fees.

29.     Rule 12(b)(6):  Failure to state a claim for court costs.

30.     Rule 12(b)(6):  Failure to state a claim for compensatory damages as there is no basis for awarding such damages under the facts alleged in Plaintiffs' Complaint and under Louisiana law.

31.     Rule 12(b)(6):  Failure to state a claim for punitive damages.

32.     Rule 12(b)(6):  Failure to state a claim for loss of consortium and/or society.

33.     Rule 12(b)(6):  Failure to state a claim for loss of enjoyment of life.

34.     Rule 12(b)(6):  Failure to state a claim for relocation expenses or for provision of replacement trailers.

35.     Rule 12(b)(6): Failure to state a claim because Plaintiffs' claims are barred by the applicable prescriptive or peremptive period, the applicable statute of limitations and/or laches.

36.     Rule 12(b)(6):  Failure to state a claim insofar as Plaintiffs have not alleged and cannot prove either general or specific causation for their alleged injuries.

37.    Rule 12(b)(6):  Failure to state a claim to the extent that the Plaintiffs have not alleged actual damages and/or have failed to mitigate their damages.

38.    Rule 12(b)(6):  Plaintiffs' demands are barred and/or alternatively reduced to the extent that Plaintiffs are found to be contributorily and/or comparatively negligent.

39.    Rule 12(b)(6):  Plaintiffs' demands are barred to the extent that Plaintiffs are found to have voluntarily assumed a known risk.

40.    Rule 12(b)(6):  Plaintiffs' demands are subject to a setoff for any and all amounts received by Plaintiffs from any other source, including, without limitation, federal and/or state compensation laws.

41.    Rule 12(b)(6):  Burlington avers that the injuries and damages alleged, if any, were caused by the negligence, strict liability or fault of third parties, for which Burlington and/or Pilgrim International, Inc. are not liable.

42.    Rule 12(b)(6):  The Plaintiffs' demands are barred on the basis that the risk of the damages claimed by the Plaintiffs was not reasonably foreseeable.

43.    Rule 12(b)(6):  Plaintiffs' demands are barred, in whole or in part, to the extent the equitable doctrines of laches, waiver, estoppel, and unclean hands are applicable.

44.    Rule 12(b)(6):  Burlington and its alleged insured at all times acted in good faith, without recklessness, without any intent to deceive, manipulate or defraud Plaintiffs or any other persons, without knowledge of or reckless disregard of any fraudulent scheme, and with a reasonable and good faith belief in the accuracy and completeness of all representations and statements made to Plaintiffs.

- 5 -

45.     Rule 12(b)(6):  Burlington and its alleged insured, in their conduct with respect to the allegations of the Complaint, had neither actual nor constructive knowledge of any of the wrongful conduct upon which the Complaint is based.

46.     Rule 12(b)(6):  Burlington and its alleged insured, in the exercise of reasonable care, did not know and could not have known of any of the wrongful conduct upon which the Complaint is based.

47.     Rule 12(b)(6):  Burlington and its alleged insured did not owe any duty to Plaintiffs in connection with the damages alleged by Plaintiffs, or, if such a duty did exist (which Burlington specifically denies), Burlington and its alleged insured did not breach such duty.

48.     Rule 12(b)(6):  The actions or inactions of Burlington and its alleged insured are not a cause in fact of the Plaintiffs' alleged damages.

49.     Rule 12(b)(6):  Assuming Burlington and/or its alleged insured owed a duty to Plaintiffs (which Burlington specifically denies), the damages alleged by Plaintiffs are outside the scope of such duty.

50.     Rule 12(b)(6):  There is no ease of association between the conduct alleged in the Complaint and the harm alleged by Plaintiffs.

51.     Rule 12(b)(6):  The conduct alleged in the Complaint does not constitute a proximate cause of the purported injuries for which Plaintiffs seek damages or other monetary relief from defendants, including Burlington and its alleged insured.  Recovery under the Complaint is barred, in whole or in part, because there are numerous intervening or superseding causes of the injuries allegedly sustained by the Plaintiffs.

52.    Rule 12(b)(6):   There was no reliance by Plaintiffs upon any alleged misrepresentations or omissions of pertinent facts or information.

53.    Rule 12(b)(6):  To the extent that the injuries allegedly sustained by the Plaintiffs occurred as a result of a pre-existing medical condition, causes, or injury which is unrelated to the conduct of Burlington's alleged insured the existence of these pre-existing or other medical conditions, causes or injuries are a bar to and/or mitigating factor to any recovery sought herein.

54.    Rule 12(b)(6):  Plaintiffs' claims against Burlington and its alleged insured are barred, or alternatively reduced, to the extent the alleged injuries complained of were caused by products manufactured and/or distributed by other parties.

55.    Rule 12(b)(6):  Plaintiffs are barred from recovery because Burlington and its alleged insured had no duty to warn and cannot be liable for failure to warn third parties, such as family members.

