UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case Nos.  09-4713, 09-7070, | * | JUDGE ENGELHARDT |
| 09-7889, 10-2190 | * | |
| | * | |
| | * | MAG. JUDGE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

MAY IT PLEASE THE COURT:

In response to Plaintiff's Opposition to Forest River's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets [Rec. Doc. 23606], Forest River submits this Reply memorandum, which includes a request to partially withdraw Forest River, Inc.'s Motion to Dismiss.  On Friday, November 11, 2011, Defendant Forest River, Inc. ("Forest River") moved this Court to dismiss the claims of certain plaintiffs against Forest River on the grounds that these plaintiffs failed to produce Plaintiff Facts Sheets ("PFSs") in compliance with Pre-Trial Order ("PTO") No. 2 and 32 [Rec. Doc. No. 23503].

Plaintiffs then filed an Opposition to Forest River's Motion to Dismiss (filed November 22, 2011) asserting that PFSs and Amendment Sheets had previously been provided to Defense Liaison Counsel.  Forest River notes that Plaintiffs' Opposition was filed two days before Thanksgiving, a copy was not sent to Forest River by Plaintiffs' Counsel, a copy was received from Defense Liaison Counsel on Saturday, November 26, 2011 and Forest River did not become aware of Plaintiffs' Opposition until Monday, November 28, 2011, at which time Forest River began investigating the claims made by Plaintiffs in their Opposition.

In support their Opposition, Plaintiffs' counsel attached an affidavit of Nicole Porter, Watts Hillard's Project Coordinator, as Exhibit A to their Opposition.  However, this affidavit consisted of nothing more than unfounded statements; Plaintiffs' counsel have failed to provide any actual proof of such alleged PFS productions referenced in Paragraphs 3 - 7 , either in the way of the missing PFSs themselves or copies of  letters or emails confirming the transmittal of such PFSs for the subject plaintiffs.

In its Motion to Dismiss, Forest River had listed the two plaintiffs below for which PFSs had never been received.

09-4713         Strickland, Ruth v. Forest River
                Marshall, Della                         Pierre

These two plaintiffs' names were taken directly from the complaint and no PFSs had ever been received with the names of these two plaintiffs.  In their Opposition, Plaintiffs' counsel provided the last name for "Pierre," who is now correctly identified for the first time as "Pierre Clark" and the correct first name for "Della Marshall," who is now correctly identified for the first time as "ReElla Marshall."  Upon a review of its database, Forest River has determined that it had PFSs for a "Pierre Clark" and a "ReElla Marshall."  In fact, Forest River sent Plaintiffs' counsel a deficiency letter on April 6, 2011 and June 29, 2011 that listed deficiencies for Pierre Clark.  No responses were received that cured those PFS deficiencies.  The PFS deficiencies for Pierre Clark will be addressed in a separate Motion to Dismiss.  Forest River also sent Plaintiffs' counsel a deficiency letter on April 6, 2011 and August 8, 2011 that listed deficiencies for ReElla Marshall.  No responses were received that cured those PFS deficiencies.  The PFS deficiencies for ReElla Marshall will be addressed in a separate Motion to Dismiss.

Accordingly, Forest River requests this Court to allow the partial withdrawal of Forest River's previously filed Motion to Dismiss with respect to the claims of Pierre Clark and ReElla

Marshall. Despite the fact that Forest River had received PFSs for these plaintiffs in their "correct" names, Forest River was unaware that the PFSs for those plaintiffs corresponded to the plaintiffs listed in the complaint as "Pierre" and "Della Marshall," respectively. It was not until Plaintiff's Counsel filed its Opposition that Forest River was made aware of the fact that "Pierre" in the complaint was in fact, "Pierre Clark" and "Della Marshall" in the complaint was in fact, "ReElla Marshall." Therefore, Forest River seeks to partially withdraw its Motion to Dismiss with respect to the claims of these two plaintiffs.

