UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER	MDL NO. 07-1873
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION
                                                SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-4734

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") (Rec. Doc. 23499, as modified by Rec. Docs. 23630, 23668). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23587). Liberty Mutual has filed a reply memorandum. (Rec. Doc. 23645).

In its original motion papers, Liberty Mutual moved to dismiss the claims of four plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Jeffrey Hardy on behalf of Ethan Hardy; (2) Joshua Palmer; (3) Louise Barthelemy; and (4) Thomas Barthelemy. *See* Rec. Doc. 23499. However, Liberty Mutual subsequently withdrew its motion as to (1) Louise Barthelemy, and (2) Thomas Barthelemy, who cured their deficiencies after the motion was filed. *See* Rec. Docs. 23630, 23668. Accordingly, the motion remains pending only as to (1) Jeffrey Hardy on behalf of Ethan Hardy, and (2) Joshua Palmer.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet

1

(PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).  In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions and, for cases where the deficiency notice was served after March 24, 2011, the Court extended by an additional thirty days the time for curing deficiencies (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

B.  **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).  Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay

caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On May 20, 2011, counsel for Liberty Mutual sent a letter to plaintiffs' counsel stating that they had not received a completed PFS for: (1) Jeffrey Hardy on behalf of Ethan Hardy, and (2) Joshua Palmer, among others. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23499-2). On June 16, 2011, counsel for Liberty Mutual sent two additional deficiency notices to plaintiffs' counsel, specifying material deficiencies in the PFS of: (1) Jeffrey Hardy on behalf of Ethan Hardy, and (2) Joshua Palmer. *See* Exhibits B and F to Movant's Memorandum in Support (Rec. Doc. 23499-3, -7). Plaintiffs' counsel forwarded supplemental responses, but they were largely generic, boilerplate answers (*e.g.*, "I do not recall if I am claiming mental and/or emotional

3

damages...") and did not cure the deficiencies. *See* Exhibits D and H to Movant's Memorandum in Support (Rec. Doc. 23499-5, -9). After the instant motion was filed, Joshua Palmer provided additional supplemental responses, curing many of the alleged deficiencies. *See* Exhibit B to Plaintiffs' Opposition Memorandum (Rec. Doc. 23587-2). Jeffrey Hardy on behalf of Ethan Hardy provided no further responses.

**1. Jeffrey Hardy on behalf of Ethan Hardy:**

The deficiencies in the PFS of Jeffrey Hardy on behalf of Ethan Hardy are substantial. He has failed to provide basic, core information about the plaintiff's claims. For example, he has failed to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); (7) the bar code for the FEMA unit (V.A.4); (8) what symptoms, if any, the plaintiff experienced while living in the FEMA unit (III.C); (9) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (10) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B). *See* Exhibits C and D to Movant's Memorandum in Support (Rec. Docs. 23499-4, -5). All of these questions solicit vital information that this Court

has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that Jeffrey Hardy on behalf of Ethan Hardy has failed to materially comply with his obligation to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about this plaintiff's claims.

In addition, the record shows that Jeffrey Hardy on behalf of Ethan Hardy is personally responsible for his failure to comply with this Court's orders. The record shows that plaintiffs' counsel reached Mr. Hardy on one occasion, at which time he stated that he did not wish to pursue his claim. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator, Exhibit A to Plaintiff's Opposition Memorandum (Rec. Doc. 23587-1). However, he has not confirmed his desire to discontinue his case such that counsel could file a notice of voluntary dismissal. *Id.* Despite counsel's efforts, Jeffrey Hardy on behalf of Ethan Hardy has failed to provide the information necessary to cure his PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Jeffrey Hardy on behalf of Ethan Hardy and that the blame for this delay and failure to prosecute lies with the plaintiff himself, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by Jeffrey Hardy on behalf of Ethan Hardy, given that efforts by counsel for plaintiffs and defendants have failed to motivate him to provide the missing information necessary to prosecute his claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these

5

reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to Jeffrey Hardy on behalf of Ethan Hardy.

**2. Joshua Palmer:**

After the instant motion was filed, plaintiffs' counsel was able to reach plaintiff Joshua Palmer, and he has now provided supplemental responses satisfying almost all of the twenty-three key questions identified as essential in Pre-Trial Order No. 88. Nevertheless, Liberty Mutual argues that his claim should be dismissed with prejudice because: (1) he states that he does not recall the names of the physicians who treated him; (2) he states "I spent an average of 8 hours or more in the FEMA unit" in response to PFS question V.13 asking "What is the average number of hours spent in the FEMA trailer...each day?"; and (3) he has not yet provided a signed certification.

The Court finds that Mr. Palmer has materially complied with his PFS obligations at this stage of the proceedings. This does not relieve him of his continuing obligation to provide a signed certification, to supplement his answers as needed, and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. Nor does it exempt him from future dismissal should he fail to satisfy these obligations. However, his shortcomings at this stage do not justify dismissal under Rule 41(b) or Rule 37.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23499, as modified by Rec. Docs. 23630, 23668)**, filed by defendant Liberty Mutual Insurance Company, is hereby **DENIED IN PART**, in that it is denied with respect to Joshua Palmer, and **GRANTED IN PART**, in that it is granted with respect to Jeffrey Hardy on behalf of Ethan Hardy.  **IT IS FURTHER ORDERED**

that the claims of Jeffrey Hardy on behalf of Ethan Hardy are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  5th  day of December, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**