UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                      MDL NO. 07-1873
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION
                                                                                     SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7104

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") (Rec. Doc. 23519, as modified by Rec. Docs. 23633, 23669). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23586). Liberty Mutual has filed a reply memorandum. (Rec. Doc. 23653).

In its original motion papers, Liberty Mutual moved to dismiss the claims of five plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Gloria Bridges; (2) James Allen; (3) Nelson Bartholomew; (4) Takenya Collins; and (5) Takenya Collins on behalf of Kelsey Collins. *See* Rec. Doc. 23519. However, Liberty Mutual subsequently withdrew its motion as to (1) Nelson Bartholomew, (2) Takenya Collins, and (3) Takenya Collins on behalf of Kelsey Collins, who cured their deficiencies after the motion was filed. *See* Rec. Docs. 23633, 23669. Accordingly, the motion remains pending only as to (1) Gloria Bridges, and (2) James Allen.

**A. BACKGROUND:**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet

(PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34.  In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders.  (Rec. Docs. 87 and 1180).  In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions and, for cases where the deficiency notice was served after March 24, 2011, the Court extended by an additional thirty days the time for curing deficiencies.  (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

**B.  APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).  Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay

caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On May 20, 2011, counsel for Liberty Mutual sent a letter to plaintiffs' counsel stating that it had not received a completed PFS for: (1) Gloria Bridges, and (2) James Allen, among others. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23519-2). On June 15, 2011, counsel for Liberty Mutual sent an additional deficiency notice to plaintiffs' counsel, specifying material deficiencies in the PFS of James Allen. *See* Exhibit D to Movant's Memorandum in Support (Rec. Doc. 23519-5). Plaintiffs' counsel forwarded supplemental responses for James Allen, but they were largely generic, boilerplate answers (*e.g.*, "I do not recall if I am claiming mental and/or emotional damages...") and did not cure the deficiencies. *See* Exhibit F to Movant's

3

Memorandum in Support (Rec. Doc. 23519-7).

After the instant motion was filed, however, plaintiffs' counsel was able to reach both Gloria Bridges and James Allen, and each of them has now provided supplemental responses satisfying almost all of the twenty-three key questions identified as essential in Pre-Trial Order No. 88. *See* Exhibits A, B and C to Plaintiffs' Opposition Memorandum (Rec. Doc. 23586-1, -2, -3). Liberty Mutual argues that their claims should be dismissed with prejudice nonetheless. *See* Reply Memorandum (Rec. Doc. 23653).

**1. Gloria Bridges:**

With regard to Gloria Bridges, Liberty Mutual argues that her claims should be dismissed because: (1) while she provides the years that she moved into and out of the FEMA unit, she states that she does not recall the exact month that she moved in or out; and (2) she states "I spent an average of 8 hours or more in the FEMA unit" in response to PFS question V.13, which asks "What is the average number of hours spent in the FEMA trailer...each day?"; and (3) she provides only the names of the other persons residing in her FEMA unit and does not provide their ages, addresses, dates lived in the trailer, or whether they are also asserting a personal injury claim.

The Court finds that Ms. Bridges has materially complied with her PFS obligations at this stage of the proceedings with the exception of her failure to provide a reasonably precise move-in date and move-out date for the FEMA unit (V.A.6 and V.A.7). Failure to answer these two questions does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2). However, move-in and move-out dates are particularly important in moving this matter toward resolution. Indeed, the duration of the plaintiff's stay in a defendant's unit has been the basis of a formula that the special master in this case has used in the past to structure settlements. *See, e.g.*,

Special Master's Report of July 29, 2011 (Rec. Doc. 22269). Thus, while Ms. Bridges' noncompliance does not justify dismissal, the Court finds that a lesser sanction is appropriate. In the event that reasonably precise move-in and move-out dates (at a minimum, the month and year) are not provided to Liberty Mutual within fifteen (15) days, the PFS shall be deemed to state "December 1, 2006" in response to question V.A.6, seeking a move-in date, and "January 1, 2007" in response to question V.A.7, seeking a move-out date, resulting in a one-month stay in the FEMA unit. This does not relieve Ms. Bridges of her continuing obligation to supplement her answers as needed and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. Nor does it exempt her from future dismissal should she fail to satisfy these obligations. However, her shortcomings at this stage do not justify dismissal under Rule 41(b) or Rule 37.

**2. James Allen:**

With regard to James Allen, Liberty Mutual argues that his claims should be dismissed because: (1) he states "I do not recall" in response to questions asking whether he is asserting a claim for mental or emotional damages or for medical expenses; (2) he provides only the month and year of his move-in date and move-out date, rather than the exact dates; (3) he states "I spent an average of 8 hours or more per day in the FEMA unit" in response to PFS question V.13 asking "What is the average number of hours spent in the FEMA trailer...each day?"; (4) he states only that "No person smoked in the FEMA unit," in response to question VI.D, seeking the smoking history of other trailer residents; and (5) he states only "I have never been diagnosed with lung disease or skin disease," in response to the questions seeking prior medical history.[1]

---

[1] The Court notes that a past history of lung disease and skin disease are the only two aspects of prior medical history included in the list of twenty-three key questions specified in Pre-Trial Order No. 88. *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153.

The Court finds that Mr. Allen has materially complied with his PFS obligations at this stage of the proceedings with the exception of his "I do not recall" answers in response to questions asking whether he is asserting a claim for mental or emotional damages or for medical expenses. The defendants are prejudiced by answers such as this, which prevent them from learning the basic contours of a plaintiff's claims and hamper them in defending against it. However, given that Mr. Allen has otherwise complied with his PFS obligations at this stage of the proceedings, the Court finds that this prejudice can be remedied by a lesser sanction. In the event that Mr. Allen does not provide Liberty Mutual with answers to PFS questions III.C.8 and III.C.9 within fifteen (15) days, each of these two questions shall be deemed to be answered "No." This does not relieve Mr. Allen of his continuing obligation to supplement his answers as needed and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. Nor does it exempt him from future dismissal should he fail to satisfy these obligations. However, his shortcomings at this stage do not justify dismissal under Rule 41(b) or Rule 37.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23519, as modified by Rec. Docs. 23633, 23669)**, filed by defendant Liberty Mutual Insurance Company, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Gloria Bridges shall answer within fifteen (15) days PFS questions V.A.6 and V.A.7, providing at a minimum the month and year. Upon failure to do so, the PFS shall be deemed to state "December 1, 2006" in response to question V.A.6 and "January 1, 2007" in response to question V.A.7.

**IT IS FURTHER ORDERED** that plaintiff James Allen shall answer within fifteen (15)

days PFS questions III.C.8 and III.C.9.  Upon failure to do so, each of these two questions shall be deemed to be answered "No."

New Orleans, Louisiana, this  5th  day of December, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**