UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER      MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-1261

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") (Rec. Doc. 23522). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23590). Liberty Mutual has filed a reply memorandum. (Rec. Doc. 23657).

Liberty Mutual moves to dismiss the claims of eight plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Devin Frank; (2) Hazel Frank; (3) Mary Smythe; (4) Rashad Frank; (5) Shawn White; (6) Stacey Frank; (7) Tyrone Frank; and (8) Yvonne Frank.

### A. BACKGROUND:

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), this Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should

1

be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions and, for cases where the deficiency notice was served after March 24, 2011, the Court extended by an additional thirty days the time for curing deficiencies (Rec. Doc. 22124, as corrected in Rec. Doc. 22153).

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because

dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On May 20, 2011, counsel for Liberty Mutual sent a letter to plaintiffs' counsel stating that they had not received a completed PFS for: (1) Devin Frank, (2) Hazel Frank, (3) Mary Smythe, (4) Rashad Frank, (5) Shawn White, (6) Stacey Frank, (7) Tyrone Frank, and (8) Yvonne Frank, among others. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23522-2). Plaintiffs provided no further PFS responses.

**1. The Frank Plaintiffs:**

The Court will address first the Frank plaintiffs: (1) Devin Frank, (2) Hazel Frank, (3) Rashad Frank, (4) Stacey Frank, (5) Tyrone Frank, and (6) Yvonne Frank. The deficiencies in the PFS of these six plaintiffs are substantial. Each of them has failed to provide basic, core information about the plaintiff's claims. For example, each has failed to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or

3

emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); and (7) the bar code for the FEMA unit (V.A.4). *See* Exhibits B, D, G, K, M and O to Movant's Memorandum in Support (Rec. Docs. 23522-3, -5, -8, -12, -14, -16). In addition, the PFS of (1) Devin Frank, (2) Hazel Frank, (3) Rashad Frank, (4) Stacey Frank, and (5) Yvonne Frank also fail to state: (1) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (2) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B). *See* Exhibits B, D, G, K and O to Movant's Memorandum in Support (Rec. Docs. 23522-3, -5, -8, -12, -16). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that each of these plaintiffs has failed to materially comply with his or her obligations to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims.

In addition, the record shows that these plaintiffs are personally responsible for their failure to comply with this Court's orders. The record shows that plaintiffs' counsel has tried for weeks to reach these six plaintiffs regarding the deficiencies in their PFS, calling each of them twice daily for several weeks. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator, Exhibits A, B E, G, H

and I to Plaintiff's Opposition Memorandum (Rec. Doc. 23590-1 ). Counsel has sent multiple letters over the course of two years, to no avail. *Id.* Counsel has also performed computer-based person searches in an effort to locate them. *Id*. Despite counsel's efforts, the plaintiffs have failed to provide the information necessary to cure their PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of (1) Devin Frank, (2) Hazel Frank, (3) Rashad Frank, (4) Stacey Frank, (5) Tyrone Frank, and (6) Yvonne Frank, and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

      Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that efforts by counsel for plaintiffs and defendants have failed to motivate them to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to (1) Devin Frank, (2) Hazel Frank, (3) Rashad Frank, (4) Stacey Frank, (5) Tyrone Frank, and (6) Yvonne Frank.

      **2. <u>Mary Smythe</u>:**

      Liberty Mutual states in its motion that it did not receive a PFS for plaintiff Mary Smythe. *See* Rec. Doc. 23522 at 7. Plaintiffs in their opposition memorandum assert that a PFS and amendment were delivered to liaison counsel. *See* Rec. Doc. 23590 at 2. However, it matters not whether the PFS was received. Even if it was received, it is woefully deficient. For example, it fails to state: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of

the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the plaintiff's smoking history (VI.C); (6) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (7) the average number of hours spent in the FEMA unit each day (V.A.13); (8) what symptoms, if any, the plaintiff experienced while living in the FEMA unit (III.C); (9) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (10) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B). *See* Exhibits C and D to Plaintiffs' Opposition Memorandum (Rec. Docs. 23590-2, -3).

Thus, the Court finds that Ms. Smythe has failed to materially comply with her obligations to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about this plaintiff's claims. However, it is unclear the extent to which the fault for the continuing deficiencies lies with the plaintiff herself as opposed to her attorneys. Therefore, the Court concludes that it should grant Mary Smythe one final opportunity to cure her PFS deficiencies. She shall have fifteen (15) days to do so. If she fails to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2 and 32, which motion shall be well received.[1]

---

[1] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.

### 3. Shawn White:

After the instant motion was filed, plaintiffs' counsel was able to reach Shawn White, who has now provided supplemental responses satisfying almost all of the twenty-three key questions identified as essential in Pre-Trial Order No. 88. *See* Exhibit F to Plaintiffs' Opposition Memorandum (Rec. Doc. 23590-4). Liberty Mutual argues that his claims should be dismissed with prejudice nonetheless because he was late in curing the deficiencies and because: (1) he has not yet delivered a signed certification for the supplemental responses; (2) he fails to provide the details of his lost wage claim; and (3) he now lists R-Vision as the manufacturer of his FEMA unit and provides an R-Vision VIN (whereas his original PFS did not), but he does not explain the correction. *See* Reply Memorandum (Rec. Doc. 23657).

The Court finds that Shawn White has materially complied with his PFS obligations at this stage of the proceedings. This does not relieve Mr. White of his continuing obligation to provide a signed certification for the supplemental responses, to supplement his answers should they become incomplete or inaccurate, and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. Nor does it exempt him from future dismissal should he fail to satisfy these obligations. However, his shortcomings at this stage do not justify dismissal under Rule 41(b) or Rule 37.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23522)**, filed by defendant Liberty Mutual Insurance Company, is hereby **DENIED IN PART**, in that it is denied with respect to Mary Smythe and Shawn White, and **GRANTED IN PART**, in that it is granted with respect to (1) Devin

Frank, (2) Hazel Frank, (3) Rashad Frank, (4) Stacey Frank, (5) Tyrone Frank, and (6) Yvonne Frank.

**IT IS FURTHER ORDERED** that the claims of (1) Devin Frank, (2) Hazel Frank, (3) Rashad Frank, (4) Stacey Frank, (5) Tyrone Frank, and (6) Yvonne Frank are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff Mary Smythe shall cure within fifteen (15) days any material deficiencies in her Plaintiff Fact Sheet, as specified herein, by providing individual and meaningful answers to the questions set forth in the PFS form. Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2, 32 and 88.

New Orleans, Louisiana, this  5th  day of December, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**