UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No.  10-3436 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * *

**MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38 AND 49**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38 and 49.

- Jason Thien Hoang (Plaintiff in *Green*, C.A. 10-3436)
- Jennifer Linh Hoang (Plaintiff in *Green*, C.A. 10-3436)
- Jimmy Tien Hoang (Plaintiff in *Green*, C.A. 10-3436)
- Taun Anh Hoang (Plaintiff in *Green*, C.A. 10-3436)
- Lien Pham (Plaintiff in *Green*, C.A. 10-3436)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet"

(PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed. Rec. Doc. No. 1596. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49 (Rec. Doc. 8908). For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id*. (emphasis omitted).   The underlying cases brought by the above listed plaintiffs, prior to their transfer to the MDL were

filed on either September 3, 2010 or September 7, 2010, and such cases were transferred to the MDL on October 8, 2010. Thus, plaintiffs' deadline for matching to the correct, single manufacturing defendant expired 45 days after that date or November 22, 2010.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38 and 49.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 38 and 49, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**Jason Thien Hoang**

*Dahrius Green v. Forest River, Inc.* was filed October 8, 2010. After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Jason Thien Hoang (*See* Plaintiff Fact Sheet of Jason Thien Hoang, attached as Exhibit "A"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Jason Thien Hoang's PFS. (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, move-in and move-out dates, and signed Standard Form 95 were requested on April 6, 2011. On or about April 21, 2011, Forest River received a response from Plaintiff's Counsel, wherein the Manufacturer was identified as Gulfstream bearing a VIN with a 1NL1G prefix, which is not a Forest River VIN prefix. Thus, the Plaintiff has clearly indicated that he/she did not even stay in a Forest River unit. In response to the PTO 88, on June 29, 2011, Forest River requested additional information on smoking history of other trailer residents, reimbursement claim and number of hours spent in trailer each day. The appropriate 60 days for responding to Forest

4

River's Rule 37 Deficiency Letter dated June 29, 2011 has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River has received no requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|:---:|
| Smoking History of Other Trailer Resident(s) | VI.D |
| Number of hours spent in trailer each day | V.13. |
| Treatment for Formaldehyde Related Injury | VII.B. |

(*See* Ex. "A")

While Jason Thien Hoang has answered 20 of the required 23 key questions, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN he listed on the PFS, was incorrectly matched in a suit against Forest River and has missed the November 22, 2010 deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Jennifer Linh Hoang**

*Dahrius Green v. Forest River, Inc.* was filed October 8, 2010.  After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Jennifer Linh Hoang (*See* Plaintiff Fact Sheet of Jennifer Linh Hoang, attached as Exhibit "C").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Jennifer Linh Hoang's PFS.  (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN and signed Standard Form 95 were requested on April 6, 2011.  On or about April 21, 2011, Forest River

received a response from Plaintiff's Counsel, wherein the Manufacturer was identified as Gulfstream bearing a VIN with a 1NL1G prefix, which is not a Forest River prefix. Thus the Plaintiff has clearly indicated that she did not stay in a Forest River unit. In response to the PTO 88, on June 29, 2011, Forest River requested additional information on smoking history of other trailer residents, reimbursement claim and number of hours spent in trailer each day. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter dated June 29, 2011 has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extension or the production of PFS amendments or errata sheets with regard to this Plaintiff.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D |
| Number of hours spent in trailer each day | V.13. |
| Treatment for Formaldehyde Related Injury | VII.B. |

(*See* Ex. "C")

While Jennifer Linh Hoang has answered 20 of the required 23 key questions, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN she listed on the PFS, was incorrectly matched in a suit against Forest River and has missed the November 22, 2010 deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Jimmy Tien Hoang**

*Dahrius Green v. Forest River, Inc.* was filed October 8, 2010. After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Jimmy Tien Hoang (*See* Plaintiff Fact

6

Sheet of Jimmy Tien Hoang, attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Jimmy Tien Hoang's PFS.  (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, move in and move out dates and signed Standard Form 95 were requested on April 6, 2011.  On or about April 21, 2011, Forest River received a response from Plaintiff's Counsel, wherein the Manufacturer was identified as Gulfstream bearing a VIN with a 1NL1G prefix, which is not a Forest River VIN prefix.  Thus the Plaintiff has clearly indicated that he did not stay in a Forest River unit.  In response to PTO 88, on June 29, 2011, Forest River requested additional information on smoking history of other trailer residents, reimbursement claim and number of hours spent in trailer each day.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter dated June 29, 2011 has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River has received no requests for extension or the production of PFS amendments or errata sheets with regard to this Plaintiff.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D |
| Number of hours spent in trailer each day | V.13. |
| Treatment for Formaldehyde Related Injury | VII.B. |

(*See* Ex. "D")

While Jimmy Tien Hoang has answered 20 of the required 23 key questions, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN he listed on the

PFS, was incorrectly matched in a suit against Forest River and has missed the November 22, 2010 deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Tuan Anh Hoang**

*Dahrius Green v. Forest River, Inc.* was filed October 8, 2010. After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Tuan Anh Hoang (*See* Plaintiff Fact Sheet of Tuan Anh Hoang, attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Tuan Anh Hoang's PFS. (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, move-in and move-out dates and signed Standard Form 95 were requested on April 6, 2011. On or about April 21, 2011, Forest River received a response from Plaintiff's Counsel, wherein the Manufacturer was identified as Gulfstream bearing a VIN with a 1NL1G prefix, which not a Forest River VIN prefix. In response to the PTO 88, on June 29, 2011, Forest River requested additional information on smoking history of other trailer residents, reimbursement claim and number of hours spent in trailer each day. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter dated June 29, 2011 has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extension or the production of PFS amendments or errata sheets with regard to this Plaintiff.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D |
| Number of hours spent in trailer each day | V.13. |
| Reimbursement of medical expenses | III.C.9 |

(*See* Ex. "E")

While Tuan Anh Hoang has answered 20 of the required 23 key questions, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN he listed on the PFS, was incorrectly matched in a suit against Forest River and has missed the November 22, 2010 deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Lien Pham**

*Dahrius Green v. Forest River, Inc.* was filed October 8, 2010. After the complaint was filed, Forest River received the Plaintiff Fact Sheet of Lien Pham (*See* Plaintiff Fact Sheet of Lien Pham, attached as Exhibit "F"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance with the agreed to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Lien Pham's PFS. (*See* Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, move in and move out dates and signed Standard Form 95 were requested on April 6, 2011. On or about April 21, 2011, Forest River received a response from Plaintiff's Counsel, wherein the Manufacturer was identified as Gulfstream bearing a VIN with a 1NL1G prefix, which is not a Forest River VIN prefix. In response to the PTO 88, on June 29, 2011, Forest River requested additional information on smoking history of other trailer residents, reimbursement claim and number of hours spent in trailer each day. The appropriate 60 days for responding to Forest

9

River's Rule 37 Deficiency Letter dated June 29, 2011 has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extension or the production of PFS amendments or errata sheets with regard to this Plaintiff.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D |
| Number of hours spent in trailer each day | V.13. |

(*See* Ex. "F")

While Lien Pham has answered 21 of the required 23 key questions, he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN he listed on the PFS, was incorrectly matched in a suit against Forest River and has missed the November 22, 2010 deadline for being matched with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly.

The above listed plaintiffs admit that they did not stay in a Forest River housing unit. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38 and 49, and Federal Rules of Civil Procedure Nos.

37(b)(2)VI and 41(b), the Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on December 6, 2011 via electronic filing.

_/s/ Ernest P. Gieger, Jr.