UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| Case Nos. 09-8057, 09-8142, 09-8176 | * | |
| 09-8184, 10-2132 | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38, 49 AND 68**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the

following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32

Relating to the Production of Plaintiff Fact Sheets and the Matching Requirements of Pre-Trial

Orders No. 38, 49 and 68.

- Alisha Keys o/b/o A.K. (Plaintiff in *Chambers,* C.A. 09-8057)
- Tommie Lee Keys, Sr. (Plaintiff in *Chambers,* C.A. 09-8057)
- Alisha Keys and Tommie Keys, Sr. o/b/o T.K. (Plaintiff in *Chambers,* C.A. 09-8057)
- Eric Paul Pike (Plaintiff in *Long*, C.A. 09-8142)
- Bettie K. Nance (Plaintiff in *Ladner*, C.A. 09-8176)
- Colleen O'Neal (Plaintiff in *Ladner*, C.A. 09-8176)
- Asheca Glaude (Plaintiff in *Anderson*, C.A. 09-8184)
- Kenneth F. Gentry, Jr. (Plaintiff in *Edings*, C.A. 10-2132)
- Kenny Gentry, Sr. (Plaintiff in *Edings*, C.A. 10-2132)
- Pamela Gentry (Plaintiff in *Edings*, C.A. 10-2132)
- Pamela Gentry o/b/o T.G. (Plaintiff in *Edings*, C.A. 10-2132)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed. Rec. Doc. No. 1596. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching

2

expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49 (Rec. Doc. 8908). For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id.* (emphasis omitted). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.* The above listed complaints were filed in or transferred into the MDL on December 24, 2009 (09-8057, 09-8142, 09-8176, 09-8184) and July 30, 2010 (10-2132). Thus, plaintiffs' deadlines for matching to the correct, single manufacturing defendant were December 29, 2009 and September 13, 2010, respectively. If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010. *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779). Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process. Thus, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2 and 32, as well as the matching requirements of PTO Nos. 38, 49 and 68, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**Alisha Keys on behalf of A.K., minor child** (Plaintiff in *Chambers,* C.A. 09-8057) *Vanesta Chambers v. Forest River, Inc.* was filed December 24, 2009.  After the complaint was filed, Forest River never received a PFS for A.K.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named

Plaintiff (*See* Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about September 1, 2011 (*See* Plaintiff Fact Sheet of A.K., attached as Exhibit "B").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[1]

Plaintiff did not identify a manufacturer, and listed a VIN with a 1UJBJ prefix, which is not a Forest River VIN prefix.  Because, this Plaintiff has clearly admitted that she did not stay in a Forest River unit based upon the VIN listed (*See* Exhibit "B"), her claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Manufacturer | V.A.1. |
| Barcode | V.A.4. |
| Produce Documents | VIII (B) |

(*See* Ex. "B")

While A.K. has answered 20 of the required 23 key questions, she did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.   Therefore, this Plaintiff's PFS

---

[1] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

contains uncured deficiencies, she does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Tommie Lee Keys, Sr.** (Plaintiff in *Chambers,* C.A. 09-8057)

*Vanesta Chambers v. Forest River, Inc.* was filed December 24, 2009. After the complaint was filed, Forest River never received a PFS from Tommie Lee Keys, Sr. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* Exhibit "A"). Forest River received the missing PFS on or about September 1, 2011 (*See* Plaintiff Fact Sheet of Tommie Lee Keys, Sr., attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[2]

Plaintiff identified Jay Flight as the manufacturer, rather than Forest River, and listed a VIN with a 1UJBJ prefix, which is not a Forest River VIN prefix. Because, this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "C"), his claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River manufacturer and VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[2] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Produce Documents | VIII (B) |

(*See* Ex. "C")

While Tommie Lee Keys, Sr. has answered 20 of the required 23 key questions,  he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this Plaintiff's PFS contains uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Alisha Keys o/b/oT.K., minor child** (Plaintiff in *Chambers,* C.A. 09-8057)
**Tommie Keys, Sr. o/b/o of T.K., minor child** (Plaintiff in *Chambers,* C.A. 09-8057)

