MITCHELL, KESHA R.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

|  |  |  |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | |
| | ) | SECTION: N(4) |
| | ) | |
| | ) | JUDGE: ENGELHARDT |
| | ) | MAG: ROBY |
| THIS RELATES TO: | ) | |
| Plaintiff: _ _KESHA Mitchell_ | ) | |
| | ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person. Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

EXHIBIT

A

Rec'd 10/13/09
A

## II.  PERSONAL INFORMATION

A.  Name (person completing form): _KEStha Mitchell_

B.  Maiden or other names used or by which you have been known: _NA_

C.  Current Street Address: _3010 Bartnett Ave. #2C Pascagoule, MS 39567_

D.  Home Telephone No.: _228 - 990 - 2320_
    Cell Phone No.: _NA_
    Work Telephone No: _NA_
    Other Telephone Nos.: _NA_

E.  Email address: _NA_

## III.  CASE INFORMATION

A.  If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

    1.  State which individual or estate you are representing:
        _NA_

    2.  Maiden Or Other Names Used or By Which Such Person Has Been Known:
        _NA_

    3   Address (or last known address if deceased): _NA_

    4.  Home Telephone No.: _NA_
        Cell Phone No.: _NA_
        Work Telephone No: _NA_
        Other Telephone Nos.: _NA_

    5.  E-mail address: _NA_

    6.  If you were appointed as a representative by a court, state the:

2

Court: _____*NA*_____     Date of Appointment: _____*NA*_____

7.   What is your relationship to the deceased or represented person or person claimed to be injured? _____*NA*_____

8.   If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____*NA*_____

_____

B.   Please state the name and address of the attorney representing you:

_____      Law Office of Ronnie G. Penton
Attorney's Name/Law Firm            209 Hoppen Place Bogalusa

_____
City, State and Zip Code

C.   Please state the following: (If you are a representative, please state this information for each such person being represented):

1.   Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
     Yes ☑      No ☐

2.   What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *formaldehyde exposure*

3.   <u>During the time that you lived</u> in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

| | |
|---|---|
| ___ irritation to eyes | ___ tingling or swelling of lips or face area |
| ___ burning of eyes | ___ headaches |
| ___ tearing of eyes | ___ nausea |
| ___ irritation to nasal membranes (inside of nose) | ___ vomiting |
| ___ burning of nasal membranes (inside of nose) | ___ bloody vomiting |
| ___ bleeding of nasal membranes (inside of nose) | ___ abdominal pain |
| ___ irritation or itching of skin | ___ diarrhea |
| ___ burning of skin | ___ difficulty in breathing |
| ___ rashes on skin | ___ wheezing |
| ___ drying or scaling of skin | ___ shortness of breath |
| ___ scaling or itching of eyelids | ___ persistent cough |
| ___ irritation or swelling of eyelids or eye area | ___ tightness of the chest |

3

_____ bronchitis
_____ throat irritation
_____ hoarseness
_____ laryngitis
_____ pneumonia
_____ upper respiratory tract infections
_____ pulmonary edema
_____ asthma attacks for the first time in your life
_____ asthma attacks that are recurrence of childhood
         asthma
_____ allergies for the first time in your life
_____ worsening of allergies that you had previous to
         living in FEMA trailer

_____ allergic contact dermatitis
_____ dizziness
_____ unconsciousness
_____ convulsions or seizures
_____ blood in urine
_____ abnormal liver enzymes
_____ nephritis (inflammation of kidneys)
_____ low blood pressure
_____ hypothermia (low body temperature)
_____ miscarriage or stillbirth
_____ abnormal laboratory tests on blood
_____ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a
FEMA trailer (not listed above) and any conditions for which you have
been diagnosed by a physician. _____ N/A _____
_____
_____

4.   Since you moved into the FEMA trailer and up to the present date, have
     you been diagnosed with cancer?   N/A

     If yes, which kind of cancer?   N/A

5.   When do you claim this injury or disease first occurred?   2005

6.   Did you ever suffer this type of illness or disease prior to living in the
     FEMA trailer?
     Yes ☐          No ☑

     If "Yes," when and who diagnosed the condition at that time?
     _____
     _____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a
     condition that you already had or had in the past?
     Yes ☐          No ☐

     If "Yes," set forth the illness, disease or condition; whether or not you had
     already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____ *Jeneral health* _____

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**

Yes ☑        No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:

_____ *unsure* _____

To your understanding, describe the condition for which treated:

_____ *emotional stress* _____

State when you were treated for this psychological, psychiatric or emotional problem

_____ *unsure date* _____

List the medications prescribed or recommended by the physician or counselor

_____ *n/a* _____

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?

