**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
SUITE 2775 PAN AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

e-mail:
kredmann@lawla.com

November 10, 2011

**VIA EMAIL ONLY**
Mr. Chris Pinedo, Esq.
719 S. Shoreline Blvd.
Suite 500
Corpus Christi, TX 74801

Re: *In re FEMA Trailers Formaldehyde Litigation*
United States District Court for the Eastern District of Louisiana
MDL No. 1873
Our File No. 14257-09574

Dear Mr. Pinedo:

Attached is a draft Unopposed Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets in the following action:

1. *Stefanie Adkison v. R-Vision, Inc. et al.*, No. 09-7814

Please let me know by close of business on Monday November 14 if you oppose this motion. If I do not hear from you we will file the motion as opposed.

Sincerely,

Anne E. Briard

AEB/lr
Enclosures

1065604_1

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | *<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION: N, 5 |
| This document relates to:<br>   *Stefanie Adkison v. R-Vision, Inc.*<br>   No. 09-7814<br>   Plaintiffs: Patrick Poiroux<br>   Pheland Collier<br>   Robert A. Collier | *<br>*<br>*<br>*<br>*<br>*<br>* | JUDGE ENGELHARDT<br><br><br><br>MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS.
2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

**NOW INTO COURT**, through undersigned counsel comes defendant, Liberty Mutual Insurance Company, incorrectly named as Liberty Mutual Insurance Corporation ("Liberty Mutual"), who moves this Honorable Court to dismiss the claims of Plaintiffs Patrick Poiroux, Pheland Collier and Robert A. Collier, with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets. The reasons for the Motion are more fully set forth in the attached Memorandum in Support. Further, the undersigned has contacted opposing counsel regarding this Motion, and opposing counsel has stated that it has no objection to the dismissal of these plaintiffs.

Respectfully submitted,

EXHIBIT A

s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

### CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | \*<br>\*<br>\*<br>\* | MDL NO. 1873<br><br>SECTION: N, 5 |
| This document relates to:<br>  *Stefanie Adkison v. R-Vision, Inc.*<br>  No. 09-7814<br>  Plaintiffs: Patrick Poiroux<br>  Pheland Collier<br>  Robert A. Collier | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | JUDGE ENGELHARDT<br><br><br><br>MAGISTRATE CHASEZ |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company, incorrectly named as Liberty Mutual Insurance Corporation ("Liberty Mutual") as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of plaintiffs Patrick Poiroux, Pheland Collier and Robert A. Collier, with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provisions of Plaintiff Fact Sheets.

**I. Factual Background.**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order

introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32.[3]

On _____, 2011 the undersigned contacted opposing counsel regarding this Motion, and opposing counsel has stated that it has no objection to the dismissal of these plaintiffs.

### II. Law and Argument

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 5.

EXHIBIT A

these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Stefanie Adkison v. R-Vision, Inc.,* Docket No. 09-7814, was filed in December of 2009. Because the aforementioned plaintiffs were added in the MDL after November 30, 2009, PTO No. 32 Section G, governs the submittal of their PFS. This section states:

> For any Complaint filed after November 30, 2009, and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

Section G of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *Adkison* matter to submit a PFS was "30 days from the day of filing of the individual claims". To date, none of the *Adkison* Plaintiffs herein have submitted completed, signed plaintiff fact sheets.

To date, plaintiffs Patrick Poiroux, Pheland Collier and Robert A. Collier, have provided PFSs that are deficient in several key datafields. As such, in accordance with PTO No. 32, the proper remedy is dismissal of their claims, *with prejudice.*

1. *Patrick Poiroux*

On June 21, 2011 the Mover, through undersigned counsel, notified Watts Hilliard, LLC in writing that plaintiff Patrick Poiroux's PFS was deficient in 13 of 23 key datafields. (See Exhibit A.) The PFS identifies two trailers, one R-Vision and one Gulfstream and includes VIN

EXHIBIT A

numbers for both. Because the PFS fails to provide the length of time this plaintiff resided in any trailer, it is impossible to determine the length of time (if any) he was in the R-Vision trailer. The original PFS for Patrick Poiroux was also deficient in the following key datafields:

|  | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☒ | Checklist | III.C. |
| ☒ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☒ | Psychological Treatment | III.C.8. |
| ☒ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☐ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☒ | Move In Date | V.A.6. |
| ☒ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☒ | Number of hours spent in the trailer each day | V.13. |
| ☒ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☒ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☒ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☒ | Produce Records | VIII (A-D) |

(See Exhibit B, Plaintiff Fact Sheet.)

