**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
SUITE 2775 PAN AMERICAN LIFE CENTER
601 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130

e-mail:
abriard@lawla.com

November 23, 2011

**VIA EMAIL ONLY**
Robert C. Hilliard
Watts Hilliard
719 South Shoreline Blvd., Suite 500
Corpus Christi, TX 78401

Re: *In re FEMA Trailers Formaldehyde Litigation*
United States District Court for the Eastern District of Louisiana
No. 07-MD-1873, Section N, Mag. 5
**Our File No. 14257-09574**

Dear Mr. Hilliard:

Attached is a draft motion to dismiss plaintiffs in the following matter:

1. *Elica Allen v. R-Vision, Inc.*, No. 10-2201 (USDC, EDLA).

Please let me know by November 30, 2011 whether you will agree to our filing the proposed motion as unopposed. Otherwise, we will file the motion as opposed.

Sincerely,

*[signature]*

Anne E. Briard

AEB/lr
Enclosures

1073988v1

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION: N, 5 |
| | * | |
| This document relates to: | * | JUDGE ENGELHARDT |
| *Elica Allen v. R-Vision, Inc.* | * | |
| No. 10-2201 | * | |
| Plaintiffs: | * | |
| Don Wilson | * | |
| Don Wilson obo D.W. | * | |
| Elica Allen obo I.A. | * | MAGISTRATE CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS.
2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

**NOW INTO COURT**, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), who moves this Honorable Court to dismiss the claims of plaintiffs Don Wilson, Don Wilson obo D.W., and Elica Allen obo I.A. with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets. The reasons for the Motion are more fully set forth in the attached Memorandum in Support. Undersigned counsel has contacted counsel for plaintiffs, who has advised that he <u>opposes</u> this motion.

#1074504

**EXHIBIT A**

Respectfully submitted,

s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann

Kristopher M. Redmann, La. Bar No. 18397

**EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | * <br> * <br> * <br> * | MDL NO. 1873 <br><br> SECTION: N, 5 |
| This document relates to:<br>  *Elica Allen v. R-Vision, Inc.*<br>  No. 10-2201<br>  Plaintiffs:<br>  Don Wilson<br>  Don Wilson obo D.W.<br>  Elica Allen obo I.A. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | JUDGE ENGELHARDT <br><br><br><br><br> MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDER NOS. 2 AND 32 RELATING TO
PLAINTIFF FACT SHEETS**

MAY IT PLEASE THE COURT:

Liberty Mutual Insurance Company ("Liberty Mutual"), as an alleged insurer of R-Vision, Inc. moves this Honorable Court to dismiss the claims of plaintiffs Don Wilson, Don Wilson obo D.W., and Elica Allen obo I.A., with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

  I.   **Factual Background.**

The above-captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pretrial matters. To guide the

#1074504

EXHIBIT A

multitude of parties and counsel involved in this matter, the Court has issued over 80 Pre-Trial Orders on numerous subjects, including discovery. On June 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet", which would serve as a substitute for the initial rounds of Interrogatories and Requests for Production of Documents on a standardized and simple form. (See Rec. Doc. 87.) Pre-Trial Order No. 2 provides that:

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[1]

Pre-Trial Order No. 2 also established a process for "curing" those fact sheets when a particular plaintiff failed to provide one or more responses in his or her fact sheet. Outlining the curing process, Pre-Trial Order No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days.[2] These procedures were carried over into Pre-Trial Order No. 32, which requires each plaintiff to serve "a completed and signed PFS."[3]

II. **Law and Argument**

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. This authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.

---

[1] See Rec. Doc. No. 87, p. 7.
[2] See Rec. Doc. 87, p. 8-9. See also Rec. Doc. 1180, p. 5.
[3] See Rec. Doc. 1180, p. 1 (emphasis added); p. 5.

**EXHIBIT A**

Specifically, Rule 41(b) states that "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. Moreover, Federal Rule of Civil Procedure 37(b)(2) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.

The underlying matter, *Elica Allen et al. v. R-Vision, Inc.*, Docket No. 10-2201, was filed in 2010. Because plaintiffs Don Wilson, Don Wilson obo D.W. and Elica Allen obo I.A. were added as plaintiffs in the MDL after November 30, 2009, PTO No. 32 Section G, governs the submittal of their PFSs. This section states:

> For any Complaint filed after November 30, 2009, and for which the individual has not completed a PFS, a completed and verified PFS form for each named plaintiff shall be served within thirty (30) days of filing of the individual claims, failing which said claims shall be dismissed with prejudice, absent a showing of good cause.

Section G of PTO No. 32 clearly states that the deadline for the plaintiffs named in the *Allen* matter to submit a PFS was "30 days from the day of filing of the individual claims". To date, plaintiffs Don Wilson, Don Wilson obo D.W. and Elica Allen obo I.A. have not submitted completed plaintiff fact sheets. As such, in accordance with PTO No. 32, the proper remedy is dismissal of these plaintiffs' claims, *with prejudice.*

Undersigned counsel has contacted counsel for Plaintiffs Don Wilson, Don Wilson obo D.W. and Elica Allen obo I.A., who has advised that he opposes this motion.

