UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case No.  09-4009 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

<u>**MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING
TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-
TRIAL ORDERS NO. 38, 49 AND 68**</u>

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order granting Forest River's

Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff

Fact Sheets and the Matching Requirements of Pre-Trial Orders No. 38, 49 and 68 with respect

to the claims of the following plaintiffs and, because these plaintiffs are the only plaintiffs that

remain in the below indicated case, the dismissal of this case in its entirety, with prejudice.

- Irma Duplessis (Plaintiff in *Duplessis*, C.A. 09-4009)
- Irma Miller o/b/o D.M. (Plaintiff in *Duplessis*, C.A. 09-4009)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the

consolidated resolution and completion of discovery and other pre-trial matters. On January 30,

2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for

various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet"

(PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests

for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed. Rec. Doc. No. 1596. For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009. *See* Pre-Trial Order No. 49 (Rec. Doc. 8908). For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id.* (emphasis omitted). Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.* The above listed complaint was filed on June 15, 2009. Thus, plaintiffs' deadline

2

for matching to the correct, single manufacturing defendant expired on December 29, 2009.  If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process. Thus,  the deadline for matching the plaintiffs with the correct manufacturing defendant expired almost two years ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 36, 40, 49, 68 and 88, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any

claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

### Irma Duplessis

*Irma Duplessis v. Forest River, Inc.* was filed June 15, 2009. After the complaint was filed, Forest River never received a PFS from Irma Duplessis. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about June 2, 2011 (*See* Plaintiff Fact Sheet of Irma Duplessis, attached as Exhibit "B"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter

identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[1]

Plaintiff identified Sun Valley, rather than Forest River, as the manufacturer, and listed a VIN with a 1S4BT prefix, which is not a Forest River VIN prefix.  Because this Plaintiff has clearly admitted that she did not stay in a Forest River unit (*See* Exhibit "B"), her claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Barcode | V.A.4. |

(*See* Ex. "B")

While Irma Duplessis has answered 22 of the required 23 key questions, she admits that she did not stay in a Forest River unit, based upon the manufacturer and VIN she listed on the PFS, was incorrectly matched in a suit against Forest River and has missed the December 29. 2009 deadline for being matched with the correct manufacturing defendant.  Thus, this Plaintiff does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Irma Miller on behalf of D.M.**

*Irma Duplessis v. Forest River, Inc.* was filed June 15, 2009.  After the complaint was filed, Forest River never received a PFS from Danzell Miller.  On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a Plaintiff Fact Sheet for the above named Plaintiff (*See* Exhibit "A").  Forest River received the missing Plaintiff Fact Sheet on or about

---

[1] See Exhibit D – May 13, 2011 Committees' Status Conference Transcript

June 2, 2011 (*See* Plaintiff Fact Sheet of D.M., attached as Exhibit "C").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  According to the transcript of the Committee's Status Conference held on May 13, 2011, the Court clarified that plaintiffs receiving a deficiency letter from the defense stating that a PFS had not been previously received is considered a deficiency letter and, upon receiving a PFS in response to that letter, a second deficiency letter identifying deficiencies in that newly received PFS is not required and that those PFSs received have to be filled out in a full and non-deficient way. (Tr. p. 30, l. 9-25, p. 31, l. 1-5).[2]

Plaintiff identified Sun Valley, rather than Forest River, as the manufacturer, and listed a VIN with a 1S4BT prefix, which is not a Forest River VIN prefix.  Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* Exhibit "C"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO No. 38, 49 and 68.

In addition to staying in a non-Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Barcode | V.A.4. |
| Produce Documents | VIII (B) |
| Signed Certification |  |

(*See* Ex. "C")

While D.M. has answered 21 of the required 23 key questions; , he admits that he did not stay in a Forest River unit, based upon the manufacturer and VIN he listed on the PFS, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched

---

[2] See Exhibit D – May 13, 2011 Committees' Status Conference Transcript

with the correct manufacturing defendant. Thus, this Plaintiff does not belong in a suit against Forest River and his claim should be dismissed accordingly.

The above listed plaintiffs admit that they did not stay in a Forest River housing unit. As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claim of this plaintiff.

Additionally, the Plaintiffs listed above are the only plaintiffs currently remaining in the corresponding case listed above. Consequently, Forest River moves this Court to dismiss not just the above plaintiffs' claims but also the above indicated case in its entirety.

In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), this Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, as well as the corresponding case in its entirety, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**


BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**



<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on December 12, 2011 via electronic filing.


/s/ Ernest P. Gieger, Jr.