UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | * * * | MDL NO. 1873 |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: Case Nos. 09-4611 and 09-4636 | * * | JUDGE ENGELHARDT |
| | * * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMO IN SUPPORT OF DEFENDANT FOREST RIVER'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claim of the following plaintiff, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets.

- James Hills (Plaintiff in *Bajoie*, C.A. 09-4611)
- Jeremy Hills (Plaintiff in *Bajoie*, C.A. 09-4611)
- Schwanda Hills (Plaintiff in *Bajoie*, C.A. 09-4611)
- Clarence L. Lockett (Plaintiff in *Robinson*, C.A. 09-4636)
- Lloyd Mae Lockett (Plaintiff in *Robinson*, C.A. 09-4636)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87.

The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

The Plaintiff listed above has failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiff listed above has failed to comply with PTO Nos. 2 and 32, and therefore, this Court should dismiss her claim.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc*., 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**James Hills** (Plaintiff in *Bajoie*, C.A. 09-4611)

*Che'La Bajoie v. Forest River, Inc.* was filed January 22, 2010. After the complaint was filed, Forest River never received a PFS from James Hills. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing PFS on or about May 12, 2011 (*See* Plaintiff Fact Sheet of James Hills, attached as Exhibit "B"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. Although Forest River was not required to send a second deficiency letter, it elected to do so, which gave the Plaintiff another opportunity to cure any and all deficiencies. In

accordance with the agreed to PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011, outlining all deficiencies of James Hill's PFS. (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "C").

Information that is critical to this Plaintiff's claim, such as smoking history of other trailer resident(s) was requested on July 28, 2011. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River received no requests for extension or productions of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff identified their manufacturer, VIN and barcode with "Awaiting Disaster File," rather than Forest River. Thus, this Plaintiff has clearly indicated that he does not know the name of the manufacturer for the FEMA housing unit he occupied.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Other Smoking History of Trailer Resident(s) | VI.D. |
| Produce Documents | VIII (B) |

(*See* Ex. "B")

While James Hills has answered 18 of the required 23 key questions, he does not know who manufactured the FEMA housing unit he occupied, he does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Jeremy Hills** (Plaintiff in *Bajoie*, C.A. 09-4611)

*Che'La Bajoie v. Forest River, Inc.* was filed January 22, 2010. After the complaint was filed, Forest River never received a PFS from Jeremy Hills. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See*

letter dated May 2, 2011, attached as Exhibit "A").  Forest River received the missing PFS on or about May 12, 2011 (*See* Plaintiff Fact Sheet of Jeremy Hills, attached as Exhibit "D").  Upon receipt of the PFS, Counsel for Forest River reviewed it and deemed the fact sheet deficient. Although Forest River was not required to send a second deficiency letter, it elected to do so, which gave the Plaintiff another opportunity to cure any and all deficiencies.  In accordance with the agreed to PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011, outlining all deficiencies of Jeremy Hill's PFS.  (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "C").

Information that is critical to this Plaintiff's claim, such as smoking history of other trailer resident(s) was requested on July 28, 2011.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies.  Forest River received no requests for extension or productions of PFS amendments or errata sheets with regard to this Plaintiff.  Most importantly, this Plaintiff identified their manufacturer, VIN and barcode with "Awaiting Disaster File," rather than Forest River.  Thus, this Plaintiff has clearly indicated that he does not know the name of the manufacturer for the FEMA housing unit he occupied.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Other Smoking History of Trailer Resident(s) | VI.D. |
| Produce Documents | VIII (B) |

(*See* Ex. "D")

Thus, Jeremy Hills has answered 18 of the required 23 key questions, he does not know who manufactured the FEMA housing unit he occupied, he does not belong in a suit against Forest River and his claims should be dismissed on that basis.

**Schwanda Hills** (Plaintiff in *Bajoie*, C.A. 09-4611)

*Che'La Bajoie v. Forest River, Inc.* was filed January 22, 2010. After the complaint was filed, Forest River never received a PFS from Schwanda Hills. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing PFS on or about May 12, 2011 (*See* Plaintiff Fact Sheet of Schwanda Hills, attached as Exhibit "E"). Upon receipt of the PFS, Counsel for Forest River reviewed it and deemed the fact sheet deficient. Although Forest River was not required to send a second deficiency letter, it elected to do so, which gave the Plaintiff another opportunity to cure any and all deficiencies. In accordance with the agreed to PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011, outlining all deficiencies of Schwanda Hill's PFS. (*See* Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "C").

