UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>　　　　FORMALDEHYDE PRODUCTS<br>　　　　LIABILITY LITIGATION | MDL NO. 07-MD-1873 |
| **This document relates to:** | **JUDGE ENGELHARDT** |
| **Suit No. 09-8660**<br>(*Pohlmann v. Dutchmen Manufacturing, et. al*) | **MAG. JUDGE CHASEZ** |

**MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO ADD NEW PLAINTIFF**

Defendant Dutchmen Manufacturing, Inc. ("Dutchmen") submits this opposition to the plaintiffs' motion for leave filed in Suit No. 09-8660.[1] The plaintiffs initially filed their action in 2009 against defendant Thor Industries, Inc. They now claim that the filing was incorrect and they should be permitted to assert claims against Dutchmen in the above referenced suit, under the guise of newly acquired matching information.

**Summary of Argument**

The Court should deny the plaintiffs' motion. Unlike other situations where

---

[1] The plaintiffs' original motion was filed as Rec. Doc. No. 23814. After being notified that its Rule 7.6 certificate was incorrect, the plaintiffs filed a corrected set of papers. See Rec.Doc. No. 23839.

{B0766546.1}　　　　　　　　　　　　　　　1

the plaintiff attempts to move from an unmatched suit to a matched suit, here, the plaintiffs filed her original claims in a *matched* suit against Thor Industries, Inc. Now, after all the deadlines for matching and providing plaintiff fact sheets have expired, plaintiffs assert that their first filing was a mistake and seek to add themselves (and claims) into the lawsuit referenced above. In other words, they seeks to assert, <u>for the first time</u>, claims against Dutchmen. The Court should not permit plaintiffs to do so for a number of reasons.

The plaintiffs offer <u>no</u> explanation about why they waited nearly two years past their matching deadline to file the instant motion for leave. They have also not explained why they filed their original suit against another defendant, and, only now have allegedly discovered that Dutchmen is the correct defendant. More fundamentally, they have not demonstrated that "good cause" exists to permit the proposed amendment, at this late date. Allowing the proposed amendment would prejudice Dutchmen, undermine the Court's pretrial orders and deadlines and improperly extend the Court's matching process, a process which has already been extended several times already.

**Factual and Procedural Background**

Plaintiffs made their claims in a complaint filed on December 30, 2009. The complaint was captioned *Bernard, et al, v. Thor Industries, Inc.*, *et al*, No, 09-8681.[2]

---

[2] The plaintiffs describe their initial suit as a "place holder." *See* Rec. Doc. No. 23839-2, p. 4. This incorrectly suggests the *Bernard* suit was an unmatched suit. In fact, the *Bernard* suit was a matched action filed against Thor Industries as the sole manufacturer defendant. In reality, the plaintiffs simply filed their initial complaint (which is confusingly styled as a "Supplemental and Amending" complaint) against the wrong manufacturer and now seek to correct the mistake.

Plaintiffs alleged in their initial complaint that they each lived in a travel trailer manufactured and "matched to" Thor Industries.[3] Their allegations do not mention Dutchmen or suggest any of them might have lived in a trailer manufactured by a company other than Thor Industries.

Admitting that they sued the wrong defendant, the plaintiffs now seek to amend Suit No. 09-8660 and add themselves in as plaintiffs with claims against Dutchmen. According to their supporting memo, "a review of documents and materials available to the Plaintiffs (*sic*) now show that Plaintiffs were erroneously placed in the above-referenced suits and is now able to be matched to Dutchmen Manufacturing, Inc."[4]

Plaintiffs have not explained which "documents" or "materials" supposedly support their motion or why they initially sued the incorrect defendant. Likewise, plaintiffs have not attached any of the "documents" or "materials" to support their motion.

The Court is very familiar with the matching process and its Pretrial Orders related to it. For sake of brevity, these points are relevant to the plaintiffs' motion:

- ➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit. *See* Rec. Doc. No. 1596 (PTO 38).

- ➢ For complaints filed or transferred to the Eastern District <u>before</u> December

---

[3] Suit No. 09-8681, Rec. Doc. No. 1, Paragraph 19, 117.
[4] Rec. Doc. No. 23839-2, p. 4.

