UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER <br> FORMALDEHYDE PRODUCTS <br> LIABILITY LITIGATION | * <br> * <br> * <br> * | MDL NO. 1873 <br><br> SECTION: N |
| This document relates to: <br>   *Gwendolyn White v. R-Vision, Inc.* <br>    No. 09-4734 <br>    Plaintiffs: <br>       Dawn Esposito obo Elizabeth Esposito <br>       Debra Bradley <br>       Dawn Esposito obo Cameron Esposito <br>       Dorothy Thompson <br>       Clauzell Bradley <br>       Cornell Bradley <br>        Charlotte Spencer | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**LIBERTY MUTUAL'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FAILURE TO COMPLY WITH
PRE-TRIAL ORDER NOS. 2 AND 32 (REC. DOC. 23568)**

**NOW INTO COURT**, through undersigned counsel comes defendant, Liberty Mutual Insurance Company ("Liberty Mutual"), with this Reply in support of Liberty Mutual's Motion to Dismiss (Rec. Doc. 23568) and in response to Plaintiff's Opposition (Rec. Doc. 23791). Liberty Mutual is entitled to an Order dismissing the claims of the following plaintiffs:

1. Dawn Esposito obo Elizabeth Esposito
2. Debra Bradley
3. Dawn Esposito obo Cameron Esposito
4. Dorothy Thompson
5. Clauzell Bradley
6. Cornell Bradley
7. Charlotte Spencer

2

(collectively, the "*White* Plaintiffs") with prejudice, for failure to comply with the terms of the Court's Pre-Trial Order Nos. 2 and 32 relating to the provision of Plaintiff Fact Sheets.

## LAW AND ARGUMENT

Counsel for Plaintiffs has filed an Opposition detailing attempts to obtain completed PFS information from each of the *White* Plaintiffs. However, despite the diligent efforts of Plaintiffs' counsel, the *White* Plaintiffs still have not provided completed, signed PFSs in a timely manner as required by the Court's pretrial orders. Accordingly, the *White* Plaintiffs' claims are due to be dismissed with prejudice.

In opposition to Liberty Mutual's Motion, Plaintiffs attached affidavits of Nicole Porter, an employee of Watts Hilliard, stating that counsel has been unable to reach Dawn Esposito obo Elizabeth Esposito, Dawn Esposito obo Cameron Esposito, or Charlotte Spencer to obtain deficiency answers. (See Rec. Doc. 23791, Ex. A, C, and G.) Plaintiffs further have attached Plaintiff Fact Sheet Deficiency Answers for Debra Bradley, Dorothy Thompson, Clauzell Bradley and Cornell Bradley. (See Rec. Doc. 23791, Ex. B, D, E and F.) However, there still has not been substantial compliance for these plaintiffs.

1. <u>Dawn Esposito obo Elizabeth Esposito, Dawn Esposito obo Cameron Esposito, and Charlotte Spencer.</u>

Ms. Porter's affidavits for plaintiffs Dawn Esposito obo Elizabeth Esposito, Dawn Esposito obo Cameron Esposito, and Charlotte Spencer[1] evidence a serious failure to comply with the Court's pretrial orders. For example, the affidavits reflect that Plaintiffs' counsel called each of these plaintiffs twice a day since November 10, in an attempt to obtain answers to the deficiency questions but received no response.

---

[1] See Rec. Doc. 23791, Ex. A, C, and G.

Moreover, there has not been substantial compliance. As pointed out in Liberty Mutual's original Motion, each of these plaintiffs' fact sheets are missing information sufficient to connect these plaintiffs to R-Vision.

(a) <u>Dawn Esposito obo Elizabeth Esposito and Dawn Esposito obo Cameron Esposito.</u> The PFSs for these plaintiffs identified 3 trailer manufacturers: Gulfstream, Coachmen, and R-Vision and included a VIN for each trailer. However, the PFS only provided move-in and move-out dates, installation address, and other information for "Cavalier" trailers. The PFSs do not provide a trailer bar code [V.A.4], or smoking history of all residents. These deficiencies have not been corrected.

(b) <u>Charlotte Spencer</u>'s PFS identifies two trailer manufacturers, R-Vision and Fleetwood, and a VIN for each trailer. The PFS only provides move-in and move-out information for a Fleetwood trailer. And the affidavit submitted for plaintiff Charlotte Spencer suggests that she may have participated in the Fleetwood settlement suggesting this was not simply a typographical error:

> 5. Plaintiff's counsel has sent Plaintiff numerous written correspondence to attempt to answer outstanding questions regarding the Plaintiff's claim to include:
>
> ***
>
> 01/29/2010 - FEMA Fleetwood Settlement Info Letter
> 09/30/2010 - FEMA Fleetwood Not Need Plaintiff Fact Sheet Ltr

(See Rec. Doc. 23791-7, Ex. G, ¶5.)

In addition, as explained in Liberty Mutual's original Motion, the responses to several items on the PFSs and deficiency answers for Dawn Esposito obo Elizabeth Esposito, Dawn Esposito obo Cameron Esposito, and Charlotte Spencer simply consisted of boilerplate responses asserting a lack of knowledge.

2. <u>Debra Bradley, Clauzell Bradley and Cornell Bradley</u>.

As pointed out in Liberty Mutual's original Motion to Dismiss, Debra Bradley, Clauzell Bradley and Cornell Bradley's PFSs each identified two trailer manufacturers: Organic (R-Vision) and Gulfstream, and provided a VIN number for both. The original PFSs, however, only provided move-in and move-out dates, installation address and other information for the Gulfstream trailer.

Debra Bradley, Clauzell Bradley and Cornell Bradley have provided Plaintiff Fact Sheet Deficiency Answers by email on December 2, 2011 and as Exhibits B, E and F to Plaintiffs' Opposition (Rec. Doc. 23791), but the Deficiency Answers do not provide the necessary information. The Deficiency Answers still fail to provide a Move-in date [V.A.6], move-out date [V.A.7], installation address [V.A.8], number of hours spent in the trailer each day [V.13], names of other trailer residents [V.E] or smoking history [VI.D] for the <u>R-Vision trailer.</u> In addition, it should be noted that Debra Bradley, Clauzell Bradley and Cornell Bradley's Plaintiff Fact Sheet Deficiency Answers indicate that they are for a case styled *Lester Davis, et al. v. <u>Gulf Stream Coach, Inc.</u>*, 2009-4717.

3. <u>Dorothy Thompson</u>.

Plaintiff Dorothy Thompson's original PFS also identified two trailer manufacturers: Gulfstream and R-Vision, and provided a VIN number for both. The original PFSs, however, only provided move-in and move-out dates, installation address and other information for the Gulfstream trailer.

Dorothy Thompson has provided Plaintiff Fact Sheet Deficiency Answers by email on December 2, 2011 and as Exhibit D to Plaintiffs' Opposition (Rec. Doc. 23791), but the Deficiency Answers do not provide the necessary information. The Deficiency Answers still fail

to provide a move-in date [V.A.6], move-out date [V.A.7], installation address [V.A.8], number of hours spent in the trailer each day [V.13], names of other trailer residents [V.E] or smoking history [VI.D] for the R-Vision trailer are still unknown.

The foregoing facts are clear evidence of delay or contumacious conduct, and these deficiencies have not been corrected. Dismissal with prejudice is appropriate sanction to serve the interests of justice.

## CONCLUSION

For the reasons set forth above and in Liberty Mutual's Motion to Dismiss, the *White* Plaintiffs named herein have not submitted a completed, signed PFS as directed by PTO Nos. 2 and 32. Liberty Mutual's Motion to Dismiss should be granted, dismissing the claims of the aforementioned plaintiffs, with prejudice.

    Respectfully submitted,

    __/s/ Kristopher M. Redmann__
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

  I hereby certify that on December 12, 2011 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

                   s/Kristopher M. Redmann

                  Kristopher M. Redmann, La. Bar No. 18397