UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * CIVIL ACTION NO. 1873 <br> * <br> * <br> * <br> * <br> * JUDGE ENGELHARDT <br> * |
| This Document Relates To: | * <br> * |
| *Terry Lynn Gervais, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 10-3743) | * MAGISTRATE CHASEZ <br> * <br> * |

**********************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court for summary dismissal of the claims filed by plaintiff Terry Lynn Gervais because she did not live in a temporary housing unit (THU) procured by Morgan. Accordingly, Ms. Gervais cannot state a claim against Morgan. Morgan's motion for summary judgment should be granted, and Ms. Gervais' claims against Morgan should be dismissed with prejudice at her costs.

I.   **Background**

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[2] Thereafter, numerous new suits were filed in or

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] R. Doc. Nos. 599 and 604.

395175.2

transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[3]

On October 15, 2010, plaintiffs filed the matter styled *Terry Lynn Gervais, et al. v. Morgan Buildings and Spas, Inc., et al.* in the Eastern District of Louisiana, Civil Action No. 10-3743. In the original complaint, the plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Louisiana, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005. The plaintiffs also alleged that the Morgan defendants manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* E. Dist. La. Civil Action No. 10-3743, R. Doc. 1. Specifically, the plaintiffs assert a cause of action against Morgan pursuant to the Louisiana Product Liability Act, La. R.S. 9:2800.51, *et seq. See id.*, Count 2.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[4]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[5]

---

[3] R. Doc. No. 1781.
[4] *See* R. Doc. No. 87.
[5] *See id.*, p. 7.

395175.2

2

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[6] Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets. Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[7] The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[8] Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[9] To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number. After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants. Pre-Trial Order No. 68 introduced a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[10]

---

[6] *See id.*, p. 8.
[7] *See* R. Doc. No. 1180.
[8] R. Doc. No. 1596.
[9] R. Doc. No. 10228.
[10] R. Doc. No. 14200.

395175.2

3

Ms. Gervais submitted a Plaintiff Fact Sheet dated December 23, 2009, and a supplemental response dated July 11, 2011.[11] Her responses to questions identifying her THU prove that summary judgment should be granted in favor of Morgan.

## II.  Summary Judgment Standard

The Federal Rules of Civil Procedure provide that the Court shall grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the record the mover believes demonstrates the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256; *Lopez v. Crowmark, Inc.*, 2000 WL 1010257, * 1 (E.D. La. July 19, 2000). If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Matsushita Elec. Indust. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Instead, the moving party must come forward with "specific facts showing that there is a *genuine issue for trial*." *Matsushita*, 475 U.S. at 587 (emphasis in original); *e.g. Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). To meet this burden, the non-moving party must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its]

---

[11] *See* Exhibit A – Terry Lynn Gervais' December 2009 Plaintiff Fact Sheet; Exhibit B – Terry Lynn Gervais' July 2011 Plaintiff Fact Sheet.

395175.2

4

claims[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993); *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, 2000 WL 1145748, 6 (E.D. La. 8/14/00).

In order to determine whether or not summary judgment should be granted, an examination of substantive law is essential. *Landreneau v. Fleet Financial Corp.*, 197 F.Supp.2d 551 (M.D. La. 2002). Therefore, the court must examine a motion for summary judgment on its merits and grant the motion "if appropriate." Fed. R. Civ. P. 56(a).

The Louisiana Product Liability Act (LPLA) provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." La. R.S. 9:2800.54A. An essential element of any product liability claim is that liability is imposed only upon the manufacturer of the item in question. *Jack v. Alberto–Culver USA, Inc.*, 06–1883 (La. Feb. 22, 2007), 949 So.2d 1256, 1258; *LeBlanc v. Wyeth, Inc.*, 495 F.Supp.2d 609 (W.D. La. 2007); La. R.S. 9:2800.53(1)(a), (b). While the plaintiffs allege that Morgan manufactured and supplied their THUs, Morgan did not, in fact, construct any THUs for Hurricanes Katrina or Rita.[12] Morgan did, however, supply units manufactured by Fleetwood, Monaco, and Recreation By Design to FEMA.[13] Putting to the side issues pertaining to "labeling and manufacturer" status, Morgan did not supply the THU resided in by Ms. Gervais.

---

[12] Exhibit D - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 19:9-20:21; Exhibit E – James Schilligo's December 2011 affidavit.
[13] Exhibit C – August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13; Exhibit D, at 19:9-20:21 and 24:12-23; Exhibit E.

395175.2

5

### III. Summary Judgment Should Be Granted Because the Evidence Establishes That Morgan Did Not Procure Ms. Gervais' THU

In her original Plaintiff Fact Sheet, Ms. Gervais identified her THU, as follows:

Manufacturer: Morgan Building & Spas, Inc.

VIN: TXFL412A862808A33

FEMA Id. No.: 940804079

Bar Code No.: 551656[14]

Ms. Gervais further stated that the THU provided by FEMA was a mobile home and its approximate length and width was "14 x 80."[15] Ms. Gervais submitted a supplemental Plaintiff Fact Sheet in July 2011, providing the same identifying information about her trailer as presented in her original Plaintiff Fact Sheet.[16]

The discovery produced by Morgan is clear. Morgan did not construct THUs.[17] Morgan procured THUs directly from limited, specific manufacturers and did not act as a general procuring agent for FEMA. James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition. Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of THUs were Fleetwood, Recreation by Design, and Monaco.[18] Mr. Schilligo again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.[19]

---

[14] Exhibit A, p. 8.
[15] *Id.*, at p. 9.
[16] Exhibit B, pp. 8-9.
[17] Exhibit D – October 22, 2009 Morgan Buildings & Spas deposition excerpts, 24:12-23.
[18] Exhibit C – August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13; *See also* Exhibit E – July 14, 2011 letter from A. Stout to R. Burns at James Schilligo affidavit (July 2011).
[19] Exhibit D –19:9-20:2.

395175.2

6

Though Morgan procured THUs from Fleetwood, Morgan did not procure the mobile home identified in Ms. Gervais' original and supplemental Plaintiff Fact Sheets. Morgan did not procure a mobile home bearing VIN number TXFL412A862808A33 nor did Morgan procure mobile homes from Fleetwood measuring 14 feet by 80 feet.[20] The mobile homes procured from Fleetwood measured 14 feet by 60 feet.[21]

## IV. Conclusion

Ms. Gervais' claims against Morgan fail, because she cannot produce evidence of the fundamental element of any product liability claim: that the defendant manufactured or sold the product in question. There is no evidence that Morgan procured the Fleetwood trailer in which Ms. Gervais resided. Therefore, Ms. Gervais' claims against Morgan should be dismissed, with prejudice.

The only evidence linking Morgan to this case is Ms. Gervais' unsupported statement on her Plaintiff Fact Sheet that Morgan was the manufacturer of her THU. However, the other information she provided in her Plaintiff Fact Sheet does not support this claim. The VIN number provided does not match the VIN numbers of the mobile homes Morgan procured and the stated length and width of the mobile home is larger than the mobile homes Morgan procured from Fleetwood. Weighing all of the evidence, there is no genuine issue as to any material fact and Morgan is entitled to a judgment as a matter of law.

Morgan's counsel wrote to Ms. Gervais' counsel on July 14, 2011, advising that Morgan did not procure Ms. Gervais' mobile home and demanding that the claims against Morgan be dismissed.[22] Morgan has not received any response to this letter. Accordingly, summary

---

[20] Exhibit E, at James Schilligo's affidavit.
[21] *Id.*
[22] Exhibit E.

judgment should be granted dismissing Ms. Gervais' claims against Morgan with prejudice, at her costs.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

Attorneys for Morgan Buildings & Spas, Inc., Morgan Manufacturing Corporation, and Morgan Building Systems, Inc.

## Certificate of Service

I certify that, on December 14, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

395175.2