UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | |
| | ) | |
| ——————————————— | ) | SECTION: N(4) |
| | ) | |
| | ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) | MAG: ROBY |
| Plaintiff: _TERRy LynnGERVAiS_ | ) | |
| | ) | |
| ——————————————— | ) | |

## PLAINTIFF FACT SHEET

## I.  INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. A **separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.** Whether you are completing this fact sheet for yourself or for someone else; please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1



## II.     PERSONAL INFORMATION

A.     Name (person completing form): *TERRY GERVAIS*

B.     Maiden or other names used or by which you have been known: _____

C.     Current Street Address: *944 FREMAUX AVE SLIDELL, La. 70458*

D.     Home Telephone No.: _____
Cell Phone No.: *504-722-0118*
Work Telephone No: _____
Other Telephone Nos.: _____

E.     Email address: _____

*Mailing Addy: ~~5506~~ PO BOX 5546 Slidell La 70469*

## III.    CASE INFORMATION

A.     If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.     State which individual or estate you are representing:

_____

2.     Maiden Or Other Names Used or By Which Such Person Has Been Known:

_____

3      Address (or last-known address if deceased): _____

_____

4.     Home Telephone No.: _____
Cell Phone No.: _____
Work Telephone No: _____
Other Telephone Nos.: _____

5.     E-mail address: _____

6.     If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

7.   What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.   If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.   Please state the name and address of the attorney representing you:

| | Law Offices of |
|---|---|
| Attorney's Name/Law Firm | **SIDNEY D. TORRES, III**<br>*A Professional Law Corporation* |
| City, State and Zip Code | 8301 W. Judge Perez Drive, Suite 303<br>Chalmette, Louisiana 70043 |

C.   Please state the following: (If you are a representative, please state this information for each such person being represented):

1.   Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
Yes ☑      No ☐

2.   What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *Breathing Problems - Shortness of Breath*

3.   <u>During the time that you lived</u> in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

☐ irritation to eyes                              ☐ tingling or swelling of lips or face area
☐ burning of eyes                              ☐ headaches
☐ tearing of eyes                              ☐ nausea
☐ irritation to nasal membranes (inside of nose)   ☐ vomiting
☐ burning of nasal membranes (inside of nose)     ☐ bloody vomiting
☐ bleeding of nasal membranes (inside of nose)    ☐ abdominal pain
☐ irritation or itching of skin                  ☐ diarrhea
☐ burning of skin                              ☑ difficulty in breathing
☐ rashes on skin                              ☐ wheezing
☐ drying or scaling of skin                      ☑ shortness of breath
☐ scaling or itching of eyelids                  ☐ persistent cough
☐ irritation or swelling of eyelids or eye area      ☑ tightness of the chest

3

☐ bronchitis
☑ throat irritation
☑ hoarseness
☐ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☑ asthma attacks for the first time in your life
☑ asthma attacks that are recurrence of childhood asthma
☑ allergies for the first time in your life
☑ worsening of allergies that you had previous to living in FEMA trailer

☐ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _____

_____

_____

_____

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☑   No ☐

If yes, which kind of cancer?

_____ Breast Cancer _____

5.   When do you claim this injury or disease first occurred? _10/2005_

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☑        No ☐

If "Yes," when and who diagnosed the condition at that time?
_Breast Cancer, March 2005_

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☑        No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. *High Blood pressure – Shortness of breath*

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☑   No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:

*Dr. Field*
*Causeway Blvd.*
*Metairie, La 7000*

To your understanding, describe the condition for which treated:

*Heart & Depression*

State when you were treated for this psychological, psychiatric or emotional problem

*2007*

List the medications prescribed or recommended by the physician or counselor

*CymBALTA (depression)*

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☑   No ☐

*If "Yes,"* state the amount of your claim: *To be determined*

5

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 944 Fremaux Slidell La 70458 | June 09 - To present |
| 59029 MyRtle Lane Slidell La 70469 | June 08 |
| #98 -100 Concord Loop Pearl River (Fema Trailer) La 70452 | Oct 05 |

*Fema Trailer Site*

B.   State Driver's License Number and State Issuing License:
#0044 04324 La

C.   Date and Place of Birth: [ ] -60 New ORLeANS

D.   Sex:  Male [ ]    Female [✓]

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| ANDrew Jackson | 75 - 79 | General | Diploma |
| Nicholls St Univ | 80 - 81 | computer science/Business | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Brice Buildy | New Orleans La | 03 - 04 | Elevator operator |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Operators Union Local 406 | Almef Hwy New Orleans | 2003 - 1998 | Oilers |

6

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3.    Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐        No ☒———

*If "Yes,"* state the following:

a.    If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b.    Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G.    Previous Claims Information

1.    Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐            No ☐    Don't recall ☒———

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____

_____

_____

7

## IV.    FAMILY INFORMATION

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐        No ☐        Don't Know ☑

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐        No ☑

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.    FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: Morgan Buildig & Spas, Inc.

2.    VIN: TXFL 412A 862 808 A 33

3.    FEMA Identification No.: 940 804 079

4.    Bar Code Number on FEMA housing unit: 551 656

8

5. Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home? Travel Trailer ☐   Mobile Home ☒

6. Move-in Date: _10 25 - 05_

7. Move-out Date: _6 - 08_

8. Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
_100 Concord Loop #98 Pearl River la 70452_
mail ➔ _P O Box 1467_

9. Was the FEMA trailer or mobile home located in a trailer park or on private property? _TRAILER PARK_

10. State the reason you stopped living in the FEMA trailer or mobile home:
_Fema Said TRAILER Had_
_7_

11. Please state the approximate square footage of the FEMA housing unit: _1120_

12. Please state the approximate length and width of the FEMA housing unit: _14 X 80_

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? _15 hrs_

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒   No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒   No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒   No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐   No ☒

18. Is/was propane gas used in the FEMA housing unit?
Yes ☒   No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? *disabled - home most of time*

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☑    No ☐

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐    No ☐

*If "Yes,"* please state when the test was performed and who prepared this testing: *Fema but dont remember dates*

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐    No ☑

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile ho
Yes ☐    No ☑

*If "Yes,"* please state the date and reason for repair, service or maintenance:
_____

_____

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| N/A | | | From _____  To _____ | Yes ☐  No ☐  Don't Know ☐ | |
| | | | From _____  To _____ | Yes ☑  No ☐  Don't Know ☑ | |
| | | | From _____  To _____ | Yes ☐  No ☐  Don't Know ☐ | |
| | | | From _____  To _____ | Yes ☐  No ☐  Don't Know ☑ | |
| | | | From _____  To _____ | Yes ☑  No ☐  Don't Know ☑ | |
| | | | From _____  To _____ | Yes ☐  No ☐  Don't Know ☑ | |

## VI.    MEDICAL BACKGROUND

A.   Height: *5'5*

B.   Current Weight: *290*

Weight prior to living in a FEMA trailer or mobile home: *245*

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☑    Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐    Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1.   Date on which smoking/tobacco use ended: _____

2.   Amount smoked or used on average:
    _____ per day for _____ years.

☐   Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1.   Amount currently smoked or used on average:
    _____ per day for _____ years.

D.   Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1.   Amount smoked or used on average, if you know:
    _____ per day for _____ years.

2.   Relationship to you: _____

3.   Please state whether the smoking occurred inside, outside or both. NO ONE SMOKED

E.   Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
    Yes ☒      No ☐

If "Yes," what was the date of birth: _____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
    Yes ☐      No ☐

F.   Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1.   Lung or other respiratory disease
    Yes ☐      No ☒

If "Yes," please indicate the following:

Name and description of each illness, disease, or abnormal condition:

_____
_____

The date of illness:

_____
_____

2.   Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease
      Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

4.    Skin disease
      Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

      Yes ☒          No ☐          Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  | Sm H |  |
| MRI | Several | DR Itold | MD-Imaging | Back/spine/cancer |
| CT | Several | Lallie Kemp | St Hosp | Cancer |
| X-Ray | Several | " | " | mammograms |

13

| | | | | |
|---|---|---|---|---|
| | | | | |

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: _Various Cancer Drs (Lallie Kemp St Hospital)_
Specialty, if any: _Chemotherapy_
Address: _Tickfaw, La_
Phone: _I Dont Know_
Treatment received: _Chemotherapy_
Dates of treatment: _Oct 05_

Doctor's Name: _Dr. I+cLD_
Specialty, if any: _Heart - Circulation_
Address: _Gause Blvd_
Phone: _985 - 640 - 2700._
Treatment received: _High Blood Pressure - Poor circulation_
Dates of treatment: _06 - Present              Shortness of Breath_

Doctor's Name: _Dr Serrant_
Specialty, if any: _General_
Address: _Gause Blvd_
Phone: _985 - 646 - 4464_
Treatment received: _Back pain / Shortness of Breath_
Dates of treatment: _09 - Present_

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

_Dr. Field_

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐          No ☑

*If "Yes,"* please provide the name and address of the health care professional.

_____

_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a **copy** of the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐        No ☑

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☑        No ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☑

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☑

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☑

F.   Decedent's death certificate, if applicable.
Yes ☐        No ☑

G.   Report of autopsy of decedent, if applicable.
Yes ☐        No ☑

## IX.    LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.    Identify your current family and/or primary care physician:

| Name Dr Pedro Serrant | Address Gause Blvd |
|---|---|
| | 985 - 646 - 4464 |
| | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Dr Itel D | Gause Blvd 985 648 - 2700 | 06 - Present |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Lallve King | Ticktawta | Oct 05 | Cancer - Breast |
| Charity Hosp | 1540 Tulane | March 05 | Cancer - Breast |
| SMH-DR Ield | Gause Blvd | 06 - 09 | Scans - x rays |
| MD Imaging | Gause Blvd | 08 - 09 | Dye Scans - x rays |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Same | as | above | |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Same | as | above |
| | | |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.      Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| walmart | Slidell La |
| Walgreens | gause & Front |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

| _Signature of Plaintiff_ | _Terry Gervais_<br>Print Your Name | _12-23-09_<br>Date |
|---|---|---|

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |

**AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)**

Name: _TERRy GeRVAiS_

Date of Birth: _____ — 6 0

Last Four Numbers of SSN: _____ -4103

    I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of** _____ _____**and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _TeRRy GeRVAiS_

Date of Birth:___          — 6 0

Last Four Numbers of SSN.           -4/03

     I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

     This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)**

Name: _Terry Gervais_

Date of Birth:_____ -62

Last Four Numbers of SSN: -4403

     I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of** _____ _____**and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

     I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

     Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

| | |
|---|---|
| | MDL No. 1873 |

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _TERRY GERVAIS_

Date of Birth: _-60_

Last Four Numbers of SSN: _-4103_

     I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

     Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

     Dated this __ day of _____, 2008.

                          _____
                          [PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| TERRY Gervais | - 60 | -4103 |

Address: 1944 Fremaux Ave          Telephone No.: 504-722-0118
City: Slidell     State: La     Zip Code: 70452

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. . _____
Title. . _____
Address. _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access | Abstract/pertinent | Lab | Progress Notes |
|---|---|---|---|
| | Emergency Room | Imaging/Radiology | Physician's Orders |
| Requested: | H&P | Cardiac Studies | Entire Record |
| | Consult Report | Face Sheet | Other_____ |
| | Operative Report | Nursing Notes | |
| ☐ Copies of the records & Inspection of the record | Rehab Services | Medication Record | |

*JG* — I acknowledge, and hereby consent to such, that the released information may contain
*Initials* alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations. 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

_____          _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Terry Gervais_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Terry Gervais_ (print legibly or type out name)

Signature: _[signature]_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | SECTION: N(4) |
| | ) | |
| | ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) | MAG: ROBY |
| Plaintiff: TERRY LYNN GERVAIS | ) | |
| | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

## PLAINTIFF FACT SHEET

## I.    INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY
IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND
RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN
THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS
FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related
injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes
Katrina and Rita in August and September, 2005.  A separate **Plaintiff Fact Sheet** must be
completed for each individual claiming exposure to formaldehyde.  For example, a parent
must complete a separate form for each minor child and a personal representative must
complete a separate form for each deceased person.  Whether you are completing this fact
sheet for yourself or for someone else; please assume that "You" means the person who resided
in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the
person completing this Fact Sheet does not know or does not recall the information requested in
any question, that response should be entered in the appropriate location.

1

EXHIBIT

B

## II. PERSONAL INFORMATION

A. Name (person completing form): _TERRY GERVAIS_

B. Maiden or other names used or by which you have been known: _N/A_

C. Current Street Address: _944 FREMAUX AVC_
_SLIDELL, La. 70458_

D. Home Telephone No.: _____
Cell Phone No.: _504-722-0118_
Work Telephone No: _____
Other Telephone Nos.: _N/A_

E. Email address: _____

_Mailing Addy : ~~5546~~ PO Box 5546_
_Slidell La 70469_

## III. CASE INFORMATION

A. If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

   1. State which individual or estate you are representing:
   _____

   2. Maiden Or Other Names Used or By Which Such Person Has Been Known:
   _____

   3 Address (or last-known address if deceased):
   _____

   4. Home Telephone No.: _____
   Cell Phone No.: _____
   Work Telephone No: _____
   Other Telephone Nos.: _____

   5. E-mail address: _____

   6. If you were appointed as a representative by a court, state the:

2

Court: _____          Date of Appointment: _____

7.   What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.   If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.   Please state the name and address of the attorney representing you:

| | |
|---|---|
| Attorney's Name/Law Firm | **Law Offices of** **SIDNEY D. TORRES, III** *A Professional Law Corporation* |
| City, State and Zip Code | 8301 W. Judge Perez Drive, Suite 303 Chalmette, Louisiana 70043 |

C.   Please state the following: (If you are a representative, please state this information for each such person being represented):

1.   Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
Yes ☑          No ☐

2.   What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *Breathing Problems - Shotness of Breag*

3.   During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

☐ irritation to eyes
☐ burning of eyes
☐ tearing of eyes
☐ irritation to nasal membranes (inside of nose)
☐ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☐ irritation or itching of skin
☐ burning of skin
☐ rashes on skin
☐ drying or scaling of skin
☐ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☐ headaches
☐ nausea
☐ vomiting
☐ bloody vomiting
☐ abdominal pain
☐ diarrhea
☑ difficulty in breathing
☐ wheezing
☑ shortness of breath
☐ persistent cough
☑ tightness of the chest

3

☐ bronchitis
☒ throat irritation
☒ hoarseness
☐ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☒ asthma attacks for the first time in your life
☒ asthma attacks that are recurrence of childhood asthma
☒ allergies for the first time in your life
☒ worsening of allergies that you had previous to living in FEMA trailer

☒ allergic contact dermatitis
☒ dizziness
☒ unconsciousness
☐ convulsions or seizures
☒ blood in urine
☒ abnormal liver enzymes
☒ nephritis (inflammation of kidneys)
☒ low blood pressure
☒ hypothermia (low body temperature)
☒ miscarriage or stillbirth
☒ abnormal laboratory tests on blood
☒ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician.

N/A

4. Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?  Yes ☒  No ☐

If yes, which kind of cancer?

_Breast Cancer_

5. When do you claim this injury or disease first occurred? _10/2005_

6. Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☒     No ☐

If "Yes," when and who diagnosed the condition at that time?

_Breast Cancer, March 2005_

7. Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☒       No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _High Blood pressure – Shortnes of breath_

8.   **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☑     No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
_Dr FTELD_
_Causeway Blvd._
_Metairie Ja 7000_

To your understanding, describe the condition for which treated:
_Heart + Depression_

State when you were treated for this psychological, psychiatric or emotional problem
_2007_

List the medications prescribed or recommended by the physician or counselor
_CymBALtA (depression)_

9.   Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☑     No ☐

*If "Yes,"* state the amount of your claim: _To be determined_

5

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 944 Tremaux Slidell la 70458 | June 09 - To present |
| 59029 Myrtle Lno Slidell La 70489 | June 08 |
| #98 - 100 Concord Loop Pearl River (Fema Trailer) La 70452 | Oct 05 |

*Fema Trailer site* ←

B.   State Driver's License Number and State Issuing License: _____
     #0044 04324 la

C.   Date and Place of Birth: [    -60]  New ORLEANS

D.   Sex:  Male ☐      Female ☑

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Andrew Jackson | 76 - 79 | General | Diploma |
| Nicholls St Univ | 80 - 81 | computer Science / Business | |

F.   Employment Information

   1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Brice Bulby | New Orleans La | 03 - 04 | Elevator operator |

   2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Operators Union Local 406 | Mohet Hwy New Orleans | 2003 - 1998 | Oilers |

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3.   Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* state the following:

a.    If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

b.    Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

G.    Previous Claims Information

1.    Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐        No ☐    Don't recall ☒

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _____

_____

7

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐       No ☐       Don't Know ☒

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐       No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: Morgan Buildings Spas, Inc

2.   VIN: TXFL 412A862808A 33

3.   FEMA Identification No.: 940 804 079

4.   Bar Code Number on FEMA housing unit: 551 656

8

5.   Was the temporary housing unit provided to you by FEMA a travel trailer
     or a mobile home?  Travel Trailer ☐   Mobile Home ☑

6.   Move-in Date: _10-25-05_

7.   Move-out Date: _6 - 08_

8.   Please state the mailing address and physical location for the FEMA trailer
     or mobile home unit.  _100 Concord Loop #98 Pearl River La 70452_
     mail → _P O Box 1467_

9.   Was the FEMA trailer or mobile home located in a trailer park or on
     private property?  _TRAILER PARK_

10.  State the reason you stopped living in the FEMA trailer or mobile home:
     _Fema Said TRAiLER Had_
     _?_

11.  Please state the approximate square footage of the FEMA housing
     unit: _1120_

12.  Please state the approximate length and width of the FEMA housing
     unit: _14 x 80_

13.  What is/was the average number of hours spent in the FEMA trailer or
     mobile home each day? _15 hrs_

14.  Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the
     ground)?
     Yes ☑      No ☐

15.  Is/was the FEMA housing unit hooked up to a sewer line?
     Yes ☑      No ☐

16.  Is/was the FEMA housing unit hooked up to an electrical line?
     Yes ☑      No ☐

17.  Is/was the FEMA housing unit hooked up to natural gas line?
     Yes ☐      No ☑

18.  Is/was propane gas used in the FEMA housing unit?
     Yes ☑      No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? *disabled - home most of time*

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☑      No ☐

If "Yes," please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐      No ☐

If "Yes," please state when the test was performed and who prepared this testing: *Fema but dont remember dates*

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐      No ☑

If "Yes," please state the following:

Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile ho
Yes ☐      No ☑

If "Yes," please state the date and reason for repair, service or maintenance:
_____

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|------|-------------|--------------------------------------|------------------------------------------------|-------------------------------|-----------------------------------------------------|
| *N/A* | | | From _____ <br> To _____ | Yes ☑ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |

## VI.  MEDICAL BACKGROUND

A.  Height: *5'5*

B.  Current Weight: *290*

   Weight prior to living in a FEMA trailer or mobile home: *245*

C.  Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

   ☑  Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

   ☐  Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

    1.     Date on which smoking/tobacco use ended: _____

    2.     Amount smoked or used on average:
          _____ per day for _____ years.

☐     Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

    1.     Amount currently smoked or used on average:
          _____ per day for _____ years.

D.    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

    1.     Amount smoked or used on average, if you know:
          _____ per day for _____ years.

    2.     Relationship to you: _____

    3.     Please state whether the smoking occurred inside, outside or both. NO ONE SMOKED

E.    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☒     No ☐

*If "Yes,"* what was the date of birth: _____

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐     No ☐

F.    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1.     Lung or other respiratory disease
          Yes ☐     No ☒

          *If "Yes,"* please indicate the following:

          Name and description of each illness, disease, or abnormal condition:

          _____
          _____

          The date of illness:

          _____
          _____

    2.     Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☐        No ☒

*If "Yes," please indicate the following.*

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.   Long-term stomach or bowel disease
     Yes ☐        No ☒

*If "Yes," please indicate the following.*

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

4.   Skin disease
     Yes ☐        No ☒

*If "Yes," please indicate the following.*

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

G.   Please indicate to the best of your knowledge whether you have ever received any
     of the following treatments or diagnostic procedures:

1.   To your knowledge, have you ever had any of the following tests
     performed: chest X-ray, CT scan, MRI.

     Yes ☒        No ☐        Don't Recall ☐

*If "Yes," answer the following:*

| Diagnostic Test | When | Treating Physician | Hospital Smith | Reason |
|---|---|---|---|---|
| MRI | Several | DR Ifield | MD Imaging | Back/spine/cancer |
| CT | Several | Lollie Kemp St Hosp | | Cancer |
| X-Ray | Several | " | " | Mammograms |

13

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: _Various Cancer Drs (Lallie Kemp St Hospital)_
Specialty, if any: _Chemotherapy_
Address: _TICKFAW La_
Phone: _I Dont Know_
Treatment received: _Chemotherapy_
Dates of treatment: _Oct 05_

Doctor's Name: _Dr. I+C L D_
Specialty, if any: _HeARt - Circulation_
Address: _Gause Blvd_
Phone: _985 - 649 - 2700_
Treatment received: _High Blood Pressure - Poor circulation_
Dates of treatment: _06 - Present       Shortness of Breath_

Doctor's Name: _Dr Serrant_
Specialty, if any: _General_
Address: _Gause Blvd_
Phone: _985 - 646 - 4469_
Treatment received: _Back pain / Shatnes of Breath_
Dates of treatment: _09 - Present_

C.   "" you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

_Dr. Field_

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐   No ☑

If "Yes," please provide the name and address of the health care professional.

_____

_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking "Yes" or "No." Where you have indicated "Yes," please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐        No ☑

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☑        No ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☑

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☑

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☑

F.   Decedent's death certificate, if applicable.
Yes ☐        No ☑

G.   Report of autopsy of decedent, if applicable.
Yes ☐        No ☑

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name Dr Pedro Serrant | Address Gause Blvd |
|---|---|
| | 985 - 646 - 4464 |
| | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Dr Held | Gause Blvd | 06 - Present |
| | 985 648 - 2700 | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Lallie Kemp | Ticktawla | Oct 05 | Cancer - Breast |
| Charity Hosp | 1540 Tulane | March 05 | Cancer - Breast |
| SMH-DR Held | Gause Blvd | 06 - 09 | Scans - x rays |
| MD Imaging | Gause Blvd | 08 - 09 | Dye Scans - x rays |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Same as above | | | |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment during the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Same as above | | |
| | | |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.     Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| walmart | Slidell La |
| Walgreens | Gause & Front |
|  | PO Box 5546 Slidell |
|  | LA 70469 |
|  | 985 641 5557 |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_____         Terry Gervais          12-23-09
Signature of Plaintiff                    Print Your Name              Date

X _____   7-11-11

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _TERRy GERVAIS_

Date of Birth: _____ - 6 0_

Last Four Numbers of SSN: _____ -4103

    I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of _____
_____and/or their designated agents. These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE     | MDL No. 1873
PRODUCT LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _TERRY GERVAIS_

Date of Birth:_____ — 60

Last Four Numbers of SSN:_____ -4103

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002**, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)

Name: _Tuffy Gebhis_

Date of Birth: _____ -60

Last Four Numbers of SSN _____ -403

I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along
with other defense counsel in the above-captioned matter, the law firm of _____
_____**and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this __ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: **TERRY GERVAIS**

Date of Birth: _____ ·60

Last Four Numbers of SSN: _____ -4103

    I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _____
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

    Dated this ___ day of _____, 2008.

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations; 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Terry Gervais | -60 | -4103 |

Address: 1944 Fremaux Ave          Telephone No.: 504-722-0118
City: Slidell     State: La     Zip Code: 70452

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. _____
Title. _____
Address. _____
Purpose: To Protect My Legal Rights
For Treatment Date(s): All Available

| Type of Access | | |
|---|---|---|
| Requested: | ☐ Abstract/pertinent ☐ Emergency Room ☐ H&P ☐ Consult Report ☐ Operative Report ☐ Rehab Services | ☐ Lab ☐ Imaging/Radiology ☐ Cardiac Studies ☐ Face Sheet ☐ Nursing Notes ☐ Medication Record | ☐ Progress Notes ☐ Physician's Orders ☐ Entire Record ☐ Other_____ |
| ☐ Copies of the records & Inspection of the record | | |

I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed): _____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

_____     Date _____
Signature of Patient/Legal Representative
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Terry Gervais_ [insert name] understand that information maintained by the Federal Emergency Management Agency (FEMA) and contained in files related to disaster assistance provided to me by FEMA is subject to the Privacy Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney _____, Plaintiffs' Liaison Counsel Justin Woods and Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit provided to me by FEMA.

Dated: 

Name: _Terry Gervais_ (print legibly or type out name)

Signature _Terry Gervais_

Transcript of the Testimony of

# 30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

### Date taken: August 13, 2008

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation

**\*\*Note\*\*** All **electronic deposition/exhibit files** are available at **www.psrdocs.com** . Please call or e-mail reporters@psrdocs.com if you need an **Username** and **Password.**

# Professional Shorthand Reporters, Inc.

**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**

EXHIBIT

tabbies'

C

Page 1

1              UNITED STATES DISTRICT COURT

2              EASTERN DISTRICT OF LOUISIANA

3

4    IN RE:  FEMA TRAILER          MDL NO. 1873

5    FORMALDEHYDE PRODUCTS         SECTION "N"(4)

6    LIABILITY LITIGATION          JUDGE ENGELHARDT

7

8                       *   *   *

9

10        Videotaped Federal Rule 30(b)(6)

11   Deposition of MORGAN BUILDINGS & SPAS, INC.

12   and MORGAN BUILDING SYSTEMS, INC., through

13   their designated representative, JAMES

14   SCHILLIGO, 608 Wyatt Drive, St. Peters,

15   Missouri 63376, taken at the offices of

16   Lambert & Nelson, 701 Magazine Street, New

17   Orleans, Louisiana 70130, on Wednesday, the

18   13th day of August, 2008.

19

20   REPORTED BY:

21        JAMES T. BRADLE, CCR
          PROFESSIONAL SHORTHAND REPORTERS
22        (504)529-5255

23   VIDEOGRAPHER:

24        MICHAEL BERGERON
          PROFESSIONAL SHORTHAND REPORTERS
25        (504)529-5255

Page 2

```
 1    APPEARANCES:

 2         LAMBERT & NELSON
           (BY: HUGH P. LAMBERT, ESQUIRE)
 3         701 MAGAZINE STREET
           NEW ORLEANS, LOUISIANA 70130
 4
           LAW OFFICES OF FRANK D'AMICO, JR.
 5         (BY: AARON AHLQUIST, ESQUIRE -
             VIA TELEPHONE)
 6         622 BARONNE STREET
           NEW ORLEANS, LOUISIANA 70113
 7
                ATTORNEYS FOR THE PLAINTIFFS
 8
           DAIGLE, JAMISON & RAYBURN
 9         (BY: BRENDA L. MISTROT, ESQUIRE -
             VIA TELEPHONE)
10         303 WEST VERMILION STREET
           SUITE 210
11         LAFAYETTE, LOUISIANA   70502

12              ATTORNEYS FOR DEFENDANT,
                SILVER CREEK
13
           DUPLASS, ZWAIN, BOURGEOIS,
14           PFISTER & WEINSTOCK
           (BY: RYAN M. MALONE, ESQUIRE)
15         3838 NORTH CAUSEWAY BOULEVARD
           SUITE 2900
16         METAIRIE, LOUISIANA  70002

17              ATTORNEYS FOR DEFENDANT,
                GULF STREAM COACH, INC.
18
           U.S. DEPARTMENT OF JUSTICE
19         (BY: HENRY MILLER, ESQUIRE)
           CIVIL DIVISION
20         1331 PENN AVENUE, N.W.
           ROOM 8220-N WASHINGTON, D.C. 20004
21
                ATTORNEYS FOR DEFENDANT, UNITED
22              STATES OF AMERICA

23

24

25
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation          30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

Page 3

```
 1   APPEARANCES CONTINUED:

 2        GIEGER, LABORDE & LAPEROUSE
          (BY: JASON D. BONE, ESQUIRE -
 3          VIA TELEPHONE)
          701 POYDRAS STREET
 4        SUITE 4800
          NEW ORLEANS, LOUISIANA  70139
 5
              ATTORNEYS FOR DEFENDANT, FOREST
 6              RIVER

 7        LEAKE & ANDERSSON
          (BY: JERRY L. SAPORITO, ESQUIRE)
 8        1700 ENERGY CENTRE
          1100 POYDRAS STREET
 9        NEW ORLEANS, LOUISIANA  70163

10            ATTORNEYS FOR DEFENDANTS,
              FLEETWOOD ENTERPRISES, INC.,
11              ET AL

12        GARRISON, YOUNT, LORMAND, FORTE &
            MULCAHY, L.L.C.
13        (BY: RANDALL C. MULCAHY, ESQUIRE)
          909 POYDRAS STREET
14        SUITE 1800
          NEW ORLEANS, LOUISIANA  70112
15
              ATTORNEYS FOR DEFENDANTS,
16            RECREATION BY DESIGN, LLC, TL
              INDUSTRIES, INC., AND FRONTIER
17            RV, INC.

18        WILLINGHAM, FULTZ & COUGILL
          (BY: HAL L. ROACH, JR., ESQUIRE -
19          VIA TELEPHONE)
          NIELS ESPERSON BUILDING
20        808 TRAVIS, SUITE 1608
          HOUSTON, TEXAS  77002
21
              ATTORNEYS FOR DEFENDANT,
22            JAYCO AND STARCRAFT

23

24

25
```

Page 4

```
 1    APPEARANCES CONTINUED:

 2         HAILEY, McNAMARA, HALL, LARMANN
             & PAPALE, L.L.P.
 3         (BY: DAVID C. BACH, ESQ.)
           SUITE 1400, ONE GALLERIA BOULEVARD
 4         METAIRIE, LOUISIANA 70002

 5             ATTORNEYS FOR DEFENDANTS,
               AMERICAN HOMESTAR CORP. AND
 6             OAK CREEK HOMES

 7         FOWLER RODRIGUEZ VALDES-FAULI
           (BY: STEPHANIE D. SKINNER, ESQUIRE -
 8           VIA TELEPHONE)
           400 POYDRAS STREET, 30TH FLOOR
 9         NEW ORLEANS, LOUISIANA  70130

10             ATTORNEYS FOR DEFENDANTS,
               CMH MANUFACTURING, SOUTHERN
11             ENERGY HOMES, INC., PALM HARBOR
               MANUFACTURING, LP, PALM
12             HARBOR ALBERMARLE, AND GILES
               INDUSTRIES, INC.

13

14         McGLINCHEY STAFFORD, PLLC
           (BY: CHRISTINE LIPSEY, ESQUIRE
             AND DAN E. WEST, ESQUIRE)
15         FOURTEENTH FLOOR, ONE AMERICAN PLACE
           301 MAIN STREET
16         BATON ROUGE, LOUISIANA 70825

17                 (and)

18         MORGAN MANAGEMENT CORPORATION
           (BY: ALAN WINN, ESQUIRE)
19         CORPORATE COUNSEL
           2800 McCREE ROAD
20         GARLAND, TEXAS 75041

21             ATTORNEYS FOR MORGAN BUILDINGS &
               SPAS, INC.

22

23    ALSO PRESENT:

24         CANDICE SIRMON, ESQUIRE - PLAINTIFFS'
               STEERING COMMITTEE
25         RACHEAL MEZZIC - LAMBERT & NELSON
```

Page 5

1          EXAMINATION INDEX

2                                    Page

3  EXAMINATION BY MR. LAMBERT .........13
   EXAMINATION BY MR. MILLER ..........172
4  EXAMINATION BY MR. MULCAHY .........190

5              *    *    *

6          INDEX OF EXHIBITS

7                                    Page

8  Exhibit No. 1  .....................69

9  Morgan Purchase Order 131888, Terms of

10  Purchase, and Amendment No. 1 to Fleetwood

11  Enterprises, Inc. Master Sales Agreement

12  dated 9-6-05 (MORGAN-000061 through 000063)

13  Exhibit No. 2  .....................76

14  Document from Brad McKinney, Monaco Coach

15  Corp. to Morgan Building Systems dated

16  9-1-05, document entitled "32 SK Bunk House

17  Travel Trailer by Monaco Coach" and Holiday

18  Rambler cover sheet from Christina

19  Detering/Brad McKinney to Jim/Guy Morgan

20  dated 9-1-05 (MORGAN-000064 through 000066)

21  Exhibit No. 3  .....................78

22  Morgan Purchase Order 118040 dated 9-19-05,

23  Terms of Purchase, and Morgan Purchase Order

24  118034 dated 9-6-05 (MORGAN-000058 through

25  000060)

Page 6

1    Exhibit No. 4   ....................81

2    Morgan Purchase Order 118041 dated 9-29-05

3    (MORGAN-000067)

4    Exhibit No. 5   ....................85

5    Various e-mails and Federal Emergency

6    Management Agency (FEMA) Ruggedized

7    Manufactured Housing Procurement

8    Specifications dated July 14, 2005

9    (MORGAN-000078 through 000086)

10   Exhibit No. 6   ....................95

11   E-mail from Michael Wagner to Guy Morgan

12   dated August 31, 2005 (MORGAN-000097)

13   Exhibit No. 6(A)   ..................139

14   FEMA Model Travel Trailer Procurement

15   Specifications dated August 12, 2004

16   (MORGAN000099 through 000102)

17   Exhibit No. 7   ....................138

18   Request for Quotations letter from Bryan

19   McCreary, FEMA to Vendors dated September 8,

20   2005, with attached specifications

21   (MORGAN-000088 through 000090)

22   Exhibit No. 8   ....................166

23   Color photograph

24   Exhibit No. 9   ....................166

25   Color photograph

Page 7

1              S T I P U L A T I O N

2

3        It is stipulated and agreed by and

4   between counsel for the parties hereto that

5   the deposition of the aforementioned witness

6   is hereby being taken for all purposes

7   allowed under the Federal Rules of Civil

8   Procedure, in accordance with law, pursuant

9   to notice;

10       That the formalities of reading and

11  signing are specifically not waived;

12       That the formalities of filing,

13  sealing, and certification are specifically

14  waived;

15       That all objections, save those as to

16  the form of the question and the

17  responsiveness of the answer, are hereby

18  reserved until such time as this deposition,

19  or any part thereof, may be used or sought

20  to be used in evidence.

21

22                   *   *   *

23       JAMES T. BRADLE, CCR, Certified Court

24  Reporter, officiated in administering the

25  oath to the witness.

Page 21

```
1    availability of inventory and pricing.

2         Q    All right.  And when you say "we,"

3    is there a team of people?  Is it primarily

4    you and Mr. Morgan, or who is it?

5         A    Myself and Mr. Morgan.

6         Q    Okay.  And who were your

7    suppliers?

8         A    For --

9         Q    For this schedule, quantity,

10   pricing, floor plan request.

11        A    For this disaster, it would have

12   been Fleetwood, Recreation by Design and

13   Monaco.

14        Q    We have taken Fleetwood's

15   deposition, and we have the quantities and

16   so on.  Was Fleetwood the largest supplier?

17        MS. LIPSEY:

18             Objection, vague.

19   EXAMINATION BY MR. LAMBERT:

20        Q    Insofar as your procurement was

21   concerned, was Fleetwood the largest

22   supplier of travel trailers?

23        A    I don't know that for sure.

24        Q    Okay.  When you contacted

25   Fleetwood and Recreation by Design and
```

Transcript of the Testimony of
# Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

## Date taken: October 22, 2009

## In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)

## **Note**
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a **Username**
and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**



EXHIBIT
D

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS         SECTION N(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


                    *  *  *

              (RE:  DUBUCLET)


      VIDEOTAPED DEPOSITION OF MORGAN

BUILDINGS & SPAS THROUGH ITS CORPORATE

REPRESENTATIVE JAMES SCHILLIGO, 2800 MCCREE

ROAD, GARLAND, TEXAS 75041, TAKEN AT THE

OFFICES OF MCGLINCHEY, STAFFORD, PLLC, 601

POYDRAS STREET, 12TH FLOOR, NEW ORLEANS,

LOUISIANA, ON THE 22ND DAY OF OCTOBER, 2009.


REPORTED BY:

    PAT KENNEDY QUINTINI, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255


VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 2

```
 1    APPEARANCES:
 2          T. CHRISTOPHER PINEDO
            ATTORNEY AT LAW
 3          4550 JERICHO ROAD
            CORPUS CHRISTI, TEXAS 78413
 4
               (ATTORNEY FOR THE PLAINTIFFS)
 5
            BENCOMO & ASSOCIATES
 6          (BY:  RAUL R. BENCOMO, ESQUIRE -
               VIA TELEPHONE)
 7          639 LOYOLA AVENUE, SUITE 2110
            NEW ORLEANS, LOUISIANA  70113
 8
               (ATTORNEYS FOR THE PLAINTIFFS)
 9
            NELSON, MULLINS, RILEY & SCARBOROUGH
10          (BY: TAYLOR T. DALY, ESQUIRE)
            201 17TH STREET, NW, SUITE 1700
11          ATLANTIC STATION
            ATLANTA, GEORGIA 30363
12
               (ATTORNEYS FOR DEFENDANT,
13                FLEETWOOD ENTERPRISES, INC.)
14          MIDDLEBERG, RIDDLE & GIANNA
            (BY: RICHARD SHERBURNE, JR., ESQUIRE)
15          450 LAUREL STREET, SUITE 1101
            BATON ROUGE, LOUISIANA 70801
16
               (ATTORNEYS FOR DEFENDANT, FLUOR
17                ENTERPRISES, INC.)
18          U.S. DEPARTMENT OF JUSTICE
            CIVIL DIVISION, TORTS BRANCH
19          (BY:  HENRY MILLER, ESQUIRE)
            1331 PENN AVENUE, N.W.
20          ROOM 8220-N
            WASHINGTON, D.C.  20004
21
               (ATTORNEYS FOR DEFENDANT, UNITED
22                STATES OF AMERICA)
23
24
25
```

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f55

Page 3

```
 1    APPEARANCES CONTINUED:
 2         JONES, WALKER, WAECHTER, POITEVENT,
              CARRERE & DENEGRE, LLP
 3         (BY: WILLIAM D. LAMPTON, ESQUIRE -
              VIA TELEPHONE)
 4         FOUR UNITED PLAZA
           8555 UNITED PLAZA BOULEVARD
 5         BATON ROUGE, LOUISIANA 70809
 6              ATTORNEYS FOR DEFENDANTS,
                KEYSTONE RV COMPANY, THOR
 7              CALIFORNIA, THOR INDUSTRIES,
                DUTCHMEN MANUFACTURING, DS CORP
 8              (d/b/a CROSSROADS RV) AND KZ RV,
                LP
 9
           GARRISON, YOUNT, LORMAND, FORTE &
10           MULCAHY
           (BY: RANDALL C. MULCAHY, ESQUIRE)
11         909 POYDRAS STREET
           SUITE 1800
12         NEW ORLEANS, LOUISIANA  70112
13            (ATTORNEYS FOR DEFENDANTS
                RECREATION BY DESIGN, LLC,
14              TL INDUSTRIES, INC., FRONTIER
                RV, INC. AND CRUISER RV)
15
           WILLINGHAM, FULTZ & COUGILL
16         (BY: THOMAS L. COUGILL, ESQUIRE -
              VIA TELEPHONE)
17         NIELS ESPERSON BUILDING
           808 TRAVIS, SUITE 1608
18         HOUSTON, TEXAS  77002
19            (ATTORNEYS FOR DEFENDANTS
                JAYCO AND STARCRAFT)
20
           BAKER, DONELSON, BEARMAN, CALDWELL &
21           BERKOWITZ
           (BY:  GERARDO R. BARRIOS, ESQUIRE)
22         201 ST. CHARLES AVENUE, SUITE 3600
           NEW ORLEANS, LOUISIANA  70170
23         (NOT PRESENT)
24            (ATTORNEYS FOR DEFENDANTS, CH2M HILL
                CONSTRUCTORS, INC. AND SHAW
25              ENVIRONMENTAL, INC.)
```

83f35e7d-fd08-453c-b140-b8158db27f55

Page 4

1
2      APPEARANCES CONTINUED:
3           McGLINCHEY STAFFORD
                (BY:  CHRISTINE LIPSEY, ESQUIRE)
4           643 MAGAZINE STREET
            NEW ORLEANS, LOUISIANA 70130
5
                (AND)
6
            MCGLINCHEY STAFFORD PLLC
7           (BY:  DAN E. WEST, ESQUIRE)
            301 MAIN STREET, 14TH FLOOR
8           ONE AMERICAN PLACE
            BATON ROUGE, LOUISIANA  70805
9
                (ATTORNEYS FOR MORGAN BUILDINGS AND
10                  SPAS, INC. APPEARING UNDER
                    RESERVATION OF RIGHTS)
11
                (AND)
12
            MORGAN MANAGEMENT CORPORATION
13          (BY:  ALAN WINN, ESQUIRE)
            CORPORATE COUNSEL
14          2800 MCCREE ROAD
            GARLAND, TEXAS  75041
15
                (ATTORNEYS FOR DEFENDANT MORGAN
16                  BUILDINGS AND SPAS, INC.)
17          LUGENBUHL, WHEATON, PECK, RANKIN &
                HUBBARD
18          (BY: KRISTOPHER M. REDMANN, ESQUIRE -
                VIA TELEPHONE)
19          601 POYDRAS STREET, SUITE 2775
            NEW ORLEANS, LOUISIANA 70130
20
                (ATTORNEYS FOR DEFENDANT,
21                  LIBERTY MUTUAL INSURANCE
                    CORPORATION)
22
23
24
25

83f35e7d-fd08-453c-b140-b8158db27f55

Page 5

```
1

2      APPEARANCES CONTINUED:

3          FRILOT, L.L.C.
           PETER R. TAFARO, ESQUIRE -
4            VIA TELEPHONE)
           3600 ENERGY CENTRE
5          1100 POYDRAS STREET
           NEW ORLEANS, LOUISIANA  70173-3600

6
              (ATTORNEYS FOR DEFENDANT, BECHTEL
7              NATIONAL, INC.)

8

9                    *    *    *

10                 EXAMINATION INDEX

11                                    PAGE

12
```

```
13    EXAMINATION BY MR. PINEDO ...........12

14    EXAMINATION BY MS. DALY .............68

15    EXAMINATION BY MR. MILLER ...........91

16    EXAMINATION BY MR. SHERBURNE .......124

17    EXAMINATION BY MR. MULCAHY .........126

18    EXAMINATION BY MS. DALY ............133

19    EXAMINATION BY MR. PINEDO ..........134

20    EXAMINATION BY MR. MILLER ..........166

21    EXAMINATION BY MR. PINEDO ..........169
```

```
22

23

24

25
```

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 6

```
 1                    *    *    *

 2              INDEX OF EXHIBITS

 3

 4                                    Page

 5   Exhibit No. 1  .....................13

 6   Notice of Videotaped Federal Rule 30(b)(6)

 7   Deposition of Morgan Buildings & Spas, Inc.

 8   (no Bates stamps)

 9   Exhibit No. 2  .....................17

10   Solicitation/Contract/Order for Commercial

11   Items between FEMA and Morgan Buildings &

12   Spas, dated 9/9/2005, Bates Morgan-000002

13   through 14

14   Exhibit No. 3  .....................18

15   Solicitation/Contract/Order for Commercial

16   Items between FEMA and Morgan Buildings &

17   Spas, no effective date, Bates Morgan-000015

18   & 16

19   Exhibit No. 4  .....................24

20   Solicitation/Contract/Order for Commercial

21   Items between FEMA and Morgan Buildings &

22   Spas, effective date 9/1/2005, Bates No.

23   Morgan-000017

24

25
```

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 7

1    Exhibit No. 5  ......................25

2    Fax to Brad McKinney from Kerri dated

3    9/1/2005, Bates Morgan-000095 & 96

4    Exhibit No. 6  ......................28

5    Email from Michael Wagner to Gay Morgan

6    dated 8/31/2005, Bates Morgan-000097 & 98

7    Exhibit No. 7  ......................29

8    FEMA Model Travel Trailer Procurement

9    Specifications, dated 8/12/2004, Bates

10   FLE-00006914 through 6916

11   Exhibit No. 8  ......................30

12   Document that starts out "Question:  Do you

13   really want to ship these by rail?", Bates

14   Morgan-000103

15   Exhibit No. 9  ......................52

16   Certificate of Origin for a Vehicle, Bates

17   Morgan-001049 through 1050

18   Exhibit No. 10  ......................55

19   Invoice No. 4039-3022 from Morgan to FEMA

20   dated 4/3/2006, Bates Morgan-001051

21   Exhibit No. 11  ......................58

22   Invoice No. 604001627 to Morgan from

23   Fleetwood, dated 3/28/06, Bates

24   Morgan-001052

25

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 8

1   Exhibit No. 12  ......................60

2   Straight Bill of Lading from Fleetwood to

3   Morgan/FEMA dated 3/28/06, Bates

4   Morgan-001053

5   Exhibit No. 13  ......................71

6   Fleetwood Enterprises Master Sales Agreement

7   dated September 6, 2005, Bates Morgan-000055

8   through 63

9   Exhibit No. 14  ......................74

10  Email from Jim Schilligo to Guy, Dated

11  9/5/2005, Bates Morgan-000087 through 89

12  Exhibit No. 15  ......................75

13  Email from Doug Henriquez to Guy Morgan

14  dated 9/9/2005, Bates Morgan-000147 & 148

15  Exhibit No. 16  ......................85

16  Email string beginning with page that says

17  "Redacted", Bates FLE-00135116 through

18  135118

19  Exhibit No. 17  ......................87

20  Fleetwood Towable Group Engineering

21  Standards Bulletin No. 10, December 1, 1997,

22  Bates FLE_00010903 through 10918

23  Exhibit No. 18  ......................94

24  FEMA Procedure Storage Site Manual Fall

25  2005, Bates FLE-00001942 through 1955

83f35e7d-fd08-453c-b140-b8158db27f55

 1    Exhibit No. 19  .....................100

 2    Important Notice, Bates FLE-00005100 through

 3    5102

 4    Exhibit No. 20  .....................108

 5    Fax to Dave Busche from Guy Morgan/Elaine

 6    dated 6/1/2004, Bates FLE-00001367 through

 7    1370

 8    Exhibit No. 21  .....................134

 9    Fleetwood 2006 Owner's Manual, Bates

10    Fleetwood_EX-000003 through 105

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 10

S T I P U L A T I O N

1

2

3        It is stipulated and agreed by and

4    between counsel for the parties hereto that

5    the deposition of the aforementioned witness

6    is hereby being taken for all purposes

7    allowed under the Federal Rules of Civil

8    Procedure, in accordance with law, pursuant

9    to notice;

10        That the formalities of reading and

11    signing are specifically            ;

12        That the formalities of filing,

13    sealing, and certification are specifically

14    waived;

15        That all objections, save those as to

16    the form of the question and the

17    responsiveness of the answer, are hereby

18    reserved until such time as this deposition,

19    or any part thereof, may be used or sought

20    to be used in evidence.

21                    *    *    *

22        CATHY RENEE' POWELL, CCR, Certified

23    Court Reporter, officiated in administering

24    the oath to the witness.

25

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilliger

Page 19

```
 1              And the document with regard to

 2    mobile homes, is that a two-page document?

 3         A.   No, sir.  It's one page.

 4         Q.   You now have Bates number --

 5         A.   I'm sorry, two pages.

 6         Q.   So Exhibit 3 is Morgan's Bates

 7    No. 15 and 16; is that right?

 8         A.   Yes, sir.

 9         Q.   And now you have a document in

10    front of you with a Morgan Bates number of

11    17.  What does that represent?

12         A.    It is another government contract

13    for 15,000 travel trailers.

14         Q.   And is that your understanding of

15    the amount of travel trailers that Morgan

16    sold to the United States Government for

17    temporary housing units after Hurricane

18    Katrina?

19         A.   Yes, sir.

20         Q.   And this would be the contract

21    that we were talking about with the total

22    amount of travel trailers that were sold by

23    Morgan to the United States Government?

24         A.   Yes, sir.

25         Q.   Now, did Morgan itself manufacture
```

83f35e7d-fd08-453c-b140-b8158db27f55

Page 20

1   travel trailers at any particular time?

2        A.   No, sir.

3        Q.   So to fulfill this contract, did

4   Morgan turn to the manufacturers of travel

5   trailers and ask them to fill orders for

6   them for these travel trailers?

7        A.   Yes, sir.

8        Q.   And did Morgan request travel

9   trailers from Fleetwood to fulfill this

10  request by the United States Government?

11       A.   Yes, sir.

12       Q.   Did they also request travel

13  trailers from an entity called Monaco to

14  fill this requirement for 15,000 travel

15  trailers?

16       A.   Yes, sir.

17       Q.   Did they also request travel

18  trailers from an entity called Recreation by

19  Design to fill this order for the United

20  States Government?

21       A.   Yes, sir.

22       Q.   The total amount of travel

23  trailers that Morgan sold to the United

24  States Government manufactured by Fleetwood,

25  Monaco, and Recreation by Design was 15,000;

83f35e7d-fd08-453c-b140-b8158db27f55

Page 24

1    document which has been marked as Exhibit 4,

2    which is Morgan Bates No. 17.  Just for the

3    record, so we are clear, could you identify

4    that document for me?

5         A.    Yes, sir.  It's a contract from

6    Department of Homeland Securities/FEMA to

7    Morgan, for Morgan Buildings & Spas, Inc.

8    for 15,000 travel trailers.

9    (Exhibit No. 4 marked for identification.)

10        Q.    What is the date on that document?

11        A.    8/29/2005.

12        Q.    And that's the contract we were

13   discussing earlier that provides for us some

14   of the details regarding the purchase of the

15   15,000 travel trailers by FEMA from Morgan;

16   is that right?

17        A.    Yes, sir.

18        Q.    And what Morgan did, rather than

19   constructing their own travel trailers, is

20   they contacted Recreation by Design, Monaco

21   and Fleetwood and had them construct the

22   travel trailers to fill that order?

23        A.    Correct.

24        Q.    May I see that document, sir?

25        A.    (Witness complies.)

**McGLINCHEY STAFFORD** PLLC

ATTORNEYS AT LAW

FLORIDA    LOUISIANA    MISSISSIPPI    NEW YORK    OHIO    TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

July 14, 2011

Roberta Burns
Law Offices of Sidney D. Torres, III
8301 W. Judge Perez Drive
Suite 303
Chalmette, Louisiana 70043

RE:     *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.*

        *Terry Lynn Gervais, et al. v. Morgan Buildings & Spas, Inc., et. al. (10-3743)*

Dear Roberta:

On October 15, 2010, your firm filed the matter styled *Terry Lynn Gervais, et al. v. Morgan Buildings & Spas, Inc., et al.*, bearing Eastern District of Louisiana Suit No. 10-3743. This suit contains five plaintiffs: Terry Lynn Gervais, Shantell Smith o/b/o C.S., Shantell Smith, o/b/o D.S., Shantell Smith o/b/o J.S, and Terry Lynn Gervais individually. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan) are named as manufacturing defendants. We are writing to request that you dismiss Morgan from this suit, as the discovery produced in this matter establishes that none of the plaintiffs lived in a trailer procured by Morgan.

The discovery produced by Morgan in this matter is clear. Morgan procured emergency housing units from limited, specific manufacturers, and did not act as a general procuring agent for FEMA, procuring trailers from every manufacturer named in this litigation.

**Morgan did not manufacture or procure the trailer provided to
Shantell Smith and the minors C.S., D.S. and J.S.**

According to FRRATS Exhibits D, Shantell Smith and the minors C.S., D.S. and J.S. lived in a Clayton trailer bearing VIN number ROC719327NC.

We refer you to Morgan's August 13, 2008 Rule 30(b)(6) deposition where James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative.



EXHIBIT

E

Roberta Burns
July 14, 2011
Page 2

Mr. Schilligo testified that, for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of temporary housing units were Fleetwood, Recreation by Design, and Monaco.[1]

Mr. Schilligo's testimony reiterates the information provided in Morgan Buildings & Spas, Inc.'s Objections and Responses to Plaintiffs' Notice of Video-Taped Rule 30(b)(6) Deposition of Morgan Building and Spas, Inc., submitted to plaintiffs' liaison counsel and the court-appointed plaintiffs' steering committee counsel on August 6, 2008.[2]  Further, Morgan, through Mr. Schilligo, again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.

**Morgan did not manufacture or procure the trailer provided to Terry Lynn Gervais**

Terry Lynn Gervais provided a Plaintiff Fact Sheet wherein she identified the VIN number of her manufactured home as TXLF412A862808A33.   According to the National Highway Traffic Safety Administration (www.nhtsa.gov) the VIN number prefix "TXLF" is assigned to Fleetwood.  As set forth in the enclosed affidavit by Mr. Schilligo, the VIN number provided by Terry Lynn Gervais does not match Morgan's records of the Fleetwood trailers Morgan procured. Additionally, Terry Gervais listed the size of her manufactured home as "14 x 80."  Morgan, however, did not procure Fleetwood manufactured homes in that size.   All manufactured home procured by Morgan from Fleetwood measured 14 feet by 60 feet.

As there is no evidence that Morgan manufactured or procured the trailers provided by FEMA to Shantell Smith and the minors C.S., D.S. and J.S., or Terry Lynn Gervais, we request that you dismiss Morgan from this suit by July 15, 2011.  Otherwise, Morgan will move for summary dismissal of the claims against Morgan and will seek its costs and attorneys' fees.

With kindest regards we remain,

Very truly yours,

**McGlinchey Stafford, PLLC**

Amanda S. Stout

Enclosures

---

[1] See Depo. James Schilligo, 21:6-13, which is attached.
[2] Morgan Building Systems also submitted objections and responses to plaintiffs' notice of deposition on August 6, 2008.  As stated therein, Morgan Building Systems merged into Morgan Buildings & Spas on January 19, 1994, and no longer exists.  As such, Morgan Building Systems was improperly named as a defendant in this matter.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * MDL NO. 1873 |
| | * |
| | * |
| | * |
| | * |
| | * JUDGE ENGELHARDT |
| | * |
| THIS DOCUMENT RELATES TO: | * |
| | * |
| *Terry Lynn Gervais, et al. v. Morgan Buildings & Spas, Inc., et. al. (10-3743)* | * MAGISTRATE CHASEZ |
| | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF TEXAS

COUNTY OF DALLAS

### AFFIDAVIT OF JAMES G. SCHILLIGO

BEFORE ME, the undersigned Notary Public, duly commissioned for the State and County aforesaid, came and appeared:

JAMES G. SCHILLIGO

who, after being first duly sworn, did depose and state:

1.    I suffer no mental or legal disability and am fully competent to make this affidavit.

2.    The following facts are based upon my personal knowledge or review of records kept in the ordinary court of business by Morgan Buildings & Spas, Inc., and such facts are true and correct.

3.    I am employed by Morgan Buildings & Spas, Inc. (Morgan) as its National Sales Manager.

4.    I held the position of National Sales Manager in 2005, at the time of Hurricanes Katrina and Rita.

5.    In connection with a contract with the Federal Emergency Management Authority (FEMA) to supply temporary housing units following Hurricanes Katrina and Rita, Morgan procured temporary housing units directly from the following manufacturers:

382446.1

Fleetwood Enterprises, Inc., Recreation by Design, LLC, and Monaco Coach Corporation.

6.     In connection with Morgan's procurement of the temporary housing units from the specified manufacturers and delivery of the temporary housing units to FEMA, Morgan maintained a spreadsheet which listed each temporary housing unit by VIN number among other pertinent information.

7.     I reviewed the Plaintiff Fact Sheet submitted by Terry Lynn Gervais in this matter. According to the Plaintiff Fact Sheet, Terry Lynn Gervais lived in a Fleetwood mobile home bearing VIN number TXLF412A862808A33.  Terry Lynn Gervais listed the size of her mobile home as "14 x 80."

8.     I reviewed Morgan's spreadsheet of temporary housing unit VIN numbers and have ascertained that Morgan did not procure the Fleetwood temporary housing unit bearing VIN number TXLF412A862808A33.

9.     Further, Morgan did not procure mobile homes from Fleetwood which measured 14 feet by 80 feet.  Rather, all mobile homes Morgan purchased from Fleetwood measured 14 feet by 60 feet.

Thus read and signed in _____, Texas, this _13_ day of July, 2011.

_____
James G. Schilligo

Sworn to and subscribed before me, Notary Public, this _13th_ day of July, 2011.

_____
Notary Public
Printed Name: PATRICIA L CROW
Notary No.: _____
My Commission Expires: _11-18-13_

PATRICIA L. CROW
Notary Public, State of Texas
My Commission Expires
November 18, 2013

In Re: FEMA Trailer Formaldehyde Products Liability Litigation          30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS         SECTION "N"(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


*   *   *


Videotaped Federal Rule 30(b)(6)

Deposition of MORGAN BUILDINGS & SPAS, INC.

and MORGAN BUILDING SYSTEMS, INC., through

their designated representative, JAMES

SCHILLIGO, 608 Wyatt Drive, St. Peters,

Missouri 63376, taken at the offices of

Lambert & Nelson, 701 Magazine Street, New

Orleans, Louisiana 70130, on Wednesday, the

13th day of August, 2008.


REPORTED BY:

JAMES T. BRADLE, CCR
PROFESSIONAL SHORTHAND REPORTERS
(504)529-5255

VIDEOGRAPHER:

MICHAEL BERGERON
PROFESSIONAL SHORTHAND REPORTERS
(504)529-5255

Page 21

1    availability of inventory and pricing.

2        Q    All right.  And when you say "we,"

3    is there a team of people?  Is it primarily

4    you and Mr. Morgan, or who is it?

5        A    Myself and Mr. Morgan.

6        Q    Okay.  And who were your

7    suppliers?

8        A    For --

9        Q    For this schedule, quantity,

10   pricing, floor plan request.

11       A    For this disaster, it would have

12   been Fleetwood, Recreation by Design and

13   Monaco.

14       Q    We have taken Fleetwood's

15   deposition, and we have the quantities and

16   so on.  Was Fleetwood the largest supplier?

17       MS. LIPSEY:

18           Objection, vague.

19   EXAMINATION BY MR. LAMBERT:

20       Q    Insofar as your procurement was

21   concerned, was Fleetwood the largest

22   supplier of travel trailers?

23       A    I don't know that for sure.

24       Q    Okay.  When you contacted

25   Fleetwood and Recreation by Design and