UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * CIVIL ACTION NO. 1873 <br> * <br> * <br> * <br> * <br> * JUDGE ENGELHARDT <br> * |
| This Document Relates To: | * <br> * |
| *Elizabeth M. Baker, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 10-3967) | * MAGISTRATE CHASEZ <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court for summary dismissal of the claims filed by plaintiffs Elizabeth M. Baker and Edgar W. Galjour. Neither Ms. Baker nor Mr. Galjour lived in a temporary housing unit (THU) procured by Morgan. Accordingly, Ms. Baker and Mr. Galjour cannot state a claim against Morgan. Morgan's motion for summary judgment should be granted, and Ms. Baker's and Mr. Galjour's claims against Morgan should be dismissed with prejudice at their costs.

### I. Background

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[2] Thereafter, numerous new suits were filed in or

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] R. Doc. Nos. 599 and 604.
394877.2

transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[3]

On October 19, 2010, plaintiffs filed the matter styled *Elizabeth M. Baker, et al. v. Morgan Buildings and Spas, Inc., et al.* in the Eastern District of Louisiana, Civil Action No. 10-3967.[4] In the original complaint, the plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Louisiana, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005. The plaintiffs also alleged that the Morgan defendants manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* E. Dist. La. Civil Action No. 10-3967, R. Doc. 1. Specifically, the plaintiffs assert a cause of action against Morgan pursuant to the Louisiana Product Liability Act, La. R.S. 9:2800.51, *et seq. See id.*, Count 2.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[5]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[6]

---

[3] R. Doc. No. 1781.
[4] Plaintiffs were originally plaintiffs in *Baker, et al. v. Morgan Buildings & Spas, Inc.*, E.D. La. Civil Action No. 09-1290. *See* E. Dist. La. Civil Action No. 10-3967, R. Doc. 1, Exhibit A.
[5] *See* R. Doc. No. 87.
[6] *See id.*, p. 7.
394877.2

2

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[7] Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets. Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[8] The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[9] Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[10] To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number. After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants. Pre-Trial Order No. 68 introduced a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[11]

Ms. Baker and Mr. Galjour submitted Plaintiff Fact Sheets in summer 2009, and supplemental responses in July 2011.[12] Their responses to questions identifying their THUs

---

[7] See id., p. 8.
[8] See R. Doc. No. 1180.
[9] R. Doc. 1596.
[10] R. Doc. 10228.
[11] R. Doc. 14200.
[12] See Exhibit A - Elizabeth M. Baker's 2009 Plaintiff Fact Sheet; Exhibit B - Edgar Galjour, Jr.'s 2009 Plaintiff Fact Sheet; Exhibit C - Elizabeth M. Baker's July 2011 Plaintiff Fact Sheet; Exhibit D - Edgar Galjour's July 2011 Plaintiff Fact Sheet. Neither Ms. Baker nor Mr. Galjour dated their 2009 Plaintiff Fact Sheets. Counsel for Morgan
394877.2

3

prove that summary judgment should be granted in favor of Morgan. In September 2009, FEMA provided FRRATS discovery which confirms that Ms. Baker and Mr. Galjour did not live in a THU procured by Morgan.

## II. Summary Judgment Standard

The Federal Rules of Civil Procedure provide that the Court shall grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the record the mover believes demonstrates the absence of a genuine issue of material fact. *Anderson,* 477 U.S. at 256; *Lopez v. Crowmark, Inc.*, 2000 WL 1010257, * 1 (E.D. La. July 19, 2000). If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Matsushita Elec. Indust. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Instead, the moving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" *Matsushita,* 475 U.S. at 587 (emphasis in original); *e.g. Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995). To meet this burden, the non-moving party must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its]

---

received Ms. Baker's and Mr. Galjour's 2009 Plaintiff Fact Sheets sometime in June or July 2009. Mr. Galjour did not date his July 2011 Plaintiff Fact Sheet. Counsel for Morgan received this Plaintiff Fact Sheet by letter dated July 11, 2011.
394877.2

4

claims[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993); *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, 2000 WL 1145748, 6 (E.D. La. 8/14/00).

In order to determine whether or not summary judgment should be granted, an examination of substantive law is essential. *Landreneau v. Fleet Financial Corp.*, 197 F.Supp.2d 551 (M.D. La. 2002). Therefore, the court must examine a motion for summary judgment on its merits and grant the motion "if appropriate." Fed. R. Civ. P. 56(a).

The Louisiana Product Liability Act (LPLA) provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." La. R.S. 9:2800.54A. An essential element of any product liability claim is that liability is imposed only upon the "manufacturer" of the item in question. *Jack v. Alberto–Culver USA, Inc.*, 06–1883 (La. Feb. 22, 2007), 949 So.2d 1256, 1258; *LeBlanc v. Wyeth, Inc.*, 495 F.Supp.2d 609 (W.D. La. 2007)(In order to allege a cause of action under the LPLA, a plaintiff must show that the defendant is a manufacturer as defined by the LPLA); La. R.S. 9:2800.53(1)(a), (b). While the plaintiffs allege that Morgan manufactured and supplied their THUs, Morgan did not, in fact, construct any THUs for Hurricanes Katrina or Rita.[13] Morgan did, however, supply units manufactured by Fleetwood, Monaco, and Recreation

---

[13] Exhibit F - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 19:9-20:21.
394877.2

By Design to FEMA.[14] Putting to the side issues pertaining to "labeling and manufacturer" status, Morgan did not supply the THU resided in by Ms. Baker or Mr. Galjour.

In this matter, Ms. Baker and Mr. Galjour cannot defeat Morgan's motion for summary judgment, because the undisputed evidence establishes that they lived in THUs manufactured and supplied by others. Morgan did not manufacture, procure or label their THU and, therefore, cannot be held liable for Ms. Baker's and Mr. Galjour's alleged injuries.

### III. Summary Judgment Should Be Granted Because the Evidence Establishes That Morgan Did Not Procure Ms. Baker's and Mr. Galjour's THU

#### A. Ms. Baker's and Mr. Galjour's original Plaintiff Fact Sheets place them in the same mobile home.

Ms. Baker and Mr. Galjour submitted Plaintiff Fact Sheets which confirm they did not live in a Morgan-procured trailer. Ms. Baker submitted two Plaintiff Fact Sheets. The first was received by Morgan in June or July 2009. Responding to the questions identifying her THU, Ms. Baker, in her 2009 Plaintiff Fact Sheet, stated as follows:

> Manufacturer: Fleetwood
>
> VIN: TXFL486A06163
>
> FEMA Id. No.: 931109475
>
> Bar Code No.: 551663[15]

Ms. Baker further stated that the THU provided by FEMA was a mobile home and its approximate length and width was "14 x 70."[16] Ms. Baker identified the address where her THU was located as 630 Brothers Rd., Lot # 43, Lafayette, LA[17]

---

[14] Exhibit E – August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13; Exhibit F, at 19:9-20:21 and 24:12-23; Exhibit I – July 14, 2011, letter from A. Stout to R. Burns, at James Schilligo's affidavit.
[15] Exhibit A, p. 8.
[16] *Id.*, at p. 9.
[17] *Id.*

394877.2

Mr. Galjour, in his 2009 Plaintiff Fact Sheet, provided the same information about his THU as Ms. Baker provided in her 2009 Plaintiff Fact Sheet.[18] Ms. Baker and Mr. Galjour also confirmed that they lived together in the THU.[19] The only difference between the information provided by Ms. Baker and Mr. Galjour was that Mr. Galjour identified his FEMA Id. No. as 940782255.[20]

**B.  FEMA's discovery responses confirms Mr. Galjour's original Plaintiff Fact Sheet.**

On or about August 5, 2009, Ms. Baker's and Mr. Galjour's attorney sent its updated client list to FEMA to obtain information about Ms. Baker's and Mr. Galjour's THU from the FRRATS database. Ms. Baker was identified by FEMA Id. No. 931109475[21] and Mr. Galjour was identified by FEMA Id. No. 940782255.[22] In September 2009, FEMA responded with the following information for Mr. Galjour:

> FEMA Id. No.: 940782255
>
> Barcode: 551663
>
> VIN: TXFL486A06163
>
> THU Type: "MH"
>
> Manufacturer: Fleetwood Enterprises[23]

FEMA also confirmed that that the THU assigned to Mr. Galjour was located at 630 Brothers Rd., Lot # 43, Lafayette, LA, which is the same address provided by Ms. Baker and Mr. Galjour in their 2009 Plaintiff Fact Sheets.[24] FEMA did not provide any information about Ms. Baker.

---

[18] Exhibit B, pp. 8-9.
[19] Exhibit A, p. 11; Exhibit B, p. 11.
[20] *Compare* Exhibit A, pp. 8-9, with Exhibit B, pp. 8-9.
[21] Exhibit G – Exhibit HHH, Sidney Torres Client List (as of Aug. 5, 2009), excerpts, FEMA 10-003008, at OriginalKey 82.
[22] *Id.*, at FEMA 10-003017, at OriginalKey 520.
[23] Exhibit H – FEMA's response to Exhibit HHH, Sidney Torres Client List, at FEMA 10-003056, OriginalKey 520.
[24] *Id.*; Exhibit A, p. 9; Exhibit B, p. 9.

394877.2

### C. Ms. Baker's and Mr. Galjor's supplemental Plaintiff Fact Sheets do not create a material issue of fact.

On June 17, 2011, Morgan's counsel wrote to Ms. Baker's and Mr. Galjour's attorney requesting that Ms. Baker and Mr. Galjour correct several deficiencies in their Plaintiff Fact Sheet responses.[25] On July 11, 2011, Ms. Baker and Mr. Galjour provided updated Plaintiff Fact Sheets.[26]

Ms. Baker changed the information about her THU. In her amended Plaintiff Fact Sheet, she provided the following information about her THU:

> Manufacturer: Morgan
>
> VIN: 802781
>
> FEMA Id. No.: 931109475
>
> Bar Code: 2663M
>
> Size: "80 x 20"[27]

She affirmed that her THU was a mobile home located at 630 Brothers Rd, Lot 43 in Lafayette and that Mr. Galjour lived with her in the trailer.[28]

Mr. Galjour also changed the information about his THU. He stated that the manufacturer of his THU was Morgan and that he did not know the VIN number of the unit or the FEMA Bar Code number.[29] He confirmed that his FEMA Id. No. was 940782255, he lived in a mobile home located at 630 Brothers Road, Lot 43, in Lafayette, and that he lived with Ms. Baker.[30]

Though Ms. Baker and Mr. Galjour have provided inconsistent information about their THU in their original and amended Plaintiff Fact Sheets, they have consistently stated that (1)

---

[25] Exhibit J – June 17, 2011 letter from A. Stout to D. Jarrell.
[26] Exhibit K – July 11, 2011 letter from R. Burns to A. Stout.
[27] Exhibit C – pp. 8-9.
[28] *Id.*, at pp. 9 and 11.
[29] Exhibit D, p. 8.
[30] *Id.*, pp. 8-9, 11.
394877.2

8

they lived in the same THU, (2) the THU was a mobile home located at 630 Brothers Road, Lot 43, in Lafayette, and (3) Mr. Galjour's FEMA Id. No. was 940782255. FEMA's discovery responses confirm Mr. Galjour's FEMA Id. No. and that he was provided with a mobile home located at 630 Brothers Road, Lot 43, in Lafayette. FEMA's discovery responses also confirm Ms. Baker's and Mr. Galjour's original Plaintiff Fact Sheet responses that they lived in a Fleetwood mobile home bearing VIN number TXFL486A06163 and Barcode No. 551663.

### D. Morgan did not procure Ms. Baker's and Mr. Galjour's mobile home

The discovery produced by Morgan is clear. Morgan did not construct THUs.[31] Morgan procured THUs directly from limited, specific manufacturers and did not act as a general procuring agent for FEMA. James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition. Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of THUs were Fleetwood, Recreation by Design, and Monaco.[32] Mr. Schilligo again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.[33]

Though Morgan procured THUs from Fleetwood, Morgan did not procure the mobile home identified in Ms. Baker's and Mr. Galjour's original Plaintiff Fact Sheets, which was confirmed by FEMA. Morgan did not procure a mobile home bearing VIN number TXFLL486A06163 nor did Morgan procure mobile homes from Fleetwood measuring 14 feet by 70 feet.[34] The mobile homes Morgan procured from Fleetwood measured 14 feet by 60 feet.[35]

---

[31] Exhibit F – 19:9-20:21 and 24:12-23.
[32] Exhibit E –21:6-13; *See also* Exhibit I, at James Schilligo's affidavit.
[33] Exhibit E –19:9-20:2.
[34] Exhibit I, at James Schilligo's affidavit.
[35] *Id.*

394877.2

## IV. Summary Judgment Should Be Granted

Ms. Baker's and Mr. Galjour's claims against Morgan fail, because they cannot produce evidence of the fundamental element of any product liability claim: that the defendant manufactured the product in question. There is no evidence that Morgan procured the Fleetwood trailer in which Ms. Baker and Mr. Galjour resided. Further, there is no evidence that Morgan labeled Ms. Baker's and Mr. Galjour's mobile home as a Morgan unit. Therefore, Ms. Baker's and Mr. Galjour's claims against Morgan should be dismissed, with prejudice.

The only evidence linking Morgan to this case is Ms. Baker's and Mr. Galjour's statements on their amended Plaintiff Fact Sheets that Morgan was the manufacturer of their THU. However, the other information provided by Ms. Baker and Mr. Galjour does not support the contention that Morgan manufactured their THU. Weighing all of the evidence, there is no genuine issue as to any material fact and Morgan is entitled to a judgment as a matter of law.

Morgan's counsel wrote to Ms. Baker's and Mr. Galjour's counsel on July 14, 2011, advising that Morgan did not procure the mobile home in question and demanding that the claims against Morgan be dismissed.[36] Morgan has not received any response to this letter. Accordingly, summary judgment should be granted dismissing Ms. Baker's and Mr. Galjour's claims against Morgan with prejudice, at their costs.

---

[36] Exhibit I.
394877.2

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

Attorneys for Morgan Buildings & Spas, Inc., Morgan Manufacturing Corporation, and Morgan Building Systems, Inc.

**Certificate of Service**

I certify that, on December 14, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

394877.2