# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER        )     MDL NO. 1873
FORMALDEHYDE            )
PRODUCT LIABILITY LITIGATION   )
                            )
_____ )     SECTION: N(4)
                            )
                            )     JUDGE: ENGELHARDT
THIS RELATES TO:           )     MAG: ROBY
                            )
Plaintiff: _Elizabeth_         )
         _Baker_           )
_____ )

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. **A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.** Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1



## II.   PERSONAL INFORMATION

A.   Name (person completing form): *Elizabeth Baker Gaffour*

B.   Maiden or other names used or by which you have been known: *Elizabeth Baker*

C.   Current Street Address: *1301 W. Willow ST APt 123-B*
     *Lafayette, LA 70506*

D.   Home Telephone No.:
     Cell Phone No.: *337-344-0329*
     Work Telephone No:
     Other Telephone Nos.:

E.   Email address:

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:
     *Lafayette LA     EB*

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
     *Baker Gaffour     ED*

3.   Address (or last known address if deceased):

4.   Home Telephone No.:
     Cell Phone No.: *337-344     EB*
     Work Telephone No:
     Other Telephone Nos.:

5.   E-mail address:

6.   If you were appointed as a representative by a court, state the:

2

Court: _____        Date of Appointment: _____

7.    What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.    If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.    Please state the name and address of the attorney representing you:

*Sidney Torres*

Attorney's Name/Law Firm

*Chalmette, LA 70043*

City, State and Zip Code

C.    Please state the following: (If you are a representative, please state this information for each such person being represented):

1.    Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
      Yes ☑        No ☐

2.    What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *Coughing up yellow stuff Burning eyes*

3.    During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☑ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
☑ bleeding of nasal membranes (inside of nose)
☑ irritation or itching of skin
☐ burning of skin
☑ rashes on skin
☑ drying or scaling of skin
☑ scaling or itching of eyelids
☑ irritation or swelling of eyelids or eye area

☑ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☑ vomiting
☐ bloody vomiting
☑ abdominal pain
☑ diarrhea
☑ difficulty in breathing
☑ wheezing
☑ shortness of breath
☑ persistent cough
☑ tightness of the chest

3

☑ bronchitis
☑ throat irritation
☑ hoarseness
☑ laryngitis
☐ pneumonia
☑ upper respiratory tract infections ±IM GOING sose a doctor
☑ pulmonary edema about it
☑ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of childhood asthma
☐ allergies for the first time in your life
✓ worsening of allergies that you had previous to living in FEMA trailer

☑ allergic contact dermatitis
☑ dizziness
☑ unconsciousness →
☑ convulsions or (seizures)
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☑ low blood pressure
☑ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☑ abnormal laboratory tests on blood
☑ abnormal laboratory tests on urine
some

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. Nose keep Running, I have to put eye drop Prescrison, short of Breath Coughing up Mukes ect, dizzyness I feel depressed & Have NO energy, But yet Im nervous,

4.  Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?  Yes ☐   No ☑ I have not checs

If yes, which kind of cancer?

_____

5.  When do you claim this injury or disease first occurred? 10-05

6.  Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
    Yes ☑      No ☐

    If "Yes," when and who diagnosed the condition at that time?
    I do not recall
    _____

7.  Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
    Yes ✓      No ☐

    If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _ *worsening of allergies*

_____

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
   Yes ☑        No ☐

   *If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

   Name and address of each person who treated or counseled you:
   *Dr Urick   Psychiatrist    Lafayette, LA*
   *Ambasador Cafrey*
   *Lafayette, LA*

   To your understanding, describe the condition for which treated:
   *Post traumatic stress*
   *nervousness; sleep disorder;*
   *depression*

   State when you were treated for this psychological, psychiatric or emotional problem
   *2009 ~present*

   _____

   List the medications prescribed or recommended by the physician or counselor
   *Cymbalta 30mg + 60mg/daily*
   *Rebilify; Ambien; Remaron;*
   *Trazadone; Clonadine*

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
   Yes ☐        No ☒

   *If "Yes,"* state the amount of your claim: _____

5

## IV. BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 1301 W. Willow Apt 123A Lafayette, LA 70506 | 3/09 - present |
| 1222½ St Mary St, Scott, LA 70583 | 8/08 - 3/09 |
| 630 Brothers Rd Lot #3, Lafayette, LA | 12/05 - 8/08 |
| Cajun Dome, Lafayette LA | 8/05 - 12/05 |
| 3002 Jean Lafitte, Chalmette LA | 2002 - 8/05 |

B. State Driver's License Number and State Issuing License: 0067860399    Louisiana

C. Date and Place of Birth: [1961] New Orleans, LA

D. Sex: Male ☐    Female ☑

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Andrew Jackson | 1977 | 10th grade | n/a |
| | | | |

F. Employment Information

1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Disabled since 1997 | | | |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Disabled since 1997 | | | |

6

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* state the following:

    a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

    b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G. Previous Claims Information

    1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☒    No ☐    Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. MRGO ; murphy03;
murphy05

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒          No ☐          Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
| Shirley Baker | mother | 71 | asthma shortness of breath COPD, cancer | n/a |
| Henry Baker | father | 70 | cancer | |
| | | | | |
| | | | | |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐          No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: _Fleetwood_

2.   VIN: _TXFL486A06163_

3.   FEMA Identification No.: _931109475_

4.   Bar Code Number on FEMA housing unit: _551663_

8

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☐   Mobile Home ☒

6.  Move-in Date: 12/2005

7.  Move-out Date: 8/2008

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
630 Brother Road Lot 43
Lafayette, LA 70519

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property?   trailer park

10. State the reason you stopped living in the FEMA trailer or mobile home:
FEMA wanted us out

11. Please state the approximate square footage of the FEMA housing unit: 980

12. Please state the approximate length and width of the FEMA housing unit: 14 x 70

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 24

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒        No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒        No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒        No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐        No ☒

18. Is/was propane gas used in the FEMA housing unit?
Yes ☐        No ☒

9

19.   How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _____ —∅—

20.   Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐        No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B.   Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: _____

C.   Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐        No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D.   Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒        No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
fix heater + air conditioner
do not recall date

E.   Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|------|-------------|--------------------------------------|------------------------------------------------|-------------------------------|------------------------------------------------------|
| Edgar Galjour Jr | 65 | 1301. W. willow Apt 123A Lafayett LA (337)233-5402 | From 12/05 To 8/08 | Yes ☒ No ☐ Don't Know ☐ | eyes burning headaches, sorethroat, abdominal pain. |
| Elizabeth Baker | 47 | 1301 W. willow Apt 123A Lafayette LA 337-233-5402 | From 12/05 To 8/08 | Yes ☒ No ☐ Don't Know ☐ | coughing up mucus, burning eyes nausea |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: __5'1½"__

B.   Current Weight: __i do not Know__

Weight prior to living in a FEMA trailer or mobile home: __i do not Know__

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1.     Date on which smoking/tobacco use ended:_____
2.     Amount smoked or used on average:
          _____ per day for _____ years.

☒     Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1.     Amount currently smoked or used on average:
          *½ pack* per day for *32* years.

D.     Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1.     Amount smoked or used on average, if you know:
          *1 pack* per day for *45* years.
2.     Relationship to you: _____ *spouse*
3.     Please state whether the smoking occurred inside, outside or both. *both*

E.     Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐     No ☒

*If "Yes,"* what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐     No ☒

F.     Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1.     Lung or other respiratory disease
      Yes ☐     No ☒

      *If "Yes,"* please indicate the following:

      Name and description of each illness, disease, or abnormal condition:
      _____
      _____

      The date of illness:
      _____
      _____

2.     Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☒        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

pneumonia

The date of illness:

6x's as a child + 2005

3.     Long-term stomach or bowel disease
       Yes ☒        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

colon cancer

The date of illness:

2004

4.     Skin disease
       Yes ☒        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

vitiligo

The date of illness:

in the 1990's

G.     Please indicate to the best of your knowledge whether you have ever received any
       of the following treatments or diagnostic procedures:

1.     To your knowledge, have you ever had any of the following tests
       performed: chest X-ray, CT scan, MRI.

       Yes ☒        No ☐        Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| Chest Xray | 2004 | Confreary | Chalmette Medical | pneumonia |
| chest Xray | as a child | do not remember | TOURO | pneumonia |

13

| MRI | 6/2009 | Dr. Talbot | Images in Lafayette LA neck/back |
| MRI | 2008 | Dr.DeHoro | Lafayette, LA Knee, leg |
| CTScan | do not remember | pain disorder |

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: _Dr. Urick_
Specialty, if any: _psychiatrist_
Address: _Ambassador Caffrey, Lafayette LA_
Phone: _337-593-0840_
Treatment received: _depression; sleep disorder; post traumatic stress_
Dates of treatment: _2009 - present_

Doctor's Name: _Dr. Landry_
Specialty, if any: _internist_
Address: _Hospital Dr., Lafayette, LA_
Phone: _337-234-8018_
Treatment received: _breathing problems_
Dates of treatment: _2009 - present_

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

_Dr. Urick ; Ambassador Caffrey, Lafayette, LA_

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐   No ☒

If "Yes," please provide the name and address of the health care professional.

_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☒        No ☐

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒        No ☐

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☒

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

F.  Decedent's death certificate, if applicable.
Yes ☐        No ☒

G.  Report of autopsy of decedent, if applicable.
Yes ☐        No ☒

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.      Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| Dr. Landry | Hospital Dr. Lafayette, LA |
|  |  |

B.      Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| Dr. Landry | Hospital Dr, Lafayette LA | 2009-present |
| Dr Del Toro | College Dr; Lafayette, LA | 2005-2009 |
| Dr. Olivio | New Orleans, LA | 1997-2005 |
|  |  |  |
|  |  |  |

C.      Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| Methodist | New Orleans, LA | 2005 | ovarian cancer |
| Chalmette medical | chalmette LA | 2004 | colon cancer |
|  |  |  |  |
|  |  |  |  |

D.      Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| Chalmette medical | Chalmette, LA | do not remember | Panic attacks |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.      Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| Dr. Urick | Ambassador Caffey Lafayette, LA | 2009-present |
| Dr. Del Toro | College Dr, Lafayette, LA | 2005-2009 |
| Dr. Landry | Hospital Dr. Lafayette, LA | 2009-present |

| | | |
|---|---|---|
| Dr. Kelvin Contreary | Chalmette, LA | 2004 - 2005 |
| Dr. Hedgepeth | Chalmette, LA | 2004 |
| Dr. Olivio | New Orleans, LA | 1997 - 2005 |
| Dr Talbot | Slidell, LA | 2009 - present |

F.     Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| QVL | Metairie   LA |
| Medicine Shop | Lafayette, LA |
| Bradley's | Poydras, LA |
| | |
| | |

## CERTIFICATION

    I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.


| | | |
|---|---|---|
| **Signature of Plaintiff** | **Print Your Name** | **Date** |
| | Elizabeth Baker | |

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _Elizabeth Baker_

Date of Birth: _/1961_

Last Four Numbers of SSN: _0973_

  I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of _____
_____and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

  This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

  This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |

**AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) (TO BE SIGNED BY PLAINTIFFS MAKING A CLAIM FOR EMOTIONAL DISTRESS)**

Name: _Elizabeth Baker_

Date of Birth: _____ /1961

Last Four Numbers of SSN: 0973

I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
| | **AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)** |

Name: _Elizabeth Baker_

Date of Birth:___ ⁞ ⁞ _1961_

Last Four Numbers of SSN: _0973_

    I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ _____and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

    I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_Elizabeth Baker_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Elizabeth Baker_

Date of Birth: _/19&1_

Last Four Numbers of SSN: _0973_

      I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

      Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

                    Dated this __ day of _____, 2008.

                    _Elizabeth Baker_
                    *[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____

Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Elizabeth Baker | -1961 | -0973 |

Address: 1301 W. Willow St. Apt 123A  Telephone No.:
City: Lafayette    State: LA    Zip Code: 70506

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

*Name.* . _____
*Title.* . _____
*Address.* _____

Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>☐ Copies of the records & Inspection of the record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other _____ |
|---|---|---|---|

BB
*Initials*   I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

_Elizabeth Baker_ _____    _____
Signature of Patient/Legal Representative       Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Elizabeth Baker_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Elizabeth Baker_ (print legibly or type out name)

Signature: _Elizabeth Baker_

*Page Intentionally Blank*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Federal Emergency Management Agency<br>Office of General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Elizabeth Baker<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Drive, Suite 303, Chalmette, LA 70043 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒CIVILIAN | 4. DATE OF BIRTH<br>~1961 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $500,000.00 | | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>DAVID C. JARRELL<br>ATTORNEY FOR CLAIMANT | 13b. Phone number of person signing form<br>(504) 271-8422 | 14. DATE OF SIGNATURE<br>06/26/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## RIDER

**6.     Date and day of accident**
Claimant became aware of the potential exposure within the last two years.

**8.     Basis of claim (State in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.**

The U.S. and its agencies, including but not limited to FEMA, failed to insure that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and it's agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and it's agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it's agencies, including but not limited to FEMA, failed to properly monitor the manufacturing process of the trailer housing units to ensure that they were in compliance with all local, state, federal and international standards. The U.S. and it's agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all, local, state, federal, and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general concealed knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and it's agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing the claimant. The U.S., through it's agencies including but not limited to FEMA, has engaged in a concerted effort to "cover up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and it's agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC Section 1983 and all applicable local, state and federal statutes or ordinances which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege, or immunity. Moreover, the U.S. and it's agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

**10.     State nature and extent of each injury or cause of death, which forms the basis of the claim. If other than claimant, state name of injured person or decedent.**

The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and/or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8.



**Lourdes Imaging Center**

**Acadiana Imaging Center**
2311 Kaliste Saloom Rd. Suite A
Lafayette, LA 7050.

Phone: Phone: 337-231-577!
Fax: Fax: 337-231-577f

Accredited by the American College of Radiology

| | |
|---|---|
| **Report Provided For**<br>**ADRIAN TALBOT, M.D.**<br>**1410 GAUSE BLVD**<br>**SLIDELL, LA 70458**<br><br>**Phone: 985-726-0500**<br>**Fax: 985-726-0544** | **Patient**<br>**Name: ELIZABETH BAKER**<br>**MRN #: OML-00000011712**<br>**DOB:        /1961**            **Gender: Female**<br>**Exam Start: 5/15/2009  4:42:00PM** |

**Procedure: MRI Lumbar Spine**

MRI lumbar spine:  Back pain with bilateral radiculopathy.

Lumbar MRI examination consisted of axial and sagittal T1 and T2-weighted images through the lumbar spine.  Marrow changes at base into the L1-L2 disc space are compatible with those noted in association with degenerative disc disease.

L1-L2:  Mild diffuse annular bulge with no central or lateral stenosis.

L2-L3:  Mild diffuse annular bulge with no central or lateral stenosis.

L3-L4:  No disc abnormality or stenosis at this level.

L4-L5:  Mild spondylosis with diffuse annular bulge.  No central or lateral stenosis.  Severe facet joint arthritis on the right.

L5-S1:  Spondylosis with mild diffuse bulge.  No displacement of the thecal sac or neural elements.  No stenosis at this level.

**IMPRESSION : Spondylosis with disc bulges and facet arthropathy as described above.  No areas of stenosis identified.**

Interpreting Radiologist

Victor Gunderson, MD
*Electronically Signed: 5/15/09  5:45 pm*

**Thank you for referring ELIZABETH BAKER to Acadiana Imaging Center**



**Lourdes Imaging Cente**

**Acadiana Imaging Cente**
2311 Kaliste Saloom Rd. Suite
Lafayette, LA 705(

Phone: Phone: 337-231-577
Fax: Fax: 337-231-577

Accredited by the American College of Radiolog

**Report Provided For**
ADRIAN TALBOT, M.D.
1410 GAUSE BLVD
SLIDELL, LA 70458

Phone: 985-726-0500
Fax: 985-726-0544

**Patient**
Name: ELIZABETH BAKER
MRN #: OML-00000011712
DOB:        /1961
Exam Start: 5/15/2009   4:13:03PM          Gender: Female

**Procedure: MRI Cervical**

MRI cervical spine:  Neck pain.  Radiculopathy.

Cervical MRI study consisted of axial and sagittal T1 and T2-weighted images through the cervical spine.
Images are limited by motion artifact.  Mild anterolisthesis of C5 over C6 is suggested.

C2-C3:  No disc abnormality or stenosis at this level.

C3-C4:  No disc abnormality or stenosis at this level.

C4-C5:  No disc abnormality or stenosis at this level.

C5-C6:  Mild spondylosis with slight ventral effacement thecal sac.  Mild right neural foraminal stenosis
suspected related to uncovertebral joint hypertrophy.  No significant central stenosis.

C6-C7:  Mild spondylosis with posterior hard and soft disc formation.  No significant central stenosis.  Mild
bilateral neural foraminal stenosis in association with uncovertebral hypertrophy.

C7-T1:  Mild spondylosis with no central stenosis suspected.  No neural foraminal stenosis identified.

**IMPRESSION :**
1.  **Multilevel spondylosis as described with mild bilateral areas of neural foraminal stenosis as
noted above.  No definite areas of central stenosis seen.**
2.  **Mild anterolisthesis of C5 over C6.**

Interpreting Radiologist

*V. Gunderson MD,*

Victor Gunderson, MD
*Electronically Signed: 5/15/09   5:41 pm*

**BAKER, ELIZABETH  (Exam 746168)**

MRN #: OML-0000001171



**Lourdes Imaging Center**

**Acadiana Imaging Center**
2311 Kaliste Saloom Rd. Suite A
Lafayette, LA 7050&

Phone: Phone: 337-231-5775
Fax: Fax: 337-231-5776
Accredited by the American College of Radiology

**Report Provided For**
ADRIAN TALBOT, M.D.
1410 GAUSE BLVD
SLIDELL, LA 70458

Phone: 985-726-0500
Fax: 985-726-0544

**Patient**
Name:  ELIZABETH  BAKER
MRN #: OML-00000011712
DOB:           .961                        Gender:  Female
Exam Start: 5/15/2009  3:26:25PM

---

**Procedure: Lumbar 5 Views**

Five views lumbar spine:  Back pain with left radiculopathy.

Multiple views of the lumbar spine obtained including both oblique views.  No fractures suspected.
Alignment is normal.  There is spondylosis at the lumbar spine, most significant at the L1-L2 and L2-L3
levels.  No congenital bony defects seen.  Bone density normal.  L1-L2, L2-L3, L5-S1 disc spaces slightly
narrowed.

**IMPRESSION : Mild spondylosis at the lumbar spine with narrowed disc spaces as described
suggesting possible degenerative disc disease.**

Interpreting Radiologist

*V Gunderson MD*

Victor Gunderson, MD
*Electronically Signed:* 5/15/09   4:46 pm

---

**Thank you for referring ELIZABETH BAKER to Acadiana Imaging Center**

Printed: 5/22/2009  2:28 pm          BAKER, ELIZABETH  (Exam 747533)                     Page 1 of 1
**This Report can be Reviewed on Lourdes Pacs System**



**Lourdes Imaging Center**
**Acadiana Imaging Center**
2311 Kaliste Saloom Rd. Suite A
Lafayette, LA 70508

Phone: Phone: 337-231-5775
Fax: Fax: 337-231-5776
Accredited by the American College of Radiology

**Report Provided For**
ADRIAN TALBOT, M.D.
1410 GAUSE BLVD
SLIDELL, LA 70458

Phone: 985-726-0500
Fax: 985-726-0544

**Patient**
Name: ELIZABETH BAKER
MRN #: OML-00000011712
DOB:      /1961                    Gender: Female
Exam Start: 5/15/2009   3:25:48PM

**Procedure: Cervical 5 Views**

Five views cervical spine:  Pain with bilateral radiculopathy.

Multiple views of the cervical spine reveal 2 mm anterolisthesis of C5 over C6 with narrowing of the disc space and moderate spondylosis.  Narrowed disc space also seen at C6-C7 with spondylosis here.  Oblique views reveal the neural foramina are clear.  Odontoid is intact.  No soft tissue abnormality.

**IMPRESSION :**
**1.  3 mm anterolisthesis of C5 over C6.**
**2.  Spondylosis at C5-C6 and C6-C7 seen with narrowed disc spaces suggesting possible degenerative disc disease.**

Interpreting Radiologist

*V Gunderson MS,*

Victor Gunderson, MD
*Electronically Signed: 5/15/09   4:50 pm*

**Thank you for referring ELIZABETH BAKER to Acadiana Imaging Center**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER          )          MDL NO. 1873
FORMALDEHYDE                 )
PRODUCT LIABILITY LITIGATION )
                             )
_____)          SECTION: N(4)
                             )
                             )          JUDGE: ENGELHARDT
THIS RELATES TO:             )          MAG: ROBY
                             )
Plaintiff: Edgar             )
                             )
_____Galjour Jr._____)

## PLAINTIFF FACT SHEET

## I.    INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY
IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND
RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN
THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS
FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related
injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes
Katrina and Rita in August and September, 2005.  **A separate Plaintiff Fact Sheet must be
completed for each individual claiming exposure to formaldehyde.  For example, a parent
must complete a separate form for each minor child and a personal representative must
complete a separate form for each deceased person.**  Whether you are completing this fact
sheet for yourself or for someone else, please assume that "You" means the person who resided
in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the
person completing this Fact Sheet does not know or does not recall the information requested in
any question, that response should be entered in the appropriate location.

1



EXHIBIT
B

## II.   PERSONAL INFORMATION

A.   Name (person completing form): *Edgar W. Galjour Jr*

B.   Maiden or other names used or by which you have been known: *Eddie W Ga*

C.   Current Street Address: *1301 W. Willow St. Apt 123A Lafayette, LA 70506*

D.   Home Telephone No.: *337 - 344 - 0329*
     Cell Phone No.: *337 - 344 - 0329*
     Work Telephone No: *None*
     Other Telephone Nos.: *None*

E.   Email address: _____

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing: *Edgar W Galjour Jr Chalmette LA*

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known: *Eddie W Galjour Jr*

3    Address (or last known address if deceased): _____
     _____

4.   Home Telephone No.: _____
     Cell Phone No.: _____
     Work Telephone No: _____
     Other Telephone Nos.: _____

5.   E-mail address: _____

6.   If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

7.    What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.    If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.    Please state the name and address of the attorney representing you:

*Sidney D. Torres III*
Attorney's Name/Law Firm
*Chalmette, LA        70043*
City, State and Zip Code

C.    Please state the following: (If you are a representative, please state this information for each such person being represented):

1.    Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
Yes ☒        No ☐

2.    What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *eyes burning; headaches, sore throat, abdominal pain*

3.    During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

☒ irritation to eyes
☒ burning of eyes
☒ tearing of eyes
☒ irritation to nasal membranes (inside of nose)
☒ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☒ irritation or itching of skin
☐ burning of skin
☒ rashes on skin
☒ drying or scaling of skin
☒ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☒ tingling or swelling of lips or face area
☒ headaches
☒ nausea
☒ vomiting
☐ bloody vomiting
☒ abdominal pain
☒ diarrhea
☒ difficulty in breathing
☒ wheezing
☒ shortness of breath
☒ persistent cough
☒ tightness of the chest

3

- ☐ bronchitis
- ☒ throat irritation
- ☒ hoarseness
- ☐ laryngitis
- ☐ pneumonia
- ☐ upper respiratory tract infections
- ☐ pulmonary edema
- ☐ asthma attacks for the first time in your life
- ☐ asthma attacks that are recurrence of childhood asthma
- ☒ allergies for the first time in your life
- ☐ worsening of allergies that you had previous to living in FEMA trailer

- ☐ allergic contact dermatitis
- ☒ dizziness
- ☐ unconsciousness
- ☐ convulsions or seizures
- ☐ blood in urine
- ☐ abnormal liver enzymes
- ☐ nephritis (inflammation of kidneys)
- ☐ low blood pressure
- ☒ hypothermia (low body temperature)
- ☐ miscarriage or stillbirth
- ☐ abnormal laboratory tests on blood
- ☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. n/A _____

_____

_____

4.  Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☒

If yes, which kind of cancer?

_____

5.  When do you claim this injury or disease first occurred? 12/2005

6.  Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐          No ☒

*If "Yes,"* when and who diagnosed the condition at that time?

_____

7.  Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐          No ☒

*If "Yes,"* set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____

_____

8.    **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☑    No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
none _____

_____

_____

To your understanding, describe the condition for which treated:
depression _____

_____

_____

State when you were treated for this psychological, psychiatric or emotional problem
I did not seek treatment.

_____

List the medications prescribed or recommended by the physician or counselor
none _____

_____

_____

9.    Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☐    No ☑

*If "Yes,"* state the amount of your claim: _____

5

## IV. BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 1301 W. Willow Apt 123A; Lafayette, LA 70506 | 3/09 - present |
| 1222½ St. Mary St; Scott, LA 70583 | 8/08 - 3/09 |
| 630 Brothers Rd Lot 43; Lafayette, LA | 12/05 - 8/08 |
| Cajun Dome; Lafayette, LA | 8/05 - 12/05 |
| 3006 Jean Lafitte Pkwy; Chalmette, LA | 2002 - 8/05 |

B. State Driver's License Number and State Issuing License: 003492386   Louisiana

C. Date and Place of Birth: [ ]  /  , [1944]  New Orleans, LA

D. Sex: Male ☒   Female ☐

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Live Oak | | 4th grade | |
| | | | |
| | | | |

F. Employment Information

1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Retired | 2009 | | |
| | | | |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Mecarytrim | New Orleans, LA | 1997-2001 | forklift operator |
| Misc. | New Orleans, LA | in the 90's - do not remember | stagehand |

on + off <

6

| Par 3 | chalmette A 2002 - 2003 | washing dishes |
| unemployed | until i retired 2009 | |
| | | |
| | | |

3.   Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐          No ☒

*If "Yes,"* state the following:

a.   If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b.   Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G.   Previous Claims Information

1.   Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☒          No ☐          Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _MRGO ;_____

_____

_____

7

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].
Yes ☐          No ☒          Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?
Yes ☐          No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.
Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: _Fleetwood_

2.   VIN: _TXFL486A06163_

3.   FEMA Identification No.: _940782255_

4.   Bar Code Number on FEMA housing unit: _551663_

8

5.    Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☐    Mobile Home ☒

6.    Move-in Date: |1212005|

7.    Move-out Date: |8 /2008|

8.    Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
630 Brothers Road, Lot 43 Lafayette, LA 70519

9.    Was the FEMA trailer or mobile home located in a trailer park or on private property? trailer park

10.   State the reason you stopped living in the FEMA trailer or mobile home:
fema wanted us out.

11.   Please state the approximate square footage of the FEMA housing unit: 980

12.   Please state the approximate length and width of the FEMA housing unit: 14 x 70

13.   What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 24

14.   Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒      No ☐

15.   Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒      No ☐

16.   Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒      No ☐

17.   Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐      No ☒

18.   Is/was propane gas used in the FEMA housing unit?
Yes ☐      No ☒

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home?    0

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐        No ☒

If "Yes," please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?

_____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

If "Yes," please state when the test was performed and who prepared this testing:_____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐        No ☒

If "Yes," please state the following:

Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒        No ☐

If "Yes," please state the date and reason for repair, service or maintenance: fixed    heater  +  air  conditioner   do   not   recall   date

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Edgar Galjour Jr. | 65 | 1301 W. Willow Apt 123A Lafayette, LA 337-233-5402 | From 12/05 To 8/08 | Yes ☑ No ☐ Don't Know ☐ | eyes burning headache, sore throat, abdominal pain |
| Elizabeth Baker | 47 | 1301 w. Willow Apt 123A Lafayette, LA 337-233-5402 | From 12/05 To 8/08 | Yes ☑ No ☐ Don't Know ☐ | coughing up mucus, burning eyes, nausea |
|  |  |  | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ |  |
|  |  |  | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ |  |
|  |  |  | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ |  |
|  |  |  | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ |  |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'8"

B.   Current Weight: 185 lbs.

Weight prior to living in a FEMA trailer or mobile home: about 165 lbs

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

    1.    Date on which smoking/tobacco use ended:_____

    2.    Amount smoked or used on average:
          _____ per day for _____ years.

☒    Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

    1.    Amount currently smoked or used on average:
          _1 pack_ per day for _45_ years.

**D.**    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

    1.    Amount smoked or used on average, if you know:
          _½ pack_ per day for _32_ years.
    2.    Relationship to you: _SPOUSE_
    3.    Please state whether the smoking occurred inside, outside or both. _both_

**E.**    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☒

**F.**    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1.    Lung or other respiratory disease
        Yes ☐    No ☒

        *If "Yes,"* please indicate the following:

        Name and description of each illness, disease, or abnormal condition:
        _____
        _____

        The date of illness:
        _____
        _____

    2.    Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease
      Yes ☐          No ☒

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      _____

      The date of illness:

      _____

      _____

4.    Skin disease
      Yes ☐          No ☒

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      _____

      The date of illness:

      _____

      _____

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

      1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

            Yes ☒          No ☐          Don't Recall ☐

            *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| MRI | 2006 | do not remember | MRI center | near back |

13

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: _____n / A_____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

n / A

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please provide the name and address of the health care professional.

_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐         No ☒

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒         No ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐         No ☒

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐         No ☒

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐         No ☒

F.   Decedent's death certificate, if applicable.
Yes ☐         No ☒

G.   Report of autopsy of decedent, if applicable.
Yes ☐         No ☒

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| Dr. Landry | Lafayette, LA |
| | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| Dr. Landry | Lafayette, LA | 7/2009-present |
| | | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| Dr. Landry | Lafayette, LA | 7/2009-present |
| Dr. Chase | Broad St. New Orleans, LA | 2001-2008 |
| | | |

16

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| QVL | metairie, LA |
| medicine Shop | Lafayette ___, LA |
| Bradley's | Poydras, LA |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

*Edgar Gayou*                          *Edgar Galjour Jr*

**Signature of Plaintiff**          **Print Your Name**          **Date**

17

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _Edgar Galjour Jr_

Date of Birth: _____ / 1944_

Last Four Numbers of SSN: _4225_

      I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _____
_____**and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

      This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

      This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _Edgar Galjaur Jr_

Date of Birth: _/1944_

Last Four Numbers of SSN: _4225_

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of** _____
_____**and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: _Edgar Galjour Jr_

Date of Birth: _____, _/1944_

Last Four Numbers of SSN: _4225_

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ _____and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_Edgar Galjour_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Edgar Galjour Jr_

Date of Birth: _1944_

Last Four Numbers of SSN: _4225_

      I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _____
**and/or any of their designated agents.**  These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above.  This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes.  I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records).  This listing is not meant to be exclusive.

      Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this __ day of _____, 2008.

_Edgar Galjour_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Edgar Galjour Jr | /1944 | _ - 4225 |
| Address: 1301 W. Willow Apt 123A | Telephone No.: 337-233-5402 | |
| City Lafayette    State: LA | Zip Code: 70506 | |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
*Name.* . _____
*Title.* . _____
*Address.* _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>☐ Copies of the records & Inspection of the record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
|---|---|---|---|

☞ *EG*   I acknowledge, and hereby consent to such, that the released information may contain
*Initials*  alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

*Edgar Galjour* _____          _____
Signature of Patient/Legal Representative                              Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Edgar Galjour Jr._ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Edgar Galjour Jr._ (print legibly or type out name)

Signature: _Edgar Galjour_

*Page Intentionally Blank*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | Elizabeth Baker<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Drive, Suite 303, Chalmette, LA 70043 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>1961 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $500,000.00 | | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>(504) 271-8422 | 14. DATE OF SIGNATURE<br>06/26/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109    NSN 7540-00-634-4046    STANDARD FORM 95<br>PRESCRIBED<br>28 CFR 14.2

EXHIBIT

C

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95   BACK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | |
| | ) | |
| ————————————— | ) | SECTION: N(4) |
| | ) | |
| | ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) | MAG: ROBY |
| | ) | |
| Plaintiff: | ) | |
| *Elizabeth Baker* | ) | |

<u>PLAINTIFF FACT SHEET</u>

## I.   INSTRUCTIONS

IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY
IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND
RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN
THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS
FORM TO YOUR ATTORNEY.

Please provide the following information for each person claiming a formaldehyde related
injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes
Katrina and Rita in August and September, 2005.  A separate Plaintiff Fact Sheet must be
completed for each individual claiming exposure to formaldehyde.  For example, a parent
must complete a separate form for each minor child and a personal representative must
complete a separate form for each deceased person.  Whether you are completing this fact
sheet for yourself or for someone else, please assume that "You" means the person who resided
in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the
person completing this Fact Sheet does not know or does not recall the information requested in
any question, that response should be entered in the appropriate location.

1

## II.   PERSONAL INFORMATION

A.   Name (person completing form): *Elizabeth Baker*

B.   Maiden or other names used or by which you have been known: *N/A*

C.   Current Street Address: *310 LakeShore Blvd N Slidell LA 70461*

D.   Home Telephone No.: *337-344 0329*
     Cell Phone No.: _____
     Work Telephone No: _____
     Other Telephone Nos.: *N/A*

E.   Email address: _____

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

   1.   State which individual or estate you are representing:
        _____

   2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
        _____

   3.   Address (or last-known address if deceased): _____
        _____

   4.   Home Telephone No.: _____
        Cell Phone No.: _____
        Work Telephone No: _____
        Other Telephone Nos.: _____

   5.   E-mail address: _____

   6.   If you were appointed as a representative by a court, state the:

2

Court: _____      Date of Appointment: _____

7. What is your relationship to the deceased or represented person or person claimed to be injured? _____

8. If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B. Please state the name and address of the attorney representing you:

| | Law Offices of |
|---|---|
| Attorney's Name/Law Firm | **SIDNEY D. TORRES, III** |
| | *A Professional Law Corporation* |
| City, State and Zip Code | 8301 W. Judge Perez Drive, Suite 303 |
| | Chalmette, Louisiana 70043 |

C. Please state the following: (If you are a representative, please state this information for each such person being represented):

1. Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
   Yes ☑    No ☐

2. What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *Breathing Coughing up Flema, Cramps of stomach hard to swallow food, Heart Beating fast, Dry mouth less to hair*

3. During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☑ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
*Coreline* ☑ bleeding of nasal membranes (inside of nose)
☑ irritation or itching of skin *to some parts of skin*
☑ burning of skin *to some*
☑ rashes on skin
☑ drying or scaling of skin
☑ scaling or itching of eyelids
☑ irritation or swelling of eyelids or eye area

☑ tingling or swelling of lips or face area
☑ headaches
☑ nausea — *some times*
☑ vomiting — *one time*
☑ bloody vomiting
☑ abdominal pain
☑ diarrhea *comes + goes)*
☑ difficulty in breathing
☑ wheezing
☑ shortness of breath *persistent but more then*
☑ persistent cough *then normal*
☑ tightness of the chest

3

☑ bronchitis
☑ throat irritation
☑ hoarseness
☐ laryngitis
☑ pneumonia
☑ upper respiratory tract infections _problems_
☑ pulmonary edema _going to see a doctor about that_
☑ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of childhood asthma
☑ allergies for the first time in your life
☐ worsening of allergies that you had previous to living in FEMA trailer

☐ allergic contact dermatitis
☑ dizziness
☐ unconsciousness
☑ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☑ low blood pressure
☑ hypothermia (low body temperature)
☑ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _Overall decline in health_

4. Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☒   No ☐

If yes, which kind of cancer?
_Colon (ELIZABETH) (BAKER)_

5. When do you claim this injury or disease first occurred? _05-08_

6. Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☒   No ☒

If "Yes," when and who diagnosed the condition at that time?
~~BET COMITY COLON CANCER~~
_Dont know_

7. Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☒   No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _I HAD STARTED TO RECOVER_

8.   **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☒        No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
ELIZABETH ~ DR. URICK, DR. BOUTIE
EDDIE = DR. BOUTIE (PSYCHOLOGIST)

To your understanding, describe the condition for which treated:
ELIZABETH (PTSD) + (PANIC ATTACKS), (PAIN), (SLEEPLESNESS)
EDDIE   SAME AS ABOVE

State when you were treated for this psychological, psychiatric or emotional problem
RIGHT AFTER KATRINA

List the medications prescribed or recommended by the physician or counselor
ELIZABETH  XANAX, SOMA, LORTAB, TRAZADONE
EDDIE   SAME AS ABOVE (NO TRAZADONE)

9.   Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☐        No ☒

*If "Yes,"* state the amount of your claim: _____

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---------|--------------------|
|         |                    |
|         |                    |
|         |                    |
|         |                    |

B.   State Driver's License Number and State Issuing License: 003492386 EDDIE

C.   Date and Place of Birth: [    ]    ~~144~~   NEW ORLEANS

D.   Sex:   Male ☒      Female ☐

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|-------------|----------------|-----------------|---------------------|
| MORRERO JR. HIGH | HIGH | 9th grade | NONE |
| Andrews Fedesa | HIGH | 10th grade | None |

*Eddie Elizabeth*

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|------|---------|---------------------|-----------------------|
| MARATRIM | N/A Don't know | 02-05 | OPERATOR |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|------|---------|---------------------|-----------------------|
| SELF | N/A | 96-02 | LANDSCAPE |
| SELF | Don't know | 02-08 | DECKHAND |

6

| | | | |
|---|---|---|---|
| | | | |
| | | | |

3.    Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
    Yes ☒    No ☒

*If "Yes,"* state the following:

a.    If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

b.    Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G.    Previous Claims Information

1.    Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
    Yes ☐    No ☒    Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _____

_____

7

## IV.   FAMILY INFORMATION

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐          No ☐          Don't Know ☒

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|---------------------------------|
|      |              |                               |                   |                                 |
|      |              |                               |                   |                                 |
|      |              |                               |                   |                                 |
|      |              |                               |                   |                                 |
|      |              |                               |                   |                                 |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐          No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: *MORGAN*

2.    VIN: 802781

3.    FEMA Identification No.: 9311094755

4.    Bar Code Number on FEMA housing unit: 2663M

8

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☒   Mobile Home ☒

6.  Move-in Date: _10-10-06_

7.  Move-out Date: _12-15-07_

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
    630 BROTHERS RD LOT 43  MELANIE RD.
    LAFAYETTE LA  70507

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property?  YES

10. State the reason you stopped living in the FEMA trailer or mobile home:
    FEMA REQUESTED

11. Please state the approximate square footage of the FEMA housing unit: 850

12. Please state the approximate length and width of the FEMA housing unit: 80 X 12

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 2 /

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☒       No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☒       No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☒       No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐       No ☒

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☐       No ☒

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? ___0___

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐        No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☒        No ☐

*If "Yes,"* please state the following:

Date and reason for fumigation: Before we move in they said

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile ho
Yes ☒        No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
ELECTRICITY NOT FUNCTIONING not working or stove when we mared in We waited 2 month before they fixed it.

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name ~~ELIZABETH BAKER~~ | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| ELIZABETH BAKER | 48 | | From ~~11-05~~<br>To ~~12-08~~ | Yes ☒<br>No ☐<br>Don't Know ☐ | Famaldahyde |
| EDDIE GALSOUR | 65 | ~~1428 FIELD AVE~~<br>SAME | From ~~11-05~~<br>To 12-08 | Yes ☒<br>No ☐<br>Don't Know ☐ | SAME |
| STEPHANIE BAKER | 30 | mandvvl<br>st ~~tammine~~ | From 2-06<br>To 4-06 | Yes ☐<br>No ☒<br>Don't Know ☐ | Same |
| DAVID GALSOUR | 35 | P.O. BOX 2203<br>KENNER LA<br>70065 | From 2-06<br>To ~~07-06~~ | Yes ☒<br>No ☐<br>Don't Know ☐ | SAME |
| | | | From _____<br>To _____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |
| | | | From _____<br>To _____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'8"

B.   Current Weight: 160

   Weight prior to living in a FEMA trailer or mobile home: 185

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

   ☒   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

   ☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1.   Date on which smoking/tobacco use ended: _N/A_

2.   Amount smoked or used on average:
     _0 0_ per day for _05_years.

☐   Current smoker of (cigarettes)/cigars/pipe tobacco or user of chewing
     tobacco/snuff.

1.   Amount currently smoked or used on average:
     _½ pack_ per day for _05_ years.

D.   Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is
or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing
tobacco/snuff, please state the following concerning their smoking history:
                                    N/A
1.   Amount smoked or used on average, if you know:
     _____ per day for _____ years.
2.   Relationship to you: _____
3.   Please state whether the smoking occurred inside, outside or
     both. _N/A_

E.   Were you pregnant during the time in which you resided in a FEMA trailer or
     mobile home?
     Yes ☐          No ☒

     *If "Yes,"* what was the date of birth: _____

     Did your pregnancy terminate in a miscarriage or a stillborn child?
     Yes ☐          No ☐

F.   Have you ever suffered from any of the following illnesses, diseases or abnormal
     physical conditions?

1.   Lung or other respiratory disease
     Yes ☐          No ☒

     *If "Yes,"* please indicate the following:

     Name and description of each illness, disease, or abnormal condition:

     _____

     The date of illness:

     _____

     _____

2.   Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☒          No ☐

*If "Yes,"* please indicate the following.

(EDDIE)    Name and description of each illness, disease, or abnormal condition:

_pneumonia_

The date of illness:

DUOEANOSA 07

3.    Long-term stomach or bowel disease
      Yes ☒          No ☐

*If "Yes,"* please indicate the following.

(ELIZABETH)    Name and description of each illness, disease, or abnormal condition:

_colon cancer_

The date of illness:

_05 - 07_

4.    Skin disease
      Yes ☒          No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

Elizabeth Vᵢₜᵢₗᵢgₒ _igaligo_

The date of illness:

_06_

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI

      Yes ☒          No ☐          Don't Recall ☐

*If "Yes,"* answer the following:

| | Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|---|
| ELIZABETH | ALL LISTED | 05-07 | DELTORO | LAFAYETTE GENERAL | COLON |
| EDDIE | " " | 06-07 | BREAUX | SAME | HEAD, BACK, CHEST |

13

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

*Breaud* Doctor's Name: Dr Breaud
Specialty, if any: Pain   PTSD
Address: Simco Blvd Lafayette LA
Phone:
Treatment received: Pain Medication, Breathing treatments
Dates of treatment: 05 — Begins Stop begin of 07

*Eddie* Doctor's Name: Eddie has an appointment with a Breathing Doc next month
Specialty, if any: He also has an appointment with a URO this mins
Address: Pearl rokes rd in Slidell, couhing month afterwards gres
Phone: Cow sex
Treatment received: Prostrated cancer
Dates of treatment:

Doctor's Name:
Specialty, if any:
Address:
Phone:
Treatment received:
Dates of treatment:

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

*Elizabeth* Dr Delato , Dr Witch   Dr Boutie, Dr Breud, Dr Tablot
*Eddie* Dr Breud    Dr Boutie , Dr Tablot

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☑        No ☐

*If "Yes," please provide the name and address of the health care professional.*
Dr Breud   Simco, in Lafayade LA

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.   *medicare*
Yes ☑        No ☐                                                       *northshore pharmacy*
                                                                         *ovl pharmacy*

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☑        No ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☐

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☑        No ☐           *same as above*

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☐

F.   Decedent's death certificate, if applicable.
Yes ☐        No ☐

G.   Report of autopsy of decedent, if applicable.
Yes ☐        No ☐

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name | Address |
|---|---|
| Elizabeth DR Tablot | Gause Blvd |
| Eddie DR Tablot | Gause Blvd. |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Elizabeth  DR COUSTARY | Chalmette MODA | |
| Elizabeth  DR Baker | 310 Lakeshore Blvd | 04-05 |
| Eddie  DR Brand | Lafayette LA | 02-07 |
| Eddie  DR Brand | Lafayette LA | 03-07 |
| Elizabeth  DR Tase | NLO. LA | 04-08 |
| Eddie  DR DeToro | Lafayette LA | 05-09 |
| DR Tablot | Slidell LA | 08-10 |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| | | N/A | |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| | | |
| | | |

16

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

F.     Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | | Address |
|---|---|---|
|  | N / A |  |
|  |  |  |
|  |  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Elizabeth Baker_  
**Signature of Plaintiff**

_Elizabeth Baker_  
**Print Your Name**

_____  
**Date**

X   _Elizabeth Baker   7-13-11_

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE | MDL No. 1873
PRODUCT LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _Elizabeth Boko_

Date of Birth: _____ P W

Last Four Numbers of SSN: _0973_

        I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _____
_____ **and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above.  This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

        This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

        This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation.  I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

        Any copy of this document shall have the same authority as the original, and may be substituted in its place.

                    Dated this ___ day of _____, 2008.

                    _____
                    [PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _Elizabeth Keller_

Date of Birth: _61_

Last Four Numbers of SSN: _0973_

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along
with other defense counsel in the above-captioned matter, the law firm of _____
_____ and/or any of their designated agents.  These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_Elizabeth Baker_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE | MDL No. 1873
PRODUCT LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: _Elizabeth Baker_

Date of Birth: _~ 61_

Last Four Numbers of SSN: _0973_

    I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along
with other defense counsel in the above-captioned matter, the law firm of _____
_____ and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

    I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2008.

_Elizabeth Baker_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: *Elizabeth Baker*

Date of Birth: ____ - 61

Last Four Numbers of SSN: 0973

     I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents. These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

     Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

     Dated this ___ day of _____, 2008.

*Elizabeth Baker*
_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY: _____

## Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, et seq., 40:1299.96 et seq., 13:3715 et seq. and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Address:<br>City:                          State: | | Telephone No.:<br>Zip Code: |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and certified copy of my entire record of the patient listed above to:

Name. _____
Title. _____
Address. _____

Purpose: To Protect My Legal Rights
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>☐ Copies of the records & Inspection of the record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
|---|---|---|---|

*ED*   I acknowledge, and hereby consent to such, that the released information may contain
*Initials*   alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an expiration date or event, this authorization will expire in four [4] years from the date on which it was signed):_____

You have my specific consent to meet and discuss in person or by telephone with my attorneys only, any and all protected health information.

* I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
* I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
* Fees/charges will comply with all laws and regulations applicable to release information.
* I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
* I understand that I may inspect or copy the information used or disclosed upon request.
* **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

*Elizabeth Baker*                          _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Elizabeth Baker_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Elizabeth Baker_ (print legibly or type out name)

Signature: _Elizabeth Baker_

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Federal Emergency Management Agency<br>Office of General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br><br>Edgar Galjour<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Drive, Suite 303, Chalmette, LA 70043 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>‑44 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $500,000.00 | | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>DAVID C. JARRELL<br>ATTORNEY FOR CLAIMANT | 13b. Phone number of person signing form<br>(504) 271-8422 | 14. DATE OF SIGNATURE<br>06/26/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY
28 CFR 14.2



# RIDER

**6.      Date and day of accident**
Claimant became aware of the potential exposure within the last two years.

**8.      Basis of claim (State in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.**

The U.S. and its agencies, including but not limited to FEMA, failed to insure that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and it's agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and it's agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it's agencies, including but not limited to FEMA, failed to properly monitor the manufacturing process of the trailer housing units to ensure that they were in compliance with all local, state, federal and international standards. The U.S. and it's agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all, local, state, federal, and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general concealed knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and it's agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing the claimant. The U.S., through it's agencies including but not limited to FEMA, has engaged in a concerted effort to "cover up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and it's agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC Section 1983 and all applicable local, state and federal statutes or ordinances which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege, or immunity. Moreover, the U.S. and it's agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

**10.      State nature and extent of each injury or cause of death, which forms the basis of the claim.  If other than claimant, state name of injured person or decedent.**

The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and/or increased risk of cancer.  The full residual effects are yet unknown, but are serious in nature.  And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen.  The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure.  Claimant will require medical monitoring for life to check for signs of formaldehyde based injury.  Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br><br>Federal Emergency Management Agency<br>Office of General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Edgar Galjour<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Drive, Suite 303, Chalmette, LA 70043 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>1944 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
(See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | | |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $500,000.00 | | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>DAVID C. JARRELL<br>ATTORNEY FOR CLAIMANT | 13b. Phone number of person signing form<br>(504) 271-8422 | 14. DATE OF SIGNATURE<br>06/26/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

# RIDER

**6.      Date and day of accident**

Claimant became aware of the potential exposure within the last two years.

**8.      Basis of claim (State in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.**

The U.S. and its agencies, including but not limited to FEMA, failed to insure that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and it's agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and it's agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it's agencies, including but not limited to FEMA, failed to properly monitor the manufacturing process of the trailer housing units to ensure that they were in compliance with all local, state, federal and international standards. The U.S. and it's agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all, local, state, federal, and international regulations and standards. The U.S. and it's agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general concealed knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and it's agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing the claimant. The U.S., through it's agencies including but not limited to FEMA, has engaged in a concerted effort to "cover up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and it's agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC Section 1983 and all applicable local, state and federal statutes or ordinances which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege, or immunity. Moreover, the U.S. and it's agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

**10.      State nature and extent of each injury or cause of death, which forms the basis of the claim. If other than claimant, state name of injured person or decedent.**

The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and/or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER         )     MDL NO. 1873
FORMALDEHYDE             )
PRODUCT LIABILITY LITIGATION  )
                                )
_____)     SECTION: N(4)
                                )
                                )     JUDGE: ENGELHARDT
THIS RELATES TO:          )     MAG: ROBY
                                )
Plaintiff: Edgar          )
_____Galjour Jr._____)

**PLAINTIFF FACT SHEET**

## I.    INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY
IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND
RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN
THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS
FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related
injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes
Katrina and Rita in August and September, 2005. **A separate Plaintiff Fact Sheet must be
completed for each individual claiming exposure to formaldehyde. For example, a parent
must complete a separate form for each minor child and a personal representative must
complete a separate form for each deceased person.** Whether you are completing this fact
sheet for yourself or for someone else, please assume that "You" means the person who resided
in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the
person completing this Fact Sheet does not know or does not recall the information requested in
any question, that response should be entered in the appropriate location.

1

## II.   PERSONAL INFORMATION

A.   Name (person completing form): *Edgar W. Galjour Jr*

B.   Maiden or other names used or by which you have been known: *Eddie W Ga*

C.   Current Street Address: *1301 W. Willow St. Apt 123A Lafayette, LA 70506*

D.   Home Telephone No.: *337-344-0329*
Cell Phone No.: *337-344-0329*
Work Telephone No: *None*
Other Telephone Nos.: *None*

E.   Email address: *N/A*

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

   1.   State which individual or estate you are representing:
   *Edgar W Galjour Jr Chalmette LA*

   2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
   *Eddie W Galjour Jr*

   3   Address (or last known address if deceased):_____
   _____

   4.   Home Telephone No.:_____
        Cell Phone No.:_____
        Work Telephone No:_____
        Other Telephone Nos.:_____

   5.   E-mail address:_____

   6.   If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

7.  What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.  Please state the name and address of the attorney representing you:

*Sidney D. Torres III*
Attorney's Name/Law Firm
*Chalmette, LA      70043*
City, State and Zip Code

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
    Yes ☑        No ☐

2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *eyes burning, headaches, sore throat, abdominal pain*

3.  During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☑ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☑ irritation or itching of skin
☐ burning of skin
☑ rashes on skin
☑ drying or scaling of skin
☑ scaling or itching of eyelids
  irritation or swelling of eyelids or eye area

☑ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☑ vomiting
☐ bloody vomiting
☑ abdominal pain
☑ diarrhea
☑ difficulty in breathing
☑ wheezing
☑ shortness of breath
☑ persistent cough
☑ tightness of the chest

3

- ☐ bronchitis
- ☒ throat irritation
- ☒ hoarseness
- ☐ laryngitis
- ☐ pneumonia
- ☐ upper respiratory tract infections
- ☐ pulmonary edema
- ☐ asthma attacks for the first time in your life
- ☐ asthma attacks that are recurrence of childhood asthma
- ☒ allergies for the first time in your life
- ☐ worsening of allergies that you had previous to living in FEMA trailer

- ☐ allergic contact dermatitis
- ☒ dizziness
- ☐ unconsciousness
- ☐ convulsions or seizures
- ☐ blood in urine
- ☒ abnormal liver enzymes
- ☐ nephritis (inflammation of kidneys)
- ☐ low blood pressure
- ☒ hypothermia (low body temperature)
- ☐ miscarriage or stillbirth
- ☐ abnormal laboratory tests on blood
- ☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _n/A_____

_____

_____

4.  Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☒

If yes, which kind of cancer?

_____

5.  When do you claim this injury or disease first occurred? _12/2005_

6.  Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐          No ☒

*If "Yes,"* when and who diagnosed the condition at that time?

_____

_____

7.  Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐          No ☒

*If "Yes,"* set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____
_____

8.   **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
     Yes ☑        No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
*none*
_____
_____

To your understanding, describe the condition for which treated:
*depression*
_____
_____

State when you were treated for this psychological, psychiatric or emotional problem
*I did not seek treatment.*
_____

List the medications prescribed or recommended by the physician or counselor
*none*
_____
_____

9.   Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
     Yes ☐        No ☒

*If "Yes,"* state the amount of your claim: _____

5

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 1301 W. Willow Apt 123A; Lafayette, LA 70506 | 3/09 - present |
| 1222½ St. Mary St. Scott, LA 70583 | 8/08 - 3/09 |
| 630 Brothers Rd Lot 43; Lafayette, LA | 12/05 - 8/08 |
| Cajun Dome, Lafayette, LA | 8/05 - 12/05 |
| 3006 Jean Lafitte PKWY, Chalmette, LA | 2002 - 8/05 |

B.   State Driver's License Number and State Issuing License: 0034 92386   Louisiana

C.   Date and Place of Birth: [     /      /44]   New Orleans, LA

D.   Sex:   Male ☒        Female ☐

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Live Oak | | 4th grade | — |
| | | | |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Retired | 2009 | N/A | |
| | | | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Merrytrim | New Orleans, LA | 1997 - 2001 | forklift operator |
| Misc. | New Orleans, LA | in the 90's - do not remember | stagehand |

on + off <

6

| Par 3 | chalmette, 2002-2003 | washing dishes |
| unemployed | until retired 2009 | |
| | | |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐        No ☒

*If "Yes,"* state the following:

a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
| --- | --- |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G. Previous Claims Information

1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☒        No ☐        Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. MRGO ; Army Corps of Engineers suit.

_____

7

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].
Yes ☐        No ☒        Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |
|      |              |                               |                   |                                |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?
Yes ☐        No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.
Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: ~~Fleetwood~~ Morgan

2.   VIN: ~~TXFL486A0G163~~ Don't know

3.   FEMA Identification No.: 940782255

4.   Bar Code Number on FEMA housing unit: 551663 Don't know

8

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☐   Mobile Home ☒

6.  Move-in Date: 12|2005|

7.  Move-out Date: 9|2006|

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
630 Brothers Road, Lot 43 Lafayette, LA 70519

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property? trailer park

10. State the reason you stopped living in the FEMA trailer or mobile home:
fema wanted us out.

11. Please state the approximate square footage of the FEMA housing unit: 980

12. Please state the approximate length and width of the FEMA housing unit: 14 x 70

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 24

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒        No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒        No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒        No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐        No ☒

18. Is/was propane gas used in the FEMA housing unit?
Yes ☐        No ☒

9

19.  How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _____

20.  Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐          No ☒

If "Yes," please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B.  Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐          No ☒

If "Yes," please state when the test was performed and who prepared this testing:_____

C.  Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐          No ☒

If "Yes," please state the following:

Date and reason for fumigation: _____

D.  Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒          No ☐

If "Yes," please state the date and reason for repair, service or maintenance:
Fixed heater + air conditioner do not recall date

E.  Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Edgar Galjour Jr. | 65 | 1301. W. Willow Apt 123A Lafayette, LA 337-233-5402 | From 12/05 To 8/08 | Yes ☑ No ☐ Don't Know ☐ | eyes burning headache, sore throat, abdominal pain |
| Elizabeth Baker | 47 | 1301 W. Willow Apt 123A Lafayette LA 337-233-5403 | From 12/05 To 8/08 | Yes ☑ No ☐ Don't Know ☐ | coughing up mucus, burning eyes, nausea |
|  |  |  | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ |  |
|  |  |  | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ |  |
|  |  |  | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ |  |
|  |  |  | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ |  |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'8"

B.   Current Weight: _____ 185 lbs.

Weight prior to living in a FEMA trailer or mobile home: _____ about 165 lbs

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1. Date on which smoking/tobacco use ended:_____
2. Amount smoked or used on average:
   _____ per day for _____ years.

☒ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1. Amount currently smoked or used on average:
   _1 pack_ per day for _45_ years.

D. Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1. Amount smoked or used on average, if you know:
   _1 pack_ per day for _32_ years.
2. Relationship to you: _spouse_
3. Please state whether the smoking occurred inside, outside or both. _both_

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐   No ☒

If "Yes," what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐   No ☒

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1. Lung or other respiratory disease
   Yes ☐      No ☒

   If "Yes," please indicate the following:

   Name and description of each illness, disease, or abnormal condition:
   _____
   _____

   The date of illness:
   _____
   _____

2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease
      Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

4.    Skin disease
      Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

      Yes ☒        No ☐        Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| MRI | 2006 | donot remember | MRI center | neck back |
|  |  |  |  |  |

13

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: _n / A_____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

| n / A                          N / A |
|--------------------------------------|

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please provide the name and address of the health care professional.

_____

_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of the** documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers
    identified in response to this Plaintiff Fact Sheet.
    Yes ☐      No ☒

B.  Standard Form 95 submitted to any federal agency regarding any claim related to
    a FEMA trailer or mobile home, including any and all attachments.
    Yes ☒      No ☐

C.  Any test results from any testing done on your FEMA trailer or mobile home.
    Yes ☐      No ☒

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if
    you incurred related medical expenses.
    Yes ☐      No ☒

E.  Any questionnaires that you have filled out to assist any individual or entity with
    any testing done on your FEMA trailer or mobile home.
    Yes ☐      No ☒

F.  Decedent's death certificate, if applicable.
    Yes ☐      No ☒

G.  Report of autopsy of decedent, if applicable.
    Yes ☐      No ☒

## IX.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.   Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| Dr. Landry | Lafayette, LA |
|  |  |

B.   Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| Dr. Landry | Lafayette, LA | 7/2009 - present |
|  |  |  |
|  |  |  |
|  |  |  |

C.   Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.   Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.   Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| Dr. Landry | Lafayette, LA | 7/2009 - present |
| Dr. Chase | Broad St. New Orleans, LA | 2001 - 2008 |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| QVL | metairie, LA |
| medicine Shop | Lafayette , LA |
| Bradley's | Poydras, LA |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Edgar Galjour_                    Edgar Galjour Jr
**Signature of Plaintiff**              **Print Your Name**                **Date**


X    _Edgar Galjour_          7/13/11

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _Edgar Galjour Jr_

Date of Birth: _/ 1944_

Last Four Numbers of SSN: _4225_

I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _____
_____**and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
|---|---|

**AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) (TO BE SIGNED BY PLAINTIFFS MAKING A CLAIM FOR EMOTIONAL DISTRESS)**

Name: _Edgar Galjour Jr_

Date of Birth: _____ - /1944

Last Four Numbers of SSN: 4225

    I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ _____ and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
| --- | --- |

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)**

Name: _Edgar Galjour Jr._

Date of Birth: _____/1944_

Last Four Numbers of SSN: _4225_

    I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ _____and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

    I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be substituted in its place.

           Dated this ___ day of _____, 2008.

_Edgar Galjour_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Edgar Galjour Jr_

Date of Birth: _____ _1944_

Last Four Numbers of SSN: _4225_

I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned
matter, the law firm of _____
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2008.

_Edgar Galjour_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY: _____

Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Edgar Galjour Jr | 1944 | _ _____ 4225 |

Address: 1301 W. Willow Apt123A Telephone No.: 337-233-5402
City: Lafayette  State: LA  Zip Code: 70506

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

*Name.* _____
*Title.* _____
*Address.* _____

Purpose: <u>To Protect My Legal Rights</u> _____
For Treatment Date(s): <u>All Available</u>

| Type of Access | ☐ Abstract/pertinent | ☐ Lab | ☐ Progress Notes |
|---|---|---|---|
| | ☐ Emergency Room | ☐ Imaging/Radiology | ☐ Physician's Orders |
| **Requested:** | ☐ H&P | ☐ Cardiac Studies | ☐ Entire Record |
| | ☐ Consult Report | ☐ Face Sheet | ☐ Other_____ |
| | ☐ Operative Report | ☐ Nursing Notes | |
| ☐ Copies of the | ☐ Rehab Services | ☐ Medication Record | |
| records & | | | |
| Inspection of the | | | |
| record | | | |

    I acknowledge, and hereby consent to such, that the released information may contain
*E.G.* alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must
do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation
will not apply to information that has already been released in response to this authorization. I understand that the revocation
will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the
recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My
refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys,
unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164,

I have read the above and authorize the disclosure of the protected health information as stated.

*Edgar Galjour* _____    _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Edgar Galjour Jr._ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Edgar Galjour Jr._ (print legibly or type out name)

Signature: _Edgar Galjour_

Transcript of the Testimony of
# 30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

## Date taken: August 13, 2008

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation

**\*\*Note\*\*** All **electronic deposition/exhibit files** are available at **www.psrdocs.com** . Please call or e-mail reporters@psrdocs.com if you need an **Username** and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**



EXHIBIT

E

Page 1

1              UNITED STATES DISTRICT COURT

2            EASTERN DISTRICT OF LOUISIANA

3

4    IN RE:  FEMA TRAILER          MDL NO. 1873

5    FORMALDEHYDE PRODUCTS         SECTION "N"(4)

6    LIABILITY LITIGATION          JUDGE ENGELHARDT

7

8                        *   *   *

9

10          Videotaped Federal Rule 30(b)(6)

11   Deposition of MORGAN BUILDINGS & SPAS, INC.

12   and MORGAN BUILDING SYSTEMS, INC., through

13   their designated representative, JAMES

14   SCHILLIGO, 608 Wyatt Drive, St. Peters,

15   Missouri 63376, taken at the offices of

16   Lambert & Nelson, 701 Magazine Street, New

17   Orleans, Louisiana 70130, on Wednesday, the

18   13th day of August, 2008.

19

20   REPORTED BY:

21        JAMES T. BRADLE, CCR
          PROFESSIONAL SHORTHAND REPORTERS
22        (504)529-5255

23   VIDEOGRAPHER:

24        MICHAEL BERGERON
          PROFESSIONAL SHORTHAND REPORTERS
25        (504)529-5255

Page 2

```
 1    APPEARANCES:

 2         LAMBERT & NELSON
           (BY: HUGH P. LAMBERT, ESQUIRE)
 3         701 MAGAZINE STREET
           NEW ORLEANS, LOUISIANA 70130
 4
           LAW OFFICES OF FRANK D'AMICO, JR.
 5         (BY: AARON AHLQUIST, ESQUIRE -
             VIA TELEPHONE)
 6         622 BARONNE STREET
           NEW ORLEANS, LOUISIANA 70113
 7
                ATTORNEYS FOR THE PLAINTIFFS
 8
           DAIGLE, JAMISON & RAYBURN
 9         (BY: BRENDA L. MISTROT, ESQUIRE -
             VIA TELEPHONE)
10         303 WEST VERMILION STREET
           SUITE 210
11         LAFAYETTE, LOUISIANA   70502

12              ATTORNEYS FOR DEFENDANT,
                SILVER CREEK
13
           DUPLASS, ZWAIN, BOURGEOIS,
14           PFISTER & WEINSTOCK
           (BY: RYAN M. MALONE, ESQUIRE)
15         3838 NORTH CAUSEWAY BOULEVARD
           SUITE 2900
16         METAIRIE, LOUISIANA  70002

17              ATTORNEYS FOR DEFENDANT,
                GULF STREAM COACH, INC.
18
           U.S. DEPARTMENT OF JUSTICE
19         (BY: HENRY MILLER, ESQUIRE)
           CIVIL DIVISION
20         1331 PENN AVENUE, N.W.
           ROOM 8220-N WASHINGTON, D.C. 20004
21
                ATTORNEYS FOR DEFENDANT, UNITED
22              STATES OF AMERICA

23

24

25
```

Page 3

```
 1    APPEARANCES CONTINUED:

 2         GIEGER, LABORDE & LAPEROUSE
           (BY: JASON D. BONE, ESQUIRE -
 3           VIA TELEPHONE)
           701 POYDRAS STREET
 4         SUITE 4800
           NEW ORLEANS, LOUISIANA  70139
 5
               ATTORNEYS FOR DEFENDANT, FOREST
 6             RIVER

 7         LEAKE & ANDERSSON
           (BY: JERRY L. SAPORITO, ESQUIRE)
 8         1700 ENERGY CENTRE
           1100 POYDRAS STREET
 9         NEW ORLEANS, LOUISIANA  70163

10             ATTORNEYS FOR DEFENDANTS,
               FLEETWOOD ENTERPRISES, INC.,
11             ET AL

12         GARRISON, YOUNT, LORMAND, FORTE &
             MULCAHY, L.L.C.
13         (BY: RANDALL C. MULCAHY, ESQUIRE)
           909 POYDRAS STREET
14         SUITE 1800
           NEW ORLEANS, LOUISIANA  70112
15
               ATTORNEYS FOR DEFENDANTS,
16             RECREATION BY DESIGN, LLC, TL
               INDUSTRIES, INC., AND FRONTIER
17             RV, INC.

18         WILLINGHAM, FULTZ & COUGILL
           (BY: HAL L. ROACH, JR., ESQUIRE -
19           VIA TELEPHONE)
           NIELS ESPERSON BUILDING
20         808 TRAVIS, SUITE 1608
           HOUSTON, TEXAS  77002
21
               ATTORNEYS FOR DEFENDANT,
22             JAYCO AND STARCRAFT

23

24

25
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation                    30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

```
 1    APPEARANCES CONTINUED:

 2         HAILEY, McNAMARA, HALL, LARMANN
              & PAPALE, L.L.P.
 3         (BY: DAVID C. BACH, ESQ.)
           SUITE 1400, ONE GALLERIA BOULEVARD
 4         METAIRIE, LOUISIANA 70002

 5              ATTORNEYS FOR DEFENDANTS,
                AMERICAN HOMESTAR CORP. AND
 6              OAK CREEK HOMES

 7         FOWLER RODRIGUEZ VALDES-FAULI
           (BY: STEPHANIE D. SKINNER, ESQUIRE -
 8           VIA TELEPHONE)
           400 POYDRAS STREET, 30TH FLOOR
 9         NEW ORLEANS, LOUISIANA  70130

10              ATTORNEYS FOR DEFENDANTS,
                CMH MANUFACTURING, SOUTHERN
11              ENERGY HOMES, INC., PALM HARBOR
                MANUFACTURING, LP, PALM
12              HARBOR ALBERMARLE, AND GILES
                INDUSTRIES, INC.
13
           McGLINCHEY STAFFORD, PLLC
14         (BY: CHRISTINE LIPSEY, ESQUIRE
             AND DAN E. WEST, ESQUIRE)
15         FOURTEENTH FLOOR, ONE AMERICAN PLACE
           301 MAIN STREET
16         BATON ROUGE, LOUISIANA 70825

17                   (and)

18         MORGAN MANAGEMENT CORPORATION
           (BY: ALAN WINN, ESQUIRE)
19         CORPORATE COUNSEL
           2800 McCREE ROAD
20         GARLAND, TEXAS 75041

21              ATTORNEYS FOR MORGAN BUILDINGS &
                SPAS, INC.

22

23    ALSO PRESENT:

24         CANDICE SIRMON, ESQUIRE - PLAINTIFFS'
              STEERING COMMITTEE
25         RACHEAL MEZZIC - LAMBERT & NELSON
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation      30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

Page 5

```
 1              EXAMINATION INDEX

 2                                      Page

 3   EXAMINATION BY MR. LAMBERT .........13
     EXAMINATION BY MR. MILLER ..........172
 4   EXAMINATION BY MR. MULCAHY .........190

 5                 *   *   *

 6              INDEX OF EXHIBITS

 7                                      Page

 8   Exhibit No. 1  .....................69

 9   Morgan Purchase Order 131888, Terms of

10   Purchase, and Amendment No. 1 to Fleetwood

11   Enterprises, Inc. Master Sales Agreement

12   dated 9-6-05 (MORGAN-000061 through 000063)

13   Exhibit No. 2  .....................76

14   Document from Brad McKinney, Monaco Coach

15   Corp. to Morgan Building Systems dated

16   9-1-05, document entitled "32 SK Bunk House

17   Travel Trailer by Monaco Coach" and Holiday

18   Rambler cover sheet from Christina

19   Detering/Brad McKinney to Jim/Guy Morgan

20   dated 9-1-05 (MORGAN-000064 through 000066)

21   Exhibit No. 3  .....................78

22   Morgan Purchase Order 118040 dated 9-19-05,

23   Terms of Purchase, and Morgan Purchase Order

24   118034 dated 9-6-05 (MORGAN-000058 through

25   000060)
```

Page 6

```
 1    Exhibit No. 4  .....................81

 2    Morgan Purchase Order 118041 dated 9-29-05

 3    (MORGAN-000067)

 4    Exhibit No. 5  .....................85

 5    Various e-mails and Federal Emergency

 6    Management Agency (FEMA) Ruggedized

 7    Manufactured Housing Procurement

 8    Specifications dated July 14, 2005

 9    (MORGAN-000078 through 000086)

10    Exhibit No. 6  .....................95

11    E-mail from Michael Wagner to Guy Morgan

12    dated August 31, 2005 (MORGAN-000097)

13    Exhibit No. 6(A)  ..................139

14    FEMA Model Travel Trailer Procurement

15    Specifications dated August 12, 2004

16    (MORGAN000099 through 000102)

17    Exhibit No. 7  .....................138

18    Request for Quotations letter from Bryan

19    McCreary, FEMA to Vendors dated September 8,

20    2005, with attached specifications

21    (MORGAN-000088 through 000090)

22    Exhibit No. 8  .....................166

23    Color photograph

24    Exhibit No. 9  .....................166

25    Color photograph
```

Page 7

1              S T I P U L A T I O N

2

3        It is stipulated and agreed by and

4   between counsel for the parties hereto that

5   the deposition of the aforementioned witness

6   is hereby being taken for all purposes

7   allowed under the Federal Rules of Civil

8   Procedure, in accordance with law, pursuant

9   to notice;

10       That the formalities of reading and

11  signing are specifically not waived;

12       That the formalities of filing,

13  sealing, and certification are specifically

14  waived;

15       That all objections, save those as to

16  the form of the question and the

17  responsiveness of the answer, are hereby

18  reserved until such time as this deposition,

19  or any part thereof, may be used or sought

20  to be used in evidence.

21

22                  *   *   *

23       JAMES T. BRADLE, CCR, Certified Court

24  Reporter, officiated in administering the

25  oath to the witness.

Page 21

```
 1    availability of inventory and pricing.
 2         Q    All right.  And when you say "we,"
 3    is there a team of people?  Is it primarily
 4    you and Mr. Morgan, or who is it?
 5         A    Myself and Mr. Morgan.
 6         Q    Okay.  And who were your
 7    suppliers?
 8         A    For --
 9         Q    For this schedule, quantity,
10    pricing, floor plan request.
11         A    For this disaster, it would have
12    been Fleetwood, Recreation by Design and
13    Monaco.
14         Q    We have taken Fleetwood's
15    deposition, and we have the quantities and
16    so on.  Was Fleetwood the largest supplier?
17         MS. LIPSEY:
18              Objection, vague.
19    EXAMINATION BY MR. LAMBERT:
20         Q    Insofar as your procurement was
21    concerned, was Fleetwood the largest
22    supplier of travel trailers?
23         A    I don't know that for sure.
24         Q    Okay.  When you contacted
25    Fleetwood and Recreation by Design and
```

Transcript of the Testimony of
# Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

### Date taken: October 22, 2009

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)

### **Note**
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a **Username**
and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**



EXHIBIT
F

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS          SECTION N(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


*   *   *

(RE:  DUBUCLET)


VIDEOTAPED DEPOSITION OF MORGAN

BUILDINGS & SPAS THROUGH ITS CORPORATE

REPRESENTATIVE JAMES SCHILLIGO, 2800 MCCREE

ROAD, GARLAND, TEXAS 75041, TAKEN AT THE

OFFICES OF MCGLINCHEY, STAFFORD, PLLC, 601

POYDRAS STREET, 12TH FLOOR, NEW ORLEANS,

LOUISIANA, ON THE 22ND DAY OF OCTOBER, 2009.


REPORTED BY:

    PAT KENNEDY QUINTINI, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255


VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

83f35e7d-fd08-453c-b140-b8158db27f55

Page 2

```
 1    APPEARANCES:
 2         T. CHRISTOPHER PINEDO
           ATTORNEY AT LAW
 3         4550 JERICHO ROAD
           CORPUS CHRISTI, TEXAS  78413
 4
               (ATTORNEY FOR THE PLAINTIFFS)
 5
           BENCOMO & ASSOCIATES
 6         (BY:  RAUL R. BENCOMO, ESQUIRE -
               VIA TELEPHONE)
 7         639 LOYOLA AVENUE, SUITE 2110
           NEW ORLEANS, LOUISIANA  70113
 8
               (ATTORNEYS FOR THE PLAINTIFFS)
 9
           NELSON, MULLINS, RILEY & SCARBOROUGH
10         (BY: TAYLOR T. DALY, ESQUIRE)
           201 17TH STREET, NW, SUITE 1700
11         ATLANTIC STATION
           ATLANTA, GEORGIA 30363
12
               (ATTORNEYS FOR DEFENDANT,
13              FLEETWOOD ENTERPRISES, INC.)
14         MIDDLEBERG, RIDDLE & GIANNA
           (BY: RICHARD SHERBURNE, JR., ESQUIRE)
15         450 LAUREL STREET, SUITE 1101
           BATON ROUGE, LOUISIANA 70801
16
               (ATTORNEYS FOR DEFENDANT, FLUOR
17              ENTERPRISES, INC.)
18         U.S. DEPARTMENT OF JUSTICE
           CIVIL DIVISION, TORTS BRANCH
19         (BY:  HENRY MILLER, ESQUIRE)
           1331 PENN AVENUE, N.W.
20         ROOM 8220-N
           WASHINGTON, D.C.  20004
21
               (ATTORNEYS FOR DEFENDANT, UNITED
22              STATES OF AMERICA)
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f55

APPEARANCES CONTINUED:

JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP
(BY: WILLIAM D. LAMPTON, ESQUIRE - VIA TELEPHONE)
FOUR UNITED PLAZA
8555 UNITED PLAZA BOULEVARD
BATON ROUGE, LOUISIANA 70809
ATTORNEYS FOR DEFENDANTS, KEYSTONE RV COMPANY, THOR CALIFORNIA, THOR INDUSTRIES, DUTCHMEN MANUFACTURING, DS CORP (d/b/a CROSSROADS RV) AND KZ RV, LP

GARRISON, YOUNT, LORMAND, FORTE & MULCAHY
(BY: RANDALL C. MULCAHY, ESQUIRE)
909 POYDRAS STREET
SUITE 1800
NEW ORLEANS, LOUISIANA 70112
(ATTORNEYS FOR DEFENDANTS RECREATION BY DESIGN, LLC, TL INDUSTRIES, INC., FRONTIER RV, INC. AND CRUISER RV)

WILLINGHAM, FULTZ & COUGILL
(BY: THOMAS L. COUGILL, ESQUIRE - VIA TELEPHONE)
NIELS ESPERSON BUILDING
808 TRAVIS, SUITE 1608
HOUSTON, TEXAS 77002
(ATTORNEYS FOR DEFENDANTS JAYCO AND STARCRAFT)

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ
(BY: GERARDO R. BARRIOS, ESQUIRE)
201 ST. CHARLES AVENUE, SUITE 3600
NEW ORLEANS, LOUISIANA 70170
(NOT PRESENT)
(ATTORNEYS FOR DEFENDANTS, CH2M HILL CONSTRUCTORS, INC. AND SHAW ENVIRONMENTAL, INC.)

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 4

```
 1
 2       APPEARANCES CONTINUED:
 3           McGLINCHEY STAFFORD
             (BY:  CHRISTINE LIPSEY, ESQUIRE)
 4           643 MAGAZINE STREET
             NEW ORLEANS, LOUISIANA 70130
 5
                 (AND)
 6
             MCGLINCHEY STAFFORD PLLC
 7           (BY:  DAN E. WEST, ESQUIRE)
             301 MAIN STREET, 14TH FLOOR
 8           ONE AMERICAN PLACE
             BATON ROUGE, LOUISIANA  70805
 9
                 (ATTORNEYS FOR MORGAN BUILDINGS AND
10                   SPAS, INC. APPEARING UNDER
                     RESERVATION OF RIGHTS)
11
                 (AND)
12
             MORGAN MANAGEMENT CORPORATION
13           (BY:  ALAN WINN, ESQUIRE)
             CORPORATE COUNSEL
14           2800 MCCREE ROAD
             GARLAND, TEXAS   75041
15
                 (ATTORNEYS FOR DEFENDANT MORGAN
16                   BUILDINGS AND SPAS, INC.)
17           LUGENBUHL, WHEATON, PECK, RANKIN &
                 HUBBARD
18           (BY: KRISTOPHER M. REDMANN, ESQUIRE -
                 VIA TELEPHONE)
19           601 POYDRAS STREET, SUITE 2775
             NEW ORLEANS, LOUISIANA 70130
20
                 (ATTORNEYS FOR DEFENDANT,
21                   LIBERTY MUTUAL INSURANCE
                     CORPORATION)
22
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 5

```
 1

 2      APPEARANCES CONTINUED:

 3          FRILOT, L.L.C.
            PETER R. TAFARO, ESQUIRE -
 4            VIA TELEPHONE)
            3600 ENERGY CENTRE
 5          1100 POYDRAS STREET
            NEW ORLEANS, LOUISIANA  70173-3600

 6
            (ATTORNEYS FOR DEFENDANT, BECHTEL
 7           NATIONAL, INC.)

 8

 9                   *    *    *

10              EXAMINATION INDEX

11                                PAGE

12

13    EXAMINATION BY MR. PINEDO ...........12

14    EXAMINATION BY MS. DALY ............68

15    EXAMINATION BY MR. MILLER ..........91

16    EXAMINATION BY MR. SHERBURNE .......124

17    EXAMINATION BY MR. MULCAHY .........126

18    EXAMINATION BY MS. DALY ............133

19    EXAMINATION BY MR. PINEDO ..........134

20    EXAMINATION BY MR. MILLER ..........166

21    EXAMINATION BY MR. PINEDO ..........169

22

23

24

25
```

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 6

1                  *     *     *

2              INDEX OF EXHIBITS

3

4                                    Page

5   Exhibit No. 1  ......................13

6   Notice of Videotaped Federal Rule 30(b)(6)

7   Deposition of Morgan Buildings & Spas, Inc.

8   (no Bates stamps)

9   Exhibit No. 2  ......................17

10  Solicitation/Contract/Order for Commercial

11  Items between FEMA and Morgan Buildings &

12  Spas, dated 9/9/2005, Bates Morgan-000002

13  through 14

14  Exhibit No. 3  ......................18

15  Solicitation/Contract/Order for Commercial

16  Items between FEMA and Morgan Buildings &

17  Spas, no effective date, Bates Morgan-000015

18  & 16

19  Exhibit No. 4  ......................24

20  Solicitation/Contract/Order for Commercial

21  Items between FEMA and Morgan Buildings &

22  Spas, effective date 9/1/2005, Bates No.

23  Morgan-000017

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f55

Page 7

1    Exhibit No. 5  ......................25

2    Fax to Brad McKinney from Kerri dated

3    9/1/2005, Bates Morgan-000095 & 96

4    Exhibit No. 6  ......................28

5    Email from Michael Wagner to Gay Morgan

6    dated 8/31/2005, Bates Morgan-000097 & 98

7    Exhibit No. 7  ......................29

8    FEMA Model Travel Trailer Procurement

9    Specifications, dated 8/12/2004, Bates

10   FLE-00006914 through 6916

11   Exhibit No. 8  ......................30

12   Document that starts out "Question:  Do you

13   really want to ship these by rail?", Bates

14   Morgan-000103

15   Exhibit No. 9  ......................52

16   Certificate of Origin for a Vehicle, Bates

17   Morgan-001049 through 1050

18   Exhibit No. 10  ......................55

19   Invoice No. 4039-3022 from Morgan to FEMA

20   dated 4/3/2006, Bates Morgan-001051

21   Exhibit No. 11  ......................58

22   Invoice No. 604001627 to Morgan from

23   Fleetwood, dated 3/28/06, Bates

24   Morgan-001052

25

83f35e7d-fd08-453c-b140-b8158db27f55

Page 8

1   Exhibit No. 12  ......................60

2   Straight Bill of Lading from Fleetwood to

3   Morgan/FEMA dated 3/28/06, Bates

4   Morgan-001053

5   Exhibit No. 13  ......................71

6   Fleetwood Enterprises Master Sales Agreement

7   dated September 6, 2005, Bates Morgan-000055

8   through 63

9   Exhibit No. 14  ......................74

10  Email from Jim Schilligo to Guy, Dated

11  9/5/2005, Bates Morgan-000087 through 89

12  Exhibit No. 15  ......................75

13  Email from Doug Henriquez to Guy Morgan

14  dated 9/9/2005, Bates Morgan-000147 & 148

15  Exhibit No. 16  ......................85

16  Email string beginning with page that says

17  "Redacted", Bates FLE-00135116 through

18  135118

19  Exhibit No. 17  ......................87

20  Fleetwood Towable Group Engineering

21  Standards Bulletin No. 10, December 1, 1997,

22  Bates FLE_00010903 through 10918

23  Exhibit No. 18  ......................94

24  FEMA Procedure Storage Site Manual Fall

25  2005, Bates FLE-00001942 through 1955

83f35e7d-fd08-453c-b140-b8158db27755

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 9

1      Exhibit No. 19   ....................100

2      Important Notice, Bates FLE-00005100 through

3      5102

4      Exhibit No. 20   ....................108

5      Fax to Dave Busche from Guy Morgan/Elaine

6      dated 6/1/2004, Bates FLE-00001367 through

7      1370

8      Exhibit No. 21   ....................134

9      Fleetwood 2006 Owner's Manual, Bates

10     Fleetwood_EX-000003 through 105

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255                    (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f55

Page 10

1               S T I P U L A T I O N

2

3        It is stipulated and agreed by and

4    between counsel for the parties hereto that

5    the deposition of the aforementioned witness

6    is hereby being taken for all purposes

7    allowed under the Federal Rules of Civil

8    Procedure, in accordance with law, pursuant

9    to notice;

10        That the formalities of reading and

11    signing are specifically          ;

12        That the formalities of filing,

13    sealing, and certification are specifically

14    waived;

15        That all objections, save those as to

16    the form of the question and the

17    responsiveness of the answer, are hereby

18    reserved until such time as this deposition,

19    or any part thereof, may be used or sought

20    to be used in evidence.

21                    *   *   *

22        CATHY RENEE' POWELL, CCR, Certified

23    Court Reporter, officiated in administering

24    the oath to the witness.

25

Page 19

1        And the document with regard to

2    mobile homes, is that a two-page document?

3        A.    No, sir.   It's one page.

4        Q.    You now have Bates number --

5        A.    I'm sorry, two pages.

6        Q.    So Exhibit 3 is Morgan's Bates

7    No. 15 and 16; is that right?

8        A.    Yes, sir.

9        Q.    And now you have a document in

10   front of you with a Morgan Bates number of

11   17.   What does that represent?

12       A.    It is another government contract

13   for 15,000 travel trailers.

14       Q.    And is that your understanding of

15   the amount of travel trailers that Morgan

16   sold to the United States Government for

17   temporary housing units after Hurricane

18   Katrina?

19       A.    Yes, sir.

20       Q.    And this would be the contract

21   that we were talking about with the total

22   amount of travel trailers that were sold by

23   Morgan to the United States Government?

24       A.    Yes, sir.

25       Q.    Now, did Morgan itself manufacture

Page 20

1    travel trailers at any particular time?

2         A.   No, sir.

3         Q.   So to fulfill this contract, did

4    Morgan turn to the manufacturers of travel

5    trailers and ask them to fill orders for

6    them for these travel trailers?

7         A.   Yes, sir.

8         Q.   And did Morgan request travel

9    trailers from Fleetwood to fulfill this

10   request by the United States Government?

11        A.   Yes, sir.

12        Q.   Did they also request travel

13   trailers from an entity called Monaco to

14   fill this requirement for 15,000 travel

15   trailers?

16        A.   Yes, sir.

17        Q.   Did they also request travel

18   trailers from an entity called Recreation by

19   Design to fill this order for the United

20   States Government?

21        A.   Yes, sir.

22        Q.   The total amount of travel

23   trailers that Morgan sold to the United

24   States Government manufactured by Fleetwood,

25   Monaco, and Recreation by Design was 15,000;

83f35e7d-fd08-453c-b140-b8158db27f55

Page 24

1    document which has been marked as Exhibit 4,

2    which is Morgan Bates No. 17.  Just for the

3    record, so we are clear, could you identify

4    that document for me?

5         A.    Yes, sir.  It's a contract from

6    Department of Homeland Securities/FEMA to

7    Morgan, for Morgan Buildings & Spas, Inc.

8    for 15,000 travel trailers.

9     (Exhibit No. 4 marked for identification.)

10        Q.    What is the date on that document?

11        A.    8/29/2005.

12        Q.    And that's the contract we were

13   discussing earlier that provides for us some

14   of the details regarding the purchase of the

15   15,000 travel trailers by FEMA from Morgan;

16   is that right?

17        A.    Yes, sir.

18        Q.    And what Morgan did, rather than

19   constructing their own travel trailers, is

20   they contacted Recreation by Design, Monaco

21   and Fleetwood and had them construct the

22   travel trailers to fill that order?

23        A.    Correct.

24        Q.    May I see that document, sir?

25        A.    (Witness complies.)

Exhibit HHH - Sidney Torres Client List
Sent to FEMA on August 5, 2009

| Originating | Head of Household | Client First Name | Client M. Name | Client Last Name | Suffix | Soc. Sec. # | DOB | FEMA ID No. | THU Address | THU City | THU State | THU Zip Code | Attorney | Claim/GCN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 53 | Anderson, Abha Bernice | Abha | Bernice | Anderson | | -5311 | | 9315399 4726 Adina Drive | Chalmette | la | 70043 | Sidney Torres | 9315399 |
| 54 | Andrews, Cheryl | Cheryl | | Andrews | | -4982 | | 9313399 7146 Continental Road | Bay St. Louis | MS | 39520 | Sidney Torres | 9313399 |
| 55 | Andrews, Susan Kay | Susan | Kay | Anglin | | -7950 | | 9318358 22161 Benoita Road | Picayune | MS | 39466 | Sidney Torres | 9318588 |
| 56 | Anglin, Taylor Marie | Taylor | Marie | Anglin | | -6529 | | 9318589 22161 Benolie Road | Picayune | MS | 39466 | Sidney Torres | 9318589 |
| 57 | Anglin, Travis David | Travis | David | Anglin | | | | 9318589 22161 Benolie Road | Picayune | MS | 39466 | Sidney Torres | 9318589 |
| 58 | Aranata, Brittany Nicole | Brittany | Nicole | Areshi | | -4695 | | 9250417 6609 W. St. Bernard Hwy #47A | Chalmette | la | 70043 | Sidney Torres | 9250417 |
| 59 | Aranabe, Wallace Phillip | Wallace | Philip | Aranabi | | | | | | | | | | |
| 60 | Arnbie, John & Patricia III | John | & Patricia | Arnbie | III | -6283 | | 9221658 819 Open-wood East Drive | Carriere | MS | 39426 | Sidney Torres | 9221658 |
| 61 | Arbidine, Patricia G | Patricia | G | Arbidine | | | | 9221658 819 Open-wood East Drive | Carriere | MS | 39426 | Sidney Torres | 9221658 |
| 62 | Anthoun, Ivan Martinez | Ivan | Martinez | Anthoun | | -3951 | | 9308175 7215 Anna Street | Arabi | LA | 70032 | Sidney Torres | 9407426 |
| 63 | Arensnanie, Felix E. Jr. | Felix | E. | Arenesnanie | Jr. | -4332 | | 9318807 66091 History Dr | Pearl River | LA | 70452 | Sidney Torres | 9318807 |
| 64 | Acevedo, Alexander J. III | Alexander | J. | Acevedo | III | -3476 | | 9318694 11909 Deborah Drive | St. Bernard | LA | 70085 | Sidney Torres | 9318694 |
| 65 | Acevedo, Alexander J. Sr | Alexander | J. | Acevedo | Sr. | | | 9318694 11909 Deborah Drive | St. Bernard | LA | 70085 | Sidney Torres | 9318694 |
| 66 | Acevedo, Alicia M | Alicia | M. | Acevedo | | -1161 | | 9318407 2313 Victor Street | Chalmette | LA | 70043 | Sidney Torres | 9318407 |
| 67 | Acevedo, Lana | Lana | L. | Acevedo | | -1101 | | 9318407 2313 Victor Street | Chalmette | LA | 70043 | Sidney Torres | 9318407 |
| 68 | Acevedo, Nathalie M | Nathalie | M. | Acevedo | | -6647 | | 9256766 668 Eberen Street, B-30 | Chalmette | la | 70043 | Sidney Torres | 9256766 |
| 69 | Atkinson, Christopher Michael | Christopher | Michael | Atkinson | | -1486 | | 9389296 22207 Terry Lane | St. Bernard | LA | 70085 | Sidney Torres | 9389296 |
| 70 | Atkinson, Johnny | Johnny | | Atkinson | | -5002 | | 9395218 6571 1514 LA 46 | St. Bernard | LA | 70085 | Sidney Torres | 9395218 |
| 71 | Atkinson, Peggy Ann | Peggy | Ann | Atkinson | | -1296 | | 9385318 1514 LA Hwy 46 | St. Bernard | LA | 70085 | Sidney Torres | 9385318 |
| 72 | Austin, Gina M | Gina | M. | Austin | | -6990 | | 9303516 6310 Oak Drive | Violet | LA | 70092 | Sidney Torres | 9303516 |
| 73 | Austin, Leonard William Jr. | Leonard | William | Austin | Jr. | -8795 | | 9308160 3105 Oak Drive | Violet | LA | 70092 | Sidney Torres | 9308160 |
| 74 | Austin, Tyler William | Tyler | William | Austin | | -0555 | | 9318407 2313 Victor Street | Arabi | LA | 70032 | Sidney Torres | 9385318 |
| 75 | Austin, Gordon S. | Gordon | S. | Austin | | -3406 | | 9305759 1109-7331 565 Eberen Street | Arabi | LA | 70032 | Sidney Torres | 9305759 |
| 76 | Austin, Gordon S. | | | | | | | | | | | | | |
| 77 | Aya, Lee | Lee | | Aya | | -7115 | | | 608 Perrin Dr | Chalmette | LA | 70043 | Sidney Torres | 9122383 |
| 78 | Aya, Michael | Michael | | Aya | | -3450 | | 9300446 608 Perrin Dr | Chalmette | LA | 70043 | Sidney Torres | 9300446 |
| 79 | Bachmann, David Jr. | David | | Bachmann | Jr. | -2796 | | 9130781 3309 Muntford Rd | Chalmette | LA | 70043 | Sidney Torres | 9131072 |
| 80 | Bailey, Lonnie K. | Lonnie | K. | Bailey | | -4924 | | 9131195 7316 Plaza Dr | Gretna | LA | 70056 | Sidney Torres | 9131195 |
| 81 | Bailey, Sonya | Sonya | | Bailey | | -7033 | | 9407550 1556 Hanging Moss Lane | Greta | LA | 70056 | Sidney Torres | 9407550 |
| 82 | Baker, Elizabeth | Elizabeth | | Baker | | -0973 | | 9310347 1900 Brothers Rd | Lafayette | LA | 70518 | Sidney Torres | 9310347 |
| 83 | Banks, Cornelia M. | Cornelia | M. | Banks | | -1433 | | 9318635 3302 N Voge Drive | Chalmette | LA | 70043 | Sidney Torres | 9318635 |
| 84 | Banks, Gerald A. | Gerald | A. | Baltazar | | -2000 | | 9318635 3302 N Voge Drive | Chalmette | LA | 70043 | Sidney Torres | 9318635 |
| 85 | Banks, Audrey Miller | Audrey | Miller | Banks | | -5971 | | 9318537 22324 Centanni Drive | St. Bernard | LA | 70085 | Sidney Torres | 9318537 |
| 86 | Banks, LaToya Chevelle | LaToya | Chevelle | Banks | | -7589 | | 9318872 22324 Centanni Drive | St. Bernard | LA | 70085 | Sidney Torres | 9318872 |
| 87 | Banks, Ulysses Ivory III | Ulysses | Ivory | Banks | III | -3218 | | 9318187 22224 Centanni Drive | St. Bernard | LA | 70085 | Sidney Torres | 9318187 |
| 88 | Banks, Ulysses Jr. | Ulysses | | Banks | Jr. | -0887 | | 9318187 22224 Centanni Drive | St. Bernard | LA | 70085 | Sidney Torres | 9318187 |
| 89 | Barda, Anthony J | Anthony | J | Barda | | -9030 | | 9318706 3304 Voge Drive | Chalmette | LA | 70043 | Sidney Torres | 9318706 |
| 90 | Barda, Cheryl | Cheryl | | Barda | | -7131 | | 9318706 3304 Voge Drive | Chalmette | LA | 70043 | Sidney Torres | 9318706 |
| 91 | Barda, Verna E. | Verna | E. | Barda | | -1761 | | 9318706 3304 Voge Drive | Chalmette | LA | 70043 | Sidney Torres | 9318706 |
| 92 | Barnes, Karen P. | Karen | P. | Barnes | | -3851 | | 9318707 22324 Centanni Drive | St. Bernard | LA | 70085 | Sidney Torres | 9318707 |
| 93 | Barnes, Lillian Carmen | Lillian | Carmen | Barnes | Sr. | -3782 | | 9318090 1449 Perrin Dr | Chalmette | LA | 70043 | Sidney Torres | 9318090 |
| 94 | Barras, Lillian Carmen | Lillian | Carmen | Barras | | -2580 | | 9318090 1449 Perrin Dr | Chalmette | LA | 70043 | Sidney Torres | 9318090 |
| 95 | Barras, Rudy Lawrence Sr | Rudy | Lawrence | Barras | Sr. | -3587 | | 9318090 1449 Perrin Dr | Chalmette | LA | 70043 | Sidney Torres | 9318090 |
| 96 | Barriblause, Aimee Lee | Aimee | Lee | Barriblause | Sr. | -4733 | | 9398262 215 E. Grand Homestes | Chalmette | LA | 70043 | Sidney Torres | 9398262 |
| 97 | Barriblause, Juice S. | Juice | S. | Barriblause | | -6935 | | 9398262 215 E. Grand Homestes | Chalmette | LA | 70043 | Sidney Torres | 9398262 |
| 98 | Barriblause, Lee S. | Lee | S. | Lee | S. | -3705 | | 9398262 215 E. Grand Homestes | Chalmette | LA | 70043 | Sidney Torres | 9398262 |
| 99 | Barriso, Peter George | Peter | George | Barriso | | -4773 | | 9310042 22307 Caspar Drive | Arabi | LA | 70032 | Sidney Torres | 9310042 |
| 100 | Barthélémée, Diane | Diane | | Barthélémée | | -7993 | | 9387793 140 medison ave c27 | Violet | LA | 70092 | Sidney Torres | 9387793 |
| 101 | Barthélémée, Leonard Jr. | Leonard | | Barthélémée | Jr. | -3243 | | 9318202 951 Caspar Drive | Arabi | LA | 70032 | Sidney Torres | 9318202 |
| 102 | Barthélémée, Preston F. | Preston | F. | Barthélémée | | -3089 | | 9396677 2204 Trio Street | Chalmette | LA | 70043 | Sidney Torres | 9396677 |
| 103 | Basile, Beth | Beth | | Basile | | -9768 | | 9131300 2204 Trio Street | Chalmette | LA | 70043 | Sidney Torres | 9131300 |
| 104 | Basile, Christopher | Christopher | | Basile | | -2766 | | 9131300 2204 Trio Street | Chalmette | LA | 70043 | Sidney Torres | 9133308 |

EXHIBIT
G

tabbies

Exhibit HHH - Sidney Torres Client List
Sent to FEMA on August 6, 2009

| Originator | Head of Household | Client First Name | Client M. Name | Client Last Name | Suffix | Soc. Sec. # | DOB | FEMA ID No. | THU Address | THU City | THU State | THU Zip Code | Attorney | ClaimSSN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 506 | Froeba, John Abah | John | Abah | Froeba | | -5327 | | 9211429?9 2118 Myrtle Grove Trailer Park Lot 810 | Meraux | LA | 70075 | Sidney Torres | 9211429?9 |
| 506 | Froeba, John Abah | John | Abah | Froeba | | -5327 | | 9211429?9 2118 Myrtle Grove Dr, Lot 10 | Meraux | LA | 70075 | Sidney Torres | 9211429?9 |
| 506 | Froeba, Robert Joseph | Robert | | Froeba | | -5909 | | 2118 Myrtle Grove Dr, Lot 10 | Meraux | LA | 70075 | Sidney Torres | |
| 507 | Fuller, Clifford | Clifford | | Fuller | | -6459 | | 7925 Ashwood Dr | Violet | LA | 70092 | Sidney Torres | |
| 508 | Fuller, Donna Gabriel | Donna | Gabriel | Fuller | | | | | Chalmette | LA | 70043 | Sidney Torres | |
| 508 | Fuller, Walter | Walter | | Fuller | Jr. | | | | Chalmette | LA | 70043 | Sidney Torres | |
| | Fueslier, Henry | Henry | | Fueslier | | | | | Chalmette | LA | 70043 | Sidney Torres | |
| 511 | Fueslier, Pamela | Pamela | | Fueslier | | | | | Chalmette | LA | 70043 | Sidney Torres | |
| 513 | Gabriel, Ann | Ann | | Gabriel | | | | | Lumberton | MS | | Sidney Torres | |
| 513 | Gabriel, Warren T. | Warren | T. | Gabriel | | | | | Lumberton | MS | | Sidney Torres | |
| 514 | Gabriel, Warren Peter | Peter | | Gabriel | | | | | Chalmette | LA | | Sidney Torres | |
| 515 | Gabreau, Carol Lynne | Carol | | Gabreau | | | | | Chalmette | LA | | Sidney Torres | |
| 516 | Gabreau, Gary James | Gary | James | Gabreau | | | | | Chalmette | LA | | Sidney Torres | |
| 517 | Galeway, Jamar Elizabeth | Jamar | Elizabeth | Galeway | | | | | Chalmette | LA | 70043 | Sidney Torres | |
| 518 | Gaeta, Daniel Joseph Sr. | Daniel | Joseph | Gaeta | Sr. | | | | Chalmette | LA | | Sidney Torres | |
| 519 | Gaglino, Michelle | Michelle | | Gaglino | | | | | Chalmette | LA | | Sidney Torres | |
| 520 | Gabluer, Edgar W. | Edgar | W. | Gabluer | | | | | Lafayette | LA | | Sidney Torres | |
| 521 | Gabluer, Henry E. | Henry | E. | Gabluer | Jr. | | | | Chalmette | LA | | Sidney Torres | |
| 522 | Gallardo, Joseph W. | Joseph | W. | Gallardo | | | | | Arabi | LA | 70032 | Sidney Torres | |
| 523 | Garcia, Patricia Trainor | Trainor | | Garcia | | | | | Chalmette | LA | | Sidney Torres | |
| 524 | Garret, Ted A. | Ted | A. | Garret | | | | | Chalmette | LA | | Sidney Torres | |
| 524 | Gaspard, Gary Rodney | Gary | Rodney | Gaspard | | | | | Metairie | LA | | Sidney Torres | |
| 524 | Gaspard, Ivan S. | Ivan | S. | Gaspard | | | | | Hammond | LA | | Sidney Torres | |
| 526 | Gaspard, Mendi | Mendi | | Gaspard | | | | | Violet | LA | | Sidney Torres | |
| 527 | Gasser, Hervin | Hervin | | Gasser | | | | | Violet | LA | | Sidney Torres | |
| 529 | Gauci, Anthony | Anthony | | Gauci | | | | | Chalmette | LA | | Sidney Torres | |
| 530 | Gauci, Ricky | Ricky | | Gauci | | | | | Chalmette | LA | | Sidney Torres | |
| 531 | Gauci, Ronald J. | Ronald | J. | Gauci | | | | | Chalmette | LA | | Sidney Torres | |
| 530 | Gauci, Sarah Y. | Sarah | Y. | Gauci | | | | | Slidell | LA | | Sidney Torres | |
| 533 | Gaudet, Bonnie Jochum | Jochum | | Gaudet | | | | | | | | | Sidney Torres | |
| 530 | Gauthe, David | David | | Gauthe | | | | | Chalmette | LA | 70043 | Sidney Torres | |
| 335 | Gauthier, Justlyn M. | Justlyn | M. | Gauthier | | | | | Arabi | LA | | Sidney Torres | |
| 535 | Gauthier, Larry | Larry | | Gauthier | | | | | Arabi | LA | | Sidney Torres | |
| 535 | Gauthier, Logan | Logan | | Gauthier | | | | | Arabi | LA | | Sidney Torres | |
| 538 | Gauthier, Michael V. | Michael | V. | Gauthier | | | | | Arabi | LA | | Sidney Torres | |
| 539 | Geeck, Sharon S. | Sharon | S. | Geeck | | | | | Violet | LA | | Sidney Torres | |
| 540 | Geeck, Sharon S. | Sharon | S. | Geeck | | | | | Violet | LA | | Sidney Torres | |
| 541 | Geesler, Darin G. | Darin | G. | Geesler | | | | | Springfield | LA | | Sidney Torres | |
| 542 | Geesmere, Anthony G. | Anthony | G. | Geesmere | | | | | Chalmette | LA | | Sidney Torres | |
| 543 | Geesmere, Betty J. | Betty | J. | Geesmere | | | | | Chalmette | LA | | Sidney Torres | |
| 544 | Geraci, Abbsgail Rae | Rae | | Geraci | | | | | Chalmette | LA | | Sidney Torres | |
| 545 | Geraci, Adam Joseph | Adam | Joseph | Geraci | | | | | Chalmette | LA | | Sidney Torres | |
| 546 | Garcia, Christine | Christine | | Garcia | | | | | New Orleans | LA | 70125 | Sidney Torres | |
| 547 | Garcia, Clara M. | Clara | M. | Garcia | | | | | New Orleans | LA | 70126 | Sidney Torres | |

FEMA10-003017

Exhibit HHH - Sidney Torres Client List
Sent to FEMA on August 5, 2009

| OriginalKey | Head of Household | Client First Name | Client M. Name | Client Last Name | Suffix | Soc. Sec. # | DOB | FEMA ID No. | THU Address | THU City | THU State | THU Zip Code | Attorney | CleanRGSN | Barcode | Vin | THU Type | Manufacturer | Installing Contractor | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 519 | Gagliano, Michelle | Michelle | | Gagliano | | [redacted]-6030 | [redacted]1932 | 931996042 | 3309 W Judge Perez Drive, Lot #3 | Chalmette | LA | 70043 | Sidney Torres | 931996042 | 1355171 | 1NL1VTR2861066584 | TT | Gulf Stream Coach | Fluor | |
| 520 | Galjour, Edgar W. | Edgar | W. | Galjour | | [redacted]4225 | [redacted]1944 | 940782255 | 530 Brothers Rd, Lot #43 | Lafayette | La | 70519 | Sidney Torres | 940782255 | 551663 | TXFL486A06163 | MH | Fleetwood Enterprises | Fluor | |
| 521 | Gallardo, Henry E. Jr. | Henry | E. | Gallardo | Jr. | [redacted]5104 | [redacted]1954 | 939639205 | Stage Parking Lot, Lot#3 | Chalmette | LA | 70043 | Sidney Torres | 939639205 | 1109998 | 1NL1GTR2561050251 | TT | Gulf Stream Coach | | |
| 522 | Gallardo, Henry E. Jr. | Henry | E. | Gallardo | Jr. | [redacted]5104 | [redacted]1954 | 939639205 | Stage Parking Lot, Lot#3 | Chalmette | LA | 70043 | Sidney Torres | 939639205 | 1276079 | 1TC2B969461306994 | TT | Coachman | | |
| 524 | Garrett, Ted A | Ted | A | Garrett | | [redacted]6530 | [redacted]1962 | 921146609 | 2217 Victor Street | Chalmette | LA | 70043 | Sidney Torres | 921146609 | 1294920 | 1NL1GTR2761047609 | TT | Gulf Stream Coach | Fluor | |
| 525 | Gaspard, Gary Rodney | Gary | Rodney | Gaspard | | [redacted]047 | [redacted]955 | 940751495 | 616 N. Lester Ave | Metairie | LA | 70003 | Sidney Torres | 940751495 | 1160246 | 5L4TF332263016345 | TT | Pilgrim International | Shaw | |
| 526 | Gaspard, Joan S. | Joan | S. | Gaspard | | [redacted]497 | [redacted]956 | 940751495 | 616 N. Lester Ave | Metairie | LA | 70003 | Sidney Torres | 940751495 | 1180846 | 5L4TF332263016345 | TT | Pilgrim International | Shaw | |
| 527 | Gaspard, Myndi | Myndi | | Gaspard | | | [redacted]1983 | 931116069 | 29490 Catholic Hall Road | Hammond | LA | 70403 | Sidney Torres | 931116069 | 1111792 | 1NL1GTR2761002198 | TT | Gulf Stream Coach | Fluor | |
| 528 | Gasper, Hervin | Hervin | | Gasper | | [redacted]217 | [redacted]1963 | 931107813 | 3116 Angelique Dr | Violet | La | 70092 | Sidney Torres | 931107813 | 1372591 | 5CZ200P2161128348 | TT | Recreation by Design | Fluor | |
| 529 | Gauci, Anthony | Anthony | | Gauci | | [redacted]0370 | [redacted]1958 | 912225039 | 40 Madison Ave., Lot #66 | Chalmette | LA | 70043 | Sidney Torres | 912225039 | 1128412 | 1NL1GTR2361025980 | TT | Gulf Stream Coach | Fluor | |
| 530 | Gauci, Ricky | Ricky | | Gauci | | [redacted]0791 | [redacted]964 | 912225039 | Colomb Site, 40 Madison Ave., Lot #66 | Chalmette | La | 70043 | Sidney Torres | 912225039 | 1128412 | 1NL1GTR2361025980 | TT | Gulf Stream Coach | Fluor | |
| 531 | Gauci, Ronald J. | Ronald | J. | Gauci | | [redacted]0402 | [redacted]1952 | 921166500 | 40 Madison Ave., Lot #83 | Chalmette | LA | 70043 | Sidney Torres | 921166500 | 1247744 | 1KB131L236W163896 | TT | Monaco Coach Corp | Fluor | |
| 532 | Gauci, Sarah Y. | Sarah | Y. | Gauci | | [redacted]537 | [redacted]1951 | 921166500 | 8609 W St. Bernard Hwy. Lot #B-48 | Chalmette | LA | 70043 | Sidney Torres | 921166500 | 1247744 | 1KB131L236W163896 | TT | Monaco Coach Corp | Fluor | |
| 533 | Gaudet, Bonnie Jochum | Bonnie | Jochum | Gaudet | | | [redacted]1936 | 921202088 | 353 Satellite Rd | Slidell | LA | 70461 | Sidney Torres | 921202088 | 1199552 | D6EA17349 | MH | | Fluor | |
| 534 | Gauthe, David | David | | Gauthe | | [redacted]4340 | [redacted]/1960 | 911940232 | 8109 W. Judge Perez Drive #34 | Chalmette | LA | 70043 | Sidney Torres | 911940232 | 1355002 | 1NLJVTR2X61084669 | TT | Gulf Stream Coach | Fluor | |
| 535 | Gauthier, Jacklyn M. | Jacklyn | M. | Gauthier | | [redacted]5518 | [redacted]1950 | 939737432 | 441 Mehle Ave | Arabi | LA | 70032 | Sidney Torres | 939737432 | 1314465 | 4CJ1F322465342786 | TT | Fleetwood Enterprises | Fluor | |
| 536 | Gauthier, Lainey | Lainey | | Gauthier | | [redacted]9610 | [redacted]003 | 939737432 | 441 Mehle Ave | Arabi | LA | 70032 | Sidney Torres | 939737432 | 1314465 | 4CJ1F322465342786 | TT | Fleetwood Enterprises | Fluor | |
| 537 | Gauthier, Logan | Logan | | Gauthier | | [redacted]7699 | [redacted]2003 | 939737432 | 441 Mehle Ave | Arabi | LA | 70032 | Sidney Torres | 939737432 | 1314465 | 4CJ1F322465342786 | TT | Fleetwood Enterprises | Fluor | |
| 538 | Gauthier, Michael V. | Michael | V. | Gauthier | | [redacted]5555 | [redacted]1948 | 939737432 | 441 Mehle Ave | Arabi | LA | 70032 | Sidney Torres | 939737432 | 1314465 | 4CJ1F322465342786 | TT | Fleetwood Enterprises | Fluor | |
| 539 | Geeck, Sharon S. | Sharon | S. | Geeck | | [redacted]64 | [redacted]1950 | 931109417 | Madison Ave | Chalmette | La | 70043 | Sidney Torres | 931109417 | 1298606 | 1NL1GTR2061003192 | TT | Gulf Stream Coach | Fluor | |
| 540 | Geeck, Sharon S. | Sharon | S. | Geeck | | [redacted]64 | [redacted]1950 | 931109417 | Trio Street | Chalmette | La | 70043 | Sidney Torres | 931109417 | 1120739 | 1NL1GTR2761015923 | TT | Gulf Stream Coach | Fluor | |
| 541 | Geissler, Darrin G. | Darrin | G. | Geissler | | 0 | [redacted]/1962 | 911991468 | 25250 Pardue Rd, Lot 3 | Springfield | LA | 70462 | Sidney Torres | 911991468 | 1181548 | RB0SAL9472 | MH | River Birch | Fluor | |
| 545 | Geraci, Adam Joseph | Adam | Joseph | Geraci | | [redacted]0342 | [redacted]1955 | | 8609 W. St. Bernard Hwy #47A | Chalmette | La | 70043 | Sidney Torres | 912242282 | 1180940 | 1S9BV35236TSPH248 | PM | Stewart Park | Shaw | |

FEMA10-003056

EXHIBIT H

tabbies

**McGLINCHEY STAFFORD** PLLC

ATTORNEYS AT LAW

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

July 14, 2011

Roberta Burns
**Law Offices of Sidney D. Torres, III**
8301 W. Judge Perez Drive
Suite 303
Chalmette, LA 70043

RE:    *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan
Buildings & Spas, Inc.*

*Elizabeth Baker, et al. v. Morgan Building and Spas, Inc., et. al. (10-
3967)*

Dear Robert:

On October 19, 2010, your firm filed the matter styled *Elizabeth Baker, et al. v. Morgan
Building and Spas, Inc., et al.*, bearing Eastern District of Louisiana Suit No. 10-3967. Morgan
Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan) are named as
manufacturing defendants. This suit contains two plaintiffs: Elizabeth Baker and Edgar W.
Galjour. We are writing to request that you dismiss Morgan from this suit as the discovery
produced in this matter establishes that Elizabeth Baker and Edgar W. Galjour did not live in a
trailer procured by Morgan.

According to the Plaintiff Fact Sheets submitted by Elizabeth Baker and Edgar W.
Galjour, they both lived in a Fleetwood trailer bearing VIN number TXFL486A06163.
Additionally, FRRATS Exhibit HHH also confirms that Edgar W. Galjour lived in a Fleetwood
trailer bearing VIN number TXFL486A06163.

The discovery produced by Morgan in this matter is clear. Morgan procured emergency
housing units from limited, specific manufacturers, and did not act as a general procuring agent
for FEMA, procuring trailers from every manufacturer named in this litigation.[1] While Morgan
procured trailers from Fleetwood and sold those trailers to FEMA, as set forth in the enclosed
affidavit by James Schilligo, Morgan's National Sales Manager, the VIN number provided by
Elizabeth Baker, Edgar W. Galjour and FEMA does not match Morgan's records of the
Fleetwood trailers Morgan procured.

As there is <u>no</u> evidence that Morgan manufactured or procured the trailer provided by
FEMA to Elizabeth Baker and Edgar W. Galjour, we request that you dismiss their claims

---

[1] See James Schilligo depo., 21:6-13, which is attached.

379753.1


EXHIBIT
I

July 14, 2011
Page 2

against Morgan by August 19, 2011.  Otherwise, Morgan will move for summary dismissal of
their claims against Morgan and will seek its costs and attorneys' fees.

      With kindest regards we remain,

                    Very truly yours,

                    **McGlinchey Stafford, PLLC**

                    Amanda S. Stout

Enclosures

379753.1

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS         SECTION "N"(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


*   *   *


Videotaped Federal Rule 30(b)(6)

Deposition of MORGAN BUILDINGS & SPAS, INC.

and MORGAN BUILDING SYSTEMS, INC., through

their designated representative, JAMES

SCHILLIGO, 608 Wyatt Drive, St. Peters,

Missouri 63376, taken at the offices of

Lambert & Nelson, 701 Magazine Street, New

Orleans, Louisiana 70130, on Wednesday, the

13th day of August, 2008.


REPORTED BY:

    JAMES T. BRADLE, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

Page 21

```
 1    availability of inventory and pricing.

 2         Q    All right.  And when you say "we,"

 3    is there a team of people?  Is it primarily

 4    you and Mr. Morgan, or who is it?

 5         A    Myself and Mr. Morgan.

 6         Q    Okay.  And who were your

 7    suppliers?

 8         A    For --

 9         Q    For this schedule, quantity,

10    pricing, floor plan request.

11         A    For this disaster, it would have

12    been Fleetwood, Recreation by Design and

13    Monaco.

14         Q    We have taken Fleetwood's

15    deposition, and we have the quantities and

16    so on.  Was Fleetwood the largest supplier?

17         MS. LIPSEY:

18              Objection, vague.

19    EXAMINATION BY MR. LAMBERT:

20         Q    Insofar as your procurement was

21    concerned, was Fleetwood the largest

22    supplier of travel trailers?

23         A    I don't know that for sure.

24         Q    Okay.  When you contacted

25    Fleetwood and Recreation by Design and
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * MDL NO. 1873 |
| | * |
| | * |
| | * |
| | * |
| | * JUDGE ENGELHARDT |
| | * |
| THIS DOCUMENT RELATES TO: | * |
| | * |
| *Elizabeth Baker,  et al. v. Morgan Building and Spas, Inc., et. al. (10-3967)* | * MAGISTRATE CHASEZ |
| | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF TEXAS

COUNTY OF DALLAS

## AFFIDAVIT OF JAMES G. SCHILLIGO

BEFORE ME, the undersigned Notary Public, duly commissioned for the State and County aforesaid, came and appeared:

JAMES G. SCHILLIGO

who, after being first duly sworn, did depose and state:

1.  I suffer no mental or legal disability and am fully competent to make this affidavit.

2.  The following facts are based upon my personal knowledge or review of records kept in the ordinary court of business by Morgan Buildings & Spas, Inc., and such facts are true and correct.

3.  I am employed by Morgan Buildings & Spas, Inc. (Morgan) as its National Sales Manager.

4.  I held the position of National Sales Manager in 2005, at the time of Hurricanes Katrina and Rita.

5.  In connection with a contract with the Federal Emergency Management Authority (FEMA) to supply temporary housing units following Hurricanes Katrina and Rita, Morgan procured temporary housing units directly from the following manufacturers:

Fleetwood Enterprises, Inc., Recreation by Design, LLC, and Monaco Coach Corporation.

6.    In connection with Morgan's procurement of the temporary housing units from the specified manufacturers and delivery of the temporary housing units to FEMA, Morgan maintained a spreadsheet which listed each temporary housing unit by VIN number among other pertinent information.

7.    I reviewed the Plaintiff Fact Sheets submitted by Elizabeth Baker and Edgar W. Galjour in this matter.  According to the Plaintiff Fact Sheets, Elisabeth Baker and Edgar W. Galjour lived in a Fleetwood mobile home bearing VIN number TXFL486A06163. Additionally, Elisabeth Baker and Edgar W. Galjour reported their mobile home measured "14 x 70."

8.    I also reviewed FEMA FRRATS Exhibit HHH, which states that Edgar W. Galjour lived in a Fleetwood temporary housing unit bearing VIN number TXFL486A06163.

9.    I reviewed Morgan's spreadsheet of temporary housing unit VIN numbers and have ascertained that Morgan did not procure the Fleetwood temporary housing unit bearing VIN number TXFL486A06163.

10.   Further, Morgan did not procure mobile homes from Fleetwood which measured 14 feet by 70 feet.  Rather, all mobile homes Morgan purchased from Fleetwood measured 14 feet by 60 feet.

Thus read and signed in _Gretna_, Texas, this _13_ day of July, 2011.

_James G. Schilligo_

Sworn to and subscribed before me, Notary Public, this _13th_ day of July, 2011.

_Patricia L Crow_
Notary Public
Printed Name: _PATRICIA  L  CROW_
Notary No.: _____
My Commission Expires: _11-18-13_

PATRICIA L. CROW
Notary Public, State of Texas
My Commission Expires
November 18, 2013

McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

FLORIDA    LOUISIANA    MISSISSIPPI    NEW YORK    OHIO    TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

June 17, 2011

David C. Jarrell
**Law Offices of Sidney D. Torres, III**
8301 W. Judge Perez Drive
Suite 303
Chalmette, LA 70043

RE:    *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.*

*Elizabeth Baker, et al. v. Morgan Buildings & Spas, Inc., et al. (E.D. La. 10-3967)*

Dear David:

On October 19, 2010, you filed the matter styled *Elizabeth Baker, et al. v. Morgan Buildings & Spas, Inc., et al.* in the Eastern District of Louisiana, bearing Suit No. 10-3967. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan) are named as manufacturing defendants.   We are writing to request that you correct several deficiencies with regard to the Plaintiff Fact Sheets (PFS) submitted by the plaintiffs in this matter.

The PFS submitted by the plaintiffs Elizabeth Baker and Edgar W. Galjour are deficient in several respects.   Specifically, Elizabeth Baker's PFS provided deficient responses for Section III(C)(6), Section VI(B) and Section VI(C).   Edgar W. Galjour provided deficient responses for Section IV(G)(1) and Section VII.

Pursuant to Pretrial Order No. 2, each plaintiff is required to serve upon Defendants' Liaison Counsel a completed and signed PFS.   As this suit was filed after November 30, 2009, the plaintiffs were required to submit completed PFS within 30 days of the filing of their complaint.   *See* Pretrial Order No. 32, page 4 § G.   Thus, the plaintiffs were to file completed PFS by November 18, 2010. We are not aware of any request by the plaintiffs for an extension of the applicable PFS deadlines.   Pre-Trial Order Nos. 2 and 32 further provide that any plaintiff who fails to serve a PFS within the time period established by the court shall have his claims dismissed with prejudice, upon an appropriate showing.

In accordance with Pretrial Order Nos. 2, 32 and 86, please provide an amended PFS addressing the deficiencies noted above for Elizabeth Baker and Edgar W. Galjour within 30 days.  If we are incorrect and PFS amendments resolving these deficiencies were timely filed by

380428.1

**EXHIBIT**

J

David Jarrell
June 17, 2011
Page 2


Elizabeth Baker and/or Edgar W. Galjour, please identify the date of its original production and the title of the CD.

     With kindest regards we remain,

                Very truly yours,

                **McGlinchey Stafford, PLLC**

                Amanda S. Stout

380428.1

Law Offices of

# SIDNEY D. TORRES, III

*A Professional Law Corporation*

SIDNEY D. TORRES, III
storres@torres-law.com

ROBERTA L. BURNS
rburns@torres-law.com

BECKY R. CIEUTAT
bcieutat@torres-law.com

**July 11, 2011**

www.torres-law.com

Amanda Stout
McGlinchey Stafford PLLC
301 Main Street
One American Place, 14th Floor
Baton Rouge, LA 70825

Re:    FEMA Trailer Formaldehyde Product Liability Litigation
       MDL No. 07-1873
       Elizabeth Baker, et al v. Morgan Buildings and Spas, Inc., et al (EDLA 10-
       3967)

Dear Counsel:

Pursuant to and in satisfaction of the Court's PTO No. 88, enclosed is a CD with your copy of the updated, amended PFS's correcting asserted deficiencies in response to your deficiency letter involving clients named in the above referenced matter.

Elizabeth Baker
Edgar Galjour

Thanking you for your attention to this matter, I remain

Sincerely,

s/Roberta L. Burns

Roberta L. Burns

RLB/jb
Encls.



PERSONAL INJURY · REAL ESTATE · CLASS ACTIONS · COMPLEX LITIGATION · CRIMINAL DEFENSE
8301 W. JUDGE PEREZ DRIVE · SUITE 303 · CHALMETTE, LOUISIANA 70043 · (504) 271-8422 · FAX: (504) 271-1961