UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                            MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                    SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-2293

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Sunnybrook RV, Inc. ("Sunnybrook") (Rec. Doc. 23528). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23800).

Sunnybrook moves to dismiss the claims of plaintiff Crystal Lynn Hester on grounds that she has failed to comply with this Court's orders by failing to cure material deficiencies in her Plaintiff Fact Sheet.

### A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs

1

in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5.  This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.*  More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days.  *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors:  '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay

caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On May 16, 2011, counsel for Sunnybrook sent a letter to plaintiffs' counsel identifying material deficiencies in the PFS of Crystal Lynn Hester. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23528-3). On June 14, 2011, plaintiffs' counsel sent supplemental responses. *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 23528-4). However, the responses were boilerplate and generic and did not cure the deficiencies. *Id.*

After the instant motion was filed, Ms. Hester completed additional supplemental PFS responses, which are attached to her opposition memorandum. *See* Exhibit A to Opposition Memorandum (Rec. Doc. 23800–1). She now has provided answers to each of the twenty-three (23)

"key" questions identified in Pre-Trial Order No. 88,[1] with the exception of the following: (1) whether she has a history of lung disease and/or skin disease (VI.F.1 & 4); (2) the average number of hours she spent per day in the FEMA unit (V.13); (3) the amount of her lost wage claim (IV.F.3); and (4) she states that she does not recall the name of the physician who treated her at the emergency room of the Women's and Children's Hospital in Lake Charles. *Id.* She also has not yet provided a signed certification page.

The Court finds that Ms. Hester has materially complied with her PFS obligations at this stage of the proceedings, with the exception of the lost wage claim. The defendants are prejudiced by their inability to learn the basis for and amount of this claim, as required in PFS question IV.F.3. However, this shortcoming is remedied by a lesser sanction and does not justify dismissal under Rule 41(b) or Rule 37. If Ms. Hester does not provide the required lost wage information to Sunnybrook within fifteen (15) days, the lost wage claim shall be dismissed. This ruling does not relieve Ms. Hester of her continuing obligation to provide a signed certification for the supplemental responses, to supplement her answers to the extent that they are or may become incomplete or inaccurate, and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. Nor does it exempt her from future dismissal should she fail to satisfy these obligations.

---

[1] From the time PTO No. 88 was signed (June 24, 2011) until May 31, 2012 (sixty days after April 1, 2012), motions to dismiss for PFS deficiencies are limited to deficiencies related to the 23 "key" fields except in cases where deficiency notices already had been served and the time for curing deficiencies already had expired when PTO No. 88 was signed. (Rec. Doc. 22153 at 3). Because Sunnybrook's deficiency notice was served on May 16, 2011 (several weeks after March 24, 2011), Ms. Hester had 60 days (rather than 30) in which to cure her PFS deficiencies, and her time for curing had not yet expired when PTO No. 88 was signed on June 24, 2011. *Id.* Thus, this motion does not fall within the proviso allowing motions to dismiss for deficiencies beyond the 23 "key" fields.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 and 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23528)**, filed by defendant Sunnybrook RV, Inc., is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Crystal Lynn Hester shall within fifteen (15) days provide to Sunnybrook answers to PFS question IV.F.3(a) and (b).  Upon her failure to do so, Sunnybrook may file an ex-parte motion to dismiss her lost wage claim with prejudice.

New Orleans, Louisiana, this __14th__ day of December, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**