UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                               MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

                                                             SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7090

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets, filed by defendants Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. ("Bechtel"), and CH2M Constructors, Inc. ("CH2M") (Rec. Doc. 23538). Plaintiffs have filed an opposition memorandum (Rec. Doc. 23796).

Starcraft, Bechtel, and CH2M move to dismiss the claims of three plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Joseph Boyd on behalf of Jaden Boyd; (2) Joseph Boyd on behalf of Joseph Boyd, Jr.; and (3) Joseph Boyd on behalf of Jossie Boyd.

## A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially

comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5.  This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*.  More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).

Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On July 29, 2010, defendant Starcraft sent a letter to plaintiffs' counsel specifying material deficiencies in the PFS of:  (1) Joseph Boyd on behalf of Jaden Boyd, (2) Joseph Boyd on behalf of Joseph Boyd, Jr., and (3) Joseph Boyd on behalf of Jossie Boyd, among others.  *See* Exhibit B to Movants' Memorandum in Support (Rec. Doc. 23538-4).  In response, plaintiffs' counsel sent supplemental PFS responses.  However, the supplemental responses were generic and boilerplate (*i.e.*, "Will Supplement") and did not cure the deficiencies.  *See* Exhibits C, E and G to Movants'

Memorandum in Support (Rec. Doc. 23538-5, -7, -9).

The deficiencies in the PFS of these three plaintiffs are substantial. Each of them has failed to provide basic, core information about the plaintiff's claims. For example, each has failed to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); (7) the VIN for the FEMA unit (V.A.2); (8) the manufacturer of the FEMA unit (V.A.1); (9) the bar code for the FEMA unit (V.A.4); (10) a move-in date for the FEMA unit (V.A.6); (11) a move-out date for the FEMA unit (V.A.7); (12) an installation address for the FEMA unit (V.A.8); and (13) the names of others who resided in the FEMA unit (V.E).[1] *See* Exhibits A, C through G to Movants' Memorandum in Support (Rec. Docs. 23538-3, -5 through -9). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that each of these plaintiffs has failed to materially comply with his obligations to submit a completed PFS. The Court further finds that the defendants have been

---

[1] Each of the plaintiffs name three defendants: Gulf Stream Coach, Inc., Scotbilt Homes, Inc., and Starcraft RV, Inc. However, they do not specify a VIN, manufacturer, or barcode for any FEMA unit other than for a Scotbilt mobile home. Moreover, they provide only one installation address and one set of move-in and move-out dates.

substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims.

In addition, the record shows that these plaintiffs are personally responsible for their failure to comply with this Court's orders. The record shows that plaintiffs' counsel has tried for weeks to reach the plaintiffs regarding the deficiencies in the PFS, calling twice daily. *See* Affidavits of Plaintiffs' Counsel's Project Coordinator, Exhibits A and B to Plaintiff's Opposition Memorandum (Rec. Doc. 23796-1 and -2). Counsel has sent multiple letters over the course of two years, to no avail. *Id.* Counsel has also performed computer-based person searches in an effort to locate them. *Id.* Despite counsel's efforts, the plaintiffs have failed to provide the information necessary to cure their PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of (1) Joseph Boyd on behalf of Jaden Boyd, (2) Joseph Boyd on behalf of Joseph Boyd, Jr., and (3) Joseph Boyd on behalf of Jossie Boyd, and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that efforts by counsel for plaintiffs and defendants have failed to motivate them to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to (1) Joseph Boyd on behalf of Jaden Boyd, (2) Joseph Boyd on behalf of Joseph Boyd, Jr., and (3) Joseph Boyd on behalf of Jossie Boyd. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23538)**, filed by defendants Starcraft RV, Inc., Bechtel National, Inc., and CH2M Constructors, Inc., is hereby **GRANTED**, and the claims of (1) Joseph Boyd on behalf of Jaden Boyd, (2) Joseph Boyd on behalf of Joseph Boyd, Jr., and (3) Joseph Boyd on behalf of Jossie Boyd are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  14th  day of December, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**