UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                             MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                    SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7083

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets, filed by defendants Jayco, Inc. ("Jayco"), Bechtel National, Inc. ("Bechtel"), and Fluor Enterprises, Inc. ("Fluor") (Rec. Doc. 23540, as modified by Rec. Docs. 23817 and 23845). Plaintiffs have filed an opposition memorandum (Rec. Doc. 23794).

In their original motion papers, Jayco, Bechtel, and Fluor moved to dismiss the claims of two plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Richard Roush; and (2) Sasson Brown. *See* Rec. Doc. 23540. However, the movants subsequently withdrew their motion as to Richard Roush. *See* Rec. Docs. 23817 and 23845. Accordingly, the motion remains pending only as to Sasson Brown.

**A. BACKGROUND:**

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See*

1

Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be

futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On April 13, 2010, defendant Jayco sent a letter to plaintiffs' counsel specifying material deficiencies in the PFS of Sasson Brown, among others. *See* Exhibit B to Movants' Memorandum in Support (Rec. Doc. 23540-4). In response, plaintiffs' counsel sent supplemental PFS responses. However, the supplemental responses were generic and boilerplate (*e.g.*, "I do not recall" and "Will

Supplement") and did not cure the deficiencies. *See* Exhibit D to Movants' Memorandum in Support (Rec. Doc. 23540-6).

The deficiencies in the PFS of Sasson Brown are substantial. It fails to provide basic, core information about the plaintiff's claims. For example, it fails to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); (7) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); (8) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B); (9) a move-in date for the FEMA unit (V.A.6); (10) a move-out date for the FEMA unit (V.A.7); and (11) an installation address for the FEMA unit (V.A.8). *See* Exhibits A and D to Movants' Memorandum in Support (Rec. Docs. 23540-3, -6). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that Sasson Brown has failed to materially comply with her obligations to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts

about this plaintiff's claims.

In addition, the record shows that Sasson Brown is personally responsible for her failure to comply with this Court's orders. The record shows that plaintiffs' counsel has tried for weeks to reach Ms. Brown regarding the deficiencies in her PFS, calling her twice daily. *See* Affidavit of Plaintiffs' Counsel's Project Coordinator, Exhibit A to Plaintiff's Opposition Memorandum (Rec. Doc. 23794-1). Counsel has sent multiple letters over the course of two years, to no avail. *Id.* Counsel has also performed computer-based person searches in an effort to locate the plaintiff. *Id.* Despite counsel's efforts, Ms. Brown has failed to provide the information necessary to cure her PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Sasson Brown, and that the blame for this delay and failure to prosecute lies with the plaintiff herself, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by this plaintiff, given that efforts by counsel for plaintiffs and defendants have failed to motivate her to provide the missing information necessary to prosecute her claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to Sasson Brown. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23540, as modified by Rec. Docs. 23817 and 23845)**, filed by defendants Jayco, Inc., Bechtel National, Inc., and Fluor Enterprises,

Inc., is hereby **GRANTED**, and the claims of Sasson Brown are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __14th__ day of December, 2011.

                                          _____
                                          **KURT D. ENGELHARDT**
                                          **United States District Court**