UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCT | * | |
| LIABILITY LITIGATION | * | |
| | * | SECTION "N-5" |
| THIS DOCUMENT RELATES TO: | * | |
| Case Nos.  09-8374, 11-0410 | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAG. JUDGE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 AND 32 RELATING TO PLAINTIFF FACT SHEETS AND THE MATCHING REQUIREMENTS OF PRE-TRIAL ORDERS NO. 38, 49 AND 68**

**MAY IT PLEASE THE COURT:**

Forest River, Inc. moves this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with Pre-Trial Orders Nos. 2 and 32 Relating to the Production of Plaintiff Fact Sheets and the matching requirements of Pre-Trial Orders No. 38, 49 and 68.

- Valerie C. Barnes (Plaintiff in *Albert*, C.A. 09-8374)
- Bradford C. Brooks (Plaintiff in *Albert*, C.A. 09-8374)
- Shalonda Captain o/b/o S.C. (Plaintiff in *Albert*, C.A. 09-8374)
- Melwyn Clayton o/b/ D.C. (Plaintiff in *Albert*, C.A. 09-8374)
- Kenneth J. Dimery (Plaintiff in *Albert*, C.A. 09-8374)
- Angiela L. Green (Plaintiff in *Albert*, C.A. 09-8374)
- Keith Heechung, Jr. o/b/o E.H. (Plaintiff in *Albert*, C.A. 09-8374)
- Michelle Johnson (Plaintiff in *Albert*, C.A. 09-8374)
- Joseph Johnson o/b/o S.J. (Plaintiff in *Albert*, C.A. 09-8374)
- John Kissanis (Plaintiff in *Albert*, C.A. 09-8374)
- Spencer E. Vitto, Sr. (Plaintiff in *Albert*, C.A. 09-8374)
- Eloise E. Gums (Plaintiff in *Gums,* C.A. 11-0410)

**BACKGROUND - CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order ("PTO" or "Order") No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a more standardized and simplified format. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when any particular plaintiff failed to comply with its obligation to submit a properly completed PFS Sheet. In outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8—9. The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended PTO No. 2 with PTO No. 32 as to the due dates for these same PFSs. Rec. Doc. No. 1180. Because of the large number of cases being filed in the summer of 2009, PTO No. 32 provided new deadlines for the production of the PFSs and it also retained the same curing procedure as was set forth in PTO No. 2.

On May 27, 2009 the Court entered PTO No. 38 thereby placing on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed.  Rec. Doc. No.  1596.  For complaints that had already been filed or transferred to this Court as of December 9, 2009, the deadline to complete this matching expired twenty days thereafter, on December 29, 2009.  *See* Pre-Trial Order No. 49 (Rec. Doc.

8908).  For complaints not already filed or transferred to this Court by December 9, 2009, the pre-trial order requires that plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint." *Id.* (emphasis omitted).  Pre-Trial Order No. 45 further provides that the matching deadline is subject to extension "for good cause shown." *Id.* The above listed complaints were filed on December 28, 2009 and December 29, 2009, respectively.  Thus, plaintiffs' deadline for matching to the correct, single manufacturing defendant expired 45 days from the date of filing, or February 11, 2010 for the *Albert's* plaintiffs; the deadline for the *Gums'* plaintiff expired 45 days from the date of filing, or February 12, 2010.  If the above listed plaintiffs were some of the plaintiffs who had trouble obtaining matching information, and their attorneys fulfilled the strict requirements for participating in the "last chance" matching process established by the Court, then their deadline for participating in this process would have been August 2, 2010.  *See* Amended Pre-Trial Order No. 68 Concerning Deadlines for Matching and Filing (Rec. Doc. 14779).  While Plaintiffs' counsel have not given any indication that the above listed plaintiffs participated in the "last chance" process, at the very latest, the deadline for matching the plaintiffs with the correct manufacturing defendant expired more than a year ago.

The Plaintiffs listed above have failed to comply with the deficiency and curing procedures set out in PTO Nos. 2 and 32 and with the matching requirements of PTO Nos. 38, 49 and 68.

## LAW AND ARGUMENT

Here, Forest River respectfully submits that the Plaintiffs listed above have failed to comply with PTO Nos. 2, 32, 38, 49 and 68, and therefore, this Court should dismiss their claims.

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993).

Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice. *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc*., 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970).

A Plaintiff Fact Sheet includes 122 questions that were to be answered. In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc.22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

**Valerie C. Barnes**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed, Forest River received the unsigned and undated Plaintiff Fact Sheet of Valerie C. Barnes (*See* Plaintiff Fact Sheet of Valerie C. Barnes, attached as Exhibit "A").  Upon receipt of

4

the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.   In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Valerie C. Barnes's PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as the trailer's VIN and the Plaintiff's signed certification were requested on April 6, 2011.  Plaintiff's Counsel provided Forest River with a revised PFS on or about May 9, 2011, wherein a signed certification was provided; however, both the initial and revised PFS identified the Manufacturer as "Unknown at this time," and the VIN, FEMA Id and Barcode as "Not Applicable," which are not responsive answers.  Further, this Plaintiff has clearly indicated that she does not know who manufactured the FEMA housing unit she occupied.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information on the smoking history of other trailer resident(s) and request for reimbursement of medical expenses.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letter dated June 29, 2011 has lapsed and Plaintiff has not cured the noted deficiencies.   Forest River has received no requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff.

In addition to not knowing who manufactured the FEMA housing unit she occupied, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |

(*See* Ex. "A")

While Valerie C. Barnes has answered 19 of the required 23 key questions, she does not know who manufactured the FEMA housing unit she occupied.  To date, her PFS remains deficient.  This Plaintiff does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Bradford C. Brooks**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed, Forest River received the unsigned and undated Plaintiff Fact Sheet of Bradford C. Brooks (*See* Plaintiff Fact Sheet of Bradford C. Brooks, attached as Exhibit "C").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Bradford C. Brook's PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN and signed certification were requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Liaison Counsel for Plaintiff's FEMA Id, Barcode, names of all trailer resident(s), smoking history of other trailer resident(s), prior medical history, request for reimbursement of medical expenses, wage claim and signed certification.  The appropriate 60 days for responding to Forest River's Rule 37 Deficiency Letters has lapsed and Plaintiff has not cured the noted deficiencies.  Forest River has received no requests for extensions or the production of PFS amendments or errata sheets with regard to this Plaintiff.  Most importantly, this Plaintiff's PFS identified Fleetwood, rather than Forest River, as the manufacturer and responded with "Not Applicable" for the VIN, FEMA Id, and

Barcode, which are not responsive answers.  Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* attached Exhibit "C"), his claim should be dismissed from a suit against Forest River.

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| FEMA Id | V.A.3 |
| Barcode | V.A.4. |
| Signed Certification | |

(*See* Ex. "C")

While Bradford C. Brooks has answered 20 of the required 23 key questions, he did not sign his PFS Certification, he did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Therefore, this Plaintiff's PFS still remains deficient and he does not belong in a suit against Forest River; his claim should be dismissed accordingly.

**Sholanda Captain on behalf of S.C.**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received the unsigned and undated Plaintiff Fact Sheet of S.C.  (*See* Plaintiff Fact Sheet of S.C., attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of S.C.'s PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, Plaintiff's smoking history, smoking history of other resident(s) and signed certification were requested on April 6, 2011.   In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on the smoking history of other trailer resident(s), prior medical history, and request for reimbursement of medical expenses.   Forest River received untimely responses from Plaintiff's Counsel to both Rule 37 Deficiency Letters.   Most importantly, this Plaintiff's initial PFS and revised PFS identified Cavalier, rather than Forest River, as the manufacturer and responded with "Not Applicable" for the VIN, FEMA Id, and Barcode, which are not responsive answers.   Because this Plaintiff has clearly admitted that she did not stay in a Forest River unit (*See* attached Exhibit "D"), she does not belong in a suit against Forest River.

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Barcode | V.A.4. |

(*See* Ex. "D")

While S.C. has answered 20 of the required 23 key questions, she did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.   Therefore, this Plaintiff's PFS still contains deficiencies, she does not belong in a suit against Forest River and her claim should be dismissed accordingly.

**Melwyn Clayton on behalf of D.C.**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received the improperly signed Plaintiff Fact Sheet of D.C. (*See* Plaintiff Fact Sheet of D.C., attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of D.C.'s PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN was requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on the smoking history of other trailer resident(s), prior medical history, request for reimbursement of medical expenses, wage claim and signed certification.  Forest River received an untimely response from Plaintiff's Counsel to the Rule 37 Deficiency Letter sent on June 29, 2011.  Most importantly, this Plaintiff's PFS identified Cavalier, rather than Forest River, as the manufacturer, and listed a vehicle identification number ("VIN") with a X$X$TSMH prefix, which is not a Forest River prefix.  Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* attached Exhibit "E"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO 38, 49 and 68.

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Signed Certification | |

(*See* Ex. "E")

While D.C. has answered all 23 of the required key questions, he did not sign his PFS Certification, did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant. Therefore, this Plaintiff's PFS still contains deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Kenneth J. Dimery**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009. After the complaint was filed Forest River received the unsigned and undated Plaintiff Fact Sheet of Kenneth J. Dimery (*See* Plaintiff Fact Sheet of Kenneth J. Dimery, attached as Exhibit "F"). Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient. In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Kenneth J. Dimery's PFS. (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN and signed certification were requested on April 6, 2011. In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on the FEMA Id, Barcode, smoking history of other trailer resident(s), prior medical history, and request for reimbursement of medical expenses, wage claim and signed certification. Forest River received untimely responses from Plaintiff's Counsel to both Rule 37 Deficiency Letters. Most importantly, this Plaintiff's PFS identified Cavalier, rather than Forest River, as the manufacturer, and listed a

vehicle identification number ("VIN") with a RB05AL prefix, which is not a Forest River prefix. Because this Plaintiff has clearly admitted that he did not stay in a Forest River unit (*See* attached Exhibit "F"), his claim should be dismissed for failure to match with the correct manufacturing defendant pursuant to the deadlines set forth in PTO 38, 49 and 68.

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Signed Certification | |

(*See* Ex. "F")

While Kenneth J. Dimery has answered all 23 of the required key questions, he did not sign his PFS Certification, did not stay in a Forest River unit, was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Therefore, this Plaintiff's PFS still contains deficiencies, he does not belong in a suit against Forest River and his claim should be dismissed accordingly.

**Angiela L. Green**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received a blank, unsigned and undated Plaintiff Fact Sheet of Angiela L. Green (*See* Plaintiff Fact Sheet of Angiela L. Green, attached as Exhibit "G").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Angiela Green's PFS.  (*See* Rule

37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's symptoms, cancer history, VIN, move in and move out date, smoking history, other smoking history of trailer resident(s), documents A-G, medical providers and signed certification were requested on April 6, 2011. In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on the smoking history of other trailer resident(s), prior medical history, and request for reimbursement of medical expenses, wage claim, number of hours spent in trailer and signed certification. Forest River received untimely responses from Plaintiff's Counsel to both Rule 37 Deficiency Letters. Most importantly, this Plaintiff does not know who manufactured the FEMA housing unit she occupied. The Plaintiff identified the manufacturer, vehicle identification number ("VIN"), FEMA ID and Barcode with "Awaiting Disaster File," which are not responsive answers. Thus, this Plaintiff has clearly indicated that she does not know which FEMA housing unit she occupied.

In addition to not knowing who manufactured the FEMA housing unit she occupied, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| FEMA Id | V.A.3 |
| Barcode | V.A.4. |
| Signed Certification | |

(*See* Ex. "G")

While Angiela Green has answered all 19 of the required 23 key questions, her PFS remains deficient.  She does not know who manufactured the FEMA housing unit she occupied, she does not belong in a suit against Forest River and her claims should be dismissed on that basis.

**Keith Heechung, Jr. o/b/o E.H.**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received a blank, unsigned and undated Plaintiff Fact Sheet of E.H. (*See* Plaintiff Fact Sheet of E.H., attached as Exhibit "H").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of E.H.'s PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, smoking history, other smoking history of trailer resident(s) and signed certification were requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on the FEMA Id, Barcode, smoking history of other trailer resident(s), prior medical history, and request for reimbursement of medical expenses and signed certification.  Forest River received untimely responses from Plaintiff's Counsel to both Rule 37 Deficiency Letters.  Most importantly, this Plaintiff has clearly indicated that she does not know who manufactured the FEMA housing unit she occupied.   The Plaintiff identified the manufacturer as "Unknown at this time" and the VIN was "Not Applicable."

In addition to not knowing who manufactured the FEMA housing  unit she stayed in, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Signed Certification | |

(*See* Ex. "H")

While E.H. has answered 21 of the required 23 key questions, she did not sign her PFS Certification and does not know who manufactured the FEMA housing unit she occupied; therefore, she does not belong in a suit against Forest River, and her claim should be dismissed on that basis.

**Michelle Johnson**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received a blank, unsigned and undated Plaintiff Fact Sheet of Michelle Johnson (*See* Plaintiff Fact Sheet of Michelle Johnson, attached as Exhibit "I").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Michelle Johnson's PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").  Information that is critical to this Plaintiff's claim, such as Plaintiff's symptoms, cancer history, VIN, move in and move out dates, smoking history, other smoking history of trailer resident(s), documents A-G, medical providers and signed certification were requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on the smoking history of other trailer resident(s), request for reimbursement of medical expenses and signed certification.  Forest River received untimely responses from Plaintiff's Counsel to both Rule 37 Deficiency Letters.  Most importantly, this Plaintiff identified Gulf Stream and Cavalier, rather than Forest River, as the manufacturers,

while the VIN and FEMA Id were "Not Applicable," which are not responsive answers.  Forest River has received a deficient fact sheet that plaintiff has not cured within the requisite deadline. Further, it has not received any requests for extensions, any other kinds of responses or a production of any PFS Amendments or errata sheets with regard to the plaintiff.

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| FEMA Id | V.A.3. |
| Signed Certification | |

(*See* Ex. "I")

While Michelle Johnson has answered 21 of the required 23 key questions, her PFS remains deficient, did not stay in a Forest River unit was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Therefore, this Plaintiff's PFS still contains deficiencies, she does not belong in a suit against Forest River and should be dismissed on that basis.

**Joseph Johnson on behalf of S.J., minor child**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received a blank, unsigned and undated Plaintiff Fact Sheet of S.J. (*See* Plaintiff Fact Sheet of S.J., attached as Exhibit "J").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29,

2011, outlining all deficiencies of S.J.'s PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's symptoms, cancer history, VIN, move in and move out dates, smoking history, other smoking history of trailer resident(s), documents A-G, medical providers and signed certification were requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on prior medical history, and request for reimbursement of medical expenses.  Forest River received untimely responses from Plaintiff's Counsel to both Rule 37 Deficiency Letters.  Most importantly, this Plaintiff identified the manufacturer, VIN and Barcode with "Awaiting Disaster File," which are not responsive answers.  Forest River has received a deficient fact sheet that plaintiff has not cured within the requisite deadline.  Further, it has not received any requests for extensions, any other kinds of responses or a production of any PFS Amendments or errata sheets with regard to the plaintiff.

In addition to not knowing who manufactured the FEMA housing  unit she stayed in, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |
| Barcode | V.A.4. |

(*See* Ex. "J")

While S.J. has answered all 20 of the required 23 key questions, the PFS remains deficient.  He does not know who manufactured the FEMA housing unit he occupied, does not belong in a suit against Forest River, and should be dismissed on that basis.

**John Kissanis**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received an unsigned and undated Plaintiff Fact Sheet of John Kissanis (*See* Plaintiff Fact Sheet of John Kissanis, attached as Exhibit "K").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of John Kissanis PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, smoking history, other smoking history of trailer resident(s) and signed certification were requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on smoking history of other trailer residents and wage claim.  Forest River received untimely responses from Plaintiff's Counsel to both Rule 37 Deficiency Letters.  Most importantly, this Plaintiff identified the manufacturer as "Unknown at this time" and the VIN and Barcode were "Not Applicable," which are not responsive answers. Forest River has received a deficient fact sheet that plaintiff has not timely cured.  Further, it has not received any requests for extensions, any other kinds of responses or a production of any PFS Amendments or errata sheets with regard to the plaintiff.

In addition to not knowing who manufactured the FEMA housing unit he stayed in, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN | V.A.2. |

| Barcode | V.A.4. |
|---------|--------|

(*See* Ex. "K")

While John Kissanis has answered 20 of the required 23 key questions, his PFS remains deficient.  He does not know who manufactured the FEMA housing unit he occupied, does not belong in a suit against Forest River and should be dismissed on that basis.

**Spencer E. Vitto, Sr.**

*Brenda Albert v. Forest River, Inc.* was filed December 28, 2009.  After the complaint was filed Forest River received an unsigned and undated Plaintiff Fact Sheet of Spencer E. Vitto, Sr. (*See* Plaintiff Fact Sheet of Spencer E. Vitto, Sr., attached as Exhibit "L").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Spencer E. Vitto, Sr.'s PFS. (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN and signed certification were requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on FEMA Id, Barcode, smoking history of other trailer residents, prior medical history, request for reimbursement of medical expenses and signed certification.  Forest River received an untimely response from Plaintiff's Counsel to the Rule 37 Deficiency Letter sent June 29, 2011, while no response was received to the April 6, 2011 letter.  Most importantly, this Plaintiff identified Fleetwood, rather than Forest River, as the manufacturer and the VIN listed "Not Applicable," which is not a responsive answer.  Therefore, Forest River has received a deficient fact sheet that plaintiff has

not timely cured.  Further, it has not received any requests for extensions, any other kinds of responses or a production of any PFS Amendments or errata sheets with regard to the plaintiff.

In addition to not staying in a Forest River unit, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| VIN | V.A.2. |
| Signed Certification | |

(*See* Ex. "L")

While Spencer E. Vitto, Sr. has answered 22 of the required 23 key questions, his PFS remains deficient, did not stay in a Forest River unit was incorrectly matched in a suit against Forest River and has missed the deadline for being matched with the correct manufacturing defendant.  Therefore, this Plaintiff's PFS still contains deficiencies, she does not belong in a suit against Forest River and should be dismissed on that basis.

**Eloise E. Gums** (Plaintiff in *Gums,* C.A. 11-0410)

*Eloise E. Gums v. Forest River, Inc.* was filed December 29, 2010.  After the complaint was filed Forest River received an unsigned and undated Plaintiff Fact Sheet of Eloise E. Gums. (*See* Plaintiff Fact Sheet of Eloise E. Gums, attached as Exhibit "M").  Upon receipt of the fact sheet, Counsel for Forest River reviewed it and deemed the fact sheet deficient.  In accordance with the agreed-to PFS process, Forest River thereby sent Rule 37 Deficiency Letters on April 6, 2011 and June 29, 2011, outlining all deficiencies of Eloise E. Gums' PFS.  (*See* Rule 37 Deficiency Letters to Counsel for Plaintiff, April 6, 2011 and June 29, 2011, attached as Exhibit "B").

Information that is critical to this Plaintiff's claim, such as Plaintiff's VIN, documents A-G and signed certification were requested on April 6, 2011.  In response to the PTO 88 items, on June 29, 2011, Forest River requested additional information from Plaintiff on smoking history of other trailer residents, request for reimbursement of medical expenses and signed certification. Forest River received untimely responses from Plaintiff's Counsel to the Rule 37 Deficiency Letters.  Most importantly, this Plaintiff identified the manufacturer as "Unknown" and listed a VIN with a 4XTTV prefix, which is not a Forest River prefix.   Therefore, this Plaintiff has identified a non-Forest River VIN and has failed to identify the manufacturer.  Thus, Forest River has received a deficient fact sheet that plaintiff has not timely cured.  Further, it has not received any requests for extensions, any other kinds of responses or a production of any PFS Amendments or errata sheets with regard to the plaintiff.

In addition to not knowing who manufactured the FEMA housing unit she stayed in, the Plaintiff Fact Sheet failed to answer the following key questions required by PTO 88:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| Signed Certification | |

(*See* Ex. "M")

While Eloise E. Gums has answered 22 of the required 23 key questions, her PFS remains deficient. She does not know who manufactured the FEMA housing unit she occupied, listed a non-Forest River VIN, does not belong in a suit against Forest River and should be dismissed on that basis.

In addition to the above noted uncured PFS deficiencies, the above listed plaintiffs admit that they either did not stay in a Forest River housing unit or did not know who manufactured the

unit they stayed in. Additionally, Bradford C. Brooks, Sholanda Captain o/b/o S.C., Melwyn Clayton o/b/o D.C., Kenneth J. Dimery, Michelle Johnson and Spencer E. Vitto, Sr. have all failed to comply with the matching requirements and have missed their matching deadline.  As it prepares for additional litigation, evaluates the possibility of settlement, and analyzes other issues concerning the progress of this lawsuit, Forest River must be able to obtain information about those who make allegations against it. The PFS serves as the best way to acquire such information, as the PFS acts as the initial round of discovery responses. With a deficient simulated discovery response, Forest River is significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against Forest River by dismissing the claims of these plaintiffs.

In accordance with Pre-Trial Orders 2, 32, 38, 49 and 68, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the  Motion to Dismiss filed by Forest River should be granted, dismissing the claims of the above listed plaintiffs, with prejudice.

Respectfully Submitted,

**GIEGER, LABORDE & LAPEROUSE, LLC**

BY: /s/ Ernest P. Gieger, Jr.
ERNEST P. GIEGER, JR. (6154)
ANDREW A. BRAUN (#3415)
J. MICHAEL DIGIGLIA (24378)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
egieger@glllaw.com
abraun@glllaw.com
mdigiglia@glllaw.com
**ATTORNEYS FOR FOREST RIVER, INC**

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the forgoing document has been served upon counsel of record as indicated below in accordance with the Federal Rules of Civil Procedure on December 14, 2011 via electronic filing.


　/s/ Ernest P. Gieger, Jr.