UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |

*Estes, et al. v. Crum & Forster Specialty Ins., Co., et al.*
10-3610

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR RECONSIDERATION AND OR RELIEF FROM AN ORDER
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(a)**

**NOW INTO COURT,** through undersigned counsel, comes Precious Dundy, who in support of her Motion for Reconsideration and/or Relief of the Court's Order denying the amendment signed November 16, 2011, states the following:

**I. BACKGROUND**

Plaintiff requested by motion on October 21, 2011, that this Court grant her leave to amend her original complaint in this matter, in order to add Pilgrim International, Inc., ("Pilgrim") as the proper manufacturer of her FEMA trailer, and would then thereafter be able to dismiss Gulfstream Coach ("Gulfstream") as the incorrectly-identified manufacturing defendant. Both defendant insurers for Pilgrim, Sentry Insurance A Mutual Company ("Sentry") and Crum & Forster Specialty Insurance Company ("Crum") then filed oppositions on November 8, 2011, and November 9, 2011, respectively. This Honorable Court thereafter ruled on the aforesaid Motion, denying Plaintiff's Motion to Amend on November 16, 2011.

**II. LAW**

The Fifth Circuit has held that a Motion for Reconsideration is to be treated as either a "Motion to Alter or Amend under Rule 59(e) or Motion for "Relief from Judgment" under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 174 (5th Cir. 1990). Under Rule 60(a) if it is found that there is a clerical mistake in the judgment or order "therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party," relief from Judgment may be sought.

According to the Federal Rules of Procedure, the Plaintiff must demonstrate valid reasons to justify Court's reconsideration of a prior ruling. The Court should refrain from altering or amending a judgment under Rule 60(a)(b) unless one of the following grounds is present:

1. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission;
2. mistake, inadvertence, surprise, or excusable neglect;
3. newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
4. fraud, misrepresentation, or other misconduct of an adverse party;
5. the judgment is void
6. the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
7. any other reason justifying relief from operation of the judgment.

**III.   ARGUMENT**

The record of this case is clear that the moving plaintiff had filed a complaint which she believed complied with Pre-Trial Orders 38, 56 and 68 based on Plaintiff's belief that the Vehicle Identification Number ("VIN") matched Gulfstream Coach ("Gulfstream") as a manufacturer and Shaw Enterprises ("Shaw") as the installer. The filing was prior to the Plaintiff's knowledge that the VIN associated with her trailer matches another manufacturer, Pilgrim International, Inc. ("Pilgrim"), and not Gulfstream, although Shaw was filed properly as the matched installer. It is counsels' belief that this case was erroneously matched due to a coding error and/or association with a similar barcode regarding the Plaintiff's trailer. Because of this inadvertent error, the Plaintiff's Motion to Amend should therefore be reconsidered by this Court and allowed to proceed according to F.R.C.P. 60(a) as it falls under the category of a "mistake, inadvertence, surprise, or excusable neglect".

Additionally, Pilgrim's insurers, also named defendants therein, Sentry Insurance A Mutual Company ("Sentry") and Crum & Forster ("Crum"), filed oppositions, despite the fact that Pilgrim and its insurers were not yet parties to the action at issue, and thus had no standing to oppose the motion. Pilgrim and its' insurers would have an opportunity later, as named defendants, to raise and assert all defenses and file all appropriate motions to protect its interests.

Even if it had standing to oppose Plaintiff's Motion for Leave to Amend, Pilgrim's oppositions, through its insurers Sentry and Crum, are without merit. The claim against Pilgrim is timely for the following reasons:

1. Pilgrim is a solidary obligor with the originally named defendants, Shaw Environmental, Inc. and the United States of America, and, thus, the prescriptive period has been tolled against Pilgrim under Louisiana law provisions related to joint

3

tortfeasors who are solidary obligors. At the very least, Pilgrim's prescription defense is prematurely asserted, since the fault of these co-defendants are not yet adjudicated; and,

2. Plaintiff set forth allegations in her original Complaint which arise out of the same transaction, occurrence, or conduct as the allegations in the proposed amended pleading, thus falling within the "relation back" provisions of Federal Rule of Civil Procedure 15(c)(1)(B).

Furthermore, Plaintiff agrees with defendants that generally a one-year prescriptive period applies to Plaintiff's original tort allegations against the named defendants. However, Plaintiff submits that prescription has been interrupted as to Pilgrim and its insurers under any one of the relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitations allows relation back;
>
> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; **or**
>
> (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) Received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

> In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir. 1989). . . . The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:
>
>> Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
>
> If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally named joint tortfeasors, Shaw Environmental, Inc. and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Pilgrim and its insurers. Therefore, the action has not prescribed against Pilgrim, Sentry, or Crum, and Plaintiff's proposed amendment is not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. Notwithstanding the tolling of the prescriptive period against Pilgrim, the allegations asserted in the proposed amending complaint arise out of the same conduct, transaction, or occurrence set forth in the original Complaint. Indeed, in her proposed Supplemental and Amending Complaint, Plaintiff simply substitutes Pilgrim for

Gulfstream and reavers substantive allegations. Therefore, the Plaintiff's Motion to Amend should also be reconsidered by this Court and allowed to proceed as per F.R.C.P. 60(a) as it falls under the category of a "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission;" and/or "fraud, misrepresentation, or other misconduct of an adverse party" as defendants, Sentry and Crum filed written oppositions when they were not parties to the matter and their arguments were considered as parties or in the alternative, that Pilgrim and its insurers were solidary obligors and therefore not prescribed for the purposes intended therein.

## CONCLUSION

It is conceded that Plaintiff incorrectly named Gulfstream as the manufacturer of her FEMA-provided trailer.[1] However, after review of Plaintiff's file and VIN, it was noted that Gulfstream was not the proper manufacturing defendant in this case. The undersigned confirmed that the Plaintiff's VIN indeed matched a Pilgrim trailer, installed by Shaw Environmental, Inc. and filed the instant Motion for Leave to Amend, seeking to add the proper party, Pilgrim and its insurers, in which to thereafter dismiss the improper party, Gulfstream. Plaintiff has acted diligently through counsel to correct the mis-naming of the defendant manufacturer and should not be summarily precluded from asserting her claim against Pilgrim and its insurers. Pilgrim will not be prejudiced by this amendment as they have been a party to this MDL almost since its inception and have been actively defending the suits.

In summation, Plaintiff contends that the appearance of the responding defendants and representation by the same that this Plaintiff's amendment is not timely was due to inadvertent

---

[1] The original Complaint named Gulfstream Coach in the case caption and was filed on December 29, 2009.

error. In this instance, the denied Order dated November 16, 2011, is based on an error and misrepresentation of fact and would also result in a manifest injustice to mover.

For the reasons aforesaid, Plaintiff, Precious Dundy, respectfully submits that she is entitled to a reconsideration of the Court's Order denying the Motion to Amend signed on November 16, 2011.

Respectfully submitted:

/s/ Frank J. D'Amico, Jr ._____
FRANK J. D'AMICO, JR. (LSBA# 17519)
Frank J. D'Amico, Jr., APLC
4731 Canal St.
New Orleans, LA 70119
Phone: (504) 525-7272
Fax: (504) 525-9522

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/Frank J. D'Amico, Jr._____
FRANK J. D'AMICO, JR., #17519