UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * | CIVIL ACTION NO. 1873 |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| This Document Relates To: | * | |
| | * | |
| *Helen Albarado, et al. v. Morgan Buildings & Spas, Inc., et al (E.D. La. 09-3702)* | * | MAGISTRATE CHASEZ |
| | * | |

***********************************************

## MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFF FACT SHEETS

Defendants, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court for summary dismissal of the claims filed by plaintiffs Clarence Blagio, Rosemary Blasio,[2] Faith Blasio and Linda Begnaud. The evidence produced in this matter establishes that these plaintiffs did not live in a temporary housing unit (THU) procured by Morgan. Accordingly, Clarence Blagio, Rosemary Blasio, Faith Blasio and Linda Begnaud cannot state a claim against Morgan. Morgan's motion for summary judgment should be granted, and their claims against Morgan should be dismissed with prejudice at their costs.

Morgan also moves to dismiss the claims of Jerrilyn Carnesi, William Carnesi, Theresa Lopez, Adam Henry Patcheco, Karen Patcheco, Patricia Patechco, B. Vandenborre, R. Vandenborre, Henry Vandenborre, III, and Mariana Vandenborre with prejudice for failure to comply with Pre-Trial Order No. 32, relating to Plaintiff Fact Sheets. These plaintiffs failed to

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.

[2] At times, Rosemary's last name is listed as "Blasio" and at other times it is listed as "Blagio." It appears that in all instances, the reference is to the same person. Morgan uses "Blasio" throughout as this is how Rosemary signed her Plaintiff Fact Shets.

provide complete Plaintiff Fact Sheet responses, including responses to several "key questions" and failed to respond (or adequately respond) to Morgan's letter requesting that they cure their Plaintiff Fact Sheet deficiencies. Dismissal of these plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(A)(vi), is appropriate. Moreover, the Court has dismissed claims under similar circumstances in other cases pending in this MDL. *See* R. Docs. 22802 and 22803.

In support of this motion, Morgan submits the following exhibits:[3]

Exhibit A – Clarence Blagio's Plaintiff Fact Sheet;

Exhibit B – Rosemary Blasio's original Plaintiff Fact Sheet;

Exhibit C – Rosemary Blasio's supplemental Plaintiff Fact Sheet;

Exhibit D – Faith Blasio's Plaintiff Fact Sheet;

Exhibit E – Linda Begnaud's original Plaintiff Fact Sheet;

Exhibit F – Linda Begnaud's second Plaintiff Fact Sheet;

Exhibit G – Linda Begnaud's third Plaintiff Fact Sheet;

Exhibit H - FEMA's response to Exhibit D, Sidney Torres Client List (April 27, 2009), excerpts, FEMA 10-001778 and 10-001780;[4]

Exhibit I – August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13;

Exhibit J – October 22, 2009 Morgan Buildings & Spas deposition excerpts, 19:9-20:21 and 24:12-23;

Exhibit K – July 14, 2011 letter from A. Stout to R. Burns;

Exhibit L – Jerrilyn Carnesi's Plaintiff Fact Sheet;

Exhibit M – Jerrilyn Carnesi's supplemental Plaintiff Fact Sheet;

---

[3] Exhibits have been redacted to remove personal identifiers.
[4] Morgan recognizes that Exhibits H, BB and CC may be difficult to read on letter size paper. The .pdf versions of the discovery responses from FEMA, which include FEMA's bates numbering, contain several lines of text. If it is more convenient for the Court, Morgan will provide the original .pdf discovery responses from FEMA which would allow the court to enlarge the referenced pages for easier viewing.

Exhibit N – June 17, 2011, letter from A. Stout to R. Burns;

Exhibit O – William Carnesi's Plaintiff Fact Sheet;

Exhibit P – August 15, 2011, letter from R. Burns to A. Stout;

Exhibit Q – Theresa Lopez's Plaintiff Fact Sheet;

Exhibit R – Theresa Lopez's supplemental Plaintiff Fact Sheet;

Exhibit S – Adam Henry Patcheco's Plaintiff Fact Sheet;

Exhibit T – Karen Patcheco's Plaintiff Fact Sheet;

Exhibit U – Patricia Patcheco's Plaintiff Fact Sheet;

Exhibit V – B. Vandenborre's Plaintiff Fact Sheet;

Exhibit W – R. Vandenborre's Plaintiff Fact Sheet;

Exhibit X – Marina Vandenborre's Plaintiff Fact Sheet;

Exhibit Y – Henry Vandenborre III's Plaintiff Fact Sheet No. 1;

Exhibit Z – Henry Vandenborre III's Plaintiff Fact Sheet No. 2;

Exhibit AA – Henry Vandenborre III's Plaintiff Fact Sheet No. 3;

Exhibit BB - FEMA's response to Exhibit EE, Sidney Torres Client List (July 1, 2009), excerpts, FEMA 10-002189 to 10-002190; and

Exhibit CC - FEMA's response to Exhibit HHH, Sidney Torres Client List (September 9, 2009), excerpts, FEMA 10-003043.

**WHEREFORE**, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.'s motion for summary judgment should be granted, dismissing the claims of Clarence Blagio, Rosemary Blasio, Faith Blasio and Linda Begnaud against Morgan, with prejudice at their costs. Additionally, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc.'s motion to dismiss for failure to comply with Pre-Trial Order Nos. 2 and 32 should be granted, dismissing the claims of Jerrilyn Carnesi, William Carnesi, Theresa Lopez, Adam Henry Patcheco, Karen

Patcheco, Patricia Patechco, B. Vandenborre, R. Vandenborre, Henry Vandenborre, III, and Mariana Vandenborre with prejudice at their costs.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS &
SPAS, INC. AND MORGAN BUILDING
SYSTEMS, INC.

## Certificate of Service

I certify that, on December 15, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout