UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873 |
| _____ | ) ) | SECTION: N(4) |
| THIS RELATES TO: | ) ) | JUDGE: ENGELHARDT MAG: ROBY |
| Plaintiff: *Linda H. Begnaud* | ) ) ) | |
| _____ | ) | |

## PLAINTIFF FACT SHEET

## I.  INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  A separate **Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.**  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.



RECEIVED
SEP 1 4 2009
By_____

EXHIBIT
F

1

## II.   PERSONAL INFORMATION

A.   Name (person completing form): *Linda H. Begnaud*

B.   Maiden or other names used or by which you have been known: *Nand*

C.   Current Street Address: *921 Gause Blvd West*
     *Slidell La 70460*

D.   Home Telephone No.: _____
     Cell Phone No.: *504 352 0970*
     Work Telephone No.: *N/A*
     Other Telephone Nos.: *N/A*

E.   Email address: *N/A*

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

   1.   State which individual or estate you are representing: *Slidell La Slidell La 7046*

   2.   (Maiden) Or Other Names Used or By Which Such Person Has Been Known: *Nand*

   3   Address (or last known address if deceased): _____

   4.   Home Telephone No.: _____
        Cell Phone No.: *504-353-0970*
        Work Telephone No.: *N/A*
        Other Telephone Nos.: *N/A*

   5.   E-mail address: *N/A*

   6.   If you were appointed as a representative by a court, state the: *N/A*

2

Court: _____ N/A _____     Date of Appointment: _____ N/A _____

7. What is your relationship to the deceased or represented person or person claimed to be injured? _____ N/A _____

8. If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____ N/A _____

B. Please state the name and address of the attorney representing you:

Law Offices of
**SIDNEY D. TORRES, III**
A Professional Law Corporation
Attorney's Name and Law Firm
Chalmette Louisiana 70043

City, State and Zip Code

C. Please state the following: (If you are a representative, please state this information for each such person being represented):

1. Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
   Yes ☑     No ☐

2. What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _Lung Problems (Self)_

3. During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

_I don't Remember_

| | |
|---|---|
| ☑ irritation to eyes | ☐ tingling or swelling of lips or face area |
| ☑ burning of eyes | ☑ headaches |
| ☑ tearing of eyes | ☑ nausea |
| ☑ irritation to nasal membranes (inside of nose) | ☑ vomiting |
| ☑ burning of nasal membranes (inside of nose) | ☑ bloody vomiting |
| ☑ bleeding of nasal membranes (inside of nose) | ☑ abdominal pain |
| ☑ irritation or itching of skin | ☑ diarrhea |
| ☑ burning of skin | ☑ difficulty in breathing |
| ☑ rashes on skin _I don't Remember_ | ☑ wheezing |
| ☑ drying or scaling of skin | ☑ shortness of breath |
| ☑ scaling or itching of eyelids | ☑ persistent cough |
| ☑ irritation or swelling of eyelids or eye area | ☑ tightness of the chest |

3

☒ bronchitis
☒ throat irritation
☒ hoarseness
☒ laryngitis
☒ pneumonia
☒ upper respiratory tract infections
☒ pulmonary edema
☒ asthma attacks for the first time in your life
☒ asthma attacks that are recurrence of childhood
   asthma
☒ allergies for the first time in your life
☒ worsening of allergies that you had previous to
   living in FEMA trailer

☐ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a
FEMA trailer (not listed above) and any conditions for which you have
been diagnosed by a physician.

*all above checked*

4.   Since you moved into the FEMA trailer and up to the present date, have
     you been diagnosed with cancer?   Yes ☐   No ☒

     If yes, which kind of cancer?

     *N/A*

5.   When do you claim this injury or disease first occurred?   *2006*

6.   Did you ever suffer this type of illness or disease prior to living in the
     FEMA trailer?
     Yes ☒        No ☐

     If "Yes," when and who diagnosed the condition at that time?
     *I started the Donalla in April 2006*
     *west to the Er the night before Easter Sun*
     *thy told me COPD Pneumonia*

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a
     condition that you already had or had in the past?
     Yes ☒        No ☐

     If "Yes," set forth the illness, disease or condition; whether or not you had
     already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if
any: *I had Person about the 3rd time Jan. 06 - Apl 07*

8. **Are you claiming mental and/or emotional damages as a result of
   residing in a FEMA trailer or mobile home?**
   Yes ☐          No ☒

   *If "Yes,"* for each provider (including but not limited to primary care
   physician, psychiatrist, psychologist, counselor, pastor or religious
   counselor) from whom you have sought treatment for any psychological,
   psychiatric or emotional problems during the last seven (7) years, state:

   Name and address of each person who treated or counseled you:

   *N/A*

   To your understanding, describe the condition for which treated:
   *Anthidotics & Antihistimine*

   *Stayed in hospital 2 Weeks*

   State when you were treated for this psychological, psychiatric or
   emotional problem
   *N/A*

   List the medications prescribed or recommended by the physician or
   counselor
   *N/A*

9. Are you making a claim for medical expenses as a result of the injury,
   illness or disease identified in C.2. above?
   Yes ☐          No ☒

   *If "Yes,"* state the amount of your claim: _____ *N/A*

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 2415 *Lynolill by Chal Sa* 70043 | 1992 |
| 205 *Willis Lane,* | 1992 - 1994 |
| *Pena Graile Cash Pinuay La* | 1997 - 1998 |
| | |

B.   State Driver's License Number and State Issuing License: _00746496 86_
     *La*

C.   Date and Place of Birth: *Brownell Min*          _42_

D.   Sex:  Male ☐          Female ☒

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Don't recall | 1988 | *Nursing* | — |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | | | |
| | | | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | | | |
| | | | |

6

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.  Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐          No ☒

*If "Yes,"* state the following:

a.  If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

Year          Income
_____   $_____
_____   $_____
_____   $_____
_____   $_____
_____   $_____

b.  Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:
_____
_____

G.  **Previous Claims Information**

1.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐          No ☐          Don't recall ☒

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _____
_____

7

## IV.    FAMILY INFORMATION

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☑     No ☐     Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|-------------|------|------|------|
| Terry Bruin | Daughter | 48 yr | Breast Cancer | — |
| Linda Bergeron | Self | 67 yo | Allergies | |
| | | | | |
| | | | | |
| | | | | |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐     No ☑

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____N/A_____

## V.    FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: ___Fleetwood Morgan___

2.    VIN: # TNFL 42 7A29 60 48A3

3.    FEMA Identification No.: # 91194 0061

4.    Bar Code Number on FEMA housing unit: # 552 180

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☐     Mobile Home ☒

6.  Move-in Date: [            ]

7.  Move-out Date: May, 2006

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
    157 Trailer Park

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property? Trailer Park

10. State the reason you stopped living in the FEMA trailer or mobile home:
    Fema Moved Me to an apt.

11. Please state the approximate square footage of the FEMA housing unit: I dont Know

12. Please state the approximate length and width of the FEMA housing unit: 14 x 70'

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 1 home bound

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☒     No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☒     No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☒     No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐     No ☒

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☒     No ☐

9

19.   How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _____

20.   Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐     No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? _____ N/A _____

For what period of time did you temporarily live in another location?
_____ N/A _____

B.   Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☒     No ☐

*If "Yes,"* please state when the test was performed and who prepared this testing: April 2007 _____ Fema

C.   Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐     No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: _____ N/A _____

D.   Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☐     No ☒

*If "Yes,"* please state the date and reason for repair, service or maintenance:
_____ N/A _____

E.   Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| N/A | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: _5'8"_

B.   Current Weight: _200_

Weight prior to living in a FEMA trailer or mobile home: _Same 200_

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☒   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

1.    Date on which smoking/tobacco use ended: _Easter Sunday_ *Oct 2008*

2.    Amount smoked or used on average:
_½ ½_ per day for _20_ years.

☒    Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1.    Amount currently smoked or used on average:
_APO_ per day for _NA_ years.

D.    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1.    Amount smoked or used on average, if you know:
_½ W_ per day for _3 0_ years.

2.    Relationship to you: _my son_

3.    Please state whether the smoking occurred inside, outside or both. _outside_

E.    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* what was the date of birth: _____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☒

F.    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1.    Lung or other respiratory disease
Yes ☒    No ☐

*If "Yes,"* please indicate the following:

Name and description of each illness, disease, or abnormal condition:
_COPD , Asthma_

The date of illness: _Easter of 2007_

2.    Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☑        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_Pneumonia, COPD Congesta Heart_
_failure_

The date of illness:

_Easter ~~Day~~ Sunday 2008_

3.    Long-term stomach or bowel disease
      Yes ☐        No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

The date of illness:

_N/A_

4.    Skin disease
      Yes ☐        No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

The date of illness:

_N/A_

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

      Yes ☑        No ☐        Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| X Ray | 4-2-08 | Lorana | North Shore in | Pneumonia Emma |
| Cat Scan | 4-08 | Lar Cenic | Stidell La | |
| my RI | 4-08 | Lorana | | |

| | | | | |
|---|---|---|---|---|
| | | | | |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: Dr. Larcina
Specialty, if any: General Practice
Address: Don't Know
Phone: Don't Know
Treatment received: Don't recall
Dates of treatment: Don't recall

Doctor's Name: Dr. Bruce, Itelad
Specialty, if any: Heart
Address: Don't Know
Phone: Don't Know
Treatment received: Don't recall
Dates of treatment: Don't recall

Doctor's Name: Dr. Dale
Specialty, if any: Breathing Dr.
Address: Slidell La
Phone: Don't Know
Treatment received: Don't Rember
Dates of treatment:

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

| N/A |
|---|

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐   No ☑

*If "Yes,"* please provide the name and address of the health care professional.
No   Just Warced it

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
    Yes ☒  No ☐

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
    Yes ☒  No ☐

C.  Any test results from any testing done on your FEMA trailer or mobile home.
    Yes ☐  No ☒

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
    Yes ☒  No ☐

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
    Yes ☐  No ☒

F.  Decedent's death certificate, if applicable.  N/A
    Yes ☐  No ☐

G.  Report of autopsy of decedent, if applicable.  N/A
    Yes ☐  No ☐

## IX.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.    Identify your current family and/or primary care physician:

| Name | Dr Leo Serrand | Address | Slidell La 70458 |
|---|---|---|---|
| | | | |
| | ? | | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Dr Leo Serent | Slidell La | .. |
| | | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient
       treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Northshore Hospital | Bum Blvd Slidell La | Early 2007 | Pneu Pnemonia |
| | | | |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient
       treatment (including treatment in an emergency room) during the last seven (7)
       years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| North Shore Hospital | Bum Blvd Slidell La | Early 2009 | Pnemonia |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment
       during the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Same as Above | | |
| | | |

16

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| Walgreens Pharmacy | Front Street, Slidell La 70460 |
| | |
| | |
| | |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

**Signature of Plaintiff**　　　　**Print Your Name**　　　　**Date**

17

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _Linda H. Bejnard_

Date of Birth: _____ -42

Last Four Numbers of SSN: _4681_

I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of** _____ _____**and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this _ _ day of _____, 2008.

*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____    _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _Linda H. Begnaud_

Date of Birth: _. 42_

Last Four Numbers of SSN: _4681_

I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____ _____and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of ____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____   _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
|---|---|
| | **AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)** |

Name: *Linda H Begrand*

Date of Birth: __                -42

Last Four Numbers of SSN: 4681

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of _____and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of ___, 2008.

*Linda H Begrand*
**[PLAINTIFF OR REPRESENTATIVE]**

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Linda H Begnaud_

Date of Birth: _1943_

Last Four Numbers of SSN: _4681_

I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this _ day of _____, 2008.

_Linda H Begnaud_
**[PLAINTIFF OR REPRESENTATIVE]**

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| *Linda H Begnaud* | -4? | -4681 |

Address: *721 Game Blvd W.*    Telephone No. *604 - 352-0990*
City: *Slidel*    State: *La*    Zip Code: *70?60*

I hereby authorize the Medical Records Custodian of *Linda H Begnaud*
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
Name. ._____
Title. ._____
Address._____
Purpose: To Protect My Legal Rights_____
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>☐ Copies of the<br>records &<br>Inspection of the<br>record | ☐ Abstract/pertinent<br>☑ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☑ Rehab Services | ☑ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
|---|---|---|---|

*LHB*        I acknowledge, and hereby consent to such, that the released information may contain
*Initials*   alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

*Linda H Begnaud*                    _____
Signature of Patient/Legal Representative        Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Linda H Begnaud_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Linda HBegnaud_ (print legibly or type out name) _Linda H Begnaud_

Signature: _Linda HBegnaud_


RECEIVED
SEP 1 4 2009
By_____

*Page Intentionally Blank*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | Linda Begnaud<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Drive, Suite 303, Chalmette, LA  70043 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>/1942 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8.** Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $500,000.00 | | $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>DAVID C. JARRELL<br>ATTORNEY FOR CLAIMANT | 13b. Phone number of person signing form<br>(504) 271-8422 | 14. DATE OF SIGNATURE<br>06/26/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                                    NSN 7540-00-634-4046                        STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
## NEW ORLEANS DIVISION

IN RE: FEMA TRAILER        )    MDL NO. 1873
FORMALDEHYDE        )
PRODUCT LIABILITY LITIGATION  )
                )
_____  )    SECTION: N(4)
                )
                )    JUDGE: ENGELHARDT
THIS RELATES TO:       )    MAG: ROBY
                )
Plaintiff: *Linda*       )
*H. Begraud*        )

### PLAINTIFF FACT SHEET

## I.  INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. **A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.** Whether you are completing this fact sheet for yourself or for someone else; please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1



EXHIBIT
G

## II.    PERSONAL INFORMATION

A.    Name (person completing form): *Linh H Begard*

B.    Maiden or other names used or by which you have been known: *Nand*

C.    Current Street Address: *921 Gauve Blvd w.*

D.    Home Telephone No.:
Cell Phone No.: *504 352 0970*
Work Telephone No:
Other Telephone Nos.:

E.    Email address:

## III.   CASE INFORMATION

A.    If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.    State which individual or estate you are representing:

2.    Maiden Or Other Names Used or By Which Such Person Has Been Known:

3.    Address (or last-known address if deceased):

4.    Home Telephone No.:
Cell Phone No.:
Work Telephone No:
Other Telephone Nos.:

5.    E-mail address:

6.    If you were appointed as a representative by a court, state the:

2

Court: _____   Date of Appointment: _____

7.   What is your relationship to the deceased or represented person or person claimed to be injured? _Self_

8.   If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____ N/A _____

B.   Please state the name and address of the attorney representing you:

_Sidney D Torres III_
Attorney's Name/Law Firm

_Chalmette La 70043_
City, State and Zip Code

Law Offices of
**SIDNEY D. TORRES, III**
*A Professional Law Corporation*
8301 W. Judge Perez Drive, Suite 303
Chalmette, Louisiana 70043

C.   Please state the following: (If you are a representative, please state this information for each such person being represented):

1.   Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
     Yes ☑         No ☐

2.   What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _Copd Congestive Failure Eye tearing_

3.   <u>During the time that you lived</u> in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☐ burning of eyes
☑ tearing of eyes
☐ irritation to nasal membranes (inside of nose)
☐ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☑ irritation or itching of skin
☐ burning of skin
☑ rashes on skin
☐ drying or scaling of skin
☑ scaling or itching of eyelids
☑ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☐ vomiting
☐ bloody vomiting
☐ abdominal pain
☑ diarrhea
☑ difficulty in breathing
☑ wheezing
☑ shortness of breath
☑ persistent cough
☑ tightness of the chest

3

☑ bronchitis
☑ throat irritation
☑ hoarseness
☐ laryngitis
☑ pneumonia
☐ upper respiratory tract infections
☑ pulmonary edema
☐ asthma attacks for the first time in your life
☑ asthma attacks that are recurrence of childhood
   asthma
☐ allergies for the first time in your life
☑ worsening of allergies that you had previous to
   living in FEMA trailer

☐ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _____
_____
_____
_____

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☒

     If yes, which kind of cancer? _____
     _____

5.   When do you claim this injury or disease first occurred? _____

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
     Yes ☒        No ☐

     If "Yes," when and who diagnosed the condition at that time?
     _____
     _____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
     Yes ☒        No ☐

     If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _Hi Blood pressure, Copd Hedade_

8.   **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
     Yes ☐          No ☒

     *If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

     Name and address of each person who treated or counseled you:
     _Dr Tfeld, North Shoe Hospital_

     To your understanding, describe the condition for which treated:
     _Copd I now live on oxygen 24/7._
     _Sitter_

     State when you were treated for this psychological, psychiatric or emotional problem

     List the medications prescribed or recommended by the physician or counselor
     _1 alof 100mg 2 x her day Blood pressure med_

9.   **Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?**
     Yes ☒          No ☐

     *If "Yes,"* state the amount of your claim: _To Be determined_

5

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| Lyndelle Chalmette | 05 yr - Aug 05 |
| 406 Delhi La | Aug 05 - oct 06 |
| 971 Gause Blvd W | |
| Slidell La 70460 | |
| #86 100 concord Loop | |
| Pearl River La 70452 | |

B.   State Driver's License Number and State Issuing License: 00 7464486
Louisiana

C.   Date and Place of Birth: _____ 42 ___ Brownsville Miss

D.   Sex:  Male ☐        Female ☑

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| College | | Nursing | NO |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Dr Gene Cary | Canal St | 1980 | Asst Doctor |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | | Retired | |
| | | | |

6

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.  Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* state the following:

a.  If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

Year        Income
_____    $_____
_____    $_____
_____    $_____
_____    $_____
_____    $_____

b.  Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:
_____
_____

G.   Previous Claims Information

1.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐        No ☐     Don't recall ☒

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _____
_____
_____

## IV.    FAMILY INFORMATION

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒        No ☐        Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|-------------------------------|
| *Linda* | *Self* | *67 yr* | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐        No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.    FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. - E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: *Fleetwood*

2.    VIN: *TNFL427A296048A33*

3.    FEMA Identification No.: *9119400061*

4.    Bar Code Number on FEMA housing unit: *Hunting File*

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☐     Mobile Home ☒

6.  Move-in Date: [ _01_ ]

7.  Move-out Date: [ _07_ ]

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
    _I 59 Trailer Park, Pearl River La_

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property?   _Trailer Park_

10. State the reason you stopped living in the FEMA trailer or mobile home:
    _Fema Say Trailer had Formaldehyde in it_

11. Please state the approximate square footage of the FEMA housing unit:   _1120_

12. Please state the approximate length and width of the FEMA housing unit:   _80 ft X 14_

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day?   _24 / 7_

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☒        No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☒        No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☒        No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐        No ☒

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☒        No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _None_

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
    Yes ☐     No ☒

    *If "Yes,"* please state the following:

    Where did you temporarily live? _____

    For what period of time did you temporarily live in another location? _____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
   Yes ☒     No ☐

   *If "Yes,"* please state when the test was performed and who prepared this testing: _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
   Yes ☒     No ☐

   *If "Yes,"* please state the following:

   Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
   Yes ☒     No ☐

   *If "Yes,"* please state the date and reason for repair, service or maintenance:
   _The roof leaked every time it Rained. They came out but it still leaked_

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
|  |  |  | From _____  To _____ | Yes ☐  No ☐  Don't Know ☑ |  |
|  |  |  | From _____  To _____ | Yes ☑  No ☐  Don't Know ☐ |  |
|  |  |  | From _____  To _____ | Yes ☑  No ☐  Don't Know ☐ |  |
|  |  |  | From _____  To _____ | Yes ☐  No ☐  Don't Know ☑ |  |
|  |  |  | From _____  To _____ | Yes ☑  No ☐  Don't Know ☑ |  |
|  |  |  | From _____  To _____ | Yes ☐  No ☐  Don't Know ☑ |  |

## VI.   MEDICAL BACKGROUND

A.   Height: 5' 8"

B.   Current Weight: 188

Weight prior to living in a FEMA trailer or mobile home: Same

C.   Personal Smoking/Tobacco Use History:   *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☑   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☑   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1.    Date on which smoking/tobacco use ended *Easter Sunday 2001*

2.    Amount smoked or used on average:
   *1/2* per day for *25* years.

☒ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1.    Amount currently smoked or used on average:
   *0* per day for *0* years.

**D.**    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or chewing tobacco/snuff, please state the following concerning their smoking history:

1.    Amount smoked or used on average, if you know:
   _____ per day for _____ years.

2.    Relationship to you: _____

3.    Please state whether the smoking occurred inside, outside or both.

**E.**    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* what was the date of birth: _____

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☒ *N/A*

**F.**    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1.    Lung or other respiratory disease
Yes ☒    No ☐

*If "Yes,"* please indicate the following:

Name and description of each illness, disease, or abnormal condition:
*COPD Now have to use oxygen at home 24-7*

The date of illness:
*Pneumonia. I stayed in hospital 3 weeks*

2.    Infectious disease (such as, tuberculosis, <u>pneumonia</u>, hepatitis)

Yes ☐          No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness: _____

_____

3. Long-term stomach or bowel disease
   Yes ☒          No ☐

   *If "Yes,"* please indicate the following.

   Name and description of each illness, disease, or abnormal condition:
   *Ulcers*

   The date of illness:
   *1976*

   _____

4. Skin disease
   Yes ☐          No ☒

   *If "Yes,"* please indicate the following.

   Name and description of each illness, disease, or abnormal condition:

   _____

   The date of illness: _____

   _____

G. Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

   1. To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

      Yes ☒          No ☐          Don't Recall ☐

      *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| X Ray ❘ | 1987 | Dr Dale | North Shore | Throwing up |
| all of the | | Dr LaRcene | North Shore | Blood |
| above | | | | |

13

| | | | | |
|---|---|---|---|---|
| | | | | |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: *Dr Steld*
Specialty, if any: *Hear + Lung*
Address: _____
Phone # *985 - 649 - 2700*
Treatment received: *High Blood pressure*
Dates of treatment: _____

Doctor's Name: *Dr Pedro Servant*
Specialty, if any: *General*
Address: *Gause Blvd*
Phone: *985 - 646 - 4464*
Treatment received: _____
Dates of treatment: _____

Doctor's Name: *Dr Dal*
Specialty, if any: *Lung + Bradslay*
Address: *Gause Blvd*
Phone: _____
Treatment received: *Breathing*
Dates of treatment: _____

C.  ˉˉ you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

| *Dr Steld    Stress, Anxiety* |
|---|
| *Depression* |

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐          No ☑

*If "Yes,"* please provide the name and address of the health care professional.

_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐     No ☑

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐     No ☑

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐     No ☑

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐     No ☑

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐     No ☑

F.  Decedent's death certificate, if applicable.
Yes ☐     No ☐

G.  Report of autopsy of decedent, if applicable.
Yes ☐     No ☐

## IX.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

Walgreens

Front Street + Gause Blvd

Slidell La 70458

A.    Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
|      |         |                    |
|      |         |                    |

16

| | | |
|---|---|---|
| | | |
| | | |
| | | |

F.   Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| | |
| | |
| | |
| | |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Linda H Begnaud_                _Linda H. Begnaud_                _____
**Signature of Plaintiff**                **Print Your Name**                **Date**

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: *Linda D. Bernard*

Date of Birth: _____ _-4z_

Last Four Numbers of SSN: _4681_

  I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _____
_____**and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

  This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

  This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _Linda N Begnaud_

Date of Birth: _____ _42_

Last Four Numbers of SSN: _4 6 8 1_

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of** _____
_____**and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_Linda H. Bagnard_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
|---|---|
| | **AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)** |

Name: _Linda A. Bernard_

Date of Birth: _4-2_

Last Four Numbers of SSN: _4 6 8 1_

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of** _____ **and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_Linda A. Bernard_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Linda H. Bignard_

Date of Birth: _____ - 47_

Last Four Numbers of SSN: _4681_

    I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _____
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2008.

_Linda H. Bignard_
**[PLAINTIFF OR REPRESENTATIVE]**

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY: _____

Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| LiNDA H Besnard | - 42 | - 4681 |
| Address: 921 Gause Blvd W | | Telephone No. 504 382 0970 |
| City: Slidll   State: La | | Zip Code: 70460 |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. _____
Title. _____
Address. _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>☐ Copies of the records & Inspection of the record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
|---|---|---|---|

*LHB* I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed): _____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

*Linda H. Besnard* _____
Signature of Patient/Legal Representative                 Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Linda H Begnaud_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Linda H Begnaud_ (print legibly or type out name)

Signature _Linda H Begnaud_

tabbles®
EXHIBIT

FEMA10-001780

Transcript of the Testimony of

# 30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

**Date taken: August 13, 2008**

**In Re: FEMA Trailer Formaldehyde Products Liability Litigation**

**\*\*Note\*\*** All **electronic deposition/exhibit files** are available at **www.psrdocs.com** . Please call or e-mail reporters@psrdocs.com if you need an **Username** and **Password**.

# Professional Shorthand Reporters, Inc.

**Phone:   504-529-5255**
**Fax:   504-529-5257**
Email:   reporters@psrdocs.com
Internet:   www.psrdocs.com



EXHIBIT

tabbies®

I

Page 1

1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF LOUISIANA

3

4    IN RE:  FEMA TRAILER       MDL NO. 1873

5    FORMALDEHYDE PRODUCTS      SECTION "N"(4)

6    LIABILITY LITIGATION       JUDGE ENGELHARDT

7

8                    *    *    *

9

10        Videotaped Federal Rule 30(b)(6)

11   Deposition of MORGAN BUILDINGS & SPAS, INC.

12   and MORGAN BUILDING SYSTEMS, INC., through

13   their designated representative, JAMES

14   SCHILLIGO, 608 Wyatt Drive, St. Peters,

15   Missouri 63376, taken at the offices of

16   Lambert & Nelson, 701 Magazine Street, New

17   Orleans, Louisiana 70130, on Wednesday, the

18   13th day of August, 2008.

19

20   REPORTED BY:

21        JAMES T. BRADLE, CCR
          PROFESSIONAL SHORTHAND REPORTERS
22        (504)529-5255

23   VIDEOGRAPHER:

24        MICHAEL BERGERON
          PROFESSIONAL SHORTHAND REPORTERS
25        (504)529-5255

Page 2

```
 1    APPEARANCES:

 2          LAMBERT & NELSON
            (BY: HUGH P. LAMBERT, ESQUIRE)
 3          701 MAGAZINE STREET
            NEW ORLEANS, LOUISIANA 70130
 4
            LAW OFFICES OF FRANK D'AMICO, JR.
 5          (BY: AARON AHLQUIST, ESQUIRE -
              VIA TELEPHONE)
 6          622 BARONNE STREET
            NEW ORLEANS, LOUISIANA 70113
 7
                 ATTORNEYS FOR THE PLAINTIFFS
 8
            DAIGLE, JAMISON & RAYBURN
 9          (BY: BRENDA L. MISTROT, ESQUIRE -
              VIA TELEPHONE)
10          303 WEST VERMILION STREET
            SUITE 210
11          LAFAYETTE, LOUISIANA   70502

12               ATTORNEYS FOR DEFENDANT,
                 SILVER CREEK
13
            DUPLASS, ZWAIN, BOURGEOIS,
14            PFISTER & WEINSTOCK
            (BY: RYAN M. MALONE, ESQUIRE)
15          3838 NORTH CAUSEWAY BOULEVARD
            SUITE 2900
16          METAIRIE, LOUISIANA   70002

17               ATTORNEYS FOR DEFENDANT,
                 GULF STREAM COACH, INC.
18
            U.S. DEPARTMENT OF JUSTICE
19          (BY: HENRY MILLER, ESQUIRE)
            CIVIL DIVISION
20          1331 PENN AVENUE, N.W.
            ROOM 8220-N WASHINGTON, D.C. 20004
21
                 ATTORNEYS FOR DEFENDANT, UNITED
22               STATES OF AMERICA

23

24

25
```

Page 3

```
 1    APPEARANCES CONTINUED:

 2         GIEGER, LABORDE & LAPEROUSE
           (BY: JASON D. BONE, ESQUIRE -
 3           VIA TELEPHONE)
           701 POYDRAS STREET
 4         SUITE 4800
           NEW ORLEANS, LOUISIANA  70139

 5
               ATTORNEYS FOR DEFENDANT, FOREST
 6             RIVER

 7         LEAKE & ANDERSSON
           (BY: JERRY L. SAPORITO, ESQUIRE)
 8         1700 ENERGY CENTRE
           1100 POYDRAS STREET
 9         NEW ORLEANS, LOUISIANA  70163

10             ATTORNEYS FOR DEFENDANTS,
               FLEETWOOD ENTERPRISES, INC.,
11             ET AL

12         GARRISON, YOUNT, LORMAND, FORTE &
             MULCAHY, L.L.C.
13         (BY: RANDALL C. MULCAHY, ESQUIRE)
           909 POYDRAS STREET
14         SUITE 1800
           NEW ORLEANS, LOUISIANA  70112

15
               ATTORNEYS FOR DEFENDANTS,
16             RECREATION BY DESIGN, LLC, TL
               INDUSTRIES, INC., AND FRONTIER
17             RV, INC.

18         WILLINGHAM, FULTZ & COUGILL
           (BY: HAL L. ROACH, JR., ESQUIRE -
19           VIA TELEPHONE)
           NIELS ESPERSON BUILDING
20         808 TRAVIS, SUITE 1608
           HOUSTON, TEXAS  77002

21
               ATTORNEYS FOR DEFENDANT,
22             JAYCO AND STARCRAFT

23

24

25
```

Page 4

```
 1    APPEARANCES CONTINUED:

 2         HAILEY, McNAMARA, HALL, LARMANN
              & PAPALE, L.L.P.
 3         (BY: DAVID C. BACH, ESQ.)
           SUITE 1400, ONE GALLERIA BOULEVARD
 4         METAIRIE, LOUISIANA 70002

 5             ATTORNEYS FOR DEFENDANTS,
               AMERICAN HOMESTAR CORP. AND
 6             OAK CREEK HOMES

 7         FOWLER RODRIGUEZ VALDES-FAULI
           (BY: STEPHANIE D. SKINNER, ESQUIRE -
 8            VIA TELEPHONE)
           400 POYDRAS STREET, 30TH FLOOR
 9         NEW ORLEANS, LOUISIANA  70130

10             ATTORNEYS FOR DEFENDANTS,
               CMH MANUFACTURING, SOUTHERN
11             ENERGY HOMES, INC., PALM HARBOR
               MANUFACTURING, LP, PALM
12             HARBOR ALBERMARLE, AND GILES
               INDUSTRIES, INC.

13

14         McGLINCHEY STAFFORD, PLLC
           (BY: CHRISTINE LIPSEY, ESQUIRE
              AND DAN E. WEST, ESQUIRE)
15         FOURTEENTH FLOOR, ONE AMERICAN PLACE
           301 MAIN STREET
16         BATON ROUGE, LOUISIANA 70825

17                    (and)

18         MORGAN MANAGEMENT CORPORATION
           (BY: ALAN WINN, ESQUIRE)
19         CORPORATE COUNSEL
           2800 McCREE ROAD
20         GARLAND, TEXAS 75041

21             ATTORNEYS FOR MORGAN BUILDINGS &
               SPAS, INC.

22

23    ALSO PRESENT:

24         CANDICE SIRMON, ESQUIRE - PLAINTIFFS'
              STEERING COMMITTEE
25         RACHEAL MEZZIC - LAMBERT & NELSON
```

Page 5

1                    EXAMINATION INDEX

2                                      Page

3    EXAMINATION BY MR. LAMBERT ..........13
     EXAMINATION BY MR. MILLER ..........172
4    EXAMINATION BY MR. MULCAHY .........190

5                    *    *    *

6                INDEX OF EXHIBITS

7                                      Page

8    Exhibit No. 1 .....................69

9    Morgan Purchase Order 131888, Terms of

10   Purchase, and Amendment No. 1 to Fleetwood

11   Enterprises, Inc. Master Sales Agreement

12   dated 9-6-05 (MORGAN-000061 through 000063)

13   Exhibit No. 2 .....................76

14   Document from Brad McKinney, Monaco Coach

15   Corp. to Morgan Building Systems dated

16   9-1-05, document entitled "32 SK Bunk House

17   Travel Trailer by Monaco Coach" and Holiday

18   Rambler cover sheet from Christina

19   Detering/Brad McKinney to Jim/Guy Morgan

20   dated 9-1-05 (MORGAN-000064 through 000066)

21   Exhibit No. 3 .....................78

22   Morgan Purchase Order 118040 dated 9-19-05,

23   Terms of Purchase, and Morgan Purchase Order

24   118034 dated 9-6-05 (MORGAN-000058 through

25   000060)

Page 6

1    Exhibit No. 4  ......................81

2    Morgan Purchase Order 118041 dated 9-29-05

3    (MORGAN-000067)

4    Exhibit No. 5  ......................85

5    Various e-mails and Federal Emergency

6    Management Agency (FEMA) Ruggedized

7    Manufactured Housing Procurement

8    Specifications dated July 14, 2005

9    (MORGAN-000078 through 000086)

10   Exhibit No. 6  ......................95

11   E-mail from Michael Wagner to Guy Morgan

12   dated August 31, 2005 (MORGAN-000097)

13   Exhibit No. 6(A)  ...................139

14   FEMA Model Travel Trailer Procurement

15   Specifications dated August 12, 2004

16   (MORGAN000099 through 000102)

17   Exhibit No. 7  ......................138

18   Request for Quotations letter from Bryan

19   McCreary, FEMA to Vendors dated September 8,

20   2005, with attached specifications

21   (MORGAN-000088 through 000090)

22   Exhibit No. 8  ......................166

23   Color photograph

24   Exhibit No. 9  ......................166

25   Color photograph

Page 7

```
 1              S T I P U L A T I O N

 2

 3        It is stipulated and agreed by and

 4    between counsel for the parties hereto that

 5    the deposition of the aforementioned witness

 6    is hereby being taken for all purposes

 7    allowed under the Federal Rules of Civil

 8    Procedure, in accordance with law, pursuant

 9    to notice;

10        That the formalities of reading and

11    signing are specifically not waived;

12        That the formalities of filing,

13    sealing, and certification are specifically

14    waived;

15        That all objections, save those as to

16    the form of the question and the

17    responsiveness of the answer, are hereby

18    reserved until such time as this deposition,

19    or any part thereof, may be used or sought

20    to be used in evidence.

21

22                 *   *   *

23        JAMES T. BRADLE, CCR, Certified Court

24    Reporter, officiated in administering the

25    oath to the witness.
```

Page 21

1    availability of inventory and pricing.

2         Q    All right.  And when you say "we,"

3    is there a team of people?  Is it primarily

4    you and Mr. Morgan, or who is it?

5         A    Myself and Mr. Morgan.

6         Q    Okay.  And who were your

7    suppliers?

8         A    For --

9         Q    For this schedule, quantity,

10   pricing, floor plan request.

11        A    For this disaster, it would have

12   been Fleetwood, Recreation by Design and

13   Monaco.

14        Q    We have taken Fleetwood's

15   deposition, and we have the quantities and

16   so on.  Was Fleetwood the largest supplier?

17        MS. LIPSEY:

18             Objection, vague.

19   EXAMINATION BY MR. LAMBERT:

20        Q    Insofar as your procurement was

21   concerned, was Fleetwood the largest

22   supplier of travel trailers?

23        A    I don't know that for sure.

24        Q    Okay.  When you contacted

25   Fleetwood and Recreation by Design and

Transcript of the Testimony of
# Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

### Date taken: October 22, 2009

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)

### **Note**
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a **Username**
and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**


EXHIBIT
J

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS         SECTION N(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


                    *   *   *

               (RE:  DUBUCLET)


     VIDEOTAPED DEPOSITION OF MORGAN

BUILDINGS & SPAS THROUGH ITS CORPORATE

REPRESENTATIVE JAMES SCHILLIGO, 2800 MCCREE

ROAD, GARLAND, TEXAS 75041, TAKEN AT THE

OFFICES OF MCGLINCHEY, STAFFORD, PLLC, 601

POYDRAS STREET, 12TH FLOOR, NEW ORLEANS,

LOUISIANA, ON THE 22ND DAY OF OCTOBER, 2009.


REPORTED BY:

     PAT KENNEDY QUINTINI, CCR
     PROFESSIONAL SHORTHAND REPORTERS
     (504)529-5255


VIDEOGRAPHER:

     MICHAEL BERGERON
     PROFESSIONAL SHORTHAND REPORTERS
     (504)529-5255

Page 2

```
 1    APPEARANCES:
 2         T. CHRISTOPHER PINEDO
           ATTORNEY AT LAW
 3         4550 JERICHO ROAD
           CORPUS CHRISTI, TEXAS 78413
 4
                (ATTORNEY FOR THE PLAINTIFFS)
 5
           BENCOMO & ASSOCIATES
 6         (BY:  RAUL R. BENCOMO, ESQUIRE -
              VIA TELEPHONE)
 7         639 LOYOLA AVENUE, SUITE 2110
           NEW ORLEANS, LOUISIANA  70113
 8
                (ATTORNEYS FOR THE PLAINTIFFS)
 9
           NELSON, MULLINS, RILEY & SCARBOROUGH
10         (BY: TAYLOR T. DALY, ESQUIRE)
           201 17TH STREET, NW, SUITE 1700
11         ATLANTIC STATION
           ATLANTA, GEORGIA 30363
12
                (ATTORNEYS FOR DEFENDANT,
13                 FLEETWOOD ENTERPRISES, INC.)
14         MIDDLEBERG, RIDDLE & GIANNA
           (BY: RICHARD SHERBURNE, JR., ESQUIRE)
15         450 LAUREL STREET, SUITE 1101
           BATON ROUGE, LOUISIANA 70801
16
                (ATTORNEYS FOR DEFENDANT, FLUOR
17                 ENTERPRISES, INC.)
18         U.S. DEPARTMENT OF JUSTICE
           CIVIL DIVISION, TORTS BRANCH
19         (BY:  HENRY MILLER, ESQUIRE)
           1331 PENN AVENUE, N.W.
20         ROOM 8220-N
           WASHINGTON, D.C.  20004
21
                (ATTORNEYS FOR DEFENDANT, UNITED
22                 STATES OF AMERICA)
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 3

```
 1    APPEARANCES CONTINUED:
 2         JONES, WALKER, WAECHTER, POITEVENT,
                CARRERE & DENEGRE, LLP
 3          (BY: WILLIAM D. LAMPTON, ESQUIRE -
                VIA TELEPHONE)
 4          FOUR UNITED PLAZA
            8555 UNITED PLAZA BOULEVARD
 5          BATON ROUGE, LOUISIANA 70809
 6              ATTORNEYS FOR DEFENDANTS,
                KEYSTONE RV COMPANY, THOR
 7              CALIFORNIA, THOR INDUSTRIES,
                DUTCHMEN MANUFACTURING, DS CORP
 8              (d/b/a CROSSROADS RV) AND KZ RV,
                LP
 9
           GARRISON, YOUNT, LORMAND, FORTE &
10            MULCAHY
           (BY: RANDALL C. MULCAHY, ESQUIRE)
11         909 POYDRAS STREET
           SUITE 1800
12         NEW ORLEANS, LOUISIANA  70112
13          (ATTORNEYS FOR DEFENDANTS
                RECREATION BY DESIGN, LLC,
14              TL INDUSTRIES, INC., FRONTIER
                RV, INC. AND CRUISER RV)
15
           WILLINGHAM, FULTZ & COUGILL
16         (BY: THOMAS L. COUGILL, ESQUIRE -
                VIA TELEPHONE)
17         NIELS ESPERSON BUILDING
           808 TRAVIS, SUITE 1608
18         HOUSTON, TEXAS  77002
19          (ATTORNEYS FOR DEFENDANTS
                JAYCO AND STARCRAFT)
20
           BAKER, DONELSON, BEARMAN, CALDWELL &
21            BERKOWITZ
           (BY:  GERARDO R. BARRIOS, ESQUIRE)
22         201 ST. CHARLES AVENUE, SUITE 3600
           NEW ORLEANS, LOUISIANA  70170
23         (NOT PRESENT)
24          (ATTORNEYS FOR DEFENDANTS, CH2M HILL
                CONSTRUCTORS, INC. AND SHAW
25              ENVIRONMENTAL, INC.)
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

```
 1
 2    APPEARANCES CONTINUED:
 3       McGLINCHEY STAFFORD
          (BY:  CHRISTINE LIPSEY, ESQUIRE)
 4       643 MAGAZINE STREET
         NEW ORLEANS, LOUISIANA 70130
 5
              (AND)
 6
         MCGLINCHEY STAFFORD PLLC
 7       (BY:  DAN E. WEST, ESQUIRE)
         301 MAIN STREET, 14TH FLOOR
 8       ONE AMERICAN PLACE
         BATON ROUGE, LOUISIANA  70805
 9
             (ATTORNEYS FOR MORGAN BUILDINGS AND
10               SPAS, INC. APPEARING UNDER
                 RESERVATION OF RIGHTS)
11
              (AND)
12
         MORGAN MANAGEMENT CORPORATION
13       (BY:  ALAN WINN, ESQUIRE)
         CORPORATE COUNSEL
14       2800 MCCREE ROAD
         GARLAND, TEXAS  75041
15
             (ATTORNEYS FOR DEFENDANT MORGAN
16               BUILDINGS AND SPAS, INC.)
17       LUGENBUHL, WHEATON, PECK, RANKIN &
             HUBBARD
18       (BY: KRISTOPHER M. REDMANN, ESQUIRE -
             VIA TELEPHONE)
19       601 POYDRAS STREET, SUITE 2775
         NEW ORLEANS, LOUISIANA 70130
20
             (ATTORNEYS FOR DEFENDANT,
21               LIBERTY MUTUAL INSURANCE
                 CORPORATION)
22
23
24
25
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 5

```
 1
 2    APPEARANCES CONTINUED:
 3        FRILOT, L.L.C.
          PETER R. TAFARO, ESQUIRE -
 4          VIA TELEPHONE)
          3600 ENERGY CENTRE
 5        1100 POYDRAS STREET
          NEW ORLEANS, LOUISIANA   70173-3600
 6
          (ATTORNEYS FOR DEFENDANT, BECHTEL
 7          NATIONAL, INC.)
 8
 9                  *     *     *
10              EXAMINATION INDEX
11                                       PAGE
12
13    EXAMINATION BY MR. PINEDO ...........12
14    EXAMINATION BY MS. DALY .............68
15    EXAMINATION BY MR. MILLER ...........91
16    EXAMINATION BY MR. SHERBURNE .......124
17    EXAMINATION BY MR. MULCAHY .........126
18    EXAMINATION BY MS. DALY ............133
19    EXAMINATION BY MR. PINEDO ..........134
20    EXAMINATION BY MR. MILLER ..........166
21    EXAMINATION BY MR. PINEDO ..........169
22
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 6

1                    *    *    *

2              INDEX OF EXHIBITS

3

4                                    Page

5    Exhibit No. 1  ....................13

6    Notice of Videotaped Federal Rule 30(b)(6)

7    Deposition of Morgan Buildings & Spas, Inc.

8    (no Bates stamps)

9    Exhibit No. 2  ....................17

10   Solicitation/Contract/Order for Commercial

11   Items between FEMA and Morgan Buildings &

12   Spas, dated 9/9/2005, Bates Morgan-000002

13   through 14

14   Exhibit No. 3  ....................18

15   Solicitation/Contract/Order for Commercial

16   Items between FEMA and Morgan Buildings &

17   Spas, no effective date, Bates Morgan-000015

18   & 16

19   Exhibit No. 4  ....................24

20   Solicitation/Contract/Order for Commercial

21   Items between FEMA and Morgan Buildings &

22   Spas, effective date 9/1/2005, Bates No.

23   Morgan-000017

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255        (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f5!

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 7

1    Exhibit No. 5  ......................25
2    Fax to Brad McKinney from Kerri dated
3    9/1/2005, Bates Morgan-000095 & 96
4    Exhibit No. 6  ......................28
5    Email from Michael Wagner to Gay Morgan
6    dated 8/31/2005, Bates Morgan-000097 & 98
7    Exhibit No. 7  ......................29
8    FEMA Model Travel Trailer Procurement
9    Specifications, dated 8/12/2004, Bates
10   FLE-00006914 through 6916
11   Exhibit No. 8  ......................30
12   Document that starts out "Question:  Do you
13   really want to ship these by rail?", Bates
14   Morgan-000103
15   Exhibit No. 9  ......................52
16   Certificate of Origin for a Vehicle, Bates
17   Morgan-001049 through 1050
18   Exhibit No. 10  ......................55
19   Invoice No. 4039-3022 from Morgan to FEMA
20   dated 4/3/2006, Bates Morgan-001051
21   Exhibit No. 11  ......................58
22   Invoice No. 604001627 to Morgan from
23   Fleetwood, dated 3/28/06, Bates
24   Morgan-001052
25

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 8

```
 1    Exhibit No. 12  ......................60
 2    Straight Bill of Lading from Fleetwood to
 3    Morgan/FEMA dated 3/28/06, Bates
 4    Morgan-001053
 5    Exhibit No. 13  ......................71
 6    Fleetwood Enterprises Master Sales Agreement
 7    dated September 6, 2005, Bates Morgan-000055
 8    through 63
 9    Exhibit No. 14  ......................74
10    Email from Jim Schilligo to Guy, Dated
11    9/5/2005, Bates Morgan-000087 through 89
12    Exhibit No. 15  ......................75
13    Email from Doug Henriquez to Guy Morgan
14    dated 9/9/2005, Bates Morgan-000147 & 148
15    Exhibit No. 16  ......................85
16    Email string beginning with page that says
17    "Redacted", Bates FLE-00135116 through
18    135118
19    Exhibit No. 17  ......................87
20    Fleetwood Towable Group Engineering
21    Standards Bulletin No. 10, December 1, 1997,
22    Bates FLE_00010903 through 10918
23    Exhibit No. 18  ......................94
24    FEMA Procedure Storage Site Manual Fall
25    2005, Bates FLE-00001942 through 1955
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 9

1   Exhibit No. 19  .....................100

2   Important Notice, Bates FLE-00005100 through

3   5102

4   Exhibit No. 20  .....................108

5   Fax to Dave Busche from Guy Morgan/Elaine

6   dated 6/1/2004, Bates FLE-00001367 through

7   1370

8   Exhibit No. 21  .....................134

9   Fleetwood 2006 Owner's Manual, Bates

10  Fleetwood_EX-000003 through 105

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

83f35e7d-fd08-453c-b140-b8158db27f5-

Page 10

# S T I P U L A T I O N

It is stipulated and agreed by and between counsel for the parties hereto that the deposition of the aforementioned witness is hereby being taken for all purposes allowed under the Federal Rules of Civil Procedure, in accordance with law, pursuant to notice;

That the formalities of reading and signing are specifically            ;

That the formalities of filing, sealing, and certification are specifically waived;

That all objections, save those as to the form of the question and the responsiveness of the answer, are hereby reserved until such time as this deposition, or any part thereof, may be used or sought to be used in evidence.

\*   \*   \*

CATHY RENEE' POWELL, CCR, Certified Court Reporter, officiated in administering the oath to the witness.

Page 19

1          And the document with regard to

2    mobile homes, is that a two-page document?

3          A.   No, sir.  It's one page.

4          Q.   You now have Bates number --

5          A.   I'm sorry, two pages.

6          Q.   So Exhibit 3 is Morgan's Bates

7    No. 15 and 16; is that right?

8          A.   Yes, sir.

9          Q.   And now you have a document in

10   front of you with a Morgan Bates number of

11   17.  What does that represent?

12         A.   It is another government contract

13   for 15,000 travel trailers.

14         Q.   And is that your understanding of

15   the amount of travel trailers that Morgan

16   sold to the United States Government for

17   temporary housing units after Hurricane

18   Katrina?

19         A.   Yes, sir.

20         Q.   And this would be the contract

21   that we were talking about with the total

22   amount of travel trailers that were sold by

23   Morgan to the United States Government?

24         A.   Yes, sir.

25         Q.   Now, did Morgan itself manufacture

83f35e7d-fd08-453c-b140-b8158db27f5

Page 20

1    travel trailers at any particular time?

2        A.   No, sir.

3        Q.   So to fulfill this contract, did

4    Morgan turn to the manufacturers of travel

5    trailers and ask them to fill orders for

6    them for these travel trailers?

7        A.   Yes, sir.

8        Q.   And did Morgan request travel

9    trailers from Fleetwood to fulfill this

10   request by the United States Government?

11       A.   Yes, sir.

12       Q.   Did they also request travel

13   trailers from an entity called Monaco to

14   fill this requirement for 15,000 travel

15   trailers?

16       A.   Yes, sir.

17       Q.   Did they also request travel

18   trailers from an entity called Recreation by

19   Design to fill this order for the United

20   States Government?

21       A.   Yes, sir.

22       Q.   The total amount of travel

23   trailers that Morgan sold to the United

24   States Government manufactured by Fleetwood,

25   Monaco, and Recreation by Design was 15,000;

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 24

1    document which has been marked as Exhibit 4,

2    which is Morgan Bates No. 17.  Just for the

3    record, so we are clear, could you identify

4    that document for me?

5         A.    Yes, sir.  It's a contract from

6    Department of Homeland Securities/FEMA to

7    Morgan, for Morgan Buildings & Spas, Inc.

8    for 15,000 travel trailers.

9      (Exhibit No. 4 marked for identification.)

10        Q.    What is the date on that document?

11        A.    8/29/2005.

12        Q.    And that's the contract we were

13   discussing earlier that provides for us some

14   of the details regarding the purchase of the

15   15,000 travel trailers by FEMA from Morgan;

16   is that right?

17        A.    Yes, sir.

18        Q.    And what Morgan did, rather than

19   constructing their own travel trailers, is

20   they contacted Recreation by Design, Monaco

21   and Fleetwood and had them construct the

22   travel trailers to fill that order?

23        A.    Correct.

24        Q.    May I see that document, sir?

25        A.    (Witness complies.)

83f35e7d-fd08-453c-b140-b8158db27f5

ATTORNEYS AT LAW

# McGLINCHEY STAFFORD PLLC

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

July 14, 2011

Roberta L. Burns
Law Offices of Sidney D. Torres, III
8301 W. Judge Perez Dr.
Suite 303
Chalmette, LA 70043



EXHIBIT
K

RE:   *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.*

*Helen Albarado, et al. v. Morgan Buildings and Spas, Inc., et. al. (10-3702)*

Dear Roberta:

On October 15, 2010, you filed the matter styled *Helen Albarado, et. al. v. Morgan Buildings and Spas, Inc., et al.,*bearing Eastern District of Louisiana Suit No. 10-3702. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (Morgan) are named as a manufacturing defendants. As we are in the process of reviewing the discovery in this matter, we have determined that this suit contains several plaintiffs who did not live in trailers procured by Morgan: Helen Albarado, Raymond Albarado, Felix E. Arceneaux, Jr., Jay Authement, Jay J. Authement, Jaylin A. Authement, Clarence Bagio, Donald Blagio, Rosemary Biagio, Faith Blasio, Lynn Blasio, individually and o/b/o H  M. Blasio, Mary Blazio,[1] Madeline Deshotel, Melissa Deshotel, Timothy Deshotel, Jennifer Ann Kieff, Barbara M. Meyer, Linda Begnaud, and Rodney Pierson. We are writing to request that you dismiss the claims asserted by these plaintiffs against Morgan as the discovery produced in this matter establishes that they did not live in trailers procured by Morgan.

The discovery produced by Morgan in this matter is clear. Morgan procured emergency housing units from limited, specific manufacturers, and did not act as a general procuring agent for FEMA, procuring trailers from every manufacturer named in this litigation. Morgan did not manufacture or procure the trailers provided by FEMA to these plaintiffs. Specifically, the Plaintiff Fact Sheet and/or FRRATS discovery establish that Morgan did not manufacture or procure the trailers in question.

---

[1] Mary Blazio's last name is spelled with a "z" in the complaint. In other documents produced by the plaintiffs her last name is sometimes spelled with an "s".

379839.1

Robert L. Burns
July 14, 2011
Page 2

1.  Helen Albarado and Raymond Albarado – According to FRRATS Exhibits EE and HHH, Helen and Raymond Albarado lived in two trailers. Both trailers were manufactured by Gulf Stream and bear VIN numbers 1NL1VTR2161044663 and 1NL1GTR286108474.

2.  Felix E. Arceneaux, Jr. – According to FRRATS Exhibit EE, Mr. Arceneaux lived in a StarCraft trailer bearing VIN number 1SABS02N452JH5526.

3.  Jay Authement, Jay J. Authement and Jaylin A. Authement – According to FRRATS Exhibit EE, these plaintiffs lived in a Forest River trailer bearing VIN number 4x4twdh285a234830.

4.  Clarence Blagio, Rosemary Blagio, Faith Blasio, and Lynn Blasio, individually and o/b/o H    M. Blasio – According to FRRATS Exhibits D, EE and HHH, these plaintiffs lived in a Cavalier trailer bearing VIN number ACBC06AL031166. Donald Blagio's Plaintiff Fact Sheet and FRRATS Exhibits (D, EE and HHH) do not identify his trailer. However, he is listed as an occupant in Rosemary Blagio and Faith Blasio's trailers. Therefore, we request that his claims against Morgan also be dismissed.

5.  Mary Blazio – According to FRRATS Exhibits EE and HHH, Mary Blazio lived in a Silver Creek trailer bearing VIN number 1S9PA34346HSC8260.

6.  Linda Begnaud – According to Ms. Begnaud's Plaintiff Fact Sheet, she lived in two trailers manufactured by Fleetwood. The trailers bear VIN numbers TNFL427A296045A3 and TNFL427A296048A33 and according to FRRATS Exhibits EE and HHH, she lived in a Fleetwood trailer bearing VIN number TNFL427A296048A33.

7.  Madeline Deshotel, Melissa Deshotel and Timothy Deshotel – According to FRRATS Exhibits EE and HHH, these plaintiffs lived in a Fleetwood trailer bearing VIN number 1EB17322354008479.

8.  Jennifer Ann Kieff – According to FRRATS Exhibits HHH and AAAAAA, Ms. Kieff lived in two trailers: a Crossroads trailer bearing VIN number 4VOTC31276F000983 and a Superior trailer bearing VIN number 5SYBB35316P000861.

9.  Barbara M. Meyer – According to FRRATS Exhibits EE and HHH, Ms. Meyer lived in a Gulf Stream trailer bearing VIN number 1NL1GTR2361083233.

10. Rodney J. Pierson – According to FRRATS Exhibit HHH, Mr. Pierson lived in a Jayco trailer bearing VIN number 1UJBJ02OPX61EP1224. We also note that Bonnie L. Pierson, Jonathan P. Pierson and Theresa G. Pierson, individually and o/b/o Grace Pierson are also plaintiffs in this suit. We are not aware of these individuals have

Robert L. Burns
July 14, 2011
Page 3

providing Plaintiff Fact Sheets or FRRATS discovery. However, Rodney Pierson lists them as occupants of his trailer. Therefore, we demand that their claims be dismissed as well.

We refer you to Morgan's August 13, 2008 Rule 30(b)(6) deposition where James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative. Mr. Schilligo testified that, for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of temporary housing units were Fleetwood, Recreation by Design, and Monaco.[2]

Mr. Schilligo's testimony reiterates the information provided in Morgan Buildings & Spas, Inc.'s Objections and Responses to Plaintiffs' Notice of Video-Taped Rule 30(b)(6) Deposition of Morgan Building and Spas, Inc., submitted to plaintiffs' liaison counsel and the court-appointed plaintiffs' steering committee counsel on August 6, 2008.[3] Further, Morgan, through Mr. Schilligo, again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.

Accordingly, there is no evidence that Morgan manufactured or procured the trailers provided by FEMA to Helen Albarado and Raymond Albarado (Gulf Stream), Felix E. Arceneaux, Jr. (Star Craft), Jay Authement, Jay J. Authement and Jaylin A. Authement (Forest River), Clarence Blagio, Donald Blagio, Rosemary Blagio, Faith Blasio, and Lynn Blasio (Cavalier), Mary Blazio (Silver Creek), Jennifer Ann Kieff (Crossroads and Superior), Barbara M. Meyer (Gulf Stream) or Rodney J. Pierson (Jayco). We request that you dismiss these plaintiffs' claims against Morgan by August 19, 2011. Otherwise, Morgan will move for summary dismissal of their claims against Morgan and will seek its costs and attorneys' fees.

With regard to the Fleetwood trailers provided by FEMA to Linda Begnaud, Madeline Deshotel, Melissa Deshotel and Timothy Deshotel, James Schilligo, Morgan's National Sales Manager, has reviewed Morgan's records and determined that the VIN number of the trailers provided to these plaintiffs does not match Morgan's records of the Fleetwood trailers Morgan procured. We have enclosed Mr. Schilligo's affidavit attesting to this fact.

As there is no evidence that Morgan manufactured or procured the trailer provided by FEMA to Linda Begnaud, Madeline Deshotel, Melissa Deshotel or Timothy Deshotel, we request that you also dismiss their claims against Morgan by August 19, 2011. Otherwise, Morgan will move for summary dismissal of their claims against Morgan and will seek its costs and attorneys' fees.

---

[2] See James Schilligo depo., 21:6-13, which is attached.
[3] Morgan Building Systems also submitted objections and responses to plaintiffs' notice of deposition on August 6, 2008. As stated therein, Morgan Building Systems merged into Morgan Buildings & Spas on January 19, 1994, and no longer exists. As such, Morgan Building Systems has been improperly named as a defendant in this matter.

379839.1

Robert L. Burns
July 14, 2011
Page 4

With kindest regards we remain,

Very truly yours,

**McGlinchey Stafford, PLLC**

Amanda S. Stout

Enclosures

379839.1

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS         SECTION "N"(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


*   *   *


Videotaped Federal Rule 30(b)(6)

Deposition of MORGAN BUILDINGS & SPAS, INC.

and MORGAN BUILDING SYSTEMS, INC., through

their designated representative, JAMES

SCHILLIGO, 608 Wyatt Drive, St. Peters,

Missouri 63376, taken at the offices of

Lambert & Nelson, 701 Magazine Street, New

Orleans, Louisiana 70130, on Wednesday, the

13th day of August, 2008.


REPORTED BY:

    JAMES T. BRADLE, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

Page 21

1    availability of inventory and pricing.

2        Q    All right.  And when you say "we,"

3    is there a team of people?  Is it primarily

4    you and Mr. Morgan, or who is it?

5        A    Myself and Mr. Morgan.

6        Q    Okay.  And who were your

7    suppliers?

8        A    For --

9        Q    For this schedule, quantity,

10   pricing, floor plan request.

11       A    For this disaster, it would have

12   been Fleetwood, Recreation by Design and

13   Monaco.

14       Q    We have taken Fleetwood's

15   deposition, and we have the quantities and

16   so on.  Was Fleetwood the largest supplier?

17       MS. LIPSEY:

18           Objection, vague.

19   EXAMINATION BY MR. LAMBERT:

20       Q    Insofar as your procurement was

21   concerned, was Fleetwood the largest

22   supplier of travel trailers?

23       A    I don't know that for sure.

24       Q    Okay.  When you contacted

25   Fleetwood and Recreation by Design and

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE      *   MDL NO. 1873
PRODUCTS LIABILITY LITIGATION     *
    *
    *
    *
    *   JUDGE ENGELHARDT
    *
THIS DOCUMENT RELATES TO:     *
    *
*Helen Albarado, et al. v. Morgan Buildings and*     *   MAGISTRATE CHASEZ
*Spas, Inc., et. al. (10-3702)*     *
    *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

STATE OF TEXAS

COUNTY OF DALLAS      :

## AFFIDAVIT OF JAMES G. SCHILLIGO

BEFORE ME, the undersigned Notary Public, duly commissioned for the State and County aforesaid, came and appeared:

JAMES G. SCHILLIGO

who, after being first duly sworn, did depose and state:

1.   I suffer no mental or legal disability and am fully competent to make this affidavit.

2.   The following facts are based upon my personal knowledge or review of records kept in the ordinary court of business by Morgan Buildings & Spas, Inc., and such facts are true and correct.

3.   I am employed by Morgan Buildings & Spas, Inc. (Morgan) as its National Sales Manager.

4.   I held the position of National Sales Manager in 2005, at the time of Hurricanes Katrina and Rita.

5.   In connection with a contract with the Federal Emergency Management Authority (FEMA) to supply temporary housing units following Hurricanes Katrina and Rita,

382457.1

Page 1 of 3

Morgan procured temporary housing units directly from the following manufacturers: Fleetwood Enterprises, Inc., Recreation by Design, LLC, and Monaco Coach Corporation.

6.  In connection with Morgan's procurement of the temporary housing units from the specified manufacturers and delivery of the temporary housing units to FEMA, Morgan maintained a spreadsheet which listed each temporary housing unit by VIN number among other pertinent information.

7.  I reviewed the Plaintiff Fact Sheet submitted by Linda Begnaud in this matter. According to the Plaintiff Fact Sheet, Linda Begnaud lived in two Fleetwood temporary housing units bearing VIN numbers TNFL427A296048A3 and TNFL427A296048A33.

8.  Additionally, Linda Begnaud reported that the size of mobile home TNFL427A296048A33 was "14 x 80" and the size of mobile home TNFL427A296048A3 was "14 x 70."

9.  I also reviewed FEMA FRRATS Exhibits EE and HHH, which states that Linda Begnaud lived in a Fleetwood temporary housing unit bearing VIN number TNFL427A296048A33.

10.  I reviewed Morgan's spreadsheet of temporary housing unit VIN numbers and have ascertained that Morgan did not procure the Fleetwood temporary housing units bearing VIN numbers TNFL427A296048A3 and TNFL427A296048A33

11.  Further, Morgan did not procure mobile homes from Fleetwood which measured 14 feet by 80 feet or 14 feet by 70 feet.  Rather, all mobile homes Morgan purchased from Fleetwood measured 14 feet by 60 feet.

12.  I reviewed FEMA FRRATS Exhibits EE and HHH, which states that Madeline Deshotel, Melissa Deshotel, and Timothy Deshotel lived in a Fleetwood travel trailer bearing VIN number 1EB17322354008479.

13.  I reviewed Morgan's spreadsheet of temporary housing unit VIN numbers and have ascertained that Morgan did not procure the Fleetwood travel trailer bearing VIN number 1EB17322354008479.

[signatures on next page]

382457.1

Thus read and signed in _____, Texas, this _13_ day of July, 2011.



_____
James G. Schilligo

Sworn to and subscribed before me, Notary Public, this _13th_ day of July, 2011.

_____
Notary Public

Printed Name: _PATRICIA  L  CROW_

Notary No.: _____

My Commission Expires: _11-18-13_

PATRICIA L. CROW
Notary Public, State of Texas
My Commission Expires
November 18, 2013

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER            )        MDL NO. 1873
FORMALDEHYDE                   )
PRODUCT LIABILITY LITIGATION   )
                               )
                               )        SECTION: N(4)
_____  )
                               )
THIS RELATES TO:               )        JUDGE: ENGELHARDT
                               )        MAG: ROBY
Plaintiff: _Jenni Carnes_      )
_208 Clark Farms Rd, Madison, ms_ )

## PLAINTIFF FACT SHEET

## I.      INSTRUCTIONS

IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY
IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND
RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN
THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS
FORM TO YOUR ATTORNEY.

Please provide the following information for each person claiming a formaldehyde related
injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes
Katrina and Rita in August and September, 2005.  A separate Plaintiff Fact Sheet must be
completed for each individual claiming exposure to formaldehyde.  For example, a parent
must complete a separate form for each minor child and a personal representative must
complete a separate form for each deceased person.  Whether you are completing this fact
sheet for yourself or for someone else, please assume that "You" means the person who resided
in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the
person completing this Fact Sheet does not know or does not recall the information requested in
any question, that response should be entered in the appropriate location.

1


EXHIBIT
L

## II.   PERSONAL INFORMATION

A.   Name (person completing form): *Jerrilyn Carnesi*

B.   Maiden or other names used or by which you have been known: *Canton*

C.   Current Street Address: *208 Clarks Farm Rd. Madison Ms. 39110*

D.   Home Telephone No.: *504-201-3242 Cell*
Cell Phone No.:
Work Telephone No: *601-366-9711*
Other Telephone Nos.:

E.   Email address:

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:

3   Address (or last known address if deceased):

4.   Home Telephone No.:
Cell Phone No.:
Work Telephone No:
Other Telephone Nos.:

5.   E-mail address:

6.   If you were appointed as a representative by a court, state the:

2

Court: _____   Date of Appointment: _____

7. What is your relationship to the deceased or represented person or person claimed to be injured? _____

8. If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B. Please state the name and address of the attorney representing you:

| | |
|---|---|
| Attorney's Name/Law Firm | Law Offices of<br>SIDNEY D. TORRES, III<br>A Professional Law Corporation |
| City, State and Zip Code | 8301 W. Judge Perez Drive, Suite 303<br>Chalmette, Louisiana 70043 |

C. Please state the following: (If you are a representative, please state this information for each such person being represented):

1. Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
   Yes ☑      No ☐

2. What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _____ Cancer et al long Term illness

3. During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☑ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☑ irritation or itching of skin
☐ burning of skin
☐ rashes on skin
☐ drying or scaling of skin
☐ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☐ vomiting
☐ bloody vomiting
☑ abdominal pain
☑ diarrhea
☑ difficulty in breathing
☑ wheezing
☑ shortness of breath
☑ persistent cough
☐ tightness of the chest

3

☑ bronchitis
☑ throat irritation
☐ hoarseness
☑ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☐ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of childhood asthma
☐ allergies for the first time in your life
☑ worsening of allergies that you had previous to living in FEMA trailer

☐ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _____

_____

_____

_____

4.  Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☑

If yes, which kind of cancer?

_____

5.  When do you claim this injury or disease first occurred? _____

6.  Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☑        No ☑

*If "Yes,"* when and who diagnosed the condition at that time?

_____

_____ w/ some of allergies _____

7.  Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☑        No ☐

*If "Yes,"* set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

allergies
hoarsness
Throat irritations
Bronchitis

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____

_____

8.    Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?
Yes ☐         No ☑

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:

_____

_____

_____

To your understanding, describe the condition for which treated:

_____

_____

_____

State when you were treated for this psychological, psychiatric or emotional problem

_____

_____

_____

List the medications prescribed or recommended by the physician or counselor

_____

_____

_____

9.    Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☐         No ☑

*If "Yes,"* state the amount of your claim: _____

5

## IV.  BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 3701 Riverland Dr Chalmette LA | Aug 2002 - Aug 2005 |
| 3800 W Loyola Dr Kenner LA | Oct 2005 - Aug 2006 |
| 208 Clarks Farm Rd Madison MS | Aug 2006 - Till |
| | |
| | |

B. State Driver's License Number and State Issuing License: _____
    _____ MS  80136|201

C. Date and Place of Birth: [ ]      .55   New Orleans LA

D. Sex:  Male ☐      Female ☑

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| St. Claude Heights | 1960 — 1973 | General | 1973 |
| AJ High | | | |

F. Employment Information

   1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Jos A Bank | Jackson, MS | 12 yrs<br>New Orleans & Jackson MS 3 yrs | Sales |

   2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | | N/A | |
| | | | |

09

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐        No ☒

*If "Yes," state the following:*

a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G. Previous Claims Information

1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☐        No ☒        Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____

_____

_____

7

## IV.    FAMILY INFORMATION

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒        No ☐        Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
| Joyce Carson | nana | 78 | CopD | CopD |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐        No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.    FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to <u>each</u> FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: Monaco Coach

2.    VIN: 1KB1312L2X6W1605226

3.    FEMA Identification No.: Don't Know

4.    Bar Code Number on FEMA housing unit: Don't Know

Don't N/A Know

8

5. Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☑   Mobile Home ☐

6. Move-in Date: _9-05_

7. Move-out Date: _8-07_

8. Please state the mailing address and physical location for the FEMA trailer or mobile home unit. 3800 West Lompla DR Kenner Co 70065

9. Was the FEMA trailer or mobile home located in a trailer park or on private property? Private Property

10. State the reason you stopped living in the FEMA trailer or mobile home: Moved to Mississippi

11. Please state the approximate square footage of the FEMA housing unit: 250 sq Ft

12. Please state the approximate length and width of the FEMA housing unit: 10 x 25

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 8 Each Day

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☑   No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☑   No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☑   No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐   No ☑

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☑   No ☐

9

19.  How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _8 HRS 4 DAYS AWI_

20.  Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐     No ☑

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B.  Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐     No ☑

*If "Yes,"* please state when the test was performed and who prepared this testing:_____

C.  Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐     No ☑

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D.  Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☑     No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:

_MOLD WAS Visible + AC + water leaks_

E.  Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Jerrilyn Carnesi | 54 | 208 Clark Farms Madison MS 39110 504-201-3242 | From 9-5 To 8-7 | Yes ☐ No ☐ Don't Know ☑ | |
| Bill Carnesi | 57 | | From 9-5 To 8-6 | Yes ☐ No ☐ Don't Know ☑ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: _5'6"_

B.   Current Weight: _180_

Weight prior to living in a FEMA trailer or mobile home: _170_

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☒   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff. _14 yrs_



11

    1.     Date on which smoking/tobacco use ended: *1995*

    2.     Amount smoked or used on average:
       1 ~~300~~ per day for *20* years.

☐    Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff. *N/A*

    1.     Amount currently smoked or used on average:
       _____ per day for _____ years.

**D.**    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history: *N/A*

    1.     Amount smoked or used on average, if you know:
       _____ per day for _____ years.

    2.     Relationship to you: _____

    3.     Please state whether the smoking occurred inside, outside or both. _____

**E.**    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* what was the date of birth: _____

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☒

**F.**    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1.     Lung or other respiratory disease
       Yes ☐    No ☒

*If "Yes,"* please indicate the following:

Name and description of each illness, disease, or abnormal condition:

_____
_____

The date of illness:

_____
_____

    2.     Infectious disease (such as, tuberculosis, pneumonia, hepatitis) *N/A*

12

Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____ N/A _____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease
      Yes ☐        No ☒

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      The date of illness:

      _____

      _____

4.    Skin disease
      Yes ☐        No ☒

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      The date of illness:

      _____

      _____

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

      1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

            Yes ☐        No ☐        Don't Recall ☒

            *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

| | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |

## VII.   MEDICAL DIAGNOSIS

A. Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B. Doctor's Name: *DON'T know*
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C. If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

| |
|---|
| |

D. Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐          No ☒

*If "Yes,"* please provide the name and address of the health care professional.

_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.    Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐        No ☑

B.    Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☑        No ☐

C.    Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☐

D.    All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☑

E.    Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☐

F.    Decedent's death certificate, if applicable.
Yes ☐        No ☑

G.    Report of autopsy of decedent, if applicable.
Yes ☐        No ☑

## IX.    LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.      Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
|      |         |
|      |         |

*N/A*

B.      Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |

C.      Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

*N/A*

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

D.      Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

*N/A*

E.      Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
|      |         |                    |
|      |         |                    |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| WAlgreens | MISSISSIPPI |
|  |  |
|  |  |

## CERTIFICATION

    I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_____        JeRRiLyn CARNES
Signature of Plaintiff                              Print Your Name                    Date

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
| | **AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)** |

Name: Jerrilyn Canton Carnesi

Date of Birth: -55

Last Four Numbers of SSN: 4933

    I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of** _____ _____**and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated thi____ day o____ ____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)

Name: _Jeppilyn Canton Carnes_

Date of Birth: _____ -55_

Last Four Numbers of SSN: _4933_

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along
with other defense counsel in the above-captioned matter, the law firm of _____
_____and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated th___ day of _____, 2008.

_____
(PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)

Name: _Jerrilyn Canton Carnes__

Date of Birth:_____ -55___

Last Four Numbers of SSN: 4933___

    I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002**, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

    I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated th___ ay o_____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Jerrilyn Canton Carnesi_

Date of Birth: _-55_

Last Four Numbers of SSN: _4933_

I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _____
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated thi ___ ꞌ ꞌy of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____

## Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Jerry Carner | 155 | 4933 |

Address: 208 Clark Farms Rd       Telephone No.: 504 701 3242
City: Madison       State: MS       Zip Code: 39110

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
Name. _____
Title. _____
Address. _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access Requested: | | | |
|---|---|---|---|
| ☐ Copies of the records & Inspection of the record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |

I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

_____       _____
Signature of Patient/Legal Representative       Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Jeerilyn Carnesi_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _Dec 20 2009_

Name: _Jeerilyn Carnes'_ (print legibly or type out name)

Signature: _Je Carm_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER                    )        MDL NO. 1873
FORMALDEHYDE                           )
PRODUCT LIABILITY LITIGATION           )
                                       )
_____      )        SECTION: N(4)
                                       )
                                       )        JUDGE: ENGELHARDT
THIS RELATES TO:                       )        MAG: ROBY
                                       )
Plaintiff: _Jenni Carnes_              )
                                       )
_208 Clark Farms RD, Madison, ms_      )

**PLAINTIFF FACT SHEET**

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

EXHIBIT
M

## II. PERSONAL INFORMATION

A.   Name (person completing form): *Jerrilyn Carnesi*

B.   Maiden or other names used or by which you have been known: *Canton*

C.   Current Street Address: *208 Clarks Farm Rd. Madison Ms. 39110*

D.   Home Telephone No.: *504-201-3242 Cell*
     Cell Phone No.:
     Work Telephone No: *601-366-9711*
     Other Telephone Nos.:

E.   Email address:

## III. CASE INFORMATION

A.   If you are completing this questionnaire in a representative capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

   1.   State which individual or estate you are representing:

   2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:

   3    Address (or last known address if deceased):

   4.   Home Telephone No.:
        Cell Phone No.:
        Work Telephone No:
        Other Telephone Nos.:

   5.   E-mail address:

   6.   If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

7.  What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.  Please state the name and address of the attorney representing you:

Attorney's Name/Law Firm _____

*Law Offices of*
**SIDNEY D. TORRES, III**
*A Professional Law Corporation*
8301 W. Judge Perez Drive, Suite 303
Chalmette, Louisiana 70043

City, State and Zip Code _____

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
    Yes ☑     No ☐

2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _____ cancer et other long term illness

3.  During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☑ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☑ irritation or itching of skin
☐ burning of skin
☐ rashes on skin
☐ drying or scaling of skin
☐ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☑ vomiting
☐ bloody vomiting
☑ abdominal pain
☑ diarrhea
☑ difficulty in breathing
☑ wheezing
☐ shortness of breath
☐ persistent cough
☐ tightness of the chest

3

☐ bronchitis
☒ throat irritation
☐ hoarseness
☐ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☐ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of childhood asthma
☐ allergies for the first time in your life
☒ worsening of allergies that you had previous to living in FEMA trailer

☐ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician.

_____ N/A _____

_____

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☒

If yes, which kind of cancer?

5.   When do you claim this injury or disease first occurred? *Unknown*

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☒         No ☒

If "*Yes*," when and who diagnosed the condition at that time?

_____ some worsening of allergies _____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☒         No ☐

If "*Yes*," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

*allergies*
*hoarsness*
*Throat irritations*
*Bronchitis*

residing in a FEMA trailer or mobile home and the date of your recovery, if any. *allergies, hoarseness, throat irritation, & bronchitis, don't recall date of recovery.*

8.  **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
    Yes ☐        No ☒

    *If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

    Name and address of each person who treated or counseled you:
    _____
    _____
    _____

    To your understanding, describe the condition for which treated:
    _____
    _____
    _____

    State when you were treated for this psychological, psychiatric or emotional problem
    _____
    _____
    _____

    List the medications prescribed or recommended by the physician or counselor
    _____
    _____
    _____

9.  **Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?**
    Yes ☐        No ☒

    *If "Yes,"* state the amount of your claim:   _____

5

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 3701 Riverland Dr Chalmette La | Aug 2002 – Aug 2005 |
| 3800 W Loyola Dr Kenner LA | Oct 2005 – Aug 2006 |
| 208 Clarks Farm Rd Madison Ms | Aug 2006 – Till |
|  |  |

B.   State Driver's License Number and State Issuing License:
    MS   801361201

C.   Date and Place of Birth: ☐          55   New Orleans La

D.   Sex: Male ☐          Female ☒

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| ST. Chndo Heights AJ High | 1960 — 1973 | General | 1973 |
|  |  |  |  |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):



| Name | Address 4870 I55 North Jacksn, ms 39311 | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| JOS A BANK |  | 12 yrs New Orleans & Jackson ms 3 yrs | SA Sales |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
|  | ✕ | N/A |  |

04

6

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3.   Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐          No ☒

*If "Yes,"* state the following:

   a.   If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| | $_____ |
| | $_____ |
| | $_____ |
| | $_____ |
| | $_____ |

   b.   Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

   _____

   _____

G.   Previous Claims Information

   1.   Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

   Yes ☐          No ☒     Don't recall ☐

   *If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _____

   _____

   _____

7

IV.    **FAMILY INFORMATION**

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of
yours suffered from any type of disease [such as asthma, shortness of breath,
headaches, lung disease, liver disease, skin disease, neurological disease,
allergies, or cancer].
Yes ☒        No ☐        Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
| Joyce Canton | Nana | 78 | CopD | CopD |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B.    Are you are claiming the wrongful death of a family member related to
formaldehyde?
Yes ☐        No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the
deceased.
Name: _____

V.    **FEMA TRAILER OR MOBILE HOME UNIT**

Please respond to Sections V. A-E below, including all subparts, with respect to **each**
FEMA trailer or mobile home that you have resided in. Attach additional sheets if
necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile
home:

N/A Don't Know

1.    Manufacturer of trailer or mobile home: Morgan

2.    VIN: Unable to obtain from Fema

3.    FEMA Identification No.: 921175657

4.    Bar Code Number on FEMA housing unit: Unable to obtain from Fema

8

5. Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☒   Mobile Home ☐

6. Move-in Date: ___9-05___

7. Move-out Date: ___X-07___

8. Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
   ___3800 West Loyola Dr Kenner La 70005___

9. Was the FEMA trailer or mobile home located in a trailer park or on private property? ___Private Property___

10. State the reason you stopped living in the FEMA trailer or mobile home:
    ___Moved to Mississippi___

11. Please state the approximate square footage of the FEMA housing unit: ___250 sq ft___

12. Please state the approximate length and width of the FEMA housing unit: ___10 X 25___

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? ___Each Day___

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☒        No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☒        No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☒        No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐        No ☒

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☒        No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _8 HRS 4 DAYS awk_

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐      No ☒

If "Yes," please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐      No ☒

If "Yes," please state when the test was performed and who prepared this testing: _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐      No ☒

If "Yes," please state the following:

Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒      No ☐

If "Yes," please state the date and reason for repair, service or maintenance: _don't recall dates of repairs_ _MOLD WAS Visible + AC + water leaks_

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Jerrilyn Carnesi | 54 | 208 Clark Farms madison ms 39110 504-201-3242 | From 9-5 To 8-7 | Yes ☐ No ☐ Don't Know ☑ | |
| Bill Carnesi | 57 | 409 Reiss Pl Chalmette, La 70043 769-232-0832 | From 9-5 To 8-6 | Yes ☐ No ☐ Don't Know ☑ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ___ To ___ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: _5'6"_

B.   Current Weight: _180_

Weight prior to living in a FEMA trailer or mobile home: _170_

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☑   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff. _14 yrs_



11

1. Date on which smoking/tobacco use ended: _*1995*_
2. Amount smoked or used on average:
   _800_ per day for _30_ years.

☐ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.  *N/A*

   1. Amount currently smoked or used on average:
      _____ per day for _____ years.

D. Other Smoking/Tobacco Use History:

   If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

   1. Amount smoked or used on average, if you know:
      _____ per day for _____ years.
   2. Relationship to you: _____
   3. Please state whether the smoking occurred inside, outside or both. [_____]

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
   Yes ☐        No ☒
   *If "Yes,"* what was the date of birth: _____

   Did your pregnancy terminate in a miscarriage or a stillborn child?
   Yes ☐        No ☒

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

   1. Lung or other respiratory disease
      Yes ☐        No ☒

      *If "Yes,"* please indicate the following:

      Name and description of each illness, disease, or abnormal condition:
      _____
      _____

      The date of illness:
      _____
      _____

   2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness: _____

_____

_____

3.   Long-term stomach or bowel disease

Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness: _____

_____

_____

4.   Skin disease

Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness: _____

_____

_____

G.   Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.   To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

Yes ☐          No ☐          Don't Recall ☒

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

**VII. MEDICAL DIAGNOSIS**

    A.    Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

    B.    Doctor's Name: _____DONT Know_____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

    C.    If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

    D.    Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* please provide the name and address of the health care professional.

_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a **copy** of the documents and things to your responses to this Plaintiff Fact Sheet.

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐      No ☑

B. Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☑      No ☐

C. Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐      No ☑

D. All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐      No ☑

E. Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐      No ☑

F. Decedent's death certificate, if applicable.
Yes ☐      No ☑

G. Report of autopsy of decedent, if applicable.
Yes ☐      No ☑

## IX.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.      Identify your current family and/or primary care physician:

| Name | Address |
|---|---|
|  |  |
|  |  |

B.      Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.      Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.      Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.      Each physician or healthcare provider from whom you have received treatment during the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |

16

N/A

| | | |
|---|---|---|
| | | |
| | | |
| | | |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| Walgreens | Mississippi |
| | |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Jen Carrese_                _Jerrilyn Carsi_
**Signature of Plaintiff**          **Print Your Name**                    **Date**

SIGN X HERE    _Jen Carrus_   8/4/11

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)

Name: _Jerrilyn Canton Carnesi_

Date of Birth: _____ -55

Last Four Numbers of SSN: _0933_

I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of _____
_____ and/or their designated agents.  These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above.  This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation.  I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated thi_____, day o_. _ _ _, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _Jennilyn Conton Carner_

Date of Birth: ___-55___

Last Four Numbers of SSN: __4933__

I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of**
_____ and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated th..... day of _____, 2008.

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: _Jerrilyn Cotton Carnes_

Date of Birth: _55_

Last Four Numbers of SSN: _4933_

I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002**, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____ and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated th___ ay o_____, 2008.

_signature_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs** *not*
**making a claim for lost wages or lost
earning capacity.)**

Name: _Jerilyn Canton Carnesi_

Date of Birth: _____55_____

Last Four Numbers of SSN: ___4933___

      I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _____**
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

      Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated thi ___ 'ay of _____, 2008.

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY: _____

Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Jerry Carnes | 55 | 4933 |

Address: 208 Clark Farms Rd          Telephone No.: 504 201 3242
City: Madison          State: ms          Zip Code: 39110

I hereby authorize the Medical Records Custodian of
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

*Name.* _____

*Title.* _____

*Address.* _____

Purpose: To Protect My Legal Rights

For Treatment Date(s): All Available

| Type of Access | | | |
|---|---|---|---|
| | ☐ Abstract/pertinent | ☐ Lab | ☐ Progress Notes |
| | ☐ Emergency Room | ☐ Imaging/Radiology | ☐ Physician's Orders |
| Requested: | ☐ H&P | ☐ Cardiac Studies | ☐ Entire Record |
| | ☐ Consult Report | ☐ Face Sheet | ☐ Other |
| | ☐ Operative Report | ☐ Nursing Notes | |
| | ☐ Rehab Services | ☐ Medication Record | |
| ☐ Copies of the records & Inspection of the record | | | |

    I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed): _____

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

_____          _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Jerrilyn Carnes_ [insert name] understand that information maintained by the Federal Emergency Management Agency (FEMA) and contained in files related to disaster assistance provided to me by FEMA is subject to the Privacy Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit provided to me by FEMA.

Dated: Dec. 20 2009

Name: _Jerrilyn Carnes_ (print legibly or type out name)

Signature: _Jer Carn_

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: <br><br> Federal Emergency Management Agency <br> Office of General Counsel <br> 500 C Street S.W. <br> Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) <br><br> Jerrilyn C. Camesi <br> Law Offices of Sidney D. Torres, III <br> 8301 W. Judge Perez Drive, Suite 303, Chalmette, LA 70043 |
|---|---|

| 3. TYPE OF EMPLOYMENT <br> ☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH <br> I-1955 | 5. MARITAL STATUS <br> Single | 6. DATE AND DAY OF ACCIDENT <br> SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

**8.** Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY <br><br> $500,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) <br><br> $500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form <br> (504) 271-8422 | 14. DATE OF SIGNATURE <br> 04/03/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                        NSN 7540-00-634-4046                        STANDARD FORM 95 <br> PRESCRIBED BY DEPT. OF JUSTICE <br> 28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☒ No      17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14.  Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  Authority:  The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  Principal Purpose:  The information requested is to be used in evaluating claims.
C.  Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.



McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7157
astout@mcglinchey.com

June 17, 2011

Roberta L. Burns
Law Offices of Sidney D. Torres, III
8301 W. Judge Perez Drive
Suite 303
Chalmette, LA 70043



EXHIBIT

N

RE:   *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.*

*Helen Albarado, et al. v. Morgan Buildings and Spas, Inc., et. al. (10-3702)*

Dear Roberta:

On October 15, 2010, your firm filed the matter styled *Helen Albarado, et. al. v. Morgan Buildings and Spas, Inc., et al.*, bearing Eastern District of Louisiana Suit No. 10-3702. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (Morgan) are named as a manufacturing defendants. We are writing to request that you correct several deficiencies with the Plaintiff Fact Sheets (PFS) submitted by the plaintiffs in this matter.

We have no record of the following plaintiffs submitting PFS: Helen Albarado, Raymond Albarado, Linda Blanchard, Lynn Blasio, individually and o/b/o H   · M. Blasio, Mary Blasio, Anthony Brown, Candy L. Burkhardt, Cindy Burkhardt o/b/o B   Courtney Burkhardt, Rebecca A. Deroche, Madeline Deshotel, Melissa Deshotel, Timothy Deshotel, Jermaine J. Duplessis, Gary Eishtadt, Carl J. Fontenot, Pamela Jean Fontenot, Henry Fuselier, Justina M. Hardt, David Wayne Hernandez, Kathy Melerine Hernandez, Amelia Johnson, Henry Long, Marie L. Long, Albert J. Mackles, Clara Frances Mackles, Harold McCallon, Patricka McCallon, Judy Meyaux, Barbara Meyer, Paul Meyeux, Adam Henry Patcheco, Karen C. Patcheco, Patricia Patecheco, Yockey Patcheco, Philip Charles Perera, Albert Schmiderer, Angela M. Sentilles, Donald Glen Topey, Tanya Topey o/b/o K   G   Topey, Tanya Ann Topey, Chad Victorinana and Shirley Washington.

Pursuant to Pretrial Order No. 2, each plaintiff is required to serve upon Defendants' Liaison Counsel a completed and signed PFS. The plaintiffs were required to submit completed PFS within 30 days of filing the complaint. *See* Pretrial Order No. 32, page 4 § G. Thus, the plaintiffs were to submit completed PFS by November 15, 2010. We are not aware of any request by the plaintiffs for an extension of the applicable PFS deadlines. Pre-Trial Order Nos. 2

380483.1

Roberta L. Burns
June 17, 2011
Page 2

and 32 provide that any plaintiff who fails to serve a PFS within the time period established by the court shall have his claims dismissed with prejudice, upon an appropriate showing.

As the aforementioned plaintiffs are not in compliance with Pre-Trial Order Nos. 2 and 32, we intend to move for a dismissal with prejudice on or about July 15, 2011. If we are incorrect and a PFS was timely filed for a plaintiff, please identify the date of its original production and the title of the CD. Otherwise, please let us know if we may file our motion to dismiss as unopposed.

Please contact me on or before July 13, 2011 at 4:00 p.m. to hold a Rule 37.1 conference concerning the aforementioned plaintiffs' PFS. If we do not hear from you by this time, we will move forward with a motion to dismiss with prejudice.

With regard to the remaining plaintiffs in this suit, the attached spreadsheet outlines those sections for which insufficient responses were provided or no response was provided. In accordance with Pretrial Order Nos. 2, 32 and 86, please provide an amended PFS addressing the deficiencies noted for the remaining plaintiffs within 30 days. Otherwise, Morgan will proceed with filing a motion to dismiss their claims as well.

We also note that the names of two plaintiffs appear to have been duplicated in this suit: Clarence Blagio and Jay Authement. Clarance Blagio's name appears twice. The suit also identified Jay Authement and Jay J. Authement as plaintiffs. Please advise whether these names have been duplicated or if they are separate plaintiffs.

With kindest regards we remain,

Very truly yours,

McGlinchey Stafford, PLLC

Amanda S. Stout

Enclosure

380483.1

HELEN ALBARADO, ET AL.
vs.
MORGAN BUILDINGS & SPAS, INC., ET AL.
EDLA NO: 09-3702

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 1 | Albarado | Helen | | No | |
| 2 | Albarado | Raymond | | No | |
| 3 | Arceneaux | Felix E. Jr. | | Yes | Section V: A-4, A-6 (better date), A-7 (better date), B<br>Section VI: F-3, F-4<br>Section IX: C, D, E<br>Missing: All executed authorizations, privacy act release, and certification |
| 4 | Atkinson | Johnny | | Yes | Section III: C-6<br>Section IV: (background): F-2<br>Section V: A-4, A-19<br>Section VII: B<br>Section IX: B, D, E |
| 5 | Atkinson | Peggy Ann | | Yes | Section V: A-4, A-19<br>Section VI: G<br>Section IX: B, D, E |
| 6 | Authement | Jay | | No (is this a repeat of Jay J. Authement?) | |
| 7 | Authement | Jay J. | | Yes (we have a Jay J. Authement Sr. -- is this the same person?) | Section III: C-2<br>Section V: A-1, A-2, A-3, A-4<br>Section VII: B (need dates)<br>Section IX: B (need dates)<br>Missing: Executed Auth for Psychological Records |
| 8 | Authement | Jaylin A. | | Yes | Section IV: (background): F-2<br>Section V: A-1, A-2, A-3, A-4<br>Section VII: B<br>Missing: Executed Auth for Psychological Records |
| 9 | Authement | Linda Ellen | | Yes | Section V: A-1, A-2, A-3, A-4<br>Section VII: B<br>Missing: (1) Executed Auth for Psychological Records, (2) Release of Records with no loss wages |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 10 | Begnaud | Linda | | Yes | PFS #1<br>Section V: A-6, A-13 (need date), B (test results needed)<br>Section VII: B<br>Section IX: B (need dates)<br><br>PFS #2<br>Section III: C-5<br>Section IV (background): E, F-1 (dates needed), G<br>Section IV (family): A (medical condition?)<br>Section V: A-6 (need better date), A-7 (need better date), B (need test info and results), F-1 (need dates), F-2, F-4<br>Section VII: B (better addresses and need dates)<br>Section IX: Entire Section |
| 11 | Biddle | Dennis | | Yes | Section V: A-2, A-4, E (need full names)<br>Section IV: D |
| 12 | Blagio | Donald | | Yes | Section III: C-8, C-9<br>Section IV (background): F-1, F-2<br>Section IV (family): A<br>Section V: A-2, A-3, A-4, A-6 (better date), A-7 (better date), A-19 (need days), B (need name and date as well as the results), E (need nature of injuries)<br>Section VII: C-1, D-1, D-2, F-1, F-3 (need date)<br>Section VII: B<br>Section IX: Entire Section |
| 13 | Blagio | Rosemary | | Yes | Section III: C-5<br>Section IV: A<br>Section V: A-2, A-3, A-4, A-19 (need days), B (need name and date as well as the results), E (need nature of injuries)<br>Section VII: Entire Section<br>Section IX: B, C, D, E |
| 14 | Blagio* | Clarence | | Yes | Section IV (background): B, E, F-1, F-2<br>Section V: A-2, A-4, A-6 (better date), A-7 (better date), E (what is the injuries),<br>Section VII: B<br>Section IX: B (need date), E (need date) |
| 15 | Blagio** | Clarence | | No (is this a repeat of Clarence Blagio?) | |
| 16 | Blanchard | Kenneth | | Yes | Yes |
| 17 | Blanchard | Linda | | Yes | Section IV (background): G (more info needed) |
| 18 | Blasio | Faith | | Yes | Section III: C-1<br>Section IV (background): F-1, F-2<br>Section V: A-2, A-4, A-6 (need better date), A-7 (need better date), E (need injuries)<br>Section IX: D<br>Missing: All executed authorizations except to the Auth for Use and Disclosure of PHI |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 19 | Biasio | Lynn | Biasio, H... | No | |
| 20 | Biasio | Lynn T. | | No | |
| 21 | Biasio | Mary | | No | |
| 22 | Brown | Anthony | | No | |
| 23 | Bryant | Margaret Rhodes | | Yes | Section IV (background): F-1, F-2 |
| 24 | Bryant | William Hartam | | Yes | Section V: A-2 |
| 25 | Burkhardt | Candy L. | | No | Section V: A-2 |
| 26 | Burkhardt | Cindy | Burkhardt, Bi... C......, | No | |
| 27 | Carnesi | Jerrilyn Canton | | Yes | Section III: C-5 / Section V: A-3, A-4, E (need injuries and better dates) / Section VII: B / Section IX: Entire Section |
| | | | | | Section III: C-5 / Section IV (background): F-2 (more jobs needed), G / Section V: A-2, A-3, A-4, E (need injuries) / Section VI: G / Section VII: B / Section IX: Entire Section |
| 28 | Carnesi | William | | Yes | Section VII: F-1 (date needed) |
| 29 | Derocho | Rebecca A. | | No | |
| 30 | Deshotel | Madeline | | No | |
| 31 | Deshotel | Melissa | | No | |
| 32 | Deshotel | Timothy | | No | |
| 33 | Desselle | Cora Lee | | Yes | Section VII: F-1 (date needed) |
| 34 | Desselle | Rene P. | | Yes | Section IV (background): F-1 (need better dates), F-2 / Section V: Need entire section for 2nd Trailer / Section VII: D-1, D-2, F-1 (need date) / Section IX: Entire section needs better dates and addresses |
| 35 | Dobronich | Brian Joseph | | Yes | Section V: A-2, A-3, A-4, A-6 (better date needed), A-19 (need more accurate answer of days) / Section VI: D |
| 36 | Drewes | Claude | | Yes | Section IV: F-1, F-2 / Section V: A-3, E (needs injuries) / Missing: Auth for Psychological records |
| 37 | Drewes | Laurie | | Yes | Section IV (background): F-2 (need dates) / Section V: A-4 / Section IX: Entire section needs better addresses / Missing: Auth for Psychological records |
| 38 | Ducote | Larry | | Yes | Yes |
| 39 | Duplessis | Jermaine J. | | No | |
| 40 | Eishtadt | Gary | | No | |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 41 | Erato | Will Warren | | Yes | Section V: A-6 (accurate date needed), A-7 (accurate date needed) |
| 42 | Estrada | Fatima | | Yes | Section IV (background): E, F-1 (need dates), F-2,<br>Section IX: C, D, E<br>Section IX: Entire Section<br>Section VI: G-1<br>Section VII: B |
| 43 | Everhardt | Barbara Ann | | Yes | Section V: A-19 (need amount of days)<br>Section IV (background); F-1 (need last employer) F-2 (need more jobs)<br>Section VI: G-1 |
| 44 | Everhardt | Terry John | | Yes | Section VII: B<br>Section V: A-4, E |
| 45 | Exnicious | Thomas E. | | Yes | Section VII: B<br>Section V: A-6 (need date), A-7 (need date), E (need dates and injuries)<br>Section VI: G-1<br>Section IX: C, D, E |
| 46 | Faccion | Merrill S. | | Yes | |
| 47 | Fontenot | Carl J. | | No | |
| 48 | Fontenot | Pamela Jean | | No | |
| 49 | Fuegeler | Henry | | No | |
| 50 | Hardl | Justina M. | | No | |
| 51 | Hernandez | David Wayne | | No | |
| 52 | Hernandez | Kathy Melerine | | No | |
| 53 | Johnson | Amelia | | No | |
| 54 | Johnson | Antonina | Johnson, Zack J. | Yes | Trailer 2 PFS: Complete (with exception of signature issue on the authorizations)<br>Trailer 1 PFS: Section V: A-1, A-2, A-3, A-4, A-6<br>All authorizations for both are signed by Zack Johnson, HOWEVER, we need the signature form the guardian on them as well since this is a minor. |
| 55 | Johnson | Antonina Greco | | Yes | Trailer 2 PFS: Complete<br>Trailer 1 PFS: Section V: A-2, A-3, A-4, A-6 |
| 56 | Johnson | John Marvin | | Yes | Trailer 2 PFS: Complete<br>Trailer 1 PFS: Section V: A-2, A-3, A-4, A-6 |
| 57 | Keller | Raymond Patrick | | Yes | Section IV: (background); F-1 (need last employer), F-2 (need dates, address, occupations)<br>Section VI: G-1<br>Section IX: A, B, D, E<br>Section III: C-5 |
| 58 | Kleff | Jennifer Ann | | Yes | Section V: A-2, A-4<br>Section VI: F-1 (need date)<br>Section VII: B (need additional info) |
| 59 | Long | Henry | | No | |
| 60 | Long | Marie L. | | No | |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 61 | Lopez | Theresa | | Yes | Section III: C-1, C-2, C-4, C-5, C-6, C-7 / Section IV (background): B, C, E, F-1, F-2 / Section IV (family Info): A / Section V: A-4, A-6, A-7, A-19, A-20, B, E (need dates) / Section VI: C-1, C-2, D-1, D-2, D-3, F-1, F-2, F-3, F-4, G / Section VII: Entire Section / Section VIII: Entire Section / Section IX: Entire Section |
| 62 | Lund | Ora G. | | Yes | Section II: C / Section III: C-5, C-8 / Section IV (background): F-1, F-2 / Section V: A-6 (clear date needed), A-7 (clear date needed), A-13, B (when and who and need test results), D, E / Section VI: F-4 (need date) / Section VII (need treatment and dates) / Section IX: A, B, C, D, E |
| 63 | Lund | Louis E. | | Yes | Section II: C / Section III: C-5, C-8 (need address) / Section IV (background): F-1, F-2 / Section V: A-2, A-4, A-6 (date needed), B (when and who and need test results), E / Section VI: G / Section VII: B (need treatment and dates), D / Section IX: Entire Section |
| 64 | Mackles | Albert J. | | No | |
| 65 | Mackles | Clara Frances | | No | |
| 66 | McCallon | Harold | | No | |
| 67 | McCallon | Patricka | | No | |
| 68 | McDonald | Owen | | Yes | Section IV (background): F-1 (need better date range), F-2 (need better date range) / Section V: A-2, A-4, E (need dates) / Section IX: B (need dates) / Missing: (1) Auth for Psychological records, (2) Auth for Release of Records with no lost wages (ours is cut off at top); (3) Auth for Disclosure of PHI (ours is cut off at top) |
| 69 | Meyeux | Judy | | No | |
| 70 | Meyer | Barbara | | No | |
| 71 | Meyeux | Paul | | No | |
| 72 | Mones | Royleene | | Yes | Section VI: F-1 (date needed), F-2 (date needed) / Section VII: B (date needed) |
| 73 | Mones | Warren R. | | Yes | Section III: C-7 (need illness) / Section IV (background): F-1 (deceased date) / Section V: A-13 (need accurate hours) / Section VII: B (need dates) / Section IX: B, C, E |
| 74 | Patcheco | Adam Henry | | No | |
| 75 | Patcheco | Karen C. | | No | |
| 76 | Patcheco | Patricia | | No | |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|-----|-----------|------------|--------------|-----------|------------------------------------------------|
| 77 | Patcheco | Yockey | | No | |
| 78 | Perera | Philip Charles | | No | |
| 79 | Pierson | Bonnie L. | | Yes | Section III: C-1, C-2, C-4, C-5, C-6, C-7, C-8, C-9<br>Section IV (background): A, B, F-1, F-2, F-3, G<br>Section IV (family info): A, B<br>Section V: A-1, A-2, A-3, A-4, A-8, A-7, A-10, A-13, A-19, A-20, B, C, D, E (entirely)<br>Section VI: E, F-1, F-2, F-3, F-4, G<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section |
| 80 | Pierson | Jonathan P. | | Yes | Section III: C-1, C-2, C-5, C-6, C-7, C-8, C-9<br>Section IV (background): A, B, E, F-1, F-2, F-3<br>Section IV (family info): A<br>Section V: A-1, A-2, A-3, A-4, A-8, A-7, A-10, A-13, A-19, A-20, B, C, E (entirely)<br>Section VI: E, F-2, G<br>Section VII: Entire Section<br>Section IX: Entire Section |
| 81 | Pierson | Rodney J. | | Yes | Section III: C-1, C-2, C-4, C-5, C-6, C-7,<br>Section IV (background): A, E, F-1, F-2<br>Section IV (family Info): A<br>Section V: Entire Section<br>Section VI: Entire Section<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section |
| 82 | Pierson | Theresa | Pierson, G. | Yes | Section III: C-1, C-2, C-4, C-5, C-6, C-7, C-8, C-9<br>Section IV (background): A, E, F-1, F-2, F-3, G<br>Section IV (family Info): Entire Section<br>Section V: Entire Section<br>Section VI: Entire Section<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section<br>Missing: All authorizations and privacy act release<br>Entire Plaintiff Fact Sheet needs to be done. |
| 83 | Pierson | Theresa G. | | Yes | Missing all authorizations and privacy act release |
| 84 | Robin | Eloise | | Yes | Section V: A-8 (better date), A-7 (better date), E (better dates)<br>Section IV (background): G-1 (need suit information)<br>Section VII: B<br>Section IX: D |
| 85 | Robin | Kenneth | | Yes | Section V: A-8 (better date), A-7 (better date), E (better dates)<br>Section IV (background): F-1 (need dates), F-2 (need dates), G-1 (need suit info)<br>Section VI: D-1, D-2, D-3<br>Section VII: B<br>Section IX: A, B, C, D, E (all need better dates and addresses) |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 86 | Schmid | Cathy | | Yes | Yes |
| 87 | Schmid | Karl E. | | Yes | Section IV (background); F-2 (needs more accurate answer, her "same as above job" was 3 years. It did not fulfill the requested (10 years) <br> Section IX: E <br><br> PFS #1: <br> Section III: C-2 <br> Section V: A-2, A-4 <br> Section VII: B <br> Section IX: A (need address), B (need address/dates), C (need address), D, E, <br><br> PFS #2: <br> Section VI: F-2 |
| 88 | Schmid | Kerrie | Toups, A | Yes | Section IX: A (better address), B (better address), C (better address), E (better address) |
| 89 | Schmid | Kerrie | | Yes | Section IV (background); F-2 (need dates and additional job info) <br> Section IX: A (need address), B (need address/dates), C, D, E (Need address and dates) |
| 90 | Schmiderer | Albert | | No | Missing: Auth for Psychological records |
| 91 | Schmiderer | Regina | | Yes | Section VII: B (better addresses for all and date of treatments for Drs. Brown, Roniger, and Lowentil) <br> Section IX: A (better address), B (better address), C (better address), D (better address), E (better address and need dates) |
| 92 | Sentilles | Angela M. | | No | |
| 93 | Tatom | Amanda | | Yes | Section IV (background); F-2 (needs to account for entire employment period) <br> Section IV (family info): A <br> Section V: A-19 <br> Section VII: B (needs addresses) <br> Section IX: A, B, E |
| 94 | Topey | Donald Glen | | No | |
| 95 | Topey | Tanya | Topey, K | No | |
| 96 | Topey | Tanya Ann | | No | |
| 97 | Tyson | Aaron Michael | | Yes | Section IV (background); F-1 (need occupation) <br> Section V: A-2, A-4, A-19 (need number of days), E (need better dates) <br> Section VI: D-1, D-2, D-3 <br> Section VII: B (need treatment) <br> Section IX: A (better address), B (better address), E (better address) <br> Missing: First Page of Authorization missing <br> Section IV (background); F-1 (company name and occupation), F-2 (company name and occupation, need to account for all employment during requested period) <br> Section V: A-2, A-4, A-19 (need number of days) <br> Section VI: D-1, D-2, D-3 <br> Section VII: B (need treatment and dates) <br> Section IX: A (better address), B (better address), E (better address) |
| 98 | Tyson | Jerald | | Yes | Section IX: A (better address), B (better address), E (better address) |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 99 | Tyson | Leslie Sparks | | Yes | Section V: A-2, A-4, D-1, D-2, D-3, E (need better dates)<br>Section IX: A, B, D, E (all need better addresses)<br>Missing: Auth for Psychological Records |
| 100 | Vandenborre | Henry H., JR. | | Yes | Trailer 1 PFS:<br>Section III: C-5<br>Section IV (background): F-1 (need employer and date range), F-2 (need more accounting of jobs)<br>Section V: A-4, E (need injuries)<br>Section VI: G (need physician)<br>Section VII: B (need dates and treatment)<br>Section IX: A (better address), B (better address), E (address and dates)<br><br>Unclear if lived in 1 or 2 trailers. The PFS says Trailer 1 until you the questions about the trailer information. At this point it refers to Trailer 2. If there are two trailers, please provide completed PFS information for both trailers. |
| 101 | Vandenborre | | Vandenborre, Bl | Yes | Trailer 1 PFS:<br>Section III: C-1, C-5, C-7, C-8 (more info)<br>Section IV (background): D<br>Section V: A-4, A-19, E (need injuries)<br>Section VII: B, D<br>Section IX: A (better address and dates), B (better address and dates), C, D, E (better address and dates)<br><br>Unclear if lived in 1 or 2 trailers. The PFS says Trailer 1 until you the questions about the trailer information. At this point it refers to Trailer 2. If there are two trailers, please provide completed PFS information for both trailers. |
| 102 | Vandenborre | Henry | Vandenborre, R | Yes | Trailer 1 PFS:<br>Section II: C (better address)<br>Section III: C-1, C-2, C-5, C-7, C-8 (more info)<br>Section V: A-4, A-19, E (need injuries)<br>Section VII: B, D<br>Section IX: A (better address and dates), B (better address and dates), C, D, E<br><br>Unclear if lived in 1 or 2 trailers. The PFS says Trailer 1 until you the questions about the trailer information. At this point it refers to Trailer 2. If there are two trailers, please provide completed PFS information for both trailers. |
| 103 | Vandenborre | Henry Hebert, III | | Yes | Trailer 1 PFS:<br>Section III: C-5, C-6, C-7<br>Section IV (background): F-1, F-2<br>Section V: A-2, A-4, E (need injuries)<br>Section VI: D-3, F-2, F-3, F-4, G<br>Section VII: B, D<br>Section IX: Entire Section<br><br>Unclear if lived in 1 or 2 trailers. If there are two trailers, please provide completed PFS information for both trailers. |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|-----|-----------|------------|--------------|----------|-----------------------------------------------|
| 104 | Vandenborre | Marina Dolores | | Yes | Trailer 1 PFS: Section III: C-5, C-7; Section IV (background): E, F-1, F-2; Section IV (family info): A (need more info); Section V: A-1 A-2, A-4, E; Section VI: A, B, C, D-1; Section VII: B; Section IX: Entire Section

Unclear if lived in 1 or 2 trailers. The PFS says Trailer 1 until you the questions about the trailer information. At this point it refers to Trailer 2. If there are two trailers, please provide completed PFS Information for both trailers. |