UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>    FORMALDEHYDE PRODUCTS<br>    LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to: | JUDGE ENGELHARDT |
| Brumfield, et al, vs. Pilgrim<br>International, Inc., et al., No. 10-2248 | MAG. JUDGE CHASEZ |
| Plaintiff: Javious Magee | |

**SUPPLEMENTAL RESPONSE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER**

Defendant, Sentry Insurance A Mutual Company ("Sentry"), submits this *supplemental* memorandum in opposition to the Plaintiff's Motion for Relief from Judgment or Order.[1] The Court dismissed the plaintiff's claims for failure to comply with PTO Nos. 2 and 32.[2] For the reasons explained below and those explained in Sentry's previously filed memorandum, the Court should deny the plaintiff's motion and leave its dismissal ruling in place.

---

[1] Rec. Doc. No. 23478. After considering the plaintiff's motion and Sentry's opposition, the Court directed the plaintiff to submit a supplemental memorandum and additional proof, giving Sentry the option to file a response. *See* Rec. Doc. No. 23816 (December 9, 2011 Order). That is the purpose of this memorandum.

[2] Rec. Doc. No. 23040.

{B0767569.1}    1

In his motion, the plaintiff argues, among other things, that his attorney did not have accurate contact information for him and had not been able to get in touch with him for a period of several years.[3] Plaintiff contends this prevented him from providing information to cure deficiencies in his fact sheet.

Not able to determine why or when his attorney's files contained allegedly incorrect information, the Court directed the plaintiff to provide further explanation on this point:

> Neither the memorandum nor the affidavit explains how or when the attorney's file came to contain an incorrect address and telephone number. Based on the offering made, it is impossible for the Court to determine whether the circumstances were caused by neglect and, if so, whether the neglect was excusable.[4]

The Court's instruction was clear—the plaintiff needed to explain why his lawyer, for a period of nearly two years after he filed suit, did not have a correct mailing address or phone number.

Even with an additional opportunity to explain his position and offer competent proof, the plaintiff has not met his burden. The following points illustrate this:

- The plaintiff's counsel admits that they have <u>no</u> explanation for the situation, stating that "[w]e have researched our records and it is not clear how the mistake on Javious Magee's address was made."

---

[3] Rec. Doc. No. 23478-1.

[4] Rec. Doc. No. 23816, p. 1.

- The original affidavit submitted by the plaintiff clearly showed that he failed to keep in touch with his lawyers, despite their numerous attempts to get in touch with him.[5] He argued that was "excusable neglect that he did not tell counsel of his new phone number as he did not realize his case was at a critical stage."[6]

- Now, the plaintiff blames his lawyers, arguing they committed a "data entry" or clerical error.[7] That said, the newly-submitted affidavit does not explain when or how the alleged "data entry" error was discovered or the circumstances under which it took place. Instead, the affidavit plainly states that "plaintiff's counsel did not learn until recently that the phone numbers and addresses on file for the Plaintiff were incorrect."[8]

- Even if the file information was incorrect, the fundamental problem remains—the plaintiff failed to keep in touch with his lawyers and only made contact <u>after</u> all the deadlines for curing his fact sheet had passed and <u>after</u> the Court had dismissed his claims. The Court should not, after all the deadlines have past, allow the plaintiff to have another bite at the apple.

- Other than the conclusory statements in the current affidavit, the plaintiff has still not offered any concrete explanation or evidence to support his

---

[5] The first affidavit submitted by the plaintiff identifies approximately twenty-two attempts to contact the Plaintiff in writing, none of which apparently were successful. *See* Rec. Doc. No. 23008-1, p. 2.

[6] Rec. Doc. No. 23478-1.

[7] Rec. Doc. No. 23898, p 2 and 23898-2, Paragraph 6.

[8] *Id.* at Paragraph 4.

position. For example, where is the proof or explanation why he was prevented from providing the current information because of a hospital stay (as previously discussed in Ms. Porter's first affidavit, Rec. Doc. No. 23478-3)? Or the proof to show he prevented from providing the contact information for some other reason? This is the kind of basic explanation the Court requested in its ruling on December 8, 2011. The plaintiff has failed to provide it.

## CONCLUSION

For all the reasons explained in this memorandum and its previously submitted brief, Sentry requests that the Court deny the plaintiff's motion. The Court should leave its dismissal ruling in place.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
        -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Sentry Insurance A Mutual Company*

Date:  December 15, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 15th day of December, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson