UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * CIVIL ACTION NO. 1873 <br> * <br> * <br> * <br> * <br> * JUDGE ENGELHARDT <br> * |
| This Document Relates To: | * <br> * |
| *Albert Croon, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 09-5548) | * MAGISTRATE CHASEZ <br> * <br> * |

**************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS

Defendants, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court to dismiss the claims filed by Albert Croon because he failed to comply with Pretrial Order No. 32 as it relates to his obligation to produce a completed Plaintiff Fact Sheet.

I.   **Background**

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[2] Thereafter, numerous new suits were filed in or

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] R. Doc. Nos. 599 and 604.

395387.1

transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[3]

On July 1, 2009, plaintiffs filed the matter styled *Albert Croon, et al. v. Morgan Buildings and Spas, Inc., et al.* in the Southern District of Mississippi, Civil Action No. 09-405. The case was subsequently transferred to this MDL and assigned Eastern District of Louisiana, Civil Action No. 09-5548. The plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Mississippi, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005. The plaintiffs also alleged that the Morgan defendants manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* S. Dist. of Miss. Civil Action No. 09-405, R. Doc. 1.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[4]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[5]

---

[3] R. Doc. No. 1781.
[4] *See* R. Doc. No. 87.
[5] *See id.*, p. 7.

395387.1

2

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[6] Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets. Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[7] The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[8] Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[9] To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number. After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants. Pre-Trial Order No. 68 introduced a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[10]

---

[6] *See id.*, p. 8.
[7] *See* R. Doc. No. 1180.
[8] R. Doc. No. 1596.
[9] R. Doc. No. 10228.
[10] R. Doc. No. 14200.

395387.1

Mr. Croon completed a Plaintiff Fact Sheet on or about September 18, 2008,[11] and a supplemental Plaintiff Fact Sheet in August 2011.[12] His responses to the Plaintiff Fact Sheet questions demonstrate that Mr. Croon's claims should be dismissed with prejudice.

## II. Mr. Croon's Claims Should Be Dismissed With Prejudice For Failure to Comply With Pre-Trial Order No. 32

As set forth above, the Court has entered several pre-trial orders relating to Plaintiff Fact Sheet discovery. In addition to introducing the Plaintiff Fact Sheet, Pre-Trial Order No. 2 also established a process for "curing" deficiencies in the fact sheets. Pursuant to Pre-Trial Order No. 2, when any plaintiff failed to materially comply with the obligations to submit a completed Plaintiff Fact Sheet within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the Plaintiff Fact Sheet.[13] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within 30 days.[14] Additionally, Pre-Trial Order No. 88 identified twenty-three key Plaintiff Fact Sheet questions which were necessary for the purpose of exploring global resolution of claims.[15] This Court has stated that, while the purpose of Pre-Trial Order No. 88 was to streamline temporarily the Plaintiff Fact Sheet information gathering process, the information identified in Pre-Trial Order No. 88 "is most vital and pressing in moving this matter toward resolution" which this Court finds "instructive on the issues of materiality and prejudice."[16]

---

[11] *See* Exhibit A – Albert Croon's Plaintiff Fact Sheet.
[12] *See* Exhibit B – August 16, 2011, letter from J. Harris to A. Stout; Exhibit C – Albert Croon's Plaintiff Fact Sheet submitted August 17, 2011.
[13] R. Doc. No. 87, pp. 8-9.
[14] *Id.*; *See also* Pre-Trial Order No. 32, R. Doc. No. 1180, p. 5.
[15] R. Doc. No. 22153.
[16] *See* R. Doc. No. 22802, fn. 3.

395387.1

A. **<u>Albert Croon failed to provide a complete Plaintiff Fact Sheet.</u>**

A Plaintiff Fact Sheet includes 121 questions to be answered. Albert Croon's Plaintiff Fact Sheet is insufficient, having failed to respond to a vast majority of "key questions" and numerous other questions.

Mr. Croon provided substantive responses to only 12 questions: his name, current street address, home telephone number,[17] his attorney's name,[18] his prior addresses, the state which issued his drivers' license, his date of birth and his sex,[19] the manufacturer of his THU and VIN number,[20] the persons residing in his temporary housing unit,[21] and his height and weight.[22] Mr. Croon responded "n/a" to all of the other questions.[23] In particular, Mr. Croon did not provide any information about any alleged disease, illness or symptom which he experienced, whether he is making a claim for mental and/or emotional damages, whether his THU was a travel trailer or mobile home, his move-in and move-out dates, the installation address, his smoking history, his prior medical history, and the number of hours he spent in the THU each day, among others.

Counsel for Morgan wrote to Mr. Croon's attorney on June 17, 2011, outlining these deficiencies.[24] On August 10, 2011, plaintiff's counsel's assistant responded to Morgan's deficiency letter indicating that Mr. Croon's Plaintiff Fact Sheet was provided on a CD titled "Morgan Building & Spas; PFS" to be submitted on August 17, 2011.[25] On the referenced CD, plaintiff's counsel included a copy of Mr. Croon's September 2008 Plaintiff Fact Sheet.[26] Mr.

---

[17] Exhibit A, Sec. II(A, C and D), p. 2.
[18] *Id.*, Sec. III(B), p. 3.
[19] *Id.*, Sec. IV(A-D), p. 6.
[20] *Id.*, Sec. V(A 1-2), p. 8.
[21] *Id.*, Sec. V(E), pp. 10-11.
[22] *Id.*, Sec. VI(A-B).
[23] Mr. Croon responded "unsure" to questions about his FEMA ID number and bar code number. *See id.*, Sec. V(3-4), p. 8.
[24] Exhibit D - June 17, 2011 letter from A. Stout to R. Penton.
[25] Exhibit C
[26] *See id.*

395387.1

5

Croon made absolutely no effort to remedy the numerous deficiencies in his Plaintiff Fact Sheet. Instead, Mr. Croon resubmitted his original Plaintiff Fact Sheet which is replete with answers that are unresponsive to the questions and provide no information about his alleged claim.

Mr. Croon's Plaintiff Fact Sheet is incomplete. Moreover, the information that is provided leads to the conclusion that the plaintiff did not occupy a trailer procured by Morgan as the VIN number provided does not appear to be a valid VIN number. Thus, dismissal is appropriate for several reasons.

### B. Mr. Croon should be dismissed with prejudice for failure to comply with an order of this Court

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Berry v. CIGNA/RSI_CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Texas,* 981 F.2d 237 at 242-243. Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice." *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970). Additionally, Fed. R. Civ. P. 37(b)(2)(VI) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with Pre-Trial Orders No. 32, Fed. R. Civ. P. 41(b) and

Fed. R. Civ. P. 37(b)(2)(VI), the proper remedy is dismissal of Mr. Croon's claims, with prejudice.

As a defendant evaluates whether to become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, a defendant must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. In the absence of complete discovery responses, provided in a timely manner, such as described in Pre-Trial Order No. 2, Morgan is prejudiced. Because a complete and cured Plaintiff Fact Sheet has not been provided by Mr. Croon, and he failed to appropriately respond to a request to cure the deficiencies, good cause exists for the Court to prevent further prejudice to Morgan and dismiss Mr. Croon's claims.

This Court has taken similar action in other suits pending in this MDL, based on circumstances similar to this case.[27] Therefore, Mr. Croon's claims should be dismissed for failure to comply with Pre-Trial Order No. 32.

### III. Conclusion

Mr. Croon's claims should be dismissed with prejudice because he failed to provide complete Plaintiff Fact Sheet responses and did not appropriately respond to Morgan's letter that he correct the deficiencies. Instead, he submitted his original Plaintiff Fact Sheet without correcting any of the deficiencies identified by Morgan. Mr. Croon has failed to comply with Pre-Trial Order No. 32 and dismissal of his claim is appropriate.

---

[27] *See* R. Doc. No. 22803, where the plaintiff's Plaintiff Fact Sheet was nearly entirely blank with the exception of the plaintiff's address, attorney, date of birth and FEMA ID number. *See also*, R. Doc. Nos. 23552, 23550, 23549, 22802 and 22694, which involve plaintiffs who also failed to answer numerous key Plaintiff Fact Sheet questions.

395387.1

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

Attorneys for Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc

## Certificate of Service

I certify that, on December 16, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

395387.1