UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873 |
| | ) ) ) | SECTION: N(4) |
| | ) ) ) | JUDGE: ENGELHARDT MAG: ROBY |
| THIS RELATES TO: | ) ) | |
| Plaintiff: _____ Albert Croon | ) ) ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person. Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

**EXHIBIT**

tabbies®

A

## II.    PERSONAL INFORMATION

A.    Name (person completing form): _Albert Croon Sr._

B.    Maiden or other names used or by which you have been known: _____

C.    Current Street Address: _4005 Essxe Ave. Apt. A, Moss Point, MS 39563_

D.    Home Telephone No.: _228 - 218 - 0702_
     Cell Phone No.: _____
     Work Telephone No: _____
     Other Telephone Nos.: _____

E.    Email address: _____

## III.    CASE INFORMATION

A.    If you are completing this questionnaire in a representative capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

    1.    State which individual or estate you are representing:
        _M S_

    2.    Maiden Or Other Names Used or By Which Such Person Has Been Known:

    3    Address (or last known address if deceased): _____

    4.    Home Telephone No.: _____
        Cell Phone No.: _____
        Work Telephone No: _____
        Other Telephone Nos.: _____

    5.    E-mail address: _____

    6.    If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

*N|A*    7.  What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.  Please state the name and address of the attorney representing you:

| Attorney's Name/Law Firm | Law Office of Ronnie G. Penton |
|---|---|
| | 209 Hoppen Place Bogalusa, LA 70427 |
| City, State and Zip Code | |

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
Yes ☐          No ☐          *N|A*

2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _____ *N|A* _____

3.  <u>During the time that you lived</u> in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

*N|A*

_____ irritation to eyes                          _____ tingling or swelling of lips or face area
_____ burning of eyes                            _____ headaches
_____ tearing of eyes                            _____ nausea
_____ irritation to nasal membranes (inside of nose)   _____ vomiting
_____ burning of nasal membranes (inside of nose)     _____ bloody vomiting
_____ bleeding of nasal membranes (inside of nose)    _____ abdominal pain
_____ irritation or itching of skin              _____ diarrhea
_____ burning of skin                            _____ difficulty in breathing
_____ rashes on skin                             _____ wheezing
_____ drying or scaling of skin                  _____ shortness of breath
_____ scaling or itching of eyelids              _____ persistent cough
_____ irritation or swelling of eyelids or eye area   _____ tightness of the chest

3

| | |
|---|---|
| ___bronchitis | ___allergic contact dermatitis |
| ___throat irritation | ___dizziness |
| ___hoarseness | ___unconsciousness |
| ___laryngitis | ___convulsions or seizures |
| ___pneumonia | ___blood in urine |
| ___upper respiratory tract infections | ___abnormal liver enzymes |
| ___pulmonary edema | ___nephritis (inflammation of kidneys) |
| ___asthma attacks for the first time in your life | ___low blood pressure |
| ___asthma attacks that are recurrence of childhood asthma | ___hypothermia (low body temperature) |
| | ___miscarriage or stillbirth |
| ___allergies for the first time in your life | ___abnormal laboratory tests on blood |
| ___worsening of allergies that you had previous to living in FEMA trailer | ___abnormal laboratory tests on urine |

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. N lA

_____

_____

4.    Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?    N lA

If yes, which kind of cancer?

_____

5.    When do you claim this injury or disease first occurred?_____

6.    Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐          No ☐          N lA

If "Yes," when and who diagnosed the condition at that time?

_____

7.    Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐          No ☐          N lA

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____

_____

8.   **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**

Yes ☐            No ☐            N |A

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:

_____

_____

_____

To your understanding, describe the condition for which treated:

_____

_____

_____

State when you were treated for this psychological, psychiatric or emotional problem

_____

_____

_____

List the medications prescribed or recommended by the physician or counselor

_____

_____

_____

9.   Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?

Yes ☐            No ☐            N |A

*If "Yes,"* state the amount of your claim: _____

5

## IV. BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 4005 Essxe St. Apt A Moss Point, MS 39563 | |
| | |
| | |

B. State Driver's License Number and State Issuing License: __MS__

C. Date and Place of Birth. _____ 26

D. Sex: Male ☑   Female ☐

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| N/A | | | |
| | | | |

F. Employment Information

1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |

6

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.   Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐        No ☐        N|A

*If "Yes,"* state the following:

a.   If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b.   Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____ N|A _____

_____

G.   Previous Claims Information

1.   Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☐        No ☐        Don't recall ☐        N|A

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____

_____

_____

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐        No ☐        Don't Know ☐    N|A

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|-------------|------------------------------|-------------------|-------------------------------|
| N IA |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐        No ☐    N IA

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: Morgan _____

2.   VIN: 9311171881604 _____

3.   FEMA Identification No.: Unsure _____

4.   Bar Code Number on FEMA housing unit: Unsure _____

8

5. Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☐   Mobile Home ☐   N I A

6. Move-in Date: N I A

7. Move-out Date: N I A

8. Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
4005 Essex St. A   N I A

9. Was the FEMA trailer or mobile home located in a trailer park or on private property? N I A

10. State the reason you stopped living in the FEMA trailer or mobile home:
N I A

11. Please state the approximate square footage of the FEMA housing unit: N I A

12. Please state the approximate length and width of the FEMA housing unit: N I A

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? N I A

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☐   No ☐   N I A

15. Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☐   No ☐   N I A

16. Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☐   No ☐   N I A

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐   No ☐   N I A

18. Is/was propane gas used in the FEMA housing unit?
Yes ☐   No ☐   N I A

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? ___N/A___

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐     No ☐     N/A

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location? _____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐     No ☐     N/A

*If "Yes,"* please state when the test was performed and who prepared this testing: _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐     No ☐     N/A

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☐     No ☐     N/A

*If "Yes,"* please state the date and reason for repair, service or maintenance: _____

_____

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Albert Croom | +26 | 4005 Essex St. Moss Point, MS 39563 | From _____ To _N/A_ | Yes ☐ No ☐ Don't Know ☐ | N/A |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: _5'11"_

B.   Current Weight: _180_

Weight prior to living in a FEMA trailer or mobile home: _180_

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

N/A    ☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

N/A

1. Date on which smoking/tobacco use ended:_____
2. Amount smoked or used on average:
   _____ per day for _____ years.

☐ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1. Amount currently smoked or used on average:
   _____ per day for _____ years.

D. Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

N/A

1. Amount smoked or used on average, if you know:
   _____ per day for _____ years.
2. Relationship to you:_____
3. Please state whether the smoking occurred inside, outside or both._____

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐     No ☑

If "Yes," what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐     No ☑

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1. Lung or other respiratory disease
   Yes ☐     No ☐          N/A

   If "Yes," please indicate the following:
   Name and description of each illness, disease, or abnormal condition:
   _____
   _____

   The date of illness:_____
   _____
   _____

2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐        No ☐                    N/A

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease        N/A
      Yes ☐          No ☐

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      _____

      The date of illness:

      _____

      _____

4.    Skin disease                                N/A
      Yes ☐        No ☐

      *If "Yes,"* please indicate the following.

      Name and description of each illness, disease, or abnormal condition:

      _____

      _____

      The date of illness:

      _____

      _____

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

      1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

            Yes ☐        No ☐        Don't Recall ☐        N/A

            *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

| | | | | |
|---|---|---|---|---|
| | | | | |

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: ___N1A_____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: ___N1A_____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: ___N1A_____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
_____N1A_____
_____

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐      No ☐      N1A

If "Yes," please provide the name and address of the health care professional.
_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of the** documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐      No ☐        N IA

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐      No ☐        N IA

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐      No ☐        N IA

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐      No ☐        N IA

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐      No ☐        N IA

F.   Decedent's death certificate, if applicable.
Yes ☐      No ☐        N IA

G.   Report of autopsy of decedent, if applicable.
Yes ☐      No ☐        N IA

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| N/A  |         |
|      |         |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| N/A  |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| N/A  |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| N/A  |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

E.    Each physician or healthcare provider from whom you have received treatment during the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| N/A  |         |                    |
|      |         |                    |

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

F.      Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| N/A | |
| | |
| | |
| | |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Albert Croon_                    _Albert Croon Sr._              _9/18/08_
**Signature of Plaintiff**        **Print Your Name**            **Date**

Sign Here

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
| | AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) |

Name: _Albert Croon Sr._

Date of Birth _____ - 26_

Last Four Numbers of SSN: _8704_

I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of _Law Office of Ronnie G. Penton_ _208 Hoppen Place Bogalusa, LA 70427_ _[signature]_ _____ and/or their designated agents. These records shall be used/or disclosed solely _[signature]_ in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this 18ay of ___9___, 2008.

_Albert Croon_

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)

Name: Albert Green Sr

Date of Birth: 26

Last Four Numbers of SSN: 8704

I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002**, along
with other defense counsel in the above-captioned matter, the law firm of _____
_____ and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this _18_ day of ___7___, 2008.

_____Albut Cram_____
[PLAINTIFF OR REPRESENTATIVE]

**Sign Here**

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)

Name: Albert Croon Sr

Date of Birth: _____ -26

Last Four Numbers of SSN: 8704

I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along
with other defense counsel in the above-captioned matter, the law firm of _Bergquist_
_Reyna_   _209 Honnan Place Bogalusa, LA 70429_ and/or any of their designated agents. These
Law Office of Ronnie G. Penton
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this 18 day of 9 , 2008.

albert Croon

**[PLAINTIFF OR REPRESENTATIVE]**

Sign
Here

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)

Name: _Albert Croon Sr._

Date of Birth: _____ - 26_

Last Four Numbers of SSN: _8704_

I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned
matter, the law firm of __Law Office of Ronnie G. Penton__ _Ezequiel Reyes_
200 Hoppen Place Bogalusa, LA 7042
and/or any of their designated agents. These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this _18_ day of _9_, 2008.

_Albert Croon_

[PLAINTIFF OR REPRESENTATIVE]

Sign
Here

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, et seq., 40:1299.96 et seq., 13:3715 et seq. and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Albert Croon Sr. | -26 | - 8704 |
| Address: 4005 Essxe Ave. | | Telephone No.: 228-218-0702 |
| City: Moss Point | State: MS | Zip Code: 39563 |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. _____
Title. . _____
Address. _____

Purpose: To Protect My Legal Rights
For Treatment Date(s): All Available

| Type of Access | | | | | Progress Notes |
|---|---|---|---|---|---|
| | q Abstract/pertinent | q Lab | | q | Physician's Orders |
| | q Emergency Room | q Imaging/Radiology | | q | Entire Record |
| | q H&P | q Cardiac Studies | | q | Other _____ |
| Requested: | q Consult Report | q Face Sheet | | | |
| | q Operative Report | q Nursing Notes | | | |
| | q Rehab Services | q Medication Record | | | |
| q Copies of the records & | | | | | |
| q Inspection of the record | | | | | |

I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
Initials
This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must
  do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation
  will not apply to information that has already been released in response to this authorization. I understand that the revocation
  will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the
  recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My
  refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys,**
  **unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

_Albert Croon_____    9/18/08
Signature of Patient/Legal Representative         Date
If signed by legal representative, relationship to patient: _____

Sign Here

## PRIVACY ACT RELEASE LANGUAGE

I, _Albert Croon Sr._ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_Ezekiel Reyna_, Plaintiffs' Liaison Counsel Justin Woods and
Law Office of Ronnie G. Penton
209 Hoppen Place Bogalusa, LA 70427
Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _9/18/08_

Name: _Albert Croon Sr._ (print legibly or type out name)

Signature: _Albert Croon_ [Sign Here]

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of Director<br>500 C Street, S.W.<br>Washington, D.C. 20472 | *Albert Crow*<br><br>Law Offices of Ezequiel Reyna Jr.<br>702 W. Expressway 83 Ste. 100<br>Weslaco, TX 78596 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure

SEE ATTACHED RIDER

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

FEMA PROVIDED THE TRAILER. EXACT OWNERSHIP IS UNKNOWN.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.) Loss value of reasonably fit + suitable housing, replacement home benefits and rental + housing assistant

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8(SUPRA).

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>$ 500 per month that they have lived in the FEMA trailer | 12b. PERSONAL INJURY<br>$ 25,000 no injury and have lived in 6 less than a year<br>$50,000 no injury and have in 1 more than a year<br>$50,000 injured and lived in it less than a year<br>$ 100,000 injured and lived in it more than 1 year | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) ongoing damages occuring see lines 12a + 12b   $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br><br>ATTORNEY AT LAW | 13b. Phone number of person signing form<br>956-968-9556 | 14. DATE OF SIGNATURE<br>05/30/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109                          NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

STATE OF TEXAS       §
COUNTY OF _____    §

## ATTORNEY REPRESENTATION AND FEE AGREEMENT

This agreement is made this _____ day of _____, 2007, between _____
_____ of _Alberto Cruz Q_____, hereinafter
referred to as the "Client(s)" and Law Offices of Ezequiel Reyna, Jr., L.L.P. of Weslaco, Hidalgo County, Texas
hereinafter referred to as the "Attorney".

In consideration of the mutual promises herein contained the parties hereto agree as follows:

### I.
### PURPOSES OF REPRESENTATION

1.01     The Client(s) hereby retains and employs the Attorney for purposes of legal representation, to recover
all damages and compensation to which Client(s) in all capacities may be entitled and to compromise and settle all claims
or causes of action arising out of _X Alberto Cruz Q_____

### II.
### ATTORNEY'S FEES

2.01 In consideration of all services rendered and to be rendered by the Attorney, Client(s) hereby agrees to pay
Attorney forty percent (40%) [( ADC ) Client's initials] of all monies and payments collected in recovery upon
Client's claim prior to filing of a lawsuit [( ADC ) Client's initials] including but not limited to any monies derived
from insurance medical payment coverage such as Personal Injury Protection (PIP); and of all monies and payments
collected in recovery upon Client's claim after filing of a lawsuit [( ADC ) Client's initials].  The above-agreed to
Attorney's Fees are to be paid as follows at Attorney's place of business in Hidalgo County, Texas:

**Law Offices of Ezequiel Reyna, Jr., L.L.P.**
**702 W. Expressway 83, Suite 100**
**Weslaco, Texas 78596**

2.02 Attorney by this agreement is authorized to engage in settlement negotiations for and on behalf of Client(s).
In the event that the case is settled by structured settlement Client(s) hereby approves and authorizes Attorney to collect
Attorney's Fees either in cash or by structured payment as Attorney in his sole discretion deems appropriate.  Client(s)
further authorizes but does not require Attorney to retain and employ structured settlement specialists for the purpose
of assistance in evaluating the efficiency and benefits of structured settlement in the Client'(s) case.  Client by this
agreement authorizes Attorney to deduct the fees of such specialists and their services as an Expense of Litigation (see
Section VI).

2.03 Attorney further reserves the right, in Attorney's sole discretion, to refund any part of or no part of
Attorney's Fees to Client(s) in event Client(s) elects to terminate the services of Attorney or representation is otherwise
concluded earlier than or by other means than originally contemplated by this agreement [( ADC ) Client's initials].

### III..
### ASSIGNMENT OF INTEREST/AUTHORIZATION FOR RETAINED INTEREST
### BY ATTORNEY IN EVENT OF DISMISSAL

3.01 In consideration of Attorney's services to and efforts on behalf of Client(s), the Client(s) hereby sell,
convey and assign to Attorney an interest both in rem and in personam to the extent hereinabove indicated (see Section
II) to Client(s) claim and cause of action; and do sell, convey and assign to attorney an interest both in rem and in
personam in any action, compromise, settlement, judgment, monies, payments, goods, services, profits, proceeds or
recovery thereupon realized from Client(s) claim and cause of action [( ADC ) Client's initials].

1

3.02 By this agreement Client(s) further authorizes Attorney to retain and collect upon a lien in any action, compromise, settlement, judgment, moneys, payments, goods, services, profits, proceeds or recovery thereupon realized by or on behalf of Client(s) through subsequent attorneys, insurance parties or settlement specialists to the extent of Attorney's services, efforts and work on behalf of Client. This provision by present agreement shall be made to operate in event Client dismisses Attorney, rescinds this agreement of representation or otherwise elects to terminate the services of Attorney [( A D C ) Client's initials].

## IV.
### APPROVAL BY CLIENT OR CLIENT'S SUCCESSOR IN INTEREST
### AND ATTORNEY NECESSARY FOR SETTLEMENT

4.01 Attorney is hereby authorized to enter into any settlement negotiations that Attorney deems appropriate on behalf of Client(s); including but not limited to Attorney's prerogative granted by this agreement to pursue cash or structured payment settlement negotiations (see Section II).

4.02 Client(s) hereby grant unto Attorney and Attorney's expressly authorized agents a power of attorney to carry out negotiations and settlement discussions and pursuant thereto to obtain any and all monies, payments, goods, services, profits, proceeds, recovery or other subject matter of value due to Client(s) under Client's claim and cause of action to the full and same extent that Client(s) may do so in person. This power expressly includes a grant of authority to Attorney to endorse for Client'(s) behalf all insurance company drafts, money orders, cashier's checks, bank drafts, notes, commercial or secured paper or other negotiable instruments made payable to Attorney and Client(s), Attorney or Client(s) without joinder of Attorney, which are submitted to Attorney on behalf of the Client(s) in full or partial settlement of client's claim and cause of action.

4.03 The hereinabove granted limited power of attorney further authorizes Attorney to place the above-referenced monies or other subject matter of value into Attorney's trust account and from said trust account to make distributions and payments in the amount of agreed Attorney's Fees and reimbursements for all Expenses of Representation and Litigation incurred by Attorney on behalf of Client(s).

## V.
### EXPENSES OF REPRESENTATION AND LITIGATION

5.01 The reasonable expenses incurred by Attorney in the course of discharging this representation for Client(s) shall be paid out of any moneys, payments, goods, services, profits, proceeds or recovery collected via action, compromise, settlement or judgment from Client'(s) portion of any action, compromise, settlement or judgment after deduction of Attorney's Fees [( A D C ) Client's initials].

5.02 Expenses of Representation and Litigation shall be deducted from Client'(s) portion of any action, compromise, settlement or judgment prior to disbursement of remaining moneys, payments, goods, services, profits, proceeds or recovery of the action, compromise, settlement or judgment, if any, to Client(s) [( A D C ) Client's initials].

## VI.
### COOPERATION OF CLIENT

6.01 Client(s) agrees to keep Attorney advised of Client(s) whereabouts at all times and to advise Attorney of any change in Client'(s) place of employment or residence and telephone numbers pertaining thereto within five (5) days of making such change. Client(s) further agrees to comply with all reasonable requests of Attorney for information and assistance in the preparation and discharge of this representation.

## VII.
### ASSOCIATION OF OTHER COUNSEL

7.01 Attorney is hereby authorized to associate other attorneys as may be deemed necessary in Attorney's sole discretion to effectuate representation of Client(s) interests. Attorney is further authorized in his sole discretion to assign this case to another attorney in the office of or associated with or not associated with Attorney for preparation and litigation or disposition. The costs and fees for the services of such other legal counsel shall remain the responsibility of Client(s) [( A D C ) Client's initials].

2

## VIII.
### PARTIES BOUND

8.01  This agreement shall be binding upon and inure to the benefit of the parties hereunto subscribed by signature.

## IX.
### PRIOR AGREEMENTS SUPERSEDED

9.01  This agreement constitutes the sole and only agreement of the parties hereunto subscribed and supersedes any prior understandings or written or oral agreements between the parties respecting the within-contained subject matter. No subsequent oral modifications to this contract shall be effective unless reduced to writing and signed by all parties.

I, CLIENT(S) _X Albert D. Croom Sr_____ CERTIFY BY MY SIGNATURE HERETO THAT I HAVE CAREFULLY READ THIS ENTIRE AGREEMENT OF REPRESENTATION, THAT I FULLY UNDERSTAND ALL OF ITS TERMS, CONDITIONS AND OBLIGATIONS AND THAT I VOLUNTARILY AGREE TO BE BOUND THEREBY.

Signed and accepted this _____ day of _____, 2008.

X _Albert D. Croom Sr_____
Client

X _____
Client

X _____

X _4005 Essex St # A_____
Address

X _228-218-0702__ message Phone 228-475-58?_
Telephone No.    Daughter

_____
Attorney at Law
Texas Bar Number _____

### VOLUNTARY ENGAGEMENT

Client(s) represents and warrants that Client(s) has entered freely and voluntarily into this agreement of representation.  [( _ADC_ ) Client's initials].   Client further represents that neither Attorney nor any employee, representative or agent of Attorney whether express, implied or ostensible has improperly contacted Client(s), improperly solicited Client(s) to engage Attorney or committed any other misconduct relating to engagement of Attorney for this representation.  Client(s) has been informed that Attorney will rely upon the representations and warranties contained in this agreement as an integral part of the decision to accept representation and that continued representation of Client(s) by Attorney is expressly conditioned thereupon.

Signed and accepted this _____ day of _____, 2008.

X _Albert D. Croom Sr_____
Client

X _____
Client

3

Ronnie G. Penton    MaryAnna Penton
Trial Attorney        Trial Attorney
rgp@rgplaw.com     mpenton@rgplaw.com
  ensed in LA, TX    Licensed in LA, MS



## THE PENTON LAW FIRM

Trial Lawyers
Since 1981

---

REPRESENTING PEOPLE WORLDWIDE SINCE 1981

August 16, 2011

McGlinchey Stafford PLLC
Attention: Amanda Stout
601 Poydras Street
12th Floor
New Orleans, LA 70130

     RE:    FEMA Trailer Litigation
             Morgan Building & Spas, Inc.  PFS Deficiencies

Dear Ms. Stout:

      In response to your correspondence of June 17, 2011, I provide the following information:

    1. Albert Croon- PFS provided on CD titled "Morgan Building & Spa; PFS; Submitted 08/17/11

    2. Joanna Robinson- Cured PFS provided on CD titled "Morgan Building & Spa; PFS; Submitted 08/17/11

    3. Xavier Magee- Cured PFS provided on CD titled "Morgan Building & Spa; PFS; Submitted 08/17/11

    4. Darwin Wells- PFS provided on CD titled "Morgan Building & Spa; PFS; Submitted 08/17/11

If you should need further information, please give me a call.

                Sincerely,

                Jan Harris
                Assistant to Ronnie G. Penton

Enclosure:    As Stated

cc:    Justin Woods
       Andrew Weinstock
       Mikal Watts
       Henry Miller

EXHIBIT
B

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

)
)
)
)
)
)
)
)
)
)
)
)
)

MDL NO. 1873

SECTION: N(4)

JUDGE: ENGELHARDT
MAG: ROBY

THIS RELATES TO:

Plaintiff: _____

Albert Croom

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1



EXHIBIT

C

## II. PERSONAL INFORMATION

A. Name (person completing form): Albert Croon Sr.

B. Maiden or other names used or by which you have been known: _____

C. Current Street Address: 4005 Essxe Ave. Apt. A, Moss Point, MS 39563

D. Home Telephone No.: 228-218-0702
Cell Phone No.: _____
Work Telephone No: _____
Other Telephone Nos.: _____

E. Email address: _____

## III. CASE INFORMATION

A. If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

   1. State which individual or estate you are representing: _____ MS _____

   2. Maiden Or Other Names Used or By Which Such Person Has Been Known: _____

   3 Address (or last known address if deceased): _____

   4. Home Telephone No.: _____
      Cell Phone No.: _____
      Work Telephone No: _____
      Other Telephone Nos.: _____

   5. E-mail address: _____

   6. If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

**N/A** 7.   What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.   If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.   Please state the name and address of the attorney representing you:

_____

Attorney's Name/Law Firm          Law Office of Ronnie G. Penton
                                  209 Hoppen Place Bogalusa, LA 70427
_____
City, State and Zip Code

C.   Please state the following: (If you are a representative, please state this information for each such person being represented):

1.   Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
     Yes ☐          No ☐          **N/A**

2.   What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _____**N/A**_____

3.   During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

**N/A**

___ irritation to eyes                    ___ tingling or swelling of lips or face area
___ burning of eyes                       ___ headaches
___ tearing of eyes                       ___ nausea
___ irritation to nasal membranes (inside of nose)   ___ vomiting
___ burning of nasal membranes (inside of nose)      ___ bloody vomiting
___ bleeding of nasal membranes (inside of nose)     ___ abdominal pain
___ irritation or itching of skin         ___ diarrhea
___ burning of skin                       ___ difficulty in breathing
___ rashes on skin                        ___ wheezing
___ drying or scaling of skin             ___ shortness of breath
___ scaling or itching of eyelids         ___ persistent cough
___ irritation or swelling of eyelids or eye area    ___ tightness of the chest

3

___ bronchitis
___ throat irritation
___ hoarseness
___ laryngitis
___ pneumonia
___ upper respiratory tract infections
___ pulmonary edema
___ asthma attacks for the first time in your life
___ asthma attacks that are recurrence of childhood
     asthma
___ allergies for the first time in your life
___ worsening of allergies that you had previous to
     living in FEMA trailer

___ allergic contact dermatitis
___ dizziness
___ unconsciousness
___ convulsions or seizures
___ blood in urine
___ abnormal liver enzymes
___ nephritis (inflammation of kidneys)
___ low blood pressure
___ hypothermia (low body temperature)
___ miscarriage or stillbirth
___ abnormal laboratory tests on blood
___ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. N I A _____
_____
_____
_____

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   N I A _____

If yes, which kind of cancer?

_____

5.   When do you claim this injury or disease first occurred?_____

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐          No ☐          N I A

If "Yes," when and who diagnosed the condition at that time?

_____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐          No ☐          N I A

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____

_____

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**

Yes ☐        No ☐          N IA

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:

_____

_____

_____

To your understanding, describe the condition for which treated:

_____

_____

_____

State when you were treated for this psychological, psychiatric or emotional problem

_____

_____

_____

List the medications prescribed or recommended by the physician or counselor

_____

_____

_____

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?

Yes ☐        No ☐          N IA

*If "Yes,"* state the amount of your claim: _____

5

## IV. BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 4005 Essxe St. Apt A Moss Point, MS 39563 | |
| | |
| | |

B. State Driver's License Number and State Issuing License: MS

C. Date and Place of Birth: -26

D. Sex: Male ☑  Female ☐

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| N/A | | | |
| | | | |

F. Employment Information

1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| N/A | | | |

6

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.   Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐          No ☐          N |A

*If "Yes," state the following:*

a.   If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

Year          Income

_____          $_____

_____          $_____

_____          $_____

_____          $_____

_____          $_____

b.   Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____N |A_____

_____

G.   Previous Claims Information

1.   Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☐          No ☐          Don't recall ☐          N |A

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____

_____

_____

7

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐        No ☐        Don't Know ☐   N/A

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|-------------------------------|
| N/A  |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?   N/A

Yes ☐        No ☐

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V.A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home:   Morgan

2.   VIN:  9311171881604

3.   FEMA Identification No.:   Unsure

4.   Bar Code Number on FEMA housing unit:   Unsure

8

5.   Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☐   Mobile Home ☐   N|A

6.   Move-in Date: __N|A__

7.   Move-out Date: __N|A__

8.   Please state the mailing address and physical location for the FEMA trailer or mobile home unit. ~~4005 Essxe st. A~~ N|A

9.   Was the FEMA trailer or mobile home located in a trailer park or on private property? __N|A__

10.  State the reason you stopped living in the FEMA trailer or mobile home: __N|A__

11.  Please state the approximate square footage of the FEMA housing unit: __N|A__

12.  Please state the approximate length and width of the FEMA housing unit: __N|A__

13.  What is/was the average number of hours spent in the FEMA trailer or mobile home each day? __N|A__

14.  Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☐      No ☐   N|A

15.  Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☐      No ☐   N|A

16.  Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☐      No ☐   N|A

17.  Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐      No ☐   N|A

18.  Is/was propane gas used in the FEMA housing unit?
Yes ☐      No ☐   N|A

9

19.     How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home?   N|A

20.     Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:   N|A
Yes ☐        No ☐

If "Yes," please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location? _____

B.     Have any air quality tests ever been performed on your FEMA trailer or mobile home?   N|A
Yes ☐        No ☐

If "Yes," please state when the test was performed and who prepared this testing:_____

C.     Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?   N|A
Yes ☐        No ☐

If "Yes," please state the following:

Date and reason for fumigation: _____

D.     Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?   N|A
Yes ☐        No ☐

If "Yes," please state the date and reason for repair, service or maintenance: _____

E.     Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Albert Croon | 16 | 4005 Essxe St. Moss Point, MS 39563 | From ____ N/A To ____ N/A | Yes ☐ No ☐ Don't Know ☐ | N/A |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'11"

B.   Current Weight: 180

Weight prior to living in a FEMA trailer or mobile home: 180

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

N/A

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

N/A

1. Date on which smoking/tobacco use ended:_____
2. Amount smoked or used on average:
   _____ per day for _____ years.

☐ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1. Amount currently smoked or used on average:
   _____ per day for _____ years.

D. Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

N/A

1. Amount smoked or used on average, if you know:
   _____ per day for _____ years.
2. Relationship to you: _____
3. Please state whether the smoking occurred inside, outside or both._____

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☑

If "Yes," what was the date of birth:_____

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☑

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1. Lung or other respiratory disease
   Yes ☐    No ☐         N/A

   If "Yes," please indicate the following:
   Name and description of each illness, disease, or abnormal condition:
   _____
   _____

   The date of illness:
   _____
   _____

2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐          No ☐              N|A

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.   Long-term stomach or bowel disease          N |A
     Yes ☐          No ☐

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:

     _____

     _____

     The date of illness:

     _____

     _____

4.   Skin disease                              N |A
     Yes ☐          No ☐

     *If "Yes,"* please indicate the following.

     Name and description of each illness, disease, or abnormal condition:

     _____

     _____

     The date of illness:

     _____

     _____

G.   Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

     1.   To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

          Yes ☐          No ☐          Don't Recall ☐     N|A

          *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

## VII.  MEDICAL DIAGNOSIS

A. Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

B. Doctor's Name: ___N/A___
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: ___N/A___
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: ___N/A___
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C. If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
___N/A___

D. Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐        No ☐        N/A

*If "Yes,"* please provide the name and address of the health care professional.
_____
_____

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐        No ☐        N IA

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐        No ☐        N IA

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☐        N IA

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☐        N IA

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☐        N IA

F.   Decedent's death certificate, if applicable.
Yes ☐        No ☐        N IA

G.   Report of autopsy of decedent, if applicable.
Yes ☐        No ☐        N IA

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.    Identify your current family and/or primary care physician:

| Name | Address |
|---|---|
| N IA | |
| | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| N IA | | |
| | | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| N IA | | | |
| | | | |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| N IA | | | |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment during the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| N IA | | |
| | | |

16

|  |  |  |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
| --- | --- |
| N/A |  |
|  |  |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

| Albert Coroon | Albert Croon Sr. | 9/18/08 |
| --- | --- | --- |
| **Signature of Plaintiff** | **Print Your Name** | **Date** |

Sign Here

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: Albert Croon Sr.

Date of Birth: 26

Last Four Numbers of SSN: 8704

    I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,** Law Office of Ronnie Penton Anthony **Metairie, LA 70002, and/or to the law firm of** 209 Hoppen Place Bogalusa, LA 70427 _____ **and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this _18_ day of _9_____, 2008.

_Albert Green_
[PLAINTIFF OR REPRESENTATIVE]

Sign
Here

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)

Name: Albert Croon Sr

Date of Birth: _____ 26

Last Four Numbers of SSN: 8704

I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of _Engquist_
Law Office of Ronnie G. Penton,
_____ 209 Hoppen Place Bogalusa  1  and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this 18 day of _____ 7 _____, 2008.

Sign Here

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: Albert Croon Sr

Date of Birth: -26

Last Four Numbers of SSN: 87044

I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA, 70002,** along
with other defense counsel in the above-captioned matter, the law firm of _Reyraul_
_Reyraul_ Law Office of Ronnie G. Penton 209 Hopnen Place Bogalusa, LA 70422 and/or any of their designated agents. These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this 18 day of 9 , 2008.

_albert Croon_

[PLAINTIFF OR REPRESENTATIVE]

Sign
Here

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Albert Croon Sr._

Date of Birth: _-26_

Last Four Numbers of SSN: _8704_

  I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** Law Office of Ronnie G. Penton
~~299 Hopper Place~~ Bogalusa, LA 70427 **and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

  Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this _11_ day of _9_, 2008.

_Albert Croon_
[*PLAINTIFF OR REPRESENTATIVE*]

Sign
Here

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY:_____
Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Albert Green Sr. | 26 | - 8704 |
| | | Telephone No.: 228-218-0702 |
| Address: 4005 Essxe Ave. | | Zip Code: 39563 |
| City: Moss Point | State: MS | |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. ._____
Title. ._____
Address._____
Purpose: To Protect My Legal Rights
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>q Copies of the records &<br>q Inspection of the record | q Abstract/pertinent<br>q Emergency Room<br>q H&P<br>q Consult Report<br>q Operative Report<br>q Rehab Services | q Lab<br>q Imaging/Radiology<br>q Cardiac Studies<br>q Face Sheet<br>q Nursing Notes<br>q Medication Record | q Progress Notes<br>q Physician's Orders<br>q Entire Record<br>q Other_____ |
|---|---|---|---|

I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*
This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

_Albert Green_                                      9/18/08
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

Sign
Here

## PRIVACY ACT RELEASE LANGUAGE

I, _Albert Croon Sr._ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_Ezekiel Reyna_, Plaintiffs' Liaison Counsel Justin Woods and

Law Office of Ronnie G. Penton
208 Hoppen Place, Bogalusa, LA 70427

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _9/18/08_

Name: _Albert Croon Sr._ (print legibly or type out name)

Signature: _Albert Croon_

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Federal Emergency Management Agency Office of Director 500 C Street, S.W. Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Albert Croon Law Offices of Ezequiel Reyna Jr. 702 W. Expressway 83 Ste. 100 Weslaco, TX 78596 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statues, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure

SEE ATTACHED RIDER

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

FEMA PROVIDED THE TRAILER. EXACT OWNERSHIP IS UNKNOWN.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)   loss value of reasonably fit + suitable housing, replacement home benefits and rental + housing assistant

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8(SUPRA).

| 11. | | WITNESSES | |
|---|---|---|---|
| NAME | | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | | |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE $ 560 per month that they have lived in the FEMA trailer | 12b. PERSONAL INJURY $ 25,000 no injury and have lived in it less than a year $50,000 no injury and have in it more than a year $50,000 injured and lived in it less than a year $ 100,000 injured and lived in it more than a year | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) ongoing damages occuring see lines 12a + 12b  $1,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) ATTORNEY AT LAW | 13b. Phone number of person signing form 956-968-9556 | 14. DATE OF SIGNATURE 05/30/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?   ☐ Yes      If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.      ☒ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?    ☐ Yes    ☒ No    | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?   ☐ Yes      If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).      ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose:  The information requested is to be used in evaluating claims.
C. Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95     BACK

RIDER

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. through its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).



ATTORNEYS AT LAW

McGLINCHEY STAFFORD PLLC

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

June 17, 2011

Ronnie G. Penton
**The Penton Law Firm**
209 Hoppen Place
Bogalusa, LA 70427

RE:   *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.*

*Albert Croon, et al., et al. v. Morgan Buildings and Spas, Inc., et. al.*
*(S.D. Miss. 09-405) (E.D. La. 09-5548)*

Dear Ronnie:

On July 1, 2009, your firm filed the matter styled *Albert Croon, et. al. v. Morgan Buildings and Spas, Inc., et al.* in the Southern District of Mississippi. The case was transferred to the Eastern District of Louisiana, bearing Suit No. 09-3829, on July 29, 2009. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (Morgan) are named as a manufacturing defendants. We are writing to request that you correct several deficiencies with respect to the Plaintiff Fact Sheets (PFS) submitted by the plaintiffs in this matter.

We have no record of plaintiff Myrtle Pearson submitting a PFS. Additionally, plaintiffs Albert Croon, Joanna Robinson, Xavier Magee, and Darwin Wells PFS' are deficient as set forth on the attached spreadsheet.

Pursuant to Pretrial Order No. 2, each plaintiff is required to serve upon Defendants' Liaison Counsel a completed and signed PFS. The plaintiffs were required to submit PFS within 60 days of the filing of their complaint or by September 28, 2009. *See* Pretrial Order No. 32, page 2 § B. We are not aware of any request by the plaintiffs for an extension of the applicable PFS deadlines.

Pre-Trial Order Nos. 2 and 32 provide that any plaintiff who fails to serve a PFS within the time period established by the court shall have his claims dismissed with prejudice, upon an appropriate showing. As Myrtle Pearson is not in compliance with Pre-Trial Order Nos. 2 and 32, we intend to move for a dismissal with prejudice on or about July 15, 2011. If we are incorrect and a PFS was timely filed, please identify the date of its original production and the title of the CD. Otherwise, please let us know if we may file our motion to dismiss as unopposed.

380458.1

EXHIBIT

Ronnie G. Penton
June 17, 2011
Page 2

     Please contact me on or before July 13, 2011 at 4:00 p.m. to hold a Rule 37.1 conference concerning the Ms. Pearson's PFS. If we do not hear from you by this time, we will move forward with a motion to dismiss with prejudice.

     Additionally, in accordance with Pretrial Order Nos. 2, 32, and 86, please provide an amended PFS addressing the deficiencies noted above and on the attached spreadsheet for the other above named plaintiffs within 30 days. Otherwise, Morgan will proceed with filing a motion to dismiss their claims as well.

     With kindest regards we remain,

               Very truly yours,

               **McGlinchey Stafford, PLLC**

               Amanda S. Stout

Enclosure

380458.1

ALBERT CROON, ET AL.
VS.
MORGAN BUILDINGS & SPAS, ET AL.
EDLA NO: 09-5548
(Original case from S.D. Miss. No. 09-405)

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 1 | Croon | Albert | | Yes | Section III: All of subpart C<br>Section IV (background): E, All of subpart F, All of subpart G<br>Section IV (family Info): A, B<br>Section V: Entire Section<br>Section VI: All of subpart C, All of subpart D, All of subpart F, All of subpart G<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section |
| 2 | Pearson | Myrtle | | No | Missing: All executed blank authorizations. The ones provided release to a certain law firm. |
| 3 | Robinson | Joanna | | Yes | Section III: C-3 (medications)<br>Section IV (Background): F-1 (dates, F-2 (dates)<br>Section V: A-19<br>Section VI: C, D, F-1, F-3 (dates), F-4 (dates), G-1<br>Section VII: A, B, C<br>Section IX: Entire Section |
| 4 | Robinson | Joanna | Magee, Xavier | Yes | Section II: D<br>Section V: A-19<br>Section VII: Entire Section<br>Section IX: Entire Section |
| 5 | Wells | Darwin | | Yes | Section III: C-3 (medications)<br>Section IV (Background): B, F-1 (dates), F-2, F-3<br>Section VI: F-1 (dates), G-1<br>Section VII: B, C, D<br>Section IX: A, B, C (dates), D (Dates), E |