UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                     MDL NO. 07-1873
    FORMALDEHYDE PRODUCTS
    LIABILITY LITIGATION
                                                                                                             SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-4734

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") (Rec. Doc. 23567, as modified by Rec. Docs. 23821, 23846). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23792). Liberty Mutual has filed a reply memorandum. (Rec. Doc. 23848).

In its original motion papers, Liberty Mutual moved to dismiss the claims of four plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Germaine Miller on behalf of Micah Wilkerson; (2) Rebecca Poiroux; (3) Quincy Demense Gibson; and (4) Sabrina Mitchell on behalf of Blessing Mitchell. *See* Rec. Doc. 23567. However, Liberty Mutual subsequently withdrew its motion as to Quincy Demense Gibson, who cured her deficiencies after the motion was filed. *See* Rec. Docs.23821, 23846. Accordingly, the motion remains pending only as to (1) Germaine Miller on behalf of Micah Wilkerson; (2) Rebecca Poiroux; and (3) Sabrina Mitchell on behalf of Blessing Mitchell.

1

## A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.* More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22153.

## B. APPLICABLE LAW:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court

order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

3

**C. ANALYSIS:**

In June 2011, counsel for Liberty Mutual sent letters to plaintiffs' counsel stating that they had not received a completed PFS for: (1) Germaine Miller on behalf of Micah Wilkerson; (2) Rebecca Poiroux; and (3) Sabrina Mitchell on behalf of Blessing Mitchell. *See* Exhibits A, D and J to Movant's Memorandum in Support (Rec. Doc. 23567-2, -5, -11).

After the instant motion was filed, each of the plaintiffs provided supplemental responses satisfying almost all of the twenty-three key questions identified as essential in Pre-Trial Order No. 88.[1] *See* Exhibits A, B and D to Plaintiffs' Opposition Memorandum (Rec. Doc. 23792-1, -2 and -4). Nevertheless, Liberty Mutual argues in its Reply Memorandum that each of the three plaintiffs' claims should be dismissed with prejudice because they have not provided information regarding: (1) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (2) the average number of hours spent in the FEMA unit each day (V.A.13);(3) the correct bar code for the FEMA unit (V.A.4); (4) a move-in date for the FEMA unit (V.A.6); (5) a move-out date for the FEMA unit (V.A.7); (6) the names of others who resided in the FEMA unit (V.E);[2] and (7) an installation address for the FEMA unit (V.A.8). *See* Movants' Reply Memorandum (Rec. Doc. 23848). Liberty Mutual acknowledges that each of the plaintiffs has provided answers to each of these questions. However, it argues that, because each of the plaintiffs

---

[1] Indeed the plaintiff fact sheets of Germaine Miller on behalf of Micah Wilkerson and Sabrina Mitchell on behalf of Blessing Mitchell were virtually complete before the deficiency notices were sent, answering nearly all questions, even beyond the designated twenty-three "key" fields. Liberty Mutual's complaint with regard to these plaintiffs is that they have listed more than one FEMA unit, and with regard to some of their information, it is not clear which unit was intended.

[2] PTO No. 88 requires a plaintiff to list the names of all trailer residents only if no VIN is provided. *See* Rec. Doc. 22153. Each of the plaintiffs here has provided a VIN.

4

has listed more than one FEMA unit in her PFS, it is not clear which unit is intended with regard to the information provided.

In fact, Rebecca Poiroux clarified in her earlier supplemental responses that she "lived in only 1 trailer, which was a R-Vision, Inc. trailer." *See* Exhibit F to Movant's Memorandum in Support (Rec. Doc. 23567-7). Thus, it appears clear that her new supplemental responses apply to this R-Vision trailer only. Ms. Poiroux has not provided a signed certification for her supplemental responses. However, the Court finds that she has materially complied with their PFS obligations at this stage of the proceedings. This does not relieve Ms. Poiroux of her obligations to provide a signed certification for her supplemental responses, to supplement her answers as needed, and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. Nor does it exempt her from future dismissal should she fail to satisfy these obligations. However, her shortcomings at this stage do not justify dismissal under Rule 41(b) or Rule 37.

Germaine Miller on behalf of Micah Wilkerson and Sabrina Mitchell on behalf of Blessing Mitchell do list two FEMA units in their PFS (although the Court suspects that the "Gulf Stream" listed in the PFS of Blessing Mitchell was a clerical mistake). Nevertheless, they have answered nearly all of the PFS questions, even beyond the twenty-three key fields. Thus, the Court finds that these plaintiffs have materially complied with their PFS obligations at this stage of the proceedings with the exception of their failure to provide a move-in date and move-out date for each FEMA unit in which the plaintiff resided (V.A.6 and V.A.7). Failure to answer these two questions does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2). However, lesser sanctions are appropriate. In the event that move-in and move-out dates for each FEMA unit are not provided to Liberty Mutual within fifteen (15) days, the PFS shall be deemed to state "April 1, 2007" in

response to question V.A.6, seeking a move-in date for the R-Vision unit, and "May 1, 2007" in response to question V.A.7, seeking a move-out date for the R-Vision unit, resulting in a one-month stay in the R-Vision unit. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23567, as modified by Rec. Docs. 23821, 23846)**, filed by defendant Liberty Mutual Insurance Company, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs (1) Germaine Miller on behalf of Micah Wilkerson and (2) Sabrina Mitchell on behalf of Blessing Mitchell shall answer within fifteen (15) days PFS questions V.A.6 and V.A.7 with respect to each FEMA unit in which the plaintiff resided. Upon failure to do so, the R-Vision move-in date shall be deemed to be "April 1, 2007" and the R-Vision move-out date shall be deemed to be "May 1, 2007."

New Orleans, Louisiana, this __15th__ day of December, 2011.

                                                **KURT D. ENGELHARDT**
                                                **United States District Court**