UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 09-4734

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") (Rec. Doc. 23568). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23791). Liberty Mutual has filed a reply memorandum. (Rec. Doc. 23850).

Liberty Mutual moves to dismiss the claims of seven plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Dawn Esposito on behalf of Elizabeth Esposito; (2) Debra Bradley; (3) Dawn Esposito on behalf of Cameron Esposito; (4) Dorothy Thompson; (5) Clauzell Bradley; (6) Cornell Bradley; and (7) Charlotte Spencer.

### A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See*

1

Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.* More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted)

2

(quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On June 15 2011, counsel for Liberty Mutual sent letters to plaintiffs' counsel specifying deficiencies in the PFS of: (1) Dawn Esposito on behalf of Elizabeth Esposito; (2) Debra Bradley; (3) Dawn Esposito on behalf of Cameron Esposito; (4) Dorothy Thompson; (5) Clauzell Bradley; (6) Cornell Bradley; and (7) Charlotte Spencer. *See* Exhibits B, E, I, K, N, Q and T to Movant's Memorandum in Support (Rec. Doc. 23568-3, -6, -10, -12, -15, -18, -21).

3

The PFS of each of these plaintiffs is virtually complete, answering nearly all of the questions, even those beyond the twenty-three "key" fields. The only key question left unanswered by these plaintiffs is question VI.D, seeking the smoking history of other trailer residents.[1] All of the plaintiffs later stated in supplemental responses that they did not recall whether any other resident smoked.[2] *See* Exhibits D, G, M, P, S, and V to Movant's Memorandum in Support (Rec. Doc. 23568-5, -8, -14, -17, -20, -23). In their more recent supplemental responses, Dorothy Thompson, Clauzell Bradley, Cornell Bradley, and Debra Bradley clarify that either no one in their FEMA unit smoked or there were no other residents. *See* Exhibits B, D, E and F to Plaintiffs' Opposition Memorandum (Rec. Doc. 23791-2, -4, -5, -6).

Liberty Mutual argues that each of the plaintiffs' claims should be dismissed with prejudice because they have not provided information regarding one or more of the following: (1) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (2) the average number of hours spent in the FEMA unit each day (V.A.13);(3) the correct bar code for the FEMA unit (V.A.4); (4) a move-in date for the FEMA unit (V.A.6); (5) a move-out date for the FEMA unit (V.A.7); (6) the names of others who resided in the FEMA unit

---

[1] The PFS of Debra Bradley failed to state whether any physician had told her that her symptoms were related to formaldehyde. In the supplemental responses provided after the motion was filed, she seems to answer this question in the affirmative, stating that she takes prescription medication "for Formaldehyde," but does not remember the name of the physician who prescribed it. *See* Exhibit B to Plaintiffs' Opposition Memorandum (Rec. Doc. 23791-2).

[2] Dawn Esposito submitted this supplemental response only on behalf of her daughter Elizabeth. *See* Exhibit D to Movant's Memorandum in Support (Rec. Doc. 23568-5). However, the PFS she submitted indicates that both her daughter and son lived in the same three FEMA units. Thus, presumably the answer would be the same for both of her children.

(V.E);[3] and (7) an installation address for the FEMA unit (V.A.8).  *See* Movant's Memorandum in Support (Rec. Doc. 23568-1); Movant's Reply Memorandum (Rec. Doc. 23850).  Liberty Mutual acknowledges that each of the plaintiffs has provided answers to nearly all of these questions.[4]  However, it argues that, because each of the plaintiffs has listed more than one FEMA unit, it is not clear which unit is intended with regard to the information provided.

The Court finds that these plaintiffs have materially complied with their PFS obligations at this stage of the proceedings with the exception of their failure to provide a move-in date and move-out date for each FEMA unit in which the plaintiff resided (V.A.6 and V.A.7).  Failure to answer these two questions for each FEMA unit does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2).  However, move-in and move-out dates are particularly important in moving this matter toward resolution.  Indeed, the duration of the plaintiff's stay in a defendant's unit has been the basis of a formula that the special master in this case has used in the past to structure settlements.  *See, e.g.*, Special Master's Report of July 29, 2011 (Rec. Doc. 22269).  Thus, while failure to provide this information for each unit does not justify dismissal, the Court finds that a lesser sanction is appropriate.  In the event that move-in and move-out dates for each FEMA unit are not provided to Liberty Mutual within fifteen (15) days, the PFS shall be deemed to state "April 1, 2007" in response to question V.A.6, seeking a move-in date for the R-Vision unit, and "May 1, 2007" in response to question V.A.7, seeking a move-out date for the R-Vision unit, resulting in a one-month stay in the R-Vision unit.  Accordingly,

---

[3] PTO No. 88 requires a plaintiff to list the names of all trailer residents only if no VIN is provided.  *See* Rec. Doc. 22153.  Each of the plaintiffs here has provided a VIN.

[4] Dawn Esposito has not provided a barcode on behalf of either of her children, but has stated in supplemental responses that FEMA did not provide her with a barcode number.  *See* Exhibits C, D and J to Movant's Memorandum in Support (Rec. Doc. 23568-4, -5, -11).

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23568)**, filed by defendant Liberty Mutual Insurance Company, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs: (1) Dawn Esposito on behalf of Elizabeth Esposito, (2) Debra Bradley, (3) Dawn Esposito on behalf of Cameron Esposito, (4) Dorothy Thompson, (5) Clauzell Bradley, (6) Cornell Bradley, and (7) Charlotte Spencer shall answer within fifteen (15) days PFS questions V.A.6 and V.A.7 with respect to each FEMA unit in which the plaintiff resided. Upon failure to do so, the R-Vision move-in date shall be deemed to be "April 1, 2007" and the R-Vision move-out date shall be deemed to be "May 1, 2007."

New Orleans, Louisiana, this  15th  day of December, 2011.

**KURT D. ENGELHARDT**
**United States District Court**