**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE: FEMA TRAILER                        MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION          SECTION "N-5"

                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO ALL CASES

**Special Master's Supplemental Rulings and Recommendations**
**on Methodology and Allocations**
**(Manufactured Home Defendants Settlement)**

**I.**      **The Special Master's investigation.**

On June 11, 2010, the Court appointed the undersigned as Special Master and assigned him the task of developing and implementing a protocol for the disbursement of the proceeds of the settlement between the PSC and certain defendants (known as the Manufactured Home Defendants), as well as their insurers. August 17, 2011, the Special Master filed recommendations on methodology. Rec. Doc. 22453. The Special Master recommended that the settlement fund be divided equally among those persons with valid claims (with the sole caveat that class representatives would receive an enhancement which the Special Master has recommended to be $750 each, Rec. Doc. 23526). Since then, the Special Master has coordinated with the PSC and the CADA to procure and evaluate information concerning the claims.

**II.**      **The Special Master's recommended allocation.**

As an initial matter, the settlement fund should be allocated by points, with each point

approximately equal to a dollar.  Taking into account a reserve as well as amounts that have already

been expended, the Special Master recommends that each approved claimant be allocated 100 points.

At the end of the objection process, the points will be valued according to the available funds, and

the Special Master will recommend actual dollar amounts to for the Court to award each claimant

in a final judgment.


## III.    The Special Master's recommended deadlines and procedures.

The Special Master has applied the above criteria to the known claimants, and his preliminary

recommendations are reflected in Exhibit 1 (filed under seal).  Subject to modification by the Court,

the following deadlines will apply:

1.    **10 days from the signing of the Judge's Order Adopting the Special Master's Rulings
and Recommendations on Methodology and Allocations** – The Special Master will cause
to be mailed preliminary allocation letters to the PSC (via U.S. Mail) and (to the extent the
addresses are available) to the claimants listed in Exhibit 1 (via U.S. Mail).  If claimant
addresses are not available, or if claimant addresses are incorrect, mailing to the PSC (via
U.S. Mail) will be sufficient for notice purposes.  These letters will advise the claimants of
their preliminary allocations (or the fact that their claims have been denied) as well as the
objection procedure described below.

2.    **30 days from the signing of the Judge's Order Adopting the Special Master's Rulings
and Recommendations on Methodology and Allocations** – Claimants who object to their
allocations must file such objections in the record, and *additionally* mail (by U.S. Mail) or
deliver such objection to the Special Master (Office of the Special Master/Formaldehyde-
Manufactured Home Defendants, P.O. Drawer 82180 Baton Rouge LA 70884-2180).  All
objections must be postmarked no later than 30 days from the signing of the Judge's Order
referenced above (a date which will be reflected in the letters mailed to the Claimants).  The
objections must state the claimants' reasons for objecting and must attach any supporting
evidence. Failure to comply with this procedure will be deemed to be a waiver and/or
withdrawal of any objection and/or appeal that the claimant might have.  Objections not
timely mailed will not be considered absent good cause shown.

3.  After receiving the objections, the Special Master will caused to be mailed to the objectors (or, where appropriate, their counsel) notice of a hearing at which the Special Master will consider their objection. The Special Master will thereafter conduct hearings on all objections and make rulings (giving notice to objectors in open court) that same day. Those wishing to object will be informed in writing of the day, time and place. Objectors must appear in person and bring all competent evidence to support their claims. Failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection and/or appeal that the claimant might have.

4.  **Within 20 days of the Special Master's ruling in open court** – Claimants who object to the Special Master's rulings must file in the record an appeal to the District Court and simultaneously mail the appeal to the Special Master (Office of the Special Master/Formaldehyde-Manufactured Home Defendants, P.O. Drawer 82180 Baton Rouge LA 70884-2180). All appeals shall utilize the above caption and shall be entitled "Appeal of Special Master Ruling on Objection." Failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection and/or appeal that the claimant might have. Appeals not timely filed will not be considered absent good cause shown.

5.  **On a date and time to be assigned** – The District Court will consider all appeals from the Special Master's rulings and recommendations. The Court may decide the appeals based upon the record developed by the Special Master and without additional hearings. If the Court chooses to hold hearings, those wishing to appeal will be informed in writing of the day, time, and place and must appear in person and bring all competent evidence to support their claims. The Court on appeal may award more or less than the Special Master's recommendations. A claimant's failure to comply with this procedure will be deemed to be a waiver and/or withdrawal of any objection and/or appeal that the claimant might have.

Once the objections are resolved, the Special Master will work with the Court, the CADA, the attorneys, and the claimants to disburse the funds as expeditiously as possible. The Special Master will also work with the attorneys and the claimants (to the extent called upon to do so) to procure any release documents called for in the Settlement Agreement. In the event that money remains in the settlement fund after the money is disbursed to the claimants and all administrative fees and expenses are paid, the Court will have the power to issue a cy près award after consulting with the PSC and the Special Master.

Baton Rouge, Louisiana, this 19th day of December, 2011.

s/Daniel J. Balhoff
Daniel J. Balhoff (#18776)
Randi S. Ellis (#25251)