UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Sandy Barnes v. Jayco, Inc.* | * | |
| Docket No. 09-7887 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Shelby Carter | * | |
| John January | * | |
| LaKesha January | * | |
| LaTosha January | * | |
| Victoria January | * | |
| Wendy January | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Jayco, Inc. ("Jayco") and Fluor Enterprises, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Shelby Carter (Plaintiff in *Barnes,* C.A. 09-7887)
- John January (Plaintiff in *Barnes,* C.A. 09-7887)
- LaKesha January (Plaintiff in *Barnes,* C.A. 09-7887)
- LaTosha January (Plaintiff in *Barnes,* C.A. 09-7887)
- Victoria January (Plaintiff in *Barnes,* C.A. 09-7887)
- Wendy January (Plaintiff in *Barnes,* C.A. 09-7887)

## I. CREATION OF MDL AND FACT SHEET PROCESS

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a

court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

**Shelby Carter**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Shelby Carter, attached as Exhibit "A"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, June 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the plaintiff fact sheet for the plaintiff. (*See* Plaintiff Fact Sheet for Shelby Carter, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "A" & "C")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for her claim.

4

Important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

Over a year has lapsed proceeding Jayco's request for completed plaintiff fact sheets and Defendants have received no responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, Shelby Carter has only answered 8 of the required 23 key questions. Therefore, Shelby Carter's fact sheet remains incomplete.

**John January**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet.  (*See* Amendment to the Plaintiff Fact Sheet of John January, attached as Exhibit "D").  With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information. (*See* Id.).  Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims.  Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham,

Fultz and Cougill, Counsel for Jayco, June 3, 2010, attached as Exhibit "B").  After the request, Plaintiff Counsel produced the plaintiff fact sheet for John January and included the same unsigned, undated certification page.  (*See* Plaintiff Fact Sheet for John January, attached as Exhibit "E").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "D" & "E")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for his claim.  Important questions, such as what medical treatments were received for his formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

Over a year has lapsed proceeding Jayco's request for completed plaintiff fact sheets and Defendants have received no responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, John January has only answered 8 of the required 23 key questions. Therefore, John January's fact sheet remains incomplete.

**LaKesha January**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of LaKesha January, attached as Exhibit "F"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an undated certification page for LaKesha January. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, June 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the plaintiff fact sheet for LaKesha January and included the same unsigned, undated certification page. (*See* Plaintiff Fact Sheet for LaKesha January, attached as

Exhibit "G").  Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment.  The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "F" & "G")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for her claim. Important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

Over a year has lapsed proceeding Jayco's request for completed plaintiff fact sheets and Defendants have received no responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, LaKesha January has only answered 8 of the required 23 key questions. Therefore, LaKesha January's fact sheet remains incomplete.

**LaTosha January**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of LaTosha January, attached as Exhibit "H"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an unsigned, undated certification page for LaTosha January. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, June 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the plaintiff fact sheet for LaTosha January and included the same unsigned, undated certification page. (*See* Plaintiff Fact Sheet for LaTosha January, attached as Exhibit "I"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "H" & "I")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for her claim. Important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

Over a year has lapsed proceeding Jayco's request for completed plaintiff fact sheets and Defendants have received no responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, LaTosha January has only answered 8 of the required 23 key questions. Therefore, LaTosha January's fact sheet remains incomplete.

### Victoria January

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff

10

Fact Sheet of Victoria January, attached as Exhibit "J"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an undated certification page for Victoria January. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, June 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the plaintiff fact sheet for Victoria January and included the same unsigned, undated certification page. (*See* Plaintiff Fact Sheet for Victoria January, attached as Exhibit "K"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "J" & "K")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for her claim. Important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

Over a year has lapsed proceeding Jayco's request for completed plaintiff fact sheets and Defendants have received no responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Victoria January has only answered 8 of the required 23 key questions. Therefore, Victoria January's fact sheet remains incomplete.

**Wendy January**

*Sandy Barnes v. Jayco, Inc.* was filed December 23, 2009. After the complaint was filed, Jayco was provided an amendment to the plaintiff fact sheet. (*See* Amendment to the Plaintiff Fact Sheet of Wendy January, attached as Exhibit "L"). With the exception of the plaintiff's name, FEMA identification and attorney's name, this amendment was void of any other information and included an undated certification page for Wendy January. (*See* Id.). Upon receipt of the amendment, counsel for Jayco reviewed it and determined that the amendment

alone did not provide answers to the 23 key questions that the court determined necessary to facilitate resolution to the plaintiff's claims. Ultimately, the amendment only accounted for 3 of the 23 key questions.

Although the Amendment's purpose is to supplement the information contained in the fact sheet, without possession of the actual plaintiff fact sheet, any supplemental information provided would be insufficient. Jayco sent correspondence to Plaintiff's Counsel advising that although Jayco had possession of the Amendment to the Plaintiff Fact Sheet, the above mentioned plaintiff failed to provide a completed plaintiff fact sheet. (*See* email correspondence to Nicole Porter at Watts Hilliard, Counsel for Plaintiff, from Sherrie Moseley at Willingham, Fultz and Cougill, Counsel for Jayco, June 3, 2010, attached as Exhibit "B"). After the request, Plaintiff Counsel produced the plaintiff fact sheet for Wendy January and included the same unsigned, undated certification page. (*See* Plaintiff Fact Sheet for Wendy January, attached as Exhibit "M"). Upon receipt of the fact sheet, Counsel for Jayco reviewed it and deemed the fact sheet deficient notwithstanding the information provided by the amendment. The plaintiff fact sheet and amendment failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Manufacturer | V.A.1. |
| VIN # | V.A.2. |
| Bar Code | V.A.4. |
| Names of all trailer residents (only if no VIN provided) | V.A.E. |
| Plaintiff's Smoking History | VI.C. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Diagnosed Illness | III.C.3. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Checklist | III.C. |
| Number of hours spent in the trailer each day | V.13. |

| INFORMATION/DATA | PFS SECTION |
|---|---|
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Exhibits "L" & "M")

Specifically, the plaintiff provided absolutely no indication as to what alleged formaldehyde related injury, self-diagnosed or formally diagnosed, is the basis for her claim. Important questions, such as what medical treatments were received for her formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

Over a year has lapsed proceeding Jayco's request for completed plaintiff fact sheets and Defendants have received no responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Wendy January has only answered 8 of the required 23 key questions. Therefore, Wendy January's fact sheet remains incomplete.

It should be noted that, although the plaintiff fact sheets of all above-mentioned plaintiffs include move-in, move-out dates and installation addresses, there has been no identification of Jayco by naming the manufacturer or producing a VIN. Therefore, defendants have no reason to believe that those dates and addresses could be attributed to a Jayco manufactured FEMA trailer. Furthermore, another plaintiff with claims against Jayco, who defendants have reason to believe may have resided with or around John, LaKesha, LaTosha, Victoria and Wendy January has produced VINs for three different manufacturers creating further ambiguity as to whether or not the aforementioned plaintiffs resided in one, two or all three of the trailers, moreover if said trailer was a Jayco manufactured trailer. Additionally, the plaintiffs John, LaKesha, LaTosha, Victoria and Wendy January have produced certification pages with varying levels of

completeness, but after a look at all the certification pages in concert, it can be determined that the certification pages and conceivably their plaintiff fact sheets, were completed by the same person. (*See* certification pages of John, LaKesha, LaTosha, Victoria and Wendy January, attached as Exhibit "N"). More pointedly, the fact sheets of adult plaintiffs Victoria and Wendy January indicate that they were completed by someone other than the plaintiffs, but there is no explanation of that person's representative or guardianship capacity over Victoria January and Wendy January. (*See* plaintiff fact sheets of Victoria January and Wendy January, attached as Exhibits "K" and "M").

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the plaintiffs, Shelby Carter, John January, LaKesha January, LaTosha January, Victoria January and Wendy January, be dismissed with prejudice.

Respectfully submitted,
**WILLINGHAM, FULTZ & COUGILL LLP**


By: s/*Thomas L. Cougill*
 THOMAS L. COUGILL
 Texas State Bar No. 04877300
 Louisiana State Bar No. 31112
 R. MARK WILLINGHAM
 Texas State Bar No. 21641500
 JEFFREY P. FULTZ
 Texas State Bar No. 00790728
 Mississippi Bar No. 101058
 Niels Esperson Building
 808 Travis Street, Suite 1608
 Houston, Texas 77002
 (713) 333-7600 – Telephone
 (713) 333-7601 – Facsimile

 **Attorneys for Jayco, Inc.**




**MIDDLEBERG, RIDDLE & GIANNA**


By: s/*Charles R. Penot, Jr.*
 Charles R. Penot, Jr. (La. Bar No. 1530 &
 Tx. Bar No. 24062455)
 717 North Harwood, Suite 2400
 Dallas, Texas 75201
 (214) 220-6334 – Telephone
 (214) 220-6807 – Facsimile

  -*and*-

 Dominic J. Gianna, La. Bar No. 6063
 Sarah A. Lowman, La. Bar No. 18311
 201 St. Charles Avenue, Suite 3100
 New Orleans, Louisiana 70170
 (504) 525-7200 – Telephone
 (504) 581-5983 – Facsimile

  -*and*-

16

Richard A. Sherburne., La. Bar No. 2106<br>
450 Laurel Street, Suite 1101<br>
Baton Rouge, Louisiana 70801<br>
(225) 381-7700 – Telephone<br>
(225) 381-7730 – Facsimile

**Attorneys for Fluor Enterprises, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 19th day of December, 2011.

    s/*Thomas L. Cougill*
THOMAS L. COUGILL