UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE ENGELHARDT |
| *Charlotte Bell v. Starcraft RV, Inc.* | * | |
| Docket No. 09-6931 | * | MAG. JUDGE CHASEZ |
| Plaintiffs: Connie Crapeau | * | |
| Kevin Hill, as Next Friend of S.D. | * | |
| Angela Ladner | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NOS. 2 & 32
RELATING TO PLAINTIFF FACT SHEETS**

**MAY IT PLEASE THE COURT:**

Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. and CH2M Hill Constructors, Inc., move this Honorable Court for an Order dismissing the claims of the following plaintiffs, with prejudice, for failure to comply with the terms of Pre-Trial Orders Nos. 2 and 32 relating to the production of Plaintiff Fact Sheets:

- Connie Crapeau (Plaintiff in *Bell,* C.A. 09-6931)
- Kevin Hill, as Next Friend of S.D. (Plaintiff in *Bell,* C.A. 09-6931)
- Angela Ladner (Plaintiff in *Bell,* C.A. 09-6931)

**I. CREATION OF MDL AND FACT SHEET PROCESS**

The above captioned Multi-District Litigation was created in 2007 to allow for the consolidated resolution and completion of discovery and other pre-trial matters. On January 30, 2008 the Court issued Pre-Trial Order No. 2, describing procedures for various case management

issues. This Pre-Trial Order introduced the "Plaintiff Fact Sheet" (PFS), which would serve as the substitute for the initial rounds of Interrogatories and Requests for Production of Documents in a standardized and simple form. Rec. Doc. No. 87. The Order also established a process for "curing" these fact sheets when a particular plaintiff failed to provide one or more responses in his or her Fact Sheet. Outlining the curing process, the Order stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS. *Id.* at p. 8-9. The letter would specifically list each alleged material deficiency, and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies in his or her PFS within 30 days. *Id.*

Subsequently, on March 18, 2009, the Court amended Pre-Trial Order No. 2 with Pre-Trial Order No. 32 as to the issue of these Fact Sheets. Rec. Doc. No. 1180. Due to the large number of cases being filed in the summer of 2009, Pre-Trial Order No. 32 provided new deadlines for the production of the Sheets. Order 32 also retained the same curing procedure as was set forth in Order 2.

## II. LAW AND ARGUMENT

Here, the Defendants respectfully submit that the plaintiffs identified above failed to comply with these Orders, and therefore, this Court should dismiss their claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1190 (5th Cir.1992); *Colle v. Brazos County, Tex.,* 981 F.2d 237, 242-243 (5th Cir. 1993), Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interests of justice.[1]

A Plaintiff Fact Sheet includes 122 questions to be answered. Recently the court has determined that 23 specific questions of the 122 questions must be answered by plaintiffs in order to facilitate a resolution of their claims.[2]

### Connie Crapeau

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft sent correspondence to plaintiffs' counsel advising that the above mentioned plaintiff failed to provide a Plaintiff Fact Sheet. (*See* correspondence to Counsel for plaintiffs, April 13, 2011, attached as Exhibit "A"). Over 90 days had lapsed and no response was received with respect to Connie Crapeau, therefore, Starcraft began proceedings to have the plaintiff dismissed from the case for failure to provide a plaintiff fact sheet. Starcraft forwarded a proposed Motion to Dismiss to plaintiff counsel on August 10, 2011 (*See* email correspondence to Counsel for plaintiffs, August 10, 2011, attached as Exhibit "B"). Acquiescing to Starcraft's request to provide a response within one week, counsel for the plaintiff forwarded Connie Crapeau's unsigned, undated Plaintiff Fact Sheet (*See* Plaintiff Fact Sheet of Connie Crapeau, attached as Exhibit "C"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient.

Several of the agreed to key questions as outlined in Pre-Trial Order No. 88 have been

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).
[2] Rec. Doc. No. 22153.

unanswered by the plaintiff. Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "C")

The plaintiff has been provided several opportunities to produce a complete plaintiff fact sheet. The defendants have been exceedingly patient with this process; however, the Defendants must be able to obtain verified and accurate information from plaintiffs. It was not until the risk of dismissal that plaintiff provided a fact sheet that failed to answer the minimal 23 key questions. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Connie Crapeau has only answered 15 of the required 23 key questions. Therefore, Connie Crapeau's fact sheet remains incomplete.

**Kevin Hill, as Next Friend of S.D.**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft sent correspondence to plaintiffs' counsel advising that the above mentioned plaintiff failed to provide a Plaintiff Fact Sheet. (*See* correspondence to Counsel for plaintiffs, April 13, 2011, attached as Exhibit "A"). Over 90 days had lapsed and no response was received with respect to S.D., therefore, Starcraft began proceedings to have the plaintiff dismissed from the case for failure to provide a plaintiff fact sheet. Starcraft forwarded a proposed Motion to

Dismiss to plaintiff counsel on August 10, 2011 (*See* email correspondence to Counsel for plaintiffs, August 10, 2011, attached as Exhibit "B").  Acquiescing to Starcraft's request to provide a response within one week, counsel for the plaintiff forwarded S.D.'s unsigned, undated Plaintiff Fact Sheet (*See* Plaintiff Fact Sheet of S.D., attached as Exhibit "D").  Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient.

Critical questions to the plaintiff's claim, such as what medical treatments were received for their formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered.  Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "D")

The plaintiff has been provided several opportunities to produce a complete plaintiff fact sheet. The defendants have been exceedingly patient with this process; however, the Defendants must be able to obtain verified and accurate information from plaintiffs.  It was not until the risk of dismissal that plaintiff provided a fact sheet that failed to answer the minimal 23 key questions. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff.  To date, S.D. has only answered 15 of the

required 23 key questions. Therefore, S.D.'s fact sheet remains incomplete.

**Angela Ladner**

*Charlotte Bell v. Starcraft RV, Inc.* was filed July 31, 2009. After the complaint was filed, Starcraft sent correspondence to plaintiffs' counsel advising that the above mentioned plaintiff failed to provide a Plaintiff Fact Sheet. (*See* correspondence to Counsel for plaintiffs, April 13, 2011, attached as Exhibit "A"). Over 90 days had lapsed and no response was received with respect to Angela Ladner, therefore, Starcraft began proceedings to have the plaintiff dismissed from the case for failure to provide a plaintiff fact sheet. Starcraft forwarded a proposed Motion to Dismiss to plaintiff counsel on August 10, 2011 (*See* email correspondence to Counsel for plaintiffs, August 10, 2011, attached as Exhibit "B"). Acquiescing to Starcraft's request to provide a response within one week, counsel for the plaintiff forwarded Angela Ladner's unsigned, undated Plaintiff Fact Sheet (*See* Plaintiff Fact Sheet of Angela Ladner, attached as Exhibit "E"). Upon receipt of the fact sheet, Counsel for Starcraft reviewed it and deemed the fact sheet deficient.

Critical questions to the plaintiff's claim, such as what medical treatments were received for their formaldehyde related injury, gave references back to earlier responses that were answered inadequately rendering the question at hand unanswered. Furthermore, straightforward questions that the plaintiff should have been able to disclose, such as weight and height, were not responded to at all.

The Plaintiff Fact Sheet failed to answer the following key questions:

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Bar Code | V.A.4. |
| Move in Date | V.A.6. |
| Move out Date | V.A.7. |
| Smoking History of Other Trailer Resident(s) | VI.D. |
| Treatment for Formaldehyde Related Injury | VII.B. |

6

| INFORMATION/DATA | PFS SECTION |
|---|---|
| Psychological Treatment | III.C.8. |
| Prior Medical History | VI (F) (1&4) |
| Produce Records | VIII (A-D) |
| Number of hours in the trailer each day | V.13. |
| If requesting reimbursement for medical expenses | III.C.9. |
| If making a wage claim | IV.F.3. |

(*See* Ex. "E")

The plaintiff has been provided several opportunities to produce a complete plaintiff fact sheet. The defendants have been exceedingly patient with this process; however, the Defendants must be able to obtain verified and accurate information from plaintiffs. It was not until the risk of dismissal that plaintiff provided a fact sheet that failed to answer the minimal 23 key questions. Defendants have received no requests for extensions, responses or production of Plaintiff Fact Sheet Amendments in regards to the plaintiff. To date, Angela Ladner has only answered 12 of the required 23 key questions. Therefore, Angela Ladner's fact sheet remains incomplete.

As the Defendants prepare for additional litigation, evaluate the possibility of settlement, and analyze other issues concerning the progress of this litigation, the Defendants must be able to obtain information about those who make allegations against them; the Plaintiff Fact Sheet serves as the best way to acquire such information, as the Sheet acts as the initial round of discovery responses. Without this simulated discovery response, the Defendants are significantly prejudiced, and there is good cause for the Court to discontinue any potential for further prejudice against the Defendants by dismissing the claims of these plaintiffs. Thus, the Defendants move for an Order dismissing these plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that, in accordance with Pre-Trial Orders Nos. 2 and 32, and Federal Rules of Civil Procedure Nos. 37(b)(2)VI and 41(b), the Motion to Dismiss filed by the Defendants be granted, and that the

plaintiffs, Connie Crapeau, Kevin Hill as Next Friend of S.D. and Angela Ladner, be dismissed with prejudice.

        Respectfully submitted,
        **WILLINGHAM, FULTZ & COUGILL LLP**

By:   s/*Thomas L. Cougill*
      THOMAS L. COUGILL
      Texas State Bar No. 04877300
      Louisiana State Bar No. 31112
      R. MARK WILLINGHAM
      Texas State Bar No. 21641500
      JEFFREY P. FULTZ
      Texas State Bar No. 00790728
      Mississippi Bar No. 101058
      Niels Esperson Building
      808 Travis Street, Suite 1608
      Houston, Texas  77002
      (713) 333-7600 – Telephone
      (713) 333-7601 – Facsimile

      **Attorneys for Starcraft RV, Inc.**


**FRILOT L.L.C.**

By:   s/*John J. Hainkel*
      JOHN J. HAINKEL, III – La. Bar No. 18246
      A.J. KROUSE – La. Bar No. 14426
      PETER R. TAFARO – La. Bar No. 28776
      3600 Energy Centre, 1100 Poydras Street
      New Orleans, Louisiana 70163
      Telephone : (504) 599-8000
      Facsimile: (504) 599-8100

      **Attorneys for Bechtel National, Inc.**

**BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC**

By:   s/*Gerardo R. Barrios*
     ROY C. CHEATWOOD (La. Bar No. 4010)
     GERARDO R. BARRIOS (La. Bar No. 21223)
     M. DAVID KURTZ (La. Bar No. 23821)
     KAREN KALER WHITFIELD (La. Bar No. 19350)
     WADE M. BASS (La. Bar No. 29081)
     No. 3 Sanctuary Boulevard, Suite 201
     Mandeville, La 70471
     (985) 819-8400 – Telephone
     (985) 819-8484 – Facsimile
     rcheatwood@bakerdonelson.com
     gbarrios@bakerdonelson.com
     dkurtz@bakerdonelson.com
     kwhitfield@bakerdonelson.com
     wbass@bakerdonelson.com

     **Attorneys for CH2M Hill Constructors, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was filed electronically using the CM/ECF system. Notice of this filing will be forwarded to all known counsel by operation of the court's electronic filing system. I also certify that I have e-mailed a copy of this filing to any non-CM/ECF participants on this the 19th day of December, 2011.

     s/*Thomas L. Cougill*
     THOMAS L. COUGILL