UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * CIVIL ACTION NO. 1873 <br> * <br> * <br> * <br> * <br> * JUDGE ENGELHARDT <br> * |
| This Document Relates To: | * <br> * |
| *Jacklyn Aguilar, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 10-3732) | * MAGISTRATE CHASEZ <br> * <br> * |

**************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS

Defendants, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court to dismiss the claims filed by Petrina Bondio because she failed to comply with Pretrial Order No. 32 as it relates to her obligation to produce a completed Plaintiff Fact Sheet.

I. Background

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[2] Thereafter, numerous new suits were filed in or

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] R. Doc. Nos. 599 and 604.

396740.1

transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[3]

On October 15, 2010, plaintiffs filed the matter styled *Jacklyn Aguilar, et al. v. Morgan Buildings and Spas, Inc., et al.*, bearing Eastern District of Louisiana, Civil Action No. 10-3732. The plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Louisiana, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005. The plaintiffs also alleged that the Morgan defendants manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* E. Dist. of La. Civil Action No. 10-3732, R. Doc. 1.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[4]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[5]

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[6] Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning

---

[3] R. Doc. No. 1781.
[4] *See* R. Doc. No. 87.
[5] *See id.*, p. 7.

396740.1

2

Plaintiff Fact Sheets. Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[7] The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[8] Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[9] To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number. After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants. Pre-Trial Order No. 68 introduced a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[10]

## II. Ms. Bondio's Claims Should Be Dismissed With Prejudice For Failure to Comply With Pre-Trial Order No. 32

As set forth above, the Court has entered several pre-trial orders relating to Plaintiff Fact Sheet discovery. In addition to introducing the Plaintiff Fact Sheet, Pre-Trial Order No. 2 also established a process for "curing" deficiencies in the fact sheets. Pursuant to Pre-Trial Order No. 2, when any plaintiff failed to materially comply with the obligations to submit a completed

---

[6] See id., p. 8.
[7] See R. Doc. No. 1180.
[8] R. Doc. No. 1596.
[9] R. Doc. No. 10228.
[10] R. Doc. No. 14200.

396740.1

3

Plaintiff Fact Sheet within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the Plaintiff Fact Sheet.[11] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within 30 days.[12] Additionally, Pre-Trial Order No. 88 identified twenty-three key Plaintiff Fact Sheet questions which were necessary for the purpose of exploring global resolution of claims.[13] This Court has stated that, while the purpose of Pre-Trial Order No. 88 was to streamline temporarily the Plaintiff Fact Sheet information gathering process, the information identified in Pre-Trial Order No. 88 "is most vital and pressing in moving this matter toward resolution" which this Court finds "instructive on the issues of materiality and prejudice."[14]

On June 17, 2011 and July 28, 2011, counsel for Morgan wrote to Ms. Bondio's attorney about Ms. Bondio's failure to produce a Plaintiff Fact Sheet.[15] On August 2, 2011, Ms. Bondio's attorney provided Ms. Bondio's Plaintiff Fact Sheet.[16]

The Plaintiff Fact Sheet provided suggests that Ms. Bondio completed a Plaintiff Fact Sheet on or about March 22, 2010, and then she supplemented her responses on or about July 28, 2011.[17] Despite amending her Plaintiff Fact Sheet, Ms. Bondio failed to answer several Plaintiff Fact Sheet questions.

Ms. Bondio did not identify when she is claiming her injuries or diseases first occurred. (Section III(C)(5)).[18] She identified the manufacturer of her THU as Morgan, but responded

---

[11] R. Doc. No. 87, pp. 8-9.
[12] *Id.*; *See also* Pre-Trial Order No. 32, R. Doc. No. 1180, p. 5.
[13] R. Doc. No. 22153.
[14] *See* R. Doc. No. 22802, fn. 3.
[15] Exhibit B — June 17, 2011, letter from A. Stout to D. Jarrell; Exhibit C — July 28, 2011, letter from A. Stout to R. Burns, pp. 1-2.
[16] Exhibit D — August 2, 2011, letter from R. Burns to A. Stout.
[17] Exhibit A — Petrina Bondio's Plaintiff Fact Sheet.
[18] *Id.*, p. 4.

396740.1

4

"unknown" to the questions asking the THU's VIN number, her FEMA identification number, and the bar code number on her THU. (Section V(A)).[19] She also responded "unknown" to the questions asking the approximate square footage and approximate length and width of her THU. (Section V(A)(11-12)).[20] Ms. Bondio indicated that air quality tests were performed on her THU, but she failed to provide any information about the tests. (Section V(B)).[21] Ms. Bondio also stated that she has suffered from lung or other respiratory disease, infectious disease, long-term stomach or bowel disease, and skin disease, but did not provide any additional information concerning the name and description of each condition or the dates of the conditions. (Section VI(F)).[22] She stated that she has had either a chest x-ray, CT scan or MRI, but did not provide any information about when the test was performed. (Section VI(G)(1)).[23] Ms. Bondio also failed to answer all of the questions in Section IX, concerning healthcare providers, instead responding "n/a." (Section IX).[24]

Ms. Bondio's amended Plaintiff Fact Sheet is incomplete. Importantly, Ms. Bondio has failed to provide any identifying information about her THU which would allow Morgan to confirm that she actually lived in a Morgan-procured trailer. Morgan did not construct THUs.[25] Morgan procured THUs directly from limited, specific manufacturers and did not act as a general procuring agent for FEMA. James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition. Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of

---

[19] *Id.* at p. 8.
[20] *Id.* at p. 9.
[21] *Id.* at p. 10.
[22] *Id.* at pp. 12-13.
[23] *Id.* at p. 13.
[24] *Id.* at pp. 15-17.
[25] Exhibit E - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 24:12-23.

396740.1

THUs were Fleetwood, Recreation by Design, and Monaco.[26] Mr. Schilligo again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.[27] Ms. Bondio's failure to provide any information which confirms that she lived in a Morgan-procured THUs, in addition to her failure to respond to the other questions discussed above, justifies dismissal of her claims against Morgan with prejudice.

### III. Conclusion

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Berry v. CIGNA/RSI_CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Texas*, 981 F.2d 237 at 242-243. Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice." *Wrenn v. American Cast Iron Pipe Co.*, 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970). Additionally, Fed. R. Civ. P. 37(b)(2)(VI) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with Pre-Trial Orders No. 32, Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(VI), the proper remedy is dismissal of Ms. Bondio's claims, with prejudice.

---

[26] Exhibit F - August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13.

396740.1

As a defendant evaluates whether to become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, a defendant must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. In the absence of complete discovery responses, provided in a timely manner, such as described in Pre-Trial Order No. 2, Morgan is prejudiced. Because a complete and cured Plaintiff Fact Sheet has not been provided by Ms. Bondio, good cause exists for the Court to prevent further prejudice to Morgan and dismiss Ms. Bondio's claims.

This Court has taken similar action in other suits pending in this MDL, based on circumstances similar to this case.[28] Therefore, Ms. Bondio's claims should be dismissed for failure to comply with Pre-Trial Order No. 32.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS & SPAS, INC. AND MORGAN BUILDING SYSTEMS, INC.

---

[27] Exhibit E, at 19:9-20:21.
[28] *See* R. Doc. Nos. 23552, 23550, 23549, 22802 and 22694, which involve plaintiffs who also failed to answer several key Plaintiff Fact Sheet questions.

396740.1

## Certificate of Service

I certify that, on December 19, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ *Amanda S. Stout*
Amanda S. Stout