**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) |

MDL NO. 1873

SECTION: N(4)

JUDGE: ENGELHARDT
MAG: ROBY

**THIS RELATES TO:**

**Plaintiff:**

_Petrina Bondio_

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person. Whether you are completing this fact sheet for yourself or for someone else; please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1


EXHIBIT
A

## II.   PERSONAL INFORMATION

A.   Name (person completing form): *Petrina A. Bowden*

B.   Maiden or other names used or by which you have been known: N/A

C.   Current Street Address: *513 W. Prosper St*

D.   Home Telephone No.: *504 344 5832*
Cell Phone No.: _____
Work Telephone No: _____
Other Telephone Nos.: _____ N/A

E.   Email address: _____

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a representative capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:
_____

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
_____

3   Address (or last-known address if deceased): _____
_____

4.   Home Telephone No.: _____
Cell Phone No.: _____
Work Telephone No: _____
Other Telephone Nos.: _____

5.   E-mail address: _____

6.   If you were appointed as a representative by a court, state the:

2

Court: _____   Date of Appointment: _____

7.  What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.  Please state the name and address of the attorney representing you:

| | Law Offices of |
|---|---|
| Attorney's Name/Law Firm | SIDNEY D. TORRES, III |
| | A Professional Law Corporation |
| City, State and Zip Code | 8301 W. Judge Perez Drive, Suite 303 |
| | Chalmette, Louisiana 70043 |

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home? Yes ☑   No ☐

2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? _All_ _symptoms_ _below_ _because_ _of_ _exposure_

3.  During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☑ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
☑ bleeding of nasal membranes (inside of nose)
☑ irritation or itching of skin
☑ burning of skin
☑ rashes on skin
☑ drying or scaling of skin
☑ scaling or itching of eyelids
☑ irritation or swelling of eyelids or eye area

☑ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☑ vomiting
☑ bloody vomiting
☑ abdominal pain
☑ diarrhea
☑ difficulty in breathing
☑ wheezing
☑ shortness of breath
☑ persistent cough
☑ tightness of the chest

3

- ☑ bronchitis
- ☑ throat irritation
- ☑ hoarseness
- ☑ laryngitis
- ☑ pneumonia
- ☑ upper respiratory tract infections
- ☑ pulmonary edema
- ☐ asthma attacks for the first time in your life
- ☑ asthma attacks that are recurrence of childhood asthma
- ☐ allergies for the first time in your life
- ☑ worsening of allergies that you had previous to living in FEMA trailer

- ☐ allergic contact dermatitis
- ☐ dizziness
- ☐ unconsciousness
- ☐ convulsions or seizures
- ☐ blood in urine
- ☐ abnormal liver enzymes
- ☐ nephritis (inflammation of kidneys)
- ☐ low blood pressure
- ☐ hypothermia (low body temperature)
- ☐ miscarriage or stillbirth
- ☐ abnormal laboratory tests on blood
- ☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not which listed above) and any conditions for which you have been diagnosed by a physician. *COPD , ASTHMA INCREASD*

4. Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☑

   If yes, which kind of cancer? _____

5. When do you claim this injury or disease first occurred? _____

6. Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
   Yes ☑      No ☐

   If "Yes," when and who diagnosed the condition at that time?
   *___ ASTHMA (CHILD) ___ COPD ___*

7. Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
   Yes ☑      No ☐

   If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

   *COPD ASTHMA*

   4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____ *ongoing* _____

_____

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☐   No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
*If you didn't have emotional issues between FEMA, Katrina, Good Idsen Murphy et you are NOT NORMAL   consultant many religious*

To your understanding, describe the condition for which treated: *The Katrina Syndrome*

State when you were treated for this psychological, psychiatric or emotional problem
*After Katrina*

List the medications prescribed or recommended by the physician or counselor *Zoloft 100 mg*

_____

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☐   No ☐

*If "Yes,"* state the amount of your claim: _____

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 513 W Treasure St *(handwritten)* Chalmette La 70043 | 60 yrs |
| | |
| | |
| | |

B.   State Driver's License Number and State Issuing License: ~~NA~~

C.   Date and Place of Birth: [_____] 42 NO LA

D.   Sex:   Male ☐        Female ☒

E.   Identify the highest level of education (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| None | | | |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | Retired | | |
| | | | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | Retired | | |
| | | | |

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer]:

Yes ☐          No ☐          Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|-------------------------------|
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐          No ☐

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A -E below, including all subparts, with respect to <u>each</u> FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: _Morgan_

2.   VIN: _Unknown_

3.   FEMA Identification No.: _Unknown_

4.   Bar Code Number on FEMA housing unit: _Unknown_

8

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☑   Mobile Home ☐

6.  Move-in Date: _5/06_

7.  Move-out Date: _12/08_

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit. _513 W Thoxper St_ _Chalmell_

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property? _private party_

10. State the reason you stopped living in the FEMA trailer or mobile home: _Time (expired)_

11. Please state the approximate square footage of the FEMA housing unit: _Unknown_

12. Please state the approximate length and width of the FEMA housing unit: _unknown_

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? _20 hrs_

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☑          No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☑          No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☑          No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐          No ☑

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☐          No ☑

9

19.   How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _____ *0*

20.   Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐        No ☐

*If "Yes," please state the following:*

Where did you temporarily live? _____ St John Parish

For what period of time did you temporarily live in another location? _____ 8/2005 —

B.   Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐        No ☐

*If "Yes," please state when the test was performed and who prepared this testing:_____*

C.   Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐        No ☐

*If "Yes," please state the following:*

Date and reason for fumigation: _____

D.   Were any repairs, service, or maintenance performed on your FEMA trailer or mobile ho
Yes ☐        No ☐

*If "Yes," please state the date and reason for repair, service or maintenance:*
_____ FLOOR LEAK WINDOW
A/C MICROWAVE OVEN STOVE can not recall dates

E.   Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

*Just Me*

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|------|-------------|--------------------------------------|-----------------------------------------------|-------------------------------|--------------------------------------------------------|
| P. Bondio | 63 | 5730 Prosper Chalca 346 5832 | From 5/06 To 12/08 | Yes ☐ No ☑ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☑ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☑ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☑ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

   A.    Height: 5'9"

   B.    Current Weight: 205

         Weight prior to living in a FEMA trailer or mobile home: 205

   C.    Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

       ☐    Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

       ☑    Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

    1.    Date on which smoking/tobacco use ended: _*17 years*_

    2.    Amount smoked or used on average:

        _unknow_ per day for _unknow_ years.

☒    Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

    1.    Amount currently smoked or used on average:

        _____ per day for _____ years.

**D.**    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

    1.    Amount smoked or used on average, if you know:

        _____ per day for _____ years.

    2.    Relationship to you: _____

    3.    Please state whether the smoking occurred inside, outside or both. |_____|

**E.**    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?

Yes ☐      No ☒

*If "Yes,"* what was the date of birth: _____.

Did your pregnancy terminate in a miscarriage or a stillborn child?

Yes ☐      No ☒

**F.**    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1.    Lung or other respiratory disease

        Yes ☒      No ☐

        *If "Yes,"* please indicate the following:

        Name and description of each illness, disease, or abnormal condition:

        _____

        _____

        The date of illness:

        _____

        _____

    2.    Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.      Long-term stomach or bowel disease
        Yes ☐        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

4.      Skin disease
        Yes ☐        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

G.      Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.      To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

        Yes ☐        No ☐        Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

| | | | | |
|---|---|---|---|---|
| | | | | |

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living in a FEMA** trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: _EDWARD Thornhill_
Specialty, if any: _INTERNAL Med_
Address: _____
Phone: _____ _N/A Retired_
Treatment received: _____
Dates of treatment: _____ _8/2005_

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

| |
|---|
| |

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐        No ☐

*If "Yes,"* please provide the name and address of the health care professional. _____

_____

14

## VIII. DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐   No ☒



B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐   No ☒



C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☒

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐   No ☒

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☒

F.  Decedent's death certificate, if applicable.
Yes ☐   No ☒

G.  Report of autopsy of decedent, if applicable.
Yes ☐   No ☒

## IX. LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.    Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
|      |         |
|      |         |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
|      |         |                    |
|      |         |                    |

16

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

F.   Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_____          PETRINA Bondi'o          _____
Signature of Plaintiff                Print Your Name                    Date

3/22/10

AMENDED
DATE: _7/30/11___
SIGNATURE: _____

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
| | **AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)** |

Name:_____

Date of Birth:_____

Last Four Numbers of SSN:_____

    I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002; and/or to the law firm of** _____ _____**and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name:_____

Date of Birth:_____

Last Four Numbers of SSN:_____

        I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of** _____
_____**and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

        This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
|---|---|

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)**

Name:_____

Date of Birth:_____

Last Four Numbers of SSN:_____

    I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned matter, the law firm of _____and/or any of their designated agents.  These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above.  This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

    I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records).  This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be substituted in its place.

                                       Dated this ___ day of _____, 2008.

                            _____
                            *[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
| | **AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs *not* making a claim for lost wages or lost earning capacity.)** |

Name:_____

Date of Birth:_____

Last Four Numbers of SSN:_____

     I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of**_____ **and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes. I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be substituted in its place.

                                    Dated this ___ day of _____, 2008.

                              _____
                              *[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

NAME OF FACILITY: _____

**Authorization for Use and Disclosure of Protected Health Information (PHI)**
**pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,**
**Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467**

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Address:<br>City:                            State: | | Telephone No.:<br>Zip Code: |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
*Name.* _____
*Title.* _____
*Address.* _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available _____

| Type of Access<br><br>Requested:<br><br>☑ Copies of the<br>records &<br>Inspection of the<br>record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☑ Operative Report<br>☑ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
|---|---|---|---|

I acknowledge, and hereby consent to such, that the released information may contain
_____ alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

_____          _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Petrina Bowdie_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _2-22-10_

Name: _PETRINA BOADI_ (print legibly or type out name)

Signature: _____

# McGLINCHEY STAFFORD PLLC

**ATTORNEYS AT LAW**

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

June 17, 2011

David C. Jarrell
Law Offices of Sidney D. Torres, III
8301 W. Judge Perez Drive, Suite 303
Chalmette, LA 70043

RE:   ***FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.***

***<u>Jacklyn Aguilar, et al. v. Morgan Buildings & Spas, Inc., et. al. (10-3732)</u>***

Dear David:

On October 10, 2010, you filed the matter styled *Jacklyn Aguilar, et al. v. Morgan Buildings & Spas, Inc., et al.*, bearing Eastern District of Louisiana Suit No. 10-3732. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan) are named as manufacturing defendants. Without waiver of our letter this same date that Ms. Aguilar's claims against Morgan be dismissed, we are writing pursuant to Pretrial Order 86 to request that you correct several deficiencies with respect to the Plaintiff Fact Sheets (PFS) submitted by the plaintiffs in this matter.

We have no record of the following plaintiffs submitting PFS: Petrina Bondio, Alecia Couget Frught, Donald Frught, Amelia Johnson o/b/o K.S. and Aaron Mitchell Saucier. With regard to the remaining plaintiffs in this suit, the attached spreadsheet outlines those sections for which insufficient responses were provided or no response was provided.

Pursuant to Pretrial Order No. 2, each plaintiff is required to serve upon Defendants' Liaison Counsel a completed and signed PFS. The plaintiffs were required to submit completed PFS within 30 days of filing their complaint, or by November 9, 2010. *See* Pretrial Order No. 32, page 4 § G. We are not aware of any request by the plaintiffs for an extension of the applicable PFS deadlines. Pre-Trial Order Nos. 2 and 32 provide that any plaintiff who fails to serve a PFS within the time period established by the court shall have his claims dismissed with prejudice, upon an appropriate showing.

As Petrina Bondio, Alecia Couget Frught, Donald Frught, Amelia Johnson o/b/o K.S. and Aaron Mitchell Saucier are not in compliance with Pre-Trial Orders No. 2 and 32, we intend to move for a dismissal with prejudice on or about July 15, 2011. If we are incorrect and a PFS was timely filed for Petrina Bondio, Alecia Couget Frught, Donald Frught, Amelia Johnson o/b/o

380585.1

**EXHIBIT**

tabbies

B

David C. Jarrell
June 17, 2011
Page 2

K.S. and/or Aaron Mitchell Saucier, please identify the date of its original production and the title of the CD.  Otherwise, please let us know if we may file our motion to dismiss as unopposed.

Please contact me on or before July 13, 2011, at 4:00 p.m. to hold a Rule 37.1 conference concerning the Petrina Bondio, Alecia Couget Frught, Donald Frught, Amelia Johnson o/b/o K.S. and Aaron Mitchell Saucier's failure to provide a PFS.  If we do not hear from you by this time, we will move forward with a motion to dismiss with prejudice.

Additionally, in accordance with Pretrial Orders 2, 32 and 86, please provide an amended PFS addressing the deficiencies noted above and on the attached for the remaining plaintiffs within 30 days.  Otherwise, Morgan will proceed with filing a motion to dismiss their claims as well.

With kindest regards we remain,

Very truly yours,

McGlinchey Stafford, PLLC

Amanda S. Stout

Enclosure

380585.1

JACKYLN AGUILAR, ET AL.
VS.
MORGAN BUILDINGS & SPAS, INC., ET AL.
EDLA NO: 10-3732

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 1 | Aguilar | Jacklyn | | Yes | Section V: B (also no air tests attached) Section VI: D Section VII: B (missing treatment rec'd) Section IX: D |
| 2 | Bondio | Petrina | | No | |
| 3 | Frught | Alecia Couget | | No | |
| 4 | Frught | Donald | | No | |
| 5 | Johnson | Amelia | K.S. | No | |
| 6 | Lacaze | Jack Jr. | L.L. ( | Yes | Section V: E VII: A-C Section VII: B Missing: (1) Auth for Release of Records, (2) Auth for Psychological, (3) Auth for Release of Records with Loss Wages, (4) Auth for Release of Records with no loss wages |
| 7 | Saucier | Aaron Mitchell | | No | |



McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 383-9000
Fax (225) 343=3076
astout@mcglinchey.com

July 28, 2011

**Via Electronic Mail**

Roberta Burns
Law Offices of Sidney D. Torres, III
8301 W. Judge Perez Dr., Suite 303
Chalmette, LA 70043

RE:   FEMA Trailer Formaldehyde Production Liability Litigation

Suits filed against Morgan Buildings & Spas, Inc. and Morgan Building
Systems, Inc.

Dear Roberta:

We have communicated several times the past few weeks about the cases which your firm filed against Morgan Buildings and Spas and/or Morgan Building Systems. I understand that with David Jarrell's unexpected departure from your firm, there have been some difficulties in quickly locating information about your clients. In an effort to assist both you and me in confirming information about your clients, I have summarized our understanding of the status of your cases against Morgan and Morgan's related requests concerning the dismissal of suits and/or individual plaintiffs. The following reflects any updated information we have received from your office in response to Morgan's prior correspondence. We ask that you provide the information requested below or take the following action requested below by August 19, 2011.[1]

I.   **Jacklyn Aguilar, et al. v. Morgan Buildings & Spas, Inc., et al. (10-3732)**

A.   **Dismissal of plaintiffs who did not live in a Morgan-procured THU**

As discussed in my prior correspondence of June 17, 2011, Morgan procured temporary housing units from Fleetwood, Recreation by Design and Monaco. However, not all temporary housing units manufactured by Fleetwood, Recreation by Design and Monaco utilized after Hurricanes Katrina and Rita were procured by Morgan.

---

[1] This letter concerns only those plaintiffs for which the evidence establishes that they did not live in a temporary housing unit procured by Morgan and those plaintiff for whom we have no record of the submission of a plaintiff fact sheet. This letter does not concern those plaintiffs who submitted deficient responses to plaintiff fact sheet questions, which were addressed in separate correspondence by Morgan.

386264.1
Fourteenth Floor, One American Place • Baton Rouge, LA 70825 • (225) 383-9000 • Fax (225) 343-3076 • www.



**EXHIBIT**

C

Roberta Burns
July 28, 2011
Page 2

Our records reflect that the following plaintiff did not live in a temporary housing unit procured by Morgan:

- Jacklyn Aguilar – per FRRATS Exhibit EE, Ms. Aguilar lived in a R-Vision THU.

Therefore, Morgan requests that you dismiss her claims by August 19, 2011, or Morgan will move for summary dismissal and seek its attorneys fees and costs.

### B.     Dismissal of plaintiffs who did not submit a PFS

As discussed in my prior correspondence of June 17, 2011, Morgan has no record of the following plaintiffs submitting PFS.  If we are incorrect and a PFS was timely submitted, please provide us with the date of its original production and the title of the CD by 4:00 p.m., August 19, 2011.  Otherwise, please let us know if we may fie our motion to dismiss for failure to comply with Pre-Trial Order Nos. 2 and 32 as unopposed.

- Petrina Bondio

- Alecia Couget Frught

- Donald Frught

- Amelia Johnson o/b/o KS

- Aaron Mitchell Saucier

## II.     Helen Albarado, et al. v, Morgan Buildings & Spas, Inc., et al. (10-3702)

### A.     Dismissal of plaintiffs who did not live in a Morgan-procured THU

Our records reflect that the following plaintiffs did not live in temporary housing units procured by Morgan.  Morgan requests that you dismiss their claims by August 19, 2011, or Morgan will move for summary dismissal and seek its attorneys fees and costs.

- Helen Albarado and Raymond – FRRATS Exhibits EE and HHH establish they lived in a trailer manufactured by Gulf Stream

- Felix E. Arceneaux, Jr. – FRRATS Exhibit EE establishes that he lived in a trailer manufactured by StarCraft

- Jay Authement, Jay J. Authement and Jaylin A. Authement – FRRATS Exhibit EE establishes that they lived in a trailer manufactured by Forest River

386264.1

Roberta Burns
July 28, 2011
Page 3

- Clarence Blagio, Rosemary Blagio, Faith Blasio and Lynn Blasio, individually and o/b/o Heather M. Blasio – According to FRRATS Exhibit D, EE and HHH, they lived in a trailer manufactured by Cavalier.  Also, Donald Blasio did not identify his trailer, but he is listed as an occupant in Rosemary Blagio and Faith Blasio's trailers

- Mary Blazio – FRRATS Exhibits EE and HHH establishes that she lived in a trailer manufactured by Silver Creek

- Linda Begnaud – FRRATS Exhibits EE and HHH and her PFS state that she lived in a Fleetwood unit.   However, Morgan did not procure Ms. Begnaud's trailer as set forth in the affidavit submitted to you on July 14, 2011

- Madeline Deshotel, Melissa Deshotel and Timothy Deshotel – FRRATS Exhibits EE and HHH state that they lived in a Fleetwood unit.  However, Morgan did not procure the Deshotel's trailer as set forth in the affidavit submitted to you on July 14, 2011

- Jennifer Ann Keiff – FRRATS Exhibits HHH and AAAAAA establish that Ms. Keiff lived in a Crossroads trailer and a Superior trailer

- Barbara M. Meyer – FRRATS Exhibits EE and HHH establish that she lived in a Gulf Stream trailer

- Rodney J. Pierson – FRRATS Exhibit HHH establishes that he lived in Jayco trailer.  Further, to the extent that Bonnie L. Pierson, Jonathan P. Pierson and Theresa G. Pierson, individually and o/b/o Grace Pierson lived with Rodney Pierson, their claims should be dismissed as well.

B.  **Dismissal of plaintiffs who did not submit a PFS**

As per my correspondence of June 17, 2011, Morgan has no record of the following plaintiffs submitting a PFS.  If we are incorrect and a PFS was timely submitted, please provide us with the date of its original production and the title of the CD by 4:00 p.m., August 19, 2011.  Otherwise, please let us know if we may fie our motion to dismiss for failure to comply with Pre-Trial Order Nos. 2 and 32 as unopposed.

- Helen Albarado

- Raymond Albarado

- Linda Blanchard

- Lynn Blasio

- Lynn Blasio o/b/o Heather M. Blasio

- Mary Blasio

- Anthony Brown

Roberta Burns
July 28, 2011
Page 4

- Candy L. Burkhardt
- Cindy Burkhardt o/b/o Brianna Courtney Burkhardt
- Rebecca A. Deroche
- Madeline Deshotel
- Melissa Deshotel
- Timothy Deshotel
- Jermaine J. Duplessis
- Gary Eishtadt
- Carl., J. Fontenot
- Pamela Jean Fontenot
- Henry Fuselier
- Justina M. Hardt
- David Wayne Hernandez
- Kathy Melerine Hernandez
- Amelia Johnson
- Henry Long
- Marie L. Long

- Albert J. Mackles
- Clara Frances Mackles
- Harold McCallon
- Patricka McCallon
- Judy Meyaus
- Barbara Meyer
- Paul Meyeux
- Yockey Patcheco
- Philip Charles Perera
- Albert Schmiderer
- Angela M. Sèntilles
- Donald Glen Topey
- Tanya A. Topey o/b/o Kadden Glen Topey
- Tanya Ann Topey
- Chad Victorinana
- Shirley Washington

III.   **Elizabeth Baker, et al. v. Morgan Buildings and Spas, Inc. (10-3967)**

   A.   <u>Dismissal of plaintiffs who did not live in a Morgan procured THU</u>

   According to the original PFS submitted by Elizabeth Baker and Edgar Galjour, they lived in the same Fleetwood manufactured home.  FRRATS Exhibit HHH also confirms that Edgar Galjour lived in a Fleetwood mobile home bearing the same VIN number as identified by Ms. Baker and Mr. Galjour on their original PFS.  However, Morgan did not procure this

386264.1

Roberta Burns
July 28, 2011
Page 5

manufactured home as set forth in the affidavit submitted to you on July 14, 2011.  Accordingly,
Morgan requests that you dismiss Mr. Galjour and Ms. Baker's  claims by August 19, 2011, or
Morgan will move for summary dismissal and seek its attorneys fees and costs.

IV.     **Marshell Banks, et al. v. Morgan Buildings and Spas, Inc. (09-5434)**

      A.     **Dismissal of plaintiffs who did not submit a PFS**

      As per my correspondence of June 17, 2011, Morgan has no record of plaintiff <u>Andrew</u>
<u>Langlinais</u> submitting a PFS.  If we are incorrect and a PFS was timely submitted, please provide
us with the date of its original production and the title of the CD by 4:00 p.m., August 19, 2011.
Otherwise, please let us know if we may file our motion to dismiss for failure to comply with
Pre-Trial Order Nos. 2 and 32 as unopposed.

V.      **Terry Lynn Gervais, et al. v. Morgan Buildings and Spas, Inc., et al. (10-3743)**

      A.     **Dismissal of plaintiffs who did not live in a Morgan-procured THU**

      Our records reflect that the following plaintiffs did not live in temporary housing units
procured by Morgan.  Morgan requests that you dismiss their claims by August 19, 2011, or
Morgan will move for summary dismissal and seek its attorneys fees and costs.

- Shantell Smith and the minors CS, DS and JS – FRRATS Exhibit D establishes that
Shantell Smith lived in a trailer manufactured by Clayton.

- Terry Lynn Gervais – Ms. Gervais' PFS states that she lived in a manufactured home
bearing a Fleetwood VIN number TXLF412A862808A33.  However, Morgan did not
procure this manufactured home as set forth in the affidavit submitted to you on July
14, 2011.

      B.     **Dismissal of plaintiffs who did not submit a PFS**

      As per my correspondence of June 17, 2011, Morgan has no record of the following
plaintiffs submitting a PFS.  If we are incorrect and a PFS was timely submitted, please provide
us with the date of its original production and the title of the CD by 4:00 p.m., August 19, 2011.
Otherwise, please let us know if we may fie our motion to dismiss for failure to comply with Pre-
Trial Order Nos. 2 and 32 as unopposed.

- Shantell Trenell Smith

- Shantell Smith o/b/o CS

- Shantell Smith o/b/o DS

Roberta Burns
July 28, 2011
Page 6

- Shantell Smith o/b/o JS

**VI.  Robert Moise Legendre, et al. v. Morgan Buildings and Spas, Inc., et al. (10-3831)**

    **A.  <u>Dismissal of plaintiffs who did not submit a PFS</u>**

Without waiver of Morgan's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process and as per my correspondence of June 17, 2011, Morgan has no record of the following plaintiffs submitting a PFS.  If we are incorrect and a PFS was timely submitted, please provide us with the date of its original production and the title of the CD by 4:00 p.m., August 19, 2011. Otherwise, please let us know if we may fie our motion to dismiss for failure to comply with Pre-Trial Order Nos. 2 and 32 as unopposed.

- Shari Neumann o/b/o AN

- Shari Neumann o/b/o BN

- Shari Neumann o/b/o NN

- Todd Neumann

If you should have any questions about the above, please do not hesitate to contact me.

    Sincerely,

    **McGlinchey Stafford, PLLC**

    Amanda S. Stout

cc:    Daniel E. Becnel, Jr. (re: *Banks, et al.  v. Morgan, et al.* 09-5434)
       Andrew D. Weinstock
       Gerry Meunier

386264.1

Law Offices of

# SIDNEY D. TORRES, III

*A Professional Law Corporation*

SIDNEY D. TORRES, III
storres@torres-law.com

ROBERTA L. BURNS
rburns@torres-law.com

BECKY R. CIEUTAT
bcieutat@torres-law.com

CHRISTOPHER I. GANT
cgant@torres-law.com

www.torres-law.com

**August 2, 2011**

Amanda Stout
McGlinchey Stafford PLLC
301 Main Street
One American Place, Fourteenth Floor
Baton Rouge, Louisiana 70825

     Re:    FEMA Trailer Formaldehyde Product Liability Litigation
             MDL No. 07-1873
             *Jacklyn Aguilar, et al v. Morgan Buildings & Spas, Inc., et al (10-3732)*

Dear Counsel:

      Pursuant to your letter dated July 28, 2011, concerning the dismissal of suits and/or individual plaintiffs, please find the enclosed PFS for Petrina Bondio. Please remove Ms. Bondio from your dismissal list.

      Additionally, after researching our files, we are unable to locate a PFS for Alecia Couget Frught, Donald Frught, Amelia Johnson obo K.S. and Aaron Mitchell Saucier.

      Thanking you for your attention to this matter, I remain

                Sincerely,

                s/Roberta L. Burns

                Roberta L. Burns



Amanda Stout
McGlinchey Stafford PLLC
August 2, 2011
Page 2

RLB/jb
Encls.

cc:

**Defense Liaison:**
Andrew D. Weinstock
Duplass Zwain Bourgeois Morton Pfister & Weinstock
29th Floor, Three Lakeway Center
3838 N. Causeway Boulevard
Metairie, Louisiana 70002
email: andreww@duplass.com

**U.S. Government Liaison:**
Henry T. Miller
U.S. Department of Justice
Senior Trial Counsel
U. S. Department of Justice
Civil Division, Environmental Torts Section
1331 Penn Avenue, NW
Room 8220-N
Washington, DC 20004
email: henry.miller@usdoj.gov

**PSC Liaison:**
Mikal C. Watts
Watts Guerra Craft LLP
Four Dominion Drive
Building Three
Suite 100
San Antonio, Texas 78257
email: mcwatts@wgclawfirm.comWatts

w/encls.

Transcript of the Testimony of
# Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

### Date taken: October 22, 2009

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)

### **Note**
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a **Username**
and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**

EXHIBIT

E

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS         SECTION N(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


*   *   *

(RE:  DUBUCLET)


VIDEOTAPED DEPOSITION OF MORGAN

BUILDINGS & SPAS THROUGH ITS CORPORATE

REPRESENTATIVE JAMES SCHILLIGO, 2800 MCCREE

ROAD, GARLAND, TEXAS 75041, TAKEN AT THE

OFFICES OF MCGLINCHEY, STAFFORD, PLLC, 601

POYDRAS STREET, 12TH FLOOR, NEW ORLEANS,

LOUISIANA, ON THE 22ND DAY OF OCTOBER, 2009.


REPORTED BY:

    PAT KENNEDY QUINTINI, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255


VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

83f35e7d-fd08-453c-b140-b815Bdb27f55

Page 2

```
 1    APPEARANCES:
 2         T. CHRISTOPHER PINEDO
           ATTORNEY AT LAW
 3         4550 JERICHO ROAD
           CORPUS CHRISTI, TEXAS 78413
 4
                (ATTORNEY FOR THE PLAINTIFFS)
 5
           BENCOMO & ASSOCIATES
 6         (BY:  RAUL R. BENCOMO, ESQUIRE -
              VIA TELEPHONE)
 7         639 LOYOLA AVENUE, SUITE 2110
           NEW ORLEANS, LOUISIANA  70113
 8
                (ATTORNEYS FOR THE PLAINTIFFS)
 9
           NELSON, MULLINS, RILEY & SCARBOROUGH
10         (BY: TAYLOR T. DALY, ESQUIRE)
           201 17TH STREET, NW, SUITE 1700
11         ATLANTIC STATION
           ATLANTA, GEORGIA 30363
12
                (ATTORNEYS FOR DEFENDANT,
13              FLEETWOOD ENTERPRISES, INC.)
14    MIDDLEBERG, RIDDLE & GIANNA
           (BY: RICHARD SHERBURNE, JR., ESQUIRE)
15         450 LAUREL STREET, SUITE 1101
           BATON ROUGE, LOUISIANA 70801
16
                (ATTORNEYS FOR DEFENDANT, FLUOR
17              ENTERPRISES, INC.)
18    U.S. DEPARTMENT OF JUSTICE
           CIVIL DIVISION, TORTS BRANCH
19         (BY:  HENRY MILLER, ESQUIRE)
           1331 PENN AVENUE, N.W.
20         ROOM 8220-N
           WASHINGTON, D.C.  20004
21
                (ATTORNEYS FOR DEFENDANT, UNITED
22              STATES OF AMERICA)
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 3

```
 1    APPEARANCES CONTINUED:
 2         JONES, WALKER, WAECHTER, POITEVENT,
              CARRERE & DENEGRE, LLP
 3         (BY: WILLIAM D. LAMPTON, ESQUIRE -
              VIA TELEPHONE)
 4         FOUR UNITED PLAZA
           8555 UNITED PLAZA BOULEVARD
 5         BATON ROUGE, LOUISIANA 70809
 6             ATTORNEYS FOR DEFENDANTS,
               KEYSTONE RV COMPANY, THOR
 7             CALIFORNIA, THOR INDUSTRIES,
               DUTCHMEN MANUFACTURING, DS CORP
 8             (d/b/a CROSSROADS RV) AND KZ RV,
               LP
 9

10         GARRISON, YOUNT, LORMAND, FORTE &
              MULCAHY
           (BY: RANDALL C. MULCAHY, ESQUIRE)
11         909 POYDRAS STREET
           SUITE 1800
12         NEW ORLEANS, LOUISIANA  70112
13           (ATTORNEYS FOR DEFENDANTS
                RECREATION BY DESIGN, LLC,
14              TL INDUSTRIES, INC., FRONTIER
                RV, INC. AND CRUISER RV)
15

16         WILLINGHAM, FULTZ & COUGILL
           (BY: THOMAS L. COUGILL, ESQUIRE -
              VIA TELEPHONE)
17         NIELS ESPERSON BUILDING
           808 TRAVIS, SUITE 1608
18         HOUSTON, TEXAS  77002
19           (ATTORNEYS FOR DEFENDANTS
                JAYCO AND STARCRAFT)
20

21         BAKER, DONELSON, BEARMAN, CALDWELL &
              BERKOWITZ
           (BY:  GERARDO R. BARRIOS, ESQUIRE)
22         201 ST. CHARLES AVENUE, SUITE 3600
           NEW ORLEANS, LOUISIANA  70170
23         (NOT PRESENT)
24           (ATTORNEYS FOR DEFENDANTS, CH2M HILL
                CONSTRUCTORS, INC. AND SHAW
25              ENVIRONMENTAL, INC.)
```

83f35e7d-fd08-453c-b140-b8158db27f5...

Page 4

```
 1
 2     APPEARANCES CONTINUED:
 3         McGLINCHEY STAFFORD
           (BY:  CHRISTINE LIPSEY, ESQUIRE)
 4         643 MAGAZINE STREET
           NEW ORLEANS, LOUISIANA 70130
 5
               (AND)
 6
           McGLINCHEY STAFFORD PLLC
 7         (BY:  DAN E. WEST, ESQUIRE)
           301 MAIN STREET, 14TH FLOOR
 8         ONE AMERICAN PLACE
           BATON ROUGE, LOUISIANA  70805
 9
             (ATTORNEYS FOR MORGAN BUILDINGS AND
10               SPAS, INC. APPEARING UNDER
                 RESERVATION OF RIGHTS)
11
               (AND)
12
           MORGAN MANAGEMENT CORPORATION
13         (BY:  ALAN WINN, ESQUIRE)
           CORPORATE COUNSEL
14         2800 MCCREE ROAD
           GARLAND, TEXAS  75041
15
             (ATTORNEYS FOR DEFENDANT MORGAN
16               BUILDINGS AND SPAS, INC.)
17     LUGENBUHL, WHEATON, PECK, RANKIN &
           HUBBARD
18     (BY: KRISTOPHER M. REDMANN, ESQUIRE -
           VIA TELEPHONE)
19     601 POYDRAS STREET, SUITE 2775
       NEW ORLEANS, LOUISIANA 70130
20
             (ATTORNEYS FOR DEFENDANT,
21             LIBERTY MUTUAL INSURANCE
               CORPORATION)
22
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f5!

Page 5

1

2      APPEARANCES CONTINUED:

3          FRILOT, L.L.C.
            PETER R. TAFARO, ESQUIRE -
4             VIA TELEPHONE)
            3600 ENERGY CENTRE
5          1100 POYDRAS STREET
            NEW ORLEANS, LOUISIANA   70173-3600
6
            (ATTORNEYS FOR DEFENDANT, BECHTEL
7            NATIONAL, INC.)

8

9                    *    *    *

10                 EXAMINATION INDEX

11                                    PAGE

12

13   EXAMINATION BY MR. PINEDO . . . . . . . . . . .12

14   EXAMINATION BY MS. DALY . . . . . . . . . . . .68

15   EXAMINATION BY MR. MILLER . . . . . . . . . .91

16   EXAMINATION BY MR. SHERBURNE . . . . . . .124

17   EXAMINATION BY MR. MULCAHY . . . . . . . .126

18   EXAMINATION BY MS. DALY . . . . . . . . . . .133

19   EXAMINATION BY MR. PINEDO . . . . . . . . . .134

20   EXAMINATION BY MR. MILLER . . . . . . . . . .166

21   EXAMINATION BY MR. PINEDO . . . . . . . . . .169

22

23

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255      (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 6

1                    *     *     *

2               INDEX OF EXHIBITS

3

4                                         Page

5    Exhibit No. 1  ......................13

6    Notice of Videotaped Federal Rule 30(b)(6)

7    Deposition of Morgan Buildings & Spas, Inc.

8    (no Bates stamps)

9    Exhibit No. 2  ......................17

10   Solicitation/Contract/Order for Commercial

11   Items between FEMA and Morgan Buildings &

12   Spas, dated 9/9/2005, Bates Morgan-000002

13   through 14

14   Exhibit No. 3  ......................18

15   Solicitation/Contract/Order for Commercial

16   Items between FEMA and Morgan Buildings &

17   Spas, no effective date, Bates Morgan-000015

18   & 16

19   Exhibit No. 4  ......................24

20   Solicitation/Contract/Order for Commercial

21   Items between FEMA and Morgan Buildings &

22   Spas, effective date 9/1/2005, Bates No.

23   Morgan-000017

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet) Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 7

```
 1    Exhibit No. 5 ......................25
 2    Fax to Brad McKinney from Kerri dated
 3    9/1/2005, Bates Morgan-000095 & 96
 4    Exhibit No. 6 ......................28
 5    Email from Michael Wagner to Gay Morgan
 6    dated 8/31/2005, Bates Morgan-000097 & 98
 7    Exhibit No. 7 ......................29
 8    FEMA Model Travel Trailer Procurement
 9    Specifications, dated 8/12/2004, Bates
10    FLE-00006914 through 6916
11    Exhibit No. 8 ......................30
12    Document that starts out "Question: Do you
13    really want to ship these by rail?", Bates
14    Morgan-000103
15    Exhibit No. 9 ......................52
16    Certificate of Origin for a Vehicle, Bates
17    Morgan-001049 through 1050
18    Exhibit No. 10 ......................55
19    Invoice No. 4039-3022 from Morgan to FEMA
20    dated 4/3/2006, Bates Morgan-001051
21    Exhibit No. 11 ......................58
22    Invoice No. 604001627 to Morgan from
23    Fleetwood, dated 3/28/06, Bates
24    Morgan-001052
25
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 8

1   Exhibit No. 12   ......................60
2   Straight Bill of Lading from Fleetwood to
3   Morgan/FEMA dated 3/28/06, Bates
4   Morgan-001053
5   Exhibit No. 13   ......................71
6   Fleetwood Enterprises Master Sales Agreement
7   dated September 6, 2005, Bates Morgan-000055
8   through 63
9   Exhibit No. 14   ......................74
10  Email from Jim Schilligo to Guy, Dated
11  9/5/2005, Bates Morgan-000087 through 89
12  Exhibit No. 15   ......................75
13  Email from Doug Henriquez to Guy Morgan
14  dated 9/9/2005, Bates Morgan-000147 & 148
15  Exhibit No. 16   ......................85
16  Email string beginning with page that says
17  "Redacted", Bates FLE-00135116 through
18  135118
19  Exhibit No. 17   ......................87
20  Fleetwood Towable Group Engineering
21  Standards Bulletin No. 10, December 1, 1997,
22  Bates FLE_00010903 through 10918
23  Exhibit No. 18   ......................94
24  FEMA Procedure Storage Site Manual Fall
25  2005, Bates FLE-00001942 through 1955

83f35e7d-fd08-453c-b140-b8158db27f55

Page 9

1    Exhibit No. 19  .....................100

2    Important Notice, Bates FLE-00005100 through

3    5102

4    Exhibit No. 20  .....................108

5    Fax to Dave Busche from Guy Morgan/Elaine

6    dated 6/1/2004, Bates FLE-00001367 through

7    1370

8    Exhibit No. 21  .....................134

9    Fleetwood 2006 Owner's Manual, Bates

10   Fleetwood_EX-000003 through 105

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 10

S T I P U L A T I O N

1

2

3        It is stipulated and agreed by and

4    between counsel for the parties hereto that

5    the deposition of the aforementioned witness

6    is hereby being taken for all purposes

7    allowed under the Federal Rules of Civil

8    Procedure, in accordance with law, pursuant

9    to notice;

10       That the formalities of reading and

11   signing are specifically          ;

12       That the formalities of filing,

13   sealing, and certification are specifically

14   waived;

15       That all objections, save those as to

16   the form of the question and the

17   responsiveness of the answer, are hereby

18   reserved until such time as this deposition,

19   or any part thereof, may be used or sought

20   to be used in evidence.

21                  *   *   *

22       CATHY RENEE' POWELL, CCR, Certified

23   Court Reporter, officiated in administering

24   the oath to the witness.

25

83f35e7d-fd08-453c-b140-b8158db27f5

Page 19

1            And the document with regard to

2    mobile homes, is that a two-page document?

3            A.   No, sir.  It's one page.

4            Q.   You now have Bates number --

5            A.   I'm sorry, two pages.

6            Q.   So Exhibit 3 is Morgan's Bates

7    No. 15 and 16; is that right?

8            A.   Yes, sir.

9            Q.   And now you have a document in

10   front of you with a Morgan Bates number of

11   17.  What does that represent?

12           A.   It is another government contract

13   for 15,000 travel trailers.

14           Q.   And is that your understanding of

15   the amount of travel trailers that Morgan

16   sold to the United States Government for

17   temporary housing units after Hurricane

18   Katrina?

19           A.   Yes, sir.

20           Q.   And this would be the contract

21   that we were talking about with the total

22   amount of travel trailers that were sold by

23   Morgan to the United States Government?

24           A.   Yes, sir.

25           Q.   Now, did Morgan itself manufacture

83f35e7d-fd08-453c-b140-b8158db27f5

Page 20

1    travel trailers at any particular time?

2         A.   No, sir.

3         Q.   So to fulfill this contract, did

4    Morgan turn to the manufacturers of travel

5    trailers and ask them to fill orders for

6    them for these travel trailers?

7         A.   Yes, sir.

8         Q.   And did Morgan request travel

9    trailers from Fleetwood to fulfill this

10   request by the United States Government?

11        A.   Yes, sir.

12        Q.   Did they also request travel

13   trailers from an entity called Monaco to

14   fill this requirement for 15,000 travel

15   trailers?

16        A.   Yes, sir.

17        Q.   Did they also request travel

18   trailers from an entity called Recreation by

19   Design to fill this order for the United

20   States Government?

21        A.   Yes, sir.

22        Q.   The total amount of travel

23   trailers that Morgan sold to the United

24   States Government manufactured by Fleetwood,

25   Monaco, and Recreation by Design was 15,000;

Page 24

1    document which has been marked as Exhibit 4,

2    which is Morgan Bates No. 17.  Just for the

3    record, so we are clear, could you identify

4    that document for me?

5         A.    Yes, sir.  It's a contract from

6    Department of Homeland Securities/FEMA to

7    Morgan, for Morgan Buildings & Spas, Inc.

8    for 15,000 travel trailers.

9    (Exhibit No. 4 marked for identification.)

10        Q.    What is the date on that document?

11        A.    8/29/2005.

12        Q.    And that's the contract we were

13   discussing earlier that provides for us some

14   of the details regarding the purchase of the

15   15,000 travel trailers by FEMA from Morgan;

16   is that right?

17        A.    Yes, sir.

18        Q.    And what Morgan did, rather than

19   constructing their own travel trailers, is

20   they contacted Recreation by Design, Monaco

21   and Fleetwood and had them construct the

22   travel trailers to fill that order?

23        A.    Correct.

24        Q.    May I see that document, sir?

25        A.    (Witness complies.)

Transcript of the Testimony of
# 30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

**Date taken: August 13, 2008**

**In Re: FEMA Trailer Formaldehyde Products Liability Litigation**

**\*\*Note\*\*** All **electronic deposition/exhibit files** are available at **www.psrdocs.com** . Please call or e-mail reporters@psrdocs.com if you need an **Username** and **Password**.

# Professional Shorthand Reporters, Inc.
### Phone:   504-529-5255
### Fax:   504-529-5257
### Email:   reporters@psrdocs.com
### Internet:   www.psrdocs.com



Page 1

```
 1              UNITED STATES DISTRICT COURT

 2              EASTERN DISTRICT OF LOUISIANA

 3

 4    IN RE:  FEMA TRAILER        MDL NO. 1873

 5    FORMALDEHYDE PRODUCTS       SECTION "N"(4)

 6    LIABILITY LITIGATION        JUDGE ENGELHARDT

 7

 8                     *   *   *

 9

10         Videotaped Federal Rule 30(b)(6)

11    Deposition of MORGAN BUILDINGS & SPAS, INC.

12    and MORGAN BUILDING SYSTEMS, INC., through

13    their designated representative, JAMES

14    SCHILLIGO, 608 Wyatt Drive, St. Peters,

15    Missouri 63376, taken at the offices of

16    Lambert & Nelson, 701 Magazine Street, New

17    Orleans, Louisiana 70130, on Wednesday, the

18    13th day of August, 2008.

19

20    REPORTED BY:

21         JAMES T. BRADLE, CCR
           PROFESSIONAL SHORTHAND REPORTERS
22         (504)529-5255

23    VIDEOGRAPHER:

24         MICHAEL BERGERON
           PROFESSIONAL SHORTHAND REPORTERS
25         (504)529-5255
```

Page 2

```
 1    APPEARANCES:

 2         LAMBERT & NELSON
           (BY: HUGH P. LAMBERT, ESQUIRE)
 3         701 MAGAZINE STREET
           NEW ORLEANS, LOUISIANA 70130
 4
           LAW OFFICES OF FRANK D'AMICO, JR.
 5         (BY: AARON AHLQUIST, ESQUIRE -
              VIA TELEPHONE)
 6         622 BARONNE STREET
           NEW ORLEANS, LOUISIANA 70113
 7
               ATTORNEYS FOR THE PLAINTIFFS
 8
           DAIGLE, JAMISON & RAYBURN
 9         (BY: BRENDA L. MISTROT, ESQUIRE -
              VIA TELEPHONE)
10         303 WEST VERMILION STREET
           SUITE 210
11         LAFAYETTE, LOUISIANA   70502

12             ATTORNEYS FOR DEFENDANT,
               SILVER CREEK
13
           DUPLASS, ZWAIN, BOURGEOIS,
14           PFISTER & WEINSTOCK
           (BY: RYAN M. MALONE, ESQUIRE)
15         3838 NORTH CAUSEWAY BOULEVARD
           SUITE 2900
16         METAIRIE, LOUISIANA  70002

17             ATTORNEYS FOR DEFENDANT,
               GULF STREAM COACH, INC.
18
           U.S. DEPARTMENT OF JUSTICE
19         (BY: HENRY MILLER, ESQUIRE)
           CIVIL DIVISION
20         1331 PENN AVENUE, N.W.
           ROOM 8220-N WASHINGTON, D.C. 20004
21
               ATTORNEYS FOR DEFENDANT, UNITED
22             STATES OF AMERICA

23

24

25
```

Page 3

```
1    APPEARANCES CONTINUED:

2         GIEGER, LABORDE & LAPEROUSE
          (BY: JASON D. BONE, ESQUIRE -
3            VIA TELEPHONE)
          701 POYDRAS STREET
4         SUITE 4800
          NEW ORLEANS, LOUISIANA  70139
5
              ATTORNEYS FOR DEFENDANT, FOREST
6             RIVER

7         LEAKE & ANDERSSON
          (BY: JERRY L. SAPORITO, ESQUIRE)
8         1700 ENERGY CENTRE
          1100 POYDRAS STREET
9         NEW ORLEANS, LOUISIANA  70163

10            ATTORNEYS FOR DEFENDANTS,
              FLEETWOOD ENTERPRISES, INC.,
11            ET AL

12        GARRISON, YOUNT, LORMAND, FORTE &
            MULCAHY, L.L.C.
13        (BY: RANDALL C. MULCAHY, ESQUIRE)
          909 POYDRAS STREET
14        SUITE 1800
          NEW ORLEANS, LOUISIANA  70112
15
              ATTORNEYS FOR DEFENDANTS,
16            RECREATION BY DESIGN, LLC, TL
              INDUSTRIES, INC., AND FRONTIER
17            RV, INC.

18        WILLINGHAM, FULTZ & COUGILL
          (BY: HAL L. ROACH, JR., ESQUIRE -
19           VIA TELEPHONE)
          NIELS ESPERSON BUILDING
20        808 TRAVIS, SUITE 1608
          HOUSTON, TEXAS  77002
21
              ATTORNEYS FOR DEFENDANT,
22            JAYCO AND STARCRAFT

23

24

25
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation          30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schifligo

Page 4

```
 1    APPEARANCES CONTINUED:

 2         HAILEY, McNAMARA, HALL, LARMANN
                & PAPALE, L.L.P.
 3         (BY: DAVID C. BACH, ESQ.)
           SUITE 1400, ONE GALLERIA BOULEVARD
 4         METAIRIE, LOUISIANA 70002

 5              ATTORNEYS FOR DEFENDANTS,
                AMERICAN HOMESTAR CORP. AND
 6              OAK CREEK HOMES

 7         FOWLER RODRIGUEZ VALDES-FAULI
           (BY: STEPHANIE D. SKINNER, ESQUIRE -
 8           VIA TELEPHONE)
           400 POYDRAS STREET, 30TH FLOOR
 9         NEW ORLEANS, LOUISIANA  70130

10              ATTORNEYS FOR DEFENDANTS,
                CMH MANUFACTURING, SOUTHERN
11              ENERGY HOMES, INC., PALM HARBOR
                MANUFACTURING, LP, PALM
12              HARBOR ALBERMARLE, AND GILES
                INDUSTRIES, INC.
13
           McGLINCHEY STAFFORD, PLLC
14         (BY: CHRISTINE LIPSEY, ESQUIRE
             AND DAN E. WEST, ESQUIRE)
15         FOURTEENTH FLOOR, ONE AMERICAN PLACE
           301 MAIN STREET
16         BATON ROUGE, LOUISIANA 70825

17                   (and)

18         MORGAN MANAGEMENT CORPORATION
           (BY: ALAN WINN, ESQUIRE)
19         CORPORATE COUNSEL
           2800 McCREE ROAD
20         GARLAND, TEXAS 75041

21              ATTORNEYS FOR MORGAN BUILDINGS &
                SPAS, INC.
22

23    ALSO PRESENT:

24         CANDICE SIRMON, ESQUIRE - PLAINTIFFS'
                STEERING COMMITTEE
25         RACHEAL MEZZIC - LAMBERT & NELSON
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation          30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schillgio

Page 5

```
 1                  EXAMINATION INDEX

 2                                        Page

 3    EXAMINATION BY MR. LAMBERT .........13
      EXAMINATION BY MR. MILLER ..........172
 4    EXAMINATION BY MR. MULCAHY .........190

 5                  *    *    *

 6                 INDEX OF EXHIBITS

 7                                        Page

 8    Exhibit No. 1  .....................69

 9    Morgan Purchase Order 131888, Terms of

10    Purchase, and Amendment No. 1 to Fleetwood

11    Enterprises, Inc. Master Sales Agreement

12    dated 9-6-05 (MORGAN-000061 through 000063)

13    Exhibit No. 2  .....................76

14    Document from Brad McKinney, Monaco Coach

15    Corp. to Morgan Building Systems dated

16    9-1-05, document entitled "32 SK Bunk House

17    Travel Trailer by Monaco Coach" and Holiday

18    Rambler cover sheet from Christina

19    Detering/Brad McKinney to Jim/Guy Morgan

20    dated 9-1-05 (MORGAN-000064 through 000066)

21    Exhibit No. 3  .....................78

22    Morgan Purchase Order 118040 dated 9-19-05,

23    Terms of Purchase, and Morgan Purchase Order

24    118034 dated 9-6-05 (MORGAN-000058 through

25    000060)
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation          30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

Page 6

1   Exhibit No. 4 ......................81

2   Morgan Purchase Order 118041 dated 9-29-05

3   (MORGAN-000067)

4   Exhibit No. 5 ......................85

5   Various e-mails and Federal Emergency

6   Management Agency (FEMA) Ruggedized

7   Manufactured Housing Procurement

8   Specifications dated July 14, 2005

9   (MORGAN-000078 through 000086)

10  Exhibit No. 6 ......................95

11  E-mail from Michael Wagner to Guy Morgan

12  dated August 31, 2005 (MORGAN-000097)

13  Exhibit No. 6(A) ...................139

14  FEMA Model Travel Trailer Procurement

15  Specifications dated August 12, 2004

16  (MORGAN000099 through 000102)

17  Exhibit No. 7 ......................138

18  Request for Quotations letter from Bryan

19  McCreary, FEMA to Vendors dated September 8,

20  2005, with attached specifications

21  (MORGAN-000088 through 000090)

22  Exhibit No. 8 ......................166

23  Color photograph

24  Exhibit No. 9 ......................166

25  Color photograph

In Re: FEMA Trailer Formaldehyde Products Liability Litigation                30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

Page 7

```
 1              S T I P U L A T I O N

 2

 3          It is stipulated and agreed by and

 4      between counsel for the parties hereto that

 5      the deposition of the aforementioned witness

 6      is hereby being taken for all purposes

 7      allowed under the Federal Rules of Civil

 8      Procedure, in accordance with law, pursuant

 9      to notice;

10          That the formalities of reading and

11      signing are specifically not waived;

12          That the formalities of filing,

13      sealing, and certification are specifically

14      waived;

15          That all objections, save those as to

16      the form of the question and the

17      responsiveness of the answer, are hereby

18      reserved until such time as this deposition,

19      or any part thereof, may be used or sought

20      to be used in evidence.

21

22                  *   *   *

23          JAMES T. BRADLE, CCR, Certified Court

24      Reporter, officiated in administering the

25      oath to the witness.
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation                    30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

Page 21

```
 1    availability of inventory and pricing.

 2         Q    All right.  And when you say "we,"

 3    is there a team of people?  Is it primarily

 4    you and Mr. Morgan, or who is it?

 5         A    Myself and Mr. Morgan.

 6         Q    Okay.  And who were your

 7    suppliers?

 8         A    For --

 9         Q    For this schedule, quantity,

10    pricing, floor plan request.

11         A    For this disaster, it would have

12    been Fleetwood, Recreation by Design and

13    Monaco.

14         Q    We have taken Fleetwood's

15    deposition, and we have the quantities and

16    so on.  Was Fleetwood the largest supplier?

17    MS. LIPSEY:

18         Objection, vague.

19    EXAMINATION BY MR. LAMBERT:

20         Q    Insofar as your procurement was

21    concerned, was Fleetwood the largest

22    supplier of travel trailers?

23         A    I don't know that for sure.

24         Q    Okay.  When you contacted

25    Fleetwood and Recreation by Design and
```