UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE:  ENGELHARDT |
| This Document Relates to: | * | |
| *Ora Brock, et al v. Recreation by Design,* | * | MAG. JUDGE CHASEZ |
| *LLC, et al* , Docket No. 09-5847 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### RECREATION BY DESIGN, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND IN THE ALTERNATIVE MOTION FOR NEW TRIAL

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Recreation by Design, LLC ("RBD"), who submits this memorandum in opposition to Plaintiff's Motion for Reconsideration and in the Alternative Motion for New Trial at R. Doc. No. 23689.[1]

### FACTS AND PROCEDURAL HISTORY

**A.     The Complaint**

The underlying matter of *Ora Brock, Individually and on Behalf of Her Deceased Husband, Lionel Brock v. Recreation by Design, LLC and Shaw Environmental, Inc.,* Docket No. 09-07920, was filed on July 30, 2009 in the Civil District Court for Orleans Parish. Shortly thereafter, on August 21, 2009, defendant *Shaw Environmental, Inc. ("Shaw")* removed the matter to the United States District Court for the Eastern District of Louisiana, where it was assigned Docket No. 2:09-cv-5847, and became part of MDL 1873.

**B.     The Plaintiff Fact Sheet Process**

Throughout this litigation, the Court has issued several Pretrial Orders ("PTO") related to the production of Plaintiff Fact Sheets ("PFS").  Specifically, PTO Nos. 2, 32 and 88 provided

---

[1] Note that counsel for plaintiff did not contact counsel for RBD prior to filing the instant Motion for Reconsideration as required by Local Rule 7.6 and PTO NO. 10.

the relevant information regarding the production of PFS. In PTO No. 2, the Court established the use of a standardized simple form, a PFS, in lieu of the initial rounds of Interrogatories and Request for Production of Documents, which were to be submitted to Defense Liaison Counsel.[2] PTO No. 2 also provided that "each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26."[3]  PTO No. 2 also established a process for "curing" the PFS when a particular plaintiff failed to provide one or more response on the PFS.  Specifically, PTO No. 2 stated that when any plaintiff failed to materially comply with the obligation to submit a completed PFS within the timelines established, counsel for defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the PFS.[4]  The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within thirty (30) days.[5] PTO No. 2 was subsequently amended by PTO No. 32 ("PTO No. 32") regarding the issue of PFS.[6]  Due to the large number of underlying cases filed in the summer of 2009, PTO No. 32 provided new deadlines for the submittal of PFS.

In an effort to further streamline the PFS process and to facilitate global settlement discussions between the parties, the Court entered Pre-Trial Order No. 88.[7]  PTO No. 88 extended the time to cure a deficient PFS by an additional thirty (30) days if the defendant sent notice of the deficiencies after March 24, 2011 and required that the individual plaintiff sign the PFS.

---

[2] *See* R. Doc. No. 87.
[3] *Id.* at pg. 7.
[4] *Id.* at pgs. 8 - 9.
[5] *Id. See* also Pre-Trial Order No. 32, R. Doc. 1180, at pg. 5.
[6] *See* R. Doc. No. 1180.
[7] *See* R. Doc. No. 22153.

**C.      Production of Plaintiff's PFS**

Because plaintiffs named in the *Brock* matter were added as plaintiffs in the MDL on

August 21 2009, PTO No. 32, Section F, governs the submittal of their PFS.  This section states:

> For any Complaint that is filed on or before November 30, 2009 and for
> which the individual(s) has not completed a PFS, service of the completed
> and verified PFS forms for each named plaintiff shall be served by
> December 31, 2009.   Any individual who has filed suit on or before
> November 30, 2009 and who fails to complete and serve a PFS form on or
> before December 31, 2009, shall have his/her claim dismissed with
> prejudice, absent a showing of good cause.   Nothing in this Section is
> intended to relieve plaintiffs of the PFS deadlines set forth in Sections I(B),
> (C), (D), and (E), *supra.*

Therefore, under the terms of PTO No. 32 , RBD should have received a PFS for plaintiff, Ora

Brock and Ora Brock on behalf of Lionel Brock, no later than December 31, 2009.  Despite

assertions to the contrary made by the plaintiff, RBD did not timely receive copies of the PFS for

Ora Brock and Ora Brock on behalf of Lionel Brock.  In fact, the undersigned's first encounter

with the PFS was upon receipt of the instant Motion for Reconsideration. A review of the PFS

offers some insight as to why RBD did not timely receive copies of same.

On the cover page of the PFS for Ora Brock and Ora Brock obo Lionel Brock there is a

handwritten note stating that the PFS were "sent to the defense on 12/30/08 by Andry".[8]

Moreover, the certification date of the PFS is December 17, 2008.[9]  Based on the certification

and submission date of the PFS, it is clear that the PFS were submitted prior to the Brock lawsuit

being filed against RBD. The PFS were also submitted prior to the Court's directive that PFS

must be produced in groups by manufacturers.  This order was not handed down until March 18,

2009.[10]  Further, in Section V of the PFS entitled *FEMA Trailer or Mobile Home Unit*, plaintiff

did not provide any information regarding RBD.  Rather, Cavalier is listed as the Manufacturer

---

[8] *See* Exhibit "A", PFS for Ora Brock and Ora Brock on behalf of Lionel Brock.
[9] *Id.*
[10] See R. Doc. 1180.

of their FEMA trailer and what appears to be a Gulf Stream VIN, 1NL1GTR2361038809, is provided as the VIN for their unit.[11]

As the undersigned did not receive a copy of the PFS for Ora Brock or Ora Brock obo Lionel Brock until November 11, 2011, it follows that the undersigned did not prepare and forward to plaintiff's counsel "a deficiency notice" [12] with questions such as Section V(A)(11) and (12) square footage, length and width of trailer not provided"[13]. Further, the undersigned also submits that she likewise did not receive copies of Errata Sheets for the plaintiffs dated February 17, 2009 or medical records for Ora Brock submitted on August 22, 2008.

Based on the foregoing, (1) that the Brock PFS were submitted prior to the agreement to produce PFS grouped by manufacturers, (2) prior to the Brock lawsuit against RBD being filed, and lastly (3) that the Brock PFS did not contain information identifying RBD as the manufacturer of the FEMA unit, while the plaintiff may have timely submitted the PFS to Liaison Counsel or other defense counsel, the PFS did not make it to counsel for RBD. The likely scenario is that because a Gulf Stream VIN was included on the PFS, the plaintiff was identified as a Gulf Stream plaintiff. It follows that counsel for Gulf Stream is likely the author of the deficiency notice forwarded to plaintiff as well as the recipient of the Errata Sheets and medical records subsequently produced by plaintiff.

**D.      The Plaintiff Fact Sheet Deficiency Process**

Despite the fact that RBD did not timely receive PFS for the plaintiff, the plaintiff was afforded three separate opportunities to avoid dismissal of her claims for failure to comply with

---

[11] See Exhibit "A".

[12] The undersigned would like to call the Court's attention to the fact that while the plaintiff asserts that "defendant" submitted a deficiency notice to the Brocks, the plaintiff failed to attach as an exhibit to the memorandum a copy of the deficiency notice. Surely, the deficiency notice and/or letter accompanying same includes information which identifies the author of the referenced deficiency notice.

[13] See R. Doc. 23689-1, at pg. 3.

the Court's PTO Nos. 2, 32 and 88 Relating to PFS.  However, due to her and/or her counsel's inaction, these opportunities were forfeited.

In compliance with the PFS deficiency process outlined in PTO No. 2 and amended by PTO Nos. 32 and 88, on April 13, 2011 RBD, through undersigned counsel, notified the plaintiff *via* her counsel of record that it had not received a PFS for either Ora Brock or Ora Brock on behalf of Lionel Brock.[14]  The deficiency letter was forwarded via email to counsel for plaintiff, Jonathan Andry.[15]  Note that the Plaintiff Steering Committee members, Gerald Meunier and Justin Woods, Defense Liaison Counsel Andrew Weinstock, Counsel for FEMA, Henry Miller, Insurance Liaison Counsel Charles Leche, and Contractor Liaison Counsel David Kurtz, were also included as recipients on the email forwarding the Brock deficiency letter to plaintiff's counsel. [16]

The undersigned utilized Microsoft Outlook options to request both a "Delivery Receipt"[17] and "Read Receipt"[18] of the email forwarding the Brock deficiency letter to the above-referenced counsel.  The requested Delivery Receipts shows that the email forwarding the Brock deficiency letter to plaintiff's counsel, Jonathan Andry, was successful, "but that a delivery notification was not sent by the destination."[19] However, the email was successfully delivered as nearly two weeks after the undersigned emailed the copy of the Brock deficiency letter to counsel, an email receipt was received stating that Jonathan Andry had not read the message. Specifically, the email stated that the "message was deleted without being read on

---

[14] *See* Exhibit "B", Ora Brock and Ora Brock obo Lionel Brock Deficiency Letter dated April 13, 2011.
[15] *See* Exhibit "C", Copy of E-mail forwarding the Brock Deficiency Letter to Counsel on April 13, 2011.
[16] *Id.*
[17] *See* Exhibit "D", Delivery Receipt for email forwarding the Brock Deficiency Letter.
[18] *See* Exhibit "E", Read Receipts for email forwarding the Brock Deficiency Letter.
[19] *See* Exhibit "F", Delivery Receipt for the email forwarding the Brock Deficiency Letter to plaintiff's counsel, Jonathan Andry.

Monday, April 25, 2011, 2:06:54 PM…).[20]  If counsel for the Brocks had simply responded to the deficiency letter, RBD would certainly have not moved forward with the Motion to Dismiss the plaintiff's claims for failure to comply with PTO Nos. 2, 32 and 88.[21]

Because no response was received to the April 13, 2011 deficiency letter, RBD began the process of having plaintiff's claims dismissed for failure to comply with the Court's PTO Nos. 2, 32 and 88, via a Motion to Dismiss.  In compliance with Local Rule 7.6 and Pre-Trial No. 10, prior to filing the Motion to Dismiss, on September 19, 2011 the undersigned contacted counsel for the plaintiff *via* email requesting that he advise whether there was an opposition to the Motion to Dismiss Ora Brock and Ora Brock obo Lionel Brock's claims against RBD for failure to Comply with Pre-Trial Order Nos. 2, 32 and 88 Relating to PFS.[22] The undersigned also utilized the Microsoft Outlook options requesting a "Delivery Receipt" and "Read Receipt" of email when forwarding the proposed Brock Motion to Dismiss to counsel for Plaintiff, Plaintiffs' Steering Representatives, Defense and Insurance Liaison Counsel and Counsel for FEMA.  Just as with the successfully delivered email forwarding the Brock deficiency letter to Plaintiff's counsel Andry, the undersigned again received a delivery recipient stating that "delivery to the recipient or distribution list is complete, but delivery notification was not sent by the destination".[23]   No response was received to the September 19, 2011 email.  This was plaintiff's second opportunity to address RBD's position that RBD had not received the PFS at issue, and plaintiff could have taken this opportunity to submit the missing PFS to RBD.

---

[20] *See* Exhibit "G", Deleted Receipt for the email forwarding the Brock Deficiency Letter to plaintiff's counsel, Jonathan Andry.

[21] Even if counsel deleted the email forwarded by the undersigned, it is assumed that counsel should have also received a copy of the email from Plaintiff's Liaison Counsel.  See duties of Plaintiff Liaison Counsel discussed infra at pg. 10.

[22] *See* Exhibit "H", Copy of email forwarding proposed Motion to Dismiss Claims of Plaintiffs, Ora Brock and Ora Brock on behalf of  Lionel Brock for Failure to Comply with PTO Nos. 2, 32 and 88 Relating to PFS.

[23] *See* Exhibit "I", Delivery Receipt for the email forwarding the proposed Motion to Dismiss the Claims of Ora Brock and Ora Brock on behalf of Lionel Brock  to plaintiff's counsel,  Jonathan Andry.

As Plaintiff's counsel did not respond the September 19, 2011 request, on October 10, 2011, the undersigned filed the Motion to Dismiss the Claims of Ora Brock and Ora Brock on behalf of Lionel Brock for Failure to Comply with PTO Nos. 2, 32, and 88 Relating to PFS.[24] Plaintiff did not file a reply to the Motion to Dismiss.  This was plaintiff's third disregarded opportunity to produce copies of the PFS to RBD. This Court granted the motion on November 11, 2011.[25]  Again, had counsel for Plaintiffs responded to the email inquiry by forwarding copies of PFS for plaintiff, RBD would not have moved forward with the Motion to Dismiss the plaintiff's claims for failure to comply with PTO Nos. 2, 32 and 88 based on the fact that it had not received PFS for Ora Brock and Ora Brock on behalf of Lionel Brock.

## LAW AND ARGUMENT

Despite disregarding three separate opportunities to submit the missing PFS, the plaintiff now moves this Court for relief from the Court's November 2, 2011 order which dismissed her claims for failure to comply with PTO Nos. 2, 32 and 88. As detailed below, the Court should deny the plaintiff's motion.

**A.    Motion for Reconsideration**

The plaintiff is correct in stating that a motion under Rule 59(e) is appropriate in one of the three following instances: to accommodate an intervening change in the law, to account for "new evidence" not available at trial or as in the instant matter, at the time of dismissal, and to correct a clear error of law or prevent manifest injustice.[26]  To grant a motion under Rule 59, the Court must be satisfied that the evidence was not available at the time of the dismissal and that the mover's explanation is justifiable.[27]  In addition, a primary consideration in a decision about

---

[24] See R. Doc. 23080.
[25] See R. Doc. 23389.
[26] *Zinkard v. Brown,* 478 F.3d 634, 637 (4th Cir. 2007).
[27] *Id.*

whether to grant a Rule 59 motion is the "strong possibility" that the Court's original ruling may have been incorrect.[28]

Not just any "new" evidence will satisfy the standard under 59(b). It must be evidence that existed at the time of the trial, or in this instance, the Court's dismissal of the plaintiff's claims.[29] The party who proposed the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier. The Fifth Circuit explained that to "prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at the time of the trial despite due diligence to learn about them."[30] Here, it appears that the plaintiff seeks relief under the second and third grounds under Rule 59, namely that the previously produced PFS are "new evidence" and that manifest injustice would result if her claims were dismissed.[31] This is simply not the case.

Plaintiff's primary argument is that she "did not file an Opposition and submit evidence in response to Defendant's Motion to Dismiss because Plaintiff was not aware of the filing."[32] Plaintiff goes on to state that she did not have notice of the Motion to Dismiss because it was filed into the "MDL case number, 07-1873, as opposed to the individual case number, 2:09-cv-05847, thus undersigned did *not* receive electronic notice of the filing of the Motion to Dismiss.[33] At one point, plaintiff also argues that the Motion to Dismiss and supporting

---

[28] *Brown v. Texas & Pacific Railroad Co.,* 392 F. Supp. 1120 (W.D. La. 1972).

[29] Wright and Miller, *Federal Practice and Procedure,* 2d Ed., Sect. 288, p. 86-87; *See also, United States v. 41 Cases, More or Less,* 420 F.2d 1126, 1132 (5th Cir. 1970) ("(N)ewly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different reslt."); *NLRV v. Decker,* 569 F.2d 357, 364 (5th Cir. 1978) ("That the evidence must be in existence at the time of the trial has often been stated.").

[30] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al,* 62 F.3d 767, 775 (5th Cir. 1995),  citations omitted (Court found that trial court properly denied Rule 60 motion where movants "failed to make requisite showings that they were excusably ignorant of evidence until after trial and had employed reasonable diligence to discovery it).

[31] See R. Doc. 23689-1 at pg. 7.

[32] *Id.*

[33] See R. Doc. 23689-1, at pg. 5.

documentation should have been filed in what she terms the correct case "of *Ora Brock, et al v. Recreation by Design, LLC, et al.,* Civil District Court of the Parish of Orleans, State of Louisiana, Civil Action No. 2009-07920.[34]  These arguments are unfounded.

First, as mentioned above, it should be pointed out that defendant, Shaw, removed the Brock matter from the Orleans Parish District Court to the Federal District Court for the Eastern District of Louisiana on August 21, 2009.  Therefore, it was neither possible nor proper for RBD to file the Motion to Dismiss in the Orleans Civil District Court.  Moreover, RBD properly filed the Motion to Dismiss in the MDL Docket. At the inception of this MDL, the Court ordered that all filings in this MDL, whether applicable to all actions or limited to certain actions, be filed in the Master Docket File.  Specifically, in PTO No. 1 the Court directed:

> 8.  MASTER DOCKET FILE---The Clerk of Court will maintain a master docket Case file under the style "In Re: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION" and the identification "MDL No. 1873".  When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the word "This Document Relates to"….[35]

Plaintiff goes on to argue that because she did not receive electronic notice of the filing of the Motion to Dismiss, she was "not given opportunity to file an Opposition to Defendant's Motion to Dismiss."[36]  Initially, it should be noted that as detailed above, the undersigned provided the plaintiff's counsel with a proposed copy of the Motion to Dismiss prior to filing same.  After properly filing the Motion to Dismiss, it was the duty of the Plaintiffs' Liaison Counsel to ensure that plaintiff and/or her counsel timely received a copy of the filing.  Section 15 of PTO No. 1 addresses the function of Plaintiff's Liaison Counsel as follows:

---

[34] *Id.* at pg. 3.
[35] See R. Doc. 5, at pg. 4.
[36] See R. Doc. 5, at pg. 5.

> LIAISON COUNSEL---<u>Prior</u> to the initial conference, counsel for the plaintiffs and counsel for the defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of candidates for the position of liaison counsel for each group who will be charged with essentially administrative matters.  For example, liaison counsel will be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their group…[37]

Note that plaintiff has offered no evidence which indicates that Plaintiffs' Liaison Counsel did not fulfill its duty to forward notices as it regards the Motion to Dismiss at issue.

Here, plaintiff contends that the previously submitted PFS are "new evidence" that were simply not produced because plaintiff did not have notice of RBD's Motion to Dismiss.  The PFS certification date of December 17, 2008 and the submission date of December 30, 2008 leave no doubt that the PFS existed at the time of the subject Motions to Dismiss.[38]  Further, as the plaintiff provided the information contained in the PFS and certified the PFS, it is impossible for plaintiff to argue that she was "excusably ignorant" of the existence of the PFS until after the Motion to Dismiss was filed.

The plaintiff's explanation as to why she failed to submit the PFS to RBD is unconvincing at best.  It should first be noted that plaintiff did not provide any explanation as to why she did not respond to the April 13, 2011 deficiency letter. The Court should also take note that plaintiff's counsel deleted the email message forwarding the April 13, 2011 deficiency letter without reading same.  Moreover, plaintiff suggests that this Court should assume that her counsel did not receive the September 19, 2011 email forwarding the copy of RBD's proposed Motion to Dismiss. However, as evidence by the "delivered receipt"[39] the email was successfully delivered to plaintiff's counsel.  The truth of the matter is that plaintiff was afforded three

---

[37] See R. Doc. 5, at pgs. 6 - 7.
[38] *See* Exhibit "A".
[39] *See* Exhibit "B".

separate opportunities to avoid dismissal of her claims for failure to comply with the Court's

PTO Nos. 2, 32 and 88 Relating to PFS.   Plaintiff and her counsel simply ignored these

opportunities.   In summary, the plaintiff has not demonstrated why the Court should permit her,

at this late date, to seek reversal of the Court's ruling or why failure to reverse that ruling would

result in "manifest injustice."

Plaintiff also argues that "there is no significant prejudice to the Defendant, as there has

been no settlement of claims against it."[40]   RBD would indeed be prejudiced if the instant motion

is granted.   As noted above, the plaintiff's PFS does not provide any information regarding RBD.

Cavalier is listed as the Manufacturer of the FEMA trailer and Gulf Stream VIN,

1NL1GTR2361038809, is provided as the VIN for their unit.   As the time has long passed for

RBD to issue a deficiency letter, RBD has no recourse to further require plaintiff to produce

evidence that she resided in a RBD unit.   Therefore, if the plaintiff's claims against RBD are

reinstated, RBD would  be faced with the possibility of defending and/or having to settle with

this plaintiff, ***even though her PFS shows she did not reside in a RBD manufactured unit.***

This would be a significant prejudice to RBD.

**B.     Motion for "Relief from a Final Judgment, Order or Proceeding" under Federal
        Rule of Civil Procedure 60(b)**

**i.     Rule 60(b)(1)**

Plaintiff also seeks relief under Rule 60(b). Federal Rule 60(b) provides six (6) instances

wherein a court may relieve a party from final judgment, order or proceeding.   Those six (6)

reasons are: "(1) mistake, inadvertences, surprise, or excusable neglect; (2) newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a

new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),

---

[40] See R. Doc. 23689-1, at pg. 7.

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reasons that justifies relief."[41] Here, the plaintiff seeks relief under instances (1) mistake, inadvertences, surprise, or excusable neglect and (6) any other reasons that justifies relief.

Federal courts have long recognized that relief under Rule 60 is an extraordinary remedy.[42] The Court should not grant the remedy lightly and must strike a balance between serving the interests of justice and the policy of finality in the Court's rulings.[43] The Court has wide discretion within which to consider a Rule 60 motion.[44] Although the Supreme Court has noted that the test under Rule 60(b)(1) is an "elastic" one,[45] the Court should consider several factors, including: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct,[46] in deciding to grant relief under a Rule 60 motion. Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) only where there were extraordinary circumstances justifying it.[47]

Courts routinely decline to grant Rule 60(b) motions where the movant failed to prosecute his or her claims, such as where the movant failed to respond to a summary judgment motion[48] or fails to answer the complaint or seek an extension.[49] The Fifth Circuit has also refused relief under Rule 60(b) where the movant claimed he was personally uninformed about

---

[41] Fed. R. Civ. P. 60(b)
[42] *Dave Kohel Agency, Inc. v. Redshaw, Inc.,* 149 F. R.D. 171 (E.D. Wisc. 1993).
[43] *Mazonne v. Stamler,* 157 F.R. D. 212 (S.D. N.Y. 1994).
[44] *Daniels v. Brennan,* 887 F.2d 783, 785 (7th Cir. 1989).
[45] *Pioneer Inv. Services v. Brunswick Associates,* 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1983).
[46] *Hibernia National Bank v. Administration Central Sociedad Anonima,* 776 F.2d 1277, 1279-80 (5th Cir.1985).
[47] *Express Air v. General Aviation Service,* 806 F.Supp. 619 (S.D. Miss., 1992).
[48] *Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469 (5th Cir. 1989).
[49] *Federal Savings and Loan Insurance Corporation* v. *Kroenke,* 858 F.2d 1067 (5th Cir. 1988).

the state of the matter before the court.[50]   Moreover, "gross carelessness is not enough.

Ignorance of the rules is not enough, nor is ignorance of the law.[51]   The Fifth Circuit has gone as

far as stating that "a court would abuse its discretion if it were to reopen a case under Rule(b)(1)

when the reason asserted as justifying relief is attributable solely to counsel's carelessness with

or misapprehension of the law or the applicable rules of court.[52]   Lastly, "the fact that a litigant is

personally uninformed as to the state of the matters before the court pertaining to his case is not

sufficient to constitute the excusable neglect warranting relief from summary judgment

completed by Rule 60(b)."[53]

Here, the plaintiff attempts to demonstrate that she is due relief *via* Rule 60(b) because

"due to the unique circumstances that are created in MDL litigation, counsel for Plaintiff never

received notice that a Motion to Dismiss had been filed."[54]   Plaintiff suggests to the Court that

improper action on the part RBD was the reason that plaintiff did not receive notice that the

Motion to Dismiss had been filed.   However, as outlined above, RBD adhered to the directives

of this Court prior to and in filing the subject Motion to Dismiss.

In summary, plaintiff has failed to demonstrate that a "mistake, inadvertence, surprise, or

excusable neglect" occurred such that she is due relief under Rule 60(b)(1).   At the most,

plaintiff has demonstrated that she was simply unaware of RBD's Motion to Dismiss. However,

being unaware of a filing does not entitle plaintiff to a finding of "mistake, inadvertence,

surprise, or excusable neglect" such that she is due relief under Rule 60(b).

---

[50] *Smith v. Alumax Extrusions,* supra, at 1471 ("Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting").
[51] *Pryor v. U.S. Postal Service,* 769 F.2d 281, 287 (5th Cir. 1985).
[52] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993).
[53] *Smith v. Alumax Extrusions, Inc.,* supra, at 1471-72 (5th Cir. 1989).
[54] See R. Doc. 23689-1, at pg. 8.

Plaintiff also raised the issue of dismissal of her claims in the context of a default judgment. The Fifth Circuit has "directed courts to consider three factor in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability the [the] defendant's conduct.."[55]

This Court recently addressed the issue of a default judgment under Rule 60(b)(1) in a Order and Reasons denying a Motion for New Trial and in the Alternative Motion for Relief from a Judgment or Order.[56]  This Court stated as follows:

> Here, the rulings at issue are not default judgments against defendants who failed to appear.  Nevertheless, as dismissals for failure to prosecute and noncompliance with court orders, they share one of the characteristics of default judgments, namely an adjudication without full consideration of the substantive merits.  Thus, the above factors are applicable here, albeit in a slightly amended form (*i.e.,* the extent of prejudice to the *defendants,* the merits of the *plaintiffs'* arguments, and the culpability of the *plaintiffs'* conduct).

Weighing the above listed three (3) factors, it is clear that plaintiff is not due relief under Rule 60(b)(1) in the context of a default judgment.  Briefly, as detailed above, RBD would suffer great prejudice if plaintiff's claims against it were reinstated.[57]  Moreover, as also discussed above, plaintiff's rational for her failure to reply to the Motion to Dismiss is without merit and simply demonstrates that she was unaware of RBD's Motion to Dismiss.[58]  Lastly, the fact that plaintiff forfeited three separate opportunities to avoid dismissal of her claims evidences her culpability in causing her claims to be dismissed.

---

[55] *Rogers v. Hartford Life and Accident Inc., Co.,* 167 F.3d 933, 938-39 (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1280 (5th Cir. 1985)).
[56] *See* R. Doc. 23807 at pg. 10.
[57] See discussion at pg. 11 of this Opposition Memorandum.
[58] See discussion at pg. 10 of this Opposition Memorandum.

### ii.  Rule 60(b)(6)

Plaintiff has likewise, failed to provide the Court with any evidence which would entitle her to relief *via* Rule 60(b)(6).  As this Court recently summarized in its Order and Reasons at R. Doc. 23807 denying a Motion for Reconsideration:

> ….Rule 60(b)(6) is an omnibus clause designed "to cover unforeseen contingencies -- a means  to accomplish justice under exceptional circumstances." *Edward H. Bohlin Co.,* 6 F.3d at 357.  The Supreme Court has stated that this clause allows a court to set aside an order where the movant shows "'extraordinary circumstances' suggesting that the party is faultless in the delay."  *Pioneer Inv. Servs. Co.,* 507 U.S. at 393.  "If a party is partly to blame for the delay," then subsection (6) does not afford relief. *Id.*  The Fifth Circuit has stated that relief under Rule 60(b)(6) may be proper regardless of fault if the motion is based on new evidence that is "so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Good Luck Nursing Homes,* 636 F.2d 577.

The plaintiff in the instant matter has not shown that "extraordinary circumstances" exist such that this Court should reverse the order dismissing her claims against RBD. Plaintiff is clearly to blame for her delay in complying with the Court's orders, as she ignored three separate opportunities to prevent the dismissal of her claim.  Further, the judgment issued by this Court dismissing plaintiff's against RBD was not "manifestly unjust". Rather, the judgment was proper as it was based on evidence presented to this Court which established that plaintiff had acted "with a record of delay and contumacious conduct, and had failed to prosecute" her claims against RBD such that dismissal of her claims under Rule 41(b) was proper.

## C.  Motion for New Trial

Just as plaintiff is not due relief under Rules 59(e), 60(b) and 60(b)(1), plaintiff is also not due relief under Rule 59(a)(2).  Plaintiff correctly states in her memorandum that "a motion for a new trial may succeed in a at least three situations: first, to accommodate an intervening change in the controlling law; second, to account for new evidence not available at trial; or, third, to

correct a clear error of law or prevent manifest injustice.[59]  Here, plaintiff again seeks relief under instances two and three.

The above factors are the same as those which a Court must evaluate in evaluating whether a movant has fulfilled the requirements for reconsideration.  As RBD has briefed above, the previously submitted PFS do not meet the requirement of "new evidence" as defined in terms of a Rule 59 or 60 motions.  Clearly, the plaintiff knew of the existence of the PFS prior to and at the time the Motion to Dismiss was filed.  Lastly, as stated above, the judgment dismissing plaintiff's claims was proper as it was based on evidence presented to this Court which proved that plaintiff had acted "with a record of delay and contumacious conduct, and had failed to prosecute" her claims against RBD.

## CONCLUSION

For the above detailed reasons, defendant Recreation by Design, LLC requests that the Court deny the plaintiff's motions under Rule 50 and 60 of the Federal Rules of Civil Procedure.

Respectfully submitted,


 /s/ Kelly M. Morton
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation by Design, LLC
Email: kmorton@garrisonyount.com

---

[59] *McGillivray v. Countrywide Home Loans, Inc.,* 360 Fed. Appx. 533, 537 (5th Cir. 2010).

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.


 */s/ Kelly M. Morton*
KELLY M. MORTON, Bar No. 30645