# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 246413  **Cause No.** 10-1252
**Case Name** Ryan, Stacey  **Case Style** Goldie Cross, et. al. vs. Recreation By Design,
**DOB** 05/28/1968  **SSN** 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

| Question # | Question |
|---|---|
| 1. | III.C.   Checklist |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
The symptoms I experienced/reported to a physician during the time I lived in the FEMA trailer are as follows:
irritation to eyes, burning of eyes, tearing of eyes, irritation to nasal membranes, burning of nasal membranes, irritation or itching of skin, rashes on skin, drying or scaling of skin, tingling or swelling of lips or face area, headaches, nausea, vomiting, diarrhea, difficulty in breathing, shortness or breath, persistent cough, tightness of the chest, throat irritation, hoarseness, allergies for the first time in my live, allergic contact dermatitis, and dizziness.

| Question # | Question |
|---|---|
| 2. | III.C.2. Future Medical Claim |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
My understanding is that I am concerned for my health.

| Question # | Question |
|---|---|
| 3. | III.C.3. Diagnosed Illness |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
I was diagnosed with mental stress in 2006, Sinus problems in 2006, irritation to eyes, burning of eyes, tearing of eyes by Dr. Qureshi Nauman MD located on 333 S Ryan St Ste 250 Lake Charles, LA 70601 Phone # 337-721-9992 .

| Question # | Question |
|---|---|
| 4. | III.C.8. Psychological Treatment |

**EXHIBIT "A"**

# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 246413  
**Case Name** Ryan, Stacey  
**DOB** 05/28/1968   **SSN** 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  
**Cause No.** 10-1252  
**Case Style** Goldie Cross, et. al. vs. Recreation By Design,

**Pet ID**  
1623

**Def ID**  
43

**Notice #**  
MTD NC

**Answer**  
Yes, I am claiming mental or emotional damages as a result of residing in the FEMA trailer.
I was treated at the Comprehensive Medical Clinic located on 333 S Ryan St suite 250 Lake Charles, LA 70601. I was treated in 2006 for break out in hives and not being able to function around groups of people or inability to be in a small room. I was prescribed lexapro, deplin, and metanx.

| Question # | Question |
|---|---|
| 5. | III.C.9. Total Medical Expenses |

**Pet ID**  
1623

**Def ID**  
43

**Notice #**  
MTD NC

**Answer**  
I am not making a claim for medical expenses for illness/injury sustained as a result of residing in the FEMA trailer.

| Question # | Question |
|---|---|
| 6. | IV.C. Date of Birth |

**Pet ID**  
1623

**Def ID**  
43

**Notice #**  
MTD NC

**Answer**  
I was born on 05/28/1968 in Lake Charles, LA.

| Question # | Question |
|---|---|
| 7. | IV.F.3. Only if you are making a wage claim |

**Pet ID**  
1623

**Def ID**  
43

**Notice #**  
MTD NC

**Answer**

# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 246413  **Cause No.** 10-1252
**Case Name** Ryan, Stacey  **Case Style** Goldie Cross, et. al. vs. Recreation By Design,
**DOB** 05/28/1968  **SSN** 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

No, I am not making a claim for loss wages or claim for lost earnings as a result of exposure to formaldehyde while residing in the FEMA trailer.

| Question # | Question |
|---|---|
| 8. | V.A.6. Move in Date |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
I moved into the FEMA trailer 12/2006.

| Question # | Question |
|---|---|
| 9. | V.A.7. Move out Date |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
I am currently still residing in the FEMA trailer.

| Question # | Question |
|---|---|
| 10. | V.A.8. Installation Address |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
The installation address of the FEMA housing unit is 6456 San Diego St. Lake Charles, LA 70607.

| Question # | Question |
|---|---|
| 11. | V.E. Name of all trailer residents |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 246413  **Cause No.** 10-1252
**Case Name** Ryan, Stacey  **Case Style** Goldie Cross, et. al. vs. Recreation By Design,
**DOB** 05/28/1968  **SSN** 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

**Answer**
The other person who resided with me in the FEMA trailer was Sandra Ryan age 59. Her current address is 6456 San Diego St. Lake Charles, LA 70607. She has lived in the FEMA housing unit from 12/2006 to present date. Yes, she is making a personal injury claim for lung problems.

| Question # | Question |
|---|---|
| 12. | V.13. Number of hours spent in trailer each day |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
I spend about 14 hours a day in the FEMA trailer each day.

| Question # | Question |
|---|---|
| 13. | VI.C. Plaintiff's Smoking History |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
I have never smoked or used any tobacco products.

| Question # | Question |
|---|---|
| 14. | VI.D. Smoking History of Other Trailer Resident(s) |

**Pet ID** 1623
**Def ID** 43
**Notice #** MTD NC

**Answer**
No one who resided with me used or smoked any tobacco products.

| Question # | Question |
|---|---|
| 15. | VI(F)(1 & 4) Prior Medical History |

**Pet ID** 1623
**Def ID**

# Plaintiff Fact Sheet Deficiency Answers

**WGC#** 246413  **Cause No.** 10-1252
**Case Name** Ryan, Stacey  **Case Style** Goldie Cross, et. al. vs. Recreation By Design,
**DOB** 05/28/1968   **SSN** 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

43

**Notice #**
MTD NC

**Answer**
No, I have never suffered from lung or respiratory disease.
Yes, I have suffered from skin disease, I have suffered from rashes around my ears and nose, constant welps on neck. Date of illness 12/2006 to present date.

| Question # | Question |
| --- | --- |
| 16. | VII.B. Treatment for Formaldehyde Related Injury |

**Pet ID**
1623

**Def ID**
43

**Notice #**
MTD NC

**Answer**
I was diagnosed with mental stress in 2006, Sinus problems in 2006, irritation to eyes, burning of eyes, tearing of eyes by Dr. Qureshi Nauman MD located on 333 S Ryan St Ste 250 Lake Charles, LA 70601 Phone # 337-721-9992 .

| Question # | Question |
| --- | --- |
| 17. | VIII(A-D) Produce Records |

**Pet ID**
1623

**Def ID**
43

**Notice #**
MTD NC

**Answer**
Please see attached Standard Form 95, however I can not produce the other records being requested.

_____   12/20/2011
Plaintiff or Representative   Date

# Watts Hilliard, L.L.C.
## FEMA Trailer Litigation

| 800.994.0019 toll free | 2506 N. Port Avenue | Mikal C. Watts, P.C. |
| info@fematrailerlitigation.com | Corpus Christi, TX 78401 | Robert Hilliard, L.L.P. |

November 18, 2009

Re:  Filing of Standard Form 95 ("Form 95") Regarding FEMA Trailer Litigation and Letter of Representation
WH File No. 246413 - Ryan, Stacey

Federal Emergency Management Agency (FEMA)
Office of the Director
500 C Street SW
Washington, D.C. 20472

To Whom It May Concern:

Enclosed for filing is a Standard Form 95 for each of my clients, signed electronically by me, on behalf of my clients. This letter constitutes a letter of representation as the undersigned represents 30,142 clients regarding the Federal Tort Claims Act claims that are being made against FEMA. The signature on the Form 95 is an electronic signature as allowed under the Electronic Signature Act, 15 USC, Chapter 96, Subchapter 1, § 7001 which provides that in any transaction in, or affecting, interstate commerce, a signature relating to such transaction may not be denied legal effect, validity, or enforcecibly solely because it is in electronic form. Neither the Federal Tort Claims Act (28 USC § 2671, et seq.) nor the administrative regulations concerning Form 95, 28 CFR Part 14, preclude the requirements of the Electronic Signature Act.

Should there be any questions, or if FEMA requires further information, please advise.

Sincerely,

**Watts Hilliard, L.L.C.**

Robert C. Hilliard

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>Federal Emergency Management Agency (FEMA)<br>Office of the Director<br>500 C Street SW<br>Washington, DC   20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.)   (Number, Street, City, State and Zip Code)<br>Stacey Ryan                                    Watts Hilliard, LLC<br>6456 San Diego St.                          2506 N. Port Ave<br>Lake Charles LA, 70607                 Corpus Christi, TX 78401 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>05/28/1968 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde.  The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits.  The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure.  The U.S. and its agencies, including but not limited to FEMA, failed to insure

SEE ATTACHED RIDER

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

n/a

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

n/a

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer.  The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen.  The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure.   Claimant will require medical monitoring for life to check for signs of formaldehyde based injury.  Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Claimant and Claimants' family members | Claimant and Claimants' family members | |

| 12. (See instructions on reverse.) | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $0 | $75,000 | $0 | $75,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>   [signature]    Robert C. Hilliard, attorney for claimant | 13b. Phone number of person signing form<br>800-994-0019 | 14. DATE OF SIGNATURE<br>11/18/2009 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109       () Ryan, Stacey #246413                     NSN 7540-00-634-4046                    STANDARD FORM 95
                                                                                                PRESCRIBED BY DEPT. OF JUSTICE
                                                                                                28 CFR 14.2

| INSURANCE COVERAGE |
|---|
| In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property. |
| 15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No |
| 16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes  ☒ No    17. If deductible, state amount. |
| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.) |
| 19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No |

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

# RIDER

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

   that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposes to dangerously high levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The. U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. and its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover up" and conceal testing results of the formaldehyde levels in the trailer units provide to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer and/or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).

The plaintiff identified in the attached submission reserves the right to amend and supplement the information contained herein. In order to put the government on notice as quickly as possible of this claim, the plaintiff has attempted to accurately and completely provide all necessary information. Should more information become available or later become required or should a supplement or amendment become necessary to assure accuracy to the government the plaintiff does now provide notice of retaining the right to do so.

() Ryan, Stacey #246413