UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * | CIVIL ACTION NO. 1873 |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| This Document Relates To: | * | |
| | * | |
| *Leanderous McClendon, et al. v. Morgan Building Systems, Inc., et al* (E.D. La. 10-2279) | * | MAGISTRATE CHASEZ |
| | * | |
| | * | |

**********************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS

Defendant, Morgan Building Systems, Inc. (Morgan),[1] moves this Court to dismiss the claims filed by Leanderous McClendon, Edgar J. Jacobs, Joseph Scott, Jerry Womack, and Kenny James Womack because they failed to comply with Pretrial Order No. 32 as it relates to their obligation to produce completed Plaintiff Fact Sheets.

I.    **Background**

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[2] Thereafter, numerous new suits were filed in or

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] R. Doc. Nos. 599 and 604.

transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[3]

On July 30, 2010, plaintiffs filed the matter styled *Leanderous McClendon, et al. v. Morgan Buildings and Spas, Inc., et al.*, bearing Eastern District of Louisiana, Civil Action No. 10-2279. The plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Louisiana, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005. The plaintiffs also alleged that Morgan Building Systems, Inc. manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* E. Dist. of La. Civil Action No. 10-2279, R. Doc. 1.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[4]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[5]

---

[3] R. Doc. No. 1781.
[4] *See* R. Doc. No. 87.
[5] *See id.*, p. 7.

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[6]  Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets.  Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[7]  The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[8]  Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[9]  To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number.  After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants.  Pre-Trial Order No. 68 introduced a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[10]

---

[6] *See id.*, p. 8.
[7] *See* R. Doc. No. 1180.
[8] R. Doc. No. 1596.
[9] R. Doc. No. 10228.
[10] R. Doc. No. 14200.

**II.    All Plaintiffs' Claims Should Be Dismissed With Prejudice For Failure to Comply With Pre-Trial Order No. 32**

As set forth above, the Court has entered several pre-trial orders relating to Plaintiff Fact Sheet discovery.  In addition to introducing the Plaintiff Fact Sheet, Pre-Trial Order No. 2 also established a process for "curing" deficiencies in the fact sheets.  Pursuant to Pre-Trial Order No. 2, when any plaintiff failed to materially comply with the obligations to submit a completed Plaintiff Fact Sheet within the timelines established, counsel for the defendants was to send the plaintiff's counsel a letter explaining the material deficiency in the Plaintiff Fact Sheet.[11]  The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within 30 days.[12]  Additionally, Pre-Trial Order No. 88 identified twenty-three key Plaintiff Fact Sheet questions which were necessary for the purpose of exploring global resolution of claims.[13]  This Court has stated that, while the purpose of Pre-Trial Order No. 88 was to streamline temporarily the Plaintiff Fact Sheet information gathering process, the information identified in Pre-Trial Order No. 88 "is most vital and pressing in moving this matter toward resolution" which this Court finds "instructive on the issues of materiality and prejudice."[14]

On June 17, 2011, counsel for Morgan wrote to the plaintiffs' attorney about Leanderous McClendon's, Edgar Jacobs', Joseph Scott's, Jerry Womack's and Kenny Womack's failure to produce a Plaintiff Fact Sheet.[15]  On July 6, 2011, plaintiff's counsel's assistant provided Mr. McClendon's, Mr. Jacobs', Mr. Scott's and Kenny Womack's Plaintiff Fact Sheets.[16]  Plaintiff's

---

[11] R. Doc. No. 87, pp. 8-9.
[12] *Id.*; *See also* Pre-Trial Order No. 32, R. Doc. No. 1180, p. 5.
[13] R. Doc. No. 22153.
[14] *See* R. Doc. No. 22802, fn. 3.
[15] Exhibit A – June 17, 2011, letter from A. Stout to K. Grillo.
[16] Exhibit B – July 6, 2011, letter from W. Lee to A. Stout.

396858.1

4

counsel's assistant further stated that they were unable to locate a client by the name of Jerry Womack.[17]

### A.   Leanderous McClendon's Plaintiff Fact Sheet is incomplete

Leanderous McClendon submitted a Plaintiff Fact Sheet dated August 7, 2009, which contains several deficient responses.[18]  While Mr. McClendon's Plaintiff Fact Sheet appears to ask the same questions as the Court-approved Plaintiff Fact Sheet, his responses are not on the approved Plaintiff Fact Sheet form.  Mr. McClendon did not respond to the question seeking information about the illnesses, diseases or conditions he claims to have suffered, physician information, or whether he suffered these conditions prior to living in a THU or if the condition was worsened by living in the THU. (Section III(C)(3)).[19]  In the Background section, Mr. McClendon did not provide dates of residence for two prior residences, the state issuing his driver's license, or any information about his education. (Section IV(A), (B), (E)).[20]

Concerning his trailer, originally, Mr. McClendon provided limited information about his THU.   He later provided an Amendment to the Plaintiff Fact Sheet (Amendment) stating that the "Defendants Named" was Morgan Building Systems, Inc."[21]  Presumably, he is stating that Morgan manufactured his THU.  He did not provide any information about his THU VIN number or his FEMA Identification number.[22]  Additionally, the Amendment was not signed or dated, though he attached his original Plaintiff Fact Sheet certification page to the Amendment.[23] Mr. McClendon also did not provide the approximate size of this THU. (Section V).[24]

---

[17] *Id.*
[18] Exhibit C – Leanderous McClendon's Plaintiff Fact Sheet.
[19] *Id.*
[20] *Id.*
[21] Exhibit D – Leanderous McClendon's Amendment to the Plaintiff Fact Sheet.
[22] Exhibit C, Section V; Exhibit D.
[23] Exhibit D.
[24] Exhibit C.

Mr. McClendon indicated that he has suffered from long-term stomach or bowel disease, but did not provide any information about the condition. (Section VI(F)(3)).[25]  Responding to the questions in Section VII about the doctors who treated him for each condition he claims to have suffered, Mr. McClendon referred to an answer to a previous question, which did not provide any of the information requested by Section VII. (Section VII(B)).[26]  Mr. McClendon did not answer any of the questions in Section IX concerning his current physician, his physicians during last seven years, the facilities where he had been treated during the last seven years or pharmacies used during the last seven years.[27]  However, Mr. McClendon did produce authorizations to release medical records addressed to specific health care facilities.[28]

**B.    Edgar J. Jacobs' Plaintiff Fact Sheet is incomplete**

Edgar J. Jacobs submitted a Plaintiff Fact Sheet dated December 8, 2008.[29]  He then submitted an Amendment to the Plaintiff Fact Sheet which is unsigned and undated, but to which he attached his original certification from his Plaintiff Fact Sheet.[30]

Mr. Jacobs identified several conditions which he suffered, and for four conditions, he did not identify whether he suffered the conditions prior to living in a THU or if the condition was worsened by a THU. (Section III(C)(3)).[31]  With regard to whether the THU worsened a condition, Mr. Jacobs failed to respond to the questions about whether he has recovered from the conditions. (Section III(C)(7)).[32]

---

[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] Exhibit E - Edgar J. Jacobs Plaintiff Fact Sheet.  Mr. Jacobs' responses are also not on the court-approved Plaintiff Fact Sheet form.
[30] Exhibit F - Edgar J. Jacobs' Amendment to the Plaintiff Fact Sheet.
[31] Exhibit E.
[32] *Id.*

396858.1

6

Concerning trailer 1, Mr. Jacobs stated that he lived in a "Margon" unit, but did not provide the VIN number. He also did not provide the approximate square footage or the length and width of the THU. He did not respond to the questions concerning whether his THU was ever fumigated or whether any air quality tests were performed. (Section V).[33]    In his Amendment to the Plaintiff Fact Sheet, Mr. Jacobs stated that his unit was manufactured by Morgan Building Systems and he also provided his FEMA ID number. However, he did not provide a VIN number.[34]    It is unclear whether Mr. Jacobs resided in a second THU. He provided a page concerning Trailer 2, but did not answer any of the questions.[35]

With regard to medical information (Section VII), Mr. Jacobs referred to Section III(C)(3), but did not provide any information concerning doctors or healthcare providers who treated him for the conditions identified in Section III. To all questions in Section IX concerning his healthcare providers, including his current health care provider, Mr. Jacobs provided no response.[36]

### C.    Joseph Scott's Plaintiff Fact Sheet is incomplete

Joseph Scott submitted a Plaintiff Fact Sheet dated December 9, 2008.[37]    He then submitted an Amendment to the Plaintiff Fact Sheet which is unsigned and undated, but to which he attached his original certification from his Plaintiff Fact Sheet.[38]

Mr. Scott identified nine conditions which he suffered, and for eight conditions, he did not identify whether he suffered the conditions prior to living in a THU or if the condition was

---

[33] *Id.*
[34] Exhibit F.
[35] Exhibit E.
[36] *Id.*
[37] Exhibit G – Joseph Scott's Plaintiff Fact Sheet. Mr. Scott's responses are also not on the court-approved Plaintiff Fact Sheet form.
[38] Exhibit H – Joseph Scott's Amendment to the Plaintiff Fact Sheet.

worsened by a THU. (Section III(C)(3)).[39]    With regard to whether the THU worsened a condition, Mr. Jacobs failed to respond to the questions about whether he has recovered from the conditions. (Section III(C)(7)).[40]  Mr. Scott did not provide any information about his education or employment history. (Section IV(E) and (F)).[41]

Concerning his THU, Mr. Scott did not provide the THU VIN number or the approximate size of his THU. (Section V).[42]  He did not respond to the questions about whether air quality tests were ever performed in the THU or whether the THU had been fumigated or repaired. (Section V).[43]  Mr. Scott also did not identify the persons residing in his THU. (Section V(E)).[44]

**D.    Kenny James Womack's Plaintiff Fact Sheet is incomplete**

Kenny James Womack submitted a Plaintiff Fact Sheet dated October 3, 2008.[45]  He then submitted an Amendment to the Plaintiff Fact Sheet which is unsigned and undated, but to which he attached his original certification from his Plaintiff Fact Sheet.[46]

Mr. Womack identified thirteen conditions which he suffered, but he failed to identify whether he suffered from the conditions prior to living in a THU or if the condition was worsened by a THU. (Section III(C)(3)).[47]

Concerning his THU, Mr. Womack did not provide the THU VIN number, FEMA Bar Code number or the approximate size of the THU. (Section V).[48]  He did not respond to the questions about how many days per week he worked outside the home or whether he ever

---

[39] Exhibit G.
[40] Id.
[41] Id.
[42] Id.; See also Exhibit H.
[43] Exhibit G.
[44] Id.
[45] Exhibit I – Kenny James Womack's Plaintiff Fact Sheet.  Mr. Womack's responses are also not on the court-approved Plaintiff Fact Sheet form.
[46] Exhibit J – Kenny James Womack's Amendment to the Plaintiff Fact Sheet.
[47] Exhibit I.
[48] Id.; See also Exhibit J.

temporarily lived in another location. (Section V).[49]   Mr. Scott did not identify the persons

residing in his THU. (section V(E)).

   With regard to medical information (Section VII), Mr. Womack referred to Section

III(C)(3), but did not provide any information concerning doctors or healthcare providers who

treated him for the conditions identified in Section III.[50]   To all questions in Section IX

concerning his healthcare providers, including his current health care provider, Mr. Womack

provided no response, with the exception to Section IX(E), concerning healthcare providers

during the last seven years.[51]   To this question, Mr. Womack again referred to Section III(C)(3)

and his answers to Section IX(A)-(D), which contained no information.[52]

### E.   Jerry Womack's Plaintiff Fact Sheet is incomplete

   Contrary to plaintiff's counsel's assistant's July 6, 2011, letter, Jerry Womack is a

plaintiff in this matter.  He is the second plaintiff identified in Exhibit A to the complaint.[53]   In

the information provided by plaintiff's counsel's assistant, Morgan discovered a Plaintiff Fact

Sheet and an Amendment to the Plaintiff Fact Sheet for a "Gary Toney Womack," which was

signed by a "Jerry Womack."[54]   The only information provided on the unsigned and undated

Amendment was a statement that the "defendants named" was Morgan Building Systems, Inc.[55]

Presumably, this Plaintiff Fact Sheet and Amendment were completed by the Jerry Womack

listed in the complaint.

   Mr. Womack identified several conditions which he suffered, but he did not identify

whether he suffered the conditions prior to living in a THU or if the condition was worsened by a

---

[49] Exhibit I.
[50] *Id.*
[51] *Id.*
[52] *Id.*
[53] E. Dist. of La. Civil Action No. 10-2279, R. Doc. 1 at Exhibit A.
[54] Exhibit M – Jerry Womack's Plaintiff Fact Sheet; Exhibit N – Jerry Womack's Amendment to the Plaintiff Fact Sheet.  Mr. Womack's responses are also not on the court-approved Plaintiff Fact Sheet form.
[55] Exhibit N.  Mr. Womack's certification to his original Plaintiff Fact Sheet was attached to the Amendment.

THU. (Section III(C)(3)).[56]   With regard to whether the THU worsened a condition, Mr. Womack failed to respond to the question about whether he has recovered from the conditions. (Section III(C)(7)).[57] Mr. Womack also did not answer the questions inquiring whether he was claiming mental and/or emotional damages or whether he is making a claim for medical expenses. (Section III(C)(8)-(9).[58]

In the Background Information section, Mr. Womack failed to provide the dates he resided at other locations, identification of the state which issued his driver's license, his sex, any information about his education or employment, whether he is making a claim for lost wages, and whether he has ever filed a lawsuit or made a claim. (Section IV – Background Information).[59]  Mr. Womack did not answer any of the questions in Section IV, Family Information.[60]   In Section V, which concerns his THU, Mr. Womack only responded to the question about the manufacturer and his move-in and move-out dates.   He responded "yes" to the question asking whether he lived in a travel trailer or a mobile home, and did not provide any response to the other questions in Section V.[61]  The only question in Section VI, Medical Background he answered indicated that he was a current smoker.  However, he did not respond the question about his average consumption. (Section VI(C)).[62] In response to Section VII(B) concerning doctors who treated the conditions he claims to have suffered as a result of living in a THU, Mr. Womack responded "Please refer to Section III. Part C Question 3."[63]   Likewise, Mr. Womack did not respond to any of the questions in Section IX concerning medical providers, with the exception of Section IX(E), where he responded "Please see section III C.3 and IX A, B,

---

[56] Exhibit M.
[57] Id.
[58] Id.
[59] Id.
[60] Id.
[61] Id.
[62] Id.
[63] Id.

C and D." However, as discussed above, Mr. Womack did not provide any physician information in Section III or in Section IX.

## III.    Conclusion

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Berry v. CIGNA/RSI_CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Texas,* 981 F.2d 237 at 242-243. Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice." *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970). Additionally, Fed. R. Civ. P. 37(b)(2)(VI) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with Pre-Trial Orders No. 32, Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(VI), the proper remedy is dismissal of Leanderous McClendon's, Edgar J. Jacobs', Joseph Scott's, Jerry Womack's, and Kenny James Womack's claims, with prejudice.

As a defendant evaluates whether to become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, a defendant must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. In the absence of complete discovery responses, provided in a timely manner, such as described in Pre-Trial Order No. 2, Morgan is prejudiced.

396858.1

11

In particular, to the extent that the plaintiffs failed to provide their THU VIN number and/or FEMA Bar Code number, Morgan is significantly prejudiced in its ability to confirm that the plaintiffs actually lived in a Morgan-procured trailer.   Morgan did not construct THUs.[64] Morgan procured THUs directly from limited, specific manufacturers and did not act as a general procuring agent for FEMA.  James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition. Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of THUs were Fleetwood, Recreation by Design, and Monaco.[65]  Mr. Schilligo again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.[66]  The plaintiffs' failure to provide any information which confirms that they lived in a Morgan-procured THUs, in addition to their failure to respond to the other questions discussed above, justifies dismissal of their claims against Morgan with prejudice.

This Court has taken similar action in other suits pending in this MDL, based on circumstances similar to this case.[67]  Therefore, Leanderous McClendon's, Edgar J. Jacobs', Joseph Scott's, Jerry Womack's, and Kenny James Womack's claims against Morgan should be dismissed for failure to comply with Pre-Trial Order No. 32.

---

[64] Exhibit K - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 24:12-23.
[65] Exhibit L - August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13.
[66] Exhibit K, at 19:9-20:21.
[67] *See* R. Doc. Nos. 23552, 23550, 23549, 22802 and 22694, which involve plaintiffs who also failed to answer several key Plaintiff Fact Sheet questions.

396858.1

Respectfully submitted,

*/s/ Amanda S. Stout*
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS &
SPAS, INC. AND MORGAN BUILDING
SYSTEMS, INC.

## Certificate of Service

I certify that, on December 21, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

*/s/ Amanda S. Stout*
Amanda S. Stout

396858.1

13