UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to: | JUDGE ENGELHARDT |
| Suit No. 10-3610 | MAG. JUDGE CHASEZ |
| Plaintiff: Precious Dundy | |

MEMORANDUM IN OPPOSITION TO MOTION
FOR RELIEF UNDER RULE 60(a)

Defendant Sentry Insurance A Mutual Company ("Sentry") submits this opposition to the "Motion for Reconsideration and/or Relief from An Order Pursuant to Rule 60(a)" filed by plaintiff Precious Dundy.[1] Ms. Dundy seeks relief from the Court's November 16, 2011 order which denied her motion for leave to file a second amended complaint.[2] For the reasons explained more fully below, the Court should deny the pending motion and leave its ruling in place.

SUMMARY OF ARGUMENT

Ms. Dundy sought leave to file her amended complaint nearly two years after

---

[1] Rec. Doc. No. 23899. Although the title of the plaintiff's motion refers to Rule 60(a), at various points she refers to Rule 59(e) and 60(b). Sentry therefore interprets the motion to seek relief under all of these rules and discusses each below.

[2] The Court's previous order is Rec. Doc. No. 23546.

the Court's deadline for filing amended "matched" complaints. The Court was correct when it found that Ms. Dundy failed to show "good cause" or "excusable neglect" which would justify and amendment long after the deadline for doing so.

Dundy now argues that she and/or her lawyers made a unspecified "coding error" which caused her to file her original complaint against the wrong defendant. Dundy has not offered or even identified any proof to back up this unsupported allegation.

Even if true, this "coding error" does not establish a basis for relief. The situation does not constitute "new" evidence or any of the other grounds for relief under Rule 59(e). Likewise, the coding error does not fit any of the grounds for relief under Rule 60(a) or (b). These rules only apply to a Court ruling that contains clerical errors or is based on "mistake, inadvertence, surprise or excusable neglect." None of these circumstances exist here. The Court should therefore deny the plaintiff's motion.

## LAW AND ARGUMENT

While unclear, it appears that the plaintiff is seeking relief under Rule 59(e), 60(a) and 60(b). As explained below, the plaintiff has not demonstrated a sufficient basis for the Court to reverse its ruling under any of these rules.

**1.     The plaintiff cannot meet the standard for relief under Rule 59.**

Motions under Rule 59(e) may only be granted in one of three situations: to accommodate an intervening change in the law, to account for "new evidence" not available at trial (or here, at the time of the dismissal), and to correct a clear error

of law or present a manifest injustice.[3] For a "new evidence" motion under Rule 59, the Court must be satisfied that the evidence was not available at the time of the dismissal (or trial) and that the mover's explanation is justifiable.[4] In addition, a primary consideration in a decision under Rule 59 is the "strong possibility" that the Court's original ruling may have been incorrect.[5]

Not just any "new" evidence will satisfy the standard under 59(b). It must be evidence that actually existed but was not presented at the time of the trial or ruling.[6] The party who proposes the new evidence must be "excusably ignorant" and must explain why he or she could not have produced it earlier. The Fifth Circuit explained that to "prevail on a Rule 59(a) claim based on newly discovered evidence, the movant must have been excusably ignorant of the facts at the time of the trial despite due diligence to learn about them."[7]

Here, Ms. Dundy has not made a serious attempt to identify "new evidence"

---

[3] *Zinkard v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

[4] *Id.*

[5] *Brown v. Texas & Pacific Railroad Co.*, 392 F. Supp. 1120 (W.D. La. 1972).

[6] *Wright and Miller, Federal Practice and Procedure*, 2d Ed., Sect. 2808, p. 86-87; *See also, United States v. 41 Cases, More or Less, 420 F.2d 1126, 1132 (5th Cir. 1970)* ("(N)ewly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition, facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result."); *NLRB v. Decker*, 569 F. 2d 357, 364 (5th Cir. 1978)("That the evidence must be in existence at the time of the trial has often been stated.").

[7] *Government Financial Services One Limited Partnership v. Peyton Place, Inc., et al*, 62 F. 3d 767, 775 (5th Cir. 1995), citations omitted (Court found that trial court properly denied Rule 60 motion where movants "failed to make requisite showings that they were excusably ignorant of evidence until after trial and had employed reasonable diligence to discover it).

to support her arguments. Instead, she and her counsel simply argue that a "coding error" caused her to file her original suit against the wrong defendant. They write "[i]t is counsels' belief that this case was erroneously matched due to a coding error and/or association with a similar barcode regarding the Plaintiff's trailer."[8]

Ms. Dundy's unsupported statement is not sufficient to demonstrate the existence of "new" evidence. As the Fifth Circuit has pointed out, the Court must be satisfied that the evidence actually existed, but was available at the time of the dismissal and that the mover's explanation is justifiable.[9] Thus, even if the "coding error" constituted new evidence, Ms. Dundy is required to explain how and when she learned of the error. Other than her unsupported statements in brief, Ms. Dundy has not offered <u>any</u> evidence (*i.e.*, an affidavit or other competent proof) to support or explain her position related to the alleged error. The Court should also note that the plaintiff raised the "coding" error argument for the first time in the pending motion.[10]

### 2. The plaintiff cannot meet the burden for relief under Rule 60(b)(1) or (6).

Rule 60(b)(1) functions similarly to Rule 59(e). Here, it is unclear exactly what basis Ms. Dundy relies on for relief. In her brief she refers to "mistake, inadvertence, surprise and excusable neglect" which are identified in Rule 60(b)(1). She also accuses the defendants of engaging in "fraud, misrepresentation, and/or

---

[8] Rec. Doc. No. 23899-1, p. 3.

[9] *Id*.

[10] The plaintiff did not mention the alleged "coding" error in her original motion for leave.

{B0767844.1}                                                 4

other misconduct," apparently attempting to invoke Rule 60(b)(3). She has not established a basis for recovery under either part of Rule 60(b).

Federal courts have long recognized that relief under Rule 60 is an extraordinary remedy.[11] The Court should not grant the remedy lightly and must strike a balance between serving the interests of justice and the policy of finality in the Court's rulings.[12] The Court has wide discretion within which to consider a Rule 60 motion.[13] Although the Supreme Court has noted that the test under Rule 60(b)(1) is an "elastic" one,[14] the Court should consider several factors: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct.[15] Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) only where there were extraordinary circumstances justifying it.[16]

Courts routinely decline to grant Rule 60(b) motions where the movant failed to prosecute his or her claims, such as where the movant failed to respond to a summary judgment motion[17] or fails to answer the complaint or seek an extension.[18]

---

[11] *Dave Kohel Agency, Inc. v. Redshaw, Inc.*, 149 F. R.D. 171 (E.D. Wisc. 1993).
[12] *Mazonne v. Stamler*, 157 F. R. D 212 (S.D. N.Y. 1994).
[13] *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).
[14] *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 392, 113 S. Ct. 1489, 1496 (1983).
[15] *Hibernia National Bank v. Administration Central Sociedad Anonima,* 776 F.2d 1277, 1279-80 (5th Cir.1985).
[16] *Express Air v. General Aviation Services*, 806 F.Supp. 619 (S.D. Miss., 1992).
[17] *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469 (5th Cir.1989).
[18] *Federal Savings and Loan Insurance Corporation v. Kroenke*, 858 F.2d 1067 (5th Cir. 1988).

In addition, the Fifth Circuit has also refused relief under Rule 60(b) where the movant claimed he was "abandoned" by his counsel[19] and where the plaintiff claimed he was personally uninformed about the state of the matters before the court.[20]

Ms. Dundy has not established grounds for relief under Rule 60(b)(1). At best, she and her lawyers argue (but do not prove) that someone made a "coding" error which caused her to sue the wrong defendant. Even if true, Ms. Dundy has not explained or demonstrated how this would justify relief. She has not explained any of the circumstances related to the error such as: when it occurred, why the error was made, or what steps the plaintiff and her counsel took to investigate the identity of the proper defendant (and more importantly, when those steps were made).

Other factors weigh in favor of denying the plaintiff's motion. The Court has carefully crafted the matching process to balance the interests of all parties. The Court has extended the process and the deadlines several times. At the request of plaintiffs, the Court also created the "last chance" matching deadline. Given all these circumstances, the Court should not, at this point, extend the deadline yet again for this plaintiff. To do so would undermine the Court's existing orders and the process as a whole.

Ms. Dundy has also failed to show a basis for relief under Rule 60(b)(3) which

---

[19] *Crutcher v. Aetna Life Insurance Company*, 746 F. 2d 1076 (5th Cir. 1984).

[20] *Smith v. Alumax Extrusions*, supra, at 1471 ("Nevertheless, the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect

provides for situation of "fraud..., misrepresentation, or misconduct of a party." Dundy has not identified a *single act* of fraud, misrepresentation or misconduct. Instead, she argues that the Defendants "filed written oppositions when they were not parties to the matter and their arguments were considered as parties...."[21] This does not come close to the level of the type of conduct covered by Rule 60(b)(3).

To set aside a ruling under Rule 60(b)(3), among other things, the plaintiff must show that the conduct complained of "prevented the losing party from fully and fairly presenting his case or defense."[22] Additionally, federal courts have made clear that Rule 60(b)(3) does not encompass the kind of "fraud" that a plaintiff might plead as a cause of action; procedural fraud theory requires the plaintiff to show, by clear and convincing evidence, that the fraud took place and prevented him from fully and fairly presenting his or her case.[23] Moreover, vague allegations of fraud are insufficient to justify relief under Rule 60(b)(3).[24] Ms. Dundy cannot satisfy this burden and has made no serious attempt to do so.

### 3. The plaintiff also fails to meet the standard for amendment under Federal Rule 15.

Most of the plaintiff's supporting brief is devoted to Federal Rule 15 and the question of whether the proposed amendment "relates back" to Ms. Dundy's previous filings. This analysis is irrelevant and the Court need to not reach the

---

warranting").

[21] Rec. Doc. No. 23899-1, p 6.

[22] *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).

[23] *DeWit v. Firststar Corp.* 904 F. Supp 1476, 1497 (N.D. Iowa 1995).

[24] *Jennings v. Hicklin*, 587 F. 2d 946, 948 (8th Cir. 1978)(Plaintiff's vague allegations of fraud were insufficient to overturn judgment under Rule 60(b)).

plaintiff's "relation back" issues. The plaintiff's arguments miss the point.

The key question is whether the plaintiff's late-submitted amendment should be permitted. The Court correctly found that the plaintiff failed to establish "good cause" under Federal Rule 16 to extend the matching deadlines. It correctly refused to permit the plaintiff to file the proposed amendment.

But if the Court evaluates the plaintiff's' motion in light of Rule 15, which permits amendments when "justice so requires," the Court should still deny the motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[25] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[26]

At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[27] Where the plaintiff has clearly delayed, he or she "must meet the burden of showing that the delay was due to an oversight, inadvertence, or excusable neglect."[28] Here, there is a clear record of delay. The plaintiff filed the proposed amendment nearly two years after the deadline. The plaintiff has not explained why she waited time period and has not offered any evidence to show the alleged "coding" error caused the delay.

The Court has already considered and denied a similar motion filed by

---

[25] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[26] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[27] *Id.*

[28] *Whitaker*, 963 F.2d at 836.

another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[29] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[30] The Court's rationale should be applied here.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by plaintiff Precious Dundy.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Telephone: (225) 248-2080
Facsimile: (225) 248-3080
          -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA 70170

---

[29] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[30] Rec. Doc. No. 22999 (September 27, 2011 ruling).

{B0767844.1}                            9

Telephone: (504) 582-8000
Facsimile: (504) 589-8208

*Counsel for Sentry Insurance A Mutual Company*

Date: December 21, 2011.

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a true and correct copy of the foregoing pleading has been filed via the Court's electronic filing system and will be served on all parties via that system.

Baton Rouge, Louisiana, this 21st day of December, 2011.

*s/Ryan E. Johnson*
_____

Ryan E. Johnson

{B0767844.1}    10