UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                             MDL NO. 07-1873
     FORMALDEHYDE PRODUCTS
     LIABILITY LITIGATION

                                                                      SECTION "N" (5)

THIS DOCUMENT RELATES TO
ALL CASES

**O R D E R**

The Court having held a status conference on December 20, 2011 with counsel for Gulf Stream Coach, Inc. and counsel representing the Plaintiffs' Steering Committee (PSC) in which counsel reported to the Court regarding recent settlement discussions;

The Court having conferred with special master Dan Balhoff regarding the scheduling of mediation with other manufacturing defendants and having received a report from special master Amanda Ballay regarding each manufacturing defendant's intentions/positions regarding the scheduling of bellwether trials and participation in settlement discussions; and

The Court having advised counsel for all parties at the last three general status conferences that those defendants who do not wish to schedule a bellwether trial or participate in settlement discussions will be recommended to the MDL Panel for remand early in 2012, and the Court having advised all counsel at the last general status conference on November 17, 2011 that such recommendations for remand would commence within sixty (60) days; accordingly,

1

The Court enters this Order (1) to assist the plaintiffs and certain manufacturing defendants[1] who choose to engage in settlement discussions to conduct mediation in short order and (2) to advise the plaintiffs and certain manufacturing defendants who choose not to engage in settlement discussions of the Court's intended schedule regarding the proposed remand of cases from this MDL and the scheduling of trials for original jurisdiction cases filed in this Court.

I. **MEDIATION SCHEDULE:**

**IT IS ORDERED** that mediation shall be held as follows:

A. **First Mediation Week (January 2-6, 2012):**

1. Gulf Stream shall participate in mediation the week of January 2-6, 2012, and shall inform the Court in writing by December 27th as to the date(s) scheduled.

2. Jayco, Inc. and Starcraft RV shall participate in mediation on January 12, 2012.

B. **Second Mediation Week (January 18-22, 2012):**

The following manufacturing defendants shall participate in mediation the week of January 18-22, 2012, and shall inform the Court in writing by January 11th as to the date(s) scheduled:

1. The Thor Entities (including Dutchman Manufacturing, Inc., Keystone RV Company, Thor Industries, Inc., DS Corp. d/b/a Crossroads RV, Inc., Damon Motor Coach, Komfort Corp., Thor California, Inc., Four Winds International, Inc., and any other Thor entities in this MDL)

2. Forest River, Inc.

3. Skyline Corporation

4. Sunnybrook RV, Inc.

5. Morgan Building & Spas, Inc. and Morgan Building Systems, Inc.

---

[1] This Order does not apply to any manufacturing defendants who already have entered into a settlement agreement with the PSC, including the Non-Litigation defendants.

   6.  Frontier RV, Inc.

   7.  Vanguard Industries of Michigan, Inc.

   8.  Sentry Insurance A Mutual Company (for Pilgrim International, Inc.)

   9.  Gulf Stream Coach, Inc. and Jayco, Inc. (if no settlement is reached during First Mediation Week).

**C. Third Mediation Week (January 23-27, 2012):**

The following manufacturing defendants shall participate in mediation the week of January 23-27, 2012, and shall inform the Court in writing by January 18th as to the date(s) scheduled:

   1.  Recreation by Design, LLC

   2.  TL Industries, Inc.

   3.  Heartland Recreational Vehicles, L.L.C.

   4.  Sun Ray Investments

   5.  Sunray RV, LLC

   6.  Cruiser RV, LLC

   7.  Play'Mor Trailers, Inc.

   8.  Northwood Manufacturing d/b/a Northwood of Virginia

   9.  Allen Camper Manufacturing Company, Inc.

**D. Fourth Mediation Week (January 30 – February 3, 2012):**

Any manufacturing defendants not listed above who wish to avoid having their cases recommended for remand, shall schedule a mediation to be held during the week of January 30 to February 3, 2012, and shall inform the Court in writing by January 23rd as to the date(s) scheduled.

**E. Voluntary Participation in the Second Mediation Week:**

Any defendant who is scheduled for mediation during the Third Mediation Week or who is

not named in this Order may participate in a mediation during the Second Mediation Week by informing the Court and the mediator by January 9 of their desire to do so and by complying with this Order.

## II. MEDIATION PROTOCOL:

**IT IS FURTHER ORDERED** that each mediation ordered in Section I of this Order shall be held in accordance with the following:

### A. Location:

Unless otherwise agreed to by the parties to the mediation and the mediator, each mediation shall take place in the city of New Orleans at a venue to be identified by Plaintiffs' Liaison Counsel and Manufacturing Defendants' Liaison Counsel by Wednesday, December 28, 2011.

### B. Mediator:

Unless otherwise agreed to by the parties to the mediation, each mediation shall be conducted by John Perry and/or Dan Balhoff.

### C. Attendance:

Only those persons participating in the mediation (counsel, client representatives, and insurer representatives as set forth below), who have complied with this Order, shall be permitted to attend.

### D. Hours and Duration:

Mediation shall continue during business hours (8:30 a.m. to 5:00 p.m.) on successive days (including Saturdays and Sundays) until the Court orders otherwise.

### E. Cost:

The cost of each mediation shall be borne equally by the PSC and the particular defendant participating in such mediation, unless otherwise agreed as part of a settlement pact.

**F. Insurers:**

With respect to insurers providing coverage for a defendant participating in a mediation ordered herein:

1. Each insurer who has issued insurance to such a defendant, **without** regard to which layer of insurance such insurer has issued and **without** regard to whether such insurer takes the position that there is no coverage (due to a coverage exclusion or otherwise), shall send to the mediation a lawyer and a representative (employed by the insurer) <u>with full authority</u> to settle the case.

2. At least seven (7) days prior to the mediation, each such insurer shall (a) participate in a telephone conference with the mediator, counsel for the insured, and a representative of the insured and shall inform them as to whether the insurer is taking a position of no coverage (whether due to a coverage exclusion or otherwise); and (b) provide a written statement of such coverage position to the insured and the mediator. The mediator is authorized to communicate such coverage position to the Court and to counsel for the PSC, and shall do so not later than three days prior to the mediation.

**G. Company Representatives:**

Each defendant participating in a mediation ordered herein shall provide a company representative employed at the level of officer (as such term is defined in SEC filings), who shall (a) participate in the pre-mediation telephone conference ordered above; and (b) attend in person the mediation <u>with full authority</u> to settle the case.

**H. Settlement Position Papers:**

Each party participating in a mediation ordered herein shall provide to the mediator one week prior to the mediation (1) a written settlement letter or paper, and (2) a one- or two-page concise,

5

bullet-point summary of such settlement position.

## I. Involvement of the Court:

The Court states its willingness and intention to assist in and attend portions of these mediation proceedings, where needed and appropriate.

## III. CASES TO BE RECOMMENDED FOR REMAND:

Those manufacturing defendants who have not heretofore reported to special master Amanda Ballay either a desire to schedule a bellwether trial or a desire to participate in settlement discussions forthwith, shall prepare to have their cases (1) recommended to the MDL Panel for remand to the jurisdictions where they originated, for cases that were transferred to this Court; or (2) severed from the MDL and promptly scheduled for trial in the summer of 2012, for cases that were filed directly in this District, as set forth below:

### A. Manufacturing Defendants to be Recommended for Immediate Remand:

On January 30, 2012, cases involving the following manufacturing defendants will be either recommended for remand (if they were transferred to this Court) or scheduled for original jurisdiction trials (if they were filed in this District), unless the defendant advises the Court in writing by January 9, 2012, that it has committed unequivocally to mediation, and scheduled such mediation, in accordance with this Order:

1. Hy-Line Enterprises, Inc. n/k/a FRH, Inc.
2. Timberland RV Company d/b/a Adventure Manufacturing
3. R. Vision, Inc.[2]

---

[2] Former counsel for R. Vision, Inc., shall deliver a copy of this Order to the appropriate client representative by Tuesday, December 27, 2011.

       4. Monaco Coach Corporation.[3]

**B. <u>Manufacturing Defendants Not Named Herein</u>:**

Any manufacturing defendant who is not named in this Order, either for mediation or for remand on January 30, shall prepare to have its cases recommended for remand within the next sixty (60) days unless it reports to the Court by January 16, 2012, either that it wishes to schedule a bellwether trial forthwith or that it has committed unequivocally to mediation in accordance with this Order.

**C. <u>Census of Cases for Remand</u>:**

    1. On January 10, 2012, the Court will issue an Order with a finalized list of manufacturing defendants whose cases will be recommended for immediate remand on January 30 (deleting from the above list those defendants who have committed to mediation or a bellwether trial). From this list, PSC member Mikal Watts will prepare a list of plaintiffs who have filed cases against such defendants, together with the Civil Action Number, dividing the list into two sections: (1) those cases transferred to this Court by the MDL Panel, and (2) those filed directly in or removed directly to this Court. Mr. Watts shall file such list with the Court by January 18, 2012.

    2. On January 17, or shortly thereafter, the Court will issue an Order with a finalized list of manufacturing defendants whose cases will be recommended for remand after January 30, but within sixty (60) days. From this list, PSC member Mikal Watts will prepare a list of plaintiffs who have filed cases against such defendants, together with the Civil Action Number, dividing the list into two sections: (1) those cases transferred to this Court by the MDL Panel, and (2) those filed

---

[3] Former counsel for Monaco Coach Corporation shall deliver a copy of this Order to the appropriate client representative by Tuesday, December 27, 2011.

directly in or removed directly to this Court.  Mr. Watts shall file such list with the Court by February 6, 2012.

### D.  Original Jurisdiction Trials:

Cases involving those manufacturing defendants who do not schedule a bellwether trial or participate in mediation as ordered herein, which have been filed directly in or removed directly to this Court, shall within sixty (60) days be severed from the MDL and scheduled for trial in the summer of 2012.

## IV.  IMPLEMENTATION OF THIS ORDER:

### A.  Circulation of this Order:

Liaison Counsel for the PSC, the Manufacturing Defendants, the Contractor Defendants, and the Insurer Defendants shall immediately distribute this Order to counsel for each member of their group.  Upon receipt, counsel for each manufacturing defendant shall by close of business December 23, deliver a copy of this Order to (1) the appropriate officers within each client's company, and (2) the appropriate representative of each insurer who has issued insurance to such defendant, for each layer of insurance issued.

### B.  Sanctions for Violation of this Order:

Counsel and the parties are forewarned that the Court will issue sanctions against any counsel, party, insurer, or representative who fails to comply with this Order.

### C.  Status Conferences:

Counsel shall report to the Court regarding the implementation of this Order at the status conferences set in Pre-Trial Order No. 92 (Rec. Doc. 23566) for **Thursday, January 5, 2012** and **Friday, February 3, 2012.**

New Orleans, Louisiana, this __21ˢᵗ__ day of December, 2011.

                                                **KURT D. ENGELHARDT**
                                                **United States District Court**