UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER                         MDL NO. 1873
FORMALDEHYDE
PRODUCT LIABILITY LITIGATION                SECTION "N-5"

                                            JUDGE ENGELHARDT
                                            MAG. JUDGE CHASEZ

THIS DOCUMENT IS RELATED TO:
*Duncan, et al v. Thor California, Inc, et al, 09-5249*
*McCrary v. Thor California, Inc., et al, 09-5975*
*Daigle v. Am. Int'l Specialty Lines, Co., et al, 09-7541*
*Keddy v. Am. Int'l Specialty Lines, Co., et al, 09-7542*
*Hargis, et al v. Thor California, Inc., et al, 10-2412*
*Whitten, et al v. Thor Industries, Inc., et al, 11-0553*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION
FOR LEAVE TO FILE AMENDED COMPLAINTS**

MAY IT PLEASE THE COURT:

Plaintiffs in the above named suits respectfully move this Honorable Court for leave to amend their complaints to reflect the proper Defendant manufacturer. Plaintiffs originally sued Thor California, Inc., a subsidiary of Thor Industries, Inc.; however, it has become apparent that Dutchmen Manufacturing, Inc. (hereinafter "Dutchmen"), another subsidiary of Thor Industries, Inc., should be substituted in place of Thor California, Inc.

Plaintiffs originally sued Thor California, Inc. because of confusion caused by FEMA matching responses. Plaintiffs have attached an excerpt of the matching responses that begin with "47CT" as Exhibit "A." This excerpt of 618 matching responses contains matches to roughly ten (10) different manufacturers. 44% of these responses match plaintiffs to Thor, Thor California, Inc., Thor Industries, or Thor Industries, Inc., and 36% of these responses match plaintiffs to Dutchmen.

Counsel for the "Thor group," which includes, but is not limited to, Keystone RV Company, Dutchmen Manufacturing, Inc., Thor California, Inc., DS Corp. d/b/a Crossroads RV, Komfort Corporation, Damon Corporation, and Four Winds International Corporation, notified Palmer Lambert or Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C. of the prominence of such a naming problem with respect to Thor California, Inc. and Dutchmen Manufacturing, Inc. in telephone conversation on November 8, 2011. Thereafter, proposed pleadings to correct these naming issues were drafted and circulated with counsel for the Thor group on December 16, 2011. Counsel for the Thor group has informed they will not consent to the proposed amendments. Therefore, Plaintiffs will present this Court with ample support for the proposed amendments pursuant to the relation back provisions of Federal Rule of Civil Procedure 15.

## LAW AND ARGUMENT

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve Plaintiffs' claims against the proper manufacturing defendant. Leave to amend Plaintiffs' complaints should therefore be granted. *See Id.*

Plaintiffs submit that prescription has been interrupted as to Dutchmen under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitations allows relation back;

2

    (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; **or**

    (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i) Received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

> In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir. 1989). . . . The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:
>
>> Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
>
> If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, for all movants except the *Whitten* plaintiffs,[1] Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally named joint tortfeasors, the named contractor defendant and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Dutchmen. For the *Whitten* plaintiffs (Mississippi), the applicable statute of limitations is tolled under Mississippi law against Dutchmen for the reasons set forth in the following two paragraphs. *See* Miss. R. Civ. P. 15(c). Therefore, the action has not prescribed against Dutchmen, and Plaintiffs' proposed amendments are not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. Notwithstanding the tolling of the prescriptive period against Dutchmen, the allegations asserted in the proposed amending complaints arise out of the same conduct, transaction, or occurrence set forth in the original Complaints. Indeed, in

---

[1] The *Whitten* plaintiffs' claims are also tolled under applicable Mississippi law. Mississippi Code of Civil Procedure article 15(c) states:

> **c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by Rule 4(h) for service of the summons and complaint, the party to be brought in by amendment:
>
> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and
>
> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party. An amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.

4

their proposed Supplemental and Amending Complaints, Plaintiffs simply substitute Dutchmen for Thor California, Inc. and re-aver substantive allegations.

Finally, Dutchmen is: (1) a part of the Thor group with Thor California, Inc.; (2) represented by the same counsel as Thor California, Inc.; and (3) insured under the same insurance policy as the other Thor group entities, including Thor California, Inc. As evidenced by Exhibit "A," Plaintiffs have a good faith basis for confusion over the naming of the proper manufacturing defendant. Moreover, Dutchmen had notice of the particular causes of actions of Plaintiffs who sued Thor California, Inc. in this litigation, and, more importantly, counsel for the Thor group was provided VIN numbers in Plaintiffs' Plaintiff Fact Sheets ("PFSs"). Because a PFS with a VIN that matched a Dutchmen unit was provided to counsel for the Thor group, Dutchmen will not be prejudiced by the addition movants as Plaintiffs, especially when another Thor group entity is reciprocally relieved of the same number of claims.

WHEREFORE, Plaintiffs pray that this Honorable Court grant leave to file the attached proposed amending complaints.

    Respectfully submitted:

    **GAINSBURGH, BENJAMIN, DAVID,**
    **MEUNIER & WARSHAUER, L.L.C.**

BY:    s/Justin I. Woods
        GERALD E. MEUNIER, #9471
        JUSTIN I. WOODS, #24713
        Gainsburgh, Benjamin, David,
        Meunier & Warshauer, L.L.C.
        2800 Energy Centre
        1100 Poydras Street
        New Orleans, Louisiana  70163
        Telephone:    504/522-2304
        Facsimile:    504/528-9973
        jwoods@gainsben.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 21, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

               s/Justin I. Woods
               JUSTIN I. WOODS, #24713