In Re: FEMA TRAILER     MDL NO. 07-1873
   FORMALDEHYDE PRODUCTS
   LIABILITY LITIGATION
             SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 10-2248

## ORDER AND REASONS

  Before the Court is Plaintiff's Motion for Relief from a Judgment or Order (Rec. Doc. 23478), filed by plaintiff Javious Magee. Sentry Insurance A Mutual Company ("Sentry") has filed a memorandum in opposition to the motion. (Rec. Docs. 23518). Crum & Forster Specialty Insurance Company has joined in Sentry's opposition. (Rec. Doc. 23615). With the Court's permission, the movant has filed a supplemental memorandum (Rec. Doc. 23898), to which Sentry has filed a supplemental opposition (Rec. Doc. 23907).

## I. BACKGROUND:

  The movant seeks reconsideration of an Order and Reasons dated October 5, 2011 (Rec. Doc. 23040), dismissing the claims of Javious Magee, among others. In that ruling, the Court granted a motion to dismiss the movant's claims with prejudice on the ground that he had failed to comply with the Court's orders by failing to cure material deficiencies in his Plaintiff Fact Sheet. (Rec. Doc. 22643, 23040).

### A. The FEMA Trailer Formaldehyde Products Liability Litigation:

  This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since October 24, 2007. The plaintiffs are individuals

who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita. In general, they claim injuries resulting from alleged exposure to the release of formaldehyde and/or formaldehyde vapors in these units. Plaintiffs have sued over 100 entities, including the Government. In all, 4693 cases are associated with this MDL, with 4103 of them still pending. *See* Joint Report No. 25 of Liaison and Government Counsel (Rec. Doc. 22939). It has been estimated that more than 66,000 plaintiffs have submitted a Plaintiff Fact Sheet. *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

**B. Procedure for Dismissal of Claims for Failure to Comply with Discovery:**

A litigation of this size and complexity requires a well drawn case management structure. To this end, shortly after the creation of the MDL, this Court issued Pre-Trial Order No. 2, mandating that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS), within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, provided in section III(D) a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9. The Court reiterated this procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180, signed Mar. 18, 2009). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established herein, a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims

should be dismissed for failure to comply with the Court's applicable Orders." *Id*.  In Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

### C. **The Movants' Deficiency Process**:

The history of the PFS deficiency process of Javious Magee is set out more fully in the Court's original Order and Reasons and the parties' underlying motion papers.  (Rec. Docs. 22643, 23008, 23040).   A deficiency notice was served on Mr. Magee on March 24, 2011.  (Rec. Docs. 22043-2).   Counsel for Mr. Magee attempted to reach him for more than two years in an effort to obtain the information necessary to fulfill his PFS obligations, making weekly telephone calls, performing computer-based person searches, and sending multiple letters, to no avail.  (Rec. Docs. 23008-1).  In addition, counsel for Mr. Magee attempted to avoid dismissal by serving supplemental PFS answers in response to the deficiency notices.  Rec. Doc. 22643-2.  However, since they were unable to contact their client, these supplemental responses did not cure the deficiencies.  *Id.* Plaintiffs' counsel also filed a memorandum in opposition to the motion seeking to dismiss the plaintiff's claims.  *See* Rec. Docs. 23008.  Nevertheless, the Court found a clear record of delay and contumacious conduct on the part of Mr. Magee and found that the blame for this delay and failure to prosecute lay with the plaintiff himself, not with his counsel.  *See* Order & Reasons entered Oct. 5, 2011, Rec. Doc. 23040.  Accordingly, the Court concluded that the high threshold for dismissal under Rule 41(b) had been met.  *Id.*

### D. **The Movant's Asserted Bases for Relief from Judgment**:

In the instant motion, the movant seeks relief from the Court's ruling on the basis of "excusable neglect," "mistake," and "inadvertence" under Rule 60(b)(1). Specifically, the movant argues that it was a mistake or inadvertence that his address was recorded incorrectly in his attorneys' files, so that the multiple letters seeking PFS information were sent to the wrong address. He also argues that it was inadvertence or excusable neglect that his health and hospital visits prevented him from staying in contact with his counsel. He further argues that this information justifies relief as "newly discovered evidence" under Rule 60(b)(2). Finally, the movant argues that the Court should vacate its previous orders to under the omnibus clause of Rule 60(b)(6), which allows relief for "any other reason that justifies relief."

## II. **APPLICABLE LAW**:

### B. **Rule 60(b)**:

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used

as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.' " *Edward H. Bohlin Co.*, 6 F.3d at 356 (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984).

1. Rule 60(b)(1):  Mistake, Inadvertence, Surprise, or Excusable Neglect:

"While Rule 60(b)(1) allows relief for 'mistake, inadvertence ... or excusable neglect,' these terms are not wholly open-ended." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir.1985). The Fifth Circuit has made clear that relief under Rule 60(b) is an extraordinary remedy, which will be granted only in "unusual or unique circumstances." *Id.* at 286.[1]  "Gross carelessness is not enough.  Ignorance of the rules is not enough, nor is ignorance of the law." *Id.* (citation omitted). Indeed, the Fifth Circuit has stated that "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward*

---

[1]  *See also Petter v. Bickham* (*In re Pettle*), 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy [and that] "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." ' ") (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.1998) (citation omitted)); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d at 355-57 ("Rule 60(b) relief will only be afforded in 'unique circumstances.'").

*H. Bohlin Co.*, 6 F.3d at 357.  Likewise, "the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting relief from summary judgment contemplated by Rule 60(b)." *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989); *see also Edward H. Bohlin Co.*, 6 F.3d at 357 ("A party has a duty of diligence to inquire about the status of a case...."); *Pryor*, 769 F.2d at 287 ("This Court has pointedly announced that a party has a duty of diligence to inquire about the status of a case....").  Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable."  *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), faced with determining whether an attorney's neglect was "excusable" within the context of the Bankruptcy Rules, the Supreme Court provided useful guidance for determining "excusable neglect" under Rule 60(b)(1).  The Court stated: "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.*  Such circumstances "include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.*; *see also Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002) (citing *Pioneer* in the context of Rule 60(b)(1)), *cert. denied*, 537 U.S. 1181 (2003).

Finally, in the context default judgments, the Fifth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default

judgment under Rule 60(b)(1): '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct." *Rogers*, 167 F.3d at 938-39 (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir.1985)). "These factors are not 'talismanic.' " *Id.* The decision is within the district court's discretion, and the court may consider other factors. *Id.*

Here, the ruling at issue is not a default judgment against defendants who failed to appear. Nevertheless, as a dismissal for failure to prosecute and noncompliance with court orders, it shares one of the characteristics of default judgments, namely an adjudication without full consideration of the substantive merits. Thus, the above factors are applicable here, albeit in a slightly amended form (*i.e.,* the extent of prejudice to the *defendants*, the merits of the *plaintiff's* arguments, and the culpability of the *plaintiff's* conduct).

2. Rule 60(b)(2): "Newly Discovered Evidence":

Rule 60(b)(2) allows relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "To obtain Rule 60(b)(2) relief, a movant must demonstrate: '(1) that it exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.' " *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir.2005) (quoting *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003)); *see also Government Financial Services One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 771 (5th Cir. 1995) ("To succeed on a motion brought under 60(b)(2) based on newly discovered evidence, the movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) the evidence is

material and controlling and clearly would have produced a different result if presented before the original judgment. The newly discovered evidence must be in existence at the time of trial and not discovered until after trial.") (internal quotations and citations omitted).

3. Rule 60(b)(6) Omnibus Clause:

Rule 60(b)(6) allows a court to set aside a final judgment, order, or proceeding "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393; *see also Edward H. Bohlin Co.*, 6 F.3d at 357 (Clause (6) is designed "to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances."). "If a party is partly to blame for the delay, relief must be sought...under subsection (1) and the party's neglect must be excusable." *Id.* Subsection (6) applies where a party is unable to take the necessary legal action "for reasons beyond his or her control." *Id.* at 394 (citing *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (petitioner qualified for subsection (6) and was not relegated to subsection (1) where his failure to defend against denaturalization charges was due not to neglect, but to reasons beyond his control, *i.e.*, being imprisoned, ill, and "without a lawyer in the denaturalization proceedings or funds to hire one").[2] The Fifth Circuit has stated that where a party submits previously undisclosed evidence that is "so central to the litigation that it shows the initial judgment to have been manifestly unjust," relief under rule 60(b)(6) may be proper "even though the original failure to present that information

---

[2] A Rule 60(b) motion must be brought within one year if it is based on subsection (1) ("mistake, inadvertence, surprise or excusable neglect"). Fed. R. Civ. P. 60(c)(1). A motion under subsection (6) is not subject to this time bar. Thus, in *Klapprott*, where the motion was filed more than one year after judgment was entered, the petitioner could qualify for relief only by establishing that he did not fall within subsection (1).

was inexcusable." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (5th Cir. 1980).

## III.  ANALYSIS:

The movant asserts three legal bases for relief, as set forth above:  (1) "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1); (2) "newly discovered evidence" under Rule 60(b)(2); and (3) the omnibus clause of Rule 60(b)(6), which allows relief for "any other reason that justifies relief."   However, the factual bases for the arguments are the same under each theory:  (1) his health and hospital visits prevented him from staying in contact with his counsel; and (2) his address was recorded incorrectly in his attorneys' files, so that the multiple letters seeking PFS information were sent to a wrong address.

### A.  Health and Hospital Visits:

Movant argues for relief from judgment on grounds that his health and hospital visits prevented him from staying in contact with his counsel.  The Court is unpersuaded.  The only evidence submitted in support of this argument is the affidavit of Nicole Porter, plaintiff's counsel's project coordinator, who attests: "On October 14, 2011, we were successful in reaching Javious Magee's mother and she told us that Javious had been in and out of the hospital."  *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 23478-1).  This statement is hearsay by a witness who has no personal knowledge of the matter asserted (*i.e.*, that Mr. Magee had been in fact "in and out of the hospital").[3]  Thus, it does not support the movant's argument.  *See* Fed. R. Evid. 801-805; *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) ("Neither the district court nor this court may properly consider hearsay evidence in affidavits and depositions.").

---

[3]  It is unclear whether the hearsay declarant (*i.e.*, the mother) had personal knowledge of the matter asserted or whether she in turn had been told by her son or someone else that he had been "in and out of the hospital."

Moreover, even if the affidavit testimony had been non-hearsay by a witness competent to testify about the matter, it would nonetheless fail to support the movant's argument because it provides no facts that might lead the Court to reach a different conclusion regarding the dismissal of the movant's claims. For example, the affidavit fails to state when the movant was in the hospital, the reason for the visit, the nature of the visit (*e.g.*, was he hospitalized, visiting the emergency room, or undergoing an outpatient procedure?), the duration of the visit(s), the number of visits, or the dates of the visits. The affidavit also fails to state whether the movant suffers or suffered from any incapacity that might have impaired his ability to follow his case and stay in touch with his attorneys. Thus, it fails to establish excusable neglect or any other basis justifying relief from the Court's previous ruling. Moreover, the Court would not on the basis of this evidence reach a different decision regarding any of the findings upon which the previous ruling was based.

**B. <u>Incorrect Address in Attorneys' File</u>:**

The other factual basis for relief asserted by the movant is that "his address was not recorded correctly" in his attorneys' files, so that the multiple letters seeking PFS information were sent to the wrong address. From the original memoranda and supporting affidavit, the Court was unable to determine whether the attorneys' staff made a clerical mistake in recording the address, the plaintiff provided an incorrect address, or the plaintiff subsequently moved and neglected to give his attorneys his new address. On this point, the original supporting affidavit by plaintiff's counsel's employee stated only: "We had learned that address where we [were] sending mail to Javious was wrong..." and "None of the phone numbers we had on file for Javious Magee worked." (Rec. Doc. 23478-3). Neither the memorandum nor the affidavit explained how or when the attorney's file came to contain an incorrect address and telephone number.

This is a critical point. Under Rule 41(b) and Rule 37(b)(2), it is important that the Court make a finding that the fault for the delay and/or noncompliance lies with the plaintiff himself and not with his counsel.[4]   In its prior Order and Reasons, the Court made such a finding and its dismissal of the movant's claims rested on this finding. Consequently, after the instant motion was submitted, the Court issued an Order allowing the movant to submit a supplemental memorandum and affidavit clarifying the circumstances regarding the incorrect address. *See* Rec. Doc. 23816. The movant filed a supplemental memorandum (Rec. Doc. 23898), and Sentry filed a supplemental opposition (Rec. Doc. 23907).

In the supplemental memorandum, plaintiff's counsel explains that the incorrect address was the result of a data entry error. *See* Rec. Doc. 23898 at 2. In creating a computer file for the movant, the person inputting the data apparently typed the correct street address for the movant's home in Tylertown, Mississippi, but typed the city and state of the movant's grandmother's address in Franklinton, Louisiana. *Id.*  Plaintiff's counsel did not discover this error until October 2011, after the movant's claims had been dismissed. *See* Exhibit B to Plaintiff's Supplemental Memorandum in Support (Rec. Doc. 23898-2 ¶¶ 5-6).

---

[4]  Under Rule 41(b), " 'delay caused by [the] plaintiff himself and not his attorney' " is among the aggravating factors that the Fifth Circuit requires for dismissal. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)). In addition, the Fifth Circuit has articulated four factors under Rule 37(b)(2) "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result " 'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;' " (2) "*the violation ... must be attributable to the client instead of the attorney*;" (3) the violation " 'must substantially prejudice the opposing party;' "and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect."   *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994) (emphasis added) (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

Thus, contrary to the Court's finding in its previous Order and Reasons, the blame for the movant's noncompliance with the Court's orders lies at least in part with the office of plaintiff's counsel, rather than with the plaintiff himself. Thus, the question for the Court is whether the neglect or inadvertence of plaintiffs' counsel or their staff is "excusable."

The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395. In addition, the Court should consider the extent of prejudice to the defendant, the merits of the plaintiff's arguments, and the culpability of the plaintiff's conduct. *Rogers*, 167 F.3d at 938-39 (citation omitted).

Considering all of the circumstances, the Court finds that the neglect was excusable. Counsel acted in good faith and their neglect was negligible. Their failure to deliver notices intended for their client was due to a clerical error. In litigation as large and complex as this, mistakes are bound to occur. It is important here that the length of the delay and its potential impact on the judicial proceedings are very slight. Moreover, the prejudice to the defendants is negligible. The only consequence to them of granting relief to the movant is that they will now be required to defend against plaintiff's claims on the merits, rather than having them dismissed for failure to prosecute. Finally, perhaps the most important factor in the Court's analysis is that the evidence presented here would have resulted in a different outcome had it been known and presented prior to the Court's dismissal of the movant's claims. Given the new evidence, the Court would have

been unable to find that the fault for the movant's delay and noncompliance lay with the movant himself and not with counsel.[5]

Therefore, considering all of the circumstances and weighing all of the equities, the Court concludes that relief from its prior ruling is appropriate under Rule 60(b)(1) and (2). Accordingly,

**IT IS ORDERED** that the **Plaintiff's Motion for Relief from a Judgment or Order (Rec. Doc. 23478)**, filed by plaintiff Javious Magee, is **GRANTED**.

**IT IS FURTHER ORDERED** that this Court's **Order and Reasons dated October 5, 2011 (Rec. Doc. 23040)**, in which the Court granted the Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiffs Fact Sheets (Rec. Doc. 22643) is hereby **VACATED IN PART**, in that it is vacated only with respect to Javious Magee.

**IT IS FURTHER ORDERED** that the claims of plaintiff Javious Magee are hereby reinstated.

New Orleans, Louisiana, this   21st   day of December, 2011.

_____
**KURT D. ENGELHARDT**
**United States District Court**

---

[5] The movant has not explained why he did not provide current telephone numbers to his attorneys. Nevertheless, even if the blame for this lies with the movant himself and not with counsel, the Court would not have dismissed his claims had it known then as it knows now that, without his fault and for reasons beyond his control, the notices that counsel had been sending him for two years had been sent to a nonexistent address.