UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * * * * * * * * | CIVIL ACTION NO. 1873 |
| | * | JUDGE ENGELHARDT |
| This Document Relates To: | * * | |
| *Kinard Parish, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 10-2276) | * * | MAGISTRATE CHASEZ |

*************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS

Defendant, Morgan Buildings & Spas, Inc. (Morgan), moves this Court to dismiss the claims filed by Kinard Parish and Viola Ishem because they failed to comply with Pretrial Order No. 32 as it relates to their obligation to produce a completed Plaintiff Fact Sheet.

**I.     Background**

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[1] Thereafter, numerous new suits were filed in or transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[2]

---

[1] R. Doc. Nos. 599 and 604.
[2] R. Doc. No. 1781.

397228.1

On July 30, 2010, plaintiffs filed the matter styled *Kinard Parish, et al. v. Morgan Buildings and Spas, Inc., et al.*, bearing Eastern District of Louisiana, Civil Action No. 10-2276. The plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Louisiana, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005. The plaintiffs also alleged that Morgan manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* E. Dist. of La. Civil Action No. 10-2276, R. Doc. 1 at ¶ 12.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[3]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[4]

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[5] Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets. Due to the large number of cases filed in summer 2009, Pre-Trial Order

---

[3] *See* R. Doc. No. 87.
[4] *See id.*, p. 7.
[5] *See id.*, p. 8.

397228.1

2

No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[6] The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[7] Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[8] To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number. After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants. Pre-Trial Order No. 68 introduced a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[9]

## II. Kinard Parish's and Viola Ishem's Claims Should Be Dismissed With Prejudice For Failure to Comply With Pre-Trial Order No. 32

As set forth above, the Court has entered several pre-trial orders relating to Plaintiff Fact Sheet discovery. In addition to introducing the Plaintiff Fact Sheet, Pre-Trial Order No. 2 also established a process for "curing" deficiencies in the fact sheets. Pursuant to Pre-Trial Order No. 2, when any plaintiff failed to materially comply with the obligations to submit a completed Plaintiff Fact Sheet within the timelines established, counsel for the defendants was to send the

---

[6] *See* R. Doc. No. 1180.
[7] R. Doc. No. 1596.
[8] R. Doc. No. 10228.
[9] R. Doc. No. 14200.

397228.1

3

plaintiff's counsel a letter explaining the material deficiency in the Plaintiff Fact Sheet.[10] The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within 30 days.[11] Additionally, Pre-Trial Order No. 88 identified twenty-three key Plaintiff Fact Sheet questions which were necessary for the purpose of exploring global resolution of claims.[12] This Court has stated that, while the purpose of Pre-Trial Order No. 88 was to streamline temporarily the Plaintiff Fact Sheet information gathering process, the information identified in Pre-Trial Order No. 88 "is most vital and pressing in moving this matter toward resolution" which this Court finds "instructive on the issues of materiality and prejudice."[13]

On June 17, 2011, Morgan's counsel wrote to plaintiffs' counsel because Morgan had no record of Kinard Parish or Viola Ishem submitting a Plaintiff Fact Sheet.[14] On July 6, 2011, plaintiffs' counsel's assistant wrote to Morgan's counsel identifying Mr. Parish's and Ms. Ishem's Plaintiff Fact Sheets.[15] Morgan has determined that Mr. Parish's and Ms. Ishem's Plaintiff Fact Sheets contain several deficient responses.

Mr. Parish indicated that he is making a claim for medical expense, but failed to state the amount of his claim. (Section III(C)(9)).[16] Though he makes a claim for medical expenses and identifies pharmacies that have dispensed medication to him in the last seven years (*see* Section IX(F)), Mr. Parish failed to answer the questions in Section VII concerning medical diagnosis by health care providers (Section VII(B)) and did not identify his current primary care physician, the health care facilities where he received outpatient treatment or was admitted during the last

---

[10] R. Doc. No. 87, pp. 8-9.
[11] *Id.*; *See also* Pre-Trial Order No. 32, R. Doc. No. 1180, p. 5.
[12] R. Doc. No. 22153.
[13] *See* R. Doc. No. 22802, fn. 3.
[14] Exhibit A – June 17, 2011 letter from A. Stout to K. Grillo.
[15] Exhibit B – July 6, 2011 letter from W. Lee to A. Stout.
[16] Exhibit C – Kinard Parish's Plaintiff Fact Sheet.

397228.1

4

seven years, or his health care providers for the last seven years. (Section IX(A), (C), (D), and (E)).[17] In response to some of these questions, Mr. Parish refers to his response to Section III(C)(3) and the other questions in Section IX. However, these referenced sections contain no information about health care providers or heath care facilities. Mr. Parish also did not provide his weight prior to living in a THU. (Section IV(B)).[18]

Mr. Parish identified the manufacturer of his THU as "Morgan Building Srs Ins." but failed to provide the FEMA Bar Code number of the unit. (Section V(A)). Additionally, the VIN number provided is not a valid VIN number.[19] Mr. Parish also did not date any of the releases necessary for Morgan to obtain relevant records.[20]

Viola Ishem also indicated that she is making a claim for medical expense, but failed to state the amount of her claim. (Section III(C)(9)).[21] Responding to Section VII(B) concerning health care providers who treated her, she referred to Section III(C)(3), which did not provide any information about health care providers.[22] Ms. Ishem also did not answer any of the question in Section IX concerning medical providers, with the exception of Section IX(E), where she again referred to Section III(C)(3) and the other parts of Section IX. Since these sections contained no medical information, Ms. Ishem effectively did not respond to Section IX(E).[23]

Ms. Ishem did not provide her driver's license number or the state issuing her license. (Section IV(B)).[24] She also did not provide any employment information. (Section IV(F)).[25]

---

[17] *Id.*
[18] *Id.*
[19] *Id.* At some point, Mr. Parish submitted an Amendment to the Plaintiff Fact Sheet, identifying the "defendants named" as Morgan Building & Spas, Inc. No other information identifying his trailer was provided. Also, the Amendment was not signed, though his original Plaintiff Fact Sheet Certification was attached. *See* Exhibit D – Kinard Parish's Amendment to the Plaintiff Fact Sheet.
[20] Exhibit C.
[21] Exhibit E – Viola Ishem's Plaintiff Fact Sheet.
[22] *Id.*
[23] *Id.*
[24] *Id.*

397228.1

5

Ms. Ishem stated that the manufacturer of her THU was "Morgan," but she did not provide a VIN number or a FEMA Bar Code number of her THU. (Section V). Ms. Ishem did not provide the approximate size of her THU, nor did she respond to the question asking how many days per week she worked outside the home during the time she lived in the THU. (Section V).[26] Additionally, Ms. Ishem failed to date her Plaintiff Fact Sheet and only partially completed the releases necessary for Morgan to obtain relevant records.[27]

Kinard Parish and Viola Ishem failed to provide any valid identifying information about their THUs which would allow Morgan to confirm that they actually lived in Morgan-procured trailers. Morgan did not construct THUs.[28] Morgan procured THUs directly from limited, specific manufacturers and did not act as a general procuring agent for FEMA. James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition. Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of THUs were Fleetwood, Recreation by Design, and Monaco.[29] Mr. Schilligo again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.[30] Kinard Parish's and Viola Ishem's failure to provide any information which confirms that they lived in Morgan-procured THUs, or even a THU manufactured by one of Morgan's suppliers, justifies dismissal of their claims against Morgan with prejudice.

---

[25] *Id.*
[26] *Id.* Ms. Ishem also submitted an Amendment to the Plaintiff Fact Sheet where she identified Morgan Buildings & Spas, Inc. as the "Defendants Named," but did not provide any other identifying information about her THU. Ms. Ishem also did not sign the amendment, submitting, instead, a copy of her original Plaintiff Fact Sheet Certification. *See* Exhibit F – Viola Ishem's Amendment to the Plaintiff Fact Sheet.
[27] Exhibit E.
[28] Exhibit G - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 24:12-23.
[29] Exhibit H - August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13.
[30] Exhibit G, at 19:9-20:21.

397228.1

## III. Conclusion

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Berry v. CIGNA/RSI_CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Texas,* 981 F.2d 237 at 242-243. Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice." *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970). Additionally, Fed. R. Civ. P. 37(b)(2)(VI) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with Pre-Trial Orders No. 32, Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(VI), the proper remedy is dismissal of Mr. Parish's and Ms. Ishem's claims, with prejudice.

As a defendant evaluates whether to become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, a defendant must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. In the absence of complete discovery responses, provided in a timely manner, such as described in Pre-Trial Order No. 2, Morgan is prejudiced. Because a complete and cured Plaintiff Fact Sheet has not been provided by Mr. Parish or Ms. Ishem, good cause exists for the Court to prevent further prejudice to Morgan and dismiss their claims.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone: (225) 383-9000
Facsimile: (225) 343-3076

ATTORNEYS FOR MORGAN BUILDINGS AND SPAS, INC.

### Certificate of Service

I certify that, on December 27, 2011, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

397228.1