UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * | CIVIL ACTION NO. 1873 |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| This Document Relates To: | * | |
| | * | |
| *Helen Albarado, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 10-3702) (Henry H. Vandenborre, Jr. and Brian Joseph Dobronich) | * | MAGISTRATE CHASEZ |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS

Defendants, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court to dismiss the claims of Henry H. Vandenborre, Jr. and Brian Joseph Dobronich, with prejudice, because they failed to comply with Pre-Trial Order No. 32 as it relates to their obligation to produce completed Plaintiff Fact Sheets. Thus, their claims should be dismissed for failure to comply with Pre-Trial Order Nos. 2 and 32.

### I.      Background

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants. Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[2] Thereafter, numerous new suits were filed in or

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.
[2] *See* R. Doc. Nos. 599 and 604.

transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[3]

On October 15, 2010, plaintiffs filed the matter styled *Helen Albarado, et al. v. Morgan Buildings and Spas, Inc., et al.* in the Eastern District of Louisiana, Civil Action No. 10-3702. The plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Louisiana, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005. The plaintiffs also alleged that the Morgan defendants manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* E. Dist. La. Civil Action No. 10-3702, R. Doc. No. 1.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved. On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[4]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[5]

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[6] Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning

---

[3] *See* R. Doc. No. 1781.
[4] *See* R. Doc. No. 87.
[5] *See id.,* p. 7.
[6] *See id.,* p. 8.

Plaintiff Fact Sheets. Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[7] The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[8] Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[9] To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number. After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants. Pre-Trial Order No. 68 introduced a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[10]

## II. Mr. Vandenborre's and Mr. Dobronich's Claims Should Be Dismissed With Prejudice For Failure to Comply With Pre-Trial Order Nos. 2 and 32.

As set forth above, the Court has entered several pre-trial orders relating to Plaintiff Fact Sheet discovery. In addition to introducing the Plaintiff Fact Sheet, Pre-Trial Order No. 2 also established a process for "curing" deficiencies in the fact sheets. Pursuant to Pre-Trial Order No. 2, when any plaintiff failed to materially comply with the obligations to submit a completed Plaintiff Fact Sheet within the timelines established, counsel for the defendants was to send the

---

[7] *See* R. Doc. No. 1180.
[8] R. Doc. No. 1596.
[9] R. Doc. No. 10228.
[10] R. Doc. No. 14200.

plaintiff's counsel a letter explaining the material deficiency in the Plaintiff Fact Sheet.[11]  The letter would specifically list each alleged material deficiency and state that the defendants would seek dismissal if the plaintiff failed to cure the deficiencies within 30 days.[12]  Additionally, Pre-Trial Order No. 88 identified twenty-three key Plaintiff Fact Sheet questions which were necessary for the purpose of exploring global resolution of claims.[13]  This Court has stated that, while the purpose of Pre-Trial Order No. 88 was to streamline temporarily the Plaintiff Fact Sheet information gathering process, information identified in Pre-Trial Order No. 88 "is most vital and pressing in moving this matter toward resolution" which this Court finds "instructive on the issues of materiality and prejudice."[14]

Henry H. Vandenborre, Jr., failed to provide sufficient responses to several Plaintiff Fact Sheet questions. On June 17, 2011, counsel for Morgan wrote to plaintiffs' counsel requesting that Mr. Vandenborre supplement his Plaintiff Fact Sheet responses.[15]  On August 15, 2011, plaintiffs' counsel wrote to Morgan's counsel stating that they are attempting to cure Mr. Vandenborre's deficiencies.[16]  To date, Morgan has not received a supplemental Plaintiff Fact Sheet for Mr. Vandenborre.

In his original Plaintiff Fact Sheet, Mr. Vandenborre failed to answer several Plaintiff Fact Sheet questions.  Mr. Vandenborre did not respond to Section III(C)(5) concerning when his alleged injury first occurred.[17]  Mr. Vandenborre did not identify his current employer (though he listed his job duties) and he did not provide any information concerning his past employment.

---

[11] R. Doc. No. 87, pp. 8-9.
[12] *Id.*; *See also* Pre-Trial Order No. 32, R. Doc. No. 1180, p. 5.
[13] R. Doc. No. 22153.
[14] *See* R. Doc. No. 22802, fn. 3.
[15] Exhibit A – June 17, 2011 letter from A. Stout to R. Burns.
[16] Exhibit B – August 15, 2011 letter from R. Burns to A. Stout.
[17] Exhibit C – Henry H. Vandenborre, Jr.'s Plaintiff Fact Sheet, p. 4.

(Section IV(F)).[18]  Mr. Vandenborre also did not respond to the questions concerning his height, weight or smoking history. (Section VI(A)-(C)).[19]

Concerning his THU, Mr. Vandenborre provided information for "Trailer 2," suggesting that he resided in more than one THU.  However, the information provided appears to be associated with only one trailer. (Section V).[20]  With regard to that THU, Mr. Vandenborre did not provide his FEMA Bar Code number or the approximate size of his THU. (Section V(A)(4) and (11)-(12)).[21]

Brian Dobronich also failed to provide sufficient responses to several Plaintiff Fact Sheet questions.  On June 17, 2011, counsel for Morgan wrote to plaintiffs' counsel requesting that Mr. Dobronich supplement his Plaintiff Fact Sheet responses.[22]  On August 15, 2011, plaintiffs' counsel wrote to Morgan's counsel providing Mr. Dobronich's supplemental Plaintiff Fact Sheet responses.[23]  Despite amending several other Plaintiff Fact Sheet questions, Mr. Dobronich failed to adequately update his response to Section V(A) concerning his THU.  He identifies the manufacturer of his THU as Morgan, but has not provided a VIN number, FEMA Bar Code number or his FEMA ID number.  He states that he did not receive a FEMA ID number and that he does not know the THU's VIN number or Bar Code number and that he was unable to obtain this information from FEMA.[24]

Responses to the questions identifying the THUs are essential for Morgan to determine that Mr. Dobronich actually resided in a Morgan-procured unit.  Morgan's involvement in this

---

[18] *Id.*, at p. 5.
[19] *Id.*, at pp. 11-12.
[20] *Id.*, at p. 8.
[21] *Id.*, at pp. 8-9.
[22] Exhibit A.
[23] Exhibit B.
[24] Exhibit D – Brian Joseph Dobronich's amended Plaintiff Fact Sheet, p. 8.

MDL is different from the other manufacturers because Morgan did not construct THUs.[25] Morgan procured THUs directly from limited, specific manufacturers and did not act as a general procuring agent for FEMA. James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition. Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of THUs were Fleetwood, Recreation by Design, and Monaco.[26] Mr. Schilligo again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.[27]   Mr. Dobronich's failure to provide any information which confirms that he lived in Morgan-procured THUs, or even a THU manufactured by one of Morgan's suppliers, justifies dismissal of his claims against Morgan with prejudice.

## III.    Conclusion

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases. *See Berry v. CIGNA/RSI_CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Texas,* 981 F.2d 237 at 242-243. Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." The established rule in the Fifth Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice." *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid*

---

[25] Exhibit E - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 24:12-23.
[26] Exhibit F - August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13.
[27] Exhibit E, at 19:9-20:21.

*Shipping Ltd.*, 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson*, 430 F.2d 1214 (5th Cir. 1970). Additionally, Fed. R. Civ. P. 37(b)(2)(VI) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery. Therefore, in accordance with Pre-Trial Orders No. 32, Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2)(VI), the proper remedy is dismissal of Mr. Vandenborre's and Mr. Dobronich's claims, with prejudice.

As a defendant evaluates whether to become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, a defendant must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. In the absence of complete discovery responses, provided in a timely manner, such as described in Pre-Trial Order No. 2, Morgan is prejudiced. Because complete and cured Plaintiff Fact Sheets have not been provided by Mr. Vandenborre and Mr. Dobronich, and they failed to respond to a request to cure the deficiencies or provided supplemental responses that are still deficient, good cause exists for the Court to prevent further prejudice to Morgan and dismiss their claims.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

Attorneys for Morgan Buildings & Spas, Inc. and
Morgan Building Systems, Inc.


## Certificate of Service

I certify that, on December 27, 2011, a copy of this pleading was filed electronically with
the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison
counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout

397260.1

8