McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

June 17, 2011

Roberta L. Burns
Law Offices of Sidney D. Torres, III
8301 W. Judge Perez Drive
Suite 303
Chalmette, LA 70043

RE:   *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan
       Buildings & Spas, Inc.*

       *Helen Albarado, et al. v. Morgan Buildings and Spas, Inc., et. al. (10-
       3702)*

Dear Roberta:

On October 15, 2010, your firm filed the matter styled *Helen Albarado, et. al. v. Morgan Buildings and Spas, Inc., et al.*, bearing Eastern District of Louisiana Suit No. 10-3702. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (Morgan) are named as a manufacturing defendants. We are writing to request that you correct several deficiencies with the Plaintiff Fact Sheets (PFS) submitted by the plaintiffs in this matter.

We have no record of the following plaintiffs submitting PFS: Helen Albarado, Raymond Albarado, Linda Blanchard, Lynn Blasio, individually and o/b/o H███ M. Blasio, Mary Blasio, Anthony Brown, Candy L. Burkhardt, Cindy Burkhardt o/b/o B███, C████ Burkhardt, Rebecca A. Deroche, Madeline Deshotel, Melissa Deshotel, Timothy Deshotel, Jermaine J. Duplessis, Gary Eishtadt, Carl J. Fontenot, Pamela Jean Fontenot, Henry Fuselier, Justina M. Hardt, David Wayne Hernandez, Kathy Melerine Hernandez, Amelia Johnson, Henry Long, Marie L. Long, Albert J. Mackles, Clara Frances Mackles, Harold McCallon, Patricka McCallon, Judy Meyaux, Barbara Meyer, Paul Meyeux, Adam Henry Patcheco, Karen C. Patcheco, Patricia Patecheco, Yockey Patcheco, Philip Charles Perera, Albert Schmiderer, Angela M. Sentilles, Donald Glen Topey, Tanya Topey o/b/o K███ G██ Topey, Tanya Ann Topey, Chad Victorinana and Shirley Washington.

Pursuant to Pretrial Order No. 2, each plaintiff is required to serve upon Defendants' Liaison Counsel a completed and signed PFS. The plaintiffs were required to submit completed PFS within 30 days of filing the complaint. *See* Pretrial Order No. 32, page 4 § G. Thus, the plaintiffs were to submit completed PFS by November 15, 2010. We are not aware of any request by the plaintiffs for an extension of the applicable PFS deadlines. Pre-Trial Order Nos. 2

380483.1

EXHIBIT

A

Roberta L. Burns
June 17, 2011
Page 2

and 32 provide that any plaintiff who fails to serve a PFS within the time period established by the court shall have his claims dismissed with prejudice, upon an appropriate showing.

As the aforementioned plaintiffs are not in compliance with Pre-Trial Order Nos. 2 and 32, we intend to move for a dismissal with prejudice on or about July 15, 2011. If we are incorrect and a PFS was timely filed for a plaintiff, please identify the date of its original production and the title of the CD. Otherwise, please let us know if we may file our motion to dismiss as unopposed.

Please contact me on or before July 13, 2011 at 4:00 p.m. to hold a Rule 37.1 conference concerning the aforementioned plaintiffs' PFS. If we do not hear from you by this time, we will move forward with a motion to dismiss with prejudice.

With regard to the remaining plaintiffs in this suit, the attached spreadsheet outlines those sections for which insufficient responses were provided or no response was provided. In accordance with Pretrial Order Nos. 2, 32 and 86, please provide an amended PFS addressing the deficiencies noted for the remaining plaintiffs within 30 days. Otherwise, Morgan will proceed with filing a motion to dismiss their claims as well.

We also note that the names of two plaintiffs appear to have been duplicated in this suit: Clarence Blagio and Jay Authement. Clarence Blagio's name appears twice. The suit also identified Jay Authement and Jay J. Authement as plaintiffs. Please advise whether these names have been duplicated or if they are separate plaintiffs.

With kindest regards we remain,

Very truly yours,

McGlinchey Stafford, PLLC

Amanda S. Stout

Enclosure

380483.1

HELEN ALBARADO, ET AL.
VS.
MORGAN BUILDINGS & SPAS, INC., ET AL.
EDLA NO: 09-3702

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (if Not List Incomplete Sections |
|---|---|---|---|---|---|
| 1 | Albarado | Helen | | No | |
| 2 | Albarado | Raymond | | No | |
| 3 | Arceneaux | Felix, E. Jr. | | Yes | Section V: A-4, A-6 (better date), A-7 (better date), B<br>Section VI: F-3, F-4<br>Section IX: C, D, E<br>Missing: All executed authorizations, privacy act release, and certification |
| 4 | Atkinson | Johnny | | Yes | Section III: C-6<br>Section IV: (background): F-2<br>Section V: A-4, A-19<br>Section VII: B<br>Section IX: B, D, E |
| 5 | Atkinson | Peggy Ann | | Yes | Section V: A-4, A-19<br>Section VI: G<br>Section IX: B, D, E |
| 6 | Authement | Jay | | No (is this a repeat of Jay J. Authement?) | |
| 7 | Authement | Jay J. | | Yes (we have a Jay J. Authement Sr. –is this the same person?) | Section III: C-2<br>Section V: A-1, A-2, A-3, A-4<br>Section VII: B (need dates)<br>Section IX: B (need dates)<br>Missing: Executed Auth for Psychological Records |
| 8 | Authement | Jaylin A. | | Yes | Section IV (background): F-2<br>Section V: A-1, A-2, A-3, A-4<br>Section VII: B<br>Missing: Executed Auth for Psychological Records |
| 9 | Authement | Linda Ellen | | Yes | Section V: A-1, A-2, A-3, A-4<br>Section VII: B<br>Missing: (1) Executed Auth for Psychological Records, (2) Release of Records with no loss wages |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 10 | Begnaud | Linda | | Yes | PFS #1<br>Section V: A-8, A-13 (need date), B (last results needed)<br>Section VII: B<br>Section IX: B (need dates)<br><br>PFS #2<br>Section III: C-6<br>Section IV (background): E, F-1 (dates needed), G<br>Section IV (family): A (medical condition?)<br>Section V: A-8 (need better date), A-7 (need better date), B (need test info and results), F-1(need dates), F-2, F-4<br>Section VII: B (better addresses and need dates)<br>Section IX: Entire Section |
| 11 | Biddle | Dennis | | Yes | Section V: A-2, A-4, E (need full names)<br>Section IV: D |
| 12 | Biagio | Donald | | Yes | Section III: C-6, C-9<br>Section IV (background): F-1, F-2<br>Section IV (family): A<br>Section V: A-2, A-3, A-4, A-6 (better date), A-7 (better date), A-19 (need days), B (need name and date as well as the results), E (need nature of injuries)<br>Section VI: C-1, D-1, D-2, F-1, F-3 (need date)<br>Section VII: B<br>Section IX: Entire Section |
| 13 | Biagio | Rosemary | | Yes | Section III: C-5<br>Section IV: A<br>Section V: A-2, A-3, A-4, A-19 (need days), B (need name and date as well as the results), E (need nature of injuries)<br>Section VII: Entire Section<br>Section IX: B, C, D, E |
| 14 | Biagio* | Clarence | | Yes | Section IV (background): B, E, F-1, F-2<br>Section V: A-2, A-4, A-6 (better date), A-7 (better date), E (what is the injuries),<br>Section VII: B<br>Section IX: B (need date), E (need date) |
| 15 | Biagio** | Clarence | | No (Is this a repeat of Clarence Biagio?) | |
| 16 | Blanchard | Kenneth | | Yes | Yes |
| 17 | Blanchard | Linda | | Yes | Section IV (background): G (more info needed) |
| 18 | Biesio | Faith | | Yes | Section III: C-1<br>Section IV (background): F-1, F-2<br>Section V: A-2, A-4, A-6 (need better date), E (need injuries)<br>Section IX: D<br>Missing: All executed authorizations except to the Auth for Use and Disclosure of PHI |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 19 | Blasio | Lynn | Blasio, H... M. | No | |
| 20 | Blasio | Lynn T. | | No | |
| 21 | Blasio | Mary | | No | |
| 22 | Brown | Anthony | | No | |
| 23 | Bryant | Margaret Rhodes | | Yes | Section IV (background); F-1, F-2 |
| 24 | Bryant | William Hartam | | Yes | Section V: A-2 |
| 25 | Burkhardt | Candy L. | | No | Section V: A-2 |
| 26 | Burkhardt | Cindy | Burkhardt, E... C... | No | Section III: C-5 / Section V: A-3, A-4, E (need injuries and better dates) / Section VII: B / Section IX: Entire Section |
| 27 | Carnesi | Jerrilyn Canton | | Yes | Section III: C-5 / Section IV (background); F-2 (more jobs needed), G / Section V: A-2, A-3, A-4, E (need injuries) / Section VI: G / Section VII: B / Section IX: Entire Section |
| 28 | Carnesi | William | | Yes | |
| 29 | Deroche | Rebecca A. | | No | |
| 30 | Deshotel | Madeline | | No | |
| 31 | Deshotel | Melissa | | No | |
| 32 | Deshotel | Timothy | | No | |
| 33 | Desselle | Cora Lee | | Yes | Section VI: F-1 (date needed) |
| 34 | Desselle | Rene P. | | Yes | Section IV (background); F-1 (need better dates), F-2 / Section V: Need entire section for 2nd Trailer / Section VI: D-1, D-2, F-1 (need date) / Section IX: Entire section needs better dates and addresses |
| 35 | Dobronich | Brian Joseph | | Yes | Section V: A-2, A-3, A-4, A-6 (better date needed), A-19 (need more accurate answer of days) / Section VI: D |
| 36 | Drewes | Claude | | Yes | Section IV: F-1, F-2 / Section V: A-3, E (needs injuries) / Missing: Auth for Psychological records |
| 37 | Drewes | Laurie | | Yes | Section IV (background); F-2 (need dates) / Section V: A-4 / Section IX: Entire section needs better addresses / Missing: Auth for Psychological records |
| 38 | Ducote | Larry | | Yes | Yes |
| 39 | Duplessis | Jermaine J. | | No | |
| 40 | Eishtadt | Gary | | No | |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 41 | Erato | Will Warren | | Yes | Section V: A-6 (accurate date needed), A-7 (accurate date needed) |
| 42 | Estrada | Fatima | | Yes | Section IV (background): E, F-1 (need dates), F-2, Section IX: C, D, E Section IX: Entire Section Section VI: G-1 Section VII: B |
| 43 | Everhardt | Barbara Ann | | Yes | Section V: A-19 (need amount of days) Section IV (background): F-1 (need last employer) F-2 (need more jobs) Section VI: G-1 Section VII: B |
| 44 | Everhardt | Terry John | | Yes | Section V: A-4, E Section VII: B |
| 45 | Exnicicus | Thomas E. | | Yes | Section V: A-8 (need date), A-7 (need date), E (need dates and injuries) Section VI: G-1 Section IX: C, D, E |
| 46 | Facclon | Merrill S. | | Yes | |
| 47 | Fontenot | Carl J. | | No | |
| 48 | Fontenot | Pamela Jean | | No | |
| 49 | Fuseller | Henry | | No | |
| 50 | Hardt | Justina M. | | No | |
| 51 | Hernandez | David Wayne | | No | |
| 52 | Hernandez | Kathy Melerine | | No | |
| 53 | Johnson | Amelia | | No | |
| 54 | Johnson | Antonina | Johnson, Z█ J. | Yes | Trailer 2 PFS: Complete (with exception of signature issue on the authorizations) Trailer 1 PFS:  Section V: A-1, A-2, A-3, A-4, A-6

All authorizations for both are signed by Zack Johnson, HOWEVER, we need the signature form the guardian on them as well since this is a minor. |
| 55 | Johnson | Antonina Greco | | Yes | Trailer 2 PFS: Complete Trailer 1 PFS: Section V: A-2, A-3, A-4, A-6 |
| 56 | Johnson | John Marvin | | Yes | Trailer 2 PFS: Complete Trailer 1 PFS: Section V: A-2, A-3, A-4, A-6 Section IV (background): F-1 (need last employer), F-2 (need dates, address, occupations) |
| 57 | Keller | Raymond Patrick | | Yes | Section VI: G-1 Section IX: A, B, D, E Section III: C-5 Section V: A-2, A-4 |
| 58 | Kieff | Jennifer Ann | | Yes | Section VI: F-1 (need date Section VII: B (need additional info) |
| 59 | Long | Henry | | No | |
| 60 | Long | Marie L. | | No | |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 61 | Lopez | Theresa | | Yes | Section III: C-1, C-2, C-4, C-5, C-6, C-7<br>Section IV (background): B, C, E, F-1, F-2<br>Section IV (family Info): A<br>Section V: A-4, A-6, A-7, A-19, A-20, B, E (need dates)<br>Section VI: C-1, C-2, D-1, D-2, D-3, F-1, F-2, F-3, F-4, G<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section |
| 62 | Lund | Ora G. | | Yes | Section II: C<br>Section III: C-5, C-6<br>Section IV (background): F-1, F-2<br>Section V: A-6 (clear date needed), A-7 (clear date needed), A-13, B (when and who and need test results), D, E<br>Section VI: F-4 (need date)<br>Section VII (need treatment and dates)<br>Section IX: A, B, C, D, E |
| 63 | Lund | Louis E. | | Yes | Section II: C<br>Section III: C-5, C-8 (need address)<br>Section IV (background): F-1, F-2<br>Section V: A-2, A-4, A-6 (data needed), B (when and who and need test results), E<br>Section VI: G<br>Section VII: B (need treatment and dates), D<br>Section IX: Entire Section |
| 64 | Mackles | Albert J. | | No | |
| 65 | Mackles | Clara Frances | | No | |
| 66 | McCallon | Harold | | No | |
| 67 | McCallon | Patricka | | No | |
| 68 | McDonald | Owen | | Yes | Section IV (background): F-1 (need better date range), F-2 (need better date range)<br>Section V: A-2, A-4, E (need dates)<br>Section IX: B (need dates)<br>Missing: (1) Auth for Psychological records, (2) Auth for Release of Records with no lost wages (ours is cut off at top); (3) Auth for Disclosure of PHI (ours is cut off at top) |
| 69 | Meyaux | Judy | | No | |
| 70 | Meyer | Barbara | | No | |
| 71 | Meyeux | Paul | | No | |
| 72 | Mones | Royleane | | Yes | Section VI: F-1 (date needed), F-2 (date needed)<br>Section VII: B (date needed) |
| 73 | Mones | Warren R. | | Yes | Section III: C-7 (need illness)<br>Section IV (background): F-1 (deceased date)<br>Section V: A-13 (need accurate hours)<br>Section VII: B (need dates)<br>Section IX: B, C, E |
| 74 | Patcheco | Adam Henry | | No | |
| 75 | Patcheco | Karen C. | | No | |
| 76 | Patcheco | Patricia | | No | |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 77 | Patcheco | Yockey | | No | |
| 78 | Perera | Philip Charles | | No | |
| 79 | Pierson | Bonnie L. | | Yes | Section III: C-1, C-2, C-4, C-5, C-6, C-7, C-8, C-9<br>Section IV (background): A, B, F-1, F-2, F-3, G<br>Section IV (family info): A, B<br>Section V: A-1, A-2, A-3, A-4, A-6, A-7, A-10, A-13, A-19, A-20, B, C, D, E (entirely)<br>Section VI: E, F-1, F-2, F-3, F-4, G<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section |
| 80 | Pierson | Jonathan P. | | Yes | Section III: C-1, C-2, C-5, C-6, C-7, C-8, C-9<br>Section IV (background): A, B, E, F-1, F-2, F-3<br>Section IV (family info): A<br>Section V: A-1, A-2, A-3, A-4, A-8, A-7, A-10, A-13, A-19, A-20, B, C, E (entirely)<br>Section VI: E, F-2, G<br>Section VII: Entire Section<br>Section IX: Entire Section. |
| 81 | Pierson | Rodney J. | | Yes | Section III: C-1, C-2, C-4, C-5, C-6, C-7,<br>Section IV (background): A, E, F-1, F-2<br>Section IV (family Info): A<br>Section V: Entire Section<br>Section VI: Entire Section<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section. |
| 82 | Pierson | Theresa | Pierson, G. | Yes | Section III: C-1, C-2, C-4, C-5, C-8, C-7, C-8, C-9<br>Section IV (background): A, E, F-1, F-2, F-3, G<br>Section IV (family Info): Entire Section<br>Section V: Entire Section<br>Section VI: Entire Section<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section<br>Missing: All authorizations and privacy act release |
| 83 | Pierson | Theresa G. | | Yes | Entire Plaintiff Fact Sheet needs to be done.<br>Missing all authorizations and privacy act release |
| 84 | Robin | Eloise | | Yes | Section V: A-6 (better date), A-7 (better date), E (better dates)<br>Section IV (background): G-1 (need suit information)<br>Section VII: B<br>Section IX: D |
| 85 | Robin | Kenneth | | Yes | Section V: A-6 (better date), A-7 (better date), E (better dates)<br>Section IV (background): F-1 (need dates), F-2 (need dates), G-1 (need suit info)<br>Section VI: D-1, D-2, D-3<br>Section VII: B<br>Section IX: A, B, C, D, E (all need better dates and addresses) |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 86 | Schmid | Cathy | | Yes | Yes |
| 87 | Schmid | Karl E. | | Yes | Section IV (background): F-2 (needs more accurate answer, her "same as above job" was 3 years. It did not fulfill the requested 10 years)<br>Section IX: E |
| 88 | Schmid | Kerrie | Toups A[...] | Yes | PFS #1:<br>Section III: C-2<br>Section V: A-2, A-4<br>Section VII: B<br>Section IX: A (need address), B (need address/dates), C (need address), D, E.<br><br>PFS #2:<br>Section VI: F-2<br>Section IX: A (better address), B (better address), C (better address), E (better address) |
| 89 | Schmid | Kerrie | | Yes | Section IV (background): F-2 (need dates and additional job info) |
| 90 | Schmiderer | Albert | | No | Section IX: A (need address), B (need address/dates), C, D, E (Need address and dates)<br>Missing: Auth for Psychological records |
| 91 | Schmiderer | Regina | | Yes | Section VII: B (better addresses for all and date of treatments for Drs. Brown, Roniger, and Lowentir)<br>Section IX: A (better address), B (better address), C (better address), D (better address), E (better address and need dates) |
| 92 | Sentilles | Angela M. | | No | |
| 93 | Tatom | Amanda | | Yes | Section IV (background): F-2 (needs to account for entire employment period)<br>Section IV (family info): A<br>Section V: A-19<br>Section VII: B (needs addresses)<br>Section IX: A, B, E |
| 94 | Topey | Donald Glen | | No | |
| 95 | Topey | Tanya | Topey K[...] G[...] | No | |
| 96 | Topey | Tanya Ann | | No | |
| 97 | Tyson | Aaron Michael | | Yes | Section IV (background): F-1 (need occupation)<br>Section V: A-2, A-4, A-19 (need number of days), E (need better dates)<br>Section VI: D-1, D-2, D-3<br>Section VII: B (need treatment)<br>Section IX: A (better address), B (better address), E (better address)<br>Missing: First Page of Authorization missing |
| 98 | Tyson | Jerald | | Yes | Section IV (background): F-1 (company name and occupation), F-2 (company name and occupation, need to account for all employment during requested period)<br>Section V: A-2, A-4, A-19 (need number of days)<br>Section VI: D-1, D-2, D-3<br>Section VII: B (need treatment and dates)<br>Section IX: A (better address), B (better address), E (better address) |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 99 | Tyson | Leslie Sparks | | Yes | Section V: A-2, A-4, D-1, D-2, D-3, E (need better dates) <br> Section IX: A, B, D, E (all need better addresses) <br> Missing: Auth for Psychological Records |
| 100 | Vandenborre | Henry H., JR. | | Yes | Trailer 1 PFS: <br> Section III: C-5 <br> Section IV (background): F-1 (need employer and date range), F-2 (need more accounting of jobs) <br> Section V: A-4, E (need injuries) <br> Section VI: G (need physician) <br> Section VII: B (need dates and treatment) <br> Section IX: A (better address), B (better address), E (address and dates) <br> Unclear if lived in 1 or 2 trailers. The PFS says Trailer 1 until you the questions about the trailer information. At this point it refers to Trailer 2. If there are two trailers, please provide completed PFS information for both trailers. |
| 101 | Vandenborre | Henry | V... B... | Yes | Trailer 1 PFS: <br> Section III: C-1, C-5, C-7, C-8 (more info) <br> Section IV (background): D <br> Section V: A-4, A-19, E (need injuries) <br> Section VII: B, D <br> Section IX: A (better address and dates), B (better address and dates), C, D, E (better address and dates) <br> Unclear if lived in 1 or 2 trailers. The PFS says Trailer 1 until you the questions about the trailer information. At this point it refers to Trailer 2. If there are two trailers, please provide completed PFS information for both trailers. |
| 102 | Vandenborre | Henry | V... R... A... | Yes | Trailer 1 PFS: <br> Section II: C (better address) <br> Section III: C-1, C-2, C-5, C-7, C-8 (more info) <br> Section V: A-4, A-19, E (need injuries) <br> Section VII: B, D <br> Section IX: A (better address and dates), B (better address and dates), C, D, E <br> Unclear if lived in 1 or 2 trailers. The PFS says Trailer 1 until you the questions about the trailer information. At this point it refers to Trailer 2. If there are two trailers, please provide completed PFS information for both trailers. |
| 103 | Vandenborre | Henry Hebert, III | | Yes | Trailer 1 PFS: <br> Section III: C-5, C-6, C-7 <br> Section IV (background): F-1, F-2 <br> Section V: A-2, A-4, E (need injuries) <br> Section VI: D-3, F-2, F-3, F-4, G <br> Section VII: B, D <br> Section IX: Entire Section <br> Unclear if lived in 1 or 2 trailers. If there are two trailers, please provide completed PFS information for both trailers. |

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS REC'D | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| | | | | | |
| 104 | Vandenborre | Marina Dolores | | Yes | Trailer 1 PFS:<br>Section III: C-5, C-7<br>Section IV (background): E, F-1, F-2<br>Section IV (family info): A (need more info)<br>Section V: A-1 A-2, A-4, E<br>Section VI: A, B, C, D-1<br>Section VII: B<br>Section IX: Entire Section<br><br>Unclear if lived in 1 or 2 trailers.  The PFS says Trailer 1 until you the questions about the trailer information.  At this point it refers to Trailer 2.  If there are two trailers, please provide completed PFS information for both trailers. |

Law Offices of

# SIDNEY D. TORRES, III

*A Professional Law Corporation*

SIDNEY D. TORRES, III
storres@torres-law.com

ROBERTA L. BURNS
rburns@torres-law.com

BECKY R. CIEUTAT
bcieutat@torres-law.com

CHRISTOPHER I. GANT
cgant@torres-law.com

www.torres-law.com

August 15, 2011

Amanda Stout
McGlichey Stafford PLLC
301 Main Street
One American Place, Fourteenth Floor
Baton Rouge, Louisiana 70825

> Re:     FEMA Trailer Formaldehyde Product Liability Litigation
>         MDL No. 07-1873
>         *Helen Albarado, et al v. Morgan Buildings and Spas, Inc., et al (10-3702)*

Dear Counsel:

Pursuant to and in satisfaction of the Court's PTO No. 88, enclosed is a CD with your copy of the updated, amended PFS's correcting asserted deficiencies in response to your deficiency letter involving clients named in the above referenced matter.

1.    Arceneaux, Felix Jr.
2.    Atkinson, Johnny
3.    Atkinson, Peggy
4.    Authement, Jay
5.    Authement, Jaylin
6.    Authement, Linda
7.    Begnaud, Linda
8.    Biddle, Dennis
9.    Blagio, Clarence
10.   Blagio, Rosemary
11.   Blanchard, Kenneth
12.   Blanchard, Linda
13.   Blasio, Faith
14.   Bryant, Margaret
15.   Bryant, William
16.   Carnesi, Jerrilyn
17.   Dobronich, Brian
18.   Drewes, Claude
19.   Drewes, Laurie



EXHIBIT
B

Amanda Stout
McGlichey Stafford PLLC
August 15, 2011
Page 2

| | |
|---|---|
| 20. | Ducote, Larry |
| 21. | Erato, Will |
| 22. | Everhardt, Barbara |
| 23. | Everhardt, Terry |
| 24. | Exnicious, Thomas |
| 25. | Faccion, Merrill |
| 26. | Johnson, Antonina |
| 27. | Johnson, John |
| 28. | Johnson, Z████ |
| 29. | Kieff, Jennifer |
| 30. | Lund, Louis |
| 31. | Lund, Ora |
| 32. | Mones, Royleene |
| 33. | Mones, Warren |
| 34. | Schmid, Cathy |
| 35. | Schmid, Karl |
| 36. | Schmid, Kerrie |
| 37. | Schmiderer, Regina |
| 38. | Tatom, Amanda |
| 39. | Toups, A████ |
| 40. | Tyson, Aaron |
| 41. | Tyson, Jerald |
| 42. | Tyson, Leslie |

Additionally, we are still attempting to cure deficiencies for the following:

| | |
|---|---|
| 1. | Blagio, Donald |
| 2. | Carnesi, William |
| 3. | Desselle, Cora |
| 4. | Desselle, Rene |
| 5. | Estrada, Fatima |
| 6. | Keller, Raymond |
| 7. | Lopez, Theresa |
| 8. | McDonald, Owen |
| 9. | Pierson, Bonnie |
| 10. | Pierson, G████ |
| 11. | Pierson, Jonathan |
| 12. | Pierson, Rodney |
| 13. | Pierson, Theresa |

Amanda Stout
McGlichey Stafford PLLC
August 15, 2011
Page 3

    14.    Robin, Eloise
    15.    Robin, Kenneth
    16.    Vandenborre, B████████
    17.    Vandenborre, H██████
    18.    Vandenborre, Henry Jr.
    19.    Vandenborre, Marina
    20.    Vandenborre, R████████

Thanking you for your attention to this matter, I remain

                    Sincerely,

                    s/Roberta L. Burns

                    Roberta L. Burns

RLB/jb
Encls.

cc:

**Defense Liaison:**
Andrew D. Weinstock
Duplass Zwain Bourgeois Morton Pfister & Weinstock
29th Floor, Three Lakeway Center
3838 N. Causeway Boulevard
Metairie, Louisiana  70002
email:  andreww@duplass.com

**U.S. Government Liaison:**
Henry T. Miller
U.S. Department of Justice
Senior Trial Counsel
U. S. Department of Justice
Civil Division, Environmental Torts Section
1331 Penn Avenue, NW
Room 8220-N
Washington, DC  20004
email:  henry.miller@usdoj.gov

Amanda Stout
McGlichey Stafford PLLC
August 15, 2011
Page 4


    **PSC Liaison:**
    Mikal C. Watts
    Watts Guerra Craft LLP
    Four Dominion Drive
    Building Three
    Suite 100
    San Antonio, Texas  78257
    email:  mcwatts@wgclawfirm.comWatts

    w/encls.

Trailer 1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

IN RE: FEMA TRAILER )     MDL NO. 1873
FORMALDEHYDE )
PRODUCT LIABILITY LITIGATION )
)
_____ )     SECTION: N(4)
)
)     JUDGE: ENGELHARDT
THIS RELATES TO: )     MAG: ROBY
)
Plaintiff: Henry Vandenborre, Jr )
)
_____ )

## PLAINTIFF FACT SHEET

## I.    INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. A **separate** Plaintiff Fact Sheet must be **completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.** Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1



## II.   PERSONAL INFORMATION

A.   Name (person completing form): *HENRY, H, VANDENBORRE JR*

B.   Maiden or other names used or by which you have been known:_____

C.   Current Street Address: *8508 BENJAMIN ST*

D.   Home Telephone No.: *504 277-4417*
Cell Phone No.: *504 473-1563*
Work Telephone No:_____
Other Telephone Nos.:_____

E.   Email address: *H. VANDENBORRE @ YAHOO.com*

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:
_____

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
_____

3   Address (or last-known address if deceased):_____
_____

4.   Home Telephone No.:_____
Cell Phone No.:_____
Work Telephone No:_____
Other Telephone Nos.:_____

5.   E-mail address:_____

6.   If you were appointed as a representative by a court, state the:

2

Court: _____        Date of Appointment: _____

7.   What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.   If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____
_____

B.   Please state the name and address of the attorney representing you:

| Attorney's Name/Law Firm | Law Offices of **SIDNEY D. TORRES, III** *A Professional Law Corporation* |
|---|---|
| City, State and Zip Code | 8301 W. Judge Perez Drive, Suite 303 Chalmette, Louisiana 70043 |

C.   Please state the following: (If you are a representative, please state this information for each such person being represented):

   1.   Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home? Yes ☑   No ☐

   2.   What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? *eyes burning, coughing, running nose, runny eyes nose burning.*

   3.   During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☐ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☐ irritation or itching of skin
☐ burning of skin
☐ rashes on skin
☐ drying or scaling of skin
☐ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☐ vomiting
☐ bloody vomiting
☐ abdominal pain
☐ diarrhea
☑ difficulty in breathing
☐ wheezing
☑ shortness of breath
☑ persistent cough
☐ tightness of the chest

3

- ☐ bronchitis
- ☑ throat irritation
- ☐ hoarseness
- ☐ laryngitis
- ☐ pneumonia
- ☐ upper respiratory tract infections
- ☐ pulmonary edema
- ☐ asthma attacks for the first time in your life
- ☐ asthma attacks that are recurrence of childhood asthma
- ☐ allergies for the first time in your life
- ☐ worsening of allergies that you had previous to living in FEMA trailer

- ☐ allergic contact dermatitis
- ☐ dizziness
- ☐ unconsciousness
- ☐ convulsions or seizures
- ☐ blood in urine
- ☐ abnormal liver enzymes
- ☐ nephritis (inflammation of kidneys)
- ☐ low blood pressure
- ☐ hypothermia (low body temperature)
- ☐ miscarriage or stillbirth
- ☐ abnormal laboratory tests on blood
- ☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _____

N/A

_____

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☑

If yes, which kind of cancer?

_____

5.   When do you claim this injury or disease first occurred? _____

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐          No ☑

If "Yes," when and who diagnosed the condition at that time?

_____

_____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☑          No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. *Cataract (eyes) headaches*

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☑    No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:

*DID NOT SEEK medical Attention*

To your understanding, describe the condition for which treated:

*DID NOT SEEK Medical Attention*

State when you were treated for this psychological, psychiatric or emotional problem

*DID NOT SEEK Medical Attention*

List the medications prescribed or recommended by the physician or counselor

*DID NOT SEEK Medical Attention*

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☑    No ☐

*If "Yes,"* state the amount of your claim: *To Be Determined*

5

## IV.   BACKGROUND INFORMATION

A.    Identify each **address** at which you have resided during the last five (5) years, and
list when you started and stopped living at each one:

| Address *8508 Benjamin* – *before Storm* | Dates of Residence |
|---|---|
| DALLAS | Month of Sept 2005 |
| Tennessee | Months of Oct, Nov + Dec 2005 |
| Bay St Louis, MS | Dec 2005 to Feb 2006 |
| 40 Madison Ave Chalmette La | Feb 2007 to Nov 2007 |
| 8508 Benjamin Chalmette La | Nov 2007 to present |

B.    State Driver's License Number and State Issuing License: DO4155288
LOUISIANA

C.    Date and Place of Birth: ▮▮-▮▮-59      NEW ORLEAN

D.    Sex:  Male ☒ ✓      Female ☐

E.    Identify the highest level of **education** (high school, college, university or other
educational institution) you have attended (even if not completed), the dates of
attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| HIGH SCHOOL | 1973 | | GED |
| | | | |

F.    Employment Information

1.    Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | 8508 BENJAMIN ST | 01-01-09 | CONSTABLE |

2.    List the following for each employer you have had in the last ten (10)
years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| | N/A | | |

6

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.    Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐        No ☒

*If "Yes," state the following:*

a.    If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

        Year       Income
                    $
                    $
                    $
                    $
                    $

b.    Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

    N/A

G.    Previous Claims Information

1.    Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☒        No ☐    Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease.  Doerr Water lawsuit MR60,

7

*Henry Vankenborre Jr*
*Trailer 2*

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒      No ☐          Don't Know ☐

*If "Yes," provide the information below.*

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|-------------|-------------------------------|-------------------|-------------------------------|
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐      No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

❋ A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home: Fleetwood

2.   VIN: 4CJ1F32256 4013357

3.   FEMA Identification No.: 931081830

4.   Bar Code Number on FEMA housing unit: _____

5.   Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☑   Mobile Home ☐

6.   Move-in Date: Feb-16-2006

7.   Move-out Date: Nov-07

8.   Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
     40 Madison Ave   TTA-53

9.   Was the FEMA trailer or mobile home located in a trailer park or on private property?   trailer park

10.  State the reason you stopped living in the FEMA trailer or mobile home:
     I moved in to my house

11.  Please state the approximate square footage of the FEMA housing unit:_____

12.  Please state the approximate length and width of the FEMA housing unit:_____

13.  What is/was the average number of hours spent in the FEMA trailer or mobile home each day?   18 hours

14.  Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
     Yes ☑        No ☐

15.  Is/was the FEMA housing unit hooked up to a sewer line?
     Yes ☑        No ☐

16.  Is/was the FEMA housing unit hooked up to an electrical line?
     Yes ☑        No ☐

17.  Is/was the FEMA housing unit hooked up to natural gas line?
     Yes ☐        No ☑

18.  Is/was propane gas used in the FEMA housing unit?
     Yes ☑        No ☐

9

19.     How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home?  _O_____

20.     Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐        No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B.     Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing:_____

C.     Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐        No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D.     Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒        No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
_ON The door to get in_____
_____

E.     Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Henry H Vandenborre Jr | 50 | 8508 Benjamin St Chalmette La 70043 (504)473-1563 | From Feb-06 To Nov-07 | Yes ☐ No ☐ Don't Know ☐ | |
| MARINA VANDENBORRE | 49 | | From FEB-06 To NOV-07 | Yes ☑ No ☐ Don't Know ☐ | |
| HENRY VANDENBORRE III | 28 | | From FEB-06 To Nov-07 | Yes ☑ No ☐ Don't Know ☐ | |
| R̄̄̄̄ VANDENBORRE | 17 | | From FEB-06 To Nov-07 | Yes ☑ No ☐ Don't Know ☐ | |
| B̄̄̄̄ VANDENBORRE | 14 | | From FEB-06 To NOV-07 | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.  MEDICAL BACKGROUND

A.   Height: _____

B.   Current Weight: _____

Weight prior to living in a FEMA trailer or mobile home: _____

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

      1.      Date on which smoking/tobacco use ended:_____
      2.      Amount smoked or used on average:
                    _____ per day for _____ years.

☐      Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

      1.      Amount currently smoked or used on average:
                  _____ per day for _____ years.

D.     Other Smoking/Tobacco Use History:

          If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

      1.      Amount smoked or used on average, if you know:
            1½ per day for 10 years.
      2.      Relationship to you: WiFE
      3.      Please state whether the smoking occurred inside, outside or both. OUTSIDE

E. .   Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
     Yes ☐     No ☑

     *If "Yes,"* what was the date of birth:_____.

     Did your pregnancy terminate in a miscarriage or a stillborn child?
     Yes ☐     No ☐

F.     Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

      1.      Lung or other respiratory disease
            Yes ☐     No ☑

           *If "Yes,"* please indicate the following:

           Name and description of each illness, disease, or abnormal condition:
           _____
           _____

           The date of illness:
           _____
           _____

      2.      Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.      Long-term stomach or bowel disease
        Yes ☐        No ☒

        *If "Yes,"* please indicate the following.

        Name and description of each illness, disease, or abnormal condition:

        _____

        _____

        The date of illness:

        _____

        _____

4.      Skin disease
        Yes ☐        No ☒

        *If "Yes,"* please indicate the following.

        Name and description of each illness, disease, or abnormal condition:

        _____

        _____

        The date of illness:

        _____

        _____

G.      Please indicate to the best of your knowledge whether you have ever received any
        of the following treatments or diagnostic procedures:

        1.      To your knowledge, have you ever had any of the following tests
                performed: chest X-ray, CT scan, MRI.

                Yes ☒        No ☐        Don't Recall ☐

                *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| MRI | 87 | | Methodist | BACK |
| X-Rays | Once a year | | Slidell memorial | CHEST |

13

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of living in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: _Dr. Shoenberger_
Specialty, if any: _eye doctor_
Address: _Judge Perez_
Phone: _____
Treatment received: _field test, exam_
Dates of treatment: _____

Doctor's Name: _Dr. Bertucci_
Specialty, if any: _headaches, cold like symptoms, diabetes_
Address: _Judge Perez Arabi, La_
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

_DID NOT SEEK medical Attention_

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐       No ☒

If "Yes," please provide the name and address of the health care professional.

_____

_____

14

## VIII. DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐  No ☑

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☑  No ☐

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐  No ☑

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☑  No ☑

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐  No ☑

F.  Decedent's death certificate, if applicable.
Yes ☐  No ☑

G.  Report of autopsy of decedent, if applicable.
Yes ☐  No ☑

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name | Address |
|---|---|
| Bryan Bertucci | Judge Perez  Arabi La  70032 |
|  |  |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Bryan Bertucci | ↗ | Before Storm + After |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
|  | N/A |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
|  | N/A |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Bryan Bertucci |  | Before Storm + After regular doctor Visits |
|  |  |  |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.      Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| Mumphreys | Judge Peren   Chalmette |
| Walgreens | paris Road   Chalmette |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_____          HENRY H. VANDENBROOK   12-18-69
**Signature of Plaintiff**                      **Print Your Name**                **Date**

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

✳ Name: Henry Vandenborre Jr

✳ Date of Birth: ▮▮-▮▮-59

✳ Last Four Numbers of SSN: 2314

    I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _____
_____**and/or their designated agents.**  These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above.  This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation.  I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

      Any copy of this document shall have the same authority as the original, and may be substituted in its place.

                      Dated this __ day of _____, 2008.

                                    [PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _HENRY H. VANDENBORE JR_

Date of Birth: _█ - █ - 59_

Last Four Numbers of SSN: _2314_

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of** _____
_____**and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

X _____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
|---|---|
| | **AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages or earning capacity.)** |

Name: _HENRY H VANDENBORRE JR_

Date of Birth: ▓▓ – ▓▓ – 59

Last Four Numbers of SSN: _2314_

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of** _____ **and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Trailer Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Trailer Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2008.

_Hny H. Vad_____ Jr_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)

⁂ Name: HENRY H. VANDENBERG JR

⁂ Date of Birth: ▮▮ – ▮▮ 59

⁂ Last Four Numbers of SSN: 2314

    I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents. These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this __ day of _____, 2008.

⁂ _____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY:_____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name JK | Birth Date | Social Security No. |
|---|---|---|
| HENRY H. VANDENBROIES | ██-██-59 | ██-██-2314 |

Address: 8508 Benjamin ST          Telephone No.: 504 473-1563
City: CHALMETTE     State: LA     Zip Code: 70043     2n7-4417

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

Name. ._____
Title. ._____
Address._____
Purpose: To Protect My Legal Rights_____
For Treatment Date(s): All Available

| Type of Access | | | |
|---|---|---|---|
| **Requested:** | ☑ Abstract/pertinent<br>☑ Emergency Room<br>☑ H&P<br>☑ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☑ Lab<br>☑ Imaging/Radiology<br>☑ Cardiac Studies<br>☑ Face Sheet<br>☑ Nursing Notes<br>☑ Medication Record | ☑ Progress Notes<br>☑ Physician's Orders<br>☑ Entire Record<br>☑ Other_____ |
| ☑ Copies of the records & Inspection of the record | | | |

_HV_    I acknowledge, and hereby consent to such, that the released information may contain
*Initials* alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You are my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

_____     12-17-09
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Henry Vandenborre, Jr_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

✱ Name: _HENRY H. VANDENBORRE JR_ (print legibly or type out name)

✱ Signature: _Henry H. Vandenborre Jr_

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of General Counsel<br>500 C Street S.W.<br>Washington, D.C. 20472 | Brian Dobronich<br>Law Offices of Sidney D. Torres, III<br>8301 W. Judge Perez Drive, Suite 303, Chalmette, LA  70043 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>10/14/1969 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. SEE ATTACHED RIDER.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. SEE ATTACHED RIDER.

| 11. | WITNESSES | |
|---|---|---|
| | NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>$500,000.00 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>DAVID C. JARRELL<br>ATTORNEY FOR CLAIMANT | 13b. Phone number of person signing form<br>(504) 271-8422 | 14. DATE OF SIGNATURE<br>01/09/2009 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109                                        NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: FEMA TRAILER ) | MDL NO. 1873 |
| FORMALDEHYDE ) | |
| PRODUCT LIABILITY LITIGATION ) | |
| ) | |
| _____ ) | SECTION: N(4) |
| ) | |
| ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: ) | MAG: ROBY |
| Plaintiff: *BRIAN* ) | |
| *JOSEPH DOBRONICH* ) | |
| _____ ) | |

**PLAINTIFF FACT SHEET**

## I.    INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  A separate **Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.**  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

## II.    PERSONAL INFORMATION

A.    Name (person completing form): *BRIAN J DoBRONICH*

B.    Maiden or other names used or by which you have been known: *NONE*

C.    Current Street Address: *3221 MARIETTA ST Chalmette LA 70043*

D.    Home Telephone No.: *(504) 957-3962*
Cell Phone No.:
Work Telephone No.: *DISAbled*
Other Telephone Nos.:

E.    Email address: _____

## III.    CASE INFORMATION

A.    If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.    State which individual or estate you are representing: _____

2.    Maiden Or Other Names Used or By Which Such Person Has Been Known: _____

3.    Address (or last known address if deceased): _____

4.    Home Telephone No.: _____
Cell Phone No.: _____
Work Telephone No: _____
Other Telephone Nos.: _____

5.    E-mail address: _____

6.    If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

7.  What is your relationship to the deceased or represented person or person
    claimed to be injured? _____

8.  If you represent a decedent's estate, state the date of death of the decedent
    and the place where the decedent died:

    _____

    _____

B.  Please state the name and address of the attorney representing you:

    | | Law Offices of |
    |---|---|
    | Attorney's Name/Law Firm | **SIDNEY D. TORRES, III** |
    | | *A Professional Law Corporation* |
    | | 8301 W. Judge Perez Drive, Suite 303 |
    | City, State and Zip Code | Chalmette, Louisiana 70043 |

C.  Please state the following: (If you are a representative, please state this
    information for each such person being represented):

    1.  Are you claiming that you have developed, or may have developed, a
        disease or illness as a result of being exposed to formaldehyde while
        residing in a FEMA-provided trailer or mobile home?
        Yes ☑          No ☐

    2.  What is your understanding of the illness or disease you claim you have
        developed, or may in the future develop, from living in a FEMA trailer or
        mobile home? *AGGRAVATED ASTMA & ASTMA SINES PROBLEMS,*
        *POSITIVE PNEUMONIA PERSISTENT COUGH,*

    3.  During the time that you lived in your FEMA trailer, did you experience or
        report to a physician any of the following symptoms?  If yes, place a check
        mark (✓) by the symptom that you experienced.

☑ irritation to eyes
☑ burning of eyes
☑ tearing of eyes
☑ irritation to nasal membranes (inside of nose)
☑ burning of nasal membranes (inside of nose)
☑ bleeding of nasal membranes (inside of nose)
☐ irritation or itching of skin
☑ burning of skin
☑ rashes on skin
☑ drying or scaling of skin
☐ scaling or itching of eyelids
☐ irritation or swelling of eyelids or eye area

☐ tingling or swelling of lips or face area
☑ headaches
☑ nausea
☐ vomiting
☐ bloody vomiting
☑ abdominal pain
☑ diarrhea
☑ difficulty in breathing
☑ wheezing
☑ shortness of breath
☑ persistent cough
☐ tightness of the chest

3

- ☑ bronchitis
- ☑ throat irritation
- ☑ hoarseness
- ☑ laryngitis
- ☑ pneumonia
- ☑ upper respiratory tract infections
- ☐ pulmonary edema
- ☐ asthma attacks for the first time in your life
- ☑ asthma attacks that are recurrence of childhood asthma
- ☐ allergies for the first time in your life
- ☑ worsening of allergies that you had previous to living in FEMA trailer

- ☐ allergic contact dermatitis
- ☑ dizziness
- ☐ unconsciousness
- ☐ convulsions or seizures
- ☐ blood in urine
- ☐ abnormal liver enzymes
- ☐ nephritis (inflammation of kidneys)
- ☐ low blood pressure
- ☐ hypothermia (low body temperature)
- ☐ miscarriage or stillbirth
- ☐ abnormal laboratory tests on blood
- ☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. NERVE SHAKES &

NERVES PROBLEMS    BREATHING PROBLEMS
STILL GIVING ME PLENTY PROBLEMS

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☑

If yes, which kind of cancer?

_____

5.   When do you claim this injury or disease first occurred? MARCH 06

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☑        No ___

If "Yes," when and who diagnosed the condition at that time?
MINOR ASHMA    DON'T REMEMBER DATE,

_____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☑      No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began.
ALLERGIES ARE WORSE  ASHMA IS REALLY BAD.
I AM WAITING TO SEE DR PAUL VERGTTE,

4

residing in a FEMA trailer or mobile home and the date of your recovery, if
any. *ASHMA BRONCITIS ~~etc~~. ALLERGIES*
*STAFF INFECTIONS  NOT SURE WHEN RECOVERED*

8.  **Are you claiming mental and/or emotional damages as a result of
residing in a FEMA trailer or mobile home?**
Yes ☒          No ☐

*If "Yes,"* for each provider (including but not limited to primary care
physician, psychiatrist, psychologist, counselor, pastor or religious
counselor) from whom you have sought treatment for any psychological,
psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
*DR BOUTTE  1850 GAUSE BLVD SUITE 3H*
*SLIDELL LA 70461*
*SHAKING & NERVOUSNESS*

To your understanding, describe the condition for which treated:
*NERVOUSNESS & SHAKES WHICH I NEED TO*
*talk to HIM ABOUT. I AM WAITING for HEALTH CARE*
*COVERAGE*

State when you were treated for this psychological, psychiatric or
emotional problem *EVERY 6 MONTHS  BEGINNING IN 2008*

List the medications prescribed or recommended by the physician or
counselor *DR BOUTTE Recomend VALIAM 10 MG, to be WRITTEN*
*from DR TALBOT WHICH TREATS ME FOR*
*PAIN MANAGMENT*

9.  Are you making a claim for medical expenses as a result of the injury,
illness or disease identified in C.2. above?
Yes ☐          No ☒

*If "Yes,"* state the amount of your claim: _____

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 3221 MARIETTA ST CHALMETTE LA 70043 | 8-08 - PRESENT |
| 1013 EAST ST BERNARD HWY CHAL LA FEMA TRAILER JAN or MARCH -06 ADDRESS | MAY 07 |
| 3221 MARIETTA 2010-KATRINA | |
| | |

B.   State Driver's License Number and State Issuing License: 511050_  LA.

C.   Date and Place of Birth: ████-██-69   NEW ORLEANS BAPTIST HOSPITAL

D.   Sex:   Male ☑      Female ☐

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| CHALMETTE GED | 1983 | | GED |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| VERONICA | | JAN 06 - APRIL 23 07 | |
| DISABLED SINCE APRIL 23 07 | | | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| HOUSE OF HUBCAPS | JEFFERSON LA | 99-2002 | HUBCAP SALES |
| DISCOUNT TIRE CITY | CHAL | NOT SURE | TIRE CHANGER |

6

|  |  |  |  |  |
|--|--|--|--|--|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐          No ☑

*If "Yes,"* state the following:

a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G. Previous Claims Information

1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☑          No ☐     Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. *MRGO*

*Law offices of Sidney D Torres III*

_____

IV.    **FAMILY INFORMATION**

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].
Yes ☐        No ☒        Don't Know ☐

If "Yes," provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|-------------------------------|
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |
|      |              |                               |                   |                               |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?
Yes ☐        No ☒

If "Yes," state the name of the deceased and fill out a separate form for the deceased.
Name: _____

V.    **FEMA TRAILER OR MOBILE HOME UNIT**

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: *Morgan*

2.    VIN: *DON'T KNOW Unable to obtain from Fema*

3.    FEMA Identification No.: *I DID NOT RECEIVE A Form # NO Fema ID#*

4.    Bar Code Number on FEMA housing unit: *DON'T KNOW Unable to obtain from Fema*

8

5. Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☒   Mobile Home ☐

6. Move-in Date: *JAN-MARCH 06*

7. Move-out Date: *MAY 07*

8. Please state the mailing address and physical location for the FEMA trailer or mobile home unit. *1013 EAST ST BERNARD HWY CHALCA Chalmette, LA 70043*

9. Was the FEMA trailer or mobile home located in a trailer park or on private property? *PRIVATE PROPERTY*

10. State the reason you stopped living in the FEMA trailer or mobile home: *THEY TOOK IT AWAY AFTER I WAS IN BAD MOTER VEHICLE ACCIDENT.*

11. Please state the approximate square footage of the FEMA housing unit. *246*

12. Please state the approximate length and width of the FEMA housing unit: *27 FOOT BY 8 FEET*

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? *15 TO 18 HOURS*

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒   No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒   No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒   No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐   No ☒

18. Is/was propane gas used in the FEMA housing unit?
Yes ☒   No ☐

9

19.     How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 5 - 7hooR DAYS

20.     Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐          No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B.      Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐          No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: _____

C.      Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐          No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D.      Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒          No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
I Think IT WAS the HoT WATER
SWITCH or HEATER FIXED. DONT RECAll DATE

E.      Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| BRIAN DOBRONICL | 39 | 3221 MARION ST CHAlMETTE LA 70043 | From JANMAR06 To MAY 07 | Yes ☑ No ☐ Don't Know ☐ | ASHMA REOCCURAN EYE IRRITATION NOSEBLEED BRONCHITIS |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From ____ To ____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'10

B.   Current Weight: 195

Weight prior to living in a FEMA trailer or mobile home: 180

C.   Personal Smoking/Tobacco Use History: *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1. Date on which smoking/tobacco use ended: _____
2. Amount smoked or used on average:
   _____ per day for _____ years.

☑ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1. Amount currently smoked or used on average:
   *½ PACK* per day for *9* years.

D. Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1. Amount smoked or used on average, if you know:
   _____ per day for _____ years.
2. Relationship to you: _____
3. Please state whether the smoking occurred inside, outside or both. [_____]

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
   Yes ☐         No ☑

   *If "Yes,"* what was the date of birth: _____.

   Did your pregnancy terminate in a miscarriage or a stillborn child?
   Yes ☐         No ☑

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1. Lung or other respiratory disease
   Yes ☑         No ☐

   *If "Yes,"* please indicate the following:

   Name and description of each illness, disease, or abnormal condition:
   *ASHMA, BRONCHITES*

   The date of illness:
   *1-06 TO CURRENT DATE*

2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☑   No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

PNEUMONIA

The date of illness: JAN 08 2008 & FEB 2009

3.   Long-term stomach or bowel disease
Yes ☐   No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

The date of illness:

4.   Skin disease
Yes ☑   No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

STAFF INFECTION

The date of illness: BEFORE KATRINA & HAD MORE
IN The FEMA TRAILER 2006-2007

G.   Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.   To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

Yes ☑   No ☐   Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| CHEST X RAY | AUG 08 | DR KEPPEL | SLidell MEMORIAL | KNEE SURGERY |

13

| | | | | |
|---|---|---|---|---|
| | | | | |

## VII. MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: _DR PAUL VERETTE_
Specialty, if any: _REGULAR FAMILY INTERNAL MEDICINE_
Address: _CHALMETTE LA 7718 W. Judge Perez Dr. Arabi, La 70032_
Phone: _504-271-8952_
Treatment received: _PNEUMONIA_
Dates of treatment: _FEB-09_

Doctor's Name: _Dr. Boutte_
Specialty, if any: _psychologist_
Address: _1850 Gause Blvd suite 204 Slidell LA 70461_
Phone: _985-847-0642_
Treatment received: _nervousness_
Dates of treatment: _2008-present_

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
_DR BOUTTE  1850 GAUSE BLVD SUITE 204_
_SLIDELL LA_

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☒         No ☐

If "Yes" please provide the name and address of the health care professional.
_DR PAUL VERETTE  CHALMETTE LA_
_ST BERNARD HEALTH CLINIC_
_7718 W. Judge Perez Dr. Arabi, La 70032_

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐      No ☑

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒      No ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐      No ☑

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐      No ☑

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐      No ☑

F.   Decedent's death certificate, if applicable.
Yes ☐      No ☑

G.   Report of autopsy of decedent, if applicable.
Yes ☐      No ☑

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.    Identify your current family and/or primary care physician:

| Name DR PAUL VERETTE ST BERNARD HEATH CLINIC. HE hAS been my DOCTOR for 25 YEARS | Address 7718 WJudge Perez; Arabi, LA 70032 |
|---|---|

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| DR PAUL VERETTE | chalmette, LA 7718 W.Judge Perez Dr. Arabi, La 70032 | about 1984 to CURRENT DATE |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Slidell Memorial | 1001 Gause Blvd Slidell, LA 70458 | 8/08 | accident |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| ST BERNALD DR HEALTH CLINIC VERETTE | Arabi, LA 7718 W.Judge Perez Dr. Arabi, La 70032 | about 1984 — present | Varies |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Dr. Boutte | 1850 Gause Blvd | 2008 - present |
| Paul Verrette, MD | chalmette, LA | about 1984 present |
| Adrian Talbot MD | 1410 Gause Blvd Slidell, LA | 2008 - present |

16

| | | |
|---|---|---|
| Dr. mulvey | Veterans, metaire LA | 2007-2007 |
| Dr. Fong | Slidell, LA | 2007-2008 |
| Dr. muhammed Bay | westwego, LA | not sure probably 2007 |
| Dr. Keppel | Slidell, LA | 2008 |

F.      Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| walmart | Picayune, MS |
| QVL | severn, metairie, LA |
| walgreens | chalmette, LA 70043 |
| Sudeen's | chalmette, LA 70043 |
| mumphreys | chalmette, LA 70043 |
| Chateau Drugs | metairie, LA |
| C&C Drugs | Arabi, LA 70032 |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Brian J Dohonich_                  BrianDobronich                  7-9-09
**Signature of Plaintiff**          **Print Your Name**            **Date**


AMENDED
DATE: 8-4-11
SIGNATURE: _Brian J Dohonich_

17

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE      MDL No. 1873
PRODUCT LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _BRIAN  JOSEPH  DOBRONICH_

Date of Birth: ▮▮▮▮-▮▮-_69_

Last Four Numbers of SSN:_1349_

    I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of**
_____and/or their designated agents. These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |

**AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) (TO BE SIGNED BY PLAINTIFFS MAKING A CLAIM FOR EMOTIONAL DISTRESS)**

Name: _BRIAN JOSEPH DAMBRONIC_

Date of Birth: ~~██ ██~~ 69

Last Four Numbers of SSN: _1349_

I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned matter, the law firm of _____ _____ and/or any of their designated agents. These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: _BRIAN JOSEPH DEBRONTH_

Date of Birth: ~~████~~ 69

Last Four Numbers of SSN: _1349_

    I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of** _____
_____and/or any of their designated agents.  These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

    I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records).  This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this __ day of _____, 2008.

_Brian J Debronth_
**[PLAINTIFF OR REPRESENTATIVE]**

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

*Page Intentionally Blank*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: ~~BRIAN JOSEPH Dobrowski~~

Date of Birth: ▬▬▬-69

Last Four Numbers of SSN: 1349

      I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

      Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ____ day of _____, 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY:_____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Brian Dobronich | ▓/▓/69 | ▓▓-▓-1349 |
| Address: 3221 marietta St. | | Telephone No.: 504-957-3962 |
| City Chalmette  State: LA | | Zip Code: 70043 |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
Name. . _____
Title. . _____
Address. _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>☐ Copies of the<br>records &<br>Inspection of the<br>record | ☐ Abstract/pertinent<br>☑ Emergency Room<br>☑ H&P<br>☑ Consult Report<br>☐ Operative Report<br>☑ Rehab Services | ☑ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☑ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other |

*BJD*   I acknowledge, and hereby consent to such, that the released information may contain
_____  alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

_____                    _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _BRIAN JOSEPH Dobronich_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _07/09/09_

Name: _Brian Dobronich_ (print legibly or type out name)

Signature: _Brian J. Dobronich_

*Page Intentionally Blank*

Transcript of the Testimony of
# Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

### Date taken: October 22, 2009

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)

***Note***
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a **Username**
and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**



EXHIBIT
tabbies

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS          SECTION N(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


*   *   *

(RE:  DUBUCLET)


VIDEOTAPED DEPOSITION OF MORGAN

BUILDINGS & SPAS THROUGH ITS CORPORATE

REPRESENTATIVE JAMES SCHILLIGO, 2800 MCCREE

ROAD, GARLAND, TEXAS 75041, TAKEN AT THE

OFFICES OF MCGLINCHEY, STAFFORD, PLLC, 601

POYDRAS STREET, 12TH FLOOR, NEW ORLEANS,

LOUISIANA, ON THE 22ND DAY OF OCTOBER, 2009.


REPORTED BY:

PAT KENNEDY QUINTINI, CCR
PROFESSIONAL SHORTHAND REPORTERS
(504)529-5255


VIDEOGRAPHER:

MICHAEL BERGERON
PROFESSIONAL SHORTHAND REPORTERS
(504)529-5255

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 2

```
 1    APPEARANCES:
 2         T. CHRISTOPHER PINEDO
           ATTORNEY AT LAW
 3         4550 JERICHO ROAD
           CORPUS CHRISTI, TEXAS 78413
 4
                (ATTORNEY FOR THE PLAINTIFFS)
 5
           BENCOMO & ASSOCIATES
 6         (BY:  RAUL R. BENCOMO, ESQUIRE -
              VIA TELEPHONE)
 7         639 LOYOLA AVENUE, SUITE 2110
           NEW ORLEANS, LOUISIANA  70113
 8
                (ATTORNEYS FOR THE PLAINTIFFS)
 9
           NELSON, MULLINS, RILEY & SCARBOROUGH
10         (BY: TAYLOR T. DALY, ESQUIRE)
           201 17TH STREET, NW, SUITE 1700
11         ATLANTIC STATION
           ATLANTA, GEORGIA 30363
12
                (ATTORNEYS FOR DEFENDANT,
13                 FLEETWOOD ENTERPRISES, INC.)
14         MIDDLEBERG, RIDDLE & GIANNA
           (BY: RICHARD SHERBURNE, JR., ESQUIRE)
15         450 LAUREL STREET, SUITE 1101
           BATON ROUGE, LOUISIANA 70801
16
                (ATTORNEYS FOR DEFENDANT, FLUOR
17                 ENTERPRISES, INC.)
18         U.S. DEPARTMENT OF JUSTICE
           CIVIL DIVISION, TORTS BRANCH
19         (BY:  HENRY MILLER, ESQUIRE)
           1331 PENN AVENUE, N.W.
20         ROOM 8220-N
           WASHINGTON, D.C.  20004
21
                (ATTORNEYS FOR DEFENDANT, UNITED
22                 STATES OF AMERICA)
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 3

```
1    APPEARANCES CONTINUED:
2         JONES, WALKER, WAECHTER, POITEVENT,
              CARRERE & DENEGRE, LLP
3         (BY: WILLIAM D. LAMPTON, ESQUIRE -
              VIA TELEPHONE)
4         FOUR UNITED PLAZA
          8555 UNITED PLAZA BOULEVARD
5         BATON ROUGE, LOUISIANA 70809
6              ATTORNEYS FOR DEFENDANTS,
               KEYSTONE RV COMPANY, THOR
7              CALIFORNIA, THOR INDUSTRIES,
               DUTCHMEN MANUFACTURING, DS CORP
8              (d/b/a CROSSROADS RV) AND KZ RV,
               LP
9
          GARRISON, YOUNT, LORMAND, FORTE &
10            MULCAHY
          (BY: RANDALL C. MULCAHY, ESQUIRE)
11        909 POYDRAS STREET
          SUITE 1800
12        NEW ORLEANS, LOUISIANA  70112
13            (ATTORNEYS FOR DEFENDANTS
               RECREATION BY DESIGN, LLC,
14             TL INDUSTRIES, INC., FRONTIER
               RV, INC. AND CRUISER RV)
15
          WILLINGHAM, FULTZ & COUGILL
16        (BY: THOMAS L. COUGILL, ESQUIRE -
              VIA TELEPHONE)
17        NIELS ESPERSON BUILDING
          808 TRAVIS, SUITE 1608
18        HOUSTON, TEXAS  77002
19            (ATTORNEYS FOR DEFENDANTS
               JAYCO AND STARCRAFT)
20
          BAKER, DONELSON, BEARMAN, CALDWELL &
21            BERKOWITZ
          (BY:  GERARDO R. BARRIOS, ESQUIRE)
22        201 ST. CHARLES AVENUE, SUITE 3600
          NEW ORLEANS, LOUISIANA  70170
23        (NOT PRESENT)
24            (ATTORNEYS FOR DEFENDANTS, CH2M HILL
               CONSTRUCTORS, INC. AND SHAW
25             ENVIRONMENTAL, INC.)
```

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f5

Page 4

```
 1
 2    APPEARANCES CONTINUED:
 3        McGLINCHEY STAFFORD
          (BY:  CHRISTINE LIPSEY, ESQUIRE)
 4        643 MAGAZINE STREET
          NEW ORLEANS, LOUISIANA 70130
 5
              (AND)
 6
          MCGLINCHEY STAFFORD PLLC
 7        (BY:  DAN E. WEST, ESQUIRE)
          301 MAIN STREET, 14TH FLOOR
 8        ONE AMERICAN PLACE
          BATON ROUGE, LOUISIANA  70805
 9
             (ATTORNEYS FOR MORGAN BUILDINGS AND
10              SPAS, INC. APPEARING UNDER
                RESERVATION OF RIGHTS)
11
              (AND)
12
          MORGAN MANAGEMENT CORPORATION
13        (BY:  ALAN WINN, ESQUIRE)
          CORPORATE COUNSEL
14        2800 MCCREE ROAD
          GARLAND, TEXAS  75041
15
             (ATTORNEYS FOR DEFENDANT MORGAN
16              BUILDINGS AND SPAS, INC.)
17        LUGENBUHL, WHEATON, PECK, RANKIN &
             HUBBARD
18        (BY: KRISTOPHER M. REDMANN, ESQUIRE -
             VIA TELEPHONE)
19        601 POYDRAS STREET, SUITE 2775
          NEW ORLEANS, LOUISIANA 70130
20
             (ATTORNEYS FOR DEFENDANT,
21              LIBERTY MUTUAL INSURANCE
                CORPORATION)
22
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 5

```
 1
 2      APPEARANCES CONTINUED:
 3          FRILOT, L.L.C.
            PETER R. TAFARO, ESQUIRE -
 4            VIA TELEPHONE)
            3600 ENERGY CENTRE
 5          1100 POYDRAS STREET
            NEW ORLEANS, LOUISIANA  70173-3600
 6
              (ATTORNEYS FOR DEFENDANT, BECHTEL
 7            NATIONAL, INC.)
 8
 9                *     *     *
10              EXAMINATION INDEX
11                                      PAGE
12
```

13   EXAMINATION BY MR. PINEDO ...........12
14   EXAMINATION BY MS. DALY .............68
15   EXAMINATION BY MR. MILLER ...........91
16   EXAMINATION BY MR. SHERBURNE ........124
17   EXAMINATION BY MR. MULCAHY ..........126
18   EXAMINATION BY MS. DALY .............133
19   EXAMINATION BY MR. PINEDO ...........134
20   EXAMINATION BY MR. MILLER ...........166
21   EXAMINATION BY MR. PINEDO ...........169

```
22
23
24
25
```

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 6

1                    *    *    *

2              INDEX OF EXHIBITS

3

4                                        Page

5    Exhibit No. 1  ......................13

6    Notice of Videotaped Federal Rule 30(b)(6)

7    Deposition of Morgan Buildings & Spas, Inc.

8    (no Bates stamps)

9    Exhibit No. 2  ......................17

10   Solicitation/Contract/Order for Commercial

11   Items between FEMA and Morgan Buildings &

12   Spas, dated 9/9/2005, Bates Morgan-000002

13   through 14

14   Exhibit No. 3  ......................18

15   Solicitation/Contract/Order for Commercial

16   Items between FEMA and Morgan Buildings &

17   Spas, no effective date, Bates Morgan-000015

18   & 16

19   Exhibit No. 4  ......................24

20   Solicitation/Contract/Order for Commercial

21   Items between FEMA and Morgan Buildings &

22   Spas, effective date 9/1/2005, Bates No.

23   Morgan-000017

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

1  Exhibit No. 5 ......................25
2  Fax to Brad McKinney from Kerri dated
3  9/1/2005, Bates Morgan-000095 & 96
4  Exhibit No. 6 ......................28
5  Email from Michael Wagner to Gay Morgan
6  dated 8/31/2005, Bates Morgan-000097 & 98
7  Exhibit No. 7 ......................29
8  FEMA Model Travel Trailer Procurement
9  Specifications, dated 8/12/2004, Bates
10 FLE-00006914 through 6916
11 Exhibit No. 8 ......................30
12 Document that starts out "Question: Do you
13 really want to ship these by rail?", Bates
14 Morgan-000103
15 Exhibit No. 9 ......................52
16 Certificate of Origin for a Vehicle, Bates
17 Morgan-001049 through 1050
18 Exhibit No. 10 ......................55
19 Invoice No. 4039-3022 from Morgan to FEMA
20 dated 4/3/2006, Bates Morgan-001051
21 Exhibit No. 11 ......................58
22 Invoice No. 604001627 to Morgan from
23 Fleetwood, dated 3/28/06, Bates
24 Morgan-001052
25

83f35e7d-fd08-453c-b140-b8158db27f5

Page 8

1    Exhibit No. 12  .......................60

2    Straight Bill of Lading from Fleetwood to

3    Morgan/FEMA dated 3/28/06, Bates

4    Morgan-001053

5    Exhibit No. 13  .......................71

6    Fleetwood Enterprises Master Sales Agreement

7    dated September 6, 2005, Bates Morgan-000055

8    through 63

9    Exhibit No. 14  .......................74

10   Email from Jim Schilligo to Guy, Dated

11   9/5/2005, Bates Morgan-000087 through 89

12   Exhibit No. 15  .......................75

13   Email from Doug Henriquez to Guy Morgan

14   dated 9/9/2005, Bates Morgan-000147 & 148

15   Exhibit No. 16  .......................85

16   Email string beginning with page that says

17   "Redacted", Bates FLE-00135116 through

18   135118

19   Exhibit No. 17  .......................87

20   Fleetwood Towable Group Engineering

21   Standards Bulletin No. 10, December 1, 1997,

22   Bates FLE_00010903 through 10918

23   Exhibit No. 18  .......................94

24   FEMA Procedure Storage Site Manual Fall

25   2005, Bates FLE-00001942 through 1955

83f35e7d-fd08-453c-b140-b8158db27f5

Page 9

1    Exhibit No. 19  ....................100

2    Important Notice, Bates FLE-00005100 through

3    5102

4    Exhibit No. 20  ....................108

5    Fax to Dave Busche from Guy Morgan/Elaine

6    dated 6/1/2004, Bates FLE-00001367 through

7    1370

8    Exhibit No. 21  ....................134

9    Fleetwood 2006 Owner's Manual, Bates

10   Fleetwood_EX-000003 through 105

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 10

```
 1              S T I P U L A T I O N

 2

 3          It is stipulated and agreed by and

 4     between counsel for the parties hereto that

 5     the deposition of the aforementioned witness

 6     is hereby being taken for all purposes

 7     allowed under the Federal Rules of Civil

 8     Procedure, in accordance with law, pursuant

 9     to notice;

10          That the formalities of reading and

11     signing are specifically          ;

12          That the formalities of filing,

13     sealing, and certification are specifically

14     waived;

15          That all objections, save those as to

16     the form of the question and the

17     responsiveness of the answer, are hereby

18     reserved until such time as this deposition,

19     or any part thereof, may be used or sought

20     to be used in evidence.

21                    *   *   *

22          CATHY RENEE' POWELL, CCR, Certified

23     Court Reporter, officiated in administering

24     the oath to the witness.

25
```

Page 19

1          And the document with regard to

2     mobile homes, is that a two-page document?

3          A.    No, sir.  It's one page.

4          Q.    You now have Bates number --

5          A.    I'm sorry, two pages.

6          Q.    So Exhibit 3 is Morgan's Bates

7     No. 15 and 16; is that right?

8          A.    Yes, sir.

9          Q.    And now you have a document in

10    front of you with a Morgan Bates number of

11    17.  What does that represent?

12         A.    It is another government contract

13    for 15,000 travel trailers.

14         Q.    And is that your understanding of

15    the amount of travel trailers that Morgan

16    sold to the United States Government for

17    temporary housing units after Hurricane

18    Katrina?

19         A.    Yes, sir.

20         Q.    And this would be the contract

21    that we were talking about with the total

22    amount of travel trailers that were sold by

23    Morgan to the United States Government?

24         A.    Yes, sir.

25         Q.    Now, did Morgan itself manufacture

83f35e7d-fd08-453c-b140-b8158db27f5

Page 20

1    travel trailers at any particular time?

2        A.   No, sir.

3        Q.   So to fulfill this contract, did

4    Morgan turn to the manufacturers of travel

5    trailers and ask them to fill orders for

6    them for these travel trailers?

7        A.   Yes, sir.

8        Q.   And did Morgan request travel

9    trailers from Fleetwood to fulfill this

10   request by the United States Government?

11       A.   Yes, sir.

12       Q.   Did they also request travel

13   trailers from an entity called Monaco to

14   fill this requirement for 15,000 travel

15   trailers?

16       A.   Yes, sir.

17       Q.   Did they also request travel

18   trailers from an entity called Recreation by

19   Design to fill this order for the United

20   States Government?

21       A.   Yes, sir.

22       Q.   The total amount of travel

23   trailers that Morgan sold to the United

24   States Government manufactured by Fleetwood,

25   Monaco, and Recreation by Design was 15,000;

83f35e7d-fd08-453c-b140-b8158db27f55

Page 24

1    document which has been marked as Exhibit 4,

2    which is Morgan Bates No. 17.   Just for the

3    record, so we are clear, could you identify

4    that document for me?

5         A.   Yes, sir.   It's a contract from

6    Department of Homeland Securities/FEMA to

7    Morgan, for Morgan Buildings & Spas, Inc.

8    for 15,000 travel trailers.

9    (Exhibit No. 4 marked for identification.)

10        Q.   What is the date on that document?

11        A.   8/29/2005.

12        Q.   And that's the contract we were

13   discussing earlier that provides for us some

14   of the details regarding the purchase of the

15   15,000 travel trailers by FEMA from Morgan;

16   is that right?

17        A.   Yes, sir.

18        Q.   And what Morgan did, rather than

19   constructing their own travel trailers, is

20   they contacted Recreation by Design, Monaco

21   and Fleetwood and had them construct the

22   travel trailers to fill that order?

23        A.   Correct.

24        Q.   May I see that document, sir?

25        A.   (Witness complies.)

Transcript of the Testimony of

# 30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

### Date taken: August 13, 2008

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation

**\*\*Note\*\*** All **electronic deposition/exhibit files** are available at **www.psrdocs.com** . Please call or e-mail reporters@psrdocs.com if you need an **Username** and **Password**.

# Professional Shorthand Reporters, Inc.

**Phone:   504-529-5255**
**Fax:   504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:   www.psrdocs.com**



EXHIBIT
F

Page 1

1                    UNITED STATES DISTRICT COURT

2                   EASTERN DISTRICT OF LOUISIANA

3

4     IN RE:  FEMA TRAILER          MDL NO. 1873

5     FORMALDEHYDE PRODUCTS         SECTION "N"(4)

6     LIABILITY LITIGATION          JUDGE ENGELHARDT

7

8                          *    *    *

9

10          Videotaped Federal Rule 30(b)(6)

11     Deposition of MORGAN BUILDINGS & SPAS, INC.

12     and MORGAN BUILDING SYSTEMS, INC., through

13     their designated representative, JAMES

14     SCHILLIGO, 608 Wyatt Drive, St. Peters,

15     Missouri 63376, taken at the offices of

16     Lambert & Nelson, 701 Magazine Street, New

17     Orleans, Louisiana 70130, on Wednesday, the

18     13th day of August, 2008.

19

20     REPORTED BY:

21          JAMES T. BRADLE, CCR
            PROFESSIONAL SHORTHAND REPORTERS
22          (504)529-5255

23     VIDEOGRAPHER:

24          MICHAEL BERGERON
            PROFESSIONAL SHORTHAND REPORTERS
25          (504)529-5255

Page 2

```
 1   APPEARANCES:

 2       LAMBERT & NELSON
         (BY: HUGH P. LAMBERT, ESQUIRE)
 3       701 MAGAZINE STREET
         NEW ORLEANS, LOUISIANA 70130
 4

 5       LAW OFFICES OF FRANK D'AMICO, JR.
         (BY: AARON AHLQUIST, ESQUIRE -
           VIA TELEPHONE)
 6       622 BARONNE STREET
         NEW ORLEANS, LOUISIANA 70113
 7
             ATTORNEYS FOR THE PLAINTIFFS
 8

 9       DAIGLE, JAMISON & RAYBURN
         (BY: BRENDA L. MISTROT, ESQUIRE -
           VIA TELEPHONE)
10       303 WEST VERMILION STREET
         SUITE 210
11       LAFAYETTE, LOUISIANA   70502

12           ATTORNEYS FOR DEFENDANT,
             SILVER CREEK
13
         DUPLASS, ZWAIN, BOURGEOIS,
14         PFISTER & WEINSTOCK
         (BY: RYAN M. MALONE, ESQUIRE)
15       3838 NORTH CAUSEWAY BOULEVARD
         SUITE 2900
16       METAIRIE, LOUISIANA   70002

17           ATTORNEYS FOR DEFENDANT,
             GULF STREAM COACH, INC.
18
         U.S. DEPARTMENT OF JUSTICE
19       (BY: HENRY MILLER, ESQUIRE)
         CIVIL DIVISION
20       1331 PENN AVENUE, N.W.
         ROOM 8220-N WASHINGTON, D.C. 20004
21
             ATTORNEYS FOR DEFENDANT, UNITED
22           STATES OF AMERICA

23

24

25
```

Page 3

```
 1   APPEARANCES CONTINUED:

 2        GIEGER, LABORDE & LAPEROUSE
          (BY: JASON D. BONE, ESQUIRE -
 3          VIA TELEPHONE)
          701 POYDRAS STREET
 4        SUITE 4800
          NEW ORLEANS, LOUISIANA  70139
 5
              ATTORNEYS FOR DEFENDANT, FOREST
 6            RIVER

 7        LEAKE & ANDERSSON
          (BY: JERRY L. SAPORITO, ESQUIRE)
 8        1700 ENERGY CENTRE
          1100 POYDRAS STREET
 9        NEW ORLEANS, LOUISIANA  70163

10            ATTORNEYS FOR DEFENDANTS,
              FLEETWOOD ENTERPRISES, INC.,
11            ET AL

12        GARRISON, YOUNT, LORMAND, FORTE &
            MULCAHY, L.L.C.
13        (BY: RANDALL C. MULCAHY, ESQUIRE)
          909 POYDRAS STREET
14        SUITE 1800
          NEW ORLEANS, LOUISIANA  70112
15
              ATTORNEYS FOR DEFENDANTS,
16            RECREATION BY DESIGN, LLC, TL
              INDUSTRIES, INC., AND FRONTIER
17            RV, INC.

18        WILLINGHAM, FULTZ & COUGILL
          (BY: HAL L. ROACH, JR., ESQUIRE -
19          VIA TELEPHONE)
          NIELS ESPERSON BUILDING
20        808 TRAVIS, SUITE 1608
          HOUSTON, TEXAS  77002
21
              ATTORNEYS FOR DEFENDANT,
22            JAYCO AND STARCRAFT

23

24

25
```

Page 4

```
 1   APPEARANCES CONTINUED:

 2         HAILEY, McNAMARA, HALL, LARMANN
               & PAPALE, L.L.P.
 3         (BY: DAVID C. BACH, ESQ.)
           SUITE 1400, ONE GALLERIA BOULEVARD
 4         METAIRIE, LOUISIANA 70002

 5             ATTORNEYS FOR DEFENDANTS,
               AMERICAN HOMESTAR CORP. AND
 6             OAK CREEK HOMES

 7         FOWLER RODRIGUEZ VALDES-FAULI
           (BY: STEPHANIE D. SKINNER, ESQUIRE -
 8           VIA TELEPHONE)
           400 POYDRAS STREET, 30TH FLOOR
 9         NEW ORLEANS, LOUISIANA  70130

10             ATTORNEYS FOR DEFENDANTS,
               CMH MANUFACTURING, SOUTHERN
11             ENERGY HOMES, INC., PALM HARBOR
               MANUFACTURING, LP, PALM
12             HARBOR ALBERMARLE, AND GILES
               INDUSTRIES, INC.
13
           McGLINCHEY STAFFORD, PLLC
14         (BY: CHRISTINE LIPSEY, ESQUIRE
             AND DAN E. WEST, ESQUIRE)
15         FOURTEENTH FLOOR, ONE AMERICAN PLACE
           301 MAIN STREET
16         BATON ROUGE, LOUISIANA 70825

17                   (and)

18         MORGAN MANAGEMENT CORPORATION
           (BY: ALAN WINN, ESQUIRE)
19         CORPORATE COUNSEL
           2800 McCREE ROAD
20         GARLAND, TEXAS 75041

21             ATTORNEYS FOR MORGAN BUILDINGS &
               SPAS, INC.
22
23   ALSO PRESENT:

24         CANDICE SIRMON, ESQUIRE - PLAINTIFFS'
               STEERING COMMITTEE
25         RACHEAL MEZZIC - LAMBERT & NELSON
```

Page 5

1                   EXAMINATION INDEX

2                                         Page

3    EXAMINATION BY MR. LAMBERT ..........13
     EXAMINATION BY MR. MILLER ..........172
4    EXAMINATION BY MR. MULCAHY ..........190

5                 *    *    *

6              INDEX OF EXHIBITS

7                                         Page

8    Exhibit No. 1  ......................69

9    Morgan Purchase Order 131888, Terms of

10   Purchase, and Amendment No. 1 to Fleetwood

11   Enterprises, Inc. Master Sales Agreement

12   dated 9-6-05 (MORGAN-000061 through 000063)

13   Exhibit No. 2  ......................76

14   Document from Brad McKinney, Monaco Coach

15   Corp. to Morgan Building Systems dated

16   9-1-05, document entitled "32 SK Bunk House

17   Travel Trailer by Monaco Coach" and Holiday

18   Rambler cover sheet from Christina

19   Detering/Brad McKinney to Jim/Guy Morgan

20   dated 9-1-05 (MORGAN-000064 through 000066)

21   Exhibit No. 3  ......................78

22   Morgan Purchase Order 118040 dated 9-19-05,

23   Terms of Purchase, and Morgan Purchase Order

24   118034 dated 9-6-05 (MORGAN-000058 through

25   000060)

Page 6

```
 1    Exhibit No. 4  .......................81

 2    Morgan Purchase Order 118041 dated 9-29-05

 3    (MORGAN-000067)

 4    Exhibit No. 5  .......................85

 5    Various e-mails and Federal Emergency

 6    Management Agency (FEMA) Ruggedized

 7    Manufactured Housing Procurement

 8    Specifications dated July 14, 2005

 9    (MORGAN-000078 through 000086)

10    Exhibit No. 6  .......................95

11    E-mail from Michael Wagner to Guy Morgan

12    dated August 31, 2005 (MORGAN-000097)

13    Exhibit No. 6(A)  ...................139

14    FEMA Model Travel Trailer Procurement

15    Specifications dated August 12, 2004

16    (MORGAN000099 through 000102)

17    Exhibit No. 7  ......................138

18    Request for Quotations letter from Bryan

19    McCreary, FEMA to Vendors dated September 8,

20    2005, with attached specifications

21    (MORGAN-000088 through 000090)

22    Exhibit No. 8  ......................166

23    Color photograph

24    Exhibit No. 9  ......................166

25    Color photograph
```

Page 7

1                S T I P U L A T I O N

2

3        It is stipulated and agreed by and

4    between counsel for the parties hereto that

5    the deposition of the aforementioned witness

6    is hereby being taken for all purposes

7    allowed under the Federal Rules of Civil

8    Procedure, in accordance with law, pursuant

9    to notice;

10        That the formalities of reading and

11    signing are specifically not waived;

12        That the formalities of filing,

13    sealing, and certification are specifically

14    waived;

15        That all objections, save those as to

16    the form of the question and the

17    responsiveness of the answer, are hereby

18    reserved until such time as this deposition,

19    or any part thereof, may be used or sought

20    to be used in evidence.

21

22                  *   *   *

23        JAMES T. BRADLE, CCR, Certified Court

24    Reporter, officiated in administering the

25    oath to the witness.

Page 21

```
 1    availability of inventory and pricing.

 2         Q    All right.  And when you say "we,"

 3    is there a team of people?  Is it primarily

 4    you and Mr. Morgan, or who is it?

 5         A    Myself and Mr. Morgan.

 6         Q    Okay.  And who were your

 7    suppliers?

 8         A    For --

 9         Q    For this schedule, quantity,

10    pricing, floor plan request.

11         A    For this disaster, it would have

12    been Fleetwood, Recreation by Design and

13    Monaco.

14         Q    We have taken Fleetwood's

15    deposition, and we have the quantities and

16    so on.  Was Fleetwood the largest supplier?

17         MS. LIPSEY:

18              Objection, vague.

19    EXAMINATION BY MR. LAMBERT:

20         Q    Insofar as your procurement was

21    concerned, was Fleetwood the largest

22    supplier of travel trailers?

23         A    I don't know that for sure.

24         Q    Okay.  When you contacted

25    Fleetwood and Recreation by Design and
```