UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Gary McCray, et al v. Pilgrim International, Inc. et al*, 09-5991; | * | |
| *Swanica Nero, et al v. Pilgrim International, Inc., et al*, 09-4730; | * | |
| *Henrietta Barnes et al v. Pilgrim International, Inc., et al*, 09-7101; | * | |
| *Mae Aaron, as Next Friend of Jarell Aaron, A minor, et al v. Pilgrim International, Inc., et al*, 09-7808; | * | |
| *Janice Currie, et al. v. Pilgrim International, Inc., et al*, 09-7909; | * | |
| *Joan Martin et al v. Pilgrim International, Inc., et al*, 10-1253; | * | |
| *Candy Dunnaway, as Next Friend of N.A., a Minor, et al v. Pilgrim International, Inc., et al*, 10-2189; | * | |
| *Kasinda Brumfield, as Next Friend of K.B.,; a Minor, et al v. Pilgrim International, Inc., et al*, 09-10-2248 | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS

MAY IT PLEASE THE COURT:

Plaintiffs request leave to amend the complaints in the above-referenced cases to add causes of action against an additional insurance company defendant pursuant to Louisiana's Direct Action Statute and to clarify the allegations regarding the insurers previously named. The insurance entity to be added is Burlington Insurance Company ("Burlington"), which insured Pilgrim International, Inc. ("Pilgrim") from March 31, 2007 to March 31, 2009.

I.      INTRODUCTION

Pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:1269, Plaintiffs may directly sue this insurance company for the damages caused by their insured, Pilgrim. The amendments to the complaints proposed by Plaintiffs add a direct cause of action against Pilgrim's insurer, Burlington and clarify the allegations regarding the insurers previously named, i.e. Sentry Insurance and Crum & Forster Specialty Insurance Co.

II.     ARGUMENT AND AUTHORITIES

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182. In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to clarify their allegations against the Insurance Defendants and to preserve the insurance coverage available to the Defendant Pilgrim.[1] Leave to amend Plaintiffs' complaints should therefore be granted. *See Id.*

Louisiana's "Direct Action Statue grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured." *Green v. Auto Club Group Ins. Co.*, 24 So.3d 182, 184 (La. 2009).  Plaintiffs, therefore have the right to sue Pilgrim's insurers directly. The proposed amended complaints add a direct cause of action against Burlington, one of Pilgrim's insurers and clarify the allegations against the Insurance Defendants previously named.  As an example, in the prior pleadings the "Insurance Defendants" were defined as the "Manufacturing Defendants" one of the sections of each of the complaints. The amended complaints also set forth with greater specificity the cause of action against the Insurance Defendants.  *See* proposed amended complaints, attached as Exhibits A (*Gary McCray*

---

[1] Pilgrim filed for bankruptcy protection on September 22, 2008.

*et al*), B (*Swanica Nero et al*), C (*Henrietta Barnes et al*) , D (*Mae Aaron et al*), E (*Janice Currie et al*), F (*Joan Martin et al*), G (*Candy Dunnaway et al*), and H (*Kasinda Brumfield et al*). Because the proposed amendments are necessary to assert Plaintiffs' right of direct action against Defendant Pilgrim's insurer, and to clarify the allegations related to Insurance Defendants, leave should be granted to file the proposed amended complaints. *Foman*, 371 U.S. at 182.

Plaintiffs' counsel attempted obtain consent from opposing counsel prior to filing this Motion and consent could not be reached.

II. CONCLUSION

For all of the above reasons, Plaintiffs respectfully request this Court grant their Motion for Leave to File Amended Complaints.

Respectfully submitted:

/s/ Robert C. Hilliard

---

**ROBERT C. HILLIARD**
Texas State Bar No. 09677700
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**RICHARD P. IEYOUB**
Louisiana State Bar and

Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

**DANIEL D. WARE**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 10847
**CARROLL LOUIS CLIFFORD IV**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 99545
WARE CLIFFORD LAW FIRM PLLC
2625 Ridgewood Rd., Ste 100
Jackson, MS 39216

Phone 601-368-9310
Fax 601-368-9958

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 28th day of December, 2011.

/s/ Robert C. Hilliard

_____

**ROBERT C. HILLIARD**