UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO: | * | MAG. JUDGE CHASEZ |
| *Pohlmann, et al. v. Dutchman Manufacturing, Inc., et al.* | * | |
| Civil Action No. 09-8660 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN REPLY TO DUTCHMEN'S OPPOSITION
TO MOTION FOR LEAVE TO AMEND COMPLAINT**

MAY IT PLEASE THE COURT:

Plaintiff has requested by motion that this Court grant them leave to amend their original complaint in this matter, in order to (a) add Dutchmen Manufacturing, Inc. ("Dutchmen") as the proper manufacturer of her FEMA trailer, and (b) dismiss Thor Industries, Inc. ("Thor") as the incorrectly-identified manufacturing defendant. Dutchmen has filed an opposition, despite the fact that it is not yet a party to the action at issue, and thus has no standing to oppose the motion. Dutchmen will have an opportunity later, as a named defendant, to raise and assert all defenses and file all appropriate motions to protect its interests.

Even if it had standing to oppose Plaintiff's Motion for Leave to Amend, Dutchmen's opposition is without merit. The claim against Duchmen is timely for the following reasons:

1. Dutchmen is a solidary obligor with the originally named defendants, Shaw Environmental, Inc., CH2M Hill Constructors, Inc., Fluor Enterprises, Inc. and the United States of America, and, thus, the prescriptive period has been tolled against Dutchmen under Louisiana law provisions related to joint tortfeasors who are solidary

1

obligors. At the very least, Dutchmen's prescription defense is prematurely asserted, since the fault of these co-defendants is not yet adjudicated; and,

2. Plaintiff set forth allegations in her original Complaint which arise out of the same transaction, occurrence, or conduct as the allegations in the proposed amended pleading, thus falling within the "relation back" provisions of Federal Rule of Civil Procedure 15(c)(1)(B).

## LAW AND ARGUMENT

Plaintiff agrees with Dutchmen that generally a one-year prescriptive period applies to Plaintiff's original tort allegations against the named defendants. However, Plaintiffs submit that prescription has been interrupted as to Dutchmen under any one of the relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitations allows relation back;
>
> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; **or**
>
> (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) Received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added

> In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir. 1989). . . . The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:
>
>> Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
>
> If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally named joint tortfeasors, Shaw Environmental, Inc., CH2M Hill Constructors, Inc., Fluor Enterprises, Inc. and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Dutchmen. Therefore, the action has not prescribed against Dutchmen, and Plaintiff's proposed amendment is not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading. Notwithstanding the tolling of the prescriptive period against Dutchmen, the allegations asserted in the proposed amending complaint arise out of the same conduct, transaction, or occurrence set forth in the original Complaint. Indeed, in

their proposed Supplemental and Amending Complaint, Plaintiffs simply substitutes Dutchmen for Thor and reavers substantive allegations.

## CONCLUSION

It is conceded that Plaintiffs incorrectly named Thor as the manufacturer of their FEMA-provided trailer.[1] By e-mail of November 28, 2011, undersigned was informed by liaison counsel that Thor was not the proper manufacturing defendant in this case. Thereafter, the undersigned confirmed that the Plaintiff's VIN indeed matched a Dutchmen Manufacturing, Inc. trailer, installed by Shaw Environmental, Inc., CH2M Hill Constructors, Inc., Fluor Enterprises, Inc. and filed the instant Motion for Leave to Amend, seeking to add the proper party, Dutchmen, and to dismiss the improper party, Thor. Plaintiff has acted diligently through counsel to correct the mis-naming of the defendant manufacturer and should not be summarily precluded from asserting their claim against Dutchmen.

Based on these equitable, and the above-stated legal, considerations, it is respectfully submitted that Plaintiff's Motion for Leave to Amend should be granted.

Respectfully Submitted:

BY: /s/ Joseph M. Bruno
JOSEPH M. BRUNO, (#3604)
MELISSA A. DeBARBIERIS, (#32124)
Bruno & Bruno, LLP
855 Baronne Street. Third Floor
New Orleans, Louisiana 70113
Telephone: (504) 525.1335
Facsimile: (504) 561.6775
Attorneys for Plaintiffs

1 The original complaint named Thor in the case caption and was filed on December 30, 2009.

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

    /s/ Joseph M. Bruno
Joseph M. Bruno (#3604)