# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | **MDL No. 1873** |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | **JUDGE ENGELHARDT** |
| | * | |
| | * | **MAGISTRATE CHASEZ** |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |

*James H. Aldridge, et al., v. Gulfstream Coach, Inc., et al., 07-9228*
*Annie Mae Anderson, et al., v. Keystone Industries, Inc., et al., 09-2930*
*Blanca Alvarado, et al., v. Keystone Industries, Inc., et al., 09-4105*
*Anthony Graffeo, et al., v. Keystone Industries, Inc., et al., 09-4109*
*Frank R. Airhart, et al., v. The United States of America, et al., 09-5477*
*Joseph Boines, et al., v. Keystone Industries, Inc., et al., 09-8439*
*Bruce Thomas, et al., v. Keystone Industries, Inc., et al., 09-8440*
*Bessie Barnett, et al., v. Keystone Industries, Inc., et al., 09-8441*
*Randolph Holmes, et al., v. Keystone Industries, Inc., et al., 09-8442*
*Jules Ambrose, et al., v. Keystone Industries, Inc., et al., 09-8443*
*Rahneisha Bartholomew, et al.,  v. Keystone Industries, Inc., et al., 10-0442*
*George Holmes, et al., v. Keystone Industries, Inc., et al., 10-0443*
*Gerald Evans, et al., v. Keystone Industries, Inc., et al., 10-2480*
*Tyrone O. Young, et al., v. Keystone Industries, Inc., et al., 10-2524*
*Reed Deroche, et al., v. Keystone Industries, Inc., et al., 10-2561*
*Delores Fountain, et al., v. Keystone Industries, Inc., et al., 10-2588*
*Burnell Williams, et al., v. Keystone Industries, Inc., et al., 10-3598*
*Kim Brickley, et al., v. Keystone Industries, Inc., et al., 10-3606*
*Romalice Taylor, et al., v. Keystone Industries, Inc., et al., 10-3630*

******************************************************************************

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND SUBSTITUTE A PARTY</u>

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above named suits respectfully move this Honorable Court for leave to

amend their complaints to reflect the proper Defendant manufacturer.  Plaintiffs originally sued

Keystone Industries, Inc., a similarly named company as identified by FEMA; however, it has become apparent that Keystone RV Company (hereinafter "Keystone RV"), should be substituted in place of Keystone Industries, Inc.

Plaintiffs originally sued Keystone Industries, Inc., because of confusion caused by FEMA matching responses. Counsel for the "Thor Group," which includes, but is not limited to, Keystone RV Company, Dutchmen Manufacturing, Inc., Thor California, Inc., DS Corp d/b/a Crossroads RV, Komfort Corporation, Damon Corporation, and Four Winds International Corporation, notified undersigned of the prominence of such a naming problem with respect to Keystone Industries and Keystone RV Company by correspondence and telephone conversation Soon after, a discussion was had with defense counsel regarding the proposed amendments and counsel for Keystone RV has informed that they will not consent to the proposed amendments.

## LAW AND ARGUMENT

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, (1962). Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2); *Foman*, 371 U.S. at 182. In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve Plaintiffs' claims against the proper manufacturing defendant. Leave to amend Plaintiffs' complaints should therefore be granted. *See Id.*

Plaintiffs submit that prescription has been interrupted as to Keystone RV under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

An amendment to a pleading relates back to the date of the original pleading when:

(A)    The law that provides the applicable statute of limitations allows relation back;

(B)    The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

(C)    The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to brought in by amendment:

        i.   Received such notice of the action that it will not be prejudiced in defending on the merits; and

        ii.  Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens*

*v. Deere & Company*, 869 F.2d 879 (5th Cir. 1989)….The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:

> Prescription is interrupted…when the oblige commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

> If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors.  See also LSA-C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, for all movants, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law.  Since the originally name joint tortfeasors, the named contractor defendants and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Dutchmen.  Therefore, the action has not prescribed against Keystone RV, and Plaintiffs' proposed amendments are not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleadings (which were timely filed prior to December 30, 2009).  Notwithstanding the tolling of the prescriptive period against Keystone RV, the allegations asserted in the proposed amending complaints arise out of the same conduct, transaction, or occurrence set forth in the original Complaints.  Indeed, in plaintiffs' proposed Amending Complaints, Plaintiffs simply substitute Keystone RV for Keystone Industries, Inc., and re-aver substantive allegations.

Finally, Keystone RV is:  (1) represented by the same counsel as other Thor subsidiaries in the Thor Group.; (2) insured under the same insurance policy as the other Thor Group entities, including its subsidiaries; (3) has been on notice of these claims since the inception of the first filed claims and has been actively defending these claims for several years.  Moreover, counsel for Keystone RV had notice of the particular causes of actions of Plaintiffs who sued Keystone Industries, Inc., in this litigation, and, more importantly, counsel for the Keystone RV was provided Vehicle Identification Numbers (VIN numbers) in the Plaintiffs' Fact Sheets ("PFS").  Because a PFS with a VIN that matched a Keystone RV unit was provided to counsel for Keystone RV, Keystone RV will not be prejudiced by the additional movants as Plaintiffs, especially when Keystone RV has already taken steps to defend itself in this matter.

WHEREFORE, Plaintiffs pray that this Honorable Court grant leave to file the attached proposed amending complaints.

Respectfully submitted,

/s/ Frank J. D'Amico, Jr._____
FRANK J. D'AMICO, JR. (LSBA# 17519)
Frank J. D'Amico, Jr., APLC
4731 Canal St.
New Orleans, LA  70119
Phone: (504) 525-7272
Fax: (504) 525-9522

### CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing with the

Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing

document and the notice of electronic filing by first-class mail to all counsel of record who are

non-CM/ECF participants.

/s/ Frank J. D'Amico, Jr._____
FRANK J. D'AMICO, JR. (LSBA# 17519)