UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: FEMA TRAILER** | * | **MDL NO. 1873** |
| **FORMALDEHYDE PRODUCTS** | * | |
| **LIABILITY LITIGATION** | * | **SECTION "N" (5)** |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | **MAGISTRATE CHASEZ** |
| **THIS DOCUMENT IS RELATED TO:** | * | |
| *Alex Magee, et al v. Thor Industries, Inc., et al,* | * | |
| 09-4743; | * | |
| *Terri Davis, et al v. Thor Industries, Inc., et al,* | * | |
| 09-5987; | * | |
| *Lowell Mitchell, et al v. Thor Industries, Inc., et al,* | * | |
| 09-6929; | * | |
| *Mary Martinez, et al v. Thor Industries, Inc., et al,* | * | |
| 09-7099; | * | |
| *Britney Bogan et al v. Thor Industries, Inc., et al,* | * | |
| 09-7812; | * | |
| *Ella Mcgee, as Next Friend of J.J., a Minor, et al* | * | |
| *v. Thor Industries, Inc., et al,* | * | |
| 09-7830; | * | |
| *Susan Pittman, as Next Friend of J.F., a Minor,* | * | |
| *et al v. Thor Industries, Inc. et al,* | * | |
| 10-1294; | * | |
| *Inez Johnson, et al v. Thor Industries, Inc. et al,* | * | |
| 10-2185 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIMS AND TO JOIN EXISTING ACTIONS

**NOW INTO COURT**, through undersigned counsel, come those Plaintiffs listed on the attached Exhibits, who respectfully request this Honorable Court grant their Motion to Sever their claims from the above referenced lawsuits and grant them leave to join the actions identified herein and in support of the same would show the Court as follows:

**I.      SEVERANCE**

Plaintiffs' counsel through the matching process was informed by the United States Government, that travel trailers having VIN prefixes of "47CT" and "4XTT" were manufactured by Thor aka Thor Industries, Inc.  Therefore, Plaintiffs filed their Original and Amended Complaints in the above referenced actions against Thor with Exhibits A which set forth various Plaintiffs living in trailers with such VINs.  Contrary to what the United States Government has represented, Thor now asserts that travel trailers having a VIN prefix of "47CT" are not manufactured by Thor, but by one of their subsidiaries, Dutchmen Manufacturing, Inc. (hereinafter "Dutchmen").  Therefore, Plaintiff requests that the Court sever out the Plaintiffs identified on the following exhibits and that said Plaintiffs be granted leave to have their claims added to existing lawsuits against Dutchmen as identified below[1]:

Exhibit 1 - *Alex Magee, et al. v. Thor Industries, Inc., et al,* 09-4743 and to have said Plaintiffs added to *Amanda Williams, et al. v. Dutchmen Manufacturing, Inc. et al*, 09-4710;

Exhibit 2 -*Terri Davis, et al. v. Thor Industries, Inc., et al,* 09-5987 and to have said Plaintiffs added to *Amanda Williams, et al. v. Dutchmen Manufacturing, Inc. et al*, 09-4710;;

Exhibit 3 -*Lowell Mitchell, et al. v. Thor Industries, Inc., et al,*09-6929 and to have said Plaintiffs added to *Willie Brown, et al v. Dutchmen Manufacturing, Inc. et al*, 09-6942[2];

Exhibit 4 - *Mary Martinez, et al v. Thor Industries, Inc., et al,* 09-7099 and to have said Plaintiffs added to *Ricardo Dangerfield, et al v. Dutchmen Manufacturing, Inc. et al*, 09-7067;

---

[1] Plaintiff would note that Thor and Dutchmen are represented by the same counsel and that said counsel first brought this to the attention of Plaintiff's counsel in November 2011.  Defendant Dutchmen is not prejudiced in any manner and that Thor and Dutchmen are insured under the same policies.

[2] Other than for the *Willie Brown case*, with these additions the number of Plaintiffs in each action will be less than 300.  Plaintiff is seeking to add four Plaintiffs from *Lowell Mitchell*, a Mississippi case to *Willie Brown*, another Mississippi case.  Adding these four plaintiffs to *Willie Brown* would bring the total number of Plaintiffs in that case to 304.  Counsel seeks this *de minimus* increase as the *Willie Brown* case is the only other Mississippi case counsel has on file against Dutchmen in a similar time frame.

Exhibit 5 - *Britney Bogan et al. v. Thor Industries, Inc., et al,* 09-7812 and to have said Plaintiffs added to *Marrisa Collier, et al v. Dutchmen Manufacturing, Inc. et al*, 09-7922;

Exhibit 6 - *Ella Mcgee, as Next Friend of J.J., a Minor, et al v. Thor Industries, Inc., et al,* 09-7830 and to have said Plaintiffs added to *Marrisa Collier, et al v. Dutchmen Manufacturing, Inc. et al*, 09-7922;

Exhibit 7 - *Susan Pittman, as Next Friend of J.F., a Minor, et al v. Thor Industries, Inc. et al,* 10-1294 and to have said Plaintiffs added to *Mary January, et al. v. Dutchmen Manufacturing, Inc. et al.*, 10-1270;

Exhibit 8- *Inez Johnson, et al. v. Thor Industries, Inc. et al,* 10-2185 and have said Plaintiffs added to *Frankie Jones et al. v. Dutchmen Manufacturing, Inc.et al*, 10-2182

In a motion to sever, the court may consider the following factors: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *McFarland v. State Farm Fire & Cas. Co.,* No. 1:06cv466-LTS-RHW, 2006 WL 2577852, at *1 (S.D.Miss. Sept. 6, 2006). All these factors all support severance of these Plaintiffs. Judicial economy will be best served and prejudice avoided. Further this action would facilitate the settlement of the claims as Thor and Dutchmen have the same insurance companies and counsel.

As the Court has noted in this litigation,

In a litigation as large and complex as this, mistakes are bound to occur. It is important here that the length of delay and its potential impact on the judicial proceedings are very slight. Moreover prejudice to the defendants is negligible. [Rec. Doc. 23966, p. 12.]

In the case at bar, there was a mistake in naming the proper party that manufactured travel trailers. As the Court has stated previously, in a litigation as large as this, such mistakes are bound to occur, especially where there are related entities and counsel relied on good faith on representations made by the United States Government in matching the trailers to Thor.

Moreover, the potential impact on the judicial proceedings is very slight, especially since the Thor and Dutchmen are related and same counsel and Dutchmen is related entity to Thor. For all these reasons, this substitution severance and joinder should be allowed.

## II.     TOLLING OF PRESCRIPTION PERIOD

Plaintiffs would further show that the prescription period should be tolled for these Plaintiffs as of the date of their original filings as Dutchmen is a solidary obligor with the originally named defendants, Shaw Environmental, Inc., CH2M Hill Constructors, Inc., and Fluor Enterprises, Inc.  The prescription period should be further tolled as Plaintiffs' allegations in their original Complaints arise out of the same transaction, occurrence, or conduct as the allegations in the proposed amended pleading, thus falling within the "relation back" provisions of Federal Rule of Civil Procedure 15(c)(1)(B).

The prescription period has been interrupted as to Dutchmen under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c).  Rule 15(c)(1) provides:

>   An amendment to a pleading relates back to the date of the original pleading when:
>
>   (A) The law that provides the applicable statute of limitations allows relation back;
>
>   (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; **or**
>
>   (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>       (i) Received such notice of the action that it will not be prejudiced in defending on the  merits; and
>
>       (ii) Knew or should have known that the action would have been brought against it, but  for a mistake concerning the proper party's identity.

Here it is clear that Dutchmen had notice of the action as they have been party to this MDL and have actively participated in it since its inception. Further Dutchmen knew the action should have been brought against it, and it fact it was their counsel who brought it to the attention of Plaintiffs' counsel that the VINs matched Dutchmen as opposed to Thor based upon the Plaintiff Fact Sheets they were provided. Fed. R. Civ. P. 15(c)(1) (emphasis added In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F.2d 879 (5th Cir. 1989). . . . The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462: Prescription is interrupted ... when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA–C.C. art. 3503. *Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted). These factors are satisfied here, and the prescription period for these claims has been interrupted at the time of their respective filings.

### III.     CONSENT

Plaintiffs' counsel sought consent from opposing counsel prior to filing this Motion, and consent was not given.

### IV.     CONCLUSION

WHEREFORE, said Plaintiffs identified in Exhibits 1-8, pray that their actions be severed from the Thor claims as identified above, that they be granted leave to join prior existing actions filed against Dutchmen Manufacturing, Inc. and the prescription period for them be tolled as at the time of their original filings.

5

Respectfully submitted:

/s/ Robert C. Hilliard

---

**ROBERT C. HILLIARD**
Texas State Bar No. 09677700
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261


**RICHARD P. IEYOUB**
Louisiana State Bar and
Eastern District of Louisiana Federal ID No. 2217
CARLETON DUNLAP OLINDE & MOORE, LLC
One American Place, Suite 900
Baton Rouge, LA 70825
Phone 225-282-0600
Fax 225-282-0650

**DANIEL D. WARE**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 10847
**CARROLL LOUIS CLIFFORD IV**
Mississippi State Bar and
Southern District of Mississippi Federal ID No. 99545
WARE CLIFFORD LAW FIRM PLLC
2625 Ridgewood Rd., Ste 100
Jackson, MS 39216
Phone 601-368-9310
Fax 601-368-9958


**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 29th day of December, 2011.

      /s/ Robert C. Hilliard

      **ROBERT C. HILLIARD**