UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL No. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAGISTRATE CHASEZ |
| THIS DOCUMENT RELATED TO: | * | |

*Shalam Scott, et al., v. Dutchman Manufacturing, Inc.*
*Civil Action No. 09-8574*
**************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO AMEND TO ADD PLAINTIFFS

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above named suit respectfully move this Honorable Court for leave to amend their original complaint filed on December 29, 2011, to add the following plaintiffs to their complaint:

1. Adam Thomas, Jr.

2. Adam Thomas, Jr. on behalf of A.T. III

3. Terrence Williams

4. Antoine Edwards

5. Kirby Bell

6. Antoine Edwards, Jr.

7. Phillip Edwards

8. Travis Napoleon

Plaintiffs' motion and memorandum relates to the original complaints referred to herein which were timely filed on December 29, 2011. Plaintiffs originally sued in *Syble Phillips, et al., v. Thor Industries, Inc., et al.,* E.D. La. No 09-8568, against Thor Industries, Inc.; however, it has become apparent that Dutchmen Manufacturing, Inc., a subsidiary of Thor Industries, Inc., is the proper manufacturing defendant. Therefore, the claims of the plaintiffs listed above are being added to the above-captioned complaint. Upon this Court's granting of the instant Motion, Plaintiffs will file a motion for leave to amend the *Phillips* Complaint to substitute the proper manufacturing defendant, Thor California, Inc., for the improper manufacturing defendant, Thor Industries. Because other plaintiffs in *Phillips* are properly matched to Thor California, Inc., this amendment is necessary to move the above-referenced claimants to a complaint with the same posture. Indeed, both of the complaints, *Scott* and *Phillips*, matters involve the same named defendants.

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182, (1962). Leave to amend should be freely given when justice so requires. Fed.R.Civ.P. 15(a)(2); *Foman*, 371 U.S. at 182. In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve Plaintiffs' claims against the proper manufacturing defendant. Leave to amend Plaintiffs' complaints should therefore be granted. *See Id.* Furthermore, Defendants will not be prejudiced as both of the complaints, *Scott* and *Phillips* matters involve the same named defendants.

Therefore, Plaintiffs respectfully request that this Court grant their instant Motion for Leave to Amend to Add Plaintiffs. Upon entry of the attached proposed order, Plaintiffs will voluntarily dismiss their claims in the *Scott* and *Phillips* matters.

Respectfully submitted,

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (LSBA# 17519)
Frank J. D'Amico, Jr., APLC
4731 Canal St.
New Orleans, LA  70119
Phone: (504) 525-7272
Fax: (504) 525-9522

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (LSBA# 17519)