UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL No. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |

*Blatcher, et al., v. Thor Industries, Inc., et al., 09-8569*
*Johnson, et al., v. Thor Industries, Inc., et al., 10-2024*
*Williams, et al., v. Thor Industries, Inc., et al., 10-2476*
**************************************************************************

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND SUBSTITUTE A PARTY

**MAY IT PLEASE THE COURT:**

Plaintiffs in the above named suits respectfully move this Honorable Court for leave to amend their complaints to reflect the proper Defendant manufacturer. Plaintiffs originally sued Thor Industries, Inc., the parent company of Dutchmen Manufacturing, Inc., and Thor California, Inc; however, it has become apparent that Dutchmen Manufacturing, Inc. (hereinafter "Dutchmen"), a subsidiary of Thor Industries, Inc., should be substituted in place of Thor Industries, Inc.

Plaintiffs originally sued Thor Industries, Inc., because of confusion caused by FEMA matching responses. Plaintiffs have attached an excerpt of the matching responses that begin with "47CT" as Exhibit "A". This excerpt of 618 matching responses contains matches to roughly ten (10) different manufacturers.  44% of these responses match plaintiffs to Thor, Thor

California, Inc., Thor Industries, or Thor Industries, Inc., and 36% of these response match plaintiffs to Dutchmen.

Counsel for the "Thor Group," which includes, but is not limited to, Keystone RV Company, Dutchmen Manufacturing, Inc., Thor California, Inc., DS Corp d/b/a Crossroads RV, Komfort Corporation, Damon Corporation, and Four Winds International Corporation, notified Catherine Jacobs, co-counsel to undersigned , of the prominence of such a naming problem with respect to Thor California, Inc., Thor Industries, and Dutchmen Manufacturing, Inc., by email and telephone conversation beginning November 3, 2011, and continuing through November and December of 2011.  Undersigned counsel was additionally notified thereafter by the Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C. of the same issues regarding the Thor Group. Soon after, a discussion was had with defense counsel regarding the proposed amendments and counsel for the Thor Group has informed that they will not consent to the proposed amendments.

## LAW AND ARGUMENT

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading.  *Foman v. Davis*, 371 U.S. 178, 182, (1962). Leave to amend should be freely given when justice so requires.  Fed.R.Civ.P. 15(a)(2); *Foman*, 371 U.S. at 182.  In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve Plaintiffs' claims against the proper manufacturing defendant.  Leave to amend Plaintiffs' complaints should therefore be granted.  *See Id.*

Plaintiffs submit that prescription has been interrupted as to Dutchmen under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c).  Rule 15(c)(1) states:

An amendment to a pleading relates back to the date of the original pleading when:

(A) The law that provides the applicable statute of limitations allows relation back;

(B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

(C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to brought in by amendment:

   i. Received such notice of the action that it will not be prejudiced in defending on the merits; and

   ii. Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens*

>> *v. Deere & Company*, 869 F.2d 879 (5th Cir. 1989)….The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:
>
>> Prescription is interrupted…when the oblige commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
>
>> If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA-C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, for all movants, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally name joint tortfeasors, the named contractor defendants and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Dutchmen. Therefore, the action has not prescribed against Dutchmen, and Plaintiffs' proposed amendments are not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleadings (which were timely filed between August and December of 2009). Notwithstanding the tolling of the prescriptive period against Dutchmen, the allegations asserted in the proposed amending complaints arise out of the same conduct, transaction, or occurrence set forth in the original Complaints. Indeed, in plaintiffs' proposed Amending Complaints, Plaintiffs simply substitute Dutchmen for Thor Industries, Inc., and re-aver substantive allegations.

Finally, Dutchmen is: (1) a part of the Thor Group with Thor Industries, Inc.; (2) a subsidiary of Thor Industries, Inc.; (3) represented by the same counsel as other Thor subsidiaries of the parent company, Thor Industries, Inc.; (4) insured under the same insurance policy as the other Thor Group entities, including Thor Industries and its subsidiaries. As evidenced by Exhibit "A", Plaintiffs have a good faith basis for confusion over the naming of the proper manufacturing defendant. Moreover, Dutchmen had notice of the particular causes of actions of Plaintiffs who sued Thor Industries, Inc., in this litigation, and, more importantly, counsel for the Thor Group was provided Vehicle Identification Numbers (VIN numbers) in the Plaintiffs' Fact Sheets ("PFS"). Because a PFS with a VIN that matched a Dutchmen unit was provided to counsel for the Thor Group, Dutchmen will not be prejudiced by the additional movants as Plaintiffs, especially when another Thor Group entity is reciprocally relieved of the same number of claims.

WHEREFORE, Plaintiffs pray that this Honorable Court grant leave to file the attached proposed amending complaints.

>Respectfully submitted,
>
>/s/ Frank J. D'Amico, Jr.
>FRANK J. D'AMICO, JR. (LSBA# 17519)
>Frank J. D'Amico, Jr., APLC
>4731 Canal St.
>New Orleans, LA  70119
>Phone: (504) 525-7272
>Fax: (504) 525-9522

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

>/s/ Frank J. D'Amico, Jr.
>FRANK J. D'AMICO, JR. (LSBA# 17519)