UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION "N-5" |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | MAG. JUDGE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| *Edenfield, et al v. Thor industries, Inc., et al* | * | |
| Case No. 09-6279 | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

MAY IT PLEASE THE COURT:

Anthony Edenfield and Stacey Edenfield, individually and on behalf of their minor children, Alyssa Edenfield, Anthony Edenfield, Jr. and Edward Mixon, III ("Plaintiffs") respectfully move this Court for leave to file their Second Amended Complaint to substitute Dutchmen Manufacturing, Inc. ("Dutchmen"), and dismiss Thor Industries, Inc. ("Thor") and Thor California, Inc. d/b/a Thor Manufacturing ("Thor California").

Plaintiffs incorrectly named Thor and Thor California as the manufacturers of their FEMA-provided trailer. By e-mail of November 28, 2011, counsel for The PSC informed the undersigned that Thor and Thor California were not the proper manufacturing defendants in this case. Thereafter, the undersigned confirmed that the Plaintiffs' VIN indeed matched a Dutchmen Manufacturing, Inc. trailer, installed by Fluor Industries. In the instant Motion for Leave to Amend, Plaintiffs seeks to add the proper party, Dutchmen Manufacturing, Inc., and to

1

dismiss the improper parties, Thor and Thor California.

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182.

In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve Plaintiffs' claims against the proper manufacturing defendant. Permitting Plaintiffs to amend the complaint simply allows Plaintiffs to substitute the subsidiary of the mistakenly named parent companies of Thor and Thor California as a proper defendant. Considering the size and number of suits filed in this matter, as well as the numerous motions to amend that have been filed, it is easy to conclude that what happened to Plaintiffs in this matter is what has happened time and again to other Plaintiffs—in litigation as large and complex as this, with thousands of member cases, oversights are bound to occur. (Order issued in member Case no. 09-4730, Rec. Doc. No. 23558 in MDL 07-1873). That is simply what this was, an oversight in matching the correct VIN number with the proper manufacturing defendant.

Moreover, any issue with respect to Louisiana's one year prescriptive period is null, since it has been interrupted by one of the three relation back provisions provided for under Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party of the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party

2

>to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
>Fed. R. Civ. P. 15(c)(1).

In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company,* 869 F. 2d 879 (5th Cir. 1989)….The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:

>Prescription is interrupted … when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799, further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. *See also* LSA—C.C. art. 3503. *Richard v. Reed,* 883 F.Supp. 107, 109 (W.D.La. 1995) (footnote omitted).

Rule 15(c)(1)(A) has been satisfied as addressed above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Under Louisiana law, a plaintiff is permitted to protect his rights without having to simultaneously notify the obligor under the provision that "…suit against one joint tortfeasor or solidary obligor interrupts prescription against all other joint tortfeasors or solidary obligors." *Hensgens v. Deere & Company,* 869 F. 2d 879, 882 (5th Cir. 1989). In this case, the originally named defendants which included Thor and Thor California, were timely sued in the above captioned matter, and the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including Dutchmen Manufacturing, Inc. Therefore, the action against

Dutchmen Manufacturing, Inc., has not prescribed and the proposed amendments to add Dutchmen Manufacturing, Inc. and re-aver the substantive allegations are not futile.

Additionally, Rule 15(c)(1)(B) has been satisfied. The allegations asserted in the proposed amending complaint arise out of the same conduct, transaction, or occurrence set forth in the original Complaint. In Plaintiffs' Second Amended Complaint, Plaintiffs simply substituting Dutchmen Manufacturing, Inc. for Thor and Thor California and re-avering the same substantive allegations.

Finally, Dutchmen Manufacturing, Inc.: (1) is a part of Thor Group with Thor Industries, Inc.; (2) a subsidiary of Thor Industries, Inc.; (3) represented by the same counsel as other Thor subsidiaries of the parent company, Thor Industries, Inc.; (4) insured under the same insurance policy as the other Thor Group entities, including Thor Industries and its subsidiaries. Moreover, Dutchmen Manufacturing, Inc. has been sued numerous times in this MDL, and had notice that numerous Plaintiffs, including this one, named the incorrect manufacturer for the same reason Plaintiffs did so. Additionally, Dutchmen Manufacturing, Inc. had notice of Plaintiffs' claims because a PFS with a VIN that matched a Dutchmen Manufacturing, Inc. unit had been provided to the manufacturing Defendants' liaison counsel. Allowing Plaintiffs to amend and add Dutchmen Manufacturing, Inc. will not prejudice them because: (1) PFS with the VIN that matched a Dutchmen unit was provided to counsel for the Thor Group; and (2) Dutchmen Manufacturing, Inc. is currently defending thousands of claims involving similar allegations to Plaintiffs.

Consequently, leave to amend Plaintiffs' complaints should therefore be granted. Fed. R. Civ. P. 15(a)(2); *Foman*, 371 U.S. at 182.

WHEREFORE, Plaintiffs respectfully prays that this Honorable Court grant their

Motion to Amend Complaint, add Dutchmen Manufacturing, Inc., and dismiss Thor and Thor California from the above-captioned matter without prejudice.

>Respectfully submitted:
>**The Andry Law Group, LLC**
>
>BY:   /s Jonathan B. Andry
>JONATHAN B. ANDRY # 20081
>610 Baronne Street
>New Orleans, Louisiana  70113
>Telephone:   504/525-5535
>Facsimile:   504/586-8933
>jandry@andrylawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ Jonathan B. Andry