UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL No. 1873 |
| FORMALDEHYDE | * | |
| PRODUCTS LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | |
| | * | MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |

    Abdelhafiz, et al. v. Thor Industries, Inc, et al., 10-1378
    Magee, et al. v. Thor Industries, Inc., et al., 10-1404
    Bracken, et al. v. Thor Industries, Inc., et al., 11-0304
    Seymour, et al. v. Thor Industries, Inc., et al., 11-0304

*****************************************************************************

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT AND SUBSTITUTE A PARTY

MAY IT PLEASE THE COURT:

Plaintiffs in the above named suits respectfully move this Honorable Court for leave to amend their complaints to reflect the proper Defendant manufacturer.  Plaintiffs originally sued Thor Industries, Inc., the parent company of Dutchmen Manufacturing, Inc., and MVP RV Inc. f/k/a Thor California, Inc; however, it has become apparent that Dutchmen Manufacturing, Inc. (hereinafter "Dutchmen"), a subsidiary of Thor Industries, Inc., should be substituted in place of Thor Industries, Inc.

Plaintiffs originally sued Thor Industries, Inc., and Thor California because of confusion caused by FEMA matching responses.  Plaintiffs have attached an excerpt of the matching responses that begin with "47CT" as Exhibit "A".  This excerpt of 618 matching responses contains matches to roughly ten (10) different manufacturers.  44% of these responses match

plaintiffs to Thor, Thor California, Inc., Thor Industries, or Thor Industries, Inc., and 36% of these responses match plaintiffs to Dutchmen.

Counsel for the "Thor Group," which includes, but is not limited to, Keystone RV Company, Dutchmen Manufacturing, Inc., Thor California, Inc., DS Corp d/b/a Crossroads RV, Komfort Corporation, Damon Corporation, and Four Winds International Corporation, notified Catherine Jacobs, co-counsel to undersigned , of the prominence of such a naming problem with respect to Thor California, Inc., Thor Industries, and Dutchmen Manufacturing, Inc., by email and telephone conversations beginning November 3, 2011, and continuing through November and December of 2011.  Undersigned counsel was additionally notified thereafter by the Gainsburgh, Benjamin, David, Meunier & Warshauer, L.L.C. of the same issues regarding the Thor Group.  Soon after, a discussion was had with defense counsel regarding the proposed amendments and counsel for the Thor Group has informed that they will not consent to the proposed amendments.

## LAW AND ARGUMENT

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading.  Foman v. Davis, 371 U.S. 178, 182, (1962). Leave to amend should be freely given when justice so requires.  Fed.R.Civ.P. 15(a)(2); Foman, 371 U.S. at 182.  In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve Plaintiffs' claims against the proper manufacturing defendant.  Leave to amend Plaintiffs' complaints should therefore be granted.  See Id.

Plaintiffs submit that prescription has been interrupted as to Dutchmen under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c). Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitations allows relation back;
>
> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or
>
> (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to brought in by amendment:
>
>   i. Received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>   ii. Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. Hensgens v. Deere & Company, 869 F.2d 879 (5th Cir. 1989). In Mississippi, substitution of a proper party for one named in a complaint relates back to the date of the original pleading if the party to be substituted (1) has notice of the institution of the action within the period provided by Rule 4(h) so that it will not be prejudiced in maintaining a defense and (2) "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party." Rule 15(c) Miss. R. Civ. P. Bedford Health Props LLC v. Estate of Williams, 946 So. 2d 335, 354 (Miss. 2006); Rainey v. Grand Casinos 47 So. 3d 1199, 1205 (Miss. 2010). Mississippi law also provides that when a party knows that it is a proper defendant in an action and fraudulently conceals this information, the statute of limitations will be tolled. Miss. Code Ann. 15-1-67 (1972).

In this case, FEMA obtained information from each manufacturer regarding the serial numbers on their trailers. The Thor group, which includes the defendants named in this action, as well as Dutchman, the party Plaintiff seeks to substitute, provided erroneous information to FEMA regarding their serial numbers, as demonstrated in the exhibit of

serial numbers attached hereto. The Thor group and its counsel knew that Thor Industries was a holding company that was not engaged in manufacturing any trailers and also knew that Thor California did not manufacture the trailers in which the Plaintiffs herein resided. After defense counsel Ryan Johnson advised Mississippi counsel that Thor Industries and Thor California were not proper defendants, he provided new serial number sequences, which indicate that all of the trailers in which the plaintiffs did reside were actually manufactured by Dutchman. Clearly the Thor group and its counsel have known of the discrepancy all along, and failed to bring it to anyone's attention. Since the originally named joint tortfeasors, the named contractor defendants and the United States of America, were timely sued in the above-captioned matter, and since Dutchman knew or should have known that it was the proper defendant in these cases,the provisions of the Mississippi Rules of Civil Procedure have tolled/interrupted the statute of limitations against Dutchmen. Therefore, the action has not prescribed against Dutchmen, and Plaintiffs' proposed amendments are not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleadings (which were timely filed between August and December of 2009). Notwithstanding the tolling of the prescriptive

period against Dutchmen, the allegations asserted in the proposed amending complaints arise out of the same conduct, transaction, or occurrence set forth in the original Complaints. Indeed, in plaintiffs' proposed Amending Complaints, Plaintiffs simply substitute Dutchmen for Thor Industries, Inc., and re-aver substantive allegations.

Finally, Dutchmen is: (1) a part of the Thor Group with Thor Industries, Inc.; (2) a subsidiary of Thor Industries, Inc.; (3) represented by the same counsel as other Thor subsidiaries of the parent company, Thor Industries, Inc.; (4) insured under the same insurance policy as the other Thor Group entities, including Thor Industries and its subsidiaries. As evidenced by Exhibit "A", Plaintiffs have a good faith basis for confusion over the naming of the proper manufacturing defendant,and the Thor defendants failed to correct the error. Moreover, Dutchmen had notice of the particular causes of actions of Plaintiffs who sued Thor Industries, Inc., in this litigation, and, more importantly, counsel for the Thor Group was provided Vehicle Identification Numbers (VIN numbers) in the Plaintiffs' Fact Sheets ("PFS"). Because a PFS with a VIN that matched a Dutchmen unit was provided to counsel for the Thor Group, Dutchmen will not be prejudiced by the additional movants as Plaintiffs, especially when another Thor Group entity is reciprocally relieved of the same number of claims.

WHEREFORE, Plaintiffs pray that this Honorable Court grant leave to file the attached proposed amending complaints.

Respectfully submitted,

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (LSBA# 17519)
Frank J. D'Amico, Jr., APLC
4731 Canal St.
New Orleans, LA 70119
Phone: (504) 525-7272
Fax: (504) 525-9522

CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

/s/ Frank J. D'Amico, Jr.
FRANK J. D'AMICO, JR. (LSBA# 17519)