UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE:  FEMA TRAILER                                  *       MDL No. 1873
FORMALDEHYDE                                         *
PRODUCTS LIABILITY LITIGATION        *       JUDGE ENGELHARDT
                                                         *
                                                         *       MAGISTRATE CHASEZ
THIS DOCUMENT RELATED TO:            *
   *Jennifer Hayes, et al., v. American International Specialty Lines, Co., et al.*
   *Civil Action No. 09-8525*
*********************************************************************

**<u>MEMORANDUM IN SUPPORT OF MOTION</u>**
**<u>FOR LEAVE TO AMEND TO ADD PLAINTIFFS</u>**

**MAY IT PLEASE THE COURT:**

       Plaintiffs in the above named suit respectfully move this Honorable Court for leave to amend their original complaint filed on December 29, 2011, to add the following plaintiffs to their complaint:

1. Collin Duet, Sr.

2. Shirley Duet

       Plaintiffs' motion and memorandum relates to the original complaints referred to herein which were timely filed on December 29, 2011.  Plaintiffs originally sued in *Duet, et al., v. Thor Industries, Inc., et al.,* E.D. La. No 09-8525 against Thor Industries, Inc., and Fluor Enterprises; however, it has become apparent that American International Specialty Lines Company[1] (hereinafter "American") is the proper manufacturer defendant.  Therefore, the claims of the plaintiffs listed above are being added to the above-captioned complaint.  Because other

---

[1] The defendant manufacturer, Fleetwood, is a defunct company insured by American International Specialty Lines Company which has settled.

plaintiffs in *Hayes* are properly matched to American this amendment is necessary to move the above-referenced claimants to a complaint with the same posture.  Indeed, both of the complaints, *Hayes* and *Duet*, matters involve the same named defendants.

## LAW AND ARGUMENT

Unless the opposing party can show prejudice, bad faith, or undue delay, the Court should grant leave to file an amended pleading.  *Foman v. Davis*, 371 U.S. 178, 182, (1962).  Leave to amend should be freely given when justice so requires.  Fed.R.Civ.P. 15(a)(2); *Foman*, 371 U.S. at 182.  In the case of the above-referenced MDL Plaintiffs, justice requires leave to file their amended complaints to preserve Plaintiffs' claims against the proper manufacturer and contractor defendant.  Leave to amend Plaintiffs' complaints should therefore be granted.  *See Id.*

Plaintiffs submit that prescription has been interrupted as to American and Fluor Enterprises under any one of the three relation back provisions of Federal Rule of Civil Procedure 15(c).  Rule 15(c)(1) states:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) The law that provides the applicable statute of limitations allows relation back;
>
> (B) The amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading; or

 (C) The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to brought in by amendment:

> i. Received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> ii. Knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).

> In diversity cases, federal courts apply state statutes of limitations and related state law governing the tolling of the limitations period. *Hensgens v. Deere & Company*, 869 F.2d 879 (5th Cir. 1989)….The principal method of interrupting this one-year prescriptive period is set forth in Louisiana Civil Code article 3462:
>
>> Prescription is interrupted…when the oblige commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper

> venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
>
> If the one-year prescriptive period is, in fact, interrupted, Louisiana Civil Code article 1799 further provides that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See also LSA-C.C. art. 3503.

*Richard v. Reed*, 883 F.Supp. 107, 109 (W.D. La. 1995) (footnote omitted).

First, for all movants, Rule 15(c)(1)(A) is satisfied as stated above regarding the issue of tolling with respect to solidary obligors under Louisiana law. Since the originally name joint tortfeasors, the named contractor defendants and the United States of America, were timely sued in the above-captioned matter, the provisions of the Louisiana Code of Civil Procedure have tolled/interrupted the prescriptive period against all other solidary obligors, including American and Fluor Enterprises. Therefore, the action has not prescribed against American and Fluor Enterprises, and Plaintiffs' proposed amendments are not futile.

Second, Rule 15(c)(1)(B) is satisfied as stated above regarding the necessity that the amendment asserts a claim that arose "out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleadings (which were timely filed between August and December of 2009). Notwithstanding the tolling of the prescriptive period against American and Fluor Enterprises, the allegations asserted in the proposed

amending complaints arise out of the same conduct, transaction, or occurrence set forth in the original Complaints.  Indeed, in plaintiffs' proposed Amending Complaints, Plaintiffs simply substitute American for Thor Industries, Inc., and re-aver substantive allegations.

    Therefore, Plaintiffs respectfully request that this Court grant their instant Motion for Leave to Amend to Add Plaintiffs. Upon entry of the attached proposed order, Plaintiffs will voluntarily dismiss their claims in the *Duet* matter.

    Respectfully submitted,

    /s/ Frank J. D'Amico, Jr.
    FRANK J. D'AMICO, JR. (LSBA# 17519)
    Frank J. D'Amico, Jr., APLC
    4731 Canal St.
    New Orleans, LA  70119
    Phone: (504) 525-7272
    Fax: (504) 525-9522

## CERTIFICATE OF SERVICE

    I hereby certify that on December 30, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

    /s/ Frank J. D'Amico, Jr.
    FRANK J. D'AMICO, JR. (LSBA# 17519)