UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER<br>   FORMALDEHYDE PRODUCTS<br>   LIABILITY LITIGATION | MDL NO. 1873 |
| This document relates to: | |
| Suit No. 10-2412 | JUDGE ENGELHARDT |
| Plaintiffs:<br>Selina Hargis and<br>Barbara Duncan | MAG. JUDGE CHASEZ |

MEMORANDUM IN OPPOSITION TO MOTION
FOR LEAVE TO AMEND TO ADD PLAINTIFFS

  Defendant Thor California, Inc. ("Thor California") submits this memorandum in opposition to the Plaintiffs' Motion for Leave to Amend to Add Plaintiffs.[1] For the reasons explained below, the Court should deny this motion.

### SUMMARY OF ARGUMENT

  The current motion is one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines. Now, almost two years after their deadline to match, the two individuals referenced above seek to amend the complaint in Suit No. 10-2412 and add themselves as plaintiffs. They have not offered any explanation or supporting proof to show why the Court should extend their

---

[1] Rec. Doc. No. 23945. The submission date of the plaintiffs' motion is January 11, 2012.

matching deadline and allow them to be added to the instant lawsuit. Thus, the plaintiffs have not satisfied the "good cause" standard under Rule 16, and the Court should deny their motion.

## FACTUAL BACKGROUND

The two plaintiffs listed above, Selina Hargis and Barbara Duncan filed their original claims in in the suit entitled *Duncan v. Thor California, Inc.,* No. 09-3304. The plaintiffs filed that complaint on April 16, 2009. With any hesitation or uncertainty, they alleged in their original complaint they lived in units manufactured by Thor California, Inc.[2]

The plaintiffs now allege that the correct defendant for their claims is not Thor California, but Dutchmen Manufacturing, Inc.[3] As a result, these plaintiffs propose a two-step fix for their mistake. First, they seek to amend the complaint in Suit No. 10-2412 and add themselves in as plaintiffs. Second, because Thor California is the current defendant in Suit No. 10-2412, the plaintiff apparently intend to file another motion to amend to change the defendant in Suit No. 10-2412 to Dutchmen Manufacturing, Inc.

The plaintiffs offer <u>no</u> explanation or support for their statement that Dutchmen (and not Thor California) is the correct defendant for their claims. More importantly, they offer <u>no</u> explanation why they waited approximately two years after their matching deadline to file these proposed amendments. Instead, in their

---

[2] See, for example, Complaint, Paragraphs 17, 19 and 24.

[3] Rec. Doc. No. 23945-1, p. 1.

supporting memorandum they state that "it has become apparent that Dutchmen Manufacturing, Inc., another subsidiary of Thor Industries, Inc., is the proper manufacturing defendant."[4]

The Court is very familiar with the matching process and its Pretrial orders related to it.  For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

- ➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.  *See* Rec. Doc. No. 1596 (PTO 38).

- ➢ For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009.  *See* Rec. Doc. No. 8909 (PTO 49).

- ➢ For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint. *See* Rec. Doc. No. 8909 (PTO 49).

- ➢ Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.

- ➢ The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010.  *See* Rec. Doc. No. 14779 (PTO 68).

---

[4] *Id.*

The two plaintiffs at issue here filed their complaint on April 16, 2009.  Thus, under PTO No. 49, their deadline for matching was December 29, 2009.  And assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68, they should have filed an appropriate motion by August 2, 2010.[5] Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.  The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely.  Instead, they seek leave to file the amendments after the relevant deadlines for doing so.  To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[6]  Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[7]

The Fifth Circuit has provided four factors to determine whether "good cause" exists:  (1) the explanation offered about why the party failed to timely move for

---

[5] *See* Rec. Doc. No. 14779 (PTO 68).

[6] *S & W Enterprises, L.L.C. v. Sw Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[7] *Id*. at 535 (citations omitted).

leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[8]

As discussed above, the Court has entered various orders setting deadlines for amendments and filing matched complaints.  Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[9]   The plaintiff's burden is to show that "good cause" exists to permit them to file an amended complaint after all deadlines for doing so have expired.

The plaintiffs have not made a serious attempt to explain why "good cause" exists to allow the proposed amendment.  In their supporting memorandum, they plainly state that it has "become apparent" they named the wrong defendant.[10] Tellingly, the plaintiffs did not offer any explanation or submit and documents to support this statement.

Putting aside the plaintiffs' unsupported statement, *none* of the "good cause" factors, which plaintiffs failed to address, weigh in their favor.  The following points illustrate this:

---

[8] *Id.*

[9] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16.  *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply.").  It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

[10] Rec. Doc. No. 23945-1, p. 1.

(a) The plaintiffs' supposed "explanation" isn't an explanation at all. They did not offer any detail as to why they failed to match their complaints within the deadlines for doing so. With any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment weighs in favor of the plaintiffs. If they are not permitted to join the above-referenced suit, their claims will likely be barred. But as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendment.[11]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and substantial. Until filing this motion, years after this MDL was created, the plaintiffs never identified themselves as having lived in a Thor California-manufactured unit. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward

---

[11] *See* Rec. Doc. No. 22999, p. 5.

resolution."[12] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to happen.

Additionally, if the Court evaluates the plaintiffs' motion under Rule 15(a), which permits amendments when "justice so requires," the Court should still deny the motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[13] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[14] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[15] Here, the plaintiffs have not explained why they delayed filing their proposed amendments. In addition, for all the reasons discussed above, permitting the amendment and expansion of the matching process would cause undue delay and prejudice to the parties.

The Court has already considered and denied a similar motion filed by another plaintiff. That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants. Then,

---

[12] *Id.*

[13] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[14] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[15] *Id.*

approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest River.[16] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[17] The Court's rationale should be applied here.

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

**Dated: January 3, 2012**

                                   Respectfully submitted,

                                   *s/ Ryan E. Johnson*
                                   _____
                                   James C. Percy (La. Bar No. 10413)
                                   Ryan E. Johnson (La. Bar No. 26352)
                                   **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
                                   Four United Plaza
                                   8555 United Plaza Boulevard
                                   Baton Rouge, LA 70809
                                   Telephone: (225) 248-2080
                                   Facsimile: (225) 248-3080
                                       -and-
                                   Madeleine Fischer (La. Bar No. 5575)
                                   **JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**

---

[16] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[17] Rec. Doc. No. 22999 (September 27, 2011 ruling).

>201 St. Charles Avenue, 49th floor
>New Orleans, LA  70170
>Telephone:  (504) 582-8000
>Facsimile:  (504) 589-8208
>
>***Counsel for Defendant Thor California, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 3rd day of January, 2012.

>*s/Ryan E. Johnson*
>_____
>Ryan E. Johnson

{B0769690.1}  9