UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * | CIVIL ACTION NO. 1873 |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| This Document Relates To: | * | |
| | * | |
| *Emmette Burrle, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 09-4590) | * | MAGISTRATE CHASEZ |
| | * | |
| | * | |

*********************************************

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND ALTERNATIVE MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER 32 RELATING TO PLAINTIFF FACT SHEETS

Defendants, Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court for summary dismissal of the claims filed by plaintiffs Darrell Harrison and Denise Moore. Neither Mr. Harrison or Ms. Moore lived in a temporary housing unit (THU) procured by Morgan. Accordingly, Mr. Harrison and Ms. Moore cannot state a claim against Morgan. Morgan's motion for summary judgment should be granted, and Mr. Harrison's and Ms. Moore's claims against Morgan should be dismissed with prejudice at their costs. In the alternative, Mr. Harrison's and Ms. Moore's claims should be dismissed with prejudice because they have failed to comply with Pre-Trial Order No. 32 as it relates to their obligation to produce completed Plaintiff Fact Sheets.

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.

395172.2

## I.    Background

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants.  Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to match to specific defendants or risk dismissal.[2]   Thereafter, numerous new suits were filed in or transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[3]

On July 29, 2009, plaintiffs filed the matter styled *Emmette Burrle, et al. v. Morgan Buildings and Spas, Inc., et al.* in the Eastern District of Louisiana, Civil Action No. 09-4590. The plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Louisiana, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005.   The plaintiffs also alleged that the Morgan defendants manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* E. Dist. La. Civil Action No. 09-4590, R. Doc. 1. Specifically, the plaintiffs assert a cause of action against Morgan pursuant to the Louisiana Product Liability Act, La. R.S. 9:2800.51, *et seq.  See id.*, Count 2.

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved.   On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff

---

[2] R. Doc. Nos. 599 and 604.
[3] R. Doc. No. 1781.

Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[4]

> Each Plaintiff's responses to the PFS will be treated as answers to interrogatories under Fed. R. Civ. P. 33, and request for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with the Fed. R. Civ. P. 26.[5]

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[6]  Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets.  Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[7]  The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size.

On May 27, 2009, the Court entered Pre-Trial Order No. 38, ordering that each plaintiff had the burden to file suit against only the particular manufacturer of his or her temporary housing unit.[8]  Pre-Trial Order No. 53 was subsequently entered, ordering that each plaintiff had the burden to file suit against the particular government contractor involved with his or her unit.[9]  To assist in the matching process, the USA agreed to provide matching data to claimants who provided certain basic information, including a FEMA ID number.  After more than two years of discovery between the plaintiffs and the USA to facilitate the matching process, the Court entered Pre-Trial Order No. 68 to further facilitate discovery of information to enable the plaintiffs to match themselves to the appropriate defendants.  Pre-Trial Order No. 68 introduced

---

[4] *See* R. Doc. No. 87.
[5] *See id.*, p. 7.
[6] *See id.*, p. 8.
[7] *See* R. Doc. No. 1180.
[8] R. Doc. No. 1596.
[9] R. Doc. No. 10228.

a "last chance" process for plaintiffs to obtain matching information and a date certain by which the matching efforts would end.[10]

Mr. Harrison and Ms. Moore submitted Plaintiff Fact Sheets in summer 2009.[11]  Their responses to questions identifying their THUs prove that summary judgment should be granted in favor of Morgan.

## II.    Summary Judgment Standard

The Federal Rules of Civil Procedure provide that the Court shall grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the record the mover believes demonstrates the absence of a genuine issue of material fact.  *Anderson,* 477 U.S. at 256; *Lopez v. Crowmark, Inc.*, 2000 WL 1010257, * 1 (E.D. La. July 19, 2000).  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Matsushita Elec. Indust. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to the material facts.  Instead, the moving party must come forward with "specific facts showing that there is a *genuine issue for trial.*"  *Matsushita*, 475 U.S. at 587 (emphasis in original); *e.g. Tubacex, Inc. v. M/V Risan*, 45

---

[10] R. Doc. No. 14200.

F.3d 951, 954 (5th Cir. 1995). To meet this burden, the non-moving party must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claims[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993); *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, 2000 WL 1145748, 6 (E.D. La. 8/14/00).

In order to determine whether or not summary judgment should be granted, an examination of substantive law is essential. *Landreneau v. Fleet Financial Corp.*, 197 F.Supp.2d 551 (M.D. La. 2002). Therefore, the court must examine a motion for summary judgment on its merits and grant the motion "if appropriate." Fed. R. Civ. P. 56(a).

The Louisiana Product Liability Act (LPLA) provides that "[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product." La. R.S. 9:2800.54A.

An essential element of any product liability claim is that liability is imposed only upon the manufacturer of the item in question. *Jack v. Albert-Culver USA, Inc.*, 06-1883 (La. Feb. 22, 2007), 949 So.2d 1256, 1258; *LeBlanc v. Wyeth, Inc.*, 495 F.Supp.2d 609 (W.D. La. 2007); La. R.S. 9:2800.53. While the plaintiffs allege that Morgan manufactured and supplied their THUs, Morgan did not, in fact, construct any THUs for Hurricanes Katrina or Rita.[12] Morgan did, however, supply units manufactured by Fleetwood, Monaco, and Recreation By Design to

---

[11] *See* Exhibit A – Darrell Harrison, Jr.'s 2009 Plaintiff Fact Sheet; Exhibit B – Denise Moore's 2009 Plaintiff Fact Sheet.
[12] Exhibit D - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 19:9-20:21; Exhibit E – James Schilligo's December 2011 affidavit.

FEMA.[13]  Putting to the side issues pertaining to "labeling and manufacturer" status, Morgan did not supply the THUs resided in by Mr. Harrison and Ms. Moore.

**III.   Summary Judgment Should Be Granted Because the Evidence Establishes That Morgan Did Not Procure Mr. Harrison's and Ms. Moore's THU**

   **A.   Mr. Harrison's and Ms. Moore's Plaintiff Fact Sheets place them in the same mobile home.**

Mr. Harrison and Ms. Moore submitted Plaintiff Fact Sheets which confirm they did not live in a Morgan-procured trailer.   Responding to the questions identifying his THU, Mr. Harrison stated as follows:

Manufacturer: Fleetwood

VIN:  GALF535A913848A32

FEMA Id. No.:  911935105

Bar Code No.:  1261093[14]

Mr. Harrison further stated that the THU provided by FEMA was a mobile home, which he lived in from October 21, 2005 to July 30, 2008.[15]  He identified the address where his THU was located as 26236 Galatis Rd., Lorager, LA 70446.[16]

Ms. Moore provided the same information about her THU as Mr. Harrison.[17]   She also stated that the approximate square footage of her THU was 320 square feet and its approximate length and width was "8x40."[18]  Ms. Moore also confirmed that Mr. Harrison lived with her in the THU.[19]  The only difference between the information provided by Mr. Harrison and Ms. Moore was a slight variation in the VIN number.  Mr. Harrison stated that the VIN number of his

---

[13] Exhibit C – August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13; Exhibit D, at 19:9-20:21 and 24:12-23; Exhibit E.
[14] Exhibit A, p. 8.
[15] *Id.*, at p. 9.
[16] *Id.*
[17] Exhibit B, pp. 8-9.
[18] *Id.*, p. 9.
[19] *Id.*, p. 11.

unit "GALF535A913848A32," and Ms. Moore stated the VIN number of her unit was
"GALF53589134-8A32."[20]

Though the VIN numbers identified by Mr. Harrison and Ms. Moore are slightly
different, this difference is not sufficient to create a material issue of fact. The other information
about the THU provided by Mr. Harrison and Ms. Moore is consistent, and Ms. Moore confirms
that she lived in the THU with Mr. Moore.

**B.    Morgan did not procure Mr. Harrison's and Ms. Moore's mobile home**

The discovery produced by Morgan is clear. Morgan did not construct THUs.[21] Morgan
procured THUs directly from limited, specific manufacturers and did not act as a general
procuring agent for FEMA. James Schilligo, Morgan's National Sales Manager, was deposed as
Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition.
Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of
THUs were Fleetwood, Recreation by Design, and Monaco.[22] Mr. Schilligo again confirmed its
manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the
Dubuclet/Fleetwood matter.[23]

Though Morgan procured THUs from Fleetwood, Morgan did not procure the mobile
home identified in Mr. Harrison's and Ms. Moore's original Plaintiff Fact Sheets. Morgan did
not procure a mobile home bearing VIN number "GALF535A913848A32" or VIN number
"GALF53589134-8A32. Morgan also procured mobile homes from Fleetwood measuring 8 feet
by 40 feet.[24] The mobile homes procured from Fleetwood measured 14 feet by 60 feet.[25]

---

[20] *Compare* Exhibit A, p. 8, with Exhibit B, p. 8 (emphasis added).
[21] Exhibit D, at 24:12-23.
[22] Exhibit C, at 21:6-13;  *See also* Exhibit E.
[23] Exhibit D, at 19:9-20:21.
[24] Exhibit E.
[25] *Id.*

### C.    Summary Judgment Should Be Granted

Mr. Harrison's and Ms. Moore's claims against Morgan fail, because they cannot produce evidence of the fundamental element of any product liability claim: that the defendant manufactured the product in question.  There is no evidence that Morgan procured the Fleetwood mobile home in which Mr. Harrison and Ms. Moore resided.  Therefore, Mr. Harrison and Ms. Moore's claims against Morgan should be dismissed, with prejudice.

There is no evidence linking Morgan to Mr. Harrison's and Ms. Moore's THU. The VIN numbers provided are not VIN numbers of units procured by Morgan and the stated length and width of the mobile home is different than the mobile homes Morgan procured from Fleetwood. Weighing all of the evidence, there is no genuine issue as to any material fact and Morgan is entitled to a judgment as a matter of law.

Morgan's counsel wrote to Mr. Harrison's and Ms. Moore's counsel on July 14, 2011, advising that Morgan did not procure the mobile home in question and demanding that the claims against Morgan be dismissed.[26]  Morgan has not received any response to this letter. Accordingly, summary judgment should be granted dismissing Mr. Harrison's and Ms. Moore's claims against Morgan with prejudice, at their costs.

### IV.    In the alternative, Mr. Harrison's and Ms. Moore's Claims Should Be Dismissed With Prejudice For Failure to Comply With Pre-Trial Order No. 32

As set forth above, the Court has entered several pre-trial orders relating to Plaintiff Fact Sheet discovery.  In addition to introducing the Plaintiff Fact Sheet, Pre-Trial Order No. 2 also established a process for "curing" deficiencies in the fact sheets.  Pursuant to Pre-Trial Order No. 2, when any plaintiff failed to materially comply with the obligations to submit a completed Plaintiff Fact Sheet within the timelines established, counsel for the defendants was to send the

---

[26] Exhibit F – July 14, 2011 letter from A. Stout to J. Hall.

395172.2

plaintiff's counsel a letter explaining the material deficiency in the Plaintiff Fact Sheet.[27]  The
letter would specifically list each alleged material deficiency and state that the defendants would
seek dismissal if the plaintiff failed to sure the deficiencies within 30 days.[28]  Additionally, Pre-
Trial Order No. 88 identified twenty-three key Plaintiff Fact Sheet questions which were
necessary for the purpose of exploring global resolution of claims.[29]  This Court has stated that,
while the purpose of Pre-Trial Order No. 88 was to streamline temporarily the Plaintiff Fact
Sheet information gathering process, the information identified in Pre-Trial Order No. 88 "is
most vital and pressing in moving this matter toward resolution" which this Court finds
"instructive on the issues of materiality and prejudice."[30]

### A.  Darrell Harrison failed to provide a complete Plaintiff Fact Sheet.

Darrell Harrison's Plaintiff Fact Sheet is insufficient, having failed to respond to several
"key questions" and numerous other questions. Mr. Harrison's Plaintiff Fact Sheet is not dated.
He provided insufficient responses to Section III(C)(7) and (8).  He claims that his use of the
FEMA THU worsened a condition that he already had or had in the past, but does not provide
any information about the condition, whether he recovered from the condition, and the date of
recovery.  He also did not state whether he was claiming mental and/or emotional damages, but
stated that he was counseled by a pastor.  If he is claiming mental and/or emotional distress
damages, he did not provide any information about his understanding of the condition, treatment,
and medications.[31]  Mr. Harrison did not respond to Section V(B), concerning whether air quality

---

[27] R. Doc. No. 87, pp. 8-9.
[28] *Id.*; *See also* Pre-Trial Order No. 32, R. Doc. No. 1180, p. 5.
[29] R. Doc. No. 22153.
[30] *See* R. Doc. No. 22802, fn. 3.
[31] Exhibit A, pp. 4-5.

395172.2

tests were preformed on his THU[32] and did not provide a list of persons who lived with him in the THU.[33]

Mr. Harrison did not respond to any question in Section VI, covering his medical history and basic information such as his height, weight, smoking/tobacco use.[34] Similarly, he did not respond to any question in Section VII, concerning medical diagnosis, Section VIII, concerning pertinent documentation, and Section IX, concerning medical providers.[35] Mr. Harrison signed the various authorizations, but none were dated.[36]

Counsel for Morgan wrote to Mr. Harrison's attorney on June 20, 2011, outlining these deficiencies.[37] Morgan has received no response and no supplemental Plaintiff Fact Sheet responses.

**B.    Denise Moore failed to provide a complete Plaintiff Fact Sheet**

Like Mr. Harrison, Ms. Moore's Plaintiff Fact Sheet is also deficient in several areas, including "key questions." She provided insufficient responses to Section III(C)(7) and (8). Ms. Moore claims that her use of the FEMA THU worsened a condition that she already had or had in the past, but does not provide any information about the condition, whether she recovered from the condition, and the date of recovery. Ms. Moore states that she is making a claim for mental and/or emotional damages, but does not provide any information about her understanding of the condition, treatment, and medications, even though she admits that she was treated or counseled by a pastor.[38] Ms. Moore also stated that she was making a claim for medical

---

[32] *Id.*, at p. 10.
[33] *Id.*, at p. 11.
[34] *Id.*, at pp. 11-13.
[35] *Id.*, at pp. 14-18.
[36] *Id.*, pages after p. 18.
[37] Exhibit G - June 20, 2011 letter from A. Stout to J. Hall.
[38] Exhibit B, pp. 4-5.

395172.2

expenses, but stated "N/A" to the question seeking the amount of her claim.[39]  Ms. Moore also did not date her authorizations to release records.[40]

Counsel for Morgan wrote to Ms. Moore's attorney on June 20, 2011, outlining these deficiencies.[41]  Morgan has received no response and no supplemental Plaintiff Fact Sheet responses.

### C.   Mr. Harrison's and Ms. Moore's claims should be dismissed with prejudice for failure to comply with an order of this Court

Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order.  The authority is based on the court's power to manage and administer its own affairs, and to ensure the orderly and expeditious disposition of cases.  *See Berry v. CIGNA/RSI_CIGNA,* 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Texas,* 981 F.2d 237 at 242-243.  Specifically, Rule 41(b) states:  "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."  The established rule in the Fifth Circuit is that dismissal under Rule 41(b) "is appropriate only where there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice."  *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F.2d 1214 (5th Cir. 1970).  Additionally, Fed. R. Civ. P. 37(b)(2)(VI) permits the dismissal of an action as an appropriate sanction for failure to comply with discovery.  Therefore, in accordance with Pre-Trial Orders No. 32, Fed. R. Civ. P. 41(b) and

---

[39] *Id.*, p. 5.
[40] *Id.*, pages following p. 18.
[41] Exhibit G.

395172.2

Fed. R. Civ. P. 37(b)(2)(VI), the proper remedy is dismissal of Mr. Harrison's and Ms. Moore's claims, with prejudice.

As a defendant evaluates whether to become involved in a bellwether trial, whether settlement is feasible, and other issues concerning the progress of this lawsuit, a defendant must be able to know who is proceeding against it. The Plaintiff Fact Sheet serves as the initial round of discovery responses. In the absence of complete discovery responses, provided in a timely manner, such as described in Pre-Trial Order No. 2, Morgan is prejudiced. Because complete and cured Plaintiff Fact Sheets have not been provided by Mr. Harrison and Ms. Moore, and they failed to respond to a request to cure the deficiencies, good cause exists for the Court to prevent further prejudice to Morgan and dismiss Mr. Harrison's and Ms. Moore's claims.

This Court has taken similar action in other suits pending in this MDL, based on circumstances similar to this case.[42] Therefore, in the alternative to Morgan's motion for summary judgment, Mr. Harrison's and Ms. Moore's claims should be dismissed for failure to comply with Pre-Trial Order No. 32.

## V.    Conclusion

Mr. Harrison's and Ms. Moore's claims against Morgan should be dismissed because they did not live in a THU procured by Morgan. In the alternative, Mr. Harrison's and Ms. Moore's claims should be dismissed with prejudice because they failed to provide complete Plaintiff Fact Sheet responses and did not respond to Morgan's letter that they correct the deficiencies. They have failed to comply with Pre-Trial Order No. 32, and dismissal of their claims is appropriate.

---

[42] *See* R. Doc. Nos. 22802 and 22803.

395172.2

Respectfully submitted,

*/s/ Amanda S. Stout*
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

Attorneys for Morgan Buildings & Spas, Inc. and
Morgan Building Systems, Inc

## Certificate of Service

I certify that, on January 3, 2012, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

*/s/ Amanda S. Stout*
Amanda S. Stout

395172.2