SENT TO DEFENSE

SEP 1 8 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | ) ) ) ) | MDL NO. 1873 |
| | ) ) | SECTION: N(4) |
| | ) ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) ) | MAG: ROBY |
| Plaintiff: _____ | ) ) | |
| Darrell Harrison Jr | ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED WITHIN THIRTY(30) DAYS OF THE TRANSFER OR FILING (AS DEFINED IN PRE-TRIAL ORDER NO. 2(DOC NO. 87)) OF YOUR COMPLAINT IN THIS LITIGATION OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

EXHIBIT

*A*

## II.   PERSONAL INFORMATION

A.   Name (person completing form): _____ Darrell Harrison

B.   Maiden or other names used or by which you have been known: _____

C.   Current Street Address: 109 Davis St  Madisonville, LA 70447 _____

D.   Home Telephone No.: n/a _____
     Cell Phone No.: _____ 504-491-6127 _____
     Work Telephone No: 985-892-3165 _____
     Other Telephone Nos.: n/a _____

E.   Email address: n/a _____

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

   1.   State which individual or estate you are representing:
        Darrell Harrison _____

   2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
        n/a _____

   3    Address (or last known address if deceased): _____
        _____

   4.   Home Telephone No.: n/a _____
        Cell Phone No.: _____ 985-222-0974 _____
        Work Telephone No: n/a _____
        Other Telephone Nos. n/a _____

   5.   E-mail address: _____

   6.   If you were appointed as a representative by a court, state the:

2

Court: n/a _____     Date of Appointment: _____

7.  What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

_____

_____

B.  Please state the name and address of the attorney representing you:

Jim Hall  /  Jim Hall _____
    Attorney's Name/Law Firm
Metairie, LA 70001 _____
    City, State and Zip Code

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
    Yes ☒        No ☐

2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? Severe headaches, nervousness, increase asthma (breathing problems increase)

3.  During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

☐ irritation to eyes                              ☒ tingling or swelling of lips or face area
☐ burning of eyes                               ☒ headaches
☐ tearing of eyes                               ☐ nausea
☐ irritation to nasal membranes (inside of nose)    ☐ vomiting
☐ burning of nasal membranes (inside of nose)      ☐ bloody vomiting
☒ bleeding of nasal membranes (inside of nose)     ☐ abdominal pain
☒ irritation or itching of skin                  ☐ diarrhea
☐ burning of skin                               ☒ difficulty in breathing
☒ rashes on skin                                ☒ wheezing
☐ drying or scaling of skin                      ☒ shortness of breath
☐ scaling or itching of eyelids                  ☒ persistent cough
☐ irritation or swelling of eyelids or eye area    ☐ tightness of the chest

3

- ☐ bronchitis
- ☒ throat irritation
- ☒ hoarseness
- ☐ laryngitis
- ☐ pneumonia
- ☐ upper respiratory tract infections
- ☐ pulmonary edema
- ☐ asthma attacks for the first time in your life
- ☐ asthma attacks that are recurrence of childhood asthma
- ☐ allergies for the first time in your life
- ☒ worsening of allergies that you had previous to living in FEMA trailer

- ☐ allergic contact dermatitis
- ☒ dizziness
- ☐ unconsciousness
- ☐ convulsions or seizures
- ☐ blood in urine
- ☐ abnormal liver enzymes
- ☐ nephritis (inflammation of kidneys)
- ☐ low blood pressure
- ☐ hypothermia (low body temperature)
- ☐ miscarriage or stillbirth
- ☐ abnormal laboratory tests on blood
- ☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician._____

_____

_____

_____

4.  Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?_____No_____

If yes, which kind of cancer?

_____

5.  When do you claim this injury or disease first occurred? Early 2006

6.  Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐          No ☒

If "Yes," when and who diagnosed the condition at that time?

_____

_____

7.  Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☒          No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____

_____

8. **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☐          No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
Pastor Phoenix and wife 1300 Martin Luther King Hammond, LA 70401

_____

_____

To your understanding, describe the condition for which treated:

_____

_____

_____

State when you were treated for this psychological, psychiatric or emotional problem

_____

_____

_____

List the medications prescribed or recommended by the physician or counselor

_____

_____

_____

9. Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☒          No ☐

*If "Yes,"* state the amount of your claim: Amt. to be Determined _____

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 43200 Baham Lane Lot 35 Hammond, LA 70403 | 10/2005-3/2007 |
| 26236 Galatis Rd Loranger, LA 70446 | 3/2007-4/2008 |
| | |
| | |

B.   State Driver's License Number and State Issuing License: _____
009544516

C.   Date and Place of Birth: 7/9/1990                    Place: _____

D.   Sex:   Male  ☒        Female  ☐

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Hammond High School | 2006-2008 | General | High School Diploma |
| | | | |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| n/a | | | |
| | | | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| n/a | | | |
| | | | |

6

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.  Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐     No ☒

*If "Yes,"* state the following:

a.  If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

Year       Income

_____   $ N/A

_____   $_____

_____   $_____

_____   $_____

_____   $_____

b.  Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G.  Previous Claims Information

1.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☐     No ☒     Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____

_____

7

IV.    **FAMILY INFORMATION**

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐        No ☐        Don't Know ☒

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|-------------|-------------------------------|-------------------|-------------------------------|
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |
|      |             |                               |                   |                               |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐        No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

V.    **FEMA TRAILER OR MOBILE HOME UNIT**

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in.  Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: Fleetwood _____

2.    VIN:   GAFL535A913848A32 _____

3.    FEMA Identification No.:   911935105 _____

4.    Bar Code Number on FEMA housing unit: 1261093 _____

8

5. Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☐   Mobile Home ☒

6. Move-in Date: 10/21/2005

7. Move-out Date: 7/30/2008

8. Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
26236 Galatis Rd Loranger, LA 70446

9. Was the FEMA trailer or mobile home located in a trailer park or on private property? _____

10. State the reason you stopped living in the FEMA trailer or mobile home:
Closed down Landowner did not keep sewer system. Closed down FEMA park

11. Please state the approximate square footage of the FEMA housing unit: _____

12. Please state the approximate length and width of the FEMA housing unit: _____

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 8 hours or more

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒     No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒     No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒     No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐     No ☒

18. Is/was propane gas used in the FEMA housing unit?
Yes ☒     No ☐

9

19.   How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 5

20.   Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐       No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B.   Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐       No ☐

*If "Yes,"* please state when the test was performed and who prepared this testing: _____

C.   Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐       No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: Date: _____ Reason: _____

D.   Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒       No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
Reason: ARS Monthly Maintenance
_____

Reason: Door locks
_____
********* See Appendix 1
E.   Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Darrel Harrison Jr. | 18 | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |
| | | | From _____ <br> To _____ | Yes ☐ <br> No ☐ <br> Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: _____

B.   Current Weight: 0 lb _____

Weight prior to living in a FEMA trailer or mobile home: 0 lb _____

C.   Personal Smoking/Tobacco Use History:   *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1. Date on which smoking/tobacco use ended:_____
2. Amount smoked or used on average:
   _____ per day for _____ years.

☐ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

1. Amount currently smoked or used on average:
   _____ per day for _____ years.

D. Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

1. Amount smoked or used on average, if you know:
   _____ per day for _____ years.
2. Relationship to you: _____
3. Please state whether the smoking occurred inside, outside or both._____

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
   Yes ☐     No ☐

   *If "Yes,"* what was the date of birth:_____.

   Did your pregnancy terminate in a miscarriage or a stillborn child?
   Yes ☐     No ☐

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

1. Lung or other respiratory disease
   Yes ☐     No ☐

   *If "Yes,"* please indicate the following:

   Name and description of each illness, disease, or abnormal condition:

   _____

   _____

   The date of illness:

   _____

   _____

2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☐     No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.   Long-term stomach or bowel disease

Yes ☐     No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

4.   Skin disease

Yes ☐     No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

G.   Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.   To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

Yes ☐     No ☐     Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

13

## VII. MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: _____
    Specialty, if any: _____
    Address: _____
    Phone: _____
    Treatment received: _____
    Dates of treatment: _____

    Doctor's Name: _____
    Specialty, if any: _____
    Address: _____
    Phone: _____
    Treatment received: _____
    Dates of treatment: _____

    Doctor's Name: _____
    Specialty, if any: _____
    Address: _____
    Phone: _____
    Treatment received: _____
    Dates of treatment: _____

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

    _____
    _____

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
    Yes ☐  No ☐

    *If "Yes,"* please provide the name and address of the health care professional.

    _____
    _____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach a copy of the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐   No ☐

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐   No ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☐

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐   No ☐

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☐

F.   Decedent's death certificate, if applicable.
Yes ☐   No ☐

G.   Report of autopsy of decedent, if applicable.
Yes ☐   No ☐

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.     Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |

B.     Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |
|      |         |                   |

C.     Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

D.     Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

E.     Each physician or healthcare provider from whom you have received treatment during the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
|      |         |                    |
|      |         |                    |

16

| | | |
|---|---|---|
| | | |
| | | |
| | | |

F.  Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| | |
| | |
| | |
| | |
| | |

17

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

**Signature of Plaintiff**                **Print Your Name**                **Date**

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL No. 1873 |
| | **AUTHORIZATION FOR RELEASE OF MEDICAL RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)** |

Name:_____

Date of Birth:_____

Last Four Numbers of SSN:_____

    I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of** _____ _____**and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests) and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclo                        ent to its clients, agents, employees, consultants, experts, the court, and othe                                          in this litigation and may no longer be protecte

        Any copy of this document shal                                      may be substituted in its place.

                                        *Darnell Harrison Jr*
                                     [PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name:_____

Date of Birth:_____

Last Four Numbers of SSN:_____

     I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of** _____ _____ and/or any of their designated agents. These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

     This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosu          client to its clients, agents, employees, consultants, experts, the court, and others                                    this litigation and may no longer be protected

Any copy of this document shall b                                     ay be substituted in its place.


_Darrell Harrison Jr_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name:_____

Date of Birth:_____

Last Four Numbers of SSN:_____

     I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _____
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

     Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2009.

_Darrell Harrison Jr_
_[PLAINTIFF OR REPRESENTATIVE]_

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Address:<br>City:              State: | | Telephone No.:<br>Zip Code: |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
Name. _____
Title. . _____
Address. _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access | | | |
|---|---|---|---|
| Requested: | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
| ☐ Copies of the<br>   records &<br>☐ Inspection of the<br>   record | | | |

I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed) _DH_

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

_Darrell Harrison_ _____
Signature of Patient/Legal Representative                         Date _____
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _____ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated:_____

Name: _____ (print legibly or type out name)

Signature: _P Darrell Harrison Jr_

Appendix: 1

| If "Yes," please state the date and reason for repair, service or maintenance: |
| --- |
| Reason: A/C not working properly |

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Federal Emergency Management Agency Office of the Director 500 C Street S.W. Washington, D.C. 20472 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) Darrell Harrison 109 Davis St. Madisonville LA 70447 Legal Representative Jim S. Hall & Associates, LLC 800 N. Causeway Boulevard; Suite 100 Metairie, Louisiana 70001 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 9.90 | 5. MARITAL STATUS S | 6. DATE AND DAY OF ACCIDENT SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)
The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided was in violation of local, state, national and international statuses, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure
SEE ATTACHED RIDER

9. PROPERTY DAMAGE 43800 Baham Rd.     Hammond, LA

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT STATE NAME OF INJURED PERSON OR DECEDENT.
The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8(SUPRA).

| 11. WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE 1Million | 12b. PERSONAL INJURY 1Million | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) 2 Million |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Darrell Harrison | 13b. Phone number of person signing form (504)832-3000 | 14. DATE OF SIGNATURE 7.25.09 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

95-109

NSN 7540-00-634-4046

STANDARD FORM 95
PRESCRIBED BY DEPT OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes     If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.                    ☐ No

N/A

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No     | 17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes     If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).            ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  Authority:  The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2571 et seq., 28 C.F.R. Part 14.

   B.  Principal Purpose:  The information requested is to be used in evaluating claims.
   C.  Routine Use:  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
   D.  Effect of Failure to Respond:  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C.  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95      BAC

RIDER

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. through its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).



# EMPLOYMENT AGREEMENT

I/WE, **Darrell Harrison, Jr.** , do hereby employ, retain and authorize the services of JIM S. HALL & ASSOCIATES, LLC, Attorney at Law, to represent me in my claim against anyone liable or responsible to me for damages including the specific defendants named hereafter as well as against any applicable insurance carriers for injuries resulting from property damage and/or personal injury damages from: occupancy of FEMA trailers against all liable parties _____

_____

_____

_____

In consideration of the services to be rendered and rendered, I hereby assign, transfer and deliver an undivided forty (40%) percent of the gross amount of my claim and/or suit and any money derived therefrom before any deductions are made unto the said JIM S. HALL & ASSOCIATES, LLC. Jim S. Hall & Associates may associate and/or retain other attorney(s) to assist in the handling of my claim as Jim S. Hall & Associates may deem appropriate or necessary but the fee shall remain the same to be divided as the various attorney's agree. If a recovery is not made, then no fees or expenses will be charged.

I/We do hereby appoint Jim S. Hall as my attorney in fact, and grant to him the power of attorney so that in all ways and matters he may negotiate, settle, and sign my name to any and all pleadings, claim forms and other documents of any kind in this matter including all settlements and releases, drafts, checks, medical bills and other expenses related thereto. He is hereby granted the power of attorney to act in all ways that I/We might individually act in this matter if I/We were present.

I also understand that any sums advanced by said attorney(s) will be repayable from the proceeds of my claim. All sums advanced whether for court cost, copies, process servers, litigations expenses, postage, travel expenses, expert witness fees, telegram, telefax, fax, telephone charges, medical expenses, personal living expenses, test costs, rehabilitation fees, therapists fees, hospital charges, photographs, demonstrative evidence, investigation expenses, loans or advances made to me by said attorney(s) or loans arranged by said attorney(s) for my benefit at a financial institution but guaranteed by said attorney(s) shall be secured and protected by a lien against the proceeds of my claim as per La.R.S. 9:5001. I understand I am responsible and shall pay all costs and expenses of my claim, Said Attorney(s) are authorized to advance costs and expenses which I agree to repay.

After reading all of the above, I do hereby sign my name to indicate my agreement as of this __16th__ day of __July__, 20__09__.

_Darrell Harrison Jr_
**CLAIMANT**                                          **CLAIMANT**

**ADDRESS:**_____          **ADDRESS:**_____

_____

**HOME/CELL:**_____          **HOME/CELL:**_____

**WORK:**_____          **WORK:**_____

**DOB:** __7·9·90_____          **DOB:**_____

**SOCIAL SECURITY:** __435·79·8306__          **SOCIAL SECURITY:**_____

**ACCEPTED:** **JIM S HALL & ASSOCIATES, LLC**
ATTORNEY AT LAW
800 N Causeway Blvd, Ste 100
Metairie, LA 70001
JIM S. HALL & ASSOCIATES, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER )          MDL NO. 1873
FORMALDEHYDE )
PRODUCT LIABILITY LITIGATION )
)
_____ )     SECTION: N(4)
)
)          JUDGE: ENGELHARDT
THIS RELATES TO: )          MAG: ROBY
)
Plaintiff: _____ )
)
Denise Moore )
_____ )

## PLAINTIFF FACT SHEET

### I.    INSTRUCTIONS

IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY
IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED
WITHIN THIRTY(30) DAYS OF THE TRANSFER OR FILING (AS DEFINED IN PRE-
TRIAL ORDER NO. 2(DOC NO. 87)) OF YOUR COMPLAINT IN THIS LITIGATION
OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE
COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR
ATTORNEY.

Please provide the following information for each person claiming a formaldehyde related
injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes
Katrina and Rita in August and September, 2005. A separate Plaintiff Fact Sheet must be
completed for each individual claiming exposure to formaldehyde. For example, a parent
must complete a separate form for each minor child and a personal representative must
complete a separate form for each deceased person. Whether you are completing this fact
sheet for yourself or for someone else, please assume that "You" means the person who resided
in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the
person completing this Fact Sheet does not know or does not recall the information requested in
any question, that response should be entered in the appropriate location.

1



## II.   PERSONAL INFORMATION

A.    Name (person completing form): Denise Moore

B.    Maiden or other names used or by which you have been known: Jennings

C.    Current Street Address: 109 Davis St.  Madisonville, LA 70447

D.    Home Telephone No.: n/a
      Cell Phone No.:     504 - 491 - 6127
      Work Telephone No: 985 - 892 - 2136
      Other Telephone Nos.: n/a

E.    Email address: n/a

## III.   CASE INFORMATION

A.    If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

    1.    State which individual or estate you are representing:
       n/a

    2.    Maiden Or Other Names Used or By Which Such Person Has Been Known:
       n/a

    3    Address (or last known address if deceased):
       n/a  n/a,

    4.    Home Telephone No.: n/a
       Cell Phone No.:    n/a
       Work Telephone No: n/a
       Other Telephone Nos. n/a

    5.    E-mail address: n/a

    6.    If you were appointed as a representative by a court, state the:

2

Court: n/a _____        Date of Appointment: _____

7.   What is your relationship to the deceased or represented person or person
     claimed to be injured? n/a

8.   If you represent a decedent's estate, state the date of death of the decedent
     and the place where the decedent died:

     n/a _____
     _____

B.   Please state the name and address of the attorney representing you:

     Jim Hall  / Jim Hall _____
          Attorney's Name/Law Firm
     Metairie, LA 70001 _____
          City, State and Zip Code

C.   Please state the following: (If you are a representative, please state this
     information for each such person being represented):

     1.   Are you claiming that you have developed, or may have developed, a
          disease or illness as a result of being exposed to formaldehyde while
          residing in a FEMA-provided trailer or mobile home?
          Yes ☒          No ☐

     2.   What is your understanding of the illness or disease you claim you have
          developed, or may in the future develop, from living in a FEMA trailer or
          mobile home? Severe headaches, breathing problems

     3.   During the time that you lived in your FEMA trailer, did you experience or
          report to a physician any of the following symptoms?  If yes, place a check
          mark (✓) by the symptom that you experienced.

☐ irritation to eyes                              ☒ tingling or swelling of lips or face area
☐ burning of eyes                                 ☒ headaches
☐ tearing of eyes                                 ☐ nausea
☐ irritation to nasal membranes (inside of nose)  ☐ vomiting
☐ burning of nasal membranes (inside of nose)     ☐ bloody vomiting
☐ bleeding of nasal membranes (inside of nose)    ☐ abdominal pain
☐ irritation or itching of skin                   ☐ diarrhea
☐ burning of skin                                 ☒ difficulty in breathing
☐ rashes on skin                                  ☒ wheezing
☐ drying or scaling of skin                       ☒ shortness of breath
☐ scaling or itching of eyelids                   ☒ persistent cough
☐ irritation or swelling of eyelids or eye area   ☐ tightness of the chest

3

- [ ] bronchitis
- [x] throat irritation
- [ ] hoarseness
- [ ] laryngitis
- [ ] pneumonia
- [ ] upper respiratory tract infections
- [ ] pulmonary edema
- [ ] asthma attacks for the first time in your life
- [ ] asthma attacks that are recurrence of childhood asthma
- [ ] allergies for the first time in your life
- [x] worsening of allergies that you had previous to living in FEMA trailer

- [ ] allergic contact dermatitis
- [x] dizziness
- [ ] unconsciousness
- [ ] convulsions or seizures
- [ ] blood in urine
- [ ] abnormal liver enzymes
- [ ] nephritis (inflammation of kidneys)
- [ ] low blood pressure
- [ ] hypothermia (low body temperature)
- [ ] miscarriage or stillbirth
- [ ] abnormal laboratory tests on blood
- [ ] abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _____
n/a _____
_____
_____

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer? _____ No _____

If yes, which kind of cancer?
n/a _____

5.   When do you claim this injury or disease first occurred? Early 2006 _____

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes [ ]       No [x]

If "Yes," when and who diagnosed the condition at that time?
n/a _____
_____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes [x]       No [ ]

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. n/a

8.  **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☒        No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
Pastor Phoenix & wife 1300 Martin Luther King Hammond, LA 70401

To your understanding, describe the condition for which treated:
n/a

State when you were treated for this psychological, psychiatric or emotional problem
n/a

List the medications prescribed or recommended by the physician or counselor
n/a

9.  Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☒        No ☐

*If "Yes,"* state the amount of your claim:   N/A

5

## IV. BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 4300 Baham Lot 35 Hammond, LA 70401 | 10/2005  3/2007 |
| 36236 Calatis Rd. Lot 20 Hammond, LA 70401 | 3/2007 4/2008 |
| 109 Davis Street Madisonville, LA. | 4/2008 - Present |
|  |  |
|  |  |

B. State Driver's License Number and State Issuing License:_____
   004736366                          LA

C. Date and Place of Birth: 5/10/1960          Place:_____

D. Sex:  Male ☐     Female ☒

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Jessie H. Jones | 69340 Hwy 21 | 3/1995 - Present | Diploma |
|  |  |  |  |
|  |  |  |  |

F. Employment Information

1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Wendy's Intl. | 69340 Hwy. 21 | 3/1995 - Present | Manager |
|  |  |  |  |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Wendy's Intl. | 69340 Hwy. 21 | 3/1995 - Present | Manager |
|  |  |  |  |

6

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3. Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐     No ☒

*If "Yes,"* state the following:

a. If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|---|---|
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |

b. Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____
_____

G. Previous Claims Information

1. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐     No ☒     Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____
n/a_____

_____

7

## IV.    FAMILY INFORMATION

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☐        No ☐        Don't Know ☒

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|-------------|------------------------------|-------------------|-------------------------------|
| n/a n/a | n/a | | n/a | n/a |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐        No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: n/a

## V.    FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: Fleetwood

2.    VIN:   GALF535891384 - 8A32

3.    FEMA Identification No.:   911935105

4.    Bar Code Number on FEMA housing unit:   1261093

8

5.   Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☐   Mobile Home ☒

6.   Move-in Date: 10/21/2005

7.   Move-out Date: 7/30/ 2008

8.   Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
26236 Galatis Rd. Loranger, LA 70446

9.   Was the FEMA trailer or mobile home located in a trailer park or on private property? Trailer Park

10.  State the reason you stopped living in the FEMA trailer or mobile home:
Park Closed

11.  Please state the approximate square footage of the FEMA housing unit: 320

12.  Please state the approximate length and width of the FEMA housing unit: 8 X 40

13.  What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 8

14.  Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
Yes ☒        No ☐

15.  Is/was the FEMA housing unit hooked up to a sewer line?
Yes ☒        No ☐

16.  Is/was the FEMA housing unit hooked up to an electrical line?
Yes ☒        No ☐

17.  Is/was the FEMA housing unit hooked up to natural gas line?
Yes ☐        No ☒

18.  Is/was propane gas used in the FEMA housing unit?
Yes ☒        No ☐

9

19.   How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 5

20.   Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐   No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? n/a

For what period of time did you temporarily live in another location? n/a

B.   Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐      No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: n/a

C.   Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐      No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: Date: n/a      Reason: n/a

D.   Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒   No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
Date: Do not recall  Reason: Ars monthly maintenance, doors entry locks,A/C not working

E.   Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Darrell Harrison Jr.. | 18 | 109 Dants St Masisonville, LA (985) 222-0994 | From 3/2007 To 7/2008 | Yes ☒ No ☐ Don't Know ☐ | Health |
| Vashime Moore | 24 | , (504) 415-8869 | From 3/2007 To 3/2008 | Yes ☒ No ☐ Don't Know ☐ | Health |
| Shanika Jennings | 30 | New Orleans, (504) 329-2613 | From 3/2007 To 3/2008 | Yes ☒ No ☐ Don't Know ☐ | Health |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 6' 0"

B.   Current Weight: 165 lb

Weight prior to living in a FEMA trailer or mobile home: 185 lb

C.   Personal Smoking/Tobacco Use History:   *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☒   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

      1.     Date on which smoking/tobacco use ended:_____

      2.     Amount smoked or used on average:
                _____ per day for _____ years.

☐   Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

      1.     Amount currently smoked or used on average:
                _____ per day for _____ years.

D.    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

      1.     Amount smoked or used on average, if you know:
                ___6___ per day for _1_ years.
      2.     Relationship to you: Son
      3.     Please state whether the smoking occurred inside, outside or both. Smoked Outside

E.    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐     No ☒

*If "Yes,"* what was the date of birth: n/a_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☐    N/A

F.    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1.    Lung or other respiratory disease
       Yes ☐     No ☒

       *If "Yes,"* please indicate the following:

       Name and description of each illness, disease, or abnormal condition:
       n/a_____

       The date of illness:
       n/a_____

    2.    Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐      No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:
n/a

The date of illness:
n/a

3.    Long-term stomach or bowel disease
Yes ☐      No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:
n/a

The date of illness:
n/a

4.    Skin disease
Yes ☐      No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:
n/a

The date of illness:
n/a

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

Yes ☐      No ☒      Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| n/a | n/a | n/a n/a | n/a | n/a |
| | | | | |
| | | | | |

13

## VII. MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: n/a n/a _____
Specialty, if any: n/a _____
Address: n/a n/a, _____
Phone: **n/a** _____
Treatment received: n/a _____
Dates of treatment: n/a _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
n/a _____
_____

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐   No ☐   N/A

*If "Yes,"* please provide the name and address of the health care professional.
n/a _____
n/a n/a, _____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐     No ☒

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒     No ☐

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐     No ☒

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐     No ☒

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐     No ☒

F.  Decedent's death certificate, if applicable.
Yes ☐     No ☐

G.  Report of autopsy of decedent, if applicable.
Yes ☐     No ☒

## IX.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.     Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| n/a n/a | n/a   n/a, |
| | |
| | |

B.     Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| n/a n/a | n/a  n/a, | n/a |
| | | |
| | | |
| | | |
| | | |
| | | |

C.     Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| n/a | n/a  n/a, | n/a | n/a |
| | | | |
| | | | |
| | | | |
| | | | |

D.     Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| n/a | n/a  n/a, | n/a | n/a |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

E.     Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| n/a n/a | n/a  n/a, | n/a |
| | | |
| | | |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.      Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|------|---------|
| n/a | n/a   n/a, |
|  |  |
|  |  |
|  |  |
|  |  |

17

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

| _Denise Moore_ | _Denise Moore_ | _9-9-09_ |
|---|---|---|
| **(Signature of Plaintiff** | **Print Your Name** | **Date** |

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _Denise Moore_

Date of Birth: _5-10-60_

Last Four Numbers of SSN: _6350_

    I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _Jim Hall + Associates,_
_LLC_ **and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

    This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2009.

_Denise Moore_
_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: _Denise Moore_

Date of Birth: _5-10-60_

Last Four Numbers of SSN: _6350_

    I hereby authorize _____ to release
all existing records regarding the above-named person's psychological or psychiatric care,
treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel, in the above-captioned matter, the law firm of** _Jim Hall
+ Associates, LLC_ **and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA
Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological
treatment and counseling records, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009.

_Denise Moore_
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Denise Moore_

Date of Birth: _5-10-60_

Last Four Numbers of SSN: _6350_

    I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _Jim Hall & Associates, LLC_
**and/or any of their designated agents.**  These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above.  This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes.  I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records).  This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this ___ day of _____, 2009.

_Denise Moore_
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY: _____
Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Address:<br>City:                          State: | | Telephone No.:<br>Zip Code: |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
*Name.* . _____
*Title.* . _____
*Address.* _____
Purpose: To Protect My Legal Rights _____
For Treatment Date(s): All Available

| Type of Access | | | |
|---|---|---|---|
| Requested: | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
| ☐ Copies of the records &<br>☐ Inspection of the record | | | |

I acknowledge, and hereby consent to such, that the released information may contain
alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed).

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164,
I have read the above and authorize the disclosure of the protected health information as stated.

_____                    _____
Signature of Patient/Legal Representative            Date
If signed by legal representative, relationship to patient: _____

**PRIVACY ACT RELEASE LANGUAGE**

I, _____ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _9-9-09_

Name: _Denise Moore_ (print legibly or type out name)

Signature: _Denise Moore_

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0006 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of the Director<br>500 C Street S.W.<br>Washington, D.C. 20472 | Denise Moore<br>P.O. Box 1351<br>Natalby, LA 70451<br><br>Legal Representative:<br>Jim S. Hall & Associates, LLC<br>800 N. Causeway Boulevard; Suite 100<br>Metairie, Louisiana 70001 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒CIVILIAN | 4. DATE OF BIRTH<br>5/10/60 | 5. MARITAL STATUS<br>S | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)
The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statues, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA, failed to insure SEE ATTACHED RIDER

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

43200 Baham Rd. Hammond, LA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8(SUPRA).

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| 1Million | 1Million | | 2 Million |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>Denise Moore | 13b. Phone number of person signing form<br>(504)832-3000 | 14. DATE OF SIGNATURE<br>5/13/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes   ☐ No     17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

RIDER

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. through its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).

# EMPLOYMENT AGREEMENT

I/WE, _Denise Moore_____, do hereby employ, retain and authorize the services of **JIM S. HALL & ASSOCIATES, LLC**, Attorney at Law, to represent me in my claim against anyone liable or responsible to me for damages including the specific defendants named hereafter as well as against any applicable insurance carriers for injuries resulting from property damage and/or personal injury damages from: occupancy of FEMA trailers against all liable parties _____

_____

_____

_____

   In consideration of the services to be rendered and rendered, I hereby assign, transfer and deliver an undivided forty (40%) percent of the gross amount of my claim and/or suit and any money derived therefrom before any deductions are made unto the said **JIM S. HALL & ASSOCIATES, LLC.** Jim S. Hall & Associates may associate and/or retain other attorney(s) to assist in the handling of my claim as Jim S. Hall & Associates may deem appropriate or necessary but the fee shall remain the same to be divided as the various attorney's agree. If a recovery is not made, then no fees or expenses will be charged.

   I/We do hereby appoint Jim S. Hall as my attorney in fact, and grant to him the power of attorney so that in all ways and matters he may negotiate, settle, and sign my name to any and all pleadings, claim forms and other documents of any kind in this matter including all settlements and releases, drafts, checks, medical bills and other expenses related thereto. He is hereby granted the power of attorney to act in all ways that I/We might individually act in this matter if I/We were present.

   I also understand that any sums advanced by said attorney(s) will be repayable from the proceeds of my claim. All sums advanced whether for court cost, copies, process servers, litigations expenses, postage, travel expenses, expert witness fees, telegram, telefax, fax, telephone charges, medical expenses, personal living expenses, test costs, rehabilitation fees, therapists fees, hospital charges, photographs, demonstrative evidence, investigation expenses, loans or advances made to me by said attorney(s) or loans arranged by said attorney(s) for my benefit at a financial institution but guaranteed by said attorney(s) shall be secured and protected by a lien against the proceeds of my claim as per La.R.S. 9:5001. I understand I am responsible and shall pay all costs and expenses of my claim, Said Attorney(s) are authorized to advance costs and expenses which I agree to repay.

   After reading all of the above, I do hereby sign my name to indicate my agreement as of this _27_ day of _April_____, 20 _08_.

_Denise Moore_____
✗CLAIMANT Sign here                                      CLAIMANT

ADDRESS: _P.O. Box 1351_                                 ADDRESS:_____

_Natalbany La 70451_                                     _____

HOME/CELL: _(504)491-6127_                               HOME/CELL:_____

WORK: _(985)892-3165_                                    WORK: _____

DOB: _5/10/60_                                           DOB: _____

SOCIAL SECURITY: _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_                           SOCIAL SECURITY: _____

_____

_____
& ASSOCIATES, LLC

Transcript of the Testimony of

# 30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

**Date taken: August 13, 2008**

**In Re: FEMA Trailer Formaldehyde Products Liability Litigation**

***Note*** All **electronic deposition/exhibit files** are available at **www.psrdocs.com** .  Please call or e-mail reporters@psrdocs.com if you need an **Username** and **Password.**

# Professional Shorthand Reporters, Inc.

**Phone:   504-529-5255**
**Fax:   504-529-5257**
Email:    reporters@psrdocs.com
Internet:     www.psrdocs.com

EXHIBIT

C

Page 1

1               UNITED STATES DISTRICT COURT

2               EASTERN DISTRICT OF LOUISIANA

3

4    IN RE:  FEMA TRAILER          MDL NO. 1873

5    FORMALDEHYDE PRODUCTS         SECTION "N"(4)

6    LIABILITY LITIGATION          JUDGE ENGELHARDT

7

8                      *   *   *

9

10          Videotaped Federal Rule 30(b)(6)

11   Deposition of MORGAN BUILDINGS & SPAS, INC.

12   and MORGAN BUILDING SYSTEMS, INC., through

13   their designated representative, JAMES

14   SCHILLIGO, 608 Wyatt Drive, St. Peters,

15   Missouri 63376, taken at the offices of

16   Lambert & Nelson, 701 Magazine Street, New

17   Orleans, Louisiana 70130, on Wednesday, the

18   13th day of August, 2008.

19

20   REPORTED BY:

21       JAMES T. BRADLE, CCR
         PROFESSIONAL SHORTHAND REPORTERS
22       (504)529-5255

23   VIDEOGRAPHER:

24       MICHAEL BERGERON
         PROFESSIONAL SHORTHAND REPORTERS
25       (504)529-5255

Page 2

```
 1    APPEARANCES:
 2         LAMBERT & NELSON
           (BY: HUGH P. LAMBERT, ESQUIRE)
 3         701 MAGAZINE STREET
           NEW ORLEANS, LOUISIANA 70130
 4
           LAW OFFICES OF FRANK D'AMICO, JR.
 5         (BY: AARON AHLQUIST, ESQUIRE -
             VIA TELEPHONE)
 6         622 BARONNE STREET
           NEW ORLEANS, LOUISIANA 70113
 7
                  ATTORNEYS FOR THE PLAINTIFFS
 8
           DAIGLE, JAMISON & RAYBURN
 9         (BY: BRENDA L. MISTROT, ESQUIRE -
             VIA TELEPHONE)
10         303 WEST VERMILION STREET
           SUITE 210
11         LAFAYETTE, LOUISIANA   70502
12              ATTORNEYS FOR DEFENDANT,
                  SILVER CREEK
13
           DUPLASS, ZWAIN, BOURGEOIS,
14           PFISTER & WEINSTOCK
           (BY: RYAN M. MALONE, ESQUIRE)
15         3838 NORTH CAUSEWAY BOULEVARD
           SUITE 2900
16         METAIRIE, LOUISIANA  70002
17              ATTORNEYS FOR DEFENDANT,
                  GULF STREAM COACH, INC.
18
           U.S. DEPARTMENT OF JUSTICE
19         (BY: HENRY MILLER, ESQUIRE)
           CIVIL DIVISION
20         1331 PENN AVENUE, N.W.
           ROOM 8220-N WASHINGTON, D.C. 20004
21
                  ATTORNEYS FOR DEFENDANT, UNITED
22                STATES OF AMERICA
23
24
25
```

Page 3

```
 1    APPEARANCES CONTINUED:

 2         GIEGER, LABORDE & LAPEROUSE
           (BY: JASON D. BONE, ESQUIRE -
 3           VIA TELEPHONE)
           701 POYDRAS STREET
 4         SUITE 4800
           NEW ORLEANS, LOUISIANA  70139
 5
               ATTORNEYS FOR DEFENDANT, FOREST
 6             RIVER

 7         LEAKE & ANDERSSON
           (BY: JERRY L. SAPORITO, ESQUIRE)
 8         1700 ENERGY CENTRE
           1100 POYDRAS STREET
 9         NEW ORLEANS, LOUISIANA  70163

10             ATTORNEYS FOR DEFENDANTS,
               FLEETWOOD ENTERPRISES, INC.,
11             ET AL

12         GARRISON, YOUNT, LORMAND, FORTE &
             MULCAHY, L.L.C.
13         (BY: RANDALL C. MULCAHY, ESQUIRE)
           909 POYDRAS STREET
14         SUITE 1800
           NEW ORLEANS, LOUISIANA  70112
15
               ATTORNEYS FOR DEFENDANTS,
16             RECREATION BY DESIGN, LLC, TL
               INDUSTRIES, INC., AND FRONTIER
17             RV, INC.

18         WILLINGHAM, FULTZ & COUGILL
           (BY: HAL L. ROACH, JR., ESQUIRE -
19           VIA TELEPHONE)
           NIELS ESPERSON BUILDING
20         808 TRAVIS, SUITE 1608
           HOUSTON, TEXAS  77002
21
               ATTORNEYS FOR DEFENDANT,
22             JAYCO AND STARCRAFT

23

24

25
```

Page 4

```
 1    APPEARANCES CONTINUED:

 2          HAILEY, McNAMARA, HALL, LARMANN
               & PAPALE, L.L.P.
 3          (BY: DAVID C. BACH, ESQ.)
            SUITE 1400, ONE GALLERIA BOULEVARD
 4          METAIRIE, LOUISIANA 70002

 5                ATTORNEYS FOR DEFENDANTS,
                  AMERICAN HOMESTAR CORP. AND
 6                OAK CREEK HOMES

 7          FOWLER RODRIGUEZ VALDES-FAULI
            (BY: STEPHANIE D. SKINNER, ESQUIRE -
 8            VIA TELEPHONE)
            400 POYDRAS STREET, 30TH FLOOR
 9          NEW ORLEANS, LOUISIANA  70130

10                ATTORNEYS FOR DEFENDANTS,
                  CMH MANUFACTURING, SOUTHERN
11                ENERGY HOMES, INC., PALM HARBOR
                  MANUFACTURING, LP, PALM
12                HARBOR ALBERMARLE, AND GILES
                  INDUSTRIES, INC.

13

14          McGLINCHEY STAFFORD, PLLC
            (BY: CHRISTINE LIPSEY, ESQUIRE
15            AND DAN E. WEST, ESQUIRE)
            FOURTEENTH FLOOR, ONE AMERICAN PLACE
16          301 MAIN STREET
            BATON ROUGE, LOUISIANA 70825

17                      (and)

18          MORGAN MANAGEMENT CORPORATION
            (BY: ALAN WINN, ESQUIRE)
19          CORPORATE COUNSEL
            2800 McCREE ROAD
20          GARLAND, TEXAS 75041

21                ATTORNEYS FOR MORGAN BUILDINGS &
                  SPAS, INC.

22

23    ALSO PRESENT:

24          CANDICE SIRMON, ESQUIRE - PLAINTIFFS'
              STEERING COMMITTEE
25          RACHEAL MEZZIC - LAMBERT & NELSON
```

Page 5

```
1               EXAMINATION INDEX

2                                        Page

3    EXAMINATION BY MR. LAMBERT ..........13
     EXAMINATION BY MR. MILLER ..........172
4    EXAMINATION BY MR. MULCAHY .........190

5                 *    *    *

6             INDEX OF EXHIBITS

7                                        Page

8    Exhibit No. 1  .....................69

9    Morgan Purchase Order 131888, Terms of

10   Purchase, and Amendment No. 1 to Fleetwood

11   Enterprises, Inc. Master Sales Agreement

12   dated 9-6-05 (MORGAN-000061 through 000063)

13   Exhibit No. 2  .....................76

14   Document from Brad McKinney, Monaco Coach

15   Corp. to Morgan Building Systems dated

16   9-1-05, document entitled "32 SK Bunk House

17   Travel Trailer by Monaco Coach" and Holiday

18   Rambler cover sheet from Christina

19   Detering/Brad McKinney to Jim/Guy Morgan

20   dated 9-1-05 (MORGAN-000064 through 000066)

21   Exhibit No. 3  .....................78

22   Morgan Purchase Order 118040 dated 9-19-05,

23   Terms of Purchase, and Morgan Purchase Order

24   118034 dated 9-6-05 (MORGAN-000058 through

25   000060)
```

Page 6

1    Exhibit No. 4  ......................81

2    Morgan Purchase Order 118041 dated 9-29-05

3    (MORGAN-000067)

4    Exhibit No. 5  ......................85

5    Various e-mails and Federal Emergency

6    Management Agency (FEMA) Ruggedized

7    Manufactured Housing Procurement

8    Specifications dated July 14, 2005

9    (MORGAN-000078 through 000086)

10   Exhibit No. 6  ......................95

11   E-mail from Michael Wagner to Guy Morgan

12   dated August 31, 2005 (MORGAN-000097)

13   Exhibit No. 6(A)  ...................139

14   FEMA Model Travel Trailer Procurement

15   Specifications dated August 12, 2004

16   (MORGAN000099 through 000102)

17   Exhibit No. 7  ......................138

18   Request for Quotations letter from Bryan

19   McCreary, FEMA to Vendors dated September 8,

20   2005, with attached specifications

21   (MORGAN-000088 through 000090)

22   Exhibit No. 8  ......................166

23   Color photograph

24   Exhibit No. 9  ......................166

25   Color photograph

Page 7

```
 1              S T I P U L A T I O N

 2

 3        It is stipulated and agreed by and

 4   between counsel for the parties hereto that

 5   the deposition of the aforementioned witness

 6   is hereby being taken for all purposes

 7   allowed under the Federal Rules of Civil

 8   Procedure, in accordance with law, pursuant

 9   to notice;

10        That the formalities of reading and

11   signing are specifically not waived;

12        That the formalities of filing,

13   sealing, and certification are specifically

14   waived;

15        That all objections, save those as to

16   the form of the question and the

17   responsiveness of the answer, are hereby

18   reserved until such time as this deposition,

19   or any part thereof, may be used or sought

20   to be used in evidence.

21

22              *   *   *

23        JAMES T. BRADLE, CCR, Certified Court

24   Reporter, officiated in administering the

25   oath to the witness.
```

Page 21

1    availability of inventory and pricing.

2        Q     All right.  And when you say "we,"

3    is there a team of people?  Is it primarily

4    you and Mr. Morgan, or who is it?

5        A     Myself and Mr. Morgan.

6        Q     Okay.  And who were your

7    suppliers?

8        A     For --

9        Q     For this schedule, quantity,

10   pricing, floor plan request.

11       A     For this disaster, it would have

12   been Fleetwood, Recreation by Design and

13   Monaco.

14       Q     We have taken Fleetwood's

15   deposition, and we have the quantities and

16   so on.  Was Fleetwood the largest supplier?

17       MS. LIPSEY:

18            Objection, vague.

19   EXAMINATION BY MR. LAMBERT:

20       Q     Insofar as your procurement was

21   concerned, was Fleetwood the largest

22   supplier of travel trailers?

23       A     I don't know that for sure.

24       Q     Okay.  When you contacted

25   Fleetwood and Recreation by Design and

Transcript of the Testimony of
# Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

## Date taken: October 22, 2009

## In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)

### **Note**
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a **Username**
and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:   504-529-5255**
**Fax:    504-529-5257**
**Email:   reporters@psrdocs.com**
**Internet:    www.psrdocs.com**

EXHIBIT

D

tabbies

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER           MDL NO. 1873

FORMALDEHYDE PRODUCTS          SECTION N(4)

LIABILITY LITIGATION           JUDGE ENGELHARDT


                    *   *   *

              (RE:  DUBUCLET)


        VIDEOTAPED DEPOSITION OF MORGAN

BUILDINGS & SPAS THROUGH ITS CORPORATE

REPRESENTATIVE JAMES SCHILLIGO, 2800 MCCREE

ROAD, GARLAND, TEXAS 75041, TAKEN AT THE

OFFICES OF MCGLINCHEY, STAFFORD, PLLC, 601

POYDRAS STREET, 12TH FLOOR, NEW ORLEANS,

LOUISIANA, ON THE 22ND DAY OF OCTOBER, 2009.


REPORTED BY:

    PAT KENNEDY QUINTINI, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255


VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 2

```
 1    APPEARANCES:
 2         T. CHRISTOPHER PINEDO
           ATTORNEY AT LAW
 3         4550 JERICHO ROAD
           CORPUS CHRISTI, TEXAS 78413
 4
              (ATTORNEY FOR THE PLAINTIFFS)
 5
           BENCOMO & ASSOCIATES
 6         (BY:  RAUL R. BENCOMO, ESQUIRE -
              VIA TELEPHONE)
 7         639 LOYOLA AVENUE, SUITE 2110
           NEW ORLEANS, LOUISIANA  70113
 8
              (ATTORNEYS FOR THE PLAINTIFFS)
 9
           NELSON, MULLINS, RILEY & SCARBOROUGH
10         (BY: TAYLOR T. DALY, ESQUIRE)
           201 17TH STREET, NW, SUITE 1700
11         ATLANTIC STATION
           ATLANTA, GEORGIA 30363
12
              (ATTORNEYS FOR DEFENDANT,
13              FLEETWOOD ENTERPRISES, INC.)
14         MIDDLEBERG, RIDDLE & GIANNA
           (BY: RICHARD SHERBURNE, JR., ESQUIRE)
15         450 LAUREL STREET, SUITE 1101
           BATON ROUGE, LOUISIANA 70801
16
              (ATTORNEYS FOR DEFENDANT, FLUOR
17              ENTERPRISES, INC.)
18         U.S. DEPARTMENT OF JUSTICE
           CIVIL DIVISION, TORTS BRANCH
19         (BY:  HENRY MILLER, ESQUIRE)
           1331 PENN AVENUE, N.W.
20         ROOM 8220-N
           WASHINGTON, D.C.  20004
21
              (ATTORNEYS FOR DEFENDANT, UNITED
22              STATES OF AMERICA)
23
24
25
```

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 3

```
 1    APPEARANCES CONTINUED:
 2         JONES, WALKER, WAECHTER, POITEVENT,
              CARRERE & DENEGRE, LLP
 3         (BY: WILLIAM D. LAMPTON, ESQUIRE -
              VIA TELEPHONE)
 4         FOUR UNITED PLAZA
           8555 UNITED PLAZA BOULEVARD
 5         BATON ROUGE, LOUISIANA 70809
 6              ATTORNEYS FOR DEFENDANTS,
                KEYSTONE RV COMPANY, THOR
 7              CALIFORNIA, THOR INDUSTRIES,
                DUTCHMEN MANUFACTURING, DS CORP
 8              (d/b/a CROSSROADS RV) AND KZ RV,
                LP
 9
           GARRISON, YOUNT, LORMAND, FORTE &
10            MULCAHY
           (BY: RANDALL C. MULCAHY, ESQUIRE)
11         909 POYDRAS STREET
           SUITE 1800
12         NEW ORLEANS, LOUISIANA  70112
13             (ATTORNEYS FOR DEFENDANTS
                RECREATION BY DESIGN, LLC,
14              TL INDUSTRIES, INC., FRONTIER
                RV, INC. AND CRUISER RV)
15
           WILLINGHAM, FULTZ & COUGILL
16         (BY: THOMAS L. COUGILL, ESQUIRE -
              VIA TELEPHONE)
17         NIELS ESPERSON BUILDING
           808 TRAVIS, SUITE 1608
18         HOUSTON, TEXAS  77002
19             (ATTORNEYS FOR DEFENDANTS
                JAYCO AND STARCRAFT)
20
           BAKER, DONELSON, BEARMAN, CALDWELL &
21            BERKOWITZ
           (BY:  GERARDO R. BARRIOS, ESQUIRE)
22         201 ST. CHARLES AVENUE, SUITE 3600
           NEW ORLEANS, LOUISIANA  70170
23         (NOT PRESENT)
24             (ATTORNEYS FOR DEFENDANTS, CH2M HILL
                CONSTRUCTORS, INC. AND SHAW
25              ENVIRONMENTAL, INC.)
```

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 4

```
 1
 2      APPEARANCES CONTINUED:
 3          McGLINCHEY STAFFORD
            (BY:  CHRISTINE LIPSEY, ESQUIRE)
 4          643 MAGAZINE STREET
            NEW ORLEANS, LOUISIANA 70130
 5
                (AND)
 6
            MCGLINCHEY STAFFORD PLLC
 7          (BY:  DAN E. WEST, ESQUIRE)
            301 MAIN STREET, 14TH FLOOR
 8          ONE AMERICAN PLACE
            BATON ROUGE, LOUISIANA  70805
 9
                (ATTORNEYS FOR MORGAN BUILDINGS AND
10                  SPAS, INC. APPEARING UNDER
                    RESERVATION OF RIGHTS)
11
                (AND)
12
            MORGAN MANAGEMENT CORPORATION
13          (BY:  ALAN WINN, ESQUIRE)
            CORPORATE COUNSEL
14          2800 MCCREE ROAD
            GARLAND, TEXAS  75041
15
                (ATTORNEYS FOR DEFENDANT MORGAN
16                  BUILDINGS AND SPAS, INC.)
17          LUGENBUHL, WHEATON, PECK, RANKIN &
                HUBBARD
18          (BY: KRISTOPHER M. REDMANN, ESQUIRE -
                VIA TELEPHONE)
19          601 POYDRAS STREET, SUITE 2775
            NEW ORLEANS, LOUISIANA 70130
20
                (ATTORNEYS FOR DEFENDANT,
21                  LIBERTY MUTUAL INSURANCE
                    CORPORATION)
22
23
24
25
```

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 5

1

2    APPEARANCES CONTINUED:

3        FRILOT, L.L.C.
         PETER R. TAFARO, ESQUIRE -
4            VIA TELEPHONE)
         3600 ENERGY CENTRE
5        1100 POYDRAS STREET
         NEW ORLEANS, LOUISIANA  70173-3600

6
         (ATTORNEYS FOR DEFENDANT, BECHTEL
7         NATIONAL, INC.)

8

9                    *    *    *

10                EXAMINATION INDEX

11                                    PAGE

12

13   EXAMINATION BY MR. PINEDO ...........12

14   EXAMINATION BY MS. DALY .............68

15   EXAMINATION BY MR. MILLER ...........91

16   EXAMINATION BY MR. SHERBURNE .......124

17   EXAMINATION BY MR. MULCAHY .........126

18   EXAMINATION BY MS. DALY ............133

19   EXAMINATION BY MR. PINEDO ..........134

20   EXAMINATION BY MR. MILLER ..........166

21   EXAMINATION BY MR. PINEDO ..........169

22

23

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255        (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 6

1                        *     *     *

2                    INDEX OF EXHIBITS

3

4                                          Page

5      Exhibit No. 1 ......................13

6      Notice of Videotaped Federal Rule 30(b)(6)

7      Deposition of Morgan Buildings & Spas, Inc.

8      (no Bates stamps)

9      Exhibit No. 2 ......................17

10     Solicitation/Contract/Order for Commercial

11     Items between FEMA and Morgan Buildings &

12     Spas, dated 9/9/2005, Bates Morgan-000002

13     through 14

14     Exhibit No. 3 ......................18

15     Solicitation/Contract/Order for Commercial

16     Items between FEMA and Morgan Buildings &

17     Spas, no effective date, Bates Morgan-000015

18     & 16

19     Exhibit No. 4 ......................24

20     Solicitation/Contract/Order for Commercial

21     Items between FEMA and Morgan Buildings &

22     Spas, effective date 9/1/2005, Bates No.

23     Morgan-000017

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255                (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f55

Page 7

1    Exhibit No. 5  .......................25

2    Fax to Brad McKinney from Kerri dated

3    9/1/2005, Bates Morgan-000095 & 96

4    Exhibit No. 6  .......................28

5    Email from Michael Wagner to Gay Morgan

6    dated 8/31/2005, Bates Morgan-000097 & 98

7    Exhibit No. 7  .......................29

8    FEMA Model Travel Trailer Procurement

9    Specifications, dated 8/12/2004, Bates

10   FLE-00006914 through 6916

11   Exhibit No. 8  .......................30

12   Document that starts out "Question:  Do you

13   really want to ship these by rail?", Bates

14   Morgan-000103

15   Exhibit No. 9  .......................52

16   Certificate of Origin for a Vehicle, Bates

17   Morgan-001049 through 1050

18   Exhibit No. 10  ......................55

19   Invoice No. 4039-3022 from Morgan to FEMA

20   dated 4/3/2006, Bates Morgan-001051

21   Exhibit No. 11  ......................58

22   Invoice No. 604001627 to Morgan from

23   Fleetwood, dated 3/28/06, Bates

24   Morgan-001052

25

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 8

1   Exhibit No. 12   ......................60
2   Straight Bill of Lading from Fleetwood to
3   Morgan/FEMA dated 3/28/06, Bates
4   Morgan-001053
5   Exhibit No. 13   ......................71
6   Fleetwood Enterprises Master Sales Agreement
7   dated September 6, 2005, Bates Morgan-000055
8   through 63
9   Exhibit No. 14   ......................74
10  Email from Jim Schilligo to Guy, Dated
11  9/5/2005, Bates Morgan-000087 through 89
12  Exhibit No. 15   ......................75
13  Email from Doug Henriquez to Guy Morgan
14  dated 9/9/2005, Bates Morgan-000147 & 148
15  Exhibit No. 16   ......................85
16  Email string beginning with page that says
17  "Redacted", Bates FLE-00135116 through
18  135118
19  Exhibit No. 17   ......................87
20  Fleetwood Towable Group Engineering
21  Standards Bulletin No. 10, December 1, 1997,
22  Bates FLE_00010903 through 10918
23  Exhibit No. 18   ......................94
24  FEMA Procedure Storage Site Manual Fall
25  2005, Bates FLE-00001942 through 1955

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 9

1    Exhibit No. 19  .....................100

2    Important Notice, Bates FLE-00005100 through

3    5102

4    Exhibit No. 20  .....................108

5    Fax to Dave Busche from Guy Morgan/Elaine

6    dated 6/1/2004, Bates FLE-00001367 through

7    1370

8    Exhibit No. 21  .....................134

9    Fleetwood 2006 Owner's Manual, Bates

10   Fleetwood_EX-000003 through 105

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

83f35e7d-fd08-453c-b140-b8158db27f55

Page 10

1                S T I P U L A T I O N

2

3           It is stipulated and agreed by and

4      between counsel for the parties hereto that

5      the deposition of the aforementioned witness

6      is hereby being taken for all purposes

7      allowed under the Federal Rules of Civil

8      Procedure, in accordance with law, pursuant

9      to notice;

10          That the formalities of reading and

11     signing are specifically          ;

12          That the formalities of filing,

13     sealing, and certification are specifically

14     waived;

15          That all objections, save those as to

16     the form of the question and the

17     responsiveness of the answer, are hereby

18     reserved until such time as this deposition,

19     or any part thereof, may be used or sought

20     to be used in evidence.

21                    *   *   *

22          CATHY RENEE' POWELL, CCR, Certified

23     Court Reporter, officiated in administering

24     the oath to the witness.

25

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 19

1          And the document with regard to

2    mobile homes, is that a two-page document?

3          A.    No, sir.  It's one page.

4          Q.    You now have Bates number --

5          A.    I'm sorry, two pages.

6          Q.    So Exhibit 3 is Morgan's Bates

7    No. 15 and 16; is that right?

8          A.    Yes, sir.

9          Q.    And now you have a document in

10   front of you with a Morgan Bates number of

11   17.  What does that represent?

12         A.    It is another government contract

13   for 15,000 travel trailers.

14         Q.    And is that your understanding of

15   the amount of travel trailers that Morgan

16   sold to the United States Government for

17   temporary housing units after Hurricane

18   Katrina?

19         A.    Yes, sir.

20         Q.    And this would be the contract

21   that we were talking about with the total

22   amount of travel trailers that were sold by

23   Morgan to the United States Government?

24         A.    Yes, sir.

25         Q.    Now, did Morgan itself manufacture

Page 20

1    travel trailers at any particular time?

2        A.    No, sir.

3        Q.    So to fulfill this contract, did

4    Morgan turn to the manufacturers of travel

5    trailers and ask them to fill orders for

6    them for these travel trailers?

7        A.    Yes, sir.

8        Q.    And did Morgan request travel

9    trailers from Fleetwood to fulfill this

10   request by the United States Government?

11       A.    Yes, sir.

12       Q.    Did they also request travel

13   trailers from an entity called Monaco to

14   fill this requirement for 15,000 travel

15   trailers?

16       A.    Yes, sir.

17       Q.    Did they also request travel

18   trailers from an entity called Recreation by

19   Design to fill this order for the United

20   States Government?

21       A.    Yes, sir.

22       Q.    The total amount of travel

23   trailers that Morgan sold to the United

24   States Government manufactured by Fleetwood,

25   Monaco, and Recreation by Design was 15,000;

83f35e7d-fd08-453c-b140-b8158db27f55

Page 24

1    document which has been marked as Exhibit 4,

2    which is Morgan Bates No. 17.  Just for the

3    record, so we are clear, could you identify

4    that document for me?

5         A.   Yes, sir.  It's a contract from

6    Department of Homeland Securities/FEMA to

7    Morgan, for Morgan Buildings & Spas, Inc.

8    for 15,000 travel trailers.

9     (Exhibit No. 4 marked for identification.)

10        Q.   What is the date on that document?

11        A.   8/29/2005.

12        Q.   And that's the contract we were

13   discussing earlier that provides for us some

14   of the details regarding the purchase of the

15   15,000 travel trailers by FEMA from Morgan;

16   is that right?

17        A.   Yes, sir.

18        Q.   And what Morgan did, rather than

19   constructing their own travel trailers, is

20   they contacted Recreation by Design, Monaco

21   and Fleetwood and had them construct the

22   travel trailers to fill that order?

23        A.   Correct.

24        Q.   May I see that document, sir?

25        A.   (Witness complies.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION, | * CIVIL ACTION NO. 1873 |
| | * |
| | * |
| | * |
| | * |
| | * JUDGE ENGELHARDT |
| | * |
| This Document Relates To: | * |
| | * |
| *Emmette Burrle, et al. v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 09-4590) | * MAGISTRATE CHASEZ |
| | * |
| | * |

*********************************************

STATE OF MISSOURI

COUNTY OF ST. CHARLES

## AFFIDAVIT OF JAMES G. SCHILLIGO

BEFORE ME, the undersigned Notary Public, duly commissioned for the State and County aforesaid, came and appeared:

JAMES G. SCHILLIGO

who, after being first duly sworn, did depose and state:

1.  I suffer no mental or legal disability and am fully competent to make this affidavit.

2.  The following facts are based upon my personal knowledge or review of records kept in the ordinary course of business by Morgan Buildings & Spas, Inc., and such facts are true and correct.

3.  I am employed by Morgan Buildings & Spas, Inc. (Morgan) as its National Sales Manager.

4.  I held the position of National Sales Manager in 2005, at the time of Hurricanes Katrina and Rita.

5.  In connection with a contract with the Federal Emergency Management Authority (FEMA) to supply temporary housing units following Hurricanes Katrina and Rita, Morgan procured temporary housing units directly from the following manufacturers:

396356.1

Page 1 of 2

EXHIBIT

E

Fleetwood Enterprises, Inc., Recreation by Design, LLC, and Monaco Coach Corporation.

6.   Morgan did not construct temporary housing units for the Katrina/Rita disasters.

7.   I reviewed the Plaintiff Fact Sheet submitted by Darrell Harrison in this matter.

8.   According to the Plaintiff Fact Sheet submitted by Darrell Harrison, he lived in a Fleetwood mobile home bearing VIN number GALF535A913848A32.

9.   I reviewed the Plaintiff Fact Sheet submitted by Denise Moore.

10.  According to the Plaintiff Fact Sheet submitted by Denise Moore, she lived in a Fleetwood mobile home bearing VIN number GALF53589134-8A32.

11.  According to the Plaintiff Fact Sheet submitted by Denise Moore, her FEMA-supplied mobile home measured 8 feet by 40 feet.

12.  In connection with its sale of temporary housing units to FEMA for the Katrina/Rita disasters, Morgan maintained records of each housing unit sold to FEMA.  These records were kept and maintained in the ordinary course of business.

13.  I reviewed Morgan's list of temporary housing unit VIN numbers of the mobile homes Morgan purchased from Fleetwood, and have ascertained that Morgan did not procure the mobile homes bearing VIN numbers GALF535A913848A32 or GALF53589134-8A32.

14.  Further, Morgan did not procure mobile homes from Fleetwood which measured 8 feet by 40 feet.  Rather, all mobile homes Morgan purchased from Fleetwood measured 14 feet by 60 feet.

Thus read and signed in _St Peter_, Missouri, this _28_ day of December, 2011.

_____
James G. Schilligo

Sworn to and subscribed before me, Notary Public, this _29_ day of December, 2011.

_____
Notary Public
Printed Name: _CAROL A. WOERTHER_
Notary No.: _09 483 495_
My Commission Expires: _July 18, 2013_

CAROL A. WOERTHER
My Commission Expires
July 18, 2013
St. Charles County
Commission #09483495

396356.1                                Page 2 of 2

# McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

FLORIDA  LOUISIANA  MISSISSIPPI  NEW YORK  OHIO  TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

July 14, 2011

Jim Hall
**Jim Hall & Associates, LLC**
800 N. Causeway Boulevard
Suite 100
Metairie, LA 70001

RE:    ***FEMA Trailer Formaldehyde Product Liability Litigation/Morgan
Buildings & Spas, Inc.***

***<u>Emmette Burrle, et al. v. Morgan Building and Spas, Inc., et. al. (09-
4590)</u>***

Dear Jim:

On July 29, 2009, you filed the matter styled *Emmette Burrle, et al. v. Morgan Building
and Spas, Inc., et al.*, bearing Eastern District of Louisiana Suit No. 09-4590. Morgan Buildings
& Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan) are named as
manufacturing defendants. We are writing to request that you dismiss Darrell Harrison and
Denise Moore's claims against Morgan, as the discovery produced in this matter establishes that
they did not live in a trailer procured by Morgan.

The discovery produced by Morgan in this matter is clear. Morgan procured emergency
housing units from limited, specific manufacturers, and did not act as a general procuring agent
for FEMA, procuring temporary housing units from every manufacturer named in this litigation.[1]
According to the Plaintiff Fact Sheets submitted by Darrell Harrison and Denise Moore, they
both lived in a Fleetwood mobile home bearing VIN number GALF5358913848A32. While
Morgan procured temporary housing units from Fleetwood and sold those units to FEMA, as set
forth in the enclosed affidavit by James Schilligo, Morgan's National Sales Manager, the VIN
number provided by Darrell Harrison and Denise Moore does not match Morgan's records of the
Fleetwood mobile homes Morgan procured.

As there is <u>no</u> evidence that Morgan manufactured or procured the trailer provided by
FEMA to Darrell Harrison and Denise Moore, we request that you dismiss their claims against
Morgan by August 19, 2011. Otherwise, Morgan will move for summary dismissal of their
claims against Morgan and will seek its costs and attorneys' fees.

---

[1] See James Schilligo depo., 21:6-13, which is attached.

379806.1



EXHIBIT
F

July 14, 2011
Page 2

With kindest regards we remain,

Very truly yours,

**McGlinchey Stafford, PLLC**

Amanda S. Stout

Enclosures

379806.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE<br>PRODUCTS LIABILITY LITIGATION | * | MDL NO. 1873 |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *Emmette Burrle, et al. v. Morgan Building and* | * | MAGISTRATE CHASEZ |
| *Spas, Inc., et. al. (09-4590)* | * | |
| | * | |

*******************************************

STATE OF TEXAS

COUNTY OF DALLAS

## AFFIDAVIT OF JAMES G. SCHILLIGO

BEFORE ME, the undersigned Notary Public, duly commissioned for the State and

County aforesaid, came and appeared:

JAMES G. SCHILLIGO

who, after being first duly sworn, did depose and state:

1.    I suffer no mental or legal disability and am fully competent to make this affidavit.

2.    The following facts are based upon my personal knowledge or review of records kept in the ordinary court of business by Morgan Buildings & Spas, Inc., and such facts are true and correct.

3.    I am employed by Morgan Buildings & Spas, Inc. (Morgan) as its National Sales Manager.

4.    I held the position of National Sales Manager in 2005, at the time of Hurricanes Katrina and Rita.

5.    In connection with a contract with the Federal Emergency Management Authority (FEMA) to supply temporary housing units following Hurricanes Katrina and Rita, Morgan procured temporary housing units directly from the following manufacturers:

382442.1

Fleetwood Enterprises, Inc., Recreation by Design, LLC, and Monaco Coach Corporation.

6.  In connection with Morgan's procurement of the temporary housing units from the specified manufacturers and delivery of the temporary housing units to FEMA, Morgan maintained a spreadsheet which listed each temporary housing unit by VIN number among other pertinent information.

7.  I reviewed the Plaintiff Fact Sheets submitted by Darrell Harrison and Denise Moore in this matter. According to the Plaintiff Fact Sheets, Darrell Harrison and Denise Moore lived in a Fleetwood mobile home bearing VIN number GALF5358913848A32. Additionally, Denise Moore stated that her mobile home size was "8 x 40."

8.  I reviewed Morgan's spreadsheet of temporary housing unit VIN numbers and have ascertained that Morgan did not procure the Fleetwood temporary housing unit bearing VIN number GALF5358913848A32.

9.  Further, Morgan did not procure mobile homes from Fleetwood which measured 8 feet by 40 feet. Rather, all mobile homes Morgan purchased from Fleetwood measured 14 feet by 60 feet.

Thus read and signed in _Garland_, Texas, this _13_ day of July, 2011.



James G. Schilligo

Sworn to and subscribed before me, Notary Public, this _13th_ day of July, 2011.

_Patricia L Crow_
Notary Public
Printed Name: _PATRICIA  L  CROW_
Notary No.: _____
My Commission Expires: _11-18-13_

PATRICIA L. CROW
Notary Public, State of Texas
My Commission Expires
November 18, 2013

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE:  FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS         SECTION "N"(4)

LIABILITY LITIGATION          JUDGE ENGELHARDT


*   *   *


Videotaped Federal Rule 30(b)(6)

Deposition of MORGAN BUILDINGS & SPAS, INC.

and MORGAN BUILDING SYSTEMS, INC., through

their designated representative, JAMES

SCHILLIGO, 608 Wyatt Drive, St. Peters,

Missouri 63376, taken at the offices of

Lambert & Nelson, 701 Magazine Street, New

Orleans, Louisiana 70130, on Wednesday, the

13th day of August, 2008.


REPORTED BY:

        JAMES T. BRADLE, CCR
        PROFESSIONAL SHORTHAND REPORTERS
        (504)529-5255

VIDEOGRAPHER:

        MICHAEL BERGERON
        PROFESSIONAL SHORTHAND REPORTERS
        (504)529-5255

Page 21

1    availability of inventory and pricing.

2         Q    All right.  And when you say "we,"

3    is there a team of people?  Is it primarily

4    you and Mr. Morgan, or who is it?

5         A    Myself and Mr. Morgan.

6         Q    Okay.  And who were your

7    suppliers?

8         A    For --

9         Q    For this schedule, quantity,

10   pricing, floor plan request.

11        A    For this disaster, it would have

12   been Fleetwood, Recreation by Design and

13   Monaco.

14        Q    We have taken Fleetwood's

15   deposition, and we have the quantities and

16   so on.  Was Fleetwood the largest supplier?

17        MS. LIPSEY:

18             Objection, vague.

19   EXAMINATION BY MR. LAMBERT:

20        Q    Insofar as your procurement was

21   concerned, was Fleetwood the largest

22   supplier of travel trailers?

23        A    I don't know that for sure.

24        Q    Okay.  When you contacted

25   Fleetwood and Recreation by Design and



**McGLINCHEY STAFFORD** PLLC

ATTORNEYS AT LAW

FLORIDA   LOUISIANA   MISSISSIPPI   NEW YORK   OHIO   TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

June 20, 2011

Jim Hall
**Jim Hall & Associates, LLC**
800 N. Causeway Boulevard
Suite 100
Metairie, LA 70001

> RE:   *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.*
>
> <u>*Emmette Burrle, et al. v. Morgan Buildings & Spas, Inc., et al. (E.D. La. 09-4590)*</u>

Dear Jim:

On July 29, 2009, you filed the matter styled *Emmette Burrle, et al. v. Morgan Buildings & Spas, Inc., et al.* in the Eastern District of Louisiana bearing Suit No. 09-4590. Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively Morgan) are named as manufacturing defendants. We are writing to request that you correct several deficiencies with the Plaintiff Fact Sheets (PFS) submitted by the plaintiffs in this matter.

The PFS submitted by the plaintiffs in this matter reflect that all are deficient in several respects. The attached spreadsheet outlines those deficiencies by section for which insufficient responses were provided or no response was provided.

Pursuant to Pretrial Order No. 2, each plaintiff is required to serve upon Defendants' Liaison Counsel a completed and signed PFS. As this suit involves less than 100 plaintiffs, the plaintiffs were required to submit PFS within 60 days of the filing of their complaint. *See* Pretrial Order No. 32, page 2 § B. This lawsuit was instituted on July 29, 2009, and we are not aware of any request by the plaintiffs for an extension of the applicable PFS deadlines. Thus, the plaintiffs were to provide completed PFS by October 12, 2009. Pre-Trial Order Nos. 2 and 32 provide that any plaintiff who fails to serve a PFS within the time period established by the court shall have his claims dismissed with prejudice, upon an appropriate showing.

In accordance with Pretrial Order Nos. 2, 32 and 86, please provide an amended PFS addressing the deficiencies noted above and on the attached within 30 days. If we are incorrect and a PFS amendment resolving these deficiencies was timely filed for a plaintiff, please identify the date of its original production and the title of the CD.

380394.1

**EXHIBIT**

tabbies®

**G**

Jim Hall
June 20, 2011
Page 2


With kindest regards we remain,

Very truly yours,

**McGlinchey Stafford, PLLC**

Amanda S. Stout


Enclosure

380394.1

EMMETTE BURRLE, ET AL.
VS.
MORGAN BUILDINGS & SPAS, ET AL.
EDLA NO: 09-4590

| NO. | LAST NAME | FIRST NAME | ON BEHALF OF | PFS RECD | PFS COMPLETE (If Not List Incomplete Sections) |
|---|---|---|---|---|---|
| 1 | Burrle | Emmette | | Yes | Section IV (background): F-2<br>Section V: A-3, A-7 (need/move out date)<br>Section VI: D-1, D-2, G-1<br>Section IX: B<br>Missing: (1) Auth for Release of Records (the one provided releases only to specific law firm); (2) Release of Psychological Records; (3) Release of Records with lost wages; (4) Release of records with no lost wages (the one provided releases to specific law firm) |
| 2 | Burrle | Rita | | Yes | Section IV (background): E, F-1, F-2<br>Section IV: A<br>Section V: A-3, A-7 (need move out date)<br>Missing: (1) Auth for Release of Records (the one provided releases only to specific law firm); (2) Release of Psychological Records; (3) Release of Records with lost wages; (4) Release of records with no lost wages (the one provided releases to specific law firm) |
| 3 | Cole | James Jr. | | Yes | Section VI: G<br>Section VII: B<br>Section IX: F<br>Missing: (1) Auth for Release of Records (the one provided releases only to specific law firm); (2) Release of Psychological Records; (3) Release of Records with lost wages; (4) Release of records with no lost wages (the one prpvided releases to specific law firm) |
| 4 | Harrison | Darrell | | Yes | Section III: C-7, C-8<br>Section V: B, E<br>Section VI: Entire Section<br>Section VII: Entire Section<br>Section VIII: Entire Section<br>Section IX: Entire Section |
| 5 | Moore | Denise | | Yes | Section III: C-7, C-8<br>Section IV (background): F-2<br>Section VII: A, D<br>Section IX: Entire Section<br>Missing: (1) Auth for Release of Records (the one provided releases to specific law firm); (2) Release of Psychological Records (the one provided releases to specific law firm); (3) Release of records with no lost wages (the one provided releases to specific law firm) |