## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE FEMA FORMALDEHYDE PRODUCT LIABILITY LITIGATION,** | * | **CIVIL ACTION NO. 1873** |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | **JUDGE ENGELHARDT** |
| | * | |
| **This Document Relates To:** | * | |
| | * | |
| *Estella Adkins, et al.  v. Morgan Buildings & Spas, Inc., et al* (E.D. La. 09-5575) | * | **MAGISTRATE CHASEZ** |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, Morgan Buildings & Spas, Inc., Morgan Building and Spa Manufacturing Corporation, and Morgan Building Systems, Inc. (collectively, Morgan),[1] move this Court for summary dismissal of the claims filed by plaintiff Estela Adkins[2] and the minor, JL, who is represented by Maria Lennon.  Neither Ms. Adkins nor JL lived in a temporary housing unit (THU) procured by Morgan.  Accordingly, Ms. Adkins and JL cannot state a claim against Morgan.  Morgan's motion for summary judgment should be granted, and Ms. Adkins' and JL's claims against Morgan should be dismissed with prejudice at their costs.

### I.     Background

In 2008, the Court was presented with numerous defense Rule 12(b)(1) challenges, including a Rule 12(b)(1) motion by Morgan, to the Court's subject matter jurisdiction as the plaintiffs generally had failed to match specific plaintiffs with specific defendants.  Finding merit in these motions, the Court granted Morgan's Rule 12(b)(1) motion and ordered the plaintiffs to

---

[1] Morgan Building Systems, Inc., which merged into Morgan Buildings & Spas, Inc. on January 19, 1994, no longer exists.

[2] In the complaint, Ms. Adkins' first name is listed as Estella.  On her Plaintiff Fact Sheet, she lists her first name as Estela, which is the spelling used by Morgan in this motion.

match to specific defendants or risk dismissal.[3]   Thereafter, numerous new suits were filed in or transferred to the MDL, and Pretrial Order No. 40 was entered giving plaintiffs 45 days from the filing of each complaint to match plaintiffs to manufacturers.[4]

On July 10, 2009, plaintiffs filed the matter styled *Estella Adkins, et al. v. Morgan Buildings and Spas, Inc., et al.* in the Southern District of Mississippi, Civil Action No. 09-441. The matter was subsequently transferred to this MDL litigation.  In the original complaint, the plaintiffs alleged that they resided in travel trailers, park models, and mobile homes in the State of Mississippi, which were provided by FEMA after Hurricanes Katrina and/or Rita in September 2005.  The plaintiffs also alleged that the Morgan defendants manufactured and supplied these temporary housing units pursuant to contracts with FEMA and that the housing units were defective. *See generally* S. Dist. Miss. Civil Action No. 09-441, R. Doc. 1. Specifically, the plaintiffs assert a cause of action against Morgan pursuant to Mississippi's product liability statute, Miss. Code. Ann. § 11-1-63. *See id.*, Count 2.[5]

As the captioned multi-district litigation was initiated to allow for the consolidated resolution and completion of discovery and other pre-trial matters, the Court has issued several pre-trial orders on numerous subjects, including discovery, to guide the multitude of parties and counsel involved.  On January 30, 2008, the Court issued Pre-Trial Order No. 2, describing procedures for various case management issues. Pre-Trial Order No. 2 introduced the "Plaintiff Fact Sheet," which serves as a substitute for initial interrogatories and request for production of documents on a standardized and simple form:[6]

---

[3] R. Doc. Nos. 599 and 604.
[4] R. Doc. No. 1781.
[5] Estela Adkins  and JL were named as plaintiffs in the original suit.  *See* S. Dist. Miss. Civil Action No. 09-441, R. Doc. 1. Plaintiffs later amended their complaint to add additional plaintiffs. *See* R. Doc. 8956.
[6] *See* R. Doc. No. 87.

394421.2

> Each Plaintiff's responses to the PFS will be treated as answers to
> interrogatories under Fed. R. Civ. P. 33, and request for production
> of documents under Fed. R. Civ. P. 34, and must be supplemented
> in accordance with the Fed. R. Civ. P. 26.[7]

Pre-Trial Order No. 2 also provided deadlines for the completion of Plaintiff Fact Sheets as well as consequences for failure to meet those deadlines.[8] Subsequently, on March 18, 2009, the Court issued Pre-Trial Order No. 32, which amended Pre-Trial Order No. 2 concerning Plaintiff Fact Sheets. Due to the large number of cases filed in summer 2009, Pre-Trial Order No. 32 provided new deadlines for the production of Plaintiff Fact Sheets.[9] The Plaintiff Fact Sheet questions covered, among other things, identification of the plaintiff's THU by manufacturer, VIN number, and size. Ms. Adkins and JL submitted Plaintiff Fact Sheets in September 2009, and their responses to questions identifying their THUs prove that summary judgment should be granted in favor of Morgan.

## II.   Summary Judgment Standard

The Federal Rules of Civil Procedure provide that the Court shall grant a motion for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the record the mover believes demonstrates the absence of a genuine issue of material fact. *Anderson,* 477 U.S. at 256; *Lopez v. Crowmark, Inc.,* 2000 WL 1010257, * 1 (E.D. La. July 19, 2000). If the record taken as a whole could not lead a

---

[7] *See id.*, p. 7.
[8] *See id.*, p. 8.
[9] *See* R. Doc. No. 1180.

rational trier of fact to find for the non-moving party, then there is no genuine issue for trial. *Matsushita Elec. Indust. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 597, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Instead, the moving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" *Matsushita*, 475 U.S. at 587 (emphasis in original); *e.g. Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). To meet this burden, the non-moving party must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claims[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993); *Johnson v. Tuff-N-Rumble Mgmt., Inc.*, 2000 WL 1145748, 6 (E.D. La. 8/14/00).

In order to determine whether or not summary judgment should be granted, an examination of substantive law is essential. *Landreneau v. Fleet Financial Corp.*, 197 F.Supp.2d 551 (M.D. La. 2002). Therefore, the court must examine a motion for summary judgment on its merits and grant the motion "if appropriate." Fed. R. Civ. P. 56(a).

In order to establish liability under Mississippi's product liability statute, a plaintiff must prove, among other things, that the manufacturer or supplier should have known of the "danger" in the product that caused damage. *McKee v. Bowers Window & Door Co., Inc.*, 64 So.3d 926, 938 (Miss. 2011)(citing Miss. Code Ann. § 11–1–63(a), (b), & (f) in a design-defect claim). Thus, an essential element of any product liability claim is that liability is imposed only upon

those engaged in the actual production or sale of the item in question. *Green v. Allendale Planting Co.*, 954 So.2d 1032, 1040 (Miss. 2007) (Miss. Code Ann. § 11-1-63 only governs whether liability should be imposed on entities engaged in the actual production or the sale of goods.); *Monsanto Co. v. Hall*, 912 So.2d 134, 136 (Miss. 2005) (the three elements necessary in a products liability action to survive summary judgment are sufficient evidence of product identification, exposure, and proximate cause).   While the plaintiffs allege that Morgan manufactured and supplied their THUs, Morgan did not, in fact, construct any THUs for Hurricanes Katrina or Rita.[10]  Morgan did, however, supply units manufactured by Fleetwood, Monaco, and Recreation By Design to FEMA.[11]  Putting to the side issues pertaining to "labeling and manufacturer" status, Morgan did not supply the THUs resided in by Ms. Adkins and JL.

## III.   Summary Judgment Should Be Granted Because the Evidence Establishes That Morgan Did Not Procure Ms. Adkins' or JL's THUs

Ms. Adkins' Plaintiff Fact Sheet states that she lived in a trailer manufactured by Fabrique, bearing VIN number 5L4TP332063015527.[12]  JL, through Maria Lennon, submitted a Plaintiff Fact Sheet stating that she lived in a Gulf Stream Cavalier trailer bearing VIN number 1NL1GTR2361023131.[13]

The discovery produced by Morgan is clear.  Morgan did not construct THUs.[14]  Morgan procured THUs directly from limited, specific manufacturers and did not act as a general procuring agent for FEMA.  James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative during Morgan's August 13, 2008, Rule 30(b)(6) deposition. Mr. Schilligo testified that for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of

---

[10] Exhibit D - October 22, 2009 Morgan Buildings & Spas deposition excerpts, at 19:9-20:21; Exhibit E – James Schilligo's affidavit.
[11] Exhibit C – August 13, 2008 Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. deposition excerpts, 21:6-13; Exhibit D, at 19:9-20:21 and 24:12-23; Exhibit E.
[12] Exhibit A – Estela Adkins' Plaintiff Fact Sheet.
[13] Exhibit B – JL's Plaintiff Fact Sheet.

394421.2

THUs were Fleetwood, Recreation by Design, and Monaco.[15]  Mr. Schilligo again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.[16]  Morgan did not purchase THUs from Fabrique.[17]

Additionally, Morgan purchased 14 Gulf Stream travel trailers from other travel trailer dealers and sold them to FEMA.[18]  Morgan kept records of each THU it sold to FEMA.  Those records confirm that JL's Gulf Stream trailer was not one of the Gulf Stream trailers purchased by Morgan and sold to FEMA.[19]  Likewise, Morgan did not purchase any Fabrique trailers from other dealers to sell to FEMA.[20]

Ms. Adkins and JL's claims against Morgan fail, because they cannot produce evidence of the fundamental element of any product liability claim:  that the defendant manufactured or sold the product in question.  There is no evidence that Morgan purchased Ms. Adkins' Fabrique trailer directly from Fabrique or any other dealer and sold it to FEMA.  In fact, Morgan did not procure any Fabrique trailers.  Accordingly, Ms. Adkins claims against Morgan should be dismissed, with prejudice.  Likewise, Morgan did not procure, from Gulf Stream or any other dealer, the Gulf Stream trailer in which JL resided.  Therefore, JL's claims against Morgan should also be dismissed, with prejudice.

Morgan's counsel wrote to Ms. Adkins' and JL's counsel on June 17, 2011, advising that Morgan did not procure the trailers in question and demanding that the claims against Morgan be dismissed.[21]  Morgan has not received any response to this letter.  Accordingly, summary

---

[14] Exhibit D, at 24:12-23.
[15] Exhibit C, at 21:6-13;  *See also* Exhibit E.
[16] Exhibit D, at 19:9-20:2.
[17] Exhibit E.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] Exhibit F – June 17, 2011 letter from A. Stout to J. Priest (June 17, 2011).

394421.2

judgment should be granted dismissing Ms. Adkins' and JL's claims against Morgan with prejudice, at their costs.

Respectfully submitted,

/s/ Amanda S. Stout
Christine Lipsey (La. Bar Roll No. 1182), T.A.
Dan E. West (La. Bar Roll No. 13372)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD, PLLC
One American Place, 14th floor
Baton Rouge, Louisiana 70825
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

Attorneys for Morgan Buildings & Spas, Inc.,
Morgan Manufacturing Corporation, and Morgan
Building Systems, Inc.

## Certificate of Service

I certify that, on January 3, 2012, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all liaison counsel by operation of the court's CM/ECF system and by electronic mail.

/s/ Amanda S. Stout
Amanda S. Stout