UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: FEMA TRAILER      )    MDL NO. 1873
FORMALDEHYDE         )
PRODUCT LIABILITY LITIGATION  )
                        )
_____  )    SECTION: N(4)
                        )
                        )    JUDGE: ENGELHARDT
THIS RELATES TO:       )    MAG: ROBY
                        )
Plaintiff: _____   )
  Estela Adkins         )
_____  )

**PLAINTIFF FACT SHEET**

## I.    INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM. THIS FORM MUST BE COMPLETED AND RECEIVED BY        OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION. ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

      Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005. A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde. For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person. Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

      If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1



EXHIBIT

_A_

## II.    PERSONAL INFORMATION

A.    Name (person completing form): Estela Adkins

B.    Maiden or other names used or by which you have been known: Guerrero

C.    Current Street Address: 2101 Ladnier Rd. #115 Gautier, MS 39553

D.    Home Telephone No.: NA
      Cell Phone No.: 228-222-1209
      Work Telephone No: _____
      Other Telephone Nos.: NA

E.    Email address: NA

## III.   CASE INFORMATION

A.    If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.    State which individual or estate you are representing:
      NA

2.    Maiden Or Other Names Used or By Which Such Person Has Been Known:
      NA

3     Address (or last known address if deceased): _____
      NA

4.    Home Telephone No.: _____
      Cell Phone No.: _____
      Work Telephone No: _____  NA
      Other Telephone Nos.: _____

5.    E-mail address: _____

6.    If you were appointed as a representative by a court, state the:

2

Court: _____     Date of Appointment: _____

7.  What is your relationship to the deceased or represented person or person claimed to be injured? _____

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

    _N/A_____

    _____

B.  Please state the name and address of the attorney representing you:

    _Gill  Ladner  + Priest  &._____
    **Attorney's Name/Law Firm**
    _403 S. State St.  Jackson, MS 39201_
    **City, State and Zip Code**

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

    1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
        Yes ☑          No ☐

    2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home?  _See Below_

    3.  During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

| | |
|---|---|
| ☑ irritation to eyes | ☐ tingling or swelling of lips or face area |
| ☑ burning of eyes | ☑ headaches |
| ☑ tearing of eyes | ☐ nausea |
| ☑ irritation to nasal membranes (inside of nose) | ☐ vomiting |
| ☑ burning of nasal membranes (inside of nose) | ☐ bloody vomiting |
| ☑ bleeding of nasal membranes (inside of nose) | ☐ abdominal pain |
| ☑ irritation or itching of skin | ☐ diarrhea |
| ☐ burning of skin | ☑ difficulty in breathing |
| ☐ rashes on skin | ☑ wheezing |
| ☐ drying or scaling of skin | ☐ shortness of breath |
| ☐ scaling or itching of eyelids | ☑ persistent cough |
| ☐ irritation or swelling of eyelids or eye area | ☐ tightness of the chest |

3

☑ bronchitis
☑ throat irritation
☐ hoarseness
☐ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☐ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of childhood asthma
☐ allergies for the first time in your life
☑ worsening of allergies that you had previous to living in FEMA trailer

☐ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☑ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. __N|A_____

_____

_____

4.      Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☑

If yes, which kind of cancer?
____N|A_____

5.      When do you claim this injury or disease first occurred? ~~N|A~~ *do not Recall*

6.      Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐          No ☑

If "Yes," when and who diagnosed the condition at that time?
_____

_____

7.      Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☑          No ☐

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _Ashma got worse after living on trailer_

8.  **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
    Yes ☒          No ☐

    *If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

    Name and address of each person who treated or counseled you:
    _did not seek treatment_

    To your understanding, describe the condition for which treated:
    _depression_

    State when you were treated for this psychological, psychiatric or emotional problem
    _N A_

    List the medications prescribed or recommended by the physician or counselor
    _N A_

9.  Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
    Yes ☒          No ☐

    *If "Yes,"* state the amount of your claim: _Amount to be determined_

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 2101 Laulnier Rd #15 Gautier MS 39553 | 7-08 til Present |
| 3600 Jefferson #27 Pascagoula MS 39568 | 12-08 til 5-08 |
| 3800 Hamlin Bluff #120 Gautier 39553 | 2-07 til 12-08 |
| 1134 Yellow Jacket Blvd #53 Ocean Springs 39567 | 12-05 til 3-07 |
| 1409 Hwy 90 #236 Gautier, MS 39553 | 4-05 til 11-05 |

B.   State Driver's License Number and State Issuing License: _____
4663I7388  MS.

C.   Date and Place of Birth:  ▨▨▨-62   Beeville, TX

D.   Sex:  Male ☐       Female ☑

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| H.S. | | | HS Diploma 1980 |
| | | | |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Northrup Gruman | Pascagoula | Jan 06 - Aug 08 | Pipe fitter |
| UKA contractor | " " | April 05 - Aug 05 | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| Brand Scaffolding | C.C. TX | 11-04 / 3-05 | Helper |
| Bay Ltd. | C.C. TX | 9-04 - 10-04 | Boiler Maker |

6

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3.   Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?

Yes ☐         No ☒

*If "Yes," state the following:*

a.   If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b.   Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G.   Previous Claims Information

1.   Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?

Yes ☒         No ☐         Don't recall ☐

*If "Yes," state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease.* <u>Workers Comp.</u>_____

_____

7

IV.    **FAMILY INFORMATION**

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒    No ☐    Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
| Tabitha J. | daughter | 24 | Asthma / Allergies | |
| Teresa M. | daughter | 21 | Asthma / Allergies | |
| | | | | |
| | | | | |
| | | | | |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐    No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

V.    **FEMA TRAILER OR MOBILE HOME UNIT**

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: Fabrique See Attachments

2.    VIN: 5L4TP3320630105587    I lived in three(3) trailers

3.    FEMA Identification No.: 912134482160u

4.    Bar Code Number on FEMA housing unit: UNK

5.      Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☒    Mobile Home ☒

6.      Move-in Date: |12-05 ☒|

7.      Move-out Date: |May 2006|

8.      Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
        ___See Attachment_____
        _____

9.      Was the FEMA trailer or mobile home located in a trailer park or on private property? ___Mobil home Park_____

10.     State the reason you stopped living in the FEMA trailer or mobile home:
        ___Recieved MEMA Cottage_____

11.     Please state the approximate square footage of the FEMA housing unit: ___See Attach ments_____

12.     Please state the approximate length and width of the FEMA housing unit: ___See Attachments_____

13.     What is/was the average number of hours spent in the FEMA trailer or mobile home each day? __12 - 12_____

14.     Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
        Yes ☒        No ☐

15.     Is/was the FEMA housing unit hooked up to a sewer line?
        Yes ☒        No ☐

16.     Is/was the FEMA housing unit hooked up to an electrical line?
        Yes ☒        No ☐

17.     Is/was the FEMA housing unit hooked up to natural gas line?
        Yes ☐        No ☒

18.     Is/was propane gas used in the FEMA housing unit?
        Yes ☒        No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? _4 day_

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐      No ☑

*If "Yes," please state the following:*

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐      No ☑

*If "Yes,"* please state when the test was performed and who prepared this testing: _____

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐      No ☑

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☑      No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
___Cant Recall___

_Repaired AC unit, Outside water Leak_

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Tabitha J. Adkins | 24 | 2101 Ladnier #115 Gautier MS 39553 | From 12-05 To 05-08 | Yes ☑ No ☐ Don't Know ☐ | N/A formaldehyde |
| Teresa M. Adkins | 21 | " " | From 12-05 To 05-08 | Yes ☑ No ☐ Don't Know ☐ | N/A formaldehyde |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 5'2

B.   Current Weight: 200 lbs

Weight prior to living in a FEMA trailer or mobile home: 200 lbs

C.   Personal Smoking/Tobacco Use History:   *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☐   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☑   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

1. Date on which smoking/tobacco use ended:_____
2. Amount smoked or used on average:
   _____ per day for _____ years.

☑ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

   1. Amount currently smoked or used on average:
      __½__ per day for __4__ years.

D. Other Smoking/Tobacco Use History:

   If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

   1. Amount smoked or used on average, if you know:
      __N/A__ per day for _N/A_ years.
   2. Relationship to you: _____
   3. Please state whether the smoking occurred inside, outside or both._____

E. Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
   Yes ☐    No ☑

   *If "Yes,"* what was the date of birth:_____.

   Did your pregnancy terminate in a miscarriage or a stillborn child?
   Yes ☐    No ☑

F. Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

   1. Lung or other respiratory disease
      Yes ☑    No ☐

      *If "Yes,"* please indicate the following:

      Name and description of each illness, disease, or abnormal condition:
      _____Asthma_____

      The date of illness:
      _____1995_____

   2. Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

12

Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease
Yes ☐        No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

_____

The date of illness:

_____

_____

4.    Skin disease
Yes ☒        No ☐

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____ Rash _____

The date of illness:

_____ 5 - 06 _____

_____

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

Yes ☐        No ☒        Don't Recall ☐

*If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: ___On-Call Medical___
Specialty, if any: _____
Address: ___Ocean Springs, MS___
Phone: _____
Treatment received: ___Seen as Needed___
Dates of treatment: _____

Doctor's Name: ___Free Clinic (After Hurricane)___
Specialty, if any: _____
Address: ___D'Iberville___
Phone: _____
Treatment received: _____
Dates of treatment: ___As Needed___

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

___Treatment Not Sought___

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐     No ☒

*If "Yes,"* please provide the name and address of the health care professional.

_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐          No ☒

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐          No ☒

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐          No ☒

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐          No ☒

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐          No ☒

F.  Decedent's death certificate, if applicable.
Yes ☐          No ☒

G.  Report of autopsy of decedent, if applicable.
Yes ☐          No ☒

## IX.    LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

A.    Identify your current family and/or primary care physician:

| Name | Address |
|---|---|
| ON-Call Medical | Ocean Springs |
| | |
| | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Same as Above | | |
| | | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| NA | | | |
| | | | |
| | | | |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Same as Above | | |
| | | |

16

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| WAl-MArt Pharmacy | OCean Spring MS |
|  | Pascagoula  MS. |
|  |  |
|  |  |

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

| Estela Adkins | Estela Adkins | 9-12-09 |
|---|---|---|
| **Signature of Plaintiff** | **Print Your Name** | **Date** |

17

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Estela Adkins_  **Signature of Plaintiff**      _Estela Adkins_  **Print Your Name**      _12-Sept-09_  **Date**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: Estela Adkins

Date of Birth: ▓▓▓-62

Last Four Numbers of SSN: 7388

      I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of** _____
_____**and/or their designated agents.**  These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above.  This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

      This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

      This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation.  I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this ___ day of _____, 2009

_Estela Adkins_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA) (TO BE SIGNED BY PLAINTIFFS MAKING A CLAIM FOR EMOTIONAL DISTRESS)**

Name: Estela Adkins

Date of Birth: ▓▓▓▓ – 62

Last Four Numbers of SSN: 7388

    I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned matter, the law firm of** _____ _____**and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009

_Estela Adkins_
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: _Estela Adkins_

Date of Birth: _▮▮▮-62_

Last Four Numbers of SSN: _7388_

I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along
with other defense counsel in the above-captioned matter, the law firm of _____
_____ **and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above. This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this _12_ day of _9_, 200_9_.

_Estela Adkins_
**[PLAINTIFF OR REPRESENTATIVE]**

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Estela Adkins_

Date of Birth: ▮▮▮▮▮▮-62

Last Four Numbers of SSN: _7388_

     I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _____
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

        Dated this _12_ day of _9___, 200_9_.

_Estela Adkins_
**[PLAINTIFF OR REPRESENTATIVE]**

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____

NAME OF FACILITY:_____

Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Estela Adkins | ▓▓-62 | ▓▓-▓▓-7388 |

| Address: City: 2101 Ladnier Rd. #115   State: MS | Telephone No.: Zip Code: 228-222-1209 |
|---|---|

I hereby authorize the Medical Records Custodian of _____

To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:

*Name.* ._____

*Title.* ._____

*Address.*_____

Purpose: To Protect My Legal Rights_____

For Treatment Date(s): All Available

| Type of Access<br><br>Requested:<br><br>☐ Copies of the records & Inspection of the record | ☐ Abstract/pertinent<br>☐ Emergency Room<br>☐ H&P<br>☐ Consult Report<br>☐ Operative Report<br>☐ Rehab Services | ☐ Lab<br>☐ Imaging/Radiology<br>☐ Cardiac Studies<br>☐ Face Sheet<br>☐ Nursing Notes<br>☐ Medication Record | ☐ Progress Notes<br>☐ Physician's Orders<br>☐ Entire Record<br>☐ Other_____ |
|---|---|---|---|

I acknowledge, and hereby consent to such, that the released information may contain
__EA__ alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed): __EA__

You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.

I have read the above and authorize the disclosure of the protected health information as stated.

| Estela Adkins | 2-12-09 |
|---|---|
| Signature of Patient/Legal Representative | Date |

If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Estela Adkins_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _Estela Adkins_ (print legibly or type out name)

Signature: _Estela Adkins_

466
31
7388

**ESTELA A DKINS**
**PO BOX 12**
**PASCAGOULA, MS 39568-0012**

|..||.||...|..|..|..||..|.|.|.||..||...||.|.|..||..|.|..||.|

Please include this cover page with any fax or mail that you send FEMA.

# *9121344821604*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|



| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of Director<br>500 C Street, S.W.<br>Washington, DC 20472 | Estella Adkins<br>Post Office Box 12<br>Pascagoula, MS 39568 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ■ CIVILIAN | 4. DATE OF BIRTH<br>/1962 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>See Attached Rider | 7. TIME (A.M. OR P.M.)<br>n/a |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See Attached Rider

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Rider

| 11. | WITNESSES | |
|---|---|---|
| **NAME** | **ADDRESS** (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>$5,000 | 12b. PERSONAL INJURY<br>$1,000,000 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$1,005,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>, Attorney for Claimant | 13b. Phone number of person signing form<br>(601) 352-5700 | 14. DATE OF SIGNATURE<br>10/21/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes   ☐ No    17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

## RIDER

6.    Claimant became aware of the potential formaldehyde exposure no earlier than December 2007.

8.    The United States of America, through its agencies including but not limited to the Federal Emergency Management Agency was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant by:

- Failing to provide the claimant with a reasonably safe housing unit.

- Providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde.

- Providing a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits.

- Providing a trailer housing unit to claimant which failed to comply with local, state, national and international statues, regulations and trade group standards regarding formaldehyde exposure.

- Failing to ensure that the trailer housing unit provided to claimant was suitable for its intended use.

- Failing to properly inspect the unit to make certain that it was in compliance with all local, state, federal and international regulations and standards.

- Providing a trailer housing unit that failed to adhere to express and implied warranties of habitability and fitness.

- Failing to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde.

- Failing to ensure the trailer was manufactured to the proper specifications and in compliance with all local, state, federal and international regulations and standards.

- Intentionally and with reckless indifference to the safety of claimant and the public in general, concealing knowledge of the excessive levels of formaldehyde in the trailer housing unit.

- Failing to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant to excessive levels of formaldehyde.

- Failing to provide medical care for claimant's injuries resulting from formaldehyde exposure.

- Engaging in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others.

The United States of America, through its agencies including but not limited to FEMA, provided a trailer housing unit which was defective in design and manufacture, which was provided with inadequate instructions and warnings, which breached express warranties, and which otherwise failed to comply with other express factual representations upon which claimant justifiably relied in electing to use the trailer housing unit. Such defective condition rendered the trailer housing unit unreasonably dangerous to the claimant and proximately caused the claimant's injuries described herein.

The claimant is demanding all damages recoverable under applicable state and federal statutory and common law.

10.  The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma-like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and increased risk of cancer.  The full residual effects of long-term formaldehyde exposure are yet unknown, but are serious in nature.  The claimant has and will continue to suffer fear, anxiety and distress because of the risk of latent and future disease resulting from the formaldehyde exposure.  Claimant will require medical monitoring for life to check for signs of formaldehyde-induced injury and disease.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | |
| | ) | |
| _____ | ) | SECTION: N(4) |
| | ) | |
| | ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) | MAG: ROBY |
| | ) | |
| Plaintiff: _____ | ) | |
| | ) | |
| Maria R. Lennon, grandmother J█████ L██████ | ) | |
| _____ | ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED AND RECEIVED BY JUNE 18, 2008 OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.  ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

1

EXHIBIT

B

## II.   PERSONAL INFORMATION

A.   Name (person completing form): Maria R. Lennon

B.   Maiden or other names used or by which you have been known: Mirales

C.   Current Street Address: 1501 Popps Ferry Road, Lot X4
Biloxi                          MS      39532

D.   Home Telephone No.: (228) 273-0520
Cell Phone No.: (228) 209-0055
Work Telephone No: NA
Other Telephone Nos.: NA

E.   Email address: lennon.maria@yahoo.com

## III.   CASE INFORMATION

A.   If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

1.   State which individual or estate you are representing:
▨▨▨ X▨▨ L▨▨▨

2.   Maiden Or Other Names Used or By Which Such Person Has Been Known:
NA

3   Address (or last known address if deceased):
1501 Popps Ferry Road, Lot X4              Biloxi       MS   39532

4.   Home Telephone No.: (228) 273-0520
Cell Phone No.: NA
Work Telephone No: NA
Other Telephone Nos.: NA

5.   E-mail address: NA

6.   If you were appointed as a representative by a court, state the:

2

Court: Chancery Court of Jackson 6      Date of Appointment: 01/08/2007

7.  What is your relationship to the deceased or represented person or person claimed to be injured? Grandmother

8.  If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

    NA

B.  Please state the name and address of the attorney representing you:

    Gill, Ladner and Priest, PLLC
    Attorney's Name/Law Firm
    403 S. State Street          Jackson          MS   39201
    City, State and Zip Code

C.  Please state the following: (If you are a representative, please state this information for each such person being represented):

    1.  Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
        Yes ☑          No ☐

    2.  What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? Unk

    3.  During the time that you lived in your FEMA trailer, did you experience or report to a physician any of the following symptoms? If yes, place a check mark (✓) by the symptom that you experienced.

| | |
|---|---|
| ☑ irritation to eyes | ☐ tingling or swelling of lips or face area |
| ☑ burning of eyes | ☑ headaches |
| ☐ tearing of eyes | ☑ nausea |
| ☑ irritation to nasal membranes (inside of nose) | ☐ vomiting |
| ☑ burning of nasal membranes (inside of nose) | ☐ bloody vomiting |
| ☐ bleeding of nasal membranes (inside of nose) | ☑ abdominal pain |
| ☑ irritation or itching of skin | ☑ diarrhea |
| ☐ burning of skin | ☑ difficulty in breathing |
| ☑ rashes on skin | ☑ wheezing |
| ☐ drying or scaling of skin | ☑ shortness of breath |
| ☐ scaling or itching of eyelids | ☑ persistent cough |
| ☑ irritation or swelling of eyelids or eye area | ☑ tightness of the chest |

3

☐ bronchitis
☑ throat irritation
☑ hoarseness
☐ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☐ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of childhood asthma
☐ allergies for the first time in your life
☐ worsening of allergies that you had previous to living in FEMA trailer

☐ allergic contact dermatitis
☑ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician._____

Sinusitis, chronic cough, sore throat, headaches

4.   Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer?   Yes ☐   No ☑

If yes, which kind of cancer?

_____

5.   When do you claim this injury or disease first occurred? Do not recall

6.   Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐        No ☑

If "Yes," when and who diagnosed the condition at that time?

_____

_____

7.   Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐        No ☑

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. _____

_____

_____

8.    **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
Yes ☑        No ☐

*If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

Name and address of each person who treated or counseled you:
Did not seek medical trea _____

_____

_____

To your understanding, describe the condition for which treated:
Did not seek medical treatment. _____

_____

_____

State when you were treated for this psychological, psychiatric or emotional problem

_____

_____

_____

List the medications prescribed or recommended by the physician or counselor

_____

_____

_____

9.    Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
Yes ☑        No ☐

*If "Yes,"* state the amount of your claim: Amount to be determined _____

## IV. BACKGROUND INFORMATION

A. Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

B. State Driver's License Number and State Issuing License: _____
   NA

C. Date and Place of Birth: �then /2000     Pascagoula, MS

D. Sex: Male ☐     Female ☑

E. Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Grade School | 3rd Grade | Basics |  |
|  |  |  |  |
|  |  |  |  |

F. Employment Information

1. Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| NA |  |  |  |
|  |  |  |  |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| NA |  |  |  |
|  |  |  |  |

6

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

3.    Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐          No ☑

*If "Yes,"* state the following:

a.    If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|------|--------|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b.    Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G.    Previous Claims Information

1.    Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐          No ☑     Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease. _____

_____

7

## IV.   FAMILY INFORMATION

A.   To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒         No ☐         Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|--------------|-------------------------------|-------------------|--------------------------------|
| Maria R. Lennon | Grandmother | 57 | lupus | NA |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B.   Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐         No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: _____

## V.   FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.   Please provide the following information regarding the FEMA trailer or mobile home:

1.   Manufacturer of trailer or mobile home:   Gulf Stream Cavalier

2.   VIN: INLIGTR2361023131

3.   FEMA Identification No.: 921175609

4.   Bar Code Number on FEMA housing unit: Awaiting Disaster File

8

5.  Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?  Travel Trailer ☒     Mobile Home ☐

6.  Move-in Date: `10/4/2005`

7.  Move-out Date: `5/15/2006`

8.  Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
    1034 Graveline Road, Lot 28         Gautier, MS

9.  Was the FEMA trailer or mobile home located in a trailer park or on private property? both

10. State the reason you stopped living in the FEMA trailer or mobile home:
    formaldehyde

11. Please state the approximate square footage of the FEMA housing unit: Unk

12. Please state the approximate length and width of the FEMA housing unit: Unk

13. What is/was the average number of hours spent in the FEMA trailer or mobile home each day? Unk

14. Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
    Yes ☒          No ☐

15. Is/was the FEMA housing unit hooked up to a sewer line?
    Yes ☒          No ☐

16. Is/was the FEMA housing unit hooked up to an electrical line?
    Yes ☒          No ☐

17. Is/was the FEMA housing unit hooked up to natural gas line?
    Yes ☐          No ☒

18. Is/was propane gas used in the FEMA housing unit?
    Yes ☒          No ☐

9

19.   How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 0

20.   Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐         No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? _____

For what period of time did you temporarily live in another location?
_____

B.   Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐         No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: _____

C.   Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐         No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: _____

D.   Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☒         No ☐

*If "Yes,"* please state the date and reason for repair, service or maintenance:
Unk                  Water heater wouldn't turn on and other miscellaneous things.

_____

E.   Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | Presence of formaldehyde in FEMA trailer caused unnecessary illness. |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |
| | | | From _____ To _____ | Yes ☐ No ☐ Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 4'4"

B.   Current Weight: 79

Weight prior to living in a FEMA trailer or mobile home: 59

C.   Personal Smoking/Tobacco Use History:  *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☒   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

    1.    Date on which smoking/tobacco use ended:_____

    2.    Amount smoked or used on average:
            _____ per day for _____ years.

☐    Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

    1.    Amount currently smoked or used on average:
            _____ per day for _____ years.

D.    Other Smoking/Tobacco Use History:

If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

    1.    Amount smoked or used on average, if you know:
            _____ per day for _____ years.

    2.    Relationship to you: _____

    3.    Please state whether the smoking occurred inside, outside or both._____

E.    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☑

*If "Yes,"* what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☑

F.    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

    1.    Lung or other respiratory disease
        Yes ☐    No ☑

        *If "Yes,"* please indicate the following:

        Name and description of each illness, disease, or abnormal condition:
        _____
        _____

        The date of illness:
        _____
        _____

    2.    Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐        No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness:

_____

_____

3.    Long-term stomach or bowel disease
     Yes ☐    No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness:

_____

_____

4.    Skin disease
     Yes ☐    No ☑

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:

_____

The date of illness:

_____

_____

G.    Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.    To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

     Yes ☐        No ☒        Don't Recall ☐

     *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

13

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

## VII.   MEDICAL DIAGNOSIS

A.   Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.   Doctor's Name: _Keesler Pediatrics Clinic_____
Specialty, if any: _____
Address: _____ Biloxi_____ Ms   39534___
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.   If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.

|  |
|---|
|  |

D.   Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐       No ☒

*If "Yes,"* please provide the name and address of the health care professional.

_____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐   No ☑

B.  Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☐   No ☑

C.  Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☑

D.  All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐   No ☑

E.  Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐   No ☑

F.  Decedent's death certificate, if applicable.
Yes ☐   No ☑

G.  Report of autopsy of decedent, if applicable.
Yes ☐   No ☑

## IX.  LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization. You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name | Address | | |
|---|---|---|---|
| Keesler Pediatrics Clinic | Kessler,AFB | Biloxi | MS |
| | | | |
| | | | |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|---|---|---|
| Keesler Pediatrics Clinic | | 2005-present |
| | | |
| | | |
| | | |
| | | |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| NA | | | |
| | | | |
| | | | |
| | | | |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
| Keesler ER | Unk | Unk | Traffic Accident |
| Forrest General | Hattiesburg        MS | September 27, 2009 | Traffic Accident |
| Keesler Pediatrics | | 2007 and 2008 | Allergies, Physical |
| | | | |
| | | | |
| | | | |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|---|---|---|
| Dr. Cecconi | Keesler Medical Clinic Biloxi        Ms | |
| Dr. K. Oubre | Keesler Medical Clinic Biloxi        MS | Unk |
| Joanna Calhoun | 904 Desosot Street Ocean Springs | Unk |

16

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

F.    Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address | |
|------|---------|--|
| Wal Mart | Pass Road | Ocean Springs   MS |
| Rite Aid |  | D'Iberville   MS |
| Keesler Pharmacy |  | Biloxi   MS |
|  |  |  |
|  |  |  |

## **CERTIFICATION**

    I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.


**Signature of Plaintiff**        **Print Your Name**        **Date**

17

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

_Marie R. Lennon_  ___ ___  _9-21-09_
**Signature of Plaintiff**        **Print Your Name**        **Date**
_for Minor Child_

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: ▓▓▓▓▓ X ▓▓▓ L▓▓▓▓

Date of Birth: ▓▓▓, ▓▓, 2000

Last Four Numbers of SSN: 8140

I hereby authorize _____ (the "Provider") to release all existing records regarding the above-named person's medical care, treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, and/or to the law firm of** _____ _____ **and/or their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this 21 day of Sept, 2008.

_Marie A. Lerno_

[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _Goudian / Grandmother_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO 45 C.F.R.
§ 164.508 (HIPAA) (TO BE SIGNED BY
PLAINTIFFS MAKING A CLAIM FOR
EMOTIONAL DISTRESS)**

Name: J▆▆▆ X▆▆▆ L▆▆▆

Date of Birth: ▆▆. ▆▆, 2000

Last Four Numbers of SSN: 8140

I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002,** along with other defense counsel in the above-captioned matter, the law firm of _____ _____ **and/or any of their designated agents.** These records shall be used or disclosed solely in connection with the currently pending FEMA Formaldehyde product liability litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this 21 day of Sept , 2008.

_[signature]_

[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _Guardian / Grandmother_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs
making a claim for lost wages or earning
capacity.)**

Name: ~~J████ X. L████~~

Date of Birth: ~~██ ██, 2000~~

Last Four Numbers of SSN: 8140

    I hereby authorize _____ to release
all existing records and information in its possession regarding the above-named person's
employment, income and education to the law firm of **Duplass, Zwain, Bourgeois, Morton,
Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900, Metairie, LA 70002, along
with other defense counsel in the above-captioned matter, the law firm of** _____
_____**and/or any of their designated agents.** These
records shall be used or disclosed solely in connection with the currently pending FEMA Trailer
Formaldehyde product liability litigation involving the person named above.  This authorization
shall cease to be effective as of the date on which the above-named person's FEMA Trailer
Formaldehyde product liability litigation concludes.

    I understand that this authorization includes the above-named person's complete
employment personnel file (including attendance reports, performance reports, W-4 forms, W-2
forms, medical reports, workers' compensation claims), and also includes all other records
relating to employment, past and present, all records related to claims for disability, and all
educational records (including those relating to courses taken, degrees obtained, and attendance
records).  This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this 21 day of Sept , 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf: _____ Guardian / Grandmother _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: ~~_____~~

Date of Birth: ~~_____~~, 2000

Last Four Numbers of SSN: 8140

I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of _____
and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this 4 day of Sept , 2008.

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____ Guardian / Grandmother

NAME OF FACILITY: _____

Authorization for Use and Disclosure of Protected Health Information (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| J██ X. L███ | ██-█-2000 | ███-█-8140 |

Address: 1501 POPPS FERRY Rd. LOT XII    Telephone No.: 228-273-0520
City: BILOXI    State: MS    Zip Code: 39532

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
Name. ._____
Title. ._____
Address._____
Purpose: To Protect My Legal Rights
For Treatment Date(s): All Available

| Type of Access | | ☐ Abstract/pertinent | ☒ Lab | ☒ Progress Notes |
|---|---|---|---|---|
| | | ☐ Emergency Room | ☐ Imaging/Radiology | ☒ Physician's Orders |
| Requested: | | ☐ H&P | ☐ Cardiac Studies | ☐ Entire Record |
| | | ☐ Consult Report | ☐ Face Sheet | ☐ Other_____ |
| | | ☐ Operative Report | ☐ Nursing Notes | |
| ☒ Copies of the records & Inspection of the record | | ☐ Rehab Services | ☒ Medication Record | |

I acknowledge, and hereby consent to such, that the released information may contain
_____ alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation will not apply to information that has already been released in response to this authorization. I understand that the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys, unless you have the written consent of my attorneys or me.**

Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

*Maria R. Lexa*      9-21-09
Signature of Patient/Legal Representative      Date
If signed by legal representative, relationship to patient: *Guardian, Grandmother*

## PRIVACY ACT RELEASE LANGUAGE

I, _MARIA R. LENNON_ [insert name] understand that information _GUARDIAN of J████ X████ L████_ _GRANDAUGHTER_

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _____

Name: _MARIA R. LENNON_ (print legibly or type out name)

Signature: _Maria R. Lennon_



IN THE CHANCERY COURT OF JACKSON COUNTY, MISSISSIPPI

IN THE MATTER OF THE GUARDIANSHIP
OF A MINOR, J██████ L█████     **FILED** NO. 2006-2015-JB

MARIA LENNON
PETITIONER

SEP 1 9 2006

**TERRY MILLER, CLERK**
By _____

## COMPLAINT FOR GUARDIANSHIP

COMES NOW, MARIA LENNON, Petitioner, and files this her Complaint for Letters of

Guardianship for the person of, J██████ L█████, AND BEING JOINED BY THE MOTHER

OF SAID MINOR, KIVA T. MOORE, individually and as next friend of J██████ L█████ who

is 5 years old and would show unto the Court the following, to-wit:

I.

The Petitioner, MARIA LENNON, is an adult resident citizen of Jackson County, Mississippi,

and is the Paternal Grandmother of the minor child, and due to Hurricane Katrina said child is living

and residing with Petitioner.

II.

That the father of the minor child, James M. Lennon, is currently serving time at the Stone

County Regional Correctional facility.

III.

That due to Hurricane Katrina said minor child now resides with the Petitioner at 5800 Martin

Bluff, Gautier, Mississippi. The Petitioner would show that the mother of the child lives at 5055

Maid Marion, Pascagoula, Mississippi, and it is in the best interest of said minor child that she live

with the Petitioner, MARIA LENNON who resides in the Jackson County School District. Petitioner

requests that she be appointed Guardian of said minor child for the purpose of registering said child in said school district.  It is shown that the Petitioner, MARIA LENNON, should be appointed Guardian, and said Guardianship is necessary in order to register the minor child in school.  It is shown that the minor has no personal estate at this time other than clothing and effects normally of a child of her age, which items would have nominal value only, further that the guardianship is of the person only, therefore that the bond by the guardian and the requirement of accounting should be waived as unnecessary for a period of three (3) years.

IV.

All parties show that the Petitioner, MARIA LENNON, is a fit and proper person to be appointed general guardian of the person of said child, and is moved by her natural love and affection as the Grandmother to the minor to secure and protect all the rights of said child and is willing and able to assume the responsibility of Guardian of the person of the child.

WHEREFORE PREMISES CONSIDERED, the Petitioner prays that this complaint for Guardianship be received and filed, and that upon a hearing hereof, the Petitioner, MARIA LENNON, be appointed as guardian of the person of J██████ L██████ ████ ████ ████ ████ requirement of accounting be waived for a period of three (3) years.

If your Petitioner has prayed for the wrong or improper relief, then she prays for such other, further and/or general relief as she may be entitled to receive in the premises.

_Maria Lennon_
Maria Lennon, Petitioner

_Kiva Moore_
KIVA T. MOORE, Mother
of Minor Child

IN THE CHANCERY COURT OF JACKSON COUNTY, MISSISSIPPI

IN THE MATTER OF THE GUARDIANSHIP
OF A MINOR, J▒▒▒▒ L▒▒▒▒▒          NO. 2006-2015JB

MARIA LENNON
PETITIONER

**FILED**

JAN 0 8 2007

TERRY MILLER, CLERK
By _____

## ORDER APPOINTING GUARDIAN

This cause having come on this date to be heard on Complaint of MARIA LENNON,

PATERNAL GRANDMOTHER of the minor child, and, being joined in by the mother of said minor,

KIVA T. MOORE to show her consent for appointment of the said MARIA LENNON, as guardian

of the person of J▒▒▒▒ L▒▒▒▒▒ a female minor child, and the Court having heard and

considered same and being fully advised in the premises, finds and orders as follows, to-wit:

I.

That MARIA LENNON, is an adult resident citizen of Jackson County, Mississippi; that

J▒▒▒▒ L▒▒▒▒ is a female minor child, 5 years old, and that said child resides with her proposed

guardian, MARIA LENNON, in Gautier, Mississippi.

II.

That, in addition, the minor child's mother, KIVA T. MOORE, has joined in this Complaint

and requested that the relief prayed for be granted.

III.

That the general guardianship of the person of said minor child is necessary to aid the guardian

in the proper rearing of said minor child.

IV.

That MARIA LENNON is a fit and proper person to act as guardian of the person of said child, and is physically, financially and mentally capable of providing proper medical care, maintenance, support and nurture of said minor child as the guardian of the person of said minor child, and that said minor child has no personal estate at this time other than personal clothing and effects normally of a child of her age, which items would only have nominal value and the making of bond of the guardian and the requirement of accounting should be waived as unnecessary in this Cause and the same always, and that the prayer of the Complaint should be granted. It is in the best interest of said minor child that MARIA LENNON be appointed as the guardian of said minor child and that Letters of Guardianship be issued to her.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that MARIA LENNON is hereby appointed guardian of the person of J██████ L███████, a minor, and that making a bond and the requirement of accounting by the guardian is waived.

SO ORDERED, ADJUDGED AND DECREED, this the 8th day of January, 2008.

_Jaye A. Bradley_
CHANCELLOR

Attested
To be true copy of original order
Filed January 8, 2008
Terry Miller, Chancery Clerk
Jackson County, Mississippi
By _____ D.C.

**LETTER OF GUARDIANSHIP**

# FILED

JAN 0 8 2007

THE STATE OF MISSISSIPPI
COUNTY OF JACKSON

TERRY MILLER, CLERK   CAUSE NO. 2006 · 2015 JB
By _____

## BY THE CHANCERY COURT OF SAID COUNTY

Whereas, MARIA LENNON, individually, as GRANDMOTHER and next friend, of

J███████ L████ having entered into bond with sufficient security, as directed by law, being zero

dollars, was appointed guardian of the person of J███████ L████.

And the said MARIA LENNON is hereby authorized and required faithfully to execute her

office and trust as guardian aforesaid, to deliver into the office of the Clerk of the Court aforesaid,

annually, or whenever thereunto required by lawful authority, to render a just and true account of

personal guardianship, and to do and perform whatsoever of J███████ L████ as guardian

aforesaid shall be required by the statutes which now is or hereafter may be made and provided in this

behalf.

WITNESS, the Honorable _Jaye A Bradley_

Chancellor of the __16__ District, this __8__ day of __January__, A.D.,

200__, and the seal of said Court hereunto affixed.

_Terry Miller_
Jackson County Chancery Clerk

_Sherri Liddell_

Attested _Letter_
To be true copy of original _of Guardianship_
Filed _January 8 2007_
Terry Miller, Chancery Clerk
Jackson County, Mississippi
By _Sherri Liddell_ D.C

## IN THE CHANCERY COURT OF JACKSON COUNTY, MISSISSIPPI

IN THE MATTER OF THE GUARDIANSHIP
OF A MINOR, J██████ L██████

MARIA LENNON,
PETITIONER

**FILED**

JAN 0 8 2007

**TERRY MILLER, CLERK**
**By** _____

CASE NO. 2006·2015·JB

### OATH OF GUARDIANSHIP

I/WE, MARIA LENNON, individually and as the Grandmother and next friend of J██████

L██████ do solemnly swear that I/We am the person appointed as Guardian of the person of

J██████ L██████ and that I/We will perform all the duties required of me as such Guardian,

according to law, so help me God.

_Maria Lennon_
MARIA LENNON, Individually
and as the Grandmother and next
friend of J██████ L██████

SWORN TO AND SUBSCRIBED BEFORE ME, this the 8 day of

~~Sept.~~ September , 2006

_Ann Binderer_
NOTARY PUBLIC

MY COMMISSION EXPIRES:

12-29-07

Rickey J. Hemba, P.A.
Attorney at Law
2000 Bienville Blvd., Ste B
PO BOX 1302
Ocean Springs, MS 39566
(228) 872-3724 office
(228) 875-0059 fax

STATE OF MISSISSIPPI
COUNTY OF JACKSON

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the above stated jurisdiction, the within named MARIA LENNON, who after first being duly sworn, states on oath that the matters and things set forth in the above and foregoing Complaint are true and correct as stated.

_Maria Lennon_
MARIA LENNON, Petitioner

SWORN TO AND SUBSCRIBED BEFORE ME, this the 8 day of September 2006.

_Dine Burleson_
NOTARY PUBLIC

MY COMMISSION EXPIRES:
12-29-07

STATE OF MISSISSIPPI
COUNTY OF JACKSON

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the above stated jurisdiction, the within named KIVA T. MOORE, who after first being duly sworn, states on oath that the matters and things set forth in the above and foregoing Complaint are true and correct as stated.

_Kiva Moore_
KIVA T. MOORE,
Mother of Minor Child

SWORN TO AND SUBSCRIBED BEFORE ME, this the 8 day of September, 2006.

_Tina Bouler_
NOTARY PUBLIC

MY COMMISSION EXPIRES:
12-29-07

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Federal Emergency Management Agency<br>Office of Director<br>500 C Street, S.W.<br>Washington, DC 20472 | Maria Lennon, guardian of J█████ L█████, on his behalf<br><br>1924 Popps Ferry Road, Lot 105<br><br>Biloxi, MS 39532 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☑ CIVILIAN | 4. DATE OF BIRTH<br>███/2000 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>See Attached Rider | 7. TIME (A.M. OR P.M.)<br>n/a |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

See Attached Rider

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Rider

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| | | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| $5,000 | $1,000,000 | | $1,005,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br><br>_[signature]_, Attorney for Claimant | 13b. Phone number of person signing form<br>(601) 352-5700 | 14. DATE OF SIGNATURE<br>10/28/2008 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes   ☐ No    17. If deductible, state amount

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95    BACK

## RIDER

6.   Claimant became aware of the potential formaldehyde exposure no earlier than December 2007.

8.   The United States of America, through its agencies including but not limited to the Federal Emergency Management Agency was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant by:

Failing to provide the claimant with a reasonably safe housing unit.

Providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde.

Providing a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits.

Providing a trailer housing unit to claimant which failed to comply with local, state, national and international statues, regulations and trade group standards regarding formaldehyde exposure.

Failing to ensure that the trailer housing unit provided to claimant was suitable for its intended use.

Failing to properly inspect the unit to make certain that it was in compliance with all local, state, federal and international regulations and standards.

Providing a trailer housing unit that failed to adhere to express and implied warranties of habitability and fitness.

Failing to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde.

Failing to ensure the trailer was manufactured to the proper specifications and in compliance with all local, state, federal and international regulations and standards.

Intentionally and with reckless indifference to the safety of claimant and the public in general, concealing knowledge of the excessive levels of formaldehyde in the trailer housing unit.

Failing to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant to excessive levels of formaldehyde.

Failing to provide medical care for claimant's injuries resulting from formaldehyde exposure.

Engaging in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others.

The United States of America, through its agencies including but not limited to FEMA, provided a trailer housing unit which was defective in design and manufacture, which was provided with inadequate instructions and warnings, which breached express warranties, and which otherwise failed to comply with other express factual representations upon which claimant justifiably relied in electing to use the trailer housing unit. Such defective condition rendered the trailer housing unit unreasonably dangerous to the claimant and proximately caused the claimant's injuries described herein.

The claimant is demanding all damages recoverable under applicable state and federal statutory and common law.

10.   The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma-like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and increased risk of cancer. The full residual effects of long-term formaldehyde exposure are yet unknown, but are serious in nature. The claimant has and will continue to suffer fear, anxiety and distress because of the risk of latent and future disease resulting from the formaldehyde exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde-induced injury and disease.

Transcript of the Testimony of

# 30 (b) (6) Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., through James Schilligo

## Date taken: August 13, 2008

## In Re: FEMA Trailer Formaldehyde Products Liability Litigation

**\*\*Note\*\*** All **electronic deposition/exhibit files** are available at **www.psrdocs.com** . Please call or e-mail reporters@psrdocs.com if you need an **Username** and **Password**.

# Professional Shorthand Reporters, Inc.

**Phone:   504-529-5255**
**Fax:   504-529-5257**
Email:   reporters@psrdocs.com
Internet:   www.psrdocs.com



EXHIBIT

C

Page 1

1                 UNITED STATES DISTRICT COURT

2                 EASTERN DISTRICT OF LOUISIANA

3

4    IN RE:  FEMA TRAILER         MDL NO. 1873

5    FORMALDEHYDE PRODUCTS        SECTION "N"(4)

6    LIABILITY LITIGATION         JUDGE ENGELHARDT

7

8                        *   *   *

9

10        Videotaped Federal Rule 30(b)(6)

11   Deposition of MORGAN BUILDINGS & SPAS, INC.

12   and MORGAN BUILDING SYSTEMS, INC., through

13   their designated representative, JAMES

14   SCHILLIGO, 608 Wyatt Drive, St. Peters,

15   Missouri 63376, taken at the offices of

16   Lambert & Nelson, 701 Magazine Street, New

17   Orleans, Louisiana 70130, on Wednesday, the

18   13th day of August, 2008.

19

20   REPORTED BY:

21        JAMES T. BRADLE, CCR
          PROFESSIONAL SHORTHAND REPORTERS
22        (504)529-5255

23   VIDEOGRAPHER:

24        MICHAEL BERGERON
          PROFESSIONAL SHORTHAND REPORTERS
25        (504)529-5255

Page 2

```
 1    APPEARANCES:

 2          LAMBERT & NELSON
            (BY: HUGH P. LAMBERT, ESQUIRE)
 3          701 MAGAZINE STREET
            NEW ORLEANS, LOUISIANA 70130
 4
            LAW OFFICES OF FRANK D'AMICO, JR.
 5          (BY: AARON AHLQUIST, ESQUIRE -
            VIA TELEPHONE)
 6          622 BARONNE STREET
            NEW ORLEANS, LOUISIANA 70113
 7
                ATTORNEYS FOR THE PLAINTIFFS
 8

 9          DAIGLE, JAMISON & RAYBURN
            (BY: BRENDA L. MISTROT, ESQUIRE -
            VIA TELEPHONE)
10          303 WEST VERMILION STREET
            SUITE 210
11          LAFAYETTE, LOUISIANA   70502

12              ATTORNEYS FOR DEFENDANT,
                SILVER CREEK
13
            DUPLASS, ZWAIN, BOURGEOIS,
14           PFISTER & WEINSTOCK
            (BY: RYAN M. MALONE, ESQUIRE)
15          3838 NORTH CAUSEWAY BOULEVARD
            SUITE 2900
16          METAIRIE, LOUISIANA  70002

17              ATTORNEYS FOR DEFENDANT,
                GULF STREAM COACH, INC.
18
            U.S. DEPARTMENT OF JUSTICE
19          (BY: HENRY MILLER, ESQUIRE)
            CIVIL DIVISION
20          1331 PENN AVENUE, N.W.
            ROOM 8220-N WASHINGTON, D.C. 20004
21
                ATTORNEYS FOR DEFENDANT, UNITED
22              STATES OF AMERICA

23

24

25
```

Page 3

```
 1    APPEARANCES CONTINUED:

 2         GIEGER, LABORDE & LAPEROUSE
           (BY: JASON D. BONE, ESQUIRE -
 3          VIA TELEPHONE)
           701 POYDRAS STREET
 4         SUITE 4800
           NEW ORLEANS, LOUISIANA   70139
 5
               ATTORNEYS FOR DEFENDANT, FOREST
 6             RIVER

 7         LEAKE & ANDERSSON
           (BY: JERRY L. SAPORITO, ESQUIRE)
 8         1700 ENERGY CENTRE
           1100 POYDRAS STREET
 9         NEW ORLEANS, LOUISIANA   70163

10             ATTORNEYS FOR DEFENDANTS,
               FLEETWOOD ENTERPRISES, INC.,
11             ET AL

12         GARRISON, YOUNT, LORMAND, FORTE &
             MULCAHY, L.L.C.
13         (BY: RANDALL C. MULCAHY, ESQUIRE)
           909 POYDRAS STREET
14         SUITE 1800
           NEW ORLEANS, LOUISIANA   70112
15
               ATTORNEYS FOR DEFENDANTS,
16             RECREATION BY DESIGN, LLC, TL
               INDUSTRIES, INC., AND FRONTIER
17             RV, INC.

18         WILLINGHAM, FULTZ & COUGILL
           (BY: HAL L. ROACH, JR., ESQUIRE -
19          VIA TELEPHONE)
           NIELS ESPERSON BUILDING
20         808 TRAVIS, SUITE 1608
           HOUSTON, TEXAS   77002
21
               ATTORNEYS FOR DEFENDANT,
22             JAYCO AND STARCRAFT

23

24

25
```

Page 4

```
 1    APPEARANCES CONTINUED:

 2         HAILEY, McNAMARA, HALL, LARMANN
             & PAPALE, L.L.P.
 3         (BY: DAVID C. BACH, ESQ.)
           SUITE 1400, ONE GALLERIA BOULEVARD
 4         METAIRIE, LOUISIANA 70002

 5              ATTORNEYS FOR DEFENDANTS,
                AMERICAN HOMESTAR CORP. AND
 6              OAK CREEK HOMES

 7         FOWLER RODRIGUEZ VALDES-FAULI
           (BY: STEPHANIE D. SKINNER, ESQUIRE -
 8          VIA TELEPHONE)
           400 POYDRAS STREET, 30TH FLOOR
 9         NEW ORLEANS, LOUISIANA  70130

10              ATTORNEYS FOR DEFENDANTS,
                CMH MANUFACTURING, SOUTHERN
11              ENERGY HOMES, INC., PALM HARBOR
                MANUFACTURING, LP, PALM
12              HARBOR ALBERMARLE, AND GILES
                INDUSTRIES, INC.

13

14         McGLINCHEY STAFFORD, PLLC
           (BY: CHRISTINE LIPSEY, ESQUIRE
15          AND DAN E. WEST, ESQUIRE)
           FOURTEENTH FLOOR, ONE AMERICAN PLACE
16         301 MAIN STREET
           BATON ROUGE, LOUISIANA 70825

17                   (and)

18         MORGAN MANAGEMENT CORPORATION
           (BY: ALAN WINN, ESQUIRE)
19         CORPORATE COUNSEL
           2800 McCREE ROAD
20         GARLAND, TEXAS 75041

21              ATTORNEYS FOR MORGAN BUILDINGS &
                SPAS, INC.

22

23    ALSO PRESENT:

24         CANDICE SIRMON, ESQUIRE - PLAINTIFFS'
             STEERING COMMITTEE
25         RACHEAL MEZZIC - LAMBERT & NELSON
```

Page 5

```
 1                    EXAMINATION INDEX

 2                                        Page

 3     EXAMINATION BY MR. LAMBERT ..........13
       EXAMINATION BY MR. MILLER ..........172
 4     EXAMINATION BY MR. MULCAHY .........190

 5                   *    *    *

 6                  INDEX OF EXHIBITS

 7                                        Page

 8     Exhibit No. 1  ......................69

 9     Morgan Purchase Order 131888, Terms of

10     Purchase, and Amendment No. 1 to Fleetwood

11     Enterprises, Inc. Master Sales Agreement

12     dated 9-6-05 (MORGAN-000061 through 000063)

13     Exhibit No. 2  ......................76

14     Document from Brad McKinney, Monaco Coach

15     Corp. to Morgan Building Systems dated

16     9-1-05, document entitled "32 SK Bunk House

17     Travel Trailer by Monaco Coach" and Holiday

18     Rambler cover sheet from Christina

19     Detering/Brad McKinney to Jim/Guy Morgan

20     dated 9-1-05 (MORGAN-000064 through 000066)

21     Exhibit No. 3  ......................78

22     Morgan Purchase Order 118040 dated 9-19-05,

23     Terms of Purchase, and Morgan Purchase Order

24     118034 dated 9-6-05 (MORGAN-000058 through

25     000060)
```

Page 6

```
 1    Exhibit No. 4  .....................81

 2    Morgan Purchase Order 118041 dated 9-29-05

 3    (MORGAN-000067)

 4    Exhibit No. 5  .....................85

 5    Various e-mails and Federal Emergency

 6    Management Agency (FEMA) Ruggedized

 7    Manufactured Housing Procurement

 8    Specifications dated July 14, 2005

 9    (MORGAN-000078 through 000086)

10    Exhibit No. 6  .....................95

11    E-mail from Michael Wagner to Guy Morgan

12    dated August 31, 2005 (MORGAN-000097)

13    Exhibit No. 6(A)  ..................139

14    FEMA Model Travel Trailer Procurement

15    Specifications dated August 12, 2004

16    (MORGAN000099 through 000102)

17    Exhibit No. 7  .....................138

18    Request for Quotations letter from Bryan

19    McCreary, FEMA to Vendors dated September 8,

20    2005, with attached specifications

21    (MORGAN-000088 through 000090)

22    Exhibit No. 8  .....................166

23    Color photograph

24    Exhibit No. 9  .....................166

25    Color photograph
```

Page 7

1              S T I P U L A T I O N

2

3        It is stipulated and agreed by and

4   between counsel for the parties hereto that

5   the deposition of the aforementioned witness

6   is hereby being taken for all purposes

7   allowed under the Federal Rules of Civil

8   Procedure, in accordance with law, pursuant

9   to notice;

10       That the formalities of reading and

11  signing are specifically not waived;

12       That the formalities of filing,

13  sealing, and certification are specifically

14  waived;

15       That all objections, save those as to

16  the form of the question and the

17  responsiveness of the answer, are hereby

18  reserved until such time as this deposition,

19  or any part thereof, may be used or sought

20  to be used in evidence.

21

22                *   *   *

23       JAMES T. BRADLE, CCR, Certified Court

24  Reporter, officiated in administering the

25  oath to the witness.

Page 21

```
 1    availability of inventory and pricing.
 2         Q     All right.  And when you say "we,"
 3    is there a team of people?  Is it primarily
 4    you and Mr. Morgan, or who is it?
 5         A     Myself and Mr. Morgan.
 6         Q     Okay.  And who were your
 7    suppliers?
 8         A     For --
 9         Q     For this schedule, quantity,
10    pricing, floor plan request.
11         A     For this disaster, it would have
12    been Fleetwood, Recreation by Design and
13    Monaco.
14         Q     We have taken Fleetwood's
15    deposition, and we have the quantities and
16    so on.  Was Fleetwood the largest supplier?
17         MS. LIPSEY:
18              Objection, vague.
19    EXAMINATION BY MR. LAMBERT:
20         Q     Insofar as your procurement was
21    concerned, was Fleetwood the largest
22    supplier of travel trailers?
23         A     I don't know that for sure.
24         Q     Okay.  When you contacted
25    Fleetwood and Recreation by Design and
```

Transcript of the Testimony of
# Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

### Date taken: October 22, 2009

### In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)

**\*\*Note\*\***
All **electronic deposition & exhibit files**
are available at **www.psrdocs.com**.
Please call or e-mail reporters@psrdocs.com if you need a **Username**
and **Password**.

# Professional Shorthand Reporters, Inc.
**Phone:    504-529-5255**
**Fax:    504-529-5257**
**Email:    reporters@psrdocs.com**
**Internet:    www.psrdocs.com**



EXHIBIT

D

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE: FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS        SECTION N(4)

LIABILITY LITIGATION         JUDGE ENGELHARDT



* * *

(RE: DUBUCLET)


VIDEOTAPED DEPOSITION OF MORGAN

BUILDINGS & SPAS THROUGH ITS CORPORATE

REPRESENTATIVE JAMES SCHILLIGO, 2800 MCCREE

ROAD, GARLAND, TEXAS 75041, TAKEN AT THE

OFFICES OF MCGLINCHEY, STAFFORD, PLLC, 601

POYDRAS STREET, 12TH FLOOR, NEW ORLEANS,

LOUISIANA, ON THE 22ND DAY OF OCTOBER, 2009.


REPORTED BY:

    PAT KENNEDY QUINTINI, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255


VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

Page 2

```
1     APPEARANCES:

2          T. CHRISTOPHER PINEDO
           ATTORNEY AT LAW
3          4550 JERICHO ROAD
           CORPUS CHRISTI, TEXAS 78413

4
               (ATTORNEY FOR THE PLAINTIFFS)
5

           BENCOMO & ASSOCIATES
6          (BY:  RAUL R. BENCOMO, ESQUIRE -
               VIA TELEPHONE)
7          639 LOYOLA AVENUE, SUITE 2110
           NEW ORLEANS, LOUISIANA  70113
8
               (ATTORNEYS FOR THE PLAINTIFFS)
9

           NELSON, MULLINS, RILEY & SCARBOROUGH
10         (BY: TAYLOR T. DALY, ESQUIRE)
           201 17TH STREET, NW, SUITE 1700
11         ATLANTIC STATION
           ATLANTA, GEORGIA 30363
12
               (ATTORNEYS FOR DEFENDANT,
13                FLEETWOOD ENTERPRISES, INC.)
14         MIDDLEBERG, RIDDLE & GIANNA
           (BY: RICHARD SHERBURNE, JR., ESQUIRE)
15         450 LAUREL STREET, SUITE 1101
           BATON ROUGE, LOUISIANA 70801
16
               (ATTORNEYS FOR DEFENDANT, FLUOR
17                ENTERPRISES, INC.)
18         U.S. DEPARTMENT OF JUSTICE
           CIVIL DIVISION, TORTS BRANCH
19         (BY:  HENRY MILLER, ESQUIRE)
           1331 PENN AVENUE, N.W.
20         ROOM 8220-N
           WASHINGTON, D.C.  20004
21
               (ATTORNEYS FOR DEFENDANT, UNITED
22                STATES OF AMERICA)
23

24

25
```

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 3

```
 1    APPEARANCES CONTINUED:
 2          JONES, WALKER, WAECHTER, POITEVENT,
               CARRERE & DENEGRE, LLP
 3          (BY: WILLIAM D. LAMPTON, ESQUIRE -
               VIA TELEPHONE)
 4          FOUR UNITED PLAZA
            8555 UNITED PLAZA BOULEVARD
 5          BATON ROUGE, LOUISIANA 70809
 6               ATTORNEYS FOR DEFENDANTS,
                 KEYSTONE RV COMPANY, THOR
 7               CALIFORNIA, THOR INDUSTRIES,
                 DUTCHMEN MANUFACTURING, DS CORP
 8               (d/b/a CROSSROADS RV) AND KZ RV,
                 LP
 9
            GARRISON, YOUNT, LORMAND, FORTE &
10             MULCAHY
            (BY: RANDALL C. MULCAHY, ESQUIRE)
11          909 POYDRAS STREET
            SUITE 1800
12          NEW ORLEANS, LOUISIANA  70112
13             (ATTORNEYS FOR DEFENDANTS
                  RECREATION BY DESIGN, LLC,
14                TL INDUSTRIES, INC., FRONTIER
                  RV, INC. AND CRUISER RV)
15
            WILLINGHAM, FULTZ & COUGILL
16          (BY: THOMAS L. COUGILL, ESQUIRE -
               VIA TELEPHONE)
17          NIELS ESPERSON BUILDING
            808 TRAVIS, SUITE 1608
18          HOUSTON, TEXAS  77002
19             (ATTORNEYS FOR DEFENDANTS
                  JAYCO AND STARCRAFT)
20
            BAKER, DONELSON, BEARMAN, CALDWELL &
21             BERKOWITZ
            (BY:  GERARDO R. BARRIOS, ESQUIRE)
22          201 ST. CHARLES AVENUE, SUITE 3600
            NEW ORLEANS, LOUISIANA  70170
23          (NOT PRESENT)
24             (ATTORNEYS FOR DEFENDANTS, CH2M HILL
                  CONSTRUCTORS, INC. AND SHAW
25                ENVIRONMENTAL, INC.)
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 4

1

2     APPEARANCES CONTINUED:

3         McGLINCHEY STAFFORD
          (BY:  CHRISTINE LIPSEY, ESQUIRE)
4         643 MAGAZINE STREET
          NEW ORLEANS, LOUISIANA 70130

5
              (AND)
6
          MCGLINCHEY STAFFORD PLLC
7         (BY:  DAN E. WEST, ESQUIRE)
          301 MAIN STREET, 14TH FLOOR
8         ONE AMERICAN PLACE
          BATON ROUGE, LOUISIANA  70805
9
              (ATTORNEYS FOR MORGAN BUILDINGS AND
10                SPAS, INC. APPEARING UNDER
                  RESERVATION OF RIGHTS)
11
              (AND)
12
          MORGAN MANAGEMENT CORPORATION
13        (BY:  ALAN WINN, ESQUIRE)
          CORPORATE COUNSEL
14        2800 MCCREE ROAD
          GARLAND, TEXAS  75041
15
              (ATTORNEYS FOR DEFENDANT MORGAN
16                BUILDINGS AND SPAS, INC.)
17        LUGENBUHL, WHEATON, PECK, RANKIN &
              HUBBARD
18        (BY: KRISTOPHER M. REDMANN, ESQUIRE -
              VIA TELEPHONE)
19        601 POYDRAS STREET, SUITE 2775
          NEW ORLEANS, LOUISIANA 70130
20
              (ATTORNEYS FOR DEFENDANT,
21                LIBERTY MUTUAL INSURANCE
                  CORPORATION)
22

23

24

25

PROFESSIONAL SHORTHAND REPORTERS, INC (800) 536-5255          (504) 529-5255
New Orleans * Baton Rouge * Shreveport

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 5

1

2    APPEARANCES CONTINUED:

3         FRILOT, L.L.C.
          PETER R. TAFARO, ESQUIRE -
4           VIA TELEPHONE)
          3600 ENERGY CENTRE
5         1100 POYDRAS STREET
          NEW ORLEANS, LOUISIANA  70173-3600

6

          (ATTORNEYS FOR DEFENDANT, BECHTEL
7          NATIONAL, INC.)

8

9              *    *    *

10            EXAMINATION INDEX

11                              PAGE

12

13   EXAMINATION BY MR. PINEDO ...........12

14   EXAMINATION BY MS. DALY ............68

15   EXAMINATION BY MR. MILLER ..........91

16   EXAMINATION BY MR. SHERBURNE .......124

17   EXAMINATION BY MR. MULCAHY .........126

18   EXAMINATION BY MS. DALY ............133

19   EXAMINATION BY MR. PINEDO ..........134

20   EXAMINATION BY MR. MILLER ..........166

21   EXAMINATION BY MR. PINEDO ..........169

22

23

24

25

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 6

```
 1                    *     *     *

 2              INDEX OF EXHIBITS

 3

 4                                        Page

 5    Exhibit No. 1  .....................13

 6    Notice of Videotaped Federal Rule 30(b)(6)

 7    Deposition of Morgan Buildings & Spas, Inc.

 8    (no Bates stamps)

 9    Exhibit No. 2  .....................17

10    Solicitation/Contract/Order for Commercial

11    Items between FEMA and Morgan Buildings &

12    Spas, dated 9/9/2005, Bates Morgan-000002

13    through 14

14    Exhibit No. 3  .....................18

15    Solicitation/Contract/Order for Commercial

16    Items between FEMA and Morgan Buildings &

17    Spas, no effective date, Bates Morgan-000015

18    & 16

19    Exhibit No. 4  .....................24

20    Solicitation/Contract/Order for Commercial

21    Items between FEMA and Morgan Buildings &

22    Spas, effective date 9/1/2005, Bates No.

23    Morgan-000017

24

25
```

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 7

1    Exhibit No. 5  .......................25

2    Fax to Brad McKinney from Kerri dated

3    9/1/2005, Bates Morgan-000095 & 96

4    Exhibit No. 6  .......................28

5    Email from Michael Wagner to Gay Morgan

6    dated 8/31/2005, Bates Morgan-000097 & 98

7    Exhibit No. 7  .......................29

8    FEMA Model Travel Trailer Procurement

9    Specifications, dated 8/12/2004, Bates

10   FLE-00006914 through 6916

11   Exhibit No. 8  .......................30

12   Document that starts out "Question:  Do you

13   really want to ship these by rail?", Bates

14   Morgan-000103

15   Exhibit No. 9  .......................52

16   Certificate of Origin for a Vehicle, Bates

17   Morgan-001049 through 1050

18   Exhibit No. 10  ......................55

19   Invoice No. 4039-3022 from Morgan to FEMA

20   dated 4/3/2006, Bates Morgan-001051

21   Exhibit No. 11  ......................58

22   Invoice No. 604001627 to Morgan from

23   Fleetwood, dated 3/28/06, Bates

24   Morgan-001052

25

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 8

 1   Exhibit No. 12  ......................60
 2   Straight Bill of Lading from Fleetwood to
 3   Morgan/FEMA dated 3/28/06, Bates
 4   Morgan-001053
 5   Exhibit No. 13  ......................71
 6   Fleetwood Enterprises Master Sales Agreement
 7   dated September 6, 2005, Bates Morgan-000055
 8   through 63
 9   Exhibit No. 14  ......................74
10   Email from Jim Schilligo to Guy, Dated
11   9/5/2005, Bates Morgan-000087 through 89
12   Exhibit No. 15  ......................75
13   Email from Doug Henriquez to Guy Morgan
14   dated 9/9/2005, Bates Morgan-000147 & 148
15   Exhibit No. 16  ......................85
16   Email string beginning with page that says
17   "Redacted", Bates FLE-00135116 through
18   135118
19   Exhibit No. 17  ......................87
20   Fleetwood Towable Group Engineering
21   Standards Bulletin No. 10, December 1, 1997,
22   Bates FLE_00010903 through 10918
23   Exhibit No. 18  ......................94
24   FEMA Procedure Storage Site Manual Fall
25   2005, Bates FLE-00001942 through 1955

83f35e7d-fd08-453c-b140-b8158db27f5

Page 9

1    Exhibit No. 19  .....................100

2    Important Notice, Bates FLE-00005100 through

3    5102

4    Exhibit No. 20  .....................108

5    Fax to Dave Busche from Guy Morgan/Elaine

6    dated 6/1/2004, Bates FLE-00001367 through

7    1370

8    Exhibit No. 21  .....................134

9    Fleetwood 2006 Owner's Manual, Bates

10   Fleetwood_EX-000003 through 105

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

83f35e7d-fd08-453c-b140-b8158db27f5

Page 10

1        S T I P U L A T I O N

2

3           It is stipulated and agreed by and

4      between counsel for the parties hereto that

5      the deposition of the aforementioned witness

6      is hereby being taken for all purposes

7      allowed under the Federal Rules of Civil

8      Procedure, in accordance with law, pursuant

9      to notice;

10          That the formalities of reading and

11     signing are specifically          ;

12          That the formalities of filing,

13     sealing, and certification are specifically

14     waived;

15          That all objections, save those as to

16     the form of the question and the

17     responsiveness of the answer, are hereby

18     reserved until such time as this deposition,

19     or any part thereof, may be used or sought

20     to be used in evidence.

21                    *   *   *

22          CATHY RENEE' POWELL, CCR, Certified

23     Court Reporter, officiated in administering

24     the oath to the witness.

25

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 19

1      And the document with regard to

2   mobile homes, is that a two-page document?

3      A.   No, sir.   It's one page.

4      Q.   You now have Bates number --

5      A.   I'm sorry, two pages.

6      Q.   So Exhibit 3 is Morgan's Bates

7   No. 15 and 16; is that right?

8      A.   Yes, sir.

9      Q.   And now you have a document in

10   front of you with a Morgan Bates number of

11   17.   What does that represent?

12      A.   It is another government contract

13   for 15,000 travel trailers.

14      Q.   And is that your understanding of

15   the amount of travel trailers that Morgan

16   sold to the United States Government for

17   temporary housing units after Hurricane

18   Katrina?

19      A.   Yes, sir.

20      Q.   And this would be the contract

21   that we were talking about with the total

22   amount of travel trailers that were sold by

23   Morgan to the United States Government?

24      A.   Yes, sir.

25      Q.   Now, did Morgan itself manufacture

83f35e7d-fd08-453c-b140-b8158db27f5

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)   Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 20

1    travel trailers at any particular time?

2         A.    No, sir.

3         Q.    So to fulfill this contract, did

4    Morgan turn to the manufacturers of travel

5    trailers and ask them to fill orders for

6    them for these travel trailers?

7         A.    Yes, sir.

8         Q.    And did Morgan request travel

9    trailers from Fleetwood to fulfill this

10   request by the United States Government?

11        A.    Yes, sir.

12        Q.    Did they also request travel

13   trailers from an entity called Monaco to

14   fill this requirement for 15,000 travel

15   trailers?

16        A.    Yes, sir.

17        Q.    Did they also request travel

18   trailers from an entity called Recreation by

19   Design to fill this order for the United

20   States Government?

21        A.    Yes, sir.

22        Q.    The total amount of travel

23   trailers that Morgan sold to the United

24   States Government manufactured by Fleetwood,

25   Monaco, and Recreation by Design was 15,000;

83f35e7d-fd08-453c-b140-b8158db27f55

In Re: FEMA Trailer Formaldehyde Products Liability Litigation (Dubuclet)    Videotaped Deposition 30(b)(6) Morgan Bldg. & Spas through James Schilligo

Page 24

1    document which has been marked as Exhibit 4,

2    which is Morgan Bates No. 17.  Just for the

3    record, so we are clear, could you identify

4    that document for me?

5         A.    Yes, sir.  It's a contract from

6    Department of Homeland Securities/FEMA to

7    Morgan, for Morgan Buildings & Spas, Inc.

8    for 15,000 travel trailers.

9        (Exhibit No. 4 marked for identification.)

10        Q.    What is the date on that document?

11        A.    8/29/2005.

12        Q.    And that's the contract we were

13   discussing earlier that provides for us some

14   of the details regarding the purchase of the

15   15,000 travel trailers by FEMA from Morgan;

16   is that right?

17        A.    Yes, sir.

18        Q.    And what Morgan did, rather than

19   constructing their own travel trailers, is

20   they contacted Recreation by Design, Monaco

21   and Fleetwood and had them construct the

22   travel trailers to fill that order?

23        A.    Correct.

24        Q.    May I see that document, sir?

25        A.    (Witness complies.)

83f35e7d-fd08-453c-b140-b8158db27f55

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * | MDL NO. 1873 |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| | * | |
| *Estella Adkins, et al. v. Morgan Buildings & Spas, Inc., et al. (09-5575)* | * | MAGISTRATE CHASEZ |
| | * | |

*********************************************

STATE OF MISSOURI

COUNTY OF ST. CHARLES

## AFFIDAVIT OF JAMES G. SCHILLIGO

BEFORE ME, the undersigned Notary Public, duly commissioned for the State and County aforesaid, came and appeared:

JAMES G. SCHILLIGO

who, after being first duly sworn, did depose and state:

1.  I suffer no mental or legal disability and am fully competent to make this affidavit.

2.  The following facts are based upon my personal knowledge or review of records kept in the ordinary course of business by Morgan Buildings & Spas, Inc., and such facts are true and correct.

3.  I am employed by Morgan Buildings & Spas, Inc. (Morgan) as its National Sales Manager.

4.  I held the position of National Sales Manager in 2005, at the time of Hurricanes Katrina and Rita.

5.  In connection with a contract with the Federal Emergency Management Authority (FEMA) to supply temporary housing units following Hurricanes Katrina and Rita, Morgan procured temporary housing units directly from the following manufacturers:

394445.2

Page 1 of 2


EXHIBIT
E

Fleetwood Enterprises, Inc., Recreation by Design, LLC, and Monaco Coach Corporation.

6.   Morgan did not construct temporary housing units for the Katrina/Rita disasters.

7.   Morgan purchased 14 temporary housing units manufactured by Gulf Stream from other travel trailer dealers, which Morgan then sold to FEMA.

8.   I reviewed the Plaintiff Fact Sheets submitted by Estela Adkins and the minor, JL, in this matter.

9.   According to the Plaintiff Fact Sheet submitted by Estela Adkins, she lived in a unit manufactured by Fabrique.

10.   Morgan did not procure temporary housing units manufactured by Fabrique in connection with the Katrina/Rita disasters.

11.   According to the Plaintiff Fact Sheet submitted by the minor, JL, she lived in a Gulf Stream unit bearing VIN number 1NL1GTR2361023131.

12.   In connection with its sale of temporary housing units to FEMA for the Katrina/Rita disasters, Morgan maintained records of each housing unit sold to FEMA. These records were kept and maintained in the ordinary course of business.

13.   I reviewed Morgan's list of temporary housing unit VIN numbers of the 14 Gulf Stream units Morgan purchased from other dealers and sold to FEMA, and have ascertained that Morgan did not procure the Gulf Stream trailer bearing VIN number 1NL1GTR2361023131.

Thus read and signed in _St Peters_ , Missouri, this _29_ day of December, 2011.

_____
James G. Schilligo

Sworn to and subscribed before me, Notary Public, this _29_ day of December, 2011.

_____
Notary Public
Printed Name: _CAROL A. WOERTHER_
Notary No.: _094 83 495_
My Commission Expires: _July 18, 2013_



CAROL A. WOERTHER
My Commission Expires
July 18, 2013
St. Charles County
Commission #09483495



ATTORNEYS AT LAW

**McGlinchey Stafford PLLC**

FLORIDA    LOUISIANA    MISSISSIPPI    NEW YORK    OHIO    TEXAS

AMANDA S. STOUT
(225) 382-3693
Fax (225) 343-3076
Direct Fax (225) 612-7167
astout@mcglinchey.com

June 17, 2011

James M. Priest, Jr.
**Gill, Ladner & Priest, PLLC**
403 South State Street
Jackson, MS 39201

    RE:   *FEMA Trailer Formaldehyde Product Liability Litigation/Morgan Buildings & Spas, Inc.*

           **_Estella Adkins, et al. v. Morgan Buildings & Spas, Inc., et al. (S.D. Miss. 09-441) (E.D. La. 09-5575)_**

Dear James:

    On July 10, 2009, your firm filed the matter styled *Estella Adkins, et al. v. Morgan Buildings & Spas, Inc., et al.*, in the Southern District of Mississippi. This case now bears Eastern District of Louisiana Suit No. 09-5575. Morgan Buildings & Spas, Inc., Morgan Building & Spas Manufacturing Corporation and Morgan Building Systems, Inc. (collectively Morgan) are named as manufacturing defendants. As we are in the process of reviewing the discovery in this matter, we have determined that this suit contains two plaintiffs who did not live in trailers procured by Morgan: Estella Adkins and Maria Lennon. We are writing to request that you dismiss Ms. Adkins and Ms. Lennon's claims against Morgan.

    According to the Plaintiff Fact Sheet produced by Estella Adkins, she lived in a Fabrique trailer, bearing VIN number 5L4TP332063015527. According to the Plaintiff Fact Sheet produced by Maria Lennon, she lived in a Gulf Stream trailer, bearing VIN Number 1NL1GTR2361023131.

    The discovery produced by Morgan in this matter is clear. Morgan procured emergency housing units from limited, specific manufacturers, and did not act as a general procuring agent for FEMA, procuring trailers from every manufacturer named in this litigation. We refer you to Morgan's August 13, 2008 Rule 30(b)(6) deposition where James Schilligo, Morgan's National Sales Manager, was deposed as Morgan's corporate representative. Mr. Schilligo testified that, for the Katrina/Rita disasters, Morgan's manufacturer-suppliers of temporary housing units were Fleetwood, Recreation by Design, and Monaco.[1]

    Mr. Schilligo's testimony reiterates the information provided in Morgan Buildings & Spas, Inc.'s Objections and Responses to Plaintiffs' Notice of Video-Taped Rule 30(b)(6)

---

[1] See James Schilligo depo., 21:6-13, which is attached.

379749.1



EXHIBIT

F

June 17, 2011
Page 2

Deposition of Morgan Building and Spas, Inc., submitted to plaintiffs' liaison counsel and the court-appointed plaintiffs' steering committee counsel on August 6, 2008.[2]  Further, Morgan, through Mr. Schilligo, again confirmed its manufacturer-suppliers on October 22, 2009, in Morgan's Rule 30(b)(6) deposition in the Dubuclet/Fleetwood matter.

As there is <u>no</u> evidence that Morgan manufactured or procured the trailers provided by FEMA to Estella Adkins or Maria Lennon, we request that you dismiss their claims against Morgan by July 15, 2011.  Otherwise, Morgan will move for summary dismissal of their claims against Morgan and will seek its costs and attorneys' fees.

With kindest regards we remain,

Very truly yours,

**McGlinchey Stafford, PLLC**

Amanda S. Stout

Enclosure

---

[2] Morgan Building Systems also submitted objections and responses to plaintiffs' notice of deposition on August 6, 2008. As stated therein, Morgan Building Systems merged into Morgan Buildings & Spas on January 19, 1994, and no longer exists. As such, Morgan Building Systems has been improperly named as a defendant in this matter.

379749.1

Page 1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


IN RE: FEMA TRAILER          MDL NO. 1873

FORMALDEHYDE PRODUCTS        SECTION "N"(4)

LIABILITY LITIGATION         JUDGE ENGELHARDT


                    *   *   *


        Videotaped Federal Rule 30(b)(6)

Deposition of MORGAN BUILDINGS & SPAS, INC.

and MORGAN BUILDING SYSTEMS, INC., through

their designated representative, JAMES

SCHILLIGO, 608 Wyatt Drive, St. Peters,

Missouri 63376, taken at the offices of

Lambert & Nelson, 701 Magazine Street, New

Orleans, Louisiana 70130, on Wednesday, the

13th day of August, 2008.


REPORTED BY:

    JAMES T. BRADLE, CCR
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

VIDEOGRAPHER:

    MICHAEL BERGERON
    PROFESSIONAL SHORTHAND REPORTERS
    (504)529-5255

Page 21

1    availability of inventory and pricing.

2         Q    All right.  And when you say "we,"

3    is there a team of people?  Is it primarily

4    you and Mr. Morgan, or who is it?

5         A    Myself and Mr. Morgan.

6         Q    Okay.  And who were your

7    suppliers?

8         A    For --

9         Q    For this schedule, quantity,

10   pricing, floor plan request.

11        A    For this disaster, it would have

12   been Fleetwood, Recreation by Design and

13   Monaco.

14        Q    We have taken Fleetwood's

15   deposition, and we have the quantities and

16   so on.  Was Fleetwood the largest supplier?

17        MS. LIPSEY:

18            Objection, vague.

19   EXAMINATION BY MR. LAMBERT:

20        Q    Insofar as your procurement was

21   concerned, was Fleetwood the largest

22   supplier of travel trailers?

23        A    I don't know that for sure.

24        Q    Okay.  When you contacted

25   Fleetwood and Recreation by Design and