# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 18731 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | MAGISTRATE CHASEZ |
| *Helen Albarado, et al. V. Morgan Buildings & Spas,* | * | |
| *Inc., et al.*, EDLA No. 10-3702 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFFS' MEMORANDUM IN OPPOSITION OF DEFENDANT, MORGAN BUILDINGS & SPAS, INC.'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO PLAINTIFFS FACT SHEETS

Plaintiffs in the referenced matter respectfully oppose the defendant, Morgan Buildings & Spas, Inc.'s and Morgan Building Systems, Inc.'s ("Morgan") Motion for Summary Judgment and Motion to Dismiss the claims of several plaintiffs named in this matter for the reasons set forth below, the plaintiffs submit the defendant's motion should be denied.

## I.
## INTRODUCTION

The plaintiffs whose claims are the subject of Morgan' s motion are named in a "matching" complaint filed on October 15, 2010, pursuant to the Court's directives in Pretrial Order No. 68 (Rec. Doc. 14200).

## II.
## ARGUMENT AND AUTHORITIES

A.    *Motion for Summary Judgment*

Morgan moves to dismiss the claims of Clarence Blagio, Rosemary Blasio, Faith Blasio on

the basis that the EHU these individuals resided in was manufactured by Cavalier.  As Morgan sets forth in its Motion and supporting Memorandum, it neither  manufactured EHU's nor did it procure EHU's from or redistribute EHU's manufactured by Cavalier.  Plaintiffs have no evidence to dispute these allegations.  However, these plaintiffs properly have been named as plaintiffs in suits pending against the correct EHU manufacturer, Cavalier, and do oppose any dismissal beyond a dismissal in this particular matter.[1]

Similarly, in the case of plaintiff Linda Begnaud, Morgan, which did procure and/or redistribute certain EHU's manufactured by Fleetwood, avers that it did so only for EHU's measuring 14 feet by 60 feet.  Ms. Begnaud has identified her EHU as having dimensions greater that the size procured by Morgan from Fleetwood.  Therefore, the plaintiffs do not oppose the dismissal of Ms. Begnaud's claims in this matter only as relates to the Morgan defendants.

B.      *Motion to Dismiss*

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), the Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a

---

[1]      Clarence Blagio is named as a plaintiff in *Somaya Bader obo A.A., et al v. Gulf Stream Coach, Inc., et al*., No. 10-3681, *Darlene Alphonso obo K.A., et al v. Cavalier Home Builders LLC*, et al, No.10-3728,  *Darlene Alphonso obo K.A., et al v. Cavalier Home Builders LLC*, et al, No. 10-3677; Rosemary Blasio is named as a plaintiff in *Darlene Alphonso obo K.A., et al v. Cavalier Home Builders LLC*, et al, No. 10-3677; and, Faith Blasio is included in is named as a plaintiff in *Somaya Bader obo A.A., et al v. Gulf Stream Coach, Inc., et al*., No. 10-3681, *Darlene Alphonso obo K.A., et al v. Cavalier Home Builders LLC*, et al, No.10-3728, *Darlene Alphonso obo K.A., et al v. Cavalier Home Builders LLC*, et al, No. 10-3677.

plaintiff's PFS, the Order provides that defendants' counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).  On June 24, 2011, the Court entered  Pretrial Order No. 88 (Rec. Doc. 22153), which governs the deficiency process going forward and provides the basis for any motion to dismiss for failure to cur deficiencies related to the *23 key questions* identified in that Order.  As the Court noted in Pretrial Order No. 88, " the purpose behind this procedure is for the parties to develop an information database in order to consider global resolution of claims in this MDL."

The vast majority of the alleged deficiencies identified in Morgan's motion to dismiss have to do with questions which were either not included in the 23 key questions identified in Pretrial Order No. 88, or Morgan has either mischaracterized the plaintiffs' answers as "inconsistent" or otherwise objectionable because the plaintiff states he or she lacks knowledge of the information, which according to Pretrial Order No. 88 can be an accurate response to a question.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be

3

futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

1.     *Jerilyn and William Carnesi*

Morgan states in its Memorandum in Support of its Motion that it did procure and redistribute EHU's manufactured by Monaco.  *See* Rec. Doc. 23911-3 at 7.  Jerilyn Carnesi states in her original PFS (Exhibit L attached to the Morgan's motion) that her EHU was a Monaco Coach

and she provides a VIN number.  In her supplemental PFS (Morgan's Exhibit M) Ms. Carnesi does revise her response to Section V. To reflect Morgan is the manufacture, statues she is "unable to obtain a VIN from FEMA" and add her Fema identification number.  Morgan does not profess that it is unable to verify from the information that it indeed procured a Monaco or other Morgan-labeled EHU to Ms. Carnesi.  The information supplied, as a whole, in the PFS's support that Ms. Carnesi was provided a Monaco EHU, this has been verified by FEMA, and Morgan admits it procured Monaco EHU's.  Further, Ms. Carnesi states in her PFS's that she resided in her Monaco EHU with her husband William ("Bill") Carnesi.  Mr. Carnesi's PFS (Morgan's Exhibit O), like his wife's, identifies Morgan as the "manufacturer" (Section V.A.1.) and also lists his wife, Mrs. Carnesi, as a resident of the EHU at all material times (Section V.E.).  This is the important information and Morgan is not disputing that it manufactured the Carnesi's EHU.

Rather, Morgan appears to argue form over substance as relates to the Carnesi's claims, pointing to the Carnesi's responses to several questions on the PFS's which are designated as among the 23 key questions as the basis for the dismissal of their claims.  For instance Morgan complains that Mrs. Carnesi did not fully answer Sections III.C.5, VII.C. and E, VIII.E, or IX.  These are not among the 23 key questions.  As for her responses to the 23 key questions to which Morgan objects, her responses are sufficient to support her claims.  When read together the data she provides in response to Section V.3-4 do provide the defendant with information sufficient to confirm she and her husband resided in a Monaco EHU which Morgan provided.  In response to Section VII.B. she states that she either does not know or was not treated by a physician ("N/A") for illnesses suffered as a result of living in her EHU.  Morgan faults Mr. Carnesi primarily for his responses to non-key

questions: Sections III.A.7., and IV.G.1.. Mr. Carnesi did respond to Section VI.F.4., a key question, but Morgan complains that even so he did not recall whether he had diagnostic testing - not a key question (Section VI.G.1.). Mr. Carnesi answers that he *does not know* the name of the medical professional who may have treated him for FEMA-trailer related ailments (Section VII.B.). As this Court recognized in Pre-Trial Order No. 88, "lack of knowledge can be an accurate response to a question." (Rec. Doc. 22124 at p. 3).

In short, the plaintiffs, together, have provided enough information for Morgan to verify that they lived in a Monaco EHU, which Morgan did procure. In addition, the information provided in response to the 23 key questions are more that adequate to inform Morgan of the core information about their claims for the purposes before the Court and the parties at this time. The Carnesi's claims should not be dismissed based upon the record before the Court.

    2.    *Theresa Lopez*

Morgan acknowledges that Ms. Lopez did supplement her PFS to fully identify the VIN and FEMA identification number associated with her Fleetwood EHU. Fleetwood was among the EHU's procured by Morgan, and Morgan should have sufficient information based upon the above to verify that the Fleetwood EHU Ms. Lopez lived in was one it distributed.

The most of the other key questions of which Morgan complains were in fact answered by Ms. Lopez. For instance Ms. Lopez, who was 80 years old at the time she provided her responses (see Rec. Doc. 23911-6 at 57 in defendant Exhibit R) did adequately respond to Section III.C. 1-3 and 8. She did not specifically answer C.1-2, but she did answer III.C.3, alerting the defendant to the nature of the symptoms she experienced while living in her EHU. See Exhibits Q and R attached to

Morgan's Motion (Rec. Docs. 23911-6 at 28-63).  She states in response to Section III.C.8. that she is claiming emotional injury.  Her response, or lack thereof, to Section VII. would appear consistent with her response to Section III.C..  It is true she did not answer Sections IV.C. and F. (It is doubtful that Morgan would gain much useful knowledge from the specifics for Section IV. from an 80 year old lady) or V.A.6-7, key questions, but she should not be penalized for failing to answer non-key questions such as those in Sections IV.B. and E, V. 11-12, or 20.,  V. B., VI.G. or IX..  And, contrary to Morgan's representation, Ms. Lopez does provide her smoking history in response to Section VI.C. (see Exhibits  Q and R attached to defendant's motion).

Overall, Ms. Lopez's PFS's comport with the spirit and substantially so with the letter of the Court's Orders and her claim should not be dismissed.

3.    *The Patcheco plaintiffs*

The Patcheco family (see PFS's at Exhibits S, T and U, attached to Morgan's motion) all have since been verified through FEMA as having resided in an EHU manufactured by Recreation By Design and their claims against that manufacturer (which Morgan also procured) are pending in another suit,  *Charles Arbour, et al. v. Recreation by Design, et al.,* No. 10-3715, filed on October 15, 2010.  Therefore, the plaintiffs do not oppose a dismissal without prejudice of the claims in this suit, preserving the claims of Adam Henry Patcheco, Karen Patcheco and Patricia Patcheco in the *Arbour* matter.

4.    *The Vandenborre plaintiffs*

This *family* all lived together and apparently resided in at least two separate EHU's. One EHU has been identified as a Fleetwood (see "Trailer 1" PFS's: Exhibit V, attached to Morgan's

motion, at Rec. Doc. 23911-7 at 9; Exhibit W at Rec. Doc. 23911-7 at 33, Exhibit AA at Rec. Doc. 23911-7 at 133) and apparently another "Morgan" EHU as partially identified in PFS's attached to Morgan's motion and identified as Exhibits Y and Z.  The key portions of Section V.A. is provided in connection with the Fleetwood EHU and Morgan did procure Fleetwood EHU's.  Admittedly the EHU as identified in Exhibits Y and Z are less than clear.

Morgan's other objections to the responses in the Vandenborres' collective PFS's are without merit.

The main complaints regarding Mr. Henry Vandenborre, III's PFS (see Exhibit Y) have to do with non-key questions, i.e.: Sections III.C.5-7, IV.A. and B., VI.F., VII.C. and D, and IX.A.-F..  Mr. Vandenborre did respond to Section III.C.8. (He is claiming mental injury damages) but just because he did not list treating physicians does not mean his answer is deficient; rather, the plaintiff probably was not treated professionally for this injury.

Marina Vandenborre's PFS is similarly faulted for responses to non-key questions, i.e.: Sections III.C.5-7, IV.A., VI.A.-B., and IX.  It is true she did not answer Section IV.F. (Employment information), but neither is she making a lost wage claim (see Exhibit X at Rec. Doc. 23911-7 at 152-153).  Her PFS happens to reflect only the less precise "Morgan" manufacturer information in responses to Section V.A., however her husband has completed the two childrens' PFS's with the more precise information identifying the Fleetwood EHU ("Trailer 1").  See Exhibits V and W attached to Morgan's motion.

Similarly, Morgan targets the non-essential questions on the two childrens' PFS's, B. Vandenborre and R. Vandenborre, who were 14 and 17 years old respectively at the time the PFS's

were submitted in 2009.  Key questions at Section III.C.1-3 are substantially answered for both children.  It is hardly surprising that Section VI.C., pertaining to tobacco use history, and a key question, was answered "N/A" for the two children! Otherwise the PFS's for the children are quite thorough.

Therefore the plaintiffs submit the claims of the Vandenborres should not be dismissed as they have identified at least on EHU, a Fleetwood, sufficiently, and Morgan procured Fleetwood EHU's. The other key questions have been satisfactorily answered by the Vandenborres.

Morgan will not suffer any prejudice at this stage of the proceeding by refusing to dismiss the following plaintiffs' claims, for all the reasons set forth above: **Jerilyn and William Carnesi; Theresa Lopez; Henry Vandenborre, III; Marina Vandenborre; B. Vandenborre; and, R. Vandenborre**.

Therefore, for the reasons discussed herein, the plaintiffs submit the Court should deny, in part, the defendant's motion to dismiss plaintiffs' claims.

Respectfully submitted,
LAW OFFICES OF SIDNEY D. TORRES, III,
*A PROFESSIONAL LAW CORPORATION*

By:      s/ Roberta L. Burns
LAW OFFICES OF SIDNEY D. TORRES, III,
*A PROFESSIONAL LAW CORPORATION*
SIDNEY D. TORRES, III, La. Bar No. 12869
ROBERTA L. BURNS, La. Bar No. 14945
Torres Park Plaza
8301 West Judge Perez Drive, Suite 303
Chalmette, LA 70043
Telephone: (504) 271-8421
Facsimile: (504) 271-1961

E-mail:      storres@torres-law.com
rburns@torres-law.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

s/ Roberta L. Burns
**ROBERTA L. BURNS**

10