UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                                                             SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-1252

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2, 32 & 88 Relating to Plaintiff Fact Sheets, filed by defendant Recreation by Design, LLC (Rec. Doc. 23691, as modified by Rec. Docs. 23941, 23968). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23951).

In its original motion papers, Recreation by Design moved to dismiss the claims of ten plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Mel Eskridge on behalf of J.B.; (2) David Bruce; (3) Ellen Bruce; (4) Alphonse Campbell on behalf of S.C.; (5) Nancy Campbell; (6) Alphonse Campbell; (7) Joyce Clayton; (8) Rhonda Fleeton on behalf of D.C.; (9) Cleophas Cole; and (10) Leah Cole. *See* Rec. Doc. 23691. However, Recreation by Design subsequently withdrew its motion as to (1) Mel Eskridge on behalf of J.B.; (2) David Bruce; (3) Ellen Bruce; (4) Alphonse Campbell on behalf of S.C.; and (5) Alphonse Campbell, who cured their deficiencies after the motion was filed. *See* Rec. Docs. 23941, 23968. Accordingly, the motion remains pending only as to (1) Nancy Campbell; (2) Joyce Clayton; (3) Rhonda Fleeton on behalf of D.C.; (4) Cleophas Cole; and (5) Leah Cole.

1

A. **BACKGROUND:**

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22153.

B. **APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court

order." Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

3

## C. ANALYSIS:

On April 8, 2011, counsel for Recreation by Design sent a letter to plaintiffs' counsel stating that they had not received a PFS for: (1) Nancy Campbell; (2) Joyce Clayton; (3) Rhonda Fleeton on behalf of D.C.; (4) Cleophas Cole; and (5) Leah Cole, among others. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23691-5). Instead, they had received only a one-page PFS amendment for these plaintiffs. *Id.*; *see also* Exhibits F, H through K to Movant's Memorandum in Support (Rec. Doc. 23691-10, -12 through -15).

### 1. Nancy Campbell and Rhonda Fleeton on behalf of D.C.:

After the instant motion was filed, Nancy Campbell and Rhonda Fleeton on behalf of D.C. provided supplemental responses satisfying almost all of the twenty-three key questions identified as essential in Pre-Trial Order No. 88. *See* Exhibits E and H to Plaintiffs' Opposition Memorandum (Rec. Doc. 23951-5 and -8). When combined with her previously submitted PFS amendment, the supplemental responses of Rhonda Fleeton on behalf of D.C. answer all of the 23 key questions. *See* Exhibit H to Plaintiffs' Opposition Memorandum (Rec. Doc. 23951-8). The only thing that appears to be lacking is her signed certification page for the supplemental responses. Thus, the Court finds that she has materially complied with her PFS obligations at this stage of the proceedings.

With regard to Nancy Campbell, when combined with her previously submitted PFS amendment, her supplemental responses answer the 23 key questions except for those related to physical injury, medical treatment, and smoking history. *See* Exhibit E to Plaintiffs' Opposition Memorandum (Rec. Doc. 23951-5). However, Nancy Campbell states in her supplemental responses: "I am not making a personal injury claim." As the unanswered questions relate to physical injury and/or illness, the Court finds that she too has materially complied with her PFS

4

obligations at this stage of the proceedings. This ruling does not relieve these two plaintiffs of their obligations to supplement their answers to the extent that they are or may become incomplete or inaccurate and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. (Ms. Fleeton also has a continuing obligation to provide a signed certification for her supplemental responses). Nor does it exempt them from future dismissal should they fail to satisfy these obligations.

**2. Joyce Clayton, Cleophas Cole, and Leah Cole:**

Joyce Clayton, Cleophas Cole, and Leah Cole have not provided supplemental responses. Thus, the deficiencies in the PFS responses of these three plaintiffs are substantial. They fail to provide basic, core information about the plaintiffs' claims. For example, they fail to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the plaintiff's smoking history (VI.C); (6) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (7) the average number of hours spent in the FEMA unit each day (V.A.13); (8) the symptoms that the plaintiff experienced while living in the FEMA unit (III.C); (9) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); (10) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from

living in a FEMA trailer (VII.B); (11) a move-in date for the FEMA unit (V.A.6); (12) a move-out date for the FEMA unit (V.A.7); and (13) an installation address for the FEMA unit (V.A.8). *See* Exhibits H, J and K to Movants' Memorandum in Support (Rec. Docs. 23691-12, -14, -15). All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that these three plaintiffs have failed to materially comply with their obligations to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims.

In addition, the record shows that these three plaintiffs are personally responsible for their failure to comply with this Court's orders. The record shows that plaintiffs' counsel has tried for several weeks to reach these three plaintiffs regarding the deficiencies in their PFS responses, calling each of them twice daily. *See* Affidavit of Plaintiffs' Counsel's Project Coordinator, Exhibits G, I and J to Plaintiff's Opposition Memorandum (Rec. Doc. 23951-7, -9, -10). Counsel has sent multiple letters to no avail. *Id.* Counsel has also performed computer-based person searches in an effort to locate the plaintiffs. *Id*. Despite counsel's efforts, these three plaintiffs have failed to provide the information necessary to cure their PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Joyce Clayton, Cleophas Cole, and Leah Cole, and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that efforts by counsel for plaintiffs and defendants have failed to motivate them

to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to Joyce Clayton, Cleophas Cole, and Leah Cole.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23691, as modified by Rec. Docs. 23941, 23968)**, filed by defendant Recreation by Design, LLC, is hereby **GRANTED IN PART**, in that it is granted with regard to Joyce Clayton, Cleophas Cole, and Leah Cole, and **DENIED IN PART**, in that it is denied in all other respects.

**IT IS FURTHER ORDERED** that the claims of Joyce Clayton, Cleophas Cole, and Leah Cole are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __3rd__ day of January, 2012.

                                        **KURT D. ENGELHARDT**
                                        **United States District Court**