UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  
      FORMALDEHYDE PRODUCTS  
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO  
Member Case No. 10-1252

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2, 32 & 88 Relating to Plaintiff Fact Sheets, filed by defendant Recreation by Design, LLC (Rec. Doc. 23692, as modified by Rec. Docs. 23942, 23969). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23950).

In its original motion papers, Recreation by Design moved to dismiss the claims of ten plaintiffs on grounds that they had failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Deridre Cole-Craig on behalf of D.C.; (2) Marcus Craig; (3) Deridre Craig on behalf of M.C.; (4) Sanchez Craig-Lawson; (5) Mel Eskridge on behalf of R.D.; (6) Esther Davis-Vincent; (7) Sonia Edwards; (8) Henry Edwards, Jr.; (9) Mel Eskridge on behalf of J.E.; and (10) Mel Eskridge. *See* Rec. Doc. 23692. However, Recreation by Design subsequently withdrew its motion as to Deridre Cole-Craig on behalf of D.C., who cured her deficiencies after the motion was filed. *See* Rec. Docs. 23942, 23969. Accordingly, the motion remains pending only as to (1) Marcus Craig; (2) Deridre Craig on behalf of M.C.; (3) Sanchez Craig-Lawson; (4) Mel Eskridge on behalf of R.D.; (5) Esther Davis-Vincent; (6) Sonia Edwards; (7) Henry Edwards, Jr.; (8) Mel Eskridge on behalf of J.E.; and (9) Mel Eskridge.

1

## A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22153.

## B. APPLICABLE LAW:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court

order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

3

**C. ANALYSIS:**

On April 8, 2011, counsel for Recreation by Design sent a letter to plaintiffs' counsel stating that they had not received a PFS for: (1) Marcus Craig; (2) Deridre Craig on behalf of M.C.; (3) Sanchez Craig-Lawson; (4) Mel Eskridge on behalf of R.D.; (5) Esther Davis-Vincent; (6) Sonia Edwards; (7) Henry Edwards, Jr.; (8) Mel Eskridge on behalf of J.E.; and (9) Mel Eskridge, among others. *See* Exhibit A to Movant's Memorandum in Support (Rec. Doc. 23692-5). Instead, they had received only a one-page PFS amendment for these plaintiffs. *Id.*; *see also* Exhibits C through K to Movant's Memorandum in Support (Rec. Doc. 23692-7 through -15).

After the instant motion was filed, each of these nine plaintiffs provided supplemental responses satisfying almost all of the twenty-three key questions identified as essential in Pre-Trial Order No. 88. *See* Exhibits E and H to Plaintiffs' Opposition Memorandum (Rec. Doc. 23950-5 and -8). With the exception of Mel Eskridge individually, the supplemental responses of each of the nine plaintiffs, when combined with the previously submitted PFS amendments, answer all of the 23 key questions. *See* Exhibits B through J to Plaintiffs' Opposition Memorandum (Rec. Doc. 23950-2 through –10). The only thing that appears to be lacking is a signed certification page for the supplemental responses of Marcus Craig and Deridre Cole-Craig on behalf of M.C.. Thus, the Court finds that these eight plaintiffs have materially complied with their PFS obligations at this stage of the proceedings.

The supplemental responses of Mel Eskridge individually appear to be prematurely cut off by what appears to be a filing error. Given that this appears to be a clerical error and given that Mel Eskridge has answered all 23 key questions for the minors he or she represents, the Court concludes that this plaintiff should be given one final opportunity to comply with PFS obligations. The

4

plaintiff shall have fifteen (15) days to do so. If the plaintiff fails to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2, 32 and 88, which motion shall be well received.[1]

This ruling does not relieve these nine plaintiffs of their obligations to supplement their answers to the extent that they are or may become incomplete or inaccurate and to answer the entire PFS once the temporary reprieve of Pre-Trial Order No. 88 has expired. (Marcus Craig and Deridre Cole-Craig on behalf of M.C. also have a continuing obligation to provide a signed certification for their supplemental responses). Nor does it exempt them from future dismissal should they fail to satisfy these obligations. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23692, as modified by Rec. Docs. 23942, 23969)**, filed by defendant Recreation by Design, LLC, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Mel Eskridge individually shall within fifteen (15) days provide information responsive to the twenty-three (23) key fields that remain unanswered. Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2, 32 and 88.

New Orleans, Louisiana, this __3rd__ day of January, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Court**

---

[1] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.