UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION

MDL NO. 07-1873

SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7814

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") (Rec. Doc. 23824). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23947). Liberty Mutual has filed a reply memorandum. (Rec. Doc. 23975-4).

Liberty Mutual moves to dismiss the claims of Patrick Poiroux on grounds that he has failed to comply with this Court's orders by failing to cure material deficiencies in his Plaintiff Fact Sheet.

### A. **BACKGROUND**:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines

1

established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22153.

## B. <u>APPLICABLE LAW</u>:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay

2

caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On June 21, 2011, counsel for Liberty Mutual sent a letter to plaintiffs' counsel specifying deficiencies in the PFS of Patrick Poiroux. *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 23824-3). Mr. Poiroux provided supplemental responses, but they did not cure all of the deficiencies. *See* Exhibit D to Movant's Memorandum in Support (Rec. Doc. 23824-5). After the instant motion was filed, Mr. Poiroux provided additional supplemental responses, answering nearly all of the twenty-three "key" fields identified in Pre-Trial Order No. 88. *See* Exhibit A to Plaintiff's Opposition Memorandum (Rec. Doc. 23947-1). Nevertheless, Liberty Mutual argues that Mr. Poiroux's claims should be dismissed with prejudice because: (1) he does not specify in his list of

3

symptoms whether any of the symptoms were experienced prior to or worsened by living in the FEMA unit; (2) he states that he "does not recall" if he is making a claim for medical expenses; (3) he states that he "does not recall" whether he ever suffered from a lung or skin disease; and (4) he does not specify in certain other answers (*i.e.*, move-in date, move-out date, average number of hours spent in the unit per day, and the names of others who resided in the unit[1]) whether he is referring to the R-Vision unit or a Gulf Stream unit that is mentioned in his original PFS. *See* Movant's Reply Memorandum (Rec. Doc. 23975-4).

With regard to his symptoms and medical history, the Court finds that Mr. Poiroux has materially complied with his PFS obligations at this stage of the proceedings. His answer with regard to medical expenses ("I do not recall if I am making a claim for medical expenses.") is unacceptable. However, it does not warrant dismissal of all claims with prejudice. Rather, the Court finds that the lesser sanction of striking his claim for medical expenses to be adequate to address any prejudice regarding this response.

With regard to the move-in and move-out dates, the Court concludes that Mr. Poiroux should be given a final opportunity to clarify his answers. The Court suspects that the Gulf Stream entry in the original PFS is a clerical error, as it has appeared in the PFS of several other plaintiffs who did not reside in a Gulf Stream trailer. However, it is important that Mr. Poiroux clarify whether he lived in more than one FEMA unit and, if so, clarify the move-in date and move-out date for each unit. (Questions V.A.6 and V.A.7). Failure to answer these two questions for each FEMA unit does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2). However, move-in and move-out dates are particularly important in moving this matter toward resolution. Therefore,

---

[1] PTO No. 88 requires a plaintiff to list the names of all trailer residents only if no VIN is provided. *See* Rec. Doc. 22153. Mr. Poiroux has provided a VIN.

4

in the event that move-in and move-out dates for each FEMA unit are not provided to Liberty Mutual within fifteen (15) days, the PFS shall be deemed to state "December 1, 2006" in response to question V.A.6, seeking a move-in date for the R-Vision unit, and "January 1, 2007" in response to question V.A.7, seeking a move-out date for the R-Vision unit, resulting in a one-month stay in the R-Vision unit. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23824)**, filed by defendant Liberty Mutual Insurance Company, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Patrick Poiroux shall answer within fifteen (15) days PFS questions V.A.6 and V.A.7 with respect to each FEMA unit in which the plaintiff resided. Upon failure to do so, the R-Vision move-in date shall be deemed to be "December 1, 2006" and the R-Vision move-out date shall be deemed to be "January 1, 2007."

New Orleans, Louisiana, this  3rd  day of January, 2012.

**KURT D. ENGELHARDT**
**United States District Court**