UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                         MDL NO. 07-1873
      FORMALDEHYDE PRODUCTS
      LIABILITY LITIGATION
                                                            SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-2201

# ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 and 32 Relating to Plaintiff Fact Sheets, filed by defendant Liberty Mutual Insurance Company ("Liberty Mutual") (Rec. Doc. 23825). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 23948). Liberty Mutual has filed a reply memorandum. (Rec. Doc. 23988).

Liberty Mutual moves to dismiss the claims of the following plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Don Wilson; (2) Don Wilson on behalf of D.W.; and (3) Elica Allen on behalf of I.A..

## A. BACKGROUND:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially

1

comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days. *See* Rec. Doc. 22153.

**B. APPLICABLE LAW:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused

by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

C. **ANALYSIS:**

On May 20, 2011, counsel for Liberty Mutual sent a letter to plaintiffs' counsel stating that it had not received a completed PFS for (1) Don Wilson, (2) Don Wilson on behalf of D.W., and (3) Elica Allen on behalf of I.A., among others. *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 23825-3). In response, plaintiffs sent one-page PFS amendments that contained identifying information regarding the plaintiffs' FEMA units, but little else. *See* Exhibit C, E and G to Movant's Memorandum in Support (Rec. Doc. 23825-4, -6, -8).

In connection with their opposition to the instant motion, each of the plaintiffs provided a

3

plaintiff fact sheet, which counsel states was previously delivered to defense counsel in November 2009. *See* Exhibits A, B and C to Plaintiff's Opposition Memorandum (Rec. Doc. 23948-1, -2, -3). Nevertheless, Liberty Mutual argues that each of the plaintiff's claims should be dismissed with prejudice because they fail to provide information with regard to one or more of the following: (1) the signed certification page is either undated or dated after the date the PFS was previously submitted to liaison counsel; (2) the plaintiff states that he or she is asserting a claim for mental or emotional damages but does not specify that any psychological treatment was received; (3) the plaintiff has failed to specify that any diagnosis was received; (4) the plaintiff does not specify in the list of symptoms whether any of the symptoms were experienced prior to or worsened by living in the FEMA unit; (5) the plaintiff does not specify in certain other answers (*i.e.*, move-in date, move-out date, installation address, average number of hours spent in the unit per day, and the names of others who resided in the FEMA unit[1]) whether he or she is referring to the R-Vision unit or to a Forest River unit. *See* Movant's Reply Memorandum (Rec. Doc. 23988). In addition, the PFS of Don Wilson on behalf of D.W. remains deficient in other respects, as explained below.

With regard to Don Wilson individually and Elica Allen on behalf of I.A., the Court finds that these plaintiffs have materially complied with their PFS obligations at this stage of the proceedings, with the exception of clarifying the move-in dates and move-out dates for each of the units in which the plaintiff resided. Failure to answer these two questions for each FEMA unit does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2). However, move-in and move-out dates are particularly important in moving this matter toward resolution. Therefore, in the event that move-in and move-out dates for each FEMA unit are not provided to Liberty

---

[1] PTO No. 88 requires a plaintiff to list the names of all trailer residents only if no VIN is provided. *See* Rec. Doc. 22153. Each of the plaintiffs here has provided a VIN.

Mutual within fifteen (15) days, the PFS shall be deemed to state "December 1, 2006" in response to question V.A.6, seeking a move-in date for the R-Vision unit, and "January 1, 2007" in response to question V.A.7, seeking a move-out date for the R-Vision unit, resulting in a one-month stay in the R-Vision unit.

The PFS of Don Wilson on behalf of D.W. is less complete. For example, it fails to provide information with regard to: (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); (7) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); (8) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B); (9) a move-in date for the FEMA unit (V.A.6); (10) a move-out date for the FEMA unit (V.A.7); and (11) an installation address for the R-Vision unit (V.A.8). *See* Exhibit. B to Plaintiffs' Opposition Memorandum (Rec. Doc. 23948-2). These questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124). However, it is unclear the extent to which the fault for the continuing deficiencies lies with the plaintiff himself as opposed to counsel. Therefore, the Court

concludes that it should grant the plaintiff one final opportunity to cure his PFS deficiencies. He shall have fifteen (15) days to do so. If he fails to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2, 32 and 88, which motion shall be well received.[2] Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23825)**, filed by defendant Liberty Mutual Insurance Company, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Don Wilson individually and Elica Allen on behalf of I.A. shall answer within fifteen (15) days PFS questions V.A.6 and V.A.7 with respect to each FEMA unit in which the plaintiff resided. Upon failure to do so, the R-Vision move-in date shall be deemed to be "December 1, 2006" and the R-Vision move-out date shall be deemed to be "January 1, 2007."

**IT IS FURTHER ORDERED** that plaintiff Don Williams on behalf of D.W. shall within fifteen (15) days answer each of the twenty-three (23) key PFS questions identified in PTO No. 88. Upon failure to do so, any defendant may move for dismissal, as provided in Pre-Trial Orders Nos. 2, 32 and 88.

New Orleans, Louisiana, this __3rd__ day of January, 2012.

                                      **KURT D. ENGELHARDT**
                                      **United States District Court**

---

[2] In the renewed motion to dismiss, if any, in lieu of resubmitting exhibits and restating the history giving rise to the motion, the movant may refer to the instant motion and supporting memoranda, including exhibits, *provided that the movant do so by record document number*.