UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                          MDL NO. 07-1873
       FORMALDEHYDE PRODUCTS
       LIABILITY LITIGATION
                                    SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case Nos. 09-5847

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration and in the Alternative Motion for New Trial, filed by plaintiff Ora Brock, individually and on behalf of Lionel Brock (deceased) (Rec. Doc. 23689).  Recreation by Design, LLC ("RBD") has filed a memorandum in opposition to the motion. (Rec. Doc. 23940).

## I.  BACKGROUND:

The movant seeks reconsideration of an Order and Reasons, dated November 2, 2011 (Rec. Doc. 23389), dismissing the claims of Ora Brock, individually and on behalf of Lionel Brock.  In that ruling, the Court granted a motion to dismiss the movant's claims with prejudice on the ground that she had failed to comply with the Court's orders by failing to produce a Plaintiff Fact Sheet. (Rec. Doc. 23080).  Plaintiffs did not submit any memoranda in opposition to the motion.

### A.  The FEMA Trailer Formaldehyde Products Liability Litigation:

This multi-district litigation ("MDL"), referred to as *In Re: FEMA Trailer Formaldehyde Products Liability Litigation*, has been active since October 24, 2007.  The plaintiffs are individuals who resided in emergency housing units provided by the Federal Emergency Management Agency ("FEMA") after Hurricanes Katrina and Rita.  In general, they claim injuries resulting from alleged

exposure to the release of formaldehyde and/or formaldehyde vapors in these units.  Plaintiffs have

sued over 100 entities, including the Government.  In all, 4693 cases are associated with this MDL,

with 4103 of them still pending.  *See* Joint Report No. 25 of Liaison and Government Counsel (Rec.

Doc. 22939).  It has been estimated that more than 66,000 plaintiffs have submitted a Plaintiff Fact

Sheet.  *See* Minutes to Status Conference (Sept. 16, 2011, 10:00 a.m.).

**B.   Procedure for Dismissal of Claims for Failure to Comply with Discovery:**

A litigation of this size and complexity requires a well drawn case management structure.

To this end, shortly after the creation of the MDL, this Court issued Pre-Trial Order No. 2,

mandating that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet

(PFS), within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan.

30, 2008). This Order, which reflected an agreement among the parties regarding case management,

provided in section III(D) a "Procedure for Dismissal of Claims for Failure to Comply with

Discovery." *See* Rec. Doc. 87 at pp. 8-9.  The Court reiterated this procedure in Pre-Trial Order No.

32 (Rec. Doc. 1180, signed Mar. 18, 2009).  According to the procedure, "[w]hen any plaintiff has

failed to materially comply with his or her obligations under this Order to submit a completed PFS

within the timelines established herein, a counsel representing a Defendant shall send to Plaintiff's

Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining

the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5.   This deficiency letter must identify

the deficiency and notify the plaintiff that he or she "will have thirty (30) days to cure the alleged

material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate

showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable

Orders." *Id.*  In Pre-Trial Order No. 88, the Court temporarily narrowed the PFS deficiency process

2

to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and, for deficiency notices served after March 24, 2011, extended the time for curing deficiencies by an additional thirty days. *See* Rec. Doc. 22124 (signed June 24, 2011), as corrected in Rec. Doc. 22153.

### C. **The Movant's Asserted Bases for New Trial:**

In the instant motion, the movant seeks relief pursuant to Rule 59(e) and under Rule 60(b) on the ground that plaintiff's counsel did not file an opposition to RBD's motion to dismiss because it was unaware of the motion. Movant's counsel asserts that it was unaware of the motion because RBD filed its motion in the MDL Master Docket (MDL No. 07-1873) in this Court, rather than the Parish of Orleans CDC state court docket (2009-07920, Sect. 11-G), or in the individual member case docket in this Court (09-5847). Movant's counsel further asserts that he did not receive any notice prior to the filing of the motion and "never received notice that a Motion to Dismiss had been filed." (Rec. Doc. 23689-1 at pp. 6, 9).

## II. **APPLICABLE LAW:**

A motion asking that the court reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order or proceeding" under Federal Rule of Civil Procedure 60(b). Which rule applies depends upon when the motion was filed. *Texas A & M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment or order at issue, the motion can be brought under Rule 59(e). Fed. R. Civ. P. 59(e). If it is filed after that time, it falls under Rule 60(b). *Texas A & M,* 338 F.3d at 400. Here, the motion was filed on November 30, 2011, precisely twenty-eight days after entry of

3

the Court's rulings on November 2, 2011.  Thus, it qualifies as a motion to alter or amend under Rule 59(e).  Nevertheless, because the movant presents arguments under both Rule 59(e) and Rule 60(b), the Court will evaluate the motion under the standards of each Rule, respectively, to determine whether relief is warranted under either.

### A. **Rule 59(e)**:

"A motion to reopen a case under Rule 59(e), though subject to much more stringent time limitations than a comparable motion under Rule 60(b), is not controlled by the same exacting substantive requirements." *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173-74 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).  "Unlike Rule 60(b), Rule 59(e) does not set forth any specific grounds for relief." *Id.*

The Fifth Circuit has stated repeatedly that "Rule 59(e) relief is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp Inc.*, 342 F.3d 563, 567 (5th Cir.2003); *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010); *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) ("A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'"); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004) (a Rule 59(e) motion "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence"), *cert. denied*, 543 U.S. 976 (2005); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) ("[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must

present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued.") (internal quotations omitted).[1]

In exercising its discretion under Rule 59(e), the court "must strike the proper balance between two competing imperatives:  (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).  In balancing these interests, courts consider the following non-inclusive factors: "(1) the reasons for the plaintiffs' default, (2) the importance of the evidence to the plaintiffs' case, (3) whether the evidence was [previously] available to plaintiffs ..., and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened."  *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir.1994); *see also Texas A & M Research,* 338 F.3d at 400-01.

**B.  Rule 60(b):**

In deciding a motion for relief from judgment under Rule 60(b), the court "must engage in the same balancing of competing interests" as under Rule 59(e).  *Edward H. Bohlin Co.*, 6 F.3d at 356.  However, unlike Rule 59(e), Rule 60(b) "sets forth specific grounds for relief," making a motion under it "subject to unique limitations that do not affect a 59(e) motion."  *Id.*  Rule 60(b) permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under

---

[1]  However, at least one panel of the Fifth Circuit has suggested that "[t]his standard is too stringent," opting instead for a balancing of equitable factors.  *See Estate of Sturges v. Moore*, 73 Fed. Appx. 777, 2003 WL 22100834 at *1 (5th Cir. 2003) (unpublished opinion). Which standard applies is not dispositive here, for even under the more lenient approach of balancing the equities, the Court does not find relief under Rule 59(e) to be warranted, as discussed more fully below.

Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).   Here, the movant argues that she qualifies for relief under Rule 60(b)(1), allowing relief from judgment in the case of "mistake, inadvertence, surprise, or excusable neglect," and under the omnibus provision of Rule 60(b)(6), which allows relief for "any other reason that justifies relief."

"Several factors shape the framework of the court's consideration of a 60(b) motion:   '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.' " *Edward H. Bohlin Co.*, 6 F.3d at 356 (quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984).

1.  Rule 60(b)(1):  Mistake, Inadvertence, Surprise, or Excusable Neglect:

"While Rule 60(b)(1) allows relief for 'mistake, inadvertence ... or excusable neglect,' these terms are not wholly open-ended." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir.1985).

The Fifth Circuit has made clear that relief under Rule 60(b) is an extraordinary remedy, which will be granted only in "unusual or unique circumstances." *Id.* at 286.[2] "Gross carelessness is not enough.  Ignorance of the rules is not enough, nor is ignorance of the law." *Id.* (citation omitted). Indeed, the Fifth Circuit has stated that "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co.*, 6 F.3d at 357.  Likewise, "the fact that a litigant is personally uninformed as to the state of the matters before the court pertaining to his case is not sufficient to constitute the excusable neglect warranting relief from summary judgment contemplated by Rule 60(b)." *Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471-72 (5th Cir. 1989); *see also Edward H. Bohlin Co.*, 6 F.3d at 357 ("A party has a duty of diligence to inquire about the status of a case...."); *Pryor*, 769 F.2d at 287 ("This Court has pointedly announced that a party has a duty of diligence to inquire about the status of a case....").  Once it is established that a party's neglect "was at least a partial cause of its failure to respond," the moving party then has "the burden to convince the court that its neglect was excusable."  *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 939 (5th Cir. 1999).

In *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), faced with determining whether an attorney's neglect was "excusable" within the context of the Bankruptcy Rules, the Supreme Court provided useful guidance for determining

---

[2]  *See also Petter v. Bickham* (*In re Pettle*), 410 F.3d 189, 191 (5th Cir. 2005) ("We have consistently held that the 'relief under Rule 60(b) is considered an extraordinary remedy [and that] "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." ' ") (quoting *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.1998) (citation omitted)); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d at 355-57 ("Rule 60(b) relief will only be afforded in 'unique circumstances.'").

"excusable neglect" under Rule 60(b)(1).  The Court stated: "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Id.*  Such circumstances "include ... the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.*; *see also Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002) (citing *Pioneer* in the context of Rule 60(b)(1)), *cert. denied*, 537 U.S. 1181 (2003).

Finally, in the context default judgments, the Fifth Circuit has "directed district courts to consider three factors in determining whether sufficient grounds exist for setting aside a default judgment under Rule 60(b)(1):  '(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of [the] defendant's conduct."  *Rogers*, 167 F.3d at 938-39 (quoting *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir.1985)).  "These factors are not 'talismanic.' " *Id.*  The decision is within the district court's discretion, and the court may consider other factors.  *Id.*

Here, the ruling at issue is not a default judgment against a defendant who failed to appear.  Nevertheless, as a dismissal for failure to prosecute and noncompliance with court orders, it shares at least one of the characteristics of a default judgment, namely an adjudication without full consideration of the substantive merits.  Thus, the above factors are applicable here, albeit in a slightly amended form (*i.e.,* the extent of prejudice to the *defendant*, the merits of the *plaintiff's* arguments, and the culpability of the *plaintiff's* conduct).

8

2. <u>Rule 60(b)(6) Omnibus Clause</u>:

Rule 60(b)(6) allows a court to set aside a final judgment, order, or proceeding "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).   The Supreme Court has stated that "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393; *see also Edward H. Bohlin Co.*, 6 F.3d at 357 (Clause (6) is designed "to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances."). "If a party is partly to blame for the delay, relief must be sought...under subsection (1) and the party's neglect must be excusable." *Id.* Subsection (6) applies where a party is unable to take the necessary legal action "for reasons beyond his or her control." *Id.* at 394 (citing *Klapprott v. United States*, 335 U.S. 601, 613-14 (1949) (petitioner qualified for subsection (6) and was not relegated to subsection (1) where his failure to defend against denaturalization charges was due not to neglect, but to reasons beyond his control, *i.e.*, being imprisoned, ill, and "without a lawyer in the denaturalization proceedings or funds to hire one").[3] The Fifth Circuit has stated that where a party submits previously undisclosed evidence that is "so central to the litigation that it shows the initial judgment to have been manifestly unjust," relief under rule 60(b)(6) may be proper "even though the original failure to present that information was inexcusable." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (5th Cir. 1980); *see also Lavespere*, 910 F.2d at 173.

---

[3] A Rule 60(b) motion must be brought within one year if it is based on subsection (1) ("mistake, inadvertence, surprise or excusable neglect"). Fed. R. Civ. P. 60(c)(1).  A motion under subsection (6) is not subject to this time bar.  Thus, in *Klapprott*, where the motion was filed more than one year after judgment was entered, the petitioner could qualify for relief only by establishing that he did not fall within subsection (1).

## III. <u>ANALYSIS</u>:

As set forth above, the movant seeks relief under Rule 59(e), under Rule 60(b)(1) on the basis of "mistake, inadvertence, surprise, or excusable neglect," and under the omnibus clause of Rule 60(b)(6).

### A. <u>"Excusable Neglect"</u>:

The movant steers clear making the argument directly, instead arguing obliquely that "unique circumstances" exist that justify relief under Rule 60(b)(1).   However, it is clear that the primary analysis here is one of excusable neglect.   No other Rule 60(b)(1) grounds are presented here; no mistake or inadvertence or surprise.   Rather, plaintiff's counsel neglected to file an opposition to RBD's motion to dismiss, and the question for the Court is whether that neglect was excusable.   The Court finds that it was not.

As the Supreme Court has stated, the determination of whether neglect is "excusable" is an equitable one, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.   Here, plaintiff's counsel asserts that he did not receive any notice regarding RBD's intentions to file a motion to dismiss.   (Rec. Doc. 23689-1) at p. 6.   However, the evidence is to the contrary.   RBD has presented evidence that on April 13, 2011, counsel for RBD sent via email a letter notifying counsel for plaintiff that RBD had received no PFS for Ora Brock, individually or on behalf of Lionel Brock.   *See* Exhibits B through D to RBD's Memorandum in Opposition (Rec. Doc. 23940-2 through -4).   The letter stated:   "As these plaintiffs are not in compliance with Pre-Trial Orders 2 and 32, *we intend to move for a Dismissal with Prejudice*."   *See* Exhibit B to RBD's Memorandum in Opposition (Rec. Doc. 23940-2) (emphasis added).   On April 25, 2011, counsel for RBD received electronic notification that their message to plaintiff's counsel,

while read by other recipients (*e.g.*, defense liaison counsel, plaintiff's liaison counsel, government counsel), it was "deleted without being read" by counsel for plaintiff.  *See* Exhibits E through G to RBD's Memorandum in Opposition (Rec. Doc. 23940-5 through -7).

Likewise, while counsel for plaintiff asserts that it did not receive notice from RBD that a motion to dismiss was to be filed,[4] RBD presents evidence that on September 19, 2011, counsel for RBD forwarded to plaintiff's counsel a copy of the proposed motion to dismiss and asked him to inform her as to whether he would oppose the motion.  *See* Exhibit H to RBD's Memorandum in Opposition (Rec. Doc. 23940-8).  As with the previous email notice, counsel for RBD received electronic notification that the message was in fact delivered.  *See* Exhibit H to RBD's Memorandum in Opposition (Rec. Doc. 23940-8).

Finally, movant twice argues that her counsel was unaware that a motion to dismiss had been filed because the motion "was not filed in the correct case of *Ora Brock, et al v. Recreation by Design, LLC, et al,* Civil District Court of the Parish of Orleans, State of Louisiana, Civil Action No. 2009-07920, Section 11-G."  *See* Movant's Memorandum in Support (Rec. Doc. 23689-1) at 3; *see also id.* at 8 ("The Motion to Dismiss and supporting documentation was not filed in the matter of *Ora Brock, et al v. Recreation by Design, LLC, et al,* Civil District Court of the Parish of Orleans, State of Louisiana, Civil Action No. 2009-07920, Section 11-G, thus undersigned did not receive

---

[4]  Referring to RBD's counsel's Certificate of Compliance with PTO No. 10 (requiring that a moving party's counsel contact opposing counsel before the motion is filed to determine whether the motion is opposed), the movant states: "Undersigned is confident that defense counsel would never make such a representation to this Court if that were not true.  As such, for purposes of this motion, plaintiffs will assume that it was sent but *not received by undersigned counsel*...."  (Rec. Doc. 23689-1 at 6) (emphasis added).

electronic notice of the filing.").[5]   Rather, movant argues: "It was erroneously filed in the matter of *In re: FEMA Trailer Formaldehyde Products Liability Litigation* and bearing docket number 07-1873." *Id.* at 3.   Consequently, according to the movant:  "counsel for Plaintiff never received notice that a Motion to Dismiss had been filed." *See* Movant's Memorandum in Support (Rec. Doc. 23689-1) at 9.

The Court finds it incredible that any lawyer would make such an argument.  Indeed, it is sanctionable.  First, regardless of the established procedure in this MDL, no competent attorney would attempt to file a motion in state court in a matter that had been removed to and remained pending in a United States District Court.  To suggest that the Orleans Parish proceeding was the "correct case" in which RBD's motion should have been filed is patently absurd.  Second, it has been the established procedure in this litigation for four years, as ordered by this Court, that all documents filed after the initial complaint "*are to be made on the master docket sheet '07 md 1873*' with a notation listing the cases to which the document applies."  Pre-Trial Order No. 1 (Rec. Doc. 5) at p.4, dated Nov. 6, 2007 (emphasis added).[6]  This is because all FEMA trailer formaldehyde cases have been consolidated for pre-trial purposes.  *See id.* at pp.1-2.  Thus, to argue that RBD "erroneously filed" its motion in the master docket is directly contrary this Court's Orders and

---

[5]  Elsewhere, movant states: "Defendant's Motion to Dismiss was apparently entered into the MDL case number, 07-1873, as opposed to the individual case number, 2:09-CV-05847, thus undersigned did *not* receive electronic notice of the filing of the Motion to Dismiss."  Rec. Doc. 23689-1 at 5 (emphasis in original).

[6]  When a motion is electronically filed in this MDL, the notice of the filing is electronically served on liaison counsel, who in turn transmit the notice to the appropriate members of their group.  The Court's records reflect that RBD's motion was electronically served on Plaintiffs' Liaison Counsel.  Movant has not argued or presented any evidence suggesting that Plaintiffs' Liaison Counsel failed to transmit the notice to counsel for movant.

inconsistent with the procedure that has been followed in this litigation for four years.  In fact, it is contrary to the procedure that the movant used to file the instant motion.

Thus, RBD's motion was filed properly, and the unrefuted evidence shows that at least two notices were delivered to movant's counsel regarding RBD's intention to file the motion to dismiss. In addition, notice of the motion's filing was electronically mailed to Plaintiffs' Liaison Counsel, and movant does not contend that liaison counsel failed to transmit this notice to counsel for movant. Consequently, the movant has failed to establish any basis for the Court to find that her counsel's neglect was excusable.  In his attempt to deflect the blame for his failure onto others, counsel has failed to offer any explanation of his own actions and omissions, which might have provided a basis for a finding of excusable neglect.

Moreover, other equitable considerations weigh against a finding of excusable neglect under the circumstances.  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395 ("the determination [whether neglect is excusable] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including  "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").  Here, the prejudice to RBD would be substantial if the Court were to vacate its prior ruling and reinstate the movant's claims.  The effect of granting the instant motion would be to allow the movant to proceed with her claims against RBD on the basis that she has now complied with her obligation to produce plaintiff fact sheets.  However, there is nothing in the PFS of either Ora Brock or Lionel Brock to indicate that these plaintiffs ever resided in a trailer manufactured by RBD.  The only FEMA unit listed in the PFS of Ora Brock and Lionel Brock is a Cavalier trailer with a VIN

13

that does not correspond to RBD.  *See* Exhibits A and B to Movant's Memorandum in Support (Rec. Doc. 23689-2, -3).  RBD does not manufacture trailers under the name Cavalier.

This MDL is in the final resolution phase.  RBD is proceeding to court-ordered mediation in fifteen days.  *See* Order dated Dec. 21, 2011 (Rec. Doc. 23958).  At this stage of the proceedings, if the Court were to allow the movant to proceed on her claims against RBD on the basis of plaintiff fact sheets that do not mention RBD, the Court would be placing RBD in a position of substantial and unfair prejudice.[7]  This consideration weighs heavily against granting the instant motion, especially when coupled with the circumstances surrounding the conduct of movant's counsel.  This finding is compounded by the outrageous arguments and questionable assertions of fact made in the memorandum in support of the instant motion.

Therefore, taking into account all of the circumstances surrounding the movant's omissions, and weighing all of the factors, including prejudice to the other parties in the case, both the defendants and the thousands of other plaintiffs in this litigation, the Court finds that the movants' neglect was not excusable.  Moreover, the Court does not find, under the circumstances presented here, that the interest in deciding cases on the merits outweighs the interest in the finality and predictability of the Court's orders.  Therefore, the facts and arguments presented by the movant do not justify relief under either Rule 60(b)(1) or Rule 59(e).

---

[7]  There is not sufficient time before the court-ordered mediation for RBD to prepare and file a motion for summary judgment seeking dismissal on the basis of the facts presented in the PFS.  Moreover, given that there are more than 66,000 plaintiffs waiting for resolution of this matter, which has taken more than four years to reach this phase, a continuance of the mediation schedule in order to allow such a motion to be filed simply is not feasible or fair to the other litigants.

**B.  "Manifest Injustice" and the Omnibus Clause of Rule 60(b)(6):**

Finally, the movant argues that the Court should vacate its prior ruling under Rule 59(e) or the omnibus clause of Rule 60(b)(6) based on the equities of the case.  As discussed above, Rule 60(b)(6) is an omnibus clause designed "to cover unforeseen contingencies — a means to accomplish justice under exceptional circumstances."  *Edward H. Bohlin Co.*, 6 F.3d at 357.  The Supreme Court has stated that this clause allows a court to set aside an order where the movant shows "'extraordinary circumstances' suggesting that the party is faultless in the delay."  *Pioneer Inv. Servs. Co.*, 507 U.S. at 393.  "If a party is partly to blame for the delay," then subsection (6) does not afford relief.  *Id.*  The Fifth Circuit has stated that relief under rule 60(b)(6) may be proper regardless of fault if the motion is based on new evidence that is "so central to the litigation that it shows the initial judgment to have been manifestly unjust."  *Good Luck Nursing Home*, 636 F.2d at 577.  The instant motion does not satisfy either of these standards.  The movant (through counsel) is to blame for her omission, and as discussed above, her proffered reasons for the omission do not show the Court's initial ruling to have been manifestly unjust.

Rule 59(e) "is not controlled by the same exacting substantive requirements" as Rule 60(b).  *Lavespere*, 910 F.2d 167, 173-74.  Thus, the Court has discretion under Rule 59(e) to alter its previous rulings if the equitable considerations show that justice requires it.  However, having weighed all of the circumstances presented, the Court does not find that the facts here merit relief under Rule 59.  For all of the reasons discussed in detail above, the Court finds that the just result is for its prior ruling to stand.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration and in the Alternative Motion for New Trial (Rec. Doc. 23689), filed by plaintiff Ora Brock, individually and on behalf of Lionel Brock, is **DENIED**.

New Orleans, Louisiana, this __5th__ day of January, 2012.

_____

**KURT D. ENGELHARDT**
**United States District Court**

16