UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE PRODUCTS<br>LIABILITY LITIGATION | *<br>*<br>*<br>*<br>* | MDL NO. 18731<br><br>SECTION "N" (5)<br><br>JUDGE ENGELHARDT |
| THIS DOCUMENT IS RELATED TO:<br>*Robert Moise Legendre, et al. v. Morgan Buildings<br>& Spas, Inc., et al.*, EDLA No. 10-3831 | *<br>*<br>*<br>* | MAGISTRATE CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION OF DEFENDANT,
MORGAN BUILDINGS & SPAS, INC.'S MOTION TO DISMISS WITH PREJUDICE
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO
PLAINTIFFS FACT SHEETS**

Plaintiffs in the referenced matter respectfully oppose the defendant, Morgan Buildings & Spas, Inc.'s and Morgan Building Systems, Inc.'s ("Morgan") Motion to Dismiss the claims of two plaintiffs named in this matter, Audrey V. Randazzo and Louis Randazzo, Sr.. For the reasons set forth below, the plaintiffs submit the defendant's motion should be denied.

The plaintiffs whose claims are the subject of Morgan's motion are named in a "matching" complaint filed on October 15, 2010, pursuant to the Court's directives in Pretrial Order No. 68 (Rec. Doc. 14200).

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), the Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet (PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendant's counsel shall notify plaintiff's counsel by letter

that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180). On June 24, 2011, the Court entered Pretrial Order No. 88 (Rec. Doc. 22153), which governs the deficiency process going forward and provides the basis for any motion to dismiss for failure to cure deficiencies related to the *23 key questions* identified in that Order. As the Court noted in Pretrial Order No. 88, " the purpose behind this procedure is for the parties to develop an information database in order to consider global resolution of claims in this MDL."

The alleged deficiencies identified in Morgan's motion to dismiss in the cases of Audrey and Louis Randazzo have to do with their inability to supply answers to all parts of Section V.A.1-4, all "key questions" under Pretrial Order No. 88. Morgan also complains that Louis Randazzo failed to check off whether he lived in a travel trailer or manufactured home (Section V.A.5.), but this is not a "key question," and should not serve as a basis for dismissing his claim under Pretrial Order No. 88. At any rate, Audrey Randazzo, Louis Randazzo's spouse, did answer this question and identified the EHU as a travel trailer. *See* Exhibit B, attached to Morgan's Motion to Dismiss, at Rec. Doc. 23930-3, at 12, 14*,* and Exhibit C, at 41.

Morgan faults the Randazzos for answering that they "do not know" or were "unable to obtain from FEMA" the VIN number for the EHU, their FEMA identification numbers and Bar Code numbers for their Morgan EHU. *See* Exhibit B, attached to Morgan's Motion to Dismiss, at Rec. Doc. 23930-3, at 11*,* and Exhibit C, at 38. However, lack of knowledge of the information requested according to Pretrial Order No. 88 can be an accurate response to a question. Further, the plaintiffs

submit and attach hereto the supplemented Plaintiff Fact Sheets for Mr. and Mrs. Randazzo[1] which now reflect that the VIN number for their EHU was **5CZ200R2861119708**. According to the VIN matching data provided to all counsel by the PSC, the VIN number pattern for the Randazzo's EHU confirms that it was manufactured by Recreation By Design, an EHU which Morgan admits it procured and/or labeled and distributed.[2]

| 5CZ200R########## | Recreation by Design, LLC |
|---|---|

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

---

[1]   Exhibits 1 and 2, respectively, attached.

[2]   *See* Exhibit D, attached to Morgan's motion, Rec. Doc. 23930-3, at 69-70.

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

The Randazzo's are elderly, Mr. Randazzo is now 81 and Mrs. Randazzo is now 74. But for the difficulty the had previously with FEMA in their attempt to obtain the information sought under the PFS Section V.A.1-4, their responses to other questions in their PFS's are thorough and complete. They have now cured the deficiency complained of by Morgan and, as it turns out, the EHU they resided in was one procured by Morgan.

Morgan has not explained how it will be prejudiced now that the missing information verifying the Randazzo's EHU as a Recreation By Design/Morgan trailer has been provided, particularly since the overriding goal of current discovery, as outlined by the Court in its Pretrial Order No. 88, is to develop an information database in order to consider global resolution of claims in this MDL, which process is now underway.

Therefore, for the reasons discussed herein, the plaintiffs submit the Court should deny the defendant's motion to dismiss the claims of Audrey V. Randazzo and Louis Randazzo, Sr..

>Respectfully submitted,
>
>LAW OFFICES OF SIDNEY D. TORRES, III,
>*A PROFESSIONAL LAW CORPORATION*
>
>By:     s/ Roberta L. Burns
>LAW OFFICES OF SIDNEY D. TORRES, III,
>*A PROFESSIONAL LAW CORPORATION*
>SIDNEY D. TORRES, III, La. Bar No. 12869
>ROBERTA L. BURNS, La. Bar No. 14945
>Torres Park Plaza
>8301 West Judge Perez Drive, Suite 303
>Chalmette, LA 70043
>Telephone: (504) 271-8421
>Facsimile: (504) 271-1961
>E-mail:      storres@torres-law.com
>                   rburns@torres-law.com
>**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

>          s/ Roberta L. Burns
>**ROBERTA L. BURNS**