UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCT LIABILITY LITIGATION | MDL NO. 1873<br><br>SECTION "N-5"<br><br>JUDGE ENGELHARDT<br>MAG. JUDGE CHASEZ |

THIS DOCUMENT IS RELATED TO:
*Avants v. Cavalier Home Builders, L.L.C., et al., EDLA 10-3922*
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIMS OF BRENDA SHARETT, SANDRA BROOKS, AND SHARETT BROOKS

MAY IT PLEASE THE COURT:

Plaintiffs, Brenda Sharett, Sandra Brooks, and Sharett Brooks respectfully request that this Honorable Court sever their claims from the claims of other plaintiffs in the above-captioned matter. Plaintiffs'

Brenda Sharett, Sandra Brooks, and Sharett Brooks lived in a FEMA temporary housing unit inadvertently identified as a Cavalier Home Builders unit, and now known to have been a trailer manufactured by Gulf Stream Coach, Inc. (hereinafter "Gulf Stream"). Therefore, Plaintiffs seek to (1) sever their claims from claims of other plaintiffs in the above-captioned matter, and (2) amend their cause of action to add Gulf Stream and dismiss Cavalier Home Builders, L.L.C. and Cavalier Homes, Inc. **In the instant motion, Plaintiffs only seek to accomplish step number (1).** Because Gulf Stream is not yet a party in the above-captioned matter (i.e., *Avants v. Cavalier Home Builders, L.L.C., et al*, E.D. La. 10-3922), Gulf Stream has no standing to oppose the instant motion.

Indeed, counsel for defendants in the *Avants* matter have been contacted and have expressed no opposition to the instant motion. However, in response to an e-mail notice to

liaison counsel that the instant motion would be filed as unopposed because of receipt of opposing parties' consent, manufacturing defendants' liaison counsel responded that Gulf Stream would oppose. Not only does Gulf Stream have no standing to oppose, as it is not a named defendant in the above-caption lawsuit, but counsel for Gulf Stream is using its position as liaison counsel to assert Gulf Stream's position where any other defendant manufacturer in this litigation would not have such opportunity. That is, simply because Gulf Stream's counsel happens to be liaison counsel does not somehow allow it to object when other defendant manufacturers, who are not copied on liaison counsel e-mails, would properly not have an opportunity to object.

The claims of Brenda Sharett were originally advanced in the "unmatched" complaint, *Sharett v. Alliance Homes, Inc., et al*, 09-5234. The claims of Sandra Brooks and Sharett Brooks were originally advanced in *Anderson, et al v. Alliance Homes, Inc., et al*, 09-5252. Thereafter, from information provided by these Plaintiffs in their PFS matching them to a "Cavalier" unit, the undersigned filed a "matched" amending complaint, *Avants v. Cavalier Home Builders,* 10-3922, and severed the allegations from the unmatched complaint into the matched complaint pursuant to the Court's Orders regarding matching. However, during the submission of claims in the manufactured housing settlement, it was brought to the attention of the undersigned that these plaintiffs' VIN information did not match Cavalier Home Builders, LLC, but rather the information was a match to a Gulf Stream *Cavalier* model unit.

Plaintiffs submit that such confusion between a Gulf Stream Cavalier unit and Cavalier manufactured housing unit was a mistake made in good faith. During the submission of claims in the manufactured housing settlement, thousands of plaintiffs, including movants, erroneously submitted Gulf Stream Cavalier VINs, believing that they were part of the settlement as Cavalier

manufactured housing plaintiffs. The undersigned represents that this issue has been a considerable and consistent source of confusion for plaintiffs in this litigation

In due course, Gulf Stream will have an opportunity to file either an opposition to Plaintiffs' forthcoming motion to add Gulf Stream and dismiss the Cavalier entities or a motion to dismiss, once it has been added as a defendant. However, at this point in time, Gulf Stream has no procedural right to challenge Plaintiffs' instant Motion to Sever.

WHEREFORE, Plaintiffs, Brenda Sharett, Sandra Brooks, and Sharett Brooks, respectfully pray that this Honorable Court grant the instant Motion to Sever Claims of Brenda Sharett, Sandra Brooks, and Sharett Brooks, and issue a new civil action number for these individuals from which Plaintiffs intend to file an additional motion to correct the manufacturing defendant.

Respectfully submitted:

**GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY:   s/Justin I. Woods
      GERALD E. MEUNIER, #9471
      JUSTIN I. WOODS, #24713
      Gainsburgh, Benjamin, David,
      Meunier & Warshauer, L.L.C.
      2800 Energy Centre
      1100 Poydras Street
      New Orleans, Louisiana  70163
      Telephone:   504/522-2304
      Facsimile:    504/528-9973
      gmeunier@gainsben.com
      jwoods@gainsben.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 6, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                s/Justin I. Woods
                                                JUSTIN I. WOODS, # 24713