# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER     *           MDL NO. 1873

FORMALDEHYDE PRODUCTS     *

LIABILITY LITIGATION     *           SECTION:  N, 5

                            *

This document relates to:     *

    *Amber Jones v. R-Vision, Inc.*, No. 09-7104*

    *Elica Allen v. R-Vision, Inc.*, No. 10-2201, *

    *Gwendolyn White v. R-Vision, Inc.*,     *

      No. 09-4734,     *

    *Marica Stephen v. R-Vision, Inc.*,     *

      No. 09-7917,     *

    *Marla Raffield v. R-Vision, Inc.*,     *

      No. 10-1261,     *

    *Stephanie Adkison v. R-Vision, Inc.*,     *

      No. 09-7814,     *           **JUDGE ENGELHARDT**

    **Plaintiffs Listed in Appendix "A"**     *           **MAGISTRATE CHASEZ**

                            *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## LIBERTY MUTUAL INSURANCE COMPANY'S MEMORANDUM
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT**, comes Defendant Liberty Mutual Insurance Company ("Liberty

Mutual"), as an alleged insurer of R-Vision, Inc. ("R-Vision"), and respectfully submits this

Memorandum in Support of its Motion for Summary Judgment.[1]  For the reasons set forth

herein, the plaintiffs listed in the attached Appendix "A" have no cause or right of direct action

---

[1] Liberty Mutual reserves any and all other defenses not presented in the instant motion, including but not limited to the Plaintiffs' failure to provide evidence that they resided in an R-Vision FEMA trailer or failure to provide completed and signed Plaintiff Fact Sheets as required by the Court's Pretrial Orders 2 and 32.  Liberty Mutual further reserves all of its coverage defenses and reserves the right to file additional motions for summary judgment for any plaintiffs without valid direct action claims.

against Liberty Mutual, and their claims against Liberty Mutual should be dismissed with prejudice.

## I.    SUMMARY OF ARGUMENT

Plaintiffs have named Liberty Mutual as a defendant in this MDL pursuant to La. R.S. 22:1269 (formerly La. R.S. 22:655) (the "Direct Action Statute"), in its capacity as the alleged liability insurer of the bankrupt trailer manufacturer, R-Vision, Inc.  However, Plaintiffs have no right against Liberty Mutual under the Direct Action Statute because the underlying factual dispute is not governed by the law of the State of Louisiana.  Hence, Louisiana's Direct Action Statute is inapplicable.

A plaintiff potentially has a right of action under Direct Action Statute only when one of the following requirements is satisfied: (1) the accident or injury occurred in Louisiana, (2) the policy at issue was issued in Louisiana, and/or (3) the policy was delivered in Louisiana.  None of these requirements are met in this matter.  On the contrary, the undisputed facts demonstrate that Plaintiffs' alleged accidents or injuries (exposure to formaldehyde in FEMA emergency housing units) occurred in Mississippi and Alabama, and the insurance policies at issue were not issued or delivered in Louisiana.  Accordingly, Plaintiffs have no right of direct action against Liberty Mutual as R-Vision's alleged insurer, and their claims against Liberty Mutual must be dismissed with prejudice.

## II.    FACTUAL BACKGROUND

In the captioned cases, Plaintiffs are seeking damages for alleged formaldehyde exposure while they resided in FEMA trailers supplied by Liberty Mutual's alleged insured, R-Vision.  On March 5, 2009, R-Vision filed a petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware, Case No. 09-10759.  Subsequently, the Plaintiffs filed

amended complaints in each of the captioned cases (collectively, the "Underlying Complaints"), and a Third Supplemental and Amended Administrative Master Complaint (collectively, the "Master Complaint").   In the Underlying Complaints and the Master Complaint, Plaintiffs attempt to assert Louisiana Direct Action Statute claims against Liberty Mutual in its alleged capacity as an alleged insurer of R-Vision.[2]

In each of the Underlying Complaints, Plaintiffs allege that the Insurance Defendants[3] (including Liberty Mutual) "had in full force and effect a policy of liability insurance affording coverage to the Defendant Bankruptcy Manufacturing Defendant(s)) [sic] with respect to the matters, risks and things for which this defendant is liable herein, thereby affording plaintiffs the right to proceed against this defendant insurer **under the provisions of the Louisiana Direct Action Statute, LSA-R.S. 22:655**."[4]

Further, the Administrative Master Complaint, which applies to all plaintiffs in this MDL,[5] alleges that Liberty Mutual is:

> A foreign insurance corporation licensed to do and doing business in the States of Louisiana, Mississippi, Alabama, and Texas which, at all times relevant herein, had in force and effect a policy or policies of commercial general liability insurance providing coverage to unnamed, bankrupt defendant R-Vision for the risks involved in the incident sued upon herein, including coverage for these defendants, and by the terms of which said defendant insurer is liable **to Louisiana plaintiffs** and may be sued under the **Louisiana Direct Action Statute, La. R.S. 22:1269.**[6]

---

[2] *See* Exhibits 1 – 6 and Third Supplemental and Administrative Master Complaint, Rec. Doc. 4486.

[3] The Insurance Defendants are listed in exhibits to each of the Underlying Complaints, and include Liberty Mutual.

[4] See Ex. 1, Complaint in *Amber Jones v. R-Vision, Inc.*, No. 09-7104, Paragraph I,4; Ex. 2, Complaint in *Elica Allen v. R-Vision, Inc.*, No. 10-2201, Paragraph I,4; Ex. 3, Complaint in *Gwendolyn White v. R-Vision, Inc.*, No. 09-4734, Paragraph I,4; Ex. 4, Complaint in *Marica Stephen v. R-Vision, Inc.*, No. 09-7917, Paragraph I,4; Ex. 5, Complaint in *Marla Raffield v. R-Vision, Inc.*, No. 10-1261, Paragraph I,4; Ex. 6, Complaint in *Stephanie Adkison v. R-Vision, Inc.*, No. 09-7814, Paragraph I,3 (emphases added).

[5] The Third Supplemental and Amended Administrative Master Complaint recites that it is filed on behalf of persons "who have been named in any Complaint which has been or will be consolidated or cumulated herein"  Rec. Doc. 4486, ¶1, and that the "Named Plaintiffs are those individuals and entities listed in each and every Complaint or action filed in, or transferred into, this MDL." Doc. 4486, ¶9.

[6] See Rec. Doc. 4486, ¶65 (emphasis added); *see also* Rec. Doc. 4486, ¶ 225.

The Underlying Complaints and Administrative Master Complaint therefore expressly seek claims against Liberty Mutual under the Louisiana Direct Action Statute.  The Administrative Master Complaint contains separate allegations under Mississippi and Alabama law, which do not include claims under the Direct Action Statute.[7]

In their Plaintiff Fact Sheets provided in lieu of written discovery responses, each of the Plaintiffs indicated that he or she was exposed to formaldehyde in a trailer installed in Mississippi or Alabama.  See Appendix "A"; Ex. 7 *in globo*.[8]  Plaintiffs claim that they have suffered bodily injury as a result of the alleged formaldehyde exposures at the Mississippi and Alabama locations. None of the Plaintiffs alleges any exposures or injuries in Louisiana.

Liberty Mutual issued the following policies of liability insurance to R-Vision:

1.   Policy No. TB7-141-432629-024, effective 10/30/2004 to 10/30/2005. (See Exhibit 8-A.)

2.   Policy No. TB7-141-432629-025, effective 10/30/2005 to 3/4/2007.  (See Exhibit 8-B.)

3.   Policy No. TB7-141-432629-027, effective 3/4/2007 to 3/4/2008.  (See Exhibit 8-C.)

4.   Policy No. TB7-141-432629-028, effective 3/4/2008 to 3/4/2009. (See Exhibit 8-D.)

(collectively, the "Policies".) The Policies were written and negotiated on behalf of Liberty Mutual in Indiana and issued from Liberty Mutual's sales office #412 in Mishawaka, Indiana.[9] The Policies were delivered to the named insured, "R-Vision, Inc.", at P.O. Box 4538, Elkhart,

---

[7] See Rec. Doc. 4486, ¶¶229-263.
[8] Due to the voluminous size of the Plaintiff Fact Sheets, Liberty Mutual is filing excerpts which contain the name of each Plaintiff and the installation address.  Liberty Mutual reserves the right to file the entire PFS for each Plaintiff if and as required by the Court.
[9] *See* Certified copy of Policies, Exhibits 8-A, 8-B, 8-C, and 8-D; see also Affidavit of Carol A. Hackett, Ex. "8," ¶2.

Indiana 48514 (the 2004-2007 Policies attached as Exhibits 8-A and 8-B) and 606 Nelson's Parkway, Wakarusa, Indiana 46573 (the 2007-2009 Policies attached as Exhibits 8-C and 8-D).[10] Further, the Policies list Indiana as the home state of the named insured, R-Vision, Inc.[11] Accordingly, it is undisputed that the Policies were not issued or delivered in Louisiana.

Based on the allegations of the Petition, the Policies, and Plaintiffs' discovery responses, it is undisputed that the alleged accident or injury did not occur in Louisiana, and the Policies at issue were not issued or delivered in Louisiana. None of the requisite minimum contacts for the Direct Action Statute is present and Plaintiffs have no right of direct action against Liberty Mutual under La. R.S. 22:1269.

### III.   LAW AND ARGUMENT

#### A.   <u>Summary Judgment Standard</u>

Summary judgment is appropriate if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[12] A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant.[13]

Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial.[14] The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence

---

[10] *See* Certified copy of Policies, Exhibits 8-A, 8-B, 8-C, and 8-D; see also Affidavit of Carol A. Hackett, Ex. "8," ¶4-5.
[11] *See* Affidavit of Carol A. Hackett, Ex. "8," ¶3.
[12] Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55 (1986).
[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986).
[14] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Levy v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

to establish a genuine issue.[15]   The mere existence of a scintilla of evidence in support of the non-movant's position is insufficient to defeat a properly supported motion for summary judgment.[16]   Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment.[17]

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."[18]   The governing substantive law determines the materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[19]

Additionally, where—as here—the movant will not bear the burden of proof at trial on the matter before the court on motion for summary judgment, the movant's burden on summary judgment does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim or action.   Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[20]

## B.   <u>Plaintiffs Have No Right of Direct Action Against Liberty Mutual.</u>

In the present case, Plaintiffs are asserting claims against Liberty Mutual under the Louisiana Direct Action Statute for injuries sustained in Mississippi and Alabama and under

---

[15] *Id.*

[16] *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

[17] *Travelers Ins. Co. v. Liljeberg Enter., Inc.,* 7 F.3d 1203, 1207 (5th Cir.1993).

[18] *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 588 (1986).

[19] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[20]   *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 190 (5th Cir. 1991) ("To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense.") (emphasis in original).

Policies issued and delivered in Indiana. Because the Plaintiffs have failed to meet their burden to prove a relevant nexus to the state of Louisiana, there is no right of action under the Direct Action Statute.

The Louisiana Direct Action Statute, La. R.S. § 22:1269, establishes a right of direct action against a tortfeasor's insurer under certain limited circumstances, and provides in relevant part:

> A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy[.]
> …

La. R.S. 22:1269(A),(B)(2). The Direct Action Statute further provides that "[t]his right of direct action shall exist whether or not the policy of insurance sued upon was written or delivered in the state of Louisiana and whether or not such policy contains a provision forbidding such direct action, **provided** the accident or injury occurred within the state of Louisiana."

Louisiana courts interpret this provision to mean that the Direct Action Statute only provides a right of direct action when:

- The accident or injury occurred in Louisiana,
- The policy was issued in Louisiana, and/or
- The policy was delivered in Louisiana.

*See Diamond v. Progressive Sec. Ins. Co.*, 934 So.2d 739, 742 (La. App. 1 Cir. 2006) ("To sue a liability insurer directly under the Louisiana Direct Action Statute, the accident or injury must have occurred in Louisiana or the policy must have been written or delivered in Louisiana.") (citing *Esteve v. Allstate Insurance Company*, 351 So.2d 117, 120 (La.1977) (no right of direct action against tortfeasor's liability insurer for injuries sustained in a Florida automobile accident when the policy was issued and delivered in Florida); *Spomer v. Aggressor International, Inc*.,

807 So.2d 267, 275 (La. App. 1 Cir. 2001) (direct action available where cover notes–the only evidence of the policy's coverage–were generated and delivered to the insured in Louisiana).

Under Louisiana law, a direct action plaintiff bears the burden to prove "every fact essential to [his] cause of action or right of recovery."[21]  Summary judgment is appropriate here because Plaintiffs cannot prove any of the foregoing requisites for suit under the Direct Action Statute, which are essential to their claims against Liberty Mutual.  It is undisputed that the accident or injury did not occur in Louisiana and that the policy was not issued or delivered in Louisiana.  The alleged exposures and injuries took place in Mississippi or Alabama and the Policies issued in Indiana and delivered to the named insured, R-Vision, in Indiana.  For these reasons, Plaintiffs have failed to demonstrate the required contacts with the state of Louisiana, and therefore have no right of action against Liberty Mutual under La. R.S. § 22:1269 and their claims against Liberty Mutual are due to be dismissed.

    1.  *The Alleged Exposures Did Not Take Place in Louisiana*.

Under the Direct Action Statute, as interpreted by Louisiana case law, a plaintiff will be permitted to pursue a direct action against the tortfeasor's insurer "**provided** the accident or injury occurred within the state of Louisiana."  *See* La. R.S. § 22:1269 (emphasis added); *Guess v. Read*, 290 F.2d 622, 625 (5th Cir. 1961).  In *Guess*, the plaintiff's decedent was killed in a helicopter crash in the Gulf of Mexico outside of Louisiana territorial waters.  The Fifth Circuit held that no right of direct action was available against the tortfeasor's insurer, reasoning that "[t]he Louisiana statute contains venue requirements that an action be brought in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled.  Thus is shown, we think, an intent on the part of the Louisiana Legislature that the accident or

---

[21] *See Harcrest Int'l v. M/V Keeling*, 86-2195, 1988 WL 58262, at *8-9 (E.D.La. May 26, 1988) (quoting *Vallery v. All American Life Ins. Co.*, 429 So.2d 513, 515 (La. App. 3 Cir. 1983)).

injury upon which a direct action may be maintained be one occurring within a parish of the State." *Id.* at 625; *see also Harcrest Int'l v. M/V Keeling*, 86-2195, 1988 WL 58262, at \*8-9 (E.D.La. May 26, 1988) (quoting *Vallery v. All American Life Ins. Co.*, 429 So.2d 513, 515 (La. App. 3 Cir. 1983)).   Similarly, in *Harcrest*, this Court dismissed the plaintiff's direct action claims where plaintiffs had failed to prove that the accident occurred in Louisiana.  *Id.* at \*9. The court in *Diamond* held that the plaintiff could not maintain a suit under the Direct Action Statute because "it is undisputed that Mr. Diamond's accident occurred in Alabama."  *See Diamond v. Progressive Sec. Ins. Co*., 934 So.2d 739, 742 (La. App. 1 Cir. 2006).

In this case, each of the Plaintiffs' Complaints and Plaintiff Fact Sheets establish that the exposures occurred while Plaintiffs resided in R-Vision FEMA trailers in Alabama or Mississippi. *See* Exhibit 1-6 and 7 *in globo.*  It is therefore undisputed that the accident or injury did not take place in Louisiana.

### 2.   The Policies Were Not Issued or Delivered in Louisiana.

The Direct Action Statute alternatively creates a right of direct action where the plaintiff sues an insurer under a policy that was either issued or delivered in Louisiana.  *See* La. R.S. § 22:1269; *Webb v. Zurich Ins. Co.*, 205 So.2d 398 (La. 1968).  However, these contacts are not present here either because it is undisputed that the Policies were issued and delivered in Indiana, not Louisiana.[22]

Under the Direct Action Statute, Plaintiffs bear the burden of proving that the Policies were issued or delivered in Louisiana and have failed to meet this burden.  *See Harcrest Int'l*, 1988 WL 58262 at \*8 (recognizing that "claimants in this direct action, are saddled with the burden of proving 'every fact in issue which is essential to [their] cause of action or right of recovery'" including the situs of the policy's writing or delivery).  Dismissal is appropriate here,

---

[22] *See* Exhibit 8, Affidavit of Carol A. Hackett, ¶2, 4-5; Exhibits 8A, 8B, 8C, and 8D, Policies.

as in *Harcrest,* where the insurer denied that the policy was issued or delivered in Louisiana, and the claimants had failed to introduce any evidence regarding the situs of issuance or delivery in this state. *See Id.*

Courts may consider information listed on the Policy in determining the relevant situs of issuance and delivery. For example, in *Diamond v. Progressive Sec. Ins. Co.*, the policy at issue listed the insurer's address in Philadelphia, Pennsylvania, and the address of the agent/broker was in Jackson, Mississippi. 934 So.2d 739, 742 (La. App. 1 Cir. 2006). The court concluded that the injured plaintiff had no right of direct action under these facts, because the "policy was written and delivered outside of Louisiana." *Id.* at 743. Moreover, the plaintiff's mere assertion that the vehicle was principally garaged in Louisiana, where no evidence supported that argument, was insufficient to establish that the policy was delivered in Louisiana. *Id.* at 742-43.

Similarly, in the present case, the undisputed facts demonstrate that the Policies were neither issued nor delivered in Louisiana.[23] The Policies were written and negotiated on behalf of Liberty Mutual in Indiana, issued from Liberty Mutual's office in Indiana, and delivered to R-Vision at its office in Indiana (R-Vision's home state).[24] Accordingly, there is no genuine issue of material fact that the Policies were neither issued nor delivered in Louisiana, and Plaintiffs' direct action claim against Liberty Mutual should be dismissed.

## IV.    CONCLUSION

There are no material facts in dispute. It is undisputed that the alleged accident did not occur in Louisiana and the Liberty Mutual Policies at issue were not issued or delivered in Louisiana. Accordingly, the Plaintiffs listed in Appendix "A" have no right of direct action against Liberty Mutual, and Liberty Mutual is entitled to judgment as a matter of law and

---

[23] Exhibit 8, Affidavit of Carol A. Hackett, ¶2, 4-5.
[24] *See* Exhibit 8, Affidavit of Carol A. Hackett, ¶2-5; Exhibits 8-A, 8-B, 8-C, and 8-D, Policies.

dismissal from this litigation.

Respectfully submitted,

**s/ Kristopher M. Redmann**
**KRISTOPHER T. WILSON, La. Bar #23978**
**KRISTOPHER M. REDMANN, La. Bar #18397**
**ANNE E. BRIARD, La. Bar #29102**
**LUGENBUHL, WHEATON, PECK, RANKIN &**
**HUBBARD**
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
Telephone:  (504) 568-1990
**Attorneys for Liberty Mutual Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2012 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.  I also certify that I have mailed by United States Postal Service, this filing to the following non-CM/ECF participants: **No manual participants.**

**APPENDIX "A"**
**Captioned Plaintiffs**

| | Plaintiff's Name | Caption | Installation Address from Plaintiff Fact Sheet | | | |
|---|---|---|---|---|---|---|
| 1 | Brad Franks | Amber Jones, et al. v. R-Vision, Inc. et al. | 2101 41St Ave. | Gulfport | MS | 39501 |
| 2 | Callie Coursey | Amber Jones, et al. v. R-Vision, Inc. et al. | 125 Marcie Dr. | Long Beach | MS | 39560 |
| 3 | Carla Stallworth o/b/o Kyle G. Stallworth | Amber Jones, et al. v. R-Vision, Inc. et al. | 2006 Leroy St. | Moss Point | MS | 39563 |
| 4 | Carlos Stallworth | Amber Jones, et al. v. R-Vision, Inc. et al. | 4006 Leroy Street | Moss Point | MS | |
| 5 | Debra Buckhalter | Amber Jones, et al. v. R-Vision, Inc. et al. | 1228 Woodward Ave. | Gulfport | MS | 39501 |
| 6 | Debra Buckhalter o/b/o Broderick Stapleton | Amber Jones, et al. v. R-Vision, Inc. et al. | 1228 Woodward Ave. | Gulfport | MS | 39501 |
| 7 | Debra Buckhalter o/b/o Frederick Buckwalter | Amber Jones, et al. v. R-Vision, Inc. et al. | 1228 Woodward Ave. | Gulfport | MS | 39501 |

| 8 | Elizabeth Franks | Amber Jones, et al. v. R-Vision, Inc. et al. | 6095 Duby Lane | Long Beach | MS | 39560 |
|---|---|---|---|---|---|---|
| 9 | Elizabeth Franks o/b/o Shandy Franks | Amber Jones, et al. v. R-Vision, Inc. et al. | 2101 41ST Ave | Long Beach | MS | 39560 |
| 10 | Elizabeth Franks o/b/o Shane Franks | Amber Jones, et al. v. R-Vision, Inc. et al. | 2101 41ST Ave | Gulfport | MS | 39501 |
| 11 | Erica Culpepper | Amber Jones, et al. v. R-Vision, Inc. et al. | 2215 Taylor Ave. | Pascagoula | MS | 39567 |
| 12 | Henry Dukes | Amber Jones, et al. v. R-Vision, Inc. et al. | Airport Road | Picayune | MS | 39466 |
| 13 | Kimberly Lee | Amber Jones, et al. v. R-Vision, Inc. et al. | 93 E. Rail Rd. | Gulfport | MS | 39530 |
| 14 | Kimberly Lee o/b/o Sheena Renee Thompson | Amber Jones, et al. v. R-Vision, Inc. et al. | | Gulfport | MS | |
| 15 | Kimberly Lee o/b/o Summer Park | Amber Jones, et al. v. R-Vision, Inc. et al. | | Gulfport | MS | |
| 16 | Marsha Coursey | Amber Jones, et al. v. R-Vision, Inc. et al. | 125 Marcie Dr. | Long Beach | MS | 39560 |
| 17 | Mary Culpepper | Amber Jones, et al. v. R-Vision, Inc. et al. | 2215 Taylor Ave. | Pascagoula | MS | 39567 |

| 18 | Michelle Olsen o/b/o Bryonna N. Morrow | Amber Jones, et al. v. R-Vision, Inc. et al. | 1306 Commanche Drive | Pascagoula | MS | 39581 |
| 19 | Pamela Bennett | Amber Jones, et al. v. R-Vision, Inc. et al. | | Gulfport | MS | |
| 20 | Paul Watson Jr. | Amber Jones, et al. v. R-Vision, Inc. et al. | 2310 Parsley Ave. | Pascagoula | MS | 39581 |
| 21 | Paul Watson o/b/o Jayden Watson | Amber Jones, et al. v. R-Vision, Inc. et al. | 2310 Parsley Ave. | Pascagoula | MS | 39567 |
| 22 | Sarah Lee | Amber Jones, et al. v. R-Vision, Inc. et al. | 2404 Staples Rd. | Mobile | AL | 36605 |
| 23 | Stacy Summer | Amber Jones, et al. v. R-Vision, Inc. et al. | 4525 Veteran St. Lot #7 | Pascagon | MS | 39581 |
| 24 | Thomas Culpepper | Amber Jones, et al. v. R-Vision, Inc. et al. | 2215 Taylor Ave. | Pascagoula | MS | 39567 |
| 25 | Betty Smith | Elica Allen, as Next Friend of I.A, a minor, et. al.  vs. R-Vision, Inc., et. al. | 384 Croesus St. | Biloxi | MS | 39531 |
| 26 | Billy Wilkinson | Elica Allen, as Next Friend of I.A, a minor, et. al.  vs. R-Vision, Inc., et. al. | 2404 Staples Rd. | Mobile | AL | 36605 |
| 27 | Fredrickas Smith | Elica Allen, as Next Friend of I.A, a minor, et. al.  vs. R-Vision, Inc., et. al. | 385 Croesus St. | Biloxi | MS | 39530 |

| 28 | Jacoby Smith | Elica Allen, as Next Friend of I.A, a minor, et. al.  vs. R-Vision, Inc., et. al. | 384 Creosus St. | Biloxi | MS | 39530 |
| 29 | Paul Watson o/b/o Jonathan Watson | Elica Allen, as Next Friend of I.A, a minor, et. al.  vs. R-Vision, Inc., et. al. | 2310 Parsley Ave. | Pascagoula | MS | 39567 |
| 30 | Paul Watson o/b/o Paul O. Watson III | Elica Allen, as Next Friend of I.A, a minor, et. al.  vs. R-Vision, Inc., et. al. | 2310 Parsley Ave. | Pascagoula | MS | 39567 |
| 31 | Avis L. Lindsay | Marica Stephen vs. R- Vision Inc. | 10615 Rainbows Dr. | East Irvington | AL | 36544 |
| 32 | Carol Wilkinson | Marica Stephen vs. R- Vision Inc. | 2404 Staples Road | Mobile | AL | 36605 |
| 33 | Carolyn Marie Scott | Marica Stephen vs. R- Vision Inc. | 607 261/2 Street | Gulfport | MS | 39501 |
| 34 | Chinh Pham | Marica Stephen vs. R- Vision Inc. | 8440 Hemley Street | Bayou La Batre | AL | 36509 |
| 35 | Conseka Magee o/b/o Lamone Tolliver | Marica Stephen vs. R- Vision Inc. | 2117 Trotter Street | Picayune | MS | 39466 |
| 36 | Jeffery Barrett | Marica Stephen vs. R- Vision Inc. | 10124 Bancroft St. | Bay St. Louis | MS | 39520 |
| 37 | Joan Dice Lee | Marica Stephen vs. R- Vision Inc. | 8850 Little River Road | Bayou La Batre | AL | 36509 |

| 38 | Lenwood Seaman | Marica Stephen vs. R- Vision Inc. | 13250 N. Seaman Ave. | Bayou La Batre | AL | 36509 |
| 39 | Michael Lee | Marica Stephen vs. R- Vision Inc. | 8850 Little River Road | Bayou La Batre | AL | 36509 |
| 40 | Phuong Mai | Marica Stephen vs. R- Vision Inc. | 8440 Hemley Street | Bayou La Batre | AL | 36509 |
| 41 | Robert Lee | Marica Stephen vs. R- Vision Inc. | 2404 Staples Rd. | Mobile | AL | 36605 |
| 42 | Shirley Brooks o/b/o Herbert Hayes | Marica Stephen vs. R- Vision Inc. | 2008 5th Ave. | Gulfport | MS | 39501 |
| 43 | Shirley Brooks o/b/o Kristie Hayes | Marica Stephen vs. R- Vision Inc. | 2008 5th Ave. | Gulfport | MS | 39501 |
| 44 | Steve Dice | Marica Stephen vs. R- Vision Inc. | 8850 Little River Road | Bayou La Batre | AL | 36509 |
| 45 | Than Nguyen o/b/o Thanh Steve Nguyen | Marica Stephen vs. R- Vision Inc. | 8750 W. Alba St. | Bayou La Batre | AL | 36509 |
| 46 | Than Thi Nguyen o/b/o Thanh Thi Nguyen | Marica Stephen vs. R- Vision Inc. | 8750 W. Alba St. | Bayou La Batre | AL | 36509 |
| 47 | Thanh Nguyen o/b/o Teresa Nguyen | Marica Stephen vs. R- Vision Inc. | 8750 W. Alba St. | Bayou La Batre | AL | 36509 |

| 48 | Thanh Van Nguyen | Marica Stephen vs. R- Vision Inc. | 13955 Lottie Ave. | Bayou La Batre | AL | 36509 |
| 49 | Thuy Le Pham | Marica Stephen vs. R- Vision Inc. | 8750 W. Alba St. | Bayou La Batre | AL | 36509 |
| 50 | Bich Huynh o/b/o Angelina Tran | Marla Raffield v. R-Vision | 13850 Schambeau Drive | Bayou La Batre | AL | 36509 |
| 51 | Bich-Thu Huynh | Marla Raffield v. R-Vision | 13850 Schambeau Drive | Bayou La Batre | AL | 36509 |
| 52 | Demetrius Banks | Marla Raffield v. R-Vision | 8461 Lucky Way | Bayou La Batre | AL | 36509 |
| 53 | Giang Trinh | Marla Raffield v. R-Vision | 1385 Schambeau Ave. | Bayou La Batre | AL | 36509 |
| 54 | Hardy McKinney | Marla Raffield v. R-Vision | 3681 Oregon Ave. | Coden | AL | 36523 |
| 55 | Hillary Moulder | Marla Raffield v. R-Vision | Lakeshore Road | Bay St. Louis | MS | 39520 |
| 56 | Hillary Moulder o/b/o Jaelyn Acker | Marla Raffield v. R-Vision | Lakeshore Road | Bay St. Louis | MS | 39520 |
| 57 | Justin Christian | Marla Raffield v. R-Vision | 802 McKindley | Pascagoula | MS | 39567 |

| 58 | Katherine Banks | Marla Raffield v. R-Vision | 8461 Luckyway | Bayou La Batre | MS | 36509(AL?) |
| 59 | Katherine Banks o/b/o DeAndre Banks (Deardrew) | Marla Raffield v. R-Vision | 8461 LuckyWay | Bayou La Batre | AL | 36509 |
| 60 | Katherine Banks o/b/o Landan Banks | Marla Raffield v. R-Vision | 8461 LuckyWay | Bayou La Batre | AL | 36509 |
| 61 | Kenneth Ladner | Marla Raffield v. R-Vision | 6225 W. Wittman Road | Pass Christian | MS | 39571 |
| 62 | Linda Ladner | Marla Raffield v. R-Vision | 6255 W.Wittman Road | Pass Christian | MS | 39570 |
| 63 | Michael Ladner | Marla Raffield v. R-Vision | 6225 W. Wittman Road | Pass Christian | MS | 39571 |
| 64 | Michele Ladner | Marla Raffield v. R-Vision | 6225 W. Wittman Road | Pass Christian | MS | 39571 |
| 65 | Nancy Whitfield | Marla Raffield v. R-Vision | 3861 Oregon Ave. | Coden | AL | 36523 |
| 66 | Nga Pham | Marla Raffield v. R-Vision | 13850 Schambeau Ave. | Bayou La Batre | AL | 36509 |
| 67 | Pamela Bennett | Marla Raffield v. R-Vision | 11711 Edwin Ladner Rd. | Delisle | MS | 39572 |

| 68 | Queyen Dinh | Marla Raffield v. R-Vision | 13850 Shambeau Ave. | Bayou La Batre | AL | 36509 |
| 69 | Robert Banks | Marla Raffield v. R-Vision | 8461 Lucky Way | Bayou La Batre | AL | 36509 |
| 70 | Tan Pham | Marla Raffield v. R-Vision | 8440 Hemley Street | Bayou La Batre | AL | 36509 |
| 71 | Tara Ladner | Marla Raffield v. R-Vision | 6255 W.Wittman Road | Pass Christian | MS | 39571 |
| 72 | Tara Ladner o/b/o Alexis Ladner | Marla Raffield v. R-Vision | 6255 W.Wittman Road | Pass Christian | MS | 39571 |
| 73 | Tara Ladner o/b/o Malorie Ladner | Marla Raffield v. R-Vision | 6255 W.Wittman Road | Pass Christian | MS | 39571 |
| 74 | Wayne Williams | Marla Raffield v. R-Vision | 3681 Regions Ave. | Coden | AL | 36523 |
| 75 | Alyson Ruhr | Stefanie Adkinson vs. R-Vision etal | 10329 Thirteenth Street | Bay St. Louis | MS | 39520 |
| 76 | Anthony Menotti | Stefanie Adkinson vs. R-Vision etal | 8001 Easyway Street | Irvington | AL | 36544 |
| 77 | Ashley Waters | Stefanie Adkinson vs. R-Vision etal | 7500 Penny Lane | Irvington | AL | 36544 |

| 78 | Cammie Steiner | Stefanie Adkinson vs. R-Vision etal | 25143 Albert & Cuevas Road | Kiln | MS | 39556 |
| 79 | Cammie Steiner o/b/o Cassidy Steiner | Stefanie Adkinson vs. R-Vision etal | 25143 Albert & Cuevas Road | Kiln | MS | 39556 |
| 80 | Cammie Steiner o/b/o Jace Steiner | Stefanie Adkinson vs. R-Vision etal | 25143 Albert & Cuevas Road | Kiln | MS | 39556 |
| 81 | Chad Ruhr | Stefanie Adkinson vs. R-Vision etal | 10329 Thirteenth Street | Bay St. Louis | MS | 39520 |
| 82 | Christine Poillion | Stefanie Adkinson vs. R-Vision etal | 7050 S. Hancock | Bay St. Louis | MS | 39520 |
| 83 | Colin Celino | Stefanie Adkinson vs. R-Vision etal | 9015 Orange St. | Bay St. Louis | MS | 39520 |
| 84 | Gwendolyn Ladner | Stefanie Adkinson vs. R-Vision etal | 5712 Dogwood | Bay St Louis | MS | 39520 |
| 85 | Helen M. Powell | Stefanie Adkinson vs. R-Vision etal | 4509 Dunham St. | Pascagoula | MS | 39567 |
| 86 | Hubert McKinney | Stefanie Adkinson vs. R-Vision etal | 3681 Oregan Ave | Coden | AL | 36523 |
| 87 | Kerry Cuevas | Stefanie Adkinson vs. R-Vision etal | 25143 Alvert Cuevas Rd | Kiln | MS | 39556 |

| 88 | Lenard Davis | Stefanie Adkinson vs. R-Vision etal | 268 Nixon St. | Biloxi | MS | 39530 |
| 89 | Lillie Bermond | Stefanie Adkinson vs. R-Vision etal | Oak Leaver Trailer | Waveland | MS | 39576 |
| 90 | Lisa Lee | Stefanie Adkinson vs. R-Vision etal | 419 Will Lee Rd. | Lumberton | MS | 39455 |
| 91 | Martha Ann Collier | Stefanie Adkinson vs. R-Vision etal | 4151 Heron Bay Loop Road South | Coden | AL | 36523 |
| 92 | Melissa Crowe | Stefanie Adkinson vs. R-Vision etal | 6013 E. Green Street | Bay St. Louis | MS | 39520 |
| 93 | Pheland Collier | Stefanie Adkinson vs. R-Vision etal | 4191 Heron Bay Loop Rd. South | Coden | AL | 26523 |
| 94 | Ray Seal | Stefanie Adkinson vs. R-Vision etal | 26070 Creek Cove | Perkinston | MS | 39573 |
| 95 | Robert Collier | Stefanie Adkinson vs. R-Vision etal | 4151 Heron Bay Loop Rd. South | Coden | AL | 36523 |
| 96 | Stefonie Adkison | Stefanie Adkinson vs. R-Vision etal | 8001 Easyway Street | Ervington | AL | 36544 |
| 97 | Timothy Haney Jr.  o/b/o Hevyn Haney | Stefanie Adkinson vs. R-Vision etal | 6013 E. Greene | Bay St. Louis | MS | 39576 |

| 98 | Timothy Haney Jr.  o/b/o Liberty Haney | Stefanie Adkinson vs. R-Vision etal | 6013 E. Greene | Bay St. Louis | MS | 39576 |
| 99 | Yvette Lee | Stefanie Adkinson vs. R-Vision etal | 852 Hwy 90 Bay Village | Bay St. Louis | MS | 39520 |