UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER<br>FORMALDEHYDE<br>PRODUCT LIABILITY<br>LITIGATION | : | JUDGE KURT D. ENGELHARDT |
| | : | DOCKET NO:   MDL 1873 (N-5) |

This Document Relates to:

*Angela Kaye Broadus, versus*
*Heartland Recreational Vehicles, et al*
*E.D. La. Suit No. 09-8018*        :        MAG. JUDGE ALMA L. CHASEZ

Plaintiff:  Angela Kaye Broadus

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR
FAILURE TO COMPLY WITH PRE-TRIAL ORDERS NO. 2 & 32
<u>RELATING TO PLAINTIFF FACT SHEETS</u>

MAY IT PLEASE THE COURT:

Heartland Recreational Vehicles("Heartland"), moves this Court for an Order dismissing the claims of the following plaintiff, with prejudice, for failure to comply with Pre-Trial Orders No. 2 and 32 relating to the provision of Plaintiff Fact Sheets:

- Angela Kaye Broadus (Plaintiff in *Angela Kaye Broadus v. Heartland Recreational Vehicles, et al.,* E.D. La. Suit No. 09-8018)

I.   CREATION OF MDL AND FACT SHEET PROCESS

This Multi-District Litigation was created in 2007. On January 30, 2008, the Court issued Pre-Trial Order No. 2 (PTO 2), establishing procedures for various case management issues. PTO 2 introduced the "Plaintiff Fact Sheet" (PFS), as a substitute for initial Interrogatories and Requests for Production of Documents. (Rec. Doc. 87)  PTO 2 also established a process for "curing" PFS that were not properly completed. Under PTO 2, when any plaintiff failed to

produce or complete a PFS within the timelines established by the order, counsel for the defendant was to send plaintiff's counsel a letter identifying the plaintiff's failure to produce a PFS or the deficiencies in a PFS produced by the plaintiff, and stating dismissal would be sought if the PFS was not timely produced or cured. The plaintiff was then required to submit a cured PFS within 30 days of the notification. On March 18, 2009, the Court amended PTO 2 with Pre-Trial Order No. 32 (PTO 32), which provided new deadlines within which plaintiffs were required to submit PFS to defense counsel. (Rec. Doc. 1180)

II       FACTUAL BASIS

On December 24, 2009, plaintiff filed a First Supplemental and Amending Complaint naming Heartland Recreational Vehicles as a defendant in the matter of *Angela Kaye Broadus v. Heartland Recreational Vehicles, LLC* 09-8018. (Rec. Doc. 1) According to PTO 32, plaintiffs were required to produce a PFS within 30 days of filing their lawsuit.

On April 18, 2011, counsel for defendant sent correspondence to counsel for plaintiff advising that they had not received a PFS for Angela Kaye Broadus. (Exhibit "A") To date, no response has been received.

III.     LAW AND ARGUMENT

The plaintiff identified above has failed to comply with PTO 2 and PTO 32, and this Court should dismiss her claims. Rule 41(b) of the Federal Rules of Civil Procedure provides the basis for dismissal for failure to comply with a court order. The authority is based on the court's power to manage and administer its affairs, and to ensure the orderly and expeditious disposition of cases. *Berry v. CIGNA / RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *Colle v. Brazos County, Tex.*, 981 F.2d 237, 242-243 (5th Cir. 1993). Specifically, Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a

defendant may move for dismissal of an action or of any claim against him." The established rule in the 5th Circuit is that dismissal under Rule 41(b) is appropriate when there is a clear record of delay or contumacious conduct and lesser sanctions would not serve the best interest of justice.[1]

III.   CONCLUSION

For the reasons set forth above, and in accordance with Pre-Trial Orders 2 and 32, and Fed. Rules Civ. Proc. 37(b)(2)VI and 41(b), the opposed Motion to Dismiss filed by Heartland Recreational Vehicles should be granted, dismissing the following plaintiff's claims, with prejudice.

- Angela Kaye Broadus (Plaintiff in *Angela Kaye Broadus v. Heartland Recreational Vehicles, et al.,* E.D. La. Suit No. 09-8018)

Respectfully submitted,
ALLEN & GOOCH

/s/ Lori D. Barker
BRENT M. MAGGIO, T.A., # 19959
MARK W. VERRET, #23583
LORI D. BARKER, # 31687
SCOTT F. DAVIS, # 26013
JEFFREY E. MCDONALD, #33270
3900 N. Causeway Blvd, Suite 1450
Metairie, Louisiana 70002
Tel: 504.836.5260
Fax: 504.836.5265
Attorneys for Heartland, Inc.

---

[1] *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir. 1978); *Connolly v. Papachristid Shipping Ltd.,* 504 F.2d 917 (5th Cir. 1974); *Pond v. Braniff Airways, Inc.,* 453 F.2d 347 (5th Cir. 1972); *Brown v. Thompson,* 430 F2d 1214 (5th Cir. 1970).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing pleading has been filed electronically with the Clerk of Court by using the CM/ECF system; that the foregoing pleading has been mailed electronically by the Clerk of Court to all parties who have registered to receive electronic notification; and, that notice of the filing of the foregoing pleading has been delivered by other means by the Clerk of Court to all parties who have not registered to receive electronic notification on this 10th day of January, 2012.

/s/ Lori D. Barker
LORI D. BARKER