UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | MAGISTRATE CHASEZ |
| *Helen Albarado, et al. V. Morgan Buildings & Spas,* | * | |
| *Inc., et al.*, EDLA No. 10-3702 (Henry H. | * | |
| Vandenborre, Jr. and Brian Joseph Dobronich) | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFFS' MEMORANDUM IN OPPOSITION OF DEFENDANT,
MORGAN BUILDINGS & SPAS, INC.'S MOTION TO DISMISS WITH PREJUDICE
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32 RELATING TO
PLAINTIFFS FACT SHEETS**

Plaintiffs in the referenced matter respectfully oppose the defendant, Morgan Buildings & Spas, Inc.'s and Morgan Building Systems, Inc.'s ("Morgan") Motion to Dismiss the claims of two plaintiffs named in this matter, Henry H. Vandenborre, Jr. and Brian Joseph Dobronich, for the reasons set forth below, the plaintiffs submit the defendant's motion should be denied.

**I.
INTRODUCTION**

The plaintiffs whose claims are the subject of Morgan's motion are named in a "matching" complaint filed on October 15, 2010, pursuant to the Court's directives in Pretrial Order No. 68 (Rec. Doc. 14200).

**II.
ARGUMENT AND AUTHORITIES**

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), the Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet

(PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendant's counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).  On June 24, 2011, the Court entered  Pretrial Order No. 88 (Rec. Doc. 22153), which governs the deficiency process going forward and provides the basis for any motion to dismiss for failure to cure deficiencies related to the *23 key questions* identified in that Order.  As the Court noted in Pretrial Order No. 88, " the purpose behind this procedure is for the parties to develop an information database in order to consider global resolution of claims in this MDL."

The alleged deficiencies identified in Morgan's motion to dismiss in the cases of Henry H. Vandenborre, Jr. and Brian Joseph Dobronich have to do with their alleged inability to supply answers to certain "key questions" under Pretrial Order No. 88, as well as other non-key questions.

Morgan asserts that  Henry H. Vandenborre, Jr. failed to indicate in response to Section III(C)(5), which is *not* a "key question" pursuant to Pretrial Order No. 88, when "this injury or illness first occurred."  However, Mr. Vandenborre indicated that he had not been diagnosed with cancer, the question immediately preceding Section III(C)(5) and to which  Section III(C)(5) apparently refers (it is ambiguous), therefore his failure to answer  Section III(C)(5) is justified.  *See* Exhibit C, attached to Morgan's motion at Rec. Doc. 23977-3, at 19.  Next, Morgan complains that Mr. Vandenborre "did not provide  any information concerning his past employment" in response to

2

Section IV(F). Mr. Vandenborre most certainly did provide this information: he is employed as a Constable in St. Bernard Parish, which information easily may be verified on the State Attorney General's website[1] and he is not making a lost wage claim. *See* Exhibit C, attached to Morgan's motion at Rec. Doc. 23977-3, at 21-22. Morgan then faults Mr. Vandenborre for failing to provide his height and weight in response to Section VI (A) and (B), which are not key questions, and (C) his smoking history, a key question. However, a fair review of his PFS reveals that Mr. Vandenborre *answered* Section VI (C) with "N/A" (not applicable) regarding his smoking history. He also did provide details concerning other resident smokers (Section VI(D)) which would tend to support the interpretation of Mr. Vandenborre's response to Section VI (C) that he is a non-smoker with no history to report.

Finally, on the important issue of EHU identification (Section V(A)(1)-(4)), Mr. Vandenborre did fully answer questions 1-3, providing all the information necessary for Morgan to ascertain that one of the EHU's he lived in was manufactured by Fleetwood, which make Morgan admits it procured and/or distributed.[2] Morgan complains that the FEMA bar code was not provided for this EHU but fails to explain how this is relevant to its ability to ascertain that Fleetwood manufactured Mr. Vandenborre's EHU, which it does not appear to dispute. Nonetheless, Mr. Vandenborre has amended his Fleetwood PFS, attached hereto and marked as "Exhibit 1," wherein he has included the bar code number for the Fleetwood EHU. Mr. Vandenborre also was provided two other EHU's, these manufactured by Gulfstream, which information is provided in the Gulfstream PFS attached

---

[1] Available at, http://ag.state.la.us/JPC.aspx?articleID=0&catID=11, last visited on January 10, 2012.

[2] *See* Exhibit F, attached to Morgan's motion, Rec. Doc. 23977-3, at 92.

and marked as "Exhibit 2."

Mr. Vandenborre responded fully and adequately to the key questions cited by Morgan in its motion and for the reasons above, his claims should not be dismissed.

With regard to Brian Dobronich, Morgan's only complaint is that he is unable to obtain the information necessary from FEMA to fully respond to Section V(A)(1)-(4). The rest of his PFS is fully completed in great detail. Unfortunately for Mr. Dobronich, the EHU at issue apparently was assigned to his father and he is having difficulty getting his father to obtain the necessary information from FEMA. Further, he advises that FEMA will not provide this information (FEMA identification number and/or VIN) to him. Therefore at this time he has actually answered Section V(A) by truthfully stating he "does not know" and is "unable to obtain from FEMA" the VIN number for the EHU; he states in response to Section V(A)(3) that he "did not receive" a FEMA identification number; and, he states he does not know and is "unable to obtain" from FEMA the Bar Code number. *See* Exhibit D, attached to Morgan's motion, at Rec. Doc. 23977-3, at 49. Lack of knowledge of the information requested according to Pretrial Order No. 88 can be an accurate response to a question. Mr. Dobronich responded adequately to the key questions cited by Morgan in its motion and for the reasons above, his claims should not be dismissed; rather, he should be given some additional time to obtain the requested information from FEMA through his father.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should

4

be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

Mr. Vandenborre has now cured the key-question deficiencies complained of by Morgan and

he in fact resided in a Fleetwood EHU, as one of his three EHU's, and Morgan admits it procured Fleetwood EHU's. Mr. Dobronich is still trying to obtain the information requested under Section V(A)(1)-(4), but he is reliant upon his father to retrieve that information from FEMA. He requires more time to obtain the information requested, and he is trying to obtain the information, and should be given some additional time to amend his PFS rather than have his claims dismissed at this time.

Therefore, for the reasons discussed herein, the plaintiffs submit the Court should deny the defendant's motion to dismiss the claims of Henry H. Vandenborre, Jr. and Brian Joseph Dobronich.

Respectfully submitted,

LAW OFFICES OF SIDNEY D. TORRES, III,
*A PROFESSIONAL LAW CORPORATION*

By:     s/ Roberta L. Burns
LAW OFFICES OF SIDNEY D. TORRES, III,
*A PROFESSIONAL LAW CORPORATION*
SIDNEY D. TORRES, III, La. Bar No. 12869
ROBERTA L. BURNS, La. Bar No. 14945
Torres Park Plaza
8301 West Judge Perez Drive, Suite 303
Chalmette, LA 70043
Telephone: (504) 271-8421
Facsimile: (504) 271-1961
E-mail:       storres@torres-law.com
              rburns@torres-law.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

    s/ Roberta L. Burns    
**ROBERTA L. BURNS**
