UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER                                   MDL NO. 07-1873
        FORMALDEHYDE PRODUCTS
        LIABILITY LITIGATION
                                                      SECTION "N"  (5)

THIS DOCUMENT RELATES TO
Member Case No. 09-7887

## ORDER AND REASONS

Before the Court is a Motion to Dismiss for Failure to Comply with Pre-Trial Order Nos. 2 & 32 Relating to Plaintiff Fact Sheets, filed by defendants Jayco, Inc. and Fluor Enterprises, Inc. (Rec. Doc. 23926).  Plaintiffs have filed an opposition memorandum.  (Rec. Doc. 24022).

Jayco and Fluor move to dismiss the claims of two plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets:  (1) Phillip Benoit; and (2) Ruth Bolden.

## A. **BACKGROUND**:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008).  This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery."  *See* Rec. Doc. 87 at pp. 8-9, § III(D).  The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180).  According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs

1

in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5.   This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id.*   More recently, in Pre-Trial Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days.  *See* Rec. Doc. 22153.

**B.  <u>APPLICABLE LAW</u>:**

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).   Additionally, the Fifth Circuit looks for "at least one of three aggravating factors:  '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

**C. ANALYSIS:**

On June 3, 2010, counsel for Jayco sent an email to plaintiffs' counsel stating that they had not received a PFS for:  (1) Phillip Benoit; and (2) Ruth Bolden, among others.  *See* Exhibit B to Movant's Memorandum in Support (Rec. Doc. 23926-4).  Instead, they had received only a one-page PFS amendment for these plaintiffs, which answered only seven of the twenty-three key fields. *See* Exhibits A and D to Movants' Memorandum in Support (Rec. Doc. 23926-3, -6).  Plaintiffs sent a PFS for each of the two plaintiffs, but they did not cure the deficiencies.

The deficiencies in the PFS responses of these two plaintiffs are substantial.  They fail to provide basic, core information about the plaintiffs' claims.  For example, they fail to provide information with regard to:  (1) whether the plaintiff is making a claim for medical expenses and, if so, the amount of the claim (III.C.9); (2) whether the plaintiff is making a claim for lost wages

3

and/or earning capacity and, if so, the amount of the claim (IV.F.3); (3) whether the plaintiff is making a claim for mental or emotional damages, and if so, the names of providers of psychological treatment (III.C.8); (4) whether the plaintiff has ever suffered from any skin disease or any lung or respiratory disease and if so, the name, date, and description of such illness (VI.F.1 & 4); (5) the smoking history of anyone who resides with the plaintiff or resided with the plaintiff in the FEMA housing unit (VI.D); (6) the average number of hours spent in the FEMA unit each day (V.A.13); (7) the symptoms that the plaintiff experienced while living in the FEMA unit (III.C); (8) whether any physician has diagnosed the plaintiff as having a condition resulting from living in a FEMA trailer (III.C.3 and VII.D); and (9) the name of any healthcare provider who treated the plaintiff for a condition that the plaintiff claims resulted from living in a FEMA trailer (VII.B). *See* Exhibits C and E to Movants' Memorandum in Support (Rec. Docs. 23926-5, -7). In addition, the PFS of Ruth Bolden fails to provide the plaintiff's smoking history (VI.C), and the PFS of Phillip Benoit fails to provide a move-out date for the FEMA unit (V.A.7). *Id.* All of these questions solicit vital information that this Court has identified as essential for the purpose of moving this matter toward resolution. *See* Pre-Trial Order No. 88 pp.1-2 (Rec. Doc. 22124, as corrected at Rec. Doc. 22153). Thus, the Court finds that these two plaintiffs have failed to materially comply with their obligations to submit a completed PFS. The Court further finds that the defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims.

In addition, the record shows that these two plaintiffs are personally responsible for their failure to comply with this Court's orders. The record shows that plaintiffs' counsel has tried for several weeks to reach these two plaintiffs regarding the deficiencies in their PFS responses, calling each of them twice daily. *See* Affidavit of Plaintiffs' Counsel's Project Coordinator, Exhibits A and

B to Plaintiffs' Opposition Memorandum (Rec. Doc. 24022-1, -2). Counsel has sent multiple letters to no avail. *Id.* Counsel has also performed computer-based person searches in an effort to locate the plaintiffs. *Id.* Despite counsel's efforts, these two plaintiffs have failed to provide the information necessary to cure their PFS deficiencies. Thus, the Court finds that there is a clear record of delay and contumacious conduct on the part of Phillip Benoit and Ruth Bolden, and that the blame for this delay and failure to prosecute lies with the plaintiffs themselves, not with counsel.

Further, the Court finds that lesser sanctions would not prompt diligent prosecution by these plaintiffs, given that efforts by counsel for plaintiffs and defendants have failed to motivate them to provide the missing information necessary to prosecute their claims. In addition, the Court notes that the plaintiffs were put on notice in the Pre-Trial Order (itself the product of an agreement among the parties), that failure to cure material deficiencies in the PFS would open a plaintiff to dismissal. In a matter as large and complex as this one, clearly defined case management procedures such as this one are a matter of necessity. Therefore, for all of these reasons, the Court finds that the high threshold for dismissal under Rule 41(b) has been met with regard to Phillip Benoit and Ruth Bolden. Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23926)**, filed by defendants Jayco, Inc. and Fluor Enterprises, Inc., is hereby **GRANTED**, and the claims of Phillip Benoit and Ruth Bolden are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this  11th  day of January, 2012.

**KURT D. ENGELHARDT**
**United States District Court**

5