UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | * | MDL NO. 1873 |
|     FORMALDEHYDE | * | |
|     PRODUCTS LIABILITY | * | SECTION:  N(5) |
|     LITIGATION | * | |
| | * | JUDGE: ENGELHARDT |
| This Document Relates to: | * | |
| *Avants v. Cavalier Home Builders, L.L.C.,* | * | MAG: CHASEZ |
| *et al., EDLA 10-3922* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO MOTION TO SEVER CLAIMS**

**MAY IT PLEASE THE COURT:**

Plaintiffs, Brenda Sharett, Sandra Brooks, and Sharett Brooks, seek to sever their claims from the above-captioned lawsuit and file a new, matched claim against defendant, Gulf Stream Coach, Inc. ("Gulf Stream"). Gulf Stream now appears before this Honorable Court to oppose the motion because plaintiffs have missed the deadline to match their claims pursuant to Court Order, and because Plaintiffs' claims against Gulf Stream are prescribed.

**I.    THE DEADLINE TO FILE A MATCHED COMPLAINT HAS EXPIRED.**

The plaintiffs' Motion to Sever should be denied because the plaintiffs did not "match" their claims to a particular defendant in accordance with the deadline established by the Court for doing so. On May 27, 2009, this Court issued Pretrial Order #38 (Rec. Doc. #1596), which placed on each plaintiff the burden of identifying and naming the sole manufacture responsible for erecting the travel-trailer in which he or she was housed through the Federal Emergency Management Agency ("FEMA"). On May 26, 2010, this Court issued Pretrial Order #68 (Rec. Doc. #14200), which ordered that all matching requests by plaintiffs should be received by FEMA by June 15, 2010. This order required all plaintiffs receiving responses to comply with all other Pretrial Orders – namely Orders #38 and #53 concerning the individual matching of manufacturer and contractor defendants

to the correct plaintiff parties – by August 02, 2010.[1] Pretrial Order #68 (Rec. Doc. #14200) further declared November 01, 2010, as the date by which plaintiffs had to match, and as the date on which the defendants could seek dismissal of all actions that failed to comply with Orders #38 or #68.

In this case, the plaintiffs originally filed placeholder actions, and then severed their claims in order to file a matched suit against Cavalier Home Builders, L.L.C. *See* Rec. Doc. 23996, p. 1. They subsequently learned that their claims matched not to Cavalier, but to Gulf Stream. Accordingly, they seek to repeat the process – sever from the matched claim against Cavalier, then file a matched claim against Gulf Stream. However, the time to do so has expired. In fact, more than a year has elapsed since the November 2010 deadline by which the plaintiffs had to match their claims. The plaintiffs cannot avert that deadline simply by severing their claims and filing a new lawsuit. The whole purpose of the process was to provide certainty to the parties regarding the total number of plaintiffs that had filed suit against each manufacturer defendant, and the Court provided solid a timetable in which to accomplish this certainty. The plaintiffs have missed the deadline, so they should not be allowed to file a matched complaint against Gulf Stream. Accordingly, Gulf Stream respectfully submits that the Court should deny the Motion to Sever.

**II.    THE PROPOSED PLAINTIFFS' CLAIM AGAINST GULF STREAM IS PRESCRIBED, AND THE PROPOSED NEW CLAIM WILL NOT RELATE BACK.**

Under Louisiana law, a plaintiff has one year to bring a tort suit against the alleged tortfeasor, and it runs from the date the plaintiff sustains injury or damage. La. Civ. Code. art. 3492 (2011). Here, the three plaintiffs did not specifically list the date on which their injury occurred. However, the alleged injury obviously occurred prior to or during 2009, when the three filed their placeholder actions to recover damages. *See* Rec. Doc. 23966, p. 1 (identifying *Sharett v. Alliance Homes, Inc., et al*,

---

[1] Pretrial Order #68 also allowed plaintiffs a narrow exception identified as the "last chance" process by which he or she could receive matching data after the June 15, 2010, so long as strict protocol was followed. However, motions requesting access to the "last chance" had to be received by August 02, 2010, as well.

09-5234, and *Anderson, et al v. Alliance Homes, Inc., et al*, 09-5252, as the placeholder actions for the three plaintiffs). So, at the very latest, these plaintiffs were obligated to file their tort suits by some date in 2010. However, they did not even attempt to bring suit against Gulf Stream until December 29, 2011, well after the one-year prescriptive period expired. Therefore, their claim – which has not even been filed yet – will be prescribed on its face.

### III.   CONCLUSION.

Plaintiffs' Motion to Sever should be denied. The deadline to match has expired, and the proposed new plaintiffs' claims are prescribed. Therefore, the Court should deny Plaintiffs' Motion to Sever.

                Respectfully submitted:

**DUPLASS, ZWAIN, BOURGEOIS,
PFISTER & WEINSTOCK**

s/Andrew D. Weinstock
_____

**ANDREW D. WEINSTOCK (#18495)**
**JOSEPH G. GLASS (#25397)**
3838 N. Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Telephone: (504) 832-3700
andreww@duplass.com
jglass@duplass.com

and

**SCANDURRO & LAYRISSON**
**Timothy D. Scandurro #18424**
**Dewey M. Scandurro #23291**
607 St. Charles Avenue
New Orleans, LA 70130
(504) 522-7100
(504) 529-6199 (FAX)
tim@scanlayr.com
dewey@scanlayr.com
*Counsel for Gulf Stream Coach, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of January, 2012, a copy of the foregoing Opposition to Motion to Sever Claims was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this file will be sent to all known counsel of record by operation of the court's electronic filing system.

s/Andrew D. Weinstock
_____
ANDREW D. WEINSTOCK #18495
andreww@duplass.com