UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: FEMA TRAILER  　　　　　　　　　　　　　　　　MDL NO. 07-1873
   FORMALDEHYDE PRODUCTS
   LIABILITY LITIGATION
　　　　　　　　　　　　　　　　　　　　　　　　　　　SECTION "N" (5)

THIS DOCUMENT RELATES TO
Member Case No. 10-3702

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment and Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets, filed by defendants Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. (collectively, "Morgan") (Rec. Doc. 23911). Plaintiffs have filed an opposition memorandum. (Rec. Doc. 24029).

### I. MOTION FOR SUMMARY JUDGMENT:

In the summary judgment portion of its motion, Morgan seeks to dismiss the claims of the following plaintiffs on grounds that the PFS establishes that these plaintiffs did not live in a temporary housing unit procured by Morgan: (1) Clarence Blagio; (2) Rosemary Blasio; (3) Faith Blasio; and (4) Linda Begnaud. Plaintiffs have stated that they have no evidence to contradict Morgan's evidence on this point and, therefore, do not oppose dismissal of the four plaintiffs' claims against Morgan in this matter, provided such dismissal is without prejudice to these plaintiffs' claims against any other defendant. Accordingly, for the reasons stated in Morgan's memorandum in support, this portion of the motion will be granted as unopposed.

## II. **MOTION TO DISMISS**:

In the motion to dismiss portion of the instant motion, Morgan moves to dismiss the claims of the following plaintiffs on grounds that they have failed to comply with this Court's orders by failing to cure material deficiencies in their Plaintiff Fact Sheets: (1) Jerrilyn Carnesi; (2) William Carnesi; (3) Theresa Lopez; (4) Adam Henry Patcheco; (5) Karen Patcheco; (6) Patricia Patcheco; (7) B. Vandenborre; (8); R. Vandenborre; (9) Henry Vandenborre, III; and (10) Mariana Vandenborre.

### A. **BACKGROUND**:

Shortly after the creation of this MDL, the Court issued Pre-Trial Order No. 2, which mandates that each plaintiff serve on the defendants a completed and verified Plaintiff Fact Sheet (PFS) within thirty days after transfer (or direct filing) into the MDL. (Rec. Doc. 87, signed Jan. 30, 2008). This Order, which reflected an agreement among the parties regarding case management, also established a "Procedure for Dismissal of Claims for Failure to Comply with Discovery." *See* Rec. Doc. 87 at pp. 8-9, § III(D). The Court reiterated this dismissal procedure in Pre-Trial Order No. 32 (Rec. Doc. 1180). According to the procedure, "[w]hen any plaintiff has failed to materially comply with his or her obligations under this Order to submit a completed PFS within the timelines established..., a counsel representing a Defendant shall send to Plaintiff's Counsel for the plaintiffs in question...a letter confirming the failure to timely file and/or explaining the material deficiency in the PFS." *See* Rec. Doc. 1180 at p.5. This deficiency letter must notify the plaintiff that he or she "will have thirty (30) days to cure the alleged material deficiencies, or any Defendant may thereafter move for dismissal, upon an appropriate showing that Plaintiff's claims should be dismissed for failure to comply with the Court's applicable Orders." *Id*. More recently, in Pre-Trial

Order No. 88, the Court (1) temporarily narrowed the PFS deficiency process to twenty-three "key" questions (except for cases where deficiency notices had been served and the time for curing such deficiencies already had expired) and (2) for deficiency notices served after March 24, 2011, extended the time for curing deficiencies to sixty (60) days.  *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153.

### B.  APPLICABLE LAW:

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)).  Additionally, the Fifth Circuit looks for "at least one of three aggravating factors:  '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'"  *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order."  *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994).  However, "[b]ecause the law favors the resolution of legal claims on the merits, and because

dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'"and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

### C. ANALYSIS:

Many of the alleged PFS deficiencies set forth in the instant motion address PFS questions outside the twenty-three key fields identified in Pre-Trial Order No. 88. As explained above, Pre-Trial Order No. 88 modified the PFS deficiency process by: (1) temporarily narrowing the process to twenty-three "key" questions (except for cases where deficiency notices already had been served and the time for curing deficiencies already had expired when the Order was signed); and (2) extending the time for curing deficiencies to sixty (60) days for deficiency notices served after March 24, 2011. *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153. From the time Pre-Trial Order No. 88 was signed on June 24, 2011, until May 31, 2012 (sixty days after April 1, 2012), motions to dismiss for PFS deficiencies are limited to deficiencies related to the twenty-three "key" fields set forth in Pre-Trial Order No. 88. *See id.* The one exception to this restriction is for cases where a deficiency notice already had been served and the time for curing the specified deficiencies already had expired when PTO No. 88 was signed. (Rec. Doc. 22153 at 3).

Here, Morgan's deficiency notice was served on June 17, 2011. *See* Exhibit N to Movants'

4

Memorandum in Support (Rec. Doc. 23911-5). Thus, the plaintiffs' sixty-day period for curing had not expired when Pre-Trial Order No. 88 was signed on June 24, 2011. Thus, this motion does not fall within the proviso allowing motions to dismiss for deficiencies beyond the twenty-three key fields.

### 1. **The Carnesi Plaintiffs:**

Both Jerrilyn Carnesi and William Carnesi have provided individual, meaningful answers to most of the questions presented in the PFS. Most of Morgan's complaints regarding these two plaintiffs address questions outside the twenty-three key fields, and therefore are not appropriate grounds for a motion to dismiss at this time. *See* discussion *supra* at pp. 4-5. Morgan also complains that these plaintiffs have stated that they do not know their VIN, barcode, and/or FEMA identification number and that they do not know the name of any doctor who treated them for their formaldehyde symptoms. The Court finds that these two plaintiffs have materially complied with their PFS obligations at this stage of the proceedings. The Court notes that "lack of knowledge can be an accurate response to a question." PTO No. 88 (Rec. Doc. 22124, as modified at Rec. Doc. 22153) at p.3. Here, where the plaintiffs have attempted to provide meaningful answers throughout the PFS, the Court does not find the "Don't know" answers to be non-responsive.

### 2. **Theresa Lopez:**

Most of Morgan's complaints regarding Theresa Lopez address questions outside the twenty-three key fields, and therefore are not appropriate grounds for a motion to dismiss at this time. *See* discussion *supra* at pp. 4-5. Within the twenty-three fields, Morgan complains that Ms. Lopez has failed to provide information regarding: a move-in and move-out date for the FEMA unit; whether she has ever suffered from a lung or skin disease; and how many cigarettes she formerly smoked per

day before she quit smoking. Given that Ms. Lopez is more than eighty years of age, the Court finds that she has materially complied with her PFS obligations at this stage of the proceedings, with the exception of her failure to provide a move-in date and move-out date (PFS questions V.A.6 and V.A.7). Failure to answer these two questions does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2). However, move-in and move-out dates are particularly important in moving this matter toward resolution. Therefore, in the event that Ms. Lopez does not provide a move-in date and move-out date within fifteen (15) days, her PFS shall be deemed to state "December 1, 2006" in response to question V.A.6, seeking a move-in date, and "January 1, 2007" in response to question V.A.7, seeking a move-out date, resulting in a one-month stay in the unit.

### 3. The Patcheco Plaintiffs:

Regarding the PFS of Adam Patcheco, Karen Patcheco, and Patricia Patcheco, Morgan's primary complaints are that they state that they do not know the VIN or barcode for the FEMA unit and that they do not provide a move-out date or a specific move-in date for the FEMA unit (providing only the year). Plaintiffs' counsel states that she does not oppose dismissal of these claims. If counsel now believes that her clients do not have a good faith claim against Morgan, then she should file notices of voluntary dismissal. However, the deficiencies in the PFS responses of these three plaintiffs do not meet the high threshold required for dismissal under Rule 41(b) or Rule 37(b)(2). The Court finds that these three plaintiffs have materially complied with their PFS obligations at this stage of the proceedings, with the exception of their failure to provide move-in and move-out dates (PFS questions V.A.6 and V.A.7). Failure to answer these two questions does not rise to the level necessary for dismissal under Rule 41(b) or Rule 37(b)(2). However, move-in and move-out dates are particularly important in moving this matter toward resolution. Therefore,

in the event that these three plaintiffs do not provide a reasonably precise (month and year) move-in date and move-out date within fifteen (15) days, the PFS shall be deemed to state "December 1, 2006" in response to question V.A.6, seeking a move-in date, and "January 1, 2007" in response to question V.A.7, seeking a move-out date, resulting in a one-month stay in the FEMA unit.

### 4. **The Vandenborre Plaintiffs:**

Most of Morgan's complaints regarding the Vandenborre plaintiffs (Henry Vandenborre, Jr. on behalf of B.V., Henry Vandenborre, Jr. on behalf of R.V., Mariana Vandenborre, and Henry Vandenborre, III) address questions outside the twenty-three key fields, and therefore are not appropriate grounds for a motion to dismiss at this time. *See* discussion *supra* at pp. 4-5. Within the twenty-three fields, Morgan complains that certain of the plaintiffs fail to provide a barcode; that one of the plaintiffs fails to provide a VIN; and that while all of the Vandenborre plaintiffs claim to have suffered mental or emotional damages, they either state that they "did not seek medical treatment" or simply do not list any psychological treatment provider. Also, Morgan claims that it is somehow inconsistent that Henry Vandenborre, III provides a PFS for two separate FEMA units, but the rest of the Vandenborre family claim to have resided in only one FEMA unit.

The Court finds that these plaintiffs have materially complied with their PFS obligations at this time. The PFS of Henry Vandenborre, III, indicates that he resided in a FEMA unit on Highway 90, Bay Saint Louis, Mississippi, from December 27, 2005 until February 16, 2006. *See* Exhibit Y to Movants' Memorandum in Support (Rec. Doc. 23911-7). Then, from February 16, 2006 until November 2007, he resided along with the other Vandenborre plaintiffs in a unit manufactured by Fleetwood located at 40 Madison Ave., Chalmette, Louisiana. *See* Exhibits V, W, X, Z, AA to Movants' Memorandum in Support (Rec. Doc. 23911-7). The Court finds nothing inconsistent

7

about these claims. Moreover, the dismissal procedure provided in Pre-Trial Orders Nos. 2 and 32 is directed to plaintiffs who have failed to provide a completed PFS. Alleged inconsistencies among Plaintiff Fact Sheets is not a proper basis for dismissal under this procedure. *See, e.g.,* Order and Reasons, dated Sept. 23, 2011 (Rec. Doc. 22995). Accordingly,

**IT IS ORDERED** that the **"Motion for Summary Judgment and Motion to Dismiss with Prejudice for Failure to Comply with Pre-Trial Order No. 32 Relating to Plaintiff Fact Sheets" (Rec. Doc. 23911)**, filed by defendants Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc., is hereby **GRANTED IN PART**, in that the motion for summary judgment is granted as unopposed with respect to plaintiffs Clarence Blagio, Rosemary Blasio, Faith Blasio, and Linda Begnaud, and **DENIED IN PART**, in that the motion to dismiss is denied all respects.

**IT IS FURTHER ORDERED** that the claims of Clarence Blagio, Rosemary Blasio, Faith Blasio, and Linda Begnaud are hereby **DISMISSED** as against Morgan Buildings & Spas, Inc. and Morgan Building Systems, Inc. only. Such dismissal shall not affect any claim that any plaintiff has against any other defendant.

**IT IS FURTHER ORDERED** that Theresa Lopez, Adam Patcheco, Karen Patcheco, and Patricia Patcheco shall within fifteen (15) days provide reasonably precise (month and year) answers to PFS questions V.A.6 and V.A.7. Upon failure to do so, the move-in date shall be deemed to be "December 1, 2006" and the move-out date shall be deemed to be "January 1, 2007."

New Orleans, Louisiana, this __11th__ day of January, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Court**