**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| IN RE:    FEMA TRAILER                                                     FORMALDEHYDE PRODUCTS        SECTION "N" (5) | * * * * * * * | MDL NO. 1873 LIABILITY LITIGATION  JUDGE ENGELHARDT MAGISTRATE CHASEZ |
| **THIS DOCUMENT IS RELATED TO:** *Inoka Salter, as Next Friend of C.M., a minor, et al. v. Starcraft RV, Inc., et al.* No. 10-1291 Plaintiff: Inoka Salter, as Next Friend of Caitlyn McDavell, a minor | * * * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR
RECONSIDERATION OF ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
PRETRIAL ORDERNOS. 2 & 32 RELATING TO PLAINTIFF FACT SHEETS**

COMES NOW Inoka Salter, as Next Friend of Caitlyn McDavell (hereinafter "Plaintiff") and respectfully submits this Memorandum in Support of her Motion for Reconsideration of the Order (Doc. 23879) granting Defendants', Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. and Shaw Environmental, Inc., Motion to Dismiss for Failure to Comply with Pre-Trial Orders Nos. 2 & 32 Relating to Plaintiff Fact Sheets (Rec. Doc. 23539) and, in support would show the following:

**I.    INTRODUCTION**

On November 16, 2011, Defendants Starcraft RV, Inc. ("Starcraft"), Bechtel National, Inc. and Shaw Environmental, Inc. filed a Motion to Dismiss in this action with respect Inoka Salter, as Next Friend of Caitlyn McDavell (23539).

Good cause exists for the reconsideration of said motion, because Plaintiff has substantially complied with PTO Nos. 2 and 32, as amended by PTO No. 88. Admittedly, Plaintiff's Fact Sheet is missing information because this Plaintiff has not responded to the undersigned's request for additional information.

Nevertheless, the missing information, in most instances, is not required by PTO No. 88. Thus, Plaintiff respectfully requests the court evaluate the alleged deficiency and deny Defendant's motion as to Plaintiff who has substantially complied with PTO Nos. 2 and 32, as amended by PTO No. 88.

## II.   ARGUMENT

The Fifth Circuit has held that a Motion for Reconsideration of such a judgment, provided, challenge a judgment on its merits, is to be treated as either "Motion to Alter or Amend under Rule 59(e) or Motion for "Relief from Judgment" under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990). Under Rule 60(a) if it is found that there is a clerical mistake in the judgment or order "therein arising from oversight or omission may be corrected by the Court at any time of its own initiative or on the motion of any party," relief from Judgment may be sought. Additionally, this filing is timely, as under Rule 60(c)(1), this motion is filed within one year after the date of entry of the judgment.

According to the Federal Rules of Procedure, the Plaintiff must demonstrate valid reasons to justify the Court's reconsideration of a prior ruling. The Court should refrain from altering or amending a judgment under Rule 60(a)(b) unless one of the following grounds is present:

1. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission;

2. Mistake, inadvertence, surprise, or excusable neglect;

3. Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);

4. Fraud, misrepresentation, or other misconduct of an adverse party;

5. The judgment is void;

6. The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

7. Any other reason justifying relief from operation of the judgment.

In the case sub judice, the undersigned was not aware that he needed to respond to anything until he received electronic notice of the Court's order granting the motion. Further, the moving Plaintiff has substantially complied with PTO Nos. 2 and 32 and Defendants are not entitled to the relief requested. Plaintiff's counsel filed an affidavit that indicated the information for Plaintiff Caitlyn McDavell was not available due to a mistake by staff. Staff had actually spoken to Plaintiff's mother, Inoka Salter, but had not correlated the daughter's name with the mother. The failure to provide this information was due to a mistake on the part of Plaintiff's counsel's staff not realizing they had spoken with the representative of Plaintiff. Therefore, the information was not provided.

The court has previously held, "Their failure to deliver notices intended for their client was due to a clerical error. In litigation as large and complex as this, mistakes are bound to occur." Plaintiff's counsel has attempted to minimize such mistakes with their staffing of the

case and the various safeguards which are in place.  Despite these, as the Court has noted, it is virtually impossible not to make an occasional mistake with the amount of information required in the case and the number of clients involved.

In this instance, Plaintiff Inoka Salter spoke with counsel's staff regarding her daughters Makayla Salter and Caitlyn McDavell on December 1, 2011 and December 6, 2011. Plaintiff's counsel's office simply did not correlate the two daughter's names involved to the correct plaintiff in this case.  Despite having spoken to the mother about both daughter's, staff did not realize that the one daughter they had just talked to Ms. Statler about, Caitlyn McDavell, was a plaintiff on whose behalf an affidavit stating that counsel had not been able to speak to the plaintiff or a representative of the plaintiff had just been filed.

Obviously, if staff had realized they had just talked with Caitlyn McDavell's mother, they would have provided that information to the court and opposing counsel. The fact is, very few of these type of requests for the Court to excuse a "mistake" on behalf of Plaintiff's counsel have needed to be filed despite the amount of information required to be produced and the amount of plaintiffs involved in the case. However, when a mistake such as this does occur, as the Court has noted, justice requires the excuse of the mistake by the court.

Dismissal is a harsh remedy and should only be exercised when the moving party is clearly entitled to such relief.  In this instance, the Court's Order dismissing the Plaintiff's claims herein is based on error of fact and would also result in a manifest injustice to mover.

### III. CONCLUSION

For the reasons aforesaid, Plaintiff respectfully requests that the Court grant her Motion for Reconsideration and enter an Order vacating the Order at Rec. Doc. 23879 and replacing it with an Order denying Starcraft's Motion to Dismiss for Failure to Comply with Pre-Trial Orders No. 2 and 32 Relating to Plaintiff Fact Sheets.

Respectfully submitted,

/s/ Robert C. Hilliard
**ROBERT C. HILLIARD**
**Trial Attorney in Charge for Plaintiff**
Texas State Bar No. 09677700
Southern District of TX Federal ID No. 5912
ROBERT C. HILLIARD, L.L.P.
719 S. Shoreline Boulevard, Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 882-1612
Facsimile: (361) 882-3015

**MIKAL C. WATTS**
Texas State Bar No. 20981820
Southern District of TX Federal ID No. 12419
MIKAL C. WATTS, P.C.
2506 N. Port Ave.
Corpus Christi, Texas 78401
Telephone: (800) 994-0019
Facsimile: (361) 882-1261

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading was served on all counsel of record through electronic notification pursuant to the electronic filing in the United States District Court for the Eastern District of Louisiana this 11th day of January, 2012.

/s/ Robert C. Hilliard
_____
**ROBERT C. HILLIARD**

5