UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE PRODUCTS | * | |
| LIABILITY LITIGATION | * | SECTION "N" (5) |
| | * | |
| | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | MAGISTRATE CHASEZ |
| *Jacklyn Aguilar, et al. v. Morgan Buildings* | * | |
| *& Spas, Inc., et al.*, EDLA No. 10-3732 | * | |
| (Petrina Bondio) | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MEMORANDUM IN OPPOSITION OF DEFENDANT,
MORGAN BUILDINGS & SPAS, INC.'S MOTION TO DISMISS WITH PREJUDICE
FOR FAILURE TO COMPLY WITH PRE-TRIAL ORDER NO. 32
RELATING TO PLAINTIFF FACT SHEETS**

Plaintiff, **Petrina Bondio,** in the referenced matter respectfully opposes the defendant, Morgan Buildings & Spas, Inc.'s and Morgan Building Systems, Inc.'s ("Morgan") Motion to Dismiss her claims.  For the reasons set forth below, the plaintiff submits the defendant's motion should be denied.

## I.
## INTRODUCTION

The plaintiff, **Petrina Bondio**, whose claims are the subject of Morgan's motion is named in a "matching" complaint filed on October 15, 2010, pursuant to the Court's directives in Pretrial Order No. 68 (Rec. Doc. 14200).

## II.
## ARGUMENT AND AUTHORITIES

In Pre-Trial Order No. 2 (Rec. Doc. 87), as amended in Pre-Trial Order No. 32 (Rec. Doc. 1180), the Court mandated that each plaintiff serve on defendants a completed Plaintiff Fact Sheet

(PFS), to be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34. In the event of material deficiencies in a plaintiff's PFS, the Order provides that defendant's counsel shall notify plaintiff's counsel by letter that the plaintiff has thirty days in which to cure the specified material deficiencies, after which any defendant may move for dismissal, upon an appropriate showing that the plaintiff's claims should be dismissed for failure to comply with this Court's orders. (Rec. Docs. 87 and 1180).  On June 24, 2011, the Court entered  Pretrial Order No. 88 (Rec. Doc. 22153), which governs the deficiency process going forward and provides the basis for any motion to dismiss for failure to cure deficiencies related to the *23 key questions* identified in that Order.  As the Court noted in Pretrial Order No. 88, "the purpose behind this procedure is for the parties to develop an information database in order to consider global resolution of claims in this MDL."

The alleged deficiencies identified in Morgan's motion to dismiss in the case of **Petrina Bondio** have to do with her responses to all parts of Section V.A.(1)-(4), "key questions" under Pretrial Order No. 88, while the balance of the Motion focuses on Ms. Bondio's responses, or lack thereof, to several non-key questions, *i.e.*:  Sections. III(C)(5), V(A)(11)-(12), V(B), VI(G)(1), and IX.  It is the undersigned's appreciation of the Court's orders to date that the overriding goal at this stage of the litigation is to develop an information database in order to consider global resolution of claims in this MDL, which process is now underway.  This goal prompted the Court's temporary modification of the discovery process by entry of  Pretrial Order No. 88 to identify 23 key questions in the Plaintiff Fact Sheet which plaintiffs were to answer.

Ms. Bondio's responses to key questions in Section V.A.(1)-(4) do not provide key

information concerning the VIN, FEMA identification number or Bar Code number.  Ms. Bondio states only that she had a "Morgan" EHU and the other information requested in (2)-(4) is "unknown."  *See* Exhibit A, attached to Morgan's Motion to Dismiss, at Rec. Doc. 23931-3, at 7. However, lack of knowledge of the information requested according to Pretrial Order No. 88 can be an accurate response to a question.  Plaintiff's counsel would ask that the Court provide some additional time for the plaintiff to obtain this information, if she can, from FEMA, rather than dismiss her claim at this time.  Ms. Bondio has provided responses to all other key questions and the defendant is not objecting to those responses.  In other words, Ms. Bondio has materially complied with the Court's discovery directives but apparently is having some difficulty obtaining her responses to  Section V.A.(2)-(4), which information must come from FEMA.

As for the non-key question deficiencies alleged in Morgan's motion, plaintiff submits her claim is not subject to dismissal for her alleged failure to cure these deficiencies.  As this Court has summarized in a prior order,

> Pre-Trial Order No. 88 modified the PFS deficiency process by: (1) temporarily narrowing the process to twenty-three "key" questions (except for cases where deficiency notices already had been served and the time for curing deficiencies already had expired when the Order was signed); and (2) extending the time for curing deficiencies to sixty (60) days for deficiency notices served after March 24, 2011. *See* Rec. Doc. 22124, as corrected in Rec. Doc. 22153. From the time Pre-Trial Order No. 88 was signed on June 24, 2011, until May 31, 2012 (sixty days after April 1, 2012), motions to dismiss for PFS deficiencies are limited to deficiencies related to the twenty-three "key" fields set forth in Pre-Trial Order No. 88. *See id.* The one exception to this restriction is for cases where a deficiency notice already had been served and the time for curing the specified deficiencies already had expired when PTO No. 88 was signed. (Rec. Doc. 22153 at 3).

*See* Order and Reasons in Member Case 10-3702, Rec. Doc. 24119.

Morgan's original deficiency notice was served on June 17, 2011. *See* Exhibit B to Movants'

Memorandum in Support (Rec. Doc. 23931-3, at 25- 27 ). Thus, the plaintiffs' sixty-day period for curing had not expired when Pre-Trial Order No. 88 was signed on June 24, 2011. Therefore, this motion does not fall within the proviso allowing motions to dismiss for deficiencies beyond the twenty-three key fields.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action or claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Because a dismissal with prejudice "'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,'" a dismissal under Rule 41(b) should be granted "only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (footnote omitted) (quoting *Callip v. Harris County Child Welfare Dep't,* 757 F.2d 1513, 1519 (5th Cir. 1986)). Additionally, the Fifth Circuit looks for "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.* (quoting *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)).

Federal Rule of Civil Procedure 37(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, "[b]ecause the law favors the resolution of legal claims on the merits, and because dismissal is a severe sanction that implicates due process," the Fifth Circuit has articulated four

4

factors "that must be present before a district court may dismiss a case as a sanction for violation of a discovery order": (1) the violation must result "'from willingness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;'" (2) "the violation ... must be attributable to the client instead of the attorney;" (3) the violation "'must substantially prejudice the opposing party;'" and (4) there must be no "less drastic sanction [that] would substantially achieve the desired deterrent effect." *Id.* at 1380-81 (citations omitted) (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

Ms. Bondio requests additional time to obtain the information requested under Section V.A.(2)-(4). Considering Ms. Bondio was able to provide satisfactory responses to the other key questions, she should be given the opportunity to attempt to cure these questions prior to a dismissal of her claims.

Therefore, for the reasons discussed herein, the plaintiffs submit the Court should deny the defendant's motion to dismiss the claims of **Petrina Bondio** and allow her a period of time to provide the information requested under Section V.A.(2)-(4).

Respectfully submitted,

LAW OFFICES OF SIDNEY D. TORRES, III,
*A PROFESSIONAL LAW CORPORATION*

By:   s/ Roberta L. Burns
SIDNEY D. TORRES, III, La. Bar No. 12869
ROBERTA L. BURNS, La. Bar No. 14945
Torres Park Plaza
8301 West Judge Perez Drive, Suite 303
Chalmette, LA 70043
Telephone: (504) 271-8421

5

        Facsimile: (504) 271-1961
        E-mail:       storres@torres-law.com
                      rburns@torres-law.com
        **Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of January, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are non-CM/ECF participants.

                                                                s/ Roberta L. Burns
                                                               **ROBERTA L. BURNS**