UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   FEMA TRAILER PRODUCTS<br>            LIABILITY LITIGATION<br><br>THIS DOCUMENT PERTAINS TO:<br>*Evelena Sam, et al. v. Skyline Corp., et al.*,<br>No. 09-8485.<br><br>* * * * * * * * * * * * * * * * * * * * | *   MDL NO. 07-1873<br>*<br>*   SECTION:  N "5"<br>*   JUDGE: KURT D. ENGELHARDT<br>*<br>*<br>*   MAGISTRATE JUDGE:<br>*   ALMA CHASEZ |

### OPPOSITION BY SKYLINE CORPORATION
### TO MOTION FOR LEAVE TO AMEND TO ADD PLAINTFFS

Defendant, Skyline Corporation ("Skyline") through undersigned counsel, respectfully opposes the Motion for Leave to Amend to Add Plaintiffs (Doc. No. 24018) that seeks to add Willie Washington, Sharon Washington, and Sharon Washington on behalf of D.W. ("Proposed Plaintiffs") as plaintiffs in *Evelena Sam, et al. v. Skyline Corp., et al*., No. 09-8485.  The motion should be denied because each Proposed Plaintiffs' Plaintiff Fact Sheet ("PFS") shows that they were aware of their claims that Skyline was the proper manufacturer by December 11, 2009 or February 8, 2010.  However, Proposed Plaintiffs sued another manufacturer and made no effort to correct this error for two years.  For these reasons, as more fully set forth below, the motion is not supported by "good cause" and should be denied.

**I. Statement Concerning Inaccurate "Rule 7.6 Certificate."**

Skyline's counsel never received any correspondence, telephone call, or other attempted communication concerning the motion.

963877.1

## II. Factual Background.

### A. Lawsuits.

Proposed Plaintiffs originally filed suit in *Alexander, et al. v. Gulf Stream Coach, et al.*, No. 09-8467, which was filed directly in this district on December 29, 2009.[1]  Skyline has never been a defendant in that action.

The lawsuit to which Proposed Plaintiffs seek to be added, *Evelena Sam, et al. v. Skyline Corp., et al.*, No. 09-8485, was filed directly in this district on December 29, 2009 (the same day as the *Alexander* lawsuit).  Gulf Stream has never been a defendant in that action.  There is no indication that the current fifteen (15) plaintiffs in *Sam* (all of whom apparently seek to add Proposed Plaintiffs by this motion) have any relationship with Proposed Plaintiffs.

There is no evidence that Sharon Washington, individually or on behalf of D.W., has ever filed a lawsuit against Skyline.  An individual named "Willie L. Washington" is a plaintiff in an action against Skyline's subsidiary, styled *Darlene A. Jones v. Layton Homes Corp., et al.*, No. 09-8692, filed on December 30, 2009.  The instant motion does not acknowledge this claim or suggest that this is the same person.

### B. Proposed Plaintiffs' PFS identify Skyline as the manufacturer.

The motion contends that "it has become apparent that Skyline Corporation is the proper manufacturer defendant."  Each Proposed Plaintiffs' PFS shows that this fact was "apparent" to them more than two years ago.  The PFS for Sharon Washington and Sharon Washington on behalf of D.W. (both signed on December 11, 2009) each identify "Skyline" as the manufacturer and "1SE200P206F001745" as the VIN for their unit, which appears to be a Skyline VIN.  (*See* Ex. A at p.8 – PFS for Sharon Washington; Ex. B at p.8 – PFS for Sharon Washington on behalf of D.W.)  The same PFS identify the occupants of the unit as Sharon Washington, D.W. (a

963877.1

minor), and Willie Washington, Jr. (*See* Ex. A at p.11; Ex. B at p.11.) The PFS amendment for Willie Washington is dated February 8, 2010 and identifies "Skyline" as the manufacturer. (*See* Ex. C – Amendment to PFS for Willie Washington.) Skyline has not received an original PFS for Willie Washington.

Neither the motion nor the PFS suggest that Proposed Plaintiffs resided in more than one unit.

### III. Law & Argument.

#### A. The Court's pre-trial scheduling orders pertaining to matching.

Pre-Trial Order No. 38 placed on each plaintiff the burden of identifying and naming the sole manufacturer responsible for erecting the FEMA unit in which he or she was housed, unless the plaintiff lived in more than one unit. (Doc. No. 1596). Pre-Trial Order No. 49 required that, for complaints (like those at issue here) filed or transferred to the MDL after December 9, 2009, plaintiffs "shall be matched with a specific manufacturing defendant within 45 days of the date of the filing of the Complaint," subject to extension only "for good cause shown." (Doc. No. 9808.) Finally, Amended Pre-Trial Order No. 68 provided a "last chance" matching process subject to strict requirements for plaintiffs who had trouble obtaining matching information; the deadline to participate in this process was August 2, 2010. (Doc. No. 14779.)

#### B. Standards for amendment of complaints.

Rule 16(b) "governs the amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. Sw. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16, a scheduling order "may be modified only for good cause and with the judge's consent." The party seeking to modify the scheduling order must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* at 535.

---

[1] The memorandum in support of the motion incorrectly identifies the filing date as December 29, 2011.

963877.1

3

Four factors are considered under Rule 16(b): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536. This "good cause" standard is replicated in Pre-Trial Order No. 49.

Rule 15's amendment provision applies only after the moving party demonstrates "good cause" to modify the Court's scheduling order under Rule 16. *Id*. Under Rule 15, the Court may consider equitable factors like undue delay and undue prejudice in the exercise of its discretion. *See Whitaker v. City of Houston, TX*, 963 F.3d 377, 391 (5th Cir. 1992); *see also Torch Liquidating Trust ex rel. Bridge Assoc., LLC v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009); *Lozano v. Ocwen Fed. Bank FSB*, 489 F.3d 636, 644 (5th Cir. 2007)). A plaintiff's delay can be "procedurally fatal," and the plaintiff bears the "burden of showing that they delay was due to oversight, inadvertence, or excusable neglect." *Whitaker*, 963 F.3d at 391 (internal citation omitted).

### C. The motion fails to show "good cause" for the proposed amendment.

The motion, which is one of many filed recently regarding plaintiffs who failed to comply with the Court's matching deadlines, seeks to add three new plaintiffs who have never sued Skyline and who have no connection to any of the other plaintiffs in the instant action (*Sam* (No. 09-8485)).[2] The motion and memorandum contain no particularized argument or evidence concerning Proposed Plaintiffs. Under these circumstances, leave to amend is not justified under the Court's Pre-Trial Orders or Rules 15 and 16.

The *Alexander* complaint that included Proposed Plaintiffs was filed on December 29, 2009. Thus, Proposed Plaintiffs' deadline to be matched to a single manufacturing defendant

expired on February 12, 2010.  There is no indication that Proposed Plaintiffs participated in the "last chance" matching process.  In fact, as shown by their PFS, two Proposed Plaintiffs signed PFS on December 11, 2009 that stated the unit for all three Proposed Plaintiffs were manufactured by Skyline, but proceeded to file suit against another manufacturer weeks later. The other Proposed Plaintiff, Willie Washington, identified Skyline as the manufacturer of his unit by February 8, 2010, at the latest.  Two years passed before the fifteen unrelated plaintiffs in *Sam* sought leave to amend their complaint to add Proposed Plaintiffs.

The memorandum asserts that "both of the complaints, *Sam* and *Alexander*, matters [sic] involve the same named defendants."  (Doc. No. 24018-1 at p.2.)  However, Skyline has never been a defendant in *Alexander* (No. 09-8467), and Gulf Stream has never been a defendant in *Sam* (No. 09-8485).  There is no evidence of a connection between the plaintiffs in *Sam* (the movants here) and Proposed Plaintiffs.

The Court has denied leave to amend to add plaintiffs at this stage of the MDL in identical circumstances.  *See*, *e.g.*, Doc. 22999 (denying leave to amend where motion sought to move plaintiff erroneously placed in suit against other manufacturer, despite prejudice to plaintiff).  Like that case, the "good cause" standard of Rule 16 and the Court's Pre-Trial Orders is not met here.  The motion offers no explanation for failing to timely file pleadings against Skyline, despite knowing that they had sued Gulf Stream but allegedly lived in a Skyline unit.

As the Court has recognized, "[t]he potential prejudice in allowing the amendment is enormous, and the continuance of deadlines would only serve to compound the prejudice." *Id.* at p.5. Although Proposed Plaintiffs may be barred from litigating their claim, the greater prejudice would be to Skyline and to the "thousands of plaintiffs who have complied with this Court's

---

[2] If the "Willie Washington" identified in the motion is the same person as the plaintiff in the action styled *Darlene A. Jones v. Layton Homes Corp., et al.*, No. 09-8692, filed on December 30, 2009, then the motion would be moot

963877.1

5

deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate." *Id.*

The result is the same under the Rule 15 standard because Proposed Plaintiffs' undue delay and the undue prejudice to Skyline and the other parties in the MDL. *See id.* Here, there is no explanation offered to justify the Proposed Plaintiffs' two-year delay in seeking to sue Skyline.

## IV. Conclusion.

For these reasons, Skyline respectfully requests that the Court deny the Motion for Leave to Amend to Add Plaintiffs (Doc. No. 24018) regarding Willie Washington, Sharon Washington, and Sharon Washington on behalf of D.W.

Submitted by:

s/ *Robert D. Sheesley*
LARRY FELDMAN, JR., T.A. (La. #5503)
ROBERT D. SHEESLEY (La. #31579)
**McGLINCHEY STAFFORD, PLLC**
601 Poydras Street, 12th Floor
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2800

**ATTORNEYS FOR DEFENDANT
SKYLINE CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

s/ *Robert D. Sheesley*
ROBERT D. SHEESLEY

---

because the claimant has already sued the proper alleged manufacturer.

963877.1