UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | * * * * | MDL NO. 1873 |
| | * | SECTION "N" (5) |
| | * * | JUDGE ENGLEHARDT MAGISTRATE CHASEZ |
| | * | |
| THIS DOCUMENT IS RELATED TO: | * | |
| Gary McCray, et al v. Pilgrim International, Inc., et al, 09-5991 | * * | |
| Swanica Nero, et al v. Pilgrim International, Inc., et al, 09-4730 | * * | |
| Henrietta Barnes, et al v. Pilgrim International, Inc. et al, 09-7101 | * * | |
| Mae Aaron, as Next Friend of J. A., A minor, et al v. Pilgrim International, Inc   et al, 09-7808 | * * | |
| Janice Currie, et al v. Pilgrim International, Inc., et al, 09-7909 | * * | |
| Joan Martin, et al v. Pilgrim International, Inc., et al, 10-1253 | * * | |
| Candy Dunnaway, as Next Friend of N.A., a Minor et al v. Pilgrim International, Inc., et al 10-2189 | * * * | |
| Kasinda Brumfield, as Next Friend of K.B., A minor, et al v. Pilgrim International, Inc., et al, 10-2248 | * * * | |
| | * | |

*************************************************************************

## RESPONSE OF NO OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes defendant, Crum & Forster Specialty Insurance Company ["Crum"], and for responding to the Plaintiff's Motion for Leave to File Amended Complaints [Rec. Doc. No. 23984], respectfully avers as follows:

On December 28, 2011, plaintiffs represented by Mikal C. Watts and Robert C. Hilliard moved for leave to amend the Complaints in the eight lawsuits captioned above to

add a new party, Burlington Insurance Company ["Burlington"].  Burlington was an insurer of Pilgrim International, Inc., a bankrupt trailer manufacturer, as was respondent, Crum.  In each of the eight lawsuits captioned above, plaintiffs previously sued two of Pilgrim's insurers, Crum & Forster Specialty Insurance Company and Sentry Insurance, a Mutual Company.  Crum states its response to plaintiffs' Motion for Leave as follows:

First, as to the lawsuit, *Gary McCray, et al v. Pilgrim International, Inc., et al,* No. 09- 5991, Crum has no opposition to leave to amend.

As to the other seven suits captioned above, *Nero, Currie, Barnes, Brumfield, Dunnaway, Aaron,* and *Martin,* [hereinafter referred to as "the Mixed LA-MS Lawsuits"] when plaintiff initially contacted Crum as to whether it opposed the amendment, Crum notified plaintiff that that Crum tended to disagree that Burlington should be added to the lawsuit because Crum does not believe it is a proper party in these lawsuits.  While the above captioned lawsuits were filed in the Eastern District of Louisiana, the Mixed LA-MS Lawsuits all join plaintiffs whose trailers were situated in Louisiana *and* plaintiffs whose trailers were situated in Mississippi.  The State of Louisiana provides a direct action against liability insurance companies under certain circumstance.  See Louisiana Revised Statutes 22:1269.  Mississippi gives plaintiffs no such right.  Crum believes that the plaintiffs in these matters have improperly filed direct actions in this matter, at least as to the extent of all Mississippi plaintiffs in these suits, and it questions the propriety of joining the Mississippi plaintiff who have no direct action, with Louisiana plaintiffs who may.

That said, Crum does not object to Burlington being added to the Mixed LA-MS Lawsuits and therefore it does not oppose leave. Crum does not waive its challenge to the lack of a direct action and improper joinder, which have been preserved via Crum's "Master Preservation List" of potential Rule 12 Motions and Defenses [Rec. Doc. No. 3344 including, but not limited to Paragraph Nos. 24 and 25]. Further, challenging a plaintiff's right to a direct action against an insurance company amounts to a standing challenge per Rule 12(b)(1) and is not waivable See *Essex, Inc. Co. v. Bayou Concession Salvage, Inc.,* 942 F. Supp. 258 (E.D. La. 1996); *Sercovich v. State Farm Mutual Automobile Insurance Company,* 1999 WL 993639 (E.D. La. 1999). Crum reserves the right to challenge the attempted direct action by Mississippi plaintiffs and the joinder of Louisiana and Mississippi plaintiffs in this lawsuit at a more appropriate time. With this reservation, Crum does not oppose plaintiffs' leave of court in the present Motion.

Plaintiffs' Motion for Leave included a Notice of Submission setting the hearing in this matter for January 25, 2012.

Respectfully submitted:

**CERTIFICATE OF SERVICE**

I CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON COUNSEL FOR ALL PARTIES BY EMAIL THROUGH THE COURT'S ELECTRONIC CASE FILING SYSTEM (ECF) ON THIS  13th  DAY OF   January  , 2012.

____/s Eric B. Berger_____

____/s Eric B. Berger_____
SIDNEY J. ANGELLE, #1002
ERIC B. BERGER, #26196
LOBMAN, CARNAHAN, BATT,
ANGELLE & NADER
400 POYDRAS STREET, SUITE 2300
NEW ORLEANS, LOUISIANA  70130
(504) 586-9292   FAX (504) 586-1290

3