IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873<br><br>Section "N" (5) |
| This document relates to<br>CA 10-3745; Melody Ann Conrad, et al. v. Lakeside Park Homes, Inc., et al.<br>Plaintiff#1 Melody Ann Conrad<br>Plaintiff #2 Kayle Lynn Deffes<br>Plaintiffs #3-6 Debra Johannessen, Ashley Johannessen And Paul Johannessen | Judge Kurt D. Engelhardt<br>Magistrate Alma L. Chasez |

## AGBAYANI CONSTRUCTION CORPORATION'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO PROVIDE PLAINTIFF FACT SHEETS

Defendant Agbayani Construction Corporation ("Agbayani") files this Memorandum in Support of Motion to Dismiss for Failure to Provide Plaintiff Fact Sheets of Plaintiffs Melody Ann Conrad, Kayle Lynn Deffes, Debra V. Johannessen, Paul Johannessen Sr., Ashley Johannessen, and Paul A. Johannessen, as follows.

**I.**

On October 15, 2010, a case numbered and styled Civil Action No. 10-3745; *Melody Ann Conrad, et al. v. Lakeside Park Homes, Inc., et al.* was filed in the Eastern District of Louisiana. This case was eventually transferred into the above MDL case, Case No. 07-1873; *In re FEMA Trailer Formaldehyde Product Liability Litigation* ("MDL Litigation"). Plaintiffs Melody Ann Conrad, Kayle Lynn Deffes, Debra V. Johannessen, Paul Johannessen, Sr., Paul Johannessen, Sr. on behalf of Ashley Johannessen, and Paul Johannessen, Sr. on behalf of Paul A. Johannessen (the "*Conrad* Plaintiffs") have brought claims against the following defendants: (1) Lakeside Park Homes, Inc., as the Manufacturing Defendant; (2) Agbayani Construction Corporation, as

the Contractor Defendant; (3) North American Catastrophe Services, as the Procurement Defendant; and (4) the United States of America.

Pursuant to Pretrial Orders No. 2 and 32, all individual plaintiffs in the MDL Litigation were required to serve completed and signed Plaintiff Fact Sheets ("PFSs") upon Defendants' Liaison Counsel, in a form agreed to by the Plaintiffs' Steering Committee and the Defendants' Steering Committee, to be treated as answers to interrogatories under Federal Rule of Civil Procedure 33 and responses to requests for production of documents under Federal Rule of Civil Procedure 34. Pursuant to Pretrial Order No. 32, for complaints filed after November 30, 2009, a completed and verified PFS form for each individual plaintiff was required to be served within thirty (30) days of filing of the individual claim.

On November 23, 2011, Defendant Agbayani requested that counsel for the *Conrad* Plaintiffs and other plaintiffs produce PFSs for these claimants. Ex. "A." Some of these PFSs were produced. However, Plaintiffs' counsel acknowledge that PFSs could not be located for the *Conrad* Plaintiffs, and, to date, PFSs have not been produced for the *Conrad* Plaintiffs. Ex. "B." Both the *Conrad* Plaintiffs' counsel and Plaintiffs' Liaison Counsel, Justin Woods, have confirmed that these PFSs cannot be located for these plaintiffs. Ex. "C." Agbayani advised plaintiff counsel it would move to dismiss the claims if the missing PFSs could not be found. Agbayani thereafter emailed plaintiff counsel requesting confirmation they would not oppose the Motion. Plaintiffs counsel confirmed there would be no opposition. Ex. "D."

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss a claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Dismissals should be granted only then (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly

determined that lesser sanctions would not prompt diligent prosecution, or the records shows that the district court employed lesser sanctions that provide to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, the Fifth Circuit looks for at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. *Id.*

Further, Federal Rule of Civil Procedure 27(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, because "dismissal is a severe sanction that implicated due process," the Fifth Circuit has stated four factors that must be present before a case may be dismissed as a sanction for violation of a discovery order, similar to the factors under Rule 41(b): (1) the violation must result from willingness or bad faith and be accompanied by a clear record of delay or contumacious conduct, (2) the violation must be attributable to the client instead of the attorney, (3) the violation must substantially prejudice the opposing party, and (4) there must be no less drastic sanction that would substantially achieve the desired deterrent effect. *Id.* at 1380-81.

The *Conrad* Plaintiffs have failed to provide any of the information required in the PFS form, which involves the basic, core information about their claims in the MDL Litigation. The information solicited by the PFS form is vital information that the Court has determined is essential for the purpose of moving this matter toward resolution. Further, Agbayani, as well as the other defendants against whom the *Conrad* Plaintiffs have brought claims, have been prejudiced by their inability to learn these basic facts. Therefore, Agbayani requests that the claims of the *Conrad* Plaintiffs in the MDL Litigation be dismissed with prejudice as to re-filing.

Respectfully submitted,

*[signature]*
Janet L. MacDonell, Bar #17315
21452 Lowe Davis Rd.
Covington, LA 70435
985 867 9971/504 451 6382
Jmacdonell4@cox.net
AGBAYANI CONSTRUCTION
CORPORATION

OF COUNSEL:

Heidi J. Gumienny
**GORDON & REES LLP**
1900 West Loop South, Suite 1000
Houston, Texas 77027
Phone: (713) 961-3366
Fax: (713) 961-3938

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2012, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

*[signature]*
Janet L. MacDonell

4