UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: FEMA TRAILER FORMALDEHYDE PRODUCTS LIABILITY LITIGATION | MDL NO. 07-1873<br><br>Section "N" (5) |
| This document relates to<br>CA 09-8660; Anthony Pohlmann, Jr., et al. v. Dutchmen Manufacturing, Inc., et al.<br>Plaintiff #12 Corey Kelly | Judge Kurt D. Engelhardt<br>Magistrate Alma L. Chasez |

## SRS, INC'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO DISMISS FOR FAILURE TO PROVIDE PLAINTIFF FACT SHEET

Defendant SRS, Inc. ("SRS") files this Memorandum in Support of its Unopposed Motion to Dismiss for Failure to Provide a Plaintiff Fact Sheet, relating to the claims of Plaintiff Corey Kelly, as follows:

**I.**

On December 30, 2009, a case numbered and styled Civil Action No. 09-8660; *Anthony Pohlmann, Jr., et al. v. Dutchmen Manufacturing, Inc., et al.* was filed in the Eastern District of Louisiana. This case was eventually transferred into the above MDL case, Case No. 07-1873; *In re FEMA Trailer Formaldehyde Product Liability Litigation* ("MDL Litigation"). In this lawsuit, Plaintiff Corey Kelly has brought claims against the following defendants: (1) Dutchmen Manufacturing, Inc., as the Manufacturing Defendant; (2) SRS, as the Contractor Defendant; and (3) the United States of America.

Pursuant to Pretrial Orders No. 2 and 32, all individual plaintiffs in the MDL Litigation were required to serve completed and signed Plaintiff Fact Sheets upon Defendants' Liaison Counsel, in a form agreed to by the Plaintiffs' Steering Committee and the Defendants' Steering Committee, to be treated as answers to interrogatories under Federal Rule of Civil Procedure 33

and responses to requests for production of documents under Federal Rule of Civil Procedure 34. Pursuant to Pretrial Order No. 32, for complaints filed after November 30, 2009, a completed and verified Plaintiff Fact Sheet form for each individual plaintiff was required to be served within thirty (30) days of filing of the individual claim.

On November 23, 2011, Defendant SRS requested that counsel for Corey Kelly produce a Plaintiff Fact Sheet for this claimant. Ex. "A." However, both Plaintiffs' counsel and Plaintiffs' liaison Counsel have acknowledged that a Plaintiff Fact Sheet could not be located for Corey Kelly, and, to date, a Plaintiff Fact Sheet has not been produced for this claimant. Exs. "B" and "C." Plaintiffs' counsel has since communicated that it is not opposed to the filing of this Motion to Dismiss. Ex. "D."

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss a claim if a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Dismissals should be granted only then (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the records shows that the district court employed lesser sanctions that provide to be futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, the Fifth Circuit looks for at least one of three aggravating factors: (1) delay caused by the plaintiff himself and not his attorney, (2) actual prejudice to the defendant, or (3) delay caused by intentional conduct. *Id.*

Further, Federal Rule of Civil Procedure 27(b)(2) "empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). However, because "dismissal is a severe sanction that implicated due process," the Fifth Circuit has stated four factors that must be present before a case may be dismissed as a

sanction for violation of a discovery order, similar to the factors under Rule 41(b): (1) the violation must result from willingness or bad faith and be accompanied by a clear record of delay or contumacious conduct, (2) the violation must be attributable to the client instead of the attorney, (3) the violation must substantially prejudice the opposing party, and (4) there must be no less drastic sanction that would substantially achieve the desired deterrent effect. *Id.* at 1380-81.

Plaintiff Corey Kelly has failed to provide any of the information required in the Plaintiff Fact Sheet form, which involves the basic, core information about his claims in the MDL Litigation. The information solicited by the Plaintiff Fact Sheet form is vital information that the Court has determined is essential for the purpose of moving this matter toward resolution. Further, SRS, as well as the other defendants against whom Corey Kelly has brought claims, have been prejudiced by their inability to learn these basic facts. Therefore, SRS requests that the claims of Corey Kelly in the MDL Litigation be dismissed with prejudice as to re-filing.

WHEREFORE, Defendant SRS, Inc. prays that the Court dismiss the claims of Corey Kelly <u>with prejudice</u> to re-filing. Defendant prays for such other and further relief, in law or in equity, to which SRS, Inc. may be justly entitled.

Respectfully submitted,

*/s/ Janet L. MacDonell*
Janet L. MacDonell, Bar #17315
21452 Lowe Davis Rd.
Covington, LA 70435
985 867 9971/504 451 6382
Jmacdonell4@cox.net
SRS, Inc.

OF COUNSEL:

Heidi J. Gumienny
**GORDON & REES LLP**
1900 West Loop South, Suite 1000
Houston, Texas 77027
Phone: (713) 961-3366
Fax: (713) 961-3938

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2012, a true and correct copy of the foregoing pleading was filed electronically using the CM/ECF system. Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.

Janet L. MacDonell

4