UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  FEMA TRAILER | * | MDL NO. 1873 |
| FORMALDEHYDE  PRODUCTS | * | |
| LIABILITY LITIGATION | * | JUDGE ENGELHARDT |
| | * | |
| THIS DOCUMENTS RELATES TO | * | MAGISTRATE CHASEZ |
| *Cynthia Crawford, et al v. Recreation by* | * | |
| *Design, LLC, et al*, Docket No. 09-8629 | * | |

*******************************************************************************

MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE
TO ADD NEW PLAINTIFFS

**NOW IN COURT,** through undersigned counsel, comes Defendant, Recreation by Design, LLC ("RBD"), who submits this memorandum in opposition to the plaintiffs' Motion for Leave to Amend to Add Plaintiffs at Rec. Doc. 24014.

FACTS AND PROCEDURAL HISTORY

The Motion for Leave to Amend to Add Plaintiffs at Rec. Doc. 24014 seeks to add plaintiffs, Helena Minnifield, Carmen Rhodes, Thomas Rhodes and Keven Growe, as plaintiffs in the underlying complaint naming RBD as a defendant, *Cynthia Crawford, et al v. Recreation by Design, LLC, et al,* at Docket No. 09-8629. These four plaintiffs are currently named as plaintiffs in the underlying matters of, *Barnes, et al v. American International Specialty Lines, et al,* at Docket No. 09-8521, *Sam, et al v. Skyline Corporation, et al,* at Docket No. 09-8485, and *Augustine, et al v. Crum and Forster, et al*, at Docket No. 09-8457.  The *Barnes, Sam* and *Augustine* matters were all filed directly in this district on December 29, 2009.  Contrary to plaintiffs' assertion that "all four of the complaints, *Crawford, Barnes, Sam* and *Augustine*

1

matters involve the same named defendants,"[1] RBD was not named as a defendant in the *Barnes, Sam* or *Augustine* matters.

Plaintiffs' basis for this motion to amend is simply that "it has become apparent that Recreation by Design, LLC…is the proper manufacturer defendant".[2] Plaintiffs do not state when it became apparent that RBD was the proper manufacturer defendant. Plaintiffs likewise fail to identify or attach as exhibits to the motion any evidence which supports the assertion that RBD is the proper manufacturer defendant.

Throughout this litigation, the Court has issued several Pretrial Orders ("PTO") related to the matching process. Briefly, the relevant sections of these orders as it concerns plaintiffs' motion are as follows:

| | |
|---|---|
| **PTO 38:** | The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit.[3] |
| **PTO 49:** | For complaints filed or transferred to the Eastern District before December 9, 2009, the deadline for matching was December 29, 2009.[4] |
| **PTO 49**: | For complaints filed or transferred to the Eastern District after December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint.[5] |
| **PTO 49:** | Matching deadlines would be extended only for "good cause" shown.[6] |
| **PTO 68:** | The Court permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010.[7] |

---

[1] *See* R. Doc. 24014-1, at pg. 2.
[2] *See* R.Doc. No. 24014-1 at pg. 2.
[3] *See* Rec. Doc. No. 1596.
[4] *See* Rec. Doc. No. 8908.
[5] *Id.*
[6] *Id.*
[7] *See* R.Doc. No. 14779.

2

The four plaintiffs at issue herein each appeared in a matched complaint filed on December 29, 2009.  Therefore, pursuant to PTO No. 49, their "matching deadline" was February 12, 2010 (*i.e.,* 45 days after suit was filed on December 29, 2009).  Moreover, assuming these plaintiffs qualified under the "last chance" matching process under PTO No. 68, they should have filed an appropriate motion no later than August 2, 2010. Plaintiffs did not file their Motion to Supplement until December 30, 2011, some one and a half years after the August 2, 2010 matching deadline.

**Law and Argument**

**Federal Rule 16(b) Analysis**

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[8] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."  The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[9] "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[10] The Fifth Circuit has provided four factors to determine whether Rule 16(b) "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[11]

---

[8] *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).
[9] *Id.* at 535.
[10] *Id. at 536.*
[11] *Id.*

3

This Court has previously noted that because it entered PTO No. 49 which established deadlines for filing amendments based upon matching a plaintiff to the proper manufacturer or contractor, Rule 16 is applicable when determining whether leave for amendment of a complaint should be granted.[12]  Therefore, the four plaintiffs seeking to amend the *Crawford* complaint must first clear the hurdle of establishing good cause under Rule 16 before the standard Rule 15 will apply.[13]

Regarding the first factor, as stated above, plaintiffs offer no explanation as to why "good cause" exists to allow the proposed amendment.  Plaintiffs' simply state that "it has become apparent that RBD is the proper manufacturer defendant."[14]  Plaintiffs do not state when it first became apparent that RBD was the proper manufacturer defendant.  Plaintiffs likewise fail to identify or attach exhibits to the motion any evidence which supports the assertion that RBD is the proper manufacturer defendant. Therefore, plaintiffs have not presented the Court with evidence which would allow it to find "exigent or equitable circumstances that justify an exception to the long-labored, well publicized matching deadlines"[15] such that their request for leave to file an amended complaint should be granted.

The second factor, the "importance" of the amendment, clearly weighs in favor of the plaintiffs.  If the amendment is not allowed the plaintiffs' claims against RBD will likely be barred.  However, this Court has noted in response to a similar motion to amend, that the second factor by itself is not dispositive.[16]

---

[12] *See* Order and Reasons at R.Doc. No. 23546, pg. 4.
[13] *Id.*
[14] *See* R.Doc. No. 24014-1 at page 2.
[15] *See* Order and Reasons at R. Doc. No. 23546  pg. 5.
[16] *See* R. Doc. No. 22999, pg. 5.

4

If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendment.

As to the third and fourth factors, the Court concluded in a recent decision denying a similar motion for leave to amend, that "the potential prejudice in allowing the amendment is enormous, and the continuance of deadlines would only serve to compound the prejudice."[17] RBD would indeed be prejudiced if leave to amend is granted because prior to the filing of the motion for leave at issue, it did not have notice that the four plaintiffs resided in a RBD manufactured unit.  As such, the opportunity for RBD to ensure that these plaintiffs have compiled with PTO Nos. 2, 32 and 88 as it relates to Plaintiff Fact Sheets has long since passed. Therefore, RBD could be faced with the possibility of defending and/or attempting to settle these plaintiffs' claims without having at a minimum, information contained in the 23 key data points identified by the parties as necessary for global settlement purposes.

Further, the following rationale expressed by the Court in its Order and Reasons at R. Doc. No. 23546, wherein the Court denied a comparable motion to amend regarding the third and fourth factors, also weigh against granting the instant plaintiffs' motion to amend.  The Court noted that if it were to:

> re-open the matching deadlines, particularly based upon such vague and unsubstantiated grounds as are set forth here, the deadlines would become truly meaningless. If similarly situated plaintiffs were to take similar action, the burden to the defendants, plaintiffs' counsel, and the Court would be significant.  But those who would suffer the greatest prejudice likely would be the thousands of plaintiffs who have complied with this Court's deadlines regarding matching and are waiting for the resolution of a matter which already has taken years to litigate.[18]

---

[17] *See* Order and Reasons at R. Doc. No. 23456 at pg. 5.
[18] *Id.*

For the reasons expressed above, and for the reasons expressed by this Court in R. Doc. Nos. 22999 and 23546, wherein this Court denied similar styled motions for leave to amend outside of the established matching deadlines under a Rule 16(b) analysis, RBD submits that this Court should likewise deny plaintiffs' motion for leave as they have failed to establish good cause for allowing a "matching" amendment outside of the applicable deadlines.

**Federal Rule 15(a) Analysis**

Just as the Court has previously denied similar styled motions for leave to amend outside of its imposed matching deadlines under a Rule 16(b) analysis, it has likewise held that such motions would also fail under a Rule 15(a) analysis.[19] This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[20] Moreover, when conducting the Rule 15 analysis, the Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[21] Further, although Rule 15(a) contains no time limit for permissive amendment, '[a]t some point [,] time delay on the part of a plaintiff can be procedurally fatal.[22] In the instant matter, the plaintiffs have not provided an explanation as to the lateness of the filing of their proposed amendments. Thus, even under a Rule 15 standard, RBD submits to the Court that the Plaintiffs have not provided sufficient evidence such that their motion for leave to amend should be granted.[23]

---

[19] *See* R. Doc. No. 23546, pgs. 5 - 6.
[20] *Whitaker v. City of Houston,* 963 F.2d 831, 836 (5th Cir. 1992) (citation omitted).
[21] *Lozano v. Owen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).
[22] *Whitaker,* 963 F.2d at 836, (quoting *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981)).
[23] Plaintiffs' advance the argument in support of the motion to amend that prescription has been interrupted under any one of the three relation back provisions of Rule 15 (c). However, as mentioned above, this Court has previously noted that because it entered PTO No. 49 which established deadlines for filing amendments based upon matching a plaintiff to the proper manufacturer or contractor, Rule 16 is applicable when determining whether leave for amendment of a complaint should be granted and plaintiffs seeking to amend complaints in this MDL must first clear the hurdle of establishing good cause under Rule 16 before the standard Rule 15 will apply. As the plaintiffs at issue in the instant motion have failed to establish good cause exists for allowing a "matching" amendment outside of the applicable Court established deadlines, plaintiffs' prescription argument is superfluous and premature.

**Conclusion**

For the reasons detailed in this memorandum, RBD submits the Court should deny the Motion for Leave to Amend to Add plaintiffs, Helena Minnifield, Carmen Rhodes, Thomas Rhodes and Keven Growe.

Respectfully submitted,

 /s/ Kelly M. Morton
LYON H. GARRISON, Bar No. 19591
SCOTT P. YOUNT, Bar No. 22679
RANDALL C. MULCAHY, Bar No. 26436
DARRIN L. FORTE, Bar No. 26885
KELLY M. MORTON, Bar No. 30645
GARRISON, YOUNT, FORTE
& MULCAHY, LLC
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
Attorneys for defendant,
Recreation by Design, LLC
Email: kmorton@garrisonyount.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of this electronic filing to all known counsel of record.

 /s/ Kelly M. Morton
KELLY M. MORTON, Bar No. 30645