# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER
  FORMALDEHYDE PRODUCTS
  LIABILITY LITIGATION

**This document relates to:**

| | |
|---|---|
| *Aldridge* | 07-9228 |
| *Anderson* | 09-2930 |
| *Alvarado* | 09-4105 |
| *Graffeo* | 09-4109 |
| *Airhart* | 09-5477 |
| *Boines* | 09-8439 |
| *Thomas* | 09-8440 |
| *Barnett* | 09-8441 |
| *R. Holmes* | 09-8442 |
| *Ambrose* | 09-8443 |
| *Barthlomew* | 10-0442 |
| *G. Holmes* | 10-0443 |
| *Evans* | 10-2480 |
| *Young* | 10-2524 |
| *Deroche* | 10-2561 |
| *Fountain* | 10-2588 |
| *Williams* | 10-3598 |
| *Brickley* | 10-3606 |
| *Taylor* | 10-3630 |

**MDL NO. 1873**

**JUDGE ENGELHARDT**

**MAG. JUDGE CHASEZ**

_____

### MEMORANDUM IN OPPOSITION TO MOTIONS
### FOR LEAVE TO FILE AMENDED COMPLAINTS

Defendant Keystone RV Company ("Keystone") submits this memorandum in opposition to: (a) the Plaintiffs' Motion for Leave to Amend Complaints and Substitute a Party (Rec. Doc. No. 23994) Motion for Leave to Amend to Add

Plaintiffs (Rec. Doc. No. 24010[1]). For the reasons explained below, the Court should deny this motion.

## SUMMARY OF ARGUMENT

This motion is another one of dozens filed by plaintiffs who failed to comply with the Court's matching deadlines. Now, well after these deadlines have expired, the plaintiffs seek to amend their complaints and change the defendant from Keystone Industries, Inc. to Keystone RV Company.

The plaintiffs have known or should have known since at least May 2008 that Keystone Industries is not a proper defendant because it is a defunct company, is not associated with Keystone RV Company (and never has been) and has no relationship to this litigation. Apparently ignoring this information, the plaintiffs waited until December 29, 2011, a period of almost four years, to file the proposed amendments.

Other than citing unspecified "confusion" with FEMA matching information, plaintiffs have not offered any legitimate explanation or support for their motion. Significantly, they have not attached any documents or affidavits. Consequently, the plaintiffs have not shown "good cause" sufficient to file the proposed

---

[1] Keystone RV Company has standing to respond to Rec. Doc. No. 24010 because the plaintiffs there seek to *eventually* add new claims against Keystone RV Company, if the Court grants the proposed amendment (*i.e.*, the amendment requested in Rec. Doc. No. 23994), although at present the defendant in that suit is Keystone Industries, Inc. If the Court does not grant the proposed amendment, however, Keystone RV Company will not be a party to the *Boines* suit (09-8439). Thus, for the same reasons the Court should deny Rec. Doc. No. 23994, the Court should likewise deny Rec. Doc. No. 24010. That motion and memorandum offer no explanation or proof as to why the plaintiffs should be entitled to amend at this late date, well after all matching deadlines have expired.

amendments and the Court should deny their motion.

## FACTUAL BACKGROUND

The plaintiffs filed their individual complaints on various dates ranging from 2007 through 2010. Each of the suits referenced above named the manufacturer defendant as "Keystone Industries, Inc." Until filing their motion and proposed amendments, the plaintiffs have not taken any steps to correct the name of the defendant manufacturer.

In their previously-filed complaints, the plaintiffs alleged, without any hesitation or uncertainty, that they lived in travel trailer units manufactured by Keystone Industries, Inc. Now, in their pending motion plaintiffs allege, with equal certainty, that the correct defendant for their claims is Keystone RV Company. The plaintiffs state that "it has become apparent that Keystone RV Company..., another subsidiary of Thor Industries, Inc., should be substituted in place of Keystone Industries, Inc."[2] Plaintiffs do not explain how, when or why it has "become apparent" to them that Keystone RV is the correct defendant manufacturer.

Effectively admitting their matching efforts are beyond the Court's deadlines, the plaintiffs blame their mistake on "confusion caused by FEMA matching responses."[3] The plaintiffs did not attach a copy of any documents or affidavits to support this contention or explain the alleged "confusion."

---

[2] Rec. Doc. No. 23994-1, p 2. This is a confusing statement. It suggests that Plaintiffs are simply attempting to move their claims from one subsidiary of Thor Industries, Inc. to another. As explained below, Keystone Industries is not and never has been a subsidiary of Thor Industries.

[3] *Id.*

The plaintiffs also try to shift the blame, stating that counsel for the "Thor Group" notified their lawyers of "the prominence of such a naming problem with respect to Keystone Industries, Inc. and Keystone RV Company by correspondence and telephone conversation.  Soon after, a discussion was had with defense counsel regarding the proposed amendments and counsel for Keystone RV has informed that they will not consent to the proposed amendments."[4]   The plaintiffs do not explain or support this statement; it incorrectly suggests, however, that the plaintiffs and their counsel *recently* learned that Keystone Industries, Inc. was not a correct defendant for their claims. As explained below, the plaintiffs have known that Keystone Industries, Inc. is not a proper defendant since at least May 2008.

The Court is very familiar with the matching process and its Pretrial orders related to it.  For sake of brevity, the following points are relevant to the matching process for these plaintiffs:

- ➢ The Court placed the initial responsibility on plaintiffs to identify and name the correct manufacturer(s) for his or her housing unit. *See* Rec. Doc. No. 1596 (PTO 38).
- ➢ For complaints filed or transferred to the Eastern District <u>before</u> December 9, 2009, the deadline for matching was December 29, 2009.  *See* Rec. Doc. No. 8909 (PTO 49).
- ➢ For complaints filed or transferred <u>after</u> December 9, 2009, the deadline for matching was within 45 days of the date of filing the particular complaint.

---

[4] *Id.*

*See* Rec. Doc. No. 8909 (PTO 49).

- Pre-Trial Order No. 49 provided that the matching deadlines would be extended only for "good cause" shown.
- The Court also permitted certain plaintiffs who complied with the "last chance" matching process to file amended/matched complaints by August 2, 2010. *See* Rec. Doc. No. 14779 (PTO 68).

The complaints at issue here were filed on dates starting in November 2007. The following table reflects the filing dates and the plaintiffs' matching deadlines under PTO No. 49:

| Suit Name    | No.     | Filed/Trans | PTO 49 Deadline |
|--------------|---------|-------------|-----------------|
| *Aldridge*   | 07-9228 | 11/30/2007  | 12/29/2009      |
| *Anderson*   | 09-2930 | 03/02/2009  | 12/29/2009      |
| *Alvarado*   | 09-4105 | 06/15/2009  | 12/29/2009      |
| *Graffeo*    | 09-4109 | 06/15/2009  | 12/29/2009      |
| *Airhart*    | 09-5477 | 08/10/2009  | 12/29/2009      |
| *Boines*     | 09-8439 | 12/29/2009  | 02/12/2010      |
| *Thomas*     | 09-8440 | 12/29/2009  | 02/12/2010      |
| *Barnett*    | 09-8441 | 12/29/2009  | 02/12/2010      |
| *R. Holmes*  | 09-8442 | 12/29/2009  | 02/12/2010      |
| *Ambrose*    | 09-8443 | 12/29/2009  | 02/12/2010      |
| *Barthlomew* | 10-0442 | 02/23/2010  | 04/09/2010      |
| *G. Holmes*  | 10-0443 | 02/23/2010  | 04/09/2010      |

| | | | |
|---|---|---|---|
| *Evans* | 10-2480 | 08/02/2010 | 10/04/2010 |
| *Young* | 10-2524 | 08/02/2010 | 10/04/2010 |
| *Deroche* | 10-2561 | 08/02/2010 | 10/04/2010 |
| *Fountain* | 10-2588 | 08/24/2010 | 10/08/2010 |
| *Williams* | 10-3598 | 10/14/2010 | 11/29/2010 |
| *Brickley* | 10-3606 | 10/14/2010 | 11/29/2010 |
| *Taylor* | 10-3630 | 10/14/2010 | 11/29/2010 |

The plaintiffs waited to file their motion for leave until December 29, 2011. The table set out above makes clear that when they filed their motion, all of their matching deadlines had expired. And assuming any of these plaintiffs qualified under the "last chance" matching process under PTO No. 68, which arguably some of them could have, those plaintiffs should have filed an appropriate motion by August 2, 2010.[5] Therefore, by all accounts, these plaintiffs have failed to meet their matching deadlines under PTO 49 or 68.

The plaintiffs apparently do not disagree—they have not asserted their proposed amendments are timely. Instead, they seek leave to file the amendments after the relevant deadlines for doing so. To do so, they must establish the "good cause" showing required by PTO No. 49 and Federal Rule 16.

## LAW AND ARGUMENT

**1.    Federal Rule 16 and the "good cause" standard apply here.**

---

[5] *See* Rec. Doc. No. 14779 (PTO 68).

{B0770975.1}  Page 6

Federal Rule 16(b) "governs amendment of pleadings after a scheduling order has expired."[6] Additionally, Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." The Fifth Circuit has made clear that the "good cause" standard requires that the party "seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."[7]

The Fifth Circuit has provided four factors to determine whether "good cause" exists: (1) the explanation offered about why the party failed to timely move for leave; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[8]

As discussed above, this Court has entered various orders setting deadlines for amendments and filing matched complaints. Although styled as Pretrial Orders, those orders constitute scheduling orders and the Court should apply a Rule 16 "good cause" analysis to the plaintiffs' motion.[9] The plaintiffs' burden is to show that "good cause" exists to permit them to file an amended complaint after all

---

[6] *S & W Enterprises, L.L.C. v. SW Bank of Alabama, NA*, 315 F. 3d 533, 536 (5th Cir. 2003).

[7] *Id*. at 535 (citations omitted).

[8] *Id.*

[9] In a ruling on a similar motion filed by other plaintiffs, the Court has already recognized that this situation implicates Rule 16. *See* Rec. Doc. No. 22999, p. 4 ("Under these circumstances, the Court finds that Rule 16 is applicable here. Thus, plaintiffs must clear the hurdle of establishing good cause under Rule 16 before the standard of Rule 15 will apply."). It is important to note that the Court also incorporated the "good cause" standard by using that phrase in PTO No. 49. *See* Rec. Doc. No. 8908.

deadlines for doing so have expired.

2.  **Plaintiffs have not established "good cause" to extend their deadline for matching and filing the proposed amended complaints.**

Similar to other motions for leave, the plaintiffs simply state that it "has become apparent" that they sued the wrong defendant in their initial complaints. They don't explain or offer any details about when they learned this information or why they waited until very recently to submit their proposed amendments. Moreover, they did not submit any affidavits to support their position. For the reasons discussed below, they have not established "good cause" to extend their deadline to file the proposed amendments.

   a.  **The plaintiffs have known since *at least* May 2008 that Keystone Industries, Inc. was not the proper defendant for their claims.**

Defendant Keystone RV Company filed a number of "Preservation of Defenses Lists" in individual suits. The Court permitted the defendants to file these lists in lieu of individual answers and/or motions to dismiss.[10] Eventually, the Court permitted the defendants to file universal Preservation of Defenses Lists, applicable to all cases.[11]

In various "Preservation of Defenses" lists, Keystone RV Company notified the plaintiffs that Keystone Industries, Inc. was not the correct defendant for their claims. These filings stated that "Keystone Industries" was a defunct entity and not properly named as a defendant. Keystone RV Company made the earliest of these

---

[10] *See* PTO No. 4 (Rec. Doc. No. 130).

[11] *See* PTO No. 44 (Rec. Doc. No. 2759).

filings on May 19, 2008.[12]  Keystone filed additional lists after that date, again noting that Keystone Industries was not a proper defendant.[13]

> **b.  Counsel for Keystone RV Company specifically informed the Plaintiffs' Liaison Counsel in January 2009 that Keystone Industries, Inc. was not the proper defendant for their claims.**

Following up on its preservation lists, Keystone RV Company's counsel sent the following email to Plaintiffs' Liaison counsel on January 12, 2009, specifically pointing out that Keystone Industries, Inc. was not properly named:

> Justin:  We are in the process of finalizing and filing our answers to the plaintiffs' master complaint, as amended.
>
> In addition to Keystone RV Company, occassionally (*sic*) plaintiffs have referred to another entity called "Keystone Industries, Inc." as a defendant.  The manufacturer that manufactured the units involved in the litigation is actually Keystone RV Company and Keystone Industries, Inc. is a defunct entity.  It's been defunct since 1990. So, it wasn't a manufacturer as far as we know, and certainly wasn't around at the time that is relevant to plaintiffs' claims.
>
> I've attached a copy of the printout from the Indiana Secretary of State's website so you can review it.  I just wanted to give you a head's up b/c we'll be filing an answer for Keystone RV Company, but not Keystone Industries (we don't represent the entity, obviously).  I thought I would just bring this to your attention so that you could, if plaintiffs wanted to do so, clean up the pleadings a bit to address this.
>
> Let me know if you have questions on this.[14]

---

[12] Rec. Doc. No. 226, Note 2.

[13] *See* Rec. Doc. No. 1165 (Suit No. 08-5031, filed 3/12/09), 1459 (Suit No. 09-2923, filed 5/12/09), 1461 (Suit No. 09-2930, filed 5/12/09), and 1465 (Suit No. 09-2972, filed 5/12/09).

[14] *See* Exhibit "1" (Copy of January 12, 2009 email, print out attached to

The printout referenced in the email is information from the Indiana Secretary of State's records. The printout indicated the entity was administratively dissolved and considered inactive on February 2, 1990.

Then, in a response on February 16, 2009, the Plaintiff Liaison counsel acknowledged the problem with Keystone Industries, Inc. and promised to take steps to "clean up" the situation. In an email on that date written in response to the January 12, 2009 email discussed above, Mr. Woods said: "[w]e have taken a look at this issue and will take steps to clean this up particularly regarding the suits that will be filed prior to the March 2nd deadline."[15]

### c. Other filings and discovery pleadings have also notified the Plaintiffs that Keystone Industries, Inc. is not a proper defendant.

A number of different filings and discovery pleadings have put all plaintiffs on clear notice that Keystone Industries was not a proper defendant. Those include the following:

(a) In a March 2, 2009 response to "Plaintiffs' First Set of Merits Discovery Interrogatories" served on all plaintiffs, Keystone RV Company stated that Keystone Industries, Inc. was improperly named as a defendant in some of the suits included in the MDL.[16]

(b) In a March 27, 2009 report on potential bellwether candidates, Keystone RV Company explained that one of the bellwether candidates had sued Keystone Industries, rather than Keystone RV Company,

---

email and February 16, 2009 response).

[15] *Id.*

[16] *See* Exhibit "2."

making her ineligible to be a bellwether candidate.[17]  In that report, Keystone RV made the problem crystal clear stating that "Keystone Industries, Inc. is a defunct Indiana corporation that is not connected to Keystone RV Company (the entity that manufactured units ultimately purchased for use by FEMA, and which is identified as the proper bellwether defendant.)"  This report was filed into the record as Rec. Doc. No. 1224.

### d. The plaintiffs have not explained what "confusion" could establish good cause for their motion.

Similar to other motions for leave, the plaintiffs refer to "confusion" caused by FEMA matching responses, but make no attempt to explain the confusion, what information they received and what steps (if any) they took to resolve the confusion.[18]  If the plaintiffs contend that they received improper matching or VIN information which indicated Keystone Industries was actually a manufacturer that supplied FEMA units, they have not submitted any proof of that fact.  Thus, without any explanation or supporting documents, they have not provided the Court with any concrete support for their motion.  The Court should deny the motion on this basis alone.

But regardless of the source of their confusion, a simple review of the Court's docket sheet confirms that Keystone Industries, Inc. is not a proper defendant.  The plaintiffs knew or should have known that <u>no</u> entity called "Keystone Industries, Inc." ever:  (a) appeared in this MDL through counsel or on its own behalf; (b) filed pleadings in the MDL or underlying cases; or (c) submitted a Defendant Profile Sheet with information about its VIN numbering system.  In addition, there is no

---

[17] Rec. Doc. No. 1224, p. 3.

[18] Rec. Doc. No. 23994-1, p. 2.

indication that Keystone Industries, Inc. was ever served with any pleadings or process.

The lack of a Defendant Profile Form for Keystone Industries is critical and demonstrates why the plaintiffs cannot show good cause. The Court ordered all manufacturer defendants to submit a Defendant Profile Form.[19] The Court also ordered Plaintiff Liaison Counsel to notify Defense Liaison counsel of any deficiencies within thirty days of receipt.[20] Keystone RV Company and other defendants submitted their Profile Forms around June 11, 2010. Not surprisingly, Keystone Industries did not submit a Defendant Profile Sheet. This fact alone should have indicated a problem with the plaintiffs' filings and put them on notice that they needed to investigate and/or amend their claims.

    e.    **At least some of the plaintiffs at issue submitted plaintiff fact sheets with a Keystone RV Company VIN number.**

Although Keystone has not done an exhaustive analysis, at least *some* of the plaintiffs who filed suit against Keystone Industries submitted plaintiff fact sheets with a Keystone RV Company VIN number. This demonstrates that they and their counsel knew, before filing suit, that Keystone Industries, Inc. was not the correct defendant for their claims.

For example, in a plaintiff fact sheet dated May 4, 2009 (approximately two months before she filed suit) plaintiff Blanca Alvarado identified the manufacturer

---

[19] Rec. Doc. No. 14097 (May 13, 2010 order which stated that "Defendants must provide Profile Forms to Plaintiffs' Liaison Counsel within thirty (30) days of this order.").

[20] *Id.*

of her unit as Keystone and the VIN number starting with 47CT.[21] That prefix is associated with Keystone RV Company. Similarly, plaintiff Anthony Graffeo submitted a fact sheet dated June 12, 2009, two days before he filed suit, with a Keystone VIN prefix.[22]

3. **Overall, the plaintiffs' motion comes up short and does not establish the "good cause" factors under Rule 16.**

The following additional points illustrate that the plaintiffs have not established "good cause":

(a) Other than citing confusion with FEMA matching information which they did not explain or prove, the plaintiffs have not provided any support for their proposed amendments. With any factual information, there is simply no "explanation" for the Court to evaluate under the Fifth Circuit's first factor for good cause. Moreover, the plaintiffs have not described any exigent or equitable circumstances that *might* provide a basis for the proposed amendment.

(b) Admittedly, the second factor, the "importance" of the amendment *might* weigh in favor of the plaintiffs, although the plaintiffs have not argued or explained how that could be the case. If they are not permitted to amend their complaint, their claims against the correct defendant (Keystone RV Company, according to the plaintiffs) will

---

[21] *See* Exhibit "3" (Plaintiff Fact Sheet of Blanca Albarado). From Keystone RV Company's Defendant Profile Sheet, the plaintiffs' counsel knew that this VIN was associated with Keystone RV Company, not Keystone Industries, Inc.

[22] *See* Exhibit "4" (Plaintiff Fact Sheet of Plaintiff Anthony Graffeo).

likely be barred. But, as the Court has noted in response to a similar motion filed by another plaintiff, the second factor by itself is not dispositive. If the other factors weigh heavily against the plaintiffs, as they do here, the Court should not allow the proposed amendments.[23]

(c) The third and fourth factors weigh very heavily against the proposed amendment. The potential prejudice to the defendants is clear and substantial. Until the proposed amendments, the plaintiffs have not a filed any pleading asserting against Keystone RV Company. As the Court has previously noted, it has "taken nearly four years to reach a point where the cases in this MDL are ready to proceed beyond the matching issue toward resolution."[24] The Court should not be required to reopen the entire matching process. Doing so would harm those plaintiffs who have been properly matched and delay the proceedings for all parties—defendants and plaintiffs. The Court should not permit that to happen.

Additionally, the plaintiffs argue they should be allowed to file the proposed amendments because: (a) Keystone RV Company is part of the "Thor Group" with other defendants who are subsidiaries of Thor Industries; (b) that Keystone and the Thor companies are represented by the same counsel; and (c) that the companies

---

[23] *See* Rec. Doc. No. 22999, p. 5.

[24] *Id.*

are insured under the same insurance policy.[25]  Plaintiffs offer no legal authority to support these statements or show why they establish "good cause."

The Court should note that there is no "Thor Group."  This term, coined by the plaintiffs' counsel, is apparently a reference to the fact that Keystone and other companies are subsidiaries owned by Thor Industries, Inc.  As the Court is aware, Thor Industries, Inc. is not a manufacturer of travel trailers and has been improperly named as a defendant in this MDL.[26]  Moreover, plaintiffs do not allege that Keystone Industries, Inc., the defunct and incorrectly named defendant, is or was ever a subsidiary of Thor Industries, Inc.

That Keystone RV and other defendant companies are each subsidiaries of Thor Industries, Inc. does not support plaintiffs' position for several reasons.

First, even if correct, plaintiffs have not alleged any relationship between Keystone Industries, Inc. and the companies that are subsidiaries of Thor Industries.  Thus, the fact that plaintiffs have named other subsidiary companies (Dutchmen, Keystone RV Company, DS Corp, etc.), does not establish that Keystone RV Company was on notice that the plaintiffs' alleged claims which were asserted against Keystone Industries, Inc.

Second, as the Fifth Circuit has noted in various contexts, subsidiary companies and their parent corporations are treated as separate and distinct

---

[25] Rec. Doc. No. 23994-1, p. 5.

[26] *See* Rec. Doc. No. 3421 (Thor Industries, Inc. Preservation of Defenses), Affirmative Defense No. 13 and Rec. Doc. No. 198 (Dismissal of Thor Industries, Inc. from Master Complaint).

corporate entities.[27]  It would be improper to find, as plaintiffs ask the Court to do, that a suit against one subsidiary corporation should be treated as suit and/or notice against all of them.  The Defendants are not aware of any case law supporting this position and plaintiffs have not cited any.

In addition, the fact that some of the Thor Industries subsidiary companies are be represented by the same counsel or insured by the same policies does not make the proposed amendments proper.   The plaintiffs have not cited any cases that show common representation or overlapping insurance is a factor that the Court should consider under the "good cause" analysis required by Rule 16.  Moreover, Keystone Industries, Inc. was never part of the group of companies that were represented by the same counsel or covered by the same insurance policy.  The plaintiffs have not alleged otherwise.

The Court has already considered and denied a similar motion filed by another plaintiff.  That plaintiff, Corey Carter, initially filed his claims in an unmatched complaint against Gulf Stream and other defendants.   Then, approximately 18 months after his matching deadline, the plaintiff filed a motion for leave and sought to add himself into a matched complaint against Forest

---

[27] *See In re Ark-La-Tex Timber Co., Inc.*, 482 F. 3d 319 (5th Cir. 2007)(Fifth Circuit recognized general principle that corporate entities treated as distinct from each other, absent some reason to disregard that separateness such as fraud or criminal conduct).  *See also Dixon Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331 (5th Cir. 1999)(Fifth Circuit, addressing questions of minimum contacts for jurisdictional analysis, recognized that related corporate entities, such as parents and subsidiaries, are treated as distinct from each other).

River.[28] Forest River opposed the motion and the Court denied it, finding that the plaintiff had missed his opportunity to file a matching complaint and offered no legitimate reason why the Court should extend the deadline.[29] The Court's rationale should be applied here.

### 4. The plaintiffs are not entitled to relief under Federal Rule 15.

If the Court evaluates the pending motion under Rule 15(a), as suggested by the plaintiffs, the Court should still deny their motion. This is because the Court may evaluate "undue delay [and] undue prejudice" as part of a request for amendments under Rule 15.[30] The Court should also evaluate whether the "moving party failed to take advantage of earlier opportunities to amend."[31] At a certain point, the "time delay on a part of a plaintiff can be procedurally fatal."[32] Here, the plaintiffs have not explained why they delayed filing their proposed amendments. They have had numerous opportunities to amend, and have not done so. Permitting the plaintiffs to amend at this stage of the process would both delay the proceedings and prejudice the Defendants.

---

[28] *See* Rec. Doc. No. 22336 (Plaintiff Corey Carter's Motion for Leave to File Amended Complaint).

[29] Rec. Doc. No. 22999 (September 27, 2011 ruling).

[30] *Whitaker v. City of Houston*, 963 F. 2d 831, 836 (5th Cir. 1992) (citation omitted).

[31] *Lozano v. Ocwen Fed. Bank, FSB,* 489 F.3d 636, 644 (5th Cir. 2007).

[32] *Id.*

## Conclusion

For the reasons explained in this memorandum, the Court should deny the motion filed by the above-referenced plaintiffs.

Respectfully submitted,

*s/ Ryan E. Johnson*
_____
James C. Percy (La. Bar No. 10413)
Ryan E. Johnson (La. Bar No. 26352)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, LA  70809
Telephone: (225) 248-2080
Facsimile:  (225) 248-3080
          -and-
Madeleine Fischer (La. Bar No. 5575)
**JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE, LLP**
201 St. Charles Avenue, 49th floor
New Orleans, LA   70170
Telephone:  (504) 582-8000
Facsimile:  (504) 589-8208

*Counsel for Defendant Keystone RV Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed a copy of the foregoing pleading through the Court's CM/ECF system and that a copy of that pleading will be served on liaison counsel through that same system.

Baton Rouge, Louisiana, this 17th day of January, 2012.

*s/Ryan E. Johnson*

_____
Ryan E. Johnson