UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE: FEMA TRAILER | ) | MDL NO. 1873 |
| FORMALDEHYDE | ) | |
| PRODUCT LIABILITY LITIGATION | ) | |
| | ) | |
| ——————————————— | ) | SECTION: N(4) |
| | ) | |
| | ) | JUDGE: ENGELHARDT |
| THIS RELATES TO: | ) | MAG: ROBY |
| | ) | |
| Plaintiff: ——————————— | ) | |
| Blanca M. Alvarado | ) | |
| ——————————————— | ) | |

## PLAINTIFF FACT SHEET

## I.   INSTRUCTIONS

**IT IS VERY IMPORTANT FOR YOU TO COMPLETE THIS FORM IN ITS ENTIRETY IN ORDER TO PROTECT YOUR CLAIM.  THIS FORM MUST BE COMPLETED WITHIN THIRTY(30) DAYS OF THE TRANSFER OR FILING (AS DEFINED IN PRE-TRIAL ORDER NO. 2(DOC NO. 87)) OF YOUR COMPLAINT IN THIS LITIGATION OR YOU WILL NOT BE ABLE TO PARTICIPATE IN THIS LITIGATION.   ONCE COMPLETED, PLEASE IMMEDIATELY RETURN THIS FORM TO YOUR ATTORNEY.**

Please provide the following information for each person claiming a formaldehyde related injury as a result of living in a travel trailer or mobile home provided by FEMA after Hurricanes Katrina and Rita in August and September, 2005.  **A separate Plaintiff Fact Sheet must be completed for each individual claiming exposure to formaldehyde.  For example, a parent must complete a separate form for each minor child and a personal representative must complete a separate form for each deceased person.**  Whether you are completing this fact sheet for yourself or for someone else, please assume that "You" means the person who resided in or lived in the housing units.

If additional space is needed for any response, please attach additional sheets. If the person completing this Fact Sheet does not know or does not recall the information requested in any question, that response should be entered in the appropriate location.

Exhibit 3

## II.    PERSONAL INFORMATION

A.    Name (person completing form): Blanca M. Alvarado

B.    Maiden or other names used or by which you have been known: Iliana

C.    Current Street Address: 4101 Ole Miss Dr.  Kenner, LA 70065

D.    Home Telephone No.: 504- 466 4524
      Cell Phone No.:        none
      Work Telephone No:  n/a
      Other Telephone Nos.: n/a

E.    Email address: n/a

## III.   CASE INFORMATION

A.    If you are completing this questionnaire in a **representative** capacity (for example, on behalf of the estate of a deceased person or on behalf of a minor), please complete the following information on such person:

    1.    State which individual or estate you are representing:
       n/a

    2.    Maiden Or Other Names Used or By Which Such Person Has Been Known:
       n/a

    3    Address (or last known address if deceased):
       n/a

    4.    Home Telephone No.: n/a
       Cell Phone No.:        n/a
       Work Telephone No:  n/a
       Other Telephone Nos. n/a

    5.    E-mail address: n/a

    6.    If you were appointed as a representative by a court, state the:

2

Court: <u>n/a</u>                    Date of Appointment: <u>N/A</u>

7. What is your relationship to the deceased or represented person or person claimed to be injured? <u>n/a</u>

8. If you represent a decedent's estate, state the date of death of the decedent and the place where the decedent died:

   <u>n/a</u>
   Date  <u>N/A</u>

B. Please state the name and address of the attorney representing you:

   <u>Frank D'Amico   /   Frank J. D'Amico, Jr. APLC</u>
   Attorney's Name/Law Firm
   <u>New Orleans, LA 70113</u>
   City, State and Zip Code

C. Please state the following: (If you are a representative, please state this information for each such person being represented):

   1. Are you claiming that you have developed, or may have developed, a disease or illness as a result of being exposed to formaldehyde while residing in a FEMA-provided trailer or mobile home?
      Yes ☒    No ☐

   2. What is your understanding of the illness or disease you claim you have developed, or may in the future develop, from living in a FEMA trailer or mobile home? problems with the nose, breating problems,

   3. <u>During the time that you lived</u> in your FEMA trailer, did you experience or report to a physician any of the following symptoms?  If yes, place a check mark (✓) by the symptom that you experienced.

☒ irritation to eyes
☐ burning of eyes
☐ tearing of eyes
☒ irritation to nasal membranes (inside of nose)
☐ burning of nasal membranes (inside of nose)
☐ bleeding of nasal membranes (inside of nose)
☒ irritation or itching of skin
☐ burning of skin
☐ rashes on skin
☐ drying or scaling of skin
☒ scaling or itching of eyelids
☒ irritation or swelling of eyelids or eye area

☒ tingling or swelling of lips or face area
☒ headaches
☒ nausea
☐ vomiting
☐ bloody vomiting
☐ abdominal pain
☐ diarrhea
☐ difficulty in breathing
☐ wheezing
☐ shortness of breath
☒ persistent cough
☒ tightness of the chest

3

☐ bronchitis
☒ throat irritation
☒ hoarseness
☒ laryngitis
☐ pneumonia
☐ upper respiratory tract infections
☐ pulmonary edema
☒ asthma attacks for the first time in your life
☐ asthma attacks that are recurrence of
    childhood asthma
☒ allergies for the first time in your life
☐ worsening of allergies that you had previous
    to living in FEMA trailer

☒ allergic contact dermatitis
☐ dizziness
☐ unconsciousness
☐ convulsions or seizures
☐ blood in urine
☐ abnormal liver enzymes
☐ nephritis (inflammation of kidneys)
☐ low blood pressure
☐ hypothermia (low body temperature)
☐ miscarriage or stillbirth
☐ abnormal laboratory tests on blood
☐ abnormal laboratory tests on urine

Please list any other symptoms you have suffered as a result of residing in a FEMA trailer (not listed above) and any conditions for which you have been diagnosed by a physician. _____

none _____

_____

4. Since you moved into the FEMA trailer and up to the present date, have you been diagnosed with cancer? _____ No _____

If yes, which kind of cancer?
n/a _____

5. When do you claim this injury or disease first occurred? February 2006 _____

6. Did you ever suffer this type of illness or disease prior to living in the FEMA trailer?
Yes ☐    No ☒

If "Yes," when and who diagnosed the condition at that time?
n/a _____

7. Do you claim that your use of a FEMA trailer or mobile home worsened a condition that you already had or had in the past?
Yes ☐    No ☒

If "Yes," set forth the illness, disease or condition; whether or not you had already recovered from that illness, disease or condition before you began

4

residing in a FEMA trailer or mobile home and the date of your recovery, if any. n/a

8.  **Are you claiming mental and/or emotional damages as a result of residing in a FEMA trailer or mobile home?**
    Yes ☐        No ☒

    *If "Yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor, pastor or religious counselor) from whom you have sought treatment for any psychological, psychiatric or emotional problems during the last seven (7) years, state:

    Name and address of each person who treated or counseled you:
    n/a

    To your understanding, describe the condition for which treated:
    n/a

    State when you were treated for this psychological, psychiatric or emotional problem
    n/a

    List the medications prescribed or recommended by the physician or counselor
    n/a

9.  Are you making a claim for medical expenses as a result of the injury, illness or disease identified in C.2. above?
    Yes ☒        No ☐

    *If "Yes,"* state the amount of your claim:  Amt. to be Determined

5

## IV.   BACKGROUND INFORMATION

A.   Identify each **address** at which you have resided during the last five (5) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
| 4101 Ole Miss Dr. Kenner, LA 70065 | 2000-present |
| 725 Encarnate Kenner, LA | 10 Oct 2005 - 30 Oct 2005 |
| Nicaragua | August-10/ October 2005 |
| | |
| | |

B.   State Driver's License Number and State Issuing License: _____
005144830 - ID                       LA

C.   Date and Place of Birth: 4/8/1943                    Place: Rivas, Nicaragua

D.   Sex: Male ☐        Female ☒

E.   Identify the highest level of **education** (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|---|---|---|---|
| Rivas, Nicaragua | 1957-1960 | Comericial secretary | degree |
| | | | |
| | | | |

F.   Employment Information

1.   Current employer (if not currently employed, state your last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| none | | | |
| | | | |

2.   List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|---|---|---|---|
| none | | | |

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

3.  Are you making a wage loss claim, or claim of lost earning capacity as a result of your exposure to formaldehyde while residing in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* state the following:

a.  If you are making a claim for lost earnings and/or lost earning capacity, state your income from employment for each of the last five (5) years:

| Year | Income |
|---|---|
| N/A | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

b.  Total amount of time which you have lost from work as a result of any and all condition(s) related to residing in a FEMA trailer or mobile home, and the amount of income that you lost:

_____

_____

G.  Previous Claims Information

1.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any sickness or disease, excluding auto accidents?
Yes ☐        No ☒        Don't recall ☐

*If "Yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and nature of the sickness or disease._____

n/a_____

_____

7

## IV.    FAMILY INFORMATION

A.    To the best of your knowledge has any child, parent, sibling, or grandparent of yours suffered from any type of disease [such as asthma, shortness of breath, headaches, lung disease, liver disease, skin disease, neurological disease, allergies, or cancer].

Yes ☒        No ☐        Don't Know ☐

*If "Yes,"* provide the information below.

| Name | Relationship | Current Age (or Age at Death) | Medical Condition | Cause of Death (if applicable) |
|------|-------------|------------------------------|-------------------|-------------------------------|
| Ileana Bardales | Daughter | 33 | head aches | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

B.    Are you are claiming the wrongful death of a family member related to formaldehyde?

Yes ☐        No ☒

*If "Yes,"* state the name of the deceased and fill out a separate form for the deceased.

Name: n/a

## V.    FEMA TRAILER OR MOBILE HOME UNIT

Please respond to Sections V. A-E below, including all subparts, with respect to **each** FEMA trailer or mobile home that you have resided in. Attach additional sheets if necessary.

A.    Please provide the following information regarding the FEMA trailer or mobile home:

1.    Manufacturer of trailer or mobile home: Keystone

2.    VIN:    4YDT296236C128970

3.    FEMA Identification No.:    939588844

4.    Bar Code Number on FEMA housing unit: 1280255

8

5.    Was the temporary housing unit provided to you by FEMA a travel trailer or a mobile home?   Travel Trailer ☒    Mobile Home ☐

6.    Move-in Date: November 2005

7.    Move-out Date: February 2007

8.    Please state the mailing address and physical location for the FEMA trailer or mobile home unit.
      4101 Ole Miss Dr Kenner, LA 70065

9.    Was the FEMA trailer or mobile home located in a trailer park or on private property? Private Property

10.   State the reason you stopped living in the FEMA trailer or mobile home:
      House was finished

11.   Please state the approximate square footage of the FEMA housing unit: 200

12.   Please state the approximate length and width of the FEMA housing unit: don't know

13.   What is/was the average number of hours spent in the FEMA trailer or mobile home each day? 24

14.   Is/was the FEMA housing unit "jacked-up" on blocks (wheels off of the ground)?
      Yes ☒        No ☐

15.   Is/was the FEMA housing unit hooked up to a sewer line?
      Yes ☒        No ☐

16.   Is/was the FEMA housing unit hooked up to an electrical line?
      Yes ☒        No ☐

17.   Is/was the FEMA housing unit hooked up to natural gas line?
      Yes ☐        No ☒

18.   Is/was propane gas used in the FEMA housing unit?
      Yes ☒        No ☐

9

19. How many days per week did you work outside of the home during the time you lived in the FEMA trailer or mobile home? 0

20. Did you ever temporarily live in another location during the time you resided in the FEMA trailer or mobile home:
Yes ☐    No ☒

*If "Yes,"* please state the following:

Where did you temporarily live? n/a

For what period of time did you temporarily live in another location?
n/a

B. Have any air quality tests ever been performed on your FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* please state when the test was performed and who prepared this testing: n/a

C. Was your FEMA trailer or mobile home ever fumigated for insects or any other reason?
Yes ☐    No ☒

*If "Yes,"* please state the following:

Date and reason for fumigation: Date: n/a    Reason: n/a

D. Were any repairs, service, or maintenance performed on your FEMA trailer or mobile home?
Yes ☐    No ☒

*If "Yes,"* please state the date and reason for repair, service or maintenance:

E. Please state in the chart provided below the name and present address and telephone number of every person who resided in your FEMA trailer or mobile home, the period of time such person resided in the FEMA trailer or mobile home (however brief), and whether such person is making a claim for personal injury as a result of residing in the FEMA trailer or mobile home.

10

| Name | Current Age | Current Address and Telephone number | Dates lived in the FEMA trailer or mobile home | Making personal injury claim? | If "Yes," what is the nature of the personal injury? |
|---|---|---|---|---|---|
| Mario Alvarado | 64 | 4101 Ole Miss Dr. Kenner, LA 70065 | From November<br>To February 2007 | Yes ☒<br>No ☐<br>Don't Know ☐ | headaches, problems breathing, formaldehyde exposure |
| Blanca Alvarado | 66 | 4101 Ole Miss Dr. Kenner, LA 70065 | From November<br>To February 2007 | Yes ☒<br>No ☐<br>Don't Know ☐ | problems breathing,, formaldehyde exposure |
| | | | From ____<br>To ____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |
| | | | From ____<br>To ____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |
| | | | From ____<br>To ____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |
| | | | From ____<br>To ____ | Yes ☐<br>No ☐<br>Don't Know ☐ | |

## VI.   MEDICAL BACKGROUND

A.   Height: 5-04

B.   Current Weight: 141 lb

Weight prior to living in a FEMA trailer or mobile home: 137 lb

C.   Personal Smoking/Tobacco Use History:   *Check only the answer and that applies to you and fill in the blanks applicable to your history of smoking and/or tobacco use.*

☒   Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

☐   Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

11

      1.     Date on which smoking/tobacco use ended:_____

      2.     Amount smoked or used on average:
             _____ per day for _____ years.

☐   Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

      1.     Amount currently smoked or used on average:
             _____ per day for _____ years.

D.    Other Smoking/Tobacco Use History:

      If someone who resides or resided with you in your FEMA housing unit is or was a smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff, please state the following concerning their smoking history:

      1.     Amount smoked or used on average, if you know:
             2 _____ per day for 20 _____ years.

      2.     Relationship to you: husband_____

      3.     Please state whether the smoking occurred inside, outside or both. Smoked Outside_____

E.    Were you pregnant during the time in which you resided in a FEMA trailer or mobile home?
Yes ☐    No ☐

*If "Yes,"* what was the date of birth:_____.

Did your pregnancy terminate in a miscarriage or a stillborn child?
Yes ☐    No ☐

F.    Have you ever suffered from any of the following illnesses, diseases or abnormal physical conditions?

      1.     Lung or other respiratory disease
          Yes ☐    No ☒

          *If "Yes,"* please indicate the following:

          Name and description of each illness, disease, or abnormal condition:
          n/a_____

          The date of illness:
          n/a_____
          _____

      2.     Infectious disease (such as, tuberculosis, pneumonia, hepatitis)

Yes ☐          No ☒

*If "Yes,"* please indicate the following.

Name and description of each illness, disease, or abnormal condition:
n/a
_____

The date of illness:
n/a
_____

3.      Long-term stomach or bowel disease
        Yes ☐          No ☒

        *If "Yes,"* please indicate the following.

        Name and description of each illness, disease, or abnormal condition:
        n/a
        _____

        The date of illness:
        n/a
        _____

4.      Skin disease
        Yes ☐          No ☒

        *If "Yes,"* please indicate the following.

        Name and description of each illness, disease, or abnormal condition:
        n/a
        _____

        The date of illness:
        n/a
        _____

G.      Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

        1.      To your knowledge, have you ever had any of the following tests performed: chest X-ray, CT scan, MRI.

                Yes ☐          No ☒          Don't Recall ☐

                *If "Yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
| n/a | | | | |
| | | | | |
| | | | | |

13

## VII.  MEDICAL DIAGNOSIS

A.  Please identify the doctor or health care provider(s) who treated you for each disease, illness or injury that you claim you (or the person you represent) suffered as a result of **living** in a FEMA trailer or mobile home and the date of the diagnosis.

B.  Doctor's Name: <u>none</u> _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

Doctor's Name: _____
Specialty, if any: _____
Address: _____
Phone: _____
Treatment received: _____
Dates of treatment: _____

C.  If you are alleging psychological symptoms or emotional problems as a result of living in a FEMA trailer or mobile home, please identify any physician that you have received psychological care and provide a medical records authorization.
<u>none</u> _____
_____

D.  Has any health care professional told you that your alleged illness, disease, or injury is related to living in a FEMA trailer or mobile home?
Yes ☐        No ☒

*If "Yes,"* please provide the name and address of the health care professional.
<u>n/a</u> _____
_____

14

## VIII.  DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"Yes"* or *"No."* Where you have indicated *"Yes,"* please attach **a copy of** the documents and things to your responses to this Plaintiff Fact Sheet.

A.   Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this Plaintiff Fact Sheet.
Yes ☐        No ☒

B.   Standard Form 95 submitted to any federal agency regarding any claim related to a FEMA trailer or mobile home, including any and all attachments.
Yes ☒        No ☐

C.   Any test results from any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

D.   All bills from any physician, hospital, pharmacy, or other healthcare provider, if you incurred related medical expenses.
Yes ☐        No ☒

E.   Any questionnaires that you have filled out to assist any individual or entity with any testing done on your FEMA trailer or mobile home.
Yes ☐        No ☒

F.   Decedent's death certificate, if applicable.
Yes ☐        No ☒

G.   Report of autopsy of decedent, if applicable.
Yes ☐        No ☒

## IX.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

For each medical provider and pharmacy identified in Sections A through F below, please fill out and sign and date an attached authorization.  You must also sign and date five (5) blank medical authorizations and attach them to this Form.

You must also sign and date authorizations permitting social security disability and workers' compensation records to be requested, to the extent applicable.

15

A.    Identify your current family and/or primary care physician:

| Name | Address |
|------|---------|
| Dr. Ceratto | Williams Blvd  Kenner, LA |
|  |  |
|  |  |

B.    Identify your primary care physicians for the last seven (7) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
| Dr. Ceratto | Williams Blvd  Kenner, LA | 2008-present |
| Charity Hospital | Tulane Ave  New Orleans, LA | 2000- 2007 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C.    Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last seven (7) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
| none |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E.    Each physician or healthcare provider from whom you have received treatment **during** the last seven (7) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
| Dr. Cerratto | Williams Blvd  Kenner, LA | 2008-present |
| Charity Hospital | Tulane Ave  New Orleans, LA | 2000-2007 |
|  |  |  |

16

| | | |
|---|---|---|
| | | |
| | | |
| | | |

F.     Each pharmacy that has dispensed medication to during the last seven (7) years.

| Name | Address |
|---|---|
| Walmart | 300 West Esplanade   Kenner, LA |
| | |
| | |
| | |

## **CERTIFICATION**

I declare under penalty of perjury subject to 28 U.S.C. §1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct to the best of my knowledge, and that I have supplied all the documents requested in Part VIII of this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have signed the authorizations attached to this declaration.

| | | |
|---|---|---|
| _Alvarado_ | _Blanca M. Alvarado_ | _05-04-09_ |
| **Signature of Plaintiff** | **Print Your Name** | **Date** |

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO 45
C.F.R. § 164.508 (HIPAA)**

Name: _Blanca m. alvarado_

Date of Birth: _04-08-43_

Last Four Numbers of SSN: _7117_

I hereby authorize _____ (the
"Provider") to release all existing records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **Duplass, Zwain,
Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard, Suite 2900,
Metairie, LA 70002, and/or to the law firm of _____
_____and/or their designated agents.** These records shall be used or disclosed solely
in connection with the currently pending FEMA Formaldehyde product liability litigation
involving the person named above. This authorization shall cease to be effective as of the date
on which the above-named person's FEMA Formaldehyde product liability litigation concludes.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information. It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,
medical records provided as evidence of services provided, and any other documents or things
pertaining to services furnished under Title XVII of the Social Security Act or other forms of
public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or
copies thereof to the above attorney until the conclusion of the litigation. I understand that I
have the right to revoke in writing my consent to this disclosure at any time, except to the extent
that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.

      Any copy of this document shall have the same authority as the original, and may be substituted in its place.

Dated this __ day of _____, 2009.

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: FEMA TRAILER FORMALDEHYDE
PRODUCT LIABILITY LITIGATION

MDL No. 1873

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or lost
earning capacity.)**

Name: _Blanca M. Alvarado_

Date of Birth: _04-08-1943_

Last Four Numbers of SSN: _717_

    I hereby authorize _____ to release all
existing records and information in its possession regarding the above-named person's
employment and education (with the exception of W-4 and W-2 forms) to the law firm of
**Duplass, Zwain, Bourgeois, Morton, Pfister & Weinstock, 3838 N. Causeway Boulevard,
Suite 2900, Metairie, LA 70002, along with other defense counsel in the above-captioned
matter, the law firm of** _____
**and/or any of their designated agents.** These records shall be used or disclosed solely in
connection with the currently pending FEMA Formaldehyde product liability litigation involving
the person named above. This authorization shall cease to be effective as of the date on which
the above-named person's FEMA Formaldehyde product liability litigation concludes. I
understand that this authorization includes the above-named person's complete employment
personnel file with the exception of W-4 and W-2 forms (including attendance reports,
performance reports, medical reports, workers' compensation claims), and also includes all other
records relating to employment, past and present, all records related to claims for disability, and
all educational records (including those relating to courses taken, degrees obtained, and
attendance records). This listing is not meant to be exclusive.

    Any copy of this document shall have the same authority as the original, and may be
substituted in its place.

Dated this __ day of _____, 2009.

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on
his/her behalf:_____

NAME OF FACILITY:_____
Authorization for Use and Disclosure of Protected Health Information  (PHI)
pursuant to HIPAA Privacy/Regulations, 45 CFR§§ 160&164 and Louisiana Revised Statutes,
Title 40: 1299.41, *et seq.*, 40:1299.96 *et seq.*, 13:3715 *et seq.* and C.C.P. art. 1467

| Patient Legal Name | Birth Date | Social Security No. |
|---|---|---|
| Blanca M. Alvarado | 04-08-1943 | 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 |
| Address: 7101 Ole Miss Dr. Kenn | | Telephone No.: 504-466-4524 |
| City: Kenner          State: LA | | Zip Code: 70065 |

I hereby authorize the Medical Records Custodian of _____
To disclose medical record information and/or protect health information and to provide a complete and
certified copy of my entire record of the patient listed above to:
*Name.* ._____
*Title.* ._____
*Address.*_____
Purpose: To Protect My Legal Rights_____
For Treatment Date(s): All Available

| Type of Access | ☐ Abstract/pertinent | ☐ Lab | ☐ Progress Notes |
|---|---|---|---|
| | ☐ Emergency Room | ☐ Imaging/Radiology | ☐ Physician's Orders |
| Requested: | ☐ H&P | ☐ Cardiac Studies | ☐ Entire Record |
| | ☐ Consult Report | ☐ Face Sheet | ☐ Other_____ |
| | ☐ Operative Report | ☐ Nursing Notes | |
| | ☐ Rehab Services | ☐ Medication Record | |
| ☐ Copies of the records & | | | |
| ☐ Inspection of the record | | | |

     I acknowledge, and hereby consent to such, that the released information may contain
B.a.  alcohol, drug abuse, psychiatric, HIV testing, HIV results, or AIDS information.
*Initials*

This authorization shall expire upon the following expiration date or event (if I fail to specify an
expiration date or event, this authorization will expire in four [4] years from the date on which it
was signed):_____
You have my specific consent to meet and discuss in person or by telephone with my attorneys
only, any and all protected health information.

- I understand that I have a right to revoke this authorization at any time. I understand that if I revoke this authorization, I must
  do so in writing and present my written revocation to the above-named health care provider. I understand that the revocation
  will not apply to information that has already been released in response to this authorization. I understand that the revocation
  will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.
- I understand that the information used or disclosed pursuant to this authorization may be subject to re-disclosure by the
  recipient and no longer protected.
- Fees/charges will comply with all laws and regulations applicable to release information.
- I understand authorizing the use or disclosure of the information identified above is voluntary and I may refuse to sign. My
  refusal to sign will not affect payment for or coverage of services, or ability to obtain treatment.
- I understand that I may inspect or copy the information used or disclosed upon request.
- **You are specifically not authorized to speak or confer with anyone except me, or my attorneys,
  unless you have the written consent of my attorneys or me.**
Pursuant to HIPAA Privacy/Regulations, 45 CFR §§ 160 & 164.
I have read the above and authorize the disclosure of the protected health information as stated.

_____          _____
Signature of Patient/Legal Representative          Date
If signed by legal representative, relationship to patient: _____

## PRIVACY ACT RELEASE LANGUAGE

I, _Blanca M. Alvarado_ [insert name] understand that information

maintained by the Federal Emergency Management Agency (FEMA) and contained in

files related to disaster assistance provided to me by FEMA is subject to the Privacy

Act of 1974, 5 U.S.C. 552a. I hereby authorize FEMA to release to my attorney

_____, Plaintiffs' Liaison Counsel Justin Woods and

Gerald E. Meunier, and Defense Liaison Counsel Andrew D. Weinstock, information

contained in FEMA's Privacy Act files related to the travel trailer or mobile home unit

provided to me by FEMA.

Dated: _05-04-09_____

Name: _Blanca M. Alvarado_ (print legibly or type out name)

Signature: _JB Alvarado_____

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code) |
|---|---|
| Office of the General Counsel<br>Federal Emergency Management Agency<br>500 C Street S. W.<br>Washington, D.C. 20472 | Mrs. Blanca ~~Alvardez~~ Alvarado<br>4101 Ole Miss Drive<br>Kenner, LA<br>70065 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒CIVILIAN | 4. DATE OF BIRTH<br>4/8/43 | 5. MARITAL STATUS<br>married | 6. DATE AND DAY OF ACCIDENT<br>SEE ATTACHED RIDER | 7. TIME (A.M. OR P.M.)<br>unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)
The United States of America (U.S.), through its agencies, including but not limited to the Federal Emergency Management Agency (FEMA) was negligent, reckless, careless, grossly negligent and acted with deliberate indifference to the health and safety of the public and the claimant herein by failing to provide the claimant with a housing unit that was reasonably safe and not dangerous. The U.S. and its agencies, including but not limited to FEMA, breached its duty to provide reasonably safe and habitable housing by providing a trailer housing unit to the claimant that exposed claimant to excessive and unsafe levels of formaldehyde. The U.S. and its agencies, including but not limited to FEMA, provided a trailer housing unit that contained building materials which emitted formaldehyde in excess of acceptable limits. The trailer housing unit provided to claimant was in violation of local, state, national and international statutes, regulations and trade group standards regarding formaldehyde exposure. The U.S. and its agencies, including but not limited to FEMA failed to insure(see rider

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
Trailer provided by FEMA. Exact ownership unknown.

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED.
(See Instructions on reverse side.)
FEMA has picked up trailer and now has possession.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
The claimant has suffered and continues to suffer from eye, nose and throat irritation, headache, nausea, asthma like symptoms, shortness of breath, emotional distress, fear of illness, including cancer. The foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claimant all damages flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA)

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| n/a | Claimants, other occupants, other persons and public officials too numerous to list. | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>$135,000 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$135,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*B Alvarado* | 13b. Phone number of person signing form<br>504-466-4524 | 14. DATE OF SIGNATURE<br>3/5/08 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

16. Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

N/A

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☐ No   17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. Authority: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. Principal Purpose: The information requested is to be used in evaluating claims.
C. Routine Use: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. Effect of Failure to Respond: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95   BACK

RIDER

6. Claimant became aware of the potential exposure within the last two years.

8. Basis of Claim (state in detail the known facts and circumstances attending the damage, injury or death, identifying the persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

that the trailer housing units provided to claimant were suitable for their intended use. The U.S. and its agencies, including but not limited to FEMA, failed to properly inspect the units to make certain that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, provided trailer housing units that failed to adhere to express and/or implied warranties of habitability and fitness. The U.S. and its agencies, including but not limited to FEMA, failed to warn claimant that claimant was being exposed to dangerously high levels of formaldehyde. The U.S. and it agencies, including but not limited to FEMA, failed to provide the proper specifications to the manufacturers of the trailer housing units to ensure that they were in compliance with all local, state, federal and international regulations and standards. The U.S. and its agencies, including but not limited to FEMA, intentionally and with reckless indifference to the safety of claimant and the public in general, concealed and knowledge of the excessive levels of formaldehyde in the trailer housing units. The U.S. and its agencies, including but not limited to FEMA, failed to immediately relocate the claimant after learning of the excessive levels of formaldehyde, further exposing claimant and failed to provide medical care for those suffering from such exposure injuries. The U.S. through its agencies, including but not limited to FEMA, has engaged in a concerted effort to "cover-up" and conceal testing results of the formaldehyde levels in the trailer units provided to claimant and others. The foregoing actions by the U.S. and its agents were in violation of and constituted a deprivation of the claimant's state and federal constitutional rights, privileges and immunities. The claimant is demanding all damages recoverable under the applicable state constitutions, the Constitution of the United States, 42 USC section 1983, and all applicable law, state and federal statutes or ordinances, which allow for recovery of damages flowing from the deprivation of a constitutional right, privilege or immunity. Moreover, the U.S. and its agencies, including but not limited to FEMA, are liable under all state tort law remedies found applicable herein.

10. The claimant has suffered and continues to suffer from eye, nose and/or throat irritation, nose bleeds, headaches, nausea, asthma like symptoms and respiratory problems, shortness of breath, emotional distress, fear of illness, including cancer, and or increased risk of cancer. The full residual effects are yet unknown, but are serious in nature. And foregoing are a direct result of exposure to excessive levels of formaldehyde, a known carcinogen. The claimant has and will continue to suffer, and experience fear, anxiety and distress because of the risk of latent and/or future disease resulting from the exposure. Claimant will require medical monitoring for life to check for signs of formaldehyde based injury. Claimant is also claiming all damages, flowing from the deprivation of constitutional rights, privileges and immunities as set forth in #8 (SUPRA).

## CROWN ROOFING PREVENTATIVE MAINTENANCE INSPECTION FORM

| | | | |
|---|---|---|---|
| PM INSPECTION NUMBER | 30858 | 0374 SITE CONTROL # | SC-03-018763 |
| PM INSPECTION DATE | | PHONE NUMBER | (804)4664524 |
| TENANTS NAME | MARIO   ALVARADO | TECHNICIAN | ?  Bonnie Chatel |
| STREET ADDRESS | 4101 OLE MISS DR | MANUFACTURER | |
| CITY, ZIP CODE | KENNER   LA  70065- | MODEL | |
| PARISH | Jefferson | BAR CODE | 1280255 |
| VIN | 4YDT296236C128970 | | |

| | Pass | Fail | Comments |
|---|:---:|:---:|---|
| Propane Tanks / Cover / Detectors | ☐ | ☐ | |
| Unit Level / Foundation Supports / Anchor Straps | ☐ | ☐ | |
| Exterior Lights / Siding / Windows | ☐ | ☐ | |
| Water Supply Connections | ☐ | ☐ | |
| Sewer Connections / Holding Tanks | ☐ | ☐ | |
| Elec. Service Panel | ☐ | ☐ | |
| Steps / Ramps / Handrails / Deck | ☐ | ☐ | |
| Exterior Door(s) / Locks / Hardware | ☐ | ☐ | |
| Fire Extinguisher - Present/Charged | ☐ | ☐ | |
| Smoke / LP / CO Detectors | ☐ | ☐ | |
| Flooring / Walls / Ceilings / Window Covering | ☐ | ☐ | |
| Glass - Mirrors / Doors / Hardware | ☑ | ☐ | |
| Light Fixtures / Receptacles / Switches / GFCI | ☑ | ☐ | |
| Cabinets - Doors / Drawers | ☐ | ☐ | |
| Plumbing Fixtures / Pipes / Sinks | ☐ | ☐ | |
| Beds / Furniture / Cushions / Mattresses | ☐ | ☐ | |
| Shower / Tub Fixtures / Enclosures / Hand Rails | ☐ | ☐ | |
| Toilet - Connection / Floor Mount | ☐ | ☐ | |
| Cooktop / Range / Vent / Microwave | ☑ | ☐ | |
| Refrigerator / Water Heater | ☑ | ☐ | |
| HVAC Unit / Thermostat / Filter | ☐ | ☐ | |
| Interior Electrical Panel / Fuses | ☐ | ☐ | |
| Other: | ☐ | ☐ | |

| | | | |
|---|---|---|---|
| Technician: | Signature | Print Name | Date |
| Resident: | Signature | Print Name | Date |

**OCCUPANT REQUIRED TO REPORT ALL FINDINGS FOR "REPAIRS REQUIRED" AS NOTED ABOVE TO MAINTENANCE CALL CENTER**

24/7 Maintenance / Deactivation Service Contact Number
**1-800-495-2804**

WHITE COPY TO CROWN, YELLOW COPY TO SUB, PINK COPY TO FEMA, GOLD COPY TO RESIDENT





**MARIO ALVARADO**
**C/O MARIO ALVARADO**
**19127 TOBACCO RD**
**KATY, TX 77449-5240**

Please include this cover page with any fax or mail that you send FEMA.

## *9395888441603*

e.   Occupant will not make any changes or structural alterations, disable any safety devices (i.e. smoke detectors); paint any portion of the unit; and/or install any awnings, or other projections including, but not limited to, radio or television aerials or satellite dishes on the unit, without the prior written consent of FEMA.

f.   FEMA will retain duplicate keys to all of the doors of the unit. Subject to a minimum of twenty-four (24) hours prior written notice, FEMA or its managing agency, will have access to the unit during reasonable business hours to make inspections or to make repairs. In the case of an emergency, prior notice is not required. Occupant will not, without FEMA's prior written consent, alter, re-key or install any locks to the unit or install any security system.

8.   Occupant will not assign or transfer this Agreement or sublet any portion of the unit described above. In the event the Occupant vacates the unit, with or without notice to FEMA, this Agreement, will be deemed terminated, and FEMA will have the right to re-enter and take immediate possession. Occupant accepts liability for any unpaid utilities, damages or other costs if applicable. If Occupant vacates the premises without giving notice, that is, abandons the unit, Occupant accepts liability for damages resulting from the abandonment.

9.   FEMA may terminate this Agreement, at any time, by giving Occupant a written Notice of Termination, 15 days prior to the date of termination. Reasons for termination, under this notice provision include, but are not limited to, the following: (a) adequate alternate housing is available; (b) the occupant(s) does not provide evidence documenting that they are working towards a permanent housing plan; (c) failure to reimburse FEMA when funds are received from insurance coverage; (d) the period of assistance expired under § 206.110(c); (e) failure to pay utility, or other appropriate charges; (f) failure to utilize and maintain the unit; (g) determination that temporary assistance was obtained through misrepresentation or fraud; (h) causing or permitting any disturbing noises, objectionable or improper conduct or any other act which will unreasonably interfere with the right, comforts or convenience of others; and (i) Occupant's failure to comply with any term of this Agreement.

FEMA may terminate this Agreement, at any time, by giving Occupant a written Notice of Termination, 24 hours prior to the date of termination for the following: acts or conduct which pose an imminent threat to public health or safety.

A Notice of Termination will state: (1) the reasons for termination; (2) the date of termination; and (3) the administrative procedures required for appeal if Occupant wishes to dispute the termination. Upon termination of the Agreement, FEMA shall have the right to re-enter and take possession of the unit.

10.   If Occupant does not vacate the unit at the termination of this Agreement, Occupant will be responsible for reimbursing FEMA for use of the unit, accruing from the date of the notice to terminate.

11.   If Occupant decides to move from or vacate the unit, Occupant must provide written notice to FEMA at the following address;

FEMA 1-800 621-3362          Relcet 1-866 322-9761

12.   The Occupant agrees to abide by the park rules if the unit is a mobile home or travel trailer situated on a group site maintained by FEMA, or its managing agency, or if the unit is a mobile home or travel trailer situated in a commercial park. Failure to abide by the park rules will constitute grounds for terminating this Agreement.

13.   For a private site, occupant agrees to comply with all relevant local ordinances. Failure to abide by local ordinances will constitute grounds for terminating this agreement. Occupant further agrees that FEMA is granted a right of entry on private property to repossess the unit in the event of termination as set forth in paragraph 9 and to hold FEMA and its agents harmless for any damage as a result thereof.

14.   Occupant and FEMA agree that this Agreement, with any attachments hereto, constitutes the entire agreement of the parties. Any modifications or changes to this Agreement must be in writing, signed by the parties, and attached to this Agreement.

15.   It is understood and agreed that the unit herein is provided under emergency conditions as disaster relief with the assistance of the United States of America, and that the use and occupancy of the unit will, in addition to the terms and conditions set forth, be governed by rules, regulations, decisions, and emergency authority of the United State of America acting by and through FEMA or its managing agency.

The parties hereby agree to the terms of this Agreement.

_____    _____
Date       FEMA Representative           Date            Occupant

FEDERAL EMERGENCY MANAGEMENT AGENCY
INDIVIDUALS and HOUSEHOLDS PROGRAM (IHP)
TEMPORARY HOUSING OCCUPANCY AGREEMENT                    *Copy*

FEMA APPLICATION/ REGISTRATION NO.:_____   Federal Disaster Declaration No.:_____
LOCATION OF TEMPORARY RESIDENCE:
State: _____        Parish/County:_____

This Agreement made and entered into on _____*Sept. 6*_____, 200*6*, between the Federal Emergency Management
Agency, herein called "FEMA" and _____*Mario Alvarado*_____ herein called the "Occupant".

1.   FEMA hereby allows Occupant use of the following described premises _____
_____
              *(Complete address, including unit number. Attach map or narrative description if rural route)*

     1) Manufactured Housing Unit          ☐ Furnished        Number of bedrooms    _____
     ☐ Other (Specify) _____      ☐ Unfurnished      Number of baths       _____

     Additional description of premises: *BC 1280255    VIN: 4YDT2963C12897C*
     _____ This assistance is to be used exclusively as a family residence and
     solely for Occupant's household listed as follows: _____
     _____. The Occupant must notify FEMA, in writing, within 7 days of any change in household
     composition. FEMA reserves the right to relocate Occupant to other premises at any time.

2.   All parties agree that this Agreement is not intended to, nor does it create, a relationship of Landlord and Tenant between FEMA
     and Occupant. Occupant further agrees and understands that this Agreement does not create a property interest of Occupant in
     the unit.

3.   Occupant understands that FEMA is providing this unit as temporary housing assistance to respond to the disaster-related
     housing needs of Occupant. Temporary housing assistance, including direct housing assistance, is a discretionary benefit under
     42 U.S.C. § 5174 and 44 CFR § 206.117. Occupancy of the above-described unit is subject to recertification of continuing
     eligibility for direct housing assistance, the termination provisions in paragraph nine (9) hereof, and 44 CFR § 206.117.
     Occupant acknowledges that the premises provided herein are temporary and it is expressly understood that this Agreement in no
     way guarantees continued assistance.

4.   Occupant agrees to diligently work to obtain permanent accommodations at the earliest possible date. Occupant further agrees to
     accept adequate alternate housing when it becomes available.

5.   If Occupant is eligible for any payments or allowances for temporary housing needs from insurance, such as Additional Living
     Expenses (ALE), Occupant agrees to reimburse FEMA for the cost of using the unit provided, or the housing portion of the
     monthly ALE benefit, whichever is less.

6.   Occupant is responsible for the payment of all utility charges during the term of occupancy, including deposits.

7.   Maintaining Unit:
     a.   Occupant agrees to promptly notify FEMA or Party identified by FEMA responsible for maintenance when any damage
          or defect is found so that repairs can be made as necessary. The Party responsible for providing maintenance services is
          *SHAW* _____ and can be reached at (Phone) *1-866-903*
          If damages or injury occur as a result of Occupant's failure to report any damage or defect found within the unit, Occupant
          will be liable for the resultant damages and injury.                                                       *7429*
     b.   Occupant will make no major repairs to the unit without FEMA's prior written consent. FEMA will not pay for repairs
          made by Occupant without prior written consent.
     c.   Occupant agrees to keep the unit in a clean and orderly condition. Occupant agrees to surrender the unit in as good a state
          and condition as it was in at the commencement of the Agreement, less ordinary wear and tear. Occupant will be charged
          for any costs or repairs that are the result of abuse or negligence of Occupant, Occupant's family or guests.
     d.   The condition of the unit, and the furnishings and other property provided in the unit by FEMA, will be inspected and will
          be inventoried at the commencement date of this Agreement. A copy of the inspection and inventory checklist of such
          property and unit will be signed by the Occupant and will be attached to and made a part of this Agreement. At the
          expiration of this Agreement, Occupant will return the furnishings and other property in the condition existing at the time of
          move-in, less ordinary wear and tear, or will pay the reasonable value for any items not returned to FEMA in such condition.
          All personal property placed in the unit will be at the sole risk of Occupant, for which FEMA assumes no liability.