56.    Rule 12(b)(6):  To the extent Plaintiffs are entitled to recover against Burlington and its alleged insured, which is specifically denied, Plaintiffs' recovery is barred and/or reduced in proportion to the degree of fault attributable to Plaintiffs, and/or any and all co-defendants herein, and/or any other party to whom fault is attributed, regardless of whether or not said person is a party to the suit or bankrupt.

57.    Rule 12(b)(6):  Plaintiffs' claims against Burlington and its alleged insured are barred, or alternatively reduced, to the extent the injuries complained of were the result of exposure to substances other than formaldehyde.

58.    Rule 9(b):  Failure to plead fraud and misrepresentation with particularity.

- 7 -

59.     Rule 12(e): Motion for more definite statement of the Complaint based on
        Plaintiffs' failure to make particularized allegations about their injuries and
        damages and failure to make any particularized allegations about any particular
        defendant's alleged conduct.

60.     Rule 21:  Improper joinder – failure to satisfy requirements for joinder of parties
        under Rules 19 and 20.

### POLICY DEFENSES

61.     Rule 12(b)(6): Failure to state a claim because the claims that have been asserted
        against Burlington and/or its alleged insured do not fall within the terms,
        limitations, definitions, and conditions of the policies of insurance issued by
        Burlington to Pilgrim International, Inc.

62.     Plaintiffs' demands are barred to the extent that Plaintiffs are not able to prove the
        existence and/or establish any policies that may have been issued by Burlington to
        or on behalf of Pilgrim International, Inc. and to the extent Plaintiffs are not able
        to prove the terms, limitations, conditions and exclusions of those policies, if any.

63.     Plaintiffs' demands are barred to the extent they conflict with the terms,
        conditions, exceptions and limitations of any policies that may have been issued
        by, or are alleged to have been issued by, Burlington, if any (hereinafter referred
        to as the "Policies").

64.     Plaintiffs' demands are barred, in whole or in part, to the extent Plaintiffs fail to
        allege an "occurrence" or "accident" within the meaning of any Policies.

65.     Plaintiffs' demands are barred, in whole or in part, to the extent they allege
        "bodily injury" or "property damage" caused by an "occurrence" and/or

"accident," as those terms may be defined by the Policies, before the effective date of the Policies or after the termination and/or expiration of the Policies.

66.     Plaintiffs' demands are barred, in whole or in part, to the extent they allege "bodily injury" or "property damage" caused by an "occurrence" and/or "accident," as those terms may be defined by the Policies, that were in the process of occurring as of the inception date of the Policies.

67.     Plaintiffs' demands are barred, in whole or in part, to the extent that Burlington's alleged insured or any employee authorized by Burlington's alleged insured to receive notice of an "occurrence" knew, prior to the policy period, that any alleged "bodily injury" or "property damage" had occurred.

68.     Plaintiffs' demands are barred, in whole or in part, to the extent the Plaintiffs do not allege "bodily injury" or "property damage" within the meaning of the Policies.

69.     Plaintiffs' demands are barred, in whole or in part, to the extent the Policies do not afford coverage for "bodily injury" or "property damage" that is expected, intended or otherwise arising from non-fortuitous events.

70.     Plaintiffs' demands are barred, in whole or in part, to the extent that the Policies do not afford coverage for "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, which is not an "insured contract" within the meaning of the Policies.

71.     Plaintiffs' demands are barred to the extent the Policies contain exclusions that bar coverage for "bodily injury" or "property damage" resulting from exposure to

certain substances, as more fully set forth in the exclusion commonly referred to as the "pollution exclusion."

72.    Plaintiffs' demands are barred to the extent the Policies contain exclusions that bar coverage for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to Burlington's alleged insured.

73.    Plaintiffs' claims are barred to the extent that coverage is excluded for "property damage" to that particular part of real property on which Burlington's alleged insured or any contractors or subcontractors working directly or indirectly on behalf of Burlington's alleged insured are performing operations, if the alleged "property damage" arises out of those operations.

74.    Plaintiffs' claims are barred to the extent that coverage is excluded for "property damage" to that particular part of any property that must be restored, repaired, or replaced because Burlington's alleged insured's work was incorrectly performed on it.

75.    Plaintiffs' claims are barred, either in whole or in part, to the extent that any of the damages alleged in the Complaint are precluded by the "your product" and/or "your work" exclusions in the Policies.

76.    Plaintiffs' claims are barred, either in whole or in part, to the extent that coverage is excluded for "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in Burlington's alleged insured's own product or work; or a delay or failure by Burlington's alleged insured or anyone acting on behalf of

Burlington's alleged insured to perform a contract or agreement in accordance with its terms.

77.   Plaintiffs' claims are barred, either in whole or in part, to the extent that any of the damages alleged in the Complaint are for any loss, cost or expense for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of Burlington's alleged insured's own product, own work, or impaired property, if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

78.   Plaintiffs' claims are barred, either in whole or in part, to the extent that coverage is excluded for "bodily injury" or "property damage" within the "products-completed operations hazard" if the injury or damage first occurred prior to the effective date of the Policies.

79.   Plaintiffs' demands are barred or alternatively are reduced to the extent there is other insurance applicable to the claims asserted herein.

80.   Plaintiffs' demands are barred to the extent Pilgrim International, Inc. either does not qualify as an insured under any of the Policies or is not a successor to an insured under the Policies.

81.   To the extent that coverage otherwise exists under one or more of the Policies, which Burlington denies, such Policies are subject to the per occurrence and aggregate limits of liability set forth therein, including any and all applicable deductibles, and/or self insured retentions, as well as all policy provisions precluding the stacking or cumulation of multiple policy limits.

- 11 -

82.     Plaintiffs' demands are barred to the extent Burlington's alleged insured had notice of the Plaintiffs' claims and failed to give timely notice to Burlington in accordance with the terms of the Policies.

83.     Plaintiffs' demands are barred and the Policies are void *ab initio* to the extent an insured failed to disclose, concealed or misrepresented the nature of Burlington's alleged insured's operations or other facts material to the risks undertaken by Burlington.

84.     Plaintiffs' demands are barred to the extent Burlington's alleged insured failed to meet all of the conditions under the Policies.

85.     Plaintiffs' demands are barred to the extent the Policies, or any rights with respect to the Policies, have been transferred or assigned in contravention of policy terms and conditions.

86.     Burlington avers that the Plaintiffs' demands are barred as to Burlington to the extent that Plaintiffs were never exposed to harmful substances at any time during which Burlington may have provided coverage.

87.     The Plaintiffs' demands are barred under the Policies to the extent they allege intentional acts on the part of Burlington's alleged insured and/or its employees.

88.     The Plaintiffs' demands are barred under the Policies to the extent they allege fraud and/or conspiracy on the part of Burlington's alleged insured and/or its employees.

89.     In the event that Burlington is found liable to Plaintiffs, all damages against Burlington and/or its alleged insured should be apportioned among each of the

alleged insured's insurers, whether named in this action or not, in proportion to the respective obligations of each such insurer.

90. Burlington avers that it is entitled to an offset and/or credit for the liability of any and all individuals, companies, parties and/or defendants with whom the Plaintiffs have settled, regardless of whether those persons are parties to this litigation.

91. To the extent that an insured has voluntarily incurred liabilities, assumed obligations, or paid moneys without prior notice to and the consent of Burlington, or otherwise failed to cooperate with Burlington, Burlington has no obligation to Plaintiffs.

92. To the extent the Petition is deemed to allege fraud and/or conspiracy on the part of an insured or its employees, the Petitions do not allege the circumstances constituting fraud and/or conspiracy with sufficient particularity, as required by Louisiana Code of Civil Procedure article 856.

93. There is no coverage under the Policies for losses, which were known to or should have been known to the alleged insured prior to the inception of any alleged policy period.

94. There is no coverage under the Policies for punitive damages, fines, penalties or exemplary damages.

95. The Complaint does not describe the claims made against Burlington and its alleged insured with sufficient particularity to enable Burlington to determine what defenses it may have in response to the Complaint. Therefore, Burlington hereby reserves the right to raise any and all other affirmative defenses based on allegations that may be revealed as a result of discovery or otherwise.

96.     Burlington reserves its right to raise any and all other defenses under the Policies or applicable law.

Burlington incorporates herein by reference, as if set forth herein in extenso, all defenses to the claims which have been asserted or will be asserted by any similarly-situated Defendant in the captioned actions, but only to the extent that such defenses are not inconsistent with the foregoing defenses asserted by Burlington, including, without limitation, the joint defenses, including Rule 9 and Rule 12 defenses submitted by Defendants' Liaison Counsel, and any defenses that may be raised by other insurer defendants.  Burlington further reserves the right to raise additional defenses, preliminary pleadings or dispositive motions in its Answer or other pleadings filed in this case or in any other case in which it is subsequently named and properly served.

Respectfully submitted,

  /s/ Mary K. Cryar
Sidney W. Degan, III (No. 4804)
Mary K. Cryar (No. 24062)
DEGAN, BLANCHARD & NASH
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130
Telephone: 504-529-3333
Facsimile:  504-529-3337

**Attorneys for Burlington Insurance Corporation**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2011 a copy of the foregoing **LIST OF DEFENSES AND MOTIONS TO BE PRESERVED** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants:  **No manual participants.**


                                             _____/s/ Mary K. Cryar_____
                                             Mary K. Cryar (La. Bar No. 24062)

L:\375\7920\Doc\17 Burlington preservation of defenses Higginbotham.doc