The remainder of Forest River's Motion to Dismiss was Plaintiffs' counsel's failure to provide PFSs for the below listed four plaintiffs. Plaintiffs' counsel have had several opportunities to produce the missing PFSs of the following four Plaintiffs and have continually failed to do so to this day.

| | | |
|---|---|---|
| **09-7070** | **Williams, Albert v. Forest River** | |
| | Nguyen, An o/b/o A.L. | Smith, Nyasha o/b/o R.S. |
| **09-7889** | **Alexander, Rikita v. Forest River** | |
| | Wells, Iris o/b/o F.W. | |
| **10-2190** | **Stallworth, Lemuel v. Forest River** | |
| | Howell, Pamela o/b/o K.J. | |

As stated in its Motion to Dismiss, Forest River sent Plaintiff's Counsel a deficiency letter on May 2, 2011, indicating it did not have PFSs for the above-listed four plaintiffs. While Forest River did receive a response from Plaintiffs' counsel containing some PFSs, no PFS were received for the above-listed four Plaintiffs in response to the Deficiency Letter. This was Plaintiffs' first opportunity to produce the missing PFSs. Furthermore, on Wednesday, November 9, Forest River emailed a copy of the draft Motion to Dismiss to Plaintiffs' counsel, requesting that they advise no later than noon on November, 11, 2011 whether plaintiffs would consent to or oppose the filing of the Motion. Plaintiffs' counsel did not respond either way to

the email.  At this point, it should have been evident to Plaintiffs that Forest River had not received PFSs for the above-listed four plaintiffs.  This was Plaintiffs' second opportunity to produce the missing PFSs. Finally, the filing of Forest River's Motion to Dismiss on November 11, 2011 was the third notification to Plaintiffs' counsel that Forest River still had not received PFSs for the above-listed four plaintiffs and, thus, was Plaintiffs' third opportunity to produce the missing PFSs.  Finally, Plaintiffs filed an Opposition on November 22, 2011 in response to Forest River's Motion to Dismiss but, interestingly, did not attach the missing PFSs. This was Plaintiffs' fourth opportunity to produce the missing PFSs.

If Plaintiffs' counsel had in fact previously submitted the missing PFSs to Defense Liaison Counsel or currently have the missing PFSs in their possession, they should have seized any of these four opportunities to produce thee missing PFS so that Forest River may proceed in addressing the claims of these four plaintiffs.   Instead, Plaintiffs' counsel have only produced an affidavit stating that  such PFSs have been previously produced  without providing copies of any accompanying the prior transmittal letters or emails indicating the PFSs for these four plaintiffs were being produced or the actual missing PFSs themselves.  It seems odd that, if Plaintiffs' counsel actually has possession of the missing PFSs, they have not taken the aforementioned four opportunities to provide those missing PFSs to Forest River.

In light of the above, Forest River requests the Court to grant its originally filed Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets with respect to Nguyen, An o/b/o A.L., Smith, Nyasha o/b/o R.S., Wells, Iris o/b/o F.W., and Howell, Pamela o/b/o K.J. or, in the alternative, order the four plaintiffs produce their missing PFSs within a limited period of time or face dismissal of their claims.  Further Forest

River requests the Court to Partially Withdraw its Motion to Dismiss for plaintiffs Pierre (correct name, "Pierre Clark") and Della Marshall (, correct name, "ReElla Marshall").

              Respectfully Submitted,

              **GIEGER, LABORDE & LAPEROUSE, LLC**

              BY: /s/ Ernest P. Gieger, Jr.
              ERNEST P. GIEGER, JR. (6154)
              ANDREW A. BRAUN (#3415)
              J. MICHAEL DIGIGLIA (24378)
              GIEGER, LABORDE & LAPEROUSE, L.L.C.
              One Shell Square
              701 Poydras Street, Suite 4800
              New Orleans, Louisiana 70139-4800
              Telephone: (504) 561-0400
              Facsimile: (504) 561-1011
              egieger@glllaw.com
              abraun@glllaw.com
              mdigiglia@glllaw.com
              **ATTORNEYS FOR FOREST RIVER, INC.**

## CERTIFICATE OF SERVICE

  I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on November 29, 2011 via electronic filing.

              /s/ Ernest P. Gieger, Jr.