*Vanesta Chambers v. Forest River, Inc.* was filed December 24, 2009.  After the complaint was filed, Forest River never received a PFS from T.K.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* Exhibit "A").  Forest River received the missing PFS on or about September 1, 2011 (*See* Exhibit "D").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[3]

---

[3] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

Plaintiff identified Jay Flight as the manufacturer, rather than Forest River, and listed a VIN with a 1UJBJ prefix, which is not a Forest River VIN prefix.  Because, this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "D"), his claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River manufacturer and VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Barcode | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Produce Documents | VIII (A) |

(*See* Ex. "D")

While T.K. has answered 20 of the required 23 key questions, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this Plaintiff's PFS contains uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Eric Paul Pike** (Plaintiff in *Long*, C.A. 09-8142)

*Liston Long v. Forest River, Inc.* was filed on December 24, 2009.  After the complaint was filed, Forest River never received a PFS from Eric Paul Pike.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* Exhibit "A").  Forest River received the missing PFS on or about September 1, 2011 (*See* Plaintiff Fact Sheet of Eric Paul Pike, attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that

plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[4]

Plaintiff identified two manufacturers, Cherakee and Jayco, but not Forest River, as the manufacturer.  He did not list a VIN for Cherakee, and listed a VIN with a 1VJBJ prefix for Jayco, which is not a Forest River VIN prefix.  Because, this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "E"), his claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River manufacturer and VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Barcode | V.A.4. |
| Move In Date | V.A.6. |
| Move Out Date | V.A.7. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Produce Records | VIII. (A-D) |

(*See* Ex. "E")

While Eric Paul Pike has answered 18 of the required 23 key questions, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this Plaintiff's PFS contains uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

---

[4] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

**Bettie K. Nance** (Plaintiff in *Ladner*, C.A. 09-8176)

*Lois Ladner v. Forest River, Inc.* was filed on December 24, 2009.  After the complaint was filed, Forest River never received a PFS from Bettie K. Nance.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* Exhibit "A").  After sending a proposed Motion to Dismiss to Plaintiffs' counsel for either consent or opposition on November 10 2011, Forest River received the missing PFS on or about November 11, 2011 (*See* Plaintiff Fact Sheet of Bettie K. Nance, attached as Exhibit "F").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[5]

Plaintiff did not identify a manufacturer; however, a VIN with a 47CTDE prefix was provided, which is not a Forest River VIN prefix.  Because, this Plaintiff has clearly admitted that she did not stay in a Forest River unit based upon the VIN listed (*See* Exhibit "F"), her claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |

[5] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

| Barcode | V.A.4. |
|---|---|
| Number of Hours Spent in Trailer Each Day | V.13. |

(*See* Ex. "F")

While Bettie K. Nance has answered 20 of the required 23 key questions, she did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant. Therefore, this Plaintiff's PFS contains uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Colleen O'Neal** (Plaintiff in *Ladner*, C.A. 09-8176)

*Lois Ladner v. Forest River, Inc.* was filed on December 24, 2009. After the complaint was filed, Forest River never received a PFS from Colleen O'Neal. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). After sending a proposed Motion to Dismiss to Plaintiffs' counsel for either consent or opposition on November 10, 2011, Forest River received the missing PFS on or about November 14, 2011 (*See* Plaintiff Fact Sheet of Colleen O'Neal, attached as Exhibit "G"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those

PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[6]

Plaintiff identified Southern Energy Homes as the manufacturer bearing a VIN with a SSEAL prefix, which is not a Forest River VIN prefix. Because, this Plaintiff has clearly admitted that she did not stay in a Forest River unit (*See* Exhibit "G"), her claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

While Colleen O'Neal has answered the required 23 key questions, she did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant. Therefore, this Plaintiff does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Asheca Glaude** (Plaintiff in *Anderson*, C.A. 09-8184)

*Jean Marie Andersen, et al. v. Forest River, Inc.* was filed on December 24, 2009. After the complaint was filed, Forest River never received a PFS from Asheca Glaude. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about September 1, 2011 (*See* Plaintiff Fact Sheet of Asheca Glaude, attached as Exhibit "H"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to

---

[6] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[7]

Plaintiff identified Dutchmen, rather than Forest River, as the manufacturer, and listed a VIN with a 47CTD prefix, which is not a Forest River VIN prefix.  Because, this Plaintiff has clearly admitted that she did not stay in a Forest River unit (*See* Exhibit "H"), her claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

While Asheca Glaude has answered the required 23 key questions, she did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this Plaintiff does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Kenneth F. Gentry, Jr.**  (Plaintiff in *Edings*, C.A. 10-2132)

*Essie Edings v. Forest River, Inc.* was filed on July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Kenneth F. Gentry, Jr.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing PFS on or about September 1, 2011 (*See* Plaintiff Fact Sheet of Kenneth F. Gentry, Jr., attached as Exhibit "I").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.   According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency

---

[7] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[8]

Plaintiff identified Jayco Model Jay Feathers as the manufacturer, rather than Forest River, and listed a VIN with a 14JBJ prefix, which is not a Forest River VIN prefix.  Because, this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "I"), his claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River manufacturer and VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
| --- | --- |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Produce Documents | VIII (A, D) |

(*See* Ex. "I")

While Kenneth F. Gentry, Jr. has answered 21 of the required 23 key questions, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this Plaintiff's PFS contains uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Kenny Gentry, Sr.** (Plaintiff in *Edings*, C.A. 10-2132)

*Essie Edings v. Forest River, Inc.* was filed on July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Kenny Gentry, Sr.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff

---

[8] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

(*See* Exhibit "A").  Forest River received the missing PFS on or about September 1, 2011 (*See* Plaintiff Fact Sheet of Kenneth F. Gentry, Sr., attached as Exhibit "J").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[9]

Plaintiff identified Keystone as the manufacturer, rather than Forest River, and listed a VIN with a 4YDT prefix, which is not a Forest River VIN prefix.  Because, this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "J"), his claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River manufacturer and VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |

(*See* Ex. "J")

While Kenny Gentry Sr. has answered 22 of the required 23 key questions, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this

---

[9] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

Plaintiff's PFS contains uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Pamela Gentry** (Plaintiff in *Edings*, C.A. 10-2132)

*Essie Edings v. Forest River, Inc.* was filed on July 30, 2010.  After the complaint was filed, Forest River never received a PFS from Pamela Gentry.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* Exhibit "A").  Forest River received the missing PFS on or about September 1, 2011 (*See* Plaintiff Fact Sheet of Pamela Gentry attached as Exhibit "K").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[10]

Plaintiff identified Keystone as the manufacturer, rather than Forest River, and listed a VIN with a 4YDT prefix, which is not a Forest River VIN prefix.  Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "K"), her claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River manufacturer and VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

---

[10] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |

(*See* Ex. "K")

While Pamela Gentry has answered 22 of the required 23 key questions, she did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this Plaintiff's PFS contains uncured deficiencies, she does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Pamela Gentry on behalf of T.G., minor child** (Plaintiff in *Edings*, C.A. 10-2132)

*Essie Edings v. Forest River, Inc.* was filed on July 30, 2010.  After the complaint was filed, Forest River never received a PFS from T.G.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* Exhibit "A").  Forest River received the missing PFS on or about September 1, 2011 (*See* Plaintiff Fact Sheet of T.G. attached as Exhibit "L").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[11]

Plaintiff identified Keystone as the manufacturer, rather than Forest River, and listed a VIN with a 4YDT prefix, which is not a Forest River VIN prefix.  Because, this Plaintiff has

---

[11] See Exhibit M – May 13, 2011 Committees' Status Conference Transcript

clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "L"), his claim should be dismissed for failure to match with the correct manufacturing Defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to listing a non-Forest River manufacturer and VIN, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |

(*See* Ex. "L")

While T.G. has answered 22 of the required 23 key questions, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing Defendant.  Therefore, this Plaintiff's PFS contains uncured deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

The above listed plaintiffs admit that they did not stay in a Forest River housing unit. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

Based upon the foregoing, the above-listed plaintiffs' PFSs remain deficient. In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure

Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on December 12, 2011 via electronic filing.

 /s/ Ernest P. Gieger, Jr.