Yes ☐        No ☑

*If "Yes,"* state the amount of your claim: _____

5

## IV. BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 3010 Bartlett Ave #2C Pascagoula, MS 39567 | pre/past 2005 |
| | |

B. State Driver's License Number and State Issuing License: _____ M.S

C. Date and Place of Birth: _____ M S ███████

D. Sex: Male ☑   Female ☐

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| N/A | | | |
| | | | |

F. Employment Information

1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |
| | | | |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |
| | | | |

6

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.   Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐          No ☑

*If "Yes,"* state the following:

a.   If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b.   Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost: _____

_____

G.   Previous Claims Information

1.   Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☐     No ☑     Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _____

_____

7

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐          No ☑          Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|-------------|------------------------------|-------------------|-------------------------------|
|      |             |                              |                   |                               |
|      |             |                              |                   |                               |
|      |             |                              |                   |                               |
|      |             |                              |                   |                               |
|      |             |                              |                   |                               |
|      |             |                              |                   |                               |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐          No ☑

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: _Wildwood_

2.   VIN: _4VTTN30216C262133_

3.   FEMA Identification No.: _931095496_

4.   Bar Code Number on FEMA housing unit: _Unsure_

8

5.    Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☑    Mobile Home ☐

6.    Move-in Date: _2005_

7.    Move-out Date: _2008_

8.    Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
      _3010 Barthet Ave #26_
      _Pascagoula, MS 35507_

9.    Was the FEMA trailer or mobile home located in a trailer park or on private property? _Private_

10.   State the reason you stopped living in the FEMA trailer or mobile home:
      _fumes too Strong_

11.   Please state the approximate square footage of the FEMA housing unit: _Unsure_

12.   Please state the approximate length and width of the FEMA housing unit: _Unsure_

13.   What is/was the average number of hours spent in the FEMA trailer or mobile home each day? _12_

14.   Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
      Yes ☑    No ☐

15.   Is/was the FEMA housing unit hooked up to a sewer line?
      Yes ☑    No ☐

16.   Is/was the FEMA housing unit hooked up to an electrical line?
      Yes ☑    No ☐

17.   Is/was the FEMA housing unit hooked up to natural gas line?
      Yes ☐    No ☑

18.   Is/was propane gas used in the FEMA housing unit?
      Yes ☑    No ☐

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _____

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐          No ☑

If "Yes," please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location? _____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☑          No ☐

If "Yes," please state when the test was performed and who prepared this testing: _____ 9 mm _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☑          No ☐

If "Yes," please state the following:

Date and reason for fumigation: _____ Unsure _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☑          No ☐

If "Yes," please state the date and reason for repair, service or maintenance: _____
_____ Unsure _____

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| N/A | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'8''

B.   Current Weight: 150

Weight prior to living in a FEMA trailer or mobile home: 150

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☑   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

1. Date on which smoking/tobacco use ended:_____
2. Amount smoked or used on average:
   _____ per day for _____ years.

☐ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

   1. Amount currently smoked or used on average:
      _____ per day for _____ years.

D. Other Smoking/Tobacco Use History:

   If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

   1. Amount smoked or used on average, if you know:
      _____ per day for _____ years.
   2. Relationship to you:_____
   3. Please state whether the smoking occurred inside, outside or both._____

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
   Yes ☐     No ☑                                    .
   *If "Yes,"* what was the date of birth:_____

   Did your pregnancy terminate in a miscarriage or a stillborn child?
   Yes ☐     No ☑

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

   1. Lung or other respiratory disease
      Yes ☑     No ☐
      *If "Yes,"* please indicate the following:
      Name and description of each illness, disease, or abnormal condition:
      _____
      The date of illness: BReathing problems
      _____

   2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐          No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease
      Yes ☐          No ☑

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      _____

      The date of illness:

      _____

      _____

4.    Skin disease
      Yes ☐          No ☑

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      _____

      The date of illness:

      _____

      _____

G.    Please indicate to the best of your knowledge whether you have ever received any
      of the following treatments or diagnostic procedures:

      1.    To your knowledge, have you ever had any of the following tests
            performed: chest X-ray, CT scan, MRI.

            Yes ☐          No ☑          Don't Recall ☐

            *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

*N/A*

B.  Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

*N/A*

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

*N/A*

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

*N/A*

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☑     No ☐

If "*Yes*," please provide the name and address of the health care professional.

*Unsure*

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of the** documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☑      No ☐

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☑      No ☐

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☑      No ☐

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☑      No ☐

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐      No ☑

F.  Decedent's death certificate, if applicable.
Yes ☐      No ☑

G.  Report of autopsy of decedent, if applicable.
Yes ☐      No ☑

## IX.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.   Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| *N/A* | |

B.   Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| *N/A* | | |

C.   Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| *N/A* | | | |

D.   Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| *N/A* | | | |

E.   Each physician or healthcare provider from whom you have received treatment during the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| *N/A* | | |

| | | |
|---|---|---|
| | | |
| | | |

F.   Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| N/A | |
| | |
| | |
| | |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Keshia Mitchell_  _Keshia Mitchell_  _10/8/09_
**Signature of Plaintiff**        **Print Your Name**        **Date**

By Atty

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)

Name: _Keshia Mitchell_

Date of Birth: ▓▓▓▓▓▓

Last Four Numbers of SSN: ▓▓▓▓

I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _Law Office of Ronnie G. Penton_
_206 Hoppen Place Bogalusa, LA 70427_
**and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_Keshia Mitchell_

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)

Name: _Kestha Mitchell_

Date of Birth: ███████████

Last Four Numbers of SSN: ███████

I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of** _____
                209 Hoppen Place Bogalusa, LA 70427          **and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

        This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_Keshia Mitchell_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)

Name: _Keshia Mitchell_

Date of Birth: ███████████

Last Four Numbers of SSN: ███████████

I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002**, along
with other defense counsel in the above-captioned matter, the law firm of _____
209 Hoppen Place Bogalusa LA 70107 _____ and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records).  This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2008.

_Keshia Mitchell_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: ___Atty___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Keshia Mitchell_

Date of Birth: ▮▮▮▮▮▮▮

Last Four Numbers of SSN: ▮▮▮▮

I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _Law Office of Ronnie G. Penton_
_200 Happen Place Bogalusa, LA 70427_
and/or any of their designated agents. These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records).  This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2008.

_Keshia Mitchell_
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _atty_

NAME OF FACILITY: _____

**Authorization for Use and Disclosure of Protected Health Information (PHI)**
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, et seq., 40:1299.96 et seq., 13:3715 et seq. and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| KESHIA MITCHELL | ████████ | ██████████ |

| Address: 3010 Barthett Ave #2C | | Telephone No.: 228.990.2320 |
|---|---|---|
| City: Pascagoula | State: MS | Zip Code: 39567 |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. . _____
Title. . _____
Address. . _____

Purpose: To Protect My Legal Rights
For Treatment Date(s): All Available

| Type of Access

Requested:

  �q Copies of the records &
  �q Inspection of the record | ᑫ Abstract/pertinent
ᑫ Emergency Room
ᑫ H&P
ᑫ Consult Report
ᑫ Operative Report
ᑫ Rehab Services | ᑫ Lab
ᑫ Imaging/Radiology
ᑫ Cardiac Studies
ᑫ Face Sheet
ᑫ Nursing Notes
ᑫ Medication Record | ᑫ Progress Notes
ᑫ Physician's Orders
ᑫ Entire Record
☐ Other_____ |
|---|---|---|---|

*KM*
Initials   I acknowledge, and hereby consent to such, that the released information may contain alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an expiration date or event, this authorization will expire in four [4] years from the date on which it was signed): *KM* You have my specific consent to meet and discuss in person or by telephone with my attorneys only, any and all protected health information.

• I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
• I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
Fees/charges will comply with all laws and regulations applicable to release information.
• I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
• I understand that I may inspect or copy the information used or disclosed upon request.
• **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

_Keshia Mitchell_                    _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _atty_

## PRIVACY ACT RELEASE LANGUAGE

I, _KESHia Mitchell_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_Ronnie Penton / Erekial Reyna_ Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _10/8/09_

Name: _Keshia Mitchell_ (print legibly or type out name)

Signature: _Keshia Mitchell_
_By Atty_

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**

Federal Emergency Management Agency
Office of Director
500 C Street, S.W.
Washington, D.C. 20472

**2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)**

Keisha R. Mitchell
Law Offices of Ezequiel Reyna Jr.
702 W. Expressway 83 Ste. 100
Weslaco, TX 78596

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | ▮▮▮ | S. | SEE ATTACHED RIDER | |

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statues, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure
SEE ATTACHED RIDER

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

FEMA PROVIDED THE TRAILER.EXACT OWNERSHIP IS UNKNOWN.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) Loss value of reasonably fit + suitable housing, replacement home benefits and rental + housing assistant

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8(SUPRA).

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| | |
| | |

**12. (See instructions on reverse.)** AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $ 500 per month that they have lived in the FEMA trailer | $ 25,000 no injury and have lived in it less than a year $50,000 no injury and have lived in it more than a year $50,000 injured and lived in it less than a year $100,000 injured and lived in it more than a year | | ongoing damages occuring see lines 12a + 12b $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form | 14. DATE OF SIGNATURE |
|---|---|---|
| attorney at law | 956-968-9556 | 05/30/08 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

STATE OF TEXAS            §
COUNTY OF _____       §

## ATTORNEY REPRESENTATION AND FEE AGREEMENT

This agreement is made this ___4___ day of _____, 2007, between _____
_____ of _Keshia R. Mitchell_, hereinafter
referred to as the "Client(s)" and Law Offices of Ezequiel Reyna, Jr., L.L.P. of Weslaco, Hidalgo County, Texas
hereinafter referred to as the "Attorney".

In consideration of the mutual promises herein contained the parties hereto agree as follows:

### I.
### PURPOSES OF REPRESENTATION

1.01    The Client(s) hereby retains and employs the Attorney for purposes of legal representation, to recover
all damages and compensation to which Client(s) in all capacities may be entitled and to compromise and settle all claims
or causes of action arising out of _Keshia R. Mitchell_

### II.
### ATTORNEY'S FEES

2.01 In consideration of all services rendered and to be rendered by the Attorney, Client(s) hereby agrees to pay
Attorney forty percent (40%) [( K M ) Client's initials] of all monies and payments collected in recovery upon
Client's claim prior to filing of a lawsuit [( K M ) Client's initials] including but not limited to any monies derived
from insurance medical payment coverage such as Personal Injury Protection (PIP); and of all monies and payments
collected in recovery upon Client's claim after filing of a lawsuit [( K M ) Client's initials]. The above-agreed to
Attorney's Fees are to be paid as follows at Attorney's place of business in Hidalgo County, Texas:

**Law Offices of Ezequiel Reyna, Jr., L.L.P.**
**702 W. Expressway 83, Suite 100**
**Weslaco, Texas 78596**

2.02 Attorney by this agreement is authorized to engage in settlement negotiations for and on behalf of Client(s).
In the event that the case is settled by structured settlement Client(s) hereby approves and authorizes Attorney to collect
Attorney's Fees either in cash or by structured payment as Attorney in his sole discretion deems appropriate. Client(s)
further authorizes but does not require Attorney to retain and employ structured settlement specialists for the purpose
of assistance in evaluating the efficiency and benefits of structured settlement in the Client(s) case. Client by this
agreement authorizes Attorney to deduct the fees of such specialists and their services as an Expense of Litigation (see
Section VI).

2.03 Attorney further reserves the right, in Attorney's sole discretion, to refund any part of or no part of
Attorney's Fees to Client(s) in event Client(s) elects to terminate the services of Attorney or representation is otherwise
concluded earlier than or by other means than originally contemplated by this agreement [( K M ) Client's initials].

### III.
### ASSIGNMENT OF INTEREST/AUTHORIZATION FOR RETAINED INTEREST
### BY ATTORNEY IN EVENT OF DISMISSAL

3.01 In consideration of Attorney's services to and efforts on behalf of Client(s), the Client(s) hereby sell,
convey and assign to Attorney an interest both in rem and in personam to the extent hereinabove indicated (see Section
II) to Client(s) claim and cause of action; and do sell, convey and assign to attorney an interest both in rem and in
personam in any action, compromise, settlement, judgment, monies, payments, goods, services, profits, proceeds or
recovery thereupon realized from Client's claim and cause of action [( K M ) Client's initials].

1

3.02 By this agreement Client(s) further authorizes Attorney to retain and collect upon a lien in any action, compromise, settlement, judgment, moneys, payments, goods, services, profits, proceeds or recovery thereupon realized by or on behalf of Client(s) through subsequent attorneys, insurance parties or settlement specialists to the extent of Attorney's services, efforts and work on behalf of Client.  This provision by present agreement shall be made to operate in event Client dismisses Attorney, rescinds this agreement of representation or otherwise elects to terminate the services of Attorney [( K.M. ) Client's initials].

## IV.
### APPROVAL BY CLIENT OR CLIENT'S SUCCESSOR IN INTEREST
### AND ATTORNEY NECESSARY FOR SETTLEMENT

4.01 Attorney is hereby authorized to enter into any settlement negotiations that Attorney deems appropriate on behalf of Client(s); including but not limited to Attorney's prerogative granted by this agreement to pursue cash or structured payment settlement negotiations (see Section II).

4.02 Client(s) hereby grant unto Attorney and Attorney's expressly authorized agents a power of attorney to carry out negotiations and settlement discussions and pursuant thereto to obtain any and all monies, payments, goods, services, profits, proceeds, recovery or other subject matter of value due to Client(s) under Client's claim and cause of action to the full and same extent that Client(s) may do so in person.  This power expressly includes a grant of authority to Attorney to endorse for Client(s) behalf all insurance company drafts, money orders, cashier's checks, bank drafts, notes, commercial or secured paper or other negotiable instruments made payable to Attorney and Client(s), Attorney or Client(s) without joinder of Attorney, which are submitted to Attorney on behalf of the Client(s) in full or partial settlement of client's claim and cause of action.

4.03 The hereinabove granted limited power of attorney further authorizes Attorney to place the above-referenced monies or other subject matter of value into Attorney's trust account and from said trust account to make distributions and payments in the amount of agreed Attorney's Fees and reimbursements for all Expenses of Representation and Litigation incurred by Attorney on behalf of Client(s).

## V.
### EXPENSES OF REPRESENTATION AND LITIGATION

5.01 The reasonable expenses incurred by Attorney in the course of discharging this representation for Client(s) shall be paid out of any moneys, payments, goods, services, profits, proceeds or recovery collected via action, compromise, settlement or judgment from Client(s) portion of any action, compromise, settlement or judgment after deduction of Attorney's Fees [( K.M ) Client's initials].

5.02   Expenses of Representation and Litigation shall be deducted from Client(s) portion of any action, compromise, settlement or judgment prior to disbursement of remaining moneys, payments, goods, services, profits, proceeds or recovery of the action, compromise, settlement or judgment, if any, to Client(s) [( K.M ) Client's initials].

## VI.
### COOPERATION OF CLIENT

6.01 Client(s) agrees to keep Attorney advised of Client(s) whereabouts at all times and to advise Attorney of any change in Client(s) place of employment or residence and telephone numbers pertaining thereto within five (5) days of making such change.  Client(s) further agrees to comply with all reasonable requests of Attorney for information and assistance in the preparation and discharge of this representation.

## VII.
### ASSOCIATION OF OTHER COUNSEL

7.01 Attorney is hereby authorized to associate other attorneys as may be deemed necessary in Attorney's sole discretion to effectuate representation of Client(s) interests.  Attorney is further authorized in his sole discretion to assign this case to another attorney in the office of or associated with or not associated with Attorney for preparation and litigation or disposition.  The costs and fees for the services of such other legal counsel shall remain the responsibility of Client(s) [( K.M ) Client's initials].

2

## VIII.
## PARTIES BOUND

8.01  This agreement shall be binding upon and inure to the benefit of the parties hereunto subscribed by signature.

## IX.
## PRIOR AGREEMENTS SUPERSEDED

9.01  This agreement constitutes the sole and only agreement of the parties hereunto subscribed and supersedes any prior understandings or written or oral agreements between the parties respecting the within-contained subject matter. No subsequent oral modifications to this contract shall be effective unless reduced to writing and signed by all parties.

I, CLIENT(S) _Keshia R. Mitchell_ CERTIFY BY MY SIGNATURE HERETO THAT I HAVE CAREFULLY READ THIS ENTIRE AGREEMENT OF REPRESENTATION, THAT I FULLY UNDERSTAND ALL OF ITS TERMS, CONDITIONS AND OBLIGATIONS AND THAT I VOLUNTARILY AGREE TO BE BOUND THEREBY.

Signed and accepted this _____ day of _____, 2008.

x _Keshia Mitchell_
Client

x _____
Client

x _____

x _____
Address

(008) 990-2300   249-3540
Telephone No.                497-2138

Attorney at Law
Texas Bar Number _16794791_

## VOLUNTARY ENGAGEMENT

Client(s) represents and warrants that Client(s) has entered freely and voluntarily into this agreement of representation.  [( _KM_ ) Client's initials].   Client further represents that neither Attorney nor any employee, representative or agent of Attorney whether express, implied or ostensible has improperly contacted Client(s), improperly solicited Client(s) to engage Attorney or committed any other misconduct relating to engagement of Attorney for this representation.  Client(s) has been informed that Attorney will rely upon the representations and warranties contained in this agreement as an integral part of the decision to accept representation and that continued representation of Client(s) by Attorney is expressly conditioned thereupon.

Signed and accepted this _____ day of _____, 2008.

x _Keshia Reenee Mitchell_
Client

x _Keshia R. Mitchell_
Client

3