Counsel for Patrick Poiroux has provided PFS Deficiency Answers for this plaintiff, but the PFS still remains deficient in each of the key data fields above, except for the Checklist in

EXHIBIT A

Section III.C. For example, this plaintiff claims not to recall who diagnosed him with any illness or disease, whether he is making a claim for mental and/or emotional damages or medical expense, the move-in and move-out dates for the trailer, the names of any other trailer residents or whether they used tobacco products. This plaintiff also has not provided medical records or medical history information. The Deficiency Answers are not signed by the Plaintiff.

2. *Pheland Collier*

On June 21, 2011 the Mover, through undersigned counsel, notified Watts Hilliard, LLC in writing that plaintiff Pheland Collier PFS was deficient in 4 of 23 key datafields, including the manufacturer information. (See Exhibit A.) The PFS identifies two trailers, one R-Vision and one Gulfstream. However, there is only one set of move-in and move-out dates, making it impossible to determine the length of time this plaintiff was in the R-Vision trailer.

The original PFS for Pheland Collier was also deficient in the following key datafields:

|   | INFORMATION/DATA | PFS SECTION |
|---|---|---|
| ☐ | Plaintiff's Name | II.A |
| ☐ | Attorney | III.B. |
| ☐ | Future Medical Claim | III.C.2. |
| ☒ | Checklist | III.C. |
| ☐ | Diagnosed Illness | III.C.3. (Second question below the chart) |
| ☐ | Psychological Treatment | III.C.8. |
| ☐ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☐ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |

EXHIBIT A

| | | INFORMATION/DATA | PFS SECTION |
|---|---|---|---|
| | ☐ | Move Out Date | V.A.7. |
| | ☐ | Installation Address (physical location) | V.A.8. |
| | ☐ | Number of hours spent in the trailer each day | V.13. |
| | ☐ | Names of all trailer residents (residing) | V.E. |
| | ☐ | Plaintiff's Smoking History | VI.C. |
| | ☐ | Smoking History of Other Trailer Resident(s) | VI.D. |
| | ☐ | Prior Medical History | VI(F)(1&4) |
| | ☐ | Treatment for Formaldehyde Related Injury | VII.B. |
| | ☒ | Produce Records | VIII (A-D) |

(See Exhibit B, Plaintiff Fact Sheet.)

Counsel for Pheland Collier has provided PFS Deficiency Answers for this plaintiff, but the PFS still remains deficient in several key datafields. For example, this plaintiff claims not to recall his health care providers and has not provided any medical records. Further, the Deficiency Answers state that this plaintiff lived in a Gulf Stream trailer but provide an R-Vision VIN. The Deficiency Answers are not signed by the Plaintiff.

3. *Robert Collier*

On June 21, 2011 the Mover, through undersigned counsel, notified Watts Hilliard, LLC in writing that plaintiff Robert Collier's PFS was deficient in 6 of 23 key datafields, including the manufacturer information. (See Exhibit A.) The PFS identifies two trailers, one R-Vision and one Gulfstream. However, there is only one set of move-in and move-out dates, making it impossible to determine the length of time this plaintiff was in the R-Vision trailer.

The original PFS for Robert Collier was also deficient in the following key datafields:

| | | INFORMATION/DATA | PFS SECTION |
|---|---|---|---|
| | ☐ | Plaintiff's Name | II.A |
| | ☐ | Attorney | III.B. |
| | ☐ | Future Medical Claim | III.C.2. |
| | ☒ | Checklist | III.C. |
| | ☒ | Diagnosed Illness | III.C.3. (Second |

EXHIBIT A

|  |  | question below the chart) |
|---|---|---|
| ☐ | Psychological Treatment | III.C.8. |
| ☐ | Only if you are requesting reimbursement of medical expenses | III.C.9. |
| ☐ | Date of Birth | IV.C. |
| ☐ | Only if you are making a wage claim | IV.F.3 |
| ☒ | Manufacturer | V.A.1. |
| ☐ | Vin # | V.A.2. |
| ☐ | FEMA I.D. # | V.A.3. |
| ☒ | Bar Code | V.A.4. |
| ☐ | Move In Date | V.A.6. |
| ☐ | Move Out Date | V.A.7. |
| ☐ | Installation Address (physical location) | V.A.8. |
| ☐ | Number of hours spent in the trailer each day | V.13. |
| ☐ | Names of all trailer residents (residing) | V.E. |
| ☐ | Plaintiff's Smoking History | VI.C. |
| ☐ | Smoking History of Other Trailer Resident(s) | VI.D. |
| ☐ | Prior Medical History | VI(F)(1&4) |
| ☒ | Treatment for Formaldehyde Related Injury | VII.B. |
| ☒ | Produce Records | VIII (A-D) |

(See Exhibit B, Plaintiff Fact Sheet.)

Counsel for Robert Collier has provided PFS Deficiency Answers for this plaintiff, but the PFS still remains deficient in several key datafields. For example, this plaintiff claims not to recall his health care providers and has not provided any medical records. The Deficiency Answers are not signed by the Plaintiff.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed

EXHIBIT A

suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of these plaintiffs, with prejudice.

### III. Conclusion

As established above, plaintiffs Patrick Poiroux, Pheland Collier, and Robert A. Collier, have not submitted a PFS as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Unopposed Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

s/Kristopher M. Redmann

**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

EXHIBIT A

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

_____s/Kristopher M. Redmann_____

Kristopher M. Redmann, La. Bar No. 18397

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | *<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION: N, 5 |
| This document relates to:<br>  *Stefanie Adkison v. R-Vision, Inc.*<br>  No. 09-7814<br>  Plaintiffs: Patrick Poiroux<br>  Pheland Collier<br>  Robert A. Collier | *<br>*<br>*<br>*<br>*<br>*<br>* | JUDGE ENGELHARDT<br><br><br><br>MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF SUBMISSION

Considering Liberty Mutual Insurance Company's Motion to Dismiss ("Motion");

PLEASE TAKE NOTICE that Liberty Mutual's Motion is set for hearing on _____, 2011 at 9:30 a.m. before the Honorable Kurt L. Engelhardt, United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

EXHIBIT A

### CERTIFICATE OF SERVICE

    I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                                                     s/Kristopher M. Redmann

                                          Kristopher M. Redmann, La. Bar No. 18397

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | * <br> * <br> * <br> * | MDL NO. 1873 <br><br> SECTION: N, 5 |
| This document relates to:<br>   *Stefanie Adkison v. R-Vision, Inc.*<br>   No. 09-7814<br>   Plaintiffs: Patrick Poiroux<br>   Pheland Collier<br>   Robert A. Collier | * <br> * <br> * <br> * <br> * <br> * <br> * | JUDGE ENGELHARDT <br><br><br> MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Considering the foregoing Unopposed Motion to Dismiss For Failure to Comply With Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Liberty Mutual's Motion is Granted and the claims of Plaintiffs Patrick Poiroux, Pheland Collier, and Robert A. Collier, against Liberty Mutual Insurance Company in *Stefanie Adkison et al. v. R-Vision, Inc. et al.*, 09-7814, be and are dismissed without prejudice.

New Orleans, Louisiana, this ____ day of _____, 2011.

_____
Hon. Kurt D. Engelhardt
Judge, United States District Court
Eastern District of Louisiana

EXHIBIT A