1. Don Wilson

EXHIBIT A

On May 20, 2011, undersigned counsel sent a letter to counsel for Plaintiff Don Wilson advising that this plaintiff had not provided a completed PFS. (Exhibit A.) Subsequently, counsel for Plaintiffs sent an unsigned PFS amendment only. (See Exhibit B.) Undersigned counsel still has not received a completed, signed PFS for Don Wilson.

2. <u>Don Wilson obo D.W.</u>

On May 20, 2011, undersigned counsel sent a letter to counsel for Plaintiff Don Wilson obo D.W. advising that this plaintiff had not provided a completed PFS. (Exhibit C.) Subsequently, counsel for Plaintiffs sent an unsigned PFS amendment only. (See Exhibit D.) Undersigned counsel still has not received a completed, signed PFS for Don Wilson obo D.W.

3. <u>Elica Allen obo I.A.</u>

On May 20, 2011, undersigned counsel sent a letter to counsel for Plaintiff Don Wilson advising that this plaintiff had not provided a completed PFS. (Exhibit E.) Subsequently, counsel for Plaintiffs sent an unsigned PFS amendment only. (See Exhibit F.) Undersigned counsel still has not received a completed, signed PFS for Elica Allen obo I.A.

In order to properly defend and analyze the claims advanced against it by the plaintiffs in this MDL, Liberty Mutual must be able to obtain information about those plaintiffs. The Court sanctioned PFS serve as the best way to obtain such information, as the PFS were substituted as the initial round of discovery responses. Without the PFS discovery responses, Liberty Mutual is significantly prejudiced in its ability to obtain information regarding those plaintiffs who filed suit against it, and there is good cause for the Court to discontinue any potential for further prejudice against Liberty Mutual by dismissing the claims of plaintiffs Don Wilson, Don Wilson obo D.W., and Elica Allen obo I.A., with prejudice.

**III.   Conclusion**

**EXHIBIT A**

As established above, plaintiffs Don Wilson, Don Wilson obo D.W., and Elica Allen obo I.A., have not provided completed PFSs as directed by PTO Nos. 2 and 32. Therefore, in accordance with PTO Nos. 2 and 32, and Federal Rule of Civil Procedure Nos. 37(b)(2) and 41(b), the Motion to Dismiss filed by Liberty Mutual should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

Respectfully submitted,

/s/ Kristopher M. Redmann
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

s/Kristopher M. Redmann
Kristopher M. Redmann, La. Bar No. 18397

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION<br><br>This document relates to:<br>    *Elica Allen v. R-Vision, Inc.*<br>    No. 10-2201<br>    Plaintiffs:<br>    Don Wilson<br>    Don Wilson obo D.W.<br>    Elica Allen obo I.A. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION: N, 5<br><br>JUDGE ENGELHARDT<br><br><br><br><br>MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF SUBMISSION

Considering Liberty Mutual Insurance Company's Motion to Dismiss ("Motion");

PLEASE TAKE NOTICE that Liberty Mutual's Motion is set for hearing on December 14, 2011 at 9:30 a.m. before the Honorable Kurt L. Engelhardt, United States District Court for the Eastern District of Louisiana.

#1074504

EXHIBIT A

Respectfully submitted,

   /s/ Kristopher M. Redmann
KRISTOPHER T. WILSON, La. Bar #23978
KRISTOPHER M. REDMANN, La. Bar #18397
ANNE E. BRIARD, La. Bar #29102
LUGENBUHL, WHEATON, PECK, RANKIN &
     HUBBARD
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

2

EXHIBIT A

## CERTIFICATE OF SERVICE

    I hereby certify that on November 14, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                                                                                  s/Kristopher M. Redmann

                                                          Kristopher M. Redmann, La. Bar No. 18397

EXHIBIT A

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | *<br>*<br>*<br>* | MDL NO. 1873<br><br>SECTION: N, 5 |
| This document relates to:<br>   *Elica Allen v. R-Vision, Inc.*<br>   No. 10-2201<br>   Plaintiffs:<br>   Don Wilson<br>   Don Wilson obo D.W.<br>   Elica Allen obo I.A. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* | JUDGE ENGELHARDT<br><br><br><br><br><br>MAGISTRATE CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Considering the foregoing Motion to Dismiss For Failure to Comply With Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Liberty Mutual's Motion is Granted and the claims of plaintiffs Don Wilson, Don Wilson obo D.W. and Elica Allen obo I.A. against Liberty Mutual Insurance Company be and are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ____ day of _____, 2011.

_____

Hon. Kurt D. Engelhardt

#1074504

**EXHIBIT A**

Judge, United States District Court
Eastern District of Louisiana

**EXHIBIT A**