Information that is critical to this Plaintiff's claim, such as smoking history of other trailer resident(s) was requested on July 28, 2011. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River received no requests for extension or productions of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff identified their manufacturer, VIN and barcode with "Awaiting Disaster File," rather than Forest River. Thus, this Plaintiff has clearly indicated that she does not know the name of the manufacturer for the FEMA housing unit she occupied.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |
| Other Smoking History of Trailer Resident(s) | VI.D. |
| Produce Documents | VIII (B) |

(*See* Ex. "E")

While Schwanda Hills has answered 18 of the required 23 key questions, she does not know who manufactured the FEMA housing unit she occupied, she does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Clarence L. Lockett** (Plaintiff in *Robinson*, C.A. 09-4636)

*Leona Robinson v. Forest River, Inc.* was filed on July 30, 2009. After the complaint was file, Forest River never received a Plaintiff Fact Sheet from Clarence L. Lockett. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 10, 2011, and Plaintiff's Counsel indicated that the PFS was sent to Defense on May 6, 2009. (*See* Plaintiff Fact Sheet of Clarence L. Lockett, attached as Exhibit "F"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the PFS deficient. Although Forest River was not required to send a second deficiency letter, it elected to do so, which gave the Plaintiff another opportunity to cure any and all deficiencies. In accordance with the agreed PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011, outlining all deficiencies of Clarence L. Lockett's PFS. (See Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "C").

Information that is critical to this Plaintiff's claim, such as prior medical history was requested on July 28, 2011. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extensions of the production of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff's PFS identified "Awaiting Disaster File" for the Manufacturer and VIN. Thus, this Plaintiff clearly indicates that he does not know the name of the manufacturer for the FEMA housing unit he occupied.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Produce Documents | VIII (B) |

(*See* Ex. "F")

While Clarence L. Lockett has answered 20 of the required 23 key questions, he does not know who manufactured the FEMA housing unit he occupied, and does not belong in a suit against Forest River. Thus, this Plaintiff's claims should be dismissed on that basis.

**Lloyd Mae Lockett**  (Plaintiff in *Robinson*, C.A. 09-4636)

*Leona Robinson v. Forest River, Inc.* was filed on July 30, 2009. After the complaint was file, Forest River never received a Plaintiff Fact Sheet from Lloyd Mae Lockett. On May 2, 2011, Forest River sent to Plaintiff's Counsel a letter requesting production of a PFS for the above named Plaintiff (*See* letter dated May 2, 2011, attached as Exhibit "A"). Forest River received the missing Plaintiff Fact Sheet on or about May 10, 2011, and Plaintiff's Counsel indicated that the PFS was sent to Defense on May 6, 2009. (*See* Plaintiff Fact Sheet of Lloyd Mae Lockett, attached as Exhibit "G"). Upon receipt of the fact sheet, Counsel for Forest River

reviewed it and deemed the PFS deficient. Although Forest River was not required to send a second deficiency letter, it elected to do so, which gave the Plaintiff another opportunity to cure any and all deficiencies. In accordance with the agreed PFS process, Forest River thereby sent a Rule 37 Deficiency Letter on July 28, 2011, outlining all deficiencies of Lloyd Mae Lockett's PFS. (See Rule 37 Deficiency Letter to Counsel for Plaintiff, July 28, 2011, attached as Exhibit "C").

Information that is critical to this Plaintiff's claim, such as prior medical history was requested on July 28, 2011. The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter has lapsed and Plaintiff has not cured the noted PFS deficiencies. Forest River has received no requests for extensions of the production of PFS amendments or errata sheets with regard to this Plaintiff. Most importantly, this Plaintiff's PFS identified "Awaiting Disaster File" for the Manufacturer and VIN. Thus, this Plaintiff clearly indicates that she does not know the name of the manufacturer for the FEMA housing unit he occupied.

The Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| **INFORMATION/DATA** | **PFS SECTION** |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Produce Documents | VIII (B) |

(*See* Ex. "G")

While Lloyd Mae Lockett has answered 20 of the required 23 key questions, he does not know who manufactured the FEMA housing unit he occupied and does not belong in a suit against Forest River. Thus, this Plaintiff's claims should be dismissed on that basis.

[missing the prejudicial argument for insufficient information]

In accordance with Pre-Trial Orders 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by Forest River should be granted, dismissing the claim of the above listed plaintiff, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC.**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on December 12, 2011 via electronic filing.

_/s/ Ernest P. Gieger, Jr.