9, 2009, the deadline for matching was December 29, 2009. *See* Rec. Doc. No. 8909 (PTO 49).

- For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No. 8909 (PTO 49).
- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.
- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

The plaintiffs filed their initial action against Thor Industries, Inc. on December 30, 2009. Assuming that complaint was an "unmatched" complaint under PTO 49 (which it was not), the plaintiffs' deadline for filing a matched complaint was <u>February 13, 2010</u> (*i.e.*, 45 days after they filed suit on December 30, 2009). And assuming plaintiffs would qualify under the "last chance" matching process under PTO No. 68, each of them should have an appropriate motion by August 2, 2010.[5] Therefore, by all accounts, the plaintiffs have completely failed to meet their matching deadlines under PTO 49 and/or PTO 68. The plaintiffs apparently do not disagree—they haven't argued that the proposed amendment is timely. Instead, they seek leave to file the amendment after the relevant deadlines for doing so, arguing that they have only recently discovered correct information about their

---

[5] *See* Rec. Doc. No. 14779 (PTO 68).

claims.

## Law and Argument

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[6] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[7]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[8]

As discussed above, the Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[9] A plaintiff's burden is to show that

---

[6] *S & W Enterprises, L.L.C. v. Sw Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[7] *Id*. at 535 (citations omitted).

[8] *Id.*

[9] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

"good cause" exists to permit him or her to file an amended complaint after all deadlines for doing so have expired. That is the plaintiffs' burden here.

The plaintiffs have not made a serious attempt to explain why "good cause" exists to allow the proposed amendment. In their supporting memorandum, they plainly state they were "erroneously" placed in the *Bernard* suit.[10] The plaintiffs also refer to unidentified "materials" and "documents" recently made available to them that apparently provided the information regarding Dutchmen. Plaintiffs have not identified these documents, provided them to counsel for the defendants, or submitted them to the Court.

Putting aside plaintiffs' unsupported statements, *none* of the "good cause" factors weigh in favor of the amendment. The following points illustrate this:

(a) The plaintiffs' supposed "explanation" isn't an explanation at all. They do not offer any detail as to why they filed their initial claims against the wrong defendant and/or failed to match those claims within the deadlines for doing so. Without any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment, weighs in favor of the plaintiffs. If they are not permitted to join the

---

[10] Rec. Doc. No. 23839-2, p. 4.

above-referenced suit, their claims might be barred. But as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs' position, as they do here, the Court should not allow the proposed amendment.[11]

(c)  The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to Dutchmen is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in units supposedly manufactured by Dutchmen. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[12] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have properly matched and delay the proceedings for all parties— defendants and plaintiffs. The Court should not permit that to happen.

(d)  Additionally, the Court should note that the plaintiffs' new claims against Dutchmen may have prescribed and the proposed amendment would not revive their claims. This is because (a) their claims are subject to Louisiana's one year prescriptive period; and (b) the

---

[11] *See* Rec. Doc. No. 22999, p. 5.
[12] *Id.*

{B0766546.1}                                     7

proposed amendment does not satisfy the requirements for relation back under Federal Rule 15(c).[13]

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a) which permits amendments when "justice so requires," the Court should still deny the motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[14] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[15] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[16] Here, the plaintiffs have not explained why they waited so long to file the proposed amendment. In addition, for all the reasons discussed above, permitting the amendment and expansion of the matching process would cause undue delay and prejudice to the parties.

The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an complaint against Gulf Stream and other defendants. Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[17] Forest River

---

[13] The plaintiffs allege that their travel trailers were provided to them in Louisiana and they sustained injuries in this state. *See* Suit No. 09-8681, Rec. Doc. No. 1, Paragraph 8. They also assert their claims against the defendants under Louisiana law.

[14] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[15] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[16] *Id*.

[17] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File

opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[18] The Court's rationale should be applied here.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion for leave filed by plaintiffs.

Respectfully submitted,

s/ Ryan E. Johnson
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080
         -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170
Telephone: (504) 582-8000
Facsimile: (504) 589-8208

***Counsel for Dutchmen Manufacturing, Inc..***

Date: December 12, 2011

---

Amended Complaint).

[18] Rec. Doc. No. 22999 (September 27, 2011 ruling).

{B0766546.1}                                    9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 